1  KEKER & VAN NEST LLP
   JOHN W. KEKER - #49092
2  DANIEL PURCELL - #191424
   EUGENE M. PAIGE - #202849
3  PAULA L. BLIZZARD - #207920
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Defendant
   LUCASFILM LTD.

7

   [Additional Counsel and Parties Listed on Signature Pages]
8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

                            CV 11 2509
12

13 | SIDDHARTH HARIHARAN, individually | Case No.
   | and on behalf of all others similarly situated, | [Removed from Alameda County Superior
                                                    | Court Action No. 11574066]
14 |                          Plaintiff,

15 |            v.                          | **JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453**
16 | ADOBE SYSTEMS INC., APPLE INC.,
   | GOOGLE INC., INTEL CORP., INTUIT
17 | INC., LUCASFILM LTD., PIXAR, AND
   | DOES 1-200,                           | Date Comp. Filed:   May 4, 2011
18 |
   |                          Defendants.
19

20

21

22

23

24

25

26

27

28

JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453, Defendants LUCASFILM LTD. ("Lucasfilm"), ADOBE SYSTEMS, INC. ("Adobe"), APPLE INC. ("Apple"), GOOGLE INC. ("Google"), INTEL CORP. ("Intel"), INTUIT INC. ("Intuit"), and PIXAR (collectively, "Defendants"), hereby jointly remove this action, initially filed in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California, San Francisco Division.

## I. REMOVED CASE

1. The removed case is a civil action filed on May 4, 2011, in the Superior Court of the State of California for the County of Alameda, styled *Hariharan v. Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1 - 200*, Case No. CIV 11574066. A copy of the Complaint is attached to the Declaration of Cody S. Harris in Support of the Notice of Removal ("Harris Decl.") ¶ 2 & Ex. A ("Compl."), filed concurrently herewith.

2. Plaintiff Siddharth Hariharan filed the removed action against Defendants, purporting to act individually and on behalf of others similarly situated. Plaintiff brings three state-law claims against Defendants: alleged violations of (1) the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 *et seq.*; (2) Cal. Bus. & Prof. Code § 16600; and (3) Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiff seeks declaratory and injunctive relief, unspecified damages "for restitution and ill-gotten gains as allowed by law and equity," and attorneys' fees and costs. Compl. at 23-24.

## II. REMOVAL IS TIMELY

3. Defendants received notice of this action on May 4, 2011, when each was served a copy of the Complaint and Summons. Harris Decl. ¶¶ 7-13 & Exs. E-K (Proofs of Service).

4. A defendant has 30 days from receipt of the first pleading setting forth a removable claim to file a notice of removal in federal district court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). This Notice of Removal is based on the Complaint served on May 4, 2011, less than 30 days ago, and is

1

JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

therefore timely filed.

## III. PAPERS FROM REMOVED ACTION

5. In accordance with 28 U.S.C. § 1446(a), Defendant Lucasfilm attaches herewith a true and correct copy of all process, pleadings, and orders filed in the state court action as of the date of this Notice. Harris Decl. ¶¶ 3-13 & Exs. A-K.

## IV. GROUNDS FOR REMOVAL

6. The various defendants assert two independent bases for removing this action to this Court. First, defendant Lucasfilm removes this case to this Court on the ground that Plaintiff's and the putative class's claims against Lucasfilm arise from alleged torts occurring on a federal enclave, the Presidio of San Francisco, where Lucasfilm is located. All other Defendants join in removing on this basis. Second, all defendants remove this case to this Court on the ground that this Court has jurisdiction over this case under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d).

### A. First ground for removal: federal enclave jurisdiction

7. Because Plaintiff's and the putative class's claims against Lucasfilm arise from alleged torts occurring on a federal enclave—the Presidio of San Francisco, where Lucasfilm is located—this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that federal district courts have original jurisdiction over claims "arising under the Constitution, laws or treaties of the United States." For the same reason, this action may be removed from state court to this Court under 28 U.S.C. § 1441(b).

8. Federal courts have exclusive jurisdiction over claims for relief arising on federal enclaves—land ceded by states to the federal government. U.S. Const. art. I, § 8, cl. 17; *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005). Further, when a piece of land becomes a federal enclave, federal—not state—law governs the ceded area, although state law that existed at the time the land was ceded is assimilated into federal law. *See Macomber v. Bose*, 401 F.2d 545, 546 (9th Cir. 1968). Causes of action based on such assimilated state law "arise under federal law and are properly the subject of federal jurisdiction." *Id.*

9. Because of this assimilation of state tort law into federal law on federal enclaves,

federal courts have federal question jurisdiction over tort claims arising on federal enclaves. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2005); *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977).

10. The Presidio of San Francisco is a federal enclave that was ceded by California to the United States in 1897. *See* Cal. Stat. 1897, p. 51. Numerous courts have recognized the Presidio's status as a federal enclave. *See Standard Oil Co. v. California*, 291 U.S. 242, 244 (1934); *Totah v. Bies*, No. C 10–05956 CW, 2011 WL 1324471, *2 (N.D. Cal. Apr. 6, 2011); *Klausner v. Lucasfilm Entm't Co.*, No. 09-03502, 2010 WL 1038228, *2-4 (N.D. Cal. Mar. 19, 2010); *Rosseter v. Industrial Light & Magic*, No. C 08-04545, 2009 WL 210452, *2 (N.D. Cal. Jan. 27, 2009); *United States v. Perez*, No. CR-06-0001, 2006 WL 2850018, *2-7 (N.D. Cal. Oct. 4, 2006); *Swords to Plowshares*, 423 F. Supp. 2d at 1034-36; *Volk v. United States*, 57 F. Supp. 2d 888, 893 (N.D. Cal. 1999).

11. Since July 2005, Defendant Lucasfilm has been located in the Letterman Digital Arts Center on the Presidio of San Francisco. Declaration of David Anderman in Support of Notice of Removal ("Anderman Decl.") ¶ 2; *see also Totah*, 2011 WL 1324471, *1 ("Lucasfilm is located on the Presidio, a federal enclave"). Indeed, the Complaint expressly alleges that Lucasfilm's "principal place of business" is "located at 1110 Gorgas Ave., in San Francisco, California, 94129." Compl. ¶ 25. That address is located on the Presidio, a fact over which this Court may and should take judicial notice. Indeed, in other suits involving Lucasfilm, this Court has routinely taken judicial notice of Lucasfilm's location on the federal enclave of the Presidio, and held that, because of its residence on the Presidio, Lucasfilm is subject exclusively to federal law. *See Totah v. Bies*, No. C 10–05956 CW, 2011 WL 1324471, *2 (N.D. Cal. Apr. 6, 2011); *Klausner v. Lucasfilm Entm't Co.*, No. 09-03502, 2010 WL 1038228, *2-4 (N.D. Cal. Mar. 19, 2010); *Rosseter v. Industrial Light & Magic*, No. C 08-04545, 2009 WL 210452, *2 (N.D. Cal. Jan. 27, 2009).[1]

---

[1] As the *Totah*, *Klausner*, and *Rosseter* courts recognized, this Court may take judicial notice of the fact that Lucasfilm is located on the Presidio based on paragraph 25 of the Complaint and the Department of Interior map attached hereto, *see* Harris Decl. ¶ 14 & Ex. L, and Lucasfilm requests that it do so. Lucasfilm's location is judicially noticeable because it is "not subject to

3

JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

12. In determining whether federal enclave jurisdiction applies, courts look to "where the alleged unlawful acts took place." *Klausner*, 2010 WL 1038228, at *7. Removal to federal court based on federal enclave jurisdiction is proper where "some of the events alleged in the Complaint with regard to" certain defendants "occurred on a federal enclave." *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1336 (N.D. Ala. 2010); *see also, e.g., Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007) (holding that federal enclave jurisdiction applied to plaintiff's claims because relevant events occurred on the enclave); *Osburn v. Morrison Knudsen Corp.*, 962 F. Supp. 1206, 1209 (E.D. Mo. 1997) (finding federal enclave jurisdiction based on allegations of "defendant's employment practices on the federal enclave"); *Snow v. Bechtel Const. Inc.*, 647 F. Supp. 1514, 1521 (S.D. Cal. 1986) (dismissing state-law wrongful-termination claim where relevant events occurred on a federal enclave).

13. Here, Plaintiff alleges in his Complaint that he was a Lucasfilm employee from January 2007 until August 2008. Compl. ¶ 19. During that entire period of time, Lucasfilm was located, and Plaintiff worked, on the federal enclave of the Presidio. Anderman Decl. ¶ 4. Plaintiff further alleges that Lucasfilm entered into an agreement with other Defendants that was designed to "eliminate competition between them for skilled labor," which, during Plaintiff's employment, was allegedly enforced from and caused him economic harm on the Presidio. *Id.* ¶¶ 51-85. In fact, since Lucasfilm moved to the Presidio in July 2005, its executive offices and human resources department have been located, and its employment decisions have been made, on the Presidio. Anderman Decl. ¶ 3.

14. Because Plaintiff contends that Lucasfilm, from its residence on a federal enclave, entered into and enforced an improper agreement with other Defendants, and that he, as a Lucasfilm employee, and the putative class were harmed by that agreement during the time that he was employed and worked on that federal enclave, the "alleged unlawful acts" giving rise to Plaintiff's and the putative class's claims for relief against Lucasfilm "took place" in the federal enclave. *Klausner*, 2010 WL 1038228, *7. Accordingly, this Court has jurisdiction over this

---

reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

4
JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

1  action and removal is proper.

2  15. All other Defendants join in removal on this ground. The undersigned counsel also aver that all named defendants consent to removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [for removal].").

### B. Second ground for removal: Diversity jurisdiction under CAFA

16. This Court also has jurisdiction over this action pursuant to CAFA. 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction of any civil action in which the matter in controversy exceeds, in the aggregate, $5,000,000 (exclusive of interest and costs) and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant. Further, 28 U.S.C. § 1453 allows a defendant to remove a class action from state court to a federal district court without regard to whether any defendant is a citizen of the State in which the action is brought.

### Diversity of Citizenship.

17. The Complaint demonstrates on its face that the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied. Plaintiff purports to represent a class of "[a]ll natural persons employed by Defendants in the United States," and further states that class members are located throughout the United States. Compl. ¶¶ 29, 30. The Complaint thus alleges that some of the proposed class members are not citizens of California. The Complaint also alleges that Defendants are all California citizens. Compl. ¶¶ 12, 20-26. Thus, the minimal diversity required under Section 1332 is satisfied because one or more members of the proposed plaintiff class is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### Amount in Controversy.

18. Where, as here, the complaint does not specify the amount of damages sought, the removing defendants must show only by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)

5
JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

1  ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the
2  amount in controversy" satisfies the federal diversity jurisdictional amount requirement.). This
3  "burden is not daunting, as courts recognize that under this standard, a removing defendant is not
4  obligated to research, state, and prove the plaintiffs' claims for damages." *Ray v. Wells Fargo*
5  *Bank, N.A.*, No. CV 11–01477 AHM (JCx), 2011 WL 1790123, *5 (C.D. Cal. May 9, 2011); *see*
6  *also Helm v. Alderwoods Group, Inc.*, No. C 08-01184 SI, 2008 WL 2002511, *5 (N.D. Cal.
7  May 7, 2008) (fact-intensive inquiry not required to establish amount in controversy by
8  preponderance of the evidence, as "defendants cannot be expected to try the case themselves for
9  purposes of establishing jurisdiction").

10    19.    Defendants do not concede that this action may be maintained as a class action or
11 that the proposed class is owed in excess of $5,000,000 or any amount whatsoever, but the facts
12 alleged in the Complaint make clear that the amount "in controversy" exceeds $5,000,000. The
13 Complaint alleges three causes of action, all of which are putative class claims, and one of which
14 seeks treble damages. Compl. ¶ 102 (alleging violation of the Cartwright Act, Cal. Bus. & Prof.
15 Code §§ 16720, *et seq.*, and seeking treble damages on behalf of all class members).

16    20.    Plaintiff purports to bring these claims on behalf of a nationwide class of all
17 salaried, non-retail employees of the seven Defendants over a five-year period. Paragraph 29 of
18 the Complaint describes the purported class as follows:

> All natural persons employed by Defendants in the United States
> on a salaried basis during the period from January 1, 2005 through
> January 1, 2010. Excluded from the class are retail employees;
> corporate officers, members of the boards of directors, and senior
> executives of Defendants who entered into the illicit agreements
> alleged herein; and any and all judges and justices, and chambers'
> staff, assigned to hear or adjudicate any aspect of this litigation.

23    21.    Plaintiff does not define the terms "salaried basis" or "retail employees" in the
24 Complaint. Nevertheless, Defendants have undertaken an initial effort to determine the number
25 of proposed class members. The seven Defendants combined presently have more than 83,300
26 salaried or exempt employees in the United States. *See* Declarations of Jack Gilmore ("Gilmore
27 Declaration") ¶ 3, Joel Podolny ("Podolny Declaration") ¶ 3, Rhonda Hjort ("Hjort Declaration")
28 ¶ 3, James M. Kennedy ("Kennedy Declaration") ¶ 3, Debbie R. Oldham-Auker ("Oldham-

6
JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

Auker Declaration") ¶ 2, Declaration of Tadhg Bourke ("Bourke Declaration"), Declaration of Kumud Kokal ("Kokal Declaration") ¶ 3. Therefore, based on Defendants' initial inquiry alone, it is clear that the purported class as described in the Complaint consists of more than 83,300 members. To avoid the $5,000,000 threshold under Section 1332(d), plaintiff would have to seek less than $20 per class member on a pre-trebled basis. That would be less than $4 per year per purported class member. Assuming conservatively for purposes of this Notice of Removal that the proposed class members had an annual salary of $35,000, which is less than the average nationwide per capita personal income in the United States for each of the five years of the purported class period,[2] Plaintiff could avoid the $5,000,000 threshold only if he sought damages for the purported class that constituted less than 1/100th of 1% of their annual salary.

22. Plaintiff is not so modest in his Complaint. The centerpiece of his Complaint is that Defendants allegedly agreed in separate bilateral agreements to refrain from "cold calling" each other's employees, which he alleges is a "key competitive tool" that has "a significant impact on employee compensation." Complaint ¶¶ 39, 40. He describes each of the separate alleged agreements as having the effect of "suppressing the compensation" of employees, *id.* ¶¶ 49, 56, 62, 67, 73, 78, 83, and he recites the DOJ's claim that the alleged agreements "substantially diminished competition to the detriment of the affected employees." *Id.* ¶ 87. These allegations are not consistent with a claim that the purported class members' salaries were suppressed by $4 per year.

23. Plaintiff also seeks attorneys' fees under the Cartwright Act for prosecuting this action—further increasing the amount in controversy. Compl. ¶¶ 102, Prayer at 10. Where, as here, the statute underlying a plaintiff's claim permits attorneys' fees, those fees are included in amount in controversy. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (upholding denial of remand motion where district court added attorneys' fees equaling 12.5% of alleged economic damages to determine amount in controversy); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11–01477 AHM (JCx), 2011 WL 1790123, *7 (C.D. Cal. May 9,

---

[2] *See* Harris Decl. ¶ 15 & Ex. M (U.S. Bureau of Economic Analysis, Survey of Current Business, available at http://www.census.gov/compendia/statab/2011/tables/11s0677.pdf).

2011) (denying motion for remand and adding attorneys' fees equaling 25% of alleged economic damages to determine amount in controversy). Defendants cannot know at this early stage of the litigation the amount of attorneys' fees that Plaintiff will incur, but the law firm representing Plaintiff in this matter has repeatedly sought attorneys' fee awards in other cases of millions of dollars. *See, e.g., Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 WL 1687829, *1 (N.D. Cal. Apr. 22, 2010) (awarding $4.5 million in attorneys' fees to same law firm representing Plaintiff in this case); *Satchell v. FedEx Exp.*, Nos. C 03-2659 SI, C 03-2878 SI, 2007 WL 2343904, *1 (N.D. Cal. Aug. 14, 2007) (awarding $5.8 million in attorneys' fees to same law firm representing Plaintiff in this case, and describing amount as less than the reasonable "lodestar" amount incurred).

24.    The amount in controversy here plainly exceeds $5,000,000, and Plaintiff makes no attempt to plead otherwise. *See Ray*, 2011 WL 1790123 at *5 ("If Plaintiff truly intended to limit the amount in controversy for all claims and requests for relief under the jurisdictional minimum, he could have done so.").

**No Jurisdictional Exception Applies.**

25.    Finally, Plaintiff cannot meet his burden to establish that any jurisdictional exception under CAFA applies, because fewer than two-thirds of the proposed class members are California citizens. *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(I) (requiring Court to decline to exercise jurisdiction if "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"); § 1332(d)(4)(B) (same). In an obvious effort to avoid removal to federal court, Plaintiff makes the unsupported and conclusory allegation that "at least two-thirds of all class members are citizens of the State of California." Compl. ¶ 8. This allegation is not only at odds with Plaintiff's later allegation that "at least a majority of class members resided in or sought employment from Defendants in California," Compl. ¶ 15, it is also inconsistent with the facts. As described in the declarations filed herewith, only 51% of the current (or in the case of Intuit, the whole class period) U.S.

8
JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

salaried or exempt employees of the Defendants are located in California.[3] *See* Gilmore Declaration ¶ 3, Podolny Declaration ¶ 3, Hjort Declaration ¶ 3, Kennedy Declaration ¶ 3, Oldham-Auker Declaration ¶ 2, Bourke Declaration ¶ 3, Kokal Declaration ¶ 3. Due to the shortness of time, all Defendants have not been able to determine yet for the 5-year purported class period what percentage of Defendants' employees are citizens of California. However, Defendants have no reason to believe that the current percentage of U.S. employees who reside in California is materially different than the percentage for the purported five-year class period. *See* Gilmore Declaration ¶ 3, Podolny Declaration ¶ 3, Hjort Declaration ¶ 3, Kennedy Declaration ¶ 3, Bourke Declaration ¶ 3, Kokal Declaration ¶ 3. Plaintiff's attempt to plead around jurisdiction under CAFA is insufficient to preclude removal. *See, e.g., Bright*, 780 F.2d at 769. This Court has jurisdiction over this action under 28 U.S.C. § 1332 and removal is proper.

## V.   PROCEDURAL MATTERS

26. As required by 28 U.S.C. § 1446(d), Defendants promptly will file with the Alameda County Superior Court a Notice to Trial Court and Adverse Party of Removal to Federal Court, and serve upon Plaintiff a true and correct copy of this Notice.

27. Defendants also will promptly serve upon Plaintiff Siddharth Hariharan a true and correct copy of the supplementary materials required by Civil L.R. 4-2 and 16-2(b).

## VI.   NON-WAIVER OF DEFENSES

28. Defendants expressly reserve all of their defenses. By removing this action to this Court, Defendants do not waive any rights or defenses available under federal or state law. Defendants expressly reserve the right to move for dismissal of Plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any

---

[3] By aggregating Defendants' employees for purposes of determining whether this Court has jurisdiction over Plaintiffs' Complaint under CAFA, Defendants do not concede that Plaintiff has properly pled an overarching conspiracy among the Defendants. Defendants present aggregated employee numbers only because CAFA requires that the residence of the purported class be determined based on "all proposed plaintiff classes in the aggregate." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(I) & 1332(d)(4)(B).

1  substantive merit.

## VII.  INTRADISTRICT ASSIGNMENT

29.  The United States District Court for the Northern District of California, San Francisco Division, is the proper forum for removal because this case was filed in the Alameda County Superior Court. *See* Civil L. R. 3-2(d).

## VIII.  DEMAND FOR JURY TRIAL

30.  Defendants hereby demand trial by jury on all issues so triable.

WHEREFORE, Defendants hereby remove the above-entitled action to this Court from the Superior Court of the State of California, County of Alameda.

Dated: May 23, 2011                              KEKER & VAN NEST LLP

By: _____
DANIEL PURCELL
Attorneys for Defendant
LUCASFILM LTD.

10
JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
State Court Action No. 11574066

557386.01

Dated: May 23, 2011

Respectfully submitted,

Jones Day

By: _____
David C. Kiernan

Counsel for Defendant
ADOBE SYSTEMS, INC.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 23, 2011 | O'MELVENY & MYERS LLP |
| 3 | | |
| 4 | | By: *[signature]* |
| 5 | | MICHAEL F. TUBACH<br>Attorneys for Defendant<br>APPLE INC. |

| | | |
|---|---|---|
| Dated: May 23, 2011 | | MAYER BROWN LLP |
| | By: | _/s/ Lee H. Rubin_ |
| | | LEE H. RUBIN |
| | | EDWARD D. JOHNSON |
| | | DONALD M. FALK |
| | | Attorneys for Defendant |
| | | GOOGLE INC. |

1  Dated: May 23, 2011

BINGHAM McCUTCHEN LLP

By: _____
Holly A. House
Attorneys for Defendant
Intel Corporation

---

JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 & 1453
State Court Action No. 11574066

Dated: May 23, 2011

Respectfully submitted,

JONES DAY

By: /s/ Catherine T. Broderick
Robert A. Mittelstaedt
Craig E. Stewart
Catherine T. Broderick
Attorneys for Defendant
Intuit Inc.

| | |
|---|---|
| 1  Dated: May 23, 2011 | COVINGTON & BURLING LLP |
| 2 | |
| 3 | By: _____ |
| 4 | Emily Johnson Henn |
| 5 | Attorneys for Defendant Pixar |