1  KEKER & VAN NEST LLP
   JOHN W. KEKER - #49092
2  DANIEL PURCELL - #191424
   EUGENE M. PAIGE - #202849
3  PAULA L. BLIZZARD - #207920
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendant
   LUCASFILM LTD.

7

8

9                      UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12  SIDDHARTH HARIHARAN, individually        Case No. C 11-02509 JCS
    and on behalf of all others similarly situated,
13                                           [Removed from Alameda County Superior
                            Plaintiff,       Court Action No. 11574066]
14
         v.
15                                           AMENDED DECLARATION OF CODY
    ADOBE SYSTEMS IN C., APPLE INC.,         HARRIS IN SUPPORT OF NOTICE OF
16  GOOGLE INC., INTEL CORP., INTUIT         REMOVAL  OF ACTION FROM STATE
    INC., LUCASFILM LTD., PIXAR, AND         COURT PURSUANT TO 28 U.S.C. §§
17  DOES 1-200,                              1331, 1332, 1441, 1446 & 1453

                            Defendants.
18                                           Date Comp. Filed:    May 4, 2011

19                                           Trial Date:

20

21

22

23

24

25

26

27

28

I, CODY S. HARRIS, declare and say that:

1.      I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 710 Sansome Street, San Francisco, California 94111, counsel for Plaintiff Lucasfilm Ltd. in the above-captioned action.  I am duly admitted to practice law before this Court.

2.      I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint for Violations of (1) the Cartwright Act; (2) Business and Professions Code Section 16600; and (3) The Unfair Competition Law, filed May 4, 2011.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons of Adobe Systems, Inc., Apple, Inc., Google Inc., Intel, Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-00, filed May 4, 2011.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet, filed May 4, 2011.

6.      Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Hearing, filed May 5, 2011.

7.      Attached hereto as **Exhibit E** is a true and correct copy of the Proof of Service on Adobe Systems, Inc., filed May 10, 2011.

8.      Attached hereto as **Exhibit F** is a true and correct copy of the Proof of Service on Apple, Inc., filed May 10, 2011.

9.      Attached hereto as **Exhibit G** is a true and correct copy of the Proof of Service on Google, Inc., filed May 10, 2011.

10.     Attached hereto as **Exhibit H** is a true and correct copy of the Proof of Service on Intel Corp., filed May 10, 2011.

11.     Attached hereto as **Exhibit I** is a true and correct copy of the Proof of Service on Intuit, Inc., filed May 10, 2011.

12.     Attached hereto as **Exhibit J** is a true and correct copy of the Proof of Service on

1

557449.01

1    Lucasfilm Ltd., filed May 10, 2011.

2         13.     Attached hereto as **Exhibit K** is a true and correct copy of the Proof of Service on

3    Pixar, filed May 10, 2011.

4         14.     Attached hereto as **Exhibit L** is a true and correct copy of a map of the Presidio,

5    San Francisco, published by the National Park Service, U.S. Department of the Interior, available

6    at http://www.nps.gov/prsf/planyourvisit/maps.htm.

7         15.     Attached hereto as **Exhibit M** is a true and correct copy of a Survey of Current

8    Business, published by the U.S. Bureau of Economic Analysis, available at

9    http://www.census.gov/compendia/statab/2011/tables/11s0677.pdf.

10        I declare under penalty of perjury under the laws of the United States that the foregoing is

11    true and correct and that this declaration was executed in San Francisco, California, on May 24,

12    2011.

13

14                             CODY S. HARRIS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED DECLARATION OF CODY HARRIS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION
FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446 & 1453
C 11-02509 JCS

557449.01

# EXHIBIT A



1  Joseph R. Saveri (State Bar No. 130064)
   Eric B. Fastiff (State Bar No. 182260)
2  Brendan P. Glackin (State Bar No. 199643)
   Dean M. Harvey (State Bar No. 250298)
3  Anne P. Shaver (State Bar No. 255928)
   Katherine M. Lehe (State Bar No. 273472)
4  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
5  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
6  Facsimile:  (415) 956-1008

7  Attorneys for Individual and Representative Plaintiff
   Siddharth Hariharan
8

FILED
ALAMEDA COUNTY
MAY - 4 2011
CLERK OF THE SUPERIOR COURT
By: _____
Deputy

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11

12  SIDDHARTH HARIHARAN, individually      Case No.  11574066
    and on behalf of all others similarly
13  situated,
                                           CLASS ACTION
14
            Plaintiff                      COMPLAINT FOR VIOLATIONS OF:
15                                         (1) THE CARTWRIGHT ACT (BUSINESS
       v.                                  AND PROFESSIONS CODE
16                                         SECTIONS 16720, *ET SEQ.*);
    ADOBE SYSTEMS INC., APPLE INC.,        (2) BUSINESS AND PROFESSIONS CODE
17  GOOGLE INC., INTEL CORP., INTUIT       SECTION 16600; AND
    INC., LUCASFILM LTD., PIXAR, AND       (3) THE UNFAIR COMPETITION LAW
18  DOES 1-200,                            (BUSINESS AND PROFESSIONS CODE
                                           SECTIONS 17200, *ET SEQ.*)
19
            Defendants.                     DEMAND FOR JURY TRIAL
20
                                           AMOUNT DEMANDED EXCEEDS $25,000
21

22

23

24

25          Plaintiff Siddharth Hariharan, individually and on behalf of all others similarly

26  situated ("Plaintiff"), complains against defendants Adobe Systems Inc., Apple Inc., Google Inc.,

27  Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and DOES 1-200 (collectively, "Defendants"), upon

28  knowledge as to himself and his own acts, and upon information and belief as to all other matters,

920545.6                          - 1 -

1    alleges as follows:

2    I.     SUMMARY OF THE ACTION

3            1.     This class action challenges a conspiracy among Defendants to fix and
4    suppress the compensation of their employees. Without the knowledge or consent of their
5    employees, Defendants' senior executives entered into an interconnected web of express
6    agreements to eliminate competition among them for skilled labor. This conspiracy included: (1)
7    agreements not to actively recruit each other's employees; (2) agreements to provide notification
8    when making an offer to another's employee (without the knowledge or consent of that
9    employee); and (3) agreements that, when offering a position to another company's employee,
10   neither company would counteroffer above the initial offer.

11           2.     The intended and actual effect of these agreements was to fix and suppress
12   employee compensation, and to impose unlawful restrictions on employee mobility. Defendants'
13   conspiracy and agreements restrained trade and are per se unlawful under California law.
14   Plaintiff seeks injunctive relief and damages for violations of: California's antitrust statute,
15   Business and Professions Code sections 16720 *et seq.* (the "Cartwright Act"); Business and
16   Professions Code section 16600 ("Section 16600"); and California's unfair competition law,
17   Business and Professions Code sections 17200, *et seq.* (the "Unfair Competition Law").

18           3.     In 2009 through 2010, the Antitrust Division of the United States
19   Department of Justice (the "DOJ") investigated Defendants' misconduct. The DOJ found that
20   Defendants' agreements violated federal antitrust laws and "are facially anticompetitive because
21   they eliminated a significant form of competition to attract high tech employees, and, overall,
22   substantially diminished competition to the detriment of the affected employees who were likely
23   deprived of competitively important information and access to better job opportunities." The
24   DOJ concluded that Defendants' agreements "disrupted the normal price-setting mechanisms that
25   apply in the labor setting."

26           4.     The DOJ has confirmed that it will not seek to compensate employees who
27   were injured by Defendants' agreements. Without this class action, Plaintiff and members of the

28

1   class will not receive compensation for their injuries, and Defendants will continue to retain the

2   benefits of their unlawful collusion.

3       5.     Plaintiff does not seek any relief under Section 4 of the Clayton Act,

4   15 U.S.C. section 15.

5   **II.**    **JURISDICTION AND VENUE**

6       6.     This Complaint is filed, and these proceedings are instituted, pursuant to

7   California Business and Professions Code sections 16600, 16750(a), 17203, and 17204, to

8   recover damages and to obtain other relief that Plaintiff and members of the class have sustained

9   due to violations by Defendants, as hereinafter alleged, of the Cartwright Act, Section 16600, and

10   the Unfair Competition Law.

11       7.     Venue as to the Defendants is proper in this judicial district pursuant to the

12   provisions of California Business and Professions Code section 16750(a) and California Code of

13   Civil Procedure sections 395(a) and 395.5.

14       8.     Plaintiff and at least two-thirds of all class members are citizens of the

15   State of California. All Defendants are citizens of the State of California.

16       9.     All Defendants maintain their principal places of business in California.

17   Defendant Pixar maintains its principal place of business in the County of Alameda. Plaintiff's

18   causes of action arose in part within the County of Alameda, and Defendants are within the

19   jurisdiction of this Court for purposes of service of process. Many of the unlawful acts

20   hereinafter alleged had a direct effect on employees of Defendants in California, and, more

21   particularly, within the County of Alameda.

22       10.     This Court has personal jurisdiction over each Defendant as co-

23   conspirators as a result of the acts of any of the Defendants occurring in California in connection

24   with Defendants' violations of the Cartwright Act, Section 16600, and/or the Unfair Competition

25   Law. No portion of this Complaint is brought pursuant to federal law.

26   **III.**    **CHOICE OF LAW**

27       11.     California law applies to the claims of Plaintiff and all class members.

28   Application of California law is constitutional, and California has a strong interest in deterring

920545.6

COMPLAINT FOR DAMAGES

1   unlawful business practices of resident corporations and compensating those harmed by activities

2   occurring in and emanating from California.

3          12.     All Defendants maintain their principal places of business in California and

4   are California citizens.

5          13.     California is the State in which Defendants negotiated, entered into,

6   implemented, monitored, and enforced the conspiracy and associated agreements.

7          14.     Defendants' actively concealed their participation in the conspiracy, and

8   actively concealed the existence of their unlawful agreements, in California.

9          15.     California is the State in which Plaintiff's and class members' relationship

10  with the Defendants is centered.  At least a majority of class members resided in or sought

11  employment from Defendants in California, and were therefore damaged in California.

12         16.     Plaintiff and class members were injured by conduct occurring in, and

13  emanating from, California.

14         17.     For these reasons, among others, California has significant contacts, and a

15  significant aggregation of contacts, creating State interests, with all parties and the acts alleged

16  herein.

17         18.     California's substantial interests far exceed those of any other State.

18  IV.   **THE PARTIES**

19        A.    **The Plaintiff**

20         19.     Plaintiff Siddharth Hariharan ("Plaintiff") is a citizen of the State of

21  California.  From January 8, 2007 through August 15, 2008, Plaintiff was a citizen of the State of

22  California and worked in California as a software engineer for Lucasfilm.  Plaintiff was injured in

23  his business or property by reason of the violations alleged herein.

24        B.    **The Defendants**

25         20.     Defendant Adobe Systems Inc. ("Adobe") is a Delaware corporation with

26  its principal place of business located at 345 Park Avenue, San Jose, California 95110.

27         21.     Defendant Apple Inc. ("Apple") is a California corporation with its

28  principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

920545.6                                    - 4 -

22.    Defendant Google Inc. ("Google") is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

23.    Defendant Intel Corp. ("Intel") is a Delaware corporation with its principal place of business located at 2200 Mission College Boulevard, Santa Clara, California 95054.

24.    Defendant Intuit Inc. ("Intuit") is a Delaware corporation with its principal place of business located at 2632 Marine Way, Mountain View, California 94043.

25.    Defendant Lucasfilm Ltd. ("Lucasfilm") is a California corporation with its principal place of business located at 1110 Gorgas Ave., in San Francisco, California 94129.

26.    Defendant Pixar is a California corporation with its principal place of business located at 1200 Park Avenue, Emeryville, California 94608.

27.    Plaintiff alleges on information and belief that DOES 1-50, inclusive, were co-conspirators with other Defendants in the violations alleged in this Complaint and performed acts and made statements in furtherance thereof.  DOES 1-50 are corporations, companies, partnerships, or other business entities that maintain their principal places of business in California.  Plaintiff is presently unaware of the true names and identities of those defendants sued herein as DOES 1-50.  Plaintiff will amend this Complaint to allege the true names of the DOE defendants when he is able to ascertain them.

28.    Plaintiff alleges on information and belief that DOES 51-200, inclusive, were co-conspirators with other Defendants in the violations alleged in this Complaint and performed acts and made statements in furtherance thereof.  DOES 51-200 are residents of the State of California and are corporate officers, members of the boards of directors, or senior executives of Adobe, Apple, Google, Intel, Intuit, Lucasfilm, Pixar, and DOES 1-50.  Plaintiff is presently unaware of the true names and identities of those defendants sued herein as DOES 51-200.  Plaintiff will amend this Complaint to allege the true names of the DOE defendants when he is able to ascertain them.

## V.    CLASS ACTION ALLEGATIONS

29.    This suit is brought as a class action pursuant to section 382 of the California Code of Civil Procedure, on behalf of a class of:

> All natural persons employed by Defendants in the United States on a salaried basis during the period from January 1, 2005 through January 1, 2010. Excluded from the class are: retail employees; corporate officers, members of the boards of directors, and senior executives of Defendants who entered into the illicit agreements alleged herein; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

30.    Plaintiff does not, as yet, know the exact size of the class. Based upon the nature of the trade and commerce involved, Plaintiff believes that there are tens of thousands of class members, and that class members are geographically dispersed throughout the State of California and throughout the United States. Joinder of all members of the class, therefore, is not practicable.

31.    There are questions of law and fact common to the class that predominate over any questions that may affect only individual members of the class, including, but not limited to:

(a)    whether the conduct of Defendants violated the Cartwright Act;

(b)    whether Defendants' conspiracy and associated agreements, or any one of them, constitute a per se violation of the Cartwright Act;

(c)    whether Defendants' agreements are void as a matter of law under Section 16600;

(d)    whether the conduct of Defendants violated the Unfair Competition Law;

(e)    whether Defendants fraudulently concealed their conduct;

(f)    whether Defendants' conspiracy and associated agreements restrained trade, commerce, or competition for skilled labor among Defendants;

(g)    whether, under common principles of California antitrust law, Plaintiff and the class suffered antitrust injury or were threatened with injury;

920545.6

- 6 -

1        (h)    the difference between the total compensation Plaintiff and the class

2    received from Defendants, and the total compensation Plaintiff and the class would have received

3    from Defendants in the absence of the illegal acts, contracts, combinations, and conspiracy

4    alleged herein;

5        (i)    the effect of the conduct of Defendants upon, and the injury caused

6    to, the business or property of the Plaintiff and the class; and

7        (j)    the type and measure of damages suffered by Plaintiff and the

8    Class.

9        32.    Plaintiff will fairly and adequately protect the interests of the class because

10    Plaintiff's claims are typical and representative of the claims of all members of the class.

11        33.    There are no defenses of a unique nature that may be asserted against

12    Plaintiff individually, as distinguished from the other members of the class, and the relief sought

13    is common to the class.  Plaintiff is typical of other members of the class, does not have any

14    interest that is in conflict with or is antagonistic to the interests of the members of the class, and

15    has no conflict with any other member of the class.  Plaintiff has retained competent counsel

16    experienced in antitrust litigation and class action litigation to represent himself and the class.

17        34.    A class action is superior to other available methods for the fair and

18    efficient adjudication of this controversy.  In the absence of a class action, Defendants will retain

19    the benefits of their wrongful conduct.

20    **VI.    FACTUAL ALLEGATIONS**

21    **A.    Trade And Commerce**

22        35.    In a properly functioning and lawfully competitive labor market, each

23    Defendant would compete for employees by soliciting current employees of one or more other

24    Defendants.  Defendants refer to this recruiting method as "cold calling." Cold calling includes

25    communicating directly in any manner (including orally, in writing, telephonically, or

26    electronically) with another firm's employee who has not otherwise applied for a job opening.

27        36.    Cold calling is a particularly effective recruiting method because current

28    employees of other companies are often unresponsive to other recruiting strategies.

37.     Defendants and other high technology companies classify potential employees into two categories: first, those who are currently employed by rival firms and not actively seeking to change employers; and second, those who are actively looking for employment offers (either because they are unemployed, or because they are unsatisfied with their current employer).  Defendants and other high technology companies value potential employees of the first category significantly higher than potential employees of the second category, because current satisfied employees tend to be more qualified, harder working, and more stable than those who are actively looking for employment.

38.     In addition, a company searching for a new hire is eager to save costs and avoid risks by poaching that employee from a rival company.  Through poaching, a company is able to take advantage of the efforts its rival has expended in soliciting, interviewing, and training skilled labor, while simultaneously inflicting a cost on the rival by removing an employee on whom the rival may depend.

39.     For these reasons and others, cold calling is a key competitive tool companies use to recruit employees, particularly high technology employees with advanced skills and abilities.

40.     The practice of cold calling has a significant impact on employee compensation in a variety of ways.  First, without receiving cold calls from rival companies, current employees lack information regarding potential pay packages and lack leverage over their employers in negotiating pay increases.  When a current employee receives a cold call from a rival company with an offer that exceeds her current compensation, the current employee may either accept that offer and move from one employer to another, or use the offer to negotiate increased compensation from her current employer.  In either case, the recipient of the cold call has an opportunity to use competition among potential employers to increase her compensation and mobility.

41.     Second, once an employee receives information regarding potential compensation from rival employers through a cold call, that employee is likely to inform other employees of her current employer.  These other employees often use the information themselves

920545.6                              - 8 -

1    to negotiate pay increases or move from one employer to another, despite the fact that they

2    themselves did not receive a cold call.

3            42.     Third, cold calling a rival's employees provides information to the cold

4    caller regarding its rival's compensation practices.  Increased information and transparency

5    regarding compensation levels tends to increase compensation across all current employees,

6    because there is pressure to match or exceed the highest compensation package offered by rivals

7    in order to remain competitive.

8            43.     Fourth, cold calling is a significant factor responsible for losing employees

9    to rivals.  When a company expects that its employees will be cold called by rivals with

10   employment offers, the company will preemptively increase the compensation of its employees in

11   order to reduce the risk that its rivals will be able to poach relatively undercompensated

12   employees.

13           44.     The compensation effects of cold calling are not limited to the particular

14   individuals who receive cold calls, or to the particular individuals who would have received cold

15   calls but for the anticompetitive agreements alleged herein.  Instead, the effects of cold calling

16   (and the effects of eliminating cold calling, pursuant to agreement) commonly impact all salaried

17   employees of the participating companies.

18           45.     Defendants carefully monitor and manage their internal compensation

19   levels to achieve certain goals, including: maintaining approximate compensation parity among

20   employees within the same employment categories (for example, among junior software

21   engineers); maintaining certain compensation relationships among employees across different

22   employment categories (for example, among junior software engineers relative to senior software

23   engineers); maintaining high employee morale and productivity; retaining employees; and

24   attracting new and talented employees.  To accomplish these objectives, Defendants set baseline

25   compensation levels for different employee categories that apply to all employees within those

26   categories.  Defendants also compare baseline compensation levels across different employee

27   categories.  Defendants update baseline compensation levels regularly.

28

920545.6                              - 9 -

46.     While Defendants sometimes engage in negotiations regarding compensation levels with individual employees, these negotiations occur from a starting point of the pre-existing and pre-determined baseline compensation level.  The eventual compensation any particular employee receives is either entirely determined by the baseline level, or is profoundly influenced by it.  In either case, suppression of baseline compensation will result in suppression of total compensation.

47.     Thus, under competitive and lawful conditions, Defendants would use cold calling as one of their most important tools for recruiting and retaining skilled labor, and the use of cold calling among Defendants commonly impacts and increases total compensation and mobility of all Defendants' employees.

**B.     Defendants' Conspiracy To Fix The Compensation Of Their Employees At Artificially Low Levels**

48.     Defendants' conspiracy consisted of an interconnected web of express agreements, each with the active involvement and participation of a company under the control of Steve Jobs (currently CEO of Apple) and/or a company that shared at least one member of Apple's board of directors.  Defendants entered into the express agreements and entered into the overarching conspiracy with knowledge of the other Defendants' participation, and with the intent of accomplishing the conspiracy's objective: to reduce employee compensation and mobility through eliminating competition for skilled labor.

1.     **The Conspiracy Began With Secret and Express Agreements Between Pixar And Lucasfilm**

49.     The conspiracy began with an agreement between senior executives of Pixar and Lucasfilm to eliminate competition between them for skilled labor, with the intent and effect of suppressing the compensation and mobility of their employees.

50.     Pixar and Lucasfilm have a shared history.  In 1986, Steve Jobs purchased Lucasfilm's computer graphics division, established it as an independent company, and called it "Pixar."  Thereafter and until 2006, Steve Jobs remained CEO of Pixar.

920545.6

- 10 -

51.     Before Steve Jobs's departure as CEO of Pixar and beginning no later than January 2005, senior executives of Pixar and Lucasfilm entered into at least three agreements to eliminate competition between them for skilled labor.  First, each agreed not to cold call each other's employees.  Second, each agreed to notify the other company when making an offer to an employee of the other company, if that employee applied for a job notwithstanding the absence of cold calling.  Third, each agreed that if either made an offer to such an employee of the other company, neither company would counteroffer above the initial offer.  This third agreement was created with the intent and effect of eliminating "bidding wars," whereby an employee could use multiple rounds of bidding between Pixar and Lucasfilm to increase her total compensation.

52.     Pixar and Lucasfilm reached these express agreements through direct and explicit communications among senior executives.  Pixar drafted the written terms of the agreements and sent those terms to Lucasfilm.  Pixar and Lucasfilm then provided the written terms to management and certain senior employees with the relevant hiring or recruiting responsibilities.

53.     The three agreements covered all employees of the two companies, were not limited by geography, job function, product group, or time period, and were not ancillary to any legitimate collaboration between Pixar and Lucasfilm.

54.     Senior executives of Pixar and Lucasfilm actively concealed their unlawful agreements.  Employees of Pixar and Lucasfilm were not aware of, and did not agree to, the terms of the agreements between Pixar and Lucasfilm.

55.     After entering into the agreements, senior executives of both Pixar and Lucasfilm monitored compliance and policed violations.  For instance, in 2007, Pixar twice contacted Lucasfilm regarding suspected violations of their agreements.  Lucasfilm responded by changing its conduct to conform to its anticompetitive agreements with Pixar.

### 2.     Apple Enters Into A Similar Express Agreement With Adobe

56.     Shortly after Pixar entered into the agreements with Lucasfilm, Apple (which was then also under the control of Steve Jobs) entered into an agreement with Adobe that was identical to the first agreement Pixar entered into with Lucasfilm.  Apple and Adobe agreed

920545.6

COMPLAINT FOR DAMAGES

1   to eliminate competition between them for skilled labor, with the intent and effect of suppressing

2   the compensation and mobility of their employees.

3       57.   Beginning no later than May 2005, Apple and Adobe agreed not to cold

4   call each other's employees.

5       58.   Senior executives of Apple and Adobe reached the agreement through

6   direct and explicit communications.  These executives then actively managed and enforced the

7   agreement through further direct communications.

8       59.   The agreement between Apple and Adobe concerned all Apple and all

9   Adobe employees, was not limited by geography, job function, product group, or time period, and

10  was not ancillary to any legitimate collaboration between the companies.

11      60.   Senior executives of Apple and Adobe actively concealed their unlawful

12  agreement and their participation in the conspiracy.  Employees of Apple and Adobe were not

13  aware of, and did not agree to, these restrictions.

14      61.   In complying with the agreement, Apple placed Adobe on its internal "Do

15  Not Call List," which instructed Apple recruiters not to cold call Adobe employees.  Adobe

16  included Apple on its internal list of "Companies that are off limits," instructing its employees not

17  to cold call employees of Apple.

18      3.   Apple Enters Into an Express Agreement with Google To Suppress
             Employee Compensation And Eliminate Competition

19

20      62.   The conspiracy expanded to include Google no later than 2006.  Apple and

21  Google agreed to eliminate competition between them for skilled labor, with the intent and effect

22  of suppressing the compensation and mobility of their employees.  Senior executives of Apple

23  and Google expressly agreed, through direct communications, not to cold call each other's

24  employees.  During 2006, Arthur D. Levinson sat on the boards of both Apple and Google.

25      63.   The agreement between Apple and Google concerned all Apple and all

26  Google employees, was not limited by geography, job function, product group, or time period,

27  and was not ancillary to any legitimate collaboration between the companies.

28

920545.6

COMPLAINT FOR DAMAGES

64.     Apple and Google actively concealed their agreement and their participation in the conspiracy.  Employees were not informed of and did not agree to the restrictions.

65.     To ensure compliance with the agreement, Apple placed Google on its internal "Do Not Call List," which instructed Apple employees not to cold call Google employees.  In turn, Google placed Apple on its internal "Do Not Cold Call" list, and instructed relevant employees not to cold call Apple employees.

66.     Senior executives of Apple and Google monitored compliance with the agreement and policed violations.  In February and March 2007, Apple contacted Google to complain about suspected violations of the agreement.  In response, Google conducted an internal investigation and reported its findings back to Apple.

### 4.   Apple Enters Into Another Express Agreement with Pixar

67.     Beginning no later than April 2007, Apple entered into an agreement with Pixar that was identical to its earlier agreements with Adobe and Google.  Apple and Pixar agreed to eliminate competition between them for skilled labor, with the intent and effect of suppressing the compensation and mobility of their employees.  Senior executives of Apple and Pixar expressly agreed, through direct communications, not to cold call each other's employees.

68.     At this time, Steve Jobs continued to exert substantial control over Pixar.  On January 24, 2006, Jobs announced that he had agreed to sell Pixar to the Walt Disney Company.  After the deal closed, Jobs became the single largest shareholder of the Walt Disney Company, with over 6% of the company's stock.  Jobs thereafter sat on Disney's board of directors and continued to oversee Disney's animation businesses, including Pixar.

69.     The agreement between Apple and Pixar concerned all Apple and all Pixar employees, was not limited by geography, job function, product group, or time period, and was not ancillary to any legitimate collaboration between the companies.

70.     Apple and Pixar actively concealed their agreement and their participation in the conspiracy.  Employees were not informed of and did not agree to the restrictions.

71.    To ensure compliance with the agreement, Apple placed Pixar on its internal "Do Not Call List," which instructed Apple employees not to cold call Pixar employees. Pixar instructed its human resource personnel to adhere to the agreement and to preserve documentary evidence establishing that Pixar had not actively recruited Apple employees.

72.    Senior executives of Apple and Pixar monitored compliance with the agreement and policed violations.

### 5.    Google Enters Into An Identical Express Agreement With Intel

73.    Beginning no later than September 2007, Google entered into an agreement with Intel that was identical to Google's earlier agreement with Apple, and identical to Apple's earlier agreements with Adobe and Pixar. Google and Intel agreed to eliminate competition between them for skilled labor, with the intent and effect of suppressing the compensation and mobility of their employees. Senior executives of Google and Intel expressly agreed, through direct communications, not to cold call each other's employees.

74.    In 2007, Google CEO Eric Schmidt sat on Apple's board of directors, along with Arthur D. Levinson, who continued to sit on the boards of both Apple and Google.

75.    The agreement between Google and Intel concerned all Google and all Intel employees, was not limited by geography, job function, product group, or time period, and was not ancillary to any legitimate collaboration between the companies. Google and Intel actively concealed their agreement and their participation in the conspiracy. Employees were not informed of and did not agree to the restrictions.

76.    To ensure compliance with the agreement, Google listed Intel on its "Do Not Cold Call" list and instructed Google employees not to cold call Intel employees. Intel also informed its relevant personnel about its agreement with Google, and instructed them not to cold call Google employees.

77.    Senior executives of Google and Intel monitored compliance with the agreement and policed violations.

6.   <u>Google and Intuit Enter Into Another Express Agreement</u>

78.   In June 2007, Google entered into an express agreement with Intuit that was identical to Google's earlier agreements with Intel and Apple, and identical to the earlier agreements between Apple and Adobe, and between Apple and Pixar.  Google and Intuit agreed to eliminate competition between them for skilled labor, with the intent and effect of suppressing the compensation and mobility of their employees.  Senior executives of Google and Intuit expressly agreed, through direct communications, not to cold call each other's employees.

79.   Google CEO Eric Schmidt sat on Apple's board of directors, along with Arthur D. Levinson, who continued to sit on the boards of both Apple and Google.

80.   The agreement between Google and Intuit concerned all Google and all Intuit employees, was not limited by geography, job function, product group, or time period, and was not ancillary to any legitimate collaboration between the companies.  Google and Intuit actively concealed their agreement and their participation in the conspiracy.  Employees were not informed of and did not agree to the restrictions.

81.   To ensure compliance with the agreement, Google listed Intuit on its "Do Not Cold Call" list and instructed Google employees not to cold call Intuit employees.  Intuit also informed its relevant personnel about its agreement with Google, and instructed them not to cold call Google employees.

82.   Senior executives of Google and Intuit monitored compliance with the agreement and policed violations.

920545.6

- 15 -

1    C.    Effects Of Defendants' Conspiracy On Plaintiff And The Class

2          83.    Defendants eliminated competition for skilled labor by entering into the

3    interconnected web of agreements, and the overarching conspiracy, alleged herein.  These

4    agreements are summarized graphically as follows:



18   Defendants entered into, implemented, and policed these agreements with the knowledge of the

19   overall conspiracy, and did so with the intent and effect of fixing the compensation of the

20   employees of participating companies at artificially low levels.  For example, every agreement

21   alleged herein directly involved a company either controlled by Apple's CEO, or a company that

22   shared a member of its board of directors with Apple.  As additional companies joined the

23   conspiracy, competition among participating companies for skilled labor further decreased, and

24   compensation and mobility of the employees of participating companies was further suppressed.

25   These anticompetitive effects were the purpose of the agreements, and Defendants succeeded in

26   lowering the compensation and mobility of their employees below what would have prevailed in

27   a lawful and properly functioning labor market.

28

920545.6                              - 16 -

84.   Defendants' conspiracy was an ideal tool to suppress their employees' compensation.  Whereas agreements to fix specific and individual compensation packages would be hopelessly complex and impossible to monitor, implement, and police, eliminating entire categories of competition for skilled labor (that affected the compensation and mobility of all employees in a common and predictable fashion) was simple to implement and easy to enforce.

85.   Plaintiff and each member of the class were harmed by each and every agreement herein alleged.  The elimination of competition and suppression of compensation and mobility had a cumulative effect on all class members.  For example, an individual who was an employee of Lucasfilm received lower compensation and faced unlawful obstacles to mobility as a result of not only Lucasfilm's illicit agreements with Pixar, but also as a result of Pixar's agreement with Apple, and so on.

D.   **The Investigation By The Antitrust Division Of The United States Department Of Justice And Subsequent Admissions By Defendants**

86.   Beginning in approximately 2009, the Antitrust Division of the United States Department of Justice (the "DOJ") conducted an investigation into the employment practices of Defendants.  The DOJ issued Civil Investigative Demands to Defendants that resulted in Defendants producing responsive documents to the DOJ.  The DOJ also interviewed witnesses to certain of the agreements alleged herein.

87.   After reviewing these materials, the DOJ concluded that Defendants had agreed to naked restraints of trade that were per se unlawful under the antitrust laws.  The DOJ found that Defendants' agreements "are facially anticompetitive because they eliminated a significant form of competition to attract high tech employees, and, overall, substantially diminished competition to the detriment of the affected employees who were likely deprived of competitively important information and access to better job opportunities."  The DOJ further found that the agreements "disrupted the normal price-setting mechanisms that apply in the labor setting."

88.    The DOJ also concluded that Defendants' agreements "were not ancillary to any legitimate collaboration" and were "much broader than reasonably necessary for the formation or implementation of any collaborative effort."

89.    On September 24, 2010, the DOJ filed a complaint regarding Defendants' agreements against Adobe, Apple, Google, Intel, Intuit, and Pixar.  On December 21, 2010, the DOJ filed another complaint regarding Defendants' agreements, this time against Lucasfilm and Pixar.  In both cases, the DOJ filed stipulated proposed final judgments in which Adobe, Apple, Google, Intel, Intuit, Lucasfilm, and Pixar agreed that the DOJ's complaints "state[] a claim upon which relief may be granted" under federal antitrust law.

90.    In the stipulated proposed final judgments, Adobe, Apple, Google, Intel, Intuit, Lucasfilm, and Pixar agreed to be "enjoined from attempting to enter into, maintaining or enforcing any agreement with any other person or in any way refrain from, requesting that any person in any way refrain from, or pressuring any person in any way to refrain from soliciting, cold calling, recruiting, or otherwise competing for employees of the other person."  Defendants also agreed to a variety of enforcement measures and to comply with ongoing inspection procedures.

91.    After the DOJ's investigation became public in the fall of 2010, Defendants acknowledged participating in the agreements the DOJ alleged in its complaints.  These acknowledgments included a statement on September 24, 2010 by Amy Lambert, associate general counsel for Google, who stated that, for years, Google had "decided" not to "'cold call' employees at a few of our partner companies."  Lambert also said that a "number of other tech companies had similar 'no cold call' policies—policies which the U.S. Justice Department has been investigating for the past year."

92.    The DOJ did not seek monetary penalties of any kind against Defendants, and made no effort to compensate employees of the Defendants who were harmed by Defendants' anticompetitive conduct.

93.    Without this class action, Plaintiff and the class will be unable to obtain compensation for the harm they suffered, and Defendants will retain the benefits of their unlawful conspiracy.

### FIRST CLAIM FOR RELIEF
*(Violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, et seq.)*

94.    Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further allege against Defendants and each of them as follows:

95.    Defendants entered into and engaged in an unlawful trust in restraint of the trade and commerce described above in violation of California Business and Professions Code section 16720.  Beginning no later than January 2005 and continuing at least through 2009, Defendants engaged in continuing trusts in restraint of trade and commerce in violation of the Cartwright Act.

96.    Defendants' trusts have included concerted action and undertakings among the Defendants with the purpose and effect of: (a) fixing the compensation of Plaintiff and the Class at artificially low levels; and (b) eliminating, to a substantial degree, competition among Defendants for skilled labor.

97.    As a direct and proximate result of Defendants' combinations and contracts to restrain trade and eliminate competition for skilled labor, members of the class have suffered injury to their property and have been deprived of the benefits of free and fair competition on the merits.

98.    The unlawful trust among Defendants has had the following effects, among others:

       (a)    competition among Defendants for skilled labor has been suppressed, restrained, and eliminated; and

       (b)    Plaintiff and class members have received lower compensation from Defendants than they otherwise would have received in the absence of Defendants' unlawful

1   trust, and, as a result, have been injured in their property and have suffered damages in an amount

2   according to proof at trial.

3         99.    Plaintiff and members of the Class are "persons" within the meaning of the

4   Cartwright Act as defined in section 16702.

5         100.    The acts done by each Defendant as part of, and in furtherance of, their

6   contracts, combinations or conspiracies were authorized, ordered, or done by their respective

7   officers, directors, agents, employees, or representatives while actively engaged in the

8   management of each Defendant's affairs.

9         101.    Defendants' contracts, combinations and/or conspiracies are per se

10  violations of the Cartwright Act.

11        102.    Accordingly, Plaintiff and members of the class seek three times their

12  damages caused by Defendants' violations of the Cartwright Act, the costs of bringing suit,

13  reasonable attorneys' fees, and a permanent injunction enjoining Defendants' from ever again

14  entering into similar agreements in violation of the Cartwright Act.

15  **SECOND CLAIM FOR RELIEF**<br>*(Violation of Cal. Bus. & Prof. Code § 16600)*

16

17        103.    Plaintiff, on behalf of himself and all others similarly situated, realleges

18  and incorporates herein by reference each of the allegations contained in the preceding paragraphs

19  of this Complaint, and further allege against Defendants and each of them as follows:

20        104.    Defendants entered into, implemented, and enforced express agreements

21  that are unlawful and void under Section 16600.

22        105.    Defendants' agreements and conspiracy have included concerted action

23  and undertakings among the Defendants with the purpose and effect of: (a) reducing open

24  competition among Defendants for skilled labor; (b) reducing employee mobility; (c) eliminating

25  opportunities for employees to pursue lawful employment of their choice; and (d) limiting

26  employee professional betterment.

27

28

106.   Defendants' agreements and conspiracy are contrary to California's settled legislative policy in favor of open competition and employee mobility, and are therefore void and unlawful.

107.   Defendants' agreements and conspiracy were not intended to protect and were not limited to protect any legitimate proprietary interest of Defendants.

108.   Defendants agreements and conspiracy do not fall within any statutory exception to Section 16600.

109.   The acts done by each Defendant as part of, and in furtherance of, their contracts, combinations or conspiracies were authorized, ordered, or done by their respective officers, directors, agents, employees, or representatives while actively engaged in the management of each Defendant's affairs.

110.   Accordingly, Plaintiff and members of the class seek a judicial declaration that Defendants' agreements and conspiracy are void as a matter of law under Section 16600, and a permanent injunction enjoining Defendants' from ever again entering into similar agreements in violation of Section 16600.

### THIRD CLAIM FOR RELIEF
*(Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.)*

111.   Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint, and further alleges against Defendants as follows:

112.   Defendants' actions to restrain trade and fix the total compensation of their employees constitute unfair competition and unlawful, unfair, and fraudulent business acts and practices in violation of California Business and Professional Code sections 17200, *et seq.*

113.   The conduct of Defendants in engaging in combinations with others with the intent, purpose, and effect of creating and carrying out restrictions in trade and commerce; eliminating competition among them for skilled labor; and fixing the compensation of their employees at artificially low levels, constitute and was intended to constitute unfair competition

1    and unlawful, unfair, and fraudulent business acts and practices within the meaning of California

2    Business and Professions Code section 17200.

3              114.    Defendants also violated California's Unfair Competition Law by violating

4    the Cartwright Act and/or by violating Section 16600.

5              115.    As a result of Defendants' violations of Business and Professions Code

6    section 17200, Defendants have unjustly enriched themselves at the expense of Plaintiff and the

7    Class. The unjust enrichment continues to accrue as the unlawful, unfair, and fraudulent business

8    acts and practices continue.

9              116.    To prevent their unjust enrichment, Defendants and their co-conspirators

10    should be required pursuant to Business and Professions Code sections 17203 and 17204 to

11    disgorge their illegal gains for the purpose of making full restitution to all injured class members

12    identified hereinabove. Defendants should also be permanently enjoined from continuing their

13    violations of Business and Professions Code section 17200.

14              117.    The acts and business practices, as alleged herein, constituted and

15    constitute a common, continuous, and continuing course of conduct of unfair competition by

16    means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of

17    California Business and Professions Code section 17200, *et seq.*, including, but in no way limited

18    to, violations of the Cartwright Act and/or Section 16600.

19              118.    Defendants' acts and business practices as described above, whether or not

20    in violation of the Cartwright Act and/or Section 16600 are otherwise unfair, unconscionable,

21    unlawful, and fraudulent.

22              119.    Accordingly, Plaintiff, on behalf of himself and all others similarly

23    situated, requests the following classwide equitable relief:

24                        (a)    that a judicial determination and declaration be made of the rights

25    of Plaintiff and the class members, and the corresponding responsibilities of Defendants;

26                        (b)    that Defendants be declared to be financially responsible for the

27    costs and expenses of a Court-approved notice program by mail, broadcast media, and publication

28    designed to give immediate notification to class members; and

920545.6                            - 22 -

COMPLAINT FOR DAMAGES

1            (c)    requiring disgorgement and/or imposing a constructive trust upon

2    Defendants' ill-gotten gains, freezing Defendants' assets, and/or requiring Defendants to pay

3    restitution to Plaintiff and to all members of the class of all funds acquired by means of any act or

4    practice declared by this Court to be an unlawful, unfair, or fraudulent.

5    <u>PRAYER FOR RELIEF</u>

6         WHEREFORE, Plaintiff prays that this Court enter judgment on his behalf and

7    that of the class by adjudging and decreeing that:

8         1.    This action may be maintained as a class action under California Code of

9    Civil Procedure section 382 and California Rule of Court 3.760, *et seq.*, certifying Plaintiff as

10   representative of the class and designating his counsel as counsel for the class;

11        2.    Defendants have engaged in a trust, contract, combination, or conspiracy in

12   violation of California Business and Professions Code section 16750(a), and that Plaintiff and the

13   members of the class have been damaged and injured in their business and property as a result of

14   this violation;

15        3.    The alleged combinations and conspiracy be adjudged and decreed to be

16   per se violations of the Cartwright Act;

17        4.    Plaintiff and the members of the class he represents recover threefold the

18   damages determined to have been sustained by them as a result of the conduct of Defendants,

19   complained of herein as provided in California Business and Professions Code section 16750(a),

20   and that judgment be entered against Defendants for the amount so determined;

21        5.    The alleged combinations and conspiracy be adjudged void and unlawful

22   under Section 16600;

23        6.    The conduct of Defendants constitutes unlawful, unfair, and/or fraudulent

24   business practices within the meaning of California's Unfair Competition Law, California

25   Business and Professions Code section 17200, *et seq.*;

26        7.    Judgment be entered against Defendants and in favor of Plaintiff and each

27   member of the class he represents, for restitution and disgorgement of ill-gotten gains as allowed

28

920545.6

- 23 -

COMPLAINT FOR DAMAGES

1     by law and equity as determined to have been sustained by them, together with the costs of suit,

2     including reasonable attorneys' fees;

3            8.     For prejudgment and post-judgment interest;

4            9.     For equitable relief, including a judicial determination of the rights and

5     responsibilities of the parties;

6           10.     For attorneys' fees;

7           11.     For costs of suit; and

8           12.     For such other and further relief as the Court may deem just and proper.

9                         **JURY DEMAND**

10     Plaintiff hereby demands a jury trial for all issues so triable.

11

12     Dated: May 4, 2011           LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

13

14                     By: _Joseph R. Saveri /DMH_

15                        Joseph R. Saveri

16            Joseph R. Saveri (State Bar No. 130064)
                 Eric B. Fastiff (State Bar No. 182260)

17           Brendan P. Glackin (State Bar No. 199643)
                 Dean M. Harvey (State Bar No. 250298)

18           Anne P. Shaver (State Bar No. 255928)
                 Katherine M. Lehe (State Bar No. 273472)

19           LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                 275 Battery Street, 29th Floor

20           San Francisco, CA  94111-3339
                 Telephone:  (415) 956-1000

21           Facsimile:  (415) 956-1008

22           Attorneys for Individual and Representative Plaintiff
                 Siddharth Hariharan

23

24

25

26

27

28

920545.6

COMPLAINT FOR DAMAGES

# EXHIBIT B

# SUMMONS
## (CITATION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

M~~ - ~

CLERK OF THE SUPERIOR C
by

*9396031*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc.,
Lucasfilm Ltd., Pixar, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Alameda County Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER<br>*(Número del Caso):*<br><br>RG 11574066 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA  94111-3339; (415) 956-1000

| DATE: May 4, 2011<br>*(Fecha)* | Pat S. Sweeten | Clerk, by<br>*(Secretario)* | Executive Officer/Clerk of the Superior Courts | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)　　　　　　　☐ CCP 416.60 (minor)
   　　　　☐ CCP 416.20 (defunct corporation)　　　☐ CCP 416.70 (conservatee)
   　　　　☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
   　　　　☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT OF CALIFORNIA  COUNTY OF ALAMEDA

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

*9396023*

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Joseph R. Saveri (State Bar No. 130064)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
TELEPHONE NO.: (415) 956-1000    FAX NO.: (415) 956-1008
ATTORNEY FOR *(Name):* Individual and representative plaintiff Siddharth Hariharan

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

**CASE NAME:**
Hariharan v. Adobe Systems Inc., et al.

**F I L E D**
**ALAMEDA COUNTY**
MAY - 4 2011
CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 11574066 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☑ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Three
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 4, 2011

Joseph R. Saveri
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice–
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease–
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Hariharan v. Adobe Systems Inc., et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice  (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes   [ ] no** | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial | **Is the deft. in possession of the property?** |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential | |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs | **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture | |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award | |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate | |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes   [ ] No** | |
| | Other judicial review (39) | [ ] 64 | Other judicial review | |
| Provisionally Complex | Antitrust / Trade regulation (03) | [✓] 77 | Antitrust / Trade regulation | |
| | Construction defect (10) | [ ] 82 | Construction defect | |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort | |
| | Securities litigation (28) | [ ] 91 | Securities litigation | |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental | |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type | |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment | |
| | | [ ] 08 | Confession of judgment | |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) | |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) | |
| | Other complaint (42) | [ ] 68 | All other complaints (G) | |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name | |
| | | [ ] 69 | Other petition | |

A-13

# EXHIBIT D

Lieff,Cabraser,Heimann &
Bernstein,LLP
Attn: Saveri, Joseph R
275 Battery St.
29th Fl.
San Francisco, CA  94111-3339

Adobe Systems Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Hariharan

Plaintiff/Petitioner(s)

VS.

Adobe Systems Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG11574066

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:
Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 07/11/2011   TIME: 03:00 PM   DEPARTMENT: 17
LOCATION:  Administration Building, Third Floor
               1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/16/2011   TIME: 03:00 PM   DEPARTMENT: 17
LOCATION:  Administration Building, Third Floor
               1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6933.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of
Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice
on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case
Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.  Case Management Statements may be filed by E-Delivery, by emailing
them to the following address:
EDelivery@alameda.courts.ca.gov.  No fee is charged for this service.  For further information,

go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  05/05/2011                                    Executive Officer / Clerk of the Superior Court

                                          By      *Cheryl Clark*
                                                                                        Digital
                                                     _____
                                                                       Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/05/2011.

                                          By      *Cheryl Clark*
                                                                                        Digital
                                                     _____
                                                                       Deputy Clerk

# EXHIBIT E

*Attorney or Party without Attorney:*
JOSEPH R. SAVERI, (SBN 130064)
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 BATTERY STREET
29TH FLOOR
SAN FRANCISCO, CA 94111
*Telephone No:* (415) 956-1000

*Attorney for:* Plaintiff

*Ref. No. or File No.:*

9400533

**FILED**
ALAMEDA COUNTY

MAY 10 2011

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

*Insert name of Court, and Judicial District and Branch Court:*
ALAMEDA COUNTY SUPERIOR COURT

*Plaintiff:* SIDDHARTH HARIHARAN

*Defendant:* ADOBE SYSTEMS INC, et al

| PROOF OF SERVICE SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* RG-11574066 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

*3. a. Party served:*          ADOBE SYSTEMS INCORPORATED
   *b. Person served:*        JENNIFER RUBALCAVA, AUTHORIZED TO ACCEPT SERVICE.

*4. Address where the party was served:*    345 PARK AVE
                                             SAN JOSE, CA 95110

*5. I served the party:*
   a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 04, 2011 (2) at: 4:25PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:*  ADOBE SYSTEMS INCORPORATED
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. VICTOR W. RZEPKA
                                              d.  *The Fee for Service was:*

   1138 Howard Street                         e.  I am: (3) registered California process server
   San Francisco, CA 94103                        *(i)*   Independent Contractor
   Telephone    (415) 626-3111                    *(ii)*  *Registration No.:*    1175
   Fax          (415) 626-1331                    *(iii)* *County:*              Santa Clara
   www.firstlegalnetwork.com

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Thu, May. 05, 2011

Judicial Council Form POS-010          PROOF OF SERVICE               (VICTOR W. RZEPKA)
Rule 2.150.(a)&(b) Rev January 1, 2007  SUMMONS & COMPLAINT          0672730.lleca.364580

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 4 2011

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc.,
Lucasfilm Ltd., Pixar, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Courthouse

1225 Fallon Street
Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*

RG11574066

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA 94111-3339; (415) 956-1000

DATE: May 4, 2011        Pat S. Sweeten    **Executive Officer/Clerk of the Superior Court**        , Deputy
*(Fecha)*                              *(Secretario)*    ERICA BAKER                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT F

*Attorney or Party without Attorney:*
JOSEPH R. SAVERI, (SBN 130064)
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 BATTERY STREET
29TH FLOOR
SAN FRANCISCO, CA 94111
*Telephone No:* (415) 956-1000

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
ALAMEDA COUNTY SUPERIOR COURT

*Plaintiff:* SIDDHARTH HARIHARAN
*Defendant:* ADOBE SYSTEMS INC, et al

FILED
ALAMEDA COUNTY

MAY 10 2011

CLERK OF THE SUPERIOR COURT
Deputy

| PROOF OF SERVICE SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* RG-11574066 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. *I served copies of the* SUMMONS;; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

3. a. *Party served:*      APPLE, INC
   b. *Person served:*     MARIA SANCHEZ, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT.

4. *Address where the party was served:*      818 WEST 7TH STREET
   LOS ANGELES, CA  90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 04, 2011 (2) at: 2:55PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of: APPLE, INC
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                          *Recoverable Cost Per CCP 1033.5(a)(4)(B)*
   a. DOUG FORREST

First Legal

1511 West Beverly Blvd.
Los Angeles, CA 90026
Telephone     (213) 250–9111
Fax              (213) 250–1197
www.firstlegalnetwork.com

   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      *(i)*   Independent Contractor
      *(ii)*  *Registration No.:*    5141
      *(iii)* *County:*            Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Thu, May. 05, 2011

PROOF OF SERVICE
SUMMONS & COMPLAINT

(DOUG FORREST)
6672722.lieca.364576

U

# ORIGINAL

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc.,
Lucasfilm Ltd., Pixar, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 4 2011

CLERK OF THE SUPERIOR COURT
By _____ ERICA BAKER
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Courthouse

1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*

**RG11574066**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA  94111-3339; (415) 956-1000

DATE: May 4, 2011                          Pat S. Sweeten             Executive Officer/Clerk of the Superior Court
*(Fecha)*                                                                   *(Secretario)*  ERICA BAKER                    , Deputy
                                                                                                                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT G

| Attorney or Party without Attorney: | | For Court Use Only |
| --- | --- | --- |
| JOSEPH R. SAVERI, (SBN 130064)<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN<br>275 BATTERY STREET<br>29TH FLOOR<br>SAN FRANCISCO, CA 94111<br>*Telephone No:* (415) 956-1000 | | **FILED**<br>ALAMEDA COUNTY<br><br>MAY 10 2011 |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | CLERK OF THE SUPERIOR COURT |

*Insert name of Court, and Judicial District and Branch Court:*

ALAMEDA COUNTY SUPERIOR COURT

*Plaintiff:* SIDDHARTH HARIHARAN

*Defendant:* ADOBE SYSTEMS INC, et al

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>RG-11574066 |
| --- | --- | --- | --- | --- |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

3. a. *Party served:*
      b. *Person served:*

   GOOGLE, INC
   RHONDA TUCK, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT.

4. *Address where the party was served:*

   2730 GATEWAY OAKS DRIVE
   SUITE 100
   SACRAMENTO, CA 95833

5. I served the party:.
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 04, 2011 (2) at: 1:04PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  GOOGLE, INC
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. Sherry Shada

   1814 "I" Street
   Sacramento, CA 95814
   Telephone   (916) 444-5111
   Fax         (916) 443-3111
   www.firstlegalnetwork.com

   d.  *The Fee for Service was:*

   Recoverable Cost Per CCP 1033.5(a)(4)(B)

   e.  I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  *Registration No.:*  2010-88
      (iii) *County:*  Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Thu, May. 05, 2011

   Judicial Council Form POS-010
   Rule 2.150.(a)&(b) Rev January 1, 2007

   PROOF OF SERVICE
   SUMMONS & COMPLAINT

   (Sherry Shada)

   6672729.lieca,364579

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc.,
Lucasfilm Ltd., Pixar, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 4 2011

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Courthouse

1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*

RG 11574066

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA  94111-3339; (415) 956-1000

DATE: May 4, 2011                                   Executive Officer/Clerk of the Superior Court
*(Fecha)*           Pat S. Sweeten          *(Secretario)*    ERICA BAKER    , Deputy
                                                                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT H

*9400525*

| Attorney or Party without Attorney: | | |
|---|---|---|
| JOSEPH R. SAVERI, (SBN 130064)<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN<br>275 BATTERY STREET<br>29TH FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: (415) 956-1000 | | **FILED**<br>ALAMEDA COUNTY<br><br>MAY 1 0 2011<br><br>CLERK OF THE SUPERIOR COURT<br>By_____ |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
**ALAMEDA COUNTY SUPERIOR COURT**

Plaintiff: SIDDHARTH HARIHARAN

Defendant: ADOBE SYSTEMS INC, et al

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RG-11574066 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

| | | |
|---|---|---|
| 3. a. *Party served:*<br>b. *Person served:* | | INTEL CORPORATION<br>MARIA SANCHEZ, PROCESS SPECIALIST, CT CORPORATION SYSTEM,<br>REGISTERED AGENT. |
| 4. *Address where the party was served:* | | 818 WEST 7TH STREET<br>LOS ANGELES, CA 90017 |

5. I served the party:
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 04, 2011 (2) at: 2:55PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  INTEL CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. DOUG FORREST

**First Legal**

1511 West Beverly Blvd.
Los Angeles, CA 90026
Telephone   (213) 250-9111
Fax        (213) 250-1197
www.firstlegalnetwork.com

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d.  *The Fee for Service was:*

e.  I am: (3)  registered California process server
    *(i)*  Independent Contractor
    *(ii)*  *Registration No.:*  5141
    *(iii)*  *County:*     Los Angeles

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Thu, May. 05, 2011*

U

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

(DOUG FORREST)

6672727.lieca.364578

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 4 2011

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Alameda County Courthouse
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número del caso): RG 11574066

1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA  94111-3339; (415) 956-1000

DATE: May 4, 2011          Pat S. Sweeten     Executive Officer/Clerk of the Superior Court        , Deputy
(Fecha)                             (Secretario) ERICA BAKER                                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify):

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)          [ ] CCP 416.90 (authorized person)

[ ] other (specify):
4. [✓] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT I





*9400521*

| Attorney or Party without Attorney:<br>JOSEPH R. SAVERI, (SBN 130064)<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN<br>275 BATTERY STREET<br>29TH FLOOR<br>SAN FRANCISCO, CA  94111<br>Telephone No: (415) 956-1000 | For Court Use Only<br>FILED<br>ALAMEDA COUNTY<br>MAY 1 0 2011<br>CLERK OF THE SUPERIOR COURT<br>By _____<br>Deputy |
|---|---|
| Attorney for: Plaintiff | |
| Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

ALAMEDA COUNTY SUPERIOR COURT

Plaintiff: SIDDHARTH HARIHARAN

Defendant: ADOBE SYSTEMS INC, et al

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RG-11574066 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

3. a. Party served:         INTUIT INC.
   b. Person served:       RHONDA TUCK, CSC LAWYERS INCORPORATING SERVICE,
                           REGISTERED AGENT.

4. Address where the party was served:    2730 GATEWAY OAKS DRIVE
                                          SUITE 100
                                          SACRAMENTO, CA  95833

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 04, 2011 (2) at: 1:04PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of:  INTUIT INC.
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Sherry Shada                          d. The Fee for Service was:



   1814 "I" Street                          e. I am: (3) registered California process server
   Sacramento, CA 95814                        (i)    Independent Contractor
   Telephone   (916) 444-5111                  (ii)   Registration No.:    2010-88
   Fax         (916) 443-3111                  (iii)  County:              Sacramento
   www.firstlegalnetwork.com

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Thu, May. 05, 2011

Judicial Council Form POS-010                    PROOF OF SERVICE                    (Sherry Shada)
Rule 2.150.(a)&(b) Rev January 1, 2007          SUMMONS & COMPLAINT                          6672733.liecn.364583

# EXHIBIT J

*9400517*

Attorney or Party without Attorney:
JOSEPH R. SAVERI, (SBN 130064)
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 BATTERY STREET
29TH FLOOR
SAN FRANCISCO, CA 94111
Telephone No: (415) 956-1000

| | |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

FILED
ALAMEDA COUNTY

MAY 10 2011

CLERK OF THE SUPERIOR COURT
By
Deputy

Insert name of Court, and Judicial District and Branch Court:
ALAMEDA COUNTY SUPERIOR COURT

Plaintiff: SIDDHARTH HARIHARAN

Defendant: ADOBE SYSTEMS INC, et al

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RG-11574066 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

3. a. Party served:                          LUCASFILM LTD
   b. Person served:                         DAVID ANDERMAN, AGENT FOR SERVICE.

4. Address where the party was served:       ONE LETTERMAN DRIVE
                                             BUILDING B
                                             SAN FRANCISCO, CA 94129

5. I served the party:
   b. by substituted service. On: Wed., May. 04, 2011 at: 2:31PM by leaving the copies with or in the presence of:
      DESIREE ALINEA, AUTHORIZED TO ACCEPT SERVICE
      (1) (Business) a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
          person served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: LUCASFILM LTD
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Ben Gates                              d. The Fee for Service was:



      1138 Howard Street                     e. I am: (3) registered California process server
      San Francisco, CA 94103                       (i)   Independent Contractor
      Telephone   (415) 626-3111                     (ii)  Registration No.:      756
      Fax         (415) 626-1331                      (iii) County:               Contra Costa
      www.firstlegalnetwork.com

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Thu, May. 05, 2011

Judicial Council Form POS-010                  PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007         SUMMONS & COMPLAINT            (Ben Gates)        6672732.lleca.364582

| Attorney or Party without Attorney:<br>JOSEPH R. SAVERI, (SBN 130064)<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN<br>275 BATTERY STREET<br>29TH FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: (415) 956-1000     FAX No: | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | |
| Insert name of Court, and Judicial District and Branch Court:<br>ALAMEDA COUNTY SUPERIOR COURT | |

| | | | |
|---|---|---|---|
| Plaintiff: SIDDHARTH HARIHARAN | | | |
| Defendant: ADOBE SYSTEMS INC, et al | | | |

| PROOF OF SERVICE<br>By Mail | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RG-11574066 |
|---|---|---|---|---|

1.  I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2.  I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

3.  By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

    a. Date of Mailing:                    Thu., May. 05, 2011
    b. Place of Mailing:                   SAN FRANCISCO, CA 94103
    c. Addressed as follows:               LUCASFILM LTD
                                           ONE LETTERMAN DRIVE
                                           BUILDING B
                                           SAN FRANCISCO, CA 94129

4.  I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Thu., May. 05, 2011 in the ordinary course of business.

5.  *Person Serving:*                                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. KELLIE EMMONS                          d. *The Fee for Service was:*
    b. FIRST LEGAL SUPPORT SERVICES           e. *I am: Not a Registered California Process Server*
       1138 HOWARD ST.
       SAN FRANCISCO, CA 94103
    c. 415-626-3111

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Thu., May. 05, 2011

PROOF OF SERVICE
By Mail

(KELLIE EMMONS)

66/2732.lieca.364582

ORIGINAL

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc.,
Lucasfilm Ltd., Pixar, and Does 1-100

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ENDORSED
FILED
ALAMEDA COUNTY
MAY - 4 2011
CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:                                    CASE NUMBER
*(El nombre y dirección de la corte es):* Alameda County Courthouse       *(Número del Caso):*
1225 Fallon Street                                                        RG 11574066
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA 94111-3339; (415) 956-1000

DATE: May 4, 2011               Pat S. Sweeten    Executive Officer/Clerk of the Superior Court    , Deputy
*(Fecha)*                       *(Secretario)*    ERICA BAKER                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

    under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [✓] by personal delivery on *(date):*

Form Adopted for Mandatory Use                                                     Page 1 of 1
Judicial Council of California                **SUMMONS**              Code of Civil Procedure §§ 412.20, 465
SUM-100 [Rev. July 1, 2009]                                                        www.courtinfo.ca.gov

# EXHIBIT K

*9400513*

<table>
<tr><td>

*Attorney or Party without Attorney:*<br>
JOSEPH R. SAVERI, (SBN 130064)<br>
LIEFF, CABRASER, HEIMANN & BERNSTEIN<br>
275 BATTERY STREET<br>
29TH FLOOR<br>
SAN FRANCISCO, CA 94111<br>
*Telephone No:* (415) 956-1000

*Attorney for:* Plaintiff
</td><td>

FILED<br>
ALAMEDA COUNTY<br>
MAY 1 0 2011<br>
CLERK OF THE SUPERIOR COURT<br>
By _____<br>
Deputy
</td></tr>
</table>

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
ALAMEDA COUNTY SUPERIOR COURT

*Plaintiff:* SIDDHARTH HARIHARAN

*Defendant:* ADOBE SYSTEMS INC, et al

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: RG-11574066 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT FOR VIOLATIONS; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM; CASE MANAGEMENT STATEMENT; STIPULATION AND ORDER TO ATTEND ADR AND DELAY FIRST CASE MANAGEMENT CONFERENCE 90 DAYS; ADR INFORMATION PACKAGE.

3. a. *Party served:*  PIXAR
   b. *Person served:*  JAMES KENNEDY, AGENT FOR SERVICE

4. *Address where the party was served:*  1200 PARK AVENUE EMERYVILLE, CA 94608

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 04, 2011 (2) at: 3:10PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:* PIXAR
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. Raimundo Carvalho

   Recoverable Cost Per CCP 1033.5(a)(4)(B)

   1138 Howard Street<br>
   San Francisco, CA 94103<br>
   Telephone (415) 626–3111<br>
   Fax (415) 626–1331<br>
   www.firstlegalnetwork.com

   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) *Registration No.:* 2005-0000968-00
      (iii) *County:* San Francisco

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Thu, May. 05, 2011

   (Raimundo Carvalho)

Judicial Council Form POS-010<br>
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE<br>
SUMMONS & COMPLAINT

6672726.lieca.364577

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 4 2011

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc.,
Lucasfilm Ltd., Pixar, and Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Individual and Representative Plaintiff Siddharth Hariharan

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Alameda County Courthouse | *(Número del Caso):* |
| 1225 Fallon Street | 11574066 |
| Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph R. Saveri, Lieff Cabraser, 275 Battery St., 29th Fl., San Francisco, CA  94111-3339; (415) 956-1000

DATE: May 4, 2011                                                      Executive Officer/Clerk of the Superior Court
*(Fecha)*  Pat S. Sweeten  *(Secretario)*  ERICA BAKER  , Deputy
                                                                                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT L



## Presidio of San Francisco

**Golden Gate**
National Recreation Area

**National Park Service**
Department of the Interior

### Recreation Map

**Welcome to the Presidio of San Francisco**

Whether you have an hour, a day, or a year, the Presidio offers endless attractions. With this map to guide you, explore on foot, by bicycle, or on the Presidio shuttle bus system. Enjoy the Presidio!

**Help Protect the Park's Resources**

The Presidio is a national park because of its rich cultural and natural heritage. Please protect sensitive plant communities, waterbird protection areas, and fragile historic structures. Stay on established trails and out of fenced areas. Dog walkers must obey regulations and pick up after their pets.

**Accessibility**

The Main Post and the Golden Gate Promenade are wheelchair accessible, as are buildings open to the public.

**Emergency**

Call 911 or call 561-5656 (U. S. Park Police)

**Visitor Information**

Presidio Visitor Center (415) 561-4323, call for open days or visit: www.nps.gov/prsf

Fort Point (415) 556-1693, call for open days or visit: www.nps.gov/fopo

EXPERIENCE YOUR AMERICA

www.nps.gov/goga

# EXHIBIT M

**Table 677. Personal Income and Its Disposition: 1990 to 2009**

[In billions of dollars (4,847 represents $4,847,000,000,000), except as indicated. For definition of personal income and chained dollars, see text, this section]

| Item | 1990 | 2000 | 2004 | 2005 | 2006 | 2007 | 2008 | 2009 |
|---|---|---|---|---|---|---|---|---|
| **Personal income** | 4,847 | 8,559 | 9,937 | 10,486 | 11,268 | 11,894 | 12,239 | 12,026 |
| Compensation of employees, received | 3,326 | 5,789 | 6,708 | 7,060 | 7,476 | 7,863 | 8,042 | 7,787 |
| Wage and salary disbursements | 2,741 | 4,828 | 5,426 | 5,701 | 6,069 | 6,409 | 6,546 | 6,284 |
| Supplements to wages and salaries | 585 | 961 | 1,283 | 1,359 | 1,407 | 1,454 | 1,497 | 1,503 |
| Proprietors' income [1] | 365 | 818 | 1,034 | 1,070 | 1,133 | 1,096 | 1,106 | 1,041 |
| Farm | 32 | 30 | 50 | 44 | 29 | 39 | 49 | 29 |
| Nonfarm | 333 | 788 | 984 | 1,026 | 1,104 | 1,057 | 1,058 | 1,012 |
| Rental income of persons [1] | 50 | 215 | 198 | 178 | 147 | 145 | 210 | 268 |
| Personal income receipts on assets | 921 | 1,361 | 1,409 | 1,542 | 1,830 | 2,032 | 1,994 | 1,793 |
| Personal interest income | 752 | 984 | 860 | 987 | 1,128 | 1,266 | 1,308 | 1,239 |
| Personal dividend income | 169 | 377 | 548 | 555 | 702 | 765 | 686 | 554 |
| Personal current transfer receipts | 595 | 1,083 | 1,416 | 1,509 | 1,605 | 1,718 | 1,876 | 2,105 |
| Government social benefits to persons | 573 | 1,041 | 1,399 | 1,483 | 1,584 | 1,688 | 1,843 | 2,072 |
| Old-age, survivors, disability, and health insurance benefits | 352 | 621 | 790 | 845 | 943 | 1,004 | 1,070 | 1,157 |
| Other current transfer receipts, from business (net) | 22 | 42 | 17 | 26 | 21 | 30 | 33 | 33 |
| Less: Contributions for government social insurance | 410 | 706 | 827 | 873 | 922 | 959 | 991 | 967 |
| *Less: Personal current taxes* | *593* | *1,232* | *1,048* | *1,209* | *1,352* | *1,491* | *1,432* | *1,103* |
| **Equals: Disposable personal income** | **4,254** | **7,327** | **8,889** | **9,277** | **9,916** | **10,403** | **10,806** | **10,924** |
| *Less: Personal outlays* | *3,977* | *7,114* | *8,586* | *9,150* | *9,681* | *10,224* | *10,520* | *10,459* |
| Personal consumption expenditures | 3,836 | 6,830 | 8,285 | 8,819 | 9,323 | 9,826 | 10,130 | 10,089 |
| Personal interest payments [2] | 111 | 200 | 190 | 211 | 230 | 257 | 238 | 214 |
| Personal current transfer payments | 31 | 83 | 110 | 120 | 128 | 141 | 152 | 156 |
| **Equals: Personal saving** | **277** | **213** | **304** | **128** | **235** | **179** | **286** | **465** |
| Personal saving as a percentage of disposable personal income | 6.5 | 2.9 | 3.4 | 1.4 | 2.4 | 1.7 | 2.7 | 4.3 |
| *Addenda:* | | | | | | | | |
| Disposable personal income: | | | | | | | | |
| Total, billions of chained (2005) dollars | 5,896 | 8,162 | 9,155 | 9,277 | 9,651 | 9,861 | 9,911 | 9,999 |
| Per capita: | | | | | | | | |
| Current dollars | 17,004 | 25,944 | 30,287 | 31,318 | 33,157 | 34,445 | 35,450 | 35,526 |
| Chained (2005) dollars | 23,568 | 28,899 | 31,193 | 31,318 | 32,271 | 32,648 | 32,514 | 32,519 |

[1] With inventory valuation adjustments and capital consumption adjustment. [2] Consists of nonmortgage interest paid by households.

Source: U.S. Bureau of Economic Analysis, *Survey of Current Business,* April 2010. See also <http://www.bea.gov/national /nipaweb/SelectTable.asp?Selected=N>.

**Table 678. Selected Per Capita Income and Product Measures in Current and Chained (2005) Dollars: 1960 to 2009**

[In dollars. Based on U.S. Census Bureau estimated population including Armed Forces abroad; based on quarterly averages. For explanation of chained dollars, see text, this section]

| Year | Current dollars | | | | | Chained (2005) dollars | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Gross domestic product | Gross national product | Personal income | Disposable personal income | Personal consumption expenditures | Gross domestic product | Gross national product | Personal income | Disposable personal income | Personal consumption expenditures |
| 1960 | 2,912 | 2,930 | 2,275 | 2,020 | 1,836 | 15,661 | 15,770 | 10,865 | 9,871 |
| 1970 | 5,063 | 5,094 | 4,089 | 3,586 | 3,161 | 20,820 | 20,964 | 15,158 | 13,361 |
| 1975 | 7,583 | 7,643 | 6,180 | 5,497 | 4,786 | 22,592 | 22,786 | 17,091 | 14,881 |
| 1980 | 12,243 | 12,394 | 10,107 | 8,794 | 7,710 | 25,640 | 25,967 | 18,863 | 16,538 |
| 1985 | 17,683 | 17,794 | 14,661 | 12,911 | 11,394 | 28,717 | 28,904 | 21,571 | 19,037 |
| 1990 | 23,185 | 23,323 | 19,373 | 17,004 | 15,331 | 32,112 | 32,304 | 23,568 | 21,249 |
| 1992 | 24,686 | 24,799 | 20,813 | 18,436 | 16,491 | 32,255 | 32,408 | 23,958 | 21,430 |
| 1993 | 25,616 | 25,736 | 21,393 | 18,909 | 17,226 | 32,747 | 32,900 | 24,044 | 21,904 |
| 1994 | 26,893 | 26,985 | 22,299 | 19,678 | 18,033 | 33,671 | 33,784 | 24,517 | 22,466 |
| 1995 | 27,813 | 27,924 | 23,260 | 20,470 | 18,708 | 34,112 | 34,245 | 24,951 | 22,803 |
| 1996 | 29,062 | 29,180 | 24,439 | 21,355 | 19,553 | 34,977 | 35,115 | 25,475 | 23,325 |
| 1997 | 30,526 | 30,612 | 25,648 | 22,255 | 20,408 | 36,102 | 36,202 | 26,061 | 23,899 |
| 1998 | 31,843 | 31,905 | 27,251 | 23,534 | 21,432 | 37,238 | 37,312 | 27,299 | 24,861 |
| 1999 | 33,486 | 33,585 | 28,321 | 24,356 | 22,707 | 38,592 | 38,708 | 27,805 | 25,923 |
| 2000 | 35,237 | 35,370 | 30,308 | 25,944 | 24,185 | 39,750 | 39,901 | 28,899 | 26,939 |
| 2001 | 36,049 | 36,231 | 31,133 | 26,805 | 25,054 | 39,768 | 39,969 | 29,299 | 27,385 |
| 2002 | 36,935 | 37,106 | 31,444 | 27,799 | 25,819 | 40,096 | 40,283 | 29,976 | 27,841 |
| 2003 | 38,310 | 38,546 | 32,244 | 28,805 | 26,832 | 40,711 | 40,964 | 30,442 | 28,357 |
| 2004 | 40,435 | 40,746 | 33,857 | 30,287 | 28,228 | 41,784 | 42,107 | 31,193 | 29,072 |
| 2005 | 42,664 | 42,992 | 35,398 | 31,318 | 29,771 | 42,664 | 42,992 | 31,318 | 29,771 |
| 2006 | 44,805 | 45,047 | 37,679 | 33,157 | 31,174 | 43,391 | 43,625 | 32,271 | 30,341 |
| 2007 | 46,611 | 46,994 | 39,381 | 34,445 | 32,535 | 43,884 | 44,244 | 32,648 | 30,838 |
| 2008 | 47,375 | 47,841 | 40,149 | 35,450 | 33,231 | 43,671 | 44,098 | 32,514 | 30,479 |
| 2009 | 46,364 | 46,706 | 39,112 | 35,526 | 32,812 | 42,288 | 42,551 | 32,519 | 30,034 |

Source: U.S. Bureau of Economic Analysis, *Survey of Current Business,* April 2010. See also <http://www.bea.gov/national /nipaweb/SelectTable.asp?Selected=N>.

Income, Expenditures, Poverty, and Wealth  443