1   Joseph R. Saveri (State Bar No. 130064)
    Eric B. Fastiff (State Bar No. 182260)
2   Brendan Glackin (State Bar No. 199643)
    Dean Harvey (State Bar No. 250298)
3   Anne B. Shaver (State Bar No. 255928)
    Katherine M. Lehe (State Bar No. 273472)
4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, CA  94111-3339
    Telephone:  415.956.1000
6   Facsimile:  415.956.1008

7   Attorneys for Individual and Representative Plaintiff
    Siddharth Hariharan
8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12   SIDDHARTH HARIHARAN, individually      Case No.  C 11-2509 SBA
     and on behalf of all others similarly
13   situated,                              **NOTICE OF PENDENCY OF OTHER
                                            ACTIONS OR PROCEEDINGS**
14                   Plaintiff,

15   v.

16   ADOBE SYSTEMS INC., APPLE INC.,
     GOOGLE INC., INTEL CORP., INTUIT
17   INC., LUCASFILM LTD., PIXAR, and
     DOES 1-200,
18
                     Defendants.
19

20

21          Pursuant to Local Rule 3-13, Plaintiff Siddharth Hariharan ("Plaintiff") submits this
22
     Notice of Pendency of Other Actions or Proceedings.  Two cases filed in Santa Clara Superior
23
     Court on June 28, 2011 concern the same subject matter and parties as this action.
24
            In addition, pursuant to Local Rule 3-13(b)(C) and 3-13(d), to facilitate coordination with
25
     the Santa Clara Superior Court, the Court should transfer this action to the San Jose Division of
26
     the U.S. District Court for the Northern District of California.  Transfer to the San Jose Division
27
     would also be convenient for the parties and in the interests of justice, because the San Jose
28

926236.5

1    Division serves Santa Clara County, the county in which the majority of the witnesses and

2    defendants are located, and the county in which the defendants who employed over 98% of

3    proposed class members maintain their principal places of business.  *Cf.* L.R. 3-2(h).

4    **I.      Description of the Other Actions**

5           The two recently filed cases, like this action, allege a conspiracy among Adobe Systems

6    Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200

7    ("Defendants"), to fix and suppress the compensation of their employees through an illegal

8    agreement not to recruit each others' employees in violation of the California antirust law, Bus. &

9    Prof. Code sec. 16720, *et seq.,* and the California Unfair Competition Law, Bus. & Prof. Code

10   sec. 17200, *et seq.*  Plaintiffs allege that this agreement deprived those employees of higher wages

11   and other benefits that would have accrued to them in a freely functioning market, absent

12   Defendants' agreement.  (*See* attached Declaration of Dean M. Harvey in Support of the Notice of

13   Pendency of Other Actions or Proceedings ("Harvey Decl.") ¶¶ 2-4, Ex. A ("Devine Compl.")

14   and Ex. B ("Marshall Compl.").)

15   **II.     Title and Location of the Court in Which The Other Actions are Pending**

16          The two new cases were filed in Santa Clara County Superior Court on June 28, 2011.

17   The captions are:

18          1.     *Michael Devine v. Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit*

19   *Inc., Lucasfilm Ltd., Pixar, and Does 1-200*, Case No. 111-cv-204053 (Santa Clara Superior

20   Court) ("*Devine*"); and

21          2.     *Brandon Marshall v. Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp.,*

22   *Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200*, Case No. 111-cv-204052 (Santa Clara Superior

23   Court ("*Marshall*").

24   **III.    The Relationship of the Other Cases To The Pending Action**

25          The undersigned attorneys represent Plaintiff in this action as well as the plaintiffs in the

26   two recently filed cases (collectively, "Plaintiffs").  All three cases concern the same subject

27   matter, parties, and claims for relief.

28          Among other things, Plaintiffs allege that Defendants' conspiracy in restraint of trade

- 2 -

included "(1) agreements not to actively recruit each other's employees; (2) agreements to provide notification when making an offer to another's employee (without the knowledge or consent of that employee); and (3) agreements that, when offering a position to another company's employee, neither company would counteroffer above the initial offer." (Hariharan Compl. ¶ 1, Dkt. No. 2, Ex. A; Devine Compl. ¶ 1; and Marshall Compl. ¶ 1.)

In each of the three cases an individual plaintiff seeks to represent an identically defined class:

> All natural persons employed by Defendants in the United States on a salaried basis during the period from January 1, 2005 through January 1, 2010 (the 'Class Period'). Excluded from the class are: retail employees; corporate officers, members of the boards of directors, and senior executives of Defendants who entered into the illicit agreements alleged herein; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

(*See* Hariharan Compl. ¶ 30; Devine Compl. ¶ 31; and Marshall Compl. ¶ 31.)

Plaintiffs allege the same claims for relief: violations of California's antitrust statute, Business and Professions Code sections 16720 *et seq.*; Business and Professions Code section 16600; and California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.* (Hariharan Compl. ¶¶ 95-120; Devine Compl. ¶¶ 108-133; and Marshall Compl. ¶¶ 108-133.)

## IV.   The Proceedings Should be Coordinated and This Case Should Be Transferred to the San Jose Division

As described above, the three actions concern exactly the same subject matter and should be coordinated pursuant to Local Rule 3-13(b)(C). Coordination of discovery, motion practice, and trial will "avoid conflicts, conserve resources and promote an efficient determination of the action." *Id.*

Plaintiffs respectfully suggest that the first step in coordination should be transfer of this action (*Hariharan*) to a judge sitting in the San Jose Division. It will be easier for a District Judge located mere minutes from the pending California actions to conduct coordinated proceedings with his or her California counterpart. Additionally, coordination in San Jose would be most efficient for the parties. The *Devine* and *Marshall* cases were filed in Santa Clara County

1    Superior Court because, unlike the *Hariharan* case, the plaintiffs in those cases were both

2    formerly employed exclusively by defendants headquartered in Santa Clara County.  (Devine

3    Compl. ¶ 21; Marshall Compl. ¶ 21.)  In addition, the plaintiff in the *Marshall* case currently

4    resides in Santa Clara County.  (Marshall Compl. ¶ 21.)  Furthermore, it is now apparent that, of

5    the seven Defendants, five—Adobe, Apple, Google, Intel and Intuit—maintain their principal

6    places of business in Santa Clara County.  By Defendants' own estimates, these five defendants

7    employed <u>at least 98%</u> of class members,[1] and employed 2 out of the 3 individual plaintiffs.[2]

8    These five defendants negotiated, finalized, implemented, and enforced explicit agreements to

9    eliminate competition among each other, all within Santa Clara County.  (Devine Compl. ¶¶ 61-

10   96; Marshall Compl. ¶¶ 61-96.)  Thus, the vast majority of the percipient witnesses, relevant

11   documents, and defendants are located in Santa Clara County.  Accordingly, coordination in the

12   San Jose Division will best "conserve resources" and "promote an efficient determination of the

13   action."

14          For the same reasons, transfer to the San Jose Division would also be consistent with

15   Local Rule 3-2(h) (intradistrict transfer may be ordered to serve the "convenience of parties and

16   witnesses and the interests of justice").  This Court has granted motions for intradistrict transfer

17   under similar circumstances.  *See*, *e.g.*, *Rivera v. Hewlett Packard Corp.*, 2003 WL 24029472, at

18   *1-*2, Case No. 03-0939 (N.D. Cal. April 22, 2003) (granting Hewlett Packard's motion for

19   transfer to the San Jose Division in an unlawful termination case, because Hewlett Packard

20   maintained its principal place of business in Santa Clara County) (Armstrong, J.).  In a case

21   regarding alleged defects in the iPad, Apple Inc. ("Apple") filed a motion for intradistrict transfer

22   

23   [1] In Defendants' notice of removal and supporting papers, Defendants use current employees as a
     surrogate for employees who worked from January 1, 2005 through January 1, 2010 (the class

24   period).  (*See* Notice of Removal ¶ 21, at p. 6, Dkt. No. 1.)  Defendants estimate that they
     currently employ 83,300 individuals who would otherwise qualify as members of the class.  (*Id.*)

25   Of these, Defendants estimate that 82,283 work for defendants who maintain their principal
     places of business in Santa Clara County: Adobe Systems Inc., Apple Inc., Google Inc., Intel

26   Corp., and Intuit Inc.  (Declarations of Rhonda Hjort ¶ 3, Dkt. No. 4; Jack Gilmore ¶ 3, Dkt. No.
     5; Joel Podolny ¶ 3, Dkt. No. 6; Tadhg Bourke ¶ 3, Dkt. No. 7; James M. Kennedy ¶ 3, Dkt. No.

27   8; Debbie R. Oldham-Auker ¶ 2, Dkt. No. 9; and Kumud Kokal ¶ 3, Dkt. No. 31-1.)
     [2] The remaining two defendants, Lucasfilm Ltd. and Pixar, employed less than 2% of class

28   members.  Lucasfilm Ltd. maintains its principal place of business in San Francisco County, and
     Pixar maintains its principal place of business in Alameda County.

926236.5

to the San Jose Division because Apple maintained its principal place of business in Santa Clara County, despite the fact that the alleged defects manifested themselves in Contra Costa County, and one of the named plaintiffs resided in Contra Costa County. *Baltazar v. Apple Inc.*, 2010 WL 4392740, Case No. 10-3231, at *1 (N.D. Cal. Oct. 29, 2010) (White, J.)  Apple argued that the case should be transferred to the San Jose Division because "the design and development of the iPad occurred in Santa Clara County" and "the advertising and marketing plans were developed there as well." *Id.*, at *2.  The Court concluded that the case arose in Santa Clara County and granted Apple's motion to transfer. *Id.*

Coordination in San Jose also makes sense in the likely event that Defendants attempt to remove the *Devine* and *Marshall* actions.  Those cases would be properly assigned upon removal to the San Jose Division.  To avoid conflicts, one District Judge should decide Plaintiffs' forthcoming remand motion (or motions) and, should remand be denied in whole or in part, one District Judge should preside over all three actions in order to consistently decide major motions such as Plaintiffs' motion for class certification.  Indeed, if all three cases end up in District Court, Plaintiffs expect them to be substantially consolidated. *See* 28 U.S.C. § 1404(b).  Similarly, if Plaintiffs' remand motion is granted, Plaintiffs will seek to coordinate the cases pursuant to California Code of Civil Procedure section 404.

## V.     Plaintiffs Are Meeting and Conferring With Defendants Regarding Coordination Of The Proceedings

Plaintiffs have provided courtesy copies of the two newly filed actions to Defendants' counsel and have asked Defendants' counsel to accept service on behalf of their clients.  Plaintiffs have asked Defendants' counsel to meet and confer regarding coordination of all three cases, and will continue to do so in good faith and on an expedited basis.  Local Rule 3-13(a), however, required Plaintiffs to file this Notice of Pendency of Other Action or Proceeding notwithstanding that the conference process on coordination is not complete.  Should the conference process not produce an agreement on coordination, Local Rule 3-13(c) permits a response to this notice to be filed by any party within 14 days from today.

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING
CASE NO. C 11-2509 SBA

1    Dated:  June 29, 2011                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

2

3                                              By:   */s/ Dean M. Harvey*
4                                                        Dean M. Harvey

5                                              Joseph R. Saveri (State Bar No. 130064)
                                               Eric B. Fastiff (State Bar No. 182260)
6                                              Brendan P. Glackin (State Bar No. 199643)
                                               Dean M. Harvey (State Bar No. 250298)
7                                              Anne B. Shaver (State Bar No. 255928)
                                               Katherine M. Lehe (State Bar No. 273472)
8                                              LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                               275 Battery Street, 29th Floor
9                                              San Francisco, CA  94111-3339
                                               Telephone:  (415) 956-1000
10                                             Facsimile:  (415) 956-1008

11                                             Attorneys for Individual and Representative Plaintiff
                                               Siddharth Hariharan
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

NOTICE OF PENDENCY OF OTHER ACTION OR
PROCEEDING
CASE NO. C 11-2509 SBA