Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Attorneys for Individual and Representative Plaintiff
Siddharth Hariharan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDDHARTH HARIHARAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INC., APPLE INC., GOOGLE INC., INTEL CORP., INTUIT INC., LUCASFILM LTD., PIXAR, and DOES 1-200,<br><br>Defendants. | Case No.  C 11-2509 SBA<br><br>**SECOND NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS** |

      Pursuant to Local Rule 3-13, Plaintiff Siddharth Hariharan ("Plaintiff") submits this Second Notice of Pendency of Other Actions or Proceedings.

      On June 30, 2011, a case captioned *Mark Fichtner v. Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200*, Case No. 111-cv-204187 (Santa Clara Superior Court) ("*Fichtner*") was filed in Santa Clara County Superior Court concerning the same subject matter and parties as this action.

      In addition, pursuant to Local Rule 3-13(b)(C) and 3-13(d), to facilitate coordination with

1  the Santa Clara Superior Court, Plaintiff respectfully suggests that the Court should transfer this
2  action to the San Jose Division of the U.S. District Court for the Northern District of California.
3  Transfer to the San Jose Division would also be convenient for the parties and in the interests of
4  justice, because the San Jose Division serves Santa Clara County, the county in which the
5  majority of the witnesses and defendants are located, and the county in which the defendants who
6  employed over 98% of proposed class members maintain their principal places of business.  *Cf.*
7  L.R. 3-2(h) (intradistrict transfer may be ordered to serve the "convenience of parties and
8  witnesses and the interests of justice").

## I.  Description of the Additional Action

The additional case, like this action and the two other cases described in Plaintiff's First Notice of Pendency of Other Actions or Proceedings ("First Notice") (Dkt. No. 32), alleges a conspiracy among Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200 ("Defendants"), to fix and suppress the compensation of their employees through an illegal agreement not to recruit each others' employees in violation of the California antirust law, Bus. & Prof. Code sec. 16720, *et seq.*, and the California Unfair Competition Law, Bus. & Prof. Code sec. 17200, *et seq.*  The plaintiff in the additional case also alleges that this agreement deprived those employees of higher wages and other benefits that would have accrued to them in a freely functioning market, absent Defendants' agreement.  (*See* attached Declaration of Dean M. Harvey in Support of the Second Notice of Pendency of Other Actions or Proceedings ("Harvey Decl.") ¶ 2, Ex. A ("*Fichtner* Compl.").)

## II.  Title and Location of the Court in Which The Other Action is Pending

The new case was filed in Santa Clara County Superior Court on June 30, 2011.  The caption is: *Mark Fichtner v. Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200*, Case No. 111-cv-204187 (Santa Clara Superior Court).

## III.  The Relationship of the Other Case To The Pending Action

The undersigned attorneys represent Plaintiff in this action, the plaintiff in the *Fichtner* case, and the two additional cases described in the First Notice (collectively, "Plaintiffs").[1]  All

---

[1] The two additional cases are:  *Michael Devine v. Adobe Systems Inc., Apple Inc., Google Inc.,*

four cases concern the same subject matter, parties, and claims for relief.

Plaintiffs allege, *inter alia*, that Defendants' conspiracy in restraint of trade included "(1) agreements not to actively recruit each other's employees; (2) agreements to provide notification when making an offer to another's employee (without the knowledge or consent of that employee); and (3) agreements that, when offering a position to another company's employee, neither company would counteroffer above the initial offer." (*Hariharan* Compl. ¶ 1; *Devine* Compl. ¶ 1; *Marshall* Compl. ¶ 1; *Fichtner* Compl. ¶ 1.)

In each of the four cases an individual plaintiff seeks to represent an identically defined class:

> All natural persons employed by Defendants in the United States on a salaried basis during the period from January 1, 2005 through January 1, 2010 (the 'Class Period'). Excluded from the class are: retail employees; corporate officers, members of the boards of directors, and senior executives of Defendants who entered into the illicit agreements alleged herein; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

(*Hariharan* Compl. ¶ 30; *Devine* Compl. ¶ 31; *Marshall* Compl. ¶ 31; *Fichtner* Compl. ¶ 31.)

Plaintiffs allege the same claims for relief: violations of California's antitrust statute, Business and Professions Code sections 16720, *et seq.*; Business and Professions Code section 16600; and California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq*. (*Hariharan* Compl. ¶¶ 95-120; *Devine* Compl. ¶¶ 108-133; *Marshall* Compl. ¶¶ 108-133; *Fichtner* Compl. ¶¶ 108-133.)

### IV. The Proceedings Should be Coordinated and This Case Should Be Transferred to the San Jose Division

As described above, the four actions concern exactly the same subject matter and should be coordinated pursuant to Local Rule 3-13(b)(C). Coordination of discovery, motion practice, and trial will "avoid conflicts, conserve resources and promote an efficient determination of the action." *Id.*

---

*Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200*, Case No. 111-cv-204053 (Santa Clara Superior Court); and *Brandon Marshall v. Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and Does 1-200*, Case No. 111-cv-204052 (Santa Clara Superior Court).

Plaintiffs respectfully suggest that the first step in coordination should be transfer of this action (*Hariharan*) to a District Judge sitting in the San Jose Division. It will be easier for a District Judge located mere minutes from the pending California actions to conduct coordinated proceedings with his or her California counterpart. Additionally, coordination in San Jose would be most efficient for the parties. The *Fichtner* case, like the *Devine* and *Marshall* cases, were filed in Santa Clara County Superior Court because, unlike the *Hariharan* case, the plaintiff in the *Fichtner* case was formerly employed exclusively by a defendant headquartered in Santa Clara County (Intel). (*Fichtner* Compl. ¶ 21. *See also Devine* Compl. ¶ 21; *Marshall* Compl. ¶ 21.) Of the seven Defendants, five—Adobe, Apple, Google, Intel and Intuit—maintain their principal places of business in Santa Clara County. By Defendants' own estimates, these five defendants employed <u>at least 98%</u> of class members,[2] and employed 3 out of the 4 individual plaintiffs.[3] These five defendants negotiated, finalized, implemented, and enforced explicit agreements to eliminate competition among each other, all within Santa Clara County. (*Fichtner* Compl. ¶¶ 61-96; *Devine* Compl. ¶¶ 61-96; *Marshall* Compl. ¶¶ 61-96.) Thus, the vast majority of the percipient witnesses, relevant documents, and defendants are located in Santa Clara County. Accordingly, coordination in the San Jose Division will best "conserve resources" and "promote an efficient determination of the action."

For the same reasons, transfer to the San Jose Division would also be consistent with Local Rule 3-2(h) (intradistrict transfer may be ordered to serve the "convenience of parties and witnesses and the interests of justice"). This Court has granted motions for intradistrict transfer under similar circumstances. *See*, *e.g.*, *Rivera v. Hewlett Packard Corp.*, Case No. 03-0939, 2003

---

[2] In Defendants' notice of removal and supporting papers, Defendants use current employees as a surrogate for employees who worked from January 1, 2005 through January 1, 2010 (the class period). (*See* Notice of Removal ¶ 21, at p. 6, Dkt. No. 1.) Defendants estimate that they currently employ 83,300 individuals who would otherwise qualify as members of the class. (*Id.*) Of these, Defendants estimate that 82,283 work for defendants who maintain their principal places of business in Santa Clara County: Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., and Intuit Inc. (Declarations of Rhonda Hjort ¶ 3, Dkt. No. 4; Jack Gilmore ¶ 3, Dkt. No. 5; Joel Podolny ¶ 3, Dkt. No. 6; Tadhg Bourke ¶ 3, Dkt. No. 7; James M. Kennedy ¶ 3, Dkt. No. 8; Debbie R. Oldham-Auker ¶ 2, Dkt. No. 9; and Kumud Kokal ¶ 3, Dkt. No. 31-1.)

[3] The remaining two defendants, Lucasfilm Ltd. and Pixar, employed less than 2% of class members. Lucasfilm Ltd. maintains its principal place of business in San Francisco County, and Pixar maintains its principal place of business in Alameda County.

- 4 -

928198.1

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING
CASE NO. C 11-2509 SBA

WL 24029472, at *1-*2 (N.D. Cal. Apr. 22, 2003) (Armstrong, J.) (granting Hewlett Packard's motion for transfer to the San Jose Division in an unlawful termination case, because Hewlett Packard maintained its principal place of business in Santa Clara County).  In a case regarding alleged defects in the iPad, Apple Inc. ("Apple") filed a motion for intradistrict transfer to the San Jose Division because Apple maintained its principal place of business in Santa Clara County, despite the fact that the alleged defects manifested themselves in Contra Costa County, and one of the named plaintiffs resided in Contra Costa County.  *Baltazar v. Apple Inc.*, Case No. 10-3231, 2010 WL 4392740, at *1 (N.D. Cal. Oct. 29, 2010) (White, J.)  Apple argued that the case should be transferred to the San Jose Division because "the design and development of the iPad occurred in Santa Clara County" and "the advertising and marketing plans were developed there as well."  *Id.*, at *2.  The Court concluded that the case arose in Santa Clara County and granted Apple's motion to transfer.  *Id.*

Coordination in San Jose also makes sense in the likely event that Defendants attempt to remove the *Fichtner*, *Devine*, and *Marshall* actions.  Those cases would be properly assigned upon removal to the San Jose Division.  To avoid conflicts, one District Judge should decide Plaintiffs' forthcoming remand motion (or motions) and, should remand be denied in whole or in part, one District Judge should preside over all four actions in order to consistently decide major motions such as Plaintiffs' motion for class certification.  Indeed, if all four cases are in District Court, Plaintiffs expect them to be substantially coordinated.  *See* 28 U.S.C. § 1404(b).  Similarly, if Plaintiffs' remand motion is granted, Plaintiffs will seek to coordinate the cases pursuant to California Code of Civil Procedure section 404.

**V.     Plaintiffs Are Meeting and Conferring With Defendants Regarding Coordination Of The Proceedings**

Plaintiffs have provided courtesy copies of the *Fichtner* complaint to Defendants' counsel and have asked Defendants' counsel to accept service on behalf of their clients.  Plaintiffs have asked Defendants' counsel to meet and confer regarding coordination of all four cases, and will continue to do so in good faith and on an expedited basis.  Local Rule 3-13(a), however, required Plaintiffs to file this Notice of Pendency of Other Action or Proceeding notwithstanding that the

conference process on coordination is not complete.  Should the conference process not produce an agreement on coordination, Local Rule 3-13(c) permits a response to this notice to be filed by any party within 14 days from the date of service of this notice.

Dated: June 30, 2011          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


By: */s/ Dean M. Harvey*  
     Dean M. Harvey

Joseph R. Saveri (State Bar No. 130064)  
Eric B. Fastiff (State Bar No. 182260)  
Brendan P. Glackin (State Bar No. 199643)  
Dean M. Harvey (State Bar No. 250298)  
Anne B. Shaver (State Bar No. 255928)  
Katherine M. Lehe (State Bar No. 273472)  
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP  
275 Battery Street, 29th Floor  
San Francisco, CA  94111-3339  
Telephone:  (415) 956-1000  
Facsimile:  (415) 956-1008

Attorneys for Individual and Representative Plaintiff Siddharth Hariharan


conference process on coordination is not complete.  Should the conference process not produce an agreement on coordination, Local Rule 3-13(c) permits a response to this notice to be filed by any party within 14 days from the date of service of this notice.

Dated: June 30, 2011          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: */s/ Dean M. Harvey*  
    Dean M. Harvey

Joseph R. Saveri (State Bar No. 130064)  
Eric B. Fastiff (State Bar No. 182260)  
Brendan P. Glackin (State Bar No. 199643)  
Dean M. Harvey (State Bar No. 250298)  
Anne B. Shaver (State Bar No. 255928)  
Katherine M. Lehe (State Bar No. 273472)  
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP  
275 Battery Street, 29th Floor  
San Francisco, CA  94111-3339  
Telephone:  (415) 956-1000  
Facsimile:  (415) 956-1008

Attorneys for Individual and Representative Plaintiff Siddharth Hariharan