Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Attorneys for Individual and Representative Plaintiff
Siddharth Hariharan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDDHARTH HARIHARAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INC., APPLE INC., GOOGLE INC., INTEL CORP., INTUIT INC., LUCASFILM LTD., PIXAR, and DOES 1-200,<br><br>Defendants. | Case No.  C 11-2509 SBA<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

On July 19, 2011, defendants Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., and Pixar ("Defendants") filed an administrative motion to consider whether this action should be related, pursuant to Civil Local Rule 3-12, with four actions filed in Santa Clara Superior Court and removed (on or about July 19, 2011) to the Northern District of California's San Jose Division.[1] (Dkt. No. 41.)

---

[1] Plaintiff's counsel have not received copies of the removal notices. The titles of the four additional cases, as originally filed, are: *Michael Devine v. Adobe Systems Inc., et al.*, Case No. 111-cv-204053 (Santa Clara Superior Court); *Brandon Marshall v. Adobe Systems Inc. , et al.*, Case No. 111-cv-204052 (Santa Clara Superior Court); *Mark Fichtner v. Adobe Systems Inc., et al.*, Case No. 111-cv-204187 (Santa Clara Superior Court); and *Daniel Stover v. Adobe Systems*

1    Plaintiff agrees that the five cases should be related.  The five actions concern the same
2    defendants, transactions, and events.  *See* Civ. L.R. 3-12(a)(1).  In addition, if the five cases are
3    assigned to different judges, the result will be an unduly burdensome duplication of labor and
4    expense, and a risk of conflicting results.  *See* Civ. L.R. 3-12(a)(2).

5    Defendants filed their motion without meeting and conferring with Plaintiff's counsel, and
6    did so without responding to Plaintiff's two earlier-filed Notices of Pendency of Other Actions or
7    Proceedings, filed pursuant to Civil Local Rule 3-13.  (Plaintiff's June 29, 2011 Notice of
8    Pendency of Other Actions or Proceedings ("First Notice") (Dkt. No. 32); and Plaintiff's June 30,
9    2011 Second Notice of Pendency of Other Actions or Proceedings ("Second Notice") (Dkt. No.
10   35).)

11   In Plaintiff's First and Second Notices, Plaintiff requested that this case be transferred,
12   pursuant to Civil Local Rule 3-13(d), to the San Jose Division, so that the five total cases could be
13   properly coordinated.  On three separate occasions, Plaintiff's counsel asked Defendants' counsel
14   to meet and confer regarding coordination.  Defendants' counsel did not respond to Plaintiff's
15   counsels' repeated requests to meet and confer.[2]  Defendants also did not file a response to the
16   First and Second Notices within the time provided by Civil Local Rule 3-13(c).

17   As a result of Defendants' failure to respond to the two Notices and Plaintiff's requests to
18   meet and confer regarding coordination, including intradistrict transfer to the San Jose Division,
19   Civil Local Rule 3-2(h) controls.  That Rule states: "Whenever a Judge finds, upon the Judge's
20   own motion or the motion of any party, that a civil action has not been assigned to the proper
21   division within this district in accordance with this rule, or that the convenience of parties and
22   witnesses and the interests of justice will be served by transferring the action to a different

---

*Inc., et al.*, Case No. 111-cv-205090 (Santa Clara Superior Court).

[2] On June 29, 2011, Plaintiffs provided courtesy copies of the *Devine* and *Marshall* complaints to Defendants, and requested that Defendants provide times for later that week when they would be available to meet and confer regarding coordination of the actions. (Declaration of Dean M. Harvey in Support of Plaintiff's Response to Defendants' Administrative Motion to Consider Whether Cases Should be Related ("Harvey Decl.") ¶ 2, Ex. A.)  On June 30, 2011, Plaintiffs provided a courtesy copy of the *Fichtner* complaint to Defendants, and again requested that Defendants meet and confer regarding coordination. (Harvey Decl. ¶ 3, Ex. B.)  On July 14, 2011, Plaintiffs provided a courtesy copy of the *Stover* complaint to Defendants, and again requested that Defendants meet and confer regarding coordination. (Harvey Decl. ¶ 4, Ex. C.)  Defendants did not respond to any of these requests. (Harvey Decl. ¶¶ 2-4.)

CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. C 11-2509 SBA

1  division within the district, the Judge may order such transfer, subject to the provisions of the
2  Court's Assignment Plan."

3  For the reasons previously explained in Plaintiff's First and Second Notices (Dkt. Nos. 32
4  and 35), and reiterated below, transfer to the San Jose Division will be convenient for the parties
5  and witnesses and in the interests of justice. Defendants' failure to respond to the arguments
6  supporting intradistrict transfer constitute a lack of opposition. *Cf.* Standing Order at 4 ("The
7  failure of the opposing party to file a memorandum of points and authorities in opposition to any
8  motion shall constitute a consent to the granting of the motion."). While Plaintiff, in compliance
9  with this Court's Standing Order will meet and confer with Defendants regarding a stipulation
10 and/or motion, pursuant to Civil Local Rule 3-2(h), for intradistrict transfer, based on Defendants'
11 lack of opposition to the two transfer requests in the Notices, the Court may assume Defendants
12 have no opposition, and therefore it may transfer the cases now based on its own motion. Civ.
13 L.R. 3-2(h).

14 It will be more convenient for the parties and witnesses, and in the interests of justice, if
15 the five cases proceed in the San Jose Division. The undersigned attorneys represent plaintiffs in
16 all five cases. The *Stover*, *Devine*, *Marshall*, and *Fichtner* cases were filed in Santa Clara County
17 Superior Court because, unlike this action, those four plaintiffs were formerly employed by
18 defendants headquartered in Santa Clara County. (*Stover* Compl. ¶ 21. *See also Devine* Compl. ¶
19 21; *Marshall* Compl. ¶ 21; *Fichtner* Compl. ¶ 21.) Five of the seven Defendants—Adobe, Apple,
20 Google, Intel and Intuit—maintain their principal places of business in Santa Clara County. By
21 Defendants' own estimates, these five defendants employed <u>at least 98%</u> of class members,[3] and
22 employed 4 out of the 5 individual plaintiffs.[4] These five defendants negotiated, finalized,

---

[3] In Defendants' notice of removal and supporting papers, Defendants use current employees as a surrogate for employees who worked from January 1, 2005 through January 1, 2010 (the class period). (*See* Notice of Removal ¶ 21, at p. 6, Dkt. No. 1.) Defendants estimate that they currently employ 83,300 individuals who would otherwise qualify as members of the class. (*Id.*) Of these, Defendants estimate that 82,283 work for defendants who maintain their principal places of business in Santa Clara County: Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., and Intuit Inc. (Declarations of Rhonda Hjort ¶ 3, Dkt. No. 4; Jack Gilmore ¶ 3, Dkt. No. 5; Joel Podolny ¶ 3, Dkt. No. 6; Tadhg Bourke ¶ 3, Dkt. No. 7; James M. Kennedy ¶ 3, Dkt. No. 8; Debbie R. Oldham-Auker ¶ 2, Dkt. No. 9; and Kumud Kokal ¶ 3, Dkt. No. 31-1.)

[4] The remaining two defendants, Lucasfilm Ltd. and Pixar, employed less than 2% of class members. Lucasfilm Ltd. maintains its principal place of business in San Francisco County, and

1  implemented, and enforced explicit agreements to eliminate competition among each other, all
2  within Santa Clara County.  (*Devine* Compl. ¶¶ 61-96; *Marshall* Compl. ¶¶ 61-96; *Fichtner*
3  Compl. ¶¶ 61-96; and *Stover* Compl. ¶¶ 61-96.)  Thus, the vast majority of the percipient
4  witnesses, relevant documents, and defendants are located in Santa Clara County.  Accordingly,
5  coordination in the San Jose Division will best serve the "convenience of parties and witnesses"
6  and will be in the "interests of justice."  Civ. L.R. 3-2(h).

7  This Court has granted motions for intradistrict transfer under similar circumstances.  *See*,
8  *e.g.*, *Rivera v. Hewlett Packard Corp.*, Case No. 03-0939, 2003 WL 24029472, at *1-*2 (N.D.
9  Cal. Apr. 22, 2003) (Armstrong, J.) (granting Hewlett Packard's motion for transfer to the San
10 Jose Division in an unlawful termination case, because Hewlett Packard maintained its principal
11 place of business in Santa Clara County); *Baltazar v. Apple Inc.*, Case No. 10-3231, 2010 WL
12 4392740, at *1 (N.D. Cal. Oct. 29, 2010) (White, J.) (granting Apple's motion for transfer to the
13 San Jose Division in a product defect case regarding the iPad, where the design and development
14 of the iPad occurred in Santa Clara County, and the advertising and marketing plans were
15 developed there as well).  Accordingly, transfer is appropriate.

16 For the aforementioned reasons, Plaintiff respectfully requests that the Court enter the
17 proposed order filed herewith that will relate the five actions pursuant to Civil Local Rule 3-12(f),
18 and transfer this case to the San Jose Division, pursuant to Civil Local Rule 3-2(h).

---

Pixar maintains its principal place of business in Alameda County.

| | |
|---|---|
| Dated: July 20, 2011 | Respectfully Submitted, |
| | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| | By:   */s/ Dean M. Harvey* |
| |       Dean M. Harvey |

Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Attorneys for Individual and Representative Plaintiff Siddharth Hariharan