KEKER & VAN NEST LLP
JOHN W. KEKER - #49092
DANIEL PURCELL - #191424
EUGENE M. PAIGE - #202849
PAULA L. BLIZZARD - #207920
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
LUCASFILM LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. C 11-02509 LHK<br><br>**DEFENDANT LUCASFILM LTD.'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE TO FILE A SEPARATE MOTION TO DISMISS; DECLARATION OF DANIEL PURCELL IN SUPPORT**<br><br>Courtroom: 8, 4th Floor<br>Judge:       Hon. Lucy H. Koh<br><br>Date Comp. Filed:     May 4, 2011 |

Defendant Lucasfilm Ltd. ("Lucasfilm") files this motion for administrative relief under Northern District Civil Local Rule 7-11(a) requesting leave to file a separate motion to dismiss plaintiffs' Consolidated Amended Complaint ("Complaint"). In its September 12, 2011 pretrial order ("Order"), this Court ordered that "Defendants must seek leave of the Court, and provide good cause, in order to file more than one motion to dismiss." Order at 7:1-2.

Lucasfilm makes this request because it would like to file a stand-alone motion to dismiss plaintiffs' state-law claims under the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 *et seq.*, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* under the federal enclave doctrine. Lucasfilm is located on the Presidio of San Francisco. Declaration of Daniel Purcell in Support of Administrative Motion ("Purcell Decl.") ¶ 2. The Presidio is federal property, ceded to the United States by the State of California in 1897. *See* Cal. Stats. 1897, p. 51; *see also, e.g., Totah v. Bies*, No. 10-5956 CW, 2011 WL 1324471, *1 (N.D. Cal. Apr. 6, 2011) (taking judicial notice, in the context of a motion to dismiss, of the fact that "Lucasfilm is located on the Presidio, a federal enclave").

When property becomes a federal enclave, Congress assumes exclusive legislative power over that property, which after that point is governed by federal—not state—law. *See* U.S. Const., art. I, § 8, cl. 17; *Paul v. United States*, 371 U.S. 245, 263 (1963). State laws enacted after the land is ceded to the federal government have no force on the federal enclave, unless Congress specifically authorizes their enforcement. *See Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034-36 (N.D. Cal. 2005); *Taylor v. Lockheed Martin*, 78 Cal. App. 4th 472, 481 (2000). Without arguing the merits of its motion now, Lucasfilm intends to move to dismiss both the Cartwright Act and the UCL on the grounds that both those statutes were enacted after 1897 and thus do not apply to Lucasfilm's employment-related activities on the federal enclave.

Good cause exists to permit Lucasfilm to address this issue separately, in addition to the joint motion to dismiss all defendants plan to file addressing more generalized defects with the Complaint. The Ninth Circuit and other federal courts have generally acknowledged that "good cause" is a relatively modest standard, that is normally satisfied "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *California Trout v. Federal*

1  *Energy Reg. Comm'n,* 572 F.3d 1003, 1027 n.1 (9th Cir. 2007) (quoting 4B Charles Alan Wright
2  & Arthur Miller, *Federal Practice & Procedure* § 1154 (3d ed. 1998)).  Lucasfilm's request
3  satisfies this lenient standard.  Lucasfilm is not asking for permission to make a separate motion
4  out of bad faith or a desire to burden plaintiffs or the Court with paper.  As the lone defendant in
5  this case located on federal property, Lucasfilm seeks only to assert its rights under the federal
6  enclave doctrine in a discrete pleading.  Similarly, permitting Lucasfilm to make a separate
7  motion on this issue should not prejudice any party.  Lucasfilm will assert its enclave rights, and
8  plaintiffs will have to respond to those arguments, in any event.  Lucasfilm believes that a
9  separate, focused discussion of the federal enclave issues has the potential to sharpen the parties'
10 arguments and aid the Court's decision.

11 Prior to filing this motion, Lucasfilm spoke with plaintiffs' counsel and asked if plaintiffs
12 would oppose Lucasfilm's request to file a separate motion to dismiss.  Purcell Decl. ¶ 3.
13 Plaintiffs declined to take a position on Lucasfilm's request.  *Id.*  In any event, because the
14 Court's Pretrial Order requires a motion for leave and a showing of good cause, Lucasfilm may
15 not obtain its requested relief through stipulation and accordingly is filing this motion.

16 Lucasfilm respectfully asks the Court to grant it leave to file a separate motion to dismiss
17 of no longer than 10 pages, addressing plaintiffs' Cartwright Act and UCL claims under the
18 federal enclave doctrine.  The motion would in addition to defendants' joint motion to dismiss
19 and would be briefed on the existing schedule, with plaintiffs receiving 10 pages to oppose and
20 Lucasfilm receiving 7 pages to reply.

21
22 Dated:  September 22, 2011                                    Respectfully submitted,
23                                                                                        KEKER & VAN NEST LLP
24
25                                                                            By: */s/ Daniel Purcell*
                                                                                      DANIEL PURCELL
26                                                                                  Attorneys for Defendant
                                                                                      LUCASFILM LTD.
27
28

**DECLARATION OF DANIEL PURCELL IN SUPPORT OF LUCASFILM'S ADMINISTRATIVE MOTION**

I, DANIEL PURCELL, declare as follows:

1. I am a partner in the law firm of Keker & Van Nest LLP, counsel to Lucasfilm Ltd. ("Lucasfilm") in the present case. I submit this declaration in support of Lucasfilm's Motion for Administrative Relief Requesting Leave to File a Separate Motion to Dismiss. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2. In Paragraph 26 of their Consolidated Amended Complaint in this case, plaintiffs correctly identify Lucasfilm's "principal place of business" as being "1110 Gorgas Ave., in San Francisco, California 94129." That address is located on the Presidio of San Francisco.

3. Prior to filing this motion, I spoke by telephone with Eric Fastiff, counsel for the plaintiffs in this case, asking him if plaintiffs would agree not to oppose Lucasfilm's request to file a separate motion to dismiss on the federal enclave issue. Mr. Fastiff declined to take a position on the request. In any event, because the Court's September 12, 2011 Order requires a motion and a showing of good cause for Lucasfilm to obtain the right to file a separate motion to dismiss, Lucasfilm is unable to proceed solely by stipulation and must file this motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on September 22, 2011.

       */s/ Daniel Purcell*
       DANIEL PURCELL