Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Interim Lead Counsel for Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT LUCASFILM LTD.'S MOTION FOR ADMINISTRATIVE RELIEF REQUESTING LEAVE TO FILE A SEPARATE MOTION TO DISMISS** |

Individual and representative plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover ("Plaintiffs") oppose Defendant Lucasfilm Ltd.'s Motion For Administrative Relief Requesting Leave to File a Separate Motion to Dismiss (Dkt. No. 66). Lucasfilm's request violates Defendants' earlier agreement with Plaintiffs. Lucasfilm, along with all Defendants, agreed to Stipulated Pretrial Order No. 1, requiring Defendants to "endeavor to file a single consolidated motion." (Dkt. No. 63 at 5.) Lucasfilm now seeks to file a separate motion with a separate 10-page opening brief, a separate 10-page opposition brief, and a separate 7-page reply brief. Lucasfilm fails to make any argument for why a separate motion with additional briefing is "necessary" and fails to show "good cause." (*Id.* at

5; Stip. Pretrial Order No. 1 as Modified, at 7; Dkt. No. 64.)  The Court should deny Lucasfilm's Administrative Motion.

## I. Background

On September 6, 2011, Defendants and Plaintiffs agreed to a Stipulated Pretrial Order. (Dkt. No. 63.) Pursuant to that stipulation, if Defendants move to dismiss the Consolidated Amended Complaint ("Complaint"), Defendants agreed to "endeavor to file a single consolidated motion," unless a separate motion became "necessary." (*Id.* at 5.) On September 12, 2011, the Court modified the stipulation by adding an additional condition: prior to filing a separate motion, "**Defendants must seek leave of court, and provide good cause, in order to file more than one motion to dismiss.**" (Stip. Pretrial Order No. 1 as Modified, at 7; emphasis in original.)

Pretrial Order No. 1 further provides Defendants with 30 pages for a "single consolidated memorandum of points and authorities" in support of a "single consolidated" motion to dismiss. (Dkt. No. 64 at 6.) Plaintiffs have 30 pages for a "single consolidated opposition memorandum of points and authorities." (*Id.*) Defendants have 20 additional pages for a "single consolidated reply memorandum," for a total of 50 pages of briefing in support of a consolidated motion to dismiss. (*Id.*) Together with Plaintiffs' opposition brief, Pretrial Order No. 1 provides for up to 80 pages of briefing.

On Tuesday, September 21, 2011, counsel for Lucasfilm (Mr. Purcell) contacted counsel for Plaintiffs (Mr. Fastiff) to ask whether Plaintiffs would oppose Lucasfilm's request for permission to file a separate motion to dismiss. (Declaration of Eric B. Fastiff in Opposition to Lucasfilm's Administrative Motion ("Fastiff Dec.") ¶ 1.) Mr. Fastiff asked Mr. Purcell why Defendants' 30-page opening brief was insufficient to accommodate all Defendants' arguments, including Lucasfilm's. (Fastiff Decl. ¶ 2.) Mr. Purcell responded that, in his view, the federal enclave issue requires 10 pages, but that he would attempt to coordinate with Lucasfilm's co-Defendants to determine if they would be amenable to splitting the 30-page opening brief, and would then contact Plaintiffs again. (Fastiff Decl. ¶ 3.)

Mr. Purcell did not contact Mr. Fastiff again. (Fastiff Decl. ¶ 3.)  Instead,

1  Lucasfilm filed the Administrative Motion.  In it, Lucasfilm incorrectly asserts that Plaintiffs
2  "declined to take a position" on whether Lucasfilm should be allowed to file another motion to
3  dismiss.  (Admin. Mot. at 2.)  In fact, counsel for Plaintiffs told counsel for Lucasfilm that, unless
4  Lucasfilm provides an explanation for why it cannot coordinate with its co-Defendants, Plaintiffs
5  would likely oppose an administrative motion for leave to file a separate motion to dismiss.
6  (Fastiff Decl. ¶ 2.)  Lucasfilm did not provide that explanation. (Fastiff Decl. ¶ 2.)

**II.      Argument**

Lucasfilm has failed to provide any justification for its breach of Defendants' agreement with Plaintiffs.  There are no new facts or circumstances that make a separate motion "necessary."  Lucasfilm seeks to file an additional motion to dismiss addressing Lucasfilm's purported "enclave rights" with respect to Plaintiffs' claims under California's Cartwright Act and Unfair Competition Law.  (Admin. Mot. at 2.)  But Lucasfilm ignores that, when it agreed to "endeavor to file a single consolidated motion," it already had the Complaint in hand.  Plaintiffs provided Defendants—including Lucasfilm—with a courtesy copy of the Complaint on September 2, 2011.  (Stip. Proposed Pretrial Order No. 1, at 5: "On September 2, 2011, Plaintiffs provided Defendants with a courtesy copy of the Consolidated Amended Complaint.")  In fact, Lucasfilm has been on notice of these claims for over four months.  Plaintiffs served Lucasfilm with the first complaint on May 4, 2011.  (*See* Declaration of Cody Harris in Support of Notice of Removal ¶ 3, Exh. A; Dkt. No. 2.)  That complaint contained the same claims for relief Lucasfilm now seeks to address through a separate motion.  Lucasfilm's arguments regarding its "enclave rights" are hardly new.  Lucasfilm presented them in support of its removal notice, filed on May 23, 2011.  (Joint Notice of Removal, at 2-5; Dkt. No. 1.)  Thus, when Lucasfilm agreed to the Stipulated Proposed Pretrial Order, it was aware of the enclave arguments it intended to make, and it was aware that the Complaint contained the claims under California law Lucasfilm seeks to address in a motion to dismiss.

In its Administrative Motion, Lucasfilm fails to provide an explanation for why it has since become "necessary" to file a separate motion with additional briefing.  Instead, Lucasfilm seeks leave to file a "discrete pleading" simply because it wants to.  According to

1  Lucasfilm, 107 pages of briefing and six separate briefs[1] will "focus discussion," "sharpen the
2  parties' arguments," and "aid in the Court's decision." (Admin. Mot. at 2.) Plaintiffs disagree.
3  One does not focus discussion by multiplying the proceedings and burdening the parties and the
4  Court with additional briefs. Lucasfilm's six co-Defendants apparently see no need for additional
5  pages of briefing: none have joined in Lucasfilm's request.

6  Lucasfilm fails to explain why it requires additional briefing to address its enclave
7  arguments. Lucasfilm summarizes its arguments in two paragraphs in its Administrative Motion.
8  (Admin. Mot. at 1.) Lucasfilm took slightly more room—four pages—to present its enclave
9  arguments in its Joint Notice of Removal. (Dkt. No. 1 at 2-5.) Lucasfilm provides no
10 explanation, or assertion in its declaration, regarding what else it intends to say or why it cannot
11 coordinate with other Defendants to insert those arguments into the 30-page opening brief already
12 permitted.

13  It is also unclear what Lucasfilm seeks by its Administrative Motion. Lucasfilm
14 requests leave to file a "stand-alone motion to dismiss" Plaintiffs' Cartwright Act and Unfair
15 Competition Law claims (Admin. Mot. at 1), but Lucasfilm is silent about Plaintiffs' first claim
16 for relief under Section 1 of the Sherman Act, 15 U.S.C. § 1 (Compl. ¶¶ 119-126), or Plaintiffs'
17 third claim for relief under California Business and Professions Code § 16600 (Compl. ¶¶ 136-
18 143). Does Lucasfilm intend to concede that Plaintiffs have stated claims upon which relief can
19 be granted regarding their first and third claims for relief? Or, does Lucasfilm intend to join in its
20 co-Defendants' consolidated motion to dismiss, which may or may not address these claims, in
21 addition to its "stand-alone motion to dismiss" (Admin. Mot. at 1)? Lucasfilm does not say.

22  In any case, Lucasfilm's arguments regarding its enclave status and the extent to
23 which wrongful conduct occurred on that enclave are factual questions that are not properly
24 resolved on the pleadings. In its notice of removal, Lucasfilm said: "In determining whether
25 federal enclave jurisdiction applies, courts look to where the unlawful acts took place." (Joint

---

[1] 80 pages of briefing for the consolidated motion (a 30 page opening brief, a 30 page opposition brief, and a 20 page reply) plus 27 pages of briefing for the requested separate motion (a 10 page opening brief, a 10 page opposition brief, and a 7 page reply).

939392.3     - 4 -     PLTFS' OPP. TO DEF. LUCASFILM LTD.'S MOT. FOR ADMINISTRATIVE RELIEF
MASTER DOCKET NO. C 11-02509 LHK

1  Notice of Removal, at 5; internal quotation omitted.) The Complaint contains specific allegations
2  regarding the locations of the unlawful acts that give rise to Plaintiffs' claims and the geographic
3  scope of the anticompetitive agreements at issue. (*See* Compl. ¶¶ 62-71. *See also* Compl. ¶¶ 72-
4  107.) The vast majority of the unlawful acts took place outside the Presidio. (*Id.*) The
5  agreements themselves had no geographic limitations. (*Id.*) If Lucasfilm seeks to contest these
6  allegations as a factual matter, it cannot do so with a motion to dismiss.

### III. Conclusion

Eighty pages of consolidated briefing is sufficient to address all of Defendants' contentions, and Lucasfilm provides no argument or evidence to the contrary. The Court should hold Lucasfilm to its agreement with Plaintiffs and deny Lucasfilm's request to file a separate motion to dismiss.

Respectfully submitted,

Dated: September 26, 2011              LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:  */s/ Dean M. Harvey*
       Dean M. Harvey

Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Lead Counsel for Plaintiffs and the Proposed Class*

Eric L. Cramer
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Linda P. Nussbaum
John D. Radice
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*

### DECLARATION OF ERIC B. FASTIFF IN OPPOSITION TO LUCASFILM'S ADMINISTRATIVE MOTION

I, ERIC B. FASTIFF, declare as follows:

1. On September 21st, 2011, I spoke with Daniel Purcell, counsel for Defendant Lucasfilm Ltd. Mr. Purcell asked me whether Plaintiffs would oppose an administrative motion Lucasfilm intended to file in which Lucasfilm would seek leave to file a separate motion to dismiss. Mr. Purcell told me that Lucasfilm would ask for 10 additional pages for a separate opening brief.

2. I asked Mr. Purcell why Defendants' 30-page opening brief was insufficient to accommodate all Defendants' arguments, including Lucasfilm's. I told him Plaintiffs would likely oppose Lucasfilm filing a separate motion to dismiss that would increase Defendants' total pages of briefing, unless Lucasfilm provided an explanation for why it could not coordinate with its co-Defendants.

3. Mr. Purcell said that, in his view, the federal enclave issue requires 10 pages of opening briefing, but that he would attempt to coordinate with Lucasfilm's co-Defendants to determine if they would be amenable to splitting the 30-page opening brief to accommodate Lucasfilm's arguments. Mr. Purcell told me he would contact me after he attempted to coordinate with Lucasfilm's co-Defendants. Mr. Purcell did not contact me again.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco, California on September 26, 2011.

 */s/ Eric B. Fastiff*
Eric B. Fastiff