1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

IN RE: HIGH-TECH EMPLOYEE
ANTITRUST LITIGATION

13

THIS DOCUMENT RELATES TO:

14

ALL ACTIONS

Master Docket No. 11-CV-2509-LHK

**DISCOVERY DISPUTE**
**JOIN REPORT #1**

15   **Issues**:  Whether discovery should be stayed pending adjudication of Defendants' motion to

16   dismiss Plaintiffs' Consolidated Amended Complaint to be filed on October 13, 2011, and whether

17   this issue should be decided by Judge Lloyd through a Discovery Dispute Joint Report or decided by

18   Judge Koh through either: (1) Defendants' motion to stay, which Defendants intend to file on

19   October 13, 2011 along with Defendants' Joint Motion to Dismiss; or alternatively (2) at the initial

20   case management conference scheduled for October 26, 2011.

21   **Joint Meeting Information**:  The parties held the initial Rule 26(f) conference on October 3,

22   2011 in the offices of Interim Lead Counsel for Plaintiffs and the Proposed Class: Lieff, Cabraser,

23   Heimann & Bernstein, LLP, 29th Floor, 275 Battery Street, San Francisco, CA 94111.  The parties

24   conferred in-person for approximately two hours.

25   **Attestation of Compliance**:  Plaintiffs hereby certify that they have read and complied with

26   Judge Lloyd's Standing Order Re: Civil Discovery Disputes.  Defendants hereby certify that they

27   have read and complied with Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      Discovery Dispute

The parties dispute whether discovery should be stayed unless and until the District Court denies Defendants' motion to dismiss Plaintiffs' Consolidated Amended Complaint (Dkt. No. 65).

The parties also dispute whether the issue should be decided by Judge Lloyd through a Discovery Dispute Joint Report (Plaintiffs' position), or decided by Judge Koh (Defendants' position) through either: (1) adjudication of Defendants' motion to stay, which Defendants intend to file on October 13, 2011 with their Motion to Dismiss; or alternatively (2) at the initial case management conference scheduled for October 26, 2011.

Plaintiffs wish to resolve the issue expeditiously and ask the Court to order: (1) discovery in this action should proceed without delay; and (2) discovery is not stayed.  Defendants also wish to resolve the question of a discovery stay promptly and therefore intend to file a motion to stay discovery contemporaneous with their motion to dismiss and to raise the issue in the 26(f) report and at the initial case management conference.

## II.     Background

This is a putative class action in which five individual and representative plaintiffs ("Plaintiffs") challenge an alleged conspiracy among Defendants to fix and suppress the compensation of their employees.[1]  Plaintiffs served the operative Complaint on September 2, 2011 (*See* Dkt. No. 64 at 6) alleging that Defendants entered into: (1) illegal agreements not to recruit each other's employees; (2) illegal agreements to notify each other when making an offer to another's employee; or (3) illegal agreements that, when offering a position to another company's employee, neither company would counteroffer above the initial offer.  (Complaint ¶¶ 55-107; Dkt. No. 65.) Plaintiffs seek injunctive relief and damages for violations of: Section 1 of the Sherman Act, 15 U.S.C. § 1; the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*; Cal. Bus. & Prof. Code

---

[1] The litigation commenced on May 4, 2011 when Plaintiff Hariharan filed his complaint in Alameda County Superior Court.  On May 23, 2011, Defendants removed the *Hariharan* case to U.S. District Court for the Northern District of California.  (Dkt. No. 1.)  Four other cases were later filed in Santa Clara County Superior Court, each of which Defendants subsequently removed.  On July 27, 2011, all five cases were related before Judge Armstrong.  (Dkt. No. 52.)  On August 4, 2011, Judge Armstrong granted Plaintiffs' motion to transfer all five cases to the San Jose Division. (Dkt. No. 58.)  Pursuant to Stipulated Pretrial Order No. 1 as Modified, all five cases were consolidated on September 12, 2011.  (Dkt. No. 64.)

1    § 16600; and Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Complaint ¶¶ 119-164; Dkt. No. 65.)

2    **III.    Plaintiffs' Position**

3        **A.    Relevant Facts**

4        This consolidated action follows an investigation by the Antitrust Division of the United

5    States Department of Justice ("DOJ").  Beginning in approximately 2009, the DOJ conducted an

6    investigation into the employment practices of Defendants.  The DOJ filed suit on September 24,

7    2010 (against all Defendants but Lucasfilm) and on December 21, 2010 (against Lucasfilm).  At the

8    same time, the DOJ filed stipulated proposed final judgments in which Defendants agreed not to

9    enter into similar agreements in the future, and agreed to a variety of mandatory procedures to ensure

10   Defendants' compliance.  [Proposed] Final Judgment, Dkt. No. 3-1, *United States v. Adobe Systems*

11   *Inc., et al.*, No. 10-cv-1629-RBW (D.D.C. Sept. 24, 2010).  The Court entered the proposed final

12   judgments on March 18, 2011 (regarding all Defendants but Lucasfilm), and on June 3, 2011

13   (regarding Lucasfilm).

14       On May 16, 2011, before Defendants removed Plaintiffs' first-filed case to federal court,

15   counsel for Plaintiff Hariharan served all Defendants with production requests that asked for

16   documents produced to the DOJ.  Defendants never responded to these requests.[2]  After removal,

17   Plaintiffs again asked Defendants to produce documents they produced to the DOJ.  Defendants

18   refused.  On August 19, 2011, Plaintiffs asked Defendants to schedule a Rule 26(f) conference "as

19   soon as practicable."  Fed.R.Civ.P. 26(f)(1).  Instead, Defendants delayed the Rule 26(f) conference

20   until October 3, 2011.

21       While Defendants delayed the Rule 26(f) conference for over four months, Plaintiffs agreed,

22   as a courtesy, to extend Defendants' deadline to respond to the original complaints three times.

23   (May 26, 2011 Stipulation Extending Time To Respond To Complaint, Dkt. No. 17; July 22, 2011

24   Stipulation Extending Time To Respond To Complaint, Dkt. No. 48; September 6, 2011 Stipulated

25   [Proposed] Pretrial Order No. 1, Dkt. No. 63.)

26       At the Rule 26(f) conference on October 3, 2011, Defendants' counsel were unprepared and

27   ─────────────────────

28   [2] Plaintiffs again served document requests on Defendants asking for documents produced to the DOJ (among other things) on October 3, 2011, following the Rule 26(f) conference.

1   refused to discuss topics required by Rule 26 and the applicable standing orders.[3]  Defendants

2   confirmed they will refuse to produce documents or identify percipient witnesses unless the Court

3   orders otherwise.

**B.   Defendants Should Participate In Discovery, Including Production of Documents They Produced To The DOJ, Pending Resolution of Their Motion To Dismiss**

6          Defendants' contemplated motion(s) to dismiss cannot excuse them from their discovery

7   obligations in this case.  Defendants' position presumes that *Bell Atlantic Corp. v. Twombly*,

8   550 U.S. 544 (2007) creates an automatic discovery stay in antitrust cases, akin to the discovery stay

9   Congress specifically created for actions brought under the federal securities laws.[4]  However, like

10  any procedural rule, an automatic stay "must be obtained by the process of amending the Federal

11  Rules, not by judicial interpretation."  *Leatherman v. Tarrant Cnty Narcotics Unit*, 507 U.S. 163,

12  168 (1993).  "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P.

13  12(b)(6) would stay discovery, the Rules would contain a provision to that effect."  *Gray v. First*

14  *Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  *See also Skellerup Indus. Ltd. v. City of L.A.*,

15  163 F.R.D. 598, 600-601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to

16  dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision to

17  that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of

18  litigation." (citation and quotation marks omitted).[5]  Antitrust cases are no different.

19         Defendants' reliance on *Twombly* is misplaced.  *Twombly* did not create a new procedural

20  rule staying discovery.  In *Twombly*, the Supreme Court "did not hold, implicitly or otherwise, that

21  discovery in antitrust actions is stayed or abated until after a complaint survives a motions to

22  dismiss."  *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2007 U.S. Dist. LEXIS 95869,

---

[3] Defendants refused to discuss any of the materials Plaintiffs provided in advance of the Rule 26(f) conference.  On September 22, 2011, Plaintiffs provided Defendants with draft discovery requests. On September 27, 2011, Plaintiffs wrote Defendants and described, in detail, what Plaintiffs wished to discuss, and attached a draft stipulated protective order, a draft stipulation concerning expert discovery, and a draft ESI production specification, all of which Defendants refused to discuss.

[4] In contrast to the Federal Rules, the Private Securities Litigation Reform Act requires a stay of discovery during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

[5] Significantly, a stay of any length of time will result in the loss of evidence and limit the likelihood that disputes will be resolved on the merits.  In addition, a blanket discovery stay is inconsistent with "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

1    *24 (N.D. Cal. Jan. 4, 2008).  "Such a reading of that opinion is overbroad and unpersuasive."  *Id.*;

2    *Accord In re Graphics Processing Units Antitrust Litig.*, No. C06-7417-WHA, 2007 U.S. Dist.

3    LEXIS 57982, at *23 (N.D. Cal. Jul. 24, 2007) ("Defendants' argument upends the Supreme Court's

4    holding; the decision used concerns about the breadth and expense of antitrust discovery to identify

5    pleading standards for complaints, it did not use pleading standard to find a reason to foreclose all

6    discovery."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 U.S.

7    Dist. LEXIS 16128, at *13-14 (E.D. Cal. Feb. 7, 2011) (finding that a motion to dismiss does not

8    stay discovery, denying motion for protective order seeking stay of discovery, and ordering

9    exchange of initial disclosures and responses to interrogatories).  Consistent with the Federal Rules'

10   promotion of early and continuing discovery, courts have recognized discovery should proceed as

11   early as practicable in antitrust cases, even after a motion to dismiss has been granted with leave to

12   amend.  *See, e.g.*, *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 312 (N.D. Cal. 2007) (granting

13   motion to dismiss with leave to amend, permitting discovery in the interim).

14        Courts have recognized that a stay of discovery is likely to have serious prejudicial effects,

15   particularly where, as here, Plaintiffs have already agreed to provide Defendants with a substantial

16   extension of time in which to respond to the original complaints.  *See, e.g.*, Order Denying Motion

17   for Stay, at 4-5, *In re iPhone Application Litig.*, No. 10-cv-5878-LHK (N.D. Cal. May 31, 2011)

18   (Koh, J.) (further delay by staying discovery would be "clearly prejudicial to Plaintiffs' interests in a

19   timely resolution of their claims.").  Apart from delay, a discovery stay causes additional prejudice to

20   the parties: as time passes, documents are destroyed, witnesses become unavailable, and memories

21   fade.

22        In particular, Defendants can and should produce the documents they already produced to the

23   DOJ in connection with the DOJ investigation that resulted in the consent decrees.  Doing so would

24   allow narrow targeted discovery to proceed.  It would impose little, if any, marginal burden on

25   Defendants and would materially advance the progress of this litigation because—as Defendants do

26   not dispute—it is directly relevant to Plaintiffs' claims.  Plaintiffs first requested Defendants re-

27   produce this existing collection of documents nearly five months ago.  Not only have Defendants

28   refused to produce these documents, Defendants have even refused to provide Plaintiffs with

1    information regarding the documents produced (such as volume of documents, document custodians,

2    date parameters, relevant witnesses, and production format).[6]  Defendants' refusal ignores any

3    balancing between relevancy (high) and burden (virtually none).  This is improper delay and

4    obstruction without legitimate purpose.  *See* Fed. R. Civ. P. 1  (the Federal Rules "should be

5    construed and administered to secure the just, speedy, and inexpensive determination of every action

6    and proceeding.")  Documents already produced to the government should be provided to private

7    plaintiffs without delay.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp.

8    2d 896, 899-900 (N.D. Cal. Feb. 14, 2008) (explaining how the Court required production of

9    documents produced to the DOJ well before adjudicating defendants' motions to dismiss); *In re*

10   *Platinum & Palladium Commodities Litig.*, No. 10-cv-3617-WHP, Dkt. No. 59, at 2-3 (S.D.N.Y.

11   Nov. 30, 2010) (compelling defendants to produce 250,000 pages of documents already produced to

12   government authorities before the decision on the motion to dismiss); Defendant's Motion for

13   Coordinated Case Management Schedule at 6, Dkt. No. 81, *In re Photochromatic Lens Antitrust*

14   *Litig.*, No. 10-md-2173 (M.D. Fla. Nov. 5, 2010) ("despite the absence of any agreement among the

15   parties on a case management schedule, Defendants voluntarily produced the FTC Material to

16   Plaintiffs").

17   **C.**    **Judge Lloyd's Standing Order Requires Joint Reports Regarding Discovery Disputes, and Defendants' Contemplated Motion To Stay Would Be**
18            **Duplicative, Wasteful, And Result In Further Delay**

19           The parties also dispute whether the issue should be decided by Judge Lloyd at once through

20   a Discovery Dispute Joint Report, or decided by Judge Koh through a formal noticed discovery

21   motion on Judge's Koh's law and motion calendar.  To Plaintiffs, this appears to be a dispute over

22   civil discovery, and thus properly governed by Judge Lloyd's Standing Order re: Civil Discovery

23   Disputes ("Standing Order").  The Standing Order states: "Absent leave of court, formal noticed

24   discovery motions may no longer be filed and, if filed contrary to this order, will not be heard."

25   Instead, the Standing Order provides for a meet and confer process and, should that process fail to

26   result in agreement, instructions for preparing and filing a Discovery Dispute Joint Report.

---

[6] Plaintiffs hope that Defendants will provide such information during the subsequent conferences Defendants have now agreed to schedule.  Defendants refused to discuss the matter during the in-person Rule 26(f) conference on October 3.

1    Despite months of meeting and conferring (most recently in-person) to resolve this dispute,

2    the parties are at an impasse.  Plaintiffs seek to resolve the impasse now, rather than allow it to "drag

3    on unresolved until some important looming deadline forces them into action."  Standing Order at 1.

4    **IV.    Defendants' Position**

5    Pursuant to the stipulated pre-trial order, Defendants will file their motion to dismiss on

6    October 13, 2011, seeking dismissal without leave to amend for failure to state an antitrust claim

7    upon which relief can be granted.  The grounds for the motion to dismiss include, among others, that

8    Plaintiffs' antitrust claim fails to allege sufficient facts supporting the claim of an "overarching

9    conspiracy" among all Defendants to suppress the wages of their employees and facts supporting a

10   claim of cognizable antitrust injury.

11   Plaintiffs' description of the discovery process bears little resemblance to what actually has

12   happened.[7]  Contrary to their mischaracterization, Defendants have cooperated, and will continue to

13   cooperate, with Plaintiffs in discovery consistent with their position that discovery should be stayed

14   pending a ruling on their motion to dismiss.  Plaintiffs' served discovery on October 3, 2011, that is

15   massive in scope and enormously complex, seeking wide-ranging discovery related to every aspect

16   of Defendants' recruiting, hiring, promotion, and compensation practices for over a ten-year period.

17   Defendants' responses are not due until November 7, 2011.  Thus, Plaintiffs' insistence that

18   Defendants have refused to respond to discovery is simply wrong.

19   At the conference, Defendants were prepared to, and did, discuss case management topics,

20   including how discovery should proceed in this case and the schedule of the case.  Indeed, the parties

21   met for two hours about case management and discovery issues.  Defendants informed Plaintiffs that

22   they would file a motion to stay discovery pending resolution of the motion to dismiss and would

23   raise the issue as part of setting the schedule for the case at the initial case management conference.

24   Defendants informed Plaintiffs that they anticipated no difficulties  reaching agreement on a

25   protective order, ESI production specifications, and a stipulation regarding expert discovery.

26   [7] For example, although Plaintiffs served written discovery in the state court, Defendants removed
     the case before responses were due.  And Defendants did not delay the 26(f) conference.  There are
27   seven defendants in this case.  Coordinating schedules for an in person meeting is no easy task, and
     October 3 was the date that worked for all parties, which was before the deadline set by the local
28   rules for holding the 26(f) conference.

1   On October 7, the parties met again regarding the commencement of discovery among

2   other issues.  Defendants reiterated that they intend to file a motion to stay discovery with their

3   motion to dismiss and will include their request for a stay in the 26(f) report to be filed on

4   October 19.  Defendants also offered to stipulate to an expedited briefing schedule on the motion

5   to stay.  Finally, Defendants indicated that they intend to fully comply with discovery deadlines

6   pending resolution of the motion to stay.  To this end, Defendants agreed to exchange initial

7   disclosures by October 17, 2011; provide comments and finalize Plaintiffs' draft protective order,

8   ESI production specification, and stipulation regarding expert discovery; and schedule additional

9   conferences to discuss issues regarding electronically stored information.

10
11   **A.    The Schedule For Discovery, Including When It Commences, Is A Case Management Issue To Be Decided By Judge Koh In Setting The Rule 16 Scheduling Order That Will Govern The Case.**

12   As an initial matter, there is no discovery dispute that warrants relief through the Magistrate

13   Judge's Discovery Dispute resolution process.  Defendants have told Plaintiffs that they will serve

14   initial disclosures by October 17; comment on Plaintiffs' draft protective order, stipulation regarding

15   expert discovery, and stipulation regarding electronically stored information; and provide

16   information regarding electronically stored information.  Responses and objections to Plaintiffs'

17   written discovery are not due until November 7, which is after the initial case management

18   conference with Judge Koh,  where the parties will discuss the schedule for the case, including

19   Defendants' motion to dismiss and motion to stay discovery.

20   The only dispute between the parties is whether discovery should commence after the

21   District Court decides Defendants' motion to dismiss.  This is a case management issue.  Indeed,

22   Federal Rule of Civil Procedure 16(b) expressly states that the "district judge — or a magistrate

23   judge when authorized by local rule — must issue a scheduling order" after receiving the 26(f) report

24   or after the initial case management conference that includes the schedule for discovery.  Local Rule

25   16-10 clarifies that the scheduling order must "establish a disclosure and discovery plan" and "set

26   appropriate limits on discovery."  Here, Judge Koh has not designated the magistrate judge to hold

27   the case management conference or enter a scheduling order for this action.  Thus, the schedule for

28   discovery must and will be decided by Judge Koh.

1    Contrary to their suggestion, no prejudice will result by waiting for Judge Koh to set the

2    schedule in the case, including deciding any appropriate limits on discovery pursuant to Local Rule

3    16-10. First, there will likely be little delay in receiving guidance from Judge Koh. The parties

4    intend to include their positions regarding this issue the Rule 26(f) report that must be filed by

5    October 19, 2011. And Judge Koh has scheduled the case management conference on October 26,

6    2011. Thus, within two weeks, the parties will likely know Judge Koh's views of whether discovery

7    should commence or, at a minimum, when Judge Koh will resolve the motion to stay discovery.

8    Second, in an effort to expedite a ruling on whether a discovery stay is appropriate, Defendants have

9    offered to stipulate to an expedited briefing schedule on the motion to stay. Plaintiffs have rejected

10   that offer. Finally, there is no schedule in the case and no responses to discovery are currently

11   outstanding. Waiting for Judge Koh's decision does not change Plaintiffs' current position.

12   In essence, Plaintiffs are trying to get an advisory opinion before Judge Koh has a chance to

13   consider the positions of the parties when determining the schedule order for the case under Rule 16.

14   For the reasons stated, Plaintiffs' request should be denied.

15   **B.      Discovery Should Be Stayed**

16   To the extent this court considers the issue, Defendants' request that discovery be stayed

17   pending resolution of the motion to dismiss should be granted. Defendants' motion to dismiss will

18   argue that Plaintiffs' claims should be dismissed without leave to amend under *Twombly* and a host

19   of grounds. Plaintiffs have alleged a putative class of over 83,000 nationwide employees of seven

20   Defendants, and seek discovery into every aspect of Defendants' recruitment, hiring, firing, and

21   compensation practices over the course of a decade, not to mention vast categories of electronic data

22   (from all of Defendants' varying systems). Plaintiffs should at least be required to establish a viable

23   claim before Defendants are forced to engage in the burdens of antitrust discovery in this case.

24   Consistent with their power to stay proceedings in order to most efficiently and fairly

25   manage their docket, federal courts in California utilize a two-part test to determine whether to stay

26   discovery pending resolution of a dispositive motion. "First, a pending motion must be potentially

27   dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.

28   Second, the court must determine whether the pending dispositive motion can be decided absent

1   additional discovery." *Hall v. Tilton,* No. C 07-3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal.

2   Feb.9, 2010) (staying discovery pending disposition of motion to dismiss) (citation omitted); *see also*

3   *Yong v. I.N.S.*, 208 F.3d 1116, 1119-20 (9th Cir. 2000).

4          Here, Defendants' seek dismissal of *all* Plaintiffs' claims.  And Defendants' motion can (and

5   must) be decided without any discovery.  The motion includes "facial challenges to the legal

6   sufficiency of [Plaintiffs'] complaint …; there are no issues of fact because the allegations contained

7   in the pleadings are presumed to be true" for the purpose of a motion to dismiss.  *Horsley*, 304 F.3d

8   at 1131 n.2.  As such, there is no need for discovery prior to a decision on the motion, and a

9   temporary stay is appropriate.

10         In addition, Defendants' motion to temporarily stay discovery follows the Supreme Court's

11  holding in *Twombly* that directs federal courts to "avoid the potentially enormous expense of

12  discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant

13  evidence' to support a §1 claim." *Twombly*, 550 U.S. at 559-560 (quoting *Dura Pharmaceuticals v.*

14  *Broudo*, 544 U.S. 536, 547 (2007)).  Long-standing Ninth Circuit precedent is in accord:  a trial court

15  "abdicat[es its] judicial responsibility" if it allows a plaintiff to subject defendants to the

16  "prohibitive" expense of discovery without first "determin[ing] whether there is any reasonable

17  likelihood that plaintiff[] can construct a claim." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829

18  F.2d 729, 738 (9th Cir. 1987).

19         The Supreme Court expressly noted in *Twombly* that discovery in antitrust cases is often

20  extremely expensive, intrusive and burdensome, and that "it is one thing to be cautious before

21  dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding

22  to antitrust discovery can be expensive." 550 U.S. at 558-60 (citations omitted) (observing the

23  "obvious" potential expense of antitrust discovery).  Post-*Twombly*, courts in this and other circuits

24  have regularly stayed discovery in antitrust cases until after resolution of a motion to dismiss.  *See*

25  *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987); *Beck v. Dobrowski*,

26  559 F.3d 680, 682 (7th Cir. 2009); *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 909

27  (6th Cir. 2009).  The circumstances of this case present just the type of "massive factual

28  controversy" warranting a stay that were identified in *Twombly* and *Rutman*.  Producing the DOJ

1    documents would also impose unwarranted burden.  Plaintiffs have no predetermined right to all

2    documents produced in the government investigation, and the assessment and filtering of such

3    documents for relevance would entail time and expense that *Twombly* and *Rutman* protect against in

4    the absence of a finding that Plaintiffs have stated a viable antitrust claim.

5         Moreover, a temporary stay of discovery in this case is appropriate as it will not prejudice

6    Plaintiffs.  *See, e.g., Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (affirming district court's

7    stay of discovery in light of pending motion to dismiss where "there was a real question" whether

8    plaintiff could state a claim for relief and plaintiff did not allege any prejudice).  If Plaintiffs can

9    convince this Court in the future that they can state a valid claim as a matter of law, they "will still

10   have ample time and opportunity to conduct discovery on the merits." *Orchid Biosciences, Inc. v. St.*

11   *Louis Univ*., 198 F.R.D. 670, 675 (S.D. Cal. 2001).  By contrast, if Defendants "prevail on [their]

12   motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a

13   waste of both parties' time and resources." *Id.*

14   **V.    Plaintiffs' Final and "Most Reasonable" Proposal For Resolution**

15        This Court should manage discovery in this action, including determining whether there

16   should be a stay of discovery until Judge Koh addresses any as-yet unfiled motions to dismiss.[8]  The

17   Court should enter an order that: (1) discovery should proceed without delay; and (2) discovery is

18   not stayed.  As noted, Plaintiffs respectfully suggest discovery may commence by production of

19   documents Defendants have already produced to the DOJ.

20   **VI.   Defendants' Final and "Most Reasonable" Proposal For Resolution**

21        Pursuant to Rule 16 and Local Rule 16-10, Judge Koh should resolve Defendants' motion to

22   stay or address the issues raised as part of her scheduling order in this case at the case management

23   conference.  Defendants stand by their offer to stipulate to an expedited briefing schedule on

24   Defendants' motion to stay.  Plaintiffs have declined.  Accordingly, Defendants intend to notice the

25   motion to stay discovery for January 19, 2012, which is the hearing date on the motion to dismiss.

26   ---

[8] For instance, in *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, Magistrate Judge Newman denied
defendant's request to stay discovery while defendant's motion to dismiss remained pending before
27   District Judge Mendez.  *Cf. Browning v. Yahoo!*, No. C04-01463-HRL, 2004 U.S. Dist. LEXIS
22873 (N.D. Cal. Nov. 4, 2004) (Lloyd, J.) (denying motion to stay discovery while a dispositive
28   motion remained pending in another, first-filed, action).

1   Dated:  October 12, 2011          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

2                                     By:    /s/ Joseph R. Saveri
                                            JOSEPH R. SAVERI
3                                           Interim Lead Counsel for Plaintiffs and the Proposed Class

4   Dated:  October 12, 2011          O'MELVENY & MYERS LLP

5                                     By:    /s/ Michael F. Tubach
                                            MICHAEL F. TUBACH
6                                           Attorneys for Defendant
                                            APPLE INC.
7
    Dated:  October 12, 2011          KEKER & VAN NEST LLP
8
                                      By:    /s/ Daniel Purcell
9                                           DANIEL PURCELL
                                            Attorneys for Defendant
10                                          LUCASFILM LTD.

11  Dated:  October 12, 2011          JONES DAY

12                                    By:    /s/ David C. Kiernan
                                            DAVID C. KIERNAN
13                                          Attorneys for Defendant
                                            ADOBE SYSTEMS INC.
14
    Dated:  October 12, 2011          MAYER BROWN LLP
15
                                      By:    /s/ Lee H. Rubin
16                                          LEE H. RUBIN
                                            Attorneys for Defendant
17                                          GOOGLE INC.

18  Dated:  October 12, 2011          BINGHAM McCUTCHEN LLP

19                                    By:    /s/ Donn P. Pickett
                                            DONN P. PICKETT
20                                          Attorneys for Defendant
                                            INTEL CORPORATION
21
    Dated:  October 12, 2011          JONES DAY
22
                                      By:    /s/ Robert A. Mittelstaedt
23                                          ROBERT A. MITTELSTAEDT
                                            Attorneys for Defendant
24                                          INTUIT INC.

25  Dated:  October 12, 2011          COVINGTON & BURLING LLP

26                                    By:    /s/ Emily Johnson Henn
                                            EMILY JOHNSON HENN
27                                          Attorneys for Defendant
                                            PIXAR
28