MAYER BROWN LLP
DONALD M. FALK (SBN 150256)
  dfalk@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
  wjohnson@mayerbrown.com
LEE H. RUBIN (SBN 141331)
  lrubin@mayerbrown.com
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile (650) 331-2060

MAYER BROWN LLP
KRISTEN A. ROWSE (SBN 235294)
  krowse@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:     (213) 229-9500
Facsimile:     (213) 625-0248

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' NOTICE OF MOTION, JOINT MOTION FOR TEMPORARY STAY OF DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   December 8, 2011<br>Time:  1:30 p.m.<br>Courtroom:   8<br>Judge:  Hon. Lucy H. Koh<br><br>Complaint Filed: May 4, 2011 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO STAY ................................................................... 1

STATEMENT OF ISSUES PRESENTED ............................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 3

III. ARGUMENT ................................................................................................................ 6

    A. A Temporary Stay of Discovery Is Appropriate Because Defendants' Motion to Dismiss Targets All of Plaintiffs' Claims, Requires No Discovery, and Could Avoid Costly Discovery ................................................................ 6

        1. This case meets the two-part test to stay discovery ................................... 6

        2. This case is also properly stayed under Supreme Court and Ninth Circuit precedent discouraging premature, burdensome discovery in antitrust cases ........................................................................................... 8

    B. A Temporary Stay of Discovery Will Not Prejudice Plaintiffs ........................... 11

IV CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ameritel Inns v. Moffat Bros. Plastering, L.C.*,
  No. CV 06-359-S-EJL, 2007 WL 1792323 (D. Idaho June 20, 2007) ........................................7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)..................................................................................................................8

*Beck v. Dobrowski*,
  559 F.3d 680 (7th Cir. 2009) ........................................................................................................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................ passim

*DSM Desotech, Inc. v. 3D Sys. Corp.*,
  No. 08 CV 1531, 2008 WL 4812440 (N. D. Ill. Oct. 28, 2008) ...................................................9

*Hall v. Tilton*,
  No. C 07-3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) .....................................7

*Hanni v. American Airlines, Inc.*,
  C-08-00732 CW, 2009 WL 1505286 (N.D. Cal. May 27, 2009) .................................................7

*Horsley v. Feldt*,
  304 F.3d 1125 (11th Cir. 2002) ....................................................................................................7

*In re Graphics Processing Units Antitrust Litig.*,
  No. C 06-07417, 2007 WL 2127577 (N.D. Cal., Jul. 24, 2007)...................................................9

*In re Travel Agent Comm'n Antitrust Litig.*,
  583 F.3d 896 (6th Cir. 2009) ........................................................................................................9

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ........................................................................................................7

*Johnson v. New York Univ. School of Educ.*,
  205 F.R.D. 433 (S.D.N.Y. 2002) ..................................................................................................7

*Joseph v. Las Vegas Metropolitan Police Dept.*,
  No. 2:09–cv–00966–HDM–LRL, 2011 WL 1561057 (D. Nev. Apr. 25, 2011) .........................7

*McLafferty v. Deutsche Lufthansa A.G.*,
  No. 08-1706, 2008 WL 4612856 (E.D. Pa. 2008) .......................................................................9

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
  198 F.R.D. 670 (S.D. Cal. 2001) ................................................................................................11

*Ralston v. Mortgage Investors Group, Inc.*,
   C 08-536 JF, 2010 WL 1136317 (N.D. Cal. Mar. 22, 2010) ...................................................9

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ............................................................................................ passim

*Sepulveda v. Dep't of Treasury*,
   295 Fed. Appx. 160 (9th Cir. 2008) ........................................................................................7

*Sprague v. Brook*,
   149 F.R.D. 575 (N.D. Ill. 1993) ..............................................................................................7

*Temple of Lost Sheep, Inc. v. Abrams*,
   No. CV–88–3675 (ADS), 1990 WL 156139 (E.D.N.Y. Sept. 26, 1990) .................................7

*United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*,
   No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) .................................................................3

*United States v. Nat'l Ass'n of Broadcasters*,
   553 F. Supp. 621 (D.D.C. 1982) .............................................................................................3

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir.1981) ............................................................................................7, 11

*Yong v. I.N.S.*,
   208 F.3d 1116 (9th Cir. 2000) .................................................................................................6

**STATUTES**

15 U.S.C. § 16(a) .............................................................................................................................3

Sections 16600 and 17200 of the California Business and Professions Code ................................4

**OTHER AUTHORITIES**

Fed. R. Civ.P. 12(b)(6) ...........................................................................................................6, 7, 8

Fed. R. Civ. P. 26 .....................................................................................................................1, 5, 11

## NOTICE OF MOTION AND MOTION TO STAY

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 8, 2011 at 1:30 pm, or as soon thereafter as this matter may be heard in Courtroom 8, 4th Floor, of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California, the Honorable Lucy H. Koh presiding, Defendants Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., and Pixar will and hereby do move this Court for an order temporarily staying discovery until the Court rules on Defendants' pending Joint Motion to Dismiss the Complaint and determines that Plaintiffs have alleged a viable claim for relief.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, Declaration of Lee H. Rubin and exhibits thereto, any Reply Memorandum, the pleadings and files in this action, and such arguments and authorities as may be presented at or before the hearing.

**STATEMENT OF ISSUE PRESENTED**

Whether discovery should be stayed until the Court has ruled on Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Complaint"). A temporary stay is appropriate under Fed. R. Civ. P. 26(b)(2)(C) and the two-part test for a discovery stay commonly used in this circuit, as Defendants' pending motion to dismiss should dispose of all of Plaintiffs' claims and may be decided without any discovery. Moreover, as recognized by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), a stay is particularly appropriate in complex antitrust cases such as this one, where the burden of requiring Defendants to engage in broad, costly and invasive discovery should only be shouldered *if* this Court determines that Plaintiffs can plead a viable claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This motion for a temporary stay of discovery meets the two-part test generally applied by federal courts in California. First, Defendants' motion to dismiss, filed on October 13, 2011 (Docket No. 79), should dispose of the entirety of Plaintiffs' Complaint. Second, the motion may be decided on the pleadings, and without any discovery. For these reasons alone, this Court should stay discovery unless and until Plaintiffs can allege at least one valid claim.

Moreover, as recognized by the Supreme Court in *Twombly*, 550 U.S. at 556, a stay is particularly appropriate in complex antitrust cases such as this one, where the burden of requiring Defendants to engage in broad, costly and invasive discovery should only be shouldered *if* this Court determines that Plaintiffs can plead a viable claim. The Supreme Court directed federal courts to "avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support a §1 claim." *Id.* at 559-560 (quoting *Dura Pharmaceuticals v. Broudo*, 544 U.S. 536, 547 (2007)). Long-standing Ninth Circuit precedent is in accord: a trial court "abdicat[es its] judicial responsibility" if it allows a plaintiff to subject defendants to the "prohibitive" expense of discovery without first "determin[ing] whether there is any reasonable likelihood that plaintiff[]

can construct a claim." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

This case presents those precise circumstances—Plaintiffs here seek to certify a nationwide class of plaintiffs with a Complaint that presents a legally deficient and implausible claim of an overarching conspiracy among all defendants and an equally deficient claim of injury arising from this purported conspiracy. As detailed in Defendants' motion to dismiss, Plaintiffs have merely alleged the existence of six independent agreements, each involving only two companies and, with one exception, prohibiting no conduct other than "cold calling." But Plaintiffs fail to allege any facts that could plausibly convert these bilateral agreements into the overarching conspiracy Plaintiffs have alleged existed among Defendants to suppress the wages of all their employees nationwide over a five-year period. And Plaintiffs similarly fail to allege any facts showing how the alleged conspiracy caused them injury, nor can they, given that any relevant labor market would be much broader than the seven named Defendants.

Plaintiffs' current (and legally deficient) Complaint as written would encompass claims by tens, if not hundreds, of thousands of class members and, if discovery is permitted to proceed, Defendants will incur significant litigation costs. Indeed, in its initial document requests, Plaintiffs have already demanded discovery into nearly every aspect of Defendants' recruitment, hiring, retention and compensation practices, among others, spanning more than a decade, including all documents relating to (1) agreements regarding cold-calling, recruiting, and restrictions on employment offers or counteroffers; (2) employee compensation, productivity, morale, turnover, or loss; (3) termination, retirement, discipline, demotion, discharge, suspension, severance or change in position of anyone responsible for recruiting or hiring; and (4) business plans, analyses, budgets, forecasts, strategic plans, market and market information regarding compensation and the labor market. (RFPs 9-11, 13-22, 24.) Moreover, Plaintiffs ask Defendants to identify, for each individual they employed over the last eight years, the location where that individual worked, their total compensation, and title and responsibilities. (RFP 23.)

Only by deciding whether Plaintiffs' claims meet the demands of *Twombly* before permitting discovery to proceed will the Court give full effect to its holding, which is designed to

2

ensure that appropriate and timely judicial scrutiny of the validity of the pleadings in fact will "avoid the potentially enormous expense of discovery" in meritless antitrust cases, 550 U.S. at 559-560. Accordingly, Defendants respectfully ask this Court to postpone discovery temporarily until Plaintiffs have satisfied the Court that they can state at least one valid claim. Plaintiffs will suffer no prejudice from awaiting the start of discovery in order to allow the Court to assess the viability of their claims.

## II.   BACKGROUND

Plaintiffs' Complaint parrots allegations made by the U.S. Department of Justice following its review in 2009 and 2010 of alleged "no cold calling" agreements between certain pairs of companies. (Compl. ¶ 111.) Without admitting any wrongdoing or violation of law (Judgments at 2), Defendants entered into stipulated proposed judgments with the DOJ, pursuant to which they agreed not to engage in non-solicitation agreements except under certain circumstances. (Compl. ¶ 115.) The DOJ alleged in its complaints filed as part of the consent decrees that its investigation focused on five bilateral no cold call agreements among Adobe, Apple, Google, Intel, Intuit, and Pixar (Complaint, *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar,* No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010), ¶ 1 (emphasis added)), later adding a similar complaint and consent degree regarding an alleged bilateral agreement between Lucasfilm and Pixar. Both stipulated judgments recognize that there are many circumstances under which Defendants may legitimately agree not to cold call each other's employees. (Final Judgments at section V.) These stipulated judgments carry no *prima facie* effect in related civil litigation. *See* 15 U.S.C. § 16(a); *United States v. Nat'l Ass'n of Broadcasters*, 553 F. Supp. 621, 623, n.5 (D.D.C. 1982) (holding that private antitrust actions may not give *prima facie* effect to government consent decrees entered before oral testimony was taken).

Shortly after the Court entered the DOJ consent decrees, Plaintiff Siddharth Hariharan filed the first in a series of complaints against the same seven companies that had settled with the DOJ. Hariharan alleged that he worked for Lucasfilm as a software engineer for approximately seventeen months, from mid-January 2007 through mid-August 2008. (Compl. ¶ 18.)

3

Thereafter, Plaintiffs Michael Devine, Brandon Marshall, Mark Fitchner, and Daniel Stover filed similar complaints. These additional Plaintiffs alleged that they worked as software engineers at various times for three of the seven Defendants (Adobe, Intel, and Intuit) in three different states (California, Arizona, and Washington). (*Id.* ¶¶ 16-20.) The complaints were assigned to this Court in August 2011, and Plaintiffs thereafter filed a superseding Consolidated Amended Complaint.

Defendants are seven companies—Adobe, Apple, Google, Intel, Intuit, Lucasfilm, and Pixar—described in the Complaint as belonging to an undefined group of "high technology companies." (*Id.* ¶ 43.) Plaintiffs' factual allegations are taken wholesale, and often verbatim, from the factual allegations in the DOJ complaints. According to the Complaint, Defendants allegedly entered into six bilateral agreements over a two-year period "not to cold call each others' employees." (*Id.* ¶¶ 59, 73, 79, 85, 98, 104.) Plaintiffs claim that these agreements constituted an "interconnected web of express agreements" amounting to an "overarching conspiracy" between Defendants. (*Id.* ¶ 55.)

Based on these allegations, the Complaint asserts claims under Section 1 of the Sherman Act, California's Cartwright Act, and Sections 16600 and 17200 of the California Business and Professions Code. (*Id.* ¶ 5.) Plaintiffs seek to represent a class of all "salaried" employees of Defendants over a five-year period regardless of the positions they held, with exclusions for retail employees and Defendants' corporate officers, board members, and senior executives. (*Id.* ¶ 30.) By its terms, the class would include not only software engineers like the named plaintiffs, but also secretaries, accounting personnel, in-house counsel, and Intel's fabrication workers. Based on Defendants' initial inquiry, this putative class would total more than 83,300 members, spread across the United States.

It is clear that Plaintiffs intend to seek discovery that is massive in scope and enormously complex. As noted above, Plaintiffs have already served their first set of special interrogatories and documents requests. In them, Plaintiffs seek not just discovery limited to the alleged "cold-calling agreements" among Defendants, but wide-ranging discovery related to nearly every aspect of Defendants' recruiting, hiring, promotion, and compensation practices, including all

4

documents related to the "change in position" of any employee with "input in recruiting, hiring, or retaining of salaried employees" (Request No. 13), all plans, reports, memoranda, etc. "relating, in whole or in part, to recruiting, hiring, or retaining employees" (Request No. 14), all documents "concerning any analysis, summary, or description of factors affecting" employee productivity or morale (Request No. 18), and all documents regarding communications with any third parties used by Defendants for recruiting, compensation, or analyzing any other related topic (Request No. 39). (Declaration of Lee Rubin Ex. A (Requests for Production).) Plaintiffs seek more than ten years of documents, from January 2001 to the present. *Id*. Plaintiffs also ask Defendants to identify, for each individual they employed over the last eight years, the location where that individual worked, their total compensation, and title and responsibilities. (*Id*. (RFP 23).) Similarly, Plaintiffs' Interrogatories seek more than eight years of information, including identification of any employee with knowledge about any "Agreement" (defined to include any arrangement or understanding regarding recruitment, among other things) or knowledge of any discussions or decisions about any agreements, or knowledge of any bilateral meetings about agreements. (Rubin Decl. Ex. B.)[1]

On October 3, 2011, the parties met and conferred on case management topics, including how discovery should proceed in this case. In those October 3 discussions and thereafter, Defendants indicated their intention to file a motion to dismiss by October 13, and indicated that discovery should not proceed at all unless/until the pleadings are resolved. Plaintiffs want discovery to proceed without delay and in fact served their first set of written discovery on October 3, the same day as the Rule 26(f) conference. Unable to reach an agreement temporarily postponing discovery, Defendants have filed this motion.

---

[1] Of course, Defendants reserve all rights to object to this discovery, including the scope of the requests. As such, a stay would prevent not only the burden to Defendants in responding to Plaintiffs' requests and reviewing, gathering and producing documents, but it would also avoid burdening both parties (and possibly the Court) with premature discovery disputes over claims that may be limited or even dismissed.

5

## III. ARGUMENT

Plaintiffs' Sherman Act claim and state-law claims are subject to a pending motion to dismiss pursuant to *Twombly* and other grounds. If granted, Defendants' motion to dismiss would dispose of all claims asserted and requires no discovery for its adjudication. Accordingly a temporary stay of discovery should be granted. Furthermore, a stay is particularly appropriate in the antitrust context. Both the Supreme Court and Ninth Circuit have instructed lower courts to be extremely vigilant not to allow the expensive discovery process that typically accompanies antitrust litigation to proceed before it is determined that a valid antitrust claim has been pleaded. Here, a stay would avoid burdening the parties and the Court with sensitive, complex, and costly discovery unless and until Plaintiffs have shown they can plead at least one valid claim.[2]

### A. A Temporary Stay of Discovery Is Appropriate Because Defendants' Motion to Dismiss Targets All of Plaintiffs' Claims, Requires No Discovery, and Could Avoid Costly Discovery

#### 1. *This case meets the two-part test to stay discovery*

As this circuit has noted, "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine*, 829 F.2d at 738. Consistent with this purpose and the trial court's power to stay proceedings in order to most efficiently and fairly manage its docket, *see Yong v. I.N.S.*, 208 F.3d 1116, 1119-20 (9th Cir. 2000), federal courts in California utilize a two-part test to determine whether to stay discovery pending resolution of a dispositive motion:

> First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent discovery.

---

[2] Although Plaintiffs are fully aware that Defendants would be filing both their Joint Motion to Dismiss and the instant Motion to Stay by October 13, 2011, and despite that fact that responses to Plaintiffs' discovery requests are not due for several weeks, Plaintiffs insisted on filing a joint report before Magistrate Judge Lloyd (Docket No. 76) seeking an order that discovery proceed. As detailed in Defendants' portion of the joint report, there is no currently ripe discovery dispute that should be properly put before Magistrate Judge Lloyd, and Plaintiffs' request for an advisory order from Magistrate Judge Lloyd is inappropriate. Rather, the issue of the stay of discovery is properly resolved by this Court.

*Hall v. Tilton,* No. C 07-3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (staying discovery pending disposition of motion to dismiss).

Applying that two-part test (or substantially similar standards), the Ninth Circuit and other courts of appeals frequently have affirmed stays of discovery pending pleadings challenges. *See, e.g.*, *Sepulveda v. Dep't of Treasury*, 295 Fed. Appx. 160, 160-61 (9th Cir. 2008) ("The district court did not abuse its discretion by denying as premature Sepulveda's motion to compel production of documents because the court had not yet resolved defendants' motion to dismiss."); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("The district court did not abuse its discretion [in ordering a stay of discovery]. Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.") (citation omitted); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981) (affirming grant of protective order staying discovery). *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming discovery stay pending motion to dismiss).[3]

This case clearly satisfies the two-part test to stay discovery pending resolution of Defendants' motion to dismiss. First, Defendants' motion to dismiss challenges all of Plaintiffs' claims and, if granted, would be dispositive of the entire Complaint. Second, the motion can (and must) be decided without any discovery. Defendants' motion to dismiss consists of "facial challenges to the legal sufficiency of [Plaintiffs'] complaint …; there are no issues of fact because the allegations contained in the pleadings are presumed to be true" for the purpose of a motion to dismiss. *Horsley*, 304 F.3d at 1131 n.2. Thus, the standard for granting a stay is easily satisfied and the Court can, and should, grant a temporary stay here based on this reason alone.

---

[3] *See also Hanni v. American Airlines, Inc.*, C-08-00732 CW, 2009 WL 1505286, at *7 (N.D. Cal. May 27, 2009) (staying discovery pending disposition of motion to dismiss); *Joseph v. Las Vegas Metropolitan Police Dept.*, No. 2:09–cv–00966–HDM–LRL, 2011 WL 1561057, at *3 (D. Nev. Apr. 25, 2011) (same); *Ameritel Inns v. Moffat Bros. Plastering, L.C.*, No. CV 06-359-S-EJL, 2007 WL 1792323, at *4 (D. Idaho June 20, 2007) (same, finding no factual issues in "immediate need of exploration" were present); *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (same); *Temple of Lost Sheep, Inc. v. Abrams,* No. CV–88–3675 (ADS), 1990 WL 156139, at *4 (E.D.N.Y. Sept. 26, 1990) (affirming previously entered order to stay discovery pending ruling on motion to dismiss because "there [we]re no factual issues in need of further immediate exploration, and the issues before the court [we]re purely questions of law").

> 2. *This case is also properly stayed under Supreme Court and Ninth Circuit precedent discouraging premature, burdensome discovery in antitrust cases*

In addition to meeting the general two-part test, there are particularly compelling reasons this case should be stayed—it is a complex, antitrust case. As a result, discovery is likely to be particularly burdensome (and therefore particularly wasteful in the event Defendants' motion to dismiss is granted). Both the Supreme Court and the Ninth Circuit have recognized the beneficial use of a temporary discovery stay for antitrust cases, which are likely to be unusually burdensome. In *Twombly*, 550 U.S. at 556, the Supreme Court held that, to stave off a motion to dismiss, an antitrust plaintiff must allege enough specific facts to "plausibly" "raise a reasonable expectation of illegal agreement"—mere "labels and conclusions" are insufficient to sustain a complaint. *Id*. In so holding, the Court expressly noted that discovery in antitrust cases is often extremely expensive, intrusive and burdensome, and that "it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Id*. at 558-60 (citations omitted) (observing the "obvious" potential expense of antitrust discovery). The Court emphasized the importance of lower courts determining the plausibility of an antitrust complaint "before allowing a potentially massive factual controversy to proceed." *Id*. at 558 (quotations omitted).[4]

Post-*Twombly*, courts in this and other circuits have regularly stayed discovery in antitrust cases until after resolution of a motion to dismiss. As the Ninth Circuit held in *Rutman Wine*:

> The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. In antitrust cases *this procedure especially makes sense because the costs of discovery in such actions are prohibitive*. [I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable

---

[4] *See also id.* at 559 ("[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management'" as the mere threat of antitrust discovery "will push cost-conscious defendants to settle even anemic cases . . ."); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

> likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

829 F.2d at 738 (citations and quotation marks omitted, emphasis added). *See also Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) (holding, in light of *Twombly*, discovery is not warranted in complex cases "unless the complaint indicates that the plaintiff's case is a substantial one"); *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 909 (6th Cir. 2009) ("[p]ursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement before parties are forced to engage in protracted litigation and bear excessive discovery costs").[5]

The circumstances of this case present just the type of "massive factual controversy" warranting a stay identified in *Twombly* and *Rutman*. As detailed in Defendants' motion to dismiss, Plaintiffs' Complaint contains numerous fatal defects, including a failure to allege any viable conspiracy at all and an abject failure to plead a plausible claim of injury. Thus, Plaintiffs appear unable to state any viable claim against Defendants, and the parties and the Court should not be forced to engage in expensive, intrusive and burdensome discovery until that threshold issue is resolved. Plaintiffs have alleged a putative class of over 83,300 nationwide employees of seven Defendants, and seek discovery into nearly every aspect of Defendants' recruitment, hiring, firing, and compensation practices over the course of a decade, not to mention vast categories of electronic data (from all of Defendants' varying systems). Plaintiffs should at least be required to establish a viable claim before Defendants are forced to engage in the burdens of antitrust discovery in this case. As the Ninth Circuit held in *Rutman Wine*, a trial court would be "abdicat[ing its] judicial responsibility" and failing to adopt the "sounder practice" if it let a plaintiff proceed to discovery with "prohibitive" costs, without first "determin[ing] whether there

---

[5] *See also, e.g., Ralston v. Mortgage Investors Group, Inc.*, C 08-536 JF, 2010 WL 1136317, *4 (N.D. Cal. Mar. 22, 2010) (granting motion to stay antitrust discovery due to pending motion to dismiss); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417, 2007 WL 2127577, *5 (N.D. Cal., Jul. 24, 2007) (same); *DSM Desotech, Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, *3 (N. D. Ill. Oct. 28, 2008) (staying discovery and holding that "the principles underlying *Twombly* counsel in favor of granting [a] motion to stay" in antitrust cases); *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-1706, 2008 WL 4612856, *2 (E.D. Pa. 2008) (same).

is any reasonable likelihood that plaintiff[] can construct a claim." 829 F.2d at 738.

Indeed, discovery in this case promises to be far more expensive and burdensome than the discovery contemplated in *Rutman Wine*. There, the plaintiff alleged that a competitor had improperly terminated a distributor relationship and conspired with a (single) third party to monopolize "the wine products market in Cuyahoga County, Ohio." *Id.* at 732. Just those allegations—two businesses conspiring to sell wine in Cleveland—suggested discovery that the Ninth Circuit described as "prohibitive." *Id.* at 738. The Ninth Circuit found the costs of that potential discovery so prohibitive that it held not only that a district court could stay discovery until the pleadings were settled, but furthermore that a district court would be abdicating its judicial duties if it failed to do so.

Plaintiffs' allegations here of course are far more complex than the *Rutman Wine* allegations, where two businesses conspired to sell beverage products in one U.S. city. Discovery into Plaintiffs' claims—if allowed to proceed under their current Complaint—would include wide-ranging discovery into the recruiting and compensation practices of the Defendants, likely discovery from a significant number of third parties, and a foray into a broad swath of other corporate documents spanning more than a decade. As the many courts cited above have recognized, *Twombly* underscores the need for prudent restrictions on discovery required by *Rutman Wine*. Those two controlling precedents make clear that the Court should not permit that type of "prohibitive[ly]" expensive discovery sought by Plaintiffs here before determining whether Plaintiffs have stated an antitrust claim that would entitle them to relief.

Plaintiffs have suggested that they have an unfettered right to receive all documents Defendants produced during a government investigation, merely by virtue of the fact they have filed a lawsuit that refers to the government investigation and their belief that the production of those documents would impose a minimal burden on Defendants. But the previous production of documents to the government does not render them automatically subject to discovery here, particularly where a pending motion to dismiss will dispose of the entire case. Moreover, identifying and producing a subset of documents from the Department of Justice production relevant to the claims and defenses here would entail time and expense, the precise expenditure

of resources that *Twombly* and *Rutman* counsel against in the absence of a finding that Plaintiffs have stated a viable antitrust claim. And a temporary stay of discovery would promote judicial economy, avoiding the court's expenditure of time and resources on discovery disputes (including likely disputes regarding the discoverability of documents previously produced to the government) on matters that may well be rendered moot if the Court grants Defendants' motion to dismiss.

### B. A Temporary Stay of Discovery Will Not Prejudice Plaintiffs

A temporary stay of discovery in this case is appropriate as it will not prejudice Plaintiffs. *See, e.g., Wood*, 644 F.2d at 801 (affirming district court's stay of discovery in light of pending motion to dismiss where "there was a real question" whether plaintiff could state a claim for relief and plaintiff did not allege any prejudice). If Plaintiffs can convince this Court in the future that they can state a valid claim as a matter of law, they "will still have ample time and opportunity to conduct discovery on the merits." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001). By contrast, if Defendants "prevail on [their] motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources." *Id.*

Plaintiffs have identified no prejudice they will suffer if discovery does not occur immediately. Indeed, this Court has already ordered the parties to take reasonable steps to preserve relevant documents. (Dkt. No. 64 at 11.) Moreover, the parties have agreed to exchange initial disclosures on October 17 as mandated under Rule 26 and otherwise cooperate with Plaintiffs in negotiating stipulations, protective orders and scheduling of motions. (Rubin Decl. ¶ 3.)[6] If Plaintiffs are convinced they can state a valid claim, they should have little

---

[6] For example, Defendants have agreed to continue to meet and confer with Plaintiffs regarding (i) a format for the production of electronic documents and (ii) a protective order and a stipulation regarding the handling of expert discovery. *Id*. Defendants have also offered to discuss an accelerated schedule for briefing the instant motion to stay discovery. *Id*. Thus, any suggestion by Plaintiffs that Defendants failed to meet and confer on the topics required by Rule 26 is meritless. Rather, Plaintiffs made a series of one-sided demands that Defendants provide information on a host of topics not required by Rule 26.

concern that they will eventually obtain all the discovery to which they are entitled. But, if Defendants are correct that they cannot, this Court can save the parties (and itself) the considerable time and expense of an exceptionally burdensome discovery process. Put another way, Defendants should not be forced to expend the considerable time and resources that the requested discovery will demand before it is determined that Plaintiffs have stated a cognizable claim, nor should the Court be burdened with discovery disputes over issues that may be moot following a ruling on Defendants' motion to dismiss. Such a stay is mandated by the fundamental principle underlying *Twombly*.

### IV. CONCLUSION

For all the foregoing reasons, this Court should stay discovery pending resolution of the pleadings in this case.

Dated: October 13, 2011　　　　　　　　　　MAYER BROWN LLP


By: /s/ Lee H. Rubin
　　　Lee H. Rubin
Attorneys for Defendant
Google Inc.

Dated: October 13, 2011　　　　　　　　　　O'MELVENY & MYERS LLP


By: /s/ Michael F. Tubach
　　　Michael F. Tubach
Attorneys for Defendant
Apple Inc.

Dated: October 13, 2011　　　　　　　　　　BINGHAM MCCUTCHEN LLP


By: /s/ Donn P. Pickett
　　　Donn P. Pickett
　　　Frank M. Hinman
　　　Zachary J. Alinder

|   |   |   |
|---|---|---|
| 1 |  | Attorneys for Defendant<br>Intel Corp. |
| 2 | Dated: October 13, 2011 | KEKER & VAN NEST LLP |
| 3 |  |  |
| 4 |  |  |
| 5 |  | By: /s/ Daniel Purcell |
| 6 |  | Daniel Purcell<br>Attorneys for Defendant |
| 7 |  | Lucasfilm Ltd. |
| 8 | Dated: October 13, 2011 | JONES DAY |
| 9 |  |  |
| 10 |  |  |
| 11 |  | By: /s/ David C. Kiernan |
| 12 |  | David C. Kiernan<br>Attorneys for Defendant |
| 13 |  | Adobe Systems Inc. |
| 14 | Dated: October 13, 2011 | JONES DAY |
| 15 |  |  |
| 16 |  |  |
| 17 |  | By: /s/ Robert A. Mittelstaedt |
| 18 |  | Robert A. Mittelstaedt<br>Craig E. Stewart<br>Catherine T. Broderick |
| 19 |  | Attorneys for Defendant<br>Intuit Inc. |
| 20 |  |  |
| 21 | Dated: October 13, 2011 | COVINGTON & BURLING LLP |
| 22 |  |  |
| 23 |  |  |
| 24 |  | By: /s/ Emily Johnson Henn |
| 25 |  | Emily Johnson Henn<br>Attorneys for Defendant<br>Pixar |
| 26 |  |  |
| 27 |  |  |
| 28 |  |  |

13
DEFENDANTS' NOTICE OF MOTION, JOINT MOTION FOR TEMPORARY
STAY OF DISCOVERY; CASE NO. 11-CV-2509-LHK

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Lee H. Rubin, hereby attest that concurrence in the filing of this Defendants' Notice of Motion, Joint Motion for Temporary Stay of Discovery, and Memorandum of Points and Authorities has been obtained from Defendants Apple Inc., Intel Corp., Lucasfilm Ltd., Adobe Systems Inc., Intuit Inc., and Pixar.

Dated: October 13, 2011    MAYER BROWN LLP


By: _/s/ Lee H. Rubin_
    Lee H. Rubin
    Attorneys for Defendant
    Google Inc.