**EXHIBIT B**

1  Joseph R. Saveri (State Bar No. 130064)
   Eric B. Fastiff (State Bar No. 182260)
2  Brendan P. Glackin (State Bar No. 199643)
   Dean M. Harvey (State Bar No. 250298)
3  Anne B. Shaver (State Bar No. 255928)
   Katherine M. Lehe (State Bar No. 273472)
4  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
5  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
6  Facsimile: (415) 956-1008

7  *Interim Lead Counsel for Plaintiffs and the Proposed Class*

8  [Additional counsel listed on signature page]

**RECEIVED**
OCT 04 2011
MAYER BROWN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES** |

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs request that Defendants each separately answer the following interrogatories under oath within thirty days.

**DEFINITIONS**

1. Unless otherwise defined, all words have their common meaning.

2. "Agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more Co-Conspirators, together with all modifications and amendments thereto, regarding:

    a. cold-calling or any other employee recruiting method;

    b. notification to a Co-Conspirator upon making an offer of employment to a Co-Conspirator's employee;

  c. restrictions on the manner, timing, or content of the terms of an employment offer, or counteroffer, you made, or could have made, to potential or current employees;

  d. limiting competition for labor in any way;

  e. restricting employee compensation in any way; or

  f. enforcement, monitoring, or implementation of any of the above understandings, agreements, commitments, contracts, or proposals.

3. "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

4. "Antitrust regulatory authority" means any governmental antitrust regulatory or investigative entity, whether domestic or foreign, including but not limited to the United States Department of Justice, United States Federal Trade Commission, the California Attorney General, or any grand jury investigation.

5. "Cold-calling" and "cold-call" means communicating directly in any manner (including, without limitation, orally, in writing, telephonically, or electronically) with a potential employee who has not otherwise applied for a job.

6. "Co-Conspirators" include: Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Inc., Pixar, and DOES 1-200 as defined in the Consolidated Amended Complaint.

7. "Communication" means oral or written communications of any kind, including without limitation, electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

8. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a Defendant or Co-Conspirator in a salaried, non-retail capacity.

9. "Meeting" means, without limitation, any assembly, encounter, or contemporaneous presence (whether in person or via any electronic computer-assisted, digital,

analog, or telephonic method of communication) of two or more persons for any purpose, whether planned, arranged, scheduled, or not.

10. "Or" should be construed to require the broadest possible response, and should be read as "and/or."

11. "Person" includes without limitation any natural person, corporation, partnership, government entity, and any other form of legal or business entity.

12. "Relating to," "referring to," "regarding," or "with respect to" mean without limitation discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, concerning, containing, mentioning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

13. "Subsidiary," "affiliate," and "joint venture" refer to any entity or person in which you have any financial or ownership interest.

14. "You," "your," or "your company" means its predecessors, successors, subsidiaries, departments, divisions, affiliates, and/or agents (including, without limitation, any third-party recruiting, hiring, or headhunting firm), together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of you.

**INSTRUCTIONS**

1. Where an interrogatory asks you to "identify" a person or persons, this includes persons no longer employed by you. In the case of such former employees, agents, or executives, provide their last known employment and residence information and state whether they have counsel or may be contacted through your counsel. In the case of a current employee, agent, or executive who may be contacted through your counsel, you need only provide the person's name, specific employer, and state of primary residence. If the current employee, agent, or executive has not agreed to accept service through counsel, please provide their contact information, including place of primary residence. In all cases identify the person's job title(s) or job

1  description(s) from January 1, 2003, to the present, and the years about which the person has the
2  knowledge identified by the interrogatory.
3      2.   Where an interrogatory requests identification of persons with "substantial
4  knowledge" of particular facts, you may answer by identifying the person or persons who on a
5  relative basis have greater knowledge or were more involved than others in the specified
6  activities.
7      3.   If any answer to an interrogatory or part thereof is withheld on a claim of
8  privilege, identify the privilege asserted and state in detail sufficient facts to establish the basis for
9  the privilege. For each interrogatory with respect to which you assert a claim of privilege, state
10 whether the information requested has ever been provided to the Government or any party other
11 than you or your attorneys.
12     4.   All interrogatories call for information about the time period of January 1, 2003
13 through the present.
14     5.   The obligation to answer these interrogatories is continuing pursuant to Rule 26(e)
15 of the Federal Rules of Civil Procedure. If at any time after answering these interrogatories you
16 discover additional information that will make your answers to these interrogatories more
17 complete or correct, amend your answers as soon as reasonably possible.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

In order of corporate seniority, identify your employees who participated in decisions regarding agreements or discussions about agreements.

**INTERROGATORY NO. 2:**

Of the persons identified in response to Interrogatory No. 1, identify all persons who have substantial knowledge of corporate decisions regarding agreements or discussions about agreements.

**INTERROGATORY NO. 3:**

In order of corporate seniority, identify all your employees not identified in response to Interrogatory Nos. 1 and 2 who have known about agreements or discussions about agreements.

**INTERROGATORY NO. 4:**

Of the persons identified in response to Interrogatory No. 3, identify those who have substantial knowledge regarding corporate decisions relating to agreements or discussions about agreements.

**INTERROGATORY NO. 5:**

Identify your executives, employees, or agents who participated in multilateral meetings or communications with competitors in which agreements or discussions about agreements occurred.

**INTERROGATORY NO. 6:**

Of the persons identified in response to Interrogatory No. 5 above, identify those who have substantial knowledge regarding the substance of the agreements or discussions about agreements.

**INTERROGATORY NO. 7:**

Identify your executives, employees, or agents who participated in bilateral meetings or communications with competitors about agreements.

**INTERROGATORY NO. 8:**

Of the persons identified in response to Interrogatory No. 7 above, identify those who have substantial knowledge regarding the substance of the bilateral meetings and communications with competitors.

**INTERROGATORY NO. 9:**

Identify your employees who were involved in implementing, policing, or enforcing the discussions or agreements, or who have substantial knowledge of the implementation, policing, or enforcement of agreements or discussions.

**INTERROGATORY NO. 10:**

Of the persons identified in response to Interrogatory No. 9 above, identify those who have substantial knowledge regarding the implementation, policing, or enforcement of the agreements or discussions.

**INTERROGATORY NO. 11:**

Identify your employees who have knowledge of the effect(s) of the agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.

**INTERROGATORY NO. 12:**

Of those persons identified in response to Interrogatory No. 11 above, identify those employees having substantial knowledge of the effect(s) of the agreements or discussions about agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.

**INTERROGATORY NO. 13:**

In order of corporate seniority, identify your employees who participated in discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

**INTERROGATORY NO. 14:**

Of the persons identified in response to Interrogatory No. 13 above, identify all persons who have substantial knowledge of discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

Dated: October 3, 2011

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ Joseph R. Saveri
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Interim Lead Counsel for Plaintiffs and the Proposed Class*

Eric L. Cramer
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Linda P. Nussbaum
John D. Radice
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*