KEKER & VAN NEST LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
DANIEL PURCELL - #191424
dpurcell@kvn.com
EUGENE M. PAIGE - #202849
epaige@kvn.com
PAULA L. BLIZZARD - #207920
pblizzard@kvn.com
633 Battery Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
LUCASFILM LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. C 11-02509 LHK<br><br>[Removed from Alameda County Superior Court Action No. 11574066]<br><br>**DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>***ORAL ARGUMENT REQUESTED***<br><br>Date:        January 26, 2012<br>Time:        1:30 p.m.<br>Courtroom: 8<br>Judge:       Hon. Lucy H. Koh<br><br>Date Comp. Filed:    May 4, 2011 |

582475.02

DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 26, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Lucy H. Koh of the above-entitled Court, located at 280 South First Street, San Jose, CA 95113, defendant Lucasfilm Ltd. ("Lucasfilm") will, and hereby does, move the Court for an order dismissing the Consolidated Amended Complaint ("Complaint" or "CAC") filed by plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover (collectively "plaintiffs").

This motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the federal enclave doctrine bars plaintiffs from bringing their asserted state law claims under the Cartwright Act and California's Unfair Competition Law ("UCL") against Lucasfilm. Because plaintiffs cannot cure the legal defects with those claims by amending the Complaint, the Court should dismiss those claims against Lucasfilm without leave to amend.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all files and records in this action, oral argument, and such additional matters as may be judicially noticed by the Court or may come before the Court prior to or at the hearing on this matter.

## ISSUE TO BE DECIDED

Can plaintiffs bring state-law claims under either the Cartwright Act or the UCL against Lucasfilm, where Lucasfilm and the Lucasfilm employees who are putative class members are located, and Lucasfilm's alleged actions challenged by plaintiffs occurred, on the Presidio of San Francisco, a federal enclave governed exclusively by federal law?

1
DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

582475.02

# MEMORANDUM OF POINTS AND AUTHORITIES

Lucasfilm is located on the Presidio of San Francisco—a federal enclave that was ceded to the United States government by the State of California in 1897. Under the federal enclave doctrine, Lucasfilm's conduct on that enclave is governed exclusively by federal law. Plaintiffs have asserted two claims under California statutes enacted after the Presidio became federal property—the Cartwright Act and the UCL. Plaintiffs cannot maintain those claims against Lucasfilm as a matter of law, and this Court should dismiss both of them without leave to amend.

## I.    RELEVANT FACTUAL ALLEGATIONS IN COMPLAINT

Plaintiffs correctly allege that Lucasfilm has its "principal place of business ... located at 1110 Gorgas Ave., in San Francisco, California, 94129." CAC ¶ 26. That address is within the Presidio of San Francisco, a fact over which this Court can and should take judicial notice. *See Totah v. Bies*, No. 10-5956 CW, 2011 WL 1324471, *1 (N.D. Cal. Apr. 6, 2011). The Court may and should also take judicial notice of the fact that California ceded the Presidio to the United States in 1897. *See* Cal. Stats. 1897, p. 51.

One of the five named plaintiffs, Siddharth Hariharan, worked for Lucasfilm's subsidiary LucasArts on the Presidio.[1] *See* CAC ¶ 18. According to the Complaint, Hariharan worked for Lucasfilm as a software engineer from January 8, 2007 to August 15, 2008. *Id.* The other four named plaintiffs allegedly worked for various defendants between July 2006 and December 2010. *Id.* ¶¶ 16-17, 19-20. During this time period, LucasArts operated in its current offices on the Presidio. Decl. of David Anderman in Support of Notice of Removal ¶ 2 [Dkt. # 3].

The CAC purports to allege an overarching antitrust conspiracy among Lucasfilm and six other companies—Adobe, Apple, Google, Intel, Intuit, and Pixar—in which defendants agreed not to recruit each other's employees. CAC ¶¶ 1-2. But the CAC's only non-conclusory factual allegations *against Lucasfilm* concern a single, alleged, bilateral agreement between Lucasfilm and Pixar. *Id.* ¶¶ 56-71. Plaintiffs allege that, in 2005, senior executives from Lucasfilm and Pixar "agreed to eliminate competition between them for skilled labor" by concluding "express

---

[1] The Complaint incorrectly identifies Hariharan as a former employee of Lucasfilm, rather than LucasArts, but the distinction is unimportant for purposes of this motion.

1

DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

582475.02

agreements through direct and explicit communications among senior executives." *Id.* ¶¶ 56, 58, 62. Pixar allegedly drafted an agreement relating to recruiting of employees and "sent those terms to Lucasfilm," which purportedly distributed the draft "to management and certain senior employees with the relevant hiring or recruiting responsibilities," kept the agreement secret, monitored compliance with the agreement, and twice "chang[ed] its conduct to conform" to the agreement. *Id.* ¶¶ 64-65. Plaintiffs allege no facts disputing the only plausible conclusion—that Lucasfilm allegedly implemented and enforced the purported agreement from the Presidio.

## II.   ARGUMENT

A court must dismiss any claim under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff has failed to articulate a cognizable legal theory or failed to plead facts sufficient to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a complaint's factual basis, a court should first eliminate conclusory allegations, which "are not entitled to the assumption of truth," then evaluate the plausibility of the remaining non-conclusory allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).

### A.   Lucasfilm is located on the Presidio of San Francisco, a federal enclave governed exclusively by federal law and exempt from state laws enacted after 1897.

Ceded to the United States government by the State of California in 1897, the Presidio of San Francisco is a federal enclave. *See* Cal. Stat. 1897, p. 51; *Totah*, 2011 WL 1324471 at *1 ("Lucasfilm is located on the Presidio, a federal enclave.").

When state property becomes a federal enclave, state laws that are in effect at the time of cession and are consistent with federal law are assimilated into federal law, unless expressly abrogated by Congress. *See* U.S. Const., art. I, § 8, cl. 17; *Paul v. United States*, 371 U.S. 245, 263-64 (1963). But any state laws enacted *after* cession have no force on the enclave, unless Congress specifically authorizes their enforcement. *See Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005); *Taylor v. Lockheed Martin*, 78 Cal. App. 4th 472, 481 (2000). For decades, courts have recognized both the Presidio's federal enclave status and the fact that, as a result, the Presidio is governed exclusively by federal law. *See Standard Oil Co. v. California*, 291 U.S. 242, 244 (1934); *Totah*, 2011 WL 1324471 at *2; *United States v. Perez*,

2
DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

582475.02

No. CR-06-0001, 2006 WL 2850018, *2-7 (N.D. Cal. Oct. 4, 2006); *Swords to Plowshares*, 423 F. Supp. 2d at 1034-36; *Volk v. United States*, 57 F. Supp. 2d 888, 893 (N.D. Cal. 1999). Courts in this District routinely dismiss state-law claims against Lucasfilm and its subsidiaries under the federal enclave doctrine. *See Totah*, 2011 WL 1324471, *1; *Klausner v. Lucasfilm Entm't Co.*, No. 09-03502, 2010 WL 1038228, *2-4 (N.D. Cal. Mar. 19, 2010); *Rosseter v. Industrial Light & Magic*, No. C 08-04545, 2009 WL 210452, *2 (N.D. Cal. Jan. 27, 2009).

Here, plaintiffs assert claims under the Cartwright Act and the UCL—California statutes enacted after 1897, when the Presidio became a federal enclave. The Cartwright Act was enacted in 1907, with the current version of section 16720 added in 1941. *See* Cal. Bus. & Profs. Code § 16720; Stats. 1941, c. 526, p. 1835, § 1; Stats. 1907, c. 530, p. 984, § 1. The UCL was enacted in 1977. *See* Cal. Bus. & Profs. Code § 17200; Stats. 1977, c. 299, p. 1202, § 1. Since Congress never expressly authorized these statutes' application on the enclave, neither applies to Lucasfilm's conduct on the Presidio.

**B.   The federal enclave doctrine applies here and bars plaintiffs' Cartwright Act and UCL claims.**

   **1.   Material facts underlying plaintiffs' claims occurred on a federal enclave.**

Plaintiffs' CAC makes clear that numerous material facts that are essential to their claims against Lucasfilm occurred on a federal enclave. The law requires far less for application of the federal enclave doctrine. In multi-defendant cases like this one, the enclave doctrine applies where "some of the events alleged in the Complaint" with respect to some defendants "occurred on a federal enclave." *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1336 (N.D. Ala. 2010). In *Corley*, for example, the plaintiff sued various manufacturers of products containing asbestos for personal injuries. Some of his asbestos exposure occurred on U.S. Navy ships or shipyards, which are federal enclaves, but some exposure occurred elsewhere. The plaintiff tried to avoid federal-enclave jurisdiction by arguing he "was subject to much more exposure to asbestos outside these [federal enclaves] than inside." *Id.* at 1328. Rejecting that argument, the court held there is no "requirement that the federal enclave have a substantial relationship, or nexus, to the plaintiff's injury." *Id.* at 1329. Instead, it was enough that *some* of the operative facts giving

3
DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

582475.02

rise to his claims—*i.e.,* some defendants' sale of products containing asbestos and some asbestos exposure—occurred on federal enclaves. *See id.* at 1329-30; *see also Totah,* No. 10-05956 CW, 2011 WL 1324471, at *1 (federal enclave doctrine applies in case involving Lucasfilm where allegedly defamatory statement was received on federal enclave).

Here, plaintiffs' Cartwright Act and UCL claims against Lucasfilm are based on at least the following categories of operative facts occurring on the enclave: (1) Lucasfilm allegedly participated in and enforced an antitrust conspiracy from its offices on the Presidio; (2) Hariharan, the Lucasfilm putative class representative, worked on the Presidio for the entirety of his employment with LucasArts; (3) past and present Lucasfilm employees allegedly suffered harm from the purported conspiracy on the Presidio; and (4) prospective Lucasfilm employees suffered similar alleged harm relating to a denial of employment opportunities on the Presidio. CAC ¶¶ 18, 41-71. All these material operative facts are essential to liability and damages, and all of them occurred on the Presidio. Accordingly, the federal enclave doctrine applies here, and bars plaintiffs' Cartwright Act and UCL claims against Lucasfilm.

### 2. The Lucasfilm employees in the putative class worked on a federal enclave.

The federal enclave doctrine also bars those claims under a separate line of cases relating to employment claims. In such cases, the doctrine applies if the plaintiff worked on the enclave and asserts claims arising out of that work. *See Lockhart v. MVM, Inc.,* 175 Cal. App. 4th 1452, 1459 (2009) ("[T]he plaintiff's place of employment [is] the significant factor in determining where plaintiff's employment claims arose under the federal enclave doctrine."). This holds true even if some facts supporting the employee's claims occurred off the enclave.[2] Here, Hariharan joined LucasArts in January 2007, when the alleged Lucasfilm-Pixar agreement was already in place. CAC ¶¶ 18, 58. Similarly, the past and present Lucasfilm employees he seeks to represent were employed, and suffered any alleged economic harm, on the enclave. The employment decisions that allegedly harmed Lucasfilm employees likewise occurred on the Presidio. Thus, the federal enclave doctrine governs these claims against Lucasfilm.

---

[2] *See Taylor,* 78 Cal. App. 4th at 481 (plaintiff employed on federal enclave but was terminated elsewhere); *Powell v. Tessada & Assoc.,* No. C 04-05254, 2005 WL 578103, *2 (N.D. Cal. Mar.

4
DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

582475.02

### 3. Artful pleading cannot rescue plaintiffs' Cartwright Act or UCL claims.

To circumvent the federal enclave doctrine, plaintiffs resort to artful pleading, repeatedly emphasizing that Pixar entered into and enforced the alleged agreement with Lucasfilm from its offices in Emeryville, California. This tactic fails. Based on plaintiffs' allegations, the required *Iqbal* plausibility analysis can lead to only one plausible conclusion: for every act allegedly done by Pixar in Emeryville in furtherance of its supposed bilateral agreement with Lucasfilm, there must have been a necessary corollary act by Lucasfilm, and a resulting corollary effect on Lucasfilm employees, on the Presidio.

*Corley* explains why plaintiffs' artful pleading has no legal significance. There, as here, Corley drafted his complaint to avoid application of the federal enclave doctrine. The court saw through that approach, holding that "Mr. Corley cannot avoid the federal enclave jurisdiction simply by stating that, while he is suing Garlock and Owens-Illinois for exposing him to asbestos, he is leaving out those times he was exposed while working in a federal enclave." *Corley*, 688 F. Supp. 2d at 1329. Explaining that the plaintiff "cannot simply omit those times the ongoing exposure occurred in a federal enclave to avoid federal jurisdiction," the court ruled that the "[p]laintiffs could avoid federal enclave jurisdiction only by dismissal of all claims against" defendants located on the enclave. *Id.* So too here. Because plaintiffs cannot correct those fundamental legal defects by amendment, *see McMullen v. S. Cal. Edison*, EDCV 08-957-VAP, 2008 WL 4948664, *7 & n.4 (C.D. Cal. Nov. 17, 2008), the Court should dismiss both the Cartwright Act and UCL claims without leave to amend.

Dated: October 13, 2011

Respectfully submitted,

KEKER & VAN NEST LLP

By: */s/ Daniel Purcell*
DANIEL PURCELL
Attorneys for Defendant
LUCASFILM LTD.

---

10, 2005) (plaintiff worked on enclave, but challenged employment decision made elsewhere).

5

DEFENDANT LUCASFILM LTD.'S *AMENDED* NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C 11-02509 SBA

582475.02