1   Joseph R. Saveri (State Bar No. 130064)
    Eric B. Fastiff (State Bar No. 182260)
2   Brendan P. Glackin (State Bar No. 199643)
    Dean M. Harvey (State Bar No. 250298)
3   Anne B. Shaver (State Bar No. 255928)
    Katherine M. Lehe (State Bar No. 273472)
4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, CA  94111-3339
    Telephone:  (415) 956-1000
6   Facsimile:  (415) 956-1008

7   *Interim Lead Counsel for Plaintiffs and the Proposed Class*

8   [Additional counsel listed on signature page]

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14   IN RE: HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
15                                          **JOINT CASE MANAGEMENT**
                                            **CONFERENCE STATEMENT**
16   THIS DOCUMENT RELATES TO:
                                            Date:       October 26, 2011
17   ALL ACTIONS                            Time:       2:00 p.m.
                                            Courtroom:  8, 4th Floor
18                                          Judge:      The Honorable Lucy H. Koh

19

20

21

22

23

24

25

26

27

28

944387.2

# TABLE OF CONTENTS

**Page**

I.    Facts .............................................................................................................. 1

    A.    Plaintiffs' Statement ........................................................................... 1

    B.    Defendants' Statement ........................................................................ 3

II.   Legal Issues .................................................................................................... 5

III.  Jurisdiction and Service ................................................................................. 6

IV.   Motions .......................................................................................................... 7

    A.    Discovery Dispute Joint Report #1 .................................................... 7

    B.    Defendant Lucasfilm's Motion to Dismiss the State Law Claims ............. 9

    C.    Defendants' Joint Motion to Dismiss the Complaint ................................. 9

    D.    Defendants' Joint Motion for Temporary Stay of Discovery ................... 10

V.    Amendment of Pleadings ............................................................................. 11

VI.   Evidence Preservation ................................................................................. 11

VII.  Disclosures ................................................................................................... 12

VIII. Discovery ..................................................................................................... 12

    A.    Plaintiffs' Position ............................................................................ 12

    B.    Defendants' Position ......................................................................... 13

IX.   Class Certification ....................................................................................... 15

X.    Related Cases ............................................................................................... 15

XI.   Relief ............................................................................................................ 16

XII.  Settlement and ADR ..................................................................................... 16

XIII. Consent to Magistrate Judge For All Purposes ........................................... 16

XIV.  Other References .......................................................................................... 16

XV.   Narrowing of Issues ..................................................................................... 16

XVI.  Expedited Schedule ..................................................................................... 17

XVII. Scheduling ................................................................................................... 18

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

944387.2

# TABLE OF CONTENTS
(continued)

**Page**

      A.    Plaintiffs' Position ........................................................................18

      B.    Defendants' Position.......................................................................20

XVIII. Trial    21

XIX.   Disclosure of Non-party interested Entities or Persons.......................................21

1    The parties to these consolidated actions hereby submit this joint statement in advance of

2    the October 26, 2011 Case Management Conference.

3    **I.    Facts**

4        **A.    Plaintiffs' Statement**

5        This is a consolidated class action in which five individual and representative plaintiffs

6    ("Plaintiffs") challenge a conspiracy among Defendants to fix and suppress the compensation of

7    their employees.[1]  The Complaint alleges that Defendants entered into:  (1) illegal agreements not

8    to recruit each other's employees; (2) illegal agreements to notify each other when making an

9    offer to another's employee; and (3) illegal agreements that, when offering a position to another

10   company's employee, neither company would counteroffer above the initial offer.  (Complaint

11   ¶¶ 55-107.)  Plaintiffs seek injunctive relief and damages for violations of:  Section 1 of the

12   Sherman Act, 15 U.S.C. § 1; the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, *et seq.*; Cal.

13   Bus. & Prof. Code § 16600; and Cal. Bus. & Prof. Code §§ 17200, *et seq.*  (Complaint ¶¶ 119-

14   164.)

15       This action follows an investigation by the Antitrust Division of the United States

16   Department of Justice ("DOJ").  Beginning in approximately 2009, the DOJ conducted an

17   investigation into the employment practices of Defendants.  The DOJ issued Civil Investigative

18   Demands to Defendants that resulted in Defendants producing responsive documents to the DOJ.

19   The DOJ also interviewed witnesses to certain of the agreements alleged in Plaintiffs' Complaint.

20

21

22   [1] The litigation commenced on May 4, 2011 when Plaintiff Hariharan filed his complaint in
     Alameda County Superior Court.  On May 23, 2011, Defendants removed the *Hariharan* case to
23   U.S. District Court for the Northern District of California.  (Dkt. No. 1.)  Four cases were later
     filed in Santa Clara County Superior Court, each of which Defendants subsequently removed.  On
24   July 27, 2011, all five cases were related before Judge Armstrong.  (Dkt. No. 52.)  On August 4,
     2011, Judge Armstrong granted Plaintiffs' motion to transfer all five cases to the San Jose
25   Division.  (Dkt. No. 58.)  Pursuant to Stipulated Pretrial Order No. 1 as Modified, all five cases
     were consolidated on September 12, 2011.  (Dkt. No. 64.)  Plaintiffs served their Consolidated
26   Amended Complaint on September 2, 2011.  (*See* Dkt. No. 64 at 6.)  Pretrial Order No. 1
     provides for a briefing schedule on Defendants' motion to dismiss: Defendants' motion to dismiss
27   is due by October 13, 2011; Plaintiffs' opposition is due by November 4, 2011; and Defendants'
     reply is due by December 2, 2011.  The hearing on Defendants' motion to dismiss is currently
28   scheduled for January 26, 2012.

- 1 -          JOINT CASE MGMNT CONFERENCE STATEMENT
               Master Docket No. 11-CV-2509-LHK

944283.3

1      The DOJ concluded that Defendants agreed to eliminate forms of competition among each

2 other for skilled labor in violation of federal antitrust law.  "Defendants' concerted behavior both

3 reduced their ability to compete for employees and disrupted the normal price-setting

4 mechanisms that apply in the labor setting."  DOJ Competitive Impact Statement at 10, Dkt.

5 No. 2, *United States v. Adobe Systems Inc., et al.*, No. 10-cv-1629-RBW (D.D.C. Sept. 24, 2010)

6 (regarding agreements among all defendants but Lucasfilm).  *See also* DOJ Competitive Impact

7 Statement at 8, Dkt. No. 2, *United States v. Lucasfilm LTD.*, No. 10-cv-2220-RBW (D.D.C.

8 Dec. 21, 2010) (regarding agreements between Lucasfilm and Pixar.  The DOJ found that these

9 agreements are "per se unlawful under Section 1 of the Sherman Act" and are "facially

10 anticompetitive because they eliminated a significant form of competition to attract high-tech

11 employees, and, overall, substantially diminished competition to the determent of the affected

12 employees who were likely deprived of competitive important information and access to better

13 job opportunities."  DOJ Competitive Impact Statement at 3, *United States v. Adobe Systems Inc.,*

14 *et al.*, *supra*.

15      The DOJ filed suit on September 24, 2010 (against all Defendants but Lucasfilm) and on

16 December 21, 2010 (against Lucasfilm).  At the same time, the DOJ filed stipulated proposed

17 final judgments in which Defendants agreed not to enter into similar agreements in the future, and

18 agreed to a variety of mandatory procedures to ensure Defendants' compliance.  [Proposed] Final

19 Judgment, Dkt. No. 3-1, *United States v. Adobe Systems Inc., et al.*, No. 10-cv-1629-RBW

20 (D.D.C. Sept. 24, 2010).  The Defendants stipulated that the DOJ's complaint "states a claim

21 upon which relief may be granted against the Defendants under Section One of the Sherman Act,

22 as amended, 15 U.S.C. § 1."  *Id.* at 3.  The court entered the proposed final judgments on

23 March 18, 2011 (regarding all Defendants but Lucasfilm), and on June 3, 2011 (regarding

24 Lucasfilm).

25      While the final judgments may have been designed to prevent recurrence of Defendants'

26 illegal conduct, they did not provide any compensation to the employees who were harmed as a

27 result of Defendants' agreements.  The DOJ left this to private litigants.  *See* DOJ Competitive

28

1   Impact Statement at 15, *United States v. Adobe Systems Inc., et al.*, *supra* ("Remedies Available
2   to Potential Private Litigants").

3       This consolidated class action seeks to compensate the individuals Defendants harmed
4   through their illegal agreements.  To date, the only private cases addressing Defendants' conduct
5   are the five class actions consolidated in the instant action.  Without this consolidated class
6   action, Plaintiffs and the Class will not receive compensation for their injuries, and Defendants
7   will continue to retain the benefits of their unlawful collusion.

8       **B.    Defendants' Statement**

9       Plaintiffs filed this complaint on the heels of civil settlements that Defendants reached
10  with the United States Department of Justice relating to employee recruiting practices.  As part of
11  those settlements, in which Defendants admitted no wrongdoing, DOJ alleged that various pairs
12  of Defendants entered into six discrete, bilateral agreements spread out over a 2 1/2-year period
13  not to "cold call" each others' employees.  In each instance, the DOJ complaint alleged
14  agreements involving only two companies and, with one exception, nothing other than an
15  agreement not to "cold call" each other's employees.  As even DOJ recognized, such non-
16  solicitation agreements can be pro-competitive and lawful to prevent poaching of employees in
17  the context of legitimate collaborative projects, and the civil settlements spell out the
18  circumstances in which they are not prohibited.

19      Plaintiffs copy the factual allegations relating to the six bilateral agreements virtually
20  word-for-word from the DOJ complaint, with one critical difference:  Apparently recognizing the
21  implausibility of alleging that those agreements harmed them, much less a class of all of
22  Defendants' employees, Plaintiffs instead claim that Defendants entered into a multilateral
23  "overarching" conspiracy among all of them to suppress wages for all of their employees
24  nationwide over a five-year period.

25      Defendants entered into stipulated proposed judgments with the DOJ, pursuant to which
26  they agreed not to engage in non-solicitation agreements except under certain circumstances.
27  (Compl. ¶ 115.)  Defendants specifically did not admit to any wrongdoing or violation of law.

28
                            - 3 -        JOINT CASE MGMNT CONFERENCE STATEMENT
                                         Master Docket No. 11-CV-2509-LHK

944283.3

1   (Final Judgments at 2.)  These stipulated judgments carry no prima facie effect in related civil

2   litigation.  *See* 15 U.S.C. § 16(a); *United States v. Nat'l Ass'n of Broadcasters*, 553 F. Supp. 621,

3   623 & n.5 (D.D.C. 1982) (holding that private antitrust actions may not give prima facie effect to

4   government consent decrees entered before oral testimony was taken).

5        The DOJ alleged in its complaints filed as part of the consent decrees that its investigation

6   focused on five discrete, bilateral no-cold-call agreements among pairs of Defendants Adobe,

7   Apple, Google, Intel, Intuit, and Pixar (*id.* ¶ 1), later adding a similar complaint and consent

8   decree regarding an alleged bilateral agreement between Lucasfilm and Pixar.  Both stipulated

9   judgments recognize that there are many circumstances under which Defendants may legitimately

10  agree not to cold call each other's employees.  (Final Judgments at section V.)  For example,

11  Defendants are free to use such agreements to the extent they are reasonably necessary for the

12  functioning of legitimate collaboration agreements; for a wide range of business transactions; in

13  contracts with consultants, auditors, vendors, recruiting agencies, or providers of temporary or

14  contract employees; in settlement or compromise of legal disputes; and employment or severance

15  agreements with their employees (*id.*).

16       Shortly after the Court entered the DOJ consent decrees, Plaintiff Siddharth Hariharan

17  filed the first in a series of complaints against the same seven companies that had entered into

18  consent decrees with DOJ.  Hariharan alleged that he worked for Lucasfilm as a software

19  engineer for approximately seventeen months, from mid-January 2007 through mid-August 2008.

20  (Compl. ¶ 18.)  Thereafter, Plaintiffs Michael Devine, Brandon Marshall, Mark Fitchner, and

21  Daniel Stover filed similar complaints.  These additional Plaintiffs alleged that they worked as

22  software engineers at various times for three of the seven Defendants (Adobe, Intel, and Intuit) in

23  three different states (California, Arizona, and Washington).  (*Id.* ¶¶ 16-20.)  The complaints were

24  assigned to this Court in August 2011, and Plaintiffs thereafter filed a superseding Consolidated

25  Amended Complaint.

26       Defendants are seven companies—Adobe, Apple, Google, Intel, Intuit, Lucasfilm, and

27  Pixar—described in the Complaint as belonging to an undefined group of "high technology

28

- 4 -        JOINT CASE MGMNT CONFERENCE STATEMENT
             Master Docket No. 11-CV-2509-LHK

944283.3

1   companies." (*Id.* ¶ 43.)  With one significant exception, Plaintiffs' factual allegations are taken

2   wholesale, and often verbatim, from the factual allegations in the DOJ complaints.  According to

3   the Complaint, Defendants allegedly entered into six bilateral agreements over a two-year period

4   "not to cold call each others' employees."  (*Id.* ¶¶ 59, 73, 79, 85, 98, 104.)  Contrary to the DOJ

5   complaints, however, and without stating any facts to support such a claim, Plaintiffs contend that

6   these agreements constituted an "an interconnected web of express agreements" amounting to an

7   "overarching conspiracy" between Defendants.  (*Id.* ¶ 55.)

8       Based on these allegations, the Complaint asserts claims under Section 1 of the Sherman

9   Act, California's Cartwright Act, and Sections 16600 and 17200 of the California Business and

10  Professions Code.  (*Id.* ¶ 5.)  Plaintiffs seek to represent a class of all "salaried" employees of

11  Defendants over a five-year period regardless of the positions they held, with exclusions for retail

12  employees and Defendants' corporate officers, board members, and senior executives.  (*Id.* ¶ 30.)

13  By its terms, the class would include not only software engineers like the named plaintiffs, but

14  also secretaries, accounting personnel, in-house counsel, and Intel's fabrication workers.  Based

15  on Defendants' initial inquiry, this putative class would total more than 83,300 members, spread

16  across the United States.

17  **II.   Legal Issues**

18      The legal issues in this case include the following:

19      1.  Defendants contest whether Plaintiffs' Complaint has stated viable causes of action

20  under the Sherman Act, the Cartwright Act, and California Business & Professions Code Sections

21  16600 and 17200.  Defendants filed a joint motion to dismiss the Complaint on October 13, 2011

22  (Dkt. No. 79), in accordance with the schedule established in Stipulated Pretrial Order No. 1 as

23  Modified (Dkt. No. 64).  Defendants contend that the Complaint should be dismissed for failure

24  to state a claim upon which relief can be granted and because Plaintiffs lack standing to assert

25  claims for injunctive or declaratory relief.  Defendant Lucasfilm filed a separate motion to

26  dismiss the state-law claims based on federal enclave jurisdiction (Dkt. No. 77), which all the

27  other Defendants joined (Dkt. No. 79 at 1 n.1.).

28

JOINT CASE MGMNT CONFERENCE STATEMENT
                                    Master Docket No. 11-CV-2509-LHK

944283.3

1     Plaintiffs oppose the joint motion to dismiss and Lucasfilm's separate motion, contending

2     that the Complaint satisfies Rule 8.  Plaintiffs believe that, at most, Defendants raise disputed

3     issues of fact that cannot be properly resolved on a Rule 12 motion.

4         2.  Defendants contest whether the proposed class of all "salaried" employees of

5     Defendants from January 1, 2005 through January 1, 2010 may be certified, and whether

6     Plaintiffs would adequately represent such a class.  Plaintiffs intend to move for class certification

7     under Rule 23 and observe that class actions are commonly certified in antitrust cases alleging

8     horizontal agreements among competitors.  *See, e.g., In re Rubber Chems. Antitrust Litig.*, 232

9     F.R.D. 346, 350 (N.D. Cal. 2005) (Jenkins, J.) ("'Class actions play an important role in the

10    private enforcement of antitrust actions'... 'For this reason, courts resolve doubts in these actions

11    in favor of certifying the class'... 'a class-action lawsuit is the most fair and efficient means of

12    enforcing the law where antitrust violations have been continuous, widespread, and detrimental to

13    as yet unidentified [victims].'") (citations omitted).

14        Defendants dispute that the putative class identified in Plaintiffs' Complaint can be either

15    certified or maintained under Rule 23 and will oppose Plaintiffs' motion for class certification.

16    *See, e.g., Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 615-24 (2010) (describing "rigorous

17    analysis" the district court must conduct to determine that the prerequisites of Rule 23 have been

18    met in large employment class action).

19        3.  If Plaintiffs' claims survive the pleading stage, Defendants anticipate bringing one or

20    more motions for summary judgment, which may raise additional legal issues, including

21    Defendants' contention that Plaintiffs' claims should be judged under a rule of reason analysis.

22    **III.    <u>Jurisdiction and Service</u>**

23        The Court has subject matter jurisdiction pursuant to Sections 4 and 16 of the Clayton Act

24    (15 U.S.C. §§ 15 and 26) and 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1337 and 1367.

25        Venue is proper in this judicial district pursuant to Section 12 of the Clayton Act

26    (15 U.S.C. § 22) and 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the alleged

27    events giving rise to Plaintiffs' claims occurred in this district, a substantial portion of the

28

- 6 -          JOINT CASE MGMNT CONFERENCE STATEMENT
               Master Docket No. 11-CV-2509-LHK

1   allegedly affected interstate trade and commerce was carried out in this district, and all of the

2   Defendants reside in this district.

3       Defendants are subject to the jurisdiction of this Court by virtue of their contacts in this

4   district.

5       All Defendants have accepted service of Plaintiffs' Consolidated Amended Complaint

6   ("Complaint").  No parties remain to be served.

7       Defendant Lucasfilm's motion to dismiss disputes whether this Court has subject matter

8   jurisdiction over Plaintiffs' claims under the Cartwright Act, California Business and Professions

9   Code §§ 16720, *et seq.*; and California Business and Professions Code §§ 17200, *et seq.*  (Dkt.

10  No. 77.)  All the other Defendants joined in Lucasfilm's motion.  (Dkt. 79, at 1 n.1.)  Plaintiffs

11  oppose Lucasfilm's motion.  Defendants do not dispute this Court's subject matter jurisdiction

12  over Plaintiffs' claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, or California Business

13  and Professions Code § 16600.

14  **IV.**   **Motions**

15      There are four pending matters before the Court: (1) Defendants' Joint Motion to Dismiss

16  (Dkt. 79); (2) Defendant Lucasfilm's Motion to Dismiss (Dkt. No. 77); (3) Discovery Dispute

17  Joint Report #1 (Dkt. No. 76); and (4) Defendants' Joint Motion for Temporary Stay of Discovery

18  (Dkt. No. 80).

19      If Plaintiffs' claims survive past the pleading stage, Defendants anticipate bringing one or

20  more motions for summary judgment.

21      Plaintiffs will file a motion to certify the proposed class under Rule 23 following

22  sufficient discovery.

23      **A.**   **Discovery Dispute Joint Report #1**

24      Discovery Dispute Joint Report #1, which is pending before Judge Lloyd, addresses the

25  parties' dispute over whether discovery in this action should proceed pending a ruling on

26  Defendants' joint motion to dismiss the Complaint.  The Report also addresses the parties'

27  dispute over whether the issue should be decided by Judge Lloyd (Plaintiffs' position), or decided

28

- 7 -

1  by the Court (Defendants' position) through either: (1) adjudication of Defendants' motion for

2  temporary stay (Dkt. No. 80); or alternatively (2) at the initial case management conference.

3  Plaintiffs seek an order stating that discovery in this action should proceed without further delay.

4  Defendants have filed a motion for temporary stay of discovery pending a ruling on Defendants'

5  Joint Motion to Dismiss.

6       In the interests of efficiency, Plaintiffs have suggested discovery should commence with

7  production of documents Defendants have already produced to the DOJ and identification of

8  percipient witnesses.

9       **Defendants' Position:**  Defendants have informed Plaintiffs that they intend to comply

10  fully with discovery deadlines pending resolution of the motion for temporary stay.  To this end,

11  Defendants have agreed to serve initial disclosures by October 24, 2011; provide comments and

12  finalize Plaintiffs' draft protective order, ESI production specification, and stipulation regarding

13  expert discovery; and schedule additional conferences to discuss issues regarding electronically

14  stored information.  Beyond these activities, Defendants' position is that a temporary stay of

15  discovery would promote efficiency and judicial economy, avoiding the expenditure of time and

16  resources on discovery disputes (including likely disputes regarding the discoverability of

17  documents previously produced to the government) on matters that will be rendered moot if the

18  Court grants Defendants' motion to dismiss.  Defendants' motion to dismiss targets all of

19  Plaintiffs' claims, whether grounded on allegations of bilateral agreements or an "overarching"

20  conspiracy.

21       **Plaintiffs' Position:**  Plaintiffs oppose Defendants' requested stay because it will only

22  introduce unnecessary cost and delay.  Defendants' motions to dismiss will not and cannot

23  dispose of this case.  Plaintiffs do not agree that their claim is limited to an allegation of a single

24  agreement among all Defendants, or that the precise shape of the conspiracy is a question that can

25  be resolved at the pleading stage.  Plaintiffs contend that Defendants concede that the complaint

26  sufficiently alleges the existence of unlawful bilateral agreements among them, in addition to

27  alleging an overarching conspiracy served by those agreements; and that this by itself requires

28

1    denial of their joint motion to dismiss.  Moreover, Defendants' contention that Plaintiffs have not

2    suffered injury-in-fact is not appropriate for resolution on a motion to dismiss.

3                **B.      Defendant Lucasfilm's Motion to Dismiss the State Law Claims**

4           Lucasfilm's motion to dismiss seeks to dismiss Plaintiffs' Cartwright Act and UCL claims

5    under the federal enclave doctrine.  (Dkt. No. 77.)  Lucasfilm is located on the Presidio of San

6    Francisco, a federal enclave that was ceded to the United States government by the State of

7    California in 1897.  Accordingly, under the federal enclave doctrine, Lucasfilm's conduct on that

8    enclave is governed exclusively by federal law.  Lucasfilm contends that Plaintiffs cannot

9    maintain claims based on alleged conduct on that enclave under the Cartwright Act or the UCL,

10   both California statues that were enacted after the Presidio became federal property.  All other

11   Defendants have joined Lucasfilm's motion.  (Dkt. 79 at 1 n.1.)  Plaintiffs oppose the motion.

12   Plaintiffs' opposition is due November 4, 2011; and Lucasfilm's reply is due December 2, 2011.

13   (*Id.*)  The hearing on Lucasfilm's Motion to Dismiss is scheduled for January 26, 2012.

14               **C.      Defendants' Joint Motion to Dismiss the Complaint**

15          Defendants' joint motion to dismiss the Complaint seeks dismissal on four grounds (Dkt.

16   No. 79.):

17          1.      The Complaint fails to state a claim upon which relief may be granted under the

18   Sherman Act or California's Cartwright Act because it fails to allege evidentiary facts supporting

19   the claim of an "overarching conspiracy" among all Defendants to suppress the wages of their

20   employees, such a conspiracy is implausible on its face, and the Complaint fails to allege facts to

21   support a claim of injury, either from bilateral agreements or from an "overarching" conspiracy.

22          2.      The Complaint fails to state a claim upon which relief may be granted under

23   California Business and Professions Code § 16600 because it fails to allege that any Defendants

24   restrained employment by agreeing not to hire each others' employees.

25          3.      The Complaint fails to state a claim upon which relief may be granted under

26   California Business and Professions Code § 17200 because it does not adequately plead unfair

27

28
                                        - 9 -        JOINT CASE MGMNT CONFERENCE STATEMENT
                                                          Master Docket No. 11-CV-2509-LHK

1  competition, Plaintiffs have not lost money or property, and Plaintiffs are ineligible for any of the

2  remedies available under section 17200.

3          4.      Plaintiffs lack standing to assert claims for injunctive or declaratory relief because

4  they are former employees with no stated intention of working for any Defendant, and the alleged

5  conduct has already been enjoined by the DOJ consent decrees.

6          Plaintiffs oppose the joint motion.

7          Plaintiffs' opposition is due November 4, 2011; and Defendants' reply is due December 2,

8  2011.  (*Id.*)  The hearing on Defendants' Motion to Dismiss is also scheduled for January 26,

9  2012.

10         **D.      Defendants' Joint Motion for Temporary Stay of Discovery**

11         **Defendants' Position:**  Defendants' Joint Motion for Temporary Stay (Dkt. No. 80) seeks

12  a temporary stay of discovery pending the Court's ruling on Defendants' joint motion to dismiss.

13  If granted, Defendants' motion to dismiss would dispose of all claims asserted, and it requires no

14  discovery for its adjudication.  On this basis alone, Defendants believe that their motion for a

15  temporary stay should be granted.  Moreover, Defendants believe that, as recognized by the

16  Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), a temporary stay is

17  particularly appropriate in complex antitrust cases such as this one, where the burden of requiring

18  Defendants to engage in broad, costly and invasive discovery should only be shouldered if this

19  Court determines that Plaintiffs can plead a viable claim.

20         **Plaintiffs' Position:**  Plaintiffs oppose the motion.  Plaintiffs believe that this case bears

21  no resemblance to *Twombly*, in which the plaintiffs failed to allege facts plausibly suggesting the

22  defendants had violated the antitrust laws.  Here, the defendants have entered into stipulated

23  judgments with the Department of Justice in cases alleging they violated the Sherman Act.

24         Plaintiffs do not agree that Defendants' motion, as framed, is proper or can dispose of all

25  claims in the case.  Plaintiffs' claim is not limited to allegation of a single agreement among all

26  Defendants, and the precise shape of the conspiracy is not a question that can be resolved at the

27

28

                                          - 10 -         JOINT CASE MGMNT CONFERENCE STATEMENT
                                                          Master Docket No. 11-CV-2509-LHK

1   pleading stage but must be reserved for trial.  Defendants' motion will not dispose of the case and

2   Defendants' requested stay will simply introduce unnecessary cost and delay.

3        Plaintiffs' opposition is due October 27, and Defendants' reply will be due seven days

4   after Plaintiffs' opposition is filed.  The hearing on Defendants' Motion for Temporary Stay is

5   scheduled for December 8, 2011.

6   **V.      Amendment of Pleadings**

7        Plaintiffs do not expect parties, claims, or defenses to be added or dismissed at this time,

8   unless discovery reveals the existence of additional conspirators or parties to the illicit

9   agreements.  Defendants propose a deadline of May 15, 2012 for amending the pleadings.

10  **VI.     Evidence Preservation**

11       Plaintiffs' position on evidence preservation is as follows.  On September 27, 2011,

12  Plaintiffs wrote Defendants regarding the preservation of evidence.  Defendants did not respond.

13  At the parties' Rule 26(f) conference on October 3, 2011, Plaintiffs' counsel again asked

14  Defendants' counsel to explain the "[s]teps they have taken to preserve evidence relevant to the

15  issues reasonably evidence in this action, including interdiction of any document-destruction

16  program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded

17  material."  Standing Order For All Judges Of The Northern District of California: Contents Of

18  Joint Case Management Statement, at 1.  Defendants' counsel refused to discuss the issue.

19  Defendants have since agreed to schedule individual follow-up conferences to address these and

20  other issues under Rule 26.

21       Defendants respond as follows.  At the Rule 26(f) conference, Defendants' counsel

22  explained to Plaintiffs that Defendants had each taken reasonable steps to preserve documents,

23  data, and tangible things containing information potentially relevant to the subject matter of this

24  litigation as required by the Stipulated Pretrial Order (Dkt. No. 21 at 6).  In a subsequent meeting

25  on October 7, Defendants agreed to schedule additional conferences to discuss issues regarding

26  electronically stored information.  Those conferences are scheduled to begin the week of October

27  17.

28

- 11 -

1    Plaintiffs state that they have preserved evidence.  According to Plaintiffs' counsel, each

2    individual and representative plaintiff has been instructed by Plaintiffs' counsel to preserve all

3    evidence in their possession, custody, or control that is relevant to the issues reasonably evident in

4    this action, including any emails, voice mails, and other electronically-recorded material.

5    Plaintiffs' counsel has confirmed they are preserving and maintaining all evidence reasonably

6    relevant, including both electronic documents and hard copy documents.

7    Defendants state that they understand their legal obligations to preserve evidence and have

8    each taken reasonable steps to preserve documents, data, and tangible things in their possession,

9    custody, or control containing information potentially relevant to the subject matter of this

10   litigation.  According to Defendants' counsel, Defendants have issued document hold memoranda

11   instructing potential custodians likely to have such information to preserve it and have otherwise

12   taken reasonable steps to preserve electronically stored information and hard copy documents.

13   **VII.   Disclosures**

14   Plaintiffs served their initial disclosures on October 17, 2011.  Plaintiffs' disclosures listed

15   individuals likely to have discoverable information that Plaintiffs may use to support their claims

16   and allegations, and categories of documents, electronically stored information, and tangible

17   things that Plaintiffs have in their possession, custody, or control and may use to support their

18   claims.

19   As a courtesy, Plaintiffs agreed to Defendants' request to extend their deadline to serve

20   initial disclosures by one week.  Defendants will serve their initial disclosures on October 24,

21   2011.

22   **VIII.   Discovery**

23   **A.      Plaintiffs' Position**

24   Despite Plaintiffs' efforts over the past five months, no discovery has been taken to date.

25   Defendants' refusal to participate in discovery is the subject of the pending Discovery Dispute

26   Joint Report #1.

27

28

- 12 -

944283.3

1    Before Defendants removed Plaintiffs' first-filed case, Plaintiff Hariharan served all

2  Defendants on May 16, 2011 with production requests that asked for documents produced to the

3  DOJ.  Defendants have never responded to these requests or sought relief from the Court from

4  their obligation to respond.  After removal, Plaintiffs again asked Defendants to produce

5  documents they produced to the DOJ.  Defendants refused.  On August 19, 2011, Plaintiffs asked

6  Defendants to schedule a Rule 26(f) conference "as soon as practicable." Fed. R. Civ. P. 26(f)(1).

7  Defendants refused to meet until October 3, 2011.

8    Meanwhile, Plaintiffs agreed, as a courtesy, to extend Defendants' deadline to respond to

9  the original complaints three times.  (May 26, 2011 Stipulation Extending Time To Respond To

10  Complaint, Dkt. No. 17; July 22, 2011 Stipulation Extending Time To Respond To Complaint,

11  Dkt. No. 48; September 6, 2011 Stipulated [Proposed] Pretrial Order No. 1, Dkt. No. 63.)

12    At the Rule 26(f) conference on October 3, 2011, Defendants' counsel were unprepared

13  and refused to discuss topics required by Rule 26 and the applicable standing orders.  Defendants

14  confirmed they will refuse to produce documents or identify percipient witnesses unless the Court

15  orders otherwise.  Plaintiffs served further document requests on Defendants asking for

16  documents produced to the DOJ (among other things) on October 3, 2011, following the

17  Rule 26(f) conference.  Defendants' refusal to comply with their Rule 26 obligations is the

18  subject of Discovery Dispute Joint Report #1, currently pending before Magistrate Judge Lloyd.

19    As explained above, Plaintiffs seek an order requiring that discovery proceed without

20  further delay.  Plaintiffs have suggested in their report to Magistrate Judge Lloyd that discovery

21  may commence with production of documents Defendants have already produced to the DOJ and

22  identification of percipient witnesses.

23    **B.**    **Defendants' Position**

24    Plaintiffs' statement mischaracterizes the discovery process in several ways.  Defendants

25  have cooperated, and will continue to cooperate, with Plaintiffs in discovery while preserving

26  their position that discovery should be temporarily stayed pending a ruling on their joint motion

27  to dismiss.  Plaintiffs served discovery on October 3, 2011 that is massive in scope and

28

- 13 -

944283.3

1    enormously complex, seeking wide-ranging discovery related to nearly every aspect of

2    Defendants' recruiting, hiring, promotion, and compensation practices for all of their employees

3    nationwide for over a ten-year period.  Defendants' responses are not due until November 7,

4    2011.[2]  Thus, Plaintiffs' insistence that Defendants have refused to respond to discovery is simply

5    wrong.

6          At the Rule 26(f) conference, Defendants were prepared to, and did, discuss case

7    management topics, including how discovery should proceed in this case, the schedule of the

8    case, and the fact that they had taken reasonable steps to preserve evidence, including

9    electronically stored information, that might be relevant to this litigation.  Indeed, the parties met

10   for two hours about case management and discovery issues.  Defendants informed Plaintiffs that

11   they would file a motion for temporary stay of discovery pending resolution of the joint motion to

12   dismiss and would raise the issue as part of setting the schedule for the case at the initial case

13   management conference.  Defendants informed Plaintiffs that they anticipated no difficulties

14   reaching agreement on a protective order, ESI production specification, and a stipulation

15   regarding expert discovery.

16         On October 7, the parties met again regarding Defendants' intention to file a motion for

17   temporary stay of discovery along with the joint motion to dismiss.  Defendants offered to

18   stipulate to an expedited briefing schedule on the motion for temporary stay.  Further, Defendants

19   indicated that they intend to fully comply with discovery deadlines pending resolution of the

20   motion for temporary stay.  To that end, Defendants agreed to exchange initial disclosures;

21   provide comments and finalize Plaintiffs' draft protective order, ESI production specifications,

22   and stipulation regarding expert discovery; and schedule additional conferences to discuss issues

23   regarding electronically stored information.

24   _____

25   [2] Discovery served after Plaintiffs' counsel filed the first case in state court was without any force
     or effect after Defendants' removed the case to federal court.  While the parties negotiated

26   jurisdictional discovery related to Plaintiffs' potential remand motion, Plaintiffs agreed to an
     "open ended extension" of time.  Because the Parties agreed that "[D]efendants do not have an

27   obligation to respond to the state court discovery until 30 days following any order by a federal
     court to remand the case," and Plaintiffs decided not to move to remand to state court, Defendants

28   had no obligation to respond further to Plaintiffs' state court discovery.

                                         - 14 -         JOINT CASE MGMNT CONFERENCE STATEMENT
                                                              Master Docket No. 11-CV-2509-LHK

**IX.    Class Certification**

**Plaintiffs' Position:**  Plaintiffs propose that the following class be certified pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

> All natural persons employed by Defendants in the United States on a salaried basis during the period from January 1, 2005 through January 1, 2010 (the "Class Period").  Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of Defendants who entered into the illicit agreements alleged herein; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

(Complaint ¶ 30.)  Plaintiffs will file a motion for class certification as early as possible following sufficient discovery.  As noted above, courts have routinely recognized that class actions are an important mechanism for ensuring enforcement of the antitrust laws and to provide compensation to victims, and this case is no different.

**Defendants' Position:**  As explained above, Defendants contend that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  Should any of Plaintiffs' claims survive Defendants' joint motion to dismiss, Defendants will oppose class certification on the ground that the class proposed does not meet the requirements for class certification.

**X.    Related Cases**

On October 18, 2011, Plaintiffs' counsel filed a Freedom of Information Act action against the DOJ seeking, among other things, documents Defendants provided to the DOJ, and which (as with all other documentary discovery) Defendants oppose producing pending resolution of their motion to stay discovery: *Lieff, Cabraser, Heimann & Bernstein, LLP v. U.S. Department of Justice, Antitrust Division*, Case No. 11-cv-05105-HRL.  Plaintiffs have asked Defendants to stipulate to a proposed order relating this case to the above-captioned action.

Both of the DOJ's civil actions against Defendants have been closed and the stipulated final judgments have been entered.  *See* Final Judgment, Dkt. No. 17, *United States v. Adobe Systems Inc., et al.*, No. 10-cv-1629-RBW (D.D.C. Mar. 18, 2011) (regarding agreements among all defendants but Lucasfilm); Order Granting Motion For Entry Of Final Judgment, Dkt. No. 7,

1  *United States v. Lucasfilm LTD.*, No. 10-cv-2220-RBW (D.D.C. Jun. 3, 2011).  The District Court

2  for the District of Columbia has entered injunctions prohibiting the actions Plaintiffs ask this

3  Court to enjoin and has retained jurisdiction to enforce its orders.  (*Id.*)

4  **XI.    Relief**

5          Plaintiffs, on their own behalf and on behalf of the Class they seek to represent, seek

6  damages to the maximum extent authorized by applicable federal and California law, including

7  treble damages, rescission, and restitution as authorized by law and according to proof at trial.

8  Plaintiffs also seek injunctive and declaratory relief and attorneys' fees and costs.  Defendants

9  dispute that any Plaintiff, or any member of the putative class, has been harmed in any way, and

10  also dispute that any Plaintiff, or member of the putative class, is entitled to any damages at all.

11  **XII.    Settlement and ADR**

12          No settlement discussions have taken place.  The parties have discussed ADR and do not

13  believe that it is appropriate at this time.

14  **XIII.    Consent to Magistrate Judge For All Purposes**

15          The parties do not consent to have a magistrate judge conduct all further proceedings in

16  this case.

17  **XIV.    Other References**

18          The parties do not believe that this case is suitable for reference to binding arbitration, a

19  special master, or the Judicial Panel on Multidistrict Litigation.

20  **XV.    Narrowing of Issues**

21          Plaintiffs believe discovery will confirm the facts alleged in the Complaint and described

22  in the stipulated final judgments entered in the DOJ actions.  Plaintiffs contend this conduct is

23  illegal *per se* under federal and California antitrust law.  Plaintiffs expect to establish the

24  predicate acts quickly, if Defendants identify percipient witnesses and produce the documents

25  they already produced to the DOJ.

26          As detailed in the Joint Motion to Dismiss, Defendants believe the motion should dispose

27  of the entirety of Plaintiffs' Complaint and respectfully request that the Court consider the issues

28

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

944283.3

1   presented in those motions at the earliest possible date.  Plaintiffs have merely alleged the

2   existence of six independent agreements, each involving only two companies.  Plaintiffs fail to

3   allege any facts that could plausibly convert these bilateral agreements into the overarching

4   conspiracy Plaintiffs have alleged existed among Defendants to suppress the wages of all their

5   employees nationwide over a five-year period.  And Plaintiffs similarly fail to allege any facts

6   establishing injury, either from bilateral agreements or from an "overarching" conspiracy, nor can

7   they, given that any relevant labor market that could possibly include members of the putative

8   class would be much broader than the seven named Defendants.  Although it is not necessary to

9   reach this issue to resolve Defendants' joint motion to dismiss, Defendants note that they do not

10  concede that the alleged bilateral agreements constitute *per se* violations under federal and

11  California antitrust law.  In fact, courts have repeatedly evaluated non-solicitation agreements

12  under a rule of reason analysis and held them to be pro-competitive.

13          Plaintiffs observe that, after a lengthy investigation, the DOJ concluded that Defendants

14  engaged in per se violations of the antitrust laws that suppressed the compensation of their

15  employees.  Plaintiffs do not agree that their claims are limited to allegations of a single

16  agreement among all Defendants, or that the precise shape of the conspiracy is a question that can

17  be resolved at the pleading stage.  Plaintiffs do not agree that the question of injury-in-fact can be

18  resolved on a motion to dismiss.  Plaintiffs also do not agree that whether Rule of Reason or per

19  se analysis applies can be determined on a motion to dismiss.  In fact, Defendants' agreements,

20  which were naked conspiracies not to recruit each others' employees, is per se illegal.

21  Defendants' joint motion will not dispose of the case and Defendants' requested stay will simply

22  introduce unnecessary cost and delay.

23  **XVI.   Expedited Schedule**

24          Plaintiffs believe their complaint is more than sufficient to state a claim and that

25  challenges to the complaint will unnecessarily delay the proceedings.  Plaintiffs believe a stay of

26  discovery will unnecessarily delay the resolution of this case.

27

28
                                             - 17 -        JOINT CASE MGMNT CONFERENCE STATEMENT
                                                              Master Docket No. 11-CV-2509-LHK

1       Plaintiffs are amenable to handling this case on an expedited basis with streamlined

2   procedures.  For instance, Plaintiffs believe that expedited production of documents Defendants

3   already produced to the DOJ is appropriate, in addition to identification of percipient witnesses.

4       Defendants believe that the joint motion to dismiss should dispose of the entirety of

5   Plaintiffs' Complaint and that its consideration would expedite the resolution of the case.

6   Defendants believe the motion may be decided on the pleadings, and without any discovery.  For

7   those reasons, Defendants contend that the Court should stay discovery unless and until Plaintiffs

8   can allege at least one valid claim.

9       Defendants also believe, as recognized by the Supreme Court in *Twombly*, 550 U.S. at

10   556, that a stay is particularly appropriate in complex antitrust cases such as this one, where the

11   burden of requiring Defendants to engage in broad, costly and invasive discovery should only be

12   shouldered if this Court determines that Plaintiffs can plead a viable claim.

13       As detailed above, Defendants have offered to stipulate to an expedited briefing schedule

14   on the motion for temporary stay of discovery.  Defendants have further indicated that they intend

15   to fully comply with discovery deadlines pending resolution of the motion to stay.

16       Again, Plaintiffs do not agree that Defendants' joint motion is proper or that it can

17   possibly dispose of the case.  Furthermore, this case bears no resemblance to *Twombly*.  In

18   *Twombly*, the plaintiffs failed to allege facts plausibly suggesting the defendants had violated the

19   antitrust laws.  Here, the defendants have entered into stipulated judgments with the Department

20   of Justice in cases alleging they violated the Sherman Act.  Defendants' position simply illustrates

21   the absurd lengths to which admitted violators of the antitrust laws have attempted to extend

22   *Twombly*.

23   **XVII.  <u>Scheduling</u>**

24       **A.      <u>Plaintiffs' Position</u>**

25       Plaintiffs believe that if discovery is allowed to proceed without delay (beginning with

26   production of the documents Defendants already produced to the DOJ and identification of

27

28

- 18 -

percipient witnesses), trial may begin on February 17, 2014.  Plaintiffs propose the following

schedule:

| **Event** | **Date** |
|---|---|
| Production of documents Defendants produced to the DOJ and identification of percipient witnesses: | November 15, 2011 |
| Last day for Defendants to produce employee data:[3] | December 15, 2011 |
| Substantial completion of rolling production of other documents: | April 17, 2012 |
| Motion for class certification | May 15, 2012 |
| Class certification oppositions | June 15, 2012 |
| Class certification reply: | July 13, 2012 |
| Class Certification Hearing | August 16, 2012 or at convenience of Court. |
| Discovery cutoff (non-expert): | February 15, 2013 |
| Rule 26 expert disclosures: | March 15, 2013 |
| Production of material on which experts relied per Rule 26 or stipulation of the parties  ("Expert Materials"): | March 20, 2013 |
| Rule 26 supplemental expert disclosures: | April 16, 2013 |
| Production of Expert Material for  supplemental expert disclosures: | April 19, 2013 |
| Discovery cutoff (expert): | May 15, 2013 |
| Last day to file dispositive motions: | June 14, 2013 |
| Dispositive motions oppositions: | July 12, 2013 |

---

[3] Based on experience in other cases, Plaintiffs believe that certain relevant statistical and other information regarding the class may be maintained in databases or other computerized systems. This sort of information is routinely produced in antitrust class actions.  Ordinarily, it can be produced quickly because it requires no searching or privilege or relevancy review.  Indeed, it appears Defendants have identified and analyzed this data based on their representations regarding composition of the class in their portion of Discovery Dispute Joint Report #1.  (Dkt. No. 76 at 9: "Plaintiffs have alleged a putative class of over 83,000 nationwide employees . . . .") Plaintiffs intend to specify the data they seek in this regard no later than October 20, 2011.

To date, Defendants have refused to disclose their ESI systems and have not described how they maintain data that will be relevant to expert analysis regarding class-wide impact and damages. This data is responsive to requests Plaintiffs served on October 3, 2011, and includes information such as total compensation to class members before, during, and after the conspiracy period.

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

944283.3

| Event | Date |
|---|---|
| Dispositive motions replies: | August 12, 2013 |
| Hearing on any dispositive motions: | September 19, 2013 or at convenience of Court. |
| Pretrial conference: | January 15, 2014 |
| Trial: | February 17, 2014 (15 trial days) |

### B.    Defendants' Position

Defendants believe that discovery should be postponed unless and until Plaintiffs have satisfied the Court that they can state at least one valid claim.  Defendants accordingly propose the following schedule:

| Event | Date |
|---|---|
| Hearing on Motion for Temporary Stay | December 8, 2011 |
| Hearing on Motions to Dismiss | January 26, 2012 |
| If any claims survive the Motions to Dismiss, Defendants' Written Responses and Objections to First Set of Discovery Due[4] | February 26, 2012 |
| Deadline for Amending Pleadings | May 15, 2012 |
| Substantial completion of rolling production of documents (subject to discovery motion practice): | July 13, 2012 |
| Motion for class certification | August 15, 2012 |
| Class certification oppositions | October 15, 2012 |
| Class certification reply: | November 15, 2012 |
| Class Certification Hearing | December 15, 2012 or at convenience of Court. |
| Discovery cutoff (non-expert): | June 14, 2013 |
| Rule 26 expert disclosures by the party bearing the burden of proof on an issue: | July 15, 2013 |

---

[4] This proposed date and the subsequent proposed schedule is premised on initial discovery responses being due 30 days after the Court rules on Defendants' joint motion to dismiss.

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

944283.3

| Event | Date |
|---|---|
| Production of material on which experts relied per Rule 26 or stipulation of the parties ("Expert Materials"): | July 19, 2013 |
| Rebuttal expert disclosures: | August 30, 2013 |
| Production of Expert Materials for rebuttal expert disclosures: | September 5, 2013 |
| Discovery cutoff (expert): | October 15, 2013 |
| Last day to file dispositive motions: | November 15, 2013 |
| Dispositive motions oppositions: | December 22, 2013 |
| Dispositive motions replies: | January 22, 2014 |
| Hearing on any dispositive motions: | February 14, 2014 or at convenience of Court. |
| Pretrial conference: | March 15, 2014 |
| Trial: | April 15, 2014 |

## XVIII. Trial

Plaintiffs demand trial by jury.  Plaintiffs currently estimate the length of trial to be 15 days.

## XIX.   Disclosure of Non-party interested Entities or Persons

All parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Other than the named parties, there are no entities known by the parties to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

944283.3

1   Dated:  October 19, 2011          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

2

3                                                By:   _/s/ Joseph R. Saveri_____
                                                             Joseph R. Saveri

4                                                Joseph R. Saveri (State Bar No. 130064)
                                                 Eric B. Fastiff (State Bar No. 182260)
5                                                Brendan P. Glackin (State Bar No. 199643)
                                                 Dean M. Harvey (State Bar No. 250298)
6                                                Anne B. Shaver (State Bar No. 255928)
                                                 Katherine M. Lehe (State Bar No. 273472)
7                                                275 Battery Street, 29th Floor
                                                 San Francisco, CA  94111-3339
8                                                Telephone:  (415) 956-1000
                                                 Facsimile:  (415) 956-1008
9
                                                 *Interim Lead Counsel for Plaintiffs and the Proposed Class*
10

11  Dated:  October 19, 2011          O'MELVENY & MYERS LLP

12

13                                               By:   _/s/ Michael F. Tubach_____
                                                             Michael F. Tubach

14                                               George Riley
                                                 Michael F. Tubach
15                                               Lisa Chen
                                                 Christina J. Brown
16                                               Two Embarcadero Center, 28th Floor
                                                 San Francisco, CA  94111
17                                               Telephone:  (415) 984-8700
                                                 Facsimile:   (415) 984-8701
18
                                                 *Attorneys for Defendant APPLE INC.*
19

20

21

22

23

24

25

26

27

28
                                    - 22 -          JOINT CASE MGMNT CONFERENCE STATEMENT
                                                            Master Docket No. 11-CV-2509-LHK

944283.3

1    Dated:  October 19, 2011          KEKER & VAN NEST LLP

2
                                       By:    /s/ Daniel Purcell
3                                                  Daniel Purcell

4                                      John Watkins Keker
                                       Daniel Purcell
5                                      Eugene Morris Page
                                       Paula Lenore Blizzard
6                                      710 Sansome Street
                                       San Francisco, CA  94111
7                                      Telephone:  (415) 381-5400
                                       Facsimile:   (415) 397-7188
8
                                       *Attorneys for Defendant LUCASFILM LTD.*
9

10   Dated:  October 19, 2011          JONES DAY

11
                                       By:    /s/ David C. Kiernan
12                                                 David C. Kiernan

13                                     Robert A. Mittelstaedt
                                       Craig A. Waldman
14                                     David C. Kiernan
                                       Catherine T. Broderick
15                                     Craig E. Stewart
                                       555 California Street, 26th Floor
16                                     San Francisco, CA  94104
                                       Telephone:  (415) 626-3939
17                                     Facsimile:   (415) 875-5700

18                                     *Attorneys for Defendant ADOBE SYSTEMS, INC.*

19

20

21

22

23

24

25

26

27

28
                                          - 23 -         JOINT CASE MGMNT CONFERENCE STATEMENT
                                                              Master Docket No. 11-CV-2509-LHK

944283.3

1   Dated:  October 19, 2011          JONES DAY

2
                                      By:   _/s/ Robert A. Mittelstaedt_
3                                              Robert A. Mittelstaedt

4                                     Robert A. Mittelstaedt
                                      Craig A. Waldman
5                                     David C. Kiernan
                                      Catherine T. Broderick
6                                     Craig E. Stewart
                                      555 California Street, 26th Floor
7                                     San Francisco, CA  94104
                                      Telephone:  (415) 626-3939
8                                     Facsimile:   (415) 875-5700

9                                     *Attorneys for Defendant INTUIT INC.*

10  Dated:  October 19, 2011          MAYER BROWN LLP

11
                                      By:   _/s/ Lee H. Rubin_
12                                             Lee H. Rubin

13                                    Lee H. Rubin
                                      Edward D. Johnson
14                                    Donald M. Falk
                                      Two Palo Alto Square
15                                    3000 El Camino Real, Suite 300
                                      Palo Alto, CA  94306-2112
16                                    Telephone:  (650) 331-2057
                                      Facsimile:   (650) 331-4557
17
                                      *Attorneys for Defendant GOOGLE INC.*
18

19  Dated:  October 19, 2011          BINGHAM McCUTCHEN LLP

20
                                      By:   _/s/ Zachary J. Alinder_
21                                             Zachary J. Alinder

22                                    Donn P. Pickett
                                      Frank M. Hinman
23                                    Zachary J. Alinder
                                      Three Embarcadero Center
24                                    San Francisco, CA  94111
                                      Telephone:  (415) 393-2000
25                                    Facsimile:   (415) 383-2286

26                                    *Attorneys for Defendant INTEL CORPORATION*

27

28
                                      - 24 -       JOINT CASE MGMNT CONFERENCE STATEMENT
                                                   Master Docket No. 11-CV-2509-LHK

944283.3

1    Dated:  October 19, 2011          COVINGTON & BURLING LLP

2
                                        By:    /s/ Emily J. Henn
3                                                    Emily Johnson Henn

4                                        Robert T. Haslam, III
                                         Emily Johnson Henn
5                                        333 Twin Dolphin Drive, Suite 700
                                         Redwood City, CA  94065
6                                        Telephone:  (650) 632-4700

7                                        *Attorneys for Defendant PIXAR*

8
     **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in
9
     the filing of this document has been obtained from all signatories.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            - 25 -          JOINT CASE MGMNT CONFERENCE STATEMENT
                                                                    Master Docket No. 11-CV-2509-LHK

944283.3