Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Katherine M. Lehe (State Bar No. 273472)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT LUCASFILM LTD.'S MOTION TO DISMISS**<br><br>Hearing Date: January 26, 2012<br>Time: 1:30 p.m.<br>Courtroom: 8<br>Judge: Hon. Lucy H. Koh |

## I. INTRODUCTION

Lucasfilm's motion seeks to dismiss Plaintiffs' claims under California's Cartwright Act and Unfair Competition Law ("UCL") pursuant to the "federal enclave doctrine."[1] The motion is without merit. First, Plaintiffs allege that Lucasfilm and Pixar entered into their explicit illegal agreement by January 2005, before Lucasfilm had any presence at the Presidio. Second, even after Lucasfilm moved some of its operations to the Presidio, the pleadings—which must be accepted as true—allege the locus of the antitrust claims at issue here to be outside the Presidio. This is not the typical "federal enclave" case where the defendant seeks to preclude the application of state law to a personal injury or wrongful termination claim where all the facts and wrongdoing occurred on the enclave. Further, while Lucasfilm's motion should be denied on its face, at most it raises issues of fact that cannot be resolved based solely on the pleadings.

## II. FACTUAL BACKGROUND

The DOJ found, and Plaintiffs allege, that beginning no later than January 2005, senior executives of Pixar and Lucasfilm reached an express agreement to foreclose competition between them for labor. (Complaint ¶ 58.) At that time, Lucasfilm was not located on the Presidio, a fact Defendants concede.[2] (Declaration of David Anderman in Support of Lucasfilm's Notice of Removal ("Anderman Decl.") ¶ 3, Dkt. 3 ("Lucasfilm moved to the Presidio in July 2005").)

The vast majority of the events alleged in the Complaint, including the negotiations and agreement between Lucasfilm and Pixar, took place outside the Presidio. Pixar drafted the written terms of the written agreement in Emeryville, California and sent those terms to Lucasfilm. (Complaint ¶ 62.) In addition, co-conspirators Adobe, Apple, Google, Intel, Intuit and Pixar are

---

[1] Lucasfilm's motion says nothing about its liability with respect to Plaintiffs' First Cause of Action under the federal antitrust law, 15 U.S.C. § 1. In addition, Lucasfilm concedes, as it must, that it is still subject to Plaintiffs' claim under California Business and Professions Code § 16600, which was enacted in 1872, before the federal enclave on the Presidio was created. *See Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945 (Cal. 2008) (taking judicial notice that Section 16600 was enacted in 1872).

[2] Further, Lucasfilm fails to provide any reason for the Court to conclude, on the pleadings, that the relevant "senior executives" (Complaint ¶ 56) who entered into the unlawful agreements ever moved to the Presidio. For instance, George Lucas, Chairman of Lucasfilm, apparently works from Skywalker Ranch, his "secluded workspace." http://articles.sfgate.com/2011-07-01/entertainment/29724832_1_vroom-pixar-cars. Skywalker Ranch is a 6,100 acre property, 5 acres of which continue to be dedicated to "Lucasfilm campuses," located in Marin County. http://www.lucasfilm.com/inside/campuses/.

947031.6 — - 1 - — PLAINTIFFS' OPPOSITION TO DEFENDANT LUCASFILM'S MOTION TO DISMISS
MASTER DOCKET NO. 11-CV-2509-LHK

1  located in Santa Clara County, outside the Presidio.  (*Id.* ¶¶ 21-25, 27.)  Defendants' illegal
2  activities and the overwhelming majority of conduct causing the injuries suffered by Plaintiffs and
3  the Class were centered within, and for the most part occurred within, Santa Clara County.  (*Id.*
4  ¶¶ 10-11, 13.)

5        Additional overt acts in furtherance of the conspiracy directly injuring Lucasfilm employees
6  occurred outside the Presidio.  (Complaint ¶ 65.)  For instance, in 2007, from its principal place of
7  business in Emeryville, Pixar twice contacted Lucasfilm regarding suspected violations of their
8  agreements.  (*Id.*)  The senior executives of Pixar who monitored Lucasfilm's compliance and
9  policed Lucasfilm's violations worked at Pixar, outside the Presidio.  (*Id.*)  The explicit agreements
10 between all other Defendants were negotiated, finalized, implemented and enforced in Santa Clara
11 County, also outside the Presidio.  (*Id.* ¶¶ 75, 80, 86, 99, 104.)  Until no later than May 2005,
12 Lucasfilm employees were harmed specifically by the actions and inactions of Pixar, pursuant to
13 Pixar's illicit agreement with Lucasfilm.  (*Id.* ¶¶ 66-71.)  After no later than May 2005, and
14 continuing until approximately January 1, 2010, Lucasfilm employees were also harmed by the
15 conduct of the remaining Defendants located outside the Presidio.  (*Id.* ¶ 71.)

16 **III.  ARGUMENT**

17       As with other Rule 12(b)(6) motions, the Court must resolve all doubts on this motion in the
18 Plaintiffs' favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 896 (1969).  *See*
19 *also Kalaka Nui, Inc. v. Actus Lend Lease, LLC*, No. 08-00308, 2009 WL 1227892, at *7 (D.
20 Hawaii May 5, 2009) (interpreting the facts alleged in the light most favorable to the plaintiff, it was
21 "unclear whether the contract and tort claims arose off the [federal enclave]").  Ordinarily this is a
22 factually intensive inquiry, particularly unsuitable for resolution on a motion to dismiss.  *Id.*  The
23 Court must take all material allegations as true and construe them in the light most favorable to
24 Plaintiffs.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

25       **A.  The Relevant Inquiry Is Where The "Locus" Of The Claim Arose**

26       Application of the federal enclave doctrine is only proper when the "locus in which the claim
27 arose" is the enclave itself.  *Alvares*, 514 F.2d at 160.  *See also Carmargo v. Gino Morena Enters.*,
28 No. 10–242, 2010 WL 3516186, at *2-3 (W.D. Tex. Sept. 2, 2010) (tort arises where the "locus of

1  decision-making" occurs and job site alone is not dispositive).  Lucasfilm asks the Court to adopt a
2  "some of the events" standard applied by an Alabama district court on a motion to remand in a
3  personal injury case.  Mot. at 3-4 (citing *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1336
4  (N.D. Ala. 2010)).  In so doing, Lucasfilm neglects the fact that even its own cases apply the
5  applicable standard.  *See Klausner v. Lucas Film Entm't Co., Ltd*., No. 09-03502, 2010 WL
6  1038228, at *4 (N.D. Cal. Mar. 19, 2010) (dismissing non-class employment discrimination case
7  where "the vast majority of the alleged acts of discrimination took place on the Presidio"); *Rosseter*
8  *v. Indus. Light & Magic,* No. C 08-04545, 2009 WL 210452, at *2 (N.D. Cal. Jan. 27, 2009) ("In
9  determining whether a claim arises on a federal enclave, other district courts have simply looked to
10 see where all the 'pertinent events' took place."); *Taylor v. Lockheed Martin*, 78 Cal. App. 4th 472,
11 478 (2000) (standard of review is whether claims "arose on a federal enclave").
12       Indeed, Judge Armstrong performed a similar analysis in this case already and concluded
13 that four of the five cases in this consolidated class action "arose in Santa Clara County" and
14 transferred all five cases—including the *Hariharan* case—to the San Jose Division.  July 28, 2011
15 Order at 3 (Dkt. No. 58).

16       **B.       Antitrust Cases Arise Where The Anticompetitive Conduct Took Place**

17       Lucasfilm asks the Court to ignore the conspiratorial acts and instead to focus only on where
18 Hariharan and the Lucasfilm employees were harmed after Lucasfilm began operating on the
19 Presidio.  This is incorrect.  Antitrust conspiracy claims arise where the anticompetitive conduct
20 took place.  While there do not appear to be any reported cases applying the federal enclave doctrine
21 to an antitrust conspiracy case, choice of law analysis is instructive.  *See*, *e.g.*, *J & L Mgmt. Corp. v.*
22 *New Era Builders, Inc.*, No. 1:09-cv-531, 2009 WL 1707886, at *4-5 (N.D. Ohio Jun. 17, 2009)
23 (considering Restatement factors and holding that contract claim did not arise on federal enclave
24 where the contract was signed outside the enclave and contemplated that some services were to be
25 performed off of the enclave).  The Supreme Court has noted that "antitrust violations are essentially
26 tortious acts."  *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 547 (1983).  The
27 considerations relevant to the choice-of-law inquiry for tort claims include:  (a) the place where the
28 injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile,

947031.6                              - 3 -                    PLAINTIFFS' OPPOSITION TO DEFENDANT
                                                               LUCASFILM'S MOTION TO DISMISS
                                                               MASTER DOCKET NO. 11-CV-2509-LHK

residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular cause of action at issue. Restatement (2d) of Conflicts of Law § 145. The Restatement clarifies that the place of injury factor is less important in non-personal injury torts, such as antitrust or unfair competition. In such cases, the place where the conduct occurred is given particular weight. Restatement § 145, comments e and f; *see also Default Proof Credit Card Sys., Inc. v. State Street Bank & Trust Co.*, 753 F. Supp. 1566 (S.D. Fl. 1990).

Courts determining where an antitrust claim arises have followed the Restatement's approach and have focused on "where the anticompetitive conduct took place, not where its effect was felt." *Church & Dwight v. Mayer Lab., Inc.*, No. 08-5743, 2010 WL 3907038, at *9-10 (D.N.J. Sept. 28, 2010); *see also Daniel v. Amer. Bd. of Emerg. Med.*, 428 F.3d 408 (2d Cir. 2005).

### C. Plaintiffs' Antitrust Claims Arose Outside The Presidio

#### 1. The Discussions And Explicit Agreement Between Lucasfilm and Pixar Took Place Prior to July 2005 When Lucasfilm Opened Offices In The Presidio

Lucasfilm and Pixar reached their express agreement no later than January 2005, <u>at least seven months before July 2005 when Lucasfilm moved to the Presidio</u>. (Complaint ¶ 58; Anderman Decl. ¶ 3.)

#### 2. The Post-July 2005 Agreements Between And Among Other Defendants Took Place Outside the Presidio

With respect to post-July 2005 conduct, the other explicit agreements Plaintiffs allege between and among the six other Defendants were all negotiated, finalized, implemented and enforced wholly outside the Presidio. (Complaint ¶¶ 75, 80, 86, 99, 104.) This factor should be given particular weight and supports a finding that the "pertinent events" underlying the claims occurred off of the Presidio. *See Church*, 2010 WL 3907038, at *9-10 (location of negotiations determines where "whole of the anticompetitive conduct" arose).

### 3. The Complaint Shows That Plaintiffs' Claims Arose Outside the Presidio

The vast majority of the parties reside or are employed off of the Presidio, including six of the seven Defendants, four of the five individual and representative Plaintiffs, and 98% of class members. (Complaint ¶ 12.) Defendants' illegal activities and the overwhelming majority of conduct causing the injuries suffered by Plaintiffs and the Class were centered within, and for the most part occurred within, Santa Clara County. (*Id.* ¶¶ 10-11, 13.)

Finally, the place of injury—the least important factor in antitrust cases—is not the Presidio. Unlike harm in a straightforward employment discrimination or personal injury case, Plaintiffs allege that class members were harmed by a multiyear conspiracy involving numerous Defendants, implemented and entered by virtually identical express unlawful agreements.[3] (Complaint ¶ 108.) Specifically, as additional Defendants joined the conspiracy, competition for skilled labor further decreased, and compensation and mobility of these employees was further suppressed, which had a cumulative effect on all class members. (*Id.* ¶¶ 108-110.) The harm to Lucasfilm's employees emanated from the actions and forbearances of Defendants, six of whom had no operations or physical presence in the Presidio. As Plaintiffs allege, but for Defendants' illegal agreements, Lucasfilm employees would have received higher compensation set by a free and competitive market. (*Id.* ¶¶ 66-71.) Since the precise geographic location of such harm is difficult to ascertain, the Restatement correctly notes that, in such cases, there is "often no one clearly demonstrable place of injury." Restatement, comment e. It is clear, however, that the locus is not the Presidio.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Lucasfilm's motion to dismiss.

Dated: November 4, 2011      LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: */s/ Joseph R. Saveri*
           Joseph R. Saveri

*Interim Lead Counsel for Plaintiff Class*

---

[3] The express agreement between Pixar and Lucasfilm went substantially farther, but incorporated the provisions eliminating recruiting efforts that mirrored, in every respect, the express agreements among the other Defendants.

|     |     |
| --- | --- |
| 1   | Eric L. Cramer |
|     | Shanon J. Carson |
| 2   | Sarah R. Schalman-Bergen |
|     | BERGER & MONTAGUE, P.C. |
| 3   | 1622 Locust Street |
|     | Philadelphia, PA 19103 |
| 4   | Telephone: (800) 424-6690 |
|     | Facsimile: (215) 875-4604 |
| 5   |     |
|     | Linda P. Nussbaum |
| 6   | John D. Radice |
|     | GRANT & EISENHOFER P.A. |
| 7   | 485 Lexington Avenue, 29th Floor |
|     | New York, NY 10017 |
| 8   | Telephone: (646) 722-8500 |
|     | Facsimile: (646) 722-8501 |

*Counsel for Plaintiff Class*