Exhibit   C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 7100
Washington, DC 20530,

        *Plaintiff*,

     v.

ADOBE SYSTEMS, INC.
345 Park Avenue
San Jose, CA 95110;

APPLE INC.
1 Infinite Loop
Cupertino, CA 95014;

GOOGLE INC.
1600 Amphitheater Parkway
Mountain View, CA 94043;

INTEL CORPORATION
2200 Mission College Boulevard
Santa Clara, CA 95054;

INTUIT, INC.
2632 Marine Way
Mountain View, CA 94043; and

PIXAR
1200 Park Avenue
Emeryville, CA 94608,

        *Defendants*.

## STIPULATION

It is stipulated by and between the undersigned parties, through their respective attorneys, that:

1.      For the specific and limited purpose of this Final Judgment, Defendants waive any objections to venue or jurisdiction and waive service of summons on the Complaint.

2.      By stipulating to this Final Judgment, the parties agree that Defendants are not waiving their ability to raise any and all challenges to venue and jurisdiction in the District of Columbia in any future litigation.  Except for an action to enforce the Stipulation and Final Judgment, the parties agree that the United States will not use the Stipulation and Final Judgment in this matter as a basis to establish personal jurisdiction over Defendants in any future action or proceeding of any type in the District of Columbia.

3.      The parties stipulate that the Court may file and enter a Final Judgment in the form attached hereto as Exhibit A, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Defendants and by filing that notice with the Court.

4.      In the event: (1) the United States withdraws its consent or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment,

then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

5.      From the date of the signing of this Stipulation by the parties, Defendants shall abide by and comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of the Court, pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment.

6.      This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

Dated this 24th day of September 2010.

                                        Respectfully submitted,

FOR PLAINTIFF UNITED STATES             FOR DEFENDANT ADOBE
                                            SYSTEMS, INC.


_____         _____
Ryan Struve, Esq.                       Craig A. Waldman, Esq.
Attorney, Networks and Technology       Jones Day
U.S. Department of Justice              555 California Street, 26th Floor
Antitrust Division                      San Francisco, CA 94104
450 Fifth Street, N.W., Suite 7100      Telephone: (415) 875-5765
Washington, D.C. 20530                  Fax: (415) 963-6813
Telephone: (202) 307-6200               Email: cwaldman@jonesday.com
Fax: (202) 616-8544
Email: ryan.struve@usdoj.gov

3

FOR DEFENDANT APPLE INC.

FOR DEFENDANT GOOGLE INC

_____

Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

_____

Mark Leddy, Esq
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTEL CORPORATION

FOR DEFENDANT INTUIT, INC.

_____

Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com

_____

Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com

FOR DEFENDANT PIXAR

_____

Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

 5. From the date of the signing of this Stipulation by the parties, Defendants shall abide by and comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of the Court, pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment.

 6. This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

Dated this 24th day of September 2010.

             Respectfully submitted,

FOR PLAINTIFF UNITED STATES   FOR DEFENDANT ADOBE
                SYSTEMS, INC.

                      / cct

_____   _____
Ryan Struve, Esq.          Craig A. Waldman, Esq.
Attorney, Networks and Technology   Jones Day
U.S. Department of Justice      555 California Street, 26th Floor
Antitrust Division        San Francisco, CA 94104
450 Fifth Street, N.W., Suite 7100   Telephone: (415) 875-5765
Washington, D.C. 20530      Fax: (415) 963-6813
Telephone: (202) 307-6200     Email: cwaldman@jonesday.com
Fax: (202) 616-8544
Email: ryan.struve@usdoj.gov

FOR DEFENDANT APPLE INC

_____
Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

FOR DEFENDANT GOOGLE INC

_____
Mark Leddy, Esq
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTEL CORPORATION

_____
Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com

FOR DEFENDANT INTUIT, INC.

_____
Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com

FOR DEFENDANT PIXAR

_____
Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

4

FOR DEFENDANT APPLE INC.

_____
Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

FOR DEFENDANT INTEL CORPORATION

_____
Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com

FOR DEFENDANT GOOGLE INC

_____
Mark Leddy, Esq
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTUIT, INC.

_____
Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com

FOR DEFENDANT PIXAR

_____
Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

4

FOR DEFENDANT APPLE INC.

---

Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

FOR DEFENDANT INTEL CORPORATION

---

Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com

FOR DEFENDANT GOOGLE INC

---

Mark Leddy, Esq
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTUIT, INC.

---

Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com

FOR DEFENDANT PIXAR

---

Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

4

FOR DEFENDANT APPLE INC.

_____
Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

FOR DEFENDANT INTEL CORPORATION

_____
Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com

FOR DEFENDANT GOOGLE INC

_____
Mark Leddy, Esq
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTUIT, INC.

_____
Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com

FOR DEFENDANT PIXAR

_____
Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

4

FOR DEFENDANT APPLE INC.

_____
Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

FOR DEFENDANT INTEL CORPORATION

_____
Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com

FOR DEFENDANT GOOGLE INC

_____
Mark Leddy, Esq
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTUIT, INC.

_____
Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com

FOR DEFENDANT PIXAR

_____
Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

**CERTIFICATE OF SERVICE**

I, Ryan Struve, hereby certify that on September 24th, 2010, I caused a copy of the

Stipulation to be served on Defendants Adobe Systems, Inc., Apple, Inc., Google, Inc., Intel

Corporation, Intuit, Inc., and Pixar by mailing the document via email to the duly authorized

legal representatives of the defendants, as follows:

FOR DEFENDANT ADOBE SYSTEMS, INC.
Craig A. Waldman, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 875-5765
Fax: (415) 963-6813
Email: cwaldman@jonesday.com

FOR DEFENDANT APPLE, INC.
Richard Parker, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5380
Fax: (202) 383-5414
Email: rparker@omm.com

FOR DEFENDANT GOOGLE, INC.
Mark Leddy, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 974-1570
Fax: (202) 974-1999
Email: mleddy@cgsh.com

FOR DEFENDANT INTEL CORPORATION
Leon B. Greenfield, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6972
Fax: (202) 663-6363
Email: Leon.Greenfield@wilmerhale.com


FOR DEFENDANT INTUIT, INC.
Joe Sims, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3863
Fax: (202) 626-1700
Email: jsims@jonesday.com


FOR DEFENDANT PIXAR
Deborah A. Garza, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-5146
Fax: (202) 778-5146
Email: dgarza@cov.com

Ryan Struve, Esq.
Attorney, Networks and Technology
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 7100
Washington, D.C. 20530
Telephone: (202) 307-6200
Fax: (202) 616-8544
Email: ryan.struve@usdoj.gov

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        *Plaintiff,*

    v.

ADOBE SYSTEMS, INC.;
APPLE INC.;
GOOGLE INC.;
INTEL CORPORATION;
INTUIT, INC.; and
PIXAR,

        *Defendants.*

## [PROPOSED] FINAL JUDGMENT

WHEREAS, the United States of America filed its Complaint on September 24, 2010, alleging that each of the Defendants participated in at least one agreement in violation of Section One of the Sherman Act, and the United States and the Defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law;

AND WHEREAS this Final Judgment does not constitute any admission by the Defendants that the law has been violated or of any issue of fact or law, other than that the jurisdictional facts as alleged in the Complaint are true;

AND WHEREAS, the Defendants agree to be bound by the provisions of this Final Judgment pending its approval by this Court;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the Defendants, it is ORDERED, ADJUDGED, AND DECREED.

## I. JURISDICTION

This Court has jurisdiction over the subject matter and each of the parties to this action. The  Complaint states a claim upon which relief may be granted against the Defendants under Section One of the Sherman Act, as amended, 15 U.S.C. § 1.

## II. DEFINITIONS

As used in this Final Judgment:

A.      "Adobe" means Adobe Systems, Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

B.      "Apple" means Apple Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

C.      "Google" means Google Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

D.      "Intel" means Intel Corporation, its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

E.     "Intuit" means Intuit, Inc., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.

F.     "Pixar" means Pixar, its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) their directors, officers, managers, agents acting within the scope of their agency, and employees.  Pixar shall include directors, officers, managers, agents, or employees of any parent of or any entity under common control with Pixar, only when such individuals are acting in their capacity as directors, officers, managers, agents, or employees of Pixar.

G.     "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

H.     "No direct solicitation provision" means any agreement, or part of an agreement, among two or more persons that restrains any person from cold calling, soliciting, recruiting, or otherwise competing for employees of another person.

I.     "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, or other business or legal entity, whether private or governmental.

J.     "Senior manager" means any company officer or employee above the level of vice president.

## III. APPLICABILITY

This Final Judgment applies to Adobe, Apple, Google, Intel, Intuit, and Pixar, as defined in Section II, and to all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

## IV. PROHIBITED CONDUCT

Each Defendant is enjoined from attempting to enter into, entering into, maintaining or enforcing any agreement with any other person to in any way refrain from, requesting that any person in any way refrain from, or pressuring any person in any way to refrain from soliciting, cold calling, recruiting, or otherwise competing for employees of the other person.

## V.  CONDUCT NOT PROHIBITED

A.     Nothing in Section IV shall prohibit a Defendant and any other person from attempting to enter into, entering into, maintaining or enforcing a no direct solicitation provision, provided the no direct solicitation provision is:

    1.     contained within existing and future employment or severance agreements with the Defendant's employees;

    2.     reasonably necessary for mergers or acquisitions, consummated or unconsummated, investments, or divestitures, including due diligence related thereto;

    3.     reasonably necessary for contracts with consultants or recipients of consulting services, auditors, outsourcing vendors, recruiting agencies or providers of temporary employees or contract workers;

4

       4.      reasonably necessary for the settlement or compromise of legal disputes; or

       5.      reasonably necessary for (i) contracts with resellers or OEMs; (ii) contracts with providers or recipients of services other than those enumerated in paragraphs V.A. 1 - 4 above; or (iii) the function of a legitimate collaboration agreement, such as joint development, technology integration, joint ventures, joint projects (including teaming agreements), and the shared use of facilities.

B.      All no direct solicitation provisions that relate to written agreements described in Section V.A.5.i, ii, or iii, that a Defendant enters into, renews, or affirmatively extends after the date of entry of this Final Judgment shall:

       1.      identify, with specificity, the agreement to which it is ancillary;

       2.      be narrowly tailored to affect only employees who are anticipated to be directly involved in the agreement;

       3.      identify with reasonable specificity the employees who are subject to the agreement;

       4.      contain a specific termination date or event; and

       5.      be signed by all parties to the agreement, including any modifications to the agreement.

C.      For all no direct solicitation provisions that relate to unwritten agreements described in Section V.A.5.i, ii, or iii, that a Defendant enters into, renews, or affirmatively

extends after the date of entry of this Final Judgment, the Defendant shall maintain documents sufficient to show:

1. the specific agreement to which the no direct solicitation provision is ancillary;

2. the employees, identified with reasonable specificity, who are subject to the no direct solicitation provision; and

3. the provision's specific termination date or event.

D. Defendants shall not be required to modify or conform, but shall not enforce, any no direct solicitation provision to the extent it violates this Final Judgment if the no direct solicitation provision appears in Defendants' consulting or services agreements in effect as of the date of this Final Judgment (or in effect as of the time a Defendant acquires a company that is a party to such an agreement).

E. Nothing in Section IV shall prohibit a Defendant from unilaterally deciding to adopt a policy not to consider applications from employees of another person, or to solicit, cold call, recruit or hire employees of another person, provided that Defendants are prohibited from requesting that any other person adopt, enforce, or maintain such a policy, and are prohibited from pressuring any other person to adopt, enforce, or maintain such a policy.

## VI. REQUIRED CONDUCT

A. Each Defendant shall:

1. furnish a copy of this Final Judgment and related Competitive Impact Statement within sixty days of entry of the Final Judgment to each Defendant's officers, directors, human resources managers, and senior

managers who supervise employee recruiting, solicitation, or hiring

efforts;

2.  furnish a copy of this Final Judgment and related Competitive Impact

Statement to any person who succeeds to a position described in Section

VI.A.1 within thirty days of that succession;

3.  annually brief each person designated in Sections VI.A.1 and VI.A.2 on

the meaning and requirements of this Final Judgment and the antitrust

laws;

4.  obtain from each person designated in Sections VI.A.1 and VI.A.2, within

60 days of that person's receipt of the Final Judgment, a certification that

he or she (i) has read and, to the best of his or her ability, understands and

agrees to abide by the terms of this Final Judgment; (ii) is not aware of

any violation of the Final Judgment that has not been reported to the

Defendant; and (iii) understands that any person's failure to comply with

this Final Judgment may result in an enforcement action for civil or

criminal contempt of court against each Defendant and/or any person who

violates this Final Judgment;

5.  provide employees reasonably accessible notice of the existence of all

agreements covered by Section V.A.5 and entered into by the company;

and

6.  maintain (i) a copy of all agreements covered by Section V.A.5; and (ii) a

record of certifications received pursuant to this Section.

B.      For five (5) years after the entry of this Final Judgment, on or before its anniversary date, each Defendant shall file with the United States an annual statement identifying and providing copies of any agreement and any modifications thereto described in Section V.A.5, as well as describing any violation or potential violation of this Final Judgment known to any officer, director, human resources manager, or senior manager who supervises employee recruiting, solicitation, or hiring efforts.  Descriptions of violations or potential violations of this Final Judgment shall include, to the extent practicable, a description of any communications constituting the violation or potential violation, including the date and place of the communication, the persons involved, and the subject matter of the communication.

C.      If any officer, director, human resources manager, or senior manager who supervises employee recruiting, solicitation, or hiring efforts of a Defendant learns of any violation or potential violation of any of the terms and conditions contained in this Final Judgment, that Defendant shall promptly take appropriate action to terminate or modify the activity so as to comply with this Final Judgment and maintain all documents related to any violation or potential violation of this Final Judgment.

## VII. COMPLIANCE INSPECTION

A.      For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, from time to time authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to each Defendant, subject to any legally recognized privilege, be permitted:

8

1.      access during each Defendant's regular office hours to inspect and copy,

or at the option of the United States, to require each Defendant to provide

electronic or hard copies of, all books, ledgers, accounts, records, data,

and documents in the possession, custody, or control of each Defendant,

relating to any matters contained in this Final Judgment; and

2.      to interview, either informally or on the record, each Defendant's officers,

employees, or agents, who may have their counsel, including any

individual counsel, present, regarding such matters. The interviews shall

be subject to the reasonable convenience of the interviewee and without

restraint or interference by any Defendant.

B.      Upon the written request of an authorized representative of the Assistant Attorney

General in charge of the Antitrust Division, each Defendant shall submit written reports or

responses to written interrogatories, under oath if requested, relating to any of the matters

contained in this Final Judgment as may be requested.

C.      No information or documents obtained by the means provided in this section shall

be divulged by the United States to any person other than an authorized representative of the

executive branch of the United States, except in the course of legal proceedings to which the

United States is a party (including grand jury proceedings), or for the purpose of securing

compliance with this Final Judgment, or as otherwise required by law.

D.      If at the time information or documents are furnished by a Defendant to the

United States, the Defendant represents and identifies in writing the material in any such

information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G)

9

of the Federal Rules of Civil Procedure, and the Defendant marks each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give the Defendant ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VIII. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. EXPIRATION OF FINAL JUDGMENT

Unless this court grants an extension, this Final Judgment shall expire five (5) years from the date of its approval by the Court.

## X. NOTICE

For purposes of this Final Judgment, any notice or other communication shall be given to the persons at the addresses set forth below (or such other addresses as they may specify in writing to Adobe, Apple, Google, Intel, Intuit, and Pixar):

Chief
Networks & Technology Enforcement Section
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 7100
Washington, DC 20530

## XI. PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest.  The parties have complied with the

Procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making

copies available to the public of this Final Judgment, the Competitive Impact Statement, and any

comments thereon and the United States' responses to comments.  Based upon the record before

the Court, which includes the Competitive Impact Statement and any comments and response to

comments filed with the Court, entry of this final judgment is in the public interest.


Date:_____

<div style="margin-left:50%">

Court approval subject to procedures
of Antitrust Procedures and Penalties
Act, 15 U.S.C. § 16


_____
United States District Judge

</div>

11