Exhibit   F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                              Plaintiff,<br><br>            v.<br><br>LUCASFILM LTD.<br><br>                              Defendant. | Case: 1:10:-cv-02220<br>Assigned To: Walton, Reggie B.<br>Assign. Date: 12/21/2010<br>Description: Antitrust |

## UNITED STATES' MOTION AND SUPPORTING MEMORANDUM TO ENTER FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), the United States moves for entry of the proposed Final Judgment filed in this civil antitrust case. The proposed Final Judgment (attached as Exhibit A) may be entered at this time without further hearing if the Court determines that entry is in the public interest.[1] The Defendant has stipulated to entry of the proposed Final Judgment without further notice to any party or other proceedings. No party or member of the public has requested a hearing. The Competitive Impact Statement ("CIS"), filed by the United States on December 21, 2010, explains why entry of the proposed Final Judgment is in the public interest. The United States is filing simultaneously with this motion a Certificate of Compliance (attached as

---

[1] The proposed Final Judgment attached to this Motion is the same as the one originally filed on December 21, 2010.

Exhibit B) setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the statutory waiting periods have expired.

## I.     BACKGROUND

On December 21, 2010, the United States filed the Complaint in this matter, alleging that the Defendant entered into an agreement with Pixar, pursuant to which each agreed to restrict certain employee recruiting practices.  This agreement was per se unlawful under Section 1 of the Sherman Act, 15 U.S.C. § 1.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment, which is designed to eliminate the anticompetitive effects of the agreement, and a CIS.  The proposed Final Judgment is designed to preserve competition in the market for digital animators and other employees by mandating certain conduct remedies.  First, the proposed Final Judgment prevents the Defendant from entering into similar agreements in the future.  Second, the proposed Final Judgment supplements this restraint on the Defendant with obligations to educate executives about the proposed Final Judgment, as well as annually report the company's compliance with the proposed Final Judgment to the United States.

Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the proposed Final Judgment and to punish violations thereof.

## II.    COMPLIANCE WITH THE APPA

The APPA requires a sixty-day period for the submission of public comments on a proposed Final Judgment.  *See* 15 U.S.C. § 16(b).  In compliance with the APPA, the United States filed a CIS in this Court on December 21, 2010; published the proposed Final Judgment and CIS in the *Federal Register* on December 28, 2010, *see* 75 Fed. Reg. 81,651 (2010); and

caused to be published in *The Washington Post* a summary of the terms of the proposed Final

Judgment for seven days from December 25, 2010 through December 31, 2010. The 60-day

period for public comments ended on March 1, 2011, and three comments were received. The

United States filed its Response to Public Comments and the comments themselves with this

Court on April 15, 2011, and published the Response and the public comments in the Federal

Register on April 28, 2011. See 76 Fed. Reg. 23,839 (2011). The Certificate of Compliance filed

with this Motion as Exhibit B recites that all the requirements of the APPA have now been

satisfied. It is therefore appropriate for the Court to make the public interest determination

required by 15 U.S.C. § 16(e) and to enter the Final Judgment.

## III.     STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the Court is to determine whether the

Judgment "is in the public interest." *See* 15 U.S.C. § 16(e). In making that determination, the

Court shall consider:

> A)      the competitive impact of such judgment, including termination of alleged
>
> violations, provisions for enforcement and modification, duration of relief sought,
>
> anticipated effects of alternative remedies actually considered, whether its terms are
>
> ambiguous, and any other competitive considerations bearing upon the adequacy of such
>
> judgment that the court deems necessary to a determination of whether the consent
>
> judgment is in the public interest; and
>
> B)      the impact of entry of such judgment upon competition in the relevant
>
> market or markets, upon the public generally and individuals alleging specific
>
> injury from the violations set forth in the complaint including consideration of the
>
> public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In its CIS filed on December 21, 2010, the United States set forth the public interest standard under the APPA and now incorporates those statements herein by reference.  The public, including affected competitors and customers, have had the opportunity to comment on the proposed Final Judgment as required by law.  As explained in the CIS, the proposed Final Judgment is within the range of settlements consistent with the public interest and the United States therefore requests that this Court enter the proposed Final Judgment.

**IV.      CONCLUSION**

For the reasons set forth in this Motion and the CIS, the Court should find that the proposed Final Judgment is in the public interest and should enter the proposed Final Judgment without further hearings.  The United States respectfully requests that the proposed Final Judgment attached hereto be entered as soon as possible.

4

Dated: May 9, 2011

Respectfully submitted,

_____ /s/

Adam T. Severt
Ryan S. Struve (D.C. Bar #495406)
Jessica N. Butler-Arkow (D.C. Bar #430022)
H. Joseph Pinto III
Anthony D. Scicchitano
Trial Attorneys

U.S. Department of Justice
Antitrust Division
Networks and Technology Section
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Facsimile: (202) 616-8544
Email: adam.severt@usdoj.gov

CERTIFICATE OF SERVICE

I, Adam Severt, hereby certify that on May 9, 2011, I caused a copy of the United States'

Motion and Supporting Memorandum to Enter the Final Judgment to be served on Defendant

Lucasfilm by mailing the document via email to the duly authorized legal representatives of the

defendant, as follows:


FOR DEFENDANT LUCASFILM, LTD.
Claudia R. Higgins, Esq.
Kaye Scholer LLP
901 Fifteenth Street, NW
Washington, D.C. 20005



_____/s/
Adam T. Severt
Trial Attorney
Networks & Technology Section
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Fax: (202) 616-8544
Email: adam.severt@usdoj.gov

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

                    *Plaintiff*,

        v.

LUCASFILM LTD.

                    *Defendant*.

## [PROPOSED] FINAL JUDGMENT

WHEREAS, the United States of America filed its Complaint on December 21, 2010, alleging that the Defendant participated in an agreement in violation of Section One of the Sherman Act, and the United States and the Defendant, by their attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law;

AND WHEREAS this Final Judgment does not constitute any admission by the Defendant that the law has been violated or of any issue of fact or law, other than that the jurisdictional facts as alleged in the Complaint are true;

AND WHEREAS, the Defendant agrees to be bound by the provisions of this Final Judgment pending its approval by this Court;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the Defendant, it is ORDERED, ADJUDGED, AND DECREED.

# I. JURISDICTION

This Court has jurisdiction over the subject matter and the parties to this action.  The Complaint states a claim upon which relief may be granted against the Defendant under Section One of the Sherman Act, as amended, 15 U.S.C. § 1.

# II. DEFINITIONS

As used in this Final Judgment:

A.      "Lucasfilm" means Lucasfilm Ltd., its (i) successors and assigns, (ii) controlled subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and (iii) directors, officers, managers, agents acting within the scope of their agency, and employees.

B.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

C.      "No direct solicitation provision" means any agreement, or part of an agreement, among two or more persons that restrains any person from cold calling, soliciting, recruiting, or otherwise competing for employees of another person.

D.      "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, or other business or legal entity, whether private or governmental.

E.      "Senior manager" means any company officer or employee above the level of vice president.

### III. APPLICABILITY

This Final Judgment applies to Lucasfilm, as defined in Section II, and to all other persons in active concert or participation with Lucasfilm who receive actual notice of this Final Judgment by personal service or otherwise.

### IV. PROHIBITED CONDUCT

The Defendant is enjoined from attempting to enter into, entering into, maintaining or enforcing any agreement with any other person to in any way refrain from, requesting that any person in any way refrain from, or pressuring any person in any way to refrain from soliciting, cold calling, recruiting, or otherwise competing for employees of the other person.

### V. CONDUCT NOT PROHIBITED

A.      Nothing in Section IV shall prohibit the Defendant and any other person from attempting to enter into, entering into, maintaining or enforcing a no direct solicitation provision, provided the no direct solicitation provision is:

    1.      contained within existing and future employment or severance agreements with the Defendant's employees;

    2.      reasonably necessary for mergers or acquisitions, consummated or unconsummated, investments, or divestitures, including due diligence related thereto;

    3.      reasonably necessary for contracts with consultants or recipients of consulting services, auditors, outsourcing vendors, recruiting agencies or providers of temporary employees or contract workers;

4

4.  reasonably necessary for the settlement or compromise of legal disputes; or

5.  reasonably necessary for (i) contracts with resellers or OEMs; (ii) contracts with providers or recipients of services other than those enumerated in paragraphs V.A. 1 - 4 above; or (iii) the function of a legitimate collaboration agreement, such as joint development, technology integration, joint ventures, joint projects (including teaming agreements), and the shared use of facilities.

B.  All no direct solicitation provisions that relate to written agreements described in Section V.A.5.i, ii, or iii, that the Defendant enters into, renews, or affirmatively extends after the date of entry of this Final Judgment shall:

1.  identify, with specificity, the agreement to which it is ancillary;

2.  be narrowly tailored to affect only employees who are anticipated to be directly involved in the agreement;

3.  identify with reasonable specificity the employees who are subject to the agreement;

4.  contain a specific termination date or event; and

5.  be signed by all parties to the agreement, including any modifications to the agreement.

C.  For all no direct solicitation provisions that relate to unwritten agreements described in Section V.A.5.i, ii, or iii, that the Defendant enters into, renews, or affirmatively

extends after the date of entry of this Final Judgment, the Defendant shall maintain documents sufficient to show:

1.      the specific agreement to which the no direct solicitation provision is ancillary;

2.      the employees, identified with reasonable specificity, who are subject to the no direct solicitation provision; and

3.      the provision's specific termination date or event.

D.      The Defendant shall not be required to modify or conform, but shall not enforce, any no direct solicitation provision to the extent it violates this Final Judgment if the no direct solicitation provision appears in the Defendant's consulting or services agreements in effect as of the date of this Final Judgment (or in effect as of the time the Defendant acquires a company that is a party to such an agreement).

E.      Nothing in Section IV shall prohibit the Defendant from unilaterally deciding to adopt a policy not to consider applications from employees of another person, or to solicit, cold call, recruit or hire employees of another person, provided that the Defendant is prohibited from requesting that any other person adopt, enforce, or maintain such a policy, and is prohibited from pressuring any other person to adopt, enforce, or maintain such a policy.

## VI. REQUIRED CONDUCT

A.      The Defendant shall:

1.      furnish a copy of this Final Judgment and related Competitive Impact Statement within sixty days of entry of the Final Judgment to its officers,

directors, human resources managers, and senior managers who supervise employee recruiting, solicitation, or hiring efforts;

2. furnish a copy of this Final Judgment and related Competitive Impact Statement to any person who succeeds to a position described in Section VI.A.1 within thirty days of that succession;

3. annually brief each person designated in Sections VI.A.1 and VI.A.2 on the meaning and requirements of this Final Judgment and the antitrust laws;

4. obtain from each person designated in Sections VI.A.1 and VI.A.2, within 60 days of that person's receipt of the Final Judgment, a certification that he or she (i) has read and, to the best of his or her ability, understands and agrees to abide by the terms of this Final Judgment; (ii) is not aware of any violation of the Final Judgment that has not been reported to the Defendant; and (iii) understands that any person's failure to comply with this Final Judgment may result in an enforcement action for civil or criminal contempt of court against the Defendant and/or any person who violates this Final Judgment;

5. provide employees reasonably accessible notice of the existence of all agreements covered by Section V.A.5 and entered into by the company; and

6. maintain (i) a copy of all agreements covered by Section V.A.5; and (ii) a record of certifications received pursuant to this Section.

7

B.      For five (5) years after the entry of this Final Judgment, on or before its
anniversary date, the Defendant shall file with the United States an annual statement identifying
and providing copies of any agreement and any modifications thereto described in Section
V.A.5, as well as describing any violation or potential violation of this Final Judgment known to
any officer, director, human resources manager, or senior manager who supervises employee
recruiting, solicitation, or hiring efforts.  Descriptions of violations or potential violations of this
Final Judgment shall include, to the extent practicable, a description of any communications
constituting the violation or potential violation, including the date and place of the
communication, the persons involved, and the subject matter of the communication.

C.      If any officer, director, human resources manager, or senior manager who
supervises employee recruiting, solicitation, or hiring eforts of the Defendant learns of any
violation or potential violation of any of the terms and conditions contained in this Final
Judgment, the Defendant shall promptly take appropriate action to terminate or modify the
activity so as to comply with this Final Judgment and maintain all documents related to any
violation or potential violation of this Final Judgment.

## VII. COMPLIANCE INSPECTION

A.      For the purposes of determining or securing compliance with this Final Judgment,
or of determining whether the Final Judgment should be modified or vacated, from time to time
authorized representatives of the United States Department of Justice, including consultants and
other persons retained by the United States, shall, upon the written request of an authorized
representative of the Assistant Attorney General in charge of the Antitrust Division, and on
reasonable notice to the Defendant, subject to any legally recognized privilege, be permitted:

8

1.      access during the Defendant's regular office hours to inspect and copy, or at the option of the United States, to require the Defendant to provide electronic or hard copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of the Defendant, relating to any matters contained in this Final Judgment; and

2.      to interview, either informally or on the record, the Defendant's officers, employees, or agents, who may have their counsel, including any individual counsel, present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by the Defendant.

B.      Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, the Defendant shall submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.      No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.      If at the time information or documents are furnished by the Defendant to the United States, the Defendant represents and identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G)

9

of the Federal Rules of Civil Procedure, and the Defendant marks each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give the Defendant ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VIII. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. EXPIRATION OF FINAL JUDGMENT

Unless this court grants an extension, this Final Judgment shall expire five (5) years from the date of its approval by the Court.

## X. NOTICE

For purposes of this Final Judgment, any notice or other communication shall be given to the persons at the addresses set forth below (or such other addresses as they may specify in writing to Lucasfilm):

Chief
Networks & Technology Enforcement Section
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 7100
Washington, DC 20530

## XI. PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest.  The parties have complied with the Procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making

copies available to the public of this Final Judgment, the Competitive Impact Statement, and any

comments thereon and the United States' responses to comments.  Based upon the record before

the Court, which includes the Competitive Impact Statement and any comments and response to

comments filed with the Court, entry of this final judgment is in the public interest.

Date:_____

                                              Court approval subject to procedures
                                              of Antitrust Procedures and Penalties
                                              Act, 15 U.S.C. § 16


                                              _____
                                              United States District Judge

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

*Plaintiff*,

v.

LUCASFILM LTD.

*Defendant*.

Case: 1:10:-cv-02220
Assigned To: Walton, Reggie B.
Assign. Date: 12/21/2010
Description: Antitrust

## CERTIFICATE OF COMPLIANCE WITH PROVISIONS OF THE ANTITRUST PROCEDURES AND PENALTIES ACT

Plaintiff United States of America, by the undersigned attorney, hereby certifies that, in compliance with the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), the following procedures have been followed in preparation for the entry of Final Judgment in the above-captioned matter:

1.      The United States and Defendant stipulated to the entry of the proposed Final Judgment on December 21, 2010 and December 16, 2010, respectively, and this stipulation was filed with the Court on December 21, 2010.

2.      The proposed Final Judgment was filed with the Court on December 21, 2010.

3.      The Competitive Impact Statement was filed with the Court on December 21, 2010.

4.      The proposed Final Judgment and Competitive Impact Statement were published in the *Federal Register* on December 28, 2010, *see* 75 Fed. Reg. 81,651 (2010).

2

5.     A summary of the terms of the proposed Final Judgment was published in the *Washington Post*, a newspaper of general circulation in the District of Columbia, for seven consecutive days beginning on December 25, 2010, and ending on December 31, 2010.

6.     Copies of the proposed Final Judgment and Competitive Impact Statement were furnished to all persons requesting them and made available on the Antitrust Division's Internet site.

7.     As required by 15 U.S.C. § 16(g), Defendant filed with the Court a description of written or oral communications by or on behalf of the Defendant, or any other person, with any officer or employee of the United States concerning the proposed Final Judgment.

8.     The sixty-day comment period prescribed by 15 U.S.C. § 16(b) and (d) for the receipt and consideration of written comments, during which the proposed Final Judgment could not be entered, ended on March 1, 2011.

9.     The United States received three comments on the proposed Final Judgment.  The United States filed its Response to Public Comments and the comments themselves with this Court on April 15, 2011.  The United States published the Response and the comments in the Federal Register on April 28, 2011, *see* 76 Fed. Reg. 23,839 (2011).

10.     The parties have now satisfied all the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h), as a condition for entering the proposed Final Judgment, and it is now appropriate for the Court to make the necessary public interest determinations required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.

Dated: May 9, 2011

Case 5:11-cv-02509-HK Document 936 Filed 11/04/11 Page 22 of 22

Respectfully submitted,


                                                                        /s/

Adam T. Severt
U.S. Department of Justice
Antitrust Division
Networks and Technology Section
450 Fifth Street, NW
Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Facsimile: (202) 616-8544
Email: adam.severt@usdoj.gov