1  KEKER & VAN NEST LLP
   JOHN W. KEKER - #49092
2  DANIEL PURCELL - #191424
   EUGENE M. PAIGE - #202849
3  CODY S. HARRIS - #255302
   633 Battery Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Defendant
   LUCASFILM LTD.
7

8
                UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10

11

12 | IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. C 11-02509 LHK
13 | THIS DOCUMENT RELATES TO: | **DEFENDANT LUCASFILM LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**
14 | ALL ACTIONS |
15 | | **ORAL ARGUMENT REQUESTED**
16 | |
17 | | Date: January 26, 2012
   | | Time: 1:30 p.m.
   | | Courtroom: 8, 4th Floor
18 | | Judge: Hon. Lucy H. Koh
19 | | Date Comp. Filed: May 4, 2011

20

21

22

23

24

25

26

27

28

591718.02

DEFENDANT LUCASFILM LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
Master Docket No. C 11-02509 LHK

In its opening brief, Lucasfilm Ltd. ("Lucasfilm") explained why plaintiffs are precluded from asserting state-law claims for alleged violations of the Cartwright Act and the Unfair Competition Law ("UCL") against Lucasfilm, because Lucasfilm operates on a federal enclave. In their opposition, plaintiffs concede that (1) Lucasfilm is located on the Presidio of San Francisco; (2) the Presidio is a federal enclave; (3) federal law *exclusively* applies to conduct occurring on the Presidio; and (4) neither the Cartwright Act nor the UCL applies to actions taken on the Presidio under the federal enclave doctrine. The sole disputed question for the Court to resolve is narrow: did plaintiffs' claims against Lucasfilm arise on or off the Presidio? Notwithstanding plaintiffs' artful pleading—and their attempt to focus the inquiry on the actions of defendants with whom Lucasfilm had no alleged agreements of any kind—the answer is clear from plaintiffs' Consolidated Amended Complaint ("CAC"). The alleged conduct giving rise to the two causes of action at issue—Lucasfilm's allegedly improper employment policies— occurred on the Presidio. All past, present, and prospective Lucasfilm employees allegedly affected by Lucasfilm's policies worked, and allegedly suffered economic harm, from Lucasfilm's offices on the Presidio. Case law discussing the federal enclave doctrine makes plain that, on these alleged facts, the sort of state-law claims at issue here are barred.

*First,* without offering any supporting authority, plaintiffs argue that the federal enclave doctrine applies only "where *all* the facts and wrongdoing occurred on the enclave." Pls.' Opp. to Def. Lucasfilm Ltd.'s Mot. to Dismiss ("Opp.") at 1 [Dkt. # 91] (emphasis added). Not so. To the contrary, the doctrine applies where *some* of the claims in a multi-defendant case arose on a federal enclave. *See Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1336 (N.D. Ala. 2010). Plaintiffs cannot distinguish *Corley* as a matter of logic, or offer any case with a contrary holding, so they disparage *Corley* as a personal injury case decided by an Alabama district court. That makes no difference. The basic factual framework in that case is squarely on point here— *Corley* was a lawsuit against multiple defendants, only some of whom were located, and had done acts giving rise to plaintiffs' claims, on a federal enclave. Plaintiffs' offhand dismissal of *Corley* makes little sense given their admission that "there do not appear to be any reported cases applying the federal enclave doctrine to an antitrust conspiracy case." Opp. at 3.

1
DEFENDANT LUCASFILM LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
Master Docket No. C 11-02509 LHK

591718.02

Further, plaintiffs ignore a case from *this* judicial district, *Totah v. Bies*, No. C 10-05956, 2011 WL 1324471 (N.D. Cal. Apr. 6, 2011), where Judge Wilken applied the doctrine to a defamation claim against Lucasfilm even though the allegedly defamatory statement was uttered and re-published outside the Presidio. *Id.* at *2. Plaintiffs' citations to *Klausner v. Lucasfilm Entm't Co., Ltd.,* No. C 09-03052, 2010 WL 1038228, *4 (N.D. Cal. Mar. 19, 2010) and *Rosseter v. Indus. Light & Magic,* No. C 08-04545, 2009 WL 210452, *2 (N.D. Cal. Jan. 27, 2009), hold no water either. Neither of those cases holds that the doctrine applies only where ***all*** relevant events occurred on a federal enclave; it simply happened that, in those cases, either all or "the vast majority" of relevant events occurred on the enclave, making application of the doctrine automatic. *See id.* Plaintiffs identify no authority for their "all relevant facts" standard.[1]

*Second,* plaintiffs' more nuanced fallback argument is that the court should look to where "the locus" of plaintiffs' claims occurred. Opp. at 2-3. But even applying that standard, there is no question that the enclave doctrine should apply here. It is undisputed that the "locus of decision-making," *Carmargo v. Gino Morena Enters.,* No. 10-242, 2010 WL 3516186, *2-3 (W.D. Tex. Sept. 2, 2010) (cited at Opp. at 2), with respect to Lucasfilm's employment practices is the Presidio, where its executive offices and human-resources department are located.

Plaintiffs quibble that Lucasfilm moved to the Presidio in July 2005, seven months after Pixar and Lucasfilm allegedly made their non-solicitation agreement, *see* Opp. at 1, 4, but this is no reason to ignore the enclave doctrine. The vast majority of the alleged conspiracy period, from July 2005 to the consent decree in December 2010, occurred when Lucasfilm was on the Presidio, purportedly enforcing an unlawful agreement. Further, the sole named plaintiff to work at Lucasfilm, Siddharth Hariharan, only began working at LucasArts in January 2007, well after Lucasfilm's move to the Presidio. In fact, none of the other named plaintiffs began working for ***any*** defendant until 2006. CAC ¶¶ 16-20. Thus, to the extent that any other named plaintiffs were prospective Lucasfilm employees, they, too, would have suffered the alleged harm well

---

[1] In addition to *Corley*, numerous cases hold to the contrary. *See, e.g., Taylor v. Lockheed Martin*, 78 Cal. App. 4th 472, 481 (2000) (applying federal enclave doctrine to enclave-based employee where allegedly improper conduct occurred elsewhere); *Powell v. Tessada & Assocs.*, No. C 04-05254, 2005 WL 578103, *2 (N.D. Cal. Mar. 10, 2005) (same).

2
DEFENDANT LUCASFILM LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT
Master Docket No. C 11-02509 LHK

591718.02

after July 2005. When a plaintiff's alleged injury arises out of employment on land that was a federal enclave for only part of the employment, the federal enclave doctrine still applies. *See Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 712-13 (E.D. Tex. 1998); *Akin v. Big Three Indus., Inc.*, 851 F. Supp. 819, 822 (E.D. Tex. 1994).

Finally, plaintiffs try to bootstrap their conclusory allegations against Santa Clara County-based defendants Apple, Adobe, Google, Intel, and Intuit into a justification for ignoring the federal enclave doctrine. Opp. at 1-2, 4. But plaintiffs have alleged no facts suggesting that Lucasfilm colluded with any of these companies, or knew anything about their employment practices. They pled only a single, bilateral agreement between Lucasfilm and Pixar. CAC ¶¶ 56-71. (Indeed, as a privately-held entertainment production company and special-effects studio, Lucasfilm has nothing in common with the large, publicly traded Santa Clara County defendants in this action.) In fact, contrary to plaintiffs' suggestion, *see* Opp. at 3, Judge Armstrong expressly rejected plaintiffs' argument that Lucasfilm had removed the case to the Oakland Division in error when she transferred the cases to this division. Judge Armstrong reasoned:

> Plaintiffs allege that the representative class plaintiff worked for Defendant Lucasfilm Ltd., whose principal place of business is in San Francisco. As Case I ***arises from the representative class plaintiff's employment with Defendant Lucasfilm Ltd., which is located in San Francisco, the cause of action arose in San Francisco County*** . . . .

Order at 2 [Dkt. # 58] (citations omitted and emphasis added).[2] Judge Armstrong transferred the cases for convenience; she never found the federal enclave doctrine inapplicable to Lucasfilm.[3]

For all the foregoing reasons, Lucasfilm respectfully requests that all claims brought under the Cartwright Act and the UCL by the putative class be dismissed as to Lucasfilm.

---

[2] Plaintiffs have never contended, nor could they, that Lucasfilm performed any acts in Santa Clara County: "These five defendants negotiated, finalized, implemented, and enforced explicit agreements to eliminate competition among each other, all within Santa Clara County." Dkt. # 32 (expressly referring to Adobe, Apple, Google, Intel, and Intuit only).

[3] Plaintiffs suggest using "the choice-of-law inquiry for tort claims" to assess where the relevant conduct occurred. Opp. at 3. Even applying that standard, all four factors point to the Presidio: (a) Hariharan and any other putative class members were injured on the Presidio, (b) Lucasfilm's alleged agreement with Pixar was allegedly implemented and enforced on the Presidio; (c) Lucasfilm itself resides on the Presidio, and (d) all of Lucasfilm's relationships with its employees are centered on the Presidio.

| | |
|---|---|
| Dated: December 2, 2011 | KEKER & VAN NEST LLP |
| | By: */s/ Daniel Purcell* |
| | DANIEL PURCELL |
| | Attorneys for Defendant Lucasfilm Ltd. |

4

DEFENDANT LUCASFILM LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT
Master Docket No. C 11-02509 LHK

591718.02