** E-filed January 24, 2012 **

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: | **STIPULATED [PROPOSED] PROTECTIVE ORDER** (MODIFIED BY THE COURT) |
| ALL ACTIONS | |

1.      <u>PURPOSES AND LIMITATIONS</u>

        1.1      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protections it affords them from public disclosure and use extends only to the information or items entitled to confidential treatment under applicable legal principles. The Stipulated Protective Order does not entitle the parties to file confidential information under seal; Civil L. R. 79-5 governs requests to file under seal.

2.      <u>DEFINITIONS</u>

        2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2      "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c), including without limitation: (1) information protected pursuant to Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other privacy statute, such as the California Right to Financial Privacy Act; and (3) information protected by an existing contractual obligation requiring the Designating Party to maintain the confidentiality of the information. Nothing in this paragraph shall preclude a Party from redacting personal information, including social security numbers or dates of birth, as required by governing law or contract or otherwise pursuant to the applicable policies of the Party.

2.3     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," production of which on a "CONFIDENTIAL" basis to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4     Counsel (without qualifier): Outside Counsel of Record and House Counsel, as well as their support staff, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.8     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys, as well as their support staff (including but not limited to paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained by a Party to represent or advise a party to this action and (1) have appeared in this action on behalf of that party,  (2) are affiliated with a law firm which has appeared on behalf of that Party, or (3) represented a Party in connection with the related Department of Justice Investigation.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

1     public record through trial or otherwise; (ii) any information known to the Receiving Party prior

2     to the disclosure or obtained by the Receiving Party after the disclosure from a source who

3     obtained the information lawfully and under no obligation of confidentiality to the Designating

4     Party; and (iii) any information obtained outside of litigation with the consent of the Producing

5     Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

6         3.2     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure

7     or use of its own Protected Material for any purpose.

8         3.3     Nothing in this Order shall be construed to prejudice any Party's right to use any

9     Protected Material in court or in any court filing with the written consent of the Designating Party

10     or by order of the Court.

11         3.4     This Order is without prejudice to the right of any Party to seek further or

12     additional protection of any Discovery Material or to modify this Order in any way, including,

13     without limitation, an order that certain matter not be produced at all.

14         3.5     Nothing in this Order shall be construed to prevent Counsel from advising their

15     clients with respect to this case based in whole or in part upon Protected Materials, provided

16     counsel does not disclose the Protected Material itself except as provided in this Order.

17     4.     <u>DURATION</u>

18         4.1     Even after final disposition of this litigation, the confidentiality obligations

19     imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

20     or a court order otherwise directs.  Final Disposition shall be deemed to be the later of (1)

21     dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

22     judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

23     reviews of this action, including the time limits for filing any motions or applications for

24     extension of time pursuant to applicable law.

25     5.     <u>DESIGNATING PROTECTED MATERIAL</u>

26         5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

27     or Non-Party that designates information or items for protection under this Order must take care

28     to limit any such designation to specific material that qualifies under this Order.  If only a portion

or portions of material, documents, items, or oral or written communications qualify under this Order, the Designating Party, to the extent practicable, shall designate only the portion or portions for protection - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     A Designating Party may not designate as Confidential information that has been shared with any other party, unless the Designating Party has a good faith belief that the other party has a current statutory, regulatory, common law, contractual, or other obligation or right to maintain the confidentiality of the information at issue.  The foregoing sentence shall not be construed to enlarge, diminish, or otherwise alter the criteria for determining whether such information has been properly designated Confidential.

5.3     Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must within a reasonable time notify all other parties that it is withdrawing the mistaken designation.

5.4     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) and 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.   A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after

1   the inspecting Party has indicated which material it would like copied and produced.  During the

2   inspection and before the designation, all of the material made available for inspection shall be

3   deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has

4   identified the documents it wants copied and produced, the Producing Party must determine

5   which documents, or portions thereof, qualify for protection under this Order. Then, before

6   producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or

7   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend to each page that contains Protected

8   Material.  If only a portion or portions of the material on a page qualifies for protection, the

9   Producing Party to the extent practicable shall identify the protected portion(s) and specify the

10  level of protection being asserted.

11          (b)      for testimony given in deposition, any party or testifying persons or entities

12  may designate any portion of the testimony or exhibits "CONFIDENTIAL" or

13  "CONFIDENTIAL - ATTORNEYS' EYES ONLY" either on the record before the close of the

14  deposition or in writing on or before the later of thirty (30) days after receipt of the final transcript

15  or the date by which any review by the witness and corrections to the transcript are to be

16  completed under Federal Rule of Civil Procedure 30.  Only those portions of the testimony that

17  are designated for protection shall be covered by the provisions of this Protective Order.  If any

18  portion of a videotaped deposition is designated, the original and all copies of any videocassette,

19  videotape, DVD or other media container shall be labeled with the appropriate legend.  Pending

20  designation as set forth above, the entire transcript, including exhibits, shall be deemed

21  "CONFIDENTIAL," unless exhibits or testimony are identified on the record during the

22  deposition as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," in which case the entire

23  transcript, including exhibits shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES

24  ONLY" information.  If no designation is made within the time period above, the transcript shall

25  be considered not to contain any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

26  EYES ONLY" information.

27          Transcript pages containing Protected Material must be separately bound by the court

28  reporter, who must affix to each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL

1   - ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

2           Any Protected Material that is used in the taking of a deposition shall remain subject to

3   the provisions of this Order, along with the transcript pages and videotape of the deposition

4   testimony dealing with such Protected Material.  Counsel for any Producing Party shall have the

5   right to exclude from oral depositions, other than the deponent and deponent's counsel any person

6   who is not authorized by this Protective Order to receive or access Protected Material based on

7   the designation of such Protected Material.  Such right of exclusion shall be applicable only

8   during periods of examination or testimony regarding such Protected Material.

9                   (c)     for all other information or tangible items, that the Producing Party affix in

10  a prominent place on the exterior of the container or containers in which the information or item

11  is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

12  If only a portion or portions of the information or item warrant protection, the Producing Party, to

13  the extent practicable, shall identify the protected portion(s) and specify the level of protection

14  being asserted.

15          5.5     Inadvertent Failures to Designate.  If a Producing Party discovers that

16  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or items

17  that it produced was not designated as Protected Material, or that it produced information or items

18  that were designated as Protected Material but had designated it in the incorrect category, the

19  Producing Party may notify all other Parties of the error and identify the affected information or

20  items and their new designation or re-designation.  Thereafter, the information or items so

21  designated or re-designated will be treated as Protected Material.  After providing such notice, the

22  Producing Party shall provide re-labeled copies of the information or items to each Receiving

23  Party reflecting the change in designation.

24          An inadvertent failure to designate qualified information or items does not, standing

25  alone, waive the Designating Party's right to secure protection under this Order for such material.

26  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that

27  the material is treated in accordance with the provisions of this Order.  Upon receiving the

28  Protected Material with the correct confidentiality designation, the Receiving Parties shall return

1   or securely destroy, at the Receiving Parties' option, all Discovery Material reasonably accessible

2   to the Receiving Party that was not designated properly.  Unauthorized or inadvertent disclosure

3   does not change the status of Discovery Material or waive the right to hold the disclosed

4   document or information as Protected Material.

5   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6          6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of

7   confidentiality at any time. A Party does not waive its right to challenge a confidentiality

8   designation by  not challenging a designation promptly after the original designation is disclosed.

*unless a prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation*

9          6.2      Meet and Confer.  The Challenging Party shall initiate a designation of

10  confidentiality challenge by providing written notice of each designation it is challenging and

11  describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

12  made, the written notice must recite that the challenge to confidentiality is being made in

13  accordance with this specific paragraph of the Protective Order. The parties shall attempt to

14  resolve each challenge in good faith and must begin the process by conferring directly (in voice to

15  voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the

16  date of service of the written notice. In conferring, the Challenging Party must explain the basis

17  for its belief that the confidentiality designation was not proper and must give the Designating

18  Party a reasonable opportunity to review the designated material, to reconsider the circumstances,

19  and, if no change in designation is offered, to explain the basis for the chosen designation.

*See page 8.1, below*

20         6.3      Judicial Intervention.  ~~If the Parties cannot resolve a challenge without court~~

21  ~~intervention, the Designating Party shall file and serve a motion to retain confidentiality under~~

22  ~~Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if~~

23  ~~applicable) within 45 days of the initial notice of challenge or within 14 days of the parties~~

24  ~~agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.~~

25  ~~Each such motion must be accompanied by a competent declaration affirming that the movant has~~

26  ~~complied with the meet and confer requirements imposed in the preceding paragraph. Failure by~~

27  ~~the Designating Party to make such a motion including the required declaration within 45 days (or~~

28  ~~14 days, if applicable) shall automatically waive the confidentiality designation for each~~

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge after complying with the meet and confer requirements above, the parties shall file a Discovery Dispute Joint Report ("DDJR"), pursuant to the undersigned's Standing Order re Civil Discovery Disputes. The DDJR shall affirm that the above meet and confer requirements have been satisfied. The DDJR must be filed within 5 business days after the conclusion of the meet and confer sessions (or 5 business days after reaching impasse as to a particular issue). In no event may a DDJR be filed later than 7 days after the discovery cut-off date(s) as prescribed in Civil L.R. 37-3. Failure by the Designating Party to defend its confidentiality designation(s) through the DDJR shall automatically waive the confidentiality designation for each challenged designation.

1  ~~challenged designation. The parties may stipulate without court order to amend the time period~~

2  ~~within which a motion shall be filed. In addition, the Challenging Party may file a motion~~

3  ~~challenging a confidentiality designation at any time if there is good cause for doing so, including~~

4  ~~a challenge to the designation of a deposition transcript or any portions thereof. Any motion~~

5  ~~brought pursuant to this provision must be accompanied by a competent declaration affirming that~~

6  ~~the movant has complied with the meet and confer requirements imposed by the preceding~~

7  ~~paragraph.~~

8        6.4    The burden of persuasion in any such challenge proceeding shall be on the

9  Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass

10  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

11  to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

12  ~~file a motion~~ <span style="color:red">seek relief</span> to retain confidentiality as described above, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation until the court rules on the challenge.

15  7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

17  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

18  defending, or attempting to settle this litigation or related appellate proceeding, and not for any

19  other purpose whatsoever. Such Protected Material may be disclosed only to the categories of

20  persons and under the conditions described in this Order. When the litigation has been

21  terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

22  DISPOSITION).

23        Protected Material must be stored and maintained by a Receiving Party at a location and

24  in a secure manner that ensures that access is limited to the persons authorized under this Order.

25        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

26  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27  disclose any information or item designated "CONFIDENTIAL" only to:

28

1    (a)    the Receiving Party's Outside Counsel of Record in this action, including

2   attorneys who are principals of, employed by, or working for said Outside Counsel of Record

3   who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

4   Exhibit A, as well as non-attorney employees and contractors of said Outside Counsel of Record

5   to whom it is reasonably necessary to disclose the information for this litigation;

6    (b)    current or former officers, directors, and current employees (including

7   House Counsel) of the Receiving Party, to whom disclosure is reasonably necessary for this

8   litigation,   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

9   A), as well as their immediate paralegals and staff;

10    (c)    Experts (as defined in this Order) retained by the Receiving Party to assist

11   in this action, provided that disclosure is only to the extent reasonably necessary to perform such

12   work and provided that (i) such Expert has signed the "Acknowledgment and Agreement to Be

13   Bound" (Exhibit A); and (ii) such Expert is not a current officer, director, or employee of a Party

14   or of a competitor of a Party, nor is anticipated at the time of retention to become an officer,

15   director, or employee of a Party or of a competitor of a Party;

16    (d)    the court and its personnel;

17    (e)    court reporters, stenographers, and videographers retained to record

18   testimony in this action and their staff, professional jury or trial consultants, and Professional

19   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

20   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21    (f)    during their testimony or preparation for their testimony, witnesses in the

22   action to whom disclosure is reasonably necessary.  Such witnesses shall be bound by the terms

23   of this stipulated order and shall be given a copy of it at the outset of a deposition.  Pages of

24   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

25   separately bound by the court reporter and may not be disclosed to anyone except as permitted

26   under this Stipulated Protective Order.

27    (g)    the author or recipient of a document containing the information or a

28   custodian or other person who otherwise possessed or knew the information;

1           (h)     mock jurors who have signed the "Acknowledgement and Agreement to Be

2  Bound" (Exhibit A);

3           (i)     any mediator who is assigned to hear this matter, and his or her staff, who

4  have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

5           (j)     any other person with the prior written consent of the Producing Party.

6       7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

7  Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

8  Receiving Party may disclose any information or item designated "CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" only to the following:

10          (a)    Persons designated in Paragraphs 7.2 (d), (e), (f), (g), (h) and (i);

11          (b)    the Receiving Party's Outside Counsel of Record in this action, including

12  attorneys who are principals of, employed by, or working for said Outside Counsel of Record,

13  provided that such Outside Counsel is not involved in competitive decision-making, as defined by

14  *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a

15  competitor of a Party, to whom it is reasonably necessary to disclose the information for this

16  litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is

17  attached hereto as Exhibit A, as well as non-attorney employees of said Outside Counsel of

18  Record to whom it is reasonably necessary to disclose the information for this litigation;

19          (c)    no more than five (5) House Counsel of the Receiving Party, to whom

20  disclosure is reasonably necessary for this case, who are permitted by the Producing Party to have

21  access to such  materials, and who have signed the "Acknowledgement and Agreement to Be

22  Bound" that is attached hereto as Exhibit A, as well as their immediate paralegals and staff;

23          (d)    Experts (as defined in this Order) retained by the Receiving Party to assist

24  in this action, provided that disclosure is only to the extent reasonably necessary to perform such

25  work, and provided that (i) such Expert is not a current officer, director, or employee of a Party or

26  of a competitor of a Party, nor anticipated at the time of retention to become an officer, director,

27  or employee of a Party or of a competitor to a Party; (ii) such Expert is not involved in

28  competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3

1   (Fed. Cir. 1984) on behalf of a Party or a competitor of a Party; and (iii) such Expert has signed

2   the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

3         Such Experts shall not be permitted to provide advice, analysis, or recommendations to a

4   competitor of the Designating Party that concern the matters at issue in the above-entitled

5   litigation, while the above-entitled litigation is pending, absent consent of the Designating Party.

6   Consent of the Designating Party shall not be withheld absent compelling ground.  Experts are

7   hereby specifically advised that their written work product  which contains or discloses the

8   substance of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is subject to all the

9   provisions of this Protective Order.  Outside Counsel of Record disclosing "CONFIDENTIAL"

10  and "CONFIDENTIAL- ATTORNEYS' EYES ONLY" information to Experts shall be

11  responsible for obtaining the executed undertakings in advance of such disclosure and also shall

12  retain the original executed copy of said undertaking; and

13              (e)      any other person with the prior written consent of the Producing Party.; and
             (f) the court and its personnel.

14  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
         LITIGATION OR GOVERNMENT INVESTIGATION

15

16       8.1      If a Party is served with a document request, investigatory demand for documents,

17  subpoena or a court order  ("Document Demand") issued in other litigation or government

18  investigation that compels disclosure of any information or items designated in this action as

19  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

20              (a)      within three business days notify in writing the Designating Party;

21              (b)      promptly notify in writing the party who caused the Document Demand to

22  issue in the other litigation that some or all of the material covered by the Document Demand is

23  subject to this Order.  Such notification shall include a copy of this Order; and

24              (c)      cooperate with respect to all reasonable procedures sought to be pursued by

25  the Designating Party whose Protected Material may be affected.  If the Designating Party timely

26  seeks a protective order, the Party served with the Document Demand shall not produce any

27  information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL -

28  ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or

1   order issued, unless the Party has obtained the Designating Party's permission. The Designating

2   Party shall bear the burden and expense of seeking protection in that court of its Protected

3   Material.

4           (d)     Nothing in these provisions should be construed as authorizing or requiring

5   a Receiving Party in this action to disobey a lawful order of any court.

6   9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

7

8          9.1     The terms of this Order are applicable to information produced by a Non-Party in

9   this action and designated as "CONFIDENTIAL" or  "CONFIDENTIAL - ATTORNEYS' EYES

10  ONLY."  Such information produced by Non-Parties in connection with this litigation is

11  protected by the remedies and relief provided by this Order. Nothing in these provisions should

12  be construed as prohibiting a Non-Party from seeking additional protections.

13         9.2     In the event that a Party is required, by a valid discovery request, to produce a

14  Non-Party's confidential information in its possession or control, and the Party is subject to an

15  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

16  Party shall:

17          (a)     notify in writing the Requesting Party and the Non-Party that some or all of

18  the information requested is subject to a confidentiality agreement with a Nonparty;

19          (b)     provide the Non-Party with a copy of the Order in this litigation, and the

20  relevant discovery request(s). <span style="color:red">; and (c) make the information requested available for inspection by the Non-Party.</span>

21         9.3     If the Non-Party fails to <span style="color:red">object or</span> seek a protective order from this court within fourteen

22  (14) days of receiving the notice and accompanying information, the Receiving Party may

23  produce the Non-Party's confidential information responsive to the discovery request.  If the

24  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

25  in its possession or control that is subject to the confidentiality agreement with the Non-Party

26  before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall

27  bear the burden and expense of seeking protection in this court of its Protected Material. <span style="color:red">See Section 14.</span>

28  [1] The purpose of this provision is to alert the interested parties to the existence of confidentiality

*Footnote continued on next page*

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    If information subject to a claim of attorney-client privilege, work product protection or other privilege or protection is inadvertently produced, such production shall not constitute automatic waiver of such privilege or protection pursuant to Federal Rules of Evidence 502.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  *See* Fed. R. Civ. P. 26(b)(5)(B); Fed. R. Evid. 502(d)-(e).

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

---

*Footnote continued from previous page*
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality.

1   the public record in this action any Protected Material.  A Party that seeks to file under seal any

2   Protected Material must comply with Civil Local Rule 79-5.

3       12.4    Termination of Matter and Retention of Jurisdiction.  The Parties agree that the

4   terms of this Protective Order shall survive and remain in effect after the Final Disposition of the

5   above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter

6   to hear and resolve any disputes arising out of this Protective Order. for a period of six months.

7       12.5    Successors.  This Order shall be binding upon the Parties hereto, their attorneys,

8   and their successors, executors, personal representatives, administrators, legal representatives,

9   assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any

10  persons or organizations over which they have direct control.

11      12.6    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this

12  Protective Order shall be construed to change the burdens of proof or legal standards applicable in

13  disputes regarding whether particular Discovery Material is confidential, which level of

14  confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions

15  should apply.

16      12.7    Modification by Court.  This Order is subject to further court order based upon

17  public policy or other considerations, and the Court may modify this Order sua sponte in the

18  interests of justice. The United States District Court for the Northern District of California is

19  responsible for the interpretation and enforcement of this Order.  All disputes concerning

20  Protected Material, however designated, produced under the protection of this Order shall be

21  resolved by the United States District Court for the Northern District of California.

22      12.8    Discovery Rules Remain Unchanged.  Identification of any individual pursuant to

23  this Order does not make that individual available for deposition or any other form of discovery

24  outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules

25  for the United States District Court for the Northern District of California, or the Court's own

26  orders.

27

28

13.     **FINAL DISPOSITION.**

13.1     Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, the Parties are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 30, 2011          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:___/s/ Brendan P. Glackin_____
          Brendan P. Glackin

Interim Lead Counsel for Plaintiff Class

Dated:  November 30, 2011          O'MELVENY & MYERS LLP

By:___/s/ Michael F. Tubach_____
          Michael F. Tubach

Attorneys for Defendant APPLE INC.

14. In the event of any discovery or disclosure dispute, the parties and any affected non-parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.

1   Dated: November 30, 2011        KEKER & VAN NEST LLP

2                                   By:   /s/ Daniel Purcell
                                           Daniel Purcell
3
                                    Attorneys for Defendant LUCASFILM LTD.
4
    Dated: November 30, 2011        JONES DAY
5
                                    By:   /s/ David C. Kiernan
6                                          David C. Kiernan

7                                   Attorneys for Defendant ADOBE SYSTEMS INC.

8   Dated: November 30, 2011        MAYER BROWN

9                                   By:   /s/ Lee H. Rubin
                                           Lee H. Rubin
10
                                    Attorneys for Defendant GOOGLE INC.
11
    Dated: November 30, 2011        BINGHAM McCUTCHEN LLP
12
                                    By:   /s/ Frank Hinman
13                                         Frank Hinman

14                                  Attorneys for Defendant INTEL CORPORATION

15  Dated: November 30, 2011        JONES DAY

16                                  By:   /s/ Robert A. Mittelstaedt
                                           Robert A. Mittelstaedt
17
                                    Attorneys for Defendant INTUIT INC.
18
    Dated: November 30, 2011        COVINGTON & BURLING LLP
19
                                    By:   /s/ Emily Johnson Henn
20                                         Emily Johnson Henn

21                                  Attorneys for Defendant PIXAR

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Filer's Attestation</u>**

Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from all the signatories.

Dated:  November 30, 2011                                 /s/   *Dean M. Harvey*
                                                                                 Dean M. Harvey

1        PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   Dated: _January 24___, 2011  2012    By: _____

4                                          UNITED STATES DISTRICT/
                                           MAGISTRATE JUDGE

5                                          HOWARD R. LLOYD

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Northern District of California on _____

[date] in the case of _____ *In re: High-Tech Employee*

*Antitrust Litig.*, Master Docket No. 11-CV-2509-LHK.  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure

to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order  ("Order") to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
[printed name]

Signature:_____