Joseph R. Saveri (State Bar No. 130064)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Interim Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         April 18, 2012<br>Time:        2:00 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:       The Honorable Lucy H. Koh |

The parties submit this joint statement for the April 18, 2012 Case Management Conference.

**I.       Case Progress**

Since the January 26, 2012 Case Management Conference, the case has progressed as follows.

Per the Court's January 26, 2012 Minute Order and Case Management Order (Dkt. 108), the parties met and conferred on January 27, and numerous time thereafter, both in person and by

972030.8

1   telephone, regarding Plaintiffs' document requests.  On January 27, per the Court's Order (Dkt.

2   108), Plaintiffs publicly filed the unredacted Joint Case Management Statement.  (Dkt. 109.)

3        On January 30, per the Court's Order (Dkt. 108), Plaintiffs filed a status report indicating

4   their dismissal without prejudice of Plaintiffs' prayer for declaratory relief and claim under

5   section 16600 of the California Business and Professions Code.

6   **II.**   **Discovery**

7        Plaintiffs served their first set of requests for production of documents, and their first set

8   of interrogatories seeking identification of witnesses, on October 3, 2011.  Defendants produced

9   all documents in response to Requests Nos. 1-7 before the last Case Management Conference.

10  Following the lifting of the discovery stay on January 26, 2012, Plaintiffs served their second set

11  of interrogatories regarding Defendants' asserted justifications for their alleged agreements.

12  Defendants have served written responses to Plaintiffs' first and second set of interrogatories and

13  the remainder of Plaintiffs' first set of requests for production of documents, Nos. 8-54.

14  Following numerous meet and confer discussions among the parties regarding the scope and

15  logistics of production, including four in-person meetings, Defendants have begun their

16  production of documents in response to Requests Nos. 8-54 and have committed to rolling

17  productions with substantial compliance on or before the production deadline ordered by the

18  Court.

19       On February 17, 2012, Defendants served their first set of requests for production of

20  documents and their first set of interrogatories.  Plaintiffs responded to both on March 28, 2012

21  and began document production on April 4, 2012.  The parties met and conferred in-person

22  regarding Plaintiffs' responses on April 2, 2012.

23       Plaintiffs have served subpoenas on third parties and are meeting and conferring with

24  those third parties regarding the scope of their responses.  One of these third parties, Motorola

25  Mobility Holdings, Inc., filed a motion to quash in the Northern District of Illinois on February

26  23, 2012.  *See Motorola Mobility Holdings, Inc. v. Devine et al.*, Case No. 12-cv-01304 (N.D. Ill.)

27

28

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

972030.8

1   (Lefkow, J.) (Dkt. 1).  Plaintiffs opposed the motion.  *Id.* at Dkt. 8.  On March 5, Judge Lefkow

2   took the matter under submission without oral argument.  *Id.* at Dkt. 10.  Plaintiffs await a ruling.

3           On March 30, 2012, after extensive discussions, the parties filed a stipulation regarding

4   production format of electronically stored information. (Dkt. 114.)

5           The parties submit separate statements below summarizing the status of outstanding

6   discovery issues.

7   **III.    Outstanding Discovery Issues**

8           **A.      Plaintiffs' Statement**

9                   **1.      Defendants' Responses to Plaintiffs' Discovery Requests**

10          Plaintiffs are concerned with the current status of discovery.  Plaintiffs served Defendants

11  with Plaintiffs' First Request For Production of Documents over six months ago.  Aside from the

12  documents Defendants already produced to the United States Department of Justice, Defendants

13  did not produce a single document, or any data, until the filing deadline of this status report: April

14  11, 2012.[1]

15          Plaintiffs asked Defendants for an anticipated production schedule, and requested that

16  Defendants provide information regarding their forthcoming data productions so that Plaintiffs

17  may prepare to receive and analyze it, such as the approximate sizes, and the method or means by

18  which Defendants intend to produce it.  Several Defendants did not provide this information.

19  Today, Defendants produced several CD-ROMs with undetermined contents.  Plaintiffs are

20  analyzing the CD-ROMs to attempt to understand what has been produced.

21          After many conferences, and after exchanging many proposals and counterproposals, the

22  parties reached agreement on the production format of electronically stored information.  (Dkt.

23  114.)  Shortly thereafter, on April 2, the parties reached agreement on the scope of Defendants'

24  data production.  The parties also agreed that Defendants' collection of documents will occur on

25  two tracks.  The "first track" relies upon custodian interviews, among other efforts, to identify

26  responsive documents without the need to run search terms against ESI.  Second, Defendants

27

28  _____
[1] The one exception is Google, which began production a day earlier: April 10.

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

972030.8

agreed to produce ESI using custodians and search terms.  The parties agree on the scope of the first track, but continue to disagree regarding the scope of the second track.

The parties continue to meet and confer regarding the following issues:

- **_Supplemental collections from DOJ custodians._**  Certain Defendants have refused to collect additional documents from all of the custodians whose files were searched as part of the DOJ investigation.  These searches occurred in 2009 and have not been supplemented.  Thus, for some of the most important custodians in the case, certain Defendants intend not to supplement the original searches in 2009.  Defendants have agreed to conduct supplemental searches only for custodians Defendants consider to be "key," which do not include all custodians that were part of the DOJ collection.  Defendants should collect supplemental documents from all of the DOJ custodians.

- **_Relevant time period._**  The parties agree that the relevant time period for data production and track one document searching is January 1, 2001 through February 1, 2012.  The parties disagree on the relevant time period for track two ESI collection.  Plaintiffs ask that Defendants search documents created from January 1, 2003 through January 1, 2011 for a limited group of custodians.  Evidence created prior to, and following, the alleged conspiracy period is relevant to motive, damages, and Defendants' anticipated defenses.  Defendants seek to limit their search to documents created between January 1, 2004 and December 31, 2010.[2]

- **_Custodians and search terms._**  At Defendants' request, Plaintiffs provided suggested custodians and search terms.  Plaintiffs identified the following custodians: (a) individuals Defendants identified in their initial disclosures and individuals Defendants identified in their responses to Plaintiffs' interrogatories seeking identification of witnesses; and (b) specific custodians who likely have responsive information based upon Plaintiffs' review of the documents Defendants produced to the United States Department of Justice.  Certain Defendants have responded to this proposal by offering to search some custodians but not others.[3]  Other Defendants have not responded.

- **_Documents regarding agreements with third parties._**  On April 2, 2012, Defendants' counsel informed Plaintiffs' counsel that Defendants intended to withhold documents regarding agreements with all entities, other than Defendants, regardless of whether the evidence is uncovered in the process of searching for documents responsive to Plaintiffs' requests.  Defendants take the position such documents were not called for in the request.  In response, on April 4, Plaintiffs served Defendants with a second set of requests for production that seeks documents regarding agreements with third parties.  Defendants have not yet responded.

---

[2] In any case, Defendants should not withhold responsive documents they find based on a time period cut-off.

[3] A major issue here is whether Defendants will search the ESI of recruiters who knew of the agreements at issue, but who may not have directly participated in forming the agreements.  Plaintiffs seek this ESI for evidence regarding how the agreements were implemented and enforced.  Without documents from Defendants' employees charged with recruiting employees, it will be difficult for Plaintiffs to investigate how Defendants' agreements worked in practice, or how Defendants altered their conduct after the DOJ's investigation was made public.

1

## 2.    Defendants' Discovery Requests to Plaintiffs

2      On February 17, 2012, all Defendants served Plaintiffs with requests for production and

3   with interrogatories.  These requests include requests for a wide array of personal information of

4   no relevance to this case and with no discernable legitimate purpose.  For example, Defendants

5   seek all documents relating to Plaintiffs' employment throughout their entire lives, including all

6   "performance reviews," all "personnel files," all job applications, and all compensation

7   negotiations, with every employer Plaintiffs have ever had, both before and after Plaintiffs

8   worked for Defendants.  Defendants' requests have no time limitation, and are not limited to

9   documents regarding Plaintiffs' employment with Defendants.[4]  This is improper.  This is an

10   antitrust class action, not a wrongful termination case.  The relevant issues are the scope of

11   Defendants' conspiracy, its impact on compensation paid by Defendants to the class, and

12   damages.  Damages will be measured by the difference between what the class was paid, and

13   what the class would have paid, but for Defendants' conspiracy.  Plaintiffs do not seek damages

14   for lost employment opportunities.  These requests seek information of no relevance to Plaintiffs'

15   adequacy as class representatives, to calculating the damages of class members, or to Defendants'

16   liability.

17      Nonetheless, Plaintiffs responded to Defendants' discovery requests with substantive

18   answers to the interrogatories and with responses to the discovery requests in which Plaintiffs

19   agreed to produce responsive documents.  Plaintiffs provided information regarding their

20   employment with Defendants.  Plaintiffs also went beyond, and provided substantial information

21   regarding the jobs Plaintiffs held immediately prior to their employment with Defendants, and

22   information regarding Plaintiffs' employment immediately following their employment with

23   Defendants.[5]  Plaintiffs will also produce responsive documents from this period and have made

24   ──────────────────

[4] For example, Defendants' interrogatories ask Plaintiffs to "Describe every source of information

25   You have obtained or received about available Jobs or Compensation for Jobs other than Your

own."  Plaintiffs asked Defendants to limit requests of this kind to a time period relevant to this

26   case.  Instead, on April 5, Defendants wrote Plaintiffs and specifically rejected any time

restriction for this, and all other, requests.  This unreasonable position (that would require

27   Plaintiffs, for instance, to describe information received in elementary school regarding available

jobs delivering newspapers) is unduly burdensome and serves no legitimate purpose.

28   [5] This information included: the name and location of the previous and subsequent employers;

972030.8

1   themselves available for depositions.  Defendants indicated they seek to take the depositions in

2   the first two weeks of July.  Despite Plaintiffs' requests, Defendants have provided no legitimate

3   basis for their requests that go further than these parameters and have refused to compromise on

4   them.

5                    **3.      Future Status Conferences**

6           Given the progress of discovery, Plaintiffs request the Court conduct regular monthly

7   status conferences, in-person or by telephone, for the time being.  Status conferences focus issues,

8   advance the case, and encourage resolution of disputes.  For example, it is no coincidence

9   Defendants waited until the due date for this status report to begin producing documents and data.

10  Monthly status conferences are particularly important given the June 28, 2012 deadline for

11  Plaintiffs' motion for class certification and the November 30, 2012 fact discovery cutoff.

12           **B.      Defendants' Response**

13          Plaintiffs' description of the status of discovery is erroneous, and their suggestion that

14  defendants have delayed or impeded the process is unfounded.  Defendants agree, however, that

15  the parties are not at an impasse with respect to any discovery issues and hope to resolve the

16  remaining issues in short order. If any issue is unresolved after the meet and confer process is

17  completed, the parties will brief the issue so that it may be decided on a factual record.

18          **1. Plaintiffs' Discovery Requests.**

19          In addition to producing all documents responsive to the first seven requests of plaintiffs'

20  first set of document requests, defendants have begun producing data and documents responsive

21  to Nos. 8 to 54 of that set.  As originally served, the requests were unreasonably overbroad, as

22  plaintiffs conceded in a series of meet and confer sessions.  Indeed, the Court aptly referred to

23  them as the "more overbroad requests relating to hiring and recruiting" at the October 26, 2011

24  hearing.  Tr., p. 8.  Plaintiffs have also requested a massive amount of data, encompassing job

25  histories, education, salaries, benefits and compensation of defendants' employees and candidates

26

27  Plaintiffs' compensation at those employers; Plaintiffs' job titles; Plaintiffs' job duties; whether,
     and to what extent, Plaintiffs negotiated their compensation at those employers, and identification
     of the individuals at those employers with whom Plaintiffs negotiated; the reasons why Plaintiffs
28  left their previous employer; and the reasons why Plaintiffs left employment with Defendants.

- 6 -

1  who have applied to work for defendants from 2001 through February 2012.  Producing such

2  broad employee and candidate data has been a significant undertaking, and has raised serious

3  privacy concerns for defendants to address and resolve.

4        At the first meet and confer session on January 27, defendants proposed and plaintiffs

5  agreed that the purpose of the sessions would be to reach agreement on the scope of document

6  and data discovery, without unproductive exchanges of contentious letters, and that, if either side

7  felt insufficient progress was being made, they could immediately seek the intervention of

8  Magistrate Judge Lloyd.  The best evidence of the progress made during these extensive sessions

9  is that both sides agree that no impasse has been reached.

10        The parties' negotiations have succeeded in narrowing certain requests.  Defendants will

11  produce three types of documents on numerous topics identified in the 46 paragraphs, namely (1)

12  high-level documents, such as policies, manuals, summaries, and analyses relating to various

13  recruiting and compensation issues, to be collected through targeted searches; (2) general and

14  employee-level compensation and recruiting data pulled from Defendants' existing databases; and

15  (3) electronically-stored information collected from select key custodians and culled using a set of

16  focused search terms.  The only areas where agreement has not yet been reached are the time

17  period for the third category,[6] certain search terms and custodians, and whether defendants must

18  re-collect from custodians whose documents were already collected for the DOJ proceeding.[7]  On

19  all those issues, defendants have proposed reasonable compromises and are awaiting responses

20  from plaintiffs. This is what plaintiffs mean by saying that the parties "continue to meet and

21  confer regarding these issues."

---

22  [6] As to time period, plaintiffs seek to represent a class for damages from January 1, 2005 to
23  January 1, 2010.  The DOJ consent decree was entered in September 2010.  Defendants have
   agreed to produce the first two categories of documents noted above for January 1, 2001 through
24  February 1, 2012.  The parties recognize that a shorter time period, closer to the class period, is
   appropriate for the third category, ESI, given the greater burden of searching and the greater
25  likely volume.  Defendants propose January 1, 2004—one year before the class period—through
   December 31, 2010—a year after the class period.  Plaintiffs insist on adding another year on
26  both ends.

27  [7] Plaintiffs assert that defendants should re-collect documents from all employees whose files
   were searched for the DOJ production.  Plaintiffs have accepted the Pixar approach of re-
28  collecting from key custodians, instead of all custodians.  The other defendants are willing to
   follow the same approach.

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

972030.8

1   With agreement having been reached on most issues, defendants have begun searching for

2   and producing the agreed-on data and documents.  Several defendants have produced documents

3   and data this week, consistent with the priorities that plaintiffs identified.  For example, Google

4   produced various policies and other responsive "high-level" reports, analyses and studies, in

5   addition to an initial production of requested data.  Adobe produced its compensation data and

6   personnel files for plaintiffs. Pixar produced its compensation data and most of the recruiting data

7   from its HR database.  Lucasfilm began producing its documents on April 11, 2012.  Intel will

8   begin producing its data and documents this coming week.  Defendants intend to continue their

9   production of documents and data this month on a rolling basis, and to meet or beat the Court's

10  June 15 deadline for substantial completion.

11   In addition to producing data and documents, defendants have answered two sets of

12  interrogatories with information about the alleged agreements, persons knowledgeable about

13  them, and the pro-competitive justifications for them.  Plaintiffs have not raised any question

14  about the sufficiency of these responses

15      **2. Defendants' discovery requests.**

16   By contrast, plaintiffs have unreasonably resisted discovery sought by defendants.

17  Plaintiffs are trying to conceal their current and past addresses; any information about any jobs

18  they held other than the one with defendants and the one job just before and just after that job;

19  any "draft" resumes; and any facts that support their claim that they should have been paid more.

20   Plaintiffs do not and cannot assert that it would be unduly burdensome to provide this

21  information.  They assert only that the requested information is irrelevant and that their addresses

22  are private. But any privacy concern is more than met by the protective order.  And all of this

23  information is relevant. A key allegation in this case is that the five plaintiffs were allegedly

24  underpaid in light of their education, work experience, qualifications and other job opportunities.

25  The supposed cause of their under-compensation was that their job "mobility" was restricted by

26  the lack of cold-calling by certain other companies—a recruiting method that they allege is

27  "particularly effective" for employees with "advanced skills and abilities."  FAC, pars. 42, 45.

28

- 8 -      JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

972030.8

1   They also allege that "satisfied employees" tend to be "more qualified, harder working, and more

2   stable than those who are actively looking for employment." *Id.,* par. 43. In short, plaintiffs take

3   an unreasonably narrow view of relevancy when it comes to providing discovery, in sharp

4   contrast to the expansive view of relevancy they have taken when it comes to discovery against

5   defendants.

6         **3.**      **Future Status Conferences.**

7         Although we have no objection to the Court holding frequent status conferences, the

8   premise of plaintiffs' request for monthly status conferences—that defendants have not

9   cooperated in discovery to date—is demonstrably false.  As shown above, the parties have

10  worked hard, and in large part successfully, to negotiate a workable set of document and data

11  specifications from the 46 requests served by plaintiffs.  And defendants are on target to meet the

12  substantial completion deadline.

13

14                LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

15  Dated:  April 11, 2012        By:        */s/ Joseph R. Saveri*

16                                    Joseph R. Saveri

17                            Joseph R. Saveri (State Bar No. 130064)
        Eric B. Fastiff (State Bar No. 182260)

18                            Brendan P. Glackin (State Bar No. 199643)
        Dean M. Harvey (State Bar No. 250298)

19                            Anne B. Shaver (State Bar No. 255928)
        Katherine M. Lehe (State Bar No. 273472)

20                            275 Battery Street, 29th Floor
        San Francisco, CA  94111-3339

21                            Telephone:  (415) 956-1000
        Facsimile:  (415) 956-1008

22                            *Interim Lead Counsel for Plaintiff Class*

23

24

25

26

27

28

                              - 9 -        JOINT CASE MGMNT CONFERENCE STATEMENT
                                            Master Docket No. 11-CV-2509-LHK

1    Dated:  April 11, 2012          O'MELVENY & MYERS LLP

2
                                     By:        /s/ Michael F. Tubach
3                                               Michael F. Tubach

4                                    George Riley
                                     Michael F. Tubach
5                                    Lisa Chen
                                     Christina J. Brown
6                                    Two Embarcadero Center, 28th Floor
                                     San Francisco, CA  94111
7                                    Telephone:  (415) 984-8700
                                     Facsimile:   (415) 984-8701
8
                                     *Attorneys for Defendant APPLE INC.*
9

10   Dated:  April 11, 2012          KEKER & VAN NEST LLP

11
                                     By:        /s/ Daniel Purcell
12                                              Daniel Purcell

13                                   John W. Keker
                                     Daniel Purcell
14                                   Eugene M. Page
                                     Paula L. Blizzard
15                                   710 Sansome Street
                                     San Francisco, CA  94111
16                                   Telephone:  (415) 381-5400
                                     Facsimile:   (415) 397-7188
17
                                     *Attorneys for Defendant LUCASFILM LTD.*
18

19

20

21

22

23

24

25

26

27

28

                                     - 10 -
                                                     Master Docket No. 11-CV-2509-LHK

972030.8

1    Dated:  April 11, 2012            JONES DAY

2
                                       By:        /s/ David C. Kiernan
3                                                 David C. Kiernan

4                                      Robert A. Mittelstaedt
                                       Craig A. Waldman
5                                      David C. Kiernan
                                       Catherine T. Broderick
6                                      Craig E. Stewart
                                       555 California Street, 26th Floor
7                                      San Francisco, CA  94104
                                       Telephone:  (415) 626-3939
8                                      Facsimile:   (415) 875-5700

9                                      *Attorneys for Defendant ADOBE SYSTEMS, INC.*

10
     Dated:  April 11, 2012            JONES DAY
11

12
                                       By:        /s/ Robert A. Mittelstaedt
13                                                Robert A. Mittelstaedt

14                                     Robert A. Mittelstaedt
                                       Craig A. Waldman
15                                     David C. Kiernan
                                       Catherine T. Broderick
16                                     Craig E. Stewart
                                       555 California Street, 26th Floor
17                                     San Francisco, CA  94104
                                       Telephone:  (415) 626-3939
18                                     Facsimile:   (415) 875-5700

19                                     *Attorneys for Defendant INTUIT INC.*

20

21

22

23

24

25

26

27

28
                                       - 11 -        JOINT CASE MGMNT CONFERENCE STATEMENT
                                                     Master Docket No. 11-CV-2509-LHK

972030.8

Dated:  April 11, 2012       MAYER BROWN LLP


                             By:        */s/ Lee H. Rubin*
                                        Lee H. Rubin

                             Lee H. Rubin
                             Edward D. Johnson
                             Donald M. Falk
                             Two Palo Alto Square
                             3000 El Camino Real, Suite 300
                             Palo Alto, CA  94306-2112
                             Telephone:  (650) 331-2057
                             Facsimile:   (650) 331-4557

                             *Attorneys for Defendant GOOGLE INC.*


Dated:  April 11, 2012       BINGHAM McCUTCHEN LLP


                             By:        */s/ Frank M. Hinman*
                                        Frank M. Hinman

                             Donn P. Pickett
                             Frank M. Hinman
                             Three Embarcadero Center
                             San Francisco, CA  94111
                             Telephone:  (415) 393-2000
                             Facsimile:   (415) 383-2286

                             *Attorneys for Defendant INTEL CORPORATION*


Dated:  April 11, 2012       COVINGTON & BURLING LLP


                             By:        */s/ Emily Johnson Henn*
                                        Emily Johnson Henn

                             Robert T. Haslam, III
                             Emily Johnson Henn
                             333 Twin Dolphin Drive, Suite 700
                             Redwood City, CA  94065
                             Telephone:  (650) 632-4700

                             *Attorneys for Defendant PIXAR*


**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

the filing of this document has been obtained from all signatories.

- 12 -            JOINT CASE MGMNT CONFERENCE STATEMENT
                 Master Docket No. 11-CV-2509-LHK

972030.8