MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
  lrubin@mayerbrown.com
DONALD M. FALK (SBN 150256)
  dfalk@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
  wjohnson@mayerbrown.com
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2000
Facsimile  (650) 331-2060

MAYER BROWN LLP
KRISTEN A. ROWSE (SBN 235294)
  krowse@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:    (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT GOOGLE INC. S NOTICE OF ADMINISTRATIVE MOTION AND MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIV. L.R. 3-12 AND 7-11)** |

## NOTICE OF MOTION

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, defendant Google Inc. ("Google") hereby moves this Court to consider whether the case captioned *Ossie Santiago v. Intuit Inc.*, Case No. CV12-01262, filed on March 14, 2012 (the "Santiago Action"), and currently pending before the Honorable Howard Lloyd of the United States District Court for the Northern District of California, San Jose Division, should be related to the above-captioned matter (the "In Re HTEAL Action").

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, and the supporting Declaration of Lee H. Rubin ("Rubin Decl.") filed herewith.

Pursuant to Civil Local Rule 3-12(b), Google has served all known parties to each apparently related action with a copy of the Motion, and has lodged a chambers copy of the Motion with the assigned Judge in each apparently related case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.     The In Re HTEAL Action

On May 23, 2011, Defendants Google and Intuit, Inc. ("Intuit") (joined by their co-defendants) jointly removed the lawsuit captioned *Siddarth Hariharan v. Adobe Systems Inc.*, CV11-574066 (the "Hariharan Action"), to the Oakland division of this Court, where it was assigned to the Honorable Saundra Armstrong.  Dkt. # 1 (Joint Notice of Removal).  Subsequent to removal of several parallel actions to the Northern District, Defendants moved to relate the cases, and an order relating the actions was entered on July 27, 2011.  Dkt. # 52 (Order Granting Motion to Relate Cases).  On August 4, 2011, an order transferring all cases to this Court's San Jose division was entered.  Dkt. # 58 (Order That Cases Be Transferred).  On August 5, 2012, the cases were assigned to this Court.  Dkt. #60.  On September 12, 2011, this Court entered a stipulated order consolidating the related cases (the "In Re HTEAL Action").  Dkt. #64 (Order That Cases Are Hereby Consolidated).  On September 13, 2011, Plaintiffs filed an amended consolidated complaint.  The lawsuit is a putative class action in which Plaintiffs allege that they

1    and the putative class were harmed by several alleged discrete bilateral "no cold call" agreements

2    between the In Re HTEAL defendants.  Compl. ¶¶ 56-107.  Specifically, with respect to Google

3    and Intuit, Plaintiffs allege that the companies agreed "not to cold call each other's employees."

4    *Id*. ¶ 104.  Plaintiffs further allege that Google instructed its employees not to "cold call" Intuit's

5    employees, and that Intuit instructed its employees not to cold call Google's employees.  *Id*. ¶

6    106.  On the basis of these discrete alleged no cold call agreements, Plaintiffs assert claims under

7    Section 1 of the Sherman Act, California's Cartwright Act, and Sections 16600 and 17200 of the

8    California Business and Professions Code.  *Id.*  ¶ 5.  Plaintiffs' complaint also refers to consent

9    decrees entered into with the Department of Justice ("DOJ") between March 17, 2011 and June

10   3, 2011 by Google, Intuit, and the other In Re HTEAL defendants.  *Id*. ¶ 115.  Plaintiffs pray for,

11   *inter alia*, treble damages and restitution.  *Id*. ¶¶ 156-164.

12       **B.    The Santiago Action**

13       On March 14, 2012, the matter captioned *Santiago v. Intuit, Inc.*, CV12-1262, was filed

14   in this Court and initially assigned to the Honorable Howard Lloyd of the San Jose division.

15   Rubin Decl. Ex. A (Complaint). Contemporaneous with this motion, Google is filing a request

16   under Local Rule 73-1 that the case be reassigned to a district judge.

17       The Santiago Action is a putative class action.  *Id.* ¶¶ 20-24.  The lawsuit brings claims

18   against Google and Intuit  under Section 1 of the Sherman Act (*id.* ¶¶ 35-39), California's

19   Cartwright Act (*id.*  ¶¶ 40-46), and Sections 16600  and 17200 of the California Business and

20   Professions Code (*id.* ¶¶ 47-51 & ¶¶ 56-61).  Like plaintiffs in the In Re HTEAL Action, the

21   gravamen of Santiago's purported antitrust claims is that he and the putative class were harmed

22   by an alleged bilateral agreement between Google and Intuit providing that Google would not

23   recruit Intuit employees.  *Id*. ¶ 1.  As is the case with the In Re HTEAL Action, the allegations in

24   the Santiago Action refer to the DOJ consent decrees.  *Id*. ¶¶ 1, 11-12.  The Santiago Action also

25   prays for, *inter alia*, treble damages and restitution.  *Id.* (Prayer for Relief).  Google will be

26   asserting the same defenses in this action as in the In Re HTEAL Action.

27

28

2

1    The plaintiff in the Santiago Action, a former Intuit employee, also brings claims for

2    alleged wage and hour violations against Intuit only, on behalf of himself and a separate putative

3    class of Intuit employees, to which Intuit may have additional defenses.

4    **C.    The In Re HTEAL Action And The Santiago Action Are Related Cases**
     **Within the Meaning of Rule 3-12.**

5

6    The Santiago Action and In re HTEAL Action meet the definition of related cases under

7    Local Rule 3-12 both because (1) the antitrust portion of the Santiago Action concerns

8    substantially the same parties and events as the In Re HTEAL Action, and (2) because

9    proceeding separately before different judges as to the antitrust claim would result in unduly

10   burdensome duplication of labor and the risk of conflicting rulings.

11   The defendants named in the In Re HTEAL Action include Google and Intuit.  The

12   Santiago Action also names Google and Intuit as defendants.  The events that purportedly

13   underlie the In Re HTEAL Action and the antitrust portion of the Santiago Action are also the

14   same, as both lawsuits involve purported antitrust violations stemming from the same alleged

15   conduct by Google and Intuit.  Thus, the Santiago Action and the In Re HTEAL Action are

16   related because both actions concern substantially similar parties and substantially similar events.

17   Civ. L.R. 3-12(a)(1).

18   Further, to the extent the Santiago Action proceeds at all, there will likely be significant

19   overlap in the core discovery relating to liability in the In re HTEAL Action and antitrust portion

20   of the Santiago Action, as both cases focus on the allegations related to Google and Intuit's

21   alleged agreements not to cold call each other's employees.  *See* Civ. L.R. 3.12(a)(2).  Relating

22   these matters will avoid duplicative discovery and ensure that that there will not be conflicting

23   rulings as these proceedings unfold.  *See* Compl. ¶ 5; Rubin Decl. Ex. A, ¶¶ 35-61.  Accordingly,

24   the second prong for determining whether a case is related pursuant to Local Rule 3.12 is also

25   satisfied in this case.

26   / / /

27   / / /

28   / / /

3

1

## **CONCLUSION**

2       For the foregoing reasons, Google respectfully requests that the Court enter the

3 [Proposed] Order relating the Santiago Action to the instant action.

4 Dated:  April 17, 2012                 MAYER BROWN LLP

5

6                             By: _____/s/  Lee H. Rubin_____.

7                                  Lee H. Rubin

8                              Counsel for Defendant
GOOGLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4