Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | **Master Docket No. 11-CV-2509-LHK** |
| THIS DOCUMENT RELATES TO: | **DEFENDANT ADOBE SYSTEMS INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| ALL ACTIONS | **JURY DEMAND** |

SFI-733319v2

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Adobe Systems Inc. hereby answers the Consolidated Amended Complaint ("CAC") filed by plaintiffs' Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover ("Plaintiffs") on September 13, 2011.  Except as expressly admitted below, Adobe denies each and every allegation and claim in the CAC.

1.      The allegations in Paragraph 1 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  Adobe denies that it has engaged in a conspiracy to fix and suppress the compensation of its employees, denies that it entered into an interconnected web of express agreements to eliminate competition among Defendants for skilled labor, denies that it agreed to limit counter offers to candidates above initial offers, denies that it engaged in any unlawful conduct or violated any law and otherwise denies the allegations in Paragraph 1.

2.      The allegations in the first and second sentences of Paragraph 2 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations.  Answering the allegations in the third sentence of Paragraph 2, Adobe admits that Plaintiffs purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it engaged in any unlawful conduct or violated any law and otherwise denies the remaining allegations in Paragraph 2.[1]

[1] The Plaintiffs withdrew their claims under California Business and Professions Code § 16600, and the Court dismissed the Plaintiffs' claims under the California Business and Professions Code §§ 17200, et seq.  Order Granting In Part And Denying In Part Defendants' Joint Motion to Dismiss; Denying Lucasfilm Ltd.'s Motion to Dismiss, 8 & n.6, 29 (Apr. 18,

3.      Answering the allegations in the first sentence of Paragraph 3, Adobe admits that the DOJ conducted an investigation of Defendants' recruiting practices between  2009 and 2010 but otherwise denies the allegations.  Adobe denies the allegations in the second and third sentences that the DOJ made factual or legal findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1). That matter was resolved without litigation and was resolved "without trial or adjudication of any issue of fact or law."  *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Adobe denies that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise denies the remaining allegations in Paragraph 3.

4.      The allegations in the first sentence of Paragraph 4 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies that employees were injured by any alleged agreement involving Adobe.  Adobe otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 4 and on that basis denies the allegations.  Adobe denies the remaining allegations in Paragraph 4.

5.      Adobe admits that Plaintiffs seek damages and purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it violated any law and otherwise denies the allegations in Paragraph 5.  To the extent that the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of

_____

(continued…)

2012) (Doc. 119).  The Plaintiffs also withdrew their prayer for injunctive declaratory relief.  *Id.* at 8 n.7.

1    the allegations and on that basis denies them.

2        6.    The allegations in Paragraph 6 state legal conclusions to which no answer is

3    required.

4        7.    The allegations in Paragraph 7 state legal conclusions to which no answer is

5    necessary.  To the extent that an answer is deemed necessary and the allegations are directed at

6    other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

7    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

8    is deemed necessary and the allegations are directed at Adobe, Adobe admits that it conducts

9    business and is headquartered in the Northern District of California and that venue is proper to the

10   extent that this Court has subject matter jurisdiction and otherwise denies the allegations in

11   Paragraph 7.

12       8.    The allegations in Paragraph 8 state legal conclusions to which no answer is

13   necessary.  To the extent that an answer is deemed necessary and the allegations are directed at

14   other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

15   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

16   is deemed necessary and the allegations are directed at Adobe, Adobe admits that the Northern

17   District of California has personal jurisdiction over it for the purposes of this action but otherwise

18   denies the remaining allegations in Paragraph 8.

19       9.    The allegations in Paragraph 9 state legal conclusions to which no answer is

20   necessary.  To the extent that an answer is deemed necessary, Adobe denies the allegations in

21   Paragraph 9.

22       10.   The allegations in Paragraph 10 are not susceptible to being answered because of

23   their ambiguity and because they state legal conclusions to which no answer is required.  To the

24   extent that an answer is deemed necessary and the allegations are directed at other defendants or

25   third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations and on that basis denies them.  To the extent that an answer is deemed necessary

27   and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 10.

28       11.   The allegations in Paragraph 11 are not susceptible to being answered because of

SFI-733319v2

Adobe's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

their ambiguity and because they state legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that its employment relationship with Mr. Marshall was in Santa Clara County, California.  Adobe denies that its relationship with Mr. Devine was in California.  Mr. Devine was employed by Adobe in Washington.  Adobe otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies the allegations.

13.     To the extent that the allegations in Paragraph 13 are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Adobe denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Adobe denies the allegations in Paragraph 15.

16.     Answering the allegations in Paragraph 16, Adobe admits that from approximately October 2006 through July 7, 2008, Mr. Devine worked in the state of Washington as a software engineer for Adobe.  Adobe denies that Mr. Devine was injured in his business or property by reason of the allegations in the CAC.  Adobe otherwise lacks knowledge or information sufficient

to form a belief about the truth of the allegations in Paragraph 16 and on that basis denies the allegations.

17.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and on that basis denies the allegations.

18.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and on that basis denies the allegations.

19.     Answering the allegations in Paragraph 19, Adobe admits that from approximately July 2006 through December 2006 Mr. Marshall worked in Santa Clara County, California, as a software engineer for Adobe Systems Inc.  Adobe denies that Mr. Marshall was injured in his business or property by reason of the allegations in the CAC.  Adobe otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies the allegations.

20.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies the allegations.

21.     Answering the allegations in Paragraph 21, Adobe admits that it is a Delaware corporation with its principal place of business located at 345 Park Avenue, San Jose, California 95110.

22.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and on that basis denies the allegations.

23.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies the allegations.

24.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and on that basis denies the allegations.

25.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and on that basis denies the allegations.

26.     Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis denies the allegations.

27.     Adobe lacks knowledge or information sufficient to form a belief about the truth of

1    the allegations in Paragraph 27 and on that basis denies the allegations.

2          28.    The allegations in Paragraph 28 are not susceptible to being answered because of

3    their ambiguity and because they call for legal conclusions to which no answer is required.  To

4    the extent that an answer is deemed necessary and the allegations are directed at other defendants

5    or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

6    of the allegations and on that basis denies them.  To the extent that an answer is deemed

7    necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph

8    28.

9          29.    The allegations in Paragraph 29 are not susceptible to being answered because of

10   their ambiguity and because they call for legal conclusions to which no answer is required.  To

11   the extent that an answer is deemed necessary and the allegations are directed at other defendants

12   or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

13   of the allegations and on that basis denies them.  To the extent that an answer is deemed

14   necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph

15   29.

16         30.    Answering the allegations in Paragraph 30, Adobe admits that Plaintiffs purport to

17   bring this action on behalf of themselves and others.  Adobe denies that Plaintiffs have

18   established or can establish the prerequisites to certification and/or maintenance of the alleged

19   classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and otherwise denies the

20   allegations in Paragraph 30.

21         31.    Adobe denies the allegations in Paragraph 31.

22         32.    Adobe denies the allegations in Paragraph 32.

23         33.    Adobe denies the allegations in Paragraph 33.

24         34.    Adobe denies the allegations in Paragraph 34.

25         35.    Adobe denies the allegations in Paragraph 35.

26         36.    Adobe denies the allegations in Paragraph 36.

27         37.    Answering the allegations in Paragraph 37, Plaintiffs have withdrawn their request

28   for injunctive relief, so no answer is necessary.  To the extent that an answer is deemed necessary

and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 37.

38.     Adobe denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that it employed people in the United States, in California, and in the Northern District of California during the period of January 1, 2005 through January 1, 2010 and otherwise denies the allegations.

40.     The allegations in Paragraph 40 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits cold calling—soliciting a person about employment who had not previously contacted Adobe—is one recruiting technique. Adobe denies the remaining allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

1    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

2    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

3    is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

4    Paragraph 42.

5              43.     The allegations in Paragraph 43 are not susceptible to being answered because of

6    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

7    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

8    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

9    is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

10   Paragraph 43.

11             44.     The allegations in Paragraph 44 are not susceptible to being answered because of

12   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

13   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

14   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

15   is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations the

16   allegations in Paragraph 44.

17             45.     The allegations in Paragraph 45 are not susceptible to being answered because of

18   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

19   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

20   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

21   is deemed necessary and the allegations are directed at Adobe, Adobe admits that cold calling is

22   one recruiting technique used by Adobe and otherwise denies the remaining allegations in

23   Paragraph 45.

24             46.     The allegations in the first and second sentences of Paragraph 46 are not

25   susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed

26   necessary and the allegations are directed at other defendants or third-parties, Adobe lacks

27   knowledge or information sufficient to form a belief as to the truth of the allegations and on that

28   basis denies them.  To the extent that an answer is deemed necessary and the allegations are

1   directed at Adobe, Adobe denies the allegations in the first and second sentences.  Answering the

2   remaining allegations in Paragraph 46, Adobe admits that an employee may attempt to use an

3   offer from another firm to negotiate increased compensation from her current employer and

4   otherwise denies the remaining allegations in Paragraph 46.

5        47.    The allegations in Paragraph 47 are not susceptible to being answered because of

6   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

7   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

9   is deemed necessary and the allegations are directed at Adobe, Adobe lacks knowledge or

10  information sufficient to form a belief about the truth of the allegations in Paragraph 47 and on

11  that basis denies the allegations.

12       48.    The allegations in Paragraph 48 are not susceptible to being answered because of

13  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

14  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

15  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

16  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

17  Paragraph 48.

18       49.    The allegations in Paragraph 49 are not susceptible to being answered because of

19  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

20  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

21  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

22  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

23  Paragraph 49.

24       50.    The allegations in Paragraph 50 are not susceptible to being answered because of

25  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

26  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

27  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

28  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations.

51.     The allegations in Paragraph 51 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that it monitors and manages compensation levels to achieve certain goals, including maintaining certain compensation relationships among employees within the same employment categories; maintaining certain compensation relationships among employees across different employment categories (e.g., between junior engineers and senior engineers); maintaining employee morale and productivity; retaining employees; and attracting new employees.  Adobe otherwise denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that it sets baseline compensation levels for different employee categories that apply to all employees within those categories, that it compares baseline compensation levels across different employee categories, and that at times it modifies baseline compensation levels depending on a number of factors.  Adobe denies the remaining allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that the baseline compensation level for a position is a factor Adobe considers when deciding the compensation for a particular employee and otherwise denies the remaining allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are not susceptible to being answered because of

their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies allegations in Paragraph 54.

55.    The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 56.

57.    The allegations in Paragraph 57 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 57.

58.    Answering the allegations in Paragraph 58, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

59.    Answering the allegations in Paragraph 59, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

60.    Answering the allegations in Paragraph 60, Adobe lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis denies the allegations.

61.     Answering the allegations in Paragraph 61, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis denies the allegations.

62.     Answering the allegations in Paragraph 62, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis denies the allegations.

63.     Answering the allegations in Paragraph 63, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis denies the allegations.

64.     Answering the allegations in Paragraph 64, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and on that basis denies the allegations.

65.     Answering the allegations in Paragraph 65, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis denies the allegations.

66.     The allegations in Paragraph 66 are not susceptible to being answered because of their ambiguity and because they call for conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and on that basis denies the allegations.

67.     Answering the allegations in Paragraph 67, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis denies the allegations.

68.     Answering the allegations in Paragraph 68, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and on that basis denies the allegations.

Adobe's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

69.     Answering the allegations in Paragraph 69, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and on that basis denies the allegations.

70.     Answering the allegations in Paragraph 70, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and on that basis denies the allegations.

71.     Answering the allegations in Paragraph 71, to the extent that the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 72.

73.     Answering the allegations in Paragraph 73, Adobe admits that at times, to facilitate numerous collaborative endeavors, Adobe and Apple decided not to actively solicit each other's employees; hiring was never prohibited.  Adobe denies the remaining allegations in Paragraph 73.

74.     The allegations in Paragraph 74 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that a former Adobe senior executive and a former Apple senior executive decided that Adobe and Apple would not actively solicit each other's employees and that they had communications about the decision. Adobe denies the remaining allegations in Paragraph 74.

75.     The allegations in Paragraph 75 are not susceptible to being answered because of

their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that at times it decided not to, and asked its recruiters not to, actively solicit Apple employees in Santa Clara County and otherwise denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Adobe admits that, at times, to foster collaborations, Adobe and Apple decided not to actively solicit each other's employees. Adobe denies the remaining allegation in Paragraph 76.

77.     The allegations in Paragraph 77 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that at times it asked its recruiters not to actively solicit Apple employees and included Apple on its internal list of "Companies that are off limits," which was created and maintained in Santa Clara County. Adobe denies the remaining allegations in Paragraph 78.

79.     The allegations in Paragraph 79 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

Adobe's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1    is deemed necessary and the allegations are directed at Adobe, Adobe denies that there was a

2    conspiracy and otherwise denies the allegations in Paragraph 79.

3         80.    Answering the allegations in Paragraph 80, Adobe lacks knowledge or information

4    sufficient to form a belief about the truth of the allegations in Paragraph 80 and on that basis

5    denies the allegations.

6         81.    Answering the allegations in Paragraph 81, Adobe lacks knowledge or information

7    sufficient to form a belief about the truth of the allegations in Paragraph 81 and on that basis

8    denies the allegations.

9         82.    Answering the allegations in Paragraph 82, Adobe lacks knowledge or information

10   sufficient to form a belief about the truth of the allegations in Paragraph 82 and on that basis

11   denies the allegations.

12        83.    Answering the allegations in Paragraph 83, Adobe lacks knowledge or information

13   sufficient to form a belief about the truth of the allegations in Paragraph 83 and on that basis

14   denies the allegations.

15        84.    Answering the allegations in Paragraph 84, Adobe lacks knowledge or information

16   sufficient to form a belief about the truth of the allegations in Paragraph 84 and on that basis

17   denies the allegations.

18        85.    The allegations in Paragraph 85 are not susceptible to being answered because of

19   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

20   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

21   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

22   is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

23   Paragraph 85.

24        86.    Answering the allegations in Paragraph 86, Adobe lacks knowledge or information

25   sufficient to form a belief about the truth of the allegations in Paragraph 86 and on that basis

26   denies the allegations.

27        87.    Answering the allegations in Paragraph 87, Adobe lacks knowledge or information

28   sufficient to form a belief about the truth of the allegations in Paragraph 87 and on that basis

1    denies the allegations.

2         88.    Answering the allegations in Paragraph 88, Adobe lacks knowledge or information

3    sufficient to form a belief about the truth of the allegations in Paragraph 88 and on that basis

4    denies the allegations.

5         89.    Answering the allegations in Paragraph 89, Adobe lacks knowledge or information

6    sufficient to form a belief about the truth of the allegations in Paragraph 89 and on that basis

7    denies the allegations.

8         90.    Answering the allegations in Paragraph 90, Adobe lacks knowledge or information

9    sufficient to form a belief about the truth of the allegations in Paragraph 90 and on that basis

10   denies the allegations.

11        91.    Answering the allegations in Paragraph 91, Adobe lacks knowledge or information

12   sufficient to form a belief about the truth of the allegations in Paragraph 91 and on that basis

13   denies the allegations.

14        92.    Answering the allegations in Paragraph 92, Adobe lacks knowledge or information

15   sufficient to form a belief about the truth of the allegations in Paragraph 92 and on that basis

16   denies the allegations.

17        93.    Answering the allegations in Paragraph 93, Adobe lacks knowledge or information

18   sufficient to form a belief about the truth of the allegations in Paragraph 93 and on that basis

19   denies the allegations.

20        94.    Answering the allegations in Paragraph 94, Adobe lacks knowledge or information

21   sufficient to form a belief about the truth of the allegations in Paragraph 94 and on that basis

22   denies the allegations.

23        95.    Answering the allegations in Paragraph 95, Adobe lacks knowledge or information

24   sufficient to form a belief about the truth of the allegations in Paragraph 95 and on that basis

25   denies the allegations.

26        96.    Answering the allegations in Paragraph 96, Adobe lacks knowledge or information

27   sufficient to form a belief about the truth of the allegations in Paragraph 96 and on that basis

28   denies the allegations.

1    97.    Answering the allegations in Paragraph 97, Adobe lacks knowledge or information

2    sufficient to form a belief about the truth of the allegations in Paragraph 97 and on that basis

3    denies the allegations.

4    98.    The allegations in Paragraph 98 are not susceptible to being answered because of

5    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

6    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

7    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

8    is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

9    Paragraph 98.

10    99.    Answering the allegations in Paragraph 99, Adobe lacks knowledge or information

11    sufficient to form a belief about the truth of the allegations in Paragraph 99 and on that basis

12    denies the allegations.

13    100.    Answering the allegations in Paragraph 100, Adobe lacks knowledge or

14    information sufficient to form a belief about the truth of the allegations in Paragraph 100 and on

15    that basis denies the allegations.

16    101.    Answering the allegations in Paragraph 101, Adobe lacks knowledge or

17    information sufficient to form a belief about the truth of the allegations in Paragraph 101 and on

18    that basis denies the allegations.

19    102.    Answering the allegations in Paragraph 102, Adobe lacks knowledge or

20    information sufficient to form a belief about the truth of the allegations in Paragraph 102 and on

21    that basis denies the allegations.

22    103.    The allegations in Paragraph 103 are not susceptible to being answered because of

23    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

24    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

25    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

26    is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

27    Paragraph 103.

28    104.    Answering the allegations in Paragraph 104, Adobe lacks knowledge or

1   information sufficient to form a belief about the truth of the allegations in Paragraph 104 and on

2   that basis denies the allegations.

3       105.    Answering the allegations in Paragraph 105, Adobe lacks knowledge or

4   information sufficient to form a belief about the truth of the allegations in Paragraph 105 and on

5   that basis denies the allegations.

6       106.    Answering the allegations in Paragraph 106, Adobe lacks knowledge or

7   information sufficient to form a belief about the truth of the allegations in Paragraph 106 and on

8   that basis denies the allegations.

9       107.    Answering the allegations in Paragraph 107, Adobe lacks knowledge or

10  information sufficient to form a belief about the truth of the allegations in Paragraph 107 and on

11  that basis denies the allegations.

12      108.    The allegations in Paragraph 108 are not susceptible to being answered because of

13  their ambiguity and because they state conclusions of law to which no answer is necessary.  To

14  the extent that an answer is deemed necessary and the allegations are directed at other defendants

15  or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

16  of the allegations and on that basis denies them.  To the extent that an answer is deemed

17  necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph

18  108.

19      109.    The allegations in Paragraph 109 are not susceptible to being answered because of

20  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

21  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

22  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

23  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

24  Paragraph 109.

25      110.    The allegations in Paragraph 110 are not susceptible to being answered because of

26  their ambiguity and because they state conclusions of law to which no answer is necessary.  To

27  the extent that an answer is deemed necessary and the allegations are directed at other defendants

28  or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

1    of the allegations and on that basis denies them.  To the extent that an answer is deemed

2    necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph

3    110.

4          111.   The allegations in Paragraph 111 are not susceptible to being answered because of

5    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

6    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

7    belief as to the truth of the allegations and on that basis denies them.  To the extent an answer is

8    deemed necessary and the allegations are directed at Adobe, Adobe admits that the DOJ

9    conducted an investigation related to certain employment practices of defendants, and it admits

10   that the DOJ issued a Civil Investigative Demand to Adobe and that Adobe produced documents

11   to the DOJ.  Adobe otherwise denies the allegations in Paragraph 111.

12         112.   Adobe admits the allegations in the first and second sentences of Paragraph 111.

13   The allegations in the third sentence in Paragraph 111 are not susceptible to being answered

14   because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations

15   are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient

16   to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that

17   an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the

18   allegations in Paragraph 111.

19         113.   The allegations in Paragraph 112 are not susceptible to being answered because of

20   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

21   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

22   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

23   is deemed necessary and the allegations are directed at Adobe, Adobe lacks knowledge or

24   information about the DOJ's actual conclusions and on that basis denies the allegations.  Adobe

25   denies the allegations in the second and third sentences that the DOJ made factual or legal

26   findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in

27   *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No.

28   1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  That matter was resolved without

1   litigation and was resolved "without trial or adjudication of any issue of fact or law." *United*

2   *States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-

3   01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Adobe denies that it engaged in any

4   unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise

5   denies the remaining allegations in Paragraph 112.

6          114.    The allegations in Paragraph 112 are not susceptible to being answered because of

7   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

8   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

9   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

10  is deemed necessary and the allegations are directed at Adobe, Adobe lacks knowledge or

11  information about the DOJ's actual conclusions and on that basis denies the allegations.  The

12  quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v.*

13  *Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-

14  RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  Adobe denies that it engaged in any unlawful conduct or

15  violated any law, denies each allegation in the quoted text, and otherwise denies the remaining

16  allegations in Paragraph 113.

17         115.    Answering the allegations in the first and second sentences of Paragraph 114,

18  Adobe admits that that the DOJ filed complaints against Adobe, Apple, Google, Intel, Intuit, and

19  Pixar on September 24, 2010 and against Lucasfilm and Pixar on December 21, 2010 regarding

20  bilateral non-solicit agreements, but litigation did not follow.  Answering the allegations in the

21  third sentence of Paragraph 114, Adobe admits that the stipulated proposed final judgment filed

22  by the DOJ entered in the case states that "[t]he Complaint states a claim upon which relief may

23  be granted against the Defendants."  Adobe otherwise denies the allegations in Paragraph 114.

24         116.    The allegations in Paragraph 115 are not susceptible to being answered because of

25  their ambiguity and because they state conclusions of law to which no answer is necessary.  To

26  the extent that an answer is deemed necessary, Adobe answers that the Final Judgments speak for

27  themselves and otherwise denies the allegations in Paragraph 115.

28         117.    The allegations in Paragraph 116 are not susceptible to being answered because of

SFI-733319v2

- 20 -

1    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

2    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

3    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

4    is deemed necessary and the allegations are directed at Adobe, Adobe admits that it has

5    acknowledged that Adobe and Apple decided not to actively solicit each other's employees and

6    otherwise denies the allegations in Paragraph 116.

7            118.    The allegations in Paragraph 117 are not susceptible to being answered because of

8    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

9    at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

10   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

11   is deemed necessary and the allegations are directed at Adobe, Adobe admits the DOJ did not

12   pursue monetary penalties from the Defendants.  Adobe otherwise denies the allegations in

13   Paragraph 117.

14           119.    Adobe denies the allegations in Paragraph 118.

15                                **FIRST CLAIM FOR RELIEF**

16           120.    Adobe repeats and incorporates by reference paragraphs 1 through 118 as if fully

17   set forth herein.

18           121.    Adobe denies the allegations in Paragraph 120.

19           122.    Adobe denies the allegations in Paragraph 121.

20           123.    Adobe denies the allegations in Paragraph 122.

21           124.    Adobe denies the allegations in Paragraph 123.

22           125.    Adobe denies the allegations in Paragraph 124.

23           126.    Adobe denies the allegations in Paragraph 125.

24           127.    Adobe denies the allegations in Paragraph 126.

25                                **SECOND CLAIM FOR RELIEF**

26           128.    Adobe repeats and incorporates by reference paragraphs 1 through 126 as if fully

27   set forth herein.

28           129.    Adobe denies the allegations in Paragraph 128.

SFI-733319v2

Adobe's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

130.    Adobe denies the allegations in Paragraph 129.

131.    Adobe denies the allegations in Paragraph 130.

132.    Adobe denies the allegations in Paragraph 131.

133.    Adobe denies the allegations in Paragraph 132.

134.    Adobe denies the allegations in Paragraph 133.

135.    Adobe denies the allegations in Paragraph 134.

136.    Adobe denies the allegations in Paragraph 135.

**THIRD CLAIM FOR RELIEF**

Paragraphs 136 through 143 of the Consolidated Amended Complaint consist of Plaintiffs' withdrawn Third Claim for Relief under California Business and Professions Code § 16600, to which no response is necessary.  To the extent that an answer is deemed necessary, Adobe denies the allegations in Paragraphs 136 through 143.

**FOURTH CLAIM FOR RELIEF**

Paragraphs 144 through 152 of the Consolidated Amended Complaint consist of Plaintiffs' dismisses Fourth Claim for Relief under California Business and Professions Code §§ 17200, et seq., to which no response is necessary.  To the extent that an answer is deemed necessary, Adobe denies the allegations in Paragraphs 144 through 152.

**PRAYER FOR RELIEF**

The remaining Paragraphs 153 through 164 of the Consolidated Amended Complaint consist of Plaintiffs' Prayer For Relief to which no response is necessary.  To the extent that an answer is deemed necessary, Adobe denies the allegations in Paragraphs 153 through 164.

**AFFIRMATIVE DEFENSES**

Adobe sets forth below its affirmative defenses.  Each defense is asserted as to all claims against Adobe.  By setting forth these affirmative defenses, Adobe does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

Adobe reserves the right to amend or supplement its affirmative defenses and raise

SFI-733319v2

1  counterclaims as additional facts concerning its defenses become known to it.

2          As separate and distinct affirmative defenses, Adobe alleges as follows:

3                          **FIRST AFFIRMATIVE DEFENSE**

4          Plaintiffs' Consolidated Amended Complaint, in whole or in part, fails to state any claim

5  upon which relief can be granted against Adobe.

6                        **SECOND AFFIRMATIVE DEFENSE**

7          The Plaintiffs and/or others claimed to be members of the putative class lack standing to

8  assert their claims and/or to seek some or all of the requested relief.

9                          **THIRD AFFIRMATIVE DEFENSE**

10          The Plaintiffs and/or putative class members have sustained no injury in fact or damages

11  caused by any act or omission of Adobe.

12                        **FOURTH AFFIRMATIVE DEFENSE**

13          The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

14  because they have not suffered and will not suffer any injury that is cognizable under the antitrust

15  laws.

16                          **FIFTH AFFIRMATIVE DEFENSE**

17          Adobe's alleged activities do not give rise to antitrust liability, because they did not result

18  in adverse effects on competition or, in the alternative, any such effects were outweighed by the

19  pro-competitive benefits of the activities.

20                          **SIXTH AFFIRMATIVE DEFENSE**

21          The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

22  because Adobe has at all times and in all relevant matters acted reasonably, serving legitimate

23  business purposes, in furtherance of trade, in good faith, and with the purpose and effect of

24  promoting, encouraging, or increasing competition.  Adobe has not acted with the purpose or

25  intent to suppress or restrain competition.

26                        **SEVENTH AFFIRMATIVE DEFENSE**

27          The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

28  because any of Adobe's acts or practices that are the subject of the Consolidated Amended

SFI-733319v2

Adobe's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

- 23 -

1   Complaint were economically justified and resulted from a good-faith effort to meet competition

2   or market conditions.

3                                     **EIGHTH AFFIRMATIVE DEFENSE**

4           The Plaintiffs' and/or putative class members' claims are barred, in whole or in part, by

5   the applicable statutes of limitations and/or the doctrine of laches.

6                                     **NINTH AFFIRMATIVE DEFENSE**

7           The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

8   under the doctrines of waiver and/or estoppel.

9                                     **TENTH AFFIRMATIVE DEFENSE**

10          The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

11  because the alleged damages sought are too speculative and uncertain and because of the

12  impossibility of ascertaining and allocating those damages.

13                                   **ELEVENTH AFFIRMATIVE DEFENSE**

14          The Plaintiffs and/or putative class members are barred from recovery of any damages

15  because of and to the extent of their failure to mitigate damages.

16                                   **TWELFTH AFFIRMATIVE DEFENSE**

17          Adobe is entitled to set off of any amounts paid to the Plaintiffs and/or putative class

18  members by any defendants other than Adobe, including defendants who settle.

19                                   **THIRTEENTH AFFIRMATIVE DEFENSE**

20          The Consolidated Amended Complaint fails to allege fraudulent concealment with

21  particularity.

22                                   **FOURTEENTH AFFIRMATIVE DEFENSE**

23          The Plaintiffs' and/or putative class members' claims are barred to the extent that they

24  agreed to arbitration or chose a different forum for the resolution of their claims.

25                                   **FIFTEENTH AFFIRMATIVE DEFENSE**

26          Any injuries or damages the Plaintiffs and/or putative class members suffered were caused

27  solely and proximately by the acts and omissions of others.

28

| | |
|---|---|
| 1 | **SIXTEENTH AFFIRMATIVE DEFENSE** |
| 2 | To the extent that any actionable conduct occurred, the Plaintiffs' and/or putative class |
| 3 | members' claims against Adobe are barred because all such conduct would have been committed |
| 4 | by individuals acting ultra vires. |
| 5 | **SEVENTEENTH AFFIRMATIVE DEFENSE** |
| 6 | The Plaintiffs' and/or putative class members' claims are barred, in whole or in part, due |
| 7 | to release, discharge, and/or settlement. |
| 8 | **EIGHTEENTH AFFIRMATIVE DEFENSE** |
| 9 | Adobe adopts by reference any applicable defense pleaded by any other defendant not |
| 10 | otherwise expressly set forth herein. |

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Adobe prays as follows:

3

1.       That Plaintiffs take nothing by reason of their Consolidated Amended Complaint,

4

and that judgment be rendered in favor of Adobe.

5

2.       That the Court dismiss the Consolidated Amended Complaint in its entirety, with

6

prejudice;

7

3.       That Adobe be awarded its costs of suit and attorney's fees incurred in this action

8

(including all costs and fees associated with collecting, processing, and reviewing documents

9

including electronically stored information), to the maximum extent permitted by law; and

10

4.       For such other relief as the Court deems proper.

11

**DEMAND FOR JURY TRIAL**

12

Adobe hereby demands trial by jury in this action on all matters triable to a jury.

13

14

Dated: May 21, 2012                          Respectfully submitted,

15

JONES DAY

16

By: /s/David C. Kiernan
                                                  David C. Kiernan

17

18

ROBERT A. MITTELSTAEDT (Bar No. 60359)
ramittelstaedt@jonesday.com
CRAIG A. WALDMAN (Bar No. 229943)

19

cwaldman@jonesday.com
DAVID C. KIERNAN (Bar No. 215335)

20

dkiernan@jonesday.com
555 California Street, 26th Floor

21

San Francisco, CA 94104
Telephone: (415) 626-3939

22

Facsimile: (415) 875-5700

23

Attorneys for Defendant Adobe Systems, Inc.

24

25

26

27

28

SFI-733319v2

Adobe's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK