Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
Catherine Zeng #251231
czeng@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Intuit Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DEFENDANT INTUIT INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Intuit Inc. hereby answers the Consolidated Amended Complaint ("CAC") filed by plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover ("Plaintiffs") on September 13, 2011.  Except as expressly admitted below, Intuit denies each and every allegation and claim in the CAC.

1.      The allegations in Paragraph 1 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies that it engaged in any unlawful conduct or violated any law and otherwise denies the allegations in Paragraph 1.

2.      The allegations in the first and second sentences of Paragraph 2 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations. Answering the allegations in the third sentence of Paragraph 2, Intuit admits that Plaintiffs purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it engaged in any unlawful conduct or violated any law and otherwise denies the remaining allegations in Paragraph 2.[1]

---

[1] The Plaintiffs withdrew their claims under California Business and Professions Code § 16600, and the Court dismissed the Plaintiffs' claims under the California Business and Professions Code §§ 17200, et seq.  Order Granting In Part And Denying In Part Defendants' Joint Motion to Dismiss; Denying Lucasfilm Ltd.'s Motion to Dismiss, 8 & n.6, 29 (Apr. 18, 2012) (Doc. 119).  The Plaintiffs also withdrew their prayer for injunctive declaratory relief. *Id.* at 8 n.7.

3.     Answering the allegations in the first sentence of Paragraph 3, Intuit admits that the DOJ conducted an investigation of Defendants' recruiting practices between 2009 and 2010 but otherwise denies the allegations.  Intuit denies the allegations in the second and third sentences that the DOJ made factual or legal findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1) [hereinafter "DOJ Complaint"].  That case was resolved "without trial or adjudication of any issue of fact or law." *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Intuit denies that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise denies the remaining allegations in Paragraph 3.

4.     The allegations in the first sentence of Paragraph 4 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies that employees were injured by any alleged agreement involving Intuit.  Intuit otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 4 and on that basis denies the allegations.  Intuit denies the remaining allegations in Paragraph 4.

5.     Answering the allegations in Paragraph 5, Intuit admits that Plaintiffs seek damages and purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it violated any law and otherwise denies the allegations in Paragraph 5.  To the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

6.     The allegations in Paragraph 6 state legal conclusions to which no answer is necessary.

7.      The allegations in Paragraph 7 state legal conclusions to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that it conducts business and is headquartered in the Northern District of California and that venue is proper to the extent that this Court has subject matter jurisdiction and otherwise denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 state legal conclusions to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that the Northern District of California has personal jurisdiction over it for the purposes of this action but otherwise denies the remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 state legal conclusions to which no answer is necessary.  To the extent that an answer is deemed necessary, Intuit denies the allegations in Paragraph 9.

10.      The allegations in Paragraph 10 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 10.

11.      The allegations in Paragraph 11 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the

allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that its employment relationship with Mr. Stover was in Santa Clara County, California.  Intuit otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies the allegations.

13.     To the extent that the allegations in Paragraph 13 are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Intuit denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Intuit denies the allegations in Paragraph 15.

16.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and on that basis denies the allegations.

17.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and on that basis denies the allegations.

18.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and on that basis denies the allegations.

19.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies the allegations.

20.     Answering the allegation in Paragraph 20, Intuit admits that from October 2006 to December 2009, Mr. Stover was employed in the County of Santa Clara by Intuit, and that during a portion of that period his job title was software engineer.  Intuit denies that Mr. Stover was injured in his business or property by reason of the allegations in the CAC.  Intuit otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies the allegations.

21.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and on that basis denies the allegations.

22.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and on that basis denies the allegations.

23.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies the allegations.

24.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and on that basis denies the allegations.

25.     Answering the allegations in Paragraph 25, Intuit admits that it is a Delaware corporation and that its principal place of business is in Mountain View, California.  Intuit otherwise denies the allegations in Paragraph 25.

26.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis denies the allegations.

27.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and on that basis denies the allegations.

28.     The allegations in Paragraph 28 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 29.

30.     Answering the allegations in Paragraph 30, Intuit admits that Plaintiffs purport to bring this action on behalf of themselves and others.  Intuit denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and otherwise denies the allegations in Paragraph 30.

31.     Intuit denies the allegations in Paragraph 31.

32.     Intuit denies the allegations in Paragraph 32.

33.     Intuit denies the allegations in Paragraph 33.

34.     Intuit denies the allegations in Paragraph 34.

35.     Intuit denies the allegations in Paragraph 35.

36.     Intuit denies the allegations in Paragraph 36.

37.     Answering the allegations in Paragraph 37, Plaintiffs have withdrawn their request for injunctive relief, so no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 37.

38.     Intuit denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

1    is deemed necessary and the allegations are directed at Intuit, Intuit admits that it employed

2    people in the United States, in California, and in the Northern District of California during the

3    period of January 1, 2005 through January 1, 2010 and otherwise denies the allegations in

4    Paragraph 39.

5            40.     The allegations in Paragraph 40 are not susceptible to being answered because of

6    their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

7    at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

8    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

9    is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

10   Paragraph 40.

11           41.     The allegations in Paragraph 41 are not susceptible to being answered because of

12   their ambiguity and because they call for legal conclusions to which no answer is required.  To

13   the extent that an answer is deemed necessary and the allegations are directed at other defendants

14   or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of

15   the allegations and on that basis denies them.  To the extent that an answer is deemed necessary

16   and the allegations are directed at Intuit, Intuit admits that cold calling is one recruiting technique.

17   Intuit denies the remaining allegations in Paragraph 41.

18           42.     The allegations in Paragraph 42 are not susceptible to being answered because of

19   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

20   at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

21   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

22   is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

23   Paragraph 42.

24           43.     The allegations in Paragraph 43 are not susceptible to being answered because of

25   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

26   at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

27   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

28

Intuit's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that cold calling is one recruiting technique used by Intuit and otherwise denies the remaining allegations in Paragraph 45.

46.     The allegations in the first and second sentences of Paragraph 46 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in the first and second sentences.  Answering the remaining allegations in Paragraph 46, Intuit admits that an employee may attempt to use an offer from another firm to negotiate increased compensation from her current employer and otherwise denies the remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

is deemed necessary and the allegations are directed at Intuit, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and on that basis denies the allegations.

48.    The allegations in Paragraph 48 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 48.

49.    The allegations in Paragraph 49 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 50.

51.    The allegations in Paragraph 51 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that it monitors and manages compensation levels to achieve certain goals, including: maintaining employee morale

and productivity; retaining employees; and attracting new employees.  Intuit otherwise denies the allegations in Paragraph 51.

52.    The allegations in Paragraph 52 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 52.

53.    The allegations in Paragraph 53 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 53.

54.    The allegations in Paragraph 54 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 54.

55.    The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 57.

58.     Answering the allegations in Paragraph 58, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies the allegations.

59.     Answering the allegations in Paragraph 59, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies the allegations.

60.     Answering the allegations in Paragraph 60, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis denies the allegations.

61.     Answering the allegations in Paragraph 61, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis denies the allegations.

62.     Answering the allegations in Paragraph 62, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis denies the allegations.

63.     Answering the allegations in Paragraph 63, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis denies the allegations.

64.     Answering the allegations in Paragraph 64, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and on that basis denies the allegations.

65.     Answering the allegations in Paragraph 65, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis denies the allegations.

66.     The allegations in Paragraph 66 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions.  To the extent that an answer is deemed necessary, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and on that basis denies the allegations.

67.     Answering the allegations in Paragraph 67, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis denies the allegations.

68.     Answering the allegations in Paragraph 68, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and on that basis denies the allegations.

69.     Answering the allegations in Paragraph 69, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and on that basis denies the allegations.

70.     Answering the allegations in Paragraph 70, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and on that basis denies the allegations.

71.     Answering the allegations of Paragraph 71, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 71.

72.     Answering the allegations in Paragraph 72, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and on that basis denies the allegations.

73.     Answering the allegations in Paragraph 73, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and on that basis denies the allegations.

74.     Answering the allegations in Paragraph 74, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and on that basis denies the allegations.

75.     Answering the allegations in Paragraph 75, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and on that basis denies the allegations.

76.     Answering the allegations in Paragraph 76, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and on that basis denies the allegations.

77.     Answering the allegations in Paragraph 77, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and on that basis denies the allegations.

78.     Answering the allegations in Paragraph 78, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and on that basis denies the allegations.

79.     The allegations in Paragraph 79 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies that there was a conspiracy and otherwise denies the allegations in Paragraph 79.

80.     Answering the allegations in Paragraph 80, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and on that basis denies the allegations.

81.     Answering the allegations in Paragraph 81, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and on that basis denies the allegations.

82.     Answering the allegations in Paragraph 82, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and on that basis denies the allegations.

83.     Answering the allegations in Paragraph 83, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and on that basis denies the allegations.

84.     Answering the allegations in Paragraph 84, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and on that basis denies the allegations.

85.     The allegations in Paragraph 85 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 85.

86.     Answering the allegations in Paragraph 86, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and on that basis denies the allegations.

87.     Answering the allegations in Paragraph 87, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and on that basis denies the allegations.

88.     Answering the allegations in Paragraph 88, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and on that basis denies the allegations.

89.     Answering the allegations in Paragraph 89, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and on that basis denies the allegations.

90.     Answering the allegations in Paragraph 90, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and on that basis denies the allegations.

91.     Answering the allegations in Paragraph 91, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and on that basis denies the allegations.

92.     Answering the allegations in Paragraph 92, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and on that basis denies the allegations.

93.     Answering the allegations in Paragraph 93, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and on that basis denies the allegations.

94.     Answering the allegations in Paragraph 94, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and on that basis denies the allegations.

95.     Answering the allegations in Paragraph 95, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and on that basis denies the allegations.

96.     Answering the allegations in Paragraph 96, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and on that basis denies the allegations.

97.     Answering the allegations in Paragraph 97, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and on that basis denies the allegations.

98.     The allegations in Paragraph 98 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 98.

99.     Answering the allegations in Paragraph 99, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and on that basis denies the allegations.

100.     Answering the allegations in Paragraph 100, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101.     Answering the allegations in Paragraph 101, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and on that basis denies the allegations.

102.     Answering the allegations in Paragraph 102, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and on that basis denies the allegations.

103.     Intuit denies the allegations in the first sentence of Paragraph 103.  Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 103 and on that basis denies them.

104.     Intuit denies the allegations in Paragraph 104.

105.     Answering the allegations in Paragraph 105, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to

form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 105.

106.    Answering the allegations in Paragraph 106, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 106.

107.    Answering the allegations in Paragraph 107, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 110.

111.   The allegations in Paragraph 111 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that the DOJ conducted an investigation related to certain employment practices of defendants, and it admits that the DOJ issued a Civil Investigative Demand to Intuit and that Intuit produced documents to the DOJ. Intuit otherwise denies the allegations in Paragraph 111.

112.   The allegations in Paragraph 112 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit lacks knowledge or information about the DOJ's actual conclusions and on that basis denies the allegations.  Intuit denies the allegations in the second and third sentences that the DOJ made factual or legal findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  That case was resolved "without trial or adjudication of any issue of fact or law."  *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Intuit denies that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise denies the remaining allegations in Paragraph 112.

113.   The allegations in Paragraph 113 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit lacks knowledge or

information about the DOJ's actual conclusions and on that basis denies the allegations.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  Intuit denies that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise denies the remaining allegations in Paragraph 113.

114.    Answering the allegations in the first and second sentences of Paragraph 114, Intuit admits that that the DOJ filed complaints against Adobe, Apple, Google, Intel, Intuit, and Pixar on September 24, 2010 and against Lucasfilm and Pixar on December 21, 2010 regarding bilateral non-solicit agreements.  Answering the allegations in the third sentence of Paragraph 114, Intuit admits that the final judgment entered in the case states that "[t]he Complaint states a claim upon which relief may be granted against the Defendants."  Intuit otherwise denies the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Intuit answers that the Final Judgments speak for themselves and otherwise denies the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits the DOJ did not

1  pursue monetary penalties from the Defendants.  Intuit otherwise denies the allegations in

2  Paragraph 117.

3        118.  Intuit denies the allegations in Paragraph 118.

4  **FIRST CLAIM FOR RELIEF**

5        119.  Intuit repeats and incorporates by reference paragraphs 1 through 118 as if fully set

6  forth herein.

7        120.  Intuit denies the allegations in Paragraph 120.

8        121.  Intuit denies the allegations in Paragraph 121.

9        122.  Intuit denies the allegations in Paragraph 122.

10        123.  Intuit denies the allegations in Paragraph 123.

11        124.  Intuit denies the allegations in Paragraph 124.

12        125.  Intuit denies the allegations in Paragraph 125.

13        126.  Intuit denies the allegations in Paragraph 126.

14  **SECOND CLAIM FOR RELIEF**

15        127.  Intuit repeats and incorporates by reference paragraphs 1 through 126 as if fully set

16  forth herein.

17        128.  Intuit denies the allegations in Paragraph 128.

18        129.  Intuit denies the allegations in Paragraph 129.

19        130.  Intuit denies the allegations in Paragraph 130.

20        131.  Intuit denies the allegations in Paragraph 131.

21        132.  Intuit denies the allegations in Paragraph 132.

22        133.  Intuit denies the allegations in Paragraph 133.

23        134.  Intuit denies the allegations in Paragraph 134.

24        135.  Intuit denies the allegations in Paragraph 135.

25  **THIRD CLAIM FOR RELIEF**

26        Paragraphs 136 through 143 of the Consolidated Amended Complaint consist of

27  Plaintiffs' withdrawn Third Claim for Relief under California Business and Professions Code

28

Intuit's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1  § 16600, to which no response is necessary.  To the extent that an answer is deemed necessary,

2  Intuit denies the allegations in Paragraphs 136 through 143.

3  **FOURTH CLAIM FOR RELIEF**

4  Paragraphs 144 through 152 of the Consolidated Amended Complaint consist of

5  Plaintiffs' dismisses Fourth Claim for Relief under California Business and Professions Code §§

6  17200, et seq., to which no response is necessary.  To the extent that an answer is deemed

7  necessary, Intuit denies the allegations in Paragraphs 144 through 152.

8  **PRAYER FOR RELIEF**

9  The remaining Paragraphs 153 through 164 of the Consolidated Amended Complaint

10  consist of Plaintiffs' Prayer For Relief to which no response is necessary.  To the extent that an

11  answer is deemed necessary, Intuit denies the allegations in Paragraphs 153 through 164.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**AFFIRMATIVE DEFENSES**

2      Intuit sets forth below its affirmative defenses.  Each defense is asserted as to all claims

3 against Intuit.  By setting forth these affirmative defenses, Intuit does not assume the burden of

4 proving any fact, issue, or element of a cause of action where such burden properly belongs to the

5 Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an admission that

6 any particular issue or subject matter is relevant to the Plaintiffs' allegations.

7      Intuit reserves the right to amend or supplement its affirmative defenses and raise

8 counterclaims as additional facts concerning its defenses become known to it.

9      As separate and distinct affirmative defenses, Intuit alleges as follows:

10

**FIRST AFFIRMATIVE DEFENSE**

11      Plaintiffs' Consolidated Amended Complaint, in whole or in part, fails to state any claim

12 upon which relief can be granted against Intuit.

13

**SECOND AFFIRMATIVE DEFENSE**

14      The Plaintiffs and/or others claimed to be members of the putative class lack standing to

15 assert their claims and/or to seek some or all of the requested relief.

16

**THIRD AFFIRMATIVE DEFENSE**

17      The Plaintiffs and/or putative class members have sustained no injury in fact or damages

18 caused by any act or omission of Intuit.

19

**FOURTH AFFIRMATIVE DEFENSE**

20      The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

21 because they have not suffered and will not suffer any injury that is cognizable under the antitrust

22 laws.

23

**FIFTH AFFIRMATIVE DEFENSE**

24      Intuit's alleged activities do not give rise to antitrust liability, because they did not result

25 in adverse effects on competition or, in the alternative, any such effects were outweighed by the

26 pro-competitive benefits of the activities.

27

**SIXTH AFFIRMATIVE DEFENSE**

28      The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

1   because Intuit has at all times and in all relevant matters acted reasonably, serving legitimate

2   business purposes, in furtherance of trade, in good faith, and with the purpose and effect of

3   promoting, encouraging, or increasing competition.  Intuit has not acted with the purpose or intent

4   to suppress or restrain competition.

5                          **SEVENTH AFFIRMATIVE DEFENSE**

6          The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

7   because any of Intuit's acts or practices that are the subject of the Consolidated Amended

8   Complaint were economically justified and resulted from a good-faith effort to meet competition

9   or market conditions.

10                         **EIGHTH AFFIRMATIVE DEFENSE**

11         The Plaintiffs' and/or putative class members' claims are barred, in whole or in part, by

12   the applicable statutes of limitations and/or the doctrine of laches.

13                          **NINTH AFFIRMATIVE DEFENSE**

14         The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

15   under the doctrines of waiver and/or estoppel.

16                          **TENTH AFFIRMATIVE DEFENSE**

17         The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

18   because the alleged damages sought are too speculative and uncertain and because of the

19   impossibility of ascertaining and allocating those damages.

20                         **ELEVENTH AFFIRMATIVE DEFENSE**

21         The Plaintiffs and/or putative class members are barred from recovery of any damages

22   because of and to the extent of their failure to mitigate damages.

23                         **TWELFTH AFFIRMATIVE DEFENSE**

24         Intuit is entitled to set off of any amounts paid to the Plaintiffs and/or putative class

25   members by any defendants other than Intuit, including defendants who settle.

26                        **THIRTEENTH AFFIRMATIVE DEFENSE**

27         The Consolidated Amended Complaint fails to allege fraudulent concealment with

28   particularity.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' and/or putative class members' claims are barred to the extent that they agreed to arbitration or chose a different forum for the resolution of their claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages the Plaintiffs and/or putative class members suffered were caused solely and proximately by the acts and omissions of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that any actionable conduct occurred, the Plaintiffs' and/or putative class members' claims against Intuit are barred because all such conduct would have been committed by individuals acting ultra vires.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' and/or putative class members' claims are barred, in whole or in part due to release, discharge, and/or settlement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Intuit adopts by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Intuit prays as follows:

1.      That Plaintiffs take nothing by reason of their Consolidated Amended Complaint, and that judgment be rendered in favor of Intuit.

2.      That the Court dismiss the Consolidated Amended Complaint in its entirety, with prejudice;

3.      That Intuit be awarded its costs of suit and attorney's fees incurred in this action (including all costs and fees associated with collecting, processing, and reviewing documents including electronically stored information), to the maximum extent permitted by law; and

4.      For such other relief as the Court deems proper.

1

## DEMAND FOR JURY TRIAL

2        Intuit hereby demands trial by jury in this action on all matters triable to a jury.

3

Dated: May 21, 2012                          Respectfully submitted,

4
                                             JONES DAY
5

6                                            By: /s/Craig E. Stewart
                                                 Craig E. Stewart
7
                                             Robert A. Mittelstaedt #60359
8                                            ramittelstaedt@jonesday.com
                                             Craig E. Stewart #129530
9                                            cestewart@jonesday.com
                                             Catherine Zeng #251231
10                                           czeng@jonesday.com
                                             555 California Street, 26th Floor
11                                           San Francisco, CA 94104
                                             Telephone: (415) 626-3939
12                                           Facsimile: (415) 875-5700

13                                           Attorneys for Defendant Intuit Inc.

14     SFI-733229v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Intuit's Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK