ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Telephone:      (650) 632-4700
Facsimile:      (650) 632-4800

DEBORAH A. GARZA (*pro hac vice*)
dgarza@cov.com
JONATHAN HERCZEG (*pro hac vice*)
jherczeg@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:      (202) 662-6000
Facsimile:      (202) 662-6291

Attorneys for Defendant
PIXAR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT PIXAR'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Defendant Pixar answers Plaintiffs' Consolidated Amended Complaint ("Complaint") and provides affirmative defenses to the allegations in the Complaint as follows. Unless specifically admitted, Pixar denies all allegations and claims contained in the Complaint.

Pixar's answer is limited to the allegations of the Complaint concerning Pixar and its conduct.  Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the acts, conduct, intent or knowledge of others.

**ANSWER**

Pixar admits that Plaintiffs purport to bring this action as stated in the preamble to the Complaint.

**I.  SUMMARY OF THE ACTION**

1.      Pixar admits that Plaintiffs purport to allege a conspiracy as described in Paragraph 1. To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 1.

2.      Pixar denies the allegations set forth in the first two sentences of Paragraph 2.  Pixar admits that Plaintiffs purport to bring this action pursuant to the laws cited in the third sentence of Paragraph 2, to the extent those claims for relief have not already been dismissed.  To the extent not expressly admitted, Pixar denies the allegations set forth in the third sentence of Paragraph 2.  Pixar denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any relief.

3.      Pixar admits that the Department of Justice ("DOJ") conducted an investigation into Pixar's recruiting practices beginning in approximately 2009.  Pixar denies that it violated any law or other regulation.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 3.

4.      Pixar lacks information sufficient to admit or deny the allegations set forth in the first sentence of Paragraph 4.  Pixar otherwise denies the allegations set forth in Paragraph 4.

**II.  JURISDICTION AND VENUE**

5.      Pixar admits that Plaintiffs purport to bring this action pursuant to the laws cited in Paragraph 4, to the extent those claims for relief have not already been dismissed.  To the extent

not expressly admitted, Pixar denies the allegations set forth in Paragraph 5, denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to relief.

6.      Paragraph 6 contains a conclusion of law to which no response is required.

7.      Paragraph 7 contains a conclusion of law to which no response is required.

8.      Paragraph 8 contains a conclusion of law to which no response is required.

## III.  Choice of Law

9.      Paragraph 9 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 9.

10.      Pixar denies the allegations set forth in Paragraph 10.

11.      Pixar denies the allegations set forth in Paragraph 11.

12.      Pixar denies the allegations set forth in Paragraph 12 and denies that Plaintiffs' claims are the proper subject of class certification.

13.      Pixar denies the allegations set forth in Paragraph 13.

14.      Paragraph 14 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 14.

15.      Paragraph 15 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar lacks information sufficient to admit or deny the allegations set forth in Paragraph 15.

## IV.  THE PARTIES

**A.      Plaintiffs**

16.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 16.  Pixar denies the allegations set forth in the third sentence of Paragraph 16.

17.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 17.  Pixar denies the allegations set forth in the third sentence of Paragraph 17.

18.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 18.  Pixar denies the allegations set forth in the third sentence of Paragraph 18.

19.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 19.  Pixar denies the allegations set forth in the third sentence of Paragraph 19.

20.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 20.  Pixar denies the allegations set forth in the third sentence of Paragraph 20.

**B.       <u>Defendants</u>**

21.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21.

22.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22.

23.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23.

24.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24.

25.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25.

26.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26.

27.      Pixar admits the allegations set forth in Paragraph 27.

28.      Pixar denies the allegations set forth in Paragraph 28 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 28 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28.

29.     Pixar denies the allegations set forth in Paragraph 29 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 29 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29.

## V. CLASS ALLEGATIONS

30.     Pixar admits that Plaintiffs purport to represent a putative class as Plaintiffs have defined it in Paragraph 30.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 30 and denies that Plaintiffs' claims are the proper subject of class certification.

31.     Pixar denies the allegations set forth in Paragraph 31.

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 32.

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 33.

34.     Paragraph 34 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 34.

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 35.

36.     Pixar denies the allegations set forth in Paragraph 36.

37.     Paragraph 37 contains conclusions of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 37.

38.     Paragraph 38 contains conclusions of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 38.

## VI.  FACTUAL ALLEGATIONS

To the extent sub-headings of Part VI of Plaintiffs' Complaint make any allegations that require a response, Pixar denies them.

39.     Pixar denies the allegations set forth in Paragraph 39.

40.     Paragraph 40 contains conclusions of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 40.

41.     Pixar denies the allegations set forth in the first sentence of Paragraph 41.  Pixar admits that Plaintiffs have defined "cold-calling" to include "communicating directly in any manner (including orally, in writing, telephonically, or electronically) with another firm's employee who has not otherwise applied for a job opening."  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 41.

42.     Pixar denies the allegations set forth in Paragraph 42.

43.     Pixar denies the allegations set forth in Paragraph 43.

44.     Pixar denies the allegations set forth in Paragraph 44.

45.     Pixar denies the allegations set forth in Paragraph 45.

46.     Pixar denies the allegations set forth in the first two sentences of Paragraph 46.  Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third and fourth sentences of Paragraph 46.

47.     Pixar denies the allegations set forth in Paragraph 47.

48.     Pixar denies the allegations set forth in Paragraph 48.

49.     Pixar denies the allegations set forth in Paragraph 49.

50.     Pixar denies the allegations set forth in Paragraph 50.

51.     To the extent the allegations in paragraph 51 relate to Pixar, Pixar admits that it monitors and manages compensation levels to achieve its legitimate business objectives.  To the extent the allegations set forth in Paragraph 51 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 51.

52.     To the extent the allegations set for with paragraph 52 relate to Pixar, Pixar admits that it establishes salary ranges for categories of employees and that it updates salary ranges from time to time.  To the extent the allegations set forth in Paragraph 52 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 52.

53.     Pixar admits that from time to time it engages in negotiations regarding compensation levels with individual employees.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 53.

54.     Pixar denies the allegations set forth in Paragraph 54.

55.     Pixar denies the allegations set forth in Paragraph 55.

56.     Pixar denies the allegations set forth in Paragraph 56.

57.     Pixar admits the allegations set forth in Paragraph 57.

58.     Pixar denies the allegations set forth in Paragraph 58.

59.     Pixar denies the allegations set forth in Paragraph 59.  Pixar admits that it had an understanding with Lucasfilm that the companies' recruiters would not cold call employees of the other company  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 59.

60.     Pixar denies the allegations set forth in Paragraph 60.  Pixar admits that Pixar and Lucasfilm had an understanding to notify each other after making an offer to an employee of the other company.

61.     Pixar denies the allegations set forth in the first two sentences of Paragraph 61.  Pixar admits that Pixar and Lucasfilm had an understanding that if Pixar extended an offer of employment to a current employee of Lucasfilm, Pixar would not counter-offer if that candidate received a different offer from Lucasfilm.

62.     Pixar denies the allegations set forth in Paragraph 62.  Pixar admits that its Vice President of Human Resources prepared a document that she believed reflected an understanding between Pixar and Lucasfilm, and which she circulated to certain Pixar personnel.  Pixar admits that its Vice President of Human Resources later sent this document to two senior managers at Lucasfilm.  To the extent they relate to Lucasfilm, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 62.  Unless expressly admitted, Pixar denies the allegations set forth in Paragraph 62.

63.     Pixar denies the allegations set forth in Paragraph 63.

1    64.    Pixar denies the allegations set forth in Paragraph 64.

2    65.    Pixar admits that its personnel communicated with Lucasfilm personnel regarding an

3    understanding with Lucasfilm.  To the extent not expressly admitted, Pixar denies the

4    allegations set forth in Paragraph 65.

5    66.    Pixar admits that its Vice President of Human Resources prepared a document that she

6    believed reflected an understanding between Pixar and Lucasfilm in Emeryville, California.  To

7    the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 66.

8    67.    Pixar denies the allegations set forth in the first sentence of Paragraph 67.  Pixar admits

9    that it informed employees in Emeryville, California about an understanding with Lucasfilm.

10   To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 67.

11   68.    Pixar admits that, there were occasions on which it notified Lucasfilm that it had made

12   an offer of employment to a Lucasfilm employee.  To the extent not expressly admitted, Pixar

13   denies the allegations set forth in Paragraph 68.

14   69.    Pixar denies the allegations set forth in Paragraph 69.

15   70.    Pixar denies the allegations set forth in Paragraph 70.

16   71.    Pixar denies the allegations set forth in Paragraph 71.

17   72.    To the extent Paragraph 72 makes any allegations with respect to Pixar, Pixar denies

18   them.  To the extent they relate to other Defendants, Pixar denies knowledge or information

19   sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 72.

20   73.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

21   of the allegations set forth in Paragraph 73.

22   74.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

23   of the allegations set forth in Paragraph 74.

24   75.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

25   of the allegations set forth in Paragraph 75.

26   76.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

27   of the allegations set forth in Paragraph 76.

28

1    77.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

2    of the allegations set forth in Paragraph 77.

3    78.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

4    of the allegations set forth in Paragraph 78.

5    79.      To the extent the allegations set forth in Paragraph 79 relate to Pixar, Pixar denies them.

6    To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient

7    to form a belief as to the truth or falsity of the allegations set forth in Paragraph 79.

8    80.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

9    of the allegations set forth in Paragraph 80.

10   81.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

11   of the allegations set forth in Paragraph 81.

12   82.      To the extent the allegations set forth in Paragraph 82 relate to Pixar, Pixar denies them.

13   To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient

14   to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82.

15   83.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

16   of the allegations set forth in Paragraph 83.

17   84.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity

18   of the allegations set forth in Paragraph 84.

19   85.      To the extent the allegations set forth in Paragraph 85 relate to Pixar, Pixar denies them.

20   To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient

21   to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82.

22   86.      Pixar denies the allegations set forth in Paragraph 86.

23   87.      Pixar admits that Steven P. Jobs continued his direct participation in Pixar's operations

24   and had a significant role in the oversight of Pixar after the Walt Disney Company acquired

25   Pixar in May 2006.  Pixar admits the allegations of the second and third sentences set forth in

26   Paragraph 87.  Pixar further admits that beginning in 2006, Mr. Jobs sat on the Board of

27   Directors of The Walt Disney Company and served on a Steering Committee that oversaw

28

| DEFENDANT PIXAR'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT Master Docket No. 11-CV-2509-LHK | 9 | |

Pixar's business operations.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 87.

88.     Pixar denies the allegations set forth in Paragraph 88.

89.     Pixar denies the allegations set forth in Paragraph 89.

90.     Pixar denies the allegations set forth in Paragraph 90 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 90 relate only to Apple, Pixar denies knowledge or information sufficient to form a belief as to their truth or falsity.

91.     Pixar denies the allegations set forth in Paragraph 91 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 90 relate only to Apple, Pixar denies knowledge or information sufficient to form a belief as to their truth or falsity.

92.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 92.

93.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 93.

94.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 94.

95.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 95.

96.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 96.

97.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 97.

98.     Pixar denies the allegations set forth in Paragraph 98 to the extent they relate to Pixar. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 98.

99.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 99.

100.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 100.

101.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 101.

102.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 102.

103.    Pixar denies the allegations set forth in Paragraph 103 to the extent they relate to Pixar. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 103.

104.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 104.

105.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 105.

106.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 106.

107.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 107.

108.    Pixar denies the allegations set forth in Paragraph 108.

109.    Pixar denies the allegations set forth in Paragraph 109.

110.    Pixar denies the allegations set forth in Paragraph 110.

111.    Pixar admits that the DOJ conducted an investigation into Pixar's recruiting practices beginning in approximately 2009. Pixar further admits that Pixar produced documents to the DOJ and that the DOJ interviewed one Pixar employee. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 111.

112-115. In response to Paragraphs 112-115, Pixar admits that on September 24, 2010 the Department of Justice filed against Pixar and other defendants a Complaint, Stipulated Final Judgment and other papers in the United States District Court for the District of Columbia, and

that the District Court entered the Final Judgment in that matter on March 17, 2011.  Pixar respectfully refers to those papers themselves for a full and accurate description of their contents.  Pixar denies that the Department of Justice filed a Complaint against Lucasfilm and Pixar on December 21, 2010.  Pixar admits that on that date the Department of Justice filed against Lucasfilm a Complaint, Stipulated Final Judgment, and other papers in the United States District Court for the District of Columbia, and that the District Court entered the Final Judgment in that matter on June 3, 2011.  Pixar respectfully refers to those papers themselves for a full and accurate description of their contents.  To the extent not expressly admitted, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraphs 112-115.

116.     Pixar denies the allegations set forth in Paragraph 116 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 116 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 116.

117.     To the extent they relate to Pixar, Pixar admits the allegations set forth in the introductory clause to Paragraph 117 up to and including the phrase "of any kind against Defendants."  To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the introductory clause of Paragraph 117.  As to the allegations set forth in the remainder of Paragraph 117, Pixar denies knowledge or information sufficient to form a belief as to their truth or falsity.

118.     Pixar denies the allegations set forth in Paragraph 118.

### FIRST CLAIM FOR RELIEF

#### (*Violations of Section 1 of the Sherman Act, 15 U.S.C. § 1*)

119.     To the extent sub-heading "Violations of Section 1 of the Sherman Act, 15 U.S.C. § 1" makes any allegations that require a response, Pixar denies them.  Pixar incorporates by reference each of its preceding responses in answer to Paragraph 119.

120.     Pixar denies the allegations set forth in Paragraph 120.

121.    Pixar denies the allegations set forth in Paragraph 121.

122.    Pixar denies the allegations set forth in Paragraph 122.

123.    Pixar denies the allegations set forth in Paragraph 123.

124.    Pixar denies the allegations set forth in Paragraph 124.

125.    Paragraph 125 is a conclusion of law that does not require a response.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 125.

126.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 126.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 26 and denies that Plaintiffs are entitled to any of the relief sought.

### SECOND CLAIM FOR RELIEF

### *(Violations of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, et seq.)*

127.    To the extent sub-heading "Violations of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, et seq." makes any allegations that require a response, Pixar denies them.  Pixar incorporates by reference each of its preceding responses in answer to Paragraph 127.

128.    Pixar denies the allegations set forth in Paragraph 128.

129.    Pixar denies the allegations set forth in Paragraph 129.

130.    Pixar denies the allegations set forth in Paragraph 130.

131.    Pixar denies the allegations set forth in Paragraph 131.

132.    Paragraph 132 is a conclusion of law that does not require a response.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 132.

133.    Pixar denies the allegations set forth in Paragraph 133.

134.    Paragraph 134 is a conclusion of law that does not require a response.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 134.

135.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 135.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 135, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any of the relief sought.

1

2

**THIRD CLAIM FOR RELIEF**

(***Violations of Cal. Bus. & Prof. Code § 16660***)

136-143.        To the extent sub-heading "Violations of Cal. Bus. & Prof. Code § 16660" makes any allegations that require a response, Pixar denies them.  Plaintiffs have dismissed their claims under Cal. Bus. & Prof. Code § 16600 (Dkt. No. 111).  Accordingly, no response is required to Paragraphs 136-143.  To the extent a response is required, Pixar denies the allegations set forth in Paragraphs 136-143.

**FOURTH CLAIM FOR RELIEF**

(***Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.***)

144-152.        To the extent sub-heading "Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq." makes any allegations that require a response, Pixar denies them.  The Court granted Defendants' joint motion to dismiss Plaintiffs claims under Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Dkt. No. 119).  Accordingly, no response is required to Paragraphs 144-152.  To the extent a response is required, Pixar denies the allegations set forth in Paragraphs 144-152.

**PRAYER FOR RELIEF**

In response to the "WHEREFORE" clause following the section entitled "Prayer for Relief," Pixar denies that Plaintiffs are entitled to any relief sought.

153.    Pixar admits that Plaintiffs purport to seek a judgment as set forth in Paragraph 153. Pixar denies the allegations set forth in Paragraph 153 and denies that Plaintiffs are entitled to any relief sought.

154.    Pixar admits that Plaintiffs purport to seek a judgment as set forth in Paragraph 154. Pixar denies the allegations set forth in Paragraph 154, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any relief sought.

155.    Pixar admits that Plaintiffs purport to seek a judgment as set forth in Paragraph 155. Pixar denies the allegations set forth in Paragraph 155, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any part of the judgment sought.

28

156.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 156.  Pixar denies the allegations set forth in Paragraph 156, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any of the relief sought.

157.     Plaintiffs have dismissed their claims under Cal. Bus. & Prof. Code § 16600 (Dkt. No. 111).  Accordingly, no response is required to Paragraph 157.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 157, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any relief sought.

158.     The Court granted Defendants' joint motion to dismiss Plaintiffs claims under Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Dkt. No. 119).  Accordingly, no response is required to Paragraph 158.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 158, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any relief sought.

159.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 159.  Pixar denies the allegations set forth in Paragraph 159, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any of the relief sought.

160.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 160.  Pixar denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to any of the relief sought.

161.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 161.  Pixar denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to any of the relief sought.

162.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 162.  Pixar denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to any of the relief sought.

163.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 163.  Pixar denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to any of the relief sought.

164.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 164.  Pixar denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Pixar asserts the following affirmative defenses to Plaintiffs' alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Pixar or the other Defendants in this action, such expression does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claim.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims in Plaintiffs' Complaint are barred, in whole or in part, by the doctrines of waiver, release, estoppel, laches, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs and putative class members lack standing to maintain their claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of putative class members are barred, in whole or in part, because neither Plaintiffs nor the putative class members have suffered antitrust injury.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot maintain this case as a class action because they fail to satisfy the prerequisites set forth in Rules 23(a), (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of putative class members are barred, in whole or in part, by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were not proximately caused by any act or omission related to Pixar.

1

## EIGHTH AFFIRMATIVE DEFENSE

2

Plaintiffs' alleged damages are speculative.

3

## NINTH AFFIRMATIVE DEFENSE

4

Plaintiffs have failed to mitigate their damages.

5

## TENTH AFFIRMATIVE DEFENSE

6

Plaintiffs' claims and those of putative class members are barred, in whole or in part,

7

because Plaintiffs received a benefit from Defendants' alleged conduct.

8

## ELEVENTH AFFIRMATIVE DEFENSE

9

Plaintiffs' claims and those of putative class members are barred, in whole or in part,

10

because the claims are subject to arbitration.

11

## TWELFTH AFFIRMATIVE DEFENSE

12

Pixar hereby gives notice that it intends to rely upon any other defense that may become

13

available or appear during the discovery proceedings in this case and hereby reserves its rights

14

to amend its Answer to assert any such defenses.

15

## PRAYER FOR RELIEF

16

WHEREFORE, having stated its answer and affirmative defenses, Defendant

17

Pixar prays for relief as follows:

18

1.   That this lawsuit be dismissed with prejudice;

19

2.   That no class action be permitted under Fed. R. Civ. P. 23 and no class certified under Fed.

20

R. Civ. P. 23(c);

21

3.   For attorneys' fees and costs as permitted by law; and

22

4.   For such other and further relief as this Court deems just and proper.

23

24

25

26

27

28

1

2
                                        Respectfully submitted,

3          Dated:  May 21, 2012              /s/ *Emily Johnson Henn*
                                        ROBERT T. HASLAM (S.B. #71134)
4                                       rhaslam@cov.com
                                        EMILY JOHNSON HENN (S.B. #269482)
5                                       ehenn@cov.com
                                        COVINGTON & BURLING LLP
6                                       333 Twin Dolphin Dr., Suite 700
                                        Redwood Shores, CA  94065
7                                       Telephone:     (650) 632-4700
                                        Facsimile:      (650) 632-4800
8

9                                       DEBORAH A. GARZA (*pro hac vice*)
                                        dgarza@cov.com
10                                      JONATHAN HERCZEG (*pro hac vice*)
                                        jherczeg@cov.com
11                                      COVINGTON & BURLING LLP
                                        1201 Pennsylvania Avenue NW
12                                      Washington, DC 20004
                                        Telephone:     (202) 662-6000
13                                      Facsimile:      (202) 662-6291

14
                                        Attorneys for Defendant
15                                      PIXAR

16

17

18

19

20

21

22

23

24

25

26

27

28