Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Interim Lead Counsel for Plaintiff Class*

Joseph R. Saveri (State Bar No. 130064)
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 6-3** |

**INTRODUCTORY STATEMENT**

Pursuant to Civil Local Rule 6-3, Plaintiffs hereby move the Court to extend the time to file their motion for class certification from June 28, 2012 to October 26, 2012. Due to the status of Defendants' ongoing data and document productions, Plaintiffs submit that a continuance is critical.

While the law does not require a full-blown merits analysis at the class certification stage,[1] it does require Plaintiffs to define the class and to proffer methods capable of proving violation, impact, and damages to the class. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* No. M 02-1486 PJH, 2006 WL 1530166, at *24-25 (N.D. Cal. June 5, 2006) ("Plaintiffs need only advance a plausible methodology to demonstrate that antitrust injury can be proven on a class-wide basis."). Plaintiffs will require a complete data set, as well as time to analyze it and related documents, in order to define the class and arrive at the necessary "plausible methodology" of proving harm using generalized evidence. *Id*. Knowing this, and with the timing of production within their control, Defendants oppose this motion.

**ARGUMENT**

**I.   Legal Standard**

The Court may grant an extension of time under Federal Rule of Civil Procedure 6 for "good cause" – a "non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (finding abuse of discretion where district court denied request for extension in light of holiday weekend and local rules leaving short time for filing). *See also Sommer v. United States*, No. 09-2093, 2011 U.S. Dist. LEXIS 101119, *11 (S.D. Cal. Sept. 8, 2011) ("the party seeking the extension must show that, 'even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order.'") (citations omitted).

**II.   Defendants' Delay In Data And Document Production Has Impeded Plaintiffs' Ability To Prepare Their Class Certification Motion.**

In its October 26, 2011 Case Management Order, the Court set June 15, 2012 as the

---

[1] *See Meijer v. Abbott Labs.*, 2008 U.S. Dist. LEXIS 78219, *9-10 (N.D. Cal. Aug. 27, 2008); *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir. 1983).

deadline for substantial completion document production, and June 28, 2012 as the deadline for Plaintiffs' class certification motion. (Dkt. No. 88.) Despite months of meet and confer efforts, however, Defendants' document and data productions are still incomplete as of the date of this motion. This has a cascading effect on deposition discovery and expert analysis, and accordingly on Plaintiffs' ability to effectively meet the June 28, 2012 deadline. The delay in production, and resulting prejudice to Plaintiffs' ability to prepare their motion, constitutes good cause for an extension.

At the outset of this action, Plaintiffs' proposed schedule included a deadline for Defendants to complete production of responsive employee data. (Oct. 19, 2011 Joint Case Management Conference Statement, Dkt. No. 84 at 19.) Plaintiffs' proposed schedule included four months from that milestone before the deadline to file the class certification motion. *Id*. Plaintiffs' initial review of Defendants' data confirms the necessity of that four month period.

### A. Data production is incomplete.

Plaintiffs' motion for class certification requires an analysis of Defendants' employee compensation, recruiting information, and other data. Following the parties' Rule 26(f) conference on October 3, 2011, Plaintiffs asked Defendants to produce responsive databases in their entirety so that Plaintiffs could promptly receive complete data. *See* the accompanying Declaration of Anne B. Shaver ("Shaver Decl."), ¶ 6. Instead, Defendants have insisted on producing databases or subsets of databases at their choosing. *Id*. Defendants also refused to produce any data until the parties agreed on every substantive data topic. *Id*. The parties then engaged in months of negotiations. Thus, while Plaintiffs served document requests seeking the data on October 3, 2011, Defendants only began producing the data on April 9, 2012. These productions remain incomplete, and additional productions continue on a near daily basis. *Id*. In fact, Plaintiffs received data productions from Pixar and Intuit on May 24, 2012, and from Intel on May 23, 2012. *Id*.

Upon receipt of each data production, Plaintiffs conducted an initial analysis to identify gaps and questions. Shaver Decl., ¶ 7. As of this writing, Defendants have produced over 248 different datasets including nearly 20 million separate observations. *Id*., ¶ 5. Plaintiffs are

1 reviewing this data with their experts and have identified significant gaps, such as missing
2 compensation and recruiting data for up to seven year periods of time.  *Id*., ¶ 7 (detailing missing
3 data).  After an initial review of each production, Plaintiffs have written each Defendant and
4 requested informal conferences between Plaintiffs' experts and Defendants' knowledgeable
5 employees to resolve these questions as soon possible.  *Id*., ¶ 9.  Some of the Defendants have
6 refused such informal conferences altogether, while others have insisted on first exhausting other
7 options, such as written answers to questions and teleconferences among attorneys.  *Id*.  The
8 process of providing written questions, waiting for written answers (which have generally taken a
9 week or more), reviewing the written answers, and then providing follow up questions, is a time
10 consuming, iterative process.  Accordingly, Plaintiffs have had to notice seven 30(b)(6)
11 depositions, one for each Defendant, to answer data questions and to determine whether
12 Defendants have withheld responsive data.  *Id*., ¶ 10.  These depositions have not yet been
13 scheduled.  *Id.*  Plaintiffs also anticipate requesting supplemental data after the depositions
14 provide clarity on what was not produced.  *Id.*, ¶ 6.

15 Once Plaintiffs have a complete set of data, Plaintiffs' experts must work to construct a
16 master dataset.  Shaver Decl., ¶ 8.  Once that is accomplished, Plaintiffs' experts may begin to
17 analyze the data to inform an opinion regarding class certification issues, including (among other
18 things) refining the class definition, determining the number of class members, assessing whether
19 common evidence is available to show impact on class members, and assessing whether
20 aggregate damages can be proven with predominantly class-wide evidence.  Even after the data
21 production is complete, it is likely there will be questions about data gaps, errors, or
22 idiosyncrasies.  *Id.*  This is a complex process that cannot be accomplished by the June 28, 2012
23 deadline, regardless of the diligence of the parties.  *Id*.  At this point, Plaintiffs' experts are not
24 yet able to evaluate all of the data for its reliability and integrity, much less to complete the
25 necessary analysis to be able to sufficiently define the class and arrive at the necessary "plausible
26 methodology" of proving harm to the class using generalized evidence.  *In re DRAM Antitrust*
27 *Litig., supra*, at *24-25.  Plaintiffs and their experts will need more than two weeks from the final
28 production of data to accomplish this.

### B. Document production is incomplete, and, for certain categories of documents, has not even begun.

Plaintiffs' motion for class certification will also require an analysis of some of Defendants' documents. Defendants have agreed to produce documents pursuant to two tracks. Shaver Decl., ¶¶ 11-12. The first track depends upon custodian interviews, among other efforts, to identify responsive documents without the need to run search terms against ESI. *Id*., ¶ 11. Defendants have begun their rolling production of documents pursuant to the first track. These productions are ongoing and incomplete. *Id*. Defendants have not even begun their rolling productions of documents pursuant to the second track, and the volume of documents could be substantial. *Id,*. ¶ 12. The second track of document production involves ESI collections using custodians and search terms. *Id*. Plaintiffs proposed custodians and search terms, and met and conferred with Defendants regarding them, but Defendants would not agree to Plaintiffs' proposals. *Id*. Instead, Defendants began collecting, searching, and reviewing documents pursuant to a subset of Plaintiffs' proposed custodians and a subset of Plaintiffs' proposed search terms. *Id*.

Plaintiffs anticipate that the vast majority of documents responsive to class certification issues will not be produced until the June 15, 2012 deadline. These document productions will likely include hundreds of thousands, if not millions, of pages. It will be impossible to review these documents in time for a class certification motion due less than two weeks later. Shaver Decl., ¶ 13. It will also be impossible to take depositions about these documents in time for the motion. *Id.*

### III. Effect Of Requested Extension On Case Schedule

Plaintiffs propose a schedule that would move the deadline for class certification by four months, and move the other deadlines accordingly. A chart showing the current and resulting schedule is attached to the accompanying Shaver Declaration as Exhibit 1.

In the alternative, if the Court is inclined to maintain the current June 10, 2013 trial date, Plaintiffs propose extending the class certification deadline by simply moving the class motion until after the close of discovery. This would allow Plaintiffs sufficient time to conduct the

1    necessary analysis for class certification, without delaying the trial.  A chart showing the current
2    and resulting schedule under this alternative proposal is attached to the Shaver Declaration as
3    Exhibit 2.
4        There have been no previous modifications of the schedule, either by stipulation or by
5    Court order.

6    **IV.    Efforts Made To Obtain Stipulation**

7        On Thursday, May 17, 2012 Plaintiffs' counsel called Defendants' counsel to ask whether
8    Defendants would agree to extend the class certification schedule.  *See* Shaver Decl., ¶ 16.  The
9    following day, Plaintiffs' counsel sent Defendants' counsel a follow up email attaching the two
10   proposals for modifying the schedule.  *Id.*  On Monday, May 21, 2012, Defendants replied that
11   they would not consent to extend the deadline for Plaintiffs to file their motion for class
12   certification.  *Id.*  On Friday, May 25, 2012, Defendants confirmed that they would oppose this
13   motion.

14   **CONCLUSION**

15       Due to the incomplete status of Defendants' data and document productions, and its effect
16   on deposition discovery and expert analysis, Plaintiffs submit that a four-month continuance of
17   the class certification briefing dates is necessary to permit Plaintiffs to receive and analyze the
18   evidence for their class certification motion, especially in light of their burden at the Rule 23
19   stage.  Therefore, Plaintiffs respectfully request that the Court adopt one of the two proposals for
20   modifying the schedule.

21                                   Respectfully Submitted,

| | | |
|---|---|---|
| 1 | Dated: May 25, 2012 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |

By: */s/ Anne B. Shaver*

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Lead Counsel for Plaintiff Class*

Joseph R. Saveri (State Bar No. 130064)
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Plaintiffs' Counsel*