Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Interim Lead Counsel for Plaintiff Class*

Joseph R. Saveri (State Bar No. 130064)
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF ANNE B. SHAVER IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION PURSUANT TO CIVIL LOCAL RULE 6-3** |

I, Anne B. Shaver, declare as follows:

1. I am an associate with Lieff, Cabraser, Heimann & Bernstein, LLP, interim lead counsel for Plaintiffs and the proposed Class. I make these statements based on personal knowledge and would so testify if called as a witness.

2. I am a member in good standing of the bar of the State of California, as well as the U.S. District Courts for the Northern District of California.

3. This Declaration is submitted in support of Plaintiffs' Motion for Extension of Time to File Motion for Class Certification.

4. At the outset of this action, Plaintiffs' proposed schedule included a deadline for Defendants to complete production of responsive employee data. Exhibit A (Oct. 19, 2011 Joint Case Management Conference Statement, Dkt. No. 84.) Plaintiffs' proposed schedule included four months from that milestone before the deadline to file a motion for class certification. *Id*. at 19. Plaintiffs' initial review of Defendants' data confirms the necessity of that four month period.

**Data Production and Analysis**

5. Defendants have produced data on a rolling basis. As of this writing, Defendants have produced approximately 248 different datasets including nearly 20 million separate observations.

6. Following the parties' Rule 26(f) conference on October 3, 2011, Plaintiffs asked Defendants to produce responsive databases in their entirety so that Plaintiffs could receive complete data as soon as possible. Instead, Defendants have insisted on producing databases or subsets of databases at their choosing, and also refused to produce any data until the parties agreed on every substantive data topic at issue. The parties then engaged in months of negotiations. The productions are ongoing and still incomplete as of this date. For example, Plaintiffs received data productions from Pixar and Intuit on May 24, 2012, and from Intel on May 23, 2012. We expect to receive further productions, and to request supplemental productions as we identify gaps in the data production.

7. Upon receipt of each data production, Plaintiffs and their experts have conducted an initial analysis to identify gaps and questions. Pursuant to this review, Plaintiffs have identified the following gaps:

    A.    *Adobe.* Missing stock options data. Questions regarding employee compensation data, including employee location. Job titles require standardization. On May 8,

Plaintiffs wrote Adobe regarding these questions and missing data. On May 15, Adobe provided responses to certain questions. On May 18, Plaintiffs and Adobe met and conferred regarding these questions. Adobe intends to produce additional data regarding compensation, hiring, and recruiting.

B. *Apple.* Questions regarding employee compensation data, stock options data, hiring data, and recruiting data. On May 15, Plaintiffs wrote Apple regarding these questions, and requested supplemental data. Plaintiffs also requested a teleconference on these issues. Apple has not responded.

C. *Google.* Incomplete employee compensation data, and questions regarding that data. Missing stock options and bonus data. No data regarding hiring or recruiting. On May 8 and 15, Plaintiffs wrote Google regarding these questions and missing data. Google intends to produce additional data.

D. *Intuit.* Incomplete compensation data for 2010-2012. Questions regarding employee compensation data, hiring data, and recruiting data. On May 7 and 17, Plaintiffs wrote Intuit regarding these questions and missing data. Intuit intends to produce additional data.

E. *Intel.* Missing compensation data (no data regarding promotions or raises). Missing stock options data and bonus data. Questions regarding employee compensation data, hiring data, and recruiting data. On May 7, Plaintiffs wrote Intel regarding these questions and missing data. Intel has responded in part, and intends to complete its response. Intel intends to produce additional data.

F. *Lucasfilm.* Missing compensation data for 2001-2005. Missing recruiting data for 2001-2008. Questions regarding employee compensation data, hiring data, and recruiting data. On May 7 and 17, Plaintiffs wrote Lucasfilm regarding these questions and missing data. Lucasfilm intends to respond to Plaintiffs' questions and produce additional data.

G. *Pixar.* Questions regarding employee compensation data and recruiting data. On May 8, Plaintiffs wrote Pixar regarding these questions and missing data. Plaintiffs and Pixar are continuing to meet and confer.

8. Plaintiffs' experts are working as diligently as possible to construct a master dataset from the hundreds of datasets produced. The experts have informed Plaintiffs' counsel that, in light of the fact that data is still incoming, they have serious concerns about constructing a reliable dataset in time for Plaintiffs to use the data in their motion for class certification. They have also said that, in their experience, datasets such as these typically contain errors and/or idiosyncrasies that require follow up once production is complete.

9. After an initial review of each production, Plaintiffs have written each Defendant and requested informal conferences between Plaintiffs' experts and Defendants' knowledgeable employees to resolve these questions as soon possible. *See* Exhibits B (May 15,

1040092.1 - 3 - SHAVER DECLARATION ISO MOTION FOR EXTENSION OF TIME
MASTER DOCKET NO. 11-CV-2509-LHK

1  2012 Letter from Daniel J. Walker to Eric Evans); C (May 8, 2012 Letter from Daniel J. Walker
2  to Emily J. Henn); D (May 8, 2012 Letter from Daniel J. Walker to Lee H. Rubin); E (May 8,
3  2012 Letter from Daniel J. Walker to Robert A. Mittelstaedt); F (May 7, 2012 Letter from Daniel
4  J. Walker to Frank M. Hinman); G (May 7, 2012 Letter from Daniel J. Walker to Robert A.
5  Mittelstaedt); and H (May 7, 2012 Letter from Daniel J. Walker to Daniel Purcell). Some of the
6  defendants have refused such informal conferences altogether, while others have insisted on first
7  exhausting other options, such as written answers to questions and teleconferences among
8  attorneys. *See* Exhibits I (May 23, 2012 Letter from Sujal J. Shah to Daniel J. Walker); J (May
9  22, 2012 Letter from Christina J. Brown to Daniel J. Walker); K (May 22, 2012 Letter from Eric
10 B. Evans to Daniel J. Walker); L (May 17, 2012 Letter from Emily J. Henn to Daniel J. Walker);
11 M (May 10, 2012 Letter from Catherine Zeng to Daniel J. Walker).[1]

12       10. On May 24, 2012, Plaintiffs issued seven 30(b)(6) depositions regarding
13 Defendants' data, one for each Defendant. Though the deposition notices included dates as a
14 matter of form, none of the data depositions have yet been scheduled as a practical matter. The
15 depositions cannot be effectively taken until data production is complete. These depositions are
16 necessary to ensure the reliability and completeness of the data.

**Document Production And Analysis**

19       11. To date, Plaintiffs have received approximately 70,668 documents from
Defendants that were not part of Defendants' Department of Justice productions. These are "first
track documents," gathered by Defendants pursuant to custodian interviews, among other efforts,
to identify responsive documents without the need to run search terms against ESI. This
production is ongoing.

24       12. In addition, the parties have not reached agreement as to the scope of the
"second track documents" -- Defendants' supplemental DOJ productions. Plaintiffs proposed

---

[1] Lucasfilm, Ltd. simply did not respond to Plaintiffs' request for a conference call with its representatives. Plaintiffs' counsel did have a conference call with counsel for Adobe and Intuit on May 18, 2012. However, there were no representatives from either Adobe or Intuit on the call. Further, Defendants' counsel made clear from the beginning of the call that they were not prepared to answer the questions that Plaintiffs asked in their May 17, 2012 letter to Intuit.

1  custodians and search terms, and met and conferred with Defendants regarding them, but the
2  parties have been unable to reach agreement on custodians or search terms.  *See* Exhibit N (March
3  14, 2012 Letter from Dean M. Harvey to Defense Counsel); O (March 22, 2012 Letter from
4  Joseph R. Saveri to Defense Counsel).  Instead, Defendants have begun collecting, searching, and
5  reviewing documents pursuant to a subset of Plaintiffs' proposed custodians and a subset of
6  Plaintiffs' proposed search terms.  *See* Exhibit P (May 17, 2012 Letter from Sujal J. Shah to Dean
7  M. Harvey); Q (May 4, 2012 Letter from Cody S. Haris to Dean M. Harvey);  R (May 2, 2012
8  Letter from Jonathan Herczeg to Dean M. Harvey); S (April 30, 2012 Letter from Eric B. Evans
9  to Joseph R. Saveri); T (April 5, 2012 Letter from David Kiernan to Joseph R. Saveri); U (April
10 2, 2012 Letter from Lee H. Rubin to Joseph R. Saveri).  Defendants have not yet begun their
11 rolling productions these of documents, and the volume could be substantial.
12         13.    Even if Plaintiffs receive Defendants' documents by June 15, 2012, it
13 would leave less than two weeks for Plaintiffs to review and analyze the documents of seven
14 large defendants, and to conduct the depositions necessary to make use of the documents in their
15 motion for class certification.  In Plaintiffs' counsel's experience, this is insufficient time to
16 effectively accomplish the task.
17         14.    A chart showing the current schedule and the resulting schedule if all
18 deadlines are moved back by four months is attached hereto as Exhibit 1.
19         15.    A chart showing the current schedule and the resulting schedule if the
20 current trial date is kept, but class and merits discovery are collapsed, is attached as Exhibit 2.

**Efforts Made To Obtain Stipulation**

22         16.    On Thursday, May 17, Plaintiffs' counsel called Defendants' counsel to
23 ask whether Defendants would agree to extend the class certification deadline.  The following
24 day, Plaintiffs' counsel sent Defendants' counsel a follow up email attaching the same charts
25 displayed in Exhibits 1 and 2, *supra*, showing two proposals for modifying the schedule: one
26 which moved all of the current dates back by four months, and one which kept the current trial
27 date but pushed back the class certification deadline by collapsing class and merits discovery
28 schedule.  *See* Exhibit C, attached hereto.  On Monday, May 21, 2012, Defendants replied that

1 they would not consent to extend the deadline for Plaintiffs to file their motion for class certification. *See id.* On Friday, May 25, 2012, Plaintiffs' counsel called Defendants' counsel and received confirmation that Defendants would oppose Plaintiffs' motion for an extension of time.

\* \* \*

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed this 25th day of May, 2012, at San Francisco, California.

*/s/ Anne B. Shaver*
Anne B. Shaver