# EXHIBIT S

CONFIDENTIAL

**MAYER • BROWN**

Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel +1 650 331 2000
Main Fax +1 650 331 2060
www.mayerbrown.com

Eric B. Evans
Direct Tel +1 650 331 2063
Direct Fax +1 650 331 4563
eevans@mayerbrown.com

April 30, 2012

BY EMAIL

Joseph R. Saveri, Esq.
Dean M. Harvey, Esq.
Lieff, Cabraser, Heimann & Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Re:   *In re: High-Tech Employee Antitrust Litigation*,
      Case No. 11-CV-2509 LHK

Dear Counsel:

Google intends to begin producing documents collected from individual custodians in early May. Since the parties have not yet agreed on a set of search terms that would apply to all defendants and a set of search terms to be applied by each defendant, and Google wishes to begin producing documents before search terms are finalized, Google intends to adopt the following process for identifying responsive documents. Google is available to meet and confer regarding the terms still in dispute, and will supplement custodial productions if the parties agree on additional terms in ongoing meet and confer. In outlining Google's intended custodial search efforts, Google does not waive any of the written objections made in its objections and responses to plaintiffs' discovery requests, as to these custodians or otherwise, and reserves all rights.

**Custodians**

*First*, Google will undertake reasonable efforts to collect information from reasonably accessible information sources in the possession, custody, or control of the following custodians ("the Agreed Custodians") for the following date ranges, pursuant to the parties' agreement regarding date ranges:

| Laszlo Bock | SVP People Operations | Jan. 1, 2004-Dec. 31, 2010 |
|---|---|---|
| Shona Brown | SVP Google.org | **DOJ Custodian:** Jan. 1, 2004-Dec. 31, 2011 |
| Alan Eustace | SVP Knowledge | Jan. 1, 2004-Dec. 31, 2010 |
| Arnnon Geshuri | People Operations | **DOJ Custodian:** Jan. 1, 2004-Dec. 31, 2011 |

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 2

| Judy Gilbert | Director, People Operations, YouTube and Autonomous Units | Jan. 1, 2004-Dec. 31, 2010 |
| --- | --- | --- |
| Yolanda Mangolini | Diversity & Inclusion | **DOJ custodian:** Jan. 1, 2004-Dec. 31, 2011 |
| Jonathan Rosenberg | Senior Advisor | Jan. 1, 2004-Dec. 31, 2010 |
| Eric Schmidt | Executive Chairman | **DOJ custodian:** Jan. 1, 2004-Dec. 31, 2011 |

*Second*, Google does not intend to collect information from the files of Omid Kordestani. Mr. Kordestani had only limited involvement in any matters touching on the subject matter of plaintiffs' complaint and any information he possesses would be duplicative of information possessed by the Agreed Custodians. That being said, if plaintiffs have specific information that they believe warrants the collection of Mr. Kordestani's files, we are willing to meet and confer on the inclusion of those files.

*Third and finally*, Google does not intend to collect information from its in-house or outside counsel, specifically:

| Dana Wagner | Senior Competition Counsel |
| --- | --- |
| Kent Walker | SVP & General Counsel |
| Kevin Yingling | Senior Competition Counsel |
| Leah Brannon | Cleary, Gottlieb, Steen & Hamilton LLP |
| Dan Culley | Cleary, Gottlieb, Steen & Hamilton LLP |

In their role as in-house or outside counsel for Google, these persons are extremely unlikely to have relevant information that is not subject to a claim of privilege—except for Google's communications with the Department of Justice about its investigation, which already have been produced to plaintiffs. In light of Google's prior production of communications with the Department of Justice, the burden and expense to Google of collecting, processing, reviewing, and logging privileged information from these persons far outweighs the remote possibility that their files contain non-privileged, responsive information to justify that burden and expense. Plaintiffs' request to search Google's lawyers' files is plainly not intended to discover relevant, non-privileged information but instead appears designed to needlessly increase the cost of litigation on Google.

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 3

**Preliminary search terms for first body of custodial information for potential production**

The parties have not yet reached agreement on the full set of search terms to be applied to identify responsive information. Google therefore intends to apply two sets of search terms to identify responsive and non-privileged documents for its initial custodial productions.

*First*, Google will apply the search terms used to identify information produced to the Department of Justice to identify responsive and non-privileged documents. These search terms are:

- ((((hir* or recruit* or pursu* or solicit* or staff* or employ* or call* or candidate or approach* or consider* or meet* or staff* or sourc*) w/10 (agree* or arrang* or understand* or meet* or met* or polic* or talk*)) or ((raid* and not ("RAID 0" or "RAID 5" or "RAID database" or "RAID server")) or poach* or steal*)) w/10 (microsoft or MS or MSFT or novell or oracle or sun or apple or yahoo or "yahoo!" or "y! " or comcast or doubleclick or genentech or IBM or illumita or intel or intuit or ogilvy or wpp or performics or "ring side" or aol or ask.com or "Ask Jeeves" or AJ or IAC or "clear channel" or dell or earthlink or virgin or ebay or pickpackgo or paypal))

- DNC

- "Special Agreement Hiring Policy"

- "restrict* hiring"

- "restricted hir*"

- (sensitive w/10 (aol or ask or "clear channel" or dell or earthlink or virgin))

- (sensitive W/5 compan*)

- (sensitive W/5 hir*)

- cold w/5 call* or cold-call

*Second*, Google agrees to apply the following search terms proposed by plaintiffs. With respect to these search terms, Google will run the search term exactly as proposed with "no change," with technical modifications required for the search to run in our commercially available review platform, or with modifications previously agreed between the parties:

- poach*

- "off limit*"

Mayer Brown LLP

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 4

- "hands off"
- "hands-off"
- "hands- off"
- "hands -off"
- "hands - off"
- handsoff
- coldcall*
- "cold call*"
- "cold-call*"
- "non-solicit*"
- "non- solicit*"
- "non -solicit*"
- "non - solicit*"
- gent* w/2 agree*
- tacit w/2 agree*
- informal w/2 agree*
- unwritten w/2 agree*
- verbal w/2 agree*
- unspoken w/2 agree*
- hand* W/2 agree*
- gent* w/2 understand*
- tacit w/2 understand*
- informal w/2 understand*

Mayer Brown LLP

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 5

- unwritten w/2 understand*
- verbal w/2 understand*
- unspoken w/2 understand*
- hand* W/2 understand*
- "let that happen"
- bid* w/2 war
- notif* W/5 HR
- won't compete
- no w/1 compet*
- moratorium
- raid*
- pillag*
- antitrust
- "anti-trust"
- illegal
- unlawful
- "isn't right"
- "free market"
- bully
- doj
- justice
- threat*
- CID

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 6

- injunction
- subpoena
- employ* W/5 migrat*
- intimadat*
- "head of HR"
- "head of HR"
- gent* w/2 polic*
- tacit w/2 polic*
- informal w/2 polic*
- unwritten w/2 polic*
- verbal w/2 polic*
- unspoken w/2 polic*
- hand* W/2 polic*
- "target compan*"
- "no counter*"
- violate
- (no OR stop OR limit OR restrict OR rid OR end OR cannot OR "won't") W/5 (pursu* OR solicit* OR hir* OR recruit* OR offer* OR counter* OR bid* OR call*)
- "best offer"
- bullet W/2 (silver or magic*)
- "courtesy call*"
- honor* w/5 (agree* or understand* or process or arrangement)
- "gloves off"

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 7

- (agree* OR hand* OR tacit OR understand* OR verbal OR unwritten OR informal OR unspoken OR table OR deal OR permission) W/5 (secret OR hush OR "don't tell" OR "cannot tell" OR quiet OR hidden OR hide OR hid OR cover OR disguise OR veil OR suppress OR "hold back")

- sjobs

- Steve W/2 Jobs

- Otellini

- Bill W/5 Intuit

**Supplemental Productions Following Meet and Confer**

Google is prepared to provide supplemental productions of responsive non-privileged information identified using any additional terms agreed upon by the parties. To facilitate the discussion about plaintiffs' other proposed search terms, Google has provided a spreadsheet attached to this letter that identifies Google's counter-proposals on the terms for which the parties have yet to reach agreement.

Google's counter-proposals are based upon the following positions and analyses, as laid out in greater detail in Google's spreadsheet:

- Google has identified search terms that produce an undue volume of "hits," strongly suggesting that these terms are too broad and are likely producing an excessive number of false positive results.

- Some of plaintiffs' proposed search terms are "stopwords"—that is, common words that are excluded from the searchable text index in commercially available review platforms.

- Plaintiffs have not shown that certain other proposed search terms seek information that is relevant to any party's claim or defense in this action.

- Google further objects to the inclusion of what appear to be personal names, for many of which Google cannot identify the exact person intended. Searches on many of these personal names generate a substantial number of results that are likely to be false positives. For example, while plaintiffs' may have intended "Campbell" to be a reference to Intuit's Bill Campbell, it will generate hits on anyone with that last name, including candidates and possibly the more than 20 current Google employees, as well as the town of Campbell, CA where Google employees and/or candidates may live. Other names, such as "Lambert," which appears to be a reference to Amy Lambert, Google's Senior

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 30, 2012
Page 8

>Employment Counsel, appear to be attempts to identify information that is likely to be privileged.[1]

Google does not waive any of its written objections to plaintiffs' discovery requests, as to these search terms or otherwise, and reserves all rights.

Please note that this letter has been marked as "CONFIDENTIAL" pursuant to the terms of the Protective Order entered in this matter.

Very truly yours,

Eric B. Evans

---

[1] Google is available to meet and confer with plaintiffs regarding the identity of the persons about whom plaintiffs seek information and Plaintiffs' basis for inclusion of the term in their proposal. As with other categories of search terms still being negotiated by the parties, Google is willing to supplement its production if the parties agree on additional terms.