# EXHIBIT U

MAYER·BROWN

Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrown.com

April 2, 2012

VIA EMAIL

Lee H. Rubin
Direct Tel (650) 331-2037
Direct Fax (650) 331-4357
lrubin@mayerbrown.com

Joseph R. Saveri, Esq.
Dean M. Harvey, Esq.
Lieff, Cabraser, Heimann & Bernstein LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Re:   *In re: High-Tech Employee Antitrust Litigation,*
       *Case No. 11-CV-2509 LHK*

Dear Counsel:

      This letter responds to your March 22, 2012 letter regarding our discovery conference held March 16, 2012. We write on behalf of Google, but hope that this letter will provide an opportunity to address issues that apply to some or all of the other defendants as well.

      Defendants have worked hard to resolve all outstanding discovery issues so that we can proceed with the production. We are pleased that we were able to finalize the ESI protocol and file it with the Court and we are continuing to meet and confer on scope of data from various databases that will be used by experts, scope of document requests, and privilege log issues. As a group, we have worked hard to keep the ball rolling and reach consensus on a discovery approach that will provide Plaintiffs with responsive information without imposing unreasonable costs and other burdens on defendants.

      With this in mind, we were disappointed that your letter appears to retreat back to many of the same fundamental positions that Plaintiffs have held since the beginning of the meet and confer process. Defendants are, and have been, committed to resolve all issues on a cooperative basis, and trust that Plaintiffs are approaching this process in a similar manner.

      As troubling, although you took almost a week to send your letter following our March 16, 2012 meet and confer, you demanded responses from Defendants on significant matters within one or two business days. This is not the first time Plaintiffs have proposed arbitrary deadlines in their discovery letters. For example, Plaintiffs previously sent a lengthy letter dated March 14, 2012 addressing numerous discovery issues, and demanded a response the following day, even though the parties were set to have their conference on March 16 to address those very same issues. You have proposed these artificial deadlines despite the fact that Plaintiffs have often taken weeks to respond to discovery proposals or otherwise to engage on matters essential to moving the process along. Indeed, although you have had the Defendants' DOJ production since early December 2011, your March 22 letter marks the first occasion in which you have conveyed any proposal regarding custodial search terms. Instead of trying to manufacture a

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 2, 2012
Page 2

record of delay by the Defendants in advance of the next CMC, we think it would be much more productive to work toward resolving discovery issues that will allow this case to proceed fairly and efficiently.

Several particulars in your letter require an initial response; Other individual defendants may also individually provide a response on more specific issues at a later date.

With respect to production of data, Plaintiffs indicated during our meeting that they would consider withdrawing their request for manager information if Defendants agreed to provide a unique identifier for employee data. Defendants have agreed to do so, yet your demand for manager data remains. Plaintiffs have yet to articulate any valid basis for needing this information.

Next, with respect to Plaintiffs' Requests for Production of Documents, Defendants served formal responses and objections on March 30, 2012. These responses memorialized each of Defendants' positions on this discovery. Notably, Defendants' agreement to file these responses was not mentioned in your letter. In the meantime, we are working to produce data and summary documents that are responsive to certain of Plaintiffs' requests and relevant to Plaintiffs' claims on an expedited basis.

Your letter reflects that Defendants have agreed in principle to conduct a "targeted search" to provide "high level" studies, analyses, and summaries in response to some of Plaintiffs' requests. At our March 16 conference, we explained that requiring Defendants to identify "high level communications" would impose an unreasonable burden on Defendants, as it would require Defendants to conduct electronic custodial searches for compensation and recruiting information, which would undoubtedly lead to an enormous number of "false positive" email hits. At our conference, we gave you assurances that in the event we came across any "high-level" studies, analyses or summaries related to certain requests in the course of our custodial search for documents, we would produce those communications to you. In response, you indicated that you would exercise restraint when drafting search terms. Despite these assurances, and your expressed desire to avoid the needless production of "false positives," a number of your proposed search terms require the very kind of time-consuming custodial searches that would be wasteful and are highly unlikely to yield documents that would lead to admissible evidence. Accordingly, we do not believe it would be appropriate to utilize those proposed terms (such as the long Boolean search strings found at the bottom of pp. 1-2 of Exhibit B of your letter).

Also, for the entire set of document requests other than data requests, Google continues to believe that a time period of January 1, 2004 to September 30, 2010 (the approximate date of the DOJ consent decree) should be utilized. Furthermore, for custodians whose documents were collected to respond to the DOJ subpoena, Google believes the appropriate course is to produce documents from, and run any additional search terms against, those collections without supplementing them. At our conference, you indicated there may be some "key" DOJ custodians whose collections you want Defendants to supplement. Google is willing to consider

Joseph R. Saveri, Esq. and Dean M. Harvey, Esq.
April 2, 2012
Page 3

supplementing such collections to September 30, 2010, once Plaintiffs identify these "key" custodians. To the extent Plaintiffs contend documents created after September 30, 2010 related to Google's salary increase might be relevant, Google is prepared to discuss separately the potential production of documents related to that topic. Aside from that issue, Plaintiffs have never articulated any basis to seek documents outside of this time period – which is one year before the beginning of the putative class period (and the first of the alleged agreements) and nine months after the end of the putative class period (and 18 months after the Defendants were served with CIDs by the Department of Justice).

Finally, we note that your proposal regarding privilege logs would impose an unreasonable burden on Google and the other Defendants. In particular, we continue to believe it is unreasonable to require Defendants to log all communications involving in-house counsel after DOJ served its CIDs and all witness interviews. We understand that the parties intend to meet again on Monday afternoon to try to resolve our outstanding disagreement on the privilege log issue and other pending disputes. We hope that the parties can come to agreement and avoid the need to resort to the magistrate for resolution.

Very truly yours,


Lee H. Rubin

A/74856177.1