IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Master Docket No. 11-CV-2509-LHK-HRL<br><br>**DISCOVERY DISPUTE**<br>**JOINT REPORT #2** |

**Issue:** Whether the third-party subpoenas that defendant Apple Inc. served on Plaintiffs' current and former employers are a proper method of discovery, or whether the Court should quash the subpoenas and enter an order directing Defendants to destroy any documents already received pursuant to these subpoenas.

**Joint Meeting:** Counsel for Plaintiffs and counsel for Apple met in person on May 15, 2012 at O'Melveny & Myers, Two Embarcadero Center, San Francisco, CA 94111, for approximately one hour.  Counsel further met and conferred by telephone and e-mail and exchanged position letters on May 17, 2012 and May 21, 2012.  The parties reached an impasse on this issue on May 21, 2012.

**Close of Discovery:** The fact discovery cutoff is November 30, 2012.

**Attestation of Compliance:** Undersigned counsel hereby certify that they have read and complied with Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

## I. Background and Dispute

This is a putative class action in which five individual and representative plaintiffs ("Plaintiffs") allege a conspiracy among Defendants to fix and suppress the compensation of their employees. Plaintiffs allege that Defendants entered into illegal agreements not to recruit each other's employees. (Complaint ¶¶ 55-107; Dkt. No. 65.)

On May 11, 2012, Apple began serving third-party subpoenas for documents on certain current and former employers of the named Plaintiffs, seeking documents relating to the named Plaintiffs' hiring, qualifications, employment history, and compensation. To date, eleven subpoenas have been served. The subpoenas impose a production deadline of May 31, 2012, although Apple has agreed to postpone the deadline for subpoenas served outside the Northern District of California until June 8, 2012 pending the resolution of this dispute. The parties dispute whether Apple's service of subpoenas on the named Plaintiffs' current and former employers is proper under Federal Rules of Civil Procedure 26 and 45. Plaintiffs object to the subpoenas on the basis of relevance, duplication, privacy, and harassment, and ask the Court to quash the subpoenas and to prohibit Apple from issuing additional employer subpoenas in the absence of a legitimate need. Apple maintains that the subpoenas seek information that is highly relevant to Plaintiffs' claims of under-compensation and their ability to represent the putative class, that these third parties are very likely to have documents not in the possession of the Plaintiffs, and that there is nothing harassing about serving current and former employers of named plaintiffs in a class action in which the named plaintiffs allege they were undercompensated in the workplace. Apple asks the Court to uphold the subpoenas as proper discovery under the Federal Rules.

## II. Plaintiffs' Position

### A. Plaintiffs Have Already Agreed To Produce Their Employment Histories.

On February 17, 2012, Defendants served Plaintiffs with interrogatories and document requests seeking broad discovery regarding each named Plaintiff's employment.[1] These requests had no time limitation. Plaintiffs responded by agreeing to provide the information requested

---

[1] Pursuant to this Court's Standing Order §2.D.iv., Plaintiffs do not attach Defendants' discovery requests to this letter, but will provide them upon request.

- 2 -

DISCOVERY DISPUTE JOINT REPORT #2
MASTER DOCKET NO. 11-CV-2509-LHK-HRL

1  beginning with each Plaintiff's employment immediately prior to employment with one of the
2  Defendants, through each Plaintiffs' employment immediately following employment with one of
3  the Defendants.  At the case management hearing on April 18, 2012, the Court instructed
4  Plaintiffs to provide the information requested.  Thereafter, the parties met and conferred and on
5  May 9, 2012 reached agreement that Plaintiffs would provide information as to every job that
6  Plaintiffs have held since college, or after high school if relevant to their qualifications.  Plaintiffs
7  have been working diligently to supplement their responses, and anticipate commencing
8  production by May 31, 2012.

9         On May 11, 2012, without sufficient prior notice to Plaintiffs,[2] Apple began serving
10  subpoenas on Plaintiffs' current and former employers, seeking a broad range of documents,
11  including "all documents relating to Your Employment of [Plaintiff]" and "all copies of
12  [Plaintiff's] employee personnel files."  *See, e.g.,* Exhibit A.  The subpoenas overlap significantly
13  with the discovery requests already served on Plaintiffs, which Plaintiffs have agreed to answer,
14  thus obviating any need to obtain the same information from a non-party.  During the parties'
15  meeting on May 15, 2012, Plaintiffs sought to identify the non-duplicative material that
16  Defendants will not obtain from Plaintiffs.  Further, Plaintiffs offered that, if Defendants need
17  relevant information that Plaintiffs cannot provide themselves, Plaintiffs would request it from
18  their current or former employer themselves rather than suffer the unnecessary process and
19  expense, as well as the potential stigma, of a subpoena.  Apple did not identify any such
20  information, and refused to withdraw the subpoenas.

21        **B.**     **Plaintiffs Have Standing To Challenge The Subpoenas.**
22         "A party that is not the recipient of the subpoena has standing to challenge the subpoena
23  'where its challenge asserts that the information is privileged or protected to itself.'"  *Bickley v.*
24  *Schneider Nat'l, Inc.*, No. 08-5806 JSW, 2011 U.S. Dist. LEXIS 40674, *5 (N.D. Cal. April 8, 2011)

---

[2] It has been Plaintiffs' practice to provide Defendants with one week's notice prior to serving a subpoena on a third party, pursuant to Fed. R. Civ. P. 45.  Here, Apple gave Plaintiffs notice at the close of business on Friday, May 11, the same day they began serving the subpoenas.  This type of surprise is frowned upon.  *See, e.g.*, *Conrod v. Bank of New York,* No. 97-6347, 1998 U.S. Dist. LEXIS 11634 (S.D.N.Y. July 30, 1998) (issuing sanctions for failure to give prior notice of anticipated subpoena).

1  (citations omitted).  Since "[a]n employee's personnel records and employment information are

2  protected by the constitutional right to privacy[,]" *id.* at * 6, Plaintiffs here have standing to

3  challenge these subpoenas seeking their private employment information.  *See also EEOC v. Lexus*

4  *Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) (EEOC has standing as Plaintiff to move to quash

5  subpoenas to employers).

### C. The Subpoenas Seek Information That Is Irrelevant And Duplicative.

7  This is an antitrust case in which Plaintiffs challenge Defendants' conspiracy to suppress

8  their employees' wages.  Through their subpoenas to Plaintiffs' current and former employers,

9  Defendants seek information not relevant to the claims or defenses in the case.  Moreover, any

10 relevant information can and should be obtained from Plaintiffs themselves through written

11 discovery and depositions.  Furthermore, Judge Koh's view regarding broad discovery from

12 Plaintiffs does not mean that the Court authorized broad duplicative discovery from non-parties.

13 Defendants fail to identify how any of the information sought is relevant to disprove any

14 element of Plaintiffs' claims.[3]  Likewise, Defendants have failed to identify any affirmative

15 defense to which the discovery relates.  Courts in analogous cases have quashed subpoenas to

16 current and former employers where, as here, the records sought are irrelevant.  For example, in

17 *Bickley*, the plaintiffs alleged that defendant's activity-based pay structure violated the California

18 Labor Code.  2011 U.S. Dist. LEXIS 40674, at *2.  The court quashed defendant's subpoenas of

19 employment records from the plaintiffs' former employers on relevance grounds.  "The records

20 are also irrelevant to the allegations in this action, which focuses on [defendant's] pay structure

21 and its obligation to pay compensation correctly under California law. None of the records sought

22 will bear on the ultimate merits determination in this case." *Id*. at *8.  Notably, the court

23 distinguished the case from those involving wrongful termination, disability, workers'

---

[3] Plaintiffs' claims have three basic elements: liability, impact, and damages.  The information sought is not relevant to proof of the conspiracy.  That evidence - evidence of the agreements between and among Defendants - is wholly in the hands of Defendants.  Second, it is not relevant to impact. Plaintiffs will show that the effect of the agreements was to lower compensation across Defendants' employees, without regard to class members' previous job duties, compensation, or titles.  Third, it is not relevant to damages.  Damages will be proved through a simple but-for methodology: Plaintiffs will show what Defendants would have paid but for their agreement not to compete.

1  compensation, and claims for emotional distress, where past employment records could be

2  relevant. *Id*.  The same is true here – the records sought by Apple will have no bearing on

3  whether Defendants' practices violated state or federal law, or on Plaintiffs' damages. *See also*

4  *Lexus Serramonte*, 237 F.R.D. at 223 (financial documents, such as payroll records, credit

5  verification documents, wage garnishments, health insurance premiums, and other private records

6  related to plaintiff's finances irrelevant to any claims or defenses in sexual harassment case);

7  *Buchanan v. Homeservices Lending, LLC*, No. 11-0922, 2011 U.S. Dist. LEXIS 147451, *4 (S.D.

8  Cal. Dec. 22, 2011) (quashing employer subpoenas in misclassification case because "the terms

9  and conditions of Plaintiff's [subsequent] employment have no bearing on whether [prior

10 employer] classified Plaintiff correctly or improperly withheld wages."); *Collins v. Midwest*

11 *Medical Records Assoc., Inc.*, No. 07-437, 2008 U.S. Dist. LEXIS 18368, *5 (E.D. Wisc. Feb. 7,

12 2008) (quashing employer subpoenas in FMLA and FLSA suit where "production of all

13 [plaintiff's] employment records from her current and former employers" was not relevant to

14 plaintiff's assertion that defendant "interfered with her ability to exercise her rights under the

15 FMLA when she took leave to care for her daughter."); *Conrod*, 1998 U.S. Dist. LEXIS 11634,

16 *7 (in wrongful termination case, documents relating to attendance, evaluations, and discipline at

17 current employer were not relevant to plaintiff's activities while working for defendant).

18        In addition, courts quash employer subpoenas on grounds of relevance where a defendant

19 either obtain the same information directly from the plaintiff.  *See, e.g., Conrod*, 1998 U.S. Dist.

20 LEXIS 11634, at *7 (quashing subpoenas where salary and benefit information from current

21 employer could have been obtained from plaintiff); *Collins*, 2008 U.S. Dist. LEXIS 18368, at *5

22 (same).  The same is true here – in light of Judge Koh's instructions at the case management

23 conference, Plaintiffs have agreed to be "open books" as to their employment history.  Apple has

24 not identified any particular information that it needs and can only obtain from the employers,

25 beyond conjecture that the employers may have more robust records.  This is insufficient.  *See,*

26 *e.g., Gambale v. Deutsche Bank AG*, No. 02-4791, 2003 U.S. Dist. LEXIS 27412, *4-5 (S.D.N.Y.

27 Jan. 10, 2003) (quashing subpoenas to executive search firms in discrimination case on grounds

28 that defendant already had plaintiff's resume, and speculation that firms may have additional

1   documents regarding her skill set has "very limited relevance").

**D.     The Subpoenas Violate Plaintiffs' Privacy Rights And Are Harassing.**

It is well-recognized that subpoenas to former, and especially current, employers have the potential to harm plaintiffs' reputation and employment status. *Conrod*, 1998 U.S. Dist. LEXIS 11634, at *4-5 ("By issuing a subpoena to plaintiff's current employer, defense counsel caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment. Because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort."); *Perry v. Best Lock Corp.*, No. IP-98-936, 1999 U.S. Dist. LEXIS 23601, *9 (S.D. Ind. Jan. 21, 1999) ("the subpoenas look like nothing more than a fishing expedition, or, more accurately, an exercise in swamp-dredging and muck-raking."). This is an especially pressing concern in the high-tech industry, where employees like plaintiffs often move jobs only within a small cadre of employers and may return to work with former employers after a number of years elsewhere. *See Bickley*, 2011 U.S. Dist. LEXIS 40674, at *9 ("[I]t could reasonably be inferred that Defendant's subpoenas were intended to harass Plaintiffs and constitute little more than an abuse of the discovery process. It is not an uncommon practice for drivers to move around from company to company, often even returning to previous employers. The stigma associated with the issuance of the subpoenas, as evidence of Plaintiff's participation in a lawsuit against an employer, is more profound in this instance given the high rates of turnover in the trucking industry as a whole."); *Perry*, 1999 U.S. Dist. LEXIS 23601, at *9 ("The potential burdens of the proposed discovery are also substantial in terms of broadcasting to a large group of businesses that Best Lock views Perry as an untrustworthy trouble-maker.").[4]

Discovery that poses such a threat to plaintiffs' reputation and employment is not

---

[4] This stigma is not mitigated by the fact that Plaintiffs' current and former employers may already know of the lawsuit. The burden of having to respond to a subpoena may well cause a current or former employer to treat the employee differently than it otherwise would. *See Gambale*, 2003 U.S. Dist. LEXIS 27412, *4 ("[T]he subpoenas are very broad [and] a search firm would probably find it an intrusive burden to produce its notes of all communications with plaintiff … 2003 is a difficult time to be looking for an executive position, and I cannot lightly dismiss plaintiff's worry about anything that might cause a search firm with a good 'lead' to offer it to another client rather than to her.").

warranted, especially when weighed against the limited relevance of the information, the fact that it is duplicative, and the fact that it invades Plaintiffs' privacy. *See Bickley*, 2011 U.S. Dist. LEXIS 40674, at *6-7 (personnel records, payroll information, and termination or discipline records "have all been found to be within an individual's privacy rights") (collecting cases).

### III. Apple's Position

#### A. The Subpoenas Were Properly Served and Seek Highly Relevant Information.

The subpoenas served on the named plaintiffs' current and former employers were properly served and seek information that is highly relevant to Defendants' defense of this action.[5] Plaintiffs are seeking damages based on their allegations that they were undercompensated when they worked for Defendants. In other words, the crux of their claims is that they were paid less than they should have been paid. What they should have been paid in turn depends, in part, on their qualifications, prior employment and work experience, work performance, and representations made in seeking employment. This is precisely the information that Apple is seeking in its subpoenas to the named plaintiffs' employers. The subpoenas seek information bearing directly on whether Plaintiffs can substantiate their claims of undercompensation and whether they are adequate to serve as class representatives for a putative class of allegedly undercompensated employees. The subpoenas thus seek information going directly to injury, impact, and damages. The subpoenas also seek information regarding the employers' efforts to recruit and hire the named plaintiffs, which is relevant to Plaintiffs' allegations regarding industry recruiting practices, including Defendants'.

The Plaintiffs cannot reasonably assert the documents sought are irrelevant to claims or defenses in this case.[6] Judge Koh has already found that information regarding the named

---

[5] Plaintiffs' assertion that Defendants did not provide prior notice of their intent to serve the subpoenas is incorrect. As Plaintiffs acknowledge, Defendants provided notice to Plaintiffs on the same day they issued the subpoenas. Defendants satisfied the notice requirement of Fed. R. Civ. P. 45 and are under no obligation to conform to the Plaintiffs' past practices.

[6] The cases that Plaintiffs cite are not analogous to this one. Plaintiffs cite cases involving statutory labor law violations where the plaintiffs' current and future employment have no bearing on whether the defendants violated labor laws (*e.g.*, incorrectly withholding wages, not compensating employees for all hours worked, systemic sexual harassment).

plaintiffs' prior employment is discoverable in this action. At a case management conference on April 18, 2012, Judge Koh, in addressing Defendants' discovery requests to the Plaintiffs on these same topics, found that "information about their job applications and compensation negotiations, that's all fair game." (April 18, 2012 Hrg. Tr. at 18:23-25; *id.* at 19:1-4 (noting that Defendants will need to challenge Plaintiffs' assertion that they "could have gotten something better, and how can they do that if they don't have the information?").) Judge Koh ordered Plaintiffs to produce the information that Defendants had sought. (Hrg. Tr. 26:3-27:1; *id.* at 20:4.) In Judge Koh's words, "Plaintiffs have to be open books on their work history and whatnot." (Hrg. Tr. at 24:13-14.) She specifically ordered Plaintiffs to produce all resumes and performance reviews in their possession. (Hrg. Tr. at 26:6-8 ("I don't see any good basis to withhold resumes of these plaintiffs. That's the order. Don't waste Judge Lloyd's time."); *id.* at 26:23-24 (same order regarding performance reviews).) To date, Plaintiffs have produced none of the documents regarding their qualifications and prior employment that the Court ordered to be produced.

Even if Plaintiffs had produced all such documents in their own possession, that would not preclude Apple from seeking similar information from third parties. Parties are entitled to seek discovery from a variety of sources. Rule 45 permits the discovery of such relevant information from non-parties. Fed. R. Civ. P. 45(a)(1)(D); Fed. R. Civ. P. 26(b)(1) (permitting discovery of any nonprivileged matter "that is relevant to any party's claim or defense"); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, __ F.R.D. __, 2012 WL 1319881, at *1 (N.D. Cal. 2012) (scope of discovery sought by third-party subpoena is governed by Rule 26(b), for which "relevance is broadly construed") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Moreover, the named plaintiffs' employers are very likely to have relevant information not in Plaintiffs' possession. It is doubtful, for example, that the named plaintiffs will have the same information that their employers might have relating to those employers' efforts to recruit or hire them. Indeed, it is commonplace for a company's files to contain company-generated documentation that is not provided to an employee, in particular information about the employee when he or she applied for a job. Similarly, it is quite likely that named plaintiffs' employers will have different and potentially more robust records regarding named plaintiffs' employment,

DISCOVERY DISPUTE JOINT REPORT #2
MASTER DOCKET NO. 11-CV-2509-LHK-HRL

1  performance, and compensation than Plaintiffs will produce.  As Judge Koh has found, such

2  information is relevant and "fair game" here, and Apple is entitled to seek it.

### B. The Subpoenas Are Not Unduly Burdensome or Harassing to the Recipients or to Plaintiffs.

Plaintiffs have no standing to challenge the subpoenas based on any burden that they might impose on the third-party recipients.  *Vera v. O'Keefe*, 2012 WL 909316, at *1 (S.D. Cal. 2012) ("Courts have consistently provided that, as a general rule, a party has no standing to quash a subpoena served upon a third party, except as to privilege.") (internal quotation omitted); *Sedaghatpour v. California*, 2007 WL 4259214, at *1 (N.D. Cal. 2007) ("A party that is not the recipient of the subpoena has standing to challenge the subpoena only where its challenge asserts that the information is privileged or protected to itself.") (internal quotation omitted).  No such privilege applies here.[7]

Nor do Plaintiffs have a privacy interest that precludes production of the documents sought in the subpoenas.  Plaintiffs initiated this action against Defendants and chose to be named class representatives.  Given the nature of the lawsuit — that they themselves have called into question whether they were fairly compensated while employed by Defendants — Plaintiffs should have reasonably expected that information from current and past employers related to their job titles, terms of employment, compensation, qualifications, promotions and opportunities, and terminations would be discoverable.  *See Mirkin v. Winston Resources, LLC*, 2008 WL 4861840, at *1 (S.D.N.Y. 2008) (concluding that plaintiff bringing employment discrimination action "could have reasonably expected that matters relating to her employment performance would be disclosed in litigation").  This Court has held that an individual's privacy interest is vastly reduced when the individual is the party that initiated the lawsuit.  *See Guitron v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 103072, *3-5 (N.D. Cal. Sept. 13, 2011) (courts must balance the

---

[7] In any event, Plaintiffs provide no support for their suggestion that complying with the subpoenas imposes an unreasonable and oppressive burden on the recipient employers.  *Williams v. Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Movant must meet burden that compliance with the subpoena would be "unreasonable and oppressive.").  To date, none of the recipients have complained that the subpoenas are overly broad or burdensome.  Plaintiffs' unsupported assertion that a subpoena *may* be burdensome is an insufficient basis to quash the subpoena.

1  need for relevant information against a party's privacy interest, an interest which is vastly reduced
2  when the party is the one who initiated the lawsuit); *Sirota v. Penske Truck Leasing Corp.*, 2006
3  U.S. Dist. LEXIS 15763, *7 (N.D. Cal. Mar. 16, 2006) (concluding that the relevance of
4  plaintiff's employment records outweighs any intrusion into plaintiff's privacy interest, which is
5  vastly reduced because the plaintiff initiated the lawsuit).

6        Defendants, for their part, have already produced to Plaintiffs highly confidential
7  compensation information for more than 11 years for every one of their tens of thousands of
8  employees. If Plaintiffs want to protect their privacy interests in any documents produced in
9  response to the subpoenas, they can do so under the Stipulated Protective Order already in place
10 in this case. Apple already has explained to Plaintiffs that it will provide any third party that
11 indicates it has responsive documents with a copy of the protective order and ask that it designate
12 the documents accordingly. *Mirkin*, 2008 WL 4861840 at *1 (confidentiality agreement in the
13 case could be extended to protect third parties from disclosing confidential information to others).

14       Plaintiffs' position in the meet-and-confer sessions belies any real concerns about privacy.
15 In those sessions, Plaintiffs suggested that Apple withdraw the subpoenas so that Plaintiffs could
16 ask the subpoena recipients to provide the same documents to Plaintiffs voluntarily. Plaintiffs
17 would then produce the documents to Defendants. Not only is this proposal unworkable, but it
18 shows that Plaintiffs have no actual privacy concerns. Under their proposal, Apple would get the
19 same documents that it has sought by subpoena.

20       Plaintiffs' assertions that the subpoenas are harassing to them or will somehow cause them
21 "reputational injury" make little sense. Plaintiffs chose to make highly public accusations that
22 Defendants had undercompensated them, which their counsel then discussed in the media. That
23 Apple has privately served third-party subpoenas to test Plaintiffs' claims of undercompensation
24 imposes no reputation injury on them, nor does it harass them. The subpoenas themselves are
25 neutrally drafted to seek information regarding named plaintiffs' employment generally. (*See,*
26 *e.g.*, Ex. A, Subpoena to 4INFO, Inc., Request No. 9 (seeking documents relating to any
27 "promotions, demotions, change in position or discipline" of named plaintiff Brandon Marshall).)
28

### C. Plaintiffs' Proposal To Seek The Same Information Voluntarily From Their Former Employers, And Then Provide It To Defendants, Is Unworkable.

Plaintiffs' proposal that Apple withdraw the subpoenas so that Plaintiffs can request that their former and current employers produce voluntarily to Plaintiffs the same information that Apple has subpoenaed, which Plaintiffs would then produce to Apple, is simply not reasonable. Plaintiffs cannot compel third parties to produce documents voluntarily, and Apple would have no assurance that the third parties had produced all responsive documents. Rule 45 permits Apple to seek such discovery from the relevant third parties directly, and there is no valid reason for Plaintiffs to insert themselves as a filter or bottleneck in this process. Plaintiffs' proposal to act as a conduit for documents between third parties and Defendants is also troubling given that Plaintiffs have yet to produce *a single document* relating to their current and prior employment, even though these cases have been pending for more than one year and Judge Koh specifically ordered them to produce these documents more than a month ago.

### IV. Plaintiffs' Final and "Most Reasonable" Proposal for Resolution

Plaintiffs propose that Defendants withdraw their current subpoenas, agree not to issue any additional employer subpoenas without demonstrating a legitimate need for specific, relevant information not otherwise available through Plaintiffs themselves,[8] and agree to destroy any documents they have already received pursuant to these subpoenas.[9]

### V. Apple's Final and "Most Reasonable" Proposal for Resolution

Plaintiffs' challenge to the subpoenas should be rejected. Apple respectfully suggests that it should be entitled to continue pursuit of the documents sought in the subpoenas to named plaintiffs' current and former employers. Apple has already agreed that it will provide Plaintiffs with a copy of any documents received, and that it will allow the employers and Plaintiffs an opportunity to designate any such documents under the Protective Order in this case.

---

[8] At the parties' May 15, 2012 conference, Defendants stated their intent to serve approximately eleven more employer subpoenas.

[9] Upon learning of the subpoenas, Plaintiffs' counsel sent letters to the recipients advising them of Plaintiffs' intent to challenge the subpoenas in court, and asking that they refrain from responding to the subpoenas without first contacting counsel to determine the status of the challenge. Unfortunately, at least one recipient had already responded with documents.

Dated: May 29, 2012          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

                             By: */s/ Anne B. Shaver*
                                 ANNE B. SHAVER
                                 Interim Lead Counsel for Plaintiffs and the Proposed Class

Dated: May 29, 2012          O'MELVENY & MYERS LLP


                             By: */s/ Michael F. Tubach*
                                 MICHAEL F. TUBACH
                                 Attorneys for Defendant
                                 APPLE INC.


## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Michael F. Tubach, hereby attest that concurrence in the filing of this Discovery Dispute Joint Report #2 has been obtained from Plaintiffs.

Dated: May 29, 2012          O'MELVENY & MYERS LLP


                             By: */s/ Michael F. Tubach*
                                 MICHAEL F. TUBACH
                                 Attorneys for Defendant
                                 APPLE INC.