# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| In re High-Tech Employee Antitrust Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  11-cv-2509-LHK |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  4INFO, Inc., Custodian of Records, c/o Zaw Thet, 177 Bovet Rd., Suite 400, San Mateo, CA 94402

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 | Date and Time: 05/31/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  05/11/2012

*CLERK OF COURT*

OR  /s/ *Attorney's signature*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Apple Inc.
_____, who issues or requests this subpoena, are:

Christina J. Brown, O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, cjbrown@omm.com, (415) 984-8979

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-cv-2509-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

1.  The terms "Document" and "Documents" shall refer or relate to any documents or electronically stored information as described in Rule 34(a) of the Federal Rules of Civil Procedure. A draft should be considered a separate document from the final text and each non-identical copy constitutes a separate document.

2.  The terms "Job" and "Employment" refer to any position, whether paid or unpaid, full or part-time.

3.  The term "Cold Calling" refers to communicating directly in any manner (including orally, in writing, telephonically, or electronically) with a potential employee who has not applied for a Job or otherwise initiated contact.

4.  The term "Compensation" shall mean all forms of compensation in connection with any Employment, including but not limited to salary, bonuses, stock options, or benefits.

5.  The term "You" or "Your" means 4INFO, Inc. and its employees, officers, directors, agents, attorneys, successors, predecessors, or any Person acting on their behalf.

6.  The term "Person" refers to a natural person, corporation, partnership, firm, sole proprietorship, joint venture, union, association, group, federation, or any other organization or entity and his, her, its or their officers, agents, and employees.

7.  The term "relating to" means relating, referring, mentioning, discussing, describing, analyzing, evidencing, comparing, summarizing, concerning or pertaining in any way, directly or indirectly, to the subject matter, event, act, or occurrence.

8.  As used herein, "all" also includes "each" and "any," and vice versa.

9.  As used herein, "and" and "or" are to be considered both conjunctively and disjunctively, and "or" is understood to include and encompass "and," and vice versa.

10.   The singular shall be deemed to include the plural and vice versa so as to bring within the scope of these requests all information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.   You shall produce all Documents in Your possession, custody or control that are described in the Requests set forth below.

2.   Such Documents shall be produced in the manner maintained by You in the ordinary course of business. Documents attached to each other should not be separated.

3.   In accordance with Rule 45(d)(1)(B) of the Federal Rules of Civil Procedure, Documents that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or Documents.

4.   In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any Document responsive to these Requests is withheld based upon a claim of privilege, state separately for each such Document, the nature of any such Documents in a manner that will enable other parties and/or the Court to assess the claim. If You claim privilege or protection to part of a Document, You shall redact that portion which is privileged or protected and produce the remainder.

5.   These Requests are deemed to be continuing and require that You promptly supplement Your responses and produce any responsive Documents later discovered up to the day of trial in this action.

## DOCUMENT REQUESTS

1.   All Documents relating to Your Employment of Brandon Marshall, including Job applications and Documents relating to Job interviews, Job offers, background checks, negotiations regarding Compensation or other terms of Employment, and the acceptance or rejection of any Job offer.

2

2. All Documents relating to all Job positions or openings to which Brandon Marshall applied whether he was hired or not (including any positions to which he applied internally while he was employed by You), including the title, the duties and responsibilities, and where the position or opening was posted (e.g., classifieds, Monster.com, internal postings, etc.)

3. All Documents relating to how Brandon Marshall discovered each Job opportunity described in Request No. 2, including without limitation Documents reflecting whether he contacted You about the Job, whether he applied for a specific opening, and who initiated the contact between You and Mr. Marshall.

4. All Documents relating to Your efforts to hire Brandon Marshall, including Cold Calling and other recruiting.

5. Documents sufficient to show the title of each position Brandon Marshall held, the time period during which he held each position, and the duties and responsibilities for each position.

6. All Documents relating to Brandon Marshall's Compensation, including salary, wages, benefits (e.g., health insurance, commuter, etc.), stock grants or other equity grants, bonuses and any other form of Compensation.

7. All Documents relating to Brandon Marshall's education or work experience, including resumes, curriculum vitae, degrees, certifications, or similar Documents.

8. All Documents relating to Brandon Marshall's Job performance, including performance reviews and performance plans.

9. All Documents relating to any promotions, demotions, change in position or discipline of Brandon Marshall.

10. All Documents relating to Brandon Marshall's termination of Employment.

11. All copies of Brandon Marshall's employee personnel files.