Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master Docket No. 11-CV-2509-LHK

**PLAINTIFFS' STATUS REPORT REGARDING REVIEW OF DOCUMENTS AND DATA**

Pursuant to the Court's June 5, 2012 Case Management Order (Dkt. No. 148), and the Court's June 28, 2012 Order re Discovery, Plaintiffs submit the following status report regarding productions and review of documents and data.

## I. DEFENDANTS' DOCUMENT PRODUCTION

Defendants have now produced a total of approximately 1,624,802 pages of documents.[1] Of these, approximately 103,905 pages were produced originally to the United States Department of Justice ("DOJ Documents"), and were produced to Plaintiffs on or about the Court's November 30, 2011 deadline. (Dkt. No. 88.) Plaintiffs have reviewed these documents.

The remaining approximately 1,520,897 pages ("Post-DOJ Documents") were produced recently. As of the June 4, 2012 case management conference, Defendants had produced 100,368 pages of the Post-DOJ Documents. Between June 4 and June 8, Defendants produced an additional 68,925 pages. The remaining 1,351,603 pages were produced to Plaintiffs after June 8. Of these, Defendants produced approximately 87,226 pages after June 15,[2] and all Defendants have stated they will be producing more in July. (*See* Dkt. No. 154, ¶ 12; Dkt. No. 155, ¶ 4; Dkt. No. 156 ¶ 8; Dkt. No. 157 ¶¶ 5-6; Dkt. No. 158, ¶¶ 6-8; Dkt. No. 159, ¶ 2; Dkt. No. 160, ¶ 8.)

Defendants have not yet completed production of documents from the files of several key custodians. On June 28, 2012, counsel for Apple informed Plaintiffs that Apple's production of documents from Steve Jobs's files is not yet complete. Apple's counsel estimated that it will require up to July 5 to complete production of these documents. Intuit will produce additional documents from the files of William Campbell (Intuit's Chairman and former CEO, and Apple board member) and Brad Smith (Intuit's President and CEO). Adobe will produce additional documents from the files of Shantanu Narayen (Adobe's President and CEO), among others. While Lucasfilm informed Plaintiffs' counsel that George Lucas does not use personal email or any computer system (and accordingly does not have responsive electronically stored

[1] This page count does not include Defendants' data productions.

[2] Intel alone produced an additional 75,769 pages on June 25, 2012. Today, Lucasfilm produced another 6,270 pages of documents.

information), Lucasfilm refuses to search the files of George Lucas for responsive hardcopy documents.[3]

Because the great majority of Defendants' total document productions took place after June 8, and will continue into July, Plaintiffs' review of Defendants' Post-DOJ Documents is ongoing.

On June 21, 2012, three days after Defendants certified that their document productions were substantially complete (*see* Dkt. Nos. 154-160), Plaintiffs identified five percipient witnesses for pre-class certification depositions and noticed their depositions for the week of July 9. Adobe proposed to reschedule its witness to July 17 or 18 due to scheduling conflicts. Pixar indicated that its witness will not be available until after July 20.[4] Lucasfilm asked Plaintiffs to offer alternative dates during the last two weeks of July. Today, Apple proposed July 19, 2012 for its witness. Plaintiffs' motion for class certification is currently due on July 19, 2012.

## II. DEFENDANTS' DATA PRODUCTION

Defendants have now produced approximately 665 datasets consisting of approximately 11.5 gigabytes. Defendants produced significant data before June 15, 2012, and have continued to produce additional data since then. Due to gaps in data, Defendants have not yet completed their data productions.

For example, since June 15, Plaintiffs determined that Adobe omitted from its data compensation information for one of the Named Plaintiffs who worked for Adobe. As a result of Plaintiffs' identifying this issue, Adobe advised that it made errors in determining what data to produce, and inadvertently omitted compensation information for multiple members of the proposed class. Adobe has not completed supplementing its data production.

[3] Lucasfilm recently confirmed that George Lucas received email and other electronic documents through assistants. Plaintiffs have requested the names of the assistants, so that Plaintiffs may confirm whether or not Lucasfilm included these assistants in its production of electronic and paper files. As of this date, Plaintiffs are not able to confirm one way or another, but expect that they will receive this information from Lucasfilm shortly.

[4] On June 28, 2012, Plaintiffs noticed the deposition of another Adobe witness and another Pixar witness, in the hopes that these individuals will be available earlier.

Apple's data appears to be missing hiring and recruiting information from 2000 through 2005, and missing certain compensation data for 2010 through 2012. Apple said it will provide Plaintiffs with the missing compensation data later today. As explained further below, Apple has not yet made available a 30(b)(6) witness knowledgeable about recruiting data to answer these and other questions.[5] Plaintiffs have also encountered several technical errors with Apple's data, including issues with recruiting files that cannot open properly, and unreadable compensation information. Apple confirmed on Thursday, June 28, that certain duplicate values Plaintiffs observed in the compensation data resulted from mistakes in how Apple merged certain files for production. Apple said it will provide Plaintiffs with corrected compensation data later today.

Google's data is missing the dates on which Google's employees received salary changes and promotions, making specific job history information obscure. Google has not committed to producing this information that other Defendants have already produced.

Intuit has not produced missing data it agreed to produce by June 15, including certain compensation data covering 2001 through 2009. During its June 26 deposition, Intuit informed Plaintiffs that it was still in the process of pulling this data. Intuit informed Plaintiffs' counsel that Intuit will produce this data on July 4, 2012 or later.

To address numerous questions regarding the completeness and interpretation of the various data sets, on May 23, 2012, Plaintiffs noticed a Rule 30(b)(6) deposition for each Defendant regarding data issues.[6] Plaintiffs sought to take the depositions in early June, but the first 30(b)(6) deposition (Lucasfilm) occurred on June 21. The second 30(b)(6) deposition (Pixar) occurred on June 22. Depositions of Adobe, Apple, Intel, and Google occurred this week, including triple-tracking of the Adobe, Intuit, and Intel depositions on June 26. The Google deposition will be split by topic and witnesses, the first part occurring today, on June 29, and the second part scheduled to take place on July 10, the week prior to Plaintiffs' current class

---

[5] Plaintiffs served a 30(b)(6) deposition notice requesting such a witness on May 23, 2012.

[6] Plaintiffs initiated formal discovery after their attempts to engage an informal process—whereby Plaintiffs' expert could speak directly with Defendants' technical people—were unsuccessful.

certification deadline.[7] As noted above, Apple did not provide a witness knowledgeable about its recruiting data during its 30(b)(6) deposition (which was split over two days, at Apple's request). Today, Apple proposed to make such a witness available on July 12, 2012.

These depositions have raised additional questions about Defendants' data productions, which Plaintiffs are working as quickly as possible to resolve. For example, on June 26, Apple informed Plaintiffs' counsel that, in preparing for the 30(b)(6) deposition, Apple discovered it had not produced two years (2010-2012) of compensation data, including data regarding bonuses and stock options, that Apple had agreed to produce by June 15. During the deposition on June 27, Apple's witness testified that Apple inadvertently withheld the responsive data it had earlier agreed to produce. Apple said it is producing this data later today.

Many of Defendants' 30(b)(6) witnesses have been unprepared to discuss the data Defendants produced. Several witnesses were also unprepared to discuss what data Defendants withheld and did not produce. Plaintiffs are meeting and conferring with Defendants regarding these open questions.

In sum, Defendants produced significant data after June 15, and there are additional data productions that Defendants agreed to complete before June 15 that are incomplete. The data that Defendants produced is complex and voluminous, and Plaintiffs' expert analysis for class certification will rely, in part, on the data. Plaintiffs have sought to resolve data issues and questions promptly, but unexpected delays are continuing. It is unclear if there are yet more undiscovered data issues, as some Defendants have failed to provide knowledgeable witnesses regarding the data produced, while others have refused to schedule those depositions (originally noticed on May 23) until days before Plaintiffs' current July 19 deadline to file the class certification motion. Plaintiffs will continue to try to work with Defendants to resolve all data issues as they arise.

## III. PLAINTIFFS' DISCOVERY RESPONSES

Plaintiffs described the status of their document productions in their Notice of

[7] Today, Google informed Plaintiffs that its witness cannot be available on July 10. Google said it will provide alternative dates for this deposition soon, for "possibly later in the week of 7/10."

Compliance with the Court's June 5, 2012 Case Management Order. (Dkt. No. 153.) Plaintiffs produced a total of approximately 25,156 pages. (Dkt. No. 153-1, ¶ 13.) Plaintiffs completed their production on June 15, including substantial production on or before June 8. Plaintiffs have identified no additional responsive documents, and made no supplemental productions, since June 15.

On June 14, Defendants asked Plaintiffs to describe the procedure Plaintiffs used to collect responsive documents. Plaintiffs thereafter provided Defendants with a description of the process Plaintiffs used to ensure the completeness of their production, a process that included hard copy and electronic documents, and electronic documents maintained by third parties. In order to ensure complete transparency, Plaintiffs also provided Defendants with the search term list Plaintiffs used in their ESI collection. Plaintiffs' document retrieval process resulted in an initial collection of approximately 106,837 hard copy and electronic documents that Plaintiffs' counsel reviewed for responsiveness and privilege.

Following the June 4, 2012 status conference, Defendants asked Plaintiffs to reschedule the depositions of the Named Plaintiffs to begin the week of July 30. Plaintiffs agreed and proposed the following dates: July 31, August 3, August 6, August 13, and August 17. Those depositions are being confirmed.

## IV. PLAINTIFFS REQUIRE ADDITIONAL TIME TO PREPARE THEIR CLASS CERTIFICATION MOTION

In light of Defendants' continuing production of data and documents, Plaintiffs respectfully submit that extension of the class certification motion deadline would be appropriate. While Plaintiffs will certainly comply with any schedule the Court deems appropriate, Plaintiffs believe that a 60-day extension will allow Plaintiffs to receive, analyze, and present the discovery recently provided by Defendants.[8] Defendants will have the time to complete their data and document productions and answer Plaintiffs' data questions. Plaintiffs will then be able to

[8] Plaintiffs hesitate to point out that even this extended schedule assumes that Defendants promptly will complete the production of documents and data and make witnesses available for depositions.

complete the construction of a database from the 665 datasets Defendants have produced and continue to produce. Plaintiffs' expert will use those datasets to address Plaintiffs' motion for class certification. The additional time will also provide Plaintiffs an opportunity to conduct depositions of certain percipient witnesses regarding the scope of the agreements at issue and the effects of those agreements, using documents recently produced. These depositions may clarify class certification issues.

To assist the Court in evaluating this proposed extension of the schedule, Plaintiffs attach hereto as Exhibit A a proposed modified schedule extending all events in the current schedule by approximately 60 days (as adjusted for weekends and Court holidays).

Dated: June 29, 2012

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: *_/s/ Kelly M. Dermody_*
Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Dated: June 29, 2012

SAVERI LAW FIRM

By: *_/s/ Joseph R. Saveri_*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

Eric L. Cramer
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Linda P. Nussbaum
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*