Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | **Master Docket No. 11-CV-2509-LHK** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANT ADOBE SYSTEMS INCORPORATED'S AMENDED ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

1

**ANSWER AND AFFIRMATIVE DEFENSES**

2       Defendant Adobe Systems Inc. hereby answers the Consolidated Amended Complaint

3    ("CAC") filed by plaintiffs' Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon

4    Marshall, and Daniel Stover ("Plaintiffs") on September 13, 2011.  Except as expressly admitted

5    below, Adobe denies each and every allegation and claim in the CAC.

6       1.    The allegations in Paragraph 1 are not susceptible to being answered because of

7    their ambiguity and because they call for legal conclusions to which no answer is required.  To

8    the extent that an answer is deemed necessary and the allegations are directed at other defendants

9    or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

10   of the allegations and on that basis denies them.  Adobe denies that it has engaged in a conspiracy

11   to fix and suppress the compensation of its employees, denies that it entered into an

12   interconnected web of express agreements to eliminate competition among Defendants for skilled

13   labor, denies that it agreed to limit counter offers to candidates above initial offers, denies that it

14   engaged in any unlawful conduct or violated any law and otherwise denies the allegations in

15   Paragraph 1.

16      2.    The allegations in the first and second sentences of Paragraph 2 are not susceptible

17   to being answered because of their ambiguity and because they call for legal conclusions to which

18   no answer is required.  To the extent that an answer is deemed necessary and the allegations are

19   directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to

20   form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an

21   answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the

22   allegations.  Answering the allegations in the third sentence of Paragraph 2, Adobe admits that

23   Plaintiffs purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the

24   Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it

25   engaged in any unlawful conduct or violated any law and otherwise denies the remaining

26   allegations in Paragraph 2.[1]

27

28

        [1] The Plaintiffs withdrew their claims under California Business and Professions Code § 16600, and the Court dismissed the Plaintiffs' claims under the California Business and Professions Code §§ 17200, et seq.  Order Granting In Part And Denying In Part Defendants' Joint Motion to Dismiss; Denying Lucasfilm Ltd.'s Motion to Dismiss, 8 & n.6, 29 (Apr. 18,

3.      Answering the allegations in the first sentence of Paragraph 3, Adobe admits that the DOJ conducted an investigation of Defendants' recruiting practices between  2009 and 2010 but otherwise denies the allegations.  Adobe denies the allegations in the second and third sentences that the DOJ made factual or legal findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  That matter was resolved without litigation and was resolved "without trial or adjudication of any issue of fact or law."  *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Adobe denies that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise denies the remaining allegations in Paragraph 3.

4.      The allegations in the first sentence of Paragraph 4 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies that employees were injured by any alleged agreement involving Adobe.  Adobe otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 4 and on that basis denies the allegations.  Adobe denies the remaining allegations in Paragraph 4.

5.      Adobe admits that Plaintiffs seek damages and purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it violated any law and otherwise denies the allegations in Paragraph 5.  To the extent that the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of

----

(continued…)

2012) (Doc. 119).  The Plaintiffs also withdrew their prayer for injunctive declaratory relief.  *Id.* at 8 n.7.

Adobe's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1    the allegations and on that basis denies them.

2        6.    The allegations in Paragraph 6 state legal conclusions to which no answer is

3    required.

4        7.    The allegations in Paragraph 7 state legal conclusions to which no answer is

5    necessary.  To the extent that an answer is deemed necessary and the allegations are directed at

6    other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

7    belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

8    is deemed necessary and the allegations are directed at Adobe, Adobe admits that it conducts

9    business and is headquartered in the Northern District of California and that venue is proper to the

10   extent that this Court has subject matter jurisdiction and otherwise denies the allegations in

11   Paragraph 7.

12       8.    The allegations in Paragraph 8 state legal conclusions to which no answer is

13   necessary.  To the extent that an answer is deemed necessary and the allegations are directed at

14   other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

15   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

16   is deemed necessary and the allegations are directed at Adobe, Adobe admits that the Northern

17   District of California has personal jurisdiction over it for the purposes of this action but otherwise

18   denies the remaining allegations in Paragraph 8.

19       9.    The allegations in Paragraph 9 state legal conclusions to which no answer is

20   necessary.  To the extent that an answer is deemed necessary, Adobe denies the allegations in

21   Paragraph 9.

22       10.   The allegations in Paragraph 10 are not susceptible to being answered because of

23   their ambiguity and because they state legal conclusions to which no answer is required.  To the

24   extent that an answer is deemed necessary and the allegations are directed at other defendants or

25   third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations and on that basis denies them.  To the extent that an answer is deemed necessary

27   and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 10.

28       11.   The allegations in Paragraph 11 are not susceptible to being answered because of

their ambiguity and because they state legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that its employment relationship with Mr. Marshall was in Santa Clara County, California.  Adobe denies that its relationship with Mr. Devine was in California.  Mr. Devine was employed by Adobe in Washington.  Adobe otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies the allegations.

13.     To the extent that the allegations in Paragraph 13 are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Adobe denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Adobe denies the allegations in Paragraph 15.

16.     Answering the allegations in Paragraph 16, Adobe admits that from approximately October 2006 through July 7, 2008, Mr. Devine worked in the state of Washington as a software engineer for Adobe.  Adobe denies that Mr. Devine was injured in his business or property by reason of the allegations in the CAC.  Adobe otherwise lacks knowledge or information sufficient

SFI-737328v1

1    to form a belief about the truth of the allegations in Paragraph 16 and on that basis denies the

2    allegations.

3        17.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

4    the allegations in Paragraph 17 and on that basis denies the allegations.

5        18.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

6    the allegations in Paragraph 18 and on that basis denies the allegations.

7        19.    Answering the allegations in Paragraph 19, Adobe admits that from approximately

8    July 2006 through December 2006 Mr. Marshall worked in Santa Clara County, California, as a

9    software engineer for Adobe Systems Inc.  Adobe denies that Mr. Marshall was injured in his

10   business or property by reason of the allegations in the CAC.  Adobe otherwise lacks knowledge

11   or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on

12   that basis denies the allegations.

13       20.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

14   the allegations in Paragraph 20 and on that basis denies the allegations.

15       21.    Answering the allegations in Paragraph 21, Adobe admits that it is a Delaware

16   corporation with its principal place of business located at 345 Park Avenue, San Jose, California

17   95110.

18       22.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

19   the allegations in Paragraph 22 and on that basis denies the allegations.

20       23.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

21   the allegations in Paragraph 23 and on that basis denies the allegations.

22       24.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

23   the allegations in Paragraph 24 and on that basis denies the allegations.

24       25.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

25   the allegations in Paragraph 25 and on that basis denies the allegations.

26       26.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

27   the allegations in Paragraph 26 and on that basis denies the allegations.

28       27.    Adobe lacks knowledge or information sufficient to form a belief about the truth of

the allegations in Paragraph 27 and on that basis denies the allegations.

28. The allegations in Paragraph 28 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required. To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them. To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required. To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them. To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 29.

30. Answering the allegations in Paragraph 30, Adobe admits that Plaintiffs purport to bring this action on behalf of themselves and others. Adobe denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and otherwise denies the allegations in Paragraph 30.

31. Adobe denies the allegations in Paragraph 31.

32. Adobe denies the allegations in Paragraph 32.

33. Adobe denies the allegations in Paragraph 33.

34. Adobe denies the allegations in Paragraph 34.

35. Adobe denies the allegations in Paragraph 35.

36. Adobe denies the allegations in Paragraph 36.

37. Answering the allegations in Paragraph 37, Plaintiffs have withdrawn their request for injunctive relief, so no answer is necessary. To the extent that an answer is deemed necessary

1   and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or

2   information sufficient to form a belief as to the truth of the allegations and on that basis denies

3   them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe,

4   Adobe denies the allegations in Paragraph 37.

5       38.     Adobe denies the allegations in Paragraph 38.

6       39.     The allegations in Paragraph 39 are not susceptible to being answered because of

7   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

8   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

9   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

10  is deemed necessary and the allegations are directed at Adobe, Adobe admits that it employed

11  people in the United States, in California, and in the Northern District of California during the

12  period of January 1, 2005 through January 1, 2010 and otherwise denies the allegations.

13      40.     The allegations in Paragraph 40 are not susceptible to being answered because of

14  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

15  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

16  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

17  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

18  Paragraph 40.

19      41.     The allegations in Paragraph 41 are not susceptible to being answered because of

20  their ambiguity and because they call for legal conclusions to which no answer is required.  To

21  the extent that an answer is deemed necessary and the allegations are directed at other defendants

22  or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

23  of the allegations and on that basis denies them.  To the extent that an answer is deemed

24  necessary and the allegations are directed at Adobe, Adobe admits cold calling—soliciting a

25  person about employment who had not previously contacted Adobe—is one recruiting technique.

26  Adobe denies the remaining allegations in Paragraph 41.

27      42.     The allegations in Paragraph 42 are not susceptible to being answered because of

28  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

1   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

2   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

3   is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

4   Paragraph 42.

5           43.     The allegations in Paragraph 43 are not susceptible to being answered because of

6   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

7   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

9   is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

10  Paragraph 43.

11          44.     The allegations in Paragraph 44 are not susceptible to being answered because of

12  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

13  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

15  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations the

16  allegations in Paragraph 44.

17          45.     The allegations in Paragraph 45 are not susceptible to being answered because of

18  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

19  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

20  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

21  is deemed necessary and the allegations are directed at Adobe, Adobe admits that cold calling is

22  one recruiting technique used by Adobe and otherwise denies the remaining allegations in

23  Paragraph 45.

24          46.     The allegations in the first and second sentences of Paragraph 46 are not

25  susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed

26  necessary and the allegations are directed at other defendants or third-parties, Adobe lacks

27  knowledge or information sufficient to form a belief as to the truth of the allegations and on that

28  basis denies them.  To the extent that an answer is deemed necessary and the allegations are

directed at Adobe, Adobe denies the allegations in the first and second sentences.  Answering the remaining allegations in Paragraph 46, Adobe admits that an employee may attempt to use an offer from another firm to negotiate increased compensation from her current employer and otherwise denies the remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and on that basis denies the allegations.

48.     The allegations in Paragraph 48 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations.

51.     The allegations in Paragraph 51 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that it monitors and manages compensation levels to achieve certain goals, including maintaining certain compensation relationships among employees within the same employment categories; maintaining certain compensation relationships among employees across different employment categories (e.g., between junior engineers and senior engineers); maintaining employee morale and productivity; retaining employees; and attracting new employees.  Adobe otherwise denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that it sets baseline compensation levels for different employee categories that apply to all employees within those categories, that it compares baseline compensation levels across different employee categories, and that at times it modifies baseline compensation levels depending on a number of factors. Adobe denies the remaining allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that the baseline compensation level for a position is a factor Adobe considers when deciding the compensation for a particular employee and otherwise denies the remaining allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are not susceptible to being answered because of

their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 57.

58.     Answering the allegations in Paragraph 58, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

59.     Answering the allegations in Paragraph 59, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

60.     Answering the allegations in Paragraph 60, Adobe lacks knowledge or information

1   sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis

2   denies the allegations.

3        61.     Answering the allegations in Paragraph 61, Adobe lacks knowledge or information

4   sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis

5   denies the allegations.

6        62.     Answering the allegations in Paragraph 62, Adobe lacks knowledge or information

7   sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis

8   denies the allegations.

9        63.     Answering the allegations in Paragraph 63, Adobe lacks knowledge or information

10  sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis

11  denies the allegations.

12       64.     Answering the allegations in Paragraph 64, Adobe lacks knowledge or information

13  sufficient to form a belief about the truth of the allegations in Paragraph 64 and on that basis

14  denies the allegations.

15       65.     Answering the allegations in Paragraph 65, Adobe lacks knowledge or information

16  sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis

17  denies the allegations.

18       66.     The allegations in Paragraph 66 are not susceptible to being answered because of

19  their ambiguity and because they call for conclusions of law to which no answer is necessary.  To

20  the extent that an answer is deemed necessary, Adobe lacks knowledge or information sufficient

21  to form a belief about the truth of the allegations in Paragraph 66 and on that basis denies the

22  allegations.

23       67.     Answering the allegations in Paragraph 67, Adobe lacks knowledge or information

24  sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis

25  denies the allegations.

26       68.     Answering the allegations in Paragraph 68, Adobe lacks knowledge or information

27  sufficient to form a belief about the truth of the allegations in Paragraph 68 and on that basis

28  denies the allegations.

69.      Answering the allegations in Paragraph 69, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and on that basis denies the allegations.

70.      Answering the allegations in Paragraph 70, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and on that basis denies the allegations.

71.      Answering the allegations in Paragraph 71, to the extent that the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 71.

72.      The allegations in Paragraph 72 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 72.

73.      Answering the allegations in Paragraph 73, Adobe admits that at times, to facilitate numerous collaborative endeavors, Adobe and Apple decided not to actively solicit each other's employees; hiring was never prohibited.  Adobe denies the remaining allegations in Paragraph 73.

74.      The allegations in Paragraph 74 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that a former Adobe senior executive and a former Apple senior executive decided that Adobe and Apple would not actively solicit each other's employees and that they had communications about the decision. Adobe denies the remaining allegations in Paragraph 74.

75.      The allegations in Paragraph 75 are not susceptible to being answered because of

1   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

2   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

3   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

4   is deemed necessary and the allegations are directed at Adobe, Adobe admits that at times it

5   decided not to, and asked its recruiters not to, actively solicit Apple employees in Santa Clara

6   County and otherwise denies the allegations in Paragraph 75.

7          76.     The allegations in Paragraph 76 are not susceptible to being answered because of

8   their ambiguity.  To the extent that an answer is deemed necessary, Adobe admits that, at times,

9   to foster collaborations, Adobe and Apple decided not to actively solicit each other's employees.

10  Adobe denies the remaining allegation in Paragraph 76.

11         77.     The allegations in Paragraph 77 are not susceptible to being answered because of

12  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

13  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

14  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

15  is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

16  Paragraph 77.

17         78.     The allegations in Paragraph 78 are not susceptible to being answered because of

18  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

19  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

20  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

21  is deemed necessary and the allegations are directed at Adobe, Adobe admits that at times it asked

22  its recruiters not to actively solicit Apple employees and included Apple on its internal list of

23  "Companies that are off limits," which was created and maintained in Santa Clara County.

24  Adobe denies the remaining allegations in Paragraph 78.

25         79.     The allegations in Paragraph 79 are not susceptible to being answered because of

26  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

27  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

28  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

is deemed necessary and the allegations are directed at Adobe, Adobe denies that there was a conspiracy and otherwise denies the allegations in Paragraph 79.

80.     Answering the allegations in Paragraph 80, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and on that basis denies the allegations.

81.     Answering the allegations in Paragraph 81, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and on that basis denies the allegations.

82.     Answering the allegations in Paragraph 82, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and on that basis denies the allegations.

83.     Answering the allegations in Paragraph 83, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and on that basis denies the allegations.

84.     Answering the allegations in Paragraph 84, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and on that basis denies the allegations.

85.     The allegations in Paragraph 85 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 85.

86.     Answering the allegations in Paragraph 86, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and on that basis denies the allegations.

87.     Answering the allegations in Paragraph 87, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and on that basis

1    denies the allegations.

2            88.      Answering the allegations in Paragraph 88, Adobe lacks knowledge or information

3    sufficient to form a belief about the truth of the allegations in Paragraph 88 and on that basis

4    denies the allegations.

5            89.      Answering the allegations in Paragraph 89, Adobe lacks knowledge or information

6    sufficient to form a belief about the truth of the allegations in Paragraph 89 and on that basis

7    denies the allegations.

8            90.      Answering the allegations in Paragraph 90, Adobe lacks knowledge or information

9    sufficient to form a belief about the truth of the allegations in Paragraph 90 and on that basis

10   denies the allegations.

11           91.      Answering the allegations in Paragraph 91, Adobe lacks knowledge or information

12   sufficient to form a belief about the truth of the allegations in Paragraph 91 and on that basis

13   denies the allegations.

14           92.      Answering the allegations in Paragraph 92, Adobe lacks knowledge or information

15   sufficient to form a belief about the truth of the allegations in Paragraph 92 and on that basis

16   denies the allegations.

17           93.      Answering the allegations in Paragraph 93, Adobe lacks knowledge or information

18   sufficient to form a belief about the truth of the allegations in Paragraph 93 and on that basis

19   denies the allegations.

20           94.      Answering the allegations in Paragraph 94, Adobe lacks knowledge or information

21   sufficient to form a belief about the truth of the allegations in Paragraph 94 and on that basis

22   denies the allegations.

23           95.      Answering the allegations in Paragraph 95, Adobe lacks knowledge or information

24   sufficient to form a belief about the truth of the allegations in Paragraph 95 and on that basis

25   denies the allegations.

26           96.      Answering the allegations in Paragraph 96, Adobe lacks knowledge or information

27   sufficient to form a belief about the truth of the allegations in Paragraph 96 and on that basis

28   denies the allegations.

97.     Answering the allegations in Paragraph 97, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and on that basis denies the allegations.

98.     The allegations in Paragraph 98 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 98.

99.     Answering the allegations in Paragraph 99, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and on that basis denies the allegations.

100.    Answering the allegations in Paragraph 100, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101.    Answering the allegations in Paragraph 101, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and on that basis denies the allegations.

102.    Answering the allegations in Paragraph 102, Adobe lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and on that basis denies the allegations.

103.    The allegations in Paragraph 103 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph 103.

104.    Answering the allegations in Paragraph 104, Adobe lacks knowledge or

1    information sufficient to form a belief about the truth of the allegations in Paragraph 104 and on

2    that basis denies the allegations.

3          105.    Answering the allegations in Paragraph 105, Adobe lacks knowledge or

4    information sufficient to form a belief about the truth of the allegations in Paragraph 105 and on

5    that basis denies the allegations.

6          106.    Answering the allegations in Paragraph 106, Adobe lacks knowledge or

7    information sufficient to form a belief about the truth of the allegations in Paragraph 106 and on

8    that basis denies the allegations.

9          107.    Answering the allegations in Paragraph 107, Adobe lacks knowledge or

10   information sufficient to form a belief about the truth of the allegations in Paragraph 107 and on

11   that basis denies the allegations.

12         108.    The allegations in Paragraph 108 are not susceptible to being answered because of

13   their ambiguity and because they state conclusions of law to which no answer is necessary.  To

14   the extent that an answer is deemed necessary and the allegations are directed at other defendants

15   or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

16   of the allegations and on that basis denies them.  To the extent that an answer is deemed

17   necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph

18   108.

19         109.    The allegations in Paragraph 109 are not susceptible to being answered because of

20   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

21   at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

22   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

23   is deemed necessary and the allegations are directed at Adobe, Adobe denies the allegations in

24   Paragraph 109.

25         110.    The allegations in Paragraph 110 are not susceptible to being answered because of

26   their ambiguity and because they state conclusions of law to which no answer is necessary.  To

27   the extent that an answer is deemed necessary and the allegations are directed at other defendants

28   or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth

of the allegations and on that basis denies them.  To the extent that an answer is deemed

necessary and the allegations are directed at Adobe, Adobe denies the allegations in Paragraph

110.

111.   The allegations in Paragraph 111 are not susceptible to being answered because of

their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

belief as to the truth of the allegations and on that basis denies them.  To the extent an answer is

deemed necessary and the allegations are directed at Adobe, Adobe admits that the DOJ

conducted an investigation related to certain employment practices of defendants, and it admits

that the DOJ issued a Civil Investigative Demand to Adobe and that Adobe produced documents

to the DOJ.  Adobe otherwise denies the allegations in Paragraph 111.

112.   Adobe admits the allegations in the first and second sentences of Paragraph 111.

The allegations in the third sentence in Paragraph 111 are not susceptible to being answered

because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations

are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient

to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that

an answer is deemed necessary and the allegations are directed at Adobe, Adobe denies the

allegations in Paragraph 111.

113.   The allegations in Paragraph 112 are not susceptible to being answered because of

their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a

belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

is deemed necessary and the allegations are directed at Adobe, Adobe lacks knowledge or

information about the DOJ's actual conclusions and on that basis denies the allegations.  Adobe

denies the allegations in the second and third sentences that the DOJ made factual or legal

findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in

*United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No.

1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  That matter was resolved without

1  litigation and was resolved "without trial or adjudication of any issue of fact or law." *United*
2  *States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-
3  01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Adobe denies that it engaged in any
4  unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise
5  denies the remaining allegations in Paragraph 112.

6      114.  The allegations in Paragraph 112 are not susceptible to being answered because of
7  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed
8  at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a
9  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer
10  is deemed necessary and the allegations are directed at Adobe, Adobe lacks knowledge or
11  information about the DOJ's actual conclusions and on that basis denies the allegations.  The
12  quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v.*
13  *Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-
14  RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  Adobe denies that it engaged in any unlawful conduct or
15  violated any law, denies each allegation in the quoted text, and otherwise denies the remaining
16  allegations in Paragraph 113.

17      115.  Answering the allegations in the first and second sentences of Paragraph 114,
18  Adobe admits that that the DOJ filed complaints against Adobe, Apple, Google, Intel, Intuit, and
19  Pixar on September 24, 2010 and against Lucasfilm and Pixar on December 21, 2010 regarding
20  bilateral non-solicit agreements, but litigation did not follow.  Answering the allegations in the
21  third sentence of Paragraph 114, Adobe admits that the stipulated proposed final judgment filed
22  by the DOJ entered in the case states that "[t]he Complaint states a claim upon which relief may
23  be granted against the Defendants."  Adobe otherwise denies the allegations in Paragraph 114.

24      116.  The allegations in Paragraph 115 are not susceptible to being answered because of
25  their ambiguity and because they state conclusions of law to which no answer is necessary.  To
26  the extent that an answer is deemed necessary, Adobe answers that the Final Judgments speak for
27  themselves and otherwise denies the allegations in Paragraph 115.

28      117.  The allegations in Paragraph 116 are not susceptible to being answered because of

Adobe's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits that it has acknowledged that Adobe and Apple decided not to actively solicit each other's employees and otherwise denies the allegations in Paragraph 116.

118.    The allegations in Paragraph 117 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Adobe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Adobe, Adobe admits the DOJ did not pursue monetary penalties from the Defendants.  Adobe otherwise denies the allegations in Paragraph 117.

119.    Adobe denies the allegations in Paragraph 118.

## FIRST CLAIM FOR RELIEF

120.    Adobe repeats and incorporates by reference paragraphs 1 through 118 as if fully set forth herein.

121.    Adobe denies the allegations in Paragraph 120.

122.    Adobe denies the allegations in Paragraph 121.

123.    Adobe denies the allegations in Paragraph 122.

124.    Adobe denies the allegations in Paragraph 123.

125.    Adobe denies the allegations in Paragraph 124.

126.    Adobe denies the allegations in Paragraph 125.

127.    Adobe denies the allegations in Paragraph 126.

## SECOND CLAIM FOR RELIEF

128.    Adobe repeats and incorporates by reference paragraphs 1 through 126 as if fully set forth herein.

129.    Adobe denies the allegations in Paragraph 128.

Adobe's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1    130.    Adobe denies the allegations in Paragraph 129.

2    131.    Adobe denies the allegations in Paragraph 130.

3    132.    Adobe denies the allegations in Paragraph 131.

4    133.    Adobe denies the allegations in Paragraph 132.

5    134.    Adobe denies the allegations in Paragraph 133.

6    135.    Adobe denies the allegations in Paragraph 134.

7    136.    Adobe denies the allegations in Paragraph 135.

8                    **THIRD CLAIM FOR RELIEF**

9    Paragraphs 136 through 143 of the Consolidated Amended Complaint consist of

10   Plaintiffs' withdrawn Third Claim for Relief under California Business and Professions Code

11   § 16600, to which no response is necessary.  To the extent that an answer is deemed necessary,

12   Adobe denies the allegations in Paragraphs 136 through 143.

13                  **FOURTH CLAIM FOR RELIEF**

14   Paragraphs 144 through 152 of the Consolidated Amended Complaint consist of

15   Plaintiffs' dismisses Fourth Claim for Relief under California Business and Professions Code

16   §§ 17200, et seq., to which no response is necessary.  To the extent that an answer is deemed

17   necessary, Adobe denies the allegations in Paragraphs 144 through 152.

18                      **PRAYER FOR RELIEF**

19   The remaining Paragraphs 153 through 164 of the Consolidated Amended Complaint

20   consist of Plaintiffs' Prayer For Relief to which no response is necessary.  To the extent that an

21   answer is deemed necessary, Adobe denies the allegations in Paragraphs 153 through 164.

22                            **DEFENSES**

23   Each defense is asserted as to all claims against Adobe.  By setting forth these defenses,

24   Adobe does not assume the burden of proving any fact, issue or element of a cause of action

25   where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall

26   be construed as an admission that any particular issue or subject matter is relevant to the

27   Plaintiffs' allegations.

28   Adobe reserves the right to amend or supplement its defenses and raise counterclaims as

SFI-737328v1

Adobe's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

additional facts concerning its defenses become known to it.

As separate and distinct defenses, Adobe alleges as follows:

### FIRST DEFENSE
### (Legitimate Business Justification/Procompetitive Benefits)

1.      By setting forth the First Defense, Adobe does not concede it bears the burden of proving a business justification or that the procompetitive benefits outweigh the alleged anticompetitive effects.  It is well established that plaintiffs bear the burden to prove that the conduct does not serve legitimate business purposes and the alleged anticompetitive effects outweigh the procompetitive benefits.  Adobe asserts the First Defense only out of an abundance of caution.

2.      The Plaintiffs' and/or putative class members' claims are barred, in whole or in part, because Adobe has at all times and in all relevant matters acted reasonably, serving legitimate business purposes, in furtherance of legitimate trade or ancillary thereto, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.  Adobe has not acted with the purpose or intent to suppress or restrain competition and any anticompetitive effects from Adobe's alleged conduct are outweighed by its precompetitive benefits.  Adobe's decision not to actively solicit Apple employees was ancillary to and promoted ongoing collaborations between the companies which benefited consumers with innovation and better products.

3.      Adobe and Apple have fostered a close working relationship over the last thirty years, facilitating numerous collaborative endeavors that benefitted consumers with innovation and new and updated products.  The companies' collaboration traces back to the early 1980s, when they were both in the early stages of designing computerized publishing and graphics reproduction tools.  The combination of Adobe's software and Apple's hardware transformed the publishing industry, expanding output and consumer choice by giving graphic artists and creative professionals control over the design and production of graphic images.  None of this would have been possible without the companies' deep collaboration.

4.      After ushering in the desktop publishing revolution, Adobe and Apple continued to

collaborate on a series of new and innovative computer technologies.  Adobe produced industry leading creative arts applications, including its Photoshop, Illustrator, InDesign, and Premiere software for the Macintosh.  Adobe also collaborated with Apple on Apple's migration from the PowerPC model to the Intel architecture in 2005.  All of these efforts involved close collaboration between the companies on product design and optimization, education and support, and co-marketing and cross-promotion, among other things.  Thus, Adobe's numerous creative arts software releases—and the benefits they have provided to consumers—were a result of its close partnership with Apple.

5.      This partnership and extensive series of collaborations required mutual trust.  To facilitate these collaborations and promote trust between the companies, Adobe and Apple decided not to actively solicit each other's employees.  Hiring was never prohibited.  Nor was pursuing an Apple employee who first contacted Adobe.  Adobe and Apple remained free to and did hire each other's employees throughout the class period.

6.      Soliciting employees is a provocative and disruptive maneuver, particularly soliciting an employee participating in a collaborative endeavor.  The companies' collaborative efforts and relationship, which involved working side-by-side at the highest levels of productivity and innovation, and exposure to each other's most closely-held technologies, confidential roadmaps and key talent, would have been undermined if either had felt the need to constantly shield their employees or keep an eye out for ulterior motives.  If one or the other company is using (or is perceived to be using) the collaboration or relationship as an opportunity to poach the other company's employees, such conduct will create a lack of trust and a disincentive to continue the close collaboration or relationship at all or to continue it in a manner that produces the greatest benefits.  Existing collaborations or relationships, or future ones, if they happen at all, might be structured differently in a way that would create inefficiencies or otherwise make the collaboration less successful, thus resulting in the loss of the pro-competitive benefits for which the collaborations were undertaken.

**SECOND DEFENSE**
**(Statute of Limitations)**

7.     The Plaintiffs' and/or putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations (including including 15 U.S.C. § 15b and Cal. Bus. & Prof. Code §16750.1).  Plaintiffs challenge conduct and seek damages for injuries that allegedly occurred between January 1, 2005 to January 1, 2010.  Plaintiffs, however, filed their first complaint in *Hariharan v. Adobe Systems, Inc.* on May 4, 2011, their second complaint on June 20, 2011, their third complaint on June 28, 2011, and their fourth complaint on July 14, 2011.  Accordingly, plaintiffs seek relief for alleged injuries outside of the four-year limitations period, which are barred by the applicable statute of limitations.

**THIRD DEFENSE**
**(Failure To Mitigate)**

8.     The Plaintiffs and/or putative class members are barred from recovery of any damages because of and to the extent of their failure to mitigate damages.  Some members of Plaintiffs' alleged class had knowledge of the challenged agreements or recruiting policies of Defendants and the alleged claims before this suit was initiated but failed to use reasonable care or diligence to minimize or avoid the damages alleged.  These putative class members remained free to seek increased compensation, promotions, and other employment opportunities throughout the class period.  They also had other available means to obtain salary information through research, asking friends and colleagues, job fairs, job boards, networking, headhunters, and internet sites.  These putative class members also were free to and did seek employment or explore potential employment opportunities with any of the Defendants, including Apple, or other non-Defendant companies.  Indeed, Adobe and Apple hired employees from each other during the alleged class period.

**FOURTH DEFENSE**
**(Set Off)**

9.     Adobe is entitled to set off of any amounts paid to the Plaintiffs and/or putative class members by any defendants other than Adobe, including defendants who settle.

Adobe's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

**FIFTH DEFENSE**
**(Arbitration)**

10.     The Plaintiffs' and/or putative class members' claims are barred to the extent that they agreed to mandatory arbitration or chose a different forum or mechanism for the resolution of their claims.  In connection with the termination of their employment from one of the Defendants or otherwise, some members of Plaintiffs' alleged class have agreed to mandatory arbitration or mandatory use of an alternative forum or dispute resolution mechanism for the resolution of the claims related to their employment.

**SIXTH DEFENSE**
**(Release, Waiver, Estoppel, Discharge, and/or Settlement)**

11.     In connection with the termination of their employment from Adobe and/or one of the Defendants or otherwise, some members of Plaintiffs' alleged class released, waived, discharged, and/or settled any and all claims that arose out of or related to their employment. Accordingly, the Plaintiffs' and/or putative class members' claims are barred, in whole or in part, due to release, waiver, estoppel, discharge, and/or settlement.  These releases, waivers, discharges and/or settlements bar and estop some members of the alleged class from pursuing claims for relief against or recovering damages from Adobe.

## **PRAYER FOR RELIEF**

WHEREFORE, Adobe prays as follows:

1.      That Plaintiffs take nothing by reason of their Consolidated Amended Complaint, and that judgment be rendered in favor of Adobe.

2.      That the Court dismiss the Consolidated Amended Complaint in its entirety, with prejudice;

3.      That Adobe be awarded its costs of suit and attorney's fees incurred in this action (including all costs and fees associated with collecting, processing, and reviewing documents including electronically stored information), to the maximum extent permitted by law; and

4.      For such other relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Adobe hereby demands trial by jury in this action on all matters triable to a jury.

Dated: July 5, 2012                           Respectfully submitted,

JONES DAY

By: /s/David C. Kiernan
    David C. Kiernan

ROBERT A. MITTELSTAEDT (Bar No. 60359)
ramittelstaedt@jonesday.com
CRAIG A. WALDMAN (Bar No. 229943)
cwaldman@jonesday.com
DAVID C. KIERNAN (Bar No. 215335)
dkiernan@jonesday.com
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant Adobe Systems
Incorporated

Adobe's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK