Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900

Attorneys for Defendant
INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | **Master Docket No. 11-CV-2509-LHK** |
| THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | **DEFENDANT INTUIT INC.'S AMENDED ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** <br><br> **JURY DEMAND** |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Intuit Inc. hereby answers the Consolidated Amended Complaint ("CAC") filed by plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover ("Plaintiffs") on September 13, 2011.  Except as expressly admitted below, Intuit denies each and every allegation and claim in the CAC.

1.      The allegations in Paragraph 1 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies that it engaged in any unlawful conduct or violated any law and otherwise denies the allegations in Paragraph 1.

2.      The allegations in the first and second sentences of Paragraph 2 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations. Answering the allegations in the third sentence of Paragraph 2, Intuit admits that Plaintiffs purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it engaged in any unlawful conduct or violated any law and otherwise denies the remaining allegations in Paragraph 2.[1]

---

[1] The Plaintiffs withdrew their claims under California Business and Professions Code § 16600, and the Court dismissed the Plaintiffs' claims under the California Business and Professions Code §§ 17200, et seq.  Order Granting In Part And Denying In Part Defendants' Joint Motion to Dismiss; Denying Lucasfilm Ltd.'s Motion to Dismiss, 8 & n.6, 29 (Apr. 18, 2012) (Doc. 119).  The Plaintiffs also withdrew their prayer for injunctive declaratory relief. *Id.* at 8 n.7.

1        3.       Answering the allegations in the first sentence of Paragraph 3, Intuit admits that

2 the DOJ conducted an investigation of Defendants' recruiting practices between  2009 and 2010

3 but otherwise denies the allegations.  Intuit denies the allegations in the second and third

4 sentences that the DOJ made factual or legal findings.  The quoted text are unproven allegations

5 made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google*

6 *Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1)

7 [hereinafter "DOJ Complaint"].  That case was resolved "without trial or adjudication of any

8 issue of fact or law."  *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit,*

9 *Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Intuit denies

10 that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted

11 text, and otherwise denies the remaining allegations in Paragraph 3.

12        4.       The allegations in the first sentence of Paragraph 4 are not susceptible to being

13 answered because of their ambiguity.  To the extent that an answer is deemed necessary and the

14 allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information

15 sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the

16 extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies

17 that employees were injured by any alleged agreement involving Intuit.  Intuit otherwise lacks

18 knowledge or information sufficient to form a belief about the truth of the allegations in the first

19 sentence of Paragraph 4 and on that basis denies the allegations.  Intuit denies the remaining

20 allegations in Paragraph 4.

21        5.       Answering the allegations in Paragraph 5, Intuit admits that Plaintiffs seek

22 damages and purport to bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the

23 Cartwright Act, California Business and Professions Code §§ 16720, et seq., but denies that it

24 violated any law and otherwise denies the allegations in Paragraph 5.  To the extent that the

25 allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information

26 sufficient to form a belief as to the truth of the allegations and on that basis denies them.

27        6.       The allegations in Paragraph 6 state legal conclusions to which no answer is

28 necessary.

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

7.     The allegations in Paragraph 7 state legal conclusions to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that it conducts business and is headquartered in the Northern District of California and that venue is proper to the extent that this Court has subject matter jurisdiction and otherwise denies the allegations in Paragraph 7.

8.     The allegations in Paragraph 8 state legal conclusions to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that the Northern District of California has personal jurisdiction over it for the purposes of this action but otherwise denies the remaining allegations in Paragraph 8.

9.     The allegations in Paragraph 9 state legal conclusions to which no answer is necessary.  To the extent that an answer is deemed necessary, Intuit denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the

allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that its employment relationship with Mr. Stover was in Santa Clara County, California.  Intuit otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and on that basis denies the allegations.

13.     To the extent that the allegations in Paragraph 13 are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Intuit denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are not susceptible to being answered because of their ambiguity and because they state legal conclusions to which no answer is required.  To the extent an answer is deemed necessary, Intuit denies the allegations in Paragraph 15.

16.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and on that basis denies the allegations.

17.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and on that basis denies the allegations.

18.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and on that basis denies the allegations.

19.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies the allegations.

20.     Answering the allegation in Paragraph 20, Intuit admits that from October 2006 to December 2009, Mr. Stover was employed in the County of Santa Clara by Intuit, and that during a portion of that period his job title was software engineer.  Intuit denies that Mr. Stover was injured in his business or property by reason of the allegations in the CAC.  Intuit otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and on that basis denies the allegations.

21.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and on that basis denies the allegations.

22.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and on that basis denies the allegations.

23.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies the allegations.

24.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and on that basis denies the allegations.

25.     Answering the allegations in Paragraph 25, Intuit admits that it is a Delaware corporation and that its principal place of business is in Mountain View, California.  Intuit otherwise denies the allegations in Paragraph 25.

26.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and on that basis denies the allegations.

27.     Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and on that basis denies the allegations.

28.     The allegations in Paragraph 28 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 28.

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

29.     The allegations in Paragraph 29 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 29.

30.     Answering the allegations in Paragraph 30, Intuit admits that Plaintiffs purport to bring this action on behalf of themselves and others.  Intuit denies that Plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and otherwise denies the allegations in Paragraph 30.

31.     Intuit denies the allegations in Paragraph 31.

32.     Intuit denies the allegations in Paragraph 32.

33.     Intuit denies the allegations in Paragraph 33.

34.     Intuit denies the allegations in Paragraph 34.

35.     Intuit denies the allegations in Paragraph 35.

36.     Intuit denies the allegations in Paragraph 36.

37.     Answering the allegations in Paragraph 37, Plaintiffs have withdrawn their request for injunctive relief, so no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 37.

38.     Intuit denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

1   is deemed necessary and the allegations are directed at Intuit, Intuit admits that it employed

2   people in the United States, in California, and in the Northern District of California during the

3   period of January 1, 2005 through January 1, 2010 and otherwise denies the allegations in

4   Paragraph 39.

5           40.     The allegations in Paragraph 40 are not susceptible to being answered because of

6   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

7   at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

9   is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

10  Paragraph 40.

11          41.     The allegations in Paragraph 41 are not susceptible to being answered because of

12  their ambiguity and because they call for legal conclusions to which no answer is required.  To

13  the extent that an answer is deemed necessary and the allegations are directed at other defendants

14  or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations and on that basis denies them.  To the extent that an answer is deemed necessary

16  and the allegations are directed at Intuit, Intuit admits that cold calling is one recruiting technique.

17  Intuit denies the remaining allegations in Paragraph 41.

18          42.     The allegations in Paragraph 42 are not susceptible to being answered because of

19  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

20  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

21  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

22  is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

23  Paragraph 42.

24          43.     The allegations in Paragraph 43 are not susceptible to being answered because of

25  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

26  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

27  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

28

is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that cold calling is one recruiting technique used by Intuit and otherwise denies the remaining allegations in Paragraph 45.

46.     The allegations in the first and second sentences of Paragraph 46 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in the first and second sentences.  Answering the remaining allegations in Paragraph 46, Intuit admits that an employee may attempt to use an offer from another firm to negotiate increased compensation from her current employer and otherwise denies the remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1   is deemed necessary and the allegations are directed at Intuit, Intuit lacks knowledge or

2   information sufficient to form a belief about the truth of the allegations in Paragraph 47 and on

3   that basis denies the allegations.

4       48.     The allegations in Paragraph 48 are not susceptible to being answered because of

5   their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

6   at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

7   belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

8   is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

9   Paragraph 48.

10      49.     The allegations in Paragraph 49 are not susceptible to being answered because of

11  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

12  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

13  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

14  is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

15  Paragraph 49.

16      50.     The allegations in Paragraph 50 are not susceptible to being answered because of

17  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

18  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

19  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

20  is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

21  Paragraph 50.

22      51.     The allegations in Paragraph 51 are not susceptible to being answered because of

23  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

24  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

25  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

26  is deemed necessary and the allegations are directed at Intuit, Intuit admits that it monitors and

27  manages compensation levels to achieve certain goals, including: maintaining employee morale

28

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

and productivity; retaining employees; and attracting new employees.  Intuit otherwise denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 56.

57.    The allegations in Paragraph 57 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 57.

58.    Answering the allegations in Paragraph 58, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies the allegations.

59.    Answering the allegations in Paragraph 59, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies the allegations.

60.    Answering the allegations in Paragraph 60, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and on that basis denies the allegations.

61.    Answering the allegations in Paragraph 61, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and on that basis denies the allegations.

62.    Answering the allegations in Paragraph 62, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and on that basis denies the allegations.

63.    Answering the allegations in Paragraph 63, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and on that basis denies the allegations.

64.     Answering the allegations in Paragraph 64, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and on that basis denies the allegations.

65.     Answering the allegations in Paragraph 65, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and on that basis denies the allegations.

66.     The allegations in Paragraph 66 are not susceptible to being answered because of their ambiguity and because they call for legal conclusions.  To the extent that an answer is deemed necessary, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and on that basis denies the allegations.

67.     Answering the allegations in Paragraph 67, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and on that basis denies the allegations.

68.     Answering the allegations in Paragraph 68, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and on that basis denies the allegations.

69.     Answering the allegations in Paragraph 69, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and on that basis denies the allegations.

70.     Answering the allegations in Paragraph 70, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and on that basis denies the allegations.

71.     Answering the allegations of Paragraph 71, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 71.

72.     Answering the allegations in Paragraph 72, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and on that basis denies the allegations.

73.     Answering the allegations in Paragraph 73, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and on that basis denies the allegations.

74.     Answering the allegations in Paragraph 74, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and on that basis denies the allegations.

75.     Answering the allegations in Paragraph 75, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and on that basis denies the allegations.

76.     Answering the allegations in Paragraph 76, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and on that basis denies the allegations.

77.     Answering the allegations in Paragraph 77, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and on that basis denies the allegations.

78.     Answering the allegations in Paragraph 78, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and on that basis denies the allegations.

79.     The allegations in Paragraph 79 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies that there was a conspiracy and otherwise denies the allegations in Paragraph 79.

80.     Answering the allegations in Paragraph 80, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and on that basis denies the allegations.

81.     Answering the allegations in Paragraph 81, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and on that basis denies the allegations.

82.     Answering the allegations in Paragraph 82, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and on that basis denies the allegations.

83.     Answering the allegations in Paragraph 83, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and on that basis denies the allegations.

84.     Answering the allegations in Paragraph 84, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and on that basis denies the allegations.

85.     The allegations in Paragraph 85 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 85.

86.     Answering the allegations in Paragraph 86, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and on that basis denies the allegations.

87.     Answering the allegations in Paragraph 87, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and on that basis denies the allegations.

88.     Answering the allegations in Paragraph 88, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and on that basis denies the allegations.

89.     Answering the allegations in Paragraph 89, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and on that basis denies the allegations.

90.     Answering the allegations in Paragraph 90, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and on that basis denies the allegations.

91.     Answering the allegations in Paragraph 91, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and on that basis denies the allegations.

92.     Answering the allegations in Paragraph 92, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and on that basis denies the allegations.

93.     Answering the allegations in Paragraph 93, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and on that basis denies the allegations.

94.     Answering the allegations in Paragraph 94, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and on that basis denies the allegations.

95.     Answering the allegations in Paragraph 95, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and on that basis denies the allegations.

96.     Answering the allegations in Paragraph 96, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and on that basis denies the allegations.

97.     Answering the allegations in Paragraph 97, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and on that basis denies the allegations.

98.     The allegations in Paragraph 98 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 98.

99.     Answering the allegations in Paragraph 99, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and on that basis denies the allegations.

100.     Answering the allegations in Paragraph 100, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and on that basis denies the allegations.

101.     Answering the allegations in Paragraph 101, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and on that basis denies the allegations.

102.     Answering the allegations in Paragraph 102, Intuit lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and on that basis denies the allegations.

103.     Intuit denies the allegations in the first sentence of Paragraph 103.  Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 103 and on that basis denies them.

104.     Intuit denies the allegations in Paragraph 104.

105.     Answering the allegations in Paragraph 105, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to

form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 105.

106.    Answering the allegations in Paragraph 106, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 106.

107.    Answering the allegations in Paragraph 107, to the extent that the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent an answer is deemed necessary and the allegations are directed at Intuit, Intuit admits that the DOJ conducted an investigation related to certain employment practices of defendants, and it admits that the DOJ issued a Civil Investigative Demand to Intuit and that Intuit produced documents to the DOJ. Intuit otherwise denies the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit lacks knowledge or information about the DOJ's actual conclusions and on that basis denies the allegations.  Intuit denies the allegations in the second and third sentences that the DOJ made factual or legal findings.  The quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  That case was resolved "without trial or adjudication of any issue of fact or law."  *United States v. Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-RBW (D.D.C. Mar. 18, 2011) (Doc. 17), pp. 2-3.  Intuit denies that it engaged in any unlawful conduct or violated any law, denies each allegation in the quoted text, and otherwise denies the remaining allegations in Paragraph 112.

113.    The allegations in Paragraph 113 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer is deemed necessary and the allegations are directed at Intuit, Intuit lacks knowledge or

1  information about the DOJ's actual conclusions and on that basis denies the allegations.  The

2  quoted text are unproven allegations made by the DOJ in the Complaint filed in *United States v.*

3  *Adobe Sys. Inc., Apple Inc., Google Inc., Intel Corp., Intuit, Inc. & Pixar*, No. 1:10-cv-01629-

4  RBW (D.D.C. Sept. 24, 2010) (Doc. 1).  Intuit denies that it engaged in any unlawful conduct or

5  violated any law, denies each allegation in the quoted text, and otherwise denies the remaining

6  allegations in Paragraph 113.

7          114.    Answering the allegations in the first and second sentences of Paragraph 114,

8  Intuit admits that that the DOJ filed complaints against Adobe, Apple, Google, Intel, Intuit, and

9  Pixar on September 24, 2010 and against Lucasfilm and Pixar on December 21, 2010 regarding

10  bilateral non-solicit agreements.  Answering the allegations in the third sentence of Paragraph

11  114, Intuit admits that the final judgment entered in the case states that "[t]he Complaint states a

12  claim upon which relief may be granted against the Defendants."  Intuit otherwise denies the

13  allegations in Paragraph 114.

14          115.    The allegations in Paragraph 115 are not susceptible to being answered because of

15  their ambiguity and because they state conclusions of law to which no answer is necessary.  To

16  the extent that an answer is deemed necessary, Intuit answers that the Final Judgments speak for

17  themselves and otherwise denies the allegations in Paragraph 115.

18          116.    The allegations in Paragraph 116 are not susceptible to being answered because of

19  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

20  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

21  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

22  is deemed necessary and the allegations are directed at Intuit, Intuit denies the allegations in

23  Paragraph 116.

24          117.    The allegations in Paragraph 117 are not susceptible to being answered because of

25  their ambiguity.  To the extent that an answer is deemed necessary and the allegations are directed

26  at other defendants or third-parties, Intuit lacks knowledge or information sufficient to form a

27  belief as to the truth of the allegations and on that basis denies them.  To the extent that an answer

28  is deemed necessary and the allegations are directed at Intuit, Intuit admits the DOJ did not

1  pursue monetary penalties from the Defendants.  Intuit otherwise denies the allegations in

2  Paragraph 117.

3       118.    Intuit denies the allegations in Paragraph 118.

4  **<u>FIRST CLAIM FOR RELIEF</u>**

5       119.    Intuit repeats and incorporates by reference paragraphs 1 through 118 as if fully set

6  forth herein.

7       120.    Intuit denies the allegations in Paragraph 120.

8       121.    Intuit denies the allegations in Paragraph 121.

9       122.    Intuit denies the allegations in Paragraph 122.

10       123.    Intuit denies the allegations in Paragraph 123.

11       124.    Intuit denies the allegations in Paragraph 124.

12       125.    Intuit denies the allegations in Paragraph 125.

13       126.    Intuit denies the allegations in Paragraph 126.

14  **<u>SECOND CLAIM FOR RELIEF</u>**

15       127.    Intuit repeats and incorporates by reference paragraphs 1 through 126 as if fully set

16  forth herein.

17       128.    Intuit denies the allegations in Paragraph 128.

18       129.    Intuit denies the allegations in Paragraph 129.

19       130.    Intuit denies the allegations in Paragraph 130.

20       131.    Intuit denies the allegations in Paragraph 131.

21       132.    Intuit denies the allegations in Paragraph 132.

22       133.    Intuit denies the allegations in Paragraph 133.

23       134.    Intuit denies the allegations in Paragraph 134.

24       135.    Intuit denies the allegations in Paragraph 135.

25  **<u>THIRD CLAIM FOR RELIEF</u>**

26      Paragraphs 136 through 143 of the Consolidated Amended Complaint consist of

27  Plaintiffs' withdrawn Third Claim for Relief under California Business and Professions Code

28

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1   § 16600, to which no response is necessary.  To the extent that an answer is deemed necessary,

2   Intuit denies the allegations in Paragraphs 136 through 143.

3   **FOURTH CLAIM FOR RELIEF**

4   Paragraphs 144 through 152 of the Consolidated Amended Complaint consist of

5   Plaintiffs' dismisses Fourth Claim for Relief under California Business and Professions Code §§

6   17200, et seq., to which no response is necessary.  To the extent that an answer is deemed

7   necessary, Intuit denies the allegations in Paragraphs 144 through 152.

8   **PRAYER FOR RELIEF**

9   The remaining Paragraphs 153 through 164 of the Consolidated Amended Complaint

10   consist of Plaintiffs' Prayer For Relief to which no response is necessary.  To the extent that an

11   answer is deemed necessary, Intuit denies the allegations in Paragraphs 153 through 164.

12   **DEFENSES**

13   Intuit sets forth below its affirmative defenses.  Each defense is asserted as to all claims

14   against Intuit.  By setting forth these defenses, Intuit does not assume the burden of proving any

15   fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.

16   Nothing stated herein is intended or shall be construed as an admission that any particular issue or

17   subject matter is relevant to the Plaintiffs' allegations.

18   Intuit reserves the right to amend or supplement its defenses and raise counterclaims as

19   additional facts concerning its defenses become known to it.

20   As separate and distinct affirmative defenses, Intuit alleges as follows:

21   **FIRST DEFENSE**

22   **(Legitimate Business Justification/Procompetitive Benefits)**

23   By setting forth the First Defense, Intuit does not concede it bears the burden of proving a

24   business justification or that the procompetitive benefits outweigh the alleged anticompetitive

25   effects.  It is well established that plaintiffs bear the burden to prove that the conduct does not

26   serve legitimate business purposes and the alleged anticompetitive effects outweigh the

27   procompetitive benefits.  Intuit asserts the First Defense only out of an abundance of caution.

28   The Plaintiffs' and/or putative class members' claims are barred, in whole or in part,

1   because Intuit has at all times and in all relevant matters acted reasonably, serving legitimate

2   business purposes, in furtherance of legitimate trade or ancillary thereto, in good faith, and with

3   the purpose and effect of promoting, encouraging, or increasing competition.  Intuit has not acted

4   with the purpose or intent to suppress or restrain competition and any anticompetitive effects

5   from Intuit's alleged conduct are outweighed by its precompetitive benefits.

6        Intuit has collaborated with Google on a number of joint projects.  These collaborations

7   between Google and Intuit further competition because, among other things, they foster the

8   development of new and innovative products and services that consumers desire.  For example,

9   the Google/Intuit collaborations resulted in the integration of Google Desktop and Google

10  Business Tools into Quickbooks.  In addition to product collaborations, Intuit's Bill Campbell has

11  acted as a special advisor to Google's chief executive officer and management, thus furthering

12  competition by fostering efficiencies and enhancing the ability to produce desirable products and

13  services.

14        While Intuit denies that it entered any agreement to restrict competition, procompetitive

15  collaborations and advisory relationships like the foregoing involve close cooperation and trust

16  between the companies.  If one or the other company is using (or is perceived to be using) the

17  collaboration or relationship as an opportunity to identify the other company's talented employees

18  for the purpose of recruiting them, or is otherwise recruiting (or perceived to be recruiting) away

19  desired employees of the other, such conduct will create a lack of trust and/or a disincentive to

20  continue the collaboration or relationship.  Existing collaborations or relationships, or future ones,

21  if they happen at all, might be structured differently in a way that would create inefficiencies or

22  otherwise make the activity less successful, thus resulting in the loss of the pro-competitive

23  benefits for which the activity was undertaken.

24                            **SECOND DEFENSE**

25                          **(Statute of Limitations)**

26        The Plaintiffs' and/or putative class members' claims are barred, in whole or in part, by

27  the applicable statutes of limitations (including including 15 U.S.C. § 15b and Cal. Bus. & Prof.

28  Code §16750.1).  Plaintiffs' challenge conduct and seek damages for injuries that allegedly

1   occurred between January 1, 2005 and January 1, 2010.   Plaintiffs', however, filed their first

2   complaint in *Harihuran v. Adobe Systems, Inc. et al* on May 4, 2011.  Accordingly, plaintiffs seek

3   relief for alleged injuries outside of the four-year limitations period, which is barred by the

4   applicable statute of limitations.

5   **THIRD DEFENSE**

6   **(Failure To Mitigate)**

7   The Plaintiffs and/or putative class members are barred from recovery of any damages

8   because of and to the extent of their failure to mitigate damages.  Some members of Plaintiffs'

9   alleged class had knowledge of the alleged claims before this suit was initiated but failed to use

10   reasonable care or diligence to minimize or avoid the damages alleged. These putative class

11   members remained free to seek increased compensation, promotions, and other employment

12   opportunities.  They also had other available means to obtain salary information through research,

13   asking friends and colleagues, job fairs, job boards, networking, headhunters, and internet sites.

14   These putative class members were free to seek employment or explore through research, asking

15   friends and colleagues, job fairs, job boards, networking, headhunters, and internet sites.  These

16   putative class members also were free to seek employment or explore potential employment

17   opportunities with any of the Defendants.

18   **FOURTH DEFENSE**

19   **(Set Off)**

20   Intuit is entitled to set off of any amounts paid to the Plaintiffs and/or putative class

21   members by any defendants other than Intuit, including defendants who settle.

22   **FIFTH DEFENSE**

23   **(Arbitration)**

24   The Plaintiffs' and/or putative class members' claims are barred to the extent that they

25   agreed to mandatory arbitration or chose a different forum or mechanism for the resolution of

26   their claims.  In connection with the termination of their employment from one of the Defendants

27   or otherwise, some members of Plaintiffs' alleged class have agreedto arbitration or use of an

28   alternative forum or dispute resolution mechanism for the resolution of the claims related to their

employment.

**SIXTH DEFENSE**

**(Release, Waiver, Estoppel, Discharge, and/or Settlement)**

In connection with the termination of their employment from one of the Defendants or otherwise, some members of Plaintiffs' alleged class released, waived, discharged, and/or settled any and all claims that arose out of or related their employment.  Accordingly, the Plaintiffs' and/or putative class members' claims are barred, in whole or in part due to release, waiver, estoppel, discharge, and/or settlement.

**PRAYER FOR RELIEF**

WHEREFORE, Intuit prays as follows:

1.      That Plaintiffs take nothing by reason of their Consolidated Amended Complaint, and that judgment be rendered in favor of Intuit.

2.      That the Court dismiss the Consolidated Amended Complaint in its entirety, with prejudice;

3.      That Intuit be awarded its costs of suit and attorney's fees incurred in this action (including all costs and fees associated with collecting, processing, and reviewing documents including electronically stored information), to the maximum extent permitted by law; and

4.      For such other relief as the Court deems proper.

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK

1

### DEMAND FOR JURY TRIAL

2

Intuit hereby demands trial by jury in this action on all matters triable to a jury.

3

Dated: July 5, 2012                                        Respectfully submitted,

4

JONES DAY

5

By: /s/Catherine T. Zeng

6

Catherine T. Zeng

7

Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com

8

Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com

9

555 California Street, 26th Floor
San Francisco, CA 94104

10

Telephone: (415) 626-3939
Facsimile: (415) 875-5700

11

Catherine T. Zeng (State Bar No. 251231)

12

czeng@jonesday.com
1755 Embarcadero Road

13

Palo Alto, CA  94303
Telephone:     (650) 739-3939

14

Facsimile:     (650) 739-3900

15

Attorneys for Defendant Intuit Inc.

16

17

SVI-110613

18

19

20

21

22

23

24

25

26

27

28

Intuit's Amended Answer to Plaintiffs'
Consolidated Amended Complaint
Master Docket No. 11-CV-2509-LHK