ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Telephone:     (650) 632-4700
Facsimile:      (650) 632-4800

DEBORAH A. GARZA (*pro hac vice*)
dgarza@cov.com
JONATHAN HERCZEG (*pro hac vice*)
jherczeg@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:     (202) 662-6000
Facsimile:      (202) 662-6291

Attorneys for Defendant
PIXAR

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT PIXAR'S AMENDED ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Pursuant to the Stipulation and Order dated June 15, 2012 (Dkt. No. 152),

Defendant Pixar amends its Answer to Plaintiffs' Consolidated Amended Complaint

("Complaint") and provides amended affirmative defenses to the allegations in the Complaint as

1  follows.  Unless specifically admitted, Pixar denies all allegations and claims contained in the

2  Complaint.

3          Pixar's answer is limited to the allegations of the Complaint concerning Pixar

4  and its conduct.  Pixar denies knowledge or information sufficient to form a belief as to the truth

5  or falsity of the allegations relating to the acts, conduct, intent or knowledge of others.

6                                    **ANSWER**

7          Pixar admits that Plaintiffs purport to bring this action as stated in the preamble to the

8  Complaint.

9                          **I.  SUMMARY OF THE ACTION**

10  1.      Pixar admits that Plaintiffs purport to allege a conspiracy as described in Paragraph 1.

11  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 1.

12  2.      Pixar denies the allegations set forth in the first two sentences of Paragraph 2.  Pixar

13  admits that Plaintiffs purport to bring this action pursuant to the laws cited in the third sentence

14  of Paragraph 2, to the extent those claims for relief have not already been dismissed.  To the

15  extent not expressly admitted, Pixar denies the allegations set forth in the third sentence of

16  Paragraph 2.  Pixar denies that it has violated any law or other regulation, and denies that

17  Plaintiffs are entitled to any relief.

18  3.      Pixar admits that the Department of Justice ("DOJ") conducted an investigation into

19  Pixar's recruiting practices beginning in approximately 2009.  Pixar denies that it violated any

20  law or other regulation.  To the extent not expressly admitted, Pixar denies the allegations set

21  forth in Paragraph 3.

22  4.      Pixar lacks information sufficient to admit or deny the allegations set forth in the first

23  sentence of Paragraph 4.  Pixar otherwise denies the allegations set forth in Paragraph 4.

24                        **II.  JURISDICTION AND VENUE**

25  5.      Pixar admits that Plaintiffs purport to bring this action pursuant to the laws cited in

26  Paragraph 4, to the extent those claims for relief have not already been dismissed.  To the extent

27  not expressly admitted, Pixar denies the allegations set forth in Paragraph 5, denies that it has

28  violated any law or other regulation and denies that Plaintiffs are entitled to relief.

6.      Paragraph 6 contains a conclusion of law to which no response is required.

7.      Paragraph 7 contains a conclusion of law to which no response is required.

8.      Paragraph 8 contains a conclusion of law to which no response is required.

### III.  Choice of Law

9.      Paragraph 9 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 9.

10.      Pixar denies the allegations set forth in Paragraph 10.

11.      Pixar denies the allegations set forth in Paragraph 11.

12.      Pixar denies the allegations set forth in Paragraph 12 and denies that Plaintiffs' claims are the proper subject of class certification.

13.      Pixar denies the allegations set forth in Paragraph 13.

14.      Paragraph 14 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 14.

15.      Paragraph 15 contains a conclusion of law to which no response is required.  To the extent a response is required, Pixar lacks information sufficient to admit or deny the allegations set forth in Paragraph 15.

### IV.  THE PARTIES

**A.      Plaintiffs**

16.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 16.  Pixar denies the allegations set forth in the third sentence of Paragraph 16.

17.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 17.  Pixar denies the allegations set forth in the third sentence of Paragraph 17.

18.      Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 18.  Pixar denies the allegations set forth in the third sentence of Paragraph 18.

19.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 19.  Pixar denies the allegations set forth in the third sentence of Paragraph 19.

20.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of Paragraph 20.  Pixar denies the allegations set forth in the third sentence of Paragraph 20.

**B.     <u>Defendants</u>**

21.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21.

22.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22.

23.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23.

24.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24.

25.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25.

26.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26.

27.     Pixar admits the allegations set forth in Paragraph 27.

28.     Pixar denies the allegations set forth in Paragraph 28 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 28 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28.

29.     Pixar denies the allegations set forth in Paragraph 29 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 29 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29.

1

## V. CLASS ALLEGATIONS

2

30.     Pixar admits that Plaintiffs purport to represent a putative class as Plaintiffs have defined

3

it in Paragraph 30.  To the extent not expressly admitted, Pixar denies the allegations set forth in

4

Paragraph 30 and denies that Plaintiffs' claims are the proper subject of class certification.

5

31.     Pixar denies the allegations set forth in Paragraph 31.

6

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the

7

extent a response is required, Pixar denies the allegations set forth in Paragraph 32.

8

33.     Paragraph 33 contains conclusions of law to which no response is required.  To the

9

extent a response is required, Pixar denies the allegations set forth in Paragraph 33.

10

34.     Paragraph 34 contains a conclusion of law to which no response is required.  To the

11

extent a response is required, Pixar denies the allegations set forth in Paragraph 34.

12

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the

13

extent a response is required, Pixar denies the allegations set forth in Paragraph 35.

14

36.     Pixar denies the allegations set forth in Paragraph 36.

15

37.     Paragraph 37 contains conclusions of law to which no response is required.  To the

16

extent a response is required, Pixar denies the allegations set forth in Paragraph 37.

17

38.     Paragraph 38 contains conclusions of law to which no response is required.  To the

18

extent a response is required, Pixar denies the allegations set forth in Paragraph 38.

19

## VI.  FACTUAL ALLEGATIONS

20

To the extent sub-headings of Part VI of Plaintiffs' Complaint make any allegations that require

21

a response, Pixar denies them.

22

39.     Pixar denies the allegations set forth in Paragraph 39.

23

40.     Paragraph 40 contains conclusions of law to which no response is required.  To the

24

extent a response is required, Pixar denies the allegations set forth in Paragraph 40.

25

41.     Pixar denies the allegations set forth in the first sentence of Paragraph 41.  Pixar admits

26

that Plaintiffs have defined "cold-calling" to include "communicating directly in any manner

27

(including orally, in writing, telephonically, or electronically) with another firm's employee

28

who has not otherwise applied for a job opening."  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 41.

42.     Pixar denies the allegations set forth in Paragraph 42.

43.     Pixar denies the allegations set forth in Paragraph 43.

44.     Pixar denies the allegations set forth in Paragraph 44.

45.     Pixar denies the allegations set forth in Paragraph 45.

46.     Pixar denies the allegations set forth in the first two sentences of Paragraph 46.  Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third and fourth sentences of Paragraph 46.

47.     Pixar denies the allegations set forth in Paragraph 47.

48.     Pixar denies the allegations set forth in Paragraph 48.

49.     Pixar denies the allegations set forth in Paragraph 49.

50.     Pixar denies the allegations set forth in Paragraph 50.

51.     To the extent the allegations in paragraph 51 relate to Pixar, Pixar admits that it monitors and manages compensation levels to achieve its legitimate business objectives.  To the extent the allegations set forth in Paragraph 51 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 51.

52.     To the extent the allegations set for with paragraph 52 relate to Pixar, Pixar admits that it establishes salary ranges for categories of employees and that it updates salary ranges from time to time.  To the extent the allegations set forth in Paragraph 52 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 52.

53.     Pixar admits that from time to time it engages in negotiations regarding compensation levels with individual employees.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 53.

1   54.    Pixar denies the allegations set forth in Paragraph 54.

2   55.    Pixar denies the allegations set forth in Paragraph 55.

3   56.    Pixar denies the allegations set forth in Paragraph 56.

4   57.    Pixar admits the allegations set forth in Paragraph 57.

5   58.    Pixar denies the allegations set forth in Paragraph 58.

6   59.    Pixar denies the allegations set forth in Paragraph 59.  Pixar admits that it had an

7   understanding with Lucasfilm that the companies' recruiters would not cold call employees of

8   the other company  To the extent not expressly admitted, Pixar denies the allegations set forth in

9   Paragraph 59.

10  60.    Pixar denies the allegations set forth in Paragraph 60.  Pixar admits that Pixar and

11  Lucasfilm had an understanding to notify each other after making an offer to an employee of the

12  other company.

13  61.    Pixar denies the allegations set forth in the first two sentences of Paragraph 61.  Pixar

14  admits that Pixar and Lucasfilm had an understanding that if Pixar extended an offer of

15  employment to a current employee of Lucasfilm, Pixar would not counter-offer if that candidate

16  received a different offer from Lucasfilm.

17  62.    Pixar denies the allegations set forth in Paragraph 62.  Pixar admits that its Vice

18  President of Human Resources prepared a document that she believed reflected an

19  understanding between Pixar and Lucasfilm, and which she circulated to certain Pixar

20  personnel.  Pixar admits that its Vice President of Human Resources later sent this document to

21  two senior managers at Lucasfilm.  To the extent they relate to Lucasfilm, Pixar denies

22  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

23  the third sentence of Paragraph 62.  Unless expressly admitted, Pixar denies the allegations set

24  forth in Paragraph 62.

25  63.    Pixar denies the allegations set forth in Paragraph 63.

26  64.    Pixar denies the allegations set forth in Paragraph 64.

27

28

| DEFENDANT PIXAR'S AMENDED ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT Master Docket No. 11-CV-2509-LHK | 7 | |

65.     Pixar admits that its personnel communicated with Lucasfilm personnel regarding an understanding with Lucasfilm.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 65.

66.     Pixar admits that its Vice President of Human Resources prepared a document that she believed reflected an understanding between Pixar and Lucasfilm in Emeryville, California.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 66.

67.     Pixar denies the allegations set forth in the first sentence of Paragraph 67.  Pixar admits that it informed employees in Emeryville, California about an understanding with Lucasfilm.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 67.

68.     Pixar admits that, there were occasions on which it notified Lucasfilm that it had made an offer of employment to a Lucasfilm employee.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 68.

69.     Pixar denies the allegations set forth in Paragraph 69.

70.     Pixar denies the allegations set forth in Paragraph 70.

71.     Pixar denies the allegations set forth in Paragraph 71.

72.     To the extent Paragraph 72 makes any allegations with respect to Pixar, Pixar denies them.  To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 72.

73.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 73.

74.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 74.

75.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 75.

76.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 76.

77.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 77.

78.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 78.

79.     To the extent the allegations set forth in Paragraph 79 relate to Pixar, Pixar denies them. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 79.

80.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 80.

81.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 81.

82.     To the extent the allegations set forth in Paragraph 82 relate to Pixar, Pixar denies them. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82.

83.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 83.

84.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 84.

85.     To the extent the allegations set forth in Paragraph 85 relate to Pixar, Pixar denies them. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82.

86.     Pixar denies the allegations set forth in Paragraph 86.

87.     Pixar admits that Steven P. Jobs continued his direct participation in Pixar's operations and had a significant role in the oversight of Pixar after the Walt Disney Company acquired Pixar in May 2006.  Pixar admits the allegations of the second and third sentences set forth in Paragraph 87.  Pixar further admits that beginning in 2006, Mr. Jobs sat on the Board of Directors of The Walt Disney Company and served on a Steering Committee that oversaw Pixar's business operations.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 87.

88.     Pixar denies the allegations set forth in Paragraph 88.

89.     Pixar denies the allegations set forth in Paragraph 89.

90.     Pixar denies the allegations set forth in Paragraph 90 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 90 relate only to Apple, Pixar denies knowledge or information sufficient to form a belief as to their truth or falsity.

91.     Pixar denies the allegations set forth in Paragraph 91 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 90 relate only to Apple, Pixar denies knowledge or information sufficient to form a belief as to their truth or falsity.

92.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 92.

93.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 93.

94.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 94.

95.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 95.

96.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 96.

97.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 97.

98.     Pixar denies the allegations set forth in Paragraph 98 to the extent they relate to Pixar. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 98.

99.     Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 99.

100.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 100.

101.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 101.

102.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 102.

103.    Pixar denies the allegations set forth in Paragraph 103 to the extent they relate to Pixar. To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 103.

104.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 104.

105.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 105.

106.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 106.

107.    Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 107.

108.    Pixar denies the allegations set forth in Paragraph 108.

109.    Pixar denies the allegations set forth in Paragraph 109.

110.    Pixar denies the allegations set forth in Paragraph 110.

111.    Pixar admits that the DOJ conducted an investigation into Pixar's recruiting practices beginning in approximately 2009.  Pixar further admits that Pixar produced documents to the DOJ and that the DOJ interviewed one Pixar employee.  To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 111.

112-115. In response to Paragraphs 112-115, Pixar admits that on September 24, 2010 the Department of Justice filed against Pixar and other defendants a Complaint, Stipulated Final Judgment and other papers in the United States District Court for the District of Columbia, and that the District Court entered the Final Judgment in that matter on March 17, 2011.  Pixar respectfully refers to those papers themselves for a full and accurate description of their contents.  Pixar denies that the Department of Justice filed a Complaint against Lucasfilm and Pixar on December 21, 2010.  Pixar admits that on that date the Department of Justice filed

against Lucasfilm a Complaint, Stipulated Final Judgment, and other papers in the United States District Court for the District of Columbia, and that the District Court entered the Final Judgment in that matter on June 3, 2011.  Pixar respectfully refers to those papers themselves for a full and accurate description of their contents.  To the extent not expressly admitted, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraphs 112-115.

116.    Pixar denies the allegations set forth in Paragraph 116 to the extent they relate to Pixar. To the extent the allegations set forth in Paragraph 116 relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 116.

117.    To the extent they relate to Pixar, Pixar admits the allegations set forth in the introductory clause to Paragraph 117 up to and including the phrase "of any kind against Defendants."  To the extent they relate to other Defendants, Pixar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the introductory clause of Paragraph 117.  As to the allegations set forth in the remainder of Paragraph 117, Pixar denies knowledge or information sufficient to form a belief as to their truth or falsity.

118.    Pixar denies the allegations set forth in Paragraph 118.

### FIRST CLAIM FOR RELIEF

### (*Violations of Section 1 of the Sherman Act, 15 U.S.C. § 1*)

119.    To the extent sub-heading "Violations of Section 1 of the Sherman Act, 15 U.S.C. § 1" makes any allegations that require a response, Pixar denies them.  Pixar incorporates by reference each of its preceding responses in answer to Paragraph 119.

120.    Pixar denies the allegations set forth in Paragraph 120.

121.    Pixar denies the allegations set forth in Paragraph 121.

122.    Pixar denies the allegations set forth in Paragraph 122.

123.    Pixar denies the allegations set forth in Paragraph 123.

124.    Pixar denies the allegations set forth in Paragraph 124.

125.     Paragraph 125 is a conclusion of law that does not require a response.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 125.

126.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 126.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 26 and denies that Plaintiffs are entitled to any of the relief sought.

## SECOND CLAIM FOR RELIEF

### (*Violations of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, et seq.*)

127.     To the extent sub-heading "Violations of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720, et seq." makes any allegations that require a response, Pixar denies them.  Pixar incorporates by reference each of its preceding responses in answer to Paragraph 127.

128.     Pixar denies the allegations set forth in Paragraph 128.

129.     Pixar denies the allegations set forth in Paragraph 129.

130.     Pixar denies the allegations set forth in Paragraph 130.

131.     Pixar denies the allegations set forth in Paragraph 131.

132.     Paragraph 132 is a conclusion of law that does not require a response.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 132.

133.     Pixar denies the allegations set forth in Paragraph 133.

134.     Paragraph 134 is a conclusion of law that does not require a response.  To the extent a response is required, Pixar denies the allegations set forth in Paragraph 134.

135.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 135.  To the extent not expressly admitted, Pixar denies the allegations set forth in Paragraph 135, denies that it has violated any law or other regulation, and denies that Plaintiffs are entitled to any of the relief sought.

## THIRD CLAIM FOR RELIEF

### (*Violations of Cal. Bus. & Prof. Code § 16660*)

136-143.     To the extent sub-heading "Violations of Cal. Bus. & Prof. Code § 16660" makes any allegations that require a response, Pixar denies them.  Plaintiffs have dismissed their claims

1  under Cal. Bus. & Prof. Code § 16600 (Dkt. No. 111).  Accordingly, no response is required to

2  Paragraphs 136-143.  To the extent a response is required, Pixar denies the allegations set forth

3  in Paragraphs 136-143.

### FOURTH CLAIM FOR RELIEF

(***Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.***)

6  144-152.        To the extent sub-heading "Unfair Competition in Violation of Cal. Bus. & Prof.

7  Code §§ 17200, et seq." makes any allegations that require a response, Pixar denies them.  The

8  Court granted Defendants' joint motion to dismiss Plaintiffs claims under Cal. Bus. & Prof.

9  Code §§ 17200 *et seq.* (Dkt. No. 119).  Accordingly, no response is required to Paragraphs 144-

10  152.  To the extent a response is required, Pixar denies the allegations set forth in Paragraphs

11  144-152.

### PRAYER FOR RELIEF

13          In response to the "WHEREFORE" clause following the section entitled "Prayer for

14  Relief," Pixar denies that Plaintiffs are entitled to any relief sought.

15  153.     Pixar admits that Plaintiffs purport to seek a judgment as set forth in Paragraph 153.

16  Pixar denies the allegations set forth in Paragraph 153 and denies that Plaintiffs are entitled to

17  any relief sought.

18  154.     Pixar admits that Plaintiffs purport to seek a judgment as set forth in Paragraph 154.

19  Pixar denies the allegations set forth in Paragraph 154, denies that it has violated any law or

20  other regulation, and denies that Plaintiffs are entitled to any relief sought.

21  155.     Pixar admits that Plaintiffs purport to seek a judgment as set forth in Paragraph 155.

22  Pixar denies the allegations set forth in Paragraph 155, denies that it has violated any law or

23  other regulation, and denies that Plaintiffs are entitled to any part of the judgment sought.

24  156.     Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 156.  Pixar

25  denies the allegations set forth in Paragraph 156, denies that it has violated any law or other

26  regulation, and denies that Plaintiffs are entitled to any of the relief sought.

27  157.     Plaintiffs have dismissed their claims under Cal. Bus. & Prof. Code § 16600 (Dkt. No.

28  111).  Accordingly, no response is required to Paragraph 157.  To the extent a response is

1    required, Pixar denies the allegations set forth in Paragraph 157, denies that it has violated any

2    law or other regulation, and denies that Plaintiffs are entitled to any relief sought.

3    158.    The Court granted Defendants' joint motion to dismiss Plaintiffs claims under Cal. Bus.

4    & Prof. Code §§ 17200 *et seq.* (Dkt. No. 119).  Accordingly, no response is required to

5    Paragraph 158.  To the extent a response is required, Pixar denies the allegations set forth in

6    Paragraph 158, denies that it has violated any law or other regulation, and denies that Plaintiffs

7    are entitled to any relief sought.

8    159.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 159.  Pixar

9    denies the allegations set forth in Paragraph 159, denies that it has violated any law or other

10   regulation, and denies that Plaintiffs are entitled to any of the relief sought.

11   160.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 160.  Pixar

12   denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to

13   any of the relief sought.

14   161.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 161.  Pixar

15   denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to

16   any of the relief sought.

17   162.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 162.  Pixar

18   denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to

19   any of the relief sought.

20   163.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 163.  Pixar

21   denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to

22   any of the relief sought.

23   164.    Pixar admits that Plaintiffs purport to seek relief as set forth in Paragraph 164.  Pixar

24   denies that it has violated any law or other regulation and denies that Plaintiffs are entitled to

25   any of the relief sought.

26                          **AFFIRMATIVE DEFENSES**

27         Pixar asserts the following affirmative defenses to Plaintiffs' alleged causes of action.

28   Insofar as any of the following expresses denial of an element of any claim alleged against Pixar

| DEFENDANT PIXAR'S AMENDED ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT Master Docket No. 11-CV-2509-LHK | 15 | |

or the other Defendants in this action, such expression does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claim.

**FIRST AFFIRMATIVE DEFENSE**

165.     The claims in Plaintiffs' Complaint are barred, in whole or in part, by the doctrine of waiver, settlement and release.

166.     Pixar personnel during the relevant class period released Pixar from some or all claims arising out of employment as part of settlement and/or severance agreements.

167.     Pixar personnel during the relevant class period signed settlement and/or severance agreements that provided for waiver of some or all claims against Pixar arising out of employment.

168.     On information and belief, personnel of one or more Defendants during the relevant class period released one or more Defendants from some or all claims as part of settlement and/or severance agreements.

169.     On information and belief, personnel of one or more Defendants during the relevant class period released signed settlement and/or severance agreements that provided for waiver of some or all claims against one or more Defendants.

170.     On information and belief, these settlement and/or severance agreements bar individuals who are members of the putative class from pursuing claims for relief against Pixar and from recovering damages, if any, from Pixar.

**SECOND AFFIRMATIVE DEFENSE**

171.     Plaintiffs' claims and those of putative class members are barred, in whole or in part, by the applicable four-year statutes of limitations.  15 U.S.C. § 15b; Cal. Bus. Prof. Code § 16750.1.

172.     On May 4, 2011, named Plaintiff Siddharth Hariharan, individually and on behalf of all others similarly situated, filed the first complaint in this matter against Defendants.  On September 13, 2011, named Plaintiffs filed a Consolidated Amended Complaint ("CAC") against Defendants.

173.     The Class Period alleged in the CAC begins on January 1, 2005.

174.     As alleged in the CAC, Defendants entered into alleged agreements beginning no later than January 2005.

175.     On information and belief, any injury as alleged in the CAC to at least some members of the putative class occurred prior to May 4, 2007, and therefore claims arising out of any such injury are barred by the four-year statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

176.     Plaintiffs have failed to mitigate their damages.

177.     On information and belief, cold-calling is only one method by which members of the putative class could become aware of or be considered for employment opportunities at Defendants or other companies.

178.     On information and belief, members of the putative class did learn of employment opportunities and obtained employment from Defendants and other companies by means other than cold-calling.

179.     On information and belief, Defendants did not conceal their recruiting policies with respect to any other Defendant from members of the putative class.

180.     As alleged in the CAC, each Defendant was free to cold-call employees of other Defendants as follows:

        a)  Pixar could cold-call employees of Adobe, Google, Intel and Intuit.

        b)  Adobe could cold-call employees of Google, Intel, Intuit, Lucasfilm and Pixar.

        c)  Apple could cold-call employees of Intel, Intuit, and Lucasfilm.

        d)  Google could cold-call employees of Adobe, Lucasfilm, and Pixar.

        e)  Intel could cold-call employees of Adobe, Apple, Intuit, Lucasfilm and Pixar.

        f)  Intuit could cold-call employees of Adobe, Apple, Lucasfilm, and Pixar.

        g)  Lucasfilm could cold-call employees of Adobe, Apple, Intel, Intuit and Google.

181.     As alleged in the CAC, non-defendants were free to cold-call employees of each Defendant, and each Defendant was free to cold-call employees of non-defendants.

| DEFENDANT PIXAR'S AMENDED ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT Master Docket No. 11-CV-2509-LHK | 17 | |

182.    As alleged in the CAC, employees, including members of the putative class, were free to apply for comparable employment at any other Defendant or non-defendant.

183.    On information and belief, members of the putative class therefore had available comparable opportunities for offers of employment from any Defendant or non-defendant with which such putative class members' employer had no agreement as alleged in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

184.    Plaintiffs' claims and those of putative class members are barred, in whole or in part, because the claims are subject to arbitration.

185.    On information and belief, personnel, including members of the putative class, of one or more defendants during the relevant class period were subject to termination agreements that compel arbitration to resolve any and all claims arising out of employment.

186.    On information and belief, some members of the putative class are therefore barred from seeking relief of any and all claims alleged in the CAC except through arbitration.

### FIFTH AFFIRMATIVE DEFENSE

187.    Pixar hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its rights to amend its Answer to assert any such defenses.

### PRAYER FOR RELIEF

        WHEREFORE, having stated its answer and affirmative defenses, Defendant Pixar prays for relief as follows:

1.   That this lawsuit be dismissed with prejudice;

2.   That no class action be permitted under Fed. R. Civ. P. 23 and no class certified under Fed. R. Civ. P. 23(c);

3.   For attorneys' fees and costs as permitted by law; and

4.   For such other and further relief as this Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  July 5, 2012

/s/ *Emily Johnson Henn*
ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Telephone:      (650) 632-4700
Facsimile:      (650) 632-4800

DEBORAH A. GARZA (*pro hac vice*)
dgarza@cov.com
JONATHAN HERCZEG (*pro hac vice*)
jherczeg@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:      (202) 662-6000
Facsimile:      (202) 662-6291

Attorneys for Defendant
PIXAR