1    GEORGE RILEY (S.B. #118304)
     griley@omm.com
2    MICHAEL TUBACH (S.B. #145955)
     mtubach@omm.com
3    LISA CHEN (S.B. #234681)
     lisachen@omm.com
4    CHRISTINA BROWN (S.B. #242130)
     cjbrown@omm.com
5    O'MELVENY & MYERS LLP
     Two Embarcadero Center, 28th Floor
6    San Francisco, California  94111-3823
     Telephone:      (415) 984-8700
7    Facsimile:      (415) 984-8701

8    Attorneys for Defendant
     Apple Inc.
9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14   IN RE HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
15                                         **AMENDED ANSWER OF
                                           DEFENDANT APPLE INC. TO
16   THIS DOCUMENT RELATES TO:             PLAINTIFFS' CONSOLIDATED
                                           AMENDED COMPLAINT**
17   ALL ACTIONS
                                           **DEMAND FOR JURY TRIAL**
18

19

20

21

22

23

24

25

26

27

28

1   Defendant Apple Inc. ("Apple"), by and through its attorneys, amends its Answer to the

2   Consolidated Amended Complaint ("Complaint") and alleges its amended affirmative defenses as

3   follows.  Apple denies all allegations contained in the table of contents, section headings, graphs,

4   or other portions of the Complaint that are not contained within the specifically numbered

5   Paragraphs of the Complaint.  Unless otherwise specifically noted, Apple lacks knowledge or

6   information sufficient to admit or deny the truth of allegations concerning persons or entities

7   other than Apple.  To the extent that the Complaint contains such allegations concerning other

8   persons or entities, Apple denies that they support any claim for relief against Apple.  Apple

9   objects to responding to any legal conclusions contained within the Complaint.

10   1.   To the extent that the allegations in Paragraph 1 are directed to Apple, Apple

11   denies that it participated in the conspiracy alleged in the Complaint.  Apple lacks knowledge or

12   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1,

13   and on that basis denies each and every such allegation.  Except as otherwise expressly admitted,

14   Apple denies each and every allegation in Paragraph 1.

15   2.   Apple admits that Plaintiffs are attempting to bring this action  to recover alleged

16   damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act,

17   California Business and Professions Code §§ 16720, *et seq.*, but denies that Apple has committed

18   any wrongdoing or violation of law that would entitle Plaintiffs to any relief from Apple and

19   further denies that Plaintiffs have been injured by Apple, or at all.  Apple denies that Plaintiffs are

20   seeking injunctive relief or asserting claims under California Business and Professions Code

21   §16600 or §17200, as Plaintiffs have withdrawn and/or dismissed those claims.  Apple lacks

22   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

23   Paragraph 2, and on that basis denies them.  Except as otherwise expressly admitted, Apple

24   denies each and every allegation in Paragraph 2.

25   3.   Apple admits that the Antitrust Division of the United States Department of Justice

26   (the "DOJ") conducted an investigation in 2009 and 2010 and that it filed a complaint against

27   Apple and other Defendants in which it made the allegations quoted in Paragraph 3.  Except as

28   otherwise expressly admitted, Apple denies each and every allegation in Paragraph 3.

4.      To the extent that the allegations in Paragraph 4 are directed to Apple, Apple denies that it engaged in unlawful collusion.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis denies them.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 4.

5.      Apple admits that Plaintiffs are attempting to bring this action to recover alleged damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Cartwright Act, California Business and Professions Code §§ 16720, *et seq.*, but denies that Apple has committed any wrongdoing or violation of law that would entitle Plaintiffs to any relief from Apple and further denies that Plaintiffs have been injured by Apple, or at all.  Apple denies that Plaintiffs are seeking injunctive relief or asserting claims under California Business and Professions Code §16600 or §17200, as Plaintiffs have withdrawn and/or dismissed those claims.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and on that basis denies each and every such allegation.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 5.

6.      Apple admits that the Court has subject matter jurisdiction over this action.

7.      Apple admits that venue in this judicial district is proper.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 7.

8.      Apple admits that it is subject to the Court's jurisdiction.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies them.

9.      Paragraph 9 asserts legal conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 9 are directed to Apple, Apple denies each and every such allegation.  Apple lacks knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 9, and on that basis denies each and every allegation in Paragraph 9.

10.     To the extent that the allegations in Paragraph 10 are directed to Apple, Apple denies that it participated in the conspiracy alleged in the Complaint.  Apple lacks knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10,

2  and on that basis denies them.  Except as otherwise expressly admitted, Apple denies each and

3  every allegation in Paragraph 10.

4        11.     To the extent that the allegations in Paragraph 11 are directed to Apple, Apple

5  denies that it participated in the conspiracy alleged in the Complaint.  Apple lacks knowledge or

6  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11,

7  and on that basis denies them.  Except as otherwise expressly admitted, Apple denies each and

8  every allegation in Paragraph 11.

9        12.     Apple admits that it has employed persons alleged to be class members in

10  California and more specifically, Santa Clara County.  Apple further admits that its principal

11  place of business is in Santa Clara County.  Apple lacks knowledge or information sufficient to

12  form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis denies

13  them.  Except as otherwise expressly admitted, Apple denies each and every allegation in

14  Paragraph 12.

15        13.     To the extent that the allegations in Paragraph 13 are directed to Apple, Apple

16  denies that Plaintiffs have been injured by Apple, or at all.  Apple lacks knowledge or information

17  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that

18  basis denies them.  Except as otherwise expressly admitted, Apple denies each and every

19  allegation in Paragraph 13.

20        14.     To the extent that the allegations in Paragraph 14 are directed to Apple, Apple

21  denies that it committed any acts that give rise to any claim or injury alleged by Plaintiffs.  Apple

22  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

23  Paragraph 14, and on that basis denies each and every allegation in Paragraph 14.

24        15.     Apple lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations in Paragraph 15, and on that basis denies each and every allegation in Paragraph

26  15.

27        16.     Apple denies that Mr. Devine has been injured by Apple, or at all.  Apple lacks

28  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

1    Paragraph 16, and on that basis denies each and every such allegation.

2        17.    Apple denies that Mr. Fichtner has been injured by Apple, or at all.  Apple lacks

3    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

4    Paragraph 17, and on that basis denies each and every such allegation.

5        18.    Apple denies that Mr. Hariharan has been injured by Apple, or at all.  Apple lacks

6    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

7    Paragraph 18, and on that basis denies each and every such allegation.

8        19.    Apple denies that Mr. Marshall has been injured by Apple, or at all.  Apple lacks

9    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

10   Paragraph 19, and on that basis denies each and every such allegation.

11       20.    Apple denies that Mr. Stover has been injured by Apple, or at all.  Apple lacks

12   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

13   Paragraph 20, and on that basis denies each and every such allegation.

14       21.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

15   the allegations in Paragraph 21.

16       22.    Apple admits that it is a California corporation with its principal place of business

17   located at 1 Infinite Loop, Cupertino, California 95014.

18       23.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

19   the allegations in Paragraph 23.

20       24.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

21   the allegations in Paragraph 24.

22       25.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations in Paragraph 25.

24       26.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

25   the allegations in Paragraph 26.

26       27.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

27   the allegations in Paragraph 27.

28

APPLE INC.'S AMENDED ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
MASTER DOCKET NO. 11-CV-2509-LHK

1      28.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis denies each and every allegation in Paragraph 28.

29.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies each and every allegation in Paragraph 29.

30.     Apple admits that Plaintiffs are attempting to bring this action as a class action, but denies that this action may be maintained as a class action on behalf of the purported class or otherwise.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 30.

31.     Apple admits that it has employed many individuals who fall within Plaintiffs' purported Class definition contained in Paragraph 30, but Apple denies that this action may be maintained as a class action on behalf of the purported class or otherwise.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and on that basis denies each and every such allegation.

32.     Paragraph 32 contains legal conclusions to which no response is required.  Apple denies that this action may be maintained as a class action on behalf of the purported class or otherwise.  Apple further denies that it has committed any wrongdoing or violation of law that would entitle Plaintiffs to any relief from Apple and further denies that Plaintiffs have been injured by Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32, and on that basis denies them. Except as otherwise admitted, Apple denies each and every allegation in Paragraph 32, including each of its subparts.

33.     Apple denies that this action may be maintained as a class action on behalf of the purported class or otherwise, and denies each and every allegation in Paragraph 33.

34.     Apple denies that this action may be maintained as a class action on behalf of the purported class or otherwise, and denies each and every allegation in Paragraph 34.

1    35.    Apple denies that this action may be maintained as a class action on behalf of the

2    purported class or otherwise.  Apple lacks knowledge or information sufficient to form a belief as

3    to the truth of the allegations contained in Paragraph 35, and on that basis denies them.

4    36.    Apple denies that this action may be maintained as a class action on behalf of the

5    purported class or otherwise.  Apple lacks knowledge or information sufficient to form a belief as

6    to the truth of the allegations contained in Paragraph 36, and on that basis denies them.

7    37.    Apple denies that this action may be maintained as a class action on behalf of the

8    purported class or otherwise, and denies each and every allegation in Paragraph 37.

9    38.    Apple denies that this action may be maintained as a class action on behalf of the

10   purported class or otherwise, and denies each and every allegation in Paragraph 38.

11   39.    To the extent that the allegations in Paragraph 39 are directed to Apple, Apple

12   admits that it has employed persons alleged to be class members in California and the United

13   States, including in this judicial district.  Apple denies that this action may be maintained as a

14   class action on behalf of the purported class or otherwise.  Apple lacks knowledge or information

15   sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39,

16   and on that basis denies them.   Except as otherwise expressly admitted, Apple denies each and

17   every allegation in Paragraph 39.

18   40.    To the extent that the allegations in Paragraph 40 are directed to Apple, Apple

19   denies them and specifically denies that Plaintiffs have been injured by Apple, or at all.  Apple

20   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations contained in Paragraph 40, and on that basis denies them.   Except as otherwise

22   expressly admitted, Apple denies each and every allegation in Paragraph 40.

23   41.    Apple admits that cold calling is one of many methods it has used to recruit

24   potential employees, and that such cold calling may include communicating directly with a

25   potential employee who has not otherwise applied for a job opening.  Apple lacks knowledge or

26   information sufficient to form a belief as to the truth of the remaining allegations contained in

27   Paragraph 41, and on that basis denies them.  Except as otherwise expressly admitted, Apple

28   denies each and every allegation in Paragraph 41.

APPLE INC.'S AMENDED ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
MASTER DOCKET NO. 11-CV-2509-LHK

42.     To the extent that Paragraph 42 is directed to Apple, Apple denies each and every allegation contained therein. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and on that basis denies them. Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 42.

43.     To the extent that Paragraph 43 is directed to Apple, Apple denies each and every allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and on that basis denies them. Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 43.

44.     To the extent that Paragraph 44 is directed to Apple, Apple denies each and every allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and on that basis denies them. Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 44.

45.     To the extent that Paragraph 45 is directed to Apple, Apple denies each and every allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45, and on that basis denies them. Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 45.

46.     Apple admits that it has hired employees after having communicated with them when they had not otherwise applied for a job opening at Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and on that basis denies them.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 46.

47.     To the extent that Paragraph 47 is directed to Apple, Apple denies each and every allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47, and on that basis denies each and every such allegation.

48.     To the extent that Paragraph 48 is directed to Apple, Apple denies each and every allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and on that basis denies each

1  and every such allegation.

2       49.     To the extent that Paragraph 49 is directed to Apple, Apple denies each and every

3  allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as

4  to the truth of the remaining allegations contained in Paragraph 49, and on that basis denies each

5  and every such allegation.

6       50.     To the extent that Paragraph 50 is directed to Apple, Apple denies each and every

7  allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as

8  to the truth of the remaining allegations contained in Paragraph 50, and on that basis denies each

9  and every such allegation.

10       51.     To the extent that Paragraph 51 is directed to Apple, Apple admits that many

11  factors affect how it determines compensation for its employees, including in part to maintain

12  employee morale and productivity, retain employees, and attract new employees.  Apple lacks

13  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

14  contained in Paragraph 51, and on that basis denies them.  Except as otherwise expressly

15  admitted, Apple denies each and every allegation in Paragraph 51.

16       52.     To the extent that Paragraph 52 is directed to Apple, Apple denies each and every

17  allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as

18  to the truth of the remaining allegations contained in Paragraph 52, and on that basis denies them.

19  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 52.

20       53.     To the extent that Paragraph 53 is directed to Apple, Apple admits that at times it

21  engages in negotiations regarding compensation levels with individual employees.  Apple lacks

22  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

23  contained in Paragraph 53, and on that basis denies them.  Except as otherwise expressly

24  admitted, Apple denies each and every allegation in Paragraph 53.

25       54.     To the extent that Paragraph 54 is directed to Apple, Apple denies each and every

26  allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as

27  to the truth of the remaining allegations contained in Paragraph 54, and on that basis denies them.

28  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 54.

55.     To the extent that Paragraph 55 is directed to Apple, Apple denies each and every allegation contained therein.  Apple specifically denies that it participated in the conspiracy alleged in the Complaint.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 55.

56.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis denies each and every allegation in Paragraph 56.

57.     Apple admits that for some period of time, Steve Jobs was CEO of Pixar while he was also CEO of Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 57.

58.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 58.

59.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 59.

60.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 60.

61.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 61.

62.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 62.

1    63.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations in Paragraph 63 regarding entities other than Apple, and on that basis denies each

3    and every allegation in Paragraph 63.

4    64.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

5    the allegations in Paragraph 64 regarding entities other than Apple, and on that basis denies each

6    and every allegation in Paragraph 64.

7    65.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

8    the allegations in Paragraph 65 regarding entities other than Apple, and on that basis denies each

9    and every allegation in Paragraph 65.

10   66.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

11   the allegations in Paragraph 66 regarding entities other than Apple, and on that basis denies each

12   and every allegation in Paragraph 66.

13   67.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations in Paragraph 67 regarding entities other than Apple, and on that basis denies each

15   and every allegation in Paragraph 67.

16   68.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations in Paragraph 68 regarding entities other than Apple, and on that basis denies each

18   and every allegation in Paragraph 68.

19   69.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations in Paragraph 69 regarding entities other than Apple, and on that basis denies each

21   and every allegation in Paragraph 69.

22   70.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations in Paragraph 70 regarding entities other than Apple, and on that basis denies each

24   and every allegation in Paragraph 70.

25   71.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations in Paragraph 71 regarding entities other than Apple, and on that basis denies each

27   and every allegation in Paragraph 71.

28

APPLE INC.'S AMENDED ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
MASTER DOCKET NO. 11-CV-2509-LHK

72.     Apple admits that Steve Jobs was its CEO in 2005.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 72.

73.     To the extent that Paragraph 73 is directed to Apple, Apple admits that, to permit its collaborative relationship with Adobe to work effectively, it at times had an understanding that Apple and Adobe would refrain from actively soliciting each other's employees unless those employees indicated an interest in changing employment.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 73.

74.     Apple admits that one of its senior executives communicated with a senior executive at Adobe regarding the active recruitment of each other's employees.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 74.

75.     Apple denies each and every allegation in Paragraph 75.

76.     Apple denies each and every allegation in Paragraph 76.

77.     To the extent that Paragraph 77 is directed to Apple, Apple denies each and every allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77, and on that basis denies them.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph  77.

78.     To the extent that Paragraph 78 is directed to Apple, Apple admits that it is aware of a few instances in which it communicated with its recruiters and hiring staff regarding its decision to refrain from cold calling employees of Adobe.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78, and on that basis denies them.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 78.

79.     Apple admits that during 2006 Arthur D. Levinson sat on the Board of Directors of Apple and Google.  To the extent that Paragraph 79 is directed to Apple, Apple admits that, to permit its collaborative relationship with Google to work effectively, it at times had an understanding that Apple and Google would refrain from actively soliciting each other's employees unless those employees indicated an interest in changing employment.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 79.

1   80.     Apple denies each and every allegation in Paragraph 80.

2   81.     Apple denies each and every allegation in Paragraph 81.

3   82.     To the extent that Paragraph 82 is directed to Apple, Apple denies each and every

4   allegation contained therein.  Apple lacks knowledge or information sufficient to form a belief as

5   to the truth of the remaining allegations contained in Paragraph 82, and on that basis denies them.

6   Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 82.

7   83.     To the extent that Paragraph 83 is directed to Apple, Apple admits that it is aware

8   of a few instances in which it communicated with its recruiters and hiring staff regarding its

9   decision to refrain from cold calling employees of Google.  Apple lacks knowledge or

10   information sufficient to form a belief as to the truth of the remaining allegations contained in

11   Paragraph 83, and on that basis denies them.  Except as otherwise expressly admitted, Apple

12   denies each and every allegation in Paragraph  83.

13   84.     Apple admits that one of its senior executives communicated with a senior

14   executive at Google regarding active recruitment of each other's employees.  Apple lacks

15   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

16   contained in Paragraph 84.  Except as otherwise expressly admitted, Apple denies each and every

17   allegation in Paragraph 84.

18   85.     Apple denies each and every allegation in Paragraph 85.

19   86.     Apple denies each and every allegation in Paragraph 86.

20   87.     Apple admits that the Walt Disney Company acquired Pixar in 2006, and that

21   Steve Jobs thereafter became Disney's largest single shareholder.  Apple also admits that Jobs

22   was a member of Disney's Board of Directors and of the Disney-Pixar six-person steering

23   committee, through which he oversaw Pixar.  Except as otherwise expressly admitted, Apple

24   denies each and every allegation in Paragraph 87.

25   88.     Apple denies each and every allegation in Paragraph 88.

26   89.     Apple denies each and every allegation in Paragraph 89.

27   90.     To the extent that Paragraph 90 is directed to Apple, Apple admits that it is aware

28   of a few instances in which it communicated with its recruiters and hiring staff regarding its

1    decision to refrain from cold calling employees of Pixar.  Apple lacks knowledge or information

2    sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90.

3    Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 90.

4          91.      Apple denies each and every allegation in Paragraph 91.

5          92.      Apple admits that Steve Jobs contacted Ed Colligan, the CEO of Palm Inc., in

6    August 2007.  Except as otherwise expressly admitted, Apple denies each and every allegation in

7    Paragraph 92.

8          93.      Apple admits that Palm hired Jon Rubinstein, formerly an executive at Apple,

9    from his job at Apple.  Except as otherwise expressly admitted, Apple denies each and every

10   allegation in Paragraph 93.

11         94.      Apple admits that Steve Jobs communicated with Ed Colligan, and that this

12   communication contained the words quoted in Paragraph 94.  Except as otherwise expressly

13   admitted, Apple denies each and every allegation in Paragraph 94.

14         95.      Apple admits that Ed Colligan responded to the communication with Steve Jobs,

15   and that his response contained the words quoted in Paragraph 95.  Except as otherwise expressly

16   admitted, Apple denies each and every allegation in Paragraph 95.

17         96.      Apple lacks knowledge or information sufficient to form a belief as to the truth of

18   the allegations contained in Paragraph 96, and on that basis denies them.

19         97.      Apple admits that Eric Schmidt and Arthur Levinson sat on Apple's Board of

20   Directors in 2007.  Except as otherwise expressly admitted, Apple denies each and every

21   allegation in Paragraph 97.

22         98.      Apple lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations in Paragraph 98 regarding entities other than Apple, and on that basis denies each

24   and every allegation in Paragraph 98.

25         99.      Apple lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations in Paragraph 99 regarding entities other than Apple, and on that basis denies each

27   and every allegation in Paragraph 99.

28

APPLE INC.'S AMENDED ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
MASTER DOCKET NO. 11-CV-2509-LHK

100.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 100.

101.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 101.

102.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 102.

103.   Apple admits that Eric Schmidt and Arthur Levinson sat on Apple's Board of Directors in 2007.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 103.

104.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 104.

105.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 105.

106.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 106.

107.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 regarding entities other than Apple, and on that basis denies each and every allegation in Paragraph 107.

108.   To the extent that Paragraph 108 is directed to Apple, Apple denies each and every allegation contained therein.  Apple specifically denies that it participated in the conspiracy alleged in the Complaint and further denies that Plaintiffs have been injured by Apple, or at all. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining

1    allegations contained in Paragraph 108, and on that basis denies them.  Except as otherwise

2    expressly admitted, Apple denies each and every allegation in Paragraph 108.

3        109.    To the extent that Paragraph 109 is directed to Apple, Apple denies each and every

4    allegation contained therein.  Apple specifically denies that it participated in the conspiracy

5    alleged in the Complaint and further denies that Plaintiffs have been injured by Apple, or at all.

6    Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining

7    allegations contained in Paragraph 109, and on that basis denies them.  Except as otherwise

8    expressly admitted, Apple denies each and every allegation in Paragraph 109.

9        110.    To the extent that Paragraph 110 is directed to Apple, Apple denies each and every

10   allegation contained therein.  Apple specifically denies that it participated in the conspiracy

11   alleged in the Complaint and further denies that Plaintiffs have been injured by Apple, or at all.

12   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining

13   allegations contained in Paragraph 110, and on that basis denies them.  Except as otherwise

14   expressly admitted, Apple denies each and every allegation in Paragraph 110.

15       111.    Apple admits that the Antitrust Division of the United States Department of Justice

16   (the "DOJ") conducted an investigation beginning in 2009, that the DOJ issued a Civil

17   Investigative Demand to Apple, and that Apple produced documents responsive to the Civil

18   Investigative Demand.  Apple lacks knowledge or information sufficient to form a belief as to the

19   truth of the remaining allegations contained in Paragraph 111, and on that basis denies them.

20   Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 111.

21       112.    Apple admits that the DOJ filed a complaint in which it made the allegations

22   quoted in Paragraph 112.  Except as otherwise expressly admitted, Apple denies each and every

23   allegation in Paragraph 112.

24       113.    Apple admits that the DOJ filed a complaint in which it made the allegations

25   quoted in Paragraph 113.  Except as otherwise expressly admitted, Apple denies each and every

26   allegation in Paragraph 113.

27       114.    Apple admits that the DOJ filed the complaints and stipulated proposed final

28   judgments referenced in Paragraph 114, and that the stipulated proposed final judgments contain

the words quoted in Paragraph 114.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 114.

115.    Apple admits that the DOJ filed stipulated proposed final judgments containing the words quoted in Paragraph 115.  Apple further admits that the United States District Court for the District of Columbia entered the stipulated proposed final judgments on March 17, 2011 and June 3, 2011.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 115.

116.    Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies each and every allegation in Paragraph 116.

117.    Apple admits that the DOJ did not seek monetary penalties against Apple.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 and on that basis denies them.  Apple specifically denies that Plaintiffs have been injured by Apple, or at all.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 117.

118.    Apple denies each and every allegation in Paragraph 118.  Apple specifically denies that Apple has committed any wrongdoing or violation of law that would entitle Plaintiffs to any relief from Apple and further denies that Plaintiffs have been injured by Apple, or at all.  Apple further denies that this action may be maintained as a class action on behalf of the purported class or otherwise.

119.    Apple incorporates by reference and restates its responses to the allegations contained in Paragraphs 1 through 118.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 119.

120.    Paragraph 120 alleges legal conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 120 are directed to Apple, Apple denies each and every allegation.  Apple specifically denies that Apple has committed any wrongdoing or violation of law.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 120, and on that basis denies

1   each and every such allegation in Paragraph 120.

2        121.   To the extent that the allegations in Paragraph 121 are directed to Apple, Apple

3   denies each and every allegation. Apple specifically denies that Plaintiffs have been injured by

4   Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth

5   of the remaining allegations contained in Paragraph 121, and on that basis denies each and every

6   allegation in Paragraph 121.

7        122.   To the extent that the allegations in Paragraph 122 are directed to Apple, Apple

8   denies each and every allegation. Apple specifically denies that Plaintiffs have been injured by

9   Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth

10   of the remaining allegations contained in Paragraph 122, and on that basis denies each and every

11   allegation in Paragraph 122.

12        123.   To the extent that the allegations in Paragraph 123 are directed to Apple, Apple

13   denies each and every allegation. Apple specifically denies that Plaintiffs have been injured by

14   Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth

15   of the remaining allegations contained in Paragraph 123, and on that basis denies each and every

16   allegation in Paragraph 123.

17        124.   To the extent that the allegations in Paragraph 124 are directed to Apple, Apple

18   denies each and every allegation. Apple specifically denies that it participated in the conspiracy

19   alleged in the Complaint.  Apple lacks knowledge or information sufficient to form a belief as to

20   the truth of the remaining allegations contained in Paragraph 124, and on that basis denies each

21   and every allegation in Paragraph 124.

22        125.   Paragraph 125 contains legal conclusions to which no response is required.  Except

23   as otherwise admitted, Apple denies each and every allegation in Paragraph 125.

24        126.   Paragraph 126 alleges legal conclusions to which no response is required.  To the

25   extent that a response is required and the allegations in Paragraph 126 are directed to Apple,

26   Apple denies each and every allegation. Apple specifically denies that Plaintiffs and/or members

27   of the purported class are entitled to any relief.  Apple also denies that this action may be

28   maintained as a class action on behalf of the purported class or otherwise.  Apple lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 126.

127.    Apple incorporates by reference and restates its responses to the allegations contained in Paragraphs 1 through 126.  Except as otherwise expressly admitted, Apple denies each and every allegation in Paragraph 127.

128.    Paragraph 128 alleges legal conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 128 are directed to Apple, Apple denies each and every allegation.  Apple specifically denies that Apple has committed any wrongdoing or violation of law.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 128, and on that basis denies each and every such allegation in Paragraph 128.

129.    To the extent that the allegations in Paragraph 129 are directed to Apple, Apple denies each and every allegation. Apple specifically denies that Plaintiffs have been injured by Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 129, and on that basis denies each and every allegation in Paragraph 129.

130.    To the extent that the allegations in Paragraph 130 are directed to Apple, Apple denies each and every allegation. Apple specifically denies that Plaintiffs have been injured by Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130, and on that basis denies each and every allegation in Paragraph 130.

131.    To the extent that the allegations in Paragraph 131 are directed to Apple, Apple denies each and every allegation. Apple specifically denies that Plaintiffs have been injured by Apple, or at all.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131, and on that basis denies each and every allegation in Paragraph 131.

1    132.    Apple admits that Plaintiffs and members of the purported class are "persons"

2    within the meaning of the Cartwright Act as defined in section 16702.  Apple denies that it has

3    violated the Cartwright Act, or that members of the purported class are entitled to allege a

4    Cartwright Act claim.  Except as otherwise admitted, Apple denies each and every allegation in

5    Paragraph 132.

6    133.    To the extent that the allegations in Paragraph 133 are directed to Apple, Apple

7    denies each and every allegation. Apple specifically denies that it participated in the conspiracy

8    alleged in the Complaint.  Apple lacks knowledge or information sufficient to form a belief as to

9    the truth of the remaining allegations contained in Paragraph 133, and on that basis denies each

10   and every allegation in Paragraph 133.

11   134.    Paragraph 134 contains legal conclusions to which no response is required.  Except

12   as otherwise admitted, Apple denies each and every allegation in Paragraph 134.

13   135.    Paragraph 135 alleges legal conclusions to which no response is required.  To the

14   extent that a response is required and the allegations in Paragraph 135 are directed to Apple,

15   Apple denies each and every allegation. Apple specifically denies that Plaintiffs and/or members

16   of the purported class are entitled to any relief.  Apple also denies that this action may be

17   maintained as a class action on behalf of the purported class or otherwise.  Apple lacks

18   knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

19   Paragraph 135.  Except as otherwise expressly admitted, Apple denies each and every allegation

20   in Paragraph 135.

21   136.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

22   response is required and the allegations are directed at Apple, Apple denies each and every

23   allegation in Paragraph 136.

24   137.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

25   response is required and the allegations are directed at Apple, Apple denies each and every

26   allegation in Paragraph 137.

27   138.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

28   response is required and the allegations are directed at Apple, Apple denies each and every

1    allegation in Paragraph 138.

2          139.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

3    response is required and the allegations are directed at Apple, Apple denies each and every

4    allegation in Paragraph 139.

5          140.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

6    response is required and the allegations are directed at Apple, Apple denies each and every

7    allegation in Paragraph 140.

8          141.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

9    response is required and the allegations are directed at Apple, Apple denies each and every

10   allegation in Paragraph 141.

11         142.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

12   response is required and the allegations are directed at Apple, Apple denies each and every

13   allegation in Paragraph 142.

14         143.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

15   response is required and the allegations are directed at Apple, Apple denies each and every

16   allegation in Paragraph 143.

17         144.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

18   response is required and the allegations are directed at Apple, Apple denies each and every

19   allegation in Paragraph 144.

20         145.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

21   response is required and the allegations are directed at Apple, Apple denies each and every

22   allegation in Paragraph 145.

23         146.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

24   response is required and the allegations are directed at Apple, Apple denies each and every

25   allegation in Paragraph 146.

26         147.    Plaintiffs dismissed this claim, and no response is required.  To the extent a

27   response is required and the allegations are directed at Apple, Apple denies each and every

28   allegation in Paragraph 147.

148.    Plaintiffs dismissed this claim, and no response is required.  To the extent a response is required and the allegations are directed at Apple, Apple denies each and every allegation in Paragraph 148.

149.    Plaintiffs dismissed this claim, and no response is required.  To the extent a response is required and the allegations are directed at Apple, Apple denies each and every allegation in Paragraph 149.

150.    Plaintiffs dismissed this claim, and no response is required.  To the extent a response is required and the allegations are directed at Apple, Apple denies each and every allegation in Paragraph 150.

151.    Plaintiffs dismissed this claim, and no response is required.  To the extent a response is required and the allegations are directed at Apple, Apple denies each and every allegation in Paragraph 151.

152.    Plaintiffs dismissed this claim, and no response is required.  To the extent a response is required and the allegations are directed at Apple, Apple denies each and every allegation in Paragraph 152.

153.    In answer to the Prayer for Relief, Apple denies each and every allegation and specifically denies that Plaintiffs are entitled to any relief described or to any remedy whatsoever against Apple.  Except as otherwise admitted, Apple denies each and every allegation in Paragraph 153.

154.    Apple denies each and every allegation in Paragraph 154.

155.    Apple denies each and every allegation in Paragraph 155.

156.    Apple denies each and every allegation in Paragraph 156.

157.    Apple denies each and every allegation in Paragraph 157.

158.    Apple denies each and every allegation in Paragraph 158.

159.    Apple denies each and every allegation in Paragraph 159.

160.    Apple denies each and every allegation in Paragraph 160.

161.    Apple denies each and every allegation in Paragraph 161.

162.    Apple denies each and every allegation in Paragraph 162.

1    163.    Apple denies each and every allegation in Paragraph 163.

2    164.    Apple denies each and every allegation in Paragraph 164.

3    **APPLE'S AFFIRMATIVE DEFENSES**

4    165.    Without assuming any burden that it would not otherwise bear, Apple asserts the

5    following affirmative defenses.  Apple reserves its right to amend its Answer to assert additional

6    defenses or to supplement or modify the following defenses as further facts may become known

7    during discovery.

8    **FIRST DEFENSE**

9    **(Statutes of Limitations)**

10    166.    Plaintiffs have alleged claims that are barred, in whole or in part, by the applicable

11    statutes of limitations, including the four-year statutes of limitations under the Cartwright Act,

12    California Business and Professions Code § 16750.1, and the Sherman Act, 15 U.S.C. § 15b.

13    Plaintiffs' claims are based on an alleged conspiracy that they claim began no later than January

14    2005.  Plaintiffs' earliest complaint in this action was not filed until May 4, 2011, more than four

15    years later.

16    **SECOND DEFENSE**

17    **(Failure to Mitigate Damages)**

18    167.    Plaintiffs have failed to mitigate damages, if any, and any recovery should be

19    reduced or denied accordingly.  At least some members of the purported plaintiff class were

20    aware of Defendants' decisions to refrain from actively soliciting employees of certain other

21    companies, and all members of the purported plaintiff class were free to approach any company,

22    including each Defendant, regarding employment opportunities throughout the class period.

23    **THIRD DEFENSE**

24    **(Settlement and Release)**

25    168.    Plaintiffs' claims against Apple are barred, in whole or in part, to the extent that

26    Plaintiffs and/or alleged class members have entered into settlement agreements by which they

27    released any such claims.  On information and belief, at least some members of the purported

28    plaintiff class have signed confidential severance agreements with individual Defendants for

APPLE INC.'S AMENDED ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
MASTER DOCKET NO. 11-CV-2509-LHK

which they worked.  These agreements have provided severance payments and other benefits in exchange for which the alleged class members agreed to broad releases of all claims relating to their employment with those Defendants, including any unknown claims.  These agreements and any similar agreements preclude the alleged class members' participation in this action.

### FOURTH DEFENSE

#### (Arbitration)

169.    Plaintiffs' action against Apple is barred, in whole or in part, to the extent that Plaintiffs and/or alleged class members have entered into agreements by which they agreed to arbitrate any such claims.  On information and belief, at least some members of the purported plaintiff class have signed confidential arbitration agreements with individual Defendants for which they worked.  These agreements mandated that the alleged class members and Defendants would settle any controversy arising as a consequence of the alleged class members' employment through binding arbitration, and waived any right to a trial of such claims by a jury.  These agreements and any similar agreements preclude the alleged class members' participation in this action.

### FIFTH DEFENSE

#### (Offset)

170.    Plaintiffs' claims are barred, in whole or in part, to the extent that any claimed injury or damages have been offset by benefits received as a consequence of the challenged conduct.  To the extent that any Defendant chose not to actively solicit employees from any other Defendant to fill its job openings, that Defendant solicited other candidates — including alleged class members — to fill those job openings, and some of those who were solicited were eventually hired.  Those class members who were hired therefore may have benefitted from the challenged conduct.

### SIXTH DEFENSE

#### (Pro-competitive / Independent Business Justifications)

171.    Plaintiffs' claims are barred, in whole or in part, because they are based on conduct that has the purpose or effect of promoting, encouraging, or increasing competition

1    and/or independent, legitimate business decisions made without any purpose or intent to injure

2    competition.  Apple has at all times acted to serve legitimate business purposes, reasonably in

3    furtherance of trade, in good faith, and not with the purpose or effect of suppressing or restraining

4    competition.  To the contrary, Apple's decisions not to actively solicit employees of certain

5    companies were ancillary to and promoted pro-competitive collaborations between Apple and

6    those companies.

7         172.    Apple provides consumers with innovative alternative technology platforms, such

8    as the Macintosh operating system ("Mac OS"), the iPod, the iPhone, and the iPad.  Because

9    customers purchase Apple products based in part on the availability of desirable complementary

10   products, Apple depends on key partners to develop compelling hardware, software, services, and

11   content that can be used on its platforms.  The successful development of Apple products depends

12   on collaboration with key partners.  These collaborations require the sharing of highly

13   confidential information, including trade secrets, roadmaps, unannounced product development

14   plans, business plans, and other non-public information.  Trust is essential to a successful

15   relationship between Apple and these key partners.

16        173.    To permit its relationships with its key partners to work effectively, Apple has at

17   times decided to refrain from cold calling employees of its key partners.  Apple has also had an

18   understanding with certain partners that each would refrain from cold calling the other's

19   employees unless those employees indicated an interest in changing employment.  This has

20   assured Apple's partners that Apple will not use the knowledge it gains through its collaborations

21   to "cherry-pick" its partners' employees with aggressive solicitations that are uninvited by the

22   targeted employees.  Such solicitations are disruptive to the trust essential to the success of the

23   collaboration — at the same time one party is insisting that its partner share its trade secrets and

24   devote significant resources and its most talented employees to a joint project, that same party is

25   making uninvited solicitations to the partner's employees.

26        174.    Apple's decisions to refrain from cold calling employees of Adobe, Google, and

27   Pixar contributed to the success of Apple's relationship with each company.  For example,

28   customers who use Apple's Mac computers for content creation have been an important part of

Apple's business for more than twenty-five years.  Because Adobe's software applications serve those same customers, it has been critical that Adobe's software products work effectively on Apple's Mac OS operating system.  To achieve this goal, Apple and Adobe have needed to work together closely.  Similarly, Apple and Google together have, for example, joined Apple's client side devices (laptops, desktops, phones, and other devices) with Google's back end services such as search and mapping.  Another important element of the relationship between Apple and Google was the service of Dr. Eric Schmidt, Google's CEO, on Apple's Board of Directors from 2006-2009.  Apple has unilaterally declined to cold call employees from companies associated with Apple's Board of Directors in order to avoid creating an actual or apparent conflict of interest or any appearance of impropriety arising from a Board member's dual roles at different companies.  Finally, Apple's relationship with Pixar is distinctive because Steve Jobs co-founded Pixar.  From 1997 until 2006, Mr. Jobs was Chairman, CEO, and majority shareholder of Pixar.  During this same period, he was the CEO and a Board member of Apple.  As CEO of both firms, Mr. Jobs was positioned to identify the key employees of both companies.  Mr. Jobs would have been put in an untenable position were Apple to solicit Pixar's best people. To avoid this conflict, Apple followed a practice of not cold calling Pixar's employees unless the employee initiated contact.

175.    Apple in no way concedes that it bears the burden to prove that the pro-competitive benefits outweigh any alleged anticompetitive effects.  Plaintiffs bear the burden of proving that any alleged anticompetitive harm outweighs the pro-competitive benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Apple prays:

1.    That the Complaint be dismissed as to Apple, with prejudice;

2.    For costs of suit and reasonable attorneys' fees incurred herein; and

3.    For such other relief as the Court deems just and proper.

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apple hereby demands a trial

3    by jury of all issues.

4    Dated:  July 5, 2012                    O'MELVENY & MYERS LLP

5
                                            By:  /s/ Michael F. Tubach
6                                                Michael F. Tubach

7                                                GEORGE A. RILEY (Bar No. 118304)
                                                 griley@omm.com
8                                                MICHAEL F. TUBACH (Bar No. 145955)
                                                 mtubach@omm.com
9                                                LISA CHEN (Bar No. 234681)
                                                 lisachen@omm.com
10                                               CHRISTINA J. BROWN (Bar No. 242130)
                                                 cjbrown@omm.com
11                                               O'MELVENY & MYERS LLP
                                                 Two Embarcadero Center, 28th Floor
12                                               San Francisco, CA  94111-3823
                                                 Telephone:    (415) 984-8700
13                                               Facsimile:    (415) 984-8701

14                                               *Attorneys for Defendant Apple Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S AMENDED ANSWER TO
CONSOLIDATED AMENDED COMPLAINT
MASTER DOCKET NO. 11-CV-2509-LHK