Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Joseph P. Forderer (State Bar No. 278774)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James D. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co-Lead Counsel for Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: January 17, 2013<br>Time: 1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge: Honorable Lucy H. Koh |

This matter came on hearing before the Court on January 17, 2013, upon Plaintiffs' motion for class certification. The Court having considered the motion, all other papers filed concerning that motion, and all other pertinent documents and pleadings filed in this action, and counsel having been heard,

NOW, therefore, it is hereby ORDERED and ADJUDGED:

1.  Plaintiffs have moved to certify the following class (the "All Salaried Employee Class") pursuant to Federal Rule of Civil Procedure 23:

> All natural persons employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from April 2007 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009. Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of all Defendants.[1]

2.  Alternatively, Plaintiffs have moved to certify the following sub-set (the "Technical Employee Class") of the All-Salaried Employee Class:

> All natural persons who work in the technical, creative, and/or research and development fields that are employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from April 2007 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009. Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of all Defendants.

---

[1] Defendants are Adobe Systems Inc. ("Adobe"), Apple Inc. ("Apple"), Google Inc. ("Google"), Intel Corp. ("Intel"), Intuit Inc. ("Intuit"), Lucasfilm Ltd. ("Lucasfilm"), and Pixar (collectively, "Defendants").

1    3.     Plaintiffs' motion for class certification is hereby GRANTED. The Court certifies [the All Salaried Employee Class] [the Technical Employee Class].

4.     The Court appoints Michael Devine, Siddharth Hariharan, Mark Fichtner, Brandon Marshall, and Daniel Stover as Class Representatives.

5.     The Courts makes the following FINDINGS under Fed. R. Civ. P. 23:

a.     "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (quotation marks and citation omitted). Additionally, the Supreme Court "has long recognized that class actions play an important role in antitrust enforcement." *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 291, 298-99 (N.D. Cal. 2010) ("*LCDs*"). As discussed below, Plaintiffs have satisfied the requirements for class certification under Rule 23(a) and Rule 23(b)(3).

b.     Rule 23(a) requires: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). First, Plaintiffs' Class – which numbers in the tens of thousands – is so numerous that joinder of all members is impracticable.[2] Second, Plaintiffs have shown there are questions of law and fact common to the class. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (to satisfy commonality, class members' claims must depend upon a common contention that "is capable of class-wide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). Specifically, the major factual and legal issues of whether the Defendants entered into the non-solicitation agreements[3] and their scope, their duration, and their effect on compensation

---

[2] *See Standiford v. Palm, Inc*., 2011 U.S. Dist. LEXIS 54782, at *20-21 (N.D. Cal. May 20, 2011) ("[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members") (quotation marks and citation omitted).

[3] All of the express agreements at issue prohibited solicitation of any employee, regardless of geography, job description, or time period. Defendants memorialized these agreements in CEO-

1  are common to the Class.  Third, the representative parties – each of whom worked as a salaried
2  technical employee for a Defendant – have claims which are typical of the Class.  *See Ellis v.*
3  *Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) ("Typicality refers to the nature of the
4  claim or defense of the class representative, and not to the specific facts from which it arose or the
5  relief sought.") (citations and internal quotation marks omitted).  Plaintiffs share with the Class
6  members the same alleged injuries arising from the same alleged conduct:  suppression of their
7  compensation due to Defendants' agreements.  Finally, Plaintiffs and their counsel have shown
8  that they will adequately protect the interests of the class.  Plaintiffs and counsel do not have any
9  conflicts of interests with class members and Plaintiffs have dutifully and vigorously performed
10 their obligations as class representatives to date.  *See Hopson v. Hanesbrands Inc*., 2009 U.S.
11 Dist. LEXIS 33900, at *10 (N.D. Cal. Apr. 3, 2009) ( The adequacy standard is met if "(1) the
12 class representative and counsel do not have any conflicts of interest with other class members;
13 and (2) the representative plaintiff and counsel will prosecute the action vigorously on behalf of
14 the class").  Consequently, Plaintiffs have met the requirements of Rule 23(a).
15             c.      Rule 23(b)(3) requires that "the questions of law or fact common to class
16 members predominate over any questions affecting only individual members, and that a class is
17 superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.
18 R. Civ. P. 23(b)(3).  First, Plaintiffs' evidence to date, including the Expert Report of Edward E.
19 Leamer, Ph.D. ("Leamer Report"), shows common questions associated with Defendants' alleged
20 anticompetitive conduct, and the class-wide impact of their agreements predominate over any
21 individualized questions.  *See LCDs*, 267 F.R.D. at 310 ("Courts have frequently found that
22 whether a price-fixing conspiracy exists is a common question that predominates over other
23 issues because proof of an alleged conspiracy will focus on defendants' conduct and not on the
24 conduct of individual class members.") (gathering cases).  Plaintiffs have demonstrated common
25 evidence exists of a network of nearly identical bilateral prohibitions on recruiting agreed to by
26 leading high-technology and digital animation companies which have affected the compensation
27
28 to-CEO emails and other documents, including "Do Not Call" lists that put each other's employees off-limits to recruiting.

1058983.2                                          - 4 -                    [PROPOSED] ORDER GRANTING PLAINTIFFS'
                                                                            MOTION FOR CLASS CERTIFICATION
                                                                            MASTER DOCKET NO. 11-CV-2509-LHK

1  structures of all Defendants. Dr. Leamer's Report, which relies on economic studies,
2  documentary evidence, and multiple regression analyses, shows class-wide methods and evidence
3  are capable of proving two of the primary elements of Plaintiffs' case: (a) that the Defendants'
4  non-solicitation agreements, which affected the free flow of market information, suppressed class
5  member compensation generally; and (b) that given the internal equity and rigidity of Defendants'
6  compensation structures, the compensation of all or virtually all Class members was suppressed
7  due to the agreements. Given these findings, along with Dr. Leamer's determination that
8  Plaintiffs can use reliable class-wide methods to compute damages, Plaintiffs have shown that
9  common questions predominate. Plaintiffs have also shown that a class action is superior to other
10 methods of adjudication. Class members' damages (which are based on reduced compensation
11 caused by Defendants' agreements) are insufficiently large to warrant individual litigation; Class
12 litigation would be more manageable and efficient than hundreds or thousands of individual
13 actions litigating the same issues with nearly identical proof; and Class treatment is by definition
14 superior in an antitrust case where common issues of liability and impact predominate.[4]
15 Consequently, Plaintiffs have met the requirements of Rule 23(b).

16      6.      Plaintiffs have retained highly skilled counsel with extensive experience in
17 prosecuting antitrust cases, employment cases, and class actions. Additionally, counsel has
18 engaged in extensive discovery, retained a leading expert on statistics and economics, and
19 continues to devote the substantial resources necessary to prosecute this action effectively. *See*
20 Fed. R. Civ. P. 23(g)(1). Therefore, pursuant to Federal Rule of Civil Procedure 23(g)(1), the
21 Court appoints the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, and the Joseph Saveri
22 Law Firm as Co-Lead Counsel on behalf of all Plaintiffs and the Class in the Consolidated
23 Action.[5] Co-Lead Counsel shall have authority over the following matters on behalf of all
24 Plaintiffs and the Class in the Consolidated Action:

25      a.      convening meetings of Plaintiffs' counsel;

---

[4] *LCDs*, 267 F.R.D. at 314 ("if common questions are found to predominate in an antitrust action, . . . the superiority prerequisite of Rule 23(b)(3) is satisfied") (quotation marks and citation omitted).

[5] "Consolidated Action" refers to the actions consolidated by the Court on September 12, 2011. (Stipulated Pretrial Order as Modified, No. 1, Dkt. No. 64).

1        b.    the initiation, response, scheduling, briefing, and argument of all motions;

2        c.    the scope, order, and conduct of all discovery proceedings;

3        d.    making such work assignments as among themselves and other Plaintiffs' counsel as they may deem appropriate;

      e.    collecting contemporaneously-prepared attorney- and paralegal-time and expense reports from all Plaintiffs' counsel, including Co-Lead Counsel, on a bimonthly basis;[6]

      f.    the retention of experts;

      g.    the designation of which Plaintiffs' attorneys shall appear at hearings and conferences with the Court;

      h.    settlement negotiations and agreements with Defendants; and

      i.    all other matters concerning the prosecution of the Consolidated Action.

No motion shall be filed on behalf of all Plaintiffs in the Consolidated Action except through Co-Lead Counsel or their designee(s).  Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs.

    7.    Finally, the Court also appoints the following law firms to act, with Co-Lead Counsel, as members of the Executive Committee on behalf of all Plaintiffs in the Consolidated Action:  Berger & Montague, P.C. and Grant & Eisenhofer P.A.  Members of the Executive Committee and Co-Lead Counsel shall, on a regular basis, confer regarding the administration and prosecution of the Consolidated Action.

    8.    Plaintiffs shall prepare and submit, within ____ days from the date of this Order, proposed forms of notice to be sent to members of the Class.  Defendants may file any comments to the forms of notice within ___ days, and Plaintiffs may reply within ___ days after that.

    9.    Defendants shall each prepare and submit to counsel for Plaintiffs, within ____ days from the date of this Order, a list of the name, e-mail address, and mailing address of all Class members who can be identified with reasonable and diligent effort.

---

[6] These reports shall include contemporaneous records for anyone whose time is expected to be included in any fee petition, if any.

1  **IT IS SO ORDERED.**

3  Dated: _____   _____
4                            LUCY H. KOH
                             United States District Judge