Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF DONNA MORRIS IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Date Consolidated Amended Compl. Filed: September 13, 2011 |

Master Docket No. 11-CV-2509-LHK

1   I, Donna Morris, declare as follows:

2   1.   I am the Senior Vice President of Global Human Resources at Adobe Systems Inc. ("Adobe"). I have been employed by Adobe for more than 10 years. I have personal knowledge of the matters stated in this declaration, except those matters stated on information and belief. I make this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support filed on October 1, 2012 (Dkt. No. 186), and the [Proposed] Order to Seal Confidential Information, filed concurrently with this Declaration. If called and sworn as a witness, I could and would competently testify to the matters stated below.

2.   I have reviewed the redacted portions of Plaintiffs' Motion for Class Certification ("Motion"), the Expert Report of Edward E. Leamer, Ph.D. ("Leamer Report"), and certain Exhibits to the Declarations of Ann B. Shaver ("Shaver Declaration") that relate to Adobe that Adobe seeks to keep under seal. Through my work in Adobe's Human Resources Department, I am familiar with the information contained in the redacted portions and exhibits and how that information is maintained at Adobe.

3.   I understand that Adobe seeks to keep the following redacted portions and exhibits under seal:

**Exhibits**

a.   Exhibit 4 to Shaver Declaration: Excerpts of Donna Morris Deposition at 148-151, consists of my testimony regarding Adobe's confidential compensation practices;

b.   Exhibit 14 to Shaver Declaration is a confidential presentation titled "Global Talent Attracting Senior Talent" that contains confidential information regarding recruiting and hiring data, practices, strategies, and policies, criteria Adobe uses to consider talent, Adobe's analysis of market dynamics, and names of individuals who applied for positions at Adobe, along with their past/present employment information; and

c.   Exhibit 15 to Shaver Declaration is a confidential presentation titled Draft

|   |   |   |
|---|---|---|
| 1 |   | Executive Search, Midyear – 2008 Metrics and Summary that contains among other things confidential information regarding recruiting and hiring data, practices, and strategies for executive searches, positions filled at Adobe, and the demographics of new hires. |

**Motion**

d. Motion, Page 17, lines 10-16 discuss ADOBE_002773-002798 and ADOBE_005950-005967, described above as Exhibit 15 and Exhibit 14 to Shaver Declaration, respectively;

e. Motion, Page 20, lines 20-23 discuss the Donna Morris Deposition testimony at 149:19-150:12 regarding Adobe's confidential compensation practices, referenced above; and

f. Motion, Page 22, lines 10-12 discuss portions of Paragraphs 128 and Figure 14 of the Leamer Report, described below.

**Leamer Report**

g. Page 23, Figures 3 and 4 list the number of Adobe employees and the amount of compensation Adobe paid to these employees, which was derived from Adobe's confidential compensation data;

h. Page 25, Figure 5 summarizes the employment history of the named plaintiffs, including their job titles and compensation;

i. Pages 33-34, footnotes 111 and 112 discuss the contents of ADOBE_005950-005967 and ADOBE_02773-027788, described above as Exhibit 15 and Exhibit 14 to Shaver Declaration, respectively;

j. Page 51, footnote 164 references and quotes ADOBE_019192, which is an internal e-mail discussion in Adobe's Human Resources Department regarding confidential compensation budget and strategies;

k. Page 53, Figure 10 reflects an analysis of Adobe's compensation data;

l. Page 53, portions of paragraphs 128 and 129, and Figures 11-14 reflect an analysis of Adobe's compensation data;

      m.     Figures 20, 22 through 24 reflect analyses of Adobe's confidential compensation data; and

      n.     Pages 75 and 76, Paragraph 157(a) and Figure 25 consist of information related to the way Adobe categorizes employees.

4. The information in the exhibits and redacted portions contain or summarize confidential compensation data for employees (e.g., salary, equity, bonuses, and benefits information among other things); confidential and commercially sensitive information about compensation practices, strategies and policies; recruiting and hiring data, practices, strategies, and policies; and personal identifying information of employees or candidates.

5. Adobe's practice is to keep this information confidential, for internal use only, and not to disclose them to the public. I am informed and believe that Adobe has taken reasonable steps to ensure that these documents and data remain confidential, including designating them "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this Action. (Dkt. 107).

6. The public disclosure of this information would harm Adobe including potentially impairing its competitive position in recruiting, hiring, and compensating employees. Adobe derives independent economic value from keeping its compensation data and compensation, recruiting and hiring practices, strategies, and policies confidential, including keeping it from other persons and entities who could obtain economic value from its disclosure or use.

7. Moreover, the public disclosure of this information, created for internal use, would give third-parties insights into confidential and sensitive aspects of Adobe's operations and deprive Adobe of its investment in developing these practices, strategies, and policies. Such disclosure would give other entities an unearned advantage by giving them the benefit of knowing how Adobe compensates employees and Adobe's compensation, recruiting, and hiring practices, strategies, and policies.

//

//

//

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of October 2012 in San Jose, California.

By /s/ Donna Morris
Donna Morris

SFI-759204