1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@JonesDay.com
2  Craig E. Stewart (State Bar No. 129530)
   cestewart@JonesDay.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:   (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Catherine T. Zeng (State Bar No. 251231)
   czeng@jonesday.com
7  JONES DAY
   1755 Embarcadero Road
8  Palo Alto, CA  94303
   Telephone:   (650) 739-3939
9  Facsimile:    (650) 739-3900

10 Attorneys for Defendant
   INTUIT INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>**All Actions** | Case No. 11-CV-2509  LHK<br><br>**DECLARATION OF LISA BORGESON IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
|---|---|

DECLARATION OF LISA BORGESON
CASE NO. 11-CV-2509 LHK

I, LISA K. BORGESON, declare:

I am Assistant General Counsel at Intuit Inc. ("Intuit") and have held this position since September, 2008. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. I make this declaration in support of Plaintiffs' Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support filed on October 1, 2012 (Dkt. No. 186), Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal, and the [Proposed] Order to Seal Confidential Information, filed concurrently with this Declaration.

2. I have reviewed the relevant portions of the Expert Report of Edward E. Leamer, Ph.D ("Expert Report"). As described below, the information requested to be sealed quotes from or describes employee salary and compensation data that Intuit produced in this action.

3. In my employment at Intuit, I am regularly involved in matters related to human resources and employment and am familiar with Intuit's policies and practices regarding the confidentiality of its compensation data. Intuit's salary and compensation data is non-public, highly sensitive and confidential, and private to Intuit and its employees. The information contained in the figures and paragraphs in the Expert Report noted below is confidential information about how Intuit has chosen to structure its employee salaries. It could cause Intuit competitive harm if this information was publically known. Public dissemination of this information would deprive Intuit of the investment it has made in developing its compensation structure, practices and strategies and allow others to unfairly benefit from this information.

4. It is Intuit's practice to treat this data as confidential and I believe Intuit has taken reasonable steps to ensure this data remains confidential. Intuit has continued to protect the identified data from public disclosure by designating this data as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order in this case.

5. Specifically, Intuit seeks to keep the following redacted portions of the Expert Report under seal:

- **Page 23, figures 3 and 4** each contain a row labeled "Intuit" that purports to disclose

the number of Intuit employees for each of Plaintiffs' defined classes and their total compensation. This is confidential Intuit employment and compensation information.

- **Page 25, figure 5** contains four rows of information associated with Plaintiff Daniel Stover that disclose his annual base salary and supplemental compensation. This is confidential Intuit employment and compensation information.

- **Page 52, portions of paragraph 126 and Page 53, figure 10** purports to disclose the mean fraction of Intuit employees receiving bonus or equity grants as a percentage of Intuit employee years. This is confidential Intuit employment and compensation information.

- **Page 53-54, portions of paragraph 128 and figure 11** purport to analyze the common factors of a firmwide compensation structure. This information is derived in part from and reflects Intuit's confidential compensation data.

- **Page 56, portions of paragraph 129 and figure 12** purport to disclose the percentage of the variability in compensation that is explained by the variables in Dr. Leamer's model. This information is derived in part from and reflects Intuit's confidential compensation data.

- **Page 57, figure 13** purports to analyze the common factors of a firmwide compensation structure. This information is derived in part from and reflects Intuit's confidential compensation data.

- **Page 58, figure 14** purports to show the R-square value from yearly regressions by defendant and includes a column labeled "Intuit." This information is derived from and reflects Intuit's confidential compensation data.

- **Page 66, figure 20** has three rows that purport to show a log of the total annual compensation for Intuit. This information is derived in part from and reflects Intuit's confidential compensation data.

- **Page 67, figure 22** has a column labeled "Intuit" that purports to show a regression estimate. This information is based on and reflects Intuit's confidential compensation data.

DECLARATION OF LISA BORGESON
CASE NO. 11-CV-02509 LHK

- **Page 69, figure 23** has three rows that purport to show a log of the total annual compensation for Intuit. This information is based on and reflects Intuit's confidential compensation data.
- **Page 70, figure 24** has a column labeled "Intuit" that purports to show a regression estimate. This information is based on and reflects Intuit's confidential compensation data.
- **Page 75, figure 25** contains a column labeled "Intuit" that lists information related to the way Intuit categorizes its employees. This information reveals the way that Intuit segregates and identifies its employees in its compensation system, which is confidential Intuit employment and compensation information.
- **Page 77, paragraph e.** also identifies the way Intuit categorizes and identifies its employees in its compensation system, which again is confidential Intuit employment and compensation information.

6. Additionally, the Expert Report also references INTUIT_039098. INTUIT_039098 is also cited in Plaintiffs' Motion for Class Certification and attached as Ex. 59 to Anne Shaver's declaration. This document is designated "Highly Confidential – Attorneys' Eyes Only." Therefore, Google has submitted the declaration of Alan Eustice in support of keeping INTUIT_039098 and any reference containing confidential information pertaining to INTUIT_039098 under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 9th day of October, 2012 in Mountain View, California.

_Lisa K. Borgeson_

SVI-115007v3

- 4 -

DECLARATION OF LISA BORGESON
CASE NO. 11-CV-02509 LHK