MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant
Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF ALAN EUSTACE IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL** |

I, Alan Eustace, declare:

1. I am Senior Vice President, Knowledge, at Google Inc. ("Google"). I have served in that position since July 2002. In that capacity, I am familiar with Google's internal decision-making processes and business strategy related to a broad array of Google's operations, including Google's internal decision making processes and business strategy relating to employee compensation. I have personal knowledge of the facts set forth in this Declaration and, if called to testify could and would testify competently thereto.

2. I have read and reviewed Exhibit 59 to the Declaration of Ann B. Shaver in support of Plaintiffs' Motion for Class Certification (Docket No. 188). (Exhibit 59 is Bates numbered INTUIT_039098-100, but it was also produced by Google at Bates Nos. GOOG-HIGH-TECH-0194730-32). Exhibit 59 is an email that I sent on Thursday, October 14, 2010 at about 5:50 PM. to Shona Brown, who was, at that time, Google's Senior Vice President of Business Operations. I also copied the following persons in my email to Ms. Brown: (1) Jonathan Rosenberg (who was, at that time, Google's Senior Vice President of Product Management); (2) Bill Campbell (who was and still is an advisor to Google); and (3) Google's internal "Operating Committee" (referred to as "the OC").

3. Exhibit 59 contains Google's confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality. Google does not disclose this information to its competitors, customers, or the general public. Public disclosure of this information would likely cause Google significant competitive harm by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee compensation and retention, including Google's assessment of its competitive position in the labor market and detailed strategic considerations regarding potential actions Google may take to respond to competition in the labor market.

4. I included Mr. Campbell among the recipients of this email message because he was an important senior advisor to Google. Mr. Campbell has been an advisor to Google for many years, and continues to serve in that capacity today. Because of Mr. Campbell's role as a senior adviser, I often included him as a recipient of my emails regarding Google's business operations and internal corporate strategy, including confidential and highly sensitive matters related to Google's compensation practices, policies and strategies.

5. Whenever I communicated with Mr. Campbell by email regarding such confidential and highly sensitive matters (including when I sent him the email reflected in Exhibit 59), I did so in his capacity as a long-time Google advisor and I understood and expected

that Mr. Campbell would maintain the confidentiality of Google's confidential and highly sensitive information and not share that information with anyone other than those who owed a duty of confidentiality to Google.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2012 in Mountain View, California.

Alan Eustace