ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Telephone:    (650) 632-4700
Facsimile:    (650) 632-4800

DEBORAH A. GARZA (*pro hac vice*)
dgarza@cov.com
JONATHAN HERCZEG (*pro hac vice*)
jherczeg@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:    (202) 662-6000
Facsimile:    (202) 662-6291

Attorneys for Defendant
PIXAR

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No.: C 11-CV-2509-LHK<br><br>**DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5(d) SUBMITTED IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR SEALING ORDER**<br><br>Date:        January 17, 2013<br>Time:        1:30 p.m.<br>Courtroom:   8, 4th Floor<br>Judge:       Honorable Lucy H. Koh |

DECLARATION OF JAMES M. KENNEDY PURSUANT TO
CIVIL LOCAL RULE 79-5(d) SUBMITTED IN SUPPORT OF
PLAINTIFFS' ADMINISTRATIVE MOTION FOR SEALING
ORDER
Case No.: C 11-CV-2509-LHK

1                 **DECLARATION OF JAMES M. KENNEDY**

2       I, James M. Kennedy, declare as follows:

3       1.      I am the Senior Vice President, Business Strategy and Chief Legal Counsel for

4 Pixar, and I am an attorney licensed to practice law in the State of California. The matters set

5 forth herein are true and correct of my own personal knowledge and information provided to

6 me. If called as a witness, I could and would testify competently thereto.

7       2.      I submit this declaration pursuant to Civil Local Rule 79-5(d) and this Court's

8 Standing Order in support of Plaintiffs' Administrative Motion to File Under Seal (Dkt. No.

9 186). Pixar requests that certain materials designated as confidential by Pixar and lodged under

10 seal by Plaintiffs on October 1, 2012 be sealed pursuant to Civil Local Rule 79-5(d). In

11 particular, Pixar requests that the Court maintain under seal portions of Plaintiffs' Memorandum

12 in Support of the Motion for Class Certification (Dkt. No. 187) ("Motion for Class

13 Certification"), portions of the Expert Report of Edward E. Leamer, Ph.D. (Dkt. No. 190)

14 ("Leamer Report"), and certain exhibits and portions of exhibits to the Declaration of Anne B.

15 Shaver in Support of Plaintiffs' Notice of Motion and Motion for Class Certification, and

16 Memorandum of Law in Support (Dkt. No. 188) ("Shaver Declaration").

17       3.      Plaintiffs' Motion for Class Certification and the Leamer Report quote from and

18 attach as exhibits confidential materials and testimony that Pixar has designated

19 CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY under the terms of the

20 Stipulated Protective Order (as modified by the Court) filed in this case (Dkt. No. 107)

21 ("Protective Order").

22       4.      Plaintiffs filed a public version of Plaintiffs' Motion for Class Certification on

23 October 1, 2012. (Dkt. Nos. 187-190.) In the public version, Plaintiffs redacted those portions

24 of Plaintiffs' Motion for Class Certification that refer to the contents of Pixar's confidential

25 documents and testimony.

26       5.      I have reviewed Plaintiffs' Motion for Class Certification and Defendants' Joint

27 Response to Plaintiffs' Administrative Motion. Good cause exists to file under seal the

28

| DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5(D) SUBMITTED IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR SEALING ORDER<br>Case No.: C 11-CV-2509-LHK | 2 | |

1  following Exhibits and references in Plaintiffs' Motion for Class Certification, which contain
2  competitively sensitive and proprietary information about Pixar's business strategy,
3  compensation and benefits practices, Pixar's competitive recruiting strategies and policies, and
4  personal identifying and financial information about individuals who are not parties to this
5  action. Pixar's proposed redactions to these documents have been lodged with the Court.

6           (a)     Exhibit 61 to the Shaver Declaration (Dkt. No. 188) and specific
7  quotations thereof at pages 2, 3, 8, 18, and 24 of Plaintiffs' Motion for Class Certification (Dkt.
8  No. 187). This Exhibit and the references thereto contain confidential and competitively
9  sensitive information regarding business strategy and internal compensation and recruiting
10  practices of The Walt Disney Company ["TWDC"], Pixar, and ImageMovers Digital. TWDC is
11  the parent of Pixar and was the co-founder, with Robert Zemeckis, of ImageMovers Digital.
12  There is good cause to seal information contained in this Exhibit because it reveals sensitive
13  information regarding business strategy of TWDC and its subsidiaries. Disclosure would reveal
14  confidential intra-company communications regarding internal recruiting and staffing policies.
15  Pixar and its affiliates would therefore be prejudiced if the information contained in the Exhibit
16  and the redacted portions of Plaintiffs' Motion for Class Certification quoting therefrom were
17  made available to the general public.

18           (b)     Redacted portions of Exhibits 62, 63, 67, and 68 to the Shaver
19  Declaration (Dkt. No. 188). The portions of these Exhibits to be redacted contain confidential
20  and proprietary information, including discussions of Pixar's internal staffing policies and
21  decisions, internal personnel issues unrelated to the recruiting policies at issue in this case, and
22  personal identifying information about individuals who applied to Pixar and other individuals
23  who are not parties to this action. Disclosure of the confidential personal identifying
24  information about non-party individuals would cause harm to those individuals. Disclosure of
25  confidential and proprietary discussions of internal Pixar policies would cause competitive harm
26  to Pixar by giving its competitors insights into its recruiting and staffing strategies and depriving
27  Pixar of the benefit of its investments in developing those strategies. Pixar would therefore be

28

DECLARATION OF JAMES M. KENNEDY PURSUANT TO
CIVIL LOCAL RULE 79-5(D) SUBMITTED IN SUPPORT OF
PLAINTIFFS' ADMINISTRATIVE MOTION FOR SEALING
ORDER
Case No.: C 11-CV-2509-LHK

3

prejudiced if the information contained in the portions of these Exhibits to be redacted were made available to the general public.

(c)    Exhibit 70 to the Shaver Declaration (Dkt. No. 188) and specific quotations thereof at page 13.  There is good cause to seal this Exhibit because it contains confidential and competitively sensitive information regarding Pixar's practices and strategy with respect to compensation, benefits, and its long-term incentive program.  Pixar considers this information to be, and treats it as, confidential, proprietary, and competitively sensitive. Pixar would be prejudiced if the information contained in the Exhibit were made available to the general public.

6.    Further, I have reviewed the Leamer Report and Defendants' Joint Response to Plaintiffs' Administrative Motion and good cause exists to file under seal the following Exhibits and references thereto in Plaintiffs' Motion for Class Certification:

(a)    Portions of Paragraphs 84 and 108, and Footnotes 43, 114, and 136 of the Leamer Report (Dkt. No. 190).  These portions of the Leamer Report refer to and quote from the same document as discussed in Section 5(a) of this Declaration, and good cause exists to seal these portions of the report for the reasons described above.

(b)    With respect to information regarding Pixar, good cause exists to seal Figures 3, 4, 10-14, 20, 22-24 and the information and conclusions derived therefrom in Paragraphs 91, 98, 126, 129, 131, 141, and 142 of the Leamer Report (Dkt. No. 190).  The Figures reflect highly confidential and competitively sensitive data regarding Pixar's compensation practices, including compensation structure, equity payments, and other propriety matters related to employee compensation.  Disclosure would create a substantial risk of serious competitive harm to Pixar because its competitors would gain insight into Pixar's competitive and proprietary compensation strategies.  Pixar would be deprived of its investments in developing these strategies and would be placed at a significant disadvantage with respect to recruiting, hiring, and compensating its employees.  Pixar would therefore be prejudiced if the information were made available to the general public.

| DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5(D) SUBMITTED IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR SEALING ORDER<br>Case No.: C 11-CV-2509-LHK | 4 | |

1          (c)     Paragraphs 64(b)-(c), 91, 92, 98, 121, 122(a), 124, 126, 128, 129, 139-

2    141 and Footnotes 110, 159, and 164.  Good cause exists to seal these portions of the Leamer

3    Report (Dkt. No. 190) because they refer to and discuss confidential and competitively sensitive

4    information regarding Pixar's compensation practices, including:  confidential information

5    regarding Pixar's compensation strategy, confidential information regarding changes to

6    compensation and compensation structure; confidential information regarding equity grants and

7    other incentive-based compensation; confidential internal evaluations of Pixar's compensation

8    policies; and information derived from highly confidential compensation data produced to

9    Plaintiffs.  This data is extremely sensitive, and disclosure would create a substantial risk of

10   serious competitive harm to Pixar by giving its competitors detailed information about its

11   proprietary compensation strategies and policies.  Pixar would therefore be prejudiced if the

12   information were made available to the general public.

13         7.     I declare under penalty of perjury under the laws of the State of California and

14   the United States that the foregoing is true and correct.

16                     Executed on October  7 , 2012, in Emeryville, California.

19                                 James M. Kennedy

28

DECLARATION OF JAMES M. KENNEDY PURSUANT TO
CIVIL LOCAL RULE 79-5(D) SUBMITTED IN SUPPORT OF
PLAINTIFFS' ADMINISTRATIVE MOTION FOR SEALING
ORDER
Case No.: C 11-CV-2509-LHK

5