1    BINGHAM MCCUTCHEN LLP
     DONN P. PICKETT (SBN 72257)
2    FRANK M. HINMAN (SBN 157402)
     SUJAL J. SHAH (SBN 215230)
3    FRANK BUSCH (SBN 258288)
     Three Embarcadero Center
4    San Francisco, CA  94111-4067
     Telephone:  415.393.2000
5    Facsimile:  415.393.2286
     donn.pickett@bingham.com
6    frank.hinman@bingham.com
     sujal.shah@bingham.com
7    frank.busch@bingham.com

8    Attorneys for Defendant
     Intel Corporation

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN JOSE DIVISION
12

13   IN RE: HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
14

15   THIS DOCUMENT RELATES TO:             **DECLARATION OF TINA M.
                                           EVANGELISTA IN SUPPORT OF
16   ALL ACTIONS                           PLAINTIFFS' ADMINISTRATIVE
                                           MOTION TO FILE UNDER SEAL
17                                         PLAINTIFFS' NOTICE OF MOTION AND
                                           MOTION FOR CLASS CERTIFICATION,
18                                         AND MEMORANDUM OF LAW IN
                                           SUPPORT**

19

20                                         Date Consolidated Amended Compl. Filed:
                                           September 13, 2011
21

22

23

24

25

26

27

28

DECLARATION OF TINA M. EVANGELISTA

A/75213414.2

1    I, Tina M. Evangelista, declare:

2    1.    I am a Staffing Controls and Compliance Manager in the Enterprise Talent

3    Organization at Intel Corporation. I have been employed by Intel for 17 years.  I have personal

4    knowledge of the matters stated in this declaration, except those matters stated on information

5    and belief.  I make this declaration in support of Plaintiffs' Administrative Motion to File under

6    Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law

7    in Support filed on October 1, 2012 (Dkt. No. 186), and the [Proposed] Order to Seal

8    Confidential Information, filed concurrently with this Declaration.  If called and sworn as a

9    witness, I could and would competently testify to the matters stated below.

10

11    _**The Intel Confidential Information That Should Be Sealed**_

12    2.    I have reviewed the portions of Plaintiffs' Motion for Class Certification and the

13    Expert Report of Edward E. Leamer, Ph.D ("Expert Report") that Plaintiffs have moved to seal.

14    As described below, they quote from and reference Intel's documents, which are designated

15    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order

16    in this Action (Dkt. 107).

17    3.    Through my experience working at Intel, I am familiar with the types of

18    information reflected in these documents, which I have also reviewed.  The relevant documents

19    are:

20    *PowerPoint Presentations*

21    •  76506DOC000773: "Intel's Complete Guide to Sourcing";

22    •  76579DOC015618: "Intel's Complete Guide to Sourcing";

23    •  76512DOC000638: "Offer Development Overview";

24    •  76545DOC000021: "Process for Selecting and utilizing Recruiting Firms within

25    GAM Staffing";

26    •  76550DOC000014: "Intro  to External Sourcing";

27

28

DECLARATION OF TINA M. EVANGELISTA

1        • 76566DOC000005: "2009 SRT Proactive Sourcing and Engagement";

2        • 76566DOC000085: "Strategic Hire Update WW05"; and

3        • 76579DOC002323: "Offer Development and Delivery Overview".

4              *Compensation Data*

5        • The Expert Report relies upon certain compensation data produced by Intel in this

6              action.  *See* Expert Report at Ex. 3 pages 13-14 (identifying each source without

7              redaction).  All referenced data is designated AEO.

8

9        ***The Reasons For Sealing The Redacted Information And Underlying Documents***

10             4.      The Intel documents described above reflect confidential business practices that

11    give Intel a competitive advantage in recruiting, retaining and compensating its employees

12             5.      Intel derives independent economic value from the strategic information, or raw

13    data, contained in these documents not being generally known to the public or to other persons

14    who can obtain economic value from its disclosure or use.

15             6.      It is Intel's practice to treat these documents as confidential, and not to disclose

16    them outside the company.  I am informed and believe that Intel has taken reasonable steps to

17    ensure that these documents remain confidential, including designating them AEO pursuant to

18    the Protective Order filed in this Action.

19             7.      Specifically, Plaintiffs include, and redact, the following Intel confidential,

20    commercially sensitive information in the Intel documents described above:

21       • **Motion for Class Certification, Page 18, lines 1-3** quotes and references an internal

22             Intel presentation containing extensive information regarding Intel's sourcing

23             practices.  In particular, the redacted information relates to Intel's recruiting

24             strategies.

25       • **Expert Report, Page 23, figures 3 and 4** each contain a row of information

26             describing confidential Intel employment and compensation data.  In particular, the

27

28

DECLARATION OF TINA M. EVANGELISTA

1    redacted information in the row labeled "Intel" purports to disclose the number of

2    Intel employees for each of Plaintiffs' defined classes, and their total compensation.

3    • **Expert Report, Page 25, figure 5** contains ten rows of information describing

4    confidential Intel compensation data.  In particular, the redacted information in the

5    rows associated with Plaintiff Mark Fichtner purports to disclose his annual base

6    salary and supplemental compensation.

7    • **Expert Report, Page 25, footnote 93** cites to two internal Intel presentations that

8    reflect employee recruiting strategies.  In particular, the redacted information relates

9    to Intel's classification of job applicants and/or recruiting targets.

10    • **Expert Report, Page 26, footnote 95** quotes and references two internal Intel

11    presentations that reflect Intel's sourcing policies and strategy.  In particular, the

12    redacted information relates to Intel's methods for sourcing potential candidates.

13    • **Expert Report, Page 26, footnote 96** cites to an internal Intel presentation that

14    reflects employee recruiting strategies.  In particular, the redacted information relates

15    to Intel's methods for sourcing potential candidates.

16    • **Expert Report, Page 27, footnote 102** cites to an internal Intel presentation that

17    reflects employee recruiting strategies.  In particular, the redacted information relates

18    to Intel's methods for identifying and recruiting potential candidates.

19    • **Expert Report, Page 34, footnote 112** quotes and references an internal Intel

20    presentation that reflects employee sourcing strategies.  In particular, the redacted

21    information relates to Intel's methods for identifying potential candidates.

22    • **Expert Report, Page 43-44, footnote 127** quotes and references an internal Intel

23    presentation that reflects employee compensation strategies.  In particular, the

24    redacted information relates to Intel's methods and goals for setting individual

25    employee compensation.

26    • **Expert Report, Pages 50-52, paragraphs 121-22 and footnotes 157, 158, 160, 162,**

27

28

DECLARATION OF TINA M. EVANGELISTA

1    **and 168** quote and reference an internal Intel presentation that reflects employee

2    compensation strategies.  In particular, the redacted information relates to Intel's

3    methods for evaluating and appropriately compensating its employees.

4    • **Expert Report, Page 51, paragraph 123 and footnote 163** cite to an internal Intel

5    presentation that reflects employee compensation strategies.  In particular, the

6    redacted information relates to Intel's methods for setting appropriate compensation

7    levels across a range of employees.

8    • **Expert Report, Pages 52-53, figure 10** contains the outcome of an analysis

9    conducted with aggregated compensation data, including Intel compensation data.  In

10   particular, the redacted information purports to describe the fraction of employee-

11   years with bonus or equity grants.

12   • **Expert Report, Page 72, footnote 173** cites to an internal Intel presentation that

13   reflects employee compensation strategies.  In particular, the redacted information

14   relates to Intel's categorization of its employees.

15   • **Expert Report, Pages 75-76, paragraph 157(d) and figure 25** contain information

16   related to the way Intel categorizes employees.  In particular, the redacted information

17   lists information that purports to describe certain types Intel employees, and its

18   methods for identifying those employees in its compensation system.

19

20   ### *The Particularized Harm Disclosure Would Cause*

21   8.    The public disclosure of the Intel confidential information contained in Intel's

22   documents described above, and reflected in Plaintiffs' Motion and Expert Report, would put

23   Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and

24   compensate its employees.  Public disclosure of Intel's detailed internal analysis of its recruiting,

25   compensation, and related strategies and policies would also deprive Intel of its investment in

26   developing those strategies and give the scores of other companies with which Intel competes an

27

28

DECLARATION OF TINA M. EVANGELISTA

A/75213414.2

1    unearned advantage by giving them the benefit of Intel's confidential investments.  Public

2    disclosure of Intel's detailed compensation data would also give those other companies an

3    unearned advantage by giving them the benefit of Intel's compensation strategies, compensation

4    levels, and other related information.

5          9.      Because these documents cannot be disclosed to the public without causing this

6    harm, their contents should be protected by redacting them and each reference to their contents

7    from public filings.

8

9          I declare under penalty of perjury that the foregoing is true and correct.  Executed

10    in Phoenix, AZ, on October 8, 2012.

11

12

13                                _____

14                                   Tina M. Evangelista

15

16

17

18

19

20

21

22

23

24

25

26

27

28

           Master Docket No. ll-CV-2509-LHK

DECLARATION OF TINA M. EVANGELISTA