GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DECLARATION OF MARK BENTLEY PURSUANT TO CIVIL LOCAL RULE 79-5(d) IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

1    I, Mark Bentley, declare as follows:

2        1.     I am the Senior Director of Executive Search at Apple Inc. ("Apple").  I have been

3    employed at Apple since 2003, and have previously served as Apple's Senior Director of Human

4    Resources.  I submit this declaration based on my own personal knowledge.  If called as a

5    witness, I could and would testify competently thereto.

6        2.     I submit this declaration in support of Plaintiffs' Administrative Motion to File

7    Under Seal (Dkt. No. 186), and in support of Apple's request that certain materials designated as

8    confidential by Apple and lodged under seal by Plaintiffs on October 1, 2012 be sealed pursuant

9    to Civil Local Rule 79-5(d).  In particular, Apple requests that the Court maintain under seal

10   (1) portions of the Expert Report of Edward E. Leamer, Ph.D. (Dkt. No. 190) ("Leamer Report"),

11   and (2) portions of the exhibits to the Declaration of Ann B. Shaver in Support of Plaintiffs'

12   Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support (Dkt.

13   No. 188) ("Shaver Declaration").

14       3.     I have reviewed the documents and portions of the documents set forth below that

15   relate to Apple, and I believe that there is good cause to maintain them under seal.  As described

16   below, they contain, rely upon, and reflect information designated by Apple as CONFIDENTIAL

17   and CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order

18   entered by the Court on January 24, 2012 (Dkt. No. 107).

19       4.     The following portions of the Leamer Report contain and reflect Apple's highly

20   confidential and competitively sensitive employee compensation data and compensation

21   strategies:

22           •     Page 23, figures 3 and 4 disclose the number of Apple employees in each

23   of Plaintiffs' proposed classes and the total compensation of these employees;

24           •     Pages 36-38, figures 6 and 7 and paragraphs 91 and 92 reflect Apple's

25   highly confidential employee compensation data, including salaries, bonuses, and equity awards,

26   and changes in such compensation;

27           •     Page 40, figure 8 and paragraph 98 reflect Apple's highly confidential

28   employee compensation data, including equity awards, and changes in such compensation;

- Page 41, figure 9 and paragraph 99 reflect Apple's highly confidential employee compensation data, including salaries, bonuses, and equity awards, and changes in such compensation;

- Page 50, paragraph 121 reflects Apple's highly confidential employee compensation strategy and practices;

- Page 51, footnote 164 (describing Apple document 231APPLE009282-283) reflects Apple's highly confidential employee compensation strategy and practices with respect to employee salaries;

- Pages 52-53, figure 10 and paragraph 126 reflect Apple's highly confidential employee compensation data, including bonuses and equity awards;

- Page 54, figure 11 reflects Apple's highly confidential employee compensation data, including salaries, bonuses, and equity awards, and changes in such compensation;

- Pages 56-59, figures 12, 13, 14, and 15 reflect Apple's highly confidential employee compensation data, including salaries, bonuses, and equity awards, and changes in such compensation;

- Page 61, figure 17 and paragraph 133 reflect Apple's highly confidential employee compensation data, including salaries, and changes in such compensation;

- Pages 63-64, figure 19 and paragraph 139-140 reflect Apple's highly confidential employee compensation data, including salaries, bonuses, and equity awards, and changes in such compensation;

- Pages 66-67, figures 20 and 22 reflect Apple's highly confidential employee compensation data, including salaries, bonuses, and equity awards, and changes in such compensation;

- Pages 69-70, figures 23 and 24 reflect Apple's highly confidential employee compensation data, including salaries, bonuses, and equity awards, and changes in such compensation; and

DECLARATION OF MARK BENTLEY
IN SUPPORT OF MOTION TO SEAL
NO. 11-CV-2509-LHK

1        •        Pages 75-76, figure 25 and paragraph 157(b) reflect Apple's highly

2   confidential employee compensation data and strategies, including Apple's methods of

3   classifying and compensating employees.

4        This information is extremely sensitive, and Apple considers it to be, and treats it as,

5   confidential, proprietary, and competitively sensitive.  Apple would suffer serious competitive

6   harm if this information were disclosed because its competitors would gain detailed data and

7   insight into its confidential and proprietary employee compensation practices and strategies.

8   Public disclosure of this information would deprive Apple of its investment in developing these

9   strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and

10  compensating its employees.  Apple would therefore be prejudiced if this information were made

11  available to the general public.

12       5.        Exhibit 22 to the Shaver Declaration (231APPLE041661-662) contains

13  confidential and competitively sensitive information regarding Apple's business and recruiting

14  strategies.  In particular, the document reflects Apple's unilateral, confidential recruiting practices

15  with respect to certain of its key business partners.  Apple considers this information to be, and

16  treats it as, confidential, proprietary, and competitively sensitive.  There is significant risk that

17  Apple would be prejudiced in its relationships with key business partners if the information

18  contained in Exhibit 22 were made available to the general public.

19       6.        Exhibit 21 to the Shaver Declaration (231APPLE002217-219) contains personal

20  identifying information of an individual who applied to work at Apple and who is not a party to

21  this action, including the individual's name, address, telephone number, and e-mail address.  This

22  information comprises confidential, non-public information entrusted to Apple by a non-party

23  individual, and its public disclosure could cause harm to that individual.

24       7.        Because these documents and portions of document cannot be publicly disclosed

25  without causing serious harm, as described above, Apple requests that they be maintained under

26  seal and redacted from the publicly-filed versions of the documents.

27

28

1

2

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.

3

4

5

      Executed on October 9, 2012, in Cupertino, California.

6

7

By: ___/s/ Mark Bentley_____

        Mark Bentley

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARK BENTLEY
IN SUPPORT OF MOTION TO SEAL
NO. 11-CV-2509-LHK

1

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

2

Pursuant to General Order No. 45, Part X-B, I attest that concurrence in the filing of this

3

document has been obtained from its signatory.

4

Dated:  October 9, 2012

5

By:     /s/ Christina J. Brown
Christina J. Brown

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARK BENTLEY
IN SUPPORT OF MOTION TO SEAL
NO. 11-CV-2509-LHK