1 | Robert A. Mittelstaedt (State Bar No. 60359)
    ramittelstaedt@jonesday.com
2 | Craig A. Waldman (State Bar No. 229943)
    cwaldman@jonesday.com
3 | David C. Kiernan (State Bar No. 215335)
    dkiernan@jonesday.com
4 | JONES DAY
    555 California Street, 26th Floor
5 | San Francisco, CA 94104
    Telephone: (415) 626-3939
6 | Facsimile: (415) 875-5700

7 | Attorneys for Defendant
    Adobe Systems Inc.

8 | [Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SEAL** |
| ALL ACTIONS | |

1  Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants hereby jointly move to seal (i)
2  portions of Defendants Opposition to Plaintiffs' Motion for Class Certification ("Opposition"),
3  (ii) all or portions of Exhibits 1-6, 8-23, 25-27 to the Declaration of Christina Brown filed in
4  support of Defendants' Opposition, (iii) portions of the Expert Report of Kevin Murphy and
5  Exhibits ("Murphy Report"), (iv) Defendants' Motion to Strike the Report of Dr. Edward E.
6  Leamer ("Motion to Strike"); and (v) Exhibits A-H to the Declaration of Susan Welch.  Redacted
7  versions have been filed.  This information has been designated Confidential or Attorneys-Eyes
8  Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  Defendants
9  are filing corresponding declarations in support of the respective sealing requests.

10  In addition, Defendants seek to seal certain portions of the Opposition, Exhibits 1-6, 10-
11  14 to the Brown Declaration, the Motion to Strike, and Exhibits A-H to the Welch Declaration,
12  which reflect portions of deposition transcripts of Plaintiffs and their expert Edward Leamer that
13  Plaintiffs designated Confidential or Attorneys-Eyes Only under the Protective Order.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal.  *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL

**INFORMATION**

The redacted portions of the Opposition and Murphy Report, Exhibits 1, 8, 14-23, and 25-27 to the Brown Declaration, the Motion to Strike, and the declarations filed in support of these documents contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data as well as information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. Defendants also seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or candidates. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As the accompanying declarations demonstrate, Defendants keep the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. A significant portion of the sealed information is employee compensation data cited or quoted in the Murphy Report. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum, et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information"). Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at

*16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good causes exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Additionally, good cause exists to seal information pertaining to Defendants' recruiting policies and practices that are proprietary business methods and/or trade secrets. This confidential and commercially sensitive business information is non-public and should remain confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d) (defining trade secrets as information that "(1) Derives independent economic value, actual or

potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

Good cause also exists for sealing the identities and personal contact information of specific employees or applicants that are contained in the Motion or accompanying materials. These employees or applicants have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

### III. INFORMATION DESIGNATED CONFIDENTIAL BY PLAINTIFFS

Defendants seek to seal certain portions of the Opposition, Exhibits 1-6, 10-14 to the Brown Declaration, the Motion to Strike, and Exhibits A-F to the Welch Declaration, which reflect portions of deposition transcripts of Plaintiffs and their expert Edward Leamer as set forth in the Declaration of Catherine T. Zeng, because they have been designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. Defendants take no position on whether the designated documents satisfy the requirements for sealing, and specifically reserve the right to challenge any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation by Plaintiffs under the Stipulated Protective Order as and Civil Local Rule 79-5.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order Defendants' Opposition and accompanying materials to be placed under seal. In accordance with Civil Local Rule 79-5(d), a proposed order granting Defendants' Joint Administrative Motion to Seal has been lodged with the Clerk in hard copy and served on counsel for Plaintiffs. In accordance with Civil Local Rule 79-5(d), Defendants' proposed redacted version of Defendants' Opposition and Murphy Report is being lodged with the Clerk in hard copy within a sealed envelope.

Dated:  November 12, 2012          O'MELVENY & MYERS LLP

By:   /s/ Michael F. Tubach
         Michael F. Tubach

George Riley
Michael F. Tubach
Lisa Chen
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated:  November 12, 2012          KEKER & VAN NEST LLP

By:   /s/ Daniel Purcell
         Daniel Purcell

John W. Keker
Daniel Purcell
Eugene M. Page
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 381-5400
Facsimile:   (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

Dated:  November 12, 2012          JONES DAY

By:   /s/ David C. Kiernan
         David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

| | | |
|---|---|---|
| 1 | Dated: November 12, 2012 | JONES DAY |
| 2 | | |
| 3 | | By:     */s/ Robert A. Mittelstaedt*<br>Robert A. Mittelstaedt |
| 4 | | Robert A. Mittelstaedt<br>Craig E. Stewart |
| 5 | | 555 California Street, 26th Floor<br>San Francisco, CA 94104 |
| 6 | | Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700 |
| 7 | | |
| 8 | | Catherine T. Zeng<br>JONES DAY |
| 9 | | 1755 Embarcadero Road<br>Palo Alto, CA 94303 |
| 10 | | Telephone: (650) 739-3939<br>Facsimile: (650) 739-3900 |
| 11 | | *Attorneys for Defendant INTUIT INC.* |
| 12 | Dated: November 12, 2012 | MAYER BROWN LLP |
| 13 | | |
| 14 | | By:     */s/ Lee H. Rubin*<br>Lee H. Rubin |
| 15 | | Lee H. Rubin<br>Edward D. Johnson |
| 16 | | Donald M. Falk<br>Two Palo Alto Square |
| 17 | | 3000 El Camino Real, Suite 300<br>Palo Alto, CA 94306-2112 |
| 18 | | Telephone: (650) 331-2057<br>Facsimile: (650) 331-4557 |
| 19 | | |
| 20 | | *Attorneys for Defendant GOOGLE INC.* |
| 21 | Dated: November 12, 2012 | BINGHAM McCUTCHEN LLP |
| 22 | | By:     */s/ Frank M. Hinman*<br>Frank M. Hinman |
| 23 | | |
| 24 | | Donn P. Pickett<br>Frank M. Hinman |
| 25 | | Three Embarcadero Center<br>San Francisco, CA 94111 |
| 26 | | Telephone: (415) 393-2000<br>Facsimile: (415) 383-2286 |
| 27 | | *Attorneys for Defendant INTEL CORPORATION* |
| 28 | | |

1  Dated: November 12, 2012          COVINGTON & BURLING LLP

                                    By:     */s/ Emily Johnson Henn*
                                            Emily Johnson Henn

                                    Robert T. Haslam, III
                                    Emily Johnson Henn
                                    333 Twin Dolphin Drive, Suite 700
                                    Redwood City, CA  94065
                                    Telephone:  (650) 632-4700

                                    *Attorneys for Defendant PIXAR*

**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.

SFI-775527