[Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509 LHK<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-11 FOR AN EVIDENTIARY HEARING ON CLASS CERTIFICATION ISSUES**<br><br>Date:  January 17, 2013<br>Time:  1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh<br><br>Date Comp. Filed:  May 4, 2011 |

1      Defendants request under Northern District Civil Local Rule 7-11 that the Court hold an
2 evidentiary hearing in connection with the pending class-certification motion. Such a hearing
3 would allow the two expert economists relied on by the parties to testify and be cross-examined,
4 and would assist the Court in evaluating their opinions and credibility.
5      This is the same procedure employed *sua sponte* by Judge Ware in another antitrust case
6 where, like here, "the primary disputed issue is whether Plaintiff has proffered a method for
7 class-wide proof of damages" and where plaintiff relied on a regression analysis to satisfy that
8 burden. *See Somers v. Apple, Inc.*, 258 F.R.D. 354, 360 (N.D. Cal. 2009); *see also* Order
9 Specially Setting Evidentiary Hearing and Hearing on Plaintiff's Motion For Class Certification,
10 5/20/09, attached hereto. At the evidentiary hearing in *Somers,* plaintiff's expert testified about
11 the basis of his opinion that plaintiff could prove class-wide impact through common proof, and
12 Judge Ware was able to decide which party's expert was "more persuasive." In addition to
13 opposing plaintiffs' motion for class certification, defendants have also filed a motion to strike
14 under *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), and evidentiary hearings are
15 also appropriate to resolve *Daubert* challenges at class certification. *See, e.g., West v. Prudential*
16 *Sec., Inc.,* 282 F.3d 935, 938 (7th Cir. 2002) (in weighing competing expert opinions, "[t]ough
17 questions must be faced and squarely decided, if necessary by holding evidentiary hearings and
18 choosing between competing perspectives.").
19      Last year, in *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 982-84 (9th Cir. 2011), the
20 Ninth Circuit outlined a two-step process for determining whether the proffered testimony of a
21 plaintiffs' expert supports class certification. First, the district court must decide any *Daubert*
22 challenges to the admissibility of the expert's testimony. *See id.* at 982; *see also Akaosugi v.*
23 *Benihana Nat'l Corp.,* No. C 11-01272 WHA, 2012 WL 1029546, *2 (N.D. Cal. Mar. 26, 2012)
24 (Alsup, J.) (acknowledging the *Ellis* holding that district courts must decide *Daubert* issues at the
25 certification stage).[1] Second, if the expert's opinions and testimony are admissible under

---

[1] Other circuits also require decision of *Daubert* challenges at class certification. *See American Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010) ("when an expert's report or testimony is critical to class certification, as it is here … a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class

1   *Daubert,* the district court then must conduct a "rigorous analysis" of those opinions, including
2   "resolv[ing] any factual disputes" between plaintiffs' and defendants' experts "necessary to
3   determine" whether common factual and legal issues predominate over individual ones, and thus
4   whether class certification is appropriate under Rule 23(b)(3).

5   In deciding *Ellis,* the Ninth Circuit followed the analysis set forth by the Supreme Court
6   in *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2553-54 (2011).  In *Dukes,* the district court
7   had certified a class of Wal-Mart employees who alleged they had suffered harm from
8   discriminatory employment practices.  The district court had ruled that *Daubert* did not apply at
9   the class-certification stage, and had refused to apply a *Daubert* analysis or evaluate the
10  credibility of the opinions offered by plaintiffs' expert economist.  *Id.* at 2553.  The Supreme
11  Court reversed the class-certification order.  The Court strongly suggested that *Daubert* applies
12  at the class-certification stage, stating that "[w]e doubt" that "*Daubert* [does] not apply to expert
13  testimony at the certification stage of class-action proceedings."  *Id.* at 2554.  The Court then
14  examined the expert's opinions in detail, analyzing whether plaintiffs could prove class-wide
15  impact through their expert's regression analyses.  *See id.* at 2555.  The Court held that
16  plaintiffs' expert's regressions were "insufficient to establish that [plaintiffs' impact] theory can
17  be proved on a classwide basis."  *Id.*

18  Although class-certification and *Daubert* motions are often decided on the papers, in this
19  case an evidentiary hearing would be particularly useful.  Plaintiffs rely heavily on the 75-page,
20  157-paragraph report of their economist, Dr. Edward Leamer, as their purported basis to satisfy
21  their burden of proving class-wide impact and damages—*i.e.,* that the six bilateral agreements
22  alleged here regarding cold calling somehow reduced the salaries of "all or nearly all" employees
23  of the seven defendants over a five-year period.  Defendants' opposition brief, filed today,
24  explains why the Court ought to deny certification even if Dr. Leamer's opinions are admissible
25  under *Daubert*.  Defendants rely in part on a report by their economist Dr. Kevin Murphy
26  showing numerous reasons why Dr. Leamer's regression analyses are faulty and unreliable, and

27
28  certification motion."); *Sher v. Raytheon Co.,* No. 09-15798, 2011 WL 814379, *3 (11th Cir. Mar. 9, 2011) ("error" for district court to refuse to conduct *Daubert* review at class stage).

do not support his purported conclusions in any event.

The issues to be decided on these motions include whether Dr. Leamer's regressions and other statistical analyses are reliable and scientifically sound; whether they can or do demonstrate that the alleged agreements impacted the entire class; whether they mask the variation in compensation by presenting only averages; and other important issues outlined in defendants' opposition and *Daubert* motion.  An evidentiary hearing would force the experts to justify their methodologies, explain the direct conflicts with each other, confront contradictions in their work, and respond to questions by the Court—and in doing so provide a solid basis for the Court to evaluate their credibility and decide the pending motions. In this manner, an evidentiary hearing will enable the Court to fulfill its "gatekeeping" function under *Daubert, see* 509 U.S. at 589, and conduct the "rigorous analysis" called for by *Dukes* and *Ellis*.

Respectfully submitted,

Dated:  November 12, 2012          KEKER & VAN NEST LLP

By: */s/ Daniel Purcell*
DANIEL PURCELL
Attorneys for Defendant
LUCASFILM LTD.

Dated:  November 12, 2012          JONES DAY LLP

By: */s/ David C. Kiernan*
DAVID C. KIERNAN
Attorneys for Defendant
ADOBE SYSTEMS INC.

Dated:  November 12, 2012          MAYER BROWN LLP

By: */s/ Lee H. Rubin*
LEE H. RUBIN
Attorneys for Defendant
GOOGLE INC.

Dated:  November 12, 2012				O'MELVENY & MYERS LLP

						By:  /s/ Michael F. Tubach
						     MICHAEL F. TUBACH
						     Attorneys for Defendant
						     APPLE INC.

Dated:  November 12, 2012				BINGHAM MCCUTCHEN LLP

						By:  /s/ Frank M. Hinman
						     FRANK M. HINMAN
						     Attorneys for Defendant
						     INTEL CORP.

Dated:  November 12, 2012				JONES DAY LLP

						By:  /s/ Craig E. Stewart
						     CRAIG E. STEWART
						     Attorneys for Defendant
						     INTUIT INC.

Dated:  November 12, 2012				COVINGTON & BURLING LLP

						By:  /s/ Deborah Garza
						     DEBORAH GARZA
						     Attorneys for Defendant
						     PIXAR

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to General Order No. 45, Section X.B. regarding non-filing signatories, I hereby attest that I have obtained concurrence from defendants in the filing of this document.

Dated: November 12, 2012          /s/ Daniel Purcell

# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Stacie Somers, | NO. C 07-06507 JW |
| Plaintiff, | **ORDER SPECIALLY SETTING EVIDENTIARY HEARING AND HEARING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| v. | |
| Apple, Inc., | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Class Certification. (Docket Item No. 39.) Oral argument on this motion is currently scheduled for June 1, 2009. Having reviewed the parties' filings in preparation for the June 1 hearing, the Court finds that the primary disputed issue is whether Plaintiff has proffered a method for class-wide proof of damages. Plaintiff has submitted an affidavit of her expert, Dr. Gary French, in which Dr. French purports to offer four possible methods of calculating class-wide indirect purchaser damages. (See Docket Item No. 45, Ex. 1.) The Court is unable to determine, based solely on Dr. French Affidavit and Defendant's critique of Dr. French's proposed methodologies, whether or not Dr. French has proffered a method that is capable of meeting Plaintiff's class certification burden under Rule 23.

Accordingly, the Court continues the June 1 hearing to **June 5, 2009 at 10 a.m.** for an evidentiary hearing on the issue of Plaintiff's damages calculation methodology and oral argument on Plaintiff's Motion for Class Certification. The parties shall produce all appropriate witnesses for examination, including Dr. French.

Dated: May 20, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alreen Haeggquist alreenh@zhlaw.com
Craig L. Briskin cbriskin@findjustice.com
Elaine Wallace ewallace@jonesday.com
Helen I. Zeldes helenz@zhlaw.com
Michael Tedder Scott michaelscott@jonesday.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Tracy Strong tstrong@jonesday.com

Dated: May 20, 2009                    Richard W. Wieking, Clerk

                                       By:    /s/ JW Chambers
                                              Elizabeth Garcia
                                              Courtroom Deputy