1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@JonesDay.com
2  Craig E. Stewart (State Bar No. 129530)
   cestewart@JonesDay.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:   (415) 626-3939
5  Facsimile:   (415) 875-5700

6  Catherine T. Zeng (State Bar No. 251231)
   czeng@jonesday.com
7  JONES DAY
   1755 Embarcadero Road
8  Palo Alto, CA  94303
   Telephone:   (650) 739-3939
9  Facsimile:   (650) 739-3900

10 Attorneys for Defendant
   INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Case No. 11-CV-2509 LHK<br><br>DECLARATION OF CATHERINE T. ZENG IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL |

I, CATHERINE T. ZENG, declare:

1. I am an attorney at law, duly admitted to practice in the State of California and before this Court. I am an associate at the law firm of Jones Day, counsel for Defendant Intuit Inc. ("Intuit") in the above captioned action. I submit this Declaration in support of Defendants' Joint Administrative Motion to Seal. As one of the attorneys involved in the defense of this action, unless as otherwise stated, I have personal knowledge of the facts stated in this Declaration and if called as a witness I could and would testify competently to them.

2. I have reviewed the relevant portions of the Opposition to Plaintiffs' Motion for Class Certification ("Opposition"), the Expert Report of Dr. Kevin Murphy ("Expert Report"), and Memorandum of Law In Support of Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Motion to Strike") and the accompanying declarations and exhibits in support of these documents. As described below, the information requested to be sealed quotes from or describes Intuit's employee salary and compensation data and methodologies or Intuit's recruiting methods, strategies, data, and practices. Intuit has designated this information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order in this case.

3. As noted in the October 9, 2010 Declaration of Lisa K. Borgeson In Support of Administrative Motion to File Under Seal (Dkt. No. 197) ("Borgeson Declaration"), Intuit's salary and compensation data is non-public, highly sensitive and confidential, and private to Intuit and its employees. This information is also non-public and proprietary to Intuit. The majority of the information contained in pages and the exhibits noted below is confidential information about how Intuit has chosen to structure its employee salaries. It could cause Intuit competitive harm if this information was publically known. Public dissemination of this information would deprive Intuit of the investment it has made in developing its compensation and recruiting practices and strategies and allow others to unfairly benefit from this information.

4. The Borgeson Declaration also established that it is Intuit's practice to treat compensation data produced in this action as confidential and that it has taken reasonable steps to

1  ensure this data remains confidential. Intuit has continued to protect the identified data from
2  public disclosure by designating this data as "HIGHLY CONFIDENTIAL – ATTORNEYS'
3  EYES ONLY" pursuant to the Stipulated Protective Order in this case.

4      5.    Additionally, paragraph 3 of the Declaration of Mason Stubblefield and
5  accompanying exhibits (filed as an exhibit to the Declaration of Christina Brown in Support of
6  the Opposition to Plaintiffs' Motion for Class Certification) ("Stubblefield Declaration") further
7  establishes that Intuit's salary and compensation data and methodologies is confidential and that
8  public dissemination of that information could cause Intuit competitive harm.

9      6.    Moreover, paragraph 2 of the Declaration of Chris Galy (filed as an exhibit to the
10 Declaration of Christina Brown in Support of the Opposition to Plaintiffs' Motion for Class
11 Certification) ("Galy Declaration") establishes that information pertaining to Intuit's recruiting
12 methods, strategies, practices and data is confidential and that public dissemination of that
13 information could cause Intuit competitive harm.

14     7.    Specifically, Intuit seeks to keep the following redacted portions of the Opposition
15 and exhibits to the Declaration of Christina Brown under seal, all of which has been designated
16 by Intuit as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

- **Page 6, Footnote 2** notes specific information about Intuit's compensation structure and strategies and information derived from the Stubblefield Declaration. This is confidential Intuit employment and compensation information.
- **Page 6, lines 22-23; page 7, lines 5-8, 9-15, 26-28 and page 8, lines 1, 11-12** contain specific information about Intuit's compensation structure and strategies and information derived from the Stubblefield Declaration. This is confidential Intuit employment and compensation information.
- **Page 18, lines 3-10, 23-24** contain specific information about Intuit's compensation structure and strategies and information derived from the Stubblefield Declaration. This is confidential Intuit employment and compensation information.
- **Exhibit 19, the Declaration of Mason Stubblefield and attached exhibits,**

contain confidential information about Intuit's compensation data and methodologies as noted in paragraph 3 of that declaration.

- **Exhibit 20, the Declaration of Chris Galy,** contains confidential information about Intuit's recruiting strategies, methodologies, data and practices as noted in paragraph 2 of that declaration.

8. Additionally, Intuit seeks to keep the following redacted portions of the Expert Report under seal and all of which has been designated by Intuit as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

- **Footnotes 31, 35, 39, 108, 114 and 185** cite to the Stubblefield declaration and/or the Galy declaration as the source of the information therein. As noted above, these declarations contain Intuit confidential information. Moreover, these footnotes contain specific information about Intuit's compensation and recruiting strategies, practices and data that is confidential to Intuit.

- **Paragraph 20** contains specific information about Intuit's confidential recruiting methods and strategies.

- **Paragraph 21** contains specific information about Intuit's confidential recruiting methods and strategies.

- **Paragraph 36** contains specific information about Defendant employee turnover rates, which is derived from Intuit's confidential employee and compensation data.

- **Paragraph 39** contains specific information about the recruiting process at Intuit and other defendants. This information is derived in part from the Galy declaration, which is confidential.

- **Paragraph 62** contains information derived from Intuit's confidential compensation and recruiting data.

- **Paragraph 81** contains specific information about Intuit's compensation strategies. This information is also derived in part from the Stubblefield declaration, which is confidential.

- **Paragraph 94** contains information derived from Intuit's confidential

- 1 | compensation and recruiting data.

2  9. **Exhibits 1A, 1B, 2A, 2B, 3, 5, 6, 7A, 7B, 8A, 8B, 10, 13A, 13B, 14A, 14B, 16, 17, 18A, 18B, 19, 20, 21A, 21B, 22A, 22B, 23, 24, 25A, 25B, 26** contain information derived from Intuit's confidential employee, compensation and recruiting data. This information reveals Intuit's confidential compensation and recruiting methods and strategies and would cause Intuit harm if publicly disseminated.

10. **Appendices 1A, 1B, 1C, 1D, 2A, 2B, 2C, 2D, 3A, 3B, 4A, 4B, 4C, 4D, 5C, 6C, 7C, 8A, 8B, 9A, 9B, 10A, 10B, 10C, 11A, 11B, 11C, and 12A** contain information derived from Intuit's confidential employee, compensation and recruiting data. This information reveals Intuit's confidential compensation and recruiting methods and strategies and would cause Intuit harm if publicly disseminated.

11. Exhibits 1-6 and 9-13 to the Declaration of Christina Brown filed in support of the Opposition and exhibits A-F to the Declaration of Susan Welch filed in support of the Motion to Strike have been designated by Plaintiffs as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 12th day of November, 2012 in San Francisco, California.

_____
Catherine T. Zeng

SVI-116533

- 5 -