BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
FRANK M. HINMAN (SBN 157402)
SUJAL J. SHAH (SBN 215230)
SUSAN J. WELCH (SBN 232620)
FRANK BUSCH (SBN 258288)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donn.pickett@bingham.com
frank.hinman@bingham.com
sujal.shah@bingham.com
susan.welch@bingham.com
frank.busch@bingham.com

Attorneys for Defendant
Intel Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF FRANK BUSCH IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SEAL**<br><br>Date Consolidated Amended Compl. Filed: September 13, 2011 |

1    I, Frank Busch, declare:

2    1.    I am an attorney duly licensed to practice law in the State of California, and an associate at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on information and belief.  On behalf of Intel, I make this declaration pursuant to Civil Local Rule 79-5(d) and 7-11(a) to demonstrate that good cause exists for the documents described below to remain under seal.  I make this declaration in support of Defendants' Joint Administrative Motion to Seal filed concurrently with this Declaration.  If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information That Should Be Sealed*

2.    I have reviewed the portions of: (1) Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition"); (2) Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("MTS"); (3) the Report of Professor Kevin M. Murphy ("Murphy") and exhibits thereto; (4) the Declaration of Susan J. Welch in Support of Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Welch") and exhibits thereto; (5) the Declaration of Tina M. Evangelista in Support of Opposition to Class Certification ("Evangelista") and exhibits thereto; (6) the Declaration of Danny McKell in Support of Opposition to Class Certification ("McKell") and exhibits thereto; and (7) the Declaration of Christina Brown in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Brown") and exhibits thereto that are being filed under seal concurrently with this declaration.  As described below, they quote from and reference Intel's documents and data that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

3.    The types of information reflected in the documents and data at issue here are similar to the types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203) ("October Evangelista Declaration").  The relevant documents are:

***PowerPoint Presentations***

- 76506DOC000773: "Intel's Complete Guide to Sourcing";
- 76512DOC000638: "Offer Development Overview";
- 76550DOC000014: "Intro to External Sourcing";
- 76566DOC000085: "Strategic Hire Update WW05";
- 76582DOC000783: "Salary Ranges, Merit Matrices, Promo Guidelines, and Budget";
- 76583DOC002007: "Pre-Focal Analysis 2007";
- 76583DOC007082: "2006 FSM Pre-Focal Analysis Fab 17";
- 76583DOC007683: "Compensation 201 Instructor Guide";
- 76586DOC000445: Chapter 16 of the Intel "Total Compensation Handbook"; and
- 76597DOC000068: "Intel U.S. Compensation and Benefits Overview for 2006."

***Radford Compensation Surveys***

- 76582DOC023919: "USA AllTech OSV" report.

***Compensation Data***

- The documents referenced above in paragraph 2 rely upon certain compensation and recruiting data produced by Intel in this action.

**<u>The Reasons For Sealing The Redacted Information And Underlying Documents</u>**

4. According to the Evangelista Declaration, and because the types of information contained in redacted portions of the above-referenced filings are similar to the types of information described therein, the following statements support the motion to seal.

5. The Intel documents and data described above contain information regarding confidential business practices that gives Intel a competitive advantage in recruiting, retaining and compensating its employees

6. Intel derives independent economic value from the strategic information, or raw data, contained in these types of documents not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

7. It is Intel's practice to treat these types of documents and data as confidential, and not to disclose them outside the company. I am informed and believe that Intel has taken reasonable steps to ensure that these documents remain confidential, including designating them AEO pursuant to the Protective Order filed in this Action.

8. Specifically, Intel seeks to seal the following Intel confidential, commercially sensitive information in the Intel documents described above:

- **Opposition at pages 7:20-21, 8:9-14, 19:1-5, and footnote 2** reflect Intel's compensation policies. In particular, the redacted references describe specific salary ranges and specific elements of Intel's compensation philosophy, including policies regarding counter offers.

- **MTS at page 7:4-7** reflects Intel's compensation practices. In particular, the redacted reference describes salary ranges and specific elements of Intel's compensation policies.

- **Murphy Paragraph 17 footnote 20** reflects Intel's recruiting strategies. In particular, it identifies information about companies that Intel targets for recruiting.

- **Murphy Paragraphs 19, 81, and 86 and footnotes 22, 108, 114, and 115** reflect Intel's compensation strategies. In particular, they identify Intel's policies regarding counteroffers, compensation targeting, and payment philosophies.

- **Murphy Paragraphs 27 and 39 and footnotes 31, 39, and 40** reflect Intel's recruiting strategies. In particular, they identify recruiting methods upon which Intel relies.

- **Murphy, Exhibits 1A-B, 2A-B, 3, 5, 6, 7A-8B, 10, and 13A-B and Appendices 1A-2D, 5B, 6B, and 7B** reflect information contained in Intel's recruiting and/or compensation data. In particular, each chart presents this highly sensitive information in a sufficiently detailed manner that would disclose to Intel's competitors how Intel compensates or recruits. Although many of the charts include data for other defendants, Intel seeks only to seal information in the referenced exhibits that is taken from its own data.

- **Welch, Exhibit A at 468:5 - 469:25 and Brown Exhibit 1 at 467:5-10 and 467:21-469:25** contain information related to the way Intel compensates employees. In particular, the redacted information applies Intel's compensation philosophy to specific grade levels to set salary ranges.
- **Welch, Exhibit B at 65:5-21** contains information related to the way Intel reviews and compensates employees. In particular, the redacted information describes Intel's review process from the perspective of a first-line manager.
- **Evangelista paragraphs 3-5 and 7-10** contain information related to the way Intel recruits its employees. In particular, the declaration describes Intel's hiring and recruiting practices, including trade secrets that Intel has developed to do so effectively.
- **Evangelista Exhibit F** contains information that reflects Intel's sourcing policies and strategy. In particular, document relates to Intel's methods for sourcing potential candidates. The October Evangelista Declaration referred specifically to this document.
- **Evangelista Exhibit G** contains information that reflects Intel's sourcing policies and strategy. In particular, document relates to Intel's methods for sourcing potential candidates. The October Evangelista Declaration referred specifically to this document.
- **Evangelista Exhibit H** contains information that reflects Intel's hiring policies and strategy. In particular, document relates to Intel's methods for hiring specific strategic candidates. The October Evangelista Declaration referred specifically to this document.
- **McKell paragraphs 3-16** contain information related to the way Intel compensates its employees. In particular, the declaration describes Intel's high level policies and gives examples of specific applications of those policies to the focal process.
- **McKell Exhibit A** contains information that reflects Intel's compensation strategy. In particular, document relates to the potential components that combine to form

Intel's total compensation system.

- **McKell Exhibit B** contains information that reflects Intel's compensation ranges. In particular, document applies Intel's compensation philosophy to specific grade levels to set salary ranges.

- **McKell Exhibit C** contains information that reflects Intel's compensation policies. In particular, document relates to Intel's training for employees working on compensation issues.

- **McKell Exhibit D** contains information that reflects Intel's compensation benchmarking. In particular, document relates to Intel's identification of companies against which to benchmark in 2007.

- **McKell Exhibit E** contains information that reflects Intel's compensation benchmarking. In particular, document relates to Intel's identification of companies against which to benchmark in 2006.

- **McKell Exhibit F** contains information that reflects the scope of Intel's benchmarking. In particular, document relates to Intel's selection of a broad range of benchmarking companies.

### *The Particularized Harm Disclosure Would Cause*

9. According to the Evangelista Declaration, and because the types of information redacted from the above-referenced documents are similar to the types of information described therein, Intel would suffer the following particularized harm if the redacted information is disclosed to the public. The public disclosure of the Intel confidential information contained in Intel's documents and data described above would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and compensate its employees. Public disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related strategies and policies would also deprive Intel of its investment in developing those strategies and give the scores of other companies with which Intel competes an unearned advantage by giving them the benefit of Intel's confidential investments. Public disclosure of Intel's detailed compensation data would also give those other companies an unearned advantage by giving them

1  the benefit of Intel's compensation strategies, compensation levels, and other related
2  information.
3       10.    Because these documents cannot be disclosed to the public without causing this
4  harm, their contents should be protected by redacting them and each reference to their contents
5  from public filings.
6          I declare under penalty of perjury that the foregoing is true and correct. Executed
7  in San Francisco, California on November 12, 2012.

                                                 /s/ Frank Busch
                                                   Frank Busch