MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF FRANK WAGNER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL** |

I, Frank Wagner, declare:

1.  I am Director of Compensation at Google Inc. ("Google"). I have served in that position since April 2007. In that capacity, I am familiar with Google's internal decision-making process and business strategy relating to compensation of Google employees, including Google's strategic considerations and internal deliberations regarding compensation for individual employees (which includes salary, bonus, equity grants, recognition awards and benefits). As part of my responsibilities, I am specifically familiar with Google's internal decision-making

DECL. OF FRANK WAGNER ISO ADMIN. MOT. TO SEAL
MASTER DOCKET NO. 11-CV-2509-LHK

process and business strategy relating to Google's compensation philosophy and the process and practices for setting the compensation of individual Google employees. In addition, I am also familiar with the general recruiting strategies and practices employed by Google. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would competently thereto.

### *Google's Confidential Information in Defendants' Opposition*

2. I have read and reviewed discrete portions of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Defendants' Opposition") that specifically discuss or reference information related to Google. Based on my familiarity with Google's internal decision making and business strategy regarding compensation and Google's competitive position in the labor market, the following lines of Defendants' Opposition contain confidential commercial information, the disclosure of which would likely cause competitive harm to Google by giving third parties (including Google's competitors in the labor market) direct insight into highly confidential and competitively sensitive aspects of Google's internal decision-making processes related to its business operations:

a) **Footnote 2 (on Page 6)**: This footnote contains quotes from documents that contain confidential and highly sensitive details about Google's compensation philosophy.

b) **Page 7 (lines 23-25)**: This excerpt provides confidential and highly sensitive details about Google's process for setting individual compensation levels for both existing employees and new hires.

c) **Page 8 (lines 6-8)**: This excerpt provides confidential and highly sensitive details about the equity component of Google's compensation program.

d) **Page 18 (starting at line 20) through Page 20 (ending at line 12)**: This excerpt quotes and references documents that contain confidential and highly sensitive details about Google's compensation of its employees and its compensation philosophy.

***Google's Confidential Information in the Murphy Report***

3. I have also reviewed discrete portions of the expert Report of Professor Kevin M. Murphy ("Murphy Report"), along with select exhibits attached to the Murphy Report, that specifically discuss or reference information related to Google. I understand that Google and the other defendants in this case retained Professor Murphy to offer his opinion regarding issues raised by the Motion for Class Certification that has been filed in this case, and that Google provided Professor Murphy with confidential and highly sensitive internal data related to Google's employee composition, recruiting and hiring practices, and compensation to assist Professor Murphy with his economic analysis. Based on my familiarity with Google's internal decision making and business strategy regarding compensation and Google's competitive position in the labor market, the following paragraph excerpts, footnotes, and exhibits to the Murphy Report contain confidential commercial information, the disclosure of which would likely competitive harm to Google by giving third parties (including Google's competitors in the labor market) direct insight into highly confidential and competitively sensitive aspects of Google's internal decision-making processes related to its business operations:

    a) **Paragraph 20**: This excerpt provides confidential and highly sensitive details, derived from Google's data, about the sources and methods used by Google to benchmark the market in order to set individual compensation levels.

    b) **Paragraph 35**: This excerpt contains confidential and highly sensitive details, derived from Google's data, about the age composition of Google's new hires.

    c) **Paragraph 43**: This excerpt contains confidential and highly sensitive details, derived from Google's data, about changing individual base salary levels of Google employees.

    d) **Paragraphs 45 and 46**: These excerpts provide confidential and highly sensitive details about the components of Google's compensation, including bonus and equity.

    e) **Paragraphs 78 and 79**: These excerpts describe an original and revised compensation proposal reflecting a change to Google's compensation program for

Google employees and a detailed description of the reasons behind the change to Google's compensation program.

f) **Paragraph 94**: The excerpts in this paragraph analyze confidential and highly sensitive data about Google's actual versus predicted compensation, as well as estimates that are derived from Google's confidential and highly sensitive compensation data.

g) **Paragraph 95**: This excerpt contains a confidential and highly sensitive analysis and discussion related to Google's compensation data.

h) **Paragraph 109**: This excerpt contains a confidential and highly sensitive analysis and discussion of Google's compensation data.

i) **Paragraph 117**: This excerpt contains a confidential and highly sensitive analysis and discussion of Google's compensation data.

j) **Paragraph 136**: This excerpt analyzes confidential and highly sensitive data about Google's actual versus predicted compensation.

k) **Paragraph 138**: This excerpt contains a confidential and highly sensitive analysis and discussion of Google's compensation data.

l) **Paragraph 146**: This excerpt contains a confidential and highly sensitive analysis and discussion of persistence levels related to Google.

m) **Footnote 20**: This footnote contains confidential and highly sensitive details relating to Google's recruiting practices, including the top 20 employers that Google most often recruited from during the period from 2005 to 2009.

n) **Footnote 24**: This excerpt provides confidential and highly sensitive details, derived from Google's data, about the sources and methods used by Google to benchmark the market in order to set individual compensation levels.

o) **Footnote 96**: This footnote describes an original and revised compensation proposal reflecting a change to Google's compensation program for Google employees and a detailed description of the reasons behind the change to Google's compensation program.

p) **Footnote 104**:  This footnote summarizes confidential and highly sensitive internal Google documents regarding competition from a rival employer for Google employees.

q) **Footnote 107**:  This footnote provides confidential and highly sensitive details about Google's compensation practices.

r) **Footnote 114**:  This footnote provides confidential and highly sensitive details about Google's practices relating to counteroffers.

s) **Footnote 186:**  This footnote provides confidential and highly sensitive details about Google's recruiting and hiring practices.

t) **Exhibit 3**:  This chart depicts Google's confidential and highly sensitive data about the top 20 previous employers of hires by Google from 2001 to the first quarter of 2012.

u) **Exhibits 3A, 3B, 7A and 7B**:  These charts detail and depict Google's confidential and highly sensitive data about the distribution of annual changes in the base salaries and total compensation of Google employees during the years 2002 to 2011.

v) **Exhibits 4A and 4B**:  These charts detail and depict hires and separations as a share of total employment among the defendants in this case and contain analyses derived from Google's confidential and highly sensitive data about the hires and separations during the years 2001 to 2011.

w) **Exhibit 5**:  These chart detail confidential and highly sensitive statistics, derived from Google's data, about the number of software engineers and salaried employees employed by Google during the years 2002 to 2011.

x) **Exhibit 6**:  This chart details confidential and highly sensitive statistics, derived from Google's data, about the age distribution of salaried employees hired by Google during the years 2001 to 2011.

y) **Exhibits 8A, 8B, 9A, and 9B**:  These charts detail and depict Google's confidential and highly sensitive data about the components (base salary, bonus,

and equity) of total compensation for Google employees during the years 2001 to 2011.

z) **Exhibit 10**: This chart details and depicts Google's confidential and highly sensitive data about the average total compensation as percentage of revenue per Google employee during the years 2001 to 2011.

aa) **Exhibits 14A and 14B**: These charts contain confidential and highly sensitive data and statistical analyses relating to Google's compensation.

bb) **Exhibit 15B**: This chart contains confidential and highly sensitive data and analyses relating to the actual compensation for major Google job titles.

cc) **Exhibit 17**: This chart graphically depicts simulated compensation dynamics of two identically situated employees at Google during the years 2005 to 2010, and this simulated data is based on confidential and highly sensitive compensation data provided by Google.

dd) **Exhibits 18A and 18B**: These charts graphically depict confidential and highly sensitive data about the annual changes in base salaries and total compensation for the top ten and top 25 job titles at Google during the years 2006 to 2009.

ee) **Exhibit 19**: This chart graphically depicts confidential and highly sensitive data about average changes in total compensation by year at Google during the years 2002 to 2011.

ff) **Exhibits 20, 23, 24, 26**: These charts contain confidential and highly sensitive analyses of compensation estimates that use data that is derived from Google's confidential and highly sensitive compensation data during the years 2001 to 2011.

gg) **Exhibits 22A and 22B**: These charts contain confidential and highly sensitive data and statistical analyses relating to Google's compensation.

hh) **Exhibits 25A and 25B**: These charts graphically depict confidential and highly sensitive data about the mean difference between actual and predicted real compensation at Google during the years 2003 to 2011.

ii) **Appendices 1A, 1B, 2A, and 2B**: These charts contain confidential and highly sensitive analyses relating to cross-hiring among the defendants and data related to Google's hiring and separations during the years 2001 to 2012.

jj) **Appendices 4A, 4B, 4C and 4D**: These charts detail and depict Google's confidential and highly sensitive data about the distribution of its employees' base salaries and overall compensation during the years 2001 to 2011.

kk) **Appendices 8C and 9C**: These charts contain confidential and highly sensitive analyses of compensation estimates that use data that is derived from Google's confidential and highly sensitive compensation data during the years 2005 to 2009.

*Google's Confidential Information in My Declaration In Support of Defendants' Opposition and Accompanying Exhibits A through C*

4. I have submitted a declaration in support of Defendants' Opposition titled "Declaration of Frank Wagner in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification" ("Declaration") that details Google's compensation philosophy and practices during the time period from 2005 to 2009, many of which continue to apply today. More specifically, my Declaration details the particular processes and data Google utilized to craft and tailor compensation packages (including base salary, bonus, equity, and recognition awards) for its individual employees, and includes a description of the various benchmarking processes Google has employed over time, as well as Google's practices regarding extending counteroffers to individual employees. My declaration further details the changes made to Google's compensation program that became effective in January 2011 and the underlying rationale for that change.

5. In addition to addressing highly sensitive details about Google's compensation practices, my Declaration also describes Google's particular recruiting practices, including its methods for recruiting new hires, and the companies it frequently targets when seeking to hire new employees.

6. The information in my Declaration, is confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality. Google does not disseminate this information widely within its own organization, let alone to its competitors, customers or the general public. Public disclosure of this information would likely cause Google significant competitive harm by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee recruiting.

7. My Declaration also references and attaches three exhibits that contain highly confidential information about Google's compensation and recruiting practices, as described below. These documents are closely held within Google, and have never been disseminated widely within Google's organization, let alone to its competitors, customers or the general public.

    a) **EXHIBIT A** to my Declaration is a presentation I delivered on October 30, 2007 to engineering managers at Google that reflects Google's compensation philosophy and practices between 2005 to 2009. This presentation also reflects the broader compensation philosophy and principles, as well as certain practices, that Google continues to apply today.

    b) **EXHIBIT B** is another presentation, which I delivered in April 2009, that also reflects Google's compensation philosophy and practices, and that provides additional detail about the overall market benchmarking process that Google used during the period 2005 to 2009 to set compensation, as well as the general benchmarking process and certain practices that Google continues to apply today.

    c) **EXHIBIT C** is a document titled "Revised Compensation Proposal" dated November 8, 2010, which contains a detailed description of an original and revised compensation proposal reflecting a change to Google's compensation program for Google employees, which includes extensive details of Google's potential changes to its compensation program among and between various components of compensation (i.e., salary, bonus,

equity), and a detailed description of the reasons behind the alternative compensation programs. The document also contains redactions of personal individual compensation figures that were redacted for privacy reasons.

8. Each of the Exhibits described in Paragraph 7 above reflect confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality. Google does not disclose this information to its competitors, customers or the general public. Public disclosure of this information would likely cause Google significant competitive harm by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee compensation and retention, including detailed strategic considerations regarding how Google crafts and tailors its compensation program.

***Google's Confidential Information in Defendants' Memorandum of Law in Support of Their Motion to Strike the Report of Dr. Edward E. Leamer***

9. I have read and reviewed discrete portions of Defendants' Memorandum of Law in Support of Their Motion to Strike the Report of Dr. Edward E. Leamer ("Defendants' Motion to Strike") that specifically discuss or reference information related to Google. Based on my familiarity with Google's internal decision making and business strategy regarding compensation and Google's competitive position in the labor market, the following lines of Defendants' Motion to Strike contain confidential commercial information, the disclosure of which would likely cause competitive harm to Google by giving third parties (including Google's competitors in the labor market) direct insight into highly confidential and competitively sensitive aspects of Google's internal decision-making processes related to its business operations.

    a) **Page 13**: This excerpt contains a confidential and highly sensitive discussion of Google's compensation data in the context of analyzing the findings of Professor Leamer.

    b) **Footnote 13 (on page 18)**: This excerpt contains a confidential and highly sensitive discussion of Google's compensation data in the context of analyzing the findings of Professor Leamer.

    c) **Pages 20 to 21 (including Figure 16)**: This excerpt and figure contain confidential and highly sensitive details about the total compensation for senior software engineers and other engineering job titles at Google during the time period between 2005 and 2009.

*Google's Confidential Information in Exhibit 25 to the Declaration of Christina Brown in Support of Defendants' Opposition*

10. I have also reviewed the Google document that is attached as Exhibit 25 to the Declaration of Christina Brown in Support of Defendants' Opposition. This document is a confidential presentation related to Google's compensation practices and philosophy and contains highly sensitive and confidential information about Google's compensation program, including its bonus targets, the disclosure of which would likely cause competitive harm to Google by giving third parties (including Google's competitors in the labor market) direct insight into highly confidential and competitively sensitive aspects of Google's internal decision-making processes related to its business operations.

[The rest of this page is intentionally left blank.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 9, 2012 in Mountain View, California.

_____
Frank Wagner