1  Richard M. Heimann (State Bar No. 63607)
   Kelly M. Dermody (State Bar No. 171716)
2  Eric B. Fastiff (State Bar No. 182260)
   Brendan P. Glackin (State Bar No. 199643)
3  Dean M. Harvey (State Bar No. 250298)
   Anne B. Shaver (State Bar No. 255928)
4  Joseph P. Forderer (State Bar No. 278774)
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
5  275 Battery Street, 29th Floor
   San Francisco, CA  94111-3339
6  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
7
   Joseph R. Saveri (State Bar No. 130064)
8  Lisa J. Leebove (State Bar No. 186705)
   James D. Dallal (State Bar No.  277826)
9  JOSEPH SAVERI LAW FIRM
   255 California, Suite 450
10 San Francisco, CA 94111
   Telephone:  (415) 500-6800
11 Facsimile:   (415) 500-6803

12 *Interim Co-Lead Counsel for Plaintiffs and the Proposed
   Class*

13

14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                      SAN JOSE DIVISION

17

18 IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
   ANTITRUST LITIGATION
                                      **ADMINISTRATIVE MOTION FOR ORDER
19 THIS DOCUMENT RELATES TO:          COMPELLING DEFENDANTS TO
                                      COMPLY WITH CIVIL LOCAL RULES 7-
20 ALL ACTIONS                        3(A) AND 3-4(C)(2)**

21

22

23

24

25

26

27

28

1    Pursuant to Civil Local Rule 7-11, Plaintiffs, by and through their counsel, respectfully

2    submit this Administrative Motion for an order compelling Defendants to comply with Civil

3    Local Rules 7-3(a) and 3-4(c)(2) governing contents and format of papers and also with the

4    carefully planned briefing schedule agreed by the parties and approved by the Court.  In addition

5    to their 25-page Opposition to Plaintiffs' Motion for Class Certification ("the Opposition") (Dkt.

6    No. 209), Defendants simultaneously filed a 22-page Motion to Strike the Report of Dr. Edward

7    E. Leamer ("the Motion to Strike").  Dkt. No. 210.

8    Defendants' "motion to strike" is procedurally improper under both Civil Local Rule 7-

9    3(a) and the Federal Rules of Civil Procedure. It is an obvious and prohibited attempt to

10   circumvent the page limit for their Opposition, as set by the Local Rules and confirmed by the

11   Court. [1]  Defendants' Motion to Strike would also require Plaintiffs to file a separate and

12   expedited response not only to the motion but to the 78-page report of Dr. Murphy, on which it

13   relies, in contravention of the briefing scheduled agreed to by the parties and approved by the

14   Court.  In addition, Defendants have used a "narrower," non-standard typeface in their Opposition

15   in order to squeeze in over one-and-a-half pages of argument beyond the allotted 25-page limit.

16   *See* Civil Local Rule 3-4(c)(2).

17   Plaintiffs respectfully request that the Court order Defendants to file a single opposition

18   brief that complies with the twenty-five page limit and briefing schedule previously negotiated by

19   the parties and set by this Court, and further order that the Clerk discard or return to Defendants

20   the briefs on file.  Alternatively, Plaintiffs respectfully request that the Court allow Plaintiffs to

21   file an additional twenty-two responsive pages in their reply in support of their Motion for Class

22   Certification and order that Defendants may file no further papers in support of their "motion to

23   strike."  As a third alternative Plaintiffs request a briefing schedule as outlined below.

24   **A.     Defendants' Motion To Strike Should Be Rejected Because It Is Procedurally Improper.**

25   First, Defendants' Motion to Strike violates Civil Local Rule 7-3(a), which states, "Any

26   _____

27   [1] This Court firmly set the page limits for Plaintiffs' Motion for Class Certification, Defendants' opposition, and Plaintiffs' reply, per the local rules, at the June 4, 2012 case management conference.  *See* Dkt. No. 226 at 64:17-19 ("25 page max on the opening and the opposition; and

28   then 15 max on the reply[.]")

MOTION FOR ORDER COMPELLING DEFENDANTS
TO COMPLY WITH LOCAL RULES
MASTER CASE NO. 11-CV-2509-LHK

1    evidentiary and procedural objections to the motion must be contained within the brief or

2    memorandum."  Defendants' Motion to Strike is plainly an evidentiary objection: it asks the

3    Court to strike Dr. Leamer's report "for his failure to provide reliable, relevant and admissible

4    testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Federal Rule of

5    Evidence 702."  Defendants' Motion to Strike at 1:8-10.  The remainder of the brief simply

6    summarizes at length various criticisms offered by their expert, Dr. Murphy, and asserts

7    additional legal argument in support of that evidentiary objection.  The purpose of Rule 7-3(a) is

8    to prevent parties from evading the page limitations on their opposition briefs by filing separate

9    evidentiary objections to material contained in the opening brief.  Courts routinely discard such

10   improper maneuvers.  *See, e.g., Adams v. Kraft*, 828 F. Supp. 2d 1090, 1100 (N.D. Cal. 2011)

11   (Koh, J.) ("[B]ecause Defendants did not comply with Local Rule 7-3(c), which requires all

12   evidentiary and procedural objections to the opposition to be contained within the reply brief or

13   memorandum, the Court will not consider Defendants' separate evidentiary objections.");[2] *Oak*

14   *Point Partners, Inc. v. Lessing*, No. 11-03328 LHK, 2012 U.S. Dist. LEXIS 133407, *3 n.2 (N.D.

15   Cal. Sept. 18, 2012) ("Defendant also filed two sets of evidentiary objections to declarations filed

16   in support of Plaintiffs' opposition. Civil Local Rule 7-3(a) requires that '[a]ny evidentiary and

17   procedural objections to the motion must be contained within the brief or memorandum.'

18   Defendant's objections were filed separately, and thus do not comply with this rule. Accordingly,

19   the Court strikes these objections and will not consider them."); *Johnson v. Lockheed Martin*

20   *Corp.*, No. 11-01140 LHK, 2012 U.S. Dist. LEXIS 99187, *9-10 (N.D. Cal. July 17, 2012)

21   (striking Plaintiffs' evidentiary objections for failure to comply with Local Rule 7-3); *Yates v.*

22   *Delano Partners, LLC*, No. 10-3073 CW, 2012 U.S. Dist. LEXIS 149708, *4-5 n.2 (N.D. Cal.

23   Oct. 17, 2012) (same); *Gauntlett v. Ill. Union Ins. Co.*, No. 11-00455 EJD, 2012 U.S. Dist.

24   LEXIS 131086, *30 n.4 (N.D. Cal. Sept. 13, 2012) (same).

25        Defendants will no doubt protest that they have filed a "motion to strike," not objections.

26   [2] Civil Local Rule 7-3(a) pertains to opposition briefs; Rule 7-3(c) to reply briefs.  Both contain
     the provision that "[a]ny evidentiary and procedural objections to the motion must be contained
27   within the brief or memorandum."  Because Defendants filed their Motion to Strike with their
     opposition to Plaintiffs' Motion for Class Certification, Rule 7-3(a) applies here, but case law
28   applying 7-3(c) to reject separate evidentiary objections is equally on point.

1    Allowing parties to avoid Rule 7-3(a) by renaming their papers would nullify the rule.

2    Significantly, the Federal Rules of Civil Procedure do not authorize a motion to strike an expert

3    report.  Motions to strike are only recognized by Federal Rule of Civil Procedure 12(f), and then

4    only as to **pleadings**:  Rule 12 states that, "The court may strike from a **pleading** an insufficient

5    defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f)

6    (emphasis added).  It is hornbook law that a declaration in opposition to a class certification

7    motion is not a pleading.  As explained by MOORE'S,

8
9
10
> Only material included in a 'pleading' may be the subject of a
> motion to strike, and courts have been unwilling to construe the
> term broadly.  **Motions, briefs or memoranda, objections, or
> affidavits may not be attacked by the motion to strike**.

11   2-12 MOORE'S FEDERAL PRACTICE - CIVIL § 12.37 (citations omitted) (emphasis added); *see also*

12   *Lamon v. Adams*, No. 09-00205 LJO, 2011 U.S. Dist. LEXIS 143871 (E.D. Cal. Dec. 13, 2011)

13   ("Only pleadings are subject to motions to strike; improper motions, declarations or other

14   material not contained in pleadings cannot be stricken under Rule 12(f).") (citing *Sidney -Vinstein*

15   *v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Lombard v. MCI Telcoms. Corp.*, 13 F.

16   Supp. 2d 621, 625 (N.D. Ohio 1998) ("[T]here is no basis in the Federal Rules [to] employ[] Rule

17   12(f) to strike an affidavit or portions thereof … a Court should disregard inadmissible evidence,

18   not strike that evidence from the record.") (internal citations and quotations omitted).

19          Allowing Defendants' "motion to strike" would also flatly contradict the briefing schedule

20   agreed to by the parties and ordered by the Court and create procedural mischief.  Allowing the

21   motion would in theory require Plaintiffs' expert to submit yet another separate declaration in

22   advance of Plaintiffs' deadline to submit reply papers.  And Defendants insist that they would be

23   entitled to a reply brief in support of their motion to strike—in reality an unpermitted sur-reply.

24   Allowing the motion would thus double or perhaps triple the papers before the Court and modify

25   the schedule unfairly to the detriment of Plaintiffs.  When Plaintiffs raised these objections to

26   Defendants yesterday, Defendants proposed the following solution, which they claimed they had

27   always "envisioned":  Plaintiffs could file a combined reply/opposition but then Defendants

28   would file yet another brief (a "reply" in support of their motion) after all the other papers had

1   been submitted to the Court.  Declaration of Brendan P. Glackin ("Glackin Decl.") ¶ 2.  This

2   would permit Defendants to extend the briefing schedule and file a sur-reply.  Today, Defendants

3   offered a different proposal, namely that Plaintiffs file their opposition December 3, 2012, and

4   Defendants file their reply December 10th.  *Id.*  This deadline is impossible to meet as a practical

5   matter, effectively advancing by a week during the holiday season Plaintiffs' deadline to respond

6   to the Murphy report and breaking in two Plaintiffs' responses to the class certification

7   opposition.

8          Defendants never met and conferred with Plaintiffs regarding their intent to file the

9   motion nor did they request permission to do so from the Court.  Remarkably, Defendants claim

10  that they "could not have known" they might want to make such a motion at the time the parties

11  agreed to the briefing schedule.  Glackin Decl. ¶ 2.[3]  In fact, the Court has previously ordered

12  Daubert briefing in conjunction with dispositive motions.  *See, e.g.*, Dkt. No. 94 (Transcript of

13  October 26, 2011 Case Management Conference) at 88:24-89:2; Dkt. No. 226 (Transcript of June

14  4, 2012 Case Management Conference) at 59:7-25; *id*. at 64:5-67:24; Dkt. No. 184 (Transcript of

15  September 12, 2012 Case Management Conference) at 19:18-21:6.  If Defendants believed they

16  needed additional pages to make *Daubert* arguments after reading Dr. Leamer's report, or taking

17  his deposition, they have had ample time to make that request to the Court.  Instead, they set off a

18  fire drill with an unauthorized motion requiring an opposition to be filed on the Monday after

19  Thanksgiving.  The "motion to strike" should be returned to Defendants as non-compliant.

20  Alternatively the Court should allow Plaintiffs twenty-two additional pages in their reply brief

21  and order that no further papers shall be filed by Defendants.  If the Court allows the motion and

22  a reply by Defendants, Plaintiffs request permission to file a combined 37-page opposition on

23  December 10, 2012, with Defendants to file a reply at noon on December 17, 2012, and Plaintiffs

24  to file a sur-reply on December 21, 2012.  To be clear, Plaintiffs do not prefer this last procedure,

25  —————————————————

26  [3] Defendants also stated that their motion is authorized by *Ellis v. Costco Wholesale Corp.*, No.
    04-3341 EMC, 2012 U.S. Dist. LEXIS 137418 (N.D. Cal. Sept. 25, 2012).  Glackin Decl. ¶ 2.
    However, the plaintiffs in *Ellis* did not object to defendants filing a *Daubert* motion along with

27  their opposition to class certification, so the propriety of that approach was not tested.
    Accordingly, *Ellis* is not authority for Defendants' position that such an approach is proper under

28  the Local and Federal Rules.

MOTION FOR ORDER COMPELLING DEFENDANTS
TO COMPLY WITH LOCAL RULES
MASTER CASE NO. 11-CV-2509-LHK

which would unreasonably burden the Court with voluminous additional papers and delay the Court's ability to close the briefing and consider the motion, but it at least would level the playing field.

**B.      Defendants' Opposition To Plaintiffs' Motion For Class Certification Should Be Rejected Because It Violates Local Rule 3-4(c)(2).**

In addition to the "motion to strike," Defendants' Opposition should also be returned to them because it does not comply with the typeface requirements of the Northern District of California.  Unlike their other filings, Defendants submitted the Opposition in Garamond font for the apparent purpose of extending the effective length of their brief by one-and-a-half pages.

Local Rule 3-4(c)(2) provides:  "Printed text may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman)."[4]  Defendants' Opposition as-submitted goes to the very last line of the twenty-fifth page.  Plaintiffs instructed a professional word processor to create a version of the Opposition, omitting tables, identical in all respects to the original.  Glackin Decl. ¶ 4.  The word processor then converted the font of the document from Garamond to Times New Roman.  A true and correct copy of this document is attached as Exhibit A to the Glackin Declaration.  It is over 26.5 pages of text.  All other papers filed appear to be in standard Times New Roman.  Defendants offered no explanation for this discrepancy.  Glackin Decl. ¶ 3.

\*        \*        \*

For the foregoing reasons Plaintiffs' administrative motion should be granted.

---

[4] Garamond font does not comply with this standard; it has a history among writers seeking to manipulate page limits.  A forum discussion on the website of The Chronicle of Higher Education is instructive.  A poster seeks help finding "a nice, easily readable font that is a little bit smaller than Times New Roman" in order to comply with a page limit.  Glackin Decl. Ex. B.  One poster suggests Garamond:  "It is a slenderer font with less kerning (space between letters) and will usually reduce the page count nicely[.]"  *Id.*  A third poster casts doubt upon this tactic:

> Looking for a smaller font to print something for which you're given a page limit is the same trick used by undergrads who supply 2" margins triple-spaced to give you a ten page paper – and the editor appreciates it just about as much as you do when an undergrad pulls this in your class.

*Id.*

1

2    Dated November 15, 2012                LIEFF CABRASER HEIMANN & BERNSTEIN LLP

3

4                                By:_____/s/ Brendan Glackin_____
                                 Richard M. Heimann (State Bar No. 63607)
5                                Kelly M. Dermody (State Bar No. 171716)
                                 Eric B. Fastiff (State Bar No. 182260)
6                                Brendan P. Glackin (State Bar No. 199643)
                                 Dean M. Harvey (State Bar No. 250298)
7                                Anne B. Shaver (State Bar No. 255928)
                                 Joseph P. Forderer (State Bar No. 278774)
8                                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                 275 Battery Street, 29th Floor
9                                San Francisco, CA  94111-3339
                                 Telephone:  (415) 956-1000
10                               Facsimile:  (415) 956-1008

11

12                               JOSEPH SAVERI LAW FIRM

13
                                 By:__/s/ Joseph R. Saveri_____
14                               Joseph R. Saveri (State Bar No. 130064)
                                 Lisa J. Leebove (State Bar No. 186705)
15                               James D. Dallal (State Bar No.  277826)
                                 JOSEPH SAVERI LAW FIRM
16                               255 California, Suite 450
                                 San Francisco, CA  94111
17                               Telephone:  (415) 500-6800
                                 Facsimile: (415) 500-6803
18

19                               Eric L. Cramer
                                 BERGER & MONTAGUE, P.C.
20                               1622 Locust Street
                                 Philadelphia, PA  19103
21                               Telephone:  (800) 424-6690
                                 Facsimile:  (215) 875-4604
22

23                               Linda P. Nussbaum
                                 Peter A. Barile III
24                               GRANT & EISENHOFER P.A.
                                 485 Lexington Avenue, 29th Floor
25                               New York, NY  10017
                                 Telephone:  (646) 722-8500
26                               Facsimile:  (646) 722-8501

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joshua P. Davis
University of San Francisco School of Law
2130 Fulton Street
San Francisco, CA  94117-1080
Telephone:  (415) 422-6223
Facsimile:  (415) 422-6433

MOTION FOR ORDER COMPELLING DEFENDANTS
TO COMPLY WITH LOCAL RULES
MASTER CASE NO. 11-CV-2509-LHK