Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Joseph P. Forderer (State Bar No. 278774)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James D. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co-Lead Counsel for Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-11 FOR AN EVIDENTIARY HEARING ON CLASS CERTIFICATION ISSUES** |

## I. INTRODUCTION

Plaintiffs oppose Defendants' Administrative Motion for an Evidentiary Hearing. Although the determination of what will assist the Court resides squarely within the Court's discretion, Plaintiffs respectfully submit that a full-blown evidentiary hearing is unnecessary and unduly burdensome. Furthermore, Defendants' Motion is repetitive of a prior request from Defendants that the Court already considered and declined in setting the case management schedule.

## II. ARGUMENT

The requested evidentiary hearing is unnecessary. In the context of a class certification argument, it is far more efficient to rely on written submissions of witness sworn testimony than to present witnesses in Court to repeat what they said live. An evidentiary hearing in this case would not be "an effective use of both judicial and party resources" and there is a risk the hearing may result "in a lengthy, expensive, and unnecessary preview of the trial." *See* 32-23P MOORE'S FEDERAL PRACTICE – CIVIL § 23.353. Because the methodological issues raised by the experts have been and will be adequately explored by the parties' expert reports, briefing, and depositions, the Court should simply rule on the papers submitted. *See* 4-702 WEINSTEIN'S FEDERAL EVIDENCE § 702.02 n. 70 (2012) ("If bases for expert testimony adequately revealed in record, no need for pretrial reliability hearing") (citing *Oddi v. Ford Motor Co.*, 234 F.3d 136, 155 (3d Cir. 2000)); *see also* 32-23P MOORE'S FEDERAL PRACTICE - CIVIL § 23.353 (citing Margaret A. Berger, *Procedural Paradigms for Applying the Daubert Test*, 78 MINN. L. REV. 1345, 1373-75(1994)) ("The court may not need to hear testimony from the experts if the methodological issues have been adequately explored at depositions")).

Defendants argue that "[a]n evidentiary hearing would force the experts to justify their methodologies" and "confront contradictions in their work." (Defs.' Admin. Mot. 3, Dkt. No. 213). However, Dr. Leamer was already deposed by defense counsel for nearly nine hours on the record—any "confrontation" envisioned by Defendants should have already occurred. Furthermore, Defendants do not identify a single unexplored avenue of "confrontation" that would justify yet more testimony from Dr. Leamer, especially considering the time, money, and

1  resources that would be required.   Direct and cross-examination of the parties' experts, combined
2  with oral argument on the motion, could easily consume significantly more time than the Court
3  has already allotted.

4    Finally, Defendants' request should also be rejected as duplicative of a request already
5  considered by this Court.  At the June 4, 2012 Case Management Conference, defense counsel
6  raised their interest in having an evidentiary hearing in connection with class certification.  The
7  Court expressed skepticism about the necessity of such a hearing and ultimately did not schedule
8  one.[1]  A trial court has wide discretion and "considerable leeway" in deciding "whether or when
9  [a] special briefing or other proceedings are needed to investigate reliability."  *Kumho Tire Co. v.*
10 *Carmichael*, 526 U.S. 137, 152 (1999); *see also Teamsters Local 445 Freight Div. Pension Fund*
11 *v. Bombardier, Inc.*, 546 F.3d 196, 204 (2d Cir. 2008) (affirming district court's decision not to
12 hold an evidentiary hearing on a motion for class certification and finding that "district courts
13 retain ample discretion to limit discovery and the extent of the hearing on Rule 23 issues in order
14 to assure that a class certification motion does not become a pretext for a partial trial of the
15 merits") (internal quotation marks and citations omitted);  *United States v. Alatorre*, 222 F.3d

---

[1]  "MR. TUBACH [for Defendants]: IF THE COURT'S SCHEDULE PERMITS, WE HOPE THE COURT COULD SET ASIDE SOME TIME FOR A SUBSTANTIAL HEARING ON THE CLASS CERT MOTION.  WE DO THINK THAT'S A VERY SIGNIFICANT MOTION WE WANT TO HAVE HEARD.  IF THAT NEEDS TO MOVE BY A DAY ONE WAY OR THE OTHER, IF THAT HELPS THE COURT AT ALL IN SCHEDULING -- WE DO THINK IT WOULD BE HELPFUL, FOR INSTANCE, FOR THE COURT TO HEAR LIVE TESTIMONY FROM THE EXPERTS.  IT'S INCREDIBLY HELPFUL IN SORTING THROUGH ALL OF THESE DIFFICULT ISSUES.
    THE COURT:  I DON'T KNOW IF THAT WOULD BE NECESSARY.  IT CAN'T BE SUFFICIENTLY REPRESENTED IN THEIR DECLARATIONS?
. . .
    MR. SAVERI [for Plaintiffs]: YOUR HONOR, MY – MY EXPERIENCE HAS BEEN THAT THE COURTS DO NOT NEED TO TAKE UP THE TIME WITH THEIR SCHEDULE TO TURN IT INTO AN ALL DAY EVIDENTIARY HEARING WITH – GIVEN THE SCOPE OF THE COURT'S WORK LOAD. AND THIS IS AKIN TO A BENCH TRIAL AND A LOT OF BENCH TRIALS ARE SUBMITTED JUST BASED ON WRITTEN TESTIMONY. THERE'S NO NEED FOR CROSS-EXAMINATION.  AND SO IT'S REALLY UP TO YOU, YOUR HONOR,  BUT MY EXPERIENCE HAS BEEN THAT HAVING WITNESSES DOESN'T REALLY ADD ANYTHING. IT JUST TAKES MORE TIME. IT'S REALLY UP TO YOU, YOUR HONOR, OBVIOUSLY TO -- ABOUT HOW YOU WANT TO PROCEED, BUT I DON'T THINK THERE'S ANY -- HAVING DONE THIS A NUMBER OF TIMES, I DON'T THINK THERE'S ANY REAL VALUE OTHER THAN TAKING UP EVERYBODY'S TIME AND  EXPENSE." Tr. of June 4, 2012 Case Mgmt. Conf. (Dkt. Nos. 148, 149) 53:21-54:9; 56:1-19.

1098, 1101-02 (9th Cir. 2000) (finding that "the trial court must be afforded wide latitude both in deciding whether to admit expert testimony and in deciding how to test reliability" and affirming district court decision denying request for a hearing, holding that a pre-trial *Daubert* hearing is not required); 32-23P MOORE'S FEDERAL PRACTICE - CIVIL § 23.353 (2012). Plaintiffs respectfully submit that the Court has properly used its discretion to deny Defendants' request, and that it should confirm that decision by denying Defendants' Administrative Motion for an Evidentiary Hearing.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Administrative Motion for an Evidentiary Hearing.

Dated: November 16, 2012

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Brendan P. Glackin*

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Joseph P. Forderer (State Bar No. 278774)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James D. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co-Lead Counsel for Plaintiff Class*