BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
FRANK M. HINMAN (SBN 157402)
SUJAL J. SHAH (SBN 215230)
SUSAN J. WELCH (SBN 232620)
FRANK BUSCH (SBN 258288)
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donn.pickett@bingham.com
frank.hinman@bingham.com
sujal.shah@bingham.com
susan.welch@bingham.com
frank.busch@bingham.com

Attorneys for Defendant INTEL CORPORATION

ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

Attorneys for Defendant PIXAR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS. | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION** |

# I. INTRODUCTION

The Supreme Court requires district courts to act as "gatekeepers" to ensure that only reliable and relevant expert testimony is admitted. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993). Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("*Daubert* motion") argues that Leamer's testimony - offered to support certification of a class of tens of thousands - is unreliable and irrelevant.[1] (Dkt. 210) Plaintiffs' argument that the *Daubert* motion is improper is unfounded. To the contrary, as noted in Defendants' Request for an Evidentiary Hearing (Dkt. 213), courts in this Circuit and others have regularly followed guidance in *Wal-Mart Stores v. Dukes,* 131 S. Ct. 2541, 2553-54 (2011), to resolve *Daubert* motions at the class certification stage. *See*, *e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983-84 (9th Cir. 2011) (Costco "filed three separate motions to strike Plaintiffs' experts" under *Daubert*); *American Honda Motor Co. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010) ("Honda moved to strike the report [of plaintiffs' class certification expert] pursuant to *Daubert*"); *Tietsworth v. Sears, Roebuck & Co.*, 5:09-CV-00288-JF, 2012 U.S. Dist. LEXIS 62956, *21 n. 5 (N.D. Cal.) (*Ellis* requires *Daubert* analysis at class certification stage). Where, as here, a *Daubert* analysis is required, a court "has no discretion to avoid performing" one, or to do so on a truncated record. *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223, 1228-29 (10th Cir. 2003) (pre-trial); *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 812-13, 826 (7th Cir. 2012) ("When an expert's report or testimony is 'critical to class certification,'" reversible error to decide certification without ruling on *Daubert* motion); *Ellis*, 657 F.3d at 982 (requiring full *Daubert* analysis on class certification).

# II. ARGUMENT

### A. A *Daubert* Motion Is The Well-Accepted Way To Challenge the Admissibility of an Expert's Opinions On Class Certification In Antitrust Cases

---

[1] Plaintiffs' description of the *Daubert* motion is inaccurate. It does not "simply summarize[ ] at length various criticisms offered by [Defendants'] expert, Dr. Murphy." It relies mostly on Leamer's admissions at deposition of his lack of knowledge of any market facts that support his opinions (Motion, Argument A), his own published criticisms of the unsound statistical methodologies he used here (Argument B), and his concessions that his analyses are highly subjective and cannot support his opinions in any event. (Argument C).

A *Daubert* motion is the standard, well-accepted way to challenge the admissibility of expert testimony in antitrust cases, whether on class certification or otherwise, in this District and elsewhere, and before and after the 2010 change to Local Rule 7-3.  *See*, *e.g.*, *Ralston v. Mortgage Investors Group*, No. 5:08-CV-00536-JF, 2011 U.S. Dist. LEXIS 138149, *3 (N.D. Cal.) (granting "independent motions to exclude expert testimony and reports" relating to class certification under *Daubert*); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-MD-01827-SI, 2012 U.S. Dist. LEXIS 21696, *53 (N.D. Cal.) (ruling on *Daubert* motion related to class decertification motion); *Perez v. State Farm Mut. Auto. Ins. Co.*, No. 5:06-CV-01962-JW, 2011 U.S. Dist. LEXIS 155921, *4 (N.D. Cal.) (same).  Defendants are aware of no case applying Local Rule 7-3(a)'s requirement that "any evidentiary and procedural objections to [a] motion must be contained within the brief or memorandum" to bar a *Daubert* motion under the present circumstances.

In *Apple v. Samsung*, this Court denied without prejudice a *Daubert* motion under Rule 7-3(a) at the preliminary injunction stage.  In that case, "[w]ith leave of the Court, Samsung filed a 40-page opposition memorandum that included none of the evidentiary objections presented in Samsung's separate [24-page] motion to exclude." *Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 5:11-CV-1846-LHK, 2011 U.S. Dist. LEXIS 139049, *11-12 (N.D. Cal.).  Defendants believe the circumstances here are different in important ways.  First, Ninth Circuit law requires resolution of *Daubert* challenges at the class certification stage.  *See Ellis*, 657 F.3d at 982.  By comparison, in denying Samsung's *Daubert* motion, the Court expressly noted that it had "discretion to consider evidence even if it would be inadmissible at trial" in ruling on a preliminary injunction motion, and therefore "would have had other grounds to deny Samsung's objection to the [expert's] testimony" regardless of Rule 7-3.  Second, Defendants' 25-page opposition brief was not already the subject of a page extension and it does include evidentiary objections to Leamer's testimony.  (Dkt. 209, at 3, 23)  Defendants acknowledge that the better course would have been to seek the Court's approval in advance.  But they had no intent to act contrary to the Rule's letter or spirit or to this Court's rulings.  *See also Villa v. United Site Servs. of Cal., Inc.,* 5:12-CV-00318-LHK, 2012 U.S. Dist. LEXIS 162922, *2, n.1, 46 (N.D. Cal.) (declining to consider separately filed objections to declarations but ruling on separate

motion to strike); *Abaxis, Inc. v. Cepheid*, 5:10-CV-02840-LHK, 2012 U.S. Dist. LEXIS 100530, *2-4, 12-13 (N.D. Cal.) (granting in part motion to exclude filed in connection with summary judgment opposition).

Should the Court find any relief appropriate, Defendants respectfully suggest that the Court adopt Plaintiffs' first alternative remedy: a 22-page extension for Plaintiffs to file a combined response to the *Daubert* motion and class certification reply on the current schedule, with no further briefing. If the Court prefers, Defendants will re-file a consolidated class certification opposition and *Daubert* motion, and would request 40 pages to do so.[2] Any other relief is unwarranted and would be highly prejudicial to Defendants.

**B.    The Court Should Fully Consider The Arguments Set Forth in Defendants'**
***Daubert* Motion in Deciding Class Certification**

First, under any circumstances, the Court must rule on defendants' *Daubert* challenge - which is asserted in their opposition memorandum as well as in the separate *Daubert* motion - and may and should consider the *Daubert* brief in doing so. *See Miranda v. Southern Pac. Transp.*, 710 F.2d 516, 521 n.2 (9th Cir. 1983) (district courts have discretion to excuse local rule violations). Defendants' 22-page *Daubert* motion contains concise arguments based on Leamer's 77-page report and 474-page deposition. Moreover, Plaintiffs are not prejudiced. Defendants have offered to extend Plaintiffs' time to respond to the *Daubert* motion (*see* Hinman Decl., ¶ 2) or, alternatively, agree to their alternative briefing proposal. *See In re Online DVD Rental Antitrust Litig.*, No. 4:2009-MD-02029-PJH, 2011 U.S. Dist. LEXIS 150312, *82 (N.D. Cal.) (allowing separate evidentiary objections because opposing party "has not been unduly prejudiced by the filing of the motions, and has taken the opportunity to respond"). Plaintiffs' claim that the *Daubert* motion "in theory" would require a "new and separate declaration" from Leamer is unfounded. Mot. at 3. His Report and sworn testimony about it stand or fall on their merits; he does not get a second try, regardless of the form of objection to his testimony.

Second, Defendants have raised serious questions about Leamer's opinions' lack of

---

[2] If directed, Defendants will move for leave to file the *Daubert* motion or, alternatively, a 40-page opposition brief containing the *Daubert* arguments.

1. reliability and "fit" with the relevant facts. *See Daubert*, 509 U.S. at 591. Plaintiffs' request to disregard the *Daubert* motion because of the form in which the evidentiary objection is made would vitiate Defendants' right under *Daubert*, *Dukes*, and *Ellis* to have those questions resolved based on a complete exposition of the issues, in a way that informs the Court's "gatekeeping" duties. *See also* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.").

Third, unlike the cases Plaintiffs cite (Mot. at 2), these are not boilerplate evidentiary objections.[3] The *Daubert* motion explains that Leamer's opinions suffer from pervasive methodological flaws and analytical gaps, and applies extensive authority from the Supreme Court, Ninth Circuit, this District, and other courts. Those significant legal issues are worthy of complete briefing. It is telling that Plaintiffs wish to avoid that.

Fourth, Plaintiffs' other complaints are inconsequential. They argue against themselves that the *Daubert* motion has the wrong caption because Leamer's Report is not "a pleading." Mot. at 3. Under Plaintiffs' semantics, Rule 7-3(a), which applies only to "evidentiary and procedural objections to the motion," does not apply because the Leamer Report certainly is not a "motion." *See also Ralston*, 2011 U.S. Dist. LEXIS 138149 at n. 53 (*Ellis* held "the *Daubert* standard [w]as 'correctly applied' to a party's motion to strike expert testimony at class certification"); *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 291, 315 (N.D. Cal. 2010) (striking declarations). In any event, Defendants take no issue with Plaintiffs' contention that "a Court should disregard inadmissible evidence, not strike it from the record." Mot. at 3 (citation

---

[3] Plaintiffs' cases involve repetitive, form objections such as lack of personal knowledge and foundation, "inconsistent with prior statements," hearsay, best evidence, and "waste of time"; or to a failure to disclose witnesses under Rule 26(a)(1)(A). *See Villa*, 2012 U.S. Dist. LEXIS 162922, *2, n.1; *Adams v. Kraft*, 828 F. Supp. 2d 1090, 1100 (N.D. Cal. 2011); *Johnson v. Lockheed Martin Corp.*, No. 5:11-CV-01140-LHK, 2012 U.S. Dist. LEXIS 99187, *9-10 (N.D. Cal.); *Yates v. Delano Partners, LLC*, No. 4:10-CV-03073-CW, 2012 U.S. Dist. LEXIS 149708, *4-5 n.2 (N.D. Cal.); *Gauntlett v. Ill. Union Ins. Co.*, No. 5:11-CV-00455-EJD, 2012 U.S. Dist. LEXIS 131086, *30 n.4 (N.D. Cal.); *Oak Point Partners, Inc. v. Lessing*, No. 5:11-CV-03328-LHK, 2012 U.S. Dist. LEXIS 133407, *3 n.2 (N.D. Cal.). Examples of the objections at issue in each case are Exhibits A-E to the Hinman Declaration. *See id.*, ¶ 4.

1  omitted); *cf. Miller v. Transamerican Press*, 709 F.2d 524, 527 (9th Cir. 1983) ("'nomenclature
2  is not controlling.' The court will construe [Rule 59(e) motion], however styled, to be the type
3  proper for the relief requested.") (citation omitted); *Snyder v. Smith*, 736 F.2d 409, 419 (7th Cir.
4  1984) ("The Federal Rules are to be construed liberally so that erroneous nomenclature in a
5  motion does not bind a party at his peril.").

### C. Defendants' Brief Uses 12-point Proportional Font As L.R. 3-4(c)(2) Requires

Finally, Defendants' opposition brief complies with the local rules regarding typeface. The brief uses 12-point, proportionally spaced Garamond font. Local Rule 3-4(c)(2) allows proportionally spaced standard font "e.g., Times New Roman". Thus, Times New Roman is expressly *an example* of an allowable font. If *only* Times New Roman were permitted, the rule easily could, and Defendants believe would, say that.[4] Plaintiffs cite no authority for their argument, and Defendants are aware of none. Defendants did not violate the rule and, contrary to Plaintiffs' suggestion, certainly had no "purpose" (Mot. at 5) to evade it. *See* Hinman Decl., ¶ 3. If the Court prefers, Defendants will re-file a substantively identical 25-page opposition in Times New Roman font.

## III. CONCLUSION

Leamer's opinions in support of Plaintiffs' extraordinary class certification request raise, by his own admissions, serious reliability and relevance questions. The *Daubert* motion should be decided on its merits, not brushed aside based on its form. If the Court finds that any relief is required, Plaintiffs should be allowed a page extension to file one final brief on December 10.

---

[4] *See*, *e.g.*, Sup. Ct. R. 33.1(b) ("The text of every booklet-format document, including any appendix thereto, shall be typeset in Century family (e.g., Century Expanded, New Century Schoolbook, or Century Schoolbook) 12-point type with 2-point or more leading between lines."); Conn. Prac. Book §§ 66–3 ("Only the following two typefaces, of 12 point or larger size, are approved for use in motions: arial and univers"); Fl. R. App. P. 9.210(a)(2) ("briefs shall be filed in either Times New Roman 14-point font or Courier New 12-point font").

| | | |
|---|---|---|
| 1 | Dated: November 19, 2012 | BINGHAM McCUTCHEN LLP |
| 2 | | |
| 3 | | By:    /s/_____ |
| 4 | | Frank M. Hinman |
| 5 | | Donn P. Pickett |
| | | Frank M. Hinman |
| 6 | | Sujal J. Shah |
| | | Susan J. Welch |
| 7 | | Frank Busch |
| | | Three Embarcadero Center |
| 8 | | San Francisco, CA  94111 |
| | | Telephone:  (415) 393-2000 |
| 9 | | Facsimile:   (415) 393-2286 |
| 10 | | *Attorneys for Defendant INTEL CORPORATION* |
| 11 | Dated:  November 19, 2012 | COVINGTON & BURLING LLP |
| 12 | | |
| 13 | | By:    /s/_____ |
| | | Emily Johnson Henn |
| 14 | | Robert T. Haslam, III |
| | | Emily Johnson Henn |
| 15 | | 333 Twin Dolphin Drive, Suite 700 |
| | | Redwood City, CA  94065 |
| 16 | | Telephone:  (650) 632-4700 |
| 17 | | Deborah A. Garza |
| | | Thomas A. Isaacson |
| 18 | | 1201 Pennsylvania Avenue, NW |
| | | Washington, DC  20004 |
| 19 | | Telephone:  (202) 662-6000 |
| 20 | | *Attorneys for Defendant PIXAR* |

| | | |
|---|---|---|
| 1 | Dated: November 19, 2012 | JONES DAY |

By:  /s/ _____
           David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: November 19, 2012   JONES DAY

By:  /s/ _____
           Robert A. Mittelstaedt

Robert A. Mittelstaedt
Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

Catherine T. Zeng
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    (650) 739-3939
Facsimile:     (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

| | | |
|---|---|---|
| 1 | Dated: November 19, 2012 | MAYER BROWN LLP |

By:  /s/ _____
                Lee H. Rubin

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:  (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: November 19, 2012        O'MELVENY & MYERS LLP

By:  /s/ _____
                Michael F. Tubach

George Riley
Michael F. Tubach
Lisa Chen
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated: November 19, 2012        KEKER & VAN NEST LLP

By:  /s/ _____
                Daniel Purcell

John W. Keker
Daniel Purcell
Eugene M. Page
Paula L. Blizzard
710 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 381-5400
Facsimile:  (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

1  **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in
2  the filing of this document has been obtained from all signatories.

3

4                               /s/ Frank M. Hinman
5                                   Frank M. Hinman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28