BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
FRANK M. HINMAN (SBN 157402)
SUJAL J. SHAH (SBN 215230)
SUSAN J. WELCH (SBN 232620)
FRANK BUSCH (SBN 258288)
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donn.pickett@bingham.com
frank.hinman@bingham.com
sujal.shah@bingham.com
susan.welch@bingham.com
frank.busch@bingham.com

Attorneys for Defendant INTEL CORPORATION

ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

Attorneys for Defendant PIXAR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS. | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF FRANK M. HINMAN IN OPPOSITION TO ADMINISTRATIVE MOTION** |

1   I, Frank M. Hinman, declare:

2   1.  I am a partner at Bingham McCutchen, counsel to Intel Corporation in this matter. I have personal knowledge of the facts stated in this declaration and, if called, could and would testify competently to them.

5   2.  It is not clear what point Mr. Glackin is trying to make in paragraph 2 of his Declaration regarding the briefing schedule and our discussions on November 14. The only reason Defendants may have "envisioned" that Plaintiffs would respond to the *Daubert* motion along with their class certification reply, and that Defendants would then have a further reply on the *Daubert* motion, is that we were willing to double the time Plaintiffs would have to respond from two weeks to four. Under the normal briefing schedule on the *Daubert* motion, both the opposition and reply would be due *before* Plaintiffs' class certification reply. Mr. Tubach and I explained that fact in one of our conversations with Plaintiffs that day. When Plaintiffs said they didn't want Defendants to have "the last word," we offered them additional time to oppose the *Daubert* motion (until November 29, later extended to December 3), and agreed that Defendants would file a reply brief *at the same time* as Plaintiffs' reply on class certification (December 10). Thus, under both the normal briefing schedule and Defendants' proposed briefing schedule, Defendants would not have had the last word, and all briefing related to class certification would still have been completed by December 10, as the Court's schedule contemplates. As we explained to Plaintiffs, Defendants did not know we would be filing a *Daubert* motion when the schedule was set, because we could not have known that Dr. Leamer's opinions, as expressed in his report and October 26 deposition testimony, would fail to meet the standards for admissibility. Finally, with respect to *Ellis*, I stated that the Ninth Circuit opinion and the other cases cited in Defendants' Request for an Evidentiary Hearing support the fact that a *Daubert* motion is the way that *Daubert* challenges are typically and properly brought. In my experience that is how they are always brought.

26   3.  For the class certification opposition brief, the first draft and every draft of which I am aware, and there were many, were written in Garamond font.

28

4. Attached as Exhibits A-E are true and correct copies of evidentiary objections at issue in the cases cited in Plaintiffs' brief, obtained from the Court's Electronic Case Filing System:

    a. Exhibit A: *Adams v. Kraft*, No. 5:10-CV-00602-LHK, docket number 144;

    b. Exhibit B: *Johnson v. Lockheed Martin Corp.*, No. 5:11-CV-01140-LHK, docket number 34;

    c. Exhibit C: *Yates v. Delano Partners, LLC*, No. 4:10-CV-03073-CW, docket number 79, a representative example of the objections at issue;

    d. Exhibit D: *Gauntlett v. Ill. Union Ins. Co.*, No. 5:11-CV-00455-EJD, docket number 39; and

    e. Exhibit E: *Oak Point Partners, Inc. v. Lessing*, No. 5:11-CV-03328-LHK, docket number 40, a representative example of the objections at issue.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Francisco, California on November 19, 2012.

            __/s/ Frank M. Hinman_____
                Frank M. Hinman