# Exhibit A

# *Adams v. Kraft*, No. 5:10-CV-00602-LHK

# Docket number 144

1    KAMALA D. HARRIS
Attorney General of California
2    JOHN P. DEVINE
Supervising Deputy Attorney General
3    DANIEL B. ALWEISS
Deputy Attorney General
4    State Bar No. 191560
     455 Golden Gate Avenue, Suite 11000
5      San Francisco, CA 94102-7004
     Telephone: (415) 703-1276
6      Fax: (415) 703-5480
     E-mail: Daniel.Alweiss@doj.ca.gov
7    *Attorneys for California State Park Rangers Kraft,
Hauck, Best, and Lingenfelter*

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

| | |
|---|---|
| 13   **BERRY LYNN ADAMS,** | C10-00602 LHK |
| 14            Plaintiff, | **OBJECTIONS TO EVIDENCE** |
| 15     v. | **OFFERED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| 16   **DANIEL L. KRAFT, PHILLIP HAUCK,** | Date:       October 20, 2011 |
| 17   **KIRK LINGENFELTER, K. P. BEST,** | Time:       1:30 P.M. |
| 18            Defendants. | Courtroom: 4 |

13 **BERRY LYNN ADAMS,**

          Plaintiff,

15      v.

16 **DANIEL L. KRAFT, PHILLIP HAUCK, KIRK LINGENFELTER, K. P. BEST,**

          Defendants.

C10-00602 LHK

**OBJECTIONS TO EVIDENCE OFFERED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Date:        October 20, 2011
Time:        1:30 P.M.
Courtroom:   4
Judge       The Honorable Lucy H. Koh
Trial Date:    November 14, 2011
Action Filed:   February 10, 2010

19

20      Defendants object to the following evidence submitted by Adams in opposition to

21 Defendants' summary judgment motion.

22                     **DECLARATIONS**

23      "An affidavit or declaration used to support or oppose a motion must be made on personal

24 knowledge, set out facts that would be admissible in evidence, and show that the affiant or

25 declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4), FRE 602 and

26 702. "'Personal knowledge' means a present recollection of an impression derived from the

27 exercise of the witness' own senses." FRE §702, Law Revision Commission Comment, citing 2

28 Wigmore, Evidence § 657 at 762 (3d ed. 1940).

1

Matters in a declaration must be known to the declarant personally, as distinguished from matters which are opinion or hearsay. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). "Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006), citation omitted. "Accordingly, at the summary judgment stage, statements of mere belief in an affidavit must be disregarded." *Id.*, internal quotation omitted.

"[H]earsay evidence in Rule 56 affidavits is entitled to no weight." *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir.1980), internal bracket omitted. "[H]earsay evidence is inadmissible and may not be considered by this court on review of a summary judgment." *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir.1980), internal quotes omitted.

**1.    Objections to Declaration of Jeremy Evans**

There is no showing of personal knowledge for numerous assertions, much of this declaration is based on opinion and belief, and relies on inadmissible hearsay. Further, this declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a condition precedent to admissibility." FRE 901(a).

-"Berry did not have a 12 pack case of beer in his Jeep." (Evans Dec. at 2:1-2.) There is no showing that the declarant ever looked inside the jeep in the first place or had any percipient knowledge of what was inside the jeep. This is also the exact same statement attributed to declarant Ryan Dunlap.

-"It was clear that Berry forced Best to rescind the ticket due to the overwhelming eyewitness evidence." (Evans Dec. at 2:12-13.) This is pure opinion testimony and is based on the declarant's speculation.

-Paragraph No. 5, lines 15-19, related to being present when Kraft and Callison went into the ocean. The declarant cannot specify a date, time or location that he claims to have seen this event. This is also the exact same statement attributed to declarant Jared Valdez.

///

2

1        -Paragraph No. 6, lines 20-27, related to singling Adams out for negative

2  treatment. The declarant speculates that what he saw was Adams being singled out, however,

3  there is no foundational showing that he has seen Best and Kraft's treatment of all other people.

4  The declarant speculates Adams was singled out for punishment but fails to indicate what this

5  punishment was or that he actually witnessed this punishment. The declarant also provided his

6  information and belief that Adams was retaliated against for his negative comments. The

7  declarant did not perceive these events.

8        -Paragraph No. 7, line 28, page 3, lines 1-19, related to singling Adams out for

9  negative treatment. The declarant bases much of this paragraph on his belief and opinion.

10       All statements attributed to Adams, Best, unidentified rangers and what the declarant

11  claims he "heard" are inadmissible hearsay and should be stricken.

12    **2.    Objections to Declaration of Ryan Dunlap**

13       There is no showing of personal knowledge for numerous assertions, much of this

14  declaration is based on opinion and belief, and relies on inadmissible hearsay. Further, this

15  declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a

16  condition precedent to admissibility." FRE 901(a).

17       -"Berry did not have a 12 pack case of beer in his Jeep." (Dunlap Dec. at 2:1-

18  2.) There is no showing that the declarant ever looked inside the jeep in the first place or had any

19  percipient knowledge of what was inside the jeep. This is also the exact same statement

20  attributed to declarant Jeremy Evans.

21       -Paragraph No. 5, lines 8-16, related to singling Adams out for negative

22  treatment. The declarant speculates that what he saw was Adams being singled out, however,

23  there is no foundational showing that he has seen Best and Kraft's treatment of all other people.

24  The declarant speculates Adams was singled out for punishment but fails to indicate what this

25  punishment was or that he actually witnessed this punishment. The declarant also provided his

26  information and belief that Adams was retaliated against for his negative comments. The

27  declarant did not perceive these events.

28  ///

3

1    All statements attributed to Adams, Best, unidentified rangers and what the declarant

2    claims he "heard" are inadmissible hearsay and should be stricken.

3        **3.    Objections to Declaration of Jared Valdez**

4        There is no showing of personal knowledge for numerous assertions, much of this

5    declaration is based on opinion and belief, and relies on inadmissible hearsay.  Further, this

6    declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a

7    condition precedent to admissibility."  FRE 901(a).

8        -Paragraph No. 2, lines 26-28, page 2, lines 1-2, related to being present when

9    Kraft and Callison went into the ocean.  The declarant cannot specify a date, time or location that

10   he claims to have seen this event.  This is also the exact same statement attributed to declarant

11   Jeremy Evans.

12       -Paragraph No. 3, lines 3-10, related to singling Adams out for negative

13   treatment.  The declarant speculates that what he saw was Adams being singled out, however,

14   there is no foundational showing that he has seen Best and Kraft's treatment of all other people.

15   The declarant speculates Adams was singled out for punishment but fails to indicate what this

16   punishment was or that he actually witnessed this punishment.  The declarant also provided his

17   information and belief that Adams was retaliated against for his negative comments.  The

18   declarant did not perceive these events.

19       -Paragraph No. 7, line 28, page 3, lines 1-19, related to singling Adams out for

20   negative treatment.  The declarant bases much of this paragraph on his belief and opinion.  The

21   declarant did not perceive these events.

22       All statements attributed to Adams, Best, unidentified rangers and what the declarant

23   claims he "heard" are inadmissible hearsay and should be stricken.

24       **4.    Objections to Declaration of Gavin Nelson**

25       There is no showing of personal knowledge for numerous assertions, much of this

26   declaration is based on opinion and belief, and relies on inadmissible hearsay.  Further, this

27   declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a

28   condition precedent to admissibility."  FRE 901(a).

4

1         -Paragraph No. 2, lines 26-28, page 2, lines 1-2, related to being present when

2    Kraft and Callison went into the ocean. The declarant cannot specify a date, time or location that

3    he claims to have seen this event. This is also the exact same statement attributed to declarant

4    Jared Valdez.

5         -Paragraph No. 3, lines 3-7, related to singling Adams out for negative

6    treatment. The declarant speculates that what he saw was Adams being singled out, however,

7    there is no foundational showing that he has seen Best and Kraft's treatment of all other people.

8    The declarant speculates Adams was singled out for punishment but fails to indicate what this

9    punishment was or that he actually witnessed this punishment. The declarant did not perceive

10   these events.

11        All statements attributed to Adams, Best, unidentified rangers and what the declarant

12   claims he "heard" are inadmissible hearsay and should be stricken.

13       **5.**   **Objections to Declaration of Juan Arias**

14        The declarant cannot competently identify the person who allegedly kicked Adams

15   and relies on inadmissible hearsay. Further, this declaration is unsigned and thus lacks "[t]he

16   requirement of authentication or identification as a condition precedent to admissibility." FRE

17   901(a).

18        -Page 2, lines 2-4, related to the alleged kick. The declarant lacks personal

19   knowledge as to who made the kick and only identified the person as a "Ranger."

20        All statements attributed to Adams, unidentified rangers and what the declarant

21   claims he "heard" are inadmissible hearsay and should be stricken.

22       **6.**   **Objections to Declaration of Angel Huerta**

23        There is no showing of personal knowledge for numerous assertions, much of this

24   declaration is based on opinion and belief, and relies on inadmissible hearsay. Further, this

25   declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a

26   condition precedent to admissibility." FRE 901(a).

27   ///

28   ///

Objections to Evidence Offered in Opp'n Mot. for Summ. J. (C10-00602 LHK)

1        -Paragraph No. 2, lines 26-28, page 2, lines 1-2, related to singling Adams out

2  for negative treatment. The declarant speculates that what he saw was Adams being singled out,

3  however, there is no foundational showing that he has seen Best and Kraft's treatment of all other

4  people. The declarant speculates Adams was singled out for punishment but fails to indicate what

5  this punishment was or that he actually witnessed this punishment. The declarant also provided

6  his information and belief that Adams was retaliated against for his negative comments and ticket

7  issue with Best. The declarant did not perceive these events.

8        All statements attributed to Adams, Best, unidentified rangers and what the declarant

9  claims he "heard" are inadmissible hearsay and should be stricken.

10     **7.**   **Objections to Declaration of Bob Dickie**

11        There is no showing of personal knowledge for numerous assertions, much of this

12  declaration is based on opinion and belief, and relies on inadmissible hearsay. Further, this

13  declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a

14  condition precedent to admissibility." FRE 901(a).

15        -"Berry did not have a 12 pack case of beer in his Jeep." (Dickie Dec. at 2:1-2.)

16  There is no showing that the declarant ever looked inside the jeep in the first place or had any

17  percipient knowledge of what was inside the jeep. This is also the exact same statement

18  attributed to declarant Ryan Dunlap.

19        -"It was clear that Berry forced Best to rescind the ticket due to the

20  overwhelming eyewitness evidence." (Dickie Dec. 2:12-13.) This is pure opinion testimony and

21  is based on the declarant's speculation.

22        -Paragraph No. 5, lines 15-23, related to singling Adams out for negative

23  treatment. The declarant speculates that what he saw was Adams being singled out, however,

24  there is no foundational showing that he has seen Best and Kraft's treatment of all other people.

25  The declarant speculates Adams was singled out for punishment but fails to indicate what this

26  punishment was or that he actually witnessed this punishment. The declarant also provided his

27  information and belief that Adams was retaliated against for his negative comments. The

28  declarant did not perceive these events.

6

1    All statements attributed to Adams, Best, unidentified rangers and what the declarant

2    claims he "heard" are inadmissible hearsay and should be stricken.

3    **8.   Objections to Declaration of Berry Adams**

4    There is no showing of personal knowledge for numerous assertions, much of this

5    declaration is based on opinion and belief, and relies on inadmissible hearsay. Further, this

6    declaration is unsigned and thus lacks "[t]he requirement of authentication or identification as a

7    condition precedent to admissibility." FRE 901(a).

8    All statements attributed to Hauck, Best, Kraft, Lingenfelter, unidentified rangers and

9    what the declarant claims he "heard" are inadmissible hearsay and should be stricken.

10    All statements which reference any events or activities, including Adams's criminal

11    trial, after the date of the arrest are irrelevant, confusion, and not probative of any issue sin this

12    case and should be excluded. FRE 402.

13    All statements which Adams did not perceive, or are based on opinion and belief,

14    should be excluded.

15    **DOCUMENTARY EVIDENCE**

16    "The requirement of authentication or identification as a condition precedent to

17    admissibility is satisfied by evidence sufficient to support a finding that the matter in question is

18    what its proponent claims." FRE 901(a).

19    **1.   Video attached to declaration of Juan Arias should be excluded.**

20    There was no DVD or any physical item attached to the Declaration of Juan Arias,

21    nor was there any Exhibit 1. Adams failed to serve the video attached as Exhibit 1 to the

22    Declaration of Juan Arias. As a matter of fairness, it should be excluded.

23    To the extent this video is the same exact video of what has been produced in

24    discovery, then it should be excluded as inadmissible hearsay, lacks authentication, and is not

25    relevant to issues in this case.

26    This video is inadmissible hearsay. FRE 801. This video depicts oral assertions and

27    nonverbal conduct intended as an assertion, which is offered to prove the truth of what it asserts.

28    Accordingly, under Rule 802 it should be excluded and there is no exception under Rule 803.

7

1    FRE 802 and 803.

2              This video lacks authentication. FRE 901. The alleged video "appears to start and

3    stop at times," and appears heavily edited. Declarant Arias claims "it accurately reflects what

4    happened on June 24, 2009." (Arias Dec. at 2:16.) However, the video Defendants reviewed

5    begins in the middle of Adams's arrest, and only depicts the backsides of various officers and

6    Adams being escorted down the pier. The video fails to depict Adams's behavior at the moment

7    Hauck first made contact with him, the knives Adams had on his belt, Adams's behavior prior to

8    being taken into custody, Adams yelling at Hauck, and fails to show the alleged "kick" of his

9    right hand. The video reviewed is not an accurate reflection of "what happened on June 24,

10   2009," and only has non-sequential select events which are immaterial to this case.

11             This video is not relevant and is a waste of court resources. This video is not relevant

12   to the key issues in this case related to excessive force. FRE 401. At no point does this video

13   show a clear depiction of Adams's physical behavior, his movements, or his yelling. It is

14   impossible to tell from this video what, if anything, Adams is doing. It is also impossible to tell

15   what Hauck or Kraft physically did to Adams, and what they were confronted with. This video is

16   not relevant under Rules 401 and 402. Also, since, this video has little or no sound, does not

17   depict anything said in this case, and appears heavily edited, review of this video will be a waste

18   of court time and resources and thus should be excluded. FRE 403.

19        **2.    Select pages from Adams's criminal trial transcript are inadmissible.**

20             This transcript is inadmissible hearsay. FRE 801. The proffered pages contain oral

21   assertions, which are offered to prove the truth of what they assert. Accordingly, under Rule 802

22   it should be excluded and there is no exception under Rule 803. FRE 802 and 803.

23             This transcript lacks authentication. FRE 901. The offered pages are not sequential

24   and it is unclear who is responding to questions at various points, and there is no showing this

25   testimony was sworn.

26             For example, Adams offers the transcript as Exhibit 1 to the declaration of his

27   attorney Kate Wells. Exhibit 1 begins with the cover page of the Reporter's Transcript for his

28   trial on September 29, 2009. The second page begins at page 137 and continues with select

8

1  pages up to page 226. At no point is the person providing answers identified by name or anything

2  specific besides the letter "A." Further, the context of the offered transcript is unclear. Adams

3  offers statements, taken out of context, which are responsive to subjects discussed in previous

4  pages, not included in Exhibit 1.

5          It is simply impossible to tell from the offered transcript if these were the responses

6  of Hauck and Kraft, and if such testimony was sworn. Accordingly, such transcript lacks

7  authentication.

8          The offered transcript is not relevant and is a waste of court resources. This transcript

9  is not relevant to the key issues in this case related to probable cause and excessive force. FRE

10  401. Adams offers vague statements, taken out of context, for impeachment purposes in an

11  attempt to challenge the credibility of Hauck and Kraft.

12          However, none of these statements contradict any of the declaration testimony offered

13  by Hauck and Kraft. Adams had over a year to depose these officers and failed to do so.

14          Accordingly, this transcript is not relevant under Rules 401 and 402, and spending

15  time authenticating the transcript pages will be a waste of court time and resources, and thus

16  should be excluded. FRE 403.

17

18  Dated: September 29, 2011                    Respectfully submitted,

19                                              KAMALA D. HARRIS
                                                Attorney General of California
20                                              JOHN P. DEVINE
                                                Supervising Deputy Attorney General

21                                              /S/ DANIEL B. ALWEISS

22                                              DANIEL B. ALWEISS
                                                Deputy Attorney General
23                                              Attorneys for California State Park Rangers
                                                Kraft, Hauck, Best, and Lingenfelter
24

25

26

27

28

                                          9

# Exhibit B

# *Johnson v. Lockheed Martin Corp*., No. 5:11-CV-01140-LHK

# Docket number 34

PETER N. LAMBERTO, State Bar No. 061813
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff Marshall Johnson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| MARSHALL JOHNSON, | Case No. **5:11-cv-01140 LHK** |
| Plaintiff, | **Date Action Filed: Feb. 16, 2011**<br>**Date of Trial: Aug. 27, 2012**<br>**Date of Motion: July, 17, 2012** |
| vs. | |
| LOCKHEED MARTIN, and DOES 1-20, | **Objection to All Evidence Offered in**<br>**Support of Defendant's Motion for** |
| Defendants. | **Summary Judgment/Summary**<br>**Adjudication; Request for Issue**<br>**Sanction (Liability) and Costs and**<br>**Fees Against Defendant and**<br>**Counsel;** |

**F.R.Civ.P. 26 (a)(1)(A); (g)(3); Fed.**
**Rules of Evidence 702, 703, 705.**

Plaintiff Marshall Johnson hereby objects to all declarations offered in support of

Defendant's motion herein, on the basis that the Rule 26 (a)(1)(A) duty to disclose all persons

with discoverable information was so substantially violated by defendant and counsel for

defendant through his/her signed Initial Disclosure, and Supplemental Disclosure, that

Plaintiff has been deprived of the right to a fair trial and proper pre-trial discovery. The

persons disclosed did not offer any information about how the particular selection of Plaintiff

occurred for the layoff that is the subject of this case.

The disclosed persons by defendant were Michelle Freeman, Gail Banford, and Holly

Ramirez. (See Ex. A to Lamberto declaration). Discovery finally revealed through the

1   deposition of Gary Bartmann on the day before the close of discovery (March 16, 2012), that

2   the actual decision about whom to lay off was made at a meeting in Denver some time in

3   2009, attended by five persons: Michelle Freeman, Gary Bartmann, Holly Ramirez, someone

4   named Shaeffer, and an unrecalled (by Bartmann) fifth person.

5       At all times relevant herein, upon information and belief, defendant and its counsel

6   knew that Freeman was fighting a reportedly fatal cancer, and had advised defendant and its

7   counsel that she would not participate in this matter, nor give a statement or deposition.  She

8   resides in Florida.

9       Holly Ramirez denied knowing, in her own deposition on October 13, 2011, that she

10  knew how the decision to lay off Plaintiff was made, failing to mention that it was done at a

11  meeting she attended, as referred to above.  (See Ex. B to Lamberto declaration.)  Susan Gail

12  Banford was not present, and knew nothing about it how the decision was arrived at or made.

13  When discovery parameters were set by the court, Plaintiff did not realize it was going to take

14  six months to determine who the real witnesses were, at the close of discovery.

15      An effort to extend the discovery cutoff so Plaintiff could depose Shaeffer and

16  compare his testimony to the proliferation of Bartmann declarations, was met with a refusal

17  by **defendant**, which communicated the decision through counsel.

18      Finally, Plaintiff has been denied adequate discovery through the intentional

19  misdirection of defendant and counsel for defendant through their affirmative signatures on

20  the disclosures.  Defendant now asserts that layoffs were not determined on the announced

21  criteria (last 3 year job ratings, years of service, and use of differentiator for ties), but rather on

22  Plaintiff being the odd man out in a "department" that was supposedly comprised of three

23  persons:  himself, Gary Ehle, and Daniel Faria, managed by Gail Banford.  Plaintiff never

24  knew, in 29 years, that he was supposedly in some kind of department (TC3S), with only Ehle

25  and Faria, managed by Banford.  Plaintiff has had virtually no opportunity to explore this

26  assertion by defendant.

27      The court is aware of the gravity of supplying totally useless information to a party

28  pursuant to Rule 26 (a), with the signature of counsel, who has a duty to make sure the

information is accurate.  F.R.CIV.P. Rule 26(g)(3) allows the court to take appropriate action to rectify the damage done to Plaintiff in misdirecting and restricting Plaintiff's discovery into the reasons for his layoff, which he claims were race-based, since defendant has offered no verifiable alternative.

Moreover, not one piece of paper has been produced by defendant in discovery that identifies Plaintiff as a member of a 3 person "department" that supposedly **reported** to Gail Banford, as claimed.

The court certainly has the authority to bar the declarations of Bartmann in particular, and all others offered in support of the motion, based on the conduct of defendant in failing utterly to provide meaningful information per Rule 26(a)(1)(A).  *Falconer v. Penn Mar., Inc.* (2005, DC Me) 232 FRD 37, 63 FR Serv 3rd 434.  Under these circumstances, the court is hereby requested to bar all proof offered by defendant is support of the instant motion, and to grant this request for an Issue Sanction on the issue of defendant's liability on all causes of action herein.

Because the attorney affirmations on the Rule 26 disclosures (initial and supplemental by defendant), Plaintiff also requests sanctions in the form of costs and reasonable attorney's fees for deposing Banford and Rodriguez to find out they knew nothing about how the decision to lay off Plaintiff actually came down.

Dated: July 13, 2012                    Law Office of Peter Lamberto


                                        By: _____
                                             PETER N. LAMBERTO
                                             Attorneys for Plaintiff Marshall Johnson

Plaintiff's Objection to MSJ Evidence, Req. For Sanctions          - 3 -

PETER N. LAMBERTO, State Bar No. 061813
160 West Santa Clara, Suite 1050
San Jose, CA 95113-2311
Telephone: (408) 999-0300
Facsimile: (408) 999-0301

Attorneys for Plaintiff Marshall Johnson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| MARSHALL JOHNSON, | Case No. **5:11-cv-01140 LHK** |
| Plaintiff, | **Date Action Filed: Feb. 16, 2011**<br>**Date of Trial: Aug. 27, 2012**<br>**Date of Motion: July, 17, 2012** |
| vs. | |
| LOCKHEED MARTIN, and DOES 1-20, | **Objection to All Evidence Offered in Support of Defendant's Motion for Summary Judgment/Summary Adjudication; Request for Issue Sanction (Liability) and Costs and Fees Against Defendant and Counsel;** |
| Defendants. | |
| _____ / | **F.R.Civ.P. 26 (a)(1)(A); (g)(3); Fed. Rules of Evidence 702, 703, 705.** |

Plaintiff Marshall Johnson hereby objects to all declarations offered in support of Defendant's motion herein, on the basis that the Rule 26 (a)(1)(A) duty to disclose all persons with discoverable information was so substantially violated by defendant and counsel for defendant through his/her signed Initial Disclosure, and Supplemental Disclosure, that Plaintiff has been deprived of the right to a fair trial and proper pre-trial discovery. The persons disclosed did not offer any information about how the particular selection of Plaintiff occurred for the layoff that is the subject of this case.

The disclosed persons by defendant were Michelle Freeman, Gail Banford, and Holly Ramirez. (See Ex. A to Lamberto declaration). Discovery finally revealed through the

1    deposition of Gary Bartmann on the day before the close of discovery (March 16, 2012), that

2    the actual decision about whom to lay off was made at a meeting in Denver some time in

3    2009, attended by five persons: Michelle Freeman, Gary Bartmann, Holly Ramirez, someone

4    named Shaeffer, and an unrecalled (by Bartmann) fifth person.

5        At all times relevant herein, upon information and belief, defendant and its counsel

6    knew that Freeman was fighting a reportedly fatal cancer, and had advised defendant and its

7    counsel that she would not participate in this matter, nor give a statement or deposition. She

8    resides in Florida.

9        Holly Ramirez denied knowing, in her own deposition on October 13, 2011, that she

10   knew how the decision to lay off Plaintiff was made, failing to mention that it was done at a

11   meeting she attended, as referred to above. (See Ex. B to Lamberto declaration.) Susan Gail

12   Banford was not present, and knew nothing about it how the decision was arrived at or made.

13   When discovery parameters were set by the court, Plaintiff did not realize it was going to take

14   six months to determine who the real witnesses were, at the close of discovery.

15       An effort to extend the discovery cutoff so Plaintiff could depose Shaeffer and

16   compare his testimony to the proliferation of Bartmann declarations, was met with a refusal

17   by **defendant**, which communicated the decision through counsel.

18       Finally, Plaintiff has been denied adequate discovery through the intentional

19   misdirection of defendant and counsel for defendant through their affirmative signatures on

20   the disclosures. Defendant now asserts that layoffs were not determined on the announced

21   criteria (last 3 year job ratings, years of service, and use of differentiator for ties), but rather on

22   Plaintiff being the odd man out in a "department" that was supposedly comprised of three

23   persons: himself, Gary Ehle, and Daniel Faria, managed by Gail Banford. Plaintiff never

24   knew, in 29 years, that he was supposedly in some kind of department (TC3S), with only Ehle

25   and Faria, managed by Banford. Plaintiff has had virtually no opportunity to explore this

26   assertion by defendant.

27       The court is aware of the gravity of supplying totally useless information to a party

28   pursuant to Rule 26 (a), with the signature of counsel, who has a duty to make sure the

information is accurate.  F.R.CIV.P. Rule 26(g)(3) allows the court to take appropriate action to rectify the damage done to Plaintiff in misdirecting and restricting Plaintiff's discovery into the reasons for his layoff, which he claims were race-based, since defendant has offered no verifiable alternative.

Moreover, not one piece of paper has been produced by defendant in discovery that identifies Plaintiff as a member of a 3 person "department" that supposedly **reported** to Gail Banford, as claimed.

The court certainly has the authority to bar the declarations of Bartmann in particular, and all others offered in support of the motion, based on the conduct of defendant in failing utterly to provide meaningful information per Rule 26(a)(1)(A).  *Falconer v. Penn Mar., Inc.* (2005, DC Me) 232 FRD 37, 63 FR Serv 3rd 434.  Under these circumstances, the court is hereby requested to bar all proof offered by defendant is support of the instant motion, and to grant this request for an Issue Sanction on the issue of defendant's liability on all causes of action herein.

Because the attorney affirmations on the Rule 26 disclosures (initial and supplemental by defendant), Plaintiff also requests sanctions in the form of costs and reasonable attorney's fees for deposing Banford and Rodriguez to find out they knew nothing about how the decision to lay off Plaintiff actually came down.

Dated: July 13, 2012                                Law Office of Peter Lamberto


                                                    By: _____
                                                        PETER N. LAMBERTO
                                                        Attorneys for Plaintiff Marshall Johnson

# Exhibit C

## *Yates v. Delano Partners*, LLC, No. 4:10-CV-03073-CW

## Docket number 79

1 GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
2 MICHAEL J. CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
3 Irvine, California 92612
Telephone: (949) 732-6500
4 Facsimile: (949) 732-6501
E-mails: hurleyg@gtlaw.com; chilleenm@gtlaw.com
5

6 Attorneys for Defendants Arthur S. Becker, Trustee of the
Arthur S. Becker Revocable Living Trust and Ralphs Grocery Company
7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

10

11 CRAIG YATES, an individual,                     CASE NO. CV 10-03073-CW

12              Plaintiff,                         **DEFENDANTS ARTHUR S. BECKER,
                                                  TRUSTEE OF THE ARTHUR S. BECKER
13       vs.                                      REVOCABLE LIVING TRUST AND RALPHS
                                                  GROCERY COMPANY'S OBJECTIONS TO
14 DELANO RETAIL PARTNERS LLC, et al.,            THE DECLARATION OF THOMAS E.
                                                  FRANKOVICH IN SUPPORT OF
15              Defendants.                        DEFENDANTS' OPPOSITION TO
                                                  PLAINTIFF'S MOTION FOR SUMMARY
16                                                JUDGMENT

17                                                Date:   October 25, 2012
                                                  Time:   2:00 p.m.
18                                                Ctrm:   2

19                                                Assigned to: Honorable Claudia Wilken
                                                  Trial Date:   None Set
20

21

22

23

24

25

26

27

28

---

OBJECTIONS TO DECLARATION OF THOMAS E. FRANKOVICH                    CASE NO. CV 10-03073-CW
OC 286985147v2

### OBJECTION TO DECLARATION OF THOMAS E. FRANKOVICH

Defendants hereby object to the following portions of the Declaration of Thomas E. Frankovich filed in support of Plaintiff's Motion for Summary Judgment (Dkt. 75-2) as follows:

### EVIDENTIARY OBJECTIONS

| Testimony/Document | Objection | Court's Ruling |
|---|---|---|
| 1. "[A]n Equitable Settlement Agreement and Release relative to this action was entered into between DELANO RETAIL PARTNERS LLC and CRAIG YATES on October 7, 2010." (Frankovich Decl., ¶1.) | Evidence of a Compromise Not Admissible to Prove Liability (Fed. R. Evid. 408); Lacks Foundation (Fed. R. Evid. 104); Lacks Relevance (Fed. R. Evid. 401, 402, 403). | |
| 2. Exhibit A (Equitable Settlement Agreement) in its entirety. | Evidence of a Compromise Not Admissible to Prove Liability (Fed. R. Evid. 408); Inadmissible Hearsay (Fed. R. Evid. 801, 802); Lacks Relevance (Fed. R. Evid. 401, 402, 403); Confusing and Waste of Time (Fed. R. Evid. 403). | |
| 3. "The salient paragraphs of the Equitable Settlement Agreement and Release are as follows: **Equitable Relief** - ¶3 of the Equitable Agreement. As to the equitable relief demanded by YATES, YATES agrees that as consideration for the settlement, DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba | Evidence of a Compromise Not Admissible to Prove Liability (Fed. R. Evid. 408); Inadmissible Hearsay (Fed. R. Evid. 801, 802); Lacks Relevance (Fed. R. Evid. 401, 402, 403); Confusing and Waste of Time (Fed. R. Evid. 403); Document Speaks for Itself. | |

1  DELANO'S MARKET; shall cause

2  modifications to be constructed in

3  compliance with the more restrictive

4  requirements of either Title 24 of the

5  California Building Standards Code or the

6  Americans with Disabilities Act

7  Accessibility Guidelines (ADAAG) of the

8  Americans with Disabilities Act of 1990, 42

9  U.S.C. §12101, et seq. to ensure complying

10  access to the public accommodation known

11  as Delano's Market, located at/near 6333

12  Geary Boulevard, San Francisco, California,

13  and thereafter, to maintain such access as

14  follows:

15      a.  provide directional signage to show

16  the accessible routes of travel to the path(s)

17  of travel to the restrooms;

18      b.  provide the requisite type and

19  number of disabled parking stall(s);

20      c.  provide disabled van accessible

21  parking stall(s);

22      d.  provide handicapped accessible

23  parking signage;

24      e.  provide tow-a-way signage; and

25      f.  provide an accessible interior

26  entrance."  (Frankovich Decl., ¶1.)

27

28

OBJECTIONS TO DECLARATION OF THOMAS E. FRANKOVICH
OC 286985147v2

| 4. "The salient paragraphs of the Equitable Settlement Agreement and Release are as follows: . . . **Completion of Work - ¶**4 of the Equitable Agreement DELANO RETAIL PARTNERS LLC shall complete the modifications to the premises, which shall render the premises fully accessible as set forth herein, by **January 31, 2011**." (Frankovich Decl., ¶1.) | Evidence of a Compromise Not Admissible to Prove Liability (Fed. R. Evid. 408); Inadmissible Hearsay (Fed. R. Evid. 801, 802); Lacks Relevance (Fed. R. Evid. 401, 402, 403); Confusing and Waste of Time (Fed. R. Evid. 403); Document Speaks for Itself. | |
| --- | --- | --- |
| 5. "[P]aragraph 17. Of [sic] the Equitable Agreement bears the signatures of plaintiff CRAIG YATES and Dennis Delano manager/member of DELANO RETAIL PARTNERS LLC." (Frankovich Decl., ¶2.) | Evidence of a Compromise Not Admissible to Prove Liability (Fed. R. Evid. 408); Lacks Relevance (Fed. R. Evid. 401, 402, 403); Confusing and Waste of Time (Fed. R. Evid. 403); Document Speaks for Itself. | |
| 6. "[T]his declarant and attorney Joseph Neri counsel for DELANO RETAIL PARTNERS LLC., drafted this agreement and it bears the names and the parties executing this Agreement." (Frankovich Decl., ¶3.) | Evidence of a Compromise Not Admissible to Prove Liability (Fed. R. Evid. 408); Lacks Relevance (Fed. R. Evid. 401, 402, 403); Confusing and Waste of Time (Fed. R. Evid. 403); Document Speaks for Itself. | |
| 7. Exhibit B (Deposition of Steven C. Becker) in its Entirety. | Plaintiff attached the entire Deposition Transcript and failed to Provide Relevant *Extracts* of Deposition Transcript. *See* L.R. 7-5(a); Lacks Relevance (Fed. R. Evid. 401, 402, 403); Confusing and Waste of Time (Fed. R. Evid. 403); Hearsay (Steven Becker is not a party). | |

1  DATED: September 27, 2012                    GREENBERG TRAURIG, LLP

2

3                                               By /s/ Michael J. Chilleen
                                                   Gregory F. Hurley
4                                                  Michael J. Chilleen
                                                   Attorneys for Defendants Arthur S. Becker, Trustee of the
5                                                  Arthur S. Becker Revocable Living Trust and
                                                   Ralphs Grocery Company
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO DECLARATION OF THOMAS E. FRANKOVICH
OC 286985147v2

# Exhibit D

# *Gauntlett v. Ill. Union Ins. Co.*, No. 5:11-CV-00455-EJD

# Docket number 39

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANE J. ASHLEY, (SBN 073296)
2    E-Mail: ashley@lbbslaw.com
RAQUEL VIDAL (SBN 199597)
3    E-Mail: vidal@lbbslaw.com
221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant ILLINOIS UNION
INSURANCE COMPANY

7

8          **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA**

10

11  DAVID A. GAUNTLETT d/b/a      CASE NO. 11-CV-00455 EJD
GAUNTLETT & ASSOCIATES,
12  a sole proprietorship,         Hon. Edward J. Davila

13         Plaintiff,      **ILLINOIS UNION INSURANCE COMPANY'S OBJECTIONS TO**
14     vs.           **DECLARATION OF ROBERT T. ALANIZ IN OPPOSITION TO**
15  ILLINOIS UNION INSURANCE     **ILLINOIS UNION'S MOTION FOR**
COMPANY, an Illinois corporation,   **SUMMARY JUDGMENT**
16
       Defendant.
17

18                       DATE: April 6, 2012
TIME: 9:00 a.m.
19                       CTRM: 1, 5th Floor

20

21        **OBJECTIONS TO DECLARATION OF ROBERT T. ALANIZ**

22       Defendant Illinois Union Insurance Company ("Illinois Union") submits the

23  following objections to the declaration of Robert T. Alaniz.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**GENERAL OBJECTION**

Illinois Union generally objects to the entire declaration of Mr. Alaniz on the ground that it lacks foundation. Mr. Alaniz's declaration does not provide sufficient facts to establish that he has personal knowledge of the matters set forth in his declaration. Accordingly, Mr. Alaniz's declaration fails to conform to the requirements of Federal Rule of Civil Procedure 56(e), violates Federal Rule of Evidence 602 and should be stricken in its entirety in accordance with United States District Court, Northern District of California, Local Rule 7-5(b).

| DECLARATION | OBJECTION |
|---|---|
| 3. Miriam Tarzi ("Tarzi") was formerly employed by G&A until May 14, 2007. She filed a lawsuit against G&A, styled as *Tarzi v. Gauntlett & Associates, et al.*, Consolidated Superior Courts of California, County of Orange, Central District, Case No. 07-CC-08999 (the "*Tarzi action*") on August 16, 2007. | 3. Lacks foundation. (See General Objection.) |
| 4. In May 2007 G&A employed Talon Executive Services ("Talon"), a computer forensic analysis firm, who arranged for the analysis of a computer that had been used by Tarzi while employed at G&A. The process undertaken on behalf of G&A was for Talon to take and copy the hard drive from Tarzi's computer and inspect it, looking for email and other Internet traffic. | 4. Lacks foundation. (See General Objection.) Irrelevant. |

| DECLARATION | OBJECTION |
|---|---|
| 5. At G&A's direction, a key word search of the hard drive was performed seeking information on any non-business use by Tarzi of the computer. Reports were made by Talon to G&A between May 11 and May 30, 2007. | 5. Lacks foundation. (See General Objection.) Secondary evidence. Irrelevant. |
| 6. The search of Tarzi's Outlook email activity identified e-mails of Tarzi that were not related to any G&A business activity. | 6. Lacks foundation. (See General Objection.) Conclusory. Irrelevant. |
| 7. Analysis of Tarzi's hard drive included preliminary inspection of archived emails that Tarzi later alleged in the *Tarzi* action as having been deleted; this included reconstruction of deleted or partially deleted or overwritten files on her hard drive. The emails that Tarzi alleged as having been deleted were, in fact, reviewed and sometimes reconstructed for that review. Analysis of Tarzi's hard drive also disclosed emails to and from personal web based email accounts of Tarzi. During the preliminary review of the computer files it was observed, for example, that Tarzi's computer had interacted with websites associated with | 7. Lacks foundation. (See General Objection.) Conclusory. Speculative. Irrelevant. |

ILLINOIS UNION'S OBJECTIONS TO DECLARATION OF ROBERT T. ALANIZ IN OPPOSITION TO
ILLINOIS UNION'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DECLARATION | OBJECTION |
|---|---|
| Arman Tarzi (a non-employee) and research had been done to identify and possibly purchase a new website, www.tarzi.org, activity having nothing to do with the business of G&A. | |
| 8. The preliminary analysis by Talon for G&A revealed that there was likely private information on the hard drive and communications of a non-business nature made by Tarzi on the computer. | 8. Lacks foundation. (See General Objection.) Conclusory. Speculative. Irrelevant. |
| 9. Notice of Tarzi's claim was promptly given to defendant National Union and a copy of the Tarzi complaint was provided to National Union on or about September 4, 2007, immediately after service on G&A, On September 27, 2007, National Union denied the defense but never requested any additional information. | 9. Lacks foundation. (See General Objection.) Conclusory. Argumentative. Secondary evidence. |
| 10. After this coverage lawsuit was filed, G&A's attorney served Initial Disclosures on National Union's attorney on April 28, 2011, see **Exhibit "4"** attached. That document discloses the names of witnesses, including David A. Gauntlett and attorneys defending the | 10. Lacks foundation. (See General Objection.) Conclusory. Argumentative. Speculative. |

ILLINOIS UNION'S OBJECTIONS TO DECLARATION OF ROBERT T. ALANIZ IN OPPOSITION TO
ILLINOIS UNION'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DECLARATION | OBJECTION |
|---|---|
| underlying suit as well as documents potentially relevant to the case. Had National Union wished to do so, it could have obtained further information about the forensic investigation of the Tarzi computer from the witnesses or the documents made available to National Union. That inquiry would have disclosed the above information concerning the Tarzi allegations about invasion of privacy raised in her underlying complaint. | |
| 11.   Reports of Talon's activity on behalf of G&A and the results of the preliminary analysis presented by Talon would have been available to the insurer, had it requested that information or had it defended the lawsuit and investigated any claims. | 11.   Lacks foundation. (See General Objection.) Conclusory. Argumentative. Speculative. |
| 12.   Illinois Union's denial letter did not analyze coverage or promise its denial upon review of its express coverage. **Inappropriate employment conduct** pursuant to the following provisions:      **Inappropriate employment conduct** means any actual or alleged: . . . .      3.   Employment-related misrepresentations | 12.   Lacks foundation. (See General Objection.) Conclusory. Argumentative. |

ILLINOIS UNION'S OBJECTIONS TO DECLARATION OF ROBERT T. ALANIZ IN OPPOSITION TO
ILLINOIS UNION'S MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DECLARATION | OBJECTION |
|---|---|
| employee . . .<br><br>6. Employment related libel, slander, defamation of character or any invasion of right of privacy of an employee . . .<br><br>A copy of the September 27, 2007 denial letter of Illinois Union is attached as **Exhibit "3."** | |

DATED: January 20, 2012     LANE J. ASHLEY
RAQUEL VIDAL
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/ *Raquel Vidal*
Raquel Vidal
Attorneys for Defendant
ILLINOIS UNION INSURANCE
COMPANY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE

Case: *Gauntlett, etc., v. Illinois Union, etc.*
U.S.D.C. Case No. 11-CV-00455 EJD

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 20, 2012, I served the following document(s): **ILLINOIS UNION INSURANCE COMPANY'S OBJECTIONS TO DECLARATION OF ROBERT T. ALANIZ IN OPPOSITION TO ILLINOIS UNION'S MOTION FOR SUMMARY JUDGMENT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

David A. Gauntlett, Esq.                     Attorneys for Plaintiff
James A. Lowe, Esq.                          GAUNTLETT & ASSOCIATES
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA 92612
        Tel. No.: (949) 553-1010
        Fax No.: (949) 553-2050
info@gauntlettlaw.com
Jal@gauntlettlaw.com

The documents were served by the following means:

**[X]    (BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 20, 2012, at Los Angeles, California.


                                    ___/s/ Raquel Vidal_____
                                          RAQUEL VIDAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4814-8071-3230.1                                    7                        11-CV-00455 EJD
ILLINOIS UNION'S OBJECTIONS TO DECLARATION OF ROBERT T. ALANIZ IN OPPOSITION TO
ILLINOIS UNION'S MOTION FOR SUMMARY JUDGMENT

# Exhibit E

# *Oak Point Partners, Inc. v. Lessing*, No. 5:11-CV-03328-LHK

# Docket number 40

MICHAEL I. GOTTFRIED (State Bar No. 146689)
PETER M. BRANSTEN (State Bar No. 113352)
ALEKSANDRA ZIMONJIC (State Bar No. 210252)
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Defendant Dr. Holger Lessing as insolvency
administrator for Exodus Communications GmbH

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OAK POINT PARTNERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DR. HOLGER LESSING, not individually, but only in his capacity as the insolvency administrator in charge of the assets of Exodus Communications GmbH, <br><br> Defendant. | Case No.: 5:11-cv-03328-LHK <br><br> OBJECTIONS OF DEFENDANT TO DECLARATION OF JANICE A. ALWIN IN SUPPORT OF OPPOSITION OF OAK POINT PARTNERS, INC. TO MOTION OF DEFENDANT DR. HOLGER LESSING TO SET ASIDE DEFAULT JUDGMENT ON THE GROUND THAT THE JUDGMENT IS VOID, OR, IN THE ALTERNATIVE, ON THE GROUND THAT THE JUDGMENT IS DUE TO EXCUSABLE NEGLECT <br><br> Date: September 20, 2012 <br> Time: 10:00 a.m. <br> Place: Courtroom 8 |

Defendant Dr. Holger Lessing hereby objects as follows to the Declaration of Janice A. Alwin in

Support of Opposition of Plaintiff Oak Point Partners, Inc. to Motion of Defendant Dr. Holger

Lessing to Set Aside Default Judgment on the Ground that the Judgment is Void, Or, in the

Alternative, on the Ground that the Judgment is Due to Excusable Neglect (the "Declaration").

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| EVIDENCE | DEFENDANT'S OBJECTIONS |
|---|---|
| Paragraph 4, lines 16-18 of the Declaration: "A true and correct copy of the Note is appended to the Complaint (RJN, Ex. A) and Oak Point's original claim (Lessing Decl., Ex. E). Oak Point currently holds the original Note in its possession." | a) Lack of foundation for authentication of the Note. Federal Rule of Evidence 901.<br>b) Lack of personal knowledge. Federal Rule of Evidence 602. |
| Paragraph 5, lines 18-21of the Declaration: "As set forth in the Note, Exodus Germany obtained a loan of approximately $23 million from EXDS for the purpose of financing the construction of Internet Data Centers in Frankfurt, Germany." | a) Lack of foundation for authentication of the Note. Federal Rule of Evidence 901.<br>b) Lack of personal knowledge. Federal Rule of Evidence 602.<br>c) Best Evidence Rule. Federal Rule of Evidence 1002. |
| Paragraph 5, lines 21-22 of the Declaration: "Through research of public records, I have confirmed that the intended construction was ultimately completed." | a) Hearsay. Federal Rule of Evidence 802.<br>b) Lack of personal knowledge. Federal Rule of Evidence 602. |
| Paragraph 6, lines 23-26 of the Declaration: "Pursuant to that certain Asset Purchase Agreement and Assignment of Claims and Interests dated September 6, 2007 ("APA") by and between Oak Point and EXDS, through its Plan Administrator, Oak Point acquired ("Sale") all right, title, and interest in and to, among other things, the Note." | a) Hearsay. Federal Rule of Evidence 802.<br>b) Best Evidence Rule. Federal Rule of Evidence 1002. |
| Paragraph 7, lines 1-3 of the Declaration: "Following the Sale, the EXDS Plan Administrator confirmed that the amount due | a) Hearsay. Federal Rule of Evidence 802.<br>b) Lack of personal knowledge. Federal Rule of Evidence 602. |

| 1 | and owing under the Note has not been paid and | c)  Best Evidence Rule.  Federal Rule of |
| 2 | helped to facilitate initial communications | Evidence 1002. |
| 3 | between Oak Point and Defendant." | |

Dated:  May 24, 2012                    LANDAU GOTTFRIED & BERGER LLP


By:    /s/Peter M. Bransten
              PETER M. BRANSTEN
Attorneys for Dr. Holger Lessing as insolvency
administrator for  Exodus Communications GmbH

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2