1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Eric B. Fastiff (State Bar No. 182260)
    Brendan P. Glackin (State Bar No. 199643)
3   Joseph P. Forderer (State Bar No. 278774)
    Dean M. Harvey (State Bar No. 250298)
4   Anne B. Shaver (State Bar No. 255928)
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, CA  94111
6   Telephone:  (415) 956-1000
    Facsimile:   (415) 956-1008
7
    Joseph R. Saveri (State Bar No. 130064)
8   Lisa J. Leebove (State Bar No. 186705)
    James D. Dallal (State Bar No.  277826)
9   JOSEPH SAVERI LAW FIRM
    255 California, Suite 450
10  San Francisco, CA 94111
    Telephone:  (415) 500-6800
11  Facsimile:   (415) 500-6803

12  *Interim Co-Lead Counsel for Plaintiffs and the Proposed*
    *Class*

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                         SAN JOSE DIVISION

17

18  IN RE: HIGH-TECH EMPLOYEE            Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
19                                       **DECLARATION OF JOSEPH P. FORDERER**
    THIS DOCUMENT RELATES TO:            **IN SUPPORT OF DEFENDANTS' JOINT**
20                                       **ADMINISTRATIVE MOTION TO SEAL AS**
                                         **TO INFORMATION DESIGNATED**
    ALL ACTIONS                          **CONFIDENTIAL BY PLAINTIFFS**
21

22

23

24

25

26

27

28

I, Joseph P. Forderer, declare:

1.      I am an associate in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, a member of the State Bar of California, and am admitted to practice before the United States District Court for the Northern District of California.  I am one of the counsel for Plaintiffs in this action.  I make this declaration based on my own personal knowledge.  If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.      I submit this declaration pursuant to Civil Local Rule 79-5(d) with respect to information that has been requested to be filed under seal in Defendants' November 12, 2012 Joint Administrative Motion to Seal ("Motion to Seal"). (Dkt. No. 211.)  Plaintiffs request that certain materials – which have been designated as confidential by Plaintiffs and were lodged under seal by Defendants – be sealed pursuant to Civil Local Rule 79-5.

3.      I have reviewed the relevant portions of the Opposition to Plaintiffs' Motion for Class Certification ("Opposition Brief"), Exhibits 1-6, 9-14 to the Declaration of Christina Brown ("Brown Declaration"), Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Motion to Strike"), and Exhibits A-F to the Declaration of Susan J. Welch ("Welch Declaration").[1]  As described below, the materials requested to be sealed quote from or describe: (1) Plaintiffs' confidential compensation information concerning non-Defendant employers, such as salaries, stock options, and other benefits; or (2) Plaintiffs' confidential information regarding job applications to non-Defendants, including the identities of associated non-parties such as individuals who acted as Plaintiffs' references.  Plaintiffs have designated this information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of the Stipulated Protective Order (as modified by the Court). (Dkt. No. 107.)

4.      Good cause exists to file under seal the materials described below.  The materials contain sensitive information about Plaintiffs' job applications to non-Defendants and Plaintiffs'

---

[1] In a section entitled "Information Designated Confidential by Plaintiffs" in Defendants' Motion to Seal, Defendants erroneously assert that Plaintiffs designated as confidential Exhibit 14 to the Brown Declaration. This exhibit contains the Declaration of Donna Morris of Adobe Systems Inc. Furthermore, Defendants erroneously omit any reference to Exhibit 9 to the Brown Declaration, which contains Plaintiff Michael Devine's Answers and Objections to Defendants' First Set of Interrogatories.  (Motion to Seal at 5.) Plaintiffs do not seek Exhibit 14 to be kept sealed, but do seek portions of Exhibit 9 to be kept sealed, as described below.

- 1 -

1  compensation at non-Defendant employers, such as salaries, stock options, and other benefits.

2  Plaintiffs have taken reasonable steps to keep the information at issue private and non-public and

3  request its confidentiality continue to be maintained.

4       5.     Plaintiffs' request is narrowly tailored to only the specific excerpts referenced

5  below in paragraphs 6-7.  Plaintiffs have removed their asserted confidentiality designations – in

6  their entirety – from the following items:

7            • Exhibit A to the Welch Declaration (excerpts from the deposition of Dr.

8              Leamer);

9            • Exhibit E to the Welch Declaration (excerpts from the deposition of

10              Brandon Marshall);

11            • Exhibit F to the Welch Declaration (excerpts from the deposition of Daniel

12              Stover);

13            • Exhibit 1 to the Brown Declaration (excerpts from the deposition of Dr.

14              Leamer); and

15            • Motion to Strike.

16       6.     Specifically, Plaintiffs request to keep the following excerpts under seal because

17  they contain Plaintiffs' confidential compensation information such as salaries, stock options, and

18  other benefits:

19  Exhibit 3 to the Brown Declaration (excerpts from the deposition transcript of Mark

20  Fichtner)

21            • Page 126, lines 11-12;

22  Exhibit 4 to the Brown Declaration (excerpts from the deposition transcript of Siddharth

23  Hariharan)

24            • Page 80, lines 1-12;

25            • Page 87, lines 8-9, 13, 21-22;

26            • Page 88, lines 2-7, 13-15;

27            • Page 90, lines 7-25;

28            • Page 91, lines 1-25;

1             •      Page 138, lines 1-2, 11-12;

2    Exhibit 5 to the Brown Declaration (excerpts from the deposition transcript of Brandon

3 Marshall)

4             •      Page 138, lines 3-6;

5             •      Page 204, lines 12-25;

6    Exhibit 9 to the Brown Declaration (Michael Devine's Supplemental Answers and

7 Objections to Defendants' First Set of Interrogatories)

8             •      Page 5, lines 10, 14, 19-20, 25;

9             •      Page 6, lines 1, 5-6, 10-12, 17-19, 24-25, 27-28;

10            •      Page 7, lines 1, 6, 10, 14-15, 20, 27-28;

11            •      Page 8, lines 8-9, 12-13;

12            •      Page 9, lines 14-16;

13    Exhibit 10 to the Brown Declaration (Mark Fichtner's Supplemental Answers and

14 Objections to Defendants' First Set of Interrogatories)

15            •      Page 5, lines 10, 15-16, 20, 25;

16            •      Page 6, lines 19-22;

17            •      Page 7, lines 1, 18-20;

18            •      Page 9, lines 3-6;

19    Exhibit 11 to the Brown Declaration (Siddharth Hariharan's Supplemental Answers and

20 Objections to Defendants' First Set of Interrogatories);

21            •      Page 5, lines 13-15, 19, 25-26;

22            •      Page 6, lines 4-6;

23    Exhibit 12 to the Brown Declaration (Brandon Marshall's Supplemental Answers and

24 Objections to Defendants' First Set of Interrogatories);

25            •      Page 5, lines 16, 21, 26;

26            •      Page 6, lines 8-9, 14, 17, 21;

27            •      Page 7, lines 5, 9, 14-15, 20-23, 26-27;

28            •      Page 9, lines 2-3;

1    Exhibit 13 to the Brown Declaration (Plaintiff Daniel Stover's Supplemental Answers and

2    Objections to Defendants' First Set of Interrogatories);

3        • Page 5, lines 10, 15, 20, 25;

4        • Page 6, lines 2-3, 19.

5    7.    Furthermore, Plaintiffs request to keep the following excerpts under seal because

6    they contain Plaintiffs' confidential information regarding job applications to non-Defendants,

7    including the identities of associated non-parties such as individuals who acted as Plaintiffs'

8    references:

9    Opposition Brief

10       • Page 8, line 28;

11       • Page 9, lines 1-3, 9-10, 11-12;

12       • Page 10, lines 6-7;

13       • Page 14, lines 3-5;

14   Exhibit 2 to the Brown Declaration (excerpts from the deposition transcript of Michael

15   Devine)

16       • Page 97, lines 22-24;

17       • Page 98, lines 24-25;

18       • Page 132, lines 24-25;

19       • Page 135, lines 20-25;

20       • Page 136, lines 1-12;

21       • Page 137, lines 21, 23-24;

22       • Page 142, lines 2-3;

23   Exhibit 3 to the Brown Declaration (excerpts from the deposition transcript of Mark

24   Fichtner)

25       • Page 125, lines 16-17;

26       • Page 197, lines 1-2, 7;

27   Exhibit 4 to the Brown Declaration (excerpts from the deposition transcript of Siddharth

28   Hariharan)

1      •      Page 80, lines 13-25;

2      •      Page 81, lines 1-25;

3      •      Page 82, lines 1-23;

4      •      Page 125, lines 22-23;

5      •      Page 175, lines 22-25;

6      Exhibit 5 to the Brown Declaration (excerpts from the deposition transcript of Brandon

7      Marshall)

8      •      Page 155, lines 9-25;

9      •      Page 156, lines 1-25;

10     •      Page 157, lines 1-25;

11     •      Page 182, lines 3, 16-25;

12     •      Page 183, lines 1-25;

13     •      Page 184, lines 1-25;

14     •      Page 202, lines 1-25;

15     •      Page 203, lines 1-25;

16     •      Page 204, lines 1-5;

17     •      Page 337, lines 4-8;

18     Exhibit 6 to the Brown Declaration (excerpts from the deposition of Daniel Stover)

19     •      Page 105, lines 1-25;

20     •      Page 106, lines 24-25;

21     •      Page 107, lines 1-25;

22     •      Page 108, lines 1-25;

23     •      Page 113, lines 1-25;

24     •      Page 220, line 25;

25     Exhibit 10 to the Brown Declaration (Mark Fichtner's Supplemental Answers and

26     Objections to Defendants' First Set of Interrogatories)

27     •      Page 8, lines 9-18;

28

1    Exhibit 11 to the Brown Declaration (Siddharth Hariharan's Supplemental Answers and

2    Objections to Defendants' First Set of Interrogatories)

3        • Page 6, lines 25-28;

4        • Page 7, lines 1-5;

5    Exhibit B to the Welch Declaration (excerpts from the deposition transcript of Mark

6    Fichtner)

7        • Page 197, lines 1-2, 7;

8    Exhibit C to the Welch Declaration (excerpts from the deposition of Siddharth Hariharan)

9        • Page 181, lines 18, 22-25;

10   Exhibit D to the Welch Declaration (excerpts from the deposition transcript of Michael

11   Devine)

12       • Page 97, lines 22-25.

13       8.      Plaintiffs have concurrently filed with this Declaration proposed redacted versions

14   of the Opposition Brief; Exhibits 2-6, 9-13 of the Brown Declaration; and Exhibits B, C and D of

15   the Welch Declaration.  Please note that the proposed redacted versions of the Opposition Brief

16   contain certain redactions of materials Defendants have sought to seal and about which Plaintiffs

17   take no position.  The excerpts Plaintiffs seek to redact are listed above in Paragraphs 6 and 7.

18   The proposed redacted versions filed today also reflect unredacted portions of text for which

19   Plaintiffs no longer seek a confidentiality designation.

20       9.      I declare under penalty of perjury under the laws of the United States that the

21   foregoing is true and correct.

22

23       Executed this 19th day of November, 2012, in San Francisco, California.

24

25                                    /s/ Joseph P. Forderer
                                      Joseph P. Forderer
26

27

28