[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SEAL AND MOTION TO REMOVE INCORRECTLY FILED DOCUMENT AT DOCKET NUMBERS 249** |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants hereby jointly move to seal (i) portions of Plaintiffs' Consolidated Reply In Support of Motion for Class Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Reply") (proposed redacted version attached hereto as Exhibit A), (ii) all or portions of Exhibits 1, 2, 3, 6, 10, 13, 15-17, 19, 20, 22-27, 29, and 30 to the Declaration of Dean Harvey filed in support of Plaintiffs' Reply (proposed redacted versions attached hereto as Exhibit B), and (iii) portions of the Reply Expert Report of Dr. Edward Leamer, Ph.D. ("Expert Report") (proposed redacted version attached as Exhibit C). This information has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Defendants are filing corresponding declarations in support of the respective sealing requests.

Defendants have prepared a chart (Appendix A) that lists the specific exhibits and page numbers of the Reply and Expert Report that the Defendants seek to seal (in whole or in part) and the corresponding declaration(s) that have been submitted in support of the respective sealing requests. Defendants seek to seal only a subset of the exhibits and portions of the Reply and Expert Report submitted by plaintiffs under seal pursuant to L.R. 79-5. The proposed order sets forth the specific exhibits and portions of the Reply and Expert Report that Defendants request to seal.

## I.   LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific*

1  *Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in
2  nondispositive materials, we apply the 'good cause' standard when parties wish to keep them
3  under seal.").

4  **II.    GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL**
5  **INFORMATION**

6          The redacted portions of the Reply, Exhibits 1, 2, 3, 6, 10, 13, 15-17, 19, 20, 22-27, 29,
7  and 30 to the Harvey Declaration, and the Expert Report contain confidential and commercially
8  sensitive information about employee compensation, including Defendants' compensation data
9  as well as information that reflects certain Defendants' internal decision-making regarding their
10  business strategies related to compensation and internal assessments of their and other
11  employers' competitive position in the labor market.  Defendants also seek to keep under seal
12  those materials that reflect compensation practices, strategies and policies; recruiting and hiring
13  data, practices, strategies and policies; and personal identifying information of employees or
14  candidates.  Defendants designated the foregoing information "Confidential" or "Attorneys Eyes
15  Only" under the Protective Order.

16          As the accompanying declarations demonstrate, Defendants keep the sealed information
17  confidential and the public disclosure of this information would cause each Defendant harm by
18  giving third-parties (including individuals responsible for competitive decision-making) insights
19  into confidential and sensitive aspects of each of the Defendants' strategies, competitive
20  positions, and business operations, allowing these third-parties to potentially gain an unfair
21  advantage in dealings with and against each of the Defendants.   A significant portion of the
22  sealed information is employee compensation data.  This type of information is regularly sealed
23  because of its confidential and private nature.  *See Renfro v. Unum, et al.*, No. 09-2661, 2010 BL
24  104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary
25  information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL
26  247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who
27  have not chosen to have their salary history placed into the public record" could be sealed.);
28  *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807

1  (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed

2  under seal because they contained "confidential salary information").

3      Similarly, compensation policies, practices and decisions are routinely subject to a

4  sealing order.  *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at

5  *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a

6  "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-

7  4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order

8  to enjoin a former employee from using a company's "confidential and/or trade secret employee

9  compensation information").

10     In addition, good causes exists to seal confidential information relating to a company's

11 internal business, recruiting or hiring practices, strategies and policies, including confidential

12 analyses of a company's market position.  *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing

13 of "a trade secret or other confidential research, development, or commercial information");

14 *Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at

15 *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its

16 investment adviser that contained "sensitive and confidential information, including long-term

17 financial projections, discussions of business strategy, and competitive analyses"); *Network

18 Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721,

19 at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business

20 strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor,

21 Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz.

22 Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling"

23 reason standard applicable to dispositive motions, including a "spreadsheet tracking information

24 regarding potentially competitive products,"  and other business strategy documents, such as

25 information relating to "product competitiveness, and market and technological opportunities

26 and risks").

27     Additionally, good cause exists to seal information pertaining to Defendants' recruiting

28 policies and practices that are proprietary business methods and/or trade secrets.  This

confidential and commercially sensitive business information is non-public and should remain confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d) (defining trade secrets as information that "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

Good cause also exists for sealing the identities and personal contact information of specific employees or applicants that are contained in the Motion or accompanying materials. These employees or applicants have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

### III.   MOTION TO REMOVE INCORRECTLY FILED DOCKET NUMBER 249

Defendants also respectfully move to remove two incorrectly filed documents.   On December 10, 2012, Plaintiffs e-filed the Reply Expert Report of Edward E. Leamer, Ph.D. (Dkt. No. 249) ("Reply Expert Report") along with a request to file certain portions under seal pursuant to Local Rule 79-5(c).  The filed document, however, disclosed certain information that should have been redacted.  *See* Defendants' Administrative Motion to File under Seal filed concurrently herewith.   In particular, the filed document (Dkt. No. 249) redacted certain headings in the main document of the Reply Expert Report that contain confidential and highly sensitive information about the Defendants, but failed to redact the same corresponding headings in the Table of Contents of the Reply Expert Report.  In particular, Headings III.A. and III.C. in the Table of Contents on page i of the Reply Expert Report should have been redacted. Defendants have made the correct redactions in the proposed redacted version of the Expert Reply Report, attached hereto as Exhibit C.   Accordingly, Google respectfully requests that Docket No. 249 be permanently locked because it contains confidential information as indicated above, and that the corrected version attached as Exhibit C be filed in the public docket instead.

-4-

1    Also, on December 12, 2012, Plaintiffs filed a Letter from Brendan Glackin re Correction
2    to the Reply ("the Glackin Letter") along with a request to file certain portions under seal
3    pursuant to Local Rule 79-5(c).  The Glackin Letter includes information Intel had designated for
4    protection under the protective order.  Accordingly Intel respectfully requests that the unredacted
5    version of the Glackin Letter be filed under seal because it contains confidential information as
6    indicated above.

7    **IV.    CONCLUSION**

8    For the foregoing reasons, Defendants respectfully request that this Court order Plaintiffs'
9    Reply and accompanying materials to be placed under seal.  In accordance with Civil Local Rule
10   79-5(d), a proposed order granting Defendants' Joint Administrative Motion to Seal has been
11   lodged with the Clerk in hard copy and served on counsel for Plaintiffs.  In accordance with Civil
12   Local Rule 79-5(d), Defendants' proposed redacted version of the Reply, Exhibits and Expert
13   Report are being lodged with the Clerk in hard copy within a sealed envelope.

14

15   Dated: December 17, 2012          O'MELVENY & MYERS LLP

16

17                                     By:      _/s/ Michael F. Tubach_____
                                                Michael F. Tubach

18
19                                     George Riley
                                       Michael F. Tubach
                                       Lisa Chen
20                                     Christina J. Brown
                                       Two Embarcadero Center, 28th Floor
21                                     San Francisco, CA  94111
                                       Telephone:  (415) 984-8700
22                                     Facsimile:   (415) 984-8701

23                                     *Attorneys for Defendant APPLE INC.*

24

25

26

27

28

1    Dated:  December 17, 2012        KEKER & VAN NEST LLP

2
                                      By:        /s/ Daniel Purcell
3                                               Daniel Purcell

4                                     John W. Keker
                                      Daniel Purcell
5                                     Eugene M. Page
                                      633 Battery Street
6                                     San Francisco, CA  94111
                                      Telephone:  (415) 381-5400
7                                     Facsimile:   (415) 397-7188

8                                     *Attorneys for Defendant LUCASFILM LTD.*

9    Dated:  December 17, 2012        JONES DAY

10
                                      By:        /s/ David C. Kiernan
11                                              David C. Kiernan

12                                    Robert A. Mittelstaedt
                                      Craig A. Waldman
13                                    David C. Kiernan
                                      555 California Street, 26th Floor
14                                    San Francisco, CA  94104
                                      Telephone:  (415) 626-3939
15                                    Facsimile:   (415) 875-5700

16                                    *Attorneys for Defendant ADOBE SYSTEMS, INC.*

17   Dated:  December 17, 2012        JONES DAY

18
                                      By:        /s/ Robert A. Mittelstaedt
19                                              Robert A. Mittelstaedt

20                                    Robert A. Mittelstaedt
                                      Craig E. Stewart
21                                    555 California Street, 26th Floor
                                      San Francisco, CA  94104
22                                    Telephone:  (415) 626-3939
                                      Facsimile:   (415) 875-5700
23
                                      Catherine T. Zeng
24                                    JONES DAY
                                      1755 Embarcadero Road
25                                    Palo Alto, CA  94303
                                      Telephone:      (650) 739-3939
26                                    Facsimile:      (650) 739-3900

27                                    *Attorneys for Defendant INTUIT INC.*

28

                                            -6-

1   Dated:  December 17, 2012        MAYER BROWN LLP

2

3                                    By:        /s/ Lee H. Rubin
                                                Lee H. Rubin

4                                    Lee H. Rubin
                                     Edward D. Johnson
5                                    Donald M. Falk
                                     Two Palo Alto Square
6                                    3000 El Camino Real, Suite 300
                                     Palo Alto, CA  94306-2112
7                                    Telephone:  (650) 331-2057
                                     Facsimile:   (650) 331-4557
8
                                     *Attorneys for Defendant GOOGLE INC.*
9
10  Dated:  December 17, 2012        BINGHAM McCUTCHEN LLP

11                                   By:        /s/ Frank M. Hinman
                                                Frank M. Hinman
12
13                                   Donn P. Pickett
                                     Frank M. Hinman
14                                   Three Embarcadero Center
                                     San Francisco, CA  94111
15                                   Telephone:  (415) 393-2000
                                     Facsimile:   (415) 383-2286
16
                                     *Attorneys for Defendant INTEL CORPORATION*
17  Dated:  December 17, 2012        COVINGTON & BURLING LLP

18

19                                   By:        /s/ Emily Johnson Henn
                                                Emily Johnson Henn
20
21                                   Robert T. Haslam, III
                                     Emily Johnson Henn
                                     333 Twin Dolphin Drive, Suite 700
22                                   Redwood City, CA  94065
                                     Telephone:  (650) 632-4700
23
                                     *Attorneys for Defendant PIXAR*
24
25  **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in
26  the filing of this document has been obtained from all signatories.

27  SVI-117843v2

28

-7-