| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|  | DONN P. PICKETT (SBN 72257) |
| 2 | FRANK M. HINMAN (SBN 157402) |
|  | SUJAL J. SHAH (SBN 215230) |
| 3 | SUSAN J. WELCH (SBN 232620) |
|  | FRANK BUSCH (SBN 258288) |
| 4 | Three Embarcadero Center |
|  | San Francisco, CA  94111-4067 |
| 5 | Telephone:  415.393.2000 |
|  | Facsimile:  415.393.2286 |
| 6 | donn.pickett@bingham.com |
|  | frank.hinman@bingham.com |
| 7 | sujal.shah@bingham.com |
|  | susan.welch@bingham.com |
| 8 | frank.busch@bingham.com |
| 9 | Attorneys for Defendant |
|  | Intel Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF SUSAN J. WELCH IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SEAL** |
| ALL ACTIONS | |
| | Date Consolidated Amended Compl. Filed: September 13, 2011 |

Master Docket No. ll-CV-2509-LHK

DECLARATION OF SUSAN J. WELCH IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO SEAL

A/75305773.1

I, Susan J. Welch, declare:

1. I am an attorney duly licensed to practice law in the State of California, and a counsel at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on information and belief. On behalf of Intel, I make this declaration pursuant to Civil Local Rule 79-5 and 7-11(a) to demonstrate that good cause exists for the documents described below to remain under seal. I make this declaration in support of Defendants' Joint Administrative Motion to Seal, filed concurrently with this Declaration. If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information That Should Be Sealed*

2. I have reviewed the portions of: (1) Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Reply"); (2) the Declaration of Dean M. Harvey in Support of Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and in Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Harvey Decl.") and exhibits thereto; (3) Reply Expert Report of Edward E. Leamer, Ph.D. ("Leamer Reply Expert Report") and exhibits thereto; and (4) the letter from Brendan P. Glackin to Judge Lucy H. Koh correcting portions of the Reply and the Leamer Reply Expert Report ("Glackin Letter"), dated December 12, 2012 (Dkt. 253), that Plaintiffs have moved to seal. As described below, these documents quote from and reference Intel's documents and data that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

3. The types of information reflected in the documents and data at issue here are similar to the types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203) ("October Evangelista Declaration"). The relevant documents are:

*PowerPoint Presentations*

- 76579DOC005956: "Manage Offer Module Develop External Offer";
- 76592DOC015613: "(Biz Group Name) Staffing Plan";
- 76512DOC000926: "Internal Offers Training";
- 76582DOC000902: "Pay line Guidelines 2010";
- 76579DOC000714: "Internal Offers Training."

*Compensation Data*

- The documents referenced above in paragraph 2 rely upon certain compensation and recruiting data produced by Intel in this action. All referenced data is designated AEO.

*<u>The Reasons For Sealing The Redacted Information And Underlying Documents</u>*

4. According to the October Evangelista Declaration, and because the types of information contained in redacted portions of the above-referenced filings are similar to the types of information described therein, the following statements support the motion to seal:

5. The Intel documents and data described above contain information regarding confidential business practices that gives Intel a competitive advantage in recruiting, retaining and compensating its employees.

6. Intel derives independent economic value from the strategic information, or raw data, contained in these types of documents not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

7. It is Intel's practice to treat these types of documents and data as confidential, and not to disclose them outside the company. I am informed and believe that Intel has taken reasonable steps to ensure that these documents remain confidential, including designating them AEO pursuant to the Protective Order filed in this Action.

8. Specifically, Intel seeks to seal the following Intel confidential, commercially sensitive information in the documents described above:

- **Reply at pages 17:15-19, 18:19-24, 21:13-14, 24:14-21, and footnotes 10, 13, and 14** reflect Intel's recruiting, staffing, and compensation policies. In particular, the

redacted references describe specific elements of Intel's recruiting, staffing, and compensation philosophies, including, for example, how Intel sets its budgets, and determines employee compensation. These excerpts also quote from and reference internal Intel presentations containing extensive information regarding Intel's hiring, compensation, and offer procedures, as well as internal business group staffing plans.

- **Leamer Reply Expert Report footnote 13** cites to and describes an internal Intel document that reflects Intel's recruiting policies. In particular, the redacted information describes specific elements and application of those policies.

- **Leamer Reply Expert Report paragraph 46, and footnote 47** cite to and describe an internal Intel presentation that reflects Intel's compensation policies. In particular, the redacted information describes specific elements of Intel's internal procedures for employment offers and associated compensation.

- **Leamer Reply Expert Report paragraph 47, and footnotes 50, 51, and 53** cite to and describe internal Intel presentations that reflects Intel's compensation and employment offer policies. In particular, the redacted information describes specific elements of Intel's internal procedures for setting compensation and Intel's internal procedures for employment offers.

- **Leamer Reply Expert Report paragraph 56, and Figure 1** contains information reflecting Intel's compensation data. In particular, the redacted information purports to describe the percentage of Intel employees receiving base salary increases in specified years.

- **Leamer Reply Expert Report paragraphs 62, 63, and footnote 79** quote from, cite to, and describe the contents of the Declaration of Danny McKell in Support of Opposition to Class Certification, which was filed under seal in its entirety. These paragraphs also rely upon certain compensation and recruiting data produced by Intel in this action, which has been designated AEO.

- **Leamer Reply Expert Report Figures 6 and 7** contain information reflecting Intel's compensation data. In particular, the redacted information purports to describe the

1    frequency of calendar months for base compensation increases at Intel.

2    - **Glackin Letter** relies upon certain compensation and recruiting data produced by
3    Intel in this action, which has been designated AEO.

#### *The Particularized Harm Disclosure Would Cause*

9.   According to the October Evangelista Declaration, and because the types of information redacted from the above-referenced documents are similar to the types of information described therein, Intel would suffer the following particularized harm if the redacted information is disclosed to the public.  The public disclosure of the Intel confidential information contained in Intel's documents and data described above, and reflected in Plaintiffs' Reply, Leamer Reply Expert Report, and Glackin Letter, would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and compensate its employees.  Public disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related strategies and policies would also deprive Intel of its investment in developing those strategies and give the scores of other companies with which Intel competes an unearned advantage by giving them the benefit of Intel's confidential investments.  Public disclosure of Intel's detailed compensation data would also give those other companies an unearned advantage by giving them the benefit of Intel's compensation strategies, compensation levels, and other related information.

10.   Because these documents cannot be disclosed to the public without causing this harm, their contents should be protected by redacting them and each reference to their contents from public filings.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in San Francisco, California on December 17, 2012.

                                                /s/ Susan J. Welch
                                                Susan J. Welch