Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900

Attorneys for Defendant
INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | **Case No. 11-CV-2509  LHK**<br><br>**DECLARATION OF CATHERINE T. ZENG IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

1     I, CATHERINE T. ZENG, declare:

2     1.     I am an attorney at law, duly admitted to practice in the State of California and before this Court. I am an associate at the law firm of Jones Day, counsel for Defendant Intuit Inc. ("Intuit") in the above captioned action. I submit this Declaration in support of Defendants' Joint Administrative Motion to Seal. As one of the attorneys involved in the defense of this action, unless as otherwise stated, I have personal knowledge of the facts stated in this Declaration and if called as a witness I could and would testify competently to them.

3     2.     I have reviewed the Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Reply"), the Reply Expert Report of Dr. Edward E. Leamer ("Expert Report"), and the accompanying declarations and exhibits in support of these documents. As described below, the information requested to be sealed quotes from or describes Intuit's employee salary and compensation data and methodologies or Intuit's recruiting methods, strategies, data, and practices. Intuit has designated this information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order in this case.

4     3.     As noted in the October 9, 2010 Declaration of Lisa K. Borgeson In Support of Administrative Motion to File Under Seal (Dkt. No. 197) ("Borgeson Declaration"), Intuit's salary and compensation data is non-public, highly sensitive and confidential, and private to Intuit and its employees. This information is also non-public and proprietary to Intuit. The majority of the information contained in the pages and the exhibits noted below is confidential information about how Intuit has chosen to structure its employee salaries. It could cause Intuit competitive harm if this information was publically known. Public dissemination of this information would deprive Intuit of the investment it has made in developing its compensation and recruiting practices and strategies and allow others to unfairly benefit from this information.

5     4.     The Borgeson Declaration also established that it is Intuit's practice to treat compensation data produced in this action as confidential and that it has taken reasonable steps to ensure this data remains confidential. Intuit has continued to protect the identified data from public disclosure by designating this data as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" pursuant to the Stipulated Protective Order in this case.

5. Additionally, paragraph 3 of the Declaration of Mason Stubblefield and accompanying exhibits (filed as Exhibit 19 to the Declaration of Christina Brown in Support of the Opposition to Plaintiffs' Motion for Class Certification) ("Stubblefield Declaration") further establishes that Intuit's salary and compensation data and methodologies is confidential and that public dissemination of that information could cause Intuit competitive harm.

6. Moreover, paragraph 2 of the Declaration of Chris Galy (filed as Exhibit 20 to the Declaration of Christina Brown in Support of the Opposition to Plaintiffs' Motion for Class Certification) ("Galy Declaration") establishes that information pertaining to Intuit's recruiting methods, strategies, practices and data is confidential and that public dissemination of that information could cause Intuit competitive harm.

7. Specifically, Intuit seeks to keep the following redacted portions of the Reply under seal:

- Page 11, lines 15-16 quote from the Galy declaration, which is confidential. The quoted information contains confidential information about Intuit's recruiting strategies, methodologies, and practices.
- Page 18, line 24 through page 19, line 5 quotes a confidential Intuit document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and purports to describe Intuit's confidential compensation structure and practices.
- Page 21, line 13/14 and footnote 13 quotes a confidential Intuit document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and purports to describe Intuit's confidential compensation structure and practices.

8. Intuit also seeks to keep the following exhibit to the Declaration of Dean M. Harvey in Support of Plaintiffs' Consolidated Motion for Class Certification and in Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer (Dkt. 248) under seal:

- Ex. 29 is a confidential Intuit document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and describes Intuit's confidential compensation structure and practices.

9. Additionally, Intuit seeks to keep the following redacted portions of the Expert Report under seal:

- Page 7, paragraph 20 describes portions of the Galy declaration, which is confidential. The description contains confidential information about Intuit's recruiting strategies, methodologies, and practices.
- Page 26, Figure 1 has a graph labeled "Intuit" which contains information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 41, portions of paragraph 91 contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 43, Figure 7 has a graph labeled "Intuit" which contains information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 44, Figures 8 and 9 have columns labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 45, Figures 10 and 11 have columns labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 50, Figure 12 has rows labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 51, Figure 13 has a column labeled "Intuit" which contains information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.
- Page 52, Figure 14 has rows labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information

reveals Intuit's confidential compensation methods and strategies.

- Page 53, Figure 15 has a column labeled "Intuit" which contains information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.

- Page 55, Figure 16 has rows labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.

- Page 56, Figure 17 has rows labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.

- Page 57, Figure 18 has rows labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.

- Page 58, Figure 19 has rows labeled "Intuit" which contain information derived from Intuit's confidential employee and compensation data. This information reveals Intuit's confidential compensation methods and strategies.

10. Finally, page 13, lines 14-18 of the Reply describe redacted portions of the Declaration of Edward Colligan (Dkt No. 189). Non-Parties Palm, Inc. filed the Declaration of Robert H. Booth in Support of Plaintiffs' Administrative Motion to File Under Seal (Dkt. No. 192) seeking to keep the redacted portions of the Declaration of Edward Colligan under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 17th day of December, 2012 in Palo Alto, California.

_____
Catherine T. Zeng

SVI-117766

- 5 -

ZENG DECLARATION
CASE NO. 11-CV-02509 LHK