Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF LIN W. KAHN IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Lin Wang Kahn, declare as follows:

1. I am an attorney with the law firm of Jones Day, counsel for Defendant Adobe Systems Inc. ("Adobe") in the above-captioned action. I am admitted to practice law before this Court. I submit this declaration in support of Defendants' Joint Administrative Motion to File Under Seal. As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I have reviewed (1) Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Reply"); (2) Reply Expert Report of Edward E. Leamer, Ph.D. ("Leamer's Reply Report"); and (3) the accompanying declarations and exhibits in support of these documents. The information requested to be sealed contains or summarizes Adobe's compensation data, practices, strategies and policies, or references Adobe's recruiting and hiring data, practices, strategies and policies. Adobe has designated this information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order in this case. (Dkt. No. 107).

3. The October 9, 2012 Declaration of Donna Morris In Support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. No. 196) ("10/9/2012 Morris Decl.") establishes that Adobe's compensation data, practices, strategies and policies, as well as its recruiting data, practices, strategies and policies are confidential and commercially sensitive. As stated in the 10/9/2012 Morris Decl., it is Adobe's practice to keep such information confidential, for internal use only, and not to disclose them to the public.

4. Moreover, the 10/9/2012 Morris Decl. establishes that the public disclosure of this information would harm Adobe, including potentially impairing its competitive position in recruiting, hiring, and compensating employees. Morris declared that Adobe derives independent economic value from keeping its compensation data and compensation, recruiting and hiring practices, strategies, and policies confidential, including keeping it from other persons and entities who could obtain economic value from its disclosure or use.

5. Furthermore, as noted by Morris in the 10/9/2012 Morris Decl., the public

1  disclosure of this information, created for internal use, would give third-parties insights into
2  confidential and sensitive aspects of Adobe's operations and deprive Adobe of its investment in
3  developing these practices, strategies, and policies.  The declaration further establishes that such
4  disclosure would give other entities an unearned advantage by giving them the benefit of knowing
5  how Adobe compensates employees and Adobe's compensation, recruiting, and hiring practices,
6  strategies, and policies.

7        6. In addition to the 10/9/2012 Morris Decl., Adobe's declarations filed in support of
8  the Opposition to Plaintiffs' Motion for Class Certification also establish the confidentiality of
9  Adobe's compensation and recruiting data, practices, strategies and policies.  In particular, the
10 Declaration of Donna Morris of Adobe Systems Inc. in Support of the Opposition to Plaintiffs'
11 Motion for Class Certification (Dkt. No. 215, Exhibit 14) ("11/9/2012 Morris Decl."), paragraph
12 3, establishes that Adobe's salary and compensation data, policies and strategies are confidential
13 and that public dissemination of that information could cause Adobe competitive harm.  The
14 Declaration of Jeff Vijungco of Adobe Systems Inc. in Support of the Opposition to Plaintiffs'
15 Motion for Class Certification (Dkt. No. 215, Exhibit 14) ("Vijungco Decl."), paragraph 3,
16 similarly establishes that Adobe's recruiting and hiring data, policies and strategies are
17 confidential and that public dissemination of that information could cause Adobe competitive
18 harm.

19       7. Specifically, Adobe seeks to keep the following redacted portions of the Reply,
20 Leamer's Reply Report, and supporting documents under seal:

21 **Reply**

22     a. Page 12, lines 18-21 reference and quote from the confidential Vijungco
23        Decl. regarding Adobe's recruiting strategies and practices;
24     b. Page 14, footnote 10 references an excerpt from the depositions of Donna
25        Morris and Jeff Vijungco regarding Adobe's confidential recruiting
26        strategies and practices;
27     c. Page 17, line 27 through page 18, line 11 contains and reflects Adobe's
28        confidential recruiting and compensation strategies and practices;

|   |   |   |
|---|---|---|
| | d. | Page 19, lines 14-16 and lines 17-27 contain references and quotations from the 11/12/2012 Morris Declaration and confidential internal Adobe documents designated "Confidential – Attorneys' Eyes Only."  These documents describe Adobe's confidential compensation strategies and practices; |

**Leamer's Reply Report**

- e. Page 18, paragraph 46 describes an internal Adobe communication, designated as "Confidential – Attorneys' Eyes Only," regarding Adobe's compensation strategies, practices, and policies;
- f. Page 25, footnote 74 describes an internal Adobe communication, designated as "Confidential – Attorneys' Eyes Only," regarding internal Human Resources procedures;
- g. Page 26, Figure 1 includes a graph labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's confidential compensation strategies, policies, and strategies;
- h. Page 40, Figure 5 is a chart based on Adobe's confidential compensation data and reveals Adobe's confidential compensation strategies, policies, and strategies;
- i. Pages 40-41, paragraph 91, which describes Figure 5, is based on Adobe's confidential compensation data, and reveals Adobe's confidential compensation strategies, policies, and strategies;
- j. Page 42, Figure 6 includes a graph labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's confidential compensation strategies, policies, and strategies;
- k. Page 43, Figure 7 includes a graph labeled "Adobe" which contains information derived from Adobe's confidential compensation data and

|   |   |   |
|---|---|---|
| 1 |   | reveals Adobe's compensation strategies, policies and practices; |
| 2 | l. | Page 44, Figures 8 and 9 include charts with columns labeled "Adobe" which contain information derived from Adobe's confidential compensation data and reveal Adobe's compensation strategies, policies and practices; |
| 6 | m. | Page 45, Figures 10 and 11 include charts with columns labeled "Adobe" which contain information derived from Adobe's confidential compensation data and reveal Adobe's compensation strategies, policies and practices; |
| 10 | n. | Page 50, Figure 12 is a chart with a row labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices; |
| 13 | o. | Page 51, Figure 13 is a chart with a column labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices; |
| 16 | p. | Page 52, Figure 14 is a chart with a row labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices; |
| 19 | q. | Page 53, Figure 15 is a chart with a column labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices; |
| 22 | r. | Page 55, Figure 16 is a chart with rows labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices; |
| 25 | s. | Page 56, Figure 17 is a chart with rows labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices;; |
| 28 | t. | Page 57, Figure 18 is a chart with rows labeled "Adobe" which contains |

|   |   |
|---|---|
| 1 | information derived from Adobe's confidential compensation data and |
| 2 | reveals Adobe's compensation strategies, policies and practices; |

u. Page 58, Figure 19 is a chart with rows labeled "Adobe" which contains information derived from Adobe's confidential compensation data and reveals Adobe's compensation strategies, policies and practices;

**Exhibits to Declaration of Dean M. Harvey in Support of Reply**

v. Exhibit 1 to the Declaration of Dean M. Harvey ("Harvey Declaration") contains excerpts from the deposition of Donna Morris. The following portions contain Adobe's confidential recruiting and compensation strategies, policies, and practices: 57:6-58:23, 73:20-74:3, 74:18-76:25;

w. Exhibit 2 to the Harvey Declaration contains excerpts from the deposition of Jeff Vijungco. The following portions contain Adobe's confidential recruiting and hiring strategies, policies, and practices: 244:1-247:25. Exhibit 2 to the Harvey Declaration also contains an exhibit marked during Vijungco's deposition (Exhibit 303), bates stamped ADOBE_052404-052406. This document was designed "Confidential – Attorneys' Eyes Only." The redacted portions of this document reveal confidential recruiting and hiring strategies and data;

x. Exhibit 13 to the Harvey Declaration contains excerpts from the deposition of Kevin Murphy. The following portion contain Adobe's confidential compensation strategies, policies and practice: 295:22-296:5;

y. Exhibit 15 to the Harvey Declaration is an internal Adobe email, bates stamped ADOBE_008047 – 008049, which was designated as "Confidential – Attorneys' Eyes Only." This document contains Adobe's internal discussions regarding its compensation strategies and practices;

z. Exhibit 16 to the Harvey Declaration is an internal Adobe email, bates stamped ADOBE_008098-008099, which was designated as "Confidential – Attorneys' Eyes Only." This document contains Adobe's internal

1                  discussions regarding its compensation strategies and practices;

2      aa.      Exhibit 17 to the Harvey Declaration is an internal Adobe email, bates

3                  stamped ADOBE_008692-008693, which was designated as "Confidential

4                  – Attorneys' Eyes Only." This document contains Adobe's internal

5                  discussions regarding its compensation strategies and practices;

6      bb.      The redacted portion of Exhibit 18 to the Harvey Declaration is an internal

7                  Adobe email, bates stamped ADOBE_009811-009812, which was

8                  designated as "Confidential – Attorneys' Eyes Only." This document

9                  contains Adobe's internal discussions regarding its compensation strategies

10                  and practices.

11        I declare under penalty of perjury under the laws of the United States that the foregoing is

12 true and correct. Executed this 17th day of December 2012 in San Francisco, California.

By: _____
               Lin W. Kahn