[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' JOINT ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; DECLARATION OF ERIC B. EVANS; SUPPLEMENTAL DECLARATION OF KEVIN MURPHY; PROPOSED ORDER** |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 7-3(d), Defendants jointly seek leave to supplement the record with limited evidence to address and correct incomplete and misleading information first submitted by Plaintiffs in their reply to Defendants' opposition to Plaintiffs' class certification motion. Defendants do not seek additional briefing, nor do they seek a surreply. Instead, Defendants seek leave to file the following:

(1) a short supplemental declaration from Dr. Kevin Murphy setting forth data showing the complete and accurate salary, compensation history and job titles for certain Apple and Intel employees, a portion of which was discussed at paragraphs 63-64 of Dr. Edward Leamer's reply declaration, cited at page 24 of Plaintiffs' reply brief, and partially corrected by Plaintiffs' December 12 letter to the Court;

(2) excerpts from Dr. Kevin Murphy's deposition that, in accord with the rule of completeness, correct mischaracterizations of his testimony in Dr. Leamer's reply declaration and in Plaintiffs' reply brief;

This limited and highly relevant evidence is necessary to allow Defendants, during oral argument before this Court, to fairly address information Plaintiffs first submitted with their reply brief and supporting papers, and to ensure that the record contains correct and complete information.

**Background**

On December 10, 2012, Plaintiffs filed their Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Reply") and the Reply Expert Report of Edward E. Leamer, Ph.D. ("Leamer Reply Report"). The Leamer Reply Report purports to analyze variations in salary ranges for certain Apple and Intel employees. Leamer Reply Report at ¶¶ 63-64. Plaintiffs reiterated Dr. Leamer's analysis on page 24 of their Reply. Because Dr. Leamer did not include this analysis in his initial expert report, Defendants had no opportunity to respond to this new information in their November 12, 2012 opposition to the class certification motion.

In a December 12 letter to the Court, Plaintiffs admit that statements regarding the salary information in Paragraph 63 of the Leamer Reply Report were inaccurate. *See* Dkt. 253. The

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████████
8  ███████████████████████████████  The data in Dr. Murphy's supplemental declaration provides a complete and accurate record of these employees' compensation.

Plaintiffs also submitted excerpts from Dr. Murphy's deposition.  Ex. 13 to the Declaration of Dean Harvey.  Dr. Murphy's deposition took place on December 3, 2012, after Defendants filed their opposition to Plaintiffs' class certification motion.  Plaintiffs' excerpts are incomplete and misleading because they fail to take into account Dr. Murphy's complete testimony on the topics addressed.  In particular, Plaintiffs' Reply cites deposition testimony acknowledging that in certain hypothetical situations, a small information imperfection could have large price effects.  Reply at 9.  But Plaintiffs' Reply omits Dr. Murphy's other testimony explaining that information imperfections are more likely to affect prices in "different directions" without necessarily resulting in market-wide impacts. Exhibit A to the Declaration of Eric Evans in Support of Defendants' Joint Administrative Motion ("Evans Dec.") at 185-186.  Plaintiffs' Reply cites Dr. Murphy's testimony acknowledging a cold call can convey information regardless of whether compensation is discussed.  Reply at 9, 11.  But it fails to include Dr. Murphy's testimony that specific salary information is unlikely to be part of an initial call, and that "what we're really relying on" is that there are many other ways to recruit people apart from cold calls. Evans Dec., Ex. A at 134-137.  Plaintiffs also quote part of Dr. Murphy's testimony noting that internal equity may be *one* factor influencing compensation.  Reply at 16.  But Plaintiffs completely omit Dr. Murphy's ensuing critique of Dr. Leamer's wage structure analysis based on the data.  Evans Dec., Ex. A at 261-264.

**Defendants Should Be Permitted to Supplement the Record**

With respect to the compensation information regarding Apple and Intel employees at paragraphs 63 and 64 of the Leamer Reply Report, the Ninth Circuit has held in the related context of summary judgment that a district court should not consider new evidence submitted on reply without providing an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)); *see also* Hon. William W. Schwarzer, *et. al.*, 12-C Cal. Prac. Guide (2012) Fed. Civ. Pro. Before Trial ¶12:107.1 ("[I]f the court relies on new material contained in a reply brief, it must afford the opposing party a reasonable opportunity to respond.") (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998)). Dr. Murphy's supplemental declaration provides a brief and reasonable presentation of accurate and complete salary information in response to the new and incomplete information in the Leamer Reply Report.

With respect to Dr. Murphy's deposition excerpts, Defendants seek leave to submit a small number of additional excerpts that provide necessary context, correction and clarification. "[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion," the other party may submit the other parts of the document that provide clarification and context. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988)). Defendants have had no other opportunity to submit the countervailing excerpts from Dr. Murphy's deposition, and under the rule of completeness should be permitted to do so before the hearing.

In accord with these principles, this Court and others in this District have allowed parties to supplement the record under similar circumstances to address or rebut new and misleading evidence first submitted with a reply. For example, this Court recently granted a party's administrative motion to augment the record with certain declarations and exhibits submitted after the close of briefing, but shortly before the preliminary injunction hearing, because the

evidence was "rebuttal" evidence. *Apple v. Samsung*, Case No. 11-01846, 2011 WL 7036077 at *4 & n.5 (N.D. Cal. Dec. 2, 2011).  The court in another case granted a motion to file supplementary materials consisting of a declaration and six exhibits (memos, letters and a report) offered to rebut or clarify new evidence the other party had submitted on reply. *Baykeeper v. Union Pacific RR Co.*, Case No. 06-02560, 2009 WL 1517868 at *1 n.1 (N.D. Cal. June 1, 2009). And in another case, the court granted, in light of assertions made in a moving party's reply, the opposing party's motion to file as supplementary material the transcript of a deposition taken after that party filed its opposition. *Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, Case No. 04-03526, 2008 WL 2168379, at *2 n.2 (N.D. Cal. May 22, 2008). Accordingly, Defendants should be permitted to file the limited supplementary evidence submitted with this motion.

**Conclusion**

The supplemental evidence should be filed and considered in connection with Plaintiffs' class certification motion.


Dated: January 9, 2013                O'MELVENY & MYERS LLP


                                      By:     */s/ Michael F. Tubach*
                                              Michael F. Tubach

                                      George Riley
                                      Michael F. Tubach
                                      Christina J. Brown
                                      Two Embarcadero Center, 28th Floor
                                      San Francisco, CA  94111
                                      Telephone:  (415) 984-8700
                                      Facsimile:   (415) 984-8701

                                      *Attorneys for Defendant APPLE INC.*

| | | |
|---|---|---|
| 1 | Dated: January 9, 2013 | KEKER & VAN NEST LLP |
| 2 | | By: */s/ Daniel Purcell* |
| | | Daniel Purcell |

John W. Keker
Daniel Purcell
Eugene M. Page
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 381-5400
Facsimile:  (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

Dated: January 9, 2013            JONES DAY

By: */s/ David C. Kiernan*
    David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: January 9, 2013            JONES DAY

By: */s/ Robert A. Mittelstaedt*
    Robert A. Mittelstaedt

Robert A. Mittelstaedt
Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

Catherine T. Zeng
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

| | | |
|---|---|---|
| 1 | Dated: January 9, 2013 | MAYER BROWN LLP |
| 2 | | By: ___/s/ Lee H. Rubin___ |
| 3 | | Lee H. Rubin |
| 4 | | Lee H. Rubin<br>Edward D. Johnson |
| 5 | | Donald M. Falk<br>Two Palo Alto Square |
| 6 | | 3000 El Camino Real, Suite 300<br>Palo Alto, CA  94306-2112 |
| 7 | | Telephone:  (650) 331-2057<br>Facsimile:   (650) 331-4557 |
| 8 | | *Attorneys for Defendant GOOGLE INC.* |
| 9 | Dated: January 9, 2013 | BINGHAM McCUTCHEN LLP |
| 10 | | |
| 11 | | By: ___/s/ Frank M. Hinman___<br>Frank M. Hinman |
| 12 | | Donn P. Pickett |
| 13 | | Frank M. Hinman<br>Three Embarcadero Center |
| 14 | | San Francisco, CA  94111<br>Telephone:  (415) 393-2000 |
| 15 | | Facsimile:   (415) 383-2286 |
| 16 | | *Attorneys for Defendant INTEL CORPORATION* |
| 17 | Dated: January 9, 2013 | COVINGTON & BURLING LLP |
| 18 | | By: ___/s/ Emily Johnson Henn___ |
| 19 | | Emily Johnson Henn |
| 20 | | Robert T. Haslam, III<br>Emily Johnson Henn |
| 21 | | 333 Twin Dolphin Drive, Suite 700<br>Redwood City, CA  94065 |
| 22 | | Telephone:  (650) 632-4700 |
| 23 | | *Attorneys for Defendant PIXAR* |

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.