Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James D. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA  94111
Telephone:  (415) 500-6800
Facsimile:  (415) 500-6803

*Interim Co-Lead Counsel for Plaintiff Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF THEIR OPPOSITION TO THE MOTION FOR CLASS CERTIFICATION AND MOTION TO STRIKE DR. LEAMER'S EXPERT REPORT** |

## I. INTRODUCTION

Defendant's administrative motion to supplement the record should be denied or stricken. It violates this Court's November 12, 2012 Order as well as Local Rules 7-3(d) and 6-3(a). It also adds nothing new to the Court's consideration of the issues; indeed, Defendants' latest individual employee examples confirm Dr. Leamer's systematic statistical analysis showing that Defendants maintain structured compensation systems that would have spread the effect of their unlawful agreements broadly across their workforces.

## II. ARGUMENT

### A. Defendants' Administrative Motion Is Improper

Defendants' papers violate not only this Court's prior Order and the Local Rules, but also Defendants' prior representations and commitments. Along with Defendants' Opposition to Plaintiffs' Motion for Class Certification, Dkt. 209, Defendants filed an unauthorized Motion to Strike with an additional 22 pages of arguments that Dr. Leamer's report should be excluded under *Daubert*. Dkt. 210. Defendants later conceded that in so doing they violated the scheduling order and the Local Rules, claiming they required the extra pages to respond to Dr. Leamer. Dkt. 238. Defendants agreed that, if the Court were to consider their Motion to Strike as part of their opposition, they would submit "no further briefing." *Id.* at 2:24-25 and 3:4-9. By Order entered on November 21, 2012, Dkt. 242, the Court adopted this proposal. *Id.* at 2:17-21 ("Defendants shall not be permitted to file a Reply in Support of their Motion to Strike.").

Now, days before the hearing (and a month after Plaintiffs filed their reply), Defendants move for permission to file what is effectively both a Reply in Support of their Motion to Strike, and a Sur-Reply in Support of their Opposition to Plaintiffs' Motion for Class Certification. With their Administrative Motion, Defendants submit additional class certification arguments, additional deposition excerpts, and a supplemental expert declaration, attaching new charts and analysis. Besides violating the Order, Dkt. 242 at 2, and Defendants' own representations and commitments, Dkt. 238 at 2-3, this eleventh-hour request also violates the Local Rules. Local Rule 7-3(d) states: "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" as provided by subsections (1) or (2) of the Rule.

Case 5:11-cv-02509-LHK Document 270 Filed 01/14/13 Page 3 of 7

1  Subsections (1) and (2) of Local Rule 7-3(d) do not apply. Local Rule 7-3(d)(2) pertains to
2  subsequent judicial authority. Local Rule 7-3(d)(1) addresses circumstances where "new
3  evidence" has been submitted in a reply, but even then the opposing party must file an Objection
4  to Reply Evidence within 7 days after the reply is filed. This deadline has long since passed.
5       Ignoring the deadline, Defendants contend that Dr. Leamer's Reply Report contains new
6  evidence analyzing variations in salary ranges for certain Apple and Intel employees. "Evidence
7  is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a
8  motion." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007). Here, Dr.
9  Leamer's Reply Report did not submit new evidence. Rather, Dr. Leamer used Defendants' own
10 data to respond directly to misleading salary differences on which Defendants relied, Opp'n at 7
11 (citing McKell Decl. ¶ 10; Burmesiter Decl., Ex. B at 1), and to demonstrate that common
12 objective factors, like job title and seniority, explain the variation that Defendants found
13 meaningful. *See* Consolidated Reply at 24-25; Leamer Reply at ¶¶ 62-64. The underlying data
14 was first produced by Defendants months ago in discovery, and then was included in the master
15 dataset Dr. Leamer produced to Defendants along with his initial expert report, filed on October 1,
16 2012. Leamer Decl. in Opp. to Defs. Admin. Mot. at ¶ 1.
17      Defendants incorrectly refer to the "rule of completeness" as a basis for submitting new
18 excerpts of Dr. Murphy's deposition testimony. *See* Admin. Mot. at 3. But the rule of
19 completeness governs the admission of hearsay evidence at trial. *See* Fed. R. Evid. 106. It is not
20 an exception to the Local Rules governing briefing. Rule 106 is irrelevant to Defendants'
21 violations of their previous commitment, the Local Rules, and the Court's Order.
22      Moreover, all the deposition excerpts are either trivial qualifications of Dr. Murphy's
23 concessions or duplicative of his report. Contrary to Defendants' suggestion, there is no dispute
24 that Dr. Murphy ███████████████████
25 ███ *See* Murphy Dep. at 188:6-14. He did. Likewise, it is undisputed that ██████
26 ████████████████████████████████████████
27 ████ *Id.* at 194:10-196:10. In any event, Defendants' own employee declarations (on
28 which Dr. Murphy relies) admit that █████████████

1074894.8

- 2 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT
ADMINISTRATIVE MOTION
Master Docket No. 11-CV-2509-LHK

1  *See*, *e.g.*, Galy Decl. ¶ 15 ████████████████████████████

2  ████████████████████████████████████ Murphy at 20, n. 35 (citing Galy).  Defendants'

3  additional deposition excerpts do not change the fact that Dr. Murphy admitted the theoretical

4  (and factual) bases of Dr. Leamer's opinion.  *See* Consolidated Reply at 9-10, 16-17, 23, and 32.

5  Defendants are trying to rehabilitate Dr. Murphy after the fact, not to address any risk that the

6  Court will be misled.

   **B.  Defendants' New Charts Only Further Demonstrate Their Salary Structures and Enforcement of Internal Equity**

9  The Court should also reject Defendants' new charts as a duplicative variation on their

10  incorrect critique of Dr. Leamer's class-wide statistical analysis.

11  Using standard and established statistical tools, Dr. Leamer performed a regression

12  analysis to demonstrate Defendants' pay structures.  Rather than paying employees arbitrarily or

13  randomly, ████████████████████████████████████████████

14  ████████████████████ Dr. Leamer demonstrated that this structure, and Defendants'

15  enforcement of internal equity, distributed the anticompetitive effects of Defendants' misconduct

16  broadly across Defendants' workforces.  Rather than engage this analysis, Defendants and Dr.

17  Murphy conflated internal "equity" with internal "equality."  *See*, *e.g.*, Opp. at 19 (criticizing

18  Plaintiffs for failing to "show that any Defendant had a policy of equalizing salary changes across

19  the entire company.")  Defendants supplied substantial pages of argument and charts for the

20  unsurprising proposition that not all their workers are paid exactly the same and their wages do

21  not rise uniformly "in lock step."  Murphy Rep. at ¶ 44.  In support of this argument, Defendants

22  submitted misleading examples of salary ranges for certain groups of employees, which

23  Defendants asserted was evidence of individual managers' ████████████████

24  ████████████████████████████ Opp. at 7.  Plaintiffs' Consolidated Reply explained that

25  these examples improperly combined individuals with different objective factors, such as

26  different job titles.  ████████████████████████████████████

27  ████████████████████████████ Consolidated Reply at 24.  In fact, common

28

- 3 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT
ADMINISTRATIVE MOTION
Master Docket No. 11-CV-2509-LHK

1074894.8

1  objective factors, such as job title, ▮▮▮▮▮

2  ▮▮▮ *Id.*

3  Defendants do not dispute this, nor do they dispute that the same set of common factors

4  explains ▮▮▮▮▮.  Defendants do not assert a

5  single error in Dr. Leamer's analysis.[1]  Rather, they seek permission to provide more misleading

6  anecdotes, attached to Dr. Murphy's supplemental declaration.  Defendants contend that these

7  charts show ▮▮▮▮▮ of certain employees ▮▮▮  Admin

8  Mot. at 2.  But this exercise misses the point.  It comes as no surprise that employee

9  compensation changes over time, because the common factors that explain compensation at

10 Defendants change over time as well, such as job title.  Defendants identify certain employees

11 who held the same titles in 2007 (for Intel) and 2008 (for Apple), and then compare those same

12 employees over time, regardless of whether their job titles changed as a result of job transfers,

13 demotions, promotions, or the like.

14 Should the Court decline to strike Defendants' administrative motion and the

15 accompanying supplemental Declaration of Dr. Murphy, Plaintiffs respectfully request

16 permission to file the attached responsive Declaration of Dr. Edward E. Leamer.  This responsive

17 Leamer Declaration merely contextualizes the new evidence submitted by Defendants.  It makes

18 clear that Defendants again ignore the real issues.  It also shows that the examples picked by

19 Defendants only reinforce Dr. Leamer's opinion that Defendants, just like other major companies,

20 compensate their workers according to organized pay structures based on objective factors,

21 including internal equity.

22 When the employees identified by Defendants are properly separated by job title,

23 Defendants' salary structures and adherence to internal equity come into focus.  Thus, the

24 ▮▮▮▮▮ Apple employees over time, Murphy Supp.

25 Decl., Ex. A at 4-6, ▮▮▮▮▮

---

[1] Two days after filing Dr. Leamer's Reply Report, Plaintiffs discovered an error in reporting the data and immediately notified Defendants and filed a letter correcting the record. Dkt. 253. Defendants concede that, with this letter, there is nothing to correct, and Defendants agree that common objective factors ▮▮▮▮▮.  Admin Mot. at 2.

- 4 -

1  ████████████████████████████████████████████
2  ██████████████████████████████████
3  ████████████████████████████████████████████
4  ████████████████████████████████████████████
5  ████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ██████████████████████████████████████████
8  ████████████████████████████████████████████
9  ██████████████████████████████████████
10 ████████████████████████████████████████████
11 ███████████████

12       Defendants offer these charts in support of their argument that their individual low-level managers determine all of their employees' compensation as a matter of individual discretion, without regard to pay of other subordinates, the company's overall compensation of different workers or groups of workers, or supervision of pay structures by their senior executives (and co-conspirators).  The record, including Defendants' improper supplement, demonstrates that Defendants did not run their businesses this way.  Defendants maintained compensation structures and enforced internal equity, transmitting the anticompetitive effects of Defendants' conspiracy across the Class.  Plaintiffs' motion for class certification should be granted.

## III.  CONCLUSION

      For the foregoing reasons, Defendants' administrative motion should be denied or stricken.  In the alternative, the Court should accept the Declaration of Edward E. Leamer in Opposition to Defendants' Motion.

| | |
|---|---|
| Dated: January 14, 2013 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | By: */s/Kelly M. Dermody*<br>Kelly M. Dermody |

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956.1000
Facsimile: (415) 956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James D. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803

*Interim Co-Lead Counsel for Plaintiff Class*