1
2
3
4
5
6
7
8

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | ) ) ) ) ) ) ) | Case No.: 11-CV-02509-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |
| _____ | ) | |
| THIS DOCUMENT RELATES TO:<br><br>**ALL ACTIONS** | ) ) ) ) | |
| _____ | ) | |

Before the Court are numerous administrative motions to seal related to Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 186, 211, 246, 252, and 254 ("Sealing Motions").  For the reasons stated herein, the Court GRANTS in part and DENIES in part the parties' administrative motions to seal.

### I.       Legal Standard

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,

1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to

2

1   prevent judicial documents from being used "as sources of business information that might harm a

2   litigant's competitive standing." *Nixon*, 435 U.S. at 598.

3        Even under the "good cause" standard of Rule 26(c), however, a party must make a

4   "particularized showing" with respect to any individual document in order to justify sealing the

5   relevant document.  *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court,*

6   *N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by

7   specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*

8   *v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

9   ## II.     Litigants' Administrative Motions to Seal

10       Here, the parties seek to seal portions of:  (1) Plaintiffs' Motion for Class Certification, *see*

11  ECF No. 187 ("Motion for Class Certification" or "Mot."); (2) Defendants' Opposition to

12  Plaintiffs' Motion for Class Certification, *see* ECF No. 209 ("Opposition" or "Opp'n"); (3)

13  Defendants' Motion to Strike the Report of Dr. Edward E. Leamer, *see* ECF No. 210 ("Motion to

14  Strike" or "Mot. to Strike"); (4) Plaintiffs' Consolidated Reply in Support of Motion for Class

15  Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer,

16  *see* ECF No. 247 ("Reply"); and (5) a letter regarding a correction to the Reply, *see* ECF No. 253

17  ("Glackin Letter"), as well as various declarations, reports, and exhibits offered in support of these

18  documents.  Plaintiffs' Motion for Class Certification is a non-dispositive motion.[1]  Therefore, the

19  parties need only demonstrate "good cause" in order to support their requests to seal.  *Pintos*, 605

20  F.3d at 678 (applying "good cause" standard to all non-dispositive motions).  The Court will

21  address its ruling with respect to each motion to seal below.

---

[1]   The Court recognizes that there may be circumstances in which a motion for class certification is case dispositive.  As the Eleventh Circuit observed in *Prado v. Bush*, 221 F.3d 1266, (11th Cir. 2000), a motion for class certification might be dispositive if "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Id.* at 1274.  Nevertheless, the Court applies a "good cause" standard here in accordance with the vast majority of other courts within this circuit.  *See, e.g.*, *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09-01967, 2012 WL 5395039 (N.D. Cal. Nov. 5, 2012); *Vietnam Veterans of America v. C.I.A.*, No. 09-0037, 2012 WL 1094360, *1-2 (N.D. Cal. March 29, 2012); *Buchanan v. Homeservices Lending LLC*, No. 11-0922, 2012 WL 5505775, *2 (S.D. Cal. Nov. 13, 2012); *Davis v. Social Service Coordinators, Inc.*, No. 10-02372, 2012 WL 2376217 (E.D. Cal. June 22, 2012); *Rich v. Hewlett-Packard Co.*, No. 06-03361, 2009 WL 2168688 (N.D. Cal. Jul. 20, 2009).

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

A.      **Plaintiffs' Administrative Motion to Seal Documents Related to its Motion for Class Certification**

On October 1, 2012, Plaintiffs filed an administrative motion for a sealing order, ECF No. 186, pursuant to Northern District Civil Local Rule 79-5(d), and lodged under seal certain information contained in:  (a) Plaintiffs' Motion for Class Certification; (b) Exhibits 1–5, 11–55, 58–68, and 70 to the Declaration of Anne B. Shaver in Support of Plaintiffs' Motion for Class Certification, *see* ECF No. 188 ("Shaver Decl."); (c) the Declaration of Edward T. Colligan and Exhibits A and B thereto, ECF No. 189 ("Colligan Decl."); and (d) the Expert Report of Edward R. Leamer, Ph.D., *see* ECF No. 190 ("Leamer Report").[2]  Plaintiffs also filed redacted versions of these documents.  *See* ECF Nos. 187, 188, 189, 190.

For the reasons stated below, the Court DENIES Plaintiffs' request to file portions of the Colligan Declaration and the two exhibits attached to this declaration under seal.  The Court GRANTS in part, and DENIES in part, the request to file under seal portions of the Motion for Class Certification and exhibits in support thereof that Defendants designated either "Confidential" or "Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order, as modified by the Court, at ECF No. 107.

1.      **Plaintiffs' Request to Maintain the Confidentiality of Certain Third-Party Materials**

In support of Plaintiffs' motion to seal portions of the Colligan Declaration and the two attached exhibits, Plaintiffs filed redacted versions of the declaration and exhibits, *see* ECF No. 189 (redacting part of the first sentence in paragraph 5, all of paragraphs 6 through 8, and all of Exhibits A and B), as well as a Declaration from Robert H. Booth, the Chief Litigation Counsel of non-party Palm, Inc., explaining why Palm, Inc. seeks to maintain the confidentiality of the information contained within these documents, *see* ECF No. 192 ("Booth Decl.").

According to Mr. Booth, "[t]he documents attached to the declaration of Mr. Colligan consist of, cite to, and/or identify confidential, nonpublic, and proprietary business information of Palm, including information regarding Palm's intellectual property portfolio and competitive

---

[2] This Order does not address the parties' request to file under seal portions of the Leamer Report.  The Court will address the parties' request to file portions of this report under seal in a separate order.

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

1  position." Booth Decl. ¶ 5.  In addition, the Colligan Declaration "references and describes the

2  same documents."  *Id*.  Booth also declares that "Palm has taken reasonable steps to preserve the

3  confidentiality of information of the type contained in the exhibits to Mr. Colligan's declaration

4  and the redacted portion of Mr. Colligan's declaration," *Id.* ¶ 6, and that "[p]ublic disclosure of this

5  information presents a risk of placing Palm at a competitive disadvantage."  *Id*. ¶ 5.

6       The Court finds that Plaintiffs' have not made a particularized showing with respect to

7  these documents.  *See Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc.*, 187 F.3d at

8  1103.  Plaintiffs do not explain why the information contained in these documents is "confidential"

9  given that the materials relate to communications between the former Chief Executive Office of

10  Palm and Steve Jobs of Apple .  If Palm and Apple had a non-disclosure agreement, then Palm's

11  declaration in support of sealing should so state.  Moreover, only a small portion of these

12  communications referenced "Palm's intellectual property portfolio and competitive position."

13  Booth Decl. ¶ 5.  Furthermore, Palm has not explained how "[p]ublic disclosure of th[e]

14  information" contained in the relevant documents "presents a risk of placing Palm at a competitive

15  disadvantage" given that Hewlett Packard acquired Palm in 2011, and these documents were

16  created in 2007, nearly six years ago.  Accordingly, the Court DENIES Plaintiffs' motion to seal

17  portions of the Colligan Declaration and Exhibits A and B attached thereto.

### 2.   Defendants' Request to Maintain the Confidentiality of Certain Defendant-Related Company Materials

20       As part of Plaintiffs' administrative motion, Plaintiffs also submitted under seal portions of

21  the Motion for Class Certification and exhibits in support thereof that Defendants designated either

22  "Confidential" or "Confidential – Attorneys' Eyes Only" under the modified Stipulated Protective

23  Order.  Civil Local Rule 79-5(d) governs motions to seal documents designated as confidential by

24  another party.  This rule requires "the designating party . . . [to] file with the Court and serve a

25  declaration establishing that the designated information is sealable" within seven days of the

26  motion.  N.D. Cal. Civ. L. R. 79-5(d).

5

Here, in compliance with Civil Local Rule 79-5(d), Defendants submitted timely declarations on behalf of each Defendant in support of Plaintiffs' motion to seal various portions of Plaintiffs' Motion for Class Certification and the exhibits filed in support thereof:

(1) Defendant Adobe Systems, Inc. filed a Declaration of Donna Morris, ECF No. 196 ("Morris Decl.");

(2) Defendant Intuit Inc. filed a Declaration of Lisa Borgeson, ECF No. 197 ("Borgeson Decl.");

(3) Defendant Lucasfilm Ltd. filed a Declaration of David Anderman, ECF No. 199 ("Anderman Decl.");

(4) Defendant Google, Inc. filed a Declaration of Alan Eustace, ECF No. 200 ("Eustace Decl.");

(5) Defendant Google, Inc. filed a Declaration of Frank Wagner, ECF No. 201 ("Wagner Decl.");

(6) Defendant Pixar filed a Declaration of James M. Kennedy, ECF No. 202 ("Kennedy Decl.");

(7) Defendant Intel Corp. filed a Declaration of Tine M. Evangelista, ECF No. 203 ("Evangelista Decl.");

(8) Defendant Apple Inc. filed a Declaration of Mark Bentley, ECF No. 204 ("Bentley Decl.").

In addition, Defendants filed a Joint Response to Plaintiffs' Administrative Motion to Seal in which Defendants explained their justification for seeking to maintain the confidentiality of certain exhibits and portions of the Motion for Class Certification. *See* ECF No. 195 ("Joint Response"). Specifically, Defendants contend that the materials that they seek to preserve under seal "contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data," in addition to "information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market." Joint Response at 3. "Defendants also seek to keep under seal those materials that reflect compensation practices, strategies, and policies; recruiting and hiring data, practices, strategies, and policies; and personal identifying information of employees or candidates." *Id.*

Defendants maintain that they "keep the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations,

6

United States District Court
For the Northern District of California

1  allowing these third-parties to potentially gain an unfair advantage in dealings with and against

2  each of the Defendants."  Joint Response at 3.  The declarations filed by representatives from each

3  Defendant also explain why each individual Defendant seeks to maintain the confidentiality of

4  specific information contained in particular exhibits and portions of the motion under seal, as well

5  as the harm that would flow to the company from public disclosure.

6        In light of Defendants' joint and separate declarations, the Court finds that Defendants have

7  made a particularized showing with respect to sealing the following portions of the Motion for

8  Class Certification:  page 17, lines 16-17; page 18, lines 1-3 and 8-10; page 18, line 21, to page 19,

9  line 2; page 19, lines 13-14; page 20, lines 20-23; page 20, line 24, to page 21, line 5; page 21,

10  lines 13-28; and page 22, lines 1-3.  In addition, the Court finds that Defendants have made a

11  particularized showing with respect to sealing the following exhibits to the Shaver Declaration in

12  their entirety:  Exhibit 15, Exhibits 43-49, Exhibit 54, and Exhibit 59.  The Court also finds that

13  Defendants have made a particularized showing with respect to the redacted portions of the

14  following exhibits to the Shaver Declaration:  Exhibit 4, Exhibit 21, Exhibit 24, Exhibit 25, Exhibit

15  29, Exhibit 32, Exhibit 34, Exhibit 37, Exhibit 39, Exhibit 40, Exhibit 42, Exhibits 62-63, and

16  Exhibits 67-68.

17        The Court finds that the portions of the Motion for Class Certification and the exhibits

18  identified above include confidential information regarding Defendants' compensation and

19  recruiting strategies, policies, and procedures, including quantitative data concerning those topics,

20  and that the disclosure of this information could cause Defendants' competitive harm.

21  Additionally, some of the materials include personal information of non-parties.  The Court also

22  finds that Defendants' requests are sufficiently specific as to the sealed materials and that

23  Defendants have plausibly articulated the need for maintaining their confidentiality given the

24  potential harm that may come from public disclosure.  Consequently, the Court finds good cause to

25  GRANT the motion to maintain these documents under seal.

26        However, the Court finds that Defendants have not made a particularized showing of good

27  cause for sealing with respect to the following portions of Plaintiffs' Motion for Class

28  Certification: page 2, line 4; page 3, lines 10-12 and 25-26; page 8, lines 20-25; page 13, lines 26-

27; page 14, line 11, to page 15, line 3; page 17, lines 10-16; page 18, lines 5-8, 14-15; page 19, lines 5-8; and page 24, lines 20-21.  In addition, the Court finds that Defendants have not made a particularized showing of good cause for sealing the following exhibits to the Shaver Declaration: Exhibit 14, Exhibit 22, Exhibits 60-61, and Exhibit 70.  As to these exhibits and portions of the Motion, the Court finds that Defendants have not made a particularized showing that these materials contain confidential information.  Furthermore, to the extent Defendants contend that disclosure of these materials would cause Defendants' competitive harm, the Court finds that Defendants have not supported their assertions with sufficiently particularized facts.  Therefore, the Court DENIES these requests without prejudice.

### 3. The Court's Ruling on Plaintiffs' Administrative Motion to Seal Documents Related to Plaintiffs' Motion for Class Certification

In summary, for the Motion for Class Certification, the Court rules as follows:

| Pages/Lines to be sealed | Ruling |
| --- | --- |
| Page 2, line 4 | DENIED.  Pixar states that the information contained in this excerpt is "confidential and competitively sensitive" and relates to "business strategy of [The Walt Disney Company] and its subsidiaries."  *See* Kennedy ¶ 5(a).  This excerpt quotes portions of Exhibit 61, which as set forth above, the Court has declined to seal. Having reviewed this excerpt, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |
| Page 3, lines 10-12 and 25-26 | DENIED.  Pixar states that the information contained in these excerpts is "confidential and competitively sensitive" and relates to "business strategy of [The Walt Disney Company] and its subsidiaries."  *See* Kennedy ¶ 5(a).  These excerpts quote portions of Exhibit 61, which as set forth above the Court has declined to seal. Having reviewed these excerpts, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |
| Page 8, lines 20-25 | DENIED.  Pixar states that the information contained in this excerpt is "confidential and competitively sensitive" and relates to "business strategy of [The Walt Disney Company] and its subsidiaries."  *See* Kennedy ¶ 5(a).  This excerpt quote portions of Exhibit 61, which as set forth above the Court has declined to seal. Having reviewed this excerpt, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |
| Page 13, lines 26-27 | DENIED.  Pixar states that this excerpt "contains confidential and competitively sensitive information regarding Pixar's practices and strategy with respect to compensation, benefits, and [Pixar's] long-term incentive program." *See* Kennedy ¶ 5(c).  This excerpt quotes portions of Exhibit 70, which as set forth above the Court has declined to seal.  Having reviewed this excerpt, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |
| Page 14, line | DENIED.  This excerpt references and quotes portions of the Colligan |

United States District Court
For the Northern District of California

| | |
|---|---|
| 11, to Page 15, line 3 | Declaration and the exhibits to the Colligan Declaration.  Palm's request to seal this excerpt is denied for the same reasons as set forth above in connection with the Colligan Declaration.  *See* Booth Decl. ¶¶ 3-6. |
| Page 17, lines 10-16 | GRANTED as to lines 16-17.<br><br>DENIED as to lines 10-16.  This excerpt references and quotes portions of Exhibit 14.   Adobe states that Exhibit 14 "contains confidential information regarding recruiting and hiring data, practices, strategies, and policies…."  *See* Morris Decl. ¶¶ 3-7.  As set forth above, the Court has found that Adobe has not made a particularized showing as to why Exhibit 14 should be sealed in its entirety.  Accordingly, the Court denies Adobe's request to seal the portions of that exhibit quoted on Page 17. |
| Page 18, lines 1-3, 5-10, and 14-15 | GRANTED as to lines 1-3, 8-10.  *See* Wagner Decl. ¶ 10; Evangelista Decl. ¶¶ 7-9; Kennedy Decl. ¶ 5(a).<br><br>DENIED as to lines 5-8, 14-15.  Pixar states that the information contained in these excerpts is "confidential and competitively sensitive" and relates to "business strategy of [The Walt Disney Company] and its subsidiaries."  *See* Kennedy ¶ 5(a).  These excerpts quote portions of Exhibit 61, which as set forth above the Court has declined to seal. Having reviewed these excerpts, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential."  *Id.* |
| Page 18, line 21, to page 19, line 2 | GRANTED.  *See* Wagner Decl. ¶ 10; Morris Decl. ¶¶3-7. |
| Page 19, lines 5-8 and 13-14 | GRANTED as to lines 13-14.  *See* Wagner Decl. ¶ 10.<br><br>DENIED as to lines 5-8.  Google contends that this excerpt "quotes and references Exhibits 46, 48, and 49, which Google [also seeks]… to seal."  *See* Wagner Decl. ¶ 10.  Google further states that "this excerpt contains confidential and highly sensitive details about Google's compensation of its employees and its compensation philosophy."  *See* Wagner Decl. ¶ 10.  While the Court has sealed Exhibits 46, 48, and 49, the particular fact disclosed in this excerpt does not appear to be confidential.  Accordingly, the Court finds that Google has not made a particularized showing why this excerpt should be sealed. |
| Page 20, lines 20-23 | GRANTED.  *See* Wagner Decl. ¶ 10; Morris Dec. ¶¶ 3-7. |
| Page 20, line 24, to page 21, line 5 | GRANTED.  *See* Wagner Decl. ¶ 10; Morris Dec. ¶¶ 3-7. |
| Page 21, lines 13-28 | GRANTED.  *See* Wagner Decl. ¶ 10. |
| Page 22, lines 1-3, lines 10-12 | GRANTED as to lines 1-3.  *See* Wagner Decl. ¶ 10; Morris Dec. ¶¶ 3-7.<br><br>DENIED as to lines 10-12.  Dr. Leamer's findings may be derived in part from confidential information.  However, the particular finding reflected in this portion of the Motion does not reveal any confidential information about any particular Defendant.  Defendants have not explained how disclosure of this particular finding would reveal confidential and sensitive information regarding Defendants' compensation strategy. |
| Page 24, lines 20-21 | DENIED.  Pixar states that the information contained in this excerpt is "confidential and competitively sensitive" and relates to "business strategy of [The Walt Disney Company] and its subsidiaries."  *See* Kennedy ¶ 5(a).  This |

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

excerpt quotes portions of Exhibit 61, which as set forth above the Court has declined to seal. Having reviewed this excerpt, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.*

Regarding the proposed redactions for the Exhibits to the Declaration of Ann B. Shaver, the Court rules as follows:

| Exhibits | Ruling |
| --- | --- |
| 4 | GRANTED as to the redacted portions identified by Defendants. *See* Morris Decl. ¶¶ 3-7. |
| 14 | DENIED. *See* Morris Decl. ¶¶ 3-7. Adobe states that this document, which is a presentation regarding Adobe's recruiting strategies, "contains confidential information regarding recruiting and hiring data, practices, strategies, and policies…." While portions of this document may be sealable, the Court finds that Adobe has not made a particularized showing as to why the entire document should be sealed. |
| 15 | GRANTED. *See* Morris Decl. ¶¶ 3-7. |
| 21 | GRANTED as to the redacted portions identified by Defendants. *See* Bentley Decl. ¶ 6. |
| 22 | DENIED. Apple states that this document contains "confidential and competitively sensitive information regarding Apple's business and recruiting strategies." *See* Bentley Decl. ¶ 5. Having reviewed this document, the Court is not persuaded that the information contained therein is confidential. |
| 24 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 25 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 29 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 32 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 34 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 7-8. |
| 37 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 39 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 40 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 9. |
| 42 | GRANTED as to the redacted portions identified by Defendants. *See* Wagner Decl. ¶ 7-8. |
| 43 | GRANTED. *See* Wagner Decl. ¶¶ 5-6. |
| 44 | GRANTED. *See* Wagner Decl. ¶¶ 5-6. |
| 45 | GRANTED. *See* Wagner Decl. ¶¶ 5-6. |
| 46 | GRANTED. *See* Wagner Decl. ¶¶ 5-6. |
| 47-48 | GRANTED. *See* Wagner Decl. ¶¶ 5-6. |
| 49 | GRANTED. *See* Wagner Decl. ¶¶ 5-6. |
| 54 | GRANTED. *See* Evangelista Dec. ¶¶ 3-6. |
| 59 | GRANTED. *See* Eustace ¶¶ 3-5; Borgeson ¶ 6. |
| 60 | DENIED. Lucasfilm states that this document contains information regarding Lucasfilm's "confidential business practices, particularly [Lucasfilm's] recruiting practices." *See* Anderman ¶¶ 5-6. Lucasfilm states that disclosure of this information might provide Lucasfilm's competitors with an "unfair |

United States District Court
For the Northern District of California

10

| | advantage" by providing Lucasfilm's competitors with "information regarding the specific manner in which Lucasfilm recruits potential employees and makes employment offers." *Id.* Having reviewed this document, the Court finds that Lucasfilm has not made a particularized showing that the information contained therein is "confidential" or that disclosure of this information would provide Lucasfilm's competitors with an unfair advantage. *Id.* |
|---|---|
| 61 | DENIED. Pixar states that the information contained in this document is "confidential and competitively sensitive" and relates to "business strategy of [The Walt Disney Company] and its subsidiaries." *See* Kennedy ¶ 5(a). Having reviewed this document, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |
| 62-63 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy ¶ 5(b). |
| 67-68 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy ¶ 5(b). |
| 70 | DENIED. Pixar states that this document "contains confidential and competitively sensitive information regarding Pixar's practices and strategy with respect to compensation, benefits, and [Pixar's] long-term incentive program." *See* Kennedy ¶ 5(c). Having reviewed this document, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |

### B. Defendants' Motion to Seal Documents Related to its Opposition to Plaintiffs' Motion for Class Certification

In connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification, Defendants seek to file under seal: (1) portions of Defendants' Opposition; (2) all or portions of Exhibits 1-6, 8-23, 25-27 to the Declaration of Christina Brown filed in support of Defendants' Opposition, *see* ECF No. 215 ("Brown Decl. Supp. Opp'n"); (3) Defendants' Motion to Strike the Report of Dr. Edward E. Leamer, ECF No. 210; (4) Exhibits A-H to the Declaration of Susan Welch in Support of Defendants' Motion to Strike, *see* ECF No. 210; and (5) portions of the Expert Report of Kevin Murphy, *see* ECF No. 230.[3]  Defendants note that the information contained in these documents has been designated "Confidential" or "Attorneys-Eyes Only" under the modified Stipulated Protective Order.  Defendants also filed declarations on behalf of each Defendant in support of their respective sealing requests. *See* ECF Nos. 214, 217-222.

In addition, Defendants seek to seal certain portions of the Opposition; Exhibits 2-6 and 9-13 to the Brown Declaration in Support of Defendants' Opposition; and Exhibits B, C, and D to the Welch Declaration, each of which reflect portions of deposition transcripts of Plaintiffs and their

---

[3] This Order does not address the parties' request to file under seal portions of the Murphy Report. The Court will address the parties' request to file portions of this report under seal in a separate order.

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

expert that Plaintiffs designated "Confidential" or "Attorneys' Eyes Only" under the modified Stipulated Protective Order.

### 1. Plaintiffs' Request to Maintain the Confidentiality of Certain Plaintiff-Specific Job Information

In compliance with Civil Local Rule 79-5, Plaintiffs filed a timely declaration in support of maintaining portions of the Opposition, exhibits to the Brown Declaration in Support of Defendants' Opposition, and exhibits to Welch Declaration under seal. *See* Declaration of Joseph P. Forderer In Support of Defendants' Joint Administrative Motion to Seal as to Information Designated by Plaintiffs, ECF. No. 240 ("Forderer Decl.").

After having reviewed all of the material from the Opposition for Class Certification that Plaintiffs seek to seal, the Court finds that good cause exists to seal the following pages and lines of the Opposition:  page 8, line 28; page 9, lines 1-3 and 11-12; page 10, lines 6-7; and page 14, lines 3-5.  In addition, the Court finds that Plaintiffs have made a particularized showing with respect to sealing portions of Exhibits 2-6 and 9-13 to the Brown Declaration.  Finally, the Court finds that Defendants have made a particularized showing with respect to redacted portions of Exhibits B, C, and D, which were filed in connection with the Welch Declaration.

The Court finds that good cause exists to file the requested material under seal because some of the excerpts contain "Plaintiffs' confidential compensation information such as salaries, stock options, and other benefits." *See* Forderer Decl. ¶ 6.  In addition, some of the materials "contain Plaintiffs' confidential information regarding job applications to non-Defendants, including the identities of associated non-parties such as individuals who acted as Plaintiffs' references." *Id*. ¶ 7.  Accordingly, the Court GRANTS the motion to seal these documents.

However, the Court does not find that Plaintiffs have set forth good cause to maintain under seal page 9, lines 9-10, of the Opposition. *See* Forderer Decl. ¶ 7.  Although Plaintiffs allege that the information contained within this sentence includes Mr. Marshall's "confidential information regarding job applications to non-Defendants, including the identities of associated non-parties such as individuals who acted as Plaintiff[']s references," the information Plaintiffs propose to seal does not actually appear to involve any information of this nature.  Therefore, Plaintiffs have not

established why this information is confidential.  Accordingly, the Court DENIES the request to maintain this sentence under seal.

### 2.  Defendants' Request to Maintain the Confidentiality of Certain Defendant-Related Company Materials

In support of Defendants' request to seal, Defendants filed a joint administrative motion, *see* ECF No. 211 ("Joint Mot. to Seal Opp'n"), as well as declarations on behalf of each Defendant:

(1) Defendant Intuit Inc. filed a Declaration of Catherine T. Zeng, ECF No. 214 ("Zeng Opp'n Decl.");
(2) Defendant Adobe Systems, Inc. filed a Declaration of Lin Kahn, ECF No. 217 ("Kahn Opp'n Decl.");
(3) Defendant Pixar filed a Declaration of James M. Kennedy, ECF No. 218 ("Kennedy Opp'n Decl.");
(4) Defendant Lucasfilm Ltd. filed a Declaration of Justina Sessions, ECF No. 219 ("Sessions Opp'n Decl.");
(5) Defendant Intel Corp. filed a Declaration of Frank Busch, ECF No. 220 ("Busch Opp'n Decl.");
(6) Defendant Google, Inc. filed a Declaration of Frank Wagner, ECF No. 221 ("Wagner Opp'n Decl.");
(7) Defendant Apple Inc. filed a Declaration of Christina Brown, ECF No. 222 ("Brown Opp'n Decl.").

As with Defendants' requests in connection with the Motion for Class Certification, Defendants contend that the redacted portions of the Opposition; Exhibits 1, 8, 14-23, and 25-27 to the Brown Declaration; portions of the Motion to Strike; and the declarations filed in support of these documents contain "confidential and commercially sensitive information about employee compensation, including Defendants' compensation data," as well as "information that reflects certain Defendants' compensation data as well as information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market."  Joint Mot. to Seal Opp'n at 3.  "Defendants also seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or candidates."  *Id.*

Defendants raise concerns that "public disclosure of this information," which the Defendants keep confidential, "would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-marking) insights into confidential and

13

sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants." *Id.*   After reviewing Defendants' joint and separate declarations, the relevant case law, and each of the documents that Defendants seek to maintain under seal, the Court finds that Defendants have made a particularized showing with respect to sealing the following portions of the Opposition to the Class Certification Motion:  page 6, lines 22-23; page 6, footnote 2; page 7, line 1; page 7, lines 5-7, 8-9, 9-10, and 12-15; page 7, lines 18-20; page 7, lines 20-21; page 7, lines 22-23; page 7, lines 23-25; page 7, lines 25-26; page 7, line 26 though page 8, line 1; page 8, lines 6-8; page 8, lines 9-14; page 8, lines 20-22; page 18, lines 3-10; page 18, lines 23-24; and page 19, lines 1-5.  The Court is persuaded that Defendants' requests are sufficiently specific and that Defendants have plausibly articulated the need for maintaining the confidentiality of this information given the potential harm that may come from public disclosure.

In addition, the Court finds that Defendants have made a particularized showing with respect to sealing the following exhibits and portions of exhibits to the Brown Declaration in Support of Defendants' Opposition:

- Exhibit 1:  page 60, lines 23-25; page 79, lines 19-21; page 80, lines 7-23; page 92, line 20, through page 93, line 24; page 163, lines 3-6, 10, and 13-24; page 456, lines 3-17; page 460, lines 19-22; page 467, lines 5-10, and page 467, line 21 through page 469; page 470, lines 7-21.
- Exhibit 17:  paragraphs 3-16 and Exhibits A–F;
- Exhibit 18:  paragraphs 3-5 and 7-10, as well as Exhibits F, G, and H; and
- Exhibit 23:  page 2, lines 4-8, 11-17, 20-24, and 26-27, and page 4, lines 6-7, as well as Exhibit 1.

The Court finds that Defendants' requests to seal these exhibits and portions thereof are sufficiently specific and that Defendants have plausibly articulated the need for maintaining their confidentiality given the potential harm that may come from public disclosure.

Finally, the Court finds that Defendants have made a particularized showing with respect to sealing the following portions of Defendants' Motion to Strike:  page 7, lines 4-7; page 11, lines 1-2; page 15, lines 1-2; page 17, footnote 13, lines 2-3; page 19, footnote 16; pages 20-21, Figure 16; and page 21, lines 9-10.  In addition, the Court finds that Defendants have set forth good cause to file under seal the following exhibits to the Welch Declaration in support of Defendants' Motion to

14

United States District Court
For the Northern District of California

Strike:  Exhibit A (as to page 76, lines 2-25; page 90, lines 19-23; page 106, lines 18-23; page 163, lines 3-6, 10, 13-24; page 261, lines 14-23; page 262, line 3, through page 263, line 25; page 400, lines 11-13, 16; page 435, lines 4-5; and page 468, line 5, through page 469, line 25); and Exhibit B (page 65, lines 5-21).  Consequently, the Court finds good cause to GRANT the motion to maintain these documents under seal.

However, the Court is not convinced that Defendants have set forth good cause to maintain under seal page 18, lines 20, to page 20, line 12, of the Opposition, as requested by Defendant Google, or lines 21-23 of page 19, as requested by Defendant Pixar.  In addition, the Court finds that Defendants have not made a particularized showing with respect to sealing the following exhibits to the Brown Declaration:  Exhibits 14-16; Exhibits 19-22; and Exhibit 25.  Finally, the Court finds that Defendants have failed to sufficiently justify the need to maintain under seal lines 2 through 4 of page 13 of Defendants' Motion to Strike.  Accordingly, the Court DENIES without prejudice Defendants' request to maintain these materials under seal.

### 3. The Court's Ruling on Defendants' Administrative Motion to Seal Documents Related to its Opposition to the Motion for Class Certification

In summary, for the Opposition to the Class Certification Motion, the Court rules as follows:

| Pages/Lines to be Sealed | Ruling |
| --- | --- |
| Page 6, lines 22-23 | GRANTED.  Zeng Opp'n Decl. ¶ 7; Brown Decl. ¶ 3; Kahn Opp'n Decl. ¶ 7(b). |
| Page 6, footnote 2 | GRANTED.  *See* Sessions Opp'n Decl. ¶ 3(i); Brown Opp'n Decl. ¶ 3; Wagner Opp'n Decl. ¶ 2(a); Busch Opp'n Decl. ¶ 8; Zeng Opp'n Decl. ¶ 7; Kahn Opp'n Decl. ¶ 7(a). |
| Page 7, line 1 | GRANTED.  *See* Brown Opp'n Decl. ¶ 3. |
| Page 7, lines 5-7, 8-9, 9-10, 12-15 | GRANTED.  *See* Zeng Opp'n Decl. ¶ 7; Kahn Opp'n Decl. ¶ 7(c); Brown Opp'n Decl. ¶ 3. |
| Page 7, lines 18-20 | GRANTED.  *See* Kennedy Opp'n Decl. ¶ 5(a). |
| Page 7, lines 20-21 | GRANTED.  *See* Busch Opp'n Decl. ¶ 8. |
| Page 7, lines | GRANTED.  *See* Brown Opp'n Decl. ¶ 3. |

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| 22-23 | |
|---|---|
| Page 7, lines 23-25 | GRANTED.  *See* Wagner Opp'n Decl. ¶2(b). |
| Page 7, lines 25-26 | GRANTED.  *See* Kahn Opp'n Decl. ¶7(d). |
| Page 7, line 26, through page 8, line 1 | GRANTED.  *See* Zeng Opp'n Decl. ¶ 7. |
| Page 8, lines 6-8 | GRANTED.  *See* Wagner Opp'n Decl. ¶2(c). |
| Page 8, lines 9-14 | GRANTED.  *See* Zeng Opp'n Decl. ¶ 7; *see also* Kahn Opp'n Decl. ¶ 7(e); Busch Opp'n Decl. ¶ 8. |
| Page 8, lines 20-22 | GRANTED.  *See* Sessions Opp'n Decl. ¶ 3. |
| Page 8, line 28 | GRANTED.  *See* Forderer Decl. ¶ 7. |
| Page 9, lines 1-3, 9-10, 11-12 | GRANTED as to lines 1-3 and 11-12.  *See* Forderer Decl. ¶ 7.  <br><br>DENIED as to lines 9-10.  *See* Forderer Decl. ¶ 7.  Although Plaintiffs allege that the information contained within this sentence includes Mr. Marshall's "confidential information regarding job applications to non-Defendants, including the identities of associated non-parties such as individuals who acted as Plaintiff[']s references," the information Plaintiffs propose to maintain under seal does not actually appear to involve information of this nature.  Therefore, Plaintiffs have not established why this information is confidential, and the Court declines to find good cause to grant Plaintiffs' request to maintain this sentence under seal. |
| Page 10, lines 6-7 | GRANTED.  *See* Forderer Decl. ¶ 7. |
| Page 14, lines 3-5 | GRANTED.  *See* Forderer Decl. ¶ 7. |
| Page 18, lines 3-10 | GRANTED.  *See* Brown Opp'n Decl. ¶ 3; Sessions Opp'n Decl. ¶ 3; Zeng Opp'n Decl. ¶ 8; Kahn Opp'n Decl. ¶ 7(f). |
| Page 18, lines 23-24 | GRANTED.  *See* Zeng Opp'n Decl. ¶ 7. |
| Page 19, Lines 1-5 | GRANTED.  *See* Busch Opp'n Decl. ¶ 8. |
| Page 19, Lines 21-23 | DENIED.  Defendant Pixar contends that "[t]hese portions of Defendants' Opposition refer to and quote from a Pixar document that has been designated confidential.  The document contains confidential and competitively sensitive information regarding business strategy and internal compensation and recruiting practices of the Walt Disney Company, Pixar, and ImageMovers Digital."  *See* Kennedy Opp'n Decl. ¶ 5(c).  These excerpts quote portions of Exhibit 61 of the Shaver Declaration, which as set forth above the Court has declined to seal.  Having reviewed these excerpts, the Court finds that Pixar has not sufficiently alleged good cause to keep this sentence under seal. |
| Page 18, line 20, to page 20, line 12 | DENIED.  *See* Wagner Opp'n Decl. ¶ 2(d).  Defendant Google seeks to seal portions of Defendants' Opposition because it "quotes and references documents that contain confidential and highly sensitive details about Google's compensation of its employees and its compensation philosophy."  Wagner Decl. ¶ 2(d).  The Court does not find Defendant Google's request to be particularized. |

16

<table>
<tr><td></td><td>Consequently, the Court declines to find that Defendant Google has sufficiently set forth good cause to maintain all of the proposed redactions within these two pages under seal.</td></tr>
</table>

Regarding the proposed redactions to the Exhibits to the Brown Declaration in Support of Defendants' Opposition, the Court rules as follows:

| Exhibits | Ruling |
| --- | --- |
| 1 | GRANTED as to page 60, lines 23-25; page 79, lines 19-21; page 80, lines 7-23; page 92, line 20 through page 93, line 24; page 163, lines 10, and 13-24; page 456, lines 3-17; page 460, lines 19-22; page 467, lines 5-10, and line 21 through page 469, line 25; page 470, line 7-21.  *See* Kahn Opp'n Decl. ¶ 7(u); Busch Opp'n Decl. ¶ 8; Brown Decl. Opp'n ¶ 4. |
| 2 | GRANTED as to page 97, lines 22-24; page 98, lines 24-25; page 132, lines 24-25; page 135, lines 20-25; page 136, lines 1-12; page 137, lines 21, 23-24; page 142, lines 203.  *See* Forderer Decl. ¶ 7. |
| 3 | GRANTED as to page 125, lines 16-17; page 126, lines 11-12; page 197, lines 1-2, 7.  *See* Forderer Decl. ¶ 7. |
| 4 | GRANTED as to page 80, lines 1-12; page 80, lines 13-25; page 81, lines 1-25; page 82, lines 1-23; page 87, lines 8-9, 13, 21-22; page 88, lines 2-7, 13-15; page 90, lines 7-25; page 91, lines 1-25; page 125: lines 22-23; page 138, lines 1-2, 11-12; page 175, lines 22-25.  *See* Forderer Decl. ¶ 7. |
| 5 | GRANTED  as to page 138, lines 3-6; page 155, lines 9-25; 156, lines 1-25; 157, lines 1-25; 182, lines 3, 16-25; 183, lines 1-25; 184, lines 1-25; 202, lines 1-25; 203, lines1-25; 204, lines 1-4; page 204, lines 12-25; page 337, lines 4-8.  *See* Forderer Decl. ¶ 7. |
| 6 | GRANTED as to pages 105, lines 1-25; 106, lines 24-25; 107, lines 1-25; 108, lines 1-25; 113, lines 1-25; page 220, line 25.  *See* Forderer Decl. ¶ 7 |
| 9 | GRANTED as to page 5, lines 10, 14, 19-20, 25; page 6, lines 1, 5-6, 10, 14-15, 20, 27-28; page 7, lines 1, 6, 10, 14-15, 20, 27-28; page 8, lines 8-9, 12-13; page 9, lines 14-16.  *See* Forderer Decl. ¶ 7. |
| 10 | GRANTED as to page 5, lines 10, 15-16, 20, 25; page 6, lines 19-22; page 7, lines 1, 18-20; page 8, lines 9-18; page 9, lines 3-6.  *See* Forderer Decl. ¶ 7. |
| 11 | GRANTED as to page 5, lines 13-15, 19, 25-26; page 6, lines 4-6; page 6, lines 25-28; page 7, lines 1-5.  *See* Forderer Decl. ¶ 7. |
| 12 | GRANTED as to page 5, lines 16, 21, 26; page 6, lines 8-9, 14, 17, 21; page 7, lines 5,9, 14-15, 20-23, 26-27; page 9, lines 2-3.  *See* Forderer Decl. ¶ 7. |
| 13 | GRANTED as to page 5, lines 10, 15, 20, 25; page 6, lines 2-3, 19.  *See* Forderer Decl. ¶ 7. |
| 14 | DENIED.  Defendant Adobe seeks to maintain under seal Exhibit 14, which is a copy of the Declaration of Donna Morris of Adobe Systems, Inc. in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification.  *See* Kahn Opp'n Decl. ¶ 7(v).  Adobe contends that this declaration "establishes that Adobe's compensation data, practices, strategies and policies, as well as its recruiting data, practices, strategies and policies are confidential and commercially sensitive."  *Id.*  ¶3.  While the Court finds that Defendant Adobe has established good cause to maintain much of the substance of this declaration under seal, the Court is not convinced that Adobe's request—which includes at least 100 pages worth of power point slides—is sufficiently particularized.  Therefore, the Court DENIES Adobe's request to seal Ms. Morris's declaration in its entirety, with leave to amend. |

17

**United States District Court**
For the Northern District of California

| 15 | DENIED.  Defendant Adobe also seeks to maintain under seal Exhibit 15, which is a copy of the Declaration of Jeff Vijungco of Adobe Systems, Inc. in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification.  *See* Kahn Opp'n Decl. ¶ 7(w).  Defendant Adobe contends that paragraph 3 of this declaration "established that Adobe's recruiting and hiring date, policies and strategies are confidential and that public dissemination of that information could cause Adobe competitive harm." *Id.* ¶ 6.  While the Court finds that Adobe has established good cause to maintain some of this exhibit under seal, the Court is not convinced that Defendant Adobe's request is particularized. |
|----|---|
| 16 | DENIED.<br><br>Defendant Apple seeks to maintain under seal all of Exhibit 16, which is a copy of the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, as well as attached exhibits B & C. Brown Opp'n Decl. ¶ 5.  Steven Burmeister contends in his declaration, that "[t]he information contained in this declaration and the attached Exhibits B and C is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive.  Public disclosure of this information would give Apple's competitors insight into its confidential and proprietary employee compensation practices and strategies, deprive Apple of its investment in developing these strategies, and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees."  Burmeister Decl. ¶ 11; *see also* Brown Opp'n Decl. ¶ 5 (stating that the information in this exhibit, as well as the attached exhibits B and C, "contain and reflect Apple's highly confidential and competitively sensitive compensation data and strategies.").  While the Court finds that Defendant Apple has established good cause to maintain some of this exhibit under seal, the Court is not persuaded that Defendant Apple's request is particularized. |
| 17 | GRANTED as to paragraphs 3-16 and Exhibits A–F.  *See* Busch Opp'n Decl. ¶ 8. |
| 18 | GRANTED as to paragraphs 3-5 and 7-10, as well as Exhibits F, G, and H.  *See* Busch Opp'n Decl. ¶ 8. |
| 19 | DENIED.  Defendant Intuit seeks to maintain under seal Exhibit 19, which is a copy of the Declaration of Mason Stubblefield in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, as well as the attached exhibits.  *See* Zeng Opp'n Decl. ¶ 5.  Zeng's declaration asserts that paragraph 3 of the Declaration of Mason Stubblefield and accompanying exhibits . . . establishes that Intuit's salary and compensation data and methodologies is confidential and that public dissemination of that information could cause Intuit competitive harm." *See Id.* ¶¶ 5, 7; *see also* Stubblefield Decl. ¶ 3.  Having reviewed this document, the Court finds that Intuit has not made a particularized showing that all of the information contained therein is "confidential." *Id.* |
| 20 | DENIED.  Defendant Intuit also seeks to maintain under seal Exhibit 20, which is a copy of the Declaration of Chris Galy in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, as well as the attached exhibits.  *See* Zeng Opp'n Decl. ¶ 6.  Zeng's declaration asserts that paragraph 2 of the Declaration of Chris Galy "establishes that information pertaining to Intuit's recruiting methods, strategies, practices, and data is confidential and that public dissemination of that information could cause Intuit competitive harm." *Id.*; *see* Galy Decl. ¶ 2.  Having reviewed this exhibit, the Court finds that Intuit has not made a particularized showing that all of the information contained therein is |

"confidential." *Id.*

| | |
|---|---|
| 21 | DENIED. Defendant Google seeks to maintain under seal Exhibit 21, which is a copy of the Declaration of Frank Wagner in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, as well as the attached exhibits. *See* Wagner Opp'n Decl. ¶ 4. According to Wagner, the information in this declaration is "confidential and highly sensitive" and "Google derives economic benefit by maintaining its confidentiality." *Id.* ¶ 6. Attached to this declaration are three exhibits that also "contain highly confidential information about Google's compensation and recruiting practices," Wagner Sealing Decl. ¶ 7, which "Google does not disclose . . . to its competitors, customers or the general public," *id.* ¶ 8. While the Court finds that Defendant Google has established good cause to maintain some of this exhibit under seal, the Court is not persuaded that Defendant Google's request is sufficiently particularized. |
| 22 | DENIED. Defendant Lucasfilm seeks to maintain under seal Exhibit 22, which is a copy of the Declaration of Michelle Maupin in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, as well as attached exhibits. Lucasfilm seeks to maintain the entire declaration and accompanying exhibits under seal." Sessions Opp'n Decl. ¶ 5. Having reviewed this exhibit and the attachments, the Court finds that Lucsfilm has not made a particularized showing that all of the information contained therein is "confidential." |
| 23 | GRANTED as to lines 4-8, 11-17, 20-24, and 26-27 on page 2, and lines 6-7 on page 4 of the McAdams declaration, as well as Exhibit 1. *See* Kennedy Opp'n Decl. ¶ 5(a). |
| 25 | DENIED. Defendant Google also seeks to maintain under seal Exhibit 25, which is a "confidential presentation related to Google's compensation practices and philosophy." Wagner Opp'n Decl. ¶ 10. According to Wagner, this document "contains highly sensitive and confidential information about Google's compensation program, including its bonus targets, the disclosure of which would likely cause competitive harm to Google by giving third parties (including Google's competitors in the labor market) direct insight into highly confidential and competitively sensitive aspects of Google's internal decision-making processes related to its business operations." *Id.* While the Court finds that Defendant Google has established good cause to maintain some of this exhibit under seal, the Court is not persuaded that Defendant Google's request is sufficiently particularized. |

For portions of Defendants' Motion to Strike, the Court rules as follows:

| Paragraphs | Ruling |
|---|---|
| Page 7, lines 4-7 | GRANTED. *See* Busch Opp'n Decl. ¶ 8. |
| Page 11, lines 1-2 | GRANTED. *See* Kennedy Opp'n Decl. ¶ 5(e). |
| Page 13 | DENIED. Although Defendant Google appears to contend that lines 2 through 4 of this page "contain[] a confidential and highly sensitive discussion of Google's compensation data in the context of analyzing the findings of Professor Leamer," Wagner Opp'n Decl. ¶ 9(a), it is unclear from either the text of this Motion to Strike or the referenced deposition testimony of Professor Leamer how this sentence reveals anything confidential or potentially harmful to Defendants. |
| Page 15, lines 1-2 | GRANTED. *See* Brown Opp'n Decl. ¶ 7. |
| Page 17, footnote 13, lines 2-3 | GRANTED. *See* Kennedy Opp'n Decl. ¶ 5(e); Wagner Opp'n Decl. ¶9(b). |

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

**United States District Court**
For the Northern District of California

| Page 19, footnote 16 | GRANTED.  Brown Opp'n Decl. ¶ 7 |
| Pages 20-21, Fig. 16 | GRANTED.  *See* Wagner Opp'n Decl. ¶ 9(c). |
| Page 21, lines 9-10 | GRANTED.  Brown Opp'n Decl. ¶ 7. |

For the Exhibits to the Welch Declaration in support of the Motion to Strike, the Court rules as follows:

| Exhibits | Ruling |
| --- | --- |
| A | GRANTED as to page 76, lines 2-25; page 90, lines 19-23; page 106, lines 18-23; page 163, lines 3-6, 10, 13-24; page 261, lines 14-23; page 262, line 3 through page 263, line 25; page 400, lines 11-13, 16; page 435, lines 4-5; and page 468, line 5, through page 469, line 25.  *See* Kahn Opp'n Decl. ¶ 7(x); Kennedy Opp'n Decl. ¶ 5(a); Busch Opp'n Decl. ¶ 8; Brown Opp'n Decl. ¶ 8. |
| B | GRANTED as to page 65, lines 5-21, and page 197, lines 1-2, 7.  *See* Busch Opp'n Decl. ¶ 8; Forderer Decl. ¶ 7. |
| C | GRANTED as to page 181, lines 18, 22-25.  *See* Forderer Decl. ¶ 7. |
| D | GRANTED as to page 97, lines 22-25.  *See* Forderer Decl. ¶ 7 |

### C. Plaintiffs' Motion to Seal Documents Related to the Consolidated Reply in Support of its Motion for Class Certification and in Opposition to Defendants' Motion to Strike

Finally, in connection with Plaintiffs' Reply in Support of its Motion for Class Certification and in Opposition to Defendants' Motion to Strike,  Plaintiffs filed an administrative motion for a sealing order, ECF No. 246, and lodged under seal certain information contained in:  (a) Plaintiffs' Reply, *see* ECF No. 247; (b) Exhibits 1-6, 9-10, and 12-30 to the Declaration of Dean M. Harvey in Support of Plaintiffs' Consolidated Reply, *see* ECF Nos. 248 ("Harvey Decl."); and (c) the Reply Expert Report of Edward R. Leamer, Ph.D., *see* ECF No. 249.[4]  In addition, on December 12, 2012, Plaintiffs filed a letter from Brendan Glackin regarding a Correction to the Reply, *see* ECF No. 253, indicating that portions of the letter be filed under seal because it refers to data that Defendants have designated as "Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order.  *See* ECF No. 252.

For the reasons stated herein, the Court GRANTS the request to file under seal portions of the Reply and exhibits in support thereof that Defendants designated either "Confidential" or

---

[4] This Order does not address the parties' request to file under seal portions of the Leamer Reply Report.  Accordingly, this Order also does not address Defendants' request to remove the reply expert report from the ECF docket due to the report's headings.  *See* ECF No. 254.  The Court will address the parties' requests to file portions of this report under seal in a separate order.

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

"Confidential – Attorneys' Eyes Only," under the modified Stipulated Protective Order.  The Court also GRANTS the request to file the designated portion of the Glackin Letter under seal.

### 1.   Defendants' Request to Maintain the Confidentiality of Certain Defendants-Related Company Materials

In compliance with Civil Local Rule 79–5(d), Defendants have submitted timely declarations on behalf of each Defendant in support of Plaintiffs' Reply and the exhibits filed in support thereof:

(1) Defendant Intel Corp. filed a Declaration of Susan J. Welch, *see* ECF No. 255 ("Welch Reply Decl.");

(2) Defendant Intuit Inc. filed a Declaration of Catherine T. Zeng, *see* ECF No. 256 ("Zeng Reply Decl.");

(3) Defendant Adobe Systems, Inc. filed a Declaration of Lin W. Kahn, *see* ECF No. 257 ("Kahn Reply Decl.");

(4) Defendant Apple Inc. filed a Declaration of Christina, *see* ECF No. 258 ("Brown Reply Decl.");

(5) Defendant Pixar Filed a Declaration of James M. Kennedy, *see* ECF No. 259 ("Kennedy Reply Decl.");

(6) Defendant Lucasfilm Ltd. filed a Declaration of Justina K. Sessions, *see* ECF No. 260 ("Sessions Reply Decl.");

(7) Defendant Google Inc. filed a Declaration of Frank Wagner, *see* ECF No. 261 ("Wagner Reply Decl.").

Defendants also filed a Joint Administrative Motion to Seal and Motion to Remove Incorrectly Filed Document.  *See* ECF No. 254.  As with Defendants' prior declarations seeking to seal documents connected with Plaintiffs' Motion for Class Certification, Defendants contend that "redacted portions of the Reply [and] Exhibits 1, 2, 3, 6, 10, 13, 15-17, 19, 20, 22-27, 29, and 30 to the Harvey Declaration . . . contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data," in addition to "information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market."  ECF No. 254 at 2.  Defendants further assert that they "seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

1   candidates" which Defendants designated as "Confidential" or "Attorneys' Eyes Only"

2   under the modified Stipulated Protective Order.  *Id.*

3        Defendants assert that "public disclosure of this information," which the Defendants keep

4   confidential, "would cause each Defendant harm by giving third-parties (including individuals

5   responsible for competitive decision-marking) insights into confidential and sensitive aspects of

6   each of the Defendants' strategies, competitive positions, and business operations, allowing these

7   third-parties to potentially gain an unfair advantage in dealings with and against each of the

8   Defendants."  *Id.*

9        After reviewing Defendants' joint and separate declarations, the relevant case law, and each

10  of the documents that Defendants seek to maintain under seal, the Court finds that Defendants have

11  made a particularized showing with respect to sealing the following portions of the Reply:  i,

12  Headings III.B.1, III.B.2, III.C, and III.D; page 3, lines 18-25; page 11, lines 15-16; page 12, lines

13  18-21; page 13, line 23, through page 14, line 12; page 14, footnote 10; page 16, lines 11-12; page

14  16, lines 18-19; page 17, lines 13-22; page 17, line 27, through page 18, line 11; page 18, lines 14-

15  28; page 19, lines 5-9; page 19, lines 14-16; page 19, lines 17-27; page 20, lines 3-26; page 21,

16  lines 5-7; page 21, lines 7-13; page 21, lines 13-14; page 21, footnote 13; page 22, lines 5-7; page

17  23, footnote 14, second sentence; page 24, lines 14-21; page 25, lines 1-6.  The Court is persuaded

18  that Defendants' requests are sufficiently specific and that Defendants have plausibly articulated

19  the need for maintaining the confidentiality of this information given the potential harm that may

20  come from public disclosure.

21       In addition, the Court finds that Defendants have made a particularized showing with

22  respect to sealing the following exhibits and portions of exhibits to the Harvey Declaration:

23  Exhibit 1 (page 57, lines 6, through page 58, line 23; page 73, line 20 through page 74, line 3; page

24  74, line 18 through page 76, line 25);  Exhibit 2 (page 244, line 1 through page 247, line 25);

25  Exhibit 10 (page 327, line 17 through page 328, line 25); Exhibit 13 (pages 255-258; page 260, line

26  11-25, page 283, lines 7-25, page 284, lines 1-4, 12-20; page 294, lines 15-25; and page 295, line

27  22 through page 296, line 5); Exhibit 15;  Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit

28  20; Exhibit 22; Exhibit 23; Exhibit 24; Exhibit 25; and Exhibit 30.  The Court finds that

22

1  Defendants' requests are sufficiently specific as to these exhibits and that Defendants have

2  plausibly articulated the need for maintaining their confidentiality given the potential harm that

3  may come from public disclosure.  Consequently, the Court finds good cause to GRANT the

4  motion to maintain these documents under seal.  Finally, the Court GRANTS the request to file

5  portions of the Glackin letter under seal.

6  However, the Court finds that Defendants have not made a sufficiently particularized

7  showing of good cause with respect to the following portions of Plaintiffs' Reply: page 13, lines

8  14-18; page 13, lines 22-23; and page 20, line 26, through page 21, line 4.  In addition, the Court

9  finds that Defendants have not made a particularized showing with respect to sealing the following

10 exhibits to the Harvey Declaration:  Exhibit 3, Exhibit 4, Exhibits 6, Exhibit 26, Exhibit 27, and

11 Exhibit 29.  Furthermore, to the extent Defendants contend that disclosure of these materials would

12 cause Defendants' competitive harm, the Court finds that Defendants have not supported their

13 assertions with sufficiently particularized facts.  Therefore, the Court DENIES these requests

14 without prejudice.

15     **2.     The Court's Rulings on Plaintiffs' Administrative Motion to Seal Documents Related to its Reply**

16

17 In summary, for the Reply in Support of the Motion for Class Certification, the Court rules

18 as follows:

19

| Pages/Lines to be Sealed | Ruling |
|---|---|
| i, Headings III.B.1, III.B.2, III.C, and III.D | GRANTED.  *See* Wagner Reply Decl. ¶2(a). |
| Page 3, lines 18-25 | GRANTED.  *See* Wagner Reply Decl. ¶2(b). |
| Page 11, lines 15-16 | GRANTED.  *See* Zeng Reply Decl. ¶ 7. |
| Page 12, lines 18-21 | GRANTED.  *See* Kahn Reply Decl. ¶ 7(a). |
| Page 13, lines 14-18 | DENIED.  This excerpt references and quotes portions of the Colligan Declaration and the exhibits to the Colligan Declaration.  As the Court has denied Palm's request to seal this excerpt in connection with Plaintiffs' Motion for Class Certification, the same reasons apply to denying the request to seal here.  *See* Booth Decl. ¶¶ 3-6;  Zeng Reply Decl. 10. |
| Page 13, lines 22-23 | DENIED.  Pixar contends that good cause exists to file under seal this specific quotation from Exhibit 61 to the Shaver Declaration.  *See*  Kennedy Reply Decl. ¶ 5.  This excerpt quotes a portion of Exhibit 61, which as set forth above the |

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| | Court has declined to seal. Having reviewed this excerpt, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential." *Id.* |
| Page 13, line 23 through page 14, line 12 | GRANTED.  *See* Wagner Reply Decl. ¶2(c). |
| Page 14, Footnote 10 | GRANTED.  *See* Welch Reply Decl. ¶ 8; Kahn Reply Decl. ¶ 7(b); Brown Reply Decl. ¶ 3; Wagner Reply Decl. ¶ 2(d). |
| Page 16, lines 11-12 | GRANTED.  *See* Wagner Reply Decl. ¶2(e). |
| Page 16, lines 18-19 | GRANTED.  *See* Wagner Reply Decl. ¶2(f). |
| Page 17, lines 13-22 | GRANTED.  *See* Brown Reply Decl. ¶ 3; Wagner Reply Decl. ¶2(g); Welch Reply Decl. ¶¶ 8, 9; Sessions Reply Decl. ¶ 4(i). |
| Page 17, line 27, through page 18, line 11 | GRANTED.  *See* Kahn Reply Decl. ¶ 7(c). |
| Page 18, lines 14-28 | GRANTED.  *See* Brown Reply Decl. ¶ 3; Wagner Reply Decl. ¶2(h); Welch Reply Decl. ¶¶ 8, 9. |
| Page 19, lines 5-9 | GRANTED.  *See* Zeng Reply Decl. ¶ 7; Sessions Reply Decl. ¶ 4(i). |
| Page 19, lines 14-16 | GRANTED.  *See* Kahn Reply Decl. ¶ 7(d). |
| Page 19, lines 17-27 | GRANTED.  *See* Kahn Reply Decl. ¶ 7(d). |
| Page 20, lines 3-26 | GRANTED.  *See* Wagner Reply Decl. ¶2(i). |
| Page 20, line 26 through page 21, line 4 | DENIED.  Pixar contends that good cause exists to file under seal this specific quotation from Exhibit 61 to the Shaver Declaration.  *See* Kennedy Reply Decl. ¶ 5.  As set forth above, the Court has declined to seal Exhibit 61.  Thus, having reviewed these excerpts, the Court finds that Pixar has not made a particularized showing that the information contained therein is "confidential."  *Id.* |
| Page 21, lines 5-7 | GRANTED.  *See* Wagner Reply Decl. ¶2(j). |
| Page 21, lines 7-13 | GRANTED.  *See* Brown Reply Decl. ¶ 3. |
| Page 21, lines 13-14 | GRANTED.  *See* Welch Reply Decl. ¶¶ 8, 9; Zeng Reply Decl. ¶ 7. |
| Page 21, Footnote 13 | GRANTED.  *See* Zeng Reply Decl. ¶ 7; Sessions Reply Decl. ¶ 4. |
| Page 22, lines 5-7 | GRANTED.  *See* Brown Reply Dec. ¶ 3; Wagner Reply Decl. ¶2(k). |
| Page 23, footnote 14, second sentence | GRANTED.  *See* Welch Reply Decl. ¶¶ 8, 9. |
| Page 24, lines 14-21 | GRANTED.  *See* Welch Reply Decl. ¶¶ 8, 9. |
| Page 25, lines 1-6 | GRANTED.  *See* Brown Reply Decl. ¶ 3. |

Regarding the proposed redactions to the exhibits to the Harvey Declaration in Support of Plaintiffs' Consolidated Reply, the Court rules as follows:

| Exhibits | Ruling |
|---|---|
| 1 | GRANTED as to page 57, line 6, through page 58, line 23; page 73, line 20, through page 74, line 3; page 74, line 18, through page 76, line 25.  *See Kahn Reply Decl.* ¶ 7(v). |
| 2 | GRANTED as to page 244, line 1 through page 247, line 25.  *See Kahn Reply Decl.* ¶ 7(w). |
| 3 | DENIED.  This exhibit involves excerpts from the deposition of Apple witness Mark Bentley, which allegedly reflect Apple's confidential recruiting practices and strategies.  *See Brown Reply Decl.* ¶ 5.  Having reviewed this document, the Court finds that Apple has not made a particularized showing that all of the information contained therein is "confidential." |
| 4 | DENIED.  This exhibit contains "transcript excerpts from the deposition of Arnon Geshuri, dated August 17, 2012, and reflects confidential and highly sensitive details about Google's recruiting strategies and resources with respect to particular types of candidates."  *See Wagner Reply Decl.* ¶4(a).  Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| 6 | DENIED.  This exhibit contains excerpts from the deposition of Steven Burmeister which allegedly "reflect Apple's sources of highly confidential employee compensation data."  *See Brown Reply Decl.* ¶ 5.  Having reviewed this document, the Court finds that Apple has not made a particularized showing that all of the information contained therein is "confidential." |
| 10 | GRANTED as to page 327, line 17 through page 328, line 25.  *See Wagner Reply Decl.* ¶4(b). |
| 13 | GRANTED as to pages 255-258; page 260, line 11-25; page 283, lines 7-25; page 284, lines 1-4, 12-20; page 294, lines 15-25; and page 295, line 22, through page 296, line  5.  *See Kahn Reply Decl.* ¶ 7(x), Brown Reply Decl. ¶ 5, Wagner Reply Decl. ¶4(c). |
| 15 | GRANTED.  *See Kahn Reply Decl.* ¶ 7(y). |
| 16 | GRANTED.  *See Kahn Reply Decl.* ¶ 7(z). |
| 17 | GRANTED.  *See Kahn Reply Decl.* ¶ 7(aa). |
| 18 | GRANTED.  *See Kahn Reply Decl.* ¶ 7(bb). |
| 19 | GRANTED. *See Brown Reply Decl.* ¶ 5. |
| 20 | GRANTED.  *See Brown Reply Decl.* ¶ 5. |
| 22 | GRANTED. *See Wagner Reply Decl.* ¶4(d). |
| 23 | GRANTED.  *See Wagner Reply Decl.* ¶4(e). |
| 24 | GRANTED.  *See Wagner Reply Decl.* ¶4(f). |
| 25 | GRANTED.  *See Wagner Reply Decl.* ¶4(g). |
| 26 | DENIED.  *See Welch Decl.* ¶ 3.  Having reviewed this document, the Court finds that Intel has not made a particularized showing that all of the information contained therein is "confidential." |
| 27 | DENIED.  *See Welch Decl.* ¶ 3.  Having reviewed this document, the Court finds that Intel has not made a particularized showing that all of the information contained therein is "confidential." |
| 29 | DENIED.  *See Zeng Reply Decl.* ¶ 8.  Having reviewed this document, the Court finds that Intuit has not made a particularized showing that all of the information contained therein is "confidential." |
| 30 | GRANTED.  *See Sessions Reply Decl.* ¶¶ 4(i); 5. |

Case No.: 11-CV-02509-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

1

Finally, for the Glackin Letter, the Court rules as follows:

2

| Exhibits | Ruling |
| --- | --- |
| Glackin Letter | GRANTED.  *See* Welch Decl. ¶ 8. |

### III.    Conclusion

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART the parties' administrative motions to seal documents.  For each motion and exhibit to a motion where the Court has denied a request to seal, Plaintiffs shall re-file that motion and exhibit consistent with this Order and the Court's Standing Order within seven days.  Defendants shall do the same for any motion and exhibit to a motion for which its motion to seal has been granted-in-part and denied-in-part.  In addition, if any portion of the exhibits that the parties wish to file under seal becomes part of the public record, such as during the hearing on class certification, the parties must file that portion publicly within seven days of public disclosure.

**IT IS SO ORDERED.**

Dated:  January 15, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California

3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28