Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**RENEWED ADMINISTRATIVE MOTION TO SEAL** |

## I. RENEWED MOTION TO SEAL

In its Sealing Order (Dkt. No. 273), the Court denied *without prejudice* requests to seal certain documents on the ground that, although portions of the documents appeared sealable, the showing was not sufficiently particularized to seal the documents in their entirety. Accordingly, Defendants Adobe Systems Inc., Intel Corp., Intuit Inc. and Google, Inc. ("Defendants") hereby jointly move to renew their requests to seal only portions of the following documents that reflect highly confidential information the public disclosure of which would cause harm to Defendants: (i) Motion for Class Certification (Dkt. No. 186) ("Class Motion"); (ii) Exhibit 14 to the Shaver Declaration (Dkt. No. 187-190); (iii) Plaintiffs' Consolidated Reply (Dkt. No. 247) ("Reply"); and (iv) Exhibits 26, 27, and 29 to the Harvey Declaration (Dkt. No. 248). Pursuant to the Court's order on January 11, 2013 (Dkt. No. 269), also attached are the documents at issue with the proposed redactions highlighted in yellow, as Exhibits A through G.

### A.   Class Motion, Page 17, lines 13-16

The Court inadvertently denied Adobe's request to seal lines 13-16 on the ground that lines 10-16 quote portions of Exhibit 14, which the court did not seal. (Sealing Order at 9, 10.) Lines 13-16, however, quote Exhibit 15 of the Shaver Declaration, which the Court sealed in its entirety. Accordingly, Adobe requests that the Court grant its request to seal lines 13-16 consistent with its Sealing Order regarding Exhibit 15.[1]

### B.   Shaver Declaration, Exhibit 14

The Court denied Adobe's request on the ground that, although portions of the document may be sealable, Adobe had not made a particularized showing as to why the entire document should be sealed. (Sealing Order at 10.) Adobe now seeks to seal only portions of Exhibit 14, which reflect highly confidential information regarding Adobe's recruiting strategies, policies and practices the public disclosure of which would cause harm to Adobe as detailed in the supporting Declaration of Donna Morris ¶ 4.

---

[1] Exhibit A to this motion contains the proposed redaction to page 17 highlighted in yellow, and the redactions previously granted by the Court in the Sealing Order highlighted in green.

**C.     Reply Brief, page 19, lines 1-5**

Intuit previously requested that the Court seal page 19, lines 1-5 of the Reply and page 18, lines 24-28, which deal with the same subject. (*See* Zeng Decl. ¶ 7 (Dkt. 256).) Although the Court granted Intuit's request as to page 18, lines 24-28, it was silent as to page 19, lines 1-5. (*See* Sealing Order at 24.) Accordingly, Intuit renews its request to seal page 19, lines 1-5 of the Reply, which reflect confidential information about Intuit's compensation practices.[2] (*See* Borgeson Declaration filed concurrently herewith.)

**D.     Harvey Declaration, Exhibits 4, 26, 27, and 29**

Google initially sought to seal Exhibit 4 to the Harvey Declaration in its entirety. (See Frank Wagner Declaration (Dkt. 261)). That request was denied without prejudice because "Google has not made a particularized showing that all of the information contained therein is 'confidential." (Dkt. 273 at 25:10-12). Google now seeks to seal discrete portions of the deposition transcript excerpts included in Exhibit 4. The Declaration of Frank Wagner related to this renewed motion provides a particularized showing that these discrete portions of Exhibit 4 contain Google confidential information.

Intel initially sought to seal Exhibits 26 and 27 to the Harvey Declaration in their entirety. (*See* Welch Declaration (Dkt. 255).) That request was denied without prejudice because "Intel ha[d] not made a particularized showing that all of the information contained therein is 'confidential.'" (Dkt. 273 at 25:24-25.) Intel now seeks to seal portions of the documents. The accompanying Declaration of Tina M. Evangelista provides a particularized showing that portions of each exhibit contain Intel confidential information.

The Court denied Intuit's request to seal Harvey Exhibit 29 in its entirety on the ground that, although portions of the document may be sealable, Intuit had not made a particularized showing that all of the information contained within the exhibit was sealable. (Dkt. 273 at 25.) Intuit now seeks to seal only certain portions of Exhibit 29, which reflect confidential information about Intuit's compensation practices the public disclosure of which would cause

---

[2] Exhibit C to this motion contains the proposed redaction to page 19 highlighted in yellow, and the redactions previously granted by the Court in the Sealing Order highlighted in green.

harm to Intuit as detailed in the supporting Declaration of Lisa K. Borgeson ¶ 7.

## II. GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION

As demonstrated in the supporting declarations, the above-referenced documents contain confidential and commercially sensitive information about compensation and recruiting practices, strategies and policies, and personal identifying information of employees or candidates. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order, and have otherwise kept the sealed information confidential. The public disclosure of this information would cause Adobe, Intel, Intuit, and Google harm by giving third-parties insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants.

This Court has sealed similar information in this case. (*See* Sealing Order). Moreover, information regarding compensation policies, practices and decisions, as well as internal recruiting or hiring policies, practices, and strategies are regularly sealed by other courts because of their confidential and private nature. *See, e.g., In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information"); *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago*

*Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

I. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court order materials described above to be placed under seal.

Dated: January 22, 2013                JONES DAY

By:    */s/ David C. Kiernan*
             David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

| | | |
|---|---|---|
| 1 | Dated:  January 22, 2013 | JONES DAY |
| 2 | | |
| 3 | | By:     /s/ Robert A. Mittelstaedt<br>          Robert A. Mittelstaedt |
| 4 | | Robert A. Mittelstaedt<br>Craig E. Stewart<br>555 California Street, 26th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 626-3939<br>Facsimile:  (415) 875-5700 |

Catherine T. Zeng
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

Dated:  January 22, 2013     MAYER BROWN LLP

By:     */s/ Lee H. Rubin*
          Lee H. Rubin

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated:  January 22, 2013     BINGHAM McCUTCHEN LLP

By:     */s/ Frank M. Hinman*
          Frank M. Hinman

Donn P. Pickett
Frank M. Hinman
Three Embarcadero Center
San Francisco, CA  94111
Telephone:  (415) 393-2000
Facsimile:   (415) 383-2286

*Attorneys for Defendant INTEL CORPORATION*

-6-

RENEWED ADMINISTRATIVE MOTION TO SEAL
MASTER DOCKET NO. 11-CV-2509-LHK

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.

SVI-119209v3