Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DECLARATION OF DONNA MORRIS IN SUPPORT OF RENEWED MOTION TO SEAL** |
| | Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Donna Morris, declare as follows:

1. I am the Senior Vice President of Global Human Resources at Adobe Systems Inc. ("Adobe"). I have been employed by Adobe for more than 10 years. I have personal knowledge of the matters stated in this declaration, except those matters stated on information and belief. I make this declaration in support of Adobe's Renewed Motion to Seal documents filed in connection with Plaintiffs' Motion for Class Certification ("Class Certification Motion") and Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition"). If called and sworn as a witness, I could and would competently testify to the matters stated below.

2. I have reviewed the following documents, with particular attention to the portions that Adobe seeks to redact:

    a. 2005 Global Talent presentation, bates stamped ADOBE_002773, which I understand was attached as Exhibit 14 to the declaration of Anne Shaver ("Shaver Declaration") in support of the Class Certification Motion;

    b. My declaration in support of the Opposition and attached exhibits, which I understand was attached as Exhibit 14 to the declaration of Christina Brown ("Brown Declaration") in support of the Opposition; and

    c. Jeff Vijungco's declaration in support of the Opposition, which I understand was attached as Exhibit 15 to the Brown Declaration in support of the Opposition.

3. Through my work in Adobe's Human Resources Department, I am familiar with the information contained in these redacted portions and exhibits and how that information is maintained at Adobe.

4. Exhibit 14 to the Shaver Declaration (ADOBE_002773) is a presentation titled "Global Talent Attracting Senior Talent," the redacted portions of which contain confidential information regarding the following:

    a. pages 3, 4, and 10 contain confidential information regarding Adobe's recruiting strategies, policies and practices, specifically regarding strategies on the type of talent that Adobe seeks to attract;

b. pages 5 and 14 contain confidential information regarding Adobe's practices and strategies on the criteria used to consider top talent and Adobe's analysis of top talent;

c. page 6 contains Adobe's confidential analysis of the market;

d. pages 7, 8, and 9 contain Adobe's confidential analysis of rejected offers and reflects Adobe's candidate data; and

e. pages 11, 12, and 13 contain names of individuals who applied for positions at Adobe, along with their past/present employment information.

5. The redacted portions of my declaration summarize confidential and commercially sensitive information about Adobe's compensation practices, including: how Adobe classifies and categorizes employees (Morris Decl. ¶ 4) ; types of compensation Adobe provides employees (Morris Decl. ¶ 5); how Adobe differentiates employee compensation (Morris Decl. ¶¶ 6, 8); and the criteria and process Adobe uses to determine employee base salary, bonuses, and equity grants for new, existing, and acquired employees (Morris Decl. ¶¶ 7, 10-26, 28-36).

6. Attached to my declaration are five exhibits that also contain confidential and commercially sensitive information about Adobe's compensation practices.

a. Exhibit 1 (ADOBE_015864) is a February 2005 presentation titled "Adobe 2005 Performance, Salary & Stock Focal," the redacted portions of which contain the following confidential information:

 i. pages 1 and 2 contain the timeline and steps Adobe used in 2005 to adjust employees' salaries and stock grants and reflects Adobe's compensation strategies;

 ii. pages 6, 7, 8, and 9 contain information regarding the process and criteria Adobe uses to review, rank and evaluate employees;

 iii. page 13 contains information about Adobe's compensation philosophy and strategy of differentiating employee compensation;

 iv. pages 14 and 15 contain information about the methodology Adobe uses to adjust employee compensation;

      v. pages 16, 17, 18, and 22 contain information regarding Adobe's market analysis, including salary budget survey findings;

      vi. pages 19 and 20 contain information about Adobe's process of differentiating employees for compensation purposes;

      vii. pages 21, 23, 24, and 25 contain analysis of and recommendations for Adobe employee's compensation; and

      viii. pages 26 and 27 contain Adobe's projected salary budgets.

  b. Exhibit 2 (ADOBE_023747) is a November/December 2006 presentation titled a "2007 Mini Performance Focal Manager," the redacted portions of which contain confidential information regarding the following:

      i. page 3 contains information about Adobe's performance management cycle and philosophy;

      ii. page 5 contains information about the philosophy and principles that guide Adobe's compensation practices and how Adobe differentiates employee compensation;

      iii. pages 6, 23, and 24 contain information regarding how Adobe divides roles and responsibilities for setting compensation among employees, and reflects Adobe's compensation strategies;

      iv. page 7 contains modifications to Adobe's 2007 employee reviews and compensation adjustments;

      v. pages 10, 11, and 12 contain information about the process and criteria Adobe uses to review, rank and evaluate employees;

      vi. pages 13, 14, 15, 16, and 21 contain Adobe's methodologies and strategies relating to salary budget, and the budget's expected impact;

      vii. pages 17, 19, and 20 reflects information regarding Adobe's compensation adjustment strategies and practices;

      viii. page 18 contains information about Adobe's global salary budgets; and

      ix. pages 22, 23, 24, and 25 contain information about the timeline, processes

and tools Adobe uses to adjust employee compensation.

c. Exhibit 3 (ADOBE_015059) is a February 2007 presentation titled "Performance-based Restricted Stock Unit Program; FY '07 Incentive Program Updates," the redacted portions of which contain confidential information regarding the following:

   i. page 1 contains Adobe's analysis of its compensation and equity award strategies and practices;

   ii. page 3 contains information about the principles that guide Adobe's equity awards and how Adobe differentiates employee rewards;

   iii. pages 4, 7, and 8 reflects Adobe's strategy for selecting a mix of compensation types (e.g., salary, stock options, bonuses, benefits, etc.);

   iv. pages 10, 11, and 12 overview Adobe's plan for allocating equity awards to employees;

   v. pages 13, 14, 15, and 16 reflects Adobe's criteria for awarding employees equity grants;

   vi. pages 18 and 19 overview Adobe's annual incentive program ("AIP") and quarterly incentive program ("QIP");

   vii. pages 20, 21, 22, 23, and 24 explain criteria and scenarios for AIP and QIP awards; and

   viii. pages 25 and 26 summarize changes to Adobe's AIP and QIP programs in 2007.

d. Exhibit 4 (ADOBE_009668) is a September 2008 presentation titled "HR All Hands" the redacted portions of which contain confidential information regarding the following:

   i. page 7 contains Adobe's analysis relating to global talent markets;

   ii. page 9, 10, 11, 17, and 18 reflect Adobe's human resources ("HR") strategies, specifically Adobe's plans and strategies with respect to growth and development, talent management, compensation, and HR operations;

       iii. pages 12 and 13 reflect the metrics of success for Adobe's HR strategies and plans;

       iv. pages 14 and 15 contain information about Adobe HR's strategic plans; and

       v. page 16 contains data regarding Adobe's HR organization and its geographic distribution.

e. Exhibit 5 (ADOBE_009295) is a 2008 presentation titled "HR Strategic Plan 2010 – 2013," the redacted portions of which contain confidential information regarding the following:

       i. ADOBE_009297-3 contains information about Adobe's HR strategic imperatives;

       ii. ADOBE_009297-4 reflects Adobe's analysis of changes relating the global talent market;

       iii. ADOBE_009297-5 contains Adobe's analysis of shifts in its HR strategic priorities (e.g., Talent Management, Total Rewards, Organizational Growth and Development, Performance Management, and HR Operations);

       iv. ADOBE_009297-6 and ADOBE_009297-7 contain information about Adobe's talent acquisition philosophy and strategic vision;

       v. ADOBE_009297-8, ADOBE_009297-9, and ADOBE_009297-10 contain information about Adobe's philosophy and strategic vision regarding employee performance and compensation;

       vi. ADOBE_009297-11, ADOBE_009297-12, and ADOBE_009297-13 contain information about Adobe Total Reward's philosophy, strategic vision, and priorities;

       vii. ADOBE_009297-14 reflects Adobe's compensation setting strategies and practices;

       viii. ADOBE_009297-16 contains information about Adobe's organizational growth and development strategies;

      ix. ADOBE_009297-18 contains information about Adobe HR operations' strategic vision;

      x. ADOBE_009297-21 and ADOBE_009297-22 contain information about success measures and metrics of Adobe's HR organizations;

      xi. ADOBE_009297-23 contains information about the results and goals of Adobe employee surveys; and

      xii. ADOBE_009297-25, ADOBE_009297-26, ADOBE_009297-27, and ADOBE_009297-28 detail changes to Adobe's university recruiting plans, strategies, and targets.

7. The redacted portions of Jeff Vijungco's declaration in support of the Opposition contain confidential and commercially sensitive information regarding: Adobe's recruiting and hiring processes (Vijungco Decl. ¶¶ 4, 10-21); data regarding Adobe's recruiting channels (Vijungco Decl. ¶¶ 5-9); and information about Adobe's recruiting strategies (Vijungco Decl. ¶¶ 4-9, 28), including analysis of the relative effectiveness of different recruiting techniques (Vijungco Decl. ¶¶ 23-27).

8. Adobe's practice is to keep this information confidential, for internal use only, and not to disclose them to the public. I am informed and believe that Adobe has taken reasonable steps to ensure that these documents and data remain confidential, including designating them "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this Action. (Dkt. 107).

9. The public disclosure of this information would harm Adobe including potentially impairing its competitive position in recruiting, hiring, and compensating employees. Adobe derives independent economic value from keeping its compensation data and compensation, recruiting and hiring practices, strategies, and policies confidential, including keeping it from other persons and entities who could obtain economic value from its disclosure or use.

10. Moreover, the public disclosure of this information, created for internal use, would give third-parties insights into confidential and sensitive aspects of Adobe's operations and deprive Adobe of its investment in developing these practices, strategies, and policies. Such

disclosure would give other entities an unearned advantage by giving them the benefit of knowing how Adobe compensates employees and Adobe's compensation, recruiting, and hiring practices, strategies, and policies.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of January 2013 in San Jose, California.

By: /s/ Donna Morris
Donna Morris

SFI-807148v3