| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|   | DONN P. PICKETT (SBN 72257) |
| 2 | FRANK M. HINMAN (SBN 157402) |
|   | SUJAL J. SHAH (SBN 215230) |
| 3 | SUSAN J. WELCH (SBN 232620) |
|   | FRANK BUSCH (SBN 258288) |
| 4 | Three Embarcadero Center |
|   | San Francisco, CA 94111-4067 |
| 5 | Telephone: 415.393.2000 |
|   | Facsimile: 415.393.2286 |
| 6 | donn.pickett@bingham.com |
|   | frank.hinman@bingham.com |
| 7 | sujal.shah@bingham.com |
|   | susan.welch@bingham.com |
| 8 | frank.busch@bingham.com |
| 9 | Attorneys for Defendant |
|   | Intel Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DECLARATION OF TINA M. EVANGELISTA IN SUPPORT OF RENEWED ADMINISTRATIVE MOTION TO SEAL** |
| | Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Tina M. Evangelista, declare:

1. I am a Staffing Controls and Compliance Manager in the Enterprise Talent Organization at Intel Corporation. I have been employed by Intel for 17 years. I have personal knowledge of the matters stated in this declaration, except those matters stated on information and belief. I make this declaration in support of Defendants' Renewed Administrative Motion to Seal. If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information That Should Be Sealed*

2. I have reviewed Exhibits 26 and 27 to the "Declaration of Dean M. Harvey in Support of Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and in Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer, filed on December 10, 2012 ("Harvey Decl.") (Dkt. 248). Both documents are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

3. Through my experience working at Intel, I am familiar with the types of information reflected in these documents.

### *The Reasons For Sealing The Redacted Information And Underlying Documents*

4. The Intel documents described above contain information reflecting confidential business practices and/or proprietary software that give Intel a competitive advantage in recruiting, retaining and compensating its employees

5. Intel derives independent economic value from the strategic and/or proprietary information contained in these documents not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

6. It is Intel's practice to treat these documents as confidential, and not to disclose them outside the company. I am informed and believe that Intel has taken reasonable steps to ensure that these documents remain confidential, including designating them AEO pursuant to the Protective Order filed in this Action.

7. Specifically, Plaintiffs' exhibits contain the following Intel confidential, commercially sensitive and/or proprietary information:

- **Harvey Decl. Exhibit 26** is a document presenting step-by-step instructions used by Human Resources staff to develop external offers. I have reviewed this document, and identified limited redactions that preserve Intel's trade secrets. In particular, the redacted information describes methods Intel has developed to improve its ability to make competitive offers to external candidates and/or depicts proprietary software enabling Intel to implement those methods.

- **Harvey Decl. Exhibit 27** is a template to be used by business groups in developing their staffing plans. I have reviewed this document, and identified limited redactions that preserve Intel's trade secrets. In particular, the redacted information provides details regarding Intel's methods for developing recruiting and hiring goals, related proprietary algorithms, and suggestions for how best to meet those goals.

### *The Particularized Harm Disclosure Would Cause*

8. The public disclosure of the Intel confidential information contained in the documents described above would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, hire, and compensate its employees. Public disclosure of Intel's detailed internal analysis of its recruiting, hiring, compensation, and related strategies and policies would also deprive Intel of its investment in developing those strategies and give the scores of other companies with which Intel competes an unearned advantage by giving them the benefit of or insight into Intel's confidential strategies.

9. Because these documents cannot be disclosed to the public without causing this harm, their contents should be protected by redacting them from public filings.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed
2  in Phoenix, AZ, on January 21, 2013.

_____
Tina M. Evangelista

3

Master Docket No. 11-CV-2509-LHK

DECLARATION OF TINA M. EVANGELISTA

A/75360108.1/2014763-0000355568