**Exhibit 36**

| | | |
|---|---|---|
| From: | Sunni Paik | Sent:8/7/2006 11:29 PM |
| To: [ - ] | arnnon@google.com | |
| Cc: [ - ] | Violet Kim; Kirsten Manning | |
| Bcc: [ - ] | | |
| Subject: | Cold calling companies in Korea | |

Dear Arnon,

I wanted to check with you to see how and if we can cold call companies in Korea (excluding the "do not cold call" companies, of course).

We want to check with you and get your approval.

>From what I understand, we can cold call companies.. but there is some risk we must bear.

Many companies require their employees (especially those engaged in R&D) to sign non-competitor clause forbidding employees to move to a direct competitor firm. Hence, let say we cold call an employee from company A, and the rumour spreads. Upon hearing that rumour, company A then could become very protective and announce or re-emphasize to its employees that it could sue anyone who moves to the firm targeting their employees if they move within a year after their resignation. As per the previous court cases in Korea I've researched, the Korean court upholds non-competitor clause for a period of one year after employee's resignation from the former company.

At Heidrick & Struggles, I once conducted a search for Engineering CTO position. He was from LG Electronics moving to a direct competitor foreign branch firm in Korea. To avoid the non-competition clause, the client firm hired the candidate at its headquarters office in the US rather than in Korea, intending to move the candidate to the US head office for a period of time, before moving him back to Korea. The candidate was not sued by his former company. I have heard some other cases in which an employee signed his employment contract generated from a location outside of Korea (for example, to avoid the risk of being sued in Korea), and travels half the time between Korea and the other country (branch) for a period time, waiting for the non-competitor clause period to expire.

I've consulted this issue with one of close acquaintenance, who is a long time labor law specialist in Korea at a large law firm (I didn't tell him I moved to Google yet).
As per him, the company that scouts an employee from a competitor firm can be liable under the following statutes:

1) Unfair scout inducement law (under the Fair Trade Law) - scouting an employee who has the know-how of the company's proprietary technology in order to damage the business activities of the competitor firm (this law forbids the act of scouting itself)

2) Unfair competition protection law - after scouting an employee, the hiring company utilizes the proprietary technology of the employee's former company to conduct business. (this law can sue the company after the employee is scouted)

3) Request for Termination of the placed employee - the former company can request termination of the employee who has been hired by the competitor firm.

The above law applies even if the hiring company uses headhunting agencies to target candidates. Agencies, however, are not liable for the above three laws; only the hiring company becomes liable.

CONFIDENTIAL ATTORNEYS EYES ONLY                                GOOG-HIGH TECH-00053679

However, it is very, very difficult to provide material proof for any one of the above items, he said. The employee who has been hired must provide evidence that that he possesses indispensible, extremely critical proprietary technology (almost patented) of the former firm in order for the prosecutor to win the case. It wouldn't work if the knowledge/know-how of the employee is something that is known in the market already. In Korea, Samsung Electronics is the firm that sues the most. It has won some cases, and lost some. It is extremely expensive to go through the legal proceedings of this kind, so a company of Samsung magnitude can afford to do this. Other firms that are as big as Samsung Electronics often just don't bother, or give up, thinking it isn't worth the cost or time.

I want to add that over the 8 years of my executive search experience, I've worked with hundreds of clients. And for every search assignment, the first thing we do is to target the direct competitors of the respective clients. However, there has been never a case in which a targeted company complained to the us (agent), the client, nor the candidate even when he/she was placed.

In conclusion, Google is liable either way - whether we make cold calls directly or use an agent. So using an agent doesn't make it any safer.

I hope the above information clarifies our questions.

Sunni Paik
Recruiter-Seoul



-----Original Message-----
From: Kirsten Manning [mailto:kirsten@google.com]
Sent: Monday, August 07, 2006 4:31 AM
To: Violet Kim; sunni@google.com
Cc: Heeyoung Kim; Arnnon Geshuri
Subject: Re: cold calling companies in Korea

I think that this is fine. Sunni, can you confirm how you would do this when you worked for an agency? I am curious to see what methods you would follow.

I am looping in Arnnon to confirm, since this is such an important market for us.

Kirsten



On Aug 2, 2006, at 2:52 PM, Violet Kim wrote:

> Kirsten,
>
>
>
> What are the guidelines on cold calling companies in Korea? Aside
> from the "do not call list" companies - can we cold call them directly
> and represent ourselves as the Google employees? There might be some
> sensitivities around it - wanted to make sure we can do this. let us
> know.
>
>
>

CONFIDENTIAL ATTORNEYS EYES ONLY                                   GOOG-HIGH TECH-00053680

```
> Thanks.
>
>
>
> Violet Kim
>
> Recruiter, International Staffing
>
> +1-310-460-4078 (Work)
>
> +1-718-541-9040 (Cell)
>
> http://www.google.co.kr/jobs/
>
> http://www.google.com/intl/zh-CN/jobs/
>
> <image001.gif>
>
>
>
>
```

CONFIDENTIAL ATTORNEYS EYES ONLY

GOOG-HIGH TECH-00053681