1  [Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' JOINT RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SUPPLEMENT THE RECORD AND DECLARATION OF EDWARD E. LEAMER IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION** |
|---|---|

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants hereby jointly respond in support of Plaintiffs' Administrative Motion to Seal, Pursuant to Civil Local Rule 79-5(d), Portions of Plaintiffs' Opposition to Defendants' Joint Administrative Motion to Supplement the Record and the Declaration of Dr. Edward E. Leamer in Opposition to Defendants' Administrative Motion ("Motion to Seal") (Dkt. 271).  In accordance with the Motion to Seal, Defendants seek to seal the following information:

(i) Portions of Plaintiffs' Opposition to Defendants' Joint Administrative Motion for Leave to Supplement the Record in Support of Their Opposition to the Motion for Class Certification and Motion to Strike Dr. Leamer's Expert Report ("Plaintiffs' Opposition to Motion for Leave to Supplement") (Dkt. 270) (proposed redacted version attached hereto as Exhibit 1); and

(ii) Portions of the Declaration of Dr. Edward E. Leamer in Opposition to Defendants' Administrative Motion ("Leamer Opposition Declaration") and Exhibit A thereto (Dkt. 270-1) (proposed redacted version attached hereto as Exhibit 2).

This information has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. 107).  Defendants are filing corresponding declarations in support of their respective sealing requests.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal.  *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of

sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION

The redacted portions of Plaintiffs' Opposition to Motion for Leave to Supplement and the Leamer Opposition Declaration and Exhibit A thereto contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data and recruiting strategies. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order. Furthermore, this Court has already approved motions to seal similar compensation data. *See, e.g.,* Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. 273) at 24: 26 (granting motion to seal descriptions of individual Intel employees' compensation information).

As the accompanying declarations demonstrate, Defendants keep the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. A significant portion of the sealed information is employee compensation data. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum, et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807

(W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information").

Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good causes exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Additionally, good cause exists to seal information pertaining to Defendants'

compensation and recruiting policies and practices that are proprietary business methods and/or trade secrets. This confidential and commercially sensitive business information is non-public and should remain confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d) (defining trade secrets as information that "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order portions of Plaintiffs' Opposition to Motion for Leave to Supplement and the Leamer Opposition Declaration and Exhibit A thereto to remain under seal.

In accordance with Civil Local Rule 79-5(d), a proposed order granting the Motion to Seal with respect to these portions is attached hereto, and Defendants' proposed redacted versions of Plaintiffs' Opposition to Motion for Leave to Supplement and the Leamer Opposition Declaration and Exhibit A are attached hereto as Exhibits 1 and 2, respectively. Pursuant to this Court's January 11, 2013 Order, copies of Plaintiffs' Opposition to Motion for Leave to Supplement and the Leamer Opposition Declaration and Exhibit A with these proposed redactions highlighted in yellow are attached hereto as Exhibits 3 and 4, respectively. These documents will be lodged with the Clerk in hard copy and served on counsel for Plaintiffs.

Dated: January 22, 2013      O'MELVENY & MYERS LLP

By:      */s/ Michael F. Tubach*
                Michael F. Tubach

George Riley
Michael F. Tubach
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated:  January 22, 2013     KEKER & VAN NEST LLP

By:      */s/ Daniel Purcell*
                Daniel Purcell

John W. Keker
Daniel Purcell
Eugene M. Page
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 381-5400
Facsimile:   (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

Dated:  January 22, 2013     JONES DAY

By:      */s/ David C. Kiernan*
                David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

| | | |
|---|---|---|
| 1 | Dated: January 22, 2013 | JONES DAY |
| 2 | | |
| 3 | | By:     */s/ Robert A. Mittelstaedt*<br>Robert A. Mittelstaedt |
| 4 | | Robert A. Mittelstaedt<br>Craig E. Stewart |
| 5 | | 555 California Street, 26th Floor<br>San Francisco, CA  94104 |
| 6 | | Telephone:  (415) 626-3939<br>Facsimile:  (415) 875-5700 |
| 7 | | |
| 8 | | Catherine T. Zeng<br>JONES DAY |
| 9 | | 1755 Embarcadero Road<br>Palo Alto, CA  94303 |
| 10 | | Telephone:   (650) 739-3939<br>Facsimile:   (650) 739-3900 |
| 11 | | *Attorneys for Defendant INTUIT INC.* |
| 12 | Dated: January 22, 2013 | MAYER BROWN LLP |
| 13 | | |
| 14 | | By:     */s/ Lee H. Rubin*<br>Lee H. Rubin |
| 15 | | Lee H. Rubin<br>Edward D. Johnson |
| 16 | | Donald M. Falk<br>Two Palo Alto Square |
| 17 | | 3000 El Camino Real, Suite 300<br>Palo Alto, CA  94306-2112 |
| 18 | | Telephone:  (650) 331-2057<br>Facsimile:   (650) 331-4557 |
| 19 | | |
| 20 | | *Attorneys for Defendant GOOGLE INC.* |
| 21 | Dated: January 22, 2013 | BINGHAM McCUTCHEN LLP |
| 22 | | By:     */s/ Frank M. Hinman* |
| 23 | | Frank M. Hinman |
| 24 | | Donn P. Pickett<br>Frank M. Hinman |
| 25 | | Three Embarcadero Center<br>San Francisco, CA  94111 |
| 26 | | Telephone:  (415) 393-2000<br>Facsimile:   (415) 383-2286 |
| 27 | | *Attorneys for Defendant INTEL CORPORATION* |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: January 22, 2013 | COVINGTON & BURLING LLP |
| 2 | | |
| 3 | | By:  */s/ Emily Johnson Henn* <br> Emily Johnson Henn |
| 4 | | Robert T. Haslam, III |
| 5 | | Emily Johnson Henn <br> 333 Twin Dolphin Drive, Suite 700 |
| 6 | | Redwood City, CA  94065 <br> Telephone:  (650) 632-4700 |
| 7 | | *Attorneys for Defendant PIXAR* |

**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.