# EXHIBIT 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: HIGH-TECH EMPLOYEE )

ANTITRUST LITIGATION )

) No. 11-CV-2509-LHK

THIS DOCUMENT RELATES TO: )

ALL ACTIONS. )

_____

DEPOSITION OF 30(b)(6) WITNESS: APPLE

(STEVEN BURMEISTER)

CONFIDENTIAL - ATTORNEYS' EYES ONLY

June 27, 2012

Reported by: Anne Torreano, CSR No. 10520

```
 1                    STEVEN BURMEISTER,
 2    having been duly sworn to tell the truth, testified as
 3    follows:
 4                        EXAMINATION
 5    BY MR. FORDERER:
 6        Q.   Good morning.
 7        A.   Good morning.
 8        Q.   It's my understanding that you're here to
 9    testify in response to plaintiff's notice under Rule
10    30(b)(6).
11             Is that your understanding?
12        A.   Sections of the 30(b)(6), yes.
13        Q.   Okay.
14             MR. FORDERER:  I want to introduce Apple's
15    objections and responses to that notice.  I believe
16    this will be Plaintiff's Exhibit 57.
17             (PLAINTIFFS' EXHIBIT 57 MARKED.)
18    BY MR. FORDERER:
19        Q.   Have you seen this document before?
20        A.   Yes.
21        Q.   I want to direct to you page 4 of the
22    document.  You see the paragraph right above where it
23    says topic No. 2?  It states, "Apple responds that it
24    will designate one or more witnesses to testify on its
25    behalf regarding the identity and general contents of
```

```
 1    databases containing recruiting, hiring and
 2    compensation data for U.S. salaried employees between
 3    January 1, 2001 and February 1, 2012 that the parties
 4    agreed would be produced in this case."
 5            Do you see that?
 6       A.   Yes.
 7       Q.   My first question to you is, are you prepared
 8    today to discuss the identity and general contents of
 9    databases containing recruiting data?
10       A.   No.
11       Q.   Are you prepared today to identify or to
12    discuss the general contents of databases containing
13    any hiring data?
14       A.   No.
15       Q.   What about compensation data?
16       A.   Elements of the compensation data, yes.
17       Q.   What elements?
18       A.   I'm prepared to discuss stock-based
19    compensation and bonus data.
20       Q.   Anything else?
21       A.   Not specifically that I've prepared for.
22       Q.   I want to direct you to page 5 of the same
23    exhibit.
24       A.   Let me get my glasses.
25       Q.   Sure.  No problem.
```

```
 1              On page 5 do you see in the last paragraph a
 2    reference to plaintiff's May 15th, 2012 letter?
 3         A.   Yes.
 4              MR. FORDERER:  I want to introduce that letter
 5    as Exhibit -- Plaintiff's Exhibit 58.
 6              And I've included the letter, but I'm going to
 7    be focusing on the attachments.  So does Counsel have a
 8    preference as to whether or not I include the letter or
 9    just the attachment in the exhibit?
10              MR. RILEY:  I think the attachment would be
11    fine.
12              MR. FORDERER:  Attachment only?
13              MR. RILEY:  Yeah.
14              MR. FORDERER:  Okay.
15              (PLAINTIFFS' EXHIBIT 58 MARKED.)
16    BY MR. FORDERER:
17         Q.   Have you seen this document before?
18         A.   I have not seen this specific document.
19         Q.   Do you want to take a quick second to look
20    through it and see if any of the sections ring a bell?
21              For example, big Roman number I C, I'm sorry
22    that this document doesn't have page numbers, but the
23    title is "Questions below relate to the file," and then
24    document number ending 4328.
25         A.   Yes.
```

1          REPORTER'S CERTIFICATE

2

3          I, Anne Torreano, Certified Shorthand

4     Reporter for the State of California, do hereby

5     certify:  That the witness named in the foregoing

6     Deposition was by me duly sworn; that the deposition

7     was then taken before me at the time and place herein

8     set forth; that the testimony and proceedings were

9     reported stenographically by me and were transcribed

10    through computerized transcription by me; that the

11    foregoing is a true record of the testimony and

12    proceedings taken at that time; and that I am not

13    interested in the event of the action.

14
                    Witness my hand dated July 10, 2012.
15

16

17                  _____
                    ANNE M. TORREANO, CSR NO. 10520
18

19

20

21

22

23

24

25