# EXHIBIT 12

HIGHLY CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
 3
 4    ----------------------------
 5    IN RE: HIGH-TECH EMPLOYEE   )
 6    ANTITRUST LITIGATION        ) No. 11-CV-2509-LHK
 7    ----------------------------
 8
 9                  HIGHLY CONFIDENTIAL
10
11        VIDEOTAPED DEPOSITION OF EDWARD LEAMER
12              San Francisco, California
13              Friday, October 26, 2012
14                      Volume I
15
16
17
18
19
20    Reported by:
21    ASHLEY SOEVYN
22    CSR No. 12019
23    Job No. 1545691
24
25    PAGES 1 - 476

                                                   Page 1
```

HIGHLY CONFIDENTIAL

| | | |
|---|---|---|
| 1 | common proof, so I'm not sure. | 08:23:23 |
| 2 | BY MR. PICKETT: | 08:23:26 |
| 3 | Q.   It refers to a reliable class-wide or | 08:23:26 |
| 4 | formulaic method.  Do you see that? | 08:23:29 |
| 5 | A.   I do see that. | 08:23:30 |
| 6 | Q.   And do you not think that's class -- that's | 08:23:31 |
| 7 | a proof common to the class? | 08:23:33 |
| 8 | A.   Well, I am not a lawyer, I don't know | 08:23:35 |
| 9 | whether I want to put words into your mouth or into | 08:23:38 |
| 10 | an attorney's mouth, but these are the words that I | 08:23:42 |
| 11 | took to be my task and I followed that out. | 08:23:43 |
| 12 | Q.   Your conduct regressions go to step one, | 08:23:45 |
| 13 | correct? | 08:23:48 |
| 14 | MR. GLACKIN:  Objection, vague. | 08:23:48 |
| 15 | THE WITNESS:  No. | 08:23:49 |
| 16 | BY MR. PICKETT: | 08:23:54 |
| 17 | Q.   No? | 08:23:54 |
| 18 | A.   They contribute to the argument, one of the | 08:23:55 |
| 19 | things that contributes, but the conduct | 08:23:57 |
| 20 | regressions -- if you're talking about the | 08:23:59 |
| 21 | regressions that use the conduct variable, that has | 08:24:00 |
| 22 | to do with the formulaic method of estimating the | 08:24:03 |
| 23 | amount of suppression of compensation, which was | 08:24:06 |
| 24 | task b. | 08:24:09 |
| 25 | Q.   When you say, "all or most members of each | 08:24:10 |

| | | |
|---|---|---|
| 1 | class" in the end of 10a, do you see that there? | 08:24:12 |
| 2 | A.   I do. | 08:24:16 |
| 3 | Q.   What do you mean by "most"? | 08:24:18 |
| 4 | A.   You want me to give a percentage? | 08:24:26 |
| 5 | Q.   Well, what did you have in mind when you | 08:24:28 |
| 6 | were answering that question? | 08:24:34 |
| 7 | A.   Well, to argue that all -- absolutely all | 08:24:35 |
| 8 | members of the class are going to be affected | 08:24:38 |
| 9 | because of theoretical frameworks are identified and | 08:24:41 |
| 10 | because of data analysis I identified, that seems, | 08:24:45 |
| 11 | to me, to be a difficult argument. | 08:24:49 |
| 12 | But to make the argument most members of | 08:24:51 |
| 13 | the class would be affected, that would say that | 08:24:53 |
| 14 | the -- that the conceptual framework certainly speak | 08:24:56 |
| 15 | to that point. | 08:25:00 |
| 16 | Q.   Is most 51 percent? | 08:25:02 |
| 17 | A.   No, if you want a number, I would say 95 | 08:25:04 |
| 18 | percent. | 08:25:06 |
| 19 | Q.   95 percent.  What do you base that on? | 08:25:07 |
| 20 | A.   It's an interpretation of the English | 08:25:10 |
| 21 | language.  It's kind of like in a legal setting what | 08:25:12 |
| 22 | is proof?  Proof beyond a reasonable doubt, what | 08:25:16 |
| 23 | percentage is it?  It's a vague concept. | 08:25:22 |
| 24 | So please understand that I regard the word | 08:25:23 |
| 25 | "most" to be a vague word that is not actually | 08:25:25 |

Page 27

| | | |
|---|---|---|
| 1 | translatable into a specific numerical fraction. | 08:25:27 |
| 2 | And I felt compelled to provide that fraction | 08:25:32 |
| 3 | because of the -- you suggested the 50, and I did | 08:25:35 |
| 4 | not think it was appropriate to use a number like | 08:25:37 |
| 5 | 50.  I would say it's much more than 50.  You could | 08:25:40 |
| 6 | have suggested a number that I regarded me much | 08:25:43 |
| 7 | more.  And you can ask me what I mean by much more. | 08:25:45 |
| 8 | The point is language is vague. | 08:25:49 |
| 9 |     Q.   Do you have an expert opinion that at least | 08:25:51 |
| 10 | 95 percent of the class members suffered a reduction | 08:25:53 |
| 11 | in compensation? | 08:25:57 |
| 12 |     A.   Well, I would say most members of each | 08:25:59 |
| 13 | class suffered a reduction in compensation. | 08:26:01 |
| 14 |     Q.   What do you mean by "most," when you say -- | 08:26:04 |
| 15 | when you restate your opinion? | 08:26:05 |
| 16 |     A.   Well, I would prefer not to say a specific | 08:26:08 |
| 17 | number, like 95 percent, because that suggests a | 08:26:10 |
| 18 | precision that this -- that the evidence does not | 08:26:14 |
| 19 | support.  You're not going to be -- I can't point to | 08:26:16 |
| 20 | the 5 percent that didn't -- weren't impacted and | 08:26:20 |
| 21 | the 95 who were. | 08:26:23 |
| 22 |     So I'm saying that this is a setting in | 08:26:25 |
| 23 | which the forces would spread the harm across | 08:26:28 |
| 24 | everybody in a firm, my presumption is that -- in | 08:26:32 |
| 25 | fact, everybody has been impacted by the conspiracy. | 08:26:35 |

HIGHLY CONFIDENTIAL

1  STATE OF CALIFORNIA    ) ss:
2  COUNTY OF MARIN        )
3
4      I, ASHLEY SOEVYN, CSR No. 12019, do hereby
5  certify:
6      That the foregoing deposition testimony was
7  taken before me at the time and place therein set
8  forth and at which time the witness was administered
9  the oath;
10     That the testimony of the witness and all
11 objections made by counsel at the time of the
12 examination were recorded stenographically by me,
13 and were thereafter transcribed under my direction
14 and supervision, and that the foregoing pages
15 contain a full, true and accurate record of all
16 proceedings and testimony to the best of my skill
17 and ability.
18     I further certify that I am neither counsel for
19 any party to said action, nor am I related to any
20 party to said action, nor am I in any way interested
21 in the outcome thereof.
22     IN THE WITNESS WHEREOF, I have transcribed my
   name this 29th day of October, 2012.
23
24
                    _____
25                  ASHLEY SOEVYN, CSR No. 12019