# EXHIBIT 34

**Lieff**
**Cabraser**
**Heimann** &
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

March 14, 2012

**VIA EMAIL AND FIRST CLASS MAIL**

Robert A. Mittelstaedt
**JONES DAY**
555 California Street, 26th Floor
San Francisco, CA 94104

Michael F. Tubach
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

Lee H. Rubin
**MAYER BROWN LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112

Daniel Purcell
**KEKER & VAN NEST**
633 Battery Street
San Francisco, CA 94111-1809

Emily J. Henn
**COVINGTON & BURLING LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065

Donn P. Pickett
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center, 18th Floor
San Francisco, CA 94111

RE:     *In re High-Tech Employee Antitrust Litigation*,
            11-cv-2509-LHK (N.D. Cal.)

Dear Counsel:

Plaintiffs are concerned that Defendants have not produced any documents since the production of materials provided previously to the United States Department of Justice.  We request that Defendants begin their production of documents as soon as possible.

Plaintiffs served their first set of requests for production and their first set of interrogatories seeking identification of witnesses over five months ago, on October 3, 2011.  The parties first met and conferred in-person regarding these requests the day before, on October 2.  In an attempt to resolve outstanding issues at the October 2 meeting, Plaintiffs provided Defendants with draft discovery requests and a draft ESI production specification on September 27, 2011.  Defendants largely refused to discuss these issues and referred to a motion to stay discovery they intended to file.  The next day, Plaintiffs served the discovery requests and provided an ESI production specification.

At the January 27, 2012 Case Management Conference, the Court lifted the stay on discovery and ordered the parties to meet and confer regarding Plaintiffs' outstanding discovery requests the next day, on January 28.  The parties met and conferred on January 28, and numerous times thereafter, both in-person and by telephone.

Defense Counsel
March 14, 2012
Page 2

Plaintiffs have stated repeatedly that production of responsive documents should begin.  Defendants have refused to do so until agreement is reached on a broad range of issues, including: (1) the production format of ESI; (2) the scope of responses to the document requests; (3) production of data; (4) document custodians; and (5) search terms.

### A.    Production Format of ESI and Scope of Document Requests

The parties have exchanged several draft agreements regarding production format and the scope of responses to the document requests.  I have been in frequent communication with Jon Herczeg regarding the production format, and with David Kiernan regarding responses to the documents requests.  Last week, Plaintiffs provided each with another round of proposals that should be acceptable.

By tomorrow, March 15, please confirm whether we are in agreement regarding these issues, and provide us with an estimate of when Defendants' rolling production of documents and privilege logs will begin.

### B.    Production of Data

The parties have also exchanged numerous drafts regarding production of data.  I have been in frequent communication with Christina Brown and others regarding this issue.  Last week, Plaintiffs provided Christina with another proposal that should be acceptable.

As I have discussed with Christina and others, Plaintiffs request that Defendants produce responsive data, data dictionaries, and other guides to available data and data fields as soon as possible.

By tomorrow, March 15, please confirm whether we are in agreement and provide us with an estimate for when we should expect to receive the data, data dictionaries, and other guides to available data and data fields.

### C.    Custodians and Search Terms

All Defendants requested extensions of their deadlines to provide responses to Plaintiffs' interrogatories seeking identification of witnesses.  Plaintiffs accommodated these requests and agreed to the extensions.  Plaintiffs received the last of these responses on Monday, which Plaintiffs have used to provide the attached proposed custodians.  These custodians consist of individuals Defendants identified in their initial disclosures, custodians who possessed documents responsive to the DOJ's requests, and witnesses Defendants identified in their interrogatory responses.  Please confirm that Defendants intend to collect responsive documents from these custodians.  Please also confirm that Defendants will supplement these custodians as appropriate to conduct a complete search for responsive material.

Certain Defendants asked Plaintiffs to provide Defendants with search terms. Plaintiffs asked Defendants to identify the search terms used in connection with the DOJ investigation.  The following Defendants have failed to do so: Apple, Google, and Intel.  While Plaintiffs are amenable to discussing search terms, such a discussion should not delay collection of ESI or delay production of responsive material.  A discussion of search terms is without

Defense Counsel
March 14, 2012
Page 3

prejudice to Plaintiffs seeking additional documents, or seeking documents from additional custodians, as discovery unfolds and the facts develop.

 **D.**   **March 16, 2012 Meet and Confer**

We have another in-person meeting scheduled for 11:00 a.m. Pacific this Friday, March 16, 2012.  We invite you to meet at our office.  We hope to resolve all outstanding issues in advance of this meeting.  If we cannot, we expect that every party will be represented by an individual with authority to resolve any issues that remain.  Please contact me with any questions.

Very truly yours,

Dean M. Harvey

DMH/dp
Attachments
cc:    Joseph R. Saveri
          Eric L. Cramer
          Linda P. Nussbaum
967677.2

## PROPOSED CUSTODIANS

### I.    Adobe

Yuliya Alvarez; Amenda Arnett; Brenda Barnes; John Brennan; Martin Bruce; David Burkett; Bruce Chizen; Heidi Collins; Karen Cottle; Grace Dancel; Barbara Dawson; Murray Demo; Matthew Driscoll; Melissa Dyrdahl; Steven Elop; Cheryl Erickson; Mili Esparza; Erin Fife; Naresh Gupta; Philip Haynes; Kim Hoffman; Christie Hollowell; Digby Horner; Sean Kelley; Natalie Kessler; Ivan Koon; Bryan Lamkin; Cindy Vink Loggins; Iris Loke; Tanil Matosian; Thomas Malloy; Michelle McHargue; Anita Meneses; Laura Mills; Donna Morri; Linda Morrisey; Shantanu Narayen; Ami Neilan; Peppi Nitta; Stephanie Olhava; Karen Ota; Shante Pappas; Antoinette Pedroza; Karen Prince; Lisa Penick; Elizabeth Rosemond; Suresh Sastri; Jerry Sastri; Jeanette Sebree; Conroy Shum; Michelle Smith; Tiffany Starkey; James Stephens; Gloria Stinson; Theresa Townsley; Raymond (Ray) Tum; Regina Valenzuela; Jeff Vijungco; and David Wahdwani.

### II.    Apple

David Alvarez; Darin Baja; Rich Bechtel; Mark Bentley; Patrick Burke; Tim Cook; Julie Gaither; Scott Gilfoil; Cheline Jaidar; Steve Jobs; Peg Louie; Denise McCarney; Tom Moyer; Ann Reeves; Jacque Rupp; Benjamin Lee; Kim Felch; Dani / Danielle Lambert; Tim Larson; Kim Felch; Benjamin Lee; Joel Podolny; and Bruce Sewell.

### III.    Google

Laszlo Bock; Leah Brannon; Shona Brown; Dan Culley; Alan Eustace; Arnnon Geshuri; Judy Gilbert; Omid Kordestani; Yolanda Mangolini; Jonathan Rosenburg; Eric Schmidt; Dana Wagner; Kent Walker; and Kevin Yingling.

### IV.    Intel

Diane M. Bryant; Deborah Conrad; Don Cooper; Janet Craycroft; Casey Cunningham; Christina Dickenson; Tina M. Evangelista; Scott Fortmann; Elliot Garbus; Patrick P. Gelsinger; Cindi Harper; Jeanine Hughes; James Hurley; Gwen / Gwendolyn Hyder; Renee James; Dorenda Kettmann; Iain Mackenzie; Patricia / Patty Murray; Paul Otellini; Gary Palangian; Mark Pallone; Paresh Pattani; Ranna Prajapati; Justin Rattner; Art Roehm; Paul Sathis; Matt Smith; Marcy Stanasolovich; Richard Taylor; Gabrielle Thompson; Brendan Traw; Larry Walz; Dave Woolsey; and HR.

### V.    Intuit

Steve Bennett; Bill / William Campbell; Scott Cook; Rob DeMartini; Laura Fennell; Chris Galy; Alex Lintner; Kerry McLean; Michael McNeal; Chuong Nguyen; Brad Smith; Sherry Whiteley; Tracy Wicks; and Sharepoint.

### VI.    Lucasfilm

Jonathan Alcantar; Sarah Alvarado; Lori Beck; Della Berger; Sumriti Bhogal; Chris Bigelow; Lynwen Brennan; Brenley Brotman; Bobby Butcher; Peter Butler; Mich /

Micheline Chau; Charnon Coker; Christopher Cox; Gail Currey; Kristen Dallara; Kim Diaz; Katie Doherty (Formerly Stokes); Amir Dramen; Leesa Dreo; Courtney Williams DuBois; Steve Dykes; Cortney Erin; Kathryn Fong; Lala Gavgavian; Sara Geimer; Erin Haver; Angela Hawkin; Shannon Henry; Ryan Howe; Lea Hyke; Jennifer Kinavey; Robert Levine; George Lucas; Steve Mair; Michelle Maupin; Erin Meyers; Jim Morris; Stephanie Orth; Elizabeth "BZ" Petroff; Rick Pflugradt; Roya Platsis; Jessica Roll; Alex Saborit; Tonja Salmon; Elizabeth Sasseen; Sherri Sauer; Rosanna Server; Michelle Stock; Katie Stokes; Kathleen Stokes; Savannah Stokes; Jane Violich; Jan van der Voort; Jim F. Ward; ILM HR Department; LFL & LEC HR Department; and LFL, LEC, & ILM Recruiting Department.

**VII.**   **Pixar**

Dana Batali; Greg Brandeau; Dana Burns; Christen Carter; Edwin Catmull; Karen Chelini; Lisa Dennis; Jennifer Dunlap; Lisa Ellis; Pat Gelsinger; Alicia Goodyear; Tricia Green; Dawn Haagstad; Pamela Harbridge; Steven P. Jobs; John Kirkman; Howard Look; Edward Martin; Lori McAdams; Alicia McCullagh; Robin McDonald; Erin McGarry; James Morris; Eben Ostby; Allison Parker; Erica Perkins-Youngman; Kevin Reher; Robert Roden; Lois Scali; Stephanie Sheehy; Amie Shinoshara; Susan Tatsuno; John Warren; and Pamela Zissimos.

968232.1



**KEKER & VAN NEST** LLP

633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
kvn.com

Cody S. Harris
(415) 676-2294
charris@kvn.com

March 26, 2012

**VIA EMAIL**

Dean M. Harvey
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Re:    *In Re: High-Tech Employee Antitrust Litigation*, No. C 11-02509 LHK

Dear Dean:

I write in response to your letters of March 14 and March 22, as well as the meet and confer session Plaintiffs and defendants held on March 16.

To begin, I note that your March 14 letter called for certain confirmations regarding the ESI protocol, the scope of Plaintiffs' document requests, and data production. Because each of these issues was discussed at length on March 16, I consider those topics addressed.

Your March 22 letter, which followed our March 16 in-person meeting, requests a schedule for data and document production. This letter addresses these issues in turn.

**I.     Data Production**

Lucasfilm is committed to moving discovery forward and to beginning production of documents and data. As you know, there are important privacy issues with respect to producing employee data, and all Defendants are still investigating how to create a unique identifier for each employee that will be the same across all Defendants. There are still unresolved technical issues on this front, and solving them is a prerequisite for producing responsive data. Lucasfilm is and has been working diligently to find a workable solution that will allow all parties' experts to analyze and manipulate the data effectively, while protecting employees' privacy in accordance with state law. We will begin producing responsive data as soon as this issue has been resolved.

**II.    Document Production**

Lucasfilm is generally in agreement with Plaintiffs' "two-track" approach to document production, with the first track being a targeted search for "high-level" analyses, studies, and summaries responsive to several of Plaintiffs' document requests.

639656.01

March 26, 2012
Page 2

### A.      Track One: High-Level Documents

Lucasfilm intends to begin producing "high-level" analyses, studies, and summaries, to the extent they exist, as soon as possible, and certainly before the April 18, 2012 case management conference.

### B.      Track Two: Custodian Searches Using Search Terms

The "second track" of document production requires the use of search terms on a custodian-by-custodian basis. Both the custodian list and search term list must be narrowed to a reasonable collection of individuals and keywords before this track can proceed.

### 1.      *Custodians*

Plaintiffs' March 14 letter included proposed custodian lists for each defendant.  During the March 16 meet and confer session, the parties agreed these lists should be culled down on a defendant-by-defendant basis.  Plaintiffs also indicated that each defendant could focus their document collection efforts on "key" custodians, postponing negotiations over additional custodians for another day.  Lucasfilm agreed to provide you with a list of those key custodians by today.

Before providing that narrowed list, I must clarify an important point regarding the custodian list I provided Plaintiffs by letter on March 7, 2012.  *See* Letter from Harris to Lehe, Att. A, Mar. 7, 2012.  The list of custodians I included as Attachment A to that letter purported to represent the list of custodians used in the DOJ production.  That was an error.  The March 7 letter actually listed individuals whose documents had been preserved in response to the DOJ's civil investigative demand.  The list of custodians whose documents were searched and produced to the DOJ is significantly narrower—confined to the following 13 individuals:

- Jonathan Alcantar

- Sarah Alvarado

- Lori Beck

- Chris Bigelow

- Micheline Chau

- Kirsten Dallara

- Kim Diaz

- Amir Dramen

March 26, 2012
Page 3

- Robert Levine

- Steve Mair

- Katie Stokes

- Jan Van der Voort

- Jim F. Ward

Plaintiffs' March 16 letter included a list of 57 proposed custodians for Lucasfilm to use in its document collection efforts. That list is overly broad. Plaintiffs appear to have made no effort to narrow the list, including every name listed on Lucasfilm's responses to Plaintiffs' first set of interrogatories. Plaintiffs' list sweeps in low-level employees who are unlikely to have any significant documents, along with custodians whose documents were searched during Lucasfilm's production to the Department of Justice and found to have little to no responsive information. We therefore propose limiting Lucasfilm's document search to the following reasonable list of 16 key custodians:

- Jonathan Alcantar

- Sarah Alvarado

- Lori Beck

- Chris Bigelow

- Lynwen Brennan

- Micheline Chau

- Sharon Coker

- Kirsten Dallara

- Kim Diaz

- Amir Dramen

- Steve Dykes

- Robert Levine

- Steve Mair

March 26, 2012
Page 4


- Katie Stokes

- Jan Van der Voort

- Jim F. Ward

2.    *Search Terms*

Plaintiffs' March 22 letter included 3 pages of proposed search terms for all Defendants, plus an additional two pages of proposed Lucasfilm-specific search terms, in addition to incorporating all the search terms used in Lucasfilm's production to the DOJ.  This list is overbroad and would result in an unmanageable number of false positives that would impose unreasonable burdens and delays on discovery.  We are revising your list and will get back to you with a more reasonable list of search terms as soon as possible.

Very truly yours,

Cody S. Harris

CSH:js