GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF CHRISTINA BROWN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SUPPLEMENT THE RECORD AND DECLARATION OF EDWARD E. LEAMER IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION** |
|---|---|

1    I, Christina Brown, declare as follows:

2    1.    I am a member of the Bar of the State of California and a counsel of the law firm
3    of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc.  I submit this declaration in
4    support of Plaintiffs' Administrative Motion to Seal, Pursuant to Civil Local Rule 79-5(d),
5    Portions of Plaintiffs' Opposition to Defendants' Joint Administrative Motion to Supplement the
6    Record and the Declaration of Dr. Edward E. Leamer in Opposition to Defendants'
7    Administrative Motion ("Motion to Seal") (Dkt. 271).  I make this declaration based on my own
8    personal knowledge and information provided to me, as noted below.  If called to testify as a
9    witness, I could and would do so competently.

10   2.    Apple requests that the Court maintain under seal:  (1) a portion of Plaintiffs'
11   Opposition to Defendants' Joint Administrative Motion for Leave to Supplement the Record in
12   Support of Their Opposition to the Motion for Class Certification and Motion to Strike Dr.
13   Leamer's Expert Report ("Plaintiffs' Opposition to Motion for Leave to Supplement") (Dkt. 270);
14   and (2) a portion of Exhibit A to the Declaration of Dr. Edward E. Leamer in Opposition to
15   Defendants' Administrative Motion ("Leamer Opposition Declaration") (Dkt. 270-1).  I have
16   reviewed these documents, and I believe that there is good cause to maintain under seal the
17   portions set forth below.  As described below, they contain, rely upon, and reflect information
18   designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated
19   Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

20   3.    The following portion of Plaintiffs' Opposition to Motion for Leave to Supplement
21   reflects Apple's highly confidential and competitively sensitive employee compensation data:
22   page 5, lines 2-4 and 5-6.

23   4.    The following portions of the Leamer Opposition Declaration contain and reflect
24   Apple's highly confidential and competitively sensitive employee data, including employee
25   salaries, total compensation, and job titles:  Exhibit A, charts at pages 1-2 and 5-6.

26   5.    As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-
27   5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration
28   of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class

Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies. Public disclosure of this information would deprive Apple of its investment in developing these strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees. Apple would therefore be prejudiced if this information were made available to the general public.

6. Because these portions of the documents cannot be publicly disclosed without causing serious harm, as described above, Apple requests that they be maintained under seal and redacted from the publicly-filed versions of the documents.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 22, 2013, in San Francisco, California.


By: /s/ Christina Brown
      Christina Brown