MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:   (650) 331-2000
Facsimile:   (650) 331-2061

*Attorneys for Defendant
Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF ANNE M. SELIN IN SUPPORT OF DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO SEAL** |

I, Anne M. Selin, declare as follows:

1.   I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter. I am admitted to practice law before this Court. I submit this declaration in support of Defendants' Renewed Administrative Motion to Seal that is being filed concurrently herewith. As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I have read and reviewed Exhibit 21 to the Declaration of Christina Brown in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Exhibit 21"), which is a copy of the Declaration of Frank Wagner in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification and three attached exhibits. I understand that Google previously sought to seal Exhibit 21 in its entirety based on the Declaration of Frank Wagner in Support of Administrative Motion to Seal (*see* Dkt. 221) ("Wagner Declaration"), which explained that Exhibit 21 contained confidential and highly sensitive details about Google's compensation and recruiting practices. Wagner Decl. ¶¶ 4-8. I understand that the Court denied the request to seal this exhibit in its entirety because Google's request was not "sufficiently particularized," but that the Court also found that "Google has established good cause to maintain some of this exhibit under seal." (*See* Dkt. 273 at 19:5-7). Google has identified and made specific and narrowly tailored redactions of particular portions of Exhibit 21 that contain the most confidential and highly sensitive details about Google's compensation and recruiting practices. Google's redactions to Exhibit 21 are attached to Defendants' renewed administrative motion to seal.

3. I have also read and reviewed Exhibit 25 to the Declaration of Christina Brown in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Exhibit 25"), which is presentation entitled "Compensation Overview." I understand that Google previously sought to seal Exhibit 25 in its entirety based on the Wagner Declaration, which explained that Exhibit 25 contained confidential and highly sensitive details about. I understand that the Court denied the request to seal this exhibit in its entirety because Google's request was not "sufficiently particularized," but that the Court also found that "Google has established good cause to maintain some of this exhibit under seal." (*See* Dkt. 273 at 19:17-18). Google has identified and made specific and narrowly tailored redactions of particular portions of Exhibit 25 that contain the most confidential and highly sensitive details about Google's compensation and recruiting practices. Google's redactions to Exhibit 25 are attached to Defendants' renewed administrative motion to seal.

4. I have also read and reviewed Defendants' Memorandum of Law in Support of Their Motion to Strike the Report of Dr. Edward E. Leamer ("Defendants' Motion to Strike"). Due to last minute formatting changes that changed the pagination in the Defendants' Motion to Strike, the page references in the Wagner Declaration that relate to the Motion to Strike were inaccurate. In particular, in paragraph 9(c) of the Wagner Declaration, the phrase "Pages 20 to 21 (including Figure 16)" should have stated "Pages 19:13-17 to 20 (including Figure 16)." I understand the Court has already granted Google's request to seal Figure 16 along with Pages 20 to 21. (*See* Dkt. 273 at 20:2). Google, however, only seeks to seal Figure 16 on page 20 and lines 13-17 on page 19, because "this excerpt and figure contain confidential and highly sensitive details about the total compensation for senior software engineers and other engineering job titles at Google during the time period between 2005 and 2009." Wagner Decl. ¶ 9(c).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 22, 2013 in Palo Alto, California.

_____
Anne M. Selin