1  GEORGE A. RILEY (Bar No. 118304)
   griley@omm.com
2  MICHAEL F. TUBACH (Bar No. 145955)
   mtubach@omm.com
3  CHRISTINA J. BROWN (Bar No. 242130)
   cjbrown@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA 94111-3823
   Telephone: (415) 984-8700
6  Facsimile: (415) 984-8701

7  Attorneys for Defendant Apple Inc.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12

| 13 | IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|---|
| 14 | | **DECLARATION OF CHRISTINA J. BROWN IN SUPPORT OF RENEWED ADMINISTRATIVE MOTION TO SEAL** |
| 15 | THIS DOCUMENT RELATES TO: | |
| 16 | ALL ACTIONS | |

1    I, Christina Brown, declare as follows:

2    1. I am a member of the Bar of the State of California and a counsel of the law firm of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Renewed Administrative Motion to Seal. I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

3    2. In accordance with the Court's Order Granting in Part and Denying in Part Motions to Seal ("Sealing Order") (Dkt. 273), and as set forth in the Renewed Administrative Motion to Seal, Apple seeks to seal only limited portions of Exhibit 16 to the Brown Declaration in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Brown Declaration"), including portions of the Declaration of Steven Burmeister and attached exhibits B and C. These portions contain Apple's most sensitive and highly confidential information regarding its compensation strategies and practices. I have reviewed these documents, and I believe that there is good cause to maintain under seal the portions set forth below. As described below, they contain, rely upon, and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

4    3. The following portions of the Declaration of Steven Burmeister (Exhibit 16 to the Brown Declaration) contain Apple's highly confidential and competitively sensitive employee compensation strategies and practices:

- Paragraph 4 (at page 2, line 24 to page 3, line 2) describes Apple's specific strategies and practices with respect to adjusting budgets for employee compensation;
- Paragraph 6 ( at page 3, lines 22-28) describes Apple's specific strategies and practices for allocating employee compensation budgets;
- Paragraph 7 (at page 4, lines 13-17 and 19-20) describes Apple's specific strategies and practices with respect to determining and adjusting employees' compensation;
- Paragraph 8 (at page 4, lines 24-28) describes one of Apple's specific strategies with respect to determining employee compensation;

- Paragraph 9 (at page 5, lines 6-8) describes Apple's specific strategies and practices with respect to determining and adjusting employees' compensation;
- Paragraph 10 (at page 5, lines 10-14 and lines 17-19) describes Apple's strategies and efforts to update its employee job levels and compensation structure;
- Exhibit B (redacted portions) reflects Apple's specific employee job levels and salary data;
- Exhibit C (redacted portions) reflects Apple's specific employee compensation strategies, practices, and data.

4. As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies. Public disclosure of this information would deprive Apple of its investment in developing these strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees. Apple would therefore be prejudiced if this information were made available to the general public.

5. Because these portions of the documents cannot be publicly disclosed without causing serious harm, as described above, Apple requests that they be maintained under seal and redacted from the publicly-filed versions of the documents.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 22, 2013, in San Francisco, California.


By:  /s/ Christina Brown
    Christina Brown