1   GEORGE A. RILEY (Bar No. 118304)
    griley@omm.com
2   MICHAEL F. TUBACH (Bar No. 145955)
    mtubach@omm.com
3   CHRISTINA J. BROWN (Bar No. 242130)
    cjbrown@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111-3823
    Telephone:    (415) 984-8700
6   Facsimile:    (415) 984-8701

7   Attorneys for Defendant Apple Inc.

8   [Additional counsel listed on signature page]

9
                    **UNITED STATES DISTRICT COURT**
10
                   **NORTHERN DISTRICT OF CALIFORNIA**
11
                          **SAN JOSE DIVISION**
12

13  IN RE: HIGH-TECH EMPLOYEE                Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
14                                           **RENEWED ADMINISTRATIVE**
    THIS DOCUMENT RELATES TO:                **MOTION TO SEAL**
15
    ALL ACTIONS
16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     RENEWED MOTION TO SEAL

In its Order Granting in Part and Denying in Part Motions to Seal ("Sealing Order") (Dkt. 273), the Court denied *without prejudice* requests to seal certain documents on the ground that, although portions of the documents appeared sealable, the showing was not sufficiently particularized to seal the documents in their entirety.  Accordingly, Defendants Adobe Systems Inc., Apple Inc., Intel Corp., Intuit Inc., Google, Inc., and Lucasfilm Ltd. ("Defendants") hereby jointly move to renew their requests to seal only portions of the following documents that reflect highly confidential information, the public disclosure of which would cause harm to Defendants:

(i) Exhibits 14, 15, 16, 19, 20, 21, 22, 25, 26, and 27 to the Brown Declaration in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Brown Declaration") (Dkt. 215); and

(ii) Defendants' Notice of Motion and Motion to Strike the Report of Dr. Edward E. Leamer ("Motion to Strike") (Dkt. 210).

### A.     Brown Declaration, Exhibit 14

Although the Court held there was "good cause" to seal much of Exhibit 14 (Declaration of Donna Morris), it denied with leave to amend Adobe's request to seal the entire document because Adobe had not made a particularized showing as to why the entire document and all exhibits should be sealed.  (Dkt. 273 at 17.)  Adobe now seeks to seal only portions of the Morris Declaration and attached PowerPoint presentations which reflect highly confidential information regarding Adobe's compensation strategies, policies and practices the public disclosure of which would cause harm to Adobe, as detailed in the Declaration of Donna Morris ¶¶ 5-6 (Dkt. 284), filed earlier today.

### B.     Brown Declaration, Exhibit 15

The Court also denied without prejudice Adobe's request to seal Exhibit 15 (Declaration of Jeff Vijungco) because Adobe had not made a particularized showing as to why the entire declaration should be sealed.  (Dkt. 273 at 18.)  Adobe now seeks to seal only portions of the Vijungco Declaration which reflect highly confidential information regarding Adobe's recruiting strategies, policies and practices the public disclosure of which would cause harm to Adobe as

1  detailed in Declaration of Donna Morris ¶ 7 (Dkt. 284).

2      **C.    Brown Declaration, Exhibit 16**

3        Apple previously requested that the Court seal in their entirety the Declaration of Steven

4  Burmeister and attached exhibits B and C, collectively attached as Exhibit 16 to the Brown

5  Declaration.  The Court denied this request without prejudice, finding good cause to maintain

6  some of Exhibit 16 under seal, but finding that Apple's request was not sufficiently

7  particularized.  (Dkt. 273 at 18.)  Accordingly, Apple now seeks to seal only limited portions of

8  Exhibit 16 that reflect highly sensitive and confidential information regarding Apple's specific

9  compensation strategies and practices, the public disclosure of which would cause harm to

10  Apple, as detailed in the supporting declaration of Christina Brown.

11      **D.    Brown Declaration, Exhibit 19**

12        The Court denied without prejudice Intuit's request to seal the Declaration of Mason

13  Stubblefield and the exhibits attached thereto in their entirety, attached as Exhibit 19 to the

14  declaration of Christina Brown, finding that Intuit had not made a particularized showing that all

15  the information contained within Exhibit 19 was confidential. (Dkt. 273 at 18.)  Accordingly,

16  Intuit seeks to seal only portions of Exhibit 19, which reflect highly confidential information

17  regarding Intuit's compensation strategies, policies and practices the public disclosure of which

18  would cause harm to Intuit as detailed in the supporting Declaration of Lisa K. Borgeson, ¶¶ 3, 4

19  & 5 (Dkt. 285) filed earlier today.  Specifically, Intuit seeks to seal portions of the Declaration of

20  Mason Stubblefield and portions of the exhibits attached thereto. *See id.* at ¶ 5.

21      **E.    Brown Declaration, Exhibit 20**

22        The Court denied without prejudice Intuit's request to seal the Declaration of Chris Galy in

23  its entirety, attached as Exhibit 20 to the declaration of Christina Brown, finding that Intuit had

24  not made a particularized showing that all the information contained within Exhibit 19 was

25  confidential. (Dkt. 273 at 18.)  Accordingly, Intuit seeks to seal only portions of Exhibit 20,

26  which reflect highly confidential information regarding Intuit's recruiting strategies, policies and

27  practices the public disclosure of which would cause harm to Intuit as detailed in the supporting

28  Declaration of Lisa K. Borgeson, ¶¶ 3, 4 & 6 (Dkt. 285) filed earlier today.

### F.     Brown Declaration, Exhibits 21 and 25

Google initially sought to seal Exhibits 21 and 25 to the Brown Declaration in their entirety. (*See* Frank Wagner Declaration (Dkt. 221)).  With respect to both of these exhibits, the Court found that Google had "established good cause to maintain some of this exhibit under seal" but that Google's request was not "sufficiently particularized," and the Court denied Google's request to seal these two exhibits without prejudice (Dkt. 273 at 19:5-7, 19:17-18). Google has therefore identified and made specific and narrowly tailored redactions of particular portions of Exhibits 21 and 25 that contain the most confidential and highly sensitive details about Google's compensation and recruiting practices.  *See* Declaration of Anne M. Selin in Support of Renewed Administrative Motion to File Under Seal ("Selin Decl.").  The redacted Exhibits 21 and 25 are attached hereto as Exhibits F-1 and H-1.

### G.     Brown Declaration, Exhibit 22

Lucasfilm initially sought to seal the Maupin Declaration in its entirety.  (*See* Sessions Declaration (Dkt. 210)).  The Court denied that request without prejudice, finding that Lucasfilm had "not made a particularized showing that all of the information contained therein is 'confidential.'" (Dkt. 273 at 19:9-11).  Lucasfilm now seeks to seal select portions of the Maupin Declaration and attached Exhibits.  The Declaration of Justina K. Sessions that accompanies this renewed motion provides a particularized showing that these discrete portions contain Lucasfilm confidential information.

### H.     Brown Declaration, Exhibits 26 and 27

The Sealing Order did not address two Intel documents that were subject to a request to seal.  As set forth in the Declaration of Frank Busch in Support of Defendants' Joint Administrative Motion to Seal (Dkt. 220), at paragraphs 3 through 7, good cause exists to seal Exhibits 26 and 27 to the Brown Declaration.  Exhibit 26, 76597DOC000068, is a confidential PowerPoint presentation containing information regarding Intel's Compensation and Benefits policies.  Furthermore, the Sealing Order granted Intel's request to seal the reference to this exhibit in footnote two of the Opposition to Class Certification.  Sealing Order at 15: 21.  Exhibit 27, 76512DOC000638, is a confidential PowerPoint presentation containing information

1  regarding Intel's offer development process.  *See also* Declaration of Tina M. Evangelista in

2  Support of Plaintiffs' Administrative Motion to File Under Seal  (Dkt. 203) at paragraphs 3-6

3  (Exhibit 27 is confidential).  Furthermore, the Sealing Order granted Intel's request to seal the

4  reference to this exhibit on page 19 of the Opposition to Class Certification.  Sealing Order at 16:

5  20.  For these reasons, Intel's requests are hereby renewed.  Both should be granted.

6        **I.**      **Motion to Strike, Page 19, Lines 13-17 to Page 20 (Including Figure 16)**

7        Google also renews its motion to seal in order to clarify one excerpt in the Motion to

8  Strike.  In particular, Google seeks to seal Pages 19:13-17 to Page 20 (including and through

9  Figure 16) of the Motion to Strike.  Due to last minute formatting changes that changed the

10  pagination in the Defendants' Motion to Strike, the page references in the Wagner Declaration

11  (Dkt. 221) that relate to the Motion to Strike were inaccurate.  In particular, in paragraph 9(c) of

12  the Wagner Declaration, the phrase "Pages 20 to 21 (including Figure 16)" should have stated

13  "Pages 19:13-17 to 20 (including Figure 16)."  Selin Decl.  Although the Court granted Google's

14  request to seal Figure 16 along with Pages 20 to 21 (*see* Dkt. 273 at 20:2), Google only seeks to

15  seal Pages 19:13-17 to page 20 (including and through Figure 16) of the Motion to Strike,

16  because "this excerpt and figure contain confidential and highly sensitive details about the total

17  compensation for senior software engineers and other engineering job titles at Google during the

18  time period between 2005 and 2009."  Wagner Decl. ¶ 9(c) (Dkt. 221).

19  **II.**    **GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL**
20         **INFORMATION**

21        As demonstrated in the supporting declarations, the above-referenced documents contain

22  confidential and commercially sensitive information about compensation and recruiting

23  practices, strategies and policies, and personal identifying information of employees or

24  candidates.  Defendants designated the foregoing information "Confidential" or "Attorneys Eyes

25  Only" under the Protective Order, and have otherwise kept the sealed information confidential.

26  The public disclosure of this information would cause Adobe, Intel, Intuit, and Google harm by

27  giving third-parties insights into confidential and sensitive aspects of each of the Defendants'

28  strategies, competitive positions, and business operations, allowing these third-parties to

1    potentially gain an unfair advantage in dealings with and against each of the Defendants.

2        This Court has sealed similar information in this case.  (*See* Sealing Order, Dkt. 273).

3    Moreover, information regarding compensation policies, practices and decisions, as well as

4    internal recruiting or hiring policies, practices, and strategies are regularly sealed by other courts

5    because of their confidential and private nature.  *See, e.g., In re Wells Fargo Loan Processor*

6    *Overtime Pay Litigation,* No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL

7    123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal);

8    *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02,

9    2010) (granting a temporary restraining order to enjoin a former employee from using a

10   company's "confidential and/or trade secret employee compensation information"); *Krieger v.*

11   *Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D.

12   Cal. June 25, 2011) (holding that a company could seal a presentation from its investment

13   adviser that contained "sensitive and confidential information, including long-term financial

14   projections, discussions of business strategy, and competitive analyses"); *Network Appliance,*

15   *Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D.

16   Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies

17   and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v.*

18   *Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec.

19   13, 2011) (granting motion to seal "market analysis information," under "compelling" reason

20   standard applicable to dispositive motions, including a "spreadsheet tracking information

21   regarding potentially competitive products,"  and other business strategy documents, such as

22   information relating to "product competitiveness, and market and technological opportunities

23   and risks").

24   **III.    CONCLUSION**

25       For the foregoing reasons, Defendants respectfully request that the Court order the

26   materials described above to be placed under seal.

27       In accordance with Civil Local Rule 79-5(d), Defendants' proposed redacted versions of

28   these materials are attached hereto as Exhibits A-1 through K-1.  Pursuant to the Court's order

1   on January 11, 2013 (Dkt. 269), copies of these materials with the proposed redactions

2   highlighted in yellow are attached hereto as Exhibits A-2 through K-2.  These documents will be

3   lodged with the Clerk in hard copy and served on counsel for Plaintiffs.

4

5   Dated: January 22, 2013          O'MELVENY & MYERS LLP

6

7                                    By:        /s/ Christina J. Brown
                                                Christina J. Brown
8
                                     George Riley
9                                    Michael F. Tubach
                                     Christina J. Brown
10                                   Two Embarcadero Center, 28th Floor
                                     San Francisco, CA  94111
11                                   Telephone:  (415) 984-8700
                                     Facsimile:   (415) 984-8701
12
                                     *Attorneys for Defendant APPLE INC.*
13

14  Dated:  January 22, 2013         JONES DAY

15
                                     By:        /s/ David C. Kiernan
16                                              David C. Kiernan

17                                   Robert A. Mittelstaedt
                                     Craig A. Waldman
18                                   David C. Kiernan
                                     555 California Street, 26th Floor
19                                   San Francisco, CA  94104
                                     Telephone:  (415) 626-3939
20                                   Facsimile:   (415) 875-5700

21                                   *Attorneys for Defendant ADOBE SYSTEMS, INC.*

22

23

24

25

26

27

28

1   Dated:  January 22, 2013          JONES DAY

2
                                      By:  _____/s/ Robert A. Mittelstaedt_____
3                                            Robert A. Mittelstaedt

4                                     Robert A. Mittelstaedt
                                      Craig E. Stewart
5                                     555 California Street, 26th Floor
                                      San Francisco, CA  94104
6                                     Telephone:  (415) 626-3939
                                      Facsimile:   (415) 875-5700
7
                                      Catherine T. Zeng
8                                     JONES DAY
                                      1755 Embarcadero Road
9                                     Palo Alto, CA  94303
                                      Telephone:     (650) 739-3939
10                                    Facsimile:      (650) 739-3900

11                                    *Attorneys for Defendant INTUIT INC.*

12  Dated:  January 22, 2013          MAYER BROWN LLP

13
                                      By:  _____/s/ Lee H. Rubin_____
14                                           Lee H. Rubin

15                                    Lee H. Rubin
                                      Edward D. Johnson
16                                    Donald M. Falk
                                      Two Palo Alto Square
17                                    3000 El Camino Real, Suite 300
                                      Palo Alto, CA  94306-2112
18                                    Telephone:  (650) 331-2057
                                      Facsimile:   (650) 331-4557
19
                                      *Attorneys for Defendant GOOGLE INC.*
20
21  Dated:  January 22, 2013          KEKER & VAN NEST LLP

22
                                      By:  _____/s/ Daniel Purcell_____
23                                           Daniel Purcell

24                                    John W. Keker
                                      Daniel Purcell
25                                    Eugene M. Page
                                      633 Battery Street
26                                    San Francisco, CA  94111
                                      Telephone:  (415) 381-5400
27                                    Facsimile:   (415) 397-7188

28                                    *Attorneys for Defendant LUCASFILM LTD.*

                                         -8-

1

2

Dated:  January 22, 2013         BINGHAM McCUTCHEN LLP

3

4

By:  _____*/s/ Frank M. Hinman*_____
        Frank M. Hinman

5

6

7

Donn P. Pickett
Frank M. Hinman
Three Embarcadero Center
San Francisco, CA  94111
Telephone:  (415) 393-2000
Facsimile:   (415) 383-2286

8

*Attorneys for Defendant INTEL CORPORATION*

9

10

**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

11

the filing of this document has been obtained from all signatories.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENEWED ADMINISTRATIVE MOTION TO SEAL
MASTER DOCKET NO. 11-CV-2509-LHK