# EXHIBIT 9
# PUBLIC VERSION

1  Richard M. Heimann (State Bar No. 63607)
   Kelly M. Dermody (State Bar No. 171716)
2  Eric B. Fastiff (State Bar No. 182260)
   Brendan P. Glackin (State Bar No. 199643)
3  Dean M. Harvey (State Bar No. 250298)
   Anne B. Shaver (State Bar No. 255928)
4  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
5  San Francisco, California  94111-3339
   Telephone:  (415) 956-1000
6  Facsimile:  (415) 956-1008

7  *Interim Co-Lead Counsel for Plaintiffs and the Proposed
   Class*

8
   [Additional counsel listed on signature page]
9

10

11             UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14        **CONFIDENTIAL - ATTORNEYS' EYES ONLY**

15

16  IN RE: HIGH-TECH EMPLOYEE        Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
17                                   **PLAINTIFF MICHAEL DEVINE'S**
                                     **SUPPLEMENTAL ANSWERS AND**
18  THIS DOCUMENT RELATES TO:        **OBJECTIONS TO DEFENDANTS'**
                                     **FIRST SET OF INTERROGATORIES**
19  ALL ACTIONS

20

21
    **PROPOUNDING PARTY:**      Defendants
22
    **RESPONDING PARTY:**       Plaintiff Michael Devine
23
    **SET NUMBER:**             One
24

25          Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the

26  United States District Court for the Northern District of California, Plaintiff Michael Devine

27  ("Plaintiff"), provides answers to Defendants' First Set Interrogatories as follows:

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

The Answers set forth below are based upon information and documents currently available to Plaintiff.  Plaintiff's investigation and discovery in this matter is not complete. Additional investigation and discovery may disclose further information relevant to these Answers, as could information and documents obtained from Defendants through additional discovery procedures.  Accordingly, Plaintiff reserves the right to amend, alter, supplement, modify, or otherwise revise these Answers.

Further, the Answers herein contain extremely sensitive and confidential information, production of which on a "CONFIDENTIAL" basis would create a substantial risk of serious harm that cannot be avoided through less restrictive means.  This document is therefore designated CONFIDENTIAL - ATTORNEYS' EYES ONLY.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every applicable Interrogatory, and are incorporated by reference into each and every applicable Answer as if set forth in full in each Response.

1.      Plaintiff objects to the instructions and definitions of the terms "Communication" and "Documents" purportedly made a part of the Interrogatories to the extent that they impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2.      Plaintiff objects to the Interrogatories as overbroad to the extent they are not limited by relevant time period.  Plaintiff will construe each Interrogatory as pertaining to the period beginning at the time Plaintiff began working for the employer immediately preceding the first time that Plaintiff worked for a Defendant, and ending at the time Plaintiff began working for the employer that employed Plaintiff immediately after Plaintiff was last employed by a Defendant.

3.      Plaintiff objects to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the work product doctrine, or any other constitutional,

1  statutory, or common law privilege or protection, including Plaintiff's privacy rights, or the

2  privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure

3  that may attach to information requested by the interrogatory.

4      4.    In responding to the Interrogatories, Plaintiff does not adopt, embrace or accept

5  any term or definition employed by Defendants.  These responses are made based upon Plaintiff's

6  interpretation of words contained in the Interrogatory, unless a specific definition or instruction

7  has been agreed upon.

8      Subject to, and without waiving, any of the foregoing objections, Plaintiff answers as

9  follows:

10  **ANSWERS AND OBJECTIONS TO INTERROGATORIES**

11  **INTERROGATORY NO. 1:**

12      State all names that You have ever used or been known by.

13  **ANSWER TO INTERROGATORY NO. 1:**

14      Plaintiff objects to Interrogatory No. 1 as overbroad, unduly burdensome, and unlikely to

15  lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

16  scope to any specific time period and seeks irrelevant information.  To the extent that the

17  Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

18      Subject to and without waiving any general or specific objection, Plaintiff answers

19  Interrogatory No. 1 as follows:

20      Michael Devine.

21      Michael Worobec.

22  **INTERROGATORY NO. 2:**

23      State all addresses where You have lived.

24  **ANSWER TO INTERROGATORY NO. 2:**

25      Plaintiff objects to Interrogatory No. 2 as overbroad, unduly burdensome, and unlikely to

26  lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

27  scope to any specific time period and seeks irrelevant information.  To the extent that the

28  Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

1  Subject to and without waiving any general or specific objection, Plaintiff answers
2  Interrogatory No. 2 as follows:

3  Plaintiff's current address is: 1633 Bellevue Avenue, #311, Seattle, Washington 98122.
4  Plaintiff has previously lived in: Albuquerque, New Mexico; Louisville, Colorado; Boulder,
5  Colorado; Pacifica, California; and New York City, New York.

6  **INTERROGATORY NO. 3:**

7  Describe Your education in detail, including without limitation the schools or other
8  instructional institutions You attend or have attended, the time periods You attend or have
9  attended the institutions, the subjects You studied, and any degrees, licenses, or other
10 certifications You obtained.

11 **ANSWER TO INTERROGATORY NO. 3:**

12 Plaintiff objects to Interrogatory No. 3 as overbroad and unlikely to lead to discoverable
13 evidence, including because this Interrogatory is not limited to the relevant time period or the
14 subject matter of the lawsuit.  To the extent that the Interrogatory is overbroad, Plaintiff also
15 objects on the basis of privacy.

16 Subject to and without waiving any general or specific objection, Plaintiff answers
17 Interrogatory No. 3 as follows:

18 Plaintiff attended Grinnell College from 1986 to 1990 and received a bachelor's degree
19 with a major in mathematics.

20 Plaintiff attended the University of New Mexico from 2002 to 2004, and received a
21 bachelor's degree in fine arts.  His studies included computer science, among other subjects.

22 **INTERROGATORY NO. 4:**

23 Describe Your Employment history in detail, including without limitation the name of the
24 employer, the Job location (city and state), how You became aware of the Job opening, the date
25 range of Your Employment, a description of Your Job duties for each position (and the dates You
26 held each such position if You held more than one position with any given employer), a
27 description of the Compensation You received for each Job including any adjustments made to
28 such Compensation, and the reason Your Employment ended.

**ANSWER TO INTERROGATORY NO. 4:**

Plaintiff objects to Interrogatory No. 4 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 4 as follows:

In college, Plaintiff became aware of the research assistant position at NASA Goddard Institute for Space Studies in New York City, New York, through a family acquaintance.  He worked there in the summer of 1989.  Plaintiff was paid $10 an hour.  Duties included programming on personal computers and mainframe computers to create a numerical model. Plaintiff left NASA after the end of the summer.

Plaintiff applied to the same employer after college.  He worked there from August 1990 ████████████████████████████████████████████████████████ included studying the human impact on the ozone layer by performing calibrations of the numerical model to real data, and creating computer graphic diagnostics.  Plaintiff left NASA to pursue better job opportunities.

Plaintiff became aware of the programmer position at Merrill Lynch & Co., Inc., through ████████████████████████████████████████████████████████ ███████████████████████████████████████ database, and implementing analytical techniques.  Plaintiff left Merrill Lynch to pursue better job opportunities.

Plaintiff became aware of the software engineer position at NOAA National Geophysical Data Center in Boulder, Colorado, through a contact at NASA.  He worked there from February ████████████████████████████████████████████ designing and implementing a graphing and data analysis module. Plaintiff left NOAA to pursue better job opportunities.

Plaintiff then worked as a contract senior software engineer at AT&T, through a temp

1 ███████████████████████████████████████████████████████████

2 position for approximately 6 months.  Plaintiff left to pursue better job opportunities.

3       From early 1994 through May 1996, Plaintiff worked in a variety of contract positions as

4 a senior software engineer, working primarily from Denver, Colorado.  Plaintiff learned of these

5 ███████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████

7 Worb.com.  Plaintiff ceased working in these contract positions to pursue better job opportunities.

8       Plaintiff recalls becoming aware of a senior software engineer position at Inquiry.com,

9 through a cold call from a recruiter.  The position was located in San Mateo, California.  He

10 ██████████████████████████████████████████████

11 ██████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████

13 engines with database content, and designing an object-oriented framework.  Plaintiff left

14 Inquiry.com to pursue better job opportunities.

15       Plaintiff became aware of a technical director position at Preview Systems, Inc. in Palo

16 Alto, California through a professional contact.  He worked there from November 1996 through

17 ████████████████████████████████████████████

18 ██████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████

20 transaction server to fit market needs.  Plaintiff left Preview Systems to pursue better job

21 opportunities.

22       From March 1998 to August 1999, Plaintiff worked in a variety of contract positions as a

23 software architect and developer, working primarily out of Colorado.  He learned of these work

24 ██████████████████████████████████████████████████████

25 ████████████████████████████████████████████████

26       Plaintiff cannot recall how he became aware of a senior software engineer position at

27 ███████████████████████████████████████████████████████████

28 ██████████████████████████████████████████████

1 ████████████████████████████████████████████████████████

2 there from September 1999 through December 2000.  Plaintiff left to pursue better job

3 opportunities.

4          Plaintiff became aware of the contract position as a system architect at StorageTek, Inc.

5 (through Symmetry Resources) through internet research.  He worked there from December 2000

6 ████████████████████████████████████████████████████

7 architecting appliance systems.  Plaintiff left StorageTek to pursue better job opportunities.

8          Plaintiff became aware of the contract firmware engineer position at Conexant Systems,

9 Inc. (through an agency) through a personal contact.  He worked there from July 2001 through

10 ████████████████████████████████████████████████

11 firmware for digital cameras.  Plaintiff left Conexant Systems when the project was completed.

12          Plaintiff became aware of the contract software engineer position at Microsoft

13 Corporation in Redmond, Washington (through Siemans Business services) through internet

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 pursue better job opportunities.

17          Plaintiff became aware of the contract software engineer position at Adobe (through

18 Manpower Professional Services) in Seattle, Washington through internet research.  He worked

19 as a contractor for Adobe Systems, Inc. in Seattle, Washington from March 2006 through

20 ████████████████████████████████████████████████████████

21 developing software update technologies, analyzing security of source codes, and developing

22 licensing management, registration, and cash reporting.  Plaintiff left Manpower to accept a

23 position at Adobe, which Plaintiff believed would provide increased compensation and career

24 opportunities.

25          Plaintiff became aware of the senior computer scientist position at Adobe Systems, Inc. in

26 Seattle, Washington through his contract work.  He worked there from approximately October

27 ████████████████████████████████████████████████████████

28 ██████████████████████████████████████████████

1   developing software update technologies, analyzing security of source codes, and developing

2   licensing management, registration, and cash reporting.  Plaintiff left Adobe because Adobe failed

3   to fix software flaws Plaintiff identified and remedied.

4        Plaintiff became aware of the contract software development engineer position at

5   Microsoft Corporation (through Volt Technical Services) in Redmond, Washington, through

6   internet research.  He worked there from October 2008 through September 2009 for the first

7   contract, and again from March 2010 through October 2010 for the second contract (through

8   ████████████████████████████████████████████████████

9   ████████████████████████████████████████████████

10  software.  Plaintiff left because there was no further need for Plaintiff's work.

11       Plaintiff was recruited through iMatch for the senior mobile developer position at

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████

14  **INTERROGATORY NO. 5:**

15       Describe each Job for which You have applied, including the name of the employer, the

16  Job location (city and state), the name of position, how You became aware of the Job opening, a

17  description of the duties of the Job, a description of the Compensation offered for the Job, and the

18  date and the outcome of Your application (e.g., You did not receive a response, You were not

19  offered the Job, You were offered the Job and declined it, You were offered and accepted the Job,

20  etc.).

21  **ANSWER TO INTERROGATORY NO. 5:**

22       Plaintiff objects to Request No. 5 as overbroad, unduly burdensome, and unlikely to lead

23  to the discovery of admissible evidence because the Interrogatory is not limited in scope to

24  matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory

25  is overbroad, Plaintiff also objects on the basis of privacy.

26       Subject to and without waiving any general or specific objection, Plaintiff answers

27  Interrogatory No. 5 as follows:

28       Plaintiff has no specific recollection regarding applications apart from those described in

- 8 -

1  response to Interrogatory No. 4.

2  **INTERROGATORY NO. 6:**

3      For each Job listed in Interrogatories 4 and 5 above, describe any negotiation of any

4  aspect of Compensation, including without limitation the date and outcome of each negotiation,

5  and identify all participants.

6  **ANSWER TO INTERROGATORY NO. 6:**

7      Plaintiffs object to Interrogatory No. 6 as overbroad and unlikely to lead to the discovery

8  of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this

9  lawsuit or to any specific time period.  Plaintiff further objects to the use of the undefined terms

10  "negotiation," "aspect," "outcome" and "participants" as vague and ambiguous.  To the extent

11  that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

12      Subject to and without waiving any general or specific objection, Plaintiff answers

13  Interrogatory No. 6 as follows:

14  ███████████████████████████████████████████████

15  ███████████████████████████████████████████████

16  ██████████████████

17  **INTERROGATORY NO. 7:**

18      Describe every source of information You have obtained or received about available Jobs

19  or Compensation for Jobs other than Your own.

20  **ANSWER TO INTERROGATORY NO. 7:**

21      Plaintiff objects to Interrogatory No. 7 as overbroad and unlikely to lead to the discovery

22  of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this

23  lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff

24  also objects on the basis of privacy.

25      Subject to and without waiving any the general or specific objections, Plaintiff answers

26  Interrogatory No. 7 as follows:

27      Plaintiff used the following sources of information regarding jobs or compensation other

28  than his own: cold calls received, co-workers, professional contacts, and internet resources (such

- 9 -

1    as monster.com).

2    **INTERROGATORY NO. 8**

3        Describe every Cold Call You have ever received, including the approximate date, Your

4    employer at the time, the identity of the person or organization contacting You, and the identity of

5    the opportunity discussed, describe the purpose and subject matter of the Cold Call, and fully

6    Describe Your response (*e.g.*, You ignored it, You responded to it, You pursued the employment

7    opportunity, You changed Jobs as a result).

8    **ANSWER TO INTERROGATORY NO. 8:**

9        Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, and unlikely to

10   lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

11   scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the

12   Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

13       Subject to and without waiving any the general or specific objections, Plaintiff answers

14   Interrogatory No. 8 as follows:

15       Plaintiff recalls receiving cold calls, but has no specific recollection regarding individual

16   cold calls received, aside from the cold call described in response to Interrogatory No. 4.

17   **INTERROGATORY NO. 9:**

18       Describe all efforts made by You to obtain Employment which have not otherwise been

19   described in response to Interrogatory Nos. 4-8.

20   **ANSWER TO INTERROGATORY NO. 9:**

21       Plaintiff objects to Interrogatory No. 9 overbroad, unduly burdensome, and unlikely to

22   lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to

23   matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory

24   is overbroad, Plaintiff also objects on the basis of privacy.

25       Subject to and without waiving any the general or specific objections, Plaintiff answers

26   Interrogatory No. 9 as follows:

27       Plaintiff contacted potential employers directly, and posted his resume on monster.com,

28   hotjobs.com, and dice.com.

1    **INTERROGATORY NO. 10:**

2         For each person or entity that has acted as a recruiter or intermediary to explore, evaluate,

3    consider or obtain Employment for You, identify the person or entity and describe what they did

4    for You and when.

5    **ANSWER TO INTERROGATORY NO. 10:**

6         Plaintiffs object to Request No. 10 as overbroad, unduly burdensome, and unlikely to lead

7    to the discovery of admissible evidence because the Interrogatory is not limited in scope to

8    matters relevant to this lawsuit or to any specific time period.  Thus, Plaintiff objects that this

9    Interrogatory seeks information that is not relevant to any party's claims, defenses or the subject

10   matter involved in this action.  To the extent that the Interrogatory is overbroad, Plaintiff also

11   objects on the basis of privacy.

12        Subject to and without waiving any the general or specific objections, Plaintiff answers

13   Interrogatory No. 10 as follows:

14        Plaintiff did not hire any recruiter or intermediary, as Plaintiff understands those terms as

15   used by Defendants, to explore, evaluate, consider or obtain employment.

16   **INTERROGATORY NO. 11:**

17        Separately for each agreement alleged to be unlawful in Your Consolidated Amended

18   Complaint, identify all persons who were aware of any aspect of the agreement at any time before

19   You filed Your lawsuit, describe what You believe that person knew about the referenced

20   agreement and identify the basis and source of Your belief.

21   **ANSWER TO INTERROGATORY NO. 11:**

22        Plaintiff objects to Interrogatory No. 11 as vague and ambiguous because it is not clear

23   whether this Interrogatory asks for information Plaintiff had prior to the filing of a lawsuit.  To

24   the extent this Interrogatory seeks information that Plaintiff knows through his involvement in

25   this litigation, Plaintiff objects to the extent such information is protected by the attorney-client

26   privilege and/or the work-product doctrine.  To the extent that the Interrogatory is overbroad,

27   Plaintiff also objects on the basis of privacy.

28        Subject to and without waiving any general or specific objections, Plaintiff answers

1    Interrogatory No. 11 as follows:

2         Plaintiff was not aware of specific individuals involved in the agreements or who had

3    knowledge of the agreements alleged in Plaintiffs' Consolidated Amended Complaint prior to the

4    filing of the action.

5    **INTERROGATORY NO. 12:**

6         Describe Your Communications with anyone (other than Your attorneys of record in this

7    case) relating to any agreement or other conduct alleged to be unlawful in this case including

8    without limitation the person's name and address, the date of the Communication, as detailed a

9    description of the Communication as possible, and any related Documents.

10   **ANSWER TO INTERROGATORY NO. 12:**

11        Plaintiff objects to Interrogatory No. 12 to the extent it calls for information protected by

12   the common-interest privilege, attorney-client privilege, and/or work-product doctrine.   To the

13   extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

14        Subject to and without waiving any the general or specific objections, Plaintiff answers

15   Interrogatory No. 12 as follows:

16        Plaintiff has not had any such communications.

17   **INTERROGATORY NO. 13:**

18        For each injury or damages that You or any other person incurred as a result of the

19   allegations in the Consolidated Amended Complaint, describe in detail the injury or damages

20   including without limitation the type of injury or damages, who incurred it, what specific conduct

21   or omission caused it, the dates that it occurred, and the date that the person incurring it learned of

22   the injury or damages.

23   **ANSWER TO INTERROGATORY NO. 13:**

24        Plaintiff objects to Interrogatory No. 13 to the extent that it impermissibly seeks the

25   premature disclosure of information that will be the subject of expert reports and testimony.  Such

26   expert opinion will be disclosed in accordance with the Orders of the Court and the applicable

27   Rules of Civil Procedure.   Plaintiff further objects that this is a premature contention

28   interrogatory.  Plaintiff further objects to the Interrogatory on the grounds that it seeks improper

1  discovery of absent class members and is therefore overbroad and unduly burdensome.  To the

2  extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

3      Subject to and without waiving any the general or specific objections, Plaintiff answers

4  Interrogatory No. 13 as follows:

5      Plaintiff states that the agreements among the Defendants alleged in the Consolidated

6  Amended Complaint, and the actions and inactions of Defendants in furtherance of those

7  agreements, limited his employment opportunities and suppressed his compensation.

8  **INTERROGATORY NO. 14:**

9      State all facts and inferences (including the source for each) that support Your contention

10  that one or more alleged agreement involving the Defendants had an anticompetitive effect on

11  You, or anyone else, and identify any related Documents.

12  **ANSWER TO INTERROGATORY NO. 14:**

13      Plaintiffs object to Interrogatory No. 14 as a premature contention interrogatory.  Plaintiff

14  also objects to this Interrogatory to the extent that it calls for information protected by the

15  attorney-client privilege and/or the work-product doctrine.  Plaintiff further objects to the extent

16  this interrogatory calls for a legal conclusion regarding any "anticompetitive effects" of

17  Defendants' illegal conduct.  Plaintiff further objects to the extent the information requested will

18  be the subject of expert reports and testimony.   Such expert opinion will be disclosed in

19  accordance with the Orders of the Court and the applicable Rules of Civil Procedure.  Plaintiffs

20  further object to the extent that most such "facts" are in Defendants' possession and have not yet

21  been produced or otherwise discovered in this case.  To the extent that the Interrogatory is

22  overbroad, Plaintiff also objects on the basis of privacy.

23      Based upon the foregoing general and specific objections, Plaintiff will not answer

24  Interrogatory No. 14 at this time, but reserves the right to supplement and/or amend this Answer

25  at the end of discovery.

26

27

28

PLTF DEVINE'S SUPPLEMENTAL ANSWERS AND
OBJECTIONS TO DEFS' FIRST SET OF
INTERROGATORIES
CASE NO. 11-CV-2509 LHK

1    Dated:  June 7, 2012                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

2                                        By:  */s/ Dean M. Harvey*
                                              Dean M. Harvey
3

4                                        Richard M. Heimann (State Bar No. 63607)
                                         Kelly M. Dermody (State Bar No. 171716)
5                                        Eric B. Fastiff (State Bar No. 182260)
                                         Brendan P. Glackin (State Bar No. 199643)
6                                        Dean M. Harvey (State Bar No. 250298)
                                         Anne B. Shaver (State Bar No. 255928)
7                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                         275 Battery Street, 29th Floor
8                                        San Francisco, California  94111-3339
                                         Telephone:  (415) 956-1000
9                                        Facsimile:  (415) 956-1008

10                                       Joseph R. Saveri
                                         SAVERI LAW FIRM
11                                       255 California, Suite 450
                                         San Francisco, California 94111
12                                       Telephone: 415.500.6800
                                         Facsimile: 415.500.6803

13                                       *Interim Co-Lead Counsel for Plaintiffs and the Proposed
                                         Class*
14

15                                       Eric L. Cramer
                                         Shanon J. Carson
16                                       Sarah R. Schalman-Bergen
                                         BERGER & MONTAGUE, P.C.
17                                       1622 Locust Street
                                         Philadelphia, PA 19103
18                                       Telephone:  (800) 424-6690
                                         Facsimile:  (215) 875-4604
19
                                         Linda P. Nussbaum
20                                       John D. Radice
                                         GRANT & EISENHOFER P.A.
21                                       485 Lexington Avenue, 29th Floor
                                         New York, NY  10017
22                                       Telephone:  (646) 722-8500
                                         Facsimile:  (646) 722-8501
23
                                         *Counsel for Plaintiffs and the Proposed Class*
24

25

26

27

28

970149.4                               - 14 -          PLTF DEVINE'S SUPPLEMENTAL ANSWERS AND
                                                       OBJECTIONS TO DEFS' FIRST SET OF
                                                       INTERROGATORIES
                                                       CASE NO. 11-CV-2509 LHK