# EXHIBIT 10
# PUBLIC VERSION

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFF MARK FICHTNER'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**   Defendants

**RESPONDING PARTY:**   Plaintiff Mark Fichtner

**SET NUMBER:**   One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Plaintiff Mark Fichtner ("Plaintiff"), provides answers to Defendants' First Set Interrogatories as follows:

**PRELIMINARY STATEMENT**

The Answers set forth below are based upon information and documents currently available to Plaintiff. Plaintiff's investigation and discovery in this matter is not complete. Additional investigation and discovery may disclose further information relevant to these Answers, as could information and documents obtained from Defendants through additional discovery procedures. Accordingly, Plaintiff reserves the right to amend, alter, supplement, modify, or otherwise revise these Answers.

Further, the Answers herein contain extremely sensitive and confidential information, production of which on a "CONFIDENTIAL" basis would create a substantial risk of serious harm that cannot be avoided through less restrictive means. This document is therefore designated CONFIDENTIAL - ATTORNEYS' EYES ONLY.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every applicable Interrogatory, and are incorporated by reference into each and every applicable Answer as if set forth in full in each Response.

1. Plaintiff objects to the instructions and definitions of the terms "Communication" and "Documents" purportedly made a part of the Interrogatories to the extent that they impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2. Plaintiff objects to the Interrogatories as overbroad to the extent they are not limited by relevant time period. Plaintiff will construe each Interrogatory as pertaining to the period beginning at the time Plaintiff began working for the employer immediately preceding the first time that Plaintiff worked for a Defendant, and ending at the time Plaintiff began working for the employer that employed Plaintiff immediately after Plaintiff was last employed by a Defendant.

3. Plaintiff objects to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the work product doctrine, or any other constitutional,

statutory, or common law privilege or protection, including Plaintiff's privacy rights, or the privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure that may attach to information requested by the interrogatory.

4. In responding to the Interrogatories, Plaintiff does not adopt, embrace or accept any term or definition employed by Defendants. These responses are made based upon Plaintiff's interpretation of words contained in the Interrogatory, unless a specific definition or instruction has been agreed upon.

Subject to, and without waiving, any of the foregoing objections, Plaintiff answers as follows:

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State all names that You have ever used or been known by.

**ANSWER TO INTERROGATORY NO. 1:**

Plaintiff objects to Interrogatory No. 1 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, including because the Interrogatory is not limited in scope to any specific time period and seeks irrelevant information. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 1 as follows:

Mark Fichtner

**INTERROGATORY NO. 2:**

State all addresses where You have lived.

**ANSWER TO INTERROGATORY NO. 2:**

Plaintiff objects to Interrogatory No. 2 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, including because the Interrogatory is not limited in scope to any specific time period and seeks irrelevant information. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

1  Subject to and without waiving any general or specific objection, Plaintiff answers
2  Interrogatory No. 2 as follows:

3  Plaintiff has lived in St. Joseph's, Michigan; Logan, Utah; Stanfield, Arizona; and
4  Chandler, Arizona. Plaintiff currently resides in Chandler, Arizona. Plaintiff's home address is:
5  5619 West Chicago Street, Chandler, Arizona.

6  **INTERROGATORY NO. 3:**

7  Describe Your education in detail, including without limitation the schools or other
8  instructional institutions You attend or have attended, the time periods You attend or have
9  attended the institutions, the subjects You studied, and any degrees, licenses, or other
10 certifications You obtained.

11 **ANSWER TO INTERROGATORY NO. 3:**

12 Plaintiff objects to Interrogatory No. 3 as overbroad and unlikely to lead to discoverable
13 evidence, including because this Interrogatory is not limited to the relevant time period or the
14 subject matter of the lawsuit. To the extent that the Interrogatory is overbroad, Plaintiff also
15 objects on the basis of privacy.

16 Subject to and without waiving any general or specific objection, Plaintiff answers
17 Interrogatory No. 3 as follows:

18 Plaintiff attended the University of Michigan from 1989 through 1993. Plaintiff received
19 a bachelor of science degree in computer engineering.

20 Plaintiff served in the U.S. Army Reserves and was certified as a patient administration
21 specialist in the summer of 1990.

22 **INTERROGATORY NO. 4:**

23 Describe Your Employment history in detail, including without limitation the name of the
24 employer, the Job location (city and state), how You became aware of the Job opening, the date
25 range of Your Employment, a description of Your Job duties for each position (and the dates You
26 held each such position if You held more than one position with any given employer), a
27 description of the Compensation You received for each Job including any adjustments made to
28 such Compensation, and the reason Your Employment ended.

1  **ANSWER TO INTERROGATORY NO. 4:**

2  Plaintiff objects to Interrogatory No. 4 as overbroad, unduly burdensome, and unlikely to
3  lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to
4  matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory
5  is overbroad, Plaintiff also objects on the basis of privacy.

6  Subject to and without waiving any general or specific objection, Plaintiff answers
7  Interrogatory No. 4 as follows:

8  In high school, Plaintiff became aware of a summer job at TruGreen, LLC through a
9  family member's recommendation.  He worked there from March 1987 to September 1987.  The
10  [REDACTED]
11  Plaintiff's job duties included designing a marketing database and computerized regional budget
12  evaluations and forecasting.  Plaintiff left TruGreen because his summer job ended.

13  In college, Plaintiff became aware of a contract position at Jordan College through a
14  family member's recommendation.  He worked there from May 1990 to June 1990 and again in
15  [REDACTED]
16  [REDACTED]
17  assess financial aid packages.  Plaintiff left Jordan College because his project ended.

18  In college, Plaintiff became aware of a summer job at Professional Speech Services
19  through a newspaper posting.  He worked there from May 1991 through September 1991.  The
20  [REDACTED]
21  Plaintiff's job duties included developing software for managing accounts receivable and billing.
22  Plaintiff left Professional Speech Services because his project ended.

23  In college, Plaintiff became aware of a summer internship at Zenith Data Systems through
24  a friend's recommendation.  He worked there from May 1992 through September 1992.  The job
25  [REDACTED]
26  included developing software to automate the running of PC benchmarking tools.  Plaintiff left
27  Zenith to finish his final year of college.

28  Intel recruited Plaintiff on campus when he was a student at the University of Michigan.

1   Plaintiff worked at Intel from July 1993 to November 2006.  Plaintiff's salary ranged from
2   $37,000 to $105,881 per year.  Plaintiff received an at most $20,037 executive bonus per year,
3   and an at most $6,825 profit sharing bonus per year.  Plaintiff also received 19,480 shares of
4   stock, and 800 restrictive shares during the span of his employment with Intel.  Job locations
5   included Chandler, Arizona and Folsom, California.  From July 1993 through July 1996, Plaintiff
6   worked as a junior software engineer in the consulting and programming resource group.  Duties
7   included completing software-training tools.  From July 1996 through July 1999, Plaintiff worked
8   as a senior software engineer in the digital imaging and video division.  Duties included creating
9   software for a digital camera and optimizing image-processing algorithms.  From July 1999
10  through May 2004, Plaintiff worked as a senior software engineer and manager in the desktop
11  products group.  Duties included managing teams to develop projects such as graphics tools,
12  debugging tools, BIOS editors, and platform-installers.  In addition to managing, Plaintiff also
13  created software and evaluated code.  From June 2004 through November 2006, Plaintiff worked
14  as a software manager in the cellular and handheld group.  Duties included hiring and training
15  employees, developing software processes, and implementing software pieces such as an
16  embedded RPC protocol.  Plaintiff left Intel in November 2006 because his unit was acquired by
17  Marvell Technology Group, Ltd.

18      Plaintiff worked for Marvell Technology Group, Ltd. from November 2006 through
19  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23  included managing a team responsible for .NET-based software used in host silicon validation
24  and testing, and developing a circuit marginality test platform for graphically viewing the effects
25  of various conditions on silicon products.  Plaintiff left Marvell in November 2007 because he
26  wanted to live in a location with a better climate.

27      Plaintiff then worked for Space Dynamics Laboratory at Utah State University from
28  November 2007 through May 2008.  Plaintiff found the open position through monster.com.  The

1 ▮

2 senior software engineer. His duties included creating and supervising software code that
3 supported military platforms, including unmanned aircraft. Plaintiff left Space Dynamics when
4 he was unable to sell his house in Arizona.

5 Plaintiff obtained a position with Intel beginning in May 2008 and ending in May 2011.
6 Plaintiff was contacted by a manager at Intel who told him to apply directly to the position.
7 Plaintiff had previously worked with the manager on past engagements. The location was
8 Chandler, Arizona. Plaintiff's salary ranged from $108,000 to $111,289 per year. Plaintiff
9 received at most a $14,411 executive bonus per year and at most a $7,088 profit sharing bonus
10 per year. Plaintiff also received 3,010 in restrictive shares during the span of his employment
11 with Intel. Plaintiff worked as a senior software engineer in the chipset software group (May
12 2008 to August 2010) and in the yield and engineering analysis group (August 2010 to May
13 2011). His duties included leading teams in developing software for visualizing factory test data,
14 among other projects. Plaintiff left Intel in May 2011 because his salary did not increase
15 sufficiently.

16 Plaintiff obtained his current position with Marvell beginning in May 2011. Plaintiff was
17 contacted by a manager at Marvell who told him to apply directly to the position, after a friend
18 ▮
19 ▮
20 ▮
21 software engineer developing infrastructure software and silicon security tests.

22 **INTERROGATORY NO. 5:**

23 Describe each Job for which You have applied, including the name of the employer, the
24 Job location (city and state), the name of position, how You became aware of the Job opening, a
25 description of the duties of the Job, a description of the Compensation offered for the Job, and the
26 date and the outcome of Your application (e.g., You did not receive a response, You were not
27 offered the Job, You were offered the Job and declined it, You were offered and accepted the Job,
28 etc.).

1  **ANSWER TO INTERROGATORY NO. 5:**

2  Plaintiff objects to Request No. 5 as overbroad, unduly burdensome, and unlikely to lead
3  to the discovery of admissible evidence because the Interrogatory is not limited in scope to
4  matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory
5  is overbroad, Plaintiff also objects on the basis of privacy.

6  Subject to and without waiving any general or specific objection, Plaintiff answers
7  Interrogatory No. 5 as follows:

8  Apart from Plaintiff's response to Interrogatory No. 4, Plaintiff has a specific recollection
9  ■■■
10 ■■■
11 ■■■
12 ■■■
13 ■■■
14 ■■■
15 ■■■
16 ■■■
17 ■■■
18 ■■■

19 **INTERROGATORY NO. 6:**

20 For each Job listed in Interrogatories 4 and 5 above, describe any negotiation of any
21 aspect of Compensation, including without limitation the date and outcome of each negotiation,
22 and identify all participants.

23 **ANSWER TO INTERROGATORY NO. 6:**

24 Plaintiffs object to Interrogatory No. 6 as overbroad and unlikely to lead to the discovery
25 of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this
26 lawsuit or to any specific time period.  Plaintiff further objects to the use of the undefined terms
27 "negotiation," "aspect," "outcome" and "participants" as vague and ambiguous.  To the extent
28 that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

1  Subject to and without waiving any general or specific objection, Plaintiff answers
2  Interrogatory No. 6 as follows:

3  ███████████████████████████████████████████████
4  ███████████████████████████████████████████████
5  ███████████████████████████████████████████████
6  █████████

7  **INTERROGATORY NO. 7:**

8  Describe every source of information You have obtained or received about available Jobs
9  or Compensation for Jobs other than Your own.

10  **ANSWER TO INTERROGATORY NO. 7:**

11  Plaintiff objects to Interrogatory No. 7 as overbroad and unlikely to lead to the discovery
12  of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this
13  lawsuit or to any specific time period. To the extent that the Interrogatory is overbroad, Plaintiff
14  also objects on the basis of privacy.

15  Subject to and without waiving any the general or specific objections, Plaintiff answers
16  Interrogatory No. 7 as follows:

17  Plaintiff used the following sources of information regarding jobs or compensation other
18  than his own: co-workers, professional contacts, and internet resources (such as monster.com).

19  **INTERROGATORY NO. 8**

20  Describe every Cold Call You have ever received, including the approximate date, Your
21  employer at the time, the identity of the person or organization contacting You, and the identity of
22  the opportunity discussed, describe the purpose and subject matter of the Cold Call, and fully
23  Describe Your response (*e.g.*, You ignored it, You responded to it, You pursued the employment
24  opportunity, You changed Jobs as a result).

25  **ANSWER TO INTERROGATORY NO. 8:**

26  Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, and unlikely to
27  lead to the discovery of admissible evidence, including because the Interrogatory is not limited in
28  scope to matters relevant to this lawsuit or to any specific time period. To the extent that the

1  Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

2  Subject to and without waiving any the general or specific objections, Plaintiff answers
3  Interrogatory No. 8 as follows:

4  Plaintiff has no specific recollection of receiving a cold call.

5  **INTERROGATORY NO. 9:**

6  Describe all efforts made by You to obtain Employment which have not otherwise been
7  described in response to Interrogatory Nos. 4-8.

8  **ANSWER TO INTERROGATORY NO. 9:**

9  Plaintiff objects to Interrogatory No. 9 overbroad, unduly burdensome, and unlikely to
10 lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to
11 matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory
12 is overbroad, Plaintiff also objects on the basis of privacy.

13 Subject to and without waiving any the general or specific objections, Plaintiff answers
14 Interrogatory No. 9 as follows:

15 Plaintiff does not recollect making any efforts not set forth in the preceding Answers.

16 **INTERROGATORY NO. 10:**

17 For each person or entity that has acted as a recruiter or intermediary to explore, evaluate,
18 consider or obtain Employment for You, identify the person or entity and describe what they did
19 for You and when.

20 **ANSWER TO INTERROGATORY NO. 10:**

21 Plaintiffs object to Request No. 10 as overbroad, unduly burdensome, and unlikely to lead
22 to the discovery of admissible evidence because the Interrogatory is not limited in scope to
23 matters relevant to this lawsuit or to any specific time period.  Thus, Plaintiff objects that this
24 Interrogatory seeks information that is not relevant to any party's claims, defenses or the subject
25 matter involved in this action.  To the extent that the Interrogatory is overbroad, Plaintiff also
26 objects on the basis of privacy.

27 Subject to and without waiving any the general or specific objections, Plaintiff answers
28 Interrogatory No. 10 as follows:

1    Plaintiff did not hire any recruiter or intermediary to explore, evaluate, consider or obtain
2 employment.
3 **INTERROGATORY NO. 11:**
4    Separately for each agreement alleged to be unlawful in Your Consolidated Amended
5 Complaint, identify all persons who were aware of any aspect of the agreement at any time before
6 You filed Your lawsuit, describe what You believe that person knew about the referenced
7 agreement and identify the basis and source of Your belief.
8 **ANSWER TO INTERROGATORY NO. 11:**
9    Plaintiff objects to Interrogatory No. 11 as vague and ambiguous because it is not clear
10 whether this Interrogatory asks for information Plaintiff had prior to the filing of a lawsuit. To
11 the extent this Interrogatory seeks information that Plaintiff knows through his involvement in
12 this litigation, Plaintiff objects to the extent such information is protected by the attorney-client
13 privilege and/or the work-product doctrine. To the extent that the Interrogatory is overbroad,
14 Plaintiff also objects on the basis of privacy.
15    Subject to and without waiving any general or specific objections, Plaintiff answers
16 Interrogatory No. 11 as follows:
17    Plaintiff was not aware of specific individuals involved in the agreements or who had
18 knowledge of the agreements alleged in Plaintiffs' Consolidated Amended Complaint prior to the
19 filing of the action.
20 **INTERROGATORY NO. 12:**
21    Describe Your Communications with anyone (other than Your attorneys of record in this
22 case) relating to any agreement or other conduct alleged to be unlawful in this case including
23 without limitation the person's name and address, the date of the Communication, as detailed a
24 description of the Communication as possible, and any related Documents.
25
26
27
28

970053.3 — - 11 - — PLTF FICHTNER'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFS' FIRST SET OF INTERROGATORIES
CASE NO. 11-CV-2509 LHK

1  **ANSWER TO INTERROGATORY NO. 12:**

2  Plaintiff objects to Interrogatory No. 12 to the extent it calls for information protected by
3  the common-interest privilege, attorney-client privilege, and/or work-product doctrine. To the
4  extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

5  Subject to and without waiving any the general or specific objections, Plaintiff answers
6  Interrogatory No. 12 as follows:

7  Plaintiff has not had any such communications.

8  **INTERROGATORY NO. 13:**

9  For each injury or damages that You or any other person incurred as a result of the
10  allegations in the Consolidated Amended Complaint, describe in detail the injury or damages
11  including without limitation the type of injury or damages, who incurred it, what specific conduct
12  or omission caused it, the dates that it occurred, and the date that the person incurring it learned of
13  the injury or damages.

14  **ANSWER TO INTERROGATORY NO. 13:**

15  Plaintiff objects to Interrogatory No. 13 to the extent that it impermissibly seeks the
16  premature disclosure of information that will be the subject of expert reports and testimony. Such
17  expert opinion will be disclosed in accordance with the Orders of the Court and the applicable
18  Rules of Civil Procedure. Plaintiff further objects that this is a premature contention
19  interrogatory. Plaintiff further objects to the Interrogatory on the grounds that it seeks improper
20  discovery of absent class members and is therefore overbroad and unduly burdensome. To the
21  extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

22  Subject to and without waiving any the general or specific objections, Plaintiff answers
23  Interrogatory No. 13 as follows:

24  Plaintiff states that the agreements among the Defendants alleged in the Consolidated
25  Amended Complaint, and the actions and inactions of Defendants in furtherance of those
26  agreements, limited his employment opportunities and suppressed his compensation.

27
28

**INTERROGATORY NO. 14:**

State all facts and inferences (including the source for each) that support Your contention that one or more alleged agreement involving the Defendants had an anticompetitive effect on You, or anyone else, and identify any related Documents.

**ANSWER TO INTERROGATORY NO. 14:**

Plaintiffs object to Interrogatory No. 14 as a premature contention interrogatory. Plaintiff also objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff further objects to the extent this interrogatory calls for a legal conclusion regarding any "anticompetitive effects" of Defendants' illegal conduct. Plaintiff further objects to the extent the information requested will be the subject of expert reports and testimony. Such expert opinion will be disclosed in accordance with the Orders of the Court and the applicable Rules of Civil Procedure. Plaintiffs further object to the extent that most such "facts" are in Defendants' possession and have not yet been produced or otherwise discovered in this case. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Based upon the foregoing general and specific objections, Plaintiff will not answer Interrogatory No. 14 at this time, but reserves the right to supplement and/or amend this Answer at the end of discovery.

| | | |
|---|---|---|
| 1 | Dated: June 7, 2012 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |

By: _____/s/ Dean M. Harvey_____
      Dean M. Harvey

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

Eric L. Cramer
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Linda P. Nussbaum
John D. Radice
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*

## VERIFICATION

I have reviewed the answers to the interrogatories set out in this document. I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge.

Dated: June  6 , 2012

_____
Mark Fichtner