# EXHIBIT 11
# PUBLIC VERSION

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFF SIDDHARTH HARIHARAN'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**     Defendants

**RESPONDING PARTY:**     Plaintiff Siddharth Hariharan

**SET NUMBER:**     One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Plaintiff Siddharth Hariharan ("Plaintiff"), provides answers to Defendants' First Set Interrogatories as follows:

## PRELIMINARY STATEMENT

The Answers set forth below are based upon information and documents currently available to Plaintiff. Plaintiff's investigation and discovery in this matter is not complete. Additional investigation and discovery may disclose further information relevant to these Answers, as could information and documents obtained from Defendants through additional discovery procedures. Accordingly, Plaintiff reserves the right to amend, alter, supplement, modify, or otherwise revise these Answers.

Further, the Answers herein contain extremely sensitive and confidential information, production of which on a "CONFIDENTIAL" basis would create a substantial risk of serious harm that cannot be avoided through less restrictive means. This document is therefore designated CONFIDENTIAL - ATTORNEYS' EYES ONLY.

## GENERAL OBJECTIONS

The following General Objections apply to each and every applicable Interrogatory, and are incorporated by reference into each and every applicable Answer as if set forth in full in each Response.

1. Plaintiff objects to the instructions and definitions of the terms "Communication" and "Documents" purportedly made a part of the Interrogatories to the extent that they impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2. Plaintiff objects to the Interrogatories as overbroad to the extent they are not limited by relevant time period. Plaintiff will construe each Interrogatory as pertaining to the period beginning at the time Plaintiff began working for the employer immediately preceding the first time that Plaintiff worked for a Defendant, and ending at the time Plaintiff began working for the employer that employed Plaintiff immediately after Plaintiff was last employed by a

1  Defendant.

2  3. Plaintiff objects to the Interrogatories to the extent they call for information
3  protected by the attorney-client privilege, the work product doctrine, or any other constitutional,
4  statutory, or common law privilege or protection, including Plaintiff's privacy rights, or the
5  privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure
6  that may attach to information requested by the interrogatory.

7  4. In responding to the Interrogatories, Plaintiff does not adopt, embrace or accept
8  any term or definition employed by Defendants. These responses are made based upon Plaintiff's
9  interpretation of words contained in the Interrogatory, unless a specific definition or instruction
10 has been agreed upon.

11 Subject to, and without waiving, any of the foregoing objections, Plaintiff answers as
12 follows:

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State all names that You have ever used or been known by.

**ANSWER TO INTERROGATORY NO. 1:**

Plaintiff objects to Interrogatory No. 1 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, including because the Interrogatory is not limited in scope to any specific time period and seeks irrelevant information. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 1 as follows:

Siddharth Hariharan.

Neil Haran.

**INTERROGATORY NO. 2:**

State all addresses where You have lived.

**ANSWER TO INTERROGATORY NO. 2:**

Plaintiff objects to Interrogatory No. 2 as overbroad, unduly burdensome, and unlikely to

1  lead to the discovery of admissible evidence, including because the Interrogatory is not limited in
2  scope to any specific time period and seeks irrelevant information. To the extent that the
3  Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

4      Subject to and without waiving any general or specific objection, Plaintiff answers
5  Interrogatory No. 2 as follows:

6      Plaintiff has lived in Surrey, British Columbia, Canada, and San Francisco, California.
7  Plaintiff currently resides in San Francisco, California. Plaintiff's home address is: 579 Potrero
8  Avenue, San Francisco, California, 94110.

9  **INTERROGATORY NO. 3:**

10     Describe Your education in detail, including without limitation the schools or other
11 instructional institutions You attend or have attended, the time periods You attend or have
12 attended the institutions, the subjects You studied, and any degrees, licenses, or other
13 certifications You obtained.

14 **ANSWER TO INTERROGATORY NO. 3:**

15     Plaintiff objects to Interrogatory No. 3 as overbroad and unlikely to lead to discoverable
16 evidence, including because this Interrogatory is not limited to the relevant time period or the
17 subject matter of the lawsuit. To the extent that the Interrogatory is overbroad, Plaintiff also
18 objects on the basis of privacy.

19     Subject to and without waiving any general or specific objection, Plaintiff answers
20 Interrogatory No. 3 as follows:

21     Plaintiff attended Art Institute CDIS from approximately 2000 to 2002 and received a
22 diploma in Game Design and Applied Programming Masters.

23     Plaintiff attended Simon Fraser University from approximately 2004 to 2005. Plaintiff's
24 studies included computer science.

25 **INTERROGATORY NO. 4:**

26     Describe Your Employment history in detail, including without limitation the name of the
27 employer, the Job location (city and state), how You became aware of the Job opening, the date
28 range of Your Employment, a description of Your Job duties for each position (and the dates You

1  held each such position if You held more than one position with any given employer), a
2  description of the Compensation You received for each Job including any adjustments made to
3  such Compensation, and the reason Your Employment ended.
4  **ANSWER TO INTERROGATORY NO. 4:**
5     Plaintiff objects to Interrogatory No. 4 as overbroad, unduly burdensome, and unlikely to
6  lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to
7  matters relevant to this lawsuit or to any specific time period. To the extent that the Interrogatory
8  is overbroad, Plaintiff also objects on the basis of privacy.
9     Subject to and without waiving any general or specific objection, Plaintiff answers
10 Interrogatory No. 4 as follows:
11    Plaintiff became aware of the software engineer position at Radical Entertainment by
12 directly applying for the position. He worked there from October 2002 to September 2005. The
13 ████████████████████████████████████████████████████████████████████████████████ s
14 ████████████████████████████████████████████████████████████████████████████████ o
15 ████████████████████████████████████████████████████████████████████████████████ .
16 Plaintiff left Radical Entertainment to pursue better opportunities.
17    Plaintiff became aware of the software engineer position at Electronic Arts through a
18 friend's recommendation. He worked there from September 2005 through December 2006. The
19 ████████████████████████████████████████████████████████████████████████████████ s
20 included developing tools and applications for digital artists and game developers. Plaintiff left
21 Electronic Arts in approximately December 15, 2006 to pursue better job opportunities and to live
22 in a new location in the United States.
23    Plaintiff became aware of the Lucasfilm position through a cold call from Lucasfilm.
24 Plaintiff began work for Lucasfilm on January 8, 2007 as a software engineer. The job location
25 ████████████████████████████████████████████████████████████████████████████████ a
26 ████████████████████████████████████████████████████████████████████████████████ s,
27 including digital animation and game development. Plaintiff left Lucasfilm on approximately
28 August 15, 2008, because he became aware of a better job opportunity that offered more

1  compensation, and because of Lucasfilm's employment practices.

2  Plaintiff became aware of the senior software engineer position at Zynga position through
3  a cold call from Zynga. Plaintiff began work for Zynga in August 2008. The job location was
4  ███████████████████████████████████████████████████████████████████████
5  ███████████████████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████████
7  digital animation and game development. Plaintiff left Zynga in April 2010 to found his own
8  company.

9  Following Zynga, Plaintiff founded InEarth in April 2010. Plaintiff is chief executive
10 officer and focuses on building social games.

11 **INTERROGATORY NO. 5:**

12 Describe each Job for which You have applied, including the name of the employer, the
13 Job location (city and state), the name of position, how You became aware of the Job opening, a
14 description of the duties of the Job, a description of the Compensation offered for the Job, and the
15 date and the outcome of Your application (e.g., You did not receive a response, You were not
16 offered the Job, You were offered the Job and declined it, You were offered and accepted the Job,
17 etc.).

18 **ANSWER TO INTERROGATORY NO. 5:**

19 Plaintiff objects to Request No. 5 as overbroad, unduly burdensome, and unlikely to lead
20 to the discovery of admissible evidence because the Interrogatory is not limited in scope to
21 matters relevant to this lawsuit or to any specific time period. To the extent that the Interrogatory
22 is overbroad, Plaintiff also objects on the basis of privacy.

23 Subject to and without waiving any general or specific objection, Plaintiff answers
24 Interrogatory No. 5 as follows:

25 ███████████████████████████████████████████████████████████████████████
26 ███████████████████████████████████████████████████████████████████████
27 ███████████████████████████████████████████████████████████████████████
28 ███████████████████████████████████████████████████████████████████████

1  ███████████████████████████████████████████████████████████████.
2  ███████████████████████████████████████████████████████████████,
3  ███████████████████████████████████████████████████████████████d
4  ███████████████████████████████████████████████████████████████er
5  ███████████████████████████████████████████████████████████████.

**INTERROGATORY NO. 6:**

For each Job listed in Interrogatories 4 and 5 above, describe any negotiation of any aspect of Compensation, including without limitation the date and outcome of each negotiation, and identify all participants.

**ANSWER TO INTERROGATORY NO. 6:**

Plaintiffs object to Interrogatory No. 6 as overbroad and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period. Plaintiff further objects to the use of the undefined terms "negotiation," "aspect," "outcome" and "participants" as vague and ambiguous. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 6 as follows:

Plaintiff has never negotiated his compensation.

**INTERROGATORY NO. 7:**

Describe every source of information You have obtained or received about available Jobs or Compensation for Jobs other than Your own.

**ANSWER TO INTERROGATORY NO. 7:**

Plaintiff objects to Interrogatory No. 7 as overbroad and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 7 as follows:

1     Plaintiff used the following sources of information regarding jobs or compensation other than his own: cold calls received, co-workers, professional contacts, and internet resources (such as LinkedIn).

**INTERROGATORY NO. 8**

Describe every Cold Call You have ever received, including the approximate date, Your employer at the time, the identity of the person or organization contacting You, and the identity of the opportunity discussed, describe the purpose and subject matter of the Cold Call, and fully Describe Your response (*e.g.*, You ignored it, You responded to it, You pursued the employment opportunity, You changed Jobs as a result).

**ANSWER TO INTERROGATORY NO. 8:**

Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, including because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 8 as follows. Based on Plaintiff's best recollection, he received the following cold calls, in addition to those described in the Answers above:

While Plaintiff was employed by Electronic Arts, Laika, Inc. cold called Plaintiff in an attempt to have him apply for a software engineer position in Colorado. Plaintiff declined.

While Plaintiff was employed by Lucasfilm, Google Inc. cold called Plaintiff in an attempt to have him apply for a software engineer position in California. Plaintiff declined.

**INTERROGATORY NO. 9:**

Describe all efforts made by You to obtain Employment which have not otherwise been described in response to Interrogatory Nos. 4-8.

**ANSWER TO INTERROGATORY NO. 9:**

Plaintiff objects to Interrogatory No. 9 overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period. To the extent that the Interrogatory

is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 9 as follows:

Plaintiff does not recollect making any efforts not set forth in the preceding Answers.

**INTERROGATORY NO. 10:**

For each person or entity that has acted as a recruiter or intermediary to explore, evaluate, consider or obtain Employment for You, identify the person or entity and describe what they did for You and when.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiffs object to Request No. 10 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period. Thus, Plaintiff objects that this Interrogatory seeks information that is not relevant to any party's claims, defenses or the subject matter involved in this action. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 10 as follows:

Plaintiff has not hired any recruiter or intermediary to explore, evaluate, consider or obtain employment.

**INTERROGATORY NO. 11:**

Separately for each agreement alleged to be unlawful in Your Consolidated Amended Complaint, identify all persons who were aware of any aspect of the agreement at any time before You filed Your lawsuit, describe what You believe that person knew about the referenced agreement and identify the basis and source of Your belief.

**ANSWER TO INTERROGATORY NO. 11:**

Plaintiff objects to Interrogatory No. 11 as vague and ambiguous because it is not clear whether this Interrogatory asks for information Plaintiff had prior to the filing of a lawsuit. To the extent this Interrogatory seeks information that Plaintiff knows through his involvement in

this litigation, Plaintiff objects to the extent such information is protected by the attorney-client privilege and/or the work-product doctrine. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objections, Plaintiff answers Interrogatory No. 11 as follows:

Plaintiff was not aware of specific individuals involved in the agreements or who had knowledge of the agreements alleged in Plaintiffs' Consolidated Amended Complaint prior to the filing of the action.

**INTERROGATORY NO. 12:**

Describe Your Communications with anyone (other than Your attorneys of record in this case) relating to any agreement or other conduct alleged to be unlawful in this case including without limitation the person's name and address, the date of the Communication, as detailed a description of the Communication as possible, and any related Documents.

**ANSWER TO INTERROGATORY NO. 12:**

Plaintiff objects to Interrogatory No. 12 to the extent it calls for information protected by the common-interest privilege, attorney-client privilege, and/or work-product doctrine. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 12 as follows:

Plaintiff has not had any such communications.

**INTERROGATORY NO. 13:**

For each injury or damages that You or any other person incurred as a result of the allegations in the Consolidated Amended Complaint, describe in detail the injury or damages including without limitation the type of injury or damages, who incurred it, what specific conduct or omission caused it, the dates that it occurred, and the date that the person incurring it learned of the injury or damages.

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiff objects to Interrogatory No. 13 to the extent that it impermissibly seeks the

premature disclosure of information that will be the subject of expert reports and testimony. Such expert opinion will be disclosed in accordance with the Orders of the Court and the applicable Rules of Civil Procedure. Plaintiff further objects that this is a premature contention interrogatory. Plaintiff further objects to the Interrogatory on the grounds that it seeks improper discovery of absent class members and is therefore overbroad and unduly burdensome. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 13 as follows:

Plaintiff states that the agreements among the Defendants alleged in the Consolidated Amended Complaint, and the actions and inactions of Defendants in furtherance of those agreements, limited his employment opportunities and suppressed his compensation.

**INTERROGATORY NO. 14:**

State all facts and inferences (including the source for each) that support Your contention that one or more alleged agreement involving the Defendants had an anticompetitive effect on You, or anyone else, and identify any related Documents.

**ANSWER TO INTERROGATORY NO. 14:**

Plaintiffs object to Interrogatory No. 14 as a premature contention interrogatory. Plaintiff also objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff further objects to the extent this interrogatory calls for a legal conclusion regarding any "anticompetitive effects" of Defendants' illegal conduct. Plaintiff further objects to the extent the information requested will be the subject of expert reports and testimony. Such expert opinion will be disclosed in accordance with the Orders of the Court and the applicable Rules of Civil Procedure. Plaintiffs further object to the extent that most such "facts" are in Defendants' possession and have not yet been produced or otherwise discovered in this case. To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Based upon the foregoing general and specific objections, Plaintiff will not answer Interrogatory No. 14 at this time, but reserves the right to supplement and/or amend this Answer at the end of discovery.

Dated: June 5, 2012

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Dean M. Harvey*
Dean M. Harvey

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri
SAVERI LAW FIRM
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Interim Co- Lead Counsel for Plaintiffs and the Proposed Class*

Eric L. Cramer
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Linda P. Nussbaum
John D. Radice
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*

## VERIFICATION

I have reviewed the answers to the interrogatories set out in this document. I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge.

Dated: June 8, 2012

_____
Siddharth Hariharan