# EXHIBIT 12
# PUBLIC VERSION

1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Eric B. Fastiff (State Bar No. 182260)
    Brendan P. Glackin (State Bar No. 199643)
3   Dean M. Harvey (State Bar No. 250298)
    Anne B. Shaver (State Bar No. 255928)
4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, California  94111-3339
    Telephone:  (415) 956-1000
6   Facsimile:  (415) 956-1008

7   *Interim Lead Counsel for Plaintiffs and the Proposed
    Class*

8
    [Additional counsel listed on signature page]
9

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14              **CONFIDENTIAL - ATTORNEYS' EYES ONLY**

15

16  IN RE: HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
17                                         **PLAINTIFF BRANDON MARSHALL'S**
                                           **SUPPLEMENTAL ANSWERS AND**
18  THIS DOCUMENT RELATES TO:             **OBJECTIONS TO DEFENDANTS'**
                                           **FIRST SET OF INTERROGATORIES**
19  ALL ACTIONS

20

21
    **PROPOUNDING PARTY:**        Defendants
22
    **RESPONDING PARTY:**         Plaintiff Brandon Marshall
23
    **SET NUMBER:**               One
24

25        Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the

26  United States District Court for the Northern District of California, Plaintiff Brandon Marshall

27  ("Plaintiff"), provides answers to Defendants' First Set Interrogatories as follows:

28

**PRELIMINARY STATEMENT**

The Answers set forth below are based upon information and documents currently available to Plaintiff.  Plaintiff's investigation and discovery in this matter is not complete.  Additional investigation and discovery may disclose further information relevant to these Answers, as could information and documents obtained from Defendants through additional discovery procedures.  Accordingly, Plaintiff reserves the right to amend, alter, supplement, modify, or otherwise revise these Answers.

Further, the Answers herein contain extremely sensitive and confidential information, production of which on a "CONFIDENTIAL" basis would create a substantial risk of serious harm that cannot be avoided through less restrictive means.  This document is therefore designated CONFIDENTIAL - ATTORNEYS' EYES ONLY.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every applicable Interrogatory, and are incorporated by reference into each and every applicable Answer as if set forth in full in each Response.

1.      Plaintiff objects to the instructions and definitions of the terms "Communication" and "Documents" purportedly made a part of the Interrogatories to the extent that they impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2.      Plaintiff objects to the Interrogatories as overbroad to the extent they are not limited by relevant time period.  Plaintiff will construe each Interrogatory as pertaining to the period beginning at the time Plaintiff graduated from college through the present, unless Plaintiff held a job during high school relevant to his qualifications.

3.      Plaintiff objects to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the work product doctrine, or any other constitutional, statutory, or common law privilege or protection, including Plaintiff's privacy rights, or the privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure

1   that may attach to information requested by the interrogatory.

2          4.      In responding to the Interrogatories, Plaintiff does not adopt, embrace or accept

3   any term or definition employed by Defendants.  These responses are made based upon Plaintiff's

4   interpretation of words contained in the Interrogatory, unless a specific definition or instruction

5   has been agreed upon.

6          Subject to, and without waiving, any of the foregoing objections, Plaintiff answers as

7   follows:

8                    **ANSWERS AND OBJECTIONS TO INTERROGATORIES**

9   **INTERROGATORY NO. 1:**

10          State all names that You have ever used or been known by.

11  **ANSWER TO INTERROGATORY NO. 1:**

12          Plaintiff objects to Interrogatory No. 1 as overbroad, unduly burdensome, and unlikely to

13  lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

14  scope to any specific time period and seeks irrelevant information.   To the extent that the

15  Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

16          Subject to and without waiving any general or specific objection, Plaintiff answers

17  Interrogatory No. 1 as follows:

18          Brandon Marshall

19  **INTERROGATORY NO. 2:**

20          State all addresses where You have lived.

21  **ANSWER TO INTERROGATORY NO. 2:**

22          Plaintiff objects to Interrogatory No. 2 as overbroad, unduly burdensome, and unlikely to

23  lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

24  scope to any specific time period and seeks irrelevant information.   To the extent that the

25  Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

26          Subject to and without waiving any general or specific objection, Plaintiff answers

27  Interrogatory No. 2 as follows:

28          Plaintiff lived in Davis, California from 1995 to 1996.  Plaintiff lived in Melbourne,

Australia from 1997 to 1998.  Plaintiff lived in the San Francisco Bay Area in the first part of 1999, and returned to Melbourne, Australia from late 1999 to 2000.  Plaintiff again lived in the San Francisco Bay Area from December 2000 to December 2001.  Plaintiff lived in Sacramento, California from January through December, 2002.  Plaintiff lived in Melbourne, Australia from January to June, 2003.  From June 2003 to the present, Plaintiff has lived in the San Francisco Bay Area.  Plaintiff's current address is: 674 Morse Avenue, Apartment E, Sunnyvale, California, 94085.

**INTERROGATORY NO. 3:**

Describe Your education in detail, including without limitation the schools or other instructional institutions You attend or have attended, the time periods You attend or have attended the institutions, the subjects You studied, and any degrees, licenses, or other certifications You obtained.

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiff objects to Interrogatory No. 3 as overbroad and unlikely to lead to discoverable evidence, including because this Interrogatory is not limited to the relevant time period or the subject matter of the lawsuit.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 3 as follows:

Plaintiff attended Foothill College from January of 1988 through March of 1989.

Plaintiff attended the University of California, Davis from March 1989 through June 1991, and received a bachelor's of arts degree with a major in rhetoric.

Plaintiff attended Santa Clara University School of Law from August 1991 through May 1994.

Plaintiff attended Swinburne University from January 2000 through November 2000, and received a graduate certificate in computer science.

**INTERROGATORY NO. 4:**

Describe Your Employment history in detail, including without limitation the name of the employer, the Job location (city and state), how You became aware of the Job opening, the date range of Your Employment, a description of Your Job duties for each position (and the dates You held each such position if You held more than one position with any given employer), a description of the Compensation You received for each Job including any adjustments made to such Compensation, and the reason Your Employment ended.

**ANSWER TO INTERROGATORY NO. 4:**

Plaintiff objects to Interrogatory No. 4 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 4 as follows:

Plaintiff became aware of the consultant position at Cisco Systems Inc., through an online placement agency for temporary workers.  Plaintiff worked at Cisco from 1998 through 1999.  ███████████████████████████████████████████████ maintaining and ensuring accuracy of customer data.  Plaintiff left Cisco to pursue more education in Australia.

Plaintiff became aware of the web developer position at Niku Corp. through the company's website.  Plaintiff applied online.  Plaintiff worked at Niku from January 2001 ███████████████████████████████████████████████ California.  Duties included creating the front-end interface, creating webpages, and implementing automation updates for departments.  Plaintiff left Niku because he was laid off.

Plaintiff became aware of the software engineer position at RealNames Corp. through a friend's recommendation.  Plaintiff worked at RealNames from May 2001 through December ███████████████████████████████████████████████.  Duties included implementing, testing, and debugging RealNames's XML.  Plaintiff left RealNames because he was laid off.

1    Plaintiff became aware of the IT manager position at Sandhill Management through an

2    online recruitment website.  Plaintiff worked at Sandhill from July 2003 to December 2003.  The

3    job location was Cupertino, California and Los Altos, California.  Duties included maintaining

4    the network for hotel clients, building websites for hotels, and marketing.  Plaintiff left Sandhill

5    Management because his employer terminated the position.

6    Plaintiff became aware of the contract web manager position at SBC Communications,

7    Inc. through a recruiter who contacted Plaintiff after seeing the resume that Plaintiff had online.

8    ███████████████████████████████████████████████████████████████████████

9    ███████████████████████████████████████████████████████████████████████

10   editing descriptive content for products, and verifying all products and services offered through

11   the website.  Plaintiff left SBC because his contract ended.

12   Plaintiff does not remember how he became aware of the software engineer position at

13   mBlox Inc. Plaintiff worked at mBlox from February 2005 through April 2005.  The job location

14   ███████████████████████████████████████████████████████████████████████

15   SMS messages from carrier to carrier.  Plaintiff left mBlox to pursue better opportunities.

16   Following mBlox, Plaintiff returned to SBC as a contractor with similar duties from April

17   ███████████████████████████████████████████████████████████████████████

18   contract ended.

19   Plaintiff became aware of the contract software engineer position at Modis, Inc. through

20   an online recruitment website.  Plaintiff worked for Modis as a contractor for Google, Inc. from

21   ███████████████████████████████████████████████████████████████████████

22   View, California.   Duties included developing software applications, conducting black-box

23   testing of software applications, operating automated tests, and testing for software errors.

24   Plaintiff left Modis because his contract ended and he believed he would have superior career

25   opportunities at Adobe.

26   Plaintiff became aware of the software engineer position at Adobe Systems, Inc. through a

27   cold call by an Adobe recruiter.  Plaintiff worked for Adobe from July 2006 through December

28   2006.  The job location was San Jose, California.  Plaintiff's compensation was $67,000 per year.

- 6 -

1    Duties included integration testing and functional user interface testing for Adobe's creative suite.

2    Plaintiff left Adobe because his compensation was insufficient and because of unsatisfactory

3    working conditions.

4         Following Adobe, Plaintiff worked again for Modis at the same location and with similar

5    ████████████████████████████████████████████████████████████████████

6    April 2007.  He left Modis because his contract ended.

7         Plaintiff became aware of the web producer position at Netpolarity, Inc. through an online

8    recruitment website.  Plaintiff worked at Netpolarity from May 2007 through August 2007.  The

9    ████████████████████████████████████████████████████████████████████,

10   creating and updating web content.  Plaintiff left Netpolarity to pursue better opportunities at

11   4INFO.

12        Plaintiff became aware of the senior software engineer position at 4INFO, Inc. through a

13   cold call by either a 4INFO recruiter or manager.  Plaintiff worked at 4INFO from August 2007

14   ████████████████████████████████████████████████████████████████████

15   ███████████████████     ███████████████████████████████████████████

16   exploratory and regression testing, developing automated tests, and discovery of security

17   vulnerabilities.  Plaintiff left 4INFO when his manager invited Plaintiff to join him at OnLive,

18   Inc.

19        Plaintiff worked at OnLive, Inc. as a senior software engineer from May 2008 through

20   ████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████████████████████

24   improving testing processes.  Plaintiff left OnLive because his position was made obsolete.

25        Plaintiff became aware of a position at eTouch Systems Corp., working as a contractor for

26   ████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████

28   Mountain View, California.  Job duties include testing Gmail features.

**INTERROGATORY NO. 5:**

Describe each Job for which You have applied, including the name of the employer, the Job location (city and state), the name of position, how You became aware of the Job opening, a description of the duties of the Job, a description of the Compensation offered for the Job, and the date and the outcome of Your application (e.g., You did not receive a response, You were not offered the Job, You were offered the Job and declined it, You were offered and accepted the Job, etc.).

**ANSWER TO INTERROGATORY NO. 5:**

Plaintiff objects to Request No. 5 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 5 as follows:

Apart from Plaintiff's response to Interrogatory No. 4, Plaintiff applied to Google, Inc. for a software engineering position in Mountain View, California.  Plaintiff applied in approximately March 2006.  The application did not lead to an offer.

**INTERROGATORY NO. 6:**

For each Job listed in Interrogatories 4 and 5 above, describe any negotiation of any aspect of Compensation, including without limitation the date and outcome of each negotiation, and identify all participants.

**ANSWER TO INTERROGATORY NO. 6:**

Plaintiffs object to Interrogatory No. 6 as overbroad and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  Plaintiff further objects to the use of the undefined terms "negotiation," "aspect," "outcome" and "participants" as vague and ambiguous.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers

- 8 -

Interrogatory No. 6 as follows:

███████████████████████████████████████████

███████████████████████████

**INTERROGATORY NO. 7:**

Describe every source of information You have obtained or received about available Jobs or Compensation for Jobs other than Your own.

**ANSWER TO INTERROGATORY NO. 7:**

Plaintiff objects to Interrogatory No. 7 as overbroad and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 7 as follows:

Plaintiff used the following sources of information regarding jobs or compensation other than his own: cold calls, co-workers, professional contacts, and internet resources (such as monster.com).

**INTERROGATORY NO. 8**

Describe every Cold Call You have ever received, including the approximate date, Your employer at the time, the identity of the person or organization contacting You, and the identity of the opportunity discussed, describe the purpose and subject matter of the Cold Call, and fully Describe Your response (*e.g.*, You ignored it, You responded to it, You pursued the employment opportunity, You changed Jobs as a result).

**ANSWER TO INTERROGATORY NO. 8:**

Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, including because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers

Interrogatory No. 8 as follows:

Plaintiff has no specific recollection of receiving cold calls apart from the cold call described in response to Interrogatory No. 4, above.

**INTERROGATORY NO. 9:**

Describe all efforts made by You to obtain Employment which have not otherwise been described in response to Interrogatory Nos. 4-8.

**ANSWER TO INTERROGATORY NO. 9:**

Plaintiff objects to Interrogatory No. 9 overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 9 as follows:

Plaintiff does not recollect making any efforts not set forth in the preceding Answers.

**INTERROGATORY NO. 10:**

For each person or entity that has acted as a recruiter or intermediary to explore, evaluate, consider or obtain Employment for You, identify the person or entity and describe what they did for You and when.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiffs object to Request No. 10 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  Thus, Plaintiff objects that this Interrogatory seeks information that is not relevant to any party's claims, defenses or the subject matter involved in this action.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 10 as follows:

Plaintiff did not hire any recruiter or intermediary to explore, evaluate, consider or obtain

1    employment.

2    **INTERROGATORY NO. 11:**

3    Separately for each agreement alleged to be unlawful in Your Consolidated Amended

4    Complaint, identify all persons who were aware of any aspect of the agreement at any time before

5    You filed Your lawsuit, describe what You believe that person knew about the referenced

6    agreement and identify the basis and source of Your belief.

7    **ANSWER TO INTERROGATORY NO. 11:**

8    Plaintiff objects to Interrogatory No. 11 as vague and ambiguous because it is not clear

9    whether this Interrogatory asks for information Plaintiff had prior to the filing of a lawsuit.  To

10   the extent this Interrogatory seeks information that Plaintiff knows through his involvement in

11   this litigation, Plaintiff objects to the extent such information is protected by the attorney-client

12   privilege and/or the work-product doctrine.  To the extent that the Interrogatory is overbroad,

13   Plaintiff also objects on the basis of privacy.

14   Subject to and without waiving any general or specific objections, Plaintiff answers

15   Interrogatory No. 11 as follows:

16   Plaintiff was not aware of specific individuals involved in the agreements or who had

17   knowledge of the agreements alleged in Plaintiffs' Consolidated Amended Complaint prior to the

18   filing of the action.

19   **INTERROGATORY NO. 12:**

20   Describe Your Communications with anyone (other than Your attorneys of record in this

21   case) relating to any agreement or other conduct alleged to be unlawful in this case including

22   without limitation the person's name and address, the date of the Communication, as detailed a

23   description of the Communication as possible, and any related Documents.

24   **ANSWER TO INTERROGATORY NO. 12:**

25   Plaintiff objects to Interrogatory No. 12 to the extent it calls for information protected by

26   the common-interest privilege, attorney-client privilege, and/or work-product doctrine.  To the

27   extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

28   Subject to and without waiving any the general or specific objections, Plaintiff answers

1  Interrogatory No. 12 as follows:

2       Plaintiff has not had any such communications.

3  **INTERROGATORY NO. 13:**

4       For each injury or damages that You or any other person incurred as a result of the

5  allegations in the Consolidated Amended Complaint, describe in detail the injury or damages

6  including without limitation the type of injury or damages, who incurred it, what specific conduct

7  or omission caused it, the dates that it occurred, and the date that the person incurring it learned of

8  the injury or damages.

9  **ANSWER TO INTERROGATORY NO. 13:**

10       Plaintiff objects to Interrogatory No. 13 to the extent that it impermissibly seeks the

11  premature disclosure of information that will be the subject of expert reports and testimony.  Such

12  expert opinion will be disclosed in accordance with the Orders of the Court and the applicable

13  Rules of Civil Procedure.   Plaintiff further objects that this is a premature contention

14  interrogatory.  Plaintiff further objects to the Interrogatory on the grounds that it seeks improper

15  discovery of absent class members and is therefore overbroad and unduly burdensome.  To the

16  extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

17       Subject to and without waiving any the general or specific objections, Plaintiff answers

18  Interrogatory No. 13 as follows:

19       Plaintiff states that the agreements among the Defendants alleged in the Consolidated

20  Amended Complaint, and the actions and inactions of Defendants in furtherance of those

21  agreements, limited his employment opportunities and suppressed his compensation.

22  **INTERROGATORY NO. 14:**

23       State all facts and inferences (including the source for each) that support Your contention

24  that one or more alleged agreement involving the Defendants had an anticompetitive effect on

25  You, or anyone else, and identify any related Documents.

26  **ANSWER TO INTERROGATORY NO. 14:**

27       Plaintiffs object to Interrogatory No. 14 as a premature contention interrogatory.  Plaintiff

28  also objects to this Interrogatory to the extent that it calls for information protected by the

1   attorney-client privilege and/or the work-product doctrine.  Plaintiff further objects to the extent

2   this interrogatory calls for a legal conclusion regarding any "anticompetitive effects" of

3   Defendants' illegal conduct.  Plaintiff further objects to the extent the information requested will

4   be the subject of expert reports and testimony.   Such expert opinion will be disclosed in

5   accordance with the Orders of the Court and the applicable Rules of Civil Procedure.  Plaintiffs

6   further object to the extent that most such "facts" are in Defendants' possession and have not yet

7   been produced or otherwise discovered in this case.   To the extent that the Interrogatory is

8   overbroad, Plaintiff also objects on the basis of privacy.

9       Based upon the foregoing general and specific objections, Plaintiff will not answer

10  Interrogatory No. 14 at this time, but reserves the right to supplement and/or amend this Answer

11  at the end of discovery.

12

13   Dated:  June 4, 2012                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

14                                       By:   /s/ Dean M. Harvey
                                              Dean M. Harvey

15
                                         Richard M. Heimann (State Bar No. 63607)
16                                       Kelly M. Dermody (State Bar No. 171716)
                                         Eric B. Fastiff (State Bar No. 182260)
17                                       Brendan P. Glackin (State Bar No. 199643)
                                         Dean M. Harvey (State Bar No. 250298)
18                                       Anne B. Shaver (State Bar No. 255928)
                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
19                                       275 Battery Street, 29th Floor
                                         San Francisco, CA  94111-3339
20                                       Telephone:  (415) 956-1000
                                         Facsimile:   (415) 956-1008
21
                                         *Interim Lead Counsel for Plaintiffs and the Proposed
22                                       Class*

23                                       Joseph R. Saveri
                                         SAVERI LAW FIRM
24                                       255 California, Suite 450
                                         San Francisco, California 94111
25                                       Telephone:  (415) 500-6800
                                         Facsimile:   (415) 500-6803

26

27

28

970079.4                        - 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric L. Cramer
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (800) 424-6690
Facsimile:   (215) 875-4604

Linda P. Nussbaum
John D. Radice
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:   (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*

- 14 -

1

VERIFICATION

I have reviewed the answers to the interrogatories set out in this document. I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge.

Dated: June 5, 2012

Brandon Marshall