# EXHIBIT 13
# PUBLIC VERSION

1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Eric B. Fastiff (State Bar No. 182260)
    Brendan P. Glackin (State Bar No. 199643)
3   Dean M. Harvey (State Bar No. 250298)
    Anne B. Shaver (State Bar No. 255928)
4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, California  94111-3339
    Telephone:  (415) 956-1000
6   Facsimile:  (415) 956-1008

7   *Interim Lead Counsel for Plaintiffs and the Proposed*
    *Class*

8
    [Additional counsel listed on signature page]
9

10

11                      UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                            SAN JOSE DIVISION

14
                   **CONFIDENTIAL - ATTORNEYS' EYES ONLY**
15

16   IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
17                                      **PLAINTIFF DANIEL STOVER'S**
                                        **SUPPLEMENTAL ANSWERS AND**
18   THIS DOCUMENT RELATES TO:          **OBJECTIONS TO DEFENDANTS'**
                                        **FIRST SET OF INTERROGATORIES**
19   ALL ACTIONS

20

21
     **PROPOUNDING PARTY:**       Defendants
22
     **RESPONDING PARTY:**        Plaintiff Daniel Stover
23
     **SET NUMBER:**              One
24

25          Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the

26   United States District Court for the Northern District of California, Plaintiff Daniel Stover

27   ("Plaintiff"), provides answers to Defendants' First Set Interrogatories as follows:

28

**PRELIMINARY STATEMENT**

The Answers set forth below are based upon information and documents currently available to Plaintiff.  Plaintiff's investigation and discovery in this matter is not complete. Additional investigation and discovery may disclose further information relevant to these Answers, as could information and documents obtained from Defendants through additional discovery procedures.  Accordingly, Plaintiff reserves the right to amend, alter, supplement, modify, or otherwise revise these Answers.

Further, the Answers herein contain extremely sensitive and confidential information, production of which on a "CONFIDENTIAL" basis would create a substantial risk of serious harm that cannot be avoided through less restrictive means.  This document is therefore designated CONFIDENTIAL - ATTORNEYS' EYES ONLY.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every applicable Interrogatory, and are incorporated by reference into each and every applicable Answer as if set forth in full in each Response.

1.      Plaintiff objects to the instructions and definitions of the terms "Communication" and "Documents" purportedly made a part of the Interrogatories to the extent that they impose duties and/or responsibilities beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

2.      Plaintiff objects to the Interrogatories as overbroad to the extent they are not limited by relevant time period.  Plaintiff will construe each Interrogatory as pertaining to the period beginning at the time Plaintiff graduated from college through the present, unless Plaintiff held a job during high school relevant to his qualifications.

3.      Plaintiff objects to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the work product doctrine, or any other constitutional, statutory, or common law privilege or protection, including Plaintiff's privacy rights, or the privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure

1    that may attach to information requested by the interrogatory.

2         4.     In responding to the Interrogatories, Plaintiff does not adopt, embrace or accept

3    any term or definition employed by Defendants.  These responses are made based upon Plaintiff's

4    interpretation of words contained in the Interrogatory, unless a specific definition or instruction

5    has been agreed upon.

6         Subject to, and without waiving, any of the foregoing objections, Plaintiff answers as

7    follows:

8              **ANSWERS AND OBJECTIONS TO INTERROGATORIES**

9    **INTERROGATORY NO. 1:**

10        State all names that You have ever used or been known by.

11   **ANSWER TO INTERROGATORY NO. 1:**

12        Plaintiff objects to Interrogatory No. 1 as overbroad, unduly burdensome, and unlikely to

13   lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

14   scope to any specific time period and seeks irrelevant information.  To the extent that the

15   Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

16        Subject to and without waiving any general or specific objection, Plaintiff answers

17   Interrogatory No. 1 as follows:

18        Daniel Stover

19   **INTERROGATORY NO. 2:**

20        State all addresses where You have lived.

21   **ANSWER TO INTERROGATORY NO. 2:**

22        Plaintiff objects to Interrogatory No. 2 as overbroad, unduly burdensome, and unlikely to

23   lead to the discovery of admissible evidence, including because the Interrogatory is not limited in

24   scope to any specific time period and seeks irrelevant information.  To the extent that the

25   Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

26        Subject to and without waiving any general or specific objection, Plaintiff answers

27   Interrogatory No. 2 as follows:

28        Plaintiff has lived in Oakland, California.  Plaintiff currently resides in Seattle,

1   Washington.  Plaintiff's address is: 1440 NW 64th Street, #302, Seattle, Washington 98107.

2   **INTERROGATORY NO. 3:**

3       Describe Your education in detail, including without limitation the schools or other

4   instructional institutions You attend or have attended, the time periods You attend or have

5   attended the institutions, the subjects You studied, and any degrees, licenses, or other

6   certifications You obtained.

7   **ANSWER TO INTERROGATORY NO. 3:**

8       Plaintiff objects to Interrogatory No. 3 as overbroad and unlikely to lead to discoverable

9   evidence, including because this Interrogatory is not limited to the relevant time period or the

10  subject matter of the lawsuit.  To the extent that the Interrogatory is overbroad, Plaintiff also

11  objects on the basis of privacy.

12      Subject to and without waiving any general or specific objection, Plaintiff answers

13  Interrogatory No. 3 as follows:

14      Plaintiff attended Allegheny College from 1990 through 1996.  Plaintiff studied, among

15  other subjects, chemistry and biology.

16      Plaintiff attended Carnegie Mellon University from 1996 through 2000.  Plaintiff studied,

17  among other subjects, cultural anthropology and history.

18  **INTERROGATORY NO. 4:**

19      Describe Your Employment history in detail, including without limitation the name of the

20  employer, the Job location (city and state), how You became aware of the Job opening, the date

21  range of Your Employment, a description of Your Job duties for each position (and the dates You

22  held each such position if You held more than one position with any given employer), a

23  description of the Compensation You received for each Job including any adjustments made to

24  such Compensation, and the reason Your Employment ended.

25

26

27

28

1   **ANSWER TO INTERROGATORY NO. 4:**

2       Plaintiff objects to Interrogatory No. 4 as overbroad, unduly burdensome, and unlikely to

3   lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to

4   matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory

5   is overbroad, Plaintiff also objects on the basis of privacy.

6       Subject to and without waiving any general or specific objection, Plaintiff answers

7   Interrogatory No. 4 as follows:

8       Plaintiff became aware of the software engineer position at Collaborative Media, Inc. in

9   San Francisco, California through a friend's recommendation.  He worked there from January

10  ████████████████████████████████████████████████████████████████████████

11  included supporting developers in source code management.  Plaintiff left Collaborative Media

12  because the company closed.

13      Plaintiff became aware of the systems engineer position at Brodia Group, Inc. in San

14  Francisco, California through a friend's recommendation.  He worked there from April 2001 to

15  ████████████████████████████████████████████████████████████████████e

16  engineering and configuration managing of application servers.  Plaintiff left Brodia because he

17  was laid off.

18      Plaintiff became aware of the systems administrator position at Spark Art, Inc. in San

19  Francisco, California through a friend's recommendation.  He worked there from October 2001

20  ██████████████████████████████████████████████        ████████████

21  maintaining and developing technology within the office.  Plaintiff left Spark Art to pursue better

22  opportunities.

23      Plaintiff became aware of the software engineer position at Restoration Hardware in Corte

24  Madera, California through an online recruitment website.  He worked there from October 2004

25  ████████████████████████████████████████████████████████████████████████

26  testing applications, managing platforms, and designing and implementing release systems.

27  Plaintiff left Restoration Hardware to pursue better opportunities.

28      Plaintiff became aware of the contract web developer position at JPF Consultants, Inc. in

- 5 -

San Francisco, California through a friend's recommendation.   He worked there from ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ Inc. in Mountain View, California.  While performing work at Intuit, an Intuit employee informed Plaintiff of an open position at Intuit.   Plaintiff applied to the position to seek increased compensation, better benefits, and better career opportunities.

Plaintiff began working for Intuit as a web developer in approximately November 2006. The job location was Mountain View, California.  Plaintiff's starting salary was $70,000 per year and was increased to $85,000 per year in approximately November 2007.   Duties included working on product launches, implementing front-end redesigns, implementing continuous A/B tests, maintaining content, and participating in strategic decision-making across different properties.  Beginning in August 2008, Plaintiff worked at Intuit as a senior software engineer, with a starting salary of $90,000 per year.  Plaintiff also received stocks valuing $20,000 in December 2009.  Duties included supporting the core framework of small business marketing sites and providing technical leadership for developers.  Plaintiff left Intuit in December 2009 after an unsuccessful attempt to negotiate a higher salary.

Following Intuit, Plaintiff worked as an independent consultant from December 2009 through December 2010, focusing on web development and software engineering.   Plaintiff ██████████████████████████████████████████████████████████████████ engaged in anything related to technology, and has not been an employee.

**INTERROGATORY NO. 5:**

Describe each Job for which You have applied, including the name of the employer, the Job location (city and state), the name of position, how You became aware of the Job opening, a description of the duties of the Job, a description of the Compensation offered for the Job, and the date and the outcome of Your application (e.g., You did not receive a response, You were not offered the Job, You were offered the Job and declined it, You were offered and accepted the Job, etc.).

**ANSWER TO INTERROGATORY NO. 5:**

Plaintiff objects to Request No. 5 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 5 as follows:

Plaintiff's response to Interrogatory No. 4 describes all positions for which Plaintiff applied.

**INTERROGATORY NO. 6:**

For each Job listed in Interrogatories 4 and 5 above, describe any negotiation of any aspect of Compensation, including without limitation the date and outcome of each negotiation, and identify all participants.

**ANSWER TO INTERROGATORY NO. 6:**

Plaintiffs object to Interrogatory No. 6 as overbroad and unlikely to lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  Plaintiff further objects to the use of the undefined terms "negotiation," "aspect," "outcome" and "participants" as vague and ambiguous.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any general or specific objection, Plaintiff answers Interrogatory No. 6 as follows:

During approximately October 2009 through December 2009, Plaintiff sought to increase his compensation at Intuit by negotiating with his manager, Ravi Mohan.  The negotiation was unsuccessful.

**INTERROGATORY NO. 7:**

Describe every source of information You have obtained or received about available Jobs or Compensation for Jobs other than Your own.

**ANSWER TO INTERROGATORY NO. 7:**

Plaintiff objects to Interrogatory No. 7 as overbroad and unlikely to lead to the discovery

of admissible evidence because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 7 as follows:

Plaintiff used the following sources of information regarding jobs or compensation other than his own: cold calls received, co-workers, professional contacts, and internet resources (such as LinkedIn).

**INTERROGATORY NO. 8**

Describe every Cold Call You have ever received, including the approximate date, Your employer at the time, the identity of the person or organization contacting You, and the identity of the opportunity discussed, describe the purpose and subject matter of the Cold Call, and fully Describe Your response (*e.g.*, You ignored it, You responded to it, You pursued the employment opportunity, You changed Jobs as a result).

**ANSWER TO INTERROGATORY NO. 8:**

Plaintiff objects to Interrogatory No. 8 as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence, including because the Interrogatory is not limited in scope to matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 8 as follows.

On October 1, 2008, Plaintiff was cold called by a Salesforce recruiter regarding a software engineering position.  The purpose of the cold call was to ask Plaintiff to apply to the open position.  Plaintiff did not apply for the position.

**INTERROGATORY NO. 9:**

Describe all efforts made by You to obtain Employment which have not otherwise been described in response to Interrogatory Nos. 4-8.

**ANSWER TO INTERROGATORY NO. 9:**

1    Plaintiff objects to Interrogatory No. 9 overbroad, unduly burdensome, and unlikely to

2  lead to the discovery of admissible evidence because the Interrogatory is not limited in scope to

3  matters relevant to this lawsuit or to any specific time period.  To the extent that the Interrogatory

4  is overbroad, Plaintiff also objects on the basis of privacy.

5    Subject to and without waiving any the general or specific objections, Plaintiff answers

6  Interrogatory No. 9 as follows:

7    Plaintiff does not recollect making any efforts not set forth in the preceding Answers.

8  **INTERROGATORY NO. 10:**

9    For each person or entity that has acted as a recruiter or intermediary to explore, evaluate,

10  consider or obtain Employment for You, identify the person or entity and describe what they did

11  for You and when.

12  **ANSWER TO INTERROGATORY NO. 10:**

13    Plaintiffs object to Request No. 10 as overbroad, unduly burdensome, and unlikely to lead

14  to the discovery of admissible evidence because the Interrogatory is not limited in scope to

15  matters relevant to this lawsuit or to any specific time period.  Thus, Plaintiff objects that this

16  Interrogatory seeks information that is not relevant to any party's claims, defenses or the subject

17  matter involved in this action.  To the extent that the Interrogatory is overbroad, Plaintiff also

18  objects on the basis of privacy.

19    Subject to and without waiving any the general or specific objections, Plaintiff answers

20  Interrogatory No. 10 as follows:

21    After leaving Intuit and becoming an independent contractor, Plaintiff worked with three

22  recruiters to obtain consulting clients.  No recruiter was working on behalf of a Defendant and no

23  Defendant became a consulting client.

24  **INTERROGATORY NO. 11:**

25    Separately for each agreement alleged to be unlawful in Your Consolidated Amended

26  Complaint, identify all persons who were aware of any aspect of the agreement at any time before

27  You filed Your lawsuit, describe what You believe that person knew about the referenced

28  agreement and identify the basis and source of Your belief.

1   **ANSWER TO INTERROGATORY NO. 11:**

2   Plaintiff objects to Interrogatory No. 11 as vague and ambiguous because it is not clear

3   whether this Interrogatory asks for information Plaintiff had prior to the filing of a lawsuit.  To

4   the extent this Interrogatory seeks information that Plaintiff knows through his involvement in

5   this litigation, Plaintiff objects to the extent such information is protected by the attorney-client

6   privilege and/or the work-product doctrine.  To the extent that the Interrogatory is overbroad,

7   Plaintiff also objects on the basis of privacy.

8   Subject to and without waiving any general or specific objections, Plaintiff answers

9   Interrogatory No. 11 as follows:

10   Plaintiff was not aware of specific individuals involved in the agreements or who had

11   knowledge of the agreements alleged in Plaintiffs' Consolidated Amended Complaint prior to the

12   filing of the action.

13   **INTERROGATORY NO. 12:**

14   Describe Your Communications with anyone (other than Your attorneys of record in this

15   case) relating to any agreement or other conduct alleged to be unlawful in this case including

16   without limitation the person's name and address, the date of the Communication, as detailed a

17   description of the Communication as possible, and any related Documents.

18   **ANSWER TO INTERROGATORY NO. 12:**

19   Plaintiff objects to Interrogatory No. 12 to the extent it calls for information protected by

20   the common-interest privilege, attorney-client privilege, and/or work-product doctrine.  To the

21   extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

22   Subject to and without waiving any the general or specific objections, Plaintiff answers

23   Interrogatory No. 12 as follows:

24   Plaintiff has not had any such communications.

25   **INTERROGATORY NO. 13:**

26   For each injury or damages that You or any other person incurred as a result of the

27   allegations in the Consolidated Amended Complaint, describe in detail the injury or damages

28   including without limitation the type of injury or damages, who incurred it, what specific conduct

or omission caused it, the dates that it occurred, and the date that the person incurring it learned of the injury or damages.

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiff objects to Interrogatory No. 13 to the extent that it impermissibly seeks the premature disclosure of information that will be the subject of expert reports and testimony.  Such expert opinion will be disclosed in accordance with the Orders of the Court and the applicable Rules of Civil Procedure.   Plaintiff further objects that this is a premature contention interrogatory.  Plaintiff further objects to the Interrogatory on the grounds that it seeks improper discovery of absent class members and is therefore overbroad and unduly burdensome.  To the extent that the Interrogatory is overbroad, Plaintiff also objects on the basis of privacy.

Subject to and without waiving any the general or specific objections, Plaintiff answers Interrogatory No. 13 as follows:

Plaintiff states that the agreements among the Defendants alleged in the Consolidated Amended Complaint, and the actions and inactions of Defendants in furtherance of those agreements, limited his employment opportunities and suppressed his compensation.

**INTERROGATORY NO. 14:**

State all facts and inferences (including the source for each) that support Your contention that one or more alleged agreement involving the Defendants had an anticompetitive effect on You, or anyone else, and identify any related Documents.

**ANSWER TO INTERROGATORY NO. 14:**

Plaintiffs object to Interrogatory No. 14 as a premature contention interrogatory.  Plaintiff also objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work-product doctrine.  Plaintiff further objects to the extent this interrogatory calls for a legal conclusion regarding any "anticompetitive effects" of Defendants' illegal conduct.  Plaintiff further objects to the extent the information requested will be the subject of expert reports and testimony.   Such expert opinion will be disclosed in accordance with the Orders of the Court and the applicable Rules of Civil Procedure.  Plaintiffs further object to the extent that most such "facts" are in Defendants' possession and have not yet

1   been produced or otherwise discovered in this case.   To the extent that the Interrogatory is

2   overbroad, Plaintiff also objects on the basis of privacy.

3         Based upon the foregoing general and specific objections, Plaintiff will not answer

4   Interrogatory No. 14 at this time, but reserves the right to supplement and/or amend this Answer

5   at the end of discovery.

6

7    Dated:  June 4, 2012                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

8                                            By:   */s/ Dean M. Harvey*
                                                   Dean M. Harvey

9
                                             Richard M. Heimann (State Bar No. 63607)
10                                           Kelly M. Dermody (State Bar No. 171716)
                                             Eric B. Fastiff (State Bar No. 182260)
11                                           Brendan P. Glackin (State Bar No. 199643)
                                             Dean M. Harvey (State Bar No. 250298)
12                                           Anne B. Shaver (State Bar No. 255928)
                                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
13                                           275 Battery Street, 29th Floor
                                             San Francisco, California  94111-3339
14                                           Telephone:  (415) 956-1000
                                             Facsimile:  (415) 956-1008
15
                                             *Interim Lead Counsel for Plaintiffs and the Proposed*
16                                           *Class*

17                                           Joseph R. Saveri
                                             SAVERI LAW FIRM
18                                           255 California, Suite 450
                                             San Francisco, California 94111
19                                           Telephone: 415.500.6800
                                             Facsimile: 415.500.6803
20
                                             Eric L. Cramer
21                                           Shanon J. Carson
                                             Sarah R. Schalman-Bergen
22                                           BERGER & MONTAGUE, P.C.
                                             1622 Locust Street
23                                           Philadelphia, PA 19103
                                             Telephone:  (800) 424-6690
24                                           Facsimile:  (215) 875-4604

25

26

27

28

- 12 -        PLTF STOVER'S SUPPLEMENTAL ANSWERS AND
                                                                      OBJECTIONS TO DEFS' FIRST SET OF
                                                                      INTERROGATORIES
                                                                      CASE NO. 11-CV-2509 LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Linda P. Nussbaum
John D. Radice
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:  (646) 722-8501

*Counsel for Plaintiffs and the Proposed Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>VERIFICATION</u>

I have reviewed the answers to the interrogatories set out in this document.  I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge.

Dated: June 4, 2012

Daniel Stover