# EXHIBIT B-1

# PUBLIC VERSION

# (Brown Declaration, Exhibit 15)

Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

**Master Docket No. 11-CV-2509-LHK**

**DECLARATION OF JEFF VIJUNGCO OF ADOBE SYSTEMS INC. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Date Consolidated Amended Compl. Filed: September 13, 2011

**ATTORNEYS EYES ONLY**

I, Jeff Vijungco, declare as follows:

1. I am the Vice President of Worldwide Talent Acquisition at Adobe Systems Inc. ("Adobe"). I have been employed by Adobe for 10 years in Adobe's talent organization. I started as a contractor in about November of 2002, and in January 2003 became a Senior Recruiter of North America Field Sales & Corporate Functions, focusing on sales and marketing recruiting. I was promoted to Manager and Senior Manager of Talent Acquisition in December 2004 and June 2005 respectively. I was promoted to Director and Senior Director of Worldwide Talent Acquisition & Executive Search in December 2005 and February 2008 respectively, overseeing recruiting in geographies outside of North America. In September 2009, I was promoted to my current position of Vice President of Worldwide Talent Acquisition, overseeing all recruiting for Adobe. In all of these positions, I have personally participated in recruiting candidates for Adobe.

2. I have personal knowledge of the matters stated in this declaration. I make the statements in this declaration based on information gained during my current and former positions within Adobe's talent organization. If called and sworn as a witness, I could and would competently testify to the matters stated below. Unless otherwise specified, the recruiting policies and practices described herein apply to Adobe's salaried employees between January 1, 2005 and December 31, 2009 (the "Class Period").

3. The information in this declaration is confidential to Adobe. It is Adobe's practice to keep recruiting policies and strategies confidential, for internal use only, and not to disclose them to the public. The public disclosure of this information would harm Adobe, including potentially impairing its competitive position in recruiting, hiring, and compensating employees. Adobe derives independent economic value from keeping this information confidential. Adobe has designated the information Attorneys Eyes Only under the Protective Order entered in this case.

**Adobe Recruiting Methods**

4. Adobe identifies and recruits potential employees through numerous channels.

[REDACTED] The importance of different channels has changed over time; [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

**Filling Open Positions**

[Page content fully redacted]



**Cold-Calling**

22. Cold calling refers to a recruiter approaching a candidate with whom the recruiter shares no connection and has had no prior contact to fill an open requisition.

23. While Adobe does not track candidates recruited through cold calls,

[redacted]

**Adobe Apple Cold-Calling Agreement**

29. Adobe and Apple agreed not to cold call the other's employees. Under this agreement, hiring from Apple was never prohibited and there was no limitation on recruiting through other channels, including networking, employee referrals, career fairs, advertising on job boards, or recruiting employees that inquire about employment by submitting a resume through the company's website or reaching out to a recruiter.

30. Adobe and Apple continued to recruit and hire from each other during the Class Period. I am unaware of any requisitions that went unfilled because of the no-cold call agreement with Apple.

31. Adobe did not have an agreement with any other defendant restricting cold calling or any other recruiting method.

32. During the Class Period, Adobe recruited and hired from other defendants, including Apple, Google, Intel, Intuit, Lucasfilm, and Pixar and other defendants recruited and hired Adobe employees. However, defendants represent only seven of the hundreds of companies from which Adobe recruits and hires employees.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Jose, California on November 9, 2012.

By: ______________________
Jeff Vijungco