```
Mayer Brown LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061
```

*Attorneys for Defendant
Google Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**GOOGLE'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO COMPEL GOOGLE DOCUMENTS AND THE DECLARATION OF DEAN M. HARVEY IN SUPPORT THEREOF** |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant Google Inc. ("Google") hereby responds in support of Plaintiffs' Administrative Motion to Seal, Pursuant to Civil Local Rule 79-5(d), Portions of Plaintiffs' Motion to Compel Google Documents and the Declaration of Dean M. Harvey in Support Thereof (Dkt. 279). In accordance with the Motion to Seal, Google seeks to seal the following information, much of which has already been ordered to be placed under seal pursuant to the Court's January 15, 2013 Order Granting in Part and Denying in Part Motions to Seal (Dkt. 273):

> (i) Portions of Exhibits D and J to the Declaration of Dean M. Harvey in Support of Plaintiffs' Motion to Compel and Plaintiffs' Motion to Shorten Time ("Harvey Declaration") (proposed redacted versions attached as Exhibits 1 and 2);
>
> (ii) Exhibits E, K, L and M (in their entirety) to the Harvey Declaration; and
>
> (iii) Portions of Plaintiffs' Motion to Compel Google Documents (proposed redacted version attached as Exhibit 3).

This information has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Google is filing the supporting declaration of Anne M. Selin to accompany its response in support of Plaintiffs' Motion to Seal.

I.  **LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific*

1  *Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in
2  nondispositive materials, we apply the 'good cause' standard when parties wish to keep them
3  under seal.").

### II. GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL INFORMATION

The redacted portions of Exhibits D and J to the Harvey Declaration, the redacted excerpts of Plaintiffs' Motion to Compel Google Documents, and Exhibits E, K, L and M (in their entirety) to the Harvey Declaration contain confidential and highly sensitive information about Google's compensation practices and its internal deliberations and business strategy related to making counteroffers to Google employees who have received offers from other firms. Google designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As the accompanying Declaration of Anne M. Selin demonstrates, the majority of this information has already been ordered to be placed under seal pursuant to the Court's January 15, 2013 Order Granting in Part and Denying in Part Motions to Seal (Dkt. 273). Declaration of Anne M. Selin ¶¶ 2-8. Google keeps the sealed information confidential and the public disclosure of this information would cause Google competitive harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Google's strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Google. A significant portion of the sealed information is employee compensation data, including data related to specific individuals. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, *et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807

(W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information").

Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good causes exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Additionally, good cause exists to seal information pertaining to Google's recruiting policies and practices that are proprietary business methods and/or trade secrets. This

confidential and commercially sensitive business information is non-public and should remain confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d) (defining trade secrets as information that "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

Good cause also exists for sealing the identities and personal contact information of specific employees or applicants that are contained in certain exhibits to the Harvey Declaration. These employees or applicants have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order the redacted portions of Exhibits D and J to the Harvey Declaration, the redacted excerpts of Plaintiffs' Motion to Compel Google Documents, and Exhibits E, K, L and M (in their entirety) to be placed under seal. In accordance with Civil Local Rule 79-5(d), a proposed order granting the Administrative Motion to Seal Portions of Plaintiffs' Motion to Compel Google Documents and the Declaration of Dean M. Harvey In Support Thereof has been lodged with the Clerk in hard copy and served on counsel for Plaintiffs. In accordance with Civil Local Rule 79-5(d), Google's proposed redacted version of the Motion to Compel Google Documents and Exhibits D and J to the Harvey Declaration are being lodged with the Clerk in hard copy within a sealed envelope.

Dated: January 23, 2013 MAYER BROWN LLP

By:    */s/ Anne M. Selin*
           Anne M. Selin

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Anne M. Selin
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2057
Facsimile: (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*