MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:     (650) 331-2061

*Attorneys for Defendant
Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF ANNE M. SELIN IN SUPPORT OF GOOGLE'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO COMPEL GOOGLE DOCUMENTS AND THE DECLARATION OF DEAN M. HARVEY IN SUPPORT THEREOF** |

I, Anne M. Selin, declare as follows:

1.  I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter. I am admitted to practice law before this Court. I submit this declaration in support of Google's Response In Support of Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Motion to Compel Google Documents and

the Declaration of Dean M. Harvey In Support Thereof that is being filed concurrently herewith. As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I have read and reviewed Plaintiffs' Motion to Compel Google Documents ("Motion to Compel") and the exhibits attached to the Declaration of Dean M. Harvey in Support of Plaintiffs' Motion to Compel and Plaintiffs' Motion to Shorten Time ("Harvey Declaration"). As discussed further below, limited excerpts of the Motion to Compel and certain exhibits to the Harvey Declaration (either in part or in their entirety) contain confidential Google information, the disclosure of which would likely cause competitive harm to Google. As described further below, the majority of this information has already been ordered to be placed under seal pursuant to the Court's January 15, 2013 Order Granting in Part and Denying in Part Motions to Seal (Dkt. 273).

### *Google's Confidential Information in Exhibits D, E, J, K, L and M*

3. **Exhibit D** to the Harvey Declaration is a confidential Google email communication that was previously submitted by Plaintiffs as Exhibit 37 to the Declaration of Anne B. Shaver in Support of Plaintiffs' Motion for Class Certification (Dkt. 188) ("Shaver Declaration"). This Court granted Google's request to seal this communication in redacted form. Dkt. 273 at 10:18-19.

4. **Exhibit E** to the Harvey Declaration is a confidential Google email communication that was previously submitted by Plaintiffs as Exhibit 23 to the Declaration of Dean M. Harvey in Support of Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and in Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer (Dkt. 248) ("Harvey Reply Declaration"). This Court granted Google's request to seal this communication in its entirety. Dkt. 273 at 25:22.

5. **Exhibit J** to the Harvey Declaration is a confidential Google email communication that was previously submitted by Plaintiffs as Exhibit 39 to the Shaver

Declaration. This Court granted Google's request to seal this communication in redacted form. Dkt. 273 at 10:19-20.

6. **Exhibit K** to the Harvey Declaration is a chain of emails, dated from June 23 to June 25, 2008, involving senior Google management and an advisor to senior management and is similar in substance to the email chain in Exhibit E, which the Court previously granted Google's request to seal, and which Frank Wagner testified reflected "confidential and highly sensitive details of Google's deliberations and business strategy related to making counteroffers to Google employees who have received offers from other firms and the retention of employees in the face of competition from startup companies." Wagner Decl. ¶ 4(e) (Dkt. 261).

7. **Exhibit L** to the Harvey Declaration is also a chain of emails, dated from June 23 to June 25, 2008, involving senior Google management and an advisor to senior management and is similar in substance to the email chain in Exhibit E, which the Court previously granted Google's request to seal, and which Frank Wagner testified reflected "confidential and highly sensitive details of Google's deliberations and business strategy related to making counteroffers to Google employees who have received offers from other firms and the retention of employees in the face of competition from startup companies." Wagner Decl. ¶ 4(e) (Dkt. 261).

8. **Exhibit M** to the Harvey Declaration is a confidential Google email communication that was previously submitted by Plaintiffs as Exhibit 22 to the Harvey Reply Declaration. This Court granted Google's request to seal this communication in its entirety. Dkt. 273 at 25:21-22.

*Google's Confidential Information in Plaintiffs' Motion to Compel*

9. The following limited excerpts of the Motion to Compel contain confidential Google information, the disclosure of which would likely cause competitive harm to Google.

(a) **Page 2, lines 17-18:** This excerpt references and quotes Exhibit E. As mentioned above, this Court granted Google's request to seal this communication in its entirety. Dkt. 273 at 25:22.

(b) **Page 5, lines 18-21:** This excerpt quotes from Exhibit K, which for the reasons described above, contain confidential Google information related to Google's

counteroffering strategy that is substantively similar to what the Court has already ordered to be sealed.

(c) **Page 5, line 26 through Page 6, line 5:** This excerpt references and quotes Exhibit M. As mentioned above, This Court granted Google's request to seal this communication in its entirety. Dkt. 273 at 25:21-22.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 23, 2013 in Palo Alto, California.

_____
Anne M. Selin