MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant
Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT GOOGLE INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL, AND THE ENTIRETY OF THE DECLARATION OF WILLIAM CAMPBELL IN SUPPORT THEREOF** |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant Google Inc. ("Google") hereby moves to seal the following information:

(i) Portions of Google's Opposition to Plaintiffs' Motion to Compel Production of Google Documents ("Opposition to Motion to Compel") (proposed redacted version attached as Exhibit 1); and

(ii) The Declaration of William Campbell in Support of Google's Response to Plaintiffs' Motion to Compel ("Campbell Declaration") (in its entirety).

This information has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Google is filing the accompanying Declaration of Laszlo Bock and Declaration of Eric Evans in support of Google's sealing request.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL INFORMATION

The entirety of the Campbell Declaration and accompanying exhibits contain confidential and highly sensitive information related to the unique business arrangement between Mr.

William Campbell and Google regarding his role as a senior advisor to Google, including how this arrangement was formalized and documented, as well as the details and express terms and conditions of that arrangement (such as the specific manner in which Mr. Campbell has been, and continues to be, compensated for his work as a senior advisor to Google).  As this accompanying Declaration of Laszlo Bock ("Bock Decl.") demonstrates, this information is closely held within Google and available only to select members of Google's senior management and legal department.  Bock Decl. ¶ 4.  If this information were made public, Google would suffer competitive harm because Google's competitors would discover, and therefore better understand, the unique and confidential arrangement between Mr. Campbell and Google regarding his role as senior advisor to Google, including how this arrangement was formalized and documented and the details and express terms and conditions of that arrangement (such as the specific manner in which Mr. Campbell has been, and continues to be, compensated for his work as a senior advisor to Google).  Bock Decl. ¶ 5.  Similarly, portions of the Opposition to Motion to Compel reference and quote extensively from the Campbell Declaration and therefore also contain confidential information that would cause Google competitive harm if it were made public.  Declaration of Eric Evans ¶¶ 2-3.  Google designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

Personal compensation information is regularly sealed because of its confidential and private nature.  *See Renfro v. Unum*, *et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information").  Similarly, compensation practices and decisions are routinely subject to a sealing order.  *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953,

1  2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to
2  enjoin a former employee from using a company's "confidential and/or trade secret employee
3  compensation information").  Moreover, the sealed information also includes Mr. Campbell's
4  social security number, which is required to be redacted under the Federal Rules.  Fed. R. Civ. P.
5  5.2.
6      In addition, good cause exists to seal confidential information relating to a company's
7  internal business strategies, such as its decisions on how to formalize and document unique
8  business arrangements.  *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret
9  or other confidential research, development, *or commercial information*") (emphasis added);
10 *Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at
11 *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its
12 investment adviser that contained "sensitive and confidential information, including long-term
13 financial projections, discussions of business strategy, and competitive analyses"); *Network*
14 *Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721,
15 at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business
16 strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor,*
17 *Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz.
18 Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling"
19 reason standard applicable to dispositive motions, including a "spreadsheet tracking information
20 regarding potentially competitive products,"  and other business strategy documents, such as
21 information relating to "product competitiveness, and market and technological opportunities
22 and risks").
23 **III.    CONCLUSION**
24     For the foregoing reasons, Google respectfully requests that this Court order portions of
25 the Opposition to Motion to Compel and the entirety of the Campbell Declaration to be placed
26 under seal.  In accordance with Civil Local Rule 79-5(b) and (c), a proposed order granting the
27 Administrative Motion to Seal Portions of Google's Opposition to Plaintiffs' Motion to Compel
28 and the Entirety of the Declaration of William Campbell In Support Thereof has been lodged

-4-

1  with the Clerk in hard copy and served on counsel for Plaintiffs. Pursuant to this Court's January
2  11, 2013 Order, a copy of the Opposition to the Motion to Compel with the proposed redactions
3  highlighted in yellow is attached as Exhibit 2. In accordance with Civil Local Rule 79-5(b) and
4  (c), Google's proposed redacted version of the Opposition to the Motion to Compel and the
5  entirety of the Campbell Declaration are being lodged with the Clerk in hard copy within a
6  sealed envelope and will be served on counsel for Plaintiffs.

Dated: January 25, 2013          MAYER BROWN LLP


By:     */s/ Eric Evans*
            Eric Evans

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Eric Evans
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*