MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:     (650) 331-2000
Facsimile:      (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT GOOGLE INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S SUPPLEMENT REGARDING MOTION TO COMPEL GOOGLE DOCUMENTS, AND EXHIBIT A TO THE DECLARATION OF ERIC B. EVANS IN SUPPORT THEREOF** |

1      Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant Google Inc. ("Google") hereby

2  moves to seal the following information:

3          (i)  Portions of Google's Supplement Regarding Motion to Compel Google

4               Documents ("Google's Supplement") (proposed redacted version attached as

5               Exhibit 1); and

6          (ii) Exhibit A to the Declaration of Eric B. Evans in Support of Google's Supplement

7               (transcript excerpts from the deposition of Mr. William Campbell)  (in its

8               entirety).

9      This information has been designated Confidential or Attorneys-Eyes Only under the

10  Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  Google is filing the

11  accompanying Declaration of Eric B. Evans in support of Google's sealing request.

12  **I.    LEGAL STANDARD**

13      Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial

14  court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other

15  confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).

16  The Ninth Circuit has "carved out an exception to the presumption of access to judicial records

17  for a sealed discovery document [attached] to a nondispositive motion," where the requesting

18  party shows good cause exists to keep the records under seal.  *Navarro v. Eskanos & Adler*, No.

19  C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana

20  v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing'

21  under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of

22  sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific

23  Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in

24  nondispositive materials, we apply the 'good cause' standard when parties wish to keep them

25  under seal.").

26

27

28

## II.   GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Portions of Google's Supplement and Exhibit A to the Declaration of Eric B. Evans in Support of Google's Supplement (transcript excerpts from the deposition of Mr. William Campbell) reflect confidential and highly sensitive information related to the unique business arrangement between Mr. Campbell and Google regarding his role as a senior advisor to Google, including how this arrangement was formalized and documented, as well as the details and express terms and conditions of that arrangement (such as the specific manner in which Mr. Campbell has been, and continues to be, compensated for his work as a senior advisor to Google). As demonstrated by the Declaration of Laszlo Bock previously filed on January 25, 2013 (Dkt. 319-3) ("Bock Decl."), this information is closely held within Google and available only to select members of Google's senior management and legal department. Bock Decl. ¶ 4. If this information were made public, Google would suffer competitive harm because Google's competitors would discover, and therefore better understand, the unique and confidential arrangement between Mr. Campbell and Google regarding his role as senior advisor to Google, including how this arrangement was formalized and documented and the details and express terms and conditions of that arrangement (such as the specific manner in which Mr. Campbell has been, and continues to be, compensated for his work as a senior advisor to Google). Bock Decl. ¶ 5. Portions of Google's Supplement and Exhibit A to the Declaration of Eric B. Evans in Support of Google's Supplement discuss or contain the above information. Declaration of Eric B. Evans in Support of Administrative Motion to Seal ¶¶ 2-3. Google designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

Personal compensation information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, *et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-

1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012)

(noting that portions of summary judgment materials were filed under seal because they

contained "confidential salary information").  Similarly, compensation practices and decisions

are routinely subject to a sealing order.  *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953,

2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to

enjoin a former employee from using a company's "confidential and/or trade secret employee

compensation information").  Moreover, the sealed information also includes Mr. Campbell's

social security number, which is required to be redacted under the Federal Rules.  Fed. R. Civ. P.

5.2.

        In addition, good cause exists to seal confidential information relating to a company's

internal business strategies, such as its decisions on how to formalize and document unique

business arrangements.  *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret

or other confidential research, development, *or commercial information*") (emphasis added);

*Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at

*3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its

investment adviser that contained "sensitive and confidential information, including long-term

financial projections, discussions of business strategy, and competitive analyses"); *Network

Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721,

at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business

strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor,

Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz.

Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling"

reason standard applicable to dispositive motions, including a "spreadsheet tracking information

regarding potentially competitive products,"  and other business strategy documents, such as

information relating to "product competitiveness, and market and technological opportunities

and risks").

III.   **CONCLUSION**

For the foregoing reasons, Google respectfully requests that this Court order portions of Google's Supplement and Exhibit A to the Declaration of Eric B. Evans in Support of Google's Supplement to be placed under seal.  In accordance with Civil Local Rule 79-5(b) and (c), a proposed order granting the Administrative Motion to Seal will be lodged with the Clerk in hard copy and served on counsel for Plaintiffs.  Pursuant to this Court's January 11, 2013 Order, a copy of Google's Supplement and Exhibit A to the Declaration of Eric B. Evans in Support of Google's Supplement with the proposed redactions highlighted in yellow is attached as Exhibit 2.  In accordance with Civil Local Rule 79-5(b) and (c), Google's proposed redacted version of Google's Supplement and Exhibit A to the Declaration of Eric B. Evans in Support of Google's Supplement will be lodged with the Clerk in hard copy within a sealed envelope and will be served on counsel for Plaintiffs.

Dated: February 18, 2013        MAYER BROWN LLP

By:      */s/ Eric B. Evans*
              Eric B. Evans

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Eric Evans
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557

*Attorneys for Defendant Google Inc.*