| | |
|---|---|
| 1 | MAYER BROWN LLP |
|   | LEE H. RUBIN (SBN 141331) |
| 2 | lrubin@mayerbrown.com |
|   | EDWARD D. JOHNSON (SBN 189475) |
| 3 | wjohnson@mayerbrown.com |
|   | DONALD M. FALK (SBN 150256) |
| 4 | dfalk@mayerbrown.com |
|   | ERIC B. EVANS (SBN 232476) |
| 5 | eevans@mayerbrown.com |
|   | ANNE M. SELIN (SBN 270634) |
| 6 | aselin@mayerbrown.com |
|   | Two Palo Alto Square, Suite 300 |
| 7 | 3000 El Camino Real |
|   | Palo Alto, CA 94306-2112 |
| 8 | Telephone:   (650) 331-2000 |
|   | Facsimile:   (650) 331-2061 |

*Attorneys for Defendant Google Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: | **DEFENDANT GOOGLE INC.'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' SUPPLEMENT REGARDING MOTION TO COMPEL GOOGLE DOCUMENTS** |
| ALL ACTIONS | |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant Google Inc. ("Google") hereby responds in support of Plaintiffs' Administrative Motion to Seal, Pursuant to Civil Local Rule 79-5(d), Portions of Plaintiffs' Supplement Regarding Motion to Compel Google Documents (Dkt. 326). In accordance with the Motion to Seal and as set forth below, Google seeks to seal the following information:

(i) Portions of Plaintiffs' Supplement Regarding Motion to Compel Google Documents ("Plaintiffs' Supplement") (proposed redacted version attached as Exhibit A); and

(ii) Portions of Exhibit 1 to the Supplemental Declaration of Dean M. Harvey in Support of Plaintiffs' Motion to Compel ("Exhibit 1 to the Harvey Declaration"), which contain transcript excerpts from the deposition of William Campbell (proposed redacted version attached as Exhibit B).

This information has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Google is filing the accompanying Declaration of Eric B. Evans in support of Google's sealing request.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them

1  under seal.").

## II. GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL INFORMATION

Portions of Plaintiffs' Supplement and Exhibit 1 to the Harvey Declaration (transcript excerpts from the deposition of Mr. William Campbell) reflect confidential and highly sensitive information related to the unique business arrangement between Mr. Campbell and Google regarding his role as a senior advisor to Google, including how this arrangement was formalized and documented, as well as the details and express terms and conditions of that arrangement (such as the specific manner in which Mr. Campbell has been, and continues to be, compensated for his work as a senior advisor to Google).  As demonstrated by the Declaration of Laszlo Bock previously filed on January 25, 2013 (Dkt. 319-3) ("Bock Decl."), this information is closely held within Google and available only to select members of Google's senior management and legal department.  Bock Decl. ¶ 4.  If this information were made public, Google would suffer competitive harm because Google's competitors would discover, and therefore better understand, the unique and confidential arrangement between Mr. Campbell and Google regarding his role as senior advisor to Google, including how this arrangement was formalized and documented and the details and express terms and conditions of that arrangement (such as the specific manner in which Mr. Campbell has been, and continues to be, compensated for his work as a senior advisor to Google).  Bock Decl. ¶ 5.  Portions of Plaintiffs' Supplement and Exhibit 1 to the Harvey Declaration discuss or contain information contained in the declaration of William Campbell.  Declaration of Eric B. Evans in Support of Administrative Motion to Seal ¶¶ 2-3.  Google designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

Personal compensation information is regularly sealed because of its confidential and private nature.  *See Renfro v. Unum*, *et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their

-3-
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL (RE: PLAINTIFFS' SUPPLEMENT RE: MOTION TO COMPEL)
MASTER DOCKET NO. 11-CV-2509-LHK

salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information"). Similarly, compensation practices and decisions are routinely subject to a sealing order. *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information"). Moreover, the sealed information also includes Mr. Campbell's social security number, which is required to be redacted under the Federal Rules. Fed. R. Civ. P. 5.2.

In addition, good cause exists to seal confidential information relating to a company's internal business strategies, such as its decisions on how to formalize and document unique business arrangements. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, *or commercial information*") (emphasis added); *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

### III.  CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order portions of Plaintiffs' Supplement and Exhibit 1 to the Harvey Declaration to be placed under seal. In accordance with Civil Local Rule 79-5(d), a proposed sealing order granting the Administrative Motion to Seal will be lodged with the Clerk in hard copy and served on counsel for Plaintiffs. Pursuant to this Court's January 11, 2013 Order, a copy of Plaintiffs' Supplement and Exhibit 1 to the Harvey Declaration with the proposed redactions highlighted in yellow are attached as Exhibits C and D, respectively. In accordance with Civil Local Rule 79-5(c), Google's proposed redacted versions of Plaintiffs' Supplement and Exhibit 1 to the Harvey Declaration will be lodged with the Clerk in hard copy within a sealed envelope and will be served on counsel for Plaintiffs.

Dated:  February 20, 2013                MAYER BROWN LLP

By:    */s/ Eric B. Evans*
         Eric B. Evans

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Eric Evans
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557

*Attorneys for Defendant Google Inc.*