UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Case No.: 11-CV-2509-LHK-PSG<br><br>**ORDER GRANTING-IN-PART MOTIONS TO SEAL**<br><br>**(Re: Docket Nos. 279, 313, 319, 326, 329, 331)** |

Accompanying the parties' various papers regarding Plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover (collectively "Plaintiffs") motion to compel production of documents from Defendant Google Inc. ("Google") are several motions to seal or redact brought pursuant to Civil L.R. 79-5. All of the motions, whether brought by Plaintiffs or Google, arise from Google's assertion of confidentiality over the nature and terms of its relationship with Bill Campbell ("Campbell") or over communications between its executives regarding employee retention.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing

---
[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

1

Case No.: 11-2509 LHK (PSG)
ORDER

request, "a strong presumption in favor of access is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[4] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[5] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

---

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11] The rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

Google first seeks to seal any references to Campbell's relationship to Google, including redacting significant portions of the parties' papers,[13] redacting significant portions of a deposition of Campbell,[14] and sealing entirely Campbell's declaration and the copies of the agreements he signed with Google during his relationship with it.[15] Google asserts that its "unique business arrangement" with Campbell is "confidential and highly sensitive" and that it would suffer "competitive harm" because its competitors "would discover, and therefore better understand, the unique and confidential arrangement between Mr. Campbell and Google regarding his role as senior advisor to Google."[16]

Although parts of the documents properly may be sealed, such as Campbell's Social Security number[17] and the amount and nature of his compensation,[18] Google has not made a particularized showing how descriptions of the services Campbell provided to Google would be

---

[11] *Id.*

[12] *Id.*

[13] *See* Docket No. 313 Ex. 1; Docket No. 319 Ex. 1; Docket No. 329 Ex. 1; Docket No. 331 Ex. A.

[14] *See* Docket No. 331 Ex. B.

[15] *See* Docket No. 319.

[16] *See* Docket No. 331; *see also* Docket Nos. 319, 329.

[17] *See* Fed. R. Civ. P. 5.2(a)(1).

[18] *See Apple, Inc. v. Samsung Elecs. Co.*, Case No. 11-CV-1846-LHK, 2012 WL 3283478, at *7 (N.D. Cal. Aug. 9, 2012) (granting motions to seal information about compensation).

3

Case No.: 11-2509 LHK (PSG)
ORDER

detrimental if revealed, especially in light of the publicity around his role at Google.[19] Given that publicity, the court finds that sealing references to or descriptions of his relationship to Google is inappropriate and so Google's requests are not narrowly tailored. The court therefore DENIES WITHOUT PREJUDICE Google's sealing requests regarding Campbell. Because the deposition, the consultant agreement, and the employment agreement include information about Campbell's compensation and his Social Security Number, Google may renew its motion to seal with narrowly tailored redactions of that information.

Google additionally seeks redaction of names of people that Google employees either communicated with or about in emails attached to Plaintiffs' motion.[20] Google also requests that emails attached to Plaintiffs' motion containing Google employees' conversations about strategies for employee retention be sealed.[21] The privacy interests of third parties outweigh the limited public interest in their information that accompanies a non-dispositive motion.[22] As to the emails, the court notes that Judge Koh already has determined that "compensation and recruiting strategies, policies, and procedures" of the various defendants in this case may remain under seal.[23] Google likewise here has made a sufficient showing that disclosure of its compensation and retention

---

[19] *See, e.g.*, Miguel Helft, "Bill Campbell on Coaching RockMelt and Google vs. Apple," *New York Times*, Nov. 8, 2010 (*available at* http://bits.blogs.nytimes.com/2010/11/08/bill-campbell-on-coaching-rockmelt-and-google-vs-apple/); Robert Hof, "Tech Startup Secrets of Bill Campbell, Coach of Silicon Valley," *Forbes*, July 27, 2011 (*available at* http://www.forbes.com/sites/roberthof/2011/07/27/startups-secrets-of-bill-campbell-the-coach-of-silicon-valley/).

[20] *See* Docket No. 313 Exs. 2, 3.

[21] *See* Docket No. 313.

[22] *See Nettles v. Farmers Ins. Exch.,* Case No. C06-5164, 2007 WL 858060, at *2, (W.D. Wash. Mar. 16, 2007).

[23] *See* Docket No. 273.

4
Case No.: 11-2509 LHK (PSG)
ORDER

policies could cause competitive harm.  Google's requests to seal Exhibits E, K, L, and M in their entirety and to redact Exhibits D and J and portions of Plaintiffs' motion are GRANTED.

**IT IS SO ORDERED**.

Dated: February 28, 2013

PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-2509 LHK (PSG)
ORDER

5