1  Richard M. Heimann (State Bar No. 63607)
   Kelly M. Dermody (State Bar No. 171716)
2  Eric B. Fastiff (State Bar No. 182260)
   Brendan Glackin (State Bar No. 199643)
3  Dean Harvey (State Bar No. 250298)
   Anne B. Shaver (State Bar No. 255928)
4  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
5  San Francisco, California  94111-3339
   Telephone:  415.956.1000
6  Facsimile:  415.956.1008

7  Joseph R. Saveri (State Bar No. 130064)
   Lisa J. Leebove (State Bar No. 186705)
8  James G. Dallal (State Bar No.  277826)
   JOSEPH SAVERI LAW FIRM
9  505 Montgomery, Suite 625
   San Francisco, CA 94111
10 Telephone:  415.500.6800
   Facsimile:   415.500.6803

11

12 *Interim Co-Lead Counsel for Plaintiff Class*

13 [Additional counsel listed on signature page]

14

15                   IN THE UNITED STATES DISTRICT COURT

16                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                            SAN JOSE DIVISION

18

19 IN RE: HIGH-TECH EMPLOYEE                    Master Docket No. 11-CV-2509-LHK
   ANTITRUST LITIGATION
20                                              **JOINT DISCOVERY STATUS REPORT**
   THIS DOCUMENT RELATES TO:
21
   ALL ACTIONS
22

23

24         Pursuant to the Court's January 17, 2013 Case Management Order (Dkt.282), the parties

25 hereby submit this Joint Discovery Status Report.

26

27

28

1  **I.**  **Discovery Status**

2      **A.**    **Depositions**

3          Depositions have continued apace, consistent with the schedule set forth in the previous

4  Joint Status Report of February 15, 2013.  (Dkt. 327.)  Since then, the following depositions have

5  taken place:

6              • Micheline Chau (Lucasfilm) on February 20, 2013

7              • Eric Schmidt (Google) on February 20, 2013

8              • Ranna Prajapati (Intel) on February 21, 2013

9              • Michael McNeal (Intuit) on February 21, 2013

10             • Steve Dykes (Lucasfilm) on February 21, 2013

11             • Patrick Burke (Apple) on February 26, 2013

12             • Ron Okamoto (Apple) on February 27, 2013

13             • Alan Eustace (Google) on February 27, 2013

14             • Brad Smith (Intuit) on February 27, 2013

15             • Shantanu Narayan (Adobe) on February 28, 2013

16             • Darrin Baja (Apple) on March 1, 2013

17             • Digby Horner (Adobe) on March 1, 2013

18             • Amir Dramen (Lucasfilm) on March 1, 2013

19         Further depositions of current and former employees of all Defendants are scheduled

20 throughout March 2013.  Plaintiffs and Google are continuing to meet and confer on whether

21 Plaintiffs will seek to depose Seth Williams, Judy Gilbert, Carson Page and Patrick Flynn.

22 Plaintiffs are reviewing documents recently produced by Google in an attempt to determine

23 whether to request depositions of these witnesses this month.

24     **B.**    **Document Production**

25         Adobe, Google, Intel, Intuit, and Pixar have produced additional documents since the last

26 Joint Status Report.

27         Plaintiffs have requested that Defendants confirm whether their document productions are

28 complete regarding certain specific categories of compensation and recruiting information, and

**Error! Unknown document property name.**

trial witness personnel files, previously covered by Plaintiffs' document requests served on October 3, 2011 and November 6, 2012.  Lucasfilm and Pixar confirmed that they have completed their productions of all compensation and recruiting documents described by Plaintiffs located based on a reasonable search.[1]  Adobe, Apple, Google, Intel, and Intuit confirmed that they have produced "track one" documents located based upon a reasonable search, as Plaintiffs' requested, but anticipate producing additional documents from certain supplemental custodians and other sources and thus have not confirmed that their productions are complete as to all such documents.  In the event this cannot be resolved, the parties will present it to the Court.  Defendants objected in December 2012 to Plaintiffs' request for the production of personnel files for all document custodians on the ground that the request will only serve to harass Defendants' employees who are not parties to the lawsuit and whose status as document custodians does not place at issue personal information in their employment records.  Plaintiffs believe that the personnel files of trial witnesses in an employee compensation case are relevant to understanding whether the witness has relevant performance or personnel issues resonant to the claims in the case.

Plaintiffs also asked Defendants to confirm whether they have produced all documents relied upon by their declarants in connection with their opposition to class certification, pursuant to Fed. R. Civ. Proc. 26(a) and Plaintiffs' requests.  These documents concern a number of recruiting, base salary, and bonus decisions, among other things, across many years at different Defendants.  Today, all Defendants confirmed that they have completed production of all such documents.

The parties will meet and confer regarding any further issues that may remain.  There are no discovery matters presently under submission before Magistrate Judge Grewal.

On February 15, 2013, Defendants asked Plaintiffs whether Plaintiffs document productions were complete, and whether Plaintiffs' privilege logs were complete and up to date.  Plaintiffs confirmed that they have completed production of all documents created on or

---

[1] Pixar subsequently discovered a small amount of additional electronically stored information in the files of one custodian, John Kirkman, who is scheduled to be deposed on March 22.  Pixar expects to produce the material by March 12.

**Error! Unknown document property name.**

1    before May 2012.  (The document creation date cut-off for Defendants' documents was on or

2    before December 31, 2011 for key DOJ custodians and on or before December 31, 2010 for other

3    custodians.)  Plaintiffs also confirmed that their privilege logs are complete and up to date.

**C.      Interrogatories and Requests for Admission**

5        On February 27, 2013, after attempting unsuccessfully to secure an agreement from

6    Defendants about the authenticity of Defendant documents and in advance of the looming

7    discovery cut-off, Plaintiffs served all Defendants with requests for admission and interrogatories

8    regarding the authenticity and admissibility of documents produced in this case.

9        Also on February 27, 2013, Defendants served a second set of contention interrogatories

10   on Plaintiffs, regarding allegations in this action.

**D.      Third Party Discovery**

12       On February 22, 2013, Defendant Adobe served a subpoena on the University of

13   California, Los Angeles, seeking testimony and documents regarding the compensation of UCLA

14   faculty, and other employees, between 1980 and 1990.  At his deposition, plaintiffs' economist

15   Dr. Leamer asserted that when he was department chair at UCLA, the hiring of one faculty

16   member impacted the compensation of all UCLA faculty and possibly even all UCLA employees.

17   Defendants served this discovery to test that assertion.  Plaintiffs assert that Dr. Leamer's

18   statistical analysis is not dependent on Dr. Leamer's personal experiences with wages at UCLA,

19   and have advised Defendants that they do not intend to introduce testimony from Dr. Leamer

20   about his personnel experiences with salary setting at UCLA.  The date for UCLA to provide

21   documents and testimony is March 15.  Neither plaintiffs nor UCLA has formally responded to

22   the subpoena.  Plaintiffs did not raise any issues with this discovery until after 9:00 p.m. the night

23   this report was due.  If either Plaintiffs or UCLA properly object to the discovery, the parties will

24   engage in a meaningful meet and confer and present the matter to the Court if it cannot be

25   resolved.

**E.      Motions to Compel**

27       The hearing on Plaintiffs' Motion to Compel Google Documents of Bill Campbell sent to

28   his intuit.com address took place on February 26, 2013.  On February 28, 2013, Magistrate Judge

Error! Unknown document property name.

1   Grewal denied the motion without prejudice to a further in camera review of additional

2   documents.  (Dkt. 334.)

3   **II.        Deposition Conduct and Proper Objections**

4              Plaintiffs respectfully bring to the Court's attention a concern about the conduct of a

5   certain defense counsel during depositions.  In particular, Google counsel Lee Rubin has

6   consistently voiced improper speaking objections, proffered superfluous objections that appear

7   designed solely to disrupt the deposition, and sometimes even answered questions for the witness.

8   During a 5-hour deposition of Alan Eustace on February 27, 2013, counsel for Google objected to

9   questions over 90 times, or approximately once every 3-4 minutes.  During the February 1, 2013

10  deposition of Shona Brown, he objected over 108 times in the course of 6 hours and 30 minutes.

11  He objected over 120 times in the span of 7 hours during the August 17, 2012 deposition of

12  Arnnon Geshuri.  These objections often included extended recitations of the contents of

13  documents and other improper commentary with the apparent goal or effect of influencing

14  testimony.  Sometimes he commented on questions without bothering to object.  For example, in

15  response to a question by Plaintiffs' counsel to a Google witness as to whether the witness could

16  identify any evidence supporting the witness's statement about an event, counsel for Google

17  interjected, without stating an objection: "I can.  Go ahead."  (Shona Brown Dep. 244:23-245:2.)

18  Because Google has designated all deposition transcripts confidential, Plaintiffs attach hereto

19  under seal as Exhibit A, excerpts from transcripts highlighted to reflect Google's speaking

20  objections and other interference.

21             At this point, Plaintiffs respectfully request an instruction from the Court that counsel on

22  both sides limit their objections to the statement, "Object to form," without further explanation of

23  the basis unless a basis is requested from opposing counsel or the objection is regarding a matter

24  of privilege.[2]  In addition, Plaintiffs request that the Court admonish Google in particular to

25

26

---

27  [2] While counsel for all parties have occasionally objected to deposition questions by also stating a
    basis for the objection, Plaintiffs do not challenge the conduct of other defense counsel, which has

28  been routine and professional.  Plaintiffs nevertheless request a standard for all counsel, including
    Plaintiffs' counsel, so that there is a clear standard that avoids misunderstanding going forward.

Error! Unknown document property name.

refrain from interposing objections that are not taken in good faith or are offered to interrupt the deposition testimony.[3]

Defendants respond with the following points.  The Court surely did not intend for these discovery status updates to be used as a vehicle for making motions for discovery orders—and certainly not as an opportunity to bother the Court with unfounded and hypocritical complaints about a party's deposition objections. But Plaintiffs have left Defendants no choice but to respond to Plaintiffs' allegations.

First, as a preliminary matter, Plaintiffs cite no authority to support their complaint that any of Google's objections were improper, or their claim that "objection to form" is the only permissible deposition objection—because there is none.  During a deposition, an attorney may properly state objections for the record in a concise, nonargumentative, and nonsuggestive manner. Fed. R. Civ.P. 30(c)(2); *accord*, *e.g.*, *Mendez v. R+L Carriers, Inc.*, 2012 WL 1535756, *1 (N.D. Cal. Apr. 30, 2012).  Plaintiffs paint as witness-coaching Mr. Rubin's use of the routine phrases that appear in every actively defended deposition:

- "Objection.  Vague." (43:10 and 165:1)
- "Objection. Vague as to time period."( 46:18-19)
- "Objection. Lacks foundation." (75:24, 105:1, 125:6, 125:12, 196:12, and 198:23)
- "Objection. Calls for speculation." (76:4, 76:9, and 76:15)
- "Objection. Argumentative, it lacks foundation and asked and answered." (86:7-8)

Google had a good faith basis for each and every challenged objection and made appropriate objections in "a concise, non-argumentative, and non-suggestive manner."  Fed. R. Civ.P. 30(c)(2).

Second, Plaintiffs are being hypocritical.  Their counsel made *the same* routine objections during the few depositions of their clients that they now argue are improper (*see*, *e.g.*, Ex. A (Deposition transcript of D. Stover) ("Objection, calls for speculation" (103:8-9); "Objection,

---

[3] Plaintiffs respectfully submit that Google's reliance on non-analogous objections Plaintiffs' counsel made in a deposition that occurred four months ago, taken by counsel for an entirely different Defendant, who has not raised the issue himself despite numerous opportunities to do so, is irrelevant.

argumentative, calls for speculation, misstates prior testimony" (103:18-19); "Objection, calls for speculation" (104:6-7); "Objection, vague" (113:2-3 and 114:8)).

Third, Plaintiffs' complaint about the number of objections made by Mr. Rubin in certain depositions is also hypocritical. On a pure numbers basis, Plaintiffs' counsel made a voluminous number of objections during the deposition of Mr. Stover (notably, without any complaint by Defendants to the Court). Moreover, the raw number of objections made by a party during a deposition is irrelevant. There is, of course, no legal authority whatsoever that limits the number of objections a party can make at a deposition. Furthermore, Mr. Rubin only objected to a fraction of the total number of questions posed in the referenced depositions (and notably, when a different—and more experienced—counsel deposed Google's Eric Schmidt, Mr. Rubin made a very limited number of objections).

Lastly, Plaintiffs also complain about three particular objections made during the depositions of Alan Eustace and Shona Brown, which also requires a response. Each of these objections comfortably meets the Northern District's standard.

- In the Eustace deposition (67:19-68:13), Mr. Rubin objected to an attempt to create a compound question by suggesting an alternative phrasing that would not draw an objection. In doing so, he was merely "practic[ing] with the honesty, care and decorum required for the fair and efficient administration of justice." Civil L.R. 11-4(a)(4). The transcript makes clear that he was not arguing or suggesting an answer to the witness.

- In the Brown deposition (152:8-154:6), Mr. Rubin made a well-taken objection based on Fed. R. Evid. 106, the rule of completeness: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." That Rule applies to a deposition: "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1).

- Finally, in the Brown deposition (244:23-245:2), Mr. Rubin answered "I can" in response to a question that manifestly called for a legal conclusion: "Can you point me to a single

Error! Unknown document property name.

1    piece of evidence that supports your belief that Google's do-not-cold-call policy was

2    unilateral?"  Mr. Rubin's poor attempt at levity aside, his comment did nothing to disrupt

3    the deposition or interfere with the witness's testimony.

4        In the face of this record, and in contravention of the legal authority governing this issue,

5    Plaintiffs ask this Court to prescribe the words that Google's counsel may use in defending a

6    deposition witness.  Plaintiffs have presented no basis whatsoever for this type of unprecedented

7    order.  More importantly, the Northern District of California, unlike the other districts cited by

8    Plaintiffs[4], simply does not impose the kind of narrow limits on the language of objections that

9    Plaintiffs seek here. Additionally,  Google and the other Defendants are entitled to object to

10   plaintiffs' improper deposition questions, and any order limiting that right would raise due

11   process concerns have a chilling effect on counsel's ethical duty to serve their clients with

12   diligence, learning, and skill. Cal. R. Prof. Cond. 3-110(B)(1) and (2).  Therefore, Plaintiffs'

13   request for a legally unfounded and unprecedented order should be denied.

14

15

16                          Respectfully submitted,

     Dated:  March 1, 2013         LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
17

18                          By:      */s/ Kelly M. Dermody*
                                     Kelly M. Dermody
19

20                          Richard M. Heimann (State Bar No. 63607)
                            Kelly M. Dermody (State Bar No. 171716)
21                          Eric B. Fastiff (State Bar No. 182260)
                            Brendan Glackin (State Bar No. 199643)
22                          Dean Harvey (State Bar No. 250298)
                            Anne B. Shaver (State Bar No. 255928)
23                          275 Battery Street, 29th Floor
                            San Francisco, California  94111-3339
24                          Telephone:  415.956.1000
                            Facsimile:  415.956.1008
25
                            *Interim Co-Lead Counsel for Plaintiff Class*
26

27

28   _____
     [4] *See*, *e.g.*, E.D. Tex. Local Civil Rule CV-30 ("Objections to questions during the oral deposition
     are limited to "Objection, leading" and "Objection, form."); D. Colo. LCivR 30.3.

Error! Unknown document property name.

| | | |
|---|---|---|
| 1 | Dated:  March 1, 2013 | JOSEPH SAVERI LAW FIRM |

Dated:  March 1, 2013          JOSEPH SAVERI LAW FIRM

By:          */s/ Joseph R. Saveri*
                  Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA 94111
Telephone:  415. 500.6800
Facsimile:  415. 500.6803

*Interim Co-Lead Counsel for Plaintiff Class*

Dated:  March 1, 2013          O'MELVENY & MYERS LLP

By:          */s/ Michael F. Tubach*
                  Michael F. Tubach

George Riley
Michael F. Tubach
Lisa Chen
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated:  March 1, 2013          KEKER & VAN NEST LLP

By:          */s/ Daniel Purcell*
                  Daniel Purcell

John W. Keker
Daniel Purcell
Eugene M. Page
710 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 381-5400
Facsimile:   (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

**Error! Unknown document property name.**

1    Dated:  March 1, 2013          JONES DAY

2
                                   By:        /s/ David C. Kiernan
3                                             David C. Kiernan

4                                  Robert A. Mittelstaedt
                                   Craig A. Waldman
5                                  David C. Kiernan
                                   555 California Street, 26th Floor
6                                  San Francisco, CA  94104
                                   Telephone:  (415) 626-3939
7                                  Facsimile:   (415) 875-5700

8                                  *Attorneys for Defendant ADOBE SYSTEMS, INC.*

9    Dated:  March 1, 2013          JONES DAY

10
                                   By:        /s/ Robert A. Mittelstaedt
11                                            Robert A. Mittelstaedt

12                                 Robert A. Mittelstaedt
                                   Craig E. Stewart
13                                 555 California Street, 26th Floor
                                   San Francisco, CA  94104
14                                 Telephone:  (415) 626-3939
                                   Facsimile:   (415) 875-5700
15
                                   Catherine T. Zeng
16                                 1755 Embarcadero Road
                                   Palo Alto, CA 94303
17                                 Telephone:  (650) 739-3939
                                   Facsimile:   (650) 739-3900
18
19                                 *Attorneys for Defendant INTUIT INC.*

20   Dated:  March 1, 2013          MAYER BROWN LLP

21
                                   By:        /s/ Lee H. Rubin
22                                            Lee H. Rubin

23                                 Lee H. Rubin
                                   Edward D. Johnson
24                                 Donald M. Falk
                                   Two Palo Alto Square
25                                 3000 El Camino Real, Suite 300
                                   Palo Alto, CA  94306-2112
26                                 Telephone:  (650) 331-2057
                                   Facsimile:   (650) 331-4557
27
                                   *Attorneys for Defendant GOOGLE INC.*
28

1    Dated:  March 1, 2013          BINGHAM McCUTCHEN LLP

2
                                    By:        */s/ Frank M. Hinman*
3                                              Frank M. Hinman

4                                   Donn P. Pickett
                                    Frank M. Hinman
5                                   Three Embarcadero Center
                                    San Francisco, CA  94111
6                                   Telephone:  (415) 393-2000
                                    Facsimile:   (415) 383-2286
7
                                    *Attorneys for Defendant INTEL CORPORATION*
8
     Dated:  March 1, 2013          COVINGTON & BURLING LLP
9

10                                  By:        */s/ Emily Johnson Henn*
                                               Emily Johnson Henn
11
                                    Robert T. Haslam, III
12                                  Emily Johnson Henn
                                    333 Twin Dolphin Drive, Suite 700
13                                  Redwood City, CA  94065
                                    Telephone:  (650) 632-4700
14
                                    *Attorneys for Defendant PIXAR*
15

16   **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

17   the filing of this document has been obtained from all signatories.

18

19

20

21

22

23

24

25

26

27

28

**Error! Unknown document property name.**