1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Eric B. Fastiff (State Bar No. 182260)
    Brendan Glackin (State Bar No. 199643)
3   Dean Harvey (State Bar No. 250298)
    Anne B. Shaver (State Bar No. 255928)
4   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    275 Battery Street, 29th Floor
5   San Francisco, California  94111-3339
    Telephone:  415.956.1000
6   Facsimile:  415.956.1008

7   Joseph R. Saveri (State Bar No. 130064)
    Lisa J. Leebove (State Bar No. 186705)
8   James G. Dallal (State Bar No.  277826)
    JOSEPH SAVERI LAW FIRM
9   505 Montgomery, Suite 625
    San Francisco, CA 94111
10  Telephone:  415. 500.6800
    Facsimile:   415. 500.6803

11

12  *Interim Co-Lead Counsel for Plaintiff Class*

13  [Additional counsel listed on signature page]

14

15          IN THE UNITED STATES DISTRICT COURT

16          FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                  SAN JOSE DIVISION

18

19  IN RE: HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
20                                         **JOINT CASE MANAGEMENT**
                                           **CONFERENCE STATEMENT**
21  THIS DOCUMENT RELATES TO:
                                           Date:       March 13, 2013
22  ALL ACTIONS                            Time:       2:00 p.m.
                                           Courtroom: 8, 4th Floor
23                                         Judge:      The Honorable Lucy H. Koh

24

25

26

27

28

The parties submit this joint statement for the March 13, 2013 Case Management Conference.

## I.     <u>Case Progress</u>

Since the January 17, 2013 Case Management Conference, the case has progressed as follows.

The fact discovery cutoff is March 29, 2013.  (Dkt. 183.)  Fact discovery is continuing, and the parties have reported the status of discovery in their regular statements to the Court, including most recently on March 1, 2013.  (Dkt. 336.)

## II.     <u>Case Management</u>

The Court's January 17, 2013 Case Management Order set forth the major deadlines for the litigation of the case through trial.  (Dkt. 282.)

### A.     Expert Disclosure Schedule

The parties are continuing to meet and confer on this issue and will promptly advise the Court if agreement is reached.

#### 1.     Plaintiffs' Statement

Plaintiffs respectfully seek the Court's guidance on a percolating issue concerning the schedule for expert disclosures.  The case schedule provides that initial expert reports are due on April 11, 2013, and rebuttal expert reports are due on May 2, 2013.  (Dkt. 282.)  The schedule does not provide an opportunity for Plaintiffs to respond to opinions and critiques of Defendants' expert.  Plaintiffs anticipate that this will most likely create an issue at trial, when Plaintiffs' expert will need to address critiques or new analyses Defendants include in their "rebuttal" expert report.  For instance, during Defendants' briefing of the class certification opposition, Defendants included original regression analyses purporting to show that their violations of the law caused no damages (or "negative" damages).  Likewise, at this stage of the case, Defendants may include other kinds of new quantitative analysis or variations on Plaintiffs' experts' analysis in their critique of Plaintiffs' expert, just as Dr. Murphy did here during class certification.

Plaintiffs cannot anticipate every possible criticism, variation, or original analysis that might be contained in Defendants' "rebuttal" expert report.  In the absence of any response by Plaintiffs before trial, Plaintiffs are concerned that their expert will be required to respond to Defendants' critiques for the first time in trial testimony.  This may prove problematic for all involved for several reasons, including that Defendants presently do not agree they will not move to preclude Plaintiffs' expert testimony on this very ground, and that Plaintiffs simply do not subscribe to trial by ambush.

Plaintiffs propose two alternative solutions to this issue, neither of which would alter the case schedule:

1. Defendants include all original analysis in an opening report, due on April 11, 2013, to which Plaintiffs would respond in a simultaneous rebuttal on May 2, 2013; or

2. The Parties agree to a schedule for a responsive disclosure that will not interfere with the rest of schedule, limited to the issues raised in Defendants' "rebuttal" analysis.[1]

Either of these alternative solutions would be acceptable to Plaintiffs.  Plaintiffs suggest that the second option, permitting a further disclosure, would be most consistent with the purposes of the Federal Rules.  *See*, *e.g.*, Fed. R. Civ. P. 26(a)(2).

Plaintiffs have raised this matter with Defendants, but to date their position is that they just want to maintain the schedule as is.  If the *status quo* is maintained, Plaintiffs respectfully submit that it will only make the trial process unwieldy, as Plaintiffs' expert responds to Defendants' "rebuttal" analysis without advance disclosure.  Nevertheless, Plaintiffs are comfortable with presenting their response to Defendants' expert critiques and analyses for the first time at trial, so long as it will not burden the Court.[2]

---

[1] Plaintiffs are also amenable to a further time-limited deposition tailored solely to new rebuttal points.

[2] Plaintiffs note that Defendants devote significant space in this CMC Statement to re-litigating class certification issues.  Defendants' supplemental argument is clearly irrelevant to the issues currently at hand, manifestly improper, and should be stricken.  Moreover, Defendants'

1

2

### 2. Defendants' Statement

The Court addressed and resolved this issue at the October 26, 2011 Case Management

Conference and in its October 26, 2011 Minute and Case Management Order and its September

12, 2012 Case Management Order.  As the Court explained to Plaintiffs on October 26, 2011,

using damages as an example:  "You do the opening report, they do the rebuttal, you'll get to do

depositions of each other's experts."  (Dkt. 94 at 67:10-12.)  Plaintiffs now renew their complaint

that they will not have an opportunity to respond to Defendants' expert reports, citing the

sequence of expert reports submitted on the motion for class certification.  In fact, that experience

shows why Plaintiffs' proposal is unnecessary.  (This is presented to respond to plaintiffs'

position, not (as they inaccurately suggest) to reargue the Rule 23 motion).

Three rounds of expert reports addressing issues of impact and damages have already

occurred:  Dr. Leamer's opening report, including his "conduct regression" that lumped all seven

defendants together; Dr. Murphy's critique showing that running the same regression for  each

defendant individually invalidated  Leamer's model; and Dr. Leamer's reply report (with yet

another regression analysis) that addressed one of Murphy's critiques but had no answer for the

second.  Thus, Dr. Leamer has already had two chances to create a workable regression equation,

including a chance to respond to Dr. Murphy's critique; his report due April 11 will be his third

opportunity to address these issues.

Plaintiffs also ignore the Court-ordered schedule when they  assume that they will be

permitted to present not only one more set of  regression analyses, in their opening April 11

report, but also another set in response to defendants' May 2 report—and that the only question is

the timing of the last round, namely, whether they would present it before or during

trial.  Defendants submit that if, as we believe will be the case, Dr. Leamer's April 11 regression

will still be inadequate, there is no reason to afford him yet another try.

Nevertheless, as noted, the parties are continuing to confer.

---

speculation about the content and focus of Plaintiffs' merits expert reporting, and their critique of
a report they will not receive for many weeks, is baseless.

### B.    Document Authentication

#### 1.    Plaintiffs' Statement

Plaintiffs also respectfully seek the Court's guidance at the intersection of the close of discovery and Plaintiffs' need to authenticate documents and evidence for trial.  Plaintiffs cannot now be certain whether the witnesses they will depose over the next month are all of the correct witnesses who will be able to authenticate all of the Defendants' business records that Plaintiffs may wish to introduce at trial.  This is amplified by the fact that several Defendants continue to produce documents and privilege logs, and may expect to continue producing documents and privilege logs until discovery closes (for instance, earlier this week Defendants Google and Lucasfilm each produced tens of thousands of additional pages of documents, including documents associated with custodians whose depositions Plaintiffs already took). [3]  The danger to Plaintiffs is that they may be cut off from conducting discovery necessary for authentication purposes that they could not have completed during the discovery period.

Plaintiffs have raised this matter with Defendants, but to date Defendants have been unable to commit to stipulating to an extension of the discovery deadline exclusively for the purpose of evidence authentication, or to stipulating that the documents they have produced are authentic business records.  Barring an agreement that would alleviate this conundrum within the

---

[3]  On March 4, 2013 (three days after the parties submitted their last Discovery Report), Google produced an additional 39,439 pages of documents, including documents associated with custodians whose depositions Plaintiffs already have taken.  Lucasfilm also produced on March 4, 2013 an additional 72,213 pages of documents, including documents associated with several custodians who already have been deposed.  At this point, Plaintiffs had not had sufficient opportunity to review the documents to determine whether they contain material that would properly have been included in depositions that have already been completed.  Plaintiffs also were notified on today's date that Adobe would produce today approximately 400 additional documents associated with an Adobe witness whose deposition is set for this coming Monday.  Plaintiffs object to these belated productions.  While Google's counsel now claims that the tens of thousands of pages it has just produced represent a small number of files, many of the documents are from a custodian set to be deposed tomorrow—March 7, 2013—and arrived without warning, leaving Plaintiffs scant opportunity to review them.  Moreover, long before Plaintiffs even knew of this production, Plaintiffs had requested the courtesy of a later deposition date for this very witness, a request Google did not accommodate.  Lucasfilm's accusation that Plaintiffs are somehow to blame for manufacturing a discovery dispute on the eve of a case management conference, when on the eve of a case management conference Lucas increased the volume of its entire production to date by nearly 50%, is particularly misplaced.

next month, if the *status quo* is maintained, Plaintiffs respectfully submit that this too may make the trial process more unwieldy and expensive, and impact its fairness.[4]

### 2.   Defendants' Statement

#### a.  Document Authentication

Defendants have no intention of wasting time at trial on the authenticity of their documents.  Apple is prepared to stipulate to the authenticity of documents it has created and produced in this litigation, and other Defendants likely are as well.

In any event, Defendants respectfully submit that there is no issue for the Court to decide at this juncture.  Plaintiffs have served the discovery that they believe they need to address their concerns, which addresses not just the authenticity, but the *admissibility*, of every document produced in this litigation.  Defendants will respond to this discovery, as well as meet and confer as necessary.  Any disputes will be brought to the Court's or Magistrate Judge Grewal's attention.

#### b.  Supplemental Document Productions

Finally, Plaintiffs' footnote objection to recent document productions is another attempt to manufacture "discovery disputes" immediately before case management conferences.  Adobe's production of about 460 documents resulted from a vendor mistake and consists largely of drafts and duplicates of previously produced documents.  Plaintiffs do not contend that they need more than five days to review this small number of documents.  But if they did, Adobe will work with them to find a later deposition date, still before the end of discovery.  No good purpose is served by complaining about inadvertence that causes no prejudice.

Lucasfilm's March 4, 2013 document production included 350 documents located in connection with search terms that Plaintiffs first requested on October 25, 2012, months after Lucasfilm had substantially completed its document production pursuant to search terms

---

[4] Defendants have advised Plaintiffs in this Statement that they believe these matters may be resolved with time.  Plaintiffs welcome that news.  However, in the event this does not happen or if Plaintiffs are required to expend substantial resources to authenticate Defendants' standard business records (including emails sent to, from and among their employees), Plaintiffs do not want the Court to be left with the misimpression that Plaintiffs had not raised this concern well before the close of discovery.

Plaintiffs had agreed to in March 2012.  When Plaintiffs reneged on the parties' agreement regarding search terms and demanded new searches based on new terms, they knew their new demand might result in production of new documents from the files of witnesses they wanted to depose.  Despite knowing this, Plaintiffs never conferred with Lucasfilm about the timing of document production or made any attempt to set the depositions for dates after the document production.  On February 14, 2013, Plaintiffs asked Lucasfilm for the first time when its production of documents responsive to the new search terms would be complete.  The next day, Lucasfilm informed Plaintiffs that Lucasfilm would complete that production by March 5, 2013.  Yet again, plaintiffs made no objection, and raised no issue related to depositions, nearly all of which had been scheduled by that date.  Lucasfilm adhered to the March 5 production deadline.  Plaintiffs never objected to any of this until this CMC statement.  In addition to sandbagging Lucasfilm with this objection, Plaintiffs claim no prejudice.  They do not contend that any of these documents should have been produced earlier, pursuant to the parties' March 2012 agreement.  They do not contend any of the documents have any substantive importance to the case or any previously deposed witness.

The remaining 621 documents in Lucasfilm's March 4, 2013 production are for a custodian (Steve Condiotti) whom Plaintiffs sought to depose for the first time in January 2013 and who is not scheduled to be deposed until March 20, 2013.  As the Court may recall, the parties discussed the issue of document productions related to newly-requested deponents at the last CMC, and Lucasfilm has abided by the Court's directions to produce documents substantially before the depositions of any newly-requested custodians.  Again, Plaintiffs claim no prejudice and have no basis to do so.

Plaintiffs also "object" to Google's recent production of 39,439 pages of documents on March 1, 2013.  Over 39,200 pages of this production, however, is comprised of 10 excel spreadsheets. (The large volume of pages is the result of formatting issues and the conversion of the spreadsheets to TIFF images.) Plaintiffs complain that these documents are "associated with" previous Google deponents, but the spreadsheets contain data that is largely---if not entirely---

duplicative of data produced in productions prior to any depositions. Moreover, in the depositions

taken thus far of current and former Google personnel, Plaintiffs have never marked as an exhibit

any of the voluminous number of spreadsheets or data produced by Google during the course of

discovery. Plaintiffs' "objection" is much ado about nothing, and they make no showing

whatsoever that they are prejudiced by the production of these spreadsheets---nor is there any

basis for such a suggestion.   With respect to the claim that Google did not accommodate

Plaintiffs' request to change a deposition date, as Google explained to Plaintiffs' counsel at the

time, Google worked with the deponent in an effort to identify an alternative date,  but because of

the numerous other Google depositions previously scheduled, and the competing schedules of the

witness and counsel, an alternative date could not be found.

Dated:  March 6, 2013                  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


                                       By:      _*/s/ Kelly M. Dermody*_____
                                                 Kelly M. Dermody

                                       Richard M. Heimann (State Bar No. 63607)
                                       Kelly M. Dermody (State Bar No. 171716)
                                       Eric B. Fastiff (State Bar No. 182260)
                                       Brendan Glackin (State Bar No. 199643)
                                       Dean Harvey (State Bar No. 250298)
                                       Anne B. Shaver (State Bar No. 255928)
                                       275 Battery Street, 29th Floor
                                       San Francisco, California  94111-3339
                                       Telephone:  415.956.1000
                                       Facsimile:  415.956.1008

                                       *Interim Co-Lead Counsel for Plaintiff Class*

JOINT CASE MGMNT CONFERENCE STATEMENT
                                       Master Docket No. 11-CV-2509-LHK

1    Dated:  March 6, 2013         JOSEPH SAVERI LAW FIRM

2

3                                  By:        /s/ Joseph R. Saveri
                                             Joseph R. Saveri

4                                  Joseph R. Saveri (State Bar No. 130064)
                                   Lisa J. Leebove (State Bar No. 186705)
5                                  James G. Dallal (State Bar No.  277826)
                                   JOSEPH SAVERI LAW FIRM
6                                  255 California, Suite 450
                                   San Francisco, CA 94111
7                                  Telephone:  415. 500.6800
                                   Facsimile:  415. 500.6803
8
                                   *Interim Co-Lead Counsel for Plaintiff Class*
9

10   Dated:  March 6, 2013         O'MELVENY & MYERS LLP

11                                 By:        /s/ Michael F. Tubach
                                             Michael F. Tubach
12

13                                 George Riley
                                   Michael F. Tubach
14                                 Christina J. Brown
                                   Two Embarcadero Center, 28th Floor
15                                 San Francisco, CA  94111
                                   Telephone:  (415) 984-8700
16                                 Facsimile:  (415) 984-8701

17                                 *Attorneys for Defendant APPLE INC.*

18   Dated:  March 6, 2013         KEKER & VAN NEST LLP

19

20                                 By:        /s/ Daniel Purcell
                                             Daniel Purcell
21                                 John W. Keker
                                   Daniel Purcell
22                                 Eugene M. Page
                                   Paula L. Blizzard
23                                 710 Sansome Street
                                   San Francisco, CA  94111
24                                 Telephone:  (415) 381-5400
                                   Facsimile:  (415) 397-7188
25
                                   *Attorneys for Defendant LUCASFILM LTD.*
26

27

28

                                   - 8 -      JOINT CASE MGMNT CONFERENCE STATEMENT
                                              Master Docket No. 11-CV-2509-LHK

1   Dated:  March 6, 2013       JONES DAY

2

3                             By:        */s/ David C. Kiernan*
                                    David C. Kiernan

4

5                           Robert A. Mittelstaedt
                           Craig A. Waldman
                           David C. Kiernan

6                           555 California Street, 26th Floor
                           San Francisco, CA  94104

7                           Telephone:  (415) 626-3939
                           Facsimile:  (415) 875-5700

8                           *Attorneys for Defendant ADOBE SYSTEMS, INC.*

9   Dated:  March 6, 2013       JONES DAY

10

11                           By:        */s/ Robert A. Mittelstaedt*
                                    Robert A. Mittelstaedt

12                          Robert A. Mittelstaedt
                         Craig E. Stewart

13                         555 California Street, 26th Floor
                         San Francisco, CA  94104

14                         Telephone:  (415) 626-3939
                         Facsimile:  (415) 875-5700

15

16                         Catherine T. Zeng
                         1755 Embarcadero Road

17                         Palo Alto, CA 94303
                         Telephone:  (650) 739-3939

18                         Facsimile:  (650) 739-3900

19                         *Attorneys for Defendant INTUIT INC.*

20  Dated:  March 6, 2013       MAYER BROWN LLP

21

22                         By:        */s/ Lee H. Rubin*
                                    Lee H. Rubin

23                         Lee H. Rubin
                         Edward D. Johnson

24                         Donald M. Falk
                         Two Palo Alto Square

25                         3000 El Camino Real, Suite 300
                         Palo Alto, CA  94306-2112

26                         Telephone:  (650) 331-2057
                         Facsimile:  (650) 331-4557

27                         *Attorneys for Defendant GOOGLE INC.*

28

1    Dated:  March 6, 2013            BINGHAM McCUTCHEN LLP

2

3                                     By:       /s/ Frank M. Hinman
                                                Frank M. Hinman

4                                     Donn P. Pickett
                                      Frank M. Hinman
5                                     Three Embarcadero Center
                                      San Francisco, CA  94111
6                                     Telephone:  (415) 393-2000
                                      Facsimile:   (415) 383-2286
7
                                      *Attorneys for Defendant INTEL CORPORATION*
8

     Dated:  March 6, 2013            COVINGTON & BURLING LLP
9

10                                    By:       /s/ Emily Johnson Henn
                                                Emily Johnson Henn
11

12                                    Robert T. Haslam, III
                                      Emily Johnson Henn
13                                    333 Twin Dolphin Drive, Suite 700
                                      Redwood City, CA  94065
                                      Telephone:  (650) 632-4700
14
                                      *Attorneys for Defendant PIXAR*
15

16   **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

17   the filing of this document has been obtained from all signatories.

18

19

20

21

22

23

24

25

26

27

28