MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:     (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT GOOGLE INC.'S NOTICE OF COMPLIANCE WITH FEBRUARY 27, 2013 ORDER** |

Pursuant to this Court's Order re: Plaintiffs' Motion to Compel Production (dkt. 278) and Plaintiffs' Notice of Request for *In Camera* Review (dkt. 338), Defendant Google Inc. gives notice that it has submitted the documents listed in Plaintiffs' Notice of Request for *In Camera* Review ("Request") for *in camera* review by the Court.  For the Court's convenience, Google has organized these documents into binders, as described below.

In support of their Request, Plaintiffs claim that all of the documents they have identified either "have no attorneys on the communication whatsoever" or "an attorney was only copied on the communication."  Plaintiffs fail to mention, however, that seven of the documents (in Binder A) are <u>identical</u> to the documents that the Court already reviewed *in camera*, and another 22 are either from the exact same email chains that the Court has already reviewed or share the same subject line or textual content (Binder B, Vols. 1 and 2, and Binder C).

Putting these documents aside, there are 94 documents that will be new to the Court—but even these "new" documents raise no questions that this Court has not already addressed.  In particular, 40 of the documents are emails that are not from or to attorneys but copy attorneys (Binder D), and 23 are emails that do not include an attorney in the to:, from:, or cc: field, but explicitly reference advice or direction from a particular lawyer and that lawyer is listed in the privilege log description (Binder E).  Lastly, there are 31 documents that also do not include an attorney in the to:, from:, or cc: fields, but include an explicit privilege legend or a reference to advice or direction from "Google Legal Department" or "Legal" (referring to Google's in-house legal department), as made clear in the privilege log description (Binder F).  As described below, documents that the Court has already reviewed in camera and found to be privileged share at least one of the characteristics described above of each of these types of documents contained in Binders D, E, and F.

Each of the enclosed binders is described below:

**1.  Binder A: Documents that the Court has already reviewed *in camera*.**

Of the 123 documents that Plaintiffs have demanded the Court review *in camera*, seven are <u>identical</u> to the documents that the Court already reviewed *in camera*.

These documents are listed below by their privilege log entries as cited by Plaintiffs and by the Tab Numbers from the binders of documents that Google previously submitted to the Court for *in camera* review:

| Consolidated privilege log entry | Document already reviewed *in camera* |
|---|---|
| 1027 | Tab 14 |
| 2068 | Tab 16 |
| 2207 | Tab 20 |
| 2638 | Tab 21 |
| 2647 | Tab 12 |
| 2832 | Tab 11 |
| 7194 | Tab 15 |

    **2.   Binders B, Vols. 1 and 2: Documents that are emails sharing a common thread with documents that the Court has already reviewed *in camera*.**

Although not exactly identical to documents that the Court already reviewed *in camera*, the following documents come from the same email chains or "threads" that the Court has already reviewed and found to be privileged.

These documents are listed below by their privilege log entries as cited by Plaintiffs and by the Tab Numbers from the binders of documents that Google previously submitted to the Court for *in camera* review:

| Consolidated privilege log entry | Same email thread already reviewed *in camera* |
|---|---|
| 429 | Tab 15 |
| 430 | Tab 15 |
| 1025 | Tab 14 |
| 1026 | Tab 14 |
| 1665 | Tabs 18 and 19 |
| 2000 | Tab 13 |
| 2001 | Tab 13 |
| 2677 | Tab 15 |
| 2678 | Tab 15 |
| 2687 | Tab 16 |

-3-

| Consolidated privilege log entry | Same email thread already reviewed *in camera* |
|---|---|
| 2688 | Tab 16 |
| 2720 | Tab 8 |
| 2831 | Tab 11 |
| 3125 | Tab 9 |
| 3299 | Tab 11 |
| 7150 | Tab 16 |
| 7195 | Tab 15 |

**3. Binder C: Documents that share a subject line or substantial text with documents this Court has already reviewed *in camera*.**

This binder also contains emails now identified by Plaintiffs that, although not exactly identical to documents that the Court already reviewed *in camera*, share the same subject line or significant internal text content with emails that the Court has already reviewed and found to be privileged.

These documents are listed below by their privilege log entries as cited by Plaintiffs and by the Tab Numbers from the binders of documents that Google previously submitted to the Court for *in camera* review:

| Consolidated privilege log entry | Document with same subject line or content already reviewed *in camera* |
|---|---|
| 207 | Tab 10 |
| 223 | Tab 10 |
| 1173 | Tab 16 |
| 2719 | Tab 8 |
| 7167 | Tab 16 |

**4. Binder D: Documents that include an attorney only in the cc: field.**

This binder contains documents whose privilege log entries do not include an attorney in the to: or from: fields but only in the cc: field.  These documents are reflected in log entries: 509, 533, 540, 702, 884, 1029, 1030, 1042, 1043, 1103, 1464, 1746, 1832, 1963, 2003, 2007, 2118, 2354, 2355, 2410, 2471, 2528, 2645, 2780, 2781, 2808, 2856, 2857, 3105, 3106, 3152, 3155, 3156, 3157, 3231, 3699, 4150, 6269, 6537 and 7080.  Like documents the Court has already

-4-

reviewed in camera (at Tabs 13, 14, 15 and 17), each of these documents in this binder "cc" an attorney in the communication.

  **5.** **Binder E: Documents that refer to the advice of a lawyer, who in turn is identified in the privilege log description.**

  This binder contains documents that do not include an attorney in the to:, from:, or cc: fields, but reference legal advice from a specific attorney in the body of the document (and that attorney is listed in the privilege log description). These documents are reflected in log entries: 554, 555, 679, 683, 684, 686, 687, 688, 1033, 1034, 1172, 1260, 1619, 2014, 2061, 2114, 2234, 2448, 3111, 3112, 4712, 6333, and 7166. Each of the documents is like four of the documents that the Court has already reviewed *in camera* at Tabs 12, 18, 19, and 20, each of which also do not include an attorney in the to:, from, or cc: fields but reference legal advice from an attorney who is listed in the privilege log description.

  **6.** **Binder F: Documents that identify Google's legal department as the source of legal advice.**

  This binder contains documents which do not include an attorney in the to:, from:, or cc: fields but do:  (i) explicitly refer to Google's legal department (e.g., as "Google Legal" or "Legal") in the body of the document as the source of legal advice (and the privilege log identifies the "Google Legal Department" in the description field); (ii) contain a legend on the document asserting the attorney-client privilege; or (iii) reflect explicit legal advice regarding securities or tax issues in the body of the document. These documents are reflected in log entries: 546, 600, 739, 740, 1019, 1032, 1557, 1558, 1733, 1885, 1888, 1994, 1995, 2145, 2178, 2344, 2345, 2346, 2347, 2400, 2779, 2792, 2952, 3109, 3110, 4513, 4558, 4560, 4615, 7079, and 7128. Each of the documents included in this binder shares at least one of these three characteristics listed above with documents that the court has already reviewed *in camera* at Tabs 8, 11, 16 and 21 (which also had "Google Legal Department" listed as the source of legal advice in the corresponding log descriptions, based on the presence of similar content in the document itself).

1    Respectfully submitted,

2    Dated:  March 7, 2013                 MAYER BROWN LLP

3
                                            By:       */s/ Eric B. Evans*
4                                                     Eric B. Evans

5                                           Lee H. Rubin
                                            Edward D. Johnson
6                                           Donald M. Falk
                                            Eric Evans
7                                           Two Palo Alto Square
                                            3000 El Camino Real, Suite 300
8                                           Palo Alto, CA  94306-2112
                                            Telephone:  (650) 331-2057
9                                           Facsimile:   (650) 331-4557

10                                          *Attorneys for Defendant GOOGLE INC.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28