# EXHIBIT 1

KEKER & VAN NEST LLP
JOHN KEKER - # 49092
jkeker@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
LUCASFILM LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:11-cv-2509-LHK<br><br>**DEFENDANTS' STATEMENT OF RECENT DECISION**<br><br>Judge:       Hon. Lucy H. Koh<br><br>Date Consol. Amended Compl. Filed: September 13, 2011<br><br>Trial Date:  November 12, 2013 |

733632.01

1    Pursuant to Local Rule 7-3(d), attached as <u>Exhibit A</u> is a copy of *Wang v. Chinese Daily*

2  *News, Inc.*, Ninth Circuit Case No. 08-55483, published on March 4, 2013.

3

4  Dated:  March 8, 2013                    KEKER & VAN NEST LLP

5                                           By:  */s/ Justina K. Sessions*
                                                  Justina K. Sessions
6
                                            John Keker
7                                           Daniel Purcell
                                            Eugene M. Paige
8                                           Justina K. Sessions
                                            710 Sansome Street
9                                           San Francisco, CA  94111
                                            Telephone:  (415) 391-5400
10                                          Facsimile:   (415) 397-7188

11                                          *Attorneys for Defendant LUCASFILM LTD.*

12 Dated:  March 8, 2013                    O'MELVENY & MYERS LLP

13
                                            By:  */s/ Michael F. Tubach*
14                                                Michael F. Tubach

15                                          George Riley
                                            Michael F. Tubach
16                                          Christina J. Brown
                                            Two Embarcadero Center, 28th Floor
17                                          San Francisco, CA  94111
                                            Telephone:  (415) 984-8700
18                                          Facsimile:   (415) 984-8701

19                                          *Attorneys for Defendant APPLE INC.*

20 Dated:  March 8, 2013                    JONES DAY

21
                                            By:  */s/ David C. Kiernan*
22                                                David C. Kiernan

23                                          Robert A. Mittelstaedt
                                            Craig A. Waldman
24                                          David C. Kiernan
                                            555 California Street, 26th Floor
25                                          San Francisco, CA  94104
                                            Telephone:  (415) 626-3939
26                                          Facsimile:   (415) 875-5700

27                                          *Attorneys for Defendant ADOBE SYSTEMS, INC.*

28

1 Dated:  March 8, 2013   JONES DAY

2

3          By:  */s/ Robert A. Mittelstaedt*
            Robert A. Mittelstaedt

4          Robert A. Mittelstaedt
          Craig E. Stewart

5          555 California Street, 26th Floor
          San Francisco, CA  94104

6          Telephone:  (415) 626-3939
          Facsimile:   (415) 875-5700

7

8          Catherine T. Zeng
          1755 Embarcadero Road
          Palo Alto, CA 94303

9          Telephone:  (650) 739-3939
          Facsimile:   (650) 739-3900

10

11         *Attorneys for Defendant INTUIT INC.*

 Dated:  March 8, 2013   MAYER BROWN LLP

12

13          By:  */s/ Lee H. Rubin*
            Lee H. Rubin

14

15          Lee H. Rubin
          Edward D. Johnson
          Donald M. Falk

16          Two Palo Alto Square
          3000 El Camino Real, Suite 300

17          Palo Alto, CA  94306-2112
          Telephone:  (650) 331-2057

18          Facsimile:   (650) 331-4557

19         *Attorneys for Defendant GOOGLE INC.*

20 Dated:  March 8, 2013   BINGHAM McCUTCHEN LLP

21

22          By:  */s/ Frank M. Hinman*
            Frank M. Hinman

23          Donn P. Pickett
          Frank M. Hinman

24          Three Embarcadero Center
          San Francisco, CA  94111

25          Telephone:  (415) 393-2000
          Facsimile:   (415) 383-2286

26

27         *Attorneys for Defendant INTEL CORPORATION*

28

DEFENDANTS' STATEMENT OF RECENT DECISION
Case No. 3:11-cv-2509-LHK

733632.01

1

Dated:  March 8, 2013                    COVINGTON & BURLING LLP

2

By:  */s/ Emily Johnson Henn*

3
                                        Emily Johnson Henn

4

Robert T. Haslam, III

5
Emily Johnson Henn
333 Twin Dolphin Drive, Suite 700
Redwood City, CA  94065

6
Telephone:  (650) 632-4700

7

*Attorneys for Defendant PIXAR*

8

**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

9

the filing of this document has been obtained from all signatories.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

733632.01

# EXHIBIT A

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYNNE WANG; YU FANG INES KAI; HUI JUNG PAO, on behalf of themselves and all others similarly situated; LIEN YI JUNG; YU FANG KAI; CHANG CHINGFANG; JEFFREY SUN; SHIEH-SHENG WEI; YUN MIN PAO; HUI JUNG LEE; CHENGYANG YAN; SHIANG HUANG; CHIH-MING SHEU; MINH VI-HUYNH; JENNY LIU HUNG, *Plaintiffs-Appellees*, v. CHINESE DAILY NEWS, INC., *Defendant-Appellant*. | No. 08-55483 D.C. No. 2:04-cv-01498-CBM-JWJ OPINION |

| | |
|---|---|
| LYNNE WANG; YU FANG INES KAI; HUI JUNG PAO, on behalf of themselves and all others similarly situated, *Plaintiffs-Appellees*, v. CHINESE DAILY NEWS, INC., *Defendant-Appellant*, and LIEN YI JUNG; YU FANG KAI; CHINGFANG CHANG; SHIEH-SHENG WEI; YUN MIN PAO; HUI JUNG LEE; CHENYANG YAN; SHIANG L. HUANG; CHIH-MING SHEU; MINH VI-HUYNH; JENNY LIU HUNG; JEFFREY SUN, *Plaintiffs*. | No. 08-56740 D.C. No. 2:04-cv-01498-CBM-JWJ |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted
July 31, 2012—San Francisco, California

Filed March 4, 2013

WANG V. CHINESE DAILY NEWS          3

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and Charles R. Breyer, District Judge.[*]

Opinion by Judge W. Fletcher

## SUMMARY[**]

### Labor Law / Class Certification

On remand from the United States Supreme Court, the
panel reversed the district court's certification of a plaintiff
class in an action brought by newspaper employees under the
Fair Labor Standards Act, California's Unfair Business
Practices Law, and the California Labor Code.

In light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.
2541 (2011), the panel reversed the district court's
certification of the state-law claims as a class action under
Fed. R. Civ. P. 23(b)(2). The panel vacated the district
court's finding of commonality under Rule 23(a)(2) and
remanded for reconsideration in light of *Wal-Mart*. The panel
concluded that, as conceded by the plaintiffs, class
certification for their monetary claims under Rule 23(b)(2)
could not stand under *Wal-Mart*. The panel remanded the
case to the district court for reconsideration of the propriety
of class certification under Rule 23(b)(3) on the basis that

[*] The Honorable Charles R. Breyer, District Judge for the U.S. District
Court for Northern California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

common questions of fact or law predominate over questions
affecting only individual class members.

#### COUNSEL

Della Barnett, Berkeley, California; Cordelia Dai and Randy
Renick, Hadsell Stormer Richardson & Renick, LLP,
Pasadena, California, for Appellees.

Michael M. Berger, Benjamin G. Shatz, Yi-Chin Ho, and
Andrew L. Satenberg, Manatt, Phelps & Phillips, Los
Angeles, California, for Appellant.

#### OPINION

W. FLETCHER, Circuit Judge:

Named plaintiffs filed a class action suit against
defendant-appellant Chinese Daily News, Inc. ("CDN"),
alleging violations of the federal Fair Labor Standards Act
("FLSA"), of California's Unfair Business Practices Law, and
of the California Labor Code. The district court certified the
FLSA claim as a collective action and certified the state-law
claims as a class action. After a sixteen-day jury trial and a
three-day bench trial, the district court entered judgment in
favor of plaintiffs. On September 27, 2010, we affirmed the
district court. On October 3, 2011, the United States
Supreme Court vacated and remanded for reconsideration in
light of its decision in *Wal-Mart Stores, Inc. v. Dukes*, 131
S. Ct. 2541 (2011). We now reverse the district court's
certification of the plaintiff class under Federal Rule of Civil

Procedure 23(b)(2), and we remand for the district court to reconsider its analysis under Rules 23(a) and 23(b)(3).

## I. Background

On March 5, 2004, Lynne Wang, Yu Fang Ines Kai, and Hui Jung Pao filed suit against CDN on behalf of current, former, and future CDN employees based in CDN's San Francisco and Monterey Park (Los Angeles) locations, claiming violations of the FLSA, 29 U.S.C. § 206 et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and California's Labor Code.  Plaintiffs alleged that CDN employees were made to work more than eight hours per day and more than forty hours per week. They further alleged that they were wrongfully denied overtime compensation, meal and rest breaks, accurate and itemized wage statements, and penalties for wages due but not promptly paid at termination.  They sought damages, restitution, attorneys' fees, and injunctive relief.

After plaintiffs narrowed the class definition to include only non-exempt employees at the Monterey Park facility, the district court certified the FLSA claim as a collective action. The district court certified the state-law claims as a class action under Rule 23(b)(2).  *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 611 (C.D. Cal. 2005).   In the alternative, the district court held that the class could be certified under Rule 23(b)(3).  *Id.* at 614.

The post-certification litigation proceeded in three stages. First, both sides sought summary judgment on the question whether CDN's reporters were eligible for overtime under the FLSA.  The court granted summary judgment to plaintiffs, holding that CDN's reporters did not fall within the "creative

professional exemption" and were thus eligible for overtime. *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1055 (C.D. Cal. 2006); *see* 29 C.F.R. § 541.302(d). Second, the district court held a sixteen-day jury trial.   The jury returned a special verdict awarding the plaintiff class over $2.5 million in damages.   Third, the court held a bench trial on the remaining issues of injunctive relief, penalties, prejudgment interest, and restitution.   It held that plaintiffs' injuries could be remedied by damages and denied plaintiffs' request for an injunction.

We affirmed. *Wang v. Chinese Daily News*, 623 F.3d 743 (9th Cir. 2010).   The Supreme Court granted certiorari, vacated our opinion, and remanded for reconsideration in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).   The parties submitted post-remand supplemental briefing, and we held oral argument.

## II. Discussion

A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b).   The district court held that Rule 23(a) had been satisfied and certified the class under Rule 23(b)(2).   In the alternative, it held that the class could be certified under Rule 23(b)(3).   *Wang*, 231 F.R.D. at 614.   We reverse the district court's certification under Rule 23(b)(2) in light of *Wal-Mart*. We remand for the district court to reconsider its analysis under Rules 23(a) and 23(b)(3).

### A. Rule 23(a)

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart*, 131 S. Ct. at 2550. The rule requires a party seeking class certification to satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation. *Id.* The rule provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Class certification is proper only if the trial court has concluded, after a "rigorous analysis," that Rule 23(a) has been satisfied. *Wal-Mart*, 131 S. Ct. at 2551 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). CDN challenges the district court's finding that the commonality requirement of Rule

23(a)(2) was satisfied.  CDN does not challenge other Rule
23(a) findings of the district court.

Plaintiffs argue that CDN has waived its right to
challenge the district court's commonality finding because its
opening brief, filed before the Supreme Court's decision in
*Wal-Mart*, discussed the existence of common questions only
in arguing against Rule 23(b)(3) certification.  CDN did not
argue the issue of commonality in its discussion of Rule
23(a).  "Generally, an issue is waived when the appellant does
not specifically and distinctly argue the issue in his or her
opening brief." *United States v. Brooks*, 610 F.3d 1186, 1202
(9th Cir. 2010) (internal quotation marks omitted).  However,
we may consider new arguments on appeal if the issue arises
because of an intervening change in law.  *See Randle v.
Crawford*, 604 F.3d 1047, 1056 (9th Cir. 2010).  We conclude
that the Court's decision in *Wal-Mart* presents a sufficiently
significant legal development to excuse any failure of CDN
to discuss the commonality requirement of Rule 23(a)(2) in
its opening brief.  Further, any potential prejudice to plaintiffs
is cured by the fact that both parties were able to address the
commonality issue under Rule 23(a)(2) in their supplemental
briefs submitted after the Supreme Court's remand.

The district court held that the commonality requirement
was satisfied because of numerous common questions of law
and fact arising from CDN's "alleged pattern of violating
state labor standards." 231 F.R.D. at 607.  However, as the
Supreme Court noted in *Wal-Mart*, "any competently crafted
class complaint literally raises common questions." *Wang*,
131 S. Ct. at 2551 (alteration and internal quotation marks
omitted).  "What matters to class certification is not the
raising of common questions — even in droves — but, rather
the capacity of a classwide proceeding to generate common

*answers* apt to drive the resolution of the litigation." *Id.*
(alteration and internal quotation marks omitted).
Dissimilarities within the proposed class may "impede the
generation of common answers." *Id.* "If there is no evidence
that the entire class was subject to the same allegedly
discriminatory practice, there is no question common to the
class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983
(9th Cir. 2011).

*Wal-Mart* was "one of the most expansive class actions
ever." *Wal-Mart*, 131 S. Ct. at 2547.  The class was a
nationwide class of approximately 1.5 million current and
former female Wal-Mart employees alleging "that the
discretion exercised by their local supervisors over pay and
promotion matters violate[d] Title VII by discriminating
against women." *Id.*  The Supreme Court noted that the
plaintiffs in *Wal-Mart* "wish[ed] to sue about literally
millions of employment decisions at once." *Id.* at 2552.  In
order to show that examination of the class claims would
"produce a common answer to the crucial question" of why
each employee was disfavored, the plaintiffs needed to
present "significant proof" that Wal-Mart "operated under a
general policy of discrimination." *Id.* at 2552-53 (internal
quotation marks omitted).  Wal-Mart's publicly announced
policy forbade discrimination.  In the view of the Court, the
only countervailing evidence of a general policy of
discrimination offered by plaintiffs was "worlds away from
significant proof." *Id.* at 2554 (internal quotation marks
omitted).

*Wal-Mart* reiterated that the "rigorous analysis" under
Rule 23(a) "sometimes [requires] the court to probe behind
the pleadings before coming to rest on the certification
question." *Id.* at 2551 (quoting *Falcon*, 457 U.S. at 160,

161).  As we explained in *Ellis*, 657 F.3d at 981, "the merits
of the class members' substantive claims are often highly
relevant when determining whether to certify a class," and "a
district court *must* consider the merits" if they overlap with
Rule 23(a)'s requirements.  "[T]he district court was required
to resolve any factual disputes necessary to determine
whether there was a common pattern and practice that could
affect the class *as a whole*."  *Id.* at 983.

*Wal-Mart* is factually distinguishable from our case.
Most important, the class here is much smaller.    It
encompasses only about 200 employees, all of whom work or
worked at the same CDN office.  Plaintiffs' claims do not
depend upon establishing commonalities among 1.5 million
employees and millions of discretionary employment
decisions.    Nonetheless, there are potentially significant
differences among the class members.

We vacate the district court's Rule 23(a)(2) commonality
finding and remand for reconsideration in light of *Wal-Mart*.
On remand, the district court must determine whether the
claims of the proposed class "depend upon a common
contention . . . of such a nature that it is capable of classwide
resolution — which means that determination of its truth or
falsity will resolve an issue that is central to the validity of
each one of the claims in one stroke."  *Wal-Mart*, 131 S. Ct.
at 2551.  Plaintiffs must show "significant proof that [CDN]
operated under a general policy of [violating California labor
laws]."  *Ellis*, 657 F.3d at 983 (quoting *Wal-Mart*, 131 S. Ct.
at 2553 (alteration omitted)).  However, plaintiffs need not
show that every question in the case, or even a preponderance
of questions, is capable of classwide resolution.  So long as
there is "even a single common question," a would-be class
can satisfy the commonality requirement of Rule 23(a)(2).

*Wal-Mart*, 131 S. Ct. at 2556 (alteration and internal quotation marks omitted).

## B. Rule 23(b)(2)

In our earlier opinion, we affirmed the district court's certification under Rule 23(b)(2).  Relying upon our en banc decision in *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010) (en banc), we held that the class certification under Rule 23(b)(2) was proper because the class's claims for monetary relief did not predominate over its claims for injunctive relief.  *Wang*, 623 F.3d at 755.  After we issued our decision in this case, however, the Supreme Court reversed our en banc decision.  In reversing, the Court made clear that "individualized monetary claims belong in Rule 23(b)(3)" rather than Rule 23(b)(2).  *Wal-Mart*, 131 S. Ct. at 2558.  The Court left open the possibility that "incidental" monetary claims could be brought in a Rule 23(b)(2) class action, but it declined to decide that question.  *Id.* at 2560–61.

Plaintiffs concede that class certification for their monetary claims under Rule 23(b)(2) cannot stand in light of *Wal-Mart*.  *See Wal-Mart*, 131 S. Ct. at 2559–60.  Further, it appears that none of the named plaintiffs has standing to pursue injunctive relief on behalf of the class, as none of them is a current CDN employee.  *See Wang*, 623 F.3d at 756.  We therefore reverse the district court's class certification under Rule 23(b)(2).

## C. Rule 23(b)(3)

In our earlier opinion, we declined to consider whether the district court's alternative ruling certifying the class under

Rule 23(b)(3) was proper.  Rule 23(b)(3) provides that class certification is permissible if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  The predominance analysis under Rule 23(b)(3) focuses on "the relationship between the common and individual issues" in the case and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citation and internal quotation marks omitted).

For two reasons, we remand to the district court for
reconsideration of the propriety of class certification under
Rule 23(b)(3).   First, the district court's conclusion that
common questions predominate in this case rested on the fact,
considered largely in isolation, that plaintiffs are challenging
CDN's uniform policy of classifying all reporters and account
executives as exempt employees. *See Wang*, 231 F.R.D. at
612–13.  In two recent decisions, we criticized the nature of
the district court's Rule 23(b)(3) predominance inquiry in this
case. *See In re Wells Fargo Home Mortg. Overtime Pay
Litig.*, 571 F.3d 953, 958–59 (9th Cir. 2009); *Vinole v.
Countrywide Home Loans, Inc.*, 571 F.3d 935, 944–48 & n.14
(9th Cir. 2009).   We observed that the district court in this
case "essentially create[d] a presumption that class
certification is proper when an employer's internal exemption
policies are applied uniformly to the employees." *In re Wells
Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d at 958.
We wrote that such a presumption "disregards the existence
of other potential individual issues that may make class
treatment difficult if not impossible." *Id.*  The main concern
of the predominance inquiry under Rule 23(b)(3) is "the
balance between individual and common issues." *Id.* at 959.
"[A] district court abuses its discretion in relying on an
internal uniform exemption policy to the near exclusion of
other factors relevant to the predominance inquiry." *Vinole*,
571 F.3d at 946.

Second, the California Supreme Court has recently
clarified California law concerning an employer's duty to
provide meal breaks. In *Brinker Rest. Corp. v. Superior
Court*, 273 P.3d 513, 535 (Cal. 2012), the court held that an
employer is obligated to "relieve its employee of all duty for
an uninterrupted 30-minute period" in order to satisfy its
meal-break obligations, but that the employer need not

actually ensure that its employees take meal breaks. If an employee works through a meal break, the employer is liable only for straight pay, and then only when it "knew or reasonably should have known that the worker was working through the authorized meal period." *Id.* at 536 n.19 (internal quotation marks omitted).

> On the other hand, an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks. . . . The wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forego, or otherwise encouraging the skipping of legally protected breaks.

*Id.* at 536.

We vacate the district court's Rule 23(b)(3) certification and remand to permit the court to reconsider its analysis in light of *Wal-Mart*, in light of *Wells Fargo* and *Vinole*, and in light of *Brinker*. Rule 23 provides district courts with broad authority at various stages in the litigation to revisit class certification determinations and to redefine or decertify classes as appropriate. *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005). The district court should consult the entire record of this case in the exercise of that authority.

### D. Damages

In *Wal-Mart*, the Supreme Court disapproved what it called "Trial by Formula," wherein damages are determined for a sample set of class members and then applied by extrapolation to the rest of the class "without further individualized proceedings." *Wal-Mart*, 131 S. Ct. at 2561. Employers are "entitled to individualized determinations of each employee's eligibility" for monetary relief. *Id.* at 2560. Employers are also entitled to litigate any individual affirmative defenses they may have to class members' claims. *Id.* at 2561. If the district court again certifies a class under Rule 23(b)(3), it should calculate damages in light of the Supreme Court's admonitions in *Wal-Mart*.

### CONCLUSION

We reverse the district court's certification of a class under Rule 23(b)(2). We vacate the district court's findings of commonality under Rule 23(a) and predominance under Rule 23(b)(3) and remand for reconsideration.

**REVERSED in part, VACATED in part, and REMANDED**.