MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:   (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL, PURSUANT TO CIVIL LOCAL RULE 79-5(d), EXHIBIT A TO THE MARCH 1, 2013 JOINT DISCOVERY STATUS REPORT** |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendant Google Inc. ("Google") hereby responds in support of Plaintiffs' Administrative Motion to Seal, Pursuant to Civil Local Rule 79-5(d), Exhibit A to the March 1, 2013 Joint Discovery Status Report (Dkt. 335). In accordance with the Motion to Seal and as set forth below, Google seeks to seal select portions of Exhibit A to the March 1, 2013 Joint Discovery Status Report, which contain transcript excerpts from the deposition of Shona Brown on January 30, 2013 (proposed redacted version with highlighting of of proposed redactions efiled under seal as as Exhibit 1 and proposed redacted version filed as Exhibit 2 hereto).

This information has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Google is filing the accompanying Declaration of Eric B. Evans in support of Google's sealing request.

**I.   LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

**II.   GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL INFORMATION**

Portions of Exhibit A to the March 1, 2013 Joint Discovery Status Report reflect confidential and highly sensitive excerpts of deposition transcripts that contain discussions

concerning (1) the development and implementation of Google's recruiting strategies and policies; (2) discussions about competitors' recruiting strategies; (3) identification of candidates for employment; (4) Google's competitively sensitive relations with its business partners or (5) features of Google's compensation programs. . Decl. of Eric Evans ¶ 2.  Similar competitively sensitive business information has already been ordered to be placed under seal pursuant to the Court's January 15, 2013 Order Granting in Part and Denying in Part Motions to Seal (Dkt. 273). *Id*.

Compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").  Good cause exists to seal "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses." *Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011); *see also* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Network Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order portions of Exhibit A to the March 1, 2013 Joint Discovery Status Report to be placed under seal. In accordance with Civil Local Rule 79-5(d), a proposed sealing order granting the Administrative Motion to Seal will be lodged with the Clerk in hard copy and served on counsel for Plaintiffs. Pursuant to this Court's January 11, 2013 Order, a copy of Exhibit A to the March 1, 2013 Joint Discovery Status Report with the proposed redactions highlighted in yellow is attached as Exhibit 1 to this motion. In accordance with Civil Local Rule 79-5(c), Google's proposed redacted version of Exhibit A to the March 1, 2013 Joint Discovery Status Report will be lodged with the Clerk in hard copy within a sealed envelope and will be served on counsel for Plaintiffs.

Dated:  March 8, 2013               MAYER BROWN LLP

                                    By:      */s/ Eric Evans*
                                                Eric Evans

                                    Lee H. Rubin
                                    Edward D. Johnson
                                    Donald M. Falk
                                    Eric Evans
                                    Two Palo Alto Square
                                    3000 El Camino Real, Suite 300
                                    Palo Alto, CA  94306-2112
                                    Telephone:  (650) 331-2057
                                    Facsimile:   (650) 331-4557

                                    *Attorneys for Defendant Google Inc.*