EXHIBIT 2

MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:     (650) 331-2000
Facsimile:     (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | **Master Docket No. 11-CV-2509-LHK** |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF WILLIAM CAMPBELL IN SUPPORT OF DEFENDANT GOOGLE'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL** |
| ALL ACTIONS | |

I, William Campbell, declare as follows:

1.      I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

2.      Beginning January 1, 2002, I was engaged by Google to work as a consultant for Google.   Attached hereto as EXHIBIT A is a true and accurate copy of my Consulting Agreement with Google, signed by me.  As described in Exhibit A to my Consulting Agreement with Google, my role as a consultant to Google included serving as an "advisor to Google's management and Board of Directors with respect to Google's corporate and business strategy" and advising Google "on issues relating to [Google's] organizational development and internal business processes."

3.      In May 2007, I became employed by Google as a "Part-Time Google Advisor." Attached hereto as EXHIBIT B is a true and accurate copy of my Employment Agreement with Google, signed by me.  I remain employed by Google as a Part-Time Google Advisor.  As a Google employee I have provided and continue to provide advice and assistance on a wide range of issues, including corporate and business strategy and organizational and business processes, just as I did when I worked as a consultant for Google.

4.      As reflected in my Consulting Agreement and Employment Agreement, at all times while serving as a consultant and an employee for Google, I have understood that I have an ongoing duty to Google to closely guard all "Confidential Information" obtained during the course of my work for Google, as specifically set forth in both of my agreements with Google (see Section II of my Consulting Agreement and page 1 of my Employment Agreement). Pursuant to both Agreements, I was and remain strictly prohibited from disclosing Google "Confidential Information" to third parties.  I have understood "Confidential Information" to include communications between Google employees, management or Board of Directors, on the one hand, and Google in-house attorneys, on the other hand, that seeks or provides legal advice related to Google's business.

5.      During the time I have served as a consultant to and an employee of Google, I have also served as Chairman of the Board of Directors of Intuit, Inc.  I have used my intuit.com

1   email address ████████████████ to communicate with Google's management, Board of

2   Directors and in-house attorneys regarding Confidential Information, including communications

3   seeking or securing legal advice from Google's in-house attorneys.

4          6.      During my entire tenure at Google as a consultant and an employee, I have

5   closely guarded Google Confidential Information I have received, including communications

6   with Google management and in-house attorneys sent from or to my "intuit.com." email address.

7   //

8          I declare under penalty of perjury under the laws of the United States of America that the

9   foregoing is true and correct. Executed on January 25, 2013 in Mountain View,

10  California.

11

12                                          _____

13                                          William Campbell

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# GOOGLE INC.

## CONSULTING AGREEMENT

This Consulting Agreement ("Agreement") by and between Google Inc. ("Google"), and William Campbell ("Consultant") reflects and memorializes the parties' understanding and practice with respect to Google's engagement of Consultant to perform consulting services for Google and Consultant's performance of such services, on terms set forth more fully below. This Agreement is effective as of January 1, 2002. In consideration of the mutual promises contained herein, the parties agree as follows:

I.             **SERVICES AND COMPENSATION**

(a)     Consultant agrees to perform for Google the services ("Services") described in Exhibit A, attached hereto.

(b)     ███████████████████████

II.            **CONFIDENTIALITY**

(a).     <u>Definition</u>. "Confidential Information" means any Google proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customers, customer lists, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed by Google either directly or indirectly in writing, orally or by drawings or inspection of parts or equipment.

(b)     <u>Non-Use and Non-Disclosure</u>. Consultant will not, during or subsequent to the term of this Agreement, use Google's Confidential Information for any purpose whatsoever other than the performance of the Services on behalf of Google or disclose Google's Confidential Information to any third party. It is understood that said Confidential Information shall remain the sole property of Google. Consultant further agrees to take all reasonable precautions to prevent any unauthorized disclosure of such Confidential Information. Confidential Information does not include information which is known to Consultant at the time of disclosure to Consultant by Google as evidenced by written records of Consultant, has become publicly known and made generally available through no wrongful act of Consultant, or has been rightfully received by Consultant from a third party who is authorized to make such disclosure.

(c)     <u>Former and Concurrent Employer's Confidential Information</u>. Consultant agrees that Consultant will not, during the term of this Agreement, improperly use or disclose any proprietary information or trade secrets of any former or current employer or other person, company, board or entity with which Consultant has an agreement or duty to keep in confidence information acquired by Consultant, if any, and that Consultant will not bring onto the premises of Google any unpublished document or proprietary information belonging to such employer, person, company, board or entity unless consented to in writing by such employer, person, company, board or entity.

2

(d)    Third Party Confidential Information.  Consultant recognizes that Google has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on Google's part to maintain the confidentiality of such information and to use it only for certain limited purposes. Consultant will hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out the Services for Google consistent with Google's agreement with such third party.

### III.          CONFLICTING OBLIGATIONS

Consultant certifies that Consultant has no outstanding agreement or obligation that is in conflict with any of the provisions of this Agreement, or that would preclude Consultant from complying with the provisions hereof, and further certifies that Consultant will not enter into any such conflicting agreement during the term of this Agreement. Consultant warrants that he will not undertake any professional agreement or obligation that would interfere with Consultant giving his best efforts toward providing Services under this Agreement.   Google is aware that Consultant provides advice from time to time to other companies and that he is the Chairman of the Board of Directors of Intuit Inc. as well as a member of the board of other companies.

### IV.          TERM AND TERMINATION

(a)     Term.   This Agreement is effective as of January 1, 2002 and will continue unless terminated earlier pursuant to Paragraph V(b) of this Agreement (the "Termination Date").

(b)     Termination. This Agreement may be terminated by either Google or the Consultant at any time by giving two (2) weeks' written notice of termination, except where Consultant is offered employment by Google. Any notice of termination shall be addressed to Google or to Consultant, as appropriate, at the address shown below or such other address as either party may notify the other of and shall be deemed given upon delivery if personally delivered, e-mailed or forty-eight (48) hours after deposited in the United States mail, postage prepaid, registered or certified mail, return receipt requested.   Where Consultant is offered employment, this Agreement shall be terminated upon acceptance of that offer.

(c)     Survival.  Upon such termination all rights and duties of the parties toward each other shall cease except: (1) ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ███████████████████████████; and (2) Sections 2 (Confidentiality), and 3 (Ownership) shall survive termination of this Agreement.

### V.          ARBITRATION AND EQUITABLE RELIEF

(a)     Disputes. Except as provided in Section 9(c) below, Google and Consultant agree that any dispute or controversy arising out of, relating to or in connection with the interpretation, validity, construction, performance, breach or termination of this Agreement shall be settled by binding arbitration to be held in San Mateo County, California in accordance with the Employment Arbitration Rules of the American Arbitration Association as then in effect (the "Rules"). The

3

arbitrator may grant injunctions or other relief in such dispute or controversy. The arbitrator shall have the authority to award costs and attorneys' fees in accordance with governing law in the arbitrator's discretion. The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court of competent jurisdiction.

(b)     Consent to Personal Jurisdiction.  The arbitrator(s) shall apply California law to the merits of any dispute or claim, without reference to conflicts of law rules. Consultant hereby consents to the personal jurisdiction of the state and federal courts located in California for any action or proceeding arising from or relating to this Agreement or relating to any arbitration in which the parties are participants.

(c)     Equitable Relief.  The parties may apply to any court of competent jurisdiction for a temporary restraining order, preliminary injunction, or other interim or conservatory relief, as necessary, without breach of this arbitration agreement and without abridgment of the powers of the arbitrator.

(d)     Acknowledgment.  CONSULTANT HAS READ AND UNDERSTANDS SECTION 9, WHICH DISCUSSES ARBITRATION. CONSULTANT UNDERSTANDS THAT BY SIGNING THIS AGREEMENT, CONSULTANT AGREES TO SUBMIT ANY CLAIMS ARISING OUT OF, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT, OR THE INTERPRETATION, VALIDITY, CONSTRUCTION, PERFORMANCE, BREACH OR TERMINATION THEREOF, TO BINDING ARBITRATION, EXCEPT AS PROVIDED IN SECTION 9 (d), AND THAT THIS ARBITRATION CLAUSE CONSTITUTES A WAIVER OF CONSULTANT'S RIGHT TO A JURY TRIAL AND RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO ALL ASPECTS OF THE RELATIONSHIP BETWEEN THE PARTIES.

VI.        **GOVERNING LAW**

This Agreement shall be governed by the internal substantive laws, but not the choice of law rules, of the State of California.

VII.       **ENTIRE AGREEMENT**

This Agreement is the entire agreement of the parties and supersedes any prior agreements between them, whether written or oral, with respect to the subject matter hereof. No waiver, alteration, or modification of any of the provisions of this Agreement shall be binding unless in writing and signed by duly authorized representatives of the parties hereto.

VIII.      **SEVERABILITY**

The invalidity or unenforceability of any provision of this Agreement, or any terms thereof, shall not affect the validity of this Agreement as a whole, which shall at all times remain in full force and effect.

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

**William Campbell**

By: _[signature]_

Title: _Consultant_

Address: ███████████

SSN.: ███████████

**GOOGLE INC.**

By: _____

Title: _____

Address: _____

5

## EXHIBIT A

## SERVICES AND COMPENSATION

Contact

Name:      William Campbell
Title:       Management Consultant

1.  Services:  Consultant will act as an advisor to Google's management and Board of Directors
    with respect to Google's corporate and business strategy.  Consultant will also advise
    Google on issues relating to its organizational development and internal business processes.

2.  ███████████████████████████████████████████████████
    ███████████████████████████████████████████████████
    ███████████████████████████████████

3.  Hours:  Consultant will work no more than 8 hours/day in a one week period. The parties
    understand and agree that Consultant will have the sole discretion to determine the method,
    means, and location of performing Services, and that Google has no right to, and will not,
    control or determine the method, means or place of the performance of the Services.

Agreed as of April _____, 2007

Google, Inc.                                       William Campbell

By: _____                       By: _____

Title: _____

6

**EXHIBIT B**

7

8



9

# EXHIBIT B

4240

May __, 2007

Bill Campbell

Dear Bill:

On behalf of Google Inc., I am pleased to offer you the exempt position of Part-Time Google Advisor. █████████████████████████████████

You are being offered employment at Google based on your personal skills and experience, and not due to your knowledge of any confidential, proprietary or trade secret information of a prior or current employer. Should you accept this offer, we do not want you to make use of or disclose any such information or to retain or disclose any materials from a prior or current employer. Likewise, as an employee of Google, it is likely that you will become knowledgeable about confidential, trade secret and/or proprietary information related to the operations, products and services of Google and its clients. To protect the interests of both Google and its clients, all employees are required to read and sign the enclosed At-Will Employment, Confidential Information and Arbitration Agreement as a condition of employment with Google.

Google has a strict policy against insider trading, which prohibits, among other things, employees, contractors and temporary workers from trading Google stock during certain time periods and engaging in any derivative transactions in Google stock. It will be your responsibility to educate yourself regarding Google's insider trading policies and to ensure you are in full compliance. If you have any questions about Google's policy against insider trading, please contact Human Resources.

Please understand that this letter does not constitute a contract of employment for any specific period of time, but will create an "employment at-will" relationship. This means that the employment relationship may be terminated with or without cause and with or without notice at any time by you or Google. No individual other than the President of Google has the authority to enter into any agreement for employment for a

specified period of time or to make any agreement or representation contrary to Google's policy of employment at-will. Any such agreement or representation must be in writing and must be signed by you and the President. Your signature at the end of this letter confirms that no promises or agreements that are contrary to our at-will relationship have been committed to you during any of your pre-employment discussions with Google, and that this letter, along with the Confidential Information and Arbitration Agreement, contain our complete agreement regarding the terms and conditions of your employment.

To indicate your acceptance of Google's offer, please sign and date the enclosed original and return it to us in the envelope provided. A duplicate original is enclosed for your records.

Sincerely,

Eric Schmidt
Chief Executive Officer
Google Inc.

I accept this offer of employment with Google and agree to the terms and conditions outlined in this letter.

William Campbell                                5/24/07
                                                Date

# GOOGLE INC.

## AT-WILL EMPLOYMENT, CONFIDENTIAL INFORMATION AND ARBITRATION AGREEMENT

As a condition of my employment with Google Inc., its subsidiaries, affiliates, successors or assigns (together "Google"), and in consideration of my employment with Google and my receipt of the compensation now and hereafter paid to me by Google, I agree to the following:

1. **At Will Employment.** I UNDERSTAND AND ACKNOWLEDGE THAT MY EMPLOYMENT WITH GOOGLE IS FOR AN UNSPECIFIED DURATION AND CONSTITUTES "AT-WILL" EMPLOYMENT. I ALSO UNDERSTAND THAT ANY REPRESENTATION TO THE CONTRARY IS UNAUTHORIZED AND NOT VALID UNLESS OBTAINED IN WRITING AND SIGNED BY THE PRESIDENT OF GOOGLE. I ACKNOWLEDGE THAT THIS EMPLOYMENT RELATIONSHIP MAY BE TERMINATED AT ANY TIME, WITH OR WITHOUT GOOD CAUSE OR FOR ANY OR NO CAUSE, AT THE OPTION EITHER OF GOOGLE OR MYSELF, WITH OR WITHOUT NOTICE.

2. **Confidential Information**

(a) *Google Information.* I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the benefit of Google, or to disclose to any person, firm or corporation without written authorization of the Board of Directors of Google, any Confidential Information of Google, except under a non-disclosure agreement duly authorized and executed by Google. I understand that "Confidential Information" means any Google proprietary non-public information that relates to the actual or anticipated business or research and development of Google, technical data, trade secrets or know-how, including, but not limited to, research, product plans, or other information regarding Google's products or services and markets, therefore, customer lists and customers (including, but not limited to, customers of Google on whom I called or with whom I became acquainted during the term of my employment), software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information. I further understand that Confidential Information does not include any of the foregoing items which have become publicly known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the item or items involved or improvements or new versions thereof.

(b) *Former/Concurrent Employer Information.* I agree that I will not, during my employment with Google, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person, company, board or entity for whom I provide advice, counseling or other services, and that I will not bring onto the premises of Google any unpublished document or proprietary information belonging to any such employer, person, company, board or entity unless consented to in writing by such employer, person, company, board or entity.

(c) *Third Party Information.* I recognize that Google has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on Google's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for Google consistent with Google's agreement with such third party.

(d) *User Data.* User Data consists of information directly or indirectly collected by Google from users of its services. User Data includes individual log files related to any user session or use of Google services or log

files in the aggregate. User Data also includes personally identifiable information, which is information that can be directly associated with a specific person or entity such as a name, address, telephone number, e-mail address, or information about activities that can be directly linked to a user such as an IP address or cookie information. Employee agrees to treat User Data as Confidential Information under this Agreement and to access, use and disclose User Data only as authorized by and in accordance with this Agreement and Google policies.

3.  **Conflicting Employment.** I agree that, during the term of my employment with Google, I will not engage in any other employment, occupation, or consulting directly related to the business in which Google is now involved or becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to Google. Google is aware that I provide advice from time to time for other companies and that I currently serve as the Chairman of the Board of Intuit Inc., as well as serving as a member of the boards of other companies.

4.  **Returning Google Documents.** I agree that, at the time of leaving the employ of Google, I will deliver to Google (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with Google or otherwise belonging to Google, its successors or assigns including, without limitation, those records maintained pursuant to **paragraph 3.D.**

5.  **Representations.** I agree to execute any proper oath or affirmation or verify any proper document required to carry out the terms of this Agreement. I represent that my performance of all terms of the Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by Google. I hereby represent and warrant that I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

6.  **Benefits.** It is anticipated by the parties to this Agreement that I will work less than 20 hours a week. Nonetheless, I agree to execute a Waiver of Benefits, attached hereto as Exhibit A.

7.  **Arbitration and Equitable Relief**

(a) *Arbitration.* In consideration of my employment with Google, its promise to arbitrate all employment-related disputes and my receipt of the compensation, pay raises and other benefits paid to me by Google, at present and in the future, I agree that any and all controversies, claims, or disputes with anyone (including Google and any employee, officer, director, shareholder or benefit plan of Google in their capacity as such or otherwise) arising out of, relating to, or resulting from my employment with Google or the termination of my employment with Google, including any breach of this agreement, shall be subject to binding arbitration under the arbitration rules set forth in California Code of Civil Procedure Section 1280 through 1294.2, including Section 1283.05 (the "rules") and pursuant to California law. Disputes which I agree to arbitrate, and thereby agree to waive any right to a trial by jury, include any statutory claims under state or federal law, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the California Fair Employment and Housing Act, the California Labor Code, claims of harassment, discrimination or wrongful termination and any statutory claims. I further understand that this agreement to arbitrate also applies to any disputes that Google may have with me.

(b) *Procedure.* I agree that any arbitration will be administered by the American Arbitration Association ("AAA") and that the neutral arbitrator will be selected in a manner consistent with its national rules for the resolution of employment disputes. I agree that the arbitrator shall have the power to decide any motions brought by any party to the arbitration, including motions for summary judgment and/or adjudication and motions to dismiss and demurrers, prior to any arbitration hearing. I also agree that the arbitrator shall have the power to award any remedies, including attorneys' fees and costs, available under applicable law. I understand Google will pay for any administrative or hearing fees charged by the arbitrator or AAA except that I shall pay the first $125.00 of any filing fees associated with any arbitration I initiate. I agree that the arbitrator shall administer and conduct any arbitration in a manner consistent with the rules and that to the extent that the AAA's national rules

for the resolution of employment disputes conflict with the rules, the rules shall take precedence. I agree that the decision of the arbitrator shall be in writing.

(c) *Remedy.* Except as provided by the rules and this agreement, arbitration shall be the sole, exclusive and final remedy for any dispute between me and Google. Accordingly, except as provided for by the rules and this agreement, neither I nor Google will be permitted to pursue court action regarding claims that are subject to arbitration. Notwithstanding, the arbitrator will not have the authority to disregard or refuse to enforce any lawful Google policy, and the arbitrator shall not order or require Google to adopt a policy not otherwise required by law which Google has not adopted. Nothing in this provision or Agreement precludes Google from referring a violation of the law to appropriate legal authorities.

(d) *Availability of Injunctive Relief.* Both parties agree that any party may petition a court for injunctive relief as permitted by the rules including, but not limited to, where either party alleges or claims a violation of the At-Will Employment, Confidential Information and Arbitration Agreement between me and Google or any other agreement regarding trade secrets, confidential information, nonsolicitation or Labor Code §2870. Both parties understand that any breach or threatened breach of such an agreement will cause irreparable injury and that money damages will not provide an adequate remedy therefore and both parties hereby consent to the issuance of an injunction. In the event either party seeks injunctive relief, the prevailing party shall be entitled to recover reasonable costs and attorneys fees.

(e) *Administrative Relief.* I understand that this agreement does not prohibit me from pursuing an administrative claim with a local, state or federal administrative body such as the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission or the Workers' Compensation Board. This agreement does, however, preclude me from pursuing court action regarding any such claim.

(f) *Voluntary Nature of Agreement.* I acknowledge and agree that I am executing this agreement voluntarily and without any duress or undue influence by Google or anyone else. I further acknowledge and agree that I have carefully read this agreement and that I have asked any questions needed for me to understand the terms, consequences and binding effect of this agreement and fully understand it, including that *I AM WAIVING MY RIGHT TO A JURY TRIAL.* Finally, I agree that I have been provided an opportunity to seek the advice of an attorney of my choice before signing this agreement.

8.   **General Provisions**

(a) *Governing law; Consent to Personal Jurisdiction.* This Agreement will be governed by the laws of the State of California. I hereby expressly consent to the personal jurisdiction of the state and federal courts located in California for any lawsuit filed there against me by Google arising from or relating to this Agreement.

(b) *Entire Agreement.* This Agreement constitutes the entire agreement between us and supersedes in all respects all prior or contemporaneous proposals, negotiations, conversations, discussions, addenda to this Agreement, including without limitation any Email Access Addendum to this Agreement or Log Access Agreement. This Agreement may be amended in writing and will become effective when signed by you and an authorized Google representative. Any subsequent change in my duties, salary, or compensation will not affect the validity, scope or enforceability of this Agreement.

(c) *Severability.* If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

(d) *Successors and Assigns*.  This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of Google, its successors, and its assigns.

Date: ___5/24/07___

_____
Signature

_____
William Campbell

Witness:

_____
Signature

_____
Name (typed or printed)

Page 4 of 5

**EXHIBIT A**

███████████

██████████████████████████████████████
██████████████████████████████████████
███████████████████████

Date: _5/24/07_

_[signature]_
Signature

William Campbell, Consultant