1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@jonesday.com
2  Craig A. Waldman (State Bar No. 229943)
   cwaldman@jonesday.com
3  David C. Kiernan (State Bar No. 215335)
   dkiernan@jonesday.com
4  Lin W. Kahn (State Bar No. 261387)
   linkahn@jonesday.com
5  Peter A. Julian (State Bar No. 277673)
   pjulian@jonesday.com
6  JONES DAY
   555 California Street, 26th Floor
7  San Francisco, CA 94104
   Telephone: (415) 626-3939
8  Facsimile: (415) 875-5700

9  Attorneys for Defendant
   Adobe Systems Inc.
10

11 [Additional counsel listed on signature page]

12                 UNITED STATES DISTRICT COURT

13           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

15 | IN RE: HIGH-TECH EMPLOYEE | Master Docket No. 11-CV-2509-LHK |
16 | ANTITRUST LITIGATION | |
   | | **STIPULATION AND [PROPOSED]** |
17 | THIS DOCUMENT RELATES TO: | **ORDER REGARDING DOCUMENT** |
   | | **ADMISSIBILITY AND** |
18 | ALL ACTIONS | **AUTHENTICATION** |

Stipulation and [Proposed] Order Regarding
Document Admissibility and Authentication
Master Docket No. 11-CV-2509-LHK

The individual and representative plaintiffs Siddharth Hariharan, Brandon Marshall, Michael Devine, Mark Fichtner, and Daniel Stover ("Plaintiffs") and defendants Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., and Pixar ("Defendants"), by and through the undersigned counsel, hereby enter into this Stipulation, subject to court approval, with reference to the following facts:

WHEREAS, the parties have collectively produced in excess of 340,000 documents in this case, amounting to more than 1,825,000 pages;

WHEREAS, on February 27, 2013, Plaintiffs served on each Defendant Requests for Admissions and the Third Set of Interrogatories regarding the authenticity and admissibility of documents produced in this case;

WHEREAS, on March 12, 2013, Plaintiffs served on Defendants deposition notices pursuant to Federal Rule of Civil Procedure 30(b)(6), seeking testimony related to, among other things, the authenticity and admissibility of documents produced in this case;

WHEREAS, the fact discovery cutoff is March 29, 2013;

ACCORDINGLY, IT IS HEREBY STIPULATED, SUBJECT TO COURT APPROVAL, that:

1. Plaintiffs withdraw the 30(b)(6) deposition notices served March 12, 2013.

2. Plaintiffs withdraw the February 27, 2013 Requests for Admissions and Third Set of Interrogatories.

3. Except as provided herein, all documents produced by Plaintiffs or Defendants in this case bearing a bates number are authentic true and correct copies of documents within the possession, custody or control of the producing party, and the metadata and email header information produced by Plaintiffs or Defendants accurately reflects the senders, recipients and/or custodians of email and other documents.

4. Plaintiffs and Defendants reserve the right to challenge the authenticity of specific documents and their associated metadata after another party identifies them for use in this case. If a party challenges the authenticity of a document, the producing party will permit appropriate discovery on the limited issue of authenticity of that specific document, without regard to the fact

1  discovery cutoff date.

2      5.    Plaintiffs and Defendants will provide a list of documents that they request the parties stipulate are business records pursuant to Federal Rule of Evidence 803(6). For any such documents that any party declines to so stipulate, the producing party will permit appropriate discovery on the limited issue of whether that specific document meets the business record requirements of Rule 803(6), without regard to the discovery cutoff date.

    6.    The parties will agree to a schedule for the timing of the Plaintiffs' and Defendants' identification of documents they intend to use and documents they request producing parties stipulate are business records, the producing parties' response, and any related discovery.

    7.    Documents whose authenticity and business records status has been established pursuant to this stipulation can be introduced into evidence without calling at trial a custodian of the document as a sponsoring witness.

    8.    By entering into this stipulation, the parties hereby preserve and do not waive any other objections that they may have to the admissibility of a particular document.

    9.    Except as provided herein, this stipulation does not otherwise affect the schedule for the case.

Dated: March 28, 2013    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:   */s/ Kelly M. Dermody*
KELLY M. DERMODY
Attorneys for individual and representative Plaintiffs Siddharth Hariharan, Brandon Marshall, Michael Devine, Mark Fichtner, and Daniel Stover

Dated: March 28, 2013    JOSEPH SAVERI LAW FIRM

By:   */s/ Joseph Saveri*
JOSEPH SAVERI
Attorneys for individual and representative Plaintiffs Siddharth Hariharan, Brandon Marshall, Michael Devine, Mark Fichtner, and Daniel Stover

| | | |
|---|---|---|
| 1 | Dated: March 28, 2013 | O'MELVENY & MYERS LLP |
| 2 | | |
| 3 | | By:   /s/ Michael F. Tubach<br>MICHAEL F. TUBACH<br>Attorneys for Defendant<br>APPLE INC. |
| 4 | | |
| 5 | | |
| 6 | Dated: March 28, 2013 | KEKER & VAN NEST LLP |
| 7 | | By:   /s/ Daniel Purcell<br>DANIEL PURCELL<br>Attorneys for Defendant<br>LUCASFILM LTD. |
| 8 | | |
| 9 | | |
| 10 | Dated: March 28, 2013 | JONES DAY |
| 11 | | |
| 12 | | By:   /s/ David C. Kiernan<br>DAVID C. KIERNAN<br>Attorneys for Defendant<br>ADOBE SYSTEMS INC. |
| 13 | | |
| 14 | | |
| 15 | Dated: March 28, 2013 | MAYER BROWN LLP |
| 16 | | By:   /s/ Lee H. Rubin<br>LEE H. RUBIN<br>Attorneys for Defendant<br>GOOGLE INC. |
| 17 | | |
| 18 | | |
| 19 | Dated: March 28, 2013 | BINGHAM McCUTCHEN LLP |
| 20 | | |
| 21 | | By:   /s/ Frank Hinman<br>Frank Hinman<br>Attorneys for Defendant<br>INTEL CORPORATION |
| 22 | | |
| 23 | | |
| 24 | Dated: March 28, 2013 | JONES DAY |
| 25 | | |
| 26 | | By:   /s/ Robert A. Mittelstaedt<br>ROBERT A. MITTELSTAEDT<br>Attorneys for Defendant<br>INTUIT INC. |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: March 28, 2013 | COVINGTON & BURLING LLP |
| 2 | | |
| 3 | | By: _/s/ Emily Johnson Henn_<br>EMILY JOHNSON HENN |
| 4 | | Attorneys for Defendant<br>PIXAR |

**Filer's Attestation**

I attest under penalty of perjury that concurrence in the filing of the document has been obtained from all the signatories.

Dated: March 28, 2013  /s/ Robert Mittelstaedt
Robert Mittelstaedt
Jones Day

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____    _____
　　　　　　　　　　　　　　　　　　　　HON. LUCY H. KOH
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

SFI-819904v5