MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**GOOGLE INC.'S SUPPLEMENT REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:         February 26, 2013<br>Time:        10:00 a.m.<br>Courtroom:  5, 4th Floor<br>Judge:       Honorable Paul S. Grewal |

Nothing in Plaintiffs' supplemental submission supports granting Plaintiffs' motion.

First, Plaintiffs do not contest that Bill Campbell was a "retained consultant" between 2002 and 2007 (Supp. 1:5-6), but point to the fact that Mr. Campbell did not sign the Consulting Agreement in January 2002, the effective date of the Agreement.  Plaintiffs fail to explain the significance of this fact.  Indeed, there is none.  Mr. Campbell's deposition testimony reaffirms the fact that he operated as the "functional equivalent of an employee" for Google since 2002. *See* Evans Decl. Ex A (Campbell Tr. 172:19-173:5) (affirming the accuracy of his declaration, which describes how he consulted on "Google's corporate and Business strategy" since 2002). ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This evidence clearly demonstrates the existence and importance of Mr. Campbell's relationship with Google since the effective date of the Consulting Agreement in 2002.

Moreover, Mr. Campbell had "an ongoing duty to Google to closely guard all "Confidential Information" obtained during the course of my work for Google" since 2002.  *See* Campbell Decl. ¶ 4.  This mirrors the obligations set forth in the Consulting Agreement, which "reflects and memorializes the parties' understanding and practice with respect to Google's engagement" of Mr. Campbell.  *Id.* Ex. A (Preamble).  The Consulting Agreement, therefore, reflects Google's and Mr. Campbell's shared understanding of their relationship from the time it began in January 2002, including Mr. Campbell's obligation to protect Google's Confidential Information.

Second, Google employees did, in fact, select particular confidential information to share with Mr. Campbell—but that fact has no effect on his obligation to keep it confidential.  If anything, it underscores that Google was deliberative in disclosing confidential information to Mr. Campbell.

Third, Google does not contest that Mr. Campbell is subject to Intuit's Code of Conduct and Ethics. But as Google has already shown, the Intuit Code of Conduct and Ethics is not a blanket prohibition on personal use of Intuit computers and therefore weight against waiver.  *In re Asia Global Crossing*, 322 B.R. 247, 261 (Bankr. S.D.N.Y. 2005).  Nor have Plaintiffs satisfied any of the other *Asia Global Crossing* factors to support a finding of waiver here.

1   Dated:  February 18, 2013          MAYER BROWN LLP

2                                      By:        /s/ Lee H. Rubin
                                                  Lee H. Rubin
3                                      *Attorneys for Defendant GOOGLE INC.*

4   **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in
    *the filing of this document has been obtained from the signatory.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-