```
1                    UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                         SAN JOSE DIVISION

4

5

      IN RE: HIGH-TECH EMPLOYEE        )  C-11-02509 LHK
6     ANTITRUST LITIGATION,            )
                                       )  SAN JOSE, CALIFORNIA
7                                      )
                                       )  APRIL 8, 2013
8     _____      )
                                       )  PAGES 1-31
9     THIS DOCUMENT RELATES TO:        )
      ALL ACTIONS                      )
10    _____      )

11

12                     TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE LUCY H. KOH
13                   UNITED STATES DISTRICT JUDGE

14    A P P E A R A N C E S:

15    FOR THE PLAINTIFFS:    JOSEPH SAVERI LAW FIRM
                             BY:  JOSEPH SAVERI
16                                LISA J. LEEBOVE
                                  JAMES G. DALLAL
17                           255 CALIFORNIA STREET, SUITE 450
                             SAN FRANCISCO, CALIFORNIA  94111
18
                             LIEFF, CABRASER,
19                           HEIMANN & BERNSTEIN
                             BY:  KELLY M. DERMODY
20                                DEAN M. HARVEY
                                  ANNE B. SHAVER
21                           275 BATTERY STREET, 30TH FLOOR
                             SAN FRANCISCO, CALIFORNIA  94111
22
                       APPEARANCES CONTINUED ON NEXT PAGE
23
      OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
24                                CERTIFICATE NUMBER 9595

25             PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                   TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1

 2       APPEARANCES (CONTINUED)

 3

 4       FOR DEFENDANT           O'MELVENY & MYERS
         APPLE:                  BY:  GEORGE A. RILEY
 5                                    CHRISTINA J. BROWN
                                 TWO EMBARCADERO CENTER
 6                               28TH FLOOR
                                 SAN FRANCISCO, CALIFORNIA  94111
 7
         FOR DEFENDANT           KEKER & VAN NEST
 8       LUCASFILM:              BY:  DANIEL E. PURCELL
                                      EUGENE M. PAIGE
 9                               633 BATTERY STREET
                                 SAN FRANCISCO, CALIFORNIA  94111
10

11       FOR DEFENDANT           MAYER BROWN
         GOOGLE:                 BY:  LEE H. RUBIN
12                               TWO PALO ALTO SQUARE, SUITE 300
                                 PALO ALTO, CALIFORNIA  94306
13

14       FOR DEFENDANTS          JONES DAY
         ADOBE AND INTUIT:       BY:  ROBERT A. MITTELSTAEDT
15                                    CATHERINE ZENG
                                 555 CALIFORNIA STREET
16                               26TH FLOOR
                                 SAN FRANCISCO, CALIFORNIA  94104
17

18       FOR DEFENDANT           BINGHAM MCCUTCHEN
         INTEL:                  BY:  KRYSTAL DENLEY BOWEN
19                               1117 S. CALIFORNIA AVENUE
                                 PALO ALTO, CALIFORNIA  94304
20
         FOR DEFENDANT           COVINGTON & BURLING
21       PIXAR:                  BY:  EMILY J. HENN
                                      JOHN NIELDS
22                               333 TWIN DOLPHIN DRIVE, SUITE 700
                                 REDWOOD SHORES, CALIFORNIA  94065
23

24

25
```

```
1     SAN JOSE, CALIFORNIA                    APRIL 8, 2013
2                      P R O C E E D I N G S
3          (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)
4              THE CLERK:  CALLING CASE NUMBER C-11-02509 LHK, IN
5     RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION.
6              MR. SAVERI:  GOOD MORNING, YOUR HONOR.
7     JOSEPH SAVERI, JOSEPH SAVERI LAW FIRM ON BEHALF OF THE
8     PLAINTIFFS.
9              THE COURT:  OKAY.  GOOD MORNING.
10             MS. DERMODY:  GOOD MORNING, YOUR HONOR.
11    KELLY DERMODY FROM LEIF CABRASER.  WITH ME FROM MY FIRM ARE
12    DEAN HARVEY AND ANNE SHAVER.
13             THE COURT:  WHO'S WITH YOU, MR. SAVERI?
14             MR. MITTELSTAEDT:  WHO'S WITH YOU, JOE?
15             MR. SAVERI:  OH, LISA LEEBOVE WITH MY OFFICE, AND
16    JAMES DALLAL.
17             THE COURT:  OKAY.  THANK YOU.
18             MR. MITTELSTAEDT:  GOOD MORNING, YOUR HONOR.
19    BOB MITTELSTAEDT AND KATE ZENG FOR ADOBE AND INTUIT.
20             THE COURT:  AND THAT'S Z-H-A-N-G?
21             MR. MITTELSTAEDT:  Z-E-N-G.
22             THE COURT:  Z-E-N-G.  OKAY, THANK YOU.
23             MR. RILEY:  GOOD MORNING, YOUR HONOR.  GEORGE RILEY
24    OF O'MELVENY & MYERS, AND I'M JOINED BY CHRISTINA BROWN.  WE
25    REPRESENT APPLE.
```

```
1              THE COURT:  OKAY.  GOOD MORNING.

2              MS. BOWEN:  GOOD MORNING.  KRYSTAL DENLEY BOWEN FROM

3    BINGHAM MCCUTCHEN REPRESENTING INTEL.

4              THE COURT:  OKAY.  GOOD MORNING.

5              MR. RUBIN:  GOOD MORNING.  LEE RUBIN FROM MAYER BROWN

6    REPRESENTING GOOGLE.

7              THE COURT:  OKAY, GOOD MORNING.

8              MR. PURCELL:  DAN PURCELL FROM KEKER & VAN NEST

9    REPRESENTING LUCASFILM, AND I'M HERE WITH MY PARTNER,

10   EUGENE PAIGE.

11             THE COURT:  GOOD MORNING.

12             MR. NIELDS:  GOOD MORNING, YOUR HONOR.  JOHN NIELDS

13   AND EMILY HENN FROM COVINGTON REPRESENTING PIXAR.

14             THE COURT:  AND THE LAST NAME, N-E-I-L --

15             MR. NIELDS:  N-I-E-L-D-S.

16             THE COURT:  OKAY, THANK YOU.  GOOD MORNING.

17        OKAY.  PLEASE TAKE A SEAT.

18        I WOULD LIKE TO TALK ABOUT A FEW ISSUES AND THE AMENDED

19   SCHEDULE, AND THEN I'D LIKE TO GIVE YOU AN OPPORTUNITY TO MEET

20   AND CONFER ABOUT YOUR DISCOVERY DISPUTES AND THEN I'LL COME

21   BACK OUT AND SEE IF YOU CAN AT LEAST NARROW OR RESOLVE SOME.

22        IS THAT AN ACCEPTABLE PLAN?

23             MR. MITTELSTAEDT:  YES.

24             MR. SAVERI:  YES.

25             MS. DERMODY:  YES, YOUR HONOR.
```

```
 1              THE COURT:  ALL RIGHT.  SO WITH REGARD TO THE

 2   SUBSEQUENT MOTION FOR CLASS CERTIFICATION, WHILE THAT MOTION --

 3   WHILE THE FIRST MOTION WAS PENDING, THE SUPREME COURT ISSUED

 4   THE AMGEN DECISION AND THE COMCAST DECISION, SO IN YOUR NEXT

 5   BRIEFING, IF YOU COULD HELP IN CLARIFYING WHAT THE IMPACT OF

 6   THOSE DECISIONS ARE?

 7          I MEAN, WE DID THE BEST THAT WE COULD WITH THE DECISION

 8   THAT CAME DOWN, YOU KNOW, THE THURSDAY OF -- WHAT WAS THAT? --

 9   MARCH 28TH.

10          BUT -- AND THERE MAY BE INTERVENING LAW BETWEEN NOW AND

11   THEN ANYWAY THAT PROVIDES SOME CLARIFICATION, BUT IN YOUR NEXT

12   BRIEFING IF YOU COULD PLEASE ADDRESS WHAT THE IMPACT IS,

13   BECAUSE I DON'T THINK THE LAW IS CLEAR.

14              MR. SAVERI:  OKAY.

15              THE COURT:  THAT WOULD BE VERY HELPFUL.  OKAY?

16          YOU MAY HAVE SEEN, WITH THE ORDER, THAT THE COURT IS GOING

17   TO BE VERY STRICT ABOUT THE GOOD CAUSE STANDARD FOR SEALING,

18   AND YOU HAVE SUBMITTED RENEWED MOTIONS TO SEAL WITH REGARD TO

19   THE BRIEFS, BUT YOU HAVEN'T DONE THAT WITH REGARD TO THE EXPERT

20   REPORTS, SO I'D LIKE YOU TO WITHDRAW YOUR EXISTING MOTIONS TO

21   SEAL ON DR. LEAMER'S AND DR. MURPHY'S REPORTS AND SUBMIT

22   RENEWED ONES WITH A MORE -- DOING A MORE RIGOROUS REVIEW SO

23   THAT YOU CAN MEET THE GOOD CAUSE STANDARD.  OKAY?

24          SO WHEN -- I'D LIKE YOU TO WITHDRAW THOSE MOTIONS.  WHEN

25   CAN YOU DO THAT?  CAN YOU DO THAT TOMORROW?
```

```
1              MR. MITTELSTAEDT:  YES, YOUR HONOR.

2              THE COURT:  OKAY.  ALL RIGHT.  SO IF YOU WOULD PLEASE

3      WITHDRAW THOSE SEALING MOTIONS APRIL 9TH.

4          AS YOU SAW IN THE ORDER, I DIDN'T SEAL ANYTHING IN THOSE

5      EXPERTS' REPORTS.  I DON'T THINK ANY OF THAT WOULD MEET THE

6      STANDARD.

7          SO IF YOU WOULD PLEASE, UNDERSTANDING THAT THAT'S HOW THE

8      GOOD CAUSE STANDARD IS BEING ENFORCED, RESUBMIT YOUR UNDER SEAL

9      ADMINISTRATIVE MOTIONS.  WHEN CAN YOU DO THAT?

10             MR. MITTELSTAEDT:  WE CAN DO IT BY THURSDAY.  IS THAT

11     FINE?

12             THE COURT:  THAT'S FINE.

13             MR. SAVERI:  IT'S MOSTLY THEIR MATTER, SO I REALLY

14     THINK THEY SHOULD BE THE ONES WHO ARE TAKING THE LEAD ON THAT.

15             THE COURT:  OKAY.  ALL RIGHT.

16         SO YOU'LL WITHDRAW THOSE MOTIONS TO SEAL ON APRIL 9TH AND

17     FILE RENEWED MOTIONS, PLEASE VERY NARROWLY TAILORED TO MEET THE

18     GOOD CAUSE STANDARD, ON APRIL 11TH.

19             MR. SAVERI:  I'M SURE YOU SAID APRIL 11TH, YOUR

20     HONOR.

21             THE COURT:  YES.

22         I THINK THAT'S THE THURSDAY YOU MEANT, OR DID YOU MEAN THE

23     18TH?

24             MR. MITTELSTAEDT:  ACTUALLY, IF WE CAN HAVE UNTIL

25     THIS FRIDAY, APRIL 12TH?
```

```
 1              THE COURT:  THAT'S FINE.  THAT'S COMPLETELY FINE TO

 2      PLEASE REFILE THE RENEWED MOTIONS TO SEAL.

 3          OKAY.  LET'S TALK ABOUT THE CASE SCHEDULE.  ORIGINALLY YOU

 4      WERE ANTICIPATING DOING SOME FORM OF ADR IN APRIL.  HAS THAT

 5      NOW CHANGED?  DO YOU WANT TO SEE EACH OTHER'S NEXT ROUND OF

 6      CLASS CERT BRIEFS FIRST?  IS THAT MY UNDERSTANDING BASED ON

 7      WHAT YOU'VE PROPOSED?

 8              MR. MITTELSTAEDT:  YES.

 9              MS. DERMODY:  YES, YOUR HONOR.

10              THE COURT:  OKAY.  ALL RIGHT.  LET ME ASK -- I WOULD

11      APPRECIATE IT IF WE COULD ADVANCE YOUR SCHEDULE BY ONE WEEK SO

12      THAT THERE'S MORE TIME BETWEEN WHEN YOU CONCLUDE YOUR

13      ALTERNATIVE DISPUTE RESOLUTION SESSION, WHICH I ASSUME YOU

14      WON'T HAVE UNTIL THE REPLY BRIEF HAS BEEN FILED.  IS THAT

15      RIGHT?  YOU'RE PLANNING TO NOT HAVE THAT SESSION UNTIL ALL THE

16      BRIEFING IS COMPLETE?

17              MS. DERMODY:  YOUR HONOR, I THINK TO BE FAIR, WE

18      MIGHT BOTH BENEFIT FROM SEEING EACH OTHER'S SUPPLEMENTAL EXPERT

19      REPORTS, OUR OPENING ONE AND THEIR OPPOSITION ONE, AND ANY TIME

20      AFTER THAT WOULD BE THE WINDOW OF TIME WHERE WE COULD BE

21      MEETING WITH A MEDIATOR.

22          THE BENEFIT OF HAVING THAT MUCH TIME IS THAT THE MEDIATOR'S

23      SCHEDULE WILL BE TOUGH, AND EVERYONE TO SCHEDULE IN THIS ROOM

24      MIGHT BE TOUGH.  WE MIGHT NEED MULTIPLE DATES.  SO HAVING MORE

25      THAN JUST A FEW WEEKS FOR ADR I THINK WILL BENEFIT THE PROCESS.
```

1      THE COURT:  OKAY.  SO DO THE DEFENDANTS AGREE THAT

2  AFTER YOU FILE YOUR OPPOSITION, THAT WOULD GIVE YOU ENOUGH

3  INFORMATION TO PROCEED WITH AN ADR SESSION?

4      MR. MITTELSTAEDT:  YES.

5      THE COURT:  OKAY.  SO THEN THAT WINDOW -- I SEE.

6      MR. MITTELSTAEDT:  AND THAT'S WHY WE SAID -- THAT WAS

7  THE ONLY DATE WHERE WE SAID "BY," SO OUR PLAN IS TO START

8  EARLIER AND THEN FINISH BY THEN.

9      THE COURT:  OKAY.  LET ME ASK IF WE CAN ADJUST THIS

10  SCHEDULE AS FOLLOWS:  ADVANCING THE SUPPLEMENTAL CLASS BRIEF TO

11  MAY 10, THAT'S ADVANCING IT BY SEVEN DAYS; ADVANCING THE

12  SUPPLEMENTAL OPPOSITION TO JUNE 21, ALSO ADVANCING THAT BY

13  SEVEN DAYS; AND ADVANCING THE -- EXCUSE ME -- SUPPLEMENTAL

14  REPLY TO JULY 12TH; AND CONCLUDING YOUR ADR BY JULY 19TH, WHICH

15  WOULD STILL GIVE YOU APPROXIMATELY A MONTH BETWEEN THE

16  OPPOSITION FILING DATE AND THE ADR DEADLINE; AND THEN HAVING

17  THE HEARING BE AUGUST THE 8TH INSTEAD OF THE 9TH.  I'LL GO

18  AHEAD AND PUT THIS ON A REGULAR LAW AND MOTION CALENDAR WHICH I

19  HOLD ON THURSDAYS AT 1:30.

20      MR. MITTELSTAEDT:  WE CAN MAKE THAT WORK, YOUR HONOR.

21      MS. DERMODY:  SAME WITH US.

22      THE COURT:  IS THAT OKAY?

23      MR. SAVERI:  SAME WITH US, YOUR HONOR.

24      THE COURT:  ALL RIGHT.  SO I WOULD LIKE THAT

25  SCHEDULE.

1          AND THEN IF YOU WOULD, PLEASE, CAN YOU FILE A SETTLEMENT

2     STATUS REPORT?  WHAT DATE MAKES SENSE IF THE 19TH IS YOUR

3     DEADLINE?

4               MR. MITTELSTAEDT:  THE 19TH?

5               THE COURT:  OKAY, THAT WOULD BE GREAT.

6          OKAY.  THEN OPENING EXPERT REPORTS, I WANTED TO SEE IF I

7     COULD SLIGHTLY ADJUST YOUR SCHEDULE.  I'M TRYING TO STAY WITHIN

8     WHAT YOU'VE PROPOSED, BUT UNFORTUNATELY, I HAVE THE SECOND

9     CASE, THE SECOND APPLE V. SAMSUNG CASE GOING TO TRIAL

10    MARCH 31ST OF 2014, AND IT IS SET TO GO TO TRIAL THROUGH

11    APRIL 25TH.

12         SO TO THEN TURN AROUND IN FOUR DAYS AND DO YOUR TRIAL, I

13    THINK WE'LL BE DEAD.  I JUST DON'T THINK WE CAN PROBABLY HANDLE

14    THAT.

15         SO I WANTED TO ASK IF WE COULD MOVE YOUR TRIAL DATE TO

16    MAY 27TH?

17              MS. DERMODY:  YES, YOUR HONOR.

18              THE COURT:  OKAY.  DOES THAT --

19              MR. MITTELSTAEDT:  YES, YOUR HONOR.

20              THE COURT:  OKAY.  I APPRECIATE THAT.

21         SO THEN LET ME WORK BACKWARDS BECAUSE I'M TRYING TO FIT IN

22    HEARING DATES IN YOUR CASE, WHICH WILL REQUIRE A CONSIDERABLE

23    AMOUNT OF WORK, SO THAT IT DOESN'T OVERLAP WITH APPLE II, WHICH

24    IS ALSO AT THE SAME TIME GOING TO BE GOING THROUGH DAUBERTS,

25    MOTIONS IN LIMINE, SUMMARY JUDGMENT.  IT'S JUST TO -- YOU KNOW,

```
 1        SO I CAN TRY TO MORE TIMELY GIVE YOU AN ORDER.

 2            SO IF WE WORK BACKWARDS AND WE HAVE THE TRIAL STARTING ON

 3        MAY -- NOW, IS THERE A REASON -- OH, I KNOW WHY WE'RE DOING IT

 4        ON TUESDAY, BECAUSE THAT MUST BE MEMORIAL DAY.

 5                MR. SAVERI:  RIGHT.

 6                THE CLERK:  YES.

 7                THE COURT:  SO THEN THE 26TH IS MEMORIAL DAY.  YOUR

 8        MEMORIAL WEEKEND WILL NOT BE FUN.  WE'LL START TUESDAY AT 9:00.

 9            WHAT DO YOU THINK THE LENGTH OF THE TRIAL IS?  OBVIOUSLY

10        IT'S GOING TO DEPEND ON WHETHER IT'S A CLASS OR INDIVIDUAL

11        CLAIMS, BUT WHAT'S YOUR BEST GUESS?

12                MR. SAVERI:  I THINK WE WERE TALKING ABOUT THREE TO

13        FOUR WEEKS, BUT 15 COURT DAYS.

14                MS. DERMODY:  YES, 15 COURT DAYS.

15                THE COURT:  IS THAT -- DO YOU AGREE WITH THAT?

16                MR. MITTELSTAEDT:  I THINK THAT'S IN THE RANGE.

17                THE COURT:  OKAY.  WOULD YOU GO UP OR DOWN?

18                MR. MITTELSTAEDT:  I WOULD GO -- I WOULD GO UP, IN

19        PART BECAUSE THERE'S SEVEN DEFENDANTS.

20                THE COURT:  RIGHT.  OKAY.  HOW MUCH UP WOULD YOU GO?

21                MR. MITTELSTAEDT:  I WOULD GO UP TWO WEEKS.

22                THE COURT:  SO YOU'D GO UP ANOTHER 10 DAYS TO 25

23        DAYS?

24                MR. MITTELSTAEDT:  YES.

25                THE COURT:  WOW.  I, UNFORTUNATELY, DON'T THINK THAT
```

```
1      THAT IS --

2              MR. MITTELSTAEDT:  HOW ABOUT 20?

3              THE COURT:  TO MAKE IT A TOTAL OF 20 DAYS?

4              MR. MITTELSTAEDT:  YES.

5              THE COURT:  ALL RIGHT.  WE CAN ALWAYS FINE TUNE THIS

6      LATER, BUT FOR NOW -- WHAT I WILL DO IS IMPOSE TIME LIMITS AND

7      IT'LL PROBABLY SHRINK THIS NUMBER DOWN.  OKAY?

8              MR. MITTELSTAEDT:  AND, YOUR HONOR, I'D LIKE --

9              THE COURT:  FOR NOW I'M GOING TO PUT -- I'LL PUT --

10     I'M GOING TO PUT 17 DAYS FOR NOW AND THEN WE CAN FINE TUNE IT

11     LATER.  BUT I'M GOING TO IMPOSE TIGHT TIME LIMITS AND TIGHT

12     LIMITS ON EVERYTHING, SO WE'LL SQUEEZE IT IN.  OKAY.  SO 17

13     DAYS STARTING MAY 27.

14         I WOULD LIKE TO -- BECAUSE THE DAUBERT MOTIONS, THE MOTIONS

15     IN LIMINE AND THE SUMMARY JUDGMENT TAKE QUITE A BIT OF

16     RESOURCES, I WOULD LIKE TO CONSIDER MAYBE SPLITTING THAT UP

17     INTO THREE DIFFERENT HEARINGS.

18         BUT -- PARDON ME -- LET ME KNOW IF THE DISPOSITIVE MOTIONS

19     WILL BE CONTINGENT UPON A DAUBERT RULING, BECAUSE THEN I THINK

20     THOSE WILL NEED TO BE DONE TOGETHER.

21         BUT IF THERE'S A WAY TO SPLIT IT UP SO THAT WE HAVE A

22     LITTLE MORE TIME TO GIVE YOU ORDERS AND EVERYTHING --

23             MR. SAVERI:  I THINK THE LAST TIME WE WERE OUT HERE,

24     WE TALKED ABOUT THERE BEING SOME DAUBERT MOTIONS THAT RELATE TO

25     SUMMARY JUDGMENT AND SOME THAT MAY JUST -- MAY BE MORE GENERAL
```

```
 1      702 MOTIONS THAT RELATE TO TRIAL.  SO IT MAY MAKE SENSE TO

 2      DIVIDE THOSE IN SOME FASHION.

 3              THE COURT:  OKAY.  BUT I NEED LIMITS JUST BECAUSE

 4      IT --

 5              MR. SAVERI:  OKAY.

 6              THE COURT:  -- YOU KNOW --

 7              MR. SAVERI:  WELL, WE TALKED ABOUT THAT, I THINK, THE

 8      LAST TIME AS WELL.

 9              THE COURT:  OKAY.  WHAT -- I'M SORRY.  I CAN'T

10      REMEMBER.  WHAT WAS THE CONCLUSION ON THAT?

11              MR. MITTELSTAEDT:  THE CONCLUSION, I THINK, WAS THAT

12      WE WOULD HAVE ONE SET OF HEARINGS -- WITH THE RULE 56 MOTIONS,

13      WE'D FILE RELATED DAUBERT MOTIONS.

14              THE COURT:  OKAY.

15              MR. MITTELSTAEDT:  AND THEN THE OTHER DAUBERT OR IN

16      LIMINE MOTIONS WOULD BE FILED AND HEARD AT THE TIME OF THE

17      PRETRIAL CONFERENCE I THINK IS WHAT WE TALKED ABOUT.

18              MR. SAVERI:  RIGHT.  AND THERE WAS SOME DISCUSSION,

19      AND IT CERTAINLY WASN'T RESOLVED, ABOUT LIMITATIONS ON -- PAGE

20      LIMITS, I GUESS, ON THE IN LIMINE AND DAUBERT MOTIONS FOR

21      TRIAL, AND THAT'S AS FAR AS WE GOT.

22              THE COURT:  OKAY.  WELL, LET ME -- YOU KNOW, IF THE

23      DAUBERT MOTIONS ARE LIKE THE DAUBERT MOTIONS I SAW ON THE CLASS

24      CERT MOTION, I'M GOING TO BE DISAPPOINTED BECAUSE, YOU KNOW,

25      ULTIMATELY THAT'S REALLY WEIGHT AND NOT ADMISSIBILITY AND THE
```

```
1        CRITICISMS THAT EACH SIDE RAISED ARE REALLY MORE FOR

2        CROSS-EXAMINATION AND FOR CLOSING ARGUMENT.

3            SO I REALLY -- I JUST DON'T WANT TO HAVE TO, YOU KNOW,

4        SPEND A TON OF RESOURCES JUST HAVING TO DO A BUNCH OF THOSE

5        BECAUSE THOSE ARE NOT GOING TO BE GRANTED.

6            SO I'D LIKE TO IMPOSE A LIMIT ON THE NUMBER OF DAUBERT

7        MOTIONS IN THE CASE JUST BECAUSE, YOU KNOW, WE'RE GOING TO HAVE

8        THE APPLE II TRIAL GOING ON POTENTIALLY AT THE SAME TIME AND

9        OTHER THINGS AND I JUST CAN'T, YOU KNOW, WASTE A LOT OF

10       RESOURCES ON A BUNCH OF MOTIONS THAT I THINK BOTH SIDES REALLY

11       KNOW ARE NOT GOING TO BE GRANTED AND THEY'RE REALLY GOING TO GO

12       TO WEIGHT AND NOT ADMISSIBILITY.

13           SO WHY DON'T YOU --

14               MR. MITTELSTAEDT:  YOUR HONOR, WITH THAT GUIDANCE IN

15       MIND, WOULD IT MAKE SENSE FOR US TO MEET AND CONFER AND SEE IF

16       WE CAN REACH AGREEMENT ON THAT?  WE ARE ON A STREAK OF AGREEING

17       TO THINGS.

18               THE COURT:  OKAY.

19               MR. MITTELSTAEDT:  AND SO --

20               THE COURT:  WELL, THEN, I THINK YOU SHOULD HAVE YOUR

21       ADR RIGHT NOW WHILE THE IRON IS HOT AND THE FEELINGS ARE GOOD

22       AND --

23               MR. SAVERI:  DO YOU HAVE A JURY ROOM?  WE'LL GO OUT

24       AND GET IT RESOLVED BY NOON AND THEN GO HAVE LUNCH.

25               THE COURT:  IF YOU RESOLVE THE CASE, I WILL ORDER
```

1    PIZZA.  I MEAN, WHATEVER YOU WANT.  I WILL GO BAKE YOU SOME

2    BROWNIES RIGHT NOW.  I MEAN, WHATEVER IT TAKES.

3            MR. SAVERI:  OKAY.

4            THE COURT:  BUT WHY DON'T WE ADD -- CAN WE ADD THEN

5    LIMITATIONS ON MOTIONS SINCE I WAS HOPING THAT -- WHEN WE

6    FINISH WITH THIS SCHEDULE, I WANT TO GIVE YOU SOME TIME TO SEE

7    IF YOU CAN WORK OUT SOME OF THESE DISCOVERY --

8            MS. DERMODY:  YES, YOUR HONOR.

9            THE COURT:  -- ISSUES THAT ARE IN DISPUTE.  CAN YOU

10   WORK ON LIMITATIONS, BECAUSE THAT WOULD BE VERY HELPFUL -- ON

11   EVERYTHING, ON DAUBERTS, ON MOTIONS IN LIMINE, AND SUMMARY

12   JUDGMENT?

13      YOU KNOW, BECAUSE JUST HUMANLY WITH OUR CASE LOAD AND WITH

14   THE NUMBER OF VACANCIES WE HAVE ON THE DISTRICT COURT RIGHT

15   NOW, I'M NOT GOING TO BE ABLE TO DO EIGHT SUMMARY JUDGMENT

16   MOTIONS.  IT'S JUST NOT GOING TO BE POSSIBLE.

17      SO CAN WE GET SOME DISCUSSION ON THAT AS WELL?

18            MR. MITTELSTAEDT:  YOUR HONOR --

19            THE COURT:  I DON'T WANT TO DEPRIVE ANYONE OF DUE

20   PROCESS AND I DO UNDERSTAND THAT THERE ARE SEVEN INDEPENDENT,

21   TOTALLY SEPARATE DEFENDANTS HERE.

22      BUT WHAT CAN WE DO TO --

23            MR. MITTELSTAEDT:  WHAT I WOULD SUGGEST, YOUR HONOR,

24   IS WE OUGHT TO TALK ABOUT IT AMONG OURSELVES AND WITH THE

25   PLAINTIFFS.

```
1                    THE COURT:  OKAY.
2                    MR. MITTELSTAEDT:  BUT, FRANKLY, WE'VE BEEN FOCUSSING
3        ON THE CLASS MOTION.
4                    THE COURT:  SURE.
5                    MR. MITTELSTAEDT:  AND I HAVEN'T THOUGHT ABOUT WHAT
6        THE SUMMARY JUDGMENT MOTIONS ARE GOING TO BE, WHAT THE EXPERTS
7        ARE GOING TO BE.
8                    THE COURT:  UM-HUM.
9                    MR. MITTELSTAEDT:  IF WE COULD HAVE A WEEK OR TWO TO
10       CAUCUS AMONG OURSELVES AND WITH THE PLAINTIFFS AND SEE IF WE
11       CAN COME UP WITH A PROPOSAL FOR THE COURT, RECOGNIZING THAT
12       WE'RE TALKING ABOUT WHAT'S GOING TO HAPPEN --
13                   THE COURT:  DOWN THE ROAD.
14                   MR. MITTELSTAEDT:  -- DOWN THE ROAD.
15                   THE COURT:  OKAY.  MAYBE WE CAN HANDLE THAT AT OUR
16       NEXT CMC, BUT I WOULD -- YOU KNOW, IF YOU REACH ANY AGREEMENTS
17       TODAY, LET ME KNOW.
18           BUT, YOU KNOW, THE LIKELIHOOD THAT THERE'S NOT GOING TO BE
19       A SINGLE MATERIAL FACTUAL DISPUTE IN THIS CASE IS SO UNLIKELY,
20       I THINK, YOU KNOW, JUST BASED ON THE FULLNESS OF THE
21       EVIDENTIARY RECORD THAT I'VE SEEN SO FAR THAT I -- YOU KNOW, IT
22       MAY BE THAT WE JUST SKIP SUMMARY JUDGMENT COMPLETELY.  THE
23       RECORD IS TOO RICH.
24           DO YOU REALLY THINK THERE'S NOT GOING TO BE A SINGLE
25       MATERIAL FACTUAL DISPUTE BASED ON WHAT YOU'VE SEEN SO FAR?
```

1       I THINK THAT'S REALLY UNLIKELY, BUT, YOU KNOW, I'LL KEEP AN

2   OPEN MIND AND WE'LL FIGURE IT OUT.

3       BUT IF YOU WOULD PLEASE WORK ON LIMITATIONS?

4       OKAY.  SO THEN WHY DON'T WE SAY, FOR NOW, MAY 8TH WILL BE

5   THE FINAL PRETRIAL CONFERENCE WHERE WE'LL HANDLE MOTIONS IN

6   LIMINE, WHICH I'M GOING TO LIMIT TIGHTLY JUST BECAUSE THERE'S

7   REALLY, I THINK, ONLY A FEW GOOD ONES AND THE REST TEND TO BE

8   LESS USEFUL, AND I GUESS IF WE'RE GOING TO DO ANY DAUBERTS, AND

9   THEN THE HEARING ON MARCH 20TH, 2014 AT 1:30 ON DISPOSITIVE

10   MOTIONS.  HOPEFULLY THERE WILL BE NONE.

11      OKAY?

12          MR. SAVERI:  DO -- I'M SORRY.  DO YOU HAVE A TIME IN

13   MIND?  IS THAT GOING TO BE --

14          THE COURT:  1:30.

15          MR. SAVERI:  OKAY.

16          THE COURT:  SO EVERYTHING -- MARCH 20TH AND MAY 8TH

17   ARE BOTH 1:30.  THEY'LL BE ON MY THURSDAY LAW AND MOTION

18   CALENDARS.  THE TRIAL TUESDAY WILL BE AT 9:00.

19      AND THEN FOR THE REPLIES, FEBRUARY 27TH FOR THE SUMMARY

20   JUDGMENT REPLY; FEBRUARY 6TH FOR THE OPPOSITION; AND

21   JANUARY 9TH FOR THE FILING OF DISPOSITIVE MOTIONS.  OKAY?

22      CLOSE OF EXPERT DISCOVERY, I HAVE DECEMBER 23RD; REPLY

23   REPORTS DECEMBER 9; REBUTTAL EXPERT REPORTS NOVEMBER 25; AND

24   OPENING EXPERT REPORTS ON OCTOBER 28TH.

25          MR. SAVERI:  CAN I READ THAT BACK TO YOU?

1          THE COURT:  YES.

2          MR. SAVERI:  OPENING EXPERT REPORTS 10-28;

3   DEFENDANTS; REPORTS 11-25; PLAINTIFFS' REPLY 12-9; EXPERT

4   DISCOVERY CUT OFF 12-23; RULE 56 MOTIONS JANUARY 9; OPPOSITIONS

5   FEBRUARY 6; REPLIES FEBRUARY 27TH; HEARING MARCH 20TH, 2014 AT

6   1:30 P.M.; PRETRIAL CONFERENCE MAY 8TH; TRIAL MAY 27, 17 DAYS.

7        THAT'S WHAT I HAVE WRITTEN DOWN.

8          THE COURT:  YES, THAT'S CORRECT.

9        NOW, WHEN IS THANKSGIVING IN 2014?  I REMEMBER IT WAS KIND

10  OF A WEIRD DAY.  IT'S EARLIER, RIGHT?  IS THAT THE 20TH OR

11  THE --

12          THE CLERK:  IT IS -- HANG ON.

13          MR. SAVERI:  I ASSUME YOU MEANT THIS YEAR, NOT 2014.

14          THE CLERK:  IT'S ACTUALLY THE 27TH.

15          THE COURT:  OH, OKAY.  SO THIS DEADLINE --

16          MS. DERMODY:  BUT DO YOU MEAN 2013?

17          MR. SAVERI:  WAIT.  2013 IS THE ONE THAT MATTERS, NOT

18  2014.

19          THE COURT:  OH, 2013, IT'S NOVEMBER 28TH.

20          MS. DERMODY:  IT'S THE 28TH.

21          MR. SAVERI:  SO WHAT THAT DOES, YOUR HONOR, IS IT

22  PUTS THANKSGIVING BETWEEN WHEN THE -- THANKSGIVING IS RIGHT

23  AFTER WHEN THE DEFENDANTS FILE THEIR EXPERT REPORTS AND IT'S

24  RIGHT -- IT'S RIGHT IN THE MIDDLE OF WHEN WE'RE WORKING ON OUR

25  REPLIES.

```
 1          SO IF WE COULD, YOUR HONOR, BASED ON THAT, IF WE COULD HAVE

 2     A COUPLE MORE DAYS TO FILE OUR REPLY, I THINK THAT WOULD BE

 3     MORE -- THAT WOULD BE BETTER.

 4          THE COURT:  I COULD GIVE YOU UNTIL THE 11TH.  THAT'S

 5     TWO EXTRA DAYS.

 6          MS. DERMODY:  THAT'S GREAT, YOUR HONOR.  THANK YOU.

 7          MR. SAVERI:  THAT'S GREAT, YOUR HONOR.  WE APPRECIATE

 8     THAT.

 9          THE COURT:  OKAY.  BUT NOW IT'S TIGHT ON THE CLOSE OF

10     EXPERT DISCOVERY.

11          MR. SAVERI:  BUT, YOUR HONOR, THAT'S REALLY PROBABLY

12     JUST DEPOSITIONS OF THE -- OR SOMETHING LIKE THAT.  THERE'S

13     VERY LITTLE THAT I CAN IMAGINE THAT WOULD HAPPEN BETWEEN --

14          MS. DERMODY:  IF I MAY SAY, IT'S ACTUALLY A LONGER

15     SCHEDULE THAN WHAT THE PARTIES HAD AGREED TO BETWEEN THOSE

16     DATES.

17          THE COURT:  OH, OKAY.  SO -- BUT IS -- THAT'S A

18     LITTLE LESS THAN TWO WEEKS, THE 11TH TO THE 23RD.  DOES THAT

19     GIVE YOU ENOUGH TIME FOR THE DEPOSITIONS?

20          MR. MITTELSTAEDT:  THAT'S FINE.

21          THE COURT:  WE COULD ALSO MOVE THESE DATES UP.  I

22     JUST WANT A HEARING DATE ON MARCH 20TH.  IF YOU WANT TO MOVE

23     DATES AROUND, I'M NOT OPPOSED TO THAT.  I JUST NEED TO HAVE

24     THIS AMOUNT OF TIME IN BETWEEN --

25          MR. MITTELSTAEDT:  YOUR HONOR, I THINK THAT'S FINE.
```

```
 1          THE COURT:  OKAY.  ALL RIGHT.  THIS SCHEDULE IS FINE?

 2     OKAY.

 3          SO THEN LET'S KEEP MOVING BACK.  SO AUGUST 8TH -- WHEN --

 4     OKAY.  AUGUST 8TH AT 1:30 WILL BE THE NEXT CLASS CERT HEARING,

 5     AND WE ALREADY TALKED ABOUT THE SCHEDULE FOR FILING.

 6          NOW, I AM GOING TO ALLOW A PLAINTIFFS' EXPERT REBUTTAL

 7     REPORT ON THE CLASS CERT ISSUE, BUT LIKE THAT FOOTNOTE, IT

 8     REALLY NEEDS TO BE TRUE REBUTTAL AND NOT INTRODUCING BRAND NEW

 9     THEORIES THAT SHOULD HAVE BEEN RAISED IN THE OPENING.

10          MS. DERMODY:  UNDERSTOOD, YOUR HONOR.  THANK YOU.

11          THE COURT:  OKAY.

12          MS. DERMODY:  YOUR HONOR, CAN I ASK ABOUT THE TRIAL,

13     WHAT YOUR HONOR'S CALENDAR MIGHT BE IN 2014 FOR TRIAL?  DO YOU

14     HAVE DARK DAYS?

15          THE COURT:  YES.  SO WE'LL GO MONDAYS, TUESDAYS, AND

16     FRIDAYS BECAUSE I KEEP MY CRIMINAL AND MY CIVIL CMC AND LAW AND

17     MOTION CALENDAR GOING, TO THE EXTENT I CAN, ON THOSE TWO DARK

18     DAYS.

19          IF THE JURY -- IF YOU COMPLETELY FINISH JURY INSTRUCTIONS,

20     CLOSINGS AND THEY START DELIBERATING ON A TUESDAY, THEY CAN

21     DELIBERATE THROUGH A WEDNESDAY AND A THURSDAY.  THAT'S OKAY.

22          BUT I JUST CAN'T HAVE COURT BECAUSE I'M TRYING TO KEEP MY

23     SPEEDY TRIAL CLOCK RUNNING ON MY OTHER CASES.

24          MR. SAVERI:  IF I MIGHT, YOUR HONOR, CAN I ASK YOU

25     WHAT TIME YOU START YOUR TRIAL?
```

```
 1              THE COURT:  9:00.  SO WE GO FROM 9:00 TO NOON AND

 2   THEN WE GO FROM 1:00 TO 4:30 P.M.

 3              MR. SAVERI:  OKAY.

 4              THE COURT:  WE'LL TAKE ABOUT A 15 MINUTE BREAK AROUND

 5   10:30, AND THEN WE TAKE ABOUT A 15 MINUTE BREAK AROUND 2:45.

 6         NOW, WHAT WE DO SOMETIMES IN THE AFTERNOON IS BREAK IT UP

 7   INTO SMALLER BREAKS, BUT MORE FREQUENTLY.  IF I START SEEING

 8   JURORS GETTING VERY SLEEPY AND FALLING ASLEEP, THEN WE'LL TAKE

 9   LIKE AN 8 MINUTE BREAK AROUND 2:00 AND WE MIGHT TAKE A 5 MINUTE

10   BREAK AROUND 3:00.

11              MS. DERMODY:  GREAT.

12              THE COURT:  OKAY.  BUT WE TEND TO GET -- IN TERMS OF

13   ACTUAL TRANSCRIPT, WE GET 5 HOURS AND 15 MINUTES TO -- I THINK

14   THE MOST WE'VE EVER GOTTEN IN A DAY IS ABOUT 5 HOURS AND 40

15   MINUTES.

16         MS. SHORTRIDGE, DO YOU THINK WE GOT 5 HOURS AND 45 MINUTES?

17              THE REPORTER:  ISH.

18              MR. SAVERI:  THAT'S GREAT.

19              THE COURT:  WE GET A LOT OF TRANSCRIPT TIME IN A DAY.

20         BUT THAT'S WHEN WE GO.  SO WE'LL BE DARK WEDNESDAYS AND

21   THURSDAYS.

22         AND THEN YOU'LL HAVE TO WORK OUT YOUR SCHEDULE FOR -- I

23   LIKE TO HAVE LEAD TRIAL COUNSEL MEET AND CONFER IN PERSON ABOUT

24   ANY WITNESSES, EXHIBITS, DEMONSTRATIVES, AND THEN BY 8:00 A.M.

25   THE DAY BEFORE YOU INTEND TO CALL THAT WITNESS, USE THAT
```

 1    DEMONSTRATIVE, USE THOSE EXHIBITS, HAVE YOU FILE YOUR

 2    OBJECTIONS AND THEN I WILL ISSUE AN ORDER ON THE OBJECTIONS

 3    THAT NIGHT, THE NIGHT BEFORE THOSE WITNESSES OR EXHIBITS COME

 4    ON.

 5        IF IT GETS OUT OF HAND, I'M GOING TO LIMIT THE NUMBER OF

 6    EXHIBITS -- THE NUMBER OF OBJECTIONS TO, LIKE, ONE.  SO I HOPE

 7    YOU ALL WILL BE ABLE TO WORK OUT SOMETHING THAT'S REASONABLE

 8    AND THAT WORKS BEST FOR YOUR SCHEDULES, BUT THAT'S WHAT I

 9    REQUIRE.

10            MR. SAVERI:  OKAY.

11            THE COURT:  WHAT ELSE DO WE NEED TO COVER?  OTHERWISE

12    I'D LIKE TO GIVE YOU SOME TIME TO SEE IF YOU CAN WORK OUT SOME

13    OF THESE DISCOVERY DISPUTES AND TRY TO AVOID LITIGATION.

14        SO ANYTHING ELSE WE NEED TO COVER TODAY?

15            MS. DERMODY:  YOUR HONOR, THERE'S ONE HOUSEKEEPING

16    MATTER.

17            THE COURT:  YES.

18            MS. DERMODY:  WE PUT THIS IN OUR DISCOVERY REPORT,

19    AND THIS IS ABOUT THIRD PARTY DISCOVERY OF MS. SANDBERG.

20            THE COURT:  YES.

21            MS. DERMODY:  WE'VE BEEN WORKING OUT COOPERATIVELY A

22    SCHEDULE THAT WORKS FOR MS. SANDBERG AND HER COUNSEL, BUT WE

23    WEREN'T SURE WHAT HEARING DATE THE COURT WOULD PICK, AND IT

24    WOULD DEPEND WHETHER THIS COURT IS GOING TO RETAIN DISCRETION

25    TO HEAR THAT MATTER OR HAVE IT REFERRED TO THE MAGISTRATE

```
 1        JUDGE.

 2            WE HAD PROPOSED EITHER MAY 21 OR MAY 23.  EITHER DATE WORKS

 3        FOR COUNSEL ON BOTH SIDES.

 4                THE COURT:  OKAY.  I'M GOING TO ASK THAT YOU PLEASE

 5        FILE THAT WITH JUDGE GREWAL.

 6                MS. DERMODY:  YES, YOUR HONOR.

 7                THE COURT:  OKAY.  WITH REGARD TO THE REST, CAN YOU

 8        SEE IF YOU CAN WORK OUT SOMETHING AND THEN LET MS. PARKER BROWN

 9        KNOW THAT YOU'RE READY AND THEN I'LL COME BACK OUT?  IS THAT

10        OKAY?

11                MS. DERMODY:  SURE, YOUR HONOR.

12                THE COURT:  OKAY, THANK YOU.

13                MR. MITTELSTAEDT:  THANK YOU.

14            AND, YOUR HONOR, FOR THOSE OF US WITHOUT DISCOVERY

15        DISPUTES, DO YOU WANT US TO STAY OR JUST --

16                THE COURT:  UM --

17                MR. MITTELSTAEDT:  I'M HAPPY TO STAY.

18                THE COURT:  WELL, JUST IN CASE WE START GOING ROGUE

19        ON A TOPIC THAT'S NOT ON CALENDAR, YOU MIGHT WANT TO BE AROUND

20        JUST IN CASE TO GIVE INPUT.

21                MR. MITTELSTAEDT:  THANK YOU.

22                THE COURT:  OKAY.  THANK YOU.

23                MR. SAVERI:  THANK YOU.

24                MS. DERMODY:  THANK YOU, YOUR HONOR.

25            (RECESS FROM 10:33 A.M. UNTIL 10:42 A.M.)
```

```
1              THE COURT:  ALL RIGHT.  YOU SETTLED THE CASE?

2              MS. DERMODY:  WE TRIED, YOUR HONOR.

3              MR. SAVERI:  WE WERE HAVING PIZZA, SO WE WANTED TO

4    TELL YOU WE LIKE PEPPERONI.

5              THE COURT:  OKAY.

6              MS. DERMODY:  YOUR HONOR, WE MET AND CONFERRED WITH

7    DEFENDANTS.  WE DON'T REALLY HAVE ANY CONTROVERSIES TO REPORT

8    TODAY, WE'RE HAPPY TO SAY.

9         WE HAVE A PROCESS WITH FACEBOOK ABOUT THE IN YOUR FACEBOOK

10   MATERIALS.  WE THINK THAT'S WELL UNDER WAY AND WE THINK THAT'LL

11   BE RESOLVED IN THE NATURAL COURSE, OR IT WON'T BE A PROBLEM AT

12   ANY RATE.

13        THE REST OF THE DEFENDANTS, WE HAVE HAD A DISCUSSION ABOUT

14   JUST CONFIRMING A PRODUCTION OF PAY RANGES OR MARKET RANGES

15   THAT THE COMPANIES HAVE USED OVER TIME, AND I THINK ALL OF THEM

16   ARE -- EITHER HAVE PRODUCED THAT MATERIAL OR, IF THEY HAVEN'T,

17   THEY'LL PRODUCE IT PROMPTLY AND THERE'S NO CONTROVERSY THERE.

18             THE COURT:  OKAY.

19             MS. DERMODY:  SO WE'RE HAPPY TO SAY THERE'S NOTHING

20   REALLY LIVE FOR THE COURT'S ATTENTION TODAY.

21             THE COURT:  OKAY.

22             MS. DERMODY:  WE DO WANT TO SET A FURTHER CMC, AND WE

23   WERE ALL LOOKING AT MAY 15 IF THAT WOULD WORK FOR THE COURT'S

24   SCHEDULE.

25             THE COURT:  OKAY.  LET ME HAVE MS. --
```

1        OH, PLEASE TAKE A SEAT.

2        LET ME HAVE MS. PARKER BROWN CHECK THAT.

3        SO THEN IT LOOKS LIKE THE ONLY MOTION, OR THE ONLY DISPUTE

4    THAT HASN'T BEEN RESOLVED IS THE THIRD PARTY DEPOSITION.  IS

5    THAT RIGHT?

6            MS. DERMODY:  THAT'S CORRECT, YOUR HONOR.

7            THE COURT:  ALL RIGHT.  THAT'S FINE.

8            MR. SAVERI:  BUT, YOUR HONOR, THERE ARE SOME

9    PRIVILEGE ISSUES I THINK THAT ARE STILL -- THEY'VE BEEN --

10           MR. HARVEY:  THE ONES THAT ARE PENDING ARE --

11           MR. SAVERI:  JUDGE GREWAL DOES HAVE SOME PENDING

12   PRIVILEGE ISSUES IN FRONT OF HIM, BUT THOSE HAVE BEEN

13   SUBMITTED, AND SO --

14           THE COURT:  OKAY.  SO NOTHING THAT'S GOING TO COME

15   OUT OF ECF NUMBER 385, WHAT YOU FILED ON FRIDAY?

16           MS. DERMODY:  THAT'S RIGHT.

17           MR. SAVERI:  RIGHT.

18           THE COURT:  OKAY.  SO IT'S ONLY GOING TO BE THAT

19   ISSUE.

20        OKAY, GOOD.  WELL, THANK YOU.

21        SO THAT TAKES CARE OF DISCOVERY.

22        LET'S FIGURE OUT THE NEXT CMC.  WE NEED ONE THAT SOON JUST

23   TO MAKE SURE EVERYTHING IS STILL ON TRACK?

24           MS. DERMODY:  I THINK SO, YOUR HONOR.

25           MR. SAVERI:  YOUR HONOR, I THINK ONE OF THE THINGS WE

1    WANTED TO DO IS MEET AND CONFER ON THINGS LIKE IN LIMINE

2    MOTIONS AND DAUBERT AND SUMMARY JUDGMENT.

3              THE COURT:  OKAY.

4              MR. SAVERI:  AND I THINK IT WOULD BE GOOD TO DO THAT

5    NOW AND BE ABLE TO REPORT BACK TO YOU RELATIVELY SOON.  SO

6    THAT'S WHY, AT LEAST FROM MY PERSPECTIVE, IT WOULD BE GOOD TO

7    HAVE A CMC.

8              THE COURT:  OKAY, THAT'S FINE.  LET'S JUST SEE IF

9    THAT'S A GOOD DATE.

10             THE CLERK:  I THINK IT WILL WORK.

11             THE COURT:  OKAY.

12             THE CLERK:  WE HAVE -- THERE ARE SIX SET, BUT ONE

13   CASE I BELIEVE IS SETTLING, SO --

14             THE COURT:  OKAY.  ALL RIGHT.  THAT'S FINE.

15         SO WE'LL DO THE NEXT CMC ON MAY THE 15TH OF 2013 AT 2:00.

16         I WOULD LIKE THESE DISCOVERY UPDATES TO CONTINUE EVERY

17   FRIDAY, ONCE A WEEK.

18         WHEN -- DO YOU CURRENTLY HAVE YOUR LAST DEPOSITION

19   SCHEDULED, OR NOT?

20             MR. SAVERI:  THE -- I THINK IT'S THURSDAY.

21             MR. RILEY:  THAT'S CORRECT.

22             MR. SAVERI:  BOB MANSFIELD.

23             THE COURT:  OKAY.

24             MR. SAVERI:  SO I THINK THAT'S WHERE WE ARE.

25             THE COURT:  OKAY.  SO THEN DO WE CONTINUE TO NEED THE

```
1     DISCOVERY REPORTS WEEKLY, OR NOT?

2               MS. DERMODY:  I DON'T THINK SO.  YOUR HONOR, I THINK

3     PERHAPS THIS NEXT ROUND WOULD BE THE LAST ONE PERHAPS, AND

4     MAYBE THE PARTIES CAN LET THE COURT KNOW IF WE THINK WE NEED

5     ADDITIONAL REPORTS.

6               THE COURT:  OKAY.

7               MS. DERMODY:  BUT IT'S BEEN A VERY HELPFUL PROCESS

8     AND I THINK WE'RE NOW TOWARDS THE VERY, VERY END.

9               MR. SAVERI:  YEAH.

10              THE COURT:  OKAY.  SO THEN APRIL 12TH WILL BE THE

11    LAST ONE UNLESS YOU SAY OTHERWISE.  OKAY, THAT'S FINE.

12         ALL RIGHT.  NOW, AND -- AND I'M GLAD YOU STAYED,

13    MR. MITTELSTAEDT, BECAUSE I DID HAVE A QUESTION.

14         I THOUGHT, DURING THE LAST CLASS CERT HEARING, ACTUALLY AN

15    EVIDENTIARY HEARING WOULD HAVE BEEN USEFUL, SO WHAT DO YOU ALL

16    THINK ABOUT THAT?

17         AND IF THERE WAS AN EVIDENTIARY HEARING, WOULD THAT JUST BE

18    EXPERTS?  OR WOULD THAT BE FACT WITNESSES?  WHAT WOULD THAT

19    LOOK LIKE IF WE DID THAT FOR THE NEXT ROUND?

20         OR DO YOU WANT TO THINK ABOUT IT AND GET BACK TO ME AT THE

21    NEXT CMC IN MAY?

22              MR. MITTELSTAEDT:  YEAH, LET'S DO THAT.

23              MS. DERMODY:  YES.

24              THE COURT:  OKAY.  MY SENSE IS, AT LEAST RIGHT NOW,

25    THAT I THINK THE EXPERTS MIGHT BE HELPFUL, BUT I'M NOT REALLY
```

1    AS INTERESTED IN ANY FACT WITNESSES.

2         MR. MITTELSTAEDT:  YEAH.

3         MR. SAVERI:  SO, YOUR HONOR, WE WANT TO ANSWER THE

4    QUESTIONS THAT YOU HAVE.

5         THE COURT:  UM-HUM.

6         MR. SAVERI:  WE'D LIKE TO KEEP IT SHORT AND SWEET AND

7    DIRECTED, AND SO I THINK, FRANKLY, WE WERE CONTEMPLATING

8    SOMETHING, AT LEAST IN TERMS OF PRESENTATION, LIKE WE DID

9    BEFORE.  SO IF THERE'S SOMETHING ELSE, I THINK WE'D NEED TO

10   TALK ABOUT IT.

11        THE COURT:  YOU MEAN COUNSEL AS OPPOSED TO AN EXPERT?

12        MR. SAVERI:  YEAH.

13        THE COURT:  WELL, I WOULD ANTICIPATE THAT THE NEXT

14   HEARING WILL BE SOMEWHAT SIMILAR, THAT I WILL COME WITH A BUNCH

15   OF QUESTIONS RATHER THAN HAVING THE PARTIES DO SORT OF A

16   PREPARED POWERPOINT OR THAT KIND OF PREPARED PRESENTATION.

17      AND SO I DON'T MEAN A HEARING IN TERMS OF HAVING, YOU KNOW,

18   LIKE A DIRECT AND A CROSS-EXAMINATION.  I MEAN IN TERMS OF IF I

19   HAVE QUESTIONS TO HAVE THE EXPERTS AVAILABLE IN CASE --

20        MR. SAVERI:  OKAY.

21        THE COURT:  -- THEY MIGHT BE MORE KNOWLEDGEABLE ABOUT

22   THE NITTY GRITTY OF THEIR OWN, YOU KNOW, TABLES AND ANALYSES

23   AND THAT KIND OF THING.

24      OKAY.  IS THAT --

25        MR. SAVERI:  OKAY.

1      THE COURT:  SO IT'S MORE LIKE THEY'RE ANOTHER VOICE

2  TO BE ABLE TO ANSWER QUESTIONS AND TO DIRECT QUESTIONS.  THAT'S

3  MORE WHAT I HAD ENVISIONED VERSUS SOMEONE COMING UP TO THE

4  WITNESS STAND AND YOU ALL CONDUCTING A DIRECT OR CROSS.

5    DOES THAT MAKE SENSE?

6      MS. DERMODY:  YES, YOUR HONOR.

7      MR. SAVERI:  WE HEAR YOU.

8      MS. DERMODY:  WE'LL DISCUSS IT.

9      MR. SAVERI:  RIGHT.  AND I DO THINK WE CAN MAKE THE

10  PRESENTATION, BUT IF --

11      THE COURT:  OKAY.

12      MR. SAVERI:  -- IF THERE'S ANOTHER WAY THAT YOU --

13  THAT WE CAN PROVIDE THE INFORMATION YOU NEED, WE'LL TALK ABOUT

14  IT.

15      THE COURT:  OR JUST TO HAVE THEM AVAILABLE SO THEY

16  CAN CONSULT WITH THE LAWYERS.

17      MR. SAVERI:  OKAY.

18      THE COURT:  JUST HAVE THEM AT THE HEARING TO BE

19  AVAILABLE AND SERVE AS A RESOURCE FOR THE ATTORNEYS.  I DON'T

20  HAVE ANY SET VIEW ON HOW IT'S DONE, BUT I JUST THINK THAT

21  HAVING THEM IN THE ROOM AND SOMEONE BEING ABLE TO CONSULT THEM

22  MIGHT BE USEFUL.

23      MR. SAVERI:  OKAY.

24      THE COURT:  BUT IF YOU COULD THINK ABOUT THAT AS WELL

25  AND IN YOUR JOINT CASE MANAGEMENT STATEMENT BEFORE THE NEXT CMC

1       IN MAY, JUST GIVE SOME PROPOSAL WHAT THAT MIGHT LOOK LIKE.

2           I DON'T WANT A LONGER HEARING.  WE ALREADY DID -- WHAT? --

3       SEVERAL HOURS, BUT I'M GOING TO HAVE VERY FOCUSSED QUESTIONS

4       AND I WANT WHOEVER CAN GIVE ME THE INFORMATION I NEED TO BE

5       AVAILABLE.  THAT'S ALL.

6           MS. DERMODY:  ALL RIGHT.

7           THE COURT:  OKAY.  NOW, ANOTHER THING THAT I WOULD

8       LIKE YOU TO -- I WOULD REALLY LIKE TO LIMIT THE NUMBER OF

9       MOTIONS TO STRIKE IN THE NEXT ROUND.  I'VE ALREADY SAID BEFORE

10      THAT IF IT'S REALLY JUST WEIGHT AND NOT ADMISSIBILITY, I REALLY

11      DON'T WANT TO SEE A 702 MOTION ON STUFF THAT REALLY SHOULD BE

12      RESERVED FOR CROSS AND FOR CLOSING ARGUMENTS.

13          SO CAN WE HAVE YOU ALL ALSO DISCUSS THAT AS -- I MEAN, IT'S

14      JUST THAT, YOU KNOW, WE'RE GOING THROUGH SEQUESTRATION AND WITH

15      ALL OF THESE CASES, TO THE EXTENT WE CAN AVOID AN OTHERWISE

16      UNNECESSARY MOTION, I'D GREATLY APPRECIATE IT.

17          IF, FOR APPEAL, YOU NEED TO AT LEAST JUST PUT ON THE RECORD

18      THAT, YOU KNOW, THAT YOU BOTH -- BOTH SIDES STIPULATE THAT YOU

19      WOULD HAVE FILED A 702 MOTION TO STRIKE, YOU KNOW, ON THE BASIS

20      OF NOT MEETING THE REQUIREMENTS OF 702, I'M FINE.

21          BUT IF THERE'S SOME WAY -- I HAVE DONE THAT IN OTHER CASES

22      WHERE -- THE PATENT CASE THAT WENT TO TRIAL IN DECEMBER, THE

23      PARTIES JUST STIPULATED THAT THEY WOULD HAVE FILED ALL THESE

24      RULE 50 MOTIONS AND FOR PURPOSES OF APPEAL, THEY RESERVED IT,

25      BUT THEN WE DIDN'T ACTUALLY GO THROUGH ALL OF THE ACTUAL

1    MOTIONS.

2            MR. SAVERI:  YOUR HONOR, SO WE WERE THE MOVING PARTY

3    ON A LOT OF THE MOTIONS TO STRIKE.

4            THE COURT:  YEAH.

5            MR. SAVERI:  AND THEY REALLY CAME UP FOR TWO REASONS.

6    ONE WAS IT HAD TO DO WITH THE EXTENT TO WHICH THE EXPERT RELIED

7    ON MATERIALS THAT WE BELIEVED WE DIDN'T GET IN ADVANCE.

8            THE COURT:  RIGHT.  AND THE DECLARATIONS -- I GRANTED

9    IT IN PART.

10           MR. SAVERI:  AND SO --

11           THE COURT:  I'M NOT TALKING ABOUT THAT ONE.

12      BUT I'M TALKING ABOUT JUST THE 702 TYPE DAUBERT OBJECTIONS.

13           MR. SAVERI:  OKAY.

14           THE COURT:  YEAH, NO.  I THOUGHT THAT WAS LEGITIMATE.

15   IF I GRANTED IT, I OBVIOUSLY AGREED WITH YOU.

16      BUT TO THE EXTENT WE CAN AVOID UNNECESSARY DAUBERT MOTIONS,

17   I WOULD GREATLY APPRECIATE IT.

18           MR. MITTELSTAEDT:  YOUR HONOR, WE WILL TAKE THAT INTO

19   ACCOUNT.  WE CAN'T REALLY PROMISE ANYTHING --

20           THE COURT:  SURE, BECAUSE YOU HAVEN'T SEEN IT.

21           MR. MITTELSTAEDT:  -- UNTIL WE SEE --

22           THE COURT:  WELL, I AM GOING TO REQUIRE IF YOU DO DO

23   IT, IT'S GOING TO HAVE TO BE INCLUDED IN YOUR 25 BRIEFING

24   LIMITS PER THE CIVIL LOCAL RULES.  I'M NOT GOING TO GIVE YOU

25   ANY EXTENSIONS THIS TIME AROUND TO INCLUDE A LOT OF OTHER

1    STUFF.  THIS TIME THE BRIEFING IS GOING TO BE -- YOU WANT IT TO

2    BE MORE THAN 25, 25, AND 15?  OR WHAT?

3              MS. DERMODY:  I THINK THAT'S FINE, YOUR HONOR.

4              THE COURT:  OKAY.

5         ALL RIGHT.  WHAT ELSE?  IS THERE ANYTHING ELSE WE NEED TO

6    COVER TODAY?

7              MR. MITTELSTAEDT:  NOT FROM OUR SIDE.

8              MS. DERMODY:  NOTHING HERE.

9              THE COURT:  NO?  OKAY.  THEN WE'LL SEE YOU ON

10   MAY 15TH.

11             MR. SAVERI:  THANK YOU, YOUR HONOR.

12             MS. DERMODY:  THANK YOU, YOUR HONOR.

13             THE COURT:  WE'LL ISSUE A CASE MANAGEMENT ORDER WITH

14   ALL THE DATES, TOO.  THANK YOU.

15             MR. MITTELSTAEDT:  THANK YOU, YOUR HONOR.

16             MS. DERMODY:  THANK YOU, YOUR HONOR.

17             MR. SAVERI:  THANK YOU, YOUR HONOR.

18        (THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

19

20

21

22

23

24

25

1

2

3                       CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8   STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9   280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10  CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12  A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13  ABOVE-ENTITLED MATTER.

14

15

16  _____

17  LEE-ANNE SHORTRIDGE, CSR, CRR
    CERTIFICATE NUMBER 9595

18         DATED:  APRIL 12, 2013

19

20

21

22

23

24

25