Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**JOINT DISCOVERY STATUS REPORT** |

Pursuant to the Court's April 1, 2013 Case Management Order (Dkt. 380), the parties submit this joint discovery status report.

## I. Status of Discovery

Since the April 5, 2013 Joint Discovery Status Report, the following depositions have taken place:

- Paul Schreiber (former Apple) on April 6, 2013.
- Robert Mansfield (Apple) on April 11, 2013.

The following are the dates of outstanding depositions that have been or are being scheduled:

- Sheryl Sandberg (former Google).

Since April 5, 2013 Joint Discovery Status Report, Defendants have collectively produced a small number of documents.[1]

## II. Salary Range and/or Market Reference Guideline

On February 22, 2013, Plaintiffs asked each Defendant to confirm that it had produced all compensation materials in response to Plaintiffs' Requests for Production of Documents. For instance, Request for Production No. 20 in Plaintiffs' First Request for Production of Documents, propounded on October 3, 2011, called for "All documents concerning any method, formula, policy, practice, or calculation you . . . used for determining compensation of employees." Defendants' salary ranges fall squarely within the call of Plaintiffs' request. All Defendants have long confirmed that their production of compensation materials was complete. However, at the close of discovery, Plaintiffs became concerned that certain Defendants had not completed their production in this area. Specifically, deposition testimony indicated that each Defendant used salary ranges and/or market reference guidelines associated with the employee job titles/codes included in the proposed class to inform their compensation decisions. Plaintiffs remain uncertain as to whether all Defendants have produced this information for each year in the discovery period.

During the April 8, 2013 Case Management Conference, counsel for Adobe, Apple, Intel, Intuit, Lucasfilm, and Pixar agreed to confirm that they have produced documents sufficient to show their salary and/or market ranges during the discovery period. Google had already

---

[1] For example, Pixar produced four documents, consisting of 400 pages.

confirmed its production prior to the Case Management Conference.  Adobe did so on April 9, 2013.

Apple:  On April 10, 2013, Plaintiffs' counsel asked Apple to either produce its salary ranges for all class job titles and/or codes during the discovery period, or to indicate where in their production Apple had already done so.  The same day, counsel for Apple informed Plaintiffs that Apple has produced documents reflecting its recommended salary ranges.  However, the documents that Apple pointed to are partial examples of salary range data, rather than the comprehensive sets of salary range data that Plaintiffs requested.  On April 12, 2013, Plaintiffs' counsel again wrote to Apple to clarify that Plaintiffs seek salary ranges for all class job titles and/or codes during the discovery period.  Later on April 12, Apple indicated that it had produced documents reflecting recommended salary ranges throughout the class period and identified those documents by Bates number.  Plaintiffs are in the process of reviewing these documents and discussing with Apple whether production in response to their request is complete.

Intel:  On April 10, 2013, Plaintiffs' counsel asked Intel to either produce its salary ranges for all class job titles and/or codes during the discovery period, or to indicate where in their production Intel had already done so.  Intel responded on April 12, 2013 that it had produced salary range data for the class period in a single file.  Plaintiffs and Intel will continue to meet and confer on the question of whether that file contains the Intel job code-specific information that Plaintiffs seek.

Intuit:  On April 8, 2013, Plaintiffs' counsel asked Intuit to either produce its market data reference points associated with Intuit job titles and/or codes during the discovery period, or to indicate where in their production Intuit had already done so. Intuit's counsel is still investigating whether Intuit maintains this information for the class period.

Lucasfilm: On April 10, 2013, Plaintiffs' counsel asked Lucasfilm to either produce its salary ranges for all class job titles and/or codes during the discovery period, or to indicate where in their production Lucasfilm had already done so.  Lucasfilm responded, pointing to several salary range-related documents and producing one additional document.  Plaintiffs and Lucasfilm

will continue to meet and confer on the question of whether that file contains the complete information that Plaintiffs seek.

<u>Pixar</u>: Plaintiffs and Pixar are engaged in an on-going meet and confer regarding Pixar's internal use of market salary range data. Pixar identified sample documents already produced that correlate external market data with Pixar's own job codes and/or titles. Plaintiffs have asked Pixar to confirm that it has produced all such documents.

### III. Steve Jobs Apple Town Hall Materials

Plaintiffs have learned that during the time Steve Jobs was Apple CEO, Steve Jobs conducted company-wide internal meetings or assemblies that were sometimes referred to as a "Town Hall." Plaintiffs have learned that during some of the meetings, Steve Jobs and others from Apple discussed certain issues relevant to this case, including but not limited to policies or philosophies regarding recruiting and compensation, Jobs' personal involvement in recruiting matters, as well as discussions of business dealings, collaborations and other relationships between Apple and other companies, including Defendants. Plaintiffs have asked Apple to produce records (including transcripts, video, and audio) of such meetings, to the extent they have not been produced. Apple and Plaintiffs are discussing these matters. Apple has produced the transcript from its January 28, 2010 town hall meeting at Plaintiffs' request and has agreed to search for and produce additional responsive materials regarding these meetings.

Plaintiffs have also asked to schedule the deposition of Phil Schiller, a senior Apple Executive, whom they believe was personally involved in the communications which gave rise to the May 2005 email communication between Steve Jobs and Bruce Chizen (Adobe's CEO) memorializing an agreement between the two companies. Apple and Plaintiffs are discussing this. Apple believes this request is untimely and improper, but is meeting and conferring with Plaintiffs to see if this issue can be resolved.

### IV. Google "inyourfacebook" Documents

Google has completed a search for materials related to this site and will be producing additional related documents next week.

**V.     Discovery Status Reports**

Plaintiffs respectfully submit that the parties should continue to provide the Court with weekly discovery status reports until the aforementioned discovery issues are resolved.

Respectfully submitted,

Dated:  April 12, 2013          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


By:       */s/ Kelly M. Dermody*
                Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Co-Lead Counsel for Plaintiff Class*

Dated:  April 12, 2013          JOSEPH SAVERI LAW FIRM


By:       */s/ Joseph R. Saveri*
                Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA 94111
Telephone:  415. 500.6800
Facsimile:  415. 500.6803

*Co-Lead Counsel for Plaintiff Class*

| | | |
|---|---|---|
| 1 | Dated: April 12, 2013 | O'MELVENY & MYERS LLP |
| 2 | | |
| 3 | | By:    */s/ Michael F. Tubach*<br>Michael F. Tubach |
| 4 | | George Riley |
| 5 | | Michael F. Tubach<br>Lisa Chen |
| 6 | | Christina J. Brown<br>Two Embarcadero Center, 28th Floor |
| 7 | | San Francisco, CA  94111<br>Telephone:  (415) 984-8700 |
| 8 | | Facsimile:  (415) 984-8701 |
| 9 | | *Attorneys for Defendant APPLE INC.* |
| 10 | Dated: April 12, 2013 | KEKER & VAN NEST LLP |
| 11 | | |
| 12 | | By:    */s/ Daniel Purcell*<br>Daniel Purcell |
| 13 | | John W. Keker |
| 14 | | Daniel Purcell<br>Eugene M. Page |
| 15 | | 633 Battery Street<br>San Francisco, CA  94111 |
| 16 | | Telephone:  (415) 381-5400<br>Facsimile:  (415) 397-7188 |
| 17 | | *Attorneys for Defendant LUCASFILM LTD.* |
| 18 | Dated: April 12, 2013 | JONES DAY |
| 19 | | |
| 20 | | By:    */s/ David C. Kiernan*<br>David C. Kiernan |
| 21 | | Robert A. Mittelstaedt |
| 22 | | Craig A. Waldman<br>David C. Kiernan |
| 23 | | 555 California Street, 26th Floor<br>San Francisco, CA  94104 |
| 24 | | Telephone:  (415) 626-3939<br>Facsimile:  (415) 875-5700 |
| 25 | | *Attorneys for Defendant ADOBE SYSTEMS, INC.* |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| Dated: April 12, 2013 | JONES DAY | |
| | By: | */s/ Robert A. Mittelstaedt* |
| | | Robert A. Mittelstaedt |

Robert A. Mittelstaedt
Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Catherine T. Zeng
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

| | | |
|---|---|---|
| Dated: April 12, 2013 | MAYER BROWN LLP | |
| | By: | */s/ Lee H. Rubin* |
| | | Lee H. Rubin |

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2057
Facsimile: (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

| | | |
|---|---|---|
| Dated: April 12, 2013 | BINGHAM McCUTCHEN LLP | |
| | By: | */s/ Frank M. Hinman* |
| | | Frank M. Hinman |

Donn P. Pickett
Frank M. Hinman
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 383-2286

*Attorneys for Defendant INTEL CORPORATION*

| | | |
|---|---|---|
| 1 | Dated: April 12, 2013 | COVINGTON & BURLING LLP |

By: _/s/ Emily Johnson Henn_
           Emily Johnson Henn

Robert T. Haslam, III
Emily Johnson Henn
333 Twin Dolphin Drive, Suite 700
Redwood City, CA 94065
Telephone: (650) 632-4700

*Attorneys for Defendant PIXAR*

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.