Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James D. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803

*Interim Co-Lead Counsel for Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF DR. EDWARD E. LEAMER IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION** |

1   I, Edward E. Leamer, declare as follows:

2   1. On December 10, 2012, I submitted a Reply Expert Report in Support of Plaintiffs' Motion for Class Certification. In that report, I responded to "Defendants' anecdotal examples" which purported "to show that similar Class Members have very disparate and unexplainable differences in compensation." Leamer Reply ¶ 62. I explained that, when controlling for "common objective factors, such as title," there is a lack of variation among similar employees, demonstrating the effects of Defendants' compensation structures and enforcement of internal equity. *Id.* ¶¶ 62-64. The underlying data was first produced by Defendants. I later provided the data to Defendants as part of the master dataset I produced to Defendants with my initial expert report, filed October 1, 2012.

3   2. On January 9, 2013, Defendants filed a Supplemental Declaration of Professor Kevin M. Murphy in Support of Defendants' Administrative Motion for Leave to Supplement the Record ("Murphy Supplemental Declaration"). The Murphy Supplemental Declaration attaches tables of salary and total compensation data for Apple and Intel employees over time. However, the tables in the Murphy Supplemental Declaration improperly combine employees who held different job titles in the same year, and thus group employees who were not, in fact, "similarly situated." Supp. Murphy Decl., Ex. A. The tables make no distinction among employees who changed job titles due to separations, job transfers, demotions, promotions, etc.

4   3. I have attached as Exhibit A charts that separate these same employees into groups who shared the same job titles over the same years described in the Murphy Supplemental Declaration. Here, again, the effects of Defendants' compensation structures and enforcement of internal equity is apparent. These data further support my opinion that Defendants' salary structures, and enforcement of internal equity, would have spread the effects of their agreements on compensation broadly across all or nearly all members of the Class.

1075126.1   - 1 -   DECLARATION OF DR. EDWARD E. LEAMER IN OPPOSITION TO DEFENDANTS' ADMIN. MOTION
Master Docket No. 11-CV-2509-LHK

1 | I declare under penalty of perjury under the laws of the United States that the above is true
2 | and correct.
3 | Executed on January 14, 2013, in Los Angeles, California.

_____
Edward E. Leamer

# EXHIBIT A

Highly Confidential
Attorney's Eyes Only

**Base Salary Growth of 4 Apple Employees**



Note: Grouped employees have same job titles 2008-2011.  Numbers may differ slightly
        from Dr. Murphy's Exhibits due to rounding in his calculations.

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

Highly Confidential
Attorney's Eyes Only

**Total Compensation Growth of 4 Apple Employees**



Note: Grouped employees have same job titles 2008-2011.  Numbers may differ slightly
    from Dr. Murphy's Exhibits due to rounding in his calculations.

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

Highly Confidential
Attorney's Eyes Only

## Base Salary Growth of 28 Intel Employees



Note: Grouped employees have same job titles 2007-2011.  Numbers may differ slightly from Dr. Murphy's Exhibits due to rounding in his calculations.

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

Highly Confidential
Attorney's Eyes Only

**Total Compensation Growth of 28 Intel Employees**



Note: Grouped employees have same job titles 2007-2011.  Numbers may differ slightly from Dr. Murphy's Exhibits due to rounding in his calculations.

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

Highly Confidential
Attorney's Eyes Only

## Base Salary Growth of 4 Apple Employees: Job Title Groups



Note: Grouped employees have same job titles 2008-2011. Numbers may differ slightly from Dr. Murphy's Exhibits due to rounding in his calculations

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

**Total Compensation Growth of 4 Apple Employees: Job Title Groups**

Note: Grouped employees have same job titles 2008-2011. Numbers may differ slightly from Dr. Murphy's Exhibits due to rounding in his calculations

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

Highly Confidential
Attorney's Eyes Only

## Base Salary Growth of 28 Intel Employees: Job Title Groups



Note: Grouped employees have same job titles 2007-2011. Numbers may differ slightly from Dr. Murphy's Exhibits due to rounding in his calculations.

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.

Highly Confidential
Attorney's Eyes Only

**Total Compensation Growth of 28 Intel Employees: Job Title Groups**



Note: Grouped employees have same job titles 2007-2011. Numbers may differ slightly from Dr. Murphy's Exhibits due to rounding in his calculations.

Source: Exhibit A of Dr. Murphy's Supplemental Declaration.