1  BINGHAM MCCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  FRANK M. HINMAN (SBN 157402)
   KRYSTAL N. BOWEN (SBN 163972)
3  SUJAL J. SHAH (SBN 215230)
   SUSAN J. WELCH (SBN 262320)
4  FRANK BUSCH (SBN 258288)
   Three Embarcadero Center
5  San Francisco, CA  94111-4067
   Telephone:  415.393.2000
6  Facsimile:  415.393.2286
   donn.pickett@bingham.com
7  frank.hinman@bingham.com
   krystal.bowen@bingham.com
8  sujal.shah@bingham.com
   susan.welch@bingham.com
9  frank.busch@bingham.com

10 Attorneys for Defendant
   Intel Corporation

11

              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15 | IN RE: HIGH-TECH EMPLOYEE | Master Docket No. 11-CV-2509-LHK |
16 | ANTITRUST LITIGATION | |
17 | THIS DOCUMENT RELATES TO: | **DECLARATION OF FRANK BUSCH IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SEAL** |
18 | ALL ACTIONS | |
19 | | |
20 | | Date Consolidated Amended Compl. Filed: September 13, 2011 |
21 | | |

22

23

24

25

26

27

28

1    I, Frank Busch, declare:

2        1.      I am an attorney duly licensed to practice law in the State of California, and an

3    associate at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation

4    ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on

5    information and belief.  On behalf of Intel, I make this declaration pursuant to Civil Local Rule

6    79-5(d) and 7-11(a) to demonstrate that good cause exists for the documents described below to

7    remain under seal.  I make this declaration in support of Defendants' Joint Administrative

8    Motion to Seal filed concurrently with this Declaration.  If called and sworn as a witness, I could

9    and would competently testify to the matters stated below.

10        ***The Intel Confidential Information That Should Be Sealed***

11        2.      I have reviewed the sealed portions of: (1) the Expert Report of Edward E.

12    Leamer, Ph.D. (Dkt. 190, "Leamer"); (2) the Report of Professor Kevin M. Murphy (Dkt. 230,

13    "Murphy"); (3) the Reply Expert Report of Edward E. Leamer, Ph.D. (Dkt. 249, "Leamer

14    Reply"); (4) Defendants' Joint Administrative Motion for Leave to Supplement the Record in

15    Support of Defendants' Opposition to Plaintiffs' Motion For Class Certification (Dkt. 263,

16    "Motion to Supplement"); (5) the Supplemental Declaration of Professor Kevin M. Murphy in

17    Support of Administrative Motion for Leave to Supplement the Record (Dkt. 263-3, "Murphy

18    Supplement"); (6) Plaintiffs' Opposition to Defendants' Joint Administrative Motion for Leave

19    to Supplement the Record in Support of their Opposition to the M otion for Class Certification

20    and Motion to Strike Dr. Leamer's Expert Report (Dkt. 270, "Supplement Opposition"); and (7)

21    the Declaration of Dr. Edward E. Leamer in Opposition to Defendants' Administrative Motion

22    (Dkt. 270-1, "Leamer Supplement").  As described below, they quote from and reference Intel's

23    documents and data that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24    ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

25        3.      The types of information reflected in the documents at issue here are similar to the

26    types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs'

27    Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class

28    Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203)

DECLARATION OF FRANK BUSCH

1   ("Evangelista Declaration").

2   **_The Reasons For Sealing The Redacted Information And Underlying Documents_**

3   4.      According to the Evangelista Declaration, because the types of information

4   contained in redacted portions of the above-referenced filings are similar to the types of

5   information described therein, the following reasons support the motion to seal.

6   5.      The Intel documents and data quoted or described in the above-referenced filings

7   contain information regarding confidential business practices that gives Intel a competitive

8   advantage in recruiting, retaining and compensating its employees

9   6.      Intel derives independent economic value from the strategic information and data

10  contained in these types of documents not being generally known to the public or to other

11  persons, including Intel's many labor market competitors, who can obtain economic value from

12  its disclosure or use.

13  7.      It is Intel's practice to treat these types of documents and data as confidential, and

14  not to disclose them outside the company.  I am informed and believe that Intel has taken

15  reasonable steps to ensure that these documents remain confidential, including designating them

16  AEO pursuant to the Protective Order filed in this Action.

17  8.      Specifically, Intel seeks to seal the following Intel confidential, commercially

18  sensitive information in the above-referenced filings:

19  • **Leamer figures 3 and 4** reflect Intel's compensation policies.  In particular, the

20      figures describe specific salary ranges and specific elements of Intel's compensation

21      philosophy, including policies regarding counter offers.

22  • **Leamer page 34, footnote 112** reflects Intel's sourcing strategies.  In particular, the

23      footnote describes the relative value of a specific recruiting technique.

24  • **Leamer page 44, footnote 127** reflects Intel's compensation practices.  In particular,

25      the footnote describes Intel's benchmarking procedures.

26  • **Leamer page 50, footnote 160** reflects Intel's compensation strategies.  In particular,

27      the footnote describes Intel's strategies to effectively compensate its employees.

28  • **Leamer page 51, paragraph 123** reflects Intel's compensation policies.  In

2

Master Docket No. ll-CV-2509-LHK

DECLARATION OF FRANK BUSCH

A/75487561.1

1   particular, the text describes Intel's guidance to managers in setting compensation for

2   new employees.

3   • **Leamer figure 10** reflects Intel's compensation policies.  In particular, the figure

4   describes Intel's policies regarding employee equity awards.

5   • **Murphy page 13, footnote 20** reflects Intel's recruiting strategies.  In particular, it

6   identifies information about companies that Intel targets for recruiting.

7   • **Murphy, Exhibits 1A-B, 2A-B, 3, 5, 6, 7A-8B, and 10 and Appendices 1A-2D, 5B,**

8   **6B, and 7B** reflect information contained in Intel's recruiting and/or compensation

9   data.  In particular, each chart presents this highly sensitive information in a

10   sufficiently detailed manner that would disclose to Intel's competitors how Intel

11   compensates or recruits its employees.  Intel seeks only to seal information in the

12   referenced exhibits that is taken from its own data, but I am informed and believe that

13   other defendants will seek to seal their own data.

14   • **Leamer Reply page 19, footnote 51** reflects Intel's compensation policies.  In

15   particular, the footnote describes the compensation implications of a demotion.

16   • **Leamer Reply figure 1** reflects Intel's compensation strategies.  In particular, the

17   figure shows the number of Intel employees receiving a raise in certain years, which

18   would disclose Intel's focal budgeting strategy.

19   • **Leamer Reply page 29, paragraphs 62-63** reflect Intel's compensation practices.  In

20   particular, these paragraphs describe compensation given to a specific group of Intel

21   employees, and certain demographic characteristics of those employees.

22   • **Motion to Supplement page 2, lines 1-8** reflects Intel's compensation practices.  In

23   particular, these lines describe compensation given to a specific group of Intel

24   employees, and certain demographic characteristics of those employees.

25   • **Murphy Supplement page 2, lines 8-12 and Exhibit A** reflect Intel's compensation

26   practices.  In particular, they describe compensation given to a specific group of Intel

27   employees, and certain demographic characteristics of those employees.

28   • **Supplement Opposition page 5, lines 6-11** reflects Intel's compensation practices.

3

Master Docket No. ll-CV-2509-LHK

DECLARATION OF FRANK BUSCH

1    In particular, these lines describe compensation given to a specific group of Intel

2    employees, and certain demographic characteristics of those employees.

3    • **Leamer Supplement Exhibit A** reflects Intel's compensation practices.  In

4    particular, it describes compensation given to a specific group of Intel employees, and

5    certain demographic characteristics of those employees.

6    ### *The Particularized Harm Disclosure Would Cause*

7    9.    According to the Evangelista Declaration, because the types of information

8    redacted from the above-referenced documents are similar to the types of information described

9    therein, Intel would suffer the following particularized harm if the redacted information is

10   disclosed to the public.  The public disclosure of the Intel confidential information contained in

11   Intel's documents and data described above would put Intel at a significant competitive

12   disadvantage in terms of its ability to identify, recruit, and compensate its employees.  Public

13   disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related

14   strategies, policies and practices would also deprive Intel of its investment in developing those

15   strategies and give the scores of other companies with which Intel competes an unearned

16   advantage by giving them the benefit of Intel's investments.  Public disclosure of Intel's detailed

17   compensation data would also give those other companies an unearned advantage by giving them

18   the benefit of Intel's compensation strategies, compensation levels, and other related

19   information.

20   10.    Because these documents cannot be disclosed to the public without causing this

21   harm, their contents should be protected by redacting them and each reference to their contents

22   from public filings.

23

24

25

26

27

28

4

DECLARATION OF FRANK BUSCH

A/75487561.1

1            I declare under penalty of perjury that the foregoing is true and correct.  Executed

2    in San Francisco, California on April 12, 2013.

3

4

5                                                     _____
                                                            /s/ Frank Busch
                                                             Frank Busch

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Master Docket No. ll-CV-2509-LHK

DECLARATION OF FRANK BUSCH

A/75487561.1