MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

**Master Docket No. 11-CV-2509-LHK**

**DECLARATION OF ANNE M. SELIN IN SUPPORT OF DEFENDANTS' JOINT RENEWED ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE EXPERT REPORTS OF DR. LEAMER AND DR. MURPHY**

I, Anne M. Selin, declare as follows:

1. I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter. I am admitted to practice law before this Court. I submit this declaration in support of Defendants' Joint Renewed Administrative Motion to Seal Portions of the Expert Reports of Dr. Leamer and Dr. Murphy that is being filed concurrently herewith. As an attorney involved in the defense of this action, unless otherwise

stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I have read and reviewed the Declarations of Frank Wagner (Google's Director of Compensation) that were filed on October 9, 2012, November 12, 2012 and December 18, 2012 (Dkts. 201, 221 and 261, respectively) in this matter. In those Declarations, Mr. Wagner describes the competitive harm that Google would suffer if certain confidential and highly sensitive details and data included in the following expert reports were made public: (i) the Expert Report of Edward E. Leamer, Ph.D. dated October 1, 2012 ("Leamer Report"); (ii) the Expert Report of Professor Kevin M. Murphy dated November 12, 2012 ("Murphy Report"); and (iii) the Reply Expert Report of Edward E. Leamer, Ph.D. dated December 10, 2012 ("Leamer Reply Report").

3. Pursuant to this Court's April 8, 2013 Order, Google has identified and made specific and narrowly tailored redactions of particular portions of the Leamer Report, Murphy Report, and Leamer Reply Report (as identified in Paragraph 4 below) that contain the most confidential and highly sensitive details about Google's compensation, recruiting, and hiring strategies and practices, including confidential details about Google's internal deliberations and business strategy related to making counteroffers as well as responding to competition from a rival employer in an effort to retain employees.

4. In particular, Google renews its request to seal the following portions of the Leamer Report, Murphy Report and Leamer Reply Report:

a) **Leamer Report**

i. Page 17, footnote 65 (numbers of recruiters and hires only)

ii. Page 23, Figures 3 and 4 (rows pertaining to Google)

iii. Page 26, Paragraph 59 (select portions of the second sentence)

iv. Page 27, footnote 101 (names of companies only)

v. Page 27, footnote 103

vi. Page 45, Paragraph 107 (select portions of the first five sentences)

vii. Page 45, footnote 129 (select portion of footnote)

viii. Page 45-46, footnote 135

ix. Page 46, Paragraph 108 (last sentence only)

x. Page 46, Paragraph 109

xi. Page 46, footnote 138

xii. Page 46, footnote 139

xiii. Page 47, Paragraph 111

xiv. Page 48, Paragraphs 115, 116 and 117

xv. Page 49, Paragraph 119

xvi. Page 49, footnote 155

xvii. Page 53, Figure 10 (row pertaining to Google)

xviii. Page 60, Figure 16

b) **Murphy Report**

i. Page 13, footnote 20 (last clause of last sentence only, listing employers)

ii. Page 14, Paragraph 20

iii. Page 14, footnote 24 (last parenthetical only)

iv. Page 21, Paragraph 35 (figures in last sentence only)

v. Page 25, Paragraph 43 (last two sentences only)

vi. Page 26, Paragraph 45 (portion of third sentence only)

vii. Pages 26-27, Paragraph 46 (fourth sentence only)

viii. Pages 42-43, Paragraph 78 (last three sentences only)

ix. Page 43, Paragraph 79 (first sentence and portion of last sentence)

x. Page 44, footnote 104 (portion of second sentence and last sentence)

xi. Page 45, footnote 107

xii. Page 47, footnote 114 (first sentence only)

xiii. Page 54, Paragraph 95 (percentage figures in last sentence only)

xiv. Page 75, footnote 186 (names of companies only)

xv. Page 78, Paragraph 146 (percentage figure and description before the term "rate" in last sentence)

xvi. Exhibit 3

xvii. Exhibit 5

xviii. Exhibit 6

xix. Exhibits 7A and 7B

xx. Exhibits 8A and 8B

xxi. Exhibit 9B

xxii. Exhibit 10

xxiii. Exhibit 11B

xxiv. Exhibit 15B

xxv. Appendices 1A, 1B, 1C and 1D

xxvi. Appendices 2A, 2B, 2C and 2D

xxvii. Appendices 3A and 3B

xxviii. Appendices 4A, 4B, 4C and 4D

c) **Leamer Reply Report**

i. Page i, Heading III.C (portion following "Big Bang")

ii. Page 2, Paragraph 7 (last clause in second sentence, beginning "in response to …")

iii. Page 23, Heading C. (portion following "Big Bang")

iv. Page 23, Paragraph 51 (second, third, fourth and fifth sentences)

v. Page 24, Paragraph 52 (last sentence)

vi. Page 24, Paragraph 53 (last clause in first sentence following "unique" and second sentence)

vii. Page 24, footnotes 67 and 69

viii. Page 25, Paragraph 54 (last sentence)

ix. Page 26, Figure 1 (chart pertaining to Google)

x. Page 43, Figure 7 (chart pertaining to Google)

5. Based on the previous declarations submitted by Frank Wagner, the information in the portions of the Leamer and Murphy Reports identified above is confidential and highly

sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality. Dkts. 201, 221 and 261. Google does not disclose this information to its competitors, customers or the general public. *Id.* Public disclosure of this information would likely result in competitive harm to Google by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee hiring, recruiting and compensation. *Id.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 12, 2013 in Palo Alto, California.

Anne M. Selin