1   GEORGE A. RILEY (Bar No. 118304)
    griley@omm.com
2   MICHAEL F. TUBACH (Bar No. 145955)
    mtubach@omm.com
3   CHRISTINA J. BROWN (Bar No. 242130)
    cjbrown@omm.com
4   AMANDA R. CONLEY (Bar. No. 281270)
    aconley@omm.com
5   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
6   San Francisco, CA  94111-3823
    Telephone:      (415) 984-8700
7   Facsimile:      (415) 984-8701

8   Attorneys for Defendant Apple Inc.

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN JOSE DIVISION**

13

14   IN RE HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
15                                     **DECLARATION OF CHRISTINA BROWN**
                                       **IN SUPPORT OF RENEWED**
16   THIS DOCUMENT RELATES TO:         **ADMINISTRATIVE MOTION TO SEAL**
                                       **PORTIONS OF THE EXPERT REPORTS**
17   ALL ACTIONS                       **OF DR. LEAMER AND DR. MURPHY**

18

19

20

21

22

23

24

25

26

27

28

I, Christina Brown, declare as follows:

1.      I am a member of the Bar of the State of California and a counsel of the law firm of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc.  I submit this declaration in support of Defendants' Renewed Administrative Motion to Seal Expert Reports.  I make this declaration based on my own personal knowledge and information provided to me.  If called to testify as a witness, I could and would do so competently.

2.      In accordance with the  Court's instructions at the April 8, 2013 Case Management Conference and the Court's Case Management Order of April 8, 2013 (Dkt. 388), Apple seeks to seal only limited portions of the expert reports of Dr. Leamer and Dr. Murphy.  These portions contain Apple's most sensitive and highly confidential information regarding its employee compensation data and strategies.  I have reviewed these documents, and I believe that there is good cause to maintain under seal the portions set forth below.  As described below, they contain, rely upon, and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3.      The following portions of the Expert Report of Edward E. Leamer, Ph.D. ("Leamer Report") (Dkt. 190) contain Apple's highly confidential and competitively sensitive employee compensation data and strategies:

- Page 23, figures 3 and 4 (lines pertaining to Apple) disclose the total compensation of the Apple employees in each of Plaintiffs' proposed classes and reflect Apple's highly confidential employee data;

- Page 41, figure 9 and paragraph 99 (portion of third sentence) disclose the average total compensation per Apple employee from 2001 to 2011 and reflect Apple's highly confidential employee compensation data;

- Page 51, footnote 164 (last parenthetical) describes one of Apple's specific strategies with respect to determining employee salaries;

- Page 53, figure 10 (line pertaining to Apple) reflects Apple's highly confidential employee compensation data and practices regarding bonus and equity compensation;

1    • Page 59, figure 15 discloses Apple's highly confidential employee compensation data; and

2    • Page 61, figure 17 and paragraph 133 (last three lines) reflect Apple's highly confidential

3        employee salary data.

4        4.    The following portions of the Expert Report of Professor Kevin M. Murphy

5    ("Murphy Report") (Dkt. 230) contain Apple's highly confidential and competitively sensitive

6    employee compensation data and strategies:

7    • Paragraph 46 (third sentence) reflects Apple's highly confidential employee compensation

8        strategies and data;

9    • Paragraph 76 (second through sixth sentences) and footnote 92 (quotation in first

10       sentence) reflect Apple's highly confidential employee compensation data and strategies;

11   • Exhibit 3 (chart pertaining to Apple) reflects Apple's highly confidential employee hiring

12       strategies and employee data;

13   • Exhibit 5 (portions pertaining to Apple) reflects Apple's highly confidential employee

14       hiring strategies and employee data;

15   • Exhibit 6 (portions pertaining to Apple) reflects Apple's highly confidential employee

16       data;

17   • Exhibits 7A and 7B (portions pertaining to Apple) reflect Apple's highly confidential

18       employee compensation data;

19   • Exhibits 8A and 8B (portions pertaining to Apple) reflect Apple's highly confidential

20       employee compensation data;

21   • Exhibit 9 reflects Apple's highly confidential employee compensation data;

22   • Exhibit 10 (chart pertaining to Apple) reflects Apple's highly confidential employee

23       compensation data;

24   • Exhibit 11 reflects Apple's highly confidential employee compensation data;

25   • Exhibit 19 (portion of the top chart regarding average change in total compensation)

26       reflects Apple's highly confidential employee compensation data;

27   • Appendices 1A through 2D (portions pertaining to Apple) reflect Apple's highly

28       confidential employee hiring strategies and employee data;

- Appendices 3A and 3B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data; and

- Appendices 4A through 4D (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data.

5.      The following portions of the Reply Expert Report of Edward E. Leamer, Ph.D. ("Leamer Reply Report") (Dkt. 249) contain Apple's highly confidential and competitively sensitive employee compensation data and strategies:

- Page 26, figure 1 (chart pertaining to Apple) reflects Apple's highly confidential employee compensation data;

- Page 29, paragraph 64 (portions of the first and third sentences) reflects Apple's highly confidential employee compensation strategy and data;

- Page 42, figure 6 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee compensation; and

- Page 43, figure 7 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee equity compensation.

6.      The following portions of the Supplemental Declaration of Kevin Murphy ("Murphy Supp. Decl.") (Dkt. 263-3) contain Apple's highly confidential and competitively sensitive employee data, including employee salaries, total compensation, and job titles: paragraph 2, lines 13-15; and Exhibit A, pages 4-6.

7.      The following portions of Plaintiffs' Opposition to Defendants' Joint Administrative Motion for Leave to Supplement the Record ("Opposition to Motion to Supplement") (Dkt. 270) contains Apple's highly confidential and competitively sensitive employee compensation data:  page 5, lines 2-4 and 5-6.

8.      The following portions of the Declaration of Dr. Edward E. Leamer ("Leamer Opp. Decl.") (Dkt. 270-1) contain and reflect Apple's highly confidential and competitively sensitive employee data, including employee salaries, total compensation, and job titles: Exhibit A, charts at pages 1-2 and 5-6.

1       9.      As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-

2  5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration

3  of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class

4  Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it

5  to be, and treats it as, confidential, proprietary, and competitively sensitive.  Apple would suffer

6  serious competitive harm if this information were disclosed because its competitors would gain

7  detailed data and insight into its confidential and proprietary employee compensation practices

8  and strategies.  Public disclosure of this information would deprive Apple of its investment in

9  developing these strategies and put Apple at a significant disadvantage with respect to recruiting,

10 hiring, and compensating its employees.  Apple would therefore be prejudiced if this information

11 were made available to the general public.

12      10.     Because these portions of the documents cannot be publicly disclosed without

13 causing serious harm, as described above, Apple requests that they be maintained under seal and

14 redacted from the publicly-filed versions of the documents.

15      I declare under penalty of perjury under the laws of the United States that the above is true

16 and correct.

17      Executed on April 12, 2013, in San Francisco, California.

18

19      By: __/s/ Christina J. Brown_____
20              Christina Brown

21

22

23

24

25

26

27

28

BROWN DECLARATION ISO RENEWED
MOTION TO SEAL EXPERT REPORTS
NO. 11-CV-2509-LHK