MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF WILLIAM G. BERRY RE: APRIL 15, 2013 ORDER** |

I, William G. Berry, declare as follows:

1. I am a Litigation Counsel at Defendant Google Inc. ("Google"), and I have held that position since May 2012. I am one of the in-house attorneys at Google responsible for the above-captioned matter. I am a member of the State Bar of California and am admitted to practice law before this Court. Pursuant to the Court's Order dated April 15, 2013 (Dkt. 402), I submit this declaration regarding Google's production of documents related to compensation based on my personal knowledge of the facts from my own involvement in the collection and production of documents, including from information provided to me by others directly involved in that process. If called as a witness, I could and would competently testify to them.

2. In response to Plaintiffs' document requests and pursuant to agreements reached between Plaintiffs and Google at the outset of discovery in this case and during the course of discovery, Google produced the following documents within its possession, custody, or control related to compensation:

    a. Google produced documents related to compensation from the custodial files of 22 current and former Google employees. This custodial production was based on reasonable and diligent searches by Google, including electronic searches of each custodian's files. Plaintiffs and Google agreed to the identity of Google custodians, the specific electronic search terms to be applied and other criteria for responsiveness, and the specific time period in which custodians' files were searched.

    b. Google produced documents related to compensation from non-custodial sources (*i.e.*, documents in Google's possession but not in the files of the agreed-to Google custodians). This non-custodial production was based on reasonable and diligent searches by Google pursuant to criteria for responsiveness agreed to by Plaintiffs and Google.

    c. Google produced compensation data from Google's human resources and recruiting databases for each year in the discovery period as defined by the parties *(i.e.*, January 1, 2001 to February 1, 2012). This data production was based on Google's reasonable and diligent identification of the databases containing the data requested by

Plaintiffs and Google produced specific categories of data as agreed to by Plaintiffs and Google.

  d. Google also produced documents related to compensation in response to Plaintiffs' follow-up requests for specific compensation-related material. These follow-up productions were based on reasonable and diligent searches by Google for the requested information related to compensation.

3. To the best of my knowledge, as a result of the productions described above, Google has produced all documents related to compensation within its possession, custody, or control based on reasonable and diligent searches and reviews in accordance with agreements between Plaintiffs and Google and in response to Plaintiffs' discovery requests.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2013 in Mountain View, California.

_____
William G. Berry