```
 1  BINGHAM MCCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
 2  FRANK M. HINMAN (SBN 157402)
    KRYSTAL N. BOWEN (SBN 163972)
 3  SUJAL J. SHAH (SBN 215230)
    SUSAN J. WELCH (SBN 262320)
 4  FRANK BUSCH (SBN 258288)
    Three Embarcadero Center
 5  San Francisco, CA  94111-4067
    Telephone:  415.393.2000
 6  Facsimile:  415.393.2286
    donn.pickett@bingham.com
 7  frank.hinman@bingham.com
    krystal.bowen@bingham.com
 8  sujal.shah@bingham.com
    susan.welch@bingham.com
 9  frank.busch@bingham.com

10  Attorneys for Defendant
    Intel Corporation
11
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF JOY C. SHERROD REGARDING INTEL'S PRODUCTION OF COMPENSATION RELATED DISCOVERY MATERIALS**<br><br>Date Consolidated Amended Compl. Filed: September 13, 2011 |

DECLARATION OF JOY C. SHERROD

I, Joy C. Sherrod, declare:

1.  I am a member of the Bar of the State of California and the discovery counsel at Intel Corporation assigned to this matter. Pursuant to the Court's April 15, 2013 Order Regarding April 12, 2013 Joint Discovery Status Report to the Court, I submit this declaration regarding Intel's production of compensation related discovery materials. I have personal knowledge of the facts set forth in this declaration, except those matters stated on information and belief, which I believe to be true, and, if called to testify as a witness, could and would do so competently.

2.  I am informed and believe that Intel performed a reasonable and diligent search and produced the compensation materials for each year in the discovery period responsive to plaintiffs' Requests for Production of Documents ("RFPs"), including Request No. 20 (seeking documents concerning methods used for determining employee compensation), subject to Intel's objections and responses to plaintiffs' RFPs, and the subsequent related agreements made by the parties during the meet and confer process, as outlined below.

3.  The parties modified plaintiffs' RFPs in the meet and confer process and subsequent correspondence between the parties. The parties agreed that Intel would search for, review and produce documents pursuant to two "tracks." For the first track ("Track One"), Intel would interview employees to identify the location of centralized files with potentially responsive, "high-level documents" without the need to run search terms against electronically stored information (ESI), as well as specific documents (e.g., contracts, organization charts, handbooks) responsive to plaintiffs' RFPs. For Track Two, the parties agreed that Intel would collect ESI from custodians and apply agreed-upon search terms to the ESI to locate potentially responsive documents for review and production.

4.  Pursuant to Track One, Intel interviewed individuals in Intel's Compensation & Benefits Group, the organization within Human Resources responsible for analyzing compensation and developing recommendations related to compensation decisions, and for developing policies related to compensation. These individuals helped identify shared file sites ("Sharepoint sites") with potentially relevant documents as well as specific documents related to

1

1 compensation that were responsive to plaintiffs' RFPs. As agreed, Intel did not run search terms against the ESI in the Sharepoint sites. Instead, Intel collected all the documents in the identified Sharepoint sites (nearly 70,000) and reviewed all for responsiveness and privilege. After this collection and review, Intel produced the non-privileged documents responsive to plaintiffs' RFPs -- e.g., policies; manuals; high-level analyses, reports, studies, and summaries -- that fell between the date range of January 1, 2001 – January 1, 2012.

5. Pursuant to the agreed-upon Track Two process, Intel collected ESI from 20 custodians. Intel next applied the agreed-upon search terms to this ESI to identify potentially relevant documents. These search terms included a number of terms related to compensation policies, practices, and analyses. As agreed to by the parties, Intel reviewed those documents revealed by the search terms and produced the non-privileged responsive documents that fell between January 1, 2004 and December 31, 2010, and (for a subset of agreed-upon custodians) January 1, 2004 through December 31, 2011.

6. Intel also separately produced data responsive to plaintiffs' RFPs. During the meet and confer process on plaintiffs' RFPs, plaintiffs provided Intel with a data "wish list." Intel discussed plaintiffs' "wish list," as it related to compensation data, with employees in the Compensation & Benefits Group. Those employees identified databases and data fields that were potentially responsive to plaintiffs' "wish list," as well as data plaintiffs requested that Intel did not maintain. Intel produced data from the databases and data fields that it identified as being potentially responsive to plaintiffs' "wish list."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Santa Clara, California, on April 25, 2013.

_____
Joy C. Sherrod

DECLARATION OF JOY C. SHERROD