# Exhibit A

1  GEORGE A. RILEY (Bar No. 118304)
   griley@omm.com
2  MICHAEL F. TUBACH (Bar No. 145955)
   mtubach@omm.com
3  CHRISTINA J. BROWN (Bar No. 242130)
   cjbrown@omm.com
4  AMANDA R. CONLEY (Bar. No. 281270)
   aconley@omm.com
5  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
6  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
7  Facsimile:    (415) 984-8701

8  Attorneys for Defendant Apple Inc.

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13

| 14 | IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|---|
| 15 | | **DECLARATION OF MICHAEL F. TUBACH REGARDING PRODUCTION OF COMPENSATION MATERIALS RESPONSIVE TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 16 | THIS DOCUMENT RELATES TO: | |
| 17 | ALL ACTIONS | |

I, Michael F. Tubach, declare as follows:

1. I am a member of the Bar of the State of California and a partner with the law firm of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in connection with the Court's Order Regarding April 12, 2013 Joint Discovery Status Report to the Court dated April 15, 2013 (Dkt. 402). I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Following a reasonably diligent search, Apple has produced all non-privileged compensation materials responsive to Plaintiffs' requests for production of documents based on the parties' meet and confer sessions in March and April 2012, as follows:

   a. Apple produced its actual employee compensation data for every salaried, non-retail employee in the United States from January 1, 2001 to February 1, 2012, including employee salary and bonus compensation, from Apple's Merlin database, Apple's official system of record for human resource information.

   b. Apple produced its actual employee equity compensation data for every salaried, non-retail employee in the United States from January 1, 2001 to February 1, 2012 from Apple's third-party Equity Edge database, Apple's official system of record for equity compensation.

   c. Apple searched for and produced all responsive, non-privileged policies, manuals, and "high-level" analyses, studies, and summaries that it identified through interviews and inquiries made to relevant employees in Apple's Human Resources department.

   d. Apple searched for and produced all responsive, non-privileged documents collected from Apple's twenty-three document custodians using the search terms identified in its letters of June 6, 2012 and June 28, 2012.

   e. Apple produced two witnesses for 30(b)(6) depositions regarding its employee compensation data, including the sources of such data and the data that Apple produced. On June 26, 2012, Apple produced Mai Tran, its HRIS (Human Resources Information Systems) Manager, who testified on Apple's behalf regarding its salary and other employee data. On June 27, 2012, Apple produced Steven Burmeister, its Senior Director of Compensation, who testified on

1 Apple's behalf regarding its employee bonus and equity awards data. Apple did not receive any follow-up questions from Plaintiffs regarding the depositions of Ms. Tran or Mr. Burmeister.

   f.   On November 12, 2012, Apple submitted a declaration from Steven Burmeister regarding Apple's compensation practices. Apple produced Mr. Burmeister for a further deposition, in his individual capacity, on March 15, 2013.

3.   As indicated to Plaintiffs in letters dated April 10, 2013 and April 12, 2013, Apple produced all documents reflecting salary ranges for salaried, non-retail employees in the United States that it identified based on the above-referenced criteria (search terms, custodians, date ranges, and interviews with HR personnel). These documents include salary ranges for fiscal years 2005 through 2010. In response to Plaintiffs' concern that they could not ascertain which salary range applied to any actual position or job title held by Apple employees (*see* April 19, 2013 Joint Discovery Status Report, Dkt. 404 at 2), on April 19, 2013, Apple reconfirmed that the salary ranges can be linked to a corresponding field in Apple's actual employee compensation data. Apple explained how to link the salary ranges and employee compensation data in its letter of April 19, 2013.

4.   In response to Plaintiffs' concern that certain Defendants may not have produced salary ranges associated with the employee job titles/codes included in the proposed class (*see* April 12, 2013 Joint Discovery Status Report, Dkt. 393 at 2), on April 25, 2013, I confirmed with Steven Burmeister that the documents identified above include all salary ranges for job titles and/or codes applicable to Apple's salaried, non-retail employees in the United States during the proposed class period.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 25, 2013, in San Francisco, California.

By: _____
Michael F. Tubach