Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Co-Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**JOINT DISCOVERY STATUS REPORT** |

Pursuant to the Court's April 1, 2013 Case Management Order (Dkt. 380), the parties submit this joint discovery status report.

**I.     Status of Discovery**

No depositions have taken place since the April 19, 2013 Joint Discovery Status Report. The deposition of Sheryl Sandberg (formerly of Google) remains outstanding.

II. **Salary Range and/or Market Reference Guideline**

The parties report the following updates to last week's Joint Discovery Status Report:

**Apple**: On April 19, 2013, in response to further inquiry by Plaintiffs regarding how certain salary range documents identified by Apple might be used to determine which range applied to which job titles or positions for each year in the Class Period, Apple wrote Plaintiffs a letter asserting that its recommended salary ranges can be linked to a field in the actual employee compensation data Apple had previously produced. With this piece of information, Plaintiffs extrapolated from Apple's previously-produced data what appears to be a workable summary of which salary ranges applied to which Apple job titles for each year in the Class Period and which Apple job titles were covered by which Apple salary ranges for each year in the Class Period. With this exercise complete, Plaintiffs contacted Apple today to request that Apple confirm the accuracy of tables of job title and job grade data that Plaintiffs have prepared. Apple and Plaintiffs are discussing this request.

**Intel**: The Joint Discovery Status Report filed by the parties on April 19, 2013 stated that Intel had agreed to work with Plaintiffs to resolve issues Plaintiffs had raised regarding the sufficiency of its production of compensation materials. This week, Intel similarly provided Plaintiffs with information allowing Plaintiffs to extrapolate from Intel's previously-produced data what appears to be a workable summary of which salary ranges applied to which Intel job titles for each year in the Class Period and which Intel job titles were covered by which Intel salary ranges for each year in the Class Period. With this exercise complete, Plaintiffs contacted Intel today to request that Intel confirm the accuracy of tables of job title and job grade data Plaintiffs have prepared. Intel is considering Plaintiffs' request.

**Lucasfilm**: After the parties met and conferred, Lucasfilm informed Plaintiffs today that it was working to determine if Lucasfilm can compile certain information Plaintiffs have requested, which would satisfy Plaintiffs. The parties agreed that Lucasfilm would advise Plaintiffs by 5:00 p.m. on Tuesday, April 30 as to the feasibility of compiling this information.

**Pixar**: Plaintiffs and Pixar have concluded their meet and confer process as to the production of documents related to salary and/or market pay ranges. There are no outstanding discovery disputes or issues to be decided.

### III. Steve Jobs Apple Town Hall Materials

Since the last Joint Discovery Status Report, Plaintiffs followed up with Apple regarding video or audio recordings of the Apple town hall meetings for which it had previously produced transcripts. Apple has agreed to conduct a diligent search for any such video and/or audio recordings and produce them to Plaintiffs as soon as practicable.

### IV. Plaintiffs' Responses To Interrogatories 15 & 16

Before the close of discovery, Defendants served Interrogatories 15 and 16, which among other things ask Plaintiffs to identify the precise agreements they are challenging and basic information about them including time periods, terms, persons making the agreements, and the parties to them. These interrogatories are not related to any Defendants' internal compensation practices. Plaintiffs agreed to answer the interrogatories, but asked for more time because discovery was ongoing, including deposition and document production. Defendants granted Plaintiffs' request for an extension to respond.

On April 12, 2013, Plaintiffs provided a partial response to Interrogatory 15, explaining that the response was being made "prematurely, before discovery is complete and before all documents, testimony, and evidence produced to date are able to be fully incorporated," and that the response "reflects discovery through March 1, 2013." In accordance with an agreement between the parties, Plaintiffs have not provided a response to Interrogatory 16 and have asked Defendants for more time to answer.

With fact discovery now closed, Defendants believe that Plaintiffs should now provide complete responses to Interrogatories 15 and 16.

In March 2013 alone, Plaintiffs received hundreds of thousands of new documents and took dozens of depositions, and even now, Plaintiffs continue to receive basic discovery from Defendants about their compensation structures. Plaintiffs are more than willing to meet any appropriate deadline on supplemental interrogatory responses, but believe that to date the request

for contention interrogatory responses has been premature.  Setting all of that aside, Plaintiffs are currently very busy preparing their Supplemental Class Certification papers and would request that contention interrogatory responses follow the conclusion of that process.

                                        Respectfully submitted,

Dated:  April 26, 2013       JOSEPH SAVERI LAW FIRM

By:    */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone:  415. 500.6800
Facsimile:   415. 500.6803

*Co-Lead Counsel for Plaintiff Class*

Dated:  April 26, 2013       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:    */s/ Kelly M. Dermody*
        Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Co-Lead Counsel for Plaintiff Class*

| | | |
|---|---|---|
| 1 | Dated:  April 26, 2013 | O'MELVENY & MYERS LLP |

By: _____/s/ Michael F. Tubach_____
        Michael F. Tubach

George Riley
Michael F. Tubach
Lisa Chen
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated:  April 26, 2013    KEKER & VAN NEST LLP

By: _____/s/ Daniel Purcell_____
        Daniel Purcell

John W. Keker
Daniel Purcell
Eugene M. Page
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 381-5400
Facsimile:   (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

Dated:  April 26, 2013    JONES DAY

By: _____/s/ David C. Kiernan_____
        David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

| | | |
|---|---|---|
| 1 | Dated: April 26, 2013 | JONES DAY |
| 2 | | |
| 3 | | By: _/s/ Robert A. Mittelstaedt_<br>Robert A. Mittelstaedt |
| 4 | | Robert A. Mittelstaedt<br>Craig E. Stewart |
| 5 | | 555 California Street, 26th Floor<br>San Francisco, CA  94104 |
| 6 | | Telephone:  (415) 626-3939<br>Facsimile:  (415) 875-5700 |
| 7 | | |
| 8 | | Catherine T. Zeng<br>1755 Embarcadero Road<br>Palo Alto, CA 94303 |
| 9 | | Telephone:  (650) 739-3939<br>Facsimile:  (650) 739-3900 |
| 10 | | |
| 11 | | *Attorneys for Defendant INTUIT INC.* |
| 12 | Dated: April 26, 2013 | MAYER BROWN LLP |
| 13 | | By: _/s/ Lee H. Rubin_<br>Lee H. Rubin |
| 14 | | |
| 15 | | Lee H. Rubin<br>Edward D. Johnson |
| 16 | | Donald M. Falk<br>Two Palo Alto Square |
| 17 | | 3000 El Camino Real, Suite 300<br>Palo Alto, CA  94306-2112 |
| 18 | | Telephone:  (650) 331-2057<br>Facsimile:  (650) 331-4557 |
| 19 | | *Attorneys for Defendant GOOGLE INC.* |
| 20 | Dated: April 26, 2013 | BINGHAM McCUTCHEN LLP |
| 21 | | |
| 22 | | By: _/s/ Frank M. Hinman_<br>Frank M. Hinman |
| 23 | | Donn P. Pickett |
| 24 | | Frank M. Hinman<br>Three Embarcadero Center |
| 25 | | San Francisco, CA  94111<br>Telephone:  (415) 393-2000 |
| 26 | | Facsimile:  (415) 383-2286 |
| 27 | | *Attorneys for Defendant INTEL CORPORATION* |
| 28 | | |

1  Dated: April 26, 2013              COVINGTON & BURLING LLP

                                      By:     */s/ Emily Johnson Henn*
                                               Emily Johnson Henn

                                      Robert T. Haslam, III
                                      Emily Johnson Henn
                                      333 Twin Dolphin Drive, Suite 700
                                      Redwood City, CA  94065
                                      Telephone:  (650) 632-4700

                                      *Attorneys for Defendant PIXAR*

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.

1093941.1                                    - 7 -                            JOINT STATUS REPORT
                                                                   Master Docket No. 11-CV-2509-LHK