Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415. 500.6800
Facsimile: 415. 500.6803

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Co-Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        May 15, 2013<br>Time:        2:00 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:       The Honorable Lucy H. Koh |

The parties submit this joint statement for the May 15, 2013 Case Management Conference.

## I. Case Progress

Since the April 8, 2013 Case Management Conference, the parties have reported the status of discovery in their regular statements to the Court, including most recently on May 3, 2013. (Dkt. 414.)

## II. Case Management

The Court's April 8, 2013 Case Management Order set forth the major deadlines through trial. (Dkt. 388.) The Court also ordered that this Joint Case Management Statement propose limits on the length and number of *Daubert* motions, motions to strike, summary judgment motions, and motions in limine, and address whether the August 8, 2013 hearing on class certification shall be an evidentiary hearing. The parties have met and conferred and reached agreement on two points. First, the page limits for briefing on plaintiffs' dispositive motion, if any, shall be 25 pages for the opening brief; 25 pages for the opposition; and 15 pages for reply. Second, as to *Daubert* motions and other motions to strike expert reports or exclude expert testimony, the parties agree that moving and opposition papers for each expert be limited to 13 pages with replies of seven pages. The parties were unable, however, to reach agreement on the other types of motions and with respect to the August 8 hearing. Their proposals are set forth in separate sections below.

### A. Dispositive Motions

#### 1. Plaintiffs' Statement

Plaintiffs propose presumptive limits on motions and motion briefing as follows, with the understanding that any party may seek expansion of these limits for good cause:

- Dispositive motions: Plaintiffs will file dispositive motions, if any, within the limits of the Local Rules, i.e. 25 total pages on behalf of all Plaintiffs. Plaintiffs do not object to a modest expansion of these limits for Defendants' motion or motions. Plaintiffs respectfully suggest that 50 total pages would be a generous limit for seven defendants given the facts and posture of this case, but Plaintiffs

would not oppose an extension of pages beyond 25 and up to 50 if it would assist the Court. Should fewer defendants still be in the case at the time of dispositive motions, a lower total number of pages would be appropriate.

- For motions in limine other than to exclude expert testimony, 25 pages total per side (not per party) for motions and oppositions, with no replies.

Plaintiffs propose these presumptive limits to allow both sides ample room to make their arguments, while curtailing needless repetition. Plaintiffs can see no reason why Defendants should require more pages up front, particularly in light of their ability to seek relief from these limits should they have good cause to do so. Defendants' proposal would allow them to file up to 135 pages of dispositive motions—15 pages for each of seven Defendants plus an additional 30 pages for joint briefing. Given the nature of the evidence in this case and the narrowness of the issues actually in dispute, there is no call for 130 pages of motions for summary judgment. Adding on another 26 pages of *Daubert* briefs (if, for example, Plaintiffs have two trial experts) means 156 total pages of briefs for Defendants, nigh as much as the 175 pages the Court would receive if each defendant filed a separate brief to the limits permitted by the Local Rules. This is not a serious offer of limitation.[1]

Similarly, the 25-page per side limit on motions *in limine* is consistent with Northern District practice and appropriate, especially given that the parties have agreed to additional pages of briefing to address *Daubert* motions separately. This proposal is specifically drawn from Judge Claudia Wilken's standing Order for Pretrial Preparation.

Plaintiffs' proposal therefore provides a practical means for limiting the volume of briefing while ensuring that space is provided for addressing all the necessary issues.

---

[1] The Court has wide discretion to control the number and volume of dispositive motions. *See* Fed. R. Civ. Pro. 16(c)(2)(E) (court may "determin[e] the *appropriateness* and timing of summary adjudication under Rule 56") (emphasis added). Some courts require defendants to obtain permission via letter brief before moving for summary judgment. *See* Pilot Project Regarding Case Management Techniques for Complex Civil Cases, S.D.N.Y. (Oct. 2011); Standing Order in Civil Cases, Hon. Yvonne Gonzalez Rogers (Nov. 15, 2012).

## 2.      Defendants' Statement

At the April CMC, the Court asked the parties how to reduce the length and number of dispositive and other motions, noting that it did not intend to "deprive anyone of due process and I do understand that there are seven independent, totally separate defendants here." 4/9/13 Tr., 14:19-21. A principal area of disagreement between the parties is whether, even though defendants will endeavor to present joint motions, a defendant should be entitled to file a separate motion on issues pertinent to that defendant which are not covered in a joint motion (whether a dispositive or in limine motion). Defendants are mindful of this Court's workload and the value of succinct, non-duplicative briefs, and will continue to file joint briefs where possible, as they have to date. But consistent with due process considerations, a defendant should be afforded the right to file its own motion on topics not addressed in a joint motion. Defendants' track record to date is good. Defendants have filed joint briefs in moving to dismiss (with a short separate brief by Lucasfilm on its unique federal-enclave defense) and opposing class certification. The issues to be presented on summary judgment, however, may require separate briefs to present the evidence as to each defendant separately. Likewise, while some evidentiary issues will lend themselves to a joint in limine motion, the admissibility of evidence as to a particular defendant is best addressed in a motion by that defendant.

Defendants propose the following page limits:

- Defendants' joint dispositive motion on common issues: 25/25/15.
- Defendants' separate dispositive motions on issues specific to that defendant: 15/15/8 per defendant.
- Motions in limine: plaintiffs and defendants shall each be permitted one joint motion of 25 pages addressed to common issues, and each defendant shall be permitted a separate motion not to exceed 10 pages addressing issues pertinent to that defendant. Oppositions to joint and separate motions shall be no more than 25 and 10 pages, respectively. No replies.

Defendants also propose that, after service of expert reports, witness and exhibit lists, and other pretrial proceedings, any party can move to modify these limits based on the number or

1  scope of experts, witnesses or exhibits or any other relevant factors.  Plaintiffs propose that each
2  of the seven defendants be given three to seven pages for a dispositive motion (25 or 50 pages
3  divided by seven).  That is so unreasonable it would raise due process concerns.  It seems to be
4  premised on a pre-assessment that no conceivable basis for summary judgment exists as to any
5  defendant.  Any such premise would be unjustified.  For example, the cornerstone of plaintiffs'
6  attempt to tie seven companies into a single conspiracy (which in turn is the basis for seeking to
7  certify a class of all seven companies' employees) is the assertion that the seven companies
8  "simultaneously" entered into "identical" bilateral agreements.  *See* ECF 92, 1:9. 1:28.  The Court
9  relied on this assertion in denying the motion to dismiss.  ECF 119, 14:10-12 ("it strains credulity
10 that Apple and Adobe reached an agreement in May 2005 that was identical to the 'Do Not Cold
11 Call' agreement Pixar entered into with Lucasfilm in January 2005 [citation to complaint
12 omitted], without some communication or coordination between these two sets of Defendants;"
13 and 15:10-11 ("nearly identical agreements, of identical scope . . . entered into . . between 2005
14 and 2007").

15     Plaintiffs' recent interrogatory responses, served April 12, 2013, are inconsistent with this
16 central allegation, in at least two critical respects.  First, they now contend that the alleged
17 "conspiracy began in approximately 1985" when Lucasfilm and Pixar "agreed not to compete for
18 each other's employees" (Plts' Response to Defs' Second Set of Interrogs., Interrog. No. 15, April
19 12, 2013, 5:10), that the next company did not join for nearly 20 years ("no later than 2004") (*id.*,
20 5:25), and that other companies joined the conspiracy in 2005 and 2007.  *Id.*, 6:6, 6:27, 7:6.
21 Second, plaintiffs acknowledge that the terms of the alleged agreement were not
22 "identical."  *Compare, e.g. id.*, 5:12-22 (describing three-part agreement between Lucasfilm and
23 Pixar) *with* 6:14-18 (different terms for Google and Intel).]   For those defendants that conclude
24 that they have a good faith basis for summary judgment, all parties have an interest in this Court
25 rendering a decision – based on adequate briefing by both sides -- whether a trial is necessary.

26     Plaintiffs' proposal does not come close to meeting that standard.  Their assertion that the
27 issues are "narrow" is at odds not only with the length of their submissions in this case (*e.g.,*
28 expert reports of 71 and 54 pages, not counting appendices), but by the sprawling nature of their

-4-  JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

1095751.4

1 conspiracy allegations, covering the conduct of seven different companies over more than two
2 decades. Each defendant is entitled to an adequate number of pages to demonstrate that the
3 evidence pertaining to its own alleged conduct (including the circumstances and reasons for that
4 conduct) belies any notion of an overall conspiracy or that that defendant was a member of it.

5 With respect to in limine motions, recognizing that the Court may prefer limits on the
6 number of in limine motions rather than the total pages, defendants submit that it may be
7 appropriate to defer setting limits until the scope of the case is clarified and the parties have a
8 better understanding of the number of exhibits and the issues, if any, that remain for trial.

### B. August 8, 2013 Hearing on Class Certification

#### 1. Plaintiffs' Statement

Plaintiffs propose that the August 8, 2013 on class certification be limited to presentations by counsel for each side and responses to the Court's questions. Plaintiffs do not believe it is necessary for expert witnesses to be present, but would have no objection to having expert witnesses attend so they may answer any questions the Court might have if that is the Court's preference.

In light of the two full rounds of briefing which will have concluded by the date of the hearing, Plaintiffs contend that the evidentiary record on class certification issues will be fully vetted and well-developed, thereby obviating the need for live testimony or a full evidentiary hearing. Plaintiffs also believe that proposals for cross and rebuttal examination of expert witnesses are inconsistent with the Court's instruction at the April 8, 2013 Case Management Conference.

In addition, Plaintiffs contend that Defendants' proposal, "that each side be given one hour for their experts to respond to the Court's questions and for cross and rebuttal examination," is too unclear to be workable, and that Plaintiffs offer a much more straightforward approach.

#### 2. Defendants' Statement

Defendants propose an evidentiary hearing in which each side is permitted one hour for its experts to respond to the Court's questions and for cross and rebuttal examination of the experts. This will allow the Court and the parties to focus on what they consider the most

important points. Based on the proceedings to date, defendants submit that their proposal will be of the greatest use to the Court's analysis of the issues while not consuming undue time.

Dated: May 8, 2013  JOSEPH SAVERI LAW FIRM

By: */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415. 500.6800
Facsimile: 415. 500.6803

*Co-Lead Counsel for Plaintiff Class*

Dated: May 8, 2013  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: */s/ Kelly M. Dermody*
Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Co-Lead Counsel for Plaintiff Class*

| | | |
|---|---|---|
| Dated:  May 8, 2013 | O'MELVENY & MYERS LLP | |
| | By: | */s/ Michael F. Tubach* |
| | | Michael F. Tubach |

George Riley
Michael F. Tubach
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys for Defendant APPLE INC.*

| | | |
|---|---|---|
| Dated:  May 8, 2013 | KEKER & VAN NEST LLP | |
| | By: | */s/ Daniel Purcell* |
| | | Daniel Purcell |

John W. Keker
Daniel Purcell
Eugene M. Page
Paula L. Blizzard
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 381-5400
Facsimile:   (415) 397-7188

*Attorneys for Defendant LUCASFILM LTD.*

| | | |
|---|---|---|
| Dated:  May 8, 2013 | JONES DAY | |
| | By: | */s/ David C. Kiernan* |
| | | David C. Kiernan |

Robert A. Mittelstaedt
Craig A. Waldman
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

| | | |
|---|---|---|
| 1 | Dated:  May 8, 2013 | JONES DAY |
| 2 | | |
| 3 | | By:    */s/ Robert A. Mittelstaedt*<br>Robert A. Mittelstaedt |
| 4 | | Robert A. Mittelstaedt<br>Craig E. Stewart |
| 5 | | 555 California Street, 26th Floor<br>San Francisco, CA  94104 |
| 6 | | Telephone:  (415) 626-3939<br>Facsimile:  (415) 875-5700 |
| 7 | | |
| 8 | | Catherine T. Zeng<br>1755 Embarcadero Road<br>Palo Alto, CA 94303 |
| 9 | | Telephone:  (650) 739-3939<br>Facsimile:  (650) 739-3900 |
| 10 | | |
| 11 | | *Attorneys for Defendant INTUIT INC.* |
| 12 | Dated:  May 8, 2013 | MAYER BROWN LLP |
| 13 | | By:    */s/ Lee H. Rubin* |
| 14 | | Lee H. Rubin |
| 15 | | Lee H. Rubin<br>Edward D. Johnson |
| 16 | | Donald M. Falk<br>Two Palo Alto Square |
| 17 | | 3000 El Camino Real, Suite 300<br>Palo Alto, CA  94306-2112 |
| 18 | | Telephone:  (650) 331-2057<br>Facsimile:   (650) 331-4557 |
| 19 | | *Attorneys for Defendant GOOGLE INC.* |
| 20 | Dated: May 8, 2013 | BINGHAM McCUTCHEN LLP |
| 21 | | |
| 22 | | By:    */s/ Frank M. Hinman*<br>Frank M. Hinman |
| 23 | | Donn P. Pickett |
| 24 | | Frank M. Hinman<br>Three Embarcadero Center |
| 25 | | San Francisco, CA  94111<br>Telephone:  (415) 393-2000 |
| 26 | | Facsimile:   (415) 383-2286 |
| 27 | | *Attorneys for Defendant INTEL CORPORATION* |
| 28 | | |

-8-   JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

1095751.4

Dated: May 8, 2013  COVINGTON & BURLING LLP

By: */s/ Emily Johnson Henn*
Emily Johnson Henn

Robert T. Haslam, III
Emily Johnson Henn
333 Twin Dolphin Drive, Suite 700
Redwood City, CA 94065
Telephone: (650) 632-4700

*Attorneys for Defendant PIXAR*

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.