1   Robert A. Mittelstaedt (State Bar No. 60359)
    ramittelstaedt@jonesday.com
2   Craig A. Waldman (State Bar No. 229943)
    cwaldman@jonesday.com
3   David C. Kiernan (State Bar No. 215335)
    dkiernan@jonesday.com
4   JONES DAY
    555 California Street, 26th Floor
5   San Francisco, CA 94104
    Telephone: (415) 626-3939
6   Facsimile: (415) 875-5700

7   Attorneys for Defendant
    Adobe Systems Inc.

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

13  IN RE: HIGH-TECH EMPLOYEE            Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
14                                       **DEFENDANTS' JOINT RESPONSE TO**
    THIS DOCUMENT RELATES TO:            **PLAINTIFFS' ADMINISTRATIVE**
15                                       **MOTION TO FILE UNDER SEAL**
    ALL ACTIONS                          **PLAINTIFFS' SUPPLEMENTAL**
16                                       **MOTION IN SUPPORT OF CLASS**
                                         **CERTIFICATION AND RELATED**
17                                       **DOCUMENTS**

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants hereby jointly respond to

2    Plaintiffs' Administrative Motion to File Under Seal (i) Plaintiffs' Supplemental Motion for

3    Class Certification, (ii) all or portions of the exhibits to the Declaration of Dean Harvey filed in

4    support of Plaintiffs' Supplemental Motion for Class Certification, (iii) all or portions of the

5    exhibits to the Declaration of Lisa Cisneros filed in support of Plaintiffs' Supplemental Motion

6    for Class Certification, (iv) portions of the Expert Witness Report of Kevin F. Hallock, (v)

7    portions of the Supplemental Expert Witness Report of Edward E. Leamer, (vi) portions of

8    Exhibits 1 and 2 to the Supplemental Expert Witness Report of Edward E. Leamer.  This

9    information has been designated Confidential or Attorneys-Eyes Only under the Stipulated

10   Protective Order (Modified by the Court) (Dkt. No. 107).  Defendants are filing corresponding

11   declarations in support of their respective sealing requests that will attach the specific exhibits

12   each defendant seeks to seal in whole or in part.

13   **I.    LEGAL STANDARD**

14   Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial

15   court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other

16   confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).

17   The Ninth Circuit has "carved out an exception to the presumption of access to judicial records

18   for a sealed discovery document [attached] to a nondispositive motion," where the requesting

19   party shows good cause exists to keep the records under seal.  *Navarro v. Eskanos & Adler*, No.

20   C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana*

21   *v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing'

22   under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of

23   sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific*

24   *Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in

25   nondispositive materials, we apply the 'good cause' standard when parties wish to keep them

26   under seal.").

27

28

## II.   GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION

The redacted portions of the Supplemental Motion, the exhibits to the Harvey and Cisneros Declarations, the Expert Report of Dr. Hallock, the Supplemental Expert Report of Edward Leamer, and Exhibits 1 and 2 to the Supplemental Expert Report of Dr. Leamer contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data as well as information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market.  Defendants also seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or candidates.  Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As each of the Defendants' separately filed declarations demonstrate, Defendants kept the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants.  A significant portion of the sealed information is employee compensation data.  This type of information is regularly sealed because of its confidential and private nature.  *See Renfro v. Unum, et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary

1    information.").

2        Similarly, compensation policies, practices and decisions are routinely subject to a

3    sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at

4    *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a

5    "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-

6    4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order

7    to enjoin a former employee from using a company's "confidential and/or trade secret employee

8    compensation information").

9        In addition, good causes exists to seal confidential information relating to a company's

10   internal business, recruiting or hiring practices, strategies and policies, including confidential

11   analyses of a company's market position. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing

12   of "a trade secret or other confidential research, development, or commercial information");

13   *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at

14   *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its

15   investment adviser that contained "sensitive and confidential information, including long-term

16   financial projections, discussions of business strategy, and competitive analyses"); *Network*

17   *Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721,

18   at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business

19   strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor,*

20   *Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz.

21   Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling"

22   reason standard applicable to dispositive motions, including a "spreadsheet tracking information

23   regarding potentially competitive products,"  and other business strategy documents, such as

24   information relating to "product competitiveness, and market and technological opportunities

25   and risks").

26       Additionally, good cause exists to seal information pertaining to Defendants' recruiting

27   policies and practices that are proprietary business methods and/or trade secrets. This

28   confidential and commercially sensitive business information is non-public and should remain

-3-

confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d) (defining trade secrets as information that "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

Good cause also exists for sealing the identities and personal contact information of specific employees or applicants that are contained in the Motion or accompanying materials. These employees or applicants have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Court order Plaintiffs' Supplemental Motion for Class Certification and accompanying materials to be placed under seal.  In accordance with Civil Local Rule 79-5(d), a proposed order granting Defendants' Response to Plaintiffs' Administrative Motion to Seal has been lodged with the Clerk in hard copy and served on counsel for Plaintiffs.  In accordance with Civil Local Rule 79-5(d), Defendants' proposed redacted versions of the Supplemental Motion, exhibits to the Declarations of Mr. Harvey and Ms. Cisneros, the Expert Reports of Drs. Hallock and Leamer, and Exhibits 1 and 2 of Dr. Leamer's report  are being lodged with the Clerk in hard copy showing proposed redacted portions highlighted in yellow within a sealed envelope.

1    Dated: May 17, 2013            O'MELVENY & MYERS LLP

2
                                    By:       /s/ Michael F. Tubach
3                                             Michael F. Tubach

4                                   George Riley
                                    Michael F. Tubach
5                                   Lisa Chen
                                    Christina J. Brown
6                                   Two Embarcadero Center, 28th Floor
                                    San Francisco, CA  94111
7                                   Telephone:  (415) 984-8700
                                    Facsimile:   (415) 984-8701
8
                                    *Attorneys for Defendant APPLE INC.*
9
10   Dated:  May 17, 2013           KEKER & VAN NEST LLP

11
                                    By:       /s/ Daniel Purcell
12                                            Daniel Purcell

13                                  John W. Keker
                                    Daniel Purcell
14                                  Eugene M. Page
                                    633 Battery Street
15                                  San Francisco, CA  94111
                                    Telephone:  (415) 381-5400
16                                  Facsimile:   (415) 397-7188

17                                  *Attorneys for Defendant LUCASFILM LTD.*

18   Dated:  May 17, 2013           JONES DAY

19
                                    By:       /s/ David C. Kiernan
20                                            David C. Kiernan

21                                  Robert A. Mittelstaedt
                                    Craig A. Waldman
22                                  David C. Kiernan
                                    555 California Street, 26th Floor
23                                  San Francisco, CA  94104
                                    Telephone:  (415) 626-3939
24                                  Facsimile:   (415) 875-5700

25                                  *Attorneys for Defendant ADOBE SYSTEMS, INC.*

26

27

28

                                         -5-

1  Dated:  May 17, 2013          JONES DAY

2

                                By:  _____/s/ Robert A. Mittelstaedt_____
3                                        Robert A. Mittelstaedt

4                                Robert A. Mittelstaedt
                                 Craig E. Stewart
5                                555 California Street, 26th Floor
                                 San Francisco, CA  94104
6                                Telephone:  (415) 626-3939
                                 Facsimile:   (415) 875-5700
7
                                 Catherine T. Zeng
8                                JONES DAY
                                 1755 Embarcadero Road
9                                Palo Alto, CA  94303
                                 Telephone:     (650) 739-3939
10                               Facsimile:     (650) 739-3900

11                               *Attorneys for Defendant INTUIT INC.*

12  Dated:  May 17, 2013          MAYER BROWN LLP

13

                                By:  _____/s/ Lee H. Rubin_____
14                                       Lee H. Rubin

15                               Lee H. Rubin
                                 Edward D. Johnson
16                               Donald M. Falk
                                 Two Palo Alto Square
17                               3000 El Camino Real, Suite 300
                                 Palo Alto, CA  94306-2112
18                               Telephone:  (650) 331-2057
                                 Facsimile:   (650) 331-4557
19
                                 *Attorneys for Defendant GOOGLE INC.*
20

21  Dated:  May 17, 2013          BINGHAM McCUTCHEN LLP

22

                                By:  _____/s/ Frank M. Hinman_____
23                                       Frank M. Hinman

24                               Donn P. Pickett
                                 Frank M. Hinman
25                               Three Embarcadero Center
                                 San Francisco, CA  94111
26                               Telephone:  (415) 393-2000
                                 Facsimile:   (415) 383-2286
27
                                 *Attorneys for Defendant INTEL CORPORATION*
28

                                -6-

1    Dated:  May 17, 2013                    COVINGTON & BURLING LLP

2
                                             By:      /s/ Emily Johnson Henn
3                                                     Emily Johnson Henn

4                                            Robert T. Haslam, III
                                             Emily Johnson Henn
5                                            333 Twin Dolphin Drive, Suite 700
                                             Redwood City, CA  94065
6                                            Telephone:  (650) 632-4700

7                                            *Attorneys for Defendant PIXAR*

8
     **ATTESTATION**:  The filer attests that concurrence in the filing of this document has been
9
     obtained from all signatories.
10

11
     SVI-125371v1
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28