1  MAYER BROWN LLP
   LEE H. RUBIN (SBN 141331)
2  lrubin@mayerbrown.com
   EDWARD D. JOHNSON (SBN 189475)
3  wjohnson@mayerbrown.com
   DONALD M. FALK (SBN 150256)
4  dfalk@mayerbrown.com
   ERIC B. EVANS (SBN 232476)
5  eevans@mayerbrown.com
   ANNE M. SELIN (SBN 270634)
6  aselin@mayerbrown.com
   Two Palo Alto Square, Suite 300
7  3000 El Camino Real
   Palo Alto, CA 94306-2112
8  Telephone:    (650) 331-2000
   Facsimile:    (650) 331-2061
9
   *Attorneys for Defendant*
10 *Google Inc.*

11

12           **UNITED STATES DISTRICT COURT**

13         **NORTHERN DISTRICT OF CALIFORNIA**

14                **SAN JOSE DIVISION**

15 IN RE: HIGH-TECH EMPLOYEE          **Master Docket No. 11-CV-2509-LHK**
   ANTITRUST LITIGATION
16                                    **DECLARATION OF ERIC B. EVANS IN**
   THIS DOCUMENT RELATES TO:          **SUPPORT OF JOINT RESPONSE TO**
17                                    **PLAINTIFFS' ADMINISTRATIVE**
   ALL ACTIONS                        **MOTION TO FILE UNDER SEAL**
18                                    **PLAINTIFFS' SUPPLEMENTAL**
                                      **MOTION IN SUPPORT OF CLASS**
19                                    **CERTIFICATION AND RELATED**
                                      **DOCUMENTS**
20

21

22

23        I, Eric B. Evans, declare as follows:

24        1.    I am a partner with the law firm of Mayer Brown LLP, counsel for Defendant

25 Google, Inc. ("Google") in the above-captioned matter.  I am admitted to practice law before this

26 Court.   I submit this declaration in support of Defendants' Joint Response to Plaintiffs'

27 Administrative Motion to File under Seal Plaintiffs' Supplemental Motion in Support of Class

28 Certification and Related Documents, filed concurrently.  As an attorney involved in the defense

                                   1

1  of this action, unless otherwise stated, I have personal knowledge of the facts stated in this
2  declaration and if called as a witness, I could and would competently testify to them.

3     2. I have read and reviewed the Declarations of Frank Wagner (Google's Director of
4  Compensation) that were filed on October 9, 2012, November 12, 2012 and December 18, 2012
5  (Dkts. 201, 221 and 261, respectively) in this matter.  In those Declarations, Mr. Wagner
6  describes the competitive harm that Google would suffer if certain confidential and highly
7  sensitive details about Google's compensation, recruiting, and hiring strategies and practices,
8  including confidential details about Google's internal deliberations and business strategy related
9  to how Google sets compensation for its employees, as well as how Google might respond to
10 competition for its employees from other employers.

11    3. Google has reviewed the documents filed by Plaintiffs on May 10, 2013,
12 including: (a) Plaintiffs' Supplemental Motion and Brief in Support of Class Certification
13 ("Supplemental Class Certification Brief"), (b) the Expert Witness Report of Kevin F. Hallock
14 ("Hallock Report"), (c) the Supplemental Expert Report of Edward E. Leamer, Ph.D.
15 ("Supplemental Leamer Report"), (d) Exhibit 2 to the Supplemental Leamer Report, (e) certain
16 exhibits attached to the Declaration of Dean M. Harvey (Dkt. 418-1) ("Harvey Declaration"),
17 and (f) certain exhibits attached to the Declaration of Lisa J. Cisneros (Dkt. 418-2) ("Cisneros
18 Declaration").

19    4. Google has identified and made specific and  narrowly tailored redactions—which
20 are detailed in paragraph 5, below—to particular portions of the Supplemental Class
21 Certification Brief, the Hallock Report, the Supplemental Leamer Report, and Exhibit 2 to the
22 Supplemental Leamer Report that contain confidential and highly sensitive details about
23 Google's compensation, recruiting, and hiring strategies and practices and that reflect Google's
24 internal deliberations and business strategy related to how Google sets and structures
25 compensation for its employees, how Google might respond to competition for its employees
26 from other rival employers, and how Google approaches recruiting and hiring.

27
28

5.      In particular, Google requests to seal the following portions of the Supplemental Class Certification Brief, the Hallock Report, the Supplemental Leamer Report, Exhibit 2 to the Supplemental Leamer Report:

**a)  Supplemental Class Certification Brief**

    i)    Page 1, lines 23-26 (last two sentences only)

    ii)    Page 10, lines 5-7 (text starting after "Rosenberg 117:17-18" and ending before "Ex. 666")

    iii)    Page 10, lines 7-17 (all text, except for exhibit numbers and names of deposition transcripts and page number cites)

    iv)    Page 10, lines 19-23 (text starting after "Google's Prasad Setty explained, Google's" and ending before "Schmidt 211:8-10")

    v)    Page 11, lines 8-9 (text starting after "Google determined that" and ending before "Ex. 1753")

    vi)    Page 11, line 11 (text starting after "24:24")

    vii)    Page 11, lines 12-13 (text starting after "Google concluded" and ending before "Ex. 1753")

    viii)    Page 11, lines 23-26 (text starting after "TEC-00024150")

    ix)    Page 17, lines 26-28 (starting at beginning of quotation)

    x)    Page 18, lines 1-8 (text in quotations only)

    xi)    Page 18, lines 16-22 (all text, except for exhibit numbers and names of deposition transcripts and page number cites)

**b)  Hallock Report**

    i)    Page 13 (Para. 38) (text starting after "Gerhart (2011)" and through the end of Paragraph 38)

    ii)    Page 21 (Para. 66) (text in third sentence starting after "compensation structure features" and ending before "This spreadsheet")

    iii)    Page 21 (Para. 66) (text in fifth and sixth sentences, starting after "For each job grade" and ending before "Google Director of Compensation")

| | | |
|---|---|---|
| 1 | iv) | Page 21, footnote 51 (text in sentence after "Mr. Frank Wagner verified |
| 2 | | that" and through the end of the sentence) |
| 3 | v) | Page 22 (Para. 67) (last sentence) |
| 4 | vi) | Page 22 (Para. 68) (text beginning after "Shona Brown also confirmed" |
| 5 | | and ending before "She was asked"; and text beginning after "she replied" |
| 6 | | and through the end of Paragraph 68) |
| 7 | vii) | Page 22 (Para. 69) (text beginning after "formalized pay systems in his |
| 8 | | deposition" and through the end of Paragraph 69) |
| 9 | viii) | Pages 39-40 (Para. 129) (text beginning after "determining base salary |
| 10 | | shows" and through the end of Paragraph 129) |
| 11 | ix) | Page 40 (Para. 130) (text starting after "the ratings go from" and through |
| 12 | | the end of that sentence; and text in last sentence) |
| 13 | x) | Page 40 (Para. 131) (first sentence and all raw numbers in Paragraph 131) |
| 14 | xi) | Page 40-41 (Para. 133) (only text in quotations in Paragraph 133) |
| 15 | xii) | Page 41 (Para. 134) (text after "contains this question and answer") |
| 16 | xiii) | Page 54 (Para. 183) (last four sentences) |
| 17 | xiv) | Page 59 (Para. 198) (text starting after "Mr. Arnnon Geshuri from Google |
| 18 | | where he notes" and ending before "Surely, calling in to employees") |
| 19 | xv) | Page 63 (Para. 210) (region names and names of categories only) |
| 20 | xvi) | Page 63 (Para. 211) |
| 21 | xvii) | Page 63 (Para. 212) (only region names and raw numbers) |
| 22 | xviii) | Page 64 (Para. 214) (text starting after "Google documents") |
| 23 | xix) | Page 64 (Para. 215) |
| 24 | xx) | Page 107 (Figure 7) |
| 25 | xxi) | Page 112 (Figure 12) |
| 26 | xxii) | Page 117 (Figure 17) |
| 27 | **c) Supplemental Leamer Report** | |
| 28 | i) | Page 31 (Figure 19) (charts titled "Google" and "All Defendants R&D") |

     **d) Exhibit 2 to the Supplemental Leamer Report**

      i)  Column titled "Job Title" and Column titled "Section 1" related to Google

6.    Google has also identified the following exhibits to the Cisneros Declaration and Harvey Declaration—which are detailed in paragraph 7, below—that contain confidential and highly sensitive details about Google's compensation, recruiting, and hiring strategies and practices and that reflect Google's internal deliberations and business strategy related to how Google sets and structures compensation for its employees, how Google might respond to competition for its employees from other rival employers, and how Google approaches recruiting and hiring.

7.    In particular, Google requests to seal, in whole or in part, the following exhibits to the Harvey Declaration and Cisneros Declaration :

  **a) Harvey Declaration**

    i)  **Exhibit 14**

    ii)  **Exhibit 15**

    iii)  **Exhibit 16**

  **b) Cisneros Declaration**

    i)  **Exhibit Q** (excerpts from the March 27, 2013 deposition of Laszlo Bock, Senior Vice President of People Operations for Google; redacted version submitted)

    ii)  **Exhibit R** (excerpts from the March 19, 2013 deposition of Sergey Brin, Co-Founder of Google; redacted version submitted)

    iii)  **Exhibit S** (excerpts from the January 30, 2013 deposition of Shona Brown, former Senior Vice President of Business Operations for Google; redacted version submitted)

    iv)  **Exhibit T** (excerpts from the February 27, 2013 deposition of Alan Eustace, Senior Vice President of Engineering for Google; redacted version submitted)

-5-

1    v)    **Exhibit V** (excerpts from the March 13, 2013 deposition of Jonathan
2          Rosenberg, Advisor to the Office of the CEO and former Senior Vice
3          President of Product Management for Google; redacted version submitted)

4    vi)   **Exhibit W** (excerpts from the February 20, 2013 deposition of Eric
5          Schmidt, Executive Chairman, member of the Board and former CEO for
6          Google; redacted version submitted)

7    vii)  **Exhibit X** (excerpts from the March 7, 2013 deposition of Frank Wagner,
8          Director of Compensation for Google; redacted version submitted)

9    viii) **Exhibit DD** (excerpts from the January 29, 2013 deposition of Paul
10         Otellini, member of the Board of Google, at 27:1-30:25, 215:1-216:18,
11         217:9-221:22, 224:1-226:19, 243:2-244:4, 244:22-245:2, and 246:14-
12         247:16)

13   ix)   **Exhibit EE** (excerpts from the February 5, 2013 deposition of Bill
14         Campbell, Advisor to Google; redacted version submitted)

15   x)    **Exhibit 173**
16   xi)   **Exhibit 176**
17   xii)  **Exhibit 472**
18   xiii) **Exhibit 608**
19   xiv)  **Exhibit 614**
20   xv)   **Exhibit 616**
21   xvi)  **Exhibit 621**
22   xvii) **Exhibit 660**
23   xviii)**Exhibit 666**
24   xix)  **Exhibit 668**
25   xx)   **Exhibit 674**
26   xxi)  **Exhibit 1600**
27   xxii) **Exhibit 1606**
28   xxiii)**Exhibit 1609**

-6-

| | |
|---|---|
| xxiv) | **Exhibit 1613** |
| xxv) | **Exhibit 1618** |
| xxvi) | **Exhibit 1625** |
| xxvii) | **Exhibit 1629** |
| xxviii) | **Exhibit 1753** |
| xxix) | **Exhibit 2422** |
| xxx) | **Exhibit 2425** |
| xxxi) | **Exhibit 2426** |

8.    Based on the previous declarations submitted by Frank Wagner, the information in portions of the Supplemental Class Certification Brief, the Hallock Report, the Supplemental Leamer Report, Exhibit 2 to the Supplemental Leamer Report, as well as certain exhibits to the Harvey Declaration and Cisneros Declaration—as identified above in Paragraphs 5 and 7, above—is confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality.  Dkts. 201, 221 and 261.  Google does not disclose this information to its competitors, customers or the general public.  *Id.*  Public disclosure of this information would likely result in competitive harm to Google by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee hiring, recruiting and compensation.  *Id*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2013 in Palo Alto, California.  /s/    Eric B. Evans
                                                    Eric B. Evans