1  BINGHAM MCCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  FRANK M. HINMAN (SBN 157402)
   KRYSTAL N. BOWEN (SBN 163972)
3  SUJAL J. SHAH (SBN 215230)
   SUSAN J. WELCH (SBN 262320)
4  FRANK BUSCH (SBN 258288)
   Three Embarcadero Center
5  San Francisco, CA  94111-4067
   Telephone:  415.393.2000
6  Facsimile:  415.393.2286
   donn.pickett@bingham.com
7  frank.hinman@bingham.com
   krystal.bowen@bingham.com
8  sujal.shah@bingham.com
   susan.welch@bingham.com
9  frank.busch@bingham.com

10 Attorneys for Defendant
   Intel Corporation

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13
                        SAN JOSE DIVISION
14

15 IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
   ANTITRUST LITIGATION
16
17 THIS DOCUMENT RELATES TO:          **DECLARATION OF KRYSTAL N. BOWEN
                                      IN SUPPORT OF DEFENDANTS' JOINT
18 ALL ACTIONS                        RESPONSE TO  PLAINTIFFS'
                                      ADMINISTRATIVE MOTION TO FILE
19                                    UNDER SEAL PLAINTIFFS'
                                      SUPPLEMENTAL MOTION IN SUPPORT
20                                    OF CLASS CERTIFICATION AND
                                      RELATED DOCUMENTS**
21
22                                    Date Consolidated Amended Compl. Filed:
                                      September 13, 2011
23

24

25

26

27

28

1   I, Krystal N. Bowen, declare:

2   1.   I am an attorney duly licensed to practice law in the State of California, and a

3   partner at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation

4   ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on

5   information and belief. On behalf of Intel, I make this declaration pursuant to Civil Local Rule

6   79-5(d) and 7-11(a) to demonstrate that good cause exists for the documents described below to

7   be filed under seal. I make this declaration in support of Defendants' Joint Response to

8   Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Supplemental Motion in Support

9   of Class Certification and Related Documents (Dkt. 424), filed by Adobe Systems Inc. on May

10   17, 2013. If called and sworn as a witness, I could and would competently testify to the matters

11   stated below.

12   ***The Intel Confidential Information That Should Be Sealed***

13   2.   I have reviewed (1) Plaintiffs' Administrative Motion to File Under Seal

14   Plaintiff's Supplemental Motion for Class Certification and Related Documents (Dkt. 417);

15   (2) Plaintiffs' Supplemental Motion and Brief in Support of Class Certification (Dkt. 418,

16   "Supplemental Motion"); (3) Declaration of Dean M. Harvey in Support of Plaintiffs' Notice of

17   Supplemental Motion and Supplemental Motion for Class Certification (Dkt. 418-1, "Harvey

18   Decl."); (4) Declaration of Lisa J. Cisneros in Support of Plaintiffs' Notice of Supplemental

19   Motion and Supplemental Motion for Class Certification (Dkt. 418-2, "Cisneros Decl."); (5)

20   Expert Report of Kevin F. Hallock (Dkt. 418-3, "Hallock Report"); and (6) Supplemental Expert

21   Report of Edward E. Leamer, Ph.D (Dkt. 418-4, "Supplemental Leamer Report"), filed on May

22   10, 2013. As described below, they quote from and reference Intel's documents and data that are

23   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the

24   Protective Order in this Action (Dkt. 107).

25   3.   The types of information reflected in the documents at issue here are similar to the

26   types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs'

27   Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class

28   Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203)

Master Docket No. ll-CV-2509-LHK

DECLARATION OF KRYSTAL N. BOWEN

1   ("Evangelista Declaration").

2   ***The Reasons For Sealing The Redacted Information And Underlying Documents***

3   4.   According to the Evangelista Declaration, because the types of information

4   contained in redacted portions of the above-referenced filings are similar to the types of

5   information described therein, the following reasons support the motion to seal.

6   5.   The Intel documents and data quoted or described in the above-referenced filings

7   contain information regarding confidential business practices that gives Intel a competitive

8   advantage in recruiting, retaining and compensating its employees.

9   6.   Intel derives independent economic value from the strategic information and data

10  contained in these types of documents not being generally known to the public or to other

11  persons, including Intel's many labor market competitors, who can obtain economic value from

12  its disclosure or use.

13  7.   It is Intel's practice to treat these types of documents and data as confidential, and

14  not to disclose them outside the company.  I am informed and believe that Intel has taken

15  reasonable steps to ensure that these documents remain confidential, including designating them

16  AEO pursuant to the Protective Order filed in this Action.

17  8.   Specifically, Intel seeks to seal the following Intel confidential, commercially

18  sensitive information in the above-referenced filings:

19  • **Supplemental Motion, page 18-19, paragraph 4** reflects Intel's compensation

20  policies and strategies.  In particular, the text describes Intel's strategies to effectively

21  compensate its employees.

22  • **Hallock Report, paragraphs 70-84, 137-158, 187, and Figure 16** reflect Intel's

23  compensation policies and strategies.  In particular, the text describes Intel's

24  compensation structure, and Intel's strategies to effectively compensate its

25  employees.

26  • **Supplemental Leamer Report, Figure 19** reflects Intel's compensation policies.  In

27  particular, the figure describes specific salary averages over a period of time.

28  • **Supplemental Leamer Report, Exhibit 2, pages 10-18** reflects Intel's compensation

1   practices.  In particular, the exhibit identifies specific Intel job categories and appears

2   to provide information from which one can derive the compensation ranges for those

3   categories.

4   • **Harvey Decl., Exhibits 9 and 10** reflect Intel's compensation practices.  In

5   particular, this exhibit describes the methods by which compensation is set within

6   Intel.

7   • **Cisneros Decl., Exhibit Y, Deposition Testimony of Deborah Conrad; Exhibit Z,**

8   **Deposition Testimony of Randall Goodwin; Exhibit AA, Deposition Testimony**

9   **of Renee James; Exhibit BB, Deposition Testimony of Daniel McKell; Exhibit**

10   **CC, Deposition Testimony of Patricia Murray; and Exhibit DD, Deposition**

11   **Testimony of Paul Otellini** reflects testimony given by Intel employees and

12   executives describing Intel's compensation practices, policies and strategies.  This

13   highly sensitive information is described within the testimony in a sufficiently

14   detailed manner that would disclose to Intel's competitors how Intel compensates or

15   recruits its employees.  Intel seeks only to seal information in the referenced exhibits

16   relating to its own compensation policies and practices, but I am informed and believe

17   that another defendant will seek to seal testimony from the Deposition of Paul

18   Otellini concerning that defendant's compensation policies and practices.

19   • **Cisneros Decl., Exhibit 391, 392 and 393** reflect Intel's compensation practices.  In

20   particular, this exhibit describes the methods by which compensation is set within

21   Intel.

22   • **Cisneros Decl., Exhibit 397** reflects Intel's job categorization strategies and

23   compensation.  In particular, this exhibit describes the methods by which categories

24   are established and compensation is set.

25   • **Cisneros Decl., Exhibit 398** reflects Intel's recruiting and/or compensation policies.

26   In particular, the exhibit describes Intel's processes for developing an offer and

27   setting compensation.

28   • **Cisneros Decl., Exhibit 399** reflects Intel's compensation policies.  In particular, the

3

DECLARATION OF KRYSTAL N. BOWEN

1    exhibit describes Intel's policies and practices for its compensation planning and

2    design processes.

3    • **Cisneros Decl., Exhibit 400** reflects Intel's compensation policies.  In particular, the

4    exhibit describes Intel's policies for setting compensation and benefits.

5    • **Cisneros Decl., Exhibit 478** reflects personal compensation decisions and

6    information with respect to a specific Intel executive.

7    • **Cisneros Decl., Exhibit 781** reflects Intel's compensation policies and practices.  In

8    particular, the exhibit describes Intel's policies and practices for setting compensation

9    and benefits.

10   • **Cisneros Decl., Exhibit 2030** reflects Intel's compensation policies and practices.  In

11   particular, this exhibit contains several confidential documents that describe how

12   compensation is set within Intel.

13   • **Cisneros Decl., Exhibit 2033** reflects Intel's compensation practices.  In particular,

14   this exhibit describes Intel's internal processes for setting compensation.

15   • **Cisneros Decl., Exhibit 2035** reflects Intel's compensation policies and practices.  In

16   particular, this exhibit describes internal Intel considerations regarding the methods

17   by which compensation and benefits are set.

18                    ***The Particularized Harm Disclosure Would Cause***

19        9.        According to the Evangelista Declaration, because the types of information

20   redacted from the above-referenced documents are similar to the types of information described

21   therein, Intel would suffer the following particularized harm if the redacted information is

22   disclosed to the public.  The public disclosure of the Intel confidential information contained in

23   Intel's documents and data described above would put Intel at a significant competitive

24   disadvantage in terms of its ability to identify, recruit, and compensate its employees.  Public

25   disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related

26   strategies, policies and practices would also deprive Intel of its investment in developing those

27   strategies and give the scores of other companies with which Intel competes an unearned

28   advantage by giving them the benefit of Intel's investments.  Public disclosure of Intel's detailed

DECLARATION OF KRYSTAL N. BOWEN

1  compensation data would also give those other companies an unearned advantage by giving them

2  the benefit of Intel's compensation strategies, compensation levels, and other related

3  information.

4       10.    Because these documents cannot be disclosed to the public without causing this

5  harm, their contents should be protected by redacting them and each reference to their contents

6  from public filings.

7            I declare under penalty of perjury that the foregoing is true and correct.  Executed

8  in San Francisco, California on May 17, 2013.

9

10

11                                          _____
                                            /s/ Krystal N. Bowen
                                            Krystal N. Bowen

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KRYSTAL N. BOWEN