# Exhibit DD

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4

5

6    IN RE:  HIGH-TECH EMPLOYEE     )

7    ANTITRUST LITIGATION          )

8                                  )   No. 11-CV-2509-LHK

9    THIS DOCUMENT RELATES TO:     )

10   ALL ACTIONS.                  )

11   _____)

12

13

14          CONFIDENTIAL - ATTORNEYS' EYES ONLY

15          VIDEO DEPOSITION OF PAUL OTELLINI

16                 January 29, 2013

17

18

19   REPORTED BY:  GINA V. CARBONE, CSR NO. 8249, RPR, CCRR

20

21

22

23

24

25

Deposition of Paul Otellini

Deposition of Paul Otellini

Deposition of Paul Otellini

In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

Deposition of Paul Otellini                                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

Deposition of Paul Otellini                    In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



04:09:02 19          You can -- you can put that aside.

04:09:46 20          (Whereupon, Exhibit 468 was marked for

04:09:46 21          identification.)

04:09:47 22          MR. SAVERI:  I've handed you Exhibit 468, it

04:09:51 23   has the Bates Nos. Google 00257207 through 210.

04:10:01 24          Again, it's a -- it's quite a complicated and

04:10:04 25   dense email.  I want to ask you about the portions of

```
04:10:08  1    this that communicated to you -- well, unfortunately

04:10:16  2    most of it is.

04:10:25  3          In particular, I want to ask you about the

04:10:26  4    portion of the email -- about the portion of the

04:10:29  5    document which is Mr. Schmidt's email to you that starts

04:10:31  6    on the bottom of page 1 and continues over to page 2.

04:10:36  7    And I guess your preceding response.

04:11:20  8          A.   Okay.
```

Deposition of Paul Otellini                           In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



04:18:12 23        Q.  Now, going back to 469 -- excuse me.  Excuse

04:18:16 24    me.

04:18:16 25             I had it in front of me and didn't give it to

04:18:18  1    you.  I'm sorry.  I apologize.

04:18:20  2             (Whereupon, Exhibit 469 was marked for

04:18:20  3             identification.)

04:18:27  4             MR. PICKETT:  He needs to put a sticker on it.

04:18:31  5             MR. SAVERI:  I'm sorry.  I was doing things too

04:18:33  6    quickly.

04:18:35  7        Q.  So do you have 469 in front of you?

04:18:46  8        A.  This is now June.

04:18:48  9        Q.  At the top of the chain, just so we're clear,

04:18:49 10    is an email from Art Levinson to Laszlo Bock dated

04:18:54 11    June 9, 2008, and the recipients are you, Eric Schmidt,

04:19:09 12    Bill Campbell, Shona Brown.

04:19:10 13             (Reporter clarification.)

04:20:33 14             THE WITNESS:  Okay.  I think I've got the gist

04:20:36 15    of it.

04:20:37 16             MR. SAVERI:  Q.  Let me take you up from

04:20:40 17    the back to the front of the document.  The first

04:20:43 18    part of the chain is an email from Laszlo Bock to

04:20:46 19    Art Levinson, yourself, Eric Schmidt, Bill Campbell,

04:20:52 20    Shona Brown, Frank Wagner and others.

04:20:54 21             Do you see that?

04:20:55 22        A.  Yes.

04:20:56 23        Q.  Now, Mr. Bock writes, "Art & Paul," that's

04:20:59 24    Mr. Levinson and yourself, correct?

04:21:01 25        A.  Yes.

In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

Deposition of Paul Otellini

Deposition of Paul Otellini                                     In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



04:26:07 20        MR. SAVERI:  You can put that aside.

04:26:29 21        I'm sorry I've blown through all the numbers.

04:26:30 22   What's the next?

04:26:31 23        MR. PICKETT:  470.

04:26:34 24        (Whereupon, Exhibit 470 was marked for

04:26:34 25        identification.)

| | | |
|---|---|---|
| 04:26:36 | 1 | MR. SAVERI:  Q.  I've handed you what's |
| 04:26:37 | 2 | been marked as 470.  It has the Bates numbers |
| 04:26:53 | 3 | GOOG-HIGH-TECH-00455027 through 35. |
| 04:27:08 | 4 | It's rather a long document.  I'm going to ask |
| 04:27:11 | 5 | you about the portions of it that refer to you by name, |
| 04:27:15 | 6 | and then in particular the portions that are on page 2, |
| 04:27:23 | 7 | Summary of Key Guidance.  And then there is a section on |
| 04:27:27 | 8 | page 4 that talks about Talent Retention and Attraction. |
| 04:27:35 | 9 | A.  Well, you want me to read all that first? |
| 04:27:38 | 10 | Q.  I think you should read whatever you think you |
| 04:27:40 | 11 | need to be comfortable with the document. |
| 04:27:41 | 12 | A.  I don't remember the document, so it's -- |
| 04:27:44 | 13 | Q.  Okay. |
| 04:27:44 | 14 | A.  -- it will take a while. |
| 04:32:12 | 15 | Okay. |
| 04:32:12 | 16 | Q.  Have you had a chance to review the document? |
| 04:32:14 | 17 | A.  I have. |
| 04:32:15 | 18 | Q.  Now, at the top of the first page, the title of |
| 04:32:20 | 19 | the document says Minutes of a Regular Meeting of the |
| 04:32:24 | 20 | Leadership Development and Compensation Committee of the |
| 04:32:26 | 21 | Board of Directors of Google Inc. October 14th, 2009. |
| 04:32:31 | 22 | Do you see that? |
| 04:32:32 | 23 | A.  I do. |
| 04:32:35 | 24 | Q.  Is this an example of minutes of an LDCC |
| 04:32:39 | 25 | meeting that you attended? |

05:11:08   1   3308.

Deposition of Paul Otellini                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

05:14:00  5            (Whereupon, Exhibit 474 was marked for

05:14:00  6            identification.)

05:14:23  7            MR. SAVERI:  Q.  I've handed you what's

05:14:24  8  been marked as Exhibit 474, Bates No. 76616DOC005972

05:14:34  9  to 973.

05:14:36  10           Draw your attention to the top of the first

05:14:38  11  page which is an email from Laszlo Bock to yourself with

05:14:42  12  copies to Eric Schmidt and Shona Brown and John Doerr

05:14:47  13  dated November 16, 2010.

05:14:48  14           Do you have that in front of you?

05:14:50  15      A.  I do.

05:14:51  16      Q.  Did you receive this email from Laszlo Bock on

05:14:53  17  or about the date that's indicated?

05:14:56  18      A.  Very likely.

05:14:57  19      Q.  Do you have any reason to believe you did not?

05:15:01  20      A.  No.

05:15:02  21      Q.  You can put that aside.

Deposition of Paul Otellini                    In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

█████████  █      ███████████████████████████████

█████████  █      ███████████████████

05:15:46   3          (Whereupon, Exhibit 475 was marked for

05:15:46   4          identification.)

05:16:06   5          MR. SAVERI:  Q.   475 is an email from

05:16:10   6   Laszlo Bock to a number of individuals including

05:16:17   7   John Doerr, yourself, John Hennessy, Shirley

05:16:20   8   Tilghman and others.

05:16:22   9          And for purposes of the record, it's a document

05:16:27  10   with the Bates number Google 00252681.

05:16:32  11          Do you have that in front of you?

05:16:33  12      A.  Yes, I do.

05:16:35  13      Q.  Did you receive this email from Mr. Bock on or

05:16:38  14   about this date?

05:16:39  15      A.  Probably.

05:16:40  16      Q.  Now, were the individuals who were identified

05:16:48  17   here members of the Google board of directors?

05:16:52  18      A.  On the -- the "To" line, they are.

05:16:59  19      Q.  So in January of 2011, John Hennessy was a

05:17:02  20   member of the Google board, correct?

05:17:04  21      A.  Yes.

05:17:05  22      Q.  At the time, was he -- that's the John Hennessy

05:17:07  23   who is the president of Stanford?

05:17:09  24      A.  Yes.

05:17:10  25      Q.  And at this time, Shirley -- is it Tilghman?

05:17:16   1      A.   Tilghman.

05:17:18   2      Q.   Was she the head of Princeton at the time?

05:17:20   3      A.   Yes.

05:17:21   4      Q.   And Ram Shriram -- okay.  And both Mr. Shriram

05:17:29   5   and Ann Mather were also members of the board?

05:17:32   6      A.   Yes.

05:17:32   7      Q.   And are the persons -- well, was Mr. Campbell a

05:17:36   8   member of the board at this time?

05:17:37   9      A.   No.  Nor has he ever been.

05:17:42  10      Q.   I understand that.  Mr. Schmidt, Larry Page,

05:17:45  11   Sergey Brin, Shona Brown, Kent Walker, at the time they

05:17:49  12   were all employees of Google, correct?

05:17:51  13      A.   Yes, they were.

Deposition of Paul Otellini

In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

05:21:05 17        Q.   I'm sorry.   Fair enough.

Deposition of Paul Otellini                           In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

Deposition of Paul Otellini

Deposition of Paul Otellini                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

05:27:40   7          (Whereupon, Exhibit 476 was marked for

05:27:40   8          identification.)

05:28:04   9          (Discussion off the record.)

05:28:12  10          MR. SAVERI:  Q.  Mr. Otellini, I've handed

05:28:22  11  you what's been marked as Exhibit 476.  It has the

05:28:23  12  Bates No. 76616DOC000763.

05:28:35  13          The top of the document is an email from you to

05:28:39  14  someone named Mark Fichtner.  Do you see that?

05:28:44  15      A.  Yes.

05:28:45  16      Q.  Did you write this email to Mr. Fichtner?

05:28:48  17      A.  Yes, I did.

05:28:49  18      Q.  And you say, "Our pay philosophy is

05:28:51  19  straightforward.  We pay salary and bonus based upon

05:28:54  20  market.  We remain very competitive there."

05:28:57  21          Do you see that?

05:28:58  22      A.  Yes.

05:28:58  23      Q.  Is that a -- an accurate statement?

05:29:00  24      A.  Yes.

05:29:08  25      Q.  Now, from time to time, did -- were you

05:52:12 1      Q.  But my question, sir, was after you wrote this

05:52:14 2   email, did you ever make any subsequent communication

05:52:18 3   to -- with respect to the subject further clarifying any

05:52:25 4   ambiguity in your response?

05:52:27 5      A.  You asked that question, I said no, and then I

05:52:29 6   went on and explained.

05:52:30 7      Q.  Now, when did you first -- subsequent to

05:52:46 8   writing your email, did you have any conversation with

05:52:52 9   Ms. Thompson or anybody else about this subject where

05:52:54 10  they raised any questions about what you meant in this

05:52:58 11  email?

05:52:59 12     A.  Not that I recall.

05:53:02 13          MR. SAVERI:  I think I'm done.  I'm certain I'm

05:53:04 14  done.

05:53:05 15          Thank you for your time, sir.

05:53:06 16          THE WITNESS:  Good.  I think I'm done.

05:53:08 17          MR. PICKETT:  Thank you.

05:53:08 18          THE VIDEOGRAPHER:  This is the end of video 4

05:53:09 19  of 4 and concludes today's proceedings.

05:53:12 20          The master videos will be retained by Jordan

05:53:13 21  Media.

05:53:15 22          We are now off the record and the time is 5:53.

06:47:44 23          (The deposition concluded at 5:53 PM)

06:47:44 24

         25

1          I, Gina V. Carbone, Certified Shorthand

2    Reporter licensed in the State of California, License

3    No. 8249, hereby certify that the deponent was by me

4    first duly sworn and the foregoing testimony was

5    reported by me and was thereafter transcribed with

6    computer-aided transcription; that the foregoing is a

7    full, complete, and true record of said proceedings.

8          I further certify that I am not of counsel or

9    attorney for either of any of the parties in the

10   foregoing proceeding and caption named or in any way

11   interested in the outcome of the cause in said caption.

12         The dismantling, unsealing, or unbinding of

13   the original transcript will render the reporter's

14   certificates null and void.

15         In witness whereof, I have hereunto set my

16   hand this day:  February 1, 2013.

17         _____ Reading and Signing was requested.

18         _____ Reading and Signing was waived.

19         ___X___ Reading and signing was not requested.

20

21

22         _____

23         GINA  V. CARBONE

24         CSR 8249, RPR, CCRR

25