EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

DEBORAH A. GARZA (*pro hac vice*)
dgarza@cov.com
JOHN W. NIELDS JR. (*pro hac vice*)
jnields@cov.com
THOMAS A. ISAACSON (*pro hac vice*)
tisaacson@cov.com
CHINUE RICHARDSON (*pro hac vice*)
crichardson@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Attorneys for Defendant
PIXAR

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No.: C 11-CV-2509-LHK<br><br>**DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5 SUBMITTED IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Date: August 8, 2013<br>Time: 1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# DECLARATION OF JAMES M. KENNEDY

I, James M. Kennedy, declare as follows:

1. I am the Senior Vice President, Business Strategy and Chief Legal Counsel for Pixar, and I am an attorney licensed to practice law in the State of California. The matters set forth herein are true and correct of my own personal knowledge and information provided to me. If called as a witness, I could and would testify competently thereto.

2. I submit this declaration pursuant to Civil Local Rule 79-5 and this Court's Standing Order with respect to documents that Defendants request be maintained under seal. *See* Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal filed on May 17, 2013 ("Defendants' Joint Response"). Pixar requests that certain materials designated as confidential by Pixar and lodged under seal be sealed pursuant to Civil Local Rule 79-5. In particular, Pixar requests that the Court maintain under seal (a) portions of the Supplemental Expert Report of Edward E. Leamer, Ph.D ("Supplemental Leamer Report") (Dkt. No. 418-4); (b) portions of the Expert Witness Report of Kevin F. Hallock ("Hallock Report") (Dkt. No. 418-3); and (c) certain exhibits attached to the Declaration of Lisa J. Cisneros ("Cisneros Declaration") (Dkt. No. 418-2). Pixar's proposed redactions to the exhibits attached to the Cisneros Declaration are attached hereto.

3. Public versions of these materials were filed on May 10, 2013. In the public versions, the parties redacted those portions that refer to the contents of Pixar's confidential information.

4. I have reviewed the Supplemental Leamer Report, the Hallock Report, certain exhibits attached to the Cisneros Declaration, and Defendants' Joint Response. Good cause exists to file under seal the following figures, paragraphs and exhibits, which contain competitively sensitive and proprietary information about Pixar's hiring and compensation practices and/or confidential, non-public personal identifying information about candidates, employees and non-parties. Pixar's proposed redactions to these documents are being lodged with the Court.

DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5 SUBMITTED IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No.: C 11-CV-2509-LHK

2

5. <u>Supplemental Leamer Report (Dkt. No. 418-4)</u>

With respect to information regarding Pixar, good cause exists to seal Figure 19 (the data related to Pixar compensation) of the Supplemental Leamer Report. *See* Dkt. No. 418-4, at 31. This Figure reflects highly confidential and competitively sensitive data regarding Pixar's average total compensation levels. Disclosure would create a substantial risk of serious competitive harm to Pixar because its competitors would gain insight into Pixar's competitive and proprietary compensation practices. Pixar would be deprived of its investments in developing these practices and would be placed at a significant disadvantage with respect to its compensation strategies. Pixar would therefore be prejudiced if the information were made available to the general public.

6. <u>Hallock Report (Dkt. No. 418-3)</u>

With respect to information regarding Pixar, good cause exists to seal portions of paragraphs 100, 107 and 223 of the Hallock Report (Dkt. No. 418-3). The statements contained within those paragraphs reflect highly confidential and competitively sensitive information regarding Pixar's specific compensation strategies and guidelines. Disclosure would create a substantial risk of serious competitive harm to Pixar because its competitors would gain detailed insight into Pixar's competitive and proprietary compensation strategies and practices. Pixar would therefore be prejudiced if the information were made available to the general public.

7. <u>Exhibits attached to the Cisneros Declaration (Dkt. No. 418-2)</u>

a. With respect to information regarding Pixar, good cause exists to seal portions of the following exhibits:

- Exhibit 1306;
- Exhibit 1309;
- Exhibit RR (page 160 (lines 21-23) and page 209 (line 2) through page 210 (line 16));
- Exhibit SS (Page 28 (lines 2-9) and page 32 (lines 2-8)); and

DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5 SUBMITTED IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No.: C 11-CV-2509-LHK

3

- Exhibit VV (page 88 (lines 20-25), page 89 (lines 9-16), page 105 (lines 8-9), page 106 (line 11) through page 107 (line 20), page 124 (line 20) through page 126 (line 6), and page 187 (line 5)).

Portions of these exhibits reflect highly confidential and competitively sensitive information about Pixar's cost structure and compensation levels, including information related to base salary determinations and specific salary increases and guidelines. Disclosure would create a substantial risk of serious competitive harm to Pixar because its competitors would gain insight into Pixar's competitive and proprietary compensation practices. Pixar would be deprived of its investments in developing these practices and would be placed at a significant competitive disadvantage with respect to its compensation strategies. Pixar would therefore be prejudiced if the information were made available to the general public.

    b. With respect to information regarding Pixar, good cause exists to seal portions of the following exhibits:

- Exhibit 129;
- Exhibit 137;
- Exhibit 420;
- Exhibit 424;
- Exhibit 1309;
- Exhibit QQ (page 66 (lines 17 and 18-19) and page 67 (lines 2-3));
- Exhibit RR (page 96 (lines 11-16), page 97 (line 2), page 101 (lines 19-21), page 105 (line 8), page 114 (lines 1 and 4), page 134 (line 21), page 137 (line 9), page 140 (lines 14-15), page 142 (line 25), page 143 (line 1), page 163 (lines 9-18), page 211 (lines 20-22, 24), page 214 (line 25) through page 215 (line 1), page 218 (lines 2, 20-21));
- Exhibit SS (page 59 (line 8));
- Exhibit TT (page 134 (line 2)); and
- Exhibit UU (page 129 (lines 17 and 18)).

DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5 SUBMITTED IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No.: C 11-CV-2509-LHK

4

1  The information contained in these exhibits reflect highly confidential information about individuals' compensation, hiring, candidacy, or employment and performance history. The exhibits also contain confidential, non-public personal identifying information and disclosure could cause annoyance, embarrassment and/or substantial professional and personal harm to these individuals.

      c.    With respect to information regarding Pixar, good cause exists to seal in its entirety Exhibit 1308. The exhibit, titled Salary Analysis, reflects highly confidential and competitively sensitive information about Pixar's cost structure and compensation practices and strategies. It also includes competitively sensitive information related to Pixar base salaries and turnover activity. Disclosure would create a substantial risk of serious competitive harm to Pixar because its competitors would gain extensive, detailed insight into Pixar's competitive and proprietary compensation and hiring practices and strategies. Competitors would also gain insight into Pixar's cost structure and related highly confidential information. Pixar would be deprived of its investments in developing these practices and would be placed at a significant disadvantage with respect to its hiring, compensation and employee retention strategies. Pixar would therefore be prejudiced if the information were made available to the general public.

8.    I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on May 17, 2013, in Emeryville, CA.

*/s/ James M. Kennedy*
James M. Kennedy

DECLARATION OF JAMES M. KENNEDY PURSUANT TO CIVIL LOCAL RULE 79-5 SUBMITTED IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No.: C 11-CV-2509-LHK

5