GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
AMANDA R. CONLEY (Bar. No. 281270)
aconley@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' SUPPLEMENTAL MOTION IN SUPPORT OF CLASS CERTIFICATION AND RELATED DOCUMENTS** |

1    I, Christina Brown, declare as follows:

2        1.    I am a member of the Bar of the State of California and a counsel of the law firm

3    of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc.  I submit this declaration in

4    support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal

5    Plaintiffs' Supplemental Motion in Support of Class Certification and Related Documents.  I

6    make this declaration based on my own personal knowledge and information provided to me.  If

7    called to testify as a witness, I could and would do so competently.

8        2.  Apple seeks to seal only limited portions of the following documents:  (i) Plaintiffs'

9    Supplemental Motion for Class Certification; (ii) the Expert Witness Report of Kevin F. Hallock;

10   (iii) the Supplemental Expert Report of Edward E. Leamer, Ph.D.; (iv) certain exhibits to the

11   Declaration of Dean M. Harvey filed in support of Plaintiffs' Supplemental Motion for Class

12   Certification; and (v) certain exhibits to the Declaration of Lisa J. Cisneros filed in support of

13   Plaintiffs' Supplemental Motion for Class Certification.  I have reviewed these documents, and I

14   believe there is good cause to maintain under seal the portions set forth below.  As described

15   below, they contain, rely upon, and reflect information designated by Apple as CONFIDENTIAL

16   – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on

17   January 24, 2012 (Dkt. 107).

18       3.    The following portions of Plaintiffs' Supplemental Motion for Class Certification

19   (Dkt. 418) disclose Apple's highly confidential and competitively sensitive employee

20   compensation and recruiting strategies:

21       •   Page 11, lines 14-15 describe a specific strategy for recruiting employees for a

22           position at Apple;

23       •   Page 16, lines 20-23 and 24-26 describe Apple's specific strategies and practices with

24           respect to determining and adjusting employees' compensation; and

25       •   Page 17, lines 1-2, 15-17, and 18-20 describe Apple's specific strategies and practices

26           with respect to determining employees' compensation.

27       4.    The following portions of the Expert Witness Report of Kevin F. Hallock (Dkt.

28   418-3) disclose Apple's highly confidential and competitively sensitive employee compensation

BROWN DECLARATION ISO SEALING PORTIONS
OF PLAINTIFFS' SUPP. CLASS CERT. MOTION
NO. 11-CV-2509-LHK

strategies and data:

- Paragraph 41 reflects Apple's employee job levels and compensation strategies;

- Paragraph 42 reflects Apple's employee job levels, compensation strategies, and compensation data;

- Paragraphs 60-61 and 63 describe Apple's employee job levels, salary data, and compensation strategies;

- Paragraphs 123 and 125-126 describe Apple's strategies and practices for determining employee compensation;

- Paragraph 128 describes Apple's strategies and practices with respect to employee promotions and compensation;

- Paragraphs 135-136 describe Apple's strategies and practices with respect to employee compensation and promotions;

- Paragraph 185 reflects Apple's employee job levels and compensation strategies;

- Paragraphs 189-190 describe Apple's strategies and practices with respect to employee compensation and promotions;

- Figure 8 discloses Apple's employee job levels, compensation strategies, and compensation data;

- Figure 9 discloses Apple's salary and bonus levels and reflects Apple's highly confidential employee compensation data;

- Figures 10 and 11 disclose Apple's employee job levels and salary data; and

- Figure 14 discloses Apple's employee evaluation and compensation strategies.

5.      The following portions of the Supplemental Expert Report of Edward E. Leamer, Ph.D. (Dkt. 418-4) disclose Apple's highly confidential and competitively sensitive employee compensation data:

- Figure 19 discloses Apple's average total employee compensation and reflects Apple's highly confidential employee compensation data; and

- Ex. 2 discloses Apple's job titles and related employee-years and compensation correlations and reflects Apple's highly confidential employee compensation data.

6. The following exhibits to the Declaration of Dean M. Harvey filed in support of Plaintiffs' Supplemental Motion for Class Certification (Dkt. 418-1) disclose Apple's highly confidential and competitively sensitive business and employee compensation strategies and data:

- Exhibits 1 through 6 reflect Apple's specific employee job levels and salary data;
- Exhibit 7 describes Apple's strategies and considerations with respect to employee hiring; and
- Exhibit 8 reflects Apple's confidential business strategies and internal assessments of its competitive position in the market;

Attached hereto are proposed redacted versions of these exhibits.

7. The following exhibits to the Declaration of Lisa J. Cisneros filed in support of Plaintiffs' Supplemental Motion for Class Certification (Dkt. 418-2) disclose Apple's highly confidential and competitively sensitive employee hiring and compensation strategies and data:

- Exhibit H (deposition excerpts of David Alvarez), pages 208-209, reflects Apple's strategies with respect to a potential Apple employee and quotes from a document (231APPLE039426) that the Court previously ordered sealed in its Order Granting in Part and Denying in Part Motions to Seal ("Sealing Order") (Dkt. 273);
- Exhibit I (deposition excerpts of Darrin Baja), page 42, reflects Apple's employee compensation strategies;
- Exhibit J (deposition excerpts of Richard Bechtel), page 39, 82-83, and 215-217, reflects Apple's practices and strategies for determining employee compensation; and at page 80, reflects the deponent's personal employment information;
- Exhibit K (deposition excerpts of Mark Bentley), pages 261-263, reflects Apple's practices and strategies for determining employee salaries;
- Exhibit L (deposition excerpts of Patrick Burke), pages 37-38, 43, 161, 277, 281-283, reflects Apple's strategies and practices for determining employee job levels and employee compensation;
- Exhibit M (deposition excerpts of Steven Burmeister), pages 17, 32-36, 41-44, 51-54, 58, 64, 75-78, 88-90, 101-102, 124-127, 152-154, 156, and 190-191 reflect Apple's

strategies and practices for determining and adjusting employee compensation and job levels, and Apple's specific employee job levels and compensation data;

- Exhibit N (deposition excerpts of Tony Fadell), pages 49, 51, 53-54, 117, reflects Apple's practices and strategies with respect to employee hiring and determining employee salaries;

- Exhibit O (deposition excerpts of Bob Mansfield), pages 36-37, 39, 41, 45-46, reflects Apple's strategies and practices for determining employee job levels and employee compensation;

- Exhibit P (deposition excerpts of Ron Okamoto), pages 130-131 and 133-136, reflects Apple's practices and strategies for determining and adjusting employee compensation and employee promotions;

- Exhibit 268 (231APPLE009277) reflects Apple's specific employee job levels, salary data, and compensation practices;

- Exhibit 278 (231APPLE002150) discloses personal identifying information of a former Apple employee;

- Exhibit 279 (231APPLE002151) discloses personal identifying information of a former Apple employee;

- Exhibit 1130 (231APPLE099371) reflects Apple's strategies and practices for determining employee compensation;

- Exhibit 1376 (231APPLE039426) discusses Apple's compensation strategies and plans with respect to a potential Apple employee.  The Court previously granted Apple's request to seal this document in its Sealing Order (Dkt. 273);

- Exhibit 1854 (231APPLE100673) describes Apple's strategies for determining employee compensation, including employee salaries, bonus, and equity compensation;

- Exhibit 1855 (Declaration of Steven Burmeister) describes Apple's strategies and practices for determining and adjusting employee compensation, and reflects specific employee job levels and employee compensation data;

- Exhibit 1856 (231APPLE105342) describes Apple's specific employee job levels, salary data, and practices and strategies for determining employee compensation and status;
- Exhibit 1858 (231APPLE098912) reflects Apple's employee compensation data and analysis; and
- Exhibit 1859 (231APPLE105324) reflects Apple's strategies and practices for determining employee salaries.

Attached hereto are proposed redacted versions of these exhibits.

8.     As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive.  Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies.  Public disclosure of this information would deprive Apple of its investment in developing these strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees.  Apple would therefore be prejudiced if this information were made available to the general public.

9.     Because these portions of the documents cannot be publicly disclosed without causing serious harm, as described above, Apple requests that they be maintained under seal and redacted from the publicly-filed versions of the documents.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 17, 2013, in San Francisco, California.


By:  /s/ Christina J. Brown
        Christina Brown

BROWN DECLARATION ISO SEALING PORTIONS
OF PLAINTIFFS' SUPP. CLASS CERT. MOTION
NO. 11-CV-2509-LHK