UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION          **ORIGINAL**

BEFORE THE HONORABLE LUCY H. KOH, JUDGE

| | | |
|---|---|---|
| IN RE: HIGH-TECH EMPLOYEE | ) | NO. C 11-02509 LHK |
| ANTITRUST LITIGATION | ) | PAGES 1 - 50 |
| | ) | |
| | ) | SAN JOSE, CALIFORNIA |
| _____ | ) | WEDNESDAY, MAY 15, 2013 |

**TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

FOR PLAINTIFFS:          LIEFF, CABRASER, HEIMANN &
                              BERNSTEIN
                         275 BATTERY STREET, 30TH FLOOR
                         SAN FRANCISCO, CALIFORNIA  94111
              BY:  LISA J. CISNEROS,
                   KELLY M. DERMODY,
                   BRENDAN P. GLACKIN,
                   DEAN M. HARVEY, ATTORNEYS AT LAW


                         JOSEPH SAVERI LAW FIRM
                         255 CALIFORNIA STREET, SUITE 450
                         SAN FRANCISCO, CALIFORNIA  94111
              BY:  JAMES G.B. DALLAL,
                   JOSEPH R. SAVERI, ATTORNEYS AT LAW


              (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258


    PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

**A P P E A R A N C E S (CONT'D.)**

```
FOR DEFENDANTS        JONES DAY
ADOBE AND INTUIT:     555 CALIFORNIA STREET, 26TH FLOOR
                      SAN FRANCISCO, CALIFORNIA  94104
                 BY:  ROBERT A. MITTELSTAEDT,


                      JONES DAY
                      1755 EMBARCADERO ROAD
                      PALO ALTO, CALIFORNIA  94303
                 BY:  CATHERINE T. ZENG, ATTORNEY AT LAW


FOR DEFENDANT         O'MELVENY & MYERS
APPLE, INC.:          EMBARCADERO CENTER WEST
                      TWO EMBARCADERO CENTER, 28TH FLOOR
                      SAN FRANCISCO, CALIFORNIA  94111-3823
                 BY:  CHRISTINA J. BROWN,
                      GEORGE RILEY, ATTORNEYS AT LAW


FOR DEFENDANT         MAYER BROWN LLP
GOOGLE, INC.:         TWO PALO ALTO SQUARE, SUITE 300
                      3000 EL CAMINO REAL
                      PALO ALTO, CALIFORNIA  94306-2112
                 BY:  LEE H. RUBIN, ATTORNEY AT LAW


FOR DEFENDANT         BINGHAM MCCUTCHEN LLP
INTEL CORP.:          THREE EMBARCADERO CENTER
                      SAN FRANCISCO, CALIFORNIA  94111-4607
                 BY:  FRANK HINMAN, ATTORNEY AT LAW


FOR DEFENDANT         KEKER & VAN NEST
LUCASFILM LTD.:       633 BATTERY STREET
                      SAN FRANCISCO, CALIFORNIA  94111-1809
                 BY:  DANIEL E. PURCELL, ATTORNEY AT LAW


FOR DEFENDANT PIXAR:  COVINGTON & BURLING LLC
                      1201 PENNSYLVANIA AVENUE N.W.
                      WASHINGTON, D.C.  20004
                 BY:  JOHN W. NIELDS, JR., ATTORNEY AT LAW


                      COVINGTON & BURLING LLC
                      333 TWIN DOLPHIN DRIVE, SUITE 700
                      REDWOOD SHORES, CALIFORNIA  94065
                 BY:  EMILY J. HENN, ATTORNEY AT LAW


                      --O0O--
```

```
 1    WEDNESDAY, MAY 15, 2013                        2:08 P.M.

 2                    P R O C E E D I N G S

 3         THE CLERK:  CALLING CASE NO. C11-02509 LHK, IN RE:

 4    HIGH-TECH EMPLOYEE ANTITRUST LITIGATION.

 5         MS. DERMODY:  GOOD AFTERNOON, YOUR HONOR.  YOUR HONOR

 6    KELLY DERMODY, LIEF CABRASER.  AND WITH ME FROM MY FIRM ARE

 7    BRENDAN GLACKIN, LISA CISNEROS, AND DEAN HARVEY.

 8         MR. SAVERI:  GOOD AFTERNOON, YOUR HONOR.  JOSEPH

 9    SAVERI, JOSEPH SAVERI LAW FIRM, FROM SAN FRANCISCO.  AND JAMES

10    DALLAL IS WITH ME THIS AFTERNOON.

11         MR. MITTELSTAEDT:  GOOD AFTERNOON, YOUR HONOR.  FOR

12    ADOBE AND INTUIT, BOB MITTELSTAEDT AND CATE ZENG, Z-E-N-G.

13         THE COURT:  OKAY.  THANK YOU.

14         MR. NIELDS:  YOUR HONOR, FOR DEFENDANT PIXAR, JOHN

15    NIELDS AND EMILY HENN FROM COVINGTON.

16         THE COURT:  OKAY.  I'M NOT -- IS THAT JOHN WILSON?

17    I'M SORRY.  DIDN'T CATCH THAT --

18         MR. NIELDS:  JOHN NIELDS, YOUR HONOR.

19         THE COURT:  OH, I'M SORRY.

20         MR. NIELDS:  N-I-E-L-D-S.

21         THE COURT:  N-I-E-L-D-S.  ALL RIGHT.  THANK YOU.

22         MR. NIELDS:  THANK YOU.

23         THE COURT:  AND FOR MR. SAVERI, YOU'RE HERE WITH

24    JAMES -- AND WHAT WAS THE LAST NAME, PLEASE?

25         MR. SAVERI:  DALLAL, YOUR HONOR, D-A-L-L-A-L.
```

```
 1              THE COURT:  OKAY.  THANK YOU.

 2              MR. SAVERI:  THANK YOU, YOUR HONOR.

 3              MR. RUBIN:  GOOD AFTERNOON, YOUR HONOR.  LEE RUBIN

 4     FROM MAYER BROWN FOR GOOGLE.

 5              THE COURT:  GOOD AFTERNOON.

 6              MR. RUBIN:  GOOD AFTERNOON.

 7              MR. HINMAN:  YOUR HONOR, FRANK HINMAN WITH BINGHAM

 8     FOR INTEL.

 9              THE COURT:  OKAY.  GOOD AFTERNOON.

10              MR. PURCELL:  YOUR HONOR, DAN PURCELL FROM KECKER &

11     VAN NEST FOR LUCASFILM.

12              THE COURT:  OKAY.  GOOD AFTERNOON.

13              MR. RILEY:  GOOD AFTERNOON, YOUR HONOR.  GEORGE RILEY

14     OF O'MELVENY & MYERS FOR APPLE.  I'M JOINED BY MY COLLEAGUE

15     CHRISTINA BROWN.

16              THE COURT:  GOOD AFTERNOON.

17         AND YOU'RE HERE FROM -- MR. MITTELSTAEDT AND MS. ZENG ARE

18     HERE FOR ADOBE AS WELL.

19              MR. MITTELSTAEDT:  YES.

20              THE COURT:  OKAY.

21         OKAY.  GREAT.  THANK YOU.  THANK YOU ALL FOR COMING.

22         THIS IS WHAT I WOULD LIKE TO DO.  WHEN IS THE HEARING ON

23     THE MOTION REGARDING MS. SANBERG'S DEPOSITION?  HAS THAT

24     ALREADY BEEN HEARD?

25              MS. DERMODY:  YOUR HONOR, KELLY DERMODY FOR THE
```

1    PLAINTIFFS.

2         SINCE WE FIRST SERVED THE SUBPOENA FOR THAT DEPOSITION, WE

3    HAVE BEEN WORKING VERY COOPERATIVELY WITH MS. SANBERG'S

4    COUNSEL TO SEE IF IT CAN BE AVOIDED.  THAT IS STILL IN

5    PROCESS, SO WE'LL REPORT TO THE COURT HOW THAT GETS RESOLVED.

6              **THE COURT:**  OH, SO IT HASN'T BEEN SET FOR A HEARING?

7         **MS. DERMODY:**  THAT'S CORRECT, YOUR HONOR.

8              **THE COURT:**  AT YOUR REQUEST?

9         **MS. DERMODY:**  AT HER COUNSEL'S REQUEST.

10             **THE COURT:**  WELL, YOU NEED TO BRING THAT TO A CLOSE,

11   AND YOU JUST NEED TO HAVE THE HEARING AND GET THE RULING.

12        **MS. DERMODY:**  YES, I THOUGHT IT WOULD BE CLOSED BY

13   YESTERDAY, YOUR HONOR.  I APOLOGIZE.  I THINK IT WILL BE

14   CLOSED THIS WEEK.

15             **THE COURT:**  OKAY.  BECAUSE, YOU KNOW, YOU ALREADY HAD

16   TO FILE YOUR CLASS CERT OPENING, AND SO I DON'T SEE ANY POINT

17   IN FURTHER DELAY.  I THINK YOU'RE GOING TO GET SOME HOURS WITH

18   HER, SO WHY ARE YOU WAITING?

19        **MS. DERMODY:**  WE AREN'T WAITING, YOUR HONOR.  HER

20   COUNSEL HAS ASKED IF THERE'S A WAY TO COLLECT THE INFORMATION

21   ALTERNATIVE TO A DEPOSITION.  AND SO WE HAVE BEEN TRYING TO

22   SEE IF THAT'S POSSIBLE TO AVOID PUTTING HER THROUGH THAT

23   EFFORT IF IT'S POSSIBLE.  AND IF IT'S POSSIBLE WE WILL BE

24   AGREEABLE TO IT.

25        BUT I THINK WE'RE STILL TRYING TO WORK THAT OUT WITH HER

```
1    COUNSEL, AND IT'S REALLY THEIR SCHEDULE, NOT OUR SCHEDULE,

2    THAT HAS CAUSED THAT.  BUT WE WILL LET THEM KNOW THAT THIS HAS

3    TO COME TO A CLOSE.

4          THE COURT:  YOU SHOULD GO FORWARD WITH THE MOTION.  I

5    THINK YOU WILL GET A FEW HOURS.  YOU WILL NOT GET A FULL DAY,

6    BUT I THINK YOU WILL GET A FEW HOURS, SO I DON'T SEE ANY POINT

7    IN DELAYING THIS ANY FURTHER.  YOU NEED TO MAKE A DECISION.

8    EITHER YOU DON'T NEED HER OR YOU DO.  AND IF YOU DO NEED HER,

9    SET THE HEARING AND GET THE RULING.

10          MS. DERMODY:  OKAY.

11          THE COURT:  OKAY?

12          MS. DERMODY:  YES.

13          THE COURT:  OKAY.  AS FAR AS DISPOSITIVE MOTIONS, I

14    LIKE TO SET A LIMIT OF EVERY DEFENDANT GETS 5 PAGES, SO 35,

15    35, 25, AND YOU CAN DECIDE HOW YOU WANT TO USE THAT, WHETHER

16    FOR COMMON ISSUES OR FOR SEPARATE ISSUES.  PLAINTIFFS' MOTION

17    WILL ONLY BE 25, 25, 15.

18       DOES ANYONE WANT TO BE HEARD ON THAT?  BUT I'M NOT GOING

19    TO DO EIGHT DEFENSE SUMMARY JUDGMENTS.

20          MR. MITTELSTAEDT:  YOUR HONOR, WE WOULD -- OUR PLAN

21    WOULD BE TO HAVE A JOINT MOTION ON WHATEVER ISSUES WE CAN DEAL

22    WITH JOINTLY.  BUT EACH DEFENDANT WOULD LIKE TO HAVE THE RIGHT

23    TO FILE A SEPARATE BRIEF ON THE GLOBAL CONSPIRACY AND WHETHER

24    THEY PARTICIPATED IN IT.

25       WE SET FORTH IN OUR STATEMENT WHY WE THINK THERE'S A BASIS
```

1  FOR THAT.  AND, YOU KNOW, THIS IS A CASE WHERE THE PLAINTIFFS

2  CHOSE TO SUE SEVEN SEPARATE COMPANIES.  THEY AGREE THAT IF

3  THEY CHOSE TO SUE JUST ONE, THAT DEFENDANT WOULD HAVE 25

4  PAGES.  BUT WHAT THEY SAY IS THAT BECAUSE THEY SUED 7, WE

5  SHOULD ONLY GET 7 INTO 25 OR 3.  YOUR HONOR NOW SUGGESTS THAT

6  WE GET FIVE, BUT, YOUR HONOR, I -- I REALLY DO NOT THINK THAT

7  5 IS A SUFFICIENT LENGTH FOR A DEFENDANT IN THIS -- YOU KNOW,

8  BIG CASE THAT'S VERY IMPORTANT TO THESE DEFENDANTS AND

9  IMPORTANT TO THE PLAINTIFFS -- I DON'T THINK 5 PAGES IS -- IS

10 ENOUGH.  WE'VE ASKED FOR 15 PAGES.  WE WILL TRY AND DO IT

11 SHORT OF 15 PAGES.  WE UNDERSTAND --

12         **THE COURT:**  LET ME ASK YOU, DO YOU REALLY GENUINELY

13 BELIEVE THIS IS A SUMMARY JUDGMENT CASE?

14         **MR. MITTELSTAEDT:**  YES.

15         **THE COURT:**  AND I'M QUITE FAMILIAR WITH THE FACTS IN

16 THIS CASE AFTER THE MOTION TO DISMISS AND THE CLASS CERT.  I

17 DON'T THINK THIS IS A SUMMARY JUDGMENT CASE.

18         **MR. MITTELSTAEDT:**  YOUR HONOR --

19         **THE COURT:**  THERE ARE A LOT OF FACTS HERE.  THIS IS A

20 VERY RICH, RICH RECORD.

21         **MR. MITTELSTAEDT:**  THERE --

22         **THE COURT:**  YOU DON'T THINK THERE'S ONE MATERIAL

23 FACTUAL DISPUTE THAT CAN BE FOUND AS TO EACH DEFENDANT?

24         **MR. MITTELSTAEDT:**  YOUR HONOR, I THINK THERE ARE A

25 LOT OF FACTS AS TO THE BILATERAL AGREEMENTS THAT ONE DEFENDANT

1    HAD WITH ANOTHER.  I THINK THERE ARE A LOT OF FACTS AS TO THE

2    REASON THAT THAT DEFENDANT ENTERED INTO THE BILATERAL, BUT --

3    AND THE JUSTICE DEPARTMENT AFTER ALL, ONLY ALLEGED BILATERALS.

4    JUSTICE DEPARTMENT DID NOT ALLEGE THE GLOBAL.  AND SO WHAT

5    THESE PLAINTIFFS HAVE TO DO IS SHOW --

6            THE COURT:  BUT I DENIED A MOTION TO DISMISS THE

7    GLOBAL --

8            MR. MITTELSTAEDT:  AND, YOUR HONOR --

9            THE COURT:  -- OVERARCHING CONSPIRACY.

10           MR. MITTELSTAEDT:  YES.  AND, YOUR HONOR, WE'VE TAKEN

11   THAT THOROUGHLY INTO ACCOUNT.  AND ONE OF THE PRINCIPAL BASES

12   FOR YOUR DECISION WAS THE PLAINTIFFS ALLEGED THAT THESE SIX

13   BILATERAL AGREEMENTS WERE ENTERED INTO SIMULTANEOUSLY, THEIR

14   WORD, ON IDENTICAL TERMS.  AND IN DENYING THE MOTION TO

15   DISMISS, YOUR HONOR FOUND BASICALLY THAT WHEN THESE --

16           THE COURT:  BUT THE RECORD IS SO MUCH RICHER THAN

17   THAT.  LOOK AT THE CLASS CERT ORDER.

18           MR. MITTELSTAEDT:  BUT --

19           THE COURT:  I THINK THERE'S ABUNDANT EVIDENCE THAT

20   THERE WAS AN OVERALL (SIC) ARCHING CONSPIRACY SUFFICIENT TO GO

21   TO TRIAL AT LEAST.  THEY MAY ULTIMATELY LOSE, BUT SUFFICIENT

22   TO GO TO TRIAL.

23       SO LET -- LET ME WORK OUT SOMETHING WITH YOU.  WHAT WOULD

24   THE COMMON ISSUES BE?

25           MR. MITTELSTAEDT:  BUT, YOUR HONOR, COULD I JUST ADD

1        ONE SENTENCE TO THAT, BECAUSE I THINK THIS IS THE PUNCHLINE?

2                **THE COURT:**  UM-HMM.

3                **MR. MITTELSTAEDT:**  THE PLAINTIFFS NOW SAY IN THEIR

4        INTERROGATORY RESPONSES AND IN THEIR CLASS CERT, RENEWED

5        MOTION, THAT LUCASFILM AND PIXAR ENTERED INTO THE AGREEMENT

6        NOT IN 2005 SIMULTANEOUSLY WITH EVERYONE ELSE, BUT THAT THEY

7        ENTERED INTO THEIR AGREEMENT IN 1985.  AND THEN THEY SAY THE

8        NEXT COMPANY DIDN'T JOIN THE CONSPIRACY FOR 20 OR 21 YEARS.

9            AND SO WHEN THEY LED YOUR HONOR TO BELIEVE THAT THESE

10       AGREEMENTS WERE ALL SIMULTANEOUS AND THEREFORE MUST HAVE BEEN

11       PART OF AN AGREEMENT BY EVERYBODY TO ENTER INTO THE

12       AGREEMENTS --

13               **THE COURT:**  OKAY.  WELL --

14               **MR. MITTELSTAEDT:**  -- IT'S NOT RIGHT.

15               **THE COURT:**  I'M SORRY.  I'M SORRY.  WHAT -- WHAT ARE

16       THE COMMON ISSUES THAT WOULD NEED TO BE RAISED ON SUMMARY

17       JUDGMENT?

18               **MR. MITTELSTAEDT:**  I THINK ONE COMMON ISSUE FOR THE

19       BRIEF WOULD BE THE LAW ON HOW MUCH EVIDENCE A PLAINTIFF NEEDS

20       IN A CASE LIKE THIS, WHICH IS ALLEGING A HUB AND SPOKES --

21               **THE COURT:**  UM-HMM.

22               **MR. MITTELSTAEDT:**  -- THE RIMLESS CONSPIRACY, I THINK

23       ONE OF THE COMMON ISSUES TO BE BRIEFED WOULD BE THE LAW ON

24       THAT.

25               **THE COURT:**  OKAY.

| | |
|---|---|
| 1 | **MR. MITTELSTAEDT:**  I THINK -- |
| 2 | **THE COURT:**  LIKE A SUFFICIENCY OF THE EVIDENCE TO GO |
| 3 | THE TRIAL? |
| 4 | **MR. MITTELSTAEDT:**  YES.  AND I THINK, YOUR HONOR, |
| 5 | THEY -- YES. |
| 6 | **THE COURT:**  OKAY. |
| 7 | **MR. MITTELSTAEDT:**  THEY DON'T HAVE ANY DIRECT |
| 8 | EVIDENCE OF A GLOBAL CONSPIRACY.  THEY HAVE WHAT THEY SAY IS |
| 9 | CIRCUMSTANTIAL, AND I THINK THE QUESTION FOR THE COURT IS |
| 10 | WHETHER THEIR CIRCUMSTANTIAL EVIDENCE IS SUFFICIENT. |
| 11 | I THINK ANOTHER POTENTIAL AREA -- AND, YOUR HONOR, THIS IS |
| 12 | GOING TO DEPEND ON HOW THE CASE SHAKES OUT -- |
| 13 | **THE COURT:**  OKAY. |
| 14 | **MR. MITTELSTAEDT:**  -- WHAT YOUR HONOR FINDS ON |
| 15 | SUMMARY JUDGMENT OR -- OR ON CLASS CERT AND THEN WHAT THEIR |
| 16 | EXPERTS DO ON THE MERITS.  BUT THERE -- ANOTHER AREA MAY BE |
| 17 | SUFFICIENCY OF THEIR EVIDENCE ON IMPACT.  DO THEY HAVE |
| 18 | EVIDENCE OF IMPACT ON THE FIVE NAMED PLAINTIFFS?  IF THERE'S A |
| 19 | CLASS, IS THERE SUFFICIENT EVIDENCE OF IMPACT? |
| 20 | YOU KNOW, THE ISSUE ON CLASS CERT IS HAVE THEY PROPOSED A |
| 21 | VALID METHOD.  IF YOUR HONOR FINDS THEY HAVEN'T, THEN I THINK |
| 22 | THAT SUGGESTS THERE MIGHT BE A SUMMARY JUDGMENT MOTION ON THE |
| 23 | INDIVIDUAL CLAIMS. |
| 24 | IN ANY EVENT, THE QUESTION ON SUMMARY JUDGMENT WOULD BE |
| 25 | HAVE THEY ACTUALLY SHOWN IMPACT, NOT JUST A METHOD BUT IMPACT. |

1    SO I THINK THAT'S ANOTHER AREA.  THAT ONE MAY BE COMMON.

2         I THINK THE PRINCIPAL INDIVIDUAL ONE, YOUR HONOR, WOULD BE

3    WHERE EACH DEFENDANT WANTS TO SAY WE DON'T THINK THERE WAS A

4    GLOBAL CONSPIRACY, BUT WHAT WE KNOW FOR SURE IS THAT THERE'S

5    NOT SUFFICIENT EVIDENCE THAT WE PARTICIPATED IN IT.

6         AND LUCASFILM, FOR EXAMPLE, WILL WANT TO ARGUE THAT IN

7    1985 WHEN THEY ENTERED INTO THEIR AGREEMENT WITH PIXAR, THEY

8    COULD CARE LESS ABOUT WHAT ANYBODY WAS GOING TO DO 21 YEARS

9    LATER.

10        FOR MY CLIENT, FOR ADOBE, I WANT TO ARGUE THAT BASED ON

11   WHAT THEY SAY IN THEIR CLASS MOTION AND IN THEIR INTERROGATORY

12   RESPONSE, THEY DON'T HAVE ANY EVIDENCE THAT -- THAT WE CARED

13   IN THE SLIGHTEST WHAT PIXAR WAS DOING OR LUCASFILM OR INTEL OR

14   ANYBODY ELSE.  THE ALLEGED AGREEMENT WAS ADOBE AND APPLE, AND

15   THAT'S IT.

16        SO I -- I THINK THE QUESTION REALLY IS HOW MANY PAGES

17   SHOULD EACH DEFENDANT GET TO LAY OUT ITS INDIVIDUAL FACTS AND

18   SHOW WHY IT'S NOT PART OF A GLOBAL CONSPIRACY.  WE ASKED FOR

19   15.  THE PLAINTIFFS AT SOME POINT GOT UP TO 7.  I THINK 15'S

20   THE RIGHT NUMBER.  COULD WE DO IT IN 12 PAGES?  IF YOUR HONOR

21   TELLS US TO DO IT IN 12 PAGES, WE CAN.

22        WHAT I WAS GOING TO SAY BEFORE, YOUR HONOR, IS WE

23   UNDERSTAND YOUR WORKLOAD.  WE UNDERSTAND IT'S NOT IN OUR

24   INTEREST TO FILE A SINGLE PAGE LONGER THAN WE NEED TO.  THIS

25   IS AN EXPERIENCED GROUP OF LAWYERS.  I THINK OUR TRACK RECORD

1    SO FAR IS PRETTY GOOD.  WE'VE JOINED IN BRIEFS WHERE WE CAN.

2         LUCASFILM FILED A SEPARATE MOTION TO DISMISS ON THEIR

3    FEDERAL ENCLAVE DEFENSE, SO WE'RE GOING TO TRY TO KEEP THE

4    PAGES DOWN, BUT BECAUSE THERE'S A LOT OF THINGS WE DON'T KNOW

5    ABOUT WHAT THE PLAINTIFFS ARE GOING TO DO WITH THEIR CASE, I

6    THINK 15 PAGES WAS -- WAS THE RIGHT THING TO ASK FOR.  AS I

7    SAY, WE COULD LIVE WITH 12 PAGES.

8              THE COURT:  WHAT ABOUT THE COMMON ISSUES?  THAT

9    REALLY SOUNDS LIKE -- QUITE OVERLAPPING WITH CLASS CERT.

10             MR. MITTELSTAEDT:  WELL, I THINK THE -- THE COMMON

11   ISSUE --

12             THE COURT:  UM-HMM.

13             MR. MITTELSTAEDT:  I MEAN, THE SUMMARY JUDGMENT, THE

14   COMMON BRIEF WOULD INCLUDE THE LAW ON GLOBAL CONSPIRACY, AND

15   THAT'S -- THAT'S REALLY NOT IN THE CLASS CERT.

16        I THINK IT WOULD ALSO INCLUDE THE QUESTION OF WHETHER THE

17   BILATERAL AGREEMENTS -- TO THE EXTENT THE BILATERAL AGREEMENTS

18   REMAIN IN THE CASE, WHETHER THEY ARE TO BE JUDGED UNDER THE

19   RULE OF REASON OR PER SE.  I THINK THAT'S PROBABLY A COMMON

20   ISSUE.

21        AND AS I SAY, THERE MAY BE MORE ON IMPACT DEPENDING ON

22   WHAT THE PLAINTIFFS DO.

23             THE COURT:  ALL RIGHT.  WELL, THE IMPACT SEEMS LIKE

24   THAT'S CERTAINLY GOING TO COME UP IN CLASS CERT.

25             MR. MITTELSTAEDT:  I AGREE, YOUR HONOR.  WE WILL

1   LEARN A LOT ABOUT YOUR HONOR'S VIEWS ON THAT, AND MAYBE

2   THERE'S A SUMMARY JUDGMENT MOTION THERE, MAYBE THERE ISN'T.

3   BUT WHAT WE'RE PLANNING FOR HERE IS -- I MEAN, WE DON'T WANT

4   TO COME BACK AND -- AND ASK THE COURT FOR MORE PAGES.  AND AS

5   I SAY, WE'RE NOT GOING TO USE THESE PAGES JUST TO -- TO FILL

6   THEM UP FOR -- FOR, YOU KNOW, ANY PURPOSE.

7        AND WHAT WE'RE GOING TO TRY AND DO IS HAVE, YOU KNOW, AS

8   MUCH AS OF THIS -- AS MUCH AS WE CAN AGREE TO THAT'S COMMON IN

9   A JOINT BRIEF BECAUSE I THINK THAT MAKES IT EASIER FOR THE

10  COURT, BUT ON THIS INDIVIDUAL ISSUE ABOUT WHETHER THERE'S

11  SUFFICIENT EVIDENCE AS TO AN INDIVIDUAL DEFENDANT, THAT'S

12  WHERE I THINK THE INDIVIDUAL BRIEFS ARE NEEDED.

13           **THE COURT:**  WELL, WHAT IF ON THE COMMON ISSUES I

14  MIGHT BE AMENABLE TO HAVING BRIEFING OF 14, 14, AND 10.  I

15  WOULD LIKE TO GO EVEN LOWER THAN THAT BECAUSE I THINK SOME OF

16  THAT IS GOING TO BE OVERLAPPING WITH CLASS CERT.

17       THE RULE OF REASON VERSUS PER SE, THAT OBVIOUSLY SHOULD BE

18  BRIEFED, AND WE HAVEN'T REALLY DONE THAT YET.  IT WAS SLIGHTLY

19  TOUCHED UPON, A MOTION TO DISMISS, BUT IT HASN'T BEEN THUS

20  FAR --

21       I'M JUST -- I'M JUST CONCERNED ABOUT JUST HUMAN LIMITS ON

22  WHAT WE CAN DO IN ONE SUMMARY JUDGMENT HEARING.  THAT'S MY

23  CONCERN.

24           **MR. MITTELSTAEDT:**  OKAY.  YOUR HONOR, WHAT -- WHAT --

25  WE WILL TRY TO DO THAT.  I THINK --

1    IS THAT OKAY?

2    -- IF -- IF WE HAVE SUFFICIENT ROOM IN THE INDIVIDUAL

3    BRIEFS FOR THE -- FOR WHAT I WOULD CONSIDER TO BE THE MAIN

4    ISSUE.

5         **THE COURT:** SO MY CONCERN IS MARCH 5TH, I HAVE THE

6    FINAL PRETRIAL CONFERENCE IN THE SECOND APPLE V. SAMSUNG.

7    THAT'S GOING TO TRIAL MARCH 31, SO IT'S JUST GOING TO BE A

8    VERY INTENSE TIME.  AND THEN MARCH 20TH, ABOUT 2 WEEKS LATER,

9    WE HAVE SUMMARY JUDGMENT DAUBERT MOTIONS IN THIS CASE, SO MY

10   JUST CONCERN IS THAT WE'RE JUST NOT GOING TO BE ABLE TO HANDLE

11   IT PHYSICALLY.

12        NOT THAT WE DON'T THINK YOUR CASE IS IMPORTANT AND YOU

13   DESERVE MUCH, MUCH MORE IN TERMS OF COURT RESOURCES THAN

14   YOU'RE GETTING, AND I APOLOGIZE FOR THAT, BUT I'M JUST

15   CONCERNED WITH ALL THE VACANCIES ON OUR COURT, I'M NOT SURE IF

16   WE'LL BE ABLE TO HANDLE IT JUST -- OUR SMALL TEAM VERSUS ALL

17   OF YOUR VERY EXPERT AND LARGE TEAMS.

18        IT'S -- WE'RE JUST COMPLETELY OUTNUMBERED AND OVERWHELMED.

19   THAT'S MY CONCERN.

20        **MR. MITTELSTAEDT:** I CAN COMMIT TO YOUR HONOR THAT WE

21   WILL WORK VERY HARD ON THIS SIDE TO KEEP THESE BRIEFS AS SHORT

22   AS POSSIBLE.  I THINK THE LONGER-TERM ISSUE, THOUGH, IS -- I

23   MEAN, LET'S SAY WE'VE GOT A GOOD SUMMARY JUDGMENT MOTION --

24        **THE COURT:** UM-HMM.

25        **MR. MITTELSTAEDT:** -- BUT WE DON'T HAVE SUFFICIENT

1    SPACE -- SUFFICIENT PAGE LIMITS, AND THEN WE END UP SOME --

2    ONE OR MORE OF THESE DEFENDANTS END UP GOING TO TRIAL, WHERE

3    IF WE TOOK ADEQUATE TIME -- SO, YOUR HONOR --

4          **THE COURT:**  WELL, LET'S DO 14, 14, AND 10 ON THE

5    COMMON ISSUES.  THAT WILL BE THE RULE OF REASON VERSUS PER SE.

6    ON SUFFICIENCY OF THE EVIDENCE, I JUST THINK THAT'S GOING TO

7    BE HARD TO WIN ON SUMMARY JUDGMENT.

8          **MR. MITTELSTAEDT:**  WELL, MAYBE THAT'S WHY WE NEED

9    MORE --

10         **THE COURT:**  I DON'T WANT TO PREJUDGE IT.  I DON'T

11   WANT TO PREJUDGE IT, BUT I MEAN, THIS IS A REALLY, REALLY RICH

12   RECORD, SO I'M JUST GOING TO ASK YOU ALL -- I MEAN, IF YOU

13   FEEL LIKE YOU NEED TO MAKE IT, YOU KNOW, TO ESTABLISH YOUR

14   RECORD AND TO BE A ZEALOUS ADVOCATE FOR YOUR CLIENT, BY ALL

15   MEANS.

16      BUT I'M GOING TO ASK YOU TO PLEASE BE KIND TO US AS WELL.

17         **MR. MITTELSTAEDT:**  OKAY.

18         **THE COURT:**  I WOULD LOVE -- THIS IS A FASCINATING

19   CASE.  I WOULD LOVE TO GIVE YOU UNLIMITED RESOURCES, BUT I

20   JUST CAN'T BECAUSE OF CASELOAD.

21         **MR. MITTELSTAEDT:**  I UNDERSTAND THAT, YOUR HONOR, BUT

22   IT'S ALMOST -- WHEN YOU SAY THAT YOU THINK WE'VE GOT AN UPHILL

23   BATTLE ON SUMMARY JUDGMENT --

24         **THE COURT:**  YEAH.

25         **MR. MITTELSTAEDT:**  -- I FEEL LIKE I SHOULD ASK FOR

```
 1    MORE PAGES 'CAUSE I'M GOING --

 2              THE COURT:  NO, BECAUSE --

 3                   (SIMULTANEOUS COLLOQUY.)

 4         MR. MITTELSTAEDT:  -- PERSUADE YOU.

 5         THE COURT:  I MEAN, WE'LL HAVE TO SEE WHAT HAPPENS,

 6    OBVIOUSLY.  I -- I HAVE NOT REVIEWED THE MOTION THAT WAS JUST

 7    FILED FOR CLASS CERT, SO I DON'T KNOW THE CURRENT LAY OF THE

 8    LAND.  BUT I THINK 14, 14, 10 SHOULD BE SUFFICIENT TO ADDRESS

 9    THE ISSUES THAT YOU'VE RAISED.  WE CAN HAVE A SEPARATE SUMMARY

10    JUDGMENT MOTION WHERE YOU ADDRESS INDIVIDUAL CONCERNS, AND,

11    YOU KNOW, TO BE FRANK, SOME OF YOU HAVE BETTER CASES THAN

12    OTHERS ON YOUR INDIVIDUAL CLAIM.

13         BUT I'M GOING TO GIVE YOU A TOTAL NUMBER OF -- OF PAGES

14    AND YOU ALL DUKE IT OUT AMONGST YOURSELF WHO GETS HOW MANY.  I

15    MEAN, OTHERWISE, IT'S GOING TO BE A DEFAULT OF -- I'D GO UP TO

16    42, 42, 32.  WHAT ABOUT THAT?  I MEAN, THAT'S ROUGHLY 7 -- I'M

17    SORRY -- 6 PAGES PER DEFENDANT, BUT YOU MAY WANT TO ALLOCATE

18    IT SLIGHTLY DIFFERENTLY.

19              MR. MITTELSTAEDT:  IS THAT IN ADDITION TO THE 14?

20         THE COURT:  THAT'S IN ADDITION.  I -- I JUST THINK

21    THAT WE CAN'T HANDLE ANY MORE.  I'M REALLY SORRY.  WE'RE GOING

22    TO BE STARTING -- WE'RE GOING TO BE STARTING A SECOND TRIAL.

23         MR. MITTELSTAEDT:  I DON'T KNOW IF I CAN NEGOTIATE

24    WITH THE COURT.  WOULD YOU GO TO 50?

25         THE COURT:  I JUST THINK WE CAN'T -- I'M SORRY.  I
```

1    JUST THINK -- I MEAN --

2         **MR. MITTELSTAEDT:**  YOUR HONOR, COULD WE LEAVE IT THIS

3    WAY --

4         **THE COURT:**  YEAH.

5         **MR. MITTELSTAEDT:**  -- THAT IF -- IF -- WHEN WE SET

6    DOWN TO THE TASK, IF WE THINK WE CAN'T DO JUSTICE TO THE ISSUE

7    TO THE COURT IN THAT AMOUNT OF TIME, WE CAN COME BACK WITH A

8    STRONGER SHOWING ON WHY WE NEED MORE PAGES?  RECOGNIZING --

9         **THE COURT:**  WELL, I MEAN, THIS IS MY CONCERN.  I HAVE

10   NINE CIVIL TRIALS SCHEDULED IN MARCH SEPARATE FROM APPLE V.

11   SAMSUNG II.  I HAVE DISPOSITIVE MOTIONS IN ANOTHER BIG

12   CONSUMER CLASS ACTION MARCH 27.  I'VE GOT THE APPLE V. SAMSUNG

13   II FINAL PRETRIAL CONFERENCE MARCH 5TH.  I HAVE THIS

14   DISPOSITIVE MOTIONS DAUBERT ON MARCH 20TH.

15      I'M JUST -- I'M SORRY.  I DON'T KNOW IF WE CAN HANDLE IT.

16   I DON'T THINK WE CAN ABSORB IT AND ANALYZE IT AND REALLY GIVE

17   YOU, YOU KNOW, THE BEST -- I LIKE TO BE VERY PREPARED AT ALL

18   OF OUR HEARINGS.  I JUST DON'T KNOW IF HUMANLY WE COULD DO

19   MORE.  I REALLY APOLOGIZE.

20        **MR. MITTELSTAEDT:**  I MEAN, THE OTHER THOUGHT THAT

21   OCCURS TO ME -- AND I'M NOT ADVOCATING THIS, YOUR HONOR --

22        **THE COURT:**  YEAH.

23        **MR. MITTELSTAEDT:**  -- BUT RATHER THAN GIVE SHORT

24   SHRIFT, COULD WE EXTEND THE SCHEDULE?  I MEAN, IS THAT

25   WORTH -- WORTH DISCUSSING?

```
 1              THE COURT:  YOU KNOW, I WOULD RATHER NOT DO THAT.  I

 2   MEAN, I GUESS ULTIMATELY WE COULD DECIDE IF WE NEED TWO

 3   SUMMARY JUDGMENT HEARING DATES, BUT I -- I THINK THIS IS -- I

 4   THINK THIS SHOULD BE SUFFICIENT.  SO FOR COMMON ISSUES, IT

 5   WILL BE 14, 14, 10.  AND FOR INDIVIDUAL ISSUES, IT WILL BE 42,

 6   42, 32.  AND FOR THE PLAINTIFFS, THEY ONLY GET ONE SUMMARY

 7   JUDGMENT MOTION, AND IT'S 25, 25, 15, IS THE PAGE LIMITS.

 8              MR. MITTELSTAEDT:  OKAY.

 9              THE COURT:  I MEAN, IS THAT -- I'M NOT EVEN -- I

10   CAN'T EVEN GUARANTEE THAT WE'RE GOING TO BE ABLE TO ABSORB

11   THAT MUCH, BUT -- I'M SORRY.  BUT I THINK THAT'S THE MOST WE

12   CAN DO.

13              MR. MITTELSTAEDT:  OKAY.  YOUR HONOR, HERE'S -- LET

14   ME JUST MAKE ONE MORE PITCH ON THIS.

15              THE COURT:  OKAY.

16              MR. MITTELSTAEDT:  AND IT COMES TO MIND WHEN YOU SAY

17   THE PLAINTIFFS GET 25 --

18              THE COURT:  UM-HMM.

19              MR. MITTELSTAEDT:  -- THEY SAY THEY NEED 25 FOR THEIR

20   SUMMARY JUDGMENT MOTION.  I DON'T KNOW WHAT IT'S GOING TO BE,

21   BUT THEY ALSO SAY THAT THIS CASE IS SO NARROW AND THE ISSUES

22   ARE SO CLEAR CUT THAT --

23              THE COURT:  I'M HAPPY TO CUT THEIR PAGE LIMITS.  WHAT

24   DO YOU THINK IS APPROPRIATE?

25              MR. MITTELSTAEDT:  WELL, HOW ABOUT SIX?  I MEAN, IF
```

1    WE GET SIX PAGES, YOU KNOW, A DEFENDANT.

2              **THE COURT:**  WELL, BUT YOU ALSO GET 14, 14, 10.

3              **MR. MITTELSTAEDT:**  OKAY.  SO THAT'S TWO --

4              **THE COURT:**  THEY GET EIGHT.  OKAY.  THAT'S FINE.

5         THEIRS IS GOING TO BE WHAT?  WELL, WHY DON'T WE -- THEIRS

6    WILL BE, WHAT TEN, TEN AND -- TEN, TEN, AND FIVE?

7              **MS. DERMODY:**  YOUR HONOR, WOULD IT BE ACCEPTABLE TO

8    THE COURT IF WE DID A CROSS-MOTION WITH OUR OPPOSITION SO THAT

9    WE COULD USE OUR OPPOSITION AND MOTION SPACE TOGETHER, SO IF

10   WE HAD, YOU KNOW, THE 14, 14 FOR COMMON ISSUES -- IF WE USED

11   SOME PART OF THAT 14 TO OPPOSE AND SOME PART OF THE 10 YOU'RE

12   GIVING US TOGETHER TO DEAL WITH WHATEVER ISSUE?

13        I'M NOT SURE WE'LL NEED IT, BUT IN THE EVENT THAT WE DO,

14   IT WOULD BE A MOST EFFICIENT USE OF SPACE THAT THE COURT HAS

15   TIME FOR.

16             **MR. MITTELSTAEDT:**  WELL --

17             **THE COURT:**  I'M NOT SURE.  SO YOU'RE -- INSTEAD OF

18   DOING TEN, TEN, AND FIVE, YOU JUST WANT YOUR OPPOSITIONS TO BE

19   INCREASED IN LENGTH TO THE DEFENDANTS' SUMMARY JUDGMENT

20   MOTION?

21             **MS. DERMODY:**  NO, TO ALLOW US TO FILE AN OPPOSITION

22   AND CROSS-MOTION AT THAT TIME SO THAT WE WOULD BE USING THE

23   PAGINATION IN WHATEVER WAY WOULD BE MOST APPROPRIATE TO

24   RESPOND TO THEIR MOTION AND ALSO TO MAKE WHATEVER AFFIRMATIVE

25   MOTION WE HAD, SO THAT IF THE TOTAL NUMBER OF PAGES FOR BOTH

1    OF THOSE THINGS IS GOING TO BE 24, WE COULD DIVIDE IT UP IN

2    WHATEVER WAS -- WAS MOST SENSIBLE.

3           **THE COURT:**  BUT YOU'RE GOING TO BE ASKING FOR A REPLY

4    AS WELL?

5           **MS. DERMODY:**  YES, YOUR HONOR.

6           **THE COURT:**  WHAT -- WHAT'S YOUR RESPONSE TO THAT

7    PROPOSAL?

8           **MR. MITTELSTAEDT:**  I DON'T THINK THAT MAKES MUCH

9    SENSE.  THE -- BOTH SIDES' SUMMARY JUDGMENTS ARE DUE ON

10   JANUARY 9TH, SO WE WANT TO SEE WHAT THEY'RE MOVING ON, AND WE

11   WANT TO HAVE OUR OPPOSITIONS TO THAT.  WE DON'T WANT TO

12   COMBINE THAT WITH OUR MOTIONS.

13      AND AS YOUR HONOR POINTS OUT, THEY WOULD WANT TO REPLY TO

14   SO THE HEARING WOULD HAVE TO BE PUT OFF.  AND I THINK WHAT'S

15   REALLY GOING ON IS THEY DON'T PLAN TO BRING A SUMMARY JUDGMENT

16   SO THEY'RE JUST ASKING FOR MORE PAGES FOR THEIR OPPOSITION.

17   HAVING SUCCEEDED IN CUTTING US WAY BACK, NOW THEY WANT TO

18   EXPAND THEIR OPPOSITION TIME.  I DON'T -- I THINK THAT'S

19   LOOKING FOR A TACTICAL ADVANTAGE OVER AND ABOVE THE TACTICAL

20   ADVANTAGE THEY'RE SEEKING ALREADY.

21      SO NO, I DON'T LIKE THAT IDEA.

22           **MS. DERMODY:**  WE ACTUALLY WEREN'T LOOKING FOR

23   ANYTHING, YOUR HONOR.  WE'RE TRYING TO BE SENSIBLE ABOUT WHAT

24   THE COURT'S CAPACITY IS, SO THE ONLY THING WE WOULD SAY IS

25   THAT IF WE'RE GOING TO HAVE SHORTER THAN 25 PAGES, THAT WE

1    WOULDN'T -- WE WOULD REQUEST INDULGENCE TO NOT HAVE LESS THAN

2    THE 14 THEY'RE GETTING ON COMMON ISSUES FOR THEIR MOTION, THAT

3    WE'D AT LEAST HAVE THAT MANY PAGES TO PRESENT -- IF WE HAVE

4    ANYTHING, TO PRESENT IT IN THAT NUMBER OF PAGES.

5            **THE COURT:**  DO YOU MEAN FOR YOUR SUMMARY JUDGMENT --

6            **MS. DERMODY:**  FOR OURS.

7            **THE COURT:**  -- YOU WANT 14, 14, 10, IS THAT WHAT

8    YOU'RE SAYING?

9            **MS. DERMODY:**  YES.  YES, YOUR HONOR.

10           **MR. MITTELSTAEDT:**  THAT'S FINE.

11           **MS. DERMODY:**  THANK YOU, YOUR HONOR.

12           **MR. MITTELSTAEDT:**  YOUR HONOR, IF THIS IS -- IF WE'RE

13   GETTING CLOSE TO THE END OF -- ON THIS, I REALLY DO THINK 6

14   PAGES A DEFENDANT IS -- IS TOO SHORT ESPECIALLY HAVING CUT

15   THE -- THE COMMON ONE, YOU KNOW, BY 11 PAGES.  I'M JUST -- AS

16   I SAY, WE'RE NOT GOING TO TAKE MORE SPACE THAN WE NEED.  WE'LL

17   KEEP THE COURT'S WORKLOAD IN MIND, BUT I JUST THINK DIVIDING

18   UP AND HAVING 6 PAGES IS -- IS JUST TOO SHORT.

19       I THINK -- I WOULD ASK THE COURT JUST FINALLY FOR -- YOU

20   KNOW, GO BACK TO 20 ON THE COMMON BRIEFS OR GO UP TO 10 ON THE

21   INDIVIDUALS, AND IF WE DON'T NEED IT, WE WILL NOT USE IT.

22           **THE COURT:**  I'LL GO UP TO 15, 15, 10 ON THE COMMON

23   ISSUES.

24       42, 42, 32 IS FOR ALL DEFENDANTS.  THAT'S THE TOTAL, WHICH

25   WORKS OUT TO ABOUT 6 PAGES PER DEFENDANT, IF YOU CHOOSE TO

```
 1    DIVIDE IT THAT WAY.

 2        ALTHOUGH I DO BELIEVE SOME OF YOU HAVE STRONGER CASES THAN

 3    OTHERS TO MAKE, AND YOU ALL CAN SEE IF YOU CAN RESOLVE AMONGST

 4    YOURSELVES HOW TO DISTRIBUTE THOSE PAGES.

 5        OKAY.

 6        LET'S TALK ABOUT MOTIONS IN LIMINE.  I GUESS WE ALSO NEED

 7    TO DO DAUBERT AS WELL.

 8            MR. MITTELSTAEDT:  WE'VE AGREED ON DAUBERT'S SUBJECT

 9    TO YOUR -- THE COURT'S APPROVAL.  WE'VE AGREED THAT THE MOTION

10    PAPERS IN THE OPPOSITION -- THIS IS PAGE 1, LINE 16 -- SHOULD

11    BE LIMITED TO 13 PAGES PER EXPERT AND REPLIES LIMITED TO 7

12    PAGES.

13            THE COURT:  HOW MANY DAUBERT MOTIONS DO YOU

14    ANTICIPATE?

15            MR. MITTELSTAEDT:  YOUR HONOR, THAT IS A QUESTION I

16    REALLY CAN'T ANSWER BECAUSE WE DON'T KNOW HOW MANY EXPERTS

17    THEY'RE GOING TO HAVE ON -- ON THE MERITS.  BUT THERE WILL

18    BE -- YOU KNOW, THEY MAY HAVE TWO EXPERTS, AND SO WE WOULD

19    HAVE, YOU KNOW, NO MORE THAN TWO MOTIONS.

20            THE COURT:  I KNOW YOU ADDED AN EXPERT FOR CLASS

21    CERT.  HOW MANY MORE EXPERTS DO YOU THINK YOU MIGHT HAVE AT

22    TRIAL?

23            MR. SAVERI:  YOUR HONOR, I -- I THINK WE'VE -- WITH

24    THE TWO EXPERTS WE HAVE ON CLASS CERT, THOSE ARE PROBABLY THE

25    CHIEF EXPERTS ON DAMAGES OR IMPACT THAT WE WOULD HAVE AT
```

```
1     TRIAL.  I DON'T -- WE --

2          THE COURT:  OKAY.

3          MR. SAVERI:  I'M EQUIVOCATING BECAUSE THERE COULD BE

4     ONE OR TWO MORE THAT WE WOULD HAVE.

5          THE COURT:  CAN I ASK MS. PARKER-BROWN IF YOU CAN

6     LOOK AT MARCH 27TH.  I KNOW WE HAVE LAST DAY FOR DISPOSITIVE

7     MOTIONS IN HERSKOWITZ AND JUEL.  WHAT ELSE DO WE HAVE ON THAT

8     DAY?

9          THE CLERK:  IT LOOKS LIKE MAYBE I DID NOT YET CATCH

10    THE CHANGE IN HERSKOWITZ BECAUSE I HAVE NOTHING ON MARCH 27TH,

11    SO I THINK THAT'S THE ONLY THING WE HAVE.

12         THE COURT:  OKAY.  I'M WONDERING IF WE SHOULD SET A

13    SECOND LAW AND MOTION HEARING DATE JUST BECAUSE IF YOU ADD

14    DAUBERT'S AND MOTIONS IN LIMINE, I THINK IT'S GOING TO BE

15    OVERWHELMING FOR US.  I'M A LITTLE BIT NERVOUS TO DO THAT THE

16    BECAUSE THE APPLE/SAMSUNG TRIAL STARTS THAT MONDAY ON MARCH

17    31.  IT'S GOING TO BE KIND OF HECTIC COUPLE DAYS BEFORE THAT

18    BEGINS, BUT --

19         MR. SAVERI:  I'M SORRY, YOUR HONOR.  NOW, JUST SO

20    WE'RE CLEAR, ARE WE TALKING ABOUT THE TRIAL IN LIMINE MOTIONS,

21    OR THE -- BECAUSE WE'VE TRIED TO BREAK THESE INTO PIECES.  I

22    MEAN, THERE ARE DAUBERT -- I EXPECT THAT WE WERE GOING --

23    WE'RE GOING TO GET 702 MOTIONS ON -- IN CONNECTION WITH

24    SUMMARY JUDGMENT, OR NOT.  I MEAN, I'M A LITTLE CONFUSED NOW

25    ABOUT WHETHER YOU'RE PLANNING TO MAKE TWO 702 MOTIONS WITH
```

1    RESPECT TO SOME OF THESE EXPERTS.

2          **MR. MITTELSTAEDT:**  NO, THE -- I MEAN, THAT IS

3    CORRECT, THAT WE TALKED, YOUR HONOR, AND YOU SUGGESTED THIS,

4    THAT WE HAVE KIND OF TWO PHASES.  THE FIRST ONE WOULD BE

5    DAUBERT MOTIONS THAT ARE DISPOSITIVE BECAUSE OF THE

6    DISPOSITIVE MOTIONS.

7       SO THOSE -- YOU KNOW, THAT'S ONE TRANCHE THAT -- THE NEXT

8    ONE (SIC) ARE THE IN LIMINE MOTIONS GOING TO OTHER EVIDENCE,

9    AND THOSE WOULD BE PART OF THE PRETRIAL CONFERENCES.

10          **THE COURT:**  RIGHT.  THE MOTIONS IN LIMINE FOR THE

11   PRETRIAL CONFERENCE SHOULD NOT INCLUDE ANY DAUBERT'S.  ANY

12   DAUBERT'S YOU'RE GOING TO BRING SHOULD BE BROUGHT WITH THE

13   SUMMARY JUDGMENTS.  THAT WAY, YOU KNOW, IN CASE I DO EXCLUDE

14   OR PRECLUDE SOMEBODY AND SOMEBODY HAS AN ABILITY TO CURE IT OR

15   TRY TO CURE IT BEFORE TRIAL VERSUS MAKING THEM GO TO TRIAL

16   WITHOUT AN EXPERT, ALTHOUGH I DON'T KNOW.  I GUESS MOST OF

17   THIS WILL PROBABLY BE HASHED OUT ON CLASS CERT ANYWAY.  I'M

18   NOT SURE HOW MUCH OF THIS WILL BE LEFT.

19      WELL, MY -- THIS IS MY CONCERN:  DOING, YOU KNOW -- WHAT

20   IS IT RIGHT NOW?  WE HAVE 69 OPENING BRIEFS -- 69 PAGES OF

21   OPPOSITIONS, AND THEN 52 PAGES OF REPLY.  I'M ALMOST AFRAID TO

22   LOOK UP HOW MANY PAGES THAT TOTALS.  BUT THAT IS PROBABLY

23   GOING TO BE HARD ENOUGH FOR US TO HANDLE ON MARCH 20TH.  SO

24   I'M WONDERING IF WE'RE GOING TO HAVE DAUBERT MOTIONS IF WE

25   SHOULD PERHAPS SCHEDULE THAT FOR THE NEXT WEEK.

1    I MEAN, WE'LL PROBABLY BE PREPARING EVERYTHING TOGETHER,

2    BUT AT LEAST IT RELIEVES A LITTLE BIT OF THE PRESSURE OF

3    HAVING TO GIVE YOU EVERYTHING ALL AT ONCE.

4         **MR. MITTELSTAEDT:**  I THINK IT WOULD MAKE SENSE IF

5    YOUR -- COURT'S CALENDAR WOULD PERMIT THIS, TO HAVE TWO

6    HEARING DATES.

7         **THE COURT:**  UH-HUH.

8         **MR. MITTELSTAEDT:**  I'M NOT SO SURE DIVIDING THEM

9    BETWEEN ALL THE SUMMARY JUDGMENTS AND ALL THE DAUBERT'S IS THE

10   BEST WAY TO DO IT, BECAUSE THEY MAY BE RELATED.

11        **THE COURT:**  SURE.  THEN HOW SHOULD WE DIVIDE IT UP,

12   THOUGH?

13    MY GUESS IS THE PLAINTIFFS' MOTION IS GOING TO BE KIND OF

14   OTHER SIDE OF THE COIN OF YOUR MOTION IN SOME RESPECT.

15   THERE'S GOING TO BE A LOT OF OVERLAP.  SHOULD WE JUST DO

16   COMMON ISSUES FIRST, AND THEN DO INDIVIDUALS SECOND?  WOULD

17   THAT BE A BETTER WAY TO BREAK IT UP.

18        **MR. MITTELSTAEDT:**  I DON'T KNOW, AND WHAT I WOULD

19   SUGGEST IS WE SET TWO HEARINGS NOW, AND WE TRY AND MEET AND

20   CONFER AND CONSULT WITH YOUR HONOR ABOUT HOW TO BREAK THEM UP

21   ONCE WE KNOW WHAT THEY ARE.  I THINK THAT'S --

22        **THE COURT:**  THAT'S FINE.  THAT'S FINE, BUT LET'S GO

23   AHEAD -- I'M JUST CONCERNED THAT WE'RE NOT GOING TO -- THIS

24   WOULD BE A LOT TO HANDLE IN ONE WEEK, SO LET'S GO AHEAD AND

25   SET TWO DATES.

```
1        ONE WE'LL KEEP, WHICH IS MARCH 20TH OF 2014 AT 1:30.  THE

2    OTHER ONE'S GOING TO BE THE NEXT WEEK, MARCH 27TH, 2014 AT

3    1:30, AND WE CAN DECIDE AT A LATER TIME HOW TO BREAK THAT UP.

4        OKAY?

5            MR. MITTELSTAEDT:  DO YOU --

6            MR. SAVERI:  I'M SORRY, YOUR HONOR.

7            THE COURT:  YEAH, GO AHEAD, PLEASE.

8            MR. SAVERI:  IT MAY -- IT MAY MAKE SENSE TO DO THE

9    702'S -- MOTIONS BEFORE THE SUMMARY JUDGMENT MOTIONS.  I MEAN,

10   THAT WOULD BE ONE THING I THINK WE SHOULD -- I AGREE WE SHOULD

11   GET THE HEARINGS AND WE SHOULD TALK ABOUT -- AS I'M THINKING

12   THIS THROUGH, ONE -- ANOTHER WAY TO DO IT, WHICH I'VE DONE IN

13   THE PAST, IS TO DO THE 702 MOTIONS FIRST.

14           THE COURT:  FIRST.  OKAY.

15           MR. SAVERI:  BECAUSE THEN, IT SEEMS TO ME, TO SOME

16   EXTENT, YOU'VE CLEARED OUT SOME OF THE ISSUES THAT MAY --

17   WOULD OTHERWISE COME UP AT SUMMARY JUDGMENT.  THERE MAY BE

18   SOME LOGIC TO THAT, BUT I'M HAPPY TO HAVE A CONVERSATION ABOUT

19   THAT.

20           THE COURT:  OKAY.  I THINK THAT'S FINE.

21       NOW, WE WOULD PROBABLY BE ABLE TO HANDLE SOMETHING MORE

22   THAN JUST THE DAUBERT'S THEN.  SO MAYBE WE CAN PICK ONE OF THE

23   SUMMARY JUDGMENT HEARINGS TO DO WITH THE DAUBERT MOTIONS AT

24   THAT FIRST HEARING DATE, AND THEN HAVE THE SECOND SUMMARY

25   JUDGMENT MOTION HEARD THE SECOND ONE, OR SOMETHING LIKE THAT.
```

```
 1              MR. MITTELSTAEDT:  IF IT'S OKAY, I THINK, YOUR HONOR,

 2    JOE AND I SHOULD TALK ABOUT THAT.

 3              MR. SAVERI:  AND KELLY, TOO, OBVIOUSLY.

 4              MR. MITTELSTAEDT:  OKAY.  ANYBODY WHO WANTS TO TALK

 5    ABOUT IT CAN TALK ABOUT IT, BUT IT MAY BE THAT THE DAUBERT'S

 6    ARE CLOSELY RELATED TO THE MO- -- PARTICULAR SUMMARY

 7    JUDGMENT --

 8              THE COURT:  SURE.

 9              MR. MITTELSTAEDT:  -- AND IT MAKES SENSE TO HEAR

10    THAT, BUT I THINK THAT'S A DETAIL WE CAN WORK OUT.

11              THE COURT:  OKAY.

12              MR. SAVERI:  I AGREE.  I MEAN, I THINK WE COULD TRY

13    TO MIX AND --

14              THE COURT:  UH-OH.  IS THERE BAD NEWS?

15              THE CLERK:  I DON'T THINK SO, BUT I HAD JUDGE LLOYD'S

16    CALENDAR UP, AND SO HE HAD NOTHING ON MARCH 27TH.  WE DO HAVE

17    THE LAST DAY FOR DISPOSITIVE MOTIONS ON DELGADO VS. DEANDA AS

18    WELL AS HERSKOWITZ.

19              THE COURT:  OH, OKAY.  I THINK THAT'S OKAY.  ON THE

20    27TH.  I THINK THE BIGGER PROBLEM IS THE MARCH 31.  WE'RE

21    GOING TO BE PRETTY BUSY GETTING JURY INSTRUCTIONS AND OTHER

22    THINGS READY.

23         OKAY.  SO -- ALL RIGHT.  SO WHY DON'T WE DO THIS:  CAN YOU

24    ALL MAKE A RECOMMENDATION -- LET'S SEE.  YOU'RE FINISHED

25    FILING ON FEBRUARY 27TH.  WHY DON'T YOU MAKE A RECOMMENDATION
```

```
 1    MAYBE A WEEK LATER?  WHAT ABOUT ON MARCH 6TH?  CAN YOU JUST
 2    PLEASE MAKE A RECOMMENDATION AS TO HOW YOU -- YOU'VE MET AND
 3    CONFERRED AND WHAT YOU THINK IS THE BEST DISTRIBUTION OF THE
 4    VARIOUS MOTIONS FOR THE 20TH VERSUS THE 27TH OF MARCH.
 5              MR. MITTELSTAEDT:  WE WILL DO THAT.
 6              THE COURT:  OKAY.
 7              MR. SAVERI:  AND, AGAIN, YOUR HONOR, JUST SO I HAVE
 8    IT CLEAR, BOTH ON THE 20TH AND 27TH, WE ARE -- WE HAVE 1:30 --
 9              THE COURT:  YES, PLEASE.
10              MR. SAVERI:  ONE -- OKAY.
11              THE COURT:  JOINT STATEMENT RE: DISTRIBUTION OF
12    MOTIONS.  GREAT.  FOR MARCH 20 AND 27 HEARING DATES.
13         OKAY.  NOW, LET'S TALK ABOUT THE DAUBERT'S.  I WANT TO
14    STRONGLY ENCOURAGE YOU TO RESTRICT THESE FURTHER AND -- AND
15    THE REASON IS THAT, YOU KNOW, MOST LIKELY, THINGS ARE GOING TO
16    GOING TO WEIGHT AND NOT ADMISSIBILITY.  DAUBERT, YOU KNOW, THE
17    LIKELIHOOD THAT SOMEBODY WOULD BE STRUCK COMPLETELY, PROBABLY
18    NOT LIKELY.  MAYBE SOME THEORIES POSSIBLY.
19         WHAT -- CAN WE HAVE -- I'M JUST CONCERNED THAT I'M HEARING
20    POTENTIALLY THREE TO FOUR, MAYBE FIVE EXPERTS PER SIDE, AND
21    THEN YOU WANT, YOU KNOW, 30 PAGES OF BRIEFING FOR 10 EXPERTS
22    POTENTIALLY.  THAT'S JUST -- I JUST DON'T THINK WE CAN HANDLE
23    THAT EVEN WITH THE TWO HEARING DATES, SO WHAT -- LET ME GET A
24    CONCESSION FROM YOU ALL IF THERE CAN BE FURTHER NARROWING IF
25    POSSIBLE, PLEASE.
```

```
1              MR. MITTELSTAEDT:  YOUR HONOR, I -- I THOUGHT WHEN WE

2     NEGOTIATED AND WE CAME DOWN TO -- I MEAN -- WE CAME DOWN, THEY

3     CAME UP -- I FORGET WHICH WAY IT WENT -- BUT 13 PAGES -- GIVEN

4     THE NATURE OF THIS CASE, GIVEN THE LENGTH OF THE EXPERT

5     REPORTS SO FAR --

6              THE COURT:  OKAY.

7              MR. MITTELSTAEDT:  -- AND, YOU KNOW, I DON'T SAY THIS

8     IN JEST, YOUR HONOR, BUT I -- IT'S A THOUGHT THAT CROSSED MY

9     MIND, THAT -- THE COURT'S WORKLOAD IS VERY IMPORTANT.  BUT

10    THEY CHOSE TO SUE SEVEN COMPANIES.  AND, YOU KNOW, I MEAN, ONE

11    WAY TO CUT THE WORKLOAD WOULD BE IF THEY JUST DISMISSED THREE

12    COMPANIES, AND THEN WE'D HAVE LESS TO WORRY ABOUT.

13             THE COURT:  OR YOU ALL COULD JUST SETTLE.

14             MR. MITTELSTAEDT:  WELL -- BUT -- YOU KNOW, WE --

15             MR. SAVERI:  WE'RE HAPPY TO DISMISS IF THEY PAY SOME

16    MONEY.  THAT'S USUALLY THE WAY THIS WORKS, YOUR HONOR.

17             THE COURT:  WELL, LET ME -- LET ME ASK YOU A

18    QUESTION:  ARE THE DEFENDANTS GOING TO DO JOINT DAUBERT'S, OR

19    ARE THERE GOING TO BE INDIVIDUAL DAUBERT'S?

20             MR. MITTELSTAEDT:  OH, MY -- MY HOPE IS THAT IT WILL

21    BE JOINT DAUBERT, AND THAT'S WHY WE -- WE'VE TALKED -- THIS

22    IS -- THIS IS A JOINT MOTION NOT TO EXCEED 13 PAGES --

23             THE COURT:  PER EXPERT.

24             MR. MITTELSTAEDT:  -- PER SIDE ON THIS ONE.  PER

25    EXPERT.
```

```
 1            THE COURT:  PER EXPERT.  AND YOU'RE ANTICIPATING

 2   ANYWHERE FROM TWO TO FOUR, IS WHAT I'M HEARING POTENTIALLY.

 3            MR. SAVERI:  YES, YOUR HONOR.

 4            THE COURT:  OKAY.

 5        AND WHAT ABOUT THE DEFENDANTS, HOW MANY EXPERTS ARE YOU

 6   ENVISIONING?

 7            MR. MITTELSTAEDT:  I THINK WE SAID LAST TIME THREE TO

 8   FIVE OR FOUR TO SIX.

 9            THE COURT:  OKAY.

10            MR. MITTELSTAEDT:  SOMETHING IN THAT RANGE.

11            THE COURT:  SO SOMEWHERE BETWEEN THREE AND SIX?

12            MR. MITTELSTAEDT:  YES.

13            THE COURT:  OH.  SEE, THAT -- I THINK THAT'S GOING TO

14   BE VERY DIFFICULT FOR US TO ACCOMMODATE THAT MANY MOTIONS TO

15   STRIKE.

16            MR. SAVERI:  WE'D PROBABLY AGREE TO JUST THREE RIGHT

17   NOW, THAT NO ONE FILE MORE THAN TWO MOTIONS.

18            MR. MITTELSTAEDT:  WELL, WHAT ARE YOUR EXPERTS GOING

19   TO SAY?

20            MR. SAVERI:  WELL, YOU KNOW WHAT THEY'RE GOING TO

21   SAY.  I MEAN, ALL THIS GOES TO THE WEIGHT.  THAT'S MY VIEW,

22   BUT --

23            MR. MITTELSTAEDT:  WELL, I MEAN, THAT CAN'T BE THAT

24   NO MATTER WHAT THEIR EXPERTS SAY, IT ONLY GOES TO WEIGHT.  I

25   MEAN --
```

```
 1              THE COURT:  UM-HMM.

 2              MR. MITTELSTAEDT:  I MEAN --

 3              THE COURT:  WHAT IF WE DID THIS:  THIS WOULD BE --

 4    WHAT IF WE DID THIS KIND OF A LIMIT?  YOU CAN -- WHAT IF I

 5    JUST GAVE YOU A TOTAL PAGE LIMIT OF 25, 25, 15, AND YOU CAN

 6    MOVE TO STRIKE WHOMEVER YOU WANT AMONGST THE EXPERTS.

 7    DEFENDANTS GET 25, 25, 15; PLAINTIFFS GET 25, 25, 15, SO IT'S

 8    A TOTAL OF 50, 50, 30 THAT THE COURT'S GOING TO HAVE TO

 9    REVIEW.

10              MR. MITTELSTAEDT:  MAY I HAVE A MOMENT?

11              THE COURT:  PLEASE.  PLEASE.

12              MS. DERMODY:  AND I THINK, YOUR HONOR, THAT THAT

13    WOULD PROBABLY WORK FOR US AS LONG AS THE COURT WOULD INDULGE

14    US TO COME BACK IF THEY PRESENT EIGHT EXPERTS AND WE JUST GIVE

15    THE COURT GOOD REASON FOR NEEDING MORE PAGES THAN THAT.  DON'T

16    EXPECT IT, BUT WE DON'T KNOW WHAT THEY'RE ACTUALLY GOING TO

17    PRESENT YET.

18              MR. MITTELSTAEDT:  I'M SORRY.  I DIDN'T HEAR WHAT YOU

19    SAID, BUT --

20              THE COURT:  SHE WONDERED IF YOU WENT UP TO EIGHT

21    EXPERTS, SHE WANTS TO BE ABLE TO COME BACK FOR AN EXTENSION OF

22    PAGE LIMITS.

23              MR. MITTELSTAEDT:  AND SO OTHERWISE, IT'S -- IF YOUR

24    HONOR COULD JUST SAY THAT AGAIN.

25              THE COURT:  SURE.  SO BOTH SIDES -- EACH SIDE WOULD
```

1    HAVE 25 PAGES TO FILE <u>DAUBERT</u> MOTIONS.  I'M NOT GOING TO LIMIT

2    THE NUMBER OF EXPERTS THAT YOU CAN CHALLENGE.  BUT YOU HAVE A

3    25-PAGE LIMIT, AND THEN YOU HAVE A 25-PAGE LIMIT TO OPPOSE THE

4    OTHER SIDE'S MOTION, AND THEN YOU'LL HAVE 15 PAGES FOR YOUR

5    OWN REPLIES.

6              **MR. MITTELSTAEDT:**  OKAY.  AND, YOUR HONOR, IF -- WHEN

7    WE SEE THE EXPERT REPORTS, IF WE THINK THAT'S INSUFFICIENT FOR

8    SOME REASON, I'M ASSUMING WE CAN COME BACK.  MAYBE WE HAVE THE

9    UPHILL BURDEN TO SHOW CAUSE OR SOMETHING, BUT I MEAN, IF

10   EXPERT REPORTS ARE REALLY BAD --

11                    (SIMULTANEOUS COLLOQUY.)

12             **MR. SAVERI:**  I THINK --

13             **MR. MITTELSTAEDT:**  WE COULD HAVE A REAL BAD

14   EXCEPTION.

15             **MR. SAVERI:**  I THINK WE SUGGESTED SOMETHING --

16             **THE COURT:**  IF THEY'RE REALLY BAD, THEN IT SHOULD BE

17   EVEN EASIER TO EXPLAIN WHY THE PERSON SHOULD BE STRUCK.  AND I

18   MEAN, AS YOU'VE SEEN, WE'VE GONE REALLY CAREFULLY THROUGH

19   WHATEVER OBJECTIONS YOU MAKE ABOUT AN EXPERT, WE REALLY TAKE

20   IT SERIOUSLY AND REALLY TRY TO GET TO THE BOTTOM OF IT, SO I

21   THINK WITH THESE LIMITS, IT SHOULD BE SUFFICIENT.

22      OKAY?

23      I MEAN, WE TAKE SERIOUSLY EVERYTHING YOU FILE.  I MEAN,

24   THAT'S WHY I'M TRYING TO CONTROL THE FLOW BECAUSE EVERYTHING

25   YOU FILE WILL BE TAKEN EXTREMELY SERIOUSLY AND GIVEN VERY

```
1    CAREFUL CONSIDERATION.  I DON'T WANT TO DO IT SLOPPILY.

2            MR. MITTELSTAEDT:  ALL I'M THINKING IS IF WE GET A

3    HUNDRED-PAGE EXPERT REPORT.

4            THE COURT:  WELL, THEN MAYBE WE SHOULD PUT LIMITS ON

5    THE EXPERT REPORTS.  WHY NOT?  OR PUT -- WHY DON'T WE PUT

6    LIMITS ON THE EXPERT REPORTS.

7            MS. DERMODY:  WELL, THE ONLY ISSUE WITH THAT, YOUR

8    HONOR, IS THAT THEN THERE GETS TO BE THIS LITIGATION BY

9    SURPRISE, AND WE'D RATHER KNOW WHAT THEIR EXPERT TESTIMONY IS

10   GOING TO BE THAN BE SURPRISED 'CAUSE OF BREVITY IN THE

11   REPORTS.

12           MR. MITTELSTAEDT:  I THINK THERE'S -- THERE'S A LOT

13   OF TRUTH TO THAT, YOUR HONOR.

14           THE COURT:  OKAY.  ALL RIGHT.  THAT'S FINE.

15      WELL, I -- YOU ALL ARE SUCH AMAZING ATTORNEYS, I KNOW THAT

16   YOU CAN STATE IT SO CONCISELY AND SO COMPELLINGLY IN SHORT

17   NUMBER OF PAGES THAT --

18           MR. MITTELSTAEDT:  WE APPRECIATE THE CONFIDENCE, YOUR

19   HONOR.

20           THE COURT:  -- THAT THAT'S NOT GOING TO BE AN ISSUE.

21      OKAY.  CAN WE TALK THEN ABOUT MOTIONS IN LIMINE NOW,

22   'CAUSE I THINK THOSE ARE THE LIMITS THAT WE HAD TO TALK ABOUT.

23      AND I REALLY APPRECIATE YOUR BEING FLEXIBLE IN WORKING

24   WITH ME.  I'M REALLY SORRY THAT OUR CAPACITY IS SO LIMITED.

25      LET'S TALK ABOUT MOTIONS IN LIMINE.  I WAS THINKING --
```

```
 1    WHAT ABOUT THREE MOTIONS IN LIMINE -- WELL, I -- I THINK WE

 2    NEED THE LIMITS JUST BECAUSE OF THE SAME HUMAN CAPACITY ISSUE.

 3    AND I THINK THE LIMITS WILL HOPEFULLY MAKE FOLKS PRIORITIZE

 4    THEIR BEST ONES, AND EVERYTHING ELSE WILL JUST HAVE TO BE AN

 5    EVIDENTIARY OBJECTION THAT WE HASH OUT DURING THE TRIAL.

 6        SO I WOULD SUGGEST -- I LIKE THE PLAINTIFFS' SUGGESTION OF

 7    25, 25, WITH NO REPLIES.

 8            MR. MITTELSTAEDT:  YOUR HONOR, VERY BRIEFLY, I THINK

 9    THE PROBLEM WITH THAT --

10            THE COURT:  SURE.

11            MR. MITTELSTAEDT:  -- IS THERE ARE SOME ISSUES WE'LL

12    MOVE IN LIMINE ON THAT ARE COMMON.  AN EXAMPLE WOULD BE THE

13    ADMISSIBILITY OR THE USE OF THE DEPARTMENT OF JUSTICE

14    PROCEEDINGS.  I THINK EVERYBODY'S GOT PRETTY MUCH A COMMON

15    POSITION ON THAT.  AND THERE MAY WELL BE OTHERS.

16            THE COURT:  OKAY.

17            MR. MITTELSTAEDT:  AS TO THE OTHER IN LIMINE MOTIONS,

18    IT DEPENDS ON WHAT EXHIBITS THE PLAINTIFFS PUT ON THEIR LIST

19    AS TO ANY PARTICULAR DEFENDANT.  IF THEY WANT TO USE A

20    DOCUMENT AGAINST LUCASFILM, I DON'T WANT TO BE IN A POSITION

21    OF BARGAINING WITH LUCAS ABOUT WHETHER THEY GET TO ADD THAT

22    EXHIBIT TO AN IN LIMINE MOTION VERSUS ONE OF MINE.

23        I DON'T THINK WE SHOULD HAVE JOINT MOTIONS ON INDIVIDUAL

24    COMPANY EXHIBITS OR DEPOSITION TESTIMONY, FOR THAT MATTER.  SO

25    THAT'S WHY WE PROPOSED A LIMIT FOR THE JOINT MOTION AND THEN
```

1   LIMITS FOR EACH DEFENDANT'S INDIVIDUAL MOTIONS.  WE WERE AT 25

2   AND 10 FOR THE INDIVIDUAL.  YOU KNOW, I USED TO THINK 10 PAGES

3   WAS A PRETTY SHORT BRIEF, BUT --

4        SO I -- I WOULD LIKE TO KEEP THAT FORMAT JUST SO I -- WE

5   DON'T HAVE TO NEGOTIATE WITH EACH OTHER OVER, YOU KNOW, WHOSE

6   EXHIBIT IS MORE OR LESS IMPORTANT.

7            **THE COURT:**  UM-HMM.

8        **MR. SAVERI:**  YOUR HONOR?

9            **THE COURT:**  OKAY.  GO AHEAD, PLEASE.

10       **MR. SAVERI:**  THIS IS GOING TO BE -- I MEAN, THIS IS A

11  CONSPIRACY CASE.  AND THE EVIDENCE IS GOING TO COME IN LARGELY

12  AGAINST ALL OF THE DEFENDANTS.  SO THE IDEA THAT WE'RE GOING

13  TO HAVE KIND OF SEPARATE TRACKS OF IN LIMINE MOTIONS FOR EACH

14  DEFENDANT SEEMS A LITTLE BIT HARD FOR ME TO -- TO UNDERSTAND,

15  BUT -- BASED ON WHAT I UNDERSTAND THE LAW TO BE, AS WELL AS

16  HOW WE'RE GOING TO ORGANIZE THE TRIAL.

17       I THINK THERE MAY BE SOME LIMITED COMPANY-SPECIFIC MOTIONS

18  IN LIMINE.  IT'S REALLY HARD FOR ME THE IMAGINE WHAT THOSE

19  WOULD BE.  SEEMS TO ME THERE'S A GREAT DEAL OF EFFICIENCY IN

20  DOING THIS ALL TOGETHER.  I KNOW JUDGE WILKEN DOES THIS, AND

21  I'VE HAD EXPERIENCE WITH HER LIMITS WORKING VERY WELL IN A

22  MULTI-DEFENDANT CASE, SO --

23           **THE COURT:**  AND HOW DID SHE DO IT?  JUST AN OVERALL

24  PAGE LIMIT --

25       **MR. SAVERI:**  YES.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

```
1              THE COURT:  -- THEY CAN DECIDE IF THEY WANT TO DO

2    IT COMMON VERSUS INDIVIDUAL?

3              MR. SAVERI:  YES, YOUR HONOR.

4              MR. MITTELSTAEDT:  YOU KNOW, I READ THAT CITATION TO

5    JUDGE WILKEN'S LOCAL RULES, AND I -- MAYBE SHE SAID PER SIDE,

6    BUT I DIDN'T SEE PER SIDE.  I THINK 25 PAGES IN A SINGLE --

7    PLAINTIFF'S SINGLE-DEFENDANT CASE MAY WELL MAKE SENSE, BUT I

8    MEAN, THERE REALLY ARE PROBLEMS WHEN YOU HAVE -- WHEN THEY'VE

9    CHOSEN TO SUE SEVEN COMPANIES, AND MR. SAVERI AND I MAY

10   DISAGREE ON THE SCOPE OF THE COCONSPIRATORS RULE, BUT

11   INDIVIDUAL COMPANIES WILL WANT TO MAKE MOTIONS ON THEIR OWN --

12   ON EVIDENCE.

13             THE COURT:  WHAT ABOUT 35, 35 FOR THE DEFENDANTS AND

14   YOU CAN DECIDE HOW YOU WISH TO DECIDE UP YOUR PAGE LIMITS?

15             MR. MITTELSTAEDT:  MAY I NEGOTIATE OR --

16             THE COURT:  OKAY.  DO WE NEED REPLIES OR NOT?  I

17   MEAN, GENERALLY I DON'T HAVE REPLIES ON MOTIONS IN LIMINE,

18   BUT --

19             MR. MITTELSTAEDT:  I WOULD RATHER, YOUR HONOR, UP

20   THE -- THE OPENING AND THE OPPOSITION AND DO AWAY WITH REPLIES

21   CONSISTENT WITH THAT PRACTICE.

22             THE COURT:  DO YOU HAVE AN OPINION ON THAT?

23             MR. SAVERI:  WE'RE -- I ACTUALLY THINK ELIMINATING

24   THE REPLIES IS A GOOD THING.

25             MS. DERMODY:  YEAH.
```

```
1              THE COURT:  ALL RIGHT.  WELL, LET ME -- LET ME HEAR

2    WHAT --

3              MR. MITTELSTAEDT:  I WOULD SAY 45, 45 TOTAL, AND

4    OUR -- OUR EFFORT WOULD BE TO HAVE THE JOINT ONE OF 20, 25

5    PAGES, AND THAT WOULD LEAVE 20 PAGES FOR 7 COMPANIES TO DIVIDE

6    AMONG THEMSELVES.  AND SO THAT WOULD BE 3-PAGE BRIEFS, AND

7    THAT -- I MEAN, JUST WHEN I DO THE MATH, THAT JUST SOUNDS LOW.

8    I --

9        AGAIN, I UNDERSTAND THE COURT'S WORKLOAD, BUT I THINK TO

10   THE EXTENT THERE'S A BASIS FOR AN IN LIMINE MOTION, IT MAKES

11   SENSE TO HAVE THAT RESOLVED, YOU KNOW, THE COURT'S GOING TO

12   HAVE TO RESOLVE IT EVENTUALLY.  AND IN MY EXPERIENCE, THIS IS

13   REALLY FOR THE COURT'S CONVENIENCE.  I THINK IT MAKES SENSE TO

14   DO IT BEFORE TRIAL BY IN LIMINE RATHER THAN THE MORNING OF OR

15   THE EVENING OF.

16       SO, AGAIN, I CAN PLEDGE, YOUR HONOR, THAT WE'RE NOT GOING

17   TO USE THESE PAGES IF WE DON'T NEED THEM.  ANOTHER APPROACH

18   WOULD BE TO DEFER THIS UNTIL WE SEE THE EXHIBIT LIST.  AND

19   THEN IT MAY BE WE'RE ARGUING OVER NOTHING OR ONE SIDE OR THE

20   OTHER THINKS THEY NEED MORE.

21             MR. SAVERI:  YOUR HONOR, I REALLY THINK MOST OF THESE

22   EVIDENTIARY ISSUES CAN BE DEALT WITH IN THE ORDINARY COURSE OF

23   TRIAL.

24       I THINK THAT THE PROBLEM WE HAVE FREQUENTLY IS THAT THE IN

25   LIMINE MOTIONS CAN GET ABUSED AND THEY CAN GET VERY LARGE AND
```

```
1    UNNECESSARY AND JUST PUTS A BURDEN ON EVERYBODY FOR NO GOOD

2    PURPOSE.  SO I REALLY THINK THERE'S SOMETHING TO BE SAID FOR

3    BEING CONCISE AND KEEPING A LIMIT ON THIS.

4         THE COURT:  OKAY.  WHAT ABOUT -- SO FOR THE

5    PLAINTIFFS, IT'S GOING TO BE -- I'LL HAVE REPLIES -- 25, 25,

6    15; AND FOR THE DEFENDANTS, 40, 40, 30.  AND YOU CAN DECIDE

7    HOW YOU WISH TO DIVIDE THAT.

8         MR. MITTELSTAEDT:  WE'LL DO OUR BEST, YOUR HONOR.

9         THE COURT:  I THINK THAT SHOULD BE --

10        MR. SAVERI:  YOUR HONOR, COULD YOU GIVE ME THAT

11   AGAIN?  FOR THE PLAINTIFFS, 25, 25, 15?

12        THE COURT:  AND -- YES.  AND THEN FOR THE DEFENDANTS,

13   40, 40, 30, AND THEY CAN DECIDE IF THEY WANT TO DIVIDE THAT

14   ALL INDIVIDUALLY OR IF THEY WANT PART OF THAT TO BE COMMON AND

15   PART OF THAT INDIVIDUALLY AND HOW THEY WANT TO DIVIDE THAT UP.

16   OKAY?

17      ALL RIGHT.  SO THOSE ARE THE IN LIMINES.  THOSE WILL BE

18   HEARD AT THE PRETRIAL CONFERENCE, WHICH IS CURRENTLY SET FOR

19   MAY 8TH.

20      OKAY.

21        MR. SAVERI:  SO --

22        THE COURT:  NOW, LET'S TALK ABOUT THE CLASS CERT

23   HEARING.

24        MR. SAVERI:  YOUR HONOR?

25        THE COURT:  YES.
```

```
 1              MR. SAVERI:  I'M SORRY.  SO DO WE HAVE A SCHEDULE,

 2    THEN, FOR FILING THIS LAST CHUNK OF IN LIMINE MOTIONS, GIVEN

 3    NOW WHAT WE KNOW OUR PAGE LIMITS -- IF THIS HAS BEEN SET, I

 4    APOLOGIZE.

 5              THE COURT:  NO, WE PROBABLY SHOULD BECAUSE MY

 6    STANDING ORDER DOESN'T PROVIDE FOR REPLIES, AND IT WOULD

 7    NORMALLY HAVE THE OPENING MOTIONS FILED TWO WEEKS BEFORE THE

 8    PTC, AND THEN THE OPPOSITIONS FILED ONE WEEK BEFORE.  BUT

 9    ACTUALLY, I WOULD LIKE SOME TIME WITH THESE ANYWAY.

10       SO WHY DON'T WE GO AHEAD AND SET THE MOTION IN LIMINE

11    BRIEFING SCHEDULE.

12              MR. SAVERI:  SO THE PRETRIAL CONFERENCE IS SET FOR

13    MAY 8TH --

14              THE COURT:  MAY 8TH.

15              MR. SAVERI:  -- I THINK; IS THAT RIGHT?

16              THE COURT:  THAT'S RIGHT.

17       SO IF YOU WOULD, PLEASE, I WOULD LIKE EVERYTHING FILED NO

18    LATER THAN APRIL 24.  IF YOU COULD GIVE ME A LITTLE MORE TIME,

19    THAT WOULD BE GREAT, BUT I KNOW WE HAVE SUMMARY JUDGMENT SO I

20    DON'T WANT TO SET IT TOO FAR BACK.

21       IF YOU COULD FILE THE REPLIES, THEN, BY APRIL 14TH.  AND

22    WHEN CAN YOU FILE THE --

23              MR. MITTELSTAEDT:  MAY --

24              THE COURT:  -- OPPOSITIONS AND THE MOTIONS?

25              MR. MITTELSTAEDT:  YOUR HONOR, THE OPPOSITIONS BY...?
```

```
 1              THE COURT:  WELL, I WAS GOING TO ASK YOU.  I NEED THE
 2    REPLIES BY APRIL 24TH --
 3              MR. MITTELSTAEDT:  OH.
 4              THE COURT:  -- WHICH WOULD BE TWO WEEKS BEFORE THE
 5    PRETRIAL CONFERENCE.  THEN HOW MUCH TIME WOULD YOU NEED FOR
 6    THE OPENING AND THE OPPOSITIONS?  UNDERSTANDING THAT -- SO
 7    MARCH 20TH IS OUR -- MARCH 20TH AND MARCH 27TH.
 8              MS. DERMODY:  ONE WEEK FOR EACH?
 9              MR. SAVERI:  YEAH, SO MARCH 20, MARCH 27 IS DAY ONE
10    AND DAY TWO OF THE DISPOSITIVE MOTION --
11              THE COURT:  YES.
12              MR. SAVERI:  -- OR 702'S.
13              MS. DERMODY:  WHAT ABOUT APRIL 10 FOR THE MOTIONS?
14              MR. MITTELSTAEDT:  WHEN -- WHEN DO WE GET THE EXHIBIT
15    LIST?  WHEN DO WE EXCHANGE THOSE, BECAUSE THIS OUGHT TO BE
16    AFTER THAT, RIGHT?
17              THE COURT:  HMM.  LET ME SEE.  YOU KNOW, YOU CAN ALSO
18    STIPULATE TO SOMETHING DIFFERENT THAN THE STANDING ORDER.
19              MS. DERMODY:  YEAH.
20              THE COURT:  I THINK THE STANDING ORDER ACTUALLY HAS
21    IT SORT OF DURING THAT TIME FRAME.
22              MR. MITTELSTAEDT:  YOUR HONOR, WOULD IT BE -- WOULD
23    IT BE HELPFUL AND OKAY IF WE MEET AND CONFER ON THIS SCHEDULE
24    AND PROPOSE SOMETHING TO THE COURT?
25              THE COURT:  SURE.  WHY DON'T -- FOR NOW, WE'LL SAY
```

1    THAT OPPOSITIONS ARE DUE ON APRIL 17TH AND THAT THE MOTIONS

2    ARE DUE ON APRIL 10.  AND IF YOU WOULD PLEASE WORK OUT THE

3    EXCHANGE OF WITNESS LISTS AND EXHIBIT LISTS BEFORE THAT DATE,

4    MAYBE BY APRIL 7TH?

5        DOES THAT SOUND OKAY?

6            **MR. SAVERI:**  YEAH.  I MEAN, WE CAN -- I THINK WE

7    SHOULD -- WE NEED TO GET AND START TALKING ABOUT THIS, AND I

8    THINK WE SHOULD BE ABLE TO FIGURE SOMETHING OUT ALONG THOSE

9    LINES.

10           **MR. MITTELSTAEDT:**  YEAH.

11           **THE COURT:**  OKAY.

12           **MR. MITTELSTAEDT:**  AND, YOUR HONOR, IF THAT DOESN'T

13   WORK, MAY WE PROPOSE SOMETHING -- A DIFFERENT SCHEDULE?

14           **THE COURT:**  THAT'S FINE.  IF -- IF I KNOW HOW I'M

15   GOING TO RULE AND I'M GOING TO DENY THE MOTIONS, THEN I WOULD

16   TRY TO JUST DO THEM ON THE RECORD ON THE 20TH AND 27TH.

17       IF THERE'S GOING TO BE A GRANT, THEN I HAVE TO WRITE AN

18   ORDER, AND THAT'S GOING TO TAKE LONGER.  BUT I COULD TELL YOU

19   HOW I'M GOING TO RULE EVEN IF THE ORDER'S NOT OUT JUST SO WE

20   CAN KEEP GOING.  OKAY?

21       BUT IF I DON'T KNOW WHAT I'M GOING TO DO, WHICH IN A

22   COMPLICATED CASE LIKE THIS IS HIGHLY POSSIBLE, I MAY NOT BE

23   ABLE TO GIVE YOU A RULING BY THE 27TH OF MARCH.

24           **MR. MITTELSTAEDT:**  UNDERSTOOD.

25           **THE COURT:**  SO -- OKAY.  SO I THINK THAT TAKES CARE

```
 1     OF DAUBERT'S, IN LIMINES, AND SUMMARY JUDGMENT, RIGHT?

 2              MR. MITTELSTAEDT:  YES.

 3              THE COURT:  OKAY.  THEN I THINK WE ONLY HAVE THE

 4     CLASS CERT.

 5         NOW, LET ME ASK WITH REGARD TO YOUR ALTERNATIVE DISPUTE

 6     RESOLUTION, DO YOU HAVE A DATE AND WHO'S YOUR MEDIATOR?

 7              MS. DERMODY:  SO, YOUR HONOR, WE ACTUALLY HAVE AN

 8     UPDATE JUST AS OF TODAY.  WE'VE BOTH BEEN TALKING TO VARIOUS

 9     MEDIATORS.  WE HAD A COUPLE OF STRIKEOUTS OF PEOPLE THAT WE

10     HAD AGREED TO BUT WEREN'T FREE.  I THINK WE ARE DOWN TO A

11     COUPLE CANDIDATES THAT WOULD PROBABLY WORK, AND THEY HAVE

12     AVAILABILITY BEFORE THE ADR DATE.  WE JUST HAVEN'T PICKED A

13     DATE YET.  SO I THINK WE WILL BE ABLE TO REPORT TO THE COURT

14     RELATIVELY SOON THE NAME OF THE MEDIATOR AND THE DATE OR

15     DATES.

16              THE COURT:  OKAY.  THEN MAY I ASK YOU TO FILE A

17     MEDIATION STATUS REPORT WITHIN A WEEK JUST TO LET ME KNOW THAT

18     YOU --

19              MR. SAVERI:  A WEEK OF (SIC) TODAY, YOUR HONOR?

20              THE COURT:  WELL, WOULD THAT GIVE YOU ENOUGH TIME, OR

21     DO YOU NEED MORE TIME?  TODAY'S THE 15TH.

22              MR. MITTELSTAEDT:  SURE.

23              MS. DERMODY:  YEAH.

24              THE COURT:  THAT'S OKAY?

25              MS. DERMODY:  EVERYONE THINKS SO, YES, YOUR HONOR.
```

1    **THE COURT:**  ALL RIGHT.  SO IF YOU WOULD PLEASE, FILE

2   A JOINT MEDIATION STATUS REPORT ON MAY 22ND OF 2013 JUST

3   LETTING ME KNOW WHO YOUR MEDIATOR IS AND WHAT THE DATE IS OF

4   YOUR MEDIATION SESSION.

5      OKAY?

6        **MS. DERMODY:**  YES.

7        **THE COURT:**  NOW, IS THERE ANYTHING THAT I CAN DO TO

8   MAXIMIZE THE SUCCESS OF THAT SESSION?

9        **MS. DERMODY:**  THINK YOU'RE DOING IT, YOUR HONOR.

10       **THE COURT:**  OKAY.  LET'S TALK ABOUT CLASS CERT

11  HEARING.  THIS IS WHAT I WOULD LIKE TO DO.  I DON'T WANT TO

12  HAVE TO HAVE A FULL EVIDENTIARY HEARING.  I DON'T WANT CROSS

13  AND REBUTTAL AND THOSE KIND OF EXAMINATIONS.  I'M -- I'M

14  ASSUMING THAT THE HEARING IS GOING TO BE LIKE THE LAST ONE AND

15  LIKE THE MOTION TO DISMISS.

16     I WILL HAVE READ WHAT YOU'VE SUBMITTED.  I'LL COME WITH

17  VERY SPECIFIC QUESTIONS THAT ARE HOLES THAT NEED TO BE

18  RESOLVED OR JUST WEREN'T CLEAR, WHETHER IT'S QUESTION OF FACT

19  OR QUESTION OF LAW, AND WE'LL JUST WANT TO HAVE A DISCUSSION

20  WITH YOU TO, YOU KNOW, HELP IN -- IN A FORMULATION OF A RIGHT

21  ANALYSIS AND A RIGHT OPINION ON THE MOTION.

22     SO I WOULD LIKE TO HAVE THE EXPERTS AVAILABLE IF THERE ARE

23  QUESTIONS THAT LAWYERS CAN'T ANSWER.  BUT I DON'T THINK SORT

24  OF FORMAL TESTIMONY IS NECESSARY BECAUSE IT'S MUCH MORE OF AN

25  INFORMAL DIALOGUE WHERE I'M ASKING YOU TO EDUCATE ME ABOUT

```
1    EITHER SOMETHING THAT WASN'T CLEAR FROM WHAT WAS SUBMITTED --

2       DOES THAT SOUND OKAY?

3          MR. SAVERI:  YOUR HONOR.

4          MS. DERMODY:  YES.

5          MR. SAVERI:  I AGREE.  THE -- I THINK THE HEARING,

6    FROM OUR PERSPECTIVE, SHOULD BE ABOUT ANSWERING YOUR HONOR'S

7    QUESTIONS AND PROVIDING YOUR -- YOUR HONOR INSIGHT INTO THINGS

8    THAT ARE -- THAT ARE UNCLEAR.

9       EACH SIDE IS GOING TO HAVE THE OPPORTUNITY TO ASK THE

10   EXPERTS QUESTIONS TO -- THEY'RE GETTING THEIR DEPOSITIONS

11   TAKEN IN ADVANCE.  THOSE ISSUES CAN BE BROUGHT UP IN THE

12   PAPERS.  SO I THINK HAVING THE EXPERTS HERE, IF THAT'S

13   SOMETHING THAT WILL BE HELPFUL TO YOUR HONOR, MAKES SOME

14   SENSE, BUT IT -- I DON'T THINK AN EVIDENTIARY HEARING OR A

15   TRIAL OF SOME SORT IS NECESSARY.

16          THE COURT:  OH, I WAS NEVER THINKING A TRIAL.  I WAS

17   REALLY JUST THINKING OF IF A LAWYER CAN'T ANSWER MY QUESTION,

18   I WANT SOMEONE WHO CAN ANSWER THE QUESTION, MAYBE SOMEONE

19   WHO'S MORE FAMILIAR WITH THE DOCUMENTS, MAYBE SOMEONE WHO'S

20   MORE FAMILIAR WITH THE THEORIES, OR WHATEVER.

21          MR. MITTELSTAEDT:  YEAH.  YOUR HONOR, AS -- AS YOU

22   KNOW, WE PROPOSED SOMETHING MORE FORMAL THAN THAT, BUT I

23   UNDERSTAND THE COURT'S PREFERENCE ON THIS.

24      I THINK, YOU KNOW, TO THE EXTENT IN RESPONSE TO YOUR

25   HONOR'S QUESTION, THE EXPERT FOR ONE SIDE OR THE OTHER COMES
```

1    UP WITH SOMETHING NEW OR SOMETHING THAT COULD BENEFIT FROM

2    COMMENT OR RESPONSE BY THE OTHER SIDE'S EXPERT, YOU KNOW, I

3    WOULD HOPE THERE WOULD AN OPPORTUNITY FOR THAT WHEREVER YOUR

4    HONOR THINKS THAT'S APPROPRIATE.

5         **THE COURT:**  WELL, I MEAN, WE COULD DO PING-PONG LIKE

6    I DO AT CLAIM CONSTRUCTION WHERE I JUST HAVE, OKAY, WELL,

7    WHAT'S YOUR THEORY ON THIS, WHAT'S WRONG WITH THAT, AND JUST

8    KIND OF PING-PONG BACK AND FORTH AND HAVE, YOU KNOW, PEOPLE

9    POINT OUT THE WEAKNESSES AND STRENGTHS OF THEIR ARGUMENT

10   VERSUS THE OTHER SIDE'S ARGUMENT.  THAT'S -- THAT'S FINE.

11        **MR. MITTELSTAEDT:**  OKAY.

12        **THE COURT:**  OKAY?  SO THAT'S WHAT I'D LIKE TO DO.

13     PLEASE HAVE ANY EXPERT WHO SUBMITTED REPORTS ON WHICH YOUR

14   MOTION OR YOUR OPPOSITION OR YOUR REPLY RELIES PRESENT AND

15   AVAILABLE TO ANSWER QUESTIONS.  BUT I'M NOT GOING TO HAVE THEM

16   SWORN IN.  WE WON'T HAVE A FORMAL PROCESS OF DIRECT, CROSS,

17   REDIRECT, RECROSS, ET CETERA.

18        **MR. SAVERI:**  I -- THAT -- THAT MAKES SENSE.  THE ONLY

19   THING THAT DOES GIVE ME A LITTLE BIT OF PAUSE IS WHAT I JUST

20   HEARD ABOUT MAYBE THE EXPERTS COMING UP WITH SOMETHING NEW.

21        **THE COURT:**  RIGHT.  NO ONE SHOULD COME UP WITH

22   ANYTHING NEW.

23        **MR. SAVERI:**  WE'VE SPENT A LOT OF TIME VENTILATING

24   THESE ISSUES, AND I THINK WE THINK THE RECORD SHOULD BE DONE

25   AND THERE'S BASICALLY -- THAT HEARING'S ABOUT ANSWERING

1    QUESTIONS AS OPPOSED TO PUTTING NEW EVIDENCE OR IDEAS INTO THE

2    RECORD.

3            **MR. MITTELSTAEDT:**  WELL, WHAT I WAS TALKING ABOUT IS

4    ALMOST BY DEFINITION, IF YOUR HONOR HAS A QUESTION ABOUT

5    SOMETHING THAT'S NOT EXPLAINED IN THE RECORD, THE EXPLANATION,

6    BY DEFINITION, WON'T BE IN THE RECORD.

7        SO NOT TO PUT TOO FINE A POINT ON WHAT'S NEW AND WHAT'S

8    NOT, I WAS JUST SAYING THAT I THINK IT CAN BE USEFUL AT THE

9    APPROPRIATE TIME FOR ONE EXPERT TO COMMENT ON THE OTHER.  THEY

10   WILL BE TALKING IN ECONOMIC TERMS, AND I THINK IT -- IT MIGHT

11   BE USEFUL ON OCCASION FOR ONE EXPERT TO RESPOND TO THE OTHER.

12           **THE COURT:**  WELL, IT MAY NOT EVEN BE NECESSARY FOR

13   THE EXPERTS TO EVEN SPEAK.  IT MAY JUST BE AN ATTORNEY

14   CONSULTING WITH THE EXPERT IS SUFFICIENT, JUST AS IF THEY WERE

15   PERHAPS CONSULTING WITH SOMEONE ELSE ON THE TEAM WHO MAY HAVE

16   HAD MORE FAMILIARITY WITH THAT PARTICULAR ISSUE.

17       IT DOESN'T EVEN HAVE TO COME OUT OF THE EXPERT'S MOUTH.

18           **MR. MITTELSTAEDT:**  UNDERSTOOD, YOUR HONOR.

19           **THE COURT:**  OKAY?  SO -- ALL RIGHT.  SO THAT'S THE

20   WAY WE'RE GOING TO PROCEED WITH OUR CLASS CERT HEARING, WHICH

21   IS AUGUST 8TH.

22       NOW, IS THERE ANYTHING ELSE THAT WE NEED TO COVER TODAY?

23   I THINK THAT WAS ALL THAT WAS ON MY LIST.

24           **MR. MITTELSTAEDT:**  I THINK THAT COVERS IT, YOUR

25   HONOR.

1           **THE COURT:**  THIS COVERS IT?

2           **MS. DERMODY:**  THAT'S IT FOR US.

3           **THE COURT:**  OKAY.  NOW, I WILL SEE YOU ON AUGUST 8TH.

4       I DON'T -- AS MUCH AS I LOVE TO SEE YOU ALL, I DON'T THINK

5    WE NEED TO COME BACK AGAIN, BUT YOU CAN CORRECT ME IF YOU

6    THINK THERE'S SOMETHING THAT'S PENDING THAT IT WOULD HELP TO

7    SMOOTH THE CASE GOING FORWARD IF YOU HAD A DECISION ON.

8       IS THERE ANYTHING?

9           **MS. DERMODY:**  WE'RE PRETTY SMOOTH, YOUR HONOR.

10          **THE COURT:**  OKAY.  ALL RIGHT.  THEN THE NEXT CMC IS

11   GOING TO BE AUGUST 8TH.  IT WILL BE RIGHT AFTER THE CLASS CERT

12   HEARING.  LET ME ALSO SET, PLEASE, A DEADLINE FOR YOU TO FILE

13   A SETTLEMENT STATUS REPORT THAT'S AFTER YOUR MEDIATION

14   DEADLINE TO --

15          **MR. MITTELSTAEDT:**  THE --

16          **THE COURT:**  -- TELL ME EITHER IT DIDN'T SETTLE BUT

17   YOU'RE STILL HAVING DISCUSSIONS AND YOU'RE MEETING AGAIN, OR

18   WHATEVER THE -- THE OUTCOME IS WITHOUT TELLING ME THE

19   SUBSTANCE.

20          **MR. MITTELSTAEDT:**  WE HAVE THAT -- THAT --

21          **THE COURT:**  YOU ALREADY --

22          **MR. MITTELSTAEDT:**  -- JULY 19TH.

23          **THE COURT:**  OH, I THOUGHT THAT WAS THE --

24          **MS. DERMODY:**  THAT'S --

25          **THE COURT:**  -- ADR DEADLINE --

 1              MR. SAVERI:  I THINK THAT'S THE DATE BY WHICH --

 2   WE -- AT LEAST I UNDERSTOOD THAT TO BE THE DATE BY WHICH WE

 3   SHOULD COMMENCE THE MEDIATION --

 4              MR. MITTELSTAEDT:  NO.  NO.  I UNDERSTOOD --

 5          THE COURT:  -- CONCLUDE.

 6              MR. MITTELSTAEDT:  NO.  YEAH.  JULY 19TH IS THE DATE

 7   TO CONCLUDE IT AND TO FILE A SETTLEMENT STATUS REPORT.  SO --

 8              MR. SAVERI:  YEAH.  OKAY.

 9          THE COURT:  OH.  YOU KNOW WHAT?  WHY DON'T WE GIVE

10   YOU A WEEK'S EXTENSION, THEN, ON THE STATUS REPORT.  JUST IN

11   CASE YOU END UP MEETING VERY CLOSE TO THE 19TH.

12              MR. MITTELSTAEDT:  GOOD.

13          MS. DERMODY:  THAT'S GREAT, YOUR HONOR.  THANK YOU.

14          THE COURT:  OR, ACTUALLY, COULD WE MOVE UP THE

15   DEADLINE AND HAVE YOU -- I'M JUST THINKING BECAUSE THERE'S A

16   LOT OF PREPARATION THAT'S GOING TO GO INTO AUGUST 8TH, SO --

17              MR. MITTELSTAEDT:  YES.

18          THE COURT:  -- THE SOONER I KNOW THAT WE EITHER DO OR

19   DO NOT HAVE TO DO THAT, THE BETTER FOR US.

20              MR. SAVERI:  YOUR HONOR, I -- EXCUSE ME.  I -- MY

21   SENSE OF THE DATES IS THAT THAT JULY 19TH DATE MIGHT BE VERY

22   CLOSE OR IN THE MIDDLE OF SOME OF THE DATES FOR MEDIATION THAT

23   WE'RE -- WE'RE TALKING ABOUT, SO I THINK AN EXTENSION WOULD

24   MAKE SOME SENSE TO GIVE US AN OPPORTUNITY TO DO THE MEDIATION.

25              MR. MITTELSTAEDT:  WELL, BUT NOT FROM THE COURT'S

```
 1    PERSPECTIVE.

 2        SO, YOUR HONOR, HOW ABOUT IF WE JUST LEAVE THAT -- THAT

 3    DEADLINE FOR SUBMITTING THE STATUS REPORT?

 4            THE COURT:  OKAY.

 5            MR. MITTELSTAEDT:  JULY 19TH, WE'LL REPORT.  AND, YOU

 6    KNOW, IF THERE'S SOMETHING TO REPORT THREE DAYS LATER, WE'LL

 7    REPORT THAT AS WELL.

 8            MS. DERMODY:  IT MAY MAKE SENSE, GIVEN JUST THE

 9    AVAILABILITY OF MEDIATORS THAT PARTICULAR WEEK, JUST TO DO IT

10    ON THE 22ND IN THE MORNING IN CASE WE'RE ACTUALLY MEETING ON

11    THE 19TH.  THAT'S THE ONLY RESERVATION --

12            MR. MITTELSTAEDT:  I THINK HE HAS DATES IN JUNE,

13    THOUGH.

14            MS. DERMODY:  THERE'S ANOTHER GUY WE'RE TALKING TO --

15            MR. MITTELSTAEDT:  OH.

16            MS. DERMODY:  -- SO THERE'S A WHOLE -- YEAH.

17            THE COURT:  OKAY.  I GUESS -- ALL RIGHT.  SO YOU WANT

18    TO FILE A JOINT STATUS REPORT ON THE 22ND OF JULY?

19            MS. DERMODY:  YES.  AND IT COULD -- YOU KNOW, EARLY

20    IN THE MORNING, YOUR HONOR, JUST WOULD ALLOW THE POSSIBILITY

21    THAT THE 19TH MIGHT BE A PRODUCTIVE DAY.

22            THE COURT:  OKAY.  THEN COULD WE SAY BY 9:00 A.M. OR

23    10:00 A.M.?  WHAT -- WHAT TIME DO YOU WANT?

24            MR. SAVERI:  I LIKE 10:00, ABOUT AN HOUR MORE THAN

25    9:00.
```

1          **THE COURT:**  OKAY.  SO 10:00 A.M. IS FINE.  AND THAT

2     WILL LET US KNOW THAT IF THAT'S NOT RESOLVED, THEN, YOU KNOW,

3     WE NEED TO GUN IT THE NEXT THREE WEEKS TO GET READY FOR THE

4     8TH.

5          **MR. SAVERI:**  YES, YOUR HONOR.

6          **MS. DERMODY:**  THANKS, YOUR HONOR.

7          **THE COURT:**  OKAY.  SO THAT STILL GIVES YOU ABOUT

8     THREE WEEKS BEFORE THE HEARING.  OKAY.

9        ALL RIGHT.  WHAT ELSE?  ANYTHING ELSE?

10          **MR. MITTELSTAEDT:**  I DON'T THINK SO, YOUR HONOR.

11          **THE COURT:**  NO?  OKAY.  THANK YOU ALL VERY MUCH.  I

12     REALLY APPRECIATE IT.

13          **MR. SAVERI:**  THANK YOU VERY MUCH.

14          **THE COURT:**  THANK YOU.  I'LL SEE YOU IN AUGUST.

15          (PROCEEDINGS WERE CONCLUDED AT 3:11 P.M.)

16                          --O0O--

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF REPORTER

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER. I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN, AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR

FRIDAY, MAY 31, 2013