GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
AMANDA R. CONLEY (Bar. No. 281270)
aconley@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION IN SUPPORT OF CLASS CERTIFICATION AND RELATED DOCUMENTS** |

I, Christina Brown, declare as follows:

1. I am a member of the Bar of the State of California and a counsel of the law firm of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Joint Administrative Motion to File Under Seal Defendants' Opposition to Plaintiffs' Supplemental Motion In Support of Class Certification and Related Documents. I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Apple seeks to seal only limited portions of the following documents: (i) Defendants' Opposition to Supplemental Class Certification Motion; (ii) the Supplemental Expert Report of Professor Kevin M. Murphy; (iii) the Expert Report of Kathryn Shaw, Ph.D.; (iv) certain exhibits to the Declaration of Christina Brown in Support of Defendants' Opposition to Supplemental Class Certification Motion; and (v) certain exhibits to the Declaration of Lin Kahn in support of the Expert Report of Kathryn Shaw, Ph.D. I have reviewed these documents, and I believe there is good cause to maintain under seal the portions set forth below. As described below, they contain, rely upon, and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3. The following portions of Defendants' Opposition to Supplemental Class Certification Motion disclose Apple's highly confidential and competitively sensitive practices and strategies regarding employee compensation and promotion:

- The chart on page 10 reflects Apple's confidential practices regarding employee compensation; and
- The chart on page 12 reflects Apple's relative employee compensation and reflects Apple's highly confidential employee compensation data.

4. The following portions of the Supplemental Expert Report of Professor Kevin M. Murphy disclose Apple's highly confidential and competitively sensitive employee compensation data:

- Exhibit 01b discloses Apple's employee compensation and reflects Apple's highly

confidential employee compensation data;

- Exhibit 02b discloses Apple's job titles and related highly confidential employee compensation data;
- Exhibits 03 and 05 disclose Apple's total average employee compensation and reflect Apple's highly confidential employee compensation data;
- Exhibits 04 and 06 disclose Apple's average employee compensation and reflect Apple's highly confidential employee compensation data;
- Exhibits 07 and 08 disclose Apple's relative employee compensation and reflect Apple's highly confidential employee compensation data;
- Appendix A, page 1, discloses Apple's job levels, as well as information about several individual Apple employees;
- Appendix A, Exhibits 1 and 2, reflects Apple's confidential, individual-level employee compensation and job levels; and
- Appendix B reflects Apple's average employee compensation by job level and describes Apple job levels.

5.  The following portions of the Expert Report of Kathryn Shaw, Ph.D disclose Apple's highly confidential and competitively sensitive employee compensation and recruiting strategies and data:

- Paragraph 56, including footnotes 25 and 26, reflects Apple's highly confidential strategies and practices with respect to employee compensation and promotion;
- Appendix C, Paragraph 4, describes Apple's highly confidential practices with respect to setting employee compensation; and
- Appendix E1 identifies Apple's confidential employee job levels.

6.  The following exhibits to the Declaration of Lin Kahn in support of the Expert Report of Kathryn Shaw, Ph.D. disclose Apple's highly confidential and competitively sensitive employee hiring and compensation strategies and data:

- Exhibit 2 (deposition excerpts of Steven Burmeister), pages 46-48, 53-54, 57-58, 64, 104, 137-138, and 164-166, describes Apple's strategies and practices for determining

and adjusting employee compensation, and reflects specific employee job levels and employee compensation data;

- Exhibit 13 (deposition excerpts of Bob Mansfield), page 36, describes Apple's strategies and practices for determining and adjusting employee compensation;

- Exhibit 14 (deposition excerpts of Brian Croll), page 191, reflects Apple's strategies and practices for determining and adjusting employee compensation;

- Exhibit 23 (deposition excerpts of David Alvarez), pages 208-210, reflects Apple's strategies with respect to a potential Apple employee and quotes from a document (231APPLE039426) that the Court previously ordered sealed in its Order Granting in Part and Denying in Part Motions to Seal ("Sealing Order") (Dkt. 273); and

- Exhibit 28 (Deposition Exhibit 1861, 231APPLE105537), describes Apple's strategies and practices for determining and adjusting employee compensation, and reflects specific employee job levels and employee compensation data.

7. As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies. Public disclosure of this information would deprive Apple of its investment in developing these strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees. Apple would therefore be prejudiced if this information were made available to the general public.

8. Because these portions of the documents cannot be publicly disclosed without causing serious harm, as described above, Apple requests that they be maintained under seal and redacted from the publicly-filed versions of the documents.

I declare under penalty of perjury under the laws of the United States that the above is true

1  and correct.

2  Executed on June 21, 2013, in San Francisco, California.

4  By: */s/ Christina J. Brown*
          Christina Brown

- 5 -

BROWN DECLARATION ISO SEALING PORTIONS
OF PLAINTIFFS' SUPP. CLASS CERT. MOTION
NO. 11-CV-2509-LHK