UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

---------------------------

IN RE: HIGH-TECH EMPLOYEE )
ANTITRUST LITIGATION ) No. 11-CV-2509-LHK

---------------------------

HIGHLY CONFIDENTIAL

VIDEOTAPED DEPOSITION OF EDWARD LEAMER

San Francisco, California

Friday, October 26, 2012

Volume I

Reported by:
ASHLEY SOEVYN
CSR No. 12019
Job No. 1545691

PAGES 1 - 476

did you apply a standard which was that it had to be proof common that actually shows that the agreements reduced the compensation? 08:18:24 08:18:27 08:18:30

A. It's interesting that you raise this question, because I think I've actually demonstrated I've met the higher standard of showing that the non-compete agreements reduced compensation. 08:18:31 08:18:33 08:18:37 08:18:40

Q. And what is the basis for your statement that you've met the higher standard? 08:18:44 08:18:46

A. Well, there are three legs of the evidential stool, if you want to put it that way. 08:18:48 08:18:52

First, is the documentary growth evidence, and, secondly, is the conceptual framework standard economic theory, and the third is the data that I've explored. 08:18:55 08:18:58 08:19:01 08:19:04

Q. Now, your analysis has two steps, I take it from paragraph 10. First, whether "there is proof common to each proposed class showing the reduction of competition -- compensation"? 08:19:08 08:19:12 08:19:15 08:19:19

A. That's correct. 08:19:20

Q. And then the second, "Is there a reliable Class-wide or formulaic method capable of quantifying the amount of suppressed compensation suffered by each class member." That should probably be "each class member"? 08:19:20 08:19:23 08:19:27 08:19:30 08:19:34

MR. GLACKIN: Objection, vague, mischaracterizes. 08:19:35 08:19:37

BY MR. PICKETT: 08:19:38

Q. That's the second part of the analysis? 08:19:38

A. I also don't accept their word of member, that phrase should not be added. I was asked to do it to answer the question as it's phrased here. 08:19:42 08:19:45 08:19:50

Q. Let's do this -- (Cross-talking.) 08:19:53

A. With this question, if that's the -- if that's what you're asking me, was I provided this question, the answer is yes. 08:19:55 08:19:58 08:20:01

Q. So let's go back. It's a two-part analysis as reflected in 10a and 10b of your report, correct? 08:20:02 08:20:05 08:20:09

A. That's correct. 08:20:09

Q. And as to whether you were looking at quantifying the amount of suppressed compensation suffered by a particular group, you're saying you only looked at whether each class -- you could quantify the amount of suppressed compensation suffered by each class, not each class member? 08:20:10 08:20:14 08:20:16 08:20:20 08:20:24 08:20:27

A. That's correct. 08:20:31

Q. So you haven't looked at whether there is a class-wide method capable of quantifying the amount of suppressed compensation suffered by each class 08:20:32 08:20:34 08:20:38

member? 08:20:41

MR. GLACKIN: Objection, vague. 08:20:41

THE WITNESS: That was not my task. 08:20:44

BY MR. PICKETT: 08:20:47

Q. So that would be, "Yes, I have not looked at that"? 08:20:47 08:20:50

A. That's correct. 08:20:51

Q. And when you looked at the method capable of quantifying the amount of suppressed compensation suffered by each class, is that reduction an aggregate number for each class? 08:20:56 08:21:02 08:21:05 08:21:14

A. Well, I provided numbers defendant by defendant. 08:21:20 08:21:25

Q. Right. Year by year a percentage -- (Cross-talking.) 08:21:25 08:21:27

A. Year by year -- (Cross-talking.) 08:21:27

Q. And that was year by year then, an aggregate number for the whole class? 08:21:29 08:21:31

A. Defendant by defendant. 08:21:35

Q. And you haven't examined whether individual class members, defendant by defendant, year by year, were impacted equally? 08:21:40 08:21:45 08:21:50

A. Well, in answering that question, I have done a little bit of work on the -- on distinguishing members of the class, if you look at 08:21:54 08:21:55 08:22:01

my regression equation, there is an interaction between the conduct period and the age. And age is an individual specific variable, so the regression is capable of saying something about individuals, but that was not my task. I was using that age variable as a way of controlling for the age compositional difference between the firms. I was provided a -- I understood my task was to provide damages firm by firm, year by year. 08:22:04 08:22:07 08:22:10 08:22:13 08:22:17 08:22:21 08:22:23 08:22:27 08:22:29

Q. Right. And the damages that you provided, say, in a given year, 1.6 percent under compensation for a particular defendant in a particular year, that's just an average under compensation for all of the affected class members within that year and within that defendant? 08:22:33 08:22:35 08:22:39 08:22:43 08:22:46 08:22:49

A. That's correct. 08:22:52

Q. Going back to paragraph 10, the two steps -- 08:23:03 08:23:05

(Donald Falk, Esq., enters conference room.) 08:23:06

BY MR. PICKETT: 08:23:09

Q. -- are both steps necessary to your opinion of common proof? 08:23:09 08:23:12

MR. GLACKIN: Objection, vague. 08:23:14

THE WITNESS: Well, there is a reference to common proof in part a, and part b does not refer to 08:23:17 08:23:19

STATE OF CALIFORNIA ) ss:
COUNTY OF MARIN )

I, ASHLEY SOEVYN, CSR No. 12019, do hereby certify:

That the foregoing deposition testimony was taken before me at the time and place therein set forth and at which time the witness was administered the oath;

That the testimony of the witness and all objections made by counsel at the time of the examination were recorded stenographically by me, and were thereafter transcribed under my direction and supervision, and that the foregoing pages contain a full, true and accurate record of all proceedings and testimony to the best of my skill and ability.

I further certify that I am neither counsel for any party to said action, nor am I related to any party to said action, nor am I in any way interested in the outcome thereof.

IN THE WITNESS WHEREOF, I have transcribed my name this 29th day of October, 2012.

______________________________
ASHLEY SOEVYN, CSR No. 12019

**Edward Leamer Deposition Errata**

*In Re High-Tech Employee Antitrust Litigation*, United States District Court, Northern District of California, San Jose Division, Case No. 11-CV-2509-LHK.

Witness: Edward Leamer

Date of Deposition: October 26, 2012 at the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111

| pg | row | reads | should read | |
|---|---|---|---|---|
| 11 | 17 | columnists | economists | |
| 22 | 12 | growth evidence | evidence | |
| 27 | 6 | I regarded me much | I regarded to be much | |
| 28 | 12 | framework to | framework refers to | |
| 33 | 25 | movement has | movement that has | |
| 36 | 22 | of data set | of the data set | |
| 37 | 3 | to me | for me | |
| 37 | 10 | not | now | |
| 39 | 23 | compensation | under compensation | correction |
| 41 | 5 | conversation | compensation | |
| 41 | 24 | would you be | would be | |
| 43 | 19 | you got | you've got | |
| 43 | 19 | you | you've | |
| 43 | 25 | an education | education | |
| 44 | 22 | I supposed would put a | I suppose I would study a | |
| 50 | 14 | no | no, I have not examined the records of non-defendants | correction |
| 50 | 23 | haven't | have | |
| 50 | 24 | was | were | |
| 51 | 24 | suggests | suggest | |
| 53 | 4 | their | the | |
| 53 | 22 | that you | that | |
| 55 | 6 | different from | different for | |
| 56 | 2 | to have record | to have a record | |
| 56 | 21 | conversation | compensation | |
| 65 | 4 | supported | supportive | |
| 65 | 14 | supported | supportive | |
| 69 | 11 | idea | ideal | |
| 70 | 24 | sentence so | sentence | |
| 73 | 23 | this | these | |

| pg | row | reads | should read | |
|---|---|---|---|---|
| 74 | 10 | he | you | |
| 74 | 25 | that | the | |
| 75 | 4 | are | were | |
| 75 | 4 | is about | about | |
| 80 | 11 | agreements | data | correction |
| 82 | 12 | consummate | compensation | |
| 83 | 7 | No. | No. Not the data, but I did rely on the fact of benchmarking. | correction |
| 83 | 20 | damn | damage | |
| 85 | 2 | rated | raided | |
| 93 | 24 | on | delete "on" | correction |
| 97 | 20 | sheet | | unclear reference, inaudible |
| 101 | 8 | control | controls | |
| 101 | 24 | underline | underlie | |
| 102 | 13 | conversation | compensation | |
| 110 | 1 | Stiglet's | Stiglitz | |
| 110 | 3 | there's quotation | there's a quotation | |
| 111 | 19 | them | the | |
| 127 | 13 | competitor | competitive | |
| 131 | 5 | their | the | |
| 131 | 18 | about | is about | |
| 134 | 20 | unix | image | |
| 142 | 21 | But a catch it all and ask | But it catches it all and asks | |
| 142 | 22 | conversation | compensation | |
| 142 | 24 | to unusual | to be unusual | |
| 146 | 16 | conversation | compensation | |
| 148 | 1 | their | the | |
| 149 | 1 | and | of | |
| 160 | 7 | as a reel of | as they accumulate | |
| 162 | 3 | data | date | |
| 171 | 3 | in regression on | the regression is | |
| 174 | 3 | issues are added to | included | clarification |
| 174 | 24 | communicator | indicator | clarification |
| 175 | 17 | aggression | regression | |
| 183 | 21 | indicate | indicating | |
| 184 | 24 | that remember | that I remember | |
| 190 | 4,6 | college | colleagues | |
| 195 | 23 | graphs on kinds | graphs on all kinds | clarification |
| 196 | 7 | your | this | clarification |

| pg | row | reads | should read | |
|---|---|---|---|---|
| 197 | 19 | sufficiently "illuminated" information | efficiently | |
| 198 | 3 | reduces outcome set | "limited" | |
| 198 | 14 | that's talk | that talk | |
| 202 | 18 | employment | employer | |
| 203 | 5 | are | R | |
| 209 | 23 | or | of | |
| 212 | 4 | a enterprise | an enterprise | |
| 214 | 13 | the iceberg | the R squared | |
| 214 | 19 | rebuiliding | variability | |
| 216 | 11 | deep kind of variable | dependent variable | |
| 220 | 4 | consequence | consequentiality | |
| 221 | 14 | were | | no obvious correction, inaudible |
| 221 | 15 | carried | carrying | |
| 222 | 6 | conversation | compensation | |
| 222 | 18 | conversation | compensation | |
| 223 | 13 | A | age | |
| 228 | 6 | defender | dependent | |
| 233 | 11 | log ryhthmic | logarithmic | |
| 233 | 19 | personality | proportionality | |
| 233 | 22 | log ryhthmic | logarithmic | |
| 235 | 4 | the compensation 5 | the coefficients of | |
| 237 | 19 | their | some | |
| 238 | 9 | definitive | consequence | |
| 238 | 11 | and | of | |
| 240 | 16 | scattered | scatter | |
| 240 | 20 | scattered | scatter | |
| 240 | 23 | scattered | scatter | |
| 243 | 8 | Certainly have to state a code | You certainly have the STATA code | |
| 245 | 20 | its | the | |
| 249 | 13 | rest | regress | |
| 252 | 25 | senior | substantial | |
| 256 | 5 | across | that cross | |
| 257 | 19 | compute this to study. | prepare this display. | |
| 259 | 21 | interregression or | whether the | |
| 260 | 17 | or end | within | |
| 261 | 24, 25 | Despite | The Spike | |
| 264 | 17 | those | that | |


| pg | row | reads | should read |
|---|---|---|---|
| 266 | 23 | so material | immaterial |
| 272 | 7 | I got | I've got |
| 277 | 5 | on | of a |
| 289 | 4 | Where you | "Whereas" before "where you" |
| 289 | 6 | joint | any |
| 290 | 24 | large | log |
| 292 | Line 8 | is | in the |
| 296 | 15-17 | the increase in the equality | the"-- an" in "the" equality |
| 297 | 3 | or | like |
| 298 | 15 | terms | titles |
| 302 | 1 | to defend the | of the dependent |
| 302 | 2 | to defend the | of the dependent |
| 303 | 7 | my economist | of economists |
| 311 | 9 | us | it |
| 311 | 15 | diversion of the mean | reversion to the mean |
| 315 | 10 | a tax | attacks |
| 316 | 21 | would, it's | really, was |
| 316 | 22 | careful | carefully |
| 318 | 17 | perceives | pursues |
| 319 | 11 | use in models | use models |
| 320 | 10 | just | this |
| 321 | 10 | that | the |
| 322 | 17 | a defending variable | the dependent variable |
| 324 | 18 | as a | not as a |
| 325 | 9 | symptomatic restraint nothing in the air, would | symptomatic |
| 329 | 3 | rather | nonlinearity, ought to |
| 329 | 5 | progression of | regression on |
| 329 | 14 | corroboration | collaboration |
| 334 | 23 | I got | I've got |
| 337 | 6 | absolute | absolutely |
| 337 | 8 | estimate | estimated |
| 338 | 12 | contact | conduct |
| 339 | 5 | intervening | illuminating |
| 340 | 15 | availability | variability |
| 340 | 22 | websites | activity |
| 341 | 1 | and these | by these |
| 342 | 8 | equation | in the equation |
| 342 | 11 | across | And caught |
| 344 | 3 | have | had |

| pg | row | reads | should read |
|---|---|---|---|
| 345 | 14 | factual | Black-Scholes |
| 346 | 14 | textural | textual |
| 346 | 22 | times | time |
| 358 | 5 | a | the |
| 358 | 6 | is | this |
| 362 | 7 | you got | you've got |
| 364 | 5 | originating | variation |
| 364 | 7 | the heading they used | variation |
| 364 | 23 | inaccuracy | in accuracy |
| 366 | 8 | sensitive | sensitivity |
| 366 | 10 | imploring | reporting |
| 366 | 11 | the risk of | there was |
| 367 | 13 | operations | observations |
| 367 | 23 | firm | firms |
| 368 | 4 | desperate | disparate |
| 372 | 15 | getting | putting |
| 373 | 16 | shot | plot |
| 374 | 15 | experience | experiments |
| 376 | 20 | pend | depend |
| 379 | 25 | other | are the |
| 380 | 19 | liquidation | manipulation |
| 380 | 20 | doing damage | doing "a" damage |
| 380 | 25 | Okay | Delete word |
| 383 | 20 | you got | you've got |
| 384 | 10 | researched | estimated |
| 385 | 13 | phase | base |
| 387 | 15 | a few | two |
| 392 | 20 | estimate | estimates |
| 392 | 22 | there's a | the |
| 392 | 2 | of | deviation |
| 394 | 5 | intercell | intercept |
| 394 | 19 | statistic | statistically |
| 394 | 21 | you got | you've got |
| 398 | 14 | competition | composition |
| 401 | 22 | a cold | a lot of cold |
| 406 | 18 | I done | I've done |
| 410 | 14 | Increase in | An infrequent |
| 410 | 15 | Change | thing |
| 411 | 14 | conflict | construct |
| 416 | 10 | suppose | suppose be |

| pg | row | reads | should read | |
|---|---|---|---|---|
| 416 | 13 | broader that | value that | |
| 417 | line 5 | our lawyer | Al Roth | |
| 417 | line 6 | that | one | |
| 420 | 6 | included the fact | include the possibility | clarification |
| 421 | 2 | competition | composition | |
| 422 | 14 | competition | compensation | |
| 424 | 10 | reduced | reached | |
| 425 | 6 | a search for a | a symptom of the | |
| 426 | 3 | of the world | world | |
| 431 | 7 | where | when | |
| 434 | 10 | and also | can also | |
| 436 | 7 | affect | effect | |
| 444 | 10 | employees | employers | |
| 447 | 9 | punched | pinched | |
| 450 | 13 | not | delete "not" | |
| 451 | 11 | It's set | it sets | |
| 451 | 11 | in | delete "in" | |
| 462 | 5 | Is that | That is | |
| 464 | 5 | fraud | flawed | |

Subject to the changes above, I certify that the transcript is true and correct.

Edward Leamer

Dec 14, 2012
(date)