# Exhibit 21

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


IN RE:  HIGH-TECH EMPLOYEE        )

ANTITRUST LITIGATION              )

                                  )   No. 11-CV-2509-LHK

THIS DOCUMENT RELATES TO:         )

ALL ACTIONS.                      )

—————————————————————


VIDEO DEPOSITION OF LYNWEN BRENNAN

HIGHLY CONFIDENTIAL

March 19, 2013


Reported by:  Anne Torreano, CSR No. 10520





2224 THIRD AVENUE, SAN DIEGO, CALIFORNIA 92101

| 800.939.0080 | 619.239.0206 | kramm.com |
| telephone | facsimile | web |

DISC
ENCLOSED

DISC CONTAINS:
.txt/ASCII of Transcript  »  PDF of Transcript  »  PDF of Exhibits  »  Condensed Transcript with Word Index

1        A.    If his -- Michelle is indicating here that she

2    already thinks that he was outperforming where he was

3    at, because she'd already discussed with him that she

4    would review his pay rate at a later time.

03:21:16  5            So what I'm asking is, in that review, does

6    she think that he's at the right level or not?

7    Regardless of IMD or anything else, does she think he's

8    at the right level for his level of performance?

9            And if he was, and therefore he wasn't

03:21:35 10    performing higher than his level, we would have -- I

11    would have said, then, his salary is at the right

12    place.

13        Q.    Is that because in some sense it was Lucas's

14    policies to treat similar employees similarly from the

03:22:10 15    standpoint of compensation?

16        A.    No, we have ranges and for different levels,

17    and people are all placed in those ranges depending on

18    their performance level, their experience level, et

19    cetera.

03:22:24 20            So each individual is treated differently

21    depending on how -- how they perform.

22        Q.    Is it in some sense Lucas's policy that

23    employees at the same level who perform similarly would

24    be compensated the same?

03:22:54 25            MR. PURCELL:  Object to the form.

Deposition of Lynwen Brennan                     In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
 1                    REPORTER'S CERTIFICATE
 2        I, Anne Torreano, Certified Shorthand Reporter
 3   licensed in the State of California, License No. 10520,
 4   hereby certify that the deponent was by me first duly
 5   sworn, and the foregoing testimony was reported by me
 6   and was thereafter transcribed with computer-aided
 7   transcription; that the foregoing is a full, complete,
 8   and true record of said proceedings.
 9        I further certify that I am not of counsel or
10   attorney for either or any of the parties in the
11   foregoing proceeding and caption named or in any way
12   interested in the outcome of the cause in said caption.
13        The dismantling, unsealing, or unbinding of
14   the original transcript will render the reporter's
15   certificates null and void.
16        In witness whereof, I have subscribed my name
17   this 29th day of March, 2013.
18
19        [X] Reading and Signing was requested.
20        [ ] Reading and Signing was waived.
21        [ ] Reading and Signing was not requested.
22
23
24   ANNE M. TORREANO, CSR NO. 10520
25
```



## INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please follow the directions below.
If additional lines are necessary, please use "+" button to add one and "-" if you need to remove a line.

This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make, insert the corrections on the errata sheet beside the page and line numbers.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet, above the designated "Signature" line.

## ERRATA SHEET

Witness: Lynwen Brennan        Date of Deposition: 03/19/2013

| Page | Line | | |
|------|------|--------|--------------------------------------------------------------|
| 29 | 7 | Change: | "There's a different [sensibility], I think" |
| 35 | 12 | Change: | "[LDAC]." |
| 47 | 24 | Change: | "There were other levels like the TAs, [and] I" |
| 76 | 5 | Change: | "It might. But generally, because [] the skill" |
| 92 | 18 | Change: | "lives [near the] ranch." |
| 96 | 20 | Change: | "should do [what] you want to do." |
| 100 | 7 | Change: | "our key [creatives], our production people are well known" |
| 100 | 9 | Change: | "[creatives], but I don't think we compensate our" |
| 141 | 21 | Change: | "job performance levels, [set by] the CBA, and that was" |
| 107 | 11 | Change: | "that we know that we've worked [with] before or that are" |
| 107 | 12 | Change: | "recommended by people that we've worked-- worked [with]" |
| | | Change: | |
| | | Change: | |
| | | Reason: | 29:7. Typo. |
| | | Reason: | 35:12. Typo. |
| | | Reason: | 47:24. Typo. |
| | | Reason: | 76:5. Typo. |
| | | Reason: | 92:18. Typo. |
| | | Reason: | 96:20. Typo. |
| | | Reason: | 100:7. Typo. |
| | | Reason: | 100:9. Typo. |
| | | Reason: | 141:21. Typo. |



## INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

| | |
|---|---|
| Reason: | 107:11. Typo. |
| Reason: | 107:12. Typo. |
| Reason: | |
| Reason: | |

[✓] Subject to the above changes, I certify that the transcript is true and correct.

[ ] No changes have been made.  I certify that the transcript is true and correct.

Signature: _____  Date: 4/25/13

KRAMM COURT REPORTING
2224 Third Avenue
San Diego, California 92101

Page 2 of 2

Phone: 619.239.0080
Toll-Free: 800.939.0080
Fax: 619.239.0206

# Exhibit 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

_____

IN RE: HIGH-TECH EMPLOYEE            )
ANTITRUST LITIGATION                 )
_____ ) Master Docket
                                     ) No. 11-CV-2509-LHK
THIS DOCUMENT RELATES TO:            )
                                     )
ALL ACTIONS                          )
_____

Videotape Deposition Upon Oral Examination

of

DANA BATALI


* * * CONFIDENTIAL - ATTORNEYS' EYES ONLY * * *

_____

Taken at 705 Second Avenue, Suite 1200

Seattle, Washington



DATE:  Tuesday, March 19, 2013

REPORTED BY:  Ronald L. Cook

CCR, RMR, CRR

| | | |
|---|---|---|
| 10:27:04 | 1 | going to receive as a raise and long-term incentives |
| 10:27:09 | 2 | takes place once a year; is that fair? |
| 10:27:11 | 3 | A.     Approximately once a year. |
| 10:27:12 | 4 | Q.     And approximately what time of year? |
| 10:27:15 | 5 | A.     It's been over the -- all over the map. |
| 10:27:18 | 6 | Starting to be more formal, I think, now, but -- I |
| 10:27:21 | 7 | don't think there's a single answer to that question. |
| 10:27:23 | 8 | Q.     Mm-hmm. |
| 10:27:25 | 9 | And can you tell me how that process |
| 10:27:27 | 10 | works from your end? |
| 10:27:29 | 11 | MS. HENN:  Object to form. |
| 10:27:37 | 12 | THE WITNESS:  I get a spreadsheet |
| 10:27:39 | 13 | indicating the range that the compensation committee |
| 10:27:44 | 14 | describes as the -- more or less the pool from which |
| 10:27:48 | 15 | raises are made and the LTIs derived, and I ascribe a |
| 10:27:57 | 16 | percentage to each of the members of my team according |
| 10:28:01 | 17 | to their performance of the previous year. |
| 10:28:07 | 18 | Q.     BY MS. SHAVER:  And who do you -- |
| 10:28:09 | 19 | Strike that. |
| 10:28:35 | 20 | When deciding how to allocate that pool |
| 10:28:38 | 21 | among your employees, are there any other factors you |
| 10:28:40 | 22 | consider besides performance? |
| 10:28:42 | 23 | MS. HENN:  Object to form. |
| 10:28:49 | 24 | THE WITNESS:  Yes. |
| 10:28:51 | 25 | Q.     BY MS. SHAVER:  What other factors do you |

| | | |
|---|---|---|
| 10:28:52 | 1 | consider? |
| 10:29:07 | 2 | A.    The sense that someone might either be |
| 10:29:10 | 3 | more or less valuable through -- I suppose that's |
| 10:29:16 | 4 | performance. |
| 10:29:29 | 5 | Hmm.  So could you restate the question |
| 10:29:31 | 6 | again? |
| 10:29:36 | 7 | Q.    The question was:  What other factors |
| 10:29:38 | 8 | besides performance do you consider when deciding how |
| 10:29:41 | 9 | to allocate the salary increase pool among your |
| 10:29:45 | 10 | employees? |
| 10:29:47 | 11 | A.    If a -- if during the year a conversation |
| 10:29:50 | 12 | has occurred to indicate that the employee might be |
| 10:29:54 | 13 | dissatisfied with their salary, that may enter the |
| 10:29:58 | 14 | formulation. |
| 10:30:12 | 15 | Q.    And you said that you received your |
| 10:30:15 | 16 | compensation spreadsheet and salary pool from a |
| 10:30:22 | 17 | compensation committee; is that right? |
| 10:30:25 | 18 | MS. HENN:  Object to form. |
| 10:30:25 | 19 | THE WITNESS:  An individual in HR. |
| 10:30:27 | 20 | Q.    BY MS. SHAVER:  Mm-hmm. |
| 10:30:28 | 21 | Would it typically be Stephanie Sheehy? |
| 10:30:31 | 22 | A.    Yes. |
| 10:30:31 | 23 | Q.    And would it be fair to say that in this |
| 10:30:35 | 24 | time period, 2005 through the present, your typical |
| 10:30:41 | 25 | salary pool was between ██████percent? |

```
10:30:48  1        A.      Yes.

10:30:50  2        Q.      Does that indicate that most of your

10:30:56  3   employees should receive around a █ percent raise?

10:31:00  4        A.      Actually, allow me to correct.  The pool

10:31:04  5   is larger than █ percent, typically, and there's a

10:31:09  6   target raise given to us as what -- it would be the

10:31:14  7   normal expectation of a cost-of-living type increase

10:31:20  8   if a person had performed well, and that's often

10:31:22  9   █ percent.

10:31:22 10        Q.      Mm-hmm.

10:31:53 11                I'd like to mark this Plaintiffs'

10:31:55 12   Exhibit 9 -- 1916.  This is a document Bates stamped

10:32:07 13   PIX00009292.

10:32:14 14                (Deposition Exhibit 1916 was marked

10:32:14 15                 for identification.)

10:32:15 16        Q.      BY MS. SHAVER:  Mr. Batali, do you

10:32:50 17   recognize this document?

10:33:02 18        A.      It looks like the documents I would get

10:33:04 19   from Stephanie for spreadsheet thinking.

10:33:17 20        Q.      Okay.

10:33:17 21                And do you see that this is an e-mail

10:33:19 22   sent from Stephanie Sheehy on December 17th, 2010, to

10:33:26 23   you, among a list of people?

10:33:27 24        A.      Yes.

10:33:30 25        Q.      And under the heading "Salary Increases,"
```

| 10:33:32 | 1 | she writes, "For 2011, your salary pool will consist |
| 10:33:37 | 2 | of ███ of your employees' current salaries.  We are |
| 10:33:42 | 3 | targeting a ███ salary increase for all solid and well |
| 10:33:46 | 4 | performing employees, with the additional ███ to be |
| 10:33:49 | 5 | used for adjustments or to reward outstanding |
| 10:33:51 | 6 | performers." |
| 10:33:52 | 7 | Do you see that? |
| 10:33:53 | 8 | A.    Yes. |
| 10:33:53 | 9 | Q.    Okay. |
| 10:33:57 | 10 | So is it your understanding that based on |
| 10:34:01 | 11 | this e-mail, you were supposed to give all solid and |
| 10:34:06 | 12 | well-performing employees a ██ percent salary increase |
| 10:34:10 | 13 | but that you had the discretion to give more to folks |
| 10:34:15 | 14 | if you wanted to? |
| 10:34:16 | 15 | MS. HENN:  Object to form. |
| 10:34:20 | 16 | THE WITNESS:  I certainly felt I had the |
| 10:34:22 | 17 | discretion, and -- and practiced that discretion |
| 10:34:28 | 18 | regularly. |
| 10:34:30 | 19 | Q.    BY MS. SHAVER:  Mm-hmm. |
| 10:34:32 | 20 | Do you recall if in 2011 you awarded any |
| 10:34:38 | 21 | of your employees more than ████ percent raise? |
| 10:34:41 | 22 | A.    It was common to do that. |
| 10:34:43 | 23 | Q.    It was common for you to do that? |
| 10:34:45 | 24 | A.    Mm-hmm. |
| 10:34:47 | 25 | To be clear about this, the pool is |

10:34:48  1    �█�
 percent.  The range one would see without causing

10:34:53  2    much confusion would be �████ percent.

10:34:58  3        Q.    I see.  That's helpful.

10:35:00  4          So you could award your reports something

10:35:06  5    besides ████████ percent, it was just that

10:35:09  6    the overall pool should target to that amount; is that

10:35:11  7    right?

10:35:12  8        A.    My understanding is you take the total

10:35:13  9    salary count and you multiply it by ███ percent,

10:35:18 10    that's a pool, and then you divide that up in the

10:35:20 11    range of ████ percent per person.

10:35:22 12        Q.    Thank you.

10:35:23 13          And was that your practice for the entire

10:35:25 14    time period from 2005 through the present?

10:35:28 15        MS. HENN:  Object to form.

10:35:29 16        THE WITNESS:  No.

10:35:31 17        Q.    BY MS. SHAVER:  When --

10:35:32 18        A.    The spreadsheets didn't exist until

10:35:35 19    Stephanie Sheehy started forwarding them my way, I

10:35:38 20    believe.  That's my recollection.

10:35:40 21        Q.    Approximately what year do you believe

10:35:41 22    that started?

10:35:42 23        A.    I have truly no idea.  Certainly four or

10:35:49 24    five.

10:35:49 25        Q.    I'm sorry?

C E R T I F I C A T E

STATE OF WASHINGTON   )
                      ) ss.
COUNTY OF KING        )


          I, the undersigned Washington Certified
Court Reporter, pursuant to RCW 5.28.010, authorized
to administer oaths and affirmations in and for the
State of Washington, do hereby certify:
          That the foregoing deposition of the witness
named herein was taken stenographically before me and
reduced to a typed format under my direction;
          That, according to CR 30(e), the witness was
given the opportunity to examine, read and sign the
deposition after same was transcribed, unless
indicated in the record that the review was waived;
          That all objections made at the time of said
examination have been noted by me;
          That I am not a relative or employee of any
attorney or counsel or participant and that I am not
financially or otherwise interested in the action or
the outcome herein;
          That the witness coming before me was duly
sworn or did affirm to tell the truth;
          That the deposition as transcribed is a full,
true and correct transcript of the testimony,
including questions and answers and all objections,
motions and exceptions of counsel made at the time of
the foregoing examination;
          That as a matter of firm policy, the
stenographic notes of this transcript will be
destroyed three years from the date appearing on this
transcript, unless notice is received otherwise from
any party or counsel hereto on or before said date.


                    _____
                    RONALD L. COOK, CCR, RMR, CRR
                    State of Washington CCR #2523

# Exhibit 23

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5   IN RE:  HIGH-TECH EMPLOYEE      )

6   ANTITRUST LITIGATION            )

7                                   )  No. 11-CV-2509-LHK

8   THIS DOCUMENT RELATES TO:       )

9   ALL ACTIONS.                    )

10  _____

11

12       VIDEO DEPOSITION OF ALVARO GONZALO ALVAREZ

13                 HIGHLY CONFIDENTIAL

14                   March 5, 2013

15

16       Reported by:  Anne Torreano, CSR No. 10520

17

18

19

20

21

22

23

24

25

```
       1    my recruiter Felicia Albright and one of the hiring

       2    managers, Rob York, and myself.

       3        Q.    Did you receive all these e-mails?

       4        A.    Yes.

04:54:32  5        Q.    I just want to direct your attention to the

       6    e-mail toward the bottom of page 2, where it says, "On

       7    December 17th, 2010 at 12:37, Rob York wrote."

       8        A.    Mm-hmm, yes, I see it.

       9        Q.    He says, "███████████████████████████████

04:55:11 10    ████████████████████████████████████."

       11        So in setting salaries that would be

       12    components of offers for candidates Apple was

       13    interested in hiring, was what a candidate's peer group

       14    was receiving an important consideration?

04:55:47 15        A.    That's what we call internal equity.

       16        Q.    So as you understand internal equity, was

       17    Mr. York's comment consistent with that principle?

       18            MR. TUBACH:  Lacks foundation.

       19            THE WITNESS:  Can you repeat the question.

04:56:08 20    BY MR. DALLAL:

       21        Q.    Well, if you just look at what Mr. York says,

       22    which is, "████████████████████████████████████

       23    ███████████████████████," is that a statement that

       24    you regard as being consistent with the principle of

04:56:19 25    internal equity?
```

1       A.   Being consistent?   No.

2       Q.   Why not?

3       A.   I think it's a one-off remark from Rob York,

4    saying he's just looking at -- saying we should

04:56:31   5    reconsider our offer recommendations based on internal

6    equity.

7       Q.   So is it fair to say that it's not

8    inconsistent with the principle of internal equity?

9       A.   Can you rephrase the question?

04:56:45   10      Q.   Do you regard Mr. York's statement as somehow

11   inconsistent with the principle of internal equity?

12      A.   Yes.

13      Q.   How so?

14      A.   Not all -- some of our offer -- most of our

04:57:09   15   recommendations that come from recruiting are compared

16   internal equity.   We always compare that.   It's the

17   first thing we do.   And we compare other areas as

18   well.   ████████████████████████████████████████

19   ████████████████████████████████████████████████

04:57:26   20   ████████████████████████████████████.

21           So that comment's typically not referred to us

22   on a consistent base or a common base.

23      Q.   I have to admit I don't really understand your

24   answer.

04:57:49   25      A.   We don't get that -- we don't receive those

1    kind of comments from a manager on a consistent base.

2        Q.    And that's fair.

3              I guess my question is, ███████████████

4    ████████████████████████████████████████████████

04:58:19   5    ██████████, is the desire not to pay a candidate a

6    salary higher than what his peer group is receiving

7    consistent with the idea of internal equity?

8              MR. TUBACH:   Vague and ambiguous.

9              THE WITNESS:   I'm not sure if I'm

04:58:46  10    understanding your -- your exact question.   Consistent

11    in terms of ...

12    BY MR. DALLAL:

13        Q.    Well, provided that ████████████████████

14    ████████████████████████████████████████████████

04:59:24  15    ████████████████████████████████████, does that

16    recommendation violate the idea of internal equity?

17        A.    No.

18        Q.    So that recommendation is broadly in line with

19    the principle of internal equity?

04:59:49  20              MR. TUBACH:   Vague and ambiguous, calls for

21    speculation.

22              THE WITNESS:   I would not say it's in line.

23    Every situation's very different.   Every manager has

24    different methods that they apply in terms of when they

04:59:59  25    bring on people to their groups.

Deposition of David Gonzalo Alvarez                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
  1                    REPORTER'S CERTIFICATE

  2          I, Anne Torreano, Certified Shorthand Reporter

  3   licensed in the State of California, License No. 10520,

  4   hereby certify that the deponent was by me first duly

  5   sworn, and the foregoing testimony was reported by me

  6   and was thereafter transcribed with computer-aided

  7   transcription; that the foregoing is a full, complete,

  8   and true record of said proceedings.

  9          I further certify that I am not of counsel or

 10   attorney for either or any of the parties in the

 11   foregoing proceeding and caption named or in any way

 12   interested in the outcome of the cause in said caption.

 13          The dismantling, unsealing, or unbinding of

 14   the original transcript will render the reporter's

 15   certificates null and void.

 16          In witness whereof, I have subscribed my name

 17   this 15th day of March, 2013.

 18

 19              [ ] Reading and Signing was requested.

 20              [ ] Reading and Signing was waived.

 21              [X] Reading and Signing was not requested.

 22

 23

 24              _____
                 ANNE M. TORREANO, CSR No. 10520

 25
```

In Re: High-Tech Employee Antitrust Litigation

United States District Court, Northern District of California – San Jose Division
Case No. 11-CV-2509-LHK

Deposition Errata Sheet

### Alvaro (David) Gonzalo Alvarez
### March 5, 2013

| Deposition Page # | Line # | Currently Reads | Change To Read As | Reason for Change |
|---|---|---|---|---|
| 53 | 11-12 | That's one, but mostly they're dealing with referrals. | That's one thing they do, but mostly they're dealing with referrals. | Clarify the record |
| 87 | 7-8 | I think Adobe had a relationship with Adobe [sic], I believe. | I think Apple had a relationship with Adobe, I believe. | Clarify the record |
| 104 | 20-22 | I know there was sensitivity around Adobe, but I don't recall anything about – regarding refraining, no. | I know there was sensitivity around Adobe, but I don't recall anything about refraining from reaching out, no. | Clarify the record |
| 125 | 19 | It's an email to me – to Kenta, | It's an email from me to Kenta, | Clarify the record |
| 131 | 21-22 | "And so we can talk to him" is in parentheses. | And "so we can talk to him" is in parentheses. | Transcription error, changed to accurately reflect exhibit text |
| 133 | 1 | candidate's no longer at Apple [sic] | candidate's no longer at Intel | Clarify the record |
| 171 | 5-7 | We were – we were – we were signed to go and target – I believe this is Austin, if I'm not mistaken, companies in the Austin area … | We were assigned to go and target – I believe this is Austin, if I'm not mistaken – companies in the Austin area … | Clarify the record |
| 199 | 8 | starts with 231APPLE041634 [sic] | starts with 231APPLE041683 | Clarify the record |

Dated:  April **30**, 2013

David Gonzalo Alvarez

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Name of case:          *In re: High-Tech Employee Antitrust Litigation*
                       Case No. 11-CV-2509-LHK  (N.D. Cal.)

Date of deposition:    March 5, 2013

Name of witness:       **Alvaro (David) Gonzalo Alvarez**


DECLARATION UNDER PENALTY OF PERJURY

I hereby certify that I read the foregoing deposition, and that the transcription together with any corrections noted on the Deposition Errata Sheet hereof, with the understanding that I offer these changes as if still under oath, is a true and accurate record of my testimony given at the time and place noted.

Signed on the __30__ day of April, 2013.

David Gonzalo Alvarez

CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Exhibit 24

[SUBMITTED UNDER SEAL]

# Exhibit 25

Name:   2006 Increase Budget Updated 12.8.05.ppt

Comments:   Document Produced Natively

Confidential - Attorneys' Eyes Only

1



**Performance Management**

# PAY FOR PERFORMANCE:

# 2007 Merit Budget Recommendations

## Executive Review

December 19, 2006

Lucas Confidential
December 19, 2006

**AGENDA**

**Performance Management**

**LUCASFILM**

➤ **Background**

  • Compensation Philosophy & Strategy

➤ **Market Study**

  • Salary Increase Budgets

  • Market Analysis of Competitive Cash Compensation

  • Review Of Past Practices

➤ **Recommendations**

  • FY07 Merit Budget Determination Methodology

  • Pay Increase Budget

  • Distribution Curve - Performance Rating and Merit Increase

Lucas Confidential
December 19, 2006



## Elements of Cash Compensation

For most employees at Lucasfilm, the elements of cash compensation will be base pay and annual bonus (short term incentive) payments.  These elements will be used in benchmarking our total cash compensation to relevant positions in the external market.

## Benchmarking

Lucasfilm will benchmark total cash compensation at the ▮ percentile for most positions, using compensation surveys that are relevant to the specific job or job family.  Positions that are defined as highly competitive and/or critical to achieving business objectives such as all studio positions are be benchmarked at the ▮ percentile, or in rare cases, higher.

## Base Salary Adjustments (Merit Increases)

Base salary adjustments will be done annually, linked to employee performance reviews.  The level of increases will be determined by analyzing both external market practices and company performance and then will be awarded based on individual performance.

Lucas Confidential
December 19, 2006



**Market Study**

Salary Increase Budgets

Performance Management

## Utilized Surveys

- Radford (Includes SW & Tech Industry in SF/Bay Area)
- Croner Entertainment and Educational Software (Gaming Industry)
- Dunlap (CG Positions in the Film Industry)
- Culpepper (Technical and Operations positions)

## Industry Specific Budgets

- Studios and Networks

## CPI

- San Francisco-Oakland-San Jose, CA – All items

Lucas Confidential
December 19, 2006



**Performance Management**

**Market Study**

Salary Increase Budgets

## Surveys

- Radford (AON):
- Croner:
- Dunlap*:
- Culpepper*:



\* Survey does not report a Promotion/Adjustment

Note: Survey data is local information for Bay Area/Northern California

5

Lucas Confidential
December 19, 2006



## Studio/Network (updates ongoing)

| Company | Merit | | Promotion | | Total | | Increase | |
|---|---|---|---|---|---|---|---|---|
| | Budget FY05 | Budget FY06 | FY05 | FY06 | FY05 | FY06 | Effctv Date | |
| Disney | 4.0% | 4.5% | 2.0% | 2.0% | 6.00% | 6.50% | 4/1 | |
| Pixar | 3.0% | 3.0% | 1.0% | 1.5% | 4.00% | 4.50% | 4/1 | |
| Sony | 4.0% | 4.0% | 0.0% | 1.0% | 4.00% | 5.00% | 7/1 | |
| Dreamworks | 3.75% | 4.0% | 1.0% | 1.0% | 4.75% | 5.00% | 4/1 | |
| Paramount | 4.0% | 3.5% | 0.0% | 1.0% | 4.00% | 4.50% | 7/1 | |
| Universal | 4.0% | 4.3% | 0.0% | 0.0% | 4.00% | 4.25% | 3/1 | |
| Electronic Arts | 4.0% | 4.0% | 1.0% | 1.5% | 5.0% | 5.50% | 3/1 | |
| 20th Century Fox | 3.0% | 3.5% | 1.5% | 1.0% | 4.50% | 4.50% | 7/1 | |
| Warner Bros | 4.0% | 4.5% | 0.5% | 0.5% | 4.50% | 5.00% | 1/1 | |

6

## Market Study

**LUCASFILM Ltd**

**Performance Management**

## Salary Increase Budgets

**CPI – 2006**
- October 2006: 3.5%
- 1st Half 2006: 3.2%

**CPI - 2005**
- October 2005: 2.2%
- 1st Half 2005: 1.7%

**Series Id:** CUURA422SA0,CUUSA422SA0
Not Seasonally Adjusted
**Area:** San Francisco-Oakland-San Jose, CA
**Item:** All Items
**Base Period:** 1982-84=100



# Market Study

## Analysis of Competitive Base Pay Compensation

### Performance Management

8

**\* Excludes Executives and Senior Management.**

Lucas Confidential
December 19, 2006

# Market Study

## Analysis of Competitive Base Pay Compensation

### Performance Management

**LUCASFILM** ltd.

**\* Excludes Executives and Senior Management.**

9

Lucas Confidential
December 19, 2006



Lucas Confidential
December 19, 2006



**Performance Management**

## Recommendations
### Pay Increase Budget

# Merit Increase and Call-outs Pool - General Population

- 
- 

# Market Adjustment Pool —
# Key and At Risk Employees and/or Approved Business Groups

- 

# Budget Process Change —

- Adjustment/Promotion Pool is intended to cover all of 2007 including any off cycle call-outs

## Considerations:

- Budget allocated (placeholder) for FY07 Base Pay increase:
  - 
  - (inclusive of Promotions/Adjustments)
- Increase will be communicated as a ▮ merit budget
- Market analysis indicates an overall delta of
  - 
  - 
- Total compensation analysis will enable managers to make informed decisions about call-outs

Lucas Confidential
December 19, 2006

11



## Overall Performance Rating

| [redacted] | 1 **Unsatisfactory** Marginal / Unacceptable / Fails to Meet Expectations | 2 **Needs Improvement** Fair / Meets Some Expectations | 3 **Good Solid Performance** Fully Successful / Fully Meets Expectations | 4 **Superior** Commendable / Exceeds Expectations | 5 **Distinguished** Outstanding / Far Exceeds Expectations |
|---|---|---|---|---|---|
| **Recommended Rating Distribution** | [redacted] | | | | |
| **Merit Recommendation** | | | | | |

**Note:** Assumes a [redacted] merit budget

**Appendix**
Historical Data

**Performance Management** | SLIDE FOR SHARON ONLY

LUCASFILM ltd.

## Discussion Data for 2003 Salary Increase Decision:

| Rating | Sample Options: 2003 | | | | Historical Data | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 2003 | 2003 | 2003 | 2003 | 2002 | 2001 | 2000 | 1999 | 1998 | 1997 | 1996 | 1995 |
| Outstanding, O | | | | | | | | | | | | |
| Significant achievements, S | | | | | | | | | | | | |
| Exceeds expectations, E | | | | | | | | | | | | |
| Meets expectations, M | | | | | | | | | | | | |
| Not all expectations met, M- | | | | | | | | | | | | |
| Does not meet expectations, NM | | | | | | | | | | | | |
| Target Avg. Increase | | | | | | | | | | | | |
| Actual Avg. Increase | | | | | | | | | | | | |
| Radford Hi-Tech Average | | | | | | | | | | | | |
| CPI Portion* | | | | | | | | | | | | |
| Difference: CPI & Target Avg. | | | | | | | | | | | | |
| Difference: CPI & Actual Avg. | | | | | | | | | | | | |

Historical average difference between CPI & Actual Average =   1.89

*Based on Consumer Price Index for San Francisco/Oakland/San Jose area from 12/01 to 12/02, all urban consumers.

This will be updated in February '03 and again in April '03.

Lucas Confidential
December 19, 2006

13

# Exhibit 26

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Employee ID | Last Name | First Name | Supervisor | Dept | Emp Type | Job Title | S/H | Hrs | Performance Rating |
| 2 | 100416 | | | | LIC-48-425 | REG | Sr Dir, Domst Lic &Retail Mktg | S | 40 | Good Solid Performer |
| 3 | 100380 | | | | LIC-48-425 | REG | Sr Dir, Intrl Licencing & Mktg | S | 40 | Superior |
| 4 | 100379 | | | | LIC-48-425 | REG | Director Of Toys | S | 40 | Superior |
| 5 | 103176 | | | | LIC-48-425 | REG | Director Of Publishing | S | 40 | Good Solid Performer |
| 6 | 100397 | | | | LIC-48-425 | REG | Director, Global Prod Develpmt | S | 40 | Superior |
| 7 | 100409 | | | | LIC-48-425 | REG | Sr Accounting Manager | S | 40 | Good Solid Performer |
| 8 | 100395 | | | | LIC-48-425 | REG | Art Director | S | 40 | Superior |
| 9 | 103222 | | | | LIC-48-425 | REG | Licensing Manager | S | 40 | Good Solid Performer |
| 10 | 100406 | | | | LIC-48-425 | REG | Executive Editor | S | 40 | Good Solid Performer |
| 11 | 100405 | | | | LIC-48-425 | REG | Executive Editor | S | 40 | Good Solid Performer |
| 12 | 100396 | | | | LIC-48-425 | REG | Default Jobcode | S | 40 | Good Solid Performer |
| 13 | 102252 | | | | LIC-48-425 | REG | Accounting Supervisor | S | 40 | Good Solid Performer |
| 14 | 102258 | | | | LIC-48-425 | REG | Contract Administrator | S | 40 | Distinguished |
| 15 | 100398 | | | | LIC-48-425 | REG | Global Prod Developmnt Manager | S | 40 | Good Solid Performer |
| 16 | 100416 | | | | LIC-48-425 | REG | Projects Coordinator | S | 40 | Good Solid Performer |
| 17 | 103223 | | | | LIC-48-425 | REG | Editor | S | 40 | Good Solid Performer |
| 18 | 103364 | | | | LIC-48-000 | PRJ | Project Manager | S | 40 | Good Solid Performer |
| 19 | 103328 | | | | LIC-48-000 | PRJ | Project Manager | S | 40 | Needs Improvement |
| 20 | 100506 | | | | LFL-33-129 | REG | Tax Director | S | 40 | Good Solid Performer |
| 21 | 103550 | | | | LFL-33-129 | REG | Default Jobcode | S | 40 | |
| 22 | 100261 | | | | LFL-33-129 | REG | Director Of Tax | S | 40 | Good Solid Performer |
| 23 | 102297 | | | | LFL-33-129 | REG | Tax Manager | S | 40 | Superior |
| 24 | 103557 | | | | LFL-33-129 | REG | Tax Analyst | S | 40 | |
| 25 | 103124 | | | | LFL-33-129 | REG | Tax Analyst | S | 40 | Good Solid Performer |
| 26 | 100259 | | | | LFL-33-128 | REG | Sr Manager Finance Distributn | S | 40 | Good Solid Performer |
| 27 | 100338 | | | | LFL-33-128 | REG | Accounting Manager | S | 40 | Good Solid Performer |
| 28 | 102336 | | | | LFL-33-128 | REG | Mgr,Distribution & Operations | S | 40 | Good Solid Performer |
| 29 | 100496 | | | | LFL-33-125 | REG | Corporate Controller | S | 40 | Good Solid Performer |
| 30 | 103286 | | | | LFL-33-125 | PRJ | Controller | S | 40 | Good Solid Performer |
| 31 | 100128 | | | | LFL-33-125 | REG | Assistant Controller | S | 40 | Distinguished |
| 32 | 100324 | | | | LFL-33-125 | REG | Director Of Finance Operations | S | 40 | Good Solid Performer |
| 33 | 100251 | | | | LFL-33-125 | REG | Sr Corp Accounting Manager | S | 40 | Superior |
| 34 | 103514 | | | | LFL-33-125 | REG | Sr Corp Accounting Manager | S | 40 | |
| 35 | 103458 | | | | LFL-33-125 | REG | Corporate Accounting Mgr | S | 40 | |
| 36 | 100250 | | | | LFL-33-125 | REG | Accounts Payable Supervisor | S | 40 | Superior |
| 37 | 100529 | | | | LFL-33-124 | REG | Sr Payroll Manager | S | 40 | Good Solid Performer |
| 38 | 100526 | | | | LFL-33-124 | REG | Payroll Supervisor | S | 40 | Superior |
| 39 | 100125 | | | | LFL-33-122 | REG | Director Of Business Systems | S | 40 | Good Solid Performer |
| 40 | 100237 | | | | LFL-33-122 | REG | Project Manager | S | 40 | Superior |
| 41 | 100431 | | | | LFL-33-122 | PRJ | HRIS Business Systems Analyst | S | 40 | Superior |
| 42 | 100239 | | | | LFL-33-122 | REG | Database Adminstr-Oracle Finls | S | 40 | Good Solid Performer |
| 43 | 100328 | | | | LFL-33-122 | REG | Business Systems Programmer | S | 40 | Superior |
| 44 | 100236 | | | | LFL-33-122 | REG | Sr Business System Analyst | S | 40 | Good Solid Performer |
| 45 | 100240 | | | | LFL-33-122 | REG | Business System Analyst | S | 40 | Good Solid Performer |

Redacted

Confidential - Attorneys' Eyes Only

LUCAS00189964



| | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | **Call Out** |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | Equity Adjustment |
| 7 | | | | | | | | Equity Adjustment |
| 8 | | | | | | | | |
| 9 | | | | | | | | |
| 10 | | | | | | | | |
| 11 | | | | | | | | |
| 12 | | | | | | | | |
| 13 | | | | | | | | |
| 14 | | | | | | | | Promotion |
| 15 | | | | | | | | |
| 16 | | | | | | | | |
| 17 | | | | | | | | |
| 18 | | | | | | | | |
| 19 | | | | | | | | |
| 20 | | | | | | | | |
| 21 | | | | | | | | |
| 22 | | | | | | | | |
| 23 | | | | | | | | |
| 24 | | | | | | | | |
| 25 | | | | | | | | |
| 26 | | | | | | | | Promotion |
| 27 | | | | | | | | |
| 28 | | | | | | | | Promotion |
| 29 | | | | | | | | Equity Adjustment |
| 30 | | | | | | | | |
| 31 | | | | | | | | Equity Adjustment |
| 32 | | | | | | | | |
| 33 | | | | | | | | |
| 34 | | | | | | | | |
| 35 | | | | | | | | |
| 36 | | | | | | | | |
| 37 | | | | | | | | |
| 38 | | | | | | | | Equity Adjustment |
| 39 | | | | | | | | |
| 40 | | | | | | | | |
| 41 | | | | | | | | |
| 42 | | | | | | | | |
| 43 | | | | | | | | |
| 44 | | | | | | | | |
| 45 | | | | | | | | |

Confidential - Attorneys' Eyes Only

| | S | T | U | V | W | X | Y | Z | AA | AB |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Job Title - New | | | | | | | Payroll GFH Term | EV3 GFH Term | Status Change Indicator |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |
| 6 | | | | | | | | | | |
| 7 | | | | | | | | | | |
| 8 | | | | | | | | | | |
| 9 | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |
| 13 | | | | | | | | | | |
| 14 | Senior Contract Administrator | | | | | | | | | |
| 15 | | | | | | | | | | |
| 16 | | | | | | | | | | |
| 17 | | | | | | | | | | |
| 18 | | | | | | | | | | |
| 19 | | | | | | | | | | |
| 20 | | | | | | | | | | |
| 21 | | | | | | | | | | |
| 22 | | | | | | | | | | |
| 23 | | | | | | | | | | |
| 24 | | | | | | | | | | |
| 25 | | | | | | | | | | |
| 26 | Director of Distribution Finance | | | | | | | | | |
| 27 | | | | | | | | | | |
| 28 | Sr Manager Distribution Finance | | | | | | | | | |
| 29 | | | | | | | | | | |
| 30 | | | | | | | | | | |
| 31 | | | | | | | | | | |
| 32 | | | | | | | | | | |
| 33 | | | | | | | | | | |
| 34 | | | | | | | | | | |
| 35 | | | | | | | | | | |
| 36 | | | | | | | | | | |
| 37 | | | | | | | | | | |
| 38 | | | | | | | | | | |
| 39 | | | | | | | | | | |
| 40 | | | | | | | | | | |
| 41 | | | | | | | | | | |
| 42 | | | | | | | | | | |
| 43 | | | | | | | | | | |
| 44 | | | | | | | | | | |
| 45 | | | | | | | | | | |

Confidential - Attorneys' Eyes Only

LUCAS00189966

| | AC | AD | AE | AF | AG | AH | AI | AJ | AK | AL | AM | AN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | New Exempt Status | New S/H Status | New Benefited Status | New Type Status | New Std Hours | Level 3 Ranking | Ranking | Bonus Pro-ration % | Salary for Bonus | Bonus Suggested Range | Target $ | % of Target |
| 2 | | | | | | 1 | | | | | | |
| 3 | | | | | | 2 | | | | | | |
| 4 | | | | | | 3 | | | | | | |
| 5 | | | | | | 5 | | | | | | |
| 6 | | | | | | 4 | | | | | | |
| 7 | | | | | | | 18 | | | | | |
| 8 | | | | | | 10 | | | | | | |
| 9 | | | | | | 6 | | | | | | |
| 10 | | | | | | 9 | | | | | | |
| 11 | | | | | | 8 | | | | | | |
| 12 | | | | | | 7 | | | | | | |
| 13 | | | | | | | 31 | | | | | |
| 14 | | | | | | 2 | | | | | | |
| 15 | | | | | | 12 | | | | | | |
| 16 | | | | | | 11 | | | | | | |
| 17 | | | | | | 18 | | | | | | |
| 18 | | | | | | 20 | | | | | | |
| 19 | | | | | | 24 | | | | | | |
| 20 | | | | | | | 37 | | | | | |
| 21 | | | | | | | 26 | | | | | |
| 22 | | | | | | | 20 | | | | | |
| 23 | | | | | | | 6 | | | | | |
| 24 | | | | | | | 59 | | | | | |
| 25 | | | | | | | 45 | | | | | |
| 26 | | | | | | | 13 | | | | | |
| 27 | | | | | | | 30 | | | | | |
| 28 | | | | | | | 14 | | | | | |
| 29 | | | | | | | 11 | | | | | |
| 30 | | | | | | | 25 | | | | | |
| 31 | | | | | | | 1 | | | | | |
| 32 | | | | | | | 36 | | | | | |
| 33 | | | | | | | 2 | | | | | |
| 34 | | | | | | | 27 | | | | | |
| 35 | | | | | | | 7 | | | | | |
| 36 | | | | | | | 19 | | | | | |
| 37 | | | | | | | 46 | | | | | |
| 38 | | | | | | | 32 | | | | | |
| 39 | | | | | | | 10 | | | | | |
| 40 | | | | | | | 5 | | | | | |
| 41 | | | | | | | 15 | | | | | |
| 42 | | | | | | | 40 | | | | | |
| 43 | | | | | | | 22 | | | | | |
| 44 | | | | | | | 4 | | | | | |
| 45 | | | | | | | 52 | | | | | |

Confidential - Attorneys' Eyes Only

| | AO | AP | AQ |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | | | |
| 34 | | | |
| 35 | | | |
| 36 | | | |
| 37 | | | |
| 38 | | | |
| 39 | | | |
| 40 | | | |
| 41 | | | |
| 42 | | | |
| 43 | | | |
| 44 | | | |
| 45 | | | |

Confidential - Attorneys' Eyes Only

| | AR |
|---|---|
| | **Comments 1** |
| 1 | |
| 2 | Bonus is actually 140% of target - workaround in tool causing column to show incorrectly. - Redacted |
| 3 | Bonus is actually 175% of target - workaround in tool causing column to show incorrectly. - Redacted |
| 4 | Bonus is actually 160% of target - workaround in tool causing column to show incorrectly. - Redacted |
| 5 | Bonus us actually 145% of target (pro-rated at 82.7% due to start date) - workaround in tool causing column to show incorrectly. - Redacted |
| 6 | |
| 7 | 2/28/08 - comp comm approval for callout to $120K redact |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Not eligible for merit - received increase on 12/24/07 |
| 13 | |
| 14 | |
| 15 | Not eligible for merit - received increase on 12/24/07 |
| 16 | |
| 17 | |
| 18 | |
| 19 | 3/4/08 - No merit, no bonus due to Needs Improvement rating. - Redacted |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | 2/28/08 - comp comm approval for title change and callout to $135K Redacted |
| 27 | |
| 28 | 2/28/08 - comp comm approval for promotion and callout to $120K - Redacted |
| 29 | 2/7/08 - comp comm approval for callout to $215K - JW |
| 30 | Per edacts will wait for merit treatment until she returns from LoA, not bonus eligible - in LEC entirety of 2007 |
| 31 | Comp comm discussion on 2/7:  Final salary target $165K |
| 32 | |
| 33 | Not eligible for merit - received increase on 1/14/08 |
| 34 | |
| 35 | |
| 36 | |
| 37 | |
| 38 | XFER from LEC on 1/1/08 - not bonus eligible for 2007 in LFL, but eligible for any LEC bonus payout |
| 39 | |
| 40 | |
| 41 | |
| 42 | |
| 43 | |
| 44 | |
| 45 | |

Confidential - Attorneys' Eyes Only

| | AS |
|---|---|
| 1 | **Comments 2** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |
| 29 | |
| 30 | |
| 31 | |
| 32 | |
| 33 | |
| 34 | |
| 35 | |
| 36 | |
| 37 | |
| 38 | |
| 39 | |
| 40 | |
| 41 | |
| 42 | |
| 43 | |
| 44 | |
| 45 | |

Confidential - Attorneys' Eyes Only

LUCAS00189970

# Exhibit 27



EXHIBIT 1309
Deponent Sheehy
Date 3-5-13
Gina V. Carbone, CSR

PIX00044219

Page 1

CONFIDENTIAL

CONFIDENTIAL – ATTORNEYS' EYES ONLY

1301.1

PIX00044220

Page 2

1304.2

CONFIDENTIAL

CONFIDENTIAL – ATTORNEYS' EYES ONLY



PIX00044221

Page 3

CONFIDENTIAL

CONFIDENTIAL – ATTORNEYS' EYES ONLY

/304.3

PIX00044222



Page 4

1304.4

CONFIDENTIAL

CONFIDENTIAL -- ATTORNEYS' EYES ONLY

PIX0004223

Page 5

CONFIDENTIAL
CONFIDENTIAL — ATTORNEY'S EYES ONLY

1304.5



PIX00004224

Page 6

CONFIDENTIAL
CONFIDENTIAL – ATTORNEYS' EYES ONLY

1304.6



PIX00044225

Page 7

CONFIDENTIAL
CONFIDENTIAL – ATTORNEYS' EYES ONLY

1304.7

PIX00044226

Page 8

CONFIDENTIAL
CONFIDENTIAL -- ATTORNEYS' EYES ONLY

1304.8

PIX0004227

Page 9

CONFIDENTIAL
CONFIDENTIAL – ATTORNEYS' EYES ONLY

1304.9

PIX0004228

Page 10

CONFIDENTIAL
CONFIDENTIAL – ATTORNEYS' EYES ONLY

13 04.10

PIX00044229



Page 11

CONFIDENTIAL
CONFIDENTIAL – ATTORNEYS' EYES ONLY

1304.11



PIX00044230

Page 12

CONFIDENTIAL
CONFIDENTIAL – ATTORNEYS' EYES ONLY

1304.12