| | |
|---|---|
| 1 | Robert A. Mittelstaedt (State Bar No. 60359)<br>ramittelstaedt@JonesDay.com |
| 2 | Craig E. Stewart (State Bar No. 129530)<br>cestewart@JonesDay.com |
| 3 | JONES DAY<br>555 California Street, 26th Floor |
| 4 | San Francisco, CA 94104<br>Telephone:   (415) 626-3939 |
| 5 | Facsimile:   (415) 875-5700 |
| 6 | Catherine T. Zeng (State Bar No. 251231)<br>czeng@jonesday.com |
| 7 | JONES DAY<br>1755 Embarcadero Road |
| 8 | Palo Alto, CA  94303<br>Telephone:   (650) 739-3939 |
| 9 | Facsimile:   (650) 739-3900 |
| 10 | Attorneys for Defendant<br>INTUIT INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | Case No. 11-CV-2509  LHK<br><br>**DECLARATION OF CATHERINE T. ZENG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

ZENG DECLARATION
CASE NO. 11-CV-2509 LHK

I, CATHERINE T. ZENG, declare:

1. I am an attorney at law, duly admitted to practice in the State of California and before this Court. I am an associate at the law firm of Jones Day, counsel for Defendant Intuit Inc. ("Intuit") in the above captioned action. I submit this Declaration in support of Defendants' Administrative Motion to Seal. As one of the attorneys involved in the defense of this action, unless as otherwise stated, I have personal knowledge of the facts stated in this Declaration and if called as a witness I could and would testify competently to them.

2. I have reviewed Defendants' Opposition to Supplemental Class Certification Motion ("Opposition Brief"), including the Expert Report of Kevin. M. Murphy, the Expert Report of Kathryn Shaw, PhD, as well as the exhibits to the declarations of Christina Brown and Lin Kahn filed in support thereof. As described below, the information requested to be sealed quotes from or describes Intuit's recruiting or compensation methods, strategies, data, and practices. Intuit has designated this information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order in this case.

3. As noted in the January 22, 2013 Declaration of Lisa K. Borgeson In Support of Renewed Administrative Motion to File Under Seal (Dkt. No. 285) ("Borgeson Declaration") Intuit's salary and compensation data, strategies and methods are non-public, highly sensitive and confidential, and private to Intuit and its employees. Moreover, Intuit's recruiting strategies, methods, data and practices are also non-public and proprietary to Intuit. Therefore, information pertaining to Intuit's recruiting and compensation methods, strategies, practices and data is confidential and public dissemination of that information could cause Intuit competitive harm.

4. Intuit seeks to keep the following redacted portions of the exhibits attached to the Declaration of Christina Brown in Support of Defendants' Opposition under seal:

- **Excerpts from the deposition of Chris Galy** pages 215:15-217:11, 217:16-19, 218:10-25, contain confidential information pertaining to Intuit's compensation methods and schemes. This is confidential internal Intuit information that pertains to Intuit's compensation and recruiting methods, strategies, practices and data.

       Additionally, these pages contain salary information for specific employees which is confidential and private. These employees have not sought to put information about their salaries in the record.

- **Excerpts from the deposition of Kevin Hallock** pages 135:12-15, 135:3-6, 136:22, 136:24, contain confidential information about Intuit's practices with respect to specific compensation actions, philosophies and decisions. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

5. Intuit seeks to keep the following redacted portions of Kevin M. Murphy's Expert Report under seal:

- **Exhibits 1 & 2,** contain specific salary information for certain job titles at Intuit including the specific percent distribution of salaries among employees in that title. Intuit only seeks to redact the Intuit job titles from these exhibits. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Appendix B,** contains confidential information about specific job titles at Intuit. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

6. Intuit seeks to keep the following redacted portions of Kathryn Shaw's Expert Report under seal:

- **Page 21, portion of paragraph 56**, contains confidential information about Intuit's compensation practices including specific data inputs and market data. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Page 21, portion of footnote 29**, contains confidential information about Intuit's compensation practices including specific data inputs and market data. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Page 24, portion of footnote 36**, contains confidential information about Intuit's compensation practices including specific compensation actions, philosophies and decisions. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Page C-7, portion of paragraph 20**, contains confidential information about Intuit's compensation practices with respect to specific compensation actions, philosophies and decisions. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Page D-6, portion of paragraph 17**, contains confidential information about Intuit's compensation practices with respect to new hires, specific data inputs, and specific compensation actions, philosophies and decisions. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Page D-7, portions of paragraph 18**, contains confidential information about Intuit's compensation practices with respect to new hires, specific data inputs, and specific compensation actions, philosophies and decisions. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Appendix E1, Manager and Employee Counts by Employers and Titles Technical Class 2005-2009**, contains confidential information about specific job titles at Intuit. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

7. Intuit seeks to keep the following redacted portions exhibits attached to the Declaration of Lin Kahn under seal:

- **Exhibit 7, excerpts from the deposition of Mason Stubblefield** pages 23:1-9, 23:13-25:1, 25:5-10, 31:1-5, 31:7-12, 31:14-19, 31:21-23, 32:8-33:9, 108:1-10, 108:14-16, 108:19-24, 109:6-16, 109:23-25, 110:5-11, 116:1-2, 116:7-14, 117:13-18, 117:25-118:4, 118:20-25, 130:8-20, 131:3-11, 131:14-132:1, 132:4-20, contain

1  confidential information regarding Intuit's practices with respect to compensation
2  methods pertaining to new hires, specific data inputs, market data, total
3  compensation, compensation systems and tools, and specific compensation
4  actions, philosophies and decisions. This is confidential internal Intuit information
5  that pertains to Intuit's compensation methods, strategies, practices and data.

6  - **Exhibit 30**, **INTUIT_043603**, contains confidential information pertaining to
7    Intuit's compensation practices including budget numbers, inputs, decision
8    processes and evaluations. This is confidential internal Intuit information that
9    pertains to Intuit's compensation methods, strategies, practices and data.

10  I declare under penalty of perjury under the laws of the United States that the foregoing is
11  true and correct. Executed on this 21st day of June, 2013 in San Francisco, California.

           /S/ Catherine T. Zeng
           Catherine T. Zeng

SFI-830279v1