| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|   | DONN P. PICKETT (SBN 72257) |
| 2 | FRANK M. HINMAN (SBN 157402) |
|   | KRYSTAL N. BOWEN (SBN 163972) |
| 3 | SUJAL J. SHAH (SBN 215230) |
|   | SUSAN J. WELCH (SBN 232620) |
| 4 | FRANK BUSCH (SBN 258288) |
|   | NITIN JINDAL (SBN 257850) |
| 5 | Three Embarcadero Center |
|   | San Francisco, CA  94111-4067 |
| 6 | Telephone:  415.393.2000 |
|   | Facsimile:  415.393.2286 |
| 7 | donn.pickett@bingham.com |
|   | frank.hinman@bingham.com |
| 8 | krystal.bowen@bingham.com |
|   | sujal.shah@bingham.com |
| 9 | susan.welch@bingham.com |
|   | frank.busch@bingham.com |
| 10 | |
| 11 | Attorneys for Defendant Intel Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF FRANK BUSCH IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO SEAL** |
| ALL ACTIONS | |
| | Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Frank Busch, declare:

1. I am an attorney duly licensed to practice law in the State of California, and an associate at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on information and belief.  On behalf of Intel, I make this declaration pursuant to Civil Local Rule 79-5(d) and 7-11(a) to demonstrate that good cause exists for the documents described below to remain under seal.  I make this declaration in support of Defendants' Joint Administrative Motion to Seal filed concurrently with this Declaration.  If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information That Should Be Sealed*

2. I have reviewed the sealed portions of: (1) Defendants' Opposition to Supplemental Class Certification Motion ("Opposition") and the Declaration of Christina Brown in support ("Brown"); (2) The Supplemental Expert Report of Professor Kevin M. Murphy ("Murphy"); and (3) The Expert Report of Kathryn Shaw, Ph.D. ("Shaw") and the Declaration of Lin Khan in support ("Khan") filed concurrently with this declaration.  As described below, they quote from and reference Intel's documents and data that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

3. The types of information reflected in the documents at issue here are similar to the types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203) ("Evangelista Declaration").

### *The Reasons For Sealing The Redacted Information And Underlying Documents*

4. According to the Evangelista Declaration, because the types of information contained in redacted portions of the above-referenced filings are similar to the types of information described therein, the following reasons support the motion to seal.

5. Furthermore, where indicated below the Court has already ruled that the specific

DECLARATION OF FRANK BUSCH

A/75622009.1

information contained in redacted portions of the above-referenced filings may be filed under seal. *See* Order Granting in Part and Denying in Part Motions to Seal ("Sealing Order"), Dkt. 273.

6.   The Intel documents and data quoted or described in the above-referenced filings contain information regarding confidential business practices that gives Intel a competitive advantage in recruiting, retaining and compensating its employees

7.   Intel derives independent economic value from the strategic information and data contained in these types of documents not being generally known to the public or to other persons, including Intel's many labor market competitors, who can obtain economic value from its disclosure or use.

8.   It is Intel's practice to treat these types of documents and data as confidential, and not to disclose them outside the company. I am informed and believe that Intel has taken reasonable steps to ensure that these documents remain confidential, including designating them AEO pursuant to the Protective Order filed in this Action.

9.   Specifically, Intel seeks to seal the following Intel confidential, commercially sensitive information in the above-referenced filings:

- **Opposition at 21:10-13** reflects Intel's compensation strategies. In particular, it shows where Intel employees work, and what specific survey information Intel uses to evaluate its compensation. A previous request to seal the cited portion of the McKell Declaration was approved in the Sealing Order.

- **Brown at Ex. 9 pgs 180-183 and 205-207** reflects Intel's compensation strategies and practices. In particular, the redacted pages discuss compensation matching strategies, special market adjustments, and market targeting strategies.

- **Murphy at Exhibits 1 and 2** reflects Intel's compensation strategies and practices. In particular, the redacted exhibits show compensation for individual employees within certain job categories at Intel.

- **Murphy at Appendix A** reflects Intel's compensation strategies and practices. In particular, it discusses a number of individual Intel employees and the evolution of

their compensation over time.  Previous requests to seal discussion of these specific employees were approved in the Sealing Order.

- **Murphy at Appendix B** reflects Intel's employment and compensation practices.  In particular, it provides headcounts and changes in compensation for a large number of Intel job codes.
- **Shaw at footnote 26** reflects Intel's compensation practices.  In particular, the redacted reference describes specifics relating to Intel's strategy for using compensation surveys to set employee compensation. A previous request to seal the cited portion of the McKell Declaration was approved in the Sealing Order.
- **Shaw at footnote 33** reflects Intel's compensation practices.  In particular, the redacted reference describes specifics relating to Intel's strategy for using Special Market Adjustments as an element of employee compensation.
- **Shaw at footnote 35** reflects Intel's compensation practices.  In particular, the redacted reference describes specifics relating to the ways Intel's managers apply their focal budgets.
- **Shaw at Appendix C paragraphs 13-16** reflects Intel's compensation practices.  In particular, the redacted text describes the elements of compensation Intel uses and the way it allocates each element to its employees.
- **Shaw at Appendix D paragraphs 15-16** reflects Intel's compensation practices.  In particular, the redacted text describes specific elements that Intel relies upon in setting compensation.
- **Shaw at Appendix E1** reflects Intel's employment practices.  In particular, the redacted text describes Intel's employment structure by listing the number of managers and employees, along with seniority, for the redacted job titles.
- **Shaw at Appendices F and G** reflects information contained in Intel's recruiting and/or compensation data. In particular, each chart presents this information in a sufficiently detailed manner to disclose sensitive details of Intel's business structure to Intel's competitors.

- **Khan at Ex. 8 pages 73-74, 206** reflects Intel's compensation and recruiting practices.  In particular, it discusses Intel's method for using its compensation structure to attract and retain scarce talent.

- **Khan at Ex. 8 pages 85-86** reflects Intel's compensation practices.  In particular, it discusses the deponent's compensation, performance evaluations, and other factors.

- **Khan at Ex. 8 pages 87-92, 181-82, 186-90** reflects Intel's compensation practices.  In particular, it discusses Intel's method for generating compensation recommendations for specific jobs within Intel's structure of pay grades.

- **Khan at Ex. 8 pages 101-02, 113, 123-24, 147** reflects Intel's compensation practices.  In particular, it discusses Intel's method for transmitting compensation information to managers, and for providing managers the tools they need to accurately compensate their reports.

- **Khan at Ex. 8 page 269** reflects Intel's compensation practices.  In particular, it discusses Intel's method for distributing special market adjustments.

- **Khan at Ex. 16 page 203** reflects Intel's compensation practices.  In particular, it discusses Intel's method for reviewing employee salaries.

- **Khan at Ex. 24** reflects Intel's employment practices.  In particular, it is an internal Intel document containing job descriptions and categorization information for a broad array of Intel jobs.

### *The Particularized Harm Disclosure Would Cause*

10.     According to the Evangelista Declaration, because the types of information redacted from the above-referenced documents are similar to the types of information described therein, Intel would suffer the following particularized harm if the redacted information is disclosed to the public.  The public disclosure of the Intel confidential information contained in Intel's documents and data described above would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and compensate its employees.  Public disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related strategies, policies and practices would also deprive Intel of its investment in developing those

1  strategies and give the scores of other companies with which Intel competes an unearned
2  advantage by giving them the benefit of Intel's investments.  Public disclosure of Intel's detailed
3  compensation data would also give those other companies an unearned advantage by giving them
4  the benefit of Intel's compensation strategies, compensation levels, and other related
5  information.
6          11.     Because these documents cannot be disclosed to the public without causing this
7  harm, their contents should be protected by redacting them and each reference to their contents
8  from public filings.
9              I declare under penalty of perjury that the foregoing is true and correct.  Executed
10  in East Dennis, Massachusetts on June 22, 2013.

                                          /s/ Frank Busch
                                          Frank Busch

DECLARATION OF FRANK BUSCH

A/75622009.1