KEKER & VAN NEST LLP
JOHN KEKER - # 49092
jkeker@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS # 270914
jsessions@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
LUCASFILM LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:11-cv-2509-LHK<br><br>**DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION IN SUPPORT OF CLASS CERTIFICATION AND RELATED DOCUMENTS** |
|---|---|

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants hereby jointly move to seal (i) portions of Defendants Opposition to Plaintiffs' Supplemental Motion for Class Certification ("Defendants' Opposition Brief"), (ii) all or portions of certain Exhibits to the Declaration of Christina Brown filed in support of Defendants' Opposition, (iii) portions of the Supplemental Expert Report of Kevin Murphy and Exhibits thereto ("Supplemental Murphy Report"), (iv) portions of the Expert Report of Kathryn Shaw, Ph.D ("Shaw Report"); and (vi) all or portions of certain Exhibits to the Declaration of Lin Kahn filed in support of the Expert Report of Kathryn Shaw; (collectively, "Defendants' Opposition Papers"). Proposed redacted versions will be filed on ECF and proposed redacted versions of Defendants' Opposition Brief, the Supplemental Murphy Report, and the Shaw Report are also attached as Exhibits 1-3 to this Motion. A proposed order is attached as Exhibit 4.

The information Defendants seek to seal has been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Defendants are filing corresponding declarations in support of their respective sealing requests.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 WL 902550, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

**II.     GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION**

The proposed redacted portions of Defendants' Opposition Papers contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data as well as information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. Defendants also seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or candidates. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As each of Defendants' separately filed declarations demonstrate, Defendants kept the redacted information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. A significant portion of the sealed information is employee compensation data. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 WL 3155900 at *1 n.1 (W.D. Okla. Aug. 09, 2010) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information.").

Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation*, No. C 07-01841, 2008 WL 2397424 at *5 (N.D. Cal. June 10, 2008) (noting that a

"compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good causes exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position. See Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640, 2011 WL 2550831 at *1 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 WL 841274 at *2 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, No. CV 09-531, 2011 WL 6182346 at *5 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Good cause also exists for sealing the identities and personal contact information of specific employees or applicants that are contained in Defendants' Opposition Papers. These employees or applicants have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order the

requested portions of Defendants' Opposition Papers to be placed under seal. In accordance with Civil Local Rule 79-5(d), General Order 62, the Court's Civil Standing Order Regarding Motions to File Under Seal, and Dkt. No. 269, proposed redacted versions of the documents sought to be maintained under seal and a proposed order granting Defendants' Administrative Motion to Seal are attached to this Motion. Non-redacted copies Defendants' Opposition Papers are being served on Plaintiffs' counsel and will be lodged with the Clerk in hard copy. A copy showing proposed redactions highlighted in yellow will also be lodged with the Clerk in hard copy.

Dated:   June 21, 2013                          KEKER & VAN NEST LLP

By:   /s/ *Justina K. Sessions*
John W. Keker
Daniel Purcell
Eugene M. Paige
Justina K. Sessions

*Attorneys for Defendant*
*LUCASFILM LTD.*

| | | |
|---|---|---|
| Dated: June 21, 2013 | | O'MELVENY & MYERS LLP |
| | By: | /s/ *Michael F. Tubach* |
| | | Michael F. Tubach |
| | | George Riley |
| | | Christina J. Brown |
| | | Two Embarcadero Center, 28th Floor |
| | | San Francisco, CA  94111 |
| | | Telephone:  (415) 984-8700 |
| | | Facsimile:   (415) 984-8701 |
| | | Attorneys For Defendant APPLE INC. |
| Dated: June 21, 2013 | | JONES DAY |
| | By: | /s/ *David C. Kiernan* |
| | | David C. Kiernan |
| | | Robert A. Mittelstaedt |
| | | Craig A. Waldman |
| | | 555 California Street, 26th Floor |
| | | San Francisco, CA  94104 |
| | | Telephone:  (415) 626-3939 |
| | | Facsimile:   (415) 875-5700 |
| | | *Attorneys for Defendant ADOBE SYSTEMS, INC.* |
| Dated: June 21, 2013 | | JONES DAY |
| | By: | /s/ *Robert A. Mittelstaedt* |
| | | Robert A. Mittelstaedt |
| | | Craig E. Stewart |
| | | 555 California Street, 26th Floor |
| | | San Francisco, CA  94104 |
| | | Telephone:  (415) 626-3939 |
| | | Facsimile:   (415) 875-5700 |
| | | Catherine T. Zeng |
| | | 1755 Embarcadero Road |
| | | Palo Alto, CA 94303 |
| | | Telephone:  (650) 739-3939 |
| | | Facsimile:   (650) 739-3900 |
| | | *Attorneys for Defendant INTUIT INC.* |

| | | |
|---|---|---|
| Dated: June 21, 2013 | | MAYER BROWN LLP |

By: */s/ Lee H. Rubin*
Lee H. Rubin

Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: June 21, 2013                    BINGHAM McCUTCHEN LLP

By: */s/ Frank M. Hinman*
Frank M. Hinman

Donn P. Pickett
Three Embarcadero Center
San Francisco, CA  94111
Telephone:  (415) 393-2000
Facsimile:   (415) 383-2286

*Attorneys for Defendant INTEL CORPORATION*

Dated: June 21, 2013                    COVINGTON & BURLING LLP

By: */s/ Emily Johnson Henn*
Emily Johnson Henn

Robert T. Haslam, III
Emily Johnson Henn
333 Twin Dolphin Drive, Suite 700
Redwood City, CA  94065
Telephone:  (650) 632-4700

*Attorneys for Defendant PIXAR*

**ATTESTATION**:  The filer attests that concurrence in the filing of this document has been obtained from all signatories.