KEKER & VAN NEST LLP
JOHN KEKER - # 49092
jkeker@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS # 270914
jsessions@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
LUCASFILM LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**PIXAR AND LUCASFILM'S JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |
|---|---|

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants Pixar and Lucasfilm Ltd. ("Lucasfilm") hereby jointly move to seal portions of the Rebuttal Supplemental Expert Report of Edward E. Leamer ("Leamer Rebuttal Supplemental Report"), and Pixar moves to seal portions of Exhibit I to the Declaration of Anne B. Shaver in Support of Plaintiffs' Supplemental Motion for Class Certification ("Shaver Decl."). Pixar also moves to seal in its entirety Exhibit 1304 to the Shaver Decl.

The information Pixar and Lucasfilm seek to seal has been designated Confidential and/or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Lucasfilm's declaration in support of its sealing request is attached as Exhibit A, and Pixar's declaration in support of its sealing request is attached as Exhibit B.

## I.   LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 WL 902550, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II.   GOOD CAUSE EXISTS TO SEAL PIXAR'S AND LUCASFILM'S CONFIDENTIAL INFORMATION

The proposed redacted portions of Plaintiffs' reply papers contain confidential and commercially sensitive information about employee compensation, including Pixar's and Lucasfilm's compensation data, as well as information that reflects internal decision-making

1

PIXAR AND LUCASFILM'S JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

770278.01

regarding business strategies related to compensation. Further, some of the proposed redacted portions of Plaintiffs' exhibits contain personal identifying information of employees and their specific salaries and increases. Pixar and Lucasfilm designated the foregoing information "Confidential" and/or "Attorneys Eyes Only" under the Protective Order.

As Pixar's and Lucasfilm's supporting declarations demonstrate, Pixar and Lucasfilm kept the redacted information confidential and the public disclosure of this information would cause Pixar and/or Lucasfilm harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Pixar's and/or Lucasfilm's strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Pixar and/or Lucasfilm.

Compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litig.*, No. C 07-01841, 2008 WL 2397424, at *5 (N.D. Cal. June 10, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

Further, specific employee salary information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 WL 3155900, at *1 n.1 (W.D. Okla. Aug. 09, 2010) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information"). In addition, good cause exists to seal the personal identifying information of third-party employees because they have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's

2
PIXAR AND LUCASFILM'S JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

770278.01

right of access with respect to information pertaining to third party salary and employment separation information).

### III.     CONCLUSION

For the foregoing reasons, Pixar and Lucasfilm respectfully request that this Court order the requested portions of Plaintiffs' reply papers to be placed under seal.

In order to preserve the potential confidentiality of other defendants' information contained in the Leamer Rebuttal Supplemental Report, Pixar and Lucasfilm are not attaching a proposed redacted version to the instant motion or filing a proposed redacted version on ECF. Pixar's and Lucasfilm's proposed redactions to the Leamer Rebuttal Supplemental Report will be included in the proposed redacted version filed by the other defendants. Proposed redacted versions of Exhibits I and 1304 to the Shaver Decl. are attached as Exhibits C and D to this Motion and will also be filed separately on ECF. A proposed order is attached as Exhibit E.

Copies of the Leamer Rebuttal Supplemental Report and Exhibits I and 1304 to the Shaver Decl. showing Pixar's and Lucasfilm's proposed redactions highlighted in yellow will also be lodged with the Clerk in hard copy.

Dated:   July 19, 2013                    KEKER & VAN NEST LLP

By:  /s/ *Justina K. Sessions*
John W. Keker
Daniel Purcell
Eugene M. Paige
Justina K. Sessions

*Attorneys for Defendant*
*LUCASFILM LTD.*

3
PIXAR AND LUCASFILM'S JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO
FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

770278.01

| | | |
|---|---|---|
| Dated:   July 19, 2013 | | COVINGTON & BURLING LLP |
| | By: | /s/ Emily Johnson Henn |
| | | Emily Johnson Henn |
| | | Emily Johnson Henn<br>333 Twin Dolphin Drive, Suite 700<br>Redwood City, CA  94065<br>Telephone:  (650) 632-4700 |
| | | *Attorneys for Defendant PIXAR* |

**ATTESTATION**:  The filer attests that concurrence in the filing of this document has been obtained from all signatories.