1   BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
2   FRANK M. HINMAN (SBN 157402)
KRYSTAL N. BOWEN (SBN 163972)
3   SUJAL J. SHAH (SBN 215230)
SUSAN J. WELCH (SBN 232620)
4   FRANK BUSCH (SBN 258288)
Three Embarcadero Center
5   San Francisco, CA  94111-4067
Telephone:  415.393.2000
6   Facsimile:  415.393.2286
donn.pickett@bingham.com
7   frank.hinman@bingham.com
krystal.bowen@bingham.com
8   sujal.shah@bingham.com
susan.welch@bingham.com
9   frank.busch@bingham.com

10   Attorneys for Defendant
Intel Corporation
11
[Additional counsel listed on signature page]
12

13                   UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

17   IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION

18
     THIS DOCUMENT RELATES TO:
19                                      **DEFENDANTS' JOINT RESPONSE TO
     ALL ACTIONS                        PLAINTIFFS' ADMINISTRATIVE
20                                      MOTION TO FILE UNDER SEAL**

21                                      Date Consolidated Amended Compl. Filed:
                                        September 13, 2011
22

23

24

25

26

27

28
                                        Master Docket No. ll-CV-2509-LHK

     RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
     A/75213414.2

1          Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants[1] hereby jointly respond to

2   Plaintiffs' Administrative Motion to File Under Seal (1) Portions of Plaintiffs' Reply In Support

3   of Supplemental Motion for Class Certification; (2) Portions of Expert Witness Report of

4   Edward E. Leamer, Ph.D.; (3) Exhibits A through O and Plaintiffs' Deposition Exhibits 122,

5   1304, 2738, and 2739, attached to the Declaration of Anne B. Shaver in Support of Plaintiffs'

6   Supplemental Motion for Class Certification; and (4) Declaration of Sheryl Sandberg (Dkt. No.

7   454).  Defendants seek to seal (1) Portions of Plaintiffs' Reply In Support of Supplemental

8   Motion for Class Certification; (2) Portions of Rebuttal Supplemental Expert Report of Edward

9   E. Leamer, Ph.D.; and (3) Portions of Exhibits A through O and Plaintiffs' Deposition Exhibits

10  122, 1304, 2738, and 2739, attached to the Declaration of Anne B. Shaver in Support of

11  Plaintiffs' Supplemental Motion for Class Certification (collectively, the "Sealed Materials").

12  The Sealed Materials have been designated Confidential or Attorneys-Eyes Only under the

13  Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  Defendants are filing

14  corresponding declarations in support of their respective sealing requests.

15  **I.   LEGAL STANDARD**

16         Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial

17  court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other

18  confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).

19  The Ninth Circuit has "carved out an exception to the presumption of access to judicial records

20  for a sealed discovery document [attached] to a nondispositive motion," where the requesting

21  party shows good cause exists to keep the records under seal.  *Navarro v. Eskanos & Adler*, No.

22  C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana*

23  *v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing'

24  under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of

25  sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific*

26  _____

27  [1] For purposes of this motion, "Defendants" shall refer exclusively to Apple Inc., Adobe
Systems, Inc., Google Inc., Intel Corporation, and Intuit Inc..

28

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

A/75648839.1

1    *Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in

2    nondispositive materials, we apply the 'good cause' standard when parties wish to keep them

3    under seal.").

4

5    II.    **GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION**

6           The redacted portions of the Sealed Materials contain confidential and commercially

7    sensitive information about employee compensation, including Defendants' compensation data,

8    as well as information that reflects certain Defendants' internal decision-making regarding their

9    business strategies related to compensation and internal assessments of their and other

10   employers' competitive position in the labor market.  Defendants also seek to keep under seal

11   those materials that reflect compensation practices, strategies and policies; recruiting and hiring

12   data, practices, strategies and policies; and personal identifying information of employees or

13   candidates.  Defendants designated the foregoing information "Confidential" or "Attorneys Eyes

14   Only" under the Protective Order.

15          As each of the Defendants' separately filed declarations demonstrate, Defendants kept the

16   sealed information confidential and the public disclosure of this information would cause each

17   Defendant harm by giving third-parties (including individuals responsible for competitive

18   decision-making) insights into confidential and sensitive aspects of each of the Defendants'

19   strategies, competitive positions, and business operations, allowing these third-parties to

20   potentially gain an unfair advantage in dealings with and against each of the Defendants.  A

21   significant portion of the sealed information is employee compensation data.  This type of

22   information is regularly sealed because of its confidential and private nature.  *See Renfro v.*

23   *Unum, et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal

24   records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.,* No. C06-5164,

25   2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary

26   review notices for third parties "who have not chosen to have their salary history placed into the

27   public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS

28   82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary

Master Docket No. ll-CV-2509-LHK

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

A/75648839.1

1    judgment materials were filed under seal because they contained "confidential salary

2    information.").

3         Similarly, compensation policies, practices and decisions are routinely subject to a

4    sealing order.  *In re Wells Fargo Loan Processor Overtime Pay Litigation,* No. C 07-01841, at

5    *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a

6    "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-

7    4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order

8    to enjoin a former employee from using a company's "confidential and/or trade secret employee

9    compensation information").

10        In addition, good causes exists to seal confidential information relating to a company's

11   internal business, recruiting or hiring practices, strategies and policies, including confidential

12   analyses of a company's market position.  *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing

13   of "a trade secret or other confidential research, development, or commercial information");

14   *Krieger v. Atheros Commc'ns, Inc*., Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at

15   *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its

16   investment adviser that contained "sensitive and confidential information, including long-term

17   financial projections, discussions of business strategy, and competitive analyses"); *Network*

18   *Appliance, Inc. v. Sun Microsystems Inc*., Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721,

19   at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business

20   strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor,*

21   *Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz.

22   Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling"

23   reason standard applicable to dispositive motions, including a "spreadsheet tracking information

24   regarding potentially competitive products," and other business strategy documents, such as

25   information relating to "product competitiveness, and market and technological opportunities

26   and risks").

27        Additionally, good cause exists to seal information pertaining to Defendants' recruiting

28   policies and practices that are proprietary business methods and/or trade secrets.  This

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

A/75648839.1

1    confidential and commercially sensitive business information is non-public and should remain

2    confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential

3    research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d)

4    (defining trade secrets as information that "(1) Derives independent economic value, actual or

5    potential, from not being generally known to the public or to other persons who can obtain

6    economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable

7    under the circumstances to maintain its secrecy.").

8        Good cause also exists for sealing the identities and personal contact information of

9    specific employees or applicants that are contained in the Sealed Materials.  These employees or

10   applicants have not sought to make their identities known or placed in the public record.  *Nettles*

11   at *2 (holding that the interests of private parties outweighed the public's right of access with

12   respect to information pertaining to third party salary and employment separation information).

13   **III.    CONCLUSION**

14       For the foregoing reasons, Defendants respectfully request that this Court order the

15   portions of the Sealed Materials identified in each Defendant's declaration to be placed under

16   seal.  In accordance with Civil Local Rule 79-5(d), a proposed order granting Defendants'

17   Response to Plaintiffs' Administrative Motion to Seal has been lodged with the Clerk in hard

18   copy and served on counsel for Plaintiffs.  In accordance with Civil Local Rule 79-5(d),

19   Defendants' proposed redacted versions of the Sealed Materials are being lodged with the Clerk

20   in hard copy showing proposed redacted portions highlighted in yellow within a sealed envelope.

21

22

23

24

25

26

27

28

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

A/75648839.1

1  Dated:  July 19, 2013          BINGHAM McCUTCHEN LLP

2                                  By:        */s/ Frank M. Hinman*
3                                             Frank M. Hinman

4                                  Donn P. Pickett
                                   Frank M. Hinman
5                                  Frank Busch
                                   Three Embarcadero Center
6                                  San Francisco, CA  94111
                                   Telephone:  (415) 393-2000
7                                  Facsimile:   (415) 383-2286

8                                  *Attorneys for Defendant INTEL CORPORATION*

9  Dated: July 19, 2013           O'MELVENY & MYERS LLP

10                                 By:        */s/ Michael F. Tubach*
11                                            Michael F. Tubach

12                                 George Riley
                                   Michael F. Tubach
13                                 Lisa Chen
                                   Christina J. Brown
14                                 Two Embarcadero Center, 28th Floor
                                   San Francisco, CA  94111
15                                 Telephone:  (415) 984-8700
                                   Facsimile:   (415) 984-8701

16                                 *Attorneys for Defendant APPLE INC.*

17

18  Dated:  July 19, 2013         JONES DAY

19                                 By:        */s/ David C. Kiernan*
20                                            David C. Kiernan

21                                 Robert A. Mittelstaedt
                                   Craig A. Waldman
22                                 David C. Kiernan
                                   Lin W. Kahn
23                                 555 California Street, 26th Floor
                                   San Francisco, CA  94104
24                                 Telephone:  (415) 626-3939
                                   Facsimile:   (415) 875-5700

25                                 *Attorneys for Defendant ADOBE SYSTEMS, INC.*

26

27

28

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

A/75648839.1

1  Dated:  July 19, 2013          JONES DAY

2                                 By:        */s/ Robert A. Mittelstaedt*
3                                            Robert A. Mittelstaedt

4                                 Robert A. Mittelstaedt
                                  Craig E. Stewart
5                                 Rowan T. Mason
                                  555 California Street, 26th Floor
6                                 San Francisco, CA  94104
                                  Telephone:  (415) 626-3939
7                                 Facsimile:   (415) 875-5700

8                                 *Attorneys for Defendant INTUIT INC.*

9  Dated:  July 19, 2013          MAYER BROWN LLP

10                                By:        */s/ Lee H. Rubin*
11                                           Lee H. Rubin

12                                Lee H. Rubin
                                  Edward D. Johnson
13                                Donald M. Falk
                                  Two Palo Alto Square
14                                3000 El Camino Real, Suite 300
                                  Palo Alto, CA  94306-2112
15                                Telephone:  (650) 331-2057
                                  Facsimile:   (650) 331-4557

16                                *Attorneys for Defendant GOOGLE INC.*

17

18

19      **ATTESTATION**:  The filer attests that concurrence in the filing of this document has

20  been obtained from all signatories.

21

22

23

24

25

26

27

28

6                                          Master Docket No. ll-CV-2509-LHK

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

A/75648839.1