| | |
|---|---|
| 1 | Robert A. Mittelstaedt (State Bar No. 60359) |
| | ramittelstaedt@JonesDay.com |
| 2 | Craig E. Stewart (State Bar No. 129530) |
| | cestewart@JonesDay.com |
| 3 | Rowan T. Mason (State Bar No. 259586) |
| | rmason@JonesDay.com |
| 4 | JONES DAY |
| | 555 California Street, 26th Floor |
| 5 | San Francisco, CA 94104 |
| | Telephone:    (415) 626-3939 |
| 6 | Facsimile:    (415) 875-5700 |
| 7 | Catherine T. Zeng (State Bar No. 251231) |
| | czeng@JonesDay.com |
| 8 | JONES DAY |
| | 1755 Embarcadero Road |
| 9 | Palo Alto, CA  94303 |
| | Telephone:    (650) 739-3939 |
| 10 | Facsimile:    (650) 739-3900 |
| 11 | Attorneys for Defendant |
| | INTUIT INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION** | **Case No. 11-CV-2509  LHK** |
| **THIS DOCUMENT RELATES TO:** | **DECLARATION OF ROWAN T. MASON IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |
| **All Actions** | |
| | DATE CONSOLIDATED AMENDED COMPL. FILED: SEPTEMBER 13, 2011 |

1   I, ROWAN T. MASON, declare:

2   1.   I am an attorney at law, duly admitted to practice in the State of California and
3   before this Court. I am an associate with the law firm of Jones Day, counsel for Defendant Intuit
4   Inc. ("Intuit") in the above captioned action. I submit this declaration in support of Defendants'
5   Joint Response to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Reply In
6   Support of Supplemental Motion for Class Certification and Related Documents. As one of the
7   attorneys involved in the defense of this action, unless as otherwise stated, I have personal
8   knowledge of the facts stated in this Declaration and if called as a witness I could and would
9   testify competently to them.

10   2.   I have reviewed Plaintiffs' Reply in Support of Supplemental Motion for Class
11   Certification ("Reply"), the Rebuttal Supplemental Expert Report of Edward E. Leamer, Ph.D.
12   ("Leamer Report") and supporting appendices and exhibits, and documents attached to the
13   Declaration of Anne B. Shaver in Support of Plaintiffs' Reply in Support of Supplemental Motion
14   for Class Certification ("Shaver Declaration").

15   3.   As described below, the information requested to be sealed contains or
16   summarizes Intuit's compensation and recruiting data, practices, strategies and policies. Intuit
17   has designated this information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
18   pursuant to the Stipulated Protective Order in this case.

19   4.   As noted in the January 22, 2013 Declaration of Lisa K. Borgeson In Support of
20   Renewed Administrative Motion to File Under Seal (Dkt. No. 285) ("Borgeson Declaration")
21   Intuit's salary and compensation data, strategies and methods are non-public, highly sensitive and
22   confidential, and private to Intuit and its employees. Moreover, Intuit's recruiting strategies,
23   methods, data and practices are also non-public and proprietary to Intuit. Therefore, information
24   pertaining to Intuit's recruiting and compensation methods, strategies, practices and data is
25   confidential and public dissemination of that information could cause Intuit competitive harm.

26   5.   Specifically, Intuit seeks to keep the following redacted portions of the **Reply**
27   under seal:

28   • **Page 12, lines 19-21** contain confidential information derived from the testimony

of Intuit's Mason Stubblefield regarding salary planning tools and strategies. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

- **Page 13, lines 15-16** contain confidential information derived from the testimony of Intuit's Mason Stubblefield regarding employee salary determinations. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

- **Page 13, lines 16-17** contain confidential information derived from the testimony of Intuit's Mason Stubblefield regarding employee equity determinations. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

- **Page 13, lines 18-19** contain confidential information derived from the testimony of Intuit's Mason Stubblefield regarding employee equity grants. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

6. Intuit also seeks to keep the following redacted portions of exhibits to the **Shaver Declaration** under seal:

- **Redacted portions of Exhibit J**, excerpts from the deposition of Intuit witness Mason Stubblefield, at 35:1-37:2; 37:5-16; 37:21-38:25; 68:2-71:20; 71:24-73:15; 73:17-74:8; 77:14-25; 80:4-25; 81:13-82:11; 82:24-83:4; and 83:7-84:1. These excerpts contain confidential deposition testimony regarding Intuit's practices with respect to compensation methods pertaining to specific data inputs, market data, compensation systems and tools, and specific compensation and retention actions, philosophies and decisions. This is confidential internal Intuit information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Redacted portions of Exhibit L**, excerpts from the deposition of Plaintiffs' expert witness Kevin Hallock, at 134:19-135:6; 135:12-15; 135:18-20; 135:23-25; 136:2-9; and 136:18-25. These excerpts contain confidential information regarding

Intuit's practices with respect to compensation methods pertaining to compensation and hiring practices, employee retention efforts, employee reviews, and Intuit's use of market data. This is confidential internal Intuit information that Dr. Hallock acquired by reviewing Intuit's confidential documents and deposition testimony. This is confidential information that pertains to Intuit's compensation and recruitment methods, strategies, practices and data.

- **Exhibit 2738** contains confidential information regarding Intuit's compensation and stock grant decision-making. This is confidential internal Intuit and employee information that pertains to Intuit's compensation methods, strategies, practices and data.

- **Exhibit 2739** contains confidential information regarding Intuit's compensation practices, including salary and employee stock grant decision-making, employee performance review process, and retention and recruiting guidelines. The document also contains information on Intuit's collection and management of internal and external compensation information. This is confidential internal Intuit and employee data that pertains to Intuit's compensation, recruiting, and employee management methods, strategies, practices and data.

7. Intuit also seeks to keep the following redacted portions of the **Leamer Report** under seal:

- **Page 9, paragraph 23** contains confidential information derived from the testimony of Intuit's Mason Stubblefield regarding compensation and employee retention practices. This is confidential Intuit information that pertains to Intuit's compensation methods, strategies, and practices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 19th day of July, 2013 in San Francisco, California.

                                          /s/ Rowan T. Mason
                                          Rowan T. Mason