1  MAYER BROWN LLP
   LEE H. RUBIN (SBN 141331)
   lrubin@mayerbrown.com
2  EDWARD D. JOHNSON (SBN 189475)
   wjohnson@mayerbrown.com
3  DONALD M. FALK (SBN 150256)
   dfalk@mayerbrown.com
4  ERIC B. EVANS (SBN 232476)
   eevans@mayerbrown.com
5  ANNE M. SELIN (SBN 270634)
   aselin@mayerbrown.com
6  Two Palo Alto Square, Suite 300
   3000 El Camino Real
7  Palo Alto, CA 94306-2112
   Telephone:    (650) 331-2000
8  Facsimile:    (650) 331-2061

9  *Attorneys for Defendant*
   *Google Inc.*
10

11

12                     **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                          **SAN JOSE DIVISION**

15  IN RE: HIGH-TECH EMPLOYEE              **Master Docket No. 11-CV-2509-LHK**
    ANTITRUST LITIGATION
16                                         **DECLARATION OF ANNE M. SELIN**
    THIS DOCUMENT RELATES TO:              **IN SUPPORT OF DEFENDANTS'**
17                                         **JOINT RESPONSE TO PLAINTIFFS'**
    ALL ACTIONS                            **ADMINISTRATIVE MOTION TO FILE**
18                                         **UNDER SEAL**

19

20

21

22       I, Anne M. Selin, declare as follows:

23       1.      I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant

24  Google, Inc. ("Google") in the above-captioned matter.  I am admitted to practice law before this

25  Court.   I submit this declaration in support of Defendants' Joint Response to Plaintiffs'

26  Administrative Motion to File Under Seal that is being filed concurrently herewith.   As an

27  attorney involved in the defense of this action, unless otherwise stated, I have personal

28

                                           1

1  knowledge of the facts stated in this declaration and if called as a witness, I could and would

2  competently testify to them.

3      2.      Google has identified and made specific and narrowly tailored redactions to

4  discrete   portions   of   the   following papers: (a)   Plaintiffs'   Reply   in   Support of

5  Supplemental Motion for Class Certification ("Reply Brief"), (b) Supplemental Reply Report of

6  Dr. Edward E. Leamer ("Leamer Supplemental Reply Report"), and (c) certain exhibits attached

7  to the Declaration of Anne B. Shaver in Support of Plaintiffs' Supplemental Motion for Class

8  Certification ("Shaver Declaration").  These discrete portions are identified in detail in paragraph

9  4 below and contain confidential and highly sensitive details about Google's compensation and

10 recruiting practices that reflect Google's internal deliberations and business strategy related to

11 how  Google  recruits  and  how  Google  sets  and  structures  compensation  (including

12 salary, bonus and equity) for its employees.

13      3.      The basis for Google's proposed redactions identified in paragraph 4 below can be

14 found in the Declarations of Frank Wagner (Google's Director of Compensation) that were

15 filed on October 9, 2012, November 12, 2012 and December 18, 2012 (Dkts. 201, 221 and 261,

16 respectively) in this matter, which I have read and reviewed.  In those Declarations, Mr. Wagner

17 describes the competitive harm that Google would suffer if certain confidential and highly

18 sensitive details about Google's compensation, recruiting, and hiring strategies and practices

19 were made public, including confidential details about Google's internal deliberations and

20 business strategy related to how Google sets and structures compensation (including salary,

21 bonus and equity) for its employees.

22      4.      In particular, Google requests to seal the following:

23      **a)  Reply Brief**

24          i)    **Page 3, lines 13 to 14** (raw percentage figures only):  these percentage

25                figures are derived in part from Google's compensation data and reflect

26                confidential   and   highly   sensitive   information   about   Google's

27                compensation practices.

28

-2-

ii) **Page 8, lines 21 to 22** (language following "increases to competition," and through the end of the sentence):  this excerpt contains confidential and highly sensitive references to Google's response to competition from a rival employer for Google employees.

iii) **Page 8, footnote 4** (language in parenthetical following "Cisneros Decl., Ex. 614"): this excerpt contains confidential and highly sensitive information about Google's recruiting practices.

iv) **Page 12, lines 11 to 15** (language following "Google" and through end of the sentence ending on line 13, and language following "At year end" and through the end of the sentence ending on line 15): this excerpt contains confidential and highly sensitive information about Google's compensation practices.

v) **Page 13, lines 10 to 11** (language following "Director of Compensation"): this excerpt contains confidential and highly sensitive information about Google's compensation practices.

vi) **Page 14, lines 12 and 16** (raw percentage figures only):  these percentage figures are derived in part from Google's compensation data and reflect confidential and highly sensitive information about Google's compensation practices.

b) **Leamer Supplemental Reply Report**

i) **Pages 9 and 10, Paragraph 23** (excerpt related to Google only, i.e., text starting after "[Google]"): this excerpt contains confidential and highly sensitive details about Google's strategy to respond to employee attrition.

ii) **Page 13, Paragraph 31** (raw percentage figure only):  this percentage figure is derived in part from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

DECL. OF ANNE SELIN ISO DEFS' JOINT RESPONSE TO ADMIN. MOT. TO SEAL
MASTER DOCKET NO. 11-CV-2509-LHK

iii)  **Page 14, Paragraph 33** (raw percentage figures only):  these percentage figures are derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

iv)  **Page 15, Tables 1 and 2**:  these tables are derived from Google's compensation data and reflect confidential and highly sensitive information about Google's compensation practices.

v)  **Page 16, Figure 1**:  this figure is derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

vi)  **Page 32, Paragraph 67** (raw percentage figures only):  these percentage figures are derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

vii)  **Page 33, Paragraph 68:** (raw percentage figure only):  this percentage figure is derived in part from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

viii)  **Page 33, footnote 42**:  this excerpt contains confidential and highly sensitive information about Google's compensation practices.

ix)  **Page 36, Figure 8**:  this figure is derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

c)  **Exhibits to the Shaver Declaration**

i)  **Exhibit E** (excerpts from the August 17, 2012 deposition of former Google employee Arnnon Geshuri; redacted version submitted):  portions of this exhibit (pages 58-60, 63-64, and 120-121) contain confidential and

-4-

1    highly sensitive information about Google's recruiting strategies and

2    practices.

3          ii)    **Exhibit K** (excerpts from the March 7, 2013 deposition of Google's

4    Director of Compensation, Frank Wagner; redacted version submitted):

5    portions of this exhibit (pages 27-32) contain confidential and highly

6    sensitive information about Google's compensation practices.

7         iii)   **Exhibit L** (excerpts from the June 7, 2013 deposition of Plaintiffs' expert

8    witness Kevin Hallock; redacted version submitted):  Page 100: 16,18-19,

9    Page 101:2,5-6, Page 102:14,17-21,23-25, and Page 251:8-9 contain

10   confidential and highly sensitive information about Google's

11   compensation practices.

12        iv)   **Exhibit N** (excerpts from the depositions of Defendants' expert witness

13   Kevin Murphy; redacted version submitted):  Page 457:24-25 (Vol.II)

14   contains confidential and highly sensitive information about Google's

15   compensation practices.

16        v)    **Exhibit O** (excerpts from the July 3, 2013 deposition of Defendants'

17   expert witness Kathryn Shaw; redacted version submitted): Page 167:4-

18   5,10-12,14-25, Page 168:1-16, Page 178:17-18,20-22, Page 179:1-2,4-5,7-

19   9,16, and Page 201:14-20 contain confidential and highly sensitive

20   information about Google's compensation practices.

21        5.     Based on the previous declarations submitted by Frank Wagner, the information

22   identified in Paragraph 4 above is confidential and highly sensitive commercial information,

23   from which Google derives economic benefit by maintaining its confidentiality.  Dkts. 201, 221

24   and 261.  Google does not disclose this information to its competitors, customers or the general

25   public.  *Id.*  Public disclosure of this information would likely result in competitive harm to

26   Google by giving third parties, including its competitors in the labor market, direct insight into

27   confidential and sensitive aspects of Google's internal decision-making processes and business

28   strategy related to employee compensation.  *Id.*

1        I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.

3  Executed on July 19, 2013 in Palo Alto, California.     /s/    Anne M. Selin_____

                                             Anne M. Selin