| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|   | DONN P. PICKETT (SBN 72257) |
| 2 | FRANK M. HINMAN (SBN 157402) |
|   | KRYSTAL N. BOWEN (SBN 163972) |
| 3 | SUJAL J. SHAH (SBN 215230) |
|   | SUSAN J. WELCH (SBN 232620) |
| 4 | FRANK BUSCH (SBN 258288) |
|   | Three Embarcadero Center |
| 5 | San Francisco, CA  94111-4067 |
|   | Telephone:  415.393.2000 |
| 6 | Facsimile:  415.393.2286 |
|   | donn.pickett@bingham.com |
| 7 | frank.hinman@bingham.com |
|   | krystal.bowen@bingham.com |
| 8 | sujal.shah@bingham.com |
|   | susan.welch@bingham.com |
| 9 | frank.busch@bingham.com |
| 10 | Attorneys for Defendant |
|    | Intel Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF FRANK BUSCH IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| ALL ACTIONS | |
| | Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Frank Busch, declare:

1. I am an attorney duly licensed to practice law in the State of California, and an associate at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on information and belief. On behalf of Intel, I make this declaration pursuant to Civil Local Rule 79-5(d) and 7-11(a) to demonstrate that good cause exists for the documents described below to remain under seal. I make this declaration in support of Defendants' Joint Administrative Motion to Seal filed concurrently with this Declaration. If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information That Should Be Sealed*

2. I have reviewed the sealed portions of: (1) Plaintiffs' Reply In Support of Supplemental Motion for Class Certification ("Reply", Dkt. 455); (2) the Rebuttal Supplemental Expert Report of Edward E. Leamer, Ph.D. ("Leamer", Dkt. 457); and (3) the Declaration of Anne B. Shaver in Support of Plaintiffs' Supplemental Motion for Class Certification ("Shaver", Dkt. 456) filed by plaintiffs on July 12, 2013. As described below, they quote from and reference Intel's documents and data that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

3. The types of information reflected in the documents at issue here are similar to the types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203) ("Evangelista Declaration").

### *The Reasons For Sealing The Redacted Information And Underlying Documents*

4. According to the Evangelista Declaration, because the types of information contained in redacted portions of the above-referenced filings are similar to the types of information described therein, the following reasons support the motion to seal.

5. The Intel documents and data quoted or described in the above-referenced filings contain information regarding confidential business practices that gives Intel a competitive

1  advantage in recruiting, retaining and compensating its employees

2      6.    Intel derives independent economic value from the strategic information and data
3  contained in these types of documents not being generally known to the public or to other
4  persons, including Intel's many labor market competitors, who can obtain economic value from
5  its disclosure or use.

6      7.    It is Intel's practice to treat these types of documents and data as confidential, and
7  not to disclose them outside the company. I am informed and believe that Intel has taken
8  reasonable steps to ensure that these documents remain confidential, including designating them
9  AEO pursuant to the Protective Order filed in this Action.

10     8.    Specifically, Intel seeks to seal the following Intel confidential, commercially
11 sensitive information in the above-referenced filings:

- **Reply at 12:15-19 and 13:12-15** reflects Intel's compensation strategies. In particular, it shows how Intel uses its annual review process to fairly compensate its employees.

- **Leamer at Paragraph 23** reflects Intel's compensation strategies. In particular, it describes Intel's strategies for responding to market pressure on specific job categories.

- **Leamer at Figure 9** reflects Intel's compensation strategies. In particular, it shows how often Intel employees receive base compensation within the salary range set for their grade.

- **Shaver at Exhibit F pages 45:22, 46:2-3, and 98:5-10** contains confidential employee information. In particular, it names individual Intel employees who have not sought to make their identities known or placed in the public record.

- **Shaver at Exhibit F pages 46:23-25, 75:2-8, and 76:17-25** contains confidential employee information. In particular, it describes the deponent's individual performance ratings and grade levels.

- **Shaver at Exhibit F pages 47:4-8, 74:5-75:1, 75:14-20, 99:1-102:25** reflects Intel's compensation strategies. In particular, it provides proprietary details about Intel

policies and pilot programs created to ensure that Intel properly compensates its employees.

- **Shaver at Exhibit H pages 181:19-182:15 and 183:5-25** reflects Intel's compensation strategies. In particular, these passages describe Intel's use of unique compensation system features to ensure that Intel employees are properly compensated.

- **Shaver at Exhibit O pages 96:4-98:19** reflects Intel's employment strategies. In particular, these passages identify information related to specific Intel job titles and the number of managers Intel assigns to all employees within those titles.

### *The Particularized Harm Disclosure Would Cause*

9.   According to the Evangelista Declaration, because the types of information redacted from the above-referenced documents are similar to the types of information described therein, Intel would suffer the following particularized harm if the redacted information is disclosed to the public. The public disclosure of the Intel confidential information contained in Intel's documents and data described above would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and compensate its employees. Public disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related strategies, policies and practices would also deprive Intel of its investment in developing those strategies and give the scores of other companies with which Intel competes an unearned advantage by giving them the benefit of Intel's investments. Public disclosure of Intel's detailed compensation data would also give those other companies an unearned advantage by giving them the benefit of Intel's compensation strategies, compensation levels, and other related information.

10.   Because these documents cannot be disclosed to the public without causing this harm, their contents should be protected by redacting them and each reference to their contents from public filings.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed
2  in San Francisco, California on July 19, 2013.

3
4
5                                                   /s/ Frank Busch
                                                       Frank Busch
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF FRANK BUSCH

A/75649617.1