# EXHIBIT J

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3                   SAN JOSE DIVISION

 4

 5    IN RE: HIGH-TECH EMPLOYEE       )

 6    ANTITRUST LITIGATION            )

 7                                    )   No.  11-CV-2509-LHK

 8    THIS DOCUMENT RELATES TO:       )

 9    ALL ACTIONS.                    )

10    _____ )

11

12        VIDEOTAPED DEPOSITION OF MASON STUBBLEFIELD

13                 ATTORNEYS' EYES ONLY

14                 Friday, March 29, 2013

15

16

17

18

19

20

21

22

23

24    Reported By:

25    KATHLEEN WILKINS, CSR #10068, RPR-RMR-CRR-CCRR-CLR
```

Deposition of Mason Stubblefield                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

Deposition of Mason Stubblefield                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

10:43:32  1  &#9608;

&#9608;

10:43:34  3          MR. KIERNAN:  Object to form.  Sorry.

10:43:38  4  Object to form.

10:43:40  5          THE WITNESS:  &#9608;

&#9608;

&#9608;

&#9608;

10:43:47  9  BY MS. DERMODY:

10:43:47 10          Q.  &#9608;

&#9608;

&#9608;

&#9608;

&#9608;

&#9608;

&#9608;

10:44:03 17          Q.   Okay.  And you mentioned that you were

10:44:06 18  involved in the audit process.

10:44:08 19          Was someone else also involved with you

10:44:11 20  reviewing the managers in your area?

10:44:14 21          A.  &#9608;

&#9608;

&#9608;

&#9608;

&#9608;

11:35:03   1          Q.      Sure.



Deposition of Mason Stubblefield                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



11:39:57 21   BY MS. DERMODY:

11:39:57 22        Q.    And I think you testified earlier that

11:39:58 23   the compensation, including decisions about

11:40:01 24   equity,

In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

Deposition of Mason Stubblefield                        In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



11:41:11   1       Q.

11:41:49  16       Q.    Okay.   What was that situation?

11:41:50  17

Deposition of Mason Stubblefield                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



11:42:51  9          Q.    Okay.  And do you recall other

11:42:52 10     situations happening before that?

11:42:56 11          A.    I don't recall other situations like

11:42:59 12     that.

11:43:01 13          Q.    Is it possible that they happened but

11:43:04 14     you don't know?  Is that --

11:43:05 15          A.    Sure, it's possible.

11:43:30 16          Q.    Are there any other strategies that

11:43:32 17     you're aware Intuit has used to proactively retain

11:43:37 18     key talent?

11:43:40 19          A.    Yes.

11:43:41 20          Q.    And can you describe those that are

11:43:44 21     compensation-based?

11:43:46 22          A.    Most of the others would not be

11:43:48 23     compensation-based.

11:43:49 24          Q.    Okay.  Are those more work

11:43:54 25     assignment-based?

| | | |
|---|---|---|
| 11:43:56 | 1 | A.    It could be work assignment-based, |
| 11:43:59 | 2 | development-oriented, project work, learning and |
| 11:44:03 | 3 | development opportunities. |
| 11:44:18 | 4 | Q.    Are there any other compensation-based |
| 11:44:21 | 5 | strategies to retain key talent that you're aware |
| 11:44:24 | 6 | Intuit has used that you haven't already |
| 11:44:26 | 7 | described? |
| 11:44:28 | 8 | A.    No, I don't think so. |
| 11:44:28 | 9 | Q.    Okay.  Were you aware that at some point |
| 11:44:40 | 10 | in time, Intuit had a policy not to recruit into |
| 11:44:44 | 11 | certain companies? |
| 11:44:46 | 12 | A.    I'm not aware of any policy like that. |
| 11:44:48 | 13 | Q.    Okay.  Did you become aware of that at |
| 11:44:50 | 14 | some point in time? |
| 11:44:51 | 15 | A.    I'm not aware that Intuit ever had a |
| 11:44:54 | 16 | policy like that. |
| 11:44:56 | 17 | Q.    Were you aware that there was a practice |
| 11:44:58 | 18 | at Intuit not to recruit into some companies? |
| 11:45:01 | 19 | A.    No.  No, I was not. |
| 11:45:02 | 20 | Q.    Okay.  It's not something you ever heard |
| 11:45:04 | 21 | anyone talk about? |
| 11:45:05 | 22 | A.    No. |
| 11:45:10 | 23 | Q.    Were you aware that Intuit was |
| 11:45:13 | 24 | investigated by the Department of Justice in |
| 11:45:15 | 25 | connection with recruiting into other companies? |

| | | |
|---|---|---|
| 11:45:17 | 1 | A.    Yes, I am aware of that. |
| 11:45:19 | 2 | Q.    And when did you become aware of that? |
| 11:45:22 | 3 | A.    Probably soon after it -- or at the time |
| 11:45:25 | 4 | it became public. |
| 11:45:26 | 5 | Q.    Okay.  And I'm aware that there's more |
| 11:45:28 | 6 | than one set of investigations, so the only one |
| 11:45:31 | 7 | I'm concerned about is the one involving this |
| 11:45:34 | 8 | case, if that's clear to you. |
| 11:45:37 | 9 | A.    Okay. |
| 11:45:38 | 10 | Q.    Did you participate in the Department of |
| 11:45:39 | 11 | Justice investigation on behalf of Intuit? |
| 11:45:42 | 12 | A.    No, I did not. |
| 11:45:43 | 13 | Q.    You weren't interviewed by DOJ? |
| 11:45:45 | 14 | A.    No, I was not. |
| 11:46:17 | 15 | Q.    That one has already been marked, so I |
| 11:46:19 | 16 | can pass it right to you.  That should have the |
| 11:46:22 | 17 | deposition Exhibit 918. |
| 11:46:25 | 18 |       Do you see that? |
| 11:46:26 | 19 | A.    Yes. |
| 11:46:28 | 20 | Q.    Have you seen this document before? |
| 11:46:34 | 21 | A.    I have seen it before. |
| 11:46:35 | 22 | Q.    Prior to preparing for your deposition, |
| 11:46:37 | 23 | had you seen this before? |
| 11:46:38 | 24 | A.    No, I had not. |
| 11:46:39 | 25 | Q.    Have you ever talked to Mr. McNeal about |

Deposition of Mason Stubblefield                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

| | | |
|---|---|---|
| 11:46:42 | 1 | a do not contact list at Intuit? |
| 11:46:47 | 2 | A.    No. |
| 11:46:49 | 3 | Q.    Or how about Mr. Nguyen? |
| 11:46:51 | 4 | A.    No. |
| 11:46:52 | 5 | Q.    Or Miss Ross? |
| 11:46:52 | 6 | A.    No. |
| 11:47:00 | 7 | Q.    Do you have any type of relationship |
| 11:47:01 | 8 | with Mr. Bill Campbell? |
| 11:47:05 | 9 | A.    Yes. |
| 11:47:06 | 10 | Q.    Okay.  And do you have a regular |
| 11:47:12 | 11 | occasion to meet with him? |
| 11:47:13 | 12 | A.    Yes. |
| 11:47:14 | 13 | Q.    And what is that? |
| 11:47:16 | 14 | A.    There's a couple of situations. ▮ |

Deposition of Mason Stubblefield                    In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
11:49:06   1    at any other companies in the valley about

11:49:09   2    recruiting issues?

11:49:11   3        A.    What do you mean by "recruiting issues"?

11:49:14   4        Q.    About whether there should be certain

11:49:16   5    people off limits to recruiting across companies?

11:49:19   6        A.    No.

11:49:47   7        Q.    Let me ask you about Mr. Steve Jobs.

11:49:50   8              Did you have any relationship with him

11:49:51   9    when he was at -- still at Apple?

11:49:58  10        A.    No, none at all.

11:49:59  11        Q.    Okay.

11:49:59  12              (Whereupon, Deposition Exhibit 2738

11:49:59  13        was marked for identification.)

11:50:10  14    BY MS. DERMODY:

11:50:10  15        Q.    The document placed in front of you as

11:50:12  16    Exhibit 2738 should bear an Intuit number on the

11:50:15  17    front cover, -43557.

11:50:19  18              Do you see that?

11:50:19  19        A.    Yes.

11:50:19  20        Q.    And in the document, I don't think there

11:50:21  21    are page numbers themselves, so bear with me as we

11:50:24  22    go through this.

11:50:27  23              If you look at the document, is this a

11:50:30  24    document or a spreadsheet that you recognize as

11:50:33  25    being used in the compensation area at Intuit?
```

Deposition of Mason Stubblefield                    In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
11:50:43  1        A.    So -- yes.

11:50:44  2        Q.    And can you explain what this is?

11:50:50  3        A.    I can try.

11:50:52  4
```

Deposition of Mason Stubblefield                In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
11:52:00  1     table inside that system and how values were set.

11:52:02  2     So it's a screen shot of PeopleSoft.

11:52:05  3         Q.    Okay.

11:52:05  4         A.    So this document on its own could never

11:52:08  5     have been produced by itself just based on it

11:52:10  6     being a collection of different things.

11:52:11  7         Q.    Okay.  On that nine blocker control

11:52:17  8     section --

11:52:17  9         A.    Yes.

11:52:17 10         Q.    -- can you just walk me through what the

11:52:19 11     different columns are?

11:52:28 12         A.    I'll try.

11:52:29 13
```

Deposition of Mason Stubblefield                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION



11:53:36 12          Q.     Okay.  I'm not sure if the page that

11:53:42 13    follows is an excerpt from the very last page or

11:53:48 14    these are different things.

11:53:51 15          A.     It's similar to what's on the very last

11:53:53 16    page, and so it may have been -- it may have been

11:53:56 17    part of a working product to get to what would end

11:53:59 18    up on that last page.  So it's from an Excel file

11:54:02 19    and it was essentially a way to build or manage

11:54:05 20    the targets that got put back into the control

11:54:07 21    table, the nine block control table.

11:54:10 22              This would be the basis for having --

11:54:12 23    having an input document to put those -- those

11:54:16 24    values into the system.



11:54:38   5   This is a document that was used to build the system or to structure values in the system.

11:54:40   6

11:54:41   7   Q.

| | | |
|---|---|---|
| 11:55:48 | 1 | ████████████████████ |
| 11:55:50 | 2 | A.    Yes. |
| 11:55:51 | 3 | Q.    Okay. |
| 11:55:52 | 4 | A.    That's correct. |
| 11:56:38 | 5 | Q.    Mr. Stubblefield, the document placed in |
| 11:56:39 | 6 | front of you should have a number in the front, |
| 11:56:41 | 7 | Exhibit 1761. |
| 11:56:44 | 8 | Do you see that? |
| 11:56:44 | 9 | A.    Yes. |
| 11:56:47 | 10 | Q.    If you'll open to the next page of it, |
| 11:56:53 | 11 | it starts what appears to be a PowerPoint, or |
| 11:56:55 | 12 | something like that, a presentation of some sort. |
| 11:56:58 | 13 | Do you recognize what this is? |
| 11:57:01 | 14 | A.    So in looking at the presentation, I'm |
| 11:57:04 | 15 | familiar with it.  I don't remember the -- I don't |
| 11:57:06 | 16 | know the exact context of how this was used. |
| 11:57:09 | 17 | Q.    If you look on the second page, there |
| 11:57:12 | 18 | are page numbers in the lower left corner. |
| 11:57:16 | 19 | A.    Yes. |
| 11:57:16 | 20 | Q.    Might be helpful. |
| 11:57:18 | 21 | You'll see that there is a date in the |
| 11:57:19 | 22 | middle where it says January 7, 2005. |
| 11:57:22 | 23 | Do you see that? |
| 11:57:23 | 24 | A.    Yes. |
| 11:57:24 | 25 | Q.    And do you know in this time period who |

1            I, Kathleen A. Wilkins, Certified

2       Shorthand Reporter licensed in the State of

3       California, License No. 10068, hereby certify that

4       the deponent was by me first duly sworn and the

5       foregoing testimony was reported by me and was

6       thereafter transcribed with computer-aided

7       transcription; that the foregoing is a full,

8       complete and true record of said proceedings.

9            I further certify that I am not of

10      counsel or attorney for either of any of the

11      parties in the foregoing proceeding and caption

12      named or in any way interested in the outcome of

13      the cause in said caption.

14            The dismantling, unsealing, or unbinding

15      of the original transcript will render the

16      reporter's Certificates null and void.

17            In witness whereof, I have hereunto set

18      my hand this day:  April 4, 2013.

19          ___x___ Reading and Signing was requested.

20          _____ Reading and Signing was waived.

21          _____ Reading and signing was not requested.

22          _____

23          KATHLEEN A. WILKINS

24          CSR 10068, RPR-RMR-CRR-CCRR-CLR

25