GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
AMANDA R. CONLEY (Bar. No. 281270)
aconley@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |

1   I, Christina Brown, declare as follows:

2   1.   I am a member of the Bar of the State of California and a counsel of the law firm
3   of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in
4   support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal
5   with respect to Plaintiffs' Reply in Support of the Supplemental Motion for Class Certification. I
6   make this declaration based on my own personal knowledge and information provided to me. If
7   called to testify as a witness, I could and would do so competently.

8   2. Apple seeks to seal only limited portions of the following documents: (i) Plaintiffs'
9   Reply in Support of Supplemental Motion for Class Certification; (ii) the Rebuttal Supplemental
10  Expert Report of Edward E. Leamer, Ph.D.; and (iii) certain exhibits to the Declaration of Anne
11  B. Shaver in Support of Plaintiffs' Reply in Support of Supplemental Class Certification Motion.
12  I have reviewed these documents, and I believe there is good cause to maintain under seal the
13  portions set forth below. As described below, they contain, rely upon, and reflect information
14  designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated
15  Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

16  3.   The following portions of Plaintiffs' Reply in Support of Supplemental Motion for
17  Class Certification (Dkt. 455) disclose Apple's highly confidential and competitively sensitive
18  practices and strategies regarding employee compensation:

19  - Page 12, line 22 describes Apple's strategies and practices for determining and
20    adjusting employee compensation; and
21  - Page 13, lines 5 and 6-9 describe Apple's strategies and practices for adjusting
22    employee compensation.

23  4.   Page 35, Figure 7 to the Rebuttal Supplemental Expert Report of Edward E.
24  Leamer, Ph.D. (Dkt. 457) discloses Apple's highly confidential and competitively sensitive
25  employee compensation data.

26  5.   The following exhibits to the Declaration of Anne B. Shaver in Support of
27  Plaintiffs' Reply in Support of Supplemental Class Certification Motion (Dkt. 456) disclose
28  Apple's highly confidential and competitively sensitive employee hiring and compensation

- 1 -

strategies:

- Exhibit D (deposition excerpts of Tony Fadell), pages 51 and 53-54, describes Apple's strategies and practices with respect to employee hiring and determining and adjusting employee compensation;

- Exhibit L (deposition excerpts of expert witness Kevin Hallock), page 120, reflects Apple's strategies for determining and adjusting employee compensation; and

- Exhibit O (deposition excerpts of expert witness Kathryn Shaw), page 148, reflects Apple's strategy with respect to determining employee compensation.

6. As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies. Public disclosure of this information would deprive Apple of its investment in developing these strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees. Apple would therefore be prejudiced if this information were made available to the general public.

7. Because these portions of the documents cannot be publicly disclosed without causing serious harm, as described above, Apple requests that they be maintained under seal and redacted from the publicly-filed versions of the documents.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 19, 2013, in San Francisco, California.

By: /s/ *Christina J. Brown*
     Christina Brown