1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Eric B. Fastiff (State Bar No. 182260)
    Brendan P. Glackin (State Bar No. 199643)
3   Dean M. Harvey (State Bar No. 250298)
    Anne B. Shaver (State Bar No. 255928)
4   Lisa J. Cisneros (State Bar No. 251473)
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, California  94111-3339
6   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
7
    Joseph R. Saveri (State Bar No. 130064)
8   Lisa J. Leebove (State Bar No. 186705)
    James G. Dallal (State Bar No. 277826)
9   JOSEPH SAVERI LAW FIRM
    505 Montgomery Street, Suite 625
10  San Francisco, California 94111
    Telephone:  (415) 500-6800
11  Facsimile:   (415) 395-9940

12  *Co-Lead Class Counsel*

13  [Additional counsel listed on signature page]

14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        SAN JOSE DIVISION

18

19  IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
20                                     **ADMINISTRATIVE MOTION TO**
    THIS DOCUMENT RELATES TO:          **ENFORCE LOCAL RULE 7-3(d)(1) AND**
21                                     **STRIKE DEFENDANTS' IMPROPER SUR**
    ALL ACTIONS                        **REPLY**
22

23

24

25

26

27

28

1   Pursuant to Local Rule 7-11, Plaintiffs respectfully submit this administrative motion to

2   enforce Local Rule 7-3(d)(1) and strike Defendants' July 19, 2013 "Objections to Evidence,"

3   Dkt. 469.  Defendants' filing violates Local Rule 7-3(d)(1) because it is an improper sur-reply

4   against Plaintiffs' pending Supplemental Class Certification Motion.

5   **I.    Defendants' Filing Is Prohibited "Further Argument"**

6   Defendants filed their sur-reply pursuant to Local Rule 7-3(d), which permits brief

7   objections to new evidence submitted in support of a motion.  The Rule expressly prohibits

8   "further argument on the motion."  L.R. 7-3(d)(1).  Defendants' sur-reply is almost entirely

9   "further argument."  The majority of the filing is an argument that Plaintiffs have somehow

10  unfairly characterized the testimony of Drs. Murphy and Shaw.  Although Defendants try to

11  frame their argument as an issue of completeness, in every instance in which Plaintiffs cited or

12  quoted deposition testimony, Plaintiffs filed deposition designations that contained the entire

13  preceding question and the entire answer.  In fact, Plaintiffs also filed the transcript page before

14  and after each complete designation.  *See* Decl. of Anne B. Shaver In Support of Pls.' Supp. Mot.

15  for Class Certification, Exs. N and O (Dkt. 456).  That is why the sur-reply itself cites to the

16  Shaver Declaration for the testimony Plaintiffs supposedly omitted.  Sur-Reply 2:2, 4, 9, 11, 23,

17  27; 3:8, 10, 12, 13; 5:6, 10.  Defendants' purpose is not to supplement the record, it is to submit

18  impermissible "further argument on the motion."  L.R. 7-3(d)(1).  Plaintiffs accurately

19  represented—and in most places quoted—the sworn testimony of Defendants' experts.  Dr.

20  Murphy indeed admitted that averaging aggregate data at an appropriate level is a valid statistical

21  tool for detecting systematic effects.  Dr. Shaw admitted she did not assess the degree to which

22  Defendants controlled and managed whatever discretion junior managers had.  Defendants' desire

23  to distance themselves from their own experts' testimony does not justify their submission of new

24  argument.

25  This is not the first time Defendants have flouted the Local Rules and this Court's orders

26  by submitting additional argument.  *See* Nov. 12, 2012 Order re Administrative Motions (Dkt.

27  242) (prohibiting Defendants from filing a reply in support of their unauthorized motion to strike,

28  and requiring Defendants to comply with Civil Local Rules 7-3(a) and 3-4(c)(2) concerning font,

1  font size, and line spacing); and May 15, 2013 Case Management Order (Dkt. 421) ("If the parties

2  intend to move to strike any of the expert testimony or other evidence offered in connection with

3  class certification, the parties must make such motion within the page limits allotted for the class

4  certification briefing."). This time, Defendants again failed to meet and confer with Plaintiffs

5  prior to filing their improper sur-reply. Declaration of Dean M. Harvey in Support of Plaintiffs'

6  Administrative Motion ("Harvey Decl.") ¶ 2. On Monday, July 22, 2013, Plaintiffs wrote

7  Defendants and explained that their sur-reply violated the Local Rules and should be withdrawn.

8  Harvey Decl. ¶ 3 and Ex. A. Plaintiffs offered to meet and confer on the matter. *Id.* Defendants

9  did not meet and confer regarding the request and refused to withdraw the sur-reply, requiring

10  further burdening of the parties and the Court with the instant administrative motion. Harvey

11  Decl. ¶ 4 and Ex. B. Such serial and knowing violations of the Local Rules should not be

12  permitted to continue.

13  **II.    Dr. Leamer Did Not Provide A New Theory In His Rebuttal Supplemental Report**

14        Defendants claim Dr. Leamer's rebuttal supplemental report contains a "new" and

15  "incorrect" theory that the effects of cold calls are greater than the sum of the individual calls; in

16  other words, they are "*superadditive*." Sur-Reply 4:8 (emphasis in original). Defendants

17  apparently fail to realize that the term "super-additive" was first used by Dr. Murphy, not

18  Dr. Leamer. Dr. Murphy testified that "super-additive" is a "term that people use" to refer to

19  social influences that "reinforce one another to create a greater effect than you would have if you

20  simply added them together . . . ." Murphy Dep. 463:5-11. Dr. Murphy also explained that "the

21  existence of social effects can enhance the direct effects, or the individual level effect," *id.*

22  463:19-21, and Dr. Murphy agreed that "if there are enough social influences that are

23  complementary, they can reach a tipping point that will actually provoke a major change": "Yeah.

24  You can build those models. I mean, we have some in the book. You can build those kind of

25  models for sure." *Id.* 466:2-8. Dr. Leamer made clear that his use of the term "super-additive" is

26  in direct response to Dr. Murphy. Leamer IV ¶ 20 ("or to use Dr. Murphy's preferred term,

27  'super-additive'").

28        While Dr. Murphy introduced the term, the idea is not new. Dr. Leamer's reports from

1    last year discussed at length how "small changes in the information flow have large

2    consequences."  Leamer II ¶ 5.  *See also* Leamer I ¶¶ 71-76, 84 (discussing price discovery);

3    Leamer II ¶¶ 34-40 (discussing how suppression of even small amounts of information can have a

4    profound effect on pay levels throughout a firm).  At his deposition, Dr. Leamer referred to his

5    earlier report on this topic and explained that individual solicitations that Defendants "think of as

6    small" are important because: (1) Defendants "chose to interfere in these specific channels"; and

7    (2) "information economics allows for what seemed like small changes in the informational flow

8    to have large impacts on the equilibrium."  Leamer Dep. 830:7-831:15 (referencing the Nobel

9    Prize winning work of Joseph Stiglitz on information economics, summarized at Leamer II ¶ 37).

10   As Drs. Leamer and Hallock have explained repeatedly, an estimate of the effects of Defendants'

11   anti-solicitation agreements must account for the systematic impact of suppressed information

12   and of top-down efforts to adjust pay structures.  *See* Leamer I ¶¶ 71-76, 81-88, 107-134; Leamer

13   II ¶¶ 5, 7, 11-56; Leamer III ¶¶ 14-21; Leamer IV ¶¶ 3, 4, 8-35, 38, 67; Hallock ¶¶ 8, 10-240.

14           Defendants' senior executives who had responsibility for company-wide pay entered into

15   the anti-solicitation agreements to eliminate entire channels of competition, not to eliminate any

16   individual solicitation.  The effect of a key competitor going "A through Z" and calling

17   "everybody that was a mid-level engineer and above," Campbell 30:16-22, is much more than

18   merely the sum of individual calls: "it messes up the pay structure.  It does.  It makes it very high.

19   . . . That's just the reality we've got.  And I do feel strongly about it."  Catmull 179:17-25.  One

20   cannot estimate the effects of Defendants' company-wide anti-solicitation agreements by

21   examining only individual employees, ignoring systematic effects and the voluminous supporting

22   record.  When acting as scholars rather than litigation consultants, Defendants' own experts

23   agree.  *See*, *e.g.*, Ex. 2857 (excerpt from "Social Economics: Market Behavior in a Social

24   Environment," by Gary Becker and Kevin Murphy, at p. 15: "The social multiplier creates a

25   cascading effect as members of a social group influence and reinforce one another's behavior.");

26   Ex. 2847 ("Insider Econometrics: A Roadmap with Stops Along the Way," by Kathryn Shaw).

27           There is nothing "new" or "incorrect" about Dr. Leamer's rebuttal analysis.  Defendants'

28   "objection" should be denied.

**III.    Dr. Leamer's Examination of Dr. Shaw's Unsupported Hypothesis Is Proper Rebuttal**

Defendants also argue that Dr. Leamer's rebuttal analysis of Defendants' salary ranges is "untimely" and "misleading."  Sur-Reply 4:24.  While Dr. Hallock conducted a detailed empirical analysis of Defendants' pay ranges, Dr. Shaw ignored them and provided the unsupported hypothesis that Defendants' pay ranges were irrelevant to actual employee pay.  Dr. Leamer investigated this hypothesis by comparing Defendants' pay ranges with Defendants' compensation data.  Dr. Leamer confirmed that Dr. Shaw is incorrect.  Supp. Reply 14; Leamer IV ¶ 67.  Defendants concede the accuracy of Dr. Leamer's result and there is nothing misleading about it.  Dr. Shaw is simply wrong.  Defendants are under the misimpression that they can assert anything in an opposition, no matter how unsupported or outlandish, and Plaintiffs cannot rebut that assertion with facts.

**IV.    Plaintiffs Provided Defendants with The Sandberg Declaration Over A Month Before Their Opposition Was Due**

Finally, Defendants seek to strike the Sandberg Declaration on the basis that Plaintiffs "waited until the reply to submit her declaration, leaving Defendants with no opportunity to respond."  Sur-Reply 5:14-17.  In fact, pending discovery concerning Ms. Sandberg was discussed at the May 15, 2013 Case Management Conference, five days after Plaintiffs filed their supplemental class certification motion.  The Court instructed Plaintiffs to resolve the matter promptly and, two days later, Plaintiffs concluded the issue by obtaining a declaration from Ms. Sandberg that was produced immediately to Defendants.  *See* May 17, 2013 Joint Discovery Status Report (Dkt. 423).  Defendants filed their opposition to the supplemental class certification motion on June 21, 2013, over a month later.  Notably, Defendants ignored the declaration and sought no discovery of their own into Ms. Sandberg's statements.

**V.    Conclusion**

For the foregoing reasons, Plaintiffs' administrative motion should be granted.

Dated:  July 23, 2013          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:  /s/ Kelly M. Dermody
Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008


JOSEPH SAVERI LAW FIRM


By:  /s/ Joseph R. Saveri
Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940

*Co-Lead Class Counsel*

Eric L. Cramer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (800) 424-6690
Facsimile:  (215) 875-4604

Linda P. Nussbaum
Peter A. Barile III
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:  (646) 722-8501

*Class Counsel*