1  [Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509 LHK<br><br>**DEFENDANTS ADOBE, APPLE, GOOGLE, INTEL, AND INTUIT'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE**<br><br>Courtroom:  8, 4th Floor<br>Judge:  The Honorable Lucy H. Koh |

Defendants' Objections to Evidence in Plaintiffs' Reply in Support of Supplemental Class Certification Motion and the Rebuttal Supplemental Expert Report of Edward E. Leamer, Ph.D. (Dkt. 469) are entirely proper under Local Rule 7-3(d)(1). They are not a sur-reply as Plaintiffs suggest. To the contrary, they are valid objections to (1) the incomplete and misleading citations to Dr. Murphy's and Dr. Shaw's deposition testimony, which should be supplemented under the rule of completeness; (2) Dr. Leamer's new theory that cold call "bursts" have a "superadditive" effect and his new analysis of salary ranges, both of which constitute improper rebuttal and should be stricken as untimely; and (3) the Sheryl Sandberg declaration, which is also untimely and should be stricken. Plaintiffs' motion to strike these objections (Dkt. 479) is unfounded and should be denied.

**I.    Defendants' Objections Comply with Local Rule 7-3(d)(1) and Properly State Objections to New Evidence Submitted with Plaintiffs' Reply Papers**

Defendants' objections fall squarely within the provisions of Local Rule 7-3(d)(1), which directs that "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion." This Court and others in this District have recognized Rule 7-3(d)(1) as the appropriate vehicle for objecting to evidence and arguments first submitted with a reply brief. *See, e.g.*, *Willner v. Manpower Inc.*, Case No. 11-cv-02846-JST, 2013 U.S. Dist. LEXIS 92348 at *8 (N.D. Cal. July 1, 2013) (finding Rule 7-3(d)(1) objections valid and thus disregarding reply arguments and facts for purposes of resolving pending motion); *Tech. & Intellectual Property Strategies Group PC v. Insperity, Inc.*, Case No. 12-cv-03163-LHK, 2012 WL 6001098 at *14 n.6 (N.D. Cal. Nov. 29, 2012) (granting request to strike attachments to reply brief pursuant to Rule 7-3(d)(1)); *Simpson v. Best Western Int'l, Inc.*, Case No. 12-cv-04672-JCS, 2012 WL 5499928 at *2 (N.D. Cal. Nov. 13, 2012) (Rule 7-3(d)(1) provides means for challenging new evidence submitted with reply).

Contrary to Plaintiffs' suggestion, Defendants' objections do not reargue the supplemental class certification motion or constitute a sur-reply brief. Instead, as required by Rule 7-3(d)(1), they set forth specific objections to Plaintiffs' reply evidence and explain the legal and factual

grounds for each.  Objecting to evidence under Rule 7-3(d)(1) necessarily entails a substantive explanation of the reasons for the objections.  *Simpson*, 2012 WL 5499928 at *2 ("Although such filing 'may not include further argument on the motion[,]' the objecting party should state some substantive challenge to the evidence to which he or she objects.") (quoting Rule 7-3(d)(1)).  Had Defendants declined to provide such substantive explanation, the objections could be subject to attack for lacking appropriate specificity or support.  The inclusion of substantive argument in support of the objections themselves does not transform the filing into a sur-reply and is appropriate under Rule 7-3(d)(1).

Plaintiffs' further suggestion that the objections somehow violate the Court's scheduling orders or other local rules is also misplaced.  Defendants could not have raised these objections in their opposition brief because they pertain to new evidence introduced for the first time in Plaintiffs' reply papers.  This is precisely why Rule 7-3(d)(1) provides a means for objecting to reply evidence within seven days after its filing.  Nor is there any meet and confer requirement prior to filing such objections.  Plaintiffs' motion to strike constitutes an unauthorized attempt to provide substantive argument against the objections themselves.  Defendants' objections meet all requirements of Rule 7-3(d)(1), and the Court should consider and rule on them.

## II. Defendants Should Be Permitted to Correct Plaintiffs' Misleading Quotations and Characterizations of Dr. Murphy's and Dr. Shaw's Deposition Testimony Under the Rule of Completeness

Federal Rule of Evidence 106 expressly provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."  This rule applies with particular force where, as here, the evidence has been introduced in a misleading or distorted manner.  The "rule of completeness" is designed to "avoid the unfairness inherent in '[t]he misleading impression created by taking matters out of context.'"  *United States v. Dorrell*, 758 F.2d 427, 434 (9th Cir. 1985) (quoting Fed. R. Evid. 106 advisory committee note).  Plaintiffs' incomplete quoting of Dr. Murphy's and Dr. Shaw's deposition testimony creates the very kind of "misleading impression" that demands application of Rule 106.

DEFS.' OPP'N TO PLS.' MOT. TO STRIKE
OBJECTIONS TO REPLY EVIDENCE
NO. 11-CV-2509 LHK

There are numerous instances where Plaintiffs have misstated the question posed or quoted only the first word or portion of an answer to suggest something different from what Dr. Murphy or Dr. Shaw actually said.  Defendants' objections merely request that the Court consider—on rule of completeness grounds—other portions of the transcripts related to the most egregious examples of Plaintiffs' misleading and incomplete use of the experts' testimony (five for Dr. Murphy and two for Dr. Shaw).  Some of this additional testimony is already part of the record and attached to the Shaver Declaration filed in support of Plaintiffs' reply (Dkt. 456, Exs. N and O).  But even where the additional testimony is included somewhere within their exhibits, Plaintiffs' mischaracterization of the testimony in their brief is misleading and requires correction.  In other instances, Plaintiffs excluded the additional testimony altogether, and it is attached to the Brown Declaration accompanying the Objections (Dkt. 471, Exs. A and B).  Defendants properly objected to Plaintiffs' misleading characterizations of the experts' testimony and ask the Court consider the full testimony under the rule of completeness.

**III.  Defendants Properly Objected to the New "Superadditive" Theory and Salary Ranges Analysis that Dr. Leamer Offered for the First Time in His Rebuttal Report**

Dr. Leamer has never before asserted his new theory that "bursts" of cold calls have a "superadditive" effect (Leamer Rebuttal ¶ 3), even though his reports have focused on the potential effects of cold calls from the very beginning.  Dr. Leamer made no mention of this theory in his opening report of October 2012, which was directed specifically at establishing the impact of cold calls.  After Defendants' opposition introduced testimony from the named plaintiffs—none of whom ever negotiated a raise based on a cold call to himself or another employee—Dr. Leamer still offered no such theory in his reply report of December 2012.  Nor did Dr. Leamer suggest anything about a superadditive effect of bursts of cold calls in his supplemental report of May 2013.  In short, Dr. Leamer has never used the terms "superadditive" or cold call "burst" in any of his three prior reports or two depositions in this case, and he has never described such an effect in any other manner.  That his new "superadditive" theory is inconsistent with his prior testimony regarding the effect of a single cold call (Objections at 4) underscores the significant shift in his positions.

While Dr. Murphy used the terms "super-additive" and "sub-additive" in his most recent deposition in response to questions from Plaintiffs' counsel about those general terms, he used them to describe different types of effects generally—not the effect of cold calls or anything else specific to this case. Murphy Dep. 463:8-11 ("Again, I think it's much easier to discuss this in context. But that's true of effects, generally. Effects can either be super-additive or sub-additive, usually the term that people use."). And Dr. Murphy clarified that the "social multiplier" Plaintiffs questioned him about is distinct from a "super-additive effect." *Id.* at 463:12-464:16. That Dr. Murphy has previously used the term "superadditive" in other contexts in response to specific questions during his deposition in no way changes the fact that Dr. Leamer's hypothesis regarding bursts of cold calls having a superadditive effect is an entirely new theory that should not be introduced in reply papers.

With respect to Dr. Leamer's comparison of Defendants' recommended salary ranges to their salary data, Plaintiffs do not dispute that it is a new analysis offered for the first time in his rebuttal report. Nor do they dispute that they have had both the salary ranges and salary data for months, or that they could have presented such an analysis in their opening papers. While they now claim that Dr. Leamer's analysis "confirmed that Dr. Shaw is incorrect," Plaintiffs fail even to address Dr. Shaw's deposition testimony explaining why such an analysis would have no impact on her opinions. (Objections at 5.)

Plaintiffs introduced both Dr. Leamer's "superadditive" effect theory and his salary ranges analysis for the first time in their reply papers. Neither is proper rebuttal, and they should be stricken as untimely. Should the Court decline to strike them, Defendants should be permitted an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply … the district could should not consider the new evidence without giving the [non-]movant an opportunity to respond.").

**IV.    Defendants Properly Objected to the Sandberg Declaration as Untimely**

Plaintiffs blame Defendants for not seeking their own discovery into the statements in the Sandberg declaration. But they fail to mention that discovery had already been closed for more than a month and a half by the time Plaintiffs withdrew their deposition subpoena and produced


Case 5:11-cv-02509-LHK   Document 485   Filed 07/28/13   Page 6 of 8

the Sandberg declaration on May 17, 2013.  Plaintiffs also gave no indication they planned to submit the declaration in support of their supplemental class certification motion until filing their reply on July 12, 2013.  The submission of the Sandberg declaration is an improper attempt to introduce new evidence on reply, and the declaration should thus be stricken.

**V.     Conclusion**

Plaintiffs' motion to strike Defendants' objections to their reply evidence should be denied.

Dated:  July 28, 2013

By: /s/ George A. Riley
George A. Riley

GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
AMANDA R. CONLEY (Bar No. 281270)
aconley@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Attorneys for Defendant Apple Inc.


By: /s/ Frank M. Hinman
Frank M. Hinman

DONN P. PICKETT (Bar No. 72257)
donn.pickett@bingham.com
FRANK M. HINMAN (Bar No. 157402)
frank.hinman@bingham.com
BINGHAM MCCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:     (415) 393-2000
Facsimile:      (415) 393-2286

Attorneys for Defendant Intel Corp.

1  By: /s/ Lee H. Rubin
         Lee H. Rubin

2

3  EDWARD D. JOHNSON (Bar No. 189475)
   wjohnson@mayerbrown.com
   LEE H. RUBIN (Bar No. 141331)
4  lrubin@mayerbrown.com
   MAYER BROWN LLP
5  Two Palo Alto Square, Suite 300
   Palo Alto, CA  94306-2112
6  Telephone:   (650) 331-2000
   Facsimile:    (650) 331-2060
7
   Attorneys for Defendant Google Inc.
8

9  By: /s/ David C. Kiernan
         David C. Kiernan
10
   ROBERT A. MITTELSTAEDT (Bar No. 60359)
11 ramittelstaedt@jonesday.com
   CRAIG A. WALDMAN (Bar No. 229943)
12 cwaldman@jonesday.com
   DAVID C. KIERNAN (Bar No. 215335)
13 dkiernan@jonesday.com
   JONES DAY
14 555 California Street, 26th Floor
   San Francisco, CA 94104
15 Telephone:   (415) 626-3939
   Facsimile:    (415) 875-5700
16
   Attorneys for Defendant Adobe Systems, Inc.
17

18 By: /s/ Robert A. Mittelstaedt
        Robert A. Mittelstaedt
19
   ROBERT A. MITTELSTAEDT (Bar No. 60359)
20 ramittelstaedt@JonesDay.com
   CRAIG E. STEWART (Bar No. 129530)
21 cestewart@JonesDay.com
   JONES DAY
22 555 California Street, 26th Floor
   San Francisco, CA 94104
23 Telephone:   (415) 626-3939
   Facsimile:    (415) 875-5700
24

25

26

27

28

1  CATHERINE T. ZENG (Bar No. 251231)
   czeng@jonesday.com
2  JONES DAY
   1755 Embarcadero Road
3  Palo Alto, CA  94303
   Telephone:     (650) 739-3939
4  Facsimile:     (650) 739-3900

5  Attorneys for Defendant Intuit Inc.

7  **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.