1 Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
2 Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
3 Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
4 Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN &
5 BERNSTEIN, LLP
275 Battery Street, 29th Floor
6 San Francisco, California 94111-3339
Telephone: 415.956.1000
7 Facsimile: 415.956.1008

8 Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
9 James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
10 505 Montgomery, Suite 625
San Francisco, CA 94111
11 Telephone: 415.500.6800
Facsimile: 415.395.9940
12
*Co-Lead Class Counsel*
13
[Additional counsel listed on signature page]
14

15                        UNITED STATES DISTRICT COURT

16                       NORTHERN DISTRICT OF CALIFORNIA

                              SAN JOSE DIVISION
17

18 IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
19 ANTITRUST LITIGATION
                                       **CLASS ACTION**
20 THIS DOCUMENT RELATES TO:
                                       **DECLARATION OF KELLY M. DERMODY**
21 ALL ACTIONS                         **IN SUPPORT OF MOTION FOR**
                                       **PRELIMINARY APPROVAL**
22

23

24

25

26

27

28

1      I, Kelly M. Dermody, declare:

2          1.      I am an attorney licensed to practice in the Northern District of California.  I am a

3  partner at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Counsel for

4  the named Plaintiffs and the proposed Settlement Class.  I have personal knowledge of the facts

5  set forth herein and could competently testify to them if called as a witness.

6          2.      I am a member in good standing of the bar of the State of California; the United

7  States District Court for the Northern District of California; the United States District Court for

8  the Central District of California; the United States District Court for the District of Colorado; the

9  United States Courts of Appeals for the First, Second, Third, Fourth, Sixth, Seventh, and Ninth

10  Circuits; and the United States Supreme Court.

11                          **Background and Experience**

12          3.      I graduated *magna cum laude* from Harvard University in 1990, and from the

13  University of California at Berkeley (Boalt Hall) School of Law in 1993.  After law school, I

14  clerked for the Honorable John T. Nixon of the United States District Court for the Middle

15  District of Tennessee.  Since 1994, I have practiced with LCHB, where I have represented

16  employees in all aspects of complex litigation.  I chair LCHB's Employment Practice Group.

17          4.      Selected Case Results:

18              a.      I have served as class counsel for employees in numerous cases, including

19  *Butler v. Home Depot*, Case No. C94-4335 SI (N.D. Cal.) (certified gender discrimination class

20  action on behalf of 25,000 women that settled for comprehensive injunctive relief and a common

21  fund of $87.5 million); *Gonzalez v. Abercrombie & Fitch Stores, Inc.*, Case No. 03-2817 SI (N.D.

22  Cal.) (race, color, and gender discrimination class action that resulted in $50 million settlement

23  and comprehensive injunctive relief); *Barnett v. Wal-mart Stores, Inc.*, Case No. 01-2-24553-8

24  SEA (Sup. Ct. Wash.) (certified statewide wage and hour class action on behalf of hourly

25  employees that settled for $35 million, as well as injunctive relief); *Amochaev v. Citigroup d/b/a

26  Smith Barney*, Civ. No. 05-1298-PJH (N.D. Cal.) (gender discrimination class action on behalf of

27  female Financial Advisors that resulted in $33 million settlement and comprehensive injunctive

28  relief); *Vedachalam v. Tata Consultancy Services, Ltd.*, No. C-06-0963 CW (N.D. Cal.) (breach

1  of contract class action on behalf of over 12,000 Indian foreign nationals sent to the United States

2  to work in information technology positions that resulted in a $29.75 million settlement): and

3  *Buccellato v. AT&T Operations, Inc.*, Case No. C10-00463 LHK (N.D. Cal.) (class and collective

4  action filed on behalf of technical support workers who had been misclassified as exempt from

5  the payment of overtime compensation under the FLSA and the wage and hour laws of California

6  and four other states that settled for $12.5 million).

7          b.    I have also successfully litigated a wide variety of complex federal and

8  state civil matters outside the employment context, including:  *Catholic Healthcare West Cases*,

9  Case No. J.C.C.P. 4453 (San Francisco County Super. Ct.) (lead class counsel in consumer class

10  action that resulted in over $423 million settlement and pricing and collections policy changes for

11  uninsured patients across all CHW hospitals); *Sutter Health Uninsured Pricing Cases*, Case No.

12  J.C.C.P. 4388 (Sacramento Super. Ct.) (lead class counsel in consumer class action that resulted

13  in over $275 million settlement and comprehensive pricing and collections policy changes for

14  uninsured patients across all Sutter hospitals); *Citigroup Loan Cases*, J.C.C.P. No. 4197 (San

15  Francisco County Super. Ct.) (plaintiffs' co-liaison counsel in national consumer class action

16  challenging alleged predatory mortgage lending practices that resulted in $263 million

17  settlement); *Providian Credit Card Cases*, J.C.C.P. No. 4085 (San Francisco County Super. Ct.)

18  (co-lead class counsel in national consumer class action against major credit card company that

19  resulted in $105 million settlement); *Scripps Health Cases*, Case No. IC859468 (S.D. Super. Ct.)

20  (lead class counsel in consumer class action that resulted in over $73 million settlement and

21  pricing and collections policy changes for uninsured patients at Scripps hospitals); *John Muir*

22  *Uninsured Healthcare Cases*, Case No. J.C.C.P. 4494) (Contra Costa County Super. Ct.) (lead

23  class counsel in consumer class action that resulted in over $113 million settlement and pricing

24  and collections policy changes for uninsured patients at John Muir hospitals); *Curry v. Fairbanks*

25  *Capital Corp.*, Civil Action No. 03-10895-DPW (D. Mass) (plaintiffs' co-lead counsel in national

26  consumer class action challenging alleged predatory mortgage servicing practices that resulted in

27  $55.5 million settlement and business practice changes in the areas of customer service, payment

28  processing, collections, lender placed insurance, and delinquent loan resolution).

1       c. In addition to being an active litigator, I have long been involved in many

2    educational and legal groups, including as a Lawyer Representative for the Northern District of

3    California to the Ninth Circuit Judicial Conference, President of the Bar Association of San

4    Francisco, Council member of the ABA Labor and Employment Law Section, and Co-Chair of

5    the Independence of the Judiciary Committee of the National Association of Women Judges.

6          **Fairness, Adequacy, and Reasonableness of the Settlements**

7       5. Since May 2012, I have led or co-led every aspect of this litigation with other

8    members of my firm and/or the Joseph Saveri Law Firm.  I have been involved in all aspects of

9    discovery, class certification briefing, expert work, and settlement negotiation.

10      6. The record in this case is well developed, including substantial investigation by

11   Class Counsel; briefing, argument, and denial of Defendants' motions to dismiss; and the

12   completion of extensive fact discovery.  The parties conducted broad, extensive, and thorough

13   discovery related to both class certification and the merits after the Court lifted a discovery stay in

14   January 2012.  Plaintiffs served 75 document requests, for which Defendants collectively

15   produced over 325,000 documents (over 3.2 million pages).  Plaintiffs took 91 depositions of

16   Defendant witnesses.  Defendants took ten depositions, including full-day depositions of each of

17   the five Named Plaintiffs.  Defendants also propounded document requests, for which Plaintiffs

18   produced over 31,000 pages, and propounded interrogatories, which Plaintiffs answered.  With

19   expert assistance, Plaintiffs' counsel also analyzed vast amounts of computerized employee

20   compensation and recruiting data, including nearly 1,000 files of employment related data

21   exceeding 15 gigabytes.  The discovery process has been thorough, and it required the parties to

22   engage in numerous and extensive meetings and conferences concerning the scope of discovery

23   and the analysis regarding the various electronic data, policy documents, and other files produced.

24      7. At this advanced stage of litigation, Plaintiffs have a keen understanding of the

25   factual and legal issues involved in this case as well as the relative strengths and weaknesses of

26   Plaintiffs' claims. Plaintiffs are well aware of the risks posed to each side by continuing the

27   litigation.

28

DECLARATION OF KELLY M. DERMODY IN
SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
CASE NO. 11-CV-2509-LHK

8.      Plaintiffs and the Settling Defendants reached the Settlements under the supervision of experienced mediator David A. Rotman.  Plaintiffs and all Defendants conducted a day-long mediation supervised by Mr. Rotman on June 26, 2013.

9.      After several weeks of follow-up negotiations, Plaintiffs reached a settlement agreement with both Lucasfilm and Pixar on July 12, 2013 (Dkt. 453), and reached another settlement agreement with Intuit on July 30, 2013 (Dkt. 489).  Afterward, Plaintiffs and the Settling Defendants exchanged several drafts of the final Settlements and related settlement documents before the parties came to final agreement.

10.     The settlements reached with Pixar and Lucasfilm Ltd., on the one hand, and with Intuit, on the other, were the result of hard fought, arm's-length negotiations.  There was no discussion of attorneys' fees prior to negotiating the class relief. There are no commitments between the parties beyond what is set forth in the settlement agreements.  At all times during the negotiation process, counsel for Plaintiffs and the Settling Defendants bargained vigorously on behalf of their clients.

11.     I believe that both the Lucasfilm/Pixar Settlement and the Intuit Settlement are fair, adequate, and reasonable and in the best interests of the Class.

12.     Attached as Exhibit 1 hereto is a true and correct copy of the Settlement Agreement between Plaintiffs and Intuit.

**The Named Plaintiffs Have Expended Substantial Time and Effort in
Assisting Class Counsel with the Prosecution of the Class's Claims**

13.     All of the five Named Plaintiffs (Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall and Daniel Stover) have expended substantial time and effort assisting Class Counsel with the prosecution of the Class's claims.  They have responded to extensive document requests, including working with Class counsel regarding difficult issues with third party electronic databases.  The Named Plaintiffs produced over 31,000 pages of documents to Defendants, answered Defendants' interrogatories, and gave full-day depositions. The Named Plaintiffs have also attended hearings and the mediation.  The Named Plaintiffs have all devoted many hours consulting with Class counsel regarding fact development and strategy.

14.     In connection with Plaintiffs' Motion for Class Certification, all Named Plaintiffs submitted supporting declarations.  (*See* Decl. of Anne B. Shaver, Exs. 6-10; Dkt. No. 188.) Consistent with their declarations, the Named Plaintiffs have performed fully their duties as proposed Class representatives.

**Incurred and Expected Litigation Costs**

15.     To date, Class Counsel have incurred in excess of $3,593,000 in costs.  I expect future costs through trial to exceed $1,200,000.

16.      Attached as Exhibit 2 is a true and correct copy of *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-01827, Dkt. No. 2474 (N.D. Cal. Feb. 18, 2011) (advancing $3 million from settlement fund to be used for future litigation expenses).

17.     Attached as Exhibit 3 is a true and correct copy of *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. 02-md-01486, Dkt.  No. 1315 (N.D. Cal. Feb. 14, 2007) (authorizing disbursement of $2 million from two settlement funds for advancement of litigation expenses).

18.     Attached as Exhibit 4 is a true and correct copy of *In re High Pressure Laminates Antitrust Litig.*, No. 00 MD 1368, Dkt. No. 215 (S.D.N.Y. July 14, 2004) (granting $4 million distribution from settlement fund to reimburse class counsel for expenses incurred and to be incurred on behalf of the Class).

19.     Attached as Exhibit 5 is a true and correct copy of *In re Cal. Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D.  Cal.  1997) (approving class counsel's request for $1.5 million litigation fund "[b]ecause the remainder of the case appears to have potential value for the class").

20.     Attached as Exhibit 6 is a true and correct *In re Brand Name Prescription Drug Litig.*, No. 94 C 897, MDL No. 997 (N.D. Ill. Feb. 18, 1998) (granting $6 million disbursement "for advancement of trial preparation expenses of Class Counsel").

\*       \*       \*

DECLARATION OF KELLY M. DERMODY IN
SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
CASE NO. 11-CV-2509-LHK

1     I declare under penalty of perjury under the laws of the United States and the State of

2  California that the foregoing is true and correct to the best of my knowledge and that this

3  declaration was executed in San Francisco, California on September 20, 2013.

4

5                                    _/s/ Kelly M. Dermody_____
                                        Kelly M. Dermody

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KELLY M. DERMODY IN
SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
CASE NO. 11-CV-2509-LHK