Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile:  415.395.9940

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile:  415.956.1008

*Co-Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

## I.    <u>INTRODUCTION</u>

I, Joseph R. Saveri, declare and state as follows,

1.    I am the founder of the Joseph Saveri Law Firm, Inc., one of the Court-appointed

Co-Lead Counsel in this matter. I am a member in good standing of the State Bar of California. I

submit this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action

1132399.3

1   Settlements with Pixar and Lucasfilm, Ltd. and with Intuit. I am over 18 years of age, and I have

2   personal knowledge of the facts stated in this Declaration. If called as a witness, I could and

3   would testify competently to them.

4          2.      I have been in private practice for over 25 years. During that time, I have

5   represented individuals, consumers, small business owners, public officials, and heads of

6   corporations negatively affected by price-fixing, cartel behavior, monopolies and other

7   anticompetitive business practices in numerous cases. I have established myself as one of the

8   country's top litigators in the antitrust field. I have acquired complex civil and class action

9   litigation experience in courts throughout the United States and California and developed a

10  knowledge of a broad range of industries including banking and financial services, hardware,

11  software, consumer electronics, labor, manufacturing inputs, agricultural products, and

12  pharmaceuticals, to name a few.

13         3.      I have worked intensively on this case for over three years, since its inception.  At

14  the outset of this litigation, I was a partner and chair of the Antitrust and Intellectual Property

15  Practice Group at the law firm Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff"), which was

16  appointed as Co-Lead Counsel in this action, together with the Joseph Saveri Law Firm, Inc., the

17  firm I founded in May 2012.  During the time I chaired the Antitrust and Intellectual Property

18  Practice Group at Lieff, and continuing since I founded my own firm, I have been involved in all

19  phases of this litigation, including researching the claims, drafting the complaint, briefing and

20  successfully arguing motions on the pleadings, creating a discovery plan, organizing discovery,

21  briefing and arguing motions for class certification, developing expert testimony, and taking fact

22  witness depositions. I have maintained a consistent leadership position in this case and worked

23  closely and collaboratively with lawyers at Lieff, in particular with Kelly Dermody, my Co-Lead

24  Counsel.

25         4.      The Pixar/Lucasfilm Settlement Agreement is the result of hard fought, arms-

26  length negotiations between Kelly Dermody and myself, on behalf of Plaintiffs, and counsel for

27  Pixar and Lucasfilm. Settlement negotiations between Plaintiffs and Lucasfilm, on one hand, and

28  Plaintiffs and Pixar, on the other, began prior to the time in which Pixar's corporate parent

DECLARATION OF JOSEPH R. SAVERI
Master Docket No. 11-CV-2509-LHK

1132399.3

1    purchased Lucasfilm. Following that acquisition, informal settlement negotiations took place

2    throughout the pendency of this litigation. Settlement discussions with Pixar and Lucasfilm began

3    in earnest following the mediation which occurred under the auspices of David Rotman with all

4    Defendants on June 26, 2013. During those discussions, there was careful consideration of the

5    applicable law and facts at issue in the case, including the potential exposure of Pixar and

6    Lucasfilm to Plaintiffs' claims under applicable law. On July 12, 2013, after extensive

7    negotiations and numerous back-and-forth telephone conversations, Plaintiffs and Defendants

8    Pixar and Lucasfilm, Ltd. ("Lucasfilm") reached an agreement in principle to enter into an

9    agreement resolving all of the claims of Plaintiffs and the Plaintiff Class against Pixar and

10   Lucasfilm. At that time, the parties entered into a Memorandum of Understanding ("MOU")

11   setting forth the principal terms of the Settlement, to be embodied and amplified in a settlement

12   agreement.

13        5.     Following the MOU, the parties drafted and negotiated the Settlement Agreement

14   (the "Pixar/Lucasfilm Settlement Agreement," a true and correct copy of which is attached as

15   Exhibit 1 hereto) which memorializes the terms of the agreement. As with the negotiations that

16   produced the agreement to settle, there were substantial hard fought and lengthy negotiations

17   between Plaintiffs and Defendants Pixar and Lucasfilm regarding the documentation of the

18   Settlement, including the terms of the Settlement Agreement. Numerous drafts were exchanged

19   before the parties came to final agreement regarding the documentation of the proposed

20   Settlement to be submitted to the Court. The Settlement Agreement, executed on September 19,

21   2013, was also the product of hard fought, extensive negotiations. As described more fully in the

22   Pixar/Lucasfilm Settlement Agreement, Plaintiffs and the class they represent agree to release all

23   of their claims against Pixar, Lucasfilm and their parent company The Walt Disney Company

24   ("Disney") in exchange for $9,000,000 in cash and other valuable consideration.

25        6.     On July 27, 2013, after extensive negotiations and numerous back-and-forth

26   telephone conversations, Plaintiffs and Defendants Intuit, Inc. ("Intuit") reached an agreement in

27   principal to enter into an agreement resolving all of the claims of Plaintiffs and the Plaintiff Class

28   against Intuit. At that time, the parties entered into a Memorandum of Understanding ("MOU")

DECLARATION OF JOSEPH R. SAVERI
Master Docket No. 11-CV-2509-LHK

1132399.3

setting forth the principal terms of the Settlement, to be embodied and amplified in a settlement agreement.

7.     Following this second MOU, the parties drafted and negotiated the Settlement Agreement (the "Intuit Settlement Agreement") which memorializes the terms of the agreement. As with the negotiations that produced the Intuit MOU, there were substantial hard fought and lengthy negotiations between Plaintiffs and Defendant Intuit regarding the documentation of the Settlement, including the terms of the Settlement Agreement. Numerous drafts were exchanged before the parties came to final agreement regarding the documentation of the proposed Settlement to be submitted to the Court. The Settlement Agreement, executed on September 19, 2013, was also the product of hard fought, extensive negotiations. As described more fully in the Intuit Settlement Agreement, Plaintiffs and the class they represent agree to release all of their claims against Intuit in exchange for $11,000,000 in cash and other valuable consideration.

8.     The record in this case has been developed over the course of more than three years of litigation, including voluminous discovery, including extensive written discovery, production and review of documents, depositions of dozens of witnesses and development of expert testimony. Based upon my extensive experience in this type of litigation, I am satisfied that Plaintiffs have a keen understanding of the factual and legal issues involved in this case as well as the relative strengths and weaknesses of Plaintiffs' claims, and the significant risk that Plaintiffs could fail to prevail on certain key issues or, even if victorious after trial, ultimately lose on appeal and receive nothing for their claims.

9.     Throughout Plaintiffs' negotiations of the settlement there was no discussion of attorneys' fees prior to negotiating the class relief. There are no commitments between the parties beyond what is set forth in the settlement agreements.

10.    In light of my experience, I believe that both the Pixar/Lucasfilm Settlement Agreement and the Intuit Settlement Agreement are fair, adequate, and reasonable and in the best interests of the Class members. Plaintiffs' expert analysis, utilizing discovery produced by Defendants and consideration of factors influencing compensation in the relevant industries, gave Plaintiffs a basis for understanding the range of potential damages suffered by the Class. Taking

DECLARATION OF JOSEPH R. SAVERI
Master Docket No. 11-CV-2509-LHK

1132399.3

1   into consideration the totality of circumstances at the time the Pixar/Lucasfilm Settlement

2   Agreement was entered into, the settlement amount of $9,000,000, coupled with the other benefits

3   provided in the Settlement Agreement, is a fair and reasonable result. Likewise, taking into

4   consideration the totality of circumstances at the time the Intuit Settlement Agreement was

5   entered into, the settlement amount of $11,000,000, coupled with the other benefits provided in

6   the Settlement Agreement, is a fair and reasonable result.

7        11.    After a process of due diligence, pursuant to the Settlement Agreements, Plaintiffs

8   have retained Heffler Claims Group ("Heffler") as the Claims Administrator, to be responsible for

9   the dissemination of notice, the claims administration process, distribution to Class members,

10  withholding and paying applicable taxes and other associated duties. Heffler has over 45 years'

11  experience in managing class action settlements. Heffler has successfully handled dozens of class

12  action settlements in various types of cases, including antitrust, securities, employment, labor,

13  consumer and government enforcement matters. Information regarding Heffler can be found at

14  http://www.hefflerclaims.com.

15       I declare under penalty of perjury that the foregoing is true and correct and this

16  Declaration is executed in San Francisco, California, on September 20, 2013.

17

18                                          */s/ Joseph R. Saveri*
                                              Joseph R. Saveri
19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOSEPH R. SAVERI
Master Docket No. 11-CV-2509-LHK

1132399.3