# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" or "Settlement") is made and entered into on September 20, 2013, by and between (a) Pixar and Lucasfilm, Ltd. (together, "Settling Defendants") on the one hand and (b) Siddharth Hariharan, Mark Fichtner, Brandon Marshall, Daniel Stover, and Michael Devine (the "Named Plaintiffs") individually and the Class of individuals they seek to represent (the "Settlement Class" or "Class," defined below), on the other hand.  Settling Defendants and the Named Plaintiffs are collectively referred to hereinafter as the "Settling Parties."

WHEREAS, Plaintiffs are five named plaintiffs and a putative class of certain present and former employees in the action captioned *In re High-Tech Employee Antitrust Litigation*, 11-CV-02509 LHK (the "Action") pending against Adobe Systems, Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm, Ltd. ("Lucasfilm"), and Pixar (collectively, the "Defendants") in the United States District Court for the Northern District of California (the "Court");

WHEREAS, on September 2, 2011, the Named Plaintiffs filed a Consolidated Amended Complaint that alleges, among other things, that Defendants entered into agreements with each other and with unnamed co-conspirators not to recruit or hire each other's employees in violation of federal and state antitrust and unfair competition laws;

WHEREAS, the Consolidated Amended Complaint further alleges, among other things, that, as a result of the agreements, Defendants undercompensated Plaintiffs and deprived them of career opportunities;

WHEREAS, the Consolidated Amended Complaint asserts claims under federal and state antitrust and unfair competition laws and seeks recovery of, among other things, unpaid compensation, interest, treble damages, costs and attorneys' fees;

WHEREAS, Settling Defendants denied and continue to deny the allegations made by Plaintiffs in the Consolidated Amended Complaint and during the litigation, that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation or duty owed to the Plaintiffs, and further deny that they are liable or owe any form of compensation or damages to anyone with respect to the alleged facts or causes of action asserted in the litigation;

**WHEREAS,** Settling Defendants are entering the Settlement on the terms set forth in this Agreement solely to avoid the risks, burdens, distractions, expense, uncertainties and diversion of resources from continued litigation;

**WHEREAS,** the Settling Parties have engaged in over two years of costly and hard-fought litigation, conducted broad, extensive, and thorough discovery related to both class certification and the merits after the Court lifted a discovery stay in January 2012, and disputed and contested the major factual and legal contentions of the instant action including through extensive motion practice;

**WHEREAS,** based on their analysis of the merits of the claims and the impact of the Settlement on the Named Plaintiffs and the Class and an evaluation of a number of factors including the substantial risks of continued litigation and the possibility that the litigation if not settled now might not result in any recovery whatsoever for the Class or might result in a recovery that is less favorable to the Class, Class Counsel believe that it is in the interest of all members of the Settlement Class to resolve finally and completely the potential claims of the Class Members against Settling Defendants and that the terms of the Settlement Agreement are in the best interests of the Class and are fair, reasonable, and adequate;

**WHEREAS,** the Settling Parties have engaged in substantial arm's-length negotiations in an effort to resolve all claims that have been, or could have been, asserted in the Action, including through mediation with David A. Rotman of the firm of Gregorio, Haldeman & Rotman, and numerous additional conferences where the terms of the agreement detailed herein were extensively debated and negotiated,

**NOW, THEREFORE,** in consideration of the promises, agreements, covenants, representations, and warranties set forth herein, and other good and valuable consideration provided for herein, the Parties agree to a full, final and complete settlement of the Action on the following terms and conditions:

## I.   GENERAL TERMS OF THE SETTLEMENT AGREEMENT

### A.   Definitions

In addition to terms identified and defined elsewhere in this Settlement Agreement, and as used herein, the terms below shall have the following meanings:

1.     "Action" means the lawsuit filed in the Northern District of California, and captioned, *In re High-Tech Employee Antitrust Litigation*, 11-CV-02509 LHK.

2.      "Attorneys' Fees and Expenses" means the settlement amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, plus accrued interest as described in Section VII.A herein.

3.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

4.      "Claims Administrator" means the entity which has been designated to provide notice to the Class and administer the Settlement Fund pursuant to Section II.A below and orders of the Court.

5.      "Claim Form" means the form for a Class Member to submit a claim for an award from the Settlement Fund attached as Exhibit A.  The Claim Form must be submitted, either manually or by electronic means, by any eligible Class Member to the Claims Administrator as part of the claims process.

6.      "Claimant" means a Class Member who has submitted a timely and proper Claim Form.

7.      "Class Counsel" means the law firms of Lieff Cabraser Heimann & Bernstein, LLP, the Joseph Saveri Law Firm, Inc., Berger & Montague, P.C., and Grant & Eisenhofer, P.A.

8.      "Class Member" means any person who meets the criteria set forth in the definition of "Settlement Class" below.

9.      "Co-Lead Class Counsel" means the law firms Lieff Cabraser Heimann & Bernstein, LLP and the Joseph Saveri Law Firm, Inc., which have been appointed as such by the Court's Order Granting In Part and Denying in Part Motion for Class Certification, entered April 5, 2013 (Dkt. 383).

10.      "Consolidated Amended Complaint" means the Consolidated Amended Complaint filed in the Action on September 13, 2011.

11.      "Court" means the United States District Court for the Northern District of California.

12.      "Defendants" mean Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm, Ltd., and Pixar.

13.      "Effective Date" is the effective date of the Settlement, as defined in Section II.F, *infra.*

14.      "Escrow Agent" means Citibank, N.A., which, assuming it agrees to do so, shall enter an agreement to carry out the tasks more fully detailed in the Escrow Agreement, including to

receive, hold, invest, and disburse the Settlement Fund, subject to the direction of the Claims Administrator. The Parties may replace Citibank, N.A. with another mutually agreeable financial institution.

15.     "Final Approval" means the date on which the Court grants final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e).

16.     "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Plaintiffs' Motion for Judgment and Final Approval.

17.     "Named Plaintiffs" means Siddharth Hariharan, Mark Fichtner, Brandon Marshall, Daniel Stover, and Michael Devine.

18.     "Notice" means the Notice of Class Action attached as Exhibit B, proposed Settlement Agreement, and Settlement Hearing, which is to be mailed, and to the extent practicable emailed, directly to Class Members.

19.     "Plaintiffs" means the Named Plaintiffs and the Settlement Class, collectively.

20.     "Plan of Allocation" means the formula by which the Settlement Fund will be distributed to Class Members, as well as the timing and other aspects of the distribution, attached as Exhibit C.

21.      "Preliminary Approval" means the proposed Order of the Court, attached as Exhibit D, conditionally certifying the Settlement Class and preliminarily approving the Settlement, the form of Notice, the Claim Form, the Plan of Allocation, and other related matters.

22.     "Released Claims" means those claims specified in Section V.A *infra.*

23.     "Released Parties" means Pixar, Lucasfilm, Ltd., their officers, directors, affiliates and employees (other than current or former Pixar or Lucasfilm employees who are members of the Settlement Class), and related entities as specified in Section V.A *infra.*

24.     "Settlement," "Agreement," and "Settlement Agreement" each mean the instant settlement terms agreed to by the Settling Parties as reflected in this Settlement Agreement.

25.     "Settlement Class" or "Class" means all natural persons who work in the technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

from January 2005 through December 2009 (the "Class Period"). Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of all Defendants. The exact titles included in the Class ("Class Positions") are identified in Exhibit E to this Agreement and will be supplemented by the Claims Administrator if additional Lucasfilm job titles consistent with this definition are identified.

25. "Settlement Fund" means nine million ($9,000,000.00), including all interest earned thereon, that Settling Defendants pay to settle as described in Section III.A to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.

26. "Settling Defendants" means Pixar and Lucasfilm, Ltd.

27. "Settling Defendants' Counsel" means the law firm of Covington & Burling LLP.

**B.    Best Efforts to Effectuate the Settlement**

Plaintiffs and Settling Defendants agree to cooperate and work together in order to effectuate the Settlement, after it has received Final Approval, as set forth in Section III.B. Settling Defendants shall have no obligation to support any motion for Preliminary or Final Approval of the Settlement or request to certify a Settlement Class or litigation class.

**II.    COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE**

**A.    Retention of Claims Administrator**

Plaintiffs shall retain a Claims Administrator, which shall be responsible for the claims administration process, distribution to Class Members, withholding and paying applicable taxes, and other duties as provided herein. The Claims Administrator shall sign and be bound by the Protective Order entered in the Action and be required to agree in writing in a form approved by Settling Defendants, such approval not to be unreasonably withheld, to treat information it receives or generates as part of the claims administration process as confidential and to use such information solely for the purposes of notice and claims administration, and functions necessarily associated therewith or by this Agreement. The fees and expenses of the Claims Administrator shall be paid exclusively out of the Settlement Fund, except as described in Section VII.B herein. Aside from the notice costs advanced as provided under Section VII.B, in no event shall the Settling Defendants be separately responsible for fees or expenses of the Claims Administrator.

### B.    Preliminary Approval and Notice of Settlement

1.    The Named Plaintiffs, by and through Co-Lead Class Counsel, shall file with the Court, promptly after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement Agreement and Exhibits thereto, which will include a Proposed Preliminary Approval Order, a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness hearing ("Notice"), a Claim Form, and a Plan of Allocation.  Settling Defendants will then provide timely notice of such submission pursuant to the Class Action Fairness Act.  Plaintiffs will seek conditional certification of the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

2.    In the event that the Court preliminarily approves the Settlement Agreement, Co-Lead Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Claims Administrator approved by the Court to provide the Class with Notice as ordered by the Court.

3.    If the Court denies the motion for preliminary approval the case will proceed as if no settlement has been attempted, and the Settling Parties shall be returned to their respective procedural postures, i.e., status quo as of July 12, 2013, so that the Settling Parties may take such litigation steps (including without limitation opposing class certification, providing expert reports, deposing experts, and filing motions) that Plaintiffs or the Settling Defendants otherwise would have been able to take absent the pendency of this Settlement. The Settling Defendants expressly retain the right to contest whether this case should be maintained as a class action and/or collective action and to contest the merits of the claims being asserted by Plaintiffs in this Action.  In the event the Settlement does not obtain preliminary approval, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of class certification and merits discovery and the filing of motions (and oppositions thereto), including without limitation Plaintiffs' pending motion for class certification under Fed. R. Civ. P. 23.

4.    Within twenty (20) days after the date of the Preliminary Approval order, Settling Defendants shall provide to the Claims Administrator in an electronic database format, from the information currently in their human resources databases, for the period of January 1, 2005, through December 31, 2009, the full legal name, social security number, all known email addresses, last known physical address, dates of employment in the Settling Defendant's job titles identified in Exhibit C, and associated base salary by date and job title of each Settlement Class Member

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

employed or previously employed by the Settling Defendants. Where Lucasfilm lacks information in its human resources databases about an employee's job title during the relevant period, it shall provide in an electronic database format the full legal name, social security number, all known email addresses, last known physical address, all known dates of employment, and all known base salaries by date of each potential Settlement Class Member employed or previously employed by Lucasfilm. The Claims Administrator shall utilize Class Members' information provided by the Settling Defendants solely for purposes of effectuating Notice and administering the Settlement Fund, including withholding taxes, and shall keep the information confidential, including from Class Counsel.

5.     The Claims Administrator shall provide Notice pursuant to the timing and terms of this Settlement Agreement and exhibits hereto. The Settling Parties intend that the Claims Administrator  provide actual notice to each Class Member, to the extent practicable and that email notice be used where practicable. Notice shall be sent to all Settlement Class Members and potential Settlement Class Members identified using the data provided by Settling Defendants and other defendants at approximately the same time, and shall not be sent to current or former employees of Settling Defendants sooner than to the employees of non-settling defendants. The Claims Administrator shall ensure that Notice is mailed and posted on the Internet within 14 days of receipt from all Defendants' of information.

### C.     **Objections**

Objections to the Settlement, if any, must be submitted in writing, and must include a detailed description of the basis of the objection. Objections must be filed with the Court, with copies served on Co-Lead Class Counsel and Settling Defendants' Counsel, postmarked on or before forty-five (45) days after the Notice was initially mailed to Class Members. No one may appear at the Final Approval  Hearing for the purpose of objecting to the Settlement Agreement without first having filed and served his or her objection(s) in writing postmarked on or before forty-five (45) days after the Notice was mailed to Class Members.

### D.     **Class Member Opt-Out**

Any Class Member may request exclusion from the Settlement Class by "opting out." Class Members who wish to opt out of the Settlement Class must timely submit to the Claims Administrator a request for exclusion. To be effective, such requests for exclusion must state: the Settlement Class Member's full legal name and address; the dates of his or her employment with

any of the Defendants; and a recitation of the following statement: "I want to be excluded from the High-Tech Employee Antitrust Litigation class action settlement with Pixar and Lucasfilm, Ltd. I understand that this means I will not be able to get any money or benefits from the settlement with Pixar and Lucasfilm, Ltd. in this case." All requests for exclusion must be signed and dated by the Settlement Class Member or his or her legal representative, and be (1) mailed to the Claims Administrator via First Class United States Mail and postmarked by a date certain to be specified on the Notice, which will be 45 calendar days after the Claims Administrator makes the initial mailing of the Notice or (2) received by the Claims Administrator by that date, provided, however, that if a Class Member mails the Opt-Out Statement pursuant to option (1), it will be effective only if received by the Claims Administrator on or before 10 calendar days after the end of the Opt-Out Period. The end of the "Opt-Out Period" shall be 45 calendar days after the Claims Administrator makes the initial mailing. The Claims Administrator shall provide to all counsel for the Settling Parties all opt-out statements that are timely received and shall prepare a summary of the opt-outs to be filed with the Court. Individuals who opt out are not entitled to any monetary award under this Settlement Agreement.

     **E.**    **Final Approval**

     1.    The Final Approval Hearing shall be at least 95 days from the date of the motion for preliminary approval to allow Settling Defendants to complete their obligations under the Class Action Fairness Act.

     2.    Prior to the Final Approval Hearing, on the date set by the Court, the Plaintiffs, through Co-Lead Class Counsel, shall submit a motion for final approval of the Settlement by the Court, and shall seek entry of an order and final judgment between the Settling Parties and Settlement Class Members who are not properly excluded as provided herein:

     a.    finding the Settlement Agreement and its terms to be fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

     b.    finding that the Notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process and any applicable laws;

     c.    providing for service payments from the Settlement Fund (as defined in Section VI herein) to the Named Plaintiffs in addition to whatever monies each will receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

d.      providing for payment of Attorneys' Fees and Expenses from the Settlement Fund (as provided in Section VII.A herein);

e.      setting forth the method for allocating the Settlement Fund (set forth in the Plan of Allocation attached as Exhibit A);

f.      directing that the Action be dismissed with prejudice as against the Settling Defendants and, except as provided for herein, without costs to the Settling Parties;

g.      approving the release of claims specified herein as binding and effective as to the Named Plaintiffs and all Settlement Class Members (who are not otherwise properly excluded as provided herein) permanently barring and enjoining the Named Plaintiffs and Settlement Class Members (who are not otherwise properly excluded as provided herein) from asserting any Released Claims (as defined in Section V.A herein);

h.      reserving exclusive and continuing jurisdiction over the Settlement Agreement, including the Settlement Fund (as defined in Section III.A herein) and the administration, consummation and interpretation of this Settlement Agreement; and

i.      directing that order and final judgment of dismissal be entered as between the Settling Parties in the Action.

3.      If so required by the Court in connection with Final Approval of the Settlement, the Settling Parties agree to accept non-material and procedural changes to this Settlement Agreement. However, they are not obligated to accept any changes in the monetary amount of relief or any other substantive change to their respective obligations, except that, as set forth in Section VIII.A, rejection of the Plan of Allocation shall not be a basis to terminate this Settlement and the Settling Parties agree to accept any changes to the Plan of Allocation required by the Court.

4.      The Claims Administrator's affidavit of compliance with Notice requirements must be filed 30 days prior to the Final Approval Hearing.

**F.      <u>Effective Date of the Settlement</u>**

The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

1.      Settling Defendants have not availed themselves of any right to terminate the Settlement Agreement pursuant to Section VIII.A herein;

2.      The Settlement receives final approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

3.      As provided for in Section II.E herein, entry is made of the order and final judgment, with prejudice, with respect to the Released Claims against the Settling Defendants and Released Parties; and

4.      Completion of any appeal(s) from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure 23(e), (including any such approval on remand from a decision of an appeals court), or at the time for any such appeals to have lapsed, provided, however, a modification or reversal on appeal of any amount of the fees and expenses awarded by the Court from the Settlement Fund, the amount of any service awards to the Plaintiffs or the Plan of Allocation shall not by itself prevent this Settlement from becoming final and effective if all other aspects of the final judgment have been affirmed.  An appeal from approval of this Settlement and final judgment is deemed no longer subject to further appeal or review by certiorari the later of the day that is 90 days after resolution by the appellate court of last resort to which such appeal has been taken, or 90 days after the entry of the order denying discretionary review.

## III.   CONSIDERATION FOR SETTLEMENT

### A.   Monetary Settlement Fund

1.      Subject to the provisions hereof, and in full, complete, and final settlement and release of all Released Claims against the Settling Defendants and the Released Parties in the Action, any claim for Attorneys' Fees and Expenses, administrative costs, and any and all amounts to be paid to Class Members, within ten (10) days of the Final Approval Date, Settling Defendants shall deposit or cause to be deposited by wire transfer to the Escrow Agent Nine Million Dollars ($9,000,000.00) reduced by the amount of any funds paid by Settling Defendants for costs of Notice and Administration payable in lawful money of the United States ("the Settlement Fund").  Under no circumstances shall the Settling Defendants or any Released Party be required to pay more than Nine Million Dollars payable in lawful money of the United States ($9,000,000.00) for any reason under the Agreement.  No portion of the Settlement Fund will revert to the Settling Defendants unless the Settlement is terminated pursuant to Section VIII.A or is not finally approved or does not become effective for any reason.

2.      Within one (1) business day of the Effective Date, Settling Defendants will deposit the Settlement Fund, including accrued interest paid by the Escrow Agent, and reduced by the amount of any funds paid by Settling Defendants for costs of Notice and Administration, into an

interest-bearing account ("the Account") created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended ("Code").  Settling Defendants shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement.  The Claims Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(*l*)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Settling Defendants and the Claims Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

　　　　3.　　　　The Settling Parties, their counsel, and any Released Party shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Claims Administrator, Settlement Fund, or QSF.

　　　　4.　　　　The Settlement Fund shall constitute a special award to the Class and to any Class Members receiving a payment and no portion shall be considered as a payment of overtime, salary, wages, and/or compensation under the terms of any company benefits plan or for any purpose, except for tax purposes to the extent contemplated by Section IV.C.  Any taxes due as a result of income earned or payments made by the Settlement Fund will be imposed upon and paid from the Settlement Fund.  Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class, less reasonable Attorneys' Fees and Expenses approved by the Court (and any interest awarded thereon), any Court-approved service award to the Named Plaintiffs, and payment of any and all administrative or other approved expenses associated with the Action or Settlement.  The Settling Parties, their counsel, and any Released Party shall have no

liability, obligation or responsibility for any such taxes, Attorneys' Fees and Expenses, service awards, or for any reporting requirements relating thereto.

5.      Settling Defendants' transfer of the Settlement Fund into the Account shall constitute full and complete satisfaction of its obligations under this Section and any and all Released Claims. Following Settling Defendants' transfer of the Settlement Fund, neither Settling Defendants nor any Released Party shall have any liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund.  The Named Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Settling Defendants and any Released Party of all claims that are released herein and all Attorneys' Fees and Expenses, any service awards to Named Plaintiffs, and all administrative or other costs and expenses arising out of or related to the Action or the Settlement.  The Named Plaintiffs and Settlement Class Members shall not under any circumstances be entitled to any further payment from Settling Defendants or any Released Party with respect to any claims released herein, the Action or the Settlement.  In the event that the Settlement Agreement becomes final and effective, payment of the Settlement Fund will fully satisfy any and all Released Claims.  Except as provided by order of the Court, no Named Plaintiff or Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

6.      Notwithstanding any effort, or failure, of the Claims Administrator or the Parties to treat the Account as a QSF, any tax liability, together with any interest or penalties imposed thereon, incurred by Settling Defendants or any Released Party resulting from income earned or payments made by the Account (or the receipt of any payment under this paragraph) shall be reimbursed from the Account in the amount of such tax liability, interest or penalties promptly upon and in no event later than five (5) days after Settling Defendants' or any Released Party's written request to the Claims Administrator.

**B.      Cooperation**

As additional consideration for the Settlement Agreement, Settling Defendants agree to the on-going voluntary cooperation of Pixar and Lucasfilm, Ltd. and, to the best of Settling Defendants' ability, their employees and managers in the litigation with Plaintiffs against the non-settling Defendants, limited to the following: (a) authenticating documents; and (b) providing last known contact information for current or former employees for notice or subpoena purposes to the extent consistent with California law.  In addition, the Settling Parties all confirm, and agree to so

represent to the Court, that their settlement negotiations were at arm's length, that there was no discussion of Class Counsel's attorneys' fees prior to negotiating the Class relief, and that there are no commitments between the Settling Parties beyond what is in this Settlement Agreement.

## IV.   CLAIMS PROCESS

### A.   Claims Filing Procedures.

Named Plaintiffs and Class Members who do not opt out shall be entitled to submit Claim Forms to the Claims Administrator in accordance with procedures set forth on, or substantially equivalent to those, on the Claim Form.  To be eligible for an award from the Settlement Fund, Named Plaintiffs and Settlement Class Members must submit a Claim Form, electronically or manually, submitted online or postmarked by the date established by the Court, but in no event later than 120 days from the issuance of Notice.  The Claim Form must be signed, whether electronically or manually, by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf.

### B.   Distribution of Settlement Fund.

1.     A Settlement Class Member who does not opt out pursuant to Section II.D will be deemed eligible for a payment hereunder if and only if he or she timely executes and submits electronically or manually in hard copy the Claim Form (in accordance with the instructions).  In the event that a Settlement Class Member fails to timely submit the requisite Claim Form (in accordance with the instructions), and thereafter fails to cure in a reasonably timely manner  any defects in the Claim Form, the Settlement Class Member shall forfeit any right to distribution from the Settlement Fund.

2.     Regardless of whether a Settlement Class Member timely executes or submits the Claim Form, any Settlement Class Member who does not opt out pursuant to Section II.D is subject to and bound by the releases set forth in Section V.

3.     Payments to Named Plaintiffs and Settlement Class Members shall not be considered as a payment of overtime, salary, wages and/or compensation under the terms of any company benefit plan or for any purpose except for tax purposes as provided under Section IV.C.2.  The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under any company benefit plan.

4.     Within a reasonable time period after the deadline specified for receipt of the Claim Forms, the Claims Administrator shall render a determination as to the monetary award that should

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

be paid to each Claimant from the Settlement Fund based on the methodology set forth in the Plan of Allocation.

5.     The Claims Administrator's determination shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court.  As will be reflected in the Final Approval Order, Class Counsel and Settling Defendants shall have no responsibility, and may not be held liable, for any determination reached by the Claims Administrator.

6.     The total amount of such awards shall not exceed the net amount of the Settlement Fund after all costs, expenses, service awards, Attorney's Fees and Expenses, and taxes.

7.     In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court and payment of any taxes, Plaintiffs shall move the Court for an order disposing of all such funds, including additional possible distributions to eligible Claimants and/or *cy pres* distribution as approved by the Court.

C.     **Settlement Fund Distribution Procedures.**

1.     **Allocation**

The Settling Parties agree that 15% of payments to Named Plaintiffs and Settlement Class Members are attributable to wages, 15% of such payments are attributable to lost mobility and career opportunities, and 70% of such payments are attributable to statutory multiplier damages and interest.  The parties agree that no portion of the Settlement Fund is attributable to government penalties or fines.

2.     **Payment of Federal, State and Local Taxes.**

a.     Payments to eligible Named Plaintiffs and Settlement Class Members from the Account will be subject to applicable tax withholding and reporting requirements and shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and applicable FICA taxes.

b.     The Claims Administrator, as administrator of the QSF, and on behalf of the QSF, is expected to and shall carry out all the duties and obligations of the QSF in accordance with the Code and Treasury Regulations and all other applicable law, including in respect of all withholding and employment taxes and all information reporting requirements with respect thereto.

14

c.      The Claims Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payable as wages by the QSF to each eligible Claimant and to the United States Internal Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and any such other taxing authority, a "Taxing Authority," and collectively, "Taxing Authorities") on an IRS Form W-2, or any other applicable form.  Such amounts shall be subject to applicable employment taxes and withholding taxes, as determined by the Claims Administrator as administrator of the QSF making such payments.

d.      The Claims Administrator shall pay from the QSF the employer's share of U.S. federal employment taxes imposed under Sections 3111 and 3301 of the Code including without limitation the employer's share of FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, required to be paid by an employer on amounts treated as wages (all such U.S. federal, state and local taxes, collectively the "Employer Payroll Taxes").  Neither Named Plaintiffs, their counsel, Settlement Class Members nor the Claims Administrator shall seek  payment for Employer Payroll Taxes from Settling Defendants or any Released Party.

e.      The Claims Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payable by the QSF to each eligible Claimant as statutory multiplier damages and interest to the Claimant and all applicable Taxing Authorities, to the extent required by law, under the Claimant's name and U.S. federal taxpayer identification number on IRS Forms 1099, or other applicable form, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Claims Administrator, as administrator of the QSF making such payments.

f.      The Claims Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes without limitation including FICA, FUTA, and Medicare, and any state employment taxes, including without limitation SUTA.  The Claims Administrator shall satisfy all federal, state, local, and other reporting requirements (including without limitation any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

g.      The Claims Administrator shall be responsible for procuring any required tax forms from the Claimants prior to making any such payments or distributions.

h.      The Parties recognize that approximately 97% of Class Members did not work for either Pixar or Lucasfilm, Ltd.

i.      Named Plaintiffs, individually and on behalf of the Class, and Class Counsel and each of them acknowledge and agree that neither the Settling Defendants nor any Released Party has provided any advice as to taxes including the taxability of the payments received pursuant to this Agreement.  The Settling Defendants acknowledge and agrees that neither Named Plaintiffs nor Class Counsel has provided any advice as to the taxability of the payments received pursuant to this Agreement.

## V.    RELEASES

### A.    Release And Covenant Not To Sue

1.      Upon the Effective Date, each Named Plaintiff and Settlement Class Member (who is not otherwise properly excluded as provided herein) (the "Releasors") shall release, forever discharge and covenant not to sue the Settling Defendants together with their parent company The Walt Disney Company and their other past and present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees (other than employees who are members of the Class), agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) from all claims (the "Released Claims") whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from or related to the facts, activities or circumstances alleged in the Consolidated Amended Complaint (Dkt. 65) or any other purported restriction on competition for employment of Named Plaintiffs or Class Members, up to the Date of the Settlement (the "Released Claims"), whether or not alleged in the Consolidated Amended Complaint (Dkt. 65).  For the avoidance of doubt, this Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of unlawful overtime or violations of ERISA or similar statute that are unrelated to the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or to the payments or distributions made pursuant to this Settlement.

2.      Each Releasor expressly agrees that, upon the Effective Date, it waives and forever releases with respect to the Released Claims any and all provisions, rights and benefits conferred by either (a) § 1542 of the California Civil Code, which reads:

> Section 1542. General release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor[].

or (b) any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

3.      Named Plaintiffs, Class Counsel, Settling Defendants, and Settling Defendants' Counsel shall not solicit or encourage any Class Member to exclude themselves from this Settlement.

**B.      Settlement Fund**

Nothing in this Settlement Agreement is intended to limit, reduce or affect whatever rights Named Plaintiffs or Class Members, or any of them, may have to seek damages or other relief in the Action or elsewhere from any person or entity other than Settling Defendants and any Released Party, to the fullest extent allowed by law. This Agreement does not settle or compromise any claim by the Named Plaintiffs or Class Members asserted in the Action against any Defendant other than the Settling Defendants and any Released Party.

**VI.      PLAINTIFF SERVICE AWARDS**

At the Fairness Hearing, Co-Lead Class Counsel will seek Court approval for service awards of $10,000 to each of the Named Plaintiffs for their active participation in the Action. The proposed service awards will be in addition to any monetary award to the Named Plaintiffs under the Plan of Allocation, and are subject to Court approval. Such service awards shall be paid by the Claims Administrator solely out of the Settlement Fund. Settling Defendants will take no position on the application for such service awards.

These service payments shall constitute a special award to Plaintiffs receiving such payments and shall not be considered as a payment of overtime, salary, wages and/or compensation to any Class Member under the terms of any company benefit plan or for any other purpose except to the extent required for tax purposes. The receipt of service payments shall not affect the amount of any contribution to or level of benefits under any company benefit plan.

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

## VII.   ATTORNEYS' FEES AND EXPENSES AND ADMINISTRATIVE EXPENSES

### A.   Attorneys' Fees and Expenses

1.   At the Fairness Hearing, Co-Lead Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses incurred on behalf of the Plaintiffs and the Class.  All Attorneys' Fees and Expenses and any interest due any counsel shall be payable solely out of the Settlement Fund in such amounts as the Court orders. Co-Lead Plaintiffs' Counsel reserve the right to make additional applications for fees, expenses and costs from the Settlement Fund incurred in subsequent case proceedings, if any.  Neither Settling Defendants nor any Released Party has any liability or responsibility for fees, costs, or expenses, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

2.   Upon the Effective Date, Co-Lead Counsel and Named Plaintiffs, individually and on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Settling Defendants or any Released Party for Attorneys' Fees and Expenses or costs associated with this Action or Class Counsel's representation of Named Plaintiffs and/or the Class.

3.   The Settling Defendants and Settling Defendants' Counsel will take no position on any applications for Attorneys' Fees and Expenses by Class Counsel as provided herein.

4.   All Attorneys' Fees and Expenses and any interest due any counsel for the Plaintiffs or Settlement Class Members shall be payable solely out of the Settlement Fund and may only be deducted from the Settlement Fund after the Effective Date as ordered by the Court.  Co-Lead Class Counsel may, within one (1) day after the Effective Date and after Final Approval of Class Counsel's application for Attorneys' Fees and Expenses with all appeals of the award having been resolved or the time for such appeals having lapsed, withdraw from the Settlement Fund and allocate amongst Class Counsel any Attorneys' Fees and Expenses so awarded to them by the Court.

### B.   Costs of Notice and Administration

1.   Aside from the costs advanced as provided under this Section, in no event shall the Settling Defendants be responsible for fees or expenses of the Claims Administrator.  Notice and administration costs advanced under this Section shall reduce the amounts paid to the Settlement Fund.

18

2.      Settling Defendants shall advance certain costs for Notice and administration, not to exceed $100,000.00, for purposes of defraying the actual cost of Notice and for other expenses associated with the dissemination of Notice and the establishment of a claims program ("Notice and Administration Costs"). Prior to the Effective Date, Settling Defendants shall be responsible for advancing $100,000 of the Notice and Administration Costs for this Settlement and Plaintiffs' settlement with Intuit.

3.      Beginning no sooner than five (5) days after Preliminary Approval, the Claims Administrator shall invoice Settling Defendants directly for Notice and Administration Costs actually incurred under this Section. If Settling Defendants' share of Notice and Administration Costs exceed $100,000, such costs above $100,000 shall be paid for by the Settlement Fund after the Effective Date.

## VIII.   **OTHER CONDITIONS**

### A.      **Settlement Is Terminated or Does Not Become Effective**

In the event that the Settlement Agreement is terminated or does not become effective in accordance with the terms of Attachment 1, which shall be filed under seal with the Court as part of this Settlement, is not finally approved or does not become effective for any reason, Judgment is not entered in accordance with this Agreement, or such Judgment does not become final, then (a) this Settlement Agreement shall be null and void and of no force and effect, except as subject to Section VII.B above, (b) the Settlement Fund, including any and all interest earned thereon, shall be returned to Settling Defendants within ten (10) business days from the date the Settlement Agreement becomes null and void, less only the amount, up to a maximum of $100,000, validly disbursed for Notice and Administration Costs, and (c) any release pursuant to Section V herein shall be of no force or effect. In such event, the Court will enter an order decertifying any and all settlement classes, the case will proceed as if no settlement has been attempted, and the Settling Parties shall be returned to their respective procedural postures, i.e., *status quo*, as of July 12, 2013, so that the Settling Parties may take such litigation steps (including without limitation supporting or opposing class certification, providing expert reports, deposing experts and filing motions) that Plaintiffs, Lucasfilm, Ltd. or Pixar otherwise would have been able to take absent the pendency of this Settlement. Settling Defendants expressly retain the right to contest whether the Action should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs. However, any reversal, vacating, or modification on appeal of (1) any

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

amount of the fees and expenses awarded by the Court to Class Counsel, or (2) any amount of payments to any Named Plaintiff or Settlement Class member, or (3) any determination by the Court to award less than the amount requested in Attorneys' Fees and Expenses or service awards to Named Plaintiffs, or (4) any determination by the Court to modify the Plan of Allocation, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement. In the event the Settlement fails to obtain preliminary or Final Approval because of the Plan of Allocation, the Parties agree to retain all other terms of the Settlement and negotiate a Plan of Allocation consistent with any applicable orders or directions from the Court.

In the event the case proceeds as provided in this Section, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of class certification and merits discovery and the filing of motions (and oppositions thereto), including without limitation Plaintiffs' pending motion for class certification under Fed. R. Civ. P. 23.

**B.**    **Preservation of Rights**

The Settling Parties agree that this Settlement Agreement, whether or not it shall become effective pursuant to Section II.F herein, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Settling Defendants, any Released Party, or any other Defendant, or of the truth of any of the claims or allegations contained in the complaints in the Action or any other pleading or document, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding. Plaintiffs shall not cite the Settling Parties' Memorandum of Understanding, this Settlement Agreement, or any Motion for Preliminary or Final Approval or Order relating thereto in support of any motion or argument for certification of a litigation class against Settling Defendants. Settling Defendants preserve and do not waive any of their arguments in opposition to, and all rights to oppose, certification of a class in this Action or any other action. The Settling Parties expressly reserve all of their rights and defenses if this Settlement does not become final and effective in accordance with the terms of this Settlement Agreement.

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

**C.**     **Authority to Settle**

Class Counsel represent and warrant that they have authority to enter into this Settlement Agreement on behalf of each of the Named Plaintiffs.

**D.**     **No Assignment**

Co-Lead Counsel and Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action.

**E.**     **Binding Effect**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and to the Released Parties. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Named Plaintiffs and Class Counsel shall be binding upon all Settlement Class Members.

**F.**     **Integrated Agreement**

This Settlement Agreement, including attachments and exhibits, contains the entire, complete, and integrated statement of each and every term and provision of the Settlement Agreement agreed to by and among the Settling Parties. This Settlement Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

**G.**     **Headings**

The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

**H.**     **No Drafting Presumption**

All counsel to all Settling Parties hereto have materially participated in the drafting of this Settlement Agreement. No party hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

**I.**     **Choice of Law**

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

**J.**     **Consent to Jurisdiction and Choice of Exclusive Forum**

Any and all disputes arising from or related to the Settlement, the Settlement Agreement, or claims administration, including Attorneys' Fees and Expenses, must be brought by any Settling Defendant, any Released Party, Plaintiffs, and/or each member of the Class, exclusively in the Court. Settling Defendants, Plaintiffs and each member of the Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this paragraph shall not prohibit (a) any Released Party from asserting in the forum in which a claim is brought that the release herein is a defense, in whole or in part, to such claim, or (b) in the event that such a defense is asserted in that forum and this Court determines that it cannot bar the claim, the determination of the merits of the defense in that forum.

**K.**     **Enforcement of Settlement**

Nothing in this Settlement Agreement prevents Settling Defendants or any Released Party from enforcing or asserting any release herein, subject to the provisions of Section V herein. Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted by any Named Plaintiff or Settlement Class Member (who is not otherwise properly excluded as provided herein) with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

**L.**     **Severability**

In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Settling Defendants' counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

**M.**     **No Admission**

Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding, of any kind whatsoever, civil, criminal or otherwise, before any court, administrative

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

agency, regulatory body or any other body or authority, present or future, by Lucasfilm, Ltd., Pixar, any Released Party, Plaintiffs, Class members or any of them, including without limitation that any Settling Defendant or any Released Party has engaged in any conduct or practices that violate any state or federal antitrust statute or other law.  Settling Defendants denied and continue to deny the allegations made by Plaintiffs in the Consolidated Amended Complaint and during the litigation that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation or duty owed to the Plaintiffs, and further deny that they are liable or owe any form of compensation or damages to anyone with respect to the alleged facts or causes of action asserted in the litigation.   Plaintiffs shall not cite the Settlement Agreement in support of any motion for certification of a litigation class against Settling Defendants.

      **N.**    **Execution in Counterparts**

This Settlement Agreement may be executed in counterparts. Facsimile or PDF signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

      **O.**    **Appeals**

The proposed order and final judgment shall provide that any Class member that wishes to appeal the Court's Final Approval order and final judgment, which appeal will delay the distribution of the Settlement Agreement to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

IN WITNESS WHEREOF, the Settling Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132660.1

**ACCEPTED AND AGREED:**

Dated: September 20, 2013          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

_____

Kelly M. Dermody
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

24

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.
1132184.6

Dated: **September 20**, 2013    JOSEPH SAVERI LAW FIRM, INC.


Joseph R. Saveri
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940


*Co-Lead Plaintiffs' Counsel*

Dated: __9/2__, 2013

Kenneth E. Newman
Vice President
*For Pixar*

Kenneth E. Newman
Vice President
*For Lucasfilm, Ltd.*

Settlement Agreement between Plaintiff Class and Defendants Pixar and Lucasfilm, Ltd.

# EXHIBIT A

IN RE HIGH TECH EMPLOYEE ANTITRUST LITIGATION
United States District Court for the Northern District of California, San Jose Division
Master Docket No. 11-CV-2509-LHK

<u>CLAIM FORM</u>

**PLEASE CAREFULLY READ THE ENCLOSED NOTICE BEFORE COMPLETING THIS CLAIM FORM.**

**DEADLINE:** *To receive a settlement payment, you must either complete and submit a Claim Form online at www.HighTechEmployeeSettlement.com by **Month, Day, Year**, or complete and return this Claim Form postmarked on or before **Month, Day, Year**, to*

In re High-Tech Employee Settlement Claims Administrator
c/o Heffler Claims Group
P.O. Box 58340
Philadelphia, PA  19102-8340

*If you do not submit online or by mail a properly completed Claim Form on or before **Month, Day, Year**, then your claim will be untimely and **you will be precluded from any recovery of proceeds from the partial settlements** with the Settling Defendants.*

**YOUR SHARES OF THE PARTIAL SETTLEMENTS:**  Your settlement shares of the partial settlement with Pixar and Lucasfilm, and the partial settlement with Intuit, will be based upon the total base salary you received in a Class Position during the Class Period relative to other Claimants.

**NOTE:**  This Claim Form is provided to you by the Court-appointed Claims Administrator, Heffler Claims Group.  Apply for a payment from both the partial settlement with Pixar and Lucasfilm, and the partial settlement with Intuit, by using just one Claim Form.  If you have questions about this Claim Form, contact the Claims Administrator at XXX-XXX-XXXX.

**SECTION A: CLAIMANT INFORMATION.** Please review, correct, and/or complete your contact information. Please print clearly. The address listed is where the Claims Administrator will send your Settlement check when the settlement funds are distributed.

Claim #: <<pre-filled>> .  **Note** *This claim number is a unique identifier that you can use together with your Social Security Number to access and complete your claim information online at www.HighTechEmployeeSettlement.com.*

Name: <<pre-filled>>                                       _____

Address (line 1): <<pre-filled>>                  _____

Address (line 2:) <<pre-filled>>                  _____

City, State, ZIP: <<pre-filled>>                    _____

Last four digits of Social Security Number <<SSN>>:        _____

Please list any other names used while employed by a Defendant:                 _____

   *If your information is different from those shown above left, print corrections on the lines to the right.*
   *If your information changes, you are responsible for updating the Claims Administrator.*

The following additional information will help the Claims Administrator to reach you if there are any questions or

difficulties sending you your settlement check:

Daytime telephone number (with area code):      _____

Evening telephone number (with area code):      _____

Email address (at work and/or home):      _____

     _____

**SECTION B: YOUR ESTIMATED SETTLEMENT SHARE, DATES OF EMPLOYMENT, AND RELEVANT JOB TITLES.**

**1.   Company records show that you may have been employed by one or more of the seven Defendants in a Class Position during the Relevant Class Period as defined in the Settlement (see Question 8 of the Notice).**   To protect your privacy, a summary of these company records is available for you to view online at the website www.HighTechEmployeeSettlement.com.  Please log on to www.HighTechEmployeeSettlement.com using your claim form number (printed on the prior page) and your Social Security Number to view or supply your qualifying positions and time periods covered by the Settlements as described in Question 8 of the Notice and listed fully on the website.  If you believe any of the information listed there is incorrect or incomplete, you will have an opportunity to submit corrections online, and to upload copies of any documents (such as employee records, or pay stubs) supporting your correction(s).

**Note:**   *If you do not submit a correction, you waive your right to challenge the information supplied to the Claims Administrator and available to you online.  By submitting a correction, you will  authorize  the Claims Administrator to review company records and make a determination based on company records and the records you submit.  This determination may increase or decrease the value of your shares of the partial settlements.  All such determinations by the Claims Administrator are final and binding with no opportunity for further appeal.*

**2. Signature.  *You must sign here to submit your Claim Form by mail.  Claim Forms may also be submitted online with an electronic signature at www.HighTechEmployeeSettlement.com.***

I declare that the information set forth above regarding my employment as a Class Member is true and correct, to the best of my knowledge.

Dated: _____, _____   Signed: _____

**QUESTIONS**?  If you have questions regarding this Claim Form, how to submit a claim, or the partial Settlements, please visit the website www.HighTechEmployeeSettlement.com, or contact the Claims Administrator as follows:

In re High Tech Employee Litigation Settlement Administrator
Heffler Claims Group
P.O. Box 58340
Philadelphia, PA  19102-8340 (888) 980-9436
www.HighTechEmployeeSettlement.com

*Please review your claim form to ensure that you have filled it out in its entirety.*

*You must complete and submit your claim form online by **Month, Day, Year,** or mail your completed claim form to the settlement administrator at the address provided above, postmarked no later than **Month, Day, Year**.*

IF YOUR CLAIM FORM IS SUBMITTED ONLINE AFTER ***MONTH, DAY, YEAR,*** OR POSTMARKED AFTER ***MONTH, DAY YEAR, YOU WILL NOT BE ENTITLED TO RECEIVE ANY SETTLEMENT PAYMENT.***

THE CLAIMS ADMINISTRATOR WILL NOTIFY YOU IF YOUR CLAIM FORM IS ***INCOMPLETE***.  THEREAFTER IF YOU DO NOT CURE THE DEFICIENCIES WITHIN THE TIME SET BY THE CLAIMS ADMINISTRATOR, ***YOU WILL NOT BE ENTITLED TO RECEIVE ANY SETTLEMENT PAYMENT.***

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If you were employed in a technical, creative, or research and development ("Technical") position at Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm, Ltd., or Pixar, Inc. during the time periods set forth below, you could get money from two different class action settlements. Please read this notice carefully.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Two settlements, (1) a $9,000,000 settlement with Pixar, Inc. ("Pixar") and Lucasfilm, Ltd. ("Lucasfilm"); and (2) an $11,000,000 settlement with Intuit Inc. ("Intuit"), have been reached in partial settlement of a class action lawsuit involving alleged agreements between and among several high-technology companies not to recruit or "cold-call" each other's employees. For purposes of this notice, Pixar, Lucasfilm and Intuit are referred to collectively as the "Settling Defendants."

- The class action lawsuit claims that Pixar, Lucasfilm, Intuit, Adobe Systems Inc. ("Adobe"), Apple Inc. ("Apple"), Google Inc. ("Google"), and Intel Corp. ("Intel") violated federal and state antitrust laws by allegedly agreeing not to recruit or "cold-call" each other's employees. The Settling Defendants, together with  Adobe, Apple, Google and Intel are referred to as the "Defendants."  Pixar, Lucasfilm and Intuit deny that they violated any antitrust laws or engaged in any wrongdoing.

- You are included in the $9,000,000 partial settlement with Pixar and Lucasfilm **and** the $11,000,000 partial settlement with Intuit  if you were a salaried Technical Employee (as defined below) who worked in the United States for **any** of the Defendants during any portion of the following time periods: (a) for Apple from March 2005 through December 2009; (b) for Adobe from May 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees, corporate officers, members of the boards of directors, and senior executives of all Defendants.  For a more complete list of job titles included in the Class, please go to www.HighTechEmployeeSettlement.com.

- Please read this Notice carefully. Your legal rights will be affected whether you act or don't act, and you have a choice to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | **Get no payment**. Potentially give up your rights to ever recover from the Settling Defendants for the legal claims in this case. |
| **EXCLUDE YOURSELF** | **Get no payment.** This is the only way that you can ever be part of any other lawsuit against any of the Settling Defendants about the legal claims in this case. |
| **SUBMIT A CLAIM FORM** | **The only way to receive money from the settlements when the funds are distributed.** |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** | **Write to the Court about why you like or do not like the settlement.** You may also ask to speak to the Court at the hearing on _____, 2013 about the fairness of either or both of the settlements, though you do not have to do so. To object, you must act before _____, 2013. |
| **GO TO THE HEARING** | If you would like, you may ask to speak in Court about the fairness of one or both of the settlements. You do not need to speak to the Court to receive benefits under either of the settlements. |

- **This Notice explains your legal rights and options—and the deadlines to exercise them.**

**QUESTIONS?  CALL 1-800-000-0000 OR VISIT WWW.HIGHTECHEMPLOYEESETTLEMENT.COM**

- **The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlements, and after appeals, if any, are resolved, and after the Court orders that the settlement funds be distributed. Please be patient.**
- **This is not a lawsuit against you. Your participation in this lawsuit and acceptance of money from either or both of the settlements will not affect your employment status.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..................................................................................................................... **PAGE _**

    1. Why did I get this Notice?

    2. What is this lawsuit about?

    3. What is a class action and who is involved?

    4. Why are there settlements?

    5. Why are the settlements "partial" settlements?

    6. Why is the lawsuit continuing if there are settlements?

    7. What happens if Plaintiffs later reach a settlement with the Non-Settling Defendants?

**WHO IS IN THE PARTIAL SETTLEMENT?** ................................................................................ **PAGE _**

    8. Am I part of these partial settlements?

    9. I'm still not sure if I am included.

    10. What are my rights as a settlement Class member?

    11. What do the partial settlements provide?

    12. How much money can I get from the settlements?

**THE SETTLEMENT BENEFITS** .................................................................................................... **PAGE _**

    13. What do the partial settlements provide?

    14. How much money can I get from the partial settlements?

**SUBMITTING A CLAIM FORM** .................................................................................................... **PAGE _**

    15. How can I get money from the partial settlements?

    16. When will I get my payment(s)?

    17. What am I giving up to get a payment(s)?

**THE LAWYERS REPRESENTING YOU** ....................................................................................... **PAGE _**

    18. Who represents me in this case?

    19. Should I get my own lawyer?

    20. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE PARTIAL SETTLEMENTS** .............................................. **PAGE _**

    21. How do I get out of the partial settlements?

    22. If I don't exclude myself, can I sue Lucasfilm and Pixar and Intuit for the same thing later?

    23. If I exclude myself, can I get money from the partial settlements?

**COMMENTING ON OR OBJECTING TO THE PARTIAL SETTLEMENTS** ................................. **PAGE _**

    24. How do I tell the Court that I like or don't like a partial settlement?

**THE COURT'S FAIRNESS HEARING** ......................................................................................... **PAGE _**

    25. When and where will the Court decide whether to approve the partial settlements?

    26. Do I have to come to the Fairness Hearing?

    27. May I speak at the hearing?

**IF YOU DO NOTHING** .................................................................................................................. **PAGE _**

    28. What happens if I do nothing at all?

**QUESTIONS? CALL 1-800-000-0000 OR VISIT WWW.HIGHTECHEMPLOYEESETTLEMENT.COM**

2

**YOUR PRIVACY** ................................................................................................................**PAGE** _

    29.  Will my manager know whether or how I respond to this notice?

**GETTING MORE INFORMATION** ........................................................................................**PAGE** _

    30.  Are more details about the partial settlements available?

    31.  How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this Notice?

You have received this Notice because Defendants' records show you may have worked as a salaried Technical Employee in one of the job positions described in Section 7 below during some or all of the following time periods: (a) for Apple from March 2005 through December 2009; (b) for Adobe from May 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.

The Court sent you this notice because you have the right to know about two proposed partial settlements of a class action lawsuit, and about your legal rights and options, before the Court decides whether to approve the settlements. This notice explains the lawsuit, the settlements, and your legal rights. It also explains what benefits are available, who is eligible for them, and how to obtain them. If the Court approves the partial settlements and after any objections and appeals are resolved, upon the Court's order an administrator appointed by the Court will make the payments that the settlement allows.

The Court has preliminarily approved both settlements. If you are a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval to the proposed partial settlements at the "Fairness Hearing." The Fairness Hearing is to decide whether the proposed partial settlements are fair, reasonable, and provide adequate compensation and benefits to the members of the Class.

If you wish to comment on (including object to) or exclude yourself from one or both of the settlements, you must do so following the procedures described below. If you do nothing, you will be bound by any final judgment.

Judge Lucy H. Koh, United States District Court for the Northern District of California, San Jose Division, is in charge of this case. The lawsuit is called *In re: High-Tech Employee Antitrust Litigation*, Master Docket No. 11-CV-2509-LHK. The people who sued are called the Plaintiffs, and the companies they sued are called the Defendants.

### 2. What is this lawsuit about?

The lawsuit claims that Defendants entered into agreements with each other and with unnamed co-conspirators not to recruit or hire each other's employees in violation of federal and state antitrust laws. Each of the Defendants, including the Settling Defendants Lucasfilm, Pixar, and Intuit, denies that it violated any laws or engaged in any wrongdoing.

Lucasfilm and Pixar have entered into one settlement agreement with Plaintiffs. Intuit has entered into a separate settlement agreement with Plaintiffs. The Defendants other than Lucasfilm, Pixar and Intuit have not entered into any settlements. Those Defendants are referred to as the "Non-Settling Defendants."

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at www.HighTechEmployeeSettlement.com.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims. The people with similar claims together are a "Class" and are called "Class Members." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Court appointed Named Plaintiffs Siddarth Hariharan, Mark Fichtner, Brandon Marshall, Daniel Stover, and Michael Devine as Class Representatives in this case.

### 4. Why are there settlements?

The Court has not found in favor of Plaintiffs or Defendants. While the lawsuit is still pending before the United States District Court, the Plaintiffs and the Settling Defendants have agreed to settlements which, if they are approved, will bring the claims against Pixar, Lucasfilm, and Intuit to an end. That way, the Plaintiffs and Settling Defendants avoid the uncertainty of continuing the case between them, and avoid the cost of further litigation, and Class Members will get the benefits of the settlements. The Class Representatives and their attorneys think the settlements are best for everyone who allegedly was harmed by Pixar's, Lucasfilm's, and Intuit's alleged agreements not to compete for employees.

**5.  Why are the settlements "partial" settlements?**

Although the settlements with Lucasfilm, Pixar, and Intuit fully resolve the Class Members' claims against them as described in Question 16, the settlements only partially resolve the case, which will continue against the Non-Settling Defendants, as discussed in Question 6.  For this reason, the settlements with Lucasfilm, Pixar and Intuit are partial settlements.

**6.  Why is the lawsuit continuing if there are Settlements?**

Lucasfilm, Pixar, and Intuit have agreed to settle this case. The Non-Settling Defendants (Adobe, Apple, Google and Intel) have not agreed to settle, so the lawsuit will continue against them. More money may become available in the future as a result of additional settlements with and/or a trial against the Non-Settling Defendants, but there is no guarantee this will happen.

**7.  What happens if the Plaintiffs later reach a settlement with the Non-Settling Defendants?**

The lawsuit will continue against the Non-Settling Defendants. It cannot be known whether the Plaintiffs would prevail against the Non-Settling Defendants at a trial. If there are additional settlements in the future, there will be notice of those settlements as well, and at that time all settlement funds received from the Settling Defendants and from any other Defendants who have settled may simultaneously be distributed to Class members who have submitted claims.

## WHO IS IN THE PARTIAL SETTLEMENTS?

**8.  Am I part of the partial settlements?**

In general, individuals who were salaried technical, creative and research and development employees at any one of the Defendant companies may be Class Members who are eligible for a payment from the proposed settlements when the funds are distributed if they met the following definition:

> All natural persons who work in the technical, creative, and/or research and development fields that are employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of all Defendants.

By way of example, the below technical, creative and/or research and development jobs are included in the Class.  This is not a complete list of job titles.   To see a more complete list of job titles, please go to www.HighTechEmployeeSettlement.com:

| | |
|---|---|
| ● Software Engineers | ● Research and Development |
| ● Hardware Engineers and Component Designers | ● Animators, Digital Artists, Creative Directors and Technical Editors |
| ● Application Developers | ● Graphic Designers and Graphic Artists |
| ● Programmers | ● Web Developers |
| ● Product Developers | ● IT Professionals |
| ● User Interface or User Experience Designers | ● Systems Engineers and Administrators |
| ● Quality Analysts | ● Employees classified as technical professionals by their employers |

### 9.   I'm still not sure if I am included.

If you received this Notice mailed to you, it is because you were listed as a potential Class Member.  If you are still not sure whether you are included, you can get help at www.HighTechEmployeeSettlement.com or by calling 1-800-000-0000.

### 10.   What if I worked for a Non-Settling Defendant?

As long as you fall within the definition of the class in Question 7 above, you can participate in these partial Settlements regardless of which Defendant you work or worked for.  Current and former employees of Adobe, Apple, Google, or Intel, if they meet the definition of the class, may receive a payment under the Lucas, Pixar, and Intuit settlements when the funds are distributed.

### 11.   What are my rights as a settlement Class Member?

You may do nothing.  Or, you may exclude yourself from the settlements. Or, you may submit a claim form for a payment from the Settlement Funds (*see* Question 14). You may also comment on or object to the proposed partial settlements (*see* Question 23), or attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of one or both of the proposed partial settlements.

### THE SETTLEMENT BENEFITS

### 12.   What do the partial settlements provide?

Settling Defendants Pixar and Lucasfilm will pay $9,000,000 into a Settlement Fund (the "Pixar/Lucasfilm Fund"). Settling Defendant Intuit will pay $11,000,000 into a Settlement Fund (the "Intuit Fund").  After deducting attorneys' fees, costs, applicable taxes, and other fees and expenses (*see* Question 19), the Pixar/Lucasfilm Fund and the Intuit Fund will be distributed to Class Members who file valid claims.

As a Settlement Class Member, you will give up, or "release," your claims against Pixar, Lucasfilm and Intuit. Those releases include any claims made or that could have been made arising from the facts alleged in this lawsuit. The releases are described in more detail in the Settlement Agreements and in Question 16 below. You can view or download a copy of both of the Settlement Agreements at the website www.HighTechEmployeeSettlement.com.

### 13.   How much money can I get from the partial settlements?

Class Members who submit a Claim Form will be eligible to receive a share of the Settlement Funds when they are distributed based on a formula utilizing a Claimant's base salary paid while working in a Class Position during the Class Period as set forth in the Settlement Class definition.  In other words, each Class Member's share of the Monetary Fund is a fraction, with the Claimant's total base salary during the Class Period as the numerator and the total base salary during the Class Period of all Claimants as the denominator:

(Approved Claimant's individual total base salary paid in Class Positions during the Class Period) ÷ (Total of base salaries paid to all approved Claimants in Class Positions during the Class Period).

The Claimant's individual fractional amount shall be multiplied against the Settlement Funds net of reductions for court-approved costs, applicable taxes, service awards, and attorneys' fees. Because each Claimant's fractional amount will depend in part on how many other Class Members file Claim Forms, fractional amounts will increase if less than 100% of the Class participates as a Claimant. The proposed Plan of Allocation is available for review at www.HighTechEmployeeSettlement.com, and will be presented for approval by the Court at the Fairness Hearing (*see* Question 24).

SUBMITTING A CLAIM FORM

---

| **14.  How can I get money from the settlements?** |
|---|

    To receive money from the partial settlements, you must complete and submit a Claim Form, either online at www.HighTechEmployeeSettlement.com, or by mail.  A copy of the Claim Form is included with this Notice. Please read this Notice and the Claim Form carefully.  You must either complete and submit the form online no later than **Month 00, 2013, or complete the included form manually, sign it, and mail it postmarked no later than Month 00, 2013, to the Claims Administrator at the address listed in Question 30 of this Notice**.  If necessary, you may download and print out a Claim Form from the website www.HighTechEmployeeSettlement.com.  If you have any problems with the Claim Form or questions about how to submit your claim, please call the Claims Administrator at the telephone number printed at the bottom of this page.

---

| **15.  When will I get my payment(s)?** |
|---|

    The Court will hold a final Fairness Hearing on Month 00, 2013, to decide whether to approve the proposed partial settlements.  If the Court approves the settlements, there still may be appeals of that decision. If an appeal is filed, it is hard to estimate how long it might take for it to be resolved, but it can take a lot of time, perhaps more than a year. Settlement payments to Settlement Class Members will be distributed if the settlements are approved, and after any appeals are resolved, at a later date to be ordered by the Court.

    Updates regarding the partial settlements and when payments may be made will be posted on the settlement website, www.HighTechEmployeeSettlement.com.

---

| **16.  What am I giving up to get a payment(s)?** |
|---|

    If you are a Class Member, unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Lucasfilm, Pixar, or Intuit about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you, and that you agree to the following "Releases of Claims," which describe exactly the legal claims that you give up if you get settlement benefits:

    With respect to Intuit, upon the Settlement Agreement becoming effective, the Named Plaintiffs and Class members (who do not otherwise properly exclude themselves) shall all release and forever discharge Intuit and officers, directors, affiliates and employees (other than employees who are members of the Class) from all manner of claims whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from the facts, activities or circumstances alleged in the Consolidated Amended Complaint [Dkt. 65] or any other purported restriction on competition for employment of Class members, up to the Effective Date of the Settlement whether or not alleged in the Consolidated Amended Complaint (Dkt. 65). The Settlement Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of. unlawful overtime or violations of ERISA or similar statute that are unrelated to the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or to the payments or distributions made pursuant to this Settlement.

    With respect to Pixar and Lucasfilm, upon the Settlement Agreement becoming effective, the named Plaintiffs and Class members (who do not otherwise properly exclude themselves) shall all release and forever discharge Pixar and Lucasfilm together with their parent company The Walt Disney Company and their other past and present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) from all manner of claims whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from the facts, activities or circumstances alleged in the Consolidated Amended Complaint [Dkt. 65] or any other purported restriction on competition for employment of class members up to the Effective Date of the Settlement whether or not alleged in the Consolidated Amended Complaint (Dkt. 65).  The Settlement Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of unlawful overtime or violations of ERISA or similar statute that are unrelated to the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or to the payments or distributions made pursuant to this Settlement.

    By participating in either or both of these partial settlements you are not giving up your right to receive payments from any future settlements or a trial against the Non-Settling Defendants.

## THE LAWYERS REPRESENTING YOU

**17.  Who represents me in this case?**

The Court appointed  the following law firms as Co-Lead Counsel to represent the Class:

| | |
|---|---|
| Kelly M. Dermody<br>LIEFF CABRASER HEIMANN<br> & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>(415) 956-1000<br>kdermody@lchb.com | Joseph R. Saveri<br>JOSEPH SAVERI LAW FIRM, INC.<br>505 Montgomery Street, Suite 625<br>San Francisco, CA 94111<br>(415) 500-6800<br>jsaveri@saverilawfirm.com |

These lawyers and law firms are called "Plaintiffs' Counsel."

**18.  Should I get my own lawyer?**

You do not need to hire your own lawyer because Plaintiffs' Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Plaintiffs' Counsel to speak for you. You may also appear for yourself without a lawyer.

**19.  How will the lawyers be paid?**

Plaintiffs' Counsel will ask the Court to approve at the Fairness Hearing payment from the Settlement Funds of $4,793,000 in costs, which includes costs Plaintiffs' Counsel have incurred prosecuting this case to date, as well as projected  expenses for the continuing litigation and trial against the Non-Settling Defendants (see Question 6). Plaintiffs' Counsel will not ask the Court to approve payment of any attorneys' fees at the Fairness Hearing.  Plaintiffs' Counsel will at a later date ask the Court to approve payment of up to one-third of the Settlement Funds to them for attorneys' fees, as well as to reimburse them for any additional, unreimbursed litigation costs they may advance in pursuing the Plaintiffs' claims. The fees would compensate Plaintiffs' Counsel for investigating the facts, litigating the case (including through appeals), and negotiating and administering the settlements. Plaintiffs' Counsel will ask the Court to approve at the Fairness Hearing payments of $10,000 to each of the individual Class Representatives as Service Awards for their service to the Class, which shall be paid when the Settlement Funds are distributed to Class members who have submitted valid claims. Plaintiffs' Counsel may seek additional attorneys' fees, costs, and expenses from any future settlement or recovery obtained from non-settling Defendants. The costs of providing this Notice and administering the settlements are being paid from the Settlement Funds.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you don't want a payment from one or both of the partial settlements, and you want to keep the right to sue or continue to sue Pixar, Lucasfilm or Intuit (on your own at your own expense) about the legal issues in this case, then if you are a Class member you must take steps to get out of one or both of the settlement Classes. This is called excluding yourself from, or opting out of, a proposed settlement Class. Opting out of a proposed settlement Class at this time will not affect your right to remain in the Class for purposes of the continuing litigation against the non-settling Defendants.

**20.  How do I get out of the settlements?**

To exclude yourself from (opt out of) one or both of the partial settlements, you must send a letter to the Claims Administrator at the address listed in Section 28 of this notice.

If you want to exclude yourself from the settlement with Pixar and Lucasfilm you must send a letter to the Claims Administrator saying that you want to be excluded from the Pixar and Lucasfilm settlement Class in *In re:*

*High-Tech Employee Antitrust Litigation,* and that you understand that you will not receive money from the partial settlement with Pixar and Lucasfilm.

If you want to exclude yourself from the settlement with Intuit, you must send a letter to the Claims Administrator saying that you want to be excluded from the Intuit settlement Class in *In re: High-Tech Employee Antitrust Litigation,* and that you understand that you will not receive money from the partial settlement with Intuit.

You must include your name, address, telephone number, and your signature with any request for exclusion. You must submit your Opt-Out Request(s) postmarked no later than _____, 2013 (or received by the Claims Administrator by that date if sent by fax or e-mail) at the following address:

You cannot exclude yourself (opt out) by telephone. If you ask to be excluded from either of the settlements, you will not get any payment from that settlement, and you cannot object to the settlement.

If you request to be excluded from the partial settlement with Pixar and Lucasfilm, you will not be legally bound by the settlement with Lucasfilm and Pixar. You may be able to sue (or continue to sue) Lucasfilm and Pixar in the future.

If you request to be excluded from the partial settlement with Intuit, you will not be legally bound by the settlement with Intuit. You may be able to sue (or continue to sue) Intuit in the future.

| **21. If I don't exclude myself, can I sue Lucasfilm and Pixar and Intuit for the same thing later?** |
| --- |

No. If you are a Class member, unless you exclude yourself, you give up the right to sue Lucasfilm, Pixar, and Intuit for the claims that the two partial settlements resolve as more fully described in Question 16 above. If you have a pending lawsuit against Lucasfilm, Pixar, or Intuit, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself from the Class(es) to continue your own lawsuit. The process for excluding yourself from the settlements is described in the preceding section.

| **22. If I exclude myself, can I get money from a settlement?** |
| --- |

No. If you exclude yourself from a partial settlement, you will receive no money from that settlement. But if you exclude yourself from the partial settlement with Lucasfilm and Pixar, you may sue, continue to sue, or be part of a different lawsuit against Lucasfilm and Pixar; and if you exclude yourself from the partial settlement with Intuit, you may sue, continue to sue, or be part of a different lawsuit against Intuit.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENTS

| **23. How do I tell the Court that I like or don't like a proposed settlement?** |
| --- |

If you're a Class Member, you can comment on, including object to, one or both of the proposed partial settlements if you like or don't like any part of it. You can give reasons why you think the Court should or should not approve them. The Court will consider your views.

To comment or to object, you must send a letter to the Claims Administrator with your comment(s) or objection(s) to the proposed settlement(s) in *In re: High-Tech Employee Antitrust Litigation*. Be sure to include:

- Your name, address, telephone number, email address and signature;
- Which of the two settlements you wish to comment or object on—the settlement with Lucasfilm and Pixar, and/or the settlement with Intuit.
- If you object to either proposed partial settlement, a detailed list of any other objections that you or your lawyer have made to any class action settlements submitted to any court in the United States in the previous five (5) years; and
- A detailed statement of your comment(s) or objection(s), including the grounds for your objection(s), if any, together with any documents you think support it.

If you wish for the Court to consider your comment(s) or objection(s), you must mail the comment(s) or objection(s) by First Class U.S. Mail, postmarked no later than **Month 00, 2013,** to:

Claims Administrator

High Tech Employee Settlement

P.O. Box 0000

City, ST 00000

**QUESTIONS? CALL 1-800-000-0000 OR VISIT WWW.HIGHTECHEMPLOYEESETTLEMENT.COM**

### THE COURT'S FAIRNESS HEARING

**24.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at XX:XX a.m. on Month 00, 2013 in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, 280 S. First Street, San Jose, California 95113.

At this hearing, the Court will separately consider both proposed settlements and determine whether they are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will decide whether to allow people who have raised objections or comments to speak at the hearing. The Court may also decide how much to award to Plaintiffs' Counsel in expenses  and whether to approve the payment of Service Awards to the Named Plaintiffs, to be paid when the Settlement Funds are distributed to Class members who submit claims. After the hearing, the Court will separately decide whether to approve the partial settlement with Pixar and Lucasfilm, and the partial settlement with Intuit. We do not know how long these decisions will take, or whether the Court will issue its decisions about both settlements at the same time.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this Notice. Be sure to check the website, www.HighTechEmployeeSettlement.com, for news of any such changes.

**25.  Do I have to come to the Fairness Hearing?**

No. Plaintiffs' Counsel will be present at the Fairness Hearing to answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**26.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *In re: High-Tech Employee Antitrust Litigation.*"  You must mail your Notice of Intention to Appear, postmarked no later than **Month 00, 2013** to the addresses shown in the answer to Question 30, below. Be sure to include your name, address, telephone number, email address and your signature.

You will have no right to speak at the hearing about a settlement if you choose to exclude yourself that settlement, because a settlement no longer affects you if you do not participate in it.

### IF YOU DO NOTHING

**27.  What happens if I do nothing at all?**

If you are a Class Member, and you do nothing, you'll get no money from the settlement with Pixar and Lucasfilm or the settlement with Intuit, and you won't be able to collect any damages from Pixar, Lucasfilm, or Intuit for their alleged unlawful agreements not to compete for employees. You must submit a claim form online by Month, Date, Year, or by mail  postmarked by Month, Date, Year, in order to qualify to receive any money from the settlement with Pixar and Lucasfilm or the settlement with Intuit.

### YOUR PRIVACY

**28.  Will my manager know whether or how I responded to this notice?**

The Court will appoint an independent, experienced professional Claims Administrator.  The Claims Administrator will not disclose the identities of Class Members who submit Claim Forms to any Defendant, including Lucasfilm, Pixar, and Intuit (or their managers).  The Claims Administrator will establish and follow procedures to protect the confidentiality of the identity of persons submitting claims. The Claims Administrator will process Claim Forms and issue settlement checks. The Claims Administrator will also receive Opt-Out Requests and comments (including objections) not related to claims.  As required by the Court, the Claims Administrator will share that non-claims information with Class Counsel and counsel for the Settling Defendants, as well as with the Court.

Lucasfilm, Pixar and Intuit have agreed that no information about Opt-Out Requests and comments (including objections) will be shared within their companies absent some showing of need to implement the settlements.

## GETTING MORE INFORMATION

**29.  Are more details about the settlements available?**

Yes.  This Notice summarizes the two proposed settlements; more details are in the proposed Settlement Agreements themselves. You can get copies of the Settlement Agreements at www.HighTechEmployeeSettlement.com.

**30.  How do I get more information?**

The website www.HighTechEmployeeSettlement.com allows you to complete and submit a Claim Form online, and provides answers to common questions about the Settlements, Claim Forms, and other information to help you determine whether you are a Class Member, whether you are eligible for a payment, and when settlement funds will be distributed. You may also submit a written Claim Form at the address listed below, or call or write to the Claims Administrator with your questions at:

Claims Administrator

High Tech Employee Settlement

P.O. Box 0000

City, ST 00000

Telephone:  XXX-XXX-XXXX

**PLEASE DO NOT CONTACT THE COURT. YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THIS NOTICE OR THE SETTLEMENT TO THE CLAIMS ADMINISTRATOR AND/OR TO PLAINTIFFS' COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

Dated: _____, 2013            By Order of the Court

_____
Judge of the United States District Court
Northern District of California

1132185.4

# EXHIBIT C

**Plan of Allocation**

Settlement Class Members who do not opt out and who timely and properly submit a Claim Form ("Claimants") will be eligible to receive a share of the Settlement Fund net of all applicable reductions based on a formula using a Claimant's base salary paid while working in a "Class Position" within the "Class Period" as set forth in the Settlement Class definition.  In other words, each approved Claimant's share of the Settlement Fund is a fraction, with the approved Claimant's total base salary paid while working in a Class Position during the Class Period as the numerator and the total base salary paid to all approved Claimants while working in a Class Position during the Class Period as the denominator:

> (Approved Claimant's individual total base salary paid in Class Positions during the Class Period) ÷ (Total of base salaries paid to all approved Claimants in Class Positions during the Class Period).

The Claimant's fractional amount shall be multiplied against the Settlement Fund net of all applicable reductions, including for taxes and tax withholding, court-approved costs, service awards, and attorneys' fees and expenses.

The base salary, dates of employment, and whether a potential Class Member held a Class Position will be conclusively derived from Defendants' data maintained by their respective human resources departments and will not be subject to challenge by Class Members or Claimants.  In the event data about a potential Class Member's job title is not available in Lucasfilm's human resources database, the Claims Administrator shall determine whether that person held a Class Position based on the information provided in the Claims Form and information in Lucasfilm's human resources database.

Because each approved Claimant's fractional amount will depend in part on how many other Class Members do not opt out and submit timely and properly completed Claim Forms, fractional amounts will increase if less than 100% of Class Members participate as Claimants.

Payments to Claimants shall not be made until all objections, collateral challenges or appeals relating to either or both of the Settlements have been fully and finally resolved.  Claimants shall receive a single payment reflecting combined amounts from the Pixar/Lucasfilm Settlement and the Intuit Settlement, assuming that both Settlements receive such final approval.  Distribution may be delayed to accommodate other settlements, if any, reached by no later than June 1, 2014.

# EXHIBIT D

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

| 12 | IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|----|-----|-----|
| 13 | | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR** |
| 14 | THIS DOCUMENT RELATES TO: | **CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY** |
| 15 | ALL ACTIONS | **APPROVAL OF PARTIAL CLASS ACTION SETTLEMENTS WITH** |
| 16 | | **DEFENDANTS INTUIT INC., LUCASFILM, LTD., AND PIXAR,** |
| 17 | | **APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL** |
| 18 | | **APPROVAL HEARING** |

19

20         This matter is before the Court on Plaintiffs' motion for conditional class certification and

21   preliminary approval of the proposed class action settlements (the "Settlements") between

22   individual and representative Plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan,

23   Brandon Marshall and Daniel Stover ("Plaintiffs") and Intuit Inc., Lucasfilm, Ltd., and Pixar

24   (collectively the "Settling Defendants"), as set forth in the Settlement Agreements attached hereto

25   as Exhibits A and B.  Having considered the Motion, the Settling Parties' Settlement Agreements,

26   the proposed form of notice to the Class, the pleadings and other papers filed in these Actions,

27   and the statements of counsel and the parties, and for good cause shown, IT IS HEREBY

28   ORDERED as follows:

- 1 -

1131740.5

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreements, copies of which are attached hereto as Exhibits A and B.[1]

2.      The Court has jurisdiction over this Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, Intuit, Pixar, Lucasfilm, the Released Parties, and any party to any agreement that is part of or related to the Settlement Agreements.

3.      The Court finds that the proposed Settlement with Lucasfilm and Pixar for $9,000,000 is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of it should be provided to the Settlement Class (defined in paragraph 5 below), and that a hearing should be held as set forth below.  The Court also finds that the proposed Settlement with Intuit for $11,000,000 is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of it should be provided to the Settlement Class (defined in paragraph 5 below), and that a hearing should be held as set forth below.  The Court also finds that the Settlement Agreements appear to be the product of arm's length, informed, non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and contested this litigation for over two years.  In accordance with the schedule outlined in paragraph 32 below, Class Counsel shall seek entry of an Order and Final Judgment.

4.      The Court finds that the proposed Plan of Allocation, attached to the Settlement Agreements, and described in the Motion, also is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved, subject to further consideration at the hearing to be held as set forth below.

**Certification of Settlement Class**

5.      In order to effectuate notice to the class of the proposed Settlements, Plaintiffs seek conditional certification of the following Settlement Class:

> All natural persons who work in the technical, creative, and/or research and development fields that are employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May

---

[1] The Agreements filed with this Order shall not include Exhibit E and Attachment 1 to the Lucas/Pixar Agreement, or Exhibit D and Attachment 1 to the Intuit Agreement, which shall remain under seal.

- 2 -

2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of all Defendants.

The specific titles included in the Class are further identified in attachments to the Settlement Agreements and will be supplemented by the Claims Administrator if additional Lucasfilm job titles consistent with the Settlement Class definition are identified.

6.      For purposes of the Settlement only, Defendants Intuit, Pixar, and Lucasfilm conditionally agreed to take no position regarding certification of this Settlement Class.

7.      The Court hereby conditionally certifies the Settlement Class, subject to final approval of the Settlements, pursuant to the following FINDINGS under Fed. R. Civ. P. 23:

a.      The Court must conditionally certify a proposed settlement class before it can preliminarily approve the class settlement.  *Amchem Prods., Inc. v. Windsor,* 521 U.S.591, 619, (1997); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019-1023 (9th Cir. 1999). The class certification requirements are identical with respect to certification for litigation and settlement, except that in the settlement context the court need not make a finding that the class would be manageable under 23(b)(3)(D) because there will be no trial. *Amchem,* 521 U.S. at 620; *Hanlon,* 150 F.3d at 1019-22 (at settlement, court must determine that the requirements of Rule 23(a) are met as well as at least as one of the requirements of Rule 23(b)). Plaintiffs meet the requirements for class certification and accordingly the Class may be conditionally certified.

b.      "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (quotation marks and citation omitted). As discussed below, Plaintiffs have satisfied the requirements for class certification under Rule 23(a) and Rule 23(b)(3).

c.      Rule 23(a) requires: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the

1131740.5

1    claims or defenses of the representative parties are typical of the claims or defenses of the class;

2    and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.

3    R. Civ. P. 23(a).

4              d.       The Settlement Class – which numbers in the tens of thousands – is so

5    numerous that joinder of all members is impracticable. *See Standiford v. Palm, Inc*., 2011 U.S.

6    Dist. LEXIS 54782, at *20-21 (N.D. Cal. May 20, 2011) ("[C]ourts generally find that the

7    numerosity factor is satisfied if the class comprises 40 or more members") (quotation marks and

8    citation omitted).

9              e.       Plaintiffs have shown there are questions of law and fact common to the

10   Class. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (to satisfy commonality,

11   class members' claims must depend upon a common contention that "is capable of class-wide

12   resolution--which means that determination of its truth or falsity will resolve an issue that is

13   central to the validity of each one of the claims in one stroke"). Specifically, whether the

14   Defendants entered into the challenged anti-solicitation conspiracy, and its effect on

15   compensation, are common to the Class.

16             f.       The representative parties – each of whom worked as a salaried technical

17   employee for a Defendant – have claims which are typical of the Class. *See Ellis v. Costco*

18   *Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) ("Typicality refers to the nature of the claim

19   or defense of the class representative, and not to the specific facts from which it arose or the relief

20   sought.") (citations and internal quotation marks omitted). Plaintiffs share with the Class

21   members the same alleged injuries arising from the same alleged conduct:  alleged suppression of

22   their compensation due to Defendants' agreements.

23             g.       Finally, Plaintiffs and Class Counsel have shown that they will adequately

24   protect the interests of the class. Neither Plaintiffs nor Class Counsel have any conflicts of

25   interest with Class Members, and Plaintiffs have dutifully and vigorously performed their

26   obligations as class representatives to date.  *See Hopson v. Hanesbrands Inc*., 2009 U.S. Dist.

27   LEXIS 33900, at *10 (N.D. Cal. Apr. 3, 2009) ( The adequacy standard is met if "(1) the class

28   representative and counsel do not have any conflicts of interest with other class members; and (2)

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
Master Docket No. 11-CV-2509-LHK

1  the representative plaintiff and counsel will prosecute the action vigorously on behalf of the

2  class").  Consequently, Plaintiffs have met the requirements of Rule 23(a).

3      h.    Rule 23(b)(3) requires that "the questions of law or fact common to class

4  members predominate over any questions affecting only individual members, and that a class is

5  superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

6  R. Civ. P. 23(b)(3).

7      i.    Plaintiffs' evidence to date, including the Expert Reports of Edward E.

8  Leamer, Ph.D. (Dkt. Nos. 190, 249, 418-4, 457), the Expert Report of Kevin F. Hallock, Ph.D.

9  (Dkt. No. 418-3), and other evidence submitted to the Court, shows common questions associated

10  with Defendants' alleged anticompetitive conduct, and that the Class-wide impact of their

11  agreements predominate over any individualized questions.

12      j.    Rule 23(b)(3) also requires that " the court find[] . . . that a class action is

13  superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

14  R. Civ. P. 23(b)(3). This requirement is broken down into non-exclusive factors that include:

15  "(A) the class members' interests in individually controlling the prosecution or defense of

16  separate actions; (B) the extent and nature of any litigation concerning the controversy already

17  begun by or against class members; (C) the desirability or undesirability of concentrating the

18  litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class

19  action. Fed. R. Civ. P. 23(b)(3)(A)-(D). A class action is the superior method for managing

20  litigation where common issues will reduce litigation costs and promote greater efficiency, and

21  where no realistic alternative to class resolution exists.  *Valentino v. Carter-Wallace, Inc.,* 97 F.3d

22  1227, 1234-35 (9th Cir. 1996).  This superiority inquiry requires a comparative evaluation of

23  alternative mechanisms of dispute resolution.  *Hanlon,* 150 F.3d at 1023.  Given the complexity

24  of the case, the first and third factors favor class adjudication.  There is little incentive to generate

25  the costly and time-consuming expert evidence needed to assert the claims at issue here in an

26  individual action.  The second factor favors class adjudication because the litigation regarding the

27  nationwide Class claims have already been concentrated in this Action.  The fourth factor

28  23(b)(3)(D) is not at issue because if the Settlements are finally approved there will be no trial as

- 5 -

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
Master Docket No. 11-CV-2509-LHK

1   to the liability of the Settling Defendants, *Amchem,* 521 U.S. at 620; *Hanlon,* 150 F.3d at 1019-

2   22.  In any case, Class adjudication of this matter is clearly more efficient and manageable than

3   the alternative consisting of thousands of individual lawsuits or no rights being vindicated at all

4   due to the high costs of prosecuting these types of claims.  Consequently, Plaintiffs have met the

5   requirements of Rule 23.

6        8.        The Court hereby appoints Michael Devine, Siddharth Hariharan, Mark Fichtner,

7   Brandon Marshall, and Daniel Stover as Class Representatives.  By Order dated April 5, 2013, the

8   Court confirmed as final its appointment of Lieff, Cabraser, Heimann & Bernstein LLP and the

9   Joseph Saveri Law Firm, Inc. as Co-Lead Class Counsel, and appointed Berger & Montague, P.A.

10  and Grant & Eisenhofer, P.A. as Class Counsel.

11                              **Notice to Class Members**

12       9.        The Court approves the Notices of Pendency and Proposed Settlement of Class

13  Action (the "Settlement Notices"), and finds that the dissemination of the Notice substantially in

14  the manner and form set forth in the Settlement Agreements complies fully with the requirements

15  of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable

16  under the circumstances.

17       10.       The notice procedures set forth in the Settlement Agreements are hereby found to

18  be the best practicable means of providing notice of the Settlement Agreements under the

19  circumstances and, when completed, shall constitute due and sufficient notice of the proposed

20  Settlement Agreements and the Final Approval Hearing to all persons affected by and/or entitled

21  to participate in the Settlement Agreements, in full compliance with the applicable requirements

22  of Federal Rule of Civil Procedure 23 and due process.

23                        **Administration of the Settlement Fund**

24       11.       The Court hereby appoints the claims administrator proposed by the Plaintiffs,

25  Heffler Claims Group (the "Claims Administrator"). Consistent with the Settlement Agreement,

26  the responsibilities of the Claims Administrator shall include: (a) establishing a post office box

27  for purposes of communicating with Class members, including receiving any objections;

28  (b) disseminating the Notice to the Class; (c) developing and launching a website to enable Class

1    members to access relevant documents; (d) receiving and maintaining documents sent from Class

2    members relating to claims administration and requests for exclusion; (e) in connection with

3    Class Counsel, establishing protocols and procedures for processing Claim Forms; (f) handling

4    withholding, reporting, payment, dissemination of forms, and other aspects of Settlement

5    administration relating to all applicable taxes as set forth in the Settlement Agreements; and

6    (g) distributing Settlement checks to Class members. Pursuant to the Settlement Agreements, the

7    costs of the Settlement Administrator's services and all other reasonable costs of Settlement

8    administration shall be paid out of the Settlement Fund, subject to Court review and approval,

9    with certain notice and administration costs incurred prior to the Effective Date advanced by

10    Pixar and/or Lucasfilm as provided in the Settlement Agreements.

11          12.     All funds held by the Escrow Agent (Citibank, N.A.) after the Effective Date of

12    the Settlements as defined in the Settlement Agreements shall be deemed and considered to be in

13    *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such

14    funds shall be distributed (or returned to Intuit, Pixar, and Lucasfilm) pursuant to the Settlement

15    Agreement and further order(s) of the Court.

16          13.     The Settlement Fund, to be held at Citibank, N.A., shall be established as a

17    fiduciary account and administered in accordance with the provisions of the Settlement

18    Agreements. The Court approves the establishment of the escrow account under the Settlement

19    Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section

20    1.468B-1 and the Treasury Regulations promulgated thereunder, and retains continuing

21    jurisdiction as to any issue that may arise in connection with the formation and/or administration

22    of this QSF.

23          14.     No later than twenty (20) days from the date of this Order preliminarily approving

24    the Settlements, each Defendant in the Action shall cause to be delivered to the Claims

25    Administrator in an electronic database format, from the information in their human resources

26    databases, for the Class period, the full legal name, social security number, all known email

27    addresses, last known physical address, dates of employment in that Defendant's job titles

28    identified in Exhibit C to the Settlement Agreement or, if a job title is not available in the

1   Defendant's human resources databases, dates of employment in any position,, and associated

2   base salary by date and, to the extent reflected in the human resources database, relevant job title

3   identified in Exhibit C of each Class Member who was employed by that Defendant.

4          15.     No later than fourteen (14) days after receiving from all Defendants the

5   information in paragraph 14, the Claims Administrator shall cause the Settlement Notice to be

6   mailed by first-class mail, postage prepaid, and/or emailed to Class Members and potential Class

7   Members pursuant to the procedures described in the Settlements, and to any potential Class

8   Member who requests one; and, in conjunction with Class Counsel, shall cause a case-specific

9   website to become operational with case information, court documents relating to the Settlement,

10  the Notice, and electronic claim filing capability. At least thirty days prior to the Final Approval

11  Hearing, the Claims Administrator shall file with the Court an Affidavit of Compliance with

12  Notice Requirements.

13         16.     All costs incurred in disseminating Notice and administering the Settlement shall

14  be paid from the Settlement Fund pursuant to the Settlement Agreement, with certain notice and

15  administration costs incurred prior to the Effective Date advanced by Pixar and/or Lucasfilm as

16  provided in the Settlement Agreement.

17         17.     The Claim Forms attached to the Settlement Agreements satisfy the requirements

18  of due process and of the Federal Rules of Civil Procedure and, accordingly, are approved for

19  dissemination to the Class in a substantially similar format.

20           **Responses by Class Members and the Scheduling of a Final Approval Hearing**

21         18.     Class Members will have until forty-five (45) days from the date the Notice period

22  begins (established by the first day upon which the Claims Administrator provides mail and e-

23  mail Notice to Class Members ["Notice date"]) to opt-out (the "Opt-Out Deadline") of the

24  proposed Settlement.

25         19.     Any Class Member who wishes to be excluded (opt out) from the Settlement Class

26  must send a written Request for Exclusion to Class Counsel on or before the close of the Opt-Out

27  Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for

28  Exclusion as a group or class, but must in each instance individually and personally execute a

- 8 -

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
Master Docket No. 11-CV-2509-LHK

1   Request for Exclusion. Class Members who exclude themselves from the Settlement Class will

2   not be eligible to receive any benefits under the Settlement, will not be bound by any further

3   orders or judgments entered for or against the Settlement Class, and will preserve their ability

4   independently to pursue any claims they may have against Intuit, Pixar, and Lucasfilm.

5          20.     Class Counsel shall file their motion for payment of costs, and for Plaintiff Service

6   Awards, no later than thirty-one (31) days from the Notice date.[2]

7          21.     All Class Members who did not properly and timely request exclusion from the

8   Settlement Class shall, upon entry of the Final Approval Order and Judgment, be bound by all the

9   terms and provisions of the Settlement Agreement, including the Release provisions, whether or

10  not such Class Member objected to the Settlement and whether or not such Class Member applied

11  for or received consideration under the Settlement Agreement.

12         22.     A final hearing on the Settlement Agreement ("Final Approval Hearing") shall be

13  held before the Court at __:__ a.m./p.m. on _____, 2014, in Courtroom __ of the

14  Northern District of California, 280 South 1st Street, San Jose, CA 95113.  Such hearing shall be

15  at least 90 days from the completion of notice pursuant to the Class Action Fairness Act.

16         23.     At the Final Approval Hearing, the Court will consider (a) the fairness,

17  reasonableness, and adequacy of the partial Settlement Agreements and whether the Settlement

18  Agreements should be granted final approval by the Court; (b) approval of the proposed Plan of

19  Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement

20  Release. Class Counsel's application for payment of costs, and request for the Court to approve

21  service awards to the named Plaintiffs, shall also be heard at the time of the hearing.

22         24.     The date and time of the Final Approval Hearing shall be subject to adjournment

23  by the Court without further notice to the Class Members, other than that which may be posted by

24  the Court. Should the Court adjourn the date for the Final Approval Hearing, such adjournment

25  shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of

26  

27  _____

[2] While the Notice shall advise the Class of the percentage(s) of the fund(s) that Class Counsel
28  later may request as attorneys' fees, the Court is advised that Class Counsel do not presently seek
payment of any fees in connection with the Settlements. Class Counsel may file a motion for
attorneys' fees at a later date.

1131740.5

settlement objections, claims, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

25.     Any Class Member who did not elect to be excluded from the Class may, but need not, enter an appearance through his or her own attorney.  For Settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

26.     Any Class Member who did not elect to be excluded from the Class may, but need not, submit comments or objections to (a) the Settlement Agreement, (b) entry of a Final Approval Order and Judgment approving the Settlement Agreement, (c) Class Counsel's application for payment of costs and anticipated application for fees, and/or (d) service award requests, by mailing a written comment or objection to the addresses provided by the Claims Administrator in the Notice.

27.     Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Class Member was an employee and member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreement and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

28.     Objections, along with any statements of intent to appear, must be postmarked no later than forty-five days from the Notice date, and mailed to the addresses provided by the Claims Administrator in the Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

29.     Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreements; (b) entry of a Final Approval Order and Judgment; (c) Class Counsel's application for payment of costs and anticipated request for fees; and (d) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

30.     Class Members need not appear at the hearing or take any other action to indicate their approval.

31.     Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely requested to be excluded from the Class will be enjoined from proceeding against Intuit, Pixar, and Lucasfilm and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

32.     The schedule by which the events referenced above shall occur is as follows:

| Event | Date |
|---|---|
| Notice of Class Action Settlements to Be Mailed and Posted on Internet | Within 14 days of receipt from all Defendants of information in Paragraph 13 |
| Class Counsel Motion for Costs, and Motion for Plaintiffs' Service Awards[3] | To be completed 31 days from Notice Date |
| Opt-Out and Objection Deadline | 45 days from Notice Date |
| Postmark/Filing Deadline for Filing Claims | 120 Days from Notice Date |
| Claims Administrator Affidavit of Compliance with Notice Requirements | To be filed 30 days prior to the Final Approval Hearing |
| Motions for Final Approval | To be filed 21 days prior to Final Approval Hearing |

---

[3] As indicated in footnote 1, *supra*, Class Counsel may at a later date file an application for attorneys' fees in the amount set forth in the Notice to be disseminated to the Settlement Class according to the schedule set forth here.

- 11 -

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
Master Docket No. 11-CV-2509-LHK

| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Service Awards to Be Filed by Class Counsel | To be filed 7 days prior to Final Approval Hearing |
|---|---|
| Final Approval Hearing | _____, 2014 |

33.     All further proceedings as to Intuit, Pixar, and Lucasfilm are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Class Representatives.

34.     In the event the Settlement Agreements and the proposed Settlements are terminated pursuant to the applicable provisions of the Settlement Agreement, the Settlement Agreements and all related proceedings shall, except as expressly provided in the Settlement Agreements, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against Intuit, Pixar, and Lucasfilm and any other Released Party, and Intuit, Pixar, and Lucasfilm and any other Released Parties shall retain any and all of their current defenses and arguments thereto so that the Settling Parties may take such litigation steps (including without limitation opposing class certification, serving expert reports, deposing experts, and filing motions) that the Settling Parties otherwise would have been able to take absent the pendency of this Settlement. These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to July 12, 2013 and shall proceed as if the Settlement Agreements had not been executed.

35.     Neither this Order nor the Settlement Agreements, nor any other Settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Intuit, Pixar, and/or Lucasfilm as to (a) the validity of any claim that has been or could have been asserted against either or as to any liability by either as to any matter encompassed by the Settlement Agreements or (b) the propriety of certifying any litigation class against Intuit, Pixar, and/or Lucasfilm.

1    Dated: _____, 2013

2                                          _____
                                           LUCY H. KOH
3                                          United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

Lodged with the Court

# ATTACHMENT 1

Lodged with the Court