1    Richard M. Heimann (State Bar No. 63607)
     Kelly M. Dermody (State Bar No. 171716)
2    Eric B. Fastiff (State Bar No. 182260)
     Brendan P. Glackin (State Bar No. 199643)
3    Dean M. Harvey (State Bar No. 250298)
     Anne B. Shaver (State Bar No. 255928)
4    Lisa J. Cisneros (State Car No. 251473)
     LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
5    275 Battery Street, 29th Floor
     San Francisco, California  94111-3339
6    Telephone:  415.956.1000
     Facsimile:  415.956.1008
7
8    Joseph R. Saveri (State Bar No. 130064)
     Lisa J. Leebove (State Bar No. 186705)
9    James G. Dallal (State Bar No.  277826)
     JOSEPH SAVERI LAW FIRM, INC.
10   255 California, Suite 450
     San Francisco, California 94111
11   Telephone: 415.500.6800
     Facsimile: 415.500.6803

12
13   *Co-Lead Counsel for Plaintiff Class*

14
15                 UNITED STATES DISTRICT COURT
16                NORTHERN DISTRICT OF CALIFORNIA
17                      SAN JOSE DIVISION

18   IN RE: HIGH-TECH EMPLOYEE            Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
19                                        **PLAINTIFFS' ADMINISTRATIVE
     THIS DOCUMENT RELATES TO:            MOTION TO FILE UNDER SEAL
20                                        PORTIONS OF PLAINTIFFS' MOTION
     All Actions                          FOR PRELIMINARY APPROVAL OF
21                                        CLASS SETTLEMENT**
22
23                                        Judge:      Honorable Lucy H. Koh

24         Pursuant to Civil Local Rule 7-11 and 79-5, Plaintiffs respectfully request an order from
25   the Court authorizing the filing under seal of the items identified below:
26        (1)      A portion of Plaintiffs' Motion for Preliminary Approval of Class Settlement
27                 Agreement, specifically a figure on line 24 of page 2 and line 13 of page 13;
28

(2)     Exhibit D and Attachment 1 to Plaintiffs' Settlement Agreement with Intuit; and

(3)     Exhibit E and Attachment 1 to Plaintiffs' Settlement Agreement with Lucasfilm and Pixar.

Plaintiffs request, pursuant to Local Rule 79-5(d), the Court's approval to file under seal a portion of Plaintiffs' Motion for Preliminary Approval, specifically a figure on line 24 of page 2 and line 13 of page 13, as well as Exhibit D of Plaintiffs' Settlement Agreement with Intuit and Exhibit E of Plaintiffs' Settlement Agreement with Lucasfilm and Pixar to protect information that Defendants have designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). This information was not designated as confidential by Plaintiffs.  Plaintiffs take no position on whether the designated documents satisfy the requirements for sealing, and specifically reserve the right to challenge any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107), as well as the sealability of these documents under Civil Local Rule 79-5.

Plaintiffs also seek to file under seal, pursuant to Local Rule 79-5(c), Attachments 1 to Plaintiffs' Settlement Agreements with Intuit, and Lucasfilm and Pixar.  Plaintiffs, Intuit, Lucasfilm, and Pixar intend for the provisions to remain confidential and Plaintiffs set forth their reasons in the attached declaration of Dean M. Harvey.

Pursuant to Local Rule 79-5 and this Court's Standing Order Regarding Motion to File Under Seal, the proposed redacted versions of Plaintiffs' Motion for Preliminary Approval and both settlement agreements have been attached as Exhibits 1, 2 and 3 of this motion, respectively, and e-filed publicly.  Pursuant to this Court's January 11, 2013 Order (Dkt. 269), Plaintiffs' Motion for Preliminary Approval with the proposed redaction highlighted in yellow have been attached hereto as Exhibit 4.  Unredacted versions of both settlement agreements have been attached as Exhibits 5 and 6.  Pursuant to Local Rule 79-5(b)(3) and (c)(3), the proposed redacted versions of Plaintiffs' Motion and settlement agreements, and the unredacted version of the same, have been served on Defendants and will be lodged with the Court.

1   I.      **LEGAL STANDARD**

2          Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court

3   to permit sealing of court documents for, inter alia, the protection of "a trade secret or other

4   confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  In the

5   Ninth Circuit two standards govern requests to seal documents: "compelling reasons" and "good

6   cause."  *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), amended, 605 F.3d

7   665, Nos. 04-17485, 04-17558, 2010 U.S. App. LEXIS 10530 (9th Cir. May 21, 2010).

8   Documents attached to dispositive motions are governed by the compelling reasons standard.  *See*

9   *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).  A "'particularized

10  showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the

11  secrecy of sealed discovery material attached to nondispositive motions."  *Id.* at 1180.  *See also*

12  *Pintos*, 565 F.3d at 1115 ("In light of the weaker public interest in nondispositive materials, we apply

13  the 'good cause' standard when parties wish to keep them under seal.").

14         This Court has previously held that the good cause standard applies to requests to seal

15  confidential terms of a settlement agreement "only tangentially related to the merits of the underlying

16  cause of action."  *Prosurance Group, Inc. v. Liberty Mut. Group, Inc.*, Case No. 10-cv-02600-LHK,

17  2011 U.S. Dist. LEXIS 22365, *2-3 (N.D. Cal. Feb. 18, 2011) (citing *Phillips ex rel. Estate of Bryd v.*

18  *General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

19  II.     **ARGUMENT**

20         A.      **Redactions from Plaintiffs' Motion for Preliminary Approval and Exhibits D**
                   **and E to Intuit and Pixar/Lucasfilm Settlement Agreements, Respectively**

21

22         Although Plaintiffs' request is narrowly tailored to include only the information that may

23  require confidentiality, Defendants must show good cause for sealing the documents they have

24  placed a confidentiality designation upon by submitting a declaration and proposed order within

25  seven days after the lodging of the designated documents.  *See* Civil Local Rule 79-5(d).

26         B.      **Attachments 1 to the Settlement Agreements**

27         Pursuant to Local Rule 79-5(c), Plaintiffs request to file under seal a limited portion of

28  their settlement agreements with Intuit and Pixar/Lucasfilm, specifically the provisions contained

1  in Attachment 1 to each agreement.  These provisions do not concern any term of the settlement

2  agreements dictating the type or amount of relief available to class members, if the settlement

3  agreements are approved and finalized.  Rather, they set forth circumstances in which the

4  settlement agreements will be terminated or will not become effective.  *See* Pixar/Lucasfilm

5  Settlement Agreement, Part VIII.A.; Intuit Settlement Agreement, Part VIII.A; Decl. of Dean M.

6  Harvey, attached hereto.  The provisions have no bearing on the reasonableness, fairness or

7  adequacy of the Settlement.

8       The parties to the Agreement have an interest in maintaining the confidentiality of these

9  provisions.  *Id.*  The revelation of these provisions may encourage professional objectors to

10  thwart the settlement with no clear benefit to class members.  Courts throughout the country have

11  recognized the "cottage industry" of professional objectors known for bad faith and vexatious

12  conduct.  *See e.g.*, *Koz v. Kellog Co.*, 2013 U.S. Dist. LEXIS 129205, *11 n.2  (C.D. Cal.

13  September 10, 2013); *In re Oil Spill by Oil Rig Deepwater Horizon*, 2013 U.S. Dist. LEXIS 4595,

14  at *48 n.40 (E.D. La. Jan. 11, 2013).  *See also*, *In re Hydroxycut Mktg. & Sales Practices Litig. v.*

15  *Iovate Health Scis. Group*, Case No. 09-md-2087, 2013 U.S. Dist. LEXIS 133413, *71 n.3 (S.D.

16  Cal. 2013)  ("[P]rofessional objectors can levy what is effectively a tax on class action

17  settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is

18  gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal

19  is purportedly raised, gains nothing.").

20       This interest in confidentiality outweighs the public interest in its disclosure.  "Voluntary

21  conciliation and settlement are the preferred means of dispute resolution in complex class action

22  litigation."  *Smith v. CRST Van Expedited, Inc.*, 2013 U.S. Dist. LEXIS 6049, 2013 WL 163293,

23  at *2 (S.D. Cal. Jan. 14, 2013) (citing *Officers for Justice v. Civil Service Com'n of City and*

24  *County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).  The requested redaction of the

25  information is narrowly tailored, and there are no less restrictive means to achieve the interest

26  identified.

27

28

1

Dated:  September 21, 2013

Respectfully Submitted,

2

3

By: */s/ Lisa J. Cisneros*

4

5

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)

6

Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)

7

Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)

8

Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

9

275 Battery Street, 29th Floor
San Francisco, California  94111-3339

10

Telephone:  415.956.1000
Facsimile:  415.956.1008

11

Joseph R. Saveri

12

Lisa J. Leebove
James G. Dallal

13

SAVERI LAW FIRM, INC.
255 California, Suite 450

14

San Francisco, CA  94111
Telephone:  (415) 500-6800

15

Facsimile: (415) 500-6803

16

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

17

18

19

20

21

22

23

24

25

26

27

28