# COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

333 TWIN DOLPHIN DRIVE
SUITE 700
REDWOOD SHORES, CA 94065-1418
T 650.632.4700
WWW.COV.COM

September 25, 2013

**VIA CERTIFIED MAIL**

Attorney General Eric H. Holder
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re:   **Notice of Proposed Settlement Pursuant to 28 U.S.C. § 1715**
      ***In re High-Tech Employee Antitrust Litigation*, 11-cv-2509 (LHK)**
      **United States District Court for the Northern District of California**

Dear Attorney General Holder:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendants Pixar and Lucasfilm, Ltd. ("Lucasfilm") provide notice of the proposed settlement with the Plaintiffs in the above-titled action.

## BACKGROUND

Pixar and Lucasfilm, along with Adobe Systems, Inc., Apple Inc., Google Inc., Intel Corporation, and Intuit, Inc. (collectively the "Defendants") are various high-tech companies principally located in the San Francisco Bay and Silicon Valley area of California. Plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover (collectively "Plaintiffs") are former employees of some of the Defendants. Plaintiffs brought this action individually and on behalf of a class of all those similarly situated.

Plaintiffs allege that Defendants violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and California's Cartwright Act, Bus. & Prof. Code §§ 16720, *et seq.*, by conspiring to limit competition for employees, primarily through agreements among certain pairs of Defendants not to cold call each other's employees. Fact discovery, which was very extensive, has been completed.

Plaintiffs have moved to certify a class that generally consists of salaried technical, creative, and research and development employees who worked for Defendants between January 1, 2005 and December 31, 2009. The settlement agreement provides further details regarding the

COVINGTON & BURLING LLP

precise job titles and time periods (which vary among Defendants) that define the class. The District Court has yet to rule on that motion. Pixar and Lucasfilm denied and continue to deny the allegations made by Plaintiffs that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation or duty owed to the Plaintiffs, and further deny that they are liable or owe any form of compensation or damages to anyone with respect to the alleged facts or causes of action asserted in the litigation. Pixar and Lucasfilm have very strong defenses to Plaintiffs' pending Motion for Class Certification and also to Plaintiffs' claims on liability and damages. Nevertheless, because of the uncertainty, costs, and diversion of resources from continued litigation, Pixar and Lucasfilm have agreed to settle Plaintiffs' claims on behalf of a settlement class that is co-extensive with the class Plaintiffs seek to have certified for the litigation.

The proposed settlement involves only Defendants Pixar and Lucasfilm, though Plaintiffs have also reached a separate settlement agreement with Intuit. To the best of Pixar and Lucasfilm's knowledge, Plaintiffs intend to continue litigating the claims against the remaining Defendants: Adobe, Apple, Google and Intel.

On September 21, 2013, Plaintiffs filed a motion with the Court seeking preliminary approval of the proposed settlement with Pixar and Lucasfilm. The motion included a copy of the written settlement agreement between the Plaintiffs, Pixar and Lucasfilm, together with various related documents. The Plaintiffs' filing triggered the notice provisions of 28 U.S.C. § 1715.

A copy of this Notice is concurrently provided to the Attorneys General of every state, the District of Columbia and Puerto Rico, as well as the Department of Justice's Antitrust Division.

## COMPLIANCE WITH 28 U.S.C. § 1715

Each of the requirements of notice pursuant to 28 U.S.C. §§ 1715(b)(1)-(8) is addressed below. All referenced exhibits are provided electronically as PDF files on the enclosed CD.

1. *Complaints and Related Materials (28 U.S.C. § 1715(b)(1))*

Enclosed as Exhibit A are copies of Plaintiffs' original Complaint, their operative Consolidated Amended Complaint as well as any associated exhibits to those two Complaints.

2. *Notice of Any Scheduled Judicial Hearing (28 U.S.C. § 1715(b)(2))*

A hearing on Plaintiffs' motion for preliminary approval has been scheduled for October 3, 2013 at 1:30 pm PDT. The Court has not yet scheduled a hearing on final approval of the settlement. However, given CAFA's 90-day rule from the date of this notice, the hearing on final approval cannot occur until December 24, 2013 at the earliest. The hearings will be held at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California, 95113.

COVINGTON & BURLING LLP

3. *Proposed Notification to Class Members (28 U.S.C. § 1715(b)(3))*

A copy of the proposed notice is enclosed as Exhibit B to the executed Settlement Agreement. Pursuant to the plan of notice proposed by Plaintiffs the class action administrator will be responsible for sending that notice directly to those potential settlement class members who can be identified through reasonable efforts by first class mail and also, where possible, by electronic mail. Notice will also be provided to potential members of the settlement class via a dedicated website. Although the website is not yet active, it will go live by the date of the initial mailing of the notice of settlement, which likely will be in October 2013.

4. *Proposed Class Action Settlement Agreement (28 U.S.C. § 1715(b)(4))*

A copy of the executed Settlement Agreement between the Plaintiffs and Pixar and Lucasfilm is enclosed as Exhibit B. The corresponding Settlement Agreement Exhibits are also enclosed, with the exception of Exhibit E and Attachment 1, which are confidential documents that have been lodged under seal with the Court.

5. *Any Settlement or Other Agreement (28 U.S.C. § 1715(b)(5))*

No agreement has been made between the Plaintiffs or their counsel and Pixar and Lucasfilm and their counsel other than what is referenced in the Settlement Agreement. *See* Exhibit B.

6. *Final Judgment (28 U.S.C. § 1715(b)(6))*

There has been no final judgment or notice of dismissal entered by the Court. Nor have the parties filed with the Court a proposed Final Approval Order. The litigation between the Plaintiffs and the remaining Defendants—Adobe, Apple, Google and Intel—is expected to continue.

7. *Estimate of Class Members in Each State (28 U.S.C. § 1715(b)(7)(B))*

Combined, Pixar and Lucasfilm employed less than 3 percent of the members of the proposed settlement class. The other 97 percent or more worked for Defendants Adobe, Apple, Google, Intel or Intuit. As a result, Pixar and Lucasfilm do not have information on the current state of residence for more than 97 percent of the proposed settlement class and are not in a position to provide a precise statement regarding the residence of the settlement class members. Moreover, the proposed class includes former employees, who may have relocated. It is very likely, however, that a substantial percentage of settlement class members reside in California.

The proposed plan of allocation will not take a settlement class member's state of residence into account, and two similarly situated settlement class members from different states will be entitled to receive the same allocation.

8. *Judicial Opinions Related to the Settlement (28 U.S.C. § 1715(b)(8))*

COVINGTON & BURLING LLP

At present there are no judicial opinions related to the Settlement.

\* \* \*

If you have any questions about this notice, the lawsuit or the enclosed materials, or if you have any difficulties accessing any materials electronically, please feel free to contact the undersigned counsel.

Sincerely,

ON BEHALF OF DEFENDANTS PIXAR AND LUCASFILM

*[signature]*

Emily Johnson Henn
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA  94065
Tel.: (650) 632-4700

Deborah A. Garza
Thomas A. Isaacson
Chinue Turner Richardson
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel.: (202) 662-6000

cc: The Attorney General of each of the United States, the District of Columbia, and Puerto Rico and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice (addresses on Exhibit C hereto)