# EXHIBIT A

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104.1500
TELEPHONE: 415.626.3939 • FACSIMILE: 415.875.5700

Direct Number: (415) 875-5745
dkiernan@JonesDay.com

September 25, 2013

**VIA CERTIFIED MAIL**

Attorney General Eric H. Holder
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: **Notice of Proposed Settlement Pursuant to 28 U.S.C. § 1715**
**In re High-Tech Employee Antitrust Litigation, 11-cv-2509 (LHK)**
**United States District Court for the Northern District of California**

Dear Attorney General Holder:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Intuit Inc. provides notice of the proposed settlement with the Plaintiffs in the above-titled action.

## BACKGROUND

Intuit Inc., Adobe Systems, Inc., Apple Inc., Google Inc., Intel Corporation, Lucasfilm Ltd., and Pixar (collectively the "Defendants") are high-tech companies principally located in the San Francisco Bay and Silicon Valley area of California. Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall, and Daniel Stover on behalf of themselves and a putative class of current and former employees ("Plaintiffs") sued Defendants in the action captioned In re High-Tech Employee Antitrust Litigation, 11-CV-02509 LHK (the "Action") pending in the Northern District of California. The named plaintiffs are former employees of some of the Defendants.

Plaintiffs allege that Defendants violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and California's Cartwright Act, Bus. & Prof. Code §§ 16720, et seq., by agreeing to limit competition for employees, primarily through an alleged agreement among the seven Defendants to enter bilateral agreements between certain pairs of Defendants not to recruit or "cold-call" each other's employees. Plaintiffs allege that, as a result of the agreements, Defendants undercompensated Plaintiffs and deprived them of career opportunities. The Consolidated Amended Complaint seeks damages for unpaid compensation, lost mobility and career opportunities, treble damages, prejudgment interest, costs and attorneys' fees. Intuit and

JONES DAY

September 25, 2013
Page 2

the other Defendants each denied and continue to deny that they violated any antitrust laws or engaged in any wrongdoing.

The parties engaged in over two years of litigation. Fact discovery, which was very extensive, has been completed.

Named Plaintiffs have asked the Court to certify a class of all salaried technical, creative, and research and development employees who worked for Defendants during the following time periods: (a) for Apple from March 2005 through December 2009; (b) for Adobe from May 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009. Excluded from the class definition are retail employees, corporate officers, members of the boards of directors, and senior executives of all Defendants.

The District Court has yet to rule on that motion. Intuit continues to maintain that it did not violate any laws or engage in any wrongdoing; nor did it enter any agreements with the intent of suppressing employee compensation, and believes that it has strong defenses to Plaintiffs' pending motion for class certification and also to Plaintiffs' claims on liability and damages. Nevertheless, to avoid the risks, burdens, distractions, expense, uncertainties and diversion of resources from continued litigation, Intuit has agreed to settle Plaintiffs' claims on behalf of a settlement class that is co-extensive with the class Plaintiffs seek to have certified for the litigation.

Plaintiffs have also reached a separate proposed settlement with Defendants Pixar and Lucasfilm. Plaintiffs' claims against the remaining Defendants, Adobe, Apple, Google and Intel are ongoing.

On September 21, 2013, Plaintiffs filed a motion with the Court seeking preliminary approval of the proposed settlement with Intuit and their separate settlement with Pixar and Lucasfilm. The motion included a copy of the written settlement agreement between the Plaintiffs and Intuit, together with various related documents. The Plaintiffs' filing triggered the notice provisions of 28 U.S.C. § 1715.

A copy of this Notice is concurrently provided to the Attorneys General of every state, the District of Columbia and Puerto Rico, as well as the Department of Justice's Antitrust Division.

**JONES DAY**

September 25, 2013
Page 3

## COMPLIANCE WITH 28 U.S.C. § 1715

Each of the requirements of notice pursuant to 28 U.S.C. §§ 1715(b)(1)-(8) is addressed below. All referenced exhibits are provided electronically as PDF files on the enclosed CD.

1. Complaints and Related Materials (28 U.S.C. § 1715(b)(1))

Enclosed as Exhibit A are copies of Plaintiffs' original Complaint, their operative Consolidated Amended Complaint as well as any associated exhibits to those two Complaints.

2. Notice of Any Scheduled Judicial Hearing (28 U.S.C. § 1715(b)(2))

A hearing on Plaintiffs' motion for preliminary approval has been scheduled for October 3, 2013 at 1:30 pm PDT. The Court has not yet scheduled a hearing on final approval of the settlement. However, pursuant to the settlement agreement and CAFA's 90-day rule from the date of this filing, the hearing on final approval cannot occur before December 24, 2013. The final approval hearing will be held at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California, 95113.

3. Proposed Notification to Class Members (28 U.S.C. § 1715(b)(3))

A copy of the proposed notice is enclosed as Exhibit B to the executed Settlement Agreement. As proposed by Plaintiffs, the class action administrator will be responsible for sending the notice directly by first class mail and also, where possible, by electronic mail to potential settlement class members who can be identified through reasonable efforts. Notice will also be provided to potential members of the settlement class through a dedicated website. Although the website is not yet active, it will go live by the date of the initial mailing of the notice of settlement.

4. Proposed Class Action Settlement Agreement (28 U.S.C. § 1715(b)(4))

A copy of the executed Settlement Agreement between the Plaintiffs and Intuit is enclosed as Exhibit B.

5. Any Settlement or Other Agreement (28 U.S.C. § 1715(b)(5))

No agreement has been made between the Plaintiffs or their counsel and Intuit and their counsel other than what is referenced in the Settlement Agreement. See Exhibit B.

6. Final Judgment (28 U.S.C. § 1715(b)(6))

JONES DAY

September 25, 2013
Page 4

There has been no final judgment or notice of dismissal entered by the Court. Nor have the parties filed with the Court a proposed Final Approval Order. The litigation between the Plaintiffs and the remaining Defendants—Adobe, Apple, Google and Intel—is ongoing.

7.  Estimate of Class Members in Each State (28 U.S.C. § 1715(b)(7)(B))

The proposed settlement class includes employees from all seven Defendant companies, of which Intuit's own employees comprise approximately five percent. Although Intuit is gathering the last known addresses for each of its current and former employees, it has no way of estimating the total number of class members currently residing in each state. That information is in the possession of the other six defendants. Based on discovery produced in the matter, it is likely that a substantial percentage of settlement class members reside in California, Oregon, New Mexico, and Massachusetts.

The proposed plan of allocation does not take a settlement class member's state of residence into account. Thus, two similarly situated settlement class members from different states will be entitled to receive the same allocation.

8.  Judicial Opinions Related to the Settlement (28 U.S.C. § 1715(b)(8))

At present there are no judicial opinions related to the Settlement.

* * *

If you have any questions about this notice, the lawsuit or the enclosed materials, or if you have any difficulties accessing any materials electronically, please feel free to contact the undersigned counsel.

Very truly yours,

David C. Kiernan

Attachments

cc: The Attorney General of each of the United States, the District of Columbia, and Puerto Rico and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice (addresses on Exhibit C hereto).