KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant GOOGLE Inc.

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         October 3, 2013<br>Time:         1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:        The Honorable Lucy H. Koh |

1133018.5

Plaintiffs and defendants Adobe Systems, Inc., Apple Inc., Google Inc., and Intel Corporation ("Non-Settling Defendants") submit this joint statement for the October 3, 2013 Case Management Conference.

## I.     CASE PROGRESS

On August 8, 2013, the Court held a hearing on Plaintiffs' Supplemental Motion for Class Certification. On September 21, 2013, Plaintiffs submitted papers seeking certification of a proposed settlement class and an order preliminarily approving the proposed class settlements with Intuit, Lucasfilm, and Pixar ("Preliminary Approval Motion").

## II.    CLASS DATA COLLECTION

### A.     Plaintiffs' Statement

In connection with Plaintiffs' Preliminary Approval Motion, Plaintiffs seek an order compelling the Non-Settling Defendants to deliver to the Claims Administrator in an electronic database format, from the information in their human resources databases, for the Class period, the full legal name, social security number, all known email addresses, last known physical address, dates of employment in that Defendant's Class job titles, and associated base salary by date and relevant Class job title of each Class member who was employed by that Defendant. (Preliminary Approval Motion at 16-17; Proposed Order Granting Preliminary Approval Motion ¶ 14.) After lengthy negotiations, including consideration of privacy concerns and other relevant issues, Intuit, Lucasfilm, and Pixar have agreed to provide this information to the Claims Administrator as part of the proposed settlements. (Lucas/Pixar Settlement§ II.B; Intuit Settlement § II.B.)  While this issue has arisen in the context of addressing notice and claims issues regarding the proposed settlements, this information in fact is an update of virtually identical material the Defendants have already collected and produced as part of discovery in the case. Plaintiffs are meeting and conferring with the Non-Settling Defendants regarding a production schedule.

Plaintiffs have explained to the Non-Settling Defendants that the production of such information is appropriate to facilitate and effectuate Class notice, and an order compelling

1

1133018.5

production would be proper pursuant to the Court's inherent procedural authority. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170-71 (1989) (recognizing a district court's authority to facilitate and manage notice to class members and affirming order requiring production of information identifying potential class member employees and how to contact them); Manual for Complex Litigation, Fourth § 21.31 (2004) (explaining court's inherent authority to require production of class member information to facilitate notice dissemination). For some time, such information routinely includes email addresses. *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128-30 (N.D. Cal. 2009) (ordering production of email addresses); *Cranney v. Carriage Servs., Inc.*, No. 2:07cv-1587-RLH-PAL, 2008 U.S. Dist. LEXIS 22630, at *16 (D. Nev. Feb. 29, 2008) (ordering production of e-mail addresses and telephone numbers with other contact information); *Fast v. Applebee's Int'l, Inc.,* 243 F.R.D. 360 (W.D. Mo. 2007) (same); *Underwood v. NMC Mortg. Corp.*, 245 F.R.D. 720 (D. Kan. 2007) (same); *Stillman v. Staples, Inc*., No. 07 CV 849, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007) (same); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) (same); *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) (same). Finally, regarding social security numbers, accurate skip tracing requires social security numbers at the outset, and social security numbers will be required for making tax payments to government authorities (such as FICA taxes). In addition, multiple piecemeal productions of such information increases the probability of a data security breach, and disclosure of full social security numbers only for class members submitting claims would provide a means that did not exist before for readily distinguishing class members submitting claims from class members not submitting claims. Plaintiffs therefore contend that a one-time production of all the class members' social security numbers, delivered directly to the court-appointed Claims Administrator, would be a more prudent and efficient approach.

### B.  Non-Settling Defendants' Statement

Prior to filing their motion, Plaintiffs had never raised this request with the remaining defendants or offered to meet and confer regarding the scope or timing of the production of any

2

1133018.5

information. While the Non-Settling Defendants agree and understand that certain information may eventually be necessary to properly notify class members, no production should be made before the Court certifies a settlement class and there is certainty as to the scope of that class. The extent of the Non-Settling Defendants' production would correspond to the employees included within any settlement class. The Non-Settling Defendants also disagree with Plaintiffs' assertion that the requested data are "updates" of material the defendants have already produced. For example, the defendants have not previously produced personal e-mail addresses and social security numbers, in part because production of such information could violate the privacy obligations that the defendants owe to their employees. For this reason, federal courts in California have declined to require defendants to produce potential class members' social security numbers at the outset of the class notification process. *See, e.g.*, *Campbell v. Pricewaterhouse Coopers, LLP*, No. S-06-2376-LKK, 2008 WL 2345035 at *3 (E.D. Cal. June 5, 2008) (unreported) (rejecting the plaintiff's request for class members' social security numbers except where class notices are returned undelivered and the information is needed to obtain the new address). Furthermore, Plaintiffs' requests are overbroad because they seek more information than is necessary to provide notice to potential class members; names and addresses would be sufficient. Offering nothing to rebut the obvious privacy concerns with providing Social Security numbers of former employees, Plaintiffs argue that Social Security numbers are necessary to enable tax payments by class members. This proves Defendants' point. Any class member who chooses to make a claim, and thus incur tax liability, may provide their own Social Security number voluntarily as part of the claims process. But that information, and salary data, have nothing to do with class notice. Defendants are investigating the extent to which they maintain the data Plaintiffs seek. To the extent Defendants are required to compile any data they do not maintain in the ordinary course of business, Plaintiffs should bear the cost of that compilation.

Prior to the Case Management Conference, Plaintiffs and the Non-Settling Defendants will meet and confer regarding the scope of data production and who should bear the cost of assembling and compiling this information.

3

1133018.5

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:11-cv-2509-LHK

No additional issues are outstanding at this time.

## III. BRIEFING PAGE LIMITS

During the August 8, 2013 hearing, the Court requested that the parties provide their positions on briefing page limits in light of the proposed settlements.

### A. Plaintiffs' Statement

Prior to the settlements with Pixar, Lucasfilm and Intuit, the Court had ordered that Defendants' briefs in support of their motions for summary judgment are limited to (1) 15 pages on common issues; plus (2) 42 pages (6 per Not-Settling Defendant) on issues relating to individual Defendants.[1] (May 15, 2013 Case Management Order; Dkt. 421). As previously stated, Plaintiffs' position is that the evidentiary record amply demonstrates—at a minimum—disputed issues of facts as to Plaintiffs' claims.

With three fewer Defendants remaining in the case, Plaintiffs support the effort to focus the inquiry and minimize unnecessary summary judgment briefing. Accordingly, Plaintiffs believe it is appropriate to reduce the number of pages regarding individual issues accordingly, for both Defendants and Plaintiffs. Nonetheless, in an accommodation to the Non-Settling Defendants, Plaintiffs have no objection to (1) 15 pages on common issues, as previously-allotted to seven Defendants to address common issues; plus (2) 24 pages (6 per Non-Settling Defendant) on issues relating to individual Defendants.

Defendants should not retain the 18 extra pages the Court specifically allocated to three Defendants no longer in the case for issues specific to those Defendants or to expand the briefing for the Non-Settling Defendants. Instead, in addition to the 15 pages on common issues,

---

[1] To accommodate Defendants' requests to address issues pertaining to them individually, the Court permitted Defendants to file a motion for summary judgment "addressing issues specific to individual Defendants not to exceed a total of 42 pages." (May 15, 2013 Case Management Order; Dkt. 421.) The limit of 42 pages resulted from the Court agreeing to Defendants' request of six pages per Defendant. (May 15, 2013 Case Management Conference Tr. at 18:25-19:1 ("Mr. Mittlestaedt: Well, how about six? I mean, if we get six pages, you know, a Defendant.").) With three fewer Defendants remaining in the case, Plaintiffs believe it is appropriate to reduce the number of pages regarding individual issues accordingly, for both Defendants and Plaintiffs. Thus, Defendants would have 24 pages to address individual issues (six per Non-Settling Defendant), and Plaintiffs would have 24 pages to oppose.

4

1133018.5

1   Plaintiffs suggest that the Court confirm Defendants' briefs on issues specific to the four Non-
2   Settling Defendants, per the Court's prior Order, be limited to no more than 6 pages per Non-
3   Settling Defendant—or 39 pages total.[2]

4   As before, Plaintiffs request that the Court provide that Plaintiffs have the same total
5   pages as Defendants for their opposition.

6   Plaintiffs further propose that, per the Court's prior Order, the Non-Settling Defendants be
7   permitted to file (1) a reply regarding common issues not to exceed 10 pages, plus (2) 16 pages to
8   address Defendant specific issues (4 pages per Non-Settling Defendant).[3]  Plaintiffs believe a
9   collective total of 26 pages is ample.  In total, Plaintiffs suggest that a total of 65 pages for
10  Defendants in support of their contemplated motion for summary judgment is sufficient and will
11  allow the Court and the parties to address appropriate summary judgment issues efficiently.

12  **B.    Non-Settling Defendants' Statement**

13  Plaintiffs' reliance on the fact that three of the seven defendants have settled is
14  disingenuous because they also claim that these settlements will have no effect on the case they
15  will present.  The Non-Settling Defendants believe that the proposed settlements should not affect
16  briefing page limits or the length of trial.  Although Defendants intend to argue that evidence
17  relating to the three settling defendants should not be a part of the trial, Plaintiffs take the
18  opposite position.  Plaintiffs apparently intend to argue at trial that all seven defendants entered
19  into an overarching conspiracy and present evidence relating to acts by all seven defendants,
20  including the three settling defendants.  Defendants further assume that Plaintiffs will call the
21  same expert witnesses at trial as they would if the settling defendants were still in the case.  In
22  other words, there is no difference between the scope of the case Plaintiffs now, after three
23  defendants have settled, have indicated they intend to present at trial and the scope of their
24  proposed case before the settlements.

---

[2] With the ultimate number being reduced further were additional Defendants to settle before the filing of a motion for summary judgment motion.

[3] With the ultimate number being reduced further were additional Defendants to settle before the filing of replies.

5

1133018.5

Accordingly, Defendants have the same need to address those issues in summary judgment motions, *Daubert* challenges, and motions in limine as they did before the settlements. These motions are Defendants' primary opportunity to present their positions to the Court regarding the legal merits of Plaintiffs' case theories and the scope of admissible evidence at trial, including the propriety of Plaintiffs' proposed expert testimony and the (lack of) relevance of evidence relating to the settling defendants. Further, as the Court is aware, this case presents individual issues unique to particular defendants. Because Plaintiffs contend that evidence relating to the settling defendants should remain in the case, the remaining defendants have the same need to advance and address arguments that are specific to those three defendants. Defendants' need for the full number of pages is buttressed by the plaintiffs' position that the estimated time of trial should remain the same. If Plaintiffs estimate that it will take the same amount of time to try the case because they still intend to offer evidence of the settling parties' conduct, it is inconsistent for the plaintiffs to also attempt to reduce the defendants' pages on summary judgment.

Defendants will make every effort to keep their briefing as concise as possible, but the previously ordered page limits are already extremely tight and run the risk of depriving Defendants of the ability to provide the Court with a sufficient explanation of their key legal and factual arguments, some of which are unique to each of them. A further reduction in page limits would seriously prejudice the Non-Settling Defendants.

## IV.   TRIAL LENGTH

At the August 8 hearing, the Court also asked the parties to address whether the proposed settlements would shorten the anticipated length of the trial. The trial is currently set to commence on May 27, 2014 and is scheduled to last seventeen court days. The parties agree that the proposed settlements do not provide a basis for altering that estimate at this time, as the scope of the case remains essentially unchanged (at least from Plaintiffs' perspective). The parties and the Court could further evaluate the time necessary to try the case after the Court resolves the motions described above or in the case of additional settlements.

## V. MEDIATION

Plaintiffs and the Non-Settling Defendants are continuing to work together to find a mutually-acceptable date for mediation.

Dated: September 26, 2013               KEKER & VAN NEST LLP

                                        By:   /s/ *Robert A. Van Nest*
                                              ROBERT A. VAN NEST
                                              DANIEL PURCELL
                                              EUGENE M. PAIGE
                                              JUSTINA SESSIONS

                                              *Attorneys for Defendant GOOGLE Inc.*

Dated:   September 26, 2013             O'MELVENY & MYERS LLP

                                        By:   /s/ *Michael F. Tubach*
                                              Michael F. Tubach

                                              George Riley
                                              Christina J. Brown
                                              Two Embarcadero Center, 28th Floor
                                              San Francisco, CA  94111
                                              Telephone:  (415) 984-8700
                                              Facsimile:   (415) 984-8701

                                              *Attorneys For Defendant APPLE INC.*

Dated:   September 26, 2013             JONES DAY

                                        By:   /s/ *David C. Kiernan*
                                              David C. Kiernan

                                              Robert A. Mittelstaedt
                                              Craig A. Waldman
                                              555 California Street, 26th Floor
                                              San Francisco, CA  94104
                                              Telephone:  (415) 626-3939
                                              Facsimile:   (415) 875-5700

                                              *Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: September 26, 2013 MAYER BROWN LLP

By: */s/ Lee H. Rubin*
Lee H. Rubin

Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2057
Facsimile: (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: September 26, 2013 BINGHAM McCUTCHEN LLP

By: */s/ Frank M. Hinman*
Frank M. Hinman

Donn P. Pickett
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 393-2000
Facsimile: (415) 383-2286

*Attorneys for Defendant INTEL CORPORATION*

| | | |
|---|---|---|
| Dated: September 26, 2013 | | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| | By: | /s/ *Kelly M. Dermody* <br> Kelly M. Dermody |
| | | Richard M. Heimann <br> Kelly M. Dermody <br> Eric B. Fastiff <br> Brendan Glackin <br> Dean Harvey <br> Anne B. Shaver <br> Lisa J. Cisneros <br> 275 Battery Street, 29th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 956-1000 <br> Facsimile: (415) 956-1008 |
| | | *Co-Lead Counsel for Plaintiff Class* |
| Dated: September 26, 2013 | | JOSEPH SAVERI LAW FIRM, INC. |
| | By: | /s/ *Joseph R. Saveri* <br> Joseph R. Saveri |
| | | Joseph R. Saveri <br> Lisa J. Leebove <br> James G. Dallal <br> 255 California, Suite 450 <br> San Francisco, CA 94111 <br> Telephone: (415) 500-6800 <br> Facsimile: (415) 395-9940 |
| | | *Co-Lead Counsel for Plaintiff Class* |

**ATTESTATION**: The filer attests that concurrence in the filing of this document has been obtained from all signatories.

9

1133018.5