United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | Case No.: 11-CV-02509-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |

Before the Court are numerous administrative motions to seal related to Plaintiffs' Motion for Class Certification and the March 1, 2013 Joint Discovery Status Report. *See* ECF Nos. 271, 283, 307, 335, 346, and 394 ("Sealing Motions"). For the reasons stated herein, the Court GRANTS in part and DENIES in part the parties' Sealing Motions.

## I. Legal Standard

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,

1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). §

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Even under the "good cause" standard of Rule 26(c), however, a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

As Plaintiffs' Motion for Class Certification is a non-dispositive motion,[1] the Court finds that the parties need only demonstrate "good cause" in order to support their requests to seal. *Pintos*, 605 F.3d at 678 (applying "good cause" standard to all non-dispositive motions).

## II. Litigants' Administrative Motions to Seal

### A. Renewed Motions to Seal Related to Plaintiffs' Motion for Class Certification

On January 15, 2013, the Court granted in part and denied in part numerous administrative motions to seal related to Plaintiffs' Motion for Class Certification. *See* ECF No. 273 ("Jan. 15, 2013 Order) (granting in part and denying in part sealing motions, *see* ECF Nos. 186, 211, 246, 252, and 254). For each motion and exhibit to a motion where the Court denied a request to seal without prejudice, the Court afforded leave to file renewed motions to seal. *See* Jan. 15, 2013 Order at 26. In addition, the Court held that "if any portion of the exhibits that the parties wish to

[1] The Court recognizes that there may be circumstances in which a motion for class certification is case dispositive. As the Eleventh Circuit observed in *Prado v. Bush*, 221 F.3d 1266, (11th Cir. 2000), a motion for class certification might be dispositive if "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Id.* at 1274. Nevertheless, the Court applies a "good cause" standard here in accordance with the vast majority of other courts within this circuit. *See, e.g.*, *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09-01967, 2012 WL 5395039 (N.D. Cal. Nov. 5, 2012); *Vietnam Veterans of America v. C.I.A.*, No. 09-0037, 2012 WL 1094360, *1-2 (N.D. Cal. March 29, 2012); *Buchanan v. Homeservices Lending LLC*, No. 11-0922, 2012 WL 5505775, *2 (S.D. Cal. Nov. 13, 2012); *Davis v. Social Service Coordinators, Inc.*, No. 10-02372, 2012 WL 2376217 (E.D. Cal. June 22, 2012); *Rich v. Hewlett-Packard Co.*, No. 06-03361, 2009 WL 2168688 (N.D. Cal. Jul. 20, 2009).



United States District Court
For the Northern District of California

file under seal becomes part of the public record, such as during the hearing on class certification, the parties must file that portion publicly within seven days of public disclosure." *Id*.

**1. Defendants' Renewed Motion to Seal, ECF No. 283**

Accordingly, Defendants now submit to the Court their renewed motion to seal documents related to Plaintiffs' Motion for Class Certification. *See* ECF No. 283 ("Defendants' Renewed Motion to Seal"). Specifically, Defendants request that the Court grant their request to maintain under seal portions of:

(1) Plaintiffs' Motion for Class Certification, *see* ECF No. 187;
(2) Exhibit 14 to the Ann B. Shaver Declaration in Support of Plaintiffs' Motion for Class Certification, *see* ECF No. 188;
(3) Plaintiffs' Consolidated Reply in Support of Motion for Class Certification and Opposition to Defendants' Motion to Strike the Report of Dr. Edward E. Leamer ("Plaintiffs' Reply"), *see* ECF No. 247; and
(4) Exhibits 4, 26, 27, and 29 to the Declaration of Dean M. Harvey in Support of Plaintiffs' Reply, *see* ECF No. 248.

In support of the renewed motion to seal, Defendants filed the following declarations:

(1) Declaration of Donna Morris (Adobe), *see* ECF No. 284;
(2) Declaration of Lisa K. Borgeson (Intuit), *see* ECF No. 285;
(3) Declaration of Tina M. Evangelista (Intel), *see* ECF No. 287; and
(4) Declaration of Frank Wagner (Google), *see* ECF No. 288.

Defendants maintain that all of these documents contain confidential and commercially sensitive information about compensation and recruiting practices, strategies, and policies, and person identifying information of employees or candidates. Defendants' Renewed Motion to Seal at 4. Defendants designated the foregoing information "Confidential" or "Attorney's Eyes Only" under the Protective Order, and have otherwise kept the sealed information confidential. *Id*. Defendants contend that the public disclosure of the information would cause Defendants Adobe, Intel, Intuit, and Google harm by giving third parties insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. *Id*. The declarations filed by representatives from each Defendant also explain why each individual Defendant seeks to maintain the confidentiality of specific information contained in particular exhibits and portions of the motion under seal, as well as the harm that would flow to the

company from public disclosure. *See, e.g.*, Morris Decl., ECF No. 284; Borgeson Decl., ECF No. 285; Evangelista Decl., ECF No. 287; Wagner Decl., ECF No. 288.

In light of Defendants' Renewed Motion to Seal and corresponding declarations, the Court makes the following rulings:

| **Plaintiffs' Motion for Class Certification (ECF No. 187)** | |
|---|---|
| **Pages/Lines to be sealed** | **Ruling** |
| Page 17, lines 13-16 | DENIED. |
| **Declaration of Ann B. Shaver in Support of Plaintiffs' Motion for Class Certification (ECF No. 188)** | |
| **Exhibits** | **Ruling** |
| Exhibit 14 | DENIED as to the redacted portions on pages bearing Bates numbers:<br>(1) ADOBE_002775<br>(2) ADOBE_002777<br>(3) ADOBE_002778<br>(4) ADOBE_002786<br><br>GRANTED as to all other redacted portions identified by Defendants. *See* Morris Decl., ¶ 4, ECF No. 284. |
| **Plaintiffs' Reply (ECF No. 247)** | |
| **Pages/Lines to be sealed** | **Ruling** |
| Page 19, lines 1-5 | GRANTED as to the redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 8, ECF No. 285. |
| **Declaration of Dean Harvey in Support of Plaintiffs' Reply (ECF No. 248)** | |
| **Exhibits** | **Ruling** |
| Exhibit 4 | DENIED as to the redacted portions referring to the total number of Google's staffing professionals. This had already been discussed at a previous court hearing. *See* Tr. of August 8, 2013 Class Cert. Hr'g ("Tr.") at 36:2; 68:4.<br><br>GRANTED as to the number of Google staffing professionals dedicated to sourcing. *See* Wagner Decl. ¶ 4, ECF No. 288. |
| Exhibit 26 | DENIED as to Step 14 – Internal Equity on Bates number 76579DOC005963.<br><br>GRANTED as to all other redacted portions identified by Defendants. *See* Evangelista Decl. ¶ 7, ECF No. 287. |
| Exhibit 27 | GRANTED as to the redacted portions identified by Defendants. *See* Evangelista Decl. ¶ 7, ECF No. 287. |
| Exhibit 29 | DENIED as to page 17, "Access and Calibrate Across Organization," and page 18, "How Do I Think About Retention?'"<br><br>GRANTED as to all other redacted portions identified by Defendants. *See* Defendants' Renewed Motion to Seal, ECF No. 283. |

United States District Court
For the Northern District of California

**2. Defendants' Renewed Motion to Seal Opposition, ECF No. 307**

In addition, Defendants move to renew their requests to seal portions of documents related to their Opposition to Plaintiffs' Motion for Class Certification. *See* ECF No. 307 ("Renewed Motion to Seal Opposition"). Specifically, Defendants request to seal portions of the following documents:

(1) Exhibits 14, 15, 16, 19, 20, 21, 22, 25, 26, and 27 to the Declaration of Christina Brown in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, *see* ECF No. 215; and
(2) Defendants' Notice of Motion and Motion to Strike the Report of Dr. Edward E. Leamer, *see* ECF No. 210.

In support of the renewed motion to seal, Defendants filed or referred to the following declarations:

(1) Declaration of Frank Busch (Intel), *see* ECF No. 220;
(2) Declaration of Frank Wagner (Google), *see* ECF No. 221;
(3) Declaration of Donna Morris (Adobe), *see* ECF No. 284;
(4) Declaration of Lisa K. Borgeson (Intuit), *see* ECF No. 285;
(5) Declaration of Justina K. Sessions (Lucasfilm), *see* ECF No. 303;
(6) Declaration of Anne M. Selin (Google), *see* ECF No. 305; and
(7) Declaration of Christina Brown (Apple), *see* ECF No. 306.

Defendants maintain that all of these documents also contain confidential and commercially sensitive information about compensation and recruiting practices, strategies, and policies, and identifying information of employees or candidates. Renewed Motion to Seal Opposition at 5. Defendants designated the foregoing information "Confidential" or "Attorney's Eyes Only" under the Protective Order, and have otherwise kept the sealed information confidential. Defendants contend that the public disclosure of the information would cause Defendants Adobe, Apple, Intel, Intuit, Google, and Lucasfilm harm by giving third parties insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. *Id*. The declarations filed by representatives from each Defendant also explain why each individual Defendant seeks to maintain the confidentiality of specific information contained in particular exhibits and portions of the motion under seal, as well as the harm that would flow to the company from public disclosure. *See, e.g.*, Busch Decl., ECF No. 220; Wagner

Decl., ECF No. 221; Morris Decl., ECF No. 284; Borgeson Decl., ECF No. 285; Sessions Decl., ECF No. 303; Selin Decl., ECF No. 305; and Brown Decl., ECF No. 306.

In light of Defendants' motion and corresponding declarations, the Court makes the following rulings as to Defendants' renewed motion to seal, ECF No. 307:

| **Declaration of Christina Brown in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification (ECF No. 215)** | |
|---|---|
| **Exhibits** | **Ruling** |
| Exhibit 14 | <u>Donna Morris Declaration</u><br>GRANTED as to the redacted portions identified by Defendants. *See* Morris Decl. ¶¶ 5-6, ECF No. 284.<br><br><u>Exhibit 1</u><br>DENIED as to the redacted portions identified by Defendants in pages 7 and 13. GRANTED as to all other redacted portions identified by Defendants. *See* Morris Decl. ¶¶ 5-6, ECF No. 284.<br><br><u>Exhibit 2</u><br>DENIED as to the redacted portions identified by Defendants in pages 3, 5 and 6. GRANTED as to all other redacted portions identified by Defendants in Ex. 2. *See* Morris Decl. ¶¶ 5-6, ECF No. 284.<br><br><u>Exhibit 3</u><br>DENIED as to the redacted portions identified by Defendants in page 3. GRANTED as to all other redacted portions identified by Defendants. *See* Morris Decl. ¶¶ 5-6, ECF No. 284.<br><br><u>Exhibit 4</u><br>GRANTED as to the redacted portions identified by Defendants. *See* Morris Decl. ¶¶ 5-6, ECF No. 284.<br><br><u>Exhibit 5</u><br>DENIED as to redacted portions identified by Defendants on pages bearing Bates numbers:<br>(1) ADOBE_009300<br>(2) ADOBE_009302<br>(3) ADOBE_009305<br>(4) ADOBE_009306<br>(5) ADOBE_009307<br>GRANTED as to all other redacted portions identified by Defendants. *See* Morris Decl. ¶¶ 5-6, ECF No. 284. |
| Exhibit 15 | GRANTED as to the redacted portions identified by Defendants. *See* Morris Decl. ¶ 7, ECF No. 284. |
| Exhibit 16 | <u>Steven Burmeister Declaration</u><br>GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 306.<br><br><u>Exhibit B</u><br>GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 306. |

| | |
|---|---|
| | <u>Exhibit C</u><br>GRANTED as to the redacted portions identified by Defendants in Ex. C. *See* Brown Decl. ¶ 3, ECF No. 306. |
| Exhibit 19 | <u>Mason Stubblefield Declaration</u><br>GRANTED as to the redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 5, ECF No. 285.<br><br><u>Exhibit A</u><br>DENIED as to the redacted portions identified by Defendants on page 10. GRANTED as to all other redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 5, ECF No. 285.<br><br><u>Exhibit B</u><br>DENIED as to the redacted portions identified by Defendants within the following slides titled:<br>(1) "Opening and Welcome"<br>(2) "Performance Discussion"<br>(3) "Feedback for a Specific Situation"<br>(4) "Additional Tips for Giving Feedback"<br>(5) "Development Discussion"<br>(6) "Close the Conversation"<br>(7) "Tips on Delivering the Pay/Performance Message"<br>(8) "Performance and Pay Discussions for Impacted Employees"<br>(9) "Tips for Discussions with Impacted Employees"<br>(10) "Determining the IPI pool: Guiding Principles"<br>GRANTED as to all other redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 5, ECF No. 285.<br><br><u>Exhibit C</u><br><u>Powerpoint Slides</u><br>DENIED as to the redacted portions identified by Defendants within the following slides titled:<br>(1) "Inputs to Performance Assessment and Development" (slide bears no page number), and<br>(2) "Determining the BU/FG IPI Pool: Guiding Principles," page 20;<br>GRANTED as to all other redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 5, ECF No. 285.<br><br><u>Same Powerpoint Slides But With Annotated Comments</u><br>DENIED as to the redacted portions identified by Defendants within the following slides titled:<br>(1) "Inputs to Performance Assessment and Development" (slide bears no page number). However, the Court GRANTS the renewed motion to seal as to the annotations below this powerpoint slide;<br>(2) "Determining the BU/FG IPI Pool: Guiding Principles" with annotations on page 20;<br>GRANTED as to all other redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 5, ECF No. 285.<br><br><u>Exhibit D</u><br>GRANTED as to all other redacted portions identified by Defendants. *See* Borgeson Decl. ¶ 5, ECF No. 285. |
| Exhibit 20 | GRANTED as to the redacted portions identified by Defendants in the Chris Galy Declaration. *See* Borgeson Decl. ¶ 6, ECF No. 285. |

| | |
|---|---|
| Exhibit 21 | Frank Wagner Declaration<br>DENIED as to page 1, lines 11-14. GRANTED as to all other redacted portions identified by Defendants. *See* Selin Decl. ¶ 2, ECF No. 305.<br><br>Exhibit A<br>DENIED as to the redacted portions identified by Defendants on page bearing Bates number: GOOG-HIGH TECH-00255218.000003.<br>GRANTED as to all other redacted portions identified by Defendants. *See* Selin Decl. ¶ 2, ECF No. 305.<br><br>Exhibit B<br>GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 2, ECF No. 305.<br><br>Exhibit C<br>GRANTED as to the redacted portions identified by Defendants.<br>*See* Selin Decl. ¶ 2, ECF No. 305. |
| Exhibit 22 | GRANTED as to the redacted portions identified by Defendants in the Michelle Maupin Declaration, Ex. B, and Ex. C. *See* Sessions Decl. ¶ 3, ECF No. 303. |
| Exhibit 25 | DENIED as to the redacted portions identified by Defendants on pages bearing Bates numbers:<br>(1) GOOG-HIGH TECH-00038367<br>(2) GOOG-HIGH TECH-00038368<br>(3) GOOG-HIGH TECH-00038372<br>(4) GOOG-HIGH TECH-00038382<br>(5) GOOG-HIGH TECH-00038386<br>GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 3, ECF No. 305. |
| Exhibit 26 | DENIED as to the redacted portions identified by Defendants on pages bearing Bates numbers:<br>(1) 76597DOC000068<br>(2) 76597DOC000068_000002<br>(3) 76597DOC000068_000003<br>(4) 76597DOC000068_000004<br>(5) 76597DOC000068_000006<br>(6) 76597DOC000068_000007<br>(7) 76597DOC000068_000008<br>(8) 76597DOC000068_000009<br>(9) 76597DOC000068_000011<br><br>GRANTED as to all other redacted portions identified by Defendants.<br>*See* Busch Decl. ¶ 3, ECF No. 220. |
| Exhibit 27<br>. | DENIED as to the redacted portions identified by Defendants on pages bearing Bates numbers:<br>(1) 40012DOC000638<br>(2) 40012DOC000639<br>(3) 40012DOC000640<br>(4) 40012DOC000642<br>(5) 40012DOC000645<br>(6) 40012DOC000654<br>(7) 40012DOC000655<br>(8) 40012DOC000658<br>(9) 40012DOC000663<br>(10) 40012DOC000664 |



United States District Court
For the Northern District of California

| | |
|---|---|
| | (11) 40012DOC000670<br>(12) 40012DOC000671<br>(13) 40012DOC000675<br>(14) 40012DOC000676<br>(15) 40012DOC000677<br><br>GRANTED as to all other redacted portions identified by Defendants. *See* Busch Decl. ¶ 3, ECF No. 220. |
| **Defendants' Motion to Strike the Report of Dr. Edward E. Leamer (ECF No. 210)** | |
| **Pages/Lines** | **Ruling** |
| Page 19, lines 13-17 | GRANTED. *See* Wagner Decl., ECF No. 221; *See* Selin Decl. ¶ 2, ECF No. 305. |
| Footnote 16 | DENIED. *See* Wagner Decl., ECF No. 221; *See* Selin Decl. ¶ 2, ECF No. 305. |
| Figure on Page 20 | GRANTED. *See* Wagner Decl., ECF No. 221; *See* Selin Decl. ¶ 2, ECF No. 305. |

### 3. Defendants' Renewed Motion to Seal Expert Reports, ECF No. 394

Further, in its April 8, 2013 Case Management Order, ECF No. 388, the Court directed the parties to file renewed motions to seal the expert reports of Dr. Leamer and Dr. Murphy consistent with the good cause standard for sealing as set forth in the Court's Jan. 15, 2013 Sealing Order. Accordingly, Defendants jointly move to renew their requests to seal portions of the following documents, ECF No. 394 ("Renewed Motion to Seal Expert Reports"):

(1) Expert Report of Edward E. Leamer, ECF No. 190;
(2) Expert Report of Professor Kevin M. Murphy, ECF No. 230;
(3) Reply Expert Report of Edward E. Leamer, ECF No. 249;
(4) Defendants' Joint Administrative Motion for Leave to Supplement the Record, ECF No. 263, and Supplemental Declaration of Kevin Murphy, ECF No. 263-3; and
(5) Plaintiffs' Opposition to Defendants' Joint Administrative Motion for Leave to Supplement the Record, ECF No. 270, and Declaration of Dr. Leamer, ECF No. 270-1.

In addition, Defendants filed corresponding declarations in support of the Renewed Motion to Seal Expert Reports:

(1) Declaration of Frank Busch (Intel), ECF No. 395;
(2) Declaration of Anne M. Selin (Google), ECF No. 396;
(3) Declaration of Catherine T. Zeng (Intuit), ECF No. 397;
(4) Declaration of Christina Brown (Apple), ECF No. 398;
(5) Declaration of Lin W. Kahn (Adobe), ECF No. 399;
(6) Declaration of James M. Kennedy (Pixar), ECF No. 400; and
(7) Declaration of Justina Sessions (Lucasfilm), ECF No. 401.

As with their other motions, Defendants maintain that all of these documents also contain confidential and commercially sensitive information about compensation and recruiting practices,



United States District Court
For the Northern District of California

strategies, and policies, and identifying information of employees or candidates. Renewed Motion to Seal Expert Reports at 3. Defendants designated the foregoing information "Confidential" or "Attorney's Eyes Only" under the Protective Order, and have otherwise kept the sealed information confidential. *Id.* Defendants contend that the public disclosure of the information would cause Defendants harm by giving third parties insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. *Id.*

In light of Defendants' motion and corresponding declarations, the Court makes the following rulings as to Defendants' Renewed Motion to Seal, ECF No. 394:

| **Expert Report of Edward E. Leamer (ECF No. 190)** | |
|---|---|
| **Paragraphs** | **Ruling** |
| Paragraph 59 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 99 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Paragraph 107 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. Google's firm-wide increase in compensation of 10% and a $1,000 bonus to all employees is public information. |
| Paragraph 108 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 109 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 111 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. The Court previously erroneously sealed this information. |
| Paragraph 115 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 116 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. The Court previously erroneously sealed this information. |
| Paragraph 117 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. The Court previously erroneously sealed this information. |
| Paragraph 119 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 123 | DENIED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Paragraph 133 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| **Figures** | **Ruling** |
| Figure 3 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 3, ECF No. 401. |
| Figure 4 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF |

United States District Court
For the Northern District of California

| | |
|---|---|
| | No. 396; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 3, ECF No. 401. |
| Figure 9 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Figure 10 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; *See* Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Figure 15 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Figure 16 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Figure 17 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| **Footnotes** | **Ruling** |
| Footnote 65 | DENIED as to the number of recruiters. GRANTED as to the rate of hires. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 101 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 103 | DENIED. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 112 | DENIED. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Footnote 127 | DENIED. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Footnote 129 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 135 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 138 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 139 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 155 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 160 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Footnote 164 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| **Expert Report of Professor Kevin M. Murphy (ECF No. 230)** | |
| **Paragraphs** | **Ruling** |
| Paragraph 20 | GRANTED as to the first redacted sentence. DENIED as to the second redacted sentence. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 35 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 43 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraphs 45 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraphs 46 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 76 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398 |
| Paragraphs 78 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraphs 79 | DENIED. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 95 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |

| Paragraph 146 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
|---|---|
| **Footnotes** | **Ruling** |
| Footnote 20 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Footnote 24 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 92 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Footnote 104 | DENIED. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 107 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4,ECF No. 396. |
| Footnote 114 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 186 | DENIED. *See* Selin Decl. ¶ 4, ECF No. 396. |
| **Exhibits** | **Ruling** |
| Exhibit 1A | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Exhibit 1B | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Exhibit 2A | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 4, ECF No. 401. |
| Exhibit 2B | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 4, ECF No. 401. |
| Exhibit 3 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Kahn Decl. ¶ 9, ECF No. 399; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Exhibit 5 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 4, ECF No. 401. |
| Exhibit 6 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Exhibit 7A | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Exhibit 7B | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Exhibit 8A | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 4, ECF No. 401. |
| Exhibit 8B | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 4, ECF No. 401. |
| Exhibit 9A | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Exhibit 9B | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396. |

United States District Court
For the Northern District of California

| | |
|---|---|
| Exhibit 10 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395; Sessions Decl. ¶ 4, ECF No. 401. |
| Exhibit 11A | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Exhibit 11B | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; *See* Selin Decl. ¶ 4, ECF No. 396. |
| Exhibit 15B | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Exhibit 19 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Sessions Decl. ¶ 4, ECF No. 401. |
| **Appendices** | **Ruling** |
| Appendix 1A | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 1B | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl., ECF No. 395. |
| Appendix 1C | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 1D | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 2A | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; *See* Brown Decl. ¶ 3, ECF No. 398; *See* Zeng Decl. ¶ 4, ECF No. 397; *See* Selin Decl. ¶ 4, ECF No. 396; *See* Busch Decl. ¶ 8, ECF No. 395 |
| Appendix 2B | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 2C | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 2D | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 3A | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 3B | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4; Brown Decl., ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 4A | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 4B | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; *See* Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 4C | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Sessions |

| | |
|---|---|
| | Decl. ¶ 4, ECF No. 401. |
| Appendix 4D | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400; Kahn Decl. ¶ 9, ECF No. 399; Brown Decl. ¶ 3, ECF No. 398; Zeng Decl. ¶ 4, ECF No. 397; Selin Decl. ¶ 4, ECF No. 396; Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 5A | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399. |
| Appendix 5B | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 5C | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 397. |
| Appendix 5D | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 5E | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400. |
| Appendix 6A | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 399. |
| Appendix 6B | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Appendix 6C | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 397. |
| Appendix 6D | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 4, ECF No. 401. |
| Appendix 6E | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 400. |
| Appendix 7B | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| **Reply Expert Report of Edward E. Leamer (ECF No. 249)** | |
| **Title** | **Ruling** |
| Title III(C) on pages i and 23 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| **Paragraphs** | **Ruling** |
| Paragraph 7 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 51 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 52 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 53 | GRANTED as to the number and percentage of Google employees hired by a competitor. DENIED as to all other redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 54 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Paragraph 62 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Paragraph 63 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395 |
| Paragraph 64 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| **Figures** | **Ruling** |
| Figure 1 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396; Busch Decl. ¶ 8, ECF No. 395. |



United States District Court
For the Northern District of California

| | |
|---|---|
| Figure 6 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398. |
| Figure 7 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 398; Selin Decl. ¶ 4, ECF No. 396. |
| **Footnotes** | **Ruling** |
| Footnote 51 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 395. |
| Footnote 67 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| Footnote 69 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4, ECF No. 396. |
| **Defendants' Joint Administrative Motion for Leave to Supplement the Record (ECF No. 263)** | |
| **Pages/Lines** | **Ruling** |
| Page 2, lines 1-8 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 265. |
| **Supplemental Declaration of Kevin Murphy (ECF No. 263-3)** | |
| **Pages/Lines and Exhibits** | **Ruling** |
| Page 2, lines 9-15 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 266; Busch Decl. ¶ 8, ECF No. 265. |
| Exhibit A | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 266; Busch Decl. ¶ 8, ECF No. 265. |
| **Plaintiffs' Opposition to Defendants' Joint Administrative Motion for Leave to Supplement the Record (ECF No. 270)** | |
| **Pages/Lines** | **Ruling** |
| Page 5, lines 2-11 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl., ECF No. 398; Busch Decl., ECF No. 395. |
| **Declaration of Dr. Leamer in Opposition to Defendants' Administrative Motion (ECF No. 270-1)** | |
| **Exhibits** | **Ruling** |
| Exhibit A | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl., ECF No. 395. |

**4. Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' Opposition to Defendants' Joint Administrative Motion to Supplement the Record and the Declaration of Dr. Edward E. Leamer in Opposition to Defendants' Administrative Motion, ECF No. 271**

On January 14, 2013, Plaintiffs filed an administrative motion to seal portions of Plaintiffs' Opposition to Defendants' Joint Administrative Motion to Supplement the Record, ECF No. 270, and the Declaration of Dr. Edward E. Leamer in Opposition to Defendants' Administrative Motion, ECF No. 270-1. *See* ECF No. 271. Pursuant to Local Rules 79-5(d), Plaintiffs moved to seal the information because Defendants designated the information as "Confidential" or "Attorneys-Eyes Only" under the Protective Order. *See id.* Defendants then filed a joint response in support of Plaintiffs' administrative motion. *See* ECF No. 292. Defendants also filed corresponding declarations in support of Plaintiffs' sealing request. *See* ECF Nos. 294 and 300. Defendants later



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

withdrew their joint response, ECF No. 292, pursuant to the Court's order, ECF No. 388. Defendants then filed a renewed motion to seal portions of certain documents, including Plaintiffs' Opposition to Defendants' Joint Administration Motion for Leave to Supplement the Record, ECF No. 270, and Declaration of Dr. Leamer, ECF No. 270-1. *See* ECF No. 394. As stated above, the Court GRANTS the redacted portions identified by Defendants in Plaintiffs' Opposition to Defendants' Joint Administrative Motion for Leave to Supplement the Record and Declaration of Dr. Leamer. *See supra* p. 16. The Court DENIES all of the other redacted portions identified by Plaintiffs because Defendants do not seek to seal such information. *See* ECF Nos. 271 and 394. Thus, the Court GRANTS in part and DENIES in part Plaintiffs' Administrative Motion to Seal, ECF No. 271.

**B. Motions to Seal Exhibit A to the March 1, 2013 Joint Discovery Status Report, ECF Nos. 335 and 346**

On March 2, 2013, Plaintiffs filed an administrative motion to seal Exhibit A to the March 1, 2013 Joint Discovery Status Report, pursuant to Civil Local Rule 79-5(d). ECF No. 335. Exhibit A consists of transcript excerpts from the depositions of: (1) Shona Brown on January 30, 2013, and (2) Alan Eustace on February 27, 2013. Defendant Google Inc. ("Google") designated this information "Confidential" or "Highly Confidential-Attorney's Eyes Only." *See* ECF No. 346-1.

On March 8, 2013, Google filed a response in support of Plaintiffs' Administrative Motion to Seal, seeking to seal select portions of Exhibit A to the March 1, 2013 Joint Discovery Status Report. ECF No. 346. Google also filed a declaration in support of Plaintiffs' motion, Declaration of Eric B. Evans in Support of Defendant Google Inc.'s response in Support of Plaintiffs' Administrative Motion to Seal Exhibit A to the March 1, 2013 Joint Discovery Status Report. ECF No. 346-1. According to Google, select portions of these transcript excerpts contain highly confidential information, and Google would suffer competitive harm if such excerpts were made public. *Id.* ¶ 2. Specifically, these excerpts quote from or are related to documents that Google has designated as Highly Confidential-Attorneys' Eyes' only because those documents contain discussions concerning (1) the development and implementation of Google's recruiting strategies

and policies; (2) discussions about competitors' recruiting strategies and policies; (3) identification of candidates for employment; (4) Google's competitively sensitive relations with its business partners; or (5) features of Google's compensation programs. *Id*.

In light of Plaintiffs' motion, Google's response in support of Plaintiffs' motion, and Google's corresponding declaration, the Court makes the following rulings:

| **Exhibit A to the March 1, 2013 Joint Discovery Status Report (ECF No. 336-1)** | |
|---|---|
| **Deposition** | **Ruling** |
| Deposition of Shona Brown on January 30, 2013 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 2, ECF No. 346-1. |
| Deposition of Alan Eustace on February 27, 2013 | GRANTED as to page 161 (bottom center of page), lines 3-5, 9-11, 24-25. DENIED as to all other redacted portions identified by Defendants and Plaintiffs. *See* Evans Decl. ¶ 2, ECF No. 346-1; Plaintiffs' Administrative Motion to Seal, ECF No. 335. |

Plaintiffs also sought to seal other information in their administrative motion to seal. *See* ECF No. 335. However, Defendants do not seek to seal such information. *See* ECF No. 346. The Court, therefore, DENIES all other proposed redactions identified by Plaintiffs. Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' Administrative Motion to Seal, ECF No. 335.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART with prejudice the parties' Sealing Motions as set forth above. In addition, if any portion of the exhibits that the parties wish to file under seal becomes part of the public record, such as during a court proceeding, the parties must file that portion publicly within seven days of public disclosure.

**IT IS SO ORDERED.**

Dated: September 30, 2013

Lucy H. Koh
LUCY H. KOH
United States District Judge