1
2
3
4
5
6
7

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

8

Attorneys for Defendant GOOGLE Inc.

9

[Additional counsel listed on signature page]

10

11

12

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

14
15
16
17
18
19
20

IN RE:  HIGH-TECH EMPLOYEE
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Case No. 5:11-cv-2509-LHK

**DEFENDANTS' UPDATED CASE
MANAGEMENT STATEMENT**

Date:           October 21, 2013
Time:          2:00 p.m.
Courtroom:  8, 4th Floor
Judge:         The Honorable Lucy H. Koh

21
22
23
24
25
26
27
28

Defendants Adobe Systems, Inc., Apple Inc., Google Inc., and Intel Corporation submit this update for the Court in advance of the October 21, 2013 Case Management Conference, in order to inform the Court of developments subsequent to the previous joint case management statement filed September 26, 2013 (Dkt. 508).  Defendants asked Plaintiffs to make this a joint filing and met and conferred with Plaintiffs to that end.  Plaintiffs refused, stating that they did not believe any updated statement was necessary or appropriate.

## I.      UPDATE REGARDING CLASS DATA COLLECTION

Since submitting the prior case management statement, the non-settling Defendants have continued to meet and confer regarding Plaintiffs' request for employee data in connection with their Preliminary Approval Motion.  As Defendants understand it, Plaintiffs' current position is that Defendants should deliver to the claims administrator retained by Plaintiffs and approved by the Court, in an electronic database format, from the information in Defendants' human resources databases for the class period: the full legal name, Social Security number, all known email addresses, last known physical address, dates of employment in that Defendant's class job titles, and associated base salary by date and relevant class job title of each class member who was employed by that Defendant.  *See* Preliminary Approval Motion at 16-17; Proposed Order Granting Preliminary Approval Motion ¶ 14.

As Defendants noted in the previous case management statement, Plaintiffs had not raised this request prior to filing their Preliminary Approval Motion.  After meeting and conferring, the Parties have reached some agreement regarding the timing and scope of Plaintiffs' requests.

Plaintiffs and Defendants agree that, whatever information Defendants are ordered to produce, no information should or will be produced before the Court certifies a settlement class and until there is certainty as to the scope of that class.  If a settlement class is certified, Defendants will be required to produce information for only current or former employees included within the settlement class.  Further, the parties agree that any production of data will be produced not directly to Plaintiffs' counsel but to the claims administrator retained by Plaintiffs and approved by the Court to give notice and administer the claims process.  Finally, Defendants

1

have agreed to produce the full name, email address(es), and physical address data maintained in their human resources databases for current and former employees who are included within the settlement class.

The Parties, however, have not reached agreement on whether Defendants will produce Social Security numbers, or job title and salary information for specific employees.  Defendants' position is as follows.

Social Security Numbers:  Defendants do not agree to produce Social Security numbers of their current or former employees.  Plaintiffs should provide notice using the name and address data first, and use publicly available sources for changed address information, such as the National Change-of-Address list (http://www.nationalchangeofaddress.com) before seeking private Social Security data.  Defendants have not previously produced Social Security numbers to Plaintiffs in this action.  Disclosure of someone's Social Security number "can raise serious privacy concerns."  *See In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999); *see also, e.g.*, Cal. Civ. Code § 1798.85 (prohibiting public posting of Social Security numbers and prohibiting the mailing of materials to individuals that contain their Social Security numbers).  Under both the California and federal Constitutions and common law, parties may assert privacy rights in response to discovery requests.  *See, e.g.*, *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995); *Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007).  When faced with a request for production of information that implicates a privacy interest, a court must balance the potential invasion of privacy against the countervailing need for the information.[1] *See Pioneer Elecs.*, 40 Cal. 4th 360.

Courts typically do not grant wholesale requests for Social Security numbers at the class notice stage.  In *Delgado v. Ortho-McNeil, Inc.*, the court outright denied plaintiffs' request for Social Security numbers as "inappropriate," permitting only production of names and addresses.

---

[1] Although requests for information relating to class notice are governed by Federal Rule of Civil Procedure 23(d) rather than the discovery rules, courts have applied the same privacy balancing principles to requests for class members' information in connection with class notice.  *See, e.g.*, *Los Angeles Gay and Lesbian Ctr. v. Super. Ct.*, 194 Cal. App. 4th 288, 306-09 (Cal. Ct. App. 2011).

2

No. 07-263, 2007 WL 2847238 at *3 (C.D. Cal. Aug. 7, 2007).  In other cases, courts have deferred production of Social Security numbers until after class notice is attempted, and even then limited the production to class members whose notices were returned undelivered.  In *Gilbert v. Citigroup, Inc.*, the plaintiffs argued—just as Plaintiffs do here—that they needed the defendants to produce all class members' Social Security numbers in order to enable wholesale skip tracing. The court refused, stating that the plaintiffs could in the future move to compel production of Social Security numbers if the name and address information defendants agreed to produce was not "sufficient to provide notice to a large percentage of class members."  No. 08-CV-0385 SC, 2009 WL 424320 at *6 (N.D. Cal. Feb. 18, 2009); *see also Campbell v. Pricewaterhouse Coopers, LLP*, No. S-06-2376, 2008 WL 2345035 at *3 (E.D. Cal. June 5, 2008).

Plaintiffs further argue that Social Security numbers are necessary for tax purposes, including withholding and reporting by the claims administrator.  But if it is required for tax purposes, any class member who chooses to make a claim may provide his or her Social Security number voluntarily on the claims form as part of the claims process.

<u>Job Title and Salary Information:</u> Defendants do not agree to produce job title and salary information for their current and former employees.  To protect the confidentiality of a person's job title and salary information during discovery, Defendants matched such information to a particular employee ID number, not to an employee's name.  In fact, employee names were not produced with compensation data in this action.  Production of an individual's salary information raises privacy concerns.  Defendants have not located, and during meet and confer discussions Plaintiffs did not provide, any case where any court ordered the sort of wholesale disclosure of personal financial information Plaintiffs are demanding here.  In fact, in one of California's seminal cases on disclosure of potential class members' private information and the impact of such disclosure on privacy rights, the court approved disclosure of names, addresses, and telephone numbers only, justifying that disclosure because that information did not include "details regarding one's personal finances or other financial information . . . ."  *Pioneer Elecs.*, 40 Cal. 4th at 370.

3

Defendants understand that Plaintiffs are contending they need this information to calculate settlement payments for individual claimants (the payment is based on a formula using a claimant's salary as a base) and to pre-populate a database so that claimants can verify the salary information used to calculate the award.  Employees' privacy rights would be better protected if each class member could decide for herself whether or not to reveal such confidential information as part of the claims process.

Dated: October 17, 2013                              KEKER & VAN NEST LLP

                                            By:    /s/ *Robert A. Van Nest*
                                                    ROBERT A. VAN NEST
                                                    DANIEL PURCELL
                                                    EUGENE M. PAIGE
                                                    JUSTINA SESSIONS

                                                    *Attorneys for Defendant GOOGLE Inc.*

Dated:    October 17, 2013                          O'MELVENY & MYERS LLP

                                            By:    /s/ *Michael F. Tubach*
                                                    Michael F. Tubach

                                                    George Riley
                                                    Christina J. Brown
                                                    Two Embarcadero Center, 28th Floor
                                                    San Francisco, CA  94111
                                                    Telephone:  (415) 984-8700
                                                    Facsimile:  (415) 984-8701

                                                    *Attorneys For Defendant APPLE INC.*

4

1    Dated:    October 17, 2013                    JONES DAY

2

3                                        By:    /s/ David C. Kiernan

4                                               David C. Kiernan

5                                               Robert A. Mittelstaedt
                                                Craig A. Waldman
6                                               555 California Street, 26th Floor
                                                San Francisco, CA  94104
7                                               Telephone:  (415) 626-3939
                                                Facsimile:  (415) 875-5700
8
                                                *Attorneys for Defendant ADOBE SYSTEMS, INC.*
9

10   Dated:    October 17, 2013                    MAYER BROWN LLP

11

12                                       By:    /s/ Lee H. Rubin

13                                              Lee H. Rubin

14                                              Edward D. Johnson
                                                Donald M. Falk
15                                              Two Palo Alto Square
                                                3000 El Camino Real, Suite 300
16                                              Palo Alto, CA  94306-2112
                                                Telephone:  (650) 331-2057
17                                              Facsimile:  (650) 331-4557

18                                              *Attorneys for Defendant GOOGLE INC.*

19
     Dated:    October 17, 2013                    BINGHAM McCUTCHEN LLP
20

21

22                                       By:    /s/ Frank M. Hinman

23                                              Frank M. Hinman

24                                              Donn P. Pickett
                                                Three Embarcadero Center
25                                              San Francisco, CA  94111
                                                Telephone:  (415) 393-2000
                                                Facsimile:  (415) 383-2286
26
                                                *Attorneys for Defendant INTEL CORPORATION*
27

28
                                                5

**ATTESTATION**:  The filer attests that concurrence in the filing of this document has been obtained from all signatories.

6