Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Car No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' RESPONSE TO THE NON-SETTLING DEFENDANTS' UNAUTHORIZED SUPPLEMENTAL FILING**<br><br>Date:         October 21, 2013<br>Time:         2:00 p.m.<br>Courtroom: Room 8, 4th Floor<br>Judge:        Honorable Lucy H. Koh |

Plaintiffs hereby respond to the unauthorized supplemental filing submitted on October 17, 2013 by Adobe Systems, Inc., Apple Inc., Google Inc., and Intel Corp. (the "Non-Settling Defendants") (Dkt. 523).

## I.   Effective, Efficient, Class-Focused Notice and Claims Administration Here Require Production of Certain Class Member Data

Whether certifying the Class for settlement or litigation purposes, "the court must direct to Class Members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In assessing the proposed settlements with Lucasfilm, Ltd., Pixar, and Intuit Inc. (the "Settling Defendants"), the Court must determine whether the settlements are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). That inquiry may include an analysis of "the fairness and reasonableness of the procedure for processing individual claims under the settlement[.]" Manual for Complex Litigation, Fourth § 21.62, at 315-316.

Plaintiffs seek the confidential production of Class Member data to the Claims Administrator to provide Class Members with "the best notice that is practicable under the circumstances" and to ensure that the procedure for processing Class claims is as "fair, reasonable, and adequate" as possible. That data includes, for the Class period: the full legal name, Social Security number, email addresses, last known physical address, dates of employment in that Defendant's Class job titles, and associated base salary by date and relevant Class job title of each Class Member who was employed by that Defendant. All of this information—except name, address, and social security number—were collected and produced to Plaintiffs earlier in the case. Consistent with similar cases in this District, the Settling Defendants have already agreed to provide all of this necessary information to the Claims Administrator. (Lucas/Pixar Settlement § II.B; Intuit Settlement § II.B.) Subject to the Protective Order (Dkt. 24), the Claims Administrator "shall utilize Class Members' information provided by the Settling Defendants solely for purposes of effectuating notice and administering the Settlement Fund, including withholding taxes, and shall keep the information confidential, including from Class Counsel." (*Id.*)

1    Under the proposed procedure for administering notice and claims, the Claims

2    Administrator will mail and e-mail notices to Class Members and will create a case-specific

3    website that will include case information, court documents relating to the settlements, the notice,

4    and a link for electronic claim filing.  (Proposed Order Granting Plaintiffs' Motion for

5    Conditional Class Certification and Preliminary Approval of Partial Class Action Settlement ¶ 15;

6    *see also* Lucas/Pixar Settlement, Exs. A and B (notice and claim form); Intuit Settlement, Exs. A

7    and B (same).)  The plan of allocation will distribute the Settlement Fund to claimants based upon

8    a formula utilizing each claimant's base salary paid while working in a class position within the

9    Class period as set forth in the Class definition.  (Lucas/Pixar Settlement, Ex. C; Intuit Settlement,

10   Ex. C.)  Because the Settlement Fund is a fixed amount and no portion will revert back to the

11   Non-Settling Defendants, each claimant's share depends upon the claims of other Class Members.

12   With the Class Members' information confidentiality maintained by the Claims

13   Administrator, Class Members will be able to go to the case-specific website and access their

14   individual employment records to confirm their eligibility and confirm the relevant information

15   upon which their portion of the Settlement Fund will be allocated (*e.g.*, pay in Class positions

16   during the Class period).  Access will be limited only to Class Members who provide both their

17   unique claim number and their Social Security number (or last four digits).  No Defendant will

18   receive information about which Class members filed claims. The confidentiality of the claims

19   process is particularly important for current employees, who may fear retaliation if their

20   Defendant-employer learned that they were submitting claims.

21   This proposed claims procedure minimizes the burden on Class Members, maximizes

22   accuracy and fairness in distributing the Settlement Fund, and protects Class Member privacy.

23   *See* Manual for Complex Litigation, Fourth § 21.66 at 331 ("Completion and documentation of

24   the claims forms should be no more burdensome than necessary."). It is in the best interests of

25   Class members and is far superior to the unwieldy approach sought by Non-Settling Defendants.

26   The Non-Settling Defendants assert that Class members should be required to research

27   and submit all of the information about their own dates of pay in Class titles during the Class

28   period upon which the Settlement Fund will be allocated.  Non-Settling Defendants have made no

1    argument that producing this information on behalf of Class Members would be burdensome or

2    difficult (nor could they given their prior production of virtually this same information, minus

3    name and contact information, to Plaintiffs).  Non-Settling Defendants argue that they are trying

4    to protect Class member "privacy," but this argument is not persuasive.  The Claims

5    Administrator will enter into protective or other confidentiality agreements to protect this data,

6    and no individual Class Member information produced to the Claims Administrator will be shared

7    with Plaintiffs' counsel.[1]

8          If Defendants do not provide this reliable Class Member information to the Claims

9    Administrator, it will reduce the fairness, reasonableness, and adequacy of the settlements;

10   discourage claims; and undermine Class Member privacy interests.  Class Members seeking to

11   submit a claim would be forced to rely on their own memories rather than being able to confirm

12   their actual job and salary information by reviewing (privately) Defendants' records of their

13   relevant work history through protected password on the Claims Administrator website.  Instead,

14   Class Members would be required to self-report their Class job titles and base salaries during the

15   Class period to the Claims Administrator, with the Claims Administrator then being required

16   either (1) to verify such information with each Defendant or (2) to accept self-reported, unverified

17   information and expose the Settlement process to a high degree of inaccuracy or even fraud.  The

18   interests most harmed in this approach are those of the Class Members, who would be required to

19   undertake a massively burdensome notice process that *at best* might involve their claims status

20   being revealed to their employer.  This makes no sense given that Defendants already maintain

21   the data in a reliable and readily accessible form that can be produced to the Claims

22   Administrator confidentially.

23         The absurdity of Non-Settling Defendants' approach is made clear by imagining the

24   experience of a hypothetical Class Member who worked in a (non-Class) marketing position at

25   Google for part of 2006, then was promoted to a (Class) product development position at a

26   different salary at the end of 2006, and then left Google for a (Class) product development

27   ---
[1] Plaintiffs also believe that a single confidential production of data by Defendants to the Claims
Administrator is the superior means of safeguarding the security of the information at issue rather
than in thousands of individual submissions.

28

1    position at Apple in mid-2007, where she worked until the end of the Class period.  Under the

2    approach advocated by Non-Settling Defendants, in order to make a claim that Class Member

3    would be required to: (1) recall her relevant dates of employment concerning jobs held over seven

4    years ago; (2) recall changes in job title that might have moved her in and out of Class positions

5    or resulted in mid-year changes in salary; and (3) remember her precise base salary for Class job

6    titles during the Class period.  It is unlikely this Class Member could rely on any documentation

7    she has in her possession, as the question of Class titles and associated base salary is different

8    than W-2 earnings, which (even if she had proof of those) might report pay for both Class and

9    non-Class positions and earnings beyond just base salary (such as bonus).  If the Class Member

10   had no records of her relevant historical employment information, what is she expected to do?

11   Are Defendants planning to designate Human Resources contacts to search these histories one at

12   a time?  Would the Claims Administrator be expected to deny claims where the claimant is not

13   able to answer such questions?  The Non-Settling Defendants have no answers to these questions.

14   Instead, they suggest requiring each Class Member to first confirm that the Class Member wants

15   the information to be provided by Defendants to the Claims Administrator, thus requiring each

16   Class Member to identify herself to employer Defendants.  This unduly burdensome process, with

17   its associated violation of claimant confidentiality, would discourage and delay claims.

18   **II.    Courts Routinely Order Production of Class Member Information of the Type
19           Requested Here**

20           Courts routinely order production of Class Member identifying data, associating names

21   with job histories, to plaintiffs' counsel in contested class actions.  For instance, in *Bennett, et al.*

22   *v. Simplexgrinnell LP*, Case No. 11-1854-PJG (N.D. Cal. Sept. 25, 2013) (Dkt. No. 89), the Court

23   granted a motion to compel production of electronic data relating to work performed by members

24   of the proposed class, including identifying information.  The Court observed: "The law in this

25   district strongly favors Plaintiffs, as courts in this district 'commonly' order defendants not only

26   to identify, but to produce contact information for, putative class members before class

27   certification."  *Id.* at 89 (citing *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011)

28   (compelling disclosure of contact information before certification and noting that "[t]he

1    disclosure of names, addresses, and telephone numbers is a common practice in the class action

2    context"); *Babbitt v. Albertson's Inc*., 1992 U.S. Dist. LEXIS 19091, *2 (N.D. Cal. Nov. 30,

3    1992) (ordering contact information and social security numbers of putative class members before

4    class certification).).  *See also Algee v. Nordstrom, Inc*., 2012 U.S. Dist. LEXIS 62232, *11-*15

5    (N.D. Cal. May 3, 2012) (citing cases and concluding that privacy objections must yield to the

6    need for information).  Here, where it is expected that settlement class certification will be

7    granted, objections to producing Class member information are even more meritless.

8         Production of Class Member data is particularly routine where, as here, the data will be

9    provided only to a third-party administrator subject to a protective order.  *See, e.g.*, *Ellis v. Costco*

10   *Wholesale Corp.*, Case No. 04-3341-EMC, 2012 U.S. Dist. LEXIS 169894, at *8 (N.D. Cal. Nov.

11   29, 2012) ("Given the protective order in this case, providing social security numbers and home

12   telephone numbers does not constitute an undue risk to the privacy of the Class Members.

13   Accordingly, Costco shall provide this information to the third-party administrator the parties

14   have identified for administering notice to Class Members.").  Just as in *Costco*, here, the Non-

15   Settling Defendants "do[] not address why a protective order does not address the risk of fraud or

16   identity theft, and does not argue that the protective order is somehow inadequate."  *Id.*  The

17   Protective Order here (Dkt. No. 24), combined with the proposed notice and claims procedures,

18   are appropriate to safeguard Class Member privacy.

19        In support of their refusal to provide Class Member data to the Claims Administrator, the

20   Non-Settling Defendants rely on inapposite authority.  For instance, *Los Angeles Gay and*

21   *Lesbian Ctr. v. Super. Ct.*, 194 Cal. App. 4th 288 (Cal. Ct. App. 2011) involved a proposed class

22   of patients of a medical center who had mistakenly received the wrong medication for syphilis.

23   At issue was whether discovery of "extremely sensitive" medical information (including names,

24   addresses, and possible HIV status of Class Members), was appropriate to a "wide array of third

25   persons in connection with the litigation" and to the named plaintiffs and their counsel.  *Id.* at

26   308.  The Court held that disclosure of such information to the parties was improper, but found

27   that the information "shall be disclosed to a court-appointed class administrator for the purpose of

28   mailing the notice of the class action to all putative Class Members."  *Id.* at 310.

PLAINTIFFS' RESPONSE TO THE NON-SETTLING
DEFS' UNAUTHORIZED SUPPLEMENTAL FILING
Master Docket No. 11-CV-2509-LHK

1      Other cases on which the Non-Settling Defendants purport to rely deal not with a

2  proposed settlement class under Rule 23, but rather with conditional certification under the Fair

3  Labor Standards Act.  *Delgado v. Ortho-McNeil, Inc.,* No. 07-263, 2007 U.S. Dist. LEXIS 74731

4  (C.D. Cal. Aug. 7, 2007); *Gilbert v. Citigroup, Inc.*, No. 08-0385, 2009 U.S. Dist. LEXIS 18981

5  (N.D. Cal. Feb. 18, 2009).  In *Campbell v. Pricewaterhouse Coopers, LLP,* No. S-06-2376, 2008

6  U.S. Dist. LEXIS 44795 (E.D. Cal. June 5, 2008), the issue was whether the identifying

7  information should be produced to class counsel.  The Non-Settling Defendants also cite to cases

8  for the uncontroversial proposition that privacy interests are important.  However, these cases

9  found that the privacy interests at issue were outweighed by the need for the information.[2]

10  **III.**      **Production of Social Security Numbers is Also Routine**

11      There is no reason for Defendants to withhold Class Member Social Security numbers.

12  This information is necessary to provide the "best notice that is practicable under the

13  circumstances,"  Fed. R. Civ. P. 23(c)(2)(B), because it allows for the most accurate form of

14  "skip-tracing"—the ability to locate Class Members who have moved from their last known

15  address (an address that in many cases will not have been updated in over eight years), and Social

16  Security numbers are required for the Claims Administrator to complete required tax withholding

17  for every claimant.  It is certainly not in Class Members' interests to be required to submit such

18  numbers individually.

19      Non-Settling Defendants seem to think that production of Social Security numbers is

20  unusual in a claims process.  They are wrong.  *See*, *e.g.*, *Vedachalam, et al. v. Tata Consultancy

21  Servs.*, Case No. 06-0963-CW, at 4 (N.D. Cal. Apr. 5, 2013) (Dkt. 336) (preliminarily approving

22  class action settlement, ordering: "Defendants will provide the Settlement Administrator a

23  database in a format acceptable to the Settlement Administrator, listing for all Class Members

24  

25  [2] *See In re Crawford,* 194 F.3d 954, 962 (9th Cir. 1999) (upholding bankruptcy court's $800 fine assessed against a non-attorney bankruptcy petition preparer who deliberately omitted his social security number on bankruptcy petitions he had prepared); *Soto v. City of Concord*, 162 F.R.D.

26  603, 617 (N.D. Cal. 1995) (granting plaintiffs' motion to compel discovery of defendant police officers' personnel files); *Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373

27  (2007) (overturning appellate court's reversal of a trial court's authorization of a notice letter to DVD player purchasers, stating that non-response to the notice letter constituted consent to be

28  contacted by plaintiffs' counsel).

1   each Class Member's name, last known home and email address, Social Security number, amount

2   of tax refunds repaid to Defendants, and dates of employment for Defendants in the United States

3   during the Class Period."), attached hereto as Exhibit A; *Buccellato, et al. v. AT&T Operations,*

4   *Inc.*, Case No. 10-00464-LHK, at 6 (preliminarily approving class action settlement and

5   certifying settlement class, ordering: "AT&T will provide the Settlement Administrator a

6   database in a format acceptable to the Settlement Administrator, listing for all Class Members

7   each Class Member's name, last known address, Social Security number, AT&T employee

8   identification number, dates and state(s) of employment listed by Covered Position held, and the

9   number of Compensable Work Weeks in a Covered Position during a Covered Period."), attached

10  hereto as Exhibit B; *Higazi v. Cadence Design Systems, Inc.*, Case No. 07-2813-JW, at 2 (N.D.

11  Cal. Apr. 1, 2008) (Dkt. 60) (stipulation and order requiring defendant to "provide to the

12  Settlement Administrator a database that lists, for each Class Member, the Class Member's name,

13  Social Security number, last known address, dates and state(s) of employment, and the number of

14  compensable work weeks in a Covered Position during a Covered Period"), attached hereto as

15  Exhibit C; *Satchell, et al. v. Federal Express Corp.*, Case No. 03-2659-SI, at 8 (N.D. Cal. Apr. 9,

16  2007) (Dkt. 285) (preliminarily approving class action settlement and certifying settlement class,

17  ordering: "FedEx Express shall provide the Claims Administrator with computer readable

18  information, in a format acceptable to the Claims Administrator, that contains the full names,

19  social security numbers, FedEx employee ID, last known addresses and phone numbers, start

20  dates and, as applicable, end dates of employment with FedEx Express"), attached hereto as

21  Exhibit D.

22          Likewise, in *Rees v. Souza's Milk Transp. Co.*, 2006 U.S. Dist. LEXIS 84514 (E.D. Cal.

23  Nov. 8, 2006), the defendant made the same objection the Non-Settling Defendants make here to

24  producing Class Member Social Security numbers, and also sought to rely improperly upon

25  California Civil Code Section 1798.85.  The Court rejected the argument and ordered production

26  of Social Security numbers.  "The preclusions to the dissemination of social security numbers

27  listed in § 1798.85 of the California Civil Code are irrelevant: (1) display of social security

28  numbers to the general public, (2) printing of social security numbers on cards required to obtain

1    goods or services, (3) requiring persons to transmit their social security numbers over the internet

2    without encryption, (4) requiring use of a social security number to access an internet web site

3    without also requiring a password or unique personal identification number, and (5) the printing

4    of social security numbers on mailed forms unless required by state or federal law." *Id.* at *5.

5    "None of these preclusions addresses the situation at issue here, where putative Class Members

6    need to be located so that their rights under federal and state law may be advanced and

7    protected." *Id.*  The court also observed that the "disclosure of names, addresses, social security

8    numbers, and employment dates of putative Class Members is a common practice in the class

9    action context." *Id.* at *3 (collecting cases).

10   **IV.    The Non-Settling Defendants' Filing is Unauthorized and Should be Disregarded**

11           Pursuant to Local Rule 16-10(d), the parties filed a Joint Case Management Statement on

12   September 26, 2013, in advance of the scheduled October 3, 2013 Case Management Conference.

13   (Dkt. 508.)  On October 1, 2013, the Court continued the Case Management Conference to

14   October 21, 2013.  (Dkt. 511.)  If the Non-Settling Defendants wished to file an "updated" Case

15   Management Statement, they were required to meet and confer with Plaintiffs so that a joint

16   statement could be filed no later than October 14, 2013.  Local Rule 16-10(d) (requiring that Case

17   Management Statements be filed "no fewer than 7 days before any subsequent case management

18   conference").  The Non-Settling Defendants did not meet and confer with Plaintiffs in advance of

19   the deadline.

20           Instead, the Non-Settling Defendants' counsel contacted Plaintiffs' counsel in the

21   afternoon of October 15, 2013, after the deadline to file a Joint Case Management Statement had

22   already elapsed, indicating their intent to file supplemental argument on positions stated in their

23   previous Joint CMC Statement.  Plaintiffs' counsel informed the Non-Settling Defendants'

24   counsel that the time for filing had expired (and therefore a supplemental filing would be

25   improper), and encouraged the Non-Settling Defendants to meet and confer with Plaintiffs

26   regarding any outstanding issues in an effort to clarify or resolve them in advance of the Case

27   Management Conference.  After meeting and conferring, the Non-Settling Defendants insisted on

28   filing a late statement over Plaintiffs' objections, and did so Thursday evening, two Court days

- 8 -

1 | before the Case Management Conference.  (Dkt. 523.)

2 | **V.**     **Conclusion**

3 | Plaintiffs do not seek to discover additional Class Member information for use in the

4 | litigation.  Rather, Plaintiffs ask that the Court order the Non-Settling Defendants to produce to

5 | the Claims Administrator the same information the Settling Defendants have already agreed to

6 | produce, that is almost entirely information previously produced to Plaintiffs (less personally

7 | identifying information), and that is routinely produced in this context.  Providing this data to the

8 | Claims Administrator will facilitate notice, minimize the burden on Class Members, ensure

9 | accurate allocation of the settlements to claimants, and maintain the confidentiality of the claims

10 | process.

12 | Dated:  October 19, 2013                              Respectfully Submitted,

14 | By: */s/ Kelly M. Dermody*

15 | Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)

16 | Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)

17 | Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)

18 | Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

19 | 275 Battery Street, 29th Floor
San Francisco, California  94111-3339

20 | Telephone:  415.956.1000
Facsimile:  415.956.1008

21 | By: */s/ Joseph R. Saveri*

23 | Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)

24 | James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM

25 | 505 Montgomery Street, Suite 625
San Francisco, California 94111

26 | Telephone: (415) 500-6800
Facsimile: (415) 500-6803

28 | *Co-Lead Class Counsel*

PLAINTIFFS' RESPONSE TO THE NON-SETTLING
DEFS' UNAUTHORIZED SUPPLEMENTAL FILING
Master Docket No. 11-CV-2509-LHK