# EXHIBIT A

Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
Anne B. Shaver (State Bar No. 255928)
ashaver@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Steven M. Tindall (State Bar No. 187862)
stindall@rhdtlaw.com
Rosha Jones (State Bar No. 279143)
rjones@rhdtlaw.com
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

*Counsel for Plaintiffs and the National and California Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI VEDACHALAM and KANGANA BERI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD, an Indian Corporation; and TATA SONS, LTD, an Indian Corporation,<br><br>Defendants. | CASE NO. C 06-0963 CW<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On March 28, 2013, this Court held a hearing on the motion of Plaintiffs Gopi Vedachalam and Kangana Beri ("Plaintiffs") for an order (1) granting preliminary approval to the parties' Settlement Agreement (the "Settlement," attached as Exhibit 1 to the declaration of Anne B. Shaver); (2) approving the distribution of notice of the settlement to the Class; (3) appointing Gilardi & Company, LLC ("Gilardi"), as the Settlement Administrator; and (4) scheduling a final approval hearing and related dates (the "Preliminary Approval Motion"). Counsel from the law firms Lieff Cabraser Heimann & Bernstein, LLP, and Rukin Hyland Doria & Tindall LLP appeared for Plaintiffs. Counsel from the law firms Kelley Drye & Warren LLP and Loeb & Loeb LLP appeared for Defendants Tata Sons, Ltd., and Tata Consultancy Services, Ltd. ("Defendants").

Having considered the papers on the motion, the arguments of counsel, and the law governing approval of class actions settlements, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

## I. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims. The Court has also read and considered the declarations of Anne B. Shaver and Steven M. Tindall in support of preliminary approval. Based on a review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arm's-length negotiations between the Parties conducted after Class Counsel had adequately investigated and litigated Plaintiffs' claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process supports the finding that the Settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class Members is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

## II. APPROVAL OF THE CLASS NOTICE AND MANNER OF DISTRIBUTION

The Parties have also submitted for this Court's approval a proposed Notice of Class Action Settlement (the "Notice"). After carefully reviewing these documents as well as the revised Notice submitted by Plaintiffs after the hearing, and considering the parties' responses to the Court's concerns expressed at the hearing, the Court finds and concludes as follows:

### A. Best Notice Practicable

The Notice to be provided is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the Settlement.

The Notice, as further revised by the Court and attached hereto as Exhibit A, fairly, plainly, accurately, and reasonably informs Class Members of: (1) the nature of this action, the identity of Class Counsel, and the essential terms of the Settlement; (2) the allocation of the Settlement fund, including the formula for calculation of settlement shares and the amount of each Class Member's individual share, the requests for the Class Representative Service Payments and the Class Counsel Attorneys' Fees and Costs Payment, and the other payments that will be deducted from the Settlement fund; (3) how to participate in the Settlement; (4) how to opt out of the Settlement; (5) how to comment on or object to the Settlement; (6) this Court's procedures for final approval of the Settlement; and (6) how to obtain additional information regarding this action and the Settlement.

The proposed plan for distributing the Notice, as modified in accordance with the issues raised by the Court at the hearing, likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice to all Class Members by both first-class mail and e-mail to their last known addresses. There is no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan. Defendants may issue the email concerning the settlement provided for as part of the proposed notice plan, but as discussed at the hearing, Defendants will do so at least seven days *after* the Settlement Administrator has distributed the Notice to Class Members by first-class mail and email.

- 3 -

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. C 06-0963 CW

1075341.4

At the hearing, Defense counsel represented to the Court that Defendants have already provided all notice required under the Class Action Fairness Act (CAFA).

Accordingly, the Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby orders as follows:

1. The amended Notice submitted by the parties after the hearing is approved.

2. The manner of distributing the Notice to the Class Members, as amended herein, is approved.

3. Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Notice, incorporating into them the relevant dates and deadlines set forth in this order. The Settlement Administrator shall also ensure that all blanks and placeholders in the Notice are completed and that appropriate contact information for Class Counsel and the Settlement Administrator is inserted into the Notice.

4. Within seven (7) days following entry of this order, Defendants will provide the Settlement Administrator a database in a format acceptable to the Settlement Administrator, listing for all Class Members each Class Member's name, last known home and e-mail address, Social Security number, amount of tax refunds repaid to Defendants, and dates of employment for Defendants in the United States during the Class Period. Prior to providing this information to the Settlement Administrator, Defendants will ask all Class Members who are current employees of Defendants via e-mail to confirm that Defendants have their current home addresses.

5. Within seven (7) days after receiving the database from Defendants, the Settlement Administrator will mail, via first-class mail and e-mail, the Notice to all Class Members at their last known address.

6. The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom the Notice is returned by the U.S. Postal Service

- 4 -

as undeliverable and otherwise to provide the Notice. The Settlement Administrator will make reasonable efforts to trace all returned undeliverable Notices and re-mail them to the most recent address available.

7. Plaintiffs will file with their motion for final approval a declaration from the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice.

8. Before the deadline for cashing Settlement Share checks, the Settlement Administrator will contact all participating Class Members who have not cashed their Settlement checks to remind them to do so before the check-cashing deadline.

9. The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement Agreement.

## III. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for July 11, 2013, at 2:00 p.m. The date of the hearing may be changed without further direct notice to the Class, though as discussed at the hearing, the amended Notice alerts the Class Members to check the settlement website to determine whether the hearing date has been changed.

Any Class Member who wishes to speak at the Final Approval Hearing must request leave to do so by submitting a "Notice of Intention to Appear in *Vedachalam v. Tata Consultancy Services*." This document must be mailed to the Settlement Administrator and postmarked by seventy days after the date of this Order, or emailed to the Settlement Administrator no later than seventy days after the date of this Order.

### B. Deadline to Opt Out of the Settlement

#### 1. Form of Opt-Out Request

Any Class Member may opt out of participating in the Settlement by emailing or submitting a letter to the Settlement Administrator stating that he or she wishes to be excluded

- 5 -

from the Settlement. The letter must (a) be signed; (b) include the full name and address of the person requesting exclusion; and (c) include the following statement: "I request to be excluded from this class action settlement. I have received notice of the settlement and understand that if I am excluded from the class action settlement, I will not receive any money as a result of the settlement."

### 2. Deadline for Submitting Opt-Out Request

A completed opt-out request will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator and postmarked by not later than 70 days after entry of this Order, or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, e-mail, facsimile transmission, professional delivery, or personal delivery. Only those Class Members who submit their opt-out request within the time and by the manner set forth in this Order will be excluded from the Settlement. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order.

### C. Deadline for Filing Comments on or Objections to Settlement

In order for an objection to be considered, Class Members must make the objection to the Settlement in writing. The objection deadline for all Class Members shall be within seventy days after entry of this Order. The Notice will advise Class Members of this objection deadline. Not later than seven weeks after the date of this preliminary approval order, the Settlement Website shall also contain any briefing and supporting materials submitted in support of approval of the Settlement and in support of Class Counsel's application for attorneys' fees and costs and for incentive awards. Any written objections must be mailed to the Settlement Administrator and postmarked by seventy days after the date of this Order, or emailed to the Settlement Administrator no later than seventy days after the date of this Order.

### D. Deadline for Mailing and Cashing Settlement Share Checks

A Class Member who timely and properly submits an Address Verification Form[1] and does not opt out of the Settlement will be eligible to receive his or her share of the Net Settlement Payment. The Settlement Administrator shall mail the first round of settlement award checks to eligible Class Members no later than fourteen (14) calendar days after the Effective Date of the Settlement, as that term is defined in the Settlement Agreement. These checks shall be valid for 180 days from the date on the check. Fourteen (14) calendar days before the expiration of the 180-day period, the Settlement Administrator will send a notice to Class Members who have been sent settlement award checks but who have not cashed them reminding them of the expiration of the 180-day period. After that time, if there are uncashed checks totaling more than $100,000, the funds will be redistributed to all class members in a second distribution. If there are uncashed checks totaling less than $100,000, the money will be designated to be donated to one or more U.S.-based charitable organizations to be approved by the Court that are dedicated to worker or immigrant issues. Not later than seven weeks after the date of this preliminary approval order, the Settlement website shall advise Class Members as to which organization or organizations the parties propose the Court should designate as the recipient of such money.

### E. Deadline for Motion for Approval of Class Representative and Testifying Declarant Payments

Not later than seven weeks after the date of this preliminary approval order, Class Counsel may file a motion for approval of Class Representative and Testifying Declarant Payments.

### F. Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award

Not later than seven weeks after the date of this preliminary approval order, Class Counsel may file a motion for approval of their Class Counsel Attorneys' Fees and Costs Payment.

### G. Deadline for Motion for Final Approval of the Settlement

Not later than eight weeks after the date of this preliminary approval order, Class Counsel shall file their motion for final approval of the Settlement. By that date, the Settlement

---

[1] The Court has made suggested revisions to the amended Address Verification Form that was submitted by Class Counsel with the amended Notice. The Court's revised Address Verification Form appears in Exhibit A following the Court's revised Notice.

- 7 -

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. C 06-0963 CW

1075341.4

Administrator shall submit to the Court copies of all comments or objections it has received regarding the Settlement and a list of all Class Members who have submitted opt-out requests. By that date, Defendants shall also file a sworn declaration attesting that they have provided all notice required under CAFA.

## IV.     PLAINTIFFS' AND CLASS MEMBERS' RELEASE

If, at or after the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiffs and every Class Member who has not opted out, pursuant to the Settlement, will be adjudicated to have granted the release of claims as set forth in the Settlement Agreement.

## V.     APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Gilardi is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

Dated: _____

HONORABLE CLAUDIA WILKEN
United States District Court Judge