# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

MATTHEW BUCCELLATO, RICK
CORTES, RICHARD MALCONTENTO,
KENNETH CARLTON, and LOWELL
HILL, on behalf of themselves and classes
of those similarly situated,

Plaintiffs,

v.

AT&T Operations, Inc.

Defendant.

Case No.  C10-00463-LHK

**ORDER (1) CONDITIONALLY
CERTIFYING SETTLEMENT CLASS
AND COLLECTIVE ACTION,
(2) GRANTING PRELIMINARY
APPROVAL TO PROPOSED CLASS
ACTION SETTLEMENT AND PLAN
OF ALLOCATION, (3) DIRECTING
DISSEMINATION OF NOTICE TO
THE CLASS; AND (4) SETTING DATE
FOR FAIRNESS HEARING AND
RELATED DATES.**

1    On February 17, 2011, a hearing was held on the motion of Plaintiffs Matthew Buccellato,

2    Kenneth Carlton, Rick Cortes, Lowell Hill, and Richard Malcontento ("Plaintiffs") for an order

3    (1) conditionally certifying the proposed settlement Classes as opt-out Classes under Federal Rule

4    of Civil Procedure 23; (2) conditionally designating the action as a collective action under section

5    216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); (3) appointing Plaintiffs as

6    Class Representatives; (4) appointing Plaintiffs' counsel as Class Counsel; (5) granting

7    preliminary approval to the parties' Stipulation of Class Settlement and Settlement Agreement

8    (the "Settlement," attached as Exhibit 1 to the declaration of Jahan C. Sagafi); (6) approving the

9    mailing of the proposed Class Notice and Claim Form; (7) approving the notice of the Settlement

10   sent to the Attorney General of the United States and the other responsible state officials pursuant

11   to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715; (8) appointing Settlement

12   Services, Inc., as the Settlement Administrator; and (9) scheduling a final approval hearing and

13   related dates (the "Preliminary Approval Motion"). Jahan Sagafi and Kelly Dermody appeared

14   for Plaintiffs. Thomas Geidt appeared for defendant AT&T Operations, Inc. ("AT&T").

15   Having considered the papers on the motion, the arguments of counsel, and the law, the

16   Court now enters this Preliminary Approval Order and ORDERS as follows:

17   I.    **NATURE OF ACTION**

18   Plaintiffs allege that AT&T misclassified them and the classes they propose as exempt

19   from overtime under the FLSA and state wage-and-hour laws and, on that basis, failed to pay

20   them and the proposed class for overtime wages, to provide them with required meal periods and

21   rest breaks, and to provide them with correctly itemized wage statements. Plaintiffs also alleged

22   that with regard to such matters, AT&T engaged in unfair competition in violation of California

23   Business and Professions Code section 17200 *et seq.*; and that AT&T violated the Employee

24   Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* by

25   failing to pay benefits as a result of failing to credit Plaintiffs and the Class Members for their

26   claimed unpaid wages.

27   AT&T disputes and denies all of Plaintiffs' claims. AT&T contends that it has fully

28   complied will all applicable laws at issue in this matter.

1  **II.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS UNDER RULE 23**

2      **A.    Settlement Class**

3          For settlement purposes only, the Parties have proposed conditional certification of the

4  following settlement class under Federal Rule of Civil Procedure 23 (the "Class"):

5          All persons who work or worked for AT&T in a Covered Position during the
          Covered Period.

6          In addition, there shall be five state-law classes:  (1) a California state-law class consisting

7  of all current and former AT&T employees who are or were employed in Covered Positions in

8  California at any time during the Covered Period; (2) a Colorado state-law class consisting of all

9  current and former AT&T employees who are or were employed in Covered Positions in

10  Colorado at any time during the Covered Period; (3) a New Jersey state-law class consisting of all

11  current and former AT&T employees who are or were employed in Covered Positions in New

12  Jersey at any time during the Covered Period; (4) a New York state-law class consisting of all

13  current and former AT&T employees who are or were employed in Covered Positions in New

14  York at any time during the Covered Period; and (5) a North Carolina state-law class consisting

15  of all current and former AT&T employees who are or were employed in Covered Positions in

16  North Carolina at any time during the Covered Period.

17          The term "Covered Position" means one or more of the following titles held by an

18  individual working for AT&T Operations, Inc. as part of the Blue Sky project in the United States

19  during the Covered Period:  Business Manager IT, Project Manager IT, Senior IT Analyst, Senior

20  Project/Program Manager IT, Technical Architect, and Technical Design Engineer.  Class

21  Members whose job titles have been changed from one of these titles to a different job title solely

22  as a result of AT&T's Technical Career Pathway ("TCP") project will remain in the Class for all

23  purposes, their work weeks in the TCP titles will be included in the count of Compensable Work

24  Weeks, and their TCP titles will be deemed to be Covered Positions.

25          The term "Covered Period" means the period from February 1, 2008, to the date the

26  Preliminary Approval Order is entered by the Court, for individuals who worked in a Covered

27  Position.

28

ORDER GRANTING MOTION FOR PRELIMINARY          - 2 -
APPROVAL OF CLASS ACTION SETTLEMENT

1    **B.    Conditional Rule 23 Certification**

2    The Court hereby finds and concludes that for purposes of the Settlement only, the Classes

3    satisfy all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of

4    Civil Procedure.

5    1.    Each Class is sufficiently numerous that joinder is impracticable.

6    2.    The members of each Class share common issues of fact and law regarding

7    (i) whether, in view of the Class members' duties, AT&T properly classified all Class Members

8    as exempt from overtime; and (ii) whether, in its treatment of the Class Members as exempt,

9    AT&T violated ERISA.

10    3.    Plaintiffs' claims are typical of those of each Class they propose to represent,

11    because they arise out of the same policies and practices and course of conduct complained of by

12    all Class Members.

13    4.    Plaintiffs are adequate representatives of each Class they propose to represent,

14    because their interests are co-extensive with those of Class Members, and they have retained

15    experienced counsel to represent them.

16    5.    Questions of law or fact common to each Class predominate over individualized

17    issues, and a class action is superior to other available methods for the fair and efficient

18    adjudication of this controversy.

19    6.    Because certification of each Class is proposed in the context of a settlement, the

20    Court need not inquire whether the case, if tried as a class action, would present intractable

21    management problems.

22    Accordingly, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

23    **III.    DESIGNATION OF COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

24    For settlement purposes only, the Parties have proposed conditional certification of the

25    action as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the period

26    from February 1, 2008 to the present. The Court hereby finds and concludes that the FLSA Class

27    fulfills the requirements for a collective action under section 16(b).

28

1      1.     Under section 16(b), an action may be maintained by an employee or employees

2 on behalf of others who are "similarly situated."

3      2.     Here, the Class Members are similarly situated for purposes of a collective action

4 under section 16(b) because of the job duties that the Class Members performed and AT&T's

5 classification of them as exempt.

6      Accordingly, certification under section 16(b) is appropriate for those Class Members

7 with claims within the period from February 1, 2008 to the date the Preliminary Approval Order

8 is entered by the Court.

9 **IV.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

10      **A.    Class Representatives**

11      The Court finds and concludes that Plaintiffs have claims typical of Class Members and

12 are adequate representatives of them.  The Court hereby appoints Plaintiffs to serve as Class

13 Representatives.

14      **B.    Class Counsel**

15      The Court finds and concludes that Lieff, Cabraser, Heimann & Bernstein LLP and Outten

16 & Golden LLP have, separately and collectively, extensive experience and expertise in

17 prosecuting wage-and-hour class actions and collective actions.  The Court appoints these firms

18 as Class Counsel.

19 **V.    PRELIMINARY APPROVAL OF SETTLEMENT**

20      The Court has reviewed the terms of the Settlement, including the plan of allocation and

21 the release of claims.  The Court has also read and considered the declaration of Jahan C. Sagafi

22 in support of preliminary approval.  Based on review of those papers, and the Court's familiarity

23 with this case, the Court finds and concludes that the Settlement is the result of arms-length

24 negotiations between the Parties conducted after Class Counsel had adequately investigated

25 Plaintiffs' claims and become familiar with their strengths and weaknesses.  The assistance of an

26 experienced mediator in the settlement process confirms that the Settlement is non-collusive.

27 Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria

28 for preliminary settlement approval.  The Settlement has no obvious defects and falls within the

1    range of possible approval as fair adequate, and reasonable, such that notice to the Class Members

2    is appropriate.  Accordingly, the Settlement is hereby preliminarily approved.

3    **VI.    APPROVAL OF THE CLASS NOTICE, CAFA NOTICE AND MANNER OF DISTRIBUTION**

4    

5    The Parties have also submitted for this Court's approval a proposed Notice of (1)

6    Proposed Class Action Settlement and (2) Final Settlement Approval Hearing (the "Class

7    Notice") (evidenced by Exhibit A to the Settlement), and the CAFA Notice of Proposed

8    Settlement (evidenced by Exhibit D to the Settlement) distributed to the appropriate federal and

9    state officials.  After carefully reviewing these documents, the Court finds and concludes as

10   follows:

11   **A.     Best Notice Practicable**

12   The Class Notice is the best notice practicable under the circumstances and allows Class

13   Members a full and fair opportunity to consider the Settlement.

14   The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of:

15   (1) appropriate information about the nature of this action, the definition of the Classes, the

16   identity of Class Counsel, and the essential terms of the Settlement, including the plan of

17   allocation; (2) appropriate information about Plaintiffs' forthcoming application for the Class

18   Representative Payments and the Class Counsel Attorneys' Fees and Costs Award; (3)

19   appropriate information about each Class Member's share of the proceeds under the Settlement;

20   (4) appropriate information about this Court's procedures for final approval of the Settlement, and

21   about Class Members' right to appear through counsel if they desire; (5) appropriate information

22   about how to comment on or opt-out of the Settlement, if a Class Member wishes to do so; and

23   (6) appropriate instructions as to how to obtain additional information regarding this action and

24   the Settlement.

25   The proposed plan for distributing the Class Notice likewise is a reasonable method

26   calculated to reach all individuals who would be bound by the Settlement.  Under this plan, the

27   Settlement Administrator will distribute the Class Notice to all Class Members by first-class mail

28   and e-mail to their last known addresses.  There is no additional method of distribution that would

1  be reasonably likely to notify Class Members who may not receive notice pursuant to the

2  proposed distribution plan.

3      **B.     CAFA Notice of Proposed Settlement**

4      AT&T's notice of the Settlement given to federal and state officials complies with the

5  requirements of CAFA.  Not later than ten days after Plaintiffs' Preliminary Approval Motion

6  was filed, notice of the Settlement was mailed to the Attorney General of the United States of

7  America and the appropriate state official in each state in which, based on AT&T's records of last

8  known mailing address, Class Members reside; and the notice contains the documents required by

9  28 U.S.C. section 1715(b)(1)-(8).  On this basis, the notice of the Settlement is approved and the

10 Court finds that AT&T has discharged its obligations under CAFA to provide notice to the

11 appropriate federal and state officials.

12     **C.     Approval**

13     Accordingly, the Court finds and concludes that the proposed plan for distributing the

14 Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule

15 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby

16 orders as follows:

17         1.      The Class Notice is approved.

18         2.      The CAFA Notice of Proposed Settlement is approved.

19         3.      The manner of distributing the Class Notice to the Class is approved.

20         4.      Promptly following the entry of this order, the Settlement Administrator

21 will prepare final versions of the Class Notice, incorporating into them the relevant dates and

22 deadlines set forth in this order.

23         5.      Within twenty (20) days following entry of this order, AT&T will provide

24 the Settlement Administrator a database in a format acceptable to the Settlement Administrator,

25 listing for all Class Members each Class Member's name, last known address, Social Security

26 number, AT&T employee identification number, dates and state(s) of employment listed by

27 Covered Position held, and the number of Compensable Work Weeks in a Covered Position

28 during a Covered Period.

6.     Prior to the mailing of the Class Notice, the Settlement Administrator will update any new address information for Class Members as may be available through the National Change of Address ("NCOA") database or equivalent system.

7.     Within twenty (20) days after receiving the database from AT&T, the Settlement Administrator will mail, via first-class mail and e-mail, the Class Notice to all Class Members at their last known address or at the most recent address that may have been obtained through the NCOA.

8.     The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom the Class Notice is returned by the U.S. Postal Service as undeliverable and otherwise to provide the Class Notice.  The Settlement Administrator will trace all returned undeliverable Class Notices and re-mail them to the most recent address available.  The Settlement Administrator will promptly notify Class Counsel and counsel for AT&T of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

9.     Approximately thirty (30) days before the Claim Form deadline, the Settlement Administrator will mail a reminder postcard to all Class Members who have not submitted Claim Forms or opted out.  Approximately twenty (20) and ten (10) days before the Claim Form deadline, the Settlement Administrator will contact all Class Members who have not submitted Claim Forms or opted out.

10.     Plaintiffs will file with their motion for final approval a declaration from the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice, and will file prior to the hearing on the motion a supplemental declaration from the Settlement Administrator as applicable.

11.     Before the deadline for cashing Settlement Share checks, the Settlement Administrator will contact all Participating Class Members who have not cashed their Settlement checks to remind them to do so before the deadline.

12.     The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement Agreement.

**VII.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

  **A.    Final Approval Hearing**

   The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for June 30, 2011, at 1:30 p.m.  The date of the hearing may be changed without further notice to the Class.

  **B.    Deadline to Opt Out of the Settlement**

   **1.    Form of Opt-Out Request.**

   Any Class Member may opt out of participating in the Settlement by submitting a signed letter to the Settlement Administrator stating that he or she wishes to be excluded from the Settlement in this *Buccellato* matter.  The letter must include the Class Member's name, address, telephone number, and employee ID number or last four digits of his/her Social Security number.

   **2.    Deadline for Submitting Opt-Out Request.**

   A completed opt-out request will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than sixty (60) days after the Settlement Administrator first mails the Class Notice to Class Members, or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, e-mail, facsimile transmission, professional delivery, or personal delivery.  Only those Class Members who submit their opt-out request within the time and by the manner set forth in this Order will be excluded from the Settlement.  Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order.

  **C.    AT&T's Right to Rescind Agreement**

   In the event that five percent (5%) or more of the state-law Class Members, or a number of state-law Class Members whose share of the Class Settlement represents five percent (5%) or more of the total, submit valid Opt-Out Requests, AT&T will have the right to rescind the Settlement and the Settlement and all actions taken in its furtherance will be null and void.  AT&T must exercise this right within fourteen (14) days after the Settlement Administrator sends to Class Counsel and Counsel for AT&T the Participation Report by notifying Class Counsel of

1    its decision to rescind.

2          If AT&T exercises this option, all of AT&T's obligations under the Settlement will cease

3    to be of any force and effect, and the Settlement and any order entered in connection with it,

4    including this order, will be vacated, rescinded, canceled, and annulled, and the Parties will return

5    to the *status quo* in the action as if the Parties had never entered into the Settlement in the first

6    place.  In addition, in such event, the Settlement and all negotiations, court orders, and

7    proceedings related to the Settlement will be without prejudice to the rights of the Parties, and

8    evidence relating to the Settlement and all negotiations will not be admissible or discoverable in

9    the action or otherwise.

10         D.      **Deadline for Filing Comments on or Objections to Settlement**

11         Any Class Member who wishes to comment on or object to the fairness, reasonableness,

12   or adequacy of the Settlement must do so in writing.  Class Members who have timely

13   commented on or objected to the Settlement in writing may also appear at the Final Approval

14   Hearing, in person or through counsel, but only if they have given written notice of their intent to

15   appear at the hearing as provided in the Class Notice.  To be considered, any comment on or

16   objection to the final approval of the Settlement must state the basis for the comment or objection

17   and be mailed to the Settlement Administrator, Class Counsel, and counsel for AT&T, at the

18   addresses provided in the Class Notice, via first-class mail, postmarked not later than sixty (60)

19   days after the date that the Notice Materials are first mailed to Class Members by the Settlement

20   Administrator.  Any Class Member who does not timely mail such a written comment or

21   objection will not be permitted to raise such comment or objection or appear at the Final

22   Approval Hearing, except for good cause shown, and any Class Member who fails to object in the

23   manner prescribed by this order will be deemed to have waived, and will be foreclosed from

24   raising, any such comment or objection.

25         E.      **Deadline for Mailing and Cashing Settlement Share Checks**

26         A Class Member who timely and properly submits a Claim Form and does not opt out of

27   the Settlement will be eligible to receive his or her share of the Net Settlement Payment.  The

28   Settlement Administrator will disperse the Settlement Share checks to the Class Members via

1   U.S. mail within twenty (20) days after the Settlement becomes Final, as defined in the

2   Settlement Agreement.  Class Members will have six (6) months from the date of issuance written

3   on the check to cash their Settlement Share checks, after which time the checks will expire.

4   Thirty (30) days after the Settlement Administrator mails the checks, it will contact all Class

5   Members who have not cashed their checks to remind them to do so.

6       **F.**    **Deadline for Submitting Motion Seeking Final Approval**

7       Not later than fourteen (14) days before the Final Approval Hearing, Plaintiffs will file a

8   motion for final approval of the Settlement.

9       **G.**    **Deadline for Motion for Approval of Class Representative Payment**

10       Not later than twenty-one (21) days before the expiration of the 60-day opt-out and

11   objection period, Class Counsel may file a motion for approval of Class Representative Payments.

12       **H.**    **Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award**

13       Not later than twenty-one (21) days before the expiration of the 60-day opt-out and

14   objection period, Class Counsel may file a motion for approval of their Class Counsel Attorneys'

15   Fees and Costs Payment.

16   **VIII.   PLAINTIFFS' AND CLASS MEMBERS' RELEASE**

17       If, at the Final Approval Hearing, this Court grants final approval to the Settlement,

18   Plaintiffs and every Class Member who properly submitted a Claim Form will, pursuant to the

19   Settlement, be adjudicated to have granted the release of claims as set forth in the Settlement.  In

20   addition, all Class Members in the California, Colorado, New York, New Jersey and North

21   Carolina subclasses who do not opt out of the Settlement will, pursuant to the Settlement, be

22   adjudicated to have granted the release of their state-law claims as set forth in the Settlement,

23   regardless of whether they submit a Claim Form or receive any share of the Net Settlement

24   Payment.

25   **IX.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

26       Settlement Services, Inc., is hereby appointed Settlement Administrator to carry out the

27   duties set forth in this Preliminary Approval Order and the Settlement.

28

1   **IT IS SO ORDERED.**

2

3   Dated:  February 17, 2011

_Lucy H. Koh_
The Honorable Lucy H. Koh
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION FOR PRELIMINARY        - 11 -
APPROVAL OF CLASS ACTION SETTLEMENT