# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENTS WITH DEFENDANTS INTUIT INC., LUCASFILM, LTD., AND PIXAR, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING** |

This matter is before the Court on Plaintiffs' motion for conditional class certification and preliminary approval of the proposed class action settlements (the "Settlements") between individual and representative Plaintiffs Michael Devine, Mark Fichtner, Siddharth Hariharan, Brandon Marshall and Daniel Stover ("Plaintiffs") and Intuit Inc., Lucasfilm, Ltd., and Pixar (collectively the "Settling Defendants"), as set forth in the Settlement Agreements attached hereto as Exhibits A and B.  Having considered the Motion, the Settling Parties' Settlement Agreements, the proposed form of notice to the Class, the pleadings and other papers filed in these Actions,

and the statements of counsel and the parties, and for good cause shown, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreements, copies of which are attached hereto as Exhibits A and B.[1]

2.      The Court has jurisdiction over this Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, Intuit, Pixar, Lucasfilm, the Released Parties, and any party to any agreement that is part of or related to the Settlement Agreements.

3.      To grant preliminary approval of these proposed Settlements, the Court need only find that they fall within "the range of reasonableness."  Alba Conte et al, *Newberg on Class Actions* § 11.25, at 11-91 (4th ed. 2002).  The *Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632.  A proposed Settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  While consideration of the requirements for final approval is unnecessary at this stage, all of the relevant factors weigh in favor of the Settlement proposed here.  First, the settlements are entitled to "an initial presumption of fairness" because they are the result of arm's-length negotiations among experienced counsel. *Newberg* § 11.41.  Second, the consideration agreed to—a total of $20 million ($9 million for Pixar and Lucasfilm and $11 million for Intuit)—is substantial, particularly in light of the fact that the Settling Defendants collectively account for less than 8% of Class members, and together account for approximately 5% of total Class compensation.  Third, the Non-Settling Defendants remain jointly and severally liable for all damages caused by the conspiracy, including damages from the Settling Defendants' conduct. *See In re Corrugated*

---

[1] The Agreements filed with this Order shall not include Exhibit E and Attachment 1 to the Lucas/Pixar Agreement, or Exhibit D and Attachment 1 to the Intuit Agreement, which shall remain under seal.

*Container Antitrust Litig.*, Case No. M.D.L. 310, 1981 WL 2093, at *17 (S.D. Tex. June 4, 1981). Fourth, the Settlements call for the Settling Defendants to cooperate with Plaintiffs in terms of authenticating documents and providing the last known contact information for current or former employee-witnesses for notice or subpoena purposes to the extent consistent with California law. *See In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md. 1983) (a defendant's agreement to cooperate with plaintiffs "is an appropriate factor for a court to consider in approving a settlement"). Fifth, the Court also finds that the Settlement Agreements appear to be the product of arm's length, informed, non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and contested this litigation for over two years. Notice to the Class is appropriate here.

4. The Court finds that the proposed Plan of Allocation, attached to the Settlement Agreements, and described in the Motion, also is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved, subject to further consideration at the hearing to be held as set forth below.

**Certification of Settlement Class**

5. In order to effectuate notice to the class of the proposed Settlements, Plaintiffs seek conditional certification of the following Settlement Class:

> All natural persons who work in the technical, creative, and/or research and development fields that are employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009. Excluded from the Class are: retail employees; corporate officers, members of the boards of directors, and senior executives of all Defendants.

The specific titles included in the Class are further identified in attachments to the Settlement Agreements and will be supplemented by the Claims Administrator if additional Lucasfilm job titles consistent with the Settlement Class definition are identified.

6. For purposes of the Settlement only, Defendants Intuit, Pixar, and Lucasfilm conditionally agreed to take no position regarding certification of this Settlement Class.

7.      The Court hereby conditionally certifies the Settlement Class, subject to final approval of the Settlements, pursuant to the following FINDINGS under Fed. R. Civ. P. 23:

a.      The Court must conditionally certify a proposed settlement class before it can preliminarily approve the class settlement. *Amchem Prods., Inc. v. Windsor,* 521 U.S.591, 619, (1997); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019-1023 (9th Cir. 1999). The class certification requirements are identical with respect to certification for litigation and settlement, except that in the settlement context the court need not make a finding that the class would be manageable under 23(b)(3)(D) because there will be no trial. *Amchem,* 521 U.S. at 620; *Hanlon,* 150 F.3d at 1019-22 (at settlement, court must determine that the requirements of Rule 23(a) are met as well as at least as one of the requirements of Rule 23(b)). Plaintiffs meet the requirements for class certification and accordingly the Class may be conditionally certified.

b.      "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. ConocoPhillips Co.*, 593 F.3d 802, 808 (9th Cir. 2010) (quotation marks and citation omitted). As discussed below, Plaintiffs have satisfied the requirements for class certification under Rule 23(a) and Rule 23(b)(3).

c.      Rule 23(a) requires: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

d.      The Settlement Class – which numbers in the tens of thousands – is so numerous that joinder of all members is impracticable. *See Standiford v. Palm, Inc*., 2011 U.S. Dist. LEXIS 54782, at *20-21 (N.D. Cal. May 20, 2011) ("[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members") (quotation marks and citation omitted).

e. Plaintiffs have shown there are questions of law and fact common to the Class. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (to satisfy commonality, class members' claims must depend upon a common contention that "is capable of class-wide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). Specifically, whether the Defendants entered into the challenged anti-solicitation conspiracy, and its effect on compensation, are common to the Class.

f. The representative parties – each of whom worked as a salaried technical employee for a Defendant – have claims which are typical of the Class. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) ("Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.") (citations and internal quotation marks omitted). Plaintiffs share with the Class members the same alleged injuries arising from the same alleged conduct: alleged suppression of their compensation due to Defendants' agreements.

g. Finally, Plaintiffs and Class Counsel have shown that they will adequately protect the interests of the class. Neither Plaintiffs nor Class Counsel have any conflicts of interest with Class Members, and Plaintiffs have dutifully and vigorously performed their obligations as class representatives to date. *See Hopson v. Hanesbrands Inc*., 2009 U.S. Dist. LEXIS 33900, at *10 (N.D. Cal. Apr. 3, 2009) ( The adequacy standard is met if "(1) the class representative and counsel do not have any conflicts of interest with other class members; and (2) the representative plaintiff and counsel will prosecute the action vigorously on behalf of the class"). Consequently, Plaintiffs have met the requirements of Rule 23(a).

h. Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

- 5 -

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
Master Docket No. 11-CV-2509-LHK

   i. Plaintiffs' evidence to date, including the Expert Reports of Edward E. Leamer, Ph.D. (Dkt. Nos. 190, 249, 418-4, 457), the Expert Report of Kevin F. Hallock, Ph.D. (Dkt. No. 418-3), and other evidence submitted to the Court, shows common questions associated with Defendants' alleged anticompetitive conduct, and that the Class-wide impact of their agreements predominate over any individualized questions.

   j. Rule 23(b)(3) also requires that " the court find[] . . . that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This requirement is broken down into non-exclusive factors that include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). A class action is the superior method for managing litigation where common issues will reduce litigation costs and promote greater efficiency, and where no realistic alternative to class resolution exists. *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234-35 (9th Cir. 1996). This superiority inquiry requires a comparative evaluation of alternative mechanisms of dispute resolution. *Hanlon,* 150 F.3d at 1023. Given the complexity of the case, the first and third factors favor class adjudication. There is little incentive to generate the costly and time-consuming expert evidence needed to assert the claims at issue here in an individual action. The second factor favors class adjudication because the litigation regarding the nationwide Class claims have already been concentrated in this Action. The fourth factor 23(b)(3)(D) is not at issue because if the Settlements are finally approved there will be no trial as to the liability of the Settling Defendants, *Amchem,* 521 U.S. at 620; *Hanlon,* 150 F.3d at 1019-22. In any case, Class adjudication of this matter is clearly more efficient and manageable than the alternative consisting of thousands of individual lawsuits or no rights being vindicated at all due to the high costs of prosecuting these types of claims. Consequently, Plaintiffs have met the requirements of Rule 23.

8.     The Court hereby appoints Michael Devine, Siddharth Hariharan, Mark Fichtner, Brandon Marshall, and Daniel Stover as Class Representatives.  By Order dated April 5, 2013, the Court confirmed as final its appointment of Lieff, Cabraser, Heimann & Bernstein LLP and the Joseph Saveri Law Firm, Inc. as Co-Lead Class Counsel, and appointed Berger & Montague, P.A. and Grant & Eisenhofer, P.A. as Class Counsel.

## Notice to Class Members

9.     The Court approves the Notices of Pendency and Proposed Settlement of Class Action (the "Settlement Notices"), and finds that the dissemination of the Notice substantially in the manner and form set forth in the Settlement Agreements complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.    The notice procedures set forth in the Settlement Agreements are hereby found to be the best practicable means of providing notice of the Settlement Agreements under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreements and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreements, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

## Administration of the Settlement Fund

11.    The Court hereby appoints the claims administrator proposed by the Plaintiffs, Heffler Claims Group (the "Claims Administrator"). Consistent with the Settlement Agreement, the responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class members, including receiving any objections; (b) disseminating the Notice to the Class; (c) developing and launching a website to enable Class members to access relevant documents; (d) receiving and maintaining documents sent from Class members relating to claims administration and requests for exclusion; (e) in connection with Class Counsel, establishing protocols and procedures for processing Claim Forms; (f) handling withholding, reporting, payment, dissemination of forms, and other aspects of Settlement

administration relating to all applicable taxes as set forth in the Settlement Agreements; and (g) distributing Settlement checks to Class members. Pursuant to the Settlement Agreements, the costs of the Settlement Administrator's services and all other reasonable costs of Settlement administration shall be paid out of the Settlement Fund, subject to Court review and approval, with certain notice and administration costs incurred prior to the Effective Date advanced by Pixar and/or Lucasfilm as provided in the Settlement Agreements.

12. All funds held by the Escrow Agent (Citibank, N.A.) after the Effective Date of the Settlements as defined in the Settlement Agreements shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed (or returned to Intuit, Pixar, and Lucasfilm) pursuant to the Settlement Agreement and further order(s) of the Court.

13. The Settlement Fund, to be held at Citibank, N.A., shall be established as a fiduciary account and administered in accordance with the provisions of the Settlement Agreements. The Court approves the establishment of the escrow account under the Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of this QSF.

14. By no later than November 25, 2013, each Defendant in the Action shall cause to be delivered to the Claims Administrator in an electronic database format, from the information in their human resources databases, for the Class period, the full legal name, social security number, all known email addresses, last known physical address, dates of employment in that Defendant's job titles identified in Exhibit C to the Settlement Agreement or, if a job title is not available in the Defendant's human resources databases, dates of employment in any position, and associated base salary by date and, to the extent reflected in the human resources database, relevant job title identified in Exhibit C of each Class Member who was employed by that Defendant.

15. The revised Notice submitted to the Court (ECF No. ___) satisfies the requirements of due process and of the Federal Rules of Civil Procedure and, accordingly, is approved for dissemination to the Class in a substantially similar format.  By no later than December 9, 2013, after receiving from all Defendants the information in paragraph 14, the Claims Administrator shall cause the Settlement Notice to be mailed by first-class mail, postage prepaid, and/or emailed to Class Members and potential Class Members pursuant to the procedures described in the Settlements, and to any potential Class Member who requests one; and, in conjunction with Class Counsel, shall cause a case-specific website to become operational with case information, court documents relating to the Settlement, the Notice, and electronic claim filing capability. By no later than January 28, 2014, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

16. All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreement, with certain notice and administration costs incurred prior to the Effective Date advanced by Pixar and/or Lucasfilm as provided in the Settlement Agreement.

17. The revised Claim Form submitted to the Court (ECF No. ___) satisfies the requirements of due process and of the Federal Rules of Civil Procedure and, accordingly, is approved for dissemination to the Class in a substantially similar format.

**Responses by Class Members and the Scheduling of a Final Approval Hearing**

18. Class Members will have until January 28, 2014 to opt-out (the "Opt-Out Deadline") of the proposed Settlement.

19. Any Class Member who wishes to be excluded (opt out) from the Settlement Class must send a written Request for Exclusion to Class Counsel on or before the close of the Opt-Out Deadline. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion. Class Members who exclude themselves from both Settlements will not be eligible to receive any benefits under either Settlement, will not be bound by any further orders or

judgments entered for or against the Settlement Class, and will preserve their ability independently to pursue any claims they may have against Intuit, Pixar, and Lucasfilm. Class Members who exclude themselves from only one Settlement shall be eligible to file a Claim Form solely as to the other Settlement, but will not be eligible to receive any benefits under the Settlement from which they excluded themselves, will not be bound by any further orders or judgments entered for or against the Settlement Class as to the Settlement from which they excluded themselves, and will preserve their ability independently to pursue any claims they may have against the Settling Defendant(s) whose Settlement was the subject of their exclusion request.

20.   Class Counsel shall file their motion for payment of attorneys' fees, costs, and for Plaintiff Service Awards, no later than January 14, 2014.

21.   All Class Members who did not properly and timely request exclusion from the Settlement Class shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, including the Release provisions, whether or not such Class Member objected to the Settlement and whether or not such Class Member applied for or received consideration under the Settlement Agreement.

22.   A final hearing on the Settlement Agreement ("Final Approval Hearing") shall be held before the Court at 1:30p.m. on February 27, 2014, in Courtroom 8, 4th Floor, of the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  Such hearing shall be at least 90 days from the completion of notice pursuant to the Class Action Fairness Act.

23.   At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the partial Settlement Agreements and whether the Settlement Agreements should be granted final approval by the Court; (b) approval of the proposed Plan of Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement Release. Class Counsel's application for payment of costs, and request for the Court to approve service awards to the named Plaintiffs, shall also be heard at the time of the hearing.

24. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement objections, claims, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

25. Any Class Member who did not elect to be excluded from the Class may, but need not, enter an appearance through his or her own attorney. For Settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

26. Any Class Member who did not elect to be excluded from the Class may, but need not, submit comments or objections to (a) the Settlement Agreement, (b) entry of a Final Approval Order and Judgment approving the Settlement Agreement, (c) Class Counsel's application for payment of costs and anticipated application for fees, and/or (d) service award requests, by mailing a written comment or objection to the addresses provided by the Claims Administrator in the Notice.

27. Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Class Member was an employee and member of the Settlement Class. An objection must state why the Objector objects to the Settlement Agreement and provide a basis in support, together with any documents such person wishes to be considered in support of the objection. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

28. Objections, along with any statements of intent to appear, must be postmarked no later than January 28, 2014, and mailed to the addresses provided by the Claims Administrator in the Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

29. Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreements; (b) entry of a Final Approval Order and Judgment; (c) Class Counsel's application for payment of costs and anticipated request for fees; and (d) service award requests for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

30. Class Members need not appear at the hearing or take any other action to indicate their approval.

31. Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely requested to be excluded from the Class will be enjoined from proceeding against Intuit, Pixar, and Lucasfilm and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreements.

32. The schedule by which the events referenced above shall occur is as follows:

| **Event** | **Date** |
|---|---|
| Notice of Class Action Settlements to Be Mailed and Posted on Internet | December 9, 2013 |
| Class Counsel Motion for Costs, and Motion for Plaintiffs' Service Awards | January 14, 2014 |
| Opt-Out and Objection Deadline | January 28, 2014 |
| Postmark/Filing Deadline for Filing Claims | March 19, 2014 |

| | |
|---|---|
| Claims Administrator Affidavit of Compliance with Notice Requirements | January 28, 2014 |
| Motions for Final Approval | February 6, 2014 |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Service Awards to Be Filed by Class Counsel | February 13, 2014 |
| Final Approval Hearing | February 27, 2014 |

33. All further proceedings as to Intuit, Pixar, and Lucasfilm are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreements, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Class Representatives.

34. In the event the Settlement Agreements and the proposed Settlements are terminated pursuant to the applicable provisions of the Settlement Agreement, the Settlement Agreements and all related proceedings shall, except as expressly provided in the Settlement Agreements, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against Intuit, Pixar, and Lucasfilm and any other Released Party, and Intuit, Pixar, and Lucasfilm and any other Released Parties shall retain any and all of their current defenses and arguments thereto so that the Settling Parties may take such litigation steps (including without limitation opposing class certification, serving expert reports, deposing experts, and filing motions) that the Settling Parties otherwise would have been able to take absent the pendency of this Settlement. These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to July 12, 2013 and shall proceed as if the Settlement Agreements had not been executed.

35. Neither this Order nor the Settlement Agreements, nor any other Settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Intuit, Pixar, and/or Lucasfilm as to (a) the validity of any claim that has been or could have been asserted against either or as to any liability by

either as to any matter encompassed by the Settlement Agreements or (b) the propriety of certifying any litigation class against Intuit, Pixar, and/or Lucasfilm.

Dated: _____, 2013

                                    LUCY H. KOH
                                    United States District Judge