# EXHIBIT A

| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP |
|   | DONN P. PICKETT (SBN 72257) |
| 2 | FRANK M. HINMAN (SBN 157402) |
|   | KRYSTAL N. BOWEN (SBN 163972) |
| 3 | SUJAL J. SHAH (SBN 215230) |
|   | SUSAN J. WELCH (SBN 262320) |
| 4 | FRANK BUSCH (SBN 258288) |
|   | Three Embarcadero Center |
| 5 | San Francisco, CA 94111-4067 |
|   | Telephone: 415.393.2000 |
| 6 | Facsimile: 415.393.2286 |
|   | donn.pickett@bingham.com |
| 7 | frank.hinman@bingham.com |
|   | krystal.bowen@bingham.com |
| 8 | sujal.shah@bingham.com |
|   | susan.welch@bingham.com |
| 9 | frank.busch@bingham.com |
| 10 | Attorneys for Defendant |
|    | Intel Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | | Master Docket No. 11-CV-2509-LHK |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | **DECLARATION OF KRYSTAL N. BOWEN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' SUPPLEMENTAL MOTION IN SUPPORT OF CLASS CERTIFICATION AND RELATED DOCUMENTS** |
| | | Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Krystal N. Bowen, declare:

1. I am an attorney duly licensed to practice law in the State of California, and a partner at the firm of Bingham McCutchen LLP, attorneys for Defendant Intel Corporation ("Intel"). I have personal knowledge of the facts set forth herein, except those matters stated on information and belief. On behalf of Intel, I make this declaration pursuant to Civil Local Rule 79-5(d) and 7-11(a) to demonstrate that good cause exists for the documents described below to be filed under seal. I make this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Supplemental Motion in Support of Class Certification and Related Documents (Dkt. 424), filed by Adobe Systems Inc. on May 17, 2013. If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information That Should Be Sealed*

2. I have reviewed (1) Plaintiffs' Administrative Motion to File Under Seal Plaintiff's Supplemental Motion for Class Certification and Related Documents (Dkt. 417); (2) Plaintiffs' Supplemental Motion and Brief in Support of Class Certification (Dkt. 418, "Supplemental Motion"); (3) Declaration of Dean M. Harvey in Support of Plaintiffs' Notice of Supplemental Motion and Supplemental Motion for Class Certification (Dkt. 418-1, "Harvey Decl."); (4) Declaration of Lisa J. Cisneros in Support of Plaintiffs' Notice of Supplemental Motion and Supplemental Motion for Class Certification (Dkt. 418-2, "Cisneros Decl."); (5) Expert Report of Kevin F. Hallock (Dkt. 418-3, "Hallock Report"); and (6) Supplemental Expert Report of Edward E. Leamer, Ph.D (Dkt. 418-4, "Supplemental Leamer Report"), filed on May 10, 2013. As described below, they quote from and reference Intel's documents and data that are designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order in this Action (Dkt. 107).

3. The types of information reflected in the documents at issue here are similar to the types described in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File under Seal Plaintiffs' Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, filed on October 9, 2012 (Dkt. 203)

("Evangelista Declaration").

### The Reasons For Sealing The Redacted Information And Underlying Documents

4. According to the Evangelista Declaration, because the types of information contained in redacted portions of the above-referenced filings are similar to the types of information described therein, the following reasons support the motion to seal.

5. The Intel documents and data quoted or described in the above-referenced filings contain information regarding confidential business practices that gives Intel a competitive advantage in recruiting, retaining and compensating its employees.

6. Intel derives independent economic value from the strategic information and data contained in these types of documents not being generally known to the public or to other persons, including Intel's many labor market competitors, who can obtain economic value from its disclosure or use.

7. It is Intel's practice to treat these types of documents and data as confidential, and not to disclose them outside the company. I am informed and believe that Intel has taken reasonable steps to ensure that these documents remain confidential, including designating them AEO pursuant to the Protective Order filed in this Action.

8. Specifically, Intel seeks to seal the following Intel confidential, commercially sensitive information in the above-referenced filings:

- **Supplemental Motion, page 18-19, paragraph 4** reflects Intel's compensation policies and strategies. In particular, the text describes Intel's strategies to effectively compensate its employees.

- **Hallock Report, paragraphs 70-84, 137-158, 187, and Figure 16** reflect Intel's compensation policies and strategies. In particular, the text describes Intel's compensation structure, and Intel's strategies to effectively compensate its employees.

- **Supplemental Leamer Report, Figure 19** reflects Intel's compensation policies. In particular, the figure describes specific salary averages over a period of time.

- **Supplemental Leamer Report, Exhibit 2, pages 10-18** reflects Intel's compensation

practices. In particular, the exhibit identifies specific Intel job categories and appears to provide information from which one can derive the compensation ranges for those categories.

- **Harvey Decl., Exhibits 9 and 10** reflect Intel's compensation practices. In particular, this exhibit describes the methods by which compensation is set within Intel.

- **Cisneros Decl., Exhibit Y, Deposition Testimony of Deborah Conrad; Exhibit Z, Deposition Testimony of Randall Goodwin; Exhibit AA, Deposition Testimony of Renee James; Exhibit BB, Deposition Testimony of Daniel McKell; Exhibit CC, Deposition Testimony of Patricia Murray; and Exhibit DD, Deposition Testimony of Paul Otellini** reflects testimony given by Intel employees and executives describing Intel's compensation practices, policies and strategies. This highly sensitive information is described within the testimony in a sufficiently detailed manner that would disclose to Intel's competitors how Intel compensates or recruits its employees. Intel seeks only to seal information in the referenced exhibits relating to its own compensation policies and practices, but I am informed and believe that another defendant will seek to seal testimony from the Deposition of Paul Otellini concerning that defendant's compensation policies and practices.

- **Cisneros Decl., Exhibit 391, 392 and 393** reflect Intel's compensation practices. In particular, this exhibit describes the methods by which compensation is set within Intel.

- **Cisneros Decl., Exhibit 397** reflects Intel's job categorization strategies and compensation. In particular, this exhibit describes the methods by which categories are established and compensation is set.

- **Cisneros Decl., Exhibit 398** reflects Intel's recruiting and/or compensation policies. In particular, the exhibit describes Intel's processes for developing an offer and setting compensation.

- **Cisneros Decl., Exhibit 399** reflects Intel's compensation policies. In particular, the

DECLARATION OF KRYSTAL N. BOWEN

exhibit describes Intel's policies and practices for its compensation planning and design processes.

- **Cisneros Decl., Exhibit 400** reflects Intel's compensation policies. In particular, the exhibit describes Intel's policies for setting compensation and benefits.
- **Cisneros Decl., Exhibit 478** reflects personal compensation decisions and information with respect to a specific Intel executive.
- **Cisneros Decl., Exhibit 781** reflects Intel's compensation policies and practices. In particular, the exhibit describes Intel's policies and practices for setting compensation and benefits.
- **Cisneros Decl., Exhibit 2030** reflects Intel's compensation policies and practices. In particular, this exhibit contains several confidential documents that describe how compensation is set within Intel.
- **Cisneros Decl., Exhibit 2033** reflects Intel's compensation practices. In particular, this exhibit describes Intel's internal processes for setting compensation.
- **Cisneros Decl., Exhibit 2035** reflects Intel's compensation policies and practices. In particular, this exhibit describes internal Intel considerations regarding the methods by which compensation and benefits are set.

### *The Particularized Harm Disclosure Would Cause*

9. According to the Evangelista Declaration, because the types of information redacted from the above-referenced documents are similar to the types of information described therein, Intel would suffer the following particularized harm if the redacted information is disclosed to the public. The public disclosure of the Intel confidential information contained in Intel's documents and data described above would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and compensate its employees. Public disclosure of Intel's detailed internal analysis of its recruiting, compensation, and related strategies, policies and practices would also deprive Intel of its investment in developing those strategies and give the scores of other companies with which Intel competes an unearned advantage by giving them the benefit of Intel's investments. Public disclosure of Intel's detailed

1 compensation data would also give those other companies an unearned advantage by giving them
2 the benefit of Intel's compensation strategies, compensation levels, and other related
3 information.

4     10.    Because these documents cannot be disclosed to the public without causing this
5 harm, their contents should be protected by redacting them and each reference to their contents
6 from public filings.

7     I declare under penalty of perjury that the foregoing is true and correct. Executed
8 in San Francisco, California on May 17, 2013.

                                                 /s/ Krystal N. Bowen
                                                     Krystal N. Bowen