Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone:  415. 500.6800
Facsimile:  415. 500.6803

*Interim Co-Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         December 18, 2013<br>Time:        2:00 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:       The Honorable Lucy H. Koh |

The parties submit this joint statement for the December 18, 2013 Case Management Conference.

## I.     Notice to the Class

As Plaintiffs explained in their December 11, 2013 letter to the Court, Class Counsel and counsel for the settling Defendants have reached agreement on a proposed revised form of notice to advise class members of both the partial settlements with the three settling Defendants and the continuing litigation on behalf of a certified class against the four non-settling Defendants. Plaintiffs provided this proposed draft notice to the Non-Settling Defendants on December 5, 2013, for their review and input and anticipate receiving their comments shortly.

Because notice will be delayed while the parties discuss the form and content of the revised notice, and then the Court considers whether to approve that notice, Plaintiffs respectfully seek a brief continuance of the December 16, 2013 deadline for mailed notice, and ask for it to be re-set for a date ten (10) days after the Court's approval of a revised notice.

### Plaintiffs' Statement

Non-settling Defendants claim that the revised notice should be simplified and changed. However, the proposed revised notice presents few and necessary changes adding additional information to the notice the Court previously reviewed and approved. Plaintiffs do not believe it is necessary to revisit notice language the Court already commented on and approved, where the Court's approved language still pertains. Most of the changes Plaintiffs have proposed in the revised notice involve re-organizing the Court's previously-approved language in order to sequence the approved text regarding the partial settlements to follow more logically after the new text regarding litigation class certification. For the Court's reference, Plaintiffs have attached hereto a copy of the revised notice, along with a redline showing the proposed changes from the notice the Court approved on October 30, 2013. Additionally, Plaintiffs oppose an opt-out form as proposed by Non-Settling Defendants below. The Court previously addressed this

concept during the hearing on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval on October 21, 2013, where Plaintiffs argued that such form would only serve to confuse Class members. *See* Dkt. No. 539 (Transcript of October 21, 2013 Preliminary Approval Hearing) at 52:16-56:11. Finally, Plaintiffs do not understand Non-Settling Defendants' concern about the notice opt-out period being completed by the summary judgment date, as the current schedule contemplates that the opt out period will run on March 19, 2014, before the March 27, 2014 hearing on summary judgment.

### Non-Settling Defendants' Statement

The Non-Settling Defendants are reviewing the current draft and expect to have comments on the form and content of the notice and of the related opt-out form. Although their review is ongoing and they have not yet been able to coordinate all of the comments from these four parties, they are working on doing so. By way of example, the revised notice as proposed by Plaintiffs is quite complicated, largely due to the number of distinct topics it needs to cover. It would seem possible that with some reorganization the notice can be made more clear and perhaps can be simplified. The Non-Settling Defendants are working on revising the draft to accomplish these goals and will meet and confer with Plaintiffs' counsel to discuss their suggestions. The Non-Settling Defendants, who did not have the opportunity to comment upon the notice proposed by the Plaintiffs and the Settling Defendants, also believe that there should be a simple opt-out form that accompanies the notice and that this opt-out form also should be available on on-line. The cited pages from the transcript of the October 21, 2013 hearing show that the issue of whether a separate opt-out form is appropriate was never squarely presented to, much less decided by, the Court. The separate opt-out form procedure is consistent with the recommendations of the Federal Judicial Center's Manual on Complex Litigation. See Manual Complex Litig., 4th ed. § 21.311; *see also* 2 Newberg on Class Actions, § 8:12 ("the Manual also suggests including a clearly written opt-out form (easily distinguished from any proof of claim forms if the notice also covers a class action settlement)"). There is no risk of confusion posed by an opt-out form specific to the Non-Settling Defendants because the class members' options are

binary: either remain in the class or opt-out.

In addition, the Non-Settling Defendants note that the notice and opt-out process must be completed before the Court rules on any merits-based motions, including motions for summary judgment. Under Rule 23, "notice must be sent before a judgment has been granted." *Schwarzschild v. Tse,* 69 F.3d 293, 295 (9th Cir. 1995); *see also Postow v. OBA Fed. Sav. & Loan Ass'n,* 627 F.2d 1370, 1381-82 (D.C. Cir. 1980); *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 759-60 (3d Cir. 1974). This rule is necessary to prevent "one-way intervention," where a potential class member could wait and see how the court resolved the merits of the case before deciding whether to be bound by the court's judgment. "Such intervention is termed 'one way' because the plaintiff would not otherwise be bound by an adjudication in favor of the defendant." *Schwarzschild,* 69 F.3d at 295 (citing *Katz,* 496 F.2d at 759)). The Ninth Circuit has made clear that a notice and opt-out process that permits one-way intervention is forbidden. *See id.* at 295-96.

## II.     **Expert Discovery**

The parties have stayed on schedule with respect to their merits expert reports and related expert discovery. Plaintiffs served their initial merits expert reports on October 28, 2013; Defendants Adobe, Apple, Google, and Intel served their merits expert reports on November 25, 2013; and Plaintiffs' expert rebuttal reports will be served on December 11, 2013. Plaintiffs and Defendants have deposed each other's merits experts based on the reports served to date. The expert discovery cutoff is December 23, 2013.

### **Plaintiffs' Statement**

Defendants' expert Dr. David Lewin was deposed on December 11, 2013. During his deposition, Dr. Lewin refused to answer two questions: (1) whether he has an equity interest in his consulting firm; and (2) whether his compensation is based in any way on income his consulting firm receives from the matters he works on.[1] This information is discoverable

---

[1] Defense counsel permitted Dr. Lewin to answer these questions, but he refused to answer them.

pursuant to Federal Rule of Civil Procedure 26(b)(4)(C).  Plaintiffs respectfully request that the Court order Dr. Lewin to answer these questions, either by re-appearing for a deposition or in writing.

**Non-Settling Defendants' Statement**

As Plaintiffs correctly note, Adobe did not instruct Dr. Lewin not to answer any of these questions.  Dr. Lewin refused to answer at the instruction of the General Counsel of his employer, the Berkeley Research Group, whose position is that the expert report provides the information required by Rule 26(a)(2)(B)(vi) ("a statement of the compensation to be paid for the study and testimony in the case") and that the information requested at the deposition is beyond what Rule 26 requires.  Adobe offered on the record to facilitate discussions with the Berkeley Research Group's General Counsel to provide the information that plaintiffs have sought, and remains willing to do so.

## III. Mediation

The parties held a mediation session with David A. Rotman on November 19, 2013.

On February 17, 2014, the parties will meet for a mediation facilitated by the Honorable Layn Phillips (Ret.).

| | | |
|---|---|---|
| 1 | Dated: December 11, 2013 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 2 | | |
| 3 | | By:    */s/ Kelly M. Dermody* <br>        Kelly M. Dermody |
| 4 | | Richard M. Heimann (State Bar No. 63607) |
| 5 | | Kelly M. Dermody (State Bar No. 171716) <br> Eric B. Fastiff (State Bar No. 182260) |
| 6 | | Brendan Glackin (State Bar No. 199643) <br> Dean Harvey (State Bar No. 250298) |
| 7 | | Anne B. Shaver (State Bar No. 255928) <br> Lisa J. Cisneros (State Bar No. 251473) |
| 8 | | 275 Battery Street, 29th Floor <br> San Francisco, California 94111-3339 |
| 9 | | Telephone: 415.956.1000 <br> Facsimile: 415.956.1008 |
| 10 | | *Interim Co-Lead Counsel for Plaintiff Class* |
| 11 | Dated: December 11, 2013 | JOSEPH SAVERI LAW FIRM |
| 12 | | |
| 13 | | By:    */s/ Joseph R. Saveri* <br>        Joseph R. Saveri |
| 14 | | Joseph R. Saveri (State Bar No. 130064) |
| 15 | | Lisa J. Leebove (State Bar No. 186705) <br> James G. Dallal (State Bar No. 277826) |
| 16 | | JOSEPH SAVERI LAW FIRM <br> 255 California, Suite 450 |
| 17 | | San Francisco, CA 94111 <br> Telephone: 415. 500.6800 |
| 18 | | Facsimile: 415. 500.6803 |
| 19 | | *Interim Co-Lead Counsel for Plaintiff Class* |

- 5 -  JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

1144360.6
22321133.2

| | | |
|---|---|---|
| 1 | Dated:  December 11, 2013 | O'MELVENY & MYERS LLP |
| 2 | | |
| 3 | | By:   */s/ Michael F. Tubach*<br>        Michael F. Tubach |
| 4 | | George Riley |
| 5 | | Michael F. Tubach<br>Lisa Chen |
| 6 | | Christina J. Brown<br>O'MELVENY & MYERS LLP |
| 7 | | Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111 |
| 8 | | griley@omm.com<br>mtubach@omm.com |
| 9 | | lisachen@omm.com<br>cjbrown@omm.com |
| 10 | | Tel.: (415) 984-8700<br>Fax: (415) 984-8701 |
| 11 | | *Attorneys for Defendant APPLE INC.* |
| 12 | Dated:  December 11, 2013 | MUNGER, TOLLES & OLSON LLP |
| 13 | | |
| 14 | | By:   */s/ Gregory P. Stone*<br>        Gregory P. Stone |
| 15 | | Gregory P. Stone |
| 16 | | Bradley S. Phillips<br>Gregory M. Sergi |
| 17 | | John P. Mittelbach<br>MUNGER, TOLLES & OLSON LLP |
| 18 | | 355 South Grand Avenue, 35th Floor<br>gregory.stone@mto.com |
| 19 | | brad.phillips@mto.com<br>gregory.sergi@mto.com |
| 20 | | john.mittelbach@mto.com<br>Los Angeles, California 90071-1560 |
| 21 | | Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702 |
| 22 | | *Attorneys for Defendant INTEL CORP.* |

- 6 -   JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

1144360.6
22321133.2

| | | |
|---|---|---|
| Dated: December 11, 2013 | JONES DAY | |

By:     */s/ David C. Kiernan*
           David C. Kiernan

Robert A. Mittelstaedt
Craig A. Waldman
David Kiernan
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
ramittelstaedt@jonesday.com
cwaldman@jonesday.com
dkiernan@jonesday.com
Tel.: (415) 626-3939
Fax: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: December 11, 2013     KEKER & VAN NEST

By:     */s/ Robert Addy Van Nest*
           Robert Addy Van Nest

Robert Addy Van Nest
Eugene M. Paige
Daniel Purcell
Justina Sessions
KEKER & VAN NEST
633 Battery Street
San Francisco, CA 94111-1809
rvannest@kvn.com
epaige@kvn.com
dpurcell@kvn.com
jsessions@kvn.com
Tel.: (415) 391-5400
Fax: (415) 397-7188

| | |
|---|---|
| 1 | Lee H. Rubin |
| 2 | Edward D. Johnson<br>MAYER BROWN LLP |
| 3 | Two Palo Alto Square<br>3000 El Camino Real, Suite 300 |
| 4 | Palo Alto, CA 94306-2112<br>lrubin@mayerbrown.com |
| 5 | wjohnson@mayerbrown.com<br>Tel.: (650) 331-2000 |
| | Fax: (650) 331-2060 |

Kristen A. Rowse
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-2112
krowse@mayerbrown.com
Tel.: (213) 229 5137
Fax: (213) 576 8139

*Attorneys for Defendant GOOGLE INC.*

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.