UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>**ALL ACTIONS** | Case No.: 11-CV-02509-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO ENFORCE LOCAL RULE 7-3(d)(1) AND STRIKE DEFENANTS' IMPROPER SURREPLY |

In connection with the supplemental motion for class certification, Defendants filed certain objections to evidence in Plaintiffs' reply brief. *See* ECF No. 469. Plaintiffs filed an administrative motion to strike Defendants' objections as an improper surreply. *See* ECF No. 479. This Court's order addressing the merits of the supplemental motion for class certification addressed the contentions raised by Defendants in their objections, but did not explicitly address Plaintiff's administrative motion. ECF No. 532 at 9 n. 4. The Court's order dealt with the Defendants' objections as follows:

> The Court GRANTS IN PART and DENIES IN PART Defendants' Objections to Evidence in Pls.' Reply Supp. Suppl. Class Cert., ECF No. 469. The Court

1

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO ENFORCE LOCAL RULE 7-3(d)(1) AND STRIKE DEFENANTS' IMPROPER SURREPLY

> GRANTS Defendants' Motion to Strike Ms. Sandberg's declaration as improper. *Id.* (citing *Contratto v. Ethicon*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking witness declaration because it was an "attempt to introduce new evidence in connection with their reply papers.")). The Court DENIES Defendants' request to supplement the record as to the deposition testimony of Dr. Murphy. All of the excerpts to which Defendants cite were properly submitted to the Court by Plaintiffs. Defendants' request constitutes impermissible "further argument on the motion." Civ. L. R. 7-3(d)(1). The Court GRANTS Defendants' request to supplement the record as to the deposition testimony of Dr. Shaw as the excerpts to which Defendants cite were not submitted by Plaintiffs, and thus may be provided to complete the record. The Court DENIES Defendants' request to strike Dr. Leamer's analyses regarding salary ranges because it is proper rebuttal analysis. The Court GRANTS Defendants' request to strike Dr. Leamer's "superadditive" theory in his rebuttal report.

*See id.* In so holding, the Court implicitly GRANTED in part and DENIED in part Plaintiffs' Administrative Motion to Strike. Specifically, the Court GRANTED Plaintiffs' motion to strike as it related to Defendants' request, in their objections, to supplement the record of Dr. Murphy's deposition testimony on the basis that Defendants' request constituted improper further argument. The remainder of Plaintiffs' motion was implicitly DENIED as the Court found Defendants' remaining contentions to be proper objections, which the Court addressed on the merits.

For these reasons, Plaintiffs' administrative motion to enforce Local Rule 7-3(d)(1) and to strike Defendants' objections to evidence in Plaintiffs' reply brief is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: December 18, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO ENFORCE LOCAL RULE 7-3(d)(1) AND STRIKE DEFENDANTS' IMPROPER SURREPLY