1   GEORGE A. RILEY (Bar No. 118304)
    griley@omm.com
2   MICHAEL F. TUBACH (Bar No. 145955)
    mtubach@omm.com
3   CHRISTINA J. BROWN (Bar No. 242130)
    cjbrown@omm.com
4   VICTORIA L. WEATHERFORD (Bar No. 267499)
    vweatherford@omm.com
5   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
6   San Francisco, CA  94111-3823
    Telephone:     (415) 984-8700
7   Facsimile:     (415) 984-8701

8   Attorneys for Defendant Apple Inc.

9   [Additional counsel listed on signature page]

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14  IN RE HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509 LHK
    ANTITRUST LITIGATION
15                                        **DEFENDANTS' JOINT NOTICE OF
    THIS DOCUMENT RELATES TO:             MOTION AND MOTION TO STRIKE
16                                        THE IMPROPER REBUTTAL
    ALL ACTIONS                           TESTIMONY IN DR. LEAMER'S
17                                        REPLY EXPERT REPORT OR, IN
                                          THE ALTERNATIVE, FOR LEAVE TO
18                                        SUBMIT A REPLY REPORT OF
                                          DR. STIROH; MEMORANDUM OF
19                                        POINTS AND AUTHORITIES IN
                                          SUPPORT THEREOF**
20
                                          Date:        March 20, 2014 and
21                                                      March 27, 2014
                                          Time:        1:30 p.m.
22                                        Courtroom:   8, 4th Floor
                                          Judge:       The Honorable Lucy H. Koh
23

24

25

26

27

28

1   **NOTICE OF MOTION AND MOTION TO STRIKE THE IMPROPER REBUTTAL
    TESTIMONY IN DR. LEAMER'S REPLY EXPERT REPORT OR, IN THE**
2   **ALTERNATIVE, FOR LEAVE TO SUBMIT A REPLY REPORT OF DR. STIROH**

3       **PLEASE TAKE NOTICE** that on March 20, 2014 at 1:30 p.m. and/or March 27, 2014 at

4   1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 8, 4th Floor, of the

5   United States District Court for the Northern District of California, located at 280 South 1st

6   Street, San Jose, California, before the Honorable Lucy H. Koh, Defendants Adobe Systems, Inc.,

7   Apple Inc., Google Inc., and Intel Corp. ("Defendants") shall and do hereby move this Court for

8   an order striking portions of Dr. Leamer's expert reply report as improper rebuttal or, in the

9   alternative, for leave to submit a reply report from their expert, Dr. Stiroh, pursuant to Federal

10  Rules of Civil Procedure 26 and 37.  This motion is based on this Notice of Motion and Motion,

11  the accompanying Memorandum of Points and Authorities, the accompanying Declaration of

12  Christina Brown and exhibits thereto, any Reply Memorandum, the pleadings and files in this

13  action, such arguments and authorities as may be presented at or before the hearing, and such

14  other matters as the Court may consider.

15  Dated:  January 9, 2014          By:  _____/s/ George A. Riley_____
                                              George A. Riley
16
17                                    GEORGE A. RILEY (Bar No. 118304)
                                      griley@omm.com
18                                    MICHAEL F. TUBACH (Bar No. 145955)
                                      mtubach@omm.com
19                                    CHRISTINA J. BROWN (Bar No. 242130)
                                      cjbrown@omm.com
20                                    VICTORIA L. WEATHERFORD (Bar No. 267499)
                                      vweatherford@omm.com
21                                    O'MELVENY & MYERS LLP
                                      Two Embarcadero Center, 28th Floor
22                                    San Francisco, CA  94111-3823
                                      Telephone:   (415) 984-8700
23                                    Facsimile:    (415) 984-8701

24                                    Attorneys for Defendant Apple Inc.

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 3

III.  LEGAL STANDARD ........................................................................................ 5

IV.  ARGUMENT ...................................................................................................... 6

     A.    The New Opinions and Analyses in Dr. Leamer's Reply Report Are
           Improper Rebuttal Testimony and Should Be Stricken. .......................................... 6

           1.    Dr. Leamer Presents an Entirely New Threshold of Statistical
                   Significance and Discusses Type I and Type II Statistical Errors for
                   the First Time. ..................................................................................................... 6

           2.    Dr. Leamer Presents New Arguments in Support of His "Total New
                   Hires" Variable and Use of Real Compensation. ........................................ 8

     B.    In the Alternative, Defendants Should Be Granted Leave to Submit a
           Reply Report from Dr. Stiroh Addressing the New Points Raised in Dr.
           Leamer's Reply Report. ................................................................................... 9

V.    CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aircraft Gear Corp. v. Kaman Aerospace Corp.*,
No. 93 C 1220, 1995 WL 571431 (N.D. Ill. Sept. 25, 1995).................................... 5

*Baker v. Chevron USA, Inc.*,
680 F. Supp. 2d 865 (S.D. Ohio 2010) ............................................................. 2, 9

*Daly v. Far E. Shipping Co.*,
238 F. Supp. 2d 1231 (W.D. Wash. 2003), *aff'd*, *Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir. 2004) .................................................... 9

*Daly v. Fesco Agencies NA Inc.*,
108 F. App'x 476 (9th Cir. 2004) ..................................................................... 9

*Fox v. Cnty. of Tulare*,
No. 11-CV-520, 2013 WL 5670873 (E.D. Cal. Oct. 16, 2013) .............................. 9

*Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch.*,
No. 02 C 2260, 2005 WL 838679 (N.D. Ill. Apr. 5, 2005)..................................... 7

*Hoffman v. Tonnemacher*,
No. 04-CV-5714, 2006 WL 3457201 (E.D. Cal. Nov. 30, 2006) ........................... 9

*Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*,
No. 603CV1860, 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005) ........................... 2, 9

*In re Ready-Mixed Concrete Antitrust Litig.*,
261 F.R.D. 154 (S.D. Ind. 2009).......................................................................... 2

*Oracle Am., Inc. v. Google Inc.*,
No. C 10-03561, 2011 WL 5572835 (N.D. Cal. Nov. 15, 2011)................... 2, 7, 8, 9

*Torres v. City of L.A.*,
548 F.3d 1197 (9th Cir. 2008)............................................................................ 6

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001)............................................................................ 6

## RULES

Fed. R. Civ. P. 26 ................................................................................................. 5

Fed. R. Civ. P. 26(a)(2)(B).................................................................................... 5

Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii)..................................................................... 2, 6

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

Fed. R. Civ. P. 26(a)(2)(D)(ii) ................................................................................................. 2, 6, 7

Fed. R. Civ. P. 26(e)(1)(B) ................................................................................................. 9

Fed. R. Civ. P. 37(b)(2)(A)(iii) ................................................................................................. 6

Fed. R. Civ. P. 37(c)(1)(C) ................................................................................................. 6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

After submitting a 21-page opening merits report, Plaintiffs' impact and damages expert, Edward E. Leamer, Ph.D., submitted a 78-page "reply" report, nearly four times as long as his opening report.  It contains new arguments, analyses, and exhibits never seen in his five prior expert reports.  This new material relates to issues that have been in this case since the outset and on which Plaintiffs bear the burden of proof.  Dr. Leamer's reply report does not comply with the Federal Rules governing expert reports or with the parties' agreement and this Court's direction that reply reports must be "limited to true rebuttal and should be very brief."  Dr. Leamer's new opinions should be stricken and he should be precluded from testifying to them at trial.

Dr. Leamer's reply report contains several areas that do not constitute true rebuttal.  First, throughout this case, Dr. Leamer has reported and discussed his results using traditional thresholds of statistical significance.  For example, he previously evaluated results at standard statistical significance thresholds of 1%, 5%, and 10%, meaning that the results are deemed statistically significant if they had a one, five, or ten percent probability (or less) of occurring by chance.  In his reply report, however, Dr. Leamer proposes for the first time that his regression model be evaluated under a new *50% threshold* of statistical significance, meaning that the model's results are deemed statistically significant even if they have a 50% probability of occurring by chance (*i.e.*, including where the result is wrong).  To justify this startling new test for statistical significance, he offers for the first time in this case an analysis of "Type I" and "Type II" statistical errors.  Dr. Leamer's attempt to present and justify a new significance threshold in his reply report is improper and deprives Defendants of a fair opportunity to respond.

Second, Dr. Leamer includes new arguments in support of his model's "total new hires" variable.  Dr. Leamer included this control variable, on which his impact and damages results depend, in every version of his regression model since his first report.  By waiting until his reply to address this critical variable, Dr. Leamer seeks to foreclose any response by Defendants.

Third, Dr. Leamer introduces new arguments to justify his use of real compensation rather than nominal compensation, which is a major component of his damages estimation.  All of

1    this new material should have been included in Dr. Leamer's opening report.

2            Plaintiffs cannot salvage this new material by contending that Dr. Leamer's reply report

3    merely responds to Defendants' expert Dr. Stiroh's rebuttal expert report.  The new analysis and

4    arguments in Dr. Leamer's reply are in no way "intended solely to contradict or rebut evidence on

5    the same subject matter identified by" Defendants' experts.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

6    Dr. Stiroh applied the same standards of statistical significance relied on in Dr. Leamer's prior

7    reports, and Dr. Stiroh never mentioned Type I and Type II statistical errors.  Likewise, Dr.

8    Leamer's new justifications for his new hires variable and nominal compensation metric

9    "constitute[] an improper attempt to correct the weaknesses and improprieties of his original

10   reports."  *Baker v. Chevron USA, Inc*., 680 F. Supp. 2d 865, 879 (S.D. Ohio 2010); *see Home*

11   *Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 603CV1860, 2005 WL 2465020, at *5

12   (M.D. Fla. Oct. 6, 2005) (excluding expert testimony as untimely disclosed and not falling into

13   exception for rebuttal testimony where it merely "casts doubt on an opposing expert's report").

14           The Federal Rules are clear that Plaintiffs cannot sandbag Defendants with new

15   information and analysis that should have been included in Dr. Leamer's opening report.  *Oracle*

16   *Am., Inc. v. Google Inc.*, No. C 10-03561, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011)

17   (noting expert disclosure schedule "was designed to forestall 'sandbagging' by a party with the

18   burden of proof who wishes to save its best points for reply, when it will have the last word, a

19   common litigation tactic"); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 159

20   (S.D. Ind. 2009) (noting that the Rules "do[] not give license to sandbag one's opponent with

21   claims and issues which should have been included in the expert witness' report").  Dr. Leamer

22   was bound to include in his opening report every opinion he would offer at trial, as well as all

23   facts and data supporting his opinions and all exhibits summarizing them.  Fed. R. Civ. P.

24   26(a)(2)(B)(i)-(iii).  He did not.  Therefore, his new arguments and analyses should be struck.  *In*

25   *re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. at 160.  Alternatively, the Court should

26   grant Defendants leave to submit a reply expert report from Dr. Stiroh addressing these points.

27

28

DEFS.' MOT. TO STRIKE LEAMER REPLY OR
FOR LEAVE TO SUBMIT STIROH REPLY
NO. 11-CV-2509 LHK

1

## II.    BACKGROUND

2    On May 15, 2013, this Court issued a Case Management Order (Dkt. 421) that, *inter alia*,

3    set the deadlines for the parties to submit their expert reports.  Under that Order, initial merits

4    expert reports were due October 28, 2013, rebuttal expert reports were due November 25, 2013,

5    and reply expert reports were due December 11, 2013.  (*Id.*)  The Order does not provide for

6    expert surreply reports.  The parties agreed that Plaintiffs would submit the initial reports,

7    Defendants the rebuttal reports, and Plaintiffs any reply reports.  (Declaration of Christina Brown

8    ("Brown Decl."), Ex. 1 (Mar. 13, 2013 e-mail).)  The parties further agreed and the Court ordered

9    that reply expert reports would be limited to "true rebuttal and should be very brief" and that they

10   "should not add new material that should have been placed in the opening report."  (*Id.*)  This

11   agreement is consistent with the Court's direction, in the context of class certification, that any

12   expert reply "really needs to be true rebuttal, and not introducing brand new theories that should

13   have been raised in the opening."  (*Id*. Ex. 2 (Apr. 8, 2013 Hr. Tr. at 19:6-9).)  Dr. Leamer

14   previously filed four expert reports at the class certification stage, on October 1, 2012,

15   December 10, 2012, May 10, 2013, and July 12, 2013.  (Brown Decl. ¶ 2.)

16   On October 28, 2013, Plaintiffs submitted Dr. Leamer's 21-page Initial Merits Expert

17   Report.  (*Id*. Ex. 6 (Leamer Initial Report).)  On November 25, 2013, Defendants submitted the

18   Rebuttal Expert Report of Lauren Stiroh, Ph.D. ("Dr. Stiroh"), which addressed the issues of

19   impact and damages.  (*Id*. Ex. 7 (Stiroh Rebuttal Report).)  A little over two weeks later, on

20   December 11, 2013, Plaintiffs submitted Dr. Leamer's Reply Report.  (*Id*. Ex. 8 (Leamer Reply

21   Report).)  It is seventy-eight pages long—nearly four times as long as his Initial Report.  The

22   Report includes twenty (20) figures, eleven (11) tables, eleven (11) exhibits, and complex and

23   extensive analyses and regression results.  Dr. Leamer's Reply Report also contains a number of

24   new arguments, analyses, and exhibits on issues that have been in this case since the outset and on

25   which Plaintiffs bear the burden of proof.

26   First, Dr. Leamer's Reply Report contains an analysis of the statistical significance of his

27   results that is completely new and contradicts his earlier analyses and statements.  (*Id.* ¶¶ 75-90 &

28   Figs. 15-16.)  In each of his prior reports, Dr. Leamer has consistently analyzed statistical

DEFS.' MOT. TO STRIKE LEAMER REPLY OR
FOR LEAVE TO SUBMIT STIROH REPLY
NO. 11-CV-2509 LHK

1    significance at the standard 1%, 5% and 10% thresholds.  Dr. Stiroh similarly addressed statistical

2    significance only at the 1%, 5%, and 10% thresholds in her rebuttal report, and made no

3    suggestion that these thresholds were inappropriate.  But in his Reply Report, Dr. Leamer for the

4    first time introduces a 50% threshold for determining the statistical significance of his models and

5    uses it to conduct entirely new statistical analyses.[1]  (*Id.* ¶¶ 80-90 & Figs. 15-16.)  As explained in

6    Defendants' *Daubert* motion, this 50% threshold is dramatically different from the ones

7    Dr. Leamer previously relied on.

8         Having introduced a new threshold of statistical significance that has no support in his

9    prior work (or in the statistical literature), he attempts in his Reply Report to justify the threshold

10   by identifying "Type I" and "Type II" statistical errors— terms and concepts never previously

11   used in his reports.  (*Id.* ¶ 83.)  A Type I error in this case would be a finding of class-wide

12   impact and damages when there were none.  A Type II error in this case would be a finding of no

13   class-wide impact and damages when in fact there was class-wide impact or damage.  Dr. Leamer

14   then offers an extensive, new analysis of the relationship between these types of errors in an

15   attempt to defend his newly adopted 50% level of statistical significance.  (*Id.* ¶¶ 84-90 & Figs.

16   15-16.)  Although he had consistently reported statistical significance at the standard thresholds

17   and had previously acknowledged that his results were not statistically significant at those

18   thresholds, he did not even offer, and attempt to defend, his new threshold until his Reply Report.

19        This is hardly a new issue for Dr. Leamer.  Its genesis was Dr. Murphy's criticism at class

20   certification that Dr. Leamer failed to "cluster" the standard errors in his regression model, and

21   that when they were clustered the results were not statistically significant.  Dr. Leamer at first

22   dismissed that criticism, but has now conceded it "has validity."  (Brown Decl. Ex. 1 (Leamer

23   Initial Report) at 12.)  Back in April, the Court "encouraged" Dr. Leamer to take steps to address

24   the clustering, and resulting significance, problem.  April 5, 2013 Class Cert. Order (Dkt.

25   No. 382) at 42-43 n.15.  Dr. Leamer subsequently submitted two more class reports and an

26   _____

27   [1] As explained in Defendants' *Daubert* motion to strike Dr. Leamer's testimony filed
     concurrently herewith, Joint Motion to Exclude the Expert Testimony of Edward E. Leamer,
     Ph.D., at 4-11, a significance level of 50% means there is a 50% probability of finding class-wide
28   impact and damages when there were none, which amounts to a statistical coin flip.

DEFS.' MOT. TO STRIKE LEAMER REPLY OR
FOR LEAVE TO SUBMIT STIROH REPLY
NO. 11-CV-2509 LHK

1    opening merits report.  He did nothing about the clustering and significance problem until his

2    most recent Reply Report.

3          Second, Dr. Leamer for the first time offers new arguments and analyses in support of his

4    "total new hires" variable, including the assertion that it should be included in the model because

5    it is the "most statistically significant variable" and omitting it would "wreak havoc" on the other

6    coefficients in his model.  (Brown Decl. Ex. 8 (Leamer Reply Report) ¶¶ 115-120 & Figs. 17-18.)

7    Dr. Leamer has never stated this opinion in any of his prior reports, even though he has used the

8    total new hires variable in his model since his very first report at the class certification stage on

9    October 1, 2012.  Finally, Dr. Leamer's Reply Report introduces for the first time a justification

10   for using real compensation as a metric in his model instead of nominal compensation.  (*Id.*

11   ¶¶ 108-110.)

12         Defendants sent Plaintiffs a letter by e-mail on December 23, 2013, explaining why

13   portions of Dr. Leamer's Reply Report constituted improper rebuttal and seeking Plaintiffs'

14   agreement to allow Dr. Stiroh to respond to Dr. Leamer's arguments at trial and submit a reply

15   report addressing the new issues raised in Dr. Leamer's Reply.  (Brown Decl. ¶ 3.)  The parties

16   met and conferred by telephone on December 26, 2013.  (*Id.* ¶ 4.)  At Plaintiffs' request, on

17   December 28, 2013, Defendants sent Plaintiffs a proposed draft of Dr. Stiroh's reply report

18   responding to Dr. Leamer's reply report.  (*Id.* ¶ 5.)  On January 3, 2014, Plaintiffs informed

19   Defendants that they would not agree to permit Dr. Stiroh to submit a reply report addressing the

20   new issues raised by Dr. Leamer.  (*Id.* ¶ 6.)  Although Defendants deposed Dr. Leamer on

21   December 19, 2013 and questioned him regarding his opinions, Defendants are unable to serve a

22   reply responding to these opinions under the existing Case Management Order.

23   **III.    LEGAL STANDARD**

24         Federal Rule of Civil Procedure 26 sets forth specific requirements for expert disclosures,

25   in order to eliminate "any vestiges of the 'sporting' or 'fox-hunt' theory of litigation."  *Aircraft*

26   *Gear Corp. v. Kaman Aerospace Corp.*, No. 93 C 1220, 1995 WL 571431, at *1 (N.D. Ill.

27   Sept. 25, 1995).  Rule 26(a)(2)(B) provides that an expert witness's opening report must contain

28   "a complete statement of all opinions the witness will express and the basis and reasons for them"

5

1   together with "the facts or data considered by the witness in forming them" and "any exhibits that

2   will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Rebuttal

3   disclosures of expert testimony must be "intended solely to contradict or rebut evidence on the

4   same subject matter identified by another party" in its expert disclosures. Fed. R. Civ. P.

5   26(a)(2)(D)(ii).

6        "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any

7   information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly,*

8   *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This rule *requires* the

9   exclusion of untimely expert witness testimony, unless the "part[y's] failure to disclose the

10  required information is substantially justified or harmless." *Id.* The party facing the sanction

11  carries the burden of demonstrating that the failure to comply with rules concerning expert

12  testimony is substantially justified or harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th

13  Cir. 2008); *see also Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden

14  is on the party facing sanctions to prove harmlessness."). Courts may impose additional sanctions

15  for improper failures of disclosure, including striking the information. Fed. R. Civ. P.

16  37(b)(2)(A)(iii), (c)(1)(C).

17  **IV.    ARGUMENT**

18       **A.    The New Opinions and Analyses in Dr. Leamer's Reply Report Are Improper
              Rebuttal Testimony and Should Be Stricken.**

19

20           **1.    Dr. Leamer Presents an Entirely New Threshold of Statistical
                     Significance and Discusses Type I and Type II Statistical Errors for
                     the First Time.**

21

22       Section V.D. of Dr. Leamer's reply report should be stricken in its entirety as untimely

23  and improperly disclosed. In Section V.D., Dr. Leamer introduces for the first time his 50%

24  threshold for determining statistical significance. This marks a fundamental change in his

25  opinions in this case. In his previous reports, Dr. Leamer reported and analyzed results at the 1%,

26  5% and 10% significance thresholds. (*See, e.g.*, Brown Decl. Ex. 3 (Oct. 2012 Report) Figs. 20 &

27  23; Ex. 4 (Dec. 2012 Report) Figs. 12, 14 & 16-19; Ex. 5 (May 2013 Report) Figs. 4-5 & 8; Ex. 6

28  (Leamer Initial Report) Figs. 2-6.) He relied on the fact that some of his results were, and some

6

1   of Defendants' were not, statistically significant at these thresholds.  Accordingly, in her Rebuttal

2   Report, Dr. Stiroh used these same thresholds to point out, as Dr. Murphy had nearly a year

3   earlier, that Dr. Leamer's results did not meet them.

4        In his Reply Report, Dr. Leamer breaks with his consistent pattern of reporting and

5   relying on standard thresholds of statistical significance to advance his novel 50% threshold.  In

6   an attempt to justify this fundamental change, Dr. Leamer also introduces the concept of Type I

7   and Type II statistical errors and offers new analyses of the relationship of these errors in his

8   model.  In none of his previous reports had Dr. Leamer discussed these concepts, even though he

9   consistently reported statistical significance using standard thresholds.  That remained true even

10  after the Court "encouraged" Dr. Leamer to provide greater support for his results, given the

11  clustering problem.  Plaintiffs cannot sandbag Defendants with these novel opinions for the first

12  time in a reply report, particularly given the intervening three reports in which he chose to remain

13  silent.  *Oracle Am., Inc.*, 2011 WL 5572835, at *3.

14       Plaintiffs cannot avoid the prohibition on submitting new material in a reply report by

15  contending that Dr. Leamer is merely rebutting Dr. Stiroh's analysis.  Under the plain language of

16  Rule 26, Dr. Leamer's Reply Report must be limited to the subjects addressed by Defendants'

17  expert rebuttal reports.  Fed. R. Civ. P. 26(a)(2)(D)(ii) (rebuttal must be "intended solely to

18  contradict or rebut evidence on the same subject matter identified by another party" in its

19  disclosures); *see, e.g.*, *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch.*, No. 02 C 2260,

20  2005 WL 838679, at *11 (N.D. Ill. Apr. 5, 2005) ("Because the [plaintiffs'] CCL Report goes far

21  beyond rebutting the opinions expressed in [defendant's] expert report, the [plaintiffs'] CCL

22  Report is not a rebuttal report.").  And as this Court previously explained, Plaintiffs' rebuttal

23  report "really needs to be true rebuttal, and not introducing brand new theories that should have

24  been raised in the opening."  (Brown Decl. Ex. 2 (Apr. 8, 2013 Hearing Tr. at 19:6-9).)

25       Dr. Leamer never mentioned Type I or Type II errors in his prior reports, notwithstanding

26  his notice of this issue and the Court's encouragement to address it, and he concedes that

27  "Dr. Stiroh never mentions Type II error in her report." (Brown Decl. Ex. 8 (Leamer Reply

28  Report) ¶ 85.)  Yet Dr. Leamer devotes an entire section of his Reply Report to criticizing this

7

1    "shortfall" in Dr. Stiroh's Rebuttal Report and presenting completely new analyses and opinions

2    addressing Type I and Type II errors to justify his 50% significance level. (*Id.* ¶¶ 75-90 & Figs.

3    15-16.)  Similarly, Dr. Leamer attacks Dr. Stiroh's use of a 5% significance level, but

4    Dr. Leamer's own Initial Report and the four reports he submitted in the class certification

5    proceedings all use a significance level of 5% as well.  It would be one thing if Dr. Leamer

6    preferred and used the 10% significance level he has also reported and relied on, but his new

7    50% significance level is a new and dramatic departure, and it is far too late.  In Section V.D,

8    Dr. Leamer is not "rebutting" anything that Dr. Stiroh said about his prior analysis.  Instead,

9    Dr. Leamer is providing entirely new analysis and opinions.  The Federal Rules and this Court's

10   prior guidance prohibit such gamesmanship.

11        If Section V.D. is allowed to stand, Dr. Leamer's new opinions would not be subject to a

12   direct response from any opposing expert as expert discovery has now closed.  "This immunity,

13   combined with the element of surprise, would be unfair."  *Oracle Am., Inc.*, 2011 WL 5572835, at

14   *3.  Section V.D. should accordingly be stricken from Dr. Leamer's Reply Report and Dr.

15   Leamer should be forbidden from testifying at trial to the opinions expressed therein.

16            **2.    Dr. Leamer Presents New Arguments in Support of His "Total New**
                       **Hires" Variable and Use of Real Compensation.**
17

18        Dr. Leamer also includes for the first time in his Reply Report entirely new arguments and

19   justifications for two aspects of his model.  First, Dr. Leamer opines that his total new hires

20   variable is the "most statistically significant variable" and omitting it would "wreak havoc" on the

21   other coefficients in his model.  (Brown Decl. Ex. 8 (Leamer Reply Report) ¶¶ 115-117.)  He also

22   provides new analyses aimed at justifying the variable's inclusion in his model.  (*Id.*  ¶¶ 118-120

23   & Figs. 17-18.)  Dr. Leamer has included this total new hires variable, which drives his damages

24   results, in each version of his regression model since his first report in October 2012.  Yet he has

25   never, in any of those prior reports, offered his opinion that it is the "most statistically significant"

26   variable or that it is necessary to preserve the coefficients on the other variables in the model.  By

27   offering his new justifications and analyses, Dr. Leamer merely provides "a new means to support

28   [his] original opinion" and this analysis is therefore also properly stricken as improper rebuttal.

1    *Daly v. Far E. Shipping Co.*, 238 F. Supp. 2d 1231, 1240-41 (W.D. Wash. 2003), *aff'd*, *Daly v.*

2    *Fesco Agencies NA Inc.*, 108 F. App'x 476, 479-80 (9th Cir. 2004); *see Home Design*, 2005 WL

3    2465020, at *5 (expert testimony is not proper rebuttal where it merely "casts doubt on an

4    opposing expert's report").

5         Second, Dr. Leamer's Reply Report introduces for the first time a justification for using

6    real compensation as a metric in his model instead of nominal compensation.  (Brown Decl. Ex. 8

7    (Leamer Reply Report) ¶¶ 108-110.)  In each of his five prior reports, Dr. Leamer failed to

8    provide any opinion or explanation as to why he believed real compensation rather than nominal

9    compensation was the appropriate metric.  Now that Dr. Stiroh has called this choice into

10   question, Dr. Leamer improperly "attempt[s] to correct the weaknesses and improprieties of his

11   initial report" and state for the first time the reasons underlying his decision.  *Baker*, 680 F. Supp.

12   2d at 879.  The time to do so was in his Initial Report, not in a Reply Report.

13   **B.    In the Alternative, Defendants Should Be Granted Leave to Submit a Reply
14           Report from Dr. Stiroh Addressing the New Points Raised in Dr. Leamer's
              Reply Report.**

15        In the alternative, if the Court is not inclined to strike Dr. Leamer's Reply Report, the

16   Court should grant Defendants leave to submit a reply expert report from Dr. Stiroh addressing

17   the new opinions and analyses in Dr. Leamer's Reply, and to offer Dr. Stiroh's testimony on these

18   issues at trial.  As the Court's Case Management Order did not provide for the exchange of

19   surreplies (Dkt. 421), Defendants must obtain leave from the Court before so doing.  Fed. R. Civ.

20   P. 26(e)(1)(B).  This Court has "broad discretion" to "control the extent and timing of discovery."

21   *Fox v. Cnty. of Tulare*, No. 11-CV-520, 2013 WL 5670873, at *6 (E.D. Cal. Oct. 16, 2013)

22   (citation and internal quotation marks omitted); *see Hoffman v. Tonnemacher*, No. 04-CV-5714,

23   2006 WL 3457201 (E.D. Cal. Nov. 30, 2006) (exercising its discretion and allowing defendants to

24   designate an additional rebuttal expert on retrial).  To permit the new arguments and analyses in

25   Dr. Leamer's Reply Report to stand without providing Defendants' an opportunity to respond

26   would be unfair and prejudicial.  *See Oracle Am., Inc.*, 2011 WL 5572835, at *3.

27   **V.    CONCLUSION**

28        Dr. Leamer's Reply Report includes new opinions and analyses that should have been

9

1   disclosed in his Initial Report and constitute improper rebuttal testimony.  The portions

2   containing this new material, paragraphs 75-90, 108-110, and 115-120 and Figures 15-18, should

3   be stricken from his Reply Report, and Dr. Leamer should be precluded from testifying to the

4   opinions expressed therein.  In the alternative, Defendants should be allowed the opportunity to

5   respond to Dr. Leamer's new analyses at trial and to submit a reply report from Dr. Stiroh.

6   Dated:  January 9, 2014          By:  _____/s/ George A. Riley_____
                                             George A. Riley
7

8                                    GEORGE A. RILEY (Bar No. 118304)
                                     griley@omm.com
9                                    MICHAEL F. TUBACH (Bar No. 145955)
                                     mtubach@omm.com
10                                   CHRISTINA J. BROWN (Bar No. 242130)
                                     cjbrown@omm.com
11                                   VICTORIA L. WEATHERFORD (Bar No. 267499)
                                     vweatherford@omm.com
12                                   O'MELVENY & MYERS LLP
                                     Two Embarcadero Center, 28th Floor
13                                   San Francisco, CA  94111-3823
                                     Telephone:    (415) 984-8700
14                                   Facsimile:    (415) 984-8701

15                                   Attorneys for Defendant Apple Inc.

16                                   By:  _____/s/ David C. Kiernan_____
                                             David C. Kiernan
17

18                                   ROBERT A. MITTELSTAEDT (Bar No. 60359)
                                     ramittelstaedt@jonesday.com
19                                   CRAIG A. WALDMAN (Bar No. 229943)
                                     cwaldman@jonesday.com
20                                   DAVID C. KIERNAN (Bar No. 215335)
                                     dkiernan@jonesday.com
21                                   JONES DAY
                                     555 California Street, 26th Floor
22                                   San Francisco, CA 94104
                                     Telephone:    (415) 626-3939
23                                   Facsimile:    (415) 875-5700

24                                   Attorneys for Defendant Adobe Systems, Inc.

25

26

27

28

1

By:     /s/ Gregory P. Stone
          Gregory P. Stone

2

3

GREGORY P. STONE (Bar No. 78329)
gregory.stone@mto.com
BRADLEY S. PHILLIPS (Bar No. 85263)

4

brad.phillips@mto.com
STEVEN M. PERRY (Bar No. 106154)

5

steven.perry@mto.com
BETHANY W. KRISTOVICH (Bar No. 241891)

6

bethany.*kristovich@mto.com*
MUNGER, TOLLES & OLSON LLP

7

355 South Grand Avenue. 35th Floor
Los Angeles, California 90071-1560

8

Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

9

10

Attorneys for Defendant Intel Corporation

11

By:     /s/ Robert A. Van Nest
          Robert A. Van Nest

12

13

ROBERT A. VAN NEST (Bar No. 84065)
rvannest@kvn.com
DANIEL PURCELL (Bar No. 191424)

14

dpurcell@kvn.com
EUGENE M. PAIGE (Bar No. 202849)

15

epaige@kvn.com
JUSTINA SESSIONS (Bar No. 270914)

16

jsessions@kvn.com
KEKER & VAN NEST LLP

17

633 Battery Street
San Francisco, CA 94111-1809

18

Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

19

20

By:     /s/ Lee H. Rubin
          Lee H. Rubin

21

22

EDWARD D. JOHNSON (Bar No. 189475)
wjohnson@mayerbrown.com
LEE H. RUBIN (Bar No. 141331)

23

lrubin@mayerbrown.com
DONALD M. FALK (Bar No. 150256)

24

dfalk@mayerbrown.com
MAYER BROWN LLP

25

Two Palo Alto Square, Suite 300
Palo Alto, CA  94306-2112

26

Telephone:   (650) 331-2000
Facsimile:    (650) 331-2060

27

28

Attorneys for Defendant Google Inc.

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>ATTESTATION</u>**

Pursuant to General Order No. 45 X(B), I hereby attest that concurrence in the filing of this document has been obtained from each of the above-listed signatories.

By:    /s/ George A. Riley

George A. Riley

DEFS.' MOT. TO STRIKE LEAMER REPLY OR
FOR LEAVE TO SUBMIT STIROH REPLY
NO. 11-CV-2509 LHK