# EXHIBIT 7

# WEATHERFORD DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                    SAN JOSE DIVISION

 4

 5

 6    IN RE:  HIGH-TECH EMPLOYEE     )

 7    ANTITRUST LITIGATION           )

 8                                   )   No. 11-CV-2509-LHK

 9    THIS DOCUMENT RELATES TO:      )

10    ALL ACTIONS.                   )

11    _____)

12

13

14           CONFIDENTIAL - ATTORNEYS' EYES ONLY

15             VIDEO DEPOSITION OF MARK BENTLEY

16                    August 23, 2012

17

18

19

20    REPORTED BY:  GINA V. CARBONE, CSR NO. 8249, RPR, CCRR

21

22

23

24

25
```

Deposition of Mark Bentley                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
10:32:31  1        Q.   Is that statement correct?

10:32:34  2             MR. RILEY:  Objection.  No foundation.  It's

10:32:36  3   been asked and answered.

10:32:38  4             THE WITNESS:  I don't know -- I see what's

10:32:39  5   written here.  I don't know what was discussed between

10:32:42  6   Apple and Adobe.

10:32:44  7             MR. SAVERI:  Q.  And does reviewing this

10:32:45  8   sentence refresh your recollection whether or not

10:32:47  9   beginning no later than May 2005, Apple requested an

10:32:51 10   agreement from Adobe to refrain from cold calling

10:32:53 11   each other's employees?

10:32:55 12             MR. RILEY:  Objection.  It's been asked and

10:32:56 13   answered.  He has no recollection.

10:32:58 14             THE WITNESS:  I see what's written down.  I

10:32:59 15   don't recall.

10:33:00 16             MR. SAVERI:  Q.  Okay.  The next section is

10:33:06 17   entitled Apple-Pixar Agreement.  Do you see that?

10:33:08 18        A.   I see this.

10:33:09 19        Q.   And the first sentence says, "Beginning no

10:33:11 20   later than April 2007, Apple and Pixar agreed that they

10:33:14 21   would not cold call each other's employees."

10:33:18 22             Do you see that?

10:33:18 23        A.   I see this.

10:33:19 24        Q.   Did I read that correctly?

10:33:21 25        A.   I believe you did read this correctly.
```

Deposition of Mark Bentley                          In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

10:33:23  1       Q.   Is that statement true?

10:33:26  2       A.   I don't know if it's true, because I don't know

10:33:27  3   what was discussed between the two companies.

10:33:29  4       Q.   And does reading that sentence refresh your

10:33:32  5   recollection whether or not beginning no later than

10:33:34  6   April 2007, Apple and Pixar agreed that they would not

10:33:37  7   cold call each other's employees?

10:33:39  8            MR. RILEY:   Objection.  It's been asked and

10:33:40  9   answered.

10:33:41 10            THE WITNESS:   Again, I see what's written down.

10:33:43 11   I don't recall.

10:33:44 12            MR. SAVERI:   Q.   Now, pages 3 and 4 list

10:33:52 13   these three agreements between Apple and three

10:33:58 14   companies, Google, Adobe and Pixar.  Do you see

10:34:02 15   that?

10:34:02 16       A.   I do see this.

10:34:04 17       Q.   Other than these three agreements that are

10:34:07 18   identified here, did Apple reach any agreement or

10:34:10 19   understanding with any other company regarding whether

10:34:14 20   or not to cold call each other's employees?

10:34:20 21       A.   There were other companies that were on our

10:34:23 22   internal do-not-call list that were sensitive.  I don't

10:34:27 23   know whether they were agreements or not.  My

10:34:29 24   understanding is they were unilateral decisions made on

10:34:32 25   our side as it related to choosing not to cold call into

Case 5:11-cv-02509-LHK   Document 563-7   Filed 01/09/14   Page 5 of 7

Deposition of Mark Bentley                    In Re:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

10:34:37   1    companies we deemed strategic partners, or if there were

10:34:42   2    board affiliations too sensitive to recruit into.

10:34:46   3        Q.   So it's your testimony that all the other

10:34:49   4    companies that were included on Apple's do-not-call list

10:34:53   5    were put there unilaterally by Apple?  Is that your

10:34:57   6    testimony?

10:34:57   7            MR. RILEY:  Objection.  Misstates his

10:35:02   8    testimony.

10:35:03   9            THE WITNESS:  What I am saying is the only

10:35:05  10    company that I am aware of where there was an agreement

10:35:07  11    in place was between Apple and Google.  And I don't know

10:35:10  12    what was discussed between Apple and any other

10:35:12  13    companies.  It is my understanding that there was

10:35:17  14    unilateral decisions made.  Intel is an example.

10:35:44  15            MR. SAVERI:  Q.  Did the inclusion of

10:35:46  16    companies on Apple's do-not-call list limit the

10:35:50  17    ability of Apple to compete for employees?

10:36:03  18        A.   Companies that may have been on Apple's

10:36:05  19    do-not-call list absolutely did not inhibit our ability

10:36:09  20    to attract talent into Apple.

10:36:15  21        Q.   Well, did you understand that the inclusion of

10:36:16  22    a company on Apple's do-not-call list restricted your

10:36:21  23    ability -- and when I say "your ability," I mean you

10:36:23  24    yourself and the people you supervised.

10:36:26  25            Did you understand that the inclusion of

| | | |
|---|---|---|
| 10:36:29 | 1 | companies on Apple's do-not-call list restricted your |
| 10:36:34 | 2 | ability to recruit or hire personnel from those |
| 10:36:39 | 3 | companies? |
| 10:36:40 | 4 |     A.  That's not my understanding. |
| 10:36:42 | 5 |     Q.  Did these  -- did the inclusion of companies on |
| 10:36:47 | 6 | Apple's do-not-call list limit your ability to recruit |
| 10:36:53 | 7 | in any way? |
| 10:36:55 | 8 |     MR. RILEY:  Objection.  Been asked and |
| 10:36:55 | 9 | answered. |
| 10:37:00 | 10 |     THE WITNESS:  I would say no.  We were still |
| 10:37:03 | 11 | recruiting from companies that were on our do-not-call |
| 10:37:06 | 12 | list. |
| 10:37:07 | 13 |     MR. SAVERI:  Q.  So from your perspective, |
| 10:37:11 | 14 | is it fair to say that the inclusion of a company on |
| 10:37:13 | 15 | Apple's do-not-call list had no effect with respect |
| 10:37:16 | 16 | to your ability to recruit?  Is that your testimony? |
| 10:37:22 | 17 |     MR. RILEY:  Objection.  Misstates his |
| 10:37:25 | 18 | testimony. |
| 10:37:28 | 19 |     THE WITNESS:  Please repeat the question. |
| 10:37:30 | 20 |     MR. SAVERI:  Read it back, please. |
| 10:37:41 | 21 |     (Record read as follows:  So from your |
| 10:37:41 | 22 |     perspective, is it fair to say that the |
| 10:37:41 | 23 |     inclusion of a company on Apple's do-not-call |
| 10:37:41 | 24 |     list had no effect with respect to your ability |
| 10:37:41 | 25 |     to recruit?  Is that your testimony?) |

1           I, Gina V. Carbone, Certified Shorthand

2   Reporter licensed in the State of California, License

3   No. 8249, hereby certify that the deponent was by me

4   first duly sworn and the foregoing testimony was

5   reported by me and was thereafter transcribed with

6   computer-aided transcription; that the foregoing is a

7   full, complete, and true record of said proceedings.

8           I further certify that I am not of counsel or

9   attorney for either of any of the parties in the

10   foregoing proceeding and caption named or in any way

11   interested in the outcome of the cause in said caption.

12           The dismantling, unsealing, or unbinding of

13   the original transcript will render the reporter's

14   certificates null and void.

15           In witness whereof, I have hereunto set my

16   hand this day:  July 6, 2012.

17               ___X___ Reading and Signing was requested.

18               _____ Reading and Signing was waived.

19               _____ Reading and signing was not requested.

20

21

22               _____

23               GINA  V. CARBONE

24               CSR 8249, RPR, CCRR

25