Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Car No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY DEFENDANTS**<br><br>Judge:      Honorable Lucy H. Koh |

Having considered Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants, as well as of the parties' arguments in support of and against the Motion, the Court grants the motion and excludes the following:

1) Testimony by Defendants' expert witnesses regarding or relying on declarations of Defendants' employees or the interrogatory responses of the Defendants, including those cited by Defendants' experts as follows:

   a) **Stiroh Report:** p. 10 nn.32, 33, 35, 35; p. 11 nn.37-40; p. 12 nn.49, 52-54; p. 13 nn.56, 59; p. 14 nn.62-64; p. 15 nn.66-68, 70; p. 16 n.75; p. 17 nn.83, 84; p. 18nn. 86-88, 90; p. 19 nn.93, 94 99, 100; p. 20 nn.103-107; p. 22 nn.112, 114; p. 23 nn.117, 118, 121; p. 24 n.127; p. 25 nn.133, 134; p. 26 nn.135-138, 140, 141; p. 27 nn.148-150; p. 28 nn.151-156, 158, 159; p. 29 nn.160, 162, 163, 165-167, p. 30 nn.170, 171, 175; p. 36 n.189; p. 42 nn.206, 207; p. 43 n.211; and p. 65 n.275.

   b) **Lewin Report:** p. 16 n.9; p. 17 n.13; p. 22 n.23; p. 22-23 n.25; p. 41 nn.66, 67; p. 42 nn.72-75; p. 43 nn. 82, 84; p.48 n.101; p.52 n.113; p. 53 n.115.

   c) **Becker Report:** p. 7 nn.14, 19; p. 17 nn.56, 57; p. 34 n.95; p. 40 nn.113, 116; and p. 41 nn.117, 121.

   d) **Murphy Report:** p.16 n.25; p.18 nn.33, 34, 36, 37; p. 19 nn. 38-43; p. 20 nn. 44, 46, 47, 50, 51; p. 21 n.52, 55; p. 23 nn. 64, 65, 68; p. 24 nn. 73, 74; p. 25 nn.79-82; p. 26 nn.86-91; p. 27 nn.92, 95, 96, 98; p. 28 nn.99, 101, 102; and p. 29 n.103.

   e) **Snyder Report:** p. 11-12 n.10; p. 17 n.13; p. 18 nn.15-17; p. 30 nn.42, 43; p. 33 nn.51-52; and p. 34 n.58.

   f) **Talley Report:** p. 14 nn. 32, 34 and 35; p.15 nn. 45, 48; p. 16 nn. 51 and 54; p. 18 n. 68; and p. 26 n.97.

2) Testimony by defense experts that hiring and wages increased—in absolute terms—during the conspiracy period, for the purpose of suggesting anything about the effect of the violation on compensation.

3)   Dr. Murphy's expert opinions relying on information concerning weather patterns and a dataset of nationwide compensation data collected by the U.S. Census Bureau.

**IT IS SO ORDERED.**

Dated: _____   _____
  LUCY H. KOH
  United States District Judge