**EXHIBIT 2**

1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                         SAN JOSE DIVISION

4

5    IN RE:  HIGH-TECH EMPLOYEE      )

6    ANTITRUST LITIGATION            )

7                                    )  No. 11-CV-2509-LHK

8    THIS DOCUMENT RELATES TO:       )

9    ALL ACTIONS.                    )

10   _____

11

12            VIDEO DEPOSITION OF LASZLO BOCK

13        HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14                      March 27, 2013

15

16        Reported by:  Anne Torreano, CSR No. 10520

17

18

19

20

21

22

23

24

25

02:15:31 1   BY MS. SHAVER:

02:15:31 2       Q.   How did you define someone as looking?

02:15:42 3       A.   Well, basically any expression of interest at

02:15:47 4   all in looking for a job we construe to mean they were

02:15:49 5   looking for a job.

02:15:50 6            So for example -- and remember, this was late

02:15:52 7   2000s, so the Internet was a little different.

02:15:53 8            If somebody had a LinkedIn profile, we

02:15:56 9   considered them to be looking.  If somebody went to an

02:15:59 10  event and signed in at a Google booth, we considered

02:16:01 11  them to be interested in the company.

02:16:03 12      Q.   And if someone was looking or someone was

02:16:05 13  interested in the company, then it was okay to

02:16:13 14  interview that person; right?

02:16:15 15           MR. RUBIN:  Objection.  Form.

02:16:16 16           THE WITNESS:  Well, there's a whole bunch of

02:16:19 17  steps between that and interviewing.

02:16:21 18           I mean, interviewing -- you have to remember

02:16:24 19  that at Google, you know, we -- we get two and a half

02:16:28 20  to three and a half million applications a year.  The

02:16:33 21  threshold between expressing interest and actually

02:16:36 22  getting a phone screen, which then leads to an

02:16:38 23  interview, which then leads to another interview, which

02:16:40 24  then leads to a separate review, which then -- and so

02:16:42 25  on, that's a very, very hard filter to get through.

In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

REPORTER'S CERTIFICATE

1   I, Anne Torreano, Certified Shorthand

2   Reporter licensed in the State of California, License

3   No. 10520, hereby certify that the deponent was by me

4   first duly sworn, and the foregoing testimony was

5   reported by me and was thereafter transcribed with

6   computer-aided transcription; that the foregoing is a

7   full, complete, and true record of said proceedings.

8       I further certify that I am not of counsel or

9   attorney for either or any of the parties in the

10  foregoing proceeding and caption named or in any way

11  interested in the outcome of the cause in said

12  caption.

13      The dismantling, unsealing, or unbinding of

14  the original transcript will render the reporter's

15  certificates null and void.

16      In witness whereof, I have subscribed my name

17  this 9th day of April, 2013.

18

19

20      [ ] Reading and Signing was requested.

21      [ ] Reading and Signing was waived.

22      [X] Reading and Signing was not requested.

23

24  _____

25  ANNE M. TORREANO, CSR NO. 10520