**EXHIBIT 10**

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5   IN RE:  HIGH-TECH EMPLOYEE   )

 6   ANTITRUST LITIGATION         )

 7                                )  No. 11-CV-2509-LHK

 8   THIS DOCUMENT RELATES TO:    )

 9   ALL ACTIONS.                 )

10   _____ )

11

12      HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY

13

14           VIDEO DEPOSITION OF ALAN EUSTACE

15

16                   FEBRUARY 27, 2013

17

18     Reported by:  Mary Ann Scanlan-Stone, CSR No. 8875,

19                   RPR, CCRR, CLR

20

21

22

23

24

25
```

```
13:34:48  1   with that company?
13:34:50  2           MR. RUBIN:  Objection.  Vague.
13:34:55  3           THE WITNESS:  Yeah.  I was in engineering.  I
13:34:57  4   do not know of a specific relationship with Genentech in
13:35:00  5   engineering, although I don't know everything that was
13:35:03  6   going on in the engineering organization, but I don't
13:35:05  7   know of any specific things with Genentech.
13:35:09  8           MS. DERMODY:  Okay.
13:35:09  9       Q.  And that, I'm talking about 2005.  Since 2005,
13:35:11 10   are you aware of any business relationship, shared
13:35:17 11   business relationship with Genentech and Google?
13:35:20 12           MR. RUBIN:  Same objection.  Vague.
13:35:30 13           THE WITNESS:  I do not know.  There may have
13:35:31 14   been a relationship.  We do a lot of work with machine
13:35:36 15   learning and it's possible that there might have been
13:35:39 16   some relationship in the drug discovery area and some
13:35:42 17   discussions in machine learning, large scale data
13:35:46 18   processing, large computational infrastructure with
13:35:49 19   Genentech, but I was not a part of that.
13:35:53 20           There's a vague recollection that we were
13:35:55 21   certainly interested in that area at one point but I do
13:35:58 22   not know the timetable and I don't know whether we had
13:36:01 23   specific discussions with them.
13:36:03 24           MS. DERMODY:  Okay.  Same question for Intel.
13:36:07 25       Q.  So are you aware of any shared business
```

```
13:36:09  1  relationship with Intel since 2005?
13:36:12  2       A.  Absolutely.
13:36:13  3       Q.  Okay.
13:36:16  4           Describe for me in the 2005 era what shared
13:36:19  5  business relationship you had?
13:36:21  6       A.  They were our largest supplier.  We had -- we
13:36:29  7  obviously bought an incredible amount of their products.
13:36:32  8  We used it for lots of our systems, along with AMD as
13:36:37  9  well.  Every system, every chip that they built, we
13:36:40 10  tested.  We have a strong partnership in testing with
13:36:43 11  them.
13:36:43 12           We would get parts before everybody else did.
13:36:48 13  We would -- we interacted very carefully with their
13:36:52 14  architects, some of which came from Digital, so we had a
13:36:56 15  strong, long-lasting relationship with their
13:36:58 16  architectural organization.
13:37:00 17           And so our senior people would go to Intel and
13:37:04 18  actually tell them the kinds of things that we expected
13:37:07 19  out of our chips, what are the issues with performance.
13:37:10 20           We shared performance benchmarks between the
13:37:13 21  companies and what kinds of things that we needed them
13:37:15 22  to run fast on and why.  We looked at future
13:37:20 23  architectures.  I mean, we had a very long relationship
13:37:24 24  with them.
13:37:25 25       Q.  Do you know if these, we will call them
```

```
15:39:20  1        I, Mary Ann Scanlan-Stone, Certified Shorthand
15:39:20  2   Reporter licensed in the State of California, License
15:39:20  3   No. 8875, hereby certify that the deponent was by me
15:39:20  4   first duly sworn and the foregoing testimony was
15:39:20  5   reported by me and was thereafter transcribed with
15:39:20  6   computer-aided transcription; that the foregoing is a
15:39:20  7   full, complete, and true record of said proceedings.
15:39:20  8        I further certify that I am not of counsel or
15:39:20  9   attorney for either of any of the parties in the
15:39:20 10   foregoing proceeding and caption named or in any way
15:39:20 11   interested in the outcome of the cause in said caption.
15:39:20 12        The dismantling, unsealing, or unbinding of
15:39:20 13   the original transcript will render the reporter's
15:39:20 14   certificates null and void.
15:39:20 15        In witness whereof, I have hereunto set my
15:39:20 16   hand this day: March 3, 2013.
15:39:20 17        _____ Reading and Signing was requested.
15:39:20 18        _____ Reading and Signing was waived.
15:39:20 19        __X__  Reading and signing was not requested.
15:39:20 20
15:39:20 21
15:39:20 22
15:39:22 23   _____
         24       MARY ANN SCANLAN-STONE, RPR, CCRR, CSR 8875
         25
```