EXHIBIT 38

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803

*Co-Lead Counsel for Plaintiff Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS, | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES, NUMBER 16** |

**PROPOUNDING PARTY:**     Defendants

**RESPONDING PARTY:**     Plaintiffs

**SET NUMBER:**     Second, Number 16

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Plaintiffs respond to Defendants' Second Set Interrogatories, Number 16, served on February 28, 2013, as follows:

**PRELIMINARY STATEMENT**

These Answers contain references to material that certain Defendants have designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Protective Order governing this case. Without conceding the validity of any such designations and reserving all rights to challenge them, Plaintiffs accordingly designate these Answers and Objections as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**GENERAL OBJECTIONS**

The following General Objections apply to each and every applicable Interrogatory, and are incorporated by reference into each and every applicable Answer as if set forth in full in each Response.

1. Plaintiffs object to the Interrogatories to the extent they call for information protected by the attorney-client privilege, the work product doctrine, or any other common law privilege or protection that may attach to information requested by the interrogatory.

2. In responding to the Interrogatories, Plaintiffs do not adopt, embrace, or accept any term or definition employed by Defendants. These responses are made based upon Plaintiffs' interpretation of words contained in the Interrogatory, unless a specific definition or instruction has been agreed upon.

3. Plaintiffs object to the Interrogatories to the extent they are premature contention interrogatories under the framework set forth in *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985). At this stage in the litigation, Plaintiffs' responses to Defendants' contention-style Interrogatories would not "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *Id.* at 338-39.

Subject to, and without waiving, any of the foregoing objections, Plaintiffs respond as follows:

## ANSWERS AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 16:**

Separately for each agreement identified in response to Interrogatory No. 15, state all facts that support Your contention that the agreement existed and was unlawful, including, without limitation, identifying supporting Documents.

**ANSWER TO INTERROGATORY NO. 16:**

Plaintiffs object to Interrogatory No. 16 as a premature contention interrogatory. Plaintiffs object to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiffs further object to the extent the information requested will be the subject of expert reports and testimony. Such expert opinion will be disclosed in accordance with the Orders of the Court and the applicable Rules of Civil Procedure. Plaintiffs object to the extent that such "facts" are in Defendants' possession and have not yet been produced or otherwise discovered in this case. Plaintiffs object that this Interrogatory is burdensome and oppressive in that it explicitly seeks cumulative facts; these Responses are not intended to be exhaustive of every shred of evidence supporting the same agreements and their unlawfulness.

Subject to and without waiving any of the general or specific objections, Plaintiffs respond to Interrogatory No. 16 as follows:

Plaintiffs incorporate by reference the response to the preceding Interrogatory No. 15.

The existence of Defendants' understandings, agreements, and mutual assurances to restrict the recruitment and hiring of each other's employees are evidenced by a series of explicit communications between and among Defendants regarding their formation, terms, implementation, and enforcement, according to the direct deposition testimony of Mark Bentley, George Lucas, Ed Catmull, Micheline Chau, Lori McAdams, Jan van der Voort, Pamela Zissimos, Sharon Coker, Jim Morris, and Danielle Lambert (Lucasfilm and Pixar, and Pixar and Apple); Laszlo Bock, Sergey Brin, Shona Brown, Alan Eustace, Patrick Flynn, Arnnon Geshuri, Renee James, Larry Page, Eric Schmidt, Bill Campbell, Paul Otellini, Jonathan Rosenberg, and Frank Wagner (Intel and Google); David Alvarez, Rich Bechtel, Mark Bentley, Patrick Burke,

1  Darrin Baja, Bruce Chizen, Kim Hoffman, Natalie Kessler, Danielle Lambert, Donna Morris,
2  Shantanu Narayen, Ron Okamoto, Jerry Sastri and Jeff Vijungco (Apple and Adobe); David
3  Alvarez, Darrin Baja, Alan Eustace, Tony Fadell, Eric Schmidt, Arnnon Geshuri, Shona Brown,
4  Larry Page, Sergey Brin, Patrick Flynn, Frank Wagner, Danielle Lambert, Patrick Burke, Mark
5  Bentley, Omid Kordestani, Ron Okamoto, Ann Reeves, Jonathan Rosenberg, and Rich Bechtel
6  (Apple and Google); and Laszlo Bock, Shona Brown, Bill Campbell, Scott Cook, Arnnon
7  Geshuri, Larry Page, Jonathan Rosenberg, Eric Schmidt, Mason Stubblefield, and Sherry
8  Whiteley (Intuit and Google).

9        The existence of Defendants' understandings, agreements, and mutual assurances to
10  restrict the recruitment and hiring of each other's employees are evidenced by the following
11  documents reflecting explicit communications between or among Defendants, and by testimony
12  of the above witnesses about these documents:  Plaintiffs' Deposition Exhibit Nos. 127, 128, 129,
13  130, 131, 132, 137, 142, 143, 144, 145, 146, 151, 152, 154, 155, 158, 159, 160, 164, 165, 326,
14  327, 328, 329, 330, 331, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 358,
15  363, 364, 367, 376, 438, 439, 446, 691, 692, 693, 694, 695, 696, 697, 700, 701, 702, 703, 704,
16  705, 706, 707, 708, 1729, 1735, 1736, 1968, 1969, 1970, 1971, 1978, 1980, 2435, and 2436
17  (Pixar and Lucasfilm); 133, 134, 136, 138, 139, 140, 146, 154, 161, 162, 243, 258, 368, 369, 370,
18  371, 372, 376, 419, 420, 421, 424, 446, 669, 1351, 1366, 1374, and 1677 (Pixar and Apple); 176,
19  177, 178, 179, 180, 181, 182, 183, 184, 185, 194, 201, 202, 206, 207, 208, 209, 387, 388, 451,
20  452, 454, 455, 458, 459, 460, 462, 553, 555, 556, 561, 566, 637, 640, 643, 648, 649, 651, 656,
21  661, 666, 783, 864, 865, 872, 1049, 1054, 1737, 1740, 1741, 2345, 2346, 2347, 2429, 2431, 2688,
22  2791, and 2794 (Intel and Google); 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234,
23  235, 236, 241, 242, 243, 244, 245, 246, 247, 248, 265, 266, 286, 288, 289, 290, 291, 292, 294,
24  295, 296, 298, 669, 679, 921, 1024, 1039, 1043, 1132, 1133, 1134, 1145, 1146, 1149, 1151, 1152,
25  1153, 1204, 1205, 1222, 1351, 1358, 1359, 1360, 1366, 1374, 1663, 1665, 1667, 1675, 1677,
26  1694, 1695, 1696, 1697, 1698, 1699, 1803, 1804, 1805, 1806, 1808, 1809, 1810, 1811, 1812,
27  1814, 1815, 2309, 2310, 2311, 2312, 2315, 2316, 2537, 2540, 2542, 2546, 2594, 2597, 2786, and
28  2827 (Apple and Adobe); 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189,

1  190, 191, 192, 194, 199, 206, 207, 208, 209, 241, 242, 243, 245, 249, 250, 251, 252, 253, 254,
2  256, 265, 274, 277, 278, 279, 553, 555, 556, 557, 559, 560, 561, 563, 565, 566, 573, 637, 640,
3  643, 649, 650, 653, 656, 661, 666, 669, 864, 865, 872, 1015, 1039, 1043, 1049, 1050, 1051, 1054,
4  1204, 1205, 1210, 1222, 1351, 1359, 1360, 1366, 1373, 1374, 1665, 1668, 1669, 1674, 1675,
5  1677, 1737, 1740, 1741, 1754, 1755, 1870, 1871, 1872, 1875, 1876, 1989, 2003, 2004, 2005,
6  2262, 2265, 2431, 2537, 2543, 2544, 2545, 2546, 2547, 2548, 2688, 2786, 2791, 2794, 2795,
7  2827, and 281A (Apple and Google); and 176, 182, 183, 184, 185, 193, 194, 195, 196, 197, 198,
8  206, 207, 208, 209, 553, 555, 556, 575, 586, 597, 629, 637, 640, 642, 643, 648, 649, 656, 661,
9  664, 666, 753, 754, 864, 865, 872, 921, 925, 1049, 1054, 1737, 1740, 1741, 1745, 1759, 2431,
10 2432, 2433, 2685, 2791, and 2794 (Intuit and Google).

11  The documents and deposition testimony identified herein also demonstrate and prove the participation of all Defendants with each other in a conscious scheme designed to achieve an unlawful objective.

14  Defendants compete for employees. The existence of the agreements establishes their unlawfulness *per se*. All of Defendants' employees were subject to Defendants' scheme, as the understandings, agreements, and mutual assurances were unlimited in scope by geography, job, function, or time period. The prohibitions also applied to all subsidiaries of Defendants. Defendants' agreements were naked restraints of trade that were not tailored, necessary, ancillary, or in any way related to any legitimate cooperation or collaboration between or among the Defendants, and were without legitimate procompetitive justification. *See* DOJ Competitive Impact Statement at 3, *United States v. Adobe Systems Inc., et al.*, No. 10-cv-1629-RBW (D.D.C. Sept. 24, 2010) (regarding agreements among all defendants but Lucasfilm) (finding that the agreements are "*per se* unlawful" under Section One and "facially anticompetitive because they eliminated a significant form of competition to attract high-tech employees, and, overall, substantially diminished competition to the determent of the affected employees who were likely deprived of competitively important information and access to better job opportunities." *See also* DOJ Competitive Impact Statement at 8, *United States v. Lucasfilm LTD.*, No. 10-cv-2220-RBW (D.D.C. Dec. 21, 2010) (regarding agreements between Lucasfilm and Pixar).

| | | |
|---|---|---|
| 1 | Dated: June 7, 2013 | JOSEPH SAVERI LAW FIRM |

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (State Bar No. 130064)
Lisa J. Leebove (State Bar No. 186705)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 500-6803

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel for Plaintiff Class*

Eric L. Cramer
Sarah R. Schalman-Bergen
BERGER & MONTAGUE, P.C.
22 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Linda P. Nussbaum (pro hac vice)
Peter A. Barile III (pro hac vice)
GRANT & EISENHOFER P.A.
5 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Class Counsel*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2    I am over 18 years of age and not a party to this action. I am readily familiar with Lieff

3  Cabraser Heimann & Bernstein's practice for collection and processing of documents for

4  collection and processing of documents for service via e-mail, and that practice is that the

5  documents are attached to an e-mail and sent to the recipient's e-mail account the same day as the

6  date listed on this Certificate of Service.

7    My business address is 275 Battery Street, 29th Floor, San Francisco, CA 94111. On June

8  7, 2013, I served a true and correct copy of the within documents:

9
10    1.    PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND
          SET OF INTERROGATORIES, NUMBER 16; and this

11    2.    CERTIFICATE OF SERVICE

12    by email addressed as follows:

| Robert A. Mittelstaedt<br>Craig A. Waldman<br>David Kiernan<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>ramittelstaedt@jonesday.com<br>cwaldman@jonesday.com<br>dkiernan@jonesday.com<br>Tel.: (415) 626-3939<br>Fax: (415) 875-5700<br><br>Counsel for Defendant **Adobe Systems Inc.** | George Riley<br>Michael F. Tubach<br>Lisa Chen<br>Christina J. Brown<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>griley@omm.com<br>mtubach@omm.com<br>lisachen@omm.com<br>cjbrown@omm.com<br>Tel.: (415) 984-8700<br>Fax: (415) 984-8701<br><br>Counsel for Defendant **Apple Inc.** |
|---|---|
| Lee H. Rubin<br>Edward D. Johnson<br>MAYER BROWN LLP<br>Two Palo Alto Square<br>3000 El Camino Real, Suite 300<br>Palo Alto, CA 94306-2112<br>lrubin@mayerbrown.com<br>wjohnson@mayerbrown.com<br>Tel.: (650) 331-2000<br>Fax: (650) 331-2060 | Donn P. Pickett<br>Frank M. Hinman<br>Sujal J. Shah<br>Frank Busch<br>BINGHAM MCCUTCHEN LLP<br>Three Embarcadero Center, 18th Floor<br>San Francisco, CA 94111<br>donn.pickett@bingham.com<br>frank.hinman@bingham.com<br>sujal.shah@bingham.com |

1114696.2                                              - 7 -                    PLTFS' SUPP. ANS. & OBJ. TO DEFS' 2D SET OF
                                                                                                   INTERROGATORIES

| | |
|---|---|
| Kristen A. Rowse<br>MAYER BROWN LLP<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-2112<br>krowse@mayerbrown.com<br>Tel.: (213) 229 5137<br>Fax: (213) 576 8139<br><br>Counsel for Defendant **Google Inc.** | frank.busch@bingham.com<br>Tel.: (415) 393-2000<br>Fax: (415) 393-2286<br><br>Counsel for Defendant **Intel Corp.** |
| Robert A. Mittelstaedt<br>Craig E. Stewart<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>ramittelstaedt@jonesday.com<br>cestewart@jonesday.com<br>Tel.: (415) 626-3939<br>Fax: (415) 875-5700<br><br>Catherine T. Zeng<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>czeng@jonesday.com<br>Tel.: (650) 739-3939<br>Fax: (650) 739-3900<br><br>Counsel for Defendant **Intuit Inc.** | John W. Keker<br>Paula L. Blizzard<br>Eugene M. Paige<br>Daniel Purcell<br>KEKER & VAN NEST<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>jkeker@kvn.com<br>pblizzard@kvn.com<br>epaige@kvn.com<br>dpurcell@kvn.com<br>Tel.: (415) 391-5400<br><br>Fax: (415) 397-7188<br><br>Counsel for Defendant **Lucasfilm Ltd.** |

1  Robert T. Haslam
   Emily Johnson Henn
2  COVINGTON & BURLING LLP
   333 Twin Dolphin Drive, Suite 700
3  Redwood Shores, CA 94065
4  rhaslam@cov.com
   ehenn@cov.com
5  Tel.: (650) 632-4700
   Fax: (650) 632-4800
6
7  Deborah Garza
   Jonathan Herczeg
8  COVINGTON & BURLING LLP
   1201 Pennsylvania Ave., N.W.
9  Washington, D.C. 20004
   dgarza@cov.com
10 jherczeg@cov.com
   Tel.: (202) 662-5052
11 Fax: (202) 778-5052
12
   Counsel for Defendant **Pixar**
13

16  Dated: June 7, 2013                    Respectfully submitted,

17                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

18                                         By: */Anne B. Shaver*