1   GEORGE A. RILEY (Bar No. 118304)
    griley@omm.com
2   MICHAEL F. TUBACH (Bar No. 145955)
    mtubach@omm.com
3   CHRISTINA J. BROWN (Bar No. 242130)
    cjbrown@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111-3823
    Telephone:    (415) 984-8700
6   Facsimile:    (415) 984-8701

7   Attorneys for Defendant Apple Inc.

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12

13  IN RE HIGH-TECH EMPLOYEE            Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
14                                      **DECLARATION OF CHRISTINA BROWN
                                        IN SUPPORT OF DEFENDANTS' JOINT
15  THIS DOCUMENT RELATES TO:           ADMINISTRATIVE MOTION TO FILE
                                        UNDER SEAL**
16  ALL ACTIONS

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Christina Brown, declare as follows:

2        1.      I am a member of the Bar of the State of California and a counsel of the law firm

3    of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc.  I submit this declaration in

4    support of Defendants' Joint Administrative Motion to File Under Seal.  I make this declaration

5    based on my own personal knowledge and information provided to me.  If called to testify as a

6    witness, I could and would do so competently.

7        2.      Apple seeks to seal only limited portions of the following documents:  (i) certain

8    exhibits to the Declaration of Christina Brown in Support of Defendants' Joint Motion To

9    Exclude the Expert Testimony of Edward E. Leamer, Ph.D.; (ii) certain exhibits to the

10   Declaration of Lauren J. Stiroh, Ph.D. in Support of Defendants' Joint Motion To Exclude the

11   Expert Testimony of Edward E. Leamer, Ph.D.; (iii) certain exhibits to the Declaration of

12   Christina Brown in Support of Defendants' Joint Motion To Strike the Improper Rebuttal

13   Testimony in Dr. Leamer's Reply Expert Report or, in the Alternative, for Leave To File a Reply

14   Report of Dr. Stiroh; (iv) certain exhibits to the Declaration of Victoria Weatherford in Support of

15   Defendant Apple Inc.'s Motion for Summary Judgment; and (v) certain exhibits to the

16   Declaration of Anne Selin in Support of Google Inc.'s Motion for Summary Judgment.

17       3.      I have reviewed these documents, and I believe there are compelling reasons to

18   maintain under seal the portions set forth below.  As described below, they contain, rely upon,

19   and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES

20   ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt.

21   107).

22       4.      The following exhibits to the Declaration of Christina Brown in Support of

23   Defendants' Joint Motion To Exclude the Expert Testimony of Edward E. Leamer, Ph.D.,

24   disclose Apple's highly confidential and competitively sensitive practices and strategies regarding

25   employee compensation and hiring, and employee compensation data:

26       •    Exhibit 3 (transcript excerpts from the deposition of Dr. Edward Leamer taken on

27            November 18, 2013), at 955:20-25; 956:1-11, 17-20, & 23-24; and 958:16-23,

28            contains highly confidential employee data and compensation information.

BROWN DECL.  ISO DEFS.' JOINT MOT. TO SEAL
NO. 11-CV-2509-LHK

- Exhibit 5 (Initial Class Certification Expert Report of Edward E. Leamer, Ph.D., dated October 1, 2012):
  o Page 23, figures 3 and 4 (lines pertaining to Apple) disclose the total compensation of Apple employees in each of Plaintiffs' (then) proposed classes and reflect Apple's highly confidential employee data;
  o Page 41, figure 9 and paragraph 99 (portion of third sentence) disclose the average total compensation per Apple employee from 2001 to 2011 and reflect Apple's highly confidential employee compensation data;
  o Page 51, footnote 164 (last parenthetical) describes one of Apple's specific strategies with respect to determining employee salaries;
  o Page 53, figure 10 (line pertaining to Apple) reflects Apple's highly confidential employee compensation data and practices regarding bonus and equity compensation;
  o Page 59, figure 15 discloses Apple's highly confidential employee compensation data; and
  o Page 61, figure 17 and paragraph 133 (last three lines) reflect Apple's highly confidential employee salary data.
- Exhibit 6 (Reply Expert Report of Edward E. Leamer, Ph.D., dated December 10, 2012)
  o Page 26, figure 1 (chart pertaining to Apple) reflects Apple's highly confidential employee compensation data;
  o Page 29, paragraph 64 (portions of the first and third sentences) reflects Apple's highly confidential employee compensation strategy and data;
  o Page 42, figure 6 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee compensation; and
  o Page 43, figure 7 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee equity

1    compensation.

2    • Exhibit 7 (Supplemental Expert Report of Edward E. Leamer, Ph.D., dated May 10,

3      2013):

4        o Page 31, figure 19 discloses Apple's average total employee compensation and

5          reflects Apple's highly confidential employee compensation data;

6        o Ex. 2 discloses Apple's job titles and related employee-years and

7          compensation correlations and reflects Apple's highly confidential employee

8          compensation data.

9    • Exhibit 8 (Initial Merits Expert Report of Edward E. Leamer, Ph.D., dated October 28,

10     2013), Figure 2 (line pertaining to Apple) discloses the total compensation of the

11     Apple employees in the class and reflects Apple's highly confidential employee data.

12   • Exhibit 9 (Reply Expert Report of Edward E Leamer, Ph.D., dated December 11,

13     2013):

14       o Page 3, Table 1 (line pertaining to Apple) discloses the total compensation of

15         the Apple employees in the class and reflects Apple's highly confidential

16         employee data;

17       o Page 13, Figure 2 (chart pertaining to Apple) discloses the average total

18         compensation at Apple over the span of a decade and reflects Apple's highly

19         confidential employee data;

20       o Pages 36-37, Figures 9, 10, and 11 depict scatter diagrams comparing the age

21         and total compensation of Apple employees and reflect Apple's highly

22         confidential employee data;

23       o The redacted numbers in Paragraphs 64 and 65, which disclose the purported

24         amount of increases in compensation at Apple and reflect Apple's highly

25         confidential employee data;

26       o Page 40, Figure 12 reflects predicted earnings at Apple by age and year, based

27         on Apple's highly confidential employee data;

28       o Page 44, Figure 14 discloses the average total compensation at Apple over the

- 3 -

span of a decade and reflects Apple's highly confidential employee data;  and

  o  Page 76, Appendix A, paragraph 3 discloses the  salary range for employees with a particular job title and reflects Apple's highly confidential employee data.

5. The Leamer Deposition Exhibit 114 to the Declaration of Lauren J. Stiroh, Ph.D. in Support of Defendants' Joint Motion To Exclude the Expert Testimony of Edward E. Leamer, Ph.D. discloses the levels and changes in Apple's employee hiring over the course of ten years and reflects Apple's highly confidential employee data.

6. The following exhibits to the Declaration of Christina Brown in Support of Defendants' Joint Motion To Strike the Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report or, in the Alternative, for Leave To File a Reply Report of Dr. Stiroh disclose Apple's highly confidential and competitively sensitive  practices and strategies regarding employee compensation, employee compensation data, and employee hiring:

- Exhibit 3 (Initial Class Certification Expert Report of Edward E. Leamer, Ph.D., dated October 1, 2012):

  o  Page 23, figures 3 and 4 (lines pertaining to Apple) disclose the total compensation of Apple employees in each of Plaintiffs' (then) proposed classes and reflect Apple's highly confidential employee data;

  o  Page 41, figure 9 and paragraph 99 (portion of third sentence) disclose the average total compensation per Apple employee from 2001 to 2011 and reflect Apple's highly confidential employee compensation data;

  o  Page 51, footnote 164 (last parenthetical) describes one of Apple's specific strategies with respect to determining employee salaries;

  o  Page 53, figure 10 (line pertaining to Apple) reflects Apple's highly confidential employee compensation data and practices regarding bonus and equity compensation;

  o  Page 59, figure 15 discloses Apple's highly confidential employee compensation data; and

- Page 61, figure 17 and paragraph 133 (last three lines) reflect Apple's highly confidential employee salary data.

- Exhibit 4 (Reply Expert Report of Edward E. Leamer, Ph.D., dated December 10, 2012):

    - Page 26, figure 1 (chart pertaining to Apple) reflects Apple's highly confidential employee compensation data;

    - Page 29, paragraph 64 (portions of the first and third sentences) reflects Apple's highly confidential employee compensation strategy and data;

    - Page 42, figure 6 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee compensation; and

    - Page 43, figure 7 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee equity compensation.

- Exhibit 5 (Supplemental Expert Report of Edward E. Leamer, Ph.D., dated May 10, 2013):

    - Page 31, figure 19 discloses Apple's average total employee compensation and reflects Apple's highly confidential employee compensation data; and

    - Ex. 2 discloses Apple's job titles and related employee-years and compensation correlations and reflects Apple's highly confidential employee compensation data.

- Exhibit 6 (Initial Merits Expert Report of Edward E. Leamer, Ph.D., dated October 28, 2013), Figure 2 (line pertaining to Apple) discloses the total compensation of the Apple employees in the class and reflects Apple's highly confidential employee data.

- Exhibit 7 (Expert Report of Lauren J. Stiroh, Ph.D., dated November 25, 2013):

    - Paragraph 30 (redacted portions) describes changes in Apple's total employee compensation from 2001 through 2011 and reflects Apple's highly confidential employee data;

- 5 -

- o Paragraph 32 and footnotes 65 and 69 (redacted portions) describe Apple's confidential strategies for determining employee salaries;

- o Footnote 70 (redacted portion) describes Apple's confidential practices for determining employee salary increases;

- o Paragraph 33 (redacted portions) discloses the magnitude of Apple's changes in employee salaries and reflects Apple's highly confidential employee data;

- o Paragraph 34 (redacted portions) describes Apple's confidential practices and strategies for awarding employee bonus compensation;

- o Paragraph 35 and footnotes 76 - 79 (redacted portions) describe Apple's confidential practices and strategies for awarding employee equity compensation;

- o Paragraph 36  and footnote 81 (redacted portions) disclose the magnitude of and changes in employee equity compensation and reflects Apple's highly confidential employee data;

- o Paragraphs 81 and 82 (redacted portions) describe changes in Apple's employee compensation and the magnitude thereof, and reflects Apple's highly confidential employee data;

- o Paragraph 91 (redacted portions) describes the magnitude of Apple's average employee compensation in comparison to another Defendant and reflects Apple's highly confidential employee data;

- o Footnote 189 (redacted portion) discloses Apple's confidential practice for determining employee salary increases;

- o Paragraph 121 (redacted portion) discloses changes in base salaries for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;

- o Footnote 225 (redacted portion) discloses changes in total compensation for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;

1       o   Paragraph 134 (redacted portion) discloses changes in equity compensation for

2           Apple employees in a particular employee cohort and reflects Apple's highly

3           confidential employee data;

4       o   Paragraph 193 (redacted portion) describes a change in Apple's employee

5           equity compensation and reflects Apple's highly confidential employee data;

6       o   Paragraph 201 (redacted portion) describes Apple's employee salary increases

7           and reflects Apple's highly confidential employee data;

8       o   Exhibits III.10 - III.16 depict Apple's total compensation, average

9           compensation, average base salary, average bonus, average cash compensation,

10          and average value of equity awards, respectively, over the years 2001 through

11          2011 and reflect Apple's highly confidential employee data;

12       o   Exhibits III.54 and III.55 (Apple columns) disclose average total nominal

13           compensation and average percent changes in total compensation for Apple

14           employees by year and reflect Apple's highly confidential employee data;

15       o   Exhibit IV.1 (pages pertaining to Apple) disclose Apple's sources of employee

16           hiring and reflect its highly confidential employee hiring strategies and

17           employee data;

18       o   Exhibit IV.7 reflects Apple's highly confidential employee data, including

19           particular employee salaries and growth;

20       o   Exhibit IV.11 reflects Apple's highly confidential employee data, including

21           total compensation growth for particular employees;

22       o   Exhibit IV.15 (pages pertaining to Apple) disclose the entire set of Apple's

23           precise employee job titles for the class and the number of employees and

24           changes in total compensation by year for each;

25       o   Exhibit IV.21 reflects Apple's highly confidential employee data, including

26           changes in specific job titles for certain employees;

27       o   Exhibit IV.26 reflects Apple's highly confidential employee data, including

28           growth in equity compensation awarded to particular employees over time;

o   Exhibit IV.30 (Apple column) discloses the percentage of Apple employees
receiving equity compensation by year and reflects Apple's highly confidential
employee data;

o   Exhibit IV.35 reflects Apple's highly confidential employee data, including
average total employee compensation by year; and

o   Appendix Exhibit III.1 (Apple column) discloses the purported average percent
changes in Apple's total employee compensation by year and reflects Apple's
highly confidential employee data.

• Exhibit 8 (Reply Expert Report of Edward E. Leamer, Ph.D., dated December 11,
2013):

o   Page 3, Table 1 (line pertaining to Apple) discloses the total compensation of
the Apple employees in the class and reflects Apple's highly confidential
employee data;

o   Page 13, Figure 2 (chart pertaining to Apple) discloses the average total
compensation at Apple over the span of a decade and reflects Apple's highly
confidential employee data;

o   Pages 36-37, Figures 9, 10, and 11 depict scatter diagrams comparing the age
and total compensation of Apple employees and reflect Apple's highly
confidential employee data;

o   The redacted numbers in Paragraphs 64 and 65, which disclose the purported
amount of increases in compensation at Apple and reflect Apple's highly
confidential employee data;

o   Page 40, Figure 12 reflects predicted earnings at Apple by age and year, based
on Apple's highly confidential employee data;

o   Page 44, Figure 14 discloses the average total compensation at Apple over the
span of a decade and reflects Apple's highly confidential employee data;  and

o   Page 76, Appendix A, paragraph 3 discloses the  salary range for employees
with a particular job title and reflects Apple's highly confidential employee

1    data.

2         7.     The following exhibits to the Declaration of Victoria Weatherford in Support of

3    Defendant Apple Inc.'s Motion for Summary Judgment disclose Apple's highly confidential and

4    competitively sensitive practices and strategies regarding employee compensation, employee

5    compensation data, employee hiring and compensation strategies:

6        •  Exhibit 8 (Expert Report of Professor Kevin M. Murphy, dated November 25 2013):

7            o  Paragraph 20 (redacted portions) discloses Apple's sources and magnitude of

8               employee hiring and reflects its highly confidential employee hiring strategies;

9            o  Exhibit 2 discloses Apple's sources of employee hiring and reflects its highly

10              confidential employee hiring strategies;

11           o  Exhibit 3 discloses Apple's sources of employee hiring confidential employee

12              data and reflects its highly confidential employee hiring strategies;

13           o  Footnote 57 (redacted portions) discloses the personally identifying

14              information of non-Plaintiff employees;

15           o  Footnote 105 (redacted portions) discloses the personally identifying

16              information of non-Plaintiff employees;

17           o  Footnote 110 (redacted portions) discloses information designated as

18              confidential by Plaintiffs; and

19           o  Exhibit 5 discloses Apple's highly confidential employee data.

20       •  Exhibit 15 (Deposition of Brian Croll, dated March 22, 2013), at 145:20-21; 146:1-5,

21         8-11, and 14-17, explain the details of Apple's highly confidential and competitively

22         sensitive agreements revealing details of Apple's product strategies.

23        8.     The following exhibits to the Declaration of Anne M. Selin in Support of

24   Defendant Google Inc.'s Motion for Summary Judgment, disclose Apple's highly confidential

25   and competitively sensitive practices and strategies regarding employee compensation and hiring

26   and employee data:

27       •  Exhibits 35 and 36 (Appendix 1A and 1B of the Expert Report of Professor Kevin M.

28         Murphy) (lines pertaining to Apple), which reflect Apple's highly confidential

1    employee hiring strategies and employee data; and

2        • Exhibit 34 (Exhibit IV.1 of the Expert Report of Lauren J. Stiroh, Ph.D.) (pages

3            pertaining to Apple) disclose Apple's sources of employee hiring and reflect its highly

4            confidential employee hiring strategies and employee data.

5        9.    As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-

6    5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration

7    of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class

8    Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it

9    to be, and treats it as, confidential, proprietary, and competitively sensitive.  Apple would suffer

10   serious competitive harm if this information were disclosed because its competitors would gain

11   detailed data and insight into its confidential and proprietary employee compensation practices

12   and strategies and because its competitors would gain detailed insight into its confidential

13   collaborations and agreements with key partners.  Public disclosure of this information would

14   deprive Apple of its investment in developing these strategies and put Apple at a significant

15   disadvantage with respect to recruiting, hiring, and compensating its employees.  Apple would

16   therefore be prejudiced if this information were made available to the general public.

17       10.    Because these portions of the documents cannot be publicly disclosed without

18   causing serious harm, as described above, Apple requests that they be maintained under seal and

19   redacted from the publicly-filed versions of the documents.

20       I declare under penalty of perjury under the laws of the United States that the above is true

21   and correct.

22       Executed on January 9, 2014, in San Francisco, California.

23

24       By:  */s/ Christina J. Brown*
            Christina Brown

25

26

27

28

- 10 -