MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:     (650) 331-2000
Facsimile:     (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF ANNE M. SELIN IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Anne M. Selin, declare as follows:

1.      I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter.  I am admitted to practice law before this Court.  I submit this declaration in support of Defendants' Joint Administrative Motion to File Under Seal that is being filed concurrently herewith.  As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

1

1       2.      I have reviewed the following documents, which Google has identified and made

2   specific and narrowly tailored redactions to: (a) Defendant Google Inc.'s Notice of Motion and

3   Motion for Summary Judgment ("Google's Motion for Summary Judgment"), (b) certain

4   exhibits to the Declaration of Anne M. Selin in Support of Google's Motion for Summary

5   Judgment, (c) Professor Murphy's Merits Report filed in connection with Apple's Motion for

6   Summary Judgment, (d) Defendants' Motion to Exclude the Expert Testimony of Edward E.

7   Leamer, Ph.D. and accompanying exhibits, and (e) Defendants' Motion to Strike Improper

8   Rebuttal Testimony in Dr. Leamer's Reply Expert Report or For Leave to Submit a Reply Report

9   of Dr. Stiroh and accompanying exhibits.

10       3.      As detailed below, discrete portions of these documents contain highly

11   confidential and highly sensitive details about Google's compensation, hiring, and recruiting

12   practices that reflect Google's internal deliberations and business strategy related to how Google

13   recruits and how Google sets and structures compensation (including salary, bonus and equity)

14   for its employees.

15       4.      The basis for Google's proposed redactions identified in paragraphs 5-14 below

16   can be found in the Declarations of Frank Wagner (Google's Director of Compensation) that

17   were filed on October 9, 2012, November 12, 2012 and December 18, 2012 (Dkts. 201, 221 and

18   261, respectively) in this matter, which I have read and reviewed.  In those Declarations, Mr.

19   Wagner describes the competitive harm that Google would suffer if certain confidential

20   and highly sensitive details about Google's compensation, recruiting, and hiring strategies and

21   practices were made public, including confidential details about Google's internal deliberations

22   and business strategy related to how Google sets and structures compensation (including salary,

23   bonus and equity) for its employees.

24   **Google's Motion for Summary Judgment**

25       5.      The following lines of Google's Motion for Summary Judgment contain highly

26   confidential information and details about  Google's cross-hiring among the defendants and data

27   related to Google's hiring and separations, as well as the sources of Google's hiring: Page 4,

28   lines 4, 7, 8, and 10 (numbers and figures only).

1

**Declaration of Anne M. Selin In Support of Google's Motion for Summary Judgment ("Selin Declaration")**

2
3
4

6.     The following exhibits to the Selin Declaration contain highly confidential information and details about Google's recruiting, hiring, and compensation practices, including highly confidential documents detailing Google's hiring and retention strategies:

5          a)  Exhibit 15 [GOOG-HIGH-TECH-00433305]

6          b)  Exhibit 16 [GOOG-HIGH-TECH-00258494]

7          c)  Exhibit 17 [GOOG-HIGH-TECH-00223682.R]

8          d)  Exhibit 18 [GOOG-HIGH-TECH-00024150]

9          e)  Exhibit 19 [GOOG-HIGH-TECH-00193360.R]

10         f)  Exhibit 34 [Exhibit IV.I of Expert Report of Lauren Stiroh]

11         g)  Exhibit 35 [Appendix IA to Murphy Report]

12         h)  Exhibit 36 [Appendix IB to Murphy Report]

13

14

**Expert Report of Professor Kevin M. Murphy dated November 25, 2013 ("Murphy Report") filed in Connection with Apple's Motion for Summary Judgment**

15
16
17

7.     The following portions of the Murphy Report dated November 25, 2013 contain highly confidential information and details about Google's compensation and recruiting and retention strategies for its employees:

18
19         a)  Paragraph 86 (text in last sentence that begins after "total compensation at Google" and that ends before "from 2010 to 2011");

20
21         b)  Paragraph 88 (text in second sentence that begins after "mean base salaries at Google," and text in third sentence starting after "(i.e., stocks and options)");

22
23         c)  Exhibit 4 on Page 40 (related to Google's base salary and total compensation in 2003);

24
25         d)  Paragraph 89 (first sentence, text starting after "employee compensation");

26         e)   Footnote 128 (last sentence);

          f)  Footnote 130 (figures related to Google employee attrition only).

27

28

**Defendants' Motion to Exclude the Expert Testimony of Edward E. Leamer, Ph.D. (attaching Dr. Leamer's Reports dated Oct. 2012, Dec. 2012, and May 2013)**

8.     The following portions of Dr. Leamer's Expert Report dated October 1, 2012 contain highly confidential and highly sensitive details about Google's compensation, recruiting, and hiring strategies and practices, including confidential details about Google's internal deliberations and business strategy related to making counteroffers as well as responding to competition from a rival employer in an effort to retain employees:

     a)  Page 17, footnote 65 (rate of hires only)

     b)  Page 23, Figures 3 and 4 (rows pertaining to Google)

     c)  Page 27, footnote 101 (names of companies only)

     d)  Page 45, footnote 129 (select portion of footnote)

     e)  Page 45-46, footnote 135

     f)  Page 46, Paragraph 109

     g)  Page 46, footnote 139

     h)  Page 48, Paragraphs 115

     i)  Page 49, Paragraph 119

     j)  Page 49, footnote 155

     k)  Page 53, Figure 10 (row pertaining to Google)

     l)  Page 60, Figure 16

9.     The following portions of Dr. Leamer's Reply Report dated December 2012 contain highly confidential and highly sensitive details about Google's compensation, recruiting, and hiring strategies and practices, including confidential details about Google's internal deliberations and business strategy related to making counteroffers as well as responding to competition from a rival employer in an effort to retain employees:

     a)  Page 23, Heading C. (portion following "Big Bang")

     b)  Page 24, Paragraph 53 (number and percentage of Google employees hired by a competitor)

     c)  Page 24, footnote 69

     d)  Page 25, Paragraph 54 (last sentence)

1      e)  Page 26, Figure 1 (chart pertaining to Google)

2      10. Page 43, Figure 7 (chart pertaining to Google)

3      11.    The following portions of Dr. Leamer's Report Dated May 2013:   Page 31

4 (Figure 19) (charts titled "Google" and "All Defendants R&D"); and Exhibit 2 to the

5 Supplemental Leamer Report (Column titled "Job Title" and Column titled "Section 1" related to

6 Google).

7 **Defendants' Motion to Strike Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report or For Leave to Submit a Reply Report of Dr. Stiroh (attaching Dr. Leamer's merits expert reports and Dr. Lauren Stiroh's report dated November 25, 2013)**

8

9      12.    The following portions of the Stiroh Report dated November 25, 2013 contain

10 highly confidential information and details about Google's compensation for its employees:

11      a)  Paragraph 38 (compensation figures)

12      b)  Paragraph 40 and footnote 85 (on pages 17-18)

13      c)  Paragraph 41 and footnotes 86-87 (on page 18)

14      d)  Paragraph 43

15      e)  Paragraph 45 and footnotes 93-95, and footnote 100 (on Page 19-20)

16      f)  Paragraph 46 and footnotes 102, 104 and 105 (on Page 20)

17      g)  Paragraph 47

18      h)  Paragraph 111 and footnote 207 (on Page 42)

19      i)  Paragraph 112 and footnote 210

20      j)  Paragraph 122 and footnote 225

21      k)  Paragraph 135

22      l)  Paragraph 138 and footnote 235

23      m) Paragraph 139-140 and footnotes 236-237

24      n)  Paragraph 193

25      o)  Paragraph 206

26      p)  Paragraph 209

27      q)  Exhibits III.17, III.18, III.19, III.20, III.21, III.22, III.23, III.24, III.54, III.55, IV.1

28

1    IV.8, IV.12, IV.15, IV.19, IV.22, IV.27, IV.30, IV.33, IV.36, VII.3, and Appendix

2    Exhibit III.I

3    13.    The following portions of Dr. Leamer's Report dated October 28, 2013 contains

4    highly confidential class summary data:  Figure 2 (only columns 3, 4 and 5).

5    14.    The following portions of Dr. Leamer's Report dated December 11, 2013 contain

6    highly confidential information and details about Google's compensation for its employees:

7        a)   Heading IV.D.2 (regarding confidential Google compensation proposal and

8             decision)

9        b)   Table 1 (columns 3, 4 and 5 pertaining to Google)

10       c)   Paragraph 43 (and Heading 2 on page 25)

11       d)   Figure 8 (both charts pertaining to Google salaries)

12       e)   Paragraph 47 (portion regarding confidential Google compensation proposal and

13            decision)

14       f)   Figure 14 (regarding average total compensation)

15       g)   Paragraph 5 of Appendix A on page 77 (dollar figures only pertaining to salary

16            ranges)

17   15.    Based on the previous declarations submitted by Frank Wagner, the information

18   identified in Paragraphs 5-14 above is confidential and highly sensitive commercial information,

19   from which Google derives economic benefit by maintaining its confidentiality.  Dkts. 201, 221

20   and 261.  Google does not disclose this information to its competitors, customers or the general

21   public.  *Id.*  Public disclosure of this information would likely result in competitive harm to

22   Google by giving third parties, including its competitors in the labor market, direct insight into

23   confidential and sensitive aspects of Google's internal decision-making processes and business

24   strategy related to employee compensation.  *Id.*

25   I declare under penalty of perjury under the laws of the United States that the foregoing is

26   true and correct.

27   Executed on January 9, 2014 in Palo Alto, California.         /s/    Anne M. Selin

                                                                  Anne M. Selin
28