1    Robert A. Mittelstaedt (State Bar No. 60359)
     ramittelstaedt@jonesday.com
2    David C. Kiernan (State Bar No. 215335)
     dkiernan@jonesday.com
3    Lin W. Kahn (State Bar No. 261387)
     linkahn@jonesday.com
4    JONES DAY
     555 California Street, 26th Floor
5    San Francisco, CA 94104
     Telephone: (415) 626-3939
6    Facsimile: (415) 875-5700

7    Attorneys for Defendant
     Adobe Systems Inc.
8
     [Additional counsel listed on signature page]
9

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13

14   IN RE: HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
                                            **DEFENDANTS' JOINT**
15   THIS DOCUMENT RELATES TO:             **ADMINISTRATIVE MOTION TO SEAL**

16   ALL ACTIONS

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Local Rule 7-11 and 79-5, defendants Adobe Systems, Inc., Apple Inc.,

2  Google Inc., and Intel Corporation (collectively, "Defendants") hereby jointly move to seal

3  redacted portions of the following:

4    (i) Exhibits attached to the Declaration of Victoria Weatherford filed in support of

5  Apple's Motion for Summary Judgment ("Apple MSJ");

6    (ii) Google's Motion for Summary Judgment ("Google MSJ") and exhibits attached to

7  the Declaration of Anne Selin filed in support thereof;

8    (iii) Exhibits attached to the Declaration of Christina Brown filed in support of

9  Defendants' Motion to Exclude the Expert Testimony of Edward E. Leamer, Ph.D. ("Leamer

10  *Daubert* Motion"); and

11    (iv) Exhibits attached to the Declaration of Christina Brown filed in support of

12  Defendants' Motion to Strike Improper Rebuttal Testimony in Dr. Leamer's Reply Expert

13  Report or, in the Alternative, for Leave to Submit a Reply Report of Dr. Stiroh ("Motion to

14  Strike Improper Rebuttal Testimony").

15    The redacted information has been designated Confidential or Attorneys' Eyes Only

16  under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  Defendants are

17  concurrently filing declarations in support of the respective sealing requests.

18  **I.    LEGAL STANDARD**

19    Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial

20  court to permit sealing of documents for, inter alia, the protection of "a trade secret or other

21  confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).

22  Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit

23  has ruled that documents should be sealed when "compelling reasons" exist for protecting

24  information from public disclosure.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172,

25  1178-79 (9th Cir. 2006).  Courts have found that "[o]ne factor that weighs in favor of sealing

26  documents [under the compelling reasons standard] is when the release of the document will

27  cause competitive harm to a business."  *Apple v. Samsung*, 727 F.3d 1214, 1221-22 (Fed. Cir.

28  2013); *Apple Inc. v. PsystarCorp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of

1    materials that could result in infringement upon trade secrets has long been considered a factor

2    that would overcome this strong presumption."); *see also Nixon v. Warner Commc'n, Inc.*, 435

3    U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the power of a court to

4    insure that its records" are not used as "sources of business information that might harm a

5    litigant's competitive standing").  Moreover, the release of trade secrets constitutes "compelling

6    reasons" sufficient to outweigh the public's interest in disclosure.  *Samsung*, 727 F.3d at 1221-

7    22.

8         By contrast, documents submitted with a non-dispositive motion need only meet a

9    showing of "good cause" under Federal Rule of Civil Procedure 26(c).  *Navarro v. Eskanos &*

10   *Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. Mar. 22, 2007) (citing

11   *Kamakana*, 447 F.3d at 1180 ("[A] 'particularized showing' under the 'good cause' standard of

12   Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached

13   to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115

14   (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the

15   'good cause' standard when parties wish to keep them under seal.").

16   **II.    COMPELLING REASONS EXIST TO SEAL CONFIDENTIAL INFORMATION**

17          **SUBMITTED IN SUPPORT OF THE MOTIONS FOR SUMMARY JUDGMENT**

18          **AND LEAMER *DAUBERT* MOTION.**

19        The redacted portions of the exhibits filed in support of the Apple MSJ, Google MSJ, and

20   Leamer *Daubert* Motion contain highly confidential and commercially sensitive information

21   about employee compensation, including Defendants' compensation data as well as information

22   that reflects Defendants' internal business strategies related to compensation and internal

23   assessments of their and other employers' competitive position in the labor market.  Defendants

24   also seek to keep under seal materials that reflect confidential hiring data, which reveal

25   confidential recruiting and hiring strategies, practices, and policies.  Defendants designated the

26   foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

27        As the concurrently filed declarations demonstrate, Defendants keep the sealed

28   information confidential and the public disclosure of this information would cause each

-3-

1    Defendant harm by giving third-parties (including individuals responsible for competitive

2    decision-making) insights into confidential and sensitive aspects of each of the Defendants'

3    strategies, competitive positions, and business operations, allowing these third-parties to

4    potentially gain an unfair advantage in dealings with and against each of the Defendants.

5           This type of information is regularly sealed because disclosure could cause competitive

6    harm.  *See, e.g., Rich v. Shrader*, No. 09CV652, WL 6028305, at *3-4 (S.D. Cal. Nov. 13, 2013)

7    (granting motion to seal deposition testimony attached to summary judgment motion that

8    contains "information on Booz Allen compensation policies" and "internal policies and controls

9    with regards to employee performance and review"); *Krieger v. Atheros Commc'ns, Inc*., No. 11-

10   CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (sealing "sensitive

11   and confidential information, including long-term financial projections, discussions of business

12   strategy, and competitive analyses" under the compelling reasons standard); *EEOC v. Kokh,*

13   *LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla.

14   Aug. 09, 2012) (sealing summary judgment materials that discuss "confidential salary

15   information"); *Network Appliance, Inc. v. Sun Microsystems Inc*., No. C-07-06053, 2010 U.S.

16   Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding

17   [defendant's] business strategies and opportunities that were not widely distributed"); *see also*

18   *TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, No. CV 09-531, 2011 U.S. Dist. LEXIS

19   143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information,"

20   under compelling reasons standard, including business strategy documents, such as information

21   relating to "product competitiveness, and market and technological opportunities and risks").

22          Moreover, the redacted information constitutes trade secrets, defined as "any formula,

23   pattern, device or compilation of information which is used in one's business, and which gives

24   him an opportunity to obtain an advantage over competitors who do not know or use it."

25   *Samsung*, 727 F.3d at 1221-22.  As evidenced by the concurrently filed declarations, the

26   information Defendants seek to seal relate to Defendants' internal business practices and

27   strategies used in compensating, recruiting, and hiring employees, as well as the confidential

28   terms of business agreements.  This falls plainly within the trade secrets definition.  *Id.*; *see also*

-4-

1   *In re Electronic Arts, Inc.*, 298 F. App'x. 568, 569-70 (9th Cir. 2008).

2   **III.    GOOD CAUSE EXISTS TO SEAL CONFIDENTIAL INFORMATION IN**

3   **CONNECTION WITH DEFENDANTS' MOTION TO STRIKE IMPROPER**

4   **REBUTTAL TESTIMONY.**

5        Defendants also seek to seal portions of exhibits filed in support of the Motion to Strike

6   Improper Rebuttal Testimony, subject to the "good cause" standard.  Much of these exhibits

7   contain the same commercially sensitive information as described above.  As shown by the

8   concurrently filed declarations, Defendants move to seal redacted portions of exhibits regarding

9   compensation and recruiting strategies, methods, practices, and policies.  To the extent that this

10  information satisfies the "compelling reasons" standard discussed above, it also meets the lower

11  "good cause" standard.  *See e.g., In re Wells Fargo Loan Processor Overtime Pay Litig.,* No. C

12  07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008)

13  (noting that a "compensation policy" was filed under seal in connection with non-dispositive

14  motion).  Moreover, much of this information has been previously sealed by this Court under the

15  "good cause" standard.  *See, e.g.,* January 15, 2013 Sealing Order (Dkt. 273); September 19,

16  2013 Sealing Order (Dkt. 509).  For example, Defendants request sealing of discussions in the

17  Expert Report of Lauren Stiroh that are based on Defendants' company declarations which the

18  Court has previously sealed.  January 15, 2013 Sealing Order (Dkt. 273) at 17-19.

19  **IV.    INFORMATION DESIGNATED CONFIDENTIAL BY OTHER PARTIES.**

20       Finally, pursuant to Local Rule 79-5(e), Defendants seek to seal certain information

21  which reflect documents designated as "CONFIDENTIAL" or "CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" under the Protective Order by Plaintiffs, Intuit Inc., Lucasfilm,

23  and Pixar.  The redacted portions which fall under this category are detailed in the accompanying

24  Declaration of Lin W. Kahn.  Defendants take no position on whether the designated documents

25  satisfy the requirements for sealing.

26  **I.    CONCLUSION**

27       For the foregoing reasons, Defendants respectfully request that this Court order the

28  above-referenced materials be placed under seal.

1

2     Dated:  January 9, 2014          JONES DAY

3
                                      By:        /s/ Lin W. Kahn
4                                                Lin W. Kahn

5                                     Robert A. Mittelstaedt
                                      David C. Kiernan
6                                     Lin W. Kahn
                                      555 California Street, 26th Floor
7                                     San Francisco, CA  94104
                                      Telephone:  (415) 626-3939
8                                     Facsimile:   (415) 875-5700

9                                     *Attorneys for Defendant ADOBE SYSTEMS, INC.*

10    Dated:  January 9, 2014          O'MELVENY & MYERS LLP

11
                                      By:        /s/ Michael F. Tubach
12                                               Michael F. Tubach

13                                    George Riley
                                      Michael F. Tubach
14                                    Christina J. Brown
                                      Two Embarcadero Center, 28th Floor
15                                    San Francisco, CA  94111
                                      Telephone:  (415) 984-8700
16                                    Facsimile:   (415) 984-8701

17                                    *Attorneys for Defendant APPLE INC.*

18    Dated:  January 9, 2014          MAYER BROWN LLP

19
                                      By:        /s/ Lee H. Rubin
20                                               Lee H. Rubin

21                                    Lee H. Rubin
                                      Donald M. Falk
22                                    Anne Selin
                                      Two Palo Alto Square
23                                    3000 El Camino Real, Suite 300
                                      Palo Alto, CA  94306-2112
24                                    Telephone:  (650) 331-2057
                                      Facsimile:   (650) 331-4557
25
                                      *Attorneys for Defendant GOOGLE INC.*
26

27

28
                                      -6-

1   Dated:  January 9, 2014            MUNGER, TOLLES & OLSON LLP

2
                                        By:        /s/ Gregory P. Stone
3                                                  Gregory P. Stone

4                                       Gregory P. Stone
                                        Bradley S. Phillips
5                                       Steven M. Perry
                                        Gregory Sergi
6                                       355 South Grande Ave., 35th Floor
                                        Los Angeles, CA 90071
7                                       Telephone:  (213) 683-9100
                                        Facsimile:   (213) 687-3702
8
                                        *Attorneys for Defendant INTEL CORPORATION*
9
10  Dated:  January 9, 2014            KEKER & VAN NEST LLP

11
                                        By:        /s/ Robert A. Van Nest
12                                                 Robert A. Van Nest

13                                      Robert A. Van Nest
                                        Daniel Purcell
14                                      Eugene M. Paige
                                        Justina Sessions
15                                      633 Battery Street
                                        San Francisco, CA 94111-1809
16                                      Telephone:  (415) 391-5400
                                        Facsimile:   (415) 397-7188
17
                                        *Attorneys for Defendant Google Inc.*
18
19  **ATTESTATION**:  Pursuant to Local Rules, the filer attests that concurrence in the filing of this

20  document has been obtained from all signatories.

21

22
    SFI-848641v1
23

24

25

26

27

28

-7-