EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

DEBORAH A. GARZA (*pro hac vice*)
dgarza@cov.com
JOHN W. NIELDS JR. (*pro hac vice*)
jnields@cov.com
THOMAS A. ISAACSON (*pro hac vice*)
tisaacson@cov.com
CHINUE RICHARDSON (*pro hac vice*)
crichardson@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Attorneys for Defendants
PIXAR and LUCASFILM LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**PIXAR AND LUCASFILM'S JOINT RESPONSE TO NON-SETTLING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, Defendants Pixar and Lucasfilm Ltd. ("Lucasfilm") hereby jointly move to seal portions of the Expert Report of Lauren Stiroh ("Stiroh Report") (Dkt. No. 574), which was filed in connection with Non-Settling Defendants' Motion To Exclude the Expert Testimony of Edward E. Leamer, Ph.D. ("Leamer *Daubert* Motion") (Dkt. No. 570).  Lucasfilm also moves to seal portions of Exhibit 32 to the Declaration of Anne Selin (Dkt. No. 569) in support of Google's Motion for Summary Judgment.

The information Pixar and Lucasfilm seek to seal has been designated Confidential and/or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  Pixar's declaration of James M. Kennedy and Lucasfilm's declaration of Rhonda Hjort in support of their sealing requests are being filed concurrently with this response.

**I.     LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 WL 902550, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

By contrast, where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Courts have found that "[o]ne factor that weighs in favor of

PIXAR AND LUCASFILM'S JOINT RESPONSE TO NON-SETTLING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

2

1  sealing documents [under the compelling reasons standard] is when the release of the document
2  will cause competitive harm to a business." *Apple v. Samsung*, 727 F.3d 1214, 1221-22 (Fed.
3  Cir. 2013); *see also Nixon v. Warner Commc'n, Inc*., 435 U.S. 589, 598 (1978) ("common-law
4  right of inspection has bowed before the power of a court to insure that its records" are not used
5  as "sources of business information that might harm a litigant's competitive standing").
6  Moreover, the release of trade secrets constitutes "compelling reasons" sufficient to outweigh
7  the public's interest in disclosure. *Samsung*, 727 F.3d at 1221-22.

**II.   GOOD CAUSE EXISTS TO SEAL PIXAR'S AND LUCASFILM'S CONFIDENTIAL INFORMATION SUBMITTED IN CONNECTION WITH THE NON-SETTLING DEFENDANTS' LEAMER *DAUBERT* MOTION.**

Pixar and Lucasfilm seek to seal portions of the Stiroh Report, filed in connection with Non-Settling Defendants' Leamer *Daubert* Motion:  Pixar seeks to seal portions of lines 2 and 4 of paragraph 77, and Lucasfilm portions of lines 9 and 10 of paragraph 71 of the Stiroh Report (Dkt. No. 574).  These portions of the Stiroh report contain confidential and commercially sensitive information about employee compensation structure and benchmarking targets.  Pixar and Lucasfilm designated the foregoing information "Confidential" and/or "Attorneys Eyes Only" under the Protective Order.

As Pixar's and Lucasfilm's supporting declarations demonstrate, Pixar and Lucasfilm kept the redacted information confidential, and the public disclosure of this information would cause Pixar and/or Lucasfilm harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Pixar's and/or Lucasfilm's compensation strategies, benchmarking targets, and competitive positions, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Pixar and/or Lucasfilm.

Compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litig.*, No. C 07-01841, 2008 WL 2397424, at *5 (N.D. Cal. June 10, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010)

PIXAR AND LUCASFILM'S JOINT RESPONSE TO NON-SETTLING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

3

1  (granting a temporary restraining order to enjoin a former employee from using a company's
2  "confidential and/or trade secret employee compensation information").

### III. COMPELLING REASONS EXIST TO SEAL LUCASFILM'S CONFIDENTIAL INFORMATION SUBMITTED IN SUPPORT OF DEFENDANT GOOGLE'S MOTION FOR SUMMARY JUDGMENT.

Lucasfilm further seeks to seal portions of Exhibit 32 to the Selin Declaration (Dkt. No. 569) filed in support of Google's Motion for Summary Judgment. The redacted portions of Exhibit 32 to the Selin Declaration contain highly confidential and commercially sensitive information about Lucasfilm's customers and other companies with which Lucasfilm's subsidiary, Industrial Light & Magic ("ILM") does business. Lucasfilm does not seek to seal portions of the document that discuss other defendants in the case or companies that are no longer in business. The disclosure of the specifics of ILM's relationship with its customers and other companies with which it does business to any other would harm those business relationships. The redacted portions also disclose ILM's recruiting and hiring practices. Lucasfilm designated the foregoing information "Confidential" under the Protective Order. As the concurrently filed Declaration of Rhonda Hjort demonstrates, Lucasfilm has kept the sealed information confidential, and the public disclosure of this information would cause Lucasfilm harm by giving third parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of ILM's relationships with its customers and other companies with which ILM does business, and of ILM's recruiting and hiring practices, damaging ILM's relationships with those companies and allowing third parties to potentially gain an unfair advantage in competing with Lucasfilm.

This type of information is regularly sealed because disclosure could cause competitive harm. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (sealing "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses" under the compelling reasons standard); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not

PIXAR AND LUCASFILM'S JOINT RESPONSE TO NON-SETTLING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

4

widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under compelling reasons standard, including business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

## IV.   CONCLUSION

For the foregoing reasons, Pixar and Lucasfilm respectfully request that this Court order the requested portions of the Stiroh Report to be placed under seal. Lucasfilm further respectfully requests that this Court order the requested portions of Exhibit 32 to the Selin Declaration in Support of Google's Motion for Summary Judgment to be placed under seal.

A proposed order is attached. A copy of Exhibit 32 to the Selin Declaration showing Lucasfilm's proposed redactions highlighted in yellow will also be lodged with the Clerk.

Dated: January 13, 2014                                   COVINGTON & BURLING LLP

By:   */s/ Emily Johnson Henn*

*Attorneys for Defendants PIXAR and LUCASFILM LTD.*

PIXAR AND LUCASFILM'S JOINT RESPONSE TO NON-SETTLING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:11-cv-2509-LHK

5