Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
INTUIT INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**INTUIT'S RESPONSE TO JOINT ADMINISTRATIVE MOTION TO SEAL** |

Pursuant to Local Rule 7-11 and 79-5, defendant Intuit Inc., hereby responds to Defendants' Joint Motion to Seal Exhibits related to Apple's and Google's Motions for Summary Judgment, Defendants' Motion to Exclude Testimony of Edward E. Leamer, Ph.D, ("Leamer *Daubert* Motion"), and Defendants' Motion to Strike Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report or, in the Alternative, for Leave to Submit a Reply Report of Dr. Stiroh ("Motion to Strike Improper Rebuttal Testimony"). For the reasons stated in this response, and the attached declaration, Intuit requests that the Court seal the redacted portions of the following as proposed by Defendants' joint motion:

(i) Exhibits attached to the Declaration of Christina Brown filed in support of the Leamer *Daubert* Motion; and

(ii) Exhibits attached to the Declaration of Christina Brown filed in support of the Motion to Strike Improper Rebuttal Testimony.

The redacted information has been designated Confidential or Attorneys' Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Attached hereto as Exhibit A is a declaration in support of the sealing request.

## I. **LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Courts have found that "[o]ne factor that weighs in favor of sealing documents [under the compelling reasons standard] is when the release of the document will cause competitive harm to a business." *Apple v. Samsung*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013); *Apple Inc. v. PsystarCorp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner Commc'n, Inc.*, 435

1  U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the power of a court to
2  insure that its records" are not used as "sources of business information that might harm a
3  litigant's competitive standing").  Moreover, the release of trade secrets constitutes "compelling
4  reasons" sufficient to outweigh the public's interest in disclosure.  *Samsung*, 727 F.3d at 1221-
5  22.
6       By contrast, documents submitted with a non-dispositive motion need only meet a
7  showing of "good cause" under Federal Rule of Civil Procedure 26(c).  *Navarro v. Eskanos &*
8  *Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. Mar. 22, 2007) (citing
9  *Kamakana*, 447 F.3d at 1180 ("[A] 'particularized showing' under the 'good cause' standard of
10 Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached
11 to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115
12 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the
13 'good cause' standard when parties wish to keep them under seal.").

14 **II.   COMPELLING REASONS EXIST TO SEAL CONFIDENTIAL INFORMATION**
15 **SUBMITTED IN SUPPORT OF THE MOTIONS FOR SUMMARY JUDGMENT**
16 **AND LEAMER *DAUBERT* MOTION.**

17      The redacted portions of the exhibits filed in support of the Leamer *Daubert* Motion
18 contains highly confidential and commercially sensitive information about Intuit's specific job
19 title and employee compensation.  Intuit designated the foregoing information "Confidential" or
20 "Attorneys Eyes Only" under the Protective Order.
21      As the attached declaration demonstrates, Intuit keeps the sealed information confidential
22 and the public disclosure of this information would cause Intuit harm by giving third-parties
23 (including individuals responsible for competitive decision-making) insights into confidential
24 and sensitive aspects of Intuit's strategies, competitive positions, and business operations,
25 allowing these third-parties to potentially gain an unfair advantage in dealings with and against
26 Intuit.
27      This type of information is regularly sealed because disclosure could cause competitive
28 harm.  *See, e.g., Rich v. Shrader*, No. 09CV652, WL 6028305, at *3-4 (S.D. Cal. Nov. 13, 2013)

(granting motion to seal deposition testimony attached to summary judgment motion that contains "information on Booz Allen compensation policies" and "internal policies and controls with regards to employee performance and review"); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (sealing summary judgment materials that discuss "confidential salary information").

Moreover, the redacted information constitutes trade secrets, defined as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Samsung*, 727 F.3d at 1221-22. As evidenced by the attached declaration, the information Intuit seeks to seal relates to Intuit's internal business practices and strategies used in compensating employees. This falls plainly within the trade secrets definition. *Id.*; *see also In re Electronic Arts, Inc.*, 298 F. App'x. 568, 569-70 (9th Cir. 2008).

### III. GOOD CAUSE EXISTS TO SEAL CONFIDENTIAL INFORMATION IN CONNECTION WITH DEFENDANTS' MOTION TO STRIKE IMPROPER REBUTTAL TESTIMONY.

Intuit also seeks to seal portions of exhibits filed in support of the Motion to Strike Improper Rebuttal Testimony, subject to the "good cause" standard. Much of these exhibits contain the same commercially sensitive information as described above. As shown by the attached declaration, Intuit moves to seal redacted portions of exhibits regarding compensation strategies, methods, practices, and policies. To the extent that this information satisfies the "compelling reasons" standard discussed above, it also meets the lower "good cause" standard. *See e.g., In re Wells Fargo Loan Processor Overtime Pay Litig.,* No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal in connection with non-dispositive motion). Moreover, much of this information has been previously sealed by this Court under the "good cause" standard. *See, e.g.,* January 15, 2013 Sealing Order (Dkt. 273); September 19, 2013 Sealing Order (Dkt. 509).

//

## IV. CONCLUSION

For the foregoing reasons, Intuit respectfully requests that this Court order the above-referenced materials be placed under seal.

Dated: January 13, 2014    JONES DAY

By:   /s/ David C. Kiernan
         David C. Kiernan

Robert A. Mittelstaedt
David C. Kiernan
Lin W. Kahn
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant Intuit, INC.*