# EXHIBIT A


Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF MASON STUBBLEFIELD IN SUPPORT OF MOTION TO SEAL**<br><br>Date Consolidated Amended Compl. Filed: September 13, 2011 |

I, Mason Stubblefield, declare as follows:

1. I am employed by Intuit Inc. as the Vice President of Human Resources, Head of Total Rewards. I have been acting in this position since February 2012. From 2008 to 2012, I was employed by Intuit in its Human Resources department in various positions supporting Intuit business units. From 2004 to 2008, I was employed as the Total Rewards Leader in Intuit's compensation department.

2. I make the statements in this declaration based on my personal knowledge gained during my current and former positions in Intuit's compensation department. As to Intuit's compensation practices described in this declaration during the period in which I was not employed in the compensation department, fulfilling the duties of my current position has required that I be knowledgeable about those practices and I have gained that knowledge by reviewing Intuit's business records and participating in business meetings and discussions with other employees at Intuit.

3. I make this declaration in support of Defendants' Motion to Seal documents filed in connection with Defendants' Motion to Exclude the Expert Testimony of Edward E. Leamer, Ph.D. and Defendants' Motion to Strike Edward E. Leamer's Reply Report Or For Leave to File Reply Report of Lauren Stiroh. If called and sworn as a witness, I could and would competently testify to the matters stated below.

4. I have reviewed the following portions of documents that Intuit seeks to redact and file under seal:

   a. Reply Expert Report of Edward E. Leamer, Ph.D., December 11, 2013 ("Leamer Report 12/11/13"), ¶ 6, page 77; and

   b. Expert Report of Lauren J. Stiroh, November 25, 2013 ("Stiroh Report 11/25/2013"), ¶¶ 59-67 pages 25-27; Exhibits III.34-40; and Exhibit IV.15, page 125-136.

5. Through my work in Intuit's Human Resources Department, I am familiar with the information contained in these redacted portions and exhibits and how that information is and was maintained at Intuit.

## I. Leamer Report 12/11/2013

6. Paragraph 6 contains confidential Intuit compensation information about the average compensation of Intuit Technical Class members and about the specific salary of Senior Software Engineers.

## II. Stiroh Report 11/25/2013

7. Paragraphs 59 to 67 contain confidential Intuit compensation information, including types of compensation provided to employees, ways in which Intuit differentiates employee compensation, and the criteria and process that Intuit uses to determine employee compensation.

8. Exhibits III.34-40 reveals confidential information regarding the average compensation for Intuit Technical Class members and the averages of the various components of Intuit's compensation packages.

9. Exhibit IV.15, pages 125-136, reveal confidential information about the number of employees in Intuit's specific job titles in each year.

10. Intuit's practice is to keep the above information, and other similar information, confidential, for internal use only, and not to disclose them to the public. I am informed and believe that Intuit has taken reasonable steps to ensure that these and similar documents and data remain confidential, including by designating them "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this Action.

11. The public disclosure of this information would competitively harm Intuit, including impairing its competitive position in recruiting, hiring, and compensating employees, and potentially reveal confidential strategy used in compensating employees. This information reveals strategies and methods developed to improve its ability to compensate its employees competitively.

12. Intuit derives significant independent economic value from keeping its compensation data and compensation strategies, practices, and policies confidential, including keeping it from other persons and entities who could obtain economic value from its disclosure or use. The disclosure of this information would put Intuit at a significant disadvantage as to any

competitor that received this information.

13. Moreover, the public disclosure of this information, created for internal use, would give third-parties insights into confidential and sensitive aspects of Intuit's operations and deprive Intuit of its investment in developing these practices, strategies, and policies. Such disclosure would give other entities an unearned advantage by giving them the benefit of knowing how Intuit compensates employees and Intuit's compensation, recruiting, and hiring practices, strategies, and policies.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 10th day of January 2014 in Mountain View, California.

By: _____
Mason Stubblefield