MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2061

*Attorneys for Defendant Google Inc.*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master Docket No. 11-CV-2509-LHK

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY DEFENDANTS**

Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, defendants Adobe Systems, Inc., Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm Ltd., and Pixar (collectively, "Defendants") hereby jointly respond to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants and Declaration of Lisa J .Cisneros in Support Thereof (Dkt. 567) filed on January 9, 2014.

Defendants seek to seal portions of the following exhibits to the Declaration of Lisa J. Cisneros in Support of Plaintiffs' Motion to Exclude Expert Testimony Proferred by Defendants and Memorandum of Law in Support ("Cisneros Declaration"): (1) Cisneros Declaration Exhibit 2 (Portions of the Expert Report of Lauren J. Stiroh); (2) Cisneros Declaration Exhibit 4 (Portions of the Expert Report of David Lewin); (3) Cisneros Declaration Exhibit 5 (Portions of the Expert Report of Elizabeth Becker); (4) Cisneros Declaration Exhibit 7 (Portions of the August 25, 2013 Expert Report of Kevin M. Murphy and supporting appendices); (5) Cisneros Declaration Exhibit 8 (Portions of the Amended Expert Report of Edward A. Snyder); (6) Portions of Exhibit 10 (Portions of the Expert Report of Eric Talley); and (7) Cisneros Declaration Exhibit 13 (Portions of the Rebuttal Supplemental Expert Report of Edward E. Leamer) (collectively, the "Sealed Materials"). The Sealed Materials have been designated Confidential or Attorneys-Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Defendants are filing corresponding declarations in support of their respective sealing requests.

## I. <u>LEGAL STANDARD</u>

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana*

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION

The redacted portions of the Sealed Materials contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data, as well as information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. Defendants also seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or candidates. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As each of the Defendants' separately filed declarations demonstrate, Defendants kept the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants. A significant portion of the sealed information is employee compensation data. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164,

2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information.").

Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation*, No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good causes exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information

regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Additionally, good cause exists to seal information pertaining to Defendants' recruiting policies and practices that are proprietary business methods and/or trade secrets. This confidential and commercially sensitive business information is non-public and should remain confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d) (defining trade secrets as information that "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

Good cause also exists for sealing the identities and personal contact information of specific employees or applicants that are contained in the Sealed Materials. These employees or applicants have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order the portions of the Sealed Materials identified in each Defendant's declaration to be placed under seal. In accordance with Civil Local Rule 79-5(d), a proposed order granting Defendants' Response to Plaintiffs' Administrative Motion to Seal will be lodged with the Clerk in hard copy and served on counsel for Plaintiffs. In accordance with Civil Local Rule 79-5(d), Defendants' proposed redacted versions of the Sealed Materials are being lodged with the Clerk in hard copy showing proposed redacted portions highlighted in yellow within a sealed envelope.

Dated: January 13, 2014

MAYER BROWN LLP

By: *\/s/ Lee H. Rubin*
Lee H. Rubin

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2057
Facsimile: (650) 331-4557

Date: January 13, 2014

*KEKER & VAN NEST LLP*

*By: /s/ Robert A. Van Nest*
*Robert A. Van Nest*

Robert A. Van Nest
Daniel Purcell
Eugene M. Paige
Justina Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendants GOOGLE INC..*

Dated: January 13, 2014

O'MELVENY & MYERS LLP

By: */s/ Michael F. Tubach*
Michael F. Tubach

George Riley
Michael F. Tubach
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated: January 13, 2014

MUNGER, TOLLES & OLSON LLP

By: /s/ Gregory P. Stone
Gregory P. Stone

Gregory P. Stone
Bradley S. Phillips
Gregory Sergi
John Mittelbach
355 South Grande Ave., 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant INTEL CORPORATION*

Dated: January 13, 2014

JONES DAY

By: /s/ Lin W. Kahn
Lin W. Kahn

Robert A. Mittelstaedt
David C. Kiernan
Lin W. Kahn
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: January 13, 2014

JONES DAY

By: /s/ David C. Kiernan

Robert A. Mittelstaedt
Craig E. Stewart
David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant INTUIT INC.*

Dated: January 13, 2014

COVINGTON & BURLING LLP

By: ______/s/ Emily Johnson Henn________

Emily Johnson Henn
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Deborah A. Garza (*pro hac vice*)
Chinue T. Richardson (*pro hac vice*)
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants PIXAR and LUCASFILM LTD.*

**ATTESTATION**: The filer attests that concurrence in the filing of this document has been obtained from all signatories.