MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF ANNE M. SELIN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY DEFENDANTS** |

I, Anne M. Selin, declare as follows:

1.      I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter.  I am admitted to practice law before this Court.  I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion to Exclude Expert Testimony Proferred by Defendants that is being filed concurrently herewith.  As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the

1

1   facts stated in this declaration and if called as a witness, I could and would competently testify to

2   them.

3         2.      I have reviewed the following exhibits to the Declaration of Lisa J. Cisneros in

4   Support of Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants and

5   Memorandum of Law in Support ("Cisneros Declaration"):  (1) Cisneros Declaration Exhibit 2

6   (Expert Report of Lauren J. Stiroh); (2) Cisneros Declaration Exhibit 4 (Expert Report of David

7   Lewin); (3) Cisneros Declaration Exhibit 5 (Expert Report of Elizabeth Becker); (4) Cisneros

8   Declaration Exhibit 7 (August 25, 2013 Expert Report of Kevin M. Murphy and supporting

9   appendices); (5) Cisneros Declaration Exhibit 8 (Amended Expert Report of Edward A. Snyder);

10  (6) Cisneros Declaration Exhibit 10 (Expert Report of Eric Talley); and (7) Cisneros Declaration

11  Exhibit 13 (Rebuttal Supplemental Expert Report of Edward E. Leamer) (collectively, the

12  "Cisneros Declaration Exhibits").

13        3.      As detailed below, discrete portions of the Cisneros Declaration Exhibits contain

14  highly confidential and highly sensitive details about Google's compensation, hiring, and

15  recruiting practices that reflect Google's internal deliberations and business strategy related to

16  how Google hires and recruits its employees and how Google sets and structures compensation

17  (including salary, bonus and equity) for its employees.  Google has identified and made specific

18  and narrowly tailored redactions to the Sealed Materials as detailed in paragraphs 5-11 below.

19        4.      The basis for Google's proposed redactions identified in paragraphs 5-11 below

20  can be found in the Declarations of Frank Wagner (Google's Director of Compensation) that

21  were filed on October 9, 2012, November 12, 2012 and December 18, 2012 (Dkts. 201, 221 and

22  261, respectively) in this matter, which I have read and reviewed.  In those Declarations, Mr.

23  Wagner describes the competitive harm that Google would suffer if certain confidential

24  and highly sensitive details about Google's compensation, recruiting, and hiring strategies and

25  practices were made public, including confidential details about Google's internal deliberations

26  and business strategy related to how Google sets and structures compensation (including salary,

27  bonus and equity) for its employees.

28

**Portions of the Expert Report of Lauren J. Stiroh (Exhibit 2 to Cisneros Declaration)**

5.     The following portions of the Stiroh Report dated November 25, 2013 contain highly confidential information and details about Google's compensation for its employees, including details about an original and revised compensation proposal reflecting a change in Google's compensation program for Google employees and a detailed description of the reasons behind the change to Google's compensation program:

a)  Paragraph 38 (compensation figures)

b)  Paragraph 40 and footnote 85 (on pages 17-18)

c)  Paragraph 41 and footnotes 86-87 (on page 18)

d)  Paragraph 43

e)  Paragraph 45 and footnotes 93-95, and footnote 100 (on Page 19-20)

f)  Paragraph 46 and footnotes 102, 104 and 105 (on Page 20)

g)  Paragraph 47

h)  Paragraph 111 and footnote 207 (on Page 42)

i)  Paragraph 112 and footnote 210

j)  Paragraph 122 and footnote 225

k)  Paragraph 135

l)  Paragraph 138 and footnote 235

m)  Paragraph 139-140 and footnotes 236-237

n)  Paragraph 193

o)  Paragraph 206

p)  Paragraph 209

q)  Exhibits III.17, III.18, III.19, III.20, III.21, III.22, III.23, III.24, III.54, III.55, IV.1, IV.8, IV.12, IV.15, IV.19, IV.22, IV.27, IV.30, IV.33, IV.36, and VII.3

r)  Appendix Exhibit III.I.

**Portions of the Expert Report of David Lewin, Ph.D. (Exhibit 4 to Cisneros Declaration)**

6.     The following portions of the Lewin Report contain highly confidential and sensitive details about Google's compensation practices, including details about an original and

revised compensation proposal reflecting a change in Google's compensation program for Google employees and a detailed description of the reasons behind the change to Google's compensation program:

    a)  Paragraph 46

    b)  Exhibit 13B

    c)  Exhibit 13C

    d)  Exhibit 14B

    e)  Exhibit 15B

    f)  Exhibit 15C

    g)  Exhibit 16 B

    h)  Exhibit 16C

**Portions of the Expert Report of Elizabeth Becker, Ph.D., dated November 25, 2013 (Exhibit 5 to the Cisneros Declaration)**

7.  The following portions of the Becker Report and accompanying exhibits, appendices, and attachments contain highly confidential and sensitive details about Google's compensation practices, including details about an original and revised compensation proposal reflecting a change in Google's compensation program for Google employees and a detailed description of the reasons behind the change to Google's compensation program.

    a)  Paragraph 34

    b)  Paragraphs 38-40 and footnote 38

    c)  Paragraphs 82-84

    d)  Paragraph 86

    e)  Paragraph 112

    f)  Paragraph 115

    g)  Footnote 86 (p. 31)

    h)  Paragraph 120

    i)  Paragraph 123

j)   Footnote 95

k)   Footnote 96

l)   Paragraph 139

m)  Footnote 111

n)   Footnote 117

o)   **Exhibits:** A1, A13, A14, A15, A16, A17, B1, B2, B3, B4, C1, C2, C3, D2, E3, E6, E9, & E10

p)   **Appendices:** A1, A2, A13, A14, A15, A16, A17, B1, B2, B3 (charts related to Google only), B4, C1, C2 (Google chart only), C3, D2, E3, E6, E9, and E10

q)   **Attachments:** Attachment 3 regarding Google's job titles (all columns except first two columns)

**Portions of the Expert Report of Professor Kevin M. Murphy (Exhibit 7 to the Cisneros Declaration) and supporting appendices**

8.   The following portions of the Murphy Report dated November 25, 2013, and accompanying appendices, contain highly confidential information and details about Google's compensation and recruiting and retention strategies for its employees:

a)   **Paragraph 86** (text in last sentence that begins after "total compensation at Google" and that ends before "from 2010 to 2011")

b)   **Paragraph 88** (text in second sentence that begins after "mean base salaries at Google," and text in third sentence starting after "(i.e., stocks and options)")

c)   **Exhibit 4 on Page 40** (related to Google's base salary and total compensation in 2003)

d)   **Paragraph 89** (first sentence, text starting after "employee compensation")

e)   **Footnote 128** (last sentence)

f)   **Footnote 130** (figures related to Google employee attrition only)

g)   **Appendix C-2**

h)   **Appendix D-2**

i)   **Appendix E (Expert Report of Professor Kevin Murphy dated November 12, 2012).** The following portions of Professor Murphy's report contain highly

confidential information related to Google's recruiting and compensation practices and data.  It is also my understanding that the Court previously granted Google's request to seal the below portions of November 12, 2012 report in the Court's Order Granting in Part and Denying in Part Motions to Seal (Dkt. 509).

  i.  Page 13, footnote 20 (last clause of last sentence only, listing employers)

  ii.  Page 14, Paragraph 20 (third sentence relating to Google's use of third-party market data)

  iii.  Page 14, footnote 24 (last parenthetical only)

  iv.  Page 21, Paragraph 35 (figures in last sentence only)

  v.  Page 25, Paragraph 43 (last two sentences only)

  vi.  Page 26, Paragraph 45 (portion of third sentence only)

  vii.  Pages 26-27, Paragraph 46 (fourth sentence only)

  viii.  Pages 42-43, Paragraph 78 (last three sentences only)

  ix.  Page 45, footnote 107

  x.  Page 47, footnote 114 (first sentence only)

  xi.  Page 54, Paragraph 95 (percentage figures in last sentence only)

  xii.  Page 78, Paragraph 146 (percentage figure and description before the term "rate" in last sentence)

  xiii.  Exhibit 3

  xiv.  Exhibit 5

  xv.  Exhibit 6

  xvi.  Exhibits 7A and 7B

  xvii.  Exhibits 8A and 8B

  xviii.  Exhibit 9B

  xix.  Exhibit 10

  xx.  Exhibit 11B

  xxi.  Exhibit 15B

  xxii.  Appendices 1A, 1B, 1C and 1D

xxiii.   Appendices 2A, 2B, 2C and 2D

xxiv.   Appendices 3A and 3B

xxv.   Appendices 4A, 4B, 4C and 4D

j)   **Appendix F (Supplemental Expert Report of Professor Kevin M. Murphy dated June 21, 2013)**

i.   Exhibit 1 (data related to Google regarding total compensation data)

ii.   Exhibit 2 (data related to Google regarding total compensation changes data)

iii.   Exhibit 3 (data related to Google regarding total compensation)

iv.   Appendix B (distribution of yearly change in total compensation by job titles)

**Portions of the Amended Expert Report of Edward A. Snyder, Ph.D. dated December 6, 2013 (Exhibit 8 to the Cisneros Declaration)**

9.   The following portions of Dr. Snyder's Report dated December 6, 2013 contain highly confidential compensation and recruiting data:

a)   **Paragraph 36**:   this excerpt contains confidential and highly sensitive details about Google's sources for new hires and recruiting strategies.

b)   **Paragraph 39(ii)**:   this excerpt contains confidential and highly sensitive details about Google's hiring from and employee attrition to Intel Corp.

c)   **Exhibit 3a** (figures pertaining to Google):   this chart contains confidential and highly sensitive details about Google's hiring from and employee attrition to Intel Corp.

d)   **Exhibit 4** (only note 4 at bottom "Notes" section, which relates to Intel Corp. hires from Google)

**Portions of the Expert Report of Eric L. Talley, J.D., Ph.D. dated November 25, 2013 (Exhibit 10 to the Cisneros Declaration)**

10.   The following footnote in Dr. Talley's Report dated November 25, 2013 contains highly confidential data related to Google's sources of new hires:   **Footnote 75** (on page 19).

**Portions of the July 12, 2013 Rebuttal Supplemental Expert Report of Edward E. Leamer, Ph.D. (Exhibit 13 to the Cisneros Declaration)**

11.   The following portions of Dr. Leamer's Report dated July 12, 2013 contain highly confidential data related to Google's compensation and hiring strategies:

a) **Pages 9 and 10, Paragraph 23** (excerpt related to Google only, i.e., text starting after "[Google]"): this excerpt contains confidential and highly sensitive details about Google's strategy to respond to employee attrition.

b) **Page 13, Paragraph 31** (raw percentage figure only):  this percentage figure is derived in part from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

c) **Page 14, Paragraph 33** (raw percentage figures only):  these percentage figures are derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

d) **Page 15, Tables 1 and 2**:  these tables are derived from Google's compensation data and reflect confidential and highly sensitive information about Google's compensation practices.

e) **Page 16, Figure 1**:  this figure is derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

f) **Page 32, Paragraph 67** (raw percentage figures only):  these percentage figures are derived from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

g) **Page 33, Paragraph 68:** (raw percentage figure only):  this percentage figure is derived in part from Google's compensation data and reflects confidential and highly sensitive information about Google's compensation practices.

h) **Page 33, footnote 42**:  this excerpt contains confidential and highly sensitive information about Google's compensation practices.

1    i) **Page 36, Figure 8**:  this figure is derived from Google's compensation data and

2      reflects confidential and highly sensitive information about Google's

3      compensation practices.

4    12.  Based on the previous declarations submitted by Frank Wagner, the information

5 identified in Paragraphs 5-11 above is confidential and highly sensitive commercial information,

6 from which Google derives economic benefit by maintaining its confidentiality.  Dkts. 201, 221

7 and 261.  Google does not disclose this information to its competitors, customers or the general

8 public.  *Id.*  Public disclosure of this information would likely result in competitive harm to

9 Google by giving third parties, including its competitors in the labor market, direct insight into

10 confidential and sensitive aspects of Google's internal decision-making processes and business

11 strategy related to employee compensation.  *Id.*

12    I declare under penalty of perjury under the laws of the United States that the foregoing is

13 true and correct.

14 Executed on January 13, 2014 in Palo Alto, California.   /s/  Anne M. Selin   

15                   Anne M. Selin

16

17

18

19

20

21

22

23

24

25

26

27

28