Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

**IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION**

**THIS DOCUMENT RELATES TO:**

**All Actions**

**Case No. 11-CV-2509 LHK**

**DECLARATION OF DAVID C. KIERNAN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY DEFENDANTS**

DATE CONSOLIDATED AMENDED COMPL. FILED:
SEPTEMBER 13, 2011

I, DAVID C. KIERNAN, declare:

1. I am an attorney at law, duly admitted to practice in the State of California and before this Court. I am a partner with the law firm of Jones Day, counsel for Defendant Intuit Inc. ("Intuit") in the above captioned action. I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Motion to

Exclude Expert Testimony Proffered by Defendants and Related Documents. As one of the attorneys involved in the defense of this action, unless as otherwise stated, I have personal knowledge of the facts stated in this Declaration and if called as a witness I could and would testify competently to them.

2. I have reviewed Plaintiffs' Notice of Motion and Motion to Exclude Expert Testimony Proffered by Defendants ("Motion to Exclude"), the Declaration of Lisa J. Cisneros in Support of Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants ("Cisneros Decl. ISO Motion to Exclude"), Declaration of Lisa J. Cisneros in Support of Plaintiffs' January 9, 2014 Administrative Motion to Seal ("Cisneros Decl. ISO Motion to Seal"), and supporting exhibits.

3. As described below, the information requested to be sealed contains or summarizes Intuit's compensation and recruiting data, practices, strategies and policies. Intuit has designated this information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order in this case.

4. As noted in the January 22, 2013 Declaration of Lisa K. Borgeson In Support of Renewed Administrative Motion to File Under Seal (Dkt. No. 285) ("Borgeson Declaration"), Declaration of Mason Stubblefield in Support of Intuit's Response Motion to Seal (Dk. No. 585-1). ("Stubblefield Declaration"), and Declaration of Catherine Zeng in Support of Defendants' Motion to Seal (Dk. No. 448). ("Zeng Declaration"), Intuit's salary and compensation data, strategies and methods are non-public, highly sensitive and confidential, and private to Intuit and its employees. Moreover, Intuit's recruiting strategies, methods, data and practices are also non-public and proprietary to Intuit. Therefore, information pertaining to Intuit's recruiting and compensation methods, strategies, practices and data is confidential and public dissemination of that information could cause Intuit competitive harm.

5. Specifically, Intuit seeks to keep the redacted portions of the following exhibits to the Cisneros Decl. ISO Motion to Exclude under seal:

**Exhibit 2: Expert Report of Lauren Stiroh, Ph.D**

6. Paragraphs 59 to 67 contain confidential Intuit compensation information,

including types of compensation provided to employees, ways in which Intuit differentiates employee compensation, and the criteria and process that Intuit uses to determine employee compensation.

7. Exhibits III.34-40 reveals confidential information regarding the average compensation for Intuit Technical Class members and the averages of the various components of Intuit's compensation packages.

8. Exhibit IV.15, pages 125-136, reveal confidential information about the number of employees in Intuit's specific job titles in each year.

**Exhibit 5: the Expert Report of Elizabeth Becker, Ph.D.**

9. Pages 7-8, paragraph 26, redacted portions of the fifth bullet contain confidential information about Intuit's compensation practices.

10. Page 24, paragraph 89, redacted portions contains confidential information about Intuit's compensation practices, including the ranges of employee salaries, the compensation of incoming employees, and cash and equity awards.

11. Page 29, paragraph 111, redacted portions contain confidential information about Intuit's compensation of a specific employee, including base salary and equity grant.

12. Page 30, paragraph 116, redacted portions contain confidential information about Intuit's compensation of a specific employee, including base salary and equity grant.

13. Page 37, paragraph 139, redacted portion contains confidential information about Intuit's employee retention and new hire information.

14. Page 40, paragraph 155 and footnote 115, redacted portions contain confidential information about Intuit's compensation practices and use of compensation survey data.

15. Appendix B3 and Exhibit B3 contain confidential information regarding Intuit's compensation and hiring practices, including the granting of equity awards relative to base salary.

16. Appendix E3 contains confidential information regarding Intuit's average annual wage, derived from Intuit's confidential compensation data.

17. Attachment 3, pages 115-130 contain confidential information regarding Intuit's compensation of various job titles including salary ranges for each.

**Exhibit 7: the November 25, 2013 Expert Report of Professor Kevin Murphy, Ph.D**

18. Appendix E is the November 12, 2012 Expert Report of Professor Kevin M. Murphy. Intuit previously sought to file under seal redacted portions of the November 12, 2012 Murphy Report, which the Court granted in its order on September 30, 2013 (Dkt. No. 510). Intuit again seeks to include those redacted portions of Appendices 4A, 4B, 4C, 4D, 5C, 6C to Murphy's Nov. 12, 2012 Report.

19. Appendix F is the June 21, 2013 Supplemental Expert Report of Professor Kevin M. Murphy. Intuit previously sought to file under seal redacted portions of the June 21, 2013 Murphy Report. A ruling on these sealing requests is pending. Intuit again seeks to include those redacted portions of Appendices As stated previously, Intuit seeks to seal the following portions of the June 21, 2013 Murphy Report (see Dkt. No. 448):

- Redacted portions of Exhibit 1 and 2, which contain confidential information about Intuit's job title information and associated compensation data. This is internal confidential Intuit information that directly relates to Intuit's compensation strategies and practices.
- Redacted portions of Appendix B, which contains confidential information about Intuit's job titles and associated compensation. This is confidential Intuit information that pertains to Intuit's compensation and employee management practices.

**Exhibit 13: the July 12, 2013 Rebuttal Supplemental Expert Report of Edward E. Leamer**

20. Page 9, paragraph 23, redacted portion contains confidential information on Intuit's employee compensation and retention strategies and procedures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 19th day of July, 2013 in San Francisco, California.

/s/ David C. Kiernan
David C. Kiernan