GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY DEFENDANTS** |

I, Christina Brown, declare as follows:

1. I am a member of the Bar of the State of California and a counsel of the law firm of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants and Declaration of Lisa J .Cisneros in Support Thereof (Dkt. 567) filed on January 9, 2014. I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Apple seeks to seal only limited portions of the following documents: (i) Cisneros Declaration Exhibit 2 (Portions of the Expert Report of Lauren J. Stiroh); (ii) Cisneros Declaration Exhibit 4 (Portions of the Expert Report of David Lewin); (iii) Cisneros Declaration Exhibit 5 (Portions of the Expert Report of Elizabeth Becker); (iv) Cisneros Declaration Exhibit 7 (Portions of the November 25, 2013 Expert Report of Kevin M. Murphy and supporting appendices)[1]; and (v) Cisneros Declaration Exhibit 13 (Portions of the Rebuttal Supplemental Expert Report of Edward E. Leamer). I have reviewed these documents, and I believe there is good cause to maintain under seal the portions set forth below. As described below, they contain, rely upon, and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3. The following portions of Cisneros Declaration Exhibit 2, the Expert Report of Lauren J. Stiroh, Ph.D., disclose Apple's highly confidential and competitively sensitive practices and strategies regarding employee compensation, employee compensation data, and employee hiring:

---

[1] On January 13, 2014, I confirmed with Plaintiffs' counsel that Plaintiffs intend the supporting appendices to Dr. Murphy's November 25, 2013 report to be part of Cisneros Exhibit 7. The appendices had been served separately from Dr. Murphy's report and were thus inadvertently omitted from the version of Cisneros Exhibit 7 included with Plaintiffs' filing on January 9, 2014.

- Paragraph 30 (redacted portions) describes changes in Apple's total employee compensation from 2001 through 2011 and reflects Apple's highly confidential employee data;
- Paragraph 32 and footnotes 65 and 69 (redacted portions) describe Apple's confidential strategies for determining employee salaries;
- Footnote 70 (redacted portion) describes Apple's confidential practices for determining employee salary increases;
- Paragraph 33 (redacted portions) discloses the magnitude of Apple's changes in employee salaries and reflects Apple's highly confidential employee data;
- Paragraph 34 (redacted portions) describes Apple's confidential practices and strategies for awarding employee bonus compensation;
- Paragraph 35 and footnotes 76 - 79 (redacted portions) describe Apple's confidential practices and strategies for awarding employee equity compensation;
- Paragraph 36 and footnote 81 (redacted portions) disclose the magnitude of and changes in employee equity compensation and reflects Apple's highly confidential employee data;
- Paragraphs 81 and 82 (redacted portions) describe changes in Apple's employee compensation and the magnitude thereof, and reflects Apple's highly confidential employee data;
- Paragraph 91 (redacted portions) describes the magnitude of Apple's average employee compensation in comparison to another Defendant and reflects Apple's highly confidential employee data;
- Footnote 189 (redacted portion) discloses Apple's confidential practice for determining employee salary increases;
- Paragraph 121 (redacted portion) discloses changes in base salaries for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;

- Footnote 225 (redacted portion) discloses changes in total compensation for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;
- Paragraph 134 (redacted portion) discloses changes in equity compensation for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;
- Paragraph 193 (redacted portion) describes a change in Apple's employee equity compensation and reflects Apple's highly confidential employee data;
- Paragraph 201 (redacted portion) describes Apple's employee salary increases and reflects Apple's highly confidential employee data;
- Exhibits III.10 - III.16 depict Apple's total compensation, average compensation, average base salary, average bonus, average cash compensation, and average value of equity awards, respectively, over the years 2001 through 2011 and reflect Apple's highly confidential employee data;
- Exhibits III.54 and III.55 (Apple columns) disclose average total nominal compensation and average percent changes in total compensation for Apple employees by year and reflect Apple's highly confidential employee data;
- Exhibit IV.1 (pages pertaining to Apple) disclose Apple's sources of employee hiring and reflect its highly confidential employee hiring strategies and employee data;
- Exhibit IV.7 reflects Apple's highly confidential employee data, including particular employee salaries and growth;
- Exhibit IV.11 reflects Apple's highly confidential employee data, including total compensation growth for particular employees;
- Exhibit IV.15 (pages pertaining to Apple) disclose the entire set of Apple's precise employee job titles for the class and the number of employees and changes in total compensation by year for each;
- Exhibit IV.21 reflects Apple's highly confidential employee data, including changes in specific job titles for certain employees;

- 3 -

BROWN DECL. ISO DEFS.' JOINT RESPONSE
TO ADMIN. MOT. TO SEAL
NO. 11-CV-2509-LHK

- Exhibit IV.26 reflects Apple's highly confidential employee data, including growth in equity compensation awarded to particular employees over time;
- Exhibit IV.30 (Apple column) discloses the percentage of Apple employees receiving equity compensation by year and reflects Apple's highly confidential employee data;
- Exhibit IV.35 reflects Apple's highly confidential employee data, including average total employee compensation by year; and
- Appendix Exhibit III.1 (Apple column) discloses the purported average percent changes in Apple's total employee compensation by year and reflects Apple's highly confidential employee data.

4. The following portions of Cisneros Declaration Exhibit 4, the Expert Report of David Lewin, disclose Apple's highly confidential and competitively sensitive employee data and employee recruiting and hiring strategies:

- Footnote 10 (redacted number) discloses confidential information regarding Apple's recruiting channels and strategies;
- Paragraphs 32 and 34 (redacted numbers) disclose Apple's sources of employee hiring and reflects its highly confidential employee data and hiring strategies;
- Figure 3 discloses Apple's sources of employee hiring and reflects its highly confidential employee data and hiring strategies;
- Paragraph 46 (redacted number) discloses Apple's sources of employee hiring and reflects its highly confidential employee data; and
- Exhibits 3B, 3D, 4B, and 5B disclose Apple's sources of employee hiring and reflect its highly confidential employee hiring strategies and data.

5. The following portions of Cisneros Declaration Exhibit 5, the Expert Report of Elizabeth Becker, disclose Apple's highly confidential and competitively sensitive employee recruiting and compensation practices and strategies and highly confidential employee compensation data:

- Paragraph 34 (redacted portion) reflects Apple's highly confidential employee job title data;

- Paragraphs 62 and 64-70 and footnote 59 (redacted portions) disclose Apple's highly confidential job title and level structure, specific employee job titles, and specific employee salaries and reflect its highly confidential employee data;
- Paragraphs 109 and 114 and footnote 83 (redacted portions) disclose Apple's highly confidential strategies and data regarding equity compensation;
- Paragraphs 120 and 124 (redacted portions) disclose Apple's highly confidential strategies and data regarding equity compensation;
- Footnotes 95 and 96 (redacted portions) reflect Apple's highly confidential employee compensation practices and strategies;
- Paragraph 139 (redacted portion) reflects Apple's highly confidential employee hiring data;
- Footnote 111 (redacted portion) reflects Apple's highly confidential employee compensation practices and strategies;
- Paragraph 155 and footnote 117 (redacted portions) reflect Apple's highly confidential employee compensation practices and strategies;
- Exhibits A5, A6, B3 (Apple portions), B4, B6, C1, C2 (Apple portions), C4 (Apple portions), and D2 (Apple portions) disclose Apple's highly confidential employee compensation data and reflect its highly confidential compensation strategies;
- Appendices A5, A6, B3 (Apple portions), B4, B6 (Apple portions), C1, C2 (Apple portions), C4, D2 (Apple portions), and E3 disclose Apple's highly confidential employee compensation data and reflect its highly confidential compensation strategies; and
- Attachment 3 (Apple portions) discloses Apple's highly confidential job titles and associated salary data derived from Apple's highly confidential employee compensation data;

6. The following portions of Cisneros Declaration Exhibit 7, the August 25, 2013 Expert Report of Kevin M. Murphy and supporting appendices, disclose Apple's highly confidential and competitively sensitive employee recruiting and compensation practices and

strategies and highly confidential employee compensation data:

- Paragraph 20 (redacted portions) discloses Apple's sources and magnitude of employee hiring and reflects its highly confidential employee hiring strategies;
- Exhibit 2 discloses Apple's sources of employee hiring and reflects its highly confidential employee hiring strategies;
- Exhibit 3 discloses Apple's sources of employee hiring and reflects its highly confidential employee hiring strategies;
- Footnote 57 (redacted portions) discloses the personally identifying information of non-Plaintiff employees;
- Footnote 105 (redacted portions) discloses the personally identifying information of non-Plaintiff employees;
- Footnote 110 (redacted portions) discloses information designated as confidential by Plaintiffs;
- Exhibit 5 discloses Apple's highly confidential employee data;
- The following portions of Appendix E (the November 12, 2012 Expert Report of Professor Kevin M. Murphy) contain Apple's highly confidential and competitively sensitive employee compensation data and strategies:
    - Paragraph 46 (third sentence) reflects Apple's highly confidential employee compensation strategies and data;
    - Paragraph 76 (second through sixth sentences) and footnote 92 (quotation in first sentence) reflect Apple's highly confidential employee compensation data and strategies;
    - Exhibit 3 (chart pertaining to Apple) reflects Apple's highly confidential employee hiring strategies and employee data;
    - Exhibit 5 (portions pertaining to Apple) reflects Apple's highly confidential employee hiring strategies and employee data;
    - Exhibit 6 (portions pertaining to Apple) reflects Apple's highly confidential employee data;

- Exhibits 7A and 7B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data;
- Exhibits 8A and 8B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data;
- Exhibit 9 reflects Apple's highly confidential employee compensation data;
- Exhibit 10 (chart pertaining to Apple) reflects Apple's highly confidential employee compensation data;
- Exhibit 11 reflects Apple's highly confidential employee compensation data;
- Exhibit 19 (portion of the top chart regarding average change in total compensation) reflects Apple's highly confidential employee compensation data;
- Appendices 1A through 2D (portions pertaining to Apple) reflect Apple's highly confidential employee hiring strategies and employee data;
- Appendices 3A and 3B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data;
- Appendices 4A through 4D (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data;

• The following portions of Appendix F (the June 21, 2013 Expert Report of Professor Kevin M. Murphy) contain Apple's highly confidential and competitively sensitive employee compensation data and strategies:

- Exhibit 1 discloses Apple's employee compensation and reflects Apple's highly confidential employee compensation data;
- Exhibit 2 discloses Apple's job titles and related highly confidential employee compensation data;
- Exhibits 3 and 5 disclose Apple's total average employee compensation and reflect Apple's highly confidential employee compensation data;
- Exhibits 4 and 6 disclose Apple's average employee compensation and reflect Apple's highly confidential employee compensation data;

- o Appendix A, page 1, discloses Apple's job levels, as well as information about several individual Apple employees;
- o Appendix A, Exhibits 1 and 2, reflects Apple's confidential, individual-level employee compensation and job levels; and
- o Appendix B reflects Apple's average employee compensation by job level and describes Apple's confidential job titles.

7. The following portions of Cisneros Declaration Exhibit 13, the Rebuttal Supplemental Expert Report of Edward E. Leamer, July 12, 2013, disclose Apple's highly confidential and competitively sensitive employee compensation data:

- Page 35, Figure discloses Apple's highly confidential and competitively sensitive employee compensation data.

8. As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies. Public disclosure of this information would deprive Apple of its investment in developing these strategies and put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees. Apple would therefore be prejudiced if this information were made available to the general public.

9. Because these portions of the documents cannot be publicly disclosed without causing serious harm, as described above, Apple requests that they be maintained under seal and redacted from the publicly-filed versions of the documents.

1    I declare under penalty of perjury under the laws of the United States that the above is true
2 and correct.
3    Executed on January 13, 2014, in San Francisco, California.
4
5    By: _/s/ *Christina J. Brown*_
           Christina Brown
6