Mayer Brown LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant
Google Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO SEAL** |

Pursuant to Local Rule 7-11 and 79-5, Google Inc. hereby moves to seal redacted portions of Exhibit 3 to the Declaration of Lin Kahn, Supplement to the Expert Report of David Lewin, December 6, 2013, filed in support of Defendants' Joint Opposition to Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants ("Joint Opposition"). A proposed redacted and highlighted version of Exhibit 3 is attached hereto.

The redacted information has been designated Confidential or Attorneys' Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Google is concurrently filing the Declaration of Anne M. Selin in support of this sealing request.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL COMPENSATION INFORMATION

The redacted portions of the exhibit identified above contains highly confidential and commercially sensitive information about Google's compensation for its employees. Google has designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As the concurrently filed declaration demonstrates, Google keeps the sealed information confidential and the public disclosure of this information would cause Google harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Google's compensation data and practices and competitive position, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Google.

This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum, et al.*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information"). Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation*, No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

### III.   CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order the above-referenced materials be placed under seal.

| | | |
|---|---|---|
| 1 | Dated: February 6, 2014 | MAYER BROWN LLP |
| 2 | | |
| 3 | | By: */s/ Anne M. Selin*<br>Anne M. Selin |
| 4 | | LEE H. RUBIN (Bar No. 141331)<br>lrubin@mayerbrown.com |
| 5 | | EDWARD D. JOHNSON (Bar No. 189475)<br>wjohnson@mayerbrown.com |
| 6 | | DONALD M. FALK (SBN 150256)<br>dfalk@mayerbrown.com |
| 7 | | ANNE M. SELIN (SBN 270634)<br>aselin@mayerbrown.com |
| 8 | | MAYER BROWN LLP<br>Two Palo Alto Square, Suite 300 |
| 9 | | Palo Alto, CA  94306-2112<br>Telephone:    (650) 331-2000 |
| 10 | | Facsimile:     (650) 331-2060 |
| 11 | | *Attorneys for Defendant Google Inc.* |

-4-