MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant
Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**DECLARATION OF ANNE M. SELIN IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Anne M. Selin, declare as follows:

1.     I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter. I am admitted to practice law before this Court. I submit this declaration in support of Google's Administrative Motion to File Under Seal that is being filed concurrently herewith. As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

1       2.      I have reviewed the following Exhibits to the Declaration of Lin W. Kahn in Support of Defendants' Joint Opposition to Plaintiffs' Motion to Exclude Expert Testimony Proffered by Defendants ("Kahn Declaration"), which Google has identified and made specific and narrowly tailored redactions to: (a) Exhibit 1 to the Kahn Declaration, the Expert Witness Report of Edward E. Leamer, Ph.D dated October 28, 2013, (b) Exhibit 3 to the Kahn Declaration, the December 6, 2013 Supplement to David Lewin's Report, (c) Exhibit 4 to the Kahn Declaration, Edward Leamer's December 11, 2013 Merits Reply Report, and (d) Exhibit 8 to the Kahn Declaration, Appendix F to Kevin Murphy's November 25, 2013 Report (originally submitted as the June 21, 2013 Report of Kevin Murphy).

3.      As detailed below, discrete portions of these documents contain highly confidential and highly sensitive details about Google's compensation, hiring, and recruiting practices that reflect Google's internal deliberations and business strategy related to how Google recruits and how Google sets and structures compensation (including salary, bonus and equity) for its employees.

4.      Google previously submitted redactions to the Expert Witness Report of Edward E. Leamer, Ph.D dated October 28, 2013 (Exhibit 1 to the Kahn Declaration) and Edward Leamer's December 11, 2013 Merits Reply (Exhibit 4 to the Kahn Declaration) pursuant to a pending motion to seal and supporting sealing declaration (Dkt. No. 576, ¶¶ 13, 14).

5.      Google also previously submitted redactions to Appendix F to Kevin Murphy's November 25, 2013 Report (originally submitted as the June 21, 2013 Report of Kevin Murphy) (Exhibit 8 to the Kahn Declaration) pursuant to a pending motion to seal and supporting sealing declaration (Dkt. No. 587, ¶ 8).

6.      In addition, the following portion of the Supplement to Dr. Lewin's Expert Report dated December 6, 2013 (Exhibit 3 to the Kahn Declaration) contains highly confidential data related to Google's changes in total compensation between 2002-2011:  **Exhibit 14B.1** (columns relating to Google's compensation data).

7.      The basis for Google's proposed redactions identified in paragraphs 4-6 below can be found in the Declarations of Frank Wagner (Google's Director of Compensation) that were

filed on October 9, 2012, November 12, 2012 and December 18, 2012 (Dkts. 201, 221 and 261, respectively) in this matter, which I have read and reviewed. In those Declarations, Mr. Wagner describes the competitive harm that Google would suffer if certain confidential and highly sensitive details about Google's compensation, recruiting, and hiring strategies and practices were made public, including confidential details about Google's internal deliberations and business strategy related to how Google sets and structures compensation (including salary, bonus and equity) for its employees.

8. Based on the previous declarations submitted by Frank Wagner, the information identified in Paragraphs 4-6 above is confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality. Dkts. 201, 221 and 261. Google does not disclose this information to its competitors, customers or the general public. *Id.* Public disclosure of this information would likely result in competitive harm to Google by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee compensation. *Id.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 6, 2014 in Palo Alto, California.   /s/   Anne M. Selin
                                                          Anne M. Selin