SHEET 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BEFORE THE HONORABLE LUCY H. KOH, JUDGE

```
IN RE: HIGH-TECH EMPLOYEE   )   NO. C 11-02509 LHK
ANTITRUST LITIGATION        )   PAGES 1 - 50
                            )
                            )   SAN JOSE, CALIFORNIA
_____)   WEDNESDAY, MAY 15, 2013
```

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

```
FOR PLAINTIFFS:     LIEFF, CABRASER, HEIMANN &
                       BERNSTEIN
                    275 BATTERY STREET, 30TH FLOOR
                    SAN FRANCISCO, CALIFORNIA  94111
               BY:  LISA J. CISNEROS,
                    KELLY M. DERMODY,
                    BRENDAN P. GLACKIN,
                    DEAN M. HARVEY, ATTORNEYS AT LAW

                    JOSEPH SAVERI LAW FIRM
                    255 CALIFORNIA STREET, SUITE 450
                    SAN FRANCISCO, CALIFORNIA  94111
               BY:  JAMES G.B. DALLAL,
                    JOSEPH R. SAVERI, ATTORNEYS AT LAW
```

(APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:    RAYNEE H. MERCADO, CSR NO. 8258

PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

---

A P P E A R A N C E S (CONT'D.)

```
FOR DEFENDANTS         JONES DAY
ADOBE AND INTUIT:      555 CALIFORNIA STREET, 26TH FLOOR
                       SAN FRANCISCO, CALIFORNIA  94104
                  BY:  ROBERT A. MITTELSTAEDT,

                       JONES DAY
                       1755 EMBARCADERO ROAD
                       PALO ALTO, CALIFORNIA  94303
                  BY:  CATHERINE T. ZENG, ATTORNEY AT LAW

FOR DEFENDANT          O'MELVENY & MYERS
APPLE, INC.:           EMBARCADERO CENTER WEST
                       TWO EMBARCADERO CENTER, 28TH FLOOR
                       SAN FRANCISCO, CALIFORNIA  94111-3823
                  BY:  CHRISTINA J. BROWN,
                       GEORGE RILEY, ATTORNEYS AT LAW

FOR DEFENDANT          MAYER BROWN LLP
GOOGLE, INC.:          TWO PALO ALTO SQUARE, SUITE 300
                       3000 EL CAMINO REAL
                       PALO ALTO, CALIFORNIA  94306-2112
                  BY:  LEE H. RUBIN, ATTORNEY AT LAW

FOR DEFENDANT          BINGHAM MCCUTCHEN LLP
INTEL CORP.:           THREE EMBARCADERO CENTER
                       SAN FRANCISCO, CALIFORNIA  94111-4607
                  BY:  FRANK HINMAN, ATTORNEY AT LAW

FOR DEFENDANT          KEKER & VAN NEST
LUCASFILM LTD.:        633 BATTERY STREET
                       SAN FRANCISCO, CALIFORNIA  94111-1809
                  BY:  DANIEL E. PURCELL, ATTORNEY AT LAW

FOR DEFENDANT PIXAR:   COVINGTON & BURLING LLC
                       1201 PENNSYLVANIA AVENUE N.W.
                       WASHINGTON, D.C.  20004
                  BY:  JOHN W. NIELDS, JR., ATTORNEY AT LAW

                       COVINGTON & BURLING LLC
                       333 TWIN DOLPHIN DRIVE, SUITE 700
                       REDWOOD SHORES, CALIFORNIA  94065
                  BY:  EMILY J. HENN, ATTORNEY AT LAW
```

--o0o--

---

3

1   WEDNESDAY, MAY 15, 2013                2:08 P.M.
2          P R O C E E D I N G S
3       THE CLERK: CALLING CASE NO. C11-02509 LHK, IN RE:
4   HIGH-TECH EMPLOYEE ANTITRUST LITIGATION.
5       MS. DERMODY: GOOD AFTERNOON, YOUR HONOR. YOUR HONOR
6   KELLY DERMODY, LIEF CABRASER. AND WITH ME FROM MY FIRM ARE
7   BRENDAN GLACKIN, LISA CISNEROS, AND DEAN HARVEY.
8       MR. SAVERI: GOOD AFTERNOON, YOUR HONOR. JOSEPH
9   SAVERI, JOSEPH SAVERI LAW FIRM, FROM SAN FRANCISCO. AND JAMES
10  DALLAL IS WITH ME THIS AFTERNOON.
11      MR. MITTELSTAEDT: GOOD AFTERNOON, YOUR HONOR. FOR
12  ADOBE AND INTUIT, BOB MITTELSTAEDT AND CATE ZENG, Z-E-N-G.
13      THE COURT: OKAY. THANK YOU.
14      MR. NIELDS: YOUR HONOR, FOR DEFENDANT PIXAR, JOHN
15  NIELDS AND EMILY HENN FROM COVINGTON.
16      THE COURT: OKAY. I'M NOT -- IS THAT JOHN WILSON?
17  I'M SORRY. DIDN'T CATCH THAT --
18      MR. NIELDS: JOHN NIELDS, YOUR HONOR.
19      THE COURT: OH, I'M SORRY.
20      MR. NIELDS: N-I-E-L-D-S.
21      THE COURT: N-I-E-L-D-S. ALL RIGHT. THANK YOU.
22      MR. NIELDS: THANK YOU.
23      THE COURT: AND FOR MR. SAVERI, YOU'RE HERE WITH
24  JAMES -- AND WHAT WAS THE LAST NAME, PLEASE?
25      MR. SAVERI: DALLAL, YOUR HONOR, D-A-L-L-A-L.

---

4

1       THE COURT: OKAY. THANK YOU.
2       MR. SAVERI: THANK YOU, YOUR HONOR.
3       MR. RUBIN: GOOD AFTERNOON, YOUR HONOR. LEE RUBIN
4   FROM MAYER BROWN FOR GOOGLE.
5       THE COURT: GOOD AFTERNOON.
6       MR. RUBIN: GOOD AFTERNOON.
7       MR. HINMAN: YOUR HONOR, FRANK HINMAN WITH BINGHAM
8   FOR INTEL.
9       THE COURT: OKAY. GOOD AFTERNOON.
10      MR. PURCELL: YOUR HONOR, DAN PURCELL FROM KECKER &
11  VAN NEST FOR LUCASFILM.
12      THE COURT: OKAY. GOOD AFTERNOON.
13      MR. RILEY: GOOD AFTERNOON, YOUR HONOR. GEORGE RILEY
14  OF O'MELVENY & MYERS FOR APPLE. I'M JOINED BY MY COLLEAGUE
15  CHRISTINA BROWN.
16      THE COURT: GOOD AFTERNOON.
17      AND YOU'RE HERE FROM -- MR. MITTELSTAEDT AND MS. ZENG ARE
18  HERE FOR ADOBE AS WELL.
19      MR. MITTELSTAEDT: YES.
20      THE COURT: OKAY.
21      OKAY. GREAT. THANK YOU. THANK YOU ALL FOR COMING.
22      THIS IS WHAT I WOULD LIKE TO DO. WHEN IS THE HEARING ON
23  THE MOTION REGARDING MS. SANBERG'S DEPOSITION? HAS THAT
24  ALREADY BEEN HEARD?
25      MS. DERMODY: YOUR HONOR, KELLY DERMODY FOR THE

SHEET 2

### 5

1 PLAINTIFFS.
2   SINCE WE FIRST SERVED THE SUBPOENA FOR THAT DEPOSITION, WE
3 HAVE BEEN WORKING VERY COOPERATIVELY WITH MS. SANBERG'S
4 COUNSEL TO SEE IF IT CAN BE AVOIDED.  THAT IS STILL IN
5 PROCESS, SO WE'LL REPORT TO THE COURT HOW THAT GETS RESOLVED.
6       THE COURT:  OH, SO IT HASN'T BEEN SET FOR A HEARING?
7       MS. DERMODY:  THAT'S CORRECT, YOUR HONOR.
8       THE COURT:  AT YOUR REQUEST?
9       MS. DERMODY:  AT HER COUNSEL'S REQUEST.
10      THE COURT:  WELL, YOU NEED TO BRING THAT TO A CLOSE,
11 AND YOU JUST NEED TO HAVE THE HEARING AND GET THE RULING.
12      MS. DERMODY:  YES, I THOUGHT IT WOULD BE CLOSED BY
13 YESTERDAY, YOUR HONOR.  I APOLOGIZE.  I THINK IT WILL BE
14 CLOSED THIS WEEK.
15      THE COURT:  OKAY.  BECAUSE, YOU KNOW, YOU ALREADY HAD
16 TO FILE YOUR CLASS CERT OPENING, AND SO I DON'T SEE ANY POINT
17 IN FURTHER DELAY.  I THINK YOU'RE GOING TO GET SOME HOURS WITH
18 HER, SO WHY ARE YOU WAITING?
19      MS. DERMODY:  WE AREN'T WAITING, YOUR HONOR.  HER
20 COUNSEL HAS ASKED IF THERE'S A WAY TO COLLECT THE INFORMATION
21 ALTERNATIVE TO A DEPOSITION.  AND SO WE HAVE BEEN TRYING TO
22 SEE IF THAT'S POSSIBLE TO AVOID PUTTING HER THROUGH THAT
23 EFFORT IF IT'S POSSIBLE.  AND IF IT'S POSSIBLE WE WILL BE
24 AGREEABLE TO IT.
25   BUT I THINK WE'RE STILL TRYING TO WORK THAT OUT WITH HER

### 6

1 COUNSEL, AND IT'S REALLY THEIR SCHEDULE, NOT OUR SCHEDULE,
2 THAT HAS CAUSED THAT.  BUT WE WILL LET THEM KNOW THAT THIS HAS
3 TO COME TO A CLOSE.
4       THE COURT:  YOU SHOULD GO FORWARD WITH THE MOTION.  I
5 THINK YOU WILL GET A FEW HOURS.  YOU WILL NOT GET A FULL DAY,
6 BUT I THINK YOU WILL GET A FEW HOURS, SO I DON'T SEE ANY POINT
7 IN DELAYING THIS ANY FURTHER.  YOU NEED TO MAKE A DECISION.
8 EITHER YOU DON'T NEED HER OR YOU DO.  AND IF YOU DO NEED HER,
9 SET THE HEARING AND GET THE RULING.
10      MS. DERMODY:  OKAY.
11      THE COURT:  OKAY?
12      MS. DERMODY:  YES.
13      THE COURT:  OKAY.  AS FAR AS DISPOSITIVE MOTIONS, I
14 LIKE TO SET A LIMIT OF EVERY DEFENDANT GETS 5 PAGES, SO 35,
15 35, 25, AND YOU CAN DECIDE HOW YOU WANT TO USE THAT, WHETHER
16 FOR COMMON ISSUES OR FOR SEPARATE ISSUES.  PLAINTIFFS' MOTION
17 WILL ONLY BE 25, 25, 15.
18   DOES ANYONE WANT TO BE HEARD ON THAT?  BUT I'M NOT GOING
19 TO DO EIGHT DEFENSE SUMMARY JUDGMENTS.
20      MR. MITTELSTAEDT:  YOUR HONOR, WE WOULD -- OUR PLAN
21 WOULD BE TO HAVE A JOINT MOTION ON WHATEVER ISSUES WE CAN DEAL
22 WITH JOINTLY.  BUT EACH DEFENDANT WOULD LIKE TO HAVE THE RIGHT
23 TO FILE A SEPARATE BRIEF ON THE GLOBAL CONSPIRACY AND WHETHER
24 THEY PARTICIPATED IN IT.
25   WE SET FORTH IN OUR STATEMENT WHY WE THINK THERE'S A BASIS

### 7

1 FOR THAT.  AND, YOU KNOW, THIS IS A CASE WHERE THE PLAINTIFFS
2 CHOSE TO SUE SEVEN SEPARATE COMPANIES.  THEY AGREE THAT IF
3 THEY CHOSE TO SUE JUST ONE, THAT DEFENDANT WOULD HAVE 25
4 PAGES.  BUT WHAT THEY SAY IS THAT BECAUSE THEY SUED 7, WE
5 SHOULD ONLY GET 7 INTO 25 OR 3.  YOUR HONOR NOW SUGGESTS THAT
6 WE GET FIVE, BUT, YOUR HONOR, I -- I REALLY DO NOT THINK THAT
7 5 IS A SUFFICIENT LENGTH FOR A DEFENDANT IN THIS -- YOU KNOW,
8 BIG CASE THAT'S VERY IMPORTANT TO THESE DEFENDANTS AND
9 IMPORTANT TO THE PLAINTIFFS -- I DON'T THINK 5 PAGES IS -- IS
10 ENOUGH.  WE'VE ASKED FOR 15 PAGES.  WE WILL TRY AND DO IT
11 SHORT OF 15 PAGES.  WE UNDERSTAND --
12      THE COURT:  LET ME ASK YOU, DO YOU REALLY GENUINELY
13 BELIEVE THIS IS A SUMMARY JUDGMENT CASE?
14      MR. MITTELSTAEDT:  YES.
15      ==THE COURT:  AND I'M QUITE FAMILIAR WITH THE FACTS IN==
16 ==THIS CASE AFTER THE MOTION TO DISMISS AND THE CLASS CERT.  I==
17 ==DON'T THINK THIS IS A SUMMARY JUDGMENT CASE.==
18      MR. MITTELSTAEDT:  YOUR HONOR --
19      ==THE COURT:  THERE ARE A LOT OF FACTS HERE.  THIS IS A==
20 ==VERY RICH, RICH RECORD.==
21      MR. MITTELSTAEDT:  THERE --
22      THE COURT:  YOU DON'T THINK THERE'S ONE MATERIAL
23 FACTUAL DISPUTE THAT CAN BE FOUND AS TO EACH DEFENDANT?
24      MR. MITTELSTAEDT:  YOUR HONOR, I THINK THERE ARE A
25 LOT OF FACTS AS TO THE BILATERAL AGREEMENTS THAT ONE DEFENDANT

### 8

1 HAD WITH ANOTHER.  I THINK THERE ARE A LOT OF FACTS AS TO THE
2 REASON THAT THAT DEFENDANT ENTERED INTO THE BILATERAL, BUT --
3 AND THE JUSTICE DEPARTMENT AFTER ALL, ONLY ALLEGED BILATERALS.
4 JUSTICE DEPARTMENT DID NOT ALLEGE THE GLOBAL.  AND SO WHAT
5 THESE PLAINTIFFS HAVE TO DO IS SHOW --
6       THE COURT:  BUT I DENIED A MOTION TO DISMISS THE
7 GLOBAL --
8       MR. MITTELSTAEDT:  AND, YOUR HONOR --
9       THE COURT:  -- OVERARCHING CONSPIRACY.
10      MR. MITTELSTAEDT:  YES.  AND, YOUR HONOR, WE'VE TAKEN
11 THAT THOROUGHLY INTO ACCOUNT.  AND ONE OF THE PRINCIPAL BASES
12 FOR YOUR DECISION WAS THE PLAINTIFFS ALLEGED THAT THESE SIX
13 BILATERAL AGREEMENTS WERE ENTERED INTO SIMULTANEOUSLY, THEIR
14 WORD, ON IDENTICAL TERMS.  AND IN DENYING THE MOTION TO
15 DISMISS, YOUR HONOR FOUND BASICALLY THAT WHEN THESE --
16      ==THE COURT:  BUT THE RECORD IS SO MUCH RICHER THAN==
17 ==THAT.  LOOK AT THE CLASS CERT ORDER.==
18      MR. MITTELSTAEDT:  BUT --
19      ==THE COURT:  I THINK THERE'S ABUNDANT EVIDENCE THAT==
20 ==THERE WAS AN OVERALL (SIC) ARCHING CONSPIRACY SUFFICIENT TO GO==
21 ==TO TRIAL AT LEAST.  THEY MAY ULTIMATELY LOSE, BUT SUFFICIENT==
22 ==TO GO TO TRIAL.==
23      ==SO LET -- LET ME WORK OUT SOMETHING WITH YOU.  WHAT WOULD==
24 THE COMMON ISSUES BE?
25      MR. MITTELSTAEDT:  BUT, YOUR HONOR, COULD I JUST ADD

SHEET 3

**9**

1 ONE SENTENCE TO THAT, BECAUSE I THINK THIS IS THE PUNCHLINE?
2     THE COURT: UM-HMM.
3     MR. MITTELSTAEDT: THE PLAINTIFFS NOW SAY IN THEIR
4 INTERROGATORY RESPONSES AND IN THEIR CLASS CERT, RENEWED
5 MOTION, THAT LUCASFILM AND PIXAR ENTERED INTO THE AGREEMENT
6 NOT IN 2005 SIMULTANEOUSLY WITH EVERYONE ELSE, BUT THAT THEY
7 ENTERED INTO THEIR AGREEMENT IN 1985. AND THEN THEY SAY THE
8 NEXT COMPANY DIDN'T JOIN THE CONSPIRACY FOR 20 OR 21 YEARS.
9   AND SO WHEN THEY LED YOUR HONOR TO BELIEVE THAT THESE
10 AGREEMENTS WERE ALL SIMULTANEOUS AND THEREFORE MUST HAVE BEEN
11 PART OF AN AGREEMENT BY EVERYBODY TO ENTER INTO THE
12 AGREEMENTS --
13     THE COURT: OKAY. WELL --
14     MR. MITTELSTAEDT: -- IT'S NOT RIGHT.
15     THE COURT: I'M SORRY. I'M SORRY. WHAT -- WHAT ARE
16 THE COMMON ISSUES THAT WOULD NEED TO BE RAISED ON SUMMARY
17 JUDGMENT?
18     MR. MITTELSTAEDT: I THINK ONE COMMON ISSUE FOR THE
19 BRIEF WOULD BE THE LAW ON HOW MUCH EVIDENCE A PLAINTIFF NEEDS
20 IN A CASE LIKE THIS, WHICH IS ALLEGING A HUB AND SPOKES --
21     THE COURT: UM-HMM.
22     MR. MITTELSTAEDT: -- THE RIMLESS CONSPIRACY, I THINK
23 ONE OF THE COMMON ISSUES TO BE BRIEFED WOULD BE THE LAW ON
24 THAT.
25     THE COURT: OKAY.

**10**

1     MR. MITTELSTAEDT: I THINK --
2     THE COURT: LIKE A SUFFICIENCY OF THE EVIDENCE TO GO
3 THE TRIAL?
4     MR. MITTELSTAEDT: YES. AND I THINK, YOUR HONOR,
5 THEY -- YES.
6     THE COURT: OKAY.
7     MR. MITTELSTAEDT: THEY DON'T HAVE ANY DIRECT
8 EVIDENCE OF A GLOBAL CONSPIRACY. THEY HAVE WHAT THEY SAY IS
9 CIRCUMSTANTIAL, AND I THINK THE QUESTION FOR THE COURT IS
10 WHETHER THEIR CIRCUMSTANTIAL EVIDENCE IS SUFFICIENT.
11   I THINK ANOTHER POTENTIAL AREA -- AND, YOUR HONOR, THIS IS
12 GOING TO DEPEND ON HOW THE CASE SHAKES OUT --
13     THE COURT: OKAY.
14     MR. MITTELSTAEDT: -- WHAT YOUR HONOR FINDS ON
15 SUMMARY JUDGMENT OR -- OR ON CLASS CERT AND THEN WHAT THEIR
16 EXPERTS DO ON THE MERITS. BUT THERE -- ANOTHER AREA MAY BE
17 SUFFICIENCY OF THEIR EVIDENCE ON IMPACT. DO THEY HAVE
18 EVIDENCE OF IMPACT ON THE FIVE NAMED PLAINTIFFS? IF THERE'S A
19 CLASS, IS THERE SUFFICIENT EVIDENCE OF IMPACT?
20   YOU KNOW, THE ISSUE ON CLASS CERT IS HAVE THEY PROPOSED A
21 VALID METHOD. IF YOUR HONOR FINDS THEY HAVEN'T, THEN I THINK
22 THAT SUGGESTS THERE MIGHT BE A SUMMARY JUDGMENT MOTION ON THE
23 INDIVIDUAL CLAIMS.
24   IN ANY EVENT, THE QUESTION ON SUMMARY JUDGMENT WOULD BE
25 HAVE THEY ACTUALLY SHOWN IMPACT, NOT JUST A METHOD BUT IMPACT.

**11**

1 SO I THINK THAT'S ANOTHER AREA. THAT ONE MAY BE COMMON.
2   I THINK THE PRINCIPAL INDIVIDUAL ONE, YOUR HONOR, WOULD BE
3 WHERE EACH DEFENDANT WANTS TO SAY WE DON'T THINK THERE WAS A
4 GLOBAL CONSPIRACY, BUT WHAT WE KNOW FOR SURE IS THAT THERE'S
5 NOT SUFFICIENT EVIDENCE THAT WE PARTICIPATED IN IT.
6   AND LUCASFILM, FOR EXAMPLE, WILL WANT TO ARGUE THAT IN
7 1985 WHEN THEY ENTERED INTO THEIR AGREEMENT WITH PIXAR, THEY
8 COULD CARE LESS ABOUT WHAT ANYBODY WAS GOING TO DO 21 YEARS
9 LATER.
10   FOR MY CLIENT, FOR ADOBE, I WANT TO ARGUE THAT BASED ON
11 WHAT THEY SAY IN THEIR CLASS MOTION AND IN THEIR INTERROGATORY
12 RESPONSE, THEY DON'T HAVE ANY EVIDENCE THAT -- THAT WE CARED
13 IN THE SLIGHTEST WHAT PIXAR WAS DOING OR LUCASFILM OR INTEL OR
14 ANYBODY ELSE. THE ALLEGED AGREEMENT WAS ADOBE AND APPLE, AND
15 THAT'S IT.
16   SO I -- I THINK THE QUESTION REALLY IS HOW MANY PAGES
17 SHOULD EACH DEFENDANT GET TO LAY OUT ITS INDIVIDUAL FACTS AND
18 SHOW WHY IT'S NOT PART OF A GLOBAL CONSPIRACY. WE ASKED FOR
19 15. THE PLAINTIFFS AT SOME POINT GOT UP TO 7. I THINK 15'S
20 THE RIGHT NUMBER. COULD WE DO IT IN 12 PAGES? IF YOUR HONOR
21 TELLS US TO DO IT IN 12 PAGES, WE CAN.
22   WHAT I WAS GOING TO SAY BEFORE, YOUR HONOR, IS WE
23 UNDERSTAND YOUR WORKLOAD. WE UNDERSTAND IT'S NOT IN OUR
24 INTEREST TO FILE A SINGLE PAGE LONGER THAN WE NEED TO. THIS
25 IS AN EXPERIENCED GROUP OF LAWYERS. I THINK OUR TRACK RECORD

**12**

1 SO FAR IS PRETTY GOOD. WE'VE JOINED IN BRIEFS WHERE WE CAN.
2   LUCASFILM FILED A SEPARATE MOTION TO DISMISS ON THEIR
3 FEDERAL ENCLAVE DEFENSE, SO WE'RE GOING TO TRY TO KEEP THE
4 PAGES DOWN, BUT BECAUSE THERE'S A LOT OF THINGS WE DON'T KNOW
5 ABOUT WHAT THE PLAINTIFFS ARE GOING TO DO WITH THEIR CASE, I
6 THINK 15 PAGES WAS -- WAS THE RIGHT THING TO ASK FOR. AS I
7 SAY, WE COULD LIVE WITH 12 PAGES.
8     THE COURT: WHAT ABOUT THE COMMON ISSUES? THAT
9 REALLY SOUNDS LIKE -- QUITE OVERLAPPING WITH CLASS CERT.
10     MR. MITTELSTAEDT: WELL, I THINK THE -- THE COMMON
11 ISSUE --
12     THE COURT: UM-HMM.
13     MR. MITTELSTAEDT: I MEAN, THE SUMMARY JUDGMENT, THE
14 COMMON BRIEF WOULD INCLUDE THE LAW ON GLOBAL CONSPIRACY, AND
15 THAT'S -- THAT'S REALLY NOT IN THE CLASS CERT.
16   I THINK IT WOULD ALSO INCLUDE THE QUESTION OF WHETHER THE
17 BILATERAL AGREEMENTS -- TO THE EXTENT THE BILATERAL AGREEMENTS
18 REMAIN IN THE CASE, WHETHER THEY ARE TO BE JUDGED UNDER THE
19 RULE OF REASON OR PER SE. I THINK THAT'S PROBABLY A COMMON
20 ISSUE.
21   AND AS I SAY, THERE MAY BE MORE ON IMPACT DEPENDING ON
22 WHAT THE PLAINTIFFS DO.
23     THE COURT: ALL RIGHT. WELL, THE IMPACT SEEMS LIKE
24 THAT'S CERTAINLY GOING TO COME UP IN CLASS CERT.
25     MR. MITTELSTAEDT: I AGREE, YOUR HONOR. WE WILL

SHEET 4

**13**

1  LEARN A LOT ABOUT YOUR HONOR'S VIEWS ON THAT, AND MAYBE
2  THERE'S A SUMMARY JUDGMENT MOTION THERE, MAYBE THERE ISN'T.
3  BUT WHAT WE'RE PLANNING FOR HERE IS -- I MEAN, WE DON'T WANT
4  TO COME BACK AND -- AND ASK THE COURT FOR MORE PAGES. AND AS
5  I SAY, WE'RE NOT GOING TO USE THESE PAGES JUST TO -- TO FILL
6  THEM UP FOR -- FOR, YOU KNOW, ANY PURPOSE.
7      AND WHAT WE'RE GOING TO TRY AND DO IS HAVE, YOU KNOW, AS
8  MUCH AS OF THIS -- AS MUCH AS WE CAN AGREE TO THAT'S COMMON IN
9  A JOINT BRIEF BECAUSE I THINK THAT MAKES IT EASIER FOR THE
10 COURT, BUT ON THIS INDIVIDUAL ISSUE ABOUT WHETHER THERE'S
11 SUFFICIENT EVIDENCE AS TO AN INDIVIDUAL DEFENDANT, THAT'S
12 WHERE I THINK THE INDIVIDUAL BRIEFS ARE NEEDED.
13     THE COURT: WELL, WHAT IF ON THE COMMON ISSUES I
14 MIGHT BE AMENABLE TO HAVING BRIEFING OF 14, 14, AND 10. I
15 WOULD LIKE TO GO EVEN LOWER THAN THAT BECAUSE I THINK SOME OF
16 THAT IS GOING TO BE OVERLAPPING WITH CLASS CERT.
17 ==THE RULE OF REASON VERSUS PER SE, THAT OBVIOUSLY SHOULD BE==
18 ==BRIEFED, AND WE HAVEN'T REALLY DONE THAT YET. IT WAS SLIGHTLY==
19 ==TOUCHED UPON, A MOTION TO DISMISS, BUT IT HASN'T BEEN THUS==
20 ==FAR --==
21 I'M JUST -- I'M JUST CONCERNED ABOUT JUST HUMAN LIMITS ON
22 WHAT WE CAN DO IN ONE SUMMARY JUDGMENT HEARING. THAT'S MY
23 CONCERN.
24     MR. MITTELSTAEDT: OKAY. YOUR HONOR, WHAT -- WHAT --
25 WE WILL TRY TO DO THAT. I THINK --

**14**

1  IS THAT OKAY?
2  -- IF -- IF WE HAVE SUFFICIENT ROOM IN THE INDIVIDUAL
3  BRIEFS FOR THE -- FOR WHAT I WOULD CONSIDER TO BE THE MAIN
4  ISSUE.
5      THE COURT: SO MY CONCERN IS MARCH 5TH, I HAVE THE
6  FINAL PRETRIAL CONFERENCE IN THE SECOND APPLE V. SAMSUNG.
7  THAT'S GOING TO TRIAL MARCH 31, SO IT'S JUST GOING TO BE A
8  VERY INTENSE TIME. AND THEN MARCH 20TH, ABOUT 2 WEEKS LATER,
9  WE HAVE SUMMARY JUDGMENT DAUBERT MOTIONS IN THIS CASE, SO MY
10 JUST CONCERN IS THAT WE'RE JUST NOT GOING TO BE ABLE TO HANDLE
11 IT PHYSICALLY.
12     NOT THAT WE DON'T THINK YOUR CASE IS IMPORTANT AND YOU
13 DESERVE MUCH, MUCH MORE IN TERMS OF COURT RESOURCES THAN
14 YOU'RE GETTING, AND I APOLOGIZE FOR THAT, BUT I'M JUST
15 CONCERNED WITH ALL THE VACANCIES ON OUR COURT, I'M NOT SURE IF
16 WE'LL BE ABLE TO HANDLE IT JUST -- OUR SMALL TEAM VERSUS ALL
17 OF YOUR VERY EXPERT AND LARGE TEAMS.
18     IT'S -- WE'RE JUST COMPLETELY OUTNUMBERED AND OVERWHELMED.
19 THAT'S MY CONCERN.
20     MR. MITTELSTAEDT: I CAN COMMIT TO YOUR HONOR THAT WE
21 WILL WORK VERY HARD ON THIS SIDE TO KEEP THESE BRIEFS AS SHORT
22 AS POSSIBLE. I THINK THE LONGER-TERM ISSUE, THOUGH, IS -- I
23 MEAN, LET'S SAY WE'VE GOT A GOOD SUMMARY JUDGMENT MOTION --
24     THE COURT: UM-HMM.
25     MR. MITTELSTAEDT: -- BUT WE DON'T HAVE SUFFICIENT

**15**

1  SPACE -- SUFFICIENT PAGE LIMITS, AND THEN WE END UP SOME --
2  ONE OR MORE OF THESE DEFENDANTS END UP GOING TO TRIAL, WHERE
3  IF WE TOOK ADEQUATE TIME -- SO, YOUR HONOR --
4  ==    THE COURT: WELL, LET'S DO 14, 14, AND 10 ON THE==
5  ==COMMON ISSUES. THAT WILL BE THE RULE OF REASON VERSUS PER SE.==
6  ==ON SUFFICIENCY OF THE EVIDENCE, I JUST THINK THAT'S GOING TO==
7  ==BE HARD TO WIN ON SUMMARY JUDGMENT.==
8      MR. MITTELSTAEDT: WELL, MAYBE THAT'S WHY WE NEED
9  MORE --
10     THE COURT: I DON'T WANT TO PREJUDGE IT. I DON'T
11 WANT TO PREJUDGE IT, BUT I MEAN, THIS IS A REALLY, REALLY RICH
12 RECORD, SO I'M JUST GOING TO ASK YOU ALL -- I MEAN, IF YOU
13 FEEL LIKE YOU NEED TO MAKE IT, YOU KNOW, TO ESTABLISH YOUR
14 RECORD AND TO BE A ZEALOUS ADVOCATE FOR YOUR CLIENT, BY ALL
15 MEANS.
16     BUT I'M GOING TO ASK YOU TO PLEASE BE KIND TO US AS WELL.
17     MR. MITTELSTAEDT: OKAY.
18     THE COURT: I WOULD LOVE -- THIS IS A FASCINATING
19 CASE. I WOULD LOVE TO GIVE YOU UNLIMITED RESOURCES, BUT I
20 JUST CAN'T BECAUSE OF CASELOAD.
21     MR. MITTELSTAEDT: I UNDERSTAND THAT, YOUR HONOR, BUT
22 IT'S ALMOST -- WHEN YOU SAY THAT YOU THINK WE'VE GOT AN UPHILL
23 BATTLE ON SUMMARY JUDGMENT --
24     THE COURT: YEAH.
25     MR. MITTELSTAEDT: -- I FEEL LIKE I SHOULD ASK FOR

**16**

1  MORE PAGES 'CAUSE I'M GOING --
2      THE COURT: NO, BECAUSE --
3          (SIMULTANEOUS COLLOQUY.)
4      MR. MITTELSTAEDT: -- PERSUADE YOU.
5      THE COURT: I MEAN, WE'LL HAVE TO SEE WHAT HAPPENS,
6  OBVIOUSLY. I -- I HAVE NOT REVIEWED THE MOTION THAT WAS JUST
7  FILED FOR CLASS CERT, SO I DON'T KNOW THE CURRENT LAY OF THE
8  LAND. BUT I THINK 14, 14, 10 SHOULD BE SUFFICIENT TO ADDRESS
9  THE ISSUES THAT YOU'VE RAISED. WE CAN HAVE A SEPARATE SUMMARY
10 JUDGMENT MOTION WHERE YOU ADDRESS INDIVIDUAL CONCERNS, AND,
11 YOU KNOW, TO BE FRANK, SOME OF YOU HAVE BETTER CASES THAN
12 OTHERS ON YOUR INDIVIDUAL CLAIM.
13     BUT I'M GOING TO GIVE YOU A TOTAL NUMBER OF -- OF PAGES
14 AND YOU ALL DUKE IT OUT AMONGST YOURSELF WHO GETS HOW MANY. I
15 MEAN, OTHERWISE, IT'S GOING TO BE A DEFAULT OF -- I'D GO UP TO
16 42, 42, 32. WHAT ABOUT THAT? I MEAN, THAT'S ROUGHLY 7 -- I'M
17 SORRY -- 6 PAGES PER DEFENDANT, BUT YOU MAY WANT TO ALLOCATE
18 IT SLIGHTLY DIFFERENTLY.
19     MR. MITTELSTAEDT: IS THAT IN ADDITION TO THE 14?
20     THE COURT: THAT'S IN ADDITION. I -- I JUST THINK
21 THAT WE CAN'T HANDLE ANY MORE. I'M REALLY SORRY. WE'RE GOING
22 TO BE STARTING -- WE'RE GOING TO BE STARTING A SECOND TRIAL.
23     MR. MITTELSTAEDT: I DON'T KNOW IF I CAN NEGOTIATE
24 WITH THE COURT. WOULD YOU GO TO 50?
25     THE COURT: I JUST THINK WE CAN'T -- I'M SORRY. I

SHEET 7

**Page 25**

1  I MEAN, WE'LL PROBABLY BE PREPARING EVERYTHING TOGETHER,
2  BUT AT LEAST IT RELIEVES A LITTLE BIT OF THE PRESSURE OF
3  HAVING TO GIVE YOU EVERYTHING ALL AT ONCE.
4      MR. MITTELSTAEDT:  I THINK IT WOULD MAKE SENSE IF
5  YOUR -- COURT'S CALENDAR WOULD PERMIT THIS, TO HAVE TWO
6  HEARING DATES.
7      THE COURT:  UH-HUH.
8      MR. MITTELSTAEDT:  I'M NOT SO SURE DIVIDING THEM
9  BETWEEN ALL THE SUMMARY JUDGMENTS AND ALL THE DAUBERT'S IS THE
10 BEST WAY TO DO IT, BECAUSE THEY MAY BE RELATED.
11     THE COURT:  SURE.  THEN HOW SHOULD WE DIVIDE IT UP,
12 THOUGH?
13   MY GUESS IS THE PLAINTIFFS' MOTION IS GOING TO BE KIND OF
14 OTHER SIDE OF THE COIN OF YOUR MOTION IN SOME RESPECT.
15 THERE'S GOING TO BE A LOT OF OVERLAP.  SHOULD WE JUST DO
16 COMMON ISSUES FIRST, AND THEN DO INDIVIDUALS SECOND?  WOULD
17 THAT BE A BETTER WAY TO BREAK IT UP.
18     MR. MITTELSTAEDT:  I DON'T KNOW, AND WHAT I WOULD
19 SUGGEST IS WE SET TWO HEARINGS NOW, AND WE TRY AND MEET AND
20 CONFER AND CONSULT WITH YOUR HONOR ABOUT HOW TO BREAK THEM UP
21 ONCE WE KNOW WHAT THEY ARE.  I THINK THAT'S --
22     THE COURT:  THAT'S FINE.  THAT'S FINE, BUT LET'S GO
23 AHEAD -- I'M JUST CONCERNED THAT WE'RE NOT GOING TO -- THIS
24 WOULD BE A LOT TO HANDLE IN ONE WEEK, SO LET'S GO AHEAD AND
25 SET TWO DATES.

**Page 26**

1   ONE WE'LL KEEP, WHICH IS MARCH 20TH OF 2014 AT 1:30.  THE
2  OTHER ONE'S GOING TO BE THE NEXT WEEK, MARCH 27TH, 2014 AT
3  1:30, AND WE CAN DECIDE AT A LATER TIME HOW TO BREAK THAT UP.
4   OKAY?
5      MR. MITTELSTAEDT:  DO YOU --
6      MR. SAVERI:  I'M SORRY, YOUR HONOR.
7      THE COURT:  YEAH, GO AHEAD, PLEASE.
8      MR. SAVERI:  IT MAY -- IT MAY MAKE SENSE TO DO THE
9  702'S -- MOTIONS BEFORE THE SUMMARY JUDGMENT MOTIONS.  I MEAN,
10 THAT WOULD BE ONE THING I THINK WE SHOULD -- I AGREE WE SHOULD
11 GET THE HEARINGS AND WE SHOULD TALK ABOUT -- AS I'M THINKING
12 THIS THROUGH, ONE -- ANOTHER WAY TO DO IT, WHICH I'VE DONE IN
13 THE PAST, IS TO DO THE 702 MOTIONS FIRST.
14     THE COURT:  FIRST.  OKAY.
15     MR. SAVERI:  BECAUSE THEN, IT SEEMS TO ME, TO SOME
16 EXTENT, YOU'VE CLEARED OUT SOME OF THE ISSUES THAT MAY --
17 WOULD OTHERWISE COME UP AT SUMMARY JUDGMENT.  THERE MAY BE
18 SOME LOGIC TO THAT, BUT I'M HAPPY TO HAVE A CONVERSATION ABOUT
19 THAT.
20     THE COURT:  OKAY.  I THINK THAT'S FINE.
21   NOW, WE WOULD PROBABLY BE ABLE TO HANDLE SOMETHING MORE
22 THAN JUST THE DAUBERT'S THEN.  SO MAYBE WE CAN PICK ONE OF THE
23 SUMMARY JUDGMENT HEARINGS TO DO WITH THE DAUBERT MOTIONS AT
24 THAT FIRST HEARING DATE, AND THEN HAVE THE SECOND SUMMARY
25 JUDGMENT MOTION HEARD THE SECOND ONE, OR SOMETHING LIKE THAT.

**Page 27**

1      MR. MITTELSTAEDT:  IF IT'S OKAY, I THINK, YOUR HONOR,
2  JOE AND I SHOULD TALK ABOUT THAT.
3      MR. SAVERI:  AND KELLY, TOO, OBVIOUSLY.
4      MR. MITTELSTAEDT:  OKAY.  ANYBODY WHO WANTS TO TALK
5  ABOUT IT CAN TALK ABOUT IT, BUT IT MAY BE THAT THE DAUBERT'S
6  ARE CLOSELY RELATED TO THE MO- -- PARTICULAR SUMMARY
7  JUDGMENT --
8      THE COURT:  SURE.
9      MR. MITTELSTAEDT:  -- AND IT MAKES SENSE TO HEAR
10 THAT, BUT I THINK THAT'S A DETAIL WE CAN WORK OUT.
11     THE COURT:  OKAY.
12     MR. SAVERI:  I AGREE.  I MEAN, I THINK WE COULD TRY
13 TO MIX AND --
14     THE COURT:  UH-OH.  IS THERE BAD NEWS?
15     THE CLERK:  I DON'T THINK SO, BUT I HAD JUDGE LLOYD'S
16 CALENDAR UP, AND SO HE HAD NOTHING ON MARCH 27TH.  WE DO HAVE
17 THE LAST DAY FOR DISPOSITIVE MOTIONS ON DELGADO VS. DEANDA AS
18 WELL AS HERSKOWITZ.
19     THE COURT:  OH, OKAY.  I THINK THAT'S OKAY.  ON THE
20 27TH.  I THINK THE BIGGER PROBLEM IS THE MARCH 31.  WE'RE
21 GOING TO BE PRETTY BUSY GETTING JURY INSTRUCTIONS AND OTHER
22 THINGS READY.
23   OKAY.  SO -- ALL RIGHT.  SO WHY DON'T WE DO THIS:  CAN YOU
24 ALL MAKE A RECOMMENDATION -- LET'S SEE.  YOU'RE FINISHED
25 FILING ON FEBRUARY 27TH.  WHY DON'T YOU MAKE A RECOMMENDATION

**Page 28**

1  MAYBE A WEEK LATER?  WHAT ABOUT ON MARCH 6TH?  CAN YOU JUST
2  PLEASE MAKE A RECOMMENDATION AS TO HOW YOU -- YOU'VE MET AND
3  CONFERRED AND WHAT YOU THINK IS THE BEST DISTRIBUTION OF THE
4  VARIOUS MOTIONS FOR THE 20TH VERSUS THE 27TH OF MARCH.
5      MR. MITTELSTAEDT:  WE WILL DO THAT.
6      THE COURT:  OKAY.
7      MR. SAVERI:  AND, AGAIN, YOUR HONOR, JUST SO I HAVE
8  IT CLEAR, BOTH ON THE 20TH AND 27TH, WE ARE -- WE HAVE 1:30 --
9      THE COURT:  YES, PLEASE.
10     MR. SAVERI:  ONE -- OKAY.
11     THE COURT:  JOINT STATEMENT RE: DISTRIBUTION OF
12 MOTIONS.  GREAT.  FOR MARCH 20 AND 27 HEARING DATES.
13   ==OKAY.  NOW, LET'S TALK ABOUT THE DAUBERT'S.  I WANT TO==
14 ==STRONGLY ENCOURAGE YOU TO RESTRICT THESE FURTHER AND -- AND==
15 ==THE REASON IS THAT, YOU KNOW, MOST LIKELY, THINGS ARE GOING TO==
16 ==GOING TO WEIGHT AND NOT ADMISSIBILITY.  DAUBERT, YOU KNOW, THE==
17 ==LIKELIHOOD THAT SOMEBODY WOULD BE STRUCK COMPLETELY, PROBABLY==
18 ==NOT LIKELY.  MAYBE SOME THEORIES POSSIBLY.==
19   WHAT -- CAN WE HAVE -- I'M JUST CONCERNED THAT I'M HEARING
20 POTENTIALLY THREE TO FOUR, MAYBE FIVE EXPERTS PER SIDE, AND
21 THEN YOU WANT, YOU KNOW, 30 PAGES OF BRIEFING FOR 10 EXPERTS
22 POTENTIALLY.  THAT'S JUST -- I JUST DON'T THINK WE CAN HANDLE
23 THAT EVEN WITH THE TWO HEARING DATES, SO WHAT -- LET ME GET A
24 CONCESSION FROM YOU ALL IF THERE CAN BE FURTHER NARROWING IF
25 POSSIBLE, PLEASE.

SHEET 13

**49**

1  PERSPECTIVE.
2      SO, YOUR HONOR, HOW ABOUT IF WE JUST LEAVE THAT -- THAT
3  DEADLINE FOR SUBMITTING THE STATUS REPORT?
4      THE COURT:  OKAY.
5      MR. MITTELSTAEDT:  JULY 19TH, WE'LL REPORT.  AND, YOU
6  KNOW, IF THERE'S SOMETHING TO REPORT THREE DAYS LATER, WE'LL
7  REPORT THAT AS WELL.
8      MS. DERMODY:  IT MAY MAKE SENSE, GIVEN JUST THE
9  AVAILABILITY OF MEDIATORS THAT PARTICULAR WEEK, JUST TO DO IT
10 ON THE 22ND IN THE MORNING IN CASE WE'RE ACTUALLY MEETING ON
11 THE 19TH.  THAT'S THE ONLY RESERVATION --
12     MR. MITTELSTAEDT:  I THINK HE HAS DATES IN JUNE,
13 THOUGH.
14     MS. DERMODY:  THERE'S ANOTHER GUY WE'RE TALKING TO --
15     MR. MITTELSTAEDT:  OH.
16     MS. DERMODY:  -- SO THERE'S A WHOLE -- YEAH.
17     THE COURT:  OKAY.  I GUESS -- ALL RIGHT.  SO YOU WANT
18 TO FILE A JOINT STATUS REPORT ON THE 22ND OF JULY?
19     MS. DERMODY:  YES.  AND IT COULD -- YOU KNOW, EARLY
20 IN THE MORNING, YOUR HONOR, JUST WOULD ALLOW THE POSSIBILITY
21 THAT THE 19TH MIGHT BE A PRODUCTIVE DAY.
22     THE COURT:  OKAY.  THEN COULD WE SAY BY 9:00 A.M. OR
23 10:00 A.M.?  WHAT -- WHAT TIME DO YOU WANT?
24     MR. SAVERI:  I LIKE 10:00, ABOUT AN HOUR MORE THAN
25 9:00.

**50**

1      THE COURT:  OKAY.  SO 10:00 A.M. IS FINE.  AND THAT
2  WILL LET US KNOW THAT IF THAT'S NOT RESOLVED, THEN, YOU KNOW,
3  WE NEED TO GUN IT THE NEXT THREE WEEKS TO GET READY FOR THE
4  8TH.
5      MR. SAVERI:  YES, YOUR HONOR.
6      MS. DERMODY:  THANKS, YOUR HONOR.
7      THE COURT:  OKAY.  SO THAT STILL GIVES YOU ABOUT
8  THREE WEEKS BEFORE THE HEARING.  OKAY.
9    ALL RIGHT.  WHAT ELSE?  ANYTHING ELSE?
10     MR. MITTELSTAEDT:  I DON'T THINK SO, YOUR HONOR.
11     THE COURT:  NO?  OKAY.  THANK YOU ALL VERY MUCH.  I
12 REALLY APPRECIATE IT.
13     MR. SAVERI:  THANK YOU VERY MUCH.
14     THE COURT:  THANK YOU.  I'LL SEE YOU IN AUGUST.
15     (PROCEEDINGS WERE CONCLUDED AT 3:11 P.M.)
16          --000--

---

CERTIFICATE OF REPORTER

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER. I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN, AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

_____
RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR
FRIDAY, MAY 31, 2013