```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                           SAN JOSE DIVISION

 4

 5
     IN RE: HIGH-TECH EMPLOYEE          )  C-11-02509 LHK
 6   ANTITRUST LITIGATION,              )
                                        )  SAN JOSE, CALIFORNIA
 7   _____        )
                                        )  OCTOBER 21, 2013
 8   THIS DOCUMENT RELATES TO:          )
     ALL ACTIONS                        )  PAGES 1-76
 9   _____        )

10
                       TRANSCRIPT OF PROCEEDINGS
11                BEFORE THE HONORABLE LUCY H. KOH
                    UNITED STATES DISTRICT JUDGE
12
     A P P E A R A N C E S:
13
     FOR THE PLAINTIFFS:     JOSEPH SAVERI LAW FIRM
14                           BY:   JOSEPH SAVERI
                                   JAMES G. DALLAL
15                           255 CALIFORNIA STREET, SUITE 450
                             SAN FRANCISCO, CALIFORNIA  94111
16

17                           LIEFF, CABRASER,
                             HEIMANN & BERNSTEIN
18                           BY:   KELLY M. DERMODY
                                   BRENDAN P. GLACKIN
19                                 DEAN M. HARVEY
                                   ANNE B. SHAVER
20                                 LISA J. CISNEROS
                             275 BATTERY STREET, 30TH FLOOR
21                           SAN FRANCISCO, CALIFORNIA  94111

22              APPEARANCES CONTINUED ON NEXT PAGE

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24
            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25                TRANSCRIPT PRODUCED WITH COMPUTER
```

1	HOWEVER, I'D LIKE TO SUGGEST FOR THE INDIVIDUAL
2	DEFENDANTS' BRIEFS THAT EACH DEFENDANT, INSTEAD OF MY ORIGINAL
3	7 PAGES EACH, WOULD GET 9 PAGES EACH, SO THAT THE TOTAL PAGE
4	LIMIT WOULD BE 36 FOR THE MOVING PAPERS; 36 FOR THE OPPOSITION;
5	AND 25 FOR THE REPLY INSTEAD OF THE 42, 42, 32.
6	AND I'M MOSTLY JUST THINKING IN TERMS OF WHAT WE CAN
7	HANDLE DURING THE HEARINGS ON THESE VARIOUS DATES, YOU KNOW,
8	THE DISPOSITIVE MOTIONS AND DAUBERT MOTIONS ON MARCH 20TH AND
9	27TH.  I JUST HAVE CONCERNS.
10	I MEAN, JUST BECAUSE OF WHAT'S, UNFORTUNATELY, BEEN
11	SCHEDULED IN ALL OF MY OTHER CASES, I'M CONCERNED THAT WE MAY
12	NOT BE ABLE TO HANDLE MUCH MORE THAN THAT.  IT'S JUST OUR OWN
13	LIMITATIONS.
14	SO DO YOU WANT TO BE HEARD ON --
15	            MR. VAN NEST:  JUST BRIEFLY, YOUR HONOR.
16	            THE COURT:  YES.
17	            MR. VAN NEST:  IF WE -- YOUR HONOR GAVE US 15 PAGES
18	ON THE COMMON ISSUES.
19	            THE COURT:  THAT'S THE SAME.
20	            MR. VAN NEST:  RIGHT.
21	            THE COURT:  THAT'S UNCHANGED.
22	            MR. VAN NEST:  IF WE'RE -- IF WE'RE GOING TO HAVE TO
23	MOVE FROM 42 --
24	            THE COURT:  UM-HUM.
25	            MR. VAN NEST:  -- WHICH WE HAD BEFORE, DOWN TO A

```
1           LOWER NUMBER --
2                THE COURT:  36.
3                MR. VAN NEST:  -- COULD WE HAVE JUST A FEW MORE PAGES
4    ON THE COMMON ISSUES?  SAY 20?
5                THE COURT:  WELL --
6                MR. VAN NEST:  I UNDERSTAND WE CAN ALLOCATE THESE THE
7    WAY WE WANT.  I'M TRYING HARD TO COORDINATE WITH EVERYONE.
8                THE COURT:  SURE.
9                MR. VAN NEST:  BUT OBVIOUSLY IF THE PLAINTIFFS ARE
10   SAYING, YOU KNOW, THE SCOPE OF ISSUES IS THE SAME, TO THE
11   EXTENT THAT THERE'S EVIDENCE AFFECTING LUCASFILM AND SO ON,
12   PIXAR, WE STILL HAVE TO ADDRESS IT.
13        SO I WOULD HAVE NO PROBLEM WITH 9 EACH IF WE COULD GET 20
14   ON THE COMMON, AND THEN WHATEVER FLOWS FROM THAT WITH A REPLY.
15               THE COURT:  WELL, LET ME ASK YOU, OKAY, WHAT IF WE --
16   DO YOU THINK THAT THE COMMON ISSUES WILL BE MORE -- WELL, WHAT
17   DO YOU HAVE --
18               MR. VAN NEST:  IT COULD BE --
19               THE COURT:  -- IN MIND -- MY ONLY CONCERN ON THE
20   SUMMARY JUDGMENT AND THE REASON WHY I'M ALSO LIMITING THE
21   BRIEFING, NUMBER ONE, IS THERE ARE GOING TO BE SO MANY
22   DIFFERENT MOTIONS THAT IT'S GOING TO BE DIFFICULT FOR MY
23   CHAMBERS TO HANDLE.
24               MR. VAN NEST:  RIGHT.
25               THE COURT:  ALSO, I JUST THINK THAT THE LIKELIHOOD
```

```
1      THAT THERE WILL BE A SINGLE MATERIAL FACTUAL DISPUTE IS FAIRLY
2      LIKELY BASED ON WHAT I'VE SEEN SO FAR IN THIS CASE.
3              SO I DON'T WANT TO INVEST ALL OF MY CHAMBERS RESOURCES ON
4      MOTIONS THAT I REALLY JUST DON'T -- I MEAN, I'M MORE LIKELY TO
5      SEE IF THERE'S SOME ISSUE LIKE THE INDIVIDUAL, LIKE THE WHOLE
6      PRESIDIO ISSUE THAT LUCASFILM BROUGHT IN THE MOTION TO DISMISS
7      CONTEXT, THAT I CAN UNDERSTAND.
8              MR. VAN NEST:  SURE.
9              THE COURT:  BUT OTHERWISE ON THE COMMON ISSUES, I
10     JUST THINK THERE'S GOING TO BE A FACTUAL DISPUTE HERE.
11             MR. VAN NEST:  WELL, I THINK, YOUR HONOR, OBVIOUSLY
12     IT'S AN IMPORTANT CASE AND OBVIOUSLY THERE ARE A LOT OF
13     RESOURCES IN IT.  I'M NOT ASKING FOR MUCH MORE.
14             I DISAGREE WITH THE COURT.  I DO THINK THERE ARE A COUPLE
15     OF REALLY BIG PICTURE ISSUES THAT WE'LL BENEFIT FROM.
16             THE COURT:  OKAY.
17             MR. VAN NEST:  AND IF 15 IS ALL YOU CAN ACCOMMODATE,
18     WE'LL LIVE WITH IT.  BUT IF WE CAN HAVE 20 ON THE COMMON
19     ISSUES, MAYBE WE COULD --
20             THE COURT:  OKAY.  WELL, I WOULD ENTERTAIN INCREASING
21     THE COMMON TO 20, BUT THEN I WOULD WANT TO CUT THE INDIVIDUAL A
22     LITTLE BIT MORE, MAYBE BACK TO 7 PAGES PER DEFENDANT LIKE IT
23     WAS PREVIOUSLY.  WOULD THAT BE BETTER FOR YOU TO HAVE MORE
24     PAGES --
25             MR. VAN NEST:  IT'S A PAGE EITHER WAY.  I MEAN, IT'S
```

```
1    A PAGE EITHER WAY.  SO -- I MEAN, I UNDERSTAND IF -- MY
2    UNDERSTANDING OF WHAT YOU SAID EARLIER WAS IF WE NEED TO SPEND
3    MORE ON THE COMMON ISSUES, WE'VE GOT TO TAKE IT OUT OF THE
4    INDIVIDUAL ISSUES, AND WE'LL DO THAT.
5         SO IF -- RIGHT NOW IF YOU'RE GIVING US 36, 9 TIMES 4, PLUS
6    15 --
7              THE COURT:  YES.
8              MR. VAN NEST:  -- WE'VE GOT 51 PAGES AND I'M ASKING
9    FOR 56 PAGES.  SO WHAT YOU'RE SUGGESTING IS IN THIS BALLPARK.
10             THE COURT:  IT'S JUST THE ALLOCATION OF PAGES.  I
11   MEAN, I WOULD LIKE -- I'D LIKE TO KEEP -- JUST BECAUSE I DO
12   THINK THERE WILL BE A HUMAN LIMIT TO WHAT WE CAN HANDLE.
13             MR. VAN NEST:  SURE.
14             THE COURT:  I MEAN, ALL OF THE ORDERS IN THIS CASE
15   HAVE BEEN REALLY BIG ENDEAVORS FOR US.
16             MR. VAN NEST:  RIGHT.  YOU'RE BUSY ENOUGH, YOUR
17   HONOR.  YOU DON'T NEED TO SPEND ANY MORE TIME ON IT.
18        WE'LL LIVE WITH THAT, ASSUMING WE CAN ALLOCATE THE PAGES
19   THE WAY WE DEEM APPROPRIATE.  OBVIOUSLY IF WE SPEND A FEW MORE
20   ON COMMON ISSUES, WE'LL TAKE THEM AWAY.
21             THE COURT:  THAT'S FINE.  DO YOU WANT TO DO IT THAT
22   WAY THEN?
23             MR. VAN NEST:  WE'LL DO IT THAT WAY.
24             THE COURT:  OKAY.
25             MR. VAN NEST:  SO WE'VE GOT BASICALLY 51 PAGES
```

# CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: OCTOBER 30, 2013