1  GEORGE A. RILEY (Bar No. 118304)
   griley@omm.com
2  MICHAEL F. TUBACH (Bar No. 145955)
   mtubach@omm.com
3  LISA CHEN (Bar No. 234681)
   lisachen@omm.com
4  CHRISTINA J. BROWN (Bar No. 242130)
   cjbrown@omm.com
5  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
6  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
7  Facsimile:    (415) 984-8701

8  Attorneys for Defendant
   Apple Inc.

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN JOSE DIVISION**

13

| | |
|---|---|
| 14  IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
| 15 | **DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF** |
| 16 | **INTERROGATORIES RE: IDENTIFICATION OF WITNESSES** |
| 17  THIS DOCUMENT RELATES TO: | |
| 18  ALL ACTIONS | |
| 19 | |

20  PROPOUNDING PARTY:    PLAINTIFFS

21  RESPONDING PARTY:     DEFENDANT APPLE INC.

22  SET NUMBER:           SET ONE, INTERROGATORIES NO. 1-14

23

24

25

26

27

28

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Apple Inc. ("Apple")

2    responds as follows to Plaintiffs' First Set of Interrogatories re: Identification of Witnesses.

3    **GENERAL OBJECTIONS**

4    Apple makes the following general objections whether or not separately set forth in

5    response to each interrogatory and each and every instruction and definition by Plaintiffs:

6    1.    Apple's responses to these interrogatories are based on the information presently

7    available to it and upon its investigation to this date.  Discovery is ongoing, and Apple reserves

8    the right to supplement or amend these responses and to present additional or other evidence as

9    the matter proceeds.

10    2.    Apple objects to each interrogatory to the extent it calls for disclosure of material

11    or information that is subject to the attorney-client privilege, the work-product doctrine, the joint-

12    defense privilege, grand jury, or any other applicable privilege and/or immunity recognized by the

13    Federal Rules of Civil Procedure, federal statute, or any other applicable federal or state rule or

14    law.  To the extent that any such privileged or protected information is produced, the production

15    will have been inadvertent and should not be deemed a waiver of any privilege or protection from

16    production.

17    3.    Apple objects to each interrogatory to the extent it calls for disclosure of Apple's

18    confidential or proprietary information, trade secrets, research, development, commercial

19    information, or any other competitively sensitive information.  Apple also objects to each

20    interrogatory to the extent that it seeks confidential or proprietary information, trade secrets,

21    research, development, commercial information, or any other competitively sensitive information

22    belonging to a third party but entrusted to Apple on conditions of confidentiality and non-

23    disclosure, or joint confidential information of Apple and a third party.  To the extent Apple

24    agrees to produce Apple confidential information or other confidential information, Apple will do

25    so only subject to the terms of the Stipulated Protective Order entered by the Court on January 24,

26    2012.

27    4.    Apple objects to each interrogatory to the extent that it requires responses that

28    would infringe upon the legitimate privacy rights of current or former employees, officers, or

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

directors of  Apple, current or former affiliates, related companies, or subsidiaries, or other individuals, to the extent such privacy rights and expectations are protected by law, contract, or public policy.

5.      Apple objects to each interrogatory to the extent it calls for disclosure of material or information beyond the scope of permissible discovery, seeks information that is not relevant to the subject matter of this lawsuit, or is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Apple objects to each interrogatory to the extent it is unnecessarily broad or unduly burdensome, and to the extent that it uses vague or ambiguous terms.

7.      Apple objects to each interrogatory to the extent it calls for disclosure of material or information not within its possession, custody, or control.

8.      Apple objects to each interrogatory to the extent it calls for disclosure of material or information that is already available to Plaintiffs or Plaintiffs' counsel.

9.      Apple objects to each interrogatory to the extent that it calls for speculation, opinion, or a legal conclusion.

10.      Apple objects to each interrogatory to the extent it is compound and, together with the other interrogatories, may exceed the number limit on interrogatories set by Federal Rule of Civil Procedure 33(a).

11.      Apple objects to each interrogatory to the extent it seeks to impose duties or obligations on Apple exceeding the requirements of the Federal Rules of Civil Procedure or Local Rules of the Northern District of California.

12.      Apple reserves the right to object to the relevance or admissibility of any responses to these interrogatories.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Apple objects to Definition No. 2, defining "Agreement," as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  By responding to these interrogatories, Apple does not concede the existence of any agreement alleged in the Consolidated Amended Complaint or any other bilateral or multilateral

agreement.

2.     Apple objects to Definition No. 5, defining "Cold-calling and "cold-call," as vague, ambiguous, and contrary to the common meaning of these terms.  Apple will interpret "cold-calling" and "cold-call" as referring to communicating directly in any manner (including, without limitation, orally, in writing, telephonically, or electronically) with a potential employee who has not applied for a job or otherwise initiated contact with the company making the cold-call.

3.     Apple objects to Definition No. 6, defining "Co-conspirators," as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple will interpret "Co-conspirators" to consist of Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Inc., and Pixar.

4.     Apple objects to Definition No. 8, defining "Employee," as overly broad to the extent it purports to include any "messenger," "agent," or other person who is not or was not an Apple employee, and to the extent it purports to include employees of any "Defendant," "Co-Conspirator," or any entity other than Apple.

5.     Apple objects to Definition No. 13, defining "Subsidiary," "affiliate," and "joint venture," and to Definition No. 14, defining "You," your," or "your company," as overly broad to the extent they include parties and entities outside Apple's exclusive control, such as predecessors, successors, subsidiaries, affiliates, agents, outside professionals (including but not limited to any third-party recruiting, hiring, or headhunting firm), former directors, officers, employees, or representatives, and all persons purporting to act on Apple's behalf.  Apple responds to the interrogatories based on information in its possession, custody, and control.

6.     Apple objects to Instruction No. 1, regarding the information required to "identify" a person, on the grounds that the phrase "the years about which the person has the knowledge identified by the interrogatory" is vague and ambiguous, overly broad, and unduly burdensome, and to the extent that the instruction calls for information that would infringe upon the privacy rights of current or former employees.  For each person identified in response to the interrogatories, Apple will provide the person's name, job title from January 1, 2004 to the

1   present, and the manner in which the person may be contacted.

2         7.      Apple objects to Instruction No. 2, regarding persons with "substantial

3   knowledge" as vague and ambiguous, overly broad, unduly burdensome, and not reasonably

4   calculated to lead to the discovery of admissible evidence.

5         8.      Apple objects to Instruction No. 3, regarding the withholding of information on

6   claim of privilege, to the extent it seeks to impose obligations on Apple exceeding the

7   requirements of the Federal Rules of Civil Procedure or other applicable requirements.

8         9.      Apple objects to Instructions No. 1 and No. 4 to the extent they seek information

9   about the time period of January 1, 2003 through the present, as overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11  Apple will respond to these interrogatories for the time period of January 1, 2004 through the

12  present.

13       10.     Apple objects to each definition and instruction to the extent it seeks to impose

14  duties or obligations on Apple exceeding the requirements of the Federal Rules of Civil

15  Procedure or Local Rules of the Northern District of California.

16       Each of the above general objections and objections to definitions and instructions

17  (collectively, "General Objections") is incorporated by reference into Apple's specific responses

18  below.  By setting forth such specific objections, Apple does not limit or restrict the General

19  Objections set forth above.  An objection to all or part of any specific interrogatory, or a

20  statement that Apple will produce responsive information, does not mean that information

21  responsive to that interrogatory or part of the interrogatory exists.

22  **RESPONSES TO INTERROGATORIES**

23  **INTERROGATORY NO. 1**

24       In order of corporate seniority, identify your employees who participated in decisions

25  regarding agreements or discussions about agreements.

26  **RESPONSE TO INTERROGATORY NO. 1**

27       Apple incorporates by reference as if set forth herein the General Objections stated above.

28  Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects to the phrase "in order of corporate seniority" as vague and ambiguous, and to the extent that seniority is not subject to exact ordering and may change over time.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds by identifying the following current and former Apple employees who, based on investigation to date, may have participated in responsive decisions or discussions:

| Name | Job Title(s) at Apple, from 2004 to the present | Contact Information |
| --- | --- | --- |
| Tim Cook | CEO (August 2011 – present)<br>Chief Operating Officer (2007 – August 2011)<br>Senior VP, Worldwide Sales and Operations (2004 – 2007) | Contact through counsel for Apple Inc. |
| Steve Jobs | Chief Executive Officer and Director (2004 – August 2011) | |
| Tom Moyer | Chief Compliance Officer (2010 – present)<br>Director, Employment Law (2007 – 2010)<br>Director, Real Estate Law (2006 – 2007) | Contact through counsel for Apple Inc. |
| Mark Bentley | Senior Director, Human Resources (2006 – present)<br>Manager, Corporate Executive Recruiting (2004 – 2006) | Contact through counsel for Apple Inc. |
| Danielle Lambert | Vice President, Human Resources (2005 – 2009)<br>Vice President, Recruiting (2004 – 2005) | Contact through counsel for Apple Inc. |

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

**INTERROGATORY NO. 2**

Of the persons identified in response to Interrogatory No. 1, identify all persons who have substantial knowledge of corporate decisions regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 2**

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects to the terms "corporate decisions" and "substantial knowledge" as vague and ambiguous.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds by incorporating its response to Interrogatory No. 1.

**INTERROGATORY NO. 3**

In order of corporate seniority, identify all your employees not identified in response to Interrogatory Nos. 1 and 2 who have known about agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 3**

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects to the phrase "in order of corporate seniority" as vague and ambiguous, and to the extent that seniority is not subject to exact ordering and may change over time.  Apple further objects to the phrase "known about" as overly broad and unduly burdensome to the extent that Apple cannot identify each of its thousands of employees who may have had some knowledge of "agreements" or of other

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

employees' "discussions of agreements" during the more than eight years between January 1, 2004 and the present.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds by identifying the following current and former Apple employees who, based on investigation to date, which has not included investigation into all of the numerous recruiters that Apple has used from 2004 through the present, may have knowledge responsive to this interrogatory:

| Name | Job Title(s) at Apple, from 2004 to the present | Contact Information |
| --- | --- | --- |
| Tim Larson | Director, Wellness (September 2007 – present)<br><br>Director, G&A HR (July 2006 – September 2007)<br><br>Director, Operations HR (February 2006 – July 2006)<br><br>Director, Sales HR (2004 – February 2006) | Contact through counsel for Apple Inc. |
| Scott Gilfoil | Corporate Staffing Director for University Relations, Diversity, Hardware, iPod and iPhone, Staffing Research, Staffing Operations, and Software/Applications (2007 – May 2011)<br><br>Manager, Corporate Recruiting (2004 – 2007) | To be provided. |
| Cheline Jaidar | Staffing Manager for Special Projects, including Industrial Design, Marketing Communications, and Creative Arts Professionals (2004 – present) | Contact through counsel for Apple Inc. |
| Ann Reeves | Manager, Corporate Staffing (February 2011 – present)<br><br>Corporate Staffing Director for Sales, Operations, G&A, Marketing, and Call Center (July 2007 – February 2011)<br><br>Manager, Corporate Staffing (2004 – July 2007) | Contact through counsel for Apple Inc. |

| David Alvarez | Staffing Research Manager (2007 – present) | Contact through counsel for Apple Inc. |
|---|---|---|
| Darrin Baja | Hardware Staffing Manager (2007 – present)<br><br>Corporate Recruiting Manager (November 2005 – 2007)<br><br>Recruiter, Corporate Staffing (2004 – November 2005) | Contact through counsel for Apple Inc. |
| Rich Bechtel | Corporate Staffing Director for SWAT executive recruiting group (June 2009 – present)<br><br>Executive Recruiter (2004 – June 2009) | Contact through counsel for Apple Inc. |
| Patrick Burke | iPod/iPhone Engineering Staffing Manager (November 2005 – March 2011) | To be provided. |
| Kim Felch | Software Staffing Manager (April 2009 – present)<br><br>Corporate Recruiting Manager (2006 – April 2009) | Contact through counsel for Apple Inc. |
| Julie Gaither | Corporate Recruiter (December 2011 – present)<br><br>Recruiting Manager / Sales Staffing Manager (2008 – December 2011)<br><br>Corporate Recruiter (2006 – 2008) | Contact through counsel for Apple Inc. |
| Benjamin Lee | Program Manager, Singapore HR (March 2011 – present)<br><br>Program Manager, Corporate Staffing (2008 – March 2011)<br><br>Retail Store Asst. Manager (October 2005 – 2008)<br><br>Retail Store employee (2004 – October 2005) | Contact through counsel for Apple Inc. |
| Peg Louie | Applications Staffing Manager (2004 – May 2011) | To be provided. |
| Denise McCarney | Staffing Operations Manager (August 2008 – present) | Contact through counsel for Apple Inc. |

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

1    **INTERROGATORY NO. 4**

2         Of the persons identified in response to Interrogatory No. 3, identify those who have

3    substantial knowledge regarding corporate decisions relating to agreements or discussions about

4    agreements.

5    **RESPONSE TO INTERROGATORY NO. 4**

6         Apple incorporates by reference as if set forth herein the General Objections stated above.

7    Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent

8    it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably

9    calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

10   "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal

11   conclusion and assumes facts not in evidence.  Apple further objects to the terms "corporate

12   decisions" and "substantial knowledge" as vague and ambiguous.

13        Subject to and without waiving these specific objections and the above-stated General

14   Objections, Apple responds that it is not aware that any persons identified in its response to

15   Interrogatory No. 3 have substantial knowledge regarding corporate decisions relating to

16   agreements or discussions about agreements.  Apple refers to its response to Interrogatory No. 2.

17   **INTERROGATORY NO. 5**

18        Identify your executives, employees, or agents who participated in multilateral meetings

19   or communications with competitors in which agreements or discussions about agreements

20   occurred.

21   **RESPONSE TO INTERROGATORY NO. 5**

22        Apple incorporates by reference as if set forth herein the General Objections stated above.

23   Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the

24   extent that it calls for a legal conclusion and assumes facts not in evidence.

25        Subject to and without waiving these specific objections and the above-stated General

26   Objections, Apple responds that it is not aware of any individuals responsive to this interrogatory

27   or any such multilateral meetings or communications.

28

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

**INTERROGATORY NO. 6**

Of the persons identified in response to Interrogatory No. 5 above, identify those who have substantial knowledge regarding the substance of the agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 6**

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence. Apple further objects to the term "substantial knowledge" as vague and ambiguous.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds by incorporating its response to Interrogatory No. 5.

**INTERROGATORY NO. 7**

Identify your executives, employees, or agents who participated in bilateral meetings or communications with competitors about agreements.

**RESPONSE TO INTERROGATORY NO. 7**

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence. Apple further objects to the term "competitors" as vague, ambiguous, overly broad, and unduly burdensome.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds as follows:

| Name | Job Title(s) at Apple, from 2004 to the present | Contact Information |
|------|------------------------------------------------|---------------------|
| Steve Jobs | Chief Executive Officer and Director (2004 – August 2011) | |

| Danielle Lambert | Vice President, Human Resources (2005 – 2009)<br><br>Vice President, Recruiting (2004 – 2005) | Contact through counsel for Apple Inc. |
|---|---|---|

## INTERROGATORY NO. 8

Of the persons identified in response to Interrogatory No. 7 above, identify those who have substantial knowledge regarding the substance of the bilateral meetings and communications with competitors.

## RESPONSE TO INTERROGATORY NO. 8

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects to the term "competitors" as vague, ambiguous, overly broad, and unduly burdensome. Apple further objects to the term "substantial knowledge" as vague and ambiguous.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds by incorporating its response to Interrogatory No. 7.

## INTERROGATORY NO. 9

Identify your employees who were involved in implementing, policing, or enforcing the discussions or agreements, or who have substantial knowledge of the implementation, policing, or enforcement of agreements or discussions.

## RESPONSE TO INTERROGATORY NO. 9

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

- 12 -

1  "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal

2  conclusion and assumes facts not in evidence.  Apple further objects to the terms "implementing,"

3  "implementation," "policing," "enforcing," "enforcement," and "substantial knowledge" as vague

4  and ambiguous.

5       Subject to and without waiving these specific objections and the above-stated General

6  Objections, Apple responds by identifying the following current and former Apple employees

7  who, based on investigation to date, may have involvement or knowledge responsive to this

8  interrogatory:

| Name | Job Title(s) at Apple, from 2004 to the present | Contact Information |
|------|------------------------------------------------|---------------------|
| Tim Cook | CEO (August 2011 – present)<br>Chief Operating Officer (2007–August 2011)<br>Senior VP, Worldwide Sales and Operations (2004 – 2007) | Contact through counsel for Apple Inc. |
| Steve Jobs | Chief Executive Officer and Director (2004 – August 2011) | |
| Tom Moyer | Chief Compliance Officer (2010 – present)<br>Director, Employment Law (2007 – 2010)<br>Director, Real Estate Law (2006 – 2007) | Contact through counsel for Apple Inc. |
| Mark Bentley | Senior Director, Human Resources (2006 – present)<br>Manager, Corporate Executive Recruiting (2004 – 2006) | Contact through counsel for Apple Inc. |
| Danielle Lambert | Vice President, Human Resources (2005 – 2009)<br>Vice President, Recruiting (2004 – 2005) | Contact through counsel for Apple Inc. |

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

| Tim Larson | Director, Wellness (September 2007 – present) | Contact through counsel for Apple Inc. |
|---|---|---|
| | Director, G&A HR (July 2006 – September 2007) | |
| | Director, Operations HR (February 2006 – July 2006) | |
| | Director, Sales HR (2004 – February 2006) | |
| Scott Gilfoil | Corporate Staffing Director for University Relations, Diversity, Hardware, iPod and iPhone, Staffing Research, Staffing Operations, and Software/Applications (2007 – May 2011) | To be provided. |
| | Manager, Corporate Recruiting (2004 – 2007) | |
| Cheline Jaidar | Staffing Manager for Special Projects, including Industrial Design, Marketing Communications, and Creative Arts Professionals (2004 – present) | Contact through counsel for Apple Inc. |
| Ann Reeves | Manager, Corporate Staffing (February 2011 – present) | Contact through counsel for Apple Inc. |
| | Corporate Staffing Director for Sales, Operations, G&A, Marketing, and Call Center (July 2007 – February 2011) | |
| | Manager, Corporate Staffing (2004 – July 2007) | |
| David Alvarez | Staffing Research Manager (2007 – present) | Contact through counsel for Apple Inc. |
| Darrin Baja | Hardware Staffing Manager (2007 – present) | Contact through counsel for Apple Inc. |
| | Corporate Recruiting Manager (November 2005 – 2007) | |
| | Recruiter, Corporate Staffing (2004 – November 2005) | |

| Rich Bechtel | Corporate Staffing Director for SWAT executive recruiting group (June 2009 – present)<br><br>Executive Recruiter (2004 – June 2009) | Contact through counsel for Apple Inc. |
|---|---|---|
| Patrick Burke | iPod/iPhone Engineering Staffing Manager (November 2005 – March 2011) | To be provided. |
| Kim Felch | Software Staffing Manager (April 2009 – present)<br><br>Corporate Recruiting Manager (2006 – April 2009) | Contact through counsel for Apple Inc. |
| Julie Gaither | Corporate Recruiter (December 2011 – present)<br><br>Recruiting Manager / Sales Staffing Manager (2008 – December 2011)<br><br>Corporate Recruiter (2006 – 2008) | Contact through counsel for Apple Inc. |
| Benjamin Lee | Program Manager, Singapore HR (March 2011 – present)<br><br>Program Manager, Corporate Staffing (2008 – March 2011)<br><br>Retail Store Asst. Manager (October 2005 – 2008)<br><br>Retail Store employee (2004 – October 2005) | Contact through counsel for Apple Inc. |
| Peg Louie | Applications Staffing Manager (2004 – May 2011) | To be provided. |
| Denise McCarney | Staffing Operations Manager (August 2008 – present) | Contact through counsel for Apple Inc. |

## INTERROGATORY NO. 10

Of the persons identified in response to Interrogatory No. 9 above, identify those who have substantial knowledge regarding the implementation, policing, or enforcement of the agreements or discussions.

1   **RESPONSE TO INTERROGATORY NO. 10**

2        Apple incorporates by reference as if set forth herein the General Objections stated above.

3   Apple further objects to this interrogatory as overly broad, unduly burdensome, and to the extent

4   it seeks information that is not relevant to the subject matter of this lawsuit or not reasonably

5   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

6   "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal

7   conclusion and assumes facts not in evidence.  Apple further objects to the terms

8   "implementation," "policing," "enforcement," and "substantial knowledge" as vague and

9   ambiguous.  Apple further objects to this interrogatory as duplicative of Interrogatory No. 9.

10        Subject to and without waiving these specific objections and the above–stated General

11   Objections, Apple responds that the individuals identified in response to Interrogatory No. 9 may

12   have knowledge responsive to this interrogatory.

13   **INTERROGATORY NO. 11**

14        Identify your employees who have knowledge of the effect(s) of the agreements on the

15   compensation of your employees, or on the compensation of any Co-Conspirator's employees.

16   **RESPONSE TO INTERROGATORY NO. 11**

17        Apple incorporates by reference as if set forth herein the General Objections stated above.

18   Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the

19   extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects

20   to the phrase "knowledge of the effect(s)" as vague and ambiguous to the extent that it is unclear

21   whether the interrogatory includes within its scope knowledge of the lack of effect(s) on

22   employee compensation, and as argumentative to the extent that it assumes the existence of some

23   effect—a disputed fact.  Apple further objects to the phrase "knowledge of" as overly broad and

24   unduly burdensome to the extent that Apple cannot identify each of its thousands of employees

25   who may have had particular knowledge during the more than eight years between January 1,

26   2004 and the present.  Apple further objects to the term "Co-conspirators," as vague, ambiguous,

27   and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in

28   evidence.

1    Subject to and without waiving these specific objections and the above-stated General

2    Objections, Apple responds that it denies any effect of any agreements on the compensation of its

3    employees or any other employees.  The individuals identified in response to Interrogatory Nos.

4    1, 3, and 9 may have knowledge of the lack of such effect.

5    **INTERROGATORY NO. 12**

6    Of those persons identified in response to Interrogatory No. 11 above, identify those

7    employees having substantial knowledge of the effect(s) of the agreements or discussions about

8    agreements on the compensation of your employees, or on the compensation of any Co-

9    Conspirator's employees.

10   **RESPONSE TO INTERROGATORY NO. 12**

11   Apple incorporates by reference as if set forth herein the General Objections stated above.

12   Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the

13   extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects

14   to the phrase "knowledge of the effect(s)" as vague and ambiguous to the extent that it is unclear

15   whether the interrogatory includes within its scope knowledge of the lack of effect(s) on

16   employee compensation, and as argumentative to the extent that it assumes the existence of some

17   effect—a disputed fact.  Apple further objects to the phrase "substantial knowledge" as vague and

18   ambiguous.  Apple further objects to the term "Co-conspirators," as vague, ambiguous, and

19   overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in

20   evidence.

21   Subject to and without waiving these specific objections and the above-stated General

22   Objections, Apple responds by incorporating its response to Interrogatory No. 11.

23   **INTERROGATORY NO. 13**

24   In order of corporate seniority, identify your employees who participated in discussions

25   with any antitrust regulatory authority regarding agreements or discussions about agreements.

26   **RESPONSE TO INTERROGATORY NO. 13**

27   Apple incorporates by reference as if set forth herein the General Objections stated above.

28   Apple further objects that this interrogatory seeks information that is not relevant to the subject

matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects to the phrase "in order of corporate seniority" as vague and ambiguous, and to the extent that seniority is not subject to exact ordering and may change over time.

Subject to and without waiving these specific objections and the above-stated General Objections, Apple responds as follows:

| Name | Job Title(s) at Apple, from 2004 to the present | Contact Information |
|---|---|---|
| Tim Cook | CEO (August 2011 – present) <br> Chief Operating Officer (2007– August 2011) <br> Senior VP, Worldwide Sales and Operations (2004 – 2007) | Contact through counsel for Apple Inc. |
| Bruce Sewell | General Counsel and Senior Vice President of Legal and Government Affairs (September 2009 – present) | Contact through counsel for Apple Inc. |

**INTERROGATORY NO. 14**

Of the persons identified in response to Interrogatory No. 13 above, identify all persons who have substantial knowledge of discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 14**

Apple incorporates by reference as if set forth herein the General Objections stated above. Apple further objects that this interrogatory seeks information that is not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the term "agreements" as vague, ambiguous, and overly broad, and to the extent that it calls for a legal conclusion and assumes facts not in evidence.  Apple further objects to the phrase "substantial knowledge" as vague and ambiguous.

1    Subject to and without waiving these specific objections and the above-stated General

2 Objections, Apple responds by incorporating its response to Interrogatory No. 13.

3

4    Dated:   March 2, 2012            O'MELVENY & MYERS LLP

5

6    By: _____

                                           Christina J. Brown
7                                        Attorneys for Defendant
                                         Apple Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on March 2, 2012, I served the foregoing document by email and by

3

first-class mail on the following counsel:

4

JOSEPH RICHARD SAVERI
jsaveri@lchb.com

ERIC L. CRAMER
ecramer@bm.net

5

ERIC B. FASTIFF
efastiff@lchb.com

SARAH REBECCA SCHALMAN-BERGEN
sschalman-bergen@bm.net

6

ANNE BRACKETT SHAVER
ashaver@lchb.com

SHANON JUDE CARSON
scarson@bm.net

7

BRENDAN PATRICK GLACKIN
bglackin@lchb.com

Berger & Montague, P.C.
1622 Locust Street

8

DEAN MICHAEL HARVEY
dharvey@lchb.com

Philadelphia, PA 19103
Telephone: (215) 875-3000

9

KATHERINE M LEHE
klehe@lchb.com

Facsimile: (215) 875-4604
*Attorneys for Plaintiffs*

10

Lieff, Cabraser, Heimann & Bernstein LLP

11

275 Battery Street, 29th Floor
San Francisco, CA 94111

12

Telephone: (415) 956-1000
Facsimile: (415) 956-1008

13

*Attorneys for Plaintiffs*

14

15

LINDA PHYLLIS NUSSBAUM
lnussbaum@gelaw.com

DONN P. PICKETT
donn.pickett@bingham.com

16

JOHN D. RADICE
jradice@gelaw.com

FRANK M. HINMAN
frank.hinman@bingham.com

17

Grant & Eisenhofer P.A.
485 Lexington Avenue, 29th Floor

ZACHARY J. ALINDER
zachary.alinder@bingham.com

18

New York, NY 10017
Telephone: (646) 722-8500

BINGHAM MCCUTCHEN LLP
Three Embarcadero Center

19

Facsimile: (646) 722-8501
*Attorneys for Plaintiffs*

San Francisco, CA 94111-4067
Telephone: (415) 393-2000

20

Facsimile: (415) 393-2286

21

*Attorneys for Defendant Intel Corp.*

22

EDWARD D. JOHNSON
wjohnson@mayerbrown.com

KRISTEN A. ROWSE
krowse@mayerbrown.com

23

LEE H. RUBIN
lrubin@mayerbrown.com

MAYER BROWN LLP
350 South Grand Avenue, 25th Floor

24

MAYER BROWN LLP
Two Palo Alto Square, Suite 300

Los Angeles, CA 90071-1503
Telephone: (213) 229-9500

25

Palo Alto, CA 94306-2112
Telephone: (650) 331-2000

Facsimile: (213) 625-0248
*Attorneys for Defendant Google Inc.*

26

27

Facsimile (650) 331-2060
*Attorneys for Defendant Google Inc.*

28

- 1 -

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK

ROBERT A. MITTELSTAEDT
ramittelstaedt@JonesDay.com
CRAIG E. STEWART
cestewart@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
*Attorneys for Defendant Intuit Inc.*

CATHERINE T. BRODERICK
cbroderick@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
*Attorneys for Defendant Intuit Inc.*

ROBERT A. MITTELSTAEDT
ramittelstaedt@jonesday.com
CRAIG A. WALDMAN
cwaldman@jonesday.com
DAVID C. KIERNAN
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
*Attorneys for Defendant Adobe Systems, Inc.*

JOHN W. KEKER
jkeker@kvn.com
DANIEL PURCELL
dpurcell@kvn.com
EUGENE M. PAIGE
epaige@kvn.com
PAULA L. BLIZZARD
pblizzard@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
*Attorneys for Defendant Lucasfilm Ltd.*

ROBERT T. HASLAM
rhaslam@cov.com
EMILY JOHNSON HENN
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
*Attorneys for Defendant Pixar*

DEBORAH A. GARZA
dgarza@cov.com
JONATHAN HERCZEG
jherczeg@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
*Attorneys for Defendant Pixar*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Date:   March 2, 2012

By: _____
Christina J. Brown

APPLE INC.'S RESPONSES TO
FIRST SET OF INTERROGATORIES
NO. 11-CV-2509-LHK