1   BINGHAM MCCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
2   FRANK M. HINMAN (SBN 157402)
    SUJAL J. SHAH (SBN 215230)
3   ANGELA MUNOZ (SBN 263971)
    Three Embarcadero Center
4   San Francisco, CA  94111-4067
    Telephone:  415.393.2000
5   Facsimile:  415.393.2286
    donn.pickett@bingham.com
6   frank.hinman@bingham.com
    sujal.shah@bingham.com
7   angela.munoz@bingham.com

8   Attorneys for Defendant
    Intel Corporation

9

                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN JOSE DIVISION
12

13   IN RE: HIGH-TECH EMPLOYEE           Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
14
                                         **INTEL'S OBJECTIONS AND RESPONSES**
15   THIS DOCUMENT RELATES TO:           **TO PLAINTIFFS' FIRST SET OF**
                                         **INTERROGATORIES RE:**
16   ALL ACTIONS                         **IDENTIFICATION OF WITNESSES**

17

18
     PROPOUNDING PARTY:       Siddharth Hariharan, Brandon Marshall, Michael Devine,
19                            Mark Fichtner, and Daniel Stover

20   RESPONDING PARTY:        Intel Corporation

21   SET NO.:                 One

22

23

24

25

26

27

28   A/74751719.5/2014763-0000355568
                                                    Master Docket No. 11-CV-2509-LHK

1      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Intel

2    Corporation ("Intel") responds and objects to plaintiffs Siddharth Hariharan, Brandon Marshall,

3    Michael Devine, Mark Fichtner, and Daniel Stover's First Set of Interrogatories Re:

4    Identification of Witnesses as follows:

5                        **GENERAL OBJECTIONS AND RESPONSES**

6        1.     Intel has not completed its investigation of the facts relating to this action, and has

7    not completed discovery or trial preparation in this action.  Therefore, Intel's responses are based

8    on Intel's knowledge, information and belief at this time.  The responses below are made in a

9    good faith effort to supply as much information as is presently known, but shall not in any way

10    prejudice Intel in relation to further discovery, research, or analysis.  Intel reserves the right to

11    rely, at the time of trial or in other proceedings in this action, upon responses and evidence

12    beyond the responses provided herein.

13        2.     Intel objects to the interrogatories insofar as they seek to require the production of

14    information (i) prepared by or for attorneys for or in anticipation of litigation; (ii) that constitutes

15    attorney-client privileged material; (iii) that constitutes attorney work product; (iv) subject to the

16    common interest or joint defense privilege; (v) subject to any other privilege, protection or

17    immunity; or, (vi) that is otherwise protected from disclosure.  The inadvertent production of any

18    privileged or protected information shall not be deemed to be a waiver of any applicable

19    privilege or protection with respect to such information or any other information provided by

20    Intel.

21        3.     Intel objects to the interrogatories to the extent that they seek information the

22    disclosure of which is prohibited by federal and/or state law, including but not limited to

23    applicable California state laws, the California Constitution, art. 1, sec. 1, and any other

24    applicable law, rule, regulation or any confidentiality commitment or agreement provided to any

25    customer.

26        4.     Intel objects to the interrogatories, including the Instructions thereto, to the extent

27    that they seek to impose obligations and duties beyond those required under Federal Rules of

28    Civil Procedure or Local Rules of the Northern District of California.

5.      Intel objects to each and every interrogatory to the extent it seeks "all" persons or employees who possess responsive information on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

6.      Intel further objects to these Interrogatories to the extent they seek information regarding Intel's employees  and/or applicants for Intel positions located outside of the United States as overbroad, unduly burdensome and outside the scope of information reasonably calculated to lead to the discovery of admissible evidence.

7.      Intel objects to interrogatories, including but not limited to definition 2, on the ground that the definition of "Agreement" is vague and ambiguous, and assumes facts not in evidence.  For purposes of its response, to avoid disputes and provide plaintiffs with relevant information, Intel will interpret that definition to include unilateral policies.  By responding to Interrogatories using the term "Agreement," Intel does not concede the existence of bilateral agreements alleged in Plaintiffs' Complaint.

8.      Intel objects to instruction 1 on the ground that the phrase "the years about which the person has the knowledge identified by the interrogatory" is vague, ambiguous, and unintelligible.

9.      Intel objects to the interrogatories, including but not limited to instruction 3 (procedure for withholding information for privilege) to the extent they purport to impose upon Intel burdens different than and inconsistent with the proposed e-discovery stipulation that is currently being negotiated between Intel and plaintiffs, and/or beyond applicable legal requirements.

10.      Intel objects to the interrogatories, including but not limited to instructions 1 and 4 (relevant time period) to the extent that they seek information for the "relevant time period" of January 1, 2003 through the present, as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Intel will respond for the time period from January 1, 2004, to the present.

1    11.    Intel objects to the interrogatories, including the Instructions thereto, to the extent

2    that they seek information that would be of little or no relevance to the issues raised in the

3    Consolidated Amended Complaint ("Complaint") and/or are overbroad and would subject Intel

4    to unreasonable, oppressive or undue burden and expense.

5    12.    Intel expressly reserves all objections as to relevance, authenticity or admissibility

6    of any responses.

7    13.    Intel objects to the interrogatories to the extent that they purport to require Intel to

8    provide information that is not currently within Intel's possession, custody or control.

9    14.    Intel objects to the interrogatories to the extent that they purport to require Intel to

10   provide information that is already in the possession, custody or control of plaintiffs or plaintiffs'

11   counsel, or is otherwise equally accessible to plaintiffs or plaintiffs' counsel as it is to Intel.

12   15.    Intel reserves all objections and reserves the right to supplement or clarify these

13   responses and objections at any time.

14   16.    Intel objects to the interrogatories to the extent that they call for speculation and

15   conjecture, opinion or legal conclusion.

16   17.    Counsel for Intel will be prepared to discuss the objections herein with plaintiffs'

17   counsel for the purpose of resolving any disputes that may arise without any need for

18   intervention by the Court.

19   **OBJECTIONS TO THE DEFINITIONS**

20   1.    Intel objects to the definition of "Agreement" in paragraph 2 of the definitions as

21   argumentative, vague, ambiguous, overbroad, and assuming facts not in evidence.  Intel also

22   objects to the definition to the extent it seeks to impose obligations and duties beyond those

23   required under the Federal Rules of Civil Procedure and the Local Rules of the Northern District

24   of California.

25   2.    Intel objects to the definition of "Co-Conspirators" in paragraph 6 of the

26   definitions as argumentative, vague, ambiguous, overbroad, unduly burdensome, and assuming

27   facts not in evidence.  Intel interprets that term to mean "defendants."

28

1          3.      Intel objects to the definition of "Employee" in paragraph 8 of the definitions as

2    overly broad, in particular to the extent it purports to include "agents," "messengers" and

3    "directors."

4          4.      Intel objects to the definitions of "Subsidiary," "affiliate," and "joint venture" in

5    paragraph 13 of the definitions, and "You," "your," and "your company" in paragraph 14 of the

6    definitions as overbroad, unduly burdensome, and neither relevant to the claims or defenses of

7    any party nor reasonably calculated to lead to the discovery of admissible evidence.  In

8    particular, Intel objects to the inclusion in these definitions of "any entity or person in which you

9    have any financial ownership or interest," and "predecessors, successors, subsidiaries . . .

10   affiliates and/or agents (including, without limitation, any third-party recruiting, hiring, or

11   headhunting firm), together with all present and former directors, officers, employees, agents,

12   representatives, or any persons acting or purporting to act on behalf of you," as most of the

13   named persons or entities are not the subject of this litigation.  Intel further objects to these

14   definitions to the extent they seek information which is not in the possession, custody or control

15   of Intel.  Intel also objects to the definitions to the extent they purport to impute to Intel any

16   knowledge of persons or entities falling within the scope of the terms "Subsidiary," "affiliate,"

17   "joint venture," "You," "your," or "your company" as plaintiffs defined them, or impose duties

18   to ascertain the identity, existence or relationships of or among any of the persons or entities

19   listed or defined.  Intel responds to these interrogatories, and will produce responsive, non-

20   privileged information, on behalf of Intel Corporation only.

21         5.      Intel objects to the undefined term "competitor" as vague, ambiguous, overbroad,

22   unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence.

23   Intel interprets that term to mean "defendants."

24                          **SPECIFIC OBJECTIONS AND RESPONSES**

25         Intel incorporates all of the above General Objections and Responses into all of the

26   Specific Objections and Responses as if fully set forth therein.  Intel specifically objects and

27   responds as follows:

28   **INTERROGATORY NO. 1:**

1    In order of corporate seniority, identify your employees who participated in decisions

2  regarding agreements or discussions about agreements.

3  **RESPONSE TO INTERROGATORY NO. 1:**

4    In addition to its General Objections, Intel objects to this interrogatory to the extent it

5  assumes the existence of "agreements" between Intel and any other defendant.  Intel further

6  objects to the phrase "in order of corporate seniority," to the extent that it is vague, ambiguous

7  and unintelligible, including because "corporate seniority" is not subject to precise ranking and

8  may change over time.  Subject to and without waiving the foregoing objections, Intel responds

9  as follows:

| Employee | Employer | State of Primary Residence | Job Titles (years) |
|----------|----------|----------------------------|--------------------|
| Paul Otellini | Intel Corp. | CA | President (2002-Present) CEO (2005-Present) |
| Patricia Murray | Intel Corp. | CA | Senior Vice President, Director, Human Resources (2003-Present) |
| Deborah Conrad | Intel Corp. | CA | Joint Manager Solution Market Development Program (2000-2005) Apple Team Worldwide Manager (2005-2008) Corporate Vice President, Sales & Marketing and Chief Marketing Officer (2008-Present) |
| Patrick Gelsinger | EMC Corp. | OR | Chief Technology Officer (2000-2005) Senior Vice President & General Manger, Digital Enterprise Group (2005-2009) |
| Don Cooper | Intel Corp. | OR | Executive Search Senior Talent Acquisition Manager (2004-Present) |

20  These individuals should be contacted through Intel counsel only.

21  **INTERROGATORY NO. 2:**

22    Of the persons identified in response to Interrogatory No. 1, identify all persons who have

23  substantial knowledge of corporate decisions regarding agreements or discussions about

24  agreements.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26    In addition to its General Objections, Intel objects to this interrogatory to the extent it

27  assumes the existence of "agreements" between Intel and any other defendant.  Intel also objects

28  to this interrogatory as vague, ambiguous and unintelligible based upon its use of the phrase

1  "substantial knowledge."  Subject to and without waiving the foregoing objections, Intel refers to

2  its response to Interrogatory No. 1.

3  **INTERROGATORY NO. 3:**

4        In order of corporate seniority, identify all your employees not identified in response to

5  Interrogatory Nos. 1 and 2 who have known about agreements or discussions about agreements.

6  **RESPONSE TO INTERROGATORY NO. 3:**

7        In addition to its General Objections, Intel objects to this interrogatory to the extent it

8  assumes the existence of "agreements" between Intel and any other defendant.  Intel further

9  objects to the phrase "in order of corporate seniority," to the extent that it is vague, ambiguous

10  and unintelligible, including because "corporate seniority" is not subject to precise ranking and

11  may change over time.  Intel further objects to the phrase "known about," to the extent that it

12  purports to include other than first-hand information and because it is overly burdensome to

13  identify every employee or former employee who may have "known about agreements or

14  discussions about agreements."  Subject to and without waiving the foregoing objections, Intel

15  responds as follows:

| Employee | Employer | State of Primary Residence | Job Titles (years) |
|---|---|---|---|
| Renee James | Intel Corp. | OR | Director of Microsoft Program (2004) Vice President & General Manager Software Services Group (2005-2010) Senior Vice President/General Manager, Software and Services Group (2010-Present) |
| Diane Bryant | Intel Corp. | CA | Design Manager, Server Platform Group (2004-2005) Vice President & General Manager, Server Platform Group (2005-2008) Corporate Vice President, Chief Information Officer (2008-Present) |
| Justin Rattner | Intel Corp. | OR | Director of Microprocessor Research Lab (2000-2005) Corporate Vice President and Chief Technology Officer, Senior Fellow and Head of Intel Labs (2005-Present) |

| Elliot Garbus | Intel Corp. | AZ | General Manager, Developer Relations Division (2005-2008) Vice President & General Manager, Digital Computing Software Division, Software and Services Group (2007-Present) |
|---|---|---|---|
| James Hurley | Intel Corp. | CA | Sr. Principal Engineer and Manager, Graphics Lab (2004-2008) Sr. Principal Engineer and Director, Visual Applications Research (2008-Present) |
| Gabrielle Thompson | Success-Factors | CA | Director, Worldwide Compensation and Benefits (2004-2007) Director of Global Staffing Operations (2007) |
| Larry Walz | Unknown | UT | Director of Staffing/Staffing Manager (2004-2010) |
| Paresh Pattani | Intel Corp. | OR | Director, HPC & WS Applications (2000-Present) |
| Tina Evangelista | Intel Corp. | AZ | Global Staffing Business Manager (2004-2006) Global Staffing Manager (2006-2007) M&A Global Program Manager (2007-2008) Global Staffing Controls and Compliance Manager (2008-Present) |
| Cindi Harper | Intel Corp. | AZ | Staffing Manager/HR Manager (1996-Present) |
| Paul Sathis | Intel Corp. | CA | Director, Strategic Partner Engagement-Intel Hybrid Cloud (1994-Present) |
| Ranna Prajapati | Intel Corp | CA | Business Development Manager (2005-Present) |
| Christina Dickenson | Intel Corp. | OR | Staffing Operations Manager (2000-2006) March Strategic Sourcing Manager (2006-2009) U.S. College Manager (2009-Present) |
| Gwen Hyder | Intel Corp. | NM | Staffing Consultant (Contract) (2005) Project Manager/HR Business Manager (2008-Present) |
| Jeanine Hughes | Intel Corp. | OR | Sr. Recruiter (2007-Present) |

These individuals should be contacted through Intel counsel only.

**INTERROGATORY NO. 4:**

Of the persons identified in response to Interrogatory No. 3, identify those who have substantial knowledge regarding corporate decisions relating to agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 4:** 7

1    In addition to its General Objections, Intel objects to this interrogatory to the extent it

2  assumes the existence of "agreements" between Intel and any other defendant.  Intel further

3  objects to this request as vague, ambiguous and unintelligible based upon its use of the phrases

4  "substantial knowledge" and "corporate decisions relating to agreements or discussions about

5  agreements."  Subject to and without waiving the foregoing objections, Intel refers to its

6  response to Interrogatory No. 3.

7  **INTERROGATORY NO. 5:**

8    Identify your executives, employees, or agents who participated in multilateral meetings

9  or communications with competitors in which agreements or discussions about agreements

10  occurred.

11  **RESPONSE TO INTERROGATORY NO. 5:**

12    In addition to its General Objections, Intel objects to this interrogatory to the extent it

13  assumes the existence of "agreements" between Intel and any other defendant.  Subject to and

14  without waiving the foregoing objections, Intel is not aware of any such executives, employees,

15  or agents.

16  **INTERROGATORY NO. 6:**

17    Of the persons identified in response to Interrogatory No. 5 above, identify those who

18  have substantial knowledge regarding the substance of the agreements or discussions about

19  agreements.

20  **RESPONSE TO INTERROGATORY NO. 6:**

21    In addition to its General Objections, Intel objects to this interrogatory to the extent it

22  assumes the existence of "agreements" between Intel and any other defendant.  Subject to and

23  without waiving the foregoing objections, Intel is not aware of any individuals responsive to this

24  interrogatory.

25  **INTERROGATORY NO. 7:**

26    Identify your executives, employees, or agents who participated in bilateral meetings or

27  communications with competitors about agreements.

28  **RESPONSE TO INTERROGATORY NO. 7:**

1    In addition to its General Objections, Intel objects to this interrogatory to the extent it

2    assumes the existence of "agreements" between Intel and any other defendant.  Subject to and

3    without waiving the foregoing objections, Intel responds as follows:

| Employee | Employer | State of Primary Residence | Job Titles (years) |
|---|---|---|---|
| Deborah Conrad | Intel Corp. | CA | Joint Manager Solution Market Development Program (2000-2005) Apple Team Worldwide Manager (2005-2008) Corporate Vice President, Sales & Marketing and Chief Marketing Officer (2008-Present) |
| Don Cooper | Intel Corp. | OR | Executive Search Senior Talent Acquisition Manager (2004-Present) |
| Patrick Gelsinger | EMC Corp. | OR | Chief Technology Officer (2000-2005) Senior Vice President & General Manger, Digital Enterprise Group (2005-2009) |
| Patricia Murray | Intel Corp. | CA | Senior Vice President, Director, Human Resources (2003-Present) |
| Paul Otellini | Intel Corp. | CA | President (2002-Present) CEO (2005-Present) |
| Paresh Pattani | Intel Corp. | OR | Director, HPC & WS Applications (2000-Present) |
| Ranna Prajapati | Intel Corp. | CA | Business Development Manager (2005-Present) |
| Paul Sathis | Intel Corp. | CA | Director, Strategic Partner Engagement-Intel Hybrid Cloud (1994-Present) |

17   These individuals should be contacted through Intel counsel only.

18   **INTERROGATORY NO. 8:**

19    Of the persons identified in response to Interrogatory No. 7 above, identify those who

20   have substantial knowledge regarding the substance of the bilateral meetings and

21   communications with competitors.

22   **RESPONSE TO INTERROGATORY NO. 8:**

23    In addition to its General Objections, Intel objects to this interrogatory to the extent it

24   assumes the existence of "agreements" between Intel and any other defendant.  Intel also objects

25   to this interrogatory as vague, ambiguous and unintelligible based upon its use of the phrase

26   "substantial knowledge."  Intel further objects to this interrogatory as overbroad, unduly

27   burdensome, and oppressive based upon its use of the phrase "bilateral meetings and

28   communications with competitors," which Intel interprets to mean "bilateral meetings and

1  communications with competitors about alleged agreements."  Subject to and without waiving

2  the foregoing objections, Intel refers to its response to Interrogatory No. 7.

3  **INTERROGATORY NO. 9:**

4        Identify your employees who were involved in implementing, policing, or enforcing the

5  discussions or agreements, or who have substantial knowledge of the implementation, policing,

6  or enforcement of agreements or discussions.

7  **RESPONSE TO INTERROGATORY NO. 9:**

8        In addition to its General Objections, Intel objects to this interrogatory to the extent it

9  assumes the existence of "agreements" between Intel and any other defendant  Intel further

10  objects to this interrogatory as vague. ambiguous and unintelligible based upon its use of the

11  phrases "substantial knowledge" and the undefined terms "involved," "implementing,"

12  "enforcing," "implementation," "policing," and "enforcement."  Subject to and without waiving

13  the foregoing objections, Intel responds as follows:

| Employee | Employer | State of Primary Residence | Job Titles (years) |
|---|---|---|---|
| Diane Bryant | Intel Corp. | CA | Design Manager, Server Platform Group (2004-2005) Vice President & General Manager, Server Platform Group (2005-2008) Corporate Vice President, Chief Information Officer (2008-Present) |
| Deborah Conrad | Intel Corp. | CA | Joint Manager Solution Market Development Program (2000-2005) Apple Team Worldwide Manager (2005-2008) Corporate Vice President, Sales & Marketing and Chief Marketing Officer (2008-Present) |
| Don Cooper | Intel Corp. | OR | Executive Search Senior Talent Acquisition Manager (2004-Present) |
| Christina Dickenson | Intel Corp. | OR | Staffing Operations Manager (2000-2006) March Strategic Sourcing Manager (2006-2009) U.S. College Manager (2009-Present) |

INTEL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE:
IDENTIFICATION OF WITNESSES

| | | | |
|---|---|---|---|
| Tina Evangelista | Intel Corp. | AZ | Global Staffing Business Manager (2004-2006)<br>Global Staffing Manager (2006-2007)<br>M&A Global Program Manager (2007-2008)<br>Global Staffing Controls and Compliance Manager (2008-Present) |
| Patrick Gelsinger | EMC Corp. | OR | Chief Technology Officer (2000-2005)<br>Senior Vice President & General Manger, Digital Enterprise Group (2005-2009) |
| Cindi Harper | Intel Corp. | AZ | Staffing Manager/HR Manager (1996-Present) |
| Gwen Hyder | Intel Corp. | NM | Staffing Consultant (Contract) (2005)<br>Project Manager/HR Business Manager (2008-Present) |
| Renee James | Intel Corp. | OR | Director of Microsoft Program (2004)<br>Vice President & General Manager Software Services Group (2005-2010)<br>Senior Vice President/General Manager, Software and Services Group (2010-Present) |
| Patricia Murray | Intel Corp. | CA | Senior Vice President, Director, Human Resources (2003-Present) |
| Paul Otellini | Intel Corp. | CA | President (2002-Present)<br>CEO (2005-Present) |
| Larry Walz | Unknown | UT | Director of Staffing/Staffing Manager (2004-2010) |

These individuals should be contacted through Intel counsel only.

**INTERROGATORY NO. 10:**

Of the persons identified in response to Interrogatory No. 9 above, identify those who have substantial knowledge regarding the implementation, policing, or enforcement of the agreements or discussions.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, Intel objects to this interrogatory to the extent it assumes the existence of "agreements" between Intel and any other defendant  Intel further objects to this interrogatory as vague, ambiguous and unintelligible based upon its use of the phrases "substantial knowledge" and the undefined terms "involved," "implementing," "enforcing," "implementation," "policing," and "enforcement."  Subject to and without waiving the foregoing objections, Intel refers to its response to Interrogatory No. 9.

**INTERROGATORY NO. 11:**

1    Identify your employees who have knowledge of the effect(s) of the agreements on the

2   compensation of your employees, or on the compensation of any Co-Conspirator's employees.

3   **RESPONSE TO INTERROGATORY NO. 11:**

4    In addition to its General Objections, Intel objects to this interrogatory to the extent it

5   assumes the existence of "agreements" between Intel and any other defendant and that any such

6   alleged agreement had an effect on the compensation of Intel employees or the compensation of

7   any other Co-conspirator's employees.  Intel also objects to this interrogatory as overbroad,

8   unduly burdensome, and oppressive because the effects, if any, of the alleged "agreements"

9   would differ for each affected employee, and therefore are beyond the scope of any individual's

10  knowledge.  Intel further objects to this interrogatory as premature to the extent that it is properly

11  the subject of expert testimony.  Subject to and without waiving the foregoing objections, Intel

12  responds that certain employees identified in these responses have knowledge of the expected

13  effects on compensation of the alleged conduct.

14  **INTERROGATORY NO. 12:**

15   Of those persons identified in response to Interrogatory No. 11 above, identify those

16  employees having substantial knowledge of the effect(s) of the agreements or discussions about

17  agreements on the compensation of your employees, or on the compensation of any Co-

18  Conspirator's employees.

19  **RESPONSE TO INTERROGATORY NO. 12:**

20   In addition to its General Objections, Intel objects to this interrogatory to the extent it

21  assumes the existence of "agreements" between Intel and any other defendant and that any such

22  alleged agreement had an effect on the compensation of Intel employees or the compensation of

23  any other Co-conspirator's employees.  Intel also objects to this interrogatory as overbroad,

24  unduly burdensome, and oppressive because the effects, if any, of the alleged "agreements"

25  would differ for each affected employee, and therefore are beyond the scope of any individual's

26  knowledge.  Intel further objects to this request as vague and ambiguous based upon its use of

27  the phrase "substantial knowledge."  Intel further objects to this interrogatory as premature to the

28  extent that it is properly the subject of expert testimony.  Subject to and without waiving the

INTEL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE:
IDENTIFICATION OF WITNESSES

1  foregoing objections, Intel responds that certain employees identified in these responses have

2  knowledge of the expected effects on compensation of the alleged conduct.

3  **INTERROGATORY NO. 13:**

4        In order of corporate seniority, identify your employees who participated in discussions

5  with any antitrust regulatory authority regarding agreements or discussions about agreements.

6  **RESPONSE TO INTERROGATORY NO. 13:**

7        In addition to its General Objections, Intel objects to this interrogatory to the extent it

8  assumes the existence of "agreements" between Intel and any other defendant.  Intel further

9  objects to the phrase "in order of corporate seniority," to the extent that it is vague, ambiguous

10  and unintelligible, including because "corporate seniority" is not subject to precise ranking and

11  may change over time.  Subject to and without waiving the foregoing objections, Intel responds

12  as follows:

| Employee | Employer | State of Primary Residence | Job Titles (years) |
|---|---|---|---|
| Diane Bryant | Intel Corp. | CA | Design Manager, Server Platform Group (2004-2005) Vice President & General Manager, Server Platform Group (2005-2008) Corporate Vice President, Chief Information Officer (2008-Present) |

18  Ms. Bryant should be contacted through Intel counsel only.

19  **INTERROGATORY NO. 14:**

20        Of the persons identified in response to Interrogatory No. 13 above, identify all persons

21  who have substantial knowledge of discussions with any antitrust regulatory authority regarding

22  agreements or discussions about agreements.

23  **RESPONSE TO INTERROGATORY NO. 14:**

24        In addition to its General Objections, Intel objects to this interrogatory to the extent it

25  assumes the existence of "agreements" between Intel and any other defendant.  Intel also objects

26  to this interrogatory as vague, ambiguous and unintelligible based upon its use of the phrase

27  "substantial knowledge."  Subject to and without waiving the foregoing objections, Intel refers to

28  its response to Interrogatory No. 13.

1

DATED:  March 2, 2012

2

3                                              BINGHAM McCUTCHEN LLP

4

5                                    By:_____/s/_____

6                                                   Frank M. Hinman
                                                 Attorneys for Defendant
7                                                   Intel Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/74751719.5/2014763-0000355568                 14              Master Docket No. 11-CV-2509-LHK

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am over eighteen years of age, not a party in this action, and employed in San Francisco |
| 3 | County, California at Three Embarcadero Center, San Francisco, California  94111-4067.  I am |
| 4 | readily familiar with Bingham's practice for collection and processing of documents for service |
| 5 | via e-mail, and that practice is that the documents are attached to an e-mail and sent to the |
| 6 | recipient's e-mail account the same day as the date listed on this proof of service. |
| 7 | Today I served the following document: |

8
9
**INTEL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES**

10
11
☒   (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

| | |
|---|---|
| Joseph Richard Saveri<br>Eric B. Fastiff<br>Dean Michael Harvey<br>Lieff, Cabraser, Heiman & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br>jsaveri@lchb.com<br>dharvey@lchb.com<br>Attorneys for Plaintiffs | Eric L. Cramer<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (800) 424-6690<br>Facsimile: (215) 875-4604<br>ecramer@bm.net<br><br>Attorneys for Plaintiffs |
| Linda P. Nussbaum<br>GRANT & EISENHOFER, P.A.<br>485 Lexington Avenue, 29th Floor<br>New York, NY 10017<br>Telephone: (646) 722-8500<br>Facsimile: (646) 722-8501<br>lnussbaum@gelaw.com<br>Attorneys for Plaintiffs | Robert A. Mittelstaedt<br>David C. Kiernan<br>Craig A. Waldman<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>ramittelstaedt@JonesDay.com<br>dkiernan@jonesday.com<br>cwaldman@jonesday.com<br>Attorneys for Defendant<br>ADOBE SYSTEMS INC. |

| | |
|---|---|
| 1 George Riley | Donald M. Falk |
| 2 Michael F. Tubach | Lee H. Rubin |
| O'Melveny & Meyers LLP | Mayer Brown LLP |
| 3 Two Embarcadero Center, 28th Floor | Two Palo Alto Square, Suite 300 |
| San Francisco, CA 94111 | Palo Alto, CA 94306-2112 |
| 4 Telephone: (415) 984-8701 | Telephone: (650) 331-2030 |
| Facsimile: (415) 984-8701 | Facsimile: (650) 331-2060 |
| 5 griley@omm.com | dfalk@mayerbrown.com |
| 6 mtubach@omm.com | lrubin@mayerbrown.com |
| Attorneys for Defendant | Attorneys for Defendant |
| 7 APPLE INC. | GOOGLE INC. |

| | |
|---|---|
| John W. Keker | Robert T. Haslam, III |
| 8 Daniel E. Purcell | Emily J. Henn |
| Eugene M. Paige | Covington & Burling LLP |
| 9 Keker & VanNest LLP | 333 Twin Dolphin Drive, Suite 700 |
| 10 710 Sansome Street | Redwood Shores, CA 94065 |
| San Francisco, Ca 94111-1704 | Telephone: (650) 632-4702 |
| 11 Telephone: (415) 391-5400 | Facsimile: (650) 632-4800 |
| Facsimile: (415) 397-7188 | rhaslam@cov.com |
| 12 jwk@kvn.com | ehenn@cov.com |
| dpurcell@kvn.com | |
| 13 EMP@kvn.com | Deborah A. Garza |
| 14 Attorneys for Defendant | Covington & Burling LLP |
| LUCASFILM LTD. | 1201 Pennsylvania Avenue, NW |
| 15 | Washington, DC 20004 |
| 16 | Telephone: (202) 662-5052 |
| | dgarza@cov.com |
| 17 | Attorneys for Defendant |
| | PIXAR |

| | |
|---|---|
| 18 Robert A. Mittelstaedt | |
| Craig Stewart | |
| 19 JONES DAY | |
| 20 555 California Street, 26th Floor | |
| San Francisco, CA 94104 | |
| 21 Telephone: (415) 626-3939 | |
| Facsimile: (415) 875-5700 | |
| 22 ramittlestaedt@jonesday.com | |
| cestewart@jonesday.com | |
| 23 | |
| 24 Catherine T. Broderick | |
| JONES DAY | |
| 25 1755 Embarcadero Road | |
| Palo Alto, CA 94303 | |
| 26 Telephone: (650) 739-3939 | |
| Facsimile: (650) 7393900 | |
| 27 Attorneys for Defendant | |
| INTUIT | |
| 28 | |

INTEL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE:
IDENTIFICATION OF WITNESSES

1          I declare that I am a member of the bar of this court and directed the service

2   above and that this declaration was executed on March 2, 2012 at San Francisco, California.

3                                                        /s/
                                              _____
4                                                  Sujal J. Shah

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTEL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE:
IDENTIFICATION OF WITNESSES