Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Catherine T. Zeng (State Bar No. 251231)
czeng@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Attorneys for Defendant
INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | **Master Docket No. 11-CV-2509-LHK** |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANT INTUIT INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES** |

1   Pursuant to Federal Rules of Civil Procedure 33, defendant Intuit Inc. ("Intuit") hereby responds and objects to Plaintiffs' First Set of Interrogatories re: Identification of Witnesses.

## INITIAL STATEMENT

Intuit's responses and objections to Plaintiffs' First Set of Interrogatories re: Identification of Witnesses are based on Intuit's current information after a reasonably diligent search. These responses and objections are subject to change based on additional information that may come to light as a result of discovery and further investigation. Intuit expressly reserves the right to supplement, amend, or correct any or all of the responses.

## GENERAL OBJECTIONS

Intuit asserts the following General Objections. Each individual response is subject to, and is limited in accordance with, the following General Objections.

1.  Intuit objects to the "Definitions," "Instructions," and each Interrogatory to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court or any order entered by the Court in this action.

2.  Intuit objects to each Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine or any other applicable privilege or doctrine. No such information will be produced, and any inadvertent production shall not be deemed a waiver of any privilege or protection. Intuit will refer to this objection as the "Privilege Objection."

3.  Intuit objects to this discovery to the extent it requests information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including without limitation trade secrets, proprietary information, other confidential commercial information or sensitive information or information the disclosure of which is prohibited by federal or state law, rule or regulation. This objection will hereafter be referred to as the "Confidential Information Objection."

4.  Intuit objects to this discovery to the extent that the terms used are so amorphous and overbroad that they either make the request if literally read so overbroad and burdensome as to be unreasonable and beyond the bounds of relevance and/or make it difficult for Intuit to

ascertain, with specificity sufficient to allow Intuit to conduct a search, what information Plaintiffs are seeking. This objection will hereafter be referred to as the "Vague and Ambiguous Objection."

5. Intuit objects to this discovery to the extent the scope of the Interrogatory is overbroad and burdensome. This occurs when the discovery seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or where the burden of producing the requested information far outweighs their relevance to the claims or defenses or the benefit to plaintiff. This objection will hereafter be referred to as the "Burden Objection."

6. Intuit objects to the extent that this discovery violates the applicable procedural statutes or rules to the extent that it is compound, conjunctive or disjunctive, resulting in Plaintiffs' disguising the true amount of discovery they are taking and makes the call of the interrogatory impossible to ascertain. Intuit will treat each subpart as a separately propounded interrogatory. This objection will hereafter be referred to as the "Compound Objection."

7. By responding to an Interrogatory with a defined term, Intuit is not by implication agreeing with any such definition.

8. Intuit objects to the definition of "agreement" as argumentative, misleading, vague and ambiguous, assuming facts not in evidence, and to the extent it purports to reach a legal conclusion.

9. Intuit interprets "cold-calling" and "cold-call" to mean communicating directly in any manner (including, without limitation, orally, in writing, telephonically, or electronically) with a potential employee who has not applied for a job or otherwise initiated contact with the entity making the cold-call.

10. Intuit objects to the definition of "co-conspirators" as argumentative, assuming facts not in evidence, and to the extent that it purports to reach a legal conclusion regarding the defendants.

11. Intuit objects to the use of term "competitor" in Interrogatory Nos. 5 and 7 as undefined, vague, ambiguous, overbroad, unduly burdensome, misleading and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. In light of the use of the defined term "agreements" and without regard to whether Intuit competed with any defendant, Intuit interprets "competitors" to refer to the defendants in this case.

12. Intuit objects to the definition of the terms "you," "your," and "your company" in paragraph 14 as overbroad, unduly burdensome, seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeking information not in the possession, custody or control of Intuit. Intuit further objects to the extent it purports to impose a duty on Intuit to obtain information in the possession, custody or control of others, including third-party entities. Intuit interprets "you," "your," and "your company" to refer to Intuit Inc.

13. Intuit objects to each interrogatory to the extent it calls for disclosure of information or materials already available to Plaintiffs or Plaintiffs' counsel.

14. Intuit objects to each interrogatory to the extent it seeks identification of "all" persons or employees as overbroad, unduly burdensome, seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeking information not in the possession, custody or control of Intuit. Intuit further objects to the extent it purports to impose a duty on Intuit to obtain information in the possession, custody or control of others, including third-party entities or to the extent that answering fully would require Intuit to interview each of its past and current employees.

15. Intuit objects to Instruction No. 1 as being compound, overbroad, unduly burdensome, requesting information not in the possession of Intuit and as seeking to impose obligations beyond those established by the Federal Rules of Civil Procedure, Local Rules of this Court or any order entered by the Court in this action. For example, Intuit is under no obligation to determine whether employees, agents or executives have agreed to accept service through counsel. Intuit remains open to meet and confer with plaintiffs about service issues. Intuit further objects to the phrase "the years about which the person has the knowledge identified by the interrogatory" as vague, ambiguous, and unduly burdensome. Intuit will provide the person's name, current job title, state of residence, and, for former employees, last known address.

16. Intuit objects to Instructions 3 and 5 to the extent seeking to impose obligations beyond those established by the Federal Rules of Civil Procedure, Local Rules of this Court or any order entered by the Court in this action.

17. Intuit objects to the relevant time period identified in Instruction Nos. 1 and 4 as overbroad and unduly burdensome. For the purposes of Intuit's responses, the relevant time period will be January 1, 2004 through May 28, 2009, the date a Civil Investigative Demand regarding recruiting practices was received by Intuit.

18. No admission of any kind is to be implied or inferred from these responses. The fact that Intuit has responded to any Interrogatory is not an admission or concession of the existence of any facts set forth or assumed by such Interrogatory or that the response constitutes evidence of any fact set forth or assumed.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**INTERROGATORY NO. 1:**

In order of corporate seniority, identify your employees who participated in decisions regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 1:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "participated," "decisions," "agreements" and "discussions about agreements" as vague and ambiguous. Intuit further objects to the extent the interrogatory assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows:

| Name | Last Known State of Residence | Job Title |
|---|---|---|
| Bill Campbell | CA | Chairman of the Board |
| Brad Smith | CA | President and Chief Executive Officer |
| Alex Lintner | CA | President of Global Business Division |

These employees may be contacted through counsel.

**INTERROGATORY NO. 2:**

Of the persons identified in response to Interrogatory No. 1, identify all persons who have substantial knowledge of corporate decisions regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 2:**

Intuit asserts the Privilege and Compound Objections. Intuit objects to the phrase "substantial knowledge of corporate decisions regarding agreements or discussions about agreements" as vague and ambiguous. Intuit also objects to the terms "decisions," "agreements" and "discussions about agreements" as vague and ambiguous. Intuit further objects to the extent that Interrogatory No. 2 assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: See Response To Interrogatory No. 1.

**INTERROGATORY NO. 3:**

In order of corporate seniority, identify all your employees not identified in response to Interrogatories Nos. 1 and 2 who have known about agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 3:**

Intuit asserts the Burden, Vague and Ambiguous, Compound, and Privilege Objections. Intuit objects to the term "known" as unduly burdensome to the extent that answering it fully would require Intuit to interview each of its past and current employees. Intuit also objects to the terms "agreements" and "discussions about agreements" as vague and ambiguous. Intuit further

objects to the extent that Interrogatory No. 3 assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows:

| Name | Last Known State of Residence | Job Title |
|---|---|---|
| Scott Cook | CA | Chairman of Executive Committee |
| Sherry Whiteley | CA | Senior Vice President, Chief Human Resources Officer |
| Michael McNeal | CA | Vice President of Talent Acquisition and HR M&A |

These employees may be contacted through counsel.

In addition, pursuant to Federal Rule of Civil Procedure 33(d), Intuit directs plaintiffs to the emails or other documents Intuit has produced or will produce.

**INTERROGATORY NO. 4:**

Of the persons identified in response to Interrogatory No. 3, identify those who have substantial knowledge regarding corporate decisions relating to agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 4:**

Intuit asserts the Vague and Ambiguous Objection. Intuit also objects to the terms "substantial knowledge regarding corporate decisions" as vague and ambiguous. Intuit also objects to the terms "agreements" and "discussions about agreements" as vague and ambiguous. Intuit further objects to the extent that Interrogatory No. 4 assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows:

| Name | Last Known State of Residence | Job Title |
|---|---|---|
| Scott Cook | CA | Chairman of Executive Committee |
| Sherry Whiteley | CA | Senior Vice President, Chief Human Resources Officer |

These employees may be contacted through counsel.

**INTERROGATORY NO. 5:**

Identify your executives, employees, or agents who participated in multilateral meetings or communications with competitors in which agreements or discussions about agreements occurred.

**RESPONSE TO INTERROGATORY NO. 5:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "competitors," "agreements" and "discussions about agreements" as vague and ambiguous. Intuit further objects to this interrogatory as argumentative and to the extent that it assumes that Intuit had multilateral meetings or communications. Intuit objects to the extent that Interrogatory No. 5 assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: Intuit is unaware of any executives, employees, or agents responsive to this interrogatory.

**INTERROGATORY NO. 6:**

Of the persons identified in response to Interrogatory No. 5 above, identify those who have substantial knowledge regarding the substance of the agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 6:**

Intuit asserts the Vague and Ambiguous Objection. Intuit objects to the phrase "substantial knowledge" as vague and ambiguous. Intuit further objects to the terms "substance" as vague and ambiguous and interprets it to mean the terms and conditions of the agreements. Intuit also objects to the terms "agreements" and "discussions about agreements" as vague and

ambiguous. Intuit objects to the extent that Interrogatory No. 5 assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: Intuit did not list any persons in response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Identify your executives, employees, or agents who participated in bilateral meetings or communications with competitors about agreements.

**RESPONSE TO INTERROGATORY NO. 7:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "competitors" and "agreements" as vague and ambiguous. Intuit further objects to this interrogatory to the extent that it assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows:

| Name | Last Known State of Residence | Job Title |
|---|---|---|
| Bill Campbell | CA | Chairman of the Board |
| Brad Smith | CA | President and Chief Executive Officer |
| Alex Lintner | CA | President of Global Business Division |

These employees may be contacted through counsel.

**INTERROGATORY NO. 8:**

Of the persons identified in response to Interrogatory No. 7 above, identify those who have substantial knowledge regarding the substance of the bilateral meetings and communications with competitors.

**RESPONSE TO INTERROGATORY NO. 8:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit objects to the

phrase "substantial knowledge" as vague and ambiguous. Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the term "competitor" as vague and ambiguous. Intuit further objects to this interrogatory as argumentative and to the extent that it assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: See response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Identify your employees who were involved in implementing, policing, or enforcing the discussion or agreements, or who have substantial knowledge of the implementation, policing, or enforcement of agreements or discussions.

**RESPONSE TO INTERROGATORY NO. 9:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "implementing," "implementation," "policing," "enforcing," and "enforcement" as vague and ambiguous, assuming facts not in evidence, and to the extent they purport to reach a legal conclusion. Intuit objects to the phrase "substantial knowledge" as vague and ambiguous. Intuit also objects to the terms "agreements" and "discussion" as vague and ambiguous. Intuit further objects to this interrogatory to the extent that it assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows:

| Name | Last Known State of Residence | Job Title |
|---|---|---|
| Bill Campbell | CA | Chairman of the Board |
| Brad Smith | CA | President and Chief Executive Officer |
| Alex Lintner | CA | President of Global Business Division |

These employees may be contacted through counsel.

- 9 -

INTUIT'S RESPONSE TO PLAINTIFFS'
INTERROGATORIES, SET ONE
CASE NO. 11-CV-2509 LHK

**INTERROGATORY NO. 10:**

Of the persons identified in response to Interrogatory No. 9 above, identify those who have substantial knowledge regarding the implementation, policing, or enforcement of the agreements or discussions.

**RESPONSE TO INTERROGATORY NO. 10:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "agreements," "discussions," "implementing," "implementation," "policing," "enforcing," and "enforcement" as vague and ambiguous, assuming facts not in evidence, and to the extent they purport to reach a legal conclusion. Intuit objects to the phrase "substantial knowledge" as vague and ambiguous. Intuit further objects to this interrogatory to the extent that it assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: See response to Interrogatory No. 9.

**INTERROGATORY NO. 11:**

Identify your employees who have knowledge of the effect(s) of the agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.

**RESPONSE TO INTERROGATORY NO. 11:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the term "agreements" as vague and ambiguous. Intuit further objects to this interrogatory to the extent that it assumes that there was an agreement between Intuit and any other defendant. Intuit also objects to the interrogatory as argumentative and to the extent that it assumes that any such agreement had an effect on compensation. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the extent that this interrogatory seeks expert testimony.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: Intuit is unaware of any such effects and thus is unaware of any employees who have such knowledge.

**INTERROGATORY NO. 12:**

Of those persons identified in response to Interrogatory No. 11 above, identify those employees having substantial knowledge of the effect(s) of the agreements or discussions about agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.

**RESPONSE TO INTERROGATORY NO. 12:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "agreements" and "discussions" as vague and ambiguous. Intuit further objects to this interrogatory to the extent that it assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit also objects to the interrogatory as argumentative and to the extent that it assumes that any such agreement had an effect on compensation. Intuit objects to the phrase "substantial knowledge of corporate decisions regarding agreements or discussions about agreements" as vague and ambiguous. Intuit objects to the extent that this interrogatory seeks expert testimony.

Subject to and without waiving these objections and the General Objections, Intuit responds as follows: Intuit did not list any employees in response to Interrogatory No. 11.

**INTERROGATORY NO. 13:**

In order of corporate seniority, identify your employees who participated in discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 13:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit also objects to the terms "agreements" and "discussions" as vague and ambiguous. Intuit further objects to the extent the interrogatory assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Intuit

1  responds as follows:

| Name | Last Known State of Residence | Job Title |
|---|---|---|
| Laura Fennell | CA | Senior Vice President, General Counsel and Corporate Secretary |
| Kerry McLean | CA | Vice President Corporate Counsel |

These employees may be contacted through counsel.

**INTERROGATORY NO. 14:**

Of the persons identified in response to Interrogatory No. 13 above, identify all persons who have substantial knowledge of discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 14:**

Intuit asserts the Vague and Ambiguous and Compound Objections. Intuit objects to the phrase "substantial knowledge" as vague and ambiguous. Intuit also objects to the terms "agreements" and "discussions" as vague and ambiguous. Intuit further objects to the extent the interrogatory assumes that there was an agreement between Intuit and any other defendant. By responding to this interrogatory, Intuit does not concede the existence of any such agreement. Intuit objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

//
//
//

INTUIT'S RESPONSE TO PLAINTIFFS'
INTERROGATORIES, SET ONE
CASE NO. 11-CV-2509 LHK

1  Subject to and without waiving these objections and the General Objections, Intuit
2  responds as follows: See response to Interrogatory No. 13.

Dated: March 12, 2012            JONES DAY

By: /s/ Catherine T. Zeng
    Catherine T. Zeng

Attorneys for Intuit Inc.

## VERIFICATION

I, **Sherry Whiteley**, declare that I am authorized to execute this verification on behalf of defendant Intuit Inc. I have read the foregoing DEFENDANT INTUIT INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES. Reserving the right to correct or amend the responses if errors or additional information is subsequently discovered, based on my own personal knowledge, information that I obtained from others with personal knowledge, and/or a review of records, I verify that the foregoing responses are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12 day of March 2012 in Mountain View, California.

*/s/ Sherry Whiteley*
**Sherry Whiteley**

SVI-103600v6

1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittlestaedt@JonesDay.com
2  Craig E. Stewart (State Bar No. 129530)
   cestewart@JonesDay.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA  94104
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Catherine T. Zeng (State Bar No. 251231)
   cbroderick@jonesday.com
7  JONES DAY
   1755 Embarcadero Road
8  Palo Alto, CA 94303
   Telephone: (650) 739-3939
9  Facsimile: (650) 739-3900

10 Attorneys for Defendant
   INTUIT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **PROOF OF SERVICE BY U.S. MAIL** |

PROOF OF SERVICE


**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action.

I am readily familiar with Jones Day's practice for collection and process of documents for mailing with the United States Postal Service, and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.

My business address is Jones Day, 1755 Embarcadero Road, Palo Alto, California 94303. On March 12, 2012, a true and correct copy of the within documents:

1. **DEFENDANT INTUIT INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES**

was delivered via U.S. Mail to:

*See attached*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 12, 2012 at Palo Alto, California.

_____
Lee Keith

| | |
|---|---|
| Joseph Richard Saveri<br>Eric B. Fastiff<br>Brendan Patrick Glackin<br>Dean Michael Harvey<br>Anne Brackett Shaver<br>Katherine M. Lehe<br>Lieff, Cabraser, Heiman & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br>jsaveri@lchb.com<br>efastiff@lchb.com<br>bglackin@lchb.com<br>dharvey@lchb.com<br>ashaver@lchb.com<br>klehe@lchb.com<br><br>Attorneys for Plaintiffs | Eric L. Cramer<br>Shanon J. Carson<br>Sarah R. Schalman-Bergen<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (800) 424-6690<br>Facsimile: (215) 875-4604<br>ecramer@bm.net<br>sschalman-bergen@bm.net<br><br>Attorneys for Plaintiffs |
| Linda P. Nussbaum<br>John D. Radice<br>GRANT & EISENHOFER, P.A.<br>485 Lexington Avenue, 29th Floor<br>New York, NY  10017<br>Telephone: (646) 722-8500<br>Facsimile: (646) 722-8501<br>lnussbaum@gelaw.com<br><br>Attorneys for Plaintiffs | Robert A. Mittelstaedt<br>David C. Kiernan<br>Craig A. Waldman<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>ramittelstaedt@JonesDay.com<br>dkiernan@jonesday.com<br>cwaldman@jonesday.com<br><br>Attorneys for Defendant ADOBE SYSTEMS INC. |

| | |
|---|---|
| George Riley<br>Michael F. Tubach<br>Flora F. Vigo<br>O'Melveny & Meyers LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 984-8701<br>Facsimile: (415) 984-8701<br>griley@omm.com<br>mtubach@omm.com<br>fvigo@omm.com<br><br>Attorneys for Defendant APPLE INC. | Donald M. Falk<br>Lee H. Rubin<br>Edward D. Johnson<br>Mayer Brown LLP<br>Two Palo Alto Square, Suite 300<br>Palo Alto, CA 94306-2112<br>Telephone: (650) 331-2030<br>Facsimile: (650) 331-2060<br>dfalk@mayerbrown.com<br>lrubin@mayerbrown.com<br>wjohnson@mayerbrown.com<br><br>Attorneys for Defendant GOOGLE INC. |
| Donn P. Pickett<br>Zachary J. Alinder<br>Frank M. Hinman<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286<br>donn.pickett@bingham.com<br>zachary.alinder@bingham.com<br>frank.hinman@bingham.com<br><br>Attorneys for Defendant INTEL CORP. | John W. Keker<br>Daniel E. Purcell<br>Paula L. Blizzard<br>Eugene M. Paige<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, Ca 94111-1704<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188<br>jwk@kvn.com<br>dpurcell@kvn.com<br>plb@kvn.com<br>EMP@kvn.com<br><br>Attorneys for Defendant LUCASFILM LTD. |
| Robert T. Haslam, III<br>Emily J. Henn<br>Covington & Burling LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: (650) 632-4702<br>Facsimile: (650) 632-4800<br>rhaslam@cov.com<br>ehenn@cov.com<br><br>Deborah A. Garza<br>Jonathan Herczeg<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 662-5052<br>dgarza@cov.com<br>jherczeg@cov.com<br><br>Attorneys for Defendant PIXAR | |

SVI-105160v1
Proof of Service - Intuit's Response to Plaintiffs' First Set of Interrogatories