1  KEKER & VAN NEST LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   DANIEL PURCELL - #191424
3  dpurcell@kvn.com
   EUGENE M. PAIGE - #202849
4  epaige@kvn.com
   CODY S. HARRIS - #255302
5  charris@kvn.com
   633 Battery Street
6  San Francisco, CA  94111-1809
   Telephone:  (415) 391-5400
7  Facsimile:  (415) 397-7188

8  Attorneys for Defendant
   LUCASFILM LTD.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  IN RE: HIGH-TECH EMPLOYEE              Master Docket No. C 11-02509 LHK
    ANTITRUST LITIGATION
14                                         **DEFENDANT LUCASFILM LTD.'S**
    THIS DOCUMENT RELATES TO:              **OBJECTIONS AND RESPONSES TO**
15                                         **PLAINTIFFS' FIRST SET OF**
                                           **INTERROGATORIES RE:**
16                                         **IDENTIFICATION OF WITNESSES**
    ALL ACTIONS
17                                         Courtroom:  8, 4th Floor
                                           Judge:      Hon. Lucy H. Koh
18
                                           Date Comp. Filed:    May 4, 2011
19

20  **PROPOUNDING PARTY:**        **PLAINTIFFS AND THE PROPOSED CLASS**

21  **RESPONDING PARTY:**         **DEFENDANT LUCASFILM LTD.**

22  **SET NUMBER:**               **ONE**

23

24

25

26

27

28

---

634395.01

1   Pursuant to Federal Rule of Civil Procedure 33, Defendant Lucasfilm Ltd. ("Lucasfilm")

2   hereby provides the following objections and responses to Plaintiffs' First Set of Interrogatories.

3   Lucasfilm reserves the right to supplement or amend these objections and responses to the extent

4   allowed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil

5   Proceedings before the United States District Court for the Northern District of California

6   ("Local Rules").

7

## GENERAL STATEMENT AND OBJECTIONS

8

9   The following general objections apply to each and every interrogatory as propounded by

10  Plaintiffs and said general objections are incorporated into each of the following specific

11  responses by reference as if set forth in full therein.

12   1.   The following responses are based upon information and documentation that is

13  currently available and specifically known to Lucasfilm.  The following responses are given

14  without prejudice to Lucasfilm's right to produce or rely on subsequently discovered

15  information.  Discovery is just beginning, and these responses are subject to change accordingly.

16  It is anticipated that further discovery, independent investigation, and analysis may lead to the

17  discovery of additional potential witnesses, or lead to the re-categorization or deletion of the

18  potential witnesses listed herein.  The responses are made in a good-faith effort to provide

19  information now known to Lucasfilm which is responsive, but Lucasfilm specifically reserves

20  the right both to supplement any of the responses set forth below and to utilize at trial any further

21  information.

22   2.   Lucasfilm objects to Plaintiffs' "Definitions" and to each and every interrogatory

23  to the extent they seek documents and information that are beyond the scope of the claims in this

24  action, and thus seek information that is neither relevant to the claims or defenses raised in this

25  action, nor reasonably calculated to lead to the discovery of admissible evidence.

26   3.   Lucasfilm objects to Plaintiffs' "Definitions" and to each and every interrogatory

27  to the extent they seek to impose obligations and demands on Lucasfilm beyond those

28

1

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Case No. C 11-02509 LHK

634395.01

1   contemplated by Federal Rules of Civil Procedure 26 and 33 and/or any applicable Local Rules.

2       4.     Lucasfilm objects to Plaintiffs' "Definitions" and to each and every interrogatory

3   to the extent they purport to give meaning or legal significance to a document, fact, or purported

4   fact whose meaning or significance is subject to dispute between the parties.  Lucasfilm's

5   responses to these interrogatories shall not constitute an admission or concession to the

6   definitions used in the interrogatories.

7       5.     Lucasfilm objects to Plaintiffs' "Definitions" and to each and every interrogatory

8   to the extent they seek information related to persons, entities, or events not known to Lucasfilm,

9   on the grounds that such instructions, definitions, or interrogatories seek to require more of

10  Lucasfilm than any obligation imposed by law, would subject Lucasfilm to unreasonable and

11  undue burden, oppression, and expense, and would seek to impose upon Lucasfilm an obligation

12  to investigate or discover information or materials from third parties or sources who are equally

13  available to Plaintiffs.

14      6.     Lucasfilm objects to each and every interrogatory to the extent that it seeks

15  information protected by: (a)  the attorney-client privilege; (b) the work-product doctrine; (c) the

16  right to privacy embodied in the California Constitution; or (d) any other privilege or protection

17  afforded by state or federal law.  Such protected material may include the impressions,

18  conclusions, opinions, legal research or theories of attorneys, whether or not communicated to

19  their client, and/or any other applicable privilege.  Any inadvertent disclosure of information

20  subject to any such privilege or protection shall not be deemed a waiver of any privilege or

21  protection with respect to such information.

22      7.     Lucasfilm objects to each and every interrogatory to the extent it is overly broad,

23  unduly burdensome, oppressive, or not reasonably calculated to lead to the discovery of

24  admissible evidence.

25      8.     Lucasfilm objects to each and every interrogatory to the extent that it is unlimited

26  in time or scope on the basis that such interrogatory is overly broad, unduly burdensome,

27  oppressive, and not relevant to the claim or defense of any party to this action.

28

634395.01

9.     Lucasfilm objects to each and every interrogatory to the extent it calls for a legal conclusion in order to respond.

10.     Lucasfilm objects to each and every interrogatory to the extent it seeks "all" persons or employees who possess responsive information on the basis that such interrogatory is overly broad, unduly burdensome, oppressive, and not relevant to the claim or defense of any party to this action.

11.     Lucasfilm objects to each and every interrogatory to the extent it purports to attribute any special or unusual meaning to any legal term or phrase.

12.     Lucasfilm objects to Instruction No. 1 on the ground that the phrase "the years about which the person has the knowledge identified by the interrogatory" is vague, ambiguous, and unintelligible.  Lucasfilm further objects to Plaintiffs' request for information regarding "former employees, agents, or executives," including residence information and whether they are represented by counsel, on the grounds that it seeks information not in Lucasfilm's possession, custody or control and as overly broad and unduly burdensome.  Lucasfilm further objects to the phrase "last known employment and residence information" on the grounds that it is vague, ambiguous, and imposes obligations beyond those set forth in the Federal Rules of Civil Procedure and Local Rules insofar as it could be interpreted to require Lucasfilm to provide information on former employees' subsequent employment and residence.  Lucasfilm will interpret this instruction to require information regarding former employees' employment at Lucasfilm.

13.     Lucasfilm objects to Instruction Nos. 1 and 4 to the extent they request information from January 1, 2003 to the present on the grounds that the request is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  In responding to the interrogatories, Lucasfilm will provide information about the time period of January 1, 2004 to the present.

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

14.     Lucasfilm object to each and every interrogatory to the extent it seeks information or the identification of people that is not within the possession, custody, or control of Lucasfilm, or refers to people, entities, or events not known to Lucasfilm, subjecting Lucasfilm to unreasonable and undue burden, oppression, and expense, and imposing upon it an obligation to discover information or materials from third parties or services who are equally accessible to Plaintiffs.

15.     Lucasfilm objects to the definition of "Agreement" in paragraph 2 of the definitions as argumentative, vague, ambiguous, overbroad, and assuming facts not in evidence. Lucasfilm also objects to the definition, and to the use of the terms "agreement," "contract," "arrangement," and "understanding," to the extent they call for a legal conclusion.  By responding to Interrogatories using this term, Lucasfilm does not concede the existence of bilateral agreements alleged in Plaintiffs' Complaint.  Lucasfilm also objects to the definition to the extent it seeks to impose obligations and duties beyond those required under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

16.     Lucasfilm objects to the definition of "Co-Conspirators" in paragraph 6 of the definitions as argumentative, vague, ambiguous, overbroad, unreasonably prejudicial, assuming facts not in evidence and calling for a legal conclusion.  Lucasfilm interprets the term "Co-Conspirators" to mean the named Defendants in this action, specifically, Adobe Systems, Inc., Apple, Inc., Google, Inc., Intel Corp., Intuit, Inc., Lucasfilm, Ltd., and Pixar, Inc.

17.     Lucasfilm objects to the definition of "Employee" in paragraph 8 of the definitions as overly broad, in particular to the extent it purports to include "agents," "messengers" and "directors."

18.     Lucasfilm objects to the definitions of "Subsidiary," "affiliate," and "joint venture" in paragraph 13 of the definitions, and "You," "your," and "your company" in paragraph 14 of the definitions as overbroad, unduly burdensome, and neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  In particular, Lucasfilm objects to the inclusion in these definitions of "any entity or

4

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

1  person in which you have any financial ownership or interest," and "predecessors, successors,

2  subsidiaries . . . affiliates and/or agents (including, without limitation, any third-party recruiting,

3  hiring, or headhunting firm), together with all present and former directors, officers, employees,

4  agents, representatives, or any persons acting or purporting to act on behalf of you," as most of

5  the named persons or entities are not the subject of this litigation.  Lucasfilm further objects to

6  these definitions to the extent they seek information which is not in the possession, custody or

7  control of Lucasfilm.  Lucasfilm also objects to the definitions to the extent they purport to

8  impute to Lucasfilm any knowledge of persons or entities falling within the scope of the terms

9  "Subsidiary," "affiliate," "joint venture," "You," "your," or "your company" as plaintiffs defined

10  them, or impose duties to ascertain the identity, existence or relationships of or among any of the

11  persons or entities listed or defined.  Lucasfilm responds to these interrogatories, and will

12  produce responsive, non-privileged information, on behalf of Lucasfilm only.

13          19.     Lucasfilm objects to the undefined term "competitor" as vague, ambiguous,

14  overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible

15  evidence.  Lucasfilm interprets the term "competitor" to mean "defendants."

16

17          **SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

18          Lucasfilm incorporates all of the above objections into all of the Specific Objections and

19  Responses as if fully set forth therein.  Lucasfilm specifically objects and responds as follows.

20  **INTERROGATORY NO. 1:**

21          In order of corporate seniority, identify your employees who participated in decisions

22  regarding agreements or discussions about agreements.

23  **RESPONSE TO INTERROGATORY NO. 1:**

24          In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

25  it assumes the existence of "agreements" between Lucasfilm and any other defendant.  Lucasfilm

26  further objects to the phrase "in order of corporate seniority," to the extent that it is vague,

27  ambiguous and unintelligible, including because "corporate seniority" is not subject to precise

28

634395.01

1  ranking and may change over time.  Lucasfilm further objects to this interrogatory because it is

2  overly burdensome and oppressive and seeks information not relevant to the claims or defenses

3  at issue in the case.  Lucasfilm objects to the term "participated" on the grounds that it is vague,

4  ambiguous, and may call for information protected by the attorney-client privilege.

5      Subject to and without waiving the foregoing objections, Lucasfilm responds as follows:

6

7  **Current Employees**

| Name | State of Primary Residence | Job Titles (years) |
|------|------|------|
| Jan van der Voort | CA | VP & Chief Administrative Officer (2007 – Present) |

11  **Former Employees**

| Name | Last known state of primary residence | Job Titles, including last known employment at Lucasfilm (years) |
|------|------|------|
| Gail Currey | CA | VP  & General Manager of Lucasfilm Animation (2004 – 2008) |
| Sharon Coker | CA | Director of Human Resources (2004 – 2005)<br>Senior Director of Human Resources (2005 - 2007) |

17      All of these individuals should be contacted through Lucasfilm.

18

19  **INTERROGATORY NO. 2:**

20      Of the persons identified in response to Interrogatory No. 1, identify all persons who have

21  substantial knowledge of corporate decisions regarding agreements or discussions about

22  agreements.

23  **RESPONSE TO INTERROGATORY NO. 2:**

24      In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

25  it assumes the existence of "agreements" between Lucasfilm and any other defendant.  Lucasfilm

26  also objects to this interrogatory as vague and ambiguous based upon its use of the phrase

27  "substantial knowledge."  Lucasfilm cannot discern a meaningful difference between those

28

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

1   individuals who "participated in decisions regarding agreements or discussion about agreements"

2   (Interrogatory No. 1) and, of those individuals identified in response to Interrogatory No. 1, those

3   "who have substantial knowledge of corporate decisions regarding agreements or discussions

4   about agreements" (Interrogatory No. 2).  Lucasfilm further objects to this interrogatory because

5   it is overly burdensome, oppressive, and seeks information not relevant to the claims or defenses

6   at issue in the case.  Subject to and without waiving the foregoing objections, Lucasfilm

7   responds by incorporating its response to Interrogatory No. 1.

8   **INTERROGATORY NO. 3:**

9        In order of corporate seniority, identify all your employees not identified in response to

10  Interrogatory Nos. 1 and 2 who have known about agreements or discussions about agreements.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12       In addition to its General Objections, Lucasfilm objects to this interrogatory on the

13  grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Lucasfilm further

14  objects to this interrogatory to the extent it assumes the existence of "agreements" between

15  Lucasfilm and any other defendant.  Lucasfilm further objects to the phrase "in order of

16  corporate seniority," to the extent that it is vague, ambiguous and unintelligible, including

17  because "corporate seniority" is not subject to precise ranking and may change over time.

18  Lucasfilm further objects to the phrase "known about," to the extent that it purports to include

19  other than first-hand information.  To the extent such agreements existed, it would be impossible

20  for Lucasfilm to determine who had any knowledge of them without conducting an overly-

21  burdensome survey of every person who works or has worked for Lucasfilm.  Subject to and

22  without waiving the foregoing objections, Lucasfilm responds that, as reflected in the documents

23  produced to date in this matter, Lucasfilm's recruiting practices with respect to Pixar and its

24  employees were generally known within the company and were discussed with Lucasfilm

25  employees and applicants.  Accordingly, several Lucasfilm employees had general knowledge

26  about Lucasfilm's recruitment policies, and such policies were generally known within

27  Lucasfilm's Recruiting Department.  As is permitted under Federal Rule of Civil Procedure

28

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

1   33(d), Lucasfilm hereby incorporates as a supplement to this Interrogatory answer the documents

2   it previously produced to the Department of Justice, and subsequently re-produced to plaintiffs in

3   this case.  Lucasfilm's document production reflects the knowledge of specific Lucasfilm

4   employees of Lucasfilm's recruiting practices with respect to Pixar employees.

5        Subject to these limitations, the following employees, among others, are likely to have

6   known about agreements or discussions about agreements with Pixar:

| Current Employees | | |
|---|---|---|
| **Name** | **State of Primary Residence** | **Job Titles (years)** |
| Sarah Alvarado | CA | Sr. Recruiter (2009 – present) <br> Recruiter (2005-2008) |
| Lori Beck | CA | Sr. Recruiter (2008 – present) <br> Recruiter (2005 – 2008) |
| Kim Diaz | CA | Sr. Recruiter (2009 – present) <br> Recruiter (2006 – 2008) |
| Tonja Salmon | CA | Recruiter (2011-present) <br> Associate Recruiter (2006-2007) |
| Erin Haver | CA | Recruiter (2004 - present) |
| Erin Meyers | CA | Recruiter (2007-present) <br> Sourcer (2006-2007) |
| Courtney Williams DuBois | CA | Sourcer (2010-present) |
| **Former Employees** | | |
| **Name** | **Last known state of primary residence** | **Job Titles, including last known employment at Lucasfilm (years)** |
| Jim Morris | CA | President of ILM (2004) |
| Elizabeth "BZ" Petroff | CA | Director, Resource Management (2009 – 2010) <br> Director, Talent Acquisition (2006 – 2008) |
| Steve Mair | CA | Director of Talent Acquisition (2009 – 2010) <br> Staffing Manager (2007 – 2008) |
| Lala Gavgavian | CA | Staffing Manager (2007) <br> Senior Recruiter (2004 – 2006) |
| Brenley Brotman | CA | Senior Recruiting Manager (2004-present) |

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

| Amir Dramen | CA | Senior Recruiter (2005-2010) |
|---|---|---|
| Jane Violich | CA | Recruiter (2007 – 2008)<br>Contract Recruiter (2006<br>Project Recruiter (2005) |
| Bobby Butcher | CA | Recruiter (2007-2008) |
| Michelle Stock | CA | Recruiter (2004-2011) |
| Mary "Chris" Bigelow | CA | Recruiter (2005-2011) |
| Lea Hyke | CA | Recruiter (2005-2006) |
| Stephanie Orth | CA | Recruiter (2005-2006) |
| Alex Saborit | CA | Recruiter (2005-2006) |
| Elizabeth Sasseen | CA | Recruiter (2005-2006) |
| Jennifer Kinavey | CA | Senior Technical Recruiter (2008)<br>Contract Recruiter (2006-2007)<br>Project Recruiter (2005-2006) |
| Sumriti Bhogal | CA | Associate Recruiter (2008 – 2009)<br>Sourcer (2007)<br>Recruiting Coordinator (2006) |
| Kristen Dallara | CA | Associate Recruiter (2007-2010) |
| Leesa Dreo | CA | Recruiter (2005-2008)<br>Associate Recruiter (2003-2005) |
| Rosanna Server | CA | Associate Recruiter (2007 – 2009)<br>Sourcer (2006) |
| Angela Hawkins | CA | Project Staffing Consultant (2005-2006) |
| Jonathan Alcantar | CA | Sourcer (2007-2010) |
| Kathleen Stokes | CA | Senior Recruiter (2008-2010)<br>Sourcer (2006-2007) |
| Rick Pflugradt | CA | Recruiter (2007-2008)<br>Sourcer (2006-2007) |
| Christopher Cox | CA | Sourcer (2005-2006) |
| Shannon Henry | CA | Contract Sourcer (2005-2007) |

All of these individuals should be contacted through Lucasfilm.

**INTERROGATORY NO. 4:**

Of the persons identified in response to Interrogatory No. 3, identify those who have substantial knowledge regarding corporate decisions relating to agreements or discussions about

9

634395.01

1    agreements.

2    **RESPONSE TO INTERROGATORY NO. 4:**

3          In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

4    it assumes the existence of "agreements" between Lucasfilm and any other defendant.  Lucasfilm

5    further objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 2.

6    Lucasfilm further objects to this request as vague and ambiguous based upon its use of the

7    phrases "substantial knowledge" and "corporate decisions relating to agreements or discussions

8    about agreements."  Because the phrase "substantial knowledge" is vague, ambiguous, and

9    nowhere defined objectively, Lucasfilm is unable to answer this Interrogatory, apart from

10   incorporating its response to Interrogatory No. 2.  Accordingly, subject to and without waiving

11   the foregoing objections, Lucasfilm responds by incorporating its response to Interrogatory No.

12   2.

13

14   **INTERROGATORY NO. 5:**

15         Identify your executives, employees, or agents who participated in multilateral meetings

16   or communications with competitors in which agreements or discussions about agreements

17   occurred.

18   **RESPONSE TO INTERROGATORY NO. 5:**

19         In addition to its General Objections, Lucasfilm objects to the use of the term

20   "competitors" as vague and ambiguous.  Lucasfilm interprets the term "competitors" to mean

21   "co-Defendants."  Lucasfilm further objects to this interrogatory on the grounds that it is overly

22   broad and unduly burdensome.  Lucasfilm further objects to this interrogatory to the extent that it

23   seeks information protected the attorney-client privilege.  Subject to and without waiving the

24   foregoing objections, Lucasfilm responds by stating that no employees participated in

25   multilateral meetings or multilateral communications with competitors in which agreements or

26   discussions about agreements occurred.

27

28

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

**INTERROGATORY NO. 6:**

Of the persons identified in response to Interrogatory No. 5 above, identify those who have substantial knowledge regarding the substance of the agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent it assumes the existence of "agreements" between Lucasfilm and any other defendant.  Subject to and without waiving the foregoing objections, Lucasfilm responds by incorporating its response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Identify your executives, employees, or agents who participated in bilateral meetings or communications with competitors about agreements.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, Lucasfilm objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Lucasfilm further objects to the extent this interrogatory assumes the existence of "agreements" between Lucasfilm and any other defendant.  Lucasfilm also objects to the use of the term "competitors" as vague and ambiguous. Lucasfilm interprets the term "competitors" to mean "co-Defendants."  Lucasfilm further objects to this interrogatory to the extent that it seeks information protected the attorney-client privilege. Subject to and without waiving the foregoing objections, Lucasfilm responds as follows:

| Current Employees | | |
|---|---|---|
| **Name** | **State of Primary Residence** | **Job Titles (years)** |
| Jan van der Voort | CA | VP & Chief Administrative Officer (2007 – Present) |

11

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

| Former Employees | | |
|---|---|---|
| Name | Last known state of primary residence | Job Titles, including last known employment at Lucasfilm (years) |
| Sharon Coker | CA | Director of Human Resources (2004 – 2005)<br>Senior Director of Human Resources (2005 - 2007) |

All of these individuals should be contacted through Lucasfilm.

**INTERROGATORY NO. 8:**

Of the persons identified in response to Interrogatory No. 7 above, identify those who have substantial knowledge regarding the substance of the bilateral meetings and communications with competitors.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent it assumes the existence of "agreements" between Lucasfilm and any other defendant. Lucasfilm also objects to this interrogatory as vague and ambiguous based upon its use of the phrases "substantial knowledge" and "competitors." Lucasfilm further objects to this interrogatory as overbroad, unduly burdensome, and oppressive based upon its use of the phrase "bilateral meetings and communications with competitors," which Lucasfilm interprets to mean "bilateral meetings and communications with co-Defendants about alleged agreements." Lucasfilm further objects to this interrogatory to the extent that it seeks information protected the attorney-client privilege. Subject to and without waiving the foregoing objections, Lucasfilm responds by incorporating its response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Identify your employees who were involved in implementing, policing, or enforcing the discussions or agreements, or who have substantial knowledge of the implementation, policing,

634395.01

1   or enforcement of agreements or discussions.

2   **RESPONSE TO INTERROGATORY NO. 9:**

3        In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

4   it assumes the existence of "agreements" between Lucasfilm and any other defendant  Lucasfilm

5   further objects to this interrogatory as vague and ambiguous based upon its use of the phrases

6   "substantial knowledge" and the undefined terms "involved," "implementing," "enforcing,"

7   "implementation," "policing," and "enforcement."  Lucasfilm further objects to this interrogatory

8   on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving

9   the foregoing objections, Lucasfilm responds by incorporating its responses to Interrogatory Nos.

10  1-4.

11

12  **INTERROGATORY NO. 10:**

13       Of the persons identified in response to Interrogatory No. 9 above, identify those who

14  have substantial knowledge regarding the implementation, policing, or enforcement of the

15  agreements or discussions.

16  **RESPONSE TO INTERROGATORY NO. 10:**

17       In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

18  it assumes the existence of "agreements" between Lucasfilm and any other defendant  Lucasfilm

19  further objects to this interrogatory as vague and ambiguous based upon its use of the phrases

20  "substantial knowledge" and the undefined terms "involved," "implementing," "enforcing,"

21  "implementation," "policing," and "enforcement."  Because the phrase "substantial knowledge"

22  is vague, ambiguous, and nowhere defined objectively, Lucasfilm is unable to answer this

23  Interrogatory, apart from incorporating its response to Interrogatory No. 9. Accordingly, subject

24  to and without waiving the foregoing objections, Lucasfilm responds by incorporating its

25  response to Interrogatory No. 9.

26  \\

27  \\

28

13

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

1   **INTERROGATORY NO. 11:**

2       Identify your employees who have knowledge of the effect(s) of the agreements on the

3   compensation of your employees, or on the compensation of any Co-Conspirator's employees.

4   **RESPONSE TO INTERROGATORY NO. 11:**

5       In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

6   it is argumentative and assumes the existence of "agreements" between Lucasfilm and any other

7   defendant and that any such alleged agreement had an effect on the compensation of Lucasfilm

8   employees or the compensation of any other co-defendant's employees.  Lucasfilm also objects

9   to this interrogatory as overbroad, unduly burdensome, and oppressive because the effects, if

10  any, of the alleged "agreements" would differ for each affected employee, and therefore are

11  beyond the scope of any individual's knowledge.  Lucasfilm further objects to this interrogatory

12  as premature to the extent that it is properly the subject of expert testimony.

13

14  **INTERROGATORY NO. 12:**

15      Of those persons identified in response to Interrogatory No. 11 above, identify those

16  employees having substantial knowledge of the effect(s) of the agreements or discussions about

17  agreements on the compensation of your employees, or on the compensation of any Co-

18  Conspirator's employees.

19

20  **RESPONSE TO INTERROGATORY NO. 12:**

21      In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

22  it is argumentative and assumes the existence of "agreements" between Lucasfilm and any other

23  defendant and that any such alleged agreement had an effect on the compensation of Lucasfilm

24  employees or the compensation of any other Co-conspirator's employees.  Lucasfilm also objects

25  to this interrogatory as overbroad, unduly burdensome, and oppressive because the effects, if

26  any, of the alleged "agreements" would differ for each affected employee, and therefore are

27  beyond the scope of any individual's knowledge.  Lucasfilm further objects to this interrogatory

28

634395.01

1    as premature to the extent that it is properly the subject of expert testimony.

2

3    **INTERROGATORY NO. 13:**

4         In order of corporate seniority, identify your employees who participated in discussions

5    with any antitrust regulatory authority regarding agreements or discussions about agreements.

6    **RESPONSE TO INTERROGATORY NO. 13:**

7         In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

8    it assumes the existence of "agreements" between Lucasfilm and any other defendant.  Lucasfilm

9    further objects to the phrase "in order of corporate seniority," to the extent that it is vague,

10   ambiguous and unintelligible, including because "corporate seniority" is not subject to precise

11   ranking and may change over time.  Lucasfilm also objects to this request on the grounds that it

12   is overly broad, unduly burdensome, and calls for information that is not relevant to the claims or

13   defenses of the parties to this action.  Subject to and without waiving the foregoing objections,

14   Lucasfilm responds that no Lucasfilm employees had any direct communications with any

15   antitrust regulatory authority regarding the agreements.

16

17   **INTERROGATORY NO. 14:**

18        Of the persons identified in response to Interrogatory No. 13 above, identify all persons

19   who have substantial knowledge of discussions with any antitrust regulatory authority regarding

20   agreements or discussions about agreements.

21   **RESPONSE TO INTERROGATORY NO. 14:**

22        In addition to its General Objections, Lucasfilm objects to this interrogatory to the extent

23   it assumes the existence of "agreements" between Lucasfilm and any other defendant.  Lucasfilm

24   also objects to this interrogatory as vague and ambiguous based upon its use of the phrase

25   "substantial knowledge."  Lucasfilm also objects on the grounds that it is overly broad, unduly

26   burdensome, and calls for information that is not relevant to the claims or defenses of the parties

27   to this action.  Subject to and without waiving the foregoing objections, Lucasfilm responds by

28

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

1    incorporating its response to Interrogatory No. 13.

2

3    Dated:  March 2, 2012                          AS TO OBJECTIONS:

4                                                   KEKER & VAN NEST LLP

5

6                                        By: _____
                                              JOHN W. KEKER
7                                             DANIEL PURCELL

8                                             Attorneys for Defendant
                                              LUCASFILM LTD.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

1

<u>VERIFICATION</u>

2

I, David Anderman, am General Counsel of Lucasfilm Ltd, and I am authorized to

3

execute this verification on behalf of Lucasfilm. I have reviewed the discovery document

4

captioned

5

**DEFENDANT LUCASFILM LTD.'s OBJECTIONS AND**

6

**RESPONSES TO PLAINTIFFS' FIRST SET OF**

7

**INTERROGATORIES RE: IDENTIFICATION OF**

8

**WITNESSES**

9

and know the contents thereof. I affirm that I have personal knowledge that the facts contained

10

therein are true and correct or, as to matters that are not within my personal knowledge, that I

11

have made a reasonable inquiry and I am informed and believe that those facts are true and

12

correct.

13

I declare under penalty of perjury under the laws of the United States that the foregoing is

14

true and correct. Executed in San Francisco, California, on March 2, 2012.

15

16

17

DAVID ANDERMAN

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. C 11-02509 LHK

634395.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On March 2, 2012, I served the following document(s):

**DEFENDANT LUCASFILM LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES**

☑ by **ELECTRONIC MAIL (PDF)**, by causing a true and correct copy of such document(s) to be sent via electronic mail transmission to the office(s) of the party(s) stated below, and was transmitted without error.

and

by regular **UNITED STATES MAIL** by placing Original in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| Joseph R. Saveri | Attorneys for Individual and Representative |
| Eric B. Fastiff | Plaintiff |
| Brendan P. Glackin | SIDDHARTH HARIHARAN |
| Dean M. Harvey | |
| Anne P. Shaver | |
| Katherine M. Lehe | |
| LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP | |
| 275 Battery Street, 29th Floor | |
| San Francisco, CA 94111-3339 | |
| (415) 956-1000 | |
| (415) 956-1008 – fax | |
| jsaveri@lchb.com | |
| efastiff@lchb.com | |
| bglackin@lchb.com | |
| dharvey@lchb.com | |
| ashaver@lchb.com | |
| klehe@lchb.com | |

621975.01

by **ELECTRONIC MAIL (PDF)**, by causing a true and correct copy of such document(s) to be sent via electronic mail transmission to the office(s) of the party(s) stated below, and was transmitted without error.

Robert A. Mittelstaedt                          Attorneys for INTUIT, INC. and ADOBE
JONES DAY                                       SYSTEMS INC.
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 626-3939
(415) 875-5700 - fax
ramittelstaedt@jonesday.com

Craig Waldman                                   Attorneys for ADOBE SYSTEMS INC.
David C. Kiernan
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 626-3939
(415) 875-5700 - fax
cwaldman@jonesday.com
dkiernan@jonesday.com

Catherine T. Broderick                          Attorneys for INTUIT, INC.
JONES DAY
1755 Embarcadero Road
Palo Alto, CA   94303
(650) 739-3939
(650) 739-3900
cbroderick@jonesday.com

Craig Stewart                                   Attorneys for ADOBE SYSTEMS INC. and
JONES DAY                                       INTUIT INC.
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
(202) 879-3939
(202) 626-1700 - fax
cestewart@jonesday.com

Richard Parker                                  Attorneys for APPLE INC.
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
(202) 383-5414 - fax
rparker@omm.com

Michael Tubach                                    Attorneys for APPLE INC.
George Riley
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700
(415) 984-8701 - fax
mtubach@omm.com
griley@omm.com

David Gelfand                                     Attorneys for GOOGLE INC.
CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500
(202) 974-1999
dgelfand@cgsh.com

Lee Rubin                                         Attorneys for GOOGLE INC.
Ward Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331- 2000
(650) 331- 2060 - fax
lrubin@mayerbrown.com
wjohnson@mayerbrown.com

Donn Pickett                                      Attorneys for INTEL CORP.
BINGHAM MCCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
(415) 393-2000
(415) 393-2286 - fax
donn.pickett@bingham.com

Deborah Garza                                     Attorneys for PIXAR
Emily Henn
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
(202) 662-6291
dgarza@cov.com
ehenn@cov.com

1

2   Executed on March 2, 2012, at San Francisco, California.

3   I declare under penalty of perjury under the laws of the United States that the above is true and

4   correct.

5   _Lauren Hartz-Lewis_
    Lauren Hartz-Lewis

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28