ROBERT T. HASLAM (S.B. #71134)
rhaslam@cov.com
EMILY JOHNSON HENN (S.B. #269482)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

DEBORAH A. GARZA (pro hac vice)
dgarza@cov.com
JONATHAN HERCZEG (pro hac vice)
jherczeg@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Attorneys for Defendant
PIXAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: <u>IDENTIFICATION OF WITNESSES</u>** |

**PROPOUNDING PARTY:**     **PLAINTIFFS AND THE PROPOSED CLASS**

**RESPONDING PARTY:**     **DEFENDANT PIXAR**

**SET NUMBER:**     **ONE**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Defendant Pixar serves its objections and responses to Plaintiffs' First Set of Interrogatories re: Identification of Witnesses.

**I.      GENERAL OBJECTIONS**

1.      Pixar's responses to these interrogatories are based only on facts known at this time.  Discovery in this matter is ongoing, and during the course of subsequent discovery, Pixar may become aware of supplemental, additional, or other responsive information.  Pixar reserves the right to update, amend, or supplement these responses.  In addition, Pixar's responses are made without prejudice to Pixar's right to present further additional or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

2.      Pixar objects to the Definitions, Instructions, and Interrogatories to the extent they are vague, ambiguous, overly broad, and/or unduly burdensome.

3.      Pixar objects to the Definitions, Instructions, and Interrogatories to the extent they seek to impose any requirements in addition to or different from those required by the Federal Rules of Civil Procedure, Local Rules, or any order of the Court.

4.      Pixar objects to the Definitions, Instructions, and interrogatories to the extent they purport to seek information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.  Pixar does not intend to waive, and shall not be deemed to have waived, any privilege or protection, including but not limited to under the attorney-client privilege and the work product doctrine, or any other applicable privilege or doctrine.  Any inadvertent disclosure of privileged or protected material shall not be deemed a waiver of this objection or the applicable privilege or protection.

5.      Pixar objects to the Definitions, Instructions, and Interrogatories to the extent they seek information that is not relevant to the claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Pixar objects to Plaintiffs' "Definitions" and to each Interrogatory to the extent they purport to give meaning or legal significance to a document, fact, or purported fact, the

1  meaning or significance of which is disputed between the parties. By responding to an
2  Interrogatory with a defined term, Pixar is not by implication agreeing with any such definition.
3  Pixar's responses to these Interrogatories shall not constitute an admission or concession to
4  these Definitions.

5       7.     Pixar objects to Definition #2, and to the use of the terms "agreement," "contract,"
6  "arrangement," "understanding," and "Co-Conspirator(s)," to the extent it calls for a legal
7  conclusion, and to the extent the term refers to anything other than bilateral agreements with a
8  Defendant involving Pixar. Any responses to Interrogatories using this term are expressly
9  limited to bilateral agreements with a Defendant involving Pixar. By responding to
10 Interrogatories using this term, Pixar does not concede the existence of bilateral agreements
11 alleged in Plaintiffs' Complaint.

12      8.     Pixar objects to Definition #6, and to the use of the terms "Co-Conspirators" and
13 "DOES 1-200," to the extent it calls for information regarding agreements with entities not
14 named as defendants. Pixar further objects to this definition on the grounds that the definition is
15 argumentative, unreasonably prejudicial, and to the extent that it calls for a legal conclusion
16 regarding the defendants.

17      9.     Pixar objects to Definition #8 on the grounds that the definition is overly broad,
18 in particular to the extent it purports to include "agents," "messengers" and "directors." Pixar
19 will respond to Interrogatories calling for identification of its "employees" as to "any current or
20 former officers, executives, managers, secretaries, staff members, or other persons who were or
21 are employed by Pixar during the relevant time period in a salaried, non-retail capacity" and
22 separately as to directors. With respect to other defendants, Pixar will respond as to any
23 individual employed by a Defendant to the best of Pixar's knowledge.

24      10.    Pixar objects to Definition #14 to the extent it purports to include "agent[s]" and
25 "third-part[ies]" and to the extent it calls for a legal conclusion.

26      11.    Pixar objects to Instruction #1, and Plaintiffs' request for information regarding
27 "former employees, agents, or executives," and its use of the phrase "last known employment
28 and residence information," on the grounds that it seeks information not in Pixar's possession,

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

3

1  custody or control and as overly broad and unduly burdensome.  Pixar further objects that the
2  phrase "the years about which the person has the knowledge identified by the interrogatory" is
3  vague and ambiguous.  With respect to former employees, Pixar will identify an individual's
4  last employment with Pixar.
5    12. Pixar objects to Instructions # 1 and #4 to the extent they request information
6  from January 1, 2003, to the present on the grounds that the request is overly broad, unduly
7  burdensome, and seeks information not relevant to the claims or defenses of any party nor
8  reasonably calculated to lead to the discovery of admissible evidence.  Pixar will respond for the
9  time period from January 1, 2004, to the present.
10   13. Pixar objects to Instruction #3 to the extent it exceeds the scope of the
11 requirements set forth in Rule 26 of the Federal Rules of Civil Procedure, to the extent it
12 requests the provision of information beyond that necessary to establish Pixar's claim of
13 privilege, and to the extent it requests the provision of information that is protected by the
14 attorney-client privilege, the work product doctrine, or any other applicable privilege or
15 doctrine.

17 **II.** **SPECIFIC OBJECTIONS AND RESPONSES**
18   **Interrogatory No. 1.**
19   *In order of corporate seniority, identify your employees who participated in decisions*
20 *regarding agreements or discussions about agreements.*
21   <u>Response</u>:  In addition to the foregoing General Objections, Pixar objects to this request
22 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.
23   Subject to the foregoing objections and without waiver of any objection, Pixar responds
24 that it has entered into agreements with, for example and without limitation, vendors and/or
25 consultants, employee staffing agencies, former Pixar employees upon separation from the
26 company, and companies with which it has collaborative relationships.  Such agreements may
27 be contained within contracts that are negotiated and/or authorized by personnel within the
28 departments entering the agreement.  The employees who "participate in decisions regarding

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

4

agreements or discussions about agreements" vary with the transaction, contract, and/or collaboration, and usually include in-house counsel. Pixar is unable to identify with specificity each employee during the relevant time period who has participated in discussions or decisions regarding agreements.

Subject to this limitation, the following employees participated in decisions regarding agreements or discussions about agreements with named Defendants:

| Name | Job Title, 2004-present (or last known) | State of Primary Residence |
|---|---|---|
| Edwin Catmull | President, Pixar, 2004-present | California |
| Steven P. Jobs | Chief Executive Officer, Pixar, 2004-2006 *Following the acquisition of Pixar by the Walt Disney Company in May 2006, Mr. Jobs relinquished his role as Pixar's CEO and became a member of Pixar's Steering Committee.* | Deceased. |

**Interrogatory No. 2.**

*Of the persons identified in response to Interrogatory No. 1, identify all persons who have substantial knowledge of corporate decisions regarding agreements or discussions about agreements.*

Response:  In addition to the foregoing General Objections, Pixar objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Pixar cannot discern a meaningful difference between those "who participated in decisions regarding agreements or discussions about agreements" (Interrogatory No. 1) and, of those identified in response to Interrogatory No. 1, those "who have substantial knowledge of corporate decisions regarding agreements or discussions about agreements." (Interrogatory No. 2). Pixar is unable

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

5

1  to provide information in response to this Interrogatory beyond that which it provided in
2  response to Interrogatory No. 1.

**Interrogatory No. 3.**

*In order of corporate seniority, identify all your employees not identified in response to Interrogatory Nos. 1 and 2 who have known about agreements or discussions about agreements.*

<u>Response</u>:  In addition to the foregoing General Objections, Pixar objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

Subject to the foregoing objections and without waiver of any objection, Pixar responds that, as reflected in the materials produced to Plaintiffs in this matter, it was generally open with its employees and applicants about any agreements with Defendants.  For this reason, Pixar's recruitment policies were widely known among Pixar personnel, and Pixar cannot specifically identify all employees and former employees who have known about or discussed any agreements.

Subject to this limitation, the following employees have known about or discussed agreements with Defendants:

| Name | Job Title, 2004-present (or last known) | State of Primary Residence |
|---|---|---|
| James Morris | General Manager, Pixar, 2008-present<br><br>Vice President of Production, Pixar, 2006-2008<br><br>Producer, Pixar, 2005-2006 | California |
| Lois Scali | Former Executive Vice President and General Counsel, Pixar, 2004-2005 | California |
| Edward Martin | Former Vice President of Human Resources, Pixar, 2004 | California |

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

6

| Name | Job Title, 2004-present (or last known) | State of Primary Residence |
|---|---|---|
| Lori McAdams | Vice President of Human Resources, Pixar, 2004-present | California |
| Dana Burns | Former Manager, Recruiting, Pixar, 2008-2010 | California |
| Dawn Haagstad | Former Senior Recruiter, Pixar, 2004-2011 | California |
| Alicia Goodyear | Former Senior Recruiter, Pixar, 2008-2010 | California |
| Robin McDonald | Former Senior Recruiter, Pixar, 2004-2012 | California |
| Allison Parker | Senior Recruiter, Pixar, 2008-present | California |
| Pamela Zissimos | Senior Recruiter, Pixar, 2006-present | California |
| Tricia Green | Former Recruiter, Pixar, 2005-2012 | California |

**Interrogatory No. 4.**

*Of the persons identified in response to Interrogatory No. 3, identify those who have substantial knowledge regarding corporate decisions relating to agreements or discussions about agreements.*

Response:  In addition to the foregoing General Objections, Pixar objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

To the extent this Interrogatory calls for Pixar to identify a subset of employees identified in response to Interrogatory No. 3, Pixar is unable to do so for the reasons set out in Pixar's response to Interrogatory No. 3.  Further, Pixar cannot discern a meaningful difference between those "who have known about agreements or discussions about agreements" (Interrogatory No. 3) and, of those identified in response to Interrogatory No. 3, those "who

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

7

have substantial knowledge regarding corporate decisions regarding agreements or discussions about agreements." (Interrogatory No. 4).  Pixar is unable to provide information in response to this Interrogatory beyond that which it provided in response to Interrogatories Nos. 1, 2 and 3.

**Interrogatory No. 5.**

*Identify your executives, employees, or agents who participated in multilateral meetings or communications with competitors in which agreements or discussions about agreements occurred.*

Response:  In addition to the foregoing General Objections, Pixar objects to the use of the term "competitors" as vague and ambiguous.

Subject to the foregoing objections and without waiver of any objection, Pixar responds that it is unaware of multilateral meetings or communications with Defendants in which agreements or discussions about agreements occurred.

**Interrogatory No. 6.**

*Of the persons identified in response to Interrogatory No. 5 above, identify those who have substantial knowledge regarding the substance of the agreements or discussions about agreements.*

Response:  In addition to the foregoing General Objections, Pixar objects that it cannot discern a meaningful difference between those "who participated in multilateral meetings or communications with competitors in which agreements or discussions about agreements occurred" (Interrogatory No. 5) and, of those identified in response to Interrogatory No. 5, those "who have substantial knowledge regarding the substance of the agreements or discussions about agreements."  (Interrogatory No. 6).

Subject to the foregoing objections and without waiver of any objection, Pixar responds by incorporating its response to Interrogatory No. 5.

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

8

**Interrogatory No. 7.**

*Identify your executives, employees, or agents who participated in bilateral meetings or communications with competitors about agreements.*

Response:  In addition to the foregoing General Objections, Pixar objects to the use of the term "competitors" as vague and ambiguous.

Subject to the foregoing objections and without waiver of any objection, Pixar responds that it entered into various bilateral agreements with, for example and without limitation, vendors and/or consultants, employee staffing agencies, former Pixar employees upon separation from the company, and companies with which it has collaborative relationships.  A subset of employees identified in response to Interrogatories Nos. 1, 2, 3 and 4 are most likely to have participated in bilateral communications or meetings regarding agreements with Defendants.  Pixar cannot otherwise identify such employees.

**Interrogatory No. 8.**

*Of the persons identified in response to Interrogatory No. 7 above, identify those who have substantial knowledge regarding the substance of the bilateral meetings and communications with competitors.*

Response:  In addition to the foregoing General Objections, Pixar objects that it cannot discern a meaningful difference between those "who participated in bilateral meetings or communications with competitors in which agreements or discussions about agreements occurred" (Interrogatory No. 7) and, of those identified in response to Interrogatory No. 7, those "who have substantial knowledge regarding the substance of the agreements or discussions about agreements."  (Interrogatory No. 8).

Subject to the foregoing objections and without waiver of any objection, Pixar responds by incorporating its response to Interrogatory No. 7.

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

9

**Interrogatory No. 9.**

*Identify your employees who were involved in implementing, policing, or enforcing the discussions or agreements, or who have substantial knowledge of the implementation, policing, or enforcement of agreements or discussions.*

<u>Response</u>:  In addition to the foregoing General Objections, Pixar objects to the terms "implementing," "policing," and "enforcing" as vague and ambiguous both in general and to the extent they refer to the term "discussions."

Subject to the foregoing objections and without waiver of any objection, Pixar responds that it entered into various agreements with, for example and without limitation, vendors and/or consultants, employee staffing agencies, former Pixar employees upon separation from the company, and companies with which it has collaborative relationships.  The employees involved in those agreements vary with the contract, transaction and/or collaboration.  For this reason, Pixar is unable to identify with specificity each employee during the relevant time period who was involved in implementing agreements, or who have substantial knowledge of the implementation of agreements.

Subject to this limitation, employees identified in response to Interrogatories Nos. 1, 2, 3 and 4 are most likely to have been involved in implementing agreements with Defendants.

**Interrogatory No. 10.**

*Of the persons identified in response to Interrogatory No. 9 above, identify those who have substantial knowledge regarding the implementation, policing, or enforcement of the agreements or discussions.*

<u>Response</u>:  In addition to the foregoing General Objections, Pixar objects to the terms "implementing," "policing," and "enforcing" as vague and ambiguous both in general and to the extent they refer to the term "discussions."

Pixar further objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Pixar cannot discern a meaningful difference between those "who were involved in implementing, policing, or enforcing the discussions or agreements, or

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

10

1  who have substantial knowledge of the implementation, policing, or enforcement of agreements
2  or discussions" (Interrogatory No. 9) and, of those identified in response to Interrogatory No. 9,
3  "those who have substantial knowledge regarding the implementation, policing, or enforcement
4  of the agreements or discussions."  (Interrogatory No. 10).

Subject to the foregoing objections and without waiver of any objection, Pixar responds by incorporating its response to Interrogatory No. 9.

**Interrogatory No. 11.**

*Identify your employees who have knowledge of the effect(s) of the agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.*

Response:  In addition to the foregoing General Objections, Pixar objects to this request on the grounds it is argumentative and assumes as true a fact in dispute between the parties. Pixar further objects to this interrogatory as premature to the extent it is properly the subject of expert testimony.

Subject to the foregoing objections and without waiver of any objection, Pixar responds that it denies any effect(s) of any agreements with Defendants on the compensation of any employees of Pixar or any other company.  The following personnel are responsible for employee compensation:

| Name | Job Title, 2004-present (or last known) | State of Primary Residence |
|---|---|---|
| Lori McAdams | Vice President of Human Resources, Pixar, 2004-present | California |
| Stephanie Sheehy | Manager, Human Resources Analysis, Pixar, 2005-present<br><br>Manager of Financial Operations, Electronic Arts, 2004-2005 | California |

**Interrogatory No. 12.**

*Of those persons identified in response to Interrogatory No. 11 above, identify those employees having substantial knowledge of the effect(s) of the agreements or discussions about agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.*

Response:  In addition to the foregoing General Objections, Pixar objects to this request on the grounds it is argumentative and assumes as true a fact in dispute between the parties.

Subject to the foregoing objections and without waiver of any objection, Pixar responds by incorporating its response to Interrogatory No. 11.

**Interrogatory No. 13.**

*In order of corporate seniority, identify your employees who participated in discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.*

Response:     In addition to the foregoing General Objections, Pixar objects to this request on the grounds that it calls for information that is not relevant to the claims or defenses of the parties to this action.

Subject to the foregoing objections and without waiver of any objection, Pixar responds that the following employees, other than counsel, participated in discussions with the Department of Justice, Antitrust Division, regarding alleged agreements or discussions about alleged agreements:

| Name | Job Title, 2004-present (or last known) | State of Primary Residence |
|---|---|---|
| Lori McAdams | Vice President of Human Resources, Pixar, 2004-present | California |

DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES
Master Docket No. 11-CV-2509-LHK

12

**Interrogatory 14.**

*Of the persons identified in response to Interrogatory No. 13 above, identify all persons who have substantial knowledge of discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.*

Response:   In addition to the foregoing General Objections, Pixar objects on the grounds that it calls for information that is not relevant to the claims or defenses of the parties to this action.  Pixar further objects that it cannot discern a meaningful difference between those "who participated in discussions with any antitrust regulatory authority regarding agreements or discussions about agreements" (Interrogatory No. 13) and, of those identified in response to Interrogatory No. 13, "who have substantial knowledge of discussions with any antitrust regulatory authority regarding agreements or discussions about agreements." (Interrogatory No. 14).

Subject to the foregoing objections and without waiver of any objection, Pixar responds by incorporating its response to Interrogatory No. 13.

DATED:  March 2, 2012                                COVINGTON & BURLING

By /s/ Emily Johnson Henn
Emily Johnson Henn

ATTORNEYS FOR DEFENDANT PIXAR

## VERIFICATION

I, James M. Kennedy, declare that I am the Senior Vice President, Business Strategy and Chief Legal Counsel, for Pixar and I am authorized to execute this verification on behalf of Pixar. I have reviewed the discovery document captioned:

**DEFENDANT PIXAR'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES**

I affirm that I have personal knowledge that the facts contained therein are true and correct or, as to matters that are not within my personal knowledge, that I have made a reasonable inquiry and I am informed and believe that those facts are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Emeryville, California, on March 2, 2012.

*/s/ James M. Kennedy*
JAMES M. KENNEDY