Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Car No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 79-5(d) TO FILE UNDER SEAL FILINGS RELATED TO PLAINTIFFS' OPPOSITION BRIEFS AND FILINGS RE DKTS. 554, 556, 557, 559, 560, 561, 564, 570**<br><br>Judge:       Honorable Lucy H. Koh |

1    Pursuant to Civil Local Rule 7-11 and 79-5(d), Plaintiffs respectfully request that this

2    Court issue an order authorizing the filing under seal of portions of the following submissions:

3        1. Plaintiffs' Consolidated Opposition to Defendants' Joint and Individual Motions

4           for Summary Judgment;

5        2. Declaration of Lisa J. Cisneros in Support of Plaintiffs' Opposition Briefs Re

6           Dtks. 554, 556, 557, 559, 560, 561, 564, 570 ("Cisneros Declaration"); and

7        3. Declaration of Dean M. Harvey in Support of Plaintiffs' Opposition Briefs Re

8           Dtks. 554, 556, 557, 559, 560, 561, 564, 570 ("Harvey Declaration").

9    Pursuant to this Court's Local Rule 79-5(d)(1), Plaintiffs attach hereto redacted and

10   unredacted versions of each of the brief noted above.  An unredacted version of the briefs contain

11   yellow highlighting to indicate the portions omitted from the redacted version of the brief.

12   With respect to the Cisneros Declaration, all exhibits thereto are the subject of this motion

13   to seal, except for Exhibits 166-169, 2847, 2854 and 2923.  With respect to the Harvey

14   Declaration, Exhibits 2-14, 22-28, 33-187, 190, 195-201 and 210 are the subject of this motion to

15   seal.  Due to the voluminous nature of these exhibits and the need to file them under seal with

16   restricted access, Plaintiffs have filed them manually pursuant to Local Rule 5.1(f).  In addition,

17   Plaintiffs have filed redacted and highlighted versions of their expert reports electronically,

18   pursuant to Local Rule 79-5(d)(1).  These are reports are Exhibits 9-11 and 13-14 to the Harvey

19   Declaration.[1]

20   Plaintiffs submit this motion to seal to comply with the Stipulated Protective Order

21   (Modified by the Court) (Dkt. No. 107) (hereinafter "Protective Order").  Plaintiffs request that

22   the above noted documents be filed under seal because they are or refer to documents or

23   information that Defendants have designated "CONFIDENTIAL" or "CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" under the Protective Order.  None of the information at issue was

25   designated as confidential by Plaintiffs.  Plaintiffs take no position on whether the designated

26   documents satisfy the requirements for sealing, and specifically reserve the right to challenge any

27

28   [1] Exhibit 12 to the Harvey Declaration, the October 28, 2013 Expert Report of Matthew Marx,
     was filed manually due to its size.

1    "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under

2    the Protective Order, as well as the sealability of these documents under the Federal Rules of

3    Civil Procedure and Local Rule 79-5.

4          Rule 26(c) of the Federal Rules of Civil Procedure provides discretion for a trial court to

5    permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential

6    research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  In the context of a

7    dispositive motion, the Ninth Circuit has carved out an exception to the presumption of access to

8    judicial records, where the requesting party shows "compelling reasons" to keep the records under

9    seal.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("'[C]ompelling

10   reasons' must be shown to seal judicial records attached to a dispositive motion."); *cf. Pintos v.*

11   *Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest

12   in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under

13   seal.").  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure

14   and justify sealing court records exist when such 'court files might have become a vehicle for

15   improper purposes,' such as the use of records to gratify private spite, promote public scandal,

16   circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (internal

17   citations omitted).  "The mere fact that the production of records may lead to a litigant's

18   embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

19   court to seal its records."  *Id.*

20         Defendants must show compelling reasons for sealing the documents they have placed a

21   confidentiality designation upon by submitting a declaration and proposed order within four days

22   after the filing of an Administrative Motion to Seal concerning the designated documents.  *See*

23   Civil Local Rule 79-5(e)(1).  This motion is further supported by the Declaration of Lisa J.

24   Cisneros, detailing the exhibits at issue and the parties who have designated the information at

25   issue as Confidential or Confidential-Attorneys' Eyes Only.

26

27

28

1

2

3
Dated:  February 6, 2014                    Respectfully Submitted,

4

5
By: */s/ Lisa J. Cisneros*
        Lisa J. Cisneros

6
Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)

7
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)

8
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)

9
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

10
275 Battery Street, 29th Floor
San Francisco, California  94111-3339

11
Telephone:  415.956.1000
Facsimile:  415.956.1008

12

13
Joseph R. Saveri
James G. Dallal

JOSEPH SAVERI LAW FIRM, INC.

14
255 California, Suite 450
San Francisco, CA  94111

15
Telephone:  (415) 500-6800
Facsimile: (415) 500-6803

16
*Co-Lead Counsel for Plaintiffs and the Proposed Class*

17

18

19

20

21

22

23

24

25

26

27

28