GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
VICTORIA L. WEATHERFORD (Bar No. 267499)
vweatherford@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Attorneys for Defendant Apple Inc.

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509 LHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ENFORCE DECEMBER 18, 2013 CASE MANAGEMENT ORDER AND LOCAL RULE 7-11**<br><br>Date:           N/A<br>Time:          N/A<br>Courtroom:  8, 4th Floor<br>Judge:         The Honorable Lucy H. Koh |

This Court's December 18, 2013 Case Management Order provided the following limitation regarding *Daubert* motions: "The parties' *Daubert* motions shall be limited to a total of 25 pages per side, with oppositions not to exceed a total of 25 pages per side." (Dkt. 547 at 2.) Plaintiffs argue that Defendants violated this limitation because, in addition to filing two *Daubert* motions (which complied with the 25-page limit), Defendants also filed a Motion to Strike the Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report or, in the Alternative, for Leave to Submit a Reply Report of Dr. Stiroh. Plaintiffs' argument fails for one simple reason: Defendants' Motion to Strike is not a *Daubert* motion.

A motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), seeks to exclude expert opinion on the ground that it fails the standard for admissibility under Federal Rule of Evidence 702. Defendants filed two motions based on *Daubert*: one to exclude the testimony of Dr. Leamer and another to exclude the testimony of Dr. Marx. Both motions expressly rely on and cite to *Daubert*. See Defendants' Joint Motion to Exclude the Expert Testimony of Edward E. Leamer, Ph.D., at i (describing the issue to be decided as: "Whether Dr. Leamer's expert testimony should be excluded in its entirety because the statistical analysis essential to his opinions regarding impact and damages fails to meet the standards for reliable, relevant, and admissible testimony required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702."); Defendants' Joint Motion to Exclude the Expert Testimony of Matthew Marx, Ph.D., at iv (describing the issue to be decided as: "Whether Dr. Marx's proposed expert testimony should be excluded in its entirety because it fails to satisfy the standards for reliable, relevant, and admissible testimony required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.").

By contrast, Defendants' Motion to Strike is not based on *Daubert*. Indeed, it does not even mention *Daubert*, much less rely on it (other than to reference that it was being filed concurrently with a separate *Daubert* motion). This is because Defendants' Motion to Strike does not seek to exclude Dr. Leamer's testimony on the ground that it fails to meet the standards for admissibility of expert testimony (under *Daubert*). Instead, the Motion to Strike argues that regardless of whether Dr. Leamer's expert opinions would otherwise be admissible, the new

material included in his rebuttal report should be excluded under Federal Rules of Civil Procedure 26 and 37 because it constitutes improper rebuttal. *See* Motion to Strike (requesting, in notice of motion, "an order striking portions of Dr. Leamer's expert reply report as improper rebuttal or, in the alternative, for leave to submit a reply report from their expert, Dr. Stiroh, pursuant to Federal Rules of Civil Procedure 26 and 37"). The basis for the motion is that after Dr. Leamer submitted a bare-bones 21-page initial expert report, he submitted a 78-page rebuttal report only 16 days after Defendants filed their expert reports. The rebuttal report is not limited to "true rebuttal," as the parties agreed and the Court required. Declaration of Christina Brown in Support of Defendants' Motion to Strike, Ex. 1 (Mar. 13, 2013 e-mail), Ex. 2 (Apr. 8, 2013 Hr. Tr. at 19:6-9). Instead, it contains entirely new analyses that should have been part of his original report. The rebuttal report is classic sand-bagging and violates Federal Rules of Civil Procedure 26 and 37. After Dr. Leamer filed his reply report, Defendants asked Plaintiffs in writing to withdraw that report or, in the alternative, to allow Defendants to submit a reply report from Dr. Stiroh responding to Dr. Leamer's new analysis. Plaintiffs refused. Defendants had no choice but to move to strike the improper new analyses.

In short, Defendants' motion to strike is not based on *Daubert* and has nothing to do with *Daubert*. Plaintiffs' Motion to Enforce the Court's December 18, 2013 Case Management Order should be denied.[1]

Dated: February 14, 2014      By:  /s/ Michael F. Tubach
                                   Michael F. Tubach

---

[1] Because the Motion to Strike did not contravene the Court's December 18, 2013 Case Management Order, Defendants were not required to file an administrative motion under Local Rule 7-11 to seek permission to file it.

GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
VICTORIA L. WEATHERFORD (Bar No. 267499)
vweatherford@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:      (415) 984-8700
Facsimile:       (415) 984-8701

Attorneys for Defendant Apple Inc.


By:   /s/ David C. Kiernan
        David C. Kiernan

ROBERT A. MITTELSTAEDT (Bar No. 60359)
ramittelstaedt@jonesday.com
DAVID C. KIERNAN (Bar No. 215335)
dkiernan@jonesday.com
LIN W. KAHN (Bar No. 261387)
linkahn@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant Adobe Systems, Inc.


By:   /s/ Gregory P. Stone
        Gregory P. Stone

GREGORY P. STONE (Bar No. 78329)
gregory.stone@mto.com
BRADLEY S. PHILLIPS (Bar No. 85263)
brad.phillips@mto.com
STEVEN M. PERRY (Bar No. 106154)
steven.perry@mto.com
BETHANY W. KRISTOVICH (Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue. 35th Floor
Los Angeles, California 90071-1560
Telephone:      (213) 683-9100
Facsimile:       (213) 687-3702

Attorneys for Defendant Intel Corporation

By: /s/ Robert A. Van Nest
 Robert A. Van Nest

ROBERT A. VAN NEST (Bar No. 84065)
rvannest@kvn.com
DANIEL PURCELL (Bar No. 191424)
dpurcell@kvn.com
EUGENE M. PAIGE (Bar No. 202849)
epaige@kvn.com
JUSTINA SESSIONS (Bar No. 270914)
jsessions@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:      (415) 391-5400
Facsimile:       (415) 397-7188


By: /s/ Lee H. Rubin
 Lee H. Rubin

EDWARD D. JOHNSON (Bar No. 189475)
wjohnson@mayerbrown.com
LEE H. RUBIN (Bar No. 141331)
lrubin@mayerbrown.com
DONALD M. FALK (Bar No. 150256)
dfalk@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA  94306-2112
Telephone:      (650) 331-2000
Facsimile:       (650) 331-2060

Attorneys for Defendant Google Inc.

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.