UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> **ALL ACTIONS** | Case No.: 11-CV-02509-LHK <br><br> ORDER DENYING MOTION TO ENFORCE THIS COURT'S CASE MANAGEMENT ORDER |

Plaintiffs have filed an Administrative Motion to Enforce this Court's Case Management Order. *See* ECF No. 601. Defendants have filed an Opposition. *See* ECF No. 609. For the reasons stated below, the Court DENIES Plaintiffs' Motion.

This Court's December 18, 2013 set the page limits for briefing on the parties' *Daubert* motions as follows: "The parties' *Daubert* motions shall be limited to a total of 25 pages per side, with oppositions not to exceed a total of 25 pages per side, and replies not to exceed a total of 15 pages per side." *See* ECF No. 547. On January 9, 2014, Defendants filed a 15-page Joint Motion to Exclude Expert Testimony of Dr. Leamer ("Motion to Exclude Dr. Leamer"), *see* ECF No. 570, and a 10-page Joint Motion to Exclude Expert Testimony of Dr. Marx, *see* ECF No. 559. In addition, on the same day, after seeking a hearing date from the Court, Defendants filed a 10-page

1

Case No.: 11-CV-02509-LHK
ORDER DENYING MOTION TO ENFORCE THIS COURT'S CASE MANAGEMENT ORDER

1   Joint Motion to Strike Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report
2   ("Motion to Strike Dr. Leamer's Improper Rebuttal"). *See* ECF No. 557.
3      Plaintiffs contend, in their instant Motion, that all three of these motions should count as
4   *Daubert* motions, and accordingly, that Defendants have exceeded the 25-page limit. *See* ECF No.
5   601. In their Opposition, Defendants contend that the Motion to Strike Dr. Leamer's Improper
6   Rebuttal is not a *Daubert* motion, but rather is a motion to enforce agreed-upon discovery
7   limitations. *See* ECF No. 609.
8      The Court agrees with Defendants. The Motion to Strike Dr. Leamer's Improper Rebuttal is
9   not a *Daubert* motion in form or substance. The Motion to Strike Dr. Leamer's Improper Rebuttal
10  does not cite *Daubert* or Rule 702. *See* ECF No. 557 at ii-iii (Table of Authorities). More
11  importantly, the Motion to Strike Dr. Leamer's Improper Rebuttal does not address any of the
12  subjects usually addressed in a *Daubert* motion, such as the expert's qualifications, the reliability
13  of his methodologies, or the applicability of the methodologies to the facts of the instant litigation.
14  *See id.* Rather, the Motion to Strike Dr. Leamer's Improper Rebuttal is, in essence, a discovery
15  motion. Defendants seek to strike portions of Dr. Leamer's Reply Report on the basis that certain
16  opinions contained therein were not disclosed in his opening expert report. This failure to disclose,
17  Defendants contend, violates the parties' agreement, the Court's discovery limitations, and the
18  Federal Rules of Civil Procedure.
19     The Court disagrees with Plaintiffs' contention that "even a cursory examination reveals
20  [that] the motion to strike Dr. Leamer's reply is entirely redundant to and repetitive of the motion
21  to exclude his testimony, and reflects basically extra pages addressing the same issues." *See* ECF
22  No. 601 at 2. While there is some overlap between the substantive opinions that Defendants seek to
23  strike in the Motion to Strike Dr. Leamer's Improper Rebuttal and the substantive opinions that
24  Defendants seek to exclude in the Motion to Exclude Dr. Leamer, the *bases* for striking or
25  excluding this testimony are different in the two motions. While the Motion to Exclude Dr. Leamer
26  seeks to exclude the opinions on *substantive* grounds (challenging, for example, the reliability of
27  various of Dr. Leamer's methodologies), the Motion to Strike Dr. Leamer's Improper Rebuttal
28  seeks to strike Dr. Leamer's opinions on *procedural* grounds (because such opinions were not

2
Case No.: 11-CV-02509-LHK
ORDER DENYING MOTION TO ENFORCE THIS COURT'S CASE MANAGEMENT ORDER

timely disclosed).[1] Accordingly, the Court finds that the similarity in the opinions sought to be excluded or stricken by the two motions does not render the Motion to Strike Dr. Leamer's Improper Rebuttal an extra *Daubert* motion.

For the foregoing reasons, the Court DENIES Plaintiffs' Administrative Motion to Enforce this Court's Case Management Order.

**IT IS SO ORDERED.**

Dated: February 18, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] The Court notes that as a discovery motion, the Motion to Strike Dr. Leamer's Improper Rebuttal could be referred to Magistrate Judge Grewal. However, the Court finds that because trial is quickly approaching and because some of the same opinions are subject to challenge on procedural and substantive grounds, judicial efficiency weighs in favor of the presiding judge considering both motions.

3
Case No.:  11-CV-02509-LHK
ORDER DENYING MOTION TO ENFORCE THIS COURT'S CASE MANAGEMENT ORDER