GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
STEVEN M. PERRY (State Bar No. 106154)
steven.perry@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant Intel Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF LAWERENCE S. ACHORN IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Lawrence S. Achorn, hereby declare and say:

1. I am a Senior Litigation Counsel at Intel Corporation. I have personal knowledge of the matters stated in this declaration, except those matters identified below as being based on information and belief. I make this declaration in support of Defendants' Joint Administrative Motion to File Under Seal that is being filed concurrently with this declaration. If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Confidential Information that Should Be Sealed*

2. I have reviewed portions of Exhibit 148 to the Declaration of Dean M. Harvey in Support of Plaintiffs' Opposition Brief Re Dkts 554, 556, 557, 559, 560, 561, 564, and 570 (Dkt. No. 607-1). I am informed and believe that Harvey Declaration Exhibit 148 is a compilation of a white paper and supporting documents provided by Intel Corporation to the United States Department of Justice on January 25, 2010. One such supporting document, marked as Exhibit 37, is a letter that I am informed and believe Intel received from ATI Technology raising concerns about Intel's recruiting of ATI employees and the possible misappropriation of trade secrets (the "ATI Letter"). I am informed and believe that Exhibit 148 was produced by Intel and designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order in this Action (Dkt. 107).

3. The ATI Letter specifically identifies by name certain Intel employees who were allegedly involved with recruiting issues raised in ATI's Letter. To preserve the privacy rights of these individuals, I have identified redactions to remove the names of these individuals from the ATI Letter.

### *The Reasons for Sealing the Redacted Information*

4. Through my experience working at Intel, I am familiar with letters from companies raising concerns about Intel's recruiting of their employees and the possible misappropriation of trade secrets.

5. Intel's practice is to treat letters like the ATI Letter as confidential and not to disclose them outside of the company. I am informed and believe that Intel has taken

1  reasonable steps to ensure that this document remains confidential, including designating it
2  as "ATTORNEY'S EYES ONLY" pursuant to the protective order filed in this Action.
3      6.   I am informed and believe that ATI never initiated any legal action based on
4  the allegations in the ATI Letter.
5      7.   To preserve the privacy rights of the specific individuals named in ATI
6  Letter, their names should be redacted before this document is filed in the public record.

### ***The Particularized Harm Disclosure Would Cause***

8.   The ATI Letter describes allegedly improper recruiting actions taken by the named individuals, including allegations that these individuals made misrepresentations in connection with their recruiting efforts and engaged in targeted raiding of ATI's employees in violation of ATI's rights.

9.   As noted above, ATI ultimately did not pursue any claims against Intel based on the alleged conduct of these individuals. Publicly disclosing the names of these individuals in connection with these unproven, and ultimately not pursued, allegations threatens their privacy rights by creating the impression that they were involved in improper recruiting activity, which could harm both their personal and professional reputation.

10.  Because the information redacted in the ATI Letter cannot be disclosed without causing particularized harm to the individuals named in the ATI Letter, those names should be redacted and protected from public disclosure.

1 | I declare under penalty of perjury under the laws of the United States that the
2 | foregoing is true and correct.
3 |
4 | Executed this 21st day of February 2014, at Oakland, California.

_____
Lawrence S. Achorn