GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
STEVEN M. PERRY (State Bar No. 106154)
steven.perry@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendant Intel Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF KASIA HANSON IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Kasia Hanson, hereby declare and say:

1. I am a Global Account Sales Manager at Intel Corporation. I have personal knowledge of the matters stated in this declaration, except those matters identified below as being based on information and belief. I make this declaration in support of Defendants' Joint Administrative Motion to File Under Seal that is being filed concurrently with this declaration. If called and sworn as a witness, I could and would competently testify to the matters stated below.

### *The Intel Confidential Information that Should Be Sealed*

2. I have reviewed portions of Exhibit 2356 to the Declaration of Lisa Cisneros in Support of Plaintiffs' Opposition Brief Re Dkts 554, 556, 557, 559, 560, 561, 564, and 570 (Dkt. No. 605-1). I am informed and believe that Cisneros Declaration Exhibit 2356 is a compilation of a letter and supporting documents provided by Pixar Animation Studios to the United States Department of Justice on January 13, 2010. Exhibit 2356 includes two exhibits, marked as Tab A and Tab D, that contain confidential and commercially sensitive information regarding Intel's collaborations with Pixar (the "Confidential Pixar Documents"). I am informed and believe that Exhibit 2356, including the Confidential Pixar Documents, was produced by Pixar and designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order in this Action (Dkt. 107).

3. Through my experience working at Intel, I am familiar with the type of information reflected in the Confidential Pixar Documents.

### *The Reasons for Sealing the Redacted Information*

4. The Confidential Pixar Documents described below contain information reflecting confidential business practices and other confidential information regarding Intel's collaborations with Pixar. This information gives Intel a competitive advantage in the marketplace and would cause competitive harm to Intel if the documents were disclosed.

5. Intel derives independent economic value from the strategic and/or confidential information contained in the Confidential Pixar Documents not being known

to the public or to the persons who can obtain economic value from that information's disclosure or use. Specifically, the Confidential Pixar Documents contain the following Intel confidential, commercially sensitive information:

- **Tab A to the Pixar white paper** (PIX00002100-2129) is an email and related attachment that I sent to Pixar on August 23, 2006 regarding Intel's collaboration with Pixar to design a graphics processor, code named "Larrabee." I have reviewed this document, and my attachment to my email should be redacted to preserve Intel's confidential and competitively sensitive information. As stated in my email, Intel considers this information secret. In particular, this document contains extensive information regarding the preliminary design goals and technical specifications of the collaboration, including detailed technical discussions, strategic business analysis, and objectives related to the collaboration.

- **Tab D to the Pixar white paper** (PIX00002182-PIX0002188) contains a Proposed Term Sheet agreement between Intel and Pixar associated with its collaborations. I have reviewed this document and identified limited redactions that preserve Intel's confidential and competitively sensitive information. In particular, the redacted information includes details on Intel's and Pixar's design and development of collaborative products, including Larabee, their contemplated goals and business objectives, and specific proposed terms and conditions that would govern that collaboration.

6.      Intel's practice is to treat the Confidential Pixar Documents as confidential and not to disclose them outside of the company. I am informed and believe that Intel has taken reasonable steps to ensure that these documents remain confidential, including designating them "ATTORNEY'S EYES ONLY" pursuant to the protective order filed in this Action.

### *The Particularized Harm Disclosure Would Cause*

7.      Intel would suffer particularized harm if the Confidential Pixar Documents described above were disclosed to the public. Disclosure of this information would reveal

1  Intel's confidential business practices related to its collaborations, including detailed
2  descriptions of technical aspects of those collaborations and the related products, as well as
3  Intel's competitively sensitive strategic planning associated with those efforts.
4  Collaborations are a critical component of Intel's business, and public disclosure of the
5  preliminary, technical specifications and design of Intel's collaborative ventures with Pixar
6  would give other companies with which Intel competes an unearned advantage by
7  providing them with access to Intel's product development and marketing strategies.
8  Disclosure of this technical information would also deprive Intel of its investment in
9  developing those products and related business strategies, which Intel uses to compete in
10 the marketplace.

11       8.      Because the information redacted in the above-referenced documents cannot
12 be disclosed without causing particularized harm to Intel, it should be protected from
13 public disclosure.

15       I declare under penalty of perjury under the laws of the United States that the
16 foregoing is true and correct.

18       Executed this 20th day of February, 2014 at Santa Clara, California.
19 DATED:  February 20, 2014

                                                          Kasia Hanson

-3-                                         Master Docket No. 11-CV-2509-LHK
DECLARATION OF KASIA HANSON