# EXHIBIT 189
to the Declaration of
Dean M. Harvey in Support of
Plaintiffs' Opposition Briefs

## REDACTED VERSION

1   Robert A. Mittelstaedt #60359
    ramittelstaedt@jonesday.com
2   Craig A. Waldman (State Bar No. 229943)
    cwaldman@jonesday.com
3   David C. Kiernan #215335
    dkiernan@jonesday.com
4   Craig A. Huckelbridge (State Bar No. 217737)
    chuckelbridge@jonesday.com
5   JONES DAY
    555 California Street, 26th Floor
6   San Francisco, CA 94104
    Telephone: (415) 626-3939
7   Facsimile: (415) 875-5700

8   Attorneys for Defendant
    Adobe Systems Inc.

9

10                    UNITED STATES DISTRICT COURT

11        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

12

13  IN RE: HIGH-TECH EMPLOYEE              **Master Docket No. 11-CV-2509-LHK**
    ANTITRUST LITIGATION
14

15        THIS DOCUMENT RELATES TO:       **DEFENDANT ADOBE SYSTEMS**
                                          **INC.'S RESPONSE TO PLAINTIFFS'**
16        ALL ACTIONS                     **FIRST SET OF INTERROGATORIES**
                                          **RE: IDENTIFICATION OF**
17                                        **WITNESSES**

18

19  / / /

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28

1    Pursuant to Federal Rules of Civil Procedure 33, defendant Adobe Systems Inc.

2    ("Adobe") hereby responds and objects to Plaintiffs' First Set of Interrogatories re: Identification

3    of Witnesses.

4                                    **INITIAL STATEMENT**

5    Adobe's responses and objections to Plaintiffs' First Set of Interrogatories re:

6    Identification of Witnesses are based on Adobe's current information after a reasonably diligent

7    search.  These responses and objections are subject to change based on additional information that

8    may come to light as a result of discovery and further investigation.  Adobe expressly reserves the

9    right to supplement, amend, or correct any or all of the responses.

10                                    **GENERAL OBJECTIONS**

11    Adobe asserts the following General Objections.  Each individual response is subject to,

12    and is limited in accordance with, the following General Objections.

13        1.      Adobe objects to the "Definitions," "Instructions," and each Interrogatory to the

14    extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil

15    Procedure, Local Rules of this Court, or any order entered by the Court in this action.

16        2.      Adobe objects to each Interrogatory to the extent that it calls for information

17    protected by the attorney-client privilege, the attorney work product doctrine, the joint defense

18    privilege, the common interest doctrine, or any other applicable privilege or doctrine.  No such

19    information will be produced, and any inadvertent production shall not be deemed a waiver of

20    any privilege or protection.  Adobe will refer to this objection as the "Privilege Objection."

21        3.      Adobe objects to this discovery to the extent it requests information that qualifies

22    for protection under Federal Rule of Civil Procedure 26(c), including without limitation trade

23    secrets, proprietary information, other confidential commercial information or sensitive

24    information or information the disclosure of which is prohibited by federal or state law, rule or

25    regulation.  This objection will hereafter be referred to as the "Confidential Information

26    Objection."

27        4.      Adobe objects to this discovery to the extent that the terms used are so amorphous

28    and overbroad that they either make the request if literally read so overbroad and burdensome as

to be unreasonable and beyond the bounds of relevance and/or make it difficult for Adobe to ascertain, with specificity sufficient to allow Adobe to conduct a search, what information Plaintiffs are seeking.  This objection will hereafter be referred to as the "Vague and Ambiguous Objection."

5.      Adobe objects to this discovery to the extent the scope of the Interrogatory is overbroad and burdensome.  This occurs when the discovery seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or where the burden of producing the requested information far outweighs their relevance to the claims or defenses or the benefit to Plaintiffs.  This objection will hereafter be referred to as the "Burden Objection."

6.      Adobe objects to the extent that this discovery violates the applicable procedural statutes or rules to the extent that it is compound, conjunctive or disjunctive, resulting in Plaintiffs' disguising the true amount of discovery they are taking and makes the call of the interrogatory impossible to ascertain.  Adobe will treat each subpart as a separately propounded interrogatory.  This objection will hereafter be referred to as the "Compound Objection."

7.      By responding to an Interrogatory with a defined term, Adobe is not by implication agreeing with any such definition.

8.      Adobe objects to the definition of "agreement" as argumentative, misleading, vague and ambiguous, assuming facts not in evidence, and to the extent it purports to reach a legal conclusion.

9.      Adobe interprets "cold-calling" and "cold-call" to mean communicating directly in any manner (including, without limitation, orally, in writing, telephonically, or electronically) with a potential employee who has not applied for a job or otherwise initiated contact with the entity making the cold-call.

10.      Adobe objects to the definition of "co-conspirators" as argumentative, assuming facts not in evidence, and to the extent that it purports to reach a legal conclusion regarding the defendants.

11.      Adobe objects to the use of term "competitor" in Interrogatory Nos. 5, 7 and 8 as undefined, vague, ambiguous, overbroad, unduly burdensome, misleading and seeking

1   information that is neither relevant nor reasonably calculated to lead to the discovery of

2   admissible evidence.  In light of the use of the defined term "agreements" and without regard to

3   whether Adobe competed with any defendant, Adobe interprets "competitors" to refer to the

4   defendants in this case.

5         12.   Adobe objects to the definition of the terms "you," "your," and "your company" in

6   paragraph 14 as overbroad, unduly burdensome, seeking information that is neither relevant nor

7   reasonably calculated to lead to the discovery of admissible evidence, and seeking information

8   not in the possession, custody or control of Adobe.  Adobe further objects to the extent it purports

9   to impose a duty on Adobe to obtain information in the possession, custody or control of others,

10   including third-party entities.  Adobe interprets "you," "your," and "your company" to refer to

11   Adobe Systems Inc.

12         13.   Adobe objects to each interrogatory to the extent it calls for disclosure of

13   information or materials already available to Plaintiffs or Plaintiffs' counsel.

14         14.   Adobe objects to each interrogatory to the extent it seeks identification of "all"

15   persons or employees as overbroad, unduly burdensome, seeking information that is neither

16   relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeking

17   information not in the possession, custody or control of Adobe.  Adobe further objects to the

18   extent it purports to impose a duty on Adobe to obtain information in the possession, custody or

19   control of others, including third-party entities or to the extent that answering fully would require

20   Adobe to interview each of its past and current employees.

21         15.   Adobe objects to Instruction No. 1 as being compound, overbroad, unduly

22   burdensome, requesting information not in the possession of Adobe and as seeking to impose

23   obligations beyond those established by the Federal Rules of Civil Procedure, Local Rules of this

24   Court or any order entered by the Court in this action.  For example, Adobe is under no obligation

25   to determine whether employees, agents or executives have agreed to accept service through

26   counsel.  Adobe remains open to meet and confer with plaintiffs about service issues.  Adobe

27   further objects to the phrase "the years about which the person has the knowledge identified by

28   the interrogatory" as vague, ambiguous, and unduly burdensome.  Adobe will provide the

person's name, job title from January 1, 2004 to the present, state of residence, and, for former employees, last known address.

16.     Adobe objects to Instructions 3 and 5 to the extent seeking to impose obligations beyond those established by the Federal Rules of Civil Procedure, Local Rules of this Court or any order entered by the Court in this action.

17.     Adobe objects to the relevant time period identified in Instruction Nos. 1 and 4 as overbroad and unduly burdensome.  For the purposes of Adobe's responses, the relevant time period will be January 1, 2004 through March 13, 2009, the date Adobe received a Civil Investigative Demand regarding recruiting practices.

18.     No admission of any kind is to be implied or inferred from these responses.  The fact that Adobe has responded to any Interrogatory is not an admission or concession of the existence of any facts set forth or assumed by such Interrogatory or that the response constitutes evidence of any fact set forth or assumed.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**INTERROGATORY NO. 1:**

In order of corporate seniority, identify your employees who participated in decisions regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 1:**

Adobe asserts the Vague and Ambiguous, Privilege, Burden, and Compound Objections. Adobe also objects to the terms "participated," "decisions," "agreements," and "discussions about agreements" as vague, ambiguous, overbroad, and unduly burdensome.  Adobe further objects to the extent the interrogatory assumes that there was an agreement between Adobe and any other defendant other than Apple.  Adobe objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Adobe responds that the following employees participated in the decision to enter, or discussions in connection with entering, the non-solicit agreement with Apple:

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| Chizen, Bruce* | CA | CEO – Corporate (12/16/2000-11/30/2007)<br><br>Strategic Advisor to the CEO (12/1/2007-11/29/2008) | ███████████ |
| Narayen, Shantanu | CA | EVP, WW Products (3/1/2001-1/13/2005)<br><br>President and Chief Operating Officer (1/14/2005-11/30/2007)<br><br>CEO – Corporate (12/1/2007-Present) | |

\* Former employee

**INTERROGATORY NO. 2:**

Of the persons identified in response to Interrogatory No. 1, identify all persons who have substantial knowledge of corporate decisions regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 2:**

Adobe asserts the Vague and Ambiguous, Burden, Privilege, and Compound Objections. Adobe objects to the phrase "substantial knowledge of corporate decisions regarding agreements or discussions about agreements" as vague and ambiguous. Adobe interprets the interrogatory to request the identity of employees who have substantial knowledge about the reasons Adobe entered the non-solicit with Apple and about discussions in connection with entering the agreement. Adobe further objects to the extent that Interrogatory No. 2 assumes that there was an agreement between Adobe and any other defendant other than Apple. Adobe objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows: See Response To Interrogatory No. 1.

**INTERROGATORY NO. 3:**

In order of corporate seniority, identify all your employees not identified in response to Interrogatories Nos. 1 and 2 who have known about agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 3:**

Adobe asserts the Burden, Vague and Ambiguous, Burden, Compound, and Privilege Objections. Adobe objects to the term "agreements" and "discussions about agreements" as vague and ambiguous. Adobe objects to the term "known" as unduly burdensome to the extent that answering it fully would require Adobe to interview each of its past and current employees about knowledge about the non-solicit agreement with Apple or about discussions about such agreements. Adobe further objects to the extent that Interrogatory No. 3 assumes that there was an agreement between Adobe and any other defendant other than Apple. Adobe objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Adobe responds that as of the date of this response, Adobe has identified the following employees who had knowledge about the non-solicit agreement with Apple:

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| Alvarez, Yuliya | CA | Tech Intern BS (3/15/2004-12/5/2004)<br><br>Employment Rep 1 (12/6/2004-3/31/2005)<br><br>Human Resources Asst 4 (4/1/2005-2/3/2006)<br><br>Human Resources Rep 2 (2/4/2006-5/31/2008)<br><br>Human Resources Rep 3 (6/1/2008-Present) | |
| Barnes, Brenda* | CA | Agency Temp (US-Exempt) (5/19/2003-11/14/2004)<br><br>Staff Employment Rep 5 (11/15/2004-3/31/2005) | ███████████ |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | Human Resources Rep 5 (4/1/2005-4/2/2005) | |
| Brennan, John* | CA | Sr Business Development Executive (7/12/2004-1/31/2008)<br><br>Sr VP, Corporate Development (2/1/2008-2/27/2008) | ████████ |
| Bruce, Martin* | CA | Financial Analyst 3 (3/6/2006-5/31/2007)<br><br>Financial Analyst 4 (6/1/2007-1/13/2010) | ████████ |
| Burkett, David | CA | Sr Dir, Prod Mgmt 7 (2/1/2003-12/2/2005)<br><br>VP, Marketing (12/3/2005-9/29/2008)<br><br>VP & GM (9/30/2008-Present) | |
| Collins, Heidi | CA | Employment Rep 3 (2/1/2003-3/31/2005)<br><br>Human Resources Rep 3 (4/1/2005-5/31/2005)<br><br>Human Resources Rep 4 (6/1/2005-8/15/2006)<br><br>Human Resources Rep 5 (8/16/2006-Present) | |
| Cottle, Karen | CA | Sr VP and General Counsel (2/28/2002-Present) | |
| Dancel, Grace | CA | Human Resources Asst 4 (9/20/2004-Present) | |
| Dawson, Barbara | CA | Staff Employment Rep 5 (12/17/2001-3/31/2005)<br><br>Human Resources Rep 5 (4/1/2005-6/1/2005)<br><br>Mgr, Human Resources 4 (6/2/2005-1/31/2010)<br><br>Human Resources Rep 4 (2/1/10-2/1/10)<br><br>Mgr, Human Resources 2 | |

ADOBE'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET 1 [CONFIDENTIAL] Case No. 11-CV-2509-LHK

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | (2/2/2010-2/7/10)<br><br>Human Resources Rep 5 (2/8/2010-Present) | |
| Demo, Murray* | CA | Sr VP and CFO (6/1/2000-12/2/06) | ██████████ |
| Driscoll, Matthew* | CA | Mgr, Employment 4 (12/1/2000-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-10/22/2005) | ██████████ |
| Dyrdahl, Melissa* | CA | Sr VP, Corporate Marketing (6/2/2002-12/2/2006) | ██████████ |
| Elop, Steven* | CA | President and Chief Operating Officer (12/3/2005-12/6/2006) | ██████████ |
| Erickson, Cheryl* | CA | Staff Employment Rep 5 (8/30/2002-3/31/2005)<br><br>Human Resources Rep 5 (4/1/2005-5/31/2006)<br><br>Mgr, Human Resources 4 (6/1/2006-5/31/2008)<br><br>Human Resources Rep 5 (6/1/2008-2/5/2011) | ██████████ |
| Esparza, Mili | CA | Human Resources Asst 4 (5/30/2000-5/31/2003)<br><br>Employment Rep 1 (6/1/2003-1/31/2005)<br><br>Employment Rep 2 (2/1/2005-3/31/2005)<br><br>Human Resources Rep 2 (4/1/2005-12/2/2005)<br><br>Mgr, Human Resources 2 (12/3/2005-11/27/2007)<br><br>Human Resources Rep 4 (11/28/2007-Present) | |
| Gupta, Naresh | CA | Sr Dir, Software Dev 7 (5/1/2002-6/1/2003)<br><br>VP, Engineering (6/2/2003-3/22/2005) | |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | Sr VP, Print and Publishing Business Unit (3/23/05-Present) | |
| Haynes, Philip* | NC | Staff Employment Rep 5 (7/12/2004-11/30/2004)<br><br>Mgr, Employment 4 (12/1/2004-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-7/31/2005)<br><br>Human Resources Rep 5 (8/1/2005-8/10/2005)<br><br>Mgr, Human Resources 4 (8/11/2005-8/11/2005) | ██████████ |
| Hoffman, Kim | CA | Mgr, Human Resources 4 (4/10/2006-9/30/2008)<br><br>Mgr, Human Resources 5 (10/1/2008-Present) | |
| Hollowell, Christie* | CA | Human Resources Rep 2 (12/16/2000-5/31/2005)<br><br>Human Resources Rep 3 (6/1/2005-8/21/2008) | ██████████ |
| Horner, Digby | CA | VP, Engineering (6/1/2000-3/22/2005)<br><br>Sr VP, Engineering Technologies Group (3/23/2005-Present) | |
| Kessler, Natalie | CA | Human Resources Asst 4 (4/5/2006-6/15/2007)<br><br>Human Resources Rep 3 (6/16/2007-5/31/2010)<br><br>Mgr, Human Resources 2 (6/1/2010-1/31/2012)<br><br>Mgr, Human Resources 3 (2/1/2012-Present) | |
| Koon, Ivan* | CA | Sr VP, Intelligent Documents Business Unit (8/17/2002-12/4/2005) | ██████████ |
| Lamkin, Bryan* | CA | Sr VP, Digital Imaging & Video Business Unit (6/1/2002-2/21/2006) | ██████████ |
| Loke, Iris | Singapore | Agency Temp (US-Exempt) | |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|------|-------------------------------|--------------------|--------------------|
| | | (6/1/2004-12/5/2004)<br><br>Employment Rep 3 (12/6/2004-3/31/2005)<br><br>Human Resources Rep 3 (4/1/2005-10/31/2005)<br><br>Human Resources Rep 4 (11/1/2005-5/31/2006)<br><br>Mgr, Human Resources 3 (6/1/2006-8/15/2006)<br><br>Mgr, Human Resources 4 (8/16/2006-12/31/2008)<br><br>Mgr, Human Resources 5 (1/1/2009-Present) | |
| Matosian, Tanil* | CA | Mgr, Training 3 (10/16/1998-5/31/2004)<br><br>Mgr, Training And Dvlpmt 3 (6/1/2004-3/31/2005)<br><br>Mgr, Human Resources 3 (4/1/2005-11/4/2007)<br><br>Sr Program Manager 1 (11/5/2007-1/13/2010) | ██████████ |
| Malloy, Thomas | CA | VP, Engineering (6/1/2002-3/31/2004)<br><br>VP, Chief Software Architect (4/1/2004-3/22/2005)<br><br>Sr VP, Chief Software Architect (3/23/2005-Present) | |
| McHargue, Michelle* | CA | Agency Temp (US-NonExempt) (3/1/2004-9/12/2004)<br><br>Agency Temp (US-Exempt) (9/13/2004-12/5/2004)<br><br>Employment Rep 3 (12/6/2004-3/31/2005)<br><br>Human Resources Rep 3 (4/1/2005-10/31/2005) | ██████████ |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | Human Resources Rep 4 (11/1/2005-8/15/2006)<br><br>Human Resources Rep 5 (8/16/2006-6/16/2007) | |
| Meneses, Anita* | CA | Agency Temp (US-Exempt) (9/2/2003-3/21/2004)<br><br>Sr Administrative Asst 4 (3/22/2004-2/2/2005)<br><br>Executive Asst 5 (12/3/2005-2/27/2007)<br><br>Human Resources Asst 4 (2/28/2007-1/22/2009)<br><br>Agency Temp (US-NonExempt) (1/23/2009-11/21/2009) | ████████████ |
| Mills, Laura* | CA | Mgr, Training And Dvlpmt 3 (6/1/2000-5/31/2003)<br><br>Mgr, Training And Dvlpmt 4 (6/1/2003-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-1/13/2010) | ████████████ |
| Morris, Donna | CA | Sr. Dir, Human Resources (7/1/2002-12/2/2005)<br><br>VP Human Resources (12/3/2005-3/2/2007)<br><br>Sr VP, Human Resources (3/3/2007-Present) | |
| Morrisey, Linda* | CA | Mgr, Training And Dvlpmt 3 (9/4/2001-5/31/2003)<br><br>Mgr, Training And Dvlpmt 4 (6/1/2003-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-2/4/2009) | ████████████ |
| Olhava, Stephanie* | CA | Employment Rep 1 (6/1/2001-4/30/2003)<br><br>Human Resources Rep 2 (5/1/2003-5/31/2005) | ████████████ |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | Human Resources Rep 3 (6/1/2005-9/12/2007) | |
| Ota, Karen | CA | Mgr, Training And Dvlpmt 2 (3/1/2002-5/31/2003)<br><br>Non Tech Project Mgr 3 (6/1/2003-2/15/2005)<br><br>Non Tech Project Mgr 4 (2/16/2005-3/31/2005)<br><br>Human Resources Rep 4 (4/1/2005-12/2/2005)<br><br>Mgr, Human Resources 3 (12/3/2005-5/31/2008)<br><br>Mgr, Human Resources 4 (6/1/2008-8/31/2009)<br><br>Mgr, Human Resources 5 (9/1/2009-5/31/2011)<br><br>Dir, Human Resources 6 (6/1/2011-Present) | |
| Rosemond, Elizabeth* | WA | Human Resources Rep 3 (3/3/2003-12/2/2005) | ███████████ |
| Sastri, Suresh | CA | Employment Rep 3 (5/3/2004-3/31/2005)<br><br>Human Resources Rep 3 (4/1/2005-10/31/2005)<br><br>Human Resources Rep 4 (11/1/2005-9/15/2006)<br><br>Human Resources Rep 5 (9/16/2006-Present) | |
| Sebree, Jeanette* | CA | Agency Temp (US-NonExempt) (5/10/2004-12/12/2004)<br><br>Human Resources Asst 4 (12/13/2004-12/2/2005)<br><br>Human Resources Rep 2 (12/3/2005-11/27/2007) | ███████████ |
| Shum, Conroy* | CA | Mgr, Budget, Fin Plng 3 (6/30/2003-5/31/2004)<br><br>Mgr, Budget, Fin Plng 4 | ███████████ |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | (6/1/2004-12/2/2005)<br><br>Dir, Budget, Fin Plng 6 (12/3/2005-8/15/2007)<br><br>Director, Finance (8/16/2007-8/17/2011) | |
| Smith, Michelle* | CA | Sr Employment Rep 4 (8/9/2004-3/31/2005)<br><br>Human Resources Rep 4 (4/1/2005-2/28/2006)<br><br>Mgr, Human Resources 3 (3/1/2006-12/7/2008)<br><br>Human Resources Rep 5 (12/8/2008-1/13/2010) | ███████████ |
| Stephens, James* | CA | Sr VP, WW Sales & Field Operations (10/16/2001-12/1/2005) | ███████████ |
| Stinson, Gloria | CA | Sr. Dir, Human Resources (12/1/1999-5/31/2004)<br><br>VP Human Resources (6/1/2004-Present) | |
| Townsley, Theresa* | CA | Sr VP, Human Resources (12/1/1999-11/30/2005)<br><br>VP Human Resources (12/1/2005-5/31/2006)<br><br>Dir, Human Resources 6 (6/1/2006-2/21/2007) | ███████████ |
| Tum, Raymond* | CA | Financial Analyst 4 (1/15/2004-11/15/2005)<br><br>Mgr, Budget, Fin Plng 3 (11/16/2005-8/15/2007)<br><br>Manager Finance 3 (8/16/2007-11/30/2007)<br><br>Manager Finance 4 (12/1/2007-10/16/2010) | ███████████ |
| Valenzuela, Regina* | CA | Agency Temp (US-Exempt) (3/28/2005-12/2/2005)<br><br>Human Resources Rep 3 (12/3/2005-1/31/2007) | ███████████ |

ADOBE'S RESPONSE TO PLAINTIFFS'<br>INTERROGATORIES, SET 1 [CONFIDENTIAL]<br>Case No. 11-CV-2509-LHK

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | Human Resources Rep 4 (2/1/2007-2/4/2009) | |
| Vijungco, Jeff | CA | Staff Employment Rep 5 (1/31/2003-11/30/2004)<br><br>Mgr, Employment 4 (12/1/2004-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-5/31/2005)<br><br>Mgr, Human Resources 5 (6/1/2005-12/2/2005)<br><br>Dir, Human Resources 6 (12/3/2005-1/31/2008)<br><br>Sr. Dir, Human Resources (2/1/2008-8/31/2009)<br><br>VP Human Resources (9/1/2009-Present) | |
| Wahdwani, David | CA | VP, Engineering (12/3/2005-3/30/2008)<br><br>VP & GM (3/31/2008-6/21/2010)<br><br>SVP, Business Unit (6/22/2010-Present) | |

\* Former employee

In addition, pursuant to Federal Rule of Civil Procedure 33(d), Adobe directs Plaintiffs to the emails or other documents Adobe has and will produce that identify employees who have knowledge of the non-solicit agreement with Apple.

**INTERROGATORY NO. 4:**

Of the persons identified in response to Interrogatory No. 3, identify those who have substantial knowledge regarding corporate decisions relating to agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 4:**

Adobe asserts the Vague and Ambiguous, Burden, Privilege, and Compound Objections.

- 15 -

1   Adobe also objects to the terms "substantial knowledge regarding corporate decisions,"

2   "agreements," and "discussions about agreements" as vague and ambiguous.  Adobe interprets

3   the interrogatory to request the identity of employees who have substantial knowledge about the

4   reasons Adobe entered the non-solicit with Apple and about discussions in connection with

5   entering that agreement.  Adobe further objects to the extent that Interrogatory No. 4 assumes that

6   there was an agreement between Adobe and any other defendant other than Apple.  Adobe objects

7   to the phrase "in order of corporate seniority" on the ground that it is undefined and may change

8   over time.

9        Subject to and without waiving these objections and the General Objections, Adobe

10  responds that the following employees have substantial knowledge about the reasons Adobe

11  entered the non-solicit with Apple and about discussions in connection with entering that

12  agreement:

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|------|------|------|------|
| Morris, Donna | CA | Sr. Dir, Human Resources (7/1/2002-12/2/2005)<br><br>VP Human Resources (12/3/2005-3/2/2007)<br><br>Sr VP, Human Resources (3/3/2007-Present) | |
| Townsley, Theresa* | CA | Sr VP, Human Resources (12/1/1999-11/30/2005)<br><br>VP Human Resources (12/1/2005-5/31/2006)<br><br>Dir, Human Resources 6 (6/1/2006-2/21/2007) | ██████████████ |
| Vijungco, Jeff | CA | Staff Employment Rep 5 (1/31/2003-11/30/2004)<br><br>Mgr, Employment 4 (12/1/2004-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-5/31/2005)<br><br>Mgr, Human Resources 5 (6/1/2005-12/2/2005) | |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | Dir, Human Resources 6 (12/3/2005-1/31/2008)<br><br>Sr. Dir, Human Resources (2/1/2008-8/31/2009)<br><br>VP Human Resources (9/1/2009-Present) | |

\* Former employee

**INTERROGATORY NO. 5:**

Identify your executives, employees, or agents who participated in multilateral meetings or communications with competitors in which agreements or discussions about agreements occurred.

**RESPONSE TO INTERROGATORY NO. 5:**

Adobe asserts the Vague and Ambiguous, Burden, Compound, and Privilege Objections. Adobe objects to the terms "agents," "participated," "competitors," "agreements," and "discussions about agreements" as vague and ambiguous.  Adobe further objects to this interrogatory as argumentative and to the extent that it assumes that Adobe had multilateral meetings or communications.  Adobe objects to the extent that Interrogatory No. 5 assumes that there was an agreement between Adobe and any other defendant other than Apple.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows: Adobe is unaware of any executives, employees, or agents responsive to this interrogatory.

**INTERROGATORY NO. 6:**

Of the persons identified in response to Interrogatory No. 5 above, identify those who have substantial knowledge regarding the substance of the agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 6:**

Adobe asserts the Vague and Ambiguous Objection, Burden, Compound, and Privilege

1   Objections.  Adobe also objects to the terms "substantial knowledge," "substance," "agreements,"

2   and "discussions about agreements" as vague and ambiguous and interprets it to mean the terms

3   and conditions of the agreements.  Adobe objects to the extent that Interrogatory No. 5 assumes

4   that there was an agreement between Adobe and any other defendant other than Apple.

5        Subject to and without waiving these objections and the General Objections, Adobe

6   responds as follows: Adobe did not list any persons in response to Interrogatory No. 5.

7   **INTERROGATORY NO. 7:**

8        Identify your executives, employees, or agents who participated in bilateral meetings or

9   communications with competitors about agreements.

10  **RESPONSE TO INTERROGATORY NO. 7:**

11       Adobe asserts the Vague and Ambiguous, Burden, Privilege, and Compound Objections.

12  Adobe objects to the terms "agents," "participated," "competitors," and "agreements."  Adobe

13  interprets this Interrogatory to request the identity of executives and employees who participated

14  in bilateral meetings or communications with Apple about entering the non-solicit agreement with

15  Apple.  Adobe further objects to this interrogatory to the extent that it assumes that there was an

16  agreement between Adobe and any other defendant other than Apple.

17       Subject to and without waiving these objections and the General Objections, Adobe

18  responds as follows: The following individuals had bilateral meetings or communications with

19  Apple about the non-solicit agreement with Apple:

20

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|------|-------------------------------|--------------------|--------------------|
| Chizen, Bruce* | CA | CEO – Corporate (12/16/2000-11/30/2007)  Strategic Advisor to the CEO (12/1/2007-11/29/2008) | ███████████ |

26       * Former employee

27  **INTERROGATORY NO. 8:**

28       Of the persons identified in response to Interrogatory No. 7 above, identify those who

have substantial knowledge regarding the substance of the bilateral meetings and communications with competitors.

**RESPONSE TO INTERROGATORY NO. 8:**

Adobe asserts the Vague and Ambiguous, Burden, Compound, and Privilege Objections. Adobe objects to the terms "substantial knowledge," "substance," and "competitors" as vague and ambiguous. Adobe interprets this Interrogatory to request the identity of persons listed in response to Interrogatory No. 7 who have substantial knowledge about bilateral meetings and communications with Apple about entering the nonsolicit agreement with Apple. Adobe further objects to this interrogatory as argumentative and to the extent that it assumes that there was an agreement between Adobe and any other defendant other than Apple.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows: See response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Identify your employees who were involved in implementing, policing, or enforcing the discussion or agreements, or who have substantial knowledge of the implementation, policing, or enforcement of agreements or discussions.

**RESPONSE TO INTERROGATORY NO. 9:**

Adobe asserts the Vague and Ambiguous, Burden, Compound and Privilege Objections. Adobe also objects to the terms "implementing," "implementation," "policing," "enforcing," "enforcement," "discussion," and "agreements" as vague and ambiguous, assuming facts not in evidence, and to the extent they purport to reach a legal conclusion. Adobe further objects to this interrogatory to the extent that it assumes that there was an agreement between Adobe and any other defendant other than Apple.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows:

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| Chizen, Bruce* | CA | CEO – Corporate | ███████████ |

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| | | (12/16/2000-11/30/2007)<br><br>Strategic Advisor to the CEO<br>(12/1/2007-11/29/2008) | ████████████ |
| Morris, Donna | CA | Sr. Dir, Human Resources (7/1/2002-12/2/2005)<br><br>VP Human Resources (12/3/2005-3/2/2007)<br><br>Sr VP, Human Resources (3/3/2007-Present) | |
| Narayen, Shantanu | CA | EVP, WW Products (3/1/2001-1/13/2005)<br><br>President and Chief Operating Officer (1/14/2005-11/30/2007)<br><br>CEO – Corporate (12/1/2007-Present) | |
| Townsley, Theresa* | CA | Sr VP, Human Resources (12/1/1999-11/30/2005)<br><br>VP Human Resources (12/1/2005-5/31/2006)<br><br>Dir, Human Resources 6 (6/1/2006-2/21/2007) | ████████████ |
| Vijungco, Jeff | CA | Staff Employment Rep 5 (1/31/2003-11/30/2004)<br><br>Mgr, Employment 4 (12/1/2004-3/31/2005)<br><br>Mgr, Human Resources 4 (4/1/2005-5/31/2005)<br><br>Mgr, Human Resources 5 (6/1/2005-12/2/2005)<br><br>Dir, Human Resources 6 (12/3/2005-1/31/2008)<br><br>Sr. Dir, Human Resources (2/1/2008-8/31/2009)<br><br>VP Human Resources (9/1/2009-Present) | |

1     * Former employee

2     **INTERROGATORY NO. 10:**

3          Of the persons identified in response to Interrogatory No. 9 above, identify those who

4     have substantial knowledge regarding the implementation, policing, or enforcement of the

5     agreements or discussions.

6     **RESPONSE TO INTERROGATORY NO. 10:**

7          Adobe asserts the Vague and Ambiguous, Burden, Privilege, and Compound Objections.

8     Adobe also objects to the terms "substantial knowledge," "implementation," "policing,"

9     "enforcement," "agreements," and "discussions" as vague and ambiguous, assuming facts not in

10    evidence, and to the extent they purport to reach a legal conclusion.  Adobe further objects to this

11    interrogatory to the extent that it assumes that there was an agreement between Adobe and any

12    other defendant other than Apple.

13         Subject to and without waiving these objections and the General Objections, Adobe

14    responds as follows: See response to Interrogatory No. 9.

15    **INTERROGATORY NO. 11:**

16         Identify your employees who have knowledge of the effect(s) of the agreements on the

17    compensation of your employees, or on the compensation of any Co-Conspirator's employees.

18    **RESPONSE TO INTERROGATORY NO. 11:**

19         Adobe asserts the Vague and Ambiguous, Burden, Privilege, and Compound Objections.

20    Adobe objects to the terms "effect(s)" and "agreements" as vague and ambiguous.  Adobe also

21    objects to the interrogatory as argumentative and to the extent that it assumes that the non-solicit

22    agreement with Apple had an effect on compensation.  Adobe further objects to this interrogatory

23    to the extent that it assumes that there was an agreement between Adobe and any other defendant

24    other than Apple. Adobe objects to the extent that this interrogatory seeks expert testimony.

25         Subject to and without waiving these objections and the General Objections, Adobe

26    responds as follows:  Adobe is unaware of any employees who have knowledge that the non-

27    solicit agreement between Adobe and Apple had an effect on compensation.

28

**INTERROGATORY NO. 12:**

Of those persons identified in response to Interrogatory No. 11 above, identify those employees having substantial knowledge of the effect(s) of the agreements or discussions about agreements on the compensation of your employees, or on the compensation of any Co-Conspirator's employees.

**RESPONSE TO INTERROGATORY NO. 12:**

Adobe asserts the Vague and Ambiguous, Burden, Privilege, and Compound Objections. Adobe objects to the terms "substantial knowledge," "effect(s)," "agreements," and "discussions about agreements" as vague and ambiguous. Adobe also objects to the interrogatory as argumentative and to the extent that it assumes that the non-solicit agreement with Apple had an effect on compensation. Adobe further objects to this interrogatory to the extent that it assumes that there was an agreement between Adobe and any other defendant other than Apple. Adobe objects to the extent that this interrogatory seeks expert testimony.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows: Adobe did not list any employees in response to Interrogatory No. 11.

**INTERROGATORY NO. 13:**

In order of corporate seniority, identify your employees who participated in discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 13:**

Adobe asserts the Vague and Ambiguous, Burden, Privilege and Compound Objections. Adobe objects to the terms "agreements" and "discussions about agreements" as vague and ambiguous. Adobe further objects to the extent the interrogatory assumes that there was an agreement between Adobe and any other defendant other than Apple. Adobe objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows:

| Name | Last Known State of Residence | Job Titles (Years) | Last Known Address |
|---|---|---|---|
| Cottle, Karen | CA | Sr VP and General Counsel (2/28/2002-Present) | |

**INTERROGATORY NO. 14:**

Of the persons identified in response to Interrogatory No. 13 above, identify all persons who have substantial knowledge of discussions with any antitrust regulatory authority regarding agreements or discussions about agreements.

**RESPONSE TO INTERROGATORY NO. 14:**

Adobe asserts the Vague and Ambiguous and Compound Objections. Adobe objects to the terms "substantial knowledge," "agreements," and "discussions about agreements" as vague and ambiguous. Adobe further objects to the extent the interrogatory assumes that there was an agreement between Adobe and any other defendant other than Apple. Adobe objects to the phrase "in order of corporate seniority" on the ground that it is undefined and may change over time.

Subject to and without waiving these objections and the General Objections, Adobe responds as follows: See response to Interrogatory No. 13.

Dated: March 12, 2012                    JONES DAY

By: _____
Craig Huckelbridge

Attorneys for Adobe Inc.

1

## PROOF OF SERVICE

2
       I, Lillian Wong, declare:

3
I am a citizen of the United States and employed in San Francisco County, California.  I am over

4
the age of eighteen years and not a party to the within-entitled action.  My business address is 555

5
California Street, 26th Floor, San Francisco, California  94104.  On March 12, 2012, I served a

6
copy of the within document(s):

7
8
       **DEFENDANT ADOBE SYSTEMS INC.'S RESPONSE TO PLAINTIFFS' FIRST**
       **SET OF INTERROGATORIES RE: IDENTIFICATION OF WITNESSES**

9        ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
              forth below on this date before 5:00 p.m.

10
11       ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
              fully prepaid, in the United States mail at San Francisco, California addressed as
              set forth below.

12
13       ☐   by placing the document(s) listed above in a sealed envelope and affixing a pre-
              paid air bill, and causing the envelope to be delivered to a agent for delivery.

14       ☐   by personally delivering the document(s) listed above to the person(s) at the
              address(es) set forth below.

15
16       ☒   by transmitting via e-mail or electronic transmission the document(s) listed above
              to the person(s) at the e-mail address(es) set forth below.

17
## SEE ATTACHED SERVICE LIST

18
I am readily familiar with the firm's practice of collection and processing correspondence for

19
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day

20
with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion

21
of the party served, service is presumed invalid if postal cancellation date or postage meter date is

22
more than one day after date of deposit for mailing in affidavit.

23
       I declare that I am employed in the office of a member of the bar of this court at whose

24
direction the service was made.

25
       Executed on March 12, 2012, at San Francisco, California.

26
27       _____

28                                  Lillian Wong

1

**SERVICE LIST**

| | |
|---|---|
| Joseph Richard Saveri<br>Eric B. Fastiff<br>Brendan Patrick Glackin<br>Dean Michael Harvey<br>Anne Brackett Shaver<br>Katherine M. Lehe<br>Lieff, Cabraser, Heiman & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br>jsaveri@lchb.com<br>efastiff@lchb.com<br>bglackin@lchb.com<br>dharvey@lchb.com<br>ashaver@lchb.com<br>klehe@lchb.com<br><br>Attorneys for Plaintiffs | Eric L. Cramer<br>Shanon J. Carson<br>Sarah R. Schalman-Bergen<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (800) 424-6690<br>Facsimile: (215) 875-4604<br>ecramer@bm.net<br>sschalman-bergen@bm.net<br><br>Attorneys for Plaintiffs |
| Linda P. Nussbaum<br>John D. Radice<br>GRANT & EISENHOFER, P.A.<br>485 Lexington Avenue, 29th Floor<br>New York, NY 10017<br>Telephone: (646) 722-8500<br>Facsimile: (646) 722-8501<br>lnussbaum@gelaw.com<br><br>Attorneys for Plaintiffs | Craig Stewart<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>cestewart@jonesday.com<br><br>Attorneys for Defendant INTUIT |
| George Riley<br>Michael F. Tubach<br>Flora F. Vigo<br>O'Melveny & Meyers LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 984-8701<br>Facsimile: (415) 984-8701<br>griley@omm.com<br>mtubach@omm.com<br>fvigo@omm.com<br><br>Attorneys for Defendant APPLE INC. | Donald M. Falk<br>Lee H. Rubin<br>Edward D. Johnson<br>Mayer Brown LLP<br>Two Palo Alto Square, Suite 300<br>Palo Alto, CA 94306-2112<br>Telephone: (650) 331-2030<br>Facsimile: (650) 331-2060<br>dfalk@mayerbrown.com<br>lrubin@mayerbrown.com<br>wjohnson@mayerbrown.com<br><br>Attorneys for Defendant GOOGLE INC. |

| | |
|---|---|
| Donn P. Pickett<br>Zachary J. Alinder<br>Frank M. Hinman<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286<br>donn.pickett@bingham.com<br>zachary.alinder@bingham.com<br>frank.hinman@bingham.com<br><br>Attorneys for Defendant INTEL CORP. | John W. Keker<br>Daniel E. Purcell<br>Paula L. Blizzard<br>Eugene M. Paige<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, Ca 94111-1704<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188<br>jwk@kvn.com<br>dpurcell@kvn.com<br>plb@kvn.com<br>EMP@kvn.com<br><br>Attorneys for Defendant LUCASFILM LTD. |
| Robert T. Haslam, III<br>Emily J. Henn<br>Covington & Burling LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>Telephone: (650) 632-4702<br>Facsimile: (650) 632-4800<br>rhaslam@cov.com<br>ehenn@cov.com<br><br>Deborah A. Garza<br>Jonathan Herczeg<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 662-5052<br>dgarza@cov.com<br>jherczeg@cov.com<br><br>Attorneys for Defendant PIXAR | |

PROOF OF SERVICE
Case No. 11-CV-2509-LHK