MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:     (650) 331-2061

*Attorneys for Defendant
Google Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF OMID KORDESTANI** |

I, Omid Kordestani, declare:

1.  I am a former executive in charge of sales and business development at Google Inc. ("Google"). From approximately 1999 through 2004, I was the Vice President in charge of sales and business development at Google, and from approximately 2004 until 2009 I served as the Senior Vice President in charge of sales and business development. I am currently an advisor for the company. Through my sales and business development work, I am familiar with Google's internal decision-making processes and business strategy related to a broad array of Google's operations, including Google's internal decision making processes and business

strategy relating to its business relationships and partnerships with outside companies, including, but not limited to, Apple Computer, Inc. ("Apple"), Intel Corporation ("Intel"), and Intuit Inc. ("Intuit"). I have personal knowledge of the facts set forth in this Declaration and, if called to testify could and would testify competently thereto.

2. Based on my knowledge and experience within Google, I am aware that from about 2002 to 2009, Google entered into various contracts with Apple, Intel, and Intuit in furtherance of the business collaborations between Google on the one hand and Apple, Intel, and Intuit on the other. The substance of the terms and conditions in these contracts, as well as details about the negotiations and drafting of these contracts, is highly confidential and highly sensitive, and Google derives economic benefit by maintaining their confidentiality. Google closely guards this information and does not disclose it publicly or to third parties. In fact, Google does not widely disseminate these contracts or their substance and terms even within its own organization. Examples of such contracts that contain such highly confidential and closely guarded information, include, but are not limited to:

   i. Agreement for Evaluation and Trial of Software by and between Google and Intel dated May 8, 2002;

   ii. Appliance Evaluation Agreements by and between Google and Intel, e.g., dated January 28, 2004, and April 1, 2005;

   iii. Source Code Evaluation License Agreement by and between Google and Intel dated September 30, 2005;

   iv. Beta Evaluation Agreement by and between Google and Intel dated May 10, 2009;

   v. Information Services Agreement by and between Google and Apple dated December 20, 2002 and subsequent amendments through 2009;

   vi. Mutual Non-Disclosure Agreement by and between Google and Apple dated February 11, 2005;

vii. Mutual Confidentiality Agreement by and between Google and Apple dated July 14, 2004;

viii. iTunes Database and Use Agreement by and between Google and Apple dated October 26, 2005;

ix. License Agreement by and between Google and Apple dated January 3, 2007 and subsequent amendments;

x. Product Integration Agreement by and between Google (YouTube) and Apple dated May 2007;

xi. Google Mail License Agreement by and between Google and Apple dated May 24, 2007;

xii. Adsense API Agreement by and between Google and Apple dated August 6, 2007;

xiii. Cooperative Marketing and Services Agreement by and between Google and Apple dated December 28, 2007;

xiv. Contact Sync License Agreement by and between Google and Apple dated January 14, 2008;

xv. Master iTunes Affiliate Agreement by and between Google and Apple dated January 30, 2008;

xvi. Chipset Source Code License Agreement by and between Google and Intel dated February 1, 2008;

xvii. iPhone Developer Program License Agreement by and between Google and Apple dated April 3, 2008;

xviii. Confidentiality Agreement by and between Google and Intuit dated April 12, 2006;

xix. Product and Promotion Agreement by and between Google and Intuit dated July 10, 2006, and as later amended and restated;

xx.   Ad Research Study Agreement by and between Google and Intuit dated January 26, 2009; and

xxi.  Mutual Nondisclosure Agreement by and between Google and Intuit dated August 13, 2009.

3.   Public disclosure of the information in the above and similar contracts, and about the negotiations and drafting of these and similar contracts, would likely cause Google significant competitive harm by giving third parties, including its competitors, direct insight into confidential and sensitive aspects of Google's decision-making processes and business strategy related to its business partnerships, including details about the licensing terms and conditions Google employs with its other business partners and including particular terms of agreement between Google and its other business partners.

4.   In addition, details of Google's particular collaborations and agreements with IBM, a company that I understand is not involved in this lawsuit, are also highly confidential and highly sensitive, and Google derives economic benefit by maintaining their confidentiality.  If details related to Google's agreements and collaborations with IBM were made public, this would likely cause Google significant competitive harm by giving third parties, including its competitors, direct insight into confidential and sensitive aspects of Google's decision-making processes and business strategy related to its business partnerships.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 21, 2014 in Deer Valley, Utah.

DocuSigned by:

*Omid Kordestani*

7B3F2572365F4C8...

Omid Kordestani

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from its signatory.

Dated: February 21, 2014         By: /s/ Anne Selin
                                      Anne Selin