Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Intuit Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | **Master Docket No. 11-CV-2509-LHK** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DECLARATION OF JOHN GEERING** |

I, John Geering, declare as follows:

1.   I am Assistant General Counsel at Intuit Inc. ("Intuit") and I submit this Declaration regarding Intuit's production. I am familiar with Intuit's policies and practices related to contracts with other companies, including, but not limited to, Google Inc. ("Google"). I have personal knowledge of the facts set forth in this Declaration and, if called to testify could and would testify competently thereto.

2.   I submit this declaration in support of Defendants' Response to Plaintiffs' Administrative Motion to Seal Filings Related to Plaintiffs' Opposition Briefs, and in support of Intuit's request to maintain the confidentiality of certain information lodged under seal. In particular, Intuit seeks to seal redacted portions of the following agreements Intuit had with Google: i) a Confidentiality Agreement by and between Google and Intuit dated April 12, 2006 (Cisneros Decl. ¶ 294, Ex. 2366); ii) a Product and Promotion Agreement by and between Google and Intuit dated July 10, 2006 (Cisneros Decl. ¶ 292, Ex. 2362); iii) an Amended and Restated Product and Promotion Agreement by and between Google and Intuit dated October 15, 2007 (Cisneros Decl. ¶ 293, Ex. 2364); iv) an Ad Research Study Agreement by and between Google and Intuit dated January 26, 2009 (Harvey Decl. ¶ 133, Ex. 133); and v) a Mutual Nondisclosure Agreement by and between Google and Intuit dated August 13, 2009 (Harvey Decl. ¶ 132, Ex. 132).

3.   The redacted portions of these documents, and information related to their drafting and negotiation, reflect highly confidential and competitively sensitive information. Such information and similar information in similar contracts reveal internal policies, practices, and strategies of Intuit. Intuit's practice is to keep this information confidential and not to disclose these terms and conditions publicly or to third parties. Intuit derives economic benefit by maintaining these terms and conditions confidential.

4.   Public disclosure of the redacted information and similar information in similar contracts, as well as information related to the negotiations and drafting of these and similar contracts, would likely cause Intuit significant competitive harm by giving third parties, including its competitors, direct insight into confidential and sensitive aspects of Intuit's decision-making

processes and business strategy related to its business partnerships, including details about the licensing terms and conditions Intuit employs with its other business partners and including particular terms of agreement between Intuit and its other business partners. Public disclosure would also give competitors and other entities an unearned advantage by giving them the benefit of detailed information and insight into Intuit's confidential business strategies and practices.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 21, 2014 in Mountain View, California.

By: _____
John Geering