1  GEORGE A. RILEY (Bar No. 118304)
   griley@omm.com
2  MICHAEL F. TUBACH (Bar No. 145955)
   mtubach@omm.com
3  CHRISTINA J. BROWN (Bar No. 242130)
   cjbrown@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
6  Facsimile:    (415) 984-8701

7  Attorneys for Defendant Apple Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                             **SAN JOSE DIVISION**

12

13  | IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
    |---|---|
14  | | **DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL FILINGS RELATED TO PLAINTIFFS' OPPOSITION BRIEFS AND FILINGS RE DKTS. 554, 556, 557, 559, 560, 561, 564, 570** |
15  | THIS DOCUMENT RELATES TO: | |
16  | ALL ACTIONS | |

19

20

21

22

23

24

25

26

27

28

I, Christina Brown, declare as follows:

1. I am a member of the Bar of the State of California and a counsel of the law firm of O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Filings Related to Plaintiffs' Opposition Briefs and Filings Re Dkts. 554, 556, 557, 559, 560, 561, 564, 570 ("Defendants' Response"), and in support of Apple's request that certain materials lodged under seal with Plaintiffs' motion be sealed pursuant to Civil Local Rule 79-5(d). I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Apple seeks to seal only limited portions of certain exhibits to the Declaration of Dean M. Harvey in Support of Plaintiffs' Opposition Briefs Re Dkts. 554, 556, 557, 559, 560, 561, 564, 570 ("Harvey Declaration") and the Declaration of Lisa J. Cisneros in Support of Plaintiffs' Opposition Briefs Re Dkts. 554, 556, 557, 559, 560, 561, 564, 570 ("Cisneros Declaration"), as reflected in the proposed redacted and highlighted versions of these documents filed with Defendants' Response. I have reviewed these documents, and I believe there are compelling reasons to maintain under seal the portions set forth below. These portions contain and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3. Apple seeks to seal the following highly confidential, competitively sensitive information contained in exhibits to the Harvey Declaration:

   a. Exhibit 3, Leamer Deposition Exhibit 114 attached to the Declaration of Lauren J. Stiroh, Ph.D. in Support of Defendants' Joint Motion To Exclude the Expert Testimony of Edward E. Leamer, Ph.D., discloses the levels and changes in Apple's employee hiring over the course of ten years and reflects Apple's highly confidential employee data;

   b. The following portions of Exhibit 4, the October 1, 2012, Initial Class Certification Expert Report of Edward E. Leamer:

   - Page 23, figures 3 and 4 (lines pertaining to Apple) disclose the total compensation of

- 1 -

BROWN DECL. ISO DEFS.' JOINT RESPONSE
TO MOT. TO FILE UNDER SEAL
NO. 11-CV-2509-LHK

Apple employees in each of Plaintiffs' (then) proposed classes and reflect Apple's highly confidential employee data;

- Page 41, figure 9 and paragraph 99 (portion of third sentence) disclose the average total compensation per Apple employee from 2001 to 2011 and reflect Apple's highly confidential employee compensation data;
- Page 51, footnote 164 (last parenthetical) describes one of Apple's specific strategies with respect to determining employee salaries;
- Page 53, figure 10 (line pertaining to Apple) reflects Apple's highly confidential employee compensation data and practices regarding bonus and equity compensation;
- Page 59, figure 15 discloses Apple's highly confidential employee compensation data; and
- Page 61, figure 17 and paragraph 133 (last three lines) reflect Apple's highly confidential employee salary data;

c. The following portions of Exhibit 5, the December 10, 2012, Reply Expert Report of Edward E. Leamer:

- Page 26, figure 1 (chart pertaining to Apple) reflects Apple's highly confidential employee compensation data;
- Page 29, paragraph 64 (portions of the first and third sentences) reflects Apple's highly confidential employee compensation strategy and data;
- Page 42, figure 6 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee compensation; and
- Page 43, figure 7 (chart pertaining to Apple) reflects Apple's highly confidential strategies for determining and awarding employee equity compensation;

d. The following portions of Exhibit 6, the May 10, 2013, Supplemental Expert Report of Edward E. Leamer:

- Page 31, figure 19 discloses Apple's average total employee compensation and reflects Apple's highly confidential employee compensation data; and

- Ex. 2 discloses Apple's job titles and related employee-years and compensation correlations and reflects Apple's highly confidential employee compensation data;

e. The following portions of Exhibit 7, the May 10, 2013, Expert Witness Report of Kevin F. Hallock, disclose Apple's highly confidential and competitively sensitive employee compensation strategies and data:

- Paragraph 41 reflects Apple's employee job levels and compensation strategies;
- Paragraph 42 reflects Apple's employee job levels, compensation strategies, and compensation data;
- Paragraphs 60-61 and 63 describe Apple's employee job levels, salary data, and compensation strategies;
- Paragraphs 123 and 125-126 describe Apple's strategies and practices for determining employee compensation;
- Paragraph 128 describes Apple's strategies and practices with respect to employee promotions and compensation;
- Paragraphs 135-136 describe Apple's strategies and practices with respect to employee compensation and promotions;
- Paragraph 185 reflects Apple's employee job levels and compensation strategies;
- Paragraphs 189-190 describe Apple's strategies and practices with respect to employee compensation and promotions;
- Figure 8 discloses Apple's employee job levels, compensation strategies, and compensation data;
- Figure 9 discloses Apple's salary and bonus levels and reflects Apple's highly confidential employee compensation data;
- Figures 10 and 11 disclose Apple's employee job levels and salary data; and
- Figure 14 discloses Apple's employee evaluation and compensation strategies;

f. The following portion of Exhibit 8, the July 12, 2013, Rebuttal Supplemental Expert Report of Edward E. Leamer, discloses Apple's highly confidential and competitively sensitive employee compensation data:

- Page 35, Figure 7 discloses Apple's highly confidential and competitively sensitive employee compensation data;

g. Exhibit 9, the October 28, 2013, Initial Merits Expert Report of Edward E. Leamer, Figure 2 (line pertaining to Apple) discloses the total compensation of the Apple employees in the class and reflects Apple's highly confidential employee data;

h. The following portions of Exhibit 10, the October 27, 2013, Expert Witness Report of Kevin F. Hallock, disclose Apple's highly confidential and competitively sensitive employee compensation strategies and data:

- Paragraph 29 reflects Apple's employee job levels and compensation strategies;
- Paragraph 30 reflects Apple's employee job levels, compensation strategies, and compensation data;
- Paragraphs 48-49 and 51 describe Apple's employee job levels, salary data, and compensation strategies;
- Paragraphs 111 and 113-114 describe Apple's strategies and practices for determining employee compensation;
- Paragraph 116 describes Apple's strategies and practices with respect to employee promotions and compensation;
- Paragraphs 123-124 describe Apple's strategies and practices with respect to employee compensation and promotions;
- Paragraph 173 reflects Apple's employee job levels and compensation strategies;
- Paragraphs 177-178 describe Apple's strategies and practices with respect to employee compensation and promotions;
- Paragraph 197 describes Apple's strategies for determining compensation;
- Footnote 247 describes Apple's strategies for determining compensation;
- Figure 3 discloses Apple's employee job levels, compensation strategies, and compensation data;
- Figure 4 discloses Apple's salary and bonus levels and reflects Apple's highly confidential employee compensation data;

1  • Figures 5 and 6 disclose Apple's employee job levels and salary data; and

2  • Figure 9 discloses Apple's employee evaluation and compensation strategies;

3  i. The following portions of Exhibit 11, the October 28, 2013, Expert Report of Alan Manning, Ph.D., contain Apple's highly confidential and competitively sensitive employee recruiting and compensation practices and strategies:

- Paragraph 10 discloses Apple's strategies and considerations with respect to employee recruiting;
- Paragraph 42 discloses Apple's strategies and practices with respect to employee compensation and retention; and
- Footnote 75 discloses Apple's strategies and plans with respect to potential Apple employees and employee compensation;

j. The following portions of Exhibit 13, the December 11, 2013, Reply Expert Report of Edward E. Leamer:

- Page 3, Table 1 (line pertaining to Apple) discloses the total compensation of the Apple employees in the class and reflects Apple's highly confidential employee data;
- Page 13, Figure 2 (chart pertaining to Apple) discloses the average total compensation at Apple over the span of a decade and reflects Apple's highly confidential employee data;
- Pages 36-37, Figures 9, 10, and 11 depict scatter diagrams comparing the age and total compensation of Apple employees and reflect Apple's highly confidential employee data;
- The redacted numbers in Paragraphs 64 and 65, which disclose the purported amount of increases in compensation at Apple and reflect Apple's highly confidential employee data;
- Page 40, Figure 12 reflects predicted earnings at Apple by age and year, based on Apple's highly confidential employee data;
- Page 44, Figure 14 discloses the average total compensation at Apple over the span of a decade and reflects Apple's highly confidential employee data;  and

- Page 76, Appendix A, paragraph 3 discloses the salary range for employees with a particular job title and reflects Apple's highly confidential employee data;

k. The following portion of Exhibit 14, the December 11, 2013, Rebuttal Report of Matthew Marx:

- Exhibit 3, which discloses Apple's confidential information regarding the number and classification of certain employees;

l. The following portions of Exhibit 23, the Expert Report of Elizabeth Becker, disclose Apple's highly confidential and competitively sensitive employee recruiting and compensation practices and strategies and highly confidential employee compensation data:

- Paragraph 34 (redacted portion) reflects Apple's highly confidential employee job title data;
- Paragraphs 62 and 64-70 and footnote 59 (redacted portions) disclose Apple's highly confidential job title and level structure, specific employee job titles, and specific employee salaries and reflect its highly confidential employee data;
- Paragraphs 109 and 114 and footnote 83 (redacted portions) disclose Apple's highly confidential strategies and data regarding equity compensation;
- Paragraphs 120 and 124 (redacted portions) disclose Apple's highly confidential strategies and data regarding equity compensation;
- Footnotes 95 and 96 (redacted portions) reflect Apple's highly confidential employee compensation practices and strategies;
- Paragraph 139 (redacted portion) reflects Apple's highly confidential employee hiring data;
- Footnote 111 (redacted portion) reflects Apple's highly confidential employee compensation practices and strategies;
- Paragraph 155 and footnote 117 (redacted portions) reflect Apple's highly confidential employee compensation practices and strategies;

- Exhibits A5, A6, B3 (Apple portions), B4, B6, C1, C2 (Apple portions), C4 (Apple portions), and D2 (Apple portions) disclose Apple's highly confidential employee compensation data and reflect its highly confidential compensation strategies;
- Appendices A5, A6, B3 (Apple portions), B4, B6 (Apple portions), C1, C2 (Apple portions), C4, D2 (Apple portions), and E3 disclose Apple's highly confidential employee compensation data and reflect its highly confidential compensation strategies; and
- Attachment 3 (Apple portions) discloses Apple's highly confidential job titles and associated salary data derived from Apple's highly confidential employee compensation data;

m. The following portions of Exhibit 24 , the Expert Report of David Lewin disclose Apple's highly confidential and competitively sensitive employee data and employee recruiting and hiring strategies:

- Footnote 10 (redacted number) discloses confidential information regarding Apple's recruiting channels and strategies;
- Paragraphs 32 and 34 (redacted numbers) disclose Apple's sources of employee hiring and reflects its highly confidential employee data and hiring strategies;
- Figure 3 discloses Apple's sources of employee hiring and reflects its highly confidential employee data and hiring strategies;
- Paragraph 46 (redacted number) discloses Apple's sources of employee hiring and reflects its highly confidential employee data; and
- Exhibits 3B, 3D, 4B, and 5B disclose Apple's sources of employee hiring and reflect its highly confidential employee hiring strategies and data;

n. The following portions of Exhibit 25, the November 25, 2013, Expert Report of Professor Kevin M. Murphy contain Apple's highly confidential and competitively sensitive employee compensation data and strategies:

- Paragraph 20 (redacted portions) discloses Apple's sources and magnitude of employee hiring and reflects its highly confidential employee hiring strategies;

- Exhibit 2 discloses Apple's sources of employee hiring and reflects its highly confidential employee hiring strategies;
- Exhibit 3 discloses Apple's sources of employee hiring and highly confidential employee data and reflects its highly confidential employee hiring strategies;
- Footnote 57 (redacted portions) discloses the personally identifying information of non-Plaintiff employees;
- Footnote 105 (redacted portions) discloses the personally identifying information of non-Plaintiff employees;
- Footnote 110 (redacted portions) discloses information designated as confidential by Plaintiffs; and
- Exhibit 5 discloses Apple's highly confidential employee data;

o. The following portions of Exhibit 27, the Expert Report of Lauren J. Stiroh, Ph.D., disclose Apple's highly confidential and competitively sensitive practices and strategies regarding employee compensation, employee compensation data, and employee hiring:

- Paragraph 30 (redacted portions) describes changes in Apple's total employee compensation from 2001 through 2011 and reflects Apple's highly confidential employee data;
- Paragraph 32 and footnotes 65 and 69 (redacted portions) describe Apple's confidential strategies for determining employee salaries;
- Footnote 70 (redacted portion) describes Apple's confidential practices for determining employee salary increases;
- Paragraph 33 (redacted portions) discloses the magnitude of Apple's changes in employee salaries and reflects Apple's highly confidential employee data;
- Paragraph 34 (redacted portions) describes Apple's confidential practices and strategies for awarding employee bonus compensation;
- Paragraph 35 and footnotes 76 - 79 (redacted portions) describe Apple's confidential practices and strategies for awarding employee equity compensation;

- Paragraph 36 and footnote 81 (redacted portions) disclose the magnitude of and changes in employee equity compensation and reflects Apple's highly confidential employee data;
- Paragraphs 81 and 82 (redacted portions) describe changes in Apple's employee compensation and the magnitude thereof, and reflects Apple's highly confidential employee data;
- Paragraph 91 (redacted portions) describes the magnitude of Apple's average employee compensation in comparison to another Defendant and reflects Apple's highly confidential employee data;
- Footnote 189 (redacted portion) discloses Apple's confidential practice for determining employee salary increases;
- Paragraph 121 (redacted portion) discloses changes in base salaries for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;
- Footnote 225 (redacted portion) discloses changes in total compensation for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;
- Paragraph 134 (redacted portion) discloses changes in equity compensation for Apple employees in a particular employee cohort and reflects Apple's highly confidential employee data;
- Paragraph 193 (redacted portion) describes a change in Apple's employee equity compensation and reflects Apple's highly confidential employee data;
- Paragraph 201 (redacted portion) describes Apple's employee salary increases and reflects Apple's highly confidential employee data;
- Exhibits III.10 - III.16 depict Apple's total compensation, average compensation, average base salary, average bonus, average cash compensation, and average value of equity awards, respectively, over the years 2001 through 2011 and reflect Apple's highly confidential employee data;

- Exhibits III.54 and III.55 (Apple columns) disclose average total nominal compensation and average percent changes in total compensation for Apple employees by year and reflect Apple's highly confidential employee data;
- Exhibit IV.1 (pages pertaining to Apple) disclose Apple's sources of employee hiring and reflect its highly confidential employee hiring strategies and employee data;
- Exhibit IV.7 reflects Apple's highly confidential employee data, including particular employee salaries and growth;
- Exhibit IV.11 reflects Apple's highly confidential employee data, including total compensation growth for particular employees;
- Exhibit IV.15 (pages pertaining to Apple) disclose the entire set of Apple's precise employee job titles for the class and the number of employees and changes in total compensation by year for each;
- Exhibit IV.21 reflects Apple's highly confidential employee data, including changes in specific job titles for certain employees;
- Exhibit IV.26 reflects Apple's highly confidential employee data, including growth in equity compensation awarded to particular employees over time;
- Exhibit IV.30 (Apple column) discloses the percentage of Apple employees receiving equity compensation by year and reflects Apple's highly confidential employee data;
- Exhibit IV.35 reflects Apple's highly confidential employee data, including average total employee compensation by year; and
- Appendix Exhibit III.1 (Apple column) discloses the purported average percent changes in Apple's total employee compensation by year and reflects Apple's highly confidential employee data;

p. Exhibit 58 (231APPLE003854) (redacted portion on page 20) discloses highly confidential data regarding Apple's recruiting efforts and job offers to particular candidates;

q. Exhibit 59 (231APPLE007258) discloses Apple's highly confidential and competitively sensitive specific employee job levels and salary data;

1       r.      Exhibits 60 (231APPLE008537) discloses Apple's highly confidential and
2 competitively sensitive specific employee job levels and salary data;
3       s.      Exhibit 61(231APPLE008912) discloses Apple's highly confidential and
4 competitively sensitive specific employee job levels and salary data;
5       t.      Exhibit 62 (231APPLE011618) discloses Apple's highly confidential and
6 competitively sensitive specific employee job levels and salary data;
7       u.      Exhibit 63 (231APPLE056385) discloses Apple's confidential considerations with
8 respect to hiring a specific employee and further reflects Apple's highly confidential
9 compensation and recruiting strategies;
10      v.      Exhibit 64  (231APPLE094041) discloses Apple's highly confidential employee
11 compensation and review strategies;
12      w.      Exhibit 66 (231APPLE100713) discloses Apple's highly confidential and
13 competitively sensitive specific employee job levels and salary data;
14      x.      Exhibit 67 (231APPLE105340) discloses Apple's highly confidential and
15 competitively sensitive specific employee job levels and salary data;
16      y.      Exhibit 68 (231APPLE108086) describes Apple's highly confidential and
17 competitively sensitive strategies and considerations with respect to employee recruiting and
18 hiring; and
19      z.      Exhibit 75 (231APPLE133899)  reflects Apple's highly confidential and
20 competitively sensitive business strategies and internal assessments of its competitive position in
21 the market.
22      4.      Apple seeks to seal the following highly confidential, competitively sensitive
23 information contained in exhibits to the Cisneros Declaration:
24      a.      Exhibit I (deposition excerpts of David Alvarez), pages 208-209, reflects Apple's
25 strategies with respect to a potential Apple employee and quotes from a document
26 (231APPLE039246) that the Court previously ordered sealed in its Order Granting in Part and
27 Denying in Part Motions to Seal ("Sealing Order") (Dkt. 273);
28

     b.     Exhibit J (deposition excerpts of Darrin Baja), page 42, reflects Apple's confidential and competitively sensitive employee compensation strategies;

     c.     Exhibit K (deposition excerpts of Richard Bechtel), pages 39, 80, 82-83, and 215-217, reflects Apple's confidential and competitively sensitive practices and strategies for determining employee compensation; and at page 80, reflects the deponent's personal employment information;

     d.     Exhibit L (deposition excerpts of Mark Bentley), pages 261-263, reflects Apple's confidential and competitively sensitive practices and strategies for determining employee salaries;

     e.     Exhibit M (deposition excerpts of Patrick Burke), pages 37-38, 43, 161, 277, and 281-283, reflects Apple's confidential and competitively sensitive strategies for determining employee job levels and employee compensation;

     f.     Exhibit N (deposition excerpts of Steve Burmeister), pages 17, 32-36, 41-44, 51-54, 58, 64, 75-78, 88-90, 101-102, 112, 121-127, 152-154, 156, and 190-191, reflects Apple's confidential and competitively sensitive strategies for determining employee job levels and compensation and Apple's highly confidential employee compensation data;

     g.     Exhibit Q (deposition excerpts of Tony Fadell), pages 49, 51, 53-54, and 117, reflects Apple's confidential and competitively sensitive practices and strategies with respect to employee hiring and determining employee salaries;

     h.     Exhibit S (deposition excerpts of Bob Mansfield), pages 36-37, 39, 41, and 45-46, reflects Apple's confidential and competitively sensitive strategies for determining employee job levels and compensation;

     i.     Exhibit T (deposition excerpts of Ron Okamoto), pages 130-131 and 133-136, reflects Apple's confidential and competitively sensitive strategies for determining and adjusting employee compensation and employee promotions;

     j.     Exhibit 268 (231APPLE009277) reflects Apple's highly confidential employee job levels, salary data, and compensation practices;

      k.      Exhibit 278 (231APPLE002150) discloses personal identifying information of a former Apple employee;

      l.      Exhibit 279 (231APPLE002151) discloses personal identifying information of a former Apple employee;

      m.      Exhibit 861 (231APPLE095700) discloses confidential proposed compensation determinations for specific Apple employees;

      n.      Exhibit 1130 (231APPLE099371) reflects Apple's highly confidential strategies and practices for determining employee compensation;

      o.      Exhibit 1376 (231APPLE039426) discusses Apple's highly confidential compensation strategies and plans with respect to a potential Apple employee, as to which the Court previously granted Apple's request to seal (Sealing Order, Dkt. 273);

      p.      Exhibit 1854 (231APPLE100673) describes Apple's highly confidential strategies for determining employee compensation, including employee salaries, bonus, and equity compensation;

      q.      Exhibit 1855 (Declaration of Steven Burmeister) and attached Exhibits B and C describe Apple's highly confidential strategies and practices for determining and adjusting employee compensation, and reflect specific employee job levels and employee compensation data;

      r.      Exhibit 1856 (231APPLE105342) describes Apple's specific employee job levels, confidential salary data, and highly confidential practices and strategies for determining employee compensation and status;

      s.      Exhibit 1858 (231APPLE098912) reflects Apple's highly confidential compensation data, analysis, and strategy; and

      t.      Exhibit 1859 (231APPLE105324) reflects Apple's highly confidential strategies and practices for determining employee salaries.

5.      As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class

1    Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it
2    to be, and treats it as, highly confidential, proprietary, and competitively sensitive. Apple would
3    suffer serious competitive harm if this information were disclosed because its competitors would
4    gain detailed data and insight into its confidential and proprietary employee compensation
5    practices and strategies. Public disclosure of this information would deprive Apple of its
6    investment in developing these strategies and put Apple at a significant disadvantage with respect
7    to recruiting, hiring, and compensating its employees. Apple would therefore be prejudiced if this
8    information were made available to the general public.

9        6.    Because these portions of the documents cannot be publicly disclosed without
10   causing serious harm, as described above, Apple requests that they be maintained under seal and
11   redacted from the publicly-filed versions of the documents.

12   I declare under penalty of perjury under the laws of the United States that the above is true
13   and correct.

14   Executed on February 21, 2014, in San Francisco, California.

16   By: /s/ *Christina J. Brown*
17          Christina J. Brown