# EXHIBIT OO
to the Declaration of
Lisa J. Cisneros in Support of
Plaintiffs' Opposition Briefs

**REDACTED VERSION**

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION

 4

 5

 6    IN RE:  HIGH-TECH EMPLOYEE     )

 7    ANTITRUST LITIGATION           )

 8                                   )   No. 11-CV-2509-LHK

 9    THIS DOCUMENT RELATES TO:      )

10    ALL ACTIONS.                   )

11    _____)

12

13

14

15             VIDEO DEPOSITION OF CHUONG NGUYEN

16                      February 14, 2013

17

18

19    REPORTED BY:  GINA V. CARBONE, CSR NO. 8249, RPR, CCRR

20

21

22

23

24

25
```

```
11:17:00  1   else?
11:17:01  2       A.  I don't know.
11:17:03  3       Q.  You said it was primarily -- "For me it was
11:17:08  4   primarily the conversation I had with the hiring
11:17:10  5   manager.  They would give me the range."
11:17:11  6           Was there ever a different circumstance where
11:17:15  7   you got the range from someone besides the hiring
11:17:17  8   manager?
11:17:18  9       A.  I don't recall.
11:17:27 10       Q.  If you turn to the first page of that exhibit,
11:17:30 11   on May 5th you write to him --
11:17:33 12           MS. ZENG:  Just slow down a little bit.
11:17:34 13           We're still on 738.
11:17:37 14           THE WITNESS:  I'll put this one away.
11:17:38 15           MS. ZENG:  Yeah.
11:17:39 16           MS. SHAVER:  Q.  Thank you.
11:17:43 17       A.  First page you said?
11:17:44 18       Q.  Yeah.  ███████████████████████████
              ███████████████████████████████████████████
              ███████████████████████████████████████████
              ███████████████████████████████████████
11:18:04 23           Do you see that?
11:18:05 24       A.  Uh-huh.
11:18:07 25       Q.  So the one -- ███████████████████████
```

```
11:18:12  1    █████████████████████████████████
                ███████  █████████████
11:18:19  3        A.   Uh-huh.
11:18:23  4        Q.   █████████████████████████
                ███████  █████████████████████████
                ███████  █████████████████
11:18:41  7        A.   █████████████████████████
                ███████  ████████████████████
11:18:46  9        Q.   ████  ██████████████████
                ██████   █████████████
11:18:53 11        A.   █████████████████████████
                ███████  ██████████████  ████████
                ███████  ███████████████████  ███
                ███████  █████████
                ███████  █████████████████████████
                ███████  █████████
11:19:11 17        Q.   █████████████████████████
                ███████  █████████████████████████
                ███████  █████████████
11:19:17 20        A.   ████
11:19:18 21        Q.   █████████████████████████
11:19:20 22        A.   ████████████████
11:19:22 23        Q.   ████  ████████████████████
                ███████  █████████████████████████
                ███████  ████
```

| Time | # | | |
|---|---|---|---|
| 11:19:26 | 1 | A. | ▮ |
| 11:19:27 | 2 | Q. | ▮ |
| 11:19:29 | 3 | A. | ▮ |
| 11:19:38 | 4 | Q. | ▮ |
| 11:19:50 | 5 | | You can put that aside. Thanks. |
| 11:19:53 | 6 | A. | Okay. |
| 11:19:54 | 7 | Q. | You, yourself, were cold called by Google, |
| 11:19:58 | 8 | | right? |
| 11:20:00 | 9 | A. | Yes. |
| 11:20:03 | 10 | Q. | How many times? |
| 11:20:06 | 11 | A. | I recall once. |
| 11:20:08 | 12 | Q. | And when was that? |
| 11:20:12 | 13 | A. | A year or two ago, approximately. |
| 11:20:16 | 14 | Q. | So 2011 or 2012? |
| 11:20:18 | 15 | A. | Maybe. Probably. |
| 11:20:21 | 16 | Q. | And what was your response? |
| 11:20:24 | 17 | A. | ▮ |
| | | | ▮ |
| | | | ▮ |
| 11:20:37 | 20 | Q. | ▮ |
| 11:20:39 | 21 | A. | ▮ |
| 11:20:42 | 22 | Q. | ▮ |
| 11:20:47 | 23 | A. | ▮ |
| 11:20:49 | 24 | Q. | ▮ |
| 11:20:51 | 25 | A. | ▮ |

```
11:21:08   1              MS. SHAVER:  Please mark this Plaintiffs'
11:21:10   2     Exhibit 739.  This is INTUIT_009519.
11:21:31   3              (Whereupon, Exhibit 739 was marked for
11:21:31   4              identification.)
11:21:37   5              MS. SHAVER:  Q.  Is this the cold call you
11:21:39   6     remember receiving from Google?
11:21:41   7         A.   Yes.
11:21:42   8         Q.   Does this refresh your recollection that it
11:21:44   9     happened in January 2010?
11:21:47  10         A.   Yes.
11:22:05  11         Q.   ████████████████████████████████████████████
11:22:07  12         A.   ████
11:22:11  13         Q.   █████████████████████████████████████████████
           ████       ██████████████
11:22:17  15         A.   ████
11:22:21  16         Q.   █████████████████████████████████████████████
           ████       █████████████████████████████████████████████████
           ████       █████████████████████████████
11:22:28  19         A.   ██████████████████
11:22:30  20         Q.   ████████
11:22:51  21              Will you please mark this Plaintiffs' Exhibit
11:22:54  22     740.  This is INTUIT_009540.
11:23:21  23              (Whereupon, Exhibit 740 was marked for
11:23:21  24              identification.)
11:23:22  25              MS. SHAVER:  Q.  Do you recognize this
```

```
11:45:48   1    environments.
11:45:49   2         Q.   Any other criteria?
11:45:51   3         A.   Yes.
11:45:56   4              MS. SHAVER:  This would be a good time to take
11:45:58   5    a break.
11:46:00   6              THE VIDEOGRAPHER:  This is the end of video
11:46:01   7    No. 2.  The time is 11:46 a.m.  We're going off the
11:46:05   8    record.
11:46:10   9              (Recess taken.)
11:58:26  10              THE VIDEOGRAPHER:  This is the beginning of
12:02:28  11    video No. 3 in the deposition of Chuong Nguyen.  The
12:02:33  12    time is 12:02 p.m.  We're back on the record.
12:02:38  13              MS. ZENG:  Before we get started, I just wanted
12:02:41  14    to say the witness would like to read and sign the
12:02:43  15    deposition.
12:02:48  16              MS. SHAVER:  Q.  When a job requisition is
12:02:51  17    opened, who decides what the salary range for that
12:02:55  18    job will be?
12:02:56  19              MS. ZENG:  Objection. Lacks foundation.  Calls
12:02:57  20    for speculation.
12:02:59  21              MR. KIERNAN:  Can we -- real quick, can we just
12:03:01  22    do maybe time and then either executive recruiting and
12:03:05  23    technical?  Just so we have -- I just want the
12:03:09  24    record....
12:03:11  25              MS. SHAVER:  Sure.
```

| | | |
|---|---|---|
| 12:03:16 | 1 | Q.  When you were a technical recruiter, when a job |
| 12:03:23 | 2 | requisition was opened, who decided what the salary |
| 12:03:25 | 3 | range for that job would be? |
| 12:03:31 | 4 | MS. ZENG:  Objection.  Lacks foundation. |
| 12:03:32 | 5 | THE WITNESS:  I'm not sure. |
| 12:03:33 | 6 | MS. SHAVER:  Q.  When you went -- when you |
| 12:03:37 | 7 | were technical recruiter and you were given a |
| 12:03:38 | 8 | requisition to find candidates for -- who gave you |
| 12:03:41 | 9 | the salary range? |
| 12:03:42 | 10 | A.  The hiring manager. |
| 12:03:45 | 11 | Q.  And I believe you testified earlier you are not |
| 12:03:48 | 12 | sure if the hiring manager came up with it or got it |
| 12:03:51 | 13 | from someone else, right? |
| 12:03:52 | 14 | A.  Yes. |
| 12:03:54 | 15 | Q.  Does Intuit have an employee compensation |
| 12:03:57 | 16 | department? |
| 12:03:59 | 17 | A.  We do, yes. |
| 12:04:00 | 18 | Q.  What's it called? |
| 12:04:03 | 19 | A.  Right now, I think it's called Total Rewards or |
| 12:04:06 | 20 | something like that. |
| 12:04:07 | 21 | Q.  Do you know what it was called when you were |
| 12:04:09 | 22 | technical recruiter? |
| 12:04:11 | 23 | A.  I don't recall. |
| 12:04:12 | 24 | Q.  Was it called something besides Total Rewards? |
| 12:04:16 | 25 | A.  Maybe comp and benefits.  I don't know. |

| | | |
|---|---|---|
| 12:04:19 | 1 | Q. When you were technical recruiter, did you work |
| 12:04:23 | 2 | with the compensation and benefits staff? |
| 12:04:29 | 3 | A. I don't recall. I don't think so. |
| 12:04:34 | 4 | Q. Did you ever have conversations with the |
| 12:04:38 | 5 | compensation and benefits staff? |
| 12:04:45 | 6 | A. Yes. But I think it was part of, like, a |
| 12:04:47 | 7 | broader kind of talking to our entire team. |
| 12:04:54 | 8 | Q. Entire HR team? |
| 12:04:55 | 9 | A. The recruiting team. |
| 12:04:57 | 10 | Q. Recruiting team. |
| 12:05:03 | 11 | At that period in time, do you know whether the |
| 12:05:06 | 12 | compensation and benefits team had a role in deciding |
| 12:05:09 | 13 | what salary range for a job requisition would be? |
| 12:05:18 | 14 | A. They provided the guidelines. That's all I |
| 12:05:20 | 15 | know. |
| 12:05:22 | 16 | Q. Who did they provide the guidelines to? |
| 12:05:24 | 17 | MS. ZENG: Objection. Vague. Lacks |
| 12:05:25 | 18 | foundation. |
| 12:05:26 | 19 | THE WITNESS: The HR partner that works with |
| 12:05:29 | 20 | the hiring manager. |
| 12:05:33 | 21 | MS. SHAVER: Q. Are those the same |
| 12:05:35 | 22 | guidelines that your hiring partner -- excuse me, |
| 12:05:38 | 23 | your hiring manager conveyed to you? |
| 12:05:41 | 24 | A. I don't know. |
| 12:05:44 | 25 | Q. But for your purposes as a technical recruiter, |

```
12:05:47  1   you went by what your hiring manager gave you as a
12:05:49  2   salary range?
12:05:50  3       A.  Yes.
12:05:52  4       Q.  Do you know if that was the practice of other
12:05:54  5   technical recruiters?
12:05:55  6       A.  I don't know.
12:06:02  7       Q.  ████████████████████████████████████████
          ████████████████████████████████████████████████████
          ████████████████████████████████
12:06:15 10           MS. ZENG:  Objection.  Calls for speculation.
12:06:18 11           THE WITNESS:  ████████████████████████████
          ████████████████████████████  ████
12:06:25 13           MS. SHAVER:  Q.  ████████████████████████
          ████████████████████████████
12:06:29 15       A.  ████████████████████████████  ████
          ████████████████████████████
12:06:37 17       Q.  Yes.
12:07:16 18           As an executive recruiter, do you work with the
12:07:20 19   Total Rewards team?
12:07:21 20       A.  Yes.
12:07:23 21       Q.  And how do you work with the Total Rewards
12:07:25 22   team?
12:07:29 23       A.  Primarily during the offer negotiation phase.
12:07:34 24       Q.  And what's their job or their role in the offer
12:07:38 25   negotiation phase?
```

12:07:39  1         A.   To give counsel on what they recommend an offer
12:07:42  2    package should look like.
12:07:44  3         Q.   Who makes the final decision on what the offer
12:07:47  4    package should be or is?  Excuse me.
12:07:50  5         A.   The hiring manager and his or her boss.
12:08:01  6         Q.   Do you also offer counsel on what the
12:08:04  7    compensation package should be?
12:08:06  8         A.   Yes, I do.  You are referring to the executive
12:08:20  9    recruiting phase?
12:08:21 10         Q.   Yes.
12:08:21 11         A.   Yes.
12:08:26 12         Q.   As an executive recruiter do you still receive
12:08:29 13    salary ranges or guidelines from the hiring manager?
12:08:37 14         A.   Seldomly.  More about finding the right person.
12:08:52 15              MS. CISNEROS:  What do you mean by that?
12:08:55 16              THE WITNESS:  They're more concerned about
12:08:56 17    finding the right person and paying accordingly versus
12:08:59 18    here's a range, find someone that fits it.
12:09:07 19              MS. SHAVER:  Q.  If a candidate -- in your
12:09:09 20    job as an executive recruiter, if a candidate asks
12:09:12 21    you what the salary for the job is, are you
12:09:18 22    authorized to give an answer?
12:09:21 23              MS. ZENG:  Objection.  Calls for speculation.
12:09:24 24              THE WITNESS:  The way I answer it is I tell
12:09:26 25    them it depends on their experience and their salary

```
 1            I, Gina V. Carbone, Certified Shorthand
 2    Reporter licensed in the State of California, License
 3    No. 8249, hereby certify that the deponent was by me
 4    first duly sworn and the foregoing testimony was
 5    reported by me and was thereafter transcribed with
 6    computer-aided transcription; that the foregoing is a
 7    full, complete, and true record of said proceedings.
 8            I further certify that I am not of counsel or
 9    attorney for either of any of the parties in the
10    foregoing proceeding and caption named or in any way
11    interested in the outcome of the cause in said caption.
12            The dismantling, unsealing, or unbinding of
13    the original transcript will render the reporter's
14    certificates null and void.
15            In witness whereof, I have hereunto set my
16    hand this day:  February 21, 2013.
17            ___X___  Reading and Signing was requested.
18            _____  Reading and Signing was waived.
19            _____  Reading and signing was not requested.
20
21
22                    _____
23                        GINA  V. CARBONE
24                        CSR 8249, RPR, CCRR
25
```