GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
STEVEN M. PERRY (State Bar No. 106154)
steven.perry@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant Intel Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Local Rule 7-11 and 79-5, Defendants Adobe Systems, Inc., Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm Ltd., and Pixar (collectively, "Defendants") hereby jointly move to seal redacted portions of the following:

(i) Exhibit A attached to the Omnibus Declaration of Christina J. Brown in Support of Defendants' Replies in Support of Joint Motion to Exclude Testimony of Edward E. Leamer, Ph.D. and Joint Motion to Strike Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report ("Omnibus Brown Declaration"); and

(ii) Exhibit 1 attached to the Declaration of Eric Evans filed in support of Google's Reply in support of its Motion for Summary Judgment.

The redacted information has been designated Confidential or Attorneys' Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  Defendants are concurrently filing declarations in support of the respective sealing requests and are concurrently filing a proposed order listing each document sought to be redacted and the specific support for each request.

## I. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).

Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Courts have found that "[o]ne factor that weighs in favor of sealing documents [under the compelling reasons standard] is when the release of the document will cause competitive harm to a business." *Apple v. Samsung*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013); *Apple Inc. v. PsystarCorp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the power of a court to

insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"). Moreover, the release of trade secrets constitutes "compelling reasons" sufficient to outweigh the public's interest in disclosure. *Samsung*, 727 F.3d at 1221-22.

## II. COMPELLING REASONS EXIST TO SEAL CONFIDENTIAL INFORMATION SUBMITTED IN CONNECTION WITH PLAINTIFFS' OPPOSITION PAPERS.

The redacted portions of Exhibit A to the Omnibus Brown Declaration and Exhibit 1 to the Evans Declaration filed in support of Google's Reply in support of its Motion for Summary Judgment contain highly confidential and commercially sensitive information about employee compensation, as well as confidential hiring data, which reveal confidential recruiting and hiring strategies, practices, and policies. Defendants also seek to keep under seal the personal identifying or private information of employees and third parties. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As the concurrently filed declarations demonstrate, Defendants keep the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants.

This type of information is regularly sealed because disclosure could cause competitive harm. *See, e.g., Rich v. Shrader*, No. 09CV652, WL 6028305, at *3-4 (S.D. Cal. Nov. 13, 2013) (granting motion to seal deposition testimony attached to summary judgment motion that contains "information on Booz Allen compensation policies" and "internal policies and controls with regards to employee performance and review"); *Krieger v. Atheros Commc'ns, Inc*., No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (sealing "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses" under the compelling reasons standard); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (sealing summary judgment materials that discuss "confidential salary information"); *Network Appliance, Inc. v. Sun Microsystems Inc*., No. C-07-06053, 2010 U.S. Dist. LEXIS

1  21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's]
2  business strategies and opportunities that were not widely distributed"); *see also TriQuint*
3  *Semiconductor, Inc. v. Avago Techns. Ltd.*, No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9
4  (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under
5  compelling reasons standard, including business strategy documents, such as information relating
6  to "product competitiveness, and market and technological opportunities and risks").

7  Moreover, the redacted information constitutes trade secrets, defined as "any formula,
8  pattern, device or compilation of information which is used in one's business, and which gives
9  him an opportunity to obtain an advantage over competitors who do not know or use it."
10 *Samsung*, 727 F.3d at 1221-22.  As evidenced by the concurrently filed declarations, the
11 information Defendants seek to seal relate to Defendants' internal business practices and
12 strategies used in compensating, recruiting, and hiring employees.  This falls plainly within the
13 trade secrets definition.  *Id.*; *see also In re Electronic Arts, Inc.*, 298 F. App'x. 568, 569-70 (9th
14 Cir. 2008).

15 **III.    CONCLUSION**

16 For the foregoing reasons, Defendants respectfully request that this Court order the above-
17 referenced materials be placed under seal.

Dated:   February 27, 2014                    MUNGER TOLLES & OLSON LLP

                                              By:  */s/ John Mittelbach*
                                                   John Mittelbach

                                                   355 South Grand Avenue, 35th Floor
                                                   Los Angles, CA  90071-1560
                                                   Telephone:  (213) 683-9100
                                                   Facsimile:   (213) 687-3702

                                                   *Attorneys for Defendant INTEL CORPORATION*

Dated: February 27, 2014                                KEKER & VAN NEST LLP


                                        By:     /s/ Robert A. Van Nest
                                                Robert A. Van Nest

                                                Daniel Purcell
                                                Eugene M. Paige
                                                Justina Sessions
                                                633 Battery Street
                                                San Francisco, CA  94111
                                                Telephone:  (415) 391-5400
                                                Facsimile:  (415) 397-7188


Dated: February 27, 2014                                MAYER BROWN LLP


                                        By:     /s/ Lee H. Rubin
                                                Lee H. Rubin

                                                Edward D. Johnson
                                                Donald M. Falk
                                                Two Palo Alto Square
                                                3000 El Camino Real, Suite 300
                                                Palo Alto, CA  94306-2112
                                                Telephone:  (650) 331-2057
                                                Facsimile:   (650) 331-4557

                                                *Attorneys for Defendant GOOGLE INC.*


Dated:    February 27, 2014                             O'MELVENY & MYERS LLP



                                        By:     /s/ Michael F. Tubach

|   |   |   |
|---|---|---|
| | | Michael F. Tubach |
| | | George Riley |
| | | Christina J. Brown |
| | | Two Embarcadero Center, 28th Floor |
| | | San Francisco, CA  94111 |
| | | Telephone:  (415) 984-8700 |
| | | Facsimile:   (415) 984-8701 |
| | | *Attorneys For Defendant APPLE INC.* |

Dated:     February 27, 2014                         JONES DAY

                                                      By:   /s/ *David C. Kiernan*
                                                            David C. Kiernan

                                                      Robert A. Mittelstaedt
                                                      Lin W. Kahn
                                                      555 California Street, 26th Floor
                                                      San Francisco, CA  94104
                                                      Telephone:  (415) 626-3939
                                                      Facsimile:   (415) 875-5700

                                                      *Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated:     February 27, 2014                         JONES DAY

                                                      By:     */s/ Robert A. Mittelstaedt*
                                                              Robert A. Mittelstaedt

                                                      Robert A. Mittelstaedt
                                                      Craig E. Stewart
                                                      555 California Street, 26th Floor
                                                      San Francisco, CA  94104
                                                      Telephone:  (415) 626-3939
                                                      Facsimile:   (415) 875-5700

                                                      Catherine T. Zeng
                                                      JONES DAY
                                                      1755 Embarcadero Road
                                                      Palo Alto, CA  94303
                                                      Telephone:     (650) 739-3939
                                                      Facsimile:      (650) 739-3900

                                                      *Attorneys for Defendant INTUIT INC.*

| | | |
|---|---|---|
| 1 | Dated: February 27, 2014 | COVINGTON & BURLING LLP |
| 2 | | |
| 3 | | By:  */s/ Emily Johnson Henn*<br>          Emily Johnson Henn |
| 4 | | Robert T. Haslam, III |
| 5 | | Emily Johnson Henn<br>333 Twin Dolphin Drive, Suite 700 |
| 6 | | Redwood City, CA  94065<br>Telephone:  (650) 632-4700 |
| 7 | | *Attorneys for Defendants PIXAR and LUCASFILM LTD.* |