1
GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
2
BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
3
STEVEN M. PERRY (State Bar No. 106154)
steven.perry@mto.com
4
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
5
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
6
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
7
Facsimile:  (213) 687-3702
8
Attorneys for Defendant Intel Corporation
9

10

11
**UNITED STATES DISTRICT COURT**

12
**NORTHERN DISTRICT OF CALIFORNIA**

13
**SAN JOSE DIVISION**

14

15
IN RE: HIGH-TECH EMPLOYEE
ANTITRUST LITIGATION
16

17
THIS DOCUMENT RELATES TO:

18

19
ALL ACTIONS

20

21

Master Docket No. 11-CV-2509-LHK

**DECLARATION OF JOHN MITTELBACH IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

22

23

24

25

26

27

28

I, John Mittelbach hereby declare and say:

1.  I am an attorney with Munger, Tolles & Olson LLP, counsel of record for Intel Corporation ("Intel") in this case, and am admitted to practice before this Court.  I make this declaration in support of Defendants' Joint Administrative Motion to File Under Seal that is being filed concurrently with this Declaration.  On behalf of Intel, I make this declaration pursuant to Local Rules 79-5(d) and 7-11(a) to demonstrate compelling reasons for the portions of the documents described below to be filed under seal.  If called and sworn as a witness, I could and would competently testify to the matters stated below.

2.  I have reviewed the following documents, and made specific, narrowly tailored redactions where necessary to protect highly confidential and highly sensitive Intel information regarding its compensation, hiring, and recruiting practices in Defendants' Reply in support of their Motion to Exclude the Expert Testimony of Edward E. Leamer, Ph.D. and the accompanying exhibits.  The redactions – as detailed below – apply to only certain exhibits accompanying these documents.

### *The Reasons for Sealing the Redacted Information*

3.  The grounds for Intel's redactions identified below are set forth in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File Under Seal Plaintiffs Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, Docket Item 203 (Oct. 8, 2012) ("Evangelista Decl.").  The types of confidential Intel information reflected in the documents at issue here are the same (or substantially similar) to the types of confidential Intel information described in the Evangelista Declaration.  As explained in the Evangelista Declaration, compelling reasons to seal the redacted information exist because: (1) the information at issue here reflects confidential business information that gives Intel a competitive advantage in recruiting, retaining, and compensating employees.  Evangelista Decl. ¶ 4; (2) Intel derives independent economic value from the strategic information and raw data contained in these documents not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.  *Id.* ¶ 5; and (3) it is Intel's practice to treat these documents and data as confidential, and not to disclose them outside the company.  *Id.* ¶ 6.  The

MITTELBACH DECL. ISO OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL

information reflected in the documents at issue here quotes from, describes, or reflects analysis of

Intel's documents and data that have been designated "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" ("AEO") pursuant to the Protective Order in this Action.

<u>*The Intel Confidential Information that Should be Sealed*</u>

4.      Specifically, Intel seeks to seal the following highly confidential, commercially

sensitive information:

**Expert Report of Professor Kevin M. Murphy (Nov. 12, 2012):** The grounds for

redactions relating to Intel confidential information are stated in the Declaration of Frank Busch in

support of Defendants' Joint Administrative Motion to File Under Seal, Docket Item 220 (Nov.

12, 2012) ¶¶ 4-10.

<u>*The Particularized Harm Disclosure Would Cause*</u>

5.      According to the Evangelista Declaration, which addresses the same (or

substantially similar) types of information as that which is redacted in the above-referenced

documents, Intel would suffer particular harm if the redacted information is disclosed to the

public.  As described in the Evangelista Declaration, disclosure of such information (1) would put

Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and

compensate employees.  Evangelista Decl. ¶ 8;  (2) would deprive Intel of its investment in

developing strategies for recruiting and compensation.  *Id.*; and (3) would give Intel's competitors

an unearned advantage by informing them of Intel's compensation strategies, compensation levels,

and other related information.  *Id.*

6.      Because the information redacted in the above-referenced documents cannot be

disclosed without causing particularized harm to Intel, it should be protected from public

disclosure.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.

3

4    Executed this 27th day of February, 2014 at Los Angeles, California.

5

6

7

8                                                    */s/ John Mittelbach*
                                                    John Mittelbach

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28