1  GEORGE A. RILEY (Bar No. 118304)
   griley@omm.com
2  MICHAEL F. TUBACH (Bar No. 145955)
   mtubach@omm.com
3  CHRISTINA J. BROWN (Bar No. 242130)
   cjbrown@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
6  Facsimile:    (415) 984-8701

7  Attorneys for Defendant Apple Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
|---|---|
| THIS DOCUMENT RELATES TO: | **DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| ALL ACTIONS | |

I, Christina Brown, declare as follows:

1. I am a member of the Bar of the State of California and a counsel at O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Joint Administrative Motion to File Under Seal (Dkt. 695), and in support of Apple's request that certain materials lodged under seal with the motion be sealed pursuant to Civil Local Rule 79-5(d). I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Apple seeks to seal only limited portions of one exhibit to the Omnibus Declaration of Christina J. Brown in Support of Defendants' Replies in Support of Joint Motion to Exclude Testimony of Edward E. Leamer, Ph.D. and Joint Motion to Strike Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report ("Omnibus Brown Declaration"). Specifically, Apple seeks to maintain under seal certain redacted portions of Exhibit A, the November 12, 2012 Expert Report of Professor Kevin M. Murphy, as reflected in the proposed redacted and highlighted versions of the report filed with Defendants' administrative motion to seal. I have reviewed this document, and I believe there are compelling reasons to maintain under seal the portions set forth below. These portions contain and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3. Apple seeks to seal the following highly confidential, competitively sensitive information contained in Omnibus Brown Declaration Exhibit A, the November 12, 2012 Expert Report of Professor Kevin M. Murphy:

- Paragraph 46 (third sentence) reflects Apple's highly confidential employee compensation strategies and data;
- Paragraph 76 (second through sixth sentences) and footnote 92 (quotation in first sentence) reflect Apple's highly confidential employee compensation data and strategies;
- Exhibit 3 (chart pertaining to Apple) reflects Apple's highly confidential employee hiring strategies and employee data;

- Exhibit 5 (portions pertaining to Apple) reflects Apple's highly confidential employee hiring strategies and employee data;
- Exhibit 6 (portions pertaining to Apple) reflects Apple's highly confidential employee data;
- Exhibits 7A and 7B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data;
- Exhibits 8A and 8B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data;
- Exhibit 9A reflects Apple's highly confidential employee compensation data;
- Exhibit 10 (chart pertaining to Apple) reflects Apple's highly confidential employee compensation data;
- Exhibit 11A reflects Apple's highly confidential employee compensation data;
- Exhibit 19 (portion of the top chart regarding average change in total compensation) reflects Apple's highly confidential employee compensation data;
- Appendices 1A through 2D (portions pertaining to Apple) reflect Apple's highly confidential employee hiring strategies and employee data;
- Appendices 3A and 3B (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data; and
- Appendices 4A through 4D (portions pertaining to Apple) reflect Apple's highly confidential employee compensation data.

4. As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, highly confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee compensation practices and strategies. Public disclosure of this information would deprive Apple of its

1  investment in developing these strategies and put Apple at a significant disadvantage with respect
2  to recruiting, hiring, and compensating its employees.  Apple would therefore be prejudiced if this
3  information were made available to the general public.

4      5. Because these portions of the report cannot be publicly disclosed without causing
5  serious harm, as described above, Apple requests that they be maintained under seal and redacted
6  from the publicly-filed versions of the document.

7  I declare under penalty of perjury under the laws of the United States that the above is true
8  and correct.

9  Executed on February 27, 2014, in San Francisco, California.

11     By: */s/ Christina J. Brown*
12          Christina J. Brown