MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:    (650) 331-2061

*Attorneys for Defendant*
*Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF ERIC B. EVANS IN SUPPORT OF DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Eric B. Evans, declare as follows:

1. I am a partner with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter. I am admitted to practice law before this Court. I submit this declaration in support of Defendants' Joint Administrative Motion To File Under Seal. As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the facts stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I have read and reviewed the Declarations of Frank Wagner (Google's Director of Compensation) that were filed on October 9, 2012, November 12, 2012 and December 18, 2012 (Dkts. 201, 221 and 261, respectively) in this matter. In those Declarations, Mr. Wagner describes the competitive harm that Google would suffer if certain confidential and highly sensitive details about Google's compensation, recruiting, and hiring strategies and practices, including confidential details about Google's internal deliberations and business strategy related to how Google sets compensation for its employees, as well as how Google might respond to competition for its employees from other employers.

3. Google has reviewed (a) Defendant Google Inc.'s Reply in Support of Its Motion for Summary Judgment and the attached exhibits, filed on February 27, 2014 and (b) Defendants' Reply In Support Of Joint Motion To Exclude The Expert Testimony Of Edward E. Leamer, Ph.D and attached exhibits.

4. Google has identified and made specific and narrowly tailored redactions—which are detailed in paragraphs 5 and 6, below—to particular portions of its Reply In Support Of Its Motion for Summary Judgment with attached exhibits and Defendants' Reply In Support Of Joint Motion To Exclude The Expert Testimony Of Edward E. Leamer, Ph.D with attached exhibits that contain confidential and highly sensitive details about Google's recruiting and hiring strategies and practices and that reflect Google's internal deliberations and business strategy related to how Google approaches recruiting and hiring, and personal identifying information of individuals recruited by Google.

5. In particular, Google requests to seal the following portions of an exhibit attached to its Reply in Support of Its Motion for Summary Judgment:

   **a) Excerpts from the deposition of Eric Schmidt taken on February 20, 2013:**

   i) Page 165:2 (only the name of an employee recruited by Google)

6. In particular, Google also requests to seal portions of the following exhibits attached to Defendants' Reply In Support Of Joint Motion To Exclude The Expert Testimony Of Edward E. Leamer, Ph.D:

    a) **Expert Report of Professor Kevin Murphy dated November 12, 2012**. The following portions of Professor Murphy's report contain highly confidential and highly sensitive information related to Google's recruiting and compensation practices and data.  It is also my understanding that the Court previously granted Google's request to seal the below portion of this report in the Court's Order Granting in Part and Denying in Part Motions to Seal (Dkt. 509):

        i)     Page 13, footnote 20 (last clause of last sentence only, listing employers)

        ii)     Page 14, Paragraph 20 (third sentence relating to Google's use of third-party market data)

        iii)     Page 14, footnote 24 (last parenthetical only)

        iv)     Page 21, Paragraph 35 (figures in last sentence only)

        v)     Page 25, Paragraph 43 (last two sentences only)

        vi)     Page 26, Paragraph 45 (portion of third sentence only)

        vii)     Pages 26-27, Paragraph 46 (fourth sentence only)

        viii)     Pages 42-43, Paragraph 78 (last three sentences only)

        ix)     Page 45, footnote 107

        x)     Page 47, footnote 114 (first sentence only)

        xi)     Page 54, Paragraph 95 (percentage figures in last sentence only)

        xii)     Page 78, Paragraph 146 (percentage figure and description before the term "rate" in last sentence)

        xiii)     Exhibits 3, 5, 6, 7A, 7B, 8A, 8B, 9B, 10, 11B, 15B

        xiv)     Appendices 1A, 1B, 1C, and 1D

7.     Based on the previous declarations submitted by Frank Wagner, the information in portions of the Defendant Google Inc.'s Reply in Support of Its Motion for Summary Judgment with attached exhibits and Defendants' Reply In Support Of Joint Motion To Exclude The Expert Testimony Of Edward E. Leamer, Ph.D with attached exhibits —as identified above in Paragraphs 5 and 6—is confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality or sensitive personally

identifying information. Dkts. 201, 221 and 261. Google does not disclose this information to its competitors, customers or the general public. *Id.* Public disclosure of this information would likely result in competitive harm to Google by giving third parties, including its competitors in the labor market, direct insight into confidential and sensitive aspects of Google's internal decision-making processes and business strategy related to employee hiring and recruiting. *Id.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2014 in Palo Alto, California.   /s/   Eric B. Evans
                                                               Eric B. Evans