Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Car No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 79-5(d) TO FILE UNDER SEAL FILINGS RELATED TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY PROFFERED BY DEFENDANTS**<br><br>Judge:     Honorable Lucy H. Koh |

1  Pursuant to Civil Local Rule 7-11 and 79-5(d), Plaintiffs respectfully request that this
2  Court issue an order authorizing the filing under seal, in their entireties, Exhibits 2 and 3 to the
3  Declaration of Brendan P. Glackin in Support of Plaintiffs' Reply in Support of Motion to
4  Exclude Expert Testimony Proffered By Defendants.

5  Pursuant to this Court's Local Rule 79-5(d)(1), Plaintiffs attach hereto redacted and
6  unredacted versions of these Exhibits.

7  Plaintiffs submit this motion to seal to comply with the Stipulated Protective Order
8  (Modified by the Court) (Dkt. 107) (hereinafter "Protective Order").  Plaintiffs request that the
9  above noted documents be filed under seal because they are or refer to documents or information
10 that Defendants have designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
11 EYES ONLY" under the Protective Order.  None of the information at issue was designated as
12 confidential by Plaintiffs.  Plaintiffs take no position on whether the designated documents satisfy
13 the requirements for sealing, and specifically reserve the right to challenge any
14 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under
15 the Protective Order, as well as the sealability of these documents under the Federal Rules of
16 Civil Procedure and Local Rule 79-5.

17 Rule 26(c) of the Federal Rules of Civil Procedure provides discretion for a trial court to
18 permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential
19 research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  In the context of a
20 dispositive motion, the Ninth Circuit has carved out an exception to the presumption of access to
21 judicial records, where the requesting party shows "compelling reasons" to keep the records under
22 seal.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("'[C]ompelling
23 reasons' must be shown to seal judicial records attached to a dispositive motion."); *cf. Pintos v.*
24 *Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest
25 in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under
26 seal.").  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure
27 and justify sealing court records exist when such 'court files might have become a vehicle for
28 improper purposes,' such as the use of records to gratify private spite, promote public scandal,

1163115.1                               - 1 -                    PLAINTIFFS' ADMIN. MOTION TO SEAL
                                                                  CASE NO. 11-CV-2509-LHK

circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal citations omitted).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Defendants must show compelling reasons for sealing the documents they have placed a confidentiality designation upon by submitting a declaration and proposed order within four days after the filing of an Administrative Motion to Seal concerning the designated documents.  *See* Civil Local Rule 79-5(e)(1).  This motion is further supported by the Declaration of Dean M. Harvey, detailing the exhibits at issue and the parties who have designated the information at issue as Confidential or Confidential-Attorneys' Eyes Only.

Dated:  February 27, 2014            Respectfully Submitted,


By: */s/ Dean M. Harvey*
    Dean M. Harvey

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri
James G. Dallal
JOSEPH SAVERI LAW FIRM, INC.
255 California, Suite 450
San Francisco, CA  94111
Telephone:  (415) 500-6800
Facsimile: (415) 500-6803

*Co-Lead Class Counsel*