# EXHIBIT D

# BROWN REPLY DECLARATION ISO APPLE'S MOTION FOR SUMMARY JUDGMENT

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                     SAN JOSE DIVISION
 4
 5
 6   IN RE:  HIGH-TECH EMPLOYEE          )
 7   ANTITRUST LITIGATION                )
 8                                       )   No. 11-CV-2509-LHK
 9   THIS DOCUMENT RELATES TO:           )
10   ALL ACTIONS.                        )
11   _____   )
12
13
14              CONFIDENTIAL PORTIONS REDACTED
15            VIDEO DEPOSITION OF PAMELA ZISSIMOS
16                     November 13, 2012
17
18
19
20   REPORTED BY:  GINA V. CARBONE, CSR NO. 8249, RPR, CCRR
21
22
23
24
25
```

Deposition of Pamela Zissimos                    In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
 1  your offer, and I made them an offer.
 2       Q.  And did he accept it?
 3       A.  Yes.  I don't remember if he asked for more
 4  money.
 5       Q.  Do you remember whether he came back to you
 6  with a better offer from Lucasfilm?
 7       A.  No.  My offer was already below what he was
 8  making.
 9       Q.  So he didn't come back to you with a better
10  offer from Lucasfilm?
11       A.  (Nonverbal response.)
12       Q.  So he accepted the offer with less money?
13       A.  (Nonverbal response.)
14           MS. HENN:  Please try to answer with your
15  voice.
16           THE WITNESS:  Sorry.
17           MS. HENN:  Your answer still isn't on the
18  record.
19           MR. HARVEY:  Yes, why don't we go back.
20       Q.  So I think the pending question was:  So he
21  didn't come back to you with a better offer from
22  Lucasfilm?
23       A.  No.
24           MR. HARVEY:  Thank you.
25           MS. HENN:  Thank you.
```

1    MR. HARVEY: I think it's a good time for a
2  break.
3    MS. HENN: Okay.
4    THE VIDEOGRAPHER: The time is 12:24 p.m.
5  We're going off the record.
6    (Recess taken.)
7    THE VIDEOGRAPHER: The time is 1:07. We're
8  going back on the record.
9    MR. HARVEY: Q. Good afternoon. We're
10 going to switch gears and talk about Apple for a
11 little while. Are you aware of any agreement
12 between Apple and Pixar that restricted Pixar's
13 recruiting of Apple employees and vice-versa?
14     A. I'm aware -- I don't know if I would phrase it
15 like that. It was told to me that, again, with our not
16 poaching, that Apple was on the list of those companies
17 that we don't poach from.
18     Q. Uh-huh. Do you have an understanding that it
19 was on that list because of an agreement with Apple?
20     A. I had an understanding that it was on that list
21 because Steve Jobs was overseeing both Apple and Pixar,
22 and so we didn't want to be poaching their talent.
23     Q. Do you know whether part of the concern was
24 keeping Steve Jobs happy?
25     A. I can't answer that. I don't know.

1   Q. You don't know?
2   A. No.
3   Q. Do you recall any conversations with anyone at
4   Pixar about making sure not to solicit anyone from Apple
5   because it could make Steve Jobs angry?
6   A. Do I --
7   Q. Uh-huh.
8   A. -- have any -- remember any conversations like
9   that?
10  Q. Yes.
11  A. No, I don't.
12       MR. HARVEY: I'm introducing Plaintiffs'
13  Exhibit 368 which is Bates-stamped Pixar 69. And please
14  let me know once you've had a chance to examine the
15  document.
16       (Whereupon, Exhibit 368 was marked for
17       identification.)
18       MR. HARVEY: Q. So this is from 2005, so I
19  understand that you didn't receive this document.
20  A. Right.
21  Q. But I'm going to ask you a few things about it,
22  so feel free to read through it if you would like.
23  A. Okay.
24     Okay.
25  Q. Okay. So again, I realize that you didn't

```
 1        I, Gina V. Carbone, Certified Shorthand
 2   Reporter licensed in the State of California, License
 3   No. 8249, hereby certify that the deponent was by me
 4   first duly sworn and the foregoing testimony was
 5   reported by me and was thereafter transcribed with
 6   computer-aided transcription; that the foregoing is a
 7   full, complete, and true record of said proceedings.
 8        I further certify that I am not of counsel or
 9   attorney for either of any of the parties in the
10   foregoing proceeding and caption named or in any way
11   interested in the outcome of the cause in said caption.
12        The dismantling, unsealing, or unbinding of
13   the original transcript will render the reporter's
14   certificates null and void.
15        In witness whereof, I have hereunto set my
16   hand this day: November 26, 2012.
17          ___X___ Reading and Signing was requested.
18          _____ Reading and Signing was waived.
19          _____ Reading and signing was not requested.
20
21
22                  _____
23                  GINA  V. CARBONE
24                  CSR 8249, RPR, CCRR
25
```