1  GEORGE A. RILEY (Bar No. 118304)
   griley@omm.com
2  MICHAEL F. TUBACH (Bar No. 145955)
   mtubach@omm.com
3  CHRISTINA J. BROWN (Bar No. 242130)
   cjbrown@omm.com
4  VICTORIA L. WEATHERFORD (Bar No. 267499)
   vweatherford@omm.com
5  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
6  San Francisco, CA  94111-3823
   Telephone:      (415) 984-8700
7  Facsimile:      (415) 984-8701

8  Attorneys for Defendant Apple Inc.

9  [Additional counsel listed on signature page]

10

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                         **SAN JOSE DIVISION**

14

15  IN RE HIGH-TECH EMPLOYEE                Master Docket No. 11-CV-2509 LHK
    ANTITRUST LITIGATION
16                                          **DEFENDANTS' REPLY IN SUPPORT**
    THIS DOCUMENT RELATES TO:               **OF MOTION TO STRIKE THE**
17                                          **IMPROPER REBUTTAL TESTIMONY**
    ALL ACTIONS                             **IN DR. LEAMER'S REPLY EXPERT**
18                                          **REPORT OR, IN THE ALTERNATIVE,**
                                            **FOR LEAVE TO SUBMIT A REPLY**
19                                          **REPORT OF DR. STIROH**

20                                          Date:         March 20, 2014 and
                                                          March 27, 2014
21                                          Time:         1:30 p.m.
                                            Courtroom:    8, 4th Floor
22                                          Judge:        The Honorable Lucy H. Koh

23

24

25

26

27

28

1    **I.      INTRODUCTION**

2          Plaintiffs admit that Dr. Leamer's new 50% test of statistical significance and discussion

3    of Type I and Type II errors can be found nowhere in his five prior reports in this case.  Plaintiffs

4    defend this new, last-minute analysis by claiming that none of Defendants' reports before

5    Dr. Stiroh's report critiqued his findings for being statistically insignificant.  Thus, Plaintiffs say,

6    Dr. Leamer could not have foreseen that Dr. Stiroh would criticize his results as being statistically

7    meaningless.

8          Plaintiffs seriously misstate the facts.  Fifteen months ago, Defendants' expert for class

9    certification, Dr. Kevin Murphy, offered a detailed criticism of Dr. Leamer for presenting

10   statistically insignificant results at conventional levels, including charts titled "Dr. Leamer's

11   Estimates of Undercompensation Are Not Statistically Significant."  (Omnibus Declaration of

12   Christina J. Brown ISO Defendants' Replies ("Omnibus Brown Decl.") Ex. A, Murphy Nov.

13   2012 Rpt. Exs. 22A & 22B.)  Dr. Murphy explained that the problem arose from Dr. Leamer's

14   failure to "cluster" the standard errors in his regression model, the same problem Dr. Leamer is

15   now, belatedly, trying to avoid with his new opinions.  In the meantime, however, Dr. Leamer

16   submitted four additional reports, but made no mention of either a 50% threshold for statistical

17   significance or Type I and Type II errors.  So there is nothing new about Dr. Stiroh's criticism of

18   Dr. Leamer's work as statistically meaningless under standard measures.  What is new (and

19   improper) is Dr. Leamer's effort to present in his rebuttal report an entirely new theory and

20   analysis to attempt to bolster his shaky conclusions, after choosing first to deny the problem and

21   then to ignore the Court's suggestion to address it.  That is the essence of sandbagging prohibited

22   by Federal Rules of Evidence 26 and 37.

23         Dr. Leamer also should be precluded from offering new opinions regarding his "new

24   hires" variable and his decision to use real rather than nominal wages in computing purported

25   damages.  These are topics that should have been addressed in his initial merits report, not in a

26   rebuttal report.

27         If the Court is not inclined to strike the improper portions of Dr. Leamer's rebuttal report,

28   the Court should allow Defendants to submit a short sur-reply report from Dr. Stiroh addressing

these new issues.  Contrary to Plaintiffs' suggestion, there would be no prejudice to Plaintiffs.

Defendants provided a draft from Dr. Stiroh defining the limited scope of her proposed sur-reply

report to Plaintiffs two months ago, and the trial is still three months away.  In any event, any

minimal inconvenience to Plaintiffs is of their own making.  If they had included Dr. Leamer's

new opinions and analyses in his original merits report, the parties would not be in this position.

## II.  PLAINTIFFS' NEW 50% TEST AND DISCUSSION OF TYPE I AND TYPE II ERRORS CONSTITUTE IMPROPER REBUTTAL AND SHOULD BE BARRED

Plaintiffs do not dispute that Dr. Leamer's opinions in his rebuttal report regarding the

50% threshold for statistical significance and Type I and Type II errors are new.  Their only

argument that these new opinions are the proper subject of rebuttal is that Dr. Stiroh is the first

and only economist to criticize Dr. Leamer's model for failing to meet standard thresholds of

statistical significance.  (Pls.' Opp. to Mot. to Strike Reply Report of Edward Leamer, Dkt. 600

("Opp.") at 4.)  This is simply not true.  In his first report in this case, Dr. Murphy criticized

Dr. Leamer for producing results that, when corrected for a basic statistical error, were

statistically insignificant.  Dr. Murphy's report included a lengthy discussion of the need to

cluster standard errors to determine whether Dr. Leamer's results were statistically meaningful.

(Omnibus Brown Decl. Ex. A, Murphy Nov. 2012 Rpt. ¶¶ 121-28.)  Dr. Murphy concluded:

> This exhibit shows *that none of Dr. Leamer's "undercompensation" estimates for any employer or year is statistically significant at conventional levels* under the properly computed standard errors.  The p-values imply that Dr. Leamer's estimates are completely consistent with there being no true effect of the desired conduct and his estimates resulting entirely from random factors unrelated to that conduct.  Thus, once properly analyzed, Dr. Leamer's conduct regression provides no meaningful evidence that the challenged agreements reduced compensation of members of the proposed class.  (*Id.* ¶ 128 (emphasis added).)

As support for this critique, Dr. Murphy created several charts titled "Dr. Leamer's

Estimates of Undercompensation Are Not Statistically Significant."  (*Id.* at Exs. 22A & 22B.)

These charts showed that after clustering standard errors, Dr. Leamer's results "are not

statistically significant at the 95% level."  (*Id.*; *see also id.* at Exs. 21A & 21B.)  Dr. Murphy's

work was the basis for Defendants' argument in opposition to class certification that clustering

standard errors "renders all Leamer's under-compensation results statistically indistinguishable

1   from zero." (Class Cert. Opp., Dkt. 209, at 24.) The Court declined to exclude the regression at

2   that time, but "encouraged" Dr. Leamer to take steps to address the clustering, and resulting

3   significance, problem. (Apr. 5, 2013 Order, Dkt. 383, at 43 & n.15.)

4        Thus, Plaintiffs' justification of Dr. Leamer's new theories and opinions on the ground

5   that his work had never been criticized previously as statistically meaningless at conventional

6   levels is simply wrong. Defendants squarely raised this issue in class certification, and the Court

7   addressed it in its ruling. But instead of addressing the issue, as the Court suggested, in any of

8   Dr. Leamer's next three reports, Plaintiffs and Dr. Leamer waited until after Defendants had filed

9   their last expert reports to offer an entirely new test for statistical significance. That kind of

10  litigation by ambush is what Rules 26 and 37 are designed to prevent.

11       It cannot be, as Plaintiffs argue, that anything offered in rebuttal is proper as long as it

12  relates to the "same subject matter." (Opp. at 6 (quoting *In re REMEC Inc. Sec. Litig.*, 702 F.

13  Supp. 2d 1202, 1220 (S.D. Cal. 2010).) Such a standard would wipe out any limits on rebuttal

14  reports and would render meaningless the Court's admonition that rebuttal reports should be "true

15  rebuttal, and not introducing brand new theories that should have been raised in the opening."

16  (Decl. of Christina Brown ISO Mot. to Strike, Dkt. 558 ("Brown Decl.") Ex. 2, Apr. 8, 2013 Hr.

17  Tr. at 19:6-9.) The Court prohibited "brand new theories" in rebuttal reports, even though such

18  theories presumably would relate to the subject matter of whether class members suffered

19  damages as Plaintiffs allege. *See also Bowman v. Int'l Bus. Mach. Corp.*, 2013 WL 1857192, at

20  *7 (S.D. Ind. May 2, 2013) ("Thus, Plaintiffs do not have free reign to produce a rebuttal report

21  containing additional analyses on the basis that this is the same subject matter of the initial

22  reports. A rebuttal report is not the time to change methodologies to account for noted

23  deficiencies; instead, it is to respond to criticisms of such methodologies.").

24       Dr. Leamer's new opinions and theories on 50% statistical significance and Type I and

25  Type II errors should be stricken as improper rebuttal.

26

27

28

III.   **DR. LEAMER'S NEW ARGUMENTS IN SUPPORT OF HIS TOTAL NEW HIRES VARIABLE AND RELIANCE ON REAL COMPENSATION ARE NOT PROPER REBUTTAL**

Plaintiffs do not dispute that Dr. Leamer argues for the first time in his rebuttal report that his total new hires variable is the "most statistically significant variable," and that omitting it would "wreak havoc" on the other coefficients in his model.  (*See* Opp. at 7; Brown Decl. Ex. 8, Leamer Dec. 2013 Reply Rpt. ¶¶ 115-17.)  Instead, they note that they asked Dr. Stiroh in her deposition about allegedly omitting the variable.  But Plaintiffs' counsel's questioning of Dr. Stiroh about this topic at her deposition has nothing to do with whether Dr. Leamer's rebuttal report is proper.  Otherwise, Plaintiffs' counsel could ask any question at all of a defendant's expert and use that as the basis to include new arguments in a rebuttal report.

Plaintiffs also note that Dr. Leamer purportedly published an article about omitting statistically significant variables in 1975.  This is likewise irrelevant.  The fact that Dr. Leamer wrote about omitting variables in an article published almost 40 years ago—an article he did not mention in his initial merits report—does not erase the fact that he failed to address the statistical significance or relative importance of the total new hires variable to his regression model until his rebuttal report, despite including the variable in the sixteen iterations of his model since his first report in October 2012.  (*See* Brown Decl. Ex. 4, Leamer Dec. 2012 Rpt. Figs. 14, 17 & 19; Brown Decl. Ex. 6, Leamer Oct. 2013 Rpt. Exs. 3-6; Brown Decl. Ex. 8, Leamer Dec. 2013 Reply Rpt. Table 6 & Exs. 4-11.)

Plaintiffs also do not dispute that Dr. Leamer waited until his rebuttal report to raise his "post-recession interpretation" of the negative coefficient on the total new hires variable (Brown Decl. Ex. 8, Leamer Dec. 2013 Reply Rpt. ¶¶ 118-20) or introduce his new charts showing San Jose information sector employment and Defendants' total new hires compared to changes in San Jose information sector employment (*id.* Figs. 17-18).  Plaintiffs instead argue the total new hires variable "has had the same negative sign since the beginning, with no prior complaint from Defendants."  (Opp. at 7.)  But this is exactly the point.  Dr. Leamer has included his total new hires variable, with its negative coefficient, in his regression model since the very beginning.  Thus, he was bound to include analyses supporting this variable in his opening report so

1    Defendants would have an opportunity to respond.  Dr. Leamer failed to do so.  His new

2    arguments and analyses regarding the total new hires variable are not proper rebuttal testimony

3    and should be excluded.

4           Finally, Plaintiffs acknowledge that Dr. Leamer waited until his rebuttal report to explain

5    his purported justification for using real compensation in his model instead of nominal

6    compensation, despite relying on real compensation in each of his five prior reports.  (Opp. at 6.)

7    They argue the delay was justified because Defendants' experts did not raise this issue during

8    class certification.  (*Id.*)  But this does not relieve Dr. Leamer of his obligation to identify his

9    opinions, and the "basis and reasons for them," in his opening report.  *See* Fed. R. Civ. P.

10   26(a)(2)(B)(i).  By waiting until his rebuttal report to identify his reasons for relying on real

11   compensation instead of nominal compensation, Dr. Leamer has deprived Defendants of the

12   opportunity to respond.  His last-minute justification should be stricken.

13   **IV.   PLAINTIFFS OFFER NO GOOD REASON WHY DEFENDANTS SHOULD NOT
           BE ALLOWED TO PROVIDE A SHORT SUPPLEMENTAL REPORT FROM DR.
14         STIROH RESPONDING TO DR. LEAMER'S NEW ANALYSES AND OPINIONS**

15          If the Court does not strike the improper portions of Dr. Leamer's rebuttal report, the

16   Court at a minimum should permit Defendants to address these new points in a short sur-reply

17   report from Dr. Stiroh.  Plaintiffs claim Defendants do not need to submit a sur-reply report

18   because they have deposed Dr. Leamer on his new topics.  (Opp. at 8.)  That argument makes

19   little sense.  Deposing Dr. Leamer does not allow Defendants to introduce expert testimony from

20   their own expert regarding these new topics.  Without a sur-reply, Defendants may be precluded

21   from offering such expert testimony at trial.  *See Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL

22   6073326 (N.D. Cal. Nov. 17, 2013) (precluding reliance in closing statements on prior expert

23   opinions on subjects not present in expert report).  On the other hand, courts have recognized that

24   prejudice to a party is ameliorated when the party has both the opportunity to depose the expert

25   on the new material and an opportunity to submit a sur-reply.  *ParkWest Radiology v. CareCore*

26   *Nat'l LLC*, 675 F. Supp. 2d 314, 216 (S.D.N.Y. 2009) (no prejudice where defendants could

27   depose expert and submit sur-reply report); *S.W. v. City of N.Y.*, 2011 WL 3038776, at *4

28   (E.D.N.Y. July 25, 2011) (no prejudice where experts had not yet been deposed, no trial date set,

1   and defendants were granted leave to submit sur-reply report).

2        Plaintiffs argue the proposed sur-reply would not contain "any useful or admissible

3   information."  (Opp. at 9.)  Plaintiffs complain that Dr. Stiroh's declaration submitted in support

4   of Defendants' *Daubert* motion to exclude Dr. Leamer's testimony does not contain authority to

5   support her opinion regarding Dr. Leamer's new 50% threshold test of significance.  Plaintiffs'

6   characterization of the quality of her declaration is no basis to deprive Defendants of an

7   opportunity to present expert testimony on Dr. Leamer's new analyses and opinions that were

8   improperly included in his rebuttal report.

9        Defendants do not want a "blank check to write whatever new report they want."  (Opp. at

10  9.)  In fact, Defendants would prefer that the Court simply strike Dr. Leamer's improper rebuttal

11  so that a sur-reply report would not be necessary.  However, in the event the Court is not inclined

12  to strike the identified portions of Dr. Leamer's rebuttal report, Defendants have already provided

13  a targeted proposed draft from Dr. Stiroh defining the limited scope of her proposed sur-reply

14  report.  At the least, Defendants should be allowed to submit a short sur-reply from Dr. Stiroh

15  addressing the issues mentioned in her draft.

16       Respectfully submitted.

17  Dated:  February 27, 2014        By:   */s/ George A. Riley*
                                            George A. Riley
18
                                     GEORGE A. RILEY (Bar No. 118304)
19                                   griley@omm.com
                                     MICHAEL F. TUBACH (Bar No. 145955)
20                                   mtubach@omm.com
                                     CHRISTINA J. BROWN (Bar No. 242130)
21                                   cjbrown@omm.com
                                     VICTORIA L. WEATHERFORD (Bar No. 267499)
22                                   vweatherford@omm.com
                                     O'MELVENY & MYERS LLP
23                                   Two Embarcadero Center, 28th Floor
                                     San Francisco, CA  94111-3823
24                                   Telephone:   (415) 984-8700
                                     Facsimile:   (415) 984-8701
25
                                     Attorneys for Defendant Apple Inc.
26

27

28

DEFS.' REPLY ISO MOT. TO STRIKE LEAMER
REPLY OR FOR LEAVE TO SUBMIT STIROH
REPLY; CASE NO. 11-CV-2509 LHK

1

By: _/s/ David C. Kiernan_____
        David C. Kiernan

2

3

ROBERT A. MITTELSTAEDT (Bar No. 60359)
ramittelstaedt@jonesday.com
DAVID C. KIERNAN (Bar No. 215335)

4

dkiernan@jonesday.com
LIN W. KAHN (Bar No. 261387)

5

linkahn@jonesday.com
JONES DAY

6

555 California Street, 26th Floor
San Francisco, CA 94104

7

Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

8

9

Attorneys for Defendant Adobe Systems, Inc.

10

By: _/s/ Gregory P. Stone_____
        Gregory P. Stone

11

12

GREGORY P. STONE (Bar No. 78329)
gregory.stone@mto.com

13

BRADLEY S. PHILLIPS (Bar No. 85263)
brad.phillips@mto.com

14

STEVEN M. PERRY (Bar No. 106154)
steven.perry@mto.com

15

BETHANY W. KRISTOVICH (Bar No. 241891)
bethany.kristovich@mto.com

16

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue. 35th Floor

17

Los Angeles, California 90071-1560
Telephone:    (213) 683-9100

18

Facsimile:    (213) 687-3702

19

Attorneys for Defendant Intel Corporation

20

21

By: _/s/ Robert A. Van Nest_____
        Robert A. Van Nest

22

ROBERT A. VAN NEST (Bar No. 84065)
rvannest@kvn.com

23

DANIEL PURCELL (Bar No. 191424)
dpurcell@kvn.com

24

EUGENE M. PAIGE (Bar No. 202849)
epaige@kvn.com

25

JUSTINA SESSIONS (Bar No. 270914)
jsessions@kvn.com

26

KEKER & VAN NEST LLP
633 Battery Street

27

San Francisco, CA 94111-1809
Telephone:    (415) 391-5400

28

Facsimile:    (415) 397-7188

7

DEFS.' REPLY ISO MOT. TO STRIKE LEAMER
REPLY OR FOR LEAVE TO SUBMIT STIROH
REPLY; CASE NO. 11-CV-2509 LHK

1

By:   */s/ Lee H. Rubin*
                  Lee H. Rubin

2

3

EDWARD D. JOHNSON (Bar No. 189475)
wjohnson@mayerbrown.com
LEE H. RUBIN (Bar No. 141331)

4

lrubin@mayerbrown.com
DONALD M. FALK (Bar No. 150256)

5

dfalk@mayerbrown.com
MAYER BROWN LLP

6

Two Palo Alto Square, Suite 300
Palo Alto, CA  94306-2112

7

Telephone:    (650) 331-2000
Facsimile:    (650) 331-2060

8

Attorneys for Defendant Google Inc.

9

10 **ATTESTATION**:  Pursuant to Civil Local Rule 5-1, the filer attests that concurrence in the filing

11 of this document has been obtained from all signatories.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' REPLY ISO MOT. TO STRIKE LEAMER
REPLY OR FOR LEAVE TO SUBMIT STIROH
REPLY; CASE NO. 11-CV-2509 LHK