1  Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
2  Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
3  Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
4  Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN &
5  BERNSTEIN, LLP
275 Battery Street, 29th Floor
6  San Francisco, California  94111-3339
Telephone:  415.956.1000
7  Facsimile:  415.956.1008

8  Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
9  JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
10  San Francisco, CA 94111
Telephone:  415.500.6800
11  Facsimile:   415.395.9940

12  *Co-Lead Class Counsel*

13

14                 UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                    SAN JOSE DIVISION

17

18  IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
     ANTITRUST LITIGATION
19                                      **CLASS ACTION**
     THIS DOCUMENT RELATES TO:
20                                      **DECLARATION OF KELLY M. DERMODY
     ALL ACTIONS                        IN SUPPORT OF PLAINTIFFS' MOTION
21                                      FOR ATTORNEYS' FEES,
                                        REIMBURSEMENT OF EXPENSES AND
22                                      SERVICE AWARDS**

23

24

25

26

27

28

1     I, Kelly M. Dermody, declare:

2     1.     I am an attorney licensed to practice in the Northern District of California.  I am a

3 partner at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Counsel for

4 the Class Representatives and the Class.  I have personal knowledge of the facts set forth herein

5 and could competently testify to them if called as a witness.

6     2.     I am a member in good standing of the bar of the State of California; the United

7 States District Court for the Northern District of California; the United States District Court for

8 the Central District of California; the United States District Court for the District of Colorado; the

9 United States Courts of Appeals for the First, Second, Third, Fourth, Sixth, Seventh, and Ninth

10 Circuits; and the United States Supreme Court.

11     **Out-Of-Pocket Costs Incurred By Class Counsel**

12     3.     To advance this litigation, Class Counsel incurred certain unreimbursed costs

13 totaling $3,699,844.31, up through October 30, 2013 (the date of Preliminary Settlement

14 Approval).  Those costs consisted of expenses submitted to the joint litigation fund of Class

15 Counsel (the "Litigation Fund", which Class Counsel supported through periodic contributions)

16 as well as costs paid separately by LCHB, as set forth below, and by the other Class Counsel

17 firms as set forth in their attached declarations.

18     4.     The Litigation Fund was designed to pay common external costs, such as expert

19 fees, court reporting and videographer expenses for depositions, and vendor fees for our

20 electronic platform for review and storage of documents produced in the course of discovery.

21 LCHB has maintained records and accounting for the Litigation Fund since it was established

22 early in the case.  The Litigation Fund was responsible for $3,281,691.55 in incurred common

23 expenses as-of October 30, 2013.

24     5.     As-of October 30, 2013, LCHB had contributed $985,756.03 to the Litigation

25 Fund.  In addition, LCHB paid $273,726.44 for certain expenses that were not paid for by the

26 Litigation Fund, including certain expert, database, and other common costs incurred prior to the

27 establishment of the Litigation Fund, as well as LCHB-specific costs such as electronic computer

28 research, document printing and copying, faxing and mailing charges, telephone service, case-

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

related travel for Plaintiffs, experts, and witnesses, and other necessary expenses.  These expenses are summarized in a chart provided in Exhibit 1.  The expenses incurred in the Litigation Fund are summarized in Exhibit 2.

6.      LCHB incurred the costs described herein on behalf of Plaintiffs on a contingent basis, and has not been reimbursed.  These costs are reflected in LCHB's books and records.  I have reviewed the expenses reported by LCHB in this case that are included in the Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, and I affirm that they are true and accurate.

7.      The other submissions of Class Counsel setting forth these costs are attached as follows:  Declaration of Joseph R. Saveri In Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (Exhibit 3); Declaration of Eric L. Cramer In Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards (Exhibit 4); and Declaration of Linda P. Nussbaum In Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards (Exhibit 5).  The contribution of each Class Counsel firm (including LCHB) to the Litigation Fund is set forth in the chart attached as Exhibit 6.

### Background and Experience

8.      The qualifications of my firm and the lead lawyers on this case are set forth in our Firm resume, attached hereto as Exhibit 7, as well as in the Declaration of Kelly M. Dermody In Support of Motion for Preliminary Approval, Docket No. 502.  The following are highlights of the qualifications and accomplishments of my firm and the senior LCHB partners leading this case.  Partner Richard M. Heimann is a highly-regarded trial lawyer, with extensive experience litigating plaintiff-side antitrust, securities, consumer, and personal injury cases.  He has tried over thirty civil jury trials, including the trial for the Direct-Purchaser Plaintiff Class in *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. MDL 3:07-md-1827, before Judge Susan Illston.  I am the Managing Partner of LCHB's San Francisco Office and chair the firm's employment practice.  I have extensive experience litigating plaintiff-side employment and consumer matters, and am one of four plaintiffs' lawyers nationally appointed to the Governing Council of the

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

1   American Bar Association's Section of Labor and Employment Law.  Partner Brendan P. Glackin

2   is a member of LCHB's antitrust practice group, with expertise in the telecommunications,

3   computer, and high-tech industries.  Mr. Glackin has tried more than twenty criminal and civil

4   matters.  He served as a member of the *TFT-LCD* trial team, and served as co-trial counsel in the

5   antitrust matter *Meijer v. Abbott Laboratories*, No. 07-5985, before Judge Claudia Wilken, and *In*

6   *re: Titanium Dioxide Antitrust Litigation*, No. 10-00318 (RDB), in the District of Maryland.  In

7   2013, *the Recorder* recognized the firm's antitrust practice group as among the top three in

8   California.

9                                        **Time Invested by Class Counsel**

10          9.      The factual investigation and legal analysis required in the three years of this

11   litigation were extensive and sprawling.  During the discovery process, Class Counsel served 75

12   document requests, reviewed over 3.2 million pages of documents, and took or defended nearly

13   100 depositions, including deposing 85 Defendant fact witnesses, taking or defending numerous

14   expert depositions, and defending the five Class Representative depositions.  Defendants also

15   propounded document requests, for which Plaintiffs produced over 31,000 pages.  With expert

16   assistance, Class Counsel analyzed vast amounts of computerized employee compensation and

17   recruiting data, including nearly 1,000 files of employment-related data exceeding 15 gigabytes,

18   as well as Defendants' compensation systems.  The discovery process, which is now complete,

19   has been thorough, and it required the parties to engage in numerous and extensive meetings and

20   conferences concerning the scope of discovery and the analysis regarding the various electronic

21   data, policy documents, and other files produced.

22          10.     This matter has required our firm to expend substantial time that could have been

23   spent on other fee-generating matters.  We took this matter on a pure contingency basis,

24   expending this effort without any guarantee of recovery.  At various times, the litigation has

25   consumed a significant percentage of my time, along with that of my partners Brendan Glackin,

26   and Dean Harvey, and that of our associates Anne Shaver and Lisa Cisneros, and our support

27   staff.  LCHB declines to represent scores of individuals each month due in part to the need to

28   focus on representation of existing clients.

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

1    11.    Prior to receiving Preliminary Settlement Approval on October 30, 2013, my

2    colleagues and I performed the following work in this case: (1) conducted a substantial pre-

3    litigation investigation, including consulting with labor economics specialists; (2) drafted and

4    filed a complaint on behalf of each Class Representative, and a Consolidated Amended

5    Complaint in this Court on behalf of the Class; (3) opposed two motions to dismiss the complaint

6    and appeared at two hearings regarding the same; (4) managed massive discovery projects,

7    including the collection of data for expert analysis, taking and defending approximately 100

8    depositions, reviewing over 3.2 million pages of documents, and preparing multiple expert

9    reports; (5) completed two rounds of class certification briefing, and appeared at two hearings

10   regarding the same; (6) appeared at multiple case management conferences and filed regular (at

11   times weekly) case status statements; (7) prepared mediation briefs, damage calculations, and

12   other supporting documents; (8) mediated the case over multiple days; (9) consulted with multiple

13   proposed settlement administrators; and (10) moved for preliminary approval.

14   12.    Throughout the course of the litigation my colleagues and I have overseen the

15   assignment of work to attorneys, paralegals, and law clerks in my office so that the necessary

16   work would be handled as efficiently as possible by the lowest-billing member of the team who

17   could feasibly, reliably, and efficiently perform each task.

18   13.    I made every effort to litigate this action in an efficient and cost-effective manner

19   by reducing duplication of effort and assigning work to the lowest billing timekeepers available

20   for each task wherever feasible.

21   14.    It is my firm's practice to maintain contemporaneous time records setting forth the

22   amount of time spent (rounded to the nearest one-tenth of an hour) on each task and each case,

23   and with explanatory statements regarding the actual task involved.  My usual practice, and the

24   usual practice of the other attorneys in my firm, is to record on daily time logs only those hours

25   that my firm would customarily bill to a commercial client paying on an hourly basis.  The time

26   logs for this matter (including all billers) have been carefully reviewed, and any biller's time that

27   may have been duplicative or inefficient is deleted from the billing records.  While we also

28   exercised billing judgment after recording my time in this case, and the time of other attorneys in

- 4 -

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

1    my office (thus eliminating some of the time that had been originally recorded as an exercise of

2    reasonable billing judgment), I also exercised billing judgment before recording my time, because

3    I routinely did not enter time that I thought might be duplicative, and I reduced time for work that

4    I thought may have been inefficient.

5                          **The Value Of The Time Invested By Class Counsel**

6        15.    As of October 30, 2013, my firm had expended 17,951.40 hours on this matter,

7    with work still continuing.  This time excludes timekeepers who billed less than 10 hours to this

8    case.  Attached hereto as Exhibit 8 is a true and correct summary by individual of the hours,

9    billing rate, and lodestar for each biller's work on this matter through October 30, 2013.  The

10   firm's total lodestar for these hours amounts to $8,413,346.50.

11       16.    The rates set forth in Exhibit 8 are my firm's current billing rates and are

12   supported by the extensive and specialized experience in these types of cases and recognized

13   expertise described.  Our rate structure has been approved by other courts and has been paid to

14   our firm by hourly-paying clients.

15       17.    I have personal knowledge of the hourly rates charged by other attorneys with

16   comparable experience as well as the attorneys within the firm who worked on this matter.  Based

17   on that information, I believe that these rates are fully consistent with the market rate in the San

18   Francisco Bay Area for attorneys with comparable expertise, experience and qualifications, and

19   that they are comparable to rates of attorneys specializing in complex litigation around the

20   country.  Based on the information I have, I believe that the rates charged by LCHB are

21   reasonable and appropriate fees for those with comparable expertise, experience, and

22   qualifications.

23                          **LCHB's Work For The Class Will Continue**

24       18.    Since October 30, 2013, LCHB has invested time and incurred costs working on

25   the administration of the proposed Settlements.  LCHB will continue to invest time and incur

26   costs over the next several months as our team prepares the motion for final settlement approval,

27   communicates with Class members regarding the settlement, prepares for and attends the hearing

28

- 5 -

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

on settlement approval, and monitors the implementation of the settlement.  Thus, the final

lodestar and cost amounts will be higher than reported in this declaration.

## Class Representative and Class Member Response to the Settlement

19.     The Claims Administrator, Heffler Claims Group ("Heffler"), has informed me

that to date no Class Member has filed an objection to the amount of Class Counsel's fee and cost

request, or to the request for service awards for the Class Representatives.  The deadline to object

to or comment on the Settlement is March 19, 2014.

20.     The attorney representation agreements for each of the five Class Representatives

preserved the right of each person to separately and independently support, object to or comment

upon any settlement.  At no time was any Class Representative advised by Class Counsel that his

entitlement to a service award was conditioned in any way on that Class Representative's support

for the Settlement Agreement.

## The Risk and Complexity Involved in the Litigation

21.     Class Counsel prosecuted this action without any assurance of payment for their

services, litigating this case on a wholly contingent basis in the face of significant risk.  Large-

scale antitrust and employment cases of this type are, by their very nature, complicated and time-

consuming.  Any lawyer representing large numbers of affected employees in such actions

inevitably must be prepared to make a tremendous investment of time, energy, and resources.

22.     The facts and circumstances of this case presented numerous and substantial

hurdles to a successful recovery.  All seven Defendants challenged the pleadings with a motion to

dismiss, have consistently denied the existence of a conspiracy, and vigorously contested class

certification.  Obtaining class certification in a case of this nature is extremely difficult and

resource-intensive.

## Additional Documents Cited in Plaintiffs' Motion for Attorneys' Fees

23.     Attached hereto as Exhibit 9 is a true and correct copy of the August 13, 2008

service award approval order in *Amochaev v. Citigroup Global Markets, Inc.*, No. 05-1298 PJH

(N.D. Cal.).

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

1    24.    Attached hereto as Exhibit 10 is a true and correct copy of the February 21, 2012

2  service award approval order in *In re Metoprolol Succinate Antitrust Litig.*, No. 06-52 (D. Del.).

3    25.    Attached hereto as Exhibit 11 is a true and correct copy of the January 14, 2013

4  fee approval order in *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 (N.D. Cal.).

5    26.    Attached hereto as Exhibit 12 is a true and correct copy of the December 13, 2013

6  service award approval order in *In re: Titanium Dioxide Antitrust Litig.*, No. 10-00318 (D. Md.).

7    27.    Attached hereto as Exhibit 13 is a true and correct copy of the April 23, 2009

8  service award approval order in *In re Tricor Direct Purchaser Antitrust Litig.*, 05-00340 (D.

9  Del.).

10    28.    Attached hereto as Exhibit 14 is a true and correct copy of the April 29, 2011 fee

11  and service award approval order in *Lewis v. Wells Fargo & Co.*, No. 08-2670 CW (N.D. Cal.).

12    29.    Attached hereto as Exhibit 15 is a true and correct copy of August 11, 2011 fee

13  and service award approval order in *Meijer v. Abbott Laboratories*, No. 07-05985 (N.D. Cal.).

14    30.    Attached hereto as Exhibit 16 is a true and correct copy of the April 20, 2009

15  service award approval order in *Meijer, Inc. v. Barr Pharms.*, No. 05-2195 (D.D.C.);

16    31.    Attached hereto as Exhibit 17 is a true and correct copy of the May 31, 2012

17  service award approval order in *Rochester Drug Co-Operative, Inc. v. Braintree Laboratories,*

18  *Inc.,* No. 07-142 (D. Del.).

19

20                    *        *        *

21

22    I declare under penalty of perjury under the laws of the United States and the State of

23  California that the foregoing is true and correct to the best of my knowledge and that this

24  declaration was executed in San Francisco, California on March 5, 2014.

25

26                     */s/ Kelly M. Dermody*
                        Kelly M. Dermody

27

28

DECLARATION OF KELLY M. DERMODY ISO CLASS
COUNSELS' APPLICATION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK

1161886.4