# EXHIBIT 3

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |

I, Joseph R. Saveri, declare:

1. I am an attorney licensed in the State of California and admitted to practice in the Northern District of California. I am the founder of Joseph Saveri Law Firm, Inc. ("JSLF"), Co-Lead Counsel for the Class Representatives and the proposed Settlement Class. I have personal

knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. I have been engaged in the practice of law for over 25 years. During that time, I have represented individuals, consumers, small business owners, public officials, and heads of corporations negatively affected by price-fixing, cartel behavior, monopolies and other anticompetitive practices in numerous cases. I have established myself as one of the country's top litigators in the antitrust field. I have acquired complex civil and class action litigation experience in courts throughout the United States and California and developed a knowledge of a broad range of industries including labor, computer hardware and software, banking and financial services, consumer electronics, manufacturing inputs, agricultural products, and pharmaceuticals, to name a few. During my career, I have handled a number of class actions and other complex litigation. At the outset of this litigation, I was a partner and chair of the Antitrust and Intellectual Property Practice Group at the law firm Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"). While at LCHB, I participated in this case since its inception and participated in all phases of the litigation since then. In May of 2012, I established my own firm, the Joseph Saveri Law Firm, Inc. Subsequently, my firm was appointed as Co-Lead Counsel by this Court. I have participated in all phases of the litigation, including major roles in law and motion matters, discovery, case management, class certification, experts, appellate briefing, settlement and trial preparation. I have continued by leadership position in this case, exercising day-to-day management and supervision over the litigation together with Berger & Montague, PC; Grant & Eisenhofer, P.A., and LCHB, the other court-appointed Co-Lead Counsel with whom I have continued to serve.

3. To advance this litigation, JSLF paid certain costs totaling $1,050,733.12, up through October 30, 2013 (the date of Preliminary Settlement Approval). Those costs consisted of contributions to the joint litigation fund of Class Counsel ("Litigation Fund") as well as costs paid separately by JSLF, as set forth below.

4. The Litigation Fund was designed to pay common external costs, such as expert fees, court reporting expenses for deposition transcripts, and vendor fees for our electronic platform for review and storage of documents produced in the course of discovery. JSLF

contributed $985,000.00 to the Litigation Fund as-of October 30, 2013. Further details regarding the Litigation Fund are described in the accompanying Declaration of Kelly M. Dermody In Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards.

5. In addition, JSLF paid separately $65,733.12 for certain costs that were not paid for by the Litigation Fund, including copying documents, court reporters and transcripts, travel, electronic computer research, faxing, and mailing charges, printing, postage, telephone service, and other case-related expenses. These expenses are summarized in Attachment 1.

6. JSLF incurred the costs described above on behalf of Plaintiffs on a wholly contingent basis and has not been reimbursed. The records of these costs are reflected in JLSF's books and records. I have reviewed the expenses reported by JSLF in this case that are included in the Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards, and I affirm that they are true and accurate.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Francisco, California on March 4, 2014.

Joseph R. Saveri

## Attachment 1

**In re High-Tech Employees Antitrust Litigation**
**Joseph Saveri Law Firm, Inc.**
**Reported Expenses Incurred on Behalf of Plaintiffs**
**Inception Through October 30, 2013**

| Reported Expenses (By Type) | Amount Incurred |
|---|---|
| Court Reporters/Transcripts | $ 1,604.58 |
| Database | 3,882.00 |
| Commercial Copies | 5,831.90 |
| Photocopies | 47,531.75 |
| Postage/Express/Delivery/Messenger | 55.08 |
| Travel Expenses | 5,856.10 |
| Telephone | 37.50 |
| Parking & Tolls | 15.00 |
| Miscellaneous/Other | 664.67 |
| Computer Research | 177.42 |
| Meal | 117.12 |
| Litigation Fund | 985,000.00 |
| **Total:** | $ 1,050,773.12 |