# EXHIBIT 9

Kelly M. Dermody (State Bar No. 171716)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Elizabeth A. Alexander (*pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, N., Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

Cyrus Mehri (*pro hac vice*)
Anna M. Pohl (*pro hac vice*)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW. Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Adam T. Klein (*pro hac vice*)
Piper Hoffman (*pro hac vice*)
Justin M. Swartz (*pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

James M. Finberg (State Bar No. 114850)
ALTSHULER BERZON LLP
177 Post Street, Ste. 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE FASSBENDER AMOCHAEV, DEBORAH ORLANDO, KATHRYN N. VARNER and IVY SO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., d/b/a SMITH BARNEY,<br><br>Defendant. | Case No. C-05-1298 PJH<br><br>**[PROPOSED] ORDER GRANTING APPLICATION OF PLAINTIFFS FOR APPROVAL OF SERVICE AWARDS**<br><br>Date: August 13, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br>Judge: Phyllis J. Hamilton |

The parties to this class action lawsuit alleging gender discrimination against Defendant Citigroup Global Markets, Inc., d/b/a Smith Barney ("Smith Barney") settled the action and entered into a proposed Settlement Agreement that provides for comprehensive injunctive and

1  monetary relief for the Class.  (*See* Revised Settlement Agreement, Dkt. No. 165.)  Plaintiffs

2  applied to this Court for preliminary approval of the Settlement Agreement and the terms thereof.

3  On May 1, 2008, this Court granted preliminary approval to the Settlement Agreement.

4        The Preliminary Approval Order directed that notice of the Settlement Agreement, its

5  terms, and the applicable procedures and schedules be provided to the proposed Class (including

6  specific notice about the amount of attorneys' fees and costs requested) and set a final Fairness

7  Hearing for August 13, 2008, to determine whether the Revised Settlement Agreement should be

8  granted final approval, pursuant to Federal Rule of Civil Procedure 23(e), as "fair, adequate and

9  reasonable."  Proposed Class members were given an opportunity to comment on the settlement,

10 including the payment of the service awards.  After Notice was sent, no objections were made to

11 the payment of service awards to the Class Representatives.

12       The Preliminary Approval Order directed Class Counsel to file a petition seeking payment

13 of the service awards to the Class Representatives.  (Dkt. No. 172 at 13.)  Class Counsel filed an

14 Application requesting that the Court approve service awards in the amount of $50,000 to Class

15 Representatives Renee Amochaev, Deborah Orlando, and Kathryn Varner, and in the amount of

16 $35,000 to Class Representative Ivy So.

17       The Plaintiffs here have satisfied the criteria as set forth in *Staton v. Boeing Co.*, 327 F.3d

18 938, 963 (9th Cir. 2003).  Under *Staton*, such awards should be evaluated using "'relevant factors,

19 includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to

20 which the class has benefited from those actions, . . . the amount of time and effort the plaintiff

21 expended in pursuing the litigation . . . and reasonabl[e] fear[s] of workplace retaliation.'"

22 *Staton*, 327 F.3d at 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (ellipses in

23 original).  The Class Representatives here have each submitted a declaration outlining in detail

24 how they have satisfied each of these criteria.  First, each of the Class Representatives is aware of

25 her fiduciary duty to the class and has taken actions to protect the interests of the class during the

26 litigation and settlement stages of this case, including ensuring that the approach taken by Class

27 Counsel has been well-informed and well-suited to achieve the goals of this lawsuit and is in the

28 best interests of the Class.  In addition, the declarations of the Class Representatives describe the

775135.1      - 2 -      [PROPOSED] ORDER GRANTING APPLICATION OF PLAINTIFFS FOR APPROVAL OF SERVICE AWARDS
CASE NO. C-05-1298 PJH

1  benefits to the class as a result of their actions, including significant monetary relief and
2  comprehensive injunctive relief. Furthermore, each of the Class Representatives' declarations
3  delineates the timeline over which they have participated in the lawsuit, and lists the time and
4  actions expended by them in their role as a Class Representative. Each Class Representative has
5  spent substantial time working to advance the interests of the Class. Lastly, because all four of
6  the Class Representatives continue to work in the financial services industry, they have
7  sufficiently described reasonable fears of workplace retaliation.
8       NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Revised
9  Settlement Agreement; Plaintiff's Application and supporting declarations, and the proceedings in
10 this action to date, that the Application for approval of service awards in the amount of $50,000
11 each to Ms. Amochaev, Ms. Orlando, and Ms. Varner, and in the amount of $35,000 to Ms. So, is
12 GRANTED.
13      The Court awards $50,000 each to be paid to Ms. Amochaev, Ms. Orlando, and Ms.
14 Varner, and $35,000 to be paid to Ms. So, for the time and efforts they devoted to representing
15 the Class in this case. These amounts were negotiated by the parties and agreed to by Defendant
16 under the terms of the Revised Settlement Agreement. There is no evidence that the Class
17 Representatives failed to evaluate the settlement, sacrificed the interests of the absent Class
18 members to their own, or accepted an unfair settlement on behalf of the Class. Instead, they have
19 been engaged Class Representatives since joining the case, have vigorously represented the Class'
20 interests and exercised their fiduciary duties to the Class, and have taken risks in their own
21 careers by stepping forward as Class Representatives here. Accordingly, service awards of
22 $50,000 to compensate Ms. Amochaev, Ms. Orlando, and Ms. Varner, and $35,000 to
23 compensate Ms. So, for the time and effort they devoted to representing the Class in this case are
24 fair and reasonable. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003).
25      IT IS SO ORDERED.
26 Dated: 8/13/08

The Honorable Phyllis J. Hamilton
United States District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*