# EXHIBIT 10



UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re METOPROLOL SUCCINATE ANTITRUST LITIGATION | Civil Action No. 06-52-MPT |
| THIS DOCUMENT RELATES TO: Direct Purchaser Action | |

# [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFFS INCENTIVE AWARDS, APPROVING PLAN OF ALLOCATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS

The Court, having considered (a) the Direct Purchaser Class Plaintiffs' Motion for Final Settlement Approval; (b) the Brief in Support of the Direct Purchaser Class Plaintiffs' Motion for Final Settlement Approval; (c) the Direct Purchaser Class Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Payment of Incentive Awards; (d) the Direct Purchaser Class Plaintiffs' Brief in Support of their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Payment of Incentive Awards to the Representative Plaintiffs; (e) the Declaration of Co-Lead Counsel Eric L. Cramer; and having held a hearing on February 21, 2012; and having considered all of the submissions and arguments with respect thereto; pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of the settlement agreement between Direct Purchaser Class Plaintiffs ("Plaintiffs") and AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, and Aktiebolget Hassle (collectively "Defendants"), dated September 23, 2011 (the "Settlement Agreement"), it is hereby:

**ORDERED, ADJUDGED AND DECREED that:**

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement. As set forth in the Court's Order (D.I. No. 186), dated November 16, 2011 ("Preliminary Approval Order"), the Class is defined as follows:

> All persons and entities in the United States (including, for avoidance of doubt, persons and entities in Puerto Rico) who purchased Toprol-XL directly from any of the Defendants at any time from May 5, 2005 through September 23, 2011 (the "Class Period"), including persons and entities who have received assignments or partial assignments of rights from direct purchasers of Toprol-XL. Excluded from the Class are Defendants and their parents, employees, subsidiaries, and affiliates, and federal government agencies. Also excluded from the class are non-class direct purchaser plaintiffs in *Walgreen Co., et al. v. AstraZeneca Pharmaceuticals LP, et al.*, No. 10-cv-580 (GMS) (D. Del.), and *CVS Pharmacy Inc., et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, No. 10-cv-897 (GMS) (D. Del.) (the "Opt-Out Actions"), namely Rite Aid Corp., Rite Aid Hdqtrs. Corp., CVS Pharmacy, Inc., Caremark L.L.C., JCG (PJC) USA, LLC, Maxi Drug, Inc., D/B/A Brooks Pharmacy, Eckerd Corporation, Walgreen Co., The Kroger Co., Safeway Inc., HEB Grocery Company LP, and Supervalu Inc., both for the claims these entities are pursuing directly and for the claims they are pursing based upon assignments or partial assignments of claims from certain members of the Class as described in the complaints filed in the Opt-Out Actions.

2. This Court has jurisdiction over these actions and over each of the parties and over all members of the Class. As set forth in more detail in the Settlement Agreement, Defendants have agreed to pay a total of $20 million, plus accrued interest, and up to $750,000 in settlement administration costs to settle this Action.

3. As required by this Court in the Preliminary Approval Order, notice of the proposed Settlement was mailed by first-class mail to all members of the Class to the last known address from Defendants' sales database of each entity within the definition of the Class. The notice was also posted, along with relevant litigation and settlement documents, on the website created specifically for the purpose of advising Class members of the fact and terms of the settlement. *See* www.toproldirectsettlement.hrsclaims.com. Such notice to members of the Class

2

is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

4.   Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members are bound by this Final Order and Judgment.

5.   The Settlement of this Direct Purchaser Class Action was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and Defendants' Counsel.

6.   The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and has been advised that there have been no objections to the Settlement from any members of the Class, and also that several members of the Class have explicitly stated their support for the Settlement and Class Counsel's requested attorneys' fees, and the incentive awards for the named Plaintiffs.

7.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement. The Settlement is fair, reasonable and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), as follows:

(a)   this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

(b) there were no objections to the Settlement by Class members, and several Class members expressed affirmative support for the Settlement;

(c) because the case settled near the conclusion of discovery, after more than one million pages of documents had been produced and 12 depositions had been taken, Class Counsel had an appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d) Class Counsel and the Class would have faced numerous and substantial risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

(e) the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages; and

(f) the Settlement also satisfies the additional factors for evaluating class settlements set forth in *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283 (3d Cir. 1998).

8. The Court approves the Plan of Allocation of the Settlement proceeds (net of attorneys' fees, reimbursed expenses and incentive awards) proposed by Class Counsel in the Plan of Allocation (the "Plan") described in the Brief in Support of the Direct Purchaser Class Plaintiffs' Motion for Final Settlement Approval. The Plan proposes to distribute the net Settlement proceeds *pro rata* based on Class members' purchases of Toprol-XL during the Class Period, and does so fairly and efficiently. It directs Heffler, Radetich & Saitta, LLP, the Claims Administration firm retained by Class Counsel and approved by the Court in the Preliminary

Approval Order, to distribute the net Settlement proceeds to Class members in the manner provided in the Plan.

9. All claims in the above-captioned action against Defendants are hereby dismissed with prejudice, and without costs.

10. In accordance with the Settlement Agreement, upon the Settlement becoming final in accordance with its terms:

(a) Defendants and their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, general or limited partners, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever (whether such claims, demands, actions, suits, causes of action, damages, or liabilities arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any member or members of the Class who has (have) not timely excluded itself (themselves) from the Class (including any past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent arising out of or relating to:

5

  1)  any conduct alleged, or conduct relating to extended release metoprolol succinate that could have been alleged, in the Action;

  2)  any conduct relating to obtaining, maintaining, or enforcement of United States Patent Number 5,081,154 or United States Patent Number 5,001,161 or United States Patent Number 4,957,745, including the alleged improper bringing, maintaining, defending or otherwise participating in litigation concerning any such patents;

  3)  any conduct relating to extended release metoprolol succinate and the listing of United States Patent Numbers 5,081,154, 5,000,161 and 4,957,745 in the United States FDA publication known as the Approved Drug Products With Therapeutic Equivalence Evaluations, commonly referred to as the "Orange Book;"

provided only that such conduct occurred or allegedly occurred prior to the date of this Settlement – except as expressly provided for in paragraph 14 of the Settlement Agreement (the "Released Claims"). Plaintiffs and each member of the Class shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.

  (b)  In addition, the Court finds that each class member has expressly waived and released, upon the Settlement Agreement becoming final, any and all provisions, rights, benefits conferred by §1542 of the California Civil Code, which reads:

> **Section 1542. General Release—Claims Extinguished.**
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

6

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 10, but each Class member hereby expressly waives and fully, finally and forever settles and releases, upon the Settlement Agreement's becoming final, any known or unknown, suspect or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, the Court finds that each Class member has expressly waived and fully, finally and forever settlement and released any and all claims it may have against any Released party under §17200, *et seq.*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

11.    Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

    (a)    the Settlement confers a monetary benefit on the Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

(b)     there were no objections by Class members to the requested fee award of one-third of the Settlement Fund, and in fact, numerous Class members, with purchases representing roughly 70% of the aggregate Class purchases, have affirmatively expressed their support for and lack of objection to the requested fee;

(c)     Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Class for several years, with no guarantee they would be compensated;

(d)     Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

(e)     Class Counsel have reasonably expended thousands of hours, and incurred hundreds of thousands of dollars in out-of-pocket expenses, in prosecuting this action, with no guarantee of recovery;

(f)     fee awards similar to the fee requested by Class Counsel here have been awarded in similar cases, including numerous Hatch-Waxman antitrust class actions similarly alleging impeded entry of generic drugs;

(g)     the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

(h)     the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

(i)     the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class action in this Circuit (see, e.g., In re Rite Aid Sec. Litig., 396 F.3d 294, 305 (3d Cir. 2005));

(j)     Class members were advised in the Notice of Proposed Settlement of Class

Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund, reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(k) Class Counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been publicly available since December 19, 2011 through public filing on the docket of this Action and posting on the website created specifically for the purpose of advising Class members of the fact and terms of the settlement at www.toproldirectsettlement.hrsclaims.com;

(l) As detailed in Class Counsel's declarations, a one-third fee award would equate to a lodestar multiplier of less than 1, less than approved multipliers greater than 1 in other Hatch-Waxman class actions similarly alleging impeded generic competition;

(m) in light of the factors and findings described above, the requested 33-1/3% fee award is within the applicable range of reasonable percentage fund awards.

Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $6,666,666.00 from the Settlement Fund. The Court finds this award to be fair and reasonable.

Further Class Counsel are hereby awarded $493,598.24 out of the Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the Settlement to the Class.

The awarded fees and expenses shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Lead Counsel shall allocate the fees and expenses among all of the Class Counsel.

12. Neither this Final Order and Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by or against Plaintiffs or Defendants, whether in this Direct Purchaser Class Action or in any other proceeding.

13. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions therein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion of the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

14. The three Class Representatives are each hereby each awarded $50,000 out of the Settlement Fund, for representing the Class, which amount is in addition to whatever monies

10

these Plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

15. In the event the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rules of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against all Defendants in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members.

SO ORDERED this the 21 day of February, 2012.

Hon. Mary Pat Thynge
U.S. District Court for the District of Delaware