# EXHIBIT 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | CASE NO. 05-340 (SLR) (consolidated) |
| THIS DOCUMENT RELATES TO: *Louisiana Wholesale Drug. Co., Inc. (05-340)* *Rochester Drug Co-Operative, Inc. (05-351)* *Meijer, Inc., et al. (05-358)* | |

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS, APPROVING PLAN OF ALLOCATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS

The Court, having considered (a) the Direct Purchaser Class's Motion for Final Settlement Approval; (b) the Brief in Support of the Direct Purchaser Class's Motion for Final Settlement Approval; (c) the Plan Of Allocation For Direct Purchaser Class; (d) the Declaration Of Jeffrey J. Leitzinger, Ph.D. Regarding Classwide Damages and the Proposed Plan Of Allocation ("Leitzinger Declaration"); (d) the Direct Purchaser Class's Motion for an Award Of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the Class Representatives; (e) the Brief in Support of the Direct Purchaser Class's Motion For An Award Of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards To The Class Representatives; (f) the Affidavit of Lead Counsel Barry S. Taus, Esq.; (g) the Corrected Supplemental Affidavit of Lead Counsel Barry S. Taus, Esq.; and (h) the Affidavit of Adam M. Steinfeld dated March 9, 2009; and having held a

hearing on April 23, 2009; and having considered all of the submissions and arguments with respect thereto; pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of the settlement agreement between Direct Purchaser Class Plaintiffs ("Plaintiffs") and Abbott Laboratories ("Abbott") and Fournier Industrie et Santé and Laboratories Fournier S.A. (together, "Fournier") (collectively, "Defendants") dated January 6, 2009 (the "Settlement Agreement"), it is hereby

**ORDERED, ADJUDGED and DECREED that:**

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement. As set forth in the Preliminary Approval Order (D.I. No. 529), dated January 8, 2009, the previously certified Class is defined as follows:

> The Direct Purchaser Class includes all persons or entities in the United States who purchased TRICOR® in any form directly from Abbott Laboratories ("Abbott"), Fournier Industrie et Sante, or Laboratories Fournier S.A. ("Fournier") (Abbott and Fournier collectively are "Defendants") at any time during the period April 9, 2002 through August 18, 2008. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, all federal governmental entities, and the following entities that opted out of the Class: Ahold a/k/a American Sales Corp., Albertson's Inc., CVS Pharmacy, Inc., CVS Corporation, Eckerd Corporation, Maxi Drug, Inc. d/b/a Brooks Pharmacy, Hy-Vee, Inc., Kroger Co., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Safeway, Inc., Walgreen Co., State of Oregon (all government entities), State of Washington (all government entities), Maryland State Employee and Retiree Health and Welfare Benefits Program and the Maryland Pharmacy Program, Connecticut Department of Social Services, State of New York (all government entities), State of Texas Heath and Human Services Commission, Commonwealth of Massachusetts Executive Office of Health and Human Services Office of Medicaid (MassHealth), Pennsylvania Department of Public Works and Department of Aging, and Overman & Stevenson Pharmacists.

2. The Court has jurisdiction over these actions and over each of the parties and over all members of the Class.

3. As required by this Court in the Preliminary Approval Order, notice of the proposed Settlement was mailed by first-class mail to all members of the Class. Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

4. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class members are bound by this Final Order and Judgment.

5. The Settlement of this Direct Purchaser Class Action was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel[1] and Defendants' counsel.

6. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and has been advised that there have been no objections to the Settlement from any members of the Class, and also that several members of the Class have explicitly indicated their support for the Settlement and Class Counsel's requested attorneys' fees.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

---

[1] The Court appointed Garwin Gerstein & Fisher, L.L.P., as Lead Counsel and as a member of the Executive Committee, along with the firms of Berger & Montague, P.C., Odom & Des Roches, L.L.P., The Smith Foote Law Firm (formerly Percy, Smith & Foote), and Cohen, Milstein, Hausfeld & Toll (which is now known as Cohen Milstein Sellers & Toll). Kaplan, Fox & Kilsheimer, L.L.P., was substituted for Cohen Milstein midway through the litigation. Additional class counsel that actively participated in the case include Heim Payne & Chorush, L.L.P. (formerly Conley, Rose & Tayon), Vanek, Vickers & Masini, L.L.P., and Delaware counsel Rosenthal, Monhait & Goddess, P.A.

hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement. The Settlement is fair, reasonable and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir 1975), as follows:

(a) this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

(b) there were no objections to the Settlement by Class members, and several Class members expressed affirmative support for the Settlement;

(c) because the case settled after the parties had completed discovery and commenced trial, Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d) Class Counsel and the Class would have faced numerous and substantial risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

(e) the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages; and,

(f) the Settlement also satisfies the additional factors set forth in *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283 (3d. Cir 1998), *cert. denied*, 525 U.S. 1114 (1999).

8. The Court approves the Plan of Allocation of the Settlement proceeds (net of attorneys' fees, reimbursed expenses and incentive awards) as proposed by Class

Counsel in the Plan of Allocation (the "Plan") (attached hereto as Ex. A), and supported by the Leitzinger Declaration. The Plan, which had previously been summarized in the Notice of Proposed Settlement, proposes to distribute the net Settlement proceeds *pro rata* based on Class member purchases of Tricor, and does so fairly and efficiently. It directs Epiq Systems, Inc., the firm retained by Class Counsel as the claims administrator, to distribute the net Settlement proceeds in the manner provided in the Plan.

9. All claims in the above-captioned action against Defendants are hereby dismissed with prejudice, and without costs.

10. In accordance with the Settlement Agreement, upon the Settlement's becoming final in accordance with its terms:

(a) Defendants and their past, present and future parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, general or limited partners, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages, and liabilities, of any nature whatsoever (whether such claims, demands, actions, suits, causes of action, damages, or liabilities arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any member or members of the Class who has (have) not timely excluded itself (themselves) from the Class (including any past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents,

5

attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent arising out of or relating to any conduct:

 (1) alleged in the Actions,

 (2) alleged in any other complaint filed in any action currently consolidated or coordinated, or subject to a pending request for consolidation or coordination with the Actions, or

 (3) relating to any alleged change in formulation or withdrawal of TRICOR 200 or TRICOR 160 or any conduct relating to the change to TRICOR 160 or the change to TRICOR 145, or any generic equivalents of TRICOR 200 or TRICOR 160 (reference to any formulation of TRICOR or any generic equivalent shall in each instance include any associated lower doses),

provided only that such conduct occurred or allegedly occurred prior to the date hereof, except as expressly provided for in paragraph 12 of the Settlement Agreement (the "Released Claims"). Plaintiffs and each member of the Class shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.

 (b) In addition, the Court finds that each class member has expressly

waived and released, upon the Settlement Agreement becoming final, any and all provisions, rights, benefits conferred by §1542 of the California Civil Code, which reads:

> **Section 1542. <u>General Release--Claims Extinguished</u>.
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 10, but each Class member hereby expressly waives and fully, finally and forever settles and releases, upon the Settlement Agreement's becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, the Court finds that each Class member has expressly waived and fully, finally and forever settled and released any and all claims it may have against any Released Party under §17200, *et seq.*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

  11. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of

Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

(a) the Settlement confers a monetary benefit on the Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

(b) there were no objections by Class members to the requested fee award of one-third of the Settlement Fund, and in fact, numerous Class members, with purchases of Tricor during the relevant period in excess of 70% of the aggregate Class purchases, have affirmatively expressed their support for and/or lack of objection to the requested fee;

(c) Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Class for over three and one-half years, with no guarantee they would be compensated;

(d) Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

(e) Class Counsel have reasonably expended tens of thousands of hours, and incurred millions of dollars in out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

(f) fee awards similar to the fee requested by Class Counsel here have been awarded in similar cases, including numerous Hatch-Waxman antitrust class actions similarly alleging impeded entry of generic drugs;

8

(g) the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

(h) the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

(i) the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g., In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005));

(j) Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(k) Class Counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since March 9, 2009;

(l) As detailed in Class Counsel's affidavits, a one-third fee award would equate to a lodestar multiplier of approximately 3.93. An examination of recently approved multipliers in other Hatch-Waxman class actions similarly alleging impeded generic competition reveals that the multiplier requested here is well within the acceptable range;

(m) in light of the factors and findings described above, the requested

33-1/3% fee award is within the applicable range of reasonable percentage fund awards.

Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $**83,333,333.33** from the Settlement Fund, plus one-third of the interest earned on the Settlement proceeds from January 27, 2009 (the date of funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. The Court finds this award to be fair and reasonable.

Further, Class Counsel are hereby awarded $**3,590,415.82** out of the Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the Settlement to the Class.

The awarded fees and expenses shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Lead Counsel shall allocate the fees and expenses among all of the Class Counsel.

12. Neither this Final Order and Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by or against Plaintiffs or Defendants, whether in this Direct Purchaser Class Action or in any other action or proceeding.

13. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the

10

administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion of the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

14. The three Class Representatives are each hereby awarded $50,000 out of the Settlement Fund, for representing the Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

15. In the event the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of

final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against all Defendants in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members.

SO ORDERED this the 23d day of April, 2009.

_____
Hon. Sue L. Robinson
U.S. District Court for the District of Delaware

12