# EXHIBIT 14

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| MARTIN LEWIS, AARON COOPER, and ANISSA SCHILLING on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO.,<br><br>Defendant. | Case No. 08-2670 CW<br><br>**ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT**<br><br>Date: April 28, 2011<br>Time: 3:00 p.m.<br>Courtroom: 2, 4th floor<br>Judge: Honorable Claudia Wilken |

1  On April 28, 2011, a hearing was held on the unopposed motion of Plaintiffs Martin
2  Lewis, Aaron Cooper, and Anissa Schilling for Approval of FLSA Collective Action Settlement.
3  Kelly M. Dermody, Jahan C. Sagafi, Jaron R. Shipp, and Anne B. Shaver of Lieff, Cabraser,
4  Heimann & Bernstein, LLP appeared for Plaintiffs; and Joan B. Tucker Fife of Winston & Strawn
5  LLP appeared for Wells Fargo.
6  Having considered the papers on the motion, the arguments of counsel, and the law, the
7  Court now enters this Settlement Approval Order and FINDS, CONCLUDES, and ORDERS as
8  follows:[1]

9  **I.     NATURE OF ACTION**

10  Plaintiffs allege that Wells Fargo misclassified them and the Opt-Ins as exempt from
11  overtime under the FLSA and California and Minnesota state laws and, on that basis, failed to pay
12  them and the Opt-Ins overtime wages, to provide them with required meal periods and rest
13  breaks, to provide them with correctly itemized wage statements, and to timely pay wages at
14  termination. Plaintiffs also alleged that with regard to such matters, Wells Fargo violated the
15  Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et*
16  *seq.*, by failing to pay benefits as a result of failing to credit Plaintiffs and the Opt-Ins for their
17  claimed unpaid wages.
18  Wells Fargo denies each of the allegations in the Second Amended Complaint and denies
19  that any Plaintiff or Opt-In is entitled to recovery. Wells Fargo denies that this action may be
20  properly maintained as a collective action under the FLSA.
21  Although Plaintiffs' Complaint was also styled as a class action, and a class motion is
22  currently pending, the Plaintiffs have compromised their class claims in order to reach resolution
23  on the collective action allegations, with which Wells Fargo concurs. Accordingly, Plaintiffs'
24  Motion for Class Certification is deemed withdrawn.

25  **II.    JURISDICTION**

26  This Court has jurisdiction over the subject matter of this litigation and all related matters
27
28  ---
[1] Except as otherwise specified herein, the Court for purposes of this Settlement Approval Order adopts all defined terms set forth in the Settlement.

912896.2 | - 1 - | ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT CASE NO. 08-2670 CW

1  and all state and federal claims raised in this action and/or released in the Settlement, and
2  personal jurisdiction over Wells Fargo and all Opt-Ins.  Specifically, this Court has federal
3  question jurisdiction over this action pursuant to 28 U.S.C. § 1331; section 16(b) of the Fair
4  Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and the Employee Retirement Income
5  Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

6  This Court also has supplemental jurisdiction over all state-law claims asserted or that
7  could have been asserted by Plaintiffs because the state-law claims derive from a common
8  nucleus of operative fact and form part of the same case or controversy as those claims over
9  which the Court has primary jurisdiction.  *See* 28 U.S.C. § 1367 (providing for supplemental
10 jurisdiction over related state-law claims that "form part of the same case or controversy");
11 *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (federal courts have supplemental
12 jurisdiction over state law claims that arise from the same "common nucleus of operative fact"
13 such that the parties "would ordinarily be expected to try them all in one judicial proceeding").

14 This Court also has jurisdiction to approve the Settlement's release of claims by Opt-Ins
15 over which the Court has jurisdiction, even if the Court would not independently have jurisdiction
16 over those released claims.  *See Grimes v. Vitalink Communications*, 17 F.3d 1553, 1563 (3d Cir.
17 1994) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A]
18 federal court may release not only claims alleged in the complaint, but also state claims arising
19 from the same nucleus of operative facts over which the court would not have jurisdictional
20 competence."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006)
21 (quoting *Class Plaintiffs*, 955 F.2d at 1287-89).

22 **III.     APPROVAL OF SETTLEMENT**

23 The Court has reviewed the terms of the Settlement, including the $6,720,000 Settlement
24 amount, the plan of allocation, and the release of claims.  The Court has also read and considered
25 Plaintiffs' Motion for Collective Action Settlement Approval and its supporting memoranda and
26 evidence, including the declaration of Jahan C. Sagafi in support of Settlement Approval.  Based
27 on review of those papers, and the Court's familiarity with this case, the Court finds and
28 concludes that the Settlement is the result of arms-length negotiations between the Parties,

912896.2 | - 2 - | ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT CASE NO. 08-2670 CW

1  conducted under the supervision of an experienced, independent mediator, after Plaintiffs'

2  Counsel had adequately investigated Plaintiffs' and the Opt-Ins' claims and become familiar with

3  their strengths and weaknesses. The assistance of an experienced mediator in the settlement

4  process confirms that the Settlement is non-collusive.

5        The Court finds and determines that the payments to be made to the Opt-Ins as provided

6  for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related

7  to the relative strengths of the respective claims asserted.

8        The Settlement is not a concession or admission, and shall not be used or construed

9  against Wells Fargo as an admission or indication with respect to any claim of any fault or

10 omission by Wells Fargo.

11 **IV.    APPROVAL OF THE NOTICE PROGRAM**

12       Plaintiffs have also submitted for this Court's approval a proposed Notice of Settlement

13 (submitted as Exhibit A to the Settlement).

14       The Notice is the best notice practicable under the circumstances. The Notice fairly,

15 plainly, accurately, and reasonably informs Opt-Ins of: (1) appropriate information about the

16 nature of this action, the identities of the Opt-Ins, the definitions of Covered Position and Covered

17 Periods, the identity of Plaintiffs' Counsel, and the essential terms of the Settlement, including the

18 plan of allocation; (2) appropriate information about the amounts being allocated to Plaintiffs as

19 Service Payments and to Plaintiffs' Counsel's as attorneys' fees and costs; and (3) appropriate

20 instructions as to how to obtain additional information regarding this action and the Settlement.

21       The proposed plan for distributing the Notice likewise is a reasonable method calculated

22 to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement

23 Administrator will distribute the Notice and Settlement Share checks to all Opt-Ins by first-class

24 mail to their last known addresses. There is no additional method of distribution that would be

25 reasonably likely to notify Opt-Ins who may not receive notice pursuant to the proposed

26 distribution plan. In addition, the Settlement Administrator will take reasonable steps to locate

27 Opt-Ins who do not promptly cash their Settlement Share checks.

28       Plaintiffs shall post a copy of this Order and the Settlement Agreement on the website

1 | referred to in the Notice.

2 | Accordingly, the Court finds and concludes that the proposed plan for distributing the
3 | Notice will provide the best notice practicable and satisfies all legal and due process
4 | requirements.

## V. PLAINTIFFS' AND OPT-INS' RELEASE OF CLAIMS

The Court has reviewed the release in section XI of the Settlement and finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law. Plaintiffs and every Opt-In shall, pursuant to the Settlement, be bound by the release of claims as set forth in the Settlement, regardless of whether a Plaintiff or Opt-in cashes or deposits his or her settlement check.

## VI. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Settlement Services, Inc., is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

## VII. SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves the service payments to the three Named Plaintiffs as set forth under the Settlement. The Court finds and determines that the awards of $22,000, $20,000, and $20,000 to Plaintiffs Cooper, Lewis, and Schilling, respectively, are fair and reasonable. The Plaintiffs have taken significant actions to protect the interests of the Opt-Ins, and the Opt-Ins have benefited considerably from those actions. Furthermore, the Plaintiffs have expended considerable time and effort in pursuing the litigation. Plaintiffs' assertion of California and Minnesota state law claims on behalf of their fellow Opt-Ins tolled the statutes of limitations for those state law claims, to the benefit of the Opt-Ins who worked or work in those states. Furthermore, Plaintiffs' Counsel attest that Plaintiffs were substantially involved throughout the litigation, educating Plaintiffs' counsel on Opt-Ins' job duties and Wells Fargo's policies and procedures. Plaintiffs submitted declarations regarding their Wells Fargo work experiences, which contributed to the Settlement. Plaintiffs' depositions were taken by Defendant. Plaintiff Cooper also attended and assisted in the Parties' mediation session.

912896.2 - 4 - ORDER APPROVING
FLSA COLLECTIVE ACTION SETTLEMENT
CASE NO. 08-2670 CW

## VIII. PLAINTIFFS' COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $1,680,000 in attorneys' fees (or 25 % of the fund) and $184,338.71 in litigation costs and expenses, for a total payment of $1,864,338.71 to Plaintiffs' Counsel, is fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

## IX. ENFORCEMENT OF OBLIGATIONS

Nothing in this Settlement Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Wells Fargo make the Settlement Payments in accordance with the terms of the Settlement.

## X. ORDER VACATED IF SETTLEMENT IS REVERSED OR MATERIALLY MODIFIED

If, for any reason, the Settlement is reversed or materially modified on appeal (as defined in the Settlement, section X), this Settlement Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

## XI. FINAL JUDGMENT

By means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

The Parties are hereby ordered to comply with the terms of the Settlement.

This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

1  **XII.  CONTINUING JURISDICTION**

2  Without affecting the finality of the Court's judgment in any way, the Court retains

3  jurisdiction over this matter for purposes of resolving issues relating to interpretation,

4  administration, implementation, effectuation and enforcement of the Settlement.

5  **XIII.  SETTLEMENT APPROVAL**

6  Based on all of these findings and the applicable legal standards, the Court concludes that

7  the proposed Settlement meets the criteria for settlement approval, and Orders the Parties to

8  distribute the payments required under the Settlement.

9  IT IS SO ORDERED.

11  Dated: April 29, 2011

12  The Honorable Claudia Wilken
United States District Judge

---

912896.2     - 6 -     ORDER APPROVING
FLSA COLLECTIVE ACTION SETTLEMENT
CASE NO. 08-2670 CW