# EXHIBIT 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEIJER, INC.; MEIJER DISTRIBUTION, INC.; LOUISIANA WHOLESALE DRUG CO., INC.; ROCHESTER DRUG CO-OPERATIVE, INC.; AMERICAN SALES COMPANY, INC.; SAJ DISTRIBUTORS, INC.; and STEPHEN L. LaFRANCE HOLDINGS, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARR PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No. 05-2195 (CKK) |

**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN
DIRECT PURCHASER CLASS PLAINTIFFS AND DEFENDANT BARR
PHARMACEUTICALS, INC., AWARDING ATTORNEYS' FEES AND EXPENSES,
AWARDING REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS, APPROVING
PLAN OF ALLOCATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS**

Pursuant to Rules 23(e) and 54(b) of the Federal Rules of Civil Procedure, in accordance with the terms of the settlement agreement between Direct Purchaser Class Plaintiffs and Barr Pharmaceuticals, Inc. ("Barr") dated December 15, 2008 (the "Settlement Agreement"), and in accordance with this Court's entry of its July 10, 2008 Order Approving Settlement Between the Direct Purchaser Plaintiffs and the Warner Chilcott Defendants[1] Only and Final Judgment as to the Warner Chilcott Defendants (D.E. #182) ("Warner Chilcott Settlement"), it is hereby

---

[1] The "Warner Chilcott Defendants" include Warner Chilcott Holdings Company III, Ltd., Warner Chilcott Corporation, Warner Chilcott (US) Inc., Warner Chilcott Company Inc., and Galen (Chemicals), Ltd.

**ORDERED, ADJUDGED AND DECREED that:**

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings set forth in the Settlement Agreement. (D.E #201). As set forth in the Preliminary Approval Order (D.E. #202), dated December 18, 2008, the previously certified Class is defined as follows:

> All persons and entities in the United States who purchased Ovcon 35 directly from Defendants at any time during the period April 22, 2004 through December 31, 2006.

The definition of the Class excludes any claims asserted, whether by assignment or otherwise, by the following entities: Walgreen Co., Eckerd Corporation, Maxi Drug, Inc. dba Brooks Pharmacy, Albertson's Inc., The Kroger Co., Safeway, Inc., Hy-Vee, Inc., CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp. Also excluded from the Class are hospitals, universities and clinics.

2. This Court has jurisdiction over this Direct Purchaser Class Action and each of the parties to the Settlement Agreement including all Class members, as well as over each of the parties to the Warner Chilcott Settlement that this Court previously finally approved between this Class and the Warner Chilcott Defendants.

3. As set forth in more detail in the Settlement Agreement, Barr has agreed to pay a total of $13,000,000 to settle this Action (the "Barr Settlement"), which, combined with the $9,000,000 sum that the Warner Chilcott Defendants paid, results in a total of $22,000,000 paid by Defendants combined (the "Settlement Fund"), exclusive of interest. As of this date, $146,557.78 in interest has accrued on the Settlement Fund bringing the total Settlement Fund plus interest to $ 22,146,557.78.

4. As required by this Court in its Preliminary Approval Order (D.E. #202), notice of the proposed settlement with Barr was mailed by first-class mail to all members of the Class.

2

Such notice to members of the Class is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P. 23(e) and due process and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

5. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members are bound by this Final Order and Judgment.

6. The settlement of this Direct Purchaser Class Action as to Barr, like the settlement as to the Warner Chilcott Defendants, was not the product of collusion between Plaintiffs and Barr or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and Barr's Counsel.

7. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and has been advised that there have been no objections to the settlement from any members of the Class.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Barr Settlement as set forth in the Settlement Agreement and finds that the Barr Settlement is, like the prior settlement with the Warner Chilcott Defendants, in all respects, fair, reasonable, adequate, and in the best interests of the Class. The Court further approves the establishment of the Settlement Fund as to Barr upon the terms and conditions set forth in the Settlement Agreement and the Escrow Agreement. The Parties are hereby directed to carry out the Barr Settlement in accordance with its terms and provisions.

9. The Court approves the Plan of Allocation of Settlement Proceeds as proposed by Class Counsel in the Plan of Allocation (the "Plan"), dated February 27, 2009, and supported by

3

the Declaration of Jeffrey J. Leitzinger, Ph.D., dated February 25, 2009. The Plan had previously been summarized in the Notice of Proposed Settlement. It directs Epiq Systems, Inc., the firm retained by Class Counsel as the claims administrator, to distribute the Direct Purchaser Settlement Funds in the manner provided in the Plan.

10. All claims in the above-captioned action against Barr are hereby dismissed with prejudice, and without costs, with such dismissal subject only to compliance by the Parties with the terms and conditions of the Settlement Agreement and this Final Order and Judgment, over which the Court retains jurisdiction.

11. In accordance with the Settlement Agreement, the Released Parties shall be released and fully and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages wherever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any member or members of the Class who have not timely excluded themselves from the Class Action (including any of their past, present or future officers, directors, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors or successors), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of any conduct alleged in the Class Action or otherwise relating to the facts, occurrences, transactions, or other matters alleged in the Class Action and any damages or other harm allegedly resulting there from (the "Released Claims"). As set forth in the Settlement Agreement, the Released Claims do not include any claims relating to any product, defect,

breach of contract, or similar claim relating to Balziva or other Barr products not directly related to the facts, occurrences, transactions, or other matters alleged in the Class Action.

12. All Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

13. Each settling Class Member is hereby deemed expressly to have waived and released, with respect to the Released Claims, any and all provisions, rights and benefits conferred by (i) Section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

(ii) Section 17200, *et seq*. of the California Business and Professional Code; and (iii) any similar state, federal or other laws, rules or regulations or principles of common law. Each settling Class Member may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims, but each settling Class Member shall hereby be deemed to have expressly waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts.

14. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3), 54(d) and 52(a) of the Federal Rules of Civil Procedure, this Court makes the following findings of fact and conclusions of law:

(a) that the Barr Settlement and the Warner Chilcott Settlement both confer a substantial benefit on the Class;

(b) that the value conferred on the Class is immediate and readily quantifiable, in that, upon this Judgment's becoming final, each Class member who duly submits and executes a Claim Form in accordance with the Plan of Allocation will receive a cash payment that represents a substantial portion of the total overcharge allegedly incurred as a result of the conduct challenged in this lawsuit;

(c) that Class Counsel effectively pursued the claims on behalf of the members of the Class before this Court in this complex case, and reasonably expended 17,488.70 hours in so doing, resulting in a lodestar of $7,226,504 at the normal and customary hourly rates of these law firms, which was expended with no guarantee it would be compensated;

(d) that the Barr Settlement and Warner Chilcott Settlement were both obtained as a direct result of Class Counsel's skillful advocacy;

(e) that the Barr Settlement and the Warner Chilcott Settlement were reached following mediation sessions presided over by Magistrate Judge Kay and Prof. Eric D. Green, and were negotiated in good-faith and in the absence of collusion;

(f) that during the prosecution of this Class Action, Class Counsel incurred expenses in the amount of $1,152,390.34, which I find were reasonable and necessary to the representation of the Class and the prosecution of this lawsuit, and for which Class Counsel had no guarantee of reimbursement;

(g) that Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund (including

6

the interest accrued thereon) created by both the Barr Settlement and the Warner Chilcott Settlement, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(h) that Class Counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since February 13, 2009 (D.E. #203);

(i) that no member of the Class, which is composed of approximately 30 business entities, has objected to the award of attorneys' fees or expenses sought by Class Counsel, and certain members of the Class have affirmatively expressed their lack of objection and/or support for both settlements and the requested attorneys' fees and costs;

(j) that counsel who recover a common fund for the benefit of persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the fund as a whole. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984);

(k) that the requested 33-1/3% fee award is well within the applicable range of reasonable percentage fund awards, and results in a low multiplier.

Accordingly, Direct Purchaser Plaintiffs' Class Counsel are hereby awarded attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund plus interest through this date, or a total fee award of $ 7,382,185.93. The Court finds this award to be fair and reasonable. Further, Direct Purchaser Plaintiffs' Class Counsel are hereby awarded $ 1,152,390.34 out of the Settlement Fund to reimburse their expenses incurred in the prosecution of this lawsuit, which the Court finds to be fair and reasonable, and which amount shall be paid to Direct Purchaser

7

Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Executive Committee of Class Counsel shall allocate the fees and expenses among all of the Class Counsel.

15. Neither this Final Order and Judgment, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto shall constitute evidence or an admission by any party or Releasee, that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefore. Neither this Final Order and Judgment, the Settlement Agreement, nor any of the terms or negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreement.

16. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Barr and Warner Chilcott Settlements, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of Columbia, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions therein.

17. The five Class Representatives are each hereby awarded $50,000 out of the Settlement Fund, for representing the Class, which amount is in addition to whatever monies

these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

18. In the event the Barr Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against all Defendants in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members.

SO ORDERED this the 20th day of April, 2009.

Hon. Colleen Kollar-Kotelly
United States District Judge
Washington, D.C.