Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF DANIEL STOVER IN SUPPORT OF APPLICATION OF PLAINTIFFS FOR APPROVAL OF SERVICE AWARDS**<br><br>Date:        March 5, 2014<br>Time:        1:30 pm<br>Courtroom: 8, 4th Floor<br>Judge:       Honorable Lucy H. Koh |

I, Daniel Stover, declare as follows:

1.     I make this statement on the basis of my personal knowledge and, if called as a witness, could and would testify as to its contents. I worked for Defendant Intuit, Inc. ("Intuit") as a Web Marketing Representative, a Web Developer, and a Software Engineer, on a salaried basis, from November 2006 through December 2009. I am a Class Representative in this lawsuit.

## **Protecting the Interests of the Class**

2.     Before filing this lawsuit, I became aware of agreements Intuit and other Defendants entered into to eliminate competition for labor. I believe I was harmed by such agreements, and that my compensation and those of other employees like me were artificially and unlawfully suppressed. I also believed that, without private plaintiffs willing to step forward and serve as Class Representatives, Defendants would not compensate their employees for the pay that was unlawfully denied them.

3.     I retained Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") to file a class action lawsuit on my behalf, and on behalf of a class of other similarly situated individuals, to hold Defendants accountable for their wrongful acts, to seek compensation for those the Defendants harmed, and to deter such misconduct in the future. That case was filed in California Superior Court, Santa Clara County, on July 14, 2011. The case was subsequently removed by Defendants to United States District Court for the Northern District of California. On September 12, 2011, my case was consolidated with four other similar cases, and my counsel filed a Consolidated Amended Complaint on September 13, 2011. (Dkt. 65.) On October 24, 2013, the Court certified the proposed Class and appointed me as a Class Representative. (Dkt. 531.)

4.     I understand the responsibilities of a Class Representative and I have fulfilled, and I continue to fulfill, my duties to the Class. I have been actively involved in the litigation of this case, as described more fully below, and have been in close contact with the attorneys representing the Class to monitor and contribute to this case throughout. On many occasions, I have provided my attorneys with input and advice regarding various aspects of the litigation, including the terms of the settlements with Pixar Ltd., Lucasfilm, and Intuit Inc. (collectively, the

1  "Settling Defendants") (collectively, the "Settlements").  I have vigorously represented the

2  Class's interests pursuant to my fiduciary duties to the Class I represent.

3       5.     I was not promised any amount of money to serve as a Class Representative.  My

4  approval of the Settlements was based on my view that they were in the best interests of the

5  Class.

6       6.     The Settlements create a fund of $20 million, and preserve the ability to recover

7  the full amount of damages caused by Defendants' unlawful conspiracy from the remaining

8  Defendants.  All Class Members can participate in the money award just by filing a claim form.

9       **Benefits to the Class From My Actions as a Class Representative**

10      7.     In my role as Class Representative, I have expended substantial time and effort (as

11 more fully explained below) to perform actions that have benefited the Class at large.

12      8.     Since I first retained Lieff Cabraser, I have spent over approximately 100 hours

13 fulfilling my role as a Class Representative in this case, including participating in discovery and

14 mediation.  A summary of my activities is as follows:

15      a.     Meeting with and speaking with my attorneys at Lieff Cabraser as part of

16 the initial investigation of the case;

17      b.     Preparing, reviewing, and finalizing my complaint;

18      c.     Reviewing drafts of pleadings and other documents before authorizing my

19 attorneys to file them and providing input on these key documents;

20      d.     Gathering documents and other potential evidence about Defendants and

21 about my claims to provide to Lieff Cabraser and produce to Defendants, including providing

22 documents and electronically stored information to support my claims and the Class's claims,[1] as

23 well as helping my attorneys understand Intuit practices and potential witnesses so my attorneys

24 could formulate proper discovery requests;

---

[1] Searching and producing both paper documents and electronically stored information was a substantial effort, and included third party sources of information, such as personal email services. My search and production was not limited by time or source of information, and the topics were broad in response to Defendants' discovery requests. I also assisted Lieff Cabraser in reviewing my documents to understand their potential responsiveness to Defendants' discovery requests.

   e. Preparing, reviewing, finalizing, and verifying my responses to 16 interrogatories, including updating several of my answers twice, at Defendants' request;

   f. Reviewing documents produced by Defendants, and testimony from Defendants' witnesses, that relate to me, my claims, and the claims of the Class;

   g. Reviewing expert work performed by experts retained by both the Class and by Defendants, and providing feedback to my attorneys;

   h. Sitting for a full-day deposition taken by Defendants on October 29, 2012;

   i. Preparing for my deposition with my attorneys;

   j. Reviewing and correcting my deposition transcript following my deposition;

   k. Discussing the strategy and progress of all mediations in the case; and

   l. Participating in regular conversations with my attorneys at Lieff Cabraser throughout the duration of this case, with some calls lasting over an hour and sometimes as often as several times a day, and additional communications by way of frequent and regular email correspondence.

### **Reasonable Fears of Workplace Retaliation**

9. I remain a part of the high-technology industry. Given this close-knit industry, and the prominence and power of the seven Defendants in this case, I have taken substantial risks in my own career by stepping forward as a Class Representative here. Further, during the course of this action, Defendants served 9 subpoenas on other (non-party) companies that have employed me, seeking essentially all information regarding nearly any aspect of my work for these employers, including my personnel files. I took the risk that other high-technology companies will not hire me or that clients might not want to work with me because I served as a Class Representative in this action. That risk will continue throughout my career.

1  I declare under penalty of perjury under the laws of California and the United States that
2  the foregoing is true and correct.
3
4  Executed on February 20, 2014 in ___Seattle___, ___Washington___.
5
6  _____
7  Daniel Stover