Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF DEAN M. HARVEY IN SUPPORT OF APPLICATION OF PLAINTIFFS FOR APPROVAL OF SERVICE AWARDS**<br><br>Date: March 5, 2014<br>Time: 1:30 pm<br>Courtroom: 8, 4th Floor<br>Judge: Honorable Lucy H. Koh |

I, Dean M. Harvey, declare as follows:

1. I am an attorney licensed to practice in the Northern District of California. I am a partner at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Counsel for the Class Representatives and the proposed Settlement Class. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. LCHB represented Brandon Marshall, one of the Class Representatives in this case, since he retained LCHB on May 27, 2011. I personally worked with Mr. Marshall on the filing of his complaint, responding to Defendants' discovery requests, and preparing for his deposition, among other tasks.

3. Mr. Marshall died on December 10, 2013. Attached hereto as Exhibit A is a true and correct copy of the affidavit of Laurel Bresaz, Mr. Marshall's widow and the Personal Representative of his estate.

## Protecting the Interests of the Class

4. Mr. Marshall was employed by Defendant Adobe during the Class period. Before filing this lawsuit, Mr. Marshall became aware of agreements that Adobe and other Defendants entered into to eliminate competition for labor. He believed that he was harmed by such agreements, and that his compensation and those of other employees like him were artificially and unlawfully suppressed. He also believed that, without private plaintiffs willing to step forward and serve as Class Representatives, Defendants would not compensate their employees for the pay that was unlawfully denied them. *See* Declaration of Brandon Marshall In Support of Plaintiffs' Motion for Class Certification (Dkt. No. 188-4).

5. Mr. Marshall retained LCHB to file a class action lawsuit on his behalf, and on behalf of a class of other similarly situated individuals, to hold Defendants accountable for their wrongful acts, to seek compensation for those the Defendants harmed, and to deter such misconduct in the future. That case was filed in California Superior Court, Santa Clara County, on June 28, 2011. The case was subsequently removed by Defendants to the United States District Court for the Northern District of California. On September 12, 2011, his case was consolidated with four other similar cases, and LCHB filed a Consolidated Amended Complaint

1  on September 13, 2011.  (Dkt. 65.)  On October 24, 2013, the Court certified the proposed Class
2  and appointed Mr. Marshall as a Class Representative.  (Dkt. 531.)

3        6.      Mr. Marshall fulfilled the responsibilities of a Class Representative.  He was
4  actively involved in the litigation of this case, as described more fully below, and was in close
5  contact with LCHB to monitor and contribute to this case throughout.  On many occasions, he
6  provided me and my colleagues with input and advice regarding various aspects of the litigation,
7  including the terms of the settlements with Pixar Ltd., Lucasfilm, and Intuit Inc. (collectively, the
8  "Settling Defendants") (collectively, the "Settlements").  He vigorously represented the Class's
9  interests pursuant to his fiduciary duties to the Class he represented.

10       7.      Mr. Marshall was not promised any amount of money to serve as a Class
11 Representative.

12       8.      The Settlements create a fund of $20 million, and preserve the ability to recover
13 the full amount of damages caused by Defendants' unlawful conspiracy from the remaining
14 Defendants.  All Class Members can participate in the money award just by filing a claim form.

15 **Benefits to the Class From Mr. Marshall's Actions as a Class Representative**

16       9.      In his role as Class Representative, Mr. Marshall expended substantial time and
17 effort (as more fully explained below) to perform actions that have benefited the Class at large.

18       10.      Since he first retained Lieff Cabraser, I estimate that Mr. Marshall spent well over
19 100 hours fulfilling his role as a Class Representative in this case, including participating in
20 discovery and mediation.  A summary of his activities that I am personally aware of is as follows:

21       a.      Meeting with and speaking with me and my colleagues at LCHB as part of
22 the initial investigation of the case;

23       b.      Preparing, reviewing, and finalizing his complaint;

24       c.      Reviewing drafts of pleadings and other documents before authorizing me
25 and my colleagues to file them and providing input on these key documents;

26       d.      Gathering documents and other potential evidence about Defendants and
27 about his claims to provide to LCHB and produce to Defendants, including providing documents

28

and electronically stored information to support his claims and the Class's claims,[1] as well as helping me and my colleagues understand Adobe practices and potential witnesses so we could formulate proper discovery requests;

  e. Preparing, reviewing, finalizing, and verifying his responses to 16 interrogatories, including updating several of his answers twice, at Defendants' request;

  f. Reviewing documents produced by Defendants, and testimony from Defendants' witnesses, that relate to him, his claims, and the claims of the Class;

  g. Reviewing expert work performed by experts retained by both the Class and by Defendants, and providing feedback to me and my colleagues;

  h. Sitting for a full-day deposition taken by Defendants on October 29, 2012;

  i. Preparing for the deposition with me and my colleagues;

  j. Reviewing and correcting his deposition transcript following his deposition;

  k. Discussing the strategy and progress of all mediations in the case, and participating in mediation; and

  l. Participating in regular conversations with me and my colleagues at LCHB throughout the duration of this case, with some calls lasting over an hour and sometimes as often as several times a day, and additional communications by way of frequent and regular email correspondence.

**Reasonable Fears of Workplace Retaliation**

Mr. Marshall remained a part of the high-technology industry until the time of his death. Given this close-knit industry, and the prominence and power of the seven Defendants in this case, he took substantial risks in his own career by stepping forward as a Class Representative here. Further, during the course of this action, Defendants served 9 subpoenas on other (non-

---

[1] Searching and producing both paper documents and electronically stored information was a substantial effort, and included third party sources of information, such as personal email services. Mr. Marshall's search and production was not limited by time or source of information, and the topics were broad in response to Defendants' discovery requests. He also assisted LCHB in reviewing his documents to understand their potential responsiveness to Defendants' discovery requests.

1  party) companies that had employed him, seeking essentially all information regarding nearly any
2  aspect of his work for these employers, including his personnel files.  He took the risk that other
3  high-technology companies would not hire him or that clients might not want to work with him
4  because he served as a Class Representative in this action.

6      I declare under penalty of perjury under the laws of California and the United States that
7  the foregoing is true and correct.

9      Executed on March 4, 2014 in San Francisco, California.

/s/ _____
Dean M. Harvey