1  Richard M. Heimann (State Bar No. 63607)
   Kelly M. Dermody (State Bar No. 171716)
2  Eric B. Fastiff (State Bar No. 182260)
   Brendan Glackin (State Bar No. 199643)
3  Dean Harvey (State Bar No. 250298)
   Anne B. Shaver (State Bar No. 255928)
4  Lisa J. Cisneros (State Bar No. 251473)
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
5  275 Battery Street, 29th Floor
   San Francisco, California  94111-3339
6  Telephone: 415.956.1000
   Facsimile: 415.956.1008
7
   Joseph R. Saveri (State Bar No. 130064)
8  James G. Dallal (State Bar No. 277826)
   JOSEPH SAVERI LAW FIRM
9  505 Montgomery, Suite 625
   San Francisco, CA 94111
10 Telephone: 415. 500.6800
   Facsimile: 415. 500.6803
11
   *Co-Lead Class Counsel*
12
   [Additional counsel listed on signature page]
13

14                IN THE UNITED STATES DISTRICT COURT

15               FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                           SAN JOSE DIVISION

17

18 | IN RE: HIGH-TECH EMPLOYEE          | Master Docket No. 11-CV-2509-LHK
   | ANTITRUST LITIGATION               |
19 |                                    | **JOINT CASE MANAGEMENT STATEMENT**
   | THIS DOCUMENT RELATES TO:          |
20 |                                    | Date:       March 20 and 27, 2014
   | ALL ACTIONS                        | Time:       1:30 p.m.
21 |                                    | Courtroom:  8, 4th Floor
   |                                    | Judge:      The Honorable Lucy H. Koh
22

Pursuant to Your Honor's December 18, 2013 Case Management Order (Docket No. 547), the parties submit this joint statement regarding the distribution of summary judgment and *Daubert* motions for the March 20 and 27, 2014 hearing dates. Additionally, the parties wish to bring to the Court's attention certain disputes that have arisen regarding the content and nature of dissemination of a reminder notice that Plaintiffs wish to send to the class, and to alert the Court to an issue involving the failure of the Claims Administrator to establish a mechanism for class members to opt out by email for several weeks after the original notices were sent.

## I. Distribution of Argument for the March 20 and 27 Hearing Dates

The Court has reserved March 20 and 27, 2014 for hearings on Defendants' motions for summary judgment, Defendants' *Daubert* motions, and Plaintiffs' *Daubert* motion. The parties disagree as to the order in which argument on these motions should proceed.

### A. Plaintiffs' Position

Plaintiffs propose that the Court hear argument on the parties' *Daubert* motions on March 20, 2014, and reserve March 27, 2014 for hearing on Defendants' motions for summary judgment. Plaintiffs believe this is the logical order in which to proceed because opposition to the summary judgment motions rests in part on expert evidence that is the subject of *Daubert* motions. Notwithstanding this, Plaintiffs submit that the hearings should be ordered in whatever way best serves the Court, and will be happy to address the motions in whatever order the Court prefers.

### B. Defendants' Position

Defendants propose that the Court hear argument on the Defendants' motions for summary judgment on March 20, 2014, reserving March 27, 2014 for any unfinished summary judgment argument, as well as argument on the parties' *Daubert* motions and Defendants' motion to strike. This sequencing makes sense because the Court should consider each individual defendant's liability separately before addressing the admissibility of expert testimony, and because the issues raised in the individual motions for summary judgment provide important context and background for the parties' *Daubert* motions. Contrary to Plaintiffs' suggestion, no

individual summary judgment motion's resolution depends on a determination regarding the admissibility of any expert testimony.

Unless the Court has a preferred order of argument, Defendants request that the summary judgment motions be heard in the following order: (1) Intel; (2) Adobe; (3) Google; and (4) Apple. Defendants make no request regarding the order in which the Court hears the *Daubert* motions, except that they follow the summary judgment motions. Defendants will, of course, be glad to address these motions in whatever order the Court prefers.

## II. Settlement Notice Reminder

### A. Plaintiffs' Position

Plaintiffs seek the Court's assistance with a dispute that has occurred between Plaintiffs and Non-Settling Defendants. In order to increase the number of Class members participating in the Settlements, Plaintiffs propose that the Claims Administrator send a reminder notice of the March 19 date to file claims or opt out to the Class members who have not yet submitted claim forms or opted out. The reminder would be sent via email for those Class members for whom an email address is available (approximately one-half of the Class), and via postcard for the others. Such reminders are useful to ensure that notice is effective. The cost of the reminder notice would be paid from the Settlement fund. To date, the only Notice provided to Class members was in hard copy, by first class mail on January 24, 2014. Notice has not yet been sent in any other manner, including by email. Plaintiffs attach the proposed draft email and postcard Notice reminders here, as Exhibits A and B, respectively.

**Timing:** Non-Settling Defendants are raising an eleventh hour objection to the reminder notice. In January, 2014, prior to the date that Class Notice was mailed, Plaintiffs' counsel spoke with the Non-Settling Defendants' counsel who was running point on Class Notice questions. While discussing the mode of Class notice, defense counsel requested information about the email address from which Class Notice would be sent so that his client could avoid Notices being blocked by firewalls. At that time, Plaintiffs' counsel informed defense counsel that the initial Notice would be by regular mail, and that they would reserve email for a reminder. Defendants

raised no objection to that plan at that time. On February 19, 2014, Plaintiffs provided Non-Settling Defendants with a draft proposed reminder email and postcard. These documents contained only 2 or 3 short paragraphs reminding Class members of the March 19, 2014 deadline for exercising their rights and encouraging them to go to the settlement administration website for complete information.

Six days later, on February 25, Non-Settling Defendants informed Plaintiffs for the first time that they objected to the proposed reminders, but did not offer any alternate text. Instead, they claimed that the Court-approved notice plan did not provide for it, even though the Court ordered Defendants to provide email addresses and the Notice plan contemplated they would be used. Plaintiffs requested a meet and confer with Defendants on February 27, 2014. Finally, on March 3, Plaintiffs' counsel spoke with Non-Settling Defendants' counsel and requested proposed alternative text. Non-Settling Defendants' counsel did not have any to propose at that time. Plaintiffs' counsel advised them that Plaintiffs would be compelled to raise this issue with the Court due to the press of time. Nevertheless, Non-Settling Defendants did not provide any proposed edits to the summary language originally offered by Plaintiffs on February 19 until 4:00 PM today, March 6, the day of this filing. With every passing day, they have made it less likely that a reminder Notice will be able to achieve its intended effect of encouraging Class member participation.

**Language:** Plaintiffs submit that a reminder notice is routine in class settlement administration. It appears that Defendants no longer oppose any reminder – but they want to add language that is unnecessary.

The current proposed language for the reminder notice is appropriate. The heading alerts Class members that the communication is a reminder of the original notice. It alerts them of the important March 19, 2014 deadline for exercising their rights, and directs Class members to the settlement website for further questions or information. The email version – which has fewer space constraints than a postcard – also includes the Class definition. Defendants do not appear to object to any of this information.

Instead, Defendants' proposed postcard reminder (Exhibit C, *infra*) contains so much text that in order to fit on a postcard, the font would have to be so small as to be unreadable. This negates the purpose of a short-form reminder, which is to direct Class members to either visit the website or review their original notice. In addition, it highlights a minor error by the Claims Administrator for which there is no evidence of any need for a cure, much less the one Non-Settling Defendants propose here. That error involved the delayed activation of an opt out email address for the Claims Administrator. The only Class member who had an issue with this error was able to opt out through the one of the many other means available for communicating with the Claims Administrator, and the error was fixed. The Claims Administrator's call log records do not reflect any concerns about Class members not being able to opt out who wanted to do so.[1] Thus, there is no need to send a reminder communication that focuses on the opt out email mechanism. Regardless, a reminder notice would serve to ameliorate whatever marginal obstacle may have existed by reminding Class members of the opt out deadline and pointing them to the website for more information about the various methods they can use to opt out. There is no reason to encourage Class members to opt out by describing this error in bolded text in the middle of the reminder notice, as Non-Settling Defendants propose below.

**Mode of Reminder:** The Court ordered Defendants to produce Class member email addresses for Notice, and they have done so. Email is a highly desirable mode of communication with technical professionals given the computerized focus of so much of their work, and an email reminder is a no-brainer here.

Because email addresses were only available for about one-half of the Class, Plaintiffs have proposed the postcard reminder as well, to be sent to those Class members for whom there is no email address, to ensure that all Class members receive this reminder benefit.

---

[1] Defendants mistakenly suggest that the Claims Administrator is unable to ascertain the extent of the problem. That is not true. As described herein, the Claims Administrator's call logs reflect that Class members who wanted to opt out were able to do. The only thing the Administrator could not do was determine how many emails bounced back. Plaintiffs' counsel invited Defendants' counsel to join a call with the Administrator to see if this technical issue could be advanced any further, and Defendants said it would not be necessary.

It is unclear why Defendants oppose only the email mode of reminder. As they point out, the passage of time now provides such a narrow window to achieve the benefits of a mailed postcard, largely as a result of Non-Settling Defendants surprising positions.[2]

Accordingly, Plaintiffs respectfully request that the Court direct that the attached reminder notice be sent via email (where available) or by postcard to those Class members who have not yet filed claim forms or opted out.

### B.   Non-Settling Defendants' Position

The Non-Settling Defendants first responded to Plaintiffs' February 19, 2014 proposed reminder notice on that same day. Defendants informed Plaintiffs that they had significant concerns with the appropriateness and substance of Plaintiffs' proposed email and needed sufficient time to review it. Defendants followed up on February 25, 2014, pointing out various and specific problems in Plaintiffs' proposal, as noted below. Plaintiffs did not respond to that letter or correct any of the problems in their draft notice. Instead, on February 27, 2014, Plaintiffs asked to meet and confer regarding the problem created by the Claims Administrator's failure to establish the required email address. Plaintiffs did not request to meet and confer regarding the form of any reminder notice. In fact, it was not until this week, on Monday, March 3, that Plaintiffs first responded to the problems in their proposed reminder notice that had been pointed out on February 25. Plaintiffs' response was that they would fix any of the problems in their proposed notice. In addition, Plaintiffs responded that they would investigate the extent of the problem resulting from the Claims Administrator's failure to establish the required email address. During a subsequent conversation on Wednesday, March 5, Plaintiffs requested that the Non-Settling Defendants draft a revised notice addressing the problems that the Non-Settling Defendants had pointed out. The Non-Settling Defendants agreed to do so and provided that corrected notice the next day, March 6. During the same call on March 5, Plaintiffs indicated that

---

[2] If the Court would prefer, Plaintiffs submit that the period for opting out and filing Claims could be extended, e.g., by two weeks, without affecting any other dates in the final approval schedule.

the Claims Administrator was unable to determine the extent of the problem created by the failure to establish the required email address.

Plaintiffs' proposal for a reminder notice by email and mail is unworkable for several reasons:

First, there was a significant problem with Plaintiffs' original notice that any reminder notice should attempt to correct. In connection with the initial notice to the class, Plaintiffs were required to establish an email address by which class members could opt out of the continuing litigation and/or the settlement. The original notice was sent to class members on January 22, 2014, and stated that class members could opt out by sending an email to info@hightechemployeelawsuit.com. Three weeks later, an Intel employee contacted human resources to report that he had attempted to opt out multiple times, from multiple email addresses, and received rejection, or bounce-back, emails each time. When defense counsel raised this issue with class counsel, they were referred to the Claims Administrator, who investigated the issue and then reported that the email address had, in fact, never been established. The Claims Administrator thereafter advised that it established the email address on February 13, 2014. As a result, for three weeks after the dissemination of the notice, there was no functioning opt out email address. The Claims Administrator has stated that there is no way to determine the number of emails sent to this inoperative email address or the number of bounce-back emails generated as a result. Defendants thus believe that any reminder notice should state, in a prominent position and fashion, that the original opt out email address was faulty but that, if class members wish to opt out, the email address is now functional.

Second, the text of Plaintiffs' proposed email and postcard reminders differs dramatically from the notice that was reviewed, edited, and approved by the Court. The reminders do not provide the information set forth in Rule 23(c)(2), make no mention of the continuing litigation, do not inform class members of how their rights will be impacted if they do not act, and do not inform class members of their right to opt out of the settlements and/or the continuing litigation.

Third, Plaintiffs' proposed method of dissemination—half by email, half by U.S. Mail—is problematic. Plaintiffs elected to disseminate the original notice by U.S. Mail, taking the position that it was the best notice practicable. Plaintiffs have offered no justification for switching to email for the portion of the class for whom the parties have e-mail address information, or for sending different notices to different portions of the class. Moreover, Plaintiffs propose sending significantly different reminder notices depending on whether the notice is sent by email or U.S. Mail. Treating different segments of the class differently may create confusion, for example, particularly because some class members may receive an email notice while their current or former co-workers do not.

Finally, Plaintiffs' proposal is not consistent with the current opt out deadline of March 19, 2014. Under Plaintiffs' current proposal, even if the significant deficiencies in Plaintiffs' proposed draft could be remedied, notice likely could not be disseminated until approximately one week before the opt out and claims deadline. This would afford class members only a few days to receive, read and respond to the reminder notice before expiration of the applicable period. Thus, if the Court decides that a reminder notice should be disseminated, the deadlines for submitting claim forms and opting out should be adjusted appropriately.

In short, the reminder notice proposed by Plaintiffs is deficient in terms of content, mode of dissemination, and timing. Should the Court decide that such a notice should be disseminated, it should be disseminated in the same form to all class members and should include an appropriate extension of time for submitting claims or opting out. Attached as Exhibit C is defendants' proposed form for such notice, should the Court decide that one should be disseminated.

Dated: March 6, 2014      LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:    */s/ Kelly M. Dermody*
       Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Co-Lead Class Counsel*

Dated: March 6, 2014      JOSEPH SAVERI LAW FIRM

By:    */s/ Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
255 California, Suite 450
San Francisco, CA 94111
Telephone: 415. 500.6800
Facsimile: 415. 500.6803

*Co-Lead Class Counsel*

Dated: March 6, 2014      O'MELVENY & MYERS LLP

By:    */s/ Michael F. Tubach*
       Michael F. Tubach

George Riley
Michael F. Tubach
Christina J. Brown
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
griley@omm.com
mtubach@omm.com
cjbrown@omm.com
Tel.: (415) 984-8700
Fax: (415) 984-8701

*Attorneys for Defendant APPLE INC.*

| | | |
|---|---|---|
| 1 | Dated:  March 6, 2014 | MUNGER, TOLLES & OLSON LLP |
| 2 | | By:    /s/ Gregory P. Stone |
| 3 | |          Gregory P. Stone |

Gregory P. Stone
Bradley S. Phillips
Gregory M. Sergi
John P. Mittelbach
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
gregory.stone@mto.com
brad.phillips@mto.com
gregory.sergi@mto.com
john.mittelbach@mto.com
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant INTEL CORP.*

Dated:  March 6, 2014     JONES DAY

By:    */s/ David C. Kiernan*
         David C. Kiernan

Robert A. Mittelstaedt
David Kiernan
Lin W. Kahn
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
ramittelstaedt@jonesday.com
dkiernan@jonesday.com
linkahn@jonesday.com
Tel.: (415) 626-3939
Fax: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

| | | |
|---|---|---|
| 1 | Dated: March 6, 2014 | KEKER & VAN NEST |
| 2 | | By:    */s/ Robert Addy Van Nest* |
| 3 | |        Robert Addy Van Nest |

Robert Addy Van Nest
Eugene M. Paige
Daniel Purcell
Justina Sessions
KEKER & VAN NEST
633 Battery Street
San Francisco, CA 94111-1809
rvannest@kvn.com
epaige@kvn.com
dpurcell@kvn.com
jsessions@kvn.com
Tel.: (415) 391-5400
Fax: (415) 397-7188

*Attorneys for Defendant GOOGLE INC.*

Dated: March 6, 2014        MAYER BROWN LLP

By:   */s/ Lee H. Rubin*
      Lee H. Rubin

Lee H. Rubin
Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
lrubin@mayerbrown.com
wjohnson@mayerbrown.com
Tel.: (650) 331-2000
Fax: (650) 331-2060

Kristen A. Rowse
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-2112
krowse@mayerbrown.com
Tel.: (213) 229 5137
Fax: (213) 576 8139

*Attorneys for Defendant GOOGLE INC.*

**ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from all signatories.