UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION ————————————————— THIS DOCUMENT RELATES TO: **ALL ACTIONS** ————————————————— | ) ) ) ) ) ) ) ) ) ) |

Case No.: 11-CV-02509-LHK

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

Before the Court are numerous administrative motions to seal related to Plaintiffs'

Supplemental Motion for Class Certification. *See* ECF Nos. 417, 424, 450, 454 ("Sealing

Motions"). For the reasons stated herein, the Court GRANTS in part and DENIES in part the

parties' Sealing Motions.

## I.       LEGAL STANDARD

Historically, courts have recognized a "general right to inspect and copy public records and

documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7

(1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in

favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,

1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th

Cir. 2003)).

1

To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

2

Even under the "good cause" standard of Rule 26(c), however, a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

As Plaintiffs' Supplemental Motion for Class Certification is a non-dispositive motion,[1] the Court finds that the parties need only demonstrate "good cause" in order to support their requests to seal. *Pintos*, 605 F.3d at 678 (applying "good cause" standard to all non-dispositive motions).

## II. PARTIES' ADMINISTRATIVE MOTIONS TO SEAL

As an initial matter, the Court denies requests to seal information relating to topics already discussed publicly in filings or at hearings before the Court. For example, at the August 8, 2013 Class Certification Hearing, the following topics were discussed: (1) Google's Big Bang, a company-wide pay increase; (2) Defendants' "high, medium, and low" pay ranges; (3) the fact that Defendants' employees were rarely paid outside these ranges; (4) the fact that an extra layer of approval was needed to depart from these ranges; and (5) the importance of internal equity. Aug. 8, 2013 Class Cert. Hr'g Tr. ("Aug. 8 Tr.") at 102:18-22, ECF No. 494; *id.* at 27:15-18; *id.* at 27:20-22. However, Defendants seek to seal such information. *See* Decl. Eric B. Evans in Supp. of J. Resp. to Pls.' Admin. Mot. to File Under Seal Pls.' Suppl. Mot. in Supp. of Class Cert. ("Decl. Eric B. Evans in Supp. of Mot. to Seal Pls.' Suppl. Mot.") ¶ 5, ECF No. 427; *See, e.g.*, Decl. Catherine T. Zeng in Supp. of Defs.' Resp. to Pls.' Adm. Mot. to File Under Seal ¶ 4, ECF No. 425; Decl.

---

[1] The Court recognizes that there may be circumstances in which a motion for class certification is case dispositive. As the Eleventh Circuit observed in *Prado v. Bush*, 221 F.3d 1266, (11th Cir. 2000), a motion for class certification might be dispositive if "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Id.* at 1274. Nevertheless, the Court applies a "good cause" standard here in accordance with the vast majority of other courts within this circuit. *See, e.g.*, *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09-01967, 2012 WL 5395039 (N.D. Cal. Nov. 5, 2012); *Vietnam Veterans of America v. C.I.A.*, No. 09-0037, 2012 WL 1094360, at *1-2 (N.D. Cal. March 29, 2012); *Buchanan v. Homeservices Lending LLC*, No. 11-0922, 2012 WL 5505775, at *2 (S.D. Cal. Nov. 13, 2012); *Davis v. Social Service Coordinators, Inc.*, No. 10-02372, 2012 WL 2376217 (E.D. Cal. June 22, 2012); *Rich v. Hewlett-Packard Co.*, No. 06-03361, 2009 WL 2168688 (N.D. Cal. Jul. 20, 2009).

3

Eric B. Evans in Supp. of Mot. to Seal Pls.' Suppl. Mot., ECF No. 427. Because this information is in the public record, the Court denies requests to seal such information in the motions below.

### A. Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Supplemental Motion for Class Certification, ECF No. 417

On May 10, 2013, Plaintiffs moved to file under seal documents related to Plaintiffs' Supplemental Motion for Class Certification. *See* Plaintiffs' Motion to Seal Supplemental Motion for Class Certification, ECF No. 417. Specifically, pursuant to Civil Local Rule 7-11 and 79-5(d), Plaintiffs request an order from the Court authorizing the filing under seal of portions of the following documents:

> (1) Plaintiffs' Supplemental Motion and Brief in Support of Class Certification, *see* ECF No. 418;
>
> (2) Expert Witness Report of Kevin F. Hallock, *see* ECF No. 418-3;
>
> (3) Supplemental Expert Witness Report of Edward E. Leamer, *see* ECF No. 418-4;
>
> (4) Exhibits A through VV and Plaintiffs' Exhibits attached to the Declaration of Lisa J. Cisneros in Support of Plaintiffs' Supplemental Motion for Class Certification, *see* ECF No. 418-2; and
>
> (5) Exhibits 1 through 17 to the Declaration of Dean M. Harvey in Support of Plaintiffs' Supplemental Motion for Class Certification, *see* ECF No. 418-1.

Plaintiffs request that the above documents be filed under seal because they are or refer to documents or information that Defendants have designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order. *See* Pls.' Mot. Seal Suppl. Mot. Class Cert. at 2.

Within seven days[2] of Plaintiffs' sealing request, Defendants filed a joint response to Plaintiffs' administrative motion to file portions of these documents under seal. *See* Defendants' Joint Response to Plaintiffs' Motion to Seal Supplemental Motion for Class Certification, ECF No. 424. Defendants contend that the materials that they seek to maintain under seal contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data as well as information that reflect certain Defendants' internal

---

[2] The Local Rules currently provide that the Designating Party must file a declaration establishing that all of the designated material is sealable within four days of the filing of the Administrative Motion to File Under Seal. *See* Local Rule 79-5(e)(1). However, at the time of the sealing requests, the Local Rules allowed the Designating Party seven days to file the declaration. Thus, Defendants' corresponding declarations are timely.

decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. *Id.* at 3. Defendants also seek to keep under seal those materials that reflect compensation practices, strategies, and policies; recruiting and hiring data, practices, strategies, and polices; and personal identifying information of employees or candidates. *Id.* Defendants designated this information as "Confidential" or "Attorneys' Eyes Only" under the Protective Order. *Id.*

In addition, Defendants filed corresponding declarations in support of Defendants' Joint Response to Plaintiffs' Motion to Seal Supplemental Motion for Class Certification:

(1) Declaration of Catherine T. Zeng (Intuit), *see* ECF No. 425;
(2) Declaration of Justina Sessions (Lucasfilm), *see* ECF No. 426;
(3) Declaration of Eric B. Evans (Google), *see* ECF No. 427;
(4) Declaration of Lin W. Kahn (Adobe), *see* ECF No. 429;
(5) Declaration of Krystal N. Bowen (Intel), *see* ECF No. 430;[3]
(6) Declaration of James M. Kennedy (Pixar), *see* ECF No. 431;
(7) Declaration of Christina Brown (Apple), *see* ECF No. 432.

In light of the above, the Court makes the following rulings as to Plaintiffs' Motion to Seal Supplemental Motion for Class Certification, ECF No. 417:

**Plaintiffs' Supplemental Motion and Brief in Support of Class Certification (ECF No. 418)**

| Pages/Lines | Ruling |
|---|---|
| Page 1, lines 23-26 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Page 2, lines 26-28 | DENIED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 429. |
| Page 10, lines 5-17 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Page 10, lines 19-23 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Page 11, lines 8-9 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Page 11, line 11 | GRANTED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Page 11, lines | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. |

---

[3] On October 30, 2013, Defendant Intel submitted revised redacted versions of the documents. ECF No. 538. According to the Declaration of Bradley Phillips, the redacted portions of the revised versions of documents contain confidential Intel information that should be sealed for the reasons described in Bowen's declaration (ECF No. 430). ECF No. 538-1 at ¶ 3.

| | | |
|---|---|---|
| 12-13 | ¶ 5, ECF No. 427. | |
| Page 11, lines 14-15 | DENIED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 432. | |
| Page 11, lines 18-19 | DENIED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 429. | |
| Page 11, lines 23-26 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. | |
| Page 15, lines 17-18 | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 429. | |
| Page 16, lines 7-8 | DENIED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 429. | |
| Page 16, lines 20-23 and 24-26 | DENIED as to the redacted portions identified by Defendants from line 20 through "all salaried employees" on line 22 and lines 24 to 26. *See* Brown Decl. ¶ 3, ECF No. 432. GRANTED as to all other redacted portions identified by Defendants (from "and" to "markets"). *See id.* | |
| Page 17, lines 1-2 | DENIED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 432. | |
| Page 17, lines 15-17 | DENIED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 432. | |
| Page 17, lines 18-20 | GRANTED as to the word between "of" and "its" on line 18. DENIED as to the remaining redacted portion identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 432. | |
| Page 17, lines 26-28 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. | |
| Page 18, lines 1-8 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. | |
| Page 18, lines 16-22 | GRANTED as to the years on lines 16 and 17. DENIED as to all other redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. | |
| Page 18, lines 27-28 | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 9, ECF No. 430. | |
| Page 19, lines 2-3 | GRANTED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 9, ECF No. 430. | |
| Page 19, lines 6-10 | DENIED as to the redacted portions identified by Defendants in lines 6-7, the last word in line 9, and line 10. *See* Bowen Decl. ¶ 9, ECF No. 430. GRANTED as to the redacted portion identified by Defendants in line 8 and the remainder of line 9. *See id.* | |
| Page 19, lines 14-15 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 9, ECF No. 430. | |

| Page 19, lines 16-19 | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 9, ECF No. 430. |
| Page 19, line 24 | DENIED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 425. |
| Page 19, lines 25-27 | DENIED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 425. |
| Page 19, line 28 through page 20, line 9 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 425. |
| Page 20, lines 17-20 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 425. |
| Page 20, lines 22-23 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 425. |
| Page 22, line 3 | GRANTED as to the redacted portion identified by Defendants. *See* Sessions Decl. ¶ 5, ECF No. 426. |

**Expert Witness Report of Kevin F. Hallock (ECF No. 418-3)**

| Paragraphs | Ruling |
| --- | --- |
| Paragraph 38 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 41 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 42 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 47 | GRANTED as from "that's" in line 6 through "then" in line 7. DENIED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 48 | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 50 | GRANTED as from "was" to "firm." DENIED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429 |
| Paragraph 60 | DENIED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432**.** |
| Paragraph 61 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432 |
| Paragraph 63 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432**.** |
| Paragraph 66 and Footnote | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |

7

| Paragraph 67 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427 |
| Paragraph 68 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427 |
| Paragraph 69 | DENIED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427 |
| Paragraph 70 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 71 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 72 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 73 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 74 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 75 | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 76 | GRANTED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 77 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraphs 78-84 | DENIED as to Paragraphs 78, 81, 82, and 84. GRANTED as to Paragraphs 79, 80, and 83. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 86 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 87 | DENIED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 88 | GRANTED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 94 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 96 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 100 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 6, ECF No. 431. |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | |
|---|---|
| Paragraph 107 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 6, ECF No. 431. |
| Paragraph 112 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 113 | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 114 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 115 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 116[4] | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 123 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraphs 125-126 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 128 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 129 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 130 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 131 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 133 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 134 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 135 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 136 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432 |
| Paragraph 137 | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |

---

[4] Adobe clarifies that it does not seek to seal Paragraphs 118 and 119 of the Hallock Report, which were listed in the Kahn Declaration. *See* Defendants' Chart Related to Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal and Supporting Declarations Filed on May 17, 2013, ECF No. 497 at 10.

| | |
|---|---|
| Paragraph 138 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 139 | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraphs 140-141[5] | GRANTED as to all the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraphs 144-145 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 146 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 147 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 149 | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 150 | DENIED as to the redacted portion identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 153 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 154 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraphs 156-157 | GRANTED as to the redacted portion in Paragraph 156. DENIED as to the redacted portion in Paragraph 157. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 159 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 160 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 161 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 162 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 163 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |

---

[5] Intel clarifies that it does not seek to seal Paragraphs 142-143, 148, 151-152, 155, and 158 of the Hallock Report, which were listed in the Bowen Declaration. *See* Defendants' Chart Related to Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal and Supporting Declarations Filed on May 17, 2013, ECF No. 497 at 10. Accordingly, the sealing requests with respect to these paragraphs are DENIED.

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| Paragraph 164 | DENIED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 169 | GRANTED as to the redacted portion identified by Defendants. *See* Sessions Decl. ¶¶ 3(ii) and 5(ii), ECF No. 426. |
| Paragraph 170 | GRANTED as to the redacted portion identified by Defendants. *See* Sessions Decl. ¶¶ 3(ii) and 5(ii), ECF No. 426. |
| Paragraph 183 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 184 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 185 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 186 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Paragraph 187 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Paragraph 189 | DENIED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 190 | DENIED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Paragraph 198 | DENIED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 199 | DENIED as to the text: "Whenever somebody's being targeted by an outside company and we want to retain them, we have a conversation around how we can retain them so they don't take the offer from the outside company." GRANTED as to all of the other redacted portions identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425. |
| Paragraph 210 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 211 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 212 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 214 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 215 | GRANTED as to the redacted portion identified by Defendants. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Paragraph 216 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | |
|---|---|
| | Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 217 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 219 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 220 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 221 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 222 | GRANTED as to the redacted portion identified by Defendants. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| Paragraph 223 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 6, ECF No. 431. |
| **Figures** | **Ruling** |
| Figure 7 (Page 107) | GRANTED. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Figure 8 (Page 108) | GRANTED. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Figure 9 (Page 109) | GRANTED. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Figures 10-11 (Page 110-111) | GRANTED. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Figure 12 (Page 112) | GRANTED. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Figure 13 (Page 113) | GRANTED. *See* Kahn Decl. ¶ 10, ECF No. 429. |
| Figure 14 (Page 114) | GRANTED. *See* Brown Decl. ¶ 4, ECF No. 432. |
| Figure 15 (Page 115) | GRANTED. *See* Kahn Decl. ¶ 10, ECF No. 429 |
| Figure 16 (Page 116) | GRANTED. *See* Bowen Decl. ¶ 8, ECF No. 430. |
| Figure 17 (Page 117) | GRANTED. *See* Evans Decl. ¶ 5, ECF No. 427. |
| Figure 18 (Page 118) | GRANTED. *See* Sessions Decl. ¶ 3(ii), ECF No. 426. |
| **Footnotes** | **Ruling** |
| Footnote 14 (Page 11) | DENIED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 5, ECF No. 425 |
| Footnote 51 (Page 21) | DENIED as to the redacted portion identified be Defendants. *See* Evans Decl. ¶ 5, ECF No. 427 |

**Supplemental Expert Witness Report of Edward E. Leamer, Ph.D. (ECF No. 418-4)**

| Paragraphs, Figures, or Exhibits | Ruling |
|---|---|
| Page 23, Figure 13 | GRANTED. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Page 27, Figure 15 | GRANTED. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Page 27, Figure 16 | GRANTED. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Paragraph 63 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Page 28, Figure 17 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Paragraph 64 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Page 29, Figure 18 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 429 |
| Page 31, Figure 19 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 429; Bowen Decl. ¶ 8, ECF No. 430; Kennedy Decl. ¶ 5, ECF No. 431; Brown Decl. ¶ 5, ECF No. 432; Zeng Decl. ¶ 6, ECF No. 425; Sessions Decl. ¶ 3(i), ECF No. 426**;** Evans Decl. ¶ 5, ECF No. 427. |
| Exhibit 1 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 429. |
| Exhibit 2 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, ECF No. 430; Brown Decl. ¶ 5, ECF No. 432; Zeng Decl. ¶ 7, ECF No. 425; Evans Decl. ¶ 5, ECF No. 427**.** |

**Declaration of Lisa J. Cisneros in Support of Plaintiffs'
Supplemental Motion for Class Certification (ECF No. 418-2)**

| Exhibits | Ruling |
|---|---|
| Exhibit A | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. A, ECF No. 429. |
| Exhibit B | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. B, ECF No. 429. |
| Exhibit C | DENIED as to the following redacted portions: page 19, line 20, to page 25, line 6; pages 68-69; pages 78-79; page 189; pages 217-221. GRANTED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. C, ECF No. 429. |
| Exhibit D | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. D, ECF No. 429. |
| Exhibit F | DENIED as to the following redacted portions: pages 74-82; 141; 267-268. GRANTED as to the redacted portions identified by Defendants. *See* Kahn |

| | |
|---|---|
| | Decl. ¶ 13, Ex. F, ECF No. 429. |
| Exhibit H | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. H, ECF No. 433. |
| Exhibit I | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. I, ECF No. 433. |
| Exhibit J | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. J, ECF No. 433. |
| Exhibit K | DENIED as to the redacted portion on page 261.<br>GRANTED as to all other redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. K, ECF No. 433. |
| Exhibit L | DENIED as to the following redacted portions in pages: 37-38; 277; 281-283. GRANTED as to all other redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. L, ECF No. 433. |
| Exhibit M | DENIED as to the redacted portions in pages: 17; 40; 52-54.<br>GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. M, ECF No. 433. |
| Exhibit N | DENIED as to the redacted portions in pages 49, 51, and 54. GRANTED as to all other redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. N, ECF No. 433. |
| Exhibit O | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. O, ECF No. 433. |
| Exhibit P | GRANTED as to the percentage figures on pages 130, 131, 133, and 134. DENIED as to all other redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. P, ECF No. 433. |
| Exhibit Q | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(i), Ex. Q, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "Can I mark the next exhibit, please" and objections to deposition questions. |
| Exhibit R | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(ii), Ex. R, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "What does it mean?" and objections to deposition questions. |
| Exhibit S | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(iii), Ex. S, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I'm sorry, I don't understand that last part of your question" and objections to deposition questions. |
| Exhibit T | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(iv), Ex. T, ECF No. 427. Redactions are |

| | |
|---|---|
| | not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I don't remember the exact times" and objections to deposition questions. |
| Exhibit V | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(v), Ex. V, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "Do you see that?" and objections to deposition questions. |
| Exhibit W | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(vi), Ex. W, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "Which ones?" and objections to deposition questions. |
| Exhibit X | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(vii), Ex. X, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "What do you mean by 'most'?" and objections to deposition questions. |
| Exhibit Y | DENIED as to the redacted portions identified in pages 222-230. GRANTED as to all other redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 3, ECF No. 430. |
| Exhibit Z | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 4, ECF No. 430. |
| Exhibit AA | DENIED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 5, ECF No. 430. |
| Exhibit BB | DENIED as to pages 73, 211. GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 6, ECF No. 430. |
| Exhibit CC | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 7, ECF No. 430. |
| Exhibit DD | DENIED as to the redacted portions: page 218, line 18 to page 19, line 25; page 248. GRANTED as to all other redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 8, ECF No. 430; Evans Decl. ¶ 7(b)(viii), ECF No. 427. |
| Exhibit EE | GRANTED as to the redacted portions identified by Defendant Intuit. *See* Zeng Decl. ¶ 8, Exhibit EE, ECF No. 425. DENIED without prejudice as to other redacted portions identified by Defendant Google. *See* Evans Decl. ¶ 7(b)(ix), Ex. EE, ECF No. 427. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I was going to ask you that." |
| Exhibit FF | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. FF, ECF No. 425. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by objections to deposition questions. |
| Exhibit GG | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. |

| | |
|---|---|
| | ¶ 8, Ex. GG, ECF No. 425. |
| Exhibit HH | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. HH, ECF No. 425. |
| Exhibit II | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. II, ECF No. 425. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of timestamps and statements such as "What would that be?" |
| Exhibit JJ | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. JJ, ECF No. 425. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I'm sorry. I don't understand your question." |
| Exhibit KK | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 5(iii), Ex. 24, ECF No. 426. |
| Exhibit LL | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 5(iii), Ex. 25, ECF No. 426. |
| Exhibit MM | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 5(iii), Ex. 26, ECF No. 426. |
| Exhibit NN | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii), ¶ 5(iii), ¶ 7(i), Ex. 27, ECF No. 426. |
| Exhibit OO | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 5(iii), Ex. 28, ECF No. 426. |
| Exhibit PP | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 5(iii), Ex. 29, ECF No. 426. |
| Exhibit QQ | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(b), Ex. 8, ECF No. 431. |
| Exhibit RR | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(a) and (b), Ex. 9, ECF No. 431. |
| Exhibit SS | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(a) and (b), Ex. 10, ECF No. 431. |
| Exhibit TT | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(b), Ex. 11, ECF No. 431. |
| Exhibit UU | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(b), Ex. 12, ECF No. 431. |
| Exhibit VV | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(a), Ex. 13, ECF No. 431. |
| Exhibit 8 | GRANTED as to the entire exhibit. *See* Sessions Decl. ¶ 3(iii), Ex. 2, ECF No. 426. |
| Exhibit 129 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy |

16

| | | |
|---|---|---|
| | | Decl. ¶ 7(b), Ex. 1, ECF No. 431. |
| Exhibit 137 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(b), Ex. 2, ECF No. 431. |
| Exhibit 173 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 6, ECF No. 427. |
| Exhibit 176 | DENIED without prejudice. Defendants seek to maintain under seal the entire exhibit. *See* Evans Decl. ¶ 7(b)(x), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| Exhibit 210 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 210, ECF No. 429. |
| Exhibit 216 | DENIED as to the text "internal equity should ALWAYS be considered" on page bearing Bates number ADOBE_050724.<br>GRANTED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 216, ECF No. 429. |
| Exhibit 268 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 268, ECF No. 433. |
| Exhibit 278 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 278, ECF No. 433. |
| Exhibit 279 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 279, ECF No. 433. |
| Exhibit 300 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, ECF No. 429. |
| Exhibit 359 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and 7(i), Ex. 4, ECF No. 426. |
| Exhibit 360 | GRANTED as to the entire exhibit. *See* Sessions Decl. ¶ 5(iii), Ex. 5, ECF No. 426. |
| Exhibit 391 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 9, ECF No. 430. |
| Exhibit 392 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 10, ECF No. 430. |
| Exhibit 393 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 11, ECF No. 430. |
| Exhibit 397 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 12, ECF No. 430. |
| Exhibit 398 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 13, ECF No. 430. |
| Exhibit 399 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | | |
|---|---|---|
| | | Decl. ¶ 8, Ex. 14, ECF No. 430. |
| | Exhibit 400 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 15, ECF No. 430. |
| | Exhibit 416 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, ECF No. 429. |
| | Exhibit 420 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(b), Ex. 3, ECF No. 431. |
| | Exhibit 424 | GRANTED as to the redacted portion identified by Defendants. *See* Kennedy Decl. ¶ 7(b), Ex. 4, ECF No. 431. |
| | Exhibit 472 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xii), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| | Exhibit 478 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 16, ECF No. 430. |
| | Exhibit 608 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xiii), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| | Exhibit 614 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xiv), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| | Exhibit 616 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xv), ECF No. 427. |
| | Exhibit 621 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xvi), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| | Exhibit 660 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xvii), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| | Exhibit 666 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xviii), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| | Exhibit 668 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xix), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |

18

| Exhibit 674 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7(b)(xx), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
|---|---|
| Exhibit 690 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii), Ex. 6, ECF No. 426. |
| Exhibit 710 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 7(i), Ex. 7, ECF No. 426. |
| Exhibit 715 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 8(i), Ex. 9, ECF No. 426. |
| Exhibit 727 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 7(i), Ex. 11, ECF No. 426. |
| Exhibit 728 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 7(i), Ex. 12, ECF No. 426. |
| Exhibit 729 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii), ¶ 7(i), ¶ 8(i), Ex. 13, ECF No. 426. |
| Exhibit 730 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii), ¶ 7(i), Ex. 14, ECF No. 426. |
| Exhibit 781 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 17, ECF No. 430. |
| Exhibit 912 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 912, ECF No. 425. |
| Exhibit 914 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 914, ECF No. 425. |
| Exhibit 944 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii), Ex. 15, ECF No. 426. |
| Exhibit 945 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii), Ex. 16, ECF No. 426. |
| Exhibit 1107 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 1107, ECF No. 425. |
| Exhibit 1130 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1130, ECF No. 433. |
| Exhibit 1158 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 1158, ECF No. 429. |
| Exhibit 1159 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 1159, ECF No. 429. |
| Exhibit 1160 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 1160, ECF No. 429. |

| | |
|---|---|
| Exhibit 1250 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 1250, ECF No. 429. |
| Exhibit 1306 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(a), Ex. 5, ECF No. 431. |
| Exhibit 1308 | GRANTED. *See* Kennedy Decl. ¶ 7(c), Ex. 6, ECF No. 431. |
| Exhibit 1309 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 7(a) and (b), Ex. 7, ECF No. 431. |
| Exhibit 1376 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1376, ECF No. 433. Redactions are not narrowly tailored. |
| Exhibit 1600 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxi), ECF No. 427. |
| Exhibit 1606 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxii), ECF No. 427. |
| Exhibit 1609 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxiii), ECF No. 427. |
| Exhibit 1613 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxiv), ECF No. 427. |
| Exhibit 1618 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxv), ECF No. 427. |
| Exhibit 1625 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxvi), ECF No. 427. |
| Exhibit 1629 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxvii), ECF No. 427. |
| Exhibit 1753 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxviii), ECF No. 427. |
| Exhibit 1760 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 1760, ECF No. 425. |
| Exhibit 1761 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 1760, ECF No. 425. |
| Exhibit 1854 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1854, ECF No. 433. |
| Exhibit 1855 | <u>Steven Burmeister Declaration</u><br>GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1855, ECF No. 433.<br><br><u>Exhibit A</u><br>DENIED as to the redacted portions identified by Defendants. *See* Brown |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| | | Decl. ¶ 7, ECF No. 432; Ex. 1855, ECF No. 433.<br><br>Exhibit B<br>GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1855, ECF No. 433.<br><br>Exhibit C<br>GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1855, ECF No. 433. |
| | Exhibit 1856 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1856, ECF No. 433. |
| | Exhibit 1858 | GRANTED as to the chart; DENIED as to the remainder of the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, Ex. 1858, ECF No. 432. |
| | Exhibit 1859 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 7, ECF No. 432; Ex. 1859, ECF No. 433. |
| | Exhibit 2002 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 8(i), Ex. 18, ECF No. 426. |
| | Exhibit 2030 | Declaration of Danny McKell<br>GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 18, ECF No. 430.<br><br>Exhibit A<br>GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 18, ECF No. 430.<br><br>Exhibit B<br>GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 18, ECF No. 430.<br><br>Exhibit C<br>GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 18, ECF No. 430.<br><br>Exhibit D<br>GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 18, ECF No. 430.<br><br>Exhibit E<br>GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 18, ECF No. 430. |
| | Exhibit 2033 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 19, ECF No. 430. |
| | Exhibit 2035 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 20, ECF No. 430. |
| | Exhibit 2084 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 7(i), Ex. 19, ECF No. 426. |

| | |
|---|---|
| Exhibit 2088 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 7(i), Ex. 20, ECF No. 426. |
| Exhibit 2094 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 7(i), Ex. 21, ECF No. 426. |
| Exhibit 2096 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 7(i), Ex. 22, ECF No. 426. |
| Exhibit 2100 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 5(iii) and ¶ 7(i), Ex. 23, ECF No. 426. |
| Exhibit 2135 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2135, ECF No. 425. |
| Exhibit 2140 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2140, ECF No. 425. |
| Exhibit 2142 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2142, ECF No. 425. |
| Exhibit 2422 | DENIED without prejudice. Defendant Google requests to seal this exhibit in its entirety. *See* Evans Decl. ¶ 7b)(xxix), ECF No. 427. Having reviewed this document, the Court finds that Google has not made a particularized showing that all of the information contained therein is "confidential." |
| Exhibit 2425 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(b)(xxx), ECF No. 427. |
| Exhibit 2426 | GRANTED as to the redacted portions identified by Defendants.. *See* Evans Decl. ¶ 7(b)(xxxi), ECF No. 427. |
| Exhibit 2486 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 2486, ECF No. 429. |
| Exhibit 2487 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 2487, ECF No. 429. |
| Exhibit 2501 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 2501, ECF No. 429. |
| Exhibit 2738 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2738, ECF No. 425. |
| Exhibit 2739 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2739, ECF No. 425. |
| Exhibit 2740 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2740, ECF No. 425. |
| Exhibit 2743 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 8, Ex. 2743, ECF No. 425. |
| Exhibit 2744 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | |
|---|---|
| | Decl. ¶ 8, Ex. 2744, ECF No. 425. |
| Exhibit 2800 | DENIED as to where Adobe considered Intuit to be a "direct peer," and considered Apple, Google, and Intel to be "reference peers." GRANTED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, Ex. 2800, ECF No. 429. |

**Declaration of Dean M. Harvey in Support of Plaintiffs'
Supplemental Motion for Class Certification (ECF No. 418-1)**

| Exhibits | Ruling |
|---|---|
| Exhibit 1 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 1, ECF No. 433. |
| Exhibit 2 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 2, ECF No. 433. |
| Exhibit 3 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 3, ECF No. 433. |
| Exhibit 4 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 4, ECF No. 433. |
| Exhibit 5 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 5, ECF No. 433. |
| Exhibit 6 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 6, ECF No. 433. |
| Exhibit 7 | DENIED as to the text: "Bottom line is that we need to do more targeted recruiting of 'passive candidates[.]'" on page bearing Bates number 231APPLE108086. GRANTED as to all of the other redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 7, ECF No. 433. |
| Exhibit 8 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 432; Ex. 8, ECF No. 433. |
| Exhibit 9 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 1, ECF No. 430. |
| Exhibit 10 | GRANTED as to the redacted portions identified by Defendants. *See* Bowen Decl. ¶ 8, Ex. 2, ECF No. 430. |
| Exhibit 11 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 12, Ex. 11, ECF No. 429. |
| Exhibit 12 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 12, Ex. 12, ECF No. 429. |
| Exhibit 14 | GRANTED as to the redacted portions identified by Defendants. *See* Evans Decl. ¶ 7(a), ECF No. 427. |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| Exhibit 15 | GRANTED. *See* Evans Decl. ¶ 7(a), ECF No. 427. |
| Exhibit 16 | GRANTED. *See* Evans Decl. ¶ 7(a), ECF No. 427. |
| Exhibit 17 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3(iii) and ¶ 5(iii), Ex. 1, ECF No. 426. |

Plaintiffs also sought to seal other information in their administrative motion to seal. *See* ECF No. 417. However, Defendants do not seek to seal such information. *See* ECF No. 424. The Court, therefore, DENIES all other proposed redactions identified by Plaintiffs. Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Seal Supplemental Motion for Class Certification, ECF No. 417.

**B.    Defendants' Joint Administrative Motion to Seal Defendants' Opposition to Plaintiffs' Supplemental Motion for Class Certification, ECF No. 450**

On June 22, 2013, Defendants jointly moved to seal Defendants' Opposition to Plaintiffs' Supplemental Class Certification Motion and related documents. *See* ECF No. 450. Specifically, Defendants jointly move to seal portions of:

(1) Defendants' Opposition to Supplemental Class Certification Motion, *see* ECF No. 439;
(2) Declaration of Christina Brown filed in Support of Defendants' Opposition to Supplemental Class Certification Motion and Attached Exhibits, *see* ECF No. 445;
(3) Supplemental Expert Report of Kevin Murphy and Attached Exhibits, *see* ECF No. 440;
(4) Expert Report of Kathryn Shaw, Ph.D., *see* ECF No. 442; and
(5) Declaration of Lin Kahn in Support of Defendants' Opposition to Plaintiffs' Supplemental Motion for Class Certification and Attached Exhibits, *see* ECF No. 446.

The information Defendants seek to seal has been designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order. *Id*. at 2. Defendants contend that good cause exists to seal such information because the documents contain confidential and commercially sensitive information about employee compensation. *Id*. Particularly, the proposed redacted portions contain compensation data as well as information that reflect certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive positions in the labor market. *Id*. Defendants also seek to maintain under seal materials that reflect: compensation practices, strategies, and policies; recruiting and hiring data, practices, strategies, and policies; and personal identifying information of employees or candidates. *Id*.

24

United States District Court
For the Northern District of California

In support of this motion to seal, Defendants filed corresponding declarations:

(1) Declaration of Christina Brown (Apple), *see* ECF No. 441;
(2) Declaration of Anne M. Selin (Google), *see* ECF No. 443;
(3) Declaration of James M. Kennedy (Pixar), *see* ECF No. 444;
(4) Declaration of Lin W. Kahn (Adobe), *see* ECF No. 447;
(5) Declaration of Catherine T. Zeng (Intuit), *see* ECF No. 448;
(6) Declaration of Frank Busch (Intel), *See* ECF No. 449;
(7) Declaration of Justina Sessions (Lucasfilm), *see* ECF No. 451

The declarations state that Defendants have kept the redacted information confidential and that the public disclosure of this information would cause Defendants harm by giving third parties insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third parties to potentially gain unfair advantage in dealings with and against each of the Defendants.

In light of Defendants' motion and corresponding declarations, the Court makes the following rulings as to Defendants' Joint Administrative Motion to Seal Defendants' Opposition to Plaintiffs' Supplemental Motion for Class Certification, ECF No. 450:

**Defendants' Opposition to Plaintiffs' Supplemental Motion
for Class Certification (ECF No. 439)**

| Pages/Lines to be sealed | Ruling |
| --- | --- |
| Page 8, Line 16 | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 447. |
| Page 8, Exhibit 1 job title | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 447. |
| Page 9, Line 12 | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 447. |
| Page 9, Lines 17-28 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(a)(i), ECF No. 443. |
| Page 10, Chart | GRANTED. *See* Brown Decl. ¶ 3, ECF No. 441. |
| Page 12, Chart | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 441. |
| Page 20, Lines 19-20 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(a)(ii), ECF No. 443. |
| Page 21, Line 9 | GRANTED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(a)(iii), ECF No. 443. |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| Page 21, Lines 10-14 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449 |
|---|---|

**Declaration of Christina Brown filed in Support of Defendants'
Opposition to Supplemental Cass Certification Motion (ECF No. 445)**

| Exhibits | Ruling |
|---|---|
| Exhibit 2 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(b)(i), ECF No. 443. |
| Exhibit 3 | DENIED as to the redacted portions in pages 135, 136, and 251. GRANTED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 447; Zeng Decl. ¶ 4, ECF No. 448; Selin Decl. ¶ 4(b)(ii), ECF No. 443. |
| Exhibit 8 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 4, ECF No. 448. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "Okay. And who was that person?" and objections to deposition questions. |
| Exhibit 9 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as objections to deposition questions. |

**Supplemental Expert Report of Kevin Murphy (ECF No. 440)**

| Paragraphs, Exhibits, and Appendices | Ruling |
|---|---|
| Page 5, Paragraph 15 | GRANTED as to the redacted portion identified by Defendants. *See* Kahn Decl. ¶ 12, ECF No. 447. |
| Exhibit 1 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 12, ECF No. 447; Zeng Decl. ¶ 5, ECF No. 448; Busch Decl. ¶ 9, ECF No. 449; Selin Decl. ¶ 4(c)(i), ECF No. 443; Brown Decl. ¶ 4, ECF No. 441. |
| Exhibit 2 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 12, ECF No. 447; Zeng Decl. ¶ 5, ECF No. 448; Busch Decl. ¶ 9, ECF No. 449; Selin Decl. ¶ 4(c)(ii), ECF No. 443; Brown Decl. ¶ 4, ECF No. 441. |
| Exhibit 3 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(c)(iii), ECF No. 443; Brown Decl. ¶ 4, ECF No. 441. |
| Exhibit 4 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 441. |
| Exhibit 5 | GRANTED as to the redacted portions identified by Defendants. *See* Brown |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | |
|---|---|
| | Decl. ¶ 4, ECF No. 441. |
| Exhibit 6 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 441. |
| Exhibit 7 | GRANTED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 441. |
| Exhibit 8 | GRANTED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 441. |
| Appendix A, Page 1 | GRANTED as to the redacted portion identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 441; Busch Decl. ¶ 9, ECF No. 449. |
| Appendix A, Exhibits 1 and 2 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 4, ECF No. 441. |
| Appendix B | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 12, ECF No. 447; Zeng Decl. ¶ 5, ECF No. 448; Busch Decl. ¶ 9, ECF No. 449; Selin Decl. ¶ 4(c)(iv), ECF No. 443; Brown Decl. ¶ 4, ECF No. 441. |

**Expert Report of Kathryn Shaw (ECF No. 442)**

| Paragraphs, Figures, Footnotes, and Appendices | Ruling |
|---|---|
| Page 19, Paragraph 51 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 447; Selin Decl. ¶ 4(d)(i), ECF No. 443. |
| Page 19, Footnote 23 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(d)(ii), ECF No. 443. |
| Page 20, Footnote 25 | GRANTED as to the specified percentiles. DENIED as to all other redacted portions identified by Defendants. *See* Brown Decl. ¶ 5, ECF No. 441; Kennedy Decl. ¶ 4, ECF No. 444; Selin Decl. ¶ 4(d)(iii), ECF No. 443; Sessions Decl. ¶ 3, ECF No. 451; Brown Decl. ¶ 5, ECF No. 441. |
| Page 20, Footnote 26 | DENIED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449; Selin Decl. ¶ 4(d)(iv), ECF No. 443; Brown Decl. ¶ 5, ECF No. 441. |
| Page 21, Paragraph 56 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 6, ECF No. 448; Brown Decl. ¶ 5, ECF No. 441. |
| Page 21, Footnote 29 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 6, ECF No. 448 |
| Page 21, Footnote 32 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(d)(v), ECF No. 443. |

United States District Court
For the Northern District of California

| Page 22, Footnote 33 | DENIED as to the redacted portion identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449 |
| Pages 22-23, Footnote 34 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(d)(vi), ECF No. 443. |
| Pages 23-24, Footnote 35 | GRANTED as to the specified percentages. DENIED as to all other redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449; Selin Decl. ¶ 4(d)(vii), ECF No. 443. |
| Page 24, Footnote 36 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 447; Zeng Decl. ¶ 6, ECF No. 448; Selin Decl. ¶ 4(d)(ix), ECF No. 443. |
| Page 24, Paragraph 65 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(d)(viii), ECF No. 443. |
| Page 26, Paragraph 68 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 447. |
| Appendix C, Paragraph 4 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 5, ECF No. 441. |
| Appendix C, Paragraphs 7-11 | DENIED as to: the redacted portions in Paragraph 7; the first and third redacted portions of Paragraph 8; the redacted portion in Paragraph 9; the first redacted portion in Paragraph 10. GRANTED as to all other redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(d)(x), ECF No. 443. |
| Appendix C, Paragraphs 13-16 | DENIED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449. |
| Appendix C, Paragraph 20 | DENIED as to the redacted portion identified by Defendants. *See* Zeng Decl. ¶ 6, ECF No. 448 |
| Appendix C, Paragraphs 25 and 26 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 444. |
| Appendix D, Paragraph 3 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 447. |
| Appendix. D, Paragraphs 10-11 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(d)(xi), ECF No. 443. |
| Appendix D, Paragraphs 15-16 | DENIED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449. |
| Appendix D, Paragraph 17 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 6, ECF No. 448 |
| Appendix D, Paragraph 18 | DENIED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 6, ECF No. 448 |
| Appendix D, Paragraph 24 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 444 |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| | |
|---|---|
| Appendix E-1 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 11, ECF No. 447; Zeng Decl. ¶ 6, ECF No. 448; Busch Decl. ¶ 9, ECF No. 449; Selin Decl. ¶ 4(d)(xii), ECF No. 443; Brown Decl. ¶ 5, ECF No. 441. |
| Appendices F and G | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449. |

**Declaration of Lin W. Kahn In Support of Defendants' Opposition to
Plaintiffs' Supplemental Motion for Class Certification (ECF No. 446)**

| Exhibits | Ruling |
|---|---|
| Exhibit 1 | DENIED as to the redacted portions on pages 53 and 267.<br>GRANTED as to the redacted portion identified by Defendants on page 57. *See* Kahn Decl. ¶ 13, ECF No. 447. |
| Exhibit 2 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 441. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as objections to deposition questions. Further, the Court is unable to ascertain which words Defendants seek to redact since the Chambers Copy contains redactions. |
| Exhibit 3 | DENIED as to the redacted portions in pages 26, 27, 28, 29, 39 lines 16-19, 108, 184-185.<br>GRANTED as to all other redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(e)(i), ECF No. 443. |
| Exhibit 4 | DENIED as to the redacted portions in page 89, lines 9-16.<br>GRANTED as to all other redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 444. |
| Exhibit 5 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |
| Exhibit 6 | DENIED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, ECF No. 447. |
| Exhibit 7 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 7, ECF No. 448. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I don't know specifically what it meant here" and objections to deposition questions. |
| Exhibit 8 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 448. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I don't know" and objections to deposition questions. |
| Exhibit 9 | GRANTED as to: the number of unique job codes specified on page 71, line 1; the redacted portions from page 111 to page 113; page 210, line 11, to page 211, line 1; page 250 line 10. |

United States District Court
For the Northern District of California

| | |
|---|---|
| | DENIED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, ECF No. 447. |
| Exhibit 10 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |
| Exhibit 11 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 13, ECF No. 447. |
| Exhibit 13 | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 441. The Court is unable to determine whether such information is sealable because the information is redacted—instead of highlighted—in the Chambers Copy version provided by Defendants. |
| Exhibit 14 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 441. The Court is unable to determine whether such information is sealable because the information is redacted—instead of highlighted—in the Chambers Copy version provided by Defendants. |
| Exhibit 15 | DENIED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(e), ECF No. 443. |
| Exhibit 16 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 9, ECF No. 449. |
| Exhibit 17 | GRANTED as to the redacted portion identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |
| Exhibit 19 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |
| Exhibit 22 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 444. |
| Exhibit 23 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 441. |
| Exhibit 24 | GRANTED. *See* Busch Decl. ¶ 9, ECF No. 449 |
| Exhibit 25 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |
| Exhibit 26 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |
| Exhibit 27 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 4, ECF No. 444. |
| Exhibit 28 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 6, ECF No. 441. |
| Exhibit 29 | GRANTED as to the redacted portions identified by Defendants. *See* Sessions Decl. ¶ 3, ECF No. 451. |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| Exhibit 30 | GRANTED as to the redacted portions identified by Defendants. *See* Zeng Decl. ¶ 7, ECF No. 448 |
| --- | --- |

### C. Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Reply in Support of Supplemental Motion for Class Certification, ECF No. 454

On July 12, 2013, Plaintiffs filed an administrative motion to file under seal Plaintiffs' Reply in Support of Supplemental Motion for Class Certification. *See* ECF No. 454. Pursuant to Civil Local Rule 7-11 and 79-5(d), Plaintiffs request an order from the Court authorizing the filing under seal portions of the following items:

(1) Plaintiffs' Reply in Support of Supplemental Motion for Class Certification, *see* ECF No. 455;
(2) Rebuttal Supplemental Expert Report of Edward E. Leamer, *see* ECF No. 457;
(3) Exhibits A through O and Plaintiffs' Deposition Exhibits 122, 1304, 2738, and 2739, attached to the Declaration of Anne B. Shaver in Support of Plaintiffs' Supplemental Motion for Class Certification ("Shaver Decl."), *see* ECF No. 456; and
(4) Declaration of Sheryl Sandberg, *see* ECF No. 458.

Plaintiffs request that the documents be filed under seal because they are or refer to documents or information that Defendants or a Third Party has designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Protective Order. *Id.* None of the information at issue was designated as confidential by Plaintiffs, and Plaintiffs take no position on whether the designated documents satisfy the requirements for sealing. *Id.*

Seven days after Plaintiffs' request to seal, Defendants Pixar and Lucasfilm filed a Joint Response to Plaintiffs' Motion to File under Seal Plaintiffs' Reply in Support of Supplemental Class Certification. *See* ECF No. 461. Defendants Pixar and Lucasfilm seek to maintain under seal portions of the following:

(1) Rebuttal Supplemental Expert Report of Edward E. Leamer, *see* ECF No. 457; and
(2) Exhibits I and 1304 to the Shaver Decl., *see* ECF No. 456.

Defendant Pixar and Defendant Lucasfilm state that the proposed redacted portions in the above documents contain confidential and commercially sensitive information about employee compensation, including Pixar's and Lucasfilm's compensation data, as well as internal decision-making regarding business strategies related to compensation. *Id.* In support of Defendant Pixar and Defendant Lucasfilm's joint response to Plaintiffs' Motion to Seal, Justina Sessions submitted a declaration on behalf of Lucasfilm, *see* ECF No. 461-1, and James M. Kennedy submitted a

United States District Court
For the Northern District of California

declaration on behalf of Pixar, *see* ECF No. 461-2. The declarations state that Lucasfilm and Pixar

sought to maintain the confidentiality of the materials because public disclosure of these materials

could cause Lucasfilm and Pixar harm or could result in the disclosure of private personal

information.

In addition, Defendants Apple, Adobe, Google, Intel, and Intuit jointly filed their response

to Plaintiffs' motion to seal. *See* ECF No. 462. Defendants state that the redacted portions contain

confidential and commercially sensitive information about employee compensation and internal

assessments of their and other employers' competitive position in the labor market. *Id.* at 3.

Further, such materials reflect: compensation practices, strategies and polices; recruiting and hiring

data, practices, strategies and policies; and personal identifying information of employees or

candidates.

In support of their sealing requests, Defendants filed corresponding declarations:

(1) Declaration of Lin W. Kahn (Adobe), *see* ECF No. 463;
(2) Declaration of Rowan T. Mason (Intuit), *see* ECF No. 464;
(3) Declaration of Anne M. Selin (Google), *see* ECF No. 465;
(4) Declaration of Frank Busch (Intel), *see* ECF No. 466;
(5) Declaration of Christina Brown (Apple), *see* ECF No. 475.

In light of the above, the Court makes the following rulings as to Plaintiffs' Administrative

Motion to File Under Seal Plaintiffs' Reply in Support of Supplemental Motion for Class

Certification, ECF No. 454:

**Plaintiffs' Reply in Support of Supplemental Class Certification Motion (ECF No. 455)**

| Pages/Lines to be sealed | Ruling |
|---|---|
| Page 3, Lines 13-14 | GRANTED as to the raw percentage figures. *See* Selin Decl. ¶ 4(a)(i), ECF No. 465 |
| Page 8, Lines 21-22 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(a)(ii), ECF No. 465 |
| Page 8, Footnote 4 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(a)(iii), ECF No. 465 |
| Page 12, Lines 9-10 | GRANTED as to the other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 463 |
| Page 12, Lines 11-15 | GRANTED as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(a)(iv), ECF No. 465 |

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

| Page 12, Lines 15-19 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 466. |
| Page 12, Lines 19-21 | GRANTED as to the other redacted portions identified by Defendants. *See* Mason Decl. ¶ 5, ECF No. 464. |
| Page 12, Line 22 | GRANTED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 475. |
| Page 12, Line 25 to Page 13, Line 4 | GRANTED as to the redacted portions identified by Defendants. *See* Kahn Decl. ¶ 9, ECF No. 463 |
| Page 13, lines 5 and 6-9 | DENIED as to the redacted portions identified by Defendants. *See* Brown Decl. ¶ 3, ECF No. 475. |
| Page 13, lines 10-11 | DENIED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(a)(v), ECF No. 465. |
| Page 13, lines 12-15 | DENIED as to the deposition transcript citations and "Intel". GRANTED as to the other redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 466. |
| Page 13, lines 15-16 | DENIED as to the redacted portion identified by Defendants. *See* Mason Decl. ¶ 5, ECF No. 464. |
| Page 13, lines 16-17 | DENIED as to the redacted portion identified by Defendants. *See* Mason Decl. ¶ 5, ECF No. 464. |
| Page 13, lines 18-19 | GRANTED as to the redacted portion identified by Defendants. *See* Mason Decl. ¶ 5, ECF No. 464. |
| Page 14, lines 12 and 16 | GRANTED as to the raw percentage figures. *See* Selin Decl. ¶ 4(a)(vi), ECF No. 465. |

### Rebuttal Supplemental Expert Report of Edward E. Leamer (ECF No. 457)

| Pages/Lines to be sealed | Ruling |
| --- | --- |
| Pages 9 and 10, Paragraph 23 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 466; Selin Decl. ¶ 4(b)(i), ECF No. 465; Mason Decl. ¶ 7, ECF No. 464. |
| Page 10 | GRANTED as to the specific benchmark percentiles. *See* Sessions Decl. ¶ 2, ECF No. 461-1. |
| Page 13, Paragraph 31 | DENIED. *See* Selin Decl. ¶ 4(b)(ii), ECF No. 465. |
| Page 14, Paragraph 33 | GRANTED as to the raw percentage figures only. *See* Selin Decl. ¶ 4(b)(iii), ECF No. 465. |
| Page 15, Tables 1 and 2 | GRANTED. *See* Selin Decl. ¶ 4(b)(iv), ECF No. 465. |

33

| Page 16, Figure 1 | GRANTED. *See* Selin Decl. ¶ 4(b)(v), ECF No. 465. |
|---|---|
| Page 32, Paragraph 67 | DENIED. *See* Selin Decl. ¶ 4(b)(vi), ECF No. 465. |
| Page 33, Paragraph 68 | GRANTED as to the raw percentage figures only. *See* Selin Decl. ¶ 4(b)(vii), ECF No. 465. |
| Page 33, Footnote 42 | GRANTED as to the year and the raw percentage figure only. *See* Selin Decl. ¶ 4(b)(viii), ECF No. 465. |
| Page 34, Figure 6 | GRANTED. *See* Kahn Decl. ¶ 11, ECF No. 463. |
| Page 35, Figure 7 | GRANTED. *See* Brown Decl. ¶ 4, ECF No. 475. |
| Page 36, Figure 8 | GRANTED. *See* Selin Decl. ¶ 4(b)(ix), ECF No. 465. |
| Page 37, Figure 9 | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 466. |

**Declaration of Anne B. Shaver in Support of Plaintiffs' Reply
in Support of Supplemental Motion for Class Certification (ECF No. 456)**

| Pages/Lines to be sealed | Ruling |
|---|---|
| Exhibit A | DENIED as to the proposed redacted portions in: page 23 through page 25, line 6; pages 68-69; page 71, line 19-20; page 163, lines 23 through 25; page 207, line 2 through page 208, line 1 through 5.<br>GRANTED as to all other redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 463. |
| Exhibit D | GRANTED as to the name of the recruiting tool on page 53.<br>DENIED as to all other redacted portions identified by Defendants. *See* Brown Decl. ¶ 5, ECF No. 475. |
| Exhibit E | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(c), ECF No. 456. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "I will be slower. Thank you." and objections to deposition questions. |
| Exhibit F | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 466. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as objections to deposition questions. |
| Exhibit G | GRANTED as to all redacted portions identified by Defendants. *See* Kahn Decl. ¶ 10, ECF No. 463. |
| Exhibit H | GRANTED as to the redacted portions identified by Defendants. *See* Busch Decl. ¶ 8, ECF No. 466. |
| Exhibit I | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 3, ECF No. 461-2. |

| | |
|---|---|
| Exhibit J | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Mason Decl. ¶ 6, ECF No. 464. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as objections to deposition questions. |
| Exhibit K | DENIED without prejudice as to the redacted portions identified by Defendants. *See* Selin Decl. ¶ 4(c), ECF No. 465. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as objections to deposition questions. |
| Exhibit L | GRANTED as to the redacted portions identified by Defendant Adobe. *See* Kahn Decl. ¶ 10, ECF No. 463.<br><br>DENIED as to the redacted portions identified by Defendant Intuit. *See* Mason Decl. ¶ 6, ECF No. 464.<br><br>DENIED as to the redacted portions identified by Defendant Apple. *See* Brown Decl. ¶ 5, ECF No. 475.<br><br>GRANTED as to the redacted portions identified by Defendant Intel. *See* Selin Decl. ¶ 4(c), ECF No. 465. |
| Exhibit N | GRANTED as to the redacted portion identified by Defendants. *See* Selin Decl. ¶ 4(c), ECF No. 465. |
| Exhibit O | DENIED without prejudice as to the redacted portions identified by Defendant Google. *See* Selin Decl. ¶ 4(c), ECF No. 465. Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "Do you see that?" and objections to deposition questions.<br><br>GRANTED as to the redacted portions identified by Defendant Intel. *See* Busch Decl. ¶ 8, ECF No. 466**.**<br><br>DENIED without prejudice as to the redacted portions identified by Defendant Apple. *See* Brown Decl. ¶ 5, ECF No. 475 (page 148). Redactions are not narrowly tailored. Indiscriminate redactions are evidenced by redactions of statements such as "Do you see that in paragraph 19?" and objections to deposition questions. |
| Exhibit 1304 | GRANTED as to the redacted portions identified by Defendants. *See* Kennedy Decl. ¶ 3, ECF No. 461-2. |
| Exhibit 2738 | GRANTED. *See* Mason Decl. ¶ 6, ECF No. 464 |
| Exhibit 2739 | GRANTED. *See* Mason Decl. ¶ 6, ECF No. 464. |

Plaintiffs also sought to seal other information in their administrative motion to seal. *See* ECF No. 454. However, Defendants do not seek to seal such information. *See* ECF Nos. 461 and 462. The Court, therefore, DENIES all other proposed redactions identified by Plaintiffs.

Case No.: 11-CV-02509-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL

Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Reply in Support of Supplemental Motion for Class Certification, ECF No. 454.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the parties' Sealing Motions. In addition, if any portion of the exhibits that the parties wish to file under seal becomes part of the public record, the parties must file that portion publicly within seven days of public disclosure. With regard to the motions denied without prejudice, Defendants may move to seal more narrowly tailored portions of these documents within fourteen days of this order. For any renewed motions, Defendants shall file on ECF a sealed version of any documents sought to be sealed with highlights indicating proposed redactions, and need not submit any Chambers Copies.

**IT IS SO ORDERED.**


Dated: March 14, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge