1  Richard M. Heimann (State Bar No. 63607)
   Kelly M. Dermody (State Bar No. 171716)
2  Eric B. Fastiff (State Bar No. 182260)
   Brendan Glackin (State Bar No. 199643)
3  Dean Harvey (State Bar No. 250298)
   Anne B. Shaver (State Bar No. 255928)
4  Lisa J. Cisneros (State Bar No. 251473)
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
5  275 Battery Street, 29th Floor
   San Francisco, California  94111-3339
6  Telephone:  415.956.1000
   Facsimile:  415.956.1008
7
   Joseph R. Saveri (State Bar No. 130064)
8  James Dallal (State Bar No.  277826)
   JOSEPH SAVERI LAW FIRM, INC.
9  505 Montgomery, Suite 625
   San Francisco, CA 94111
10 Telephone:  415. 500.6800
   Facsimile:   415. 500.6803
11
   *Co-Lead Class Counsel*
12
   [Additional counsel listed on signature page]
13

14          IN THE UNITED STATES DISTRICT COURT

15        FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                  SAN JOSE DIVISION

17

18 | IN RE: HIGH-TECH EMPLOYEE | Master Docket No. 11-CV-2509-LHK |
19 | ANTITRUST LITIGATION | **JOINT CASE MANAGEMENT** |
   |  | **STATEMENT** |
20 | THIS DOCUMENT RELATES TO: | |
   |  | Date:       March 27, 2014 |
21 | ALL ACTIONS | Time:       1:30 p.m. |
   |  | Courtroom: 8, 4th Floor |
22 |  | Judge:       The Honorable Lucy H. Koh |

23

24

25                  **[REDACTED VERSION]**

26

27

28

Pursuant to Your Honor's March 10, 2014 Order (Dkt. 728), the parties submit this joint statement for the March 27, 2014 Case Management Conference.

## I.     The Parties Have Agreed to Proposed Modifications to the Pre-Trial Schedule

The parties have met and conferred on the pre-trial schedule, as set forth in Your Honor's Guidelines For Final Pretrial Conference In Jury Trials ("Standing Order") and the Court's December 18, 2013 Case Management Order (Dkt. 547).  The parties agree to the following two modifications, subject to the Court's approval.

First, the deadline to file and serve "any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal," shall be April 29, 2014, rather than May 13, 2014.  *See* Standing Order § D.3.  The parties will meet and confer regarding a mutually agreeable format for deposition designations.

Second, the parties' exchange of "all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal" on April 24, 2014 shall not include demonstratives (e.g., documents created by counsel for the parties for purpose of summarizing or presenting evidence).  *See* Standing Order §D.1.a.; December 18, 2013 Case Management Order at 2.  The parties will exchange demonstratives on the same schedule that they exchange or identify witness-specific exhibits.  The parties will meet and confer concerning the schedule for witness-specific disclosures.

## II.    Order Granting Stipulation Regarding Document Admissibility and Authentication

On May 14, 2013, the Court entered the parties' Stipulation and [Proposed] Order Regarding Document Admissibility and Authentication (Dkt. 420).  "Except as provided [in the Stipulated Order], "all documents produced by Plaintiffs or Defendants in this case bearing a bates number are authentic true and correct copies of documents within the possession, custody or control of the producing party, and the metadata and email header information produced by Plaintiffs or Defendants accurately reflects the senders, recipients and/or custodians of email and other documents." *Id.*  "Plaintiffs and Defendants reserve the right to challenge the authenticity

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

of specific documents and their associated metadata after another party identifies them for use in this case." *Id.*

The Stipulated Order requires that the parties will "provide a list of documents that they request the parties stipulate are business records pursuant to Federal Rule of Evidence 803(6). For any such documents that any party declines to so stipulate, the producing party will permit appropriate discovery on the limited issue of whether that specific document meets the business record requirements of Rule 803(6), without regard to the discovery cutoff date." (Dkt. 420.) The parties must "agree to a schedule for the timing of the Plaintiffs' and Defendants' identification of documents they intend to use and documents they request producing parties stipulate are business records, the producing parties' response, and any related discovery." *Id*. "Documents whose authenticity and business records status has been established pursuant to this stipulation can be introduced into evidence without calling at trial a custodian of the document as a sponsoring witness." *Id*. The parties' stipulation does not affect "any other objections that they may have to the admissibility of a particular document." *Id.*

Pursuant to the May 14, 2013, Stipulation and Order Regarding Document Admissibility and Authentication, the parties have met and conferred but do not agree as to a schedule for compliance with the Stipulated Order. The parties hereby present their respective proposals.

### A.    <u>Plaintiffs' Proposed Schedule</u>

The parties will provide a list of documents that they request the parties stipulate are business records by **April 7, 2014** (the same day for the exchange of exhibit lists (Dkt. 547 at 2).) The parties shall have until **April 14, 2014** to determine whether they stipulate that the identified documents are authentic business records. For any documents that the parties do not stipulate are authentic business records, the producing party will meet and confer with Plaintiffs regarding discovery by **April 17, 2014**. If any discovery dispute remains outstanding, Plaintiffs and the producing party will file a joint statement regarding the dispute by noon on **April 18, 2014**.

Plaintiffs respectfully submit that the schedule proposed by Defendants, below, will prejudice Plaintiffs in the event that Defendants do not stipulate to a large number of documents

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

1165789.3

and substantial discovery is therefore needed.  Since the documents will be already very familiar

to the parties from the class certification and summary judgment briefing, one week is a

reasonable amount of time for the parties to determine whether they will stipulate to authenticity.

Moreover, it makes no sense to wait until the end of April to meet and confer on a discovery

schedule for any documents that the parties do not so stipulate; rather, discovery should be

underway by then in light of the May 27th trial date.

### B.   Defendants' Proposed Schedule

The parties will provide a list of documents that they request the parties stipulate are

business records by **April 7, 2014** (the same day for the exchange of exhibit lists (Dkt. 547 at 2).)

The parties shall have until **April 21, 2014** to determine whether they stipulate that the identified

documents are authentic business records.  For any documents that the parties do not stipulate are

authentic business records, the producing party will meet and confer with Plaintiffs regarding

discovery by **April 28, 2014**.  If any discovery dispute remains outstanding, Plaintiffs and the

producing party will file a joint statement regarding the dispute by noon on **May 2, 2014**.

Defendants' proposed schedule—two weeks to determine whether documents are business

records and an additional week to meet and confer—is reasonable in light of the fact that

Defendants have no idea how many documents Plaintiffs intend to submit as part of this process.

If the request includes a voluminous number of documents, it could take over a week to

investigate each one to determine whether it satisfies the requirements of a Federal Rules of

Evidence, Rule 803(6) and is authentic.  Defendants' schedule leaves nearly a month for any

necessary discovery.

However, if the Plaintiffs feel strongly that this process should be completed by no later

than **April 18, 2014**, the schedule proposed by Defendants should be adopted, with all of the

dates moved earlier in time, that is, with the lists exchanged on **March 24, 2014**, determinations

made as to which documents to stipulate are authentic business records by **April 7, 2014**, a meet

and confer conducted by **April 14, 2014**, and notification to the Court of any matters in dispute

JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

by **April 18, 2014**. Defendants have proposed this schedule to Plaintiffs, but they have declined it, stating that they will not be prepared to share their list until **April 7, 2014**.

### III.   Status of Mediation

There have been no additional settlements. The parties are continuing to communicate with the mediator (retired U.S. District Judge Layn Phillips) to explore further the possibility of settlement.

### IV.   Report Regarding Reminder Notice and Opt-Out Process.

Pursuant to the March 10, 2014 Order (Dkt. 728), the Settlement Administrator mailed the reminder notice, in the form ordered by the Court, to the Class on March 13, 2014.

#### A.   Defendants' Statement

Defendants wish to alert the Court to another potential issue with the opt-out and notice process. On March 10, 2014, the Court adopted Plaintiffs' proposal that a reminder notice be sent by March 13 to all class members "who ha[d] not yet submitted claims forms or opted out." (Dkt. 728; Dkt. 727, p. 3.) After Defendants received a complaint from a class member who had earlier opted out of the class that they received a reminder notice advising them to opt-out again, Defendants inquired of the Claims Administrator and have been advised that the Claims Administrator did, in fact, send the reminder notice to all class members who had previously opted out. This failure to follow the Court's direction comes on the heels of the Claims Administrator's failure for approximately three weeks to set up an email account that would permit class members to opt-out via email. Defendants are working with Plaintiffs' counsel to agree on a further notice to class members who have already opted out, advising them that they do not need to take further action in response to the reminder notice.

#### B.   Plaintiffs' Statement

Plaintiffs provided the Claims Administrator with the Court's March 10, 2014 Order immediately after the Court issued it. The Order did not specify which Class members would, or would not, receive a reminder notice. The Claims Administrator sent the reminder notice approved by the Court to Class members by the Court's deadline, including to Class members

- 4 -

who had previously opted out.  In order to avoid any confusion, Plaintiffs and Defendants have agreed to direct the Settlement Administrator to contact Class members who had previously opted out to inform them that the Settlement Administrator received their requests for exclusion and that they do not need to take further steps to implement their request.



JOINT CASE MGMNT CONFERENCE STATEMENT
Master Docket No. 11-CV-2509-LHK

1165789.3

Dated: March 20, 2014          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:         */s/ Kelly M. Dermody*
                    Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Co-Lead Class Counsel*

Dated: March 20, 2014          JOSEPH SAVERI LAW FIRM

By:         */s/ Joseph R. Saveri*
                    Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
255 California, Suite 450
San Francisco, CA 94111
Telephone: 415. 500.6800
Facsimile: 415. 500.6803

*Co-Lead Class Counsel*

Dated: March 20, 2014          O'MELVENY & MYERS LLP

By:         */s/ Michael F. Tubach*
                    Michael F. Tubach

George Riley
Michael F. Tubach
Christina J. Brown
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
griley@omm.com
mtubach@omm.com
cjbrown@omm.com
Tel.: (415) 984-8700
Fax: (415) 984-8701

*Attorneys for Defendant APPLE INC.*

| | | |
|---|---|---|
| 1 | Dated:  March 20, 2014 | MUNGER, TOLLES & OLSON LLP |
| 2 | | |
| | | By:    */s/ Gregory P. Stone* |
| 3 | | Gregory P. Stone |
| 4 | | Gregory P. Stone |
| | | Bradley S. Phillips |
| 5 | | Gregory M. Sergi |
| | | John P. Mittelbach |
| 6 | | MUNGER, TOLLES & OLSON LLP |
| | | 355 South Grand Avenue, 35th Floor |
| 7 | | gregory.stone@mto.com |
| | | brad.phillips@mto.com |
| 8 | | gregory.sergi@mto.com |
| | | john.mittelbach@mto.com |
| 9 | | Los Angeles, California 90071-1560 |
| | | Telephone: (213) 683-9100 |
| 10 | | Facsimile: (213) 687-3702 |
| 11 | | *Attorneys for Defendant INTEL CORP.* |
| 12 | Dated:  March 20, 2014 | JONES DAY |
| 13 | | |
| | | By:    */s/ David C. Kiernan* |
| 14 | | David C. Kiernan |
| 15 | | Robert A. Mittelstaedt |
| | | David Kiernan |
| 16 | | Lin W. Kahn |
| | | JONES DAY |
| 17 | | 555 California Street, 26th Floor |
| | | San Francisco, CA 94104 |
| 18 | | ramittelstaedt@jonesday.com |
| | | dkiernan@jonesday.com |
| 19 | | linkahn@jonesday.com |
| | | Tel.: (415) 626-3939 |
| 20 | | Fax: (415) 875-5700 |
| 21 | | *Attorneys for Defendant ADOBE SYSTEMS, INC.* |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | Dated: March 20, 2014 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Dated: March 20, 2014 |

1 | Dated: March 20, 2014 | KEKER & VAN NEST

2 | By: _____ */s/ Robert Addy Van Nest* _____
3 | Robert Addy Van Nest

4 | Robert Addy Van Nest
Eugene M. Paige
5 | Daniel Purcell
Justina Sessions
6 | KEKER & VAN NEST
633 Battery Street
7 | San Francisco, CA 94111-1809
rvannest@kvn.com
8 | epaige@kvn.com
dpurcell@kvn.com
9 | jsessions@kvn.com
Tel.: (415) 391-5400
10 | Fax: (415) 397-7188

11 | *Attorneys for Defendant GOOGLE INC.*

12 | Dated: March 20, 2014 | MAYER BROWN LLP

13 | By: ___ */s/ Lee H. Rubin* _____
Lee H. Rubin
14 |

15 | Lee H. Rubin
Edward D. Johnson
16 | MAYER BROWN LLP
Two Palo Alto Square
17 | 3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
18 | lrubin@mayerbrown.com
wjohnson@mayerbrown.com
19 | Tel.: (650) 331-2000
Fax: (650) 331-2060

20 |
21 | Kristen A. Rowse
MAYER BROWN LLP
22 | 350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-2112
23 | krowse@mayerbrown.com
Tel.: (213) 229 5137
Fax: (213) 576 8139

24 | *Attorneys for Defendant GOOGLE INC.*

25 |

26 | **ATTESTATION**: Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

27 | the filing of this document has been obtained from all signatories.

28 |

- 9 -