Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Lin W. Kahn (State Bar No. 261387)
linkahn@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**EXHIBIT 14 TO DECLARATION OF LIN W. KAHN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


IN RE: HIGH-TECH EMPLOYEE        )

ANTITRUST LITIGATION              )

                                  )    No. 11-CV-2509-LHK

THIS DOCUMENT RELATES TO:         )

ALL ACTIONS.                      )

_____)


CONFIDENTIAL - ATTORNEYS' EYES ONLY


VIDEO DEPOSITION OF BRIAN CROLL


March 22, 2013


Reported by:  Jennifer L. Furia, RPR, CSR No. 8394

| 17:04:03 | 1 | And cultural fit is actually probably even more
| 17:04:07 | 2 | important.  So if a person has a great cultural fit for
| 17:04:10 | 3 | Apple, looks like they're going to fit in well and really
| 17:04:12 | 4 | understand and be -- and understand the fast pace here and
| 17:04:14 | 5 | be able to move and change, is flexible in their attitude,
| 17:04:18 | 6 | that's going to work really well.
| 17:04:20 | 7 | So those are the kinds of things that we really
| 17:04:22 | 8 | consider, and as a result, you know, how the pay works out
| 17:04:24 | 9 | is going to be very dependent on a lot of different
| 17:04:27 | 10 | factors like that.
| 17:04:32 | 11 | BY MR. DALLAL:
| 17:04:32 | 12 |     Q.  Does what people in similar job functions within
| 17:04:35 | 13 | the group are making play any role in the recommendations
| 17:04:39 | 14 | you make?
| 17:04:39 | 15 |     A.  Not really, because I think what we're doing is
| 17:04:42 | 16 | we're paying for people we believe are going to be able to
| 17:04:46 | 17 | contribute a lot.
| 17:04:47 | 18 | So, you know, bringing them in is sort of we --
| 17:04:50 | 19 | you know, it's not about money at that point when they
| 17:04:52 | 20 | come into Apple.  After they're at Apple, typically then
| 17:04:56 | 21 | it becomes if you contribute a lot, you'll get paid well
| 17:05:02 | 22 | and you'll be compensated for your contributions.  If you
| 17:05:05 | 23 | don't contribute as much, you won't get paid as much as
| 17:05:09 | 24 | someone who contributes a lot.  So it's really about
| 17:05:13 | 25 | merit, and if you are a major contributor, you'll do very,

| | | |
|---|---|---|
| 17:05:17 | 1 | very well at Apple.  If you're not, it won't work out |
| 17:05:20 | 2 | as well. |
| 17:05:21 | 3 | So it's really about their performance, and what |
| 17:05:24 | 4 | you deliver is -- and that's what -- what's important. |
| 17:05:50 | 5 | Q.  Have you ever reviewed any external market data |
| 17:05:53 | 6 | in making recommendations about compensation for new |
| 17:05:56 | 7 | hires? |
| 17:05:56 | 8 | A.  No, I haven't. |
| 17:06:15 | 9 | Q.  Have you ever asked for advice from anyone else |
| 17:06:17 | 10 | at Apple on what recommendations to make regarding |
| 17:06:20 | 11 | compensation for new hires? |
| 17:06:23 | 12 | A.  Occasionally I'll talk to our HR representatives |
| 17:06:26 | 13 | just to see, you know, "What do you think?  Do you think |
| 17:06:29 | 14 | they'll" -- or, you know, a lot of time the recruiters, |
| 17:06:32 | 15 | because what we're really concerned about is we just want |
| 17:06:34 | 16 | to make sure it's fair enough that they'll make the jump |
| 17:06:37 | 17 | over and that it will -- you know, that it makes sense for |
| 17:06:40 | 18 | them. |
| 17:06:41 | 19 | Q.  Is there a particular person in HR that you talk |
| 17:06:43 | 20 | to about that topic? |
| 17:06:46 | 21 | A.  It depends on who the HR representative is for |
| 17:06:48 | 22 | that particular area.  And typically also, the recruiter |
| 17:06:52 | 23 | is probably more involved in that than HR. |
| 17:07:11 | 24 | Q.  I'll show you what has been previously marked as |
| 17:07:13 | 25 | Exhibit 166.  This is a document that is the final |

```
 1          I, Jennifer L. Furia, Certified Shorthand

 2   Reporter licensed in the State of California, license

 3   No. 8394, hereby certify that the deponent was by me first

 4   duly sworn, and the foregoing testimony was reported by me

 5   and was thereafter transcribed with computer-aided

 6   transcription; that the foregoing is a full, complete and

 7   true record of said proceeding.

 8          I further certify that I am not of counsel or

 9   attorney for either or any of the parties in the foregoing

10   proceeding and caption named or in any way interested in

11   the outcome of the cause in said caption.

12          The dismantling, unsealing, or unbinding of the

13   original transcript will render the reporter's

14   certificates null and void.

15          In witness whereof, I have hereunto set my hand

16   this day:  April 2, 2013

17          _____  Reading and signing was requested.

18
            _____  Reading and signing was waived.
19
               X
20          _____  Reading and signing was not requested.

21

22

23
                     _____
24                   JENNIFER L. FURIA, RPR, CSR NO. 8394

25
```

In Re: High-Tech Employee Antitrust Litigation

United States District Court, Northern District of California – San Jose Division
Case No. 11-CV-2509-LHK

Deposition Errata Sheet

## Brian Croll
## March 22, 2013

| Deposition Page # | Line # | Currently Reads | Change To Read As | Reason for Change |
|---|---|---|---|---|
| Throughout | Throughout | Fishing/Anti-fishing | Phishing/Anti-phishing | Spelling error |
| 21 | 16 | "Beginning no later than 2006, apple | "Beginning no later than 2006, Apple | Transcription error |
| 26-28 | Throughout | Rule 26 A-1/Rule 26 A-1 A-1 | Rule 26(a)(1)(A)(i) | Transcription error |
| 31 | 11-12 | Um not – yes, computer science was in, very heavily involved in what I did, yes. | Yes – computer science was very heavily involved in what I did. | Clarify the record |
| 46 | 18 | OS-10 | OS X | Spelling error |
| 66 | 24-25 | No. There's no You – there's no YouTube application for Mac. | Correct. There is no YouTube application for Mac. | Clarify the record |
| 106 | 8-9 | approach, which AOL ended – owned the technology end to end. | approach, and AOL owned the technology end to end. | Clarify the record |
| 119 | 8-9 | purpose of this, is not to ensure that this particular agreement doesn't limit our options. | purpose of this is to ensure that this particular agreement doesn't limit our options. | Clarify the record |
| 167 | 5 | Yeah, I'm not sure I can say | I'm not sure I can say | Clarify the record |
| 170 | 7-8 | …whether they had access and then didn't have accessor – it's unclear to me… | …whether they had access and then didn't have access, or – it's unclear to me… | Transcription error |
| 182 | 1 | What did you first meet Mark Bentley? | When did you first meet Mark Bentley? | Transcription error |

Dated: May ____, 2013

_____
Brian Croll

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Name of case: *In re: High-Tech Employee Antitrust Litigation*
Case No. 11-CV-2509-LHK  (N.D. Cal.)

Date of deposition:   March 22, 2013

Name of witness:   **Brian Croll**

DECLARATION UNDER PENALTY OF PERJURY

I hereby certify that I read the foregoing deposition, and that the transcription together with any corrections noted on the Deposition Errata Sheet hereof, with the understanding that I offer these changes as if still under oath, is a true and accurate record of my testimony given at the time and place noted.

Signed on the _____ day of May, 2013.

_____
**Brian Croll**

CONFIDENTIAL - ATTORNEYS' EYES ONLY