Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig A. Waldman (State Bar No. 229943)
cwaldman@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Lin W. Kahn (State Bar No. 261387)
linkahn@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**EXHIBIT 23 TO DECLARATION OF LIN W. KAHN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |

```
1                UNITED STATES DISTRICT COURT
2              NORTHERN DISTRICT OF CALIFORNIA
3                     SAN JOSE DIVISION
4
5  IN RE:  HIGH-TECH EMPLOYEE     )
6  ANTITRUST LITIGATION           )
7                                 )  No. 11-CV-2509-LHK
8  THIS DOCUMENT RELATES TO:      )
9  ALL ACTIONS.                   )
10 _____
11
12       VIDEO DEPOSITION OF ALVARO GONZALO ALVAREZ
13                   HIGHLY CONFIDENTIAL
14                     March 5, 2013
15
16      Reported by:  Anne Torreano, CSR No. 10520
17
18
19
20
21
22
23
24
25
```

|  |  |
|---|---|
|  | 1   my recruiter Felicia Albright and one of the hiring |
|  | 2   managers, Rob York, and myself. |
|  | 3       Q.   Did you receive all these e-mails? |
|  | 4       A.   Yes. |
| 04:54:32 | 5       Q.   I just want to direct your attention to the |
|  | 6   e-mail toward the bottom of page 2, where it says, "On |
|  | 7   December 17th, 2010 at 12:37, Rob York wrote." |
|  | 8       A.   Mm-hmm, yes, I see it. |
|  | 9       Q.   He says, "I am not willing to go so high of a |
| 04:55:11 | 10  salary when compared to his peer group." |
|  | 11           So in setting salaries that would be |
|  | 12  components of offers for candidates Apple was |
|  | 13  interested in hiring, was what a candidate's peer group |
|  | 14  was receiving an important consideration? |
| 04:55:47 | 15      A.   That's what we call internal equity. |
|  | 16      Q.   So as you understand internal equity, was |
|  | 17  Mr. York's comment consistent with that principle? |
|  | 18           MR. TUBACH:  Lacks foundation. |
|  | 19           THE WITNESS:  Can you repeat the question. |
| 04:56:08 | 20  BY MR. DALLAL: |
|  | 21      Q.   Well, if you just look at what Mr. York says, |
|  | 22  which is, "I am not willing to go so high of a salary |
|  | 23  compared to his peer group," is that a statement that |
|  | 24  you regard as being consistent with the principle of |
| 04:56:19 | 25  internal equity? |

|  |  |  |
|---|---|---|
|  | 1 | A. Being consistent? No. |
|  | 2 | Q. Why not? |
|  | 3 | A. I think it's a one-off remark from Rob York, |
|  | 4 | saying he's just looking at -- saying we should |
| 04:56:31 | 5 | reconsider our offer recommendations based on internal |
|  | 6 | equity. |
|  | 7 | Q. So is it fair to say that it's not |
|  | 8 | inconsistent with the principle of internal equity? |
|  | 9 | A. Can you rephrase the question? |
| 04:56:45 | 10 | Q. Do you regard Mr. York's statement as somehow |
|  | 11 | inconsistent with the principle of internal equity? |
|  | 12 | A. Yes. |
|  | 13 | Q. How so? |
|  | 14 | A. Not all -- some of our offer -- most of our |
| 04:57:09 | 15 | recommendations that come from recruiting are compared |
|  | 16 | internal equity. We always compare that. It's the |
|  | 17 | first thing we do. And we compare other areas as |
|  | 18 | well. And so by Rob saying, "I'm not willing to go so |
|  | 19 | high of a salary compared to his peer group," we |
| 04:57:26 | 20 | already considered internal equity. |
|  | 21 | So that comment's typically not referred to us |
|  | 22 | on a consistent base or a common base. |
|  | 23 | Q. I have to admit I don't really understand your |
|  | 24 | answer. |
| 04:57:49 | 25 | A. We don't get that -- we don't receive those |

|  |  |
|---|---|
| 1 | kind of comments from a manager on a consistent base. |
| 2 | Q.　And that's fair. |
| 3 | I guess my question is, if he's talking about |
| 4 | a salary that's high when compared to the candidate's |
| 04:58:19　5 | peer group, is the desire not to pay a candidate a |
| 6 | salary higher than what his peer group is receiving |
| 7 | consistent with the idea of internal equity? |
| 8 | MR. TUBACH:　Vague and ambiguous. |
| 9 | THE WITNESS:　I'm not sure if I'm |
| 04:58:46　10 | understanding your -- your exact question.　Consistent |
| 11 | in terms of ... |
| 12 | BY MR. DALLAL: |
| 13 | Q.　Well, provided that Mr. York is recommending |
| 14 | that Apple not pay a salary higher than what the |
| 04:59:24　15 | candidate's peer group is receiving, does that |
| 16 | recommendation violate the idea of internal equity? |
| 17 | A.　No. |
| 18 | Q.　So that recommendation is broadly in line with |
| 19 | the principle of internal equity? |
| 04:59:49　20 | MR. TUBACH:　Vague and ambiguous, calls for |
| 21 | speculation. |
| 22 | THE WITNESS:　I would not say it's in line. |
| 23 | Every situation's very different.　Every manager has |
| 24 | different methods that they apply in terms of when they |
| 04:59:59　25 | bring on people to their groups. |

1        REPORTER'S CERTIFICATE

2        I, Anne Torreano, Certified Shorthand Reporter

3   licensed in the State of California, License No. 10520,

4   hereby certify that the deponent was by me first duly

5   sworn, and the foregoing testimony was reported by me

6   and was thereafter transcribed with computer-aided

7   transcription; that the foregoing is a full, complete,

8   and true record of said proceedings.

9        I further certify that I am not of counsel or

10  attorney for either or any of the parties in the

11  foregoing proceeding and caption named or in any way

12  interested in the outcome of the cause in said caption.

13       The dismantling, unsealing, or unbinding of

14  the original transcript will render the reporter's

15  certificates null and void.

16       In witness whereof, I have subscribed my name

17  this 15th day of March, 2013.

18

19            [ ] Reading and Signing was requested.

20            [ ] Reading and Signing was waived.

21            [X] Reading and Signing was not requested.

22

23

                        _____
24                      ANNE M. TORREANO, CSR No. 10520

25

In Re: High-Tech Employee Antitrust Litigation

United States District Court, Northern District of California – San Jose Division
Case No. 11-CV-2509-LHK

Deposition Errata Sheet

Alvaro (David) Gonzalo Alvarez
March 5, 2013

| Deposition Page # | Line # | Currently Reads | Change To Read As | Reason for Change |
|---|---|---|---|---|
| 53 | 11-12 | That's one, but mostly they're dealing with referrals. | That's one thing they do, but mostly they're dealing with referrals. | Clarify the record |
| 87 | 7-8 | I think Adobe had a relationship with Adobe [sic], I believe. | I think Apple had a relationship with Adobe, I believe. | Clarify the record |
| 104 | 20-22 | I know there was sensitivity around Adobe, but I don't recall anything about – regarding refraining, no. | I know there was sensitivity around Adobe, but I don't recall anything about refraining from reaching out, no. | Clarify the record |
| 125 | 19 | It's an email to me – to Kenta, | It's an email from me to Kenta, | Clarify the record |
| 131 | 21-22 | "And so we can talk to him" is in parentheses. | And "so we can talk to him" is in parentheses. | Transcription error, changed to accurately reflect exhibit text |
| 133 | 1 | candidate's no longer at Apple [sic] | candidate's no longer at Intel | Clarify the record |
| 171 | 5-7 | We were – we were – we were signed to go and target – I believe this is Austin, if I'm not mistaken, companies in the Austin area … | We were assigned to go and target – I believe this is Austin, if I'm not mistaken – companies in the Austin area … | Clarify the record |
| 199 | 8 | starts with 231APPLE041634 [sic] | starts with 231APPLE041683 | Clarify the record |

Dated: April 30, 2013

David Gonzalo Alvarez

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | |
|---|---|
| Name of case: | *In re: High-Tech Employee Antitrust Litigation*<br>Case No. 11-CV-2509-LHK (N.D. Cal.) |
| Date of deposition: | March 5, 2013 |
| Name of witness: | **Alvaro (David) Gonzalo Alvarez** |

DECLARATION UNDER PENALTY OF PERJURY

I hereby certify that I read the foregoing deposition, and that the transcription together with any corrections noted on the Deposition Errata Sheet hereof, with the understanding that I offer these changes as if still under oath, is a true and accurate record of my testimony given at the time and place noted.

Signed on the __30__ day of April, 2013.

_____
David Gonzalo Alvarez

CONFIDENTIAL - ATTORNEYS' EYES ONLY