KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
GOOGLE Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**JOINT ADMINISTRATIVE MOTION TO STRIKE THE CONFIDENTIAL SETTLEMENT COMMUNICATION DISCLOSED IN THE JOINT CASE MANAGEMENT STATEMENT OR, IN THE ALTERNATIVE, FILE UNDER SEAL** |
|---|---|

Pursuant to Local Civil Rules 7-11 and 79-5, defendants Adobe Systems, Inc., Apple Inc., Google Inc., and Intel Corporation (collectively, "Defendants") hereby jointly move to strike Section 5 of the Joint Case Management Statement dated March 20, 2014 [Dkt.735] or, in the alternative, file Section 5 under seal.

Section 5 describes information that was revealed to Plaintiffs in the course of confidential settlement discussions and as part of a Court-ordered mediation.  Although mediation and settlement communications are protected from disclosure and should not be revealed in a court filing, Plaintiffs refused to withdraw their reference to such confidential communications in the Joint Case Management Statement.  As a result, Defendants were forced to file this motion.

For the reasons stated below, Section 5 should be stricken from the Joint Case Management Statement entirely.  At a minimum, Section 5 should be sealed and redacted from the public version and any discussion at the March 27 Case Management Conference of the matters in Section 5 should take place *in camera*.

## I.     LEGAL STANDARD

This Court has inherent authority to "determine what appears in the court's records." *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 405 (9th Cir. 2010).  The Court can exercise this power to strike improperly filed confidential documents.  *See id.* ("In light of the powers district courts possess . . . to determine what appears in the court's records, we therefore hold that the District Court erred when it concluded it was powerless to strike the confidential settlement agreement from the public docket."); *see also Zepeda v. PayPal, Inc.*, Nos. C 10–2500 SBA & C 10–1668 SBA, 2013 WL 2147410 at *3 (N.D. Cal. May 15, 2013) ("The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents.").

Additionally, Local Civil Rule 79-5(b) provides that a sealing order may issue "upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  The Ninth Circuit has carved out an exception to the presumption of access to judicial records for non-dispositive motions and documents attached thereto, where the requesting party shows good cause to keep the records

under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. THE CONFIDENTIAL SETTLEMENT INFORMATION IN SECTION 5 OF THE JOINT CASE MANAGEMENT STATEMENT SHOULD BE STRICKEN, OR ALTERNATIVELY, FILED UNDER SEAL

The information referenced in Section 5 of the Joint Case Management Statement is confidential information that was revealed to Plaintiffs only in the course of confidential settlement discussions, as part of the Court-ordered mediation between the parties, and pursuant to Federal Rule of Evidence 408 and the underlying policy that such discussions shall be maintained in confidence.[1]  Defendants have consistently treated this information as highly confidential.  Despite the obvious confidential and privileged nature of this information, Plaintiffs refused to remove their reference to it in the Joint Case Management Statement.[2]

Nothing discussed during mediation or settlement discussions is ever meant to be made public or revealed to the Court because confidentiality is essential to successful resolution through mediation and settlement.  Indeed, the efficacy of mediation in general—and the ongoing settlement discussions in this case in particular—would be significantly undermined if there were a possibility that facts revealed in confidence could be discussed in court filings or made a matter of public record by one's adversary.  For those very reasons, the Northern District of California's ADR Local Rules fiercely protect the confidentiality of matters disclosed during mediation.  The Rules forbid disclosure of "anything that happened or was said . . . by any participant in connection with any mediation." ADR L. R. 6-12.  Federal law protects the confidentiality of settlement discussions.  Fed. R. Evid. 408.  California law also recognizes the paramount

---

[1] See Declaration of Justina K. Sessions ("Sessions Decl.") ¶ 2.
[2] *Id.* ¶ 3.

importance of keeping settlement and/or mediation discussions confidential. The California Evidence Code provides that "all communications, negotiations, or settlement discussions by and between participants in the course of a mediation or mediation consultation shall remain confidential." Moreover, no evidence of anything that is said and/or any writing prepared in the course of, for the purpose of, or pursuant to a mediation is admissible or subject to discovery. Cal. Evid. Code § 1119. Plaintiffs' inclusion of information learned through confidential settlement discussions in the Joint Case Management Statement is thus entirely improper, and Section 5 should be stricken from the statement.

At a minimum, good cause exists to seal the confidential information in Section 5 and redact it from the publicly-filed version of the statement. When weighing the public's interest in learning the information referenced in Section 5 (shared with Plaintiffs in confidence) against the irreparable prejudice to Defendants if that information is publicly disclosed, the scales tip heavily against public disclosure. First, the public has little (if any) legitimate interest in learning the information because it is not relevant to any of the substantive issues in this case. Indeed, Plaintiffs fail to point to any legitimate reason why such information is relevant here. (They also fail to cite any relevant legal authority to support their argument that this information is relevant.) Yet, if the information were disclosed, it would have the potential to significantly and irreparably prejudice Defendants by revealing confidential information that was disclosed only for purposes of seeking to achieve an amicable resolution of this dispute.

For these reasons, Defendants request that Section 5 of the Joint Case Management Statement dated March 20, 2014 [Dkt. 735] be stricken or, in the alternative, placed under seal. Defendants further request that any discussion at the March 27 Case Management Conference of the matters in Section 5 take place *in camera*.

| | | |
|---|---|---|
| Dated: March 21, 2014 | | KEKER & VAN NEST LLP |

                                By:   /s/ *Robert A. Van Nest*
                                      ROBERT A. VAN NEST
                                      DANIEL PURCELL
                                      EUGENE M. PAIGE
                                      JUSTINA SESSIONS
                                      CODY S. HARRIS
                                      633 Battery Street
                                      San Francisco, CA  94111
                                      Telephone:  (415) 391-5400
                                      Facsimile:  (415) 397-7188

Dated: March 21, 2014                      MAYER BROWN LLP

                                By:  */s/ Lee H. Rubin*
                                     Lee H. Rubin

                                   Edward D. Johnson
                                   Donald M. Falk
                                   Two Palo Alto Square
                                   3000 El Camino Real, Suite 300
                                   Palo Alto, CA  94306-2112
                                   Telephone:  (650) 331-2057
                                   Facsimile:   (650) 331-4557

                                   *Attorneys for Defendant GOOGLE INC.*

Dated:    March 21, 2014                O'MELVENY & MYERS LLP

                                By:  */s/ Michael F. Tubach*
                                   Michael F. Tubach

                                   George Riley
                                   Christina J. Brown
                                   Two Embarcadero Center, 28th Floor
                                   San Francisco, CA  94111
                                   Telephone:  (415) 984-8700
                                   Facsimile:   (415) 984-8701

                                   *Attorneys For Defendant APPLE INC.*

Dated: March 21, 2014              JONES DAY

                                   By: /s/ *David C. Kiernan*
                                       David C. Kiernan

                                       Robert A. Mittelstaedt
                                       Craig A. Waldman
                                       555 California Street, 26th Floor
                                       San Francisco, CA  94104
                                       Telephone:  (415) 626-3939
                                       Facsimile:   (415) 875-5700

                                       *Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: March 21, 2014              MUNGER TOLLES & OLSON LLP

                                   By: */s/ Gregory P. Stone*
                                       Gregory P. Stone

                                       355 South Grand Avenue, 35th Floor
                                       Los Angles, CA  90071-1560
                                       Telephone:  (213) 683-9100
                                       Facsimile:   (213) 687-3702

                                       *Attorneys for Defendant INTEL CORPORATION*

**ATTESTATION**: The filer attests that concurrence in the filing of this document has been obtained from all signatories.