# EXHIBIT 1855

# EXHIBIT 16
# FILED UNDER SEAL



1855.1

EXHIBIT 1855
Deponent Burmeister
Date 3-15-13
Gina V. Carbone, CSR

```
 1  GEORGE A. RILEY (Bar No. 118304)
    griley@omm.com
 2  MICHAEL F. TUBACH (Bar No. 145955)
    mtubach@omm.com
 3  CHRISTINA J. BROWN (Bar No. 242130)
    cjbrown@omm.com
 4  O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
 5  San Francisco, CA 94111-3823
    Telephone:  (415) 984-8700
 6  Facsimile:  (415) 984-8701

 7  Attorneys for Defendant Apple Inc.

 8

 9              UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12

13  IN RE HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
14                                    DECLARATION OF STEVEN
                                      BURMEISTER IN SUPPORT OF
15  THIS DOCUMENT RELATES TO:         DEFENDANTS' OPPOSITION TO
                                      PLAINTIFFS' MOTION FOR CLASS
16  ALL ACTIONS                       CERTIFICATION

17                                    Date:       January 17, 2013
                                      Time:       1:30 p.m.
18                                    Courtroom:  8, 4th Floor
                                      Judge:      Honorable Lucy H. Koh
19

20

21

22

23

24

25

26

27

28
```

1  I, Steven Burmeister, declare as follows:

2  1.  I am the Senior Director of Compensation at Apple Inc. ("Apple"). I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification. I have knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated below.

2.  I have been employed at Apple since March 2001. I have previously served as Compensation Manager and as Compensation and HRIS and HR Marketing Senior Director. I am currently Senior Director of Compensation. In this position, I attend and prepare materials for meetings of Apple's Compensation Committee, and I am responsible for overseeing the design and administration of Apple's compensation programs. Through these roles I have become familiar with Apple's employee compensation practices.

3.  During the time that I have been at Apple, Apple's general philosophy has been to compensate its employees based on their individual contributions to the company and differences in their job scope, responsibilities, and experience. This is the case for all employees, from junior software engineers to high-level managers. While Apple sets overall compensation budgets and ranges, managers are responsible for recommending the specific compensation awarded to each of the employees they supervise, based on each employee's personal job performance, skills, and other factors. As a result, compensation can vary substantially among employees, even among those within the same group or job category. Employee compensation at Apple has consisted of a number of components, including base salary, equity compensation (stock options and restricted stock units), bonuses and incentive payments, and a variety of benefits. Each of these components varies among employees.

4.  Apple adjusts employee compensation budgets based on company performance and external market trends and data. ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

CONFIDENTIAL – ATTORNEYS' EYES ONLY   - 2 -   BURMEISTER DECLARATION IN SUPPORT OF OPPOSITION TO CLASS CERTIFICATION
NO. 11-CV-2509-LHK

1855.3

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Apple's list of peer companies varies each year and includes
3 approximately twenty other companies, which are identified in Apple's annual proxy statements.
4 Although these companies are described as peer companies for executive compensation in the
5 proxy statements, Apple uses the same list of companies to obtain market survey information for
6 its general employee compensation. In 2009, for example, Apple identified the following as peer
7 companies for compensation purposes: Amazon.com, Inc., AT&T Inc., Cisco Systems, Inc.,
8 Comcast Corporation, Dell Inc., DIRECTV, eBay Inc., EMC Corporation, Google Inc., Hewlett-
9 Packard Company, Intel Corporation, International Business Machines Corporation, Microsoft
10 Corporation, News Corporation, Oracle Corporation, QUALCOMM Incorporated, Texas
11 Instruments Incorporated, Time Warner Inc., Verizon Communications Inc., The Walt Disney
12 Company, and Yahoo! Inc. Of these twenty-one companies, only two (Google and Intel) are
13 defendants in this case. Attached hereto as Exhibit A is a copy of Apple's January 2010 proxy
14 statement, which lists its 2009 peer companies on page 25.

15    5.   Any information obtained by Apple employees in cold calls regarding potential
16 employment at other companies is not recorded or tracked by Apple in any way, and it is not used
17 by Apple's Compensation Committee in setting annual employee compensation.

18    6.   Apple's Compensation Committee uses the market data described above to
19 determine the overall budgets for employee merit salary increases, restricted stock units, and
20 bonuses. Budget increases are then allocated across lines of business, and the executive in charge
21 of each determines how to further allocate the increase among the groups within that line of
22 business. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
27 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 ▓▓▓▓▓▓▓▓▓▓▓▓ The process of setting the overall compensation budgets and salary ranges

CONFIDENTIAL – ATTORNEYS' EYES ONLY     - 3 -     BURMEISTER DECLARATION IN SUPPORT OF
OPPOSITION TO CLASS CERTIFICATION
NO. 11-CV-2509-LHK

1855.4

1  currently begins each Spring and finishes around the end of each Apple fiscal year, in the
2  September timeframe. Thus, the employee compensation budgets for fiscal year 2005 were in
3  place before the beginning of 2005.
4      7.    Once the budgets are set, Apple's managers determine promotions and distribute
5  salaries, bonuses, and stock awards among the individual employees they supervise on the basis
6  of performance reviews and other factors, such as an employee's skill set and importance to the
7  overall success of the group. Employees that are deemed exceptional or significant contributors
8  receive the greatest increases in compensation. Extraordinary achievements are often recognized
9  by larger bonuses and/or awards of restricted stock units. Thus, employees not only receive
10 different total compensation, but the relative amounts of salary, bonus, and stock vary among
11 employees as well. Apple has thousands of managers who take part in making these
12 compensation recommendations and determinations. Employee performance and compensation
13 reviews currently take place annually in late September or early October. ▆▆▆▆▆▆
14 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
15 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
16 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
17 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Apple takes an
18 entrepreneurial approach to compensation and gives its managers flexibility to allocate
19 compensation in a way that is right for their employees. ▆▆▆▆▆▆▆▆▆▆
20 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
21 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Attached hereto as Exhibit C
22 (231APPLE095044) is a presentation that I created in September 2006, entitled "Total Rewards
23 Planning FY07," which describes this process.
24     8.    ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
25 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
26 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
27 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
28 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

CONFIDENTIAL – ATTORNEYS' EYES ONLY    - 4 -    BURMEISTER DECLARATION IN SUPPORT OF OPPOSITION TO CLASS CERTIFICATION NO. 11-CV-2509-LHK

1855.5

1  9.   When a new position is created, Apple's compensation group determines an
2  appropriate job level and grade based on the job's scope and level of responsibility, market
3  research, and comparison to similar positions at Apple. When making an offer of employment, a
4  manager will take into account the job level and grade of the position to be filled, along with the
5  candidate's education, job experience, compensation at prior employers, and expectations, and the
6  available salary budget. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
7  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
8  ■■■■■■■■■■■■■■

9  10.  In approximately 2005, Apple updated and streamlined its job levels and
10 compensation structure. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
11 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
12 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
13 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
14 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ These efforts
15 were intended to create consistency among job titles and enhance Apple's ability to efficiently
16 align jobs to external market data, while compensation among individual employees continued to
17 vary greatly. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
18 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
19 ■■■■■■■■■■■■■

20 11.  The information contained in this declaration and the attached Exhibits B and C is
21 extremely sensitive, and Apple considers it to be, and treats it as, confidential, proprietary, and
22 competitively sensitive. Public disclosure of this information would give Apple's competitors
23 insight into its confidential and proprietary employee compensation practices and strategies,
24 deprive Apple of its investment in developing these strategies, and put Apple at a significant
25 disadvantage with respect to recruiting, hiring, and compensating its employees. Apple
26 designates this information as Confidential–Attorneys' Eyes Only under the Stipulated Protective
27 Order in this case.
28

CONFIDENTIAL – ATTORNEYS' EYES ONLY    - 5 -    BURMEISTER DECLARATION IN SUPPORT OF
OPPOSITION TO CLASS CERTIFICATION
NO. 11-CV-2509-LHK

1855.6

1  I declare under penalty of perjury under the laws of the United States that the above is true
2  and correct.
3  Executed on November 12, 2012, in Sunnyvale, California.

5  By: /s/ Steven Burmeister
   Steven Burmeister

CONFIDENTIAL – ATTORNEYS' EYES ONLY    - 6 -    BURMEISTER DECLARATION IN SUPPORT OF OPPOSITION TO CLASS CERTIFICATION
NO. 11-CV-2509-LHK

1855.7

1855.8

# Exhibit A

EDGAR Online

# APPLE INC

## FORM DEFR14A
(Revised Proxy Soliciting Materials (definitive))

Filed 01/26/10

| | |
|---|---|
| Address | ONE INFINITE LOOP<br>CUPERTINO, CA 95014 |
| Telephone | (408) 996-1010 |
| CIK | 0000320193 |
| Symbol | AAPL |
| SIC Code | 3571 - Electronic Computers |
| Industry | Computer Hardware |
| Sector | Technology |
| Fiscal Year | 09/30 |

Powered By EDGAR Online
http://www.edgar-online.com
© Copyright 2011, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

1855.9

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## SCHEDULE 14A

Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934
(Amendment No. 1)

Filed by the Registrant ☒

Filed by a party other than the Registrant ☐

Check the appropriate box:

☐ Preliminary Proxy Statement

☐ **Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e)(2))**

☒ Definitive Proxy Statement

☐ Definitive Additional Materials

☐ Soliciting Material under §240.14a-12

**Apple Inc.**
(Name of Registrant as Specified In Its Charter)

(Name of Person(s) Filing Proxy Statement, if other than the Registrant)

Payment of Filing Fee (Check the appropriate box):

☒ No fee required.

☐ Fee computed on table below per Exchange Act Rules 14a-6(i)(1) and 0-11.

   (1) Title of each class of securities to which transaction applies:

   (2) Aggregate number of securities to which transaction applies:

   (3) Per unit price or other underlying value of transaction computed pursuant to Exchange Act Rule 0-11 (set forth the amount on which the filing fee is calculated and state how it was determined):

   (4) Proposed maximum aggregate value of transaction:

   (5) Total fee paid:

☐ Fee paid previously with preliminary materials.

☐ Check box if any part of the fee is offset as provided by Exchange Act Rule 0-11(a)(2) and identify the filing for which the offsetting fee was paid previously. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.

   (1) Amount Previously Paid:

1855.10

(2)  Form, Schedule or Registration Statement No.:

(3)  Filing Party:

(4)  Date Filed:

1855.11

## Explanatory Note

Apple Inc. (the "Company") is filing this Amendment No. 1 to its Definitive Proxy Statement (the "Amended Filing") for the Company's 2010 Annual Meeting of Shareholders to be held on February 25, 2010 (its "2010 Annual Meeting") to amend its Definitive Proxy Statement (the "Original Filing") for its 2010 Annual Meeting, as filed with the Securities and Exchange Commission (the "SEC") on January 12, 2010.

This Amended Filing reflects the Company's retrospective adoption of the Financial Accounting Standards Board's amended accounting standards related to revenue recognition for arrangements with multiple deliverables and arrangements that include software elements ("new accounting principles"). The new accounting principles permit prospective or retrospective adoption, and the Company elected retrospective adoption. The Company adopted the new accounting principles during the first quarter of 2010, as reflected in the Company's financial statements included in its Quarterly Report on Form 10-Q for the quarter ended December 26, 2009, which was filed with the SEC on January 25, 2010. The retrospective adoption of the new accounting principles has also been reflected in the Company's Form 10-K/A for the fiscal year ended September 26, 2009, as filed with the SEC on January 25, 2010 (the "Form 10-K/A"). For more information on the retrospective adoption of the new accounting principles, please see the Explanatory Note in the Form 10-K/A.

For the convenience of the reader, this Amended Filing sets forth the Original Filing in its entirety, except to amend the following items solely to reflect the retrospective adoption of the new accounting principles:

- Page 19, Compensation Discussion and Analysis
- Page 35, Proposal No. 2, Approval of Amendments to the 2003 Employee Stock Plan
- Page 48, Proposal No. 4, Advisory Vote on Executive Compensation

The sections of the Original Filing that were not amended are unchanged and continue in full force and effect as originally filed. This Amended Filing speaks as of the date of the Original Filing and has not been updated to reflect events occurring subsequent to the Original Filing date other than those associated with the retrospective adoption of the new accounting principles.

1855.12



# APPLE INC.

1 Infinite Loop
Cupertino, California 95014

## NOTICE OF 2010 ANNUAL MEETING OF SHAREHOLDERS

February 25, 2010
10:00 a.m. Pacific Standard Time

To the shareholders of Apple Inc.:

Notice is hereby given that the 2010 annual meeting of shareholders (the " *Annual Meeting* ") of Apple Inc., a California corporation (the " *Company* "), will be held on Thursday, February 25, 2010 at 10:00 a.m. Pacific Standard Time, in Building 4 of the Company's principal executive offices located at the address shown above for the following purposes, as more fully described in the accompanying proxy statement (the " *Proxy Statement* "):

1. To elect the Company's Board of Directors (the " *Board* "). The Board intends to present for election the following seven nominees, all of whom are current directors of the Company: William V. Campbell, Millard S. Drexler, Albert A. Gore, Jr., Steven P. Jobs, Andrea Jung, Arthur D. Levinson, Ph.D. and Jerome B. York;
2. To approve amendments to the Company's 2003 Employee Stock Plan;
3. To approve amendments to the Company's 1997 Director Stock Option Plan;
4. To hold an advisory vote on executive compensation;
5. To ratify the appointment of Ernst & Young LLP as the Company's independent registered public accounting firm for 2010;
6. To consider two shareholder proposals, if properly presented at the Annual Meeting; and
7. To transact such other business as may properly come before the Annual Meeting and any postponement(s) or adjournment(s) thereof.

Only shareholders of record as of the close of business on December 28, 2009 are entitled to receive notice of, to attend, and to vote at, the Annual Meeting.

The Company is pleased to continue to take advantage of the Securities and Exchange Commission (the " *SEC* ") rules that allow issuers to furnish proxy materials to their shareholders on the Internet. The Company believes these rules allow it to provide you with the information you need while lowering the costs of delivery and reducing the environmental impact of the Annual Meeting.

You are cordially invited to attend the Annual Meeting in person. However, to ensure that your vote is counted at the Annual Meeting, please vote as promptly as possible.

Sincerely,

/ s /   D. B RUCE S EWELL
D. Bruce Sewell
*Senior Vice President,*
*General Counsel and Secretary*

Cupertino, California
January 12, 2010

1855.13



# APPLE INC.

1 Infinite Loop
Cupertino, California 95014
PROXY STATEMENT
FOR
2010 ANNUAL MEETING OF SHAREHOLDERS
GENERAL INFORMATION

**Why am I receiving these materials?**

The Company has made these materials available to you on the Internet or, upon your request, has delivered printed versions of these materials to you by mail, in connection with the Company's solicitation of proxies for use at the Annual Meeting, to be held on Thursday, February 25, 2010 at 10:00 a.m. Pacific Standard Time, and at any postponement(s) or adjournment(s) thereof. These materials were first sent or given to shareholders on January 12, 2010. You are invited to attend the Annual Meeting and are requested to vote on the proposals described in this Proxy Statement. The Annual Meeting will be held in Building 4 of the Company's principal executive offices located at the address shown above.

**What is included in these materials?**

These materials include:

- This Proxy Statement for the Annual Meeting; and

- The Company's Annual Report on Form 10-K for the year ended September 26, 2009, as filed with the SEC on October 27, 2009 (the "*Annual Report*").

If you requested printed versions of these materials by mail, these materials also include the proxy card or vote instruction form for the Annual Meeting.

**What items will be voted on at the Annual Meeting?**

Shareholders will vote on seven items at the Annual Meeting:

- The election to the Board of the seven nominees named in this Proxy Statement (Proposal No. 1);

- Amendments to the Company's 2003 Employee Stock Plan (Proposal No. 2);

- Amendments to the Company's 1997 Director Stock Option Plan (Proposal No. 3);

- An advisory vote on executive compensation (Proposal No. 4);

- Ratification of the appointment of Ernst & Young LLP as the Company's independent registered public accounting firm for 2010 (Proposal No. 5);

- A shareholder proposal regarding a sustainability report (Proposal No. 6); and

- A shareholder proposal to amend the Company's bylaws to establish a Board committee on sustainability (Proposal No. 7).

1

1855.M