Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CLASS ACTION**<br><br>**OPPOSITION TO DEFENDANTS' JOINT ADMINISTRATIVE MOTION TO STRIKE, OR, IN THE ALTERNATIVE, FILE UNDER SEAL**<br><br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8, 4th Floor<br>Date: March 27, 2014<br>Time: 1:30pm |

1166571.1

OPPOSITION TO DEFENDANTS' JOINT
ADMINISTRATIVE MOTION TO STRIKE, OR, IN THE
ALTERNATIVE, FILE UNDER SEAL
MASTER DOCKET NO. 11-CV-2509-LHK

1   Defendants' Administrative Motion to Strike (Dkt. 738) is frivolous and should be denied.
2   Plaintiffs' statement in section 5 of the March 20, 2014 Joint Case Management Statement
3   ("CMC"; Dkt. 735) makes no reference to confidential settlement communications. In fact, it is
4   only Defendants—in their statement in section 5 of the CMC and in their Motion to Strike—that
5   mention settlement communications. Plaintiffs only referenced the existence of a document in
6   the possession of the Defendants. The document is not a settlement communication (Plaintiffs
7   have never seen it) nor does it memorialize any settlement communications. As explained below,
8   none of the authority cited by Defendants privileges a document just because Plaintiffs *learned* of
9   it during the course of settlement communications. There is therefore no authority for striking, or
10  sealing, a case management conference statement referencing this document.

11  Rule 408 prohibits only certain uses of settlement offers, or of conduct or statements made
12  during settlement discussions about Plaintiffs' claims.[1] Fed. R. Evid. 408(a). It is well-settled
13  that Defendants cannot "use Rule 408 as a screen for curtailing an adversary's rights of
14  discovery." Weinstein's Federal Evidence § 408.07. "Rule 408 does not require the exclusion of
15  any evidence that is otherwise discoverable merely because that evidence is revealed during
16  negotiations. Thus, the rule should not be construed so as to prevent discovery of evidence
17  otherwise discoverable, solely because it was presented during the settlement negotiations." *Id*.
18  *See also United States v. Technic Servs*., 314 F.3d 1031, 1045 (9th Cir. 2002) ("Federal Rule of
19  Evidence 408 does not require the exclusion of evidence produced in the course of settlement
20  negotiations if that evidence is offered for another purpose, such as proving bias or prejudice of a
21  witness . . .") (internal quotation omitted); *Rhoades v. Avon Prods*., 504 F.3d 1151, 1161-1162
22  (9th Cir. 2007) (same). The advisory committee note to Rule 408 also explains that "evidence,
23  such as documents, is not rendered inadmissible merely because it is presented in the course of
24  compromise negotiations if the evidence is otherwise discoverable. ***A party should not be able to***
25  ***immunize from admissibility documents otherwise discoverable merely by offering them in a***

---

[1] The prohibited uses—to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," Fed. R. Evid. 408(a), are entirely irrelevant to discoverability.

1 | *compromise negotiation.*" (Emphasis added.) *See also Vondersaar v. Starbucks Corp.*, 2013
2 | U.S. Dist. LEXIS 65842, at *7-9 (N.D. Cal. May 8, 2013) (quoting advisory committee note and
3 | denying motion to quash subpoenas); *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, 2007 U.S.
4 | Dist. LEXIS 27437, at *12 (N.D. Cal. Mar. 30, 2007) ("The inescapable conclusion is that a
5 | privilege against disclosure cannot be found in Rule 408. To the contrary, because the Rule
6 | anticipates that settlement negotiations may be admissible, a privilege against their discovery
7 | would be inconsistent with Rule 26.").

Defendants thus cannot use Rule 408 to deny Plaintiffs (or the public) access to the document at issue. Similarly, assuming for the sake of argument that the Local Rules "forbid disclosure of 'anything that happened or was said . . . by any participant in connection with any mediation.' ADR L. R. 6-12[,]" the document in question discloses no such thing. Section 1119 of the California Evidence Code does not even apply (this is federal court), but that section parallels Rule 408 and the Local Rules: it only applies to "evidence of anything said or any admission made" during a settlement.[2] It does not apply to documents created outside of settlement that a party learns of during settlement communications. There is accordingly no basis to strike Plaintiffs' request.

There is also no basis to seal section 5 of the CMC. The only reason Defendants provide is that the information is "confidential." (Decl. of Justina Sessions ¶¶ 2-3; Dkt. 738-1.) This does nothing to satisfy Defendants' burden of making a "particularized showing" to justify sealing. (Mar. 14, 2014 Order Granting in Part and Denying in Part Motions to Seal, at 3; Dkt. 730.) "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. (*Id.*, internal quotation omitted.) And, again, the CMC does not purport to disclose "anything that happened or was said" by negotiating parties, ADR. L. R. 6-12. *See* Fed. R. Evid. 408. Other than those rules—which do not apply—Defendants cite no authority whatsoever for the supposed secrecy of the content of the CMC.

For the aforementioned reasons, the Court should deny Defendants' motion.

---

[2] It also applies to certain writings "prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation[.]" Cal. Evid. Code § 1119. This is not such a document.

1166571.1 - 2 - OPPOSITION TO DEFENDANTS' JOINT
ADMINISTRATIVE MOTION TO STRIKE, OR, IN THE
ALTERNATIVE, FILE UNDER SEAL
MASTER DOCKET NO. 11-CV-2509-LHK

| | | |
|---|---|---|
| 1 | Dated: March 21, 2014 | Respectfully submitted, |
| 2 | | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |

By: _____/s/ Kelly M. Dermody_____
Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

JOSEPH SAVERI LAW FIRM, INC.

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC
255 California, Suite 450
San Francisco, CA 94111
Telephone: 415. 500.6800
Facsimile: 415. 395.9940

*Co-Lead Class Counsel*