# EXHIBIT M

# EXHIBIT M

HIGHLY CONFIDENTIAL

```
1            UNITED STATES DISTRICT COURT
2    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
3
4    ---------------------------
     IN RE: HIGH-TECH EMPLOYEE )
5    ANTITRUST LITIGATION      ) No. 11-CV-2509-LHK
     ---------------------------
6
7                  -HIGHLY CONFIDENTIAL-
8
9         VIDEOTAPED DEPOSITION OF EDWARD LEAMER
10                San Francisco, California
11                 Tuesday, June 11, 2013
12                       Volume II
13
14
15
16
17
18
19
20
21   Reported by:
     ASHLEY SOEVYN
22   CSR No. 12019
23   Job No. 1682449
24
25   Pages  477 - 856
```

Page 477

HIGHLY CONFIDENTIAL

| | | |
|---|---|---|
| 1 | BY MR. MITTELSTAEDT: | 09:49:53 |
| 2 |    Q.   Correct. | 09:49:53 |
| 3 |    A.   So that in order to draw causal conclusions | 09:49:54 |
| 4 | from a nonexperimental data set, you've got to have | 09:49:56 |
| 5 | a conceptual framework that describes the mechanisms | 09:50:01 |
| 6 | or the paths by which that causal effect had an | 09:50:04 |
| 7 | impact. | 09:50:08 |
| 8 |    Q.   Okay.  You -- I don't think that answers | 09:50:10 |
| 9 | the question.  You've done two things here.  You've | 09:50:11 |
| 10 | done a correlation analysis, and then you did what | 09:50:13 |
| 11 | you call a correlation regression, correct? | 09:50:16 |
| 12 |       MR. GLACKIN:  Object to the form. | 09:50:23 |
| 13 |       THE WITNESS:  I don't think I called it | 09:50:24 |
| 14 | correlation regression, but I did -- I did two kinds | 09:50:25 |
| 15 | of correlations and a variety of data plots and also | 09:50:27 |
| 16 | the regression analysis. | 09:50:32 |
| 17 | BY MR. MITTELSTAEDT: | 09:50:37 |
| 18 |    Q.   Okay.  You did a title by title correlation | 09:50:37 |
| 19 | analysis of comp structure.  That's one thing you | 09:50:39 |
| 20 | did, right? | 09:50:44 |
| 21 |    A.   I did two of those correlation studies. | 09:50:45 |
| 22 |    Q.   And then you did title by title multiple | 09:50:48 |
| 23 | regressions? | 09:50:50 |
| 24 |    A.   That's correct. | 09:50:52 |
| 25 |    Q.   Okay.  I'm talking about the first set of | 09:50:52 |

Veritext National Deposition & Litigation Services
866 299-5127

| | | |
|---|---|---|
| 1 | things you did, the correlation analysis.  Do you | 09:50:54 |
| 2 | agree you cannot draw any causal conclusion from | 09:50:56 |
| 3 | that first correlation, that first set of | 09:51:01 |
| 4 | correlation analysis that you did? | 09:51:05 |
| 5 |    A.   I think that's an overly broad statement, | 09:51:07 |
| 6 | so I disagree with that. | 09:51:10 |
| 7 |    Q.   Isn't it true that the correlations you | 09:51:13 |
| 8 | found in that first set before you got to the | 09:51:18 |
| 9 | regression, could come from variables like market | 09:51:20 |
| 10 | forces that operate on numerous titles and thus | 09:51:23 |
| 11 | affect the average of all titles? | 09:51:27 |
| 12 |       MR. GLACKIN:  Object to the form. | 09:51:29 |
| 13 |       THE WITNESS:  I've already answered that | 09:51:30 |
| 14 | hypothetical in the affirmative, that that doesn't | 09:51:32 |
| 15 | alter the fact that the correlations themselves are | 09:51:34 |
| 16 | evidence and can be interpreted as such. | 09:51:37 |
| 17 | BY MR. MITTELSTAEDT: | 09:51:43 |
| 18 |    Q.   And to see if you could go that far, that's | 09:51:43 |
| 19 | why you did the regressions, right? | 09:51:46 |
| 20 |       MR. GLACKIN:  Object to form. | 09:51:49 |
| 21 |       THE WITNESS:  "To go that far"? | 09:51:50 |
| 22 | BY MR. MITTELSTAEDT: | 09:51:51 |
| 23 |    Q.   To draw -- to try to draw a causal | 09:51:53 |
| 24 | connection to say what's causing the correlation. | 09:51:55 |
| 25 | That's why you had to do the regression, right? | 09:51:58 |

| | | |
|---|---|---|
| 1 | A.   Well, I think the better way of saying it | 09:52:01 |
| 2 | is their regressions to kind of the sensitivity | 09:52:03 |
| 3 | analysis.  That the correlations themselves, so many | 09:52:06 |
| 4 | being positive -- the comovements were all these | 09:52:07 |
| 5 | these titles.  I think it's by itself evidence of an | 09:52:07 |
| 6 | internal structure of the firms and it is a | 09:52:13 |
| 7 | remarkable degree of comovements.  And I agree that | 09:52:18 |
| 8 | that isn't necessarily a statement about causality, | 09:52:22 |
| 9 | but still it's a rather remarkable outcome.  And | 09:52:25 |
| 10 | then what I've done is carried out sensitivity | 09:52:29 |
| 11 | analysis by including other variables that include | 09:52:32 |
| 12 | the possibility that there are external effects, in | 09:52:36 |
| 13 | order to demonstrate that those correlations are not | 09:52:38 |
| 14 | entirely misleading. | 09:52:42 |
| 15 | Q.   Let me ask you the question this way.  Do | 09:52:44 |
| 16 | you agree that the correlation of title compensation | 09:52:52 |
| 17 | and class compensation that you say you found could | 09:52:54 |
| 18 | come from variables that operate on both the titles | 09:52:57 |
| 19 | and the class compensation at the same time, for | 09:53:04 |
| 20 | example, market forces? | 09:53:08 |
| 21 | A.   Well, I've answered that already in the | 09:53:10 |
| 22 | affirmative in the previous deposition, but that's a | 09:53:12 |
| 23 | strictly hypothetical statement.  And it may or may | 09:53:14 |
| 24 | not apply in this setting.  And I would say it | 09:53:17 |
| 25 | actually does not apply. | 09:53:20 |

Page 529

HIGHLY CONFIDENTIAL

```
1   STATE OF CALIFORNIA    ) ss:
2   COUNTY OF MARIN        )
3
4       I, ASHLEY SOEVYN, CSR No. 12019, do hereby
5   certify:
6       That the foregoing deposition testimony was
7   taken before me at the time and place therein set
8   forth and at which time the witness was administered
9   the oath;
10      That the testimony of the witness and all
11  objections made by counsel at the time of the
12  examination were recorded stenographically by me,
13  and were thereafter transcribed under my direction
14  and supervision, and that the foregoing pages
15  contain a full, true and accurate record of all
16  proceedings and testimony to the best of my skill
17  and ability.
18      I further certify that I am neither counsel for
19  any party to said action, nor am I related to any
20  party to said action, nor am I in any way interested
21  in the outcome thereof.
22      IN THE WITNESS WHEREOF, I have transcribed my
23  name this 17th day of June, 2013.
24
25                              ASHLEY SOEVYN, CSR 12019
```

Page 856