# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
PARTIAL SETTLEMENTS OF CLASS ACTION,
<u>FAIRNESS HEARING, AND RIGHT TO APPEAR</u>**

**If you were employed in a technical, creative, or research and development ("Technical") position at Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm, Ltd., or Pixar during the time periods set forth below, you could get money from two different class action settlements, and an ongoing class action lawsuit may affect your rights. Please read this notice carefully.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

## <u>Overview</u>

**This Notice describes two partial settlements of a lawsuit and how you can get money from those settlements or exclude yourself from one or both of them.  This Notice also describes the portion of the lawsuit that is continuing and how you can continue in that lawsuit or exclude yourself from that lawsuit.**

## <u>Background</u>

- On October 24, 2013, the Hon. Lucy H. Koh of the United States District Court for the Northern District of California entered an order certifying a class of technical, creative, and research and development ("Technical") employees in a class action lawsuit involving alleged agreements between and among several high-technology companies not to recruit each other's employees through "cold calling."

- The class action lawsuit claims that Adobe Systems Inc. ("Adobe"), Apple Inc. ("Apple"), Google Inc. ("Google"), Intel Corp. ("Intel"), Intuit Inc. ("Intuit"), Lucasfilm, Ltd. ("Lucasfilm"), and Pixar ("Pixar") violated federal and state antitrust laws as a result.

- Certain of the defendants have settled, and the litigation is proceeding against the remaining defendants.  **The purpose of this notice is to advise you of your rights with respect to (A) the settlement with certain defendants and (B) the continuing litigation against the remaining defendants.**

- If you are a Class Member, you have a right to participate in the settlements, and you have a right to participate as a class member in the continuing lawsuit against the remaining defendants.  You do not have to choose between the settlement and the continuing litigation, and your rights with respect to each are independent.

- This is not a lawsuit against you. Your participation in this lawsuit or acceptance of money from either or both of the settlements will not affect your employment status or compensation in any way.

- Please read this Notice carefully.  **This Notice explains your legal rights and options—and the deadlines to exercise them.**  Your legal rights will be affected whether you act or don't act, and you have choices to make now.

- This Notice is divided into two parts:  The first part discusses the proposed settlement with certain defendants; the second part discusses the continuing litigation against the remaining defendants.  Please read both parts of the Notice carefully.


### A.     <u>The Settlement with Certain Defendants</u>

- Two settlements, (1) a $9,000,000 settlement with Pixar and Lucasfilm, and (2) an $11,000,000 settlement with Intuit, have been reached in partial settlement of the class action lawsuit.  Pixar, Lucasfilm, and Intuit deny that they violated any antitrust laws or engaged in any wrongdoing.  For purposes of this notice, Pixar, Lucasfilm, and Intuit are referred to collectively as the "Settling Defendants."

- You are a Class Member if you were a salaried Technical Employee (as defined below) who worked in the United States for any of the Defendants during any portion of the following time periods: (a) for Apple from March 2005 through December 2009; (b) for Adobe from May 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009. Excluded from the Class are: retail employees, corporate officers, members of the boards of directors, and certain senior executives of all Defendants. For a more complete list of job titles included in the Class, please go to www.hightechemployeelawsuit.com.

- **The Court in charge of this case still has to approve the settlements with Intuit, Lucasfilm, and Pixar. Payments will be made if the Court approves the settlements and orders that the settlement funds be distributed, and if any appeals of the Court's approval of these settlements are resolved in Plaintiffs' favor. Please be patient.**

- All references are to "settlements" in the plural. However, understand that the two settlements are independent and separate. The Court may approve one or both of the two settlements. Moreover, you may opt out of, comment on, or object to one or both settlements.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE __SETTLING DEFENDANTS__ | |
|---|---|
| **DO NOTHING** | **Get no payment from the Settling Defendants**. Give up your rights to ever recover from the Settling Defendants for the legal claims in this case if the settlements are approved. |
| | You will remain a Class Member in the lawsuit against Adobe, Apple, Google, and Intel, which are referred to collectively as the "Non-Settling Defendants," and retain the possibility of getting money or other benefits from the Non-Settling Defendants that may come from trial or settlement. |
| **EXCLUDE YOURSELF FROM EITHER OR BOTH OF THE SETTLEMENTS** | **Get no payment from the settlements.** This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against any of the Settling Defendants. As described in Question 20, below, you may exclude yourself from one or both settlements. |
| | Even if you exclude yourself from one or both of the settlements, you will remain in the Class for purposes of the continuing lawsuit against the Non-Settling Defendants and will be bound by the outcome unless you submit a written exclusion request. |
| **SUBMIT A CLAIM FORM FOR YOUR SHARES OF THE SETTLEMENTS** | **The only way to receive money from the settlements when the funds are distributed is by submitting a claim form by March 19, 2014.** |
| **OBJECT TO OR COMMENT ON THE SETTLEMENTS** | **Following the instructions in Question 24, write to the Court about why you like or do not like the settlements by no later than March 19, 2014.** You may also ask to speak to the Court about your written comments or objections about the fairness of either or both of the settlements at the "Fairness Hearing" on May 1, 2014, though you do not have to do so. To comment on or object to either or both settlements and request to speak at the "Fairness Hearing," you must act before **March 19, 2014**. |
| **GO TO THE COURT'S FAIRNESS HEARING ABOUT THE SETTLEMENTS** | If you would like, you may ask to speak in Court about the fairness of one or both of the settlements if you follow the instructions in Question 24 of this Notice. You do not need to speak to the Court to receive benefits under the settlements. |

**B.      The Continuing Litigation Against the Non-Settling Defendants**

- The lawsuit is continuing against Adobe, Apple, Google, and Intel, which are referred to as the "Non-Settling Defendants."  The Non-Settling Defendants deny that they violated any antitrust laws or engaged in any wrongdoing.

- You are a Class Member if you were a salaried Technical Employee (as defined below) who worked in the United States for any of the Defendants during any portion of the following time periods: (a) for Apple from March 2005 through December 2009; (b) for Adobe from May 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees, corporate officers, members of the boards of directors, and certain senior executives of all Defendants.  For a more complete list of job titles included in the Class, please go to www.hightechemployeelawsuit.com.

- **The outcome of the class action lawsuit against the Non-Settling Defendants is not yet known.  You will be notified if money or benefits are obtained from any of the Non-Settling Defendants through settlements or trial.  Please be patient.**

- You have the right to exclude yourself from the continuing lawsuit against the Non-Settling Defendants.  If you choose to do so, you must exercise your right by **March 19, 2014**.  Instructions on how to opt out are set forth in response to Question 21 below.  You can receive the benefits of one or both of the settlements with the Settling Defendants even if you opt-out of the continuing lawsuit against the Non-Settling Defendants.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE **NON-SETTLING DEFENDANTS** | |
|---|---|
| DO NOTHING | If you do nothing, you will remain a Class Member in the lawsuit against the Non-Settling Defendants and retain the possibility of getting money or other benefits from the Non-Settling Defendants that may come from trial or settlement.  By remaining in the Class, you will be bound by the outcome of the continuing lawsuit with the Non-Settling Defendants and will give up your right to file your own lawsuit.  There is no money available now from Adobe, Apple, Google, or Intel, and no guarantee that there will be.  The outcome of the continuing class action lawsuit against these Non-Settling Defendants is not yet known.  If additional money or benefits are obtained from the Non-Settling Defendants, you will be notified again. |
| EXCLUDE YOURSELF FROM THE ONGOING LAWSUIT | **If you exclude yourself from the ongoing lawsuit, you will receive no payment from any Non-Settling Defendants even if any monies are collected as the result of a trial or settlement, but you will retain the right to file your own lawsuit.**  You will remain in the Class on whose behalf the lawsuit will continue against the Non-Settling Defendants unless you submit a written request to exclude yourself from it as described in the response to Question 21 below.  You must submit a timely written request to exclude yourself from the Class, if you wish to do so, by **March 19, 2014**.  This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against any of the Non-Settling Defendants. |

**C.      Detailed Information**

      The above bullet points and charts provide summary information regarding the lawsuits against the Settling and Non-Settling Defendants.  The remainder of this Notice is designed to provide more information to help you evaluate your options and answer any questions that you may have.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ................................................................................................................**PAGE 6**

    1.      Why did I get this Notice?
    2.      What is this lawsuit about?
    3.      Why is this a class action, and who is involved?
    4.      Why are there settlements?
    5.      Why are the settlements "partial" settlements?
    6.      Why is the lawsuit continuing if there are settlements?
    7.      What happens if the Plaintiffs later settle with the Non-Settling Defendants?

**WHO IS IN THE SETTLEMENTS AND THE CLASS ACTION LAWSUIT?** .......................................................**PAGE 8**

    8.      Am I a Class Member who is part of the settlements and the ongoing class action lawsuit against the Non-Settling Defendants?
    9.      I'm still not sure if I am included.
    10.    Does it make a difference whether I work or worked for a Settling Defendant or a Non-Settling Defendant?
    11.    What are my rights as a Class Member?

**THE SETTLEMENT BENEFITS** ......................................................................................................**PAGE 9**

    12.    What do the settlements provide?
    13.    How much money can I get from the settlements?

**SUBMITTING A CLAIM FORM FOR A SHARE OF THE SETTLEMENTS** .....................................................**PAGE 10**

    14.    How can I get money from the settlements?
    15.    When will I get my payments?
    16.    What am I giving up to get payments under the settlements?

**THE LAWYERS REPRESENTING YOU** ............................................................................................**PAGE 11**

    17.    Who represents me in this case?
    18.    Should I get my own lawyer?
    19.    How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENTS** ..........................................................................**PAGE 12**

    20.    How do I get out of the settlements?

**EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT** ....................................................................**PAGE 13**

    21.    How do I get out of the ongoing lawsuit?
    22.    If I don't exclude myself, can I sue the Defendants for the same thing later?
    23.    If I exclude myself, can I get money from this case?

**COMMENTING ON OR OBJECTING TO THE SETTLEMENTS** ..................................................................**PAGE 14**

    24.    How do I tell the Court that I like or don't like a proposed settlement, and may I speak at the hearing?

**THE COURT'S FAIRNESS HEARING** ............................................................................................**PAGE 15**

    25.    When and where will the Court decide whether to approve the settlements?
    26.    Do I have to come to the Fairness Hearing?

**TRIAL**………… ...................................................................................................................**PAGE 15**

    27.    When will the trial occur to resolve the claims in the ongoing lawsuit?
    28.    Do I have to come to the trial?
    29.    Will I get money after the trial?

**IF YOU DO NOTHING** ..........................................................................................................**PAGE 15**

    30.    What happens if I do nothing at all?

**YOUR PRIVACY** ...................................................................................................................**PAGE 16**

    31.    Will my manager know whether or how I responded to this notice?

**GETTING MORE INFORMATION** ..........................................................................................**PAGE 16**

    32.    Are more details about the settlements and the lawsuit available?
    33.    How do I get more information?

BASIC INFORMATION

| **1. Why did I get this Notice?** |
| --- |

You have received this Notice because Defendants' records show you may have worked as a salaried Technical Employee in one of the job positions described in Question 8 below during some or all of the following time periods: (a) for Apple from March 2005 through December 2009; (b) for Adobe from May 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.

**The Court sent you this Notice for two reasons:**

**(1) Class Members have the right to know about two proposed partial settlements of a class action lawsuit, and about their legal rights and options, before the Court holds a "Fairness Hearing" to decide whether to grant final approval to the settlements.**

This Notice explains the lawsuit, the settlements, and your legal rights.  It also explains what benefits from the settlements will be available, when they will be available, who is eligible for them, and how to obtain them.  If the Court approves the settlements and orders that the settlement funds be distributed and if any appeals of the Court's approval of these settlements are resolved in Plaintiffs' favor, an administrator appointed by the Court will make the payments that the settlement allows.

The Court has preliminarily approved both partial settlements.  If you are a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval to the proposed partial settlements at the "Fairness Hearing."  The Court will hold the Fairness Hearing on May 1, 2014 to decide whether the proposed partial settlements are fair, reasonable, and provide adequate compensation and benefits to the members of the Class.

If you wish to comment on (including object to) or exclude yourself from one or both of the settlements, you must do so following the procedures described below.  If you do nothing, you will not receive any money from the settlements, but you will be bound by any final judgment.

**(2) Class Members have the right to know that the Court has approved, or "certified," this case as a class action lawsuit against the Non-Settling Defendants, and about their legal rights and options before the claims being made on behalf of the Class are evaluated on their merits.**

On October 24, 2013, the Court decided that this lawsuit can proceed as a class action against the Non-Settling Defendants.  A jury trial is scheduled to begin on May 27, 2014, in the United States District Court for the Northern District of California, San Jose Division, Judge Lucy H. Koh presiding.  You will remain as a Class Member in this continuing lawsuit if you do nothing or you can exclude yourself from this continuing lawsuit as explained in the response to Question 21 below.  If you decide you want to exclude yourself, or opt-out, you must submit a timely written request to do so by **March 19, 2014**.

| **2. What is this lawsuit about?** |
| --- |

The lawsuit claims that Defendants entered into a series of agreements with each other not to recruit or hire each other's employees in violation of federal and state antitrust laws. Each of the Defendants denies that it violated any laws or engaged in any wrongdoing.

Lucasfilm and Pixar have entered into one settlement agreement with Plaintiffs. Intuit has entered into a separate settlement agreement with Plaintiffs. The Defendants other than Lucasfilm, Pixar, and Intuit (that is, Adobe, Apple, Google, and Intel) have not entered into any settlements.

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at www.hightechemployeelawsuit.com.

| **3.  Why is this a class action, and who is involved?** |
| --- |

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims.  The people with similar claims together are a "Class" and are called "Class Members."  A class action resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Court appointed Named Plaintiffs Siddharth Hariharan, Mark Fichtner, Daniel Stover, and Michael Devine as Class Representatives in this case.

| **4.  Why are there settlements?** |
| --- |

The Court has not found in favor of Plaintiffs or Defendants. While the lawsuit is still pending before the United States District Court, the Plaintiffs and the Settling Defendants have agreed to settlements which, if they are approved, will bring the claims against Pixar, Lucasfilm, and Intuit to an end. That way, the Plaintiffs and Settling Defendants avoid the uncertainty of continuing the case between them and the cost of further litigation, and Class Members will get the benefits of the settlements. The Class Representatives and their attorneys think the settlements are best for everyone who allegedly was harmed by Pixar's, Lucasfilm's, and Intuit's alleged agreements not to compete for employees.

| **5.  Why are the settlements "partial" settlements?** |
| --- |

Although the settlements with Lucasfilm, Pixar, and Intuit fully resolve the Class Members' claims against them as described in Question 16, the settlements only partially resolve the case, which will continue against the Non-Settling Defendants, as discussed in Question 6.  For this reason, the settlements with Lucasfilm, Pixar, and Intuit are "partial" settlements.

| **6.  Why is the lawsuit continuing if there are settlements?** |
| --- |

Lucasfilm, Pixar, and Intuit have agreed to settle this case. The Non-Settling Defendants (Adobe, Apple, Google, and Intel) have not agreed to settle, so the lawsuit will continue against them. More money may become available in the future as a result of additional settlements with and/or a trial against the Non-Settling Defendants, but there is no guarantee this will happen.

| **7.  What happens if the Plaintiffs later settle with the Non-Settling Defendants?** |
| --- |

The lawsuit will continue against the Non-Settling Defendants on behalf of all Class Members who do not exclude themselves from the lawsuit as described in Question 21. It cannot be known whether the Plaintiffs would prevail against the Non-Settling Defendants at a trial. If there are additional settlements in the future, there will be notice of those settlements as well.  Depending on the timing of the notice and Fairness Hearing for any such settlements, the settlement funds received from the Settling Defendants and from any Non-Settling Defendants who may settle in the future may be distributed at the same or different times, in one or multiple distributions, to Class members who have submitted or will in the future submit claims.

**WHO IS IN THE SETTLEMENTS AND THE CLASS ACTION LAWSUIT?**

---

**8. Am I a Class Member who is part of the settlements and the ongoing class action lawsuit against the Non-Settling Defendants?**

In general, individuals who were salaried technical, creative, and research and development employees at any one of the Defendant companies may be Class Members (a) who are eligible for a payment from the settlements when the funds are distributed, and (b) on whose behalf the lawsuit will continue against the Non-Settling Defendants, if they meet the following definition:

> All natural persons who work in the technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009. Excluded from the Class are: retail employees during the Class period; corporate officers, members of the boards of directors, and senior executives of all Defendants.

By way of example, the below technical, creative and/or research and development job titles are included in the Class. This is not a complete list of job titles. To see a more complete list of job titles, please go to www.hightechemployeelawsuit.com:

| | |
|---|---|
| ● Software Engineers | ● Research and Development |
| ● Hardware Engineers and Component Designers | ● Animators, Digital Artists, Creative Directors and Technical Editors |
| ● Application Developers | ● Graphic Designers and Graphic Artists |
| ● Programmers | ● Web Developers |
| ● Product Developers | ● IT Professionals |
| ● User Interface or User Experience Designers | ● Systems Engineers and Administrators |
| ● Quality Analysts | ● Employees classified as technical professionals by their employers |

---

**9. I'm still not sure if I am included.**

If you received this Notice mailed to you, it is because you were listed as a potential Class Member. If you are still not sure whether you are included, you can get help at www.hightechemployeelawsuit.com or by calling 1-855-731-7499.

---

**10. Does it make a difference whether I work or worked for a Settling Defendant or a Non-Settling Defendant?**

As long as you fall within the definition of the class in Question 8 above, you can participate in one or both of the settlements and you can participate or choose not to participate in the ongoing lawsuit against the Non-Settling Defendants, regardless of which Defendant you work or worked for. Current and former employees of Non-Settling Defendants Adobe, Apple, Google, or Intel, if they are Class Members, may receive a payment under the Lucasfilm, Pixar, and Intuit settlements when the funds are distributed. In addition, current and former employees of Intuit who meet the definition of the class may receive a payment from the Lucasfilm and Pixar settlement, and current and former employees of Lucasfilm or Pixar who meet the definition of the class may receive a payment under the Intuit settlement when the funds are distributed. Class Members who are current or former employees of all of the Defendants, including Settling Defendants, are also included in the certified Class of technical employees on whose behalf the lawsuit will continue against the Non-Settling Defendants.

| **11.  What are my rights as a Class Member?** |
|---|

With respect to the Settling Defendants, you have the right to (1) do nothing, in which case you will not receive a payment and will waive any rights to pursue a later lawsuit of your own against the Settling Defendants, (2) submit a Claim Form to receive a payment from the Settlement Funds (*see* Question 14), (3) exclude yourself from either or both of the settlements (*see* Question 20), (4)  comment on or object to one or both of the settlements (*see* Question 24), or (5) attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of one or both of the settlements (*see* Question 25).

With respect to the Non-Settling Defendants, you have the right to (1) do nothing, in which case you will be bound by the outcome of the litigation against the Non-Settling Defendants including receiving payment that could result from trial or future settlements in this litigation against Non-Settling Defendants, or (2) exclude yourself from the ongoing lawsuit, in which case you preserve any right you may have to bring a later lawsuit of your own but give up the right to receive any payment that could result from trial or future settlements in this litigation with Non-Settling Defendants (*see* Question 21).

### THE SETTLEMENT BENEFITS

| **12.  What do the settlements provide?** |
|---|

Settling Defendants Pixar and Lucasfilm will pay $9,000,000 into a Settlement Fund (the "Pixar/Lucasfilm Fund").  Settling Defendant Intuit will pay $11,000,000 into a Settlement Fund (the "Intuit Fund").  The Pixar/Lucasfilm Fund and the Intuit Fund are collectively referred to as the "Settlement Funds."  After deducting attorneys' fees, costs, applicable taxes, and other fees and expenses (*see* Question 19), the Pixar/Lucasfilm Fund and the Intuit Fund will be distributed to Class Members who file valid claims.

As a Settlement Class Member, you will give up, or "release," your claims against Pixar, Lucasfilm, and Intuit.  Those releases include any claims made or that could have been made arising from the facts alleged in this lawsuit.  The releases are described in more detail in the Settlement Agreements and in Question 16 below.  You can view or download a copy of both of the Settlement Agreements at www.hightechemployeelawsuit.com.

| **13.  How much money can I get from the settlements?** |
|---|

Class Members who submit a Claim Form are called "claimants" and will be eligible to receive a share of the Settlement Funds if and when the Settlement Funds are distributed based on a formula utilizing a claimant's base salary paid while working as a technical employee during the Class Period as set forth in the Settlement Class definition.  In other words, each Class Member's share of the Settlement Funds is a fraction, with the claimant's total base salary during the Class Period as the numerator and the total base salary during the Class Period of all claimants as the denominator:

(Approved claimant's individual total base salary paid in Class Positions during the Class Period) ÷ (Total of base salaries paid to all approved claimants in Class Positions during the Class Period).

The claimant's individual fractional amount shall be multiplied against the Settlement Funds after court-approved costs, applicable taxes, service awards, and attorneys' fees are subtracted.  Because each claimant's fractional amount will depend in part on how many other Class Members file Claim Forms, fractional amounts will increase if less than 100% of the Class participates as claimants.  The proposed Plan of Allocation is available for review at www.hightechemployeelawsuit.com, and will be presented for approval by the Court at the Fairness Hearing (*see* Question 24).

SUBMITTING A CLAIM FORM FOR A SHARE OF THE SETTLEMENTS

| **14.  How can I get money from the settlements?** |
|---|

To receive money from the settlements, you must complete and submit a Claim Form, either online at www.hightechemployeelawsuit.com, or by mail.  A copy of the Claim Form is included with this Notice. Please read this Notice and the Claim Form carefully.  You must either complete and submit the form online no later than **March 19, 2014, or complete the included form manually, sign it, and mail it postmarked no later than March 19, 2014, to the Claims Administrator at the address listed in Question 20 of this Notice**.  If necessary, you may download and print out a Claim Form from the website www.hightechemployeelawsuit.com.  If you have any problems with the Claim Form or questions about how to submit your claim, please call the Claims Administrator at the telephone number printed at the bottom of this page.

If you fall within the Class definition, you may receive money from either or both settlements.  If you submit one completed Claim Form, it will be deemed submitted for both settlements unless you separately have written to exclude yourself from one of the settlements by following the instructions on how to exclude yourself in Question 20 below.  Therefore, if you did not submit a written request to be excluded from a settlement and timely submit a completed Claim Form, you will be deemed to have submitted a claim to receive money from both settlements.  If you have separately written to exclude yourself from one of the two settlements and you timely submit a completed Claim Form, you will be deemed to have submitted a claim to receive money only under the settlement from which you did not exclude yourself.  And if you have separately written to exclude yourself from both settlements and submit a Claim Form, the Claims Administrator will honor your request for exclusion and your Claim Form will be deemed invalid.

| **15.  When will I get my payments?** |
|---|

The Court will hold a final Fairness Hearing on **May 1, 2014**, to decide whether to approve the settlements. If the Court approves the settlements, there still may be appeals of that decision.  If an appeal is filed, it is hard to estimate how long it might take for it to be resolved, but it can take a lot of time, perhaps more than a year. Settlement payments to Settlement Class Members will be distributed if the settlements are approved, and after appeals, if any, are resolved.

Updates regarding the settlements and when payments may be made will be posted on the settlement website, www.hightechemployeelawsuit.com.

| **16.  What am I giving up to get payments under the settlements?** |
|---|

If you are a Class Member, unless you exclude yourself from one or both settlements, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Lucasfilm, Pixar, or Intuit about the legal claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you, and that you agree to the following "Releases of Claims," which describe exactly the legal claims that you give up if you get settlement benefits:

With respect to Intuit, upon the Settlement Agreement becoming effective, the Named Plaintiffs and Class members (who do not otherwise properly exclude themselves) shall all release and forever discharge Intuit and officers, directors, affiliates and employees (other than employees who are members of the Class) from all manner of claims whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from the facts, activities or circumstances alleged in the Consolidated Amended Complaint (Dkt. 65) or any other purported restriction on competition for employment of Class members, up to the Effective Date of the Settlement whether or not alleged in the Consolidated Amended Complaint (Dkt. 65).  The Settlement Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of unlawful overtime or violations of ERISA or similar statute that are unrelated to any of the following: the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or the payments or distributions made pursuant to the Intuit Settlement.

With respect to Pixar and Lucasfilm, upon the Settlement Agreement becoming effective, the named Plaintiffs and Class members (who do not otherwise properly exclude themselves) shall all release and forever discharge Pixar and Lucasfilm together with their parent company The Walt Disney Company and their other past and present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) from all manner of claims whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from the facts, activities or circumstances alleged in the Consolidated Amended Complaint (Dkt. 65) or any other purported restriction on competition for employment of Class members, up to the Effective Date of the Settlement whether or not alleged in the Consolidated Amended Complaint (Dkt. 65).  The Settlement Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of unlawful overtime or violations of ERISA or similar statute that are unrelated to any of the following: the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or the payments or distributions made pursuant to the Pixar and Lucasfilm Settlement.

**By participating in either or both of these settlements you are not giving up your right to receive payments from any future settlements or a trial against the Non-Settling Defendants.**

### THE LAWYERS REPRESENTING YOU

### 17.  Who represents me in this case?

The Court appointed the following law firms as Co-Lead Class Counsel to represent the Class:

| | |
|---|---|
| Kelly M. Dermody<br>LIEFF CABRASER HEIMANN<br> & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>(415) 956-1000<br>kdermody@lchb.com | Joseph R. Saveri<br>JOSEPH SAVERI LAW FIRM, INC.<br>505 Montgomery Street, Suite 625<br>San Francisco, CA 94111<br>(415) 500-6800<br>jsaveri@saverilawfirm.com |

These lawyers and law firms are called "Plaintiffs' Counsel."

### 18.  Should I get my own lawyer?

You do not need to hire your own lawyer because Plaintiffs' Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Plaintiffs' Counsel to speak for you.  You may also appear for yourself without a lawyer.

### 19.  How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court to approve at the Fairness Hearing payment from the Settlement Funds of out-of-pocket costs not to exceed $4 million, which includes expert and vender costs Plaintiffs' Counsel have incurred prosecuting this case to date.  Plaintiffs' Counsel will also ask the Court to approve payment of attorneys' fees of up to thirty percent (or $6 million) of the Settlement Funds.  The fees would compensate Plaintiffs' Counsel for investigating the facts, litigating the case (including through appeals), and negotiating and administering the settlements.  Plaintiffs' Counsel will ask the Court to approve at the Fairness Hearing payments of $10,000 to each of the individual Class Representatives, as well as to the estate of former Class Representative Brandon Marshall (who, before his death in December 2013, provided all of the same services to the class as the

other Class Representatives), as Service Awards for their service to the Class.  The Service Awards shall be paid when the Settlement Funds are distributed to Class members who have submitted valid claims.  Plaintiffs' Counsel may seek additional attorneys' fees, costs, and expenses from any future settlement or recovery obtained from Non-Settling Defendants.  The costs of providing this Notice and administering the two settlements are being paid from the Settlement Funds and are estimated to total approximately $200,000.

You do not have to pay any of Class Counsel's fees, costs, or expenses.  If the Court grants Counsel's requests, all fees, costs, and expenses would be deducted from any money obtained for the Class, or paid separately by the Non-Settling Defendants.

### EXCLUDING YOURSELF FROM THE SETTLEMENTS WITH THE SETTLING DEFENDANTS

| **20.  How do I get out of the settlements?** |
| --- |

If you fall within the Class definition but don't want a payment from one or both of the settlements or you want to keep the right to sue or continue to sue Intuit, Lucasfilm, or Pixar (at your own expense) about the legal issues in this case, then you must "opt out" of one or both of the settlements. This is called excluding yourself from, or opting out of, a settlement Class. Opting out of a settlement Class at this time will not affect your right to remain in the Class for purposes of the continuing litigation against the Non-Settling Defendants.

To exclude yourself from (opt out of) one or both of the settlements, you must send a letter or written request to the Notice and Claims Administrator at the address below saying that you want to be excluded from the settlement Class in *In re: High-Tech Employee Antitrust Litigation,* with your full legal name and the name(s) of the Defendant company or companies (i.e., Adobe, Apple, Google, Intel, Intuit, Lucasfilm, or Pixar) for which you worked between 2005 and 2009.  You must sign your request. You must also specify if you only seek to exclude yourself from the Intuit settlement or only from the Pixar and Lucasfilm settlement.  If you do not specify, your exclusion will be deemed submitted for both settlements.

To exclude yourself from one or both settlements, you must submit your Opt-Out Request letter postmarked no later than **March 19, 2014** (or received by the Notice and Claims Administrator by that date if sent by fax or e-mail) to the following address:

Notice and Claims Administrator
In re High Tech Employee Settlement
P.O. Box 710
Philadelphia, PA 19105-0710
Fax: 215-665-0613
Email: info@hightechemployeelawsuit.com

You cannot exclude yourself (opt out) by telephone.

If you request to be excluded from the settlement with Pixar and Lucasfilm, you will not be legally bound by the settlement with Lucasfilm and Pixar.  You will be able to sue (or continue to sue) Lucasfilm and Pixar in the future about the legal claims in this case.

If you request to be excluded from the settlement with Intuit, you will not be legally bound by the settlement with Intuit.  You will be able to sue (or continue to sue) Intuit in the future about the legal issues in this case.

If you ask to be excluded from either of the settlements, you will not get any payment from that settlement, and you cannot object to that settlement.

However, if you ask to be excluded from either or both settlements, you will still remain as a Class Member in the ongoing litigation against the Non-Settling Defendants unless you exclude yourself from the ongoing litigation by following the instructions below.

EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT AGAINST THE NON-SETTLING DEFENDANTS

| **21.  How do I get out of the ongoing lawsuit?** |
| --- |

If you fall within the Class definition but do not want to be included in the ongoing class action lawsuit against the Non-Settling Defendants, including because you want to retain the right to sue or continue to sue Adobe, Apple, Google, or Intel about the legal issues in this case, then you must opt out of this lawsuit.

To exclude yourself from (opt out of) the ongoing lawsuit against the Non-Settling Defendants, you must send a letter or other written request to the Notice and Claims Administrator saying that you want to be excluded from the litigation Class in *In re: High-Tech Employee Antitrust Litigation,* with your full legal name and the name(s) of the Defendant company or companies (i.e., Adobe, Apple, Google, Intel, Intuit, Lucasfilm, or Pixar) for which you worked between 2005 and 2009.  Your request must be postmarked no later than **March 19, 2014** (or received by the Notice and Claims Administrator by that date if sent by fax or e-mail).  If you have any questions about how to submit this request, please call the Claims Administrator at the telephone number printed at the bottom of this page.

If you request to be excluded from the ongoing lawsuit against the Non-Settling Defendants, you will not be legally bound by the Court's judgments.  If the Class gets money or benefits as a result of any settlement or trial between any of the Non-Settling Defendants and the Plaintiffs, you will not receive any of that money or those benefits.  You will, however, be able to sue, or continue to sue, any of the Non-Settling Defendants about the same legal claims that are involved in this case.  If you do exclude yourself from the ongoing lawsuit and pursue a separate lawsuit, you will have to retain your own lawyer for that case or prosecute the case without a lawyer.

To exclude yourself from the on-going lawsuit against Non-Settling Defendants, you must submit an opt-out letter postmarked no later than **March 19, 2014** (or received by the Notice and Claims Administrator by that date if sent by fax or e-mail) to the following address:

Notice and Claims Administrator
In re High Tech Employee Antitrust Litigation
P.O. Box 710
Philadelphia, PA 19105-0710
Fax: 215-665-0613
Email: info@hightechemployeelawsuit.com

You cannot exclude yourself (opt out) by telephone.

If you choose to exclude yourself from any part of this case, you may include any/all of your exclusion requests in one letter or written request, or you may prepare separate letters and written requests and include them in the same mailing envelope, email or fax; there is no need to send separate letters, emails or faxes, or to use separate envelopes.

| **22.  If I don't exclude myself, can I sue the Defendants for the same thing later?** |
| --- |

No.

If you are a Class member, unless you exclude yourself from the two settlements, you give up the right to sue Lucasfilm, Pixar, and Intuit for the claims that the two settlements resolve as more fully described in Question 16 above.

If you are a Class member, unless you exclude yourself from the ongoing lawsuit against the Non-Settling Defendants, you give up the right to sue Adobe, Apple, Google, and Intel for the legal claims in this case as more fully described in Question 21 above.

If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself to continue your own lawsuit.  The process for excluding yourself from the settlements and/or the ongoing lawsuit is described in the preceding sections.

**23.  If I exclude myself, can I get money from this case?**

It depends on whether you exclude yourself from both settlements, or only one settlement, and/or from the ongoing lawsuit.  If you exclude yourself from only one settlement, you may still submit a Claim Form to receive money under the other settlement.  If you exclude yourself from both settlements, you will not receive money under either settlement even if you submit a Claim Form.  If you exclude yourself from the continuing litigation, you will not be eligible to receive a share of the money recovered, if any, from Non-Settling Defendants in the future.  But, by excluding yourself, you keep any rights to sue on your own about the same legal claims in the lawsuit should you want to do so.

### COMMENTING ON OR OBJECTING TO THE SETTLEMENTS

**24.  How do I tell the Court that I like or don't like a proposed settlement, and may I speak at the hearing?**

If you're a Class Member, you can comment on or object to one or both of the settlements if you like or don't like any part of them. You can give reasons why you think the Court should or should not approve them.  The Court will consider your views.

To comment or to object, you must send a letter to the Notice and Claims Administrator with your comments or objections to the proposed settlements in *In re: High-Tech Employee Antitrust Litigation*.  Be sure to include:

- Your name, address, telephone number, email address and signature;

- Which of the two settlements you wish to comment or object on: the settlement with Lucasfilm and Pixar, and/or the settlement with Intuit.

- If you object to either settlement, a detailed list of any other objections that you or your lawyer have made to any class action settlements submitted to any court in the United States in the previous five (5) years; and

- A detailed statement of your comments or objections, including the grounds for your objections, if any, together with any supporting documents.

- You do not need to attend or speak at the Fairness Hearing (described in Question 25 below) for your comments or objections to be considered.  If you would like to speak at the Fairness Hearing about your comments or objections to the settlements, you must add to your letter a statement that you intend to appear and speak at the hearing, for example, by stating "This is my Notice of Intention to Appear in *In re: High-Tech Employee Antitrust Litigation.*"

If you wish for the Court to consider your comments or objections, you must submit the comments or objections, along with a request to speak at the Fairness Hearing (if any), postmarked no later than **March 19, 2014** (or received by the Notice and Claims Administrator by that date if sent by fax or e-mail) to the following address:

Notice and Claims Administrator
In re High Tech Employee Antitrust Litigation
P.O. Box 710
Philadelphia, PA 19105-0710
Fax: 215-665-0613
Email: info@hightechemployeelawsuit.com

You will have no right to speak at the hearing about a settlement or object if you choose to exclude yourself from that settlement, because a settlement no longer affects you if you opt out of it.

THE COURT'S FAIRNESS HEARING

**25.  When and where will the Court decide whether to approve the settlements?**

The Court will hold a Fairness Hearing at 1:30 p.m. on **May 1, 2014** in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, 280 S. First Street, San Jose, California 95113.

At this hearing, the Court will separately consider both settlements and determine whether they are fair, reasonable, and adequate.  If there are written comments or objections, the Court will consider them.  The Court will decide whether to allow people who have raised objections or comments to speak at the hearing.  The Court may also decide how much to award to Plaintiffs' Counsel in attorneys' fees and expenses and whether to approve the payment of Service Awards to the Named Plaintiffs, to be paid when the Settlement Funds are distributed to Class Members who submit claims.  After the hearing, the Court will separately decide whether to approve the settlement with Pixar and Lucasfilm, and the settlement with Intuit.  We do not know how long these decisions will take, or whether the Court will issue its decisions about both settlements at the same time.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this Notice.  Be sure to check the website, www.hightechemployeelawsuit.com., for news of any such changes.

**26.  Do I have to come to the Fairness Hearing?**

No.  Plaintiffs' Counsel will be present at the Fairness Hearing to answer any questions the Court may have.  You are welcome to come at your own expense.  If you send comments or objections to either or both settlements, you don't have to come to Court to talk about it.  As long as you mailed, faxed, or emailed your written comments or objections on time, the Court will consider them.  You may also pay your own lawyer to attend, but it is not required.

TRIAL

**27.  When will the trial occur to resolve the claims in the ongoing lawsuit?**

If the case against the Non-Settling Defendants is not dismissed or settled, a trial set to begin on May 27, 2014, in Courtroom 8 - 4th Floor of the Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113.  The trial may be moved to a different date or time without additional notice.  The current schedule for the case will be posted at www.hightechemployeelawsuit.com.

**28.  Do I have to come to the trial?**

You will not need to attend the trial unless you are a trial witness who volunteers or is asked to attend by one or more of the parties or by the Court.  You and/or your own lawyer are welcome to attend.  Check the website, www.hightechemployeelawsuit.com, to be kept informed of the trial schedule.

**29.  Will I get money after the trial?**

There is no guarantee that Plaintiffs will obtain any money or benefits from the Non-Settling Defendants.  Class Members will receive notice if Plaintiffs obtain money or benefits as a result of the trial or a settlement with one or more of the Non-Settling Defendants.

IF YOU DO NOTHING

**30.  What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will get no money from the settlement with Pixar and Lucasfilm or the settlement with Intuit and any claims you might have against Intuit, Pixar, and Lucasfilm for the allegations in this case will be released unless you separately write to exclude yourself (following the instructions in Question 20).  This means you won't be able to collect any money damages from Pixar, Lucasfilm, or Intuit in this

lawsuit or another lawsuit for their alleged unlawful agreements not to "cold call" each other's employees.  To qualify to receive any money from the settlement with Pixar and Lucasfilm or the settlement with Intuit, you must submit a Claim Form, following the instructions in Question 14.

If you are a Class Member and you do nothing, you will remain in the ongoing class action lawsuit and retain the ability to recover money or other benefits, if any, that may come from a trial or a settlement with the Non-Settling Defendants unless you separately request to exclude yourself (following the instructions in Question 21).  By staying in the case, you give up your rights to sue any of the Non-Settling Defendants on your own about the same legal claims in this lawsuit and you will be bound by the results in the ongoing lawsuit.

## YOUR PRIVACY

### 31.  Will my manager know whether or how I responded to this notice?

The Court has appointed an independent, experienced professional Notice and Claims Administrator, the Heffler Claims Group.  The Notice and Claims Administrator will not disclose the identities of Class Members who submit Claim Forms to any Defendant, including Lucasfilm, Pixar, and Intuit (or their managers).  The Notice and Claims Administrator will establish and follow procedures to protect the confidentiality of the identity of persons submitting claims.  The Notice and Claims Administrator will process Claim Forms and issue settlement checks.  The Notice and Claims Administrator will also receive requests to be excluded from the settlements and/or from the ongoing lawsuit, as well as  comments (including objections) to the settlements.  To the extent required to do so by the Court, the Notice and Claims Administrator will share exclusion requests and comments or objections on the settlements with Class Counsel and counsel for the Settling and Non-Settling Defendants, as well as with the Court.  No Claims Forms will be shared within any of the Defendant companies absent some showing of need to do so to implement the settlements.

## GETTING MORE INFORMATION

### 32.  Are more details about the settlements and the lawsuit available?

Yes.  This Notice summarizes the two settlements and the ongoing lawsuit against the Non-Settling Defendants.  More details about the settlements are in the proposed Settlement Agreements themselves.  You can see or print copies of the Settlement Agreements at www.hightechemployeelawsuit.com.  More information about the ongoing class action lawsuit, including copies of the Order Granting Plaintiffs' Supplemental Motion for Class Certification, the Plaintiffs' class action complaint, the Defendants' answers to the complaint, and other case documents, can also be viewed or printed at www.hightechemployeelawsuit.com.

### 33.  How do I get more information?

The website www.hightechemployeelawsuit.com provides more information and answers to common questions about the lawsuit and the settlements.  You may also call, write, fax, or email the Notice and Claims Administrator with your questions at:

Notice and Claims Administrator
In re High Tech Employee Antitrust Litigation
P.O. Box 710
Philadelphia, PA 19105-0710
Telephone: 1-855-731-7499
Fax: 215-665-0613
Email: info@hightechemployeelawsuit.com

**PLEASE DO NOT CONTACT THE COURT.  YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE TO THE NOTICE AND CLAIMS ADMINISTRATOR AND/OR TO PLAINTIFFS' COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

IN RE HIGH TECH EMPLOYEE ANTITRUST LITIGATION
United States District Court for the Northern District of California, San Jose Division
Master Docket No. 11-CV-2509-LHK

## CLAIM FORM

**PLEASE CAREFULLY READ THE ENCLOSED NOTICE BEFORE COMPLETING THIS CLAIM FORM.**

**DEADLINE:** *To receive a settlement payment, you must either complete and submit a Claim Form online at* www.HighTechEmployeeLawsuit.com *by* **March 19, 2014,** *or complete and return this Claim Form postmarked on or before* **March 19, 2014,** *to*

Notice and Claims Administrator
In re High Tech Employee Antitrust Litigation
P.O. Box 710
Philadelphia, PA 19105-0710

*If you do not submit online or by mail a properly completed Claim Form on or before* **March 19, 2014***, then your claim will be untimely and* ***you will not receive any money from the partial settlements*** *with the Settling Defendants.*

**YOUR SHARES OF THE PARTIAL SETTLEMENTS:** Your settlement shares of the partial settlement with Pixar and Lucasfilm, and the partial settlement with Intuit, will be based upon the total base salary you received in a Class Position during the Class Period relative to other Claimants.

**NOTES:**
1) This Claim Form is provided to you by the Court-appointed Claims Administrator, Heffler Claims Group.
2) There are two partial settlements: (a) Lucasfilm and Pixar and (b) Intuit. If you fall within the class definition, you may receive money from both partial settlements. You may participate in both settlements, only one settlement, or neither settlement. You have the following choices:
   a. Receive money from both settlements. <u>Submit one Claim Form</u>. It will be deemed filed for both settlements and used to calculate your settlement share of both settlements. DO NOT FILE AN EXCLUSION REQUEST.
   b. Receive money from only one of the settlements. Submit one Claim Form. It will be used to calculate your settlement share of one of the settlements. YOU MUST SUBMIT AN EXCLUSION REQUEST by March 19, 2014, indicating the settlement from which you wish to be excluded. (Instructions in Question 20 of the Notice.)
   c. Get no money under either settlement if you do not file a Claim Form or if you exclude yourself from both settlements. (Instructions in Question 20 of the Notice.) If you separately have written to exclude yourself from both settlements and later submit a Claim Form, your Claim Form will be deemed invalid and you will receive no money.

**SECTION A: CLAIMANT INFORMATION.** Please review, correct, and/or complete your contact information.

Please print clearly. The address listed is where the Claims Administrator will send your Settlement check when the settlement funds are distributed.

Claim #: <<pre-filled>> .

Note: This claim number is a unique identifier that you can use together with your Social Security Number to access and complete your claim information online at www.hightechemployeelawsuit.com

Name: <<pre-filled>>

_____

Address (line 1): <<pre-filled>>

_____

Address (line 2:) <<pre-filled>>

_____

City, State, ZIP: <<pre-filled>>

_____

Last four digits of Social Security Number <<SSN>>:

_____

Please list any other names used while employed by a
Defendant:                                              _____

> *If your information is different from those shown above left, print corrections on the lines to the right.*
> *If your information changes, you are responsible for updating the Claims Administrator.*

> The following additional information will help the Claims Administrator to reach you if there are any questions or
> difficulties sending you your settlement check:

Daytime telephone number (with area code):            _____

Evening telephone number (with area code):            _____

Email address (at work and/or home):                  _____

                                                      _____

**SECTION B: YOUR ESTIMATED SETTLEMENT SHARE, DATES OF EMPLOYMENT, AND RELEVANT JOB TITLES.**

**1.  Company records show that you may have been employed by one or more of the seven Defendants in a Class Position during the Relevant Class Period as defined in the settlement (see Question 8 of the Notice).**  To protect your privacy, a summary of these company records is available for you to view online at the website www.hightechemployeelawsuit.com.  Please log on to www.hightechemployeelawsuit.com using your claim form number (printed on the prior page) and your Social Security Number to view or supply your qualifying positions and time periods covered by the Settlements as described in Question 8 of the Notice and listed fully on the website.  If you believe any of the information listed there is incorrect or incomplete, you will have an opportunity to submit corrections online, and to upload copies of any documents (such as employee records, or pay stubs) supporting your correction(s).

**Note:**   *If you do not submit a correction by March 19, 2014, you waive your right to challenge the information supplied to the Claims Administrator and available to you online.  By submitting a correction, you will authorize the Claims Administrator to review company records and make a determination based on company records and the records you submit.  This determination may increase or decrease the value of your shares of the partial settlements.  All such determinations by the Claims Administrator are final and binding with no opportunity for further appeal.*

**2. Signature.  *You must sign here to submit your Claim Form by mail.  Claim Forms may also be submitted online with an electronic signature at www.HighTechEmployeeLawsuit.com.***

> I declare that the information set forth above regarding my employment as a Class Member is true and
> correct, to the best of my knowledge.

Dated:  _____, _____     Signed:  _____

**QUESTIONS**?  If you have questions regarding this Claim Form, how to submit a claim, or the partial Settlements, please visit the website www.hightechemployeelawsuit.com, or contact the Claims Administrator as follows:

Notice and Claims Administrator
In re High Tech Employee Antitrust Litigation
P.O. Box 710
Philadelphia, PA 19105-0710
Telephone: 1-855-731-7499
www.hightechemployeelawsuit.com

*Please review your claim form to ensure that you have filled it out in its entirety.*

IF YOUR CLAIM FORM IS SUBMITTED ONLINE AFTER ***MARCH 19, 2014,*** OR POSTMARKED AFTER ***MARCH 19, 2014, YOU WILL NOT BE ENTITLED TO RECEIVE ANY SETTLEMENT PAYMENT.***
THE CLAIMS ADMINISTRATOR WILL NOTIFY YOU IF YOUR CLAIM FORM IS ***INCOMPLETE***.  THEREAFTER IF YOU DO NOT CURE THE DEFICIENCIES WITHIN THE TIME SET BY THE CLAIMS ADMINISTRATOR, ***YOU WILL NOT BE ENTITLED TO RECEIVE ANY SETTLEMENT PAYMENT.***

THIS PAGE INTENTONALLY LEFT BLANK

Notice and Claims Administrator
In re High Tech Employee Antitrust Litigation
P.O. Box 710
Philadelphia, PA 19105-0710

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
LANSDALE, PA
PERMIT NO. 491