MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ERIC B. EVANS (SBN 232476)
eevans@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:	(650) 331-2000
Facsimile:	(650) 331-2061

*Attorneys for Defendant
Google Inc.*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |

1    In its Order Granting in Part and Denying in Part Motions to Seal dated March 14, 2014
2    (ECF No. 730) ("Sealing Order"), the Court denied without prejudice certain requests to seal
3    documents and allowed the filing of renewed motions to seal.  Accordingly, Defendants Apple
4    Inc. ("Apple"), Google Inc. ("Google"), Intel Corporation ("Intel"), and Intuit Inc. ("Intuit")
5    (collectively, "Defendants") hereby jointly move to seal more narrowly tailored portions of the
6    documents described further below, which reflect highly confidential information the public
7    disclosure of which would cause harm to Defendants.  In addition, the Court granted certain of
8    Google's sealing requests "as to redacted portions" although no redacted portions were
9    submitted; Google is therefore submitting proposed and narrowly tailored redacted versions of
10   those exhibits for the public record.

11   As described further in Section I below, the documents subject to Defendants' renewed
12   sealing requests are:

13   (1)  The following exhibits to the Declaration of Lisa J. Cisneros in Support of
14   Plaintiffs' Supplemental Motion for Class Certification (ECF No. 418-2) ("Cisneros Exhibits"):
15   Q, R, S, T, V, W, X, EE, FF, II, JJ, 173, 176, 472, 608, 614, 616, 621, 660, 666, 668, 674, 1130,
16   1376, 1600, 1606, 1609, 1613, 1618, 1625, 1629, 1753, 2422, 2425, 2426;

17   (2)  Exhibit 14 to the Declaration of Dean M. Harvey in Support of Plaintiffs'
18   Supplemental Motion for Class Certification (ECF No. 418-1);

19   (3)  The following exhibits to the Declaration of Christina Brown filed in Support of
20   Defendants' Opposition to Supplemental Class Certification Motion (ECF No. 445) ("Brown
21   Exhibits"): 8, 9;

22   (4)  The following exhibits to the Declaration of Lin W. Kahn in Support of
23   Defendants' Opposition to Plaintiffs' Supplemental Motion for Class Certification (ECF No.
24   446) ("Kahn Exhibits"): 2, 7, 8 and 13; and

25   (5)  The following exhibits to the Declaration of Anne B. Shaver in Support of
26   Plaintiffs' Reply in Support of Supplemental Motion for Class Certification (ECF No. 456)
27   ("Shaver Exhibits"): E, F, J, K, and O;  (collectively, the "Sealed Materials").

28

1     Defendants are filing corresponding declarations in support of their respective renewed
2  sealing requests as to the Sealed Materials.

### I. DEFENDANTS' RENEWED SEALING REQUESTS

#### A. Cisneros Exhibits Q, R, S, T, V, W, X, EE

The Court denied without prejudice Google's requests to seal Cisneros Exhibits Q, R, S, T, V, W, X, EE (deposition excerpts) as to the redacted portions identified by Google. Sealing Order at 14-15. Google now seeks to seal only narrowly tailored portions of those exhibits that reflect the most highly confidential information regarding Google's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Google. Certain exhibits also contain personally identifying information which Google has redacted to protect the privacy of third parties.

#### B. Cisneros Exhibits 176, 472, 608, 614, 621, 660, 666, 668, 674, 2422

The Court denied without prejudice Google's requests to seal Cisneros Exhibits 176, 472, 608, 614, 621, 660, 666, 668, 674, and 2422 because Google requested to seal these exhibits "in [their] entirety" and the Court found that "Google has not made a particularized showing that all of the information contained therein is 'confidential.'" Sealing Order at 17-22. Accordingly, Google seeks to seal only narrowly tailored portions of those exhibits that reflect the most highly confidential information regarding Google's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Google. Certain exhibits also contain personally identifying information which Google has redacted to protect the privacy of third parties.

#### C. Cisneros Exhibits 173, 616, 1600, 1606, 1609, 1613, 1618, 1625, 1629, 1753, 2425, 2426 and Harvey Exhibit 14

In its Sealing Order, the Court granted Google's sealing requests as to certain exhibits to the Cisneros Declaration and Harvey Declaration (Cisneros Exhibits 173, 616, 1600, 1609, 1613, 1618, 1625, 1629, 1753, 2425, 2426 and Exhibit 14 to the Harvey Declaration) "as to the redacted portions identified by Defendants." Sealing Order at 17:3-4; 20:8-20; 23:27-28.

However, no redacted versions of those exhibits were submitted by Google as part of its original sealing request on May 17, 2013; rather, Google had requested that these exhibits be maintained under seal in their entirety. Declaration of Eric B. Evans, ECF No. 427. Therefore, Google respectfully files narrowly tailored *redacted* versions of those exhibits herewith, which Google respectfully requests this Court to allow to be maintained under seal in *redacted* format. The redacted portions of these exhibits reflect highly confidential information regarding Google's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Google. Certain exhibits also contain personally identifying information which Google has redacted to protect the privacy of third parties.

### D.    Shaver Exhibits E, K and O

The Court denied without prejudice Google's requests to seal Shaver Exhibits E and K and Google's and Apple's requests to seal Shaver Exhibit O (deposition excerpts) as to the redacted portions identified by Google and Apple. Sealing Order at 34-35. Google and Apple now seek to seal only narrowly tailored portions of those exhibits that reflect the most highly confidential information regarding their compensation and recruiting strategies and practices, the public disclosure of which would cause them harm. Certain exhibits also contain personally identifying information which Google has redacted to protect the privacy of third parties.

### E.    Cisneros Exhibit 1130

The Court denied Apple's request to seal Cisneros Exhibit 1130 as to the redacted portions identified by Apple. Sealing Order at 19. These redactions included two specific percentage figures that the Court ordered sealed in Cisneros Exhibit P (deposition excerpts discussing Cisneros Exhibit 1130). Sealing Order at 14. Apple now seeks to seal only these same two percentage figures, which reflect its highly confidential compensation information, the public disclosure of which would cause harm to Apple.

### F.    Cisneros Exhibit 1376

The Court denied without prejudice Apple's request to seal Cisneros Exhibit 1376 as to the redacted portions identified by Apple. Sealing Order at 20. Apple now seeks to seal more

-4-

narrowly tailored portions of the exhibit that reflect the most highly confidential information regarding its recruiting strategies and practices and specific job levels, the public disclosure of which would cause harm to Apple.  This exhibit also contains personally identifying information and contact information which Apple has redacted to protect the privacy of third parties.

### G. Kahn Exhibits 2 and 13

The Court denied without prejudice Apple's requests to seal Kahn Exhibits 2 and 13 (deposition excerpts) as to the redacted portions identified by Apple.  Sealing Order at 29-30. Apple now seeks to seal only narrowly tailored portions of these exhibits that reflect the most highly confidential information regarding its compensation strategies and practices and specific job levels, the public disclosure of which would cause harm to Apple.

### H. Cisneros Exhibits FF, II, JJ

The Court denied without prejudice Intuit's requests to seal Cisneros Exhibits FF, II, JJ (deposition excerpts) as to the redacted portions identified by Intuit.  Sealing Order at 15-16. Intuit now seeks to seal only narrowly tailored portions of those exhibits that reflect the most highly confidential information regarding Intuit's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Intuit.

### I. Brown Exhibit 8

The Court denied without prejudice Intuit's requests to seal Brown Exhibit 8 (deposition excerpts) as to the redacted portions identified by Intuit.  Sealing Order at 26.  Intuit now seeks to seal only narrowly tailored portions of the exhibit that reflect the most highly confidential information regarding Intuit's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Intuit.  This exhibit also contains personally identifying information which Intuit has redacted to protect the privacy of third parties.

### J. Kahn Exhibit 7

The Court denied without prejudice Intuit's requests to seal Kahn Exhibit 7 (deposition excerpts) as to the redacted portions identified by Intuit.  Sealing Order at 29.  Intuit now seeks to seal only narrowly tailored portions of the exhibit that reflect the most highly confidential

information regarding Intuit's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Intuit.

### K. Shaver Exhibit J

The Court denied without prejudice Intuit's requests to seal Shaver Exhibit J (deposition excerpts) as to the redacted portions identified by Intuit. Sealing Order at 359. Intuit now seeks to seal only narrowly tailored portions of the exhibit that reflect the most highly confidential information regarding Intuit's compensation and recruiting strategies and practices, the public disclosure of which would cause harm to Intuit.

### L. Brown Ex. 9

The Court denied without prejudice Intel's requests to seal Brown Declaration Exhibit 9 (deposition excerpts of the deposition of Daniel McKell) as to the redacted portions identified by Intel. Sealing Order at 26. Intel now seeks to seal only narrowly tailored portions of that exhibit that reflect the most highly confidential information regarding Intel's compensation practices, the public disclosure of which would cause competitive harm to Intel. These proposed redactions are consistent with the redactions sought by Intel in connection with the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, and the basis for those propose redactions are set forth in the Declaration of John Mittelbach in Support of Defendants' Joint Administrative Motion to File Under Seal. *See* Dkt. 695-01; Dkt. 657-11 (showing proposed redactions).

### M. Kahn Ex. 8

The Court denied without prejudice Intel's requests to seal Brown Declaration Exhibit 9 (deposition excerpts of the deposition of Daniel McKell) as to the redacted portions identified by Intel. Sealing Order at 29. Intel now seeks to seal only narrowly tailored portions of that exhibit that reflect the most highly confidential information regarding Intel's compensation practices, the public disclosure of which would cause competitive harm to Intel. Certain portions of the exhibit also contain confidential compensation information regarding the deponent, Mr. McKell, which Intel has redacted to protect his privacy. These proposed redactions are consistent with the redactions sought by Intel in connection with the Plaintiffs' Opposition to Defendants' Motion

1  for Summary Judgment, and the basis for those propose redactions are set forth in the
2  Declaration of John Mittelbach in Support of Defendants' Joint Administrative Motion to File
3  Under Seal (Dkt. 695-01). These proposed redactions are consistent with the redactions sought
4  by Intel in connection with the Plaintiffs' Opposition to Defendants' Motion for Summary
5  Judgment, and the basis for those propose redactions are set forth in the Declaration of John
6  Mittelbach in Support of Defendants' Joint Administrative Motion to File Under Seal. *See* Dkt.
7  695-01; Dkt. 657-11 (showing proposed redactions).

### N. **Shaver Ex. F**

The Court denied without prejudice Intel's requests to seal Brown Declaration Exhibit 9 (deposition excerpts of the deposition of Daniel McKell) as to the redacted portions identified by Intel. Sealing Order at 34. Intel now seeks to seal only narrowly tailored portions of that exhibit that reflect the most highly confidential information regarding Intel's compensation practices, the public disclosure of which would cause competitive harm to Intel. Certain portions of the exhibit also contain confidential compensation information regarding the deponent, Mr. McKell, which Intel has redacted to protect his privacy. These proposed redactions are consistent with the redactions sought by Intel in connection with the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, and the basis for those propose redactions are set forth in the Declaration of John Mittelbach in Support of Defendants' Joint Administrative Motion to File Under Seal. *See* Dkt. 695-01; Dkt. 657-11 (showing proposed redactions).

## II. **GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION IN THE SEALED MATERIALS**

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No.

-7-
DEFENDANTS' RENEWED ADMIN. MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS'
SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION;
MASTER DOCKET NO. 11-CV-2509-LHK

C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

The redacted portions of the Sealed Materials contain confidential and commercially sensitive information about employee compensation, including Defendants' compensation data, as well as information that reflects certain Defendants' internal decision-making regarding their business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. Defendants also seek to keep under seal those materials that reflect compensation practices, strategies and policies; recruiting and hiring data, practices, strategies and policies; and personal identifying information of employees or candidates. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

This Court has sealed substantially similar information in this case, including in its recent sealing order dated March 14, 2014.  *See* Order Granting in Part and Denying in Part Motions to Seal dated March 14, 2014 (ECF No. 730); Order Granting in Part and Denying in Part Motions to Seal dated September 30, 2013 (ECF No. 509).  Moreover, as each of the Defendants' separately filed declarations demonstrate, Defendants kept the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants.

A significant portion of the sealed information is employee compensation data. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information.").

Similarly, compensation policies, practices and decisions are routinely subject to a sealing order. *In re Wells Fargo Loan Processor Overtime Pay Litigation*, No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good cause exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business

-9-
DEFENDANTS' RENEWED ADMIN. MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION;
MASTER DOCKET NO. 11-CV-2509-LHK

1  strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor,*
2  *Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz.
3  Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling"
4  reason standard applicable to dispositive motions, including a "spreadsheet tracking information
5  regarding potentially competitive products," and other business strategy documents, such as
6  information relating to "product competitiveness, and market and technological opportunities
7  and risks").

8      Additionally, good cause exists to seal information pertaining to Defendants' recruiting
9  policies and practices that are proprietary business methods and/or trade secrets. This
10 confidential and commercially sensitive business information is non-public and should remain
11 confidential under Rule 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential
12 research, development, or commercial information"); *see also* Cal. Civ. Code § 3426.1(d)
13 (defining trade secrets as information that "(1) Derives independent economic value, actual or
14 potential, from not being generally known to the public or to other persons who can obtain
15 economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable
16 under the circumstances to maintain its secrecy.").

17     Good cause also exists for sealing the identities and personal contact information of
18 specific employees or applicants that are contained in the Sealed Materials. These employees or
19 applicants have not sought to make their identities known or placed in the public record. *Nettles*
20 at *2 (holding that the interests of private parties outweighed the public's right of access with
21 respect to information pertaining to third party salary and employment separation information).

22 **III.    CONCLUSION**

23     For the foregoing reasons, Defendants respectfully request that this Court order the
24 portions of the Sealed Materials identified in each Defendant's declaration to be placed under
25 seal. A proposed order granting Defendants' renewed motion to seal is being filed concurrently
26 herewith. In accordance with this Court's Sealing Order (ECF No. 730 at 36:9-12), Defendants
27 are concurrently filing on ECF sealed versions of the documents sought to be sealed with

1  highlights indicating the proposed redactions and are not submitting any Chambers Copies.

3  Dated:  March 28, 2014        MAYER BROWN LLP

5  By:  */s/ Lee H. Rubin*
     Lee H. Rubin

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557


KEKER & VAN NEST LLP


By:  */s/ Robert A. Van Nest*
     Robert A. Van Nest

Robert A. Van Nest
Daniel Purcell
Eugene M. Paige
Justina Sessions
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendant GOOGLE INC.*

-11-
DEFENDANTS' RENEWED ADMIN. MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS'
SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION;
MASTER DOCKET NO. 11-CV-2509-LHK

| | | |
|---|---|---|
| 1 | Dated:  March 28, 2014 | O'MELVENY & MYERS LLP |

By: _/s/ Michael F. Tubach_
Michael F. Tubach

George Riley
Michael F. Tubach
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys for Defendant APPLE INC.*

Dated:  March 28, 2014            MUNGER, TOLLES & OLSON LLP

By: _/s/ Gregory P. Stone_
Gregory P. Stone

Gregory P. Stone
Bradley S. Phillips
Steven M. Perry
Gregory Sergi
355 South Grande Ave., 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant INTEL CORPORATION*

Dated:  March 28, 2014            JONES DAY

By: _/s/ Robert A. Mittelstaedt_

Robert A. Mittelstaedt
Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Catherine T. Broderick
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939

-12-
DEFENDANTS' RENEWED ADMIN. MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS'
SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION;
MASTER DOCKET NO. 11-CV-2509-LHK

Facsimile: (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

**ATTESTATION**:  The filer attests that concurrence in the filing of this document has been obtained from all signatories.

-13-
DEFENDANTS' RENEWED ADMIN. MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION;
MASTER DOCKET NO. 11-CV-2509-LHK