GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO SEAL FILINGS RELATED TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION** |

I, Christina Brown, declare as follows:

1. I am a member of the Bar of the State of California and a counsel at O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Renewed Administrative Motion to Seal Filings Related to Plaintiffs' Supplemental Motion for Class Certification (ECF No. 773) ("Renewed Motion to Seal"). I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. In accordance with the Court's Order Granting in Part and Denying in Part Motions to Seal dated March 14, 2014 (ECF No. 730) ("Sealing Order"), and as set forth in the Renewed Motion to Seal, Apple seeks to seal only limited portions of the following documents related to Plaintiffs' supplemental class certification motion:

- Exhibits 1130 and 1376 to the Declaration of Lisa J. Cisneros in Support of Plaintiffs' Supplemental Motion for Class Certification (ECF No. 418-2) ("Cisneros Exhibits");

- Exhibits 2 and 13 to the Declaration of Lin W. Kahn in Support of Defendants' Opposition to Plaintiffs' Supplemental Motion for Class Certification (ECF No. 446) ("Kahn Exhibits"); and

- Exhibit O to the Declaration of Anne B. Shaver in Support of Plaintiffs' Reply in Support of Supplemental Motion for Class Certification (ECF No. 456) ("Shaver Exhibits").

I have reviewed these documents, and I believe there is good cause to maintain under seal the portions set forth below. These portions contain and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (ECF No. 107).

3. Apple seeks to redact two specific percentage figures from **Cisneros Exhibit 1130** (231APPLE099371), as reflected in the sealed, highlighted version of the exhibit filed with the Renewed Motion to Seal. These percentage figures reflect Apple's highly confidential and competitively sensitive compensation information, and the Court granted Apple's request to redact the same percentages in Cisneros Exhibit P, deposition excerpts from Ron Okamoto discussing and quoting Cisneros Exhibit 1130. (Sealing Order at 14.)

4. Apple seeks to redact limited portions of **Cisneros Exhibit 1376** (231APPLE039426-28), as reflected in the sealed, highlighted version of the exhibit filed with the Renewed Motion to Seal. These portions disclose Apple's highly confidential and competitively sensitive recruiting strategies and practices and particular job level, an individual's telephone number and passcode, and personal identifying information of a job candidate.

5. Apple seeks to redact limited portions of **Kahn Exhibit 2** (deposition excerpts of Steven Burmeister at 46:1, 46:3-6, 46:9, 46:15-18, 46:24-25, 47:3-7, 48:15-17, 57:22-25, 58:1-11, 64:19-20, 64:22-24, 104:11-22, 104:24-25, 164:9-16, 164:20-25, 165:1-7, 165:10-12, 166:18-19, 166:22, and errata at 106:17-22), as reflected in the sealed, highlighted version of the exhibit filed with the Renewed Motion to Seal. These portions describe Apple's highly confidential and competitively sensitive strategies and practices for determining and adjusting employee compensation, specific job levels, and employee compensation data.

6. Apple seeks to redact limited portions of **Kahn Exhibit 13** (deposition excerpts of Bob Mansfield at 36:1-11), as reflected in the sealed, highlighted version of the exhibit filed with the Renewed Motion to Seal. These portions describe Apple's highly confidential and competitively sensitive strategies and practices for determining and adjusting employee compensation.

7. Apple seeks to redact limited portions of **Shaver Exhibit O** (deposition excerpts of Kathryn Shaw at 148:17-18 and 148:21), as reflected in the sealed, highlighted version of the exhibit filed with the Renewed Motion to Seal. These portions reflect Apple's highly confidential and competitively sensitive strategy for determining employee compensation.

8. As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (ECF No. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (ECF No. 215-4), such information is extremely sensitive, and Apple considers it to be, and treats it as, highly confidential, proprietary, and competitively sensitive. Apple would suffer serious competitive harm if this information were disclosed because its competitors would gain detailed data and insight into its confidential and proprietary employee

1  compensation and recruiting practices and strategies.  Public disclosure of this information would
2  deprive Apple of its investment in developing these strategies and put Apple at a significant
3  disadvantage with respect to recruiting, hiring, and compensating its employees.  Apple would
4  therefore be prejudiced if this information were made available to the general public.

5  9. Because these portions of the documents cannot be publicly disclosed without
6  causing serious harm, as described above, Apple requests that they be maintained under seal and
7  redacted from the publicly-filed versions of the documents.

8  I declare under penalty of perjury under the laws of the United States that the above is true
9  and correct.

10  Executed on March 28, 2014, in San Francisco, California.

12  By:  */s/ Christina J. Brown*
13    Christina J. Brown