KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**DEFENDANTS' JOINT RENEWED MOTION TO SEAL MATERIALS IN CONNECTION WITH SUMMARY JUDGMENT AND DAUBERT MOTIONS AND DEFENDANTS' MOTION TO STRIKE** |

Pursuant to Local Rule 7-11 and 79-5, defendants Adobe Systems, Inc., Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm Ltd., and Pixar (collectively, "Defendants") hereby provide a renewed motion to seal materials filed in connection with the parties' motions for summary judgment, *Daubert* motions, and Defendants' Joint Motion to Strike the Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report. During the March 27, 2014 Case Management Conference, Defendants offered to re-visit the instant sealing requests in light of the Court's ruling on requests to seal materials in connection with Plaintiffs' Supplemental Motion for Class Certification [Dkt. 730]. The Court accordingly denied Defendants' pending sealing requests without prejudice. [Dkt. 768].

Defendants hereby jointly move to seal redacted portions of materials filed in connection with the following motions:

1. Notice of Motion and Motion by Intel Corporation for Summary Judgment Pursuant to Fed. R. Civ. Pro. 56 [Dkt. 554];
2. Defendants' Joint Notice of Motion and Motion for Summary Judgment based on Motion to Exclude Testimony of Dr. Edward E. Leamer, Ph.D. [Dkt. 556];
3. Defendants' Joint Notice of Motion and Motion to Strike the Improper Rebuttal Testimony in Dr. Leamer's Reply Expert Report [Dkt. 557];
4. Defendants' Notice of Motion and Joint Motion to Exclude the Expert Testimony of Matthew Marx, Ph.D. [Dkt. 559];
5. Defendant Adobe's Motion for Summary Judgment [Dkt. 560];
6. Defendant Apple Inc.'s Notice of Motion and Motion for Summary Judgment [Dkt. 561];
7. Defendant Google Inc.'s Notice of Motion and Motion for Summary Judgment [Dkt. 564];
8. Plaintiffs' Notice of Motion and Motion to Exclude Expert Testimony Proffered by Defendants [Dkt. 565];
9. Defendants' Notice of Motion and Joint Motion to Exclude the Expert Testimony of Edward E. Leamer, Ph.D. [Dkt. 570].

The redacted information has been designated Confidential or Attorneys' Eyes Only under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107). Defendants are

1 concurrently filing a proposed order listing each document sought to be redacted and the specific
2 support for each request.

## I.     LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Courts have found that "[o]ne factor that weighs in favor of sealing documents [under the compelling reasons standard] is when the release of the document will cause competitive harm to a business." *Apple v. Samsung*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013); *Apple Inc. v. PsystarCorp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"). Moreover, the release of trade secrets constitutes "compelling reasons" sufficient to outweigh the public's interest in disclosure. *Samsung*, 727 F.3d at 1221-22.

## II.    COMPELLING REASONS EXIST TO SEAL CONFIDENTIAL INFORMATION SUBMITTED IN CONNECTION WITH THE SUMMARY JUDGMENT, DAUBERT, AND MOTION TO STRIKE FILINGS.

The redacted portions of the materials Defendants seek to seal contain highly confidential and commercially sensitive information about employee compensation, including Defendants' compensation data as well as information that reflects Defendants' internal business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. Defendants also seek to keep under seal materials that reflect confidential hiring data, which reveal confidential recruiting and hiring strategies, practices, and policies. Defendants further seek to keep under seal information in business contracts which

815789.01

reflect internal business strategies, policies, and practices.  Finally, defendants seek to keep under seal the personal identifying or private information of employees and third parties.  Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

As the accompanying declarations demonstrate, Defendants keep the sealed information confidential and the public disclosure of certain information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants.

This type of information is regularly sealed because disclosure could cause competitive harm.  *See, e.g., Rich v. Shrader*, No. 09CV652, WL 6028305, at *3-4 (S.D. Cal. Nov. 13, 2013) (granting motion to seal deposition testimony attached to summary judgment motion that contains "information on Booz Allen compensation policies" and "internal policies and controls with regards to employee performance and review"); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (sealing "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses" under the compelling reasons standard); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (sealing summary judgment materials that discuss "confidential salary information"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under compelling reasons standard, including business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Moreover, the redacted information constitutes trade secrets, defined as "any formula,

3
DEFENDANTS' JOINT RENEWED MOTION TO SEAL
Case No. 5:11-cv-2509-LHK

815789.01

pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Samsung*, 727 F.3d at 1221-22. As evidenced by the accompanying declarations, the information Defendants seek to seal relate to Defendants' internal business practices and strategies used in compensating, recruiting, and hiring employees, as well as the confidential terms of business agreements. This falls plainly within the trade secrets definition. *Id.*; *see also In re Electronic Arts, Inc.*, 298 F. App'x. 568, 569-70 (9th Cir. 2008).

Further, specific employee salary information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 WL 3155900, at *1 n.1 (W.D. Okla. Aug. 09, 2010) (noting that portions of summary judgment materials were filed under seal because they contained "confidential salary information"). In addition, personal identifying information of third-party employees should be sealed because they have not sought to make their identities known or placed in the public record. *Nettles* at *2 (holding that the interests of private parties outweighed the public's right of access with respect to information pertaining to third party salary and employment separation information).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order the above-referenced materials be placed under seal.

815789.01

| | | |
|---|---|---|
| Dated: April 10, 2014 | | KEKER & VAN NEST LLP |
| | By: | /s/ *Robert A. Van Nest* |
| | | Robert A. Van Nest |
| | | Daniel Purcell |
| | | Eugene M. Paige |
| | | Justina Sessions |
| | | Cody Harris |
| | | 633 Battery Street |
| | | San Francisco, CA 94111 |
| | | Telephone: (415) 391-5400 |
| | | Facsimile: (415) 397-7188 |
| Dated: April 10, 2014 | | MAYER BROWN LLP |
| | By: | */s/ Lee H. Rubin* |
| | | Lee H. Rubin |
| | | Edward D. Johnson |
| | | Donald M. Falk |
| | | Two Palo Alto Square |
| | | 3000 El Camino Real, Suite 300 |
| | | Palo Alto, CA 94306-2112 |
| | | Telephone: (650) 331-2057 |
| | | Facsimile: (650) 331-4557 |
| | | *Attorneys for Defendant GOOGLE INC.* |
| Dated: April 10, 2014 | | O'MELVENY & MYERS LLP |
| | By: | /s/ *Michael F. Tubach* |
| | | Michael F. Tubach |
| | | George Riley |
| | | Christina J. Brown |
| | | Two Embarcadero Center, 28th Floor |
| | | San Francisco, CA 94111 |
| | | Telephone: (415) 984-8700 |
| | | Facsimile: (415) 984-8701 |
| | | *Attorneys For Defendant APPLE INC.* |

| | | | |
|---|---|---|---|
| 1 | Dated: | April 10, 2014 | JONES DAY |

By: /s/ *David C. Kiernan*
David C. Kiernan

Robert A. Mittelstaedt
Lin W. Kahn
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: April 10, 2014    JONES DAY

By: */s/ Robert A. Mittelstaedt*
Robert A. Mittelstaedt

Robert A. Mittelstaedt
Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Catherine T. Zeng
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

Dated: April 10, 2014    MUNGER TOLLES & OLSON LLP

By: */s/ Gregory P. Stone*
Gregory P. Stone

355 South Grand Avenue, 35th Floor
Los Angles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant INTEL CORPORATION*

6
DEFENDANTS' JOINT RENEWED MOTION TO SEAL
Case No. 5:11-cv-2509-LHK

815789.01

Dated: April 10, 2014

COVINGTON & BURLING LLP

By: */s/ Emily Johnson Henn*
Emily Johnson Henn

Emily Johnson Henn
333 Twin Dolphin Drive, Suite 700
Redwood City, CA 94065
Telephone: (650) 632-4700

*Attorneys for Defendants PIXAR and LUCASFILM LTD.*

**ATTESTATION**: The filer attests that concurrence in the filing of this document has been obtained from all signatories.