# EXHIBIT 5

*Objection 5*

## Objection and Notice of Intention to Appear
From: Conrad Minshall
Sent: Wed, Mar 26, 2014 at 6:34 pm
To: info@hightechemployeelawsuit.com

signature.asc (< 1 KB)

To:

**Claims Adminstrator, in re High Tech Employee Antitrust Litigation**

From:

**Conrad Minshall
1080 Queensbrook Dr, San Jose CA 95129
408-832-4741
conrad@mac.com
Claim# D4KSSJ1**

By this email I am lodging Objection and Comment to both proposed settlements.

I have never previously objected, nor am I aware of anyone objecting on my behalf, to any proposed class action settlement.

I am a member of the class, having worked as a Software Engineer and Manager of a group of Software Engineers at Apple from June 1991 through December 2005.

I hope to speak at the Fairness Hearing. This is my Notice of Intention to Appear in *In re: High-Tech Employee Antitrust Litigation*

Below are objections I wish to raise now. (I might add to these if I can attend the hearing.)

1) Insufficient information has been provided for class members to assess whether the 9 and 11 million dollar settlements are fair. I'm no lawyer, but I imagine that discovery must have produced hard data on salary baselines, and that this (and other data) feed into the calculations. The underlying hard data and how it results in these two settlement numbers needs to be made available for our assessment. With the current opacity, I could not tell if the settlement is unfair by an order of magnitude or more. Give us something to evaluate, please.

2) The punishment (settlement $) must not be based merely upon damages to the currently defined class members. There was such a large number of high tech employees in this set of companies that there will have been a "halo effect" in the local (at least) high tech labor market. Ripple effects are in the nature of markets, and I expect that experts in labor economics could make a good estimate of the larger impact.

3) The settlement proposes to pro-rate individual distributions based upon base salary paid in **Class Positions**, but that term is not defined. In this objection I presume Class Position encompasses only employment at one of the defendant corporations, rather than high-tech employment in general. If that is the case, then that is unfair to those employees who were the most impacted, namely the employees who joined or departed a defendant corporation during the Class Period. Employees who did not change jobs will certainly have had their salaries depressed, but there is an additional impact to those who had their job-transition raises limited, as those are when engineers get their largest salary growths. Note this objection is personal for me: as soon as I left Apple and joined NetApp in January 2006 I was the target of Google "cold call" recruiting, and have been ever since. Google was/is higher status for a resume, so in addition to the likely base salary increase of having another company bidding for me, a secondary career impact is also likely.

Thank you for your attention.

Conrad Minshall