KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
CODY HARRIS -# 255302
charris@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
GOOGLE, INC.

[Additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**DEFENDANTS' JOINT MOTIONS IN LIMINE** |

815917

# TABLE OF CONTENTS

**Page**

Motion in Limine No. 1 – Exclusion of References to DOJ Investigation .....................................1

Motion in Limine No. 2 – Exclusion of Individual Class Members' Possible Damage
    Awards ..............................................................................................................................3

Motion in Limine No. 3 – Exclusion of Evidence Regarding Non-Class-Members .......................3

Motion in Limine No. 4 – No Argument or Suggestion that Bilateral Agreements or
    Unilateral Conduct Were Unlawful .................................................................................5

Motion in Limine No. 5 – No Argument that Uncharged Recruiting Agreements or
    Policies Were in Furtherance of the Alleged Overarching Conspiracy .............................7

Motion in Limine No. 6 – Exclusion of Evidence Relating to Steve Jobs's Character ..................9

Motiion in Limine No. 7 – Exclusion of Evidence Relating to Co-Defendant Settlements ..........10

Motion in Limine No. 8 – Exclusion of Evidence Relating to Defendants' Financial
    Resources ........................................................................................................................12

Motion in Limine No. 9 – Exclusion of References to Non-Class-Members' Wealth or
    Compensation .................................................................................................................13

Motion in Limine No. 10 – Exclusion of Pixar and Lucasfilm Statements ...............................15

815917

1   Defendants Apple, Inc., Google, Inc., Intel Corporation, and Adobe Inc. (collectively,

2   "Defendants") hereby respectfully request the following orders *in limine*:

3   **Motion in Limine No. 1 – Exclusion of References to DOJ Investigation**

4   Defendants request an *in limine* order excluding evidence of, and references to, the DOJ

5   investigation, including the complaint, civil investigative demands, consent decree and

6   competitive impact statement.  It is well settled that a consent judgment between a federal agency

7   and a corporation that is not the result of an actual adjudication of the issues is inadmissible in a

8   subsequent private lawsuit.  *See*, *e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893

9   (2d Cir. 1976).  The Clayton Act expressly provides that a consent decree entered in a

10  government antitrust proceeding before testimony has been taken, as here, may not be used as

11  prima facie evidence of a violation, 15 U.S.C. § 16(a), and courts have consistently interpreted

12  this provision to exclude any evidence of, or reference to, a consent decree at all stages of private

13  antitrust litigation.  *See*, *e.g.*, *Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft*, 555 F.

14  Supp. 824, 826 (D. Md. 1983); *Cinema Serv. Corp. v. Twentieth Century-Fox Film Corp.*, 477 F.

15  Supp. 174, 178 (W.D. Pa. 1979) (citing cases) (granting partial summary judgment because prior

16  consent decree would not be admissible at trial).  Because unlitigated consent decrees are like

17  pleas of nolo contendere which are inadmissible under Federal Rule of Evidence 410, "not true

18  adjudications of the underlying issues," such decrees are inadmissible for any purpose.  *Lipsky*,

19  551 F.2d at 893-94; *City of Burbank v. Gen. Elec. Co.*, 329 F.2d 825 (9th Cir. 1964) (analogizing

20  consent decrees and nolo contendere pleas for evidentiary purposes and therefore holding the

21  latter inadmissible in a private treble damages suit).  This blanket prohibition furthers Congress's

22  goal of encouraging use of consent decrees.  *Metrix Warehouse*, 555 F. Supp. at 826.

23  For the same reasons that a consent decree is inadmissible, so too is the complaint that

24  preceded it.  *Lipsky*, 551 F.2d at 894.  The Clayton Act further provides that competitive impact

25  statements "shall not be admissible against any defendant in any action or proceeding brought by

26  any other party against such defendant under the antitrust laws."  15 U.S.C. § 16(h); *see United

27  States v. Microsoft Corp.*, 215 F. Supp. 2d 1, 9 n.7 (D.D.C. 2002).  Both the competitive impact

28  statement and the DOJ complaint are also inadmissible because they are hearsay.  Fed. R. Evid.

802; *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1087 n.55 (C.D. Cal. 2005); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 499 (D. Del. 2005).

The Court should also preclude all evidence of and references to the existence of an investigation.  Allowing even a passing reference to the investigation would undermine the statutory exclusions and unfairly prejudice Defendants.  Fed. R. Evid. 403.  Courts routinely exclude references to antitrust consent decrees because such evidence "can have no real purpose except to prejudice the defendant before a jury." *Cinema Serv. Corp.*, 477 F. Supp. at 178.  "The general rule is that a consent judgment in a prior civil case, *or any evidence thereof*, is not admissible in a private antitrust suit." *Metrix Warehouse*, 555 F. Supp. at 825-26 (emphasis added).  To admit evidence of the DOJ investigation for any purpose would be unduly prejudicial because the jury might incorrectly assume Defendants have admitted to or been found guilty of antitrust violations.  The decree explicitly states, "[T]his Final Judgment does not constitute any admission by the Defendants that the law has been violated or of any issue of fact or law, other than that the jurisdictional facts as alleged in the Complaint are true." *United States v. Adobe Sys. Inc., et al.*, No. 10-cv-1629, Final Judgment (Dkt. 17) at 1 (D.D.C. Mar. 17, 2011); *United States v. Lucasfilm Ltd.*, No. 10-cv-02220, Proposed Final Judgment (Dkt. 6-1) at 1 (D.D.C. May 9, 2011).  The Ninth Circuit has recognized the propriety of excluding evidence of consent decrees containing such a recitation.  *See Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982).

Any reference to the DOJ investigation would also confuse the jury.  If told of the investigation, the jury would necessarily need to hear evidence that the DOJ conducted a full investigation but did *not* allege the "overarching conspiracy" Plaintiffs allege here, and that Defendants consented to the decree only as part of a settlement "without trial or adjudication of any issue of fact or law." *Adobe Sys.*, Final Judgment at 1; *Lucasfilm Ltd.*, Proposed Final Judgment at 1.  Thus, allowing Plaintiffs to refer to the DOJ proceedings would create an unnecessary and confusing sideshow that would distract from the question of whether Plaintiffs can prove, by *admissible* evidence, the overarching conspiracy they have alleged.

To the extent Plaintiffs argue that they will not offer such evidence for its truth but for

815917

some other reason, such as to show when or why the bilateral agreements ended, the court should find that, even assuming the evidence would be probative on such collateral issues, any probative value is easily outweighed by the potential for unfair prejudice on the question of liability.  *See Metrix*, 555 F. Supp. at 826 (holding that very limited probative value of consent decree with respect to cessation of defendant's conduct was outweighed by prejudicial effect).

## Motion in Limine No. 2 – Exclusion of Individual Class Members' Possible Damage Awards

Defendants request an *in limine* order precluding Plaintiffs from making any statement or otherwise presenting or eliciting any evidence, testimony or argument regarding the amount of damages any individual class member might recover.  Plaintiffs have no evidence to support such an argument.  Plaintiffs' damages expert, Dr. Leamer, has testified repeatedly and unequivocally that he has no method for calculating damages for any individual.  Leamer Dep. (Attached as Exhibit F to Declaration of Justina K. Sessions in Support of Defendants' Motions in Limine ("Sessions Decl.")) 957:12-18 ("Q:  So your model cannot be correctly applied to determine the alleged damages for any individual?  A:  That's correct…"); *id.* at 1019:13-18 ("I said that the model that I've estimated, that I've presented, is inappropriate for computing damages on an individual-by-individual basis."); *see also id.* at 23:23-24:7; 57:5-11; 398:21-399:11; 954:2-4.  This Court agreed that Dr. Leamer's model "cannot estimate damages on an individual basis."  Order Granting in Part, Denying in Part Motion for Class Certification, April 5, 2013 (Dkt. 383) at 44.  Nor have Plaintiffs ever presented any other theory or methodology for determining the impact on any class member or the damages any individual might recover.

Given this lack of evidence, any statements about what damages individual class members might receive would be pure speculation and prejudicial.  Fed. R. Evid. 403.  Plaintiffs should not be permitted to make such arguments to the jury.  *See Maricopa Cty. v. Maberry*, 555 F.2d 207, 217 n.14 (9th Cir. 1977) (counsel shall not state or allude to any matter "not supported by admissible evidence") (quoting ABA Code of Professional Responsibility (DR-7-106)).

## Motion in Limine No. 3 – Exclusion of Evidence Regarding Non-Class-Members

Defendants request an *in limine* order precluding Plaintiffs from presenting or eliciting

815917

any evidence, testimony or argument regarding the recruiting, hiring, or compensation of non-class-members.  This Court certified a class consisting of "all natural persons who work in the technical, creative, and/or research and development fields that are employed on a salaried basis in the United States" by one or more Defendants during various periods of time.  Order Granting Pls.' Supp. Mot. for Class Cert. (Dkt. 531) at 10-11, 86.  Excluded from the class are "retail employees, corporate officers, members of the board of directors, and senior executives of all Defendants."  *Id.*  The class definition expressly delineates the boundaries of the class and the claims, issues, and potential recovery in this case.  *See* Fed. R. Civ. P. 23(c)(1)(B).  Consequently, Plaintiffs should be precluded from presenting or eliciting any evidence, testimony or argument regarding the following subjects because they do not pertain to class members:

- Defendants' compensation policies, practices, or strategies specific to locations outside of the United States;

- Defendants' recruiting and hiring policies, practices, or strategies specific to locations outside of the United States;

- Evidence related to the compensation, recruiting, or hiring of employees specific to locations outside of the United States.

- Evidence related exclusively to non-technical, creative, and/or research and development employees; and

- Evidence related exclusively to retail employees, corporate officers, members of the board of directors, and/or senior executives;

Evidence relating solely to non-class members is irrelevant and thus, excludable under Federal Rules of Evidence 401 and 402.  *See, e.g., In re Seroquel Prods. Liab. Litig.*, 6:06-MD-1769-Orl-22DAB, 2009 WL 223140, at * 2-5 (M.D. Fl. Jan. 30, 2009) (excluding evidence regarding non-plaintiffs as irrelevant); *In re Southeastern Milk Antitrust Litig.*, 2:08-MD-1000, 2011 WL 2749579, at *3 (E.D. Tenn. July 14, 2011) (evidence of damages suffered by non-class members is irrelevant).  Moreover, any purported probative value would be substantially outweighed by the risk of unfair prejudice, confusing and misleading the jury, and undue delay.  Fed. R. Evid. 403.  Evidence regarding Defendants' compensation and recruiting practices

815917

outside of the United States and evidence relating solely to non-class members would divert the jury's attention from evidence directly relevant to class members and lead to mini-trials on irrelevant matters.  *See, e.g., Negrete v. Allianz Life Ins. Co.*, CV 05-6838 CAS, 2013 WL 6535164, at *1, 14-15 (C.D. Cal. Dec. 9, 2013) (any minimal relevance of evidence regarding products outside the class definition was substantially outweighed by the danger of prejudice and confusion of the issues; "Trial courts may 'exercise discretion in the conduct of the trial, to prevent a time-consuming series of mini-trials.'") (quoting *Blackie v. Barrack*, 524 F.2d 891, 906 (9th Cir. 1975)).  In addition, by agreement of the parties, there was no discovery regarding non-U.S. employees.  It would be unfair and prejudicial to allow Plaintiffs to present evidence on an incomplete discovery record to the jury.  Thus, Plaintiffs should not be permitted to present evidence or argument on the above identified subjects.

## Motion in Limine No. 4 – No Argument or Suggestion that Bilateral Agreements or Unilateral Conduct Were Unlawful

Defendants request an *in limine* order excluding Plaintiffs' counsel or their experts from arguing or suggesting that bilateral agreements (for example, bilateral agreements between two defendants, a defendant and a non-defendant, or two non-defendants), or any other uncharged conduct is unlawful or illegal, or words to similar effect.  Similarly, Defendants move to exclude witness testimony that characterizes any such conduct by Defendants as unlawful or illegal.

Plaintiffs allege a single overarching conspiracy among seven companies.  This is clear from the complaint, Plaintiffs' class certification motions, expert reports, and summary judgment opposition and counsel's representations during oral arguments.  The alleged single overarching conspiracy, rather than separate bilateral agreements, was the basis for class certification.  At trial, the jury will not be asked to determine whether the Adobe/Apple bilateral agreement, or any other bilateral agreement, would be unlawful in and of itself, without regard to the unitary overarching conspiracy alleged by plaintiffs.  Nor will the jury be asked to determine whether any other conduct not charged in plaintiffs' complaint would be unlawful.  Thus, Plaintiffs' counsel should be precluded from arguing or suggesting that a bilateral agreement  or other uncharged conduct is unlawful because such statements are irrelevant.  Fed. R. Evid. 401, 402.

Any purported relevance would be substantially outweighed by the risk of jury confusion and undue prejudice to defendants. *Cf.* Fed. R. Evid. 403. References to the alleged illegality of bilateral agreements run the risk of misleading the jury into believing, wrongly, that the bilateral agreements themselves, in the absence of the alleged overarching conspiracy, may form a basis for liability. Indeed, it will be confusing enough for the jury to understand that they must focus on the single alleged conspiracy among seven companies given that the evidence relates to a number of agreements between pairs of companies. The subtle distinction between the two concepts will easily be lost on lay persons. The confusion will only be compounded if Plaintiffs are allowed to refer to the bilateral agreements as unlawful or illegal. The same applies to other uncharged conduct. The substantial risk of confusion shows not only the need for clear jury instructions, but also why references to any uncharged conduct as unlawful or illegal must be forbidden. *See, e.g.*, *Southeastern Milk Antitrust Litig.*, 2011 WL 2749579, at *8 (excluding statements during trial that a merger was illegal because plaintiffs did not challenge the legality of the merger itself, claiming instead that the merger was a step in furtherance of defendants' conspiracy); *Easley v. Am. Greetings Corp.*, 158 F.3d 974, 976-77 (8th Cir. 1998) (affirming district court's exclusion of evidence that would encourage the jury to grant relief on grounds other than the conduct plaintiff was suing for).

In addition, no lay or expert witness should be permitted to refer to Defendants' conduct as unlawful, illegal, or conspiratorial because none of the disclosed witnesses are qualified to opine on the legality of defendants' conduct.[1] Dr. Leamer has repeatedly referred to Defendants' conduct as illegal in his expert reports and testimony, but he admitted during deposition that he has no basis or expertise for that characterization. Leamer Dep. at 933:22-934:24 ("Q. You have no basis to opine whether these do not cold-call agreements were legal or illegal, do you? A. That's correct. . . . And if you prefer, I won't refer to them as illegal anymore."). Plaintiffs'

---

[1] *See, e.g.*, *Foster v. Gigli*, -- Fed. App. ---, No. 13-2518 2014 WL 243243, at *2 (7th Cir. Jan. 23, 2014) (affirming exclusion of testimony by lay witness that arrest was illegal); *Rosebrock v. Beiter*, CV 10-01878 SJO, 2011 U.S. Dist. LEXIS 61758, at *9 (C.D. Cal. May 26, 2011) ("Lay witnesses may not provide legal conclusions."); *G. v. Hawaii*, 703 F. Supp. 2d 1112, 1128 (D. Hawaii 2010) ("[e]xpert's [sic] may not offer opinions on a purely legal issue"); *Quagliarello v. Dewees*, 802 F. Supp. 2d 620, 624 (E.D. Penn. 2011) ("An expert's 'opinion on a question of law' is not admissible") (citation omitted).

expert Dr. Matthew Marx has also acknowledged he has no basis to, and was not asked to, opine about the legality of Defendants' conduct.  Marx Dep. at 35:18-36:5 ("I'm not a lawyer and I don't think my charge was to determine whether actions were illegal or not.").  No other lay or expert witness has any basis for drawing that conclusion either.

**Motion in Limine No. 5 – No Argument that Uncharged Recruiting Agreements or Policies Were in Furtherance of the Alleged Overarching Conspiracy**

Defendants request an *in limine* order barring Plaintiffs and their witnesses from stating in the presence of the jury that any recruiting-related agreements other than the six identified in Plaintiffs' Consolidated Amended Complaint (Dkt 65) ("CAC") were in furtherance of the alleged overarching conspiracy.  This request is based on the following undisputed facts:

a)   The CAC identifies six agreements that were purportedly in furtherance of the alleged overarching conspiracy:  CAC, ¶¶ 55-108 (identifying agreements between Pixar/Lucasfilm; Apple/Adobe; Pixar/Apple; Google/Apple; Intel/Google; and Intuit/Google).

b)   At the close of discovery, Plaintiffs served interrogatory responses confirming that these same six agreements constituted all of the agreements at issue.  Pls.' Supp. Responses to Interrogs. May, 24, 2013; Pls.' Answers & Objections to Interrogs. June 7, 2013.[2]

c)   Plaintiffs' experts did not claim in their reports that any additional agreements furthered the alleged overarching conspiracy, and Dr. Leamer's regression analyses are premised solely on the six agreements listed above.

d)   In opposing the Defendants' motions for summary judgment, Plaintiffs repeatedly relied upon "*six* identical, secret-anti-solicitation agreements . . .," not seven, eight, ten, or some greater number.  Opp. Brief (Dkt 603) at 24:15-19; 25:3-4; 33:17-18 (emphasis added).  *See also id.* at 5:5 and 5:10 (quoting the Court's prior references to "six bilateral agreements.").

e)   The Court noted at the hearing on Defendants' motion to exclude Dr. Leamer's testimony that the Defendants' internal documents refer to numerous "do not cold call" and "hands-off" agreements or policies in addition to the six agreements identified in the CAC and in

---

[2] Attached as Exhibits A and B to the Declaration of Steven M. Perry in Support of Intel Corporation's Motion for Summary Judgment (Dkt. 555).

815917

1    Plaintiffs' interrogatory responses.  March 27, 2014 Hrg. Tr. at 36:20-37:4.  In response to the

2    Court's inquiry, Plaintiffs' counsel identified no additional agreements that were supposedly in

3    furtherance of the alleged overarching conspiracy.  *Id*. at 37:7-40:22.

4          Defendants have prepared for trial based on Plaintiffs' representations in their interrogatory

5    responses and the CAC.  Any argument or testimony in the presence of the jury that *more* than six

6    bilateral agreements were in furtherance of the alleged conspiracy would therefore substantially

7    prejudice Defendants.  Defendants would face the abrupt need to present a defense regarding

8    whatever additional agreement(s) Plaintiffs identified.  At a minimum, Defendants would need to

9    supplement their witness lists and exhibit lists in the midst of trial and would seek leave to present

10   new opinion testimony regarding the newly identified agreement(s) that were supposedly in

11   furtherance of the overarching conspiracy.  Defendants would likely also move to exclude Dr.

12   Leamer's testimony and analyses as irrelevant to Plaintiffs' modified claim.  Plaintiffs' brief in

13   opposition to Defendants' motion to exclude Dr. Leamer's testimony explained that Leamer's

14   analyses did *not* need to take into account the impact of non-charged agreements because any such

15   agreements were not "of the same effect, scope, terms and duration as the 'unlawful' conduct."

16   Plaintiffs' Opp. to Defendants' Motion To Exclude Testimony of Edward E. Leamer (Dkt 604) at

17   12:7-11.  Any attempt by the Plaintiffs to add one or more additional agreements to the six upon

18   which Dr. Leamer's analyses are based would render these analyses irrelevant and inadmissible.[3]

19         Defendants would also suffer prejudice if Plaintiffs' counsel or witnesses were allowed to

20   suggest to the jury that the six identified bilateral agreements were merely the tip of a much larger

21   iceberg of agreements in furtherance of the alleged overarching conspiracy.  That prejudice would

22   not be cured even if the Court were to strike the argument or testimony.  *See generally* Rutter

23   Group Practice Guide: Federal Civil Trials & Evidence (2013 ed.) at 4:310-319 (describing

24   advantages of *in limine* rulings that "minimize conferences and disruptions at trial," "avoid[] the

---

[3]  Defendants do not seek to exclude all evidence regarding the existence of non-charged recruiting
restrictions, which are cited in many of the trial exhibits designated by Plaintiffs and by Defendants
and which are relied upon by the parties and their experts as relevant to, *inter alia*, the issue of
antitrust impact.  Instead, this motion is narrowly targeted at precluding argument and testimony
that—contrary to the CAC and Plaintiffs' interrogatory responses—any non-charged recruiting
agreement was in furtherance of the alleged conspiracy.

815917

1    necessity of having to object in front of the jury," and "avoid the obviously futile attempt to

2    'unring the bell' when highly prejudicial evidence is offered and then stricken at trial.").

3    **Motion in Limine No. 6 – Exclusion of Evidence Relating to Steve Jobs's Character**

4        Defendants request an *in limine* order excluding hearsay statements about Steve Jobs and

5    opinion evidence concerning his character.  During discovery and pre-trial briefing, Plaintiffs

6    repeatedly referenced negative hearsay statements about Mr. Jobs.  For example, Plaintiffs

7    questioned deponents about a Dan Lyons blog (Dep. Ex. 449) and quoted from Walter Isaacson's

8    biography in their summary judgment opposition (Dkt. 603 at 8).  This evidence is inadmissible

9    because it is hearsay and improper character evidence.

10       Mr. Lyons's blog and Mr. Isaacson's biography, as well as similar books and articles

11   Plaintiffs may offer, are, when offered for their truth, inadmissible hearsay.[4]  Statements in these

12   sources attributed to specific persons would be at least double hearsay—for example, Mr.

13   Isaacson's out-of-court statement (the book) recounting an out-of-court statement purportedly

14   made to him by a third party.  Rules 802 & 805.  Statements attributed to Mr. Jobs in such

15   writings are also inadmissible.  Even if such statements would have been admissible under Rule

16   801(d) (opposing party's statements) if offered by a live witness, they are inadmissible hearsay as

17   text in a book or blog.  *See Larez*, 946 F.2d at 642; *Apple Inc. v. Motorola, Inc.*, No. 11-cv-08540,

18   Order (Dkt. 980) (N.D. Ill. May 31, 2012) (excluding as hearsay blogs about and purporting to

19   quote Mr. Jobs) (Sessions Decl. Ex. A).

20       Plaintiffs should also not be permitted to present evidence regarding a witness's opinion

21   of Mr. Jobs's character.  Mr. Jobs's character has no bearing on whether any Defendant entered

22   into an illegal conspiracy to suppress wages or whether class members suffered damages.  Fed. R.

23   Evid. 402.  Plaintiffs' only purpose for offering this testimony would be improper—to cast Mr.

24   Jobs in a bad light.  Rule 404(a) bars Plaintiffs' attempt to introduce evidence that Mr. Jobs was

25   allegedly "mean" or "a bully" and acted in accordance with that character in reaching no-cold-call

---

[4] *See Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991); *United States v. Resnick*, 594 F.3d 562, 570 n.4 (7th Cir. 2010) (book excerpts "certainly hearsay"); *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 WL 1709050, at *15 n. 16 (N.D. Cal. June 19, 2009) (book about Oracle and its CEO inadmissible hearsay); *Kodrea v. City of Kokomo*, 458 F. Supp. 2d 857, 862 (S.D. Ind. 2006) (newspaper articles inadmissible hearsay).

815917

agreements.  *See United States v. Curtin*, 489 F.3d 935, 942 (9th Cir. 2007) ("Rule 404(a) bans the use of 'character' evidence to prove action 'in conformity therewith on a particular occasion.'").  Rule 404(a) excludes this type of evidence for good reason:

> Character evidence is of slight probative value and may be very prejudicial.  It tends to distract the trier of fact from the main question of what actually happened on the particular occasion.  It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981) (quoting Fed. R. Evid. 404, Advisory Committee Notes on Proposed Rule).  Excluding character evidence prevents the risk that the jury will punish Defendants "despite what the evidence in the case shows actually happened." *Id.*; *see also United States v. Whittington*, 26 F.3d 456, 466 (4th Cir. 1994) (testimony that defendant had conducted her affairs "like a rat or a snake" was improperly admitted character evidence).  Moreover, the prejudicial impact of this evidence substantially outweighs its slight probative value.  Fed. R. Evid. 403.  *See also Apple Inc. v. Samsung Elecs. Co.*, No. C-11-01846 LHK, Hrg. Tr. at 134 (Dkt. 1272) (N.D. Cal. July 18, 2012) (Attached as Sessions Decl. Ex. D) and Order (Dkt. 1267) (N.D. Cal. July 19, 2012) (excluding evidence and testimony about Mr. Jobs under Rules 402 and 403) (Attached as Sessions Decl. Ex. C); *Apple Inc. v. Motorola Inc.*, No. 11-cv-08540, Hrg. Tr. at 55 (Dkt. 1272) (N.D. Ill. May 31, 2012) (excluding any reference to Isaacson biography) (Attached as Sessions Decl. Ex. B).

Defendants do not seek to exclude evidence of Mr. Jobs's interactions with other witnesses regarding no-cold-call agreements.  But free-floating character assassination is improper, and Plaintiffs should not be allowed to engage in it in this trial.

**Motiion in Limine No. 7 – Exclusion of Evidence Relating to Co-Defendant Settlements**

Defendants request an order *in limine* precluding Plaintiffs from introducing any evidence or argument at trial concerning their individual settlements with Pixar, Lucasfilm, and Intuit (or any subsequent settlements).  The settlements are not probative of any issue in this case.  Mentioning the settlements risks unfair prejudice to Defendants because jurors may think that Pixar, Lucasfilm, or Intuit acknowledged liability (which they did not), or conceded the existence of a conspiracy (which they did not), or that the settlements somehow lend credence to Plaintiffs'

1    claims.  Referencing the settlements may also lead jurors to speculate as to the amount of those

2    settlements and improperly adjust their damages assessment, if any.

3         Federal Rule of Evidence 408 prohibits the admission of evidence of settlement

4    agreements to prove the validity or amount of a disputed claim.  This prohibition applies to

5    settlements between a party and third-party.  *See, e.g.*, *Portugues-Santana v. Rekomodiv Int'l*, 657

6    F.3d 56, 63 (1st Cir. 2011).  Plaintiffs may argue that evidence of the settlements is admissible for

7    another purpose: to inform the jury why Lucasfilm, Pixar, and Intuit are not present at trial.  But

8    regardless of the purpose for which evidence of the settlements is proffered, it is highly likely that

9    the jury will speculate and consider it for the purposes prohibited by Rule 408.  "[I]t is

10   undoubtedly possible that the jury [could] confuse[ ] its purpose for that precluded by Rule 408."

11   *Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501, 504 (5th Cir. 1989).  Accordingly, even when the

12   evidence is offered for another purpose, where, as here, "the possibility of jury confusion

13   substantially outweighs the probative value of the evidence," the evidence should be excluded

14   under Rule 403.[5]  *Id.*; *see also Apple*, 2014 WL 794328 at *9 (precluding Samsung's expert from

15   introducing evidence of a settlement offer through a damages calculation because any probative

16   value would be "substantially outweighed by unfair prejudice to Apple").

17        Defendants respectfully submit that the most appropriate way to address the absence of

18   Lucasfilm, Pixar, and Intuit from the trial is to provide the jury with the following neutral

19   statement at the beginning of the trial, as well as a similar jury instruction at the close of trial:

20        Defendants Intuit, Lucasfilm, and Pixar are not present at trial, but their employees
     are still members of the class whose claims you will decide.  Do not speculate why
21   that is so, and do not let it influence your decision with respect to the defendants
     present at trial in this lawsuit:  Adobe, Apple, Google, and Intel.
22

23        Plaintiffs contend that the jury should be informed of the fact of the settlements, but not

24   _____
     [5] A court may allow evidence of a settlement only when the particular circumstances of a case
25   demand it.  In *Belton v. Fibreboard Corp.*, 724 F.2d 500 (5th Cir. 1984), Fibreboard, the one
     defendant who had not settled prior to trial, intended to present evidence that the plaintiffs had
26   been exposed to settling co-defendants' asbestos products and not its own.  Under those
     circumstances, the district court determined that the settlement evidence was necessary for the
27   purpose of explaining why the settling co-defendants were not in court.  *Belton* is inapposite here
     because this is not a case where one defendant could prevail by successfully pointing the finger at
28   another.  Rather, this is a joint-and-several liability case.  Plaintiffs seek to hold the four
     remaining defendants liable for Lucasfilm, Pixar, and Intuit's actions.

815917

the amounts or any other terms.  Plaintiffs' proposed approach does not alleviate the risk of improper and prejudicial speculation by the jury, and in fact exacerbates it.  If the jury is told that three defendants have settled but nothing more, then they will inevitably speculate as to the reasons for and terms (including the amounts) of those settlements.  If jurors are to be informed of the settlements' existence, then in order to mitigate the likely prejudicial effect of their inevitable speculation, jurors should also be informed of (a) the fact that the settling defendants denied liability and continue to deny Plaintiffs' allegations, and (b) the fact that any settlement amounts have not been subtracted from Plaintiffs' estimated damages.  All evidence and mention of settlements should be excluded.

**Motion in Limine No. 8 – Exclusion of Evidence Relating to Defendants' Financial Resources**

Defendants request an *in limine* order excluding any evidence, testimony, or references by counsel to Defendants' overall financial resources, valuations, or profitability.  This includes, but is not limited to evidence, testimony, or references by counsel to the Defendants' top-line revenue, market capitalization, balance sheets, cash on hand, profits, or the acquisition prices for Lucasfilm or Pixar.  Nor should Plaintiffs be permitted to link or compare the amount of damages sought to the Defendants' size or wealth.  Such references have no relevance to the case, and could lead the jury to decide the case on improper grounds.   This stands in contrast to evidence relating to Defendants' revenue per employee, compensation budgets, or other similar data relied upon by the parties' experts, which is relevant to the case.

Evidence regarding Defendants' financial resources has no bearing on the supposed existence of an overarching conspiracy among the seven companies or the effect of the alleged conspiracy on class members' compensation.  Such evidence is therefore irrelevant under Rule 401 and inadmissible.

Even if evidence regarding Defendants' financial resources were relevant, it should nonetheless be excluded because the risk of unfair prejudice to Defendants outweighs any probative value it may have.  Telling jurors, for example, how much these companies are worth, or how much cash they have on hand, could lead the jury to decide the case or award damages on

815917

improper grounds.  In a class action of this nature, such "David and Goliath" evidence should be excluded.  *Util. Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc.*, No. 09-2023-JPO, 2010 WL 1946625, at *2 (D. Kan. May 14, 2010) (excluding evidence and comment about parties' "size and general financial condition or net worth").

Courts routinely exclude evidence regarding a company's revenue, financial condition, profits, net worth, and the like.  Courts do so because "[e]vidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case."  *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011). [6]  Accordingly, references to a party as a "wealthy, thriving, large company" or to a company's financial resources have been held irrelevant and excluded at the motion *in limine* stage.  *Cooper Tire & Rubber Co. v. Farese*, No. 3:02CV210, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008).  Indeed, allowing arguments regarding a party's wealth, size, and corporate status in an effort to bias the jury has been found to constitute prejudicial error.  *See Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (granting a new trial in part because "[c]ounsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff").

Limiting instructions cannot alleviate the substantial danger that jurors would take evidence of Defendants' financial resources into account when assessing what damages, if any, should be awarded to Plaintiffs.  Accordingly, pursuant to Federal Rules of Evidence 401, 402, and 403, all evidence, argument, statements, contentions, or references to Defendants' financial resources, profits, valuation, and other top-line financial metrics, should be excluded.

**Motion in Limine No. 9 – Exclusion of References to Non-Class-Members' Wealth or Compensation**

Defendants request an *in limine* order excluding any evidence, testimony, or references by

---

[6] *See also, e.g.*, *Burrell v. Cnty. of Santa Clara*, No. 11-CV-4569-LHK, 2013 WL 1820771, at *1 (N.D. Cal. Apr. 30, 2013); *MAC Trailer*, 2010 WL 1946625, at *4; *Kentucky Farm Bureau Mut. Ins. Co. v. Gen. Elec. Co.*, 3:09-CV-00915-JHM, 2011 WL 665747, at *4 (W.D. Ky. Feb. 15, 2011) (granting defendant's motion *in limine* to "exclude evidence of its financial condition or profits"); *Kaap Indus. v. Burns & McDonnell Eng'g Co., Inc.*, No. CV F 06-0417 LJO GSA, Order (Dkt. 64) (E.D. Cal. May 7, 2008) (Sessions Decl. Ex. E) (granting defendant's motion *in limine*, "as it pertains to the defendant's financial resources in general").

815917

1   counsel to non-class-members' personal wealth, compensation, or remuneration for their

2   corporate board service.  Such evidence and references have no relevance to the case, and could

3   lead the jury to decide the case on improper grounds.

4        Evidence regarding non-class-members' personal wealth, compensation, or other financial

5   information relates to no fact "of consequence" to this case.  Such evidence has no relevance to

6   the supposed existence of an overarching conspiracy among all seven companies or the effect of

7   the alleged conspiracy on class members' compensation.  Furthermore, unlike the individual class

8   representatives, who have chosen to place their salaries and compensation at issue through this

9   lawsuit, non-class-members' wealth and compensation are irrelevant and inadmissible.

10       Even if evidence regarding non-class-members' wealth, compensation, or remuneration

11  for board service were minimally relevant to any issue in the case, it should nonetheless be

12  excluded because the risk of unfair prejudice to Defendants outweighs any probative value it may

13  have.  *See* Fed. R. Evid. 403.  As long ago as 1940, the Supreme Court observed that "appeals to

14  class prejudice are highly improper and cannot be condoned and trial courts should ever be alert

15  to prevent them."  *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 239 (1940).  In that

16  antitrust case, the government opened its case to the jury by proclaiming, "this conspiracy

17  involved some of the 'biggest men' in the country—big in the sense of 'controlling vast volumes

18  of financial influence'; and that it is a 'terrible thing that a group of influential, wealthy

19  millionaires or billionaires should take over the power, take over the control, the power to make

20  prices.'"  *Id.* at 237.  Even though the district court had instructed the jury not to concern itself

21  "with the financial condition of any of these defendants," since "[w]hether a man be rich or poor,

22  he is entitled to the same consideration in this Court," the Supreme Court held that allowing

23  invocations to these individuals' wealth was improper.  *Id.* at 238.

24       District courts routinely exclude evidence regarding corporate officers' and executives'

25  wealth, compensation, and other financial information.  "The personal wealth of these individuals

26  has no bearing on any issue or defense in this case." *Amboy Bancorporation v. Jenkens &*

27  *Gilchrist*, No. CIV A 02-CV-5410 DMC, 2008 WL 3833582, at *5 (D.N.J. Aug. 13, 2008), *order*

28  *aff'd in part, vacated in part sub nom. Amboy Bancorporation v. Bank Advisory Grp., Inc.*, 432

1   Fed. App'x 102 (3d Cir. 2011); *see also Stedman v. Hoogendoorn, Talbot, Davids, Godfrey &*

2   *Milligan*, No. 92 C 5670, 1996 WL 131684, at *1 (N.D. Ill. Mar. 20, 1996) (granting motion *in*

3   *limine* to exclude "evidence relating to [party]'s personal wealth or assets").  Plaintiffs may

4   contend that Defendant companies' executives' salaries or stock holdings, for example, are

5   relevant to bias.  But that argument proves too much.  Were Plaintiffs correct, a company

6   executive's personal wealth or stock holdings would *always* be admissible in any case in which

7   the company was charged with wrongdoing that might have been profitable for the company.

8   That is not the law.

9           Accordingly, pursuant to Federal Rules of Evidence 401, 402, and 403, all evidence,

10   argument, statements, contentions, or attempted introduction of evidence relating to non-class-

11   members' personal wealth, compensation, and financial resources should be excluded.

12   **<u>Motion in Limine No. 10 – Exclusion of Pixar and Lucasfilm Statements</u>**

13           Defendants request an *in limine* order excluding statements made by Pixar and Lucasfilm

14   or their respective officers, directors, or employees relating to the purported purpose or effect of

15   their bilateral agreement.  It is undisputed that the Lucasfilm-Pixar agreement was established 20

16   years before the other Defendants allegedly entered into an overarching conspiracy; that the

17   Lucasfilm-Pixar agreement involved two companies in the film industry, in which none of the

18   remaining defendants participate; and that the Lucasfilm-Pixar agreement contained different and

19   significantly more restrictive provisions than the alleged agreements between pairs of the

20   remaining defendants.  Plaintiffs have not established and cannot establish by a preponderance of

21   the evidence the preliminary facts that would qualify statements made by Pixar and Lucasfilm

22   employees as non-hearsay under Fed. R. Evid. 801(d)(2)(E).  Moreover, any such statements

23   would be of very little, if any, relevance, confusing, and prejudicial and should be excluded under

24   Rule 403.

25           First, under Federal Rule of Evidence 801(d)(2)(E), an out-of-court statement is not

26   hearsay when "[t]he statement is offered against an opposing party and . . . was made by the

27   party's coconspirator during and in furtherance of the conspiracy."  "In order for a statement to

28   qualify for admission as the statement of a co-conspirator, the following preliminary facts must be

1  shown:  (1) there was a conspiracy, (2) the defendant and the declarant were participants in the

2  conspiracy, and (3) the statement was made by the declarant during and in furtherance of the

3  conspiracy." *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006); *see also Bourjaily*

4  *v. United States*, 483 U.S. 171, 175 (1987) ("There must be evidence that there was a conspiracy

5  involving the declarant and the nonoffering party, and that the statement was made during the

6  course and in furtherance of the conspiracy." (internal quotation omitted)).  Before an alleged co-

7  conspirator statement may be admitted, the statement's proponent must establish these

8  preliminary facts by a preponderance of the evidence.  *United States v. Segura-Gallegos*, 41 F.3d

9  1266, 1271–72 (9th Cir. 1994); *Bourjaily*, 483 U.S. at 175; *United States v. Gil*, 58 F.3d 1414,

10  1420 (9th Cir. 1995).  The alleged co-conspirator's statement cannot, by itself, suffice to establish

11  the preliminary facts.  Fed. R. Evid. 801(d)(2).

12      Plaintiffs cannot establish any of the three required preliminary facts by a preponderance

13  of the evidence.  Plaintiffs can neither establish that there was any overarching conspiracy, nor

14  that Pixar and Lucasfilm, on the one hand, and the remaining Defendants, on the other, were

15  participants in a common conspiracy.  Specifically, Plaintiffs cannot show that Google, Intel,

16  Apple, and Adobe entered into a conspiracy with Lucasfilm and Pixar that allegedly had its

17  genesis 20 years earlier, when the Lucasfilm-Pixar bilateral agreement was formed, and that was

18  based on an agreement with very different terms from those of the alleged bilateral agreements

19  among the remaining defendants.  Notably, while Steve Jobs' role as CEO of both Apple and

20  Pixar at various times provides some linkage between Apple and Pixar, Plaintiffs have provided

21  no evidence linking Google, Intel, or Adobe to either Lucasfilm or Pixar.[7]

22      Even assuming *arguendo* that Pixar, Lucasfilm, and the remaining Defendants were

23  participants in a common conspiracy, the Plaintiffs would still need to establish that any

24  statements by Pixar and Lucasfilm employees about those companies' bilateral agreement were

25  made during and in furtherance of that alleged conspiracy.  The Ninth Circuit has held that "mere

26  conversations between co-conspirators or merely narrative declarations are not admissible as

27

28

---

[7] Although there is evidence of an agreement between Intel and Pixar, plaintiffs do not contend that such agreement was in furtherance of the alleged overarching conspiracy or that such agreement was improper.

1    statements in furtherance of a conspiracy." *United States v. Smith*, 790 F.2d 789, 794 (9th Cir.

2    1986) (internal quotations omitted).  "Instead, the statements must further the common objectives

3    of the conspiracy, or set in motion transactions that are an integral part of the conspiracy." *Id.*

4    (internal quotations omitted).  In other words, the statements "must assist the conspirators in

5    achieving their objectives." *Id.* (internal quotation omitted).  Statements made by Pixar and

6    Lucasfilm concerning the alleged purpose or effect of an agreement entered into twenty years

7    before the alleged conspiracy's commencement, between companies concerned only with the

8    Northern California film industry, did not and logically could not further the common objectives

9    of the alleged overarching conspiracy or set in motion transactions that are an integral part of that

10   conspiracy.   Therefore, they do not qualify as non-hearsay statements under Rule 801(d)(2).

11        Statements relating to the purported purpose or effect of the Pixar-Lucasfilm agreement

12   have little or no probative value but would be confusing and highly prejudicial.  The Pixar-

13   Lucasfilm agreement is more restrictive and involves a discrete and much smaller industry.

14   Therefore, statements about its purported purpose or effect cannot logically or fairly be imputed

15   to the other Defendants' far less restrictive agreements in an exponentially broader labor market.

16   To the extent such statements predate the 2005 start of the alleged overarching conspiracy, their

17   relevance is further reduced and their prejudicial effect increased.  Moreover, the Ninth Circuit

18   has repeatedly affirmed district courts' decisions under Rule 403 to exclude evidence involving

19   defendants who are no longer in the case and not before the jury.  *See, e.g.*, *City of Long Beach v.*

20   *Standard Oil Co. of Cal.*, 46 F.3d 929, 938 (9th Cir. 1995) (district court did not err in excluding

21   evidence under Rule 403 in an alleged conspiracy case because the evidence "did not include any

22   references to Exxon's practices, only practices of other defendants who were no longer in the case

23   and not before the jury").

24        Any statements by Lucasfilm or Pixar employees regarding their much older and very

25   different two-party agreement would confuse the issues, mislead the jury, and unfairly prejudice

26   the remaining defendants.  Such inflammatory testimony should not be admitted into evidence

27   under Rule 403 in a joint trial where the evidence is not admissible against all of the Defendants.

28   As this Court has recognized, "[t]he Court has broad discretion to manage the conduct of a trial

815917

1    and the evidence presented by the parties—both under the Federal Rules of Evidence, and as part

2    of the Court's inherent authority. . . ."  *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 11-CV-01846-

3    LHK, 2013 WL 5737310, at *2 (N.D. Cal. Oct. 22, 2013).  Given the complexity of this case and

4    the limited amount of time and resources of the Court, the Plaintiffs should not be allowed to

5    spend time presenting evidence, even if it were otherwise admissible, with little or no probative

6    value when countervailing factors in Rule 403 weigh so heavily in favor of exclusion.

7    　　　For the foregoing reasons, Defendants respectfully request an order excluding statements

8    made by Pixar and Lucasfilm relating to the purported purpose or effect of their bilateral

9    agreement.  At a minimum, such statements and any reference to them should be excluded unless

10   and until the Court determines that plaintiffs have established by a preponderance of the evidence

11   the predicates to admissibility under Rule 801(d)(2)(E).

12

13   Dated: April 10, 2014                              KEKER & VAN NEST LLP

14

15                                        By:    /s/ *Robert A. Van Nest*
                                                Robert A. Van Nest

16                                              Daniel Purcell
                                                Eugene M. Paige
17                                              Justina Sessions
                                                Cody Harris
18                                              633 Battery Street
                                                San Francisco, CA  94111
19                                              Telephone:  (415) 391-5400
                                                Facsimile:  (415) 397-7188

20   Dated: April 10, 2014                              MAYER BROWN LLP

21

22                                        By:    */s/ Lee H. Rubin*
23                                              Lee H. Rubin

24                                              Edward D. Johnson
                                                Donald M. Falk
25                                              Two Palo Alto Square
                                                3000 El Camino Real, Suite 300
26                                              Palo Alto, CA  94306-2112
                                                Telephone:  (650) 331-2057
27                                              Facsimile:   (650) 331-4557

28                                              *Attorneys for Defendant GOOGLE INC.*

1   Dated: April 10, 2014                 O'MELVENY & MYERS LLP

2

3                                    By:   /s/ Michael F. Tubach
4                                          Michael F. Tubach

5                                          George Riley
                                           Christina J. Brown
6                                          Two Embarcadero Center, 28th Floor
                                           San Francisco, CA  94111
7                                          Telephone:  (415) 984-8700
                                           Facsimile:   (415) 984-8701

8                                          Attorneys For Defendant APPLE INC.

9

10  Dated: April 10, 2014                 JONES DAY

11

12                                   By:   /s/ David C. Kiernan
13                                         David C. Kiernan

14                                         Robert A. Mittelstaedt
                                           Lin W. Kahn
15                                         555 California Street, 26th Floor
                                           San Francisco, CA  94104
16                                         Telephone:  (415) 626-3939
                                           Facsimile:   (415) 875-5700

17                                         Attorneys for Defendant ADOBE SYSTEMS, INC.
18

19  Dated: April 10, 2014                 MUNGER TOLLES & OLSON LLP
20

21

22                                   By:   /s/ Gregory P. Stone
                                           Gregory P. Stone
23
                                           355 South Grand Avenue, 35th Floor
24                                         Los Angles, CA  90071-1560
                                           Telephone:  (213) 683-9100
25                                         Facsimile:   (213) 687-3702

26                                         Attorneys for Defendant INTEL CORPORATION

27

28  The filer attests that concurrence in the filing of this document has been obtained from all
    signatories.

815917