| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | LEE H. RUBIN (SBN 141331) |
| 2 | lrubin@mayerbrown.com |
| | EDWARD D. JOHNSON (SBN 189475) |
| 3 | wjohnson@mayerbrown.com |
| | DONALD M. FALK (SBN 150256) |
| 4 | dfalk@mayerbrown.com |
| | ERIC B. EVANS (SBN 232476) |
| 5 | eevans@mayerbrown.com |
| | ANNE M. SELIN (SBN 270634) |
| 6 | aselin@mayerbrown.com |
| | Two Palo Alto Square, Suite 300 |
| 7 | 3000 El Camino Real |
| | Palo Alto, CA 94306-2112 |
| 8 | Telephone:    (650) 331-2000 |
| | Facsimile:     (650) 331-2061 |

*Attorneys for Defendant*
*Google Inc.*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL REGARDING FILINGS RELATED TO PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF APPLICATION OF THE PER SE STANDARD** |

Pursuant to Local Rule 7-11 and 79-5, defendants Adobe Systems, Inc. ("Adobe"), Apple Inc. ("Apple"), Google Inc. ("Google"), Intel Corporation ("Intel"), and Intuit Inc. ("Intuit") (collectively, "Defendants") hereby jointly respond to Plaintiffs' Administrative Motion to Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e) (ECF No. 843). Defendants hereby jointly move to seal redacted portions of Exhibits 5-8, 10, and 2924-2928 to the Declaration of Lisa J. Cisneros In Support of Plaintiffs' Memorandum of Law In Support of Application of the Per Se Standard ("Cisneros Declaration Exhibits").

The redacted information has been designated Confidential or Attorneys' Eyes Only under the Stipulated Protective Order (Modified by the Court) (ECF No. 107). Defendants are concurrently filing proposed redacted versions of the Cisneros Declaration Exhibits, as well as declarations in support of the respective sealing requests and a proposed order listing each document sought to be sealed and the specific support for each request.

## I. GOOD CAUSE EXISTS TO SEAL DEFENDANTS' CONFIDENTIAL INFORMATION IN THE CISNEROS DECLARATION EXHIBITS

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

The redacted portions of the materials Defendants seek to seal contain highly confidential and commercially sensitive information about employee compensation, including Defendants' compensation data as well as information that reflects Defendants' internal business strategies related to compensation and internal assessments of their and other employers' competitive position in the labor market. Defendants also seek to keep under seal materials that reflect confidential hiring data, which reveal confidential recruiting and hiring strategies, practices, and policies. Defendants further seek to keep under seal information in business contracts which reflect internal business strategies, policies, and practices. Defendants designated the foregoing information "Confidential" or "Attorneys Eyes Only" under the Protective Order.

This Court has sealed substantially similar compensation and recruiting information in this case, including in its recent sealing order dated March 14, 2014. *See* Order Granting in Part and Denying in Part Motions to Seal dated March 14, 2014 (ECF No. 730); Order Granting in Part and Denying in Part Motions to Seal dated September 30, 2013 (ECF No. 509). Moreover, as each of the Defendants' separately filed declarations demonstrate, Defendants kept the sealed information confidential and the public disclosure of this information would cause each Defendant harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of each of the Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against each of the Defendants.

A portion of the sealed information is employee compensation data. This type of information is regularly sealed because of its confidential and private nature. *See Renfro v. Unum*, No. 09-2661, 2010 BL 104197 (N.D. Cal. May 10, 2010) (granting a motion to seal records containing plaintiffs' salary information); *Nettles v. Farmers Ins. Exch.*, No. C06-5164, 2007 WL 858060, at *2, 2007 BL 247444 (W.D. Wash. Mar. 16, 2007) (holding that salary review notices for third parties "who have not chosen to have their salary history placed into the public record" could be sealed.); *EEOC v. Kokh, LLC*, No. CIV-07-1043, 2010 U.S. Dist. LEXIS 82526, at n.1, 2010 BL 187807 (W.D. Okla. Aug. 09, 2012) (noting that portions of summary

judgment materials were filed under seal because they contained "confidential salary information.").

Similarly, compensation policies, practices and decisions are routinely subject to a sealing order.  *In re Wells Fargo Loan Processor Overtime Pay Litigation*, No. C 07-01841, at *16, 2008 U.S. Dist. LEXIS 53616, 2008 BL 123131 (N.D. Cal. June 09, 2008) (noting that a "compensation policy" was filed under seal); *Hertz Equip. Rental Co. v. Useda*, No. CV-10-4953, 2010 BL 259718, at *2 (N.D. Cal. Nov. 02, 2010) (granting a temporary restraining order to enjoin a former employee from using a company's "confidential and/or trade secret employee compensation information").

In addition, good cause exists to seal confidential information relating to a company's internal business, recruiting or hiring practices, strategies and policies, including confidential analyses of a company's market position.  *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *Krieger v. Atheros Commc'ns, Inc.*, Case No. 11-CV-00640, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation from its investment adviser that contained "sensitive and confidential information, including long-term financial projections, discussions of business strategy, and competitive analyses"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. C-07-06053, 2010 U.S. Dist. LEXIS 21721, at *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed"); *see also TriQuint Semiconductor, Inc. v. Avago Techns. Ltd.*, Case No. CV 09-531, 2011 U.S. Dist. LEXIS 143942, at *9 (D. Ariz. Dec. 13, 2011) (granting motion to seal "market analysis information," under "compelling" reason standard applicable to dispositive motions, including a "spreadsheet tracking information regarding potentially competitive products," and other business strategy documents, such as information relating to "product competitiveness, and market and technological opportunities and risks").

Moreover, the redacted information constitutes trade secrets, defined as "any formula,

-4-

pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Samsung*, 727 F.3d at 1221-22. As evidenced by the accompanying declarations, the information Defendants seek to seal relate to Defendants' internal business practices and strategies used in compensating, recruiting, and hiring employees, as well as the confidential terms of business agreements. This falls plainly within the trade secrets definition. *Id.*; *see also In re Electronic Arts, Inc.*, 298 F. App'x. 568, 569-70 (9th Cir. 2008).

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order the portions of the Cisneros Declaration Exhibits identified in each Defendant's declaration to be placed under seal. A proposed order granting Defendants' sealing requests is being filed concurrently herewith. Defendants are also concurrently filing on ECF sealed versions of the documents sought to be sealed with highlights indicating the proposed redactions and will submit Chambers Copies of the same.

Dated: April 14, 2014            MAYER BROWN LLP

By:      */s/ Lee H. Rubin*
         Lee H. Rubin

Lee H. Rubin
Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:  (650) 331-2057
Facsimile:   (650) 331-4557


KEKER & VAN NEST LLP

By:      */s/ Robert A. Van Nest*
         Robert A. Van Nest

Robert A. Van Nest
Daniel Purcell

-5-

DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL RE: FILINGS RELATED TO PLAINTIFFS' MEMORANDUM OF LAW ISO APPLICATION OF THE PER SET STANDARD; MASTER DOCKET NO. 11-CV-2509-LHK

|   |   |   |
|---|---|---|
| 1 | | Eugene M. Paige |
| 2 | | Justina Sessions |
|   | | 633 Battery Street |
| 3 | | San Francisco, CA 94111-1809 |
|   | | Telephone: (415) 391-5400 |
| 4 | | Facsimile: (415) 397-7188 |
| 5 | | *Attorneys for Defendant GOOGLE INC.* |
| 6 | Dated:  April 14, 2014 | O'MELVENY & MYERS LLP |
| 7 | | |
| 8 | | By:       */s/ Michael F. Tubach* |
|   | | Michael F. Tubach |
| 9 | | |
| 10 | | George Riley |
|   | | Michael F. Tubach |
| 11 | | Christina J. Brown |
|   | | Two Embarcadero Center, 28th Floor |
| 12 | | San Francisco, CA  94111 |
|   | | Telephone:  (415) 984-8700 |
| 13 | | Facsimile:   (415) 984-8701 |
| 14 | | *Attorneys for Defendant APPLE INC.* |
| 15 | Dated:  April 14, 2014 | MUNGER, TOLLES & OLSON LLP |
| 16 | | |
| 17 | | By:       */s/ Gregory P. Stone* |
|   | | Gregory P. Stone |
| 18 | | |
| 19 | | Gregory P. Stone |
|   | | Bradley S. Phillips |
| 20 | | Steven M. Perry |
|   | | Gregory Sergi |
| 21 | | 355 South Grande Ave., 35th Floor |
|   | | Los Angeles, CA 90071 |
| 22 | | Telephone: (213) 683-9100 |
|   | | Facsimile: (213) 687-3702 |
| 23 | | *Attorneys for Defendant INTEL CORPORATION* |

-6-
DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL RE: FILINGS RELATED TO PLAINTIFFS' MEMORANDUM OF LAW ISO APPLICATION OF THE PER SET STANDARD; MASTER DOCKET NO. 11-CV-2509-LHK

| | | |
|---|---|---|
| 1 | Dated: April 14, 2014 | JONES DAY |
| 2 | | |
| 3 | | By:     /s/ *David C. Kiernan*_____<br>            David C. Kiernan |

Robert A. Mittelstaedt
Lin W. Kahn
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: April 14, 2014    JONES DAY

By:     /s/ *Robert A. Mittelstaedt*_____
        Robert A. Mittelstaedt

Craig E. Stewart
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Catherine T. Broderick
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

*Attorneys for Defendant INTUIT INC.*

**ATTESTATION**: The filer attests that concurrence in the filing of this document has been obtained from all signatories.

-7-

DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL RE: FILINGS RELATED TO PLAINTIFFS' MEMORANDUM OF LAW ISO APPLICATION OF THE PER SET STANDARD; MASTER DOCKET NO. 11-CV-2509-LHK