GEORGE A. RILEY (Bar No. 118304)
griley@omm.com
MICHAEL F. TUBACH (Bar No. 145955)
mtubach@omm.com
CHRISTINA J. BROWN (Bar No. 242130)
cjbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| IN RE HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF CHRISTINA BROWN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL REGARDING FILINGS RELATED TO PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF APPLICATION OF THE PER SE STANDARD** |
|---|---|

I, Christina Brown, declare as follows:

1. I am a member of the Bar of the State of California and a counsel at O'Melveny & Myers LLP, attorneys for Defendant Apple Inc. I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal Regarding Filings Related to Plaintiffs' Memorandum of Law in Support of Application of the Per Se Standard (Dkt. 867) ("Defendants' Joint Response"). I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Apple seeks to seal only limited portions of Exhibits 6, 10, 2924, and 2925 to the Declaration of Lisa J. Cisneros in Support of Plaintiffs' Memorandum of Law in Support of Application of the Per Se Standard ("Cisneros Decl. Exhibits"), as set forth below and reflected in the proposed redacted and highlighted versions of these exhibits filed with Defendants' Joint Response. I have reviewed these documents, and I believe there is good cause to maintain under seal the portions set forth below. These portions contain and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3. Apple seeks to seal the following highly confidential, competitively sensitive information contained in **Cisneros Decl. Exhibit 6**, the November 25, 2013 Expert Report of Professor Kevin M. Murphy:

- Paragraph 20 (redacted portions) discloses Apple's sources and magnitude of employee hiring and reflects its highly confidential employee hiring strategies;
- Exhibit 2 discloses Apple's sources of employee hiring and reflects its highly confidential employee hiring strategies;
- Exhibit 3 discloses Apple's sources of employee hiring and highly confidential employee data and reflects its highly confidential employee hiring strategies; and
- Exhibit 5 discloses Apple's highly confidential employee data.

1    4.    Apple seeks to seal the following highly confidential, competitively sensitive information contained in **Cisneros Decl. Exhibit 10**, the December 11, 2013, Reply Expert Report of Matthew Marx, Ph.D.:

- Exhibit 3 discloses Apple's confidential information regarding the number and classification of certain employees.

5.    Apple seeks to seal portions of **Cisneros Decl. Exhibit 2924** (231APPLE123280), Mutual Non-Disclosure Agreement between Apple and Google, as reflected in the highlighted version of the exhibit filed with Defendants' Joint Response. The proposed redacted portions contain highly confidential and sensitive information regarding Apple's business strategies and partnerships, as set forth in the Declaration of Leslie Fithian (Dkt. 679).[1]

6.    Apple seeks to seal portions of **Cisneros Decl. Exhibit 2925** (231APPLE124988), License Agreement and attached Exhibits between Apple and Google, as reflected in the highlighted version of the exhibit filed with Defendants' Joint Response. The proposed redacted portions contain highly confidential and sensitive information regarding Apple's business strategies and partnerships, as set forth in the Declaration of Leslie Fithian (Dkt. 679).

7.    As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204), the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), and the Declaration of Leslie Fithian in Support of Defendants' Joint Response to Plaintiffs' Administrative Motion to File Under Seal Filings Related to Plaintiffs' Opposition Briefs and Filings Re Dkts. 554, 556, 557, 559, 560, 561, 564, 570 at ¶¶ 4-5 (Dkt. 679), the information Apple seeks to redact from the documents set forth above is extremely sensitive, and Apple considers it to be, and treats it as, highly confidential, proprietary, and competitively sensitive. Apple does not disclose this information publicly, to third parties, or even to most Apple employees, and limits its disclosure to employees who require it to carry out

---

[1] Cisneros Decl. Exhibits 2924 and 2925 were previously attached as Exhibits 70 and 71 to the Declaration of Dean M. Harvey in Support of Plaintiffs' Opposition Briefs Re Dkts. 554, 556, 557, 559, 560, 561, 564, 570, and referenced as "Harvey Decl. Ex. 70" and "Harvey Decl. Ex. 71" in the Declaration of Leslie Fithian.

1   their job duties.  Apple derives an economic benefit from maintaining the confidentiality of this
2   information and would suffer serious competitive harm if it were disclosed because Apple's
3   competitors, potential business partners, and other third parties would gain detailed information
4   and insight into its confidential and proprietary business strategies and partnerships,
5   compensation strategies and practices, and recruiting strategies.  Public disclosure of this
6   information would put Apple at a significant disadvantage with respect to its business dealings
7   and partnerships and to recruiting, hiring, and compensating its employees.  Apple would
8   therefore be prejudiced if this information were made available to the general public.

9          8.      Because these portions of the exhibits cannot be publicly disclosed without
10  causing serious harm, as described above, Apple requests that they be maintained under seal and
11  redacted from the publicly-filed versions of the documents.

12         I declare under penalty of perjury under the laws of the United States that the above is true
13  and correct.

14         Executed on April 14, 2014, in San Francisco, California.

16         By:  */s/ Christina J. Brown*
                Christina J. Brown