# EXHIBIT 10

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1              UNITED STATES DISTRICT COURT
2     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
3
4    --------------------------
5    IN RE: HIGH-TECH EMPLOYEE )
6    ANTITRUST LITIGATION      ) No. 11-CV-2509-LHK
7    --------------------------
8
9
10       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
11
12
13    VIDEOTAPED DEPOSITION OF SIDDHARTH HARIHARAN
14                San Francisco, California
15                Friday, October 12, 2012
16                       Volume I
17
18
19
20   Reported by:
21   ASHLEY SOEVYN
22   CSR No. 12019
23   Job No. 1541277
24
25   PAGES 1 - 310
```

Page 1

| | | |
|---|---|---|
| 1 | A.   I can't remember, sure.  Maybe.  I would | 17:56:32 |
| 2 | have to see the document. | 17:56:35 |
| 3 | Q.   Do you remember on any occasion since this | 17:56:39 |
| 4 | lawsuit was filed giving an interview to any | 17:56:41 |
| 5 | journalist? | 17:56:45 |
| 6 | MR. HARVEY:  Objection, vague and | 17:56:47 |
| 7 | completely irrelevant to this case. | 17:56:52 |
| 8 | BY MR. PURCELL: | 17:56:54 |
| 9 | Q.   Well, obviously relevance isn't an issue in | 17:56:54 |
| 10 | a deposition, so you can answer the question. | 17:56:56 |
| 11 | A.   Now, that I think -- yeah, I think I do | 17:56:58 |
| 12 | remember. | 17:57:01 |
| 13 | Q.   Was it just one interview that you gave to | 17:57:02 |
| 14 | a journalist respecting this case, or more than | 17:57:04 |
| 15 | one? | 17:57:07 |
| 16 | A.   As far as I remember, I think it was one. | 17:57:09 |
| 17 | Q.   Now, how did you come to give that | 17:57:14 |
| 18 | interview, how did you schedule that? | 17:57:15 |
| 19 | A.   I think I had that interview scheduled with | 17:57:28 |
| 20 | Dean. | 17:57:31 |
| 21 | Q.   So it was scheduled through your counsel? | 17:57:32 |
| 22 | A.   Yes. | 17:57:37 |
| 23 | Q.   During that -- strike that. | 17:57:37 |
| 24 | So just to clarify, you think you met with | 17:57:40 |
| 25 | a journalist on more than one occasion? | 17:57:42 |

Page 297

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | A. I'm not sure. I can't remember. | 17:57:48 |
| 2 | Q. Did you provide that journalist with any | 17:57:49 |
| 3 | documents? | 17:57:56 |
| 4 | A. I'm not sure if this is -- this divulges | 17:57:58 |
| 5 | attorney-client privilege? | 17:58:04 |
| 6 | MR. HARVEY: If you have any concern with | 17:58:06 |
| 7 | that, we should discuss it before you say anything | 17:58:08 |
| 8 | that could reveal the contents of attorney-client | 17:58:10 |
| 9 | communications. So if you want to stay on the | 17:58:13 |
| 10 | record, it's up to you, but I'll give the | 17:58:15 |
| 11 | instruction not to reveal the content of any | 17:58:17 |
| 12 | attorney-client communication. | 17:58:20 |
| 13 | BY MR. PURCELL: | 17:58:21 |
| 14 | Q. And that's a perfectly appropriate | 17:58:21 |
| 15 | instruction, and I'm not trying to get at anything | 17:58:23 |
| 16 | your attorney said to you. I'm asking for the fact | 17:58:26 |
| 17 | of whether there were any documents that you | 17:58:28 |
| 18 | communicated to the third-party journalist that you | 17:58:30 |
| 19 | met with? | 17:58:32 |
| 20 | A. I don't remember. I don't remember. | 17:58:35 |
| 21 | Q. How did you first learn about the issues | 17:58:40 |
| 22 | that are the subject matter of this case, this | 17:58:43 |
| 23 | alleged conspiracy? | 17:58:46 |
| 24 | A. A friend of mine who I worked with at Zynga | 17:58:49 |
| 25 | told me about something relating to this case. | 17:58:53 |

Veritext National Deposition & Litigation Services
866 299-5127

| | | |
|---|---|---|
| 1 | Q.   Do you recall when you had this | 17:59:01 |
| 2 | conversation with the friend who you worked with at | 17:59:02 |
| 3 | Zynga? | 17:59:04 |
| 4 | A.   I can't remember the exact date, no.  I | 17:59:08 |
| 5 | can't remember what month.  It was after I left | 17:59:11 |
| 6 | Zynga, I think, for sure. | 17:59:12 |
| 7 | Q.   And this friend of yours who you worked | 17:59:16 |
| 8 | with at Zynga, what is his or her name? | 17:59:19 |
| 9 | A.   His name is Ray. | 17:59:24 |
| 10 | Q.   What is Ray's last name? | 17:59:25 |
| 11 | A.   Martone. | 17:59:27 |
| 12 | Q.   How is that spelled? | 17:59:28 |
| 13 | A.   M-a-r-t-o-n-e. | 17:59:29 |
| 14 | Q.   Do you recall what Mr. Martone told you | 17:59:34 |
| 15 | about the facts of this case? | 17:59:36 |
| 16 | A.   Not particularly.  He just -- well, you | 17:59:39 |
| 17 | said of the case?  The case wasn't filed yet. | 17:59:44 |
| 18 | Q.   Fair enough.  That was a bad question that | 17:59:48 |
| 19 | I asked.  Do you recall what Mr. Martone told you | 17:59:49 |
| 20 | about the underlying facts? | 17:59:51 |
| 21 | A.   He didn't say very much.  All he said was, | 17:59:54 |
| 22 | "Hey, you work for Lucas, right?"  And I said, | 17:59:58 |
| 23 | "Yeah."  And I think he said something like, "Hey, | 18:00:01 |
| 24 | there's this thing that I'm thinking about the DOJ" | 18:00:04 |
| 25 | or something.  I can't remember what he said | 18:00:08 |

| | | |
|---|---|---|
| 1 | exactly, but he said something about conspiracy or | 18:00:11 |
| 2 | something, and I looked it up on Google. | 18:00:17 |
| 3 | Q.   And when you looked it up on Google, what | 18:00:21 |
| 4 | did you find? | 18:00:30 |
| 5 | A.   I found a DOJ ruling against some company | 18:00:30 |
| 6 | involving Lucas. | 18:00:34 |
| 7 | Q.   And at some point after that, did you | 18:00:36 |
| 8 | contact an attorney?  It's just a yes-or-no | 18:00:37 |
| 9 | question.  I'm not asking what you said to them? | 18:00:40 |
| 10 | A.   Yes. | 18:00:43 |
| 11 | Q.   And what attorney did you contact? | 18:00:44 |
| 12 | MR. HARVEY:  And I think for this, I think | 18:00:51 |
| 13 | it's fair to identify the law firm rather than the | 18:00:52 |
| 14 | individual. | 18:00:54 |
| 15 | THE WITNESS:  Lieff, Cabraser. | 18:00:55 |
| 16 | BY MR. PURCELL: | 18:00:58 |
| 17 | Q.   How did you come to select Lieff, Cabraser | 18:00:58 |
| 18 | as the firm to call? | 18:01:02 |
| 19 | A.   It -- a mutual friend of Ray. | 18:01:09 |
| 20 | Q.   Who is the mutual friend of Ray? | 18:01:10 |
| 21 | A.   Mr. Dean Harvey. | 18:01:17 |
| 22 | Q.   So did Mr. Martone tell you, "I have a | 18:01:24 |
| 23 | friend who is a lawyer who might be able to | 18:01:26 |
| 24 | represent you"? | 18:01:31 |
| 25 | A.   I can't remember exactly what he said. | 18:01:35 |

Veritext National Deposition & Litigation Services
866 299-5127

| | | |
|---|---|---|
| 1 | Q.   But Mr. Martone was the one who referred | 18:01:36 |
| 2 | you to Mr. Harvey and the Lieff, Cabraser firm? | 18:01:38 |
| 3 | A.   Yes. | 18:01:41 |
| 4 | Q.   If you were successful in this case and | 18:01:46 |
| 5 | plaintiff proved liability, what do you expect to | 18:01:49 |
| 6 | recover? | 18:01:53 |
| 7 | A.   What do I personally -- | 18:01:57 |
| 8 | Q.   Correct. | 18:01:59 |
| 9 | A.   It's not about me.  It's about the class | 18:02:00 |
| 10 | members of this case. | 18:02:02 |
| 11 | Q.   I understand it's broader than just you, | 18:02:03 |
| 12 | but your personal expectation.  What personally do | 18:02:05 |
| 13 | you expect to recover if plaintiffs prevail on | 18:02:09 |
| 14 | liability in this case? | 18:02:13 |
| 15 | A.   Well, you have to go back to my motive for | 18:02:18 |
| 16 | doing this case.  I don't really care.  I don't | 18:02:20 |
| 17 | really care.  I don't even know what I would do with | 18:02:22 |
| 18 | it.  I care about the class members.  I care about | 18:02:24 |
| 19 | justice for them. | 18:02:26 |
| 20 | Q.   Do you expect to recover your own damages | 18:02:28 |
| 21 | if plaintiffs were able to prove that you were | 18:02:32 |
| 22 | underpaid as a Lucasfilm employee because of some | 18:02:35 |
| 23 | conspiracy? | 18:02:41 |
| 24 | A.   I'm sorry, there was a lot of -- please | 18:02:41 |
| 25 | rephrase that question. | 18:02:45 |

Veritext National Deposition & Litigation Services
866 299-5127