# EXHIBIT 12

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT

 2    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

 3

 4    --------------------------

 5    IN RE: HIGH-TECH EMPLOYEE )

 6    ANTITRUST LITIGATION      ) No. 11-CV-2509-LHK

 7    --------------------------

 8

 9

10       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

11

12

13         VIDEOTAPED DEPOSITION OF DANIEL STOVER

14                San Francisco, California

15                Monday, October 29, 2012

16                       Volume I

17

18

19

20    Reported by:

21    ASHLEY SOEVYN

22    CSR No. 12019

23    JOB No. 1541285

24

25    PAGES 1 - 298
```

| | | |
|---|---|---|
| 1 | A.   I know.  I'm just -- | 10:02:47 |
| 2 | Q.   -- I'm entitled to know every fact you have | 10:02:47 |
| 3 | that you are asserting against your former | 10:02:52 |
| 4 | employer -- | 10:02:56 |
| 5 | A.   Uh-huh. | 10:02:56 |
| 6 | Q.   -- and every fact you have against Adobe, | 10:02:56 |
| 7 | Apple, Intel, Google, Pixar, and Lucasfilm.  I just | 10:02:59 |
| 8 | want to know what they are. | 10:03:04 |
| 9 | A.   Yes. | 10:03:07 |
| 10 | Q.   So one is, you are relying on the DOJ | 10:03:07 |
| 11 | report? | 10:03:14 |
| 12 | A.   Correct. | 10:03:15 |
| 13 | Q.   Okay.  Anything else? | 10:03:15 |
| 14 | MS. LEEBOVE:  Objection, vague. | 10:03:16 |
| 15 | THE WITNESS:  So again, you talked about | 10:03:20 |
| 16 | the Leamer report.  We've gone through at what level | 10:03:21 |
| 17 | of detail I've looked at that.  So yes, I'm saying I | 10:03:26 |
| 18 | would rely on that. | 10:03:34 |
| 19 | MR. KIERNAN:  Okay.  Anything else? | 10:03:36 |
| 20 | MS. LEEBOVE:  Objection, vague.  Calls for | 10:03:37 |
| 21 | a legal conclusion. | 10:03:40 |
| 22 | THE WITNESS:  I've seen a large number of | 10:03:46 |
| 23 | e-mails between senior executives and board members. | 10:03:47 |
| 24 | I would not be able to give you specific examples | 10:03:50 |
| 25 | other than a handful. | 10:03:52 |

```
 1   BY MR. KIERNAN:                                          10:03:57
 2        Q.   Anything else?                                 10:03:57
 3             MS. LEEBOVE:  Same objection.                  10:04:02
 4             THE WITNESS:  Not that I remember right        10:04:03
 5   now.                                                     10:04:05
 6   BY MR. KIERNAN:                                          10:04:05
 7        Q.   The large number of e-mails that you're        10:04:05
 8   referencing, did you review those after the lawsuit      10:04:12
 9   was filed?                                               10:04:15
10             MS. LEEBOVE:  Objection, misstates prior       10:04:16
11   testimony.                                               10:04:18
12             THE WITNESS:  Yes, I did.                      10:04:19
13   BY MR. KIERNAN:                                          10:04:21
14        Q.   Before the lawsuit was filed, did you have     10:04:21
15   any independent knowledge of any of the agreements       10:04:25
16   that you're alleging are illegal?                        10:04:27
17             MS. LEEBOVE:  Objection, asked and             10:04:29
18   answered.                                                10:04:32
19             THE WITNESS:  So --                            10:04:33
20             MS. LEEBOVE:  Calls for a legal conclusion.    10:04:34
21             THE WITNESS:  Sorry.  So my decision to        10:04:41
22   pursue this case was, as I said, based on the DOJ        10:04:45
23   report which was already published.  And at the          10:04:47
24   time, there was quite a bit of media coverage of the     10:04:50
25   DOJ report.  And I don't remember specifically where     10:04:54
```

Veritext National Deposition & Litigation Services
866 299-5127

| | | |
|---|---|---|
| 1 | I saw that. | 10:05:02 |
| 2 | BY MR. KIERNAN: | 10:05:07 |
| 3 | Q.   You anticipated where I was going.  How did | 10:05:07 |
| 4 | you become involved in the lawsuit? | 10:05:10 |
| 5 | A.   Again, there was a lot of reporting in the | 10:05:16 |
| 6 | media once the DOJ report was released.  I took some | 10:05:19 |
| 7 | time to read the DOJ report and it kind of struck me | 10:05:23 |
| 8 | in combination with, you know, various media reports | 10:05:28 |
| 9 | that this was something that needed to be pursued in | 10:05:32 |
| 10 | a way that went beyond what the DOJ did. | 10:05:41 |
| 11 | Q.   And then what did you do? | 10:05:44 |
| 12 | A.   I don't remember the exact date, but it | 10:05:47 |
| 13 | became published that Lieff Cabraser was following | 10:05:56 |
| 14 | up the DOJ report with this suit. | 10:06:02 |
| 15 | Q.   Where did you learn that? | 10:06:04 |
| 16 | A.   I don't remember exactly. | 10:06:06 |
| 17 | Q.   What did you do once you learned that Lieff | 10:06:08 |
| 18 | Cabraser was involved? | 10:06:15 |
| 19 | A.   There was a link to the case on their | 10:06:20 |
| 20 | website, and I reached out and talked to someone | 10:06:24 |
| 21 | there. | 10:06:27 |
| 22 | Q.   And then decided that you wanted to be a | 10:06:28 |
| 23 | named plaintiff in the action? | 10:06:31 |
| 24 | MS. LEEBOVE:  And let me just caution you | 10:06:34 |
| 25 | not to disclose anything that you discussed with | 10:06:34 |

Veritext National Deposition & Litigation Services
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | your attorneys. | 10:06:38 |
| 2 | THE WITNESS: It was something I considered | 10:06:42 |
| 3 | for some time, but yes. | 10:06:46 |
| 4 | BY MR. KIERNAN: | 10:06:48 |
| 5 | Q.  That you considered for some time before | 10:06:48 |
| 6 | you learned that Lieff Cabraser had filed a lawsuit | 10:06:50 |
| 7 | against the seven defendants? | 10:06:55 |
| 8 | MS. LEEBOVE: Objection, misstates prior | 10:06:56 |
| 9 | testimony. | 10:06:58 |
| 10 | THE WITNESS: When I became aware that -- | 10:06:58 |
| 11 | this lawsuit was going to be filed, I kind of | 10:07:00 |
| 12 | decided at that point that -- is there a validity | 10:07:06 |
| 13 | here, do I think that this is something that should | 10:07:10 |
| 14 | at least be investigated? It's a very personal | 10:07:14 |
| 15 | decision putting yourself out there like this. It's | 10:07:16 |
| 16 | something I spent quite a bit of time thinking | 10:07:20 |
| 17 | about. | 10:07:23 |
| 18 | Q.  So you were involved before the lawsuit was | 10:07:24 |
| 19 | filed? | 10:07:26 |
| 20 | MS. LEEBOVE: Objection, vague and | 10:07:27 |
| 21 | ambiguous. Misstates prior testimony. | 10:07:29 |
| 22 | THE WITNESS: I was aware of the Department | 10:07:31 |
| 23 | of Justice report and kind of media reporting before | 10:07:33 |
| 24 | I became aware of the lawsuit. | 10:07:37 |
| 25 | BY MR. KIERNAN: | 10:07:41 |

| | | |
|---|---|---|
| 1 | Q. When did you first learn of the DOJ | 10:07:41 |
| 2 | report? | 10:07:45 |
| 3 | A. I can't say for certain at this point. I | 10:07:49 |
| 4 | would being guessing. | 10:07:52 |
| 5 | Q. Do you recall how you became aware of it? | 10:07:53 |
| 6 | A. Again, I don't remember the specific | 10:07:57 |
| 7 | website that I went to, but there was a report on | 10:07:58 |
| 8 | the DOJ report which had links to the DOJ report, | 10:08:01 |
| 9 | kind of like continued searching and reading about | 10:08:06 |
| 10 | this. | 10:08:10 |
| 11 | Q. Have you had discussions with any Intuit | 10:08:11 |
| 12 | employees about this lawsuit? | 10:08:13 |
| 13 | A. Not that I can remember. | 10:08:18 |
| 14 | Q. How about former Intuit employees? | 10:08:20 |
| 15 | A. Not that I remember. I tried to be very | 10:08:23 |
| 16 | careful about who I discussed this with. | 10:08:27 |
| 17 | Q. So you recently reviewed the Leamer report, | 10:08:54 |
| 18 | right? | 10:08:58 |
| 19 | MS. LEEBOVE: Objection, misstates prior | 10:08:59 |
| 20 | testimony. | 10:09:01 |
| 21 | THE WITNESS: Yes, at a high level. | 10:09:02 |
| 22 | BY MR. KIERNAN: | 10:09:06 |
| 23 | Q. Okay. Did you also review your motion for | 10:09:06 |
| 24 | class certification that you filed in this case? | 10:09:08 |
| 25 | MS. LEEBOVE: Objection, calls for a legal | 10:09:11 |

Veritext National Deposition & Litigation Services
866 299-5127

```
 1   conclusion.                                              10:09:12
 2           THE WITNESS:  I would have read it, yes.         10:09:13
 3   Again, probably at a high level.                         10:09:15
 4   BY MR. KIERNAN:                                          10:09:19
 5       Q.  And now that we've had a longer discussion,      10:09:19
 6   do you recall reviewing the complaint that you filed     10:09:23
 7   against the seven defendants in this case?               10:09:26
 8           MS. LEEBOVE:  Objection, calls for a legal       10:09:29
 9   conclusion.                                              10:09:30
10           THE WITNESS:  Yeah, again, I can't say for       10:09:31
11   certain unless I saw the document.                       10:09:32
12   BY MR. KIERNAN:                                          10:09:42
13       Q.  Do you understand, Mr. Stover, that you're      10:09:42
14   alleging that Intuit and Google entered into an          10:09:46
15   agreement to restrict cold calling in June of 2007?     10:09:50
16   Is that your understanding?                              10:09:55
17           MS. LEEBOVE:  Objection, calls for a legal       10:09:56
18   conclusion.  Vague and ambiguous and compound.           10:09:59
19           THE WITNESS:  I could not -- I could not         10:10:03
20   qualify it with a date, but I have seen some             10:10:05
21   evidence that indicates there was an agreement.  I       10:10:13
22   can't say for certain in the document that it's          10:10:17
23   called out.                                              10:10:20
24   BY MR. KIERNAN:                                          10:10:23
25       Q.  What would help you?  What would you like        10:10:23
```