1  GREGORY P. STONE (State Bar No. 78329)
   gregory.stone@mto.com
2  BRADLEY S. PHILLIPS (State Bar No. 85263)
   brad.phillips@mto.com
3  STEVEN M. PERRY (State Bar No. 106154)
   steven.perry@mto.com
4  BETHANY W. KRISTOVICH (State Bar No. 241891)
   bethany.kristovich@mto.com
5  MUNGER, TOLLES & OLSON LLP
6  355 South Grand Avenue, 35th Floor
   Los Angeles, California 90071-1560
7  Telephone: (213) 683-9100
   Facsimile:  (213) 687-3702

8  Attorneys for Defendant Intel Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF GREGORY M. SERGI ON BEHALF OF INTEL IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL REGARDING FILINGS RELATED TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTIONS *IN LIMINE*** |

I, Gregory M. Sergi, hereby declare and say:

1. I am an attorney with Munger, Tolles & Olson LLP, counsel of record for Intel Corporation ("Intel") in this case, and am admitted to practice before this Court. I make this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal Regarding Filings Related to Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* being filed concurrently with this Declaration. On behalf of Intel, I make this declaration pursuant to Local Rules 79-5(d) and 7-11(a) to demonstrate good cause for the portions of the documents described below to be filed under seal. If called and sworn as a witness, I could and would competently testify to the matters stated below.

2. I have reviewed the documents listed below, and made specific, narrowly tailored redactions where necessary to protect highly confidential and highly sensitive Intel information regarding its compensation, hiring, and recruiting practices.

### *The Reasons for Sealing the Redacted Information*

3. The grounds for Intel's redactions identified below are set forth in the Declaration of Tina M. Evangelista in Support of Plaintiffs' Administrative Motion to File Under Seal Plaintiffs Notice of Motion and Motion for Class Certification, and Memorandum of Law in Support, Docket Item 203 (Oct. 8, 2012) ("Evangelista Decl.") and the Declaration of Tina M. Evangelista in Support of Renewed Administrative Motion to Seal, Docket Item 287 (Jan. 22, 2013) ("Evangelista II Decl."). The types of confidential Intel information reflected in the documents at issue here are the same (or substantially similar) to the types of confidential Intel information described in the Evangelista Declarations. As explained in the Evangelista Declarations, the information at issue here reflects confidential business information that gives Intel a competitive advantage in recruiting, retaining, and compensating employees. Evangelista Decl. ¶ 4. Intel derives independent economic value from the strategic information and raw data contained in these documents not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. *Id*. ¶ 5. It is Intel's practice to treat these documents and data as confidential, and not to disclose them outside the company. *Id*. ¶ 6. The information reflected in the documents at issue here quotes from, describes, or reflects analysis of

1  Intel's documents and data that have been designated "CONFIDENTIAL – ATTORNEYS' EYES
2  ONLY" ("AEO") pursuant to the Protective Order in this Action.

*The Intel Confidential Information that Should be Sealed*

4. Specifically, Intel seeks to seal the following highly confidential, commercially sensitive information:

5. **Declaration of Anne B. Shaver in Support of Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* ("Shaver Decl."), Exhibit 13 — November 25, 2013 Expert Report of Kevin Murphy:** The grounds for redactions relating to Intel confidential information are stated in the Declaration of Gregory M. Sergi on behalf of Intel in Support of Defendants' Renewed Motion to Seal Materials In Connection with Summary Judgment and Daubert Motions, Docket Item 854, ¶ 18 (Apr. 10, 2014) ("4/10/14 Sergi Decl.").

6. **Shaver Decl., Exhibit 14 — December 6, 2013 Expert Report of Edward Snyder:[1]** The grounds for redactions relating to Intel confidential information are stated in 4/10/14 Sergi Decl. ¶ 19.

7. **Shaver Decl., Exhibit 18 — October 28, 2013 Expert Report of Edward Leamer:** The grounds for redactions relating to Intel confidential information are stated in 4/10/14 Sergi Decl. ¶ 9.

8. **Shaver Decl., Exhibit 19 — December 11, 2013 Expert Report of Edward Leamer:** The grounds for redactions relating to Intel confidential information are stated in 4/10/14 Sergi Decl. ¶ 10.

9. **Shaver Decl., Exhibit 80 — Excerpt from Intel data:** This document is an excerpt from Intel's highly confidential compensation data. Specifically, this documents shows compensation-related information for a particular Intel employee, including that employee's location, age, job title, job grade, and corresponding base salary and bonus targets.

---

[1] The Plaintiffs originally submitted Dr. Snyder's expert report of November 25, 2013 in connection with Docket Item 879, but subsequently removed that document and replaced it with Dr. Snyder's Amended Reported dated December 6, 2013.

### The Particularized Harm Disclosure Would Cause

10. According to the Evangelista Declarations, which address the same (or substantially similar) types of information as that which is redacted in the above-referenced documents, Intel would suffer particular harm if the redacted information is disclosed to the public. Disclosure of such information would put Intel at a significant competitive disadvantage in terms of its ability to identify, recruit, and compensate employees. Evangelista Decl. ¶ 8. Disclosure of such information would deprive Intel of its investment in developing strategies for recruiting and compensation. *Id*. And disclosure of such information would give Intel's competitors an unearned advantage by informing them of Intel's compensation strategies, compensation levels, and other related information. *Id*.

11. Because the information redacted in the above-referenced documents cannot be disclosed without causing particularized harm to Intel, it should be protected from public disclosure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of April, 2014 at Los Angeles, California.

DATED: April 21, 2014

                               */s/ Gregory M. Sergi*
                                  Gregory M. Sergi