1   GEORGE A. RILEY (Bar No. 118304)
    griley@omm.com
2   MICHAEL F. TUBACH (Bar No. 145955)
    mtubach@omm.com
3   CHRISTINA J. BROWN (Bar No. 242130)
    cjbrown@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111-3823
    Telephone:    (415) 984-8700
6   Facsimile:    (415) 984-8701

7   Attorneys for Defendant Apple Inc.

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  IN RE HIGH-TECH EMPLOYEE              Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
14                                        **DECLARATION OF CHRISTINA BROWN
                                          IN SUPPORT OF DEFENDANTS' JOINT
15  THIS DOCUMENT RELATES TO:             RESPONSE TO PLAINTIFFS'
                                          ADMINISTRATIVE MOTION TO SEAL
16  ALL ACTIONS                           REGARDING FILINGS RELATED TO
                                          PLAINTIFFS' OPPOSITION TO
17                                        DEFENDANTS' JOINT MOTIONS *IN
                                          LIMINE***
18

19

20

21

22

23

24

25

26

27

28

I, Christina Brown, declare as follows:

1.      I am a member of the Bar of the State of California and a counsel at O'Melveny & Myers LLP, attorneys for Defendant Apple Inc.  I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal Regarding Filings Related to Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* (Dkt. 889) ("Defendants' Joint Response").  I make this declaration based on my own personal knowledge and information provided to me.  If called to testify as a witness, I could and would do so competently.

2.      Apple seeks to seal limited portions of Exhibits 1, 13, 17, 18, 19, 278, 279, and 281A to the Declaration of Anne B. Shaver in Support of Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* (Dkt. 881) ("Shaver Decl. Exhibits"), as set forth below and reflected in the proposed redacted and highlighted versions of these exhibits.  I have reviewed these documents, and I believe there is good cause to maintain under seal the portions set forth below.  These portions contain and reflect information designated by Apple as CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered by the Court on January 24, 2012 (Dkt. 107).

3.      Apple seeks to seal portions of **Shaver Decl. Exhibit 1 (deposition excerpts of Sergey Brin)** as reflected in the highlighted version of the exhibit filed with Defendants' Joint Response.  The proposed redacted portions disclose personal identifying information of a former Apple employee.

4.      Apple seeks to seal the following highly confidential, competitively sensitive information contained in **Shaver Decl. Exhibit 13, the November 25, 2013 Expert Report of Professor Kevin M. Murphy**:

- Paragraph 20 (redacted portions) discloses Apple's sources and magnitude of employee hiring and reflects its highly confidential employee hiring strategies;

- Exhibit 2 discloses Apple's sources of employee hiring and reflects its highly confidential employee hiring strategies;

- Exhibit 3 discloses Apple's sources of employee hiring and highly confidential employee data and reflects its highly confidential employee hiring strategies; and

- Exhibit 5 discloses Apple's highly confidential employee data.

5.  Apple seeks to seal the following highly confidential, competitively sensitive information contained in **Shaver Decl. Exhibit 17, the December 11, 2013 Reply Expert Report of Matthew Marx, Ph.D.**:

- Exhibit 3 discloses Apple's confidential information regarding the number and classification of certain employees.

6.  Apple seeks to seal the following highly confidential, competitively sensitive information contained in **Shaver Decl. Exhibit 18, the October 28, 2013 Initial Merits Expert Report of Edward E. Leamer**:

- Page 5, figure 2 (line pertaining to Apple) discloses the total compensation of the Apple employees in the class and reflects Apple's highly confidential employee data.

7.  Apple seeks to seal the following highly confidential, competitively sensitive information contained in **Shaver Decl. Exhibit 19, the December 11, 2013 Reply Expert Report of Edward E. Leamer**:

- Page 3, table 1 (line pertaining to Apple) discloses the total compensation of the Apple employees in the class and reflects Apple's highly confidential employee data;

- Pages 36-37, figures 9, 10, and 11 depict scatter diagrams comparing the age and total compensation of Apple employees and reflect Apple's highly confidential employee data;

- Page 38, paragraphs 64 and 65 (redacted numbers) disclose the purported amount of increases in compensation at Apple and reflect Apple's highly confidential employee data;

- Page 40, figure 12 reflects predicted earnings at Apple by age and year, based on Apple's highly confidential employee data; and

- Page 76, Appendix A, paragraph 3 discloses the salary range for employees with a particular job title and reflects Apple's highly confidential employee data.

8.      Apple seeks to seal portions of **Shaver Decl. Exhibit 278 (231APPLE002150)** as reflected in the highlighted version of the exhibit filed with Defendants' Joint Response.  The proposed redacted portions disclose personal identifying information of a former Apple employee.

9.      Apple seeks to seal portions of **Shaver Decl. Exhibit 279 (231APPLE002151)** as reflected in the highlighted version of the exhibit filed with Defendants' Joint Response.  The proposed redacted portions disclose personal identifying information of a former Apple employee.

10.      Apple seeks to seal portions of **Shaver Decl. Exhibit 281A (231APPLE002217-19)** as reflected in the highlighted version of the exhibit filed with Defendants' Joint Response.  The proposed redacted portions disclose personal identifying information and contact information of an Apple job applicant.

11.      As set forth in the Declaration of Mark Bentley Pursuant to Civil Local Rule 79-5(d) in Support of Administrative Motion to File Under Seal at ¶ 4 (Dkt. 204) and the Declaration of Steven Burmeister in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification at ¶ 11 (Dkt. 215-4), the information Apple seeks to redact from the documents set forth above is extremely sensitive, and Apple considers it to be, and treats it as, highly confidential, proprietary, and competitively sensitive.  Apple does not disclose this information publicly, to third parties, or even to most Apple employees, and limits its disclosure to employees who require it to carry out their job duties.  Apple derives an economic benefit from maintaining the confidentiality of this information and would suffer serious competitive harm if it were disclosed because Apple's competitors, potential business partners, and other third parties would gain detailed information and insight into its confidential and proprietary business strategies, compensation strategies and practices, and recruiting strategies.  Public disclosure of this information would put Apple at a significant disadvantage with respect to recruiting, hiring, and compensating its employees.  Apple would therefore be prejudiced if this information were made available to the general public.

1    12.     Because these portions of the exhibits cannot be publicly disclosed without

2    causing serious harm, as described above, Apple requests that they be maintained under seal and

3    redacted from the publicly-filed versions of the documents.

4           I declare under penalty of perjury under the laws of the United States that the above is true

5    and correct.

6           Executed on April 21, 2014, in San Francisco, California.

7

8           By:  /s/ Christina J. Brown
                 Christina J. Brown
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28