MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
EDWARD D. JOHNSON (SBN 189475)
wjohnson@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
ANNE M. SELIN (SBN 270634)
aselin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:   (650) 331-2000
Facsimile:   (650) 331-2061

*Attorneys for Defendant
Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF ANNE M. SELIN IN SUPPORT OF DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL REGARDING FILINGS RELATED TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTIONS *IN LIMINE*** |

I, Anne M. Selin, declare as follows:

1. I am an attorney with the law firm of Mayer Brown LLP, counsel for Defendant Google, Inc. ("Google") in the above-captioned matter. I am admitted to practice law before this Court. I submit this declaration in support of Defendants' Joint Response to Plaintiffs' Administrative Motion to Seal Regarding Filings Related to Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* that is being filed concurrently herewith. As an attorney involved in the defense of this action, unless otherwise stated, I have personal knowledge of the

1

facts stated in this declaration and if called as a witness I could and would competently testify to them.

2. Google has identified and made specific and narrowly tailored redactions to discrete portions of Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* ("Plaintiffs' Opposition to Motions *In Limine*"), as well as certain exhibits to the Declaration of Anne B. Shaver In Support of Plaintiffs' Opposition to Defendants' Joint Motions *In Limine* ("Shaver Declaration Exhibits"). These discrete portions are identified in detail in paragraph 4-11 below and contain confidential and highly sensitive details about Google's compensation and recruiting practices, as well as Google's contracts related to its business collaborations.

3. The basis for Google's proposed redactions, identified in paragraphs 4-11 below, can be found in the Declarations of Frank Wagner (Google's Director of Compensation) that were filed on October 9, 2012, November 12, 2012, and December 18, 2012 (ECF Nos. 201, 221, and 261 respectively), the Declaration of Laszlo Bock (Google's Senior Vice President of People Operations) filed on January 25, 2013 (ECF No. 319-3), and the Declaration of Omid Kordestani (Google Advisor and former Senior Vice President) that was filed on February 21, 2014 (ECF No. 666). In his declarations, Mr. Wagner describes the competitive harm that Google would suffer if certain highly confidential and highly sensitive details about Google's compensation, hiring, and recruiting practices that reflect Google's internal deliberations and business strategy related to how Google recruits and how Google sets and structures compensation (including salary, bonus and equity) for its employees were made public. Mr. Bock's declaration describes the competitive harm that Google would suffer if the manner in which Bill Campbell has been, and continues to be, compensated for his work as a senior advisor to Google were made public. Finally, Mr. Kordestani's Declaration describes the competitive harm that Google would suffer if certain highly confidential and highly sensitive details about Google's contracts related to its business collaborations were made public.

### Google's Confidential Information in Plaintiffs' Opposition to Motions *In Limine* and Shaver Declaration Exhibits

4. The following portions of **Plaintiffs' Opposition to Motions *In Limine*** filed on April 17, 2014 contain highly confidential and sensitive information related to the amount and nature of Bill Campbell's compensation for his work as a senior advisor to Google: Page 19, lines 1-3.

5. The following portions of **Shaver Declaration Exhibit 1** (excerpts from the March 19, 2013 deposition of Sergey Brin) contain personally identifying information of a third-party: Pages 111:24, 112:3,6,13; 113:2,3.

6. The following portions of **Shaver Declaration Exhibit 13** (the November 25, 2013 Expert Report of Kevin Murphy) contain highly confidential information and details about Google's compensation and recruiting and retention strategies for its employees:

   a) Paragraph 86 (text in last sentence that begins after "total compensation at Google" and that ends before "from 2010 to 2011")

   b) Paragraph 88 (text in second sentence that begins after "mean base salaries at Google," and text in third sentence starting after "(i.e., stocks and options)")

   c) Exhibit 4 on Page 40 (related to Google's base salary and total compensation in 2003)

   d) Footnote 128 (last sentence)

   e) Footnote 130 (figures related to Google employee attrition only)

7. The following portions of **Shaver Declaration Exhibit 14** (the December 6, 2013 Expert Report of Edward Snyder) contain highly confidential compensation and recruiting data, including details about Google's sources for new hires and recruiting strategies and details about Google's hiring from and employee attrition to Intel:

   a) Paragraph 36

   b) Paragraph 39(ii)

   b) Exhibit 3a (figures pertaining to Google only).

8. The following portion of **Shaver Declaration Exhibit 15** (the November 25, 2013 Expert Report of Eric Talley) contains highly confidential data related to Google's sources of new hires:

    a) footnote 75 (page 19).

9. The following portions of **Shaver Declaration Exhibit 17** (the December 11, 2013 Reply Expert Report of Matthew Marx) contain highly sensitive and highly confidential details of Google's business collaborations and its recruiting strategies:

    a) Paragraph 31

    b) Paragraphs 33-34.

10. The following portions of **Shaver Declaration Exhibit 18** (the October 28, 2013 Expert Report of Edward Leamer) contain highly contains highly confidential class summary data:

    a) Page 5, Figure 2 (only columns 3, 4 and 5 pertaining to Google).

11. The following portions of **Shaver Declaration Exhibit 19** (the December 11, 2013 Expert Report of Edward Leamer) contain highly confidential information and details about Google's compensation for its employees:

    a) Table 1 (columns 3, 4 and 5 pertaining to Google)

    b) Figure 8 (both charts pertaining to Google salaries)

    c) Figure 14, Page 44 (regarding average total compensation)

    d) Paragraph 5 of Appendix A on page 77 (dollar figures only pertaining to salary ranges).

12. Based on the declarations submitted by Frank Wagner (ECF Nos. 201, 221, 261), Laszlo Bock (ECF No. 319-3), Omid Kordestani (ECF No. 666), the information identified in Paragraphs 4-11 above is highly confidential and highly sensitive commercial information, from which Google derives economic benefit by maintaining its confidentiality. Google does not disclose this information to its competitors, customers or the general public. *Id.* Public disclosure of this information would likely result in competitive harm to Google by giving third parties, including its competitors, direct insight into confidential and sensitive aspects of

Google's internal decision-making processes and business strategy related to employee compensation and recruiting and into contracts related to Google's business collaborations. *Id.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 21, 2014 in Palo Alto, California. /s/     Anne M. Selin
                                                            Anne M. Selin