Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |

On May 1, 2014, this Court held a hearing on Plaintiffs' motion for an order granting approval of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Costs, and Service Awards. Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court hereby grants Class Counsel's request.

## I. The Requested Award of Attorneys' Fees is Appropriate

Plaintiffs seek attorneys' fees of $5,000,000, reflecting twenty-five percent of the common Settlement Funds. Under the common fund doctrine, 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007) (quoting *Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003)); *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). Where, as here, the parties establish a common fund to settle a class action, courts have discretion to choose either the "percentage" method or the "lodestar/multiplier" method to determine a reasonable attorneys' fee. *See Hanlon v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 109 F.3d 602, 607 (9th Cir. 1997). The Ninth Circuit has held that, regardless of whether a court "applies the lodestar or the percentage method, 'we require only that fee awards in common fund cases be *reasonable* under the circumstances.'" *Id.* (quoting *Florida v. Dunne,* 915 F.2d 542, 545 (9th Cir. 1990)) (emphasis in original); *see Staton,* 327 F.3d at 963.

Under the percentage method, Plaintiffs' request for attorneys' fees in the amount of twenty-five percent of the Settlement Funds is in line with the bench mark in this Circuit. *Paul, Johnson*, *Alston & Hunt v. Granulty*, 886 F.2d 268, 272 (9th Cir. 1989). The Court finds that it is reasonable to award Class Counsel twenty-five percent of the Settlement Funds based on the following factors: 1) the excellent result obtained for the class; 2) the risk incurred by Class Counsel in prosecuting this complex case; 3) Class Counsel's skills and experience; 4) the burden on Class Counsel of litigating this case on a contingency basis; and 5) the modest size of the fee request as compared to the market rate for fees as a percentage of common funds in other class settlements. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re Heritage Bond Litig.*,

2005 U.S. Dist. LEXIS 13555, at *64-74 (C.D. Cal. June 10, 2005).  A lodestar cross-check confirms that Class Counsel here seek attorneys' fees that are modest compared to their lodestar.

Only one Class member, Emma Merrell, objected to Plaintiffs' fee request, which was disclosed in the settlement notice sent to Class members.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010).  Ms. Merrell's objection expressed concern about the potential for a $10 million fee and cost award (the actual amount requested is $8.699 million, reflecting a request of $3.699 million in costs and $5 million in fees).  However, Ms. Merrell's objection did not take into account that the Settlements for which the costs and fees have been requested are in partial resolution of all of the claims in the case, with all claims against the remaining four Defendants continuing as of the time of the Settlements.  In addition, Ms. Merrell states her concern for the financial well-being of the Defendant that employed her and indicates that she does not believe the conduct at issue in this case affected her.  This suggests that the crux of her objection is not that she as a Class member should receive more from the Settlements, but that the case should not have been brought at all.  This is not a valid objection. *See*, *e.g.*, *Wren v. RGIS Inventory Specialists*, No. 06-05778-JCS, 2011 U.S. Dist. LEXIS 38667, at *40-41 (N.D. Cal. Apr. 1, 2011).

Accordingly, having considered the record in this case and the response of the Class, this Court finds Class Counsel's request for fees is reasonable.

**II.     Class Counsel's Request for Reimbursement of Litigation Expenses is Reasonable.**

Class Counsel submitted declarations reflecting $3,699,844.31 in litigation expenses incurred as of October 30, 2013, the date of Preliminary Settlement Approval.  These costs include:  (1) expert witness fees; (2) mediators' fees; (3) a document vendor to host the over 3 million pages of documents produced; (4) court reporting and videographer services for nearly 100 depositions taken by Plaintiffs in this case; (5) electronic research; (6) copying, mailing, and serving documents; and (7) case-related travel for Plaintiffs, witnesses, experts, and counsel. Class Counsel incurred these out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this litigation.  No Class member has filed any objection to Plaintiffs' expense reimbursement request, which was

disclosed in the settlement notice sent to Class members. The Court finds Class Counsel's request for reimbursement of litigation expenses is reasonable.

### III. The Service Award Payments to the Class Representatives are Fair and Reasonable.

Plaintiffs request approval of service awards to the Class Representatives in the amount of $20,000 each. The Court finds that the service awards to the Class Representatives are fair and reasonable under the *Staton* factors. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

First, the Class Representatives have expended substantial time and effort in pursuing this litigation, and in so doing have protected the interests of the Class. Class Representatives Michael Devine, Mark Fichtner, Daniel Stover, and Siddharth Hariharan submitted detailed declarations describing their contribution to the prosecution and settlement of this case, as well as the amount of time expended thereon. Dkt. Nos. 720-23. Class Counsel have submitted a similar declaration from attorney Dean M. Harvey on behalf of the estate of recently deceased Class Representative Brandon Marshall, describing Mr. Marshall's service to the Class before his death. Dkt. No. 726. The Class Representatives have described numerous efforts they undertook in this litigation, including providing assistance to Class Counsel regarding the initial investigation; preparing and reviewing the complaint; reviewing drafts of pleadings and other documents; gathering documents and other potential evidence about Defendants and their claims; assisting with various aspects of written and other discovery; discussing the strategy and progress of all mediations in the case; appearing for deposition; and participating in regular communications about the case. Dkt. Nos. 720 at ¶8; 721 at ¶8; 722 at ¶8; 723 at ¶8; 726 at ¶10. These efforts protected the interests of the Class by furthering Class Counsel's prosecution of the case.

Second, the Class has benefitted from the efforts of the Class Representatives. This litigation, and the resulting settlements, would not have been possible without the Class Representatives' willingness to serve in the role. Courts recognize that Class Representatives face some risk of retaliation, particularly in the employment context. *See Staton*, 327 F.3d at 977; *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, 2010 U.S. Dist. LEXIS 12762, *4 (S.D.N.Y. February 9, 2010) ("[F]ormer employees put in jeopardy their ability to depend on the employer

1    for references in connection with future employment."). In sworn statements, the Class
2    Representatives described the risks they took in filing such a case against companies of such
3    "prominence and power" in the "close-knit" high-technology industry. Dkt. Nos. 720 at ¶9; 721
4    at ¶9; 722 at ¶9; 723 at ¶9; *see also* Dkt. No. 726 at ¶11. In this case, Defendants served
5    subpoenas for employment records from the Class Representatives' current and former
6    employers, reinforcing the taint of this litigation against the Class Representatives across their
7    professional networks. Dkt. Nos. 720 at ¶9 (six subpoenas on non-party employers); 721 at ¶9
8    (two subpoenas on non-party employers); 722 at ¶9 (two subpoenas on non-party employers); 723
9    at ¶9 (nine subpoenas on non-party employers); *see also* Dkt. No. 726 at ¶11 (nine subpoenas on
10   non-party employers). Each Class Representative expressed a fear that other technology
11   companies or clients might not want to work with them in the future due to their role in this case.
12   Dkt. Nos. 720 at ¶9; 721 at ¶9; 722 at ¶9; 723 at ¶9; *see also* Dkt. No. 726 at ¶11. As each Class
13   Representative stated, "That risk will continue throughout my career." Dkt. Nos. 720 at ¶9; 721
14   at ¶9; 722 at ¶9; 723 at ¶9. Accordingly, absent Class members are able to participate in the
15   settlement without the risks that the Class Representatives faced.
16        In addition, the service awards here do not raise any prospect of improper coercion.
17   Unlike in *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013), each of these
18   five Class Representatives preserved the right to separately and independently support, object to
19   or comment upon any settlement. At no time was any Class Representative advised by Class
20   Counsel that his entitlement to a service award was conditioned on that Class Representative's
21   support for the settlements. Nor do the modest service awards requested in this case, which
22   amount to just 0.4 percent of the total recovery, create a conflict or potential conflict between the
23   Class Representatives and the Class, as in *Staton*, 327 F.3d at 975-78 or *Rodriguez v. W. Pub.*
24   *Corp.*, 563 F.948 (9th Cir. 2009). Finally, no Class member has objected to the requested service
25   awards.
26        In light of the record described above, the Court finds that the Class Representatives have
27   expended substantial time and effort in pursuing this litigation and have protected the interests of
28   the Class; and the Class has benefitted from the Class Representatives' actions with a monetary

settlement of $20 million. The requested service awards are therefore reasonable and fair.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. This Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class members, advising them of Class Counsel's intent to seek attorneys' fees and expenses, and service awards for the Class Representatives, and of their right to object thereto.

2. A full and fair opportunity was accorded to all such persons and entities to be heard.

3. Only one Class member objected to Class Counsel's request for attorneys' fees or expenses, or to the service awards, and that objection is overruled.

4. The Court hereby grants Plaintiffs' request for attorneys' fees at the bench mark of twenty-five percent of the Settlement Funds ($5,000,000), plus reimbursement of $3,699,844.31 in litigation expenses, for a combined total of $8,699,844.31. In addition, the Court hereby grants Plaintiffs' request for service awards in the amount of $20,000 each to Class Representatives Michael Devine, Mark Fichtner, Siddharth Hariharan and Daniel Stover, as well as to the estate of recently deceased Class Representative Brandon Marshall. The awarded attorneys' fees and costs and service awards shall be paid pursuant to the terms of the Settlement Agreements, with the amounts deducted from each of the two funds proportional to each fund's total.

Dated: _____       _____
                                                     LUCY H. KOH
                                                     United States District Judge