<pre>
 1                    UNITED STATES DISTRICT COURT

 2                  NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION

 4

 5

 6    IN RE: HIGH-TECH EMPLOYEE        )  C-11-02509 LHK
      ANTITRUST LITIGATION,           )
 7                                     )  SAN JOSE, CALIFORNIA
      _____     )
 8                                     )  MAY 1, 2014
      THIS DOCUMENT RELATES TO:       )
 9    ALL ACTIONS                     )  PAGES 1-37
      _____     )

10

11                    TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE LUCY H. KOH
12                  UNITED STATES DISTRICT JUDGE

13    A P P E A R A N C E S:

14    FOR THE PLAINTIFFS:   JOSEPH SAVERI LAW FIRM
                            BY:  JOSEPH SAVERI
15                               JAMES G. DALLAL
                            255 CALIFORNIA STREET, SUITE 450
16                          SAN FRANCISCO, CALIFORNIA  94111

17                          LIEFF, CABRASER,
                            HEIMANN & BERNSTEIN
18                          BY:  KELLY M. DERMODY
                                 BRENDAN P. GLACKIN
19                               DEAN M. HARVEY
                            275 BATTERY STREET, 30TH FLOOR
20                          SAN FRANCISCO, CALIFORNIA  94111

21

22              APPEARANCES CONTINUED ON NEXT PAGE

23    OFFICIAL COURT REPORTER:   LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24
             PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25              TRANSCRIPT PRODUCED WITH COMPUTER
</pre>

1    <u>APPEARANCES (CONTINUED)</u>

2

3    FOR DEFENDANT          JONES DAY
     INTUIT:                BY:  DAVID C. KIERNAN
4                           555 CALIFORNIA STREET, 26TH FLOOR
                            SAN FRANCISCO, CALIFORNIA  94104
5

6    FOR DEFENDANTS         COVINGTON & BURLING
     PIXAR AND             BY:  EMILY J. HENN
7    LUCASFILM:            333 TWIN DOLPHIN DRIVE, SUITE 700
                           REDWOOD SHORES, CALIFORNIA  94065
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1    SAN JOSE, CALIFORNIA                    MAY 1, 2014

2                   P R O C E E D I N G S

3        (COURT CONVENED AT 3:01 P.M.)

4            THE CLERK:  CALLING CASE NUMBER C-11-02509 LHK, IN

5    RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION.

6            MR. SAVERI:  GOOD AFTERNOON, YOUR HONOR.

7    JOSEPH SAVERI, JOSEPH SAVERI LAW FIRM ON BEHALF OF PLAINTIFFS.

8            MS. DERMODY:  GOOD AFTERNOON, YOUR HONOR.

9    KELLY DERMODY, LEIFF CABRASER.  WITH ME FROM MY FIRM IS

10   BRENDAN GLACKIN AND DEAN HARVEY.

11       AND ALSO FROM THE SAVERI FIRM IS JAMES DALLAL.

12           THE COURT:  OKAY.  GOOD AFTERNOON.

13           MR. KIERNAN:  GOOD AFTERNOON, YOUR HONOR.

14   DAVID KIERNAN ON BEHALF OF INTUIT.

15           THE COURT:  OKAY.  GOOD AFTERNOON.

16           MS. HENN:  GOOD AFTERNOON, YOUR HONOR.  EMILY HENN

17   FROM COVINGTON & BURLING FOR DEFENDANTS PIXAR AND LUCASFILM.

18           THE COURT:  OKAY.  GOOD AFTERNOON.

19       OKAY.  ARE THERE ANY UPDATES ON THE NUMBER OF CLAIM FORMS,

20   OPT OUTS, OR OBJECTIONS?

21           MS. DERMODY:  I'M SO GLAD YOU ASKED, YOUR HONOR.

22   YES, I HAVE AN UPDATE.

23           THE COURT:  OKAY.

24           MS. DERMODY:  AND I HAVE A REVISED PROPOSED ORDER

25   THAT REFLECTS SOME OF THOSE NUMBERS WHICH I'LL PASS UP AND I
```

1    CAN POINT OUT TO YOU.

2             THE COURT:  OKAY.  THANK YOU.

3             MS. DERMODY:  DEFENSE COUNSEL HAVE COPIES AS WELL.

4        SO, YOUR HONOR, IF YOU WOULD TURN TO PAGE 3, WHICH IS

5    PARAGRAPH 9, IT HAS AN UPDATED LIST OF WHO HAS TIMELY OPTED OUT

6    AND WHO HAS FILED CLAIMS.

7        YOU MIGHT NOTE THAT THE OPT OUT NUMBER OF TIMELY OPT

8    OUTS --

9             THE COURT:  HAS DECREASED.

10            MS. DERMODY:  -- HAS DECREASED.  AND WE HAD THE SAME

11   QUESTION.  IT TURNED OUT THAT THERE WERE A NUMBER OF PEOPLE WHO

12   SUBMITTED DUPLICATES, AND ONCE HEFFLER DID AN AUDIT OF WHO HAD

13   ACTUALLY OPTED OUT AND NOT JUST A COUNT OF WHAT WAS RECEIVED,

14   THEY DISCOVERED THESE DUPLICATES AND THE NUMBER WENT DOWN.

15            THE COURT:  I SEE.  SO THERE WERE 30 DUPLICATES IT

16   LOOKS LIKE.

17            MS. DERMODY:  THERE WERE QUITE A FEW, YES, YOUR

18   HONOR.

19            THE COURT:  OKAY.

20            MS. DERMODY:  AND THEN FOR THE CLAIMS, CLAIMS HAVE

21   GONE UP AND IT'S NOW 11,055 CLASS MEMBERS WHO HAVE FILED

22   CLAIMS.

23        THERE HAVE BEEN NO OBJECTIONS RECEIVED SINCE WE LAST

24   REPORTED, TIMELY OR UNTIMELY.

25            THE COURT:  OKAY.  SO THE SAME FIVE?

1          MS. DERMODY:  YES.  IN THE COUNT I GAVE YOU FOR THE

2     CLAIMANTS, THAT INCLUDES SOME PEOPLE WHO FILED CLAIMS LATE.

3          WE, AND THE SETTLING DEFENDANTS TOGETHER, HAVE DISCUSSED

4     OUR VIEW ON THAT AND WE WOULD REQUEST THAT THE COURT ACCEPT THE

5     LATE CLAIMS.

6          THE COURT:  YES.

7          MS. DERMODY:  GREAT.

8          THE COURT:  OKAY.  SO HOW MUCH WILL -- HAS THE WINDOW

9     NOW CLOSED TO SUBMIT A CLAIM FORM?

10         MS. DERMODY:  YES, YOUR HONOR.

11         THE COURT:  OKAY.  SO HOW MUCH WILL EACH CLAIMANT

12    GET?

13         MS. DERMODY:  SO IF YOU JUST DID A STRAIGHT AVERAGE

14    OF THE SETTLEMENT FUND AND THE CLAIMANTS --

15         THE COURT:  UM-HUM.

16         MS. DERMODY:  -- IT WOULD BE 1,809.  IF YOU INCLUDED

17    ALL OF THE FEES REQUESTED AND COSTS REQUESTED, THAT WOULD GO TO

18    995, AND WE CAN TALK ABOUT THAT, YOUR HONOR.

19         THE NUMBER -- THE AMOUNT OF THE CLAIM WILL BE AFFECTED BY

20    WHAT A PERSON'S BASE SALARY WAS.  SO THAT'S JUST AN AVERAGE.

21    IT REALLY IS JUST DIVISION.

22         THE COURT:  OKAY.  SO I'M A LITTLE BIT UNCLEAR.  SO

23    THE FUND IS 20 MILLION.

24         MS. DERMODY:  YES.

25         THE COURT:  AND YOU'RE ASKING FOR 100,000 FOR SERVICE

1    AWARDS.  YOU'RE ASKING FOR FEES OF 5 MILLION, AND COSTS OF

2    $3,699,844.41.

3              MS. DERMODY:  YES.

4              THE COURT:  SO THAT LEAVES $11,200,155.65.

5         AND ALL OF MY CALCULATORS ARE NOW UPSTAIRS.  DO WE HAVE

6    ANY --

7              MS. DERMODY:  THE ONLY -- THE ONLY THING MISSING FROM

8    MY CALCULATION, YOUR HONOR, OF THE 995 IS I DIDN'T INCLUDE THE

9    SERVICE AWARD NUMBER.  WE CAN REDO THE CALCULATION TO INCLUDE

10   THAT.

11             THE CLERK:  VIKRAM HAS GONE TO GET ONE.

12             THE COURT:  OH, OKAY.  THANK YOU.

13             MS. DERMODY:  BUT IT'LL BE A RANGE.  THERE WILL BE

14   SOME PEOPLE WHO MADE A LESS AMOUNT OF MONEY DURING THE CLASS

15   PERIOD WHO WORKED MAYBE ONLY A YEAR, SOME PEOPLE WORKED FOR

16   FOUR YEARS, AND SO THERE MIGHT BE A MIX ABOVE AND BELOW THAT.

17             THE COURT:  OKAY.  THANK YOU.

18        HM.  I'M NOT GETTING THE SAME NUMBERS.

19        WHAT -- SO I'M UNCLEAR.  I THOUGHT THAT THE -- HOW DO YOU

20   CALCULATE THE 1809?  OH, I SEE WHAT YOU'RE SAYING.  YOU'RE

21   SAYING 1809 IS --

22             MS. DERMODY:  20 MILLION DIVIDED BY 11,055.

23             THE COURT:  OH, I SEE.

24             MS. DERMODY:  I WAS JUST GIVING YOU A STRAIGHT, WHAT

25   DOES THAT LOOK LIKE IN TERMS OF THE, THE AWARD PER CLASS MEMBER

1    AND WHAT IS THE BENEFIT CONFERRED ON THEM, AND PART OF THE

2    BENEFIT CONFERRED ON THE CLASS MEMBER IS THAT THEY DIDN'T FRONT

3    ANY COSTS OR FEES FOR THE RESULT IN THE CASE.

4         SO SOME COURTS MIGHT CONSIDER THAT TO BE PART OF THEIR PRO

5    RATA ALLOCATION, IF YOU WILL I WANTED TO GIVE YOU BOTH NUMBERS

6    BECAUSE I THINK THE COURT MIGHT BE MORE INTERESTED IN WHAT THEY

7    ACTUALLY ARE GOING TO TAKE HOME.

8         THE COURT:  WELL, I GET 1,013 IF I TAKE $11,200,155

9    AND DIVIDE IT BY 11,055 PEOPLE.  SO WHERE ARE YOU --

10        MS. DERMODY:  OH, OKAY.  MR. HARVEY JUST ALERTED ME

11   THAT THERE WAS A -- A MATH MISTAKE IN TERMS OF THE COST NUMBER.

12        YOU'RE RIGHT, YOUR HONOR.  YOU'RE EXACTLY RIGHT.  IT'S A

13   HIGHER NUMBER THAN I GAVE YOU.

14        THE COURT:  OKAY.  SO IT'S THE 1,013.  OKAY.  WAS

15   THERE A DIFFERENCE IN THE NUMBER OF EITHER OPT OUTS OR CLAIMS

16   FOR THE LUCASFILM/PIXAR SETTLEMENT VERSUS THE INTUIT

17   SETTLEMENT?

18        MS. DERMODY:  NO, NO.  IN FACT, I DON'T THINK THERE

19   ARE EVEN MORE PEOPLE THAT WERE PICKY ABOUT -- IF THEY STAYED

20   IN, THEY STAYED IN TO BOTH, AND IF THEY OPTED OUT, THEY OPTED

21   OUT OF BOTH.

22        THE COURT:  OKAY.  NOW, I KNOW YOUR SETTLEMENT WITH

23   REGARD TO THE OTHER FOUR DEFENDANTS IS STILL CONFIDENTIAL, BUT

24   HOW ARE YOU GOING TO HANDLE FEES AND COSTS WITH WHAT YOU'RE

25   REQUESTING HERE?

1          MS. DERMODY:  WELL, IT WOULD BE -- I WOULD SEEK YOUR

2    GUIDANCE, YOUR HONOR, ACTUALLY.  I THINK OUR VIEW OF WHERE WE

3    ARE TODAY IS THAT CERTAINLY THE COST SUBMISSION, I THINK, IS

4    RIPE.  I THINK BOTH ARE RIPE, BUT I THINK THE COST SUBMISSION

5    IS RIPE AND WOULD BE APPROPRIATE TO PAY TODAY.

6          IT'S THE COSTS THAT WERE ACCRUED BEFORE PRELIMINARY

7    APPROVAL IN THIS CASE.

8          THE FEE NUMBER, YOUR HONOR MIGHT PREFER THAT WE DEFER

9    THAT, TO DECIDE THE FEE NUMBER ALL AT ONCE WITH THE NEXT

10   SETTLEMENT, AND I THINK WE WOULD BE AMENABLE TO THAT, YOUR

11   HONOR.

12         SO I THINK IT'S REALLY A QUESTION AS TO THE PREFERENCE THE

13   COURT HAS ABOUT WHAT IS THE RECORD UPON WHICH THE COURT IS

14   DETERMINING THE FEE.

15         WE WOULD CALL --

16          THE COURT:  WELL, THE RECORD HERE, I NEED

17   SUPPLEMENTATION, EVEN IF IT WERE JUST TO BE A DECISION ON THIS

18   CURRENT FEE REQUEST.

19          MS. DERMODY:  IT WOULD BE GREAT TO HEAR YOUR

20   THOUGHTS, YOUR HONOR --

21          THE COURT:  WHAT WOULD BE THE BENEFIT OF WAITING

22   UNTIL LATER?  THAT WOULD HOLD UP AT LEAST THE PAYMENT TO THE

23   CLASS MEMBERS.

24          MS. DERMODY:  YEAH.  I THINK, YOUR HONOR, THERE'S TWO

25   ORDERS THAT HAVE BEEN SUBMITTED TO THE COURT.  ONE IS THE FINAL

1    APPROVAL ORDER.

2        THE ONE I JUST PASSED UP TO YOU IS ABOUT DETERMINING

3    WHETHER THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE FOR

4    THE CLASS.

5            THE COURT:  OKAY.

6            MS. DERMODY:  WHETHER IT CAN BE APPROVED AND A

7    JUDGMENT CAN BE ENTERED AS TO THE CLASS CLAIMS AGAINST THESE

8    DEFENDANTS.  WE THINK THAT THERE'S A TERRIFIC RECORD TO SUPPORT

9    THAT AND THAT CAN BE DONE TODAY, FULL STOP.

10       THEN THERE'S ALSO THE QUESTION OF WHAT TO DO ABOUT THE

11   FEES, COSTS, AND SERVICE AWARDS.

12           THE COURT:  UM-HUM.

13           MS. DERMODY:  AGAIN, WE THINK THAT THE RECORD IS

14   THERE TO SUPPORT THAT.  I UNDERSTAND THERE MIGHT BE SOME

15   QUESTIONS.

16       BUT HAVING BEEN IN A POSITION NOW OF LOOKING AT WHAT'S

17   GOING TO BE HAPPENING NEXT AND WHETHER THE COURT WANTS TO

18   CONSIDER ALL OF THAT IN TERMS OF THE FEE AWARD, WE WOULD BE

19   WILLING TO DEFER OUR REQUEST FOR THE FEE AWARD UNTIL THE

20   SETTLEMENT IS --

21           THE COURT:  I DON'T THINK THERE'S A NEED TO DO THAT.

22   WHAT IF I DON'T ACCEPT YOUR SETTLEMENT WITH THE OTHER

23   DEFENDANTS?

24           MS. DERMODY:  OKAY.  YES, YOUR HONOR.  I MEAN, WE --

25   WE WANTED TO ASK YOUR GUIDANCE ON THAT.

```
 1              THE COURT:  THEY'RE IN A DIFFERENT POSITION THAN
 2    THESE FOLKS.
 3              MS. DERMODY:  THAT'S ABSOLUTELY TRUE, YOUR HONOR,
 4    YES.
 5              THE COURT:  THEY ARE POST SUMMARY JUDGMENT; THEY ARE
 6    POST NINTH CIRCUIT DENIAL OF INTERLOCUTORY APPEAL OF MY CLASS
 7    CERTIFICATION ORDER; THEY ARE POST DAUBERT.  THEY'RE IN A
 8    DIFFERENT BOAT THAN THESE FOLKS.
 9              MS. DERMODY:  SO THAT TAKES US BACK TO YOUR QUESTION,
10    YOUR HONOR, ABOUT WHAT ELSE YOU WOULD WANT TO SEE TO MAKE A
11    DECISION NOW SO WE CAN DO WHAT THE COURT WOULD LIKE.
12              THE COURT:  OKAY.  WELL, I AM NOT GOING TO TREAT THIS
13    CASE ANY DIFFERENTLY THAN ANY OTHER CLASS ACTION.  I REQUIRE
14    THE CONTEMPORANEOUS BILLING RECORDS BECAUSE I DO WANT TO DO A
15    LODESTAR CHECK.
16        I SAW YOUR DECLARATION, PARAGRAPH 16, WHICH SAYS, "WELL,
17    THESE ARE MY FIRM'S BILLING RATES."  I DON'T KNOW WHAT THAT
18    MEANS.  DOES THAT MEAN THAT'S WHAT YOU WOULD CHARGE A PRIVATE
19    CLIENT?  IS THAT WHAT'S BEEN APPROVED BY OTHER COURTS?
20        I -- YOU KNOW, I'M JUST -- I MEAN, I AM OBVIOUSLY MORE
21    FAMILIAR WITH WHAT THE PLAINTIFFS' ATTORNEYS HAVE DONE IN THIS
22    CASE BECAUSE IT'S BEEN SO HEAVILY LITIGATED, SO, YOU KNOW, IN
23    SOME SENSE LESS PROOF IS REQUIRED.
24        BUT ON THE OTHER HAND, I DON'T SEE ANY REASON WHY I SHOULD
25    TREAT THIS ONE DIFFERENTLY THAN ANY OTHER CASE WHERE I WOULD
```

```
 1      REQUIRE CONTEMPORANEOUS BILLING RECORDS TO BE SUBMITTED FOR THE
 2      LODESTAR CHECK.  I WOULD REQUIRE MORE SPECIFICS AS TO WHERE THE
 3      BILLING RATES ARE JUSTIFIED.
 4          NOW, I'M NOT SAYING I'M DISPUTING OR WILL NOT ACCEPT THE
 5      RATES.  I JUST, YOU KNOW -- ALSO, IN THE EVENT --
 6          LET ME FIRST START OFF, ARE ANY OF THE SIX INDIVIDUALS WHO
 7      SUBMITTED OBJECTIONS AND STATEMENTS PRESENT?  I KNOW THEY SAID
 8      THEY WERE GOING TO BE PRESENT.  LET ME -- ERIC GROSSE,
 9      EMMA MERRELL, TOM SANOCKI, JEFFREY BROWN, CONRAD MINSHALL, ARE
10      ANY OF THEM PRESENT?  I KNOW THAT AT LEAST ONE OF THEM SAID
11      THEY WERE DEFINITELY GOING TO BE HERE.
12          ANYONE ELSE HERE WHO WANTED TO SPEAK ABOUT THIS
13      SETTLEMENT?
14          ALL RIGHT.  THE RECORD SHOULD REFLECT THAT IT'S NOW 3:13.
15      THIS HEARING WAS SET AT 1:30, AND NONE OF THE INDIVIDUALS WHO
16      SUBMITTED OBJECTIONS ARE PRESENT AND NO ONE ELSE HAS STATED AN
17      INTEREST IN SPEAKING UP ABOUT THIS SETTLEMENT.
18          MS. DERMODY:  YOUR HONOR, MAY I ADDRESS WHAT YOU JUST
19      RAISED IN TERMS OF THE DECLARATION AND THE COST APPLICATION?
20          THE COURT:  YEAH.
21          MS. DERMODY:  I WANT TO MAKE SURE I KNOW WHAT
22      PARAGRAPH YOU WERE ADDRESSING.  SO JUST TO BE SURE, PARAGRAPH
23      16 --
24          THE COURT:  SURE.
25          MS. DERMODY:  -- REFERS TO EXHIBIT 8.  EXHIBIT 8 HAS
```

1    THE HOURS AND THE RATES IN OTHER CASES THAT I'VE PERSONALLY

2    BEEN IN IN THE NORTHERN DISTRICT.

3              THE COURT:  YEAH.

4              MS. DERMODY:  THIS SUMMARY SUBMISSION HAS BEEN

5    ACCEPTABLE TO OTHER JUDGES -- NOT THAT IT SHOULD BE TO YOU,

6    YOUR HONOR -- BUT I JUST WANTED TO MAKE SURE THAT IT WAS CLEAR

7    THAT THIS WAS NOT JUST THE RATES, BUT ACTUALLY THE HOURS SPENT

8    BY THESE TIME KEEPERS IN THIS CASE.

9              THE COURT:  OKAY.

10             MS. DERMODY:  AND THAT THE COURT WAS AWARE THAT WE

11   DID SUBMIT THAT SO THE COURT COULD SEE EXACTLY WHO BILLED WHAT

12   AT WHAT RATE.

13         IF YOUR HONOR WOULD LIKE US TO ALSO SUBMIT --

14             THE COURT:  OH, I SEE WHAT YOU'RE SAYING, THAT THAT

15   HAS BEEN PAID BY YOUR HOURLY PAYING CLIENTS.

16             MS. DERMODY:  YES.

17             THE COURT:  OKAY.  I FIND THAT TO BE PERSUASIVE.

18             MS. DERMODY:  AND IN PARAGRAPH 8 IT SHOWS THE SUMMARY

19   OF WHAT THE BILLINGS WERE.

20         AND JUST TO AGAIN MAKE SURE I UNDERSTAND, IF THE COURT

21   DOES HAVE A CONCERN ABOUT THIS, DID YOU WANT THE DETAILED

22   BACKUP, YOUR HONOR?  OR WOULD THIS -- IS THIS SUFFICIENT FOR

23   THE FIRM TO BE SHARING WITH YOU, THAT THIS IS WHAT THIS TIME

24   KEEPER BILLED AT THIS BILLING RATE?

25         AGAIN, THIS IS -- IT WOULD BE UNUSUAL IN THIS DISTRICT, IN

1   MY PERSONAL EXPERIENCE, TO BE PROVIDING THE BACKUP AND WE WOULD

2   REQUEST THAT IT BE SUBMITTED UNDER SEAL IN CAMERA BECAUSE IT'S

3   WORK PRODUCT PRIVILEGE.

4           THE COURT:  UM-HUM.

5           MS. DERMODY:  BUT IF THAT'S WHAT THE COURT WOULD

6   LIKE, OF COURSE WE WOULD DO THAT.  I JUST WANT TO MAKE SURE

7   THAT THAT'S THE CONCERN THE COURT IS RAISING.

8           THE COURT:  OKAY.  WELL, AS FAR AS THE BILLING RATES,

9   I DIDN'T READ PARAGRAPH 16 CLOSELY ENOUGH.  I FOCUSSED MORE ON

10  THE FIRST SENTENCE, WHICH JUST SAYS THESE ARE THE CURRENT

11  RATES.

12      YOU SAY THAT IS YOUR RATE STRUCTURE.  THOSE EXACT HOURLY

13  RATES ARE PAID BY HOURLY PAYING CLIENTS?

14          MS. DERMODY:  YES.  THAT'S WHAT I CHARGE, YOUR HONOR.

15          THE COURT:  OKAY.  ALL RIGHT.  AND THAT'S TRUE FOR

16  THE OTHERS THAT ARE LISTED ON EXHIBIT 8?

17          MS. DERMODY:  YES, ABSOLUTELY.

18          THE COURT:  ALL RIGHT.  WELL, I'M SATISFIED THEN ON

19  THE BILLING RATE.

20          MR. SAVERI:  AND, YOUR HONOR --

21          THE COURT:  YES?

22          MR. SAVERI:  YOUR HONOR, IF I MAY, THAT SUBMISSION

23  THAT MS. DERMODY WAS REFERRING TO WAS FOR THE LEIFF CABRASER

24  FIRM.

25      IF YOU LOOK AT THE OTHER LAWYERS THERE, THERE ISN'T

```
 1      SIMILAR INFORMATION --

 2              THE COURT:  I KNOW.

 3              MR. SAVERI:  -- IN THE RECORD.

 4              THE COURT:  WE'RE GOING TO GET THERE.

 5              MR. SAVERI:  AND SO I -- WE SUBMITTED --

 6              THE COURT:  YOU'RE INCLUDED IN THE LEIFF CABRASER --

 7      YOU'RE INCLUDED IN THE LEIFF CABRASER HOURLY RATE, EXHIBIT 8?

 8              MR. SAVERI:  WHEN I WAS -- AND THAT'S --

 9              MS. DERMODY:  AND HERE.

10              MR. SAVERI:  THAT'S MY TIME WHEN I WAS A PARTNER OF

11      MS. DERMODY'S.

12              THE COURT:  OKAY.

13              MR. SAVERI:  SO I HAVE ADDITIONAL TIME THAT -- AND

14      THERE ARE OTHER LAWYERS IN THE CASE THAT HAVE NOT SUBMITTED THE

15      SAME DETAIL THAT MS. DERMODY SUBMITTED FOR HER FIRM.

16          I'M CERTAINLY PREPARED TO DO THAT.  I CAN DO THAT TODAY.

17      I HAVE A DECLARATION TO THAT EFFECT.

18              THE COURT:  WELL, WHY WAS IT ONLY LEIFF CABRASER THAT

19      SUBMITTED THIS INFORMATION?  IS IT JUST BECAUSE THAT EXCEEDS

20      THE 5 MILLION?

21              MS. DERMODY:  ABSOLUTELY.

22              THE COURT:  AND SO YOU THOUGHT IT WASN'T NECESSARY TO

23      DO THE REST?

24              MS. DERMODY:  ABSOLUTELY.  I UNDERSTOOD THAT YOUR

25      HONOR, WHO IS SO FAMILIAR WITH THIS CASE, HAS SEEN PROBABLY
```

1   MORE OF US THAN YOU WOULD EVER LIKE TO SEE AGAIN AND KNEW THAT

2   THERE WAS A LOT MORE WORK BEING DONE BY A LOT MORE PEOPLE, THAT

3   YOU WOULD HAVE A SENSE OF THE DIMENSION HERE, THAT WE'RE

4   TALKING ABOUT QUITE A DEGREE HIGHER THAN THAT.  SO WE JUST

5   DIDN'T GO TO THE TROUBLE OF COLLECTING ALL THAT INFORMATION.

6        BUT OF COURSE IF YOUR HONOR IS CONCERNED, WE WILL DO THAT

7   RIGHT AWAY.

8             MR. SAVERI:  AND JUST SO THE RECORD IS CLEAR, I'M

9   PREPARED TO HAND YOU A DECLARATION RIGHT NOW OR MAKE WHATEVER

10  REPRESENTATION THE COURT WOULD REQUIRE WITH RESPECT TO THAT.

11            THE COURT:  WELL, I'M ACTUALLY -- I MEAN, I WAS GOING

12  TO ASK YOU, WHAT WAS THE ROLE OF BERGER & MONTAGUE AND

13  GRANT & EISENHOFER?  OTHER THAN PUTTING UP MONEY FOR THE COSTS?

14  WHAT WAS THEIR ROLE?

15            MS. DERMODY:  SO THEIR ROLE, YOUR HONOR, WAS A ROLE

16  THAT'S COMMON IN A CASE THAT'S THIS LARGE WHERE THEY DID AN

17  EXTRAORDINARY AMOUNT OF ASSISTANCE WITH DOC REVIEW; PREPARING

18  FOR DEPOSITIONS; THEY WERE INVOLVED IN THE TAKING OF SOME

19  DEPOSITIONS, INCLUDING SOME EXPERTS WHERE THEY FIRST CHAIRED;

20  THEY WERE INVOLVED IN SOME VERY MAJOR STRATEGY QUESTIONS DURING

21  THE CASE; THEY DID THE DRAFTING OF CERTAIN BRIEFS, INCLUDING

22  THE MOTIONS IN LIMINE WORK.

23        AND SO THEY WERE -- THEY WERE PART OF OUR TEAM.  THEY

24  WEREN'T THE EVERY DAY CAPTAINS OF THE TEAM, BUT THEY CERTAINLY

25  DID A LOT OF HEAVY LIFTING THROUGHOUT THE CASE.

```
 1              THE COURT:  SO, YOU KNOW, MY EARLIER QUESTION ABOUT

 2      HOW YOU WERE GOING TO DEAL WITH FEES AND COSTS IS THAT IF YOU

 3      DON'T BREAK IT DOWN, I DON'T KNOW WHAT I AM COMPENSATING WITH

 4      THIS 5 MILLION VERSUS WHAT WOULD BE COMPENSATED BY ANY

 5      ADDITIONAL ATTORNEYS' FEES AWARD.  DO YOU SEE WHAT I'M SAYING?

 6              IF I HAVE NO BREAKDOWN OF WHAT WORK OF THE 8 MILLION THAT

 7      YOU'VE ASSERTED HAS BEEN SPENT ON LITIGATING THIS CASE BY

 8      LEIFF CABRASER, ARE YOU JUST GOING TO SAY THIS IS THE 8,

 9      SUBTRACT 5, AND THEN I'M GOING TO ASK FOR THE ADDITIONAL 3 IN

10      THE OTHER SETTLEMENTS AND THEN THE OTHER LAW FIRMS ARE GOING TO

11      COME IN AND ASK FOR THEIR FEES?  I'M JUST UNCLEAR.

12              MS. DERMODY:  SURE, YOUR HONOR.

13          I MEAN, AGAIN, THIS -- WHATEVER THE COURT WOULD LIKE IS

14      WHAT WE WILL ABSOLUTELY DO.

15          I THINK WE WERE INFORMED BY THE NINTH CIRCUIT PRECEDENT ON

16      THE 25 PERCENT BENCHMARK --

17              THE COURT:  UM-HUM.

18              MS. DERMODY:  -- AND STRIVING TO SHOW THE COURT WE

19      WEREN'T ASKING FOR ANY MULTIPLIER ON THAT, OR INCREASE ON THAT

20      BENCHMARK, THAT WE UNDERSTOOD THAT THERE IS GENERALLY A GOOD

21      PRACTICE OF HAVING A MULTIPLIER -- A LODESTAR CROSSCHECK ON THE

22      BENCHMARK --

23              THE COURT:  UM-HUM.

24              MS. DERMODY:  -- NOT ALWAYS REQUIRED.

25          IN FACT, SOME COURTS IN THIS DISTRICT DON'T REQUIRE THAT
```

1      IF PEOPLE AREN'T ASKING TO INCREASE ABOVE THE 25 PERCENT.

2          BUT NEVERTHELESS, WE WANTED TO GIVE THE COURT SOME COMFORT

3      THAT WE WEREN'T HAVING SOME ENORMOUS WINDFALL.

4          BUT I THINK CERTAINLY IF THE COURT PAYS OUT SOME PART OF

5      THE FEE HERE, I THINK THAT WE WILL COME BACK, IF I CAN PREVIEW

6      THIS, AND BE IN SORT OF THE SAME POSTURE AROUND THE NINTH

7      CIRCUIT CASE LAW IN ATTORNEYS' FEES, THAT WE WILL START WITH

8      WHAT THE BENCHMARK IS, AND THEN ALSO PRESENT A RECORD, I THINK

9      IN THAT SITUATION, LIKELY MUCH FULLER THAN THIS ONE, BUT TO

10     SHARE WITH THE COURT OUR VIEW OF WHAT THE CONTRIBUTION WAS AND

11     WHAT THE ACTUAL WORK WAS IN THE CASE.

12          THE COURT:  I'LL SEE THE RECORDS THEN, BECAUSE I --

13     IF YOU'RE SAYING, "NO, I'M JUST GOING TO SUBMIT THE SAME THING,

14     BUT WITH A LITTLE MORE DETAIL LATER ON AND ASK FOR MORE MONEY

15     FOR THE SAME WORK --"

16          MS. DERMODY:  OH, NO, YOUR HONOR, ABSOLUTELY NOT.

17     I'M SORRY.

18          THE COURT:  I DON'T SEE, WHY SHOULD YOU BE TREATED

19     ANY DIFFERENTLY?  I REQUIRE -- I REQUIRE CONTEMPORANEOUS

20     BILLING RECORDS IN EVERY CLASS ACTION WHERE I APPROVE

21     ATTORNEYS' FEES, SO WHY SHOULD YOU ALL BE EXEMPTED FROM THAT?

22          MS. DERMODY:  LAST TIME WE HAD A SETTLEMENT APPROVED

23     BY YOU IN ONE OF MY CASES, YOUR HONOR, WE SUBMITTED EXACTLY

24     THIS FORM THAT IS IN --

25          THE COURT:  IS THAT BUCCELLATO, WHICH WAS MY FIRST

```
1     ONE HERE ON THE BENCH?

2            MS. DERMODY:  YEAH.

3            THE COURT:  I DO NOT DO THAT ANYMORE.

4            MS. DERMODY:  I JUST -- I DIDN'T MEAN TO SUGGEST THAT

5     YOU HAVE TO DO IT THAT WAY.

6            THE COURT:  YEAH, I DON'T.

7            MS. DERMODY:  YES.

8            THE COURT:  I DON'T.  I DON'T SEE ANY REASON WHY YOU

9     SHOULD GET SPECIAL TREATMENT.

10           MS. DERMODY:  THEN YOU'RE RIGHT, YOUR HONOR, WE

11    SHOULDN'T GET SPECIAL TREATMENT.  IF WHAT YOU WANT IS

12    CONTEMPORARY BILLING RECORDS --

13           THE COURT:  AND ESPECIALLY IF YOU ARE GOING TO COME

14    BACK IN A MONTH AND ASK FOR THE SAME LODESTAR.

15           MS. DERMODY:  ABSOLUTELY, YOUR HONOR.

16           THE COURT:  ESPECIALLY IF YOU ARE GOING TO COME BACK

17    ASKING FOR MORE.

18           MS. DERMODY:  WE CAN GET THAT TO YOU RIGHT AWAY.

19    THAT'S NOT A PROBLEM, YOUR HONOR.

20           THE COURT:  I SHOULD SEE THAT.

21           MS. DERMODY:  AGAIN, I WOULD JUST ASK IF WE CAN HAVE

22    PERMISSION TO FILE THAT IN CAMERA UNDER SEAL TO PROTECT THE

23    WORK PRODUCT PRIVILEGE THAT SHOWS ALL THE --

24           THE COURT:  THAT'S FINE.

25           MS. DERMODY:  THANKS.
```

1          THE COURT:  THAT'S FINE.

2          I MEAN, IF THERE WERE OBJECTORS, THEN I WOULD SAY YOU

3     CAN'T FILE IT IN CAMERA AND UNDER SEAL BECAUSE I THINK THEY

4     HAVE A RIGHT TO KNOW WHAT THEY'RE OBJECTING TO AND WHETHER

5     THEIR OBJECTION -- TO REALLY PROVIDE A BASIS FOR THEIR

6     OBJECTION.

7          I DON'T ALLOW THAT TO BE UNDER SEAL AND IN CAMERA IN OTHER

8     CASES.

9          NOW, I'M NOT SAYING IT HAS TO BE DETAILED.  IT COULD JUST

10    BE, YOU KNOW, "REVIEWED E-MAIL."  IT DOESN'T HAVE TO GIVE ANY

11    WORK PRODUCT OR PRIVILEGED INFORMATION IN IT.  I KNOW THAT

12    WOULD BE REALLY DIFFICULT IN THIS CASE BECAUSE IT'S BEEN GOING

13    ON FOR THREE YEARS ALMOST.

14          MS. DERMODY:  IT'S A BIT OF A ROADMAP TO HOW WE -- I

15    MEAN, AT LEAST IN MY OWN FIRM'S BILLING RECORDS, I'M FAMILIAR

16    WITH HAVING A PAINT-BY-NUMBERS ON HOW WE APPROACH THE CASE.

17          THE COURT:  YEAH.

18          MS. DERMODY:  AND IT SAYS IF -- IF I CALLED MS. HENN

19    OR MR. KIERNAN ABOUT SOMETHING, THAT'S ON MY BILLING RECORDS,

20    WHICH IS THE ONLY REASON THAT I WOULD WANT TO HAVE THOSE UNDER

21    SEAL IS BECAUSE THEY DO HAVE THAT AMOUNT OF INFORMATION.

22          BUT, FRANKLY, YOUR HONOR, WE'RE MOST CONCERNED ABOUT

23    PLEASING THE COURT AND MAKING SURE THAT THE COURT UNDERSTANDS

24    WITH GREAT TRANSPARENCY WHAT WE DID HERE AND WHY WE ARE TRYING

25    TO SUPPORT THIS RECORD.

```
 1              THE COURT:  DO YOU HAVE A VIEW ON THIS, EITHER

 2   DEFENSE COUNSEL?

 3              MS. HENN:  YOUR HONOR, IN OUR SETTLEMENT AGREEMENT WE

 4   AGREED TO TAKE NO POSITION ON FEES OR COST REQUESTS.

 5              THE COURT:  OKAY.  DO YOU HAVE ANY SENSE IF THERE ARE

 6   GOING TO BE ANY OBJECTORS OTHER THAN THE FIVE THAT FILED THE

 7   STATEMENT?

 8              MS. DERMODY:  I WOULD HAVE NO REASON TO BELIEVE THAT,

 9   YOUR HONOR, NO.

10        AND YOU MIGHT HAVE NOTICED, I'M SURE YOU DID NOTICE, YOUR

11   HONOR, THAT THE OBJECTORS SORT OF RUN THE GAMUT OF THE CLASS

12   RESPONSE TO THE CASE, WHICH IS ON THE ONE HAND, "DON'T HURT OUR

13   COMPANIES, WE DON'T LIKE THIS LAWSUIT," TO ON THE OTHER HAND,

14   "WHY ISN'T IT SO MUCH MORE MONEY AND WHY DIDN'T YOU SUE THE

15   REST OF THE TECHNOLOGY INDUSTRY?"

16        YOU'VE JUST GOT KIND OF LIKE THE WHOLE MIX.  SO SOME OF

17   THEM ARE NOT NECESSARILY OBJECTING TO A TERM SO MUCH AS WHAT

18   THE LAW PROVIDES OR THE IDEA OF A LAWSUIT LIKE THIS.

19              THE COURT:  UM-HUM.

20              MS. DERMODY:  THERE MAY BE MORE OF THAT.

21              THE COURT:  WHO SAID TO SUE MORE PEOPLE?  I DIDN'T

22   SEE THAT.

23              MS. DERMODY:  THAT WAS MR. BROWN OR MR. -- I'M SORRY.

24   IT WAS MR. MINSHALL.

25              THE COURT:  OKAY.
```

1       MS. DERMODY:  HE WANTED US TO INCLUDE MORE OF THE

2   DATA ABOUT OTHER COMPANIES IN THE INDUSTRY.

3       THE COURT:  WELL, I WILL ALLOW THIS TO BE FILED -- I

4   MEAN, IF YOU CAN SORT OF SANITIZE THE RECORDS SO IT'S JUST, YOU

5   KNOW, "CALL WITH OPPOSING COUNSEL" OR SOMETHING -- WELL, YOU

6   KNOW WHAT?  I'LL ALLOW THIS TO BE FILED UNDER SEAL AND IN

7   CAMERA.

8       BUT I WOULD LIKE THE BILLING RECORDS, ESPECIALLY BECAUSE

9   YOU ARE GOING TO COME BACK AND ASK FOR MORE BASED ON THE SAME

10  WORK.

11      MS. DERMODY:  SURE, YOUR HONOR.  THAT MAKES SENSE.

12      THE COURT:  NOW, THE FEE ORDER SAYS THAT THERE WERE

13  NO OBJECTIONS, BUT I DON'T THINK THAT'S CORRECT BECAUSE

14  MS. MERRELL SPECIFICALLY SAYS THAT THE COSTS AND THE FEES ARE

15  EXORBITANT.  SO THAT, AT A MINIMUM, HAS TO BE CORRECTED.

16      MS. DERMODY:  I'M SORRY, YOUR HONOR.  I WAS GOING TO

17  RAISE THAT DURING THIS PRESENTATION.  I SAW THAT TODAY.

18  BECAUSE WE HAD SUBMITTED THE FEE REQUESTS AND PROPOSED ORDER

19  BEFORE THE OBJECTION DEADLINE, AND THEN AFTER THE OBJECTION

20  DEADLINE, WE UPDATED THE CLAIMS OBJECTIONS AND OPT OUT NUMBERS

21  WITHOUT UPDATING THE FEE ORDER.  THAT WAS OUR MISTAKE, AND IF

22  YOU WOULD LIKE US TO SUBMIT A NEW ONE, WE CAN DO THAT.

23      THE COURT:  WELL, I AM GOING TO ASK YOU TO SUBMIT

24  BOTH A NEW PROPOSED ORDER GRANTING FINAL APPROVAL, AS WELL AS A

25  NEW FEE ORDER.  AND YOU MAY HAVE HEARD FROM MY PREVIOUS CASE, I

1    WOULD LIKE ANALYSIS IN THE PROPOSED ORDERS AND LESS

2    CONCLUSIONS.

3         SO FOR THE FEE ORDER, OBVIOUSLY WE HAVE TO TAKE OUT THAT

4    NO OBJECTIONS WERE MADE BECAUSE I THINK THAT'S NOT ACCURATE.

5         I THINK WITH REGARD TO THE INCENTIVE PAYMENTS, THE

6    DECLARATIONS THAT THE NAMED PLAINTIFFS HAVE PROVIDED HAVE MORE

7    INFORMATION ABOUT THE RISK THEY'VE TAKEN WITH REGARD TO THEIR

8    EMPLOYMENT IN THE HIGH-TECH INDUSTRY.  YOU KNOW, WHATEVER

9    ARGUMENTS THAT YOU HAVE IN DECLARATIONS, I'D LIKE THEM TO BE

10   INCLUDED IN THE ORDER.

11        SO THAT'S FOR THE ATTORNEYS' FEES.

12        FOR THE PROPOSED ORDER FOR FINAL APPROVAL, I'D LIKE AT

13   LEAST PARAGRAPHS 6 THROUGH 8 TO BE REDONE TO LAY OUT THE HANLON

14   FACTORS AND WHY THIS CASE APPROVAL IS APPROPRIATE.

15        I'M REQUIRED TO DO THAT ACCORDING TO THE NINTH CIRCUIT,

16   AND SO I'D LIKE IT TO BE DONE IN THE ORDER.  LIKE THE ORDER

17   DOESN'T SAY, YOU KNOW, HOW MUCH DISCOVERY HAS BEEN TAKEN.  IT

18   DOESN'T TALK AT ALL ABOUT THE RISK OF LITIGATION AND

19   MAINTAINING CLASS ACTION STATUS, ET CETERA.

20        SO JUST MAKE IT MORE CLEAR AS TO WHY THIS IS FAIR AND

21   REASONABLE IN THIS CASE.

22             MS. DERMODY:  OKAY.

23             THE COURT:  OKAY.  I THINK -- SO THEN FOR ANY FUTURE

24   REQUESTS, WILL YOU THEN BE REQUESTING FOR THE OTHER LAW FIRMS,

25   OR HOW IS THAT GOING TO WORK?

1      MS. DERMODY:  YES, YOUR HONOR.  THE FEE REQUEST WAS

2   SUBMITTED ON BEHALF OF ALL PLAINTIFFS' COUNSEL, AND SO WE WOULD

3   SUPPLEMENT THE RECORD PER YOUR HONOR'S WISHES WITH THE

4   CONTEMPORANEOUS BILLING RECORDS.

5      THE COURT:  OKAY.  LET ME MAKE SURE I UNDERSTAND.  SO

6   THIS GROUP OF PLAINTIFFS WERE 8 PERCENT OF THE TOTAL CLASS IN

7   TERMS OF NUMBER OF EMPLOYEES, BUT THEIR INCOME, OR WAGES, OVER

8   THE CLASS PERIOD WAS 5 PERCENT OF THE WAGES OF ALL CLASS

9   MEMBERS OVER THE CLASS PERIOD.  DOES THAT SOUND RIGHT?

10      MS. DERMODY:  THAT SOUNDS RIGHT.

11      THE COURT:  OKAY.  NOW, WHAT --

12      MS. DERMODY:  DIFFERENT COMPANIES, DIFFERENT

13   COMPENSATION STRUCTURES.

14      THE COURT:  RIGHT.

15      MR. KIERNAN:  AND DIFFERENT DATES OF THE CLASS.

16      MS. DERMODY:  RIGHT.

17      MR. KIERNAN:  SO INTUIT HAD A SHORTER PERIOD.

18      MS. DERMODY:  RIGHT.

19      THE COURT:  OH, I SEE.  OKAY.  SO THAT'S SOME OF THE

20   EXPLANATION OF WHY.

21      MR. KIERNAN:  RIGHT, BECAUSE SOMEONE CONTINUES TO

22   WORK THERE, SO YOU HAVE MORE PEOPLE --

23      THE COURT:  GOT IT.

24      MR. KIERNAN:  -- BUT THERE'S A SHORTER PERIOD OF

25   COMPENSATION.

```
 1              THE COURT:  GOT IT.  OKAY.

 2         WHAT I DIDN'T UNDERSTAND IS THERE ARE A NUMBER OF PLACES

 3    WHERE IT SAYS, "BUT DON'T WORRY, YOU'LL GET THE OTHER 95

 4    PERCENT OF THE CLASS COMPENSATION FROM THE OTHER DEFENDANTS WHO

 5    HAVEN'T SETTLED YET."

 6         I JUST WASN'T -- I WASN'T CLEAR WHAT THAT MEANT.

 7              MS. DERMODY:  I'M SORRY, YOUR HONOR.  WHERE ARE YOU

 8    LOOKING?

 9              THE COURT:  WELL, THERE ARE A NUMBER OF LOCATIONS --

10    AND I CAN FIND A SPECIFIC PARAGRAPH IF THAT'S WHAT YOU WOULD

11    LIKE -- WHERE IT SAYS, "THIS IS ONLY 5 PERCENT OF THE CLASS

12    COMPENSATION, BUT WE CAN SEEK THE REMAINDER FROM THE REMAINING

13    DEFENDANTS WHO HAVEN'T SETTLED."

14              MS. DERMODY:  YOU MAY BE LOOKING AT THE ORDER, YOUR

15    HONOR.  I WAS LOOKING AT PARAGRAPH 7 OF THE ORDER, WHICH TALKS

16    ABOUT THAT 5 PERCENT AND 8 PERCENT.

17              THE COURT:  UM-HUM.

18              MS. DERMODY:  AND THEN IT TALKS ABOUT PLAINTIFFS'

19    ABILITY TO PURSUE ALL DAMAGES IN THE CASE FROM THE NON-SETTLING

20    DEFENDANTS.

21              THE COURT:  YEAH.  WHAT DOES THAT MEAN?

22              MS. DERMODY:  SO THIS BASICALLY GOES TO THIS IDEA

23    THAT WHEN YOU -- WHEN YOU SETTLE A CASE WHERE THE DEFENDANTS

24    HAVE JOINT AND SEVERAL LIABILITY, THE NON-SETTLERS STILL HOLD

25    THE REMAINING LIABILITY LESS THAT SETTLEMENT AMOUNT IN THE REST
```

1    OF THE CASE.

2         SO IF YOU'VE GOT A SETTLEMENT FOR $20 MILLION AND THE REST

3    OF THE DEFENDANTS -- AND THE WHOLE CASE WAS WORTH $100 MILLION,

4    THE REMAINING DEFENDANTS WOULD GO TO TRIAL ON $80 MILLION, 100

5    MILLION LESS THE 20 THAT WAS ALREADY RECOVERED, AND THAT YOU

6    STILL GET ALL OF THAT LIABILITY.

7         AND THAT WOULD BE, YOU KNOW, EVEN -- NO MATTER WHAT THE

8    DIFFERENT RATIOS WERE IN THE CASE BECAUSE THE LIABILITY THAT'S

9    JOINT AND SEVERAL DOESN'T RUN TO PERCENTAGES ACROSS THE

10   DIFFERENT DEFENDANTS.  IT'S 100 PERCENT AS TO EACH ONE.  AT

11   LEAST, THAT'S THE ALLEGATION IN THE ANTITRUST THEORY.

12        THE COURT:  OKAY.  I PRESUME THAT'S NOT HAPPENING

13   WITH THIS THE SETTLEMENT WITH THE REMAINING DEFENDANTS, SO --

14        MS. DERMODY:  RIGHT.

15        THE COURT:  -- DOES THAT AFFECT --

16        MS. DERMODY:  AT THE TIME OF THIS SETTLEMENT, WE WERE

17   STILL PROSECUTING A CASE AGAINST THE NON-SETTLERS, AND THAT

18   CASE WAS GOING TO GO TO TRIAL FOR THE EXPOSURE IN THE CASE LESS

19   A SET OFF OF $20 MILLION THAT WAS ALREADY PAID IN THE CASE.

20        THE COURT:  UM-HUM.

21        MS. DERMODY:  THAT CASE HAS NOW SETTLED AND WE'LL BE

22   PRESENTING THAT TO THE COURT ON MAY 22ND OR EARLIER.

23        THE COURT:  UM-HUM.

24        MS. DERMODY:  AND WE'LL THEN HAVE TO EXPLAIN TO THE

25   CLASS WHAT THE VALUE IS IN THAT SETTLEMENT.

```
 1              THE COURT:  WELL, I DON'T THINK WE SHOULD BE SAYING

 2     THAT ANYMORE.  THIS IS AN ORDER THAT'S GOING TO BE SIGNED IN

 3     MAY, AND IF THAT'S NO LONGER TRUE -- OR DO YOU WANT TO JUST --

 4              MS. DERMODY:  WE COULD STRIKE THAT LANGUAGE, YOUR

 5     HONOR, IN PARAGRAPH 7 FROM THE END OF LINE, WHATEVER THAT IS,

 6     15 AND A HALF DOWN TO 19 AND A HALF.

 7              THE COURT:  WHERE DOES IT SAY AT THE TIME -- I GUESS

 8     THAT'S ONE QUESTION I HAD IS I'M SUPPOSED TO BE JUDGING WHETHER

 9     THIS IS FAIR AND REASONABLE AT THE TIME THE SETTLEMENT WAS

10     ENTERED VERSUS NOW.

11          SO MAYBE IT COULD JUST BE QUALIFIED THAT AT THE TIME THIS

12     SETTLEMENT WAS ENTERED INTO BY THE PARTIES, PLAINTIFF COULD

13     HAVE PURSUED ALL DAMAGES, OR JUST LIMIT THAT.

14              MS. DERMODY:  YES, YOUR HONOR.  I'LL MAKE THAT

15     CHANGE.

16              THE COURT:  OKAY.  ALL RIGHT.

17              MS. DERMODY:  I'M SORRY.  THAT ALSO APPEARS ON THE

18     TOP OF PAGE 4 -- EXCUSE ME, YOUR HONOR, FOR INTERRUPTING --

19     IT'S THE SAME CONCEPT.  AT THE END OF PARAGRAPH 2 -- LINE 2 ON

20     TO, I GUESS, LINE 5, WHICH IS ABOUT THE IDEA OF SEEKING THE

21     FULL AMOUNT OF ESTIMATED DAMAGES FROM THE REMAINING DEFENDANTS.

22              THE COURT:  YEAH.  I -- I DON'T WANT TO BE

23     REPRESENTING THAT NOW AS A BASIS FOR WHY I'M GOING TO APPROVE

24     THIS WHEN IT'S NOT TRUE.

25          SO IT JUST NEEDS TO BE CLARIFIED SOME WAY WHEREVER IT
```

```
 1   SHOWS UP.  I READ IT A NUMBER OF TIMES.  I'M SORRY I DIDN'T TAB

 2   IT AND HIGHLIGHT IT, BUT YOU'RE GOING TO REDO THESE ANYWAY.

 3            MS. DERMODY:  YES, WE'LL FIX THAT, YOUR HONOR.

 4            THE COURT:  SO YOU CAN MAKE THAT CHANGE.

 5       SO WHEN CAN YOU -- I REALIZE IT'S, IT'S -- WELL,

 6   HOPEFULLY -- I MEAN, IF YOU HAVE THE CONTEMPORANEOUS BILLING

 7   RECORDS, MAYBE IT'S NOT GOING TO BE A BURDENSOME EFFORT TO GIVE

 8   THE BILLING RECORDS, BUT WHEN CAN YOU SUBMIT BOTH A NEW

 9   PROPOSED ORDER WITH THE ANALYSIS OF THE HANLON FACTORS, A NEW

10   PROPOSED FEE ORDER THAT CLARIFIES THAT AN OBJECTION WAS MADE,

11   CLARIFIES SOME OF THE RISKS THAT THE NAMED PLAINTIFFS TOOK SUCH

12   THAT THE INCENTIVE PAYMENTS ARE WARRANTED, BECAUSE IT IS

13   SLIGHTLY HIGHER THAN USUAL, BUT I THINK THAT THEY DESERVE IT

14   BASED ON THE RISKS THAT THEY HAVE TAKEN TO THEIR FUTURE

15   EMPLOYABILITY IN THIS INDUSTRY, AND THE BILLING RECORDS?  WHEN

16   CAN YOU SUBMIT THAT?

17            MS. DERMODY:  I THINK DIFFERENT DATES FOR DIFFERENT

18   THINGS, YOUR HONOR.

19            THE COURT:  OKAY.

20            MS. DERMODY:  THE THINGS THAT ARE TOTALLY WITHIN THE

21   CONTROL OF THE PEOPLE STANDING IN FRONT OF YOU --

22            THE COURT:  OKAY.

23            MS. DERMODY:  -- I'M SURE WE CAN TURN THOSE ORDERS

24   AROUND IN 24 HOURS, OR MONDAY I WOULD SAY TO BE TOTALLY SAFE AT

25   THE LATEST.
```

```
1              THE COURT:  OKAY, SURE.

2              MS. DERMODY:  THINGS THAT ARE OUT OF CONTROL OF THE

3      PEOPLE AT THE PODIUM, I WOULD ASK FOR A WEEK, WHICH IS MAYBE

4      GETTING YOU DECLARATIONS FROM THE OTHER FIRMS --

5              THE COURT:  WELL, I DON'T -- IF YOU'RE NOT -- I'M

6      OKAY WITH, FOR PURPOSES OF THIS ATTORNEYS' FEES REQUEST, OF

7      JUST HAVING LIEF SUBMIT THAT INFORMATION BECAUSE YOU'RE NOT

8      EVEN GETTING YOUR LODESTAR.  SO THAT'S FINE.

9              MS. DERMODY:  OKAY.

10              THE COURT:  BUT IF YOU'RE GOING TO BE REQUESTING

11      ADDITIONAL FEES, WHICH I ASSUME YOU ARE, THEN I DO WANT TO SEE

12      IT FROM EVERYONE WHO'S ASKING FOR MONEY.

13              MS. DERMODY:  ABSOLUTELY, YOUR HONOR.  YES, WE'LL DO

14      THAT.

15              THE COURT:  OKAY?

16              MS. DERMODY:  YES, THANK YOU.

17              THE COURT:  SO THE PROPOSED ORDERS, THEN THAT IS

18      MAY 5TH, AND --

19              MS. DERMODY:  I'M SORRY.  I SHOULD HAVE ASKED.

20          IS THAT OKAY FOR YOU?

21              MR. KIERNAN:  YES.

22              MS. HENN:  YES.

23              THE COURT:  OKAY.  SO THAT'S MAY 5TH.

24          AND THEN THE BILLING RECORDS FOR THE LODESTAR CHECK, DO

25      YOU WANT A WEEK?  DO YOU NEED MORE THAN A WEEK?  WHAT --
```

1          MS. DERMODY:  SO -- OH, JUST LEIFF'S --

2          THE COURT:  JUST LEIFF'S.

3          MS. DERMODY:  OH, OKAY.  A WEEK, AND WE'LL DO IT

4     EARLIER IF WE CAN.  I MEAN, WE CAN PROBABLY GET IT OUT TO YOU

5     IN 24 HOURS.

6          BUT I WANT TO MAKE SURE I AUDIT THEM AGAIN, THAT THERE'S

7     NOT A STRAY -- A WRONG PERSON BILLING IT TO OUR FILE NUMBER.

8          THE COURT:  OKAY.  NOW, THAT'S MAY 8TH OF 2014.

9          NOW, IF YOUR FUTURE BILLING REQUESTS MAY BE SUBJECT TO ANY

10    OBJECTIONS, THEN I MAY NOT ALLOW YOU TO FILE THAT UNDER SEAL

11    AND IN CAMERA BECAUSE I THINK IF ANYONE IS GOING TO OBJECT,

12    THEY ARE ENTITLED TO SEE WHAT YOU'VE DONE AND WHETHER THAT'S

13    EFFICIENT, WHETHER THAT WAS BENEFICIAL TO THE CLASS, AND

14    WHETHER YOU SHOULD BE COMPENSATED FOR IT.

15         SO -- AND GOING FORWARD, FOR EVERYONE ELSE WHO WILL

16    SUBMIT, NEXT TIME, YOU KNOW, I WILL NEED TO KNOW, YOU KNOW,

17    THIS IS WHAT -- THIS IS THE HOURLY RATE THAT PAYING CLIENTS

18    PAY, OR THIS IS WHAT'S BEEN APPROVED.  I WANT, YOU KNOW,

19    SUPPORT FOR THE BILLING RATE, THE CONTEMPORANEOUS BILLING

20    RECORDS AND THAT INFORMATION.

21         MS. DERMODY:  THAT'S GREAT, YOUR HONOR.

22         I THINK THE ONLY QUESTION I MIGHT HAVE -- WE CAN DEFER

23    THIS UNTIL WE GET TO, YOU KNOW, THE NEXT PRELIMINARY APPROVAL

24    HEARING -- IS KIND OF THE PROCESS FOR WHETHER OR NOT WE FILE

25    THOSE DETAILED RECORDS PUBLICLY.

1    I UNDERSTAND YOUR HONOR'S CONCERN ABOUT OBJECTORS AND I

2  THINK THAT'S VERY VALID.

3    I'M WONDERING IF WE WOULD BE ABLE TO HAVE A PROCESS WHERE

4  WE DON'T FILE THEM PUBLICLY UNTIL, IF THERE ARE OBJECTIONS

5  ABOUT FEES -- AND THERE WELL MAY BE, I'M GUESSING THERE WILL

6  BE -- THAT WE MEET WITH THOSE OBJECTORS AND SHOW THEM THOSE

7  BILLING RECORDS AND THE DETAILED FORM, AGAIN, TO PRESERVE THE

8  WORK PRODUCT PRIVILEGE AS TO THE DEFENDANTS AND AS TO THE

9  PUBLIC SEEING WHAT OUR WORK WAS.

10    THE COURT:  WELL, IT KIND OF DEPENDS ON THE MAGNITUDE

11  OF THE REQUEST.  I MEAN, IF YOU'RE ASKING FOR 25 PERCENT OF

12  WHATEVER THAT SETTLEMENT AMOUNT WAS, I THINK THERE SHOULD BE A

13  HIGHER LEVEL OF SCRUTINY TO THAT REQUEST.

14    MS. DERMODY:  THAT'S FAIR.

15    THE COURT:  AND IF YOU NEED TO, YOU CAN JUST SAY, YOU

16  KNOW, "DRAFTED SECOND AMENDED COMPLAINT" AND NOT -- I MEAN, IT

17  SHOULD BE DETAILED ENOUGH SO PEOPLE CAN UNDERSTAND WHETHER THIS

18  WAS REASONABLE AND EFFICIENT.

19    BUT IF --

20    MR. SAVERI:  YOUR HONOR, I --

21    THE COURT:  THERE MUST BE SOME WAY THAT YOU CAN

22  SANITIZE IT.  I DO REQUIRE IN OTHER CASES --

23    MS. DERMODY:  SURE.

24    THE COURT:  -- THAT IT BE PUBLIC, BECAUSE I THINK THE

25  TRANSPARENCY IS NECESSARY FOR CLASS MEMBERS TO KNOW, OR HAVE

1    THE OPPORTUNITY AT LEAST TO SCRUTINIZE IT IF THEY WANT TO AND

2    MAKE A DECISION, ESPECIALLY IF YOU'RE GOING TO BE ASKING FOR

3    THE NUMBERS THAT YOU MAY BE ASKING FOR.

4         MS. DERMODY:  YOU'VE GIVEN US A RUNWAY NOW AND NOW

5    THAT WE HAVE THE INSTRUCTION, I THINK NOW WE HAVE THE CHANCE TO

6    GO TO OUR CO-COUNSEL, EVERYONE UNDERSTANDS WHAT IS EXPECTED

7    NOW, AND WE CAN FIGURE OUT HOW TO MAYBE NOT BE QUITE SO

8    DETAILED IN SOME OF THE DETAILS, BUT TO BE DETAILED ENOUGH TO

9    TELL PEOPLE WHAT THE TASK WAS.

10        BUT I THINK NOW WE HAVE A LOT MORE INFORMATION OF WHAT THE

11   COURT WOULD LIKE AND WE WILL ABSOLUTELY BE SURE TO GET THAT TO

12   YOUR HONOR THE NEXT GO ROUND.  YOU'LL GET OUR COMPLETE UNDER

13   SEAL REPORT IN THE NEXT WEEK.

14        MR. SAVERI:  YEAH.  YOUR HONOR, I'M CONFIDENT --

15        THE COURT:  YES.

16        MR. SAVERI:  I'M CONFIDENT NOW THAT WE CAN, BEFORE

17   THE NEXT TIME, GO BACK THROUGH THE TIME SHEETS AND MAKE A

18   SUBMISSION KNOWING THAT SOMEONE IS GOING TO LOOK AT THEM AND

19   SATISFY OURSELVES THAT WE'RE NOT REVEALING ANYTHING

20   UNNECESSARY.

21        I'M CONFIDENT THAT WE'RE GOING TO BE ABLE TO GIVE PEOPLE

22   THE LEVEL OF DETAIL TO KNOW EXACTLY WHAT WORK WE DID ON A

23   DAY-BY-DAY BASIS SO THERE WON'T BE ANY DOUBT ABOUT THAT.  I'M

24   CONFIDENT ABOUT THAT.

25        I ALSO WANT TO JUST MAKE SURE THAT YOU ARE SATISFIED WITH

```
1     THE SUBMISSION FROM ME AND MY FIRM.  I'M HAPPY TO MAKE THE SAME

2     SUBMISSION.  I CAN DO THAT WITHIN A WEEK'S TIME.

3               THE COURT:  WELL, THE ONLY SUBMISSION I SEE FROM YOUR

4     FIRM IS FOR COSTS.

5               MR. SAVERI:  RIGHT.

6               THE COURT:  SO --

7               MR. SAVERI:  SO I WOULD FEEL MORE COMFORTABLE -- I'M

8     GOING TO MAKE THE SUBMISSION THAT'S CONSISTENT WITH WHAT

9     MS. DERMODY'S OFFERED.

10              THE COURT:  YOU MEAN FOR FEES?

11              MR. SAVERI:  YES.  AND --

12              THE COURT:  OKAY.

13              MR. SAVERI:  -- WHILE IT MAY NOT BE NECESSARY, IT'LL

14    AT LEAST BE IN THE RECORD AND I WOULD FEEL BETTER THAT YOU HAVE

15    THE CONFIDENCE, THAT YOU HAVE THE LEVEL OF DETAIL FROM ME AND

16    MY FIRM.

17              THE COURT:  OKAY, THAT'S FINE.  DO YOU WANT TO SUBMIT

18    THAT ON THE 8TH AS WELL?

19              MR. SAVERI:  YES.

20              THE COURT:  OKAY.  ALL RIGHT.  THAT'S FINE.

21         WHAT ELSE DO WE NEED TO DO FOR TODAY?  BECAUSE I DIDN'T

22    REALLY HAVE ANY MORE QUESTIONS.  IF I JUST LOOK THROUGH MY

23    NOTES, I DIDN'T REALLY THINK THERE WAS ANYTHING ELSE.

24              MS. DERMODY:  I DON'T THINK THERE'S ANYTHING ELSE.

25              THE COURT:  SO WHEN WILL FOLKS RECEIVE THEIR MONEY?
```

1        MS. DERMODY:  SO WE HAVE THEN, AS SOON AS YOUR HONOR

2    SIGNS THE ORDER, PRESUMABLY --

3        THE COURT:  UM-HUM.

4        MS. DERMODY:  -- 30 DAYS TO DO THAT.

5        THE COURT:  FROM THAT DATE?

6        MS. DERMODY:  AND THEN AS SOON AS WE HAVE THE GREEN

7    LIGHT, I THINK IT'S GOING TO BE THE END OF THE SUMMER OR EARLY

8    FALL BEFORE THEY GET PAID.  I THINK IT'S QUITE SOON.

9        THEY HAVE TO DO A LITTLE BIT OF THE DATA WORK BECAUSE THEY

10   HAVE TO FIGURE OUT, FOR THE CLASS MEMBER ALLOCATION FORMULA,

11   WHO CLAIMED -- WHAT THE TOTAL KIND OF WAGES IN THE CLASS TITLES

12   WERE FOR THAT TOTAL POPULATION AND WHAT THE FRACTION IS OF THAT

13   TOTAL FOR EACH CLAIMANT.

14       THE COURT:  OKAY.

15       MS. DERMODY:  THAT'S A LITTLE BIT MORE COMPLICATED

16   THAN JUST EACH PERSON GETS AN EQUAL SHARE.

17       BUT I THINK THAT CAN BE DONE RELATIVELY QUICKLY BECAUSE WE

18   NOW KNOW WHAT WE HAVE AND WE'VE GOT THE DATA.

19       THE COURT:  OKAY.  SO AS SOON AS THE APPROVAL ORDER

20   IS ENTERED, THEN YOU'RE GOING TO WAIT 30 DAYS FOR ANY APPEAL,

21   AND THAT WOULD PRESUMABLY BE BY AN OBJECTOR; CORRECT?

22       MS. DERMODY:  CORRECT.

23       THE COURT:  OR SOMEONE WHO HASN'T OBJECTED.  WOULD

24   THEY HAVE THE ABILITY TO DO THAT?

25       MS. DERMODY:  THEY WOULDN'T HAVE JURISDICTION TO DO

1     IT.

2              THE COURT:  YOU HAVE TO HAVE OBJECTED?

3              MS. DERMODY:  YES.

4              THE COURT:  AND DO YOU HAVE ANY SENSE WHETHER THE SIX

5     WHO SUBMITTED --

6              MS. DERMODY:  I DON'T HAVE ANY -- THERE'S, I BELIEVE,

7     FIVE, YOUR HONOR.

8         I DON'T THINK THERE'S ANY -- THERE'S NO INDICATION THAT

9     ANYONE IS GOING TO SHOW UP AGAIN.

10             MR. SAVERI:  WE'VE SPOKEN TO A FEW OF THEM, YOUR

11    HONOR, AND I WOULD ECHO WHAT MS. DERMODY SAID.

12             THE COURT:  YOU'RE RIGHT.  IT IS FIVE.  BUT THEY ARE

13    NOT GOING TO APPEAL?

14             MS. DERMODY:  I HAVE NO BASIS TO THINK THAT THEY

15    WOULD, YOUR HONOR.

16        IN FACT, A COUPLE, I THINK, JUST DON'T LIKE THE FACT THAT

17    THIS LAWSUIT EXISTS.  I DON'T THINK THEY'RE GOING TO BE ASKING

18    FOR GREATER MONEY OR -- THE MOTIVATION IS VERY LOW IN THIS

19    GROUP.

20             THE COURT:  OKAY.  ALL RIGHT.  SO AFTER -- 30 DAYS

21    AFTER THE APPEAL, THEN WHAT HAPPENS?  WHY WOULD IT TAKE UNTIL

22    FALL FOR PEOPLE TO GET PAID?

23             MS. DERMODY:  ONLY BECAUSE I DON'T WANT TO PROMISE

24    THE COURT SOMETHING THAT'S NOT IN MY OWN CONTROL.

25             THE COURT:  OKAY.

1        MS. DERMODY:  THE CLAIMS ADMINISTRATOR SOMETIMES

2  TAKES LONGER THAN WE THINK IT WOULD, AND THEY HAVE TO DO THAT,

3  THAT DATA ANALYSIS TO MAKE SURE THAT THEY UNDERSTAND, OF THOSE

4  11,055 PEOPLE, WHAT THEIR WAGES WERE AND CLASS POSITION IN THE

5  CLASS PERIOD, WHAT THE TOTAL IS OF ALL THAT, AND THEN WHAT

6  THEIR FRACTIONAL AMOUNT IS, AND THEN MAKE SURE THAT THAT'S ALL

7  AUDITED AND THEN COME TO A PLACE WHERE THEY CAN ACTUALLY START

8  ISSUING CHECKS.

9        IT'S JUST THE WAY THINGS GO.  WE'RE TALKING ABOUT INTO

10  AUGUST MINIMALLY I THINK FOR THAT TO BE COMPLETED.  SO I'M

11  HEDGING IN SAYING I THINK SEPTEMBER IS PROBABLY SAFE, BUT WE

12  MAY HAVE TO COME BACK TO THE COURT IF THERE IS SOMETHING THAT

13  WE WEREN'T AWARE OF IN THAT SCHEDULE.

14        THAT WOULD BE TYPICAL --

15             THE COURT:  OKAY.

16             MS. DERMODY:  -- A FEW MONTHS AFTER FINALITY.

17             THE COURT:  OKAY.  ALL RIGHT.  WHAT ELSE?  IS THERE

18  ANYTHING ELSE THAT WE HAD TO COVER?

19             MR. KIERNAN:  NO, YOUR HONOR.

20             THE COURT:  I THOUGHT THIS WOULD GO MUCH LONGER, AND

21  THAT'S WHY I PLACED YOU LAST.  I'M SORRY YOU ALL HAD TO WAIT.

22  I JUST ASSUMED THERE MIGHT BE OTHER PEOPLE WHO WANTED TO BE

23  HEARD.  BUT SINCE THEY HAVE CHOSEN NOT TO COME, I THINK THAT'S

24  IT.

25             MS. DERMODY:  AND WE'D LIKE TO HAVE PIZZA FOR US,

1    YOUR HONOR.

2              THE COURT:  I'M SORRY?

3              MS. DERMODY:  I THOUGHT THERE WAS A PROMISE FOR PIZZA

4    THAT YOU MIGHT HAVE FOR US IF WE SETTLED.

5              THE COURT:  OH, DID I PROMISE PIZZA IF YOU SETTLED?

6              MS. HENN:  YOU DID, YOUR HONOR.

7         (LAUGHTER.)

8              THE COURT:  I AM SO SORRY.  I FORGOT THAT.  OKAY,

9    OKAY.

10        (LAUGHTER.)

11             MR. SAVERI:  THERE WAS SOMETHING ABOUT --

12             THE COURT:  OKAY, WAIT.  IT IS NOT DONE YET.

13        (LAUGHTER.)

14             MR. KIERNAN:  FAIR ENOUGH.

15             THE COURT:  IT IS NOT DONE YET.

16             MR. SAVERI:  SO NOW IS IT -- CAN WE -- WE HAVE A

17   JUSTIFIABLE RELIANCE ARGUMENT NOW WITH THAT COMMENT.

18        (LAUGHTER.)

19             MR. SAVERI:  SO IF WE GET THIS DONE, YOUR HONOR --

20             THE COURT:  WELL, LET'S SEE.  I HAVEN'T -- I HAVEN'T

21   SEEN ANY MOTIONS, SO I AM MAKING NO COMMENT ON WHETHER THIS IS

22   GOING TO BE DONE OR NOT.

23             MR. SAVERI:  FAIR ENOUGH, YOUR HONOR.

24             MS. DERMODY:  THANK YOU, YOUR HONOR.

25             THE COURT:  OKAY.  ALL RIGHT.  THANK YOU.

1          MR. SAVERI:  THANK YOU, YOUR HONOR.

2          MS. HENN:  THANK YOU, YOUR HONOR.

3          MR. KIERNAN:  THANK YOU, YOUR HONOR.

4       (THE PROCEEDINGS WERE CONCLUDED AT 3:43 P.M.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                       CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      LEE-ANNE SHORTRIDGE, CSR, CRR
17    CERTIFICATE NUMBER 9595

18         DATED:  MAY 7, 2014

19

20

21

22

23

24

25