**From:** Parvez Syed <parvezsyed@gmail.com>
**To:** lhkcrd@cand.uscourts.gov
**Date:** Thursday, April 24, 2014 09:36PM
**Subject:** High-Tech Employee Antitrust Litigation, 11-cv-2509
**History:** ⇢ This message has been forwarded.

RECEIVED APR 24 2014

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose Division

---

Dear Judge Koh,

I am writing to you as an individual who used to work for intel a few years back. I can confirm that on many occasions my applications to google and apple for jobs would be passed over, while my friends with a similar skill sets from other companies would get interviews and jobs. We know today there seems to have been massive collusion in keeping wages very low. Assuming that any employee today can get at a minimum a 10% hike while moving companies, most employees like me lost out a huge amount of wages over the past decade because of these backroom deals.

Earlier this year many people like me got invitations to apply for a class action against these colluding companies. One of the reasons many employees signed on was to avail a just settlement. We were told by media that the class action lawyers representing defendants were asking for as much as $3B. Looking at the evidence and emails, it is very clear that there is a very high probability that a trial will lead to justice for the claimants.

The lawyers representing employees have no need to agree to a settlement that is ~10% of the original estimate. They have no business making this settlement, while the case seems to be blatantly lopsided towards the employees. I am sure they have their reasons, but I appeal to you to see this blatant injustice (and other backroom deals that could have been cut) and to not agree to such a paltry settlement.

As a green card holder and an immigrant, I strongly believe the american justice system which is eons ahead of what is available in my birth country. What i don't believe in is in the nature of class action lawyers who only look out for themselves. I have seen your work before (apple vs samsung) and you try to do whats right. I strongly appeal to you to please dismiss this paltry settlement and to take this case to trial (preferably with lawyers who are working for employees not for themselves) .

With the best of intentions..

--
Thanks
Parvez Syed Mohamed

| | |
|---|---|
| From: | Akeem Mostamandy <mostamandy@gmail.com> |
| To: | "lhkcrd@cand.uscourts.gov" <lhkcrd@cand.uscourts.gov> |
| Date: | Monday, May 12, 2014 09:16PM |
| Subject: | Re: HiTech AntiTrust Case |
| History: | ⇒ This message has been forwarded. |

RECEIVED
MAY 12 2014
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose Division

Hello,

Please forward to Judge Koh as appropriate.

I'm a un-named member of the class who worked at Adobe from 2000 through April, 2010.

I left Adobe after I found out that my entire team received 2X their annual bonus but my bonus was $7k after receiving "exceeds expectations" on my review. I heard from a fellow co-worker that our average team bonus was north of $25k.

I asked my boss, Todd Davidson for a salary range for my new role. He misled me and incorrectly informed me that "Adobe no longer shows ranges."

I went to my VP, Rob Giglio who had asked me not to consider going to Oracle in July 2009 by stating "finish the year and we'll both get paid. Did you hear me?" I reminded Rob of our conversation and he said he would make it right.

I was then bullied to quit by Todd Davidson who called me at home on a Sunday and said "I understand if you want to put in your notice."

I felt so intimidated that I turned in my laptop the next Monday morning.

My salary at Adobe was $110k/year (raised with a promotion from $90k/ year in 2010 less an equitable bonus mentioned above). After Adobe I took a consulting gig (1099) at a billing rate of $100/hour. Then joined a 100 person start-up making $90k/year with a boatload of options.

I subsequently went to VMware at $135k/year with RSUs, and am now at HP at $125k/year (working from home 4 days per week with no commute).

Suffice it to say that Adobe artificially benefitted from my $55k-$90k salary from 2000-2009. I know fair and they leveraged us workers unfairly.

Regards,

Akeem
408-234-6140

Sent from my iPhone

Paul Forman, 33 Todd Pond Rd, Lincoln MA 01773

May 12, 2014

The Honorable Lucy H. Koh
United States District Court
for the Northern District of California
280 South First Street, #4050
San Jose, CA 95113

Re: In re High-Tech Employee Antitrust Litigation
11-CV-2509-LHK (N.D. Cal.)

Your Honor,

Today's New York Times carried an article on Class Representative Michael Devine's protest against the settlement agreed to by his attorneys and submitted to you for approval – and from that article I was led to Mr Devine's letter to you of yesterday, May 12, available through the New York Times website.

As a 'high tech' employee of an institution – the Smithsonian Institution – enjoying, as do Apple, Google, and their ilk, a far higher public regard than its actual behavior warranted, I sued my employer at great personal cost in the belief that public exposure of its malpractice might contribute to its reformation. The decision that was obtained for me in the D.C. Circuit (*Forman v. Small*, 271 F.3d 285, 2001) – the first defeat that the Smithsonian had ever suffered in the D.C. Circuit – not only ensured my freedom from further harassment, but also contributed to protecting the rights of all Federal employees (prohibition of reprisal against complainants of age discrimination), and indeed the rights of all Americans (the Federal government's waivers of sovereign immunity need not necessarily be explicit). Eventually, Lawrence M. Small, the head of the Institution, was driven out in disgrace.

I write you this because I most sincerely hope that you will allow Mr Devine and the other complainants who have a large personal investment in this action to have Their day in Your court, that is, have the opportunity to show that these widely admired high-tech corporations are esteemed in some respects beyond their real merits, that even these institutions are capable of flouting their mottos and 'doing evil'.

Our system of civil law insists that suits can be brought only by individuals seeking redress of substantial grievances they have themselves suffered. It is therefore all the more important, as I hope you will agree, that those exceptional individuals who are willing to pay a high price, or take a big risk, in order to expose clandestine abuses to public view will have the support of the judiciary in their efforts to do so.

Sincerely,

Paul Forman
Curator for modern physics, emeritus
Smithsonian Institution