1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** _____ |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    On May 1, 2014, this Court held a hearing on Plaintiffs' motion for an order granting

2   approval of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Costs, and

3   Service Awards.  Based on the papers filed with the Court and presentations made to the Court at

4   the hearing, the Court hereby grants Class Counsel's request.

5   **I.**      **The Requested Award of Attorneys' Fees is Appropriate**

6    Plaintiffs seek attorneys' fees of $5,000,000, reflecting twenty-five percent of the common

7   Settlement Funds.  Under the common fund doctrine, 'a litigant or a lawyer who recovers a

8   common fund for the benefit of persons other than himself or his client is entitled to a reasonable

9   attorney's fee from the fund as a whole.'"  *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d

10   1166, 1175  (S.D. Cal. 2007) (quoting *Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003));

11   *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).  Where, as here, the parties establish a

12   common fund to settle a class action, courts have discretion to choose either the "percentage"

13   method or the "lodestar/multiplier" method to determine a reasonable attorneys' fee.  *See Hanlon*

14   *v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998); *In re Coordinated Pretrial Proceedings*

15   *in Petroleum Prods. Antitrust Litig.,* 109 F.3d 602, 607 (9th Cir. 1997).  The Ninth Circuit has

16   held that, regardless of whether a court "applies the lodestar or the percentage method, 'we require

17   only that fee awards in common fund cases be *reasonable* under the circumstances.'"  *Id.* (quoting

18   *Florida v. Dunne,* 915 F.2d 542, 545 (9th Cir. 1990)) (emphasis in original); *see Staton,* 327 F.3d

19   at 963.

20    Under the percentage method, Plaintiffs' request for attorneys' fees in the amount of

21   twenty-five percent of the Settlement Funds is in line with the benchmark in this Circuit.  *Paul,*

22   *Johnson*, *Alston & Hunt v. Granulty*, 886 F.2d 268, 272 (9th Cir. 1989).  The Court finds that it is

23   reasonable to award Class Counsel twenty-five percent of the Settlement Funds based on the

24   following factors: 1) the result obtained for the class; 2) the risk incurred by Class Counsel in

25   prosecuting this complex case; 3) Class Counsel's skills and experience; 4) the burden on Class

26   Counsel of litigating this case on a contingency basis; and 5) the modest size of the fee request as

27   compared to the market rate for fees as a percentage of common funds in other class settlements.  *See*

28   *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re Heritage Bond Litig.*,

- 1 -

ORDER GRANTING PLAINTIFFS' MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
MASTER DOCKET NO. 11-CV-2509-LHK

1   2005 U.S. Dist. LEXIS 13555, at *64-74 (C.D. Cal. June 10, 2005).

2   Class Counsel Lieff, Cabraser, Heimann & Bernstein, LLP has submitted its billing

3   records in the instant litigation through October 30, 2013, the date of this Court's Preliminary

4   Settlement Approval of Plaintiffs' Settlements with Intuit, Pixar, and Lucasfilm. The Court has

5   reviewed these records along with the Plaintiffs' submissions in support of Lieff, Cabraser's

6   billing rates. The Court finds that Lieff, Cabraser's lodestar alone exceeds the requested

7   $5,000,000. Accordingly, the lodestar cross-check confirms that Class Counsel here seek

8   attorneys' fees that are modest compared to their lodestar.

9   Only one Class member, Emma Merrell, objected to Plaintiffs' fee request, which was

10   disclosed in the settlement notice sent to Class members. *See In re Mercury Interactive Corp.*

11   *Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010). Ms. Merrell's objection expressed concern

12   about the potential for a $10 million fee and cost award (the actual amount requested is $8.699

13   million, reflecting a request of $3.699 million in costs and $5 million in fees). However, Ms.

14   Merrell's objection did not take into account that the Settlements for which the costs and fees

15   have been requested are in partial resolution of all of the claims in the case, with all claims

16   against the remaining four Defendants continuing as of the time of the Settlements. In addition,

17   Ms. Merrell states her concern for the financial well-being of the Defendant that employed her

18   and indicates that she does not believe the conduct at issue in this case affected her. This suggests

19   that the crux of her objection is not that she as a Class member should receive more from the

20   Settlements, but that the case should not have been brought at all. This is not a valid objection,

21   particularly in light of the fact that the Court has found this litigation to be meritorious. *See*, *e.g.*,

22   *Wren v. RGIS Inventory Specialists*, No. 06-05778-JCS, 2011 U.S. Dist. LEXIS 38667, at *40-41

23   (N.D. Cal. Apr. 1, 2011).

24   Accordingly, having considered the record in this case and the response of the Class, this

25   Court finds Class Counsel's request for fees is reasonable.

26   **II.    Class Counsel's Request for Reimbursement of Litigation Expenses is Reasonable.**

27   Class Counsel submitted declarations reflecting $3,699,844.31 in litigation expenses

28   incurred as of October 30, 2013, the date of Preliminary Settlement Approval. These costs

ORDER GRANTING PLAINTIFFS' MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
MASTER DOCKET NO. 11-CV-2509-LHK

1    include:  (1) expert witness fees; (2) mediators' fees; (3) a document vendor to host the over 3

2    million pages of documents produced; (4) court reporting and videographer services for nearly

3    100 depositions taken by Plaintiffs in this case; (5) electronic research; (6) copying, mailing, and

4    serving documents; and (7) case-related travel for Plaintiffs, witnesses, experts, and counsel.

5    Class Counsel incurred these out-of-pocket costs without assurance that they would be  repaid.

6    These litigation expenses were necessary to secure the resolution of this litigation.  As discussed

7    above, Ms. Merrell is the sole class member who has objected to the amount of costs.  However,

8    as noted above, Ms. Merrell seems to be more concerned about the well-being of her former

9    employer, Defendant Pixar, and whether this litigation should have been brought in the first

10   instance than maximizing recovery for the Class.  Furthermore, this Court recognizes the

11   complexity and necessity of the expert evidence in advancing this litigation.  In light of the scope

12   of expert discovery and the document-intensive nature of the litigation, the Court finds Class

13   Counsel's request for reimbursement of litigation expenses is reasonable.

14   **III.      The Service Award Payments to the Class Representatives are Fair and Reasonable.**

15          Plaintiffs request approval of service awards to the Class Representatives in the amount of

16   $20,000 each.  The Court finds that the service awards to the Class Representatives are fair and

17   reasonable under the *Staton* factors.  *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting

18   *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

19          First, the Class Representatives have expended substantial time and effort in pursuing this

20   litigation, and in so doing have protected the interests of the Class.  Class Representatives

21   Michael Devine, Mark Fichtner, Daniel Stover, and Siddharth Hariharan submitted detailed

22   declarations describing their contribution to the prosecution and settlement of this case, as well as

23   the amount of time expended thereon.  Dkt. Nos. 720-23.  Class Counsel have submitted a similar

24   declaration from attorney Dean M. Harvey on behalf of the estate of recently deceased Class

25   Representative Brandon Marshall, describing Mr. Marshall's service to the Class before his death.

26   Dkt. No. 726.   The Class Representatives have described numerous efforts they undertook in this

27   litigation, including providing assistance to Class Counsel regarding the initial investigation;

28   preparing and reviewing the complaint; reviewing drafts of pleadings and other documents;

ORDER GRANTING PLAINTIFFS' MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
MASTER DOCKET NO. 11-CV-2509-LHK

1  gathering documents and other potential evidence about Defendants and their claims; assisting

2  with various aspects of written and other discovery; discussing the strategy and progress of all

3  mediations in the case; appearing for deposition; and participating in regular communications

4  about the case.  Dkt. Nos. 720 at ¶8; 721 at ¶8; 722 at ¶8; 723 at ¶8; 726 at ¶10.  These efforts

5  protected the interests of the Class by furthering Class Counsel's prosecution of the case.

6       Second, the Class has benefitted from the efforts of the Class Representatives.  This

7  litigation, and the resulting settlements, would not have been possible without the Class

8  Representatives' willingness to serve in the role.  Courts recognize that Class Representatives

9  face some risk of retaliation, particularly in the employment context.  *See Staton*, 327 F.3d at 977;

10  *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, 2010 U.S. Dist. LEXIS 12762, *4 (S.D.N.Y.

11  February 9, 2010) ("[F]ormer employees put in jeopardy their ability to depend on the employer

12  for references in connection with future employment.").  Importantly, in sworn statements, the

13  Class Representatives described the risks they took in filing such a case against companies of

14  such "prominence and power" in the "close-knit" high-technology industry.  Dkt. Nos. 720 at ¶9;

15  721 at ¶9; 722 at ¶9; 723 at ¶9; *see also* Dkt. No. 726 at ¶11.

16       In this case, Defendants served subpoenas for employment records from the Class

17  Representatives' current and former employers, reinforcing the taint of this litigation against the

18  Class Representatives across their professional networks.  Dkt. Nos. 720 at ¶9 (six subpoenas on

19  non-party employers); 721 at ¶9 (two subpoenas on non-party employers); 722 at ¶9 (two

20  subpoenas on non-party employers); 723 at ¶9 (nine subpoenas on non-party employers); *see also*

21  Dkt. No. 726 at ¶11 (nine subpoenas on non-party employers).

22       Each Class Representative expressed a fear that other technology companies or clients

23  might not want to work with them in the future due to their role in this case.  Dkt. Nos. 720 at ¶9;

24  721 at ¶9; 722 at ¶9; 723 at ¶9; *see also* Dkt. No. 726 at ¶11.  As each Class Representative

25  stated, "That risk will continue throughout my career."  Dkt. Nos. 720 at ¶9; 721 at ¶9; 722 at ¶9;

26  723 at ¶9.  Accordingly, absent Class members are able to participate in the settlement without

27  the risks that the Class Representatives faced.

28       In addition, the service awards here do not raise any prospect of improper coercion.

ORDER GRANTING PLAINTIFFS' MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
MASTER DOCKET NO. 11-CV-2509-LHK

1    Unlike in *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013), each of these

2    five Class Representatives preserved the right to separately and independently support, object to

3    or comment upon any settlement.  At no time was any Class Representative advised by Class

4    Counsel that his entitlement to a service award was conditioned on that Class Representative's

5    support for the settlements.  Nor do the modest service awards requested in this case, which

6    amount to just 0.4 percent of the total recovery, create a conflict or potential conflict between the

7    Class Representatives and the Class, as in *Staton*, 327 F.3d at 975-78 or *Rodriguez v. W. Pub.*

8    *Corp.*, 563 F.948 (9th Cir. 2009).  Finally, no Class member has objected to the requested service

9    awards.

10          In light of the record described above, the Court finds that the Class Representatives have

11    expended substantial time and effort in pursuing this litigation and have protected the interests of

12    the Class; and the Class has benefitted from the Class Representatives' actions with a monetary

13    settlement of $20 million.  The requested service awards are therefore reasonable and fair.

14          **IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

15          1.      This Court hereby finds and concludes that due and adequate notice was

16    directed  to all persons and entities who are Class members, advising them of Class Counsel's

17    intent to seek attorneys' fees and expenses, and service awards for the Class Representatives,

18    and of their right to object thereto.

19          2.      A full and fair opportunity was accorded to all such persons and entities to

20    be  heard.

21          3.      Only one Class member objected to Class Counsel's request for attorneys'

22    fees or  expenses, or to the service awards, and that objection is overruled.

23          4.      The Court hereby grants Plaintiffs' request for attorneys' fees at the benchmark

24    of twenty-five percent of the Settlement Funds ($5,000,000), plus reimbursement of

25    $3,699,844.31 in litigation expenses, for a combined total of $8,699,844.31.  In addition, the

26    Court hereby grants Plaintiffs' request for service awards in the amount of $20,000 each to Class

27    Representatives Michael Devine, Mark Fichtner, Siddharth Hariharan and Daniel Stover, as well

28    as to the estate of recently deceased Class Representative Brandon Marshall.  The awarded

ORDER GRANTING PLAINTIFFS' MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
MASTER DOCKET NO. 11-CV-2509-LHK

1   attorneys' fees and costs and service awards shall be paid pursuant to the terms of the Settlement

2   Agreements, with the amounts deducted from each of the two funds proportional to each fund's

3   total.

4

5

6   Dated: May 16, 2014                          _Lucy H. Koh_____

7                                                LUCY H. KOH
                                                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFFS' MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
MASTER DOCKET NO. 11-CV-2509-LHK