1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS, | Master Docket No. 11-CV-2509-LHK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC., AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING** |

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement (the "Settlement") between individual and representative Plaintiffs Mark Fichtner, Siddharth Hariharan, and Daniel Stover and the Class of individuals they represent ("Plaintiffs") and Defendants Adobe Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation (collectively, the "Settling Defendants"), as set forth in the Settlement Agreement attached hereto as Exhibit A.  Having considered the Motion, the Settling Parties' Settlement Agreement, the proposed form of notice to the Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have meanings ascribed to those terms in the Settlement Agreement, attached hereto as Exhibit A.

2.     The Court has jurisdiction over this Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, Adobe, Apple, Google, and Intel, the Released Parties, and any party to any agreement that is part of or related to the Settlement Agreement.

3.     To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11-91 (4th ed. 2002). *The Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632.  A proposed settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  While consideration of the requirements for final approval is unnecessary at this stage, all of the relevant factors weigh in favor of approving the Settlement proposed here.

4.     First, the settlement is entitled to "an initial presumption of fairness" because it is the result of arm's-length negotiations among experienced counsel. *Newberg* § 11.41.  Plaintiffs and the Settling Defendants engaged in extensive mediated negotiations to resolve the dispute. Initially, mediation was conducted by David Rotman.  After a number of sessions, those efforts were unsuccessful.  Subsequently, the parties retained the services of experienced mediator Hon. Layn Phillips (retired).  Plaintiffs and Settling Defendants conducted a day-long mediation supervised by Judge Phillips on February 17, 2014.  (Dermody Decl. ¶ 10.)  After two months of negotiations, Plaintiffs executed a Memorandum of Understanding with all Settling Defendants on April 24, 2014.  (*Id.*)  Afterward, Plaintiffs and the Settling Defendants exchanged several drafts of the final Settlement Agreement and related settlement documents before the parties came to final agreement as to each.  (*Id.*)  At all times during the negotiation process, counsel for

Plaintiffs and the Settling Defendants bargained vigorously and at arm's length on behalf of their clients.  (*Id.* ¶ 11.)

5.      Second, the consideration—a total of $324.5 million—is substantial, particularly in light of the very real risk that the jury could find no liability or award no damages.  When combined with the $20 million received from Plaintiffs' previous settlements with Defendants Pixar, Lucasfilm, and Intuit, the result for the Class in this litigation will total $344.5 million.  A relevant point of comparison is with the outcomes achieved by the United States Department of Justice ("DOJ") and the California Attorney General ("CA AG").  This action was preceded by a DOJ investigation concerning the same alleged misconduct at issue in this case.  While the DOJ had the ability to seek civil fines, the DOJ settled their investigation regarding Defendants' alleged misconduct without any monetary penalty.  In addition, unlike Plaintiffs, the DOJ did not allege a common conspiracy among all Defendants.

6.      In addition, the DOJ and the CA AG filed cases against eBay Inc. regarding an alleged agreement between eBay and Intuit not to poach each other's employees, which later became a no-hire agreement between the companies.  *State of California v. eBay Inc.*, Case No. 12-CV-5874-EJD-PSG, Dkt. 55-5, ¶¶ 25-42 (N.D. Cal. May 1, 2014) ("CA AG Case"); *United States v. eBay Inc.*, Case No. 12-CV-5869-EJD, Dkt. 36, ¶¶ 14-25 (N.D. Cal. June 4, 2013) ("DOJ Case").  The alleged agreement covers broader conduct than is at issue in this case, and lasted longer, from 2006 through 2011, than is alleged here.  (CA AG Case, Dkt. 55-5, ¶ 41.)  The DOJ and the CA AG recently settled that case.  The proposed settlement with the DOJ is very similar to the previous settlement between the DOJ and the Defendants here: while eBay agrees to modify its behavior going forward, eBay was not required to pay any money, either in the form of penalties or compensation to victims.  (DOJ Case, Dkt. 57 and 57-1).  The proposed settlement with the CA AG includes a monetary component of $3.75 million, $2.375 of which will be distributed among approximately 13,990 claimants.  The proposed settlement also includes a release of the proposed class's claims.  (CA AG Case, Dkt. 55, at 6.)  By comparison, Plaintiffs here obtained a substantially larger recovery, whether measured on an aggregate or per-Class-member basis.

7.     Third, the Settlement does not grant preferential treatment to the Class Representatives or to certain portions of the Class; the Plan of Allocation provides a neutral and fair way to compensate Class members based on their salary and alleged injury.  *In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. at 102.

8.     Fourth, litigation through trial would be complex and costly, and would require a significant amount of Court resources, which settlement avoids.  *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).  While settlement provides the Class with a timely, certain, and meaningful cash recovery, a trial—and any subsequent appeals—is highly uncertain, and in any event would substantially delay any recovery achieved.

9.     Indeed, the risks of trial were highlighted in the most recent antitrust class action tried to verdict in the Northern District of California: *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. M07-1827-SI.  In that trial, Plaintiffs introduced evidence of a global price-fixing cartel that does not exist here, including concurrent criminal investigations that resulted in 14 guilty pleas admitting U.S. antitrust violations.  At trial, Plaintiffs asked the jury to find that Toshiba participated in the alleged price-fixing conspiracy, and to award damages of $867 million.  While the jury found Toshiba liable, the jury awarded only $87 million, or about 10% of the damages requested.  Dermody Decl., Ex. 19 (completed special verdict form).  When a later opt-out action filed by *In re: TFT-LCD* class member Best Buy went to trial against HannStar Display Corp. and Toshiba on the same practices, the jury found HannStar liable but not Toshiba, and awarded *less than 1%* of the damages Best Buy sought ($7.5 million from a request of $770 million).  Dermody Decl., Ex. 5 (completed special verdict form).  Before *LCDs*, the most recent antitrust class action tried to a verdict in the Northern District of California was *In re Tableware Antitrust Litig.*, Case No. C-04-3514-VRW.  The jury in that case returned a verdict for the defendants.  Dermody Decl., Ex. 6 (completed special verdict form).

10.     Here, unlike in *LCDs* and *Tableware*, it was not clear that the alleged misconduct would be considered under the *per se* standard of illegality, with important implications regarding how the trial would proceed, Plaintiffs' burden of proof, and the evidence Defendants would be

permitted to introduce.  Defendants had successfully moved to exclude certain parts of Dr.

Leamer's expert testimony.  (Dkt. 788.)  Defendants' other *in limine* motions to exclude a variety

of evidence were pending.  (Dkt. 855.)  In addition, Defendants intended to vigorously contest the

existence of a common conspiracy among them, and the jury would be faced with many

complicated and contentious issues regarding impact and damages across the Class.  Even if

Plaintiffs succeeded in proving liability, they still faced the risk that the jury would award only a

fraction of the alleged damages—or not award damages altogether.  And, even if Plaintiffs were

successful at trial, Plaintiffs faced the risk of protracted appeals.

11.     Fifth, the Settling Parties agreed to settle at a particularly advanced stage of the

proceedings—after the completion of discovery and less than five weeks before trial.

12.     Sixth, the Settlement was reached under the supervision of an experienced

mediator, Hon. Layn Phillips (retired).

13.     Accordingly, notice to the Class is appropriate here.

14.     The Court finds that the proposed Plan of Allocation, attached to the Settlement

Agreement, and described in the Motion, also is sufficiently fair, reasonable, and adequate such

that it is hereby preliminarily approved, subject to further consideration at the hearing to be held

as set forth below.

## **THE CLASS**

15.     On October 24, 2013, this Court entered an Order certifying a class pursuant to

Rule 23 of the Federal Rules of Civil Procedure, defined as all natural persons who work in the

technical creative, and/or research and development fields that were employed on a salaried basis

in the United States by one or more of the following:  (a)  Adobe from May 2005 through

December 2009; (b) Apple from March 2005 through December 2009; (c) Google from March

2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from

June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or

(g) Pixar from January 2005 through December 2009 (the "Class Period").  Excluded from the

Class are:  retail employees, corporate officers, members of the boards of directors, and senior

executives of all Defendants.  In its Order, this Court found that the requirements of Rule 23(a)

1    and (b)(3) were met.  The Ninth Circuit denied Defendants' Petition for review pursuant to

2    Rule 23(f) on January 15, 2014.  The proposed Settlement here includes a class definition

3    identical to the Class defined above and certified by this Court.

4                              **NOTICE TO CLASS MEMBERS**

5            16.     The Court approves the Notice of Proposed Settlement of Class Action, Fairness

6    Hearing, and Right to Appear (the "Settlement Notice," attached as Exhibit A to the Settlement

7    Agreement), and finds that the dissemination of the Notice substantially in the manner and form

8    set forth in the Settlement Agreement complies fully with the requirements of Federal Rule of

9    Civil Procedure 23 and due process of law, and is the best notice practicable under the

10   circumstances.

11           17.     The notice procedures set forth in the Settlement Agreement are hereby found to

12   be the best practicable means of providing notice of the Settlement Agreement under the

13   circumstances and, when completed, shall constitute due and sufficient notice of the proposed

14   Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled

15   to participate in the Settlement Agreement, in full compliance with the applicable requirements of

16   Federal Rule of Civil Procedure 23 and due process.

17                          **ADMINISTRATION OF THE SETTLEMENT FUND**

18           18.     The Court hereby appoints Gilardi & Co., LLC, as administrator (the "Notice

19   Administrator").  Consistent with the Settlement Agreement, the responsibilities of the Notice

20   Administrator shall include:  (a) maintaining a post office box for purposes of communicating

21   with Class Members, including receiving any objections; (b) disseminating the Notice to the

22   Class; (c) maintaining a website to enable Class Members to access relevant documents;

23   (d) receiving and maintaining documents sent from Class Members relating to Settlement

24   administration and requests for exclusion; (e) handling withholding, reporting, payment,

25   dissemination of forms, and other aspects of Settlement administration relating to all applicable

26   taxes as set forth in the Settlement Agreement; and (f) distributing Settlement checks to Class

27   Members.  Pursuant to the Settlement Agreement, the costs of the Notice Administrator's services

28   and all other reasonable costs of Settlement administration shall be paid out of the Settlement

1   Fund, subject to Court review and approval, with certain notice and administration costs incurred

2   prior to the Effective Date advanced by Adobe, Apple, Google, and Intel as provided in the

3   Settlement Agreement.

4        19.    All funds held by the Escrow Agent (Citibank, N.A.) after the Effective Date of

5   the Settlement as defined in the Settlement Agreement shall be deemed and considered to be in

6   *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such

7   funds shall be distributed (or returned to Adobe, Apple, Google, and Intel) pursuant to the

8   Settlement Agreement and further order(s) of the Court.

9        20.    The Settlement Fund, to be held at Citibank, N.A., shall be established as a

10   fiduciary account and administered in accordance with the provisions of the Settlement

11   Agreement.  The Court approves the establishment of the escrow account under the Settlement

12   Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code

13   Section 1.468B-1 and the Treasury Regulations promulgated thereunder, and retains continuing

14   jurisdiction as to any issue that may arise in connection with the formation and/or administration

15   of this QSF.

16        21.    Within twenty (20) days of the date of this Order:

17        (a)    Co-Lead Class Counsel shall direct Heffler Claims Group, subject to and

18                consistent with the extant Protective Order and all existing confidentiality and non-

19                disclosure agreements, to transmit to Class Counsel, the Defendants, and the

20                Notice Administrator the employee ID numbers and/or hashed social security

21                numbers for all employees to whom Heffler Claims Group sent notices in

22                connection with the certification of the litigation class in the Action (the "Prior

23                Notice Recipients"). For the avoidance of doubt, "Prior Notice Recipients" shall

24                include any employee that a Defendant has identified as a Class Member and shall

25                not include persons who have been determined not to be Class Members.

26                Specifically with respect to Google, "Prior Notice Recipients" shall mean those

27                current and former Google employees to whom reminder notices were sent on or

28                about March 13, 2014, as well as the other current and former Google employees

who were subsequently informed by Heffler Claims Group that they were Class Members. Heffler Claims Group shall transmit such information in a secure manner that has received the prior approval of Co-Lead Class Counsel and the Settling Defendants.

(b)     Heffler Claims Group shall transmit to the Notice Administrator, subject to and consistent with the extant Protective Order and all existing confidentiality and non-disclosure agreements the full legal name, and last known physical address (including the best information concerning each address, as determined using the national change of address database, information provided by Class Members, and other sources) for the Prior Notice Recipients. Heffler Claims Group shall transmit such information in a secure manner that has received the prior approval of Co-Lead Class Counsel and the Settling Defendants;

(c)     Each Defendant shall, at its option, either transmit the social security numbers for the Prior Notice Recipients employed by that Defendant to the Notice Administrator or request that Heffler Claims Group do so. In either case, the information shall be transmitted pursuant to and in a manner consistent with the extant Protective Order and all existing confidentiality and non-disclosure agreements.

22.     The Notice attached to this Order satisfies the requirements of the Federal Rules of Civil Procedure and of due process and, accordingly, is approved for dissemination to the Class. By no later than _____, 2014, after receiving the information in paragraph 11, the Notice Administrator shall cause the Settlement Notice to be mailed by first-class mail, postage prepaid, to Class Members pursuant to the procedures described in the Settlement, and to any Class Member who requests one; and, in conjunction with Class Counsel, shall maintain the case-specific website providing case information, court documents relating to the Settlement and the Notice. By no later than _____, 2014, the Claims Administrator shall file with the Court an Affidavit of Compliance with Notice Requirements.

1176537.3
827287.01

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
MASTER DOCKET NO. 11-CV-2509-LHK

23.     All costs incurred in disseminating Notice and administering the Settlement shall be paid from the Settlement Fund pursuant to the Settlement Agreement, with certain notice and administration costs incurred prior to the Effective Date advanced by Adobe, Apple, Google, and Intel as provided in the Settlement Agreement.

### RESPONSE BY CLASS MEMBERS
### AND THE SCHEDULING OF A FINAL APPROVAL HEARING

24.     Class Members will have until ____, 2014 (45 days after notice) to opt-out (the "Opt-Out Deadline") of the Class.

25.     Any Class Member who wishes to be excluded (opt out) from the Class must send a written Request for Exclusion to the Notice Administrator on or before the close of the Opt-Out Deadline.  Members of the Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion.  Class Members who exclude themselves from the Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered in this matter, and will preserve their ability independently to pursue any claims they may have against Adobe, Apple, Google, and Intel.

26.     Class Counsel shall file their motion for payment of attorneys' fees, costs, and for Plaintiff Service Awards, no later than _____, 2014.

27.     All Class Members who did not properly and timely request exclusion from the Class shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, including the Release provisions, whether or not such Class Member objected to the Settlement and whether or not such Class Member received consideration under the Settlement Agreement.

28.     A final hearing on the Settlement Agreement ("Final Approval Hearing") shall be held before the Court at _____ on _____, 2014 in Courtroom 8, 4th Floor, of the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  Such hearing shall be at least 90 days from the completion of notice pursuant to the Class Action Fairness Act.

29.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and whether the Settlement Agreement should be granted final approval by the Court; (b) approval of the proposed Plan of Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement Release.  Class Counsel's application for payment of costs, and request for the Court to approve service awards to the Named Plaintiffs, shall also be heard at the time of the hearing.

30.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the Court.  Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement objections, requests for exclusion, or notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.

31.     Any Class Member who did not elect to be excluded from the Class may, but need not, enter an appearance through his or her own attorney.  For Settlement purposes, Class Counsel will continue to represent Class Members who do not timely object and do not have an attorney enter an appearance on their behalf.

32.     Any Class Member who did not elect to be excluded from the Class may, but need not, submit comments or objections to (a) the Settlement Agreement, (b) entry of a Final Approval Order and Judgment approving the Settlement Agreement, (c) Class Counsel's application for payment of costs and anticipated application for fees, and/or (d) service award requests, by mailing a written comment or objection to the addresses provided by the Notice Administrator in the Notice.

33.     Any Class Member making an objection (an "Objector") must sign the objection personally, even if represented by counsel, and provide the Class Member's name and full residence or business address and a statement signed under penalty of perjury that the Class Member was an employee and member of the Class.  An objection must state why the Objector objects to the Settlement Agreement and provide a basis in support, together with any documents such person wishes to be considered in support of the objection.  If an Objector intends to appear

at the hearing, personally or through counsel, the Objector must include with the objection a statement of the Objector's intent to appear at the hearing.  The objection must also contain a detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years.

34.     Objections, along with any statements of intent to appear, must be postmarked no later than _____, 2014 (45 days after notice), and mailed to the addresses provided by the Notice Administrator in the Notice.  If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

35.     Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing.  Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreement; (b) entry of a Final Approval Order and Judgment; (c) Class Counsel's application for payment of costs and anticipated request for fees; and (d) service award requests for the Named Plaintiffs, whether by appeal, collateral attack, or otherwise.

36.     Class Members need not appear at the hearing or take any other action to indicate their approval.

37.     Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely requested to be excluded from the Class will be enjoined from proceeding against Adobe, Apple, Google, and Intel and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreement.

38.     The schedule by which the events referenced above shall occur is as follows:

| Event | Date |
|---|---|
| Notice of Class Action Settlement to Be Mailed and Posted on Internet | Within 14 days of receipt of Class Member information pursuant to paragraph 11 |
| Class Counsel Motion for Costs, and Motion for Plaintiffs' Service Awards | To be completed 31 days from Notice Date |

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
MASTER DOCKET NO. 11-CV-2509-LHK

| Event | Date |
|---|---|
| Opt-Out and Objection Deadline | 45 days from Notice Date |
| Notice Administrator Affidavit of Compliance with Notice Requirements | To be filed 30 days prior to the Final Approval Hearing |
| Motion for Final Approval | To be filed 70 days from the Notice Date and 21 days prior to Final Approval Hearing |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Service Awards to Be Filed by Class Counsel | To be filed 7 days prior to Final Approval Hearing |
| Final Approval Hearing | _____, 2014 |

39.     All further proceedings as to Adobe, Apple, Google, and Intel are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreement, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Class Representatives.

40.     In the event the Settlement Agreement and the proposed Settlement are terminated or do not become effective pursuant to the applicable provisions of the Settlement Agreement, the Settlement Agreement and all related proceedings shall, except as expressly provided in the Settlement Agreement, become void and shall have no further force or effect, and Class Plaintiffs shall retain all of their current rights against Adobe, Apple, Google, and Intel and any other Released Party, and Adobe, Apple, Google, and Intel and any other Released Parties shall retain any and all of their current defenses and arguments thereto so that the Settling Parties may take such litigation steps that the Settling Parties otherwise would have been able to take absent the pendency of this Settlement.  These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to April 24, 2014, and shall proceed as if the Settlement Agreement had not been executed.

41.     Neither this Order nor the Settlement Agreement, nor any other Settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Adobe, Apple, Google, and/or Intel as to the validity of any claim

1  that has been or could have been asserted against any of them or as to any liability by either as to

2  any matter encompassed by the Settlement Agreement.

3  Dated: _____, 2014

4

5
                                    _____
6                                   LUCY H. KOH
                                    United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28