Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

*Co-Lead Class Counsel*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CLASS ACTION**<br><br>**DECLARATION OF KELLY M. DERMODY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1176436.2

DECL. OF KELLY M. DERMODY IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 11-CV-2509-LHK

I, Kelly M. Dermody, declare:

1. I am an attorney licensed to practice in the Northern District of California. I am a partner at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Counsel for Plaintiffs Mark Fichtner, Siddharth Hariharan, and Daniel Stover and the Class. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. I am a member in good standing of the bar of the State of California; the United States District Court for the Northern District of California; the United States District Court for the Central District of California; the United States District Court for the Eastern District of California; the United States Courts of Appeals for the First, Second, Third, Fourth, Sixth, Seventh, and Ninth Circuits; and the United States Supreme Court.

**Fairness, Adequacy, and Reasonableness of the Settlement**

3. The record in this case is well developed, including the completion of extensive fact and expert discovery, both in relation to Plaintiffs' motions for class certification and the merits of the case; the briefing and argument of Plaintiffs' motion and supplemental motion for class certification, and the ultimate decision by the Court to certify the class; the briefing and denial of Defendants' motions to dismiss, individual motions for summary judgment, joint motion for summary judgment, motion to exclude testimony of Matthew Marx, and (in part) the motion to exclude testimony of Dr. Edward E. Leamer; and briefing on the parties' motions *in limine* and disputes regarding the evidence to be presented at trial.

4. After the Court lifted a discovery stay in January 2012, the parties completed broad, extensive, and thorough discovery related to both class certification and the merits. The parties took 107 depositions. Plaintiffs took 93 depositions of Defendant witnesses, and served 75 document requests, for which Defendants collectively produced over 325,000 documents (over 3.2 million pages). Plaintiffs also served 28 subpoenas on third parties, negotiated with those third parties, and received 8,809 pages of documents from them. Defendants took the depositions of named Plaintiffs, and propounded document requests, in response to which Plaintiffs produced over 31,000 pages. Defendants also served 34 subpoenas on third parties, including the then-

current and former employers of the Plaintiffs. Defendants' subpoenas resulted in 1,834 pages of documents produced, which Plaintiffs' counsel also reviewed.

5. With expert assistance, Plaintiffs' counsel analyzed vast amounts of computerized employee compensation and recruiting data, including approximately 80,000 files of employment-related data exceeding 50 gigabytes. Plaintiffs' counsel retained four experts and numerous consultants to review and analyze this data, documents produced in the action, deposition testimony, and other relevant facts; apply their relevant expertise to those facts; and form opinions regarding a range of assigned tasks. Those experts included Dr. Edward Leamer of the University of California, Los Angeles, who provided six expert reports consisting of 433 pages of analysis. Defendants took four depositions of Dr. Leamer regarding his opinions. Plaintiffs retained Dr. Kevin Hallock of Cornell University, who provided two expert reports consisting of 232 pages of analysis. Defendants took two depositions of Dr. Hallock. Plaintiffs also retained Dr. Alan Manning of the London School of Economics, who provided one expert report, and Dr. Matthew Marx of the Sloan School of Management at the Massachusetts Institute of Technology, who provided two expert reports. Defendants also deposed Dr. Manning and Dr. Marx.

6. Plaintiffs' counsel and their experts also reviewed, deposed, and analyzed the expert analysis Defendants submitted. Defendants retained seven experts, who collectively submitted a total of 1,733 pages of expert reports, including detailed and extensive quantitative analysis. Plaintiffs' experts assessed these reports and provided responses to them. Plaintiffs' counsel took depositions of every defense expert, including multiple depositions for some witnesses.

7. Fact and expert discovery, which is now complete, has been thorough, and it required the parties to engage in numerous and extensive meetings and conferences concerning the scope of discovery and the analysis regarding the various electronic data, policy documents, and other files produced.

8. In addition to the discovery and class certification efforts described above, as the case neared trial the parties engaged in substantial motion practice and preparations for trial.

Plaintiffs and Defendants litigated intensively motions for summary judgment, motions to exclude expert evidence and motions *in limine*, along with Plaintiffs' motion for the application of the *per se* standard and their motion to compel the production of a confidential document. Plaintiffs and Defendants also engaged in the exchange of extensive pretrial disclosures and conferences regarding trial exhibits, witnesses, the joint pretrial statement, and many other issues. With respect to hundreds of items of documentary evidence, the parties hotly disputed the application of the business records exception to the hearsay rule. At the time of settlement, Plaintiffs had served numerous notices of deposition on corporate witnesses to authenticate business records to which Defendants refused to stipulate. In addition, the parties challenged the scope of each other's proposed witness lists.

9. Plaintiffs' counsel also prepared extensively for trial by retaining a highly-experienced jury consultant to assist with jury preparation and selection.

10. Plaintiffs and the Settling Defendants engaged in extensive mediated negotiations to resolve the dispute. Initially, mediation was conducted by David Rotman. After a number of sessions, those efforts were unsuccessful. Subsequently, the parties retained the services of experienced mediator Hon. Layn Phillips (retired). Plaintiffs and Settling Defendants conducted a day-long mediation supervised by Judge Phillips on February 17, 2014. After two months of negotiations, Plaintiffs executed a Memorandum of Understanding with all Settling Defendants on April 24, 2014. Afterward, Plaintiffs and the Settling Defendants exchanged several drafts of the final Settlement Agreement and related settlement documents before the parties came to final agreement as to each.

11. At all times during the negotiation process, counsel for Plaintiffs and the Settling Defendants bargained vigorously and at arm's length on behalf of their clients. There was no discussion of attorneys' fees prior to negotiating the class relief. There are no commitments between the parties beyond what is set forth in the settlement agreement. At all times during the negotiation process, Class Counsel and the Settling Defendants bargained vigorously on behalf of their clients.

12. At this advanced stage of litigation, Plaintiffs have a keen understanding of the factual and legal issues involved in this case as well as the relative strengths and weaknesses of Plaintiffs' claims. Plaintiffs are well aware of the risks posed to each side by proceeding to trial in this litigation.

13. Here, Class Counsel believe this Settlement is in the best interests of the Class and is fully informed by Class Counsel's analysis of the evidence, case law, and risks at trial. The proposed monetary recovery would be among the largest recoveries for employees in any class litigation in history.

### The Named Plaintiffs Have Expended Substantial Time and Effort in Assisting Class Counsel with the Prosecution of the Class's Claims

14. The Named Plaintiffs expended substantial time and effort assisting Class Counsel with the prosecution of the Class's claims. They have responded to extensive document requests, including requests regarding their lifetime employment history well beyond their experience with Defendants here and without regard to time period (and across all variety of physical and electronic locations), and worked with Class Counsel regarding difficult issues with third party electronic databases. The Named Plaintiffs produced over 31,000 pages of documents to Defendants, answered Defendants' interrogatories, and gave full-day depositions. They have also attended hearings and the mediation. The Named Plaintiffs have all devoted many hours consulting with Class counsel regarding fact development and strategy.

### Incurred and Expected Litigation Costs

15. Based on the records of LCHB and reports provided to LCHB by the other firms representing Plaintiffs and the Class, to date the incurred and unreimbursed costs total approximately $1,150,000. I estimate additional costs from this date to final approval will not exceed $50,000. Each firm will provide more detailed cost information in connection with Plaintiffs' request for final approval.

### Attachments

16. Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement reached with Adobe, Inc., Apple, Inc., Google, Inc., and Intel Corporation.

17. Attached as Exhibit 2 is a true and correct copy of the October 8, 2004 Order issued in *Beck, et al. v. Boeing Co.*, Case No. 00-CV-0301-MJP, Dkt. 1067 at 4 (W.D. Wash.) (awarding $100,000 service payments to each of the named plaintiffs).

18. Attached as Exhibit 3 is a true and correct copy of the *Ivax Corp. v. Aztec Peroxides, LLC, et al.*, Case No. 1:02CV00593 (D.D.C. Aug. 24, 2005) (awarding service payments to each class representative of $100,000 each).

19. Attached as Exhibit 4 is a true and correct copy of the completed special verdict form issued in *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. MD 07-1827-SI (N.D. Cal.).

20. Attached as Exhibit 5 is a true and correct copy of the completed special verdict form issued in Best Buy Co., Inc. v. AU Optronics Corp., et al., Case No. 10-CV-4572-SI (N.D. Cal.) and Best Buy Co., Inc. v. Toshiba Corp., et al., Case No. 12-CV-4114-SI (N.D. Cal.)

21. Attached as Exhibit 6 is a true and correct copy of the completed special verdict form issued in *In re Tableware Antitrust Litig.*, Case No. C-04-3514-VRW (N.D. Cal.).

\* \* \*

1176436.2 - 5 -

DECL. OF KELLY M. DERMODY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 11-CV-2509-LHK

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Francisco, California on May 22, 2014.

*/s/ Kelly M. Dermody*
Kelly M. Dermody

1176436.2 - 6 -

DECL. OF KELLY M. DERMODY IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 11-CV-2509-LHK