Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF DANIEL STOVER**<br><br>Judge:     Honorable Lucy H. Koh |

I, Daniel Stover, declare as follows:

1. I make this statement on the basis of my personal knowledge and, if called as a witness, could and would testify as to its contents. I am a Class Representative in this lawsuit.

2. Since retaining Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") to file a class action lawsuit on my behalf, attorneys at Lieff Cabraser have regularly updated me regarding the status of the case. Attorneys at Lieff Cabraser have also consulted me throughout the litigation on a variety of issues, including discussions about the status of settlement discussions with the Defendants.

3. I understand the responsibilities of a Class Representative and I have fulfilled, and I continue to fulfill, my duties to the Class. I have been actively involved in the litigation of this case, as described more fully below, and have been in close contact with the attorneys representing the Class to monitor and contribute to this case throughout. On many occasions, I have provided my attorneys with input and advice regarding various aspects of the litigation, including the terms of the settlement with Adobe, Apple, Google, and Intel ("Defendants"). I have vigorously represented the Class's interests pursuant to my fiduciary duties to the Class I represent.

4. I was not promised any amount of money to serve as a Class Representative, or in connection with my approval of this settlement or any prior settlement with Defendants. My approval of this Settlement is based on my view that it is in the best interests of the Class.

5. My attorneys at Lieff Cabraser consulted me about the settlement negotiations with Defendants as they occurred, and I authorized my attorneys in these negotiations. I authorized this proposed settlement with the Defendants, and I believe that the proposed settlement is fair, adequate, and reasonable.

6. I believe this is a good settlement that is in the best interest of the Class.

**Benefits to the Class From My Actions as a Class Representative**

7. In my role as Class Representative, I have expended substantial time and effort (as more fully explained below) to perform actions that have benefited the Class at large.

8. Since I first retained Lieff Cabraser, I have spent well over 100 hours fulfilling my role as a Class Representative in this case, including participating in discovery and mediation. A summary of my activities is as follows:

    a. Meeting with and speaking with my attorneys at Lieff Cabraser as part of the initial investigation of the case;

    b. Preparing, reviewing, and finalizing my complaint;

    c. Reviewing drafts of pleadings and other documents before authorizing my attorneys to file them and providing input on these key documents;

    d. Gathering documents and other potential evidence about Defendants and about my claims to provide to Lieff Cabraser and produce to Defendants, including providing documents and electronically stored information to support my claims and the Class's claims,[1] as well as helping my attorneys understand Intel practices and potential witnesses so my attorneys could formulate proper discovery requests;

    e. Preparing, reviewing, finalizing, and verifying my responses to 16 interrogatories, including updating several of my answers twice, at Defendants' request;

    f. Reviewing documents produced by Defendants, and testimony from Defendants' witnesses, that relate to me, my claims, and the claims of the Class;

    g. Reviewing expert work performed by experts retained by both the Class and by Defendants, and providing feedback to my attorneys;

    h. Sitting for a full-day deposition taken by Defendants on October 29, 2012;

    i. Preparing for my deposition with my attorneys;

    j. Reviewing and correcting my deposition transcript following my deposition;

---

[1] Searching and producing both paper documents and electronically stored information was a substantial effort, and included third party sources of information, such as personal email services. My search and production was not limited by time or source of information, and the topics were broad in response to Defendants' discovery requests. I also assisted Lieff Cabraser in reviewing my documents to understand their potential responsiveness to Defendants' discovery requests.

- 2 -

STOVER DECL
MASTER DOCKET NO. 11-CV-2509-LHK

1176455.1

k.  Attending and participating in mediation sessions in San Francisco, and discussing the strategy and progress of all mediations in the case; and

l.  Participating in regular conversations with my attorneys at Lieff Cabraser throughout the duration of this case, with some calls lasting over an hour and sometimes as often as several times a day, and additional communications by way of frequent and regular email correspondence.

**Reasonable Fears of Workplace Retaliation**

9.  I remain a part of the high-technology industry. Given this close-knit industry, and the prominence and power of the seven Defendants in this case, I have taken substantial risks in my own career by stepping forward as a Class Representative here. Further, during the course of this action, Defendants served 9 subpoenas on other (non-party) companies that have employed me, seeking essentially all information regarding nearly any aspect of my work for these employers, including my personnel files. I took the risk that other companies will not hire me or that clients might not want to work with me because I served as a Class Representative in this action. That risk will continue throughout my career.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on May 21, 2014 in Seattle, Washington.

Daniel Stover