# EXHIBIT 2

1    BERNSTEIN LITOWITZ BERGER
        & GROSSMANN LLP
2    BLAIR A. NICHOLAS (Bar No. 178428)
     (blairn@blbglaw.com)
3    NIKI L. MENDOZA (Bar No. 214646)
     (nikim@blbglaw.com)
4    BENJAMIN GALDSTON (Bar No. 211114)
     (beng@blbglaw.com)
5    DAVID KAPLAN (Bar No. 230144)
     (davidk@blbglaw.com)
6    PAUL M. JONNA (Bar No. 265389)
     (paulj@blbglaw.com)
7    12481 High Bluff Drive, Suite 300
     San Diego, CA 92130
8    Tel:    (858) 793-0070
     Fax:    (858) 793-0323
9
     *Plaintiffs' Counsel*
10
     *[Additional Counsel Listed On Signature*
11   *Page]*

12

13

14

15

16   In re AXA ROSENBERG INVESTOR
     LITIGATION
17
     This Document Relates To:  All Actions
18

19

20

21

22

23

24

25

26

27

28

LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
KELLY M. DERMODY (Bar No. 171716)
(kdermody@lchb.com)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008
    -and-
STEVEN E. FINEMAN (Bar No. 140335)
(sfineman@lchb.com)
RACHEL GEMAN (admitted *pro hac vice*)
(rgeman@lchb.com)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

*Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Master File No. CV 11-00536 JSW

**STIPULATION OF SETTLEMENT**

Courtroom: 11, 19th Floor
Judge: Jeffrey S. White

Subject to the approval of the Court, this Stipulation of Settlement (the "Stipulation" or the "Settlement") is entered into between and among (i) defendants AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg (the "Settling Defendants" or "Defendants"); (ii) plaintiffs Government of Guam Retirement Fund, Sacramento County Employees' Retirement System, Trustees of the Pipefitters Local 636 Defined Benefit Plan, and Trustees of the National Elevator Industries Health Benefit Fund (collectively, "Named Plaintiffs"), and Trustees of the Carpenters Pension Fund of Illinois (collectively, with Named Plaintiffs, the "Settling Plaintiffs"); and (iii) the Class, as defined below. Settling Plaintiffs, the Class and the Settling Defendants are hereinafter referred to as the "Settling Parties." The Settlement is intended to fully, finally and forever resolve, discharge and settle the Settled Claims against the Released Parties (defined below) on the terms set forth herein.

WHEREAS:

A.    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

B.    On February 3, 2011, plaintiff Government of Guam Retirement Fund filed a class action complaint for breach of fiduciary duty, negligence, gross negligence, and an accounting against AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, and Barr Rosenberg Research Center LLC in the United States District Court for the Northern District of California (the "Court"), Docket No. 11-cv-00536 (the "Guam Complaint" or "Guam Action").

C.    On February 24, 2011, a class action complaint arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), was filed against AXA Rosenberg Group LLC, AXA Rosenberg Investment Management LLC, Barr Rosenberg Research Center LLC, and Barr Rosenberg in the Court titled *The Board of Trustees of the National Elevator Industry Health Benefit Fund v. AXA Rosenberg Group LLC, et al.,* Case No. CV11-0897 (N.D. Cal.) (the "NEI Health Benefit Fund Action"). The NEI Health Benefit Fund Action complaint alleged that the defendants owed fiduciary

1  duties to plaintiff and members of the putative class and breached those duties in connection

2  with a computer error in AXA Rosenberg Group LLC quantitative investment models and that

3  defendants are liable to plaintiff and members of the putative class for all losses resulting from

4  the breach of ERISA duties and for the return of certain fees.

5        D.     By Orders dated March 18, 2011, the Court deemed the NEI Health Benefit Fund

6  Action as related to the above action, and appointed Bernstein Litowitz Berger & Grossmann

7  LLP ("Bernstein Litowitz") and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser")

8  as interim co-lead plaintiffs' counsel for the putative class pursuant to Fed. R. Civ. P. 23(g)(3)

9  ("Lead Counsel").

10        E.     On April 15, 2011, Named Plaintiffs Government of Guam Retirement Fund, the

11  Sacramento County Employees' Retirement System, the Board of Trustees of the National

12  Elevator Industry Health Benefit Fund, and the Board of Trustees of the Pipefitters Local 636

13  Defined Benefit Pension Fund, on behalf of themselves and a putative class, filed the

14  Consolidated Complaint ("Complaint") against Defendants, alleging common law breach of

15  fiduciary duty, aiding and abetting breach of fiduciary duty, negligence/gross negligence; a

16  claim for an accounting; and breach of the duty of prudence, breach of the duty of loyalty, co-

17  fiduciary liability, and prohibited transactions under ERISA.

18        F.     On May 31, 2011, Trustees of the Carpenters Pension Fund of Illinois filed a

19  complaint titled *Trustees of the Carpenters Pension Fund of Illinois v. AXA Rosenberg Group*

20  *LLC, et al.,* Case No. CV11-2594 (N.D. Cal.), asserting claims for violations of ERISA on

21  behalf of a purported class (the "Carpenters Action"). By Order dated June 23, 2011, the Court

22  deemed the Carpenters Action as related to the above action. By Order dated June 30, 2011, the

23  Court consolidated the Guam Action, the NEI Health Benefit Fund Action, and the Carpenters

24  Action into Civil Action No. CV 11-0536 for all purposes, including pretrial proceedings and

25  trial, and titled it *In re AXA Rosenberg Investor Litigation*, Master File No. CV 11-00536 JSW

26  (N.D. Cal.) (the "Consolidated Action" or "Action"). The Court appointed Bernstein Litowitz

27  and Lieff Cabraser as interim co-lead plaintiffs' counsel in the Consolidated Action pursuant to

28  Fed. R. Civ. P. 23(g).

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

G.  On May 31, 2011, Defendants filed motions to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and motion for a more definite statement pursuant to Rule 12(e). Named Plaintiffs filed their opposition to the motions to dismiss on July 15, 2011, and Defendants filed their reply briefs on August 12, 2011. The Court scheduled the hearing on the motions to dismiss for September 16, 2011, and a Case Management Conference for October 14, 2011.

H.  On September 12, 2011, the Settling Parties participated in a mediation with the Honorable Layn R. Phillips (Ret.). After considerable negotiation, the Settling Parties executed a Term Sheet to Settle Class Action reflecting an agreement in principle to settle the Action for $65 million in cash to be paid by or on behalf of Defendants.

I.  Defendants expressly deny any and all allegations of wrongdoing, fault, liability or damages whatsoever, deny that they committed any violation of law and believe that the Action has no merit. This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. The Settling Parties recognize, however, that the litigation has been filed by the Settling Plaintiffs and defended by Defendants in good faith, that no party has violated Rule 11 of the Federal Rules of Civil Procedure, and that the litigation is being voluntarily settled on terms that each party believes to be reasonable considering the merits of its claims or defenses and taking into account the expense and uncertainty of continued litigation. This Stipulation shall not be construed or deemed to be a concession by Settling Plaintiffs or Class Members of any infirmity in the claims asserted in the Action.

J.  Lead Counsel have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Lead Counsel have analyzed evidence adduced during their investigation and have researched the applicable law with respect to the claims of Named Plaintiffs and the Class against Defendants, as well as the potential defenses thereto.

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

K.     Based upon their investigation, Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Settling Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Settling Plaintiffs and the Class will receive from resolution of the Action, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

L.     The Settling Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action, as defined below.

NOW THEREFORE, without any admission or concession on the part of Settling Plaintiffs and the Class of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.     As used in this Stipulation, the following terms shall have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the Settlement set forth in this Stipulation, the definition below shall control.

(a)     "Affiliated Advisers" means the following AXA Rosenberg-affiliated investment advisors, including their predecessors or successors: AXA Rosenberg Investment Management Limited (UK), AXA Rosenberg Investment Management Asia Pacific Limited (Singapore),

1    AXA Rosenberg Investment Management Asia Pacific Limited (Hong Kong), AXA Rosenberg
2    Investment Management Limited (Japan).

3        (b)    "Authorized Claimant" means a Class Member who submits a timely and valid
4    Proof of Claim Form to the Claims Administrator (in accordance with the requirements
5    established by the Court) that is approved for payment from the Net Settlement Fund.

6        (c)    "AXA Rosenberg" means AXA Rosenberg Group LLC, AXA Rosenberg
7    Investment Management, LLC, and Barr Rosenberg Research Center LLC.

8        (d)    "Claim" means a completed and signed Proof of Claim Form submitted to the
9    Claims Administrator in accordance with the instructions on the Proof of Claim Form.

10       (e)    "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and
11   Release (substantially in the form attached hereto as Exhibit A-2 to Exhibit A) that a Claimant
12   or Class Member must complete if that Claimant or Class Member seeks to be potentially
13   eligible to share in a distribution of the Net Settlement Fund.

14       (f)    "Claimant" means a person or entity that submits a Claim Form to the Claims
15   Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

16       (g)    "Claims Administrator" means the claims administrator selected by Lead
17   Counsel.

18       (h)    "Class" means all persons and entities (whether consisting of a pooled
19   investment fund or individually managed account) for which AXA Rosenberg Investment
20   Management LLC or an Affiliated Adviser provided investment management or advisory
21   services during the Class Period; and (i) for which a separate account (including sub-accounts)
22   holding cash and/or securities was maintained with a custodian (or administrator or trustee)
23   under that person's or entity's name (other than the pooled investment funds whose investors
24   meet the definition of clause (ii)), or (ii) that signed subscription agreements (or similar
25   documentation) to invest (and were invested) during the Class Period in a pooled investment
26   fund that was sponsored by AXA Rosenberg Investment Management LLC, which fund did not
27   have a board or other non-directed independent trustee(s) with independent fiduciary
28   management responsibility ("Non-Independent Funds"). Excluded from the Class are

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

1 Defendants and their subsidiaries, parents, affiliates, successors, predecessors, officers and

2 directors, any entity in which any excluded person has a controlling interest, and the legal

3 representatives, spouses, heirs, successors and assigns of any such excluded person, except that

4 funds managed or advised by AXA Rosenberg or affiliates, any portion of which are for the

5 benefit of non-affiliated third parties, are not excluded. Also excluded from the Class are any

6 persons or entities who exclude themselves by filing a request for exclusion in accordance with

7 the requirements set forth in the Notice.

8     (i)    "Class Distribution Order" means an order entered by the Court authorizing and

9 directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized

10 Claimants.

11     (j)    "Class Member" means a person or entity that is a member of the Class and that

12 does not exclude himself, herself or itself by timely filing a request for exclusion in accordance

13 with the requirements set forth in the Notice.

14     (k)    "Class Period" means the period from January 1, 2007, through April 15, 2010.

15     (l)    "Complaint" means the Consolidated Complaint filed by Named Plaintiffs

16 Government of Guam Retirement Fund, the Sacramento County Employees' Retirement

17 System, the Board of Trustees of the National Elevator Industry Health Benefit Fund, and the

18 Board of Trustees of the Pipefitters Local 636 Defined Benefit Pension Fund on April 15, 2011.

19     (m)    "Court" means the United States District Court for the Northern District of

20 California.

21     (n)    "Defendants" means AXA Rosenberg Group LLC, AXA Rosenberg Investment

22 Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg.

23     (o)    "Defendants' Counsel" means the law firms of Mayer Brown LLP, Wilson

24 Sonsini Goodrich & Rosati PC, and Coblentz, Patch, Duffy & Bass.

25     (p)    "Effective Date" means the date on which all of the following shall have

26 occurred: (i) the Settling Defendants no longer have any rights under paragraph 33 below to

27 terminate this Stipulation, or if the Settling Defendants do have such right, they have given

28 written notice to Lead Counsel that they will not exercise such right; (ii) the Court has entered

1  the Preliminary Approval Order; (iii) the Court has approved the Settlement, following notice to

2  the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv)

3  the Court has approved the Settlement and entered the Judgment, substantially in the form

4  annexed hereto as Exhibit B; and (v) the Judgment has become Final (as defined in paragraph

5  1(t) below).

6      (q)    "Escrow Account" means an interest-bearing escrow account maintained at the

7  Escrow Agent, which account shall be under the exclusive control of Lead Counsel.

8      (r)    "Escrow Agent" means a financial services company designated by Lead

9  Counsel.

10     (s)    "Escrow Agreement" means the agreement among Lead Counsel and the Escrow

11  Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow

12  Account.

13     (t)    "Final" means, with respect to any order of court, including, without limitation,

14  the Judgment, that such order represents a final and binding determination of all issues within

15  its scope and is not subject to further review on appeal or otherwise.  Without limitation, an

16  order becomes "Final" when:  (i) no appeal has been filed and the prescribed time for

17  commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal

18  has been dismissed and the prescribed time, if any, for commencing any further appeal has

19  expired, or (b) the order has been affirmed in all material respects and the prescribed time, if

20  any, for commencing any further appeal has expired.  For purposes of this paragraph, an

21  "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings

22  involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any appeal

23  or other proceeding pertaining to any order adopting or approving a Plan of Allocation, or to

24  any order issued with respect to an application for attorneys' fees and expenses or Service

25  Awards, shall not in any way delay or preclude the Judgment from becoming Final.

26     (u)    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e)

27  of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

28

1  (v)  "Judgment" means an order of judgment and dismissal approving the Settlement

2 to be rendered by the Court substantially in the form attached hereto as Exhibit B.

3  (w)  "Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann

4 LLP and Lieff Cabraser Heimann & Bernstein LLP.

5  (x)  "Litigation Expenses" means the reasonable costs and expenses incurred by

6 Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead

7 Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

8  (y)  "Named Plaintiffs" means Government of Guam Retirement Fund, Sacramento

9 County Employees' Retirement System, Trustees of the Pipefitters Local 636 Defined Benefit

10 Plan, and Trustees of the National Elevator Industries Health Benefit Fund.

11  (z)  "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any

12 Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any

13 attorneys' fees awarded by the Court; and (v) any Service Awards awarded by the Court as set

14 forth below in paragraph 20.

15  (aa)  "Notice" means the Notice of Pendency of Class Action and Proposed

16 Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of

17 Litigation Expenses (substantially in the form attached hereto as Exhibit A-1 to Exhibit A),

18 which is to be sent to members of the Class.

19  (bb)  "Notice and Administration Costs" means the costs, fees and expenses that are

20 incurred by the Claims Administrator in connection with (i) providing notice to the Class; and

21 (ii) administering the Claims process.

22  (cc)  "Plaintiffs' Counsel" means Lead Counsel and all other counsel who, at the

23 direction and under the supervision of Lead Counsel, represent Class Members in the Action,

24 and counsel for Trustees of the Carpenters Pension Fund of Illinois.

25  (dd)  "Plan of Allocation" means the proposed plan of allocation of the Net Settlement

26 Fund set forth in the Notice.

27

28

(ee)    "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Class.

(ff)    "Related Parties" means, as to each of the Settling Defendants, their respective current and former parents, subsidiaries, affiliates, employees, and agents, and, in addition, as to Barr Rosenberg, his spouse June Rosenberg, his children, Rosenberg Alpha L.P., the Barr and June Rosenberg Revocable Trust (along with Barr Rosenberg and June Rosenberg as trustees thereof), and the Barr and June Rosenberg Foundation.

(gg)    "Released Parties" means the Settling Defendants, and their Related Parties.

(hh)    "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, against Settling Plaintiffs, their respective attorneys, or any of the Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the Settled Claims against the Settling Defendants (except for claims relating to the enforcement of the Settlement).

(ii)    "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that the Settling Plaintiffs or any other member of the Class (a) asserted in the Action, or (b) could have asserted in any forum that arise out of, relate in any way to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

(jj)    "Settlement" means this Stipulation of Settlement and the Settlement contained herein.

(kk)    "Settlement Fund" means the sum of $65 million in cash, which AXA Rosenberg Investment Management LLC and Barr Rosenberg Research Center LLC shall, within ten (10) business days of entry of the Preliminary Approval Order, fund and cause to be deposited into the Escrow Account on behalf of Defendants AXA Rosenberg Group LLC, AXA Rosenberg

1  Investment Management LLC, Barr Rosenberg Research Center LLC and Barr Rosenberg, plus

2  interest accrued thereon after it has been deposited into the Escrow Account.

3       (ll)    "Settling Parties" means (i) the Settling Defendants; (ii) the Settling Plaintiffs;

4  and (iii) the Class.

5       (mm)   "Stipulation" means this Stipulation of Settlement.

6       (nn)   "Taxes" means:  (i) all federal, state and/or local taxes of any kind on any

7  income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by

8  Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the

9  Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and

10  accountants).

11      (oo)   "Unknown" claims means any and all Settled Claims that any Settling Plaintiff

12  and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the

13  release of the Released Parties, and any Released Parties' Claims that the Settling Defendants,

14  their agents or attorneys, or their current or former officers, directors or employees does not

15  know or suspect to exist in his, her or its favor, which if known by him, her or it might have

16  affected his, her or its settlement with and release of the Released Parties (or Settling Plaintiffs

17  and Class Members, as appropriate), or might have affected his, her or its decision not to object

18  to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any

19  and all Settled Claims and Released Parties' Claims, the parties stipulate and agree that, upon

20  the Effective Date, Settling Plaintiffs and the Settling Defendants, their agents or attorneys, and

21  their current or former officers, directors or employees shall expressly waive, and each Class

22  Member shall be deemed to have waived, and by operation of the Judgment shall have expressly

23  waived, to the fullest extent permitted by law, any and all provisions, rights and benefits

24  conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or

25  principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or

26  equivalent to Cal. Civ. Code § 1542, which provides:

27       **A general release does not extend to claims, which the creditor does not know or

28       suspect to exist in his or her favor at the time of executing the release, which if**

**known by him or her must have materially affected his or her settlement with the debtor.**

Settling Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Settling Plaintiff shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have – fully, finally and forever settled and released any and all Settled Claims. Settling Plaintiffs and the Settling Defendants acknowledge, and Class Members by law and operation of the Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

## STIPULATION OF CLASS CERTIFICATION

2.     The parties hereto stipulate to the certification, for settlement purposes only, of a Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The certification of the Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendants, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also release as against Settling Plaintiffs, their respective attorneys, and all other Class Members any and all Released Parties' Claims.

4.     Pursuant to the Judgment, upon the Effective Date, Settling Plaintiffs and each of the Class Members shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim against the Released Parties, and shall forever be enjoined from prosecuting any or all Settled Claims, against any Released Party.

5.  Pursuant to the Judgment, upon the Effective Date, the Settling Defendants shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims.

## THE SETTLEMENT CONSIDERATION

6.  In consideration of the Settlement of the Settled Claims against the Settling Defendants and the other Released Parties, Defendants AXA Rosenberg Investment Management LLC and Barr Rosenberg Research Center shall cause to be paid on behalf of all Defendants the total sum of $65 million to be deposited into the Escrow Account no later than ten (10) business days after entry of the Preliminary Approval Order. The interest earned on the Settlement Fund shall be for the benefit of the Class if the Settlement becomes Final. If the Settlement does not become Final and the Settlement is terminated, the interest earned on the Settlement Fund shall be for the benefit of the Settling Defendants, or the entity which made the payment, as applicable, and paragraph 34 below shall govern. If the $65 million is not deposited into the Escrow Account within ten (10) business days after entry of the Preliminary Approval Order, Settling Plaintiffs reserve the right to either: (i) move to enforce the Settlement; or (ii) terminate the Settlement, in which case paragraph 34 below shall govern.

## USE OF SETTLEMENT FUND

7.  The Settlement Fund shall be used to pay any  (i) Taxes; (ii) Notice and Administration Costs pursuant to paragraph 15 below and as otherwise approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation Expenses awarded the Court; (v) Service Awards awarded by the Court as set forth below in paragraph 20; and (vi) other Court-approved deductions. The balance remaining in the Settlement Fund shall be distributed to Authorized Claimants as provided below.

8.  The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein. Except for the Settling Defendants' responsibility to provide certain information as set forth below in paragraph 14, Settling Defendants shall have no responsibility or liability for the maintenance or distribution of the Net Settlement Fund pursuant to this Settlement. Except as

1  provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the
2  Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be
3  deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court
4  until such time as the funds shall be distributed or returned pursuant to the terms of this
5  Stipulation and/or further order of the Court.  The Escrow Agent shall invest the Settlement Fund
6  exclusively in instruments backed by the full faith and credit of the United States Government or
7  fully insured by the United States Government or an agency thereof, including a United States
8  Treasury Money Market Fund or a bank account fully insured by the United States Government
9  Federal Deposit Insurance Corporation (FDIC) up to the guaranteed FDIC limit.  All risks related
10 to the investment of the Settlement Fund shall be borne by the Settlement Fund.

11        9.      The parties hereto agree that the Settlement Fund is intended to be a Qualified
12 Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel,
13 as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-
14 2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax
15 returns as may be necessary or appropriate (including, without limitation, the returns described in
16 Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent
17 with this paragraph and in all events shall reflect that all Taxes on the income earned on the
18 Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 10 below.
19 Lead Counsel shall also be solely responsible for causing payment to be made from the
20 Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request,
21 the Settling Defendants will provide promptly to Lead Counsel the statement described in
22 Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund
23 within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as
24 are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation
25 back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified
26 Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to
27 be taken all actions as may be necessary or appropriate in connection therewith.

28

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

10. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior Order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Fund shall indemnify and hold all Released Parties harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification). Settling Defendants shall notify the Escrow Agent promptly if Settling Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

11. This is not a claims-made settlement; there will be no reversion. Upon the occurrence of the Effective Date, the Settling Defendants shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

12. The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.

13. Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Class at the address of each such person as set forth in the records of Settling Defendants, or who otherwise may be identified through further reasonable effort. For the purpose of identifying and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, the Settling Defendants, other than Barr Rosenberg, shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list of Class Members, including names and addresses, in electronic form. The Claims Administrator will maintain all

1   data received from Settling Defendants in confidence, and will not share that data with any other

2   person other than Lead Counsel on an attorneys' eyes only basis or to the Court under seal upon

3   request.

4          14.     For purposes of calculating each Authorized Claimant's Recognized Fees and

5   Recognized Investment Loss under the proposed Plan of Allocation, within ten (10) business

6   days of entry of the Preliminary Approval Order, the Settling Defendants, other than Barr

7   Rosenberg, shall provide or cause to be provided to the Claims Administrator (at no cost to the

8   Settlement Fund, Lead Counsel or the Claims Administrator), for each Class Member: (1) the

9   total amount in U.S. dollars (converted as necessary from any foreign currency using the

10  conversion rate as of January 21, 2011) of investment management fees and/or advisory fees (or

11  subadvisory fees) received by Defendants or their affiliates during the Class Period; and (2) the

12  total amount paid (converted to U.S. dollars as of January 21, 2011), if any, under the plan of

13  allocation adopted by the U.S. Securities and Exchange Commission in the administrative and

14  cease-and-desist proceeding titled *In the Matter of AXA Rosenberg Group LLC, AXA Investment*

15  *Management LLC, and Barr Rosenberg Research Center LLC*, and with respect to Class

16  Members in Non-Independent Funds, the total amount paid (converted to U.S. dollars as of

17  January 21, 2011) in connection with the distribution of compensation resulting from the coding

18  error.

19         15.     Lead Counsel may pay from the Escrow Account, without further approval from

20  the Settling Defendants or further order of the Court, the actual Notice and Administration Costs.

21  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing

22  the Notice, the administrative expenses actually incurred and fees reasonably charged by the

23  Claims Administrator or other entities in connection with providing Notice and processing the

24  submitted claims, and the reasonable fees, if any, of the Escrow Agent. In the event that the

25  Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration

26  Costs properly paid or incurred, including any related fees, shall not be returned or repaid to the

27  Settling Defendants or their insurance carriers.

28

16.     Except as provided herein, the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment or distribution of the Settlement Fund, the establishment or maintenance of the Escrow Account, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, the administration of the Settlement, or any losses incurred in connection with such matters. The Settling Defendants take no position with respect to the provisions of this Stipulation governing those issues.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses. The Settling Defendants shall take no position with respect to Lead Counsel's applications or awards discussed in this paragraph.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel, with the Court's approval, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest actually accrued, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed. Lead Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation. Settling Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

19.     Subject to any limits imposed by the Court and/or as a matter of law, Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees and Litigation Expenses amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the prosecution and settlement of the Action. The Settling Defendants and the other Released Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, and/or any other person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation Expenses that the Court may make in the Action, and the Settling Defendants take no position with respect to such matters.

20.     Lead Counsel, on behalf of the Settling Plaintiffs, may submit an application for distribution as a "Service Award" to each Settling Plaintiff for serving as a plaintiff in this case (the "Service Award Application(s)"). In the event the Court does not grant Service Award(s) to Settling Plaintiffs, or the Service Awards are less than the amount requested, the remaining amount will not revert to Defendants but will instead remain as part of the Settlement Fund. Any Service Award(s) ordered by the Court shall be paid by the Escrow Agent from the Settlement Fund immediately after the Effective Date. Neither the fact nor amount of a Service Award, nor the fact of any non-award, shall be admissible in any other proceeding for any purpose other than to enforce a release given in accordance with this Settlement, nor shall it be deemed to be a finding as to the merits or defenses of any claim. The Settling Defendants shall take no position with respect to Lead Counsel's application(s) or award(s) discussed in this paragraph.

## CLAIMS ADMINISTRATOR

21.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying claims under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than the Settling Defendants' obligation to provide certain information pursuant to paragraph 14, none of the Released Parties shall have any responsibility for the selection of notice and claims administration providers or administration of the Settlement or the claims process. The Settling Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22. The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Named Plaintiffs and approved by the Court, or according to such other Plan of Allocation as the Court approves. The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1 to Exhibit A.

23. The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between the Settling Parties, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Settling Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. Except as provided herein, neither the Settling Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund.

24. Any Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim.

25. Lead Counsel shall be responsible for the selection of the notice provider and claims administrator supervising the administration of the Settlement and disbursement of the Net Settlement Fund. Except as provided herein, neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Except as provided herein, neither the Settling Defendants nor any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

26.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Settled Claim. A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms, provided, however, that the Settling Defendants may verify whether specific persons who opt out of the Class have submitted Claim Forms.

28.     Lead Counsel will apply to the Court, on notice to the Settling Defendants, for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Class Members. All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

1  otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the

2  terms of the Judgment to be entered in this Action and the releases provided for therein, and will

3  be permanently barred and enjoined from bringing any Settled Claims against any and all

4  Released Parties.

5          30.     All proceedings with respect to the administration, processing and determination

6  of Claims and the determination of all controversies relating thereto, including disputed

7  questions of law and fact with respect to the validity of Claims, shall be subject to the

8  jurisdiction of the Court.

9                                  **TERMS OF THE JUDGMENT**

10         31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead

11  Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in

12  the form annexed hereto as Exhibit B, including, among other things, the releases provided for

13  therein.

14                                  **WAIVER OR TERMINATION**

15         32.     Within thirty (30) days of: (a) the Court's entry of an order expressly declining to

16  enter the Preliminary Approval Order in any material respect without leave to amend; (b) the

17  Court's refusal to approve this Stipulation or any material part of it without leave to amend; (c)

18  the Court's declining to enter the Judgment in any material respect; or (d) the date upon which

19  the Judgment is modified or reversed in any material respect and represents a Final decision on

20  the matter, the Settling Defendants and Settling Plaintiffs each shall have the right to terminate

21  the Settlement and this Stipulation, by providing written notice to the other of an election to do

22  so. However, any decision with respect to an application for attorneys' fees or Litigation

23  Expenses or Service Awards, or with respect to any plan of allocation, shall not be considered

24  material to the Settlement and shall not be grounds for termination.

25         33.     In addition, if Class Members representing a certain portion of the Class exclude

26  themselves from the Class, as set forth in a separate supplemental agreement between Named

27  Plaintiffs and AXA Rosenberg (the "Supplemental Agreement"), AXA Rosenberg shall have, in

28  its sole and absolute discretion, the option to terminate this Stipulation in accordance with the

1   procedures set forth in the Supplemental Agreement. The Supplemental Agreement is
2   confidential and shall not be filed with the Court, but may be examined in camera, if so
3   requested by the Court (unless otherwise required by court rule, or unless and until a dispute as
4   between the Named Plaintiffs and Defendants concerning its interpretation or application arises).
5   Copies of any request for exclusion from the Class received by the Claims Administrator (or
6   other person designated to receive exclusion requests) shall be provided to Lead Counsel and
7   AXA Rosenberg's Counsel within three (3) business days of receipt thereof. If the threshold is
8   reached, AXA Rosenberg shall have until five (5) business days prior to the Final Approval
9   Hearing to inform Lead Counsel, in writing, that AXA Rosenberg elects to exercise its option to
10  terminate the Settlement. Lead Counsel shall have the right to communicate with the Class
11  Members who requested exclusion and, if, prior to the Final Approval Hearing, a sufficient
12  number of them withdraw in writing their requests for exclusion such that the threshold is no
13  longer met, the notice of termination shall be deemed withdrawn.

14      34.     Except as otherwise provided herein, in the event the Settlement is terminated, the
15  Settlement termination shall be without prejudice, and none of the terms shall be effective or
16  enforceable and the facts of the Settlement shall not be admissible in any trial of this Action, and
17  the Settling Parties shall be deemed to have reverted to their respective status in this Action as of
18  September 12, 2011, and, except as otherwise expressly provided, this Stipulation shall be null
19  and void and shall have no further force or effect, the Settling Parties shall proceed in all respects
20  as if this Stipulation and any related orders had not been entered, and any portion of the
21  Settlement consideration previously paid or caused to be paid by the Settling Defendants,
22  including, but not limited to, any funds disbursed in payment of Litigation Expenses and
23  attorneys' fees, together with any interest earned or appreciation thereon, less any Taxes paid or
24  due with respect to such income, and less Notice and Administration Costs incurred and paid or
25  payable, shall be returned to the Settling Defendants or their insurance carriers as applicable
26  within ten (10) business days after written notification of such event by the Settling Defendants
27  to the Escrow Agent, with a copy of such notice to Lead Counsel, pursuant to the terms of the
28  Escrow Agreement.

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW

## NO ADMISSION OF WRONGDOING

35.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Settling Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties to Settling Plaintiffs, the Class or anyone else;

(b)     shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Released Parties, Settling Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

(c)     shall not be offered by Settling Plaintiffs or any other Class Member(s) against any of the Released Parties, or by the Released Parties against the Settling Plaintiffs or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or be in any way referred to by Settling Plaintiffs or any other Class Member(s) for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Settling Defendants and any other Released Party, on the one hand, and Settling Plaintiffs, Plaintiffs' Counsel, or Class Members, on the other, may file this Stipulation and/or the Judgment against each other in order to enforce the terms of such Stipulation and/or Judgment or to support a defense or

1 | counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good
2 | faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue
3 | preclusion or similar defense or counterclaim;

4 |      (d)    shall not be construed against any of the Released Parties, Settling Plaintiffs or
5 | any other Class Member(s) as an admission, concession or presumption that the consideration to
6 | be given hereunder represents the amount which could be or would have been recovered after
7 | trial; and

8 |      (e)    shall not be construed against Settling Plaintiffs or any other Class Member(s) as
9 | an admission, concession or presumption that any of their claims are without merit or that
10 | damages recoverable under the Complaint would not have exceeded the amount of the
11 | Settlement Fund.

## MISCELLANEOUS PROVISIONS

13 |     36.    All of the following exhibits attached hereto are hereby incorporated by reference
14 | as though fully set forth herein: proposed Preliminary Approval Order, Notice, Proof of Claim
15 | Form, and proposed Judgment.

16 |     37.    If a case is commenced in respect of the Settling Defendants under Title 11 of the
17 | United States Code (Bankruptcy), or a trustee, receiver, conservator or other fiduciary is
18 | appointed under any similar law, and in the event of the entry of a final order of a court of
19 | competent jurisdiction determining the transfer of money to the Settlement Fund or any portion
20 | thereof by or on behalf of the Settling Defendants or an insurer to be a preference, voidable
21 | transfer, fraudulent transfer or similar transaction and any portion thereof is required to be
22 | returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at
23 | the election of Lead Counsel, the Settling Parties shall jointly move the Court to vacate and set
24 | aside the releases given and the Judgment entered in favor of the Settling Defendants and the
25 | other Released Parties pursuant to this Stipulation, which releases and Judgment shall be null and
26 | void, and the Settling Parties shall be restored to their respective positions in the litigation
27 | immediately prior to the Effective Date of the Settlement, and any cash amounts in the
28 | Settlement Fund or paid to Lead Counsel shall be returned as provided in paragraph 34 above.

38.     Each of the Settling Defendants warrant as to themselves that, as to the payments made by or on behalf of them, at the time of such payment made pursuant to paragraph 6 above, it or he was not insolvent, nor will the payment required to be made by or on behalf of it or him render it or him insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by the Settling Defendants and not by Defendants' Counsel.

39.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Settling Plaintiffs or any other Class Member(s) against all Released Parties with respect to all Settled Claims. Accordingly, the Settling Parties agree not to assert in any forum that this Action was brought by Settling Plaintiffs or Lead Counsel, or defended by Settling Defendants or Defendants' Counsel, in bad faith or without a reasonable basis. Settling Plaintiffs and the Settling Defendants shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Action. The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's-length and in good faith, including in connection with a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

40.     This Stipulation, including the exhibits to this Stipulation and the Supplemental Agreement referred to in paragraph 33 above, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest. Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel. The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of the breach by any other party, or a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

41.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

42.     The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders providing for the enforcement of the terms of this Stipulation, including, but not limited to, the releases provided for herein, and awards of attorneys' fees and Litigation Expenses to Lead Counsel, and Service Awards.

43.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

44.     This Stipulation may be executed in one or more original, e-mailed and/or faxed counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

45.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

46.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

47.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

48.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

49.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the

1 | full authority to do so and that they have the authority to take appropriate action required or
2 | permitted to be taken pursuant to the Stipulation to effectuate its terms.

3 |      50.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another
4 | in seeking Court approval of the Preliminary Approval Order, the Stipulation and this Settlement,
5 | and to use reasonable efforts to promptly agree upon and execute all such other documentation as
6 | may be reasonably required to obtain final approval by the Court of the Settlement.

7 |      51.    The parties stipulate and agree to request that all litigation activity, except that
8 | contemplated herein and in the Preliminary Approval Order, the Notice of Pendency of Class
9 | Action and Proposed Settlement, the Final Judgment, and in the Notice, shall be stayed and all
10 | hearings, deadlines, and other proceedings in this action, except the Final Approval Hearing,
11 | shall be taken off calendar.

12 |      52.    The Court shall retain jurisdiction with respect to implementation and
13 | enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the
14 | Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

15 |      53.    If any party is required to give notice to the other parties under this Stipulation,
16 | such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand
17 | delivery, facsimile transmission or electronic mail, to counsel as indicated in the signature block
18 | below.

19 |      IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be
20 | executed, by their duly authorized attorneys as of November 1, 2011.

21 | Dated: November 1, 2011

22 |                        BERNSTEIN LITOWITZ BERGER
                           & GROSSMANN LLP
23 |                        BLAIR A. NICHOLAS
                       NIKI L. MENDOZA
24 |                        BENJAMIN GALDSTON
                       DAVID KAPLAN
25 |                        PAUL M. JONNA

26 |

27 |                        /s/ Blair A. Nicholas
                       BLAIR A. NICHOLAS
28 |

12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323

*Lead Counsel*

Dated: November 1, 2011

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
STEVEN E. FINEMAN
KELLY M. DERMODY
RACHEL GEMAN
ALISON M. STOCKING

_____/s/ Steven E. Fineman_____
STEVEN E. FINEMAN

275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel:    (415) 956-1000
Fax:    (415) 956-1008

250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

*Lead Counsel*

Dated: November 1, 2011

MAYER BROWN LLP
LEE H. RUBIN

_____/s/ Lee H. Rubin_____
LEE H. RUBIN

Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Tel:    (650) 331-2037
Fax:    (650) 331-2060

*Attorneys for Defendants AXA Rosenberg Group
LLC, AXA Rosenberg Investment Management, and
Barr Rosenberg Research Center LLC*

Dated: November 1, 2011

WILSON SONSINI GOODRICH & ROSATI P.C.
STEVEN M. SCHATZ

_____/s/ Steven M. Schatz_____
STEVEN M. SCHATZ

650 Page Mill Rd.
Palo Alto, CA 94304
Tel: (650) 493-3900
Fax: (650) 493-6811

*Attorneys for Defendant Barr Rosenberg*

STIPULATION OF SETTLEMENT
Case No. CV 11-00536 JSW