# EXHIBIT A

MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

June 2, 2014

**Vincent J. Connelly**
Direct Tel +1 312 701 7912
Direct Fax +1 312 706 8614
vconnelly@mayerbrown.com

Attorney General Eric H. Holder
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington D.C., 20530-0001

Re:   Notice of Proposed Settlement Pursuant to 28
      U.S.C. § 1715
      *In re High-Tech Employee Antitrust Litigation*,
      11-cv-2509 (LHK)
      United States District Court for the Northern
      District of California

Dear Attorney General Holder:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Adobe Systems, Inc., Apple Inc., Intel Corporation, and Google, Inc. provide notice of a proposed settlement with the Plaintiffs in the above-titled action. Unless otherwise defined, all capitalized terms herein shall have the meanings ascribed to them in the Settlement Agreement.

## BACKGROUND

Google Inc., Adobe Systems, Inc., Apple Inc., and Intel Corporation (collectively the "Settling Defendants") are high-tech companies principally headquartered in the San Francisco Bay Area and Silicon Valley of California. Michael Devine, Mark Fichtner, Siddharth Hariharan, and Daniel Stover on behalf of themselves and a putative class of current and former employees ("Plaintiffs") sued Settling Defendants, as well as Intuit Inc., Lucasfilm Ltd., and Pixar (collectively with the Settling Defendants, "Defendants"), in the action captioned *In re High-Tech Employee Antitrust Litigation*, 11-CV-02509 LHK (the "Action") pending in the Northern District of California. The named Plaintiffs are former employees of some of the Defendants.

Plaintiffs allege that Defendants violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and California's Cartwright Act, Bus. & Prof. Code §§ 16720, et seq., by conspiring to suppress the compensation of their employees through an alleged network of agreements between certain pairs of Defendants not to "cold-call" each other's employees. Plaintiffs allege that, as a result of the alleged conspiracy, Defendants undercompensated Plaintiffs. Plaintiffs sought damages for unpaid compensation, treble damages, prejudgment interest, costs and

Mayer Brown LLP

Attorneys General
June 2, 2014
Page 2

attorneys' fees. Defendants denied and continue to deny that they violated any antitrust laws, or engaged in any wrongdoing, or caused any harm to Plaintiffs.

Plaintiffs and Settling Defendants engaged in over three years of litigation before reaching a settlement. On October 24, 2013, the District Court certified a class of "[a]ll natural persons who work in the technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009." Excluded from the class definition are retail employees, corporate officers, members of the boards of directors, and senior executives of all Defendants.

On May 16, 2014, the District Court entered an order granting final approval of settlements between Plaintiffs and Intuit, Lucasfilm, and Pixar in the above-captioned matter. Those defendants provided notice of their settlements to you and the Attorney General of every State, Puerto Rico and the District of Columbia, as well as the Antitrust Division of the Department of Justice on September 25, 2013.

Settling Defendants continue to maintain that they did not violate any laws or engage in any wrongdoing, did not enter any agreements with the intent of suppressing employee compensation, and did not cause any harm to Plaintiffs. Settling Defendants believe that they have strong defenses to Plaintiffs' claims. Nevertheless, to avoid the risks, burdens, distractions, expense, uncertainties and diversion of resources that would result from continued litigation, Settling Defendants have agreed to settle Plaintiffs' claims on behalf of the class that the Court certified on October 24, 2013.

On May 22, 2014, Plaintiffs filed a motion with the Court seeking preliminary approval of the proposed settlement with Settling Defendants. The motion included a copy of the written settlement agreement between Plaintiffs and Settling Defendants, together with various related documents. The Plaintiffs' filing triggered the notice provisions of 28 U.S.C. § 1715.

A copy of this Notice is concurrently provided to the Attorneys General of every state, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, as well as the Department of Justice's Antitrust Division.

Attorneys General
June 2, 2014
Page 3

## COMPLIANCE WITH 28 U.S.C. § 1715

Each of the requirements of notice pursuant to 28 U.S.C. §§ 1715(b)(1)-(8) is addressed below. All referenced exhibits are provided electronically as PDF files on the enclosed CD.

1. Complaints and Related Materials (28 U.S.C. § 1715(b)(1))

Enclosed as Exhibit A are copies of Plaintiffs' original Complaint, their operative Consolidated Amended Complaint, as well as any associated exhibits to those two Complaints.

2. Notice of Any Scheduled Judicial Hearing (28 U.S.C. § 1715(b)(2))

A hearing on Plaintiffs' motion for preliminary approval has been scheduled for June 19, 2014 at 1:30 p.m. The Court has not yet scheduled a hearing on final approval of the settlement. However, pursuant to the settlement agreement and CAFA's 90-day rule from the date of this filing, the hearing on final approval cannot occur before September 1, 2014. The final approval hearing will be held at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California, 95113.

3. Proposed Notification to Class Members (28 U.S.C. § 1715(b)(3))

A copy of the proposed notice is enclosed as Exhibit A to the executed Settlement Agreement. As proposed by Plaintiffs, the Notice Administrator will be responsible for sending the notice directly by first class mail to the class members who can be identified through reasonable efforts. Notice will also be provided to members of the class through a dedicated website. Although the website is not yet active, it will go live by the date of the initial mailing of the notice of settlement.

4. Proposed Class Action Settlement Agreement (28 U.S.C. § 1715(b)(4))

A copy of the executed Settlement Agreement between Plaintiffs and Settling Defendants is enclosed as Exhibit B.

5. Any Settlement or Other Agreement (28 U.S.C. § 1715(b)(5))

Other than the Settlement Agreement provided in response to Section 1715(b)(4), there are no settlement or other agreements contemporaneously made between class counsel and counsel for the Settling Defendants.

6. Final Judgment or Notice of Dismissal (28 U.S.C. § 1715(b)(6))

No final judgment or notice of dismissal has been entered in the Action.

Mayer Brown LLP

Attorneys General
June 2, 2014
Page 4

      7.      Names or Estimate of Class Members in Each State and Estimated Proportionate Share of the Claims of Such Members to the Entire Settlement (28 U.S.C. § 1715(b)(7)(A)–(B))

The names of potential class members who are believed to reside in each State, based on the most current information available to Settling Defendants, are enclosed as Exhibit C.

Enclosed as Exhibit D is a chart showing the estimated proportionate share of the claims of class members residing in each State to the entire settlement. The parties' proposed plan for allocating the Settlement Fund among class members (the "Plan of Allocation") is enclosed as Exhibit B to the Settlement Agreement. The Plan of Allocation calls for the Settlement Fund, net of all fees, costs, and expenses as described in section IV.A of the Settlement Agreement, to be divided among the approximately 65,000 class members according to the class members' base salaries paid on the basis of employment in Class Positions during the Class Period. The Court has not approved the parties' proposed Plan of Allocation, and, as a result, there has been no calculation of the proposed allocation for each class member. In the absence of such an estimate, Exhibit D provides the estimated number and percentage of class members residing in each State. Depending on the allocation approved by the Court, the proportionate share of the Settlement Fund that class members in each State will receive could be higher or lower than the estimated percentage of class members residing in that State.

      8.      Judicial Opinions Related to the Settlement (28 U.S.C. § 1715(b)(8))

At present, there are no judicial opinions related to the Settlement.

\* \* \*

If you have any questions about this notice, the lawsuit or the enclosed materials, or if you have any difficulties accessing any materials electronically, please feel free to contact the undersigned counsel.

Very truly yours,

*[signature]*

Vincent J. Connelly
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7912
vconnelly@mayerbrown.com
Counsel for Google Inc.

Mayer Brown LLP

Attorneys General
June 2, 2014
Page 5

      Robert A. Mittelstaedt
      ramittelstaedt@jonesday.com
      David C. Kiernan
      dkiernan@jonesday.com
      Jones Day
      555 California Street, 26th Floor
      San Francisco, CA 94104
      (415) 626-3939
      Counsel for Adobe Systems, Inc.

      George A. Riley
      griley@omm.com
      Michael F. Tubach
      mtubach@omm.com
      O'Melveny & Myers LLP
      Two Embarcadero Center, 28th Floor
      San Francisco, CA 94111
      (415) 984-8700
      Counsel for Apple Inc.

      Gregory P. Stone
      gregory.stone@mto.com
      Bradley S. Phillips
      brad.phillips@mto.com
      Steven M. Perry
      steven.perry@mto.com
      Bethany W. Kristovich
      bethany.kristovich@mto.com
      Munger, Tolles & Olson LLP
      355 South Grand Avenue, 35th Floor
      Los Angeles, California 90071-1560
      (213) 683-9100
      Counsel for Intel Corporation

Attachments

cc: The Attorney General of each State, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice (addresses on Exhibit E hereto).