CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAN JOSE DIVISION IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | ) ) ) ) ) ) ) | CASE NO.: 11-CV-02509-LHK |
| THIS DOCUMENT RELATES TO: **ALL ACTIONS** | | NOTICE OF MOTION TO INTERVENE Judge: Hon. Lucy H. Koh Courtroom: 8, 4th Floor Date: August 28, 2014 Time: 1:30 p.m. |

NOTICE OF MOTION TO INTERVENE

1

COME NOW PLAINTIFF INTERVENORS:

New Evidence and Pleadings support MOTION TO INTERVENE:

which includes:

i)  Notice of motion To Intervene

ii) A Declaration in support of Motion To Intervene

iii)  memorandum points and authorities in support OF Motion to Intervene

iv)  Proposed Order

 DATED: July 7, 2014

Respectfully submitted,


<u>/s/ Cathy Jones</u>
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373

2

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.


### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAN JOSE | ) | CASE NO.: 11-CV-02509- |
| DIVISION IN RE: | ) | |
| HIGH-TECH | ) | |
| EMPLOYEE | ) | |
| ANTITRUST | ) | |
| LITIGATION | ) | |
| | ) | LHK |
| | ) | DECLARATION IN SUPPORT |
| | | OF MOTION TO INTERVENE |

THIS DOCUMENT RELATES TO:
**ALL ACTIONS**

Judge: Hon. Lucy H. Koh
Courtroom: 8, 4th Floor
Date: August 28, 2014
Time: 1:30 p.m.


DECLARATION  IN SUPPORT OF MOTION TO INTERVENE

DECLARATION

I, Cathy Jones, declare:

1. I am an attorney at law, duly admitted to practice before

all the courts of the State of California and this Honorable

Court. I am counsel  for Plaintiffs ("Plaintiff") in

this action. I have first-hand, personal knowledge of the facts

set forth below and, if called as a witness, I could and

would testify competently thereto.

2. This Declaration is made in further support of Plaintiffs' Motion To Intervene.

Executed this 7th day of July 2014.


/s/ Cathy Jones
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373

1

2  CHRIS EUBANK,
3  GARY NELSON,
   BRAD GREENSPAN ,
4  Applicants for Intervention.

5

6                  UNITED STATES DISTRICT COURT
7                  NORTHERN DISTRICT OF CALIFORNIA

8  | SAN JOSE DIVISION ) | Case No.: 11-CV-02509-
9  | IN RE: HIGH-TECH )
   | EMPLOYEE )
10 | ANTITRUST )
   | LITIGATION )
11 |              )
   |              ) | LHK
12 |              ) | PLAINTIFF PROPOSED
13 |              |   ORDER FOR MOTION TO
                      INTERVENE
14 |
   | THIS DOCUMENT RELATES TO:
15 | **ALL ACTIONS** | Judge: Hon. Lucy H. Koh
16 |                   Courtroom: 8, 4th Floor
                       Date: August 28, 2014
17 |                   Time: 1:30 p.m.

18

19

20

21

22

23

24

25

26

27                              1

28
              **[PROPOSED] ORDER ON MOTION FOR LEAVE TO INTERVENE**

**[PROPOSED] ORDER ON MOTION FOR LEAVE TO INTERVENE**

Motion to intervene in the above-captioned matter is hereby  _____,

_____

IT IS SO ORDERED.

Dated:     , 2014

HON.  J.
UNITED STATES DISTRICT COURT JUDGE

2

**[PROPOSED] ORDER ON MOTION FOR LEAVE TO INTERVENE**

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION     )       Case No.: 11-CV-02509-
IN RE: HIGH-TECH     )
EMPLOYEE     )
ANTITRUST     )
LITIGATION     )
    )
    )

LHK
MEMORANDUM OF POINT AND
AUTHORITIES IN SUPPORT MOTION
TO INTERVENE

THIS DOCUMENT RELATES TO:
**ALL ACTIONS**

Judge: Hon. Lucy H. Koh
Courtroom: 8, 4th Floor
Date: August 28, 2014
Time: 1:30 p.m.

1

INDEX
0- CASE LAW CITED    pg. 3
I- INTRODUCTION      pg. 4
II-BACKGROUND        pg. 4
III- GOALS           pg.5
IV-Legal Argument     pg.6
III CONCLUSION       pg. 22

2

**CASE LAW  CITED**

See Luther v. Countrywide Homes Loans Servicing LP, 533 F.3d 1031, 1033-34 pg. 7(9th Cir. 2008)

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003) pg.10

Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) pg.10

Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996) pg.11

United States v. Washington, 86 F.3d 1499 (9th Cir.1996) pg.11

Engra, Inc. v. Gabel, 958 F.2d 643, 644 (5th Cir. 1992). Pg. 12

Northwest Forest Resource Council, 82 F.3d at 837. Pg. 12

Sierra Club v. United States EPA, 995 F.2d 1478, 1484 (9th Cir. 1993) pg. 12

Donnelly, 159 F.3d at 409; pg.12

3

## MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE

### INTRODUCTION

1.      Pursuant to Federal Rule of Civil Procedure three Plaintiffs move to Intervene.

2.      The Intervenors further respectfully requests the Court grant in such motion, the right to serve:

   **i.**          **Motion of Recusal**  (Exhibit #1)

So that existing members of Class are not damaged by Judge that should recuse herself. Intervenor has a significantly protectable interest in the subject matter.

   **ii.**      **Motion for Contempt And Preliminary Injunction 65(a)** (Exhibit #2)

   **iii.**      **Complaint in Intervention** (Exhibit #3) ,

   **iv.**      **Motion for Summary Judgement** (Exhibit #4)

   **v.**      **RICO Case Statement** (Exhibit #5)

### BACKGROUND

3.     The Court should allow the proposed Intervenors to join as  lead Plaintiffs in the actions under Common Questions Of Law And Fact: An Independent Ground For Jurisdiction.

4.      The Proposed Intervenors have claims against one or more same defendants that arise under the federal laws, these claims are identical in all material respects to those alleged

4

in the current Complaint in those actions in which intervention is sought. Claims happen also during same 2003-2006 timeline defendants began commercial business thru commercial agreements and secret "bi-lateral" now admitted illegal "no poach" agreements which took the form of illegal tactics and conduct victimizing each company's employees who were damaged by receiving lower wages. Therefore, pursuant to 28 U.S.C. § 1331(a), the Court has subject-matter jurisdiction over the claims of the Proposed Intervenor.

## III - GOALS:

A) To intervene to make sure  Plaintiff Class Counsel fulfills promise to add "Does" that Class Counsel discovered during discovery.

B) To intervene to add the other legal violations and conspiracies the Existing defendants are also part of including their participation in an Associated by Fact Enterprise. For example it was only June 20, 2014 that Google Bilateral agreement partner News Corporation had a top executive, Andy Coulson found guilty of criminal  Phone Hacking, By UK High Court Jury.  Coulson approved, involved, used the cash to fund crimes from Google bilateral "promise me in blood" new evidence Submitted

C) To Intervene so that other Defendants are able to dispose of their claims against. existing Defendants

D) Ensure Absentee Class gets benefit of material new evidence including multiple criminal  convictions by Defendants*

5

E) Get right to serve discovery on Intel head of comp Browne, former CEO of BP 2005-2007, after new criminal Admission of blackmail by Browne while heading Intel's Compensation Committtee (in NYTimes publication June 26, 2014)

5. Intervenors absolutely can claim "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. Proc. 24(a)(2). Permissive intervention is also justified because Intervenor's participation will facilitate an equitable result. See Spangler v. Pasadena Board of Education, 28 552 F.2d 1326, 1329 (9th Cir. 1977) (the court may consider whether intervenors "

## IV. 24(b) LEGAL ARGUMENT

**There Exist Common Questions Of Law And Fact**

6. The Proposed Intervenor claims are based upon many of the same alleged violations of federal law as the underlying HiTech Class Action actions. Thus, it is indisputable that the intervenors' claims and the claims asserted in the underlying actions have many common -- indeed identical -- questions of law and fact. Diduck v. Kaszycki & Sons Contractors, Inc., 149 F.R.D. 55, 59 (S.D.N.Y. 1993) (intervention granted where "the intervenor's claims raise identical questions of law and fact to those currently before the Court");

**Policy Considerations In Class Actions Favor Granting Intervention Motions**

7. In class actions, intervention is "highly desirable" "to ensure adequate class representation." Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 202 (S.D.N.Y. 1992)

6

(rejecting defendants' argument that intervention was untimely).

8.   Petitioners are entitled to intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2). The Ninth Circuit construes Rule 24 liberally in favor of movants for intervention. See Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)). "Courts are guided primarily by practical and- equitable considerations." Id. [1]For reasons set forth herein, Intervenors satisfy requirements of F.R.C.P 24(a)(2) to intervene as a matter of right in present action.

9.   Intervenors' claims arise from the same set of facts, occurrences, circumstances and transactions as the Plaintiffs in this case. Intervenors' claims involve the same legal issues as those already presented in this case by the Plaintiffs.

10.   Plaintiffs' claim to a property interest in their employment.

11.   Intervenors are entitled to relief, including   liquidated damages, and costs and attorney's fees.

12.   Intervenors' interests will not be represented in this case unless intervention is allowed.

13. Allowance of intervention at this time will not cause any additional delay or prejudice to Defendants.

14.   If intervention is not allowed Intervenors will have to file a separate lawsuit

---

[1] When considering a motion to intervene, the court "must accept as true the non-conclusory allegations in the motion." Reich v. ABC/York-Estes Corp., "A motion to intervene as a matter of right, moreover, should not be dismissed unless it appears to a certainty that the
intervener is not entitled to relief under any set of facts which could be proved under the complaint." Id. (citing Lake Investors Dev. Group v. Egidi Dev. Group,).

to assert their claims for relief   and to vindicate their claim to a protected property interest in their employment. Filing a separate lawsuit would entail additional and unnecessary delay and expense of time, effort, and judicial resources.

## V – CONCLUSION

15.     In accordance with Rule 24(c), this Motion is accompanied by a pleading setting for the claims for which intervention is sought, accompanying Memorandum in support thereof, and on the declaration filed concurrently,   and on the papers, records and  pleadings on file in this matter, and on such oral argument as the Court allows.

16.     WHEREFORE, Plaintiff-Intervenors respectfully request leave from the Court to intervene and  accept new pleadings

DATED: July 7, 2014

Respectfully submitted,


/s/ Cathy Jones
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373.

8

EXHIBIT #1 – MOTION OF RECUSAL

9

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAN JOSE DIVISION IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | ) ) ) ) ) ) ) | CASE NO.: 11-CV-02509- <br><br> LHK <br> NOTICE OF MOTION FOR RECUSAL |

THIS DOCUMENT RELATES TO:

**ALL ACTIONS**

Judge: Hon. Lucy H. Koh
Courtroom: 8, 4th Floor
Date: August 28, 2014
Time: 1:30 p.m.

NOTICE OF MOTION FOR RECUSAL

1

COME NOW PLAINTIFF INTERVENORS:

New Evidence and Pleadings support MOTION FOR RECUSAL

which includes:

i)  Notice of motion

ii) A Declaration in support of Motion

iii)  memorandum points and authorities in support OF Motion

iv)  Proposed Order

 DATED: July 7, 2014

Respectfully submitted,


/s/ Cathy Jones
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373

NOTICE OF MOTION FOR RECUSAL

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


SAN JOSE DIVISION )          Case No.: 11-CV-02509-
IN RE: HIGH-TECH )
EMPLOYEE )
ANTITRUST )
LITIGATION )
)
)          LHK
                            DECLARATION IN SUPPORT OF
                            MOTION FOR RECUSAL
THIS DOCUMENT RELATES TO:
**ALL ACTIONS**             Judge: Hon. Lucy H. Koh
                            Courtroom: 8, 4th Floor
                            Date: August 28, 2014
                            Time: 1:30 p.m


DECLARATION  IN SUPPORT OF MOTION FOR RECUSAL

DECLARATION

I, Cathy Jones, declare:

1.  I am an attorney at law, duly admitted to practice before all the courts of the State of California and this Honorable Court. I am counsel of record for Plaintiffs ("Plaintiff") in this action. I have first-hand, personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.  This Declaration is made in further support of Plaintiffs' Motion To Intervene.

Executed this 7th day of July 2014.

/s/ Cathy Jones
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION          )          Case No.: 11-CV-02509-
IN RE: HIGH-TECH          )
EMPLOYEE          )
ANTITRUST          )
LITIGATION          )
          )          LHK
          )          MEMORANDUM OF POINTS AND
          )          AUTHORITIES IN SUPPORT OF MOTION
          FOR RECUSAL

THIS DOCUMENT RELATES TO:
**ALL ACTIONS**          Judge: Hon. Lucy H. Koh
          Courtroom: 8, 4th Floor
          Date: August 28, 2014
          Time: 1:30 p.m.

1

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECUSAL

**I - INTRODUCTION**

1.      Plaintiffs herein, submit this Memorandum of Points and Authorities in Support of Motion For Recusal. Recusal is warranted because Petitioners seeks to intervene in case assigned to United States District Court Judge Koh. Facts that have emerged in 2014 thru the discovery Process have increased the number of involved potential parties that can reasonably be determined will be witnesses or by fact part of Jury Trial or other disposition at this stage.

2.      Judge Koh according to the Federal Court website, http://www.cand.uscourts.gov/lhk has the following work experience listed:

i.      "Judge, U. S. District Court, Northern District of Californi Nominated by Barack Obama on January 20, 2010, to a seat vacated by Ronald M. Whyte. Confirmed by the Senate on June 7, 2010, and received commission on June 9, 2010.

ii.      "Education:

Harvard University, B.A., 1990
Harvard Law School, J.D., 1993

iii.      "Professional Career:

Fellow, Committee on the Judiciary, U.S. Senate, 1993-1994
Special Counsel, Office of Legislative Affairs, U.S. Department of Justice, 1994-1996
Special Assistant to the Deputy Attorney General, U.S. Department of Justice, 1996-1997
Assistant U. S. Attorney, Central District of California, 1997-2000"

2

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

3.     Recusal is warranted because case Petitioners seek to intervene for relief against criminal acts and violation of their civil rights by way of being victims of what Judge Koh described as several defendants that initiated and operated an unlawful "broad conspiracy" that was a violation of Federal antitrust law and located in the same geographic area of this Court.

## II.  LAW AND ARGUMENT

**Standards For Recusal Under Section 455(a)**

4.     Petitioners are Entitled To Have This Case Assigned To Another Judge who is Not Affiliated in the direct above described prior work and/or economic manner for even a single conflict existing with defendants: Holder, Klein, Varney, and Obama.

However, all four will be defendants in the same complaint so the threshold

5.     Title 28 U.S.C. Section 455(a) provides in relevant part: "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

6.  The relevant consideration under Section 455(a) is the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855, (1988). The very purpose of 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. Liljeberg, 108 S.Ct. at 2205.

**RECUSAL REVIEWS**

**A.  Holder / Koh Conflict triggers Recusal Under Section 455(a)**

3

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

7.  Shockingly, Judge Koh in 1996-1997 was "Special Assistant" to current Department of Justice Atty General Eric Holder[1], a defendant in the Consolidated Complaint in Intervention, Therefore, this assignment creates a strong appearance  of impropriety.

### B.  President Obama / Koh Conflict triggers Recusal Under Section 455(a)

8.  As the Court will see from the pleadings enclosed herein, Barack Obama is a defendant. Therefore, this assignment creates a strong appearance  of impropriety.

### C.  Varney, Klein, Koh Conflicts trigger Recusal

9.      Additional conflicts exist with Joel Klein and Christine Varney who also worked at the Department of Justice during the aforementioned Period. As the Court will see from the pleadings enclosed herein, Joel Klein and Christine Varney are defendants.

For this reason, a strong appearance of impropriety is created with Judge Koh  assigned to a matter where one or more of the following is a defendant: Holder, Klein, Varney, or Obama. For these  reasons, she is disqualified under 28 U.S.C. Section 455(a), and Petitioner  motion for recusal should be granted.

10.      Petitioner  Is Entitled To Have  Case Assigned To Another Judge Who Is Not Affiliated in the direct above described prior work and/or economic manner for Even a single conflict existing with defendants: Holder, Klein, Varney, and Obama. However, all four will be defendants in the same complaint so the threshold or ability For the Court to navigate equitably is too burdensome  and risky to injure Plaintiffs.

---

[1] "Special Assistant to the Deputy Attorney General, U.S. Department of Justice, 1996-1997 Assistant U. S. Attorney, Central District of California, 1997-2000"

4

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

Here, a reasonable person would question the judge's impartiality where the judge has been an adjunct faculty member at defendant university. If a reasonable man or woman apprised of all of the circumstances would question the judge's impartiality, then an appearance of impartiality sufficient to trigger Section 455 exists. Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1405 (5th Cir. 1994).

11.  Here, because of the high likelihood of winning one or more of Petitioners claims, recusal will promote confidence in the judiciary by avoiding even the appearance of impropriety. Because a strong appearance of partiality is created here under Section 455(a), recusal is required.

### E.    Review under 3E(1) Recusal Requirements

12.    Canon 3E(1) sets forth the general duty to disqualify applicable to a judge of any court. Sources for determining when recusal or disqualification is  appropriate may include the applicable provisions of the Code of Civil Procedure,  other provisions of the Code of Judicial Ethics, the Code of Conduct for United 9 States Judges, the American Bar Association's Model Code of Judicial Conduct, 10 and related case law.

### F.    Review under 3E(3) Recusal Requirements

13.    Canon 3E(3) is intended to assist  judges in complying with Code of Civil Procedure section 170.1, subdivision  (a)(3) and Canon 3E(5)(d).

14.    (4) An appellate justice shall disqualify himself or herself in any proceeding if :

(a) the justice believes his or her recusal would further the interests of justice;

5

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

(b) the justice substantially doubts his or her capacity to be impartial;*

## G.    Review under Canon 3E(4) also requires Recusal

15.   Canon 3E(4) sets forth the general standards for recusal of an appellate justice. The term "appellate justice" includes justices of both the Courts of Appeal and the Supreme Court. Generally, the provisions concerning 18 disqualification of an appellate justice are intended to assist justices in   determining whether recusal is appropriate and to inform the public why recusal  may occur.   In the latter case, the judge must promptly disclose on the record the basis   for possible disqualification and use reasonable efforts to transfer the matter to  another judge as soon as practicable. In some instances, membership in certain organizations may have the 29 potential to give an appearance of partiality, although membership in the 30 organization generally may not be barred by Canon 2C, Canon 4, or any other 31 specific canon. A judge holding membership in an organization should disqualify 32 himself or herself whenever doing so would be appropriate in accordance with 33 Canon 3E(1), 3E(4), or 3E(5) or statutory requirements.

## DISCLOSURE REQUIREMENTS

16.   if Judge Koh determines not to Recuse herself then Judge Koh must instead provide Class Members the following information based on Statue:

## H.    3E(2) Disclosure Required

17.   The decision whether to disclose information under Canon 3E(2) is a decision based on the facts of the case before the judge. A judge is required to  disclose

6

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

1    only information that is related to the grounds for disqualification set forth in

2    Code of Civil Procedure section 170.1.

3        18.    In addition, in some 34 circumstances, the parties or their lawyers

4    may consider a judge's membership in 35 an organization relevant to the

5    question of disqualification, even if the judge 36 believes there is no actual

6    basis for disqualification. In accordance with this 37 canon, a judge should

7    disclose to the parties his or her membership in an 38 organization, in any

8    proceeding in which that information is reasonably relevant 39 to the question

9    of disqualification under Code of Civil Procedure section 170.1, 40 even if the

10   judge concludes there is no actual basis for disqualification.

11       19. Notwithstanding Canon 3E(5)(j), a justice shall be disqualified based

12   on a contribution of a lesser amount if required by Canon 3E(4).   The

13   disqualification required under Canon 3E(5)(j) may be waived if all parties 2

14   that did not make the contribution agree to waive the disqualification.

15

16       **I.    Judge Koh's husband's reliance on WH and President continuing to
           renew work agreements   requires Judge Koh recuse herself.**

17   20. Judge Koh's husband is currently continuing to work full time at a

18   job that was supplied by his relationship with  President Obama. Therefore, Judge Koh

19   has a significant conflict of interests because President Obama continuously since

20   2008 has requested and received millions of dollars in donations from the

21   current Defendants including Google, Intel, Apple. Further, President Obama

22   has the top executives  like Google's Schmidt from the Defendant companies

23   invited and selected to head his Economic Board and Technology Board in

24   Washington D.C.

25

26

27                                    7

28   MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

**J.   Judge Koh has additional conflict of interest issue depending on relationship with Harold Koh.**

21.     Judge Koh must decide if she wants to disclose the details of her commercial and family relationship to "Harold Koh" or simply Recuse herself at this time. Harold Koh may be a family member of Judge Koh and if Judge Koh is indeed related to Harold Koh, this must be disclosed to Absentee Class in detail or Judge Koh should simply Recuse herself. Harold Koh relies on consulting and lobbying work and legal opinion Writing work that almost exclusive is provided by the White House and Department of Justice. If Harold is indeed related to Judge Koh as is rumored and widely believed, then Judge Koh has an additional commercial conflict with the White House because Judge Koh may fear Harold losing his job if Judge Koh doesn't approve the settlement which the Defendants are suggesting is fair and proper. Judge Koh can simply Recuse herself at this point in the Class Action process or she must disclose the nature of her relationship with Department of Defense consultant and legal opinion writer: Harold Koh.

**K.   RECUSED HERSELF FROM FACEBOOK CASE**

22.     Judge Koh  recently recused her from the Facebook case, that significant conflicts exist for her for any companies that are linked to Sheryl Sandberg like Facebook. As Sheryl is friends with the people that Judge Koh realized she knew and thus  caused a clear conflict, causing her to opt to Recuse herself wisely.

L.  ADDITIONAL CONFLICT:  CHRISTINE VARNEY

23.     Additional background on Varney appears in Exhibit #1.

8

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

Specifically, its believed Judge Koh and Christine Varney likely worked at the DOJ in

Washington D.C. or California at the same time between 1993-2000.  If Judge Koh

Doesn't approve settlement and the Case goes to Trial, it could expose Ex- DOJ

Antitrust Assistant Attorney General to harsh criticism which would put significant

pressure on Judge Koh if in fact Judge Koh and Christine Varney worked together

between 1993-2000. Judge Koh could opt to simply avoid any risk by Recusing herself

at this point in Class Action.

## III.  CONCLUSION

24.  Here, because of the high likelihood of winning one or more of

Petitioners claims, recusal will promote confidence in the judiciary by

avoiding even the appearance of impropriety. Because a strong appearance of

partiality is created here under Section 455(a), recusal is required.

Petitioner respectfully submits the recusal motion must be granted and this

case assigned to another district court Judge unaffiliated in a former working

relationship.

Respectfully submitted,

July 7, 2014


/s/ Cathy Jones
Cathy Jones
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
Fax (408)-549-9867

9

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

1

2    EXHIBIT #1

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    10

28
MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

"Hogan & Hartson L.L.P.

http://thehandlerfamily.com/UVa/docs/varney.htm Page 1 of 2

Christine A. Varney Christine A. Varney
Partner, Washington, DC

Practice Groups: Antitrust/Litigation
Emerging Business Practice
Internet Law Group
Middle East Practice Task Force
Privacy
Areas of
Concentration:
Antitrust Counseling
Mergers and Acquisitions
Civil Investigations
Advertising and Consumer Protection

Education: J.D., 1986, Georgetown University
M.P.A., 1978, Syracuse University,
magna cum laude
B.S., 1977, State University of New
York at Albany

Christine Varney rejoined Hogan & Hartson, after five years in government service, to head the firm's Internet Practice Group. Ms. Varney's practice provides full service assistance to companies doing business globally, primarily through the Internet, including advice in privacy, business planning and corporate governance, intellectual property and general liability issues. Ms. Varney also provides antitrust, competition policy and regulatory advice to a variety of companies.

During her government tenure Ms. Varney served as a Federal Trade Commissioner from 1994 to 1997. At the Federal Trade Commission, Ms. Varney was the Administration's leading official on a wide variety of Internet issues. She also pioneered the application of innovation market theory analysis to transactions in both electronic high technology and biotechnology. She led the government's effort to examine privacy issues in the information age, resulting in Congressional and

11

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

agency hearings, proposed industry standards and increased government enforcement of laws protecting privacy.

Prior to becoming a Federal Trade Commissioner, Ms. Varney was an Assistant to the President and Secretary to the Cabinet. Ms. Varney was the primary point of contact between the President and the 20 members of his Cabinet. She was responsible for the overall coordination of several major issues and initiatives between the White House and the agencies.

Prior to joining the Clinton Administration, Ms. Varney practiced law with Hogan & Hartson. Her representations have included Netscape, Ebay, AOL, DoubleClick, Real Networks, and serving as Chief Counsel to the Clinton/Gore Campaign, General Counsel to the 1992 Presidential Inaugural Committee, and General Counsel to the Democratic National Committee from 1989 to 1992.

http://thehandlerfamily.com/UVa/docs/varney.htm Page 2 of 2
Ms. Varney has lectured extensively, both in the United States and abroad, on various legal issues in American politics. Ms. Varney has also been involved in an ongoing international dialogue on comparative political processes and competition policy with foreign government officials through the Organization for Economic Cooperation and Development (OECD). She regularly contributes to a variety of publications.

Ms. Varney's post-graduate degrees include a 1986 J.D. from the Georgetown University Law Center, where she was a Law Fellow, and a 1978 Masters in Public Administration from the Maxwell School at Syracuse University. She attended Trinity College in Dublin, Ireland, and is a 1977 graduate of the State University of New York in Albany. Ms. Varney is a member of the District of Columbia Bar, the New York State Bar, the American Bar Association and the National Lawyers' Counsel. She is also a committee member on the ABA Standing Committee on Election Law and is active in the Antitrust Section.
Ms. Varney was born in Washington, D.C. and raised in Syracuse, New York. She is married to Thomas J. Graham, and they have two children.
Publications: Medine, David and Christine Varney. "Internet Privacy: Enforcement Actions." The National Law Journal (August 6, 2001): A23.Medine, David and Christine Varney. "Internet Privacy Enforcement Actions." The National Law Journal (August 6, 2001).Varney, Christine A. "The Death of Privacy?" Newsweek Special Edition (December 2000-February 2001): 78-79.

12

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

Copyright © 2001. Hogan & Hartson L.L.P. All rights reserved.

13

MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAN JOSE DIVISION | ) | Case No.: 11-CV-02509- |
| IN RE: HIGH-TECH | ) | |
| EMPLOYEE | ) | |
| ANTITRUST | ) | |
| LITIGATION | ) | |
| | ) | LHK |
| | ) | PLAINTIFF PROPOSED ORDER FOR |
| | | MOTION OF RECUSAL |

THIS DOCUMENT RELATES TO:
**ALL ACTIONS**

Judge: Hon. Lucy H. Koh
Courtroom: 8, 4th Floor
Date: August 28, 2014
Time: 1:30 p.m.

1

**[PROPOSED] ORDER FOR MOTION FOR RECUSAL**

**[PROPOSED] ORDER FOR MOTION FOR RECUSAL**

Motion for Recusal in the above-captioned matter is hereby _____,

_____

IT IS SO ORDERED.

Dated:    , 2014

HON.  J.
UNITED STATES DISTRICT COURT JUDGE

2

**[PROPOSED] ORDER FOR MOTION FOR RECUSAL**

EXHIBIT #2 –

MOTION TO CONSOLIDATE 65(a)
PRELIMINARY INJUNCTION & FRCP 2521

1

2  CHRIS EUBANK,
3  GARY NELSON,
   BRAD GREENSPAN ,
4  Applicants for Intervention.

5

6              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
7

8  SAN JOSE DIVISION      )     Case No.: 11-CV-02509-
   IN RE: HIGH-TECH       )
9  EMPLOYEE               )
   ANTITRUST              )
10 LITIGATION             )
11                        )     LHK
                          )     NOTICE OF MOTION TO CONSOLIDATE
12                              65(a) PRELIMINARY INJUNCTION & FRCP
                                2521
13
   THIS DOCUMENT RELATES TO:
14 **ALL ACTIONS**              Judge: Hon. Lucy H. Koh
15                              Courtroom: 8, 4th Floor
                                Date:  August 28, 2014
16                              Time: 1:30 p.m.

17

18

19

20

21

22

23

24

25

26

27

28

                              1

COME NOW PLAINTIFF INTERVENORS:

New Evidence and Pleadings support MOTION TO CONSOLIDATE

65(a) PRELIMINARY INJUNCTION &  FRCP 2521:

which includes:

i)  Notice of motion

ii) A Declaration in support of Motion

iii)  memorandum points and authorities in support OF Motion

iv) Proposed Order

 DATED: July 7, 2014

Respectfully submitted,


/s/ Cathy Jones
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373

2

1  CHRIS EUBANK,
2  GARY NELSON,
   BRAD GREENSPAN ,
3  Applicants for Intervention.
4

5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA

7  SAN JOSE              )        CASE NO.: 11-CV-02509-
8  DIVISION IN RE:       )
   HIGH-TECH             )
9  EMPLOYEE              )
   ANTITRUST             )        LHK
10 LITIGATION            )        MEMORANDUM OF POINTS
                         )        AND AUTHORITIES IN
11                       )        SUPPORT OF MOTION
                                  65(a) & FRCP 2521
12

13 THIS DOCUMENT RELATES    JUDGE: HON. LUCY H. KOH
   TO:                      COURTROOM: 8, 4TH FLOOR
14 ALL ACTIONS              DATE: AUGUST 28, 2014
                            TIME: 1:30 P.M
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              1

TABLE OF CONTENTS

I. INTRODUCTION                                           pg.3
II.  TRIAL #1 – 65(a)                                     pg.3
III. TRIAL #2 - 2521 - Injunction against illegal interception     pg.4
IV – CONCLUSION-

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

1.     The grant of the injunction turns on Delaware law per the internal affairs doctrine.  Consolidation is proper when actions involve common questions of law and fact.[1] Courts have recognized consolidation expedites pretrial proceedings, reduces case duplication, avoids the contacting of parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.[2]

2.     This motion is brought on the grounds that these actions are substantially identical because each Alleges claims based upon similar factual allegations against substantially the same defendants. The motion is also brought on the ground that consolidation of these cases will promote efficiency.

This motion is based upon  notice of motion, memorandum of points and authorities, the such oral argument as the Court May consider in deciding this motion

3.     Court must use Delaware  preliminary injunction law

## II. TRIAL #1: Expedited Motion and Hearing For Preliminary Injunction

---

[1] In re Equity Funding Corp. of Am. Sec. Litig., 416 F. Supp. 161, 175 (C.D. Cal.1976). This Court has broad discretion under this Rule to consolidate cases pending within this District. Investors Research Co. v. United States Dist. Court for Cent. Dist., 877 F.2d 777 (9th Cir. 1989); Perez-Funez  v. District Director, Immigration & Naturalization Service, 611 F. Supp. 990, 994 (C.D. Cal. 1984)  ("  typically, consolidation is favored.") (citation omitted).

**Consolidation or other Injunctive relief is appropriate  under Rule 65. A(2)**

4.      Rule 65 A(2) "(a) PRELIMINARY INJUNCTION.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.

**Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial."**

5.      Under Rule 65(a), Injunction should be granted Because Defendant

Google, Inc. John Doerr, Kleiner Perkins, HP, Mark Hurd, News Corporation are in

breach of Consent Order (see Exhibit #1).Mark Hurd and Tom Perkins

served as Directors of HP And News Corporation Between 2005 thru 2012.

6.      Defendant will be found to have violated Consent Order related to staying

Compliant quarterly if publicly traded Defendant and also an active attorney,

Under Violation Rule 307 and fraudulent concealment and destruction of records.

**III -   JURY TRIAL #2: 2521 - Injunction against illegal interception**

7.      Expedited Motion and Hearing for Preliminary Injunction under Federal

2521. Injunction is warranted under  Sec. 2521 which states:

"Injunction against illegal interception "

"Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a felony violation of this chapter, the Attorney General may initiate a civil action in a district  court of the United States to enjoin such violation.

4

The court shall proceed as soon as practicable to the hearing and determination of such an action, and may, at any time before final determination, enter such a restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought. A proceeding under this section is governed by the Federal Rules of Civil Procedure, except that, if an indictment has been returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure."

**This Court Should Order the Preservation of Documents**

8.  Through this motion, Movants also request that the Court order the preservation of documents relating to this litigation in accordance with 15 U.S.C. §78u-4(b)(3)(C)(i), both prior to and after the filing of any motion to dismiss. In complex cases involving companies with numerous employees, such an order is appropriate and will prevent the loss of key documents, whether through inadvertence or otherwise.

**IV. CONCLUSION**

9.  For the reasons stated above, and in order to promote judicial economy, Plaintiffs request the Court consolidate the related actions identified herein and allow for a Preliminary Injunction hearing under 65(a).

DATED: July 7, 2014

Respectfully submitted

\s\Cathy Jones
Cathy Jones
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408)-549-9867
*Attorney for Proposed Intervenors*

5

EXHIBIT #1

"SUPERIOR COURT OF TilE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA
106C V -076U 8 ~ PEOPLE OF THE STATE OF CALIFORNIA,  Plaintiff,
v. HEWLETT-PACKARD COMPANY, a Delaware Corporation, Defendant.

This action is brought against Hewlett-Packard Company. a Delaware corporation (hereinafter"Hewlett-Packard"or"HP"), who, inviolation ofCaliforniaBusinessand ProfessionsCodesection 17200,engaged in a nunlawful scheme to spy on its own employees and directors. third parties and family members of these individuals (collectively "Victims").

HP'stactics violate the right to privacy of theVictims,violates everal PenalCode sections prohibiting the obtaining of confidential information from telecommunications utilities under false pretenses, and constitute unfair business practices within the meaning of California Business and Professions Code section 17200. Unless enjoined and restrained by an order of the Court. HP will continue to engage in the unlawful acts and conduct set forth in this Complaint.

HP at all times mentioned herein has transacted business in the County of Santa Clara and elsewhere within the State of California. HP authorized and directed the unlawful investigations at issue from its offices in the State of California, and the violations of law described herein occurred in the County of Santa Clara and elsewhere in the State of California.

1.  Whenever reference is made in this Complaint to any act or transaction of any corporation. partnership, business or other organization, that allegation shall be deemed to mean that the corporation . partnership ,business or the organization did or authorized the acts alleged in this Complaint through its principals. officers, directors, employees, members, agents and representatives while they were acting within the actualor ostensible scope of their authority

DEFENDANT'S BUSINESSPRACTICES

7. In 2005, HP launched an investigation ostensibly to determine who among its HP board members had "leaked" information othemedia. During the course of this investigation, HI' authorized and permitted the usc of "pretexting'' or "social engineering," by which HP investigators obtained the personal, home and cellular telephone records of current and former liPdirectors and employees,several journalists,and their families (collectively"Victims"), by posing as the Victims.

8. In 2006, after the 2005 investigation failed to reveal the source of the leaks, HP launched a second investigationtodeterminethesource ofnew leaksto themediathattookplace in January 2006. (The 2005 and 2006 investigations arc hereafter collectively referred to as '"the Kona Investigation.")

    9. During the Kanal nvestigation, HPutilized unlawful,unfair and deceptive investigative tactics to obtain confidential personal information about the Victims, including:

a. using pretcxting to obtain the telephone or facsimile records of Hewlett-Packard employees, former or current Hewlett-Packard Board members or their families, and journalists and their family members.

b. authorizing the use of pretcxting to obtain telephone or facsimile telephone call records by duping telecommunications carriers into providing confidential information andl or by creating an online account using confidential information supplied by Hewlett-Packard, including portions of the Victims' Social Security Numbers.

c. permitting and authorizing the use and disclosure of Social Security Numbers and confidential personal

6

information to obtain, through pretexting, the telephone call information of employees, current or former Hewlett-Packard Board members and journalists.

FIRST CAUSE OF ACTION VIOLATIONSOFBUSINESSANDPROFESSIONS CODE SECTION17200 (UNFAIR COMPETITION)

10. Plaintiffre alleges and incorporates by reference paragraphs 1-9 above, as though they arc set forth in full herein.

I I. Beginning at an exact date unknown to plaintiff, HP engaged in unfair competition as defined in California Business and Professions Code section 17200.

12. During the course of the Kona Investigation, HP's acts and practices of unfair competition include the following:

a. HP deceptively obtained telecommunications consumer account information by Various means.sometimes termed "prctcxting' and/or"social engineering,"which includes misrepresenting themselves as the Victim. an agent of the Victim or someone acting on the Victim's behalf in calls to the Victim's telecommunications carrier's customer service representatives or on the telecommunication carrier's websites. HP thus obtained the Victim's private and confidential information, without the consent or authorization of the Victim.

b. HP, by means of false pretenses, induced telecommunications companies to provide confidential information regarding the Victims to HP. in violation of California Penal Code section 538.5.

c. HP knowingly accessed and without permission used data, computers. computer systems or computer networks in order to devise or execute a scheme to defraud or deceive telecommunications companies to provide HP with confidential personal information about the Victims and/or to wrongfully obtain data regarding the Victims, in violation of California PenalCodesection502(c)(I).

d. HP knowingly accessed and without permission took. copied, or made use of data from a computer, computer system, or computer network and/or took or copied supporting documentation, in order to obtain confidential personal information about the Victims, in violation of California Penal Code section 502(c)(2).

e. Consumers have an expectation of privacy in their telephone records and other personal information. This expectation of privacy is guaranteed by Article L Section I of the California Constitution, as well as by California Public Utility Code section 2891 , which prohibits telecommunications companies from providing residential telephone call records of a consumer without the consumer' s consent. HP violated the right to privacy of Victims by obtaining confidential telephone records and other personal information about them without their knowledge or consent.

f. HP purchased, offered to purchase or conspired to purchase telephone calling pattern records or lists of the Victims without their written consent and/or through fraud or deceit, attempted to procure or obtain the telephone calling pattern records or lists of the Victims.

g. HP used false pretenses to willfully obtain personal identifying information about

Respectfully submitted,

BILL LOCKYER, Attorney General of the
State of California

the Victims and used that information in violation of California Penal Code section 530.5.

h. HP' s investigative tactics during the course of the Kona Investigation, as described in part in paragraphs 1-2 and 7-12 above. constitute unfair competition within the meaning of California Business

7

and Professions Code section 17200.

PRAYER FOR RELIEF WHEREFORE, plaintiff prays forjudgment as follows:

I. Pursuant to California Business and Professions Code section 17203. that HP, its successors, agents, representatives, employees, and all persons who act in concert with HP be permanently enjoined from committing any acts of unfair competition, including the violations alleged in the First Cause of Action.

2. Pursuant to California Business and Professions Code section 17206, that HP be ordered to pay a civil penalty in the amount of Two Thousand Five Hundred Dollars ($2,500) for each violation of California Business and Professions Code section 17200 by HP, as proved at trial.

J. That Plaintiff recover its costs of suit herein, including costs of investigation.

4. For such other and further relief as the Court may deem just and proper.

Dated: December 2006"

**PEOPLE OF THE STATE OF CALIFORNIA, v. HEWLETT-PACKARD COMPANY, 106CV-076081  CASE NO.: " * FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff, the People of the State of California, appearing through its attorneys, Bill Lockyer, Attorney General of the State of California, by Chief Assistant Attorney General Tom Greene, Senior Assistant Attorney General Albert Norman Shelden, and Deputy Attorney General Catherine Z. Ysrael, and defendant Hewlett-Packard Company, a Delaware corporation (hereinafter, "HP"), appearing through its attorneys Morgan, Lewis & Bockius LLP, by Michael J. Holston and John H. Hemann, and it appearing to the Court that the parties hereto, in the Stipulation for Entry of Final Judgment and Permanent Injunction (hereafter "Stipulation") on file herein, have stipulated and consented to the entry of this Final Judgment and Permanent Injunction without the taking of proof and without trial or adjudication of any fact or law herein,

D. The injunctive provisions of this Final Judgment and Permanent Injunction shall be applicable to defendant HP, as well as its subsidiaries; its successors and the assigns of all or substantially all of the assets of its businesses; and its directors, officers, employees, agents, independent contractors, partners, associates and representatives of each of them.

## PERMANENT INJUNCTION

E. Pursuant to California Business and Professions Code section 17203, HP shall be and hereby is permanently enjoined and restrained from directly or indirectly doing any of the following acts or practices in connection with the conduct of investigations:

(1) Using false or fraudulent pretenses, representations, personations, or promises to obtain from a public utility any confidential, privileged, or proprietary information, including customer or billing records, in violation of California Penal Code section 538.5.

(2) Obtaining and unlawfully using personal identifying information, including social security numbers, in violation of California Penal Code section 530.5.

(3) Knowingly accessing and without permission using any data, computer, computer system, or computer network in order to (a) devise or execute any scheme or artifice to defraud,deceive, or extort, or (b) wrongfully obtain property or data, in violation of California Penal Code section 502(c)(1)

(4) Knowingly accessing and without permission taking, copying, or making use of any data from a computer, computer system, or computer network, or taking or copying any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network, in violation of California Penal Code section 502(c)(2).

8

(5) Violating California Penal Code section 638, effective January 1, 2007, which prohibits the purchasing, offering to purchase or conspiring to purchase any telephone "calling pattern record or list" without the written consent of the subscriber or, through fraud or deceit, attempting to procure or obtain any telephone "calling pattern record or list," as set forth in the statute.

(a) With regard to the CECO's oversight of HP's investigative practices, the CECO shall provide reports to the Independent Director. The CECO will be authorized to hire appropriate staff and obtain other appropriate resources to perform his duties, and also will be authorized to engage independent legal advisors as necessary without obtaining approval from the CEO or General Counsel, subject to review by the Independent Director and the board of directors.

(b) The CECO shall review HP's investigative practices (both as performed internally and as conducted by third parties), the SBC, and codes of conduct applicable to outside investigation firms. The CECO shall consult with the Qualified Authority discussed in paragraph F(3) below in order to review the findings and recommendations provided by the Qualified Authority. On or before July 31, 2007, the CECO will report the results of this review and make recommendations for improvements in those practices to the CEO, the Independent Director, and the Board of Directors. HP will provide a copy of such report to the California Attorney General, which shall be exempt from disclosure under the California Public Records Act pursuant to Government Code sections 6254(b), 6254(f), and 6254.15. Thereafter, the CECO will provide annual reports, and additional reports as appropriate, to the CEO and Board of Directors regarding HP's compliance with recommendations for improvements in HP's practices with respect to its SBC, applicable codes of conduct and other policies regarding business ethics and privacy protection.

(3) HP has employed a qualified authority ("Qualified Authority") who is in the process of performing a comprehensive review of HP's compliance with applicable legal requirements and ethical standards, as these standards apply to HP's policies and practices regarding investigations. The Qualified Authority shall make recommendations for ensuring that any investigations performed by or on behalf of HP are legal, ethical and appropriate. The Qualified Authority shall report his or her findings directly to the CECO, the Independent Director and the Board of Directors. Based on this review, HP will adopt internal processes and controls designed to prevent misconduct in future HP investigations. The Qualified Authority's conclusions and recommendations shall be incorporated into the initial report written by the CECO referenced in paragraph F(2)(b) above.

(4) HP shall expand the duties and responsibilities of HP's Chief Privacy Officer to include responsibility for reviewing HP's investigation protocols to ensure they appropriately address matters related to privacy and ethics. Such investigation protocols shall ensure there are adequate approval and oversight policies with respect to investigations conducted either within HP or by its outside vendors.

(5) HP shall establish a Compliance Council chaired by the CECO. The members of the Council will include the CECO (chair), the Chief Privacy Officer, the Deputy General Counsel for compliance matters, the head of Internal Audit, and several Ethics and Compliance liaisons (chosen by the CECO from each business segment and function). The Compliance Council will develop, initiate, maintain and revise policies and procedures for the general operation of HP's ethics and compliance programs consistent with applicable laws and regulations. The Compliance Council will provide written semi-annual reports to each of the CEO, the Audit Committee and the Nominating and Governance Committee, and written annual reports to the Board. Additionally, the Council's liaisons shall report to the Compliance Council as needed with respect to the investigatory methods used in investigations within their area of responsibility, including those conducted by outside vendors.

(6) The CECO will report any material violation of the codes of conduct applicable to outside investigation firms to the head

9

of the appropriate business segment or function, who, in consultation with the CECO, will take appropriate action. The CECO will also report any material violation of the SBC, with respect to investigations conducted in-house, to the head of the appropriate business segment or function, who, in consultation with the CECO, will take appropriate action. Such action may include adverse employment actions, reallocation of resources, corrective actions or other methods reasonably necessary to remediate the violation. If the head of the appropriate business segment or function does not take appropriate action, the CECO shall report the violation to the CEO and the Independent Director. The CECO will report in writing to the Compliance Council semi-annually on all actions taken, and the Compliance Council shall review the appropriateness of the action taken, including for consistency as compared to other actions taken.

(7) In the event of a dispute regarding the appropriateness of any action to be taken by the Independent Director, the CECO, the Qualified Authority, the Chief Privacy Officer, or the Compliance Council pursuant to this Final Judgment and Permanent Injunction, the matter shall be referred by the Independent Director or the CECO to the Audit Committee for resolution.

(8) HP shall enhance its current training program as follows:

(a) Under the direction of the CECO and the Compliance Council, the existing annual training requirement will be redesigned and updated to ensure that the business ethics component plays a more prominent role.

(b) Additional training will be required for those HP employees who are engaged in the conduct of investigations for HP. That training will be designed by the CECO, with input from the Chief Privacy Officer and, as appropriate, independent counsel.

(c) The Board and senior management will be given training on potential and actual conflicts of interest that may arise with respect to outside attorneys representing not only HP but also the Board or any of its Committees. The Board shall be trained regarding the hiring of independent counsel and conduct of investigations.

(d) The Chief Privacy Officer will review the training program implemented pursuant to this paragraph to ensure that it appropriately addresses privacy matters.

(e) The Independent Director shall approve the training program implemented pursuant to this paragraph 8.

(f) In addition to the applicable supplier codes of conduct, all outside investigation firms will be provided written standards of conduct, developed by HP, that pertain specifically to privacy and business ethics concerns regarding investigatory methods used in the course of investigations. HP shall require these outside investigation firms to certify that their employees who work on HP matters have reviewed, understand, and will comply with these written standards of conduct. Compliance with these written standards of conduct, as well as the applicable codes of conduct for outside vendors, shall be a material term of any contract HP enters into with any outside investigation firm.

K. Conditioned upon HP making full payment as provided under Paragraphs G, H,

20 and I of this Final Judgment and Permanent Injunction, defendant and all of its present and former officers, directors, shareholders, any parents or affiliates, subsidiaries, employees, successors, predecessors and assigns (collectively, the "Released Parties") are discharged from all claims, to the extent permitted by law, related to or arising from the conduct of HP directors, officers, employees, agents, and contractors in connection with the "Kona Investigation" as described in the Complaint filed in this matter that the Attorney General could have brought pursuant to California Business and Professions Code sections 17200, or Penal Code sections 502(c)(l)-(2), 530.5, or 538.5.

Provided, however, notwithstanding any term of this Judgment or this paragraph, specifically reserved and excluded from the scope and terms of this paragraph as to any entity or person are any and all of the following:

(1) Any criminal liability, save and except that HP shall not be barred or prevented from raising and asserting the defenses of res judicata, collateral estoppel, and double jeopardy to the extent such defenses are applicable to any matter that served as the basis for this litigation;

(2) Any personal injury, property damage, indemnification, or contribution claims by the State;

(3) Any tax liability;

(4) Any obligations created under this Judgment; and

(5) Any unlawful conduct not covered by the injunctive terms of this Judgment

L. Nothing in this: Final Judgment and Permanent Injunction shall be deemed  permit or authorize any violation of any law or regulation of the State of California or otherwise be construed to relieve Defendant of any on-going duty to comply with such applicable laws,rules and regulations; nor shall anything herein be deemed to constitute permission to engage in any acts or practices prohibited by such laws, rules or regulations.

M. The waiver or failure of any party to exercise any rights under this Final Judgment and Permanent Injunction shall not be deemed a waiver of any right or any future rights.

N. This Final Judgment and Permanent Injunction shall take effect entry thereof, without further notice to HP.

O. The clerk is ordered to enter this Final Judgment and Permanent Injunction forthwith

DATED:

DEC - 7 2006

JACK KOMAR

11

CHRIS EUBANK,
GARY NELSON,
BRAD GREENSPAN ,
Applicants for Intervention.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAN JOSE DIVISION | ) | Case No.: 11-CV-02509- |
| IN RE: HIGH-TECH | ) | |
| EMPLOYEE | ) | |
| ANTITRUST | ) | |
| LITIGATION | ) | |
| | ) | LHK |
| | ) | DECLARATION  IN |
| | | SUPPORT OF  MOTION |
| | | 65(a) & FRCP 2521 |

| | |
|---|---|
| THIS DOCUMENT RELATES TO: | JUDGE: HON. LUCY H. KOH |
| **ALL ACTIONS** | COURTROOM: 8, 4TH FLOOR |
| | DATE: AUGUST 28, 2014 |
| | TIME: 1:30 P.M |

1

DECLARATION OF Cathy Jones

I, Cathy Jones, declare:

1. I am an attorney at law, duly admitted to practice before all the courts of the State of California and this Honorable Court. I am counsel  for Plaintiffs ("Plaintiff") in this action. I have first-hand, personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. This Declaration is made in further support of Plaintiffs' Motion For Consolidation and/or Preliminary Injunction relief under 65(a) &  FRCP 2521

/s/ Cathy Jones
Cathy Jones (California State Bar No: 117934)
Briggs Jones Law
14938 Camden Ave
Suite 47
San Jose, CA 95124
BriggsJonesLaw@Hotmail.com
Fax (408) 796-5373

2

1

2   CHRIS EUBANK,
3   GARY NELSON,
    BRAD GREENSPAN ,
4   Applicants for Intervention.

5

6              UNITED STATES DISTRICT COURT
7              NORTHERN DISTRICT OF CALIFORNIA

8   SAN JOSE DIVISION    )        Case No.: 11-CV-02509-
    IN RE: HIGH-TECH      )
9   EMPLOYEE             )
    ANTITRUST            )
10  LITIGATION           )
11                       )        LHK
                         )        PLAINTIFF PROPOSED ORDER FOR
12                       )        MOTION 65(a) & FRCP 2521
13

14  THIS DOCUMENT RELATES         Judge: Hon. Lucy H. Koh
    TO:                           Courtroom: 8, 4th Floor
15  **ALL ACTIONS**               Date: August 28, 2014
16                                Time: 1:30 p.m.

17

18

19

20

21

22

23

24

25

26

27                                1

28
    **[PROPOSED] ORDER FOR MOTION 65(a) & FRCP 2521**

**[PROPOSED] ORDER FOR MOTION FOR RECUSAL**

Motion for Recusal in the above-captioned matter is hereby _____,

_____

IT IS SO ORDERED.

Dated:    , 2014

HON.  J.
UNITED STATES DISTRICT COURT JUDGE

2

**[PROPOSED] ORDER FOR MOTION 65(a) & FRCP 2521**

EXHIBIT #3 –

COMPLAINT IN INTERVENTION