1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Lin W. Kahn (State Bar No. 261387)
linkahn@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Adobe Systems Inc.

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **Master Docket No. 11-CV-2509-LHK**<br><br>**NOTICE OF FILING REVISED REDACTED DOCUMENTS IN RESPONSE TO ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Date Consolidated Amended Compl. Filed: September 13, 2011 |

SFI-866204v1

On July 7, 2014, this Court issued an Order Granting in Part and Denying in Part Motion to Seal ("Sealing Order," ECF No. 953), which granted in part and denied in part motions to seal documents related to the briefing on plaintiffs' supplemental class certification motion, motions for summary judgment, and *Daubert* motions.  Pursuant to Local Rule 79-5(f)(2) and (3), defendants Adobe Systems Inc., Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm Ltd., and Pixar (collectively "Defendants") hereby submit revised redacted and unredacted documents to comport with the Court's Sealing Order.

Defendants note the following clarifications with respect to certain revised redacted documents:

- **Kevin Hallock Expert Report  (May 10, 2013) (ECF No. 832-4) ("May 2013 Hallock Report")**:  The Sealing Order granted in part and denied in part requests to seal portions of the report, but did not address requests to seal certain Figures attached to the report at Appendix C.  *See* ECF No. 953 at 10.  The Court has, however, ruled on the sealability of the information conveyed in these Figures elsewhere in the Sealing Order.  Specifically,

  - the Court granted Google's request to seal the information contained in Figure 7 as part of Appendix A1 to the Becker Report (*see* ECF No. 953 at 11);

  - the Court granted Apple's request to seal the information contained in Figures 8, 9, 10-11 and 14 as part of Exhibits 1854, 1858, 268 and 1855, respectively (*see* ECF No. 953 at 11-12);

  - the Court granted Adobe's request to seal the information contained in Figures 13 and 15 as part of Exhibits 2487 and 2486, respectively (*see* ECF No. 953 at 6);

  - the Court granted Lucasfilm's request to seal the information contained in Figure 18 as part of Exhibits 711 and 360 (*see* ECF No. 953 at 4-5).

Defendants have redacted the Figures attached to the May 2013 Hallock Report

1
2

consistent with these rulings.[1]

In addition, with respect to Figures 12 and 17 from the May 2013 Hallock Report:

3
4
5
6
7
8
9
10
11
12

o   the Court denied Google's request to seal certain information contained in paragraphs 130-31 of the May 2013 Hallock Report that is drawn from selected portions of data reflected in Figure 12.  This Figure contains highly confidential and highly sensitive information regarding Google's compensation philosophy that is not relied on or discussed in paragraphs 130-31 of the May 2013 Hallock Report and that are reflected in the footnotes of Figure 12  (*see* ECF No. 850 at ¶ 6-7 and ECF Nos. 201, 221, and 261).  Accordingly, Google has redacted the footnotes from Figure 12 that were not relied upon in paragraphs 130-31 of the May 2013 Hallock Report.

13
14
15
16
17
18
19
20
21
22

o   the Court denied Google's request to seal certain information contained in paragraphs 210-12 of the May 2013 Hallock Report that is drawn from selected portions of data reflected in Figure 17.  The remainder of Figure 17 contains highly confidential and highly sensitive information regarding Google's compensation practices that is not relied on or discussed in paragraphs 210-12 of the May 2013 Hallock Report  (*see* ECF No. 850 at ¶ 6-7 and ECF Nos. 201, 221, and 261).   Accordingly, Google has unredacted all information in Figure 17 that specifically appears in paragraphs 210-12 of the May 2013 Hallock Report and redacted the remainder of Figure 17.

23
24
25

- **Kevin Hallock Expert Report (October 27, 2013) (ECF No. 832-6) ("October 2013 Hallock Report")**:  As with the May 10, 2013 Hallock Report, the Sealing Order

26
27
28

[1] Adobe further notes that it has redacted the name appearing in paragraph 113 of the Hallock Report because the Court has granted requests to seal references to this name in other expert reports.  *See* Lewin Report ¶¶ 53-55.  Moreover, the Court granted Adobe's requests to seal other individuals' names in the Hallock report.  *See* Hallock Report (May 10, 2013) ¶¶ 115-116.

granted in part and denied in part requests to seal portions of the report, but did not address requests to seal certain Figures attached to the report at Appendix C.  *See* ECF No. 953 at 10.  The Court has, however, ruled on the sealability of the information conveyed in these Figures elsewhere in the Sealing Order.  Specifically,

- the Court granted Google's request to seal the information contained in Figure 2 as part of Appendix A1 to the Becker Report (*see* ECF No. 953 at 11);

- the Court granted Apple's request to seal the information contained in Figures 3, 4, 5-6 and 9 as part of Exhibits 1854, 1858, 268 and 1855, respectively (*see* ECF No. 953 at 11-12);

- the Court granted Adobe's request to seal the information contained in Figures 8 and 10 as part of Exhibits 2487 and 2486, respectively (*see* ECF No. 953 at 6);

- the Court granted Lucasfilm's request to seal the information contained in Figure 12 as part of Exhibits 711 and 360 (*see* ECF No. 953 at 4-5).

Defendants have redacted the Figures attached to the Hallock Report consistent with these rulings.

In addition, with respect to Figures 7 and 13 from the October 2013 Hallock Report, (which are the same as Figures 12 and 17 in the May 2013 Hallock Report):

- the Court denied Google's request to seal certain information contained in paragraphs 118-19 of the October 2013 Hallock Report that is drawn from selected portions of data reflected in Figure 7.  This Figure contains highly confidential and highly sensitive information regarding Google's compensation philosophy that is not relied on or discussed in paragraphs 118-19 of the October 2013 Hallock Report and that are reflected in the footnotes of Figure 7  (*see* ECF No. 850 at ¶ 6-7 and ECF Nos. 201, 221, and 261).  Accordingly, Google has redacted the footnotes from Figure 7

that were not relied upon in paragraphs 118-19 of the May 2013 Hallock
Report.

o   the Court denied Google's request to seal certain information contained in
paragraphs 204-05 of the October 2013 Hallock Report that is drawn from
selected portions of data reflected in Figure 13.  The remainder of Figure
13 contains highly confidential and highly sensitive information regarding
Google's compensation practices that is not relied on or discussed in
paragraphs 204-05 of the May 2013 Hallock Report  (*see* ECF No. 850 at ¶
6-7 and ECF Nos. 201, 221, and 261).   Accordingly, Google has
unredacted all information in Figure 13 that specifically appears in
paragraphs 204-05 of the May 2013 Hallock Report and redacted the
remainder of Figure 13.

- **Cisneros Decl., Ex. 416 (ECF No. 799-14)**:  This document was also filed as
Cisneros Decl., Ex. 2486 (ECF No. 801).  The Court denied in full requests to seal
portions of Exhibit 416 but granted in part requests to seal the same portions of
Exhibit 2486.  Adobe has revised its redactions to Exhibit 416 consistent with the
Court's rulings as to Exhibit 2486.

- **Harvey Decl., Ex. 86 (ECF No. 828-9)**:  The Court granted Google's request to seal
portions of Exhibit 86, except for those materials related to the Microsoft Recruiting
Protocol.  (ECF No. 953 at 10).  However, the Court later stated in its Order that
requests to seal Exhibit 86 were denied "up to and through the material sought to be
sealed on page 18," which includes materials related to Google's recruiting policies
but not the materials related to the Microsoft Recruiting Protocol (*Id*. at 12).  Further,
the Court granted Google's request to seal information contained in Cisneros
Declaration, Exhibit 1741 (which is an earlier iteration of the same Google document
that appears as Exhibit 86), except for the Microsoft Recruiting Protocol.   (*Id*. at 10).
Based on the above, Google has revised its redactions to Exhibit 86 to unseal only

1

2
materials related to the Microsoft Recruiting Protocol consistent with the Court's

3
ruling at ECF No. 953 at 10 with respect to Exhibit 86 and Cisneros Declaration

4
Exhibit 1741.

5
Dated:  July 11, 2014                   JONES DAY

6

7
                                        By:     /s/ Lin W. Kahn
                                                Lin W. Kahn

8
                                        Robert A. Mittelstaedt
9
                                        David C. Kiernan
                                        Lin W. Kahn
10
                                        555 California Street, 26th Floor
                                        San Francisco, CA  94104
11
                                        Telephone:  (415) 626-3939
                                        Facsimile:   (415) 875-5700

12
                                        Attorneys for Defendant ADOBE SYSTEMS INC.

13
                                        JONES DAY

14

15
                                        By:     /s/ Roberta D. Tonelli
                                                Roberta D. Tonelli

16
                                        Robert A. Mittelstaedt
17
                                        Craig E. Stewart
                                        Catherine T. Zeng
18
                                        Roberta D. Tonelli
                                        555 California Street, 26th Floor
19
                                        San Francisco, CA  94104
                                        Telephone:  (415) 626-3939
20
                                        Facsimile:   (415) 875-5700

21
                                        Attorneys for Defendant INTUIT INC.

22

23

24

25

26

27

28

SFI-866204v1

Notice of Filing Revised Redacted Documents
Master Docket No. 11-CV-2509-LHK

1      O'MELVENY & MYERS LLP

2
       By:    /s/ Christina J. Brown
3             Christina J. Brown

4      George Riley
       Michael F. Tubach
5      Christina J. Brown
       Two Embarcadero Center, 28th Floor
6      San Francisco, CA  94111
       Telephone:  (415) 984-8700
7      Facsimile:  (415) 984-8701

8      *Attorneys for Defendant APPLE INC.*

9
       KEKER & VAN NEST LLP
10

11     By:    /s/ Justina K. Sessions
              Justina K. Sessions
12
       Robert A. Van Nest
13     Daniel Purcell
       Eugene M. Paige
14     Justina K. Sessions
       633 Battery Street
15     San Francisco, CA  94111
       Telephone:  (415) 381-5400
16     Facsimile:  (415) 397-7188

17     *Attorneys for Defendant GOOGLE INC.*

18
       MAYER BROWN LLP
19

20     By:    /s/ Lee H. Rubin
              Lee H. Rubin
21
       Lee H. Rubin
22     Edward D. Johnson
       Donald M. Falk
23     Anne M. Selin
       Two Palo Alto Square
24     3000 El Camino Real, Suite 300
       Palo Alto, CA  94306-2112
25     Telephone:  (650) 331-2057
       Facsimile:   (650) 331-4557
26
27     *Attorneys for Defendant GOOGLE INC.*

28

SFI-866204v1

Notice of Filing Revised Redacted Documents
Master Docket No. 11-CV-2509-LHK

1    MUNGER, TOLLES & OLSON LLP

2    By:        */s/ Gregory M. Sergi*

3              Gregory M. Sergi

4    Gregory P. Stone
     Bradley S. Phillips
5    Gregory M. Sergi
     John P. Mittelbach
6    MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue, 35th Floor
7    gregory.stone@mto.com
     brad.phillips@mto.com
8    gregory.sergi@mto.com
     john.mittelbach@mto.com
9    Los Angeles, California 90071-1560
     Telephone: (213) 683-9100
10   Facsimile: (213) 687-3702

11   *Attorneys for Defendant INTEL CORP.*

12   COVINGTON & BURLING LLP

13

14   By:        */s/ Emily Johnson Henn*
               Emily Johnson Henn
15
     Emily Johnson Henn
16   333 Twin Dolphin Drive, Suite 700
     Redwood City, CA  94065
17   Telephone:  (650) 632-4700

18   *Attorneys for Defendant PIXAR and LUCASFILM*

19   **ATTESTATION**:  The filer attests that concurrence in the filing of this document has been
     obtained from all signatories.

20

21

22

23

24

25

26

27

28