Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No.  277826)
Andrew Purdy (State Bar No. 261912)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone:  415. 500.6800
Facsimile:   415. 500.6803

*Co-Lead Class Counsel*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         September 10, 2014<br>Time:         2:00 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:        The Honorable Lucy H. Koh |

Pursuant to the Court's August 8, 2014 Order (Dkt. 975), the parties submit this joint statement for the September 10, 2014 Case Management Conference ("CMC").

## I.     Rescheduling the Trial and Pretrial Conference

Class Counsel and counsel for Defendants jointly request a new trial date.  Counsel will be prepared to discuss a new trial schedule with the Court at the CMC with the aim of setting a trial date that is consistent with the Court's calendar and workable for the parties.

## II.    Resumption of Mediation

In light of the Court's Order Denying Plaintiffs' Motion for Preliminary Approval of Settlements with Adobe, Apple, Google, and Intel ("Settlement Order") (Dkt. 974), the parties have resumed mediation discussions with Hon. Layn Phillips (retired).

## III.   Other Open Issues

### A.     Motions Pending at Time of Proposed Settlement

After Plaintiffs filed their Motion for Preliminary Approval of the proposed settlement (Dkt. 920), the Court denied without prejudice several pending motions (Dkt. 929), including: (1) Plaintiffs' Motion to Exclude Defendants' Experts (Dkt. 565); (2) Defendants' Motion to Exclude Expert Testimony by Dr. Marx (Dkt. 559); (3) Plaintiffs' Motion to Compel (Dkt. 789); (4) Plaintiffs' Motion for Application of the Per Se Standard ("Per Se Motion") (Dkt. 830); and (5) Defendants' Motions in Limine (Dkt. 855).  In light of the Court's Settlement Order, the parties request that each of their respective motions be renewed.  All of the motions have been briefed, except that Plaintiffs have not yet filed their reply in support of their Per Se Motion.  Plaintiffs propose that the deadline for that brief be September 12, 2014.  Plaintiffs also request leave to file a supplemental brief regarding their pending Motion to Compel (Dkt. 789).

### B.     Dispute re Business Records Stipulation

The Court previously set a schedule regarding the parties' efforts to agree on a stipulation regarding business records. (Dkt. 768 at 2.)  Prior to reaching the proposed settlement, the parties had completed all relevant actions, except for the filing of a Joint Statement Regarding Business Record Disputes.  The Parties jointly propose that the deadline to file their Joint Statement Regarding Business Record Disputes be set for 60 days prior to the newly-set trial date.

### C. Dispute re Witness Lists

Pursuant to the Court's earlier scheduling order (Dkt. 768 at 2), the parties exchanged their witness lists on April 7, 2014.

#### 1. Plaintiffs' Statement

Plaintiffs respectfully ask for an order that the Defendants serve a list of witnesses "likely" to be called at trial, in accordance with the Court's standing pre-trial order dated January 3, 2011 (the "Pre-Trial Order"). Defendants did not serve such a list. The list Defendants did serve—**70** people whom they "may" call at trial—does not comply with the Pre-Trial Order and prejudices Plaintiffs because it provides no useful information about Defendants' trial plan.[1] Defendants should be ordered to serve a compliant list.[2]

#### 2. Defendants' Statement

Defendants reject any suggestion that their witness list is improper, or that Plaintiffs' witness list complies with the Court's Pre-Trial Order while Defendants' does not. Like Plaintiffs' list, Defendants' list reflects Defendants' best efforts to narrow their list of possible witnesses in advance of trial. It is just as unlikely that Plaintiffs will be able to call all 37 individuals they have identified as "possible" witnesses (nine of whom are from Google alone) in the trial time allotted. Defendants' list was necessarily broader than Plaintiffs' because Defendants present their case-in-chief second, each Defendant is alleged to have played a different role in the alleged overarching conspiracy, and each has its own story to tell. Given that Defendants do not know how Plaintiffs' case will unfold—or how the Court will rule on Defendants' motions in limine, which may affect

---

[1] On April 7, 2014, Plaintiffs served a witness list with 37 names, including four class representatives, four experts, three third party witnesses, nine current or former Defendant CEOs, and seventeen other Defendant witnesses from seven companies. This reflected Plaintiffs' best effort to narrow the list of possible witnesses in advance of trial.

[2] Below, Defendants assert that the parties have not completed meeting and conferring on this issue. To the contrary, the parties met and conferred regarding Defendants' witness list prior to reaching the proposed settlement, and Defendants refused to reduce the number of witnesses on their list. Defendants' proposed solution—dividing their 70 witnesses into a "likely" category and a "may" category—is insufficient because it would not ameliorate the unfair prejudice to Plaintiffs. Plaintiffs would have to prepare for potential cross examination and rebuttal regarding the testimony of all 70 potential witnesses.

1 the need to call some witnesses—it is unrealistic to expect them to trim their list substantially at
2 this stage.  Defendants also note that the Court's Pre-Trial Order precludes any witness not
3 included on the witness lists from testifying without leave of court and for good cause shown.
4 Moreover, Defendants have offered to divide their list into witnesses who are "likely" to testify
5 and those who "may" testify.  Should Plaintiffs likewise distinguish the "likely" witnesses from
6 the "possible" witnesses on their list, it should allow the parties to prepare for trial in an efficient
7 manner.

8       Finally, when the Court vacated all pre-trial deadlines in anticipation of Plaintiffs' Motion
9 for Preliminary Approval (Dkt. 904), the parties had only just begun to meet and confer over their
10 respective witness lists.  That process should be allowed to continue.  Plaintiffs' request for a
11 vague order regarding witness lists is therefore premature and likely unnecessary.

12     **D.**     **Other Pre-Trial Tasks**

13       In addition to the motions and disputes outlined above, the parties will, upon learning of
14 the trial date and Pre-Trial Conference date, promptly meet and confer regarding a schedule for
15 completion and filing of items (such as voir dire questions and preliminary jury instructions) that
16 were pending when the parties reached the proposed settlement.

17

18 Dated:  September 3, 2014         LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

19                                 By:     */s/ Kelly M. Dermody*
20                                         Kelly M. Dermody

21                         Richard M. Heimann (State Bar No. 63607)
                        Kelly M. Dermody (State Bar No. 171716)
22                         Brendan Glackin (State Bar No. 199643)
                        Dean Harvey (State Bar No. 250298)
23                         Anne B. Shaver (State Bar No. 255928)
                        Lisa J. Cisneros (State Bar No. 251473)
24                         275 Battery Street, 29th Floor
                        San Francisco, California  94111-3339
25                         Telephone:  415.956.1000
                        Facsimile:  415.956.1008
26
                        *Co-Lead Class Counsel*
27

28

| | | |
|---|---|---|
| 1 | Dated:  September 3, 2014 | JOSEPH SAVERI LAW FIRM |
| 2 | | By:      */s/ Joseph R. Saveri* |
| 3 | | Joseph R. Saveri |
| 4 | | Joseph R. Saveri (State Bar No. 130064)<br>James Dallal (State Bar No.  277826) |
| 5 | | Andrew Purdy (State Bar No. 261912)<br>JOSEPH SAVERI LAW FIRM, INC. |
| 6 | | 255 California, Suite 450<br>San Francisco, CA 94111 |
| 7 | | Telephone:  415. 500.6800<br>Facsimile:   415. 500.6803 |
| 8 | | *Co-Lead Class Counsel* |
| 9 | Dated:  September 3, 2014 | O'MELVENY & MYERS LLP |
| 10 | | |
| 11 | | By:      */s/ Michael F. Tubach*<br>Michael F. Tubach |
| 12 | | George Riley |
| 13 | | Michael F. Tubach<br>Christina J. Brown |
| 14 | | O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor |
| 15 | | San Francisco, CA 94111<br>griley@omm.com |
| 16 | | mtubach@omm.com<br>cjbrown@omm.com |
| 17 | | Tel.: (415) 984-8700<br>Fax: (415) 984-8701 |
| 18 | | *Attorneys for Defendant APPLE INC.* |

1191178.6

- 4 -

JOINT CASE MANAGEMENT STATEMENT
Master Docket No. 11-CV-2509-LHK

| | | |
|---|---|---|
| 1 | Dated: September 3, 2014 | MUNGER, TOLLES & OLSON LLP |
| 2 | | By:    */s/ Gregory P. Stone* |
| 3 | |            Gregory P. Stone |

Gregory P. Stone
Bradley S. Phillips
Gregory M. Sergi
John P. Mittelbach
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
gregory.stone@mto.com
brad.phillips@mto.com
gregory.sergi@mto.com
john.mittelbach@mto.com
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant INTEL CORP.*

Dated: September 3, 2014            JONES DAY

By:    */s/ David C. Kiernan*
           David C. Kiernan

Robert A. Mittelstaedt
David Kiernan
Lin W. Kahn
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
ramittelstaedt@jonesday.com
dkiernan@jonesday.com
linkahn@jonesday.com
Tel.: (415) 626-3939
Fax: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

1  Dated:  September 3, 2014        KEKER & VAN NEST

2                                   By:      */s/ Robert Addy Van Nest*
3                                          Robert Addy Van Nest

4                                   Robert Addy Van Nest
                                    Eugene M. Paige
5                                   Daniel Purcell
                                    Justina Sessions
6                                   KEKER & VAN NEST
                                    633 Battery Street
7                                   San Francisco, CA 94111-1809
                                    rvannest@kvn.com
8                                   epaige@kvn.com
                                    dpurcell@kvn.com
9                                   jsessions@kvn.com
                                    Tel.: (415) 391-5400
10                                  Fax: (415) 397-7188

11                                  *Attorneys for Defendant GOOGLE INC.*

12 Dated:  September 3, 2014        MAYER BROWN LLP

13                                  By:    */s/ Lee H. Rubin*
                                           Lee H. Rubin
14
                                    Lee H. Rubin
15                                  Edward D. Johnson
                                    MAYER BROWN LLP
16                                  Two Palo Alto Square
                                    3000 El Camino Real, Suite 300
17                                  Palo Alto, CA 94306-2112
                                    lrubin@mayerbrown.com
18                                  wjohnson@mayerbrown.com
                                    Tel.: (650) 331-2000
19                                  Fax: (650) 331-2060

20                                  Kristen A. Rowse
                                    MAYER BROWN LLP
21                                  350 South Grand Avenue, 25th Floor
                                    Los Angeles, CA 90071-2112
22                                  krowse@mayerbrown.com
                                    Tel.: (213) 229 5137
23                                  Fax: (213) 576 8139

24                                  *Attorneys for Defendant GOOGLE INC.*

25

26 **ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in

27 the filing of this document has been obtained from all signatories.

28