1   Daniel A. Small (*Pro Hac Vice* pending)
    Brent W. Johnson (*Pro Hac Vice* pending)
2   Jeffrey B. Dubner (*Pro Hac Vice* pending)
    COHEN MILSTEIN SELLERS & TOLL PLLC
3   1100 New York Ave. NW, Suite 500
    Washington, DC 20005
4   Telephone:  (202) 408-4600
    Facsimile:  (202) 408-4699
5   Email: dsmall@cohenmilstein.com
            bjohnson@cohenmilstein.com
6           jdubner@cohenmilstein.com

7   [Additional Counsel Listed on Signature Page]

8   *Attorneys for Plaintiff Robert A. Nitsch, Jr.*

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12  | **In re: High-Tech Employee Antitrust** | Master Docket No. 11-cv-2509-LHK |
13  | **Litigation** | |
    | | **NOTICE OF MOTION AND** |
14  | This document relates to: | **ADMINISTRATIVE MOTION TO CONSIDER** |
    | | **WHETHER CASES SHOULD BE RELATED** |
15  | ALL ACTIONS | |
16  | **Robert A. Nitsch, Jr.**, | Case No. 14-cv-4062-VC |
17  | | |
    | Plaintiff, and on behalf of all | |
18  | others similarly situated, | |
19  | vs. | |
20  | **DreamWorks Animation SKG, Inc.; Pixar;** | |
21  | **Lucasfilm Ltd., LLC; The Walt Disney** | |
    | **Company; Digital Domain 3.0, Inc.;** | |
22  | **ImageMovers; ImageMovers Digital; Sony** | |
    | **Pictures Animation and Sony Pictures** | |
23  | **Imageworks**; | |
    | Defendants. | |
24  | | |

25  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

26          **PLEASE TAKE NOTICE** that, pursuant to Civil Local Rules 3-12(b) and 7-11, Plaintiff

27  Robert A. Nitsch, Jr. ("Plaintiff") submits this administrative motion requesting that the Court

28  consider whether *Nitsch v. DreamWorks Animation SKG, Inc.*, No. 14-cv-4062, and *In re High-Tech*

                                            1

1  *Employee Litigation*, No. 11-cv-2509, are related and direct the Clerk of Court to reassign *Nitsch* to

2  the Honorable Judge Lucy H. Koh.

3        Reassignment is appropriate because these two cases are closely related, in that (a) a

4  substantial portion of both cases concerns the same parties and events; and (b) separate assignment

5  would both result in an unduly burdensome duplication of labor and expense for the District Court.

6  *See* Civ. L.R. 3-12(a).

7        *First*, these two cases concern overlapping conspiracies that each evolved out of the unlawful

8  agreement between Pixar and Lucasfilm "(1) not to cold call each other's employees; (2) to notify

9  each other when making an offer to an employee of the other company even if that employee applied

10  for a job on his or her own initiative; and (3) that any offer would be 'final' and would not be

11  improved in response to a counter-offer by the employee's current employer (whether Lucasfilm or

12  Pixar)." *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1188 (N.D. Cal. 2013); *see*

13  *also* Compl. ¶ 2, *Nitsch*, No. 14-cv-4062 (N.D. Cal. Sept. 8, 2014), ECF No. 1 ("*Nitsch* Compl.").

14  Pixar and Lucasfilm are Defendants in both cases.  Much of the same evidence will be central to

15  both cases and is already part of the record in *High-Tech*, including deposition testimony by Pixar

16  and Lucasfilm personnel, documentary evidence detailing their agreement, and evidence of their

17  internal compensation practices.  *Compare In re High-Tech*, 985 F. Supp. 2d at 1188, 1198-1201,

18  1203-04, 1219; *Nitsch* Compl. ¶¶ 2, 6, 8, 12, 39-42, 77-78, 81-82.  In short, a substantial portion of

19  both cases concerns identical parties, facts, evidence, witnesses, and legal theories.

20        *Second*, separate assignment would result in unnecessary duplication of labor and expense.

21  While there can be no doubt that Judge Chhabria is more than capable of handling this case, the

22  simple fact is that Judge Koh has already done much of the relevant work.  Over the course of four

23  years and the most significant motions in a class action, Judge Koh has reviewed the considerable

24  record evidence and fielded and decided many of the legal issues present in both cases, work that

25  would have to be done more or less from scratch by any new judge.

26        The fact that some defendants are only in one case, and some facts or evidence relevant in

27  one case may not be relevant in the other, does not defeat the substantial similarity between the two.

28  *See, e.g.*, *Ervin v. Judicial Council of Cal.*, No. 06-cv-7479, 2007 WL 1489165, at *2 (N.D. Cal.

PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1    May 18, 2007).  Nor is it material that the two suits are at different stages; "[t]wo related cases may

2    still proceed on different schedules," and thus "this action can proceed on its own timetable."

3    *Financial Fusion, Inc. v. Ablaise Ltd.*, No. 06-cv-2451, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18,

4    2006).  There is therefore no risk of delay in either suit due to relation. *Id.*

5           Accordingly, Plaintiff respectfully requests that the Court direct the Clerk of Court to

6    reassign *Nitsch* to the Honorable Judge Lucy H. Koh.

7    Dated:  September 15, 2014              COHEN MILSTEIN SELLERS & TOLL PLLC

8

9                                      By:  /s/ *Daniel A. Small*
                                            Daniel A. Small (*Pro Hac Vice* pending)
                                            Brent W. Johnson (*Pro Hac Vice* pending)
10                                          Jeffrey B. Dubner (*Pro Hac Vice* pending)
                                            Cohen Milstein Sellers & Toll PLLC
11                                          1100 New York Avenue NW, Suite 500
                                            Washington, DC 20005
12                                          Tel.: (202) 408-4600
                                            Email:  dsmall@cohenmilstein.com
13                                                  bjohnson@cohenmilstein.com
                                                    jdubner@cohenmilstein.com
14
                                            George Farah (*Pro Hac Vice* pending)
15                                          Matthew Ruan (State Bar No. 264409)
                                            COHEN MILSTEIN SELLERS & TOLL PLLC
16                                          88 Pine Street, 14th Floor
                                            New York, NY 10005
17                                          Tel.: (212) 838-7797
                                            Email:  gfarah@cohenmilstein.com
18                                                  mruan@cohenmilstein.com

19                                          Bruce Spiva (State Bar No. 164032)
                                            THE SPIVA LAW FIRM PLLC
20                                          1776 Massachusetts Avenue NW, Suite 601
                                            Washington, DC 20036
21                                          Tel.: (202) 785-0601
                                            Email: bspiva@spivafirm.com
22
                                            Richard L. Grossman (State Bar No. 112841)
23                                          PILLSBURY & COLEMAN LLP
                                            600 Montgomery Street, Suite 3100
24                                          San Francisco, CA 94111
                                            Tel.: (415) 433-8000
25                                          Email: rgrossman@pillsburycoleman.com

26                                          *Attorneys for Plaintiff*

27

28

PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

**CERTIFICATE OF SERVICE**

I am over the age of eighteen (18) and not a party to this action.  My business address is 1100 New York Avenue NW, Suite 500, Washington, DC 20005.

On September 15, 2014, I served Plaintiff's Notice of Motion and Administrative Motion to Consider Whether Cases Should Be Related on all parties in both *In re High-Tech Employee Antitrust Litigation*, No. 11-cv-2509, and *Nitsch v. DreamWorks Animation SKG, Inc.*, No. 14-cv-4062. I served all parties in *In re High-Tech*, including Pixar and Lucasfilm Ltd., LLC via ECF.  I served DreamWorks Animation SKG, Inc., The Walt Disney Company, Digital Domain 3.0, Inc., ImageMovers, Sony Pictures Animation, and Sony Pictures Imageworks by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| DreamWorks Animation SKG, Inc.<br>Capitol Services, Inc.<br>1675 S. State St., Ste. B<br>Dover, DE 19901 | Sony Pictures Animation<br>Sony Pictures Entertainment, Inc.<br>10202 W. Washington Blvd.<br>Culver City, CA 90232 |
| Digital Domain 3.0, Inc.<br>National Registered Agents, Inc.<br>160 Greentree Dr., Ste. 101<br>Dover, DE 19904 | Sony Pictures Imageworks<br>Sony Pictures Entertainment, Inc.<br>10202 W. Washington Blvd.<br>Culver City, CA 90232 |
| ImageMovers, LLC<br>David Jackel<br>1880 Century Park East, Ste. 1600<br>Los Angeles, CA 90067 | The Walt Disney Company<br>Corporation Service Company<br>2711 Centerville Rd., Suite 400<br>Wilmington, DE 19808 |

I am readily familiar with Cohen Milstein Sellers & Toll's practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at 1100 New York Avenue NW, Washington, DC 20005.

ImageMovers Digital does not have a registered agent. Plaintiff is currently attempting to determine how to serve the complaint and this motion on ImageMovers Digital. Among other steps, we have called the registered agent for ImageMovers, a related company, and left a message asking

PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1  him to inform us whether he is authorized to accept service for ImageMovers Digital. As soon as an

2  appropriate agent is determined, I will serve this Notice of Motion and Motion on ImageMovers

3  Digital.

4  Date:   September 15, 2014                          /s/ *Jeffrey B. Dubner*
                                                         Jeffrey B. Dubner
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28