# ATTACHMENT B

KEKER & VAN NEST LLP
ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
DANIEL PURCELL (SBN 191424)
dpurcell@kvn.com
EUGENE M. PAIGE (SBN 202849)
epaige@kvn.com
JUSTINA SESSIONS (SBN 270914)
jsessions@kvn.com
CODY S. HARRIS (SBN 255302)
charris@kvn.com
635 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF STEVEN M. PERRY IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN CONNECTION WITH PLAINTIFFS' MOTION FOR APPLICATION OF THE PER SE STANDARD**<br><br>Judge: Hon. Lucy H. Koh<br>Date: December 19, 2014<br>Time: 1:30 p.m.<br>Ctrm: 8 |

24579089.1                                                                           Master Docket No. 11-CV-2509-LHK

PERRY DECL. ISO DEFENDANTS' SUPPLEMENTAL BRIEF IN CONNECTION
WITH PLAINTIFF'S MOTION FOR APPLICATION OF THE PER SE STANDARD

I, STEVEN M. PERRY, hereby declare and say:

1. I am a member of Munger, Tolles & Olson LLP, counsel of record for Intel Corporation ("Intel") in this case. I am admitted to practice before this Court. I make this declaration in support of Defendants' Supplemental Brief in Connection with Plaintiffs' Motion for Application of the Per Se Standard. I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. I submit this declaration in order to place before the Court a true copy of exhibit 454 to Paul Otellini's deposition in this matter. We had included Mr. Otellini's deposition testimony about exhibit 454 as part of exhibit I to the Corrected Declaration of Steven M. Perry in Support of Intel Corporation's Motion for Summary Judgment (Dkt 690-1 at 130-131 and 140-141), but had neglected to include a copy of the exhibit itself. It is attached as exhibit A. I have also included, for the Court's convenience, another copy of the deposition testimony regarding exhibit 454 that was included in my previous declaration as part of exhibit I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of September, 2014 at Los Angeles, California.

> */s/ Steven M. Perry*
> Steven M. Perry

# EXHIBIT A

**From:** Otellini
**To:** Eric Schmidt
**Sent:** 6/3/2007 6:20:00 PM
**Subject:** FW: Nuts!!!! google hired away one of my good guys.....after we helped him with Site Selection info

Eric, pls see below and do not forward within Goog...Seems unkind to hire our guy after we helped you out by teaching you how we did site selection... my team is pretty teed off.
paul

---

**From:** Leising, Bruce
**Sent:** Tuesday, May 29, 2007 9:00 AM
**To:** Baker, Bob
**Subject:** FW: GSSD Organizational Announcement

FYI, as background. At Paul's request, we did a presentation to Google on our site selection methods. They have now gone and hired our lead guy on it out of CRESD.
Bruce

---

**From:** Das, Sunil K
**Sent:** Tuesday, May 29, 2007 9:57 AM
**To:** Leising, Bruce; Haig, Ted V
**Subject:** FW: GSSD Organizational Announcement

FYI - Leong will be joining Google.
During our presentation on Intel's SS program to Google in Jan, their VP was impressed and asked where he could hire folks like we have on the team. I wonder if that meeting motivated them to go after our lead guy.

Sunil

---

**From:** Trendler, Blain T
**Sent:** Tuesday, May 29, 2007 5:59 AM
**To:** Balcom, Rick; Barshaf, Sharon; Brand, Virginia F; Cheng, Allen; Das, Sunil K; Gal, Avidan; Griffin, Patrick G; Gross, Moshe; Groves, Tim; Hart, Esther; Hernandez, Tomas Corp Services; Jacobs, Wallace H; Jaganathan, Swarnalatha; Johnson, Nathan K; Jones, Lee; Kai, David; Kavanagh, Jim N; Kimura, David; Legault, Ray; Lewis, April Z; Liong, Chiew Woei; Loo, Chee Kean; Martin, Jennifer M; McOmber, Matthew J; Moretti, Jack J; Narang, Sanjay R; Nyland, Richard; O'Dwyer, Martin; O'neill, Ella; Poh, Leong Chin; Reeder, Charles E; Romano, Marcelo A; Spatz, Michael T; Stecker, Robert; Stobetsky, Valentin; Trendler, Blain T; Wheeler, Jeff M; Wong, Jennifer
**Cc:** Jefferson, Kirby; Schijf, Alan; Levy, Haim; Tan, Wee Theng; Moser, Wangli; Yang, Jeffrey; Palmintere, Nanci S; Martin, Robin; Than, Phu T; Feigelson, Leroy N; Stout, Art A; Ge, Jun; Slater, Greg S; Wong, Hong Eie; Chuah, Cheng Leong; Howarth, Rick A; Wong, Hong Eie; Dean, Murray K
**Subject:** GSSD Organizational Announcement

It is with mixed emotions that I announce Leong Chin Poh's decision to leave Intel for another opportunity. Leong's last work day, prior to taking his vacation, will be June 15, 2007. His final day will be July 1, 2007.

Leong began his Intel career in 1997 and has been a great asset to Global Site Selection and Development (GSSD) for the last 5 years. He has managed the due diligence team on several projects including A7 in Chengdu, R & D Campuses in Shanghai (Zizhu) and Korea, A9 in Vietnam and most recently Fab 68 in Dalian.

Please join me in thanking Leong for his years of dedication at Intel and wishing him the very best in the future.

Organizational changes to continue to support Intel's site due diligence program will be made in the coming weeks.

Thank you,
Blain Trendler

EXHIBIT 454
Deponent Otellini
Date 1·29·13
Gina V. Carbone, CSR

76616DOC003892

Case 5:11-cv-02509-LHK   Document 990-2   Filed 09/18/14   Page 6 of 10
Case5:11-cv-02509-LHK   Document690-1   Filed02/25/14   Page125 of 213
Deposition of Paul Otellini                                In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                     SAN JOSE DIVISION
 4
 5
 6   IN RE:  HIGH-TECH EMPLOYEE        )
 7   ANTITRUST LITIGATION              )
 8                                     )   No. 11-CV-2509-LHK
 9   THIS DOCUMENT RELATES TO:         )
10   ALL ACTIONS.                      )
11   _____)
12
13
14           CONFIDENTIAL - ATTORNEYS' EYES ONLY
15              VIDEO DEPOSITION OF PAUL OTELLINI
16                      January 29, 2013
17
18
19   REPORTED BY:  GINA V. CARBONE, CSR NO. 8249, RPR, CCRR
20
21
22
23
24
25
```

Case 5:11-cv-02509-LHK   Document 990-2   Filed 09/18/14   Page 7 of 10
Case5:11-cv-02509-LHK   Document690-1   Filed02/25/14   Page130 of 213

Deposition of Paul Otellini                                  In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

| | | |
|---|---|---|
| 10:53:21 | 1 | the person who ran our corporate services site selection |
| 10:53:29 | 2 | process. |
| 10:53:30 | 3 | Q. And who was that second person? |
| 10:53:31 | 4 | A. I don't remember his name at the time. |
| 10:53:33 | 5 | Q. Was it a man or a woman? |
| 10:53:34 | 6 | A. A man. |
| 10:53:41 | 7 | Q. And Renee James is a woman, correct? |
| 10:53:45 | 8 | A. Yes. |
| 10:53:46 | 9 | Q. And when Ms. James informed you of that |
| 10:53:49 | 10 | incident, did you contact Mr. Schmidt to tell him about |
| 10:53:53 | 11 | that? |
| 10:53:53 | 12 | A. I think I sent him an email. |
| 10:53:55 | 13 | Q. And why did you send him the email? |
| 10:53:59 | 14 | A. Because I wanted to remind him that it was -- |
| 10:54:01 | 15 | that he was recruiting people that were working on these |
| 10:54:04 | 16 | joint projects and this was -- this was, I thought, not |
| 10:54:08 | 17 | in the spirit of our agreement. |
| 10:54:10 | 18 | Q. Is it fair to say that when you -- when you |
| 10:54:12 | 19 | contacted him or wrote him the email, you wanted |
| 10:54:15 | 20 | Mr. Schmidt to stop it? |
| 10:54:17 | 21 | A. Yeah. I would prefer he didn't do that. Live |
| 10:54:20 | 22 | up to what he said, yes. |
| 10:54:22 | 23 | ==Q. Okay. And I'm sorry, the second incident that== |
| 10:54:32 | 24 | ==you described, the person was a manager of -- I didn't== |
| 10:54:36 | 25 | ==get the name of the -- the organization.== |

Case 5:11-cv-02509-LHK   Document 990-2   Filed 09/18/14   Page 8 of 10
Case5:11-cv-02509-LHK   Document690-1   Filed02/25/14   Page131 of 213

Deposition of Paul Otellini                In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

| | | |
|---|---|---|
| 10:54:38 | 1 | A. It was -- we have an organization called |
| 10:54:40 | 2 | corporate services, which has all of our construction |
| 10:54:43 | 3 | and land and construction activities, site selection, |
| 10:54:50 | 4 | et cetera. |
| 10:54:52 | 5 | And the background for that was that Google was |
| 10:54:56 | 6 | in the midst of a large physical expansion of their |
| 10:55:01 | 7 | sites for data centers and R&D, and they wanted to know |
| 10:55:06 | 8 | Intel practices. So I offered to send over the person |
| 10:55:09 | 9 | who did that for Intel. Was a very experienced |
| 10:55:14 | 10 | engineer. And we told them how we went about selecting |
| 10:55:17 | 11 | and growing sites. And they liked that person so much |
| 10:55:26 | 12 | they recruited him, which I didn't think was terribly |
| 10:55:29 | 13 | fair and kind. |
| 10:55:29 | 14 | Q. And you contacted Mr. Schmidt to express that; |
| 10:55:31 | 15 | is that fair? |
| 10:55:32 | 16 | A. Yes, I did. |
| 10:55:33 | 17 | Q. And again, when you did that, you wanted |
| 10:55:37 | 18 | Mr. Schmidt to stop it? |
| 10:55:39 | 19 | A. I wanted him to not disrupt kind of the joint |
| 10:55:45 | 20 | efforts. What would be my incentive to help Google if |
| 10:55:49 | 21 | when I send people over there they recruit our best |
| 10:55:51 | 22 | people. |
| 10:55:52 | 23 | Q. So other than those two incidents, can you |
| 10:55:54 | 24 | recall any other incident where you learned that Google |
| 10:55:58 | 25 | wasn't living up to its agreement with you? |

Case 5:11-cv-02509-LHK   Document 990-2   Filed 09/18/14   Page 9 of 10
Case5:11-cv-02509-LHK   Document690-1   Filed02/25/14   Page140 of 213

Deposition of Paul Otellini | In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

| | | |
|---|---|---|
| 01:16:39 | 1 | MR. SAVERI:  Thank you.  You can put that |
| 01:16:40 | 2 | aside. |
| 01:16:42 | 3 | (Whereupon, Exhibit 454 was marked for |
| 01:16:42 | 4 | identification.) |
| 01:17:10 | 5 | MR. SAVERI:  Q.  Mr. Otellini, I've handed |
| 01:17:12 | 6 | you what's been marked as Exhibit 454.  It has the |
| 01:17:15 | 7 | Bates No. 76616DOC003892. |
| 01:17:22 | 8 | Do you have that in front of you? |
| 01:17:23 | 9 | A.  Yes, I do. |
| 01:17:26 | 10 | Q.  Do you recognize this document? |
| 01:17:27 | 11 | A.  I do. |
| 01:17:28 | 12 | Q.  Could you tell me what it is, please. |
| 01:17:31 | 13 | A.  It's a chain of emails that starts out with an |
| 01:17:35 | 14 | organization announcement of an employee leaving.  The |
| 01:17:38 | 15 | next part of the chain is one of the managers of that |
| 01:17:42 | 16 | organization sending me a note saying that the leaving |
| 01:17:45 | 17 | employee is joining Google, and pointing out that the -- |
| 01:17:50 | 18 | his belief is that the -- it was a direct result of |
| 01:17:56 | 19 | Intel helping Google by presenting to them how we do our |
| 01:18:01 | 20 | site selection program that enticed them to take the |
| 01:18:04 | 21 | guy. |
| 01:18:05 | 22 | And then, you know, the email goes on to say |
| 01:18:08 | 23 | this was part of the request, and it ends with me |
| 01:18:11 | 24 | sending it to -- a note to Eric at Google saying it |
| 01:18:15 | 25 | seems unkind to hire the guy that we sent to help you. |

Case 5:11-cv-02509-LHK   Document 990-2   Filed 09/18/14   Page 10 of 10
Case5:11-cv-02509-LHK   Document690-1   Filed02/25/14   Page141 of 213

Deposition of Paul Otellini | In Re: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION

| | | |
|---|---|---|
| 01:18:19 | 1 | Q. Now, did you write -- just focusing on the top |
| 01:18:23 | 2 | of the email, did you write the email to Mr. Schmidt on |
| 01:18:26 | 3 | or about the date that's indicated there? |
| 01:18:28 | 4 | A. Yes. |
| 01:18:29 | 5 | Q. July (sic) 3rd, 2007. |
| 01:18:30 | 6 | A. I did. |
| 01:18:31 | 7 | Q. Now, is this the incident regarding the site |
| 01:18:37 | 8 | selection person that you discussed with me a little bit |
| 01:18:40 | 9 | earlier today? |
| 01:18:40 | 10 | A. Yes, it is. |
| 01:18:59 | 11 | Q. Now, you write, "Eric, please see below and do |
| 01:19:03 | 12 | not forward within Goog." |
| 01:19:05 | 13 | Do you see that? |
| 01:19:05 | 14 | A. Yes. |
| 01:19:06 | 15 | Q. Why didn't you want Mr. Schmidt to forward this |
| 01:19:09 | 16 | message within Google? |
| 01:19:10 | 17 | A. Because I didn't want to make a federal case of |
| 01:19:12 | 18 | it. I just thought it was terribly unkind. They asked |
| 01:19:16 | 19 | us to help them, we sent a guy over there who was our |
| 01:19:20 | 20 | best guy, showed them how we're doing it. He's a |
| 01:19:23 | 21 | tenured employee, valued employee, and they hired him |
| 01:19:26 | 22 | away. I didn't think it was the best way to get me to |
| 01:19:29 | 23 | want to help them anymore. |
| 01:19:33 | 24 | Q. Again, this communication occurred after your |
| 01:19:37 | 25 | original communication with Mr. Schmidt -- |