Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
255 California, Suite 450
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO UNSEAL ALL PAPERS ASSOCIATED WITH PLAINTIFFS' MOTION TO COMPEL**<br><br>Judge:   Honorable Lucy H. Koh |

1  Pursuant to the Court's March 27, 2014 Case Management Order requiring Plaintiffs to
2  file their Motion to Compel under seal (the "Order"; Dkt. 768), Plaintiffs hereby move pursuant
3  to Civil Local Rule 7-11 and 79-5(d) to authorize the filing under seal of Plaintiffs' Reply in
4  Support of Plaintiffs' Motion to Compel ("Reply").  Plaintiffs understand they are required to file
5  their Reply under seal pursuant to the Court's Order.  However, Class members and the public
6  should have the ability to review all papers filed in connection with Plaintiffs' Motion to Compel,
7  including Plaintiffs' Reply.  Accordingly, Plaintiffs respectfully request that the Court revisit its
8  Order (Dkt. 768), and make all of these documents available publicly.

9  The Court has reviewed closely Defendants' voluminous requests to keep documents and
10  information from the Class and the public, granting Defendants' requests only when "good cause"
11  truly exists.  (*See*, *e.g.*, March 14, 2014 Order Granting in Part and Denying in Part Motions to
12  Seal; Dkt. 730.)  As the Court explained: "Even under the 'good cause' standard of Rule 26(c),
13  however, a party must make a 'particularized showing' with respect to any individual document
14  in order to justify sealing the relevant document.  *Kamakana*, 447 F.3d at 1180; *San Jose Mercury*
15  *News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). 'Broad allegations
16  of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule
17  26(c) test.' *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal
18  quotation marks and citation omitted)."  (*Id.* at 3.)

19  No information disclosed in these documents satisfies the good cause standard.  In
20  Plaintiffs' administrative motion to seal Plaintiffs' Motion to Compel, Plaintiffs made clear they
21  "disagree with Defendants that Plaintiffs' Motion to Compel should be filed under seal[.]"  (Dkt.
22  789 at 2.)  Nonetheless, Defendants failed to file the requisite "declaration as required by
23  subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."  Civ. L. R.
24  79-5(e)(1).  That is, Defendants failed to make any showing whatsoever that the information
25  contained in Plaintiffs' Motion to Compel should remain under seal.  When Defendants filed their
26  Opposition to Plaintiffs' Motion to Compel, Defendants again made no showing.  (Dkt. 878.)
27  Instead, Defendants only referenced the Court's Order (Dkt. 768), and quoted from the transcript
28  of the March 27, 2014 Case Management Conference, in which the Court agreed to permit the

1  briefing to be filed under seal in the first instance.  (Dkt. 878 at 2.)  But permitting Defendants to
2  file these papers under seal initially should not be construed as allowing these documents to
3  remain under seal indefinitely, particularly given Defendants' failure to provide good cause,
4  during that conference or afterward.  Defendants have failed to even make "broad allegations of
5  harm," much less the requisite "particularized showing."  (Dkt. 730 at 1-3.)

6        As the Third Circuit has observed, "because of the peculiar posture of class actions
7  whereby some members of the public are also parties to the class action . . . the test for overriding
8  the right of access should be applied in this case with particular strictness." *In re Cendant Corp.*,
9  260 F.3d 183 (3d Cir. 2001).  Protecting the access right in class actions "promotes class
10 members' confidence in the administration of the case" and "provides class members with a more
11 complete understanding of the class action process and a better perception of its fairness." *Id.*
12 (internal editing omitted).  The Court should allow Class members and the public to review these
13 documents.

14 Dated:  September 19, 2014      Respectfully Submitted,

15       By: */s/ Dean M. Harvey*
16           Dean M. Harvey

17 Richard M. Heimann (State Bar No. 63607)
   Kelly M. Dermody (State Bar No. 171716)
   Brendan Glackin (State Bar No. 199643)
18 Dean Harvey (State Bar No. 250298)
   Anne B. Shaver (State Bar No. 255928)
19 LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
20 San Francisco, California  94111-3339
   Telephone:  415.956.1000
21 Facsimile:  415.956.1008

22 Joseph R. Saveri
   James G. Dallal
23 JOSEPH SAVERI LAW FIRM, INC.
   255 California, Suite 450
24 San Francisco, CA  94111
   Telephone:  (415) 500-6800
25 Facsimile: (415) 500-6803

26 *Co-Lead Class Counsel*

27

28