KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
GOOGLE, INC.

[Additional counsel listed under signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL PAPERS ASSOCIATED WITH PLAINTIFFS' MOTION TO COMPEL** |

## I. INTRODUCTION

On March 27, 2014, the Court ordered Plaintiffs to file "a 5-Page, Under Seal Motion to Compel" by April 9, 2014. Case Management Order ("Order") (Dkt. 768). Apart from noting that they "disagree[d]" with the Court's decision, Plaintiffs lodged no formal objection to the Order and filed their motion to compel under seal, "to comply with the Court's March 27, 2014 Case Management Order." Pls.' Admin. Mot. to Seal Mot. to Compel. at 2 (Dkt. 789). Now, nearly six months later—and citing no intervening case law or change in factual circumstances—Plaintiffs ask the Court to revisit its Order, and allow them to move to unseal "all papers filed in connection with" their motion to compel. Mot. to Unseal at 1 (Dkt. 991). This motion is untimely and improper, and the Court should deny it for two reasons.

*First*, Plaintiffs' motion is nothing more than a tardy motion for reconsideration, disguised as an administrative motion. Because Plaintiffs have satisfied none of the requirements for reconsideration, the motion should be denied.

*Second*, in addition to the procedural defects in Plaintiffs' motion, their request should be denied on the merits because the Court got it right the first time. The documents at issue are properly maintained under seal, and Plaintiffs have provided no new arguments or information requiring their unsealing.

## II. ARGUMENT

### A. Plaintiffs' tardy and unsupported request for reconsideration violates Civil Local Rule 7-9.

Civil Local Rule 7-9(a) provides that, prior to final judgment, "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Here, Plaintiffs challenge the wisdom of the Court's prior Order while making no attempt to satisfy the requirements of Local Rule 7-9.

Plaintiffs concede that the Court issued a valid and enforceable order requiring them to file their motion to compel under seal. The Court considered the question during a Case

1

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL PAPERS ASSOCIATED
WITH PLAINTIFFS' MOTION TO COMPEL
Case No. 5:11-cv-2509-LHK

866029

1 Management Conference ("CMC") on March 27, 2014, with counsel for all parties present.
2 When Defendants expressly requested that the relevant papers be filed under seal, the Court
3 unambiguously replied, "Yes, that's fine." CMC Hr'g Tr. at 30:7-9. That decision was
4 subsequently memorialized in the Court's March 27, 2014 Case Management Order (directing
5 Plaintiffs to file a "5-Page, *Under Seal* Motion to Compel" and Defendants a "5-Page *Under Seal*
6 Opposition") (emphasis added). Plaintiffs made no objection at the hearing and filed their motion
7 under seal, citing the Court's Order. (Dkt. 789). Nearly six months later, Plaintiffs now ask the
8 Court to "revisit its Order" regarding sealing. Mot. to Unseal at 1.

Accordingly, if Plaintiffs want the Court to reconsider its prior Order, they must comply with Civil Local Rule 7-9. ***First***, they must seek leave to file the motion. Civ. L.R. 7-9(a). They have neither requested nor received such leave. ***Second***, Plaintiffs must "specifically show reasonable diligence in bringing the motion." Civ. L.R. 7-9(b). Plaintiffs cannot satisfy this burden. They effectively consented to sealing by standing silent at the CMC when the sealing request was made and granted and failing to ask the Court to reconsider when they filed their motion to compel. Since that time, Plaintiffs have allowed six months to elapse without contesting the Order. In fact, Plaintiffs failed to mention this new request in the recently filed CMC Statement. (Dkt. 981). ***Third***, Plaintiffs have satisfied none of the factors set forth in Local Rule 7-9(b). They have failed to show (1) that "a material difference in fact or law exists" from what the Court considered in March, (2) that "new material facts or a change of law" have emerged since March, or (3) that the Court displayed a "manifest failure" to consider relevant facts or legal arguments. Civ. L.R. 7-9(b).

Plaintiffs' failure to satisfy Rule 7-9 dooms their instant motion.[1] Plaintiffs may *now* have a different view of the Court's Order, but, as one court put it when denying a motion to reconsider

---

[1] Even if the Court were to construe Plaintiffs' motion as a proper administrative motion, the request must still be denied for failure to comply with Local Rule 7-11. That rule requires the party seeking administrative relief to submit either a stipulation from opposing counsel or a declaration explaining why such a stipulation could not be obtained. Civ. L.R. 7-11(a). Plaintiffs made no effort to obtain a stipulation from Defendants, and submitted no declaration explaining that failure. Ironically, Plaintiffs' disregard for the local rule did not stop them from chastising Defendants for neglecting to file a declaration supporting sealing the documents at issue—even though the Court had already issued an Order granting that very request. Mot. to Unseal at 1.

a prior sealing decision, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Wells Fargo Bank v. The Magellan Ship Owners Ass'n*, No. CV-09-587-PHX-MHM, 2010 WL 376916, at *1 (D. Ariz. Jan. 25, 2010). Because Plaintiffs have failed—both substantively and procedurally—to offer any reason for the Court to undo its Order, their ill-disguised motion for reconsideration should be denied.

### B. The documents at issue are properly maintained under seal.

Notwithstanding these procedural deficiencies, Plaintiffs' motion to unseal should be denied because the Court got it right the first time, in its March 27, 2014 Order. Plaintiffs' motion to compel and related documents are sealable for the reasons referenced during the March 27 CMC and set forth in Defendants' Joint Administrative Motion to Strike the Confidential Settlement Communication Disclosed in the Joint Case Management Statement or, in the Alternative, File Under Seal and accompanying Declaration of Justina K. Sessions. (Dkt. 738, 738-1 (explaining that public disclosure would prejudice Defendants by revealing confidential information that was disclosed to Plaintiffs only in the course of confidential settlement discussions and mediation)).

Plaintiffs now suggest that the Court "agreed to permit the briefing to be filed under seal in the first instance," but perhaps required some further showing by Defendants. Mot. to Unseal at 1-2. Not so. At the CMC, the Court left open the possibility of reviewing the document at issue *in camera*, after all of the briefing was in. But there was no suggestion—none whatsoever—that the papers associated with Plaintiffs' motion to compel would be made public at any time. Such suggestion runs directly contrary to the strong federal policy to keep settlement communications confidential. Furthermore, Plaintiffs' suggestion that Defendants were required to submit additional declarations or arguments in support of sealing is belied by the local rules and the record in this case. Local Rule 79-5(b) allows documents to be filed under seal "pursuant to a court order that authorizes the sealing of the particular document."[2] The Court's Case

---

[2] *See also* Civ. L.R. 79-5(d)(1)(A) (procedures for filing additional declarations "apply to requests to seal in which the *sole* basis for sealing is that the document(s) at issue were previously designated as confidential…" and not where the documents are filed pursuant to an existing court order) (emphasis added).

3

Management Order is just such an order. In addition, when Plaintiffs filed their initial motion to compel under seal, they cited the very Order they now claim is deficient. Plaintiffs have pointed to no new facts or material changes in the law that render the Court's initial decision erroneous. The Court should therefore decline Plaintiffs' invitation to "to rethink what it has already thought through." *Wells Fargo*, 2012 WL 376916, at *1.

### III. CONCLUSION

Plaintiffs' motion to unseal is both procedurally faulty and substantively meritless. The Court should deny it.

Respectfully submitted,

Dated: September 23, 2014        KEKER & VAN NEST LLP

By:  /s/ *Robert A. Van Nest*
Robert A. Van Nest

Daniel Purcell
Eugene M. Paige
Justina Sessions
Cody S. Harris
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendant GOOGLE INC.*

| | | |
|---|---|---|
| Dated: September 23, 2014 | | MAYER BROWN LLP |

By: */s/ Lee H. Rubin*
Lee H. Rubin

Edward D. Johnson
Donald M. Falk
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA 94306-2112
Telephone: (650) 331-2057
Facsimile: (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: September 23, 2014                O'MELVENY & MYERS LLP

By: /s/ *Michael F. Tubach*
Michael F. Tubach

George A. Riley
Christina J. Brown
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Attorneys For Defendant APPLE INC.*

Dated: September 23, 2014                JONES DAY

By: /s/ *David C. Kiernan*
David C. Kiernan

Robert A. Mittelstaedt
Lin W. Kahn
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

5
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL PAPERS ASSOCIATED
WITH PLAINTIFFS' MOTION TO COMPEL
Case No. 5:11-cv-2509-LHK

866029

| | | |
|---|---|---|
| Dated: September 23, 2014 | | MUNGER TOLLES & OLSON LLP |
| | By: | */s/ Gregory P. Stone* |
| | | Gregory P. Stone |
| | | Bradley S. Phillips |
| | | Steven M. Perry |
| | | Bethany W. Kristovich |
| | | 355 South Grand Avenue, 35th Floor |
| | | Los Angles, CA  90071-1560 |
| | | Telephone:  (213) 683-9100 |
| | | Facsimile:   (213) 687-3702 |
| | | *Attorneys for Defendant INTEL CORPORATION* |

## CONCURRENCE

I, Robert A. Van Nest, am the ECF user whose ID and password are being used to file this DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL PAPERS ASSOCIATED WITH PLAINTIFFS' MOTION TO COMPEL.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Lee H. Rubin, Michael F. Tubach, David C. Kiernan, and Gregory P. Stone have concurred in this filing.

6
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALL PAPERS ASSOCIATED WITH PLAINTIFFS' MOTION TO COMPEL
Case No. 5:11-cv-2509-LHK

866029