MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

MATTHEW R. BERRY (*pro hac vice* to be filed)
mberry@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883

(See Signature Page for Names and Addresses of Additional Counsel for Plaintiff)

Attorneys for Plaintiff Georgia Cano individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re: High-Tech Employee Antitrust Litigation<br><br>This document relates to:<br>ALL ACTIONS | Master Docket No. 11-cv-2509-LHK |
| GEORGIA CANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PIXAR; DREAMWORKS ANIMATION SKG, INC., LUCASFILM LTD.; THE WALT DISNEY COMPANY; DIGITAL DOMAIN 3.0 INC.; IMAGEMOVERS LLC; IMAGEMOVERS DIGITAL; SONY PICTURES ANIMATION INC.; SONY PICTURES IMAGEWORKS INC.; BLUE SKY STUDIOS, INC; and DOES 1 through 100,<br><br>Defendants. | Case No: 14-cv-4203-PSG<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rules 3-12(b) and 7-11, Plaintiff Georgia Cano ("Plaintiff") submits this administrative motion requesting that the Court consider whether *Georgia Cano v. Pixar, et al.*, No. 14-cv-4303 ("*Cano*"); *Nitsch v. DreamWorks Animation SKG, Inc.*, No. 14-cv-4062 ("*Nitsch*"), and *In re High-Tech Employee Litigation*, No. 11-cv-2509 ("*High-Tech*"), are related and direct the Clerk of Court to reassign *Cano* to the Honorable Judge Lucy H. Koh.

Local Rule 3-12(b) provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be unduly burdensome duplication of labor and expense or conflicting results if the cases are conduct before different Judges." Here, both elements are met.

*First*, these three cases concern overlapping conspiracies that each evolved out of the same unlawful agreement between Pixar and Lucasfilm "(1) not to cold call each other's employees; (2) to notify each other when making an offer to an employee of the other company even if that employee applied for a job on his or her own initiative; and (3) that any offer would be 'final' and would not be improved in response to a counter-offer by the employee's current employer (whether Lucasfilm or Pixar)." *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1188 (N.D. Cal. 2013); *see also* Compl. ¶ 2, *Nitsch*, No. 14-cv-4062 (N.D. Cal. Sept. 8, 2014), ECF No. 1 ("*Nitsch* Compl.") and Compl. ¶¶ 20-21, *Cano*, No. 14-cv-4203 (N.D. Cal. Sept. 17, 2014), ECF No. 1 ("*Cano* Compl."). Pixar and Lucasfilm are Defendants in these three cases. Much of the same evidence will be central to all cases and is already part of the record in *High-Tech*, including deposition testimony by Pixar and Lucasfilm personnel, documentary evidence detailing their agreement, and evidence of their internal compensation practices. *Compare In re High-Tech*, 985 F. Supp. 2d at 1188, 1198-1201, 1203-04, 1219; *Nitsch* Compl. ¶¶ 2, 6, 8, 12, 39-42, 77-78, 81-82; *Cano* Compl. ¶¶ 1-2, 20-25, 29, 31, 33-35, 49-50. In short, a substantial portion of all three cases concerns identical parties, facts, evidence, witnesses, and legal theories.

*Second*, separate assignment would result in unnecessary duplication of labor and expense. While Judge Paul Singh Grewal is more than capable of handling this case, Judge Koh has already done much of the relevant work. As Judge Koh recently noted, "This Court has lived with this case for nearly three years, and during that time, the Court has reviewed a significant number of documents in adjudicating not only the substantive motions, but also the voluminous sealing requests." *High-Tech*, Doc. # 974 at 30. Absent reassignment to Judge Koh, any other judge would have to start at square one to become familiar with the significant factual and legal issues in this action, which would result in unnecessary duplication of labor and expense.

The fact that some defendants are only in one case, and some facts or evidence relevant in one case may not be relevant in the other, does not defeat the substantial similarity between these cases. *See, e.g., Ervin v. Judicial Council of Cal., et al.*, No. 06-cv-7479, 2007 WL 1489165, at *2 (N.D. Cal. May 18, 2007). Nor is it material that *High-Tech* is at a different stage than *Cano* and *Nitsch* because "[t]wo related cases may still proceed on different schedules," and thus "this action can proceed on its own timetable." *Financial Fusion, Inc. v. Ablaise Ltd., et al.*, No. 06-cv-2451, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006). There is no risk of delay in these suits due to relation.

Accordingly, Plaintiff respectfully requests that the Court direct the Clerk of Court to reassign *Cano* to the Honorable Judge Lucy H. Koh.

Dated: September 25, 2014

STEVEN G. SKLAVER
KALPANA SRINIVASAN
MATTHEW R. BERRY
SUSMAN GODFREY L.L.P.

JULIAN ARI HAMMOND (268489)
hammond.julian@gmail.com
HAMMONDLAW, PC
1180 S Beverly Dr Ste 610
Los Angeles, CA 90035
Phone: (310) 601-6766
Fax: (310) 295-2385

CRAIG ACKERMANN (229832)
cja@ackermanntilajef.com
ACKERMANN & TILAJEF PC
1180 S Beverly Dr Ste 610
Los Angeles, CA 90035
Phone: (310) 277-0614
Fax: (310) 277-0635

By: */s/ Steven G. Sklaver*
Steven G. Sklaver
Attorneys for Plaintiff Georgia Cano individually and on behalf of all others similarly situated

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On September 25, 2014, I served the foregoing document(s) described as follows:

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

**See attached Service List**

__X__ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY FAX
I served by facsimile as indicated on the attached service list.

____ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on September 25, 2014, at Los Angeles, California

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Helen Danielson
(Type or Print Name)

Helen Danielson
(Signature)

**SERVICE LIST**

*In re High-Tech Employee Antitrust Litigation*, No. 11-cv-2509
All parties in *In re High-Tech*, served via ECF

| Defendants in the *Cano v. Pixar, et al.*, Case No. 14-cv-04203 served via U.S. Mail | |
|---|---|
| PIXAR<br>1200 Park Avenue<br>Emeryville, California 94608 | DREAMWORKS ANIMATION SKG, INC.<br>1000 Flower Street<br>Glendale, CA 91201 |
| LUCASFILM LTD<br>1110 Gorgas Avenue<br>San Francisco, California 94129 | THE WALT DISNEY COMPANY<br>500 South Buena Vista Street<br>Burbank, California 91505 |
| DIGITAL DOMAIN 3.0, INC.<br>300 Rose Avenue<br>Venice, CA 90291 | IMAGEMOVERS, LLC<br>1880 Century Park East, Suite 1600<br>Los Angeles, CA 90067 |
| IMAGEMOVERS DIGITAL<br>P.O. Box 10428<br>San Rafael, California 94912 | SONY PICTURES ANIMATION, INC.<br>10202 W. Washington Blvd.<br>Culver City, CA 90232 |
| SONY PICTURES IMAGEWORKS, INC.<br>10202 W. Washington Blvd.<br>Culver City, CA 90232 | BLUE SKY STUDIOS, INC<br>10201 W. Pico Blvd.<br>Los Angeles, CA 90035 |

*Nitsch v. DreamWorks Animation SKG, Inc., et al.*, Case No. 3:14-cv 04062
Attorneys for Representative Plaintiff Robert A. Nitsch, Jr. served via U.S. Mail

| | |
|---|---|
| Daniel A. Small<br>Brent W. Johnson<br>Jeffrey B. Dubner<br>COHEN MILSTEIN SELLERS<br>& TOLL PLLC<br>1100 New York Avenue NW, Suite 500<br>Washington, DC 20005<br>Tel.: (202) 408-4600<br>Email: kpierson@cohenmilstein.com<br>bjohnson@cohenmilstein.com<br>jdubner@cohenmilstein.com | George Farah<br>Matthew Ruan<br>COHEN MILSTEIN SELLERS<br>& TOLL PLLC<br>88 Pine Street<br>14th Floor<br>New York, NY 10005<br>Tel.: (212) 838-7797<br>Email: gfarah@cohenmilstein.com<br>mruan@cohenmilstein.com |
| Bruce Spiva<br>THE SPIVA LAW FIRM PLLC<br>1776 Massachusetts Avenue NW<br>Suite 601<br>Washington, DC 20036<br>Tel.: (202) 785-0601<br>Email: bspiva@spivafirm.com | Richard L. Grossman<br>PILLSBURY & COLEMAN LLP<br>600 Montgomery Street<br>Suite 3100<br>San Francisco, CA 94111<br>Tel.: (415) 433-8000<br>Email: rgrossman@pillsburycoleman.com |