JEFFREY L. HOGUE, ESQ. (SBN 234557)
TYLER J. BELONG, ESQ. (SBN 234543)
BRYCE A. DODDS, ESQ. (SBN 283491)
**HOGUE & BELONG**
430 Nutmeg Street, Second Floor
San Diego, CA 92103
Telephone No:  (619) 238-4720
Facsimile No:   (619) 270-9856

Attorneys for plaintiff Robert Arriaga

# UNITED STATES DISCTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| Robert Arriaga, individually and on behalf of all others similarly situated; <br><br>vs.<br><br>IAC/InterActiveCorp, a Delaware corporation;<br><br>Defendant. | MASTER DOC. NO. 11-CV-2509-LHK <br><br> CASE NO.: 5:14-cv-04656-NC <br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
|---|---|

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that under Civil Local Rules 3-12(b) and 7-11, plaintiff Robert Arriaga ("Plaintiff") submits this administrative motion requesting that the Court consider whether *Arriaga v.* IAC/InterActiveCorp.*,* No. 5:14-cv-04656-NC ("*Arriaga*") and *In re High-Tech Employee Litigation,* No. 11-cv-2509-LHK are related and direct the Clerk of Court to reassign *Arriaga* to the Honorable Judge Lucy H. Koh.

Reassignment is appropriate because these two cases are closely related, in that (a) a substantial portion of both cases concerns the same parties and events; and (b) separate assignment would both result in an unduly burdensome duplication of labor and expense for the District Court. *See*, Civ. L.R. 3-12(a).  Here, both elements of Local Rule 3-12(b) are met.

First, these two cases concern overlapping conspiracies that each grew out of the same unlawful anti-solicitation agreement between Google and others, including IAC/InterActiveCorp, whereby the defendant IAC/InterActiveCorp in *Arriaga v. IAC/InterActiveCorp* and one or more defendant in *In re High-Tech Employee Litigation* each agreed:

1) Not to offer employment to any Director level or above candidate currently employed by any other party to the agreement without also informing that other party about the offer of employment; and

2) When necessary, refraining from making any offer employment to any Director level or above candidate currently employed by any other party to the agreement without *first* informing that other party about the intent to make an offer of employment.

*C.f.*, *In re High-Tech Employee Litigation*, 985 F.Supp.2d 1167, 1188 (N.D. Cal. 2013) and the Complaint in *Arriaga v. IAC/InterActiveCorp*, Case No. 5:14-cv-04656-NC (N.D. Cal. Oct. 17, 2014), ECF Doc. No. 1, at ¶¶ 2, 3, 7, 8, 16-25, 39 ("*Arriaga* Complaint").  Indeed, each of defendants Google and IAC/InterActiveCorp were parties to the same anti-competitive agreement at the heart of both cases.  Thus, much of the same evidence will be central to both cases and is already part of the record in *In re High-Tech Employee Litigation*, including deposition testimony, documentary evidence detailing the agreement to which the defendants were a part, and other discovery and evidence of their internal compensation practices. *C.f.*, *In re High-Tech Employee Litigation*, 985 F.Supp.2d 1167, 1188 (N.D. Cal. 2013); and *Arriaga* Complaint, ¶¶ 2, 16, 17, 21.

-1-
NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

In summary, a substantial portion of both cases concerns identical parties, facts, evidence, witnesses, and legal theories.

Second, separate assignment would result in unnecessary duplication of labor and expense. Judge Cousins is undoubtedly capable of presiding over this case; however, Judge Koh has already done much of the relevant work. As Judge Koh recently noted, "This Court has lived with this case for nearly three years, and during that time, the Court has reviewed a significant number of documents in adjudicating not only the substantive motions, but also the voluminous sealing requests." *In re High-Tech Employee Litigation*, Doc. No. 974, at 30. Indeed, over the course of several years Judge Koh has reviewed significant record evidence and decided many pivotal issues and motions that relate to both class actions—work that will have to be performed all over again by Judge Cousins if the case is not consolidated.

That some defendants are only in one case, and some facts or evidence relevant in one case may not be relevant in the other, does not defeat the substantial similarity between the two. *See*, *e.g.*, *Ervin v. Judicial Council of Cal.,* No. 06-cv-7479, 2007 WL 1489165, at *2 (N.D. Cal. May 18, 2007). Nor is it material that the two actions are at different stages; "two related cases may still proceed on different schedules," and thus "this action can proceed on its own timetable." *Financial Fusion, Inc. v. Ablaise Ltd.,* No. 06-cv-2451, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006). Thus, no risk of delay in either suit due to relation exists. *Id.*

Accordingly, Plaintiff respectfully requests that the Court direct the Clerk of Court to reassign *Arriaga v. IAC/InterActiveCorp* to the Honorable Judge Lucy H. Koh.

Dated: October 21, 2014                                **HOGUE & BELONG**

/s/ *Tyler J. Belong*
JEFFREY L. HOGUE
TYLER J. BELONG
BRYCE A. DODDS
Attorneys for Plaintiffs

-2-
NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED