| | |
|---|---|
| 1 | David R. Markham (SBN 071814) |
|   | dmarkham@markham-law.com |
| 2 | Peggy Reali  (SBN 153102) |
|   | preali@markham-law.com |
| 3 | Janine Menhennet (SBN 163501) |
|   | jmenhennet@markham-law.com |
| 4 | Maggie K. Realin (SBN 263639) |
|   | mrealin@markham-law.com |
|   | **THE MARKHAM LAW FIRM** |
| 5 | 750 B Street, Suite 1950 |
|   | San Diego, CA  92101 |
| 6 | Tel: (619)399-3995; Fax: (619) 615-2067 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE:  HIGH TECH EMPLOYEE ANTITRUST LITIGATION | ) **MASTER DOC. NUMBER:** ) ) **11-cv-02509-LHK** |
| THIS DOCUMENT RELATES TO: | ) ) |
| ALL ACTIONS | ) ) ) |
| _____ | ) ) |
| DESERAE RYAN, and TRENT RAU, individually and on behalf of all others similarly situated; | ) **Case No. 14-cv-04634-EJD** ) ) **NOTICE OF MOTION AND MOTION** |
|                    Plaintiffs               vs. | ) **FOR ADMINISTRATIVE RELIEF TO** ) **CONSIDER WHETHER CASES** ) **SHOULD BE RELATED** ) |
| MICROSOFT CORPORATION, a Washington corporation; | ) ) ) |
|                    Defendants. | ) ) |
| _____ | ) |

NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER
WHETHER CASES SHOULD BE RELATED
Case No. 11-cv-02509-LHK

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that under Civil Local Rules 3-12(b) and 7-11, plaintiffs Deserae Ryan and Trent Rau ("Plaintiffs") submit this administrative motion requesting that the Court consider whether *Ryan et al. v. Microsoft Corporation,* No. 14-cv-04634-EJD ("*Ryan*") and *In re High-Tech Employee Litigation,* No. 11-cv-2509-LHK, are related and direct the Clerk of Court to reassign *Ryan* to the Honorable Judge Lucy H. Koh.

Reassignment is appropriate because these two cases are closely related, in that (a) a substantial portion of both cases concerns the same parties and events; and (b) separate assignment would both result in an unduly burdensome duplication of labor and expense for the District Court. *See*, Civ. L.R. 3-12(a).  Here, both elements of Local Rule 3-12(b) are met.

First, these two cases allege overlapping conspiracies that each grew out of the same unlawful anti-solicitation agreement between Google and others, including Microsoft Corporation, whereby the defendant Microsoft Corporation in *Ryan v. Microsoft Corporation* and the defendants in *In re High-Tech Employee Litigation* each agreed:

> 1) Not to pursue manager level and above candidates for Product, Sales, or G&A roles—even if they have applied to [any of the other companies who are parties to the Restricted Hiring Agreement];
>
> 2) However, there are no restrictions to our recruiting from these companies at individual contributor levels for PSG&A; [and]
>
> 3) Additionally, there are no restrictions at any level for engineering candidates.

*C.f.*, *In re High-Tech Employee Litigation*, 985 F.Supp.2d 1167, 1188 (N.D. Cal. 2013), and the Complaint in *Ryan v. Microsoft Corporation*, Case No. 14-cv-04634-EJD (N.D. Cal. Oct. 16, 2014), ECF Doc. No. 1, at ¶¶ 28-37 ("*Ryan* Complaint").  Indeed, each of defendants Google and Microsoft were parties to the same anti-solicitation agreement at the heart of both cases.  Thus, much of the same evidence will be central to both cases and is already part of the record in *In re High-Tech Employee Litigation*, including deposition testimony, documentary evidence detailing the agreement to which the defendants were a part, and other discovery and evidence of their internal compensation practices. *C.f.*, *In re High-Tech Employee Litigation*, 985 F.Supp.2d 1167,

-1-
NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO DETERMINE
WHETHER CASES SHOULD BE RELATED
Case No. 14-cv-04634-BLF

1188 (N.D. Cal. 2013); and *Ryan* Complaint, ¶¶ 25-26.  In summary, a substantial portion of both cases concerns identical parties, facts, evidence, witnesses, and legal theories.

Second, separate assignment would result in unnecessary duplication of labor and expense.  Judge Davila is undoubtedly capable of presiding over this case; however, Judge Koh has already done much of the relevant work.  As Judge Koh recently noted, "This Court has lived with this case for nearly three years, and during that time, the Court has reviewed a significant number of documents in adjudicating not only the substantive motions, but also the voluminous sealing requests." *In re High-Tech Employee Litigation*, Doc. No. 974, at 30.  Indeed, over the course of several years Judge Koh has reviewed significant record evidence and decided many pivotal issues and motions that relate to both class actions—work that will have to be performed all over again by Judge Davila if the case is not consolidated.

That some defendants are only in one case, and some facts or evidence relevant in one case may not be relevant in the other, does not defeat the substantial similarity between the two.  *See*, *e.g.*, *Ervin v. Judicial Council of Cal.,* No. 06-cv-7479, 2007 WL 1489165, at *2 (N.D. Cal. May 18, 2007).  Nor is it material that the two actions are at different stages; "two related cases may still proceed on different schedules," and thus "this action can proceed on its own timetable." *Financial Fusion, Inc. v. Ablaise Ltd.,* No. 06-cv-2451, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006).  Thus, no risk of delay in either suit due to relation exists.  *Id.*

Accordingly, Plaintiff respectfully requests that the Court direct the Clerk of Court to reassign *Ryan et al. v. Microsoft Corporation* to the Honorable Lucy H. Koh.

Dated:  October 23, 2014                              **THE MARKHAM LAW FIRM**

                                                                         s/ *Janine R. Menhennet*
                                                                         Attorney for Plaintiffs and on behalf of those
                                                                         similarly situated

-2-
NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO DETERMINE
WHETHER CASES SHOULD BE RELATED
Case No. 14-cv-04634-BLF