Stephen M. Rummage (*pro hac vice* pending)
*steverummage@dwt.com*
Robert J. Maguire (*pro hac vice* pending)
*robmaguire@dwt.com*
Candice M. Tewell (*pro hac vice* pending)
*candicetewell@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone:     (206) 622-3150
Facsimile:      (206) 757-7700

Allison A. Davis (CA State Bar No. 139203)
*allisondavis@dwt.com*
Sanjay M. Nangia (CA State Bar No. 264986)
*sanjaynangia@dwt.com*
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:     (415) 276-6500
Facsimile:      (415) 276-6599

Attorneys for Microsoft Corporation

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MASTER DOC. NUMBER<br><br>No. 5:11-cv-02509-LHK<br><br>**MICROSOFT'S RESPONSE TO *RYAN* PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED [DKT. 1003]** |
| DESERAE RYAN and TRENT RAU, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>        Defendant. | No. 5:14-cv-04634-EJD |

DAVIS WRIGHT TREMAINE LLP

Microsoft Corporation ("Microsoft") has no objection to the relation of *Ryan v. Microsoft Corp.*, No. 5:14-cv-04634-EJD (N.D. Cal.), to this action, i.e., *In re High Tech Employee Antitrust Litigation*, No. 5:11-cv-02509-LHK ("*High Tech*"). Microsoft does, however, believe plaintiffs filed *Ryan* in the wrong district. As a result, Microsoft intends to move to transfer *Ryan* to the Western District of Washington pursuant to 28 U.S.C. § 1404(b) and its written agreements with plaintiffs. It also intends to move to dismiss *Ryan* under Rule 12(b)(6) and/or 12(c), regardless of whether the Court relates *Ryan*. The Court's ruling on the pending Motion for Administrative Relief will determine who decides one or both of those initial motions.

If the Court believes relating the cases will result in administrative efficiencies, Microsoft has no objection to doing so. But Microsoft does not believe the two matters are "related," as Local Rule 3-12 defines that term. Under the Rule, "[a]n action is related to another" if the two cases "concern substantially the same parties, property, transaction or event; **and** … [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." LR 3-12(a) (emphasis added). The two cases do not satisfy this conjunctive test. As explained below, the *High Tech* plaintiffs have alleged no connection between Microsoft and the *High Tech* claims. And unlike the California employers in *High Tech*, Microsoft's contracts with the *Ryan* plaintiffs, Ms. Ryan and Mr. Rau (and with the great bulk of its employees), call for work in Washington, choose Washington law and venue, and contain non-competition clauses enforceable under Washington law.

Although Microsoft defers to the Court's familiarity with the proceedings in *High Tech*, the allegations and evidence in that litigation do not appear to "concern substantially the same parties" as *Ryan*, as Rule 3-12 contemplates. Microsoft is not a party to *High Tech*, and none of the defendants in *High Tech* is a party in *Ryan*. Nor do the two cases revolve around "the same … transaction or event." *High Tech* centers around an "overarching conspiracy" among Silicon Valley companies, many with interlocking directorates, allegedly orchestrated by "two individuals, Steve Jobs (Co-Founder, Former Chairman, and Former CEO of Apple) and Bill Campbell (Chairman of Intuit Board of Directors, Co-Lead Director of Apple, and advisor to Google)," who are said to have "personally entered into or facilitated each of the bilateral

2

agreements in this case." *High Tech*, Order Denying Plaintiffs' Motion for Preliminary Approval [Dkt. 974] at 28 (Aug. 8, 2014). Nothing in the *Ryan* Complaint (or, to Microsoft's knowledge, the *High Tech* record) suggests this "overarching conspiracy" included Microsoft. Unlike the *High Tech* defendants, Microsoft has its principal operations in Washington State, not Silicon Valley, and it lacks the nexus with Mr. Jobs and Mr. Campbell that pervades *High Tech*.[1]

The differences between the issues in *High Tech* and this case are reflected in the different outcomes of the Department of Justice's antitrust investigations into high-tech industry recruiting practices. The Antitrust Division in September and December 2010 sued several *High Tech* defendants (Adobe, Apple, Google, Intel, Intuit, Pixar, and Lucasfilm), alleging agreements to refrain from soliciting each other's employees that "were not ancillary to any legitimate collaboration between Defendants" and seeking an injunction against their continuation. *United States v. Adobe Systems, Inc., et al.*, No. 1:10-cv-01629-RBW (D.D.C. Sept. 24, 2010); *United States v. Lucasfilm, Inc.*, No. 1:10-cv-02220-RBW (D.D.C. Dec. 21, 2010). (In early 2011, the Antitrust Division and these defendants entered into agreed Final Judgments, granting injunctive relief requested by the Antitrust Division.) The Antitrust Division also investigated Microsoft—but it reached the opposite conclusion: the Division years ago informed Microsoft it was not a target, and on October 29, 2014, the Division notified Microsoft it had "closed its investigation of

---

[1] Much of the factual record in *High Tech* remains under seal, and Microsoft therefore has no access to it. But some of what has been disclosed negates any suggestion that Microsoft was part of any "overarching conspiracy." For example, Google Executive Chairman Eric Schmidt made clear that Microsoft stood in a different relationship to Google than Apple did. Mr. Schmidt testified that, at a time when he served on Apple's Board of Directors, "Microsoft is busy building a search engine to compete with us or either has—has announced that they are going to come in and kill us with products that they haven't shipped yet, and so on and so on. They [Microsoft] are highly competitive during this period, and that continues." *High Tech*, Decl. of Eric B. Evans [Dkt. 427-6], Ex. W at 13 of 95 (Schmidt Dep.). Mr. Schmidt's comment about Microsoft coming to "kill" Google apparently refers to a widely publicized declaration filed in a suit Microsoft brought against Google when a senior Microsoft executive in China, Dr. Kai Fu Lee, left to work for Google in violation of his non-competition agreement with Microsoft. *See* CNET News, "Court docs: Ballmer vowed to 'kill' Google" (Sept. 2, 2005) (available at http://news.cnet.com/2100-1014_3-5846243.html (last visited Nov. 10, 2014)); *see Microsoft Corp. v. Lee*, No. 05-2-23561-6 SEA (Wash. King Cty. Super. Ct.); *Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018 (N.D. Cal. 2005) (granting Microsoft's motion to stay Google's declaratory judgment action in deference to earlier-filed Washington action).

[Microsoft] relating to potential agreements among certain firms regarding employee recruiting." Corr., Jessica N. Butler-Arkow (Antitrust Division) to Jonathan Kanter, Joseph Bial (Cadwalader, Wickersham & Taft) (Oct. 29, 2014) (attached as Appendix A).

Because Local Rule 3-12 states its test for relating cases in the conjunctive, the absence of overlapping parties, transactions or events makes it unnecessary to consider the risk of "an unduly burdensome duplication of labor and expense or conflicting results" if the cases "are conducted before different Judges." LR 3-12(a)(2). But those risks are low. Because Microsoft is not a party to *High Tech* (and Ms. Ryan and Mr. Rau are not either), the *Ryan* parties will need to take their own discovery—assuming plaintiffs' complaint passes muster. The witnesses and evidence for motions and trial will be different, except for incidental overlap, since *High Tech* has not addressed Microsoft's conduct. Thus, the "labor and expense" of litigating *Ryan* will be the same, no matter who presides. And because nothing suggests Microsoft participated in the "overarching conspiracy" among Silicon Valley employers alleged by the Justice Department and the *High Tech* plaintiffs, the risk of conflicting results does not exist.[2] Different finders of fact, assessing different evidence, could properly reach different (but legally consistent) conclusions as to the conduct of different employers—just as the Department of Justice did.

Finally, if any claims against Microsoft survive initial motion practice, they will unfold within a materially different legal framework than did the *High Tech* claims against the California defendants. Washington law governs Microsoft's relationships with the two *Ryan* plaintiffs, Ms. Ryan and Mr. Rau, as well as with the vast majority of potential class members.[3] And unlike the

---

[2] Even the *Ryan* plaintiffs allege only an agreement between Microsoft and Google "not to pursue manager level and above candidates from one another for 'Product, Sales, or G&A [General & Administrative]' positions." *Ryan*, No. 5:14-cv-04634-EJD, Compl. [Dkt. 1] ¶ 6. Leaving aside that Microsoft has no knowledge of any such agreement, the alleged agreement (a) lacks any connection to Messrs. Jobs or Campbell, who "personally entered into or facilitated" the agreements in *High Tech* (Order Denying Plaintiffs' Motion for Preliminary Approval of Settlements [Dkt. 974] at 28), and (b) relates to non-technical positions, not to the class of "salaried technical, creative, and research and development employees" this Court certified in *High Tech*, 985 F. Supp. 2d 1167, 1174, 1229 (N.D. Cal. 2013).

[3] Ms. Ryan and Mr. Rau worked for Microsoft in Washington. *See Ryan*, No. 5:14-cv-04634-EJD, Compl. [Dkt. 1] ¶¶ 16, 18. They each signed Employee Agreements subject to Washington law and containing Washington forum selection and non-competition provisions.

1   California-based defendants in *High Tech*, Microsoft may lawfully enter into (and enforce)
2   agreements with its employees to preclude them from accepting employment with competitors.
3   *See Perry v. Moran,* 109 Wash. 2d 691, 700, 748 P.2d 224 (1987), *op. revised*, 111 Wash. 2d 885,
4   766 P.2d 1096 (1989); *Seabury & Smith v. Payne Fin. Group, Inc.,* 393 F. Supp. 2d 1057, 1062-63
5   (E.D. Wash. 2005) (enforcing one year restriction).  Microsoft (like many Washington employers)
6   includes non-competition and non-solicitation covenants in its employee agreements, and it
7   enforces those promises.  *See, e.g., Google, Inc. v. Microsoft Corp*., 415 F. Supp. 2d 1018, 1019-
8   20 (N.D. Cal. 2005) (quoting Microsoft's non-competition and non-solicitation covenants and
9   describing Microsoft's litigation to enforce covenants against Google); Findings of Fact,
10  Conclusions of Law, Preliminary Injunction & Order, *Microsoft Corp. v. Miszewski*, No. 11-2-
11  04589-7 SEA (Wash. King Cty. Super. Ct. Apr. 15, 2011) (enforcing non-competition covenant
12  and enjoining employment of departing employee by Salesforce.com).  In contrast, the *High Tech*
13  defendants are bound by California law, which generally prohibits California employers from
14  entering into non-competition agreements.  *See* Cal. Bus. & Prof. Code § 16600.

15  Because Microsoft has lawful means of protecting its employment relationships in
16  Washington, it had no motivation to enter into the sort of reciprocal "no poaching" agreements
17  alleged in *High Tech*.  And even if plaintiffs had a good faith basis under Rule 11 to allege
18  Microsoft did so anyway (a question for another day), Microsoft's use of non-competition and
19  non-solicitation promises enforceable under Washington law makes its staffing and recruiting
20  environment materially different from the environment in which *High Tech*'s California
21  employers operated.  Thus, while *Ryan* may seem superficially similar to *High Tech*, it presents
22  little likelihood of "an unduly burdensome duplication of labor and expense or conflicting results
23  if the cases are conducted before different Judges."  LR 3-12(a)(2).

24  In sum, Microsoft does not believe that relating *Ryan* and *High Tech*, and reassigning *Ryan*
25  to this Court, will advance the purposes of Local Rule 3-12, i.e., to avoid inconsistency in decision
26  making and the unnecessary expenditure of judicial resources.  Despite that, Microsoft defers to
27  the Court's judgment as to whether relating the cases would lead to efficiencies.

28

DAVIS WRIGHT TREMAINE LLP

DATED: November 10, 2014          DAVIS WRIGHT TREMAINE LLP


By:   /s/ Allison A. Davis
Stephen M. Rummage (*pro hac vice* pending)
Robert J. Maguire (*pro hac vice* pending)
Candice M. Tewell (*pro hac vice* pending)
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone:   (206) 622-3150
Facsimile:    (206) 757-7700

Allison A. Davis (CA State Bar No. 139203)
Sanjay M. Nangia (CA State Bar No. 264986)
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599

*Counsel for Defendant Microsoft Corporation*

6
MICROSOFT'S RESPONSE TO MOTION FOR ADMIN. RELIEF [DKT. 1003]
Case No. 5:11-cv-02509-LHK
DWT 25314043v3 0085000-000501

# Appendix A



U.S. Department of Justice

Antitrust Division

---

*Direct Dial 202-307-1027*  450 5th Street, NW, Suite 7700
*Email jessica.butler-arkow@usdoj.gov*  Washington, DC  20530

60-511210-0056   October 29, 2014

*By email [jonathan.kanter@cwt.com; joseph.bial@cwt.com]*
Jonathan S. Kanter
Joseph J. Bial
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, D.C. 20001

Re:  Agreements among Companies Regarding Employee Recruiting:
<u>**Civil Investigative Demand No.25509**:  **Microsoft**</u>

Dear Jonathan and Joseph,

The Antitrust Division has closed its investigation of the above-referenced company relating to potential agreements among certain firms regarding employee recruiting.  The Division will destroy all remaining original documents the company submitted unless the company requests their return by November 10, 2014.  In addition, if the company produced any hard drives, the Division will forensically wipe the hard drives unless the company requests their return by November 10.  This forensic wiping process complies with the Justice Department's requirements for dealing with unencrypted confidential electronic information.  (All CD/DVDs will be physically destroyed.)  To request return of these materials, please contact me at jessica.butler-arkow@usdoj.gov.  If we do not hear from you by November 10, we will destroy the materials and forensically wipe any hard drives.

Please note that as provided under the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, and pursuant to the Federal Records Act, *see generally* 5 U.S.C. § 552, the Division may retain copies of materials provided by the company with the understanding that the protections of these Acts and related regulations will apply as appropriate.

Sincerely,
 /s/
Jessica N. Butler-Arkow

*In Re: High Tech Employee Antitrust Litigation*
U.S.D.C. Northern District of California, Case No. 11:-cv-02509-LHK

**PROOF OF SERVICE**

I, Mari Reyes, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of the County of San Francisco, California, and my business address is: DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111-6533

On November 10, 2014, I caused to be served the following document(s):

- **MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED [DKT. 1003]**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

David R. Markham
Peggy Reali
Janine Menhennet
Maggie K. Realin
THE MARKHAM LAW FIRM
750 B Street, Suite 1950
San Diego, CA  92101
Telephone:  (619) 399-3995
Facsimile:  (619) 615-2067
dmarkham@markham-law.com
preali@markham-law.com
jmenhennet @markham-law.com
mreallin@markham-law.com

Attorneys for Plaintiffs Deserae Ryan and Trent Rau

☑ (By **ELECTRONIC SERVICE VIA CM/ECF SYSTEM**) In accordance with the electronic filing procedures of this Court, service has been effected on the parties above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☐ (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

☐ (By **PERSONAL SERVICE**) I delivered such envelope by hand to the office of the addressee.

☐ (By **FACSIMILE**) I transmitted the documents by facsimile machine, pursuant to California Rules of Court, Rule 2.306. The facsimile machine I used complied with Rule 2.301 and no error was reported by the machine. The transmitting facsimile machine number is (619) 615-0700. The fax number of the party being served is listed above. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is

attached to this declaration.

☐ (By **OVERNIGHT DELIVERY**) I deposited in a box or other facility regularly maintained by the express service carrier, or delivered to a courier or driver authorized by the express service carrier to receive documents, in an envelope or package with delivery fees paid or provided for, and addressed on whom it is to be served pursuant to Code of Civil Procedure section 10 13(c).

☐ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

    Executed November 10, 2014, at San Francisco, California.

                                             Mari Reyes

DAVIS WRIGHT TREMAINE LLP