KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
GOOGLE Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**DECLARATION OF ROBERT A. VAN NEST IN SUPPORT OF SEALING PAPERS FILED IN CONNECTION WITH PLAINTIFFS' MOTION TO COMPEL** |
|---|---|

I, ROBERT A. VAN NEST, declare that:

1. I am an attorney licensed to practice law in the State of California and am a partner at Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Google Inc. in the above-captioned action. I am duly admitted to practice law before this Court. I submit this declaration pursuant to the Court's Order Re: Plaintiffs' Administrative Motion to Unseal (Dkt. 1024), in support of maintaining under seal papers filed in connection with Plaintiffs' motion to compel. I make this declaration based on my own personal knowledge and information provided to me. If called to testify as a witness, I could and would do so competently.

2. Defendants Adobe Systems, Inc., Apple Inc., Google Inc., and Intel Corporation ("Defendants") seek to maintain under seal the following papers filed in connection with Plaintiffs' motion to compel:  Plaintiffs' Notice of Motion and Motion to Compel (Dkt. 789-2) and supporting Declaration of Kelly M. Dermody (Dkt. 789-3); Defendants' Opposition to Plaintiffs' Motion to Compel (Dkt. 878-1) and supporting Declaration of Cody S. Harris (Dkt. 878-2) and Exhibit A (Dkt. 878-3); and Plaintiffs' Reply in Support of Motion to Compel (Dkt. 991-1).

3. I am informed and believe that the existence of the document that is the subject of Plaintiffs' motion to compel was made known to Plaintiffs' counsel only during the course of an ongoing mediation held under the auspices of the Hon. Layn Phillips (Ret.). In connection with that ongoing mediation, Plaintiffs' counsel, like Defendants' counsel, agreed that "no statement made during the course of a mediation. . . may be offered into evidence, disseminated, published in any way, or otherwise publicly disclosed."[1]

4. Defendants' Opposition to Plaintiffs' Motion to Compel asserted that Plaintiffs' counsel had learned of the document in question *solely* through the mediation process (Dkt. 878-1 at 1:4-5). Plaintiffs did not disagree with this proposition in their reply brief (Dkt. 991-1), and in

---

[1] This provision is enforceable in federal court under *Facebook, Inc. v. Pacific Northwest Software, Inc.*, 640 F.3d 1034, 1041 (9th Cir. 2011) (enforcing confidentiality provision in mediation agreement).

prior briefing acknowledged that "Plaintiffs *learned* of it during the course of settlement communications" (Dkt. 748 at 1:8-9, emphasis in original). Defendants therefore respectfully request that the Court continue to seal the briefing in question, at least until the Court determines whether Plaintiffs are in fact attempting to disseminate or disclose a statement made during the course of the parties' ongoing mediation. Any other course of action could or would facilitate, rather than prevent, the breach of Plaintiffs' obligation under the mediation agreement.

5. Defendants have consistently treated the information in question as highly confidential. In my experience, the ability to share information confidentially is essential to meaningful and candid settlement discussions and the resolution of litigation through mediation. Allowing Plaintiffs to publicly disclose information that they learned only through confidential mediation discussions will prejudice Defendants and will likely undermine the ongoing settlement discussions in this case.

6. Although Defendants believe that the appropriate course is to maintain the sealed status of the relevant papers in their entirety, Defendants have, pursuant to the Court's Order re Plaintiffs' Administrative Motion to Unseal (Dkt. 1024), redacted the briefs and supporting documents to remove material that if unsealed would result in the dissemination of information provided in the course of mediation discussions. The redacted versions and unredacted versions with proposed redactions highlighted have been filed herewith. The redactions are necessarily substantial in light of the repeated references in the briefs to the nature of the document in question. The substantial nature of the redactions is another reason why it makes sense for the Court to continue the status quo until it determines if Plaintiffs have breached or are attempting to breach their confidentiality obligations under a mediation agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 3, 2014, in Tyler, Texas.

By: /s/ *Robert A. Van Nest*
ROBERT A. VAN NEST

2
DECLARATION OF ROBERT A. VAN NEST IN SUPPORT OF SEALING PAPERS FILED IN
CONNECTION WITH PLAINTIFFS' MOTION TO COMPEL
Case No. 5:11-cv-2509-LHK