# REDACTED VERSION OF
# PLAINTIFFS' NOTICE OF MOTION AND
# MOTION TO COMPEL
# AND DECLARATION OF KELLY M. DERMODY

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
Lisa J. Cisneros (State Bar No. 251473)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, CA  94111
Telephone:  (415) 500-6800
Facsimile:   (415) 500-6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MASTER DOCKET NO. 11-CV-2509-LHK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL**<br><br>Date:          May 8, 2014<br>Time:         1:30 PM<br>Courtroom:  8, 4th Floor<br>Judge:        Honorable Lucy H. Koh |

**[FILED UNDER SEAL]**

1

## <u>NOTICE OF MOTION AND MOTION</u>

2

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

     **PLEASE TAKE NOTICE** that on May 8, 2014, at 1:30 pm, before the Honorable Lucy

4

H. Koh, in the above-entitled Court, Named Plaintiffs and Class Representatives Michael Devine,

5

Mark Fichtner, Siddharth Hariharan, and Daniel Stover ("Plaintiffs") will and hereby do move the

6

Court, pursuant to Rules 16(b)(4) and 26(e) of the Federal Rules of Civil Procedure to compel

7

production of:

8

     •   ███████████████████████████████

9

         ███████████████

10

     This Motion, filed pursuant to the Court's March 27, 2014 Case Management Order,

11

Dkt. 768, relies on the accompanying memorandum in support, the Declaration of Kelly M.

12

Dermody, the files and records in this matter, and the testimony of counsel at oral argument if the

13

Court orders that a hearing be scheduled.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO COMPEL
MASTER DOCKET NO. 11-CV-2509-LHK

**I.      INTRODUCTION AND BACKGROUND**

After the close of discovery and following preliminary approval of the class settlements with Defendants Intuit, Lucasfilm, and Pixar in October 2013 (Dkt. 450), Plaintiffs learned that █████████████████████████████████████████████████████████████████ As indicated by its title, this ████████ appears to provide for the ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████. While Plaintiffs have never seen the document, Plaintiffs believe █████████████████████████ ███████████████████████████████████████. Further, because it may █████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████.

Plaintiffs respectfully submit that the Court should order production of the ███████████ ████████████████. It is both discoverable and admissible under the Federal Rules.  It should be produced without delay.

**II.     ARGUMENT**

Under Federal Rule of Civil Procedure 26(b)(1), discovery is relevant and permissible if it "appears reasonably calculated to lead to the discovery of admissible evidence."  *See also* ████████ ████████████████████████████████████████████████████.  The Court has broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit."  *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).  Defendants misstate the relevant inquiry when they assert the ██—which Plaintiffs have never seen—███████████████████.  That is not the issue.  The issue is whether Plaintiffs may discovery it so they can assess its impact ████████████████████ and raise any concerns they have about ███████ with the Court.

For the reasons set forth below, Plaintiffs readily satisfy the standard for production.

**A.      ███████████ is Relevant to Showing ███████████████████████████
█████████████.**

In civil litigation, particularly complex litigation, the discoverability and admissibility of

1    ██████████████████████ are well recognized.  *See* ████████████████████

2    ███████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████

4    ███████████████████████████████████████████████████████████████████

5    ████████.  ████████████████████████████████████████████████

6    ██████████████████████████████████████████████████████████████████

7    ██████████████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████[1]

9       ██████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████

15   ██████████████████████████████████████████████████████████████████

16   █████████████████████████████████

      At trial, Plaintiffs will seek to establish the existence of a conspiracy among Defendants in
violation of the antitrust laws.  If Plaintiffs prevail, each Non-Settling Defendant will be liable for
the acts of all members of the conspiracy.  *In re TFT-LCD Flat Panel Antitrust Litig.*, Case
No. 07-1827, 2012 U.S. Dist. LEXIS 172804, *20 (N.D. Cal. Dec. 4, 2012) (citing *Beltz Travel
Serv., Inc. v. Int'l Air Transport Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980)).  ████████████

22   ████████████████████████████████████████████████████

23   ██████████████████████████████████████████████████████████████████

24   ██████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████

26   ────────────────────────

     [1] *See also* ████████████████████████████████████████████

27   ███████████████████████████████████████████████████████████████████

28   ██████████████████████████████████████████████████
                                    .'').

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ███████████████████████████████████████████

5 ███████████████████████████████████████████

6 ███████████████████████████████████████████

7 ███████████████████████████████████████████████

8 ███████████████████████████████████), attached as Ex. A to the accompanying Declaration

9 of Kelly M. Dermody In Support of Plaintiffs' Motion to Compel ("Dermody Decl").

10      Here, the risk of ████████ is clear.  The parties have exchanged their trial witness lists.

11 Defendants' current and former CEOs, and other senior executives, will be central to the trial.

12 ███████████████████████████████████████████

13 ███████████████████████████████████████████

14 ███████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ███████████████████████████████████████████

19 ███████████████████████████████.

20     **B.**     ████████ **is Discoverable Under Rules 26(a) and 16(b).**

21      Non-Settling Defendants contend that disclosure of ████████ is barred because Plaintiffs

22 have never requested it and discovery has closed.  Not so.  Rule 26(a) sets forth the mandatory

23 disclosure of ████████████████████████████████████

24 ███████████████████████████████████████████████

25 ███████████████ ██████████████████████████

26 ███████████████████████████.  Fed. R. Civ. P. 26(e).  "Rule 26(e) provides that

27 litigants have a continuing duty to supplement their disclosures under Rule 26(a)."  *Green v.*

28 *Baca*, 226 F.R.D. 624, 655 (C.D. Cal. 2005).

1

2

3

4

5  ████████████████████████████████  Under Rule 26(e), Non-Settling

6  Defendants should be required to supplement their disclosures by producing ████.

7      Even if ████ does not fall under Rule 26(a), Plaintiffs would have sought its production

8  in the course of discovery, were there a reason to have done so.  But ████ did not even exist

9  until after the close of fact discovery.  Dermody Decl., ¶ 2.  Plaintiffs know this to be true

10  because ████████████████████████████████████████████████████████

11  ████████████████████████. *Id.*

12      Rule 16(b)(4) authorizes this Court to reopen discovery based on good cause.  The "good

13  cause" requirement of Rule 16 primarily considers the diligence of the party seeking the

14  amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2]  Good

15  cause exists here.  Plaintiffs diligently and timely requested ████ once Plaintiffs learned of its

16  existence, and brought the matter promptly to the Court's attention after the Defendants refused to

17  produce it.  Dermody Decl., ¶¶ 2-4.  While Plaintiffs would be fully justified in seeking

18  depositions of key witnesses to further address this development, Plaintiffs' request is limited to

19  the production of a single document.  There would be no burden were Defendants simply to

20  produce a copy of ████ to Plaintiffs.

21      Defendants have not provided any controlling, contrary authority.  In the parties' most

22  recent Joint Case Management Statement, which first raised this dispute before the Court, Non-

23  Settling Defendants cited a series of inapposite cases.  (Dkt. 735.)  For instance, Defendants rely

24  on ████████████████████████████████████████████████████

25  ────────────────────
[2] *See also Mitchell v. City of Tukwila*, 2014 U.S. Dist. LEXIS 618, *3-5 (W.D. Wash. 2014)

26  (allowing a deposition after the close of discovery when the "[d]efendants did not learn of the
need for a perpetuation deposition until several months after the discovery deadline had passed");

27  *Zest IP Holdings v. Implant Direct MFG*, 2013 U.S. Dist. LEXIS 135163, *4-5 (S.D. Cal. Sept.
13, 2013) (permitting discovery regarding "new and recent developments that [they] could not

28  have anticipated" prior to the close of discovery).



1

2

3 .³

4

5

6

7

8

9

10 .⁴

11 .

12 Defendants also incorrectly rely on

13

14

15

16

17 Finally,

18

19

20 .

21 **III.**    **CONCLUSION**

22     For the above-stated reasons, Plaintiffs respectfully request that the Court order

23 production of .

24

25

26 ³ Plaintiffs here agree that

27 .

28 ⁴ Plaintiffs are constrained from saying anything further about settlement discussions. As Plaintiffs have explained in their Opposition to Defendants' Motion to Strike, Plaintiffs have complied fully with their confidentiality obligations. (Dkt. 748.)

1

2

Dated:  April 9, 2014                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

3

                                         By:_____/s/ Kelly M. Dermody_____
                                                     Kelly M. Dermody
4

                                         Richard M. Heimann (State Bar No. 63607)
5                                        Kelly M. Dermody (State Bar No. 171716)
                                         Brendan Glackin (State Bar No. 199643)
6                                        Dean Harvey (State Bar No. 250298)
                                         Anne B. Shaver (State Bar No. 255928)
7                                        Lisa J. Cisneros (State Bar No. 251473)
                                         275 Battery Street, 29th Floor
8                                        San Francisco, CA  94111-3339
                                         Telephone:  (415) 956.1000
9                                        Facsimile:   (415) 956.1008

10                                       Joseph R. Saveri (State Bar No. 130064)
                                         James G. Dallal (State Bar No. 277826)
11                                       JOSEPH SAVERI LAW FIRM
                                         505 Montgomery Street, Suite 625
12                                       San Francisco, CA  94111
                                         Telephone:  (415) 500-6800
13                                       Facsimile:   (415) 500-6803

14                                       *Co-Lead Class Counsel*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Brendan Glackin (State Bar No. 199643)
    Dean Harvey (State Bar No. 250298)
3   Anne B. Shaver (State Bar No. 255928)
    Lisa J. Cisneros (State Bar No. 251473)
4   LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, California  94111-3339
6   Telephone:  415.956.1000
    Facsimile:   415.956.1008
7
    Joseph R. Saveri (State Bar No. 130064)
8   James Dallal (State Bar No. 277826)
    JOSEPH SAVERI LAW FIRM, INC.
9   505 Montgomery, Suite 625
    San Francisco, CA 94111
10  Telephone: 415.500.6800
    Facsimile:   415.395.9940
11
    *Co-Lead Class Counsel*
12

13                  UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                     SAN JOSE DIVISION

16

17  IN RE: HIGH-TECH EMPLOYEE          Master Docket No. 11-CV-2509-LHK
    ANTITRUST LITIGATION
18                                     **CLASS ACTION**

19  THIS DOCUMENT RELATES TO:          **DECLARATION OF KELLY M. DERMODY**
                                       **IN SUPPORT OF PLAINTIFFS' MOTION**
20  ALL ACTIONS                        **TO COMPEL**

21

22

23

24

25

26

27

28

1    I, Kelly M. Dermody, declare:

2    1.    I am an attorney licensed to practice in the Northern District of California.  I am

3    the managing partner of the San Francisco office of Lieff Cabraser Heimann & Bernstein, LLP

4    ("LCHB"), counsel for the Class Representatives, and Co-Lead Class Counsel.  I have personal

5    knowledge of the facts set forth herein and could competently testify to them if called as a

6    witness.

7    2.    After the close of discovery and following this Court's October 30, 2013

8    preliminary approval of the class settlements with Defendants Intuit, Inc., Lucasfilm Ltd. and

9    Pixar, Plaintiffs learned of ███████████████████████████████████████████████████

10   ██████████████████████████████████████████████.

11   3.    Plaintiffs have not seen ███████.

12   4.    Upon learning of the existence of ███████, Plaintiffs promptly requested a copy of

13   ███████ and Defendants refused to provide it.  The parties conferred about the basis for their

14   positions and when the matter was not resolved, they brought it to this Court's attention in the

15   very next Joint Case Management Statement, filed on March 20, 2014.

16   5.    Had ██████████████████ and Plaintiffs learned of it prior to the close of

17   discovery, Plaintiffs would have sought its disclosure pursuant to Federal Rules of Civil

18   Procedure 26 or 34.

19   6.    Attached hereto as Exhibit A is a true and correct copy of the ████████████████

20   ████████████████████████████████████████████████.

21   I declare under penalty of perjury under the laws of the United States and the State of

22   California that the foregoing is true and correct to the best of my knowledge and that this

23   declaration was executed in San Francisco, California on April 9, 2014.

24

25    _/s/ Kelly M. Dermody_____
      Kelly M. Dermody

26

27

28

DECLARATION OF KELLY M. DERMODY
CASE NO. 11-CV-2509-LHK

# EXHIBIT A

