# REDACTED VERSION OF
# DEFENDANTS' OPPOSITION TO PLAINTIFFS'
# MOTION TO COMPEL AND
# DECLARATION OF CODY S. HARRIS

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
DANIEL PURCELL - # 191424
dpurcell@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
CODY S. HARRIS - # 255302
charris@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
GOOGLE, INC.

[Additional counsel listed under signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:  HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 5:11-cv-2509-LHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

**[FILED UNDER SEAL]**

816021

## I.     INTRODUCTION

Plaintiffs have moved to compel Defendants Adobe Systems, Inc., Apple, Inc., Google, Inc., and Intel Corporation (collectively, "Defendants") to produce ████████ ████████████ that Plaintiffs learned about solely through court-ordered, mediated settlement negotiations.  Plaintiffs concede that the document was not the subject of any discovery request, and they provide no persuasive explanation of why it is relevant to any issue in the case.  Instead, Plaintiffs offer speculation regarding ████████████████████ ████████████████, and a misinterpretation of Federal Rule of Civil Procedure 26. None of these arguments supports reopening discovery and compelling Defendants to produce a confidential settlement-related document with no bearing on any issue to be litigated at trial.  The Court should deny the motion.

## II.    ARGUMENT

### A.    Plaintiffs have failed to show good cause for the Court to reopen discovery.

#### 1.    Plaintiffs never requested ████████ and agreed that documents created post-litigation are beyond the scope of discovery.

Defendants have no obligation to produce ████████ because Plaintiffs never requested it in discovery.  Plaintiffs served Defendants with three sets of Requests for Production, containing a total of 75 separate requests.  Plaintiffs concede that none of them covers ████████.[1]  *See* Pls.' Motion to Compel ("Mot.") at 4.  Furthermore, Plaintiffs and Defendants stipulated—and agreed in open court—that Defendants were under no obligation to produce documents created after December 30, 2011.  *See* CMC Hr'g Tr. at 7:14-8:6 (April 18, 2012).[2]  Plaintiffs now assert they "would have sought its production in discovery, were there a reason to have done so," Mot. at 4,

---

[1] For this reason, Plaintiffs' citation to ████████████████████████████ ██████████████████ is inapposite.  There, ████████ was "covered by prior document requests," and also the subject of pending requests filed by newly-joined plaintiffs. ████████████████████████████████████████████████ attached as Exhibit A to the accompanying Declaration of Cody S. Harris in Support of Defs.' Opp. to Pls.' Mot. to Compel.  Furthermore, the plaintiffs in ████████████ themselves distinguished between ████████████████████████████████████████████████████ *Id.* at 3–4.

[2] "THE COURT: What is that time period?  Mr. SAVERI: For the Key D.O.J. custodians, it's – it's December 30th, 2011.  THE COURT: That's the end date?  MR. SAVERI: Yeah. . . .MR. MITTELSTAEDT: . . . And for the non-D.O.J. custodians, the end date is a year earlier.  The end of 2010.  MR. SAVERI: Yeah."

but their failure to craft a request covering such a document, and their agreement that documents post-dating the inception of litigation need not be produced, demonstrate otherwise.

**2.** ███████ **is not** ████████████████ **covered by Rule 26(a).**

Knowing that ████ has never been requested in this litigation, Plaintiffs try to shoehorn ██████ into being ███████████████████████████████████████. But Plaintiffs misleadingly quote only part of the rule. *See* Mot. at 3 (truncating Rule 26(a)). The full rule requires disclosure of ███████████████████████████████████████████████████████████████████████████████████ (emphasis added). Rule 26(a) has no bearing here for two reasons. First, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Second, even if it could be so construed, Rule 26(a) does not demand the blanket disclosure of ███████████████████████████████████████████ (emphasis added). ███████████████████████ cannot fall under Rule 26(a). The rule's plain language forecloses Plaintiffs' argument.

**B.** ███████ **is irrelevant to any issue in this case.**

Plaintiffs have identified no issue to which ████ is relevant. It has no bearing on any of the challenged conduct and was created in connection with the instant litigation, years after the challenged conduct ended. Its disclosure is unlikely to lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), which explains why Plaintiffs never requested any such documents in discovery.

Plaintiffs speculate that ████████████████████████, but offer no explanation of how this might be so. This is a joint-and-several liability case in which Plaintiffs must prove an overarching conspiracy among all seven Defendants. Plaintiffs admit that if they

2



1   prevail, "each Non-Settling Defendant will be liable for the acts of all members of the

2   conspiracy."  Mot. at 2.  There is thus no reason to suggest that ████████████████

3   ████████████████████████████████████████████████████████.

4       In ████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████████████████

7   ████████████████████████████████████████████

8   ████████████████████████████████████████

9   ████████████████████████████████████████████████

10  ████████████████████████████████████████████████

11  ██████████████████████████████████████████

12  ██████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████

15                            ."  *Id.*  Precisely so here.[3]

16       Plaintiffs cite ████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████

19  ████████████████████████████████████████

20  ████████████████████████████████████████████

21  ██████████████████████████████████████████

22  ██████████████████████████████████████████

23  ████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████████

26

27  _____

    [3] Plaintiffs' halfhearted attempt to distinguish ████████ fails.  Mot. at 5 ████████ didn't address
    Federal Rule of Evidence 408(b) because that rule has no bearing on ████ discoverability or

28  admissibility.  Plaintiffs have pointed to no case stating otherwise, and to Defendants' knowledge,
    none exists.

816021

1 | ████████████████████████████. In contrast, here, ████████████

2 | █████████████████████████████████████████████████████████

3 | ██████████████████████████████████████████████████████

4 | ██████████████████████████████████████████████████[4].

5 | For the same reasons, the Manual for Complex Litigation's discussion ████████ does not

6 | apply here. ████████████████████████████████████████████████

7 | █████████████████████████████████████████████████████████

8 | ██████████████████████████████████████████████████████

9 | ██████████████████████████████████████████████████████

10 | █████████████████████████████████████████████████████████

11 | ███████████████████.

12 | Courts typically deny discovery ████████ because they are irrelevant to any issue to be

13 | determined at trial. *See* ████████████████████████████████████████

14 | █████████████████████████████████████████████████

15 | ██████████████████████████████████████████████████████

16 | ██████████████████████████████████████████████████████

17 | ███████████████████████████████████████████████████

18 | ██████████████████████████████████████████████████████

19 | ████████████████████████████████████████████████████████

20 | ████████████████████████████████████████████████████████████

21 | ███████████████████. Plaintiffs have provided the Court no reason to reach a different result here.

22 | **C.** ████████████████████████████████████████.

23 | Plaintiffs argue that ██████████████████████████████████████

24 | ████████████████████████████████. Mot. at 5. But the cases unanimously hold that

25 | [4] Plaintiffs also rely on ████████████████████████████████████████

26 | ████████████████████████████████████████████████████████████

27 | ████████████████████████████████████████████████████

28 | [5] Although the defendants in ████████████████████████████████, the
court's reasoning logically extends to ████████ itself.



4

816021



. Apart from speculation and innuendo, Plaintiffs have made no showing that

The Department of Justice has recognized the appropriateness

. Congress has also concluded that

. And the ABA's Antitrust Section has reported that

Courts have also routinely

## III.   CONCLUSION

is a confidential, joint-defense, settlement-related document with no relevance to the issues to be tried in this case.  Courts addressing          in the antitrust context have found them to be                    not discoverable.  Plaintiffs' motion should be denied.

---

[6] The defendants in

Respectfully submitted,

Dated: April 15, 2014                    KEKER & VAN NEST LLP


                              By:   /s/ *Robert A. Van Nest*
                                    Robert A. Van Nest

                                    Daniel Purcell
                                    Eugene M. Paige
                                    Justina Sessions
                                    Cody S. Harris
                                    633 Battery Street
                                    San Francisco, CA  94111
                                    Telephone:  (415) 391-5400
                                    Facsimile:  (415) 397-7188

                                    *Attorneys for Defendant GOOGLE INC.*


Dated: April 15, 2014                    MAYER BROWN LLP



                              By:   /s/ *Lee H. Rubin*
                                    Lee H. Rubin

                                    Edward D. Johnson
                                    Donald M. Falk
                                    Two Palo Alto Square
                                    3000 El Camino Real, Suite 300
                                    Palo Alto, CA  94306-2112
                                    Telephone:  (650) 331-2057
                                    Facsimile:   (650) 331-4557

                                    *Attorneys for Defendant GOOGLE INC.*

816021

1   Dated: April 15, 2014                    O'MELVENY & MYERS LLP

2

3                                    By:   /s/ *Michael F. Tubach*
4                                          Michael F. Tubach

5                                          George Riley
                                           Christina J. Brown
6                                          Two Embarcadero Center, 28th Floor
                                           San Francisco, CA  94111
7                                          Telephone:  (415) 984-8700
                                           Facsimile:   (415) 984-8701
8
                                           *Attorneys For Defendant APPLE INC.*
9

10  Dated: April 15, 2014                   JONES DAY

11

12                                   By:   /s/ *David C. Kiernan*
                                           David C. Kiernan
13
                                           Robert A. Mittelstaedt
14                                         Lin W. Kahn
                                           555 California Street, 26th Floor
15                                         San Francisco, CA  94104
                                           Telephone:  (415) 626-3939
16                                         Facsimile:   (415) 875-5700

17                                         *Attorneys for Defendant ADOBE SYSTEMS, INC.*

18

19  Dated: April 15, 2014                   MUNGER TOLLES & OLSON LLP

20

21                                   By:   /s/ *Gregory P. Stone*
22                                         Gregory P. Stone

23                                         Bradley S. Phillips
                                           Steven M. Perry
24                                         Bethany W. Kristovich
                                           355 South Grand Avenue, 35th Floor
25                                         Los Angles, CA  90071-1560
                                           Telephone:  (213) 683-9100
26                                         Facsimile:   (213) 687-3702

27                                         *Attorneys for Defendant INTEL CORPORATION*

28

816021

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCURRENCE**

I, Robert A. Van Nest, am the ECF user whose ID and password are being used to file this DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL.  In compliance with General Order 45, X.B., I hereby attest that Lee H. Rubin, Michael F. Tubach, David C. Kiernan, and Gregory P. Stone have concurred in this filing.

8

816021

1   KEKER & VAN NEST LLP
    ROBERT A. VAN NEST - # 84065
2   rvannest@kvn.com
    DANIEL PURCELL - # 191424
3   dpurcell@kvn.com
    EUGENE M. PAIGE - # 202849
4   epaige@kvn.com
    JUSTINA SESSIONS - # 270914
5   jsessions@kvn.com
    CODY S. HARRIS - # 255302
6   charris@kvn.com
    633 Battery Street
7   San Francisco, CA 94111-1809
    Telephone:     415 391 5400
8   Facsimile:     415 397 7188

9   Attorneys for Defendant
    GOOGLE INC.

10

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14  IN RE:  HIGH-TECH EMPLOYEE         Case No. 5:11-cv-2509-LHK
    ANTITRUST LITIGATION
15                                     **DECLARATION OF CODY S. HARRIS IN
                                       SUPPORT OF DEFENDANTS'
16  THIS DOCUMENT RELATES TO:          OPPOSITION TO PLAINTIFFS' MOTION
                                       TO COMPEL**
17  ALL ACTIONS

18

19

20

21

22                          **[FILED UNDER SEAL]**

23

24

25

26

27

28

---

DECLARATION OF CODY S. HARRIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
Case No. 5:11-cv-2509-LHK

I, Cody S. Harris, declare as follows:

1.    I am an attorney licensed to practice law in the State of California and am an associate of the law firm of Keker & Van Nest LLP ("KVN"), counsel for Defendant Google, Inc., in this matter.

2.    I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

3.    Attached hereto as **Exhibit A** is a true and correct copy of the Reply Memorandum in Support of Plaintiffs' Motion to Compel filed on ████████████, in ████████████ ████████████████████████████████████████████████████

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 15, 2014, in San Francisco, California.

*/s/ Cody S. Harris*
Cody S. Harris

DECLARATION OF CODY S. HARRIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL
Case No. 5:11-cv-2509-LHK

# EXHIBIT A
# [FILED UNDER SEAL]



2











7



# EXHIBIT 1







4







