# REDACTED VERSION OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL** |

**[FILED UNDER SEAL]**

1   Defendants have no legitimate reason to continue hiding █████████
2   ███████████ from Plaintiffs and the Court.  The Court should grant Plaintiffs' Motion to
3   Compel (Dkt. 789-2).[1]

4   **I.    GOOD CAUSE EXISTS TO ORDER PRODUCTION OF** ██████████

5       The Non-Settling Defendants concede ███████████████ until after the end
6   of fact discovery—indeed after the individual settlements with Intuit, Lucasfilm, and Pixar—and
7   admit that Plaintiffs diligently alerted the Court to the issue after learning of it. Defendants
8   suggest no prejudice they would suffer by producing this single document that is readily available
9   to them, nor could they. Plaintiffs satisfy the "good cause" standard of Rule 16(b)(4).

10      Instead, Defendants assert they are "under no obligation to produce documents created
11  after December 30, 2011," citing only to the transcript of the April 18, 2012 Case Management
12  Conference. (Opp'n at 1.) They are wrong. The discussion to which they cite concerned the
13  parameters for collecting and searching Electronically Stored Information ("ESI," such as emails)
14  from certain relevant custodians, to *find* relevant documents. At no time did Plaintiffs agree that
15  Defendants could withhold a document they know to be relevant simply because the document
16  was created after December 30, 2011. To the contrary, Plaintiffs made clear that a date cutoff for
17  ESI *collection* could not be used as a means to withhold relevant evidence of which Defendants
18  are already aware. *See, e.g.*, Dec. 4, 2011 J. CMC Statement, at 4 n.2 (Dkt. 115) ("In any case,
19  Defendants should not withhold responsive documents they find based on a time period cut-off.").

20  **II.   ████████████████████████████████████████**
21

22      Defendants attempt to ████████████████ (Opp'n at 4-5). But Plaintiffs and the
23  Court cannot assess these arguments without reviewing it, as Defendants' own cases confirm.
24  (*Id.* at 5 n.6: "████████████████████████████████████
25  ████████████████████████████████████."). ████ should be produced, and

---

[1] Plaintiffs have filed this brief under seal pursuant to the Court's March 24, 2014 Order (Dkt. 768 at 2). As explained in the accompanying Administrative Motion to Unseal, Plaintiffs respectfully request that the Court revisit its Order and file all associated briefing and exhibits in the public record. This issue should not be kept from the Class and the public.

1  then Plaintiffs (and ultimately the Court) may make an informed decision as to ████████.

2  Similarly, the Court and Plaintiffs cannot evaluate the relevance or admissibility of the

3  document without seeing it.  According to Defendants, ████████████████████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  ██████████" (Opp'n at 4.)  However, this argument assumes that ████████████

7  ██████████████████.  But if Plaintiffs ████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ████████.

12 For instance, ████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████

20 ████████████████████████████████.

21 In addition, ████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████████

28

1 ▮
2 ▮.
3   Perhaps Defendants ignore the possibility of ▮
4 ▮. They may be right. ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮
12 ▮
13 ▮.[2]
14   Finally, Defendants unfairly assert that "Plaintiffs have made no showing that ▮
15 ▮" (Opp'n at 5.) But that showing could depend in part
16 on ▮, which Defendants refuse to disclose. Further, as Defendants know,
17 Plaintiffs' knowledge of ▮ derives from
18 settlement communications. Given that Defendants have put these at issue, Plaintiffs' counsel
19 requested permission to disclose proof that ▮
20 ▮. Counsel for the relevant Defendant(s) withheld that permission.

21 **III.   CONCLUSION**
22   The Court should grant Plaintiffs' Motion and order Defendants to produce ▮.

---

[2] *See generally* ▮
▮

1196711.2 — - 3 -

PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF
MOTION AND MOTION TO COMPEL
MASTER DOCKET NO. 11-CV-2509-LHK

| | | |
|---|---|---|
| 1 | Dated: September 19, 2014 | Respectfully submitted, |
| 2 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |

By: */s/ Kelly M. Dermody*
      Kelly M. Dermody

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*