# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT**</u>

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" or "Settlement") is made and entered into on  January 7, 2015, by and between:  (a) Mark Fichtner, Siddharth Hariharan, Daniel Stover, and Michael Devine (collectively, the "Named Plaintiffs") individually and the Class of individuals they represent ("Plaintiffs" or the "Class," defined below), on the one hand; and (b) Defendants Adobe Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation (collectively, the "Settling Defendants"), on the other hand.

**WHEREAS,** Mark Fichtner, Siddharth Hariharan, Daniel Stover, and Michael Devine (collectively, "Named Plaintiffs" or "Class Representatives") are Court-appointed Class Representatives for the certified Class in the action captioned *In re High-Tech Employee Antitrust Litigation*, Case No. 11-CV-02509 LHK (the "Action") pending against Adobe Systems Incorporated, Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm Ltd., and Pixar (collectively, the "Defendants") in the United States District Court for the Northern District of California (the "Court");

**WHEREAS,** on September 13, 2011, the Named Plaintiffs filed a Consolidated Amended Complaint (Dkt. 65) that alleges, among other things, that Defendants entered into agreements with each other not to recruit or cold call each other's employees in violation of federal and state antitrust and unfair competition laws;

**WHEREAS,** the Consolidated Amended Complaint further alleges, among other things, that, as a result of the agreements, Defendants undercompensated the Named Plaintiffs and the Class (collectively referred to as "Plaintiffs");

**WHEREAS,** the Consolidated Amended Complaint asserts claims under federal and state antitrust and unfair competition laws and seeks recovery of, among other things, unpaid compensation, interest, treble damages, costs and attorneys' fees;

**WHEREAS**, Intuit Inc., Lucasfilm Ltd., and Pixar previously reached settlements with Plaintiffs;

**WHEREAS**, the Settling Defendants have continued to vigorously defend the litigation;

**WHEREAS**, Plaintiffs and the Settling Defendants (collectively the "Settling Parties") have engaged in substantial arm's-length negotiations in an effort to resolve all claims that have been, or could have been, asserted in the Action, including through confidential mediation discussions with David A. Rotman of the firm of Gregorio, Haldeman & Rotman, and with Hon. Layn Phillips (Ret.) of the firm Irell & Manella, which negotiations resulted in the Settlement Agreement;

**WHEREAS**, on May 22, 2014, Class Counsel moved for preliminary approval of a proposed $324.5 million settlement with the Settling Defendants;

**WHEREAS**, Michael Devine, through his counsel, opposed the proposed $324.5 million settlement and presented his opposition to the Court through a written submission in opposition to Plaintiffs' motion for preliminary approval and orally at the preliminary approval hearing held June 19, 2014;

**WHEREAS**, the Court denied preliminary approval of the proposed $324.5 million settlement by order dated August 8, 2014;

**WHEREAS**, the Settling Defendants thereafter filed a petition for a writ of mandamus with the United States Court of Appeals for the Ninth Circuit, which subsequently ordered briefing and has set argument on the writ petition for March 2015;

**WHEREAS**, the Settling Parties, having reviewed the August 8 order and having considered the risks associated with the petition for writ of mandamus, subsequently negotiated the $415 million settlement embodied in this Settlement Agreement;

**WHEREAS**, the Settling Defendants have denied and continue to deny that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to the Plaintiffs, and they further deny that they have liability as a result of any and all allegations made in the Consolidated Amended Complaint or as part of the Action.  The Settling Defendants are entering into the Settlement Agreement to eliminate the burdens, distractions, expense, and uncertainty of further litigation; and

**WHEREAS,** based on their analysis of the merits of the claims and the benefits provided to the Class by the Settlement Agreement, including an evaluation of a number of factors including the substantial risks of continued litigation and the possibility that the litigation if not settled now might not result in any recovery whatsoever for the Class or might result in a recovery that is less favorable to the Class, Class Counsel and Devine Counsel believe that it is in the interest of all members of the Class to resolve finally and completely their claims against the Settling Defendants and that the terms of the Settlement Agreement are in the best interests of the Class and are fair, reasonable, and adequate.

**NOW, THEREFORE,** in consideration of the promises, agreements, covenants, representations, and warranties set forth herein, and other good and valuable consideration

provided for herein, the Settling Parties agree to a full, final and complete settlement of the Action on the following terms and conditions:

## I.      GENERAL TERMS OF THE SETTLEMENT AGREEMENT

### A.      Definitions

In addition to terms identified and defined elsewhere in this Settlement Agreement, and as used herein, the terms below shall have the following meanings:

1.      "Action" means the lawsuits pending in the United States District Court for the Northern District of California, that were consolidated in the matter captioned *In re High-Tech Employee Antitrust Litigation*, 11-CV-02509 LHK.

2.      "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VII.A herein.

3.      "Class" means the class certified by the Court on October 24, 2013 (Dkt. 531): "All natural persons who work in the technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following:  (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009" (collectively, the "Class Period"). Excluded from the Class are:  retail employees, corporate officers, members of the boards of directors, and senior executives of all Defendants.  The exact titles included in the Class ("Class Positions") are identified in Exhibit C to this Agreement.

4.      "Class Counsel" means the law firms of Lieff Cabraser Heimann & Bernstein, LLP, the Joseph Saveri Law Firm, Inc., Berger & Montague, P.C., and Grant & Eisenhofer, P.A.

5.      "Class Member" means any person who meets the "Class" definition above.

6.      "Co-Lead Class Counsel" means the law firms Lieff Cabraser Heimann & Bernstein, LLP and the Joseph Saveri Law Firm, Inc.

7.      "Consolidated Amended Complaint" means the Consolidated Amended Complaint filed in the Action on September 13, 2011 (Dkt. 65).

8.      "Court" means the United States District Court for the Northern District of California.

9.      "Defendants" means Adobe Systems Incorporated, Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm, Ltd., and Pixar.

10.      "Devine Counsel" means the law firm of Girard Gibbs LLP, counsel for Named Plaintiff Michael Devine.

11.      "Devine Counsel Fees" means any amount approved by the Court for payment to Devine Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VII.A herein.

12.      "Effective Date" is the effective date of the Settlement Agreement, as defined in Section II.F herein.

13.      "Escrow Agent" means Citibank, N.A., which, assuming it agrees to do so, shall enter into an Escrow Agreement to carry out the tasks more fully detailed in that agreement, including to receive, hold, invest, and disburse the Settlement Fund, subject to

the direction of the Notice Administrator.  The Settling Parties may replace Citibank, N.A. with another mutually agreeable financial institution.

14.     "Final Approval" means the order of the Court granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

15.     "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Plaintiffs' motion for judgment and final approval of the Settlement.

16.      "Named Plaintiffs" and "Class Representatives" mean Michael Devine, Mark Fichtner, Siddharth Hariharan, and Daniel Stover.

17.     "Notice" means the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, attached as Exhibit A , which is to be mailed directly to Class Members.

18.     "Notice Administrator" means the entity which has been designated to provide notice to the Class and administer the Settlement Fund pursuant to Section II.A below and by order of the Court.

19.     "Order and Final Judgment of Dismissal" means the Order which shall be submitted to the Court as described in Section II.E herein and entered by the Court as described in Section II.F herein.

20.     "Plaintiffs" means the Named Plaintiffs and the Class, collectively.

21.     "Plan of Allocation" means the formula by which the Settlement Fund will be distributed to Class Members as well as the timing and other aspects of the distribution attached as Exhibit B.

22.　　"Plan of Notice" means the plan for distributing the Notice to Class Members.

23.　　"Preliminary Approval" means the Court's Order preliminarily approving the Settlement, the Plan of Notice, the form of Notice, the Plan of Allocation, and other related matters.

24.　　"Protective Order" means the Stipulated Protective Order filed in the Action (Dkt. 95) .

25.　　"Released Claims" means those claims specified in Section V.A. *infra*.

26.　　"Released Parties" means Adobe, Apple, Google and Intel, and their officers, directors, affiliates and employees, and the related entities specified in Section V.A *infra.*

27.　　"Settlement," "Agreement," and "Settlement Agreement" each mean the instant settlement terms agreed to by the Settling Parties as reflected in this Settlement Agreement and attachments hereto, including Attachment 1 and the Plan of Allocation.

28.　　"Settling Defendants" means Adobe Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation.

29.　　"Settling Defendants' Counsel" means the law firms of Jones Day; Keker & Van Nest LLP; Mayer Brown LLP; Munger, Tolles, & Olson LLP; and O'Melveny & Myers LLP.

30.　　"Settlement Fund" means the four hundred fifteen million dollars ($415,000,000.00) subject to the operation of Section VIII.T, if applicable, that the Settling Defendants shall pay as described in Section III.A to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.

### B.      Best Efforts to Effectuate the Settlement

Named Plaintiffs and the Settling Defendants agree to cooperate and work together in order to effectuate the Settlement, including after it has received Final Approval, as set forth in Section II.E.  The Settling Defendants shall have no obligation to support any motion for Preliminary or Final Approval of the Settlement, except to confirm representations set forth in Section VIII.S, if so requested by Plaintiffs.

## II.      COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE

### A.      Retention of Notice Administrator

Plaintiffs shall retain a Notice Administrator, which shall be responsible for the notice administration process, calculation of payments to the Class based on the Plan of Allocation approved by the court, distribution to Class Members, withholding and paying applicable taxes, and other duties as provided herein.  Plaintiffs shall obtain approval by the Court of the choice of Notice Administrator.  The Notice Administrator shall sign and be bound by the Protective Order entered in the Action and be required to agree in writing in a form approved by the Settling Defendants, such approval not to be unreasonably withheld, to treat information it receives or generates as part of the notice administration process as confidential and to use such information solely for the purposes of notice administration, administering the Settlement Fund, including withholding taxes, and functions necessarily associated therewith or by this Agreement, and shall keep the information confidential, including from Class Counsel and Devine Counsel.  The fees and expenses of the Notice Administrator shall be paid exclusively out of the Settlement Fund. Prior to the Effective Date, expenses incurred by the Notice Administrator relating to this Settlement and approved by the Court shall be paid solely from the Settlement Notice Fund, as set forth in Section III.A.1, upon invoice to Co-Lead Class Counsel and Settling

Defendants' Counsel.  In no event shall the Settling Defendants be separately responsible for fees or expenses of the Notice Administrator.

### B.     Preliminary Approval and Notice of Settlement

1.      Plaintiffs, by and through Co-Lead Class Counsel shall file with the Court, promptly after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement and Exhibits to the Settlement Agreement, which will include a Proposed Preliminary Approval Order, a proposed Notice of Proposed Settlement of Class Action Lawsuits and Fairness Hearing ("Notice"), and a Plan of Allocation.  Michael Devine, through Devine Counsel, shall join in and otherwise support the motion for Preliminary Approval.  The Settling Defendants will then provide timely notice of such submission pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

2.      Co-Lead Class Counsel shall provide the Settling Defendants and Devine Counsel with the draft motion for preliminary approval, proposed order, and supporting documents at least 5 days, waivable by Settling Defendants and Devine Counsel, prior to the date such motion is filed.

3.      In the event that the Court preliminarily approves the Settlement, Co-Lead Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Notice Administrator approved by the Court to provide the Class with Notice as ordered by the Court.

4.      If the Court denies the motion for Preliminary Approval without leave to file a revised motion for Preliminary Approval, and appellate review is not sought or is denied, the case will proceed as if no settlement had been attempted, and the Settling Parties shall be returned to their respective procedural postures, i.e., *status quo* as of January 7, 2015, so that the Settling Parties may take such litigation steps that Plaintiffs or

the Settling Defendants otherwise would have been able to take absent the pendency of this

Settlement Agreement.  In the event the Settlement does not receive Preliminary Approval

and appellate review is not sought or is denied, the Settling Parties will negotiate and

submit for Court approval a modified case schedule.

     5.    No later than twenty (20) days after the date of the Preliminary Approval

Order:

     a.    Co-Lead Class Counsel shall direct Heffler Claims Group, subject

to and consistent with the extant Protective Order and all existing confidentiality and

non-disclosure agreements, to transmit to Class Counsel, the Defendants, and the Notice

Administrator the employee ID numbers and/or hashed social security numbers for all

employees to whom Heffler Claims Group sent notices in connection with the certification

of the litigation class in the Action (the "Prior Notice Recipients").  For the avoidance of

doubt, "Prior Notice Recipients" shall include any employee that a Defendant or Heffler

Claims Group has identified as a Class Member and shall not include persons who have

been determined not to be Class Members.  Specifically with respect to Google, "Prior

Notice Recipients" shall mean those current and former Google employees to whom

reminder notices were sent on or about March 13, 2014, as well as the other current and

former Google employees who were subsequently informed by Heffler Claims Group that

they were Class Members.  Heffler Claims Group shall transmit such information in a

secure manner that has received the prior approval of Co-Lead Class Counsel and the

Settling Defendants.

     b.    Heffler Claims Group shall transmit to the Notice Administrator,

subject to and consistent with the extant Protective Order and all existing confidentiality

and non-disclosure agreements the full legal name, last known physical address (including the best information concerning each address, as determined using the national change of address database, information provided by Class Members, and other sources), and the compensation data and dates of employment in job titles identified in Exhibit C for the Prior Notice Recipients.  Heffler Claims Group shall transmit such information in a secure manner that has received the prior approval of Co-Lead Class Counsel and the Settling Defendants;

          c.      Each Defendant shall, at its option, either transmit the social security numbers for the Prior Notice Recipients employed by that Defendant to the Notice Administrator or request that Heffler Claims Group do so.  In either case, the information shall be transmitted pursuant to and in a manner consistent with the extant Protective Order and all existing confidentiality and non-disclosure agreements.

        6.      The Settling Parties intend that the Notice Administrator provide actual notice to each Class Member, to the extent practicable.  Notice shall be mailed to all Class Members identified using the data provided to the Notice Administrator at approximately the same time.  The Notice Administrator shall ensure that the Notice is mailed and posted on the internet within 14 days of receipt of all Defendants' Class Member data.  Settling Defendants shall be provided with the form of notice to be distributed as well as the content of any website relating to administration of the Settlement no later than three business days before the Notice is distributed.

      **C.**      **<u>Objections</u>**

      Unless the Court provides otherwise, objections to the Settlement, if any, must be submitted in writing, and must include a detailed description of the basis of the objection.  Objections must be filed with the Court, with copies served on Co-Lead Class Counsel and

Settling Defendants' Counsel, postmarked on or before a date certain to be specified on the Notice, which will be forty-five (45) days after the Notice was initially mailed to Class Members. No one may appear at the Final Approval Hearing for the purpose of objecting to the Settlement without first having filed and served his or her objection(s) in writing postmarked on or before forty-five (45) days after the Notice was mailed to Class Members.

### D. Class Member Opt-Out

1. Any Class Member may request exclusion from the Class by "opting out." This procedure is in addition to the opt out opportunities provided to the Class in January through March 2014. Class Members who wish to opt out of the Class must complete and timely submit to the Notice Administrator a request for exclusion. To be effective, such requests for exclusion must state the Class Member's full legal name and address, and the approximate dates of his or her employment with one or more of the Defendants. All requests for exclusion must be signed and dated by the Class Member or his or her legal representative, and must be (1) mailed to the Notice Administrator via First Class United States Mail and postmarked by a date certain to be specified on the Notice, which will be 45 calendar days after the Notice Administrator makes the initial mailing of the Notice or (2) received by the Notice Administrator by that date, provided, however, that if a Class Member mails the Opt-Out Statement pursuant to option (1), it will be effective only if received by the Notice Administrator on or before 10 calendar days after the end of the Opt-Out Period. The end of the "Opt-Out Period" shall be 45 calendar days after the Notice Administrator makes the initial mailing. Within eleven calendar days after the end of the Opt-Out Period, the Notice Administrator shall provide to all counsel for the Settling Parties all opt-out statements that are timely received and shall prepare a summary of the

opt outs to be filed with the Court, which shall include the total number of Class Members who have opted out.  Individuals who opt out are not entitled to any monetary award under the Settlement.

2.     Class Counsel, Settling Defendants, Settling Defendants' Counsel and Devine Counsel shall not solicit or encourage any Class Member to opt out of the Class or object to the Settlement.

E.     **Final Approval**

1.     The Final Approval Hearing shall be noticed for no earlier than 95 days from the date of the motion for preliminary approval to allow the Settling Defendants sufficient time to complete their obligations under the Class Action Fairness Act.

2.     Prior to the Final Approval Hearing, on the date set by the Court, the Named Plaintiffs, through Co-Lead Class Counsel, shall submit a motion for final approval by the Court of the Settlement between the Settling Parties and Class Members (who are not properly excluded as provided herein) and the entry of an Order granting Final Approval of the Settlement that:

a.     finds the Settlement and its terms to be fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b.     finds that the Notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process and any applicable laws;

c.     provides for service payments from the Settlement Fund (as defined in Section VI herein) to the Named Plaintiffs in addition to whatever monies each will receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

        d.      provides for payment of Attorneys' Fees and Expenses from the Settlement Fund (as provided in Section VII.A herein);

        e.      provides for payment of Devine Counsel Fees from the Settlement Fund (as provided in Section VII.A herein);

        f.      sets forth the method for allocating the Settlement Fund (set forth in the Plan of Allocation attached as Exhibit B);

        g.      directs that the Action be dismissed with prejudice as against Adobe, Apple, Google, and Intel, without costs to the Settling Parties;

        h.      approves the release of claims specified herein as binding and effective as to all Class Members (who are not otherwise properly excluded as provided herein) permanently barring and enjoining all Class Members (who are not otherwise properly excluded as provided herein) from asserting any Released Claims (as defined in Section V.A  herein);

        i.      reserves exclusive and continuing jurisdiction over the Settlement, including the Settlement Fund (as defined in Section III.A herein) and the administration, consummation and interpretation of this Settlement Agreement; and

        j.      directs that an Order and Final Judgment of Dismissal be entered as between the Settling Parties in the Action.

        3.      Michael Devine, through Devine Counsel, shall join in and otherwise support the motion for Final Approval.

        4.      Co-Lead Class Counsel shall provide the Settling Defendants and Devine Counsel with the draft motion for final approval and supporting documents at least 5 days, waivable by Settling Defendants and Devine Counsel, prior to the date such motion is filed.

5.      If so required by the Court in connection with approval of the Settlement, the Settling Parties agree to accept non-material or procedural changes to this Settlement Agreement.  However, the Settling Parties are not obligated to accept any changes in the monetary amount of relief or any other substantive change to their respective obligations.

6.      The Notice Administrator's affidavit of compliance with Notice requirements must be filed 30 days prior to the Final Approval Hearing.

**F.      Effective Date of the Settlement**

The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

1.      The Settlement receives Final Approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

2.      As provided for in Section II.E herein, entry is made of the Order and Final Judgment of Dismissal; and

3.      Completion of any appeal(s) from the Court's Order and Final Judgment of Dismissal and/or Order Granting Final Approval of the Settlement (including any such order on remand from a decision of an appeals court), provided, however, that a modification or reversal on appeal of any amount of the fees and expenses awarded by the Court from the Settlement Fund, or the amount of any service awards to the Plaintiffs shall not by itself prevent this Settlement from becoming final and effective if all other aspects of the final judgment have been affirmed.  If no appeal is filed from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the Effective Date shall be the date on which the time for any such appeals has lapsed.

III.    **CONSIDERATION FOR SETTLEMENT**

    A.    **Monetary Settlement Fund**

    1.    Subject to the provisions hereof, and in full, complete and final settlement and release of all Released Claims against the Settling Defendants and the Released Parties in the Action, any claim for Attorneys' Fees and Expenses, Devine Counsel Fees, administrative costs, and any and all amounts to be paid to Class Members, within ten (10) days from the date of the Court's Order granting Preliminary Approval of the Settlement, the Settling Defendants shall deposit or cause to be deposited by wire transfer to the Escrow Agent approved by the court $1,000,000 (the "Settlement Notice Fund") payable in lawful money of the United States.  Within seven (7) calendar days or five (5) business days, whichever is longer, from the Effective Date, Settling Defendants shall deposit or cause to be deposited by wire transfer to the Escrow Agent the remaining $414,000,000 payable in lawful money of the United States, subject to the operation of Section VIII.T, if applicable.  Under no circumstances shall the Settling Defendants or Released Parties be required to pay more than the total of $415,000,000.  The Settlement Fund is the maximum amount that the Settling Defendants shall be required to pay for settlement of the Action. The Settlement Fund will cover compensation to the Class, additional service awards to the Named Plaintiffs, the fees and costs of the Escrow Agent and Notice Administrator, the employer's and employee's shares of payroll taxes associated with the Settlement, Attorneys' Fees and Expenses to Class Counsel, and Devine Counsel Fees.  No portion of the Settlement Fund will revert to the Settling Defendants unless the Settlement is terminated, as described in Section VIII.A, or is not finally approved or does not become effective for any reason.

2.      The Escrow Agent will place the Settlement Fund in an interest-bearing account (the "Account") created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code").  Settling Defendants shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d) (1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement.  The Notice Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(*l*)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Settling Defendants and the Notice Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

3.      The Settling Defendants, Settling Defendants' Counsel, and Released Parties shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Escrow Agent or Notice Administrator, including but not limited to,

liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

4.      The Settlement Fund shall constitute a special award to the Class and to any Class Members receiving a payment and no portion shall be considered as a payment of overtime, salary, wages, and/or compensation under the terms of any company benefits plan or for any purpose except for tax purposes to the extent contemplated by Section IV.B. Any of the Settlement Fund's taxes due as a result of income earned or payments made by the Settlement Fund will be imposed upon and paid from the Settlement Fund.  Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class, less reasonable Attorneys' Fees and Expenses approved by the Court, any Devine Counsel Fees approved by the Court, any Court-approved service award to the Named Plaintiffs, and payment of any and all administrative or other Court-approved expenses associated with the Action or Settlement.  The Settling Defendants, Settling Defendants' Counsel, and Released Parties shall have no liability, obligation or responsibility for any such taxes, Attorneys' Fees and Expenses, Devine Counsel Fees, interest, service awards or administrative or other expenses or for any reporting requirements relating thereto.

5.      The Settling Defendants' transfer of the Settlement Fund to the Escrow Agent shall constitute full and complete satisfaction of their obligations under this Section III and any and all Released Claims.  Following the Settling Defendants' transfer of the Settlement Fund, no Settling Defendant nor any Released Party shall have any liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund.  Class Members shall look solely to the Settlement

Fund for settlement and satisfaction against any Settling Defendant and any Released Party of all claims that are released herein, all Attorneys' Fees and Expenses, all Devine Counsel Fees, all service awards to Named Plaintiffs, and all administrative or other costs and expenses arising out of or related to the Action or the Settlement.  Class Members shall not under any circumstances be entitled to any further payment from any Settling Defendant or any Released Party with respect to the Released Claims, the Action or the Settlement.  In the event that the Settlement Agreement becomes final and effective, payment of the Settlement Fund will fully satisfy any and all Released Claims.  Except as provided by Order of the Court, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

6.      Notwithstanding any effort, or failure, of the Notice Administrator or the Parties to treat the Account as a QSF, any tax liability, together with any interest or penalties imposed thereon, incurred by any Settling Defendant or any Released Party resulting from income earned on the Settlement Fund or the Account or payments made from the Account (or the receipt of any payment under this paragraph) shall be reimbursed from the Account in the amount of such tax liability, interest or penalties promptly upon and in no event later than five (5) days after any Settling Defendant's or any Released Party's written request to the Notice Administrator.

## IV.    DISTRIBUTION OF SETTLEMENT FUND

### A.    Eligibility

1.      Any Class Member who does not opt out pursuant to Section II.D will be deemed eligible for a payment hereunder.

2.      Any Class Member who does not opt out pursuant to Section II.D is subject to and bound by the releases set forth in Section V.

3.      Payments to Named Plaintiffs and Class Members shall not be considered as a payment of overtime, salary, wages and/or compensation under the terms of any company benefit plan or for any purpose except for tax purposes as provided under Section IV.B.  The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under any company benefit plan.

4.      Within a reasonable time period after the Effective Date, the Notice Administrator shall render a determination as to the monetary award that should be paid to each eligible Class Member from the Settlement Fund based on the methodology set forth in the Plan of Allocation as approved by the Court.

5.      The Notice Administrator's determination as to the monetary award that should be paid to each Class Member shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court.  As will be reflected in the Final Approval Order, Class Counsel, Devine Counsel and the Released Parties shall have no responsibility, and may not be held liable, for any determination reached by the Notice Administrator.

6.      The Notice Administrator shall reserve $250,000.00 from the Settlement Fund to resolve any Class Member disputes or payment issues ("Dispute Fund") that arise within 180 days of the first date on which distribution of the Settlement Fund is made to Class Members.

7.      The total amount of all monetary awards paid to Class Members, as determined by the Notice Administrator, shall not exceed the net amount of the Settlement Fund after all costs, expenses, service awards, Attorneys' Fees and Expenses, Devine

Counsel Fees, and taxes have been paid, and the Dispute Fund has been reserved or fully utilized.

8.      In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court and payment of all costs, expenses, service awards, Attorneys' Fees and Expenses, Devine Counsel Fees, and taxes (including, for example, residue resulting from Class Members' failure to negotiate checks or the Dispute Fund not having been fully utilized) ("Residue"), the Settling Parties shall jointly move the Court for an order disposing of all such funds by *cy pres* distribution to charitable and/or non-profit organizations whose principal purpose is the education, development, or advancement of workers as approved by the Court or by further distribution to the Class.

       B.      **Settlement Fund Distribution Procedures**

              1.      **Allocation**

Without admitting liability, the Settling Parties agree that one-sixth of the payments to Class Members is allocable to wages, one-sixth of such payments is allocable to lost mobility and career opportunities, and two-thirds of such payments is allocable to statutory multiplier damages.  The Settling Parties agree that no portion of the Settlement Fund is attributable to government penalties or fines.  Class Counsel, Devine Counsel, Named Plaintiffs, and the Class represent and agree that they have not received and/or relied upon any advice and/or representations from Settling Defendants and/or Settling Defendants' Counsel as to taxes, including as to the allocation of payments for tax purposes, the necessity for withholding, and/or the taxability of the consideration paid pursuant to this Agreement, whether pursuant to federal, state or local income tax statutes or otherwise.  Co-Lead Class Counsel represents that neither Named Plaintiffs nor Class

Counsel nor Devine Counsel has provided any advice as to the taxability of payments received pursuant to this Agreement.

2.      **Payment of Federal, State and Local Taxes**

a.      Payments to eligible Named Plaintiffs and other Class Members from the Account will be subject to applicable tax withholding and reporting requirements pursuant to the allocation set out in Section IV.B.1, and shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and applicable FICA taxes.

b.      The Notice Administrator, as administrator of the QSF, and on behalf of the QSF, is expected to and shall carry out all the duties and obligations of the QSF in accordance with the Code and Treasury Regulations and all other applicable law, including in respect of all withholding and employment taxes and all information reporting requirements with respect thereto.

c.      The Notice Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payments made by the QSF allocable to wages and lost mobility and career opportunities to each eligible Class Member and to the United States Internal Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and any such other taxing authority, a "Taxing Authority," and collectively, "Taxing Authorities") on an IRS Form W-2, or any other applicable form for the reporting of amounts treated as wages for tax purposes.  Such amounts shall be subject to applicable employment taxes and withholding taxes, including without limitation FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA.

d.      The Notice Administrator shall pay from the QSF the employee's and employer's shares of all U.S. federal, state, and local employment taxes, including

without limitation the employer's share of FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, required to be paid by an employee or employer on amounts as allocable to wages and lost mobility and career opportunities (all such U.S. federal, state and local taxes, collectively the "Payroll Taxes").  Neither Named Plaintiffs, their counsel, Class Members nor the Notice Administrator shall seek payment for Payroll Taxes from the Settling Defendants or any Released Party.

        e.      The Notice Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payments made by the QSF allocable to statutory multiplier damages to each eligible  Class Member and all applicable Taxing Authorities, to the extent required by law, under the Class Member's name and U.S. federal taxpayer identification number on IRS Forms 1099, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Notice Administrator, as administrator of the QSF making such payments.

        f.      The Notice Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including without limitation FICA, FUTA, and Medicare and any state employment taxes including without limitation SUTA.  The Notice Administrator shall promptly provide to any Settling Defendant the information and documentation (including copies of applicable IRS and state forms) reasonably requested by the Settling Defendant with respect to the payment or remittance of such employment and withholding taxes.  The Notice Administrator shall satisfy all federal, state, local, and other reporting requirements

(including without limitation any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

g.      The Notice Administrator shall be responsible for procuring any required tax forms from the Class Members prior to making any such payments or distributions.

h.      For avoidance of doubt, neither the Settling Defendants nor any Released Party nor Class Counsel nor Devine Counsel shall have any liability, obligation or responsibility whatsoever for tax obligations arising from payments to any Class Member, or based on the activities and income of the QSF.  In addition, neither the Settling Defendants nor any Released Party shall have any liability, obligation or responsibility whatsoever for tax obligations arising from payments to Class Counsel or Devine Counsel. The QSF will be solely responsible for its tax obligations.  Each Class Member will be solely responsible for his/her tax obligations.  Each Class Counsel and Devine Counsel attorney or firm will be solely responsible for his/her/its tax obligations.

## V.    RELEASES

### A.    Release And Covenant Not To Sue

1.      Upon the Effective Date, each Named Plaintiff and Class Member (who is not otherwise properly excluded as provided herein) (the "Releasors") shall release, forever discharge and covenant not to sue the Settling Defendants, their past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the

foregoing) (the "Released Parties") from all claims, whether federal or state, known or

unknown, asserted or unasserted, regardless of legal theory, arising from or related to the

facts, activities or circumstances alleged in the Consolidated Amended Complaint (Dkt.

65) or any other purported restriction on competition for employment or compensation of

Named Plaintiffs or Class Members (collectively, the "Released Claims").  Released

Claims shall be released up to the Effective Date of the Settlement whether or not alleged

in the Consolidated Amended Complaint and whether or not any Class Member objects to

the Settlement.  For the avoidance of doubt, this Agreement shall not be construed to

release any local, state or federal claim arising out of allegations of any product defect,

discrimination, or personal or bodily injury, and shall not be construed to release any local,

state or federal claim arising out of allegations of unlawful overtime or violations of

ERISA or similar statutes that are unrelated to the facts, activities, or circumstances alleged

in the Consolidated Amended Complaint or to the payments or distributions made pursuant

to this Settlement.

      2.      Each Releasor expressly agrees that, upon the Effective Date, he, she, or it

waives and forever releases with respect to the Released Claims any and all provisions,

rights and benefits conferred by either (a) § 1542 of the California Civil Code, which reads:

> Section 1542.  General release; extent.  A general release
> does not extend to claims which the creditor does not know
> or suspect to exist in his or her favor at the time of executing
> the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

or (b) any law of any state or territory of the United States, or principle of common law,

which is similar, comparable or equivalent to § 1542 of the California Civil Code.

      3.      Upon the Effective Date, Class Members shall be bound by the dismissal

with prejudice of the Action and the release of the Released Claims set forth in Section V.

## VI.   PLAINTIFF SERVICE AWARDS

At the Fairness Hearing, Co-Lead Class Counsel will seek Court approval for service awards to each of the Named Plaintiffs for their participation in the Action.  Devine Counsel may file papers in support of a service award to Named Plaintiff Michael Devine.  The proposed service awards will be in addition to any monetary award to the Named Plaintiffs under the Plan of Allocation, and are subject to Court approval.  Such service awards shall be paid by the Notice Administrator solely out of the Settlement Fund upon Court approval.  Settling Defendants will take no position on the application for such service awards for requests that are $25,000.00 or less per Named Plaintiff including Devine (exclusive of previous service awards received in connection with other settlements).  The amount requested will be consistent with class action jurisprudence in this District.

These service payments shall constitute a special award to Named Plaintiffs receiving such payments and shall not be considered as a payment of overtime, salary, wages and/or compensation under the terms of any company benefit plan or for any other purpose except to the extent required for tax purposes.  The receipt of service payments shall not affect the amount of any contribution to or level of benefits under any company benefit plan.

## VII.   ATTORNEYS' FEES AND EXPENSES AND ADMINISTRATIVE EXPENSES

### A.   Attorneys' Fees and Expenses

1.   Prior to the deadline for objections to the Settlement pursuant to Section II.C, Co-Lead Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses incurred on behalf of the Plaintiffs.  All Attorneys' Fees and Expenses and any

interest due any counsel (to the extent any interest is awarded) shall be payable solely out of the Settlement Fund in such amounts as the Court orders.  No Settling Defendant nor any Released Party has any liability or responsibility for fees, costs, expenses, or interest, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

2.       Devine Counsel may apply separately to the Court for attorneys' fees and reimbursement of expenses (Devine Counsel Fees).  If awarded, all Devine Counsel Fees and any interest due thereon shall be payable solely out of the Settlement Fund separately from the Attorneys' Fees and Expenses to Class Counsel.  No Settling Defendant, no Class Counsel, nor any Released Party has any liability or responsibility for any Devine Counsel Fees or interest.

3.       Upon the Effective Date, Class Counsel, Devine Counsel and Named Plaintiffs, individually and on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against the Settling Defendants or any Released Party for Attorneys' Fees and Expenses, Devine Counsel Fees or costs associated with this Action or Class Counsel's or Devine Counsel's representation of Named Plaintiffs and/or the Class.

4.       All Attorneys' Fees and Expenses, Devine Counsel Fees, and any interest due any counsel (to the extent any interest is awarded) for the Plaintiffs shall be payable solely out of the Settlement Fund and may be deducted from the Settlement Fund prior to the distribution to Class Members, but only on or after entry of an order by the Court approving any Attorneys' Fees and Expenses or Devine Counsel Fees and only on or after the Effective Date.  The undersigned Co-Lead Class Counsel may withdraw from the

Account and allocate amongst counsel for the Plaintiffs the Attorneys' Fees and Expenses so awarded.

5.      Settling Defendants will not comment on or oppose Class Counsel's request for Attorneys' Fees so long as the request for fees is no greater than $81,125,000 (approximately 19.54%) of the $415 million Settlement Fund.

6.      Devine Counsel will request Devine Counsel Fees in an amount not to exceed $4,525,000 (approximately 1.09%) of the $415 million Settlement Fund.  Settling Defendants and Class Counsel retain the right to comment on or oppose any application for Devine Counsel Fees.

### B.      Costs of Notice and Administration

All costs of notice and administration shall be paid for solely from the Settlement Fund.  Under no circumstances shall Settling Defendants or any Released Party be otherwise obligated to pay for costs of Notice or any costs to administer the Settlement.

## VIII.   OTHER CONDITIONS

### A.      Settlement Does Not Become Effective

In the event that the Settlement Agreement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, judgment is not entered in accordance with this Agreement, or such judgment does not become final, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund, including the $1,000,000.00 Settlement Notice Fund transferred by Settling Defendants 10 days from Preliminary Approval and any and all interest earned thereon less monies expended toward settlement administration, shall be returned to the Settling Defendants within ten (10) business days from the date the Settlement Agreement becomes null and void, and (c) any release

pursuant to Section V herein shall be of no force or effect.  In such event, the case will

proceed as if no settlement has been attempted, and the Settling Parties shall be returned to

their respective procedural postures, i.e., *status quo* as of January 7, 2015, so that the

Settling Parties may take such litigation steps that Plaintiffs or the Settling Defendants

otherwise would have been able to take absent the pendency of this Settlement.  However,

any reversal, vacating, or modification on appeal of (1) any amount of the fees and

expenses awarded by the Court to Class Counsel or Devine Counsel, or (2) any

determination by the Court to award less than the amount requested in Attorneys' Fees and

Expenses, service awards to Named Plaintiffs, or Devine Counsel Fees shall not give rise

to any right of termination or otherwise serve as a basis for termination of this Settlement

Agreement.

 In the event the Settlement does not become effective, the Settling Parties will

negotiate and submit for Court approval a case schedule.

  **B.** <u>**Preservation of Rights**</u>

 The Settling Parties expressly reserve all of their rights, contentions and defenses if

this Settlement does not become final and effective in accordance with the terms of this

Settlement Agreement.  The Settling Parties further agree that this Settlement Agreement,

whether or not it shall become effective pursuant to Section II.F herein, and any and all

negotiations, documents and discussions associated with it shall be without prejudice to the

rights of any party, shall not be deemed or construed to be an admission or evidence of any

violation of any statute or law, of any liability or wrongdoing by any Settling Defendant,

any Released Party, or any other Defendant, and shall not be deemed or construed to be an

admission or evidence of the truth of any of the claims or allegations made in the Action,

whether in this case or any other action or proceeding.  The Settling Parties further

acknowledge and agree that the negotiations and discussions that led to this Settlement are fully protected from disclosure by Federal Rule of Evidence 408 and California Evidence Code Sections 1119 and 1152.

**C.     Authority to Settle**

The undersigned represent and warrant each has authority to enter into this Settlement Agreement on behalf of the party indicated below his or her name.

**D.     No Assignment**

Class Counsel and Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Class Member.

**E.     Binding Effect**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Parties.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Named Plaintiffs and Class Counsel shall be binding upon all Class Members.

**F.     Mistake**

In entering and making this Agreement, the Settling Parties assume the risk of any mistake of fact or law.  If the Settling Parties, or any of them, should later discover that any fact they relied upon in entering into this Agreement is not true, or that their understanding of the facts or law was incorrect, the Settling Parties shall not be entitled to seek rescission of this Agreement, or otherwise attack the validity of the Agreement, based on any such

mistake.  This Agreement is intended to be final and binding upon the Settling Parties regardless of any mistake of fact or law.

### G.    Advice of Counsel

Except as set forth in this Agreement, the Settling Parties represent and warrant that they have not relied upon or been induced by any representation, statement or disclosure of the other Settling Parties or their attorneys or agents, but have relied upon their own knowledge and judgment and upon the advice and representation of their own counsel in entering into this Agreement.  Each Settling Party warrants to the other Settling Parties that it has carefully read this Agreement, knows its contents, and has freely executed it.  Each Settling Party, by execution of this Agreement, represents that it has been represented by independent counsel of its choice throughout all negotiations preceding the execution of this Agreement.

### H.    Integrated Agreement

This Settlement Agreement, including exhibits, contain the entire, complete, and integrated statement of each and every term and provision of the Settlement Agreement agreed to by and among the Settling Parties.  This Settlement Agreement shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities.

### I.    Headings

The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### J.   No Drafting Presumption

All counsel to all Settling Parties hereto have materially participated in the drafting of this Settlement Agreement.  No party hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

### K.   Choice of Law

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

### L.   Consent to Jurisdiction and Choice of Exclusive Forum

Any and all disputes arising from or related to the Settlement, the Settlement Agreement, or distribution of the Settlement Fund, including Attorneys' Fees and Expenses or Devine Counsel Fees, must be brought by a Settling Defendant, a Released Party, Plaintiffs, and/or each member of the Class, exclusively in the Court.  Settling Defendants, Plaintiffs and each member of the Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, including, without limitation, any suit, action, proceeding or dispute relating to the release provisions herein, except that (a) this paragraph shall not prohibit any Released Party from asserting in the forum in which a claim is brought that the release herein is a defense, in whole or in part, to such claim, and (b) in the event that such a defense is asserted in that forum and this Court determines that

it cannot bar the claim, this paragraph shall not prohibit the determination of the merits of the defense in that forum.

### M.  Enforcement of Settlement

Nothing in this Settlement Agreement prevents Settling Defendants or any Released Party from enforcing or asserting any release herein, subject to the provisions of Section V herein.  Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted by any Named Plaintiff or Class Member (who is not otherwise properly excluded as provided herein) with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

### N.  Severability

In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Settling Defendants' Counsel, Class Counsel and Devine Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

### O.  No Admission

This Settlement shall not be deemed an admission of liability or wrongdoing on the part of any of the Settling Defendants, who have denied, and continue to deny that they engaged in any wrongdoing of any kind, or violated any law or regulation, or breached any duty owed to the Named Plaintiffs or the Class Members.  Settling Defendants further deny that they are liable to or owe any form of compensation or damages to, anyone with respect to the alleged facts or causes of action asserted in the Action.  Settling Defendants do not,

by entering into this Settlement Agreement, admit that any or all of them have caused any damage or injury to any Class member as a result of the facts alleged or asserted in the Action and do not admit that Plaintiffs' calculations or methods of calculations of alleged damages are accurate or appropriate.

### P.  **Execution in Counterparts**

This Settlement Agreement may be executed in counterparts.  Facsimile or PDF signatures shall be considered as valid signatures as of the date they bear.

### Q.  **Appeals**

The proposed order and final judgment shall provide that any Class Member that wishes to appeal the Court's Final Approval Order and Final Judgment, which appeal will delay the distribution of the Settlement Fund to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

### R.  **Calculation of Time**

To the extent that any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the conventions contained in Rule 6 of the Federal Rules of Civil Procedure.

### S.  **Representations to the Court About Settlement Negotiations**

The Settling Parties confirm, and will so represent to the Court, that these settlement negotiations were arm's-length and facilitated through the aid of the mediators described above, that there was no discussion of attorneys' fees prior to negotiating the Settlement, and that there are no commitments between the Settling Parties beyond what is in the Settlement.  Class Counsel, Devine Counsel and Settling Defendants' Counsel agree this Settlement is beneficial to the Class and will not represent otherwise to the Court.

**T.**       **Opt Out Credit**

Settling Defendants shall be entitled to a pro rata reduction in the contribution to the Settlement Fund in the event that 4% or more of Class Members properly exclude themselves from this Action pursuant to the terms approved by the Court and described in the class notice.

IN WITNESS WHEREOF, the Settling Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**ACCEPTED AND AGREED:**

Dated: January 7, 2015    On behalf of Plaintiffs Mark Fichtner, Siddharth Hariharan, and Daniel Stover and the Class

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

Kelly M. Dermody
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Dated: January 7, 2015    JOSEPH SAVERI LAW FIRM, INC.

Joseph R. Saveri
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940

*Co-Lead Plaintiffs' Class Counsel*

Dated: January 8, 2015

On behalf of Adobe Systems, Incorporated

JONES DAY

David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: _____, 2015

On behalf of Apple Inc.

O'MELVENY & MYERS LLP

Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

*Attorneys For Defendant APPLE INC.*

Dated: _____, 2015

On behalf of Google Inc.

KEKER & VAN NEST LLP

Robert A. Van Nest
633 Battery Street
San Francisco, CA 94111
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188

*Attorneys for Defendant GOOGLE INC.*

Dated: _____, 2015    On behalf of Adobe Systems, Incorporated

JONES DAY

_____

David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: _____, 2015    On behalf of Apple Inc.

O'MELVENY & MYERS LLP

_____

Michael F. Tubach
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

*Attorneys For Defendant APPLE INC.*

Dated: _____, 2015    On behalf of Google Inc.

KEKER & VAN NEST LLP

_____

Robert A. Van Nest
633 Battery Street
San Francisco, CA 94111
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

*Attorneys for Defendant GOOGLE INC.*

Dated: _____, 2015   On behalf of Adobe Systems, Incorporated

                       JONES DAY

_____

David C. Kiernan
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700

*Attorneys for Defendant ADOBE SYSTEMS, INC.*

Dated: _____, 2015   On behalf of Apple Inc.

                       O'MELVENY & MYERS LLP

_____

Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

*Attorneys For Defendant APPLE INC.*

Dated: _1/7_____, 2015   On behalf of Google Inc.

                       KEKER & VAN NEST LLP

_____

Robert A. Van Nest
633 Battery Street
San Francisco, CA  94111
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

*Attorneys for Defendant GOOGLE INC.*

Dated: January 7, 2015      On behalf of Google Inc.

MAYER BROWN LLP

_____

Lee H. Rubin
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:    (650) 331-2057
Facsimile:    (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: _____, 2015      On behalf of Intel Corporation

MUNGER TOLLES & OLSON LLP

_____

Gregory P. Stone

355 South Grand Avenue, 35th Floor
Los Angles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendant INTEL CORPORATION*

Dated: _____, 2015      On behalf of Plaintiff Michael Devine

GIRARD GIBBS LLP

_____

Daniel C. Girard
601 California Street, Suite 1400
San Francisco CA  94108
Phone (415) 981-4800
Fax (415) 981-4846

1211483.1                              38

Dated: _____, 2015     On behalf of Google Inc.

MAYER BROWN LLP


_____
Lee H. Rubin
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:     (650) 331-2057
Facsimile:      (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: January 7, 2015     On behalf of Intel Corporation

MUNGER TOLLES & OLSON LLP


_____
Gregory P. Stone

355 South Grand Avenue, 35th Floor
Los Angles, CA  90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendant INTEL CORPORATION*


Dated: _____, 2015     On behalf of Plaintiff Michael Devine

GIRARD GIBBS LLP


_____
Daniel C. Girard
601 California Street, Suite 1400
San Francisco CA  94108
Phone (415) 981-4800
Fax (415) 981-4846

Dated: _____, 2015    On behalf of Google Inc.

MAYER BROWN LLP


_____
Lee H. Rubin
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Telephone:    (650) 331-2057
Facsimile:    (650) 331-4557

*Attorneys for Defendant GOOGLE INC.*

Dated: _____, 2015    On behalf of Intel Corporation

MUNGER TOLLES & OLSON LLP


_____
Gregory P. Stone

355 South Grand Avenue, 35th Floor

Los Angles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

*Attorneys for Defendant INTEL CORPORATION*


Dated: Jan 7, 2015    On behalf of Plaintiff Michael Devine

GIRARD GIBBS LLP


_____
Daniel C. Girard
601 California Street, Suite 1400
San Francisco CA  94108
Phone (415) 981-4800
Fax (415) 981-4846

Attachment 1: Lodged Under Seal

# EXHIBIT A

# NOTICE OF PROPOSED
# SETTLEMENT OF CLASS ACTION,
# FAIRNESS HEARING, AND RIGHT TO APPEAR

## IMPORTANT *NEW* INFORMATION – READ CAREFULLY AND DO NOT DISCARD

**If you were employed in a technical, creative, or research and development ("Technical") position at Adobe Systems Incorporated, Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm, Ltd., or Pixar during the time periods set forth below, you could get money from a class action settlement.  Please read this Notice carefully.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

## Overview

**This Notice describes a settlement of a lawsuit and how you can get money from that settlement or exclude yourself from it.**

## Background

- On October 24, 2013, the Hon. Lucy H. Koh of the United States District Court for the Northern District of California entered an order certifying a class of technical, creative, and research and development ("Technical") employees in a class action lawsuit involving allegations that several high-technology companies agreed not to recruit each other's employees through "cold calling."  The class action lawsuit claims that Adobe Systems Incorporated ("Adobe"), Apple Inc. ("Apple"), Google Inc. ("Google"), Intel Corporation ("Intel"), Intuit Inc. ("Intuit"), Lucasfilm, Ltd. ("Lucasfilm"), and Pixar ("Pixar") violated federal and state antitrust laws as a result.  Defendants deny that they violated any antitrust law or engaged in any wrongdoing.

- Defendants Intuit, Lucasfilm, and Pixar previously settled the claims brought against those companies.  Only claims against remaining defendants Adobe, Apple, Google, and Intel are still in the case.

- The remaining defendants have now settled.  **The purpose of this Notice is to advise you of your rights with respect to this new Settlement.**  You should read it carefully.

- If you are a Class Member, you have a right to participate in the Settlement.

- This is not a lawsuit against you. Your participation in this lawsuit or acceptance of money from the Settlement will not affect your employment status or compensation in any way.

- Please read this Notice carefully.  **This Notice explains your legal rights and options—and the deadlines to exercise them.**  Your legal rights will be affected whether you act or don't act, and you have choices to make now.

## The Settlement with the Remaining Defendants

- A Settlement of $415,000,000 with remaining defendants Adobe, Apple, Google, and Intel has been reached in settlement of the remaining claims in the class action lawsuit.  (This is in addition to the $20,000,000 in settlements previously reached with the other defendants.)  Adobe, Apple, Google, and Intel deny that they violated any antitrust laws or engaged in any wrongdoing.  For purposes of this Notice, Adobe, Apple, Google, and Intel are referred to collectively as the "Settling Defendants."

- The Settlement with Adobe, Apple, Google, and Intel will fully resolve the pending class action lawsuit.

- You are a Class Member if you were a salaried Technical Employee (as defined below) who worked in the United States for any of the Defendants during any portion of the following time periods: (a) for Adobe from May 2005 through December 2009; (b) for Apple from March 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees, corporate officers, members of the boards of directors, and certain senior executives of all Defendants.  For a more complete list of job titles included in the Class, please go to www._____.

- **The Court in charge of this case still has to approve the Settlement.  Payment will be made if the Court approves the Settlement and orders that the Settlement Fund be distributed, and if any appeals of the Court's approval of the Settlement are resolved in favor of the Settlement.  Please be patient.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | **Receive payment from the Settlement.**  If you do nothing and are a Class Member, you will receive money from the Settlement when the funds are distributed. |
| **EXCLUDE YOURSELF FROM THE LAWSUIT AND SETTLEMENT** | **Get no payment from the Settlement.**  This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the claims in this case against any of the Settling Defendants.  As described in Question 17, below, you may exclude yourself from the lawsuit and Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** | **Following the instructions in Question 20, write to the Court about why you like or do not like the Settlement by no later than[_____], 2015.** You may also ask to speak to the Court about your written comments or objections about the fairness of the Settlement at the "Fairness Hearing" on [_____], 2015, though you do not have to do so. To comment on or object to the Settlement and request to speak at the "Fairness Hearing," you must act before **[_____], 2015**. |
| **GO TO THE COURT'S FAIRNESS HEARING ABOUT THE SETTLEMENT** | If you would like, you may ask to speak in Court about the fairness of the Settlement if you follow the instructions in Question 20 of this Notice.  You do not need to speak to the Court to receive benefits under the Settlement. |

1209312.2

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ....................................................................................................... **5**
    1.    Why did I get this Notice? ....................................................................... 5
    2.    What is this lawsuit about? ...................................................................... 5
    3.    Why is this a class action, and who is involved? .................................... 5
    4.    Why is there a Settlement? ...................................................................... 5

**WHO IS IN THE SETTLEMENT AND THE CLASS ACTION LAWSUIT?** ......................... **6**
    5.    Am I a Class Member who is part of the Settlement? ............................. 6
    6.    I'm still not sure if I am included. ......................................................... 6
    7.    Does it make a difference whether I work or worked for Adobe,
             Apple, Google, or Intel, on the one hand, or Intuit, Lucasfilm, or
             Pixar, on the other hand? ........................................................................ 6
    8.    What are my rights as a Class Member? .................................................. 7

**THE SETTLEMENT BENEFITS** ......................................................................................... **7**
    9.    What does the Settlement provide? .......................................................... 7
    10.   How much money can I get from the Settlement? ................................... 7

**RECEIVING MONEY FROM THE SETTLEMENT** ................................................................ **8**
    11.   How can I get money from the Settlement? ............................................ 8
    12.   When will I get my payments? ................................................................ 8
    13.   What am I giving up to get payments under the Settlement? .................. 8

**THE LAWYERS REPRESENTING YOU** ............................................................................. **9**
    14.   Who represents me in this case? .............................................................. 9
    15.   Should I get my own lawyer? .................................................................. 9
    16.   How will the lawyers be paid? ................................................................ 9

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...................................................... **10**
    17.   How do I get out of the Settlement? ..................................................... 10
    18.   If I don't exclude myself, can I sue the Settling Defendants for the
             same thing later? ................................................................................... 10
    19.   If I exclude myself, can I get money from this case? ........................... 10

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** .......................................... **11**
    20.   How do I tell the Court that I like or don't like the proposed
             Settlement, and may I speak at the hearing? ....................................... 11

**THE COURT'S FAIRNESS HEARING** ............................................................................ **11**
    21.   When and where will the Court decide whether to approve the
             Settlement? ............................................................................................ 11
    22.   Do I have to come to the Fairness Hearing? ........................................ 12

**IF YOU DO NOTHING** ................................................................................................. **12**
    23.   What happens if I do nothing at all? ..................................................... 12

**QUESTIONS?  CALL 1-800-000-0000 OR VISIT WWW. _____**

**YOUR PRIVACY** ......................................................................................................................**12**

    24.    Will my manager know whether or how I responded to this Notice? ................................ 12

**GETTING MORE INFORMATION** ..............................................................................................**12**

    25.    Are more details about the Settlement and the lawsuit available? ..................................... 12

    26.    How do I get more information? ....................................................................................... 13

BASIC INFORMATION

| 1. | Why did I get this Notice? |

You have received this Notice because Defendants' records show you may have worked as a salaried Technical Employee in one of the job positions described in Question 5 below during some or all of the following time periods: (a) for Adobe from May 2005 through December 2009; (b) for Apple from March 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.

**The Court sent you this Notice because you have the right to know about the proposed Settlement of this class action lawsuit, and about your legal rights and options, before the Court holds a "Fairness Hearing" to decide whether to grant final approval of the Settlement.**

This Notice explains the lawsuit, the Settlement, and your legal rights. It also explains what benefits from the Settlement will be available, when they will be available, who is eligible for them, and how to obtain them. If the Court approves the Settlement and orders that the Settlement Fund be distributed and if any appeals of the Court's approval of the Settlement are resolved in favor of the Settlement, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court has preliminarily approved the Settlement. If you are a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval of the proposed Settlement at the "Fairness Hearing." The Court will hold the Fairness Hearing on [    ], 2015 to decide whether the proposed Settlement is fair, reasonable, and provides adequate compensation and benefits to the members of the Class.

If you wish to comment on or object to the Settlement, or to exclude yourself from the lawsuit and Settlement, you must do so following the procedures described below. If you do nothing, you will receive money from the Settlement and you will be bound by any final judgment.

| 2. | What is this lawsuit about? |

The lawsuit claims that Defendants entered into a series of agreements with each other not to recruit each other's employees in violation of federal and state antitrust laws. Each of the Defendants denies that it violated any laws or engaged in any wrongdoing.

Adobe, Apple, Google and Intel have entered into a Settlement Agreement with Plaintiffs. (The other Defendants -- Intuit, Lucasfilm, and Pixar -- entered into separate, earlier settlement agreements.)

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at www._____

| 3. | Why is this a class action, and who is involved? |

In a class action lawsuit, one or more persons called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims. The people with similar claims together are a "Class" and are called "Class Members." A class action resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Court appointed Named Plaintiffs Siddharth Hariharan, Mark Fichtner, Daniel Stover, and Michael Devine as Class Representatives in this case.

| 4. | Why is there a Settlement? |

The Court has not found in favor of Plaintiffs or Settling Defendants. Plaintiffs and Settling Defendants have agreed to a Settlement which, if it is approved, will bring the claims against Settling Defendants to an end. That way, the Plaintiffs and Settling Defendants avoid the uncertainty of continuing the case between them and

the cost of further litigation, and Class Members will get the benefits of the Settlement. The Class Representatives support the Settlement.

### WHO IS IN THE SETTLEMENT AND THE CLASS ACTION LAWSUIT?

| **5.     Am I a Class Member who is part of the Settlement?** |
| --- |

In general, individuals who were salaried technical, creative, and research and development employees at any one of the Defendant companies may be Class Members who are eligible for a payment from the Settlement when the funds are distributed, if they meet the following definition:

> All natural persons who work in the technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following: (a) Adobe from May 2005 through December 2009; (b) Apple from March 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees during the Class period; corporate officers, members of the boards of directors, and senior executives of all Defendants.

By way of example, the below technical, creative and/or research and development job titles are included in the Class.  This is not a complete list of job titles.  To see a more complete list of job titles, please go to www. _____:

| | |
| --- | --- |
| ● Software Engineers | ● Research and Development |
| ● Hardware Engineers and Component Designers | ● Animators, Digital Artists, Creative Directors and Technical Editors |
| ● Application Developers | ● Graphic Designers and Graphic Artists |
| ● Programmers | ● Web Developers |
| ● Product Developers | ● IT Professionals |
| ● User Interface or User Experience Designers | ● Systems Engineers and Administrators |
| ● Quality Analysts | ● Employees classified as technical professionals by their employers |

| **6.     I'm still not sure if I am included.** |
| --- |

If you received this Notice mailed to you, it is because you were listed as a potential Class Member.  If you are still not sure whether you are included, you can get help at www._____ or by calling 1-800-000-0000.

| **7.     Does it make a difference whether I work or worked for Adobe, Apple, Google, or Intel, on the one hand, or Intuit, Lucasfilm, or Pixar, on the other hand?** |
| --- |

As long as you fall within the definition of the Class in Question 5 above, you can participate in the Settlement, regardless of which Defendant you work or worked for.  Current and former employees of Settling Defendants (Adobe, Apple, Google, and Intel) and the other Defendants (Intuit, Lucasfilm, and Pixar) who fall within the definition of the Class in Question 5 are all Class Members and are all entitled to receive a payment under the Settlement.

| 8. | What are my rights as a Class Member? |
|---|---|

You have the right to (1) do nothing, in which case you will receive a payment and will waive any rights to pursue a later lawsuit of your own against the Settling Defendants, (2) exclude yourself from the lawsuit and Settlement (*see* Question 17), (3) comment on or object to the Settlement (*see* Question 20), or (4) attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of the Settlement (*see* Question 21).

### THE SETTLEMENT BENEFITS

| 9. | What does the Settlement provide? |
|---|---|

Defendants Adobe, Apple, Google, and Intel will pay $415,000,000 into a Settlement Fund.  After deducting attorneys' fees, costs, applicable taxes, and other fees and expenses (*see* Question 16), the Settlement Fund will be distributed to Class Members.  The Settlement Administrator will reserve $250,000 to resolve any Class Member disputes or payment issues that arise within 180 days of the first date distribution is made to Class Members ("Dispute Fund").  If any money remains in the Dispute Fund once all disputes are resolved, or if any Class Members fail to cash their Settlement checks, and the total amount of residual money is greater than the administrative costs of redistribution, then the residual funds will be redistributed to the Class on a pro rata basis.  If the total amount of residual funds is less than the administrative costs of redistribution, the money will be donated to a charitable and/or non-profit organization whose principal purpose is the education, development, and advancement of workers, as approved by the Court.

As a Class Member, you will give up, or "release," your claims against Adobe, Apple, Google, and Intel in exchange for the right to receive your share of the Settlement Fund.  Those releases include any claims made or that could have been made arising from the facts alleged in this lawsuit.  The releases are described in more detail in the Settlement Agreement and in Question 13 below.  You can view or download a copy of the Settlement Agreement at www._____.

| 10. | How much money can I get from the Settlement? |
|---|---|

Class Members who do not opt out will be eligible to receive a share of the Settlement Fund net of all applicable reductions based on a formula using a Class Member's base salary paid on the basis of employment in a "Class Position" within the "Class Period" as set forth in the Class definition. In other words, each Class Member's share of the Settlement Fund is a fraction, with the Class Member's total base salary paid on the basis of employment in a Class Position during the Class Period as the numerator and the total base salary paid to all Class Members on the basis of employment in a Class Position during the Class Period as the denominator:

(Class Member's individual total base salary paid on the basis of employment in Class Positions during the Class Period)

÷

(Total of base salaries of all Class Members paid on the basis of employment in Class Positions during the Class Period)

Each Class Member's fractional amount shall be multiplied against the Settlement Fund net of court-approved costs, service awards, and attorneys' fees and expenses, and the Dispute Fund.

The base salary, dates of employment, and whether a potential Class Member held a Class Position will be conclusively derived from Defendants' data maintained by their respective human resources departments

and will not be subject to challenge by Class Members. Payments to Class Members shall not be made until the Effective Date has passed and all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved.

The proposed Plan of Allocation is available for review at www._____, and will be presented for approval by the Court at the Fairness Hearing (*see* Question 21).

RECEIVING MONEY FROM THE SETTLEMENT

**11.  How can I get money from the Settlement?**

You do not need to do anything to receive money from the Settlement.  If you fall within the Class definition and do not opt-out of the Settlement, you will receive money from the Settlement.  If you exclude yourself from the lawsuit and Settlement, you will not receive money from the Settlement.

**12.  When will I get my payments?**

The Court will hold a Fairness Hearing on [____], **2015**, to decide whether to approve the Settlement. If the Court approves the Settlement, there still may be appeals of that decision.  If an appeal is filed, it is hard to estimate how long it might take for it to be resolved, but it can take a lot of time, perhaps more than a year. Settlement payments to Class Members will be distributed if the Settlement is approved, and after appeals, if any, are resolved.

Updates regarding the Settlement and when payments may be made will be posted on the settlement website, www._____.

**13.  What am I giving up to get payments under the Settlement?**

If you are a Class Member, unless you exclude yourself from the lawsuit and Settlement, you will remain within the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Adobe, Apple, Google, or Intel about the claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you, and that you agree to the following "Release of Claims," which describes exactly the legal claims that you give up if you participate in the Settlement:

Upon the Settlement Agreement becoming effective, the Named Plaintiffs and Class Members (who do not otherwise properly exclude themselves) shall all release, forever discharge and covenant not to sue Adobe, Apple, Google, and Intel, their past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) (the "Released Parties") from all claims, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from or related to the facts, activities or circumstances alleged in the Consolidated Amended Complaint or any other purported restriction on competition for employment or compensation of Named Plaintiffs or Class Members (collectively, the "Released Claims").  Released Claims shall be released up to the Effective Date of the Settlement whether or not alleged in the Consolidated Amended Complaint  and whether or not any Class Member objects to the Settlement.  For the avoidance of doubt, this Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of unlawful overtime or violations of ERISA or similar statutes that are unrelated to the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or to the payments or distributions made pursuant to this Settlement.

THE LAWYERS REPRESENTING YOU

**14. Who represents me in this case?**

The Court appointed the following law firms as Co-Lead Class Counsel to represent the Class:

| | |
|---|---|
| Kelly M. Dermody<br>LIEFF CABRASER HEIMANN<br> & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>(415) 956-1000<br>kdermody@lchb.com | Joseph R. Saveri<br>JOSEPH SAVERI LAW FIRM, INC.<br>505 Montgomery Street, Suite 625<br>San Francisco, CA 94111<br>(415) 500-6800<br>jsaveri@saverilawfirm.com |

These lawyers and law firms are called "Plaintiffs' Counsel."

**15. Should I get my own lawyer?**

You do not need to hire your own lawyer because Plaintiffs' Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Plaintiffs' Counsel to speak for you. You may also appear for yourself without a lawyer.

**16. How will the lawyers be paid?**

Plaintiffs' Counsel will ask the Court to approve at the Fairness Hearing payment from the Settlement Fund of out-of-pocket costs not to exceed $1,200,000, which includes incurred and unreimbursed expert and vendor costs Plaintiffs' Counsel have incurred prosecuting this case to date. Plaintiffs' Counsel will also ask the Court to approve payment of attorneys' fees of up to approximately 19.54% percent (or $81,125,000) of the Settlement Fund. The fees would compensate Plaintiffs' Counsel for investigating the facts, litigating the case (including through appeals), and negotiating and administering the $415 million Settlement.

In addition, the law firm of Girard Gibbs LLP, counsel for Class Representative Michael Devine, will seek a fee of up to approximately 1.09% of the Settlement Fund (or $4,523,500) for its participation in the settlement approval process and the negotiation of the $415 million settlement. The fee sought by Girard Gibbs is independent of any compensation sought by Plaintiffs' Counsel and would compensate Girard Gibbs LLP for its services and pay its out-of-pocket litigation expenses..

Plaintiffs' Counsel will also ask the Court to approve at the Fairness Hearing payments of $80,000 to each of the individual Class Representatives, as well as to $80,000 to the estate of former Class Representative Brandon Marshall (who, before his death in December 2013, provided all of the same services to the Class as the other Class Representatives), as Service Awards for their service to the Class. The Service Awards shall be paid when the Settlement Fund is distributed to Class Members. The costs of providing this Notice and administering the Settlement are being paid from the Settlement Fund and are estimated to total approximately $160,000.

You do not have to pay any of Class Counsel or Devine Counsel's fees, costs, or expenses. If the Court grants Counsel's requests, all fees, costs, and expenses would be deducted from the Settlement Fund.

EXCLUDING YOURSELF FROM THE SETTLEMENT

| 17.  How do I get out of the Settlement? |
|---|

If you fall within the Class definition but don't want a payment from the Settlement, or if you want to keep the right to sue or continue to sue Adobe, Apple, Google, or Intel (at your own expense) about the issues in this case, then you must "opt out" of the Settlement. This is called excluding yourself from, or opting out of, the Settlement.

To exclude yourself from (opt out of) the lawsuit and Settlement, you must send a letter or written request to the Notice Administrator at the address below saying that you want to be excluded from the Settlement in *In re: High-Tech Employee Antitrust Litigation,* with your full legal name and the name(s) of the Defendant company or companies (i.e., Adobe, Apple, Google, Intel, Intuit, Lucasfilm, or Pixar) for which you worked between 2005 and 2009.  You must sign your request.

To exclude yourself from the lawsuit and Settlement, you must submit your opt-out request letter postmarked no later than **[_____], 2015** (or received by the Notice Administrator by that date if sent by fax or e-mail) to the following address:

Notice Administrator

In re High Tech Employee Settlement

P.O. Box 0000

City, ST 00000

Fax #

Email Address

You cannot exclude yourself (opt out) by telephone.

If you request to be excluded from the Settlement with Adobe, Apple, Google, and Intel, you will not be legally bound by the Settlement.  You will be able to sue (or continue to sue) Adobe, Apple, Google, and Intel in the future about the claims in this case.

If you ask to be excluded from the Settlement, you will not receive payment from it, and you will not be able to object to it.

| 18.  If I don't exclude myself, can I sue the Settling Defendants for the same thing later? |
|---|

No.

If you are a Class Member, unless you exclude yourself from the lawsuit and Settlement, you give up the right to sue Adobe, Apple, Google, and Intel for the claims that the Settlement resolves as more fully described in Question 13 above.

If you have a pending lawsuit against any of the Settling Defendants, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself to continue your own lawsuit.  The process for excluding yourself from the Settlement is described in the preceding sections.

| 19.  If I exclude myself, can I get money from this case? |
|---|

If you exclude yourself, you will **not** receive money from the Settlement.  But, by excluding yourself, you keep any rights to sue on your own about the same claims in the lawsuit should you want to do so.

1209312.2

COMMENTING ON OR OBJECTING TO THE SETTLEMENT

**20. How do I tell the Court that I like or don't like the proposed Settlement, and may I speak at the hearing?**

If you're a Class Member, you can comment on or object to the Settlement if you like or don't like any part of it. You can give reasons why you think the Court should or should not approve it.  The Court will consider your views.

To comment or to object, you must send a letter to the Notice Administrator with your comments or objections to the proposed Settlement in *In re: High-Tech Employee Antitrust Litigation*.  Be sure to include:

- Your name, address, telephone number, email address and signature;
- If you object to the Settlement, a detailed list of any other objections that you or your lawyer have made to any class action settlements submitted to any court in the United States in the previous five (5) years; and
- A detailed statement of your comments or objections, including the grounds for your objections, if any, together with any supporting documents.
- You do not need to attend or speak at the Fairness Hearing (described in Question 21 below) for your comments or objections to be considered.  If you would like to speak at the Fairness Hearing about your comments or objections to the Settlement, you must add to your letter a statement that you intend to appear and speak at the hearing, for example, by stating "This is my Notice of Intention to Appear in *In re: High-Tech Employee Antitrust Litigation.*"

If you wish for the Court to consider your comments or objections, you must submit the comments or objections, along with a request to speak at the Fairness Hearing (if any), postmarked no later than [____], 2015 (or received by the Notice Administrator by that date if sent by fax or e-mail) to the following address:

Notice Administrator

In re High Tech Employee Antitrust Lawsuit

P.O. Box 0000

City, ST 00000

Fax #

Email Address

If you choose to exclude yourself from the lawsuit and Settlement, you will have no right to speak at the hearing about the Settlement or object to it, because the Settlement will no longer affect your rights.

THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at [_____] in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, 280 S. First Street, San Jose, California 95113.

At this hearing, the Court will consider the Settlement and determine whether it is fair, reasonable, and adequate.  If there are written comments or objections, the Court will consider them.  The Court will decide whether to allow people who have raised objections or comments to speak at the hearing.  The Court may also decide how much to award to Plaintiffs' Counsel in attorneys' fees and expenses and whether to approve the payment of Service Awards to the Class Representatives, to be paid when the Settlement Fund is distributed to Class Members.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long this decision will take.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this Notice. Be sure to check the website, www._____, for news of any such changes.

| **22.   Do I have to come to the Fairness Hearing?** |
| --- |

No.  Plaintiffs' Counsel will be present at the Fairness Hearing to answer any questions the Court may have.  You are welcome to come at your own expense.  If you send comments or objections to the Settlement, you don't have to come to Court to talk about it.  As long as you mailed, faxed, or emailed your written comments or objections on time, the Court will consider them.  You may also pay your own lawyer to attend, but it is not required.

### IF YOU DO NOTHING

| **23.   What happens if I do nothing at all?** |
| --- |

If you are a Class Member and you do nothing, you will get money from the Settlement and any claims you might have against Adobe, Apple, Google, and Intel for the allegations in this case will be released unless you separately write to exclude yourself (following the instructions in Question 17). In exchange for receiving money from the Settlement, you will give up or "release" your claims in this lawsuit.  You will not be able to participate in, or collect money damages from any other lawsuit against Settling Defendants related to their alleged unlawful agreements not to "cold call" each other's employees.  (*See* Question 13 for the exact definition of the claims you are giving up.)

### YOUR PRIVACY

| **24.   Will my manager know whether or how I responded to this Notice?** |
| --- |

The Court has appointed an independent, experienced professional Notice Administrator, _____.  The Notice Administrator will establish and follow procedures to protect the confidentiality of the identity of persons receiving payments or opting out.  The Notice Administrator will issue settlement checks.  The list of those Class Members receiving checks will not be shared with Defendants, the Court, or Plaintiffs' counsel.

The Notice Administrator will also receive requests to be excluded from the Settlement, as well as comments (including objections) to the Settlement.  The Notice Administrator will be required to share requests to be excluded from the Settlement as well as comments or objections to the Settlement with Class Counsel and counsel for the Defendants, as well as with the Court.  Objections to the Settlement, as well as the names of those who opt out of the lawsuit and Settlement, will become part of the public record in the court file.

### GETTING MORE INFORMATION

| **25.   Are more details about the Settlement and the lawsuit available?** |
| --- |

Yes.  This Notice summarizes the Settlement.  More details about the Settlement are in the proposed Settlement Agreement itself.  You can see or print copies of the Settlement Agreement at **Error! Hyperlink reference not valid.**.  More information about the class action lawsuit, including copies of the Order Granting Plaintiffs' Supplemental Motion for Class Certification, the Plaintiffs' class action complaint, the Defendants' answers to the complaint, and other case documents, can also be viewed or printed at**Error! Hyperlink reference not valid.** www._____.

QUESTIONS?  CALL 1-800-000-0000 OR VISIT www._____

**26.  How do I get more information?**

The website www._____ provides more information and answers to common questions about the lawsuit and the Settlement.  You may also call, write, fax, or email the Notice Administrator with your questions at:

Notice Administrator

In re High Tech Employee Antitrust Lawsuit

P.O. Box 0000

City, ST 00000

Telephone:  XXX-XXX-XXXX

Fax #

Email Address

**PLEASE DO NOT CONTACT THE COURT.  YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE TO THE NOTICE ADMINISTRATOR AND/OR TO PLAINTIFFS' COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

# EXHIBIT B

**Plan of Allocation**

Class Members who do not opt out will be eligible to receive a share of the Settlement Fund net of all applicable reductions based on a formula using a Class Member's base salary paid on the basis of employment in a "Class Position" within the "Class Period" as set forth in the Class definition.  In other words, each Class Member's share of the Settlement Fund is a fraction, with the Class Member's total base salary paid on the basis of employment in a Class Position during the Class Period as the numerator and the total base salary paid to all Class Members on the basis of employment in a Class Position during the Class Period as the denominator:

> (Class Member's individual total base salary paid on the basis of employment in Class Positions during the Class Period) ÷ (Total of base salaries of all Class Members paid on the basis of employment in Class Positions during the Class Period).

Each Class Member's fractional amount shall be multiplied against the Settlement Fund net of court-approved costs, service awards, and attorneys' fees and expenses, and the Dispute Fund.

The base salary, dates of employment, and whether a potential Class Member held a Class Position will be conclusively derived from Defendants' data maintained by their respective human resources departments  and will not be subject to challenge by Class Members.

Payments to Class Members shall not be made until the Effective Date has passed and all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved.

# EXHIBIT C – REDACTED

Apple

Apple

Apple

Google



Econ One
9/19/2013

Google

Google

Intel



Intel

Intel

Intel

Intel

Intuit



Econ One
9/19/2013

## Lucasfilm

1. ANIMATION_SUPERVISOR
2. ANIMATOR_I
3. ANIMATOR_II
4. ARCHITECT
5. ARTIST
6. ARTIST_I
7. ARTIST_II
8. ARTIST_III
9. ART_DIRECTOR
10. ASSISTANT_EPISODIC_DIRECTOR
11. ASSISTANT_GRAPHIC_ARTIST
12. ASSOCIATE_ARTIST
13. ASSOCIATE_PRODUCER
14. ASSOCIATE_PRODUCER_ANIMATION
15. ASSOCIATE_PRODUCTION_MANAGER
16. ASSOCIATE_TECHNICAL_ARTIST
17. AUDIO_LEAD
18. BUILD_ENGINEER_SOFTWARE_ENGIN
19. BUSINESS_INTEGRATION_MANAGER
20. BUSINESS_SYSTEMS_ANALYST_I
21. BUSINESS_SYSTEMS_PROGRAMMER
22. BUSINESS_SYSTEM_ANALYST_II
23. CG_DEPARTMENT_SUPERVISOR
24. CG_SUPERVISOR
25. CHARACTER_TECHNICAL_DIRECTOR_I
26. CHARACTER_TECH_DIRECTOR_II
27. CONCEPT_ARTIST
28. CONCEPT_DESIGNER_II
29. CREATIVE_DIRECTOR_II
30. DATABASE_ADMINISTRATOR_I
31. DATABASE_ADMINISTRATOR_II
32. DATABASE_ADMINISTRATOR_III
33. DATABASE_SYSTEMS_DEVELOPER_I
34. DATABASE_SYSTEMS_DEVELOPER_II
35. DATABASE_SYS_DEVEL__FILEMAKER
36. DEPARTMENT_COORDINATOR
37. DESIGNER_I
38. DESIGNER_II
39. DESKTOP_SUPERVISOR
40. DESKTOP_SYSTEMS_LEAD
41. DESKTOP_SYSTEMS_SPECIALIST_I
42. DIGITAL_ARTIST_III
43. DIGITAL_ARTIST_PRODCTN_MANAGER
44. DIGITAL_ARTIST_SUPERVISOR
45. DIGITAL_ASSET_SUPERVISOR
46. DIGITAL_CHARACTER_SUPERVISOR
47. DIGITAL_IMAGE_ARCHIVES_MANAGER
48. DIGITAL_PRODUCTION_SUPERVISOR
49. DIGITAL_RESOURCE_MANAGER
50. DIGITAL_SUPERVISOR

51. DIRECTOR_ANIMATION_DEVELOPMENT
52. DIRECTOR_ENGINEERING
53. DIRECTOR_INFORMATION_SERVICES
54. DIRECTOR_INFORMATION_TECHNOLOGY
55. DIRECTOR_OF_BUSINESS_SYSTEMS
56. DIRECTOR_PRODUCTION_TECHNOLOGY
57. DIRECTOR_RESEARCH_&_DEVELOPMNT
58. ENGINEERING_MANAGER
59. ENGINEERING_SUPERVISOR
60. EPISODIC_DIRECTOR
61. EXTERNAL_ART_DIRECTOR
62. EXTERNAL_CREATIVE
63. EXTERNAL_TECHNICAL_DIRECTOR
64. FILEMAKER_DEVELOPER
65. HEAD_OF_ANIMATION_TECHNOLOGY
66. HRIS_BUSINESS_SYSTEMS_ANALYST
67. HUMAN_RESOURCES_MANAGER
68. INTERNET_PROD_&_DESIGN_MANAGER
69. INTERNET_PROD_GRAPHIC_ARTIST
70. IS_PROJECT_MANAGER
71. IS_SOFTWARE_DEVELOPER_II
72. IS_SOFTWARE_DEVELOPER_III
73. IS_SUPERVISOR
74. IT_MANAGER
75. IT_PROJECT_MANAGER
76. IT_SUPERVISOR
77. LAYOUT_ARTIST
78. LEAD_ANIMATOR
79. LEAD_CONCEPT_DESIGNER
80. LEAD_DESIGNER
81. LEAD_DIGITAL_ARTIST_I
82. LEAD_IS_SOFTWARE_DEVELOPER
83. LEAD_MODELER
84. LEAD_ORACLE_DATABASE_ADMIN
85. LEAD_SOFTWARE_ENGINEER
86. LEAD_TECHNICAL_DIRECTOR
87. LEAD_UNIX_SYSTEMS_ADMIN
88. MANAGER_BUS_SYSTEMS_PROGRAMMING
89. MANAGER_DESKTOP_SYSTEMS
90. MANAGER_DIG_ARTIST_DEV_SINGAPORE
91. MANAGER_IS_SW_DEVELOPMENT
92. MANAGER_LOGISTICS_&_CUST_SERVICE
93. MANAGER_QA
94. MANAGER_SOFTWARE_DEVELOPMENT
95. MANAGER_SYSTEMS_OPERATIONS
96. MEDIA_SYSTEMS_ENGINEER_I
97. MEDIA_SYSTEMS_ENGINEER_II
98. MEDIA_SYSTEMS_SOFTWARE_ENGINEER
99. MID_LEVEL_ANIMATOR
100. NETWORK_ENGINEER

101. NETWORK_SYSTEMS_ADMINISTR_III
102. ORACLE_DATABASE_ADMIN_II
103. PRE_VIZ_LEAD_ARTIST
104. PRINCIPAL_ENGINEER
105. PRINCIPAL_R&D_ENGINEER
106. PRODUCER
107. PRODUCER_ANIMATION
108. PRODUCTION_MANAGER_I
109. PRODUCTION_MANAGER_II
110. PRODUCTION_SYSTEMS_SUPERVISOR
111. PRODUCTION_TECHNOLOGY_MANAGER
112. PRODUCT_TECHNOLOGY_SPECIALIST
113. PROJECT_MANAGER_III
114. QUALITY_CONTROL_LEAD
115. R&D_ENGINEER_I
116. R&D_ENGINEER_II
117. R&D_ENGINEER_III
118. R&D_OPERATIONS_MANAGER
119. R&D_PRODUCT_SPECIALIST_II
120. R&D_PROJECT_MANAGER_II
121. R&D_SUPERVISOR
122. RIGGING_LEAD
123. SCULPTER_DESIGNER
124. SENIOR_ANIMATOR
125. SENIOR_ARTIST
126. SENIOR_ARTIST_I
127. SENIOR_ARTIST_II
128. SENIOR_BUSINESS_SYSTEMS_PROGRAMMER
129. SENIOR_BUSINESS_SYSTEM_ANALYST
130. SENIOR_CHARACTER_TECH_DIRECTOR
131. SENIOR_CONCEPT_DESIGNER
132. SENIOR_DESIGNER
133. SENIOR_DIGITAL_ARTIST
134. SENIOR_GRAPHIC_ARTIST
135. SENIOR_IS_SOFTWARE_DEVELOPER
136. SENIOR_LEAD_ARTIST_I
137. SENIOR_MANAGER_INTERNET_PROD_&_DESIGN
138. SENIOR_MANAGER_NETWORK_OPERATIONS
139. SENIOR_MANAGER_QUALITY_ASSURANCE
140. SENIOR_MANAGER_R&D_OPERATIONS
141. SENIOR_MANAGER_SYSTEMS_OPERATIONS
142. SENIOR_MODELER
143. SENIOR_NETWORK_ENGINEER
144. SENIOR_ORACLE_DATABASE_ADMIN
145. SENIOR_PRODUCER
146. SENIOR_R&D_ENGINEER
147. SENIOR_SOFTWARE_ENGINEER
148. SENIOR_SYSTEMS_ENGINEER
149. SENIOR_TECHNICAL_DIRECTOR
150. SENIOR_TECHNOLOGY_OFFICER

151. SENIOR_VIDEO_ENGINEER
152. SET_DIRECTOR
153. SOFTWARE_ENGINEER
154. SOFTWARE_ENGINEER_I
155. SOFTWARE_ENGINEER_II
156. SOUND_DESIGNER
157. STORYBOARD_ARTIST
158. SUPERVISOR_VIDEO_ENGINEERING
159. SYSTEMS_ADMINISTRATOR_II
160. SYSTEMS_ENGINEER
161. SYSTEMS_ENGINEER_UNIX
162. SYSTEMS_ENGINEER_VIDEO_SOFTWARE
163. TECHNICAL_DIRECTOR_I
164. TECHNICAL_DIRECTOR_II
165. TECHNICAL_SUPERVISOR
166. TECH_TRAINING_SPECIALIST_I
167. TV_ANIMATOR
168. UI_ARTIST
169. UNIX_SYSTEMS_ADMINISTRATOR_II
170. VFX_SUPERVISOR
171. VISUAL_EFFECTS_ARTIST
172. VISUAL_EFFECTS_PRODUCER_I
173. VISUAL_EFFECTS_PRODUCER_II
174. WEB_DEVELOPER_I
175. WEB_DEVELOPER_II
176. WEB_DEVELOPER_III
177. WEB_PRODUCER
178. WINDOWS_SYSTEM_ADMINISTRATORII

14 of 15

Econ One
9/19/2013

## Pixar

1. 360_DEGREE_CREATIVE_LEAD
2. 360_DEGREE_TECH_LEAD
3. ADMINISTRATOR_SYSTEM_ASSET
4. ADMINISTRATOR_TECH_DEPT
5. ANIMATOR
6. ANIMATOR_DIRECTING
7. ANIMATOR_FIX
8. ANIMATOR_FIX_LEAD
9. ANIMATOR_SUPERVISING
10. APPLICATION_DEVELOPER
11. ARCHITECT_SYSTEM
12. ARTIST_AFTER_EFFECTS
13. ARTIST_ASST_STORY
14. ARTIST_CHARACTER
15. ARTIST_GRAPHIC
16. ARTIST_MOTION_GRAPHIC
17. ARTIST_SKETCH
18. ARTIST_STORY
19. ARTIST_STORY_DEVELOPMENT
20. ARTIST_STORY_TEMP
21. ART_DIRECTOR
22. ART_DIRECTOR_SHADING
23. CGI_PAINTER
24. CHARACTER_DESIGNER
25. CREATIVE_RESOURCES_ARTIST
26. DESIGNER
27. DESIGNER_CAMERA
28. DESIGNER_ENVIRONMENTAL
29. DESIGNER_GRAPHIC
30. DESIGNER_PRODUCTION
31. DESIGNER_SHADING
32. DESIGN_LEAD
33. DEVELOPER_RENDERMAN_PRODUCTS
34. DIR_MEDIA_SYSTEMS
35. DIR_PHOTOSCIENCE
36. DIR_RENDERMAN_PRODUCT_DEV
37. DIR_STEREO_&_IMAGE_MASTERING
38. DIR_STUDIO_TOOLS
39. DIR_SYSTEMS_INFRASTRUCTURE
40. ENGINEER
41. ENGINEERING_MANAGER
42. ENGINEER_API_QUALITY_ASSURANC
43. ENGINEER_APPLICATIONS
44. ENGINEER_ASSOCIATE
45. ENGINEER_ASSURANCE_AUTOMATION
46. ENGINEER_EDITORIAL_PIPELINE
47. ENGINEER_EDITORIAL_SUPPORT
48. ENGINEER_IMAGE_MASTERING
49. ENGINEER_LEAD
50. ENGINEER_LEAD_PHOTOSCIENCE

51. ENGINEER_LEAD_SOFTWARE
52. ENGINEER_MEDIA_SYSTEMS
53. ENGINEER_MENV_SUPPORT
54. ENGINEER_PHOTOSCIENCE
55. ENGINEER_PIPELINE
56. ENGINEER_PIPELINE_ROTATION
57. ENGINEER_PNG_LEAD_SOFTWARE
58. ENGINEER_PNG_QUALITY_ASSURANC
59. ENGINEER_PNG_SOFTWARE
60. ENGINEER_PNG_SR_SOFTWARE
61. ENGINEER_PRODUCTION
62. ENGINEER_PRODUCTION_SUPPORT
63. ENGINEER_QUALITY_ASSURANCE
64. ENGINEER_RECORDING
65. ENGINEER_RENDERMAN_SUPPORT
66. ENGINEER_SCREENING_ROOM
67. ENGINEER_SOFTWARE
68. ENGINEER_SOFTWARE_GRAPHICS
69. ENGINEER_SOFTWARE_ROTATION
70. ENGINEER_SOFTWARE_TECHSUPPORT
71. ENGINEER_SOFTWARE_TEMPORARY
72. ENGINEER_SOFTWARE_TEST
73. ENGINEER_SR_AUTOMATION
74. ENGINEER_SR_MEDIA_SYSTEM
75. ENGINEER_SR_SOFTWARE
76. ENGINEER_SR_SW_INFRASTRUCTURE
77. ENGINEER_STUDIO_SUPPORT
78. ENGINEER_SW_INFRASTRUCTURE
79. ENGINEER_TECHNICAL_SUPPORT
80. ENGINEER_VIDEO
81. FINANCIAL_APPS_DEVELOPER
82. HR_APPLICATION_DEVELOPER
83. IMAGE_MASTERING_COORDINATOR
84. INTERACTION_DESIGNER
85. INTRANET_DESIGNER_PNG
86. LAYOUT_ARTIST
87. LAYOUT_ARTIST_LEAD
88. MEDIA_SYSTEMS_COORDINATOR
89. MGR_360_GROUP
90. MGR_APPLICATIONS_GROUP
91. MGR_A_V_ENGINEERING
92. MGR_BUILD
93. MGR_DESKTOP_SYSTEMS
94. MGR_FINANCIAL_SYSTEMS
95. MGR_IMAGE_MASTERING
96. MGR_INFRASTRUCTURE
97. MGR_IT_CONSTRUCTION
98. MGR_LEAD_PROJ_STUDIO_TOOLS
99. MGR_MEDIA_SYSTEMS
100. MGR_PROJECT

101. MGR_QUALITY_ASSURANCE
102. MGR_RPG
103. MGR_SR_PROJECT_STUDIO_TOOLS
104. MGR_SW_INFRASTRUCTURE
105. MGR_SYSTEMS_INFRASTRUCTURE
106. MGR_SYSTEMS_OPERATIONS
107. MGR_TOOLS_WORKFLOW
108. MGR_USER_INTERFACE
109. PAINTER_DIGITAL
110. PAINTER_MATTE
111. PHOTOSCIENCE_COORDINATOR
112. PNG_GROUP_LEAD
113. PROJECT_COORDINATOR
114. PROJECT_MGR_PNG
115. PROJECT_MGR_RENDERMAN
116. PROJECT_MGR_STUDIO_TOOLS
117. PROJECT_MGR_SYSTEMS
118. QA_TESTER
119. RAPID_PROTOTYPE_COMPUTER_ARTIST
120. RENDER_PIPELINE_SPECIALIST
121. RESIDENT_ANIMATION
122. RESIDENT_SOFTWARE_ENGINEER
123. RESIDENT_TECHNICAL_DIRECTOR
124. RESIDENT_TEST_PILOT
125. SCIENTIST_SR
126. SCULPTOR
127. SOFTWARE_DEVELOPER
128. STORY_ARTIST_DIGITAL
129. SYSTEMS_ADMINISTRATOR
130. SYSTEMS_ADMINISTRATOR_ASSET
131. SYSTEMS_ADMINISTRATOR_JR
132. SYSTEMS_ADMINISTRATOR_JR_MAC
133. SYSTEMS_ADMINISTRATOR_LEAD
134. SYSTEMS_ADMINISTRATOR_SR
135. SYSTEMS_COORDINATOR
136. SYSTEMS_ANALYST
137. TECHNICAL_DIRECTOR
138. TECHNICAL_DIRECTOR_LEAD
139. TECHNICAL_DIRECTOR_ROTATION
140. TECHNICAL_DIRECTOR_TOOLS
141. TECHNICAL_LEAD_A_V
142. TECHNICAL_LEAD_BACKUP_GROUP
143. TECHNICAL_LEAD_IMAG_MASTERING
144. TECHNICAL_LEAD_MEDIA_SYSTEMS
145. TECHNICAL_LEAD_RENDERING
146. TECHNICAL_LEAD_STORAGE
147. TECHNICAL_LEAD_TELECOM
148. TECHNICAL_WRITER
149. TECHNICAL_WRITER_API
150. TECH_DIRECTOR_CRTV_SVCS

151. TECH_DIRECTOR_DEPT_SUPV
152. TECH_DIRECTOR_LEAD_CRTV_SVCS
153. TECH_DIRECTOR_SUPERVISING
154. TECH_DIR_SR_ANIM_SCIENTIST
155. TEST_PILOT_LEAD
156. TEST_PILOT_SENIOR
157. USER_INTERFACE_DESIGNER
158. USER_INTERFACE_DESIGNER_SR
159. VISUAL_DESIGNER
160. WEB_DOCUMENTATION_SPECIALIST
161. WORKFLOW_ARTIST
162. WORKFLOW_INTERACTION_DESIGNER