Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF SIDDHARTH HARIHARAN**<br><br>Judge:      Honorable Lucy H. Koh |

I, Siddharth Hariharan, declare as follows:

1.      I make this statement on the basis of my personal knowledge and, if called as a witness, could and would testify as to its contents.  I am a Class Representative in this lawsuit.

2.      Since retaining Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") to file a class action lawsuit on my behalf, attorneys at Lieff Cabraser have regularly updated me regarding the status of the case.  Attorneys at Lieff Cabraser have also consulted me throughout the litigation on a variety of issues, including discussions about the status of settlement discussions with the Defendants.

3.      I understand the responsibilities of a Class Representative and I have fulfilled, and I continue to fulfill, my duties to the Class.  I have been actively involved in the litigation of this case, as described more fully below, and have been in close contact with the attorneys representing the Class to monitor and contribute to this case throughout.  On many occasions, I have provided my attorneys with input and advice regarding various aspects of the litigation, including the terms of the settlement with Adobe, Apple, Google, and Intel ("Defendants").  I have vigorously represented the Class's interests pursuant to my fiduciary duties to the Class I represent.

4.      I was not promised any amount of money to serve as a Class Representative, or in connection with my approval of this settlement or any prior settlement with Defendants.  My approval of this Settlement is based on my view that it is in the best interests of the Class.

5.      My attorneys at Lieff Cabraser consulted me about the settlement negotiations with Defendants as they occurred, and I authorized my attorneys in these negotiations.  I authorized this proposed settlement with the Defendants for $415 million, and I believe that the proposed settlement is fair, adequate, and reasonable.  I believe that my attorneys at Lieff Cabraser worked diligently to secure this settlement in the best interests of the Class.

6.      I believe this is a good settlement that is in the best interest of the Class and is best for everyone who allegedly was harmed by Defendants' no-cold calling agreements.

1    **<u>Benefits to the Class From My Actions as a Class Representative</u>**

2    7.    In my role as Class Representative, I have expended substantial time and effort (as

3  more fully explained below) to perform actions that have benefited the Class at large.

4    8.    Since I first retained Lieff Cabraser, I have spent well over 200 hours fulfilling my

5  role as a Class Representative in this case, including participating in discovery and mediation.  A

6  summary of my activities is as follows:

7    a.    Meeting with and speaking with my attorneys at Lieff Cabraser as part of

8  the initial investigation of the case;

9    b.    Preparing, reviewing, and finalizing my complaint;

10    c.    Reviewing drafts of pleadings and other documents before authorizing my

11  attorneys to file them and providing input on these key documents;

12    d.    Gathering documents and other potential evidence about Defendants and

13  about my claims to provide to Lieff Cabraser and produce to Defendants, including providing

14  documents and electronically stored information to support my claims and the Class's claims,[1] as

15  well as helping my attorneys understand Lucasfilm practices and potential witnesses so my

16  attorneys could formulate proper discovery requests;

17    e.    Preparing, reviewing, finalizing, and verifying my responses to 16

18  interrogatories, including updating several of my answers twice, at Defendants' request;

19    f.    Reviewing documents produced by Defendants, and testimony from

20  Defendants' witnesses, that relate to me, my claims, and the claims of the Class;

21    g.    Reviewing expert work performed by experts retained by both the Class

22  and by Defendants, and providing feedback to my attorneys;

23    h.    Sitting for a full-day deposition taken by Defendants on October 12, 2012;

24    i.    Preparing for my deposition with my attorneys;

25
---
26  [1] Searching and producing both paper documents and electronically stored information was a
   substantial effort, and included third party sources of information, such as personal email
   services.  My search and production was not limited by time or source of information, and the
27  topics were broad in response to Defendants' discovery requests.  I also assisted Lieff Cabraser in
   reviewing my documents to understand their potential responsiveness to Defendants' discovery
28  requests.

HARIHARAN DECL
MASTER DOCKET NO. 11-CV-2509-LHK

1            j.        Reviewing and correcting my deposition transcript following my

2 deposition;

3            k.        Attending and participating in mediation sessions in San Francisco, and

4 discussing the strategy and progress of all mediations in the case; and

5            l.        Participating in regular conversations with my attorneys at Lieff Cabraser

6 throughout the duration of this case, with calls often lasting over an hour and sometimes as often

7 as several times a day, and additional communications by way of frequent and regular email

8 correspondence.

9                       **Reasonable Fears of Workplace Retaliation**

10       9.        I remain a part of the high-technology industry.  Given this close-knit industry, and

11 the prominence and power of the seven Defendants in this case, I have taken substantial risks in

12 my own career by stepping forward as a Class Representative here.  Further, during the course of

13 this action, Defendants served 2 subpoenas on other (non-party) companies that have employed

14 me, seeking essentially all information regarding nearly any aspect of my work for these

15 employers, including my personnel files.  I took the risk that other companies will not hire me or

16 that clients might not want to work with me because I served as a Class Representative in this

17 action.  That risk will continue throughout my career.

18       I declare under penalty of perjury under the laws of California and the United States that

19 the foregoing is true and correct.

20       Executed on January 14, 2015 in ___San Salvador___, ___El Salvador___.

21

22                                 _____

23                                 Siddharth Hariharan

24

25

26

27

28

1209945.1