Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.500.6803

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master Docket No. 11-CV-2509-LHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBIT C AND ATTACHMENT 1 TO THE SETTLEMENT AGREEMENT**<br><br>Judge:  Honorable Lucy H. Koh |

1  Pursuant to Civil Local Rule 7-11 and 79-5, Plaintiffs Mark Fichtner, Siddharth
2  Hariharan, and Daniel Stover (collectively, "Plaintiffs"), on behalf of themselves and the Class
3  respectfully request an order from the Court authorizing the filing under seal of the items
4  identified below:

5  (1) Portions of Exhibit C to Plaintiffs' Settlement Agreement with Defendants Adobe
6  Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation ("Settlement
7  Agreement"); and

8  (2) Attachment 1 to the Settlement Agreement.

9  Pursuant to Local Rule 79-5 and this Court's Standing Order Regarding Motions to File
10 Under Seal, Plaintiffs e-filed publicly the proposed redacted versions of Exhibit C and
11 Attachment 1. They are attached hereto as Exhibits 1 and 2 of this motion. Unredacted versions
12 of these documents sought to be sealed are attached as Exhibits 3 and 4 of this motion.

## I.   LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). In the Ninth Circuit two standards govern requests to seal documents: "compelling reasons" and "good cause." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), amended, 605 F.3d 665, Nos. 04-17485, 04-17558, 2010 U.S. App. LEXIS 10530 (9th Cir. May 21, 2010). Documents attached to dispositive motions are governed by the compelling reasons standard. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). A "'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Id.* at 1180. *See also Pintos*, 565 F.3d at 1115 ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

This Court has previously held that the good cause standard applies to requests to seal confidential material related to a settlement agreement "only tangentially related to the merits. . . ." *Prosurance Group, Inc. v. Liberty Mut. Group, Inc.*, Case No. 10-cv-02600-LHK, 2011 U.S. Dist.

LEXIS 22365, at *2-3 (N.D. Cal. Feb. 18, 2011) (citing *Phillips ex rel. Estate of Bryd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

## II. ARGUMENT

For the reasons set forth below, Plaintiffs request the Court's approval to file under seal portions of Exhibit C and Attachment 1 to the Settlement Agreement pursuant to Local Rule 79-5(d).

### A. Request to Seal Exhibit C: Lists of Defendant Job Titles

The information contained in Exhibit C has been designated by Defendants as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order (Modified by the Court) (Dkt. No. 107).  This information was not designated as confidential by Plaintiffs.  Plaintiffs take no position on whether the designated documents satisfy the requirements for sealing.  However, the documents contain non-public lists of titles from five Defendants—Adobe Systems Incorporated, Apple Inc., Google Inc., Intel Corporation, and Intuit Inc.—which the Court previously confirmed as confidential and approved for sealing in connection with the Settlement Agreements reached with Intuit Inc., Lucasfilm, Ltd., and Pixar. Dkt. No. 527 at 1.[1]

### B. Request to Seal Attachment 1: Confidential Provision Regarding Termination of the Settlement

Consistent with the established practice of courts and counsel in connection with the submission of class settlements for judicial approval, Plaintiffs request authorization to file under seal Attachment 1 to the Settlement Agreement, which describes the confidential terms under which Defendants may terminate the Settlement Agreement if a sufficient number of Class members opt-out of the Settlement.  Attachment 1 does not concern any term dictating the type or amount of relief available to Class members, if the agreement is approved.  Rather, Attachment 1 sets forth circumstances in which the agreement may be terminated or may not become effective.

---

[1] The Court did not previously order the sealing of job titles related to Defendants Lucasfilm, Ltd., and Pixar, as titles from those companies are public information. Dkt. No. 527 at 1. Plaintiffs respectfully request that the Court enter the same sealing order as before, for the same reasons.

1213923.1

PLAINTIFFS' ADMIN. MOTION TO SEAL
CASE NO. 11-CV-2509-LHK

1  The provision, therefore, has no bearing on the reasonableness, fairness, or adequacy of the
2  Settlement.

3  "The threshold number of opt outs required to trigger the blow provision is typically not
4  disclosed and is kept confidential to encourage settlement and discourage third parties from
5  soliciting class members to opt out." *Cent. States Group v. AIG Global Inv. Corp. (In re*
6  *Healthsouth Corp. Secs. Litig.)*, 334 Fed. Appx. 248, 250 n.4 (11th Cir. 2009). No Class member
7  or counsel has the right to opt out on behalf of another, and courts have repeatedly condemned
8  opt-out campaigns, in which objectors sought to opt out large numbers of class members, or even
9  attempted class-wide opt outs, to scuttle a settlement. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150
10 F.3d 1011, 1024 (9th Cir. 1998).

11 The propriety of sealing a settlement agreement's opt-out threshold was litigated recently
12 in the Fifth Circuit, regarding the settlement of claims arising from the "Deepwater Horizon" oil
13 spill in the Gulf of Mexico. The district court sealed the opt-out threshold, and the Fifth Circuit
14 summarily denied a later motion to unseal it. *In re Deepwater Horizon – Appeals of the*
15 *Economic and Property Damage Class Action Settlement*, Case 13-30095 (5th Cir. Oct. 16, 2013)
16 (attached as Exhibit 1 to the Declaration of Dean H. Harvey ("Harvey Decl.")).

17 The Manual for Complex Litigation also recognizes that opt-out thresholds should remain
18 confidential. Manual for Complex Litigation, Fourth, § 21.631 ("Opt-out agreements, in which a
19 defendant conditions its agreement on a limit on the number or value of opt outs, may warrant
20 confidential treatment. Knowledge of the specific number of opt outs that will vitiate a settlement
21 might encourage third parties to solicit class members to opt out. A common practice is to receive
22 information about such agreements *in camera*.").

23 Consistent with these authorities, courts in this District and others have authorized the
24 sealing of opt-out thresholds in class settlements as confidential. *See*, *e.g.*, *In re AXA Rosenberg*
25 *Investor Litig.*, Case 11-00536-JSW, Dkt. 59, ¶ 33 (N.D. Cal. Nov. 1, 2011) (settlement
26 agreement provided that the portion of Class members sufficient to provide defendant with an
27 option to terminate "is confidential and shall not be filed with the Court, but may be examined in
28 camera"; granting preliminary and final approval) (Harvey Decl., Exs. 2-4); *Amochaev et al. v.*

*Citigroup Global Markets, Inc.*, Case 05-cv-01298-PJH, Dkt. 172, at 9 (N.D. Cal. May 1, 2008) (order granting preliminary approval, providing that "If the number of individuals who opt out of the Settlement Class in the manner provided in this Order exceeds the number filed with the Court under seal concurrently with the Settlement Agreement . . . ") (Harvey Decl., Ex. 5); *Kirkorian v. Borelli*, 695 F. Supp. 446, 449 (N.D. Cal. 1988) (noting the filing under seal of the parties' "maximum opt-out rates," which, if exceeded, would allow the defendants to withdraw from the settlement), *disapproved on other grounds by Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1228 (9th Cir. 1989); *In re A-Power Energy Gen. Sys., Ltd. Securities Litig.*, Case 11-ml-2302-GW-CW, Dkt. 110 (C.D. Cal. Jan. 16, 2013) (order granting application to file supplemental agreement to settlement under seal) (Harvey Decl., Ex. 6); *see also In re Red Hat, Inc. Sec. Litig.*, Case 5:04-CV-473-BR, 2010 U.S. Dist. LEXIS 68619, at *15 (E.D.N.C. Jun. 11, 2010) ("The Court concludes that good cause exists for filing the supplemental agreement [containing opt-out threshold] under seal"); *In re John Muir Uninsured Healthcare Cases*, J.C.C.P. 4494 (Cal. Super. Ct. May 30, 2008) (granting motion to file under seal rescission of settlement agreement provision) (Harvey Decl., Ex. 7).[2]

The requested redaction of information is narrowly tailored, and there are no less restrictive means to achieve the interest identified. Plaintiffs respectfully submit that the request to maintain the opt-out threshold under seal should be granted.

---

[2] In connection with settlement approval of the settlements with Intuit, Lucasfilm, and Pixar, the Court requested additional authority for maintaining the confidentiality of a settlement termination provision such as Attachment 1. Oct. 21, 2013 Tr. 11:1-16. Plaintiffs have submitted this additional authority in response to that request, and to distinguish this request from the prior one.

| | | |
|---|---|---|
| 1 | Dated: January 15, 2015 | Respectfully Submitted, |

By: */s/ Kelly M. Dermody*

Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Joseph R. Saveri
James Dallal
SAVERI LAW FIRM, INC.
505 Montgomery St, Suite 625
San Francisco, CA  94111
Telephone:  (415) 500-6800
Facsimile: (415) 500-6803

*Co-Lead Class Counsel*