# Exhibit 1

HIGHLY CONFIDENTIAL

```
 1        UNITED STATES DISTRICT COURT
 2   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
 3
 4   ---------------------------
 5   IN RE: HIGH-TECH EMPLOYEE  )
 6   ANTITRUST LITIGATION       ) No. 11-CV-2509-LHK
 7   ---------------------------
 8
 9            HIGHLY CONFIDENTIAL
10
11      VIDEOTAPED DEPOSITION OF EDWARD LEAMER
12            San Francisco, California
13            Friday, October 26, 2012
14                  Volume I
15
16
17
18
19
20   Reported by:
21   ASHLEY SOEVYN
22   CSR No. 12019
23   Job No. 1545691
24
25   PAGES 1 - 476
```

Page 1

HIGHLY CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT

 2      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

 3

 4      ---------------------------

 5      IN RE: HIGH-TECH EMPLOYEE )

 6      ANTITRUST LITIGATION      ) No. 11-CV-2509-LHK

 7      ---------------------------

 8

 9

10

11

12         Videotaped Deposition of Edward Leamer, taken

13      at Three Embarcadero Center, 28th floor,

14      San Francisco, California, commencing at 8:05 a.m.,

15      Friday, October 26, 2012, before Ashley Soevyn,

16      CSR 12019.

17

18

19

20

21

22

23

24

25
```

Page 2

```
 1   APPEARANCES:
 2
 3      FOR THE PLAINTIFFS AND PROPOSED CLASS:
 4          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
 5          BY:  BRENDAN GLACKIN, ESQ.
 6          275 Battery Street, 29th floor
 7          San Francisco, California 94111
 8          (415) 956-1000
 9          bglackin@lchb.com
10
11          JOSEPH SAVERI LAWFIRM
12          BY: JOSEPH SAVERI, ESQ.
13         -AND JAMES DALLAL, ESQ.
14          255 California Street, Suite 450
15          San Francisco, California 94111
16          (415) 500-6800
17          jsaveri@saverilawfirm.com
18
19      FOR THE DEFENDANT LUCASFILMS:
20          KEKER & VAN NEST LLP
21          BY:  DANIEL PURCELL, ESQ.
22          633 Battery Street
23          San Francisco, California 94111-1809
24          (415) 773-6697
25          dpurcell@kvn.com
```

Page 3

HIGHLY CONFIDENTIAL

```
 1   APPEARANCES:
 2
 3       FOR THE DEFENDANTS ADOBE SYSTEMS AND INTUIT:
 4            JONES DAY
 5            BY:  DAVID KIERNAN, ESQ.
 6            -AND CRAIG STEWART, ESQ.
 7            555 California Street
 8            26th floor
 9            San Francisco, California 94104
10            (415) 626-3939
11            dkiernan@jonesday.com
12            cestewart@jonesday.com
13
14       FOR THE DEFENDANTS APPLE INC.:
15
16            O'MELVENY & MYERS LLP
17            BY:  MICHAEL F. TUBACH, ESQ.
18            Two Embarcadero Center
19            28th floor
20            San Francisco, California 94111-3823
21            (415) 984-8700
22            mtubach@omm.com
23
24
25
```

HIGHLY CONFIDENTIAL

```
 1   APPEARANCES:
 2
 3       FOR THE DEFENDANT GOOGLE INC.:
 4           MAYER BROWN LLP
 5           BY: LEE RUBIN, ESQ.
 6           -AND DONALD M. FALK, ESQ.
 7           Two Palo Alto Square
 8           Suite 300
 9           Palo Alto, California 94306-2112
10           (650) 331-2000
11           lrubin@mayerbrown.com
12           dfalk@mayerbrown.com
13
14       FOR THE DEFENDANTS INTEL CORPORATION:
15
16           BINGHAM MCCUTCHEN LLP
17           BY:  FRANK M. HINMAN, ESQ.
18           -AND DONN P. PICKETT, ESQ.
19           Three Embarcadero Center, 28th floor
20           San Francisco, California 94111-3823
21           (415) 393-2704
22           frank.hinman@bingham.com
23           donn.pickett@bingham.com
24
25
```

Page 5

```
 1   APPEARANCES:
 2
 3      FOR THE DEFENDANT PIXAR:
 4          COVINGTON & BURLING LLP
 5          BY: THOMAS A. ISAACSON, ESQ.
 6          333 Twin Dolphin Drive
 7          Suite 700
 8          Redwood Shores, California 94065-1418
 9          (650) 632-4715
10          tisaacson@cov.com
11
12
13      ALSO PRESENT:  LISA DELEHUNT OLLE, Apple Inc.,
14      Senior Litigation Counsel
15                  JOHN MACDONNELL, Videographer
16
17
18
19
20
21
22
23
24
25
```

| | | |
|---|---|---|
| 1 | MR. GLACKIN: Objection, vague. | 17:33:03 |
| 2 | THE WITNESS: No, it's not true. | 17:33:04 |
| 3 | BY MR. PICKETT: | 17:33:05 |
| 4 | Q. You used one conduct variable, right? | 17:33:05 |
| 5 | A. That's correct. One -- well, it's a | 17:33:07 |
| 6 | conduct variable that varies across firms. It's not | 17:33:09 |
| 7 | just on, off, all the same for all firms because | 17:33:12 |
| 8 | these firms have different periods in which they had | 17:33:16 |
| 9 | the conduct turned on. So there's some firm -- firm | 17:33:21 |
| 10 | variability that comes from pure conduct. | 17:33:23 |
| 11 | Q. Do your results in Figure 22 mean that | 17:33:25 |
| 12 | compensation was reduced by -- let's say for 2009 | 17:33:28 |
| 13 | about 10 percent at Apple and 20 percent at Lucas? | 17:33:40 |
| 14 | A. Well, approximately. And that's what this | 17:33:46 |
| 15 | model suggests, yes. | 17:33:48 |
| 16 | Q. And 14 percent of Pixar and so forth? | 17:33:49 |
| 17 | A. Correct. | 17:33:52 |
| 18 | Q. Is that consistent with your information | 17:33:52 |
| 19 | flow theory? | 17:33:54 |
| 20 | A. Well, I think the theory is ambiguous with | 17:33:57 |
| 21 | regard to magnitudes. And I use the regression | 17:34:02 |
| 22 | analysis to compute in magnitudes. | 17:34:05 |
| 23 | Q. ==Why would anyone come to Lucas in 2008 or== | 17:34:09 |
| 24 | ==2009, if they were being paid 20 percent under the== | 17:34:13 |
| 25 | ==market?== | 17:34:16 |

| | | |
|---|---|---|
| 1 | MR. GLACKIN: Objection, mischaracterizes. | 17:34:17 |
| 2 | THE WITNESS: Well, I'm tired here. The | 17:34:56 |
| 3 | answer is that's what the model says, but then | 17:35:00 |
| 4 | you're raising another question, which is, is the | 17:35:03 |
| 5 | model compatible with the -- the set of | 17:35:05 |
| 6 | opportunities. | 17:35:08 |
| 7 | MR. PICKETT: Right. | 17:35:10 |
| 8 | THE WITNESS: And in my tired state, I | 17:35:11 |
| 9 | can't produce a story that would justify that. | 17:35:17 |
| 10 | BY MR. PICKETT: | 17:35:21 |
| 11 | Q. Why does compensation depend on the number | 17:35:21 |
| 12 | of new hires at all defendants?  Why wouldn't it | 17:35:23 |
| 13 | depend on the number of new hires total, including | 17:35:27 |
| 14 | the nondefendants? | 17:35:30 |
| 15 | A. Where -- are you talking about row 3? | 17:35:34 |
| 16 | Q. Correct. | 17:35:35 |
| 17 | A. Well, row 3 is telling you that -- it's | 17:35:36 |
| 18 | identifying the firms that are going to be most | 17:35:39 |
| 19 | affected by the cold calling and the anti-cold | 17:35:42 |
| 20 | calling agreements.  It's those firms that would | 17:35:47 |
| 21 | have been -- that were hiring substantially who | 17:35:50 |
| 22 | probably would have been doing a cold calling.  So | 17:35:52 |
| 23 | you raise another possibility, that it could be -- | 17:35:55 |
| 24 | another variable you might explore is the number of | 17:35:58 |
| 25 | new hires in total -- | 17:36:01 |

```
1   STATE OF CALIFORNIA    ) ss:
2   COUNTY OF MARIN        )
3
4       I, ASHLEY SOEVYN, CSR No. 12019, do hereby
5   certify:
6       That the foregoing deposition testimony was
7   taken before me at the time and place therein set
8   forth and at which time the witness was administered
9   the oath;
10      That the testimony of the witness and all
11  objections made by counsel at the time of the
12  examination were recorded stenographically by me,
13  and were thereafter transcribed under my direction
14  and supervision, and that the foregoing pages
15  contain a full, true and accurate record of all
16  proceedings and testimony to the best of my skill
17  and ability.
18      I further certify that I am neither counsel for
19  any party to said action, nor am I related to any
20  party to said action, nor am I in any way interested
21  in the outcome thereof.
22      IN THE WITNESS WHEREOF, I have transcribed my
    name this 29th day of October, 2012.
23
24
                                     [signature]
                          ASHLEY SOEVYN, CSR 12019
25
```

Page 476