UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE: HIGH-TECH EMPLOYEE
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

**ALL ACTIONS**

Case No.: 11-CV-02509-LHK

**ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT WITH DEFENDANTS
ADOBE SYSTEMS INCORPORATED,
APPLE INC., GOOGLE INC., AND
INTEL CORPORATION, APPROVING
FORM AND MANNER OF NOTICE,
AND SCHEDULING FINAL
APPROVAL HEARING**

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement (the "Settlement") between individual and representative Plaintiffs Mark Fichtner, Siddharth Hariharan, Daniel Stover, and Michael Devine and the Class of individuals they represent ("Plaintiffs") and Defendants Adobe Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation (collectively, the "Settling Defendants"), as set forth in the Settlement Agreement.  Having considered the Motion, the Settling Parties' Settlement

1

United States District Court
Northern District of California

Agreement, the proposed form of notice to the Class, the pleadings and other papers filed in this Action, and the statements of counsel and the parties, and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, Adobe, Apple, Google, and Intel, the Released Parties, and any party to any agreement that is part of or related to the Settlement Agreement.

3. To grant preliminary approval of the proposed Settlement, the Court need only find that it falls within "the range of reasonableness." Alba Conte et al., *Newberg on Class Actions* § 11.25, at 11-91 (4th ed. 2002). *The Manual for Complex Litigation (Fourth)* (2004) ("*Manual*") characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling parties. *Manual* § 21.632. A proposed settlement may be finally approved by the trial court if it is determined to be "fundamentally fair, adequate and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). While consideration of the requirements for final approval is unnecessary at this stage, all of the relevant factors weigh in favor of approving the Settlement proposed here.

4. First, the Settlement appears to be the result of arm's-length negotiations among experienced counsel. On May 22, 2014, Plaintiffs Mark Fichtner, Siddharth Hariharan, and Daniel Stover moved the Court to preliminarily approve a settlement agreement with Defendants providing for a settlement fund of $324,500,000. The Court denied preliminary approval on August 8, 2014 (Dkt. 974). Thereafter, the parties resumed arm's-length negotiations through Hon. Layn Phillips (Ret.), an experienced mediator, while continuing to litigate outstanding pre-

United States District Court
Northern District of California

2

trial matters.  Plaintiffs filed a reply in support of their motion for application of the *per se* standard (Dkt. 988), and Defendants requested leave to file a supplemental opposition (Dkt. 990 & 990-1), which was granted (Dkt. 1023).  Plaintiffs also filed a motion to unseal all papers associated with their motion to compel (Dkt. 991), which Defendants opposed (Dkt. 994; *see also* Dkt. 1029).

5.   Meanwhile, on September 4, 2014, Defendants filed a Petition for a Writ of Mandamus with the United States Court of Appeals for the Ninth Circuit, seeking an order vacating the Court's denial of preliminary approval and directing the Court to preliminarily approve the $324,500,000 settlement.  (9th Cir. Case No. 14-72545, Dkt. 1.)  On September 22, 2014, the Ninth Circuit issued an order stating that Defendants' "petition for a writ of mandamus raises issues that warrant a response," ordered Plaintiffs to file a response, set a date for Defendants' reply, and ordered that upon completion of briefing the matter shall be placed on the next available merits panel for oral argument.  (9th Cir. Dkt. 2; Dkt. 993.)  Plaintiffs (and Michael Devine separately) opposed Defendants' petition (9th Cir. Dkt. Nos. 4 & 6), and Defendants replied (9th Cir. Dkt. 10).  Putative amici curiae Chamber of Commerce of the United States of America, California Chamber of Commerce, and economic scholars filed motions for leave to file amici curiae briefs in support of the petition (9th Cir. Dkts. 8 & 9), which the Ninth Circuit referred to the panel to be assigned to hear the merits of the petition (9th Cir. Dkt. 15).  Plaintiffs (and Michael Devine separately) opposed the motions for leave to file amici curiae briefs.  (9th Cir. Dkts. 13 & 16.)  The Ninth Circuit scheduled oral argument on the petition for March 13, 2015. (9th Cir. Dkt. 19.)  On January 30, 2015, the Settling Defendants filed an unopposed motion to dismiss the mandamus petition (9th Cir. Dkt. 23), which the Ninth Circuit granted on February 2, 2015 (9th Cir. Dkt. 24).

6.   At the time of settlement, the following motions remained pending: Defendants' motion to exclude Dr. Matthew Marx's testimony; Plaintiffs' motion to exclude Defendants' experts'

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC.,
AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL
APPROVAL HEARING

testimony; Plaintiffs' motion for application of the *per se* standard; Defendants' motions *in limine*; and Plaintiffs' motion to compel.  In addition, Plaintiffs and Defendants have continued to engage in the exchange of extensive pretrial disclosures and conferences regarding trial exhibits, witnesses, the joint pretrial statement, the authentication of business records and potential depositions related thereto, and many other issues.

7.  Second, the consideration—a total of $415 million—is substantial, particularly in light of the risk that the jury could find no liability or award no damages.  When combined with the $20 million received from Plaintiffs' previous settlements with Defendants Pixar, Lucasfilm, and Intuit, the result for the Class in this litigation will total $435 million.

8.  Third, the Settlement's Plan of Allocation provides a neutral and fair way to compensate Class members based on their salary and alleged injury.  *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

9.  Fourth, litigation through trial would be complex and costly, which settlement avoids. *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).  While settlement provides the Class with a timely, certain, and meaningful cash recovery, a trial—and any subsequent appeals— is highly uncertain, and in any event would substantially delay any recovery achieved.

10.  Fifth, the Settling Parties agreed to settle at a particularly advanced stage of the proceedings—after class certification and the completion of discovery and dispositive motions.

11.  Accordingly, the Court finds that notice to the Class is appropriate and that the Plan of Allocation is sufficiently fair, reasonable, and adequate such that it is hereby preliminarily approved, subject to further consideration at the hearing to be held as set forth below.

## THE CLASS

12.  On October 24, 2013, this Court entered an Order certifying a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as all natural persons who work in the

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC.,
AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL
APPROVAL HEARING

United States District Court
Northern District of California

technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following: (a) Apple from March 2005 through December 2009; (b) Adobe from May 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009 (the "Class Period"). Excluded from the Class are: retail employees, corporate officers, members of the boards of directors, and senior executives of all Defendants. In its Order, this Court found that the requirements of Rule 23(a) and (b)(3) were met. On January 15, 2014, the Ninth Circuit denied Defendants' Petition for review pursuant to Rule 23(f) of this Court's class certification Order. The proposed Settlement here includes a class definition identical to the Class defined above and certified by this Court.

## NOTICE TO CLASS MEMBERS

13. The Court approves the Notice of Proposed Settlement of Class Action, Fairness Hearing, and Right to Appear (the "Settlement Notice"), and finds that the dissemination of the Notice substantially in the manner and form set forth in the Settlement Agreement complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

14. The notice procedures set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice of the Settlement Agreement under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the applicable requirements of Federal Rule of Civil Procedure 23 and due process.

United States District Court
Northern District of California

5

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC., AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

**ADMINISTRATION OF THE SETTLEMENT FUND**

15.   The Court hereby appoints Gilardi & Co., LLC, as administrator (the "Notice Administrator").  Consistent with the Settlement Agreement, the responsibilities of the Notice Administrator shall include: (a) maintaining a post office box for purposes of communicating with Class Members, including receiving any objections; (b) disseminating the Notice to the Class; (c) maintaining a website to enable Class Members to access relevant documents; (d) receiving and maintaining documents sent from Class Members relating to Settlement administration and requests for exclusion; (e) handling withholding, reporting, payment, dissemination of forms, and other aspects of Settlement administration relating to all applicable taxes as set forth in the Settlement Agreement; and (f) distributing Settlement checks to Class Members.  Pursuant to the Settlement Agreement, the costs of the Notice Administrator's services and all other reasonable costs of Settlement administration shall be paid out of the Settlement Fund, subject to Court review and approval, with certain notice and administration costs incurred prior to the Effective Date advanced by Adobe, Apple, Google, and Intel as provided in the Settlement Agreement.

16.   All funds held by the Escrow Agent (Citibank, N.A.) after the Effective Date of the Settlement as defined in the Settlement Agreement shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

17.   The Settlement Fund, to be held at Citibank, N.A., shall be established as a fiduciary account and administered in accordance with the provisions of the Settlement Agreement.  The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of this QSF.

18.   By no later than March 23, 2015:

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC.,
AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL
APPROVAL HEARING

United States District Court
Northern District of California

(a) Co-Lead Class Counsel shall direct Heffler Claims Group, subject to and consistent with the extant Protective Order and all existing confidentiality and non-disclosure agreements, to transmit to Class Counsel, the Defendants, and the Notice Administrator the employee ID numbers and/or hashed social security numbers for all employees to whom Heffler Claims Group sent notices in connection with the certification of the litigation class in the Action (the "Prior Notice Recipients").  For the avoidance of doubt, "Prior Notice Recipients" shall include any employee that a Defendant has identified as a Class Member and shall not include persons who have been determined not to be Class Members.  Specifically with respect to Google, "Prior Notice Recipients" shall mean those current and former Google employees to whom reminder notices were sent on or about March 13, 2014, as well as the other current and former Google employees who were subsequently informed by Heffler Claims Group that they were Class Members.  Heffler Claims Group shall transmit such information in a secure manner that has received the prior approval of Co-Lead Class Counsel and the Settling Defendants.

(b) Heffler Claims Group shall transmit to the Notice Administrator, subject to and consistent with the extant Protective Order and all existing confidentiality and non-disclosure agreements the full legal name, and last known physical address (including the best information concerning each address, as determined using the national change of address database, information provided by Class Members, and other sources) for the Prior Notice Recipients.  Heffler Claims Group shall transmit such information in a secure manner that has received the prior approval of Co-Lead Class Counsel and the Settling Defendants.

(c) Each Defendant shall, at its option, either transmit the social security numbers for the Prior Notice Recipients employed by that Defendant to the Notice Administrator or

7

1  request that Heffler Claims Group do so.  In either case, the information shall be

2  transmitted pursuant to and in a manner consistent with the extant Protective Order and

3  all existing confidentiality and non-disclosure agreements.

4       19.  The Notice attached to this Order satisfies the requirements of the Federal Rules of

5  Civil Procedure and of due process and, accordingly, is approved for dissemination to the Class.

6  By no later than April 6, 2015, after receiving the information in paragraph 18, the Notice

7  Administrator shall cause the Settlement Notice to be mailed by first-class mail, postage prepaid,

8  to Class Members pursuant to the procedures described in the Settlement, and to any Class

9  Member who requests one; and, in conjunction with Class Counsel, shall maintain the case-

10  specific website providing case information, court documents relating to the Settlement and the

11  Notice.  By no later than June 5, 2015, the Claims Administrator shall file with the Court an

12  Affidavit of Compliance with Notice Requirements.

13       20.  All costs incurred in disseminating Notice and administering the Settlement shall be

14  paid from the Settlement Fund pursuant to the Settlement Agreement, with certain notice and

15  administration costs incurred prior to the Effective Date advanced by Adobe, Apple, Google, and

16  Intel as provided in the Settlement Agreement.

17       **RESPONSE BY CLASS MEMBERS**
**AND THE SCHEDULING OF A FINAL APPROVAL HEARING**

18

19       21.  Class Members will have until May 21, 2015, to opt out (the "Opt-Out Deadline") of

20  the Class.

21       22.  Any Class Member who wishes to be excluded (opt out) from the Class must send a

22  written Request for Exclusion to the Notice Administrator on or before the close of the Opt-Out

23  Deadline.  Members of the Class may not exclude themselves by filing Requests for Exclusion as

24  a group or class, but must in each instance individually and personally execute a Request for

25  Exclusion.  Class Members who exclude themselves from the Class will not be eligible to receive

26       8

United States District Court
Northern District of California

any benefits under the Settlement, will not be bound by any further orders or judgments entered in this matter, and will preserve their ability independently to pursue any claims they may have against Adobe, Apple, Google, and Intel.

23. Class Counsel and counsel for Plaintiff Michael Devine shall file their respective motions for payment of attorneys' fees, costs, and for Plaintiff Service Awards, no later than May 7, 2015.

24. All Class Members who did not properly and timely request exclusion from the Class shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, including the Release provisions, whether or not such Class Member objected to the Settlement and whether or not such Class Member received consideration under the Settlement Agreement.

25. A final hearing on the Settlement Agreement ("Final Approval Hearing") shall be held before the Court at 1:30 p.m. on Thursday, July 9, 2015, in Courtroom 8, 4th Floor, of the Northern District of California, 280 South 1st Street, San Jose, CA 95113.  Such hearing is more than 90 days from the completion of notice pursuant to the Class Action Fairness Act.

26. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and whether the Settlement Agreement should be granted final approval by the Court; (b) approval of the proposed Plan of Allocation; and (c) entry of a Final Approval Order and Judgment including the Settlement Release.  Class Counsel's application for payment of costs and attorneys' fees and counsel for Plaintiff Michael Devine's application for payment of costs and attorneys' fees, and all requests for the Court to approve service awards to the Named Plaintiffs, shall also be heard at the time of the hearing.

27. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members, other than that which may be posted by the

9

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC., AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

United States District Court
Northern District of California

1    Court.  Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall

2    not alter the deadlines for mailing of the Notice, nor the deadlines for submissions of settlement

3    objections, requests for exclusion, or notices of intention to appear at the Final Approval Hearing

4    unless those dates are explicitly changed by subsequent Order.

5          28.  Any Class Member who did not elect to be excluded from the Class may, but need not,

6    enter an appearance through his or her own attorney.  For Settlement purposes, Class Counsel will

7    continue to represent Class Members who do not timely object and do not have an attorney enter

8    an appearance on their behalf.

9          29.  Any Class Member who did not elect to be excluded from the Class may, but need not,

10   submit comments or objections to (a) the Settlement Agreement, (b) entry of a Final Approval

11   Order and Judgment approving the Settlement Agreement, (c) any application for payment of

12   attorneys' fees and costs, and/or (d) service award requests, by mailing a written comment or

13   objection to the addresses provided by the Notice Administrator in the Notice.

14         30.  Any Class Member making an objection (an "Objector") must sign the objection

15   personally, even if represented by counsel, and provide the Class Member's name and full

16   residence or business address and a statement signed under penalty of perjury that the Class

17   Member was an employee and member of the Class.  An objection must state why the Objector

18   objects to the Settlement Agreement and provide a basis in support, together with any documents

19   such person wishes to be considered in support of the objection.  If an Objector intends to appear

20   at the hearing, personally or through counsel, the Objector must include with the objection a

21   statement of the Objector's intent to appear at the hearing.  The objection must also contain a

22   detailed list of any other objections by the Objector, as well as by the Objector's attorney, to any

23   class action settlements submitted to any court in the United States in the previous five years.

24         31.  Objections, along with any statements of intent to appear, must be postmarked no later

25   than May 21, 2015, and mailed to the addresses provided by the Notice Administrator in the

26                                                          10

United States District Court
Northern District of California

Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each such Class Member must have complied with this Order.

32. Only Class Members who have filed and served valid and timely objections accompanied by notices of intent to appear shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement Agreement; (b) entry of a Final Approval Order and Judgment; (c) Class Counsel's and Devine's Counsel's application for payment of costs and anticipated request for fees; and (d) service award requests for the Named Plaintiffs, whether by appeal, collateral attack, or otherwise.

33. Class Members need not appear at the hearing or take any other action to indicate their approval.

34. Upon entry of the Final Approval Order and Judgment, all Class Members who have not personally and timely requested to be excluded from the Class will be enjoined from proceeding against Adobe, Apple, Google, and Intel and all other Released Parties with respect to all of the Released Claims, consistent with the Settlement Agreement.

35. The schedule by which the events referenced above shall occur is as follows:

| Event | Date |
|-------|------|
| Prior Settlement Administrator Transfers Materials to New Administrator | March 23, 2015 |
| Notice of Class Action Settlement to Be Mailed and Posted on Internet | April 6, 2015 |
| Class Counsel and Devine Counsel Motions for Payment of Costs and Award of Attorneys' Fees, and Motions for Plaintiffs' Service Awards | May 7, 2015 |

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC., AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

United States District Court
Northern District of California

| Event | Date |
|---|---|
| Opt-Out Deadline; Objection Deadline; Deadline for Class Members to Provide Notice of Intent to Appear at Final Approval Hearing | May 21, 2015 |
| Notice Administrator Affidavit of Compliance with Notice Requirements | June 5, 2015 |
| Motion for Final Approval | June 15, 2015 |
| Replies in Support of Motions for Final Approval, Attorneys' Fees and Costs, and Service Awards to Be Filed by Moving Parties | June 29, 2015 |
| Final Approval Hearing | July 9, 2015, at 1:30 p.m. |

36. All further proceedings as to Adobe, Apple, Google, and Intel are hereby stayed, except for any actions required to effectuate or enforce the Settlement Agreement, or matters related to the Settlement Fund, including applications for attorneys' fees, payment of costs, and service awards to Class Representatives.

37. In the event the Settlement Agreement and the proposed Settlement are terminated or do not become effective pursuant to the applicable provisions of the Settlement Agreement, the Settlement Agreement and all related proceedings shall, except as expressly provided in the Settlement Agreement, become void and shall have no further force or effect, and Plaintiffs shall retain all of their current rights against Adobe, Apple, Google, and Intel and any other Released Party, and Adobe, Apple, Google, and Intel and any other Released Parties shall retain any and all of their current defenses and arguments thereto so that the Settling Parties may take such litigation steps that the Settling Parties otherwise would have been able to take absent the pendency of this Settlement. These Actions shall thereupon revert forthwith to their respective procedural and substantive status prior to January 7, 2015, and shall proceed as if the Settlement Agreement had not been executed.

Case No.: 11-CV-02509-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS ADOBE SYSTEMS INCORPORATED, APPLE INC., GOOGLE INC., AND INTEL CORPORATION, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

United States District Court
Northern District of California

38.  Neither this Order nor the Settlement Agreement, nor any other Settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Adobe, Apple, Google, and/or Intel as to the validity of any claim that has been or could have been asserted against any of them or as to any liability by either as to any matter encompassed by the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 3, 2015

_____

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

13