<pre>
 1                    UNITED STATES DISTRICT COURT

 2                  NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION

 4

 5

    IN RE: HIGH-TECH EMPLOYEE          )  C-11-02509 LHK
 6  ANTITRUST LITIGATION,              )
                                       )  SAN JOSE, CALIFORNIA
 7  _____        )
                                       )  MARCH 2, 2015
 8  THIS DOCUMENT RELATES TO:          )
    ALL ACTIONS                        )  PAGES 1-28
 9  _____        )

10

                       TRANSCRIPT OF PROCEEDINGS
11                 BEFORE THE HONORABLE LUCY H. KOH
                     UNITED STATES DISTRICT JUDGE
12

13  A P P E A R A N C E S:

    FOR THE PLAINTIFFS:    JOSEPH SAVERI LAW FIRM
14                         BY:  JOSEPH SAVERI
                                JAMES G. DALLAL
15                         255 CALIFORNIA STREET, SUITE 450
                           SAN FRANCISCO, CALIFORNIA  94111
16

17                         LIEFF, CABRASER,
                           HEIMANN & BERNSTEIN
18                         BY:  KELLY M. DERMODY
                                BRENDAN P. GLACKIN
19                                DEAN M. HARVEY
                                ANNE B. SHAVER
20                         275 BATTERY STREET, 30TH FLOOR
                           SAN FRANCISCO, CALIFORNIA  94111
21

22               APPEARANCES CONTINUED ON NEXT PAGE

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24
               PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
25                 TRANSCRIPT PRODUCED WITH COMPUTER
</pre>

```
1     APPEARANCES (CONTINUED)

2     FOR PLAINTIFF          GIRARD GIBBS
      DEVINE:                BY:  DANIEL C. GIRARD
3                            601 CALIFORNIA STREET, SUITE 1400
                             SAN FRANCISCO, CALIFORNIA  94104
4

5     FOR DEFENDANT          KEKER & VAN NEST
      GOOGLE:                BY:  ROBERT A. VAN NEST
6                                 JUSTINA K. SESSIONS
                             633 BATTERY STREET
7                            SAN FRANCISCO, CALIFORNIA  94111

8                            MAYER BROWN
                             BY:  LEE H. RUBIN
9                            TWO PALO ALTO SQUARE, SUITE 300
                             PALO ALTO, CALIFORNIA  94306
10

11    FOR DEFENDANT          MUNGER, TOLLES & OLSEN
      INTEL:                 BY:  GREGORY P. STONE
12                           355 SOUTH GRAND AVENUE, 35TH FLOOR
                             LOS ANGELES, CALIFORNIA  90071
13

14    FOR DEFENDANT          O'MELVENY & MYERS
      APPLE:                 BY:  GEORGE A. RILEY
15                           TWO EMBARCADERO CENTER
                             28TH FLOOR
16                           SAN FRANCISCO, CALIFORNIA  94111

17    FOR DEFENDANT          JONES DAY
      ADOBE:                 BY:  DAVID C. KIERNAN
18                           555 CALIFORNIA STREET, 26TH FLOOR
                             SAN FRANCISCO, CALIFORNIA  94104
19

20

21

22

23

24

25
```

```
 1      SAN JOSE, CALIFORNIA                      MARCH 2, 2015

 2                      P R O C E E D I N G S

 3          (COURT CONVENED AT 2:12 P.M.)

 4              THE CLERK:  CALLING CASE 11-CV-02509, IN RE:

 5      HIGH-TECH EMPLOYEE ANTITRUST LITIGATION.

 6          IF THE PARTIES WOULD PLEASE COME FORWARD AND STATE THEIR

 7      APPEARANCES FOR THE RECORD.

 8              MS. DERMODY:  GOOD AFTERNOON, YOUR HONOR.

 9      KELLY DERMODY FROM LEIFF, CABRASER, HEIMANN & BERNSTEIN FOR THE

10      CLASS, AND WITH ME ARE MY PARTNERS, BRENDAN GLACKIN,

11      DEAN HARVEY, AND ANNE SHAVER.

12              MR. SAVERI:  GOOD AFTERNOON, YOUR HONOR.

13      JOSEPH SAVERI, JOSEPH SAVERI LAW FIRM.  I'M HERE WITH

14      JAMES DALLAL FROM MY OFFICE.

15              MR. GIRARD:  GOOD AFTERNOON, YOUR HONOR.  DAN GIRARD

16      ON BEHALF OF PLAINTIFF MICHAEL DEVINE.

17              THE COURT:  OKAY.  GOOD AFTERNOON TO ALL OF YOU.

18      WELCOME.

19              MR. VAN NEST:  AFTERNOON, YOUR HONOR.  BOB VAN NEST

20      HERE FOR GOOGLE, ALONG WITH JUSTINA SESSIONS FROM OUR OFFICE,

21      AND LEE RUBIN FROM MAYER BROWN.

22              MR. STONE:  GOOD AFTERNOON, YOUR HONOR.

23      GREGORY STONE OF MUNGER, TOLLES & OLSON ON BEHALF OF INTEL

24      CORPORATION.

25              MR. RILEY:  GOOD AFTERNOON, YOUR HONOR.  GEORGE RILEY
```

1      OF O'MELVENY & MYERS FOR DEFENDANT APPLE.

2              MR. KIERNAN:  GOOD AFTERNOON, YOUR HONOR.

3      DAVID KIERNAN WITH JONES DAY ON BEHALF OF ADOBE.

4              THE COURT:  OKAY.  GOOD AFTERNOON AND WELCOME.

5          OKAY.  WITH REGARD TO THE NOTICE TO THE CLASS MEMBERS,

6      SHOULD IT MENTION THE OPT OUT CREDIT OR THE ███ PERCENT FOR THE

7      DEFENDANTS TO WITHDRAW FROM THE AGREEMENT?  DO YOU THINK THAT

8      IS SOMETHING THAT THE CLASS MEMBERS SHOULD HAVE NOTICE OF?

9              MS. DERMODY:  YOUR HONOR, I THINK IN TERMS OF THE,

10     WHAT YOU MIGHT CALL THE BLOW PROVISION, THAT IS, HITTING THE

11     THRESHOLD NUMBER OF OPT OUTS THAT WOULD GIVE THE DEFENDANTS THE

12     RIGHT TO WITHDRAW FROM THE SETTLEMENT, THAT THAT WOULDN'T

13     AFFECT THE CONSIDERATION BEING PROVIDED TO CLASS MEMBERS.

14         SO, RESPECTFULLY, I DON'T KNOW THAT THAT IS NECESSARY TO

15     BE OFFERED IN THE NOTICE.

16         AND SIMILARLY WITH RESPECT TO THE PROVISION THAT ALLOWS

17     DEFENDANTS TO GET A CREDIT ONCE YOU EXCEED, YOU KNOW, 2500 OR

18     SO OPT OUTS HERE.

19         THE REASON WHY YOU MIGHT GIVE PEOPLE NOTICE OF WHAT WE

20     WOULD TYPICALLY CALL A REVISION IS IF IT AFFECTS THE

21     CONSIDERATION.  AND IN THIS CASE -- BECAUSE REALLY WHAT'S

22     HAPPENING IS THAT THE DEFENDANTS ONLY GET A CREDIT.  IT DOESN'T

23     AFFECT, IN A MATERIAL WAY, THE CONSIDERATION BEING PAID ON A

24     PER CLASS MEMBER BASIS.  ESSENTIALLY THE SAME AMOUNT OF MONEY

25     IS BEING PAID FOR THE GROUP.  THE GROUP GETS SMALLER AND THE

1    MONEY WOULD SHRINK BUT, AGAIN, ONLY IF YOU HIT A CERTAIN

2    THRESHOLD NUMBER.

3         SO, RESPECTFULLY, I DON'T THINK IT REALLY AFFECTS THE

4    CONSIDERATION THAT GOES INTO CLASS MEMBERS DECIDING WHETHER OR

5    NOT THIS IS APPROPRIATE FOR THEM TO STAY IN THE CLASS.

6         I THINK IT'S CONFUSING TO CLASS MEMBERS AND DOESN'T SERVE

7    THE PURPOSE OF PROVIDING THEM THE NECESSARY INFORMATION THEY

8    NEED TO MAKE THEIR DECISIONS.

9              THE COURT:  IS THAT SOMETHING THAT NORMALLY WOULD GO

10    IN THE NOTICE, OR NOT?

11             MS. DERMODY:  NOT IN MY EXPERIENCE, YOUR HONOR.

12             THE COURT:  OKAY.

13             MS. DERMODY:  I THINK THAT'S A JUDGMENT CALL.

14             THE COURT:  HAVE YOU EVER SEEN THAT KIND OF

15    INFORMATION IN A NOTICE?

16             MS. DERMODY:  AS I STAND BEFORE YOU, I'M NOT SURE OF

17    THE ANSWER TO THAT.  IT'S ENTIRELY POSSIBLE THAT I HAVE, YOUR

18    HONOR, AND IT'S ESCAPING ME.  I DON'T WANT TO MISLEAD THE

19    COURT.

20             THE COURT:  OKAY.  DO ANY OF THE DEFENDANTS WANT TO

21    BE HEARD?  I WOULD JUST WANT TO MAKE SURE THAT ALL MATERIAL

22    TERMS -- YOU KNOW, THAT THE CLASS IS NOTIFIED OF ANY MATERIAL

23    TERMS, AND THAT SEEMS MATERIAL.

24         BUT IF YOU WANT TO COMMENT ON THAT, ON EITHER ONE?

25             MR. VAN NEST:  TWO THINGS, YOUR HONOR.

```
 1                THE COURT:  EITHER OR BOTH.

 2                MR. VAN NEST:  I'LL COMMENT BRIEFLY ON BOTH, YOUR

 3      HONOR.

 4             BOB VAN NEST SPEAKING ON BEHALF OF ALL DEFENDANTS.

 5             FIRST OF ALL, THE TRIGGER ON THE BLOW PROVISION IS UNDER

 6      SEAL.  I THINK COUNSEL MAY HAVE MENTIONED IT AND I'D ASK THAT

 7      WE NOTE THAT THAT'S SEALED AND SHOULD BE SEALED IN THE

 8      TRANSCRIPT.

 9             WITH RESPECT TO THE BLOW PROVISION --

10                THE COURT:  I'M SORRY.  WHAT ARE YOU CALLING IT?

11                MR. VAN NEST:  THE PROVISION THAT WOULD ALLOW THE

12      DEFENDANTS TO WITHDRAW IF THE OPT OUTS EXCEED A CERTAIN NUMBER.

13                THE COURT:  OKAY.

14                MR. VAN NEST:  THAT ACTUAL TRIGGER NUMBER IS UNDER

15      SEAL AND I THINK COUNSEL MAY HAVE MENTIONED IT INADVERTENTLY

16      AND WE SHOULD JUST NOTE THAT.

17             BUT WITH RESPECT TO THAT, I THINK WHAT PLAINTIFFS SAY IS

18      QUITE RIGHT.  I THINK THE NINTH CIRCUIT, JUST ON FRIDAY IN THE

19      NETFLIX CASE, APPROVED A SIMILAR SITUATION IN WHICH THE BLOW

20      PROVISION --

21                THE COURT:  WHAT ARE YOU CALLING IT?  THE BOWL?

22                MR. VAN NEST:  BLOW.  IT BLOWS UP THE DEAL.

23                THE COURT:  OH, GOT IT.  OKAY.

24                MR. VAN NEST:  THAT'S WHAT WE REFER TO IT AS.

25                THE COURT:  OKAY.
```

1      MR. VAN NEST:  IT'S A WITHDRAWAL.  I THINK YOUR HONOR

2   MENTIONED WITHDRAWAL.

3      IN THE NETFLIX CASE DECIDED JUST FRIDAY, THE NINTH CIRCUIT

4   NOTED THAT SUCH PROVISIONS ARE OFTEN UNDER SEAL AND OFTEN NOT

5   DISCLOSED.

6      THE COURT:  OKAY.

7      MR. VAN NEST:  AND THAT WAS OKAY.

8      THE COURT:  OKAY.

9      MR. VAN NEST:  AND, AGAIN, I DON'T THINK IT WOULD

10  AFFECT CONSIDERATION.

11      SIMILARLY ON THE PRO RATA REDUCTION --

12      THE COURT:  YES.

13      MR. VAN NEST:  -- WHICH IS NOT UNDER SEAL.  WITH

14  RESPECT TO THAT, THERE'S NO -- THERE WOULD BE NO IMPACT ON A

15  CLASS MEMBER BECAUSE THE ONLY REDUCTION WOULD BE PRO RATA FOR

16  FOLKS WHO HAD CLAIMS BUT CHOSE NOT TO STAY IN THE CLASS.

17      IN OTHER WORDS, IT'S NOT A -- IT'S NOT A CLAIMS MADE

18  CLASS.  WE'RE GOING TO CALCULATE THE COMPENSATION PER THE

19  FORMULA OF ALLOCATION.

20      THE COURT:  UM-HUM.

21      MR. VAN NEST:  WE'RE GOING TO PAY IT OUT TO ALL THE

22  CLASS MEMBERS.

23      THE ONLY REDUCTION THE DEFENDANTS WOULD BE ENTITLED TO IS

24  IF -- WHICH IS EXTREMELY UNLIKELY -- IF THE NUMBER OF OPT OUTS

25  EXCEEDS THE TRIGGER, THEN THEIR PRO RATA PAYMENTS, ONES THEY

1    WOULD OTHERWISE HAVE RECEIVED AS CLASS MEMBERS, WOULD BE

2    AVAILABLE FOR DEFENDANTS TO DEAL WITH THOSE OPT OUTS.

3        IT WOULDN'T AFFECT THE COMPENSATION OF ANY OTHER CLASS

4    MEMBER.

5        WHETHER WE INCLUDE IT IN THE NOTICE OR NOT I DON'T THINK

6    THE DEFENDANTS FEEL STRONGLY ABOUT, BUT I DON'T THINK IT WOULD

7    NEED TO BE INCLUDED UNDER THESE CIRCUMSTANCES.

8        MS. DERMODY:  AND, YOUR HONOR, IF I MIGHT JUST SAY,

9    MR. VAN NEST SUGGESTED THAT THE TRANSCRIPT BE SEALED BECAUSE OF

10   A REFERENCE TO SOMETHING CONFIDENTIAL.

11       I DIDN'T REFERENCE ANYTHING CONFIDENTIAL.  WHAT I

12   REFERENCED WAS THE SETTLEMENT TERM ROMAN VIII(T), AS IN TOM,

13   WHICH TALKS ABOUT THE THRESHOLD FOR THE CREDIT, AND THAT'S BEEN

14   DISCLOSED TO THE CLASS.  THERE'S NOTHING CONFIDENTIAL ABOUT

15   THAT NUMBER.  IT'S -- IT IS WHAT IT IS.

16       THE COURT:  LET ME ASK, WITH REGARD TO -- HAVE YOU,

17   MR. VAN NEST, THE OPT OUT, THE PRO RATA -- I'M NOT SURE IF YOU

18   HAVE A SHORTHAND FOR THAT.

19       MR. VAN NEST:  THE PRO RATA, THE PRO RATA PROVISION.

20       THE COURT:  THE PRO RATA PROVISION.

21       MR. VAN NEST:  RIGHT.

22       THE COURT:  HAVE YOU SEEN THAT DISCLOSED IN A NOTICE?

23   I KNOW YOU THINK THAT IT NEEDN'T BE, THAT IT SHOULDN'T AFFECT

24   AN ACTUAL PARTICIPATING CLASS MEMBER'S DISTRIBUTION.

25       MR. VAN NEST:  RIGHT.  I HAVEN'T, YOUR HONOR.

```
 1                  THE COURT:  YOU HAVEN'T?
 2                  MR. VAN NEST:  BUT I HAVEN'T CANVASSED THE LAST FEW
 3         YEARS OF NOTICES, EITHER.
 4                  THE COURT:  OKAY.
 5                  MR. VAN NEST:  BUT I'M NOT AWARE OF IT BEING
 6         DISCLOSED IN A NOTICE IN ANY CASE I'VE BEEN INVOLVED IN.
 7                  THE COURT:  OKAY.
 8                  MS. DERMODY:  YOUR HONOR, FROM OUR PERSPECTIVE, I
 9         WOULD JUST SAY THAT IF THE COURT IS CONCERNED ABOUT FAIRNESS
10         AND THAT THE CLASS MEMBERS UNDERSTAND THE TERMS AND THE COURT
11         THINKS THIS IS A MATERIAL PART OF UNDERSTANDING THE TERMS AND
12         THAT IT AFFECTS THEIR DECISION MAKING, THEN I THINK THE COURT
13         SHOULD HAVE US PUT IT IN THE NOTICE.
14             WE HAVE A DIFFERENT PERSPECTIVE ON THAT.  BUT IF THERE --
15         IF SOMETHING IS, YOU KNOW, IN A GRAY AREA, I THINK WE'RE
16         ABSOLUTELY COMFORTABLE ADDING MORE DISCLOSURE RATHER THAN LESS.
17             I THINK OUR CONCERN WAS THAT IT DOESN'T AFFECT THAT
18         DECISION MAKING AND IT IS CONFUSING.
19             BUT WE DON'T WANT THE COURT TO BE UNCOMFORTABLE WITH THE
20         NOTICE.
21                  THE COURT:  WELL, IT SEEMS LIKE A MATERIAL TERM OF
22         THE AGREEMENT, BUT IT REALLY SHOULDN'T AFFECT THE DISTRIBUTION
23         OF CLASS MEMBERS WHO DON'T OPT OUT.
24             SO --
25                  MR. VAN NEST:  THAT'S THE KEY POINT, YOUR HONOR.
```

1          MS. DERMODY:  RIGHT.

2          MR. VAN NEST:  AND I WOULD SAY IN FAVOR OF LEAVING IT

3     OUT.  JUST ONE OF THE THINGS WE'RE STRIVING FOR IN THESE

4     NOTICES IS UNDERSTANDABILITY AND SIMPLICITY, WHICH I REALIZE WE

5     CAN'T ACHIEVE PERFECTLY IN A SITUATION THIS COMPLICATED.

6          IT'S AN IMPORTANT TERM FOR THE DEFENDANTS, AS YOU POINT

7     OUT, BUT IT'S NOT MATERIAL TO A CLASS MEMBER WHO'S GOING TO

8     REMAIN IN THE CLASS.

9          THE COURT:  OKAY.  ONE -- ONE OTHER POSSIBLE

10    CLARIFICATION IN THE NOTICE IS THERE IS A PROVISION THAT

11    SAYS -- AND I'LL NEED JUST A MOMENT TO FIND IT -- A PROVISION

12    THAT SAYS -- OH, I'M SORRY.  THIS IS IN ANSWER TO QUESTION 9,

13    WHAT DOES THE SETTLEMENT PROVIDE?

14         AND IT SAYS THAT IF THE TOTAL AMOUNT OF RESIDUAL FUNDS IS

15    LESS THAN THE ADMINISTRATIVE COSTS OF REDISTRIBUTION, YOU KNOW,

16    THE MONEY WILL BE DONATED TO A CHARITY AS APPROVED BY THE COURT

17    INSTEAD OF BEING REDISTRIBUTED TO THE CLASS ON A PRO RATA

18    BASIS, AND -- WELL, THAT'S FINE.  THAT'S JUST A LITTLE BIT MORE

19    DETAILED THAN THE SETTLEMENT AGREEMENT.  THE SETTLEMENT

20    AGREEMENT DOESN'T QUITE HAVE THAT LEVEL OF DETAIL.  BUT THAT'S

21    FINE.  THAT'S THE AGREEMENT OF THE PARTIES.

22         I'M JUST COMPARING THAT TO PARAGRAPH 8 OF YOUR SETTLEMENT

23    AGREEMENT.

24         MS. DERMODY:  RIGHT, YOUR HONOR.  WE WANTED TO BE

25    CLEAR THAT IF THERE WAS AN ECONOMICALLY VIABLE WAY TO

1       REDISTRIBUTE MONEY TO THE CLASS MEMBERS RATHER THAN SEND IT TO

2       A CY PRES, WE WOULD CERTAINLY DO THAT.

3            BUT OF COURSE WITH THIS MANY CLASS MEMBERS, YOU COULD

4       EASILY IMAGINE HOW THE COST OF POSTAGE COULD EAT UP ALL OF THE

5       BENEFIT OF SENDING OUT ADDITIONAL CHECKS.

6            IF THAT WAS THE SITUATION, THEN IT WOULD BE MORE OF A

7       BENEFIT TO THE CLASS MEMBERS TO CY PRES THAT MONEY THAN TO GIVE

8       THEM, YOU KNOW, PENNIES OF A CHECK THAT IS HARDER FOR THEM TO

9       CASH THAN IT'S WORTH.

10           THE COURT:  DO YOU, AS CLASS COUNSEL, TAKE ANY

11      POSITION AS TO MR. DEVINE'S REQUEST FOR A SERVICE AWARD OF UP

12      TO 160,000?

13           MS. DERMODY:  YOUR HONOR, WE TAKE NO POSITION ON THE

14      REQUEST OTHER THAN AS IT AFFECTS OUR OWN CLASS REPRESENTATIVE

15      CLIENTS, AND WE THINK THAT IF THE COURT IS INCLINED TO ADJUST

16      THE SERVICE AWARD AMOUNT UPWARD, THAT THAT SHOULD BE THE SAME

17      FOR THE OTHER CLASS REPRESENTATIVES, AND THAT UNDER THE NINTH

18      CIRCUIT'S STANDARD, THE AMOUNT OF TIME AND EFFORT AND SACRIFICE

19      THAT'S PUT INTO THE CASE IS SOMETHING THAT ALL OF THEM SHARED,

20      AND CERTAINLY IN CONNECTION WITH SETTLEMENT APPROVAL, OUR

21      CLIENTS SPENT AN ENORMOUS AMOUNT OF TIME UNDERSTANDING THE

22      ISSUES IN THE SETTLEMENT APPROVAL PROCESS.

23           SO, AGAIN, IF THE COURT'S INCLINED TO DO SOMETHING FOR

24      MR. DEVINE, WE WOULD ASK THAT THE COURT DO IT FOR ALL OF THEM.

25           THE COURT:  SO IS IT YOUR POSITION THAT ALL OF THE

1    NAMED PLAINTIFFS SHOULD RECEIVE THE SAME AMOUNT AND THAT

2    MR. DEVINE SHOULD NOT RECEIVE ANYTHING MORE THAN THE OTHER

3    NAMED PLAINTIFFS?

4         OR IS IT YOUR POSITION THAT EVERYONE SHOULD GET AN

5    INCREASE, BUT IT'S OKAY IF MR. DEVINE GETS A LARGER INCREASE?

6    I'M NOT CLEAR ON THE TWO.

7         MS. DERMODY:  MY POSITION IS THAT THERE SHOULD NOT BE

8    A DISTINCTION FOR A PLAINTIFF THAT OBJECTS VERSUS ONE WHO

9    DOESN'T OBJECT.  I THINK THAT THE INCENTIVES AROUND THAT ARE

10   PECULIAR.

11        BUT I DO THINK THAT ALL THE PLAINTIFFS, INCLUDING

12   MR. DEVINE, MADE SACRIFICES, CONTRIBUTIONS, PUT TIME AND EFFORT

13   INTO THIS CASE AND I THINK THEY DID A HEROIC JOB, ALL OF THEM,

14   IN THIS CASE.

15        WHAT WE PUT FORWARD AS A PROPOSED SERVICE AWARD WE THOUGHT

16   WAS CONSISTENT WITH THE PRECEDENT IN THIS DISTRICT AND IN THIS

17   CIRCUIT AND WAS SUPPORTABLE.

18        AGAIN, IF THE COURT IS INCLINED TO RECOGNIZE A LARGER

19   AWARD THAN WHAT WE PUT FORWARD, THEN WE ARE GRATEFUL AND WOULD

20   CERTAINLY SUPPORT THAT FOR ALL OF THEM.

21        BUT WE WOULD HUMBLY SUGGEST THAT IT BE THE SAME.

22        THE COURT:  WELL, WHAT -- I WASN'T PLANNING TO MAKE A

23   DECISION ON SERVICE AWARDS AT THIS STAGE, BUT THIS DOES RAISE

24   THE CONCERN ABOUT THE NOTICE BECAUSE THE NOTICE JUST SAYS THAT

25   THE CLASS REPRESENTATIVES ARE SEEKING 80,000, EXCEPT MR. --

```
 1          ACTUALLY, WHAT DOES IT SAY?  I BELIEVE MR. DEVINE IS ASKING

 2     THAT THE NOTICE BE CHANGED TO STATE THAT HE'S ASKING FOR TWICE

 3     WHAT THE OTHER INDIVIDUAL CLASS REPRESENTATIVES ARE REQUESTING.

 4          MS. DERMODY:  RIGHT, YOUR HONOR.

 5          THE COURT:  HOW SHOULD I DEAL WITH THAT IF I DON'T

 6     WANT TO DECIDE THAT RIGHT NOW, BUT I HAVE TO GIVE THE CLASS

 7     COMPLETE NOTICE?

 8          MS. DERMODY:  RIGHT, YOUR HONOR.

 9          RIGHT NOW THE WAY IT IS SET FORTH IN THE NOTICE, WHICH WAS

10     AN AGREED UPON DOCUMENT IN CONNECTION WITH THE SETTLEMENT

11     PAPERING --

12          THE COURT:  UM-HUM.

13          MS. DERMODY:  -- IS THAT ALL OF THE PLAINTIFFS, ALL

14     OF THE CLASS REPRESENTATIVES ARE TREATED THE SAME.

15          AFTER THE PARTIES AGREED TO THE SETTLEMENT DOCUMENTATION,

16     MR. DEVINE PUT FORWARD HIS REQUEST FOR AN ADDITIONAL AMOUNT, SO

17     THAT'S NOT REFLECTED IN THIS NOTICE AS DRAFTED.

18          THE COURT:  UM-HUM.

19          MS. DERMODY:  IF THE COURT WERE TO DEAL WITH THIS

20     NOW, I THINK THE COURT WOULD JUST INCREASE THE AMOUNT REQUESTED

21     IN SERVICE AWARDS FOR ALL THE PLAINTIFFS, JUST CHANGE THE 80 TO

22     WHATEVER THE OTHER NUMBER WAS THAT THE COURT THOUGHT WOULD BE

23     APPROPRIATE FOR THE CLASS TO CONSIDER.

24          THE COURT:  LET ME HEAR FROM MR. GIBBS.  WHAT --

25     OTHER THAN YOU WANT MR. DEVINE TO GET PAID MORE, DO YOU TAKE A
```

```
 1     POSITION AS TO WHETHER ALL OF THE CLASS REPRESENTATIVES SHOULD

 2     GET THE SAME AMOUNT AND SHOULD GET ANY INCREASE THAT MR. DEVINE

 3     GETS?

 4          MR. GIRARD:  JUST FOR CLARIFICATION FOR THE RECORD,

 5     MY NAME IS DANIEL GIRARD.  GIBBS IS MY PARTNER.

 6          THE COURT:  OH, I'M SORRY.

 7          MR. GIRARD:  NOT AT ALL, YOUR HONOR.

 8          THE COURT:  I'M SORRY.

 9          MR. GIRARD:  THANK YOU.

10     MR. DEVINE ASKED US TO SEEK THE AMOUNT, $160,000, ON HIS

11     BEHALF.  HIS VIEW IS -- WE'RE SIMPLY ASKING FOR THE OPPORTUNITY

12     TO PUT FORWARD HIS POSITION.  HE THINKS THE OTHER CLASS

13     REPRESENTATIVES ALSO MADE SACRIFICES.

14          AS MS. DERMODY INDICATED, THOUGH, THESE WERE NOT DECIDED

15     TOGETHER.  THIS WAS A NUMBER HE INSTRUCTED US TO SEEK ON HIS

16     BEHALF AND WE WOULD LIKE THE OPPORTUNITY TO MAKE THAT RECORD.

17          I THINK I AGREE THAT -- WITH THE COURT'S INCLINATION THAT

18     THIS IS NOT AN ISSUE THAT SHOULD BE DECIDED NOW.  I THINK THE

19     SOLUTION, GIVEN MS. DERMODY'S COMMENTS, IS TO SAY THAT THE

20     CLASS REPRESENTATIVES WILL APPLY FOR INCENTIVE AWARDS OF UP TO

21     $160,000, AND THEN THAT WOULD PROVIDE FOR WHATEVER APPLICATIONS

22     ARE ULTIMATELY MADE, AND IF A CLASS MEMBER HAS A CONCERN, THEY

23     WOULD HAVE ACCESS TO THE RECORD AND CAN GAIN -- CAN GET ACCESS

24     TO THE DOCUMENTS FOR PURPOSES OF OBJECTING IF THEY WISH TO DO

25     THAT.
```

1          THE COURT:  DO YOU THINK THAT NINTH CIRCUIT LAW IS

2     SETTLED THAT ALL CLASS REPRESENTATIVES SHOULD GET THE SAME

3     AMOUNT --

4          MR. GIRARD:  NO.

5          THE COURT:  -- IN TERMS OF THE SERVICE AWARD?

6          MR. GIRARD:  NO, I DON'T THINK THAT AND THAT'S NOT

7     WHAT I'M SUGGESTING.

8        I'M TRYING TO ADDRESS THE COURT'S IMMEDIATE CONCERN ABOUT

9     HOW TO HAVE A NOTICE THAT WILL ALLOW THE COURT TO DECIDE THESE

10    ISSUES ON AN APPROPRIATE RECORD WITH THE BENEFIT OF CLASS

11    MEMBER COMMENTS AND WITH THE BENEFIT OF THE FACT THAT

12    MS. DERMODY HAS NOW SAID THAT SHE WANTS TO INCREASE THE AMOUNT

13    FOR HER CLIENTS AS WELL, BECAUSE WHEN WE MADE THE REQUEST WE

14    DID, WE WERE SIMPLY ACTING FOR MR. DEVINE.

15        BUT I THINK THE NINTH CIRCUIT GIVES THIS COURT FAIRLY

16    COMPREHENSIVE DISCRETION, AND I THINK THAT THE COURT SHOULD

17    RESERVE JUDGMENT UNTIL IT HAS THE RECORD SUPPORTING THESE

18    APPLICATIONS.

19          THE COURT:  SO WHAT IS YOUR POSITION, OR WHAT IS

20    MR. DEVINE'S POSITION?  DO YOU BELIEVE THAT MR. DEVINE SHOULD

21    RECEIVE A HIGHER SERVICE AWARD THAN THE OTHER INDIVIDUAL CLASS

22    REPRESENTATIVES?

23          MR. GIRARD:  I THINK THAT HIS APPLICATION WILL

24    REFLECT THE FACT THAT HE TOOK A RISK ASSOCIATED WITH OBJECTING

25    TO THE INITIAL SETTLEMENT THAT WAS PUT BEFORE THE COURT, THAT

1      THAT CARRIED WITH IT A PARTICULAR DEGREE OF COURAGE AND RISK ON

2      HIS PART.

3           I THINK HE RAISED HIS PROFILE.  I THINK SOME OF THE

4      CONSEQUENCES THAT ARE ASSOCIATED WITH SERVING AS A CLASS

5      REPRESENTATIVE IN THIS CASE, WHILE THEY WILL BEFALL THE OTHER

6      CLASS REPRESENTATIVES, WILL CERTAINLY INURE TO HIS POTENTIAL

7      DETRIMENT MORE SO THAN OTHERS, AND BY THAT I'M TALKING ABOUT

8      THE IMPACT ON HIS EMPLOYABILITY IN THE INDUSTRY THAT HE WORKS

9      IN.

10          SO HIS VIEW ISN'T THAT HE WANTS SO MUCH TO DISTINGUISH

11     HIMSELF FROM THE OTHER CLASS REPRESENTATIVES AND GET MORE.  HE

12     JUST WANTS US TO PUT HIS POSITION BEFORE THE COURT, THAT HE

13     THINKS AN AMOUNT IN THIS RANGE IS FAIR FOR HIM.

14          AND SO I'M UNCOMFORTABLE SAYING THAT HE SHOULD GET MORE

15     BECAUSE IT -- I'M NOT HERE TO TRY TO REDUCE THE SERVICE AWARDS

16     TO THE OTHER CLASS REPRESENTATIVES.

17          I'M HERE AS HIS ADVOCATE ASKING FOR THE OPPORTUNITY TO

18     PRESENT HIS CASE FOR THIS AWARD.

19               THE COURT:  ALL RIGHT.  BUT HE BELIEVES THAT HE

20     ASSUMED GREATER RISKS?

21               MR. GIRARD:  HE DOES.  I THINK HE WOULD SAY HE DOES.

22     HE THINKS THAT THE IMPROVEMENT TO THE SETTLEMENT IS SOMETHING

23     FOR WHICH HE CAN RIGHTFULLY CLAIM RECOGNITION.

24          AND HE SAYS THAT, I THINK OUR POSITION IS, AGAIN, WITH

25     HUMILITY AND RESPECT FOR THE SACRIFICES UNDERTAKEN BY THE OTHER

1      CLASS REPRESENTATIVES.

2                THE COURT:  WHAT IS YOUR LODESTAR NOW?

3                MR. GIRARD:  OUR LODESTAR IS -- I HAVE TO REVIEW IT

4      BEFORE MAKING A FINAL PRONUNCIATION ON THAT, BUT IT'S BETWEEN

5      HALF A MILLION AND A MILLION DOLLARS.

6                THE COURT:  FOR DOING TWO BRIEFS AND APPEARING AT TWO

7      HEARINGS?

8                MR. GIRARD:  WELL, LET'S TALK ABOUT THAT, BECAUSE

9      WHAT HAPPENED HERE ISN'T THAT WE DID TWO BRIEFS AND APPEARED AT

10     A COUPLE HEARINGS.

11               THE COURT:  AND PARTICIPATING IN SETTLEMENT

12     NEGOTIATIONS?

13               MR. GIRARD:  YEAH.  SO --

14               THE COURT:  WELL, WHAT ELSE IS THERE OTHER THAN TWO

15     BRIEFS, TWO HEARINGS, AND SETTLEMENT NEGOTIATIONS?  WHAT AM I

16     MISSING?

17               MR. GIRARD:  WELL, WE DIDN'T JUST FILE A BRIEF TO

18     START WITH.  WE HAD TO INITIALLY INTERVIEW MR. DEVINE,

19     UNDERSTAND HIS POSITION, GET UP TO SPEED ON THIS LITIGATION AND

20     DEVELOP AN UNDERSTANDING THAT WOULD ALLOW US TO PUT FORWARD A

21     REASONED AND CREDIBLE OPPOSITION TO THE SETTLEMENT PROPOSAL

22     THAT WAS BEFORE THE COURT.

23          WE -- AFTER THE INITIAL HEARING BEFORE THIS COURT AND THE

24     COURT'S RULING WHEN THE COURT REJECTED THE SETTLEMENT, THAT

25     REQUIRED US THEN TO TAKE -- TO DEVELOP A VIEW AS TO THE, TO

1    WHAT THIS CASE WAS WORTH.

2         MR. DEVINE WAS ASKING US TO ADVISE HIM ON THE ISSUES THAT

3    HAD BEEN RAISED BY CLASS COUNSEL WITH RESPECT TO THE FAIRNESS

4    OF THE PRIOR SETTLEMENT PROPOSAL, AND WE WERE THEN ENTERING A

5    RENEGOTIATION AND NEEDED TO GIVE HIM OUR ADVICE ON THE ISSUES

6    SURROUNDING, FOR EXAMPLE, THE MOTIONS IN LIMINE, THE DAMAGES

7    MODEL THAT HAD BEEN PUT FORWARD BY THE CLASS, THE CLASS

8    CERTIFICATION RISKS, THE EXPERT WITNESS ISSUES.

9         CLASS COUNSEL HAD RAISED ARGUMENTS AT ORAL ARGUMENT ON THE

10   PRELIMINARY APPROVAL MOTION ABOUT JURY RESEARCH.  WE MET WITH

11   THEM, TALKED ABOUT THAT WITH THEM, REVIEWED SOME OF THEIR

12   VIDEO.

13        AND THEN, SEPARATELY, THERE WERE MAJOR ISSUES SURROUNDING

14   THE ENFORCEABILITY OF THE PRIOR SETTLEMENT AGREEMENT THAT WE

15   HAD TO BECOME FAMILIAR WITH.

16        AFTER DOING THE WORK THAT WE DID TO GET A BETTER SENSE OF

17   WHAT WE THOUGHT THE CASE WAS WORTH, WE HAD A NUMBER OF MEETINGS

18   WITH MR. DEVINE TO TALK WITH HIM ABOUT WHAT WE THOUGHT THE

19   REASONABLE NEGOTIATING OBJECTIVES WERE IN THIS CASE.

20        THE DEFENDANTS, AS I'M SURE THE COURT IS AWARE, THEN FILED

21   A WRIT PETITION SEEKING AN ORDER REVERSING THIS COURT'S DENIAL

22   OF PRELIMINARY APPROVAL.

23        THE DEFENDANTS' POSITION WAS THAT CLASS COUNSEL WERE

24   OBLIGATED TO SUPPORT THAT PRIOR SETTLEMENT, AND WE WERE THE

25   ONLY PARTY THAT WAS NOT OBLIGATED IN ANY WAY WITH RESPECT TO

1    THE PRIOR SETTLEMENT.  WE PREPARED AN OPPOSITION TO THE

2    PETITION FOR WRIT OF MANDAMUS.

3         WE SEPARATELY CORRESPONDED WITH THE DEFENDANTS.  OUR VIEW

4    WAS THAT THEY WERE REQUIRED TO NOTIFY THE COURT, BRING TO THE

5    COURT'S ATTENTION THE PROVISIONS IN THE PETITION FOR WRIT OF

6    MANDAMUS OR IN THE SETTLEMENT AGREEMENT THAT WE THOUGHT MOOTED

7    THE PETITION, BECAUSE OUR VIEW WAS THAT THE COURT'S ORDER

8    REJECTING PRELIMINARY APPROVAL RENDERED THE SETTLEMENT

9    AGREEMENT MOOT.

10        WE HAD A NUMBER OF EXCHANGES WITH CLASS COUNSEL AND WITH

11    THE DEFENDANTS ABOUT THAT.  ULTIMATELY THEY OBVIOUSLY

12    DISAGREED.

13        WE SUBMITTED OUR PETITION.  WE COORDINATED OUR POSITION ON

14    THOSE ISSUES WITH CLASS COUNSEL.

15        WE OPPOSED THE AMICUS BRIEFS THAT WERE FILED BY TWO

16    DIFFERENT PARTIES IN SUPPORT OF THE DEFENDANTS' POSITION IN THE

17    NINTH CIRCUIT.

18        ALL OF THIS HAPPENED BY ABOUT EARLY SEPTEMBER AND INTO

19    OCTOBER.

20        ALONG THE WAY, WE HAD A NUMBER OF EFFORTS TO TRY TO WORK

21    WITH CLASS COUNSEL AND WITH THE MEDIATOR TO TRY TO REINITIATE

22    SETTLEMENT DISCUSSIONS.  THOSE WERE NOT SUCCESSFUL TO ANY

23    EXTENT AT ALL UNTIL AFTER THE COURT ISSUED ITS RULING.

24        ONCE THE COURT RULED, THOSE DISCUSSIONS PICKED UP AND WE

25    COORDINATED OUR POSITIONS WITH CLASS COUNSEL AND WITH

1    MR. DEVINE AND THE MEDIATOR, ULTIMATELY RESULTING IN A

2    SETTLEMENT BEFORE THIS COURT.

3         WHEN WE GOT TO THE POINT OF A TENTATIVE AGREEMENT, THEN

4    THERE WAS SEPARATELY AN ISSUE SURROUNDING SETTLEMENT

5    DOCUMENTATION AND THE NEED TO, OVER THE HOLIDAYS, PARTICIPATE

6    IN THE NEGOTIATION OF THE SETTLEMENT AGREEMENT AND THE NOTICE

7    THAT'S BEFORE THE COURT AND THE OTHER SETTLEMENT DOCUMENTS.

8         SO ALL OF THOSE ARE SERVICES THAT BREAK DOWN INTO SEPARATE

9    TASKS, BUT IT'S IN ANSWER TO THE COURT'S QUESTION ABOUT WHAT WE

10   DID AND HOW WE DEVOTED THE KIND OF TIME WE DID TO THIS CASE AND

11   THE WORK THAT WE DID, HOW IT EXTENDED BEYOND SIMPLY A COUPLE

12   COURT APPEARANCES AND FILING A BRIEF.

13        AND, YOU KNOW, JUST WHAT I WOULD ADD IS WHEN YOU LOOK AT

14   THE CASE LAW, THERE'S QUITE A BIT OF CASE LAW OUT THERE TALKING

15   ABOUT CLASS ACTIONS AND THE LACK OF ADVERSARY PROCESS AT THE

16   SETTLEMENT STAGE AND HOW THE PARTIES LINK ARMS AND THE COURT IS

17   LEFT WITHOUT ANYONE TO ARGUE THE OTHER SIDE.

18        WE DID THAT HERE.

19        NOW, SEPARATELY WE HAVE A LOT OF CASES TALKING ABOUT THE

20   LACK OF A SOPHISTICATED BAR THAT CAN ARGUE OBJECTIONS AND HOW

21   MOST OF THE OBJECTIONS COURTS GET TO CLASS ACTION SETTLEMENTS

22   ARE RELATIVELY CANNED AND NOT THAT HELPFUL.

23        IN THIS CASE, WE TOOK MR. DEVINE'S POSITION VERY

24   SERIOUSLY.  WE THOUGHT HE HAD A LEGITIMATE POSITION -- I THINK

25   THE FACTS HAVE BORNE THAT OUT -- AND WE PUT THE KIND OF EFFORT

1    INTO IT THAT WAS NECESSARY TO GIVE THIS COURT A CREDIBLE

2    RECORD.  AND SO I'M QUITE COMFORTABLE WITH THE WORK WE DID.

3            WHAT WE'RE ASKING FOR AT THIS STAGE IS NOT FOR THE COURT

4    TO DRAW ANY CONCLUSIONS AT ALL.  WHAT WE'RE SIMPLY ASKING FOR

5    IS THE OPPORTUNITY TO MAKE A RECORD, TO EXPLAIN TO THE COURT IN

6    GREATER DETAIL WHAT WE DID, TO PROVIDE SUPPORTING AUTHORITY AND

7    EVIDENCE TO ALLOW THE COURT ULTIMATELY TO MAKE A DECISION, AND

8    WE'RE SURE THAT THE COURT WILL REACH A FAIR CONCLUSION.

9            THE COURT:  WHAT ARE YOUR COSTS?

10           MR. GIRARD:  COSTS, I BELIEVE, ARE AROUND $14,000,

11   MOST OF WHICH HAS BEEN ASSOCIATED WITH EITHER COPYING -- WE

12   INTOOK A FAIR AMOUNT OF DISCOVERY FROM CLASS COUNSEL -- AND

13   THEN LEGAL RESEARCH.

14           BUT WE DIDN'T -- WE HAVEN'T INDEPENDENTLY, FOR EXAMPLE,

15   HIRED EXPERTS OTHER THAN -- WELL, SHORT ANSWER, WE HAVE NOT.

16           THE COURT:  SO THE 4.5 MILLION THAT YOU WILL BE

17   REQUESTING INCLUDES COSTS?  YOU'RE ASKING FOR COSTS ON TOP OF

18   THAT?

19           MR. GIRARD:  IT WOULD -- IT WOULD TECHNICALLY BE ON

20   TOP.  IT'S A -- YOU KNOW, IT'S A DE MINIMIS AMOUNT.  AND, YOU

21   KNOW, THAT'S THE OUTER LIMIT OF WHAT WE WOULD SEEK.  IF IT'S A

22   CONCERN, WE CAN TREAT IT AS AN ALL-IN NUMBER.

23           THE COURT:  WELL, THERE'S NO NOTICE IN THE NOTICE

24   THAT YOU'RE EVEN GOING TO BE ASKING FOR COSTS.

25           MR. GIRARD:  YOU KNOW, AS I SAY THAT -- YOU KNOW,

```
 1     WHAT IT REALLY SAYS IS THE AMOUNT WE'RE GOING TO SEEK WILL

 2     COMPENSATE GIRARD GIBBS FOR ITS SERVICES AND PAY ITS

 3     OUT-OF-POCKET LITIGATION EXPENSES, SO IT REALLY IS AN ALL-IN

 4     NUMBER AS IT'S PHRASED AND I'M COMFORTABLE RESTING ON THAT.

 5              THE COURT:  I KNOW THERE WILL BE AN OPPORTUNITY TO

 6     CREATE A FULL RECORD ON THIS AT A LATER TIME, BUT DO ANY OF THE

 7     DEFENDANTS OR CLASS COUNSEL WANT TO BE HEARD?

 8              MR. VAN NEST:  NO, YOUR HONOR, THE DEFENDANTS DO NOT

 9     WANT TO BE HEARD ON MR. GIRARD'S FEE DEMAND.

10              MS. DERMODY:  NO, YOUR HONOR, NOT AT THIS TIME.

11              THE COURT:  OKAY.  WELL, THERE WILL BE AN OPPORTUNITY

12     TO ADDRESS THIS ISSUE AT A LATER TIME.  I WILL SAY THAT A

13     MILLION DOLLAR LODESTAR FOR WHAT YOU'VE DESCRIBED SEEMS HIGH TO

14     ME.  EVEN A $500,000 LODESTAR SEEMS HIGH FOR WHAT YOU'VE

15     DESCRIBED.

16          BUT OBVIOUSLY YOU'LL HAVE AN OPPORTUNITY TO BRIEF THIS.

17              MR. GIRARD:  I APPRECIATE THAT, YOUR HONOR, AND WE

18     CERTAINLY UNDERSTAND THAT WHAT THE COURT DOES HERE TODAY

19     DOESN'T HAVE ANY IMPACT ON HOW THE COURT ULTIMATELY DEALS WITH

20     THIS ISSUE, AND WE ACTUALLY INTEND TO MAKE THE BEST RECORD WE

21     CAN AND LOOK FORWARD TO THE COURT'S RULING.

22              THE COURT:  ALL RIGHT.  IN TERMS OF A HEARING DATE --

23     WELL, LET ME GIVE YOU SOME LITTLE NITS ON THE NOTICE BEFORE WE

24     LEAVE THAT SUBJECT.

25          I WOULD LIKE TO LOOK A LITTLE FURTHER INTO THE ISSUES THAT
```

1    WE DISCUSSED AT THE BEGINNING, BUT I WOULD LIKE, IN THE

2    MEANTIME, THESE NITS ON THE NOTICE TO BE MADE.

3         THERE ARE TWO PERIODS AT THE END OF THE SECOND PARAGRAPH

4    IN THE ANSWER TO QUESTION 16.

5              MS. DERMODY:  GOT IT, YOUR HONOR.  THANK YOU.

6              THE COURT:  YOU KNOW, IN THAT LAST PARAGRAPH OF THAT

7    SAME SECTION, I UNDERSTAND WHERE IT STATES "YOU DO NOT HAVE TO

8    PAY ANY OF CLASS COUNSEL'S OR DEVINE'S COUNSEL'S FEES, COSTS,

9    OR EXPENSES," I UNDERSTAND THAT THE CLASS WILL NOT HAVE TO MAKE

10   AN OUT-OF-POCKET PAYMENT, BUT IT IS TRUE THAT ALL OF THOSE

11   FUNDS WOULD BE DEDUCTED FROM THE SETTLEMENT FUND AND WHAT'S

12   LEFT GOES TO THE CLASS.

13        SO IN SOME RESPECTS THEY ARE INDIRECTLY PAYING FOR FEES,

14   COSTS, AND EXPENSES.  I'M WONDERING IF THERE'S SOME WAY TO -- I

15   MEAN, I DON'T HAVE A STRONG POSITION, BUT DO YOU SEE WHAT I'M

16   SAYING?

17             MS. DERMODY:  YES.

18             THE COURT:  LIKE, IT IS AN INDIRECT PAYMENT THAT THE

19   CLASS IS MAKING AND THIS MIGHT MAKE THEM THINK, "OH, WELL, THIS

20   DOESN'T AFFECT MY COMPENSATION AT ALL."

21             MS. DERMODY:  SURE.

22             THE COURT:  BUT IT REALLY DOES.

23             MS. DERMODY:  WE COULD EITHER DELETE THAT SENTENCE

24   ENTIRELY, YOUR HONOR, OR WE COULD EDIT THAT FIRST SENTENCE TO

25   ADD AT THE VERY END, "SEPARATE FROM THE SETTLEMENT FUND."

1          THE COURT:  WHY DON'T WE JUST DELETE THAT FIRST

2     SENTENCE?  SO IT'LL JUST SAY, "IF THE COURT GRANTS THE REQUEST,

3     THE FEES, COSTS, AND EXPENSES WILL BE DEDUCTED FROM THE

4     SETTLEMENT FUND."  OKAY?

5          MS. DERMODY:  YEP.  THANK YOU.

6          THE COURT:  NOW, ON PAGE 12 IN THE ANSWER TO

7     QUESTION 25, THERE ARE ALSO TWO PERIODS AT THE END OF THE

8     SENTENCE ON THE THIRD LINE.

9          MS. DERMODY:  I SEE IT, YOUR HONOR.

10         THE COURT:  AND ALSO THOSE ARROW HYPERLINKS, I ASSUME

11    THOSE WILL GET FIXED.

12         MS. DERMODY:  YES.

13         THE COURT:  OH, THERE'S ANOTHER TYPO ON THE ANSWER TO

14    QUESTION 16.  IN THE THIRD PARAGRAPH, THE REFERENCE TO WHAT'S

15    GOING TO BE PAID TO THE ESTATE OF MR. BRANDON MARSHALL, IT SAYS

16    "AS WELL AS TO $80,000 TO THE ESTATE OF FORMER CLASS

17    REPRESENTATIVE BRANDON MARSHALL."

18         MS. DERMODY:  THERE'S AN EXTRA "TO" IN THERE.

19         THE COURT:  THERE'S AN EXTRA "TO."  SO IF YOU WOULD

20    JUST DELETE THAT?

21         MS. DERMODY:  THANK YOU, YOUR HONOR.  THANK YOU FOR

22    THE CLOSE READ.

23         THE COURT:  OKAY.  I MEAN, OBVIOUSLY EVERYONE WILL

24    MAKE THEIR RECORD.  I'M -- AT THIS POINT I HAVEN'T MADE A

25    DECISION AND I'M NOT INCLINED TO KEEP WHITTLING AWAY THE MONEY

1        FOR THE CLASS.

2            BUT IN ORDER AT LEAST TO PRESERVE -- NOW, HOW MUCH WOULD

3    THAT BE?  HOW MANY CLASS REPRESENTATIVES ARE THERE?  FIVE?

4            MS. DERMODY:  FIVE, YOUR HONOR, YES.

5            THE COURT:  SO HOW MUCH WOULD THAT BE IF THEY ALL

6    MADE THAT REQUEST?

7            MS. DERMODY:  THAT WOULD BE $800,000, YOUR HONOR.

8            THE COURT:  UM-HUM.  WELL, AT THIS POINT I WILL -- I

9    MEAN, I WANT TO PROVIDE THE CLASS MAXIMUM NOTICE OF WHAT'S

10   GOING TO BE ARGUED, NOT AT ALL SAYING THAT'S WHAT'S GOING TO

11   HAPPEN, BUT THEN I GUESS WE -- WHY DON'T WE SAY, IN THE THIRD

12   PARAGRAPH IN THE ANSWER TO QUESTION 16, "PLAINTIFFS' COUNSEL

13   WILL ALSO ASK THE COURT TO APPROVE AT THE FAIRNESS HEARING

14   PAYMENTS OF UP TO."

15           MS. DERMODY:  YES, YOUR HONOR.

16           THE COURT:  I'M NOT SAYING AT ALL THAT I'M GOING TO

17   GRANT THAT.  I DON'T WANT TO KEEP SUBTRACTING MORE MONEY FROM

18   THE CLASS.

19           BUT I'LL ALLOW IT AT LEAST TO BE ARGUED OF UP TO 160,000

20   TO EACH OF THE INDIVIDUAL CLASS REPRESENTATIVES, AS WELL AS UP

21   TO 160,000 TO THE ESTATE OF FORMER CLASS REPRESENTATIVE

22   BRANDON MARSHALL.

23           OKAY.  AS FAR AS THE DATES, IF WE'RE NOT GOING TO MAKE ANY

24   CHANGES AS TO SUBSTANTIVE NOTICE ABOUT THE PRO RATA PROVISION

25   OR THE BLOW PROVISION, THEN YOU CAN JUST MAKE THESE NITS.

1       THEY'RE NOT SUBSTANTIVE.

2                   MS. DERMODY:  AND NOT RESUBMIT THEM TO YOUR HONOR?

3       IS THAT CORRECT?

4                   THE COURT:  WELL, WHY DON'T YOU -- HOW QUICKLY CAN

5       YOU DO THAT?  YOU'LL HAVE TO FILL IN THE DATES WHICH I'M ABOUT

6       TO GIVE YOU.  HOW QUICKLY COULD YOU FILE A NEW ONE?

7                   MS. DERMODY:  I THINK TODAY, YOUR HONOR.  I MEAN,

8       MAYBE JUST TO BE SAFE, TOMORROW MORNING.

9            I SHOULD CHECK WITH DEFENSE COUNSEL.

10                  THE COURT:  OKAY.  WELL, WHAT ABOUT THESE DATES:  IF

11      WE SAY TOMORROW, 20 DAYS FROM THAT WOULD BE MARCH 23RD.

12           YOU'RE SWITCHING SETTLEMENT ADMINISTRATORS?

13                  MS. DERMODY:  YES, WE ARE.

14                  THE COURT:  AND WHY IS THAT?

15                  MS. DERMODY:  WE FELT MORE COMFORTABLE WITH GILARDI

16      TO HANDLE THIS CLASS THIS TIME AROUND, YOUR HONOR.

17                  THE COURT:  BECAUSE IT'S BIGGER, OR --

18                  MS. DERMODY:  I THINK WE JUST FELT MORE COMFORTABLE

19      THAT GILARDI WOULD BE ABLE TO HANDLE THE NUMBER OF CALLS AND

20      CONTACTS.

21           I THINK IT WAS PROBABLY MORE THAN WHAT THE LAST

22      ADMINISTRATOR HAD ANTICIPATED AND WE JUST -- WE KNOW GILARDI

23      WELL FROM MANY OTHER SETTLEMENTS AND THOUGHT THEY WOULD BE

24      BETTER EQUIPPED TO HANDLE THIS PARTICULAR CLASS.

25                  THE COURT:  OKAY.  WELL, 20 DAYS FROM THAT WOULD BE

```
1      MONDAY, MARCH 23RD IF WE'RE ASSUMING THAT YOU'RE GOING TO

2      SUBMIT THE REVISED NOTICE TOMORROW, WHICH IS MARCH 3RD.

3           AND IF YOU FILE IT TODAY, ALL THE BETTER IF YOU CAN.

4           MS. DERMODY:  SURE, YOUR HONOR.

5           THE COURT:  THEN THE NOTICE, MAIL AND POSTAGE FOR

6      THAT WOULD BE APRIL 6TH; THE MOTION FOR ATTORNEYS' FEES AND

7      COSTS 31 DAYS FROM THE NOTICE DATE WOULD BE MAY 7TH; THE

8      OPT-OUT DEADLINE, OBJECTION DEADLINE, DEADLINE FOR CLASS

9      MEMBERS TO PROVIDE NOTICE OF INTENT TO APPEAR AT THE FINAL

10     APPROVAL HEARING WOULD BE 45 DAYS FROM NOTICE, WHICH WOULD BE

11     MAY 21; THE CLAIMS ADMINISTRATOR AFFIDAVIT OF COMPLIANCE WITH

12     NOTICE REQUIREMENTS WOULD BE JUNE 6TH; MOTION FOR FINAL

13     APPROVAL WOULD BE JUNE 15; REPLIES WOULD BE DUE JUNE 29TH; AND

14     THAT WOULD ALSO BE THE MOTION FOR FEES AND SERVICE AWARDS AND

15     EVERYTHING ELSE AND COSTS; AND THEN WE'D HAVE THE FINAL

16     APPROVAL HEARING ON JULY 9TH AT 1:30.

17          DOES THAT WORK FOR EVERYBODY?

18          MS. DERMODY:  THAT'S GOOD FOR US, YOUR HONOR.

19          THERE'S JUST ONE NOTE.  I DON'T KNOW IF YOUR HONOR NOTICED

20     THIS, BUT THE SETTLEMENT ADMINISTRATOR'S CERTIFICATE OF

21     COMPLIANCE DATA, DATE, JUNE 6TH, IS A WEEKEND DATE.  IT MAY

22     MAKE SENSE TO MAKE THAT JUNE 5TH OR --

23          THE COURT:  THAT'S FINE.  WHAT ABOUT JUNE 5?  THAT'S

24     FRIDAY.

25          MR. VAN NEST:  YOUR HONOR, JULY 9 FOR A HEARING AT
```

1       1:30 IS FINE WITH THE DEFENDANTS.

2               THE COURT:  OKAY, GREAT.

3           AND THAT WAS FINE WITH THE PLAINTIFFS?

4               MS. DERMODY:  IT IS, YOUR HONOR, YES.  THANK YOU.

5               THE COURT:  ALL RIGHT.  SO THEN IF YOU WOULD FILE A

6       NEW REVISED NOTICE WITH THESE NITS, AS WELL AS THE FINAL DATES

7       INSERTED, AND THEN YOU CAN FIX THESE HYPERLINKS TO THE ACTUAL

8       WEBSITES OR WEB PAGES.

9           OKAY.  WHAT ELSE?  I THINK THAT WAS IT.  I DIDN'T REALLY

10      HAVE -- OTHER THAN THOSE TWO QUESTIONS, I DO WANT TO THINK

11      ABOUT IT A LITTLE FURTHER, BUT AT THIS POINT, I'M INCLINED NOT

12      TO MAKE ANY SUBSTANTIVE CHANGES TO THE NOTICE.

13          WHAT ELSE?  ANYTHING ELSE?

14              MS. DERMODY:  NOTHING FROM US, YOUR HONOR.

15              MR. VAN NEST:  NO, YOUR HONOR.

16              THE COURT:  NO?  OKAY.  ALL RIGHT.  THANK YOU.

17              MR. VAN NEST:  THANK YOU.

18              MS. DERMODY:  THANK YOU, YOUR HONOR.

19              MR. SAVERI:  THANK YOU, YOUR HONOR.

20              MR. STONE:  THANK YOU, YOUR HONOR.

21          (THE PROCEEDINGS WERE CONCLUDED AT 2:53 P.M.)

22

23

24

25

1

2

3                          CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____

      LEE-ANNE SHORTRIDGE, CSR, CRR
17    CERTIFICATE NUMBER 9595

18         DATED:  MARCH 16, 2015

19

20

21

22

23

24

25