1017 Ocean Avenue Apt 7
San Francisco, CA 94112

March 21, 2015

Honorable Lucy H. Koh
280 South First Street, #4050.
Courtroom 8 - 4th Floor
San Jose, CA 95113

Re: High-Tech Employee Antitrust Litigation
11-CV-2509-LHK (N.D. Cal.)

**RECEIVED**

MAR 2 7 2015

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose Division

Dear Judge Koh:

I am writing as a class member in the High-Tech Employee Antitrust case. I urge you to reject the recent motion by our legal "representatives" for a $415M settlement.

The legal teams on both sides are advising that *"[T]he consideration—a total of $415 million—is substantial, particularly in light of the very real risk that the jury could find no liability or award no damages, and any jury verdict would be subject to appellate review…"*.

You should reject this argument on two grounds.

First, this settlement, while large in absolute terms, is nowhere close to *substantial* in light of:
   a. the size of these companies, which are over *$1.3 trillion* in combined market valuation;
   b. the role that the plaintiffs have played in their companies' market success (the companies would not exist in their current form without these employees); and
   c. the size of the settlement per employee -- about 1% of their total salaries over the period of interest -- compared with damages per employee -- easily 10% and likely much more.

Second, given that this settlement is not *substantial*, the possibility of a jury awarding no damages does not constitute a *very real risk*.

You have surely heard evidence of lost wages in this case. I can offer my own experience. I have worked at Google in two separate periods: 2005 to 2008 and 2013 to present. My offer in 2013, *after* the antitrust period -- was over *three times as high* as my offer in 2005 and *two times as high* as my compensation when I left Google in 2008 [1]. Over the the period of the lawsuit, this difference amounts to hundreds of thousands of dollars. A per-employee settlement of $6484 (minus legal fees) does not address the damages we have seen.

To be sure, there would be a significant risk to class members to *not* take this to trial. We stand to lose less than $5000 -- roughly a paycheck -- after legal fees. We stand to gain much more if this were to go to trial. Further, the defendant companies will have no reason *not* to repeat their behavior again unless this is taken to trial.

I can assure you that the vast majority of our class would fully support your rejection of this settlement. Further, we would be comfortable with such a decision even if we lose the case at trial. Here are just a few comments in response to an article about the proposed $415M settlement on the high tech news website Ars Technica [2]:

- *I wouldn't cash that check on principle. What a joke.*
- *I'm not a member of this class, but if I was, I'd hate this settlement... If you actually do the math on how much money these companies saved by breaking antitrust laws, $6500 per worker doesn't come close.*
- *... [It] seems kind of gross. Lawyers get rich, companies get a slap on the wrist and carry on as normal, and the people actually harmed get a pittance.*
- *I vomited a little in my mouth. Actually, not so little.*

I encourage you to consider alternatives to a settlement which may be within your powers as Judge. Presiding over such a case in Silicon Valley -- a global hub of innovation -- I hope you feel empowered to find creative solutions for this case, to set precedent for future class actions, and even to set the precedent for what is considered acceptable fiduciary duty by law firms representing class actions. Creative solutions might involve insurance arrangements or allowing employees to crowdfund a legal team to take the case to trial by jury. This is an historic case, and we have the opportunity to do much more with it than simply to let the lawyers representing the class and the defendants (but not the harmed party) win. At the very least, I hope you can either reject the motion or allow class members to opt out of the settlement.


Best Regards,

*[signature]*

Sean Gerrish
Software Engineer at Google
sean.gerrish@gmail.com
650-861-2108

[1] My salary numbers include base salary, bonus, and an estimate of stock-based compensation when the this stock was granted. I am happy to provide further details, including offer letters, upon your request.
[2] A comment thread on the high-tech news site Ars Technica. Short url: http://goo.gl/YyKZAu. Full url: http://arstechnica.com/tech-policy/2015/01/apple-google-give-high-tech-workers-an-extra-90-million-in-no-poach-suit/?comments=1

Sean Gerrish
1017 Ocean Avenue Apt 7
San Francisco, CA 94112

Lucy H. Koh
San Jose Courthouse, Courtroom 8 - 4th Floor
280 South 1st Street
San Jose, CA 95113