Daniel C. Girard (State Bar No. 114826)
Dena C. Sharp (State Bar No. 245869)
Elizabeth A. Kramer (State Bar No. 293129)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:     (415) 981-4800
Facsimile:     (415) 981-4846
Email:  dcg@girardgibbs.com
Email:  chc@girardgibbs.com
Email:  eak@girardgibbs.com

Counsel for Class Representative
Michael Devine

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CLASS ACTION**<br><br>**DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD**<br><br>Judge:      Hon. Lucy H. Koh<br>Courtroom: 8, 4th Floor<br>Date:       July 9, 2015<br>Time:       1:30 p.m. |

I, Daniel C. Girard, declare as follows:

1.  I am an attorney licensed to practice in the Northern District of California.  I am a partner at the firm of Girard Gibbs LLP, counsel for class representative Michael Devine.  I have personal knowledge of the facts set forth herein and could testify to them if called as a witness.

2.  I am a member in good standing of the bar of the State of California; the United States District Court for the Central District of California, Eastern District of California, Northern District of California, Southern District of California, and District of Colorado; the United States Court of Appeals for the First Circuit, Second Circuit, Fourth Circuit, Fifth Circuit, Seventh Circuit and Ninth Circuit; and the United States Supreme Court.

3.  My firm was retained by Michael Devine following a disagreement that arose between him and Class Counsel concerning a proposed $324.5 million settlement with defendants Adobe Systems, Apple, Google and Intel Corporation.  Girard Gibbs appeared in the litigation on behalf of Mr. Devine on May 23, 2014, and filed a memorandum in opposition to preliminary approval on June 5.  On June 19, I appeared at the preliminary approval hearing and argued in opposition to the motion.  On August 8, the Court denied preliminary approval.  I then participated in settlement negotiations that led to an agreement to settle this litigation for $415 million, an improvement of $90.5 million over the previous settlement proposal.

4.  This declaration is made in support of my firm's motion for an award of attorneys' fees and expenses and in support of Michael Devine's motion for an incentive award.  In this declaration, I describe my professional experience relevant to the representation of Mr. Devine, the services my firm provided, the identity and billing rates of the professionals who worked on the case, the costs incurred, and the reasons why I believe the Court should grant Mr. Devine's motion for a service award.

**Relevant Experience**

5.  I was admitted to the California State Bar and the Northern District of California in 1984. I practiced initially as an associate with Brobeck, Phleger & Harrison.  I joined Lieff Cabraser & Heimann as an associate in November 1987.  I was made a partner after one year and practiced at that firm until late 1994.  I founded Girard Gibbs LLP (initially Girard & Green) in 1995, and have practiced

1

as a member of that firm from 1995 to the present.   I have devoted the majority of my professional time to class action litigation since 1987.  I have served as lead counsel, liaison counsel or as a member of an executive committee in numerous class actions.

6.      In August 2004, the late Chief Justice William Rehnquist appointed me to the United States Judicial Conference Advisory Committee on Civil Rules.  I was reappointed to a second term by Chief Justice Roberts in 2007 and completed that second term in April 2010.  I have also appeared before the United States Judicial Conference Standing Committee on the Rules of Practice and Procedure on two occasions as an expert on class actions and complex litigation.  I am a member of the American Law Institute and served as a member of the ALI Aggregate Litigation Project Members' Consultative Group.

7.      I have been named among the highest class of attorneys for professional ethics and legal skills with an *AV-Preeminent* rating by Martindale Hubbell.  I was named in *The Best Lawyers in America* (2012-2015) for my work in class action and securities litigation.  I was also recognized by *Best Lawyers* as the 2013 "Lawyer of the Year" in San Francisco for Mass Tort Litigation/Class Actions - Plaintiffs.  I have been consistently honored as a *Northern California Super Lawyer* (2007-2015) and included among the "Top 100 Super Lawyers" in Northern California.

8.      Girard Gibbs is a 20-lawyer firm dedicated to serving plaintiffs in class actions and aggregate litigation.  The firm has successfully represented plaintiffs in class actions involving shareholder rights, securities, antitrust, consumer, privacy, employment, and civil rights laws.  The firm also provides litigation and advisory services on a non-contingent basis to corporate and public entity clients.

9.      Girard Gibbs was distinguished as a Tier 1 law firm for plaintiffs' mass tort and securities litigation in the 2013-2015 "Best Law Firms" list.  The National Law Journal named Girard Gibbs to its elite "Plaintiffs' Hot List" for 2012, a selection of top U.S. plaintiffs' firms recognized for wins in high-profile cases.  Fourteen of the firm's attorneys have been selected as Northern California Super Lawyers and Rising Stars.  The firm has repeatedly been appointed to leadership positions in federal and state

2

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

courts throughout the United States.  Girard Gibbs's resume, attached as Exhibit 1, provides more detailed information about the firm's experience in litigating class actions and other complex cases.

**Litigation Team**

10.     I was at all times responsible for supervising the work done on behalf of Mr. Devine. Two other attorneys at my firm also worked on the case on a consistent basis:

- **Amanda Steiner** is a partner at Girard Gibbs with 17 years of experience litigating class actions and other complex cases.  Ms. Steiner was principally responsible for legal research and briefing, including preparing our memorandum in opposition to preliminary approval and opposing the petition for writ of mandamus filed by the defendants and the motions for leave to file amicus briefs in support of the petition.

- **Elizabeth Kramer** is an associate at Girard Gibbs who has specialized in class actions since joining the firm as a summer associate in 2011.  Ms. Kramer was responsible for research support, assisting with preparation for oral argument, coordinating client communications, and overall associate support.

11.     Ms. Steiner, Ms. Kramer and I billed 84% of the hours (and 89% of the lodestar) recorded by my firm in this matter.  In addition, partner Dena Sharp assisted with electronic discovery matters when the firm was initially retained, and associates Scott Grzenczyk and Adam Polk provided research support on discrete topics.  Additional information about these attorneys' qualifications and experience can be found in the Girard Gibbs firm resume, attached as Exhibit 1.

12.     Paralegal support was initially provided by Mari Takemoto-Chock.  She left the firm in June 2014 to attend Stanford Law School. After that date, Navneet Mattu provided paralegal support.

**Work Performed**

13.     Michael Devine retained Girard Gibbs on May 16, 2014, after he learned about the proposed $324.5 million settlement.  I agreed to represent Mr. Devine because it was apparent he was having difficulty securing a qualified attorney and I believed that our firm was uniquely qualified to advise him and present his position to the Court.

14.     The services provided by Girard Gibbs consisted initially of opposing the motion for

3

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

preliminary approval of the $324.5 million settlement.  With the opposition deadline a couple of weeks away and the preliminary approval hearing about a month from when we were retained, we had limited time to prepare papers in opposition to the settlement and prepare for oral argument.  We undertook an evaluation of the proposed settlement in light of the case's procedural posture, the evidence in the record, and the case law.

15.     Our analysis included a review of the motion for preliminary approval and supporting documents to assess Class Counsel's reasons for advocating approval of the proposed settlement.  To compare the proposed settlement with the potential results at trial, we reviewed and analyzed key motions, evidence and orders from the litigation.  We researched preliminary approval decisions issued by federal courts around the country, as well as settlements and verdicts in other antitrust cases.  We reviewed the briefing and the Court's order relating to the earlier settlement with defendants Lucasfilm, Pixar, and Intuit, which provided background for the proposed settlement.  We also consulted at length with Mr. Devine, who was familiar with much of the evidentiary record after participating actively in the litigation for several years.

16.     We filed an opposition to the proposed settlement on Mr. Devine's behalf on June 5, 2014.  In the opposition, we argued that because of the strength of the case and the defendants' ability to pay more, $324.5 million was an unjustified discount on the $9 billion the plaintiffs could potentially recover at trial.  We argued that the plaintiffs were negotiating from a position of strength because the Court had granted class certification, denied motions for summary judgment, and extensively analyzed and ultimately approved the plaintiffs' damages methodology.  We also argued that the Court should give the proposed settlement a hard look at the preliminary approval stage and provide the parties feedback on any concerns, rather than take the traditional approach of postponing close scrutiny until final approval.  *See* ECF No. 934.

17.     Class Counsel filed a reply to our opposition, arguing that a district court's role at preliminary approval is limited to guarding against procedural unfairness and ensuring that the settlement is at least sufficient to warrant noticing the class.  Class Counsel argued that the proposed $324.5 million reflected the substantial risk of the class recovering nothing at trial given challenges to

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

1    the plaintiffs' damages model, possible unfavorable pretrial determinations, and jury prejudice against

2    tech workers.  *See* ECF No. 938.

3         18.     The Court held a preliminary approval hearing on June 19, which I attended with Mr.

4    Devine.  The Court questioned Class Counsel and defense counsel about whether the defendants were

5    paying a lower proportion of their potential damages liability as compared to the defendants who had

6    settled earlier in the case and if so, why.  Class Counsel discussed the risks they had identified in their

7    briefing and the possibility that the plaintiffs could lose at trial.  Google's counsel argued that the

8    proposed settlement compared favorably to the earlier settlements with Lucasfilm, Intuit and Pixar based

9    on the companies' relative shares of employees.  He explained that the earlier settling defendants

10   employed 8% of the class and paid $20 million to settle, so it was appropriate for the defendants who

11   employed the remaining 92% of the class to pay approximately $230 million.  I pointed out that the

12   settling parties had justified the earlier settlements by reference to the percentage of the salary paid by

13   those settling defendants (5%) compared to the total salary paid by all defendants during the class

14   period, not the percentage of total class members employed by those defendants (8%).  I argued that if

15   the salary metric was used, the value of a global resolution (including the $20 million already paid by

16   Lucasfilm, Intuit and Pixar) would be $400 million.  *See* ECF No. 940.

17        19.     The Court denied the motion for preliminary approval on August 8 on the grounds that

18   the amount of the settlement was not within the range of reasonableness.  The Court explained that the

19   earlier settlements set a benchmark of $380 million based on the percentage of total salary paid by the

20   defendants during the class period.  The Court found the discount from this benchmark was "particularly

21   troubling in light of the changes in the procedural posture of the case between the two settlements,"

22   since the Court had granted class certification, the Ninth Circuit had denied the defendants' Rule 23(f)

23   petition, the plaintiffs had defeated five summary judgment motions, and the Court had denied the

24   defendants' motion to exclude the plaintiffs' principal expert on antitrust impact and damages.  The

25   Court also discussed at length the strength of the evidence of the defendants' liability.  *See* ECF No.

26   974.

27

28

5

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

20.     Following the Court's order, we met with Mr. Devine to discuss how to proceed.  Mr. Devine authorized me to work with Class Counsel to renew settlement discussions through the mediator, the Honorable Layn Phillips (Retired).  So that he would be in a position to consider the merits of any future settlement proposal, Mr. Devine asked for our advice in regards to the risks of continued litigation and trial.  Mr. Devine has a sophisticated understanding of the issues in this case, having worked in the industry for many years and participated actively in the litigation before he retained us.  He wanted to be fully informed about the potential risks of litigation so that he could participate effectively in the renewed settlement negotiations and requested our advice on these issues.

21.     At the preliminary approval hearing, Class Counsel said that their jury testing raised concerns about the potential outcome of a trial on the merits, and defense counsel also remarked that convincing a jury that wages had been suppressed presented a significant risk to plaintiffs.  To advise Mr. Devine about these risks we watched portions of the videos of Class Counsel's focus group and mock trial work.

22.     Because Class Counsel and the defendants also cited pending pretrial motions as presenting some risk to the plaintiffs' case at trial, we read the motions and researched the merits.  The motions addressed the legal standard that would apply to the determination of antitrust liability and the evidence that would be admitted at trial.  We analyzed the probable outcome of each motion and its effect on the plaintiffs' case at trial.

23.     We also evaluated the plaintiffs' damages model since Class Counsel and the defendants had identified possible weaknesses that created a risk for trial.  We provided Mr. Devine with written reports analyzing these issues, and discussed our assessment with him in person and in several conference calls so that he could understand how these issues might impact the plaintiffs' likelihood of success and potential recovery at trial.

24.     On September 4, 2014, the defendants filed a petition for writ of mandamus with the Ninth Circuit, seeking an order vacating the Court's denial of preliminary approval and directing the Court to preliminarily approve the $324.5 million settlement.  The defendants argued that the Court's reference to the benchmark set by the earlier settlements imposed a rigid formula that is clearly

6

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

erroneous under Ninth Circuit precedent.  They also argued that the Court's analysis of the strengths and

weaknesses of the plaintiffs' case was unfair and incomplete, and ignored the views of experienced

counsel who negotiated the settlement.  *See In re Adobe Systems, Inc.,* No. 14-72745 (9th Cir. Sept. 4,

2014), ECF No. 1.

25.     We believed a strong argument existed that the defendants' petition was moot.  Under the

settlement agreement, the parties agreed that if the Court denied preliminary approval, "the case will

proceed as if no settlement had been attempted."  Therefore, the settlement agreement expired when the

Court denied preliminary approval, and the Ninth Circuit could not direct the Court to approve an

expired agreement.  It was our position that the defendants should withdraw their petition.  I sent a letter

to defense counsel asking them to withdraw the petition.  Class Counsel sent a similar letter to defense

counsel.  *See In re Adobe*, ECF No. 4 at 24.

26.     The defendants took the position that the settlement agreement was still in effect, because

if the Ninth Circuit were to vacate the Court's order denying preliminary approval, the Court's denial of

preliminary approval would have no effect and the agreement would not have expired.  They also

insisted that Class Counsel were bound to support the petition because the settlement agreement requires

the parties to "cooperate and work together in order to effectuate the settlement."  In the defendants

view, the plaintiffs' failure to support the writ petition (or their decision to oppose it) would violate the

terms of the settlement agreement and the covenant of good faith and fair dealing.  *In re Adobe*, ECF

No. 4 at 26-27.

27.     On September 22, the Ninth Circuit issued an order stating that the defendants' petition

for mandamus "raises issues that warrant a response."  *In re Adobe*, ECF No. 2.

28.     We filed a response to the petition on Mr. Devine's behalf.  We argued that the petition

should be dismissed because it was moot and the Ninth Circuit lacked jurisdiction to entertain it.  We

argued, in the alternative, that the petition should be denied because the defendants failed to establish

any basis for the Ninth Circuit to undertake the "drastic and extraordinary" remedy of mandamus relief.

We pointed out that the Court did not commit clear error because it applied the proper legal analysis to

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

the facts and circumstances of the case, and exercised appropriate discretion in finding that the

settlement did not merit preliminary approval.  *In re Adobe*, ECF No. 6.

29.     Two groups filed motions for leave to file briefs as amicus curiae.  The first was a group

of eight economists who argued that the Court's benchmarking against the earlier settlements "ignores a

number of economic factors" and if adopted by other courts, would deter "socially efficient" settlements.

*In re Adobe*, ECF No. 8.  The second was the Chamber of Commerce of the United States and the

California Chamber of Commerce, who argued that the Court's rejection of a non-collusive, arm's-

length settlement agreement ran afoul of the federal policy favoring settlement.  They also echoed the

defendants' argument that the Court erred in using a formulaic approach to evaluating the proposed

settlement.  *In re Adobe*, ECF No. 9.

30.     We opposed the motions for leave to file briefs as amicus curiae, arguing that the motions

were untimely and should also be denied because the defendants' writ petition was moot and must be

dismissed for lack of jurisdiction.  We also argued that the motion filed by the Chambers of Commerce

should be denied because their brief was duplicative of the points raised by the defendants and would be

of no assistance to the Ninth Circuit.  *In re Adobe*, ECF No. 13.

31.     On December 29, 2014, the Ninth Circuit entered an order scheduling oral argument for

March 13, 2015.  *In re Adobe*, ECF No. 19.

32.     While the defendants' writ petition was pending, the parties were engaged in renewed

settlement discussions with the assistance of Judge Phillips.  We maintained regular contact in the

months that followed.

33.     I conferred with Class Counsel extensively throughout the negotiations.  At the outset, we

discussed our obligations to our respective clients, and how we could carry out those duties responsibly

without undermining our shared goal of maximizing recovery for the class.  Further description of these

communications and our negotiating strategy would require disclosure of confidential communications,

but I spoke frequently with Ms. Dermody and Mr. Saveri.  I believe we were effective in coordinating

our positions with the mediator to maximize our negotiating position.

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

34.     I also communicated regularly with Mr. Devine.  I advised him of the other parties'
positions so that he would understand the competing perspectives.  In addition, I continued to advise Mr.
Devine about weighing settlement against the risks posed by continued litigation, including the risk
associated with the defendants' writ petition.  It was essential that Mr. Devine remain fully informed
about these matters so that he could timely respond to proposals and provide the authorization I needed
to participate in ongoing negotiations.

35.     After several months of vigorous bargaining, the parties had thoroughly explored the
merits of their respective positions following the rejection of the $324.5 million settlement proposal.
Judge Phillips supervised ongoing negotiations and eventually the parties agreed to a resolution of all
class claims for $415 million.

36.     After the parties agreed to the $415 million settlement, we participated in finalizing the
settlement agreement and related documents.  We analyzed all the settlement materials, discussed
potential issues with Mr. Devine, and exchanged drafts and negotiated revisions with Class Counsel.

37.     Class Counsel filed a motion for preliminary approval of the proposed settlement on
January 15, 2015.  We filed a joinder and a declaration from Mr. Devine the next day.  ECF No. 1041.

**The Requested Fee Award**

38.     Girard Gibbs moves for an "all-in" award of attorneys' fees and expenses of $4,523,500,
equal to 5% of the $90.5 million that has been added to the settlement fund as a result of Mr. Devine's
objection and the settlement negotiations that followed the Court's denial of preliminary approval.  This
amount is equal to 1.09% of the total settlement fund of $415 million.

39.     My firm has represented Mr. Devine on a fully contingent basis.  In doing so, we were
precluded from taking on and devoting resources to other cases and potential new matters.  We are
applying for compensation calculated as a percentage of the recovery.  As discussed in Professor Charles
Silver's report, a copy of which is attached as Exhibit 2, the percentage method should be applied
because attorneys reasonably expect that if they invest in a case on a contingent basis their compensation
will correspond to the results achieved.  The percentage method also aligns the attorneys' interest in

9

1    compensation with the interest of the class in achieving a maximum recovery as quickly and efficiently

2    as possible.

3        40.    In agreeing to represent Mr. Devine in this matter, my firm assumed a number of

4    significant risks.  We assumed the risk we would not be paid, since we undertook Mr. Devine's

5    representation on a contingent basis.  We also took a professional risk given the negative view of

6    objectors' counsel generally and among our colleagues in the plaintiffs' bar in particular.  My firm does

7    not make a practice of representing objectors to class action settlements.  Instead, we represent plaintiffs

8    who bring class action cases and we often work cooperatively with other plaintiffs' firms in pursuing

9    these cases.  Representing Mr. Devine in this matter risked putting the relationships my firm has

10   developed with Class Counsel and other plaintiffs' firms in jeopardy.  I recognized that we would have

11   faced substantial criticism if an improved settlement was not reached and the case was lost at trial.

12       41.    Based on my experience in class action litigation, I knew that Mr. Devine had only a slim

13   chance of successfully opposing as insufficient a $324.5 million settlement.  Courts generally defer to

14   the judgment of class counsel when objectors argue that a settlement fund is insufficient.  But I

15   recognized that the circumstances were unique and it was possible that the Court would agree with Mr.

16   Devine's position.  I committed resources to this matter with the expectation that if our participation

17   resulted in an increased settlement for the class, my firm would be compensated in relation to the

18   additional amount recovered.

19       42.    My firm undertook substantial and challenging work in connection with this case.  To

20   persuasively advance Mr. Devine's position, we were required to come up to speed on a highly complex

21   case in a short time.  After the Court denied preliminary approval, we opposed the defendants' writ

22   petition and did the work necessary to advise and represent Mr. Devine in renewed settlement

23   negotiations.

24       43.    The proposed $415 million settlement fund exceeds the prior settlement proposal by

25   $90.5 million, and is $35 million more than the benchmark cited by the Court in denying preliminary

26   approval of the prior proposed settlement.  In addition, since Class Counsel are not seeking a fee on the

27   $90.5 million, and our request is for only 5% of that amount, the class will net a much higher percentage

28

10

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

of the $90.5 million than if the Court awarded a fee on the total settlement amount at the 25% benchmark percentage.

44.      In further support of calculating the fee award in this matter on a percentage basis, I submit the following information about Girard Gibbs's retention agreements in non-class contingency cases.  The firm is occasionally retained by public entity and corporate clients to provide litigation services.  In non-class contingency matters the firm negotiates retention terms with in-house attorneys who are experienced in and knowledgeable about compensating outside counsel.  When our firm is retained by corporate and institutional clients in contingency matters, we are almost always compensated based on the amount recovered rather than by reference to the amount of time our firm devotes to the litigation.  We provided examples of these agreements to Professor Silver, who discusses some of them in his report.

**Billing Records and Expenses**

45.      Below is a chart identifying each professional who billed time to this matter as well as the number of hours for which compensation is sought and the relevant billing rates:

| Professional | Position | Total Hours | Billing Rate | Lodestar |
|---|---|---|---|---|
| Daniel Girard | Partner | 241.9 | 845 | $204,405.50 |
| Amanda Steiner | Partner | 234.7 | 650 | $152,555.00 |
| Dena Sharp | Partner | 30.6 | 565 | $17,289.00 |
| Scott Grzenczyk | Associate | 30.4 | 385 | $11,704.00 |
| Adam Polk | Associate | 72.0 | 385 | $27,720.00 |
| Elizabeth Kramer | Associate | 293.7 | 350 | $102,795.00 |
| Mari Takemoto-Chock | Paralegal | 4.5 | 190 | $855.00 |
| Navneet Mattu | Paralegal | 8.4 | 190 | $1,596.00 |
| **Total** | | **916.20** | | **$518,919.50** |

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

46.     The summary information in this chart was drawn from detailed time records that were contemporaneously maintained by the professionals at Girard Gibbs.  The time records identify the date of the activity, the professional who performed the work, a description of the legal services performed, and the amount of time spent in increments of one-tenth of an hour.  A copy of the time records is attached as Exhibit 3.  We have carefully reviewed the time records and exercised billing judgment to eliminate any duplication and work that was not performed for the benefit of the class.  I believe that the time recorded in this matter is reasonable in light of the needs of the case and the services we performed.

47.     The hourly rates for each professional are their current billing rates.  Based on my professional experience and my knowledge of the type and caliber of the work performed in this matter, I believe Girard Gibbs's billing rates are commensurate with the rates charged by other firms with similar experience and expertise in the field in this market.  The hourly rates are the same as the regular current rates charged for our services in non-contingent matters.  Girard Gibbs sets its hourly rates based on arm's-length negotiations with sophisticated in-house attorneys, law firm surveys published by the National Law Journal, and our review of the hourly rates charged by other plaintiffs' attorneys in comparable litigation.

48.     The firm's rates have been approved by courts throughout the United States.  The following list provides a sample of cases in which the firm's billing rates were approved:

- Order of Final Approval and Judgment, *Skold v. Intel Corp.*, No. 1:15-cv-039231 (Santa Clara County Superior Court Jan. 29, 2015), ECF No. 589.
- Order Granting Plaintiff's Motion for Attorneys' Fees and Costs, *Benner v. R.C. Chronicle Building, L.P.*, No. CGC-12-527401 (San Francisco County Superior Court April 2, 2015).
- Pretrial Order No. 80, *In re Lehman Brothers Holdings Securities & ERISA Litigation*, No. 09-MD-2017-LAK-GWG (S.D.N.Y. April 1, 2014), ECF No. 1393.
- Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement and Attorneys' Fees and Costs, *Shurtleff v. Health Net of California, Inc.*, No. 34-2012-00121600-CU-CL-GDS (Sacramento County Superior Court June 14, 2014), ECF no. 124.
- Memorandum and Order Regarding Motions for Final Approval of Class Action Settlement,

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

Award of Attorney's Fees, and Reimbursement of Expenses, *Mitchell v. Acosta, Inc.*, No. 11-01796-GAF-OP (C.D. Cal. Sept. 10, 2013), ECF No. 227.

- Final Approval Order and Judgment, *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, No. 09-MD-02032-MMC (N.D. Cal. Nov. 19, 2012), ECF No. 386.

- *Sugarman v. Ducati North America, Inc.*, No. 5:10-cv-05246-JF, 2012 WL 113361, at *6 & n.7 (N.D. Cal. Jan. 12, 2012).

- *In re Mercedes-Benz Tele Aid Contract Litig.*, No. 07-02720, 2011 WL 4020862, at *7 (D.N.J. Sept. 9, 2011).

- Order Granting Plaintiffs' Motion for Approval of Attorneys' Fees, Service Awards, and Reimbursement of Expenses, *In re Pre-filled Propane Tank Marketing & Sales Practices Litig.*, No. 4:09-cv-00465-GAF (W.D. Mo. Oct. 20, 2010), ECF No. 164.

- Order Granting Plaintiffs' Motion for Approval of Attorneys' Fees, Service Fees, and Reimbursement of Expenses, *In re H&R Block, Inc., Express IRA Marketing Litig.*, No. 4:06-md-01786 (W.D. Mo. May 17, 2010), ECF No. 232.

49.     The award we are requesting represents an 8.7 multiplier on our lodestar.  I believe that the fee we have requested is fair and reasonable, and should be awarded.

50.     Our fee request includes unreimbursed out-of-pocket expenses in the amount of $16,603.06, as show in the chart below.  The expenses were necessary to our representation of Mr. Devine in this matter.

| Category | Amount |
|---|---|
| Court reporters and transcripts | $229.40 |
| Federal Express, mailing and messenger services | $100.13 |
| Ninth Circuit filing fee | $43.00 |
| Internal copying and printing | $799.50 |
| Online legal research* | $15,206.91 |
| Telephone | $108.37 |

13

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

| Category | Amount |
|---|---|
| Travel and parking | $115.75 |
| **Total** | **$16,603.06** |

\* The charges for online legal research are for out-of-pocket payments to the vendors for research in connection with this matter. Online research is billed to each case based on actual time at a set charge by the vendor. There are no administrative charges included.

51.  These expenses are reflected in the books and records of my firm. Copies of receipts and invoices are attached as Exhibit 4. Girard Gibbs does not request separate compensation for these expenses but proposes instead that they be included in the 5% fee the firm requests.

**Mr. Devine's Requested Service Award**

52.  Mr. Devine has requested a service award in the amount of $160,000 in recognition of his contributions as a class representative. He has submitted a declaration in support of this motion that details the work he performed and the risk he assumed in stepping forward to represent the class in this case. I believe that Mr. Devine's extraordinary dedication and the results he achieved merit a $160,000 service award.

53.  Mr. Devine expended substantial time and energy to pursue the class's claims since filing one of the first lawsuits alleging these antitrust claims four years ago. He was actively involved in the case and fulfilled all of his duties as a class representative.

54.  Serving as a class representative in a case of this nature has the potential to jeopardize an individual's future employment prospects. Companies are often averse to hiring someone involved in a lawsuit, and that reluctance is magnified when the individual has sued his employer in a high profile case like this one. Because of his skill set and experience, Mr. Devine expects that he will continue to work in the high-tech industry, where the defendants are powerful and influential, and his involvement in this lawsuit has been widely reported in the media. Mr. Devine believes his service as a class representative will limit his employability and earning potential in the future. Based on my understanding of hiring practices in the industry, I believe his concerns are well founded.

14

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

55.     Mr. Devine also took the unusual step of opposing the settlement that had been negotiated by his counsel.  His decision was courageous.  It would have been much easier for him to support the proposed settlement, collect a potential $80,000 service award, and essentially be done with the matter a year ago.  Instead, he decided to oppose the settlement, and took on the challenge of seeking a better result for the class.

56.     Mr. Devine worked closely with us to develop his opposition and present it to the Court. After the $324.5 million settlement was rejected, he dedicated time and energy to months of hard-fought negotiations that resulted in a $90.5 million increase to the settlement.  Opposing the initial settlement raised Mr. Devine's profile and put his future employment prospects at even greater risk.  Opposing the $324.5 million settlement also caused him a great deal of stress, especially because there was a chance that no better result for the class would ever be achieved.

57.     I witnessed the dedication with which Mr. Devine carried out his fiduciary obligations to the class.  In light of Mr. Devine's vigorous pursuit of this litigation, the real sacrifices he has made to protect the interests of the class, and the extraordinary results his contributions achieved for the class, I believe Mr. Devine's requested service award is fair, reasonable, and should be granted.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th day of May, 2015 in San Francisco, California.


                                              */s/Daniel C. Girard*
                                               Daniel C. Girard

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 7, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF on all counsel of record.

                  */s/ Daniel C. Girard*
                    Daniel C. Girard

DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SEVICE AWARD
CASE NO. 11-CV-2509-LHK