Daniel C. Girard (State Bar No. 114826)
Dena C. Sharp (State Bar No. 245869)
Elizabeth A. Kramer (State Bar No. 293129)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:     (415) 981-4800
Facsimile:      (415) 981-4846

*Counsel for Class Representative Michael Devine*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF MICHAEL DEVINE IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD**<br><br>Judge:         Hon. Lucy H. Koh<br>Courtroom:  8, 4th Floor<br>Date:           July 9, 2015<br>Time:          1:30 p.m. |

I, Michael Devine, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and could competently testify thereto if called as a witness.

2. I worked for defendant Adobe Systems, Inc. as a Computer Scientist/Software Developer on a salaried basis from October 2006 through July 2008.

3. I learned that Adobe and the other defendants had entered into agreements to reduce competition for tech industry labor. I believed that my compensation was directly impacted by these agreements and that employees like me also had their wages artificially and unlawfully suppressed.

4. I also believed that, without individuals willing to serve as class representatives, the defendants would not compensate their employees for the pay that was unlawfully denied them, and would not be deterred from engaging in similar conduct in the future.

5. In April 2011, I retained the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, to represent me. I authorized Lieff Cabraser to file a class action lawsuit asserting my claims in Santa Clara County Superior Court on June 28, 2011. The defendants removed the case to the United States District Court for the Northern District of California, where it was consolidated with four similar cases. On October 24, 2013, the Court certified the class and appointed me as a class representative.

6. I opposed the $324.5 million settlement that the three other class representatives and the defendants agreed to and submitted to the Court for preliminary approval in May 2014. I retained the law firm of Girard Gibbs LLP to represent me in presenting my opposition to the Court. After the Court denied preliminary approval of the proposed settlement, Girard Gibbs participated in negotiations on my behalf that resulted in the $415 million settlement that is now before the Court.

7. I support the proposed $415 million settlement. I also support the application by Girard Gibbs for an award of attorneys' fees and reimbursement of expenses and for a service award for me for my role as a class representative. I have vigorously pursued this litigation on behalf of the class for nearly four years. Based on my records and best recollection, I estimate that I have spent 280 hours on work that benefited the class.

1

DECLARATION OF MICHAEL DEVINE IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

**My Work on Behalf of the Class from April 2011 to May 15, 2014**

8. Between April 2011 and May 2014, I devoted approximately 160 hours to work on behalf of the class. After retaining Lieff Cabraser in April 2011, I assisted in the initial investigation of the case and the preparation and development of my complaint.

9. I preserved all of my potentially relevant materials about my claims and the defendants, and collected documents to be produced in discovery. This required a search through my hard copy files and electronically stored information from several sources, including my personal email. I helped my attorneys review my documents and prepare responses to discovery requests. I also prepared and verified my responses to interrogatories and updated those responses.

10. I spent time preparing for my deposition by reviewing documents and meeting twice with my attorneys, and then sat for a full-day examination on October 24, 2012. Afterwards, I reviewed my deposition transcript for errors.

11. I reviewed and provided input on documents filed with the Court, including the consolidated amended complaint, and the initial and supplemental motions for class certification. For example, I drew on my extensive experience in the tech industry to discuss the proposed class definitions with my attorneys. I also attended key hearings, including the January 26, 2012 motion to dismiss hearing and the August 8, 2013 motion for class certification hearing.

12. I maintained regular contact with my attorneys by phone and email to discuss various aspects of the litigation. At times this entailed lengthy conversations, and exchanging multiple emails a day.

13. I also participated in mediation sessions and contributed my views on settlement strategy. I supported the settlements the plaintiffs reached with defendants Lucasfilm, Pixar, and Intuit. Although the $20 million was low compared to the potential recovery at trial, I knew that the class would be able to seek greater damages from the remaining defendants and that the recovery and cooperation from the settling defendants would help in the ongoing litigation. Also, the Court had not yet granted class certification. Under these circumstances, I thought the settlements were in the best interests of the class.

**My Opposition to the Proposed $324.5 Million Settlement**

14. Class Counsel and I disagreed on the merits of the proposed $324.5 million settlement with defendants Adobe, Apple, Google and Intel. I felt that in order to protect the interests of the class, I would need to oppose the settlement through independent counsel.

15. At the time, the case was almost ready for trial, and both Class Counsel and the defendants strongly supported the $324.5 settlement. I knew that to oppose the settlement, I would need attorneys who (1) were capable of getting up to speed very quickly on a complex case; (2) could present a convincing opposition despite the momentum toward settlement; (3) were willing to go up against a unified front of highly reputable firms and some of the most powerful technology companies in the world; and (4) had the skill and credibility to represent me in my capacity as a class representative if we continued to litigate the case through trial.

16. I went to the State Bar of California website to find a lawyer referral service. I contacted a service, explained my circumstances, and was referred to a firm that practices real estate, business, bankruptcy, and employment law. An attorney from the firm said that retaining him would cost $5,000 up front, which I could not afford at the time. I communicated with other lawyers who were willing to represent me but none had a level of relevant experience comparable to Girard Gibbs.

**My Actions on Behalf of the Class Since May 16, 2014**

17. I retained Girard Gibbs on May 16, 2014. I believed that the attorneys at Girard Gibbs were qualified to present my position to the Court and that their representation would give me the best chance of success in opposing the settlement.

18. I met with my attorneys in person to explain my views and to seek their advice on how best to present my position to the Court. We held lengthy strategy discussions about what arguments to make, and decided that I should raise my concerns at the preliminary approval stage.

19. I provided information to my attorneys about the case and helped them get up to speed. I had a good sense of the legal issues and was familiar with the evidence in the record because I had actively participated in the case for several years.

20. I reviewed and gave input on the opposition brief and authorized my attorneys to file it on my behalf. I also read and provided feedback on the talking points my attorneys prepared for the June 19, 2014 preliminary approval hearing, and I attended the hearing.

21. After the Court denied preliminary approval of the settlement, I had further strategy discussions with my attorneys about how to proceed. We decided to renew negotiations with Class Counsel and the defendants through the mediator who had overseen the earlier settlement discussions to see if a better settlement could be negotiated. I consulted with my attorneys regularly to monitor the negotiation process and provide my input.

22. I also asked my attorneys to analyze the risks that Class Counsel and the defendants had said justified the earlier settlement proposal. In order to protect the interests of the class, I wanted to set negotiating objectives and evaluate any new settlement offer with the benefit of independent advice about these potential risks. For example, I asked my attorneys to determine how the pending pretrial motions might impact a trial and to evaluate the plaintiffs' damages model. I reviewed and incorporated my attorneys' work product into my analysis of the risks of litigation and my position on settlement negotiations.

23. I reviewed the petition for writ of mandamus the defendants filed with the Ninth Circuit and conferred with my attorneys about its merit and impact on the litigation and settlement discussions. When the Ninth Circuit asked for responses to the petition, I consulted with my attorneys about the implications of the Ninth Circuit's order and discussed strategy and reviewed and gave feedback on the brief opposing the petition that was filed on my behalf. I also consulted with my attorneys about opposing two motions for leave to file briefs as amici curiae.

24. I consulted regularly with my attorneys during the settlement negotiations they held with Class Counsel and the defendants in the months that followed the Court's denial of preliminary approval of the proposed $324.5 million settlement. We discussed strategy on an ongoing basis in response to significant developments in the litigation. I also continued to seek advice from my attorneys about the risks of litigation, including the risk associated with the defendants' writ petition.

25. In January of this year, the parties agreed to settle the case for $415 million. I consulted extensively with my attorneys and put considerable time and energy into weighing the benefits of

4

DECLARATION OF MICHAEL DEVINE IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

settlement against the risk and delay of continued litigation.  I concluded that the interests of the class would be best served by supporting the proposed settlement so that notice could issue and class members would have the opportunity to decide for themselves whether to accept or reject the improved $415 million settlement.

26. I carefully reviewed and provided feedback on the written settlement documents, and I worked with my attorneys to file papers with the Court supporting the motion for preliminary approval.

27. Throughout the nearly four years of litigating this case, my decision-making has always been guided by my interest in fulfilling my fiduciary responsibilities to the class.  Based on my records and best recollection, I estimate that from May 16, 2014 through the March 2, 2015 hearing on the motion for preliminary approval of the $415 million settlement, I spent 120 hours on work that benefitted the class.

**The Risks I Assumed in Serving as a Class Representative
and Objecting to the $324.5 Million Settlement**

28. While I am proud of the benefits to the class that resulted from my service as a class representative, taking on this role was risky and has had some negative consequences.

29. This case received considerable coverage in the media.  I believe the media coverage contributed to the pressure on defendants to settle, given the nature of the proof that emerged.  My role in the case, and particularly my decision to object to the initial settlement, can be easily discovered through an internet search, which turns up numerous articles detailing my involvement in the litigation as a class representative and my role in opposing the original settlement.

30. I believe my service as a class representative will adversely affect my employment prospects. Because of my skills and experience, I expect to continue to work in the tech industry.  The defendants in this case include the leading companies in the industry.  They are a major source of employment opportunities for workers with my skills.  The defendants and other high tech companies are likely to look unfavorably on my service as a class representative in this case.  Potential employers may consider me even more of a "troublemaker" because of my opposition to the $324.5 million settlement.  These risks will follow me for the rest of my career.

5

DECLARATION OF MICHAEL DEVINE IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

31. My participation in this case has also been mentally and physically taxing. As described above, I put hundreds of hours into this case. My personal information has been exposed through the documents I produced in discovery, being deposed, and being the subject of media attention. I felt tremendous weight on my shoulders at various points, particularly when I opposed the $324.5 million settlement. I have experienced considerable stress and fatigue as a result of my involvement in the case.

### Girard Gibbs's Application for Attorneys' Fees and Reimbursement of Expenses

32. I have reviewed and support my attorneys' application for an award of attorneys' fees and reimbursement of expenses. I realize that the firm is seeking a fee award that will result in the firm being paid very high hourly rates if considered in relation to the number of hours expended by the firm. The rate of compensation per hour that the firm will receive is justified in my opinion. Girard Gibbs was the only firm with the right combination of skill, experience and resources that was willing to represent me in opposing the original settlement. Girard Gibbs successfully opposed that settlement and played a key role in negotiating the improved $415 million settlement that is now before the Court with the support of all parties. I think the fee award they are requesting is reasonable in light of the additional $90.5 million that the firm's work generated for the class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of May, 2015 in Sonora, California.

By: /s/ Michael Devine
Michael Devine

---

6
DECLARATION OF MICHAEL DEVINE IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF on all counsel of record.

                                      */s/ Daniel C. Girard*
                                      Daniel C. Girard