Daniel C. Girard (State Bar No. 114826)
Dena C. Sharp (State Bar No. 245869)
Elizabeth A. Kramer (State Bar No. 293129)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:   (415) 981-4800
Facsimile:   (415) 981-4846

*Counsel for Class Representative Michael Devine*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE MICHAEL DEVINE'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD** |

On July 9, 2015, this Court held a hearing on class representative Michael Devine's motion for an order granting approval of his Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award. Based on the papers filed with the Court, and the presentations made to the Court at the hearing, the Court hereby grants the motion.

## I. The Requested Attorneys' Fees Award is Appropriate

Class representative Michael Devine and his counsel, Girard Gibbs LLP, successfully opposed a proposal to settle this case for $324.5 million and then participated in negotiations that led to a $415 million settlement. Girard Gibbs now seeks an "all in" award of attorneys' fees and reimbursement of expenses in the amount of $4,523,500, which is five percent of the $90.5 million increase that Mr. Devine and his counsel secured for the class. Under the common fund doctrine, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). When "objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).

District courts in this Circuit have discretion to choose either the "percentage-of-the-fund" or the "lodestar" method in calculating an attorneys' fee award in a common fund case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit and district courts in this Circuit have recognized that the percentage-of-the-fund method is appropriate for cases like this one, where the common fund confers a benefit to the class is easily quantified. *See In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Chu v. Wells Fargo Investments, LLC*, Nos. C 05-4526 MHP, C 06-7924 MHP, 2011 WL 672645, at *4 (N.D. Cal. Feb. 16, 2011). The Ninth Circuit has explained that "[r]easonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997).

The Court finds that it is appropriate to use the percentage-of-the-fund method to calculate a reasonable attorneys' fee because of the considerable benefit that Mr. Devine and Girard Gibbs were able to achieve for the class in short period of time. In this Circuit, 25% is "a proper benchmark figure" for determining attorneys' fees under the percentage method. *Id.* (quoting *Paul, Johnson, Alston & Hunt*

1

[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE MICHAEL DEVINE'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

*v. Graulty*, 886 F.2d 268, 270 (9th Cir. 1989)).  Girard Gibbs requests one-fifth of the benchmark percentage rate, and is seeking a fee only on the $90.5 million that its efforts added to the settlement fund.  The Court finds that it is reasonable to grant the requested award based on (1) the exceptional result Girard Gibbs achieved for the class, (2) the financial and reputational risk Girard Gibbs assumed in representing Mr. Devine, (3) Girard Gibbs's skill and high quality of work, (4) the burden on Girard Gibbs of representing Mr. Devine on a contingent basis, (5) the modest size of the fee request compared to the market rate for similar contingent fee arrangements, and (6) Girard Gibbs's lodestar.  *See Vizcaino*, 290 F.3d at 1048-50; *de Mira v. Heartland Employment Service, LLC*, No. 12-CV-04092 LHK, 2014 WL 1026282, at *1 (N.D. Cal. Mar. 13, 2014).

The Court recognizes that the requested fee will result in a lodestar multiplier that is at the upper end of the range.  The Court nevertheless concludes that the award is reasonable under the unique circumstances of this case.  The alternative of limiting the Girard Gibbs's fee by reference to the lodestar would penalize the firm for its success and dissuade similarly qualified attorneys from participating in settlement approval proceedings.  *See Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (recognizing the value of the adversarial process at the settlement approval stage and that when objections lead to a more favorable settlement for the class, the objectors' counsel "will receive a cash award that may be substantial"); William B. Rubenstein, Newberg on Class Actions § 13:37 (5th ed. 2014) (objectors who create a fund for the class are entitled to petition the court for attorneys' fees that equal a percentage of the amount of the fund).

## II.     The Requested Service Award for Class Representative Michael Devine is Reasonable

Mr. Devine requests approval of a $160,000 service award in recognition of his contributions as a class representative to the $415 million settlement.  Class representatives are eligible for reasonable service awards.  *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003).  The factors courts in this Circuit consider in determining whether to grant a service award include the class representative's actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representative expended in pursuing the litigation, and reasonable fears of workplace retaliation.  *Id.* at 977.  Under these criteria, the Court finds that the requested service award is reasonable.

2

[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE MICHAEL DEVINE'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

Mr. Devine has spent a significant amount of time pursuing this litigation on behalf of the class. He submitted a declaration that details his involvement in this litigation for nearly four years on behalf of the class.  ECF No. 1070.  Mr. Devine described his efforts to help assert and support the class-wide claims, including assisting in the initial case investigation and the preparation of his complaint.  *Id.* at ¶ 8.  He also participated extensively in discovery, reviewed and provided input on important court filings, and attended hearings and mediation sessions.  *Id.* at ¶¶ 11-13, 20-26.  The time and effort Mr. Devine devoted to the prosecution of this case benefitted and protected all class members.

Mr. Devine also assumed significant risk by serving as a class representative.  Mr. Devine has explained the risk he took in filing a case like this against some of the largest and most influential companies in the high-tech industry, including his former employer.  *Id.* at ¶¶ 28-31.  Mr. Devine's role in this case was widely reported in the media and can be readily discovered through an internet search. *Id.* at ¶ 29.  Mr. Devine expects to continue working the high-tech industry, and he fears that his participation in this lawsuit may result in adverse consequences and lost career opportunities.  *Id.* at ¶ 30.  The Court finds that Mr. Devine's concern that his job prospects are significantly impaired because of his participation in this lawsuit is reasonable and supports his application for a service award.  *See Staton*, 327 F.3d at 977; *Boyd v. Bank of America Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014) (finding that a service award was "particularly deserved" where a class representative "put his career at risk" by suing his former employer); *Glass v. UBS Financial Services, Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007) (granting service awards where class representatives who worked in the securities industry risked "putting their names on a complaint against one of the largest brokerage houses in America"), *aff'd*, 331 F. App'x 452 (9th Cir. 2009).  The Court also recognizes the benefit conferred on the class by Mr. Devine's willingness to serve as a class representative, as absent class members can participate in the settlement without facing these risks to their current and future employment.

Mr. Devine undertook additional effort and risk when he opposed the $324.5 million settlement proposal.  He worked extensively with his new attorneys to present his opposition to the Court.  ECF No. 1070 at ¶¶ 18-20.  He then participated in the negotiations that resulted in the $415 million settlement.  *Id.* at ¶¶ 21-26.  The Court finds that Mr. Devine's role in securing the improved settlement

3

[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE MICHAEL DEVINE'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

supports his requested service award. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876 (7th Cir. 2012) ("An important motivating factor is that if the class action suit fails, no incentive award will be made, while if the suit succeeds, in part at least as a result of the representative's strenuous efforts, the award may be larger the larger the settlement or judgment is ....").

The requested award is also reasonable considering "the number of class representatives, the average incentive award amount, and the proportion of the total settlement that is spent on incentive awards." *In re Online DVD-Rental*, 779 F.3d 934, 947 (9th Cir. 2015). The total amount of service awards requested by all five class representatives is only 0.19 % of the total settlement fund. *See id.* at 948 (affirming incentive awards that made up "a mere 0.17 % of the total settlement fund"). The requested service award for Mr. Devine is also within the range of service awards granted in other complex litigation. *See, e.g.*, *In re Titanium Dioxide Antitrust Litig.*, No. 10-CV-00318 RDB, 2013 WL 6577029, at *1 (D. Md. Dec. 13, 2013) (granting a $125,000 service award to a class representative); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (awarding $300,000 service awards to each of four representative plaintiffs); *Velez v. Novartis Pharmaceuticals Corp*., No. 04 CIV 09194 CM, 2010 WL 4877852, at *8, 26 (S.D.N.Y. Nov. 30, 2010) (granting service awards of up to $125,000 to named plaintiffs, and $150,000 to one named plaintiff). Lastly, no class member objected to the requested service award for Mr. Devine. The Court finds that the requested service award of $160,000 for Mr. Devine is reasonable.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. This Court hereby finds and concludes that due and adequate notice was directed to all class members advising them of class representative Michael Devine's intent to seek an award of attorneys' fees and expenses for his counsel, Girard Gibbs, and a service award in recognition of his contribution to the litigation and settlement, and of their right to object thereto.

2. A full and fair opportunity was accorded to all such class members to be heard.

3. No class member objected to the request for attorneys' fees or expenses or the service award.

4. The Court hereby grants Mr. Devine's motion and awards attorneys' fees in the amount of $4,523,500 (which includes reimbursement of Girard Gibbs's litigation expenses) to Girard Gibbs,

4

[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE MICHAEL DEVINE'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

and a service award of $160,000 to Mr. Devine.  The awards shall be paid pursuant to the terms of the Settlement Agreement.

Dated: _____
LUCY H. KOH
United States District Judge

5

[PROPOSED] ORDER GRANTING CLASS REPRESENTATIVE MICHAEL DEVINE'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK