UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**[PROPOSED] ORDER GRANTING CO-LEAD COUNSEL JOSEPH SAVERI LAW FIRM'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**<br><br>Date:        July 9, 2015<br>Time:       1:30 pm<br>Courtroom: Room 8, 4th Floor<br>Judge:      Honorable Lucy H. Koh |

Case No. 11-CV-2509-LHK
[Proposed] Order Granting JSLF's Motion for Attorneys' Fees, Reimbursement of Costs, and Award of Incentive Fees

On July 9, 2015, the Court held a hearing on Co-Lead Counsel Joseph Saveri Law Firm's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards. The Court, having considered the moving papers in conjunction with those submitted by other Class Counsel, grants the attorneys' fee award sought by Plaintiffs of $81,125,000. The Court also awards reimbursement of costs to Joseph Saveri Law Firm, Inc. ("JSLF") in the amount of $590,221.32, and grants Service Awards to each of the individual Class Representatives of $160,000.

## I.  THE REQUESTED ATTORNEY'S FEES ARE REASONABLE

Class Counsel[1] seek a fee award of $81,125,000, representing 19.54% of the settlement of $415,000,000. The percentage of the fund approach to awarding attorneys' fees should be used where, as here, there is an easily quantifiable benefit to the class—*i.e.*, the cash recovery achieved through the settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."). The Court adopts the percentage of the fund approach because the benefit to the class is readily calculated by dividing the common cash settlement fund by the number of class members who file claims. *See* Declaration of William B. Rubenstein Decl., Dkt. ___ at ¶ 48. The approach adopted by the Court is consistent with recent antitrust cases in this District that have applied the percentage of the fund approach. *See*, *e.g.*, *Ross v. U.S. Nat'l Ass'n,* No. 07-02951, 2010 U.S. Dist. LEXIS 107857, at *4-5 (N.D. Cal. Sept 29, 2010); *In re CV Therapeutics, Inc. Securities Litig.*, No. 03-3709, 2007 U.S. Dist. LEXIS 98244, at *2 (N.D. Cal. April 4, 2007); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486, 2007 U.S. Dist. LEXIS 103027, at *1-2 (N.D. Cal. Aug. 16, 2007); *In re Sorbates Direct Purchaser Antitrust Litig.*, No. 98-4886, 2002 U.S. Dist. LEXIS 23468, at *9-10 (N.D. Cal. Nov. 15, 2002); *Van Vranken v. ARCO*, 901 F. Supp. 294, 298 (N.D. Cal. 1995).

The Court finds that awarding a fee of 19.54% is reasonable. Courts applying the "percentage of the fund" approach apply twenty-five percent as the bench mark fee award. *See Paul, Johnson, Alston*

---

[1] Class Counsel is JSLF; Lieff, Cabraser, Heimann & Bernstein, LLP; Berger & Montague, P.C.; and Grant & Eisenhofer, P.A.

*& Hunt v. Granulty*, 886 F.2d 268, 272 (9th Cir. 1989). The twenty-five percent benchmark is subject to adjustment based on the type of factors discussed by the Ninth Circuit in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). As pertinent here, the relevant factors include (1) the results for the class; (2) the risk for its counsel, including the novelty of the legal theory; (3) the contingent nature of the fee and the financial risks counsel faced; (4) consideration of market rates, which are "expectations" "based on the circumstances of the case and the range of fee awards out of common funds of comparable size"; and (5) the burden on class counsel, including whether counsel had to forego other work. *See de Mira v. Heartland Employment Serv., LLC*, No. 12-CV-04092 LHK, 2014 WL 1026282, at *1 (N.D. Cal. Mar. 13, 2014);[2] *see also Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *1 (N.D. Cal. Feb. 6, 2013) (same). Each are present here. Because these factors would support adjustment of the fee here above the 25% benchmark, a fortiori the application of these factors do not support a downward departure from the benchmark to an amount less than 19.54%.

The fee award is reasonable by several independent metrics, including that it is below average for common fund awards in this District (Rubenstein Decl., ¶ 27); within the middle of the range for "mega fund" settlements in excess of $250 million (*id.*); includes a "blended loadstar" that is average for common fund settlements (*id.* ¶ 30 & Graph 2); and data suggesting that Class Counsel worked efficiently to obtain the result achieved, billing less than the average number of hours for a settlement this size. (*id.* ¶ 33).

The lodestar cross-check confirms that the fee award sought is reasonable, as the multiplier on the lodestar reports submitted by Class Counsel is less than four. Rubenstein Decl., ¶¶ 36-37. In the Ninth Circuit, a lodestar multiplier of around 4 times has frequently been awarded in common fund cases such as this. *See Vizcaino*, 290 F.3d at 1051 (multiplier of 3.65 "was within the range of

---

[2] "Whether the Court awards the benchmark amount or some other rate, the award must be supported by findings that take into account all of the circumstances of the case. The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. In addition, district courts may also compare the proposed percentage award to the attorney's fee award that would be granted were the district court to use the lodestar method to determine fees."

multipliers applied in common fund cases"); *see also Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.").

One Class member has objected to the Plaintiffs' fee request. While the Class member raises concerns about the total amount of the attorneys' fees, and the imputed hourly wage, I have reviewed the various firms' billing rates and have determined, in line with the conclusions reached in the Rubinstein Declaration, that they are reasonable and appropriate in light of counsel's expertise and prevailing rates for attorneys of similar skill and experience in the San Francisco Bay Area. I have also reviewed the detailed billing records submitted by the firms seeking an award, and have determined, again in line with the conclusions reached in the Rubinstein Declaration, the hours billed to the case were reasonable and appropriate in light of the risks Plaintiffs faced *ex ante*, and the outcome achieved. That the total fee award sought would constitute a multiplier of slightly under four with respect to the hours billed shows that the fee amount is appropriate in light of the investments Class Counsel made on behalf of the Class, including by shouldering the risk that they would recover nothing at all for their years of work. A multiplier of approximately four is also consistent with standard practice in this District, and is particularly appropriate where, as here, the percentage-of-the-fund approach also supports the award's reasonableness.

## II. THE COSTS SOUGHT BY JSLF SHALL BE REIMBURSED

JSLF seeks $590,221.32 in unreimbursed costs. *See* Saveri Decl., Ex. 5. These costs include the following types of expenses: (1) court Reporters and transcripts; (2) database maintenance; (3) commercial copies; (4) photocopies; (5) postage and delivery services; (6) travel expenses; (7) telephone charges; (8) parking and tolls; (9) computer research; (10) meal; (11) litigation fund contributions. *Id*. These costs are reasonable and shall be reimbursed. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995); *see also Wolph v. Acer Am. Corp.*, 2013 U.S. Dist. LEXIS 151180, *19 (N.D. Cal. Oct. 21, 2013) ("Counsel are entitled to reimbursement of their reasonable out-of-pocket expenses").

### III. THE COURT SHOULD AWARD INCENTIVE FEES TO THE CLASS REPRESENTATIVES.

The requested service awards of $160,000 should be awarded here. Class Representatives devoted significant time and expense to assist in the prosecution of the Class' claims by participating in discovery and consulting with Class Counsel during the course of the litigation. Class Representatives faced scrutiny from the technology industry, including the powerful companies that are potential employers, and performed a service to the Class justifying an award of $160,000 to each of them.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Due and adequate notice was directed to all persons and entities who are Class members, advising them of Class Counsel's intent to seek attorneys' fees and expenses, and service awards for the Class Representatives, and of their right to object thereto. A full and fair opportunity was accorded to all such persons and entities to be heard. No Class member objected to Class Counsel's request for expenses, or to the service awards.

2. Class member Andy Belk's objection that the fees sought are excessive is overruled. The fee amount sought by Class Counsel is justified, as it represents an average hourly rate within the range of rates commonly awarded in this District for settlements of this magnitude. Rubenstein Decl., ¶ 30 & Graph 2.

3. The Court hereby grants Class Counsel's request for attorneys' fees of $81,125,000.

4. The Court hereby grants JSLF's request for reimbursement of $590,221.32.

5. The Court hereby grants incentive awards of $160,000 each to Class Representatives Michael Devine, Mark Fichtner, Siddharth Hariharan and Daniel Stover, as well as to the estate of recently deceased Class Representative Brandon Marshall.

6. The awarded attorneys' fees and costs and service awards shall be paid pursuant to the terms of the Settlement Agreement, with the amounts deducted from the fund.

Dated: _____        _____
                               LUCY H. KOH
                               United States District Judge