Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Eric B. Fastiff (State Bar No. 182260)
Brendan Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF ERIC L. CRAMER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |

I, Eric L. Cramer, declare:

12. I am an attorney licensed to practice in Pennsylvania and New York. I am a managing shareholder of the firm Berger & Montague, P.C. ("Berger & Montague") in Philadelphia, and Counsel for the Class Representatives and for the proposed Settlement Class. I and my firm have worked on this case from its inception and have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

### Credentials of Berger & Montague, P.C.[1]

2. Described by *Chambers & Partners* as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger & Montague pioneered the antitrust class action and has been engaged in the practice of complex and class action litigation for 44 years. The firm was founded by the late David Berger, who is widely considered to be one of the founding fathers of class actions. Berger started the firm along with the late Herbert Newberg, author of the seminal "NEWBERG ON CLASS ACTIONS," and H. Laddie Montague, Jr., who has been referred to as a "dean of the Bar" by *Chambers & Partners*. Since its founding, Berger & Montague has won verdicts and settlements recovering over $30 billion for clients and class members. Courts across the country have appointed Berger & Montague as lead or co-lead class counsel in hundreds of class actions—many in the antitrust field—and have recognized both the qualifications of Berger & Montague in appointing the firm as lead counsel and the quality of the work performed by the firm in that capacity.

3. The U.S. edition of *The Legal 500*, a guide to worldwide legal services providers, has recommended Berger & Montague as a "Top Tier Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent," "easy to deal with," and "noted for the depth of its team." Berger & Montague has also appeared on *The National Law Journal*'s "Hot List" of the Top Plaintiffs' Law Firms in the United States in ten of the last twelve years. *Chambers & Partners* has similarly recognized Berger & Montague as a leading antitrust law firm for eight consecutive years. The firm was also recently selected for inclusion on *The National Law Journal* and Law.com's inaugural list of "Elite Trial Lawyers," recognizing law

---

[1] Berger & Montague's firm profile is attached as Exhibit A.

- 1 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS'
MOT. FOR ATTYS' FEES, REIMBURSEMENT OF
EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

firms that "have done exemplary and cutting-edge work on behalf of their clients and are established leaders in the area of plaintiff law."

4. Over the past 45 years, Berger & Montague has served as lead or co-lead counsel in myriad antitrust cases representing plaintiff classes alleging price fixing, vertical trade restraints, monopolization and other anticompetitive conduct in diverse markets. Berger & Montague is currently serving in a leadership role in the following antitrust cases, among others:

   a. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-md-5075 (E.D.N.Y.)
   b. *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-2548 (S.D.N.Y.)
   c. *In re Niaspan Antitrust Litigation*, No. 13-md-2460 (E.D. Pa.)
   d. *In re Loestrin 24 Fe Antitrust Litigation*, No. 13-md-2472 (D.R.I.)
   e. *In re Domestic Drywall Antitrust Litigation*, 13-md-2437 (E.D. Pa.)
   f. *In re Nexium Antitrust Litigation*, No. 12-md-2409 (D. Mass.)
   g. *In re Lipitor Antitrust Litigation*, No. 12-cv-2389 (D.N.J.)
   h. *Castro, et al. v. Sanofi Pasteur Inc.*, No. 11-cv-7178 (D.N.J.)
   i. *In re Effexor XR Antirust Litigation*, No. 11-cv-5479 (D.N.J.)
   j. *In re Androgel Antitrust Litigation (II)*, No. 09-md-2084 (N.D. Ga.)
   k. *In re Chocolate Confectionary Antitrust Litigation*, No. 08-md-1935 (M.D. Pa.)
   l. *In re Wellbutrin XL Antitrust Litigation*, No. 08-cv-2431 (E.D. Pa.)
   m. *In re K-Dur Antitrust Litigation*, No. 01-cv-1652 (D.N.J.)
   n. *In re Currency Conversion Fee Antitrust Litigation*, MDL No. 1409 (S.D.N.Y.)
   o. *In re: Pre-Filled Propane Tank Antitrust Litigation*, MDL No. 2567 (W.D. Mo.)

5. In just the past three years, the firm has continued to obtain precedent setting victories for its clients, including the largest-ever monetary settlement of a private antitrust class action: $7.25 billion in cash in *In re Payment Card Interchange Fee & Merchant Discount*

- 2 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS'
MOT. FOR ATTYS' FEES, REIMBURSEMENT OF
EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

*Antitrust Litigation* (nearly $5.7 billion after reduction for opt outs). As further described below, earlier this year, the firm, led by the undersigned, achieved yet another ground-breaking settlement in the payment network arena, with a $130 million settlement relating to the over-the-road fleet payment card market in *Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc., et al.*, No. 07-1078 (E.D. Pa.) ("*Comdata*"). Over the past decade, Berger & Montague has also been in the vanguard of challenging pay-for-delay and other means by which pharmaceutical companies have sought to delay generic competition. The firm, which has well over $1 billion in settlements in these pharmaceutical cases, including in *In re K-Dur Antitrust Litigation*, 686 F.3d 197 (3d Cir. 2012), which helped set the stage for the Supreme Court's decision in *Federal Trade Commission v. Actavis*, 133 S. Ct. 2223 (June 17, 2013).

6. These recent successes build upon the firm's storied history of serving as lead, co-lead or co-trial counsel on many of the most significant civil antitrust cases over the last 40 years, including *In re: Currency Conversion Fee Antitrust Litigation* (recovery of $336 million), *In re Corrugated Container Antitrust Litigation* (recovery in excess of $366 million), the *Infant Formula* case (recovery of $125 million), the *Brand Name Prescription Drug* price fixing case (recovery of more than $700 million), the *Graphite Electrodes Antitrust Litigation* (recovery of more than $134 million), and the *High-Fructose Corn Syrup Antitrust Litigation* (recovery of $531 million).

## My Credentials

7. I have a national practice in the field of complex litigation, primarily in the area of antitrust class actions, and I have repeatedly been selected by *Chambers & Partners* as one of Pennsylvania's top tier antitrust lawyers, and was selected as a top tier antitrust lawyer nationally this year; highlighted annually since 2011 by *The Legal 500* as one of the country's top lawyers in the field of complex antitrust litigation; repeatedly been deemed one of the "Best Lawyers in America;" and been designated a "Super Lawyer" by *Philadelphia Magazine* for many years in a row. In 2014, I was selected by *Philadelphia Magazine* as one of the top 100 lawyers in Philadelphia and, also in 2014, received an "Honorable Mention" for Outstanding Antitrust Litigation Achievement in Private Law from the American Antitrust Institute for my work in the *Comdata* matter (discussed above and further below).

- 3 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS'
MOT. FOR ATTYS' FEES, REIMBURSEMENT OF
EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

8. I have prosecuted multiple complex antitrust matters and am responsible for winning numerous significant settlements for my clients and class members totaling well over $2 billion. I am currently lead counsel in several antitrust and other litigation matters in a variety of industries and numerous courts across the country. Recently, following seven years of litigation, my team and I achieved a ground-breaking settlement in an antitrust case relating to the over-the-road fleet payment card market in *Comdata*. Lieff Cabraser was co-lead counsel in this matter, and Joseph Saveri led Lieff's effort while he was with that firm. The *Comdata* settlement, which received final approval in July 2014, provides for $130 million plus valuable prospective relief that rolled back much of the conduct plaintiffs had challenged as anticompetitive for a class including thousands of truck stops and retail fueling facilities across the country. I was also co-lead counsel and on the trial team of an antitrust class action on behalf hundreds of drug resellers against Abbott Laboratories relating to alleged exclusionary conduct with regard to certain HIV drugs. This case, *Meijer v. Abbott Labs.*, No. 07-5985 (N.D. Cal.), settled in 2011 for $52 million after four days of a jury trial before Judge Wilken.

**Berger & Montague, P.C.'s Role in the Litigation**

9. I actively participated in and oversaw all aspects of my firm's involvement in this case from its inception. During the course of this litigation, Berger & Montague has been integrally involved in many aspects of this litigation, including the following specific activities:

    a. <u>Opposition to Defendants' Motions to Dismiss</u>: Berger & Montague attorneys had primary responsibility for conducting legal research and drafting the brief supporting Plaintiffs' successful opposition to Lucasfilm's motion to dismiss and were significantly involved in reviewing and revising all briefs in opposition;

    b. <u>Class Certification</u>: Berger & Montague attorneys participated in drafting and editing Plaintiffs' briefs in support of class certification, which efforts included significant legal and factual research. Berger & Montague attorneys also substantively participated in connection with the preparation of expert reports supporting class certification;

    c. <u>Expert Discovery</u>: Berger & Montague attorneys worked with Plaintiffs' expert economists in the preparation of their expert reports and rebuttal reports at class

- 4 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS'
MOT. FOR ATTYS' FEES, REIMBURSEMENT OF
EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

certification and merits over the course of the case. I prepared for and took the deposition of Intel's expert, Dr. Edward Snyder, and assisted with the depositions of other expert witnesses;

   d. <u>Discovery</u>: Berger & Montague was responsible for engaging in various discovery-related initiatives. Those discovery-related initiatives included:

     i. Conducting legal research and analyses used to formulate discovery and case strategy;

     ii. Reviewing Defendants' voluminous document productions;

     iii. Drafting and responding to Defendants' discovery requests;

     iv. Pursuing discovery from third-parties; and

     v. Taking or second chairing eight depositions, including the depositions of Adobe employees Donna Morris, Digby Horner, Jerry Sastri, and Natalie Kessler; Apple employee Ron Okamoto; Intel's 30(b)(6) witness regarding the production of data and employee Daniel McKell; and Google's 30(b)(6) witness regarding the production of data.

   e. <u>Daubert Motions</u>: Berger & Montague attorneys had responsibility for drafting Plaintiffs' opposition to Defendants' Daubert Motion to exclude the testimony of Matthew Marx, Ph.D. and a portion of Plaintiffs' affirmative motion to strike portions of the Defendants' expert report.

   f. <u>Motions in Limine</u>: Berger & Montague attorneys had responsibility for drafting Plaintiffs' Motions in Limine and Plaintiffs' Motion for Application of the *Per Se* Standard.

   g. <u>Settlement</u>: Berger & Montague attorneys provided advice regarding settlement to Co-Lead Counsel during the lengthy settlement process in this case.

### Berger & Montague's Lodestar

10. Berger & Montague's compensation for services rendered in this case was wholly contingent on the success of this litigation. As of the date of this Declaration, Berger & Montague has not been compensated for any of this work.

- 5 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS'
MOT. FOR ATTYS' FEES, REIMBURSEMENT OF
EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

11.     As the lead attorney from Berger & Montague involved in this litigation, I was responsible for and supervised all of the staffing and activity conducted on Plaintiffs' behalf by the attorneys and other professionals at my firm.  Based on my activities and oversight in this case, as well as my review of my firm's contemporaneous billing records maintained in this case, I have personal knowledge of the time attorneys and staff at my firm spent rendering services on behalf of Plaintiffs and the Class, the hourly rates charged for those services, and the necessary costs incurred in the normal course of this litigation.

12.     In my exercise of billing judgment, I have reviewed the billing records maintained in this case, and have not included hours spent by attorneys or staff if the individual billed less than ten (10) hours on the case, or time spent preparing Plaintiffs' motions for attorneys' fees and related documents.  This review caused a total of 24.6 hours of time spent by four attorneys and three paraprofessionals to not be included, for a total reduction of lodestar in the amount of $11,846.75.

13.     As set forth below, after the exercise of billing judgment described above, the attorneys and paraprofessionals at my firm expended 2,269.4 hours through April 30, 2015, at the following current hourly rates,[2] in performing legal services in this case:

| **Timekeeper** | **Position** | **Yrs** | **Hours** | **Billing Rate** | **Lodestar** |
|---|---|---|---|---|---|
| Eric L. Cramer | Managing Shareholder | 22 | 688.4 | $900 | $619,560.00 |
| Charles Goodwin | Former Shareholder | 23 | 35.5 | $590 | $20,945.00 |
| Ellen Noteware | Senior Counsel | 22 | 73.4 | $580 | $42,572.00 |
| Daniel Walker | Former Sr. Associate | 10 | 174.8 | $580 | $101,384.00 |
| Sarah R. Schalman-Bergen | Sr. Associate | 8 | 779 | $500 | $389,500.00 |
| Patrick F. Madden | Associate | 5 | 148.2 | $450 | $66,690.00 |
| Zachary D. Caplan | Associate | 4 | 256.5 | $420 | $109,012.50 |
| Elizabeth York | Paralegal | 25 | 29.6 | $310 | $9,176.00 |
| Mileiddys Kim | Former Paralegal | 3 | 59.4 | $240 | $14,256.00 |
| **Totals:** | | | **2,244.8** | | **$1,373,095.50** |

---

[2] The hourly rates of attorneys and paralegals who are no longer at the firm are current as of their date of departure.

- 6 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS' MOT. FOR ATTYS' FEES, REIMBURSEMENT OF EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

14. My firm's detailed billing records reflecting our lodestar from inception to April 30, 2015 are attached hereto as Exhibit B.

15. The time reflected above and in the attached Exhibit B was time actually spent, in the exercise of reasonable judgment, by the attorneys and staff involved. Plaintiffs' Counsel was careful not to expend unnecessary hours and not to duplicate work done by others.

16. In my professional opinion, and based on my personal knowledge of the work that was performed, the time expended on in this litigation by attorneys and staff at Berger & Montague was reasonable and necessary. This work (and the work performed by Lead Counsel) was instrumental in achieving a successful outcome to the litigation.

17. Based on my knowledge and experience, the rates charged by my law firm for our attorneys and staff are the same as would be charged for non-contingent legal services and/or have been accepted and approved in other recent complex class action and antitrust litigation. Such cases include, just for example: *Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc.*, No. 07-cv-1078 (JKG) (E.D. Pa. Jul. 14, 2014); *Casey, et al. v. Citibank, N.A., et al.*, No.: 5:12-cv-820 (N.D.N.Y. Aug. 21, 2014); *Clements v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-02179-JCS (N.D. Cal. Jun. 6, 2014); *In re: CertainTeed Fiber Cement Siding Litig.*, No. 2:11-md-02270-TON (E.D. Pa. Mar. 20, 2014); *In re Titanium Dioxide Antitrust Litig.*, No. 1:10-cv-00318-RDB (D. Md. Dec. 13, 2013); *In re Wellbutrin XL Antitrust Litig.*, No. 2:08-cv-2431-MAM (E.D. Pa. Nov. 7, 2012); *Rochester Drug Co-Op., Inc. v. Braintree Labs., Inc.*, No. 07-cv-00142-SLR (D. Del. May 31, 2012); *In re Metoprolol Succinate Antitrust Litigation*, No. 06-52-MPT (D. Del. Jan. 12, 2012); *Meijer, Inc. v. Abbott Labs.*, No. 4:07-cv-05985-CW (N.D. Cal. Aug. 11, 2011).

**Berger & Montague's Expenses**

18. To advance this litigation, Berger & Montague has paid costs totaling $199,669.50, up through April 30, 2015. Those costs consisted of contributions to the joint litigation fund of Class Counsel ("Litigation Fund") as well as costs paid separately by Berger & Montague, as set forth below.

- 7 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS'
MOT. FOR ATTYS' FEES, REIMBURSEMENT OF
EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK

19. The Litigation Fund was designed to pay common external costs, such as expert fees, court reporting expenses for deposition transcripts, and vendor fees for our electronic platform for review and storage of documents produced in the course of discovery. Berger & Montague contributed $140,000.00 to the Litigation Fund as of April 30, 2015. Further details regarding the Litigation Fund are described in the Declaration of Kelly M. Dermody In Support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards.

20. In addition, Berger & Montague paid separately $59,669.50 for certain costs that were not paid for by the Litigation Fund, including copying documents, travel, electronic computer research, mailing charges, printing, telephone service, and other expenses.

21. A detailed summary of the firm's expenses from inception to April 30, 2015 are attached as Exhibit C.

22. Copies of all invoices supporting the firm's expenses are attached as Exhibit D.

23. Berger & Montague received reimbursement of expenses in the total of amount of $181,069.49 from the fees awarded in connection with the previous settlement with Lucasfilm, Pixar and Intuit. Accordingly, Berger & Montague's outstanding unreimbursed expenses total $18,600.01. A detailed summary of the firm's unreimbursed expenses are attached as Exhibit E.

24. Berger & Montague incurred the costs described herein on behalf of Plaintiffs on a contingent basis. The records of these costs are reflected in Berger & Montague's books and records. I have reviewed the expenses reported by Berger & Montague in this case that are included in the Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards, and I affirm that they are true and accurate.

I declare under penalty of perjury under the laws of the United States and the State of Pennsylvania that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Philadelphia, Pennsylvania on May 7, 2015.

   /s Eric L. Cramer  
Eric L. Cramer

- 8 -

DECLARATION OF ERIC L. CRAMER ISO PLTFS' MOT. FOR ATTYS' FEES, REIMBURSEMENT OF EXPENSES & INCENTIVE AWARDS
CASE NO. 11-CV-2509-LHK