1   Richard M. Heimann (State Bar No. 63607)
    Kelly M. Dermody (State Bar No. 171716)
2   Brendan P. Glackin (State Bar No. 199643)
    Dean M. Harvey (State Bar No. 250298)
3   Anne B. Shaver (State Bar No. 255928)
    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
4   275 Battery Street, 29th Floor
    San Francisco, California  94111-3339
5   Telephone:  415.956.1000
    Facsimile:  415.956.1008
6

7   *Co-Lead Class Counsel*

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12  | IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Master Docket No. 11-CV-2509-LHK |
    |---|---|
13  | | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |
    | THIS DOCUMENT RELATES TO: | |
14  | All Actions | |
15  | | |
16  | | Judge:        Honorable Lucy H. Koh |

17

18

19

20

21

22

23

24

25

26

27

28

1    On July 9, 2015, this Court held a hearing on Plaintiffs' motion for an order granting

2    approval of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Costs, and

3    Service Awards.  Based on the papers filed with the Court and presentations made to the Court at

4    the hearing, the Court hereby grants Class Counsel's request.

5    **I.      The Requested Award of Attorneys' Fees is Appropriate**

6    Plaintiffs seek attorneys' fees of $81,125,000, which is approximately 19.5% of the total

7    Settlement Fund of $415,000,000.  Under the common fund doctrine, "'a litigant or a lawyer who

8    recovers a common fund for the benefit of persons other than himself or his client is entitled to a

9    reasonable attorney's fee from the fund as a whole.'" *In re Immune Response Sec. Litig.*, 497 F.

10   Supp. 2d 1166, 1175 (S.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir.

11   2003)); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  Where, as here, the parties

12   establish a common fund to settle a class action, courts have discretion to choose either the

13   "percentage" method or the "lodestar/multiplier" method to determine a reasonable attorneys' fee.

14   *See Hanlon v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998); *In re Coordinated Pretrial*

15   *Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997).  The Ninth

16   Circuit has held that, regardless of whether a court "applies the lodestar or the percentage method,

17   'we require only that fee awards in common fund cases be reasonable under the circumstances.'"

18   *Id.* (quoting *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990)) (emphasis in original); *see*

19   *Staton*, 327 F.3d at 963.

20   Under the percentage method, Plaintiffs' request for attorneys' fees in the amount of

21   approximately 19.5% of the Settlement Funds is in line with (indeed, less than) the benchmark in

22   this Circuit.  *Paul, Johnson, Alston & Hunt v. Granulty*, 886 F.2d 268, 272 (9th Cir. 1989).  The

23   Court finds that it is reasonable to award Class Counsel approximately 19.5% of the Settlement

24   Funds based on the following factors: 1) the result obtained for the class; 2) the risk incurred by

25   Class Counsel in prosecuting this complex case; 3) Class Counsel's skills and experience; 4) the

26   burden on Class Counsel of litigating this case on a contingency basis; and 5) the size of the fee

27   request as compared to the market rate for fees as a percentage of common funds in other class

28   settlements.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002); *In re*

1253472.1                                  - 1 -

1   *Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at \*64-74 (C.D. Cal. June 10, 2005).

2        The Court has considered the detailed time records submitted by Class Counsel and finds

3   that the lodestar multiplier cross-check is satisfied.  *Vizcaino*, 290 F.3d at 1051.

4        Accordingly, having considered the record in this case, this Court finds Class Counsel's

5   request for fees is reasonable.

6   **II.**      **Class Counsel's Request for Reimbursement of Litigation Expenses is Reasonable.**

7        Class Counsel have $1,184,810.98 in unreimbursed litigation expenses.  These costs

8   include: (1) expert witness fees; (2) mediators' fees; (3) a document vendor to host the over

9   3 million pages of documents produced; (4) court reporting and videographer services; (5)

10   electronic research; (6) copying, mailing, and serving documents; and (7) case-related travel for

11   Plaintiffs, witnesses, experts, and counsel.  Class Counsel incurred these out-of-pocket costs

12   without assurance that they would be repaid.  These litigation expenses were necessary to secure

13   the resolution of this litigation.  Furthermore, this Court recognizes the complexity and necessity

14   of the expert evidence in advancing this litigation.  In light of the scope of expert discovery and

15   the document-intensive nature of the litigation, the Court finds Class Counsel's request for

16   reimbursement of litigation expenses is reasonable.

17   **III.**      **The Service Award Payments to the Class Representatives are Fair and Reasonable.**

18        Plaintiffs request approval of service awards to the Class Representatives in the amount of

19   $160,000 each.  The Court finds that the service awards to the Class Representatives are fair and

20   reasonable under the *Staton* factors. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003) (quoting

21   *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

22        First, the Class Representatives have expended substantial time and effort in pursuing this

23   litigation, and in so doing have protected the interests of the Class.  Class Representatives Mark

24   Fichtner, Daniel Stover, and Siddharth Hariharan submitted detailed declarations describing their

25   contribution to the prosecution and settlement of this case, as well as the amount of time

26   expended thereon.  Class Counsel have submitted a similar declaration from attorney Dean M.

27   Harvey on behalf of the estate of recently deceased Class Representative Brandon Marshall,

28   describing Mr. Marshall's service to the Class before his death.  The Class Representatives have

1    described numerous efforts they undertook in this litigation, including providing assistance to

2    Class Counsel regarding the initial investigation; preparing and reviewing the complaint;

3    reviewing drafts of pleadings and other documents; gathering documents and other potential

4    evidence about Defendants and their claims; assisting with various aspects of written and other

5    discovery; discussing the strategy and progress of all mediations in the case; appearing for

6    deposition; and participating in regular communications about the case.  These efforts protected

7    the interests of the Class by furthering Class Counsel's prosecution of the case.

8         Second, the Class has benefitted from the efforts of the Class Representatives. This

9    litigation, and the resulting settlements, would not have been possible without the Class

10   Representatives' willingness to serve in the role.  Courts recognize that Class Representatives

11   face risks of retaliation, particularly in the employment context.  *See Staton*, 327 F.3d at 977;

12   *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, 2010 U.S. Dist. LEXIS 12762, *4 (S.D.N.Y.

13   February 9, 2010) ("[F]ormer employees put in jeopardy their ability to depend on the employer

14   for references in connection with future employment.").  Importantly, in sworn statements, the

15   Class Representatives described the risks they took in filing such a case against companies of

16   such "prominence and power" in the "close-knit" high-technology industry.

17        In this case, Defendants served subpoenas for employment records from the Class

18   Representatives' current and former employers, reinforcing the taint of this litigation against the

19   Class Representatives across their professional networks.

20        Each Class Representative expressed a fear that other technology companies or clients

21   might not want to work with them in the future due to their role in this case.  As each Class

22   Representative stated, "That risk will continue throughout my career."  Accordingly, absent Class

23   members are able to participate in the settlement without the risks that the Class Representatives

24   faced.

25        In addition, the service awards here do not raise any prospect of improper coercion.

26        Unlike in *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013), each

27   of these five Class Representatives preserved the right to separately and independently support,

28   object to or comment upon any settlement.  At no time was any Class Representative advised by

1   Class Counsel that his entitlement to a service award was conditioned on that Class

2   Representative's support for the settlements.  Nor do the service awards requested in this case,

3   which amount to less than 0.2 percent of the total recovery, create a conflict or potential conflict

4   between the Class Representatives and the Class, as in *Staton*, 327 F.3d at 975-78 or *Rodriguez v.*

5   *W. Pub. Corp.*, 563 F.948 (9th Cir. 2009).

6          In light of the record described above, the Court finds that the Class Representatives have

7   expended substantial time and effort in pursuing this litigation and have protected the interests of

8   the Class; and the Class has benefitted from the Class Representatives' actions with a monetary

9   settlement of $415 million.  The requested service awards are therefore reasonable and fair.

10         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

11         1.     This Court hereby finds and concludes that due and adequate notice was directed

12  to all persons and entities who are Class members, advising them of Class Counsel's intent to

13  seek attorneys' fees and expenses, and service awards for the Class Representatives, and of their

14  right to object thereto.

15         2.     A full and fair opportunity was accorded to all such persons and entities to be

16  heard.

17         3.     The Court hereby grants Plaintiffs' request for attorneys' fees of $81,125,000,

18  which is approximately 19.5% of the total Settlement Fund of $415,000,000, plus reimbursement

19  of $1,184,810.98 in litigation expenses, for a combined total of $82,309,810.98.  In addition, the

20  Court hereby grants Plaintiffs' request for service awards in the amount of $160,000 each to Class

21  Representatives Mark Fichtner, Siddharth Hariharan, Daniel Stover and Michael Devine, as well

22  as to the estate of recently deceased Class Representative Brandon Marshall.  The awarded

23  attorneys' fees and costs and service awards shall be paid pursuant to the terms of the Settlement

24  Agreement.

25

26  Dated: _____            _____
                                       LUCY H. KOH
27                                     United States District Judge

28

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES
CASE NO. 11-CV-2509-LHK