Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  415.956.1000
Facsimile:   415.956.1008

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CLASS ACTION**<br><br>**DECLARATION OF BRENDAN GLACKIN IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS** |

I, Brendan P. Glackin, declare:

1.      I am a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), a member of the State Bar of California, and am admitted to practice before the United States District Court for the Northern District of California, as well as the courts of New York State and numerous other federal courts.  I am one of the lawyers for the Plaintiffs in this action.  I make this declaration based on my own personal knowledge and also based on (a) my review of written and electronic records kept in the ordinary course of business at LCHB and (b) things I learned in the course of supervising other LCHB team members, or from my partners Kelly M. Dermody and Dean M. Harvey, in the course of litigating the case.  I have also used LCHB records to refresh my recollection as to some events described herein.

2.      This declaration summarizes the work performed by LCHB in connection with this matter.  In some places it describes work performed by other class counsel (Joseph Saveri Law Firm ("JSLF"), Berger & Montague ("B&M") and Grant & Eisenhofer ("G&E"), with LCHB "Class Counsel") for purposes of context.  It is not a complete statement of work done by other Class Counsel firms.  Those firms are submitting their own descriptions of work performed.

## I.      Time Records of LCHB

3.      LCHB maintains, and has for many years maintained, an electronic timekeeping database.  Most attorneys write down their time on paper, which is then entered into the database by administrative assistants or the billing department.[1]  LCHB requires attorneys and staff to submit time records contemporaneously, i.e. promptly. The LCHB timekeeping system issues an "alert" to the partner who oversees the system, Kelly Dermody, in the event a timekeeper falls behind in submitting his or her time.[2]  As more fully explained in the Declaration of Kelly M. Dermody, the attorneys and staff working on this matter entered their time promptly in accordance with firm policy.  LCHB's timekeeping database is maintained by staff in the accounting department.  The database can create summary and/or detailed reports with just a few

---

[1] Some attorneys prefer to enter time into the database directly, and do so.

[2] By way of example, I believe I have received two or at most three such reminders in my seven years at LCHB.  Each time, my assistant had fallen behind in entering my paper timesheets into the system.  The situation was promptly remedied.

keystrokes.

II.     **History of Work Performed in the Case by LCHB**

1.      From the inception of this case to the present, LCHB has either led or exclusively handled nearly all aspects of the litigation, with the exceptions of document review performed independently by other firms and certain depositions.

2.      LCHB researched, drafted, served, and filed almost every pleading in this matter, including virtually all major briefs: this includes oppositions to Defendants' motions to dismiss, both motions for class certification and replies in support, and the consolidated opposition to Defendants' motions for summary judgment.  This work included researching, compiling, and filing substantial documentary evidence, all of which was handled by LCHB attorneys and support staff.  Out of the 276 pleadings Plaintiffs filed in this case, LCHB prepared and filed 249 of them, or 90%.  Out of the 53 attorney declarations Plaintiffs filed, LCHB attorneys authored 50 of them, or 94%.  Out of the 2,038 exhibits attached to attorney declarations, 2,037 of them were attached to declarations authored by LCHB attorneys, or more than 99%.

3.      While all Class Counsel were involved in document work, LCHB conducted nearly all meet and confers with Defendants.  This is demonstrated by the correspondence between Plaintiffs and Defendants.  Throughout this action, Plaintiffs served 206 letters on Defendants (in addition to substantial email correspondence).  LCHB attorneys authored 189 of them, or 92%.

4.      LCHB supervised the work of all experts who assisted Plaintiffs in this matter: Drs. Hallock, Leamer, Manning, and Marx.  LCHB supervised the creation of all 10 of Plaintiffs' expert reports.  LCHB prepared all Plaintiffs' experts for deposition and first-chaired the defense of all of them.  Out of the 17 expert depositions that occurred in this case, LCHB took or defended 14 of them, or 82%.  Of the remaining 3 depositions, Eric Cramer of B&M took one, and Mr. Saveri of JSLF took two.

5.      G&E and B&M joined the case in 2011.  As described herein and in their submissions, G&E and B&M both made contributions to document review, depositions, and brief-writing.  Both firms contributed high-level and important work including comments and

edits to the Rule 12 oppositions and class certification and expert papers; taking major

depositions including expert depositions; and taking primary drafting responsibility for certain

pre-trial submissions such as the *per se* briefs.  Linda Nussbaum, then-of G&E, and Eric Cramer

of B&M are both seasoned antitrust litigators who have each served many times as lead counsel

in other cases.

6.     JSLF came into the case in 2012. LCHB and JSLF divided document review work

approximately equally.  LCHB took about half of the fact depositions, and JSLF took most of the

balance.  JSLF contributed to assembling facts and testimony relevant to various major briefs and

Plaintiffs' discovery responses.  JSLF wrote the first drafts of certain briefs and provided inserts,

comments, and edits to others.  LCHB and JSLF jointly conducted settlement negotiations.  JSLF

drafted settlement documents and assisted in the settlement and claims process. Specific work by

JSLF is discussed below.

**A.     <u>Inception to May 31, 2012</u>**

7.     We learned through discovery that the Antitrust Division of the Justice Department

("DOJ") began investigating possible violations of the law by Defendants in 2009.  LCHB opened

an investigation of this case on September 24, 2010, the same day the DOJ closed its

investigation into this case with stipulated final judgments.  From that time until May 31, 2012,

counsel for the plaintiffs completed the following major tasks:

- Pre-filing research of the facts;
- Drafting complaints on behalf of the class representatives, who retained LCHB as counsel;
- Reviewing the materials produced by Defendants to the Department of Justice;
- Negotiating with opposing counsel regarding discovery issues, including collection, formatting, and production of electronically stored information (such as native format electronic documents and hundreds of databases of employee data), and identification of custodians;
- Opposing Rule 12 motions;
- Drafting, serving and enforcing written discovery;

- Identifying and retaining potential experts to assist the plaintiffs, and working with those experts regarding discovery requests and developing evidence concerning liability, impact, and damages; and

- Organizing the additional co-counsel firms of B&M and G&E to jointly prosecute this action with LCHB.

8.       During this first 19-month period, LCHB performed virtually all of this work, with the assistance of G&E and B&M.  The three principal LCHB timekeepers on the case, and their hours, were:

| | |
|---|---|
| Joseph Saveri | 154.7 |
| Dean M. Harvey | 1,328.9 |
| Katherine Lehe | 466.9 |
| | 1,950.5 |

9.       Other LCHB attorneys and staff invested substantial time in the matter, for a total of 3,428.5 hours across all LCHB timekeepers during this period.  A summary of all time recorded by LCHB timekeepers during this period can be found at Exhibit A.  Three hundred and thirty-four of these hours were devoted to pre-filing investigation.

10.       During this period of time Dean M. Harvey had principal responsibility for every aspect of day-to-day prosecution of the case, under the supervision of partners Joseph Saveri and Eric Fastiff.  Mr. Harvey performed the initial case investigation and was the point of contact for LCHB's clients (the five proposed class representatives).  He researched and met with potential experts.  He drafted the initial complaints and the Consolidated Amended Complaint.  He met and conferred with opposing counsel, including negotiating stipulations, proposed orders, and a variety of discovery issues.  He created initial drafts and then revised and managed nearly every filing during this period, including the oppositions to the motions to dismiss (Dkts. 91 and 92), and many others (including Dkts. 32, 34-36, 44-46, 62, 63, 72, 93, 95, 102, 109, 115, and 134). He managed all document review and evidence analysis, including the materials Defendants initially produced to the DOJ and subpoenas Plaintiffs served on third parties.  He and I consulted with experts LCHB retained to analyze Defendants' documents and data and prepare a report

1    regarding class certification.

2           11.     Ms. Lehe reviewed documents Defendants produced, researched and drafted

3    subpoenas to third parties, met and conferred with those third parties regarding their responses,

4    researched and drafted filings to enforce those subpoenas in a variety of jurisdictions across the

5    country, and researched and drafted several case management filings.

6           12.     I personally reviewed and revised drafts of the complaints and the Rule 12

7    oppositions, among other things.  I also met with and helped direct the work of the experts, along

8    with Mr. Harvey.

9           13.     LCHB appeared before the Court to oppose the Rule 12 motions and at case

10   management conferences.

11          14.     During this period of time, attorneys at B&M and G&E reviewed documents

12   Defendants produced; consulted with attorneys at LCHB and provided research regarding

13   Plaintiffs' theories of liability, class certification, impact, and damages; and assisted in discovery

14   regarding third parties, including drafting filings to enforce subpoenas.

15          15.     In May 2012, at the end of this time period, LCHB partner Kelly M. Dermody

16   took over the management of this case for LCHB, and departed LCHB partner Joseph R. Saveri

17   started JSLF.   The firms jointly proposed that Mr. Saveri and JSLF would continue to work on

18   the case.

19          **B.      June 1, 2012, to October 31, 2012**

20          16.     In June we began receiving compensation and other data from the Defendants,

21   which we began analyzing in preparation to file our motion for class certification on October 1,

22   2012.  During this time the major tasks of Plaintiffs' counsel were:

23                  •  Continuing to prosecute written and document discovery against the

24                     Defendants;

25                  •  Respond to written discovery served by the Defendants;

26                  •  Oversee the planning and drafting of a report by Dr. Leamer, including the

27                     accompanying data analysis;

28                  •  Draft the motion for class certification and supporting declarations and

                                                    - 5 -

materials;

- Document review; and

- Take 23 fact and 30(b)(6) depositions.[3]

17.    The principal LCHB timekeepers working on the case during this period of time, and their hours, were:

| Kelly M. Dermody | 324.1 |
| Brendan P. Glackin | 256.7 |
| Dean M. Harvey | 756.7 |
| Anne B. Shaver | 443.1 |
| Dale Ratner[4] | 787.7 |
| | 2568.3 |

18.    Other LCHB attorneys and staff invested substantial time in the matter, for a total of 4,177.2 hours across all LCHB timekeepers during this period.  A summary of all time recorded by LCHB timekeepers during this period can be found at Exhibit B.

### 1.    Class Certification

19.    With strategic and editorial input from B&M and G&E, LCHB prepared the motion for class certification and accompanying materials.  Attorneys Dean Harvey, Anne Shaver and Joe Forderer reviewed documents and evidence and drafted various sections of the brief. Attorney Dale Ratner reviewed Plaintiffs' documents for relevance and privilege for production and reviewed Defendants' produced documents.  Kelly Dermody and I reviewed and revised many drafts of the motion and related materials.  LCHB paralegals and other staff compiled, copied, and delivered the first of many vast evidentiary records to the Court.

20.    LCHB maintains a centralized document management system that has version control (i.e., allows users to maintain prior versions of the document).  It also maintains a record of who accessed and worked on a given document.  From accessing these records I can see, for example, that LCHB generated 20 drafts of the class certification motion from August 20, 2012,

---

[3] In all, over the whole case Plaintiffs used at least 1,423 exhibits at depositions.  Depositions were often double, triple, and (occasionally) quadruple-tracked for the same day.  On March 29, 2013, Class Counsel took five depositions at once.

[4] Mr. Ratner's primary responsibility during this time was reviewing and analyzing documents and communicating with LCHB's team about documentary evidence.

to September 29, 2012.

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| Statement of Facts - Class Certification Brief | 1,053,167 | 1 | 8/20/2012 10:54:19 AM |
| V2 Statement of Facts - Class Certification Brief | 1,053,167 | 2 | 8/20/2012 7:31:38 PM |
| V3 Statement of Facts - Class Certification Brief | 1,053,167 | 3 | 8/21/2012 5:25:36 PM |
| v4:  Statement of Facts - Class Certification Brief | 1,053,167 | 4 | 9/3/2012 7:40:16 PM |
| v5:  Statement of Facts - Class Certification Brief | 1,053,167 | 5 | 9/4/2012 10:39:03 AM |
| v6:  Statement of Facts - Class Certification Brief | 1,053,167 | 6 | 9/5/2012 7:08:48 PM |
| v7:  Class Certification Brief | 1,053,167 | 7 | 9/6/2012 1:00:14 PM |
| v8:  Class Certification Brief | 1,053,167 | 8 | 9/7/2012 5:33:28 PM |
| v9:  Class Certification Brief | 1,053,167 | 9 | 9/11/2012 5:26:50 PM |
| v10:  Class Certification Brief (9.11.2012 526pm) | 1,053,167 | 10 | 9/11/2012 7:04:36 PM |
| v11:  Class Certification Brief (9.12.2012 930am) | 1,053,167 | 11 | 9/12/2012 11:31:52 AM |
| v12:  Class Certification Brief (9.13.2012 pm) | 1,053,167 | 12 | 9/19/2012 9:15:02 AM |
| Class Certification Brief (JPF merge) | 1,053,167 | 13 | 9/18/2012 5:20:07 PM |
| Class Certification Brief (JPF merge) | 1,053,167 | 14 | 9/20/2012 11:18:57 AM |
| Class Certification Brief (JPF merge) | 1,053,167 | 16 | 9/25/2012 9:49:53 AM |
| Class Certification Brief 9.26.2012 | 1,053,167 | 17 | 9/26/2012 12:19:36 PM |
| Class Certification Brief 9.26.2012 1219pm | 1,053,167 | 18 | 9/27/2012 10:59:01 AM |
| Class Certification Brief 9.27.2012 4:30pm | 1,053,167 | 19 | 9/27/2012 7:27:04 PM |
| Class Certification Brief 9.27.2012 7:30pm | 1,053,167 | 20 | 9/29/2012 7:54:33 PM |

21.     I can see that on the weekend before filing we created a new document and additional new versions.

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| brief with kmd edits | 1,059,552 | 1 | 9/30/2012 2:36:39 PM |
| [V2] brief with kmd edits | 1,059,552 | 2 | 9/30/2012 3:28:35 PM |
| [V3] Class Certification Brief 9/30/12 4:30 pm | 1,059,552 | 3 | 10/1/2012 1:57:04 PM |
| [V4] Class Certification Brief 9/30/12 4:30 pm | 1,059,552 | 4 | 10/1/2012 9:10:43 PM |

22.     From looking at 1059552.1's history, I can see that Ms. Dermody created the document and had it checked out (*i.e.*, the document on LCHB's system was open on Ms. Dermody's computer terminal for review and editing online) for 3 hours, 9 minutes and 51 seconds on Saturday, September 29, 2012:

| User | Application | Activity | Date - Time | Duration | Page |
|------|-------------|----------|-------------|----------|------|
| BOSCAR | WINWORD | View | 5/3/2013 6:29:39 ... | 0:0:0 | |
| PDOUGHE... | OUTLOOK | Create ... | 9/30/2012 3:23:15... | 0:0:0 | |
| PDOUGHE... | OUTLOOK | Checkout | 9/30/2012 3:23:14... | 0:0:0 | |
| KDERMODY | OUTLOOK | Mail | 9/30/2012 2:37:58... | 0:0:0 | |
| KDERMODY | WINWORD | Checkin | 9/30/2012 2:36:39... | 3:9:51 | |
| KDERMODY | WINWORD | Modify | 9/30/2012 2:36:39... | 0:0:0 | |
| KDERMODY | wwlib | Checkout | 9/30/2012 11:26:4... | 0:0:0 | |
| KDERMODY | wwlib | Checkin | 9/30/2012 11:26:4... | 0:0:6 | |
| KDERMODY | WINWORD | Checkout | 9/30/2012 11:26:4... | 0:0:0 | |
| KDERMODY | WINWORD | Create | 9/30/2012 11:26:4... | 0:0:0 | |

Document Activity History: 10 Items

23.     Of course, the document management system records only part of the work that goes into a brief.  Lawyers sometimes work in documents on printed, paper copies for review with handwritten edits, or in versions locally saved to their computers and not captured in the firm-wide document tracking system (to avoid cluttering the system with multiple drafts).  They also often review drafts and provide comments and edits by email.   They sometimes create unique documents containing only sections of the brief which they edit as stand-alone documents until the drafting is sufficiently final to be inserted into the comprehensive final document.  And the system does not reflect all the work that goes in to the draft, such as compiling evidence, locating cites, legal research, and so forth.

24.     Lisa Leebove of JSLF drafted a 10-page insert covering one argument in the opening brief and made two rounds of edits.  Mr. Saveri and Ms. Leebove offered comments on the proposed order.

25.     Plaintiffs also submitted and relied on the expert report of Professor Edward E. Leamer.  Among all the lawyers, I had principal responsibility for overseeing production of this report.  All comments and suggested changes to the report went through me (and most of them were mine, although Mr. Cramer of B&M also offered substantial comments).

**2.      Document and Data Review**

26.     Through October 31, 2012, Defendants produced approximately 1,406,664 pages

of documents, which all Plaintiffs' counsel reviewed under Mr. Harvey's supervision.  (Ms.

Shaver later shared in this supervising role.) In total over the course of the entire case, Defendants

produced 325,000 documents totaling over 3.2 million pages.  Defendants also produced over 50

gigabytes of data consisting of 80,000 different files, which Plaintiffs' retained experts analyzed.

LCHB attorneys were the primary point of contact for all questions and issues regarding

Defendants' data, which required substantial and frequent follow-up with Defendants, including

30(b)(6) depositions regarding numerous data issues (such as definitions of data fields,  integrity

and reliability, preservation, and whether additional data was withheld that should have been

produced).

### 3. <u>Depositions</u>

27.     Through October 31, 2012, Plaintiffs took 23 depositions.  Of these, 17 were

30(b)(6) depositions concerning data issues and 6 were depositions of fact witnesses.  LCHB took

12 of these depositions.  G&E took five.  B&M took three.  JSLF also took three.

28.     LCHB also defended the depositions of four of the five class representatives, all of

whom are clients of LCHB:  Brandon Marshall, Mark Fichtner, Michael Devine and Siddarth

Hariharan.  Ms. Leebove of JSLF defended the deposition of Daniel Stover, who is also an LCHB

client.

### C. <u>November 1, 2012, to February 28, 2013</u>

29.     From November 1, 2012, to February 28, 2012, counsel performed the following

major tasks in the case:

**<u>Initial Class Certification</u>**

- Defending the deposition of Dr. Leamer;

- Taking the deposition of Dr. Kevin Murphy;

- Preparing a reply in support of the class certification motion, including a
  response to Defendants' *Daubert* papers;

- Preparing the administrative motion to strike the *Daubert* motion; and

- Preparing for and arguing the class certification motion.

**<u>Fact Discovery</u>**

1    • Taking 21 fact depositions of Defendant witnesses; and

2    • Continuing to review Defendants' document productions

3    30.    In addition, during this time, LCHB identified, retained, and worked with

4    Plaintiffs' consultant (later testifying expert) Kevin Hallock.

5    31.    From November 1, 2012, to February 28, 2013, LCHB's principal timekeepers

6    recorded the following time:

| | |
|---|---|
| Richard Heimann | 143.9 |
| Kelly Dermody | 209.2 |
| Brendan Glackin | 357.9 |
| Dean Harvey | 746.3 |
| | 1,457.3 |

10    32.    Other LCHB attorneys and staff invested substantial time in the matter for a total

11   of 3,912.5 hours recorded this period.  A summary of all time recorded by LCHB timekeepers

12   during this period can be found at Exhibit C.

13                **1.    Class Certification**

14    33.    LCHB took the lead in all aspects of responding to the Defendants' *Daubert*

15   motion and opposition to the class certification motion.

16    34.    I defended the deposition of Dr. Leamer.

17    35.    Anne Shaver and I drafted and filed the motion to strike Defendants' *Daubert*

18   papers.  Mr. Saveri and Ms. Leebove provided comments and suggested edits.

19    36.    LCHB principally drafted the combined reply brief and opposition to the *Daubert*

20   motion.

21    37.    For example, I can see that LCHB created 19 drafts (in two different documents)

22   of the consolidated response:

23

24

25

26

27

28

- 10 -

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 1 | 11/28/2012 10:31:43 ... |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 2 | 11/28/2012 8:05:57 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 3 | 12/3/2012 6:43:46 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 4 | 12/4/2012 1:03:29 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 5 | 12/4/2012 8:40:07 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 6 | 12/4/2012 10:03:34 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 7 | 12/5/2012 6:59:59 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 8 | 12/6/2012 4:13:23 PM |
| PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT ... | 1,068,566 | 9 | 12/6/2012 6:13:19 PM |

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| Reply class certification | 1,070,433 | 1 | 12/7/2012 7:16:11 PM |
| Reply class certification | 1,070,433 | 2 | 12/7/2012 7:46:12 PM |
| Reply class certification | 1,070,433 | 3 | 12/7/2012 9:55:42 PM |
| Reply class certification | 1,070,433 | 4 | 12/7/2012 9:47:10 PM |
| V5: Reply class certification | 1,070,433 | 5 | 12/7/2012 10:15:13 PM |
| V6: Reply class certification | 1,070,433 | 6 | 12/9/2012 4:36:30 PM |
| V7: Reply class certification | 1,070,433 | 7 | 12/9/2012 6:26:11 PM |
| V8: Reply class certification | 1,070,433 | 8 | 12/9/2012 6:27:16 PM |
| V9: Reply class certification 12.9.2012 (528pm) | 1,070,433 | 9 | 12/10/2012 12:34:46 ... |
| V10: Reply class certification 12.9.2012 (528pm) | 1,070,433 | 10 | 12/10/2012 11:53:18 ... |

38.     The document history shows me, for example, that Dean Harvey and I had the brief checked out for a combined total of 10 hours and 53 minutes on Saturday, December 8, 2012:

| | User | Application | Activity | Date - Time | Duration | F |
|---|---|---|---|---|---|---|
| | DHARVEY | WINWORD | Checkin | 12/8/2012 9:37:03... | 4:25:54 | |
| | DHARVEY | WINWORD | Modify | 12/8/2012 9:37:02... | 0:0:0 | |
| | DHARVEY | OUTLOOK | Mail | 12/8/2012 5:11:20... | 0:0:0 | |
| | DHARVEY | OUTLOOK | Checkout | 12/8/2012 5:11:09... | 0:0:0 | |
| | DHARVEY | WINWORD | Checkin | 12/8/2012 5:11:01... | 2:58:34 | |
| | DHARVEY | WINWORD | Modify | 12/8/2012 5:10:59... | 0:0:0 | |
| | BGLACKIN | wwlib | Close | 12/8/2012 4:47:09... | 0:0:0 | |
| | BGLACKIN | WINWORD | View | 12/8/2012 4:45:50... | 0:0:0 | |
| | BGLACKIN | wwlib | Close | 12/8/2012 4:45:15... | 0:0:0 | |
| | BGLACKIN | WINWORD | View | 12/8/2012 4:44:48... | 0:0:0 | |
| | BGLACKIN | wwlib | Close | 12/8/2012 4:27:01... | 0:0:0 | |
| | BGLACKIN | WINWORD | View | 12/8/2012 3:39:00... | 0:0:0 | |
| | DHARVEY | wwlib | Mail | 12/8/2012 2:47:26... | 0:0:0 | |
| | DHARVEY | OUTLOOK | Checkout | 12/8/2012 2:12:27... | 0:0:0 | |
| | BGLACKIN | WINWORD | Checkin | 12/8/2012 2:11:55... | 3:28:57 | |
| | BGLACKIN | WINWORD | Modify | 12/8/2012 2:11:55... | 0:0:0 | |

Document Activity History: 50 Items

39.     Ms. Leebove of JSLF drafted one insert to the brief and revised one section of it.

Mr. Saveri sent two emails with comments and suggested edits.  Eric Cramer of B&M also provided suggested edits.

40.     I deposed Dr. Kevin M. Murphy on Monday, December 3, 2012.  From reviewing my time records I can see I spent 16 hours over the weekend preparing to take that deposition, in addition to further prep time during the prior week.

41.     LCHB had sole responsibility for finalizing and filing the consolidated response, and accompanying declarations and exhibits, on December 10, 2012.

### 2.     Fact Discovery

42.     During this period of time counsel for the plaintiffs reviewed thousands of documents.  The two co-lead firms split document review roughly evenly, assisted by B&M and G&E.

43.     LCHB took ten depositions during this period.  Richard Heimann, Kelly Dermody, and Dean Harvey were the primary fact deposition-takers for LCHB.  JSLF took seven depositions.  G&E took six depositions; B&M took two.

### D.     March 1, 2013, to September 30, 2013

44.     From March 1, 2013, to September 30, 2013, counsel performed the following major tasks in the case:

- Completing fact deposition discovery, including depositions of 40 fact witnesses;
- Responding to Defendants' contention interrogatories;
- Drafting the supplemental class certification motion and overseeing the drafting of two reports regarding the same by Dr. Leamer, and one report by Dr. Kevin Hallock;
- Defending depositions of Dr. Leamer and Dr. Hallock;
- Taking depositions of Dr. Murphy and Dr. Elizabeth Shaw;
- Arguing class certification; and
- Negotiating and documenting the Pixar, Lucas, and Intuit settlements, and preparing and filing the motion for preliminary approval.

45.     During this period, as described below, LCHB continued to have principal or sole

responsibility for major case tasks, other than fact depositions assigned other firms.  The three

principal attorneys working on the case for LCHB recorded the following hours:

| | |
|---|---|
| Kelly M. Dermody | 721.7 |
| Brendan P. Glackin | 376.8 |
| Dean M. Harvey | 1,050.5 |
| | 2,149 |

46.     Other LCHB attorneys and staff recorded additional hours, for a total across all

timekeepers of 5,967.4 hours.  A summary of LCHB time for this specific period can be found at

Exhibit D.

### 1.     Fact Discovery

47.     During this period of time LCHB lawyers deposed 17 of the 40 fact witnesses.

Co-counsel (JSLF, B&M and G&E) deposed the others.

48.     Peter Barile of G&E analyzed Defendants' privilege logs for abuses.

49.     Plaintiffs responded to Defendants' contention interrogatories on April 12, 2013

and May 24, 2013.  These responses were prepared jointly by LCHB and JSLF.  James Dallal of

JSLF and Anne Shaver of LCHB jointly compiled the documents and testimony cited.

### 2.     Supplemental Class Certification Work

50.     LCHB had principal responsibility for drafting the supplemental class certification

motion.  Dean M. Harvey, Anne B. Shaver and I drafted initial sections of the brief.  I made and

managed most of the final revisions, with substantial input from Kelly M. Dermody.  LCHB

worked on five initial drafts of the document followed by 15 drafts in the last 5 days before filing

alone.

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| Plaintiffs' Supp Class Cert Motion | 1,092,436 | 1 | 4/17/2013 12:56:15 PM |
| v2:  **Plaintiffs' Supp Class Cert Motion | 1,092,436 | 2 | 4/17/2013 5:08:55 PM |
| v3:  **Plaintiffs' Supp Class Cert Motion | 1,092,436 | 3 | 5/4/2013 7:55:08 PM |
| v4: Plaintiffs' Supp Class Cert Motion | 1,092,436 | 4 | 5/2/2013 7:24:47 PM |
| v5: Plaintiffs' Supp Class Cert Motion | 1,092,436 | 5 | 5/4/2013 1:49:59 PM |

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS... | 1,095,373 | 1 | 5/6/2013 10:50:33 AM |
| V2:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 2 | 5/6/2013 3:17:45 PM |
| V3:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 3 | 5/6/2013 11:59:22 PM |
| V4:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 4 | 5/7/2013 5:28:19 PM |
| V5:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 5 | 5/7/2013 6:27:08 PM |
| V6:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 6 | 5/8/2013 11:31:46 PM |
| V7:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 7 | 5/9/2013 12:26:50 PM |
| V8:  PLAINTIFFS' SUPPLEMENTAL MOTION FOR CL... | 1,095,373 | 8 | 5/9/2013 7:48:57 PM |
| V9:  Supplemental Class Cert Brief (Clean) 5.9.2013 18... | 1,095,373 | 9 | 5/9/2013 7:45:41 PM |
| V9:  Supplemental Class Cert Brief (Clean) 5.9.2013 18... | 1,095,373 | 10 | 5/10/2013 12:31:28 AM |
| V10:  Supplemental Class Cert Brief (Clean) 5.9.2013 1... | 1,095,373 | 11 | 5/10/2013 3:59:20 AM |
| V10:  Supplemental Class Cert Brief (Clean) 5.10.2013 ... | 1,095,373 | 12 | 5/10/2013 6:15:11 PM |
| Final Supplemental Class Cert Brief 5.10.2013 1930hrs | 1,095,373 | 13 | 5/10/2013 8:36:56 PM |
| V13:  Supplemental Class Cert Brief (Clean) 5.10.2013 ... | 1,095,373 | 14 | 5/10/2013 8:46:01 PM |
| ✓ V15:  Supplemental Class Cert Brief (Clean) 5.10.2013 ... | 1,095,373 | 15 | 5/10/2013 9:26:55 PM |

51.     LCHB's document management system can also be used to check the contributions of various timekeepers.  For example, on Saturday May 4, 2013, Dean Harvey had the document open on his terminal for four hours and seven minutes.[5]

---

[5] Unfamiliar names appearing on the table are word processing operators who assist attorneys and staff with documents.  Inputting hand edits and re-formatting documents are common tasks for these operators.  LCHB does not bill the time of word processing operators, but treats it as overhead.

| User | Application | Activity | Date - Time ▽ | Duration | F |
|------|-------------|----------|---------------|----------|---|
| DHARVEY | OUTLOOK | Checkout | 5/4/2013 8:06:28 ... | 0:0:0 | |
| JLESTER | WINWORD | Checkin | 5/4/2013 8:03:08 ... | 0:10:39 | |
| JLESTER | WINWORD | Modify | 5/4/2013 8:03:08 ... | 0:0:0 | |
| JLESTER | Microsoft ... | Print | 5/4/2013 7:59:28 ... | 0:0:0 | |
| JLESTER | Microsoft ... | Print | 5/4/2013 7:59:16 ... | 0:0:0 | |
| JLESTER | OUTLOOK | Checkout | 5/4/2013 7:52:29 ... | 0:0:0 | |
| DHARVEY | OUTLOOK | Mail | 5/4/2013 7:51:53 ... | 0:0:0 | |
| DHARVEY | OUTLOOK | Mail | 5/4/2013 4:08:23 ... | 0:0:0 | |
| DHARVEY | WINWORD | Checkin | 5/4/2013 4:06:32 ... | 4:7:40 | |
| DHARVEY | WINWORD | Modify | 5/4/2013 4:06:31 ... | 0:0:0 | |
| DHARVEY | OUTLOOK | Checkout | 5/4/2013 11:58:51 ... | 0:0:0 | ≡ |
| TGOTO | OUTLOOK | Mail | 5/3/2013 5:55:30 ... | 0:0:0 | |
| TGOTO | WINWORD | Checkin | 5/3/2013 5:53:17 ... | 0:1:4 | |
| TGOTO | WINWORD | Modify | 5/3/2013 5:53:17 ... | 0:0:0 | |
| TGOTO | OUTLOOK | Checkout | 5/3/2013 5:52:13 ... | 0:0:0 | |
| TGOTO | OUTLOOK | Mail | 5/3/2013 5:49:00 ... | 0:0:0 | |

52.     LCHB compiled and prepared for filing the voluminous factual record.  I, Mr. Harvey, and several other lawyers and staff were present into the wee hours of May 10, 2013, to accomplish this task.  Ms. Leebove and Mr. Dallal of JSLF provided suggested edits and citations for the brief on May 7th, 8th, 9th, and 10th.

53.     During this time Mr. Barile of G&E and Ms. Schalman-Bergen of B&M supported the renewed class certification effort with fact and legal research.

54.     LCHB had sole responsibility for overseeing the expert reports of Dr. Leamer and Dr. Hallock.  I oversaw the work of Dr. Leamer and our statistical consultant.  All comments and suggestions on this work went through me (and most of them were mine).  Kelly Dermody researched, retained, and had primary responsibility for Dr. Hallock.  Kelly Dermody oversaw the work of Dr. Hallock.  Kelly Dermody and Dean Harvey spent many hours reviewing his drafts of the report and discussing it with him at length on the telephone.

55.     LCHB had sole responsibility for taking and defending expert depositions in connection with the supplemental class certification motion.  I defended Dr. Leamer's deposition (including preparing him for deposition) and took Dr. Murphy's deposition.  Kelly M. Dermody prepared and defended Dr. Hallock's deposition and took the deposition of Dr. Shaw.

56.     LCHB, principally me, had primary responsibility for overseeing the supplemental reply report of Dr. Leamer filed in connection with the reply brief.

57.     The co-lead firms divided responsibility for different sections of the reply brief. From reviewing the history of the earliest version, I can see that Dean Harvey had main responsibility for creating the brief and drafting initial sections for LCHB.  For example, on July 2nd, 5th, 6th and 7th he had the brief open at his terminal for long periods of time (from seven hours to just under eleven hours):



58.     LCHB created the first combined draft and had primary responsibility for managing and revising the brief over the final week before filing.  I spent many hours revising the brief down to fit within page limits and re-writing large sections of it.  From reviewing the document history, I can see 15 versions were created over the final week.

| Name/Description | Doc. Num | Version | Edit Date |
|---|---|---|---|
| PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMEN... | 1,120,075 | 1 | 7/11/2013 12:37:04 PM |
| PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEMEN... | 1,120,075 | 2 | 7/9/2013 11:50:34 AM |
| v3 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 3 | 7/9/2013 12:38:56 PM |
| v4 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 4 | 7/9/2013 1:54:45 PM |
| v5 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 5 | 7/10/2013 11:39:11 AM |
| v6 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 6 | 7/10/2013 11:41:48 AM |
| v7 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 7 | 7/10/2013 5:24:32 PM |
| v8 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 8 | 7/11/2013 10:47:36 AM |
| v9 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLEM... | 1,120,075 | 9 | 7/11/2013 12:51:21 PM |
| v10 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLE... | 1,120,075 | 10 | 7/11/2013 1:31:24 PM |
| v11 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLE... | 1,120,075 | 11 | 7/11/2013 4:33:02 PM |
| v12 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLE... | 1,120,075 | 12 | 7/11/2013 7:18:14 PM |
| v13 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLE... | 1,120,075 | 13 | 7/12/2013 12:39:21 PM |
| v14 PLAINTIFFS' REPLY IN SUPPORT OF SUPPLE... | 1,120,075 | 14 | 7/12/2013 4:03:38 PM |
| v15 FINAL-PLAINTIFFS' REPLY IN SUPPORT OF S... | 1,120,075 | 15 | 7/12/2013 9:46:17 PM |

59.     Once again, LCHB compiled, finalized and filed the voluminous evidentiary record.

60.     JSLF drafted two sections of the reply brief and a proposed insert to the introduction.  JSLF provided three rounds of edits to the brief and also proofread Dr. Leamer's report.

### 3.     Negotiation of Pixar, Lucasfilm and Intuit Settlements

61.     In the summer of 2013, Plaintiffs arrived at settlements in principle with Pixar, Lucasfilm and Intuit.  Kelly Dermody and Joseph Saveri negotiated these settlements for Plaintiffs.  The history of this process, to the extent it is not confidential, is spelled out in the papers submitted to the Court in connection with the settlements.  For Plaintiffs, Kelly Dermody had principal responsibility for drafting and finalizing most of the settlement documents, with input and revisions from Joseph Saveri. (Of course, Defendants Lucasfilm, Pixar, and Intuit were also heavily involved.).  Lisa Leebove of JSLF drafted the notice and proposed order.

### E.     October 1, 2013 to October 30, 2013

62.     From October 1, 2013, to October 30, 2013, counsel performed the following major tasks:

- Overseeing the expert reports of Dr. Hallock, Dr. Leamer, Dr. Manning, and Dr. Marx, served October 28, 2013; and
- Attending the preliminary approval hearing and preparing further

DECLARATION OF BRENDAN GLACKIN IN
SUPPORT OF MOTION FOR ATTORNEY FEES;
MASTER DOCKET NO. 11-CV-2509-LHK

1    documentation as required by the Court.

2    63.    During this period of time, the principal LCHB lawyers working on the case

3    recorded the following hours:

| Kelly M. Dermody | 93.8 |
|---|---|
| Brendan P. Glackin | 63.5 |
| Dean M. Harvey | 117.9 |
| Lisa J. Cisneros | 45.3 |
| | 320.5 |

9    64.    Other LCHB counsel and staff recorded an additional 118.1 hours, for a total of

10   432.6 hours across all timekeepers. A summary of LCHB time for this specific period can be

11   found at Exhibit E.

12           **1.    Merits Expert Reports**

13   65.    During this period of time, LCHB lawyers had primary responsibility for assisting

14   the experts in completing their reports.  This included discussing with the experts the scope and

15   direction of the reports; reviewing drafts and providing comments and edits; assisting the experts

16   with tasks such as locating record citations; and then final formatting, proofreading, etc.  LCHB

17   compiled all exhibits to the final reports and served them.

18   66.    Kelly M. Dermody had main responsibility for overseeing the work of Dr.

19   Hallock.

20   67.    I continued to have primary responsibility for overseeing the work of Dr. Leamer.

21   68.    Dean M. Harvey and I had main responsibility for overseeing the work of Dr.

22   Manning.

23   69.    Dean M. Harvey had main responsibility for overseeing the work of Dr. Marx.

24   70.    Joseph Saveri reviewed and commented twice on the draft of Dr. Manning.  Joseph

25   Saveri prepared a bullet point list of proposed topics to be addressed by Dr. Marx.  Joseph Saveri

26   reviewed and commented once on the draft of Dr. Marx. Lisa Leebove reviewed and commented

27   twice on the draft of Dr. Manning. James Dallal reviewed the record and collected citations

28   relevant to the reports of Dr. Marx and Dr. Manning.

### 2.     Settlement Approval

71.     JSLF drafted the motion for preliminary approval with Pixar/Lucas and Intuit, which LCHB (through Kelly M. Dermody) edited and revised.   LCHB also drafted the revised Proposed Order, Notice of Settlement and Claim Form.  Kelly M. Dermody prepared to argue and argued for preliminary and final approval of the settlements.

### F.     October 31, 2013 to the Present

72.     From October 31, 2013, through signing of the settlement agreement with Adobe, Apple, Google, and Intel in Spring, 2014, counsel performed the following major tasks:

- Respond to the Defendants' Rule 23(f) petition to the Ninth Circuit;
- Take and defend depositions of the parties' merits experts;
- Oppose Defendants' motion for summary judgment and motions to exclude expert testimony;
- Prepare for trial; and
- Negotiate and present to the Court settlements with the last four defendants (Adobe, Apple, Google, and Intel) and oppose Defendants' petition for a writ of mandamus against the order denying preliminary approval of the first settlement.

73.     During this period of time, the three principal LCHB lawyers working on the case recorded the following hours:

| Kelly Dermody | 857.4 |
|---|---|
| Brendan Glackin | 590.5 |
| Dean Harvey | 1465.7 |
| | 2913.6 |

74.     Other LCHB counsel and staff invested substantial additional time, for a total of 5,540 hours across all timekeepers. A summary of LCHB time for this specific period can be found at Exhibit F

### 1.     The Rule 23(f) Petition

75.     On November 7, 2013, Defendants petitioned the Ninth Circuit for permission to appeal from this Court's order certifying the litigation class.  On November 18, 2013, Plaintiffs filed a response.   Joshua P. Davis of JSLF wrote the first draft of that response, which I

- 19 -

1    substantially revised prior to filing.

2              **2.       Expert Discovery**

3        76.    In November and December of 2013, the parties deposed each other's experts.

4    LCHB prepped and defended all of the experts designated by the Plaintiffs, and took three of the

5    six experts designated by the Defendants.

6        77.    Specifically, the following Plaintiff counsel took responsibility for defending the

7    depositions of the Plaintiffs' experts:

8

9    | Prof. Kevin Hallock | Kelly Dermody (LCHB) |
     |---|---|
10   | Prof. Edward E. Leamer | Brendan Glackin (LCHB) |
11   | Prof. Alan Manning | Brendan Glackin (LCHB) |
12   | Prof. Matthew Marx | Dean M. Harvey (LCHB) |

13

14       78.    The following Plaintiff counsel took responsibility for deposing the experts

15   designated by the defense:

16

17   | Prof. Elizabeth Becker | Kelly Dermody (LCHB) |
     |---|---|
18   | Prof. David Lewin | Joseph Saveri (JSLF) |
19   | Prof. Kevin Murphy | Joseph Saveri (JSLF) |
20   | Prof. Edward Snyder | Eric Cramer (B&M) |
21   | Dr. Lauren Stiroh | Brendan Glackin (LCHB) |
22   | Prof. Eric Talley | Dean Harvey (LCHB) |

23

24             **3.       Opposition to Motion for Summary Judgment and Motions to Exclude
25                        Expert Testimony**

26       79.    On January 9, 2014, Adobe, Apple, Google and Intel each filed individual motions

27   for summary judgment, as well as a short joint brief.

28       80.    Dean Harvey of LCHB drafted the consolidated opposition to the motions for

- 20 -

1   summary judgment almost in its entirety.  This included making all arguments about the law and

2   compiling all the facts.  I can verify this again by resort to LCHB's document management

3   system.  For instance, I can see that LCHB created eight versions of the opposition from January

4   22, 2014, to February 5, 2014 (there were also prior and later versions created under different

5   document identification numbers).

6

| Name/Description | | Do... | Version | Edit Date | |
|---|---|---|---|---|---|
| ✓ | PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' JOIN... | 1,1... | 1 | 1/22/2014 7:01:25 PM | |
| ✓ | PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' JOIN... | 1,1... | 2 | 1/26/2014 10:11:54 PM | |
| | PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' JOIN... | 1,1... | 3 | 2/2/2014 9:37:35 AM | |
| | PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' JOIN... | 1,1... | 4 | 2/2/2014 4:34:51 PM | |
| | PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' JOIN... | 1,1... | 5 | 2/3/2014 8:19:44 PM | |
| | PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' JOIN... | 1,1... | 6 | 2/4/2014 11:25:37 AM | |
| | MSJ Opp (BPG eds) | 1,1... | 7 | 2/4/2014 8:16:54 PM | |
| | v9 MSJ Opp'n Brief | 1,1... | 8 | 2/5/2014 10:51:19 AM | |

        81.     Looking at the history of version 3, I can see that Mr. Harvey spent over 30 hours

in the document (not all of his activity in the version is visible in the image below).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



82.     After Mr. Harvey circulated a complete first draft, JSLF provided draft inserts to

17

this brief on February 2, 2014.

18

83.     On January 9, 2014, Defendants also filed motions to exclude the testimony of Dr.

19

Leamer and Dr. Marx, and also a motion to strike Dr. Leamer's reply report.

20

84.     I wrote the opposition to the *Daubert* motion against Dr. Leamer.

21

85.     Eric Cramer of B&M wrote the first draft of the opposition to the *Daubert* motion

22

against Dr. Marx.  Mr. Cramer, Mr. Harvey, and I together revised the brief into its final form.

23

86.     Darsana Srinivasan of LCHB created the initial draft of the opposition to the

24

motion to strike Dr. Leamer's reply.  I revised it into its final form.[6]

25

26

27

28

---

[6] Plaintiffs also filed on January 9, 2014, a limited motion to exclude certain proposed testimony
of Dr. Stiroh and Dr. Murphy.  Lisa Cisneros of LCHB drafted this brief; Kelly Dermody, Dean
Harvey, and I supervised and revised it.  JSLF provided comments and revisions and also drafted
a 1-paragraph section of the brief pertaining to Dr. Murphy.  Plaintiffs filed a reply in support of
this motion on February 27, 2014.  LCHB undertook principal drafting with comments and edits
from JSLF.

87.     Kelly Dermody supervised and provided edits and comments throughout the creation of all these documents, as she did with all other filings in the case.

**4.    Trial Preparation**

88.     In the winter of 2014 counsel for Plaintiffs began various tasks related to finally bringing the case to trial.[7]

89.     Plaintiffs prepared and filed a motion on the applicability of the *per se* standard. Eric Cramer of B&M wrote the first draft.  I revised and finalized the document.  Josh Davis of JSLF, and Dean Harvey and Lisa Cisneros of LCHB, also provided suggested comments and edits.

90.     Plaintiffs prepared and filed *in limine* motions, and oppositions to Defendants'motions.  All four firms (LCHB, JSLF, G&E, and B&M) collaborated on drafting and revising these briefs.  LCHB finalized and filed the papers.

91.     Plaintiffs created and met and conferred with Defendants about exhibit lists, witness lists, and transcript designations.  This included many lengthy meet-and-confers with the Defendants to apply the parties' stipulation about authentication and admissibility of business records. Dean Harvey and other LCHB lawyers took the lead on the meet-and-confers and created all of the first drafts of various documents and pleadings.

92.     Counsel retained an established, skilled jury consultant, and conducted various kinds of testing with simulated potential jurors from the jury pool for this case.  Because this work is highly confidential and protected by the work-product doctrine it will not be discussed in detail, save to say that it was thorough and consisted of multiple rounds.  Plaintiffs' counsel also had many trial-preparation tasks in progress at the time the initial settlement with Adobe, Apple, Google and Intel was reached, which were discontinued when the Court vacated the trial date.  Again, this work never became public and is confidential and subject to the work product doctrine.

---

[7] Plaintiffs also filed a motion to compel, the subject matter of which has remained under seal and which therefore will not be discussed herein.

DECLARATION OF BRENDAN GLACKIN IN
SUPPORT OF MOTION FOR ATTORNEY FEES;
MASTER DOCKET NO. 11-CV-2509-LHK

1

### 5.   Settlement of the Case

2      93.     In the spring of 2014, Plaintiffs arrived at a settlement in principle with Adobe,

3   Apple, Google and Intel.  Kelly Dermody and Joseph Saveri negotiated these settlements for

4   Plaintiffs.  The history of this process, to the extent it is not confidential, is spelled out in the

5   papers submitted to the Court in connection with the settlement. Kelly Dermody had principal

6   responsibility for the drafting of settlement documents, with input from Joseph Saveri (and

7   Defendants).

8      94.     The Court denied preliminary approval of the Spring 2014 settlement.

9   Subsequently, Defendants challenged this decision by filing a petition for a writ of mandamus in

10   the Ninth Circuit.  Plaintiffs opposed the writ.   In the meantime, the Court set a new trial date and

11   also set pre-trial deadlines for things such as pre-trial disclosures.  Plaintiffs began to prepare the

12   case for trial and would have been fully prepared and able to try the case.  This included

13   additional conferences about pre-trial disclosures and admissibility of documents.

14      95.     In the fall of 2014, Plaintiffs and Defendants once again began discussing

15   settlement, under the supervision of mediator, Hon. Layn Phillips, a retired federal judge.  During

16   this time, Kelly Dermody and Joseph Saveri invited the participation of counsel for Plaintiff

17   Michael Devine.  Plaintiffs arrived at a new settlement in principle with Adobe, Apple, Google

18   and Intel at the beginning of 2015.  Kelly Dermody and Joseph Saveri negotiated these

19   settlements for Plaintiffs.  The history of this process, to the extent it is not confidential, is spelled

20   out in the papers submitted to the Court in connection with the settlement.

21      96.     Since then, the only work done in the case has been to submit preliminary approval

22   papers and the instant fee submission.  LCHB led this process.  LCHB has not included time in

23   connection with the fee submission in the accompanying detail and does not propose to use that

24   time for purposes of a lodestar cross-check.

25      97.     I declare under penalty of perjury under the laws of the United States that the

26   foregoing is true and correct.

27

28

1

98.     Executed this 7th day of May 2015, in San Francisco, California.

2

3

4                                            Brendan P. Glackin

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 25 -