# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF PROPOSED
# SETTLEMENT OF CLASS ACTION,
# FAIRNESS HEARING, AND RIGHT TO APPEAR

**IMPORTANT _NEW_ INFORMATION – READ CAREFULLY AND DO NOT DISCARD**

**If you were employed in a technical, creative, or research and development ("Technical") position at Adobe Systems Incorporated, Apple Inc., Google Inc., Intel Corporation, Intuit Inc., Lucasfilm, Ltd., or Pixar during the time periods set forth below, you could get money from a class action settlement.  Please read this Notice carefully.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

## Overview

**This Notice describes a settlement of a lawsuit and how you can get money from that settlement or exclude yourself from it.**

## Background

- On October 24, 2013, the Hon. Lucy H. Koh of the United States District Court for the Northern District of California entered an order certifying a class of technical, creative, and research and development ("Technical") employees in a class action lawsuit involving allegations that several high-technology companies agreed not to recruit each other's employees through "cold calling."  The class action lawsuit claims that Adobe Systems Incorporated ("Adobe"), Apple Inc. ("Apple"), Google Inc. ("Google"), Intel Corporation ("Intel"), Intuit Inc. ("Intuit"), Lucasfilm, Ltd. ("Lucasfilm"), and Pixar ("Pixar") violated federal and state antitrust laws as a result.  Defendants deny that they violated any antitrust law or engaged in any wrongdoing.

- Defendants Intuit, Lucasfilm, and Pixar previously settled the claims brought against those companies.  Only claims against remaining defendants Adobe, Apple, Google, and Intel are still in the case.

- The remaining defendants have now settled.  **The purpose of this Notice is to advise you of your rights with respect to this new Settlement.**  You should read it carefully.

- If you are a Class Member, you have a right to participate in the Settlement.

- This is not a lawsuit against you. Your participation in this lawsuit or acceptance of money from the Settlement will not affect your employment status or compensation in any way.

- Please read this Notice carefully.  **This Notice explains your legal rights and options—and the deadlines to exercise them.**  Your legal rights will be affected whether you act or don't act, and you have choices to make now.

## The Settlement with the Remaining Defendants

- A Settlement of $415,000,000 with remaining defendants Adobe, Apple, Google, and Intel has been reached in settlement of the remaining claims in the class action lawsuit.  (This is in addition to the $20,000,000 in settlements previously reached with the other defendants.)  Adobe, Apple, Google, and Intel deny that they violated any antitrust laws or engaged in any wrongdoing.  For purposes of this Notice, Adobe, Apple, Google, and Intel are referred to collectively as the "Settling Defendants."

- The Settlement with Adobe, Apple, Google, and Intel will fully resolve the pending class action lawsuit.

- You are a Class Member if you were a salaried Technical Employee (as defined below) who worked in the United States for any of the Defendants during any portion of the following time periods: (a) for Adobe from May 2005 through December 2009; (b) for Apple from March 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees, corporate officers, members of the boards of directors, and certain senior executives of all Defendants.  For a more complete list of job titles included in the Class, please go to www.hightechemployeelawsuit.com.

- **The Court in charge of this case still has to approve the Settlement.  Payment will be made if the Court approves the Settlement and orders that the Settlement Fund be distributed, and if any appeals of the Court's approval of the Settlement are resolved in favor of the Settlement.  Please be patient.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | **Receive payment from the Settlement.**  If you do nothing and are a Class Member, you will receive money from the Settlement when the funds are distributed. |
| **EXCLUDE YOURSELF FROM THE LAWSUIT AND SETTLEMENT** | **Get no payment from the Settlement.**  This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the claims in this case against any of the Settling Defendants.  As described in Question 17, below, you may exclude yourself from the lawsuit and Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** | **Following the instructions in Question 20, write to the Court about why you like or do not like the Settlement by no later than May 21, 2015.** You may also ask to speak to the Court about your written comments or objections about the fairness of the Settlement at the "Fairness Hearing" on **July 9, 2015 at 1:30 p.m.**, though you do not have to do so. To comment on or object to the Settlement and request to speak at the "Fairness Hearing," you must act before **May 21, 2015**. |
| **GO TO THE COURT'S FAIRNESS HEARING ABOUT THE SETTLEMENT** | If you would like, you may ask to speak in Court about the fairness of the Settlement if you follow the instructions in Question 20 of this Notice.  You do not need to speak to the Court to receive benefits under the Settlement. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** ................................................................................................................... 4
    1.    Why did I get this Notice?............................................................................................. 4
    2.    What is this lawsuit about? ........................................................................................... 4
    3.    Why is this a class action, and who is involved? ......................................................... 4
    4.    Why is there a Settlement? ........................................................................................... 4

**WHO IS IN THE SETTLEMENT AND THE CLASS ACTION LAWSUIT?** ................................................. 5
    5.    Am I a Class Member who is part of the Settlement? .................................................. 5
    6.    I'm still not sure if I am included. ................................................................................ 5
    7.    Does it make a difference whether I work or worked for Adobe,
           Apple, Google, or Intel, on the one hand, or Intuit, Lucasfilm, or
           Pixar, on the other hand? .............................................................................................. 5
    8.    What are my rights as a Class Member? ...................................................................... 6

**THE SETTLEMENT BENEFITS** ........................................................................................................ 6
    9.    What does the Settlement provide? .............................................................................. 6
    10.   How much money can I get from the Settlement? ....................................................... 6

**RECEIVING MONEY FROM THE SETTLEMENT** ............................................................................... 7
    11.   How can I get money from the Settlement? ................................................................. 7
    12.   When will I get my payments? ..................................................................................... 7
    13.   What am I giving up to get payments under the Settlement? ...................................... 7

**THE LAWYERS REPRESENTING YOU** ........................................................................................... 8
    14.   Who represents me in this case? ................................................................................... 8
    15.   Should I get my own lawyer? ....................................................................................... 8
    16.   How will the lawyers be paid? ..................................................................................... 8

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................................ 9
    17.   How do I get out of the Settlement? ............................................................................. 9
    18.   If I don't exclude myself, can I sue the Settling Defendants for the
           same thing later? ........................................................................................................... 9
    19.   If I exclude myself, can I get money from this case? ................................................... 9

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** ............................................................ 10
    20.   How do I tell the Court that I like or don't like the proposed
           Settlement, and may I speak at the hearing? ............................................................. 10

**THE COURT'S FAIRNESS HEARING** ........................................................................................... 10
    21.   When and where will the Court decide whether to approve the
           Settlement? ................................................................................................................. 10
    22.   Do I have to come to the Fairness Hearing? .............................................................. 11

**IF YOU DO NOTHING** ................................................................................................................ 11
    23.   What happens if I do nothing at all? .......................................................................... 11

**YOUR PRIVACY** ........................................................................................................................ 11
    24.   Will my manager know whether or how I responded to this Notice? ....................... 11

**GETTING MORE INFORMATION** ................................................................................................. 11
    25.   Are more details about the Settlement and the lawsuit available? ............................ 11
    26.   How do I get more information? ................................................................................ 12

**BASIC INFORMATION**

| 1. | **Why did I get this Notice?** |
|---|---|

You have received this Notice because Defendants' records show you may have worked as a salaried Technical Employee in one of the job positions described in Question 5 below during some or all of the following time periods: (a) for Adobe from May 2005 through December 2009; (b) for Apple from March 2005 through December 2009; (c) for Google from March 2005 through December 2009; (d) for Intel from March 2005 through December 2009; (e) for Intuit from June 2007 through December 2009; (f) for Lucasfilm from January 2005 through December 2009; or (g) for Pixar from January 2005 through December 2009.

**The Court sent you this Notice because you have the right to know about the proposed Settlement of this class action lawsuit, and about your legal rights and options, before the Court holds a "Fairness Hearing" to decide whether to grant final approval of the Settlement.**

This Notice explains the lawsuit, the Settlement, and your legal rights. It also explains what benefits from the Settlement will be available, when they will be available, who is eligible for them, and how to obtain them. If the Court approves the Settlement and orders that the Settlement Fund be distributed and if any appeals of the Court's approval of the Settlement are resolved in favor of the Settlement, an administrator appointed by the Court will make the payments that the Settlement allows.

The Court has preliminarily approved the Settlement. If you are a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval of the proposed Settlement at the "Fairness Hearing." The Court will hold the Fairness Hearing on **July 9, 2015 at 1:30 p.m.** to decide whether the proposed Settlement is fair, reasonable, and provides adequate compensation and benefits to the members of the Class.

If you wish to comment on or object to the Settlement, or to exclude yourself from the lawsuit and Settlement, you must do so following the procedures described below. If you do nothing, you will receive money from the Settlement and you will be bound by any final judgment.

| 2. | **What is this lawsuit about?** |
|---|---|

The lawsuit claims that Defendants entered into a series of agreements with each other not to recruit each other's employees in violation of federal and state antitrust laws. Each of the Defendants denies that it violated any laws or engaged in any wrongdoing.

Adobe, Apple, Google and Intel have entered into a Settlement Agreement with Plaintiffs. (The other Defendants -- Intuit, Lucasfilm, and Pixar -- entered into separate, earlier settlement agreements.)

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at www.hightechemployeelawsuit.com.

| 3. | **Why is this a class action, and who is involved?** |
|---|---|

In a class action lawsuit, one or more persons called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims. The people with similar claims together are a "Class" and are called "Class Members." A class action resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Court appointed Named Plaintiffs Siddharth Hariharan, Mark Fichtner, Daniel Stover, and Michael Devine as Class Representatives in this case.

| 4. | **Why is there a Settlement?** |
|---|---|

The Court has not found in favor of Plaintiffs or Settling Defendants. Plaintiffs and Settling Defendants have agreed to a Settlement which, if it is approved, will bring the claims against Settling Defendants to an end. That way, the Plaintiffs and Settling Defendants avoid the uncertainty of continuing the case between them and

the cost of further litigation, and Class Members will get the benefits of the Settlement. The Class Representatives support the Settlement.

**WHO IS IN THE SETTLEMENT AND THE CLASS ACTION LAWSUIT?**

**5.     Am I a Class Member who is part of the Settlement?**

In general, individuals who were salaried technical, creative, and research and development employees at any one of the Defendant companies may be Class Members who are eligible for a payment from the Settlement when the funds are distributed, if they meet the following definition:

> All natural persons who work in the technical, creative, and/or research and development fields that were employed on a salaried basis in the United States by one or more of the following: (a) Adobe from May 2005 through December 2009; (b) Apple from March 2005 through December 2009; (c) Google from March 2005 through December 2009; (d) Intel from March 2005 through December 2009; (e) Intuit from June 2007 through December 2009; (f) Lucasfilm from January 2005 through December 2009; or (g) Pixar from January 2005 through December 2009.  Excluded from the Class are: retail employees during the Class period; corporate officers, members of the boards of directors, and senior executives of all Defendants.

By way of example, the below technical, creative and/or research and development job titles are included in the Class.  This is not a complete list of job titles.  To see a more complete list of job titles, please go to www.hightechemployeelawsuit.com:

| | |
|---|---|
| ● Software Engineers | ● Research and Development |
| ● Hardware Engineers and Component Designers | ● Animators, Digital Artists, Creative Directors and Technical Editors |
| ● Application Developers | ● Graphic Designers and Graphic Artists |
| ● Programmers | ● Web Developers |
| ● Product Developers | ● IT Professionals |
| ● User Interface or User Experience Designers | ● Systems Engineers and Administrators |
| ● Quality Analysts | ● Employees classified as technical professionals by their employers |

**6.     I'm still not sure if I am included.**

If you received this Notice mailed to you, it is because you were listed as a potential Class Member.  If you are still not sure whether you are included, you can get help at www.hightechemployeelawsuit.com or by calling 1-888-285-0335

**7.     Does it make a difference whether I work or worked for Adobe, Apple, Google, or Intel, on the one hand, or Intuit, Lucasfilm, or Pixar, on the other hand?**

As long as you fall within the definition of the Class in Question 5 above, you can participate in the Settlement, regardless of which Defendant you work or worked for.  Current and former employees of Settling Defendants (Adobe, Apple, Google, and Intel) and the other Defendants (Intuit, Lucasfilm, and Pixar) who fall within the definition of the Class in Question 5 are all Class Members and are all entitled to receive a payment under the Settlement.

| 8. | **What are my rights as a Class Member?** |
|---|---|

You have the right to (1) do nothing, in which case you will receive a payment and will waive any rights to pursue a later lawsuit of your own against the Settling Defendants, (2) exclude yourself from the lawsuit and Settlement (*see* Question 17), (3) comment on or object to the Settlement (*see* Question 20), or (4) attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of the Settlement (*see* Question 21).

**THE SETTLEMENT BENEFITS**

| 9. | **What does the Settlement provide?** |
|---|---|

Defendants Adobe, Apple, Google, and Intel will pay $415,000,000 into a Settlement Fund. After deducting attorneys' fees, costs, applicable taxes, and other fees and expenses (*see* Question 16), the Settlement Fund will be distributed to Class Members. The Settlement Administrator will reserve $250,000 to resolve any Class Member disputes or payment issues that arise within 180 days of the first date distribution is made to Class Members ("Dispute Fund"). If any money remains in the Dispute Fund once all disputes are resolved, or if any Class Members fail to cash their Settlement checks, and the total amount of residual money is greater than the administrative costs of redistribution, then the residual funds will be redistributed to the Class on a pro rata basis. If the total amount of residual funds is less than the administrative costs of redistribution, the money will be donated to a charitable and/or non-profit organization whose principal purpose is the education, development, and advancement of workers, as approved by the Court.

As a Class Member, you will give up, or "release," your claims against Adobe, Apple, Google, and Intel in exchange for the right to receive your share of the Settlement Fund. Those releases include any claims made or that could have been made arising from the facts alleged in this lawsuit. The releases are described in more detail in the Settlement Agreement and in Question 13 below. You can view or download a copy of the Settlement Agreement at www.hightechemployeelawsuit.com.

| 10. | **How much money can I get from the Settlement?** |
|---|---|

Class Members who do not opt out will be eligible to receive a share of the Settlement Fund net of all applicable reductions based on a formula using a Class Member's base salary paid on the basis of employment in a "Class Position" within the "Class Period" as set forth in the Class definition. In other words, each Class Member's share of the Settlement Fund is a fraction, with the Class Member's total base salary paid on the basis of employment in a Class Position during the Class Period as the numerator and the total base salary paid to all Class Members on the basis of employment in a Class Position during the Class Period as the denominator:

(Class Member's individual total base salary paid on the basis of employment in Class Positions during the Class Period)

÷

(Total of base salaries of all Class Members paid on the basis of employment in Class Positions during the Class Period)

Each Class Member's fractional amount shall be multiplied against the Settlement Fund net of court-approved costs, service awards, and attorneys' fees and expenses, and the Dispute Fund.

The base salary, dates of employment, and whether a potential Class Member held a Class Position will be conclusively derived from Defendants' data maintained by their respective human resources departments and will not be subject to challenge by Class Members. Payments to Class Members shall not be made until the

Effective Date has passed and all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved.

The proposed Plan of Allocation is available for review at www.hightechemployeelawsuit.com, and will be presented for approval by the Court at the Fairness Hearing (*see* Question 21).

### RECEIVING MONEY FROM THE SETTLEMENT

**11.  How can I get money from the Settlement?**

You do not need to do anything to receive money from the Settlement.  If you fall within the Class definition and do not opt-out of the Settlement, you will receive money from the Settlement.  If you exclude yourself from the lawsuit and Settlement, you will not receive money from the Settlement.

**12.  When will I get my payments?**

The Court will hold a Fairness Hearing on **July 9, 2015 at 1:30 p.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there still may be appeals of that decision.  If an appeal is filed, it is hard to estimate how long it might take for it to be resolved, but it can take a lot of time, perhaps more than a year.  Settlement payments to Class Members will be distributed if the Settlement is approved, and after appeals, if any, are resolved.

Updates regarding the Settlement and when payments may be made will be posted on the settlement website, www.hightechemployeelawsuit.com.

**13.  What am I giving up to get payments under the Settlement?**

If you are a Class Member, unless you exclude yourself from the lawsuit and Settlement, you will remain within the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Adobe, Apple, Google, or Intel about the claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you, and that you agree to the following "Release of Claims," which describes exactly the legal claims that you give up if you participate in the Settlement:

Upon the Settlement Agreement becoming effective, the Named Plaintiffs and Class Members (who do not otherwise properly exclude themselves) shall all release, forever discharge and covenant not to sue Adobe, Apple, Google, and Intel, their past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing) (the "Released Parties") from all claims, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from or related to the facts, activities or circumstances alleged in the Consolidated Amended Complaint or any other purported restriction on competition for employment or compensation of Named Plaintiffs or Class Members (collectively, the "Released Claims").  Released Claims shall be released up to the Effective Date of the Settlement whether or not alleged in the Consolidated Amended Complaint and whether or not any Class Member objects to the Settlement.  For the avoidance of doubt, this Agreement shall not be construed to release any local, state or federal claim arising out of allegations of any product defect, discrimination, or personal or bodily injury, and shall not be construed to release any local, state or federal claim arising out of allegations of unlawful overtime or violations of ERISA or similar statutes that are unrelated to the facts, activities, or circumstances alleged in the Consolidated Amended Complaint or to the payments or distributions made pursuant to this Settlement.

**THE LAWYERS REPRESENTING YOU**

### 14. Who represents me in this case?

The Court appointed the following law firms as Co-Lead Class Counsel to represent the Class:

| | |
|---|---|
| Kelly M. Dermody<br>LIEFF CABRASER HEIMANN<br> & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>(415) 956-1000<br>kdermody@lchb.com | Joseph R. Saveri<br>JOSEPH SAVERI LAW FIRM, INC.<br>505 Montgomery Street, Suite 625<br>San Francisco, CA 94111<br>(415) 500-6800<br>jsaveri@saverilawfirm.com |

These lawyers and law firms are called "Plaintiffs' Counsel."

### 15. Should I get my own lawyer?

You do not need to hire your own lawyer because Plaintiffs' Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Plaintiffs' Counsel to speak for you. You may also appear for yourself without a lawyer.

### 16. How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court to approve at the Fairness Hearing payment from the Settlement Fund of out-of-pocket costs not to exceed $1,200,000, which includes incurred and unreimbursed expert and vendor costs Plaintiffs' Counsel have incurred prosecuting this case to date. Plaintiffs' Counsel will also ask the Court to approve payment of attorneys' fees of up to approximately 19.54% percent (or $81,125,000) of the Settlement Fund. The fees would compensate Plaintiffs' Counsel for investigating the facts, litigating the case (including through appeals), and negotiating and administering the $415 million Settlement.

In addition, the law firm of Girard Gibbs LLP, counsel for Class Representative Michael Devine, will seek a fee of up to approximately 1.09% of the Settlement Fund (or $4,523,500) for its participation in the settlement approval process and the negotiation of the $415 million settlement. The fee sought by Girard Gibbs is independent of any compensation sought by Plaintiffs' Counsel and would compensate Girard Gibbs LLP for its services and pay its out-of-pocket litigation expenses.

Plaintiffs' Counsel will also ask the Court to approve at the Fairness Hearing payments of up to $160,000 to each of the individual Class Representatives, as well as a payment of up to $160,000 to the estate of former Class Representative Brandon Marshall (who, before his death in December 2013, provided all of the same services to the Class as the other Class Representatives), as Service Awards for their service to the Class. The Service Awards shall be paid when the Settlement Fund is distributed to Class Members. The costs of providing this Notice and administering the Settlement are being paid from the Settlement Fund and are estimated to total approximately $160,000.

If the Court grants Counsel's requests, all fees, costs, and expenses would be deducted from the Settlement Fund.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

### 17. How do I get out of the Settlement?

If you fall within the Class definition but don't want a payment from the Settlement, or if you want to keep the right to sue or continue to sue Adobe, Apple, Google, or Intel (at your own expense) about the issues in this case, then you must "opt out" of the Settlement. This is called excluding yourself from, or opting out of, the Settlement.

To exclude yourself from (opt out of) the lawsuit and Settlement, you must send a letter or written request to the Notice Administrator at the address below saying that you want to be excluded from the Settlement in *In re: High-Tech Employee Antitrust Litigation,* with your full legal name and the name(s) of the Defendant company or companies (i.e., Adobe, Apple, Google, Intel, Intuit, Lucasfilm, or Pixar) for which you worked between 2005 and 2009.  You must sign your request.

To exclude yourself from the lawsuit and Settlement, you must submit your opt-out request letter postmarked no later than **May 21, 2015** (or received by the Notice Administrator by that date if sent by fax or e-mail) to the following address:

Gilardi & Co. LLC
In re High Tech Employee Settlement
P.O. Box 8060
San Rafael, CA 94912-8060
Fax 415-256-9756
info@hightechemployeelawsuit.com

You cannot exclude yourself (opt out) by telephone.

If you request to be excluded from the Settlement with Adobe, Apple, Google, and Intel, you will not be legally bound by the Settlement.  You will be able to sue (or continue to sue) Adobe, Apple, Google, and Intel in the future about the claims in this case.

If you ask to be excluded from the Settlement, you will not receive payment from it, and you will not be able to object to it.

### 18. If I don't exclude myself, can I sue the Settling Defendants for the same thing later?

No.

If you are a Class Member, unless you exclude yourself from the lawsuit and Settlement, you give up the right to sue Adobe, Apple, Google, and Intel for the claims that the Settlement resolves as more fully described in Question 13 above.

If you have a pending lawsuit against any of the Settling Defendants, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself to continue your own lawsuit.  The process for excluding yourself from the Settlement is described in the preceding sections.

### 19. If I exclude myself, can I get money from this case?

If you exclude yourself, you will **not** receive money from the Settlement.  But, by excluding yourself, you keep any rights to sue on your own about the same claims in the lawsuit should you want to do so.

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT**

| 20. How do I tell the Court that I like or don't like the proposed Settlement, and may I speak at the hearing? |
|---|

If you're a Class Member, you can comment on or object to the Settlement if you like or don't like any part of it. You can give reasons why you think the Court should or should not approve it. The Court will consider your views.

To comment or to object, you must send a letter to the Notice Administrator with your comments or objections to the proposed Settlement in *In re: High-Tech Employee Antitrust Litigation*. Be sure to include:

- Your name, address, telephone number, email address and signature;
- If you object to the Settlement, a detailed list of any other objections that you or your lawyer have made to any class action settlements submitted to any court in the United States in the previous five (5) years; and
- A detailed statement of your comments or objections, including the grounds for your objections, if any, together with any supporting documents.
- You do not need to attend or speak at the Fairness Hearing (described in Question 21 below) for your comments or objections to be considered. If you would like to speak at the Fairness Hearing about your comments or objections to the Settlement, you must add to your letter a statement that you intend to appear and speak at the hearing, for example, by stating "This is my Notice of Intention to Appear in *In re: High-Tech Employee Antitrust Litigation*."

If you wish for the Court to consider your comments or objections, you must submit the comments or objections, along with a request to speak at the Fairness Hearing (if any), postmarked no later than **May 21, 2015** (or received by the Notice Administrator by that date if sent by fax or e-mail) to the following address:

Gilardi & Co. LLC
In re High Tech Employee Settlement
P.O. Box 8060
San Rafael, CA 94912-8060
Fax 415-256-9756
info@hightechemployeelawsuit.com

If you choose to exclude yourself from the lawsuit and Settlement, you will have no right to speak at the hearing about the Settlement or object to it, because the Settlement will no longer affect your rights.

**THE COURT'S FAIRNESS HEARING**

| 21. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold a Fairness Hearing at **July 9, 2015 at 1:30 p.m.** in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, 280 S. First Street, San Jose, California 95113.

At this hearing, the Court will consider the Settlement and determine whether it is fair, reasonable, and adequate. If there are written comments or objections, the Court will consider them. The Court will decide whether to allow people who have raised objections or comments to speak at the hearing. The Court may also decide how much to award to Plaintiffs' Counsel in attorneys' fees and expenses and whether to approve the payment of Service Awards to the Class Representatives, to be paid when the Settlement Fund is distributed to Class Members. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this Notice. Be sure to check the website, www.hightechemployeelawsuit.com, for news of any such changes.

### 22. Do I have to come to the Fairness Hearing?

No.  Plaintiffs' Counsel will be present at the Fairness Hearing to answer any questions the Court may have.  You are welcome to come at your own expense.  If you send comments or objections to the Settlement, you don't have to come to Court to talk about it.  As long as you mailed, faxed, or emailed your written comments or objections on time, the Court will consider them.  You may also pay your own lawyer to attend, but it is not required.

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you are a Class Member and you do nothing, you will get money from the Settlement and any claims you might have against Adobe, Apple, Google, and Intel for the allegations in this case will be released unless you separately write to exclude yourself (following the instructions in Question 17). In exchange for receiving money from the Settlement, you will give up or "release" your claims in this lawsuit.  You will not be able to participate in, or collect money damages from any other lawsuit against Settling Defendants related to their alleged unlawful agreements not to "cold call" each other's employees.  (*See* Question 13 for the exact definition of the claims you are giving up.)

## YOUR PRIVACY

### 24. Will my manager know whether or how I responded to this Notice?

The Court has appointed an independent, experienced professional Notice Administrator, Gilardi & Co. LLC.  The Notice Administrator will establish and follow procedures to protect the confidentiality of the identity of persons receiving payments or opting out.  The Notice Administrator will issue settlement checks.  The list of those Class Members receiving checks will not be shared with Defendants, the Court, or Plaintiffs' counsel.

The Notice Administrator will also receive requests to be excluded from the Settlement, as well as comments (including objections) to the Settlement.  The Notice Administrator will be required to share requests to be excluded from the Settlement as well as comments or objections to the Settlement with Class Counsel and counsel for the Defendants, as well as with the Court.  Objections to the Settlement, as well as the names of those who opt out of the lawsuit and Settlement, will become part of the public record in the court file.

## GETTING MORE INFORMATION

### 25. Are more details about the Settlement and the lawsuit available?

Yes.  This Notice summarizes the Settlement.  More details about the Settlement are in the proposed Settlement Agreement itself.  You can see or print copies of the Settlement Agreement at www.hightechemployeelawsuit.com.  More information about the class action lawsuit, including copies of the Order Granting Plaintiffs' Supplemental Motion for Class Certification, the Plaintiffs' class action complaint, the Defendants' answers to the complaint, and other case documents, can also be viewed or printed at www.hightechemployeelawsuit.com.

**26. How do I get more information?**

The website www.hightechemployeelawsuit.com provides more information and answers to common questions about the lawsuit and the Settlement. You may also call, write, fax, or email the Notice Administrator with your questions at:

Gilardi & Co. LLC
In re High Tech Employee Settlement
P.O. Box 8060
San Rafael, CA 94912-8060
Phone 888-285-0335
Fax 415-256-9756
info@hightechemployeelawsuit.com

**PLEASE DO NOT CONTACT THE COURT. YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE TO THE NOTICE ADMINISTRATOR AND/OR TO PLAINTIFFS' COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.