# EXHIBIT 7

## Re: Objection to settlement

Devesh Parekh
**Sent:** Thursday, May 21, 2015 12:00 PM
**To:** info (hightechemployeelawsuit.com HTEA1)

I would like to amend my objection to add the following:

The Plan of Allocation computes each Class Member's share according to their base salary during the Class Period. This will lead to inequitable relief because Google's compensation structure during the Class Period (prior to the "Big Bang" company-wide compensation restructuring in 2010) consisted of a relatively low base salary (compared to other defendants) plus a relatively high target bonus (read as "guaranteed bonus") with a small multiplier and some RSUs. The other defendants in the class had more traditional compensation weighted toward base salary. For evidence, I can provide the competing offer spreadsheet sent to me by the Google recruiter, which clearly shows the target bonus (without a multiplier) as guaranteed income.

This is my Notice of Intention to Appear in In re: High-Tech Employee Antitrust Litigation.

--
Devesh Parekh


On Sun, Apr 12, 2015 at 1:49 PM, Devesh Parekh wrote:
> For high-tech workers in the Bay Area, there aren't as many choices of employment as many might think. The most highly skilled software engineers seek employment at just a few large companies that employ high-talent engineers (instead of sweatshops like EA) and a few promising startups. The engineers that have family, education, or mortgage obligations will strongly prefer the former. The defendants represent a very large chunk (by # of employees) of the employment opportunities for those talented engineers. The depression in wages (let alone the depression in payroll taxes) due to the defendants' collusion is likely significantly more than what the settlement will give the plaintiffs and suggests that the companies should do this again the next time they want to save some money.
>
> I object to this settlement and recommend that this case be put in front of a jury.
>
> --
> Devesh Parekh