# EXHIBIT L

Dr. Eric Veach



May 20, 2015

Re: *In re: High Tech Employee Antitrust Litigation*

As a Class Member, I object to the proposed Settlement in *In re: High Tech Employee Antitrust Litigation.*  I was employed at Google as a Software Engineer for the entire period covered by the Settlement (March 2005 through December 2009).  I have not previously objected to any class action settlement.

My objections to the proposed settlement are as follows:

1. Class members have not been given sufficient notice and opportunity to object to the proposed attorneys' fees.  The Ninth Circuit has held that under Federal Rule 23(h)(2), "it is the obligation of the district court to ensure that the class has an adequate opportunity to review and object to its counsel's fee motion".  *In re Mercury Interactive Corp, 618 F.3d 988, 995 (9th Cir. 2010).*  Furthermore the court held that "The plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed."  *Id., 993.*

   The Notice of Proposed Settlement and www.hightechemployeelawsuit.com website do not indicate whether any fee motion has yet been filed.  The relevant portion of Rule 23(h) states: "… Notice of the motion must be served on all parties and, for

motions by class counsel, directed to class members in a reasonable manner." Fed.R.Civ.P. 23(h).  A reasonable interpretation of this rule would be that: (1) when the motion has been filed, a notice should be delivered to all class members; (2) the motion itself and supporting documents should be made available on the www.hightechemployeelawsuit.com website; and (3) an adequate period of time should be allowed for class members to review and possibly object to the proposed fees.

2.  Members of the Class have not been provided with sufficient information to be able to evaluate whether the proposed attorneys' fees are reasonable.   For example, this information should include a lodestar calculation with supporting details such as time sheets.

3.  The proposed attorneys' fees appear to be unreasonable in comparison with the previously approved settlement with Intuit, Lucasfilm, and Pixar (Master Docket No. 11-CV-2509-LHK, *Order Granting Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards*), which granted attorney's fees of $5,000,000.  The current Settlement proposes fees of $85,648,500, or more than 17 times the amount of the previous case.

It seems unlikely that the time and expense to obtain this settlement was correspondingly 17 times greater.  Comparing this proposed Settlement to the previous one: 1) the result obtained for the class is about the same (pro rata); 2) the risk incurred by Class Counsel in prosecuting this case is smaller, since some parties have already settled; 3) Class Counsel's skill and experience are not significantly altered; and 4) the burden on Class Counsel of litigating this case on a contingency basis is no greater than before.  Together these factors indicate that $86 million should be considered an extraordinary windfall rather than a reasonable fee, and not in the fiduciary interests of the Class.  "... when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs."  *In re Washington Public Power*

*Supply Sys. Lit*, 19 F.3d 1291, 1302 (9th Cir. 1994).  "It is obligatory, therefore, for the trial court judge to act with `a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *WPPSS II*, 779 F. Supp. at 1083.

4.  The proposed method of calculating Class Counsel fees (as 25% of the original settlement fund of $325 million) yields an unreasonable result, given the particulars of this case.  In "common fund" cases, the Court has the discretion to choose either the "percentage" method or the "lodestar/multiplier" method.  *Hanlon v. Chrysler Group, 150 F. 3d 1011, 1029 (9th Cir. 1998).*   However, for settlements with large common funds, such as this one, the Ninth Circuit has indicated that the "percentage" method may be inappropriate.  "We agree with the district court that there is no necessary correlation between any particular percentage and a reasonable fee. With a fund this large, picking a percentage without reference to all the circumstances of the case, including the size of the fund, would be like picking a number out of the air."  *In re Washington Public Power Supply Sys. Lit*, 19 F.3d 1291, 1297 (9th Cir. 1994).  The case in question had a settlement fund of $687 million, and the court upheld the reduction of attorneys' fees from $103 million to $32 million (about 4.8% of the fund), including reduction of the lodestar from $33 million to $27 million, and reduction of the multiplier from 3.1 to 1.2. *Id.* at 1295.

The court elaborated on why it considers the fixed percentage method to be inappropriate for large common funds: "It is not difficult to demonstrate why courts cannot rationally apply any particular percentage — whether 13.6 percent, 25 percent or any other number — in the abstract, without reference to all the circumstances of the case. To illustrate the point, we need only assume that the WPPSS bond issue was $4.5 billion instead of $2.25 billion, and that the settlement fund was $1.4 billion rather than roughly $700 million. Assume as well that all other variables remained constant — the merits of plaintiffs' case on the facts and the law, the skill and time of counsel required to

develop the merits of the case in the litigation process, and counsel's hourly rates. Would Class Counsel still contend that 13.6 percent was a reasonable figure? An award of 13.6 percent of the fund would give Class Counsel a fee of $200 million, double the fee they actually seek for their effort in this case. Plainly, a fee of $200 million for the same effort by counsel with the same level of skill would be a windfall rather than a reasonable fee. In sum, the district court was correct that there is nothing inherently reasonable about an award of 13.6 percent of a fund regardless of its size." *Id.* at 1298.

5. The Settlement Agreement includes "clear sailing" clauses (VII.A.5-6) whereby the Settling Defendants agree not to comment on or oppose attorneys' fees.  Indeed, the "common fund" structure of the agreement guarantees that the Defendants have no incentive to do so, since the fees are subtracted from the relief provided to the Class. Furthermore, the Settlement includes fixed payments to the Plaintiffs, so that the Plaintiffs also have no incentive to contest attorneys' fees.  This leaves the Class with no effective legal representation with respect to fees.

      I would like to request that if the Court does not have sufficient resources to fulfill its role as fiduciary for the Class, that it appoint counsel to represent the Class in the matter of reducing fees to the minimum reasonable value.  "...the district court here need not be limited to the existing evidentiary record on the risk multiplier issue; it has the discretion to take steps to develop the record more fully before deciding the issue, including the discretion to appoint counsel to represent Class Plaintiffs for this limited purpose." *In re Washington Public Power Supply Sys. Lit*, 19 F.3d 1291, 1302 (9th Cir. 1994).

6. With a large common fund, Class Counsel has every incentive to inflate their billable hours, whether beneficial to the case or not.  I object to any such time records being accepted as accurate until they have been carefully examined by the Court.  The Ninth Circuit allows courts the discretion to reduce attorneys' fees for a wide variety of reasons:

"vague time sheet entries", "unnecessary and duplicative work", "repeatedly round[ing] ... time upward", "bill[ing] the entire duration of time spent in transit", and "time spent obtaining an attorneys' fee", among others.  *Id.* at 1298.

I would also like to comment that Class Counsel has withheld one crucial piece of information from the Class Members, namely an estimate of the denominator in the proposed allocation formula.  Without this information it is impossible for members of the Class to estimate their payment,  which makes it difficult for them to determine whether it is worth their time and effort to read, interpret, and possibly object to the terms of the Settlement.  This has the effect of reducing the number of potential objections, including objections to attorneys' fees, and thus Class Counsel has an incentive not to provide this information.  This is another situation whether the interests of Class Counsel do not coincide with the interests of the Class.

I apologize in advance for any mistakes or misconceptions in this letter, and for my lack of legal training.  My intent is to provide some small measure of standing and support to any of the actions mentioned herein that the Court finds proper.

Sincerely,

Eric Veach, Ph.D.