# EXHIBIT 11

Dr. Eric Veach

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

Telephone: ▮▮▮▮▮▮

Email: ▮▮▮▮▮▮▮▮

June 1, 2015

Re: *In re: High Tech Employee Antitrust Litigation*

In response to my letter dated May 20, 2015, Class Counsel has made available various documents concerning their fee request on the www.hightechemployeelawsuit.com web site. I have several additional comments related to these documents.

**The fee requests of Devine Counsel and Class Counsel should be considered together when awarding fees.** Class Counsel has said that they consider the fee request of Devine Counsel to be irrelevant to their own fees. To the contrary, since all fees come directly from relief to the Class, and since both groups were acting on behalf of the Class (in the case of Devine Counsel, by seeking a larger settlement), both fee requests should be considered together in determining whether they are "reasonable" and fair to the Class. For example, if the Court chooses to award fees using the "percentage" method, then the Devine Counsel fees should come from this percentage. This seems particularly appropriate given that the work performed by Devine Counsel would have been unnecessary if Class Counsel had obtained a better result in the first place. It is not fair that the Class should have to pay Devine Counsel for fees that were incurred only because Class Counsel did not obtain an adequate initial settlement.

**Payments made previously to Class Counsel should be taken into account.** It is my understanding that the current fee motion includes hours that were submitted as part of the previous settlement with Pixar et al. In other words, Class Counsel has already been paid a fee

of $5 million for this case, and they are requesting an additional $81.125 million, for a total fee of $86.125 million.  Based on the claimed 28,191 billable hours, this works out $3,055 per hour.  Similarly, taking the $5 million already paid into account, the "cross-check lodestar multiplier" works out to 6.03 rather than the claimed value of 5.68.  While not unprecedented, this seems to be quite a bit higher than average.  *Vizcaino v. Microsoft Corp., 290 F. 3d 1043, 1052 (9th Cir. 2002).*

**The additional $90 million settlement amount should not be subject to fees.**  Given that the Court rejected the previous proposed settlement of $324.5 million, and that the presumed objective of the Court was increased relief for the Class rather than increased attorney's fees, it would seem fair and reasonable to use the original settlement amount as the basis for the total fee recovery of all Counsel associated with the case (including Devine Counsel) so that the additional $90 million is distributed entirely to the members of the Class.

**Class Counsel's fee request does not consider fairness to the Class.**  Whether the attorneys' fees are "reasonable" or "fair" must be evaluated not only in absolute terms, but also in relation to the proposed payments to the Class.  To illustrate this point, we consider the percentage recovery of Class Counsel compared to Class Members.  According to their fee request, Class Counsel is owed $14,282,570 at their usual hourly rates.  On the other hand, Devine Counsel estimated that the Class Members are owed approximately $3 billion in damages.  Class Counsel has now proposed dividing the common fund in such a way that Class Counsel will recover approximately 603% of their usual fees, whereas Class Members will recover approximately 11% of their estimated damages.  To an impartial observer this may seem quite unfair.

If the Class Counsel fees were reduced modestly, for example to $40 million (plus the $5 million already paid, for a total of $45 million), the gap would be considerably reduced.  Class Counsel would receive 315% of their usual fees (approximately $1,600 per hour), while the class would receive 12.4% of their estimated damages (approximately $5,700 each).

**No conclusions can be drawn from the number of objections received.**  In the order granting attorneys' fees for the Pixar et al. settlement, it was noted that very few objections were received.  I believe this is simply because the Notice makes it hard for class members to understand why they should file an objection.  For sake of argument, suppose that the Notice of Settlement had included the following paragraph:

> Class Counsel is requesting a fee of $3,055 per hour, which will be taken directly from the money paid to Class Members such as yourself.  If they were paid less, say $1,600 per hour, then Class Members would receive an extra $636 each (on average).  If you would prefer this option, please send your comments to info@hightechemployeelawsuit.com.

I imagine that this would increase the number of objections received quite substantially.  To most people, $3,055 per hour is an outrageous rate of pay; even half of that rate seems extraordinarily generous.  If it were made clearer that filing an objection could be worth $600 to each class member then many more people would do so.

**A modest reduction in fees would not create a disincentive to pursue similar actions.**  Reducing the requested fee to $40 million (12.3% of $324.5 million) still leaves Class Counsel with a very generous $1,600 per hour (including the previous fee payment of $5 million).  Whether this is justified on a "percentage" basis or a "lodestar/multiplier" basis, this level of compensation seems likely to inspire law firms to continue pursuing class actions in the future, even after risks are taken into account.

**The Court has considerable discretion to do what it thinks is fair.**  The Ninth Circuit has upheld a wide range of class action fee awards.  As long as the Court takes into account all the circumstances of the case in determining a "reasonable" fee, its ruling is likely to stand.  And truly, there is a wide range of fee awards that could be considered "reasonable", depending on whose viewpoint is taken - a percentage of 12% or 25%, a lodestar multiplier of 3.0 or 6.0, all fee requests considered together or not.

But I would ask the Court to recognize that the fee request of Class Counsel represents only one viewpoint of what is "reasonable", and it is certainly not the viewpoint of the Class. Furthermore it is hard to see how both sides can be represented fairly when one side consists of a team of trained and experienced lawyers with $86 million at stake, while the other consists of a few objecting software engineers with perhaps a few hundred dollars at stake each.  Therefore we are entirely dependent on the Court to act as our fiduciary in this matter.  I hope that the Court will consider each objection received with the greatest goodwill, because there is such a discrepancy between the time, energy, and expertise devoted to the arguments on each side (corresponding to the vast discrepancy in potential rewards).

Reducing fees by even a modest amount would provide significant extra relief to the Class, and send a clear message that the Court has considered what is "fair" and "reasonable" from the viewpoints of all concerned.

Sincerely,

*Eric Veach*

Eric Veach, Ph.D.