# EXHIBIT N

Mark Zavislak

██████████
██████████
██████████

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION | Case No.: 11-CV-02509-LHK<br><br>Objections to Proposed Settlement and Notice of Intention to Appear |

## Notice of Intention to Appear

Pursuant to Section 20 of the <u>Notice of Proposed Settlement of Class Action, Fairness Hearing, and Right to Appear</u>, I hereby give notice of my intention to appear in this matter.

## Certification of Class Membership

I declare under penalty of perjury that I was an employee and member of the Class.

## Detailed Listing of Prior Objections

I have not submitted to any court in the United States in the previous five years any objections to any class action settlements. I am not represented by counsel in this matter.

1

Objections to Proposed Settlement- 11-CV-02509-LHK

## Statement of Objections to the Proposed Settlement

I.  **The notice of proposed settlement did not provide class members a sufficient opportunity to evaluate the reasonableness of Class Counsel's fee award.**

According to the notice of proposed settlement, the law firms who have appeared in this matter in total requested $85,648,500 of fees, totaling more than 20% of the total proposed settlement payment. Class Counsel did not explain in the notice as to why such an astronomical fee award would be appropriate in this case. More importantly, at the time the notice was mailed, Class Counsel had not even made a formal fee request. Federal Rule of Civil Procedure 23(h) provides that a claim for an award must be made by motion, and that "[n]otice of the motion must be served on all parties and, <u>for motions by Class Counsel, directed to class members in a reasonable manner</u>" (emphasis added). The undersigned received no notice whatsoever of the fee motion. Instead, the only notice he did receive long before the fee motion, the notice of proposed settlement, was misleading. It indicated that Class Counsel would "ask the Court to approve <u>at the Fairness Hearing</u> payment from the Settlement fund" (emphasis added), and did not indicate that Class Counsel had yet to file a motion for such a payment or would be filing such a motion.

The undersigned is not suggesting that Class Counsel was required to mail copies of each of the Class Counsel fee motions together with all the declarations and exhibits, as would have been required by Rules 23(h)(1) and 5(b) had each unnamed class member been named in the suit. But Class Counsel was still required by Rule 23(h)(1) to direct it to class members in a reasonable manner. Class Counsel could have, for example, mailed a postcard to each class member inviting each class member to review the documents related to the fee motion posted on

the Internet. In fact, Class Counsel already has a website for the case with a listing of case documents, including the notice of proposed settlement.[1] But Class Counsel neglected to post the fee motions, declarations, and exhibits, which were conspicuously missing.[2] Only class members who went above and beyond the notice to review the Court's order of March 3, 2015 granting preliminary approval would have even been aware of the deadline to file the fee motion, and only those class members who reviewed the docket itself and paid the sizeable PACER fees would have an opportunity to review the details of the fee request itself.[3] This neither satisfies the "reasonable manner" of notice requirement of Rule 23(h)(1) nor otherwise satisfies the minimum requirements of due process.[4]

**II.    The notice of proposed settlement did not provide class members a sufficient opportunity to evaluate the effectiveness of Class Counsel in obtaining favorable settlement.**

The proposed plan of allocation specifies that data derived from the human resources departments of the defendants will be used to determine the amount of payments due to the injured class members, and such data "will not be subject to any challenge by Class Members." (Settlement Agreement Ex. B, Dkt. No. 1033.) The formula for "each Class Member's share of the Settlement Fund" was fixed by the settlement agreement as fraction calculated by the "Class Member's individual total base salary paid on the basis of employment in Class Positions during

---

[1] http://www.hightechemployeelawsuit.com/case-documents.aspx (visited May 21, 2015) attached as Exhibit A.
[2] Id.
[3] The undersigned calculated that the cost to each class member to view the fee motion and supporting declarations and exhibits on PACER would be $130.10. If 64,000 is a fair estimate of the number of class members, the class would effectively have to spend over $8.3 million in PACER fees to be able to merely access key documents they need to determine whether to object to the fees requested by Class Counsel.
[4] To make matters worse, the attorneys failed to file their supporting documents on time. As of the submission of this letter, the latest declaration was filed the day of this submission, May 21, 2015, which is also the deadline to submit objections. See Dkt. No. 1085 (Decl. of Joseph R. Saveri) (totalling 361 pages). Six other declarations were also filed late. See Dkt. Nos. 1078–1083.

the Class Period) ÷ (Total of base salaries of all Class Members paid on the basis of employment in Class Positions during the Class Period)." (*Id.*) At the time the settlement was made, the settling parties together had all the information they needed to determine each class member's relative fraction of the settlement fund. By withholding this information from class members, the very information the claims administrator will need to distribute the payments, the settling parties denied the unnamed class members a reasonable opportunity to compare the amount they would receive in the settlement versus the harm they suffered by the defendants' alleged conduct. In addition, class members have been denied an opportunity to compare the data maintained by the defendants' human resources departments versus class members' own records, in order to see if there were any errors. As it is, class members can only find out if there was a mistake (if ever, given they have been denied the ability to compute the settlement formula) by waiting until payment is issued, which is long after today's deadline to file an objection, and at which point class members would have no recourse ("... will not be subject to challenge"). (*Id.*)

At a minimum, the notice of proposed settlement should have at least specified the "Total of base salaries of all Class Members paid on the basis of employment in Class Positions during the Class Period," which is a single, readily calculable number that could have been distributed to all class members. Each class member could then have reviewed their income records to calculate their own portion of the award before making a determination of whether to object to or opt-out of the settlement. Indeed a comparison of the total amount of income versus the amount in the Settlement Fund is critical means for class members to evaluate the relative success of Class Counsel.

The undersigned has a rough personal estimate of the amount that he was harmed by the

4

conduct of the settling defendants. A few months after the DOJ filed its antitrust complaint the undersigned's employer announced an across-the-board salary raise of 10% that was speculated to be in part because of an incredible outflow of employees to Facebook, who was not a member of the alleged conspiracy.[5] The undersigned could use that as a benchmark, triple it for treble damages, and evaluate the effectiveness of the proposed settlement award. Lacking the ability to calculate his proposed settlement payment, the undersigned has been denied an effective opportunity to evaluate whether to opt-out of the settlement and pursue his own litigation.

### III. The settlement was structured to minimize the likelihood of a challenge to the fee award.

The deficiencies identified above by the undersigned are exacerbated by the economic structure of the settlement agreement, because the unnamed class members bear the overwhelming cost of Class Counsel's fee award. Simply put, none of the participants who have made an appearance in this case have an incentive to challenge the size of the fee award, because none of them will have to pay virtually any of it. Class Counsel has no reason object to being paid over eight-one million dollars. The settling defendants have already agreed not to even *comment* on Class Counsel's proposed fee request, let alone oppose it. (Dkt. No. 1033 at 28.) The settling defendants would have no economic incentive to comment on or oppose Class Counsel's fee request anyway, because "All Attorneys' Fees and Expenses… shall be payable solely out of the Settlement Fund," so it would not decrease the amount the settling defendants would have to pay. (*Id* at 27.) The Named Plaintiffs have little incentive to challenge Class

---

[5] See, e.g., http://techcrunch.com/2010/11/09/google-pay-hike/. (visited May 21, 2015) ("Earlier this evening, Henry Blodget of Business Insider reported that a 'loyal reader' told them that Google was giving all employees a $1,000 holiday cash bonus and a 10 percent raise starting on January 1, 2011. … And that makes sense given what we reported back in September: that Google was making 'extraordinary' counteroffers to stop the flow of employees to Facebook.")

Counsel's fee award, because the service amounts they requested (an astonishing $160,000 per person) are paid directly from the Settlement Fund without deduction and dwarf any additional payments they may receive as regular class members. Simply put, it is up to the thankless task of this Court and unincentivized unnamed Plaintiffs to evaluate the evaluate the reasonableness of the unbelievably large proposed fee award. The undersigned does not receive a penny in compensation for researching and writing this statement of objections. It is likewise no wonder that the undersigned is unwilling to pay $130.10 in PACER fees to view the contents of the fee requests before he can have the opportunity review thousands of pages of documents justifying them.[6]

**IV.  The enormous service awards requested by the Named Plaintiffs compromise their present ability to act as adequate class representatives and should be rejected in their entirety.**

Under the proposed settlement agreement, the settling defendants agreed to "take no position for such service awards for request that are $25,000 or less per Named Plaintiff," (*Id.* at 26), and the Notice of Proposed Settlement attached as Exhibit A and approved by the court proposed a payment of $80,000 to each named plaintiff. (Ex. A at 9.) Sometime between January 15, 2015 when the document was filed, and April 6, 2015 when the notice was mailed, the already enormous service award of $80,000 per named plaintiff doubled to $160,000 without any written explanation.

Service awards are intended to incentivize class representatives for the additional time, effort and risk associated with participation in class action litigation. It is common in class

---

[6] The undersigned humbly suggests that unnamed class members ought to be on equal footing with named class members and be entitled to obtain a courtesy copy on PACER of every document filed in cases in which they are ostensibly bound. The present state of affairs places them at a marked disadvantage from a due process perspective.

actions for named plaintiffs to have varying degrees of participation, and thus varying amounts of service awards. Yet, quite surprisingly in this case full of allegations of collusion on the part of the settling defendants, every named plaintiff appears to have requested the exact same amount as a service award.[7] The action of the named class representatives to double their already large service award that they presented to the Court in the Notice of Proposed Settlement mailed during the month of April, together with identical amounts being requested by every named Plaintiff, without deduction of attorneys fees, and regardless of their relative contributions, smacks of bad faith and unfair dealing toward the unnamed class members. To deter such gamesmanship and overreaching, the Court should disallow the named Plaintiff's service awards in their entirety.

### Conclusion

The Court should exercise its discretion and deny final approval of the proposed settlement in this case. Alternatively, the Court should permit the undersigned to have additional time to decide whether to exclude himself from the proposed settlement once all of the above objections have been resolved.

Signed: May 21, 2015

Mark Zavislak

---

[7] At least according to their proposals specified in the Notice of Proposed Settlement.

7

# Exhibit A

# High-Tech Employee Antitrust Settlement

Home | Case Documents | Frequently Asked Questions | Stay Informed | Contact us | Log In

Notice
Order Granting Preliminary Approval
Settlement Agreement
Proposed Plan of Allocation
Complaint
Adobe's Answer to Complaint
Apple's Answer to Complaint
Google's Answer to Complaint
Intel's Answer to Complaint
Order Granting Plaintiff's Supplemental Motion for Class Certification

Gilardi & Co. LLC. Copyright © 2015 Privacy Policy *