Daniel C. Girard (State Bar No. 114826)
Dena C. Sharp (State Bar No. 245869)
Elizabeth A. Kramer (State Bar No. 293129)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:     (415) 981-4800
Facsimile:      (415) 981-4846

*Counsel for Class Representative*
*Michael Devine*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**CLASS ACTION**<br><br>**CLASS REPRESENTATIVE MICHAEL DEVINE'S REPLY IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD**<br><br>Judge:      Hon. Lucy H. Koh<br>Courtroom:  Room 8, 4th Floor<br>Date:       July 9, 2015<br>Time:       1:30 p.m. |

Class representative Michael Devine filed a motion requesting that the Court award his counsel, Girard Gibbs LLP, attorneys' fees and expense reimbursement in the amount of $4,523,500, which is five percent of the amount by which his objection increased the settlement fund.  Mr. Devine also requests that the Court approve a service award to him of $160,000 in recognition of his contribution to the $415 million recovery for the class.  Out of more than 64,000 class members who received notice of the settlement and fee requests, only two have expressed concerns about the overall amount of attorneys' fees requested by Class Counsel and Girard Gibbs, and only one has objected to the class representatives' requested service awards.  No class member has specifically objected to Devine's attorney fee request.  The minimal number of objections supports awarding Girard Gibbs its requested fee and Mr. Devine his requested service award.

## I.    Girard Gibbs's Requested Attorneys' Fee Is Reasonable and Should Be Awarded

Two class members have objected that the total amount of fees requested by Class Counsel and Girard Gibbs is too high.  David Hsu said, "I believe the settlement is too low a total amount and that the attorneys receive too much of the settlement."  Jue Decl. (ECF No. 1086), Ex. C.  Eric Veach said that the requested fees "appear to be unreasonable in comparison with the previously approved settlement," and that the Court should use the lodestar method to calculate the fee awards to Class Counsel and Girard Gibbs.  *Id.*, Ex. L.  Mr. Veach also said that the reasonableness of Class Counsel's and Girard Gibbs's fees should be considered collectively, and that the additional $90.5 million that Mr. Devine's objection added to the settlement fund should not be subject to attorneys' fees.  *Id.*, Ex. M.  Finally, Mr. Veach referenced the "clear sailing" provision in the settlement agreement, but that provision does not apply to Girard Gibbs's fee request since the defendants and Class Counsel retained to right to comment on or oppose it.  Settlement Agreement (ECF No. 1033-1) at § VII.A.6.

Girard Gibbs's fee request is a fraction of the Ninth Circuit benchmark of 25% of the settlement fund.  *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997).  Recognizing the discrete role the firm played in this case, Girard Gibbs has requested a fee equal to only 5% of the $90.5 million that Mr. Devine's objection and the firm's work added to the settlement fund.  Professor Charles Silver explained that, even considered collectively, Class Counsel's and Girard Gibbs's fee requests are below the Ninth Circuit's 25% benchmark.  The

CLASS REPRESENTATIVE MICHAEL DEVINE'S REPLY IN SUPPORT OF HIS MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

1    requests total only 20.65% of the settlement fund, which is $18.1 million less than an award at the

2    benchmark.  Silver Report (ECF No. 1069-2) at 8-10.  Mr. Veach did not address Professor Silver's

3    analysis or his opinion that the collective fee request is reasonable.

4          The percentage-of-the-fund method is the preferable method for calculating Girard Gibbs's fee

5    because although the firm's involvement in the case was not lengthy, it resulted in a considerable benefit

6    for the class.  Courts and commentators recognize that the percentage method aligns lawyers' interests

7    with the interests of the class members because it encourages lawyers to focus on achieving the highest

8    possible recovery for the class as efficiently as possible.  *See In re Rite Aid Corp. Securities Litig.*, 396

9    F.3d 294, 300 (3d Cir. 2005); William B. Rubenstein, *Why the Percentage Method?*, 2 Class Action

10   Attorney Fee Digest 93 (March 2008).  As Professor Silver explained, the percentage method "creates a

11   strong connection between the interests of class members and their lawyers by paying lawyers in

12   proportion to the amounts they recover."  Silver Report (ECF No. 1069-2) at 11.  Using the lodestar

13   method severs that connection because the award is the same regardless of the amount recovered for the

14   class, encouraging lawyers to prolong the litigation and discouraging early settlements that would

15   benefit the class.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

16         A fee award of five percent of the $90.5 million that the firm's efforts added to the settlement

17   fund is reasonable because of the significant benefit that the firm's work conferred on the class.  Girard

18   Gibbs assumed the risk that it would not be paid at all for its services, and put its reputation on the line

19   by representing an objector to a class action settlement.  Girard Decl. (ECF No. 1069), ¶¶ 40-41.  The

20   requested fee is also well below the market rate that sophisticated clients pay Girard Gibbs and other

21   firms to represent them in complex litigation and in pre-filing negotiations.  Silver Report at 17-24;

22   Girard Decl., ¶ 44.  Courts have awarded similar or even greater amounts to objectors who created a

23   substantial benefit for a class and attorneys who have negotiated an increase to a settlement fund.  *See,*

24   *e.g., In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 747-48 (7th Cir. 2011) (holding that an

25   objector should be awarded fees equal to 5.9% of the amount by which her objection increased the

26   settlement fund); *Swedish Hospital Corp. v. Shalala*, 1 F.3d 1261, 1272 (D.C. Cir. 1993) (affirming a fee

27   award of 20% of the amount by which a settlement fund was increased by counsel's efforts).

28

CLASS REPRESENTATIVE MICHAEL DEVINE'S REPLY IN SUPPORT OF HIS MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

1    Consideration of Girard Gibbs's lodestar also supports the requested fee award. Although the

2    firm's involvement in the litigation began in May of last year, the firm's attorneys spent more than 900

3    hours on work that benefitted the class. *Id.*, ¶ 45, Ex. 3. In addition to preparing Mr. Devine's objection

4    to the prior proposed settlement, Girard Gibbs opposed the defendants' petition for a writ of mandamus

5    and the motions of two groups seeking leave to file amicus briefs in support of the petition. *Id.*, ¶¶ 24-

6    30. To enable Mr. Devine to participate effectively in the renewed settlement negotiations, Girard Gibbs

7    analyzed the merits of the pending pretrial motions and the plaintiffs' damages model, and reviewed

8    portions of Class Counsel's focus group and mock trial videos. *Id.*, ¶¶ 20-23. As the firm's time records

9    show, Mr. Girard devoted many hours to the settlement negotiations that resulted in the $415 million

10   settlement. *Id.*, ¶¶ 32-34, Ex. 3. While a multiplier of 8.7 is on the high end of multipliers awarded by

11   courts, it is far from unprecedented. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th

12   Cir. 2002). The firm also incurred $16,603.06 in unreimbursed expenses, for which it is not requesting

13   separate compensation. Girard Decl., ¶ 50.

14         Two class members, Mr. Veach and Mark Zavislak, objected that they were not given sufficient

15   notice and opportunity to object to the attorneys' fee requests. Jue Decl. (ECF No. 1086), Exs. L & N.

16   In its preliminary approval order, the Court required fee motions to be filed no later than May 7, which

17   was fourteen days prior to the May 21 deadline for class members to postmark objections. *See* ECF No.

18   1054, ¶¶ 23, 31. The Court's timing order comports with the district's Procedural Guidance for Class

19   Action Settlements, which recommends that a motion for attorneys' fees be filed at least fourteen days

20   before the deadline to object to the settlement. It is also consistent with the Ninth Circuit's guidance.

21   *See In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 994-95 & n.2 (9th Cir. 2010)

22   (finding that class members had inadequate notice when a fee motion was filed after the objection

23   deadline because the local rules normally allow fourteen days to examine a fee motion and prepare an

24   opposition); *see also In re Ferrero Litig.*, 583 F. App'x 665, 667-68 (9th Cir. 2014) (finding that class

25   members had adequate notice of a fee motion that was filed fourteen days before the objection deadline).

26   ## II.    Mr. Devine's Requested Service Award Is Reasonable and Should Be Awarded

27         Only one class member has objected to the class representatives' requested service awards. Mr.

28   Zavislak objected that $160,000 too high, compromises the class representatives' ability to adequately

1    represent the class, and should vary based on each class representative's contribution to the litigation.

2    Jue Decl. (ECF No. 1086), Ex. N.  Mr. Zavislak did not address whether Mr. Devine's service award

3    should be a different amount than the award to the other named plaintiffs given the additional risk and

4    work he took on in objecting to the initial proposed settlement and assisting in the negotiation of the new

5    settlement amount.

6          Mr. Zavislak is correct that courts can and sometimes do award different amounts to class

7    representatives based on their relative contributions to the case, as Mr. Devine noted in his opening

8    brief.  *See* ECF No. 1068 at 22 n.5.  While Mr. Devine takes no position as to the appropriate service

9    awards for the other class representatives, he has earned a $160,000 award in this case.  Before the

10   parties negotiated the prior settlement, Mr. Devine spent a substantial amount of time—over 280

11   hours—participating in the litigation of his and class members' claims against the defendants.  Devine

12   Decl. (ECF No. 1070), ¶ 7.  He assisted Class Counsel with their investigation, reviewed and provided

13   input on important court filings, produced documents and was deposed, and attended hearings and

14   mediation.  *Id.*, ¶¶ 8-13, 20-26.  Because he expects to continue to work in the high-tech industry, Mr.

15   Devine assumed considerable risk by serving as a class representative in this high-profile case against

16   some of the largest companies in the industry.  *Id.*, ¶ 29; *see also Glass v. UBS Financial Services, Inc*.,

17   No. C-06-4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th

18   Cir. 2009); *Boyd v. Bank of America Corp*., No. SACV 13-0561-DOC, 2014 WL 6473804, at *7 (C.D.

19   Cal. Nov. 18, 2014).

20         When Mr. Devine objected to the prior proposed settlement, he took on additional risk.  His

21   objection was widely reported in the mainstream press, which further jeopardized his future employment

22   prospects.  Devine Decl. (ECF No. 1070), ¶¶ 29-30; *see also Guippone v. BH S & B Holdings, LLC,* No.

23   09 CIV. 01029 CM, 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011).  Mr. Devine also devoted an

24   additional 120 hours to assisting Girard Gibbs with preparing his objection and then negotiating the

25   $415 million settlement.  ¶¶ 17-27.  This work led to an increase of $90.5 million to the settlement fund,

26   an extraordinary result that more than justifies the requested service award of $160,000.  Other courts

27   have awarded similar amounts to class representatives in recognition of the time they spent assisting

28   with the litigation and the risk they took on.  *See, e.g., In re Titanium Dioxide Antitrust Litig.,* No. 10-

4

1   CV-00318 RDB, 2013 WL 6577029, at *1 (D. Md. Dec. 13, 2013); *Velez v. Novartis Pharmaceuticals*

2   *Corp.*, No. 04 CIV 09194 CM, 2010 WL 4877852, at *8, 26 (S.D.N.Y. Nov. 30, 2010); *Ingram v. Coca-*

3   *Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001). The Ninth Circuit also recently held that the fact that

4   class representatives received a significantly larger amount of the settlement fund than absent class

5   members did not make them inadequate representatives of the class. *In re Online DVD-Rental Antitrust*

6   *Litig.*, 779 F.3d 934, 942-43 (9th Cir. 2015).

7   **III.    Conclusion**

8           For the reasons set forth above and in his opening memorandum and supporting documents, class

9   representative Michael Devine respectfully requests that the Court award Girard Gibbs attorneys' fees

10  and reimbursement of expenses in the amount of $4,523,500, which is five percent of the $90.5 million

11  by which the settlement fund was increased as a result of Mr. Devine's objection and Girard Gibbs's

12  subsequent participation in settlement negotiations, and approve a service award of $160,000 to him in

13  recognition of his contribution to the $415 recovery for the class.

14

15  Dated:  June 29, 2015                           **GIRARD GIBBS LLP**

16

17                                          By:      */s/ Daniel C. Girard*
                                                      Daniel C. Girard

18
                                            Daniel C. Girard (State Bar No. 114826)
19                                          Dena C. Sharp (State Bar No. 245869)
                                            Elizabeth A. Kramer (State Bar No. 293129)
20                                          GIRARD GIBBS LLP
                                            601 California Street, 14th Floor
21                                          San Francisco, CA 94108
                                            Telephone:  (415) 981-4800
22                                          Facsimile:   (415) 981-4846

23
                                            *Counsel for Class Representative Michael Devine*
24

25

26

27

28

CLASS REPRESENTATIVE MICHAEL DEVINE'S REPLY IN SUPPORT OF HIS MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK

1

**CERTIFICATE OF SERVICE**

2
      I hereby certify that on June 29, 2015, I caused the foregoing document to be filed electronically

3
with the Clerk of Court through CM/ECF and that the filing was served by CM/ECF on all counsel of

4
record.

5

6
                  */s/ Daniel C. Girard*
                     Daniel C. Girard

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS REPRESENTATIVE MICHAEL DEVINE'S REPLY IN SUPPORT OF HIS MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD
Master Docket No. 11-CV-2509-LHK