Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No.  277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**SUPPLEMENTAL DECLARATION OF DEAN M. HARVEY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**<br><br>Date:        July 9, 2015<br>Time:       1:30 pm<br>Courtroom: Room 8, 4th Floor<br>Judge:      Honorable Lucy H. Koh |

I, Dean M. Harvey, declare as follows:

1. I am an attorney licensed to practice in the Northern District of California. I am a partner at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Class Counsel. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. Since January 15, 2015, when Class Counsel filed their Motion for Preliminary Approval of Class Action Settlement (Dkt. 1032), hundreds of Class Members have contacted LCHB (or lead LCHB partner Kelly M. Dermody specifically) directly, by email or telephone, with questions and requests regarding the Settlement reached with Defendants Adobe Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation. Ms. Dermody or I often answered these questions and responded to these requests personally. For the remainder, I supervised others at LCHB who answered questions and responded to requests.

3. To date, no Class Member has asked Class Counsel to be provided with Class Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion," Dkt. 1075) or supporting papers. Had any asked to be provided with the Motion or supporting papers, or described difficulty in obtaining any publicly-filed document in this action, Class Counsel would have provided the requested materials.

4. After seeing concerns expressed about access to the Motion for fees and supporting papers stated in the objections submitted by Dr. Veach and Mr. Zavislak, I conferred with Kenneth Jue of Gilardi & Co. LLC, and requested that he post the Motion, supporting papers, and related filings to the case-specific website on May 21, 2015 (http://www.hightechemployeelawsuit.com/case-documents.aspx). I confirmed that day that Mr. Jue had done so.

5. On May 21, 2015, I emailed Dr. Veach regarding his May 20, 2015 objection. I asked whether he had the Motion and supporting papers, attached .pdf files of all fee requests and declarations in support, and directed him to the case-specific website where these materials and the voluminous exhibits were available for download. I also informed Dr. Veach that Class Counsel would not oppose an extension for him to review the materials. A true and correct copy

1  of this email is attached as **Exhibit A**. Dr. Veach responded on May 22, 2015 and confirmed his
2  receipt of the materials. A true and correct copy of his email is attached as **Exhibit B**. Dr. Veach
3  and I then exchanged emails in which Dr. Veach asked for instructions on how to submit a
4  supplemental objection based upon his review of the materials, and I provided him with
5  instructions. A true and correct copy of this email exchange is attached as **Exhibit C**.

6.     On May 22, 2015, I emailed Mr. Zavislak regarding his May 21, 2015 objection. I asked whether he had the Motion and supporting papers, attached .pdf files of all fee requests and declarations in support, and directed him to the case-specific website where these materials and the voluminous exhibits were available for download. I also informed Mr. Zavislak that Class Counsel would not oppose an extension for him to review the materials. A true and correct copy of this email is attached as **Exhibit D**. Mr. Zavislak responded by email later that day. A true and correct copy of his response is attached as **Exhibit E**.

7.     On May 22, 2015, I emailed David Hsu regarding his May 21, 2015 objection. I asked whether he had the Motion and supporting papers, attached .pdf files of all fee requests and declarations in support, and directed him to the case-specific website where these materials and the voluminous exhibits were available for download. I also informed Mr. Hsu that Class Counsel would not oppose an extension for him to review the materials. A true and correct copy of this email is attached as **Exhibit F**. Mr. Hsu confirmed receipt, and we discussed his objection and other questions he had on May 28, 2015.

8.     Since June 4, 2015, Class Counsel have asked Google's counsel to confirm whether Mark Zavislak works in Google's legal department. Every indication is that Mr. Zavislak is a licensed attorney in California, works as in-house counsel for Google, and currently advises Google on ongoing litigation matters. He is an active member of the California Bar, his Bar Number appears to be 271755, and his California Bar profile provides Google's address (just as his objection does).[1] Mr. Zavislak's LinkedIn profile (attached as **Exhibit G**) lists his current position at Google as "Technical Counsel," and states that he provides "technical expertise on

---

[1] *See* http://members.calbar.ca.gov/fal/Member/Detail/271755.

1  patent litigation matters."  As of the last data production in this case, Mr. Zavislak was coded by
2  Google as working in Google's legal department (as of 2012).  Despite many attempts over a 3-
3  week period to get confirmation of Mr. Zavislak's role at Google, Google's counsel would only
4  say that it is "not actually clear whether his work currently involves acting as Google's attorney."
5  Having received no confirmation one way or the other from Google, Class Counsel can only
6  assume that what Mr. Zavislak says publicly about his role is accurate.

7       I declare under penalty of perjury under the laws of California and the United States that
8  the foregoing is true and correct.

10       Executed on June 29, 2015 in San Francisco, California.

*/s/ Dean M. Harvey*
Dean M. Harvey