# EXHIBIT C

**From:** Harvey, Dean
**Sent:** Sunday, June 07, 2015 3:29 PM
**To:** 'Eric Veach'
**Subject:** RE: High-Tech Employee Lawsuit

Dr. Veach,

We will provide the objections, including your comments, to the Court on June 15.  This will be in connection with our motion for final approval.  We will provide complete, unedited copies of the objections to the Court.  We will also comment on the objections.

Please let me know if you have any further questions.

Best,

Dean


Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP
**From:** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ **On Behalf Of** Eric Veach
**Sent:** Wednesday, June 03, 2015 9:08 PM
**To:** Harvey, Dean
**Subject:** Re: High-Tech Employee Lawsuit

Dear Mr. Harvey,

I was wondering whether you could please explain a bit more about how the objection process works.  My understanding is that the Notice Administrator sends them to you, and that you submit them to the court.  I am curious about the following questions:

 - Are objections forwarded to the court immediately, or is there typically a delay?
 - Does Class Counsel submit comments or responses to the objections at the same time?
 - Does the judge usually read the objections themselves, or a summary?
 - If a summary, who is it prepared by?

Thanks for your help,

Eric Veach

On Wed, May 27, 2015 at 11:53 AM, Eric Veach <▬▬▬▬▬▬▬▬▬▬▬▬▬> wrote:
Great, thanks.

Eric

On Wed, May 27, 2015 at 11:04 AM, Harvey, Dean <dharvey@lchb.com> wrote:

Dr. Veach,

Yes, that's right.  Please email to info@hightechemployeelawsuit.com.

Best,

Dean

Dean M. Harvey

Lieff, Cabraser, Heimann & Bernstein, LLP

**From:** ████████████████████████████████████ **On Behalf Of** Eric Veach
**Sent:** Wednesday, May 27, 2015 10:27 AM

**To:** Harvey, Dean
**Subject:** Re: High-Tech Employee Lawsuit

Dear Mr. Harvey,

Could you please send instructions for how I should submit my additional comments, as you suggested?

I would assume they should just go to info@hightechemployeelawsuit.com, as they did before.

Thank you,

Eric


On Tue, May 26, 2015 at 6:56 AM, Eric Veach <████████████████> wrote:

Dear Mr. Harvey,

Yes, I would like to submit additional comments to the court based on the documents you forwarded.

Thank you,

Eric Veach

On Fri, May 22, 2015 at 12:27 PM, Harvey, Dean <dharvey@lchb.com> wrote:

Dear Dr. Veach,

Thank you for your comments and for your close attention to this case. We appreciate it.

I wanted to discuss two issues raised by your May 20 letter.

First, regarding the comparison to the prior settlements with Intuit, Pixar, and Lucasfilm, the percentage attorney fee requested here is lower than that requested in the prior settlements. The prior settlements totaled $20 million, and class counsel asked for and received the federal court "benchmark" fee percentage of 25% of the settlement fund, or $5 million, for cases in this federal circuit. Here, class counsel is asking for approximately 19.5% ($81,125,000) of the proposed settlement fund, which is less than the federal "benchmark" fee percentage. As you will note, this represents the same 25% benchmark percentage from a settlement of $324.5 million, meaning that we have done exactly as you propose, which is to not seek credit for the additional money we secured above the $324.5 million proposed in the prior rejected settlement.

In addition, it seems that you may be including the separate request by counsel for Michael Devine to receive $4,523,500 as part of the class counsel request. (Your letter states that we are seeking $85,648,500; the class counsel request is actually $81,125,000, as indicated above.) While the total for all counsel (if paid) would be $85,648,500, the Devine counsel request is a separate request for the work done solely by counsel for Mr. Devine and is not part of the class counsel request to be compensated for work on behalf of the class.

Second, I wanted to be sure that you received the papers class counsel filed regarding our requests for fees, costs, and class representative service payments, and that these papers do not change or modify your objection. If your objection has changed, or you wish to supplement it based on these papers, please let me know and we can discuss how to proceed. If your objection has not changed, we want to be sure that the Court is not left with the impression that you will be commenting more on the papers you received. We would thus ask your permission for us to inform the Court of the following: "Subsequent to this letter, Dr. Eric Veach received class counsel's motions for attorneys' fees and supporting documentation, and has authorized us to inform the court that he will not be commenting further based on those submissions. They do not alter his objections as stated in his May 20, 2015 letter."

I would welcome a conversation with you about these or other issues. I know that you are not inclined to modify your position, and my invitation to speak is not intended to try to convince you otherwise. I respect your position. I just want to be sure to answer any questions you might have about the process or the reasons why the fee requests were made the way they were in light of the law and background here. If you find yourself in San Francisco, I would also be happy to meet in person. I have spoken to many members of the class, and I value the chance to communicate directly and discuss concerns, issues, or questions, even when class members have a different perspective or goals. It has been a privilege representing you and other class members in this case.

Best,

Dean

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP

**From:** █████████████████████████████████ **On Behalf Of** Eric Veach
**Sent:** Friday, May 22, 2015 9:21 AM
**To:** Harvey, Dean
**Subject:** Re: High-Tech Employee Lawsuit

Mr. Dean,

It should be clear that the main purpose of my letter is to increase relief for the class by reducing attorneys' fees.  I would rather not speak with you on this matter, as I do not see how it can help with my objective.

Thank for making the documents available at this late date, but my objection stands.

Best regards,

Eric Veach

On Thu, May 21, 2015 at 6:54 PM, Harvey, Dean <dharvey@lchb.com> wrote:

Dr. Veach,

I write in response to your May 20, 2015 letter to the claims administrator.  I am an attorney with class counsel.  First, I wanted to be sure you have class counsel's fee requests and supporting materials.  I've attached the motions and declarations.  Many of the exhibits are large, and those should be available through the case website later today (www.hightechemployeelawsuit.com).  Please let me know if you do not receive them or cannot access them.  We would not oppose an extension for you to ensure that you are able to review these materials.

Second, I would very much appreciate an opportunity to speak with you.  Is there a time, perhaps tomorrow, that would work?

Best,

Dean Harvey

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Dean M. Harvey**
dharvey@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.