Joseph R. Saveri (State Bar No. 130064)
James G. Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 5:11-cv-2509<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF JOSEPH SAVERI LAW FIRM, INC.'S MOTION TO ENLARGE TIME** |

1.      I am an attorney licensed in the State of California and admitted to practice in the Northern District of California. I am the founder of Joseph Saveri Law Firm, Inc. ("JSLF"), Co-Lead Counsel for the Class Representatives and the proposed Settlement Class. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2.      Pursuant to Local Rule 6-3, I submit this Declaration in support of the Joseph Saveri Law Firm, Inc.'s Motion to Enlarge Time.

3.      On July 9, 2015, the Court ordered that JSLF and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") jointly submit a document on July 16, 2015, summarizing entry-by-entry disputes concerning time previously submitted by JSLF.

4.      On Monday, July 13, 2015, at a time convenient to LCHB, JSLF and LCHB held a meet and confer discussion concerning JSLF's time entries. The meeting lasted approximately from 1:30pm until 7:00pm. At that meeting, LCHB raised a number of criticisms regarding JSLF's time. The

criticisms related to hundreds of time entries—nearly all of which had never been previously raised with JSLF.

5.      Further, at the July 13, 2015 meeting, LCHB informed JSLF that it had prepared a declaration it intended to file. LCHB offered to show me the declaration at the meeting, but stated that it would not allow JSLF to retain a copy. I stated that the meeting would be more productive if LCHB and JSLF went through the time entry-by-entry, as requested by the Court. LCHB responded by offering to show me the declaration the following day, and I accepted this offer.

6.      At approximately 11:00am, on July 14, 2015, LCHB presented to me a 28-page declaration that had twenty attachments (one of which was not provided to JSLF). I stated that the Declaration concerned matters outside the filing the Court ordered LCHB and JSLF to prepare. Later in the day, LCHB provided JSLF a draft copy of the Declaration and exhibits.

7.      Since July 13, 2015, JSLF attorneys have devoted dozens of hours reviewing materials related to its work in this case and the criticisms raised by LCHB. On the evening of July 14, 2015, in an effort to facilitate an efficient process for resolving the disputes, JSLF provided LCHB with a chart that identified the entries at issue, and included a short hand for the criticisms. The chart had a blank for objections, which LCHB was to fill in, that supported LCHB's request to exclude the time.

8.      Despite many requests, LCHB did not provide written objections until 9:49pm on Wednesday, July 15, 2015. The objections provided in writing differed from the objections provided orally. JSLF was not on notice of the issues raised in the written objections because prior to Monday LCHB had not raised these issues with JSLF.

9.      Through the exchange of information, LCHB and JSLF have been able to narrow the entries in dispute by over 100 entries. JSLF believes that further discussion between the parties could substantially narrow the entries in dispute. JSLF also needs additional time to respond to LCHB's objections, and the Declaration provided to JSLF, if LCHB files it. To date, LCHB's position has been a moving target.

10.      JSLF has requested that LCHB agree to an extension of time, but as of the morning of July 16, 2015, LCHB has not agreed.

11.     For the above reasons, JSLF requests that the Court issue an order extending the deadline to July 20, 2015. To date, no modifications (and no other requests for modifications) have been made to the July 16 deadline. Extending the deadline two business days will not have an appreciable effect on the schedule for the case. This brief extension is necessary for the parties to complete the process ordered by the Court.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Francisco, California on July 16, 2015.

Dated:  July 16, 2015

By:      /s/Joseph R. Saveri
Joseph R. Saveri