Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**RESPONSE TO CLASS MEMBER LETTER AND STATUS REPORT** |

1    Pursuant to the Court's instructions (Dkt. 1118), Co-Lead Class Counsel hereby responds
2 to Fitih M. Cinnor's October 9, 2017 letter.  In addition, Co-Lead Class Counsel provide the
3 below status report regarding the ongoing distribution of the class action settlement
4 ("Settlement") that was granted final approval on September 2, 2015 (Dkt. 1111).

**I.    RESPONSE TO DR. CINNOR'S OCTOBER 9, 2017 LETTER**

6    Dr. Cinnor wrote the court regarding the following three issues.  First, Dr. Cinnor said he
7 was included in the settlement without his express permission.  Second, Dr. Cinnor said he was
8 unaware of any payment to him from the Settlement until he received a notice from the United
9 States Internal Revenue Service ("IRS"), requesting that he pay taxes on the income.  Third, he
10 said he had been unable to receive either his share from the Settlement, or a letter from the
11 Settlement Administrator that he could use to respond to the IRS's notice and request.

12    Upon receiving notice of Dr. Cinnor's letter from the Court on October 16, 2017, Co-Lead
13 Class Counsel immediately contacted Dr. Cinnor and the Settlement Administrator, and requested
14 an audit from the Settlement Administrator regarding payments to Dr. Cinnor and all
15 communications with him. (Declaration of Dean M. Harvey, filed herewith, ¶ 2.)  Co-Lead Class
16 Counsel also consulted with the Settlement Administrator regarding the tax reporting issue raised
17 in Dr. Cinnor's letter. (*Id.*, ¶ 3.)  As explained below, Co-Lead Class Counsel have addressed Dr.
18 Cinnor's concerns, and have confirmed how the Settlement Administrator will respond to the tax
19 issue raised in Dr. Cinnor's letter.

**A.    Inclusion of Dr. Cinnor as a Class Member**

21    The members of the Settlement Class were determined on an opt-out basis.  (Settlement
22 Agreement at 12-13, Dkt. 1033-1.)  To opt-out of the Settlement, Class Members were required to
23 complete and timely submit to the Notice Administrator a request for exclusion. (*Id.*)  Dr. Cinnor
24 did not submit an opt-out request. (Declaration of Kenneth Jue, filed herewith, ¶ 2.)
25 Accordingly, he was included in the Settlement Class and the Settlement distribution.

**B.    Payments to Dr. Cinnor and Settlement Administrator Communications**

27    The Settlement Administrator reports that it first issued and mailed a Settlement check to
28 Dr. Cinnor, along with all other members of the Settlement Class, in December of 2015. (Jue

1  Decl., ¶ 3.)  The Settlement Administrator's communication logs confirm that Dr. Cinnor first
2  contacted the Settlement Administrator on July 24, 2017, requesting that the check be re-issued
3  and re-mailed.  (*Id.*, ¶ 4.)  The Settlement Administrator reports that it mailed a re-issued check to
4  Dr. Cinnor on August 11, 2017.  (*Id.*, ¶ 5.)  Dr. Cinnor contacted the Settlement Administrator to
5  follow-up on the re-issue request on August 22, 2017; September 7, 13, and 19, 2017; and
6  October 5, 2017.  (*Id.*, ¶ 6.)  In addition, the Settlement Administrator's logs show that the
7  Settlement Administrator left voicemails with Dr. Cinnor on September 18 and 29, 2017; and
8  October 16, 2017.  (*Id.*, ¶ 7.)  After Dr. Cinnor reported that he had not received the August 11,
9  2017 check, the Settlement Administrator voided that check and issued a third check on October
10 13, 2017.  (*Id.*, ¶ 8.)

11  Co-Lead Class Counsel first became aware of Dr. Cinnor's concerns by reading the
12 October 16, 2017 ECF filing of Dr. Cinnor's letter (Dkt. 1118).  (Harvey Decl., ¶ 4.)  That day,
13 Co-Lead Class Counsel left a voicemail with Dr. Cinnor and emailed him.  (*Id.*)  Co-Lead Class
14 Counsel confirmed that the Settlement Administrator mailed the third check to Dr. Cinnor's
15 correct address, and followed-up with Dr. Cinnor to confirm receipt.  (*Id.*, ¶ 5.)  When Dr. Cinnor
16 did not receive the third check, the Settlement Administrator voided that check and issued a
17 fourth check, which was mailed via next day Fed-Ex on October 24, 2017.  (Jue Decl., ¶ 9.)  That
18 day, Co-Lead Class Counsel provided Dr. Cinnor with a tracking number.  (Harvey Decl., ¶ 6.)
19 Dr. Cinnor confirmed receipt of the check on October 25, 2017, and the Settlement Administrator
20 confirmed that it was cashed.  (*Id.*, ¶ 7; Jue Decl., ¶ 10.)

21     **C.**    **Settlement Administrator's Responses To Class Member Inquiries Regarding Tax Questions**

23 The tax issue raised by Dr. Cinnor's letter involves the obligations of the Settlement
24 Administrator to file relevant tax returns in connection with Settlement payments to Class
25 Members.  (*See* Settlement Agreement at 16-24; Dkt. 1033-1.)  The Settlement Administrator
26 does not act as a tax advisor to Class Members, and is not responsible for the Class Members'
27 personal tax obligations.  (*Id.* at 24; "Each Class Member will be solely responsible for his/her tax
28 obligations.")

To date, the Settlement Administrator has received 9 requests from Class Members, including Dr. Cinnor, to amend reports provided to taxing authorities on account of settlement checks being issued and not cashed. (Jue Decl., ¶ 11.) The Settlement Administrator has explained to Class Counsel that the Settlement Administrator believes that it is legally obligated to report to taxing authorities in the calendar year that W-2 and/or 1099 payments are made. As a result, it has determined that it should not amend these reports to show a different year because the reports correctly indicate the year during which the payment was first made to Class Members. (*Id.*) However, the Settlement Administrator acknowledges that Class Members have asked for information and documentation to aid them in their communications with taxing authorities, and that certain Class Members wish to pursue relief from taxing authorities on the basis that they did not receive or cash their checks until a later time. (*Id.*, ¶ 12.) Accordingly, on November 3, 2017, the Settlement Administrator provided letters to each of these Class Members that confirm: (1) the original check was not cashed; (2) the date when the original check was voided; and (3) the dates and amounts of the original and all reissued checks. (*Id.*, ¶ 13.)

## II. STATUS REPORT REGARDING SETTLEMENT DISTRIBUTION

Co-Lead Class Counsel would like to use this opportunity to apprise the Court of the status of the Settlement distribution, and likely next steps.

### A. Class Member Settlement Participation

To date, 92% of Settlement Class Members have cashed their Settlement checks, representing 95% of the total distribution value. (Jue Decl., ¶ 14.) The Settlement Administrator has responded to 5,972 telephone calls and 10,136 emails from Class Members. (Jue Decl., ¶ 15.) Co-Lead Class Counsel have responded to hundreds of additional telephone calls, emails, and letters from Class Members who contacted Co-Lead Class Counsel directly. (Harvey Decl., ¶ 8.)

### B. Settlement Administration Next Steps

Since Class Member Settlement payments were first made in 2015, the Settlement Administrator has continually provided re-issued checks upon request. (Jue Decl., ¶ 16.) This process cannot continue indefinitely, in part because each of the 50 States require that unclaimed wages escheat to each of the relevant States after a certain amount of time, to be held for the

1  benefit of Class Members.  (*Id.*)

2       After further investigation and consultation, Co-Lead Class Counsel expect they will
3  request an order from the Court directing the Settlement Administrator to finalize the settlement
4  administration and tender unclaimed Settlement payments to the relevant States, where they
5  would continue to be available to Class Members.  Co-Lead Class Counsel are consulting with
6  the Settlement Administrator on this process and will prepare appropriate papers for the Court's
7  consideration promptly thereafter.

                                  Respectfully submitted,

Dated:  November 6, 2017          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                  By:  */s/    Dean M. Harvey*
                                       Dean M. Harvey

                                  Richard M. Heimann (State Bar No. 63607)
                                  Kelly M. Dermody (State Bar No. 171716)
                                  Brendan P. Glackin (State Bar No. 199643)
                                  Dean M. Harvey (State Bar No. 250298)
                                  Anne B. Shaver (State Bar No. 255928)
                                  275 Battery Street, 29th Floor
                                  San Francisco, CA  94111-3339
                                  Telephone:  (415) 956-1000
                                  Facsimile:  (415) 956-1008


                                  JOSEPH SAVERI LAW FIRM, INC.

                                  Joseph R. Saveri (State Bar No. 130064)
                                  James Dallal (State Bar No. 277826)
                                  JOSEPH SAVERI LAW FIRM, INC
                                  505 Montgomery Street, Suite 625
                                  San Francisco, CA 94111
                                  Telephone: 415. 500.6800
                                  Facsimile: 415. 395.9940

                                  *Co-Lead Class Counsel*