Richard M. Heimann (State Bar No. 63607)
Kelly M. Dermody (State Bar No. 171716)
Brendan P. Glackin (State Bar No. 199643)
Dean M. Harvey (State Bar No. 250298)
Anne B. Shaver (State Bar No. 255928)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joseph R. Saveri (State Bar No. 130064)
James Dallal (State Bar No. 277826)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery, Suite 625
San Francisco, CA 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HIGH-TECH EMPLOYEE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master Docket No. 11-CV-2509-LHK<br><br>**DECLARATION OF KENNETH JUE** |

I, Kenneth Jue, declare:

1. I am employed as a project manager by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi serves as the Court-appointed Settlement Administrator regarding the settlement with Defendants Adobe Systems Incorporated, Apple Inc., Google Inc., and Intel Corporation (collectively, the "Settling Defendants"), as set forth in the Settlement Agreement. As the case manager at Gilardi, I oversaw the administrative services

provided. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Gilardi has no record of an opt-out request from Fitih M. Cinnor, and he has not claimed that he submitted a timely request for exclusion.

3. Gilardi issued checks to all members of the Settlement Class in December of 2015, including to Dr. Cinnor.

4. Our communication logs confirm that Dr. Cinnor first contacted us on July 24, 2017, requesting that his check be re-issued and re-mailed.

5. We mailed a re-issued check to Dr. Cinnor on August 11, 2017.

6. Dr. Cinnor contacted us to follow-up on the re-issue request on August 22, 2017; September 7, 13, and 19, 2017; and October 5, 2017.

7. We also left voicemails with Dr. Cinnor on September 18 and 29, 2017; and October 16, 2017.

8. After Dr. Cinnor reported that he had not received the August 11, 2017 check, we voided that check and issued a third check on October 13, 2017.

9. When Dr. Cinnor did not receive the third check, we voided that check and issued a fourth check, which was mailed via next day Fed-Ex on October 24, 2017.

10. I have confirmed that the fourth check has been cashed.

11. To date, we have received 9 requests from Class Members, including Dr. Cinnor, to amend reports provided to taxing authorities on account of settlement checks being issued and not cashed. We have concluded that we are legally obligated to report to taxing authorities in the calendar year that W-2 and/or 1099 payments are made. As a result, we have determined that we should not amend these reports to show a different year because the reports correctly indicate the year during which the payment was first made to Class Members.

12. However, we acknowledge that Class Members have asked for information and documentation to aid them in their communications with taxing authorities, and that certain Class Members wish to pursue relief from taxing authorities on the basis that they did not receive or cash their checks until a later time.

13. Accordingly, on November 3, 2017, we provided letters to each of these Class Members that confirm: (1) the original check was not cashed; (2) the date when the original check was voided; and (3) the dates and amounts of the original and all reissued checks.

14. To date, 92% of Settlement Class Members have cashed their Settlement checks, representing 95% of the total distribution value.

15. We have responded to 5,972 telephone calls and 10,136 emails from Class Members.

16. Since Class Member Settlement payments were first made in 2015, we have continually provided re-issued checks upon request. This process cannot continue indefinitely, in part because each of the 50 States require that unclaimed wages escheat to each of the relevant States after a certain amount of time, to be held for the benefit of Class Members.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 3rd day of November, 2017, at San Rafael, California.

                                            */s/ Kenneth Jue*
                                            Kenneth Jue